

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| In Re: AUTOMOTIVE WIRE HARNESS SYSTEMS ANTITRUST LITIGATION | |
| This Document Relates to: | MDL No. 2311 |
| **All Automobile Dealer Actions** | |
| *Hammett Motor Co., Inc. v. Delphi Automotive LLP, et al.*, No. 12-10688; | Judge Marianne O. Battani<br>Magistrate Mona K. Majzoub |
| *Landers Auto Group No. 1, Inc. d/b/a Landers Toyota v. Delphi Automotive LLP, et al.*, No. 12-10676; | |
| *Superstore Automotive, Inc. v. Delphi Automotive LLP, et al.*, No. 12-10687; | |
| *Martens Cars of Washington, Inc. v. Furukawa Electric Co., et al.*, 12-10681 | |

**[PROPOSED] ORDER GRANTING MOTION TO CONSOLIDATE CASES PURSUANT TO RULE 42(a), FOR LEAVE TO FILE AUTOMOBILE DEALERS CONSOLIDATED CLASS COMPLAINT AND TO APPOINT INTERIM CLASS COUNSEL**

**WHEREAS,** on February 7, 2012, the Judicial Panel on Multidistrict Litigation ("JPML") transferred a related civil action to the United States District Court for the Eastern District of Michigan for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. §1407.[1]

---

[1] *Lucha Bott, et al. v. Delphi Automotive LLP, et al.*, Case No. 3:11-04949 (N.D. Cal.)(Filed October 6, 2011)

1

**WHEREAS**, on February 9, 2012 the JPML issued its first Conditional Transfer Order in this Multidistrict Litigation ("MDL") and transferred the following sixteen actions to this Court:

| | | |
|---|---|---|
| ALS | 11-00696 | Sirmon, et al. v. Delphi Automotive LLP, et al. |
| ARE | 11-00757 | Landers Auto Group No. 1, Inc. v. Delphi Automotive LLP, et al. |
| CAN | 11-05057 | Nicoud v. Furukawa Electric Company LTD, et al. |
| CAN | 11-05477 | Budner, et al. v. Delphi Automotive LLP, et al. |
| CAN | 12-00258 | Maravilla, et al. v. Delphi Automotive LLP, et al. |
| CAN | 11-05301 | Kelly, et al. v. Delphi Automotive LLP, et al. |
| DC | 11-01892 | Martens Cars of Washington, Inc. v. Furukawa Electric Co., et al. |
| LAE | 11-03177 | Muscara v. Delphi Automotive, LLP, et al. |
| LAE | 12-00003 | Brock, et al. v. Delphi Automotive, LLP, et al. |
| LAE | 12-00048 | Keifer v. Delphi Automotive, LLP, et al. |
| LAE | 12-00062 | Byrne, et al. v. Delphi Automotive, LLP, et al. |
| LAE | 12-00171 | Josefsberg v. Delphi Automotive, LLP, et al. |
| MN | 11-03092 | Superstore Automotive, Inc. v. Delphi Automotive, LLP, et al. |
| MSS | 11-00647 | Hammett Motor Company, Inc. v. Delphi Automotive LLP, et al. |
| PR | 11-02176 | Crespo v. Delphi Automotive LLP, et al. |
| WVS | 12-00079 | Nickell v. Delphi Automotive LLP, et al.; |

**WHEREAS**, four of these transferred actions are brought by, and on behalf of, automobile dealers as opposed to individual end-payors. These actions are:

| | | |
|---|---|---|
| ARE | 11-00757 | Landers Auto Group Number 1 v. Delphi Automotive LLP, et al. |
| DDC | 11-01892 | Martens Cars of Washington, Inc. v. Furukawa Electric Co., et al. |
| MN | 11-03092 | Superstore Automotive, Inc. v. Delphi Automotive LLP, et al. |
| MSS | 11-00647 | Hammett Motor Company, Inc. v. Delphi Automotive LLP, et al. |

**WHEREAS**, on February 17, 2012, this Court issued an Order Setting Initial Status Conference which set a deadline of March 8, 2012 for Counsel to apply for lead counsel;

**WHEREAS**, on February 27, 2012, Plaintiffs in the above-listed automobile dealer cases filed a *Motion to Consolidated Cases Pursuant to Rule 42(a), For Leave to File Automobile Dealers Consolidated Class Complaint Instanter and To Appoint Interim Class Counsel*. This Automobile Dealers Consolidated Class Complaint combined the claims of these automobile

2

dealer plaintiffs into a single pleading and included original actions by five additional automobile dealer plaintiffs that have not previously filed an action: Westfield Dodge City, Inc., Lee Pontiac-Oldsmobile-GMC Truck, Inc., Landers McClarty Fayetteville TN, LLC, V.I.P. Motors Cars, Ltd., and Desert European Motorcars, Ltd.

