# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| IN RE AUTOMOTIVE WIRE HARNESS SYSTEMS ANTITRUST LITIGATION | CASE NO. 12-MD-02311<br><br>HON. MARIANNE O. BATTANI |

**[PROPOSED] ORDER GRANTING END-PAYOR PLAINTIFFS' APPLICATION FOR APPOINTMENT OF INTERIM CO-LEAD CLASS COUNSEL AND LIAISON COUNSEL**

THIS CAUSE came before the Court on End-Payor Plaintiffs' Application to Appoint Interim Co-Lead Class Counsel and Liaison Counsel, filed March 8, 2012 (the "Leadership Application"). The Court, having reviewed the Leadership Application, all papers submitted in support of the Leadership Application, the arguments of counsel, and the record in this case, hereby ORDERS AND ADJUDGES as follows:

1. Pursuant to Fed. R. Civ. P. 23(g), the Court hereby appoints Labaton Sucharow LLP, Susman Godfrey LLP and Cotchett, Pitre & McCarthy LLP to serve as Interim Co-Lead Class Counsel for end-payor purchasers of wire harnesses and related products ("End-Payor Interim Class Counsel") in this antitrust class action.

2. The Court further appoints The Miller Law Firm, P.C. to serve as Interim Liaison Counsel for end-payor purchasers of wire harnesses and related products ("End-Payor Interim Liaison Counsel") in this antitrust class action.

3. End-Payor Interim Class Counsel shall have the following responsibilities:

    (a) To brief and argue motions and file opposing briefs in proceedings initiated by other parties;

    (b) To initiate and conduct discovery proceedings;

  (c)  To act as spokesperson at pretrial conferences;

  (d)  To negotiate with defense counsel with respect to settlement and other matters;

  (e)  To call meetings of plaintiffs' counsel where appropriate;

  (f)  To make all work assignments to plaintiffs' counsel to facilitate the orderly and efficient prosecution of this litigation and to avoid duplicative or unproductive effort;

  (g)  To conduct trial and post-trial proceedings;

  (h)  To consult with and employ experts;

  (i)  To coordinate the filing of a joint fee petition by plaintiffs' counsel and to allocate any fees awarded by the court among plaintiffs' counsel;

  (j)  To perform such other duties and undertake such other responsibilities as they deem necessary or desirable; and

  (k)  To coordinate and communicate with defendants' counsel with respect to matters addressed in this paragraph.

  4.  No motion, request for discovery, or other pretrial proceeding shall be initiated or filed by any end-payor plaintiff except through End-Payor Interim Class Counsel, or by leave of the Court.

  5.  No settlement negotiation shall be initiated or settlement agreement entered into on behalf of the proposed End-Payor Classes except through End-Payor Interim Class Counsel.

  6.  End-Payor Interim Class Counsel, or their designees, shall be the contact between end-payor plaintiffs' counsel and defendants' counsel as well as the spokespersons for the end-payor plaintiffs' counsel and shall direct and coordinate the activities of end-payor plaintiffs'

counsel.  End-Payor Interim Class Counsel shall also be responsible for communicating with the Court to coordinate the conduct of the litigation.  End-Payor Interim Class Counsel are designated as the contact persons for plaintiffs' counsel and as the attorneys of record for the end-payor plaintiffs with whom the Court will be dealing throughout the course of this litigation.

7. End-Payor Interim Liaison Counsel shall be responsible for facilitating and expediting communications among End-Payor Interim Class Counsel and the Court.

ORDERED this _____ day of _____, 2012.

_____
HON. MARIANNE O. BATTANI.