UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| IN RE AUTOMOTIVE WIRE HARNESS SYSTEMS ANTITRUST LITIGATION | : : : : Master File No. 2311 |
| THIS DOCUMENT RELATES TO: | : : : |
| ALL ACTIONS | : : |

**[PROPOSED] CASE MANAGEMENT ORDER NO. 1 FOR ALL**
**DIRECT PURCHASER, AUTOMOBILE DEALER AND END-PAYOR ACTIONS**

WHEREAS, the Direct Purchaser Plaintiffs have filed complaints in the 11 actions

identified in Attachment 1 hereto (the "Direct Purchaser Actions"), the Automobile Dealer

Plaintiffs have filed complaints in the 4 actions identified in Attachment 2 hereto (the

"Automobile Dealer Actions") and the End-Payor Plaintiffs have filed complaints in 36 actions

identified in Attachment 3 hereto (collectively, the "Actions") for alleged violations of the

antitrust laws involving Wire Harness Systems (the "*In re Automotive Wire Harness Systems*

*Antitrust Litigation*"), pursuant to Section 1 of the Sherman Act, 15 U.S.C. § 1; and

WHEREAS, in order to promote judicial economy and avoid duplication, the Court finds

that it would be appropriate to provide procedures for coordination of the Actions.

NOW, THEREFORE, THE COURT ORDERS as follows:

**A.**     **COORDINATION OF  RELATED DIRECT PURCHASER, AUTOMOBILE**
         **DEALER AND END-PAYOR ACTIONS**

1.     The Direct Purchaser, Automobile Dealer and End-Payor Actions currently

pending before this Court shall be coordinated for pretrial purposes, and the Court has entered

orders appointing interim lead and liaison counsel for each of the Direct Purchaser, Automobile

Dealer, and End Payor Plaintiff groups.

2.      This Case Management Order No. 1 for All Direct Purchaser, Automobile Dealer

and End-Payor Actions (the "Order") shall apply as specified to each case that relates to the *In re*

*Automotive Wire Harness Systems Antitrust Litigation* that is subsequently filed in this Court or

transferred to this Court and is consolidated with the Actions.

3.      A master file and docket (the "Master File" and "Master Docket," respectively) is

hereby established for this proceeding under Master File No. 2311.  All papers filed in these

Actions shall bear the identification "Master File No. 2311," and shall bear a caption conforming

to the specifications provided below in Paragraphs 6 and 7.

4.      An original of this Order shall be filed by the Clerk in the Master File and in the

files for each of the Actions and every Direct Purchaser, Automobile Dealer or End-Payor action

subsequently consolidated herein.

5.      The Clerk shall serve a copy of this Order on all counsel of record in any related

*In re Automotive Wire Harness Systems Antitrust Litigation* action.

6.      Every pleading filed in connection with an *In re Automotive Wire Harness*

*Systems Antitrust Litigation* action shall bear the following caption:

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| _____ | : | |
| IN RE AUTOMOTIVE WIRE HARNESS | : | |
| SYSTEMS ANTITRUST LITIGATION | : | Master File No. 2311 |
| _____ | : | |
| | : | |
| THIS DOCUMENT RELATES TO: | : | |
| | : | |
| | : | |
| _____ | : | |

7.      When a pleading or other filing is intended to be applicable to all coordinated

actions, the words "All Actions" shall appear immediately after or below the words "THIS

2

DOCUMENT RELATES TO:" in the caption set forth above.  When a pleading or other filing is intended to be applicable to all consolidated Direct Purchaser actions, the words "All Direct Purchaser Actions" shall appear immediately after or below the words "THIS DOCUMENT RELATES TO:" in the caption set forth above.  When a pleading or other filing is intended to be applicable to all consolidated Automobile Dealer actions, the words "All Automobile Dealer Actions" shall appear immediately after or below the words "THIS DOCUMENT RELATES TO:" in the caption set forth above  When a pleading or other filing is intended to be applicable to all consolidated End-Payor  actions, the words "All End-Payor Actions" shall appear immediately after or below the words "THIS DOCUMENT RELATES TO:" in the caption set forth above.  When a pleading or other filing is intended to be applicable to less than All Actions, All Direct Purchaser Actions, All Automobile Dealer Actions or All End-Payor Actions, the separate caption and docket number for each individual action to which the pleading is intended to be applicable shall appear immediately after or below the words "THIS DOCUMENT RELATES TO:" in the caption described above.

8.      When a pleading is filed and the caption, pursuant to the foregoing, shows that it is applicable to All Actions, All Direct Purchaser Actions, All Automobile Dealer Actions or All End-Payor Actions, the Clerk shall file such pleading in the Master File and note such filing in the Master Docket.  No further copies need be filed or docket entries made.

