UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **In Re: AUTOMOTIVE WIRE HARNESS SYSTEMS ANTITRUST LITIGATION** _____ This Document Relates to: **All Automobile Dealer Actions** *Hammett Motor Co., Inc. v. Delphi Automotive LLP, et al.*, No. 12-10688; *Landers Auto Group No. 1, Inc. d/b/a Landers Toyota v. Delphi Automotive LLP, et al.*, No. 12-10676; *Superstore Automotive, Inc. v. Delphi Automotive LLP, et al.*, No. 12-10687; *Martens Cars of Washington, Inc. v. Furukawa Electric Co., et al.*, 12-10681 | 12-md-02311 Judge Marianne O. Battani Magistrate Mona K. Majzoub |

**ORDER APPOINTING INTERIM CO-LEAD AND LIAISON COUNSEL**

  **WHEREAS,** on February 7, 2012, the Judicial Panel on Multidistrict Litigation ("JPML") transferred a related civil action to the United States District Court for the Eastern District of Michigan for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. §1407.[1]

  **WHEREAS,** on February 9, 2012 the JPML issued its first Conditional Transfer Order in this Multidistrict Litigation ("MDL") and transferred the following sixteen actions to this Court:

---

[1] *Lucha Bott, et al. v. Delphi Automotive LLP, et al.*, Case No. 3:11-04949 (N.D. Cal.)(Filed October 6, 2011)

1

| | | |
|---|---|---|
| ALS | 11−00696 | Sirmon, et al. v. Delphi Automotive LLP, et al. |
| ARE | 11−00757 | Landers Auto Group No. 1, Inc. v. Delphi Automotive LLP, et al. |
| CAN | 11−05057 | Nicoud v. Furukawa Electric Company LTD, et al. |
| CAN | 11−05477 | Budner, et al. v. Delphi Automotive LLP, et al. |
| CAN | 12−00258 | Maravilla, et al. v. Delphi Automotive LLP, et al. |
| CAN | 11−05301 | Kelly, et al. v. Delphi Automotive LLP, et al. |
| DC | 11−01892 | Martens Cars of Washington, Inc. v. Furukawa Electric Co., et al. |
| LAE | 11−03177 | Muscara v. Delphi Automotive, LLP, et al. |
| LAE | 12−00003 | Brock, et al. v. Delphi Automotive, LLP, et al. |
| LAE | 12−00048 | Keifer v. Delphi Automotive, LLP, et al. |
| LAE | 12−00062 | Byrne, et al. v. Delphi Automotive, LLP, et al. |
| LAE | 12−00171 | Josefsberg v. Delphi Automotive, LLP, et al. |
| MN | 11−03092 | Superstore Automotive, Inc. v. Delphi Automotive, LLP, et al. |
| MSS | 11−00647 | Hammett Motor Company, Inc. v. Delphi Automotive LLP, et al. |
| PR | 11−02176 | Crespo v. Delphi Automotive LLP, et al. |
| WVS | 12−00079 | Nickell v. Delphi Automotive LLP, et al.; |

**WHEREAS**, four of these transferred actions are brought by, and on behalf of, automobile dealers as opposed to individual end-payors. These actions are:

| | | |
|---|---|---|
| ARE | 11−00757 | Landers Auto Group Number 1 v. Delphi Automotive LLP, et al. |
| DDC | 11−01892 | Martens Cars of Washington, Inc. v. Furukawa Electric Co., et al. |
| MN | 11−03092 | Superstore Automotive, Inc. v. Delphi Automotive LLP, et al. |
| MSS | 11−00647 | Hammett Motor Company, Inc. v. Delphi Automotive LLP, et al. |

**WHEREAS**, on February 17, 2012, this Court issued an Order Setting Initial Status Conference which set a deadline of March 8, 2012 for Counsel to apply for lead counsel;

**WHEREAS**, on February 27, 2012, Plaintiffs in the above-listed automobile dealer cases filed a *Motion to Consolidate Cases Pursuant to Rule 42(a), For Leave to File Automobile Dealers Consolidated Class Complaint Instanter and To Appoint Interim Class Counsel.*

**WHEREAS**, the allegations and claims brought by the automobile dealer plaintiffs: (1) Hammett Motor Co., (2) Landers Auto Group No. 1, Inc., (3) Superstore Automotive, Inc., (4) Martens Cars of Washington, Inc., are brought individually and on behalf of classes of all other similarly situated automobile dealers against Defendants for damages resulting

2

from Defendants' unlawful anticompetitive actions in the market for Automobile Wire Harness Systems and related products;

**WHEREAS**, in order to promote judicial economy, avoid duplication, and prevent a conflict of interest between the classes of indirect purchasers, Plaintiffs in the automobile dealer actions have moved (i) to consolidate the cases under F.R.C.P. Rule 42(a), (ii) for leave to file the proposed Automobile Dealers Consolidated Class Complaint *instanter*, and (iii) for appointment of lead counsel for the proposed class of automobile dealer plaintiffs pursuant to Fed. R. Civ. P. 23(g)(3);

**ACCORDINGLY, IT IS HEREBY ORDERED THAT:**

1. This Order shall apply to the actions listed above and each related case brought by automobile dealer indirect purchasers that is subsequently filed in or transferred to this Court ("Automobile Dealer Actions") unless a party objects within fourteen (14) days of notice of this Order.

