UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| IN RE AUTOMOTIVE WIRE HARNESS SYSTEMS ANTITRUST LITIGATION | Master File No. 12-md-02311 |
| THIS DOCUMENT RELATES TO: | |
| ALL ACTIONS | |

**CASE MANAGEMENT ORDER NO. 1 FOR ALL
<u>DIRECT PURCHASER, AUTOMOBILE DEALER AND END-PAYOR ACTIONS</u>**

WHEREAS, the Direct Purchaser Plaintiffs have filed complaints in the twelve (12) actions identified in Attachment 1 hereto (the "Direct Purchaser Actions"), the Automobile Dealer Plaintiffs have filed complaints in the five (5) actions identified in Attachment 2 hereto (the "Automobile Dealer Actions"), and the End-Payor Plaintiffs have filed complaints in thirty-seven (37) actions identified in Attachment 3 hereto (the "End-Payor Actions") (collectively, the "Actions") for alleged violations of antitrust and other laws involving Wire Harness Systems (the "*In re Automotive Wire Harness Systems Antitrust Litigation*"), pursuant to Section 1 of the Sherman Act, 15 U.S.C. § 1 and various state laws; and

WHEREAS, in order to promote judicial economy and avoid duplication, the Court finds that it would be appropriate to provide procedures for the consolidation and coordination of the Actions.

NOW, THEREFORE, THE COURT ORDERS as follows:

**A.    CONSOLIDATION OF RELATED DIRECT PURCHASER,
       <u>AUTOMOBILE DEALER AND END-PAYOR ACTIONS</u>**

1.    The twelve (12) Direct Purchaser Actions, and any subsequently filed Direct Purchaser action concerning Wire Harness Systems, shall be consolidated for pretrial purposes.

2. The five (5) Automobile Dealer Actions, and any subsequently filed Automobile Dealer action concerning Wire Harness Systems, shall be consolidated for pretrial purposes.

3. The thirty-seven (37) End-Payor Actions, and any subsequently filed End-Payor action concerning Wire Harness Systems, shall be consolidated for pretrial purposes.

**B.   COORDINATION OF RELATED DIRECT PURCHASER, AUTOMOBILE DEALER AND END-PAYOR ACTIONS**

4. The Direct Purchaser, Automobile Dealer and End-Payor Actions currently pending before this Court shall be coordinated for pretrial purposes, and the Court has entered orders appointing interim lead and liaison counsel for the Direct Purchaser, Automobile Dealer, and End Payor Plaintiff Actions.

5. This Case Management Order No. 1 for All Direct Purchaser, Automobile Dealer and End-Payor Actions (the "Order") shall apply as specified to each case that relates to the *In re Automotive Wire Harness Systems Antitrust Litigation* that is subsequently filed in this Court or transferred to this Court and is coordinated with the Actions.

6. A master file and docket (the "Master File" and "Master Docket," respectively) is hereby established for this proceeding under Master File No. 12-md-02311. All papers filed in these Actions shall bear the identification "Master File No. 12-md-02311," and shall bear a caption conforming to the specifications provided below in Paragraphs 9 and 10.

7. An original of this Order shall be filed by the Clerk in the Master File and in the files for each of the separate Direct Purchaser, Automobile Dealer, and End-Payor actions and every Direct Purchaser, Automobile Dealer, and End-Payor action subsequently consolidated or coordinated with the Actions.

8. The Clerk shall serve a copy of this Order on all counsel of record in any related *In re Automotive Wire Harness Systems Antitrust Litigation* action.