**WHEREAS**, the allegations and claims brought by the automobile dealer plaintiffs: (1) Hammett Motor Co., (2) Landers Auto Group No. 1, Inc., (3) Superstore Automotive, Inc., (4) Martens Cars of Washington, Inc., (5) Westfield Dodge City, Inc., (6) Lee Pontiac-Oldsmobile-GMC Truck, Inc., (7) Landers McClarty Fayetteville TN, LLC, (8) V.I.P. Motors Cars, Ltd., and (9) Desert European Motorcars, Ltd. are brought individually and on behalf of classes of all other similarly situated automobile dealers against Defendants for damages resulting from Defendants' unlawful anticompetitive actions in the market for Automobile Wire Harness Systems and related products;

**WHEREAS**, in order to promote judicial economy, avoid duplication, and prevent a conflict of interest between the classes of indirect purchasers, Plaintiffs in the automobile dealer actions have moved (i) to consolidate the cases under F.R.C.P. Rule 42(a), (ii) for leave to file the proposed Automobile Dealers Consolidated Class Complaint *instanter*, and (iii) for appointment of lead counsel for the proposed class of automobile dealer plaintiffs pursuant to Fed. R. Civ. P. 23(g)(3);

ACCORDINGLY, IT IS HEREBY ORDERED THAT:

1. This Order shall apply to the actions listed above and each related case brought by automobile dealer indirect purchasers that is subsequently filed in or transferred

to this Court ("Automobile Dealer Actions") unless a party objects within fourteen (14) days of notice of this Order.

2. The terms of this Order shall not have the effect of making any person, firm, or corporation a party to any action in which they have not been named, served, or added as such in accordance with the Federal Rules of Civil Procedure.

3. The actions listed above are subject to this Order and are coordinated for pretrial purposes.

4. Lead Automobile Dealer Action is:

   a. *Martens Cars of Washington, Inc. v. Furukawa Electric Co., et al.*, Case No. 12-10682, shall be designated the Lead Automobile Dealer Action. A master file and docket will be established for all of the Automobile Dealer Actions and a docket sheet shall be maintained for that file which shall include all filings subsequently coordinated with the Lead Automobile Dealer Action.

   b. The Clerk shall make the initial determination to consolidate new and transferred Automobile Dealer Actions with the Lead Automobile Dealer Action, subject to *sua sponte* review by the Court or timely objections by parties to any newly filed or transferred case.

5. The Automobile Dealers Consolidated Class Complaint shall be deemed filed as of the date of this Order.

6. Every pleading filed in the Lead Automobile Dealer Action shall bear the following caption:

4

| | |
|---|---|
| In Re: AUTOMOTIVE WIRE HARNESS SYSTEMS ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>All Automobile Dealer Actions | MDL No. 2311<br><br>Master File No.: _____ |

7. When a pleading or other court paper filed is intended to apply to all Automobile Dealer Actions, the words "All Automobile Dealer Actions" shall appear immediately after the words "THIS DOCUMENT RELATES TO:" in the caption set out above. When a pleading or other court paper is intended to apply only to one, or some, but not all, of such actions, the party filing the document shall indicate the actions(s) to which the document is intended to be applicable.

8. The docket sheet entry will reflect the fact that any particular filing relates to one or more, but less than all, of the plaintiffs. It is the obligation of counsel for the party undertaking such a filing to insure that any orders entered pursuant to such a filing reflect this limitation.

9. Subsequently filed or transferred actions that assert claims on behalf of automobile dealer indirect purchasers of Automotive Wire Harness Systems and related products shall be consolidated with the Lead Automobile Dealer Action. When a case that relates to the subject matter of these actions is hereafter filed in this Court or transferred here from another court, the Clerk of this Court shall make an appropriate entry on the docket sheet of the Lead Automobile Dealer Action and mail a copy of this order to the attorneys for the plaintiffs and any new defendants.