9.      When a pleading is filed and the caption, pursuant to the foregoing, shows that it is applicable to fewer than All Actions, All Direct Purchaser Actions, All Automobile Dealer Actions or All End-Payor Actions, the Clerk need file such pleadings only in the Master File but nonetheless shall note the filing in both the Master Docket and the individual docket of each such action.

10.     This Court requests the assistance of counsel in calling to the attention of the

Clerk of this Court the filing or transfer of any case that might properly be consolidated as part of

*In re Automotive Wire Harness Systems Antitrust Litigation,* Master File No. 2311.

11.     When a case that arises out of or relates to the same subject matter of the *In re*

*Automotive Wire Harness Systems Antitrust Litigation* is hereinafter filed in this Court or

transferred from another court, the Clerk of this Court shall:

     a.  place a copy of this Order in the separate file for such action;

     b.  mail, telecopy or send via electronic mail a copy of this Order to the attorneys for

        the plaintiff(s) in the newly-filed or transferred case and to any new defendant(s)

        in the newly-filed or transferred case; and

     c.  make the appropriate entry in the Master Docket.

12.     Each action that arises out of or relates to the same subject matter of the *In re*

*Automotive Wire Harness Systems Antitrust Litigation* that has been or is subsequently filed in or

transferred to this Court, shall be consolidated with the Actions and this Order shall apply

thereto, unless a party objects to consolidation or any provision of this Order.  Any objection to

this Order shall be made within ten (10) days after the date upon which a copy of this Order is

served on counsel for any party, by filing an application for relief with the Court.  Nothing in the

foregoing shall be construed as a waiver of any defendant's right to object to consolidation of

any previously filed or transferred related action.

13.     Filing of documents via the Court's ECF system shall be deemed to satisfy the

service requirement as to all parties whose counsel receive ECF notices electronically.  All

attorneys of record must register for ECF and must file an appearance through the ECF system.

No service is required on any party not registered for ECF.  Service of any document that is not

electronically filed via ECF shall be made on plaintiffs by serving a copy of the paper by

overnight mail service, electronic mail, telecopy or hand delivery on Direct Purchaser Interim

Lead Counsel, Automobile Dealer Interim Lead Counsel, End-Payor Interim Lead Counsel, or

all of them, as appropriate. If service of documents is to be made on a defendant, such service

can be made via serving a copy of the paper by overnight mail service, electronic mail, telecopy

or hand delivery on counsel for the defendant.

14.     The terms of this Order shall not have the effect of making any person, firm or

corporation a party to any action in which he, she or it has not been named and properly served

in accordance with the Federal Rules of Civil Procedure. The terms of this Order and the

coordination ordered herein shall not constitute a waiver by any party of any claims in or

defenses to any of the actions.

**B.     PRELIMINARY SCHEDULE OF PROCEEDINGS**

*PLAINTIFFS' PROPOSAL*

15.     The Direct Purchaser Plaintiffs:

      a.     Shall file a Consolidated Amended Complaint within forty-five (45) days

after the Court's entry of this Case Management Order No. 1.

      b.     Shall serve the Consolidated Amended Complaint in accordance with

Paragraph 13 on all Defendants who have previously been served with a

summons and complaint or who have previously waived service thereof

and shall serve the Consolidated Amended Complaint on any Defendant

who has not been served pursuant to Fed. R. Civ. P. 4(e), (f), or (h) (as

applicable) within sixty (60) days thereafter.

      c.     Any Defendant that has been served with the Consolidated Amended

Complaint in accordance with subparagraph (b) shall answer, move or

otherwise plead in response to the Consolidated Amended Complaint sixty (60) days after such service.

d.   The Direct Purchaser Plaintiffs shall respond, if so required, to such motion(s) or pleading(s) within sixty (60) days of the date of service.

e.   Defendants may respond to any opposition memorandum filed by the Direct Purchaser Plaintiffs within forty-five (45) days of the date of service.

16.   The Automobile Dealer Plaintiffs:

a.   Have already requested leave to file a Consolidated Amended Complaint, and it shall be deemed filed and served as of the date of the entry of this Case Management Order No. 1.

b.   Shall serve the Consolidated Amended Complaint on all Defendants who have not previously been served pursuant to Fed. R. Civ. P. 4(e), (f), or (h) (as applicable) within sixty (60) days after entry of this Case Management Order No. 1.

c.   Any Defendant that has been served with the Consolidated Amended Complaint in accordance with subparagraph (b) shall answer, move or otherwise plead in response to the Consolidated Amended Complaint sixty (60) days after such service.

d.   Automobile Dealer Plaintiffs shall respond, if so required, to such motion(s) or pleading(s) within sixty (60) days of the date of service.

e.   Defendants may respond to any opposition memorandum filed by the Automobile Dealer Plaintiffs within forty-five (45) days of the date of service.