2. The terms of this Order shall not have the effect of making any person, firm, or corporation a party to any action in which they have not been named, served, or added as such in accordance with the Federal Rules of Civil Procedure.

3. Pursuant to Fed. R. Civ. P. 23(g), the Court appoints the following as interim Co-Lead Counsel for the Automobile Dealer Actions and proposed class of dealer indirect purchasers. Co-Lead Counsel may act on behalf of the proposed class and plaintiffs in all Automobile Dealer Actions:

> Jonathan W. Cuneo, Esq.
> Cuneo Gilbert & LaDuca, LLP
> 507 C Street, N.E.
> Washington, DC 20002

>Don Barrett, Esq.
>Barrett Law Group, P.A.
>P.O. Box 927
>404 Court Square North
>Lexington, MS 39095
>
>Shawn M. Raiter, Esq.
>Larson • King, LLP
>2800 Wells Fargo Place
>30 East Seventh Street
>St. Paul, MN 55101

4. Co-lead Counsel shall have sole authority over the following matters on behalf of the putative class and all Automobile Dealer Actions: (a) convening meetings of counsel; (b) initiation, response, scheduling, briefing and argument of all motions; (c) the scope, order and conduct of all discovery proceedings; (d) such work assignments to other counsel as they may deem appropriate; (e) the retention of experts; (f) designation of which attorneys may appear at hearings and conferences with the Court; (g) the timing and substance of any settlement negotiations with Defendants; (h) other matters concerning the prosecution of or resolution of their respective cases.

5. Only Co-Lead Counsel or Liaison Counsel may initiate or file any motions in Automobile Dealer Actions.

6. No settlement negotiation shall be initiated or settlement agreement entered into on behalf of the proposed Automobile Dealer Classes except through Automobile Dealer Interim Class Counsel.

7. Co-Lead Counsel have sole authority to communicate with Defendants' counsel and the Court on behalf of all Automobile Dealer Actions. Defendants' counsel

may rely on all agreements made with Co-Lead Counsel and such agreements shall be binding on all counsel in the Automobile Dealer Actions.

8. Co-Lead Counsel shall reasonably coordinate activities in the Automobile Dealer Actions to the extent appropriate and practicable. That coordination shall include avoiding duplication and inefficiency in the filing, serving, and/or implementation of pleadings, other court papers, discovery papers, and discovery. Nothing in this Order shall be construed to place limitations on the number of interrogatories any Plaintiff may serve upon any other party beyond those imposed under the Federal Rules of Civil Procedure. Plaintiffs shall make reasonable efforts to avoid duplicative interrogatories and requests for production.

9. Co-Lead Counsel shall coordinate when scheduling depositions so as to avoid, to the extent practicable, subjecting the same witness to more than one deposition. Nothing in this order should be construed to place limitations on the ability of a party to examine a witness at a deposition beyond those imposed by Federal Rules of Civil Procedure. The parties shall avoid duplicative questioning.

10. Co-Lead Counsel shall coordinate with counsel for the indirect purchaser consumer cases and direct purchaser cases.

11. The Court also hereby appoints the following as Liaison Counsel:

> Gerard V. Mantese, Esq.
> Mantese Honigman Rossman and Williamson, P.C.
> 1361 E. Big Beaver Road
> Troy, Michigan 48083

12. Liaison Counsel shall have the administrative duty of receiving and sending pleadings and communications with the Court and with Defendants and disseminating the same among class counsel.

13. All counsel in the Automobile Dealer Actions shall avoid duplication and inefficiency. All parties retain the right to object to duplicative discovery.

14. Dealer Actions, the indirect purchaser consumer actions, and the direct purchaser actions.

15. All plaintiffs' counsel in the Automobile Dealer Actions must keep contemporaneous time records and periodically submit records and expenses to Co-Lead Counsel or their designee.

**IT IS SO ORDERED.**

Dated: <u>March 23, 2012</u>

s/Marianne O. Battani<br>Honorable Marianne O. Battani

CERTIFICATE OF SERVICE

I hereby certify that on the above date a copy of this Order was served upon all Counsel of record, via the Court's ECF Filing System.

s/Bernadette M. Thebolt<br>Case Manager