9. Every pleading filed in connection with an *In re Automotive Wire Harness Systems Antitrust Litigation* action shall bear the following caption:

UNITED STATES DISTRICT COURT<br>
FOR THE EASTERN DISTRICT OF MICHIGAN<br>
SOUTHERN DIVISION

| | |
|---|---|
| IN RE AUTOMOTIVE WIRE HARNESS SYSTEMS ANTITRUST LITIGATION | Master File No. 12-md-02311 |
| THIS DOCUMENT RELATES TO: | |

10. When a pleading or other filing is intended to be applicable to all actions, the words "All Actions" shall appear immediately after or below the words "THIS DOCUMENT RELATES TO:" in the caption set forth above. When a pleading or other filing is intended to be applicable to all consolidated Direct Purchaser actions, the words "All Direct Purchaser Actions" shall appear immediately after or below the words "THIS DOCUMENT RELATES TO:" in the caption set forth above. When a pleading or other filing is intended to be applicable to all consolidated Automobile Dealer actions, the words "All Automobile Dealer Actions" shall appear immediately after or below the words "THIS DOCUMENT RELATES TO:" in the caption set forth above. When a pleading or other filing is intended to be applicable to all consolidated End-Payor actions, the words "All End-Payor Actions" shall appear immediately after or below the words "THIS DOCUMENT RELATES TO:" in the caption set forth above. When a pleading or other filing is intended to be applicable to less than All Actions, All Direct Purchaser Actions, All Automobile Dealer Actions or All End-Payor Actions, the separate caption and docket number for each individual action to which the pleading is intended to be

applicable shall appear immediately after or below the words "THIS DOCUMENT RELATES TO:" in the caption described above.

11. When a pleading is filed and the caption, pursuant to the foregoing, shows that it is applicable to All Actions, All Direct Purchaser Actions, All Automobile Dealer Actions or All End-Payor Actions, the Clerk shall file such pleading in the Master File and note such filing in the Master Docket. No further copies need be filed or docket entries made.

12. When a pleading is filed and the caption, pursuant to the foregoing, shows that it is applicable to fewer than All Actions, All Direct Purchaser Actions, All Automobile Dealer Actions or All End-Payor Actions, the Clerk need file such pleadings only in the Master File but nonetheless shall note the filing in both the Master Docket and the individual docket of each such action.

13. This Court requests the assistance of counsel in calling to the attention of the Clerk of this Court the filing or transfer of any case that might properly be part of *In re Automotive Wire Harness Systems Antitrust Litigation,* Master File No. 12-md-02311.

14. When a case that arises out of or relates to the same subject matter of the *In re Automotive Wire Harness Systems Antitrust Litigation* is hereinafter filed in this Court or transferred from another court, the Clerk of this Court shall:

    a. place a copy of this Order in the separate file for such action;

    b. mail, telecopy or send via electronic mail a copy of this Order to the attorneys for the plaintiff(s) in the newly-filed or transferred case and to any new defendant(s) in the newly-filed or transferred case; and

    c. make the appropriate entry in the Master Docket.

15.     Each action that arises out of or relates to the same subject matter of the *In re Automotive Wire Harness Systems Antitrust Litigation* that has been or is subsequently filed in or transferred to this Court, shall be consolidated and coordinated as provided herein and this Order shall apply thereto, unless a party objects to consolidation or coordination or any provision of this Order.  Any objection to this Order shall be made within ten (10) days after the date upon which a copy of this Order is served on counsel for any party, by filing an application for relief with the Court.  Nothing in the foregoing shall be construed as a waiver of any party's right to object to consolidation or coordination of any related action.

16.     Filing of documents via the Court's ECF system shall be deemed to satisfy the service requirement as to all parties whose counsel receive ECF notices electronically.  All attorneys of record must register for ECF and must file an appearance through the ECF system.  No service is required on any party not registered for ECF.  Service of any document that is not electronically filed via ECF shall be made on Plaintiffs by serving a copy of the paper by overnight mail service, electronic mail, telecopy or hand delivery on Direct Purchaser Interim Lead and Liaison Counsel, Automobile Dealer Interim Lead and Liaison Counsel, End-Payor Interim Lead and Liaison Counsel, or all of them, as appropriate.  If service of documents is to be made on a Defendant, such service can be made via serving a copy of the paper by overnight mail service, electronic mail, telecopy or hand delivery on counsel for the Defendant.