5

B.    Organization of Plaintiffs' Counsel

10.    Pursuant to Fed. R. Civ. P. 23(g), the Court appoints the following as interim Co-Lead Counsel for the Automobile Dealer Actions and proposed class of dealer indirect purchasers. Co-Lead Counsel may act on behalf of the proposed class and plaintiffs in all Automobile Dealer Actions:

>Jonathan W. Cuneo, Esq.
>Cuneo Gilbert & LaDuca, LLP
>507 C Street, N.E.
>Washington, DC 20002
>
>Don Barrett, Esq.
>Barrett Law Group, P.A.
>P.O. Box 927
>404 Court Square North
>Lexington, MS 39095
>
>Shawn M. Raiter, Esq.
>Larson • King, LLP
>2800 Wells Fargo Place
>30 East Seventh Street
>St. Paul, MN 55101

11.    Co-lead Counsel shall have sole authority over the following matters on behalf of the putative class and all Automobile Dealer Actions: (a) convening meetings of counsel; (b) initiation, response, scheduling, briefing and argument of all motions; (c) the scope, order and conduct of all discovery proceedings; (d) such work assignments to other counsel as they may deem appropriate; (e) the retention of experts; (f) designation of which attorneys may appear at hearings and conferences with the Court; (g) the timing and substance of any settlement negotiations with Defendants; (h) other matters concerning the prosecution of or resolution of their respective cases.

12. Only Co-Lead Counsel may initiate or file any motions in Automobile Dealer Actions.

13. Co-Lead Counsel have sole authority to communicate with Defendants' counsel and the Court on behalf of all Automobile Dealer Actions. Defendants' counsel may rely on all agreements made with Co-Lead Counsel and such agreements shall be binding on all counsel in the Automobile Dealer Actions.

14. Co-Lead Counsel shall reasonably coordinate activities in the Automobile Dealer Actions to the extent appropriate and practicable. That coordination shall include avoiding duplication and inefficiency in the filing, serving, and/or implementation of pleadings, other court papers, discovery papers, and discovery. Nothing in this Order shall be construed to place limitations on the number of interrogatories any Plaintiff may serve upon any other party beyond those imposed under the Federal Rules of Civil Procedure. Plaintiffs shall make reasonable efforts to avoid duplicative interrogatories and requests for production.

15. Co-Lead Counsel shall coordinate when scheduling depositions so as to avoid, to the extent practicable, subjecting the same witness to more than one deposition. Nothing in this order should be construed to place limitations on the ability of a party to examine a witness at a deposition beyond those imposed by Federal Rules of Civil Procedure. The parties shall avoid duplicative questioning.

16. Co-Lead Counsel shall coordinate with counsel for the indirect purchaser consumer cases and direct purchaser cases.

17. There shall also be a five person Executive Committee made up of Co-lead Counsel plus the following counsel:

>Thomas P. Thrash, Esq.
>Thrash Law Firm, P.A.
>1101 Garland Street
>Little Rock, AR 72201
>
>Dewitt Lovelace, Esq.
>Lovelace Law Firm, P.A.
>Suite 200
>12870 US Hwy 98 West
>Miramar Beach, FL 32550

18. Co-Lead Counsel shall formulate the duties and designate responsibilities of the Executive Committee. The purpose of the Executive Committee is to provide support, counsel, and assistance to Co-Lead Counsel throughout this litigation.

19. The Court also hereby appoints the following as Liaison Counsel:

>Gerard V. Mantese, Esq.
>Mantese Honigman Rossman and Williamson, P.C.
>1361 E. Big Beaver Road
>Troy, Michigan 48083

20. Liaison Counsel shall have the administrative duty of receiving and sending pleadings and communications with the Court and with Defendants and disseminating the same among class counsel.

21. All counsel in the Automobile Dealer Actions shall avoid duplication and inefficiency. All parties retain the right to object to duplicative discovery.

22. Notwithstanding the foregoing, each party in the Automobile Dealer Actions reserves its right to (a) obtain the information to which it is entitled in its respective action by means of the Federal Rules of Civil Procedure; and (b) pursue the relief requested, or its

defenses, in its respective action with diligence and dispatch even if the progress of one or more other indirect purchaser actions, including a class action, is delayed for reasons specific to those actions.

23. All discovery obtained by any Plaintiff in any of the Automobile Dealer Actions, indirect purchaser consumer actions, and direct purchaser actions may be shared by that Plaintiff with any other Plaintiff in the Automobile Dealer Actions, the indirect purchaser consumer actions, and the direct purchaser actions. All discovery obtained by Defendants shall be deemed discovered in each of the Automobile Dealer Actions, the indirect purchaser consumer actions, and the direct purchaser actions.

24. All plaintiffs' counsel in the Automobile Dealer Actions must keep contemporaneous time records and periodically submit records and expenses to Co-Lead Counsel or their designee.

**IT IS SO ORDERED.**

Dated: _____

_____
Honorable Marianne O. Battani