17.    The End-Payor Plaintiffs:

    a.    Shall file a Consolidated Amended Complaint within forty-five (45) days after the Court's entry of this Case Management Order No. 1.

    b.    Shall serve the Consolidated Amended Complaint in accordance with Paragraph 13 on all Defendants who have previously been served with a summons and complaint or who have previously waived service thereof and shall serve the Consolidated Amended Complaint on any Defendant who has not been served pursuant to Fed. R. Civ. P. 4(e), (f), or (h) (as applicable) within sixty (60) days thereafter.

    c.    Any Defendant that has been served with the Consolidated Amended Complaint in accordance with subparagraph (b) shall answer, move or otherwise plead in response to the Consolidated Amended Complaint sixty (60) days after such service.

    d.    The End-Payor Plaintiffs shall respond, if so required, to such motion(s) or pleading(s) within sixty (60) days of the date of service.

    e.    Defendants may respond to any opposition memorandum filed by the End-Payor Plaintiffs within forty-five (45) days of the date of service.

## DEFENDANTS' PROPOSAL

15.    The Direct Purchaser Plaintiffs:

    a.    Shall file a Consolidated Amended Complaint forty-five (45) days after the Court's entry of this Case Management Order No. 1.

    b.    Shall serve all Defendants pursuant to Fed. R. Civ. P. 4(e), (f), or (h) (as applicable) with the Consolidated Amended Complaint within sixty (60) days thereafter.

c.     Any Defendant that has been served with the Consolidated Amended Complaint in accordance with subparagraph (b) shall answer, move or otherwise plead in response to the Consolidated Amended Complaint sixty (60) days after expiration of the service period set forth in subparagraph (b).

d.     The Direct Purchaser Plaintiffs shall respond, if so required, to such motion(s) or pleading(s) within sixty (60) days of the date of service.

e.     Defendants may respond to any opposition memorandum filed by the Direct Purchaser Plaintiffs within forty-five (45) days of the date of service.

16.     The Automobile Dealer Plaintiffs:

a.     Have already requested leave to file a Consolidated Amended Complaint, and it shall be deemed filed forty-five (45) days after the Court's entry of this Case Management Order No. 1.

b.     Shall serve all Defendants pursuant to Fed. R. Civ. P. 4(e), (f), or (h) (as applicable) with the Consolidated Amended Complaint within sixty (60) days thereafter.

c.     Any Defendant that has been served with the Consolidated Amended Complaint in accordance with subparagraph (b) shall answer, move or otherwise plead in response to the Consolidated Amended Complaint sixty (60) days after expiration of the service period set forth in subparagraph (b).

d.     Automobile Dealer Plaintiffs shall respond, if so required, to such motion(s) or pleading(s) within sixty (60) days of the date of service.

e.    Defendants may respond to any opposition memorandum filed by the Automobile Dealer Plaintiffs within forty-five (45) days of the date of service.

17.    The End-Payor Plaintiffs:

a.    Shall file a Consolidated Amended Complaint forty-five (45) days after the Court's entry of this Case Management Order No. 1.

b.    Shall serve all Defendants pursuant to Fed. R. Civ. P. 4(e), (f), or (h) (as applicable) with the Consolidated Amended Complaint within sixty (60) days thereafter.

c.    Any Defendant that has been served with the Consolidated Amended Complaint in accordance with subparagraph (b) shall answer, move or otherwise plead in response to the Consolidated Amended Complaint sixty (60) days after expiration of the service period set forth in subparagraph (b).

d.    The End-Payor Plaintiffs shall respond, if so required, to such motion(s) or pleading(s) within sixty (60) days of the date of service.

e.    Defendants may respond to any opposition memorandum filed by the End-Payor Plaintiffs within forty-five (45) days of the date of service.

## D.    PRELIMINARY DISCOVERY SCHEDULE

18.    Direct Purchaser Interim Lead Counsel, Automobile Dealer Interim Lead Counsel, End-Payor Interim Lead Counsel and counsel for the defendants shall meet and confer and jointly submit the following to the Court sixty (60) days from the date of this Order:

a.    Discovery Plan;

b.    Proposed Protective Order;

c.    Proposed Document Preservation Order;

d.    Proposed Expert Discovery Stipulation; and

e.    Proposed Electronically Stored Information Protocol.

**E.    MISCELLANEOUS**

20.    The terms and provisions herein shall supercede the terms and provisions of the Court's order on the Motion to Consolidate Automobile Dealer Indirect Purchaser Cases except as to paragraphs 10-20 of that order, which address the organization of Plaintiffs' counsel.

19.    A Status Conference for all cases in MDL 2311 is scheduled for _____, 2012, commencing at ____ _.m. and continuing until the business at hand is completed, in the courtroom of the Honorable Marianne O. Battani, at the Theodore Levin Federal Courthouse, Room 272, 231 West Lafayette, Detroit, Michigan.

**IT IS SO ORDERED.**

Dated: _____, 2012            _____
                                            MARIANNE O. BATTANI
                                            UNITED STATES DISTRICT JUDGE