17.     The terms of this Order shall not have the effect of making any person, firm or corporation a party to any action in which he, she or it has not been named and properly served in accordance with the Federal Rules of Civil Procedure.  The terms of this Order and the consolidation and coordination ordered herein shall not constitute a waiver by any party of any claims in or defenses to any of the actions.

C. **PRELIMINARY SCHEDULE OF PROCEEDINGS**

18. The Direct Purchaser Plaintiffs, the Automobile Dealer Plaintiffs, and the End-Payor Plaintiffs each shall file a Consolidated Amended Complaint forty-five (45) days after the Court's entry of this Case Management Order No. 1 (the "Filing Date").

19. On the Filing Date the Direct Purchaser Plaintiffs, the Automobile Dealer Plaintiffs, and the End-Payor Plaintiffs each shall serve their Consolidated Amended Complaint (and, with respect to any Japanese or German defendant, a certified Japanese or German translation of their Consolidated Amended Complaint) in accordance with Paragraph 16 on all Defendants who have previously been served with a summons and complaint or who have previously waived service thereof. As to any Defendant that has not been served pursuant to Fed. R. Civ. P. 4(e), (f), or (h) (as applicable) as of the Filing Date, the Direct Purchaser Plaintiffs, the Automobile Dealer Plaintiffs, and the End-Payor Plaintiffs each shall, at their option, (1) complete service of a prior filed complaint if service is already in process and, thereafter, serve the Consolidated Amended Complaint in accordance with Paragraph 16; or (2) serve the Consolidated Amended Complaint on any Defendant who has not been served pursuant to Fed. R. Civ. P. 4(e), (f), or (h) (as applicable).

20. Any Defendant served on the Filing Date with a Consolidated Amended Complaint in accordance with Paragraph 19 shall answer, move or otherwise plead in response to the Consolidated Amended Complaint sixty (60) days after the Filing Date. Any Defendant served after the Filing Date with a Consolidated Amended Complaint in accordance with Paragraph 19 shall answer, move, or otherwise plead in response to the Consolidated Amended Complaint sixty (60) days after such service. In either case, nothing herein shall preclude a

Defendant from challenging or a Plaintiff from defending the sufficiency of service made in accordance with Paragraph 19.

21. The Direct Purchaser Plaintiffs, the Automobile Dealer Plaintiffs, and the End Payor Plaintiffs each shall respond, if so required, to such motion(s) or pleading(s) within sixty (60) days after the date of service of such motion(s) or pleading(s).

22. Defendants may respond to any opposition memorandum filed by the Direct Purchaser Plaintiffs, the Automobile Dealer Plaintiffs, or the End Payor Plaintiffs within forty-five (45) days after the date of service of any such opposition memorandum.

### D. **PRELIMINARY DISCOVERY ISSUES**

23. Direct Purchaser Interim Lead Counsel, Automobile Dealer Interim Lead Counsel, End-Payor Interim Lead Counsel and counsel for the Defendants shall meet and confer and jointly submit the following to the Court no later than sixty (60) days from the date of this Order:

    a. a discovery plan;

    b. a proposed Protective Order;

    c. a proposed Document Preservation Order;

    d. a proposed Expert Discovery Stipulation; and

    e. a proposed Electronically Stored Information Protocol.

### E. **MISCELLANEOUS**

24. A Status Conference for all cases in MDL 12-md-02311 is scheduled for June 15, 2012, commencing at 10:00 a.m. and continuing until the business at hand is completed, in the courtroom of the Honorable Marianne O. Battani, at the Theodore Levin Federal Courthouse, Room 272, 231 West Lafayette, Detroit, Michigan.

IT IS SO ORDERED.

BY THE COURT:

Dated:  March 29, 2012                             s/Marianne O. Battani
                                                   Hon. Marianne O. Battani,
                                                   United States District Judge

CERTIFICATE OF SERVICE

I hereby certify that on the above date a copy of this Order was served upon all parties of record via the Court's ECF Filing System.

s/Bernadette M. Thebolt

Case Manager