

**LEGAL LANGUAGE SERVICES**

A division of ALS International
8014 State Line Road
Suite 110
Leawood, KS  66208-3712

Telephone   (913) 341-3167
Toll Free    (800) 755-5775
Telefax     (913) 341-3168
www.legallanguage.com

May 14, 2012
2012年5月14日

To whom it may concern:
関係者各位：

This is to certify that the attached translation from English into Japanese is an accurate representation of the document received by this office.  This document is designated as:
添付の、英語から日本語への翻訳は、本事務所が受領した書類を正確に反映していると証明します。当該書類は次のとおりです：

**Consolidated Amended Class Action Complaint**
連結改正集団訴訟訴状

**Maria Victoria Portuguez, Manager of this company, certifies that Roger Johnson, who translated this document, is fluent in Japanese and standard North American English and qualified to translate.  He/She attests to the following:**
本会社のマネージャーである Maria Victoria Portuguez は、この書類を翻訳した Roger Johnson は日本語及び標準北アメリカ英語において流暢であり、翻訳を行なう能力があることを証明します。彼/彼女は次のことを証言します：

**"To the best of my knowledge, the accompanying text is a true, full and accurate translation of the specified document".**
「私の知る限り、添付の書類は特定された書類の真正かつ完全で正確な翻訳です。」

_____
**Signature of Maria Victoria Portuguez**
Maria Victoria Portuguez の署名

**Subscribed and sworn to before me this May 14, 2012.**
2012年5月14日 日に私の面前で宣誓。

**Vicki Farron**
**Notary Public, State of Kansas**
**Qualified in Johnson County**
**Commission Expires December 9 2012.**

*Vicki Farron*
カンザス州公証人
ジョンソン群で資格取得
任期は2012年12月9日まで

Sincerely,
敬具

**Victor J. Hertz**
**President/社長**

アメリカ合衆国地方裁判所 -
ミシガン(Michigan)州東部地方
南部担当

| | |
|---|---|
| 自動車ワイヤーハーネスシステム<br>システム反トラスト訴訟 | 書類番号 12-md-02311 |
| | 連結改正集団訴訟訴状 |
| 本状の関係：| |
| 消費者訴訟 | <u>陪審員裁判請求</u> |

原告であるレベッカ・リン・モロー[Rebecca Lynn Morrow]、 エリッカ・ショアフ[Erica Shoaf]、イフェオマ・アダムス[Ifeoma Adams]、メリッサ・バロン[Melissa Barron]、ジョン・ホリングスワース[John Hollingsworth]、ミイテッシュ・シャー[Meetesh Shah]、ゲーリー・アーサー・アール[Gary Arthur Herr]、マイケル・トレーシー[Michael Tracy]、ジェーン・テイラー[Jane Taylor]、ジェニファー・チェース[Jennifer Chase]、ダレル・シニア[Darrel Senior]、原告の AGA Realty LLC, ジェームズ・マリアン[James Marean]、ロン・ブロー[Ron Blau]、ロジャー・オルソン[Roger Olson]、スーザン・オルソン[Susan Olson]、ニルサ・メルカド[Nilsa Mercado], ダーシー・シャーマン[Darcy Sherman]、カーチス・ガナーソン[Curtis Gunnerson]、デイビッド・バーンスタイン[David Bernstein]、エリス・ウィンストン・マキニス[Ellis Winston McInnis]、トーマス・ウィルソン[Thomas Wilson]、ローレン・シー・プリモス[Lauren C Primos]、ロバート・クリングラー[Robert Klingler]、ジェシカ・デカストロ[Jessica DeCastro]、ローリ・カーティス[Lori Curtis]、バージニア・ピューリンガー[Virginia Pueringer]、ネイサン・クルーム[Nathan Croom]、リチャード・ストーア[Richard Stoehr]、エドワード・マスカラ[Edward Muscara]、マイケル・ウィック[Michael Wick]、イアン・グローブス[Ian Groves]、テニーシャ・バーゴス[Tenisha Burgos]、ジェイソン・グララ[Jason Grala]、ピーター・ブルック[Peter Brook]、キャスリン・タウニー[Kathleen Tawney]、ケリー・クロスターマン[Kelly Klosterman]、メリンダ・ハー・ディーディーエス　ピーシー[Melinda Harr DDS PC]、シンディー・プリンス[Cindy Prince]、ポール・ガスタフソン[Paul Gustafson]、フランシス・ガメル・ローチ[Frances Gammell Roach]、ウィリアム・ピコット[William Picotte]、フィリップ・ヤング[Phillip Young]、ベッキー・バージソン[Becky Bergeson]、ジェッシー・パウエル[Jessee Powell ]、キャサリン・レイマン[Katherine Reymann]、 アレナ・ファレル[Alena Farrell]、ジェイン・フィッツジェラルド[Jane FitzGerald]、アーサー・スタキー[Arthur Stukey ]、ジェイン・ライス[Jane Rice]、ロバート・ライス・ジュニア[Robert Rice Jr. ]、ステイシー・ニッケル[Stacey Nickell]、キャロル・アン・カシシアン[Carol Ann Kashishian]、およびスーザン・ラガヴァ[Susan LaCava] (総称して「原告」は、自らおよび同様の状況に置かれている他の人々(下記に「集団」と定義する)を代表して、自らの事実に関する個人的知識および全員の問題に関する情報および信念により、連邦独占禁止法、州独占禁止法、不正競争禁止法、消費者保護法に従って、弁護士の調査に基づき、損害賠償、禁止命令、救済命令およびその他救済を求めた集団訴訟を起こす。原告は陪審員裁判を請求し、下記のとおり申し立てる。

## 訴訟の本質

1. この訴訟は、世界的それから、アメリカ合衆国で自動車ワイヤーハーネスシステム(下記に説明)の最大供給業者である被告に対し、違法固定とこれらの製品の価格を人工的に上げるといった大規模で長年にわたる陰謀に対して申し込まれた集団訴訟として提起。 被告の陰謀は、首尾よく、長年苦闘しているアメリカ合衆国自動車工、そして自動車製造業者と消費者両方の価格を上げることを的にした。

2. 原告団は、被告の行為の反競争効果が消滅したこの期間を通じて、2000 年 1 月 1 日当日を含めた期間("集団期間")の自動車ワイヤーハーネスシステム、又は代用自動車ワイヤーハーネスシステムを含んでいる新自動車を購入、あるいは借りている消費者が説明することを要求。

3. "自動車ワイヤーハーネスシステム"は、電気構成部分、電気配線、それから自動車の回線版を指揮し、コントロールするために使われる自動車電気配電システムである。 基本的に、自動車ワイヤーハーネスシステムは自動車の"中枢神経系"として機能。 "自動車ワイヤーハーネスシステム"は次のものを含む： 自動車電気配線、リードワイヤー組み立て品、ケーブル結合、自動車電気配線コネクター、自動車電気配線電極、電気コントロール装置、ヒューズボックス、中継器ボックス、接合ブロック、電力配電器、および速度センサワイヤアセンブリ。

4. デルフィ(Delphi)被告団、デンソー(Denso)被告団、フジクラ(Fujikura)被告団、 古河(Furukawa)被告団、リア(Lear)被告団、レオ二(Leoni)被告団、住友(Sumitomo)被告団、S-Y システム(S-YSystems)被告団、矢崎(Yazaki)被告団、東海理化[Tokai Rika]被告団、および G. S.エレクテック[G.S. Electech]被告団 (全て下記に定義されているように、そして集団的に"被告団")は、アメリカ合衆国の至る所で自動車ワイヤーハーネスシステムを製造、マーケット、売却している。 自動車ワイヤーハーネスシステムの製造と販売は、何十億ドル工業である。

5. 被告とその他の共同共謀者(現時点不明)は、自動車ワイヤーハーネスシステムの価格をつり上げ、設定、上げる、または人口的に固定することに同意、提携、それから陰謀をたくら

んだ。

6.　　　アメリカ合衆国、ヨーロッパ連合、それから日本の競争当局は、少なくとも 2010 年 2 月から自動車ワイヤーハーネスシステムのマーケット上の共謀を調査してきた。　犯罪捜査の一部として、アメリカ合衆国裁判課(the United States Department of Justice) ("DOJ")は、自動車ワイヤーハーネスシステムのマーケット上の反競争行為についての情報を求めていて、それから米国連邦捜査局(the Federal Bureau of Investigation)("FBI")は、踏み込み関与し、捜査令状に準じ、少なくとも何人かの被告の職場に執行している。　ヨーロッパ委員会競争当局(the European Commission Competition Authority)("EC")は更に、いくつかの被告のヨーロッパ会社で株の大量買占めを行った。

7.　　　以下完全に申し立てるように、被告古河電気工業(Furukawa Electric Co.Ltd.)、矢崎[Yazaki Corporation]、デンソー[Denso Corporation]、G.S.エレテック[G.S. Electech, Inc.]、およびフジクラ[Fujikura Ltd.]は、集団訴訟中に自動車ワイヤーハーネスシステム企業連合に関与する罪状を認め、この不法行為に関して十分な金額を支払うことに同意した。　これら被告およびその共同共謀者は、アメリカ合衆国の自動車製造業者などに売る自動車ワイヤーハーネスシステムの付け値の不正操作、固定、更に価格の維持をすることに同意することにより自動車部分工業上の競争相手を抑圧し、除去する陰謀と連合に関与したという責任において、アメリカ合衆国によりもたらされた犯罪情報に対して有罪を認めた。　犯罪情報は、これら被告およびその共同共謀者により従事された連合と陰謀は、州連帯と外国の貿易の法外な抑制と、シャーマン独占禁止条例、15 U.S.C.§1(Sherman Antitrust Act, 15 U.S.C.§ 1)の違反貿易であるということをさらに科した。

8.　　　答弁協定の一部として、被告は、自動車部品工業の継続中の犯罪調査において DOJ を補助することに同意した。

9.　　　ここに申し立てられた反競争と違法行為の直接の結果として、原告団と集団は、集団期間の間の自動車ワイヤーハーネスシステム用の人工的に騰貴した価格を支払った。そして、彼らはそれによって商業、あるいは資産の独占禁止損害をこうむった。

## 裁判権と裁判籍

10.　　原告団は、シャーマン条例(Sherman Act)(15 U.S.C. §1)の項 1 の違反により、被告に対して公正であり、差止め効果適用を確保するためにクレイトン条例 (Clayton Act)(15 U.S.C. §26)の項 16 に基づいてこの訴訟を起こした。　原告団は更に、国家独占禁止、不正競争、それから消費者保護法に順ずる実際、且つ模範的な損害に対して損害賠償の要求を主張、その上損害賠償を得ること、損害の回復とこれらの国家法の違反による被告に対するその他の慰めとなるものを確保することを要求。　原告団と集団はさらに、弁護士料、費用、それから連邦、国政法に基づくその他の費用を要求。

11.　　この法廷は、クレイトン条例(Clayton Act)(15 U.S.C. §26)の項 16、シャーマン条例(Sherman Act)(15 U.S.C. §1)の項 1、それからアメリカ合衆国法典(United States Code)、題 28、項 1331 と 1337 に準ずるこの訴訟の主題に対する裁判権を所有。　この法廷は、 (i)利害関係と費用、それから提案された集団のいくつかのメンバーは、いくらかの被告とは別の州の市民であるということを除いて、総額＄5,000,000 を超える論争あるいは問題であるという集団訴訟であり、(ii)原告の州法による申立が、米国憲法第 3 条の下で、連邦政府による申立と同様の案件または論争の一部を形成すると主張しているという点で、28 U.S.C. §§ 1332 (d) と 1367 に準ずる国家法請求の主題裁判権を所有。

12.　　裁判籍は、クレイトン条例(Clayton Act)(15 U.S.C. §22)の項 12、それから 28U.S.C. §§ 1391 (b)、 (c)、 (d)に準ずるこの区に適した。なぜならば、この区で起こった原告団の訴訟のもとになる事件の重大な地域、下記に論議される影響を受けた州連帯の貿易と通商の重大な一部は、この区で行われ、更に商売をする許可を持つ、商売をしている、代理店を持つ、あるいはこの区で商売を行うまたは、設立する一人または複数の被告が居住するからであった。

13.　　この法廷は、各被告団に関し 対人訴訟司法権を持つ。なぜなら各被告は、直接的や所有権を通して、そして/またはアメリカ合衆国補助の管制であろうと、 特に：(a)この区を含める、アメリカ合衆国での商売を行った ; (b)この区を含める、アメリカ合衆国の至る所で自動車ワイヤー

ハーネスシステムの相当な数量を直接的、あるいは間接的に売った、または売り込んだ；(c)この区を含める、全体としてアメリカ合衆国に対して相当な総計の縁故を持った；あるいは(d)直接向けられた違法の価格操作陰謀に従事していた、更にこの区を含める、アメリカ合衆国の至る所で商売を行っていた、開業した、人々と実在するものの所有物に直接、相当な、賢明に予見可能、且つ損害を起こす故意の結果を持つからである。 被告団は更に、この地区を含める、アメリカ合衆国の至る所で商売を行っており、彼らは目的を持ってアメリカ合衆国の法を利用していた。

14.     被告団は、直接、相当で、賢明に予見可能であることを引き起こし、アメリカ国内で州連帯の通商に反競争効果を意図し、アメリカ合衆国内外両方で行為を従事した。

15.     原告団と彼らの共謀者の活動は、流動内、故意的、そしてアメリカ国内の州際通商に重大な影響を持つものである。 被告団の製品は州際通商の流れで販売されている。

16.     原告団により海外で製造された、アメリカ国内あるいは海外のどちらかで製造された自動車に使用するために売られた、そしてアメリカ国内で売られた 自動車ワイヤーハーネスシステムは、アメリカ国内に販売用として持ち込まれた商品であり、それゆえ輸入貿易と成す。 アメリカ国内で購入された自動車ワイヤーハーネスシステムの範囲とそのような自動車ワイヤーハーネスシステムは、輸入貿易や、集団期間中にここにより完全に申し立てられたとおりアメリカ合衆国貿易に直接、相当、適度に予測可能な影響を持った、そして持ち続けることに関する被告団の不法な活動の構成要素ではない。 反競争的行為とここに説明したそのアメリカ合衆国貿易への影響は、原告団とアメリカ合衆国の集団メンバーに最も近く独占禁止権利侵害をもたらした。

17.     以下に申し立てられた不法な活動により、被告団は実質的に、原告団、それから集団メンバーに損害を引き起こすアメリカ合衆国の至る所の通商に影響した。 被告は、直接的、さらに彼らの仲介者を通して、自動車ワイヤーハーネスシステムのマーケットに不都合に影響し、法外に拘束された貿易の陰謀である自動車ワイヤーハーネスシステムの価格を決定、またはつり上げ、全ての州に影響する活動に従事した。

18.     被告の陰謀と犯罪は、原告団と集団のメンバーを含める、自動車ワイヤーハーネス

システムを個人的使用目的として購入したアメリカ合衆国の人々に不都合に影響したことをここに説明した。

**当事者**

19.　　原告のレベッカ・リン・モロー[Rebecca Lynn Morrow]は、一人やそれ以上の被告から自動車ワイヤーハーネスシステムを間接的に購入したアリゾナ州グレンデール[Glendale, Arizona]の居住者である。

20.　　原告のエリッカ・ショアフ[Erica Shoaf]は、一人やそれ以上の被告から自動車ワイヤーハーネスシステムを間接的に購入したアリゾナ州フィーニックス[Phoenix, Arizona]の居住者である。

21.　　原告のイフェオマ・アダムス[Ifeoma Adams]は、一人やそれ以上の被告から自動車ワイヤーハーネスシステムを間接的に購入したカリフォルニア州ハーキュリー[Hercules, California]の居住者である。

22.　　原告のメリッサ・バロン[Melissa Barron]は、一人やそれ以上の被告から自動車ワイヤーハーネスシステムを間接的に購入したカリフォルニア州オークランド[Oakland, California]の居住者である。

23.　　原告のジョン・ホリングスワース[John Hollingsworth]は、一人やそれ以上の被告から自動車ワイヤーハーネスシステムを間接的に購入したカリフォルニア州サラトガ[Saratoga, California]の居住者である。

24.　　原告のミイテッシュ・シャ―[Meetesh Shah]は、一人やそれ以上の被告から自動車ワイヤーハーネスシステムを間接的に購入したカリフォルニア州デーリー[Daly, California]の居住者である。

25.　　原告のゲーリー・アーサー・ハー[Gary Arthur Herr]　は、一人やそれ以上の被告から自動車ワイヤーハーネスシステムを間接的に購入したフロリダ州オーランド[Orlando, Florida]no の

居住者である。

26. 原告のマイケル・トレーシー[Michael Tracy]は、一人やそれ以上の被告から自動車ワイヤーハーネスシステムを間接的に購入したフロリダ州ペンサコーラ[Pensacola, Florida]の 居住者である。

27. 原告のジェーン・テイラー[Jane Taylor]は、一人やそれ以上の被告から自動車ワイヤーハーネスシステムを間接的に購入したハワイ州カパア[Kapaa, Hawaii]の居住者である。

28. 原告のジェニファー・チェース[Jennifer Chase]は、一人やそれ以上の被告から自動車ワイヤーハーネスシステムを間接的に購入したアイオワ州ウォータールー[Waterloo, Iowa]居住者である。

29. 原告のダレル・シニア[Darrel Senior]は、一人やそれ以上の被告から自動車ワイヤーハーネスシステムを間接的に購入したカンザス州レナクサ[ Lenexa, Kansas]の居住者である。

30. 原告の AGA Realty LLC エー・ジー―・エー・リアルティー有限責任会社[a Limited Liability Company] は、一人やそれ以上の被告から自動車ワイヤーハーネスシステムを間接的に購入した主会社をメイン州ポートランド[Portland, Maine] におく会社である。

31. 原告のジェームズ・マリアン[James Marean]は、一人やそれ以上の被告から自動車ワイヤーハーネスシステムを間接的に購入したメイン州ウエストブルック[Westbrook, Maine]の 居住者である。

32. 原告のロン・ブロー[Ron Blau]は、一人やそれ以上の被告から自動車ワイヤーハーネスシステムを間接的に購入したマサチューセッツ州ニュートン・ハイランズ[Newton Highlands, Massachusetts]の居住者である。

33. 原告のロジャー・オルソン[Roger Olson]は、一人やそれ以上の被告から自動車ワイヤーハーネスシステムを間接的に購入したミシガン州サウス・ヘブン[ South Haven, Michigan]の居住者である。

34. 原告のスーザン・オルソン[Susan Olson]は、一人やそれ以上の被告から自動車ワイヤ

7

ーーハーネスシステムを間接的に購入したミシガン州サウス・ヘブン[ South Haven, Michigan]の居住者である。

35.　　原告のニルサ・メルカド[Nilsa Mercado]は、1社または複数の被告から自動車ワイヤーーハーネスシステムを間接的に購入したミシガン州ウォーターフォード[Waterford, Michigan]の居住者である

36.　　原告のダーシー・シャーマン[Darcy Sherman]は、一人やそれ以上の被告から自動車ワイヤーハーネスシステムを間接的に購入したミネソタ州ミネアポリス[Minneapolis, Minnesota]居住者である。

37.　　原告のカーチス・ガナーソン[Curtis Gunnerson]は、一人やそれ以上の被告から自動車ワイヤーハーネスシステムを間接的に購入したミネソタ州サウス・ヘブン[ South Haven, Minnesota]の居住者である。

38.　　原告のデイビッド・バーンスタイン[David Bernstein]は、一人やそれ以上の被告から自動車ワイヤーハーネスシステムを間接的に購入したミネソタ州ミネトンカ[Minnetonka, Minnesota]の 居住者である。

39.　　原告のエリス・ウィントン・マクルニス[Ellis Winton McInnis]は、一人やそれ以上の被告から自動車ワイヤーハーネスシステムを間接的に購入したミシシッピ州フロウッド[Flowood, Mississippi]の居住者である。

40.　　原告のトーマス・ウィルソン[Thomas Wilson]は、一人やそれ以上の被告から自動車ワイヤーハーネスシステムを間接的に購入したミシシッピ州ツペロ[Tupelo, Mississippi]居住者である。

41.　　原告のローレン・シ—・プリモス[Lauren C Primos]は、一人やそれ以上の被告から自動車ワイヤーハーネスシステムを間接的に購入したミシシッピ—州フロウウッド[Flowood, Mississippi]の 居住者である。

42.　　原告のロバート・クリングラー[Robert Klingler]は、一人やそれ以上の被告から自動

8

車ワイヤーハーネスシステムを間接的に購入したミズーリ州マンチェスタ[Manchester, Missouri]の居住者である。

43. 原告のジェシカ・デカストロ[Jessica DeCastro]は、一人やそれ以上の被告から自動車ワイヤーハーネスシステムを間接的に購入したミズーリ州セントルイス[St. Louis, Missouri ]の 居住者である。

44. 原告のローリ・カーティス[Lori Curtis]は、一人やそれ以上の被告から自動車ワイヤーハーネスシステムを間接的に購入したミズーリ州セントルイス[St. Louis, Missouri]の 居住者である。

45. 原告のバージニア・ピューリンガー[Virginia Pueringer]は、一人やそれ以上の被告から自動車ワイヤーハーネスシステムを間接的に購入したモンタナ州ビリングス[Billings, Montana]の居住者である。

46. 原告のネイサン・クルーム[Nathan Croom]は、一人やそれ以上の被告から自動車ワイヤーハーネスシステムを間接的に購入したネブラスカ州オマハ[Omaha, Nebraska]の 居住者である。

47. 原告のチャード・ストーア[Richard Stoehr]は、一人やそれ以上の被告から自動車ワイヤーハーネスシステムを間接的に購入したネバダ州ヘンダーソン[Henderson, Nevada]居住者である。

48. 原告のエドワード・マスカラ[Edward Muscara ]は、一人やそれ以上の被告から自動車ワイヤーハーネスシステムを間接的に購入したニューハンプシャー州マンチェスタ[Manchester, New Hampshire]の 居住者である。

49. 原告のマイケル・ウィック[Michael Wick ]は、一人やそれ以上の被告から自動車ワイヤーハーネスシステムを間接的に購入したニューメキシコ州リオランチョ[Rio Rancho, New Mexico]の 居住者である。

50. 原告のイアン・グローブス[Ian Groves]は、一人やそれ以上の被告から自動車ワイヤーハーネスシステムを間接的に購入したニューメキシコ州アルバカーキー[Albuquerque, New Mexico]の 居住者である。

9

51.　　原告のテニーシャ・バーゴス[Tenisha Burgos]は、一人やそれ以上の被告から自動車ワイヤーハーネスシステムを間接的に購入したニューヨーク州ブロンクス[Bronx, New York ]の 居住者である。

52.　　原告のジェイソン・グララ[Jason Grala]は、一人やそれ以上の被告から自動車ワイヤーハーネスシステムを間接的に購入したニューヨーク州ホルブルック[Holbrook, New York ]の 居住者である。

53.　　原告のピーター・ブルック[Peter Brook ]は、一人やそれ以上の被告から自動車ワイヤーハーネスシステムを間接的に購入したニューヨーク州ベイサイド[Bayside, New York]の 居住者である。

54.　　原告のキャスリン・タウニー[Kathleen Tawney]は、一人やそれ以上の被告から自動車ワイヤーハーネスシステムを間接的に購入したノースカロライナ州シャーロッテ[Charlotte, North Carolina]の 居住者である。

55.　　原告のケリー・クロスターマン[Kelly Klosterman]は、一人やそれ以上の被告から自動車ワイヤーハーネスシステムを間接的に購入したノースダコタ州ムアートン[Mooreton, North Dakota]の 居住者である。

56.　　原告のメリンダ・ハー・ディーディーエス　ピーシー[Melinda Harr DDS PC]、原告の主会社をノースダコタ州ファーゴ[Fargo, North Dakota]におく会社は、一人やそれ以上の被告から自動車ワイヤーハーネスシステムを間接的に購入した。

57.　　原告のシンディー・プリンス[Cindy Prince]は、一人やそれ以上の被告から自動車ワイヤーハーネスシステムを間接的に購入したオレゴン州ラングロイス[Langlois, Oregon]居住者である。

58.　　原告のポール・ガスタフソン[Paul Gustafson]は、一人やそれ以上の被告から自動車ワイヤーハーネスシステムを間接的に購入したオレゴン州ミルウォーキー[Milwaukie, Oregon]居住者である。

59.　原告のフランシス・ガメル・ローチ[Frances Gammell Roach]は、一人やそれ以上の被告から自動車ワイヤーハーネスシステムを間接的に購入したロードアイランド州ワーウィック[Warwick, Rhode Island]の居住者である。

60.　原告のウィリアム・ピコット[William Picotte]は、集団訴訟期間中、サウスダコタ州[South Dakota]の一人または複数の被告から自動車ワイヤーハーネスシステムを間接的に購入したサウスダコタ州[South Dakota]の元居住者である。

61.　原告のフィリップ・ヤング[Phillip Young]は、一人やそれ以上の被告から自動車ワイヤーハーネスシステムを間接的に購入したテネシー州ボンアクア[Bon Aqua, Tennessee]の居住者である。

62.　原告のベッキー・バージソン[Becky Bergeson]は、一人やそれ以上の被告から自動車ワイヤーハーネスシステムを間接的に購入したユタ州メリー[Merry, Utah]の 居住者である。

63.　原告のジェッシー・パウエル[Jessee Powell]は、一人やそれ以上の被告から自動車ワイヤーハーネスシステムを間接的に購入したユタ州リーハイ[Lehi, Utah]の 居住者である。

64.　原告のアレナ・ファレル[Alena Farrell]は、一人やそれ以上の被告から自動車ワイヤーハーネスシステムを間接的に購入したヴァーモント州サウス・バーリントン[South Burlington, Vermont]の居住者である。

65.　原告のジェイン・フィッツジェラルド[Jane FitzGerald]は、一人やそれ以上の被告から自動車ワイヤーハーネスシステムを間接的に購入したバーモント州ミルトン[Milton, Vermont]の居住者である。

66.　原告のアーサー・スタキー[Arthur Stukey]は、一人やそれ以上の被告から自動車ワイヤーハーネスシステムを間接的に購入したバーモント州モントペリア[Montpelier, Vermont]の居住者である。

67.　原告のジェイン・ライス[Jane Rice]は、一人やそれ以上の被告から自動車ワイヤーハーネスシステムを間接的に購入したウェストバージニア州ケノヴァ[Kenova, West Virginia]の 居住者

11

である。

68.　　原告のロバート・ライス, ジュニア[Robert Rice, Jr.]は、一人やそれ以上の被告から自動車ワイヤーハーネスシステムを間接的に購入したウェストバージニア州ケノヴァ[Kenova, West Virginia]の 居住者である。

69.　　原告のステイシー・ニッケル[Stacey Nickell]は、一人やそれ以上の被告から自動車ワイヤーハーネスシステムを間接的に購入したウェストバージニア州ベックリー[Beckley, West Virginia]の 居住者である。

70.　　原告のキャロル・アン・カシシアン[Carol Ann Kashishian]は、一人やそれ以上の被告から自動車ワイヤーハーネスシステムを間接的に購入したウィスコンシン州ミルウォーキー[Milwaukee, Wisconsin]の居住者である。

71.　　原告のスーザン・ラカヴァ[Susan LaCava ]は、一人やそれ以上の被告から自動車ワイヤーハーネスシステムを間接的に購入したウィスコンシン州マジソン[Madison, Wisconsin]の居住者である。

### デルフィ(Delphi)被告団

72.　　被告のデルフィ自動車 LLP(Delphi Automotive LLP)は、ミシガン州トロイ[Troy, Michigan]に本社を置き、イングランド[England]およびウェールズ[Wales]の法のもと組織された共同事業体である。 デルフイ・オートモーティブ LLP[Delphi Automotive LLP]は子会社および関連会社と共に、集団訴訟中に当該地区を含めた米国で販売および/または購入された自動車ワイヤーハーネスシステムを製造した。

73.　　被告デルフィ・オートモーティブ・システムズ LLC[Defendant Delphi Automotive Systems, LLC]は、デラウェア州[Delaware]で設立され、ミシガン州トロイ[Troy, Michigan]に本社を置いている。 デルフアイ・オートモーティブ・システムズ LLC[Delphi Automotive Systems, LLC]は、この地区を含めて米国[United States]で、集団訴訟中に販売および/または購入した自動車ワイヤーハーネスシステムを製造した。

74.　　被告デルファイ・オートモーティブ・システムズ LLP[Delphi Automotive Systems, LLP]および　デルファイ・オートモーティブ・システムズ LLC[Delphi Automotive Systems, LLC]は、本状において「デルフィ被告団」[Delphi Defendants]または「デルフィ」[Delphi]と総称される。

75.　　デルファイ・オートモーティブ LLP[Delphi Automotive LLP]およびデルファイ・オートモーティブ・システムズ LLC[Delphi Automotive Systems, LLC]の両社は、当時破産していたデルファイ・コーポレーション[Delphi Corporation]およびその子会社から特定の自動車部品資産を取得するために 2009 年に設立された。　デルファイ・オートモーティブ LLP[Delphi Automotive LLP]およびデルファイ・オートモーティブ・システムズ LLC[Delphi Automotive Systems, LLC]は、以下に詳述する破産手続開始前にデルファイ・コーポレーション[Delphi Corporation]およびその子会社によって行われていた自動車ワイヤーハーネスシステム事業を継続した。

76.　　2004 年 12 月、例えば、デルファイ・コーポレーション[Delphi Corporation] および古河電気工業[Furukawa Electric](以下に定義)は、北米[North America]においてトヨタ[Toyota]に自動車ワイヤーハーネスシステムの販売を担当する合弁会社の設立を発表した。　デルファイ・フルカワ・ワイヤリング・システムズ LLC[Delphi Furukawa Wiring Systems LLC]　と称する合弁会社はオハイオ州ウォーレン[Warren, Ohio]に本拠を置いた。　古河電気工業[Furukawa Electric]はプレスリリースで下記の通り述べた。

> デルフィ・フルカワ・ワイヤリング・システムズ LLC[Delphi Furukawa Wiring Systems LLC]には、顧客の期待を超えるほどに、古河電気工業[Furukawa Electric]から引き継いだワイヤーハーネスの設計、開発、品質管理の能力およびシステム・インテグレーション、製造、デルファイ[Delphi]から北米[North America]での顧客サポートの能力がある。合弁会社は、ワイヤリング・ハーネスの販売およびエンジニアリング活動を担当し、これには、デルファイ[Delphi]および古河電気工業[Furukawa Electric]の両社が北米[North America]のトヨタ[Toyota]のプログラムに合意しており、顧客に直接販売活動を担当する予定である。　ワイヤーハーネスの製造に関して、合弁会社は、両親会社のノウハウを投入するために、同社の指示のもと既存のデルフィ[Delphi]の運用施設を活用していく。

77.　　2005 年 10 月、デルファイ・コーポレーション[Delphi Corporation]および特定の米国[U.S.]子会社および関連会社は、デルファイ・フルカワ・ワイヤリング・システムズ LLC[Delphi

Furukawa Wiring Systems LLC]を含み、第 11 条破産保護のため 42 嘆願書を提出した。 これらの手続は共同でニューヨーク州南部地区連邦破産裁判所[United States Bankruptcy Court for the Southern District of New York]に提出した。 文書番号 05-44481 (デルファイ・コーポレーション[Delphi Corporation] ); 05-47452 (デルファイ・フルカワ・ワイヤリング・システムズ LLC[Delphi Furukawa Wiring Systems LLC])を参照。

78.　　2006 年、デルファイ・フルカワ・ワイヤリング・システムズ LLC[Delphi Furukawa Wiring Systems LLC]は、トヨタテクニカルセンター[Toyota Technical Center]の近く、ミシガン州アンアーバー市グリーンロード 2311[2311 Green Road in Ann Arbor, Michigan]に 5500 平方フィートのカスタマーサービスセンターを開設した

79.　　2009 年 7 月 30 日、破産裁判所は更正に関する修正計画を承認した。 [文書番号 05-44481, 文書番号 18707] 更正の修正計画は、2009 年 10 月 6 日( 「効力発生日」)に発効した。

80.　　2009 年 10 月 6 日、デルフィ・コーポレーション[Delphi Corporation][(破産により DPH ホールディングス・コーポレーション[DPH Holdings Corporation]と社名変更)は、更正の修正計画の条件を実質的に条項を満たした。 同日、デルファイ・オートモーティブ LLP[Delphi Automotive LLP]Delphi Automotive LLP]は、同社によって所有および管理されている子会社および関連会社を通じて、デルファイ[Delphi]の自動車用ワイヤーハーネス事業を含み、破産したデルファイ[Delphi]のグローバルなコア事業を実施的に取得した。

81.　　有効日後も、デルフィ[Delphi]被告団は、例えば、デルファイ古河ワイヤリング・システムズ LLC[Delphi Furukawa Wiring Systems, LLC]"のトヨタ[Toyota]との供給関係を含み、破産した組織により開拓された自動車ワイヤーハーネスシステムの供給関係を継続した。 デルファイ・オートモーティブ・システムズ LLC[Delphi Automotive Systems, LLC]は、トヨタテクニカルセンター[Toyota Technical Center]の近隣ミシガン州アンアーバー[Ann Arbor, Michigan]にあるデルファイ・アンアーバー・カスタマー・サービス・センター[Delphi Ann Arbor Customer Service Center]を維持および運営している。 2011 年 3 月 15 日、トヨタ[Toyota]は、供給される製品のうち 「ワイヤーハーネ

14

ス」に注目し、2010 年のトップサプライヤーの一つとデルファイ・オートモーティブ[Delphi Automotive]を認めた。

82.　　有効日後も、デルファイ[Delphi]被告団は、本状に主張する共同謀議の助長への参加により、自動車ワイヤーハーネスシステムの販売を継続した。 2009 年 10 月 6 日以降、デルファイ [Delphi]被告団は、米国[United States]において競争力のある価格で大量の自動車ワイヤーハーネスシステムを販売した。 2010 年単独で、Delphi Automotive LLP は、共同謀議による米国の自動車ワイヤーハーネスシステムの多額の売上高を含め、電子/電子アーキテクチャ事業部において、合計売上高を 56 億ドルと報告した。

**デンソー[Denso]被告団**

83.　　被告デンソーコーポレーション[Denso Corp.]は、日本企業である。 被告デンソーコーポレーション(Denso Corp.)は、完全に所有そして/または管制される子会社を通しそして/または直接的に、集団期間中、この区を含めるアメリカ合衆国のいたるところで購入された自動車ワイヤーハーネスシステムを製造、市場に出す、そして/または売却した。

84.　　被告のデンソー国際アメリカ株式会社(Denso International America, Inc.)は、ミシガン州(Michigan)サウスフィールド(Southfield)に主会社を持つ、デラウェア州(Delaware)のコーポレーションである。 親会社であるデンソーコーポレーション(Denso Corp.)により完全に所有そして/または管制される子会社である。 被告のデンソー国際アメリカ株式会社(Denso International America, Inc.)は、集団期間中、この区を含めるアメリカ合衆国のいたるところで 購入された自動車ワイヤーハーネスシステムを製造、市場に出す、そして/または売却した。 集団期間中は全て、当社のアメリカ国内での活動は日本の親会社の管理と指導のもと行われた。

85.　　被告団デンソーコーポレーション(Denso Corp.)とデンソー国際アメリカ株式会社 (Denso International America, Inc.)は、ここにおいて集団的に"デンソー(Denso)被告団"や"デンソー (Denso)"と引用する。

**フジクラ(Fujikura)被告団**

86.    被告フジクラ株式会社[Fujikura Ltd.]は、日本の企業である。 被告フジクラ株式会社[Fujikura Ltd.]は、完全に所有そして/または管制される子会社を通しそして/または直接的に、集団期間中、この区を含めるアメリカ合衆国のいたるところで購入された自動車ワイヤーハーネスシステムを製造、市場に出す、そして/または売却した。

87.    被告のフジクラアメリカ株式会社(Fujikura America, Inc.)は、ジョージア州(Georgia)アトランタ(Atlanta)に主会社を持つ、デラウェア州(Delaware)のコーポレーションである。 ［参考］親会社であるフジクラ株式会社(Fujikura Ltd.)により完全に所有そして/または管制される子会社である。 被告のフジクラアメリカ株式会社(Fujikura America, Inc.)は、集団期間中、この区を含めるアメリカ合衆国のいたるところで購入された自動車ワイヤーハーネスシステムを製造、市場に出す、そして/または売却した。 集団期間中は全て、アメリカ国内でのその活動は日本の親会社の管制と指揮のもと行われた。

88.    被告フジクラ株式会社(Fujikura Ltd.)とフジクラアメリカ株式会社(Fujikura America, Inc.)は、ここにおいて集団的に"フジクラ(Fujikura)被告団"や"フジクラ(Fujikura)"と引用する。

**古河 (Furukawa)被告団**

89.    被告古河電気工業株式会社(Furukawa Electric Co., Ltd.) ("Furukawa Electric")は、日本のコーポレーションである。 被告古河電気工業 (Furukawa Electric)は、完全に所有そして/または管制される子会社を通しそして/または直接的に、集団期間中、この区を含めるアメリカ合衆国のいたるところで購入された自動車ワイヤーハーネスシステムを製造、市場に出す、そして/または売却した。

90.    告のアメリカ古河株式会社(American Furukawa, Inc.)("アメリカ古河(American Furukawa)")は、ミシガン州(Michigan)プリムス(Plymouth)に主会社を持つ、デラウェア州(Delaware)のコーポレーションである。 それは、親会社である古河電気工業 (Furukawa Electric)により完全に所有そして/または管制される子会社である。 被告のアメリカ古河(American Furukawa)は、集団期

16

間中、この区を含めるアメリカ合衆国のいたるところで購入された自動車ワイヤーハーネスシステムを製造、市場に出す、そして/または売却した。 集団期間中は全て、アメリカ国内でのその活動は日本の親会社の管制と指揮のもと行われた。

91. 古河リア・コーポレーション[Furukawa Lear Corporation]および古河リアコーポレーションおよびリア古河コーポレーション[Lear Furukawa Corporation ](「古河ワイヤリング」[Furukawa Wiring]として以前は知られていた原告の古河ワイヤリング・システムズ・アメリカ株式会社[Furukawa Wiring Systems America]は、主たる事業所をテキサス州エルパソ[El Paso, Texas]に置くデラウェア Delaware の企業である。 被告古河ワイヤリング[Furukawa Wiring]は、古河電気工業[Furukawa Electric]が 60%所有し、アメリカ古河[American Furukawa]が 40%所有している。 集団訴訟中、古河ワイヤリング[Furukawa Wiring]は、米国においてワイヤーハーネス製品、流通、または販売したリア・コーポレーション[Lear Corporation]および古河電気工業[Furukawa Electric]の合弁会社として運営された。 2010 年 6 月、 古河電気工業[Furukawa Electric]はリア[ Lear]の残りの株式のすべてを購入した。

92. 被告古河電気工業 [Furukawa Electric]およ、古河アメリカ[American Furukawa]および古河ワイヤリング・システム[Furukawa Wiring]は、ここにおいて集団的に"古河(Furukawa)被告団"または"古河(Furukawa)"と引用する。

### リア[Lear]被告団

93. 被告リア[Lear]はミシガン州サウスフィールド[Southfield, Michigan]に主たる事業所を持つデラウェア州[Delaware]の企業である。 被告リア[Lear]は、完全に所有そして/または管制される子会社を通しそして/または直接的に、集団期間中、この区を含めるアメリカ合衆国のいたるところで購入された自動車 ワイヤーハーネスシステムを製造、市場に出す、そして/または売却した。

94. 被告の キュングシン・リア・セールス・アンド・エンジニアリング[Kyungshin-Lear Sales and Engineering, LLC]は、アラバマ州スレマ[Selma, Alabama]に主たる事業所を持つ、デラウェア州[Delaware]の企業である。 それは、被告リアコーポレーション(Lear Corporation)と韓国(South

Korea)のキュンシンコーポレーション(Kyungshin Corporation)との合併企業である。 被告のキュング

シン・リア・セールス・アンド・エンジニアリング[Kyungshin-Lear Sales and Engineering, LLC]"は、

集団期間の間、この区を含めるアメリカ合衆国[United States]の至る所で購入された自動車ワイヤー

ハーネスシステムを製造、マーケット、それから/または売却した。

95.　　　被告リアコーポレーション(Lear Corp.)とキュングシン・リア・セールス・アンド・

エンジニアリング[Kyungshin-Lear Sales and Engineering, LLC]は、ここにおいて集団的に"リア(Lear)

被告団"や"リア(Lear)"と引用する。

96.　　　リア(Lear)は、2009 年 7 月 7 日に第 11 章、民事再生手続き開始を申し立てた。

2009 年 11 月 9 日の第 11 章破産手続きの発生後、リア(Lear)は共謀の促進への関与の一部として、

あるいはそれに従い、自動車ワイヤーハーネスシステムを売り続けた。 2009 年 11 月から、そして

その後、リア(Lear)は超競争的価格でアメリカ国内での著しい自動車ワイヤーハーネスシステムの売

り上げを持った。 2010 年だけでも、リア(Lear)は、ここに申し立てられた共謀に従うアメリカ国内

での著しい自動車ワイヤーハーネスシステムの売り上げを含める、電気力と管理システムの全販売

の 2.5593 十億ドルを上げた。

## レオニ(Leoni)被告団

97.　　　被告レオニ AG(Leoni AG)は、ドイツのコーポレーションである。 被告レオニ

AG(Leoni AG)は、完全に所有そして/または管制される子会社を通しそして/または直接的に、集団

期間中、この区を含めるアメリカ合衆国のいたるところで購入された自動車ワイヤーハーネスシス

テムを製造、市場に出す、そして/または売却した。

98.　　　被告のレオニ配線システム株式会社(LEONI Wiring Systems, Inc.)は、アリゾナ州

(Arizona)ツーソン(Tucson)に主会社を持つ、デラウェア州(Delaware)のコーポレーションである。 そ

れは、親会社であるレオニ AG(Leoni AG)により完全に所有そして/または管制される子会社である

。 被告のレオニ配線システム株式会社(LEONI Wiring Systems, Inc.)は、集団期間中、この区を含め

るアメリカ合衆国のいたるところで購入された自動車ワイヤーハーネスシステムを製造、マーケッ

18

ト、そして/または売却した。 集団期間中は全て、アメリカ国内でのその活動はドイツの親会社の管制と指揮のもと行われた。

99. 被告の Leonische ホールディング株式会社(Leonische Holding, Inc.)は、アリゾナ州(Arizona)ツーソン(Tucson)に主会社を持つ、デラウェア州(Delaware)のコーポレーションである。 それは、親会社であるレオニ AG(Leoni AG)により完全に所有そして/または管制される子会社である。 被告の Leonische ホールディング株式会社(Leonische Holding, Inc.)は、集団期間中、この区を含めるアメリカ合衆国のいたるところで購入された自動車ワイヤーハーネスシステムを製造、マーケット、そして/または売却した。 集団期間中は全て、アメリカ国内でのその活動はドイツの親会社の管制と指揮のもと行われた。

100. 被告のレオニ・ワイヤ社( Leoni Wire Inc)は、マサチューセッツ州チコピー[Chicopee, Massachusetts]に主会社を持つ、マサチューセッツ州(Massachusetts)の企業である。 それは、親会社であるレオニ AG(Leoni AG)により完全に所有そして/または管制される子会社である。 被告のレオニ・ワイヤ社[Leoni Wire Inc]は、集団期間中、この区を含めるアメリカ合衆国のいたるところで購入された自動車ワイヤーハーネスシステムを製造、流通、および/または販売した。 集団期間中は全て、アメリカ国内でのその活動はドイツの親会社の管制と指揮のもと行われた。

101. 被告レオニ・カベル GmbH[Leoni Kabel GmbH]は、ドイツの企業である。 被告のレオニ・カベル GmbH[Leoni Kabel GmbH]は、集団期間中、この区を含めるアメリカ合衆国のいたるところで購入された自動車ワイヤーハーネスシステムを製造、流通、 または販売した。

102. 被告レオニ AG[Leoni AG]、 レオニ・ワイヤリング・システム株式会社[Leoni Wiring Systems, Inc]、レオニシュ・ホールディングズ[Leonische Holding, Inc.]、レオニカベル社[Leoni Kabel GmbH]、そしてレオニ・カベル GmbH[Leoni Kabel GmbH]は、本状においてレオニ[Leoni]被告団"またはレオニ Leoni と総称する。

**住友(Sumitomo)被告団**

103. 被告住友電気工業株式会社[Sumitomo Electric Industries, Ltd.]は、日本の企業である。

被告住友電気工業株式会社[Sumitomo Electric Industries, Ltd.]は、完全に所有そして/または管制される子会社を通しそして/または直接的に、集団期間中、この区を含めるアメリカ合衆国のいたるところで購入された自動車ワイヤーハーネスシステムを 製造、市場に出す、そして/または売却した。

104.　被告のスミトモ・エレクトリック・ウィンテック・アメリカ[Sumitomo Electric Wintec America, Inc. ]は、ケンタッキー州エドモントン[Edmonton, Kentucky]に主たる事業所を持つ、ケンタッキー州[Kentucky]の企業です。 同社は親会社である住友電気工業株式会社[Sumitomo Electric Industries, Ltd.]により完全に所有および/または管理される子会社である。被告のスミトモ・エレクトリック・ウィンテック・アメリカ[Sumitomo Electric Wintec America, Inc.]は、集団期間中、この区を含めるアメリカ合衆国のいたるところで購入された自動車ワイヤーハーネスシステムを製造、市場に出す、そして/または売却した。 集団期間中は全て、アメリカ国内でのその活動は日本の親会社の管制と指揮のもと行われた。 被告のスミトモ・エレクトリック・ウィンテック・アメリカ[Sumitomo Electric Wintec America, Inc.]は、集団期間中、この区を含めるアメリカ合衆国のいたるところで購入された自動車ワイヤーハーネスシステムを製造、流通、および/または販売した。 集団期間中は全て、当社のアメリカ国内での活動は日本の親会社の管理と指導のもと行われた。

105.　住友電装株式会社[Sumitomo Wiring Systems, Ltd.]は日本企業である。被告住友電装株式会社(Sumitomo Wiring Systems, Ltd.)は、"自動車ワイヤーハーネス分野において世界のトップシェアを誇りをもって持つ"と断言していた 同社は完全に所有そして/または管制される子会社を通しそして/または直接的に、集団期間中、この区を含めるアメリカ合衆国のいたるところで購入された自動車ワイヤーハーネスシステムを製造、市場に出す、そして/または売却した。

106.　被告の住友電気電装株式会社(Sumitomo Electric Wiring Systems, Inc.)は、ケンタッキー州(Kentucky)ボーリンググリーン(Bowling Green)に主会社を持つデラウェア(Delaware)コーポレーションである。 当社は被告住友電気工業株式会社(Sumitomo Electric Industries, Ltd.)と住友電装株式会社(Sumitomo Wiring Systems, Ltd.)との合併企業である。 被告の住友電気電装株式会社(Sumitomo Electric Wiring Systems, Inc.)は、集団期間の間、この区を含めるアメリカ合衆国の至る所で購入され

た自動車ワイヤーハーネスシステムを製造、マーケット、それから/または売却した。 集団期間中は全て、同社のアメリカ国内での活動は日本の合弁企業参加の管理と指導のもと行われた。

　　　107.　　被告の K&S 配線システム株式会社(K&S Wiring Systems, Inc.)は、テネシー州(Tennessee)ラバーン(La Vergne)に主会社を持つデラウェア(Delaware)コーポレーションである。 同社は親会社である住友電気工業株式会社[Sumitomo Electric Industries, Ltd.]により完全に所有および/または管理される子会社である。 被告の K&S 配線システム株式会社[K&S Wiring Systems, Inc.]"は、集団期間中、この区を含めるアメリカ合衆国のいたるところで購入された自動車ワイヤーハーネスシステムを製造、マーケット、そして/または売却した。 集団期間中は全て、アメリカ国内でのその活動は日本の親会社の管制と指揮のもと行われた。

　　　108.　　被告の住友電装(アメリカ)株式会社  (Sumitomo Wiring Systems (U.S.A.) Inc.)は、ミシガン州(Michigan)ノバイ(Novi)に主会社を持つミシガン(Michigan)コーポレーションである。 当社は被告住友電気工業株式会社(Sumitomo Electric Industries, Ltd.)と住友電装株式会社(Sumitomo Wiring Systems, Ltd.)との合併企業である。 被告の住友電装(アメリカ)株式会社  (Sumitomo Wiring Systems (U.S.A.) Inc.)は、集団期間の間、この区を含めるアメリカ合衆国の至る所で購入された自動車ワイヤーハーネスシステムを製造、マーケット、それから/または売却した。 集団期間中は全て、同社のアメリカ国内での活動は日本の合弁企業参加の管理と指導のもと行われた。

　　　109.　　被告住友電気工業株式会社[Sumitomo Electric Industries, Ltd.]、スミトモ・エレクトリック・ウィンテック・アメリカ[Sumitomo Electric Wintec America, Inc.]、住友電装株式会社[Sumitomo Wiring Systems, Ltd.]、スミトモ・エレクトリック・ワイヤリング・システムズ株式会社[Sumitomo Electric Wiring Systems, Inc.]、K&S 配線システム株式会社[K&S Wiring Systems, Inc.]、は、「住友(Sumitomo)被告団」や「住友(Sumitomo)」 と総称する。

**S-Y システム(S-Y Systems)と矢崎(Yakazi)被告団**

　　　110.　　被告 S-Y システムテクノロジーヨーロッパ GmbH(S-Y Systems Technologies Europe GmbH)は、ドイツのコーポレーションである。 被告 S-Y システム(S-Y Systems)は、完全に所有そし

て/または管制される子会社を通しそして/または直接的に、集団期間中、この区を含めるアメリカ合衆国のいたるところで購入された自動車ワイヤーハーネスシステムを製造、市場に出す、そして/または売却した。

111.　被告矢崎コーポレーション(Yazaki Corp.)は、日本のコーポレーションである。　被告矢崎コーポレーション(Yazaki Corporation)は、完全に所有そして/または管制される子会社を通しそして/または直接的に、集団期間中、この区を含めるアメリカ合衆国のいたるところで購入された自動車ワイヤーハーネスシステムを製造、マーケット、そして/または売却した。

112.　被告のS-YシステムテクノロジーアメリカLLC("S-Yシステムテクノロジー(S-Y Systems Technologies)")は、ミシガン州(Michigan)ディアボーン(Dearborn)に主会社を持つデラウェア(Delaware)コーポレーションである。　同社、現在親会社である被告矢崎コーポレーション(Yazaki Corporation)により完全に管制され、そして/またはその子会社により所有されているが、以前は被告S-Yシステム(S-Y Systems)により完全に管制され、そして/またはその子会社により所有されていた。　被告のS-YシステムテクノロジーアメリカLLC[S-Y Systems Technologies America, LLC]は、集団期間の間、この区を含めるアメリカ合衆国[United States]の至る所で購入された自動車ワイヤーハーネスシステムを製造、マーケット、それから/または売却した。　団期間中は全て、アメリカ国内での同社の活動はドイツの親会社、S-Yシステム(S-Y Systems)により所有、管制されているとき、または現在の日本親会社の矢崎コーポレーション(Yazaki Corp.)のどれかの管制と指揮のもと行われた。

113.　被告の矢崎北アメリカ株式会社(Yazaki North America, Inc.)は、ミシガン州(Michigan)タウンシップ(Canton Township)に主会社を持つイリノイ(Illinois)コーポレーションである。　それは、親会社の矢崎コーポレーション(Yazaki Corp.)により完全に所有そして/または管制された子会社である。　被告の矢崎北アメリカ株式会社(Yazaki North America, Inc.)は、集団期間の間、この区を含めるアメリカ合衆国の至る所で購入された自動車ワイヤーハーネスシステムを製造、マーケット、それから/または売却した。　集団期間中は全て、アメリカ国内でのその活動は日本の親会社の管制と指揮のもと行われた。

22

114. 矢崎コーポレーション(Yazaki Corp.)、矢崎北アメリカ株式会社(Yazaki North America, Inc.)、そして S-Y システムテクノロジーアメリカ LLC(S-Y Systems Technologies America, LLC)は、ここにおいて集団的に"矢崎(Yazaki)被告団"や"矢崎(Yazaki)"と引用する。

**東海理化[Tokai Rika]被告団**

115. 被告の東海理化株式会社[Tokai Rika Ltd.]は、日本国東京[Toyota, Japan]に主会社を持つ、日本国豊田市[Toyota, Japan]の企業である。 被告東海理化株式会社[Tokai Rika Ltd.]は、完全に所有そして/または管制される子会社を通しそして/または直接的に、集団期間中、この区を含めるアメリカ合衆国のいたるところで購入された自動車ワイヤーハーネスシステムを製造、市場に出す、そして/または売却した。

116. 被告の 東海理化アメリカ株式会社[Tokai Rika U.S.A. Inc.]として事業を営む TRAM 社[TRAM, Inc.]は、ミシガン州プリモス[Plymouth, Michigan]に主会社を持つミシガン[Michigan]の企業である。 同社は親会社である東海理化株式会社[Tokai Rika Ltd.]により完全に所有および/または管理される子会社である。 集団訴訟中、東海理化米国[Tokai Rika U.S.A.]として事業を営む被告の TRAM, Inc.は、集団期間中、この区を含めるアメリカ合衆国のいたるところで購入された自動車ワイヤーハーネスシステムを製造、市場に出す、そして/または売却した。

117. 東海理化[Tokai Rika Ltd.]および東海理化米国[Tokai Rika U.S.A.]として事業を営む TRAM 社[TRAM Inc.]は、まとめて東海理化[Tokai Rika]被告団または東海理化[Tokai Rika]とする。

**G.S.エレクテック[G.S. Electech Defendants]被告団**

118. 被告の G.S.エレクテック[G.S. Electech Inc.]は、日本国東京[Toyota, Japan]に主たる事業所を持つ、日本国[Japan]の企業である。 被告 G.S.エレクテック[G.S. Electech Inc.]は、完全に所有そして/または管制される子会社を通しそして/または直接的に、集団期間中、この区を含めるアメリカ合衆国のいたるところで購入された自動車ワイヤーハーネスシステムを製造、市場に出す、そして/または売却した。

119. 被告の G.S.ワイヤリングシステム[G.S Wiring Systems Inc.]は、オハイオ州フィンドレ

23

イ[Findlay, Ohio]に主会社を持つ、オハイオ州[Ohio]のコーポレーションである。情 報と信念におい
て、同社は親会社 G.S.エレクテック[G.S. Electech]により完全所有および/または管理される子会社で
ある。 被告の G.S.ワイヤリングシステム[Wiring Systems Inc]は、集団期間中、この区を含めるアメ
リカ合衆国のいたるところで購入された自動車ワイヤーハーネスシステムを製造、マーケット、そ
して/または売却した。

120.　被告の G.S.W.マニュファクチャリング[G.S.W Manufacturing Inc.]は、オハイオ州フィ
ンドレイ[Findlay, Ohio]に主会社を持つ、オハイオ州[Ohio]の企業である。情 報と信念において、同
社は親会社 G.S.エレクテック[G.S. Electech]により完全所有および/または管理される子会社である。
G.S.W.マニュファクチャリング[G.S.W Manufacturing Inc]は自動車ワイヤハーネスシステムの一次お
よび二次のサプライヤを自ら務める。　被告の G.S.W.マニュファクチャリング[G.S.W Manufacturing
Inc.]は、集団期間中、この区を含めるアメリカ合衆国のいたるところで購入された自動車ワイヤー
ハーネスシステムを製造、マーケット、そして/または売却した。

### 仲介者と共同共謀者

121.　各被告は行為、違反、申し立てられた行為の共通の行動に関して、その他の被告の
仲介者、あるいは主犯として行動していた。

122.　様々な人々、共同経営、単独所有者、会社、コーポレーション、それからこの訴訟
の被告として名前が挙げられていない構成員、更に現在身元不明である構成員は、この告訴の申し
立てられた違反において被告と共に共同共謀者として参加し、陰謀の促進、あるいは反競争行為の
促進においての声明をし、行為を行った。

123.　この告訴参考事項は、どのような行為、行動、あるいはどのコーポレーションの処
理または、限られた責任実体に製作されるときはいつでも、申し立てというのは、彼らが積極的に
コーポレーション、または限られた責任実体の商売、事件の経営、指揮、コントロール、あるいは
処理に従事すると同時に、その役員、管理者、仲介人、従業員、あるいは代理人によって、または

通した行為、行動、処理に従事したコーポレーション、または限られた責任実体を意味する。

## 事実に基づく申し立て

### A.　自動車ワイヤーハーネスシステム産業

124.　自動車ワイヤーハーネスシステムは、自動車の"中枢神経系"を構成し、乗物の至る所に通っているデータ回線とワイヤー、あるいはケーブルから成り立つ。　安全と基礎機能を確実にするため(例、運行、方向転換、停止)、快適さと便利を提供することはもちろん、自動車は、バッテリーから供給される電力で走るコントロール信号を使うことにより操作する様々な電子が装備されている。　動車ワイヤーハーネスシステムは、これらの信号と電力の伝達用のコンジットである。図 1 と 2 を参照.



図 1



図 2

　　　　125.　　自動車用電気配線は、車両内を走る配線である。

　　　　126.　　高電圧の配線は、ハイブリッド、燃料電池または電動パワートレイン搭載車に不可欠である。

　　　　127.　　リード線は電源から電極ホルダまたはグループクランプに電流を運ぶワイヤを接続する。

　　　　128.　　ケーブルの結合は、ケーブルの外装またはシースおよび隣接するケーブルまたは外装のワイヤ間の電気的接合である。

　　　　129.　　自動車の配線コネクタは、自動車に様々なワイヤーを接続します。　減少した電流を運ぶワイヤコネクタは小型化の傾向がある。その一方で負荷が大きくなると大型化する傾向にある。　自動車の配線コネクタは、スナップ、スライド、または一緒にクリッピングすることができる。

　　　　130.　　自動車の配線端子は、外部回路へ接続ポイントを提供するワイヤの端である。

　　　　131.　　電気制御ユニットは、自動車で 1 つ以上の電気系統またはサブシステムを制御する埋め込まれているモジュールまたはシステムである。　自動車には、多数の電子制御ユニットが装備され、自動車の様々な機能を操作したり、相互に大量にデータを交換している。

　　　　132.　　ヒューズボックスとは様々な電気回路用ヒューズが収められているモジュールのこ

26

とであり、電気回路はすべてヒューズボックスを介している。 電気ヒューズの主な目的は、短絡または電流スパイクまたは過負荷時の被害から回路上の部品を保護することにある。 車両には電気回路を保護するために必要なヒューズがいくつかある。

133. リレーボックスは、コンポーネントから別のコンポーネントにインパルスを通過させる電気スイッチが収められていて、回路内の電流の流れを接続したり切ったりするの使用することができる。 リレーが有効になると、特定のコンポーネントまたはアクセサリに電気的または他のデータ供給を接続する。

134. ジャンクションブロックは、配電または接地の配分のための電気的接続ポイントとして使用される。

135. パワーディストリビューターは、様々な電気部品に様々なレベルで電力を分配する。

136. スピードセンサーのワイヤーアセンブリは、アンチロックブレーキシステム("ABS")と共に自動車に取り付けられる。 速度センサワイヤアセンブリは、各タイヤのセンサを ABS に接続し、センサからの電気信号を ABS に運び、ブレーキをかけるタイミングを指示する。

137. 自動車ワイヤーハーネスシステムは、自動車製造過程の一部として新自動車に自動車オリジナル装備製造業者("OEM")によりインストールされる。 それらは更に、使い古された、欠点のある、あるいは損傷した自動車ワイヤーハーネスシステムを取り替えるために車にインストールされる。

138. 新自動車用に、OEM—主にホンダ(Honda)、トヨタ(Toyota)、ボルボ(Volvo)、ゼネラルモーターズ(General Motors)のような大規模な自動車製造業者—は、被告から直接自動車ワイヤーハーネスシステムを購入している。 自動車ワイヤーハーネスシステムは更に、OEM にそのようなシステムを供給する部品製造業者によって購入されることがある。 T これらの部品製造業者はさらに、業界では「1 次メーカー」と呼ばれる。1 次メーカーは、OEM に直接自動車ワイヤーハーネスシステムを供給する。

139. 自動車ワイヤーハーネスシステムと関係する製品を購入するとき、OEM は自動車部

27

品供給業者に見積額のリクエスト("RFQ")を発する。　自動車部品供給業者は見積額、またはつけ値を RFQ の返答として OEM に提出し、OEM は、通例、選ばれた自動車部品供給業者に 4 年から 6 年の商取引を与える。　一般的に、せり過程は新しいモデルの製造の始まるおよそ 3 年前に始まる。日本の OEM は、日本とアメリカ両方のアメリカ製乗用用の部品を獲得する。

140.　被告と共同共謀者は、アメリカとどこか他の所で製造し、売却した乗物のインストール用の OEM に自動車ワイヤーハーネスシステムを供給した。　被告と共同共謀者は、自動車ワイヤーハーネスシステムを(a)アメリカで製造され、売却される乗物のインストール用にアメリカ、(b)アメリカで製造され、売却される乗物のインストールとアメリカへの輸出用に日本、それから(c)アメリカへ輸出し、売るために日本で製造した乗物のインストール用に日本で製造した。

141.　原告団と提案された集団のメンバーは、一人、あるいはそれ以上の被告から間接的に自動車ワイヤーハーネスシステムを購入した。　例によって、乗物の所有者は、新しい乗物を購入、または借りることの一部として被告から自動車ワイヤーハーネスシステムを間接的に購入していることがある。　乗物の所有者は更に、損傷した乗物の修理をするとき、あるいは乗物の自動車ワイヤーハーネスシステムに欠点のあるという場合、被告から自動車ワイヤーハーネスシステムの取替え品を間接的に購入することがある。

142.　世界的な自動車ワイヤーハーネスシステムマーケットのサイズは 2009 年にアメリカドル＄21.9 十億に達し、2010 年にはアメリカドル、＄29 十億までの 32.2 パーセント増大した。　中国の、インターナショナルマーケット調査とマーケットデータの主要出所による研究によると、自動車ワイヤーハーネスシステムマーケットは、だんだん増えていて、2012 年にはアメリカドル＄32 十億になることを予期している。

143.　世界的な自動車ワイヤーハーネスシステムマーケットは、大規模な製造業者により支配され、コントロールされていて、上部 6 位の世界的マーケットのほぼ 90 パーセントをコントロールするのは被告である；それらの、世界的マーケットのほぼ 77 パーセントをコントロールする 4 位である。　図 3 と 4 を参照。

28

自動車ワイヤーハーネスの世界の主要製造業者のマーケット占有率、**2009 年**



図 3

世界中の自動車ワイヤーハーネス製造業者による収益の順位、2009 年

| | Revenue in 2009 (US$ M) |
|---|---|
| Yazaki | 7,548 |
| Sumitomo | 6,172 |
| Delphi | 4,230 |
| Leoni | 1,531 |
| Furukawa | 914 |
| Lear | 1,190 |
| Coroplast | 400 |
| THB Group | 136 |
| Fujikura | 682 |
| YURA | 404 |
| Comba | 98 |
| Others | 2,012 |

図 4

144.    矢崎(Yazaki)は、2009 年の時点で自動車ワイヤーハーネスシステムの世界的なマーケットのほぼ 30 パーセントを占めた。 そのウェブサイトで述べているように、その自動車ワイヤーハーネスシステムは、"日本の全ての自動車製造業者で使用"されていて、その上、"世界的マーケットのトップの占有率を指揮している" 実際、矢崎(Yazaki)の販売数の 77 パーセントは自動車ワイヤーハーネスであり、それからその 2007 年の販売の 37 パーセントは西半球である。 矢崎(Yazaki)の最大消費者は、トヨタ(Toyota)に継ぎ、クライスラー(Chrysler)であり、それからフォード(Ford)、そしてレノルト・日産(Renault-Nissan)、それからホンダ(Honda)、そして最後にゼネラルモーターズ(General Motors)である。 西半球で、同社はクライスラー一(Chrysler)、フォード(Ford)、ゼネラルモーターズ(General Motors)、ホンダ(Honda)、イスズ(Isuzu)、マツダ(Mazda)、三菱(Mitsubishi)、日産(Nissan)、レノルト(Renault)、スバル(Subaru)、それからトヨタ(Toyota)を供給する。

30

145.　被告住友(Sumitomo)は、自動車ワイヤーハーネスシステムの第二に大規模な製造業者であり、世界的マーケットの 24 パーセントをコントロールする。

146.　被告デルフィ(Delphi)は、2009 年の時点で自動車ハーネスシステムの第三にメーカーである。　同社は世界的マーケットの 16.71 パーセントを占める。　同社の 2 つの大規模消費者はゼネラルモーターズ(General Motors)とフォード(Ford)である

147.　被告リア(Lear)は、自動車ワイヤーハーネスシステムの世界的マーケットのほぼ 5 パーセントをコントロールする。　リア(Lear)は、トヨタ(Toyota)、ゼネラルモーターズ(General Motors)、フォード(Ford)、それからビーエムダブリュー(BMW)を供給する。

148.　被告古河(Furukawa)は、自動車ワイヤーハーネスシステムの世界的マーケットのほぼ 4 パーセントをコントロールしている。

149.　被告レオニ(Leoni)は、自動車ワイヤーハーネスシステムの世界的マーケットの 6 パーセントをコントロールしている。

150.　マーケット占有率の効力により、被告はアメリカと世界の自動車ワイヤーハーネスシステムの支配的な製造業者と供給業者である。

**B.　被告は、安定した費用にもかかわらず、**
**　　　自動車ワイヤーハーネスシステムの価格を増大した。**

151.　競争的なマーケット上で、素材と労働費用の下落は減少した価格につながる。なぜならば、各競争相手は、他の競争相手がマーケット占有率を占領するために彼らの価格よりも他のより低価格な利益を利用しようとする試みをすることを恐れるからである。　そういった状況での唯一の経済上合理的な筋は、各競争相手により、自身の価格を下げるということであるからである。

152.　競争相手が価格を設定する陰謀に従事しているマーケット上では、しかしながら、競争相手は一定、あるいは投入費用の低下に直面しているときでも価格を下げることはしない。　ういった価格の低下は、競争相手は彼らは低価格の競争相手に市場を失うことがないということを知っているので不必要なのである。

31

153.　大半の投入費用が事実上同じ位置にとどまっている一方、集団期間の間、自動車ワイヤーハーネスシステムの価格が増大した。　実際、中国の研究によると、住友(Sumitomo)と古河(Furukawa)は、自身の銅鉱山を所有しており、自身の銅 投入費用を効果的にコントロールしている。　銅は、自動車ワイヤーハーネスシステムの製造において大半の投入費用構成要素である。　競争的なマーケット上で、安定した投入費用が、自動車ワイヤーハーネスシステムの被告の顧客の価格高騰の結果になるはずがないのだ。　そういった反競争的な価格の高騰が、超過した競争的価格を払っている集団のメンバーと原告団の結果となった。

**C.　自動車ワイヤーハーネスシステムマーケット**
**　の構造と特性は陰謀をより妥当にさせている。**

154.　アメリカ[United States]の自動車ワイヤーハーネスシステムマーケットの構造とその他の特性は、価格固定協定に伝導性があり、このマーケット上で共謀を特に魅力的にさせている。とりわけ、自動車ワイヤーハーネスシステムマーケットは、：(1)加入するのに高いバリヤーがある；(2)需要の適応性の不可がある；(3)非常に集中している；それから(4)陰謀をたくらむ機会に満ちている。

**1.　自動車ワイヤーハーネスシステムマーケットは**
**　参入障壁が高い。**

155.　製品価格を競争レベル基準より上に引き上げる共謀の計画は、基礎経済根本方針の基、超過した競争的価格から利益を求める新しい参加者を引き付けるものだった。　しかしながら、高い参入障壁のために、新規参入者はいそうにもないことである。　このように、加入へのバリヤーは、カルテルの維持と構成を容易にする手助けとなっている。

156.　自動車ワイヤーハーネスシステムマーケットへのより困難な加入を減少する、あるいはつくることを前もって不可能にする堅固なバリヤーがある。　事業への新しい参加者は、製造の施設と機器、エネルギー、運送、配布構造基盤、熟練した労働、それから長年続いている顧客関係に関係する何百万ドルもの費用を含めた費用のかかる、且つ大変長い操業開始費用に直面するものであった。

32

157.　更に、OEM は、彼らが一つ選んだ後は自動車ワイヤーハーネスシステムを供給業者にランダムに変えることはできない。なぜならば、OEM は、乗物用に購入する自動車ワイヤーハーネスシステムが、電気回路と部品、機械工、熱配電、それからその他の特定の乗物のモデルの特徴に統一されるために彼らの乗物の特徴をデザインするためである。　このように、デザインは自動車ワイヤーハーネスシステム製造業者と OEM により共同作用化されなくてはならない。　新規参入は困難である。

### 2.　自動車ワイヤーハーネスシステム
### 用の需要の適応性の不可がある。

158.　"適応性"は、一つやその他の変更への要求と供給の感受性の特徴を述べるのに使用された専門用語である。　例を挙げると、需要は製品価格の高騰が製品が売れた場合の数量のただ小さな低下という結果になる場合、"適応性不可"であると言われる。　別の言い方をすると、顧客は代わりの、類似した質のより安い製品に変えるのにどこにもないので、価格の高騰にかかわらず購入し続ける。

159.　競争レベルを超過した価格の引き上げから利益を得るカルテルのため、需要は競争的価格で比較的適応性不可でなくてはならない。　さもなければ、高騰した価格は、顧客が代用の製品を購入、または完全に購入することを拒否するので、販売、総利益、そして利益を低下する結果となるであろう。　適応性不可需要は、製造者が顧客の代用品のきっかけとなったり、販売総利益失うことなく彼らの価格を引き上げることを可能にする共謀を容易にするマーケットの特徴である。

160.　自動車ワイヤーハーネスシステムの需要は非常に適応性不可である。　自動車ワイヤーハーネスシステムの需要は、これらの製品の類似した代用品がないので適応性不可である。　その上、顧客は価格が超過した競争レベルにキープされている場合でも、乗物のきわめて重要な部分なので自動車ワイヤーハーネスシステムを購入しなくてはならない。

### 3.　自動車ワイヤーハーネスシステムの
### マーケットは非常に集中している。

161.　非常に集中したマーケットは共謀とその他の反競争的業務により影響を受けやすい。

33

162. 上述の通り、被告は自動車ワイヤーハーネスシステムマーケットを統治している。被告の 6 つは世界的マーケットのほぼ 90 パーセントをコントロールし、被告の 4 つは世界的マーケットのほぼ 77 パーセントをコントロールしている。：矢崎(Yazaki)は、ほぼ 30 パーセントをコントロールする；住友(Sumitomo)は、24 パーセントをコントロールする；デルフィ(Delphi)は 16.71 パーセントをコントロールする；リア(Lear)は、ほぼ 5 パーセントをコントロールする；古河(Furukawa)は、ほぼ 4 パーセントをコントロールする；それからレオニ(Leoni)は、6 パーセントをコントロールルする。

**4. 被告には共謀するのに十分な機会があった。**

163. 被告は、彼らが会合する機会である工業イベントに参加し、正当な事業連絡を装って不法な討論を行い、更に陰謀の促進と実施に必要不可欠な行為を行った たとえば、被告およびその共謀者は、ミシガン州デトロイト[Detroit, Michigan]で開催される毎年恒例の北米国際オートショー[North American International Auto Show ]("NAIAS") およびネバダ州ラスベガス[Las Vegas, Nevada]の自動車アフターマーケット製品博覧会[Automotive Aftermarket Products Expo]に定期的に参加してきた。 確かに、NAIAS のウェブサイトによれば、被告デンソー[Denso]は 2012 年 1 月 22 日から 1 月 9 日に開催されたイベントのプレミアスポンサーを務めた。

**D. 政府調査**

164. 国際的に調整された独占禁止調査は、自動車ワイヤーハーネスシステムの供給業者に向けた、アメリカ合衆国、ヨーロッパ、日本で行われている。

165. 欧州委員会[European Commission](EC)に告訴を起こすためにいくつかのヨーロッパ[European]の OEM が集まる結果としてヨーロッパで調査が生じた。 一つの自動車製造業者は、自動車ワイヤーハーネスシステム用の競争的つけ値を引き付けるのに失敗し、会社が彼らの不服申し立てを EC に持っていくために他の自動車製造業者に参加するに至ったと述べている。

166. 2010 年 2 月 8 日、EC は、自動車ワイヤーハーネスシステムの販売と製造に関係のある反競争的行為への調査の一部としてある被告のヨーロッパ会社で不意の踏み込みを執行した。

34

EC ヨーロッパ委員会競争当局は更に、2010 年 6 月 7 日、自動車ワイヤーハーネスシステムのいく
つかの供給業者のヨーロッパの会社で追加の踏み込みを行った。 特に、EC ヨーロッパ委員会競争
当局調査者は、レオニ(Leoni)、S-Y システム(S-Y Systems)、それから矢崎(Yazaki)の会社を手入れし
た。 委員会は、カルテルと制限的な商習慣を禁止するヨーロッパ連合独占禁止規約に違反している
かもしれない会社関係者であると信じる理由があります。"と EC ヨーロッパ委員会競争当局役員は
声明で述べた。

167.　　被告団 S-Y システム(S-Y System)とレオニ(Leoni)は、彼らが独占禁止調査に共同して
いるということを認めた。 リア(Lear)の最高業務執行者のボブ・ロシター(Bob Rossiter)は、リア
(Lear)が、自動車電気と電機構成部分供給業者の間の反競争的実施への調査の一部であるということ
を EC により通告されたということを述べた。 更に、デルフィ(Delphi)は、"電気と電気構成部分マ
ーケットに関係するヨーロッパ連合の調査に関連して我々による執行について情報を求めているヨ
ーロッパ委員会で独占禁止権威から情報の要請を受けた"ということを認めた。 デルフィ(Delphi)は
、ヨーロッパ競争権威に完全に協力しているということを述べた。 レオニ(Leoni)は更に、独占禁止
調査者に協力しているということを述べた。

168.　　2010 年 2 月、日本の公正取引貿易委員会は、少なくとも 2003 年まで戻る日付の工
業の共謀の拡張的な調査の一部として古河(Furukawa)、住友(Sumitomo)、矢崎(Yazaki)の東京(Tokyo)
の会社に手入れをした。

169.　　DOJ は、ヨーロッパの独占禁止取締り人と共にその調査の調整をし、潜在的な独占
禁止活動の調査を行っていると述べた。 "独占 禁止課は、自動車電気構成部分供給業者の反競争的
カルテル遂行の可能性を調査しています。"と公正課代弁者のジーナ・タラモナ(Gina Talamona)は述
べた。

170.　　実際、2010 年 2 月 23 日、日本とヨーロッパ競争権威による踏み込みと大体同じ時
期に、米国連邦捜査局(FBI)からの調査者は、3 つのデトロイト(Detroit)付近の日本自動車部品メーカ
ーに連邦独占禁止調査の一部として手入れをした。 米国連邦捜査局(FBI)は、令状を執行し、ミシ

35

ガン州(Michigan)カントン郡区(Canton Township)の矢崎(Yazaki)の子会社をはじめ、デンソー[Denso]、東海理化[Tokai Rika]を含む、これら企業の事務所を捜索した。 特殊エージェントのサンドラ・バークトールド(Sandra Berchtold)は、令状の発行の宣誓供述サポートは連邦法廷で調印されたと述べた。

171. 捜索令状を得るために、アメリカは行政官により受諾された、合法的に捜索令状を執行する結果として独占禁止違反の証拠を得るであろうということを信じる可能性のある原因を手に入れることを必要とした。 ―それは、アメリカは、見せかけでは合法の事業の会社の踏み込みが独占禁止違反の証拠を暴露するということを信じる道理にかなった注意人物を請合うのに十分な証拠をえなければならなく、更にその得た証拠は行政官により調査され、受諾されなくてはならなかった。 宣誓によって結ばれた宣誓供述書、または証言に列挙されたこの信念は、ほどよく信頼できる情報に置かれなくてはならなかった。

**E.**     **有罪答弁**

172.   2011 年 9 月 29 日、DOJ は被告古河電気工業(Furukawa Electric)は、有罪の認めることに同意し、自動車ワイヤーハーネスシステムの販売に関係するつけ値人為的不正操作と法外な価格固定の陰謀の役割として 2 億ドルの罰金を支払うということを公表した。

173.   古河電気工業[Furukawa Electric]は、シャーマン(Sherman Act)条例の違反である価格固定に課されている。

174.   古河電気工業[Furukawa Electric]は、アメリカとどこかほかの所で自動車ワイヤーハーネスと関係する製品が自動車製造業者に売られた販売の価格を固定、それからつけ値を人為的不正に操作する陰謀の役割で罪状を認めた。 DOJ は、古河電気工業[Furukawa Electric]は、少なくとも早くも 2000 年 1 月から、少なくとも 2010 年 1 月まで陰謀に参加していたということを公式発表で公表した。

175.   本件で議論された答弁同意は、自動車部品工業のつけ値人為的不正操作と価格固定の継続している国際的なカルテル調査で DOJ の初めの負担の当然の結果である。 ミシガン州

36

(Michigan)の東部地区デトロイト(Detroit)のアメリカ合衆国連邦地方裁判所に提起された 4 つの別々の 1 訴因重罪負担によると、古河電気工業[Furukawa Electric]とその取締役—布野　純一(漢字チェック)(Junichi Funo)、永田　弘嗣(Hirotsugu Nagata)、それからウカイ　哲也(Tetsuya Ukai)—は、アメリカとどこかほかの所で顧客に売られた自動車ワイヤーハーネスシステムの価格の維持と固定、つけ値の人為的不正操作と設定の陰謀に従事した。

176.　提出された情報によると、古河電気工業[Furukawa Electric]とその共同共謀者は以下によって陰謀を行った：

(a)　アメリカとどこかほかの所で自動車製造業者に提出された価格見積り額とつけ値を論議するためにアメリカと日本で会合、対談、それから連絡に参加する。

(b)　アメリカとどこかほかの所で自動車製造業者に提出された価格見積り額とつけ値に対してこれらの会合、対談、それから連絡の間に同意する。

(c)　メリカとどこかほかの所でモデルごとによる基準での自動車製造業者に売られた自動車ワイヤーハーネスシステムの供給を割り当てるために、これらの会合、対談、それから連絡の間に同意する。

(d)　アメリカとどこかほかの所で自動車製造業者により要請された価格調整を調整するため、これらの会合、対談、それから連絡の間に同意する。

(e)　アメリカと達成した同意の一致でのどこかほかの所で自動車製造業者につけ値、価格見積もり額、それから価格調整を提出する。

(f)　アメリカとどこかほかの所で共謀且つ、非競争の価格で自動車製造業者に自動車ワイヤーハーネスシステムを売る。

(g)　アメリカとどこかほかの所で共謀且つ、非競争の価格で自動車製造業者に売った自動車ワイヤーハーネスシステムの支払いを受理する。

(h)　アメリカとどこかほかの所で同意上でつけ値人為的不正操作、さらに価格固定計画に対する固守を監視し、強化する目的で会合、対談、それから連絡に従事する。および、

37

(i) 暗号名の使用と私有住宅、あるいは都会から離れた場所での会合だけに限らず含む、彼らの遂行機密を守るための手段を使用する。

177. この国際的な価格固定とつり値人為的不正操作陰謀の結果として、自動車製造業者は、アメリカの消費者に売られた車の部品用に非競争的でより高い価格を払うことになりました。"と裁判局の独占禁止課の責任者である事実上アシスタント司法長官のシャリス・A・ポーゼン(Sharis A. Pozen)は言いました。"このカルテルは、我々の国家の経済の重要な工業を害し、さらに調査連邦局と共に独占禁止課は、こういった陰謀を阻止することを確実にするために共同で働き続けるつもりです。"

178. "会社が固定したつり値と契約をコントロールし、値段をつける提携をするとき、アメリカの経済システムの基盤を傷つけることになります。"と米国連邦捜査局(FBI)エージェント責任者のアンドリュー・G・アレイナ(Andrew G. Arena)は言いました。"米国連邦捜査局(FBI)は、独占禁止犯罪に関係したどの会社も積極的に追跡することに専心しています。"

179. 2011年11月14日の抗弁と刑宣告審問で、被告の古河電気工業(Furukawa Electric)は罪状を認め、45日間以内に2千億ドルの罰金を支払うように命令を受けた。 この審問で、被告の古河電気工業(Furukawa Electric)は下記のように共謀への関与を説明した：

情報に載せられている時期から、つまりおよそ2000年の1月から2010年1月まで、私の会社の役員と従業員は自動車ワイヤーハーネス製品を同様に製造し販売する競争者の従業員と討議をしました. ..．こういった討議は面と向かって、あるいは電話により行われました。 討議はアメリカ国内やその他で行われました。

そういった. . 会議と会話の間、共謀は形成され、種類別基礎での自動車製造会社へ売られた関係する製品と自動車ワイヤーハーネスシステムの供給を配分し、自動車ワイヤーハーネスと関係する製品の自動車製造会社への見積もりの付け値を偽装することに同意は達しました。

それゆえ、これらの会議の結果として、私の会社は競争相手とつくった違法な価格操作同意の対象となる自動車ワイヤーハーネスシステムと関係する製品を生産し、販売しました。 これらの製品とこれらの製品への支払い金は州間と外国貿易を行き来し、州間と外国通商と貿易に著しい影響を与えました。

この罪状同意の目的として、2000 年 1 月から 2010 年 1 月の期間の間、アメリカ自動車製造会社に影響する関係する製品と自動車ワイヤーハーネスシステムの私どもの販売はおよそ 839 百万ドルに総計しました。

最後に、共謀により影響した製品のいくつかはここ、ミシガン州(Michigan)東地区(Eastern District)に位置する子会社〔アメリカ古河(American Furukawa)〕のひとつにより自動車製造会社に売られたということを裁判所に指摘します。

抗告&刑宣、アメリカ合衆国対古河電気工業会社(Furukawa Electric Co.)番号 11-cr-20612(東地区ミシガン(E.D. Mich.))、14-16。

180.   古河電気工業[Furukawa Electric]の重役である布野(Funo)、長田(Nagata)、そしてウカイ(Ukai)もまたこの公開裁判で不法な企業連合への参加を認めた:

(a)   2011 年 10 月 24 日の有罪答弁審問で、布野（Funo）氏は、"一億ドル以上の額の非競争的相見積もりを提出することへの同意"に関与したことを認めた。 この同意の目的は、"自動車部品工業の競争を抑圧し除去する"ということであった。布野（Funo）氏自身の発言の中、彼は主として自動車ワイヤーハーネスシステムの"自動車製造部品ようの価格の同意と共謀者との会議"をしたことについて被告団と共に不法な共謀を促進した。 彼は、個人的に被告団が相見積もりを偽装することを含める自動車ワイヤーハーネスシステムの価格への同意をした共謀を促進する"いくつかの"不法な会議に関与した。 ミシガン州（Michigan）東地区内で起こった会議のいくつかと布野（Funo）氏はミシガン州（Michigan）東地区内の彼らの主事業での事業にこの不法同意が影響を与えただろうということを認めた。布野（Funo）は、価格固定された自動車ワイヤーハーネスシステムがアメリカ国内のいくつかの異なる州で売られていたこと、そしてアメリカ国内での競争を傷つけ、防いだということを指摘した。 同氏の罪状認否に基づき、布野（Funo）は、12 ヶ月の禁錮、罰金 20,000 ドルを科せられ、DOJ の進行中の捜査に協力することを約束させられた。

(b)   2011 年 10 月 24 日、古河(Furukawa)取締役、長田弘嗣(Hirotsugu Nagata)に対する有罪答弁ヒアリング。古河(Furukawa)取締役、長田　弘嗣(Hirotsugu Nagata)は"一億ドル以上の額の非競争的相見積もりを提出することへの同意"に関与したことを認めた。この同意の目的は、

"自動車部品工業の競争を抑圧し除去する"ということであった。長田(Nagata)氏自身の発言の中、彼は主として自動車ワイヤーハーネスシステムの"自動車製造部品用の価格〔の〕いくつかへの同意と共謀者〔との〕会議"をすることにより、被告団と共に不法な共謀を促進した。彼は、個人的に付け値の不正操作を含め、被告団が自動車ワイヤーハーネスシステムの価格への同意をした共謀を促進する"いくつかの"不法な会議に関与した。ミシガン州(Michigan)東地区内で起こった会議のいくつかの会議と長田(Nagata)氏はミシガン州(Michigan)東地区内の彼らの主事業での事業にこの不法同意が影響を与えただろうということを認めた。長田(Nagata)氏は、価格固定された自動車ワイヤーハーネスシステムがアメリカ国内のいくつかの異なる州で売られていたこと、そしてアメリカ国内での競争を傷つけ、防いだということを指摘した。抗弁は、長田(Nagata)氏に 15 カ月の懲役刑、20,000 ドル罰金、そして継続する調査への長田(Nagata)氏の協力を考えている。

(c)　　2011 年 11 月 10 日の有罪答弁審問で、古河(Furukawa)重役のウカイ哲也(Tetsuya Ukai)は、彼が"部品—その他の供給者と自動車部品への価格を固定する(した)"ことを述べた。　彼は、"ワイヤーハーネスと関係する製品に関する相見積もりを不正操作し価格を固定するため"に競争者と会ったということを承認し、価格固定の会議はアメリカ国内とその他の両方で行われたということを認めた。　彼はまたこの価格固定が、古河(Furukawa)子会社－おそらくアメリカ古河(American Furukawa)を通してミシガン州(Michigan)の東地区を含め、アメリカ国内とその他の貿易に影響を与えただろうということも承認した。　更に、ウカイ(Ukai)氏は、貿易が 1 億ドル(100-million)を超えて影響したことも同意した。　彼の抗弁として、ウカイ(Ukai)氏は 18 ヶ月懲役を勤め、共謀への彼の役割として 20,000 ドルの罰金を払うことに同意した。

181.　被告古河(Furukawa)、そして布野(Funo)氏、長田(Nagata)氏、そしてウカイ(Ukai)氏の全員は、自動車部品工業の継続する調査への DOJ を援助することに同意した。

182.　2012 年 1 月 30 日、DOJ は、矢崎(Yazaki)が 470 百万ドルの罰金を支払い、矢崎(Yazaki)に下記を課す 3 つの訴因犯罪情報への罪状を認めることに同意した。：(1)シャーマン法 15 U.S.C §1 の違反である、早くとも 2000 年 1 月から少なくとも 2010 年 2 月まで続く、アメリカ国内

と その他で特定の自動車製造業者に売られた関係する製品と自動車ワイヤーハーネスの価格の見積もりを不正操作し、固定し、安定し、維持することに同意することにより自動車部品工業の競争者を抑制し、除去することを共謀者と共に共謀し連合に関与したこと、(2)シャーマン法 15 U.S.C § 1 の違法である、早くとも 2002 年の 12 月から少なくとも 2010 年 2 月まで続く、アメリカ国内とその他で特定の自動車製造業者に売られた計器盤クラスターの価格の見積もりを不正操作し、固定し、安定し、維持することに同意することにより自動車部品工業の競争を抑圧し、除去することを共謀者と共に共謀し連合に関与したこと、    .(3) シャーマン法 15 U.S.C § 1 の違法である、早くとも 2004 年の 3 月から少なくとも 2010 年 2 月まで続く、アメリカ国内とその他で特定の自動車製造業者に売られたフューエル・センダの価格の見積もりを不正操作し、固定し、安定し、維持することに同意することにより自動車部品工業の競争を抑圧し、除去することを共謀者と共に共謀し連合に関与したこと。

183.  矢崎(Yazaki)に加え、矢崎[Yazaki Coporation]からの重役 4 人(全て日本国民)－花村恒明(Tsuneaki Hanamura)、桑井良治(Ryoji Kuwai)、小川茂(Shigeru Ogawa)、そして高田久光(Hisamitsu Takada)－は、シャーマン法 15 U.S.C § 1 の違法である、アメリカ国内とその他で特定の自動車製造業者に売られた自動車ワイヤーハーネスの価格の見積もりを不正操作し、固定し、安定し、維持することに同意することにより自動車部品工業の競争を抑圧し、除去することを共謀し連合に関与したことの罪を認めた。    これらの矢崎(Yazaki)の 4 人の重役は、15 ヶ月から 2 年間の範囲で懲役を勤めることとなる。 2 年の処罰はシャーマン法の違反のアメリカ司法権に自発的に提出する外国国民に課される投獄の最長期間となる。

184.  2012 年 3 月 26 日、DOJ は、被告デンソー(Denso)がが全 78 百万ドルの罰金を支払い、デンソー(Denso)に下記を課す 2 つの訴因犯罪情報への罪状を認めることに同意したことを公表した。: (1)シャーマン法 15 U.S.C § 1 の違反である、早くとも 2000 年 1 月から少なくとも 2010 年 2 月まで続く、アメリカ国内とその他で自動車製造業者に売られた電子制御ユニットの価格の見積もりを不正操作し、固定し、安定し、維持することに同意することにより自動車部品工業の競争を抑

41

制し、除去することを共謀者と共に共謀し連合に関与したこと、2)シャーマン法 15 U.S.C§1 の違法

である、早くとも 2000 年 1 月から少なくとも 2010 年 2 月まで続く、アメリカ国内とその他で自動

車製造業者に売られたヒーター制御盤の価格の見積もりを不正操作し、固定し、安定し、維持する

ことに同意することにより自動車部品工業の競争を抑圧し、除去することを共謀者と共に共謀し連

合に関与したこと。　　ここに述べられた"電子制御ユニット"は、この告訴に申し立てられた自動

車ワイヤーハーネスシステムの定義の中に含まれている( *上記 3 項* を参照)。

　　　185.　　2012 年 4 月 3 日、DOJ は、被告 G.S.エレクテック[G.S Electech Inc]が、シャーマン

法[Sherman Act]15 U.S.C§1 に違反し、早くとも 2000 年 1 月から遅くとも 2010 年 2 月まで、アメリ

カ国内とその他で自動車製造業者に売られたスピードセンサワイヤ組み立て部品の価格の見積もり

を不正操作し、固定し、安定し、維持することに同意することにより、自動車部品工業の競争を抑

制し、除去することを共謀者と共に共謀し連合に関与したこと対して、275 万ドルの罰金を支払い

、G.S.エレクテック[G.S Electech Inc.]に下記を課す 1 つの訴因犯罪情報への罪状を認めることに同意

したことを公表した。　　本書に記載された「スピードセンサーワイヤー組み立て部品」は、本訴

状に申し立てられる自動車ワイヤーハーネスシステムの定義に含まれる( *前掲* 、第 3 段を参照)

　　　186.　　2012 年 4 月 23 日、DOJ は、シャーマン法[Sherman Act.]15 U.S.C§1 に違反し、早く

とも 2003 年 1 月から遅くとも 2010 年 2 月まで、アメリカ[United States]国内とその他で自動車製造

業者に売られた自動車ワイヤハーネスおよび関連製品の価格の見積もりを不正操作し、固定し、安

定し、維持することに同意することにより、 自動車部品工業の競争を抑制し、除去することを共謀

者と共に共謀し連合に関与したこと対して、2 千万ドルの罰金を支払い、被告フジクラ[Fujikura

Ltd.]に下記を課す 1 つの訴因犯罪情報への罪状を認めることに同意したことを公表した。

　　　187.　　現在までに、自動車ワイヤーハーネスシステムのカルテルへの関与に対して有罪を

認めた被告は、司法省[DOJ]が扱った最大級の犯罪カルテルとして、総額 7 億 7 千 75 万ドルの罰金

を支払うことに既に同意している。

## 集団訴訟申し立て

188.  原告団は、下記の集団("全国的な集団")のため差止め救済措置と公正を求める、連邦

民事訴訟規則の規約 23(a)と(b)(2)に基づき、集団訴訟としてそして彼ら自身のを代表したこの訴訟

を申し立てる：

> 集団期間の間に、被告、その現在または当時の子会社や関連会社、
> または共謀者から 購入またはリースした独立した取替え製品、ある
> いは新しい自動車の構成要素として、自動車ワイヤーハーネスシステ
> ムの購入を含む、個人的使用であり転売用ではない自動車ワイヤー
> ハーネスシステムを米国において間接的に購入またはリースした全
> ての人々および組織。

189.  原告団は更に、下記の集団("被害集団")のため州独占禁止法、不正競争法、および("原

告それぞれの州")における下記段落236-276　に定める消費者保護法そして不当利得法に関する損害を

求める、連邦民事訴訟規則の規約 23(a)と(b)(2)に基づき、集団訴訟としてそして原告団は原告人自身、

同状況下の人々、そして以下の州を代表とする州集団としてこれらの要求を申し立てる：

> 集団期間の間に、被告、その現在または当時の子会社や関連会社、
> または共謀者から 原告それぞれの州で購入またはリースした独立し
> た取替え製品、あるいは新しい自動車の構成要素として、自動車ワ
> イヤハーネスシステムの購入を含む、個人的使用であり転売用では
> ない自動車ワイヤーハーネスシステムを米国において間接的に購入
> またはリースした全ての人々および組織。

190.  全国的な集団と被害集団は、ここに"集団"として引用される。 集団からは、被告、

彼らの親会社、子会社と会員、どの共同共謀者、連邦政府統一体と連邦政府仲介者、国政とそれら

の小支部、機関、仲介、それから自動車ワイヤーハーネスシステムを直接、または再販売用に購入

した人々を除外する。

191.  原告団は、集団のメンバーの正確な人数を認識していないが、原告団は各集団のメ

ンバーは(少なくとも)何千人といると信じている。

192.  法と事実の共通の質問は、集団の全てのメンバーに存在する。 これは、それによっ

て集団を全体に関して適切な安堵をつくる、両集団の全てのメンバーに通例適用できる、被告の陰謀の本性を与えた特に真実である。　集団に共通する法と事実のそういった質問は、以下に限らず含む：

      (a)　　被告と彼らの共同共謀者は、アメリカで売られた自動車ワイヤーハーネスシステムの価格を固定、ひき上げ、維持、または安定するために自身の間で合同し、陰謀に従事したかどうか；

      (b)　　申し立てられた陰謀の関係者の身元；

      (c)　　申し立てられた陰謀と陰謀の促進において被告と彼らの共同共謀者により行われた行為の期間；

      (d)　　申し立てられた陰謀が、安堵のために第一要求そして第二要求で主張される、シャーマン条例(Sherman Act)に違反しているかどうか；

      (e)　　申し立てられた陰謀が、安堵のために第三要求で主張される、国家独占禁止と不正競争法そして／または州消費者保護法に違反しているかどうか；

      (f)　　安堵のために第四要求で主張される、被告団が原告団と集団メンバーの損害により不公平に豊かになったかどうか、それにより、原告団と集団のメンバーの被告により得られた全ての利益の引渡しの権利を得るかどうか；

      (g)　　この告訴で申し立てられているように、被告と彼らの共同共謀者の行為は、原告団と集団メンバーの事業と所有物に損害を引き起こしたかどうか；

      (h)　　集団期間の間、アメリカで売られた自動車ワイヤーハーネスシステムの価格の申し立てられた陰謀の効果；

      (i)　　いずれかの原告が、被告が関わった共謀について知っていたか、合理的に知っていたのか；

      (j)　　被告団と彼らの共同共謀者が、原告団と集団メンバーから陰謀の存在を不正に隠したかどうか；

(k)　　　全国的な集団への適切な差止めと関係する公平な安堵；それから

(l)　　　被害集団への適切な集団範囲にわたる損害の程度。

193.　　原告団の要求は集団のメンバーの要求を代表していて、原告団は集団の要求権を公正で適切に保護するつもりである。　原告団と集団の全てのメンバーは、被告団と彼らの共同共謀者から間接的に購入した自動車ワイヤーハーネスの人工的に騰貴した価格を払う、被告団の不法な行為により、類似して影響されている。

194.　　原告団の要求は、集団のその他のメンバーの要求のもとになっている行為の同じ共通過程のから生ずる。　原告団の要求権は、これらの集団の他のメンバーと一致し、対抗していない。　原告団は、独立禁止と集団訴訟の起訴に法的資格があり、経験豊かな弁護人により代理されている。

195.　　集団のメンバーへ共通する法と事実の質問は、責任と損害に関係する法律上と事実に基づく問題を含め、ただ個人メンバーに影響しているどの質問より優位を占めている。

196.　　集団訴訟処理は、他のことの間という点で、論争の公正で効率的な判決のためにまさっている方法である。そういった処理は、類似して境遇の立場にある人々が、同時に、効果的に、それから数多くの個人訴訟が生じるであろう努力、費用、更に証拠の不必要な複写なく、彼らの共通の要求を一つの裁判所で行うことを可能にするであろう。　個々に追跡するために実施可能ではないかもしれない要求への償いを得るための方法を損害された人々と統一一体に供給することを含む、集団体系を通して処置する利益は、この集団訴訟の管理で起こりうるどの問題にしっかりまさることです。

197.　　集団の個人メンバーによる別々の訴訟の起訴は、被告の行為の矛盾する規範を確立する、一貫性のない、あるいは異なる判決の恐れを起こしうるかもしれない。

### 独占禁止損害をこうむった原告団と集団

198.　　被告の価格固定陰謀は、他のものとの間で、下記の結果を引き起こした：

(a)　　　価格競争は、自動車ワイヤーハーネスシステムに関して抑制され、または除

45

外された。

        (b)     自動車ワイヤーハーネスシステムの価格は、人工的に騰貴したレベルで固定、引き上げ、維持、または安定させられた；それから

        (c)     自動車ワイヤーハーネスシステムの間接的購入は、自由で制限のない競争を得た。

199.　集団期間中、原告団と集団メンバーは、自動車ワイヤーハーネスシステムの超過した競争価格を支払った。

200.　自動車ワイヤーハーネスシステムマーケットと車のマーケットは、自動車ワイヤーハーネスシステムマーケットは乗物マーケットを務めるために存在しているので、込み入って連結し、からみあっている。　乗物なしで、自動車ワイヤーハーネスシステムは、独自の有用性がないのでほぼ何もない価値を持つ。　実際、乗物の需要は、自動車ワイヤーハーネスシステムの需要を生み出す。　2010 年の年鑑報告書でリア(Lear)が述べているように：“我々の売上高は、自動車製造業者によって製造された乗物の数により運ばれています。それは、最終的に消費者と自動車の集団需要によります。”

201.　自動車ワイヤーハーネスシステムは同一のものと確認可能で、乗物に合体させられるとき、別々の実際の製品は基本的にもとのままである。　結果として、自動車ワイヤーハーネスシステムは、被告団から原告団、それから集団メンバーへの販売網の跡をたどることが可能な実際の連鎖を追跡し、更に自動車ワイヤーハーネスシステムのせいと考えられるどの費用も原告団と集団メンバーへの販売網の連鎖を通して明らかにすることができる。

202.　独占禁止法の申し立てられた違反の理由により、原告団と集団メンバーは、被告の不法の契約、連合、または陰謀なく支払ったであろう価格よりもより高い自動車ワイヤーハーネスシステムを支払ったことにより、彼らの事業や所有物への損害に耐えた。この結果として、現在判断されていない総計の損害をこうむった。　これは、独占禁止法は罰し、防ぐ意味であるというタイプの独占禁止損害である。

## 原告の申立は出訴期限によって無効にはならない

**A.　原告が主張をしなかった、またはできなかったことから、出訴期限は開始していなかった。**

203.　原告は上記の申立を繰り返し再度申し立てる。

204.　　原告団および集団訴訟のメンバーは、初期の申立がこの多地区訴訟に提出される直前までは、本状に申し立てる連携または共同謀議、または本状に定めた請求の照会通知を行うに足りる事実について知らなかった。　原告と集団訴訟のメンバーは、DOJ が、被告古河電気工業 [Furukawa Electric]が本状に主張される価格協定と談合の陰謀への関与に対して有罪を認めることに合意したと発表した日である、早くとも 2011 年 9 月 29 日まで本状にある陰謀の存在は合理的な努力を通して、発見しなかった、または発見できなかった。

205.　　原告団および集団訴訟メンバーは、自らの自動車の損傷または欠陥のあるワイヤーハーネスシステムを交換または修理するために、自動車または自動車のワイヤーハーネスシステムを購入した 消費者である。彼らは、本件において、被告のいずれとも直接に接触または交流したことはなく、上記に主張される司法省による 9 月 29 日の発表の前に、本条にある陰謀や共謀について知る手段がなかった。

206.　　自動車ワイヤーハーネスシステムの価格操作や談合を行うために、被告の誰もが犯罪的陰謀に関与していたことを示唆する十分な情報を明らかにした 2011 年 9 月 29 日の司法省の発表の前には、パブリックドメインにない情報は、被告および集団訴訟メンバーのいずれにも入手することができなかった。　原告および集団訴訟メンバーには、被告の OEM 取引または他の直接購入者、ましてや本条に主張されている陰謀や共謀に関する事実または情報を入手する手段がなかった。

207.　　このような理由から、原告団および集団訴訟メンバーの出訴期限は、開始せず、原告および集団訴訟メンバーが本訴状において主張したいなかる申立について知らされてきた。

**B.　詐欺的な隠蔽が出訴期限を知らせ**

208.　　別の方法により、詐欺的な隠蔽の原則の適用が原告および集団により本条に主張された申立に対する出訴期限を知らせた。　原告と集団訴訟のメンバーは、DOJ が、被告古河電工[Furukawa Electric]が本状に主張される価格協定と談合の陰謀への関与に対して有罪を認めることに合意したと発表した日である、早くとも 2011 年 9 月 29 日まで本状にある陰謀の存在は、知らなかった、または知ることができなかった。

209.　　それ以前は、原告団と集団訴訟メンバーは、それ以前は被告の不法な行為に気がつかず、それまで集団訴訟期間中にアメリカの至る所で自動車ワイヤーハーネスシステムの超過した競争価格を支払っていたということを知らなかった　実際または積極的な情報は、これまでに原告および集団訴訟メンバーの知るところになく、自らの負傷が被告の違法行為によるものであることさえも原告にはまったくわからなかった。

210.　　陰謀の促進の行為を含む、ここに申し立てられた被告の容認の行為は、発見を妨げる意味で不法に行われ、隠されていた。

211.　　そのまさに本性により、被告団の非競争的陰謀および不法な共謀行為は、まさしく自己隠蔽であった。　自動車ワイヤーハーネスシステムは、独占禁止法から免除されていないことから、原告団および集団訴訟のメンバーは競争原理が働く産業だと合理的に考えた。　被告は、会って秘密裏に会合を開き、談合行為に関する事実が、一般の人々または OEM および被告が取引を行ったその他の直接購入者に見つからないようすることに合意した。

212.　　例えば、DOJ は、他の違法行為について被告フジクラ株式会社[Fujikura Ltd.]、古河電気工業[Furukawa Electric Inc.]、G.S.エレクテック[G.S. Electech]および矢崎[Yazaki Corporation]を責めた。　これら企業の被告は、司法省によって課された罪状について有罪を認めている。

213.　　さらに、司法省は、暗号名を使い、秘密の謀議に関与しことについて個々の企業の役員を告訴した。　今日まで、古河[Furuka]のジュンイチ・フノ[Junichi Funo]および矢崎[Yazaki Corporation]ツネアキ・ハナムラ[Tsuneaki Hanamura]、リョージ・カワイ[Ryoji Kawai]、シゲル・オガワ[Shigeru Ogawa]およびヒサミツ・タカダ[Hisamitsu Takada]これら企業の被告は、司法省によっ

て課された罪状について有罪を認めている。 したがって、事情のもと道理をわきまえた人は、被告
の自動車ワイヤーハーネスシステムの合法性を調査することに対して注意を喚起することはしなか
ったであろう。

214. 原告団および集団訴訟メンバーは、自らの行為が発見されるのは防ぐために被告お
よび共謀者により使用された機密手法と惑わせる策略により、契約、連合、あるいは陰謀を不正に
隠し、合理的な努力では、申し立てられた契約、陰謀、または連合をより早く発見することはでき
なかった。

215. 陰謀を通して、自らの陰謀を隠蔽し、察知されないようにするために秘密に会合を
持ち謀議をめぐらした。 談合行為のような陰謀を進める上で、事もあろうに、被告は暗号名を使
ったり、民家や遠方の地において秘密の活動に関与した。 これらの会議の正確な日時は、シャー
マン法[Sherman Act]の犯罪行為に対して裁判所において有罪を認めた被告および被告の幹部を含め
、被告のみが知るところである。 これらの被告は、事実を認めた隠蔽行為に関する文書および情
報を原告または集団訴訟メンバーに提供していない。

216. 申し立てられた陰謀は、被告と彼らの共謀者により積極的かつ明確に隠蔽が行われ
たため、原告団および集団訴訟メンバーは、申し立てられた陰謀について、または陰謀の存在の有
無を調査させようと思わせる事実または情報について、司法省が、被告古河電気工業[Furukawa
Electric]が本状に主張される犯罪的価格操作や談合の陰謀への関与に対して有罪を認めることに合意
したと発表した日である早くとも 2011 年 9 月 29 日まで道理をわきまえた精励な人では知ることが
できなかった。

217. このような理由から、原告団および集団訴訟メンバーの出訴期限はが知らされ、
2011 年 9 月 29 日まで開始されなかった。

法的救済に対する第 1 の申立て
シャーマン条例(Sherman Act)の項 1 の違反
(原告団の代理と全国的集団)

218.　　原告団は、参考事項により前述の段落の申し立てを具体化する。

219.　　被告と無名の共謀者は、シャーマン条例(Sherman Act)(15 U.S.C.§1)の項 1 の違反の取引の不当な抑制の契約、連合、または陰謀を始めた、あるいは従事した。

220.　　彼らの契約、連合、または陰謀の一部、あるいは促進として特定の被告に属する被告人によって行われた行為は、被告の問題の管理に積極的に従事している一方、役人、仲介者、従業員、または代理人によって認定され、命令され、行われていた。

221.　　少なくとも早くも 2000 年 1 月、この告訴の提起を通して続く、原告に知られていない正確な日付けで、被告と共同共謀者は、それによって非競争的効果を生み出す自動車ワイヤーハーネスシステムの価格を人工的に固定、引き上げ、安定、それからコントロールする取引の抑制で同意の継続、理解、それから陰謀を始めた。

222.　　非競争的行為は、自動車ワイヤーハーネスシステムのアメリカのマーケットに故意に向けられていて、アメリカの至る所で自動車ワイヤーハーネスシステムの価格を引き上げ、固定することにより州連帯の通商に重大で予見可能な結果をもたらした。

223.　　陰謀行為と連合は、自動車ワイヤーハーネスシステムのマーケットに不当な抑制をもたらした。

224.　　被告団の不当な行為の結果、原告団と自動車ワイヤーハーネスシステムを購入した全国的な集団のその他の類似して境遇の立場にある間接購入者は、自動車ワイヤーハーネスシステムの騰貴し、超過した競争価格を支払うことにより害された。

225.　　申し立てられた同意、理解と陰謀を考案し、行うことで、被告と共同共謀者は、ここに陳列する行為の行程、行い、それから慣行に限らず含め、行うことを陰謀し、結合したこれらのことをした。

226.　　被告の陰謀は、その他の間において、下記の結果をもたらした：

(a)　　　自動車ワイヤーハーネスシステムのマーケットの価格競争は、アメリカで抑制され、鎮圧、それから/または除外された；

(b)　　　被告と共同共謀者によって売られた自動車ワイヤーハーネスシステムの価格は、アメリカの至る所で人工的に高く、非競争的レベルに固定され、引き上げられ、維持、それから安定されていた；それから

(c)　　　被告団と共同共謀者から間接的に自動車ワイヤーハーネスシステムを購入した原告団と全国的な集団メンバーは、自由で制限のない競走の利益を奪われていた。

227.　　原告団と全国的な集団のメンバーは、損害を与えられ、彼らが払ったであろう、それから陰謀なしで払うであろう価格よりも被告と共同共謀者から間接的に購入した自動車ワイヤーハーネスシステムをより高く払うことにより、彼らの事業と所有物は害し続けるであろう。

228.　　申し立てられた契約、連合、または陰謀は、　それ自体で連邦独占禁止法の違反である。

229.　　原告団と全国的な集団メンバーは、ここに申し立てられた違反を規制し、防ぐ、被告に対する差止め禁止命令の資格がある。

**法的救済に対する第 2 の申立て**
**独占禁止制定法の違反**
**(原告団の代理と被害集団)**

230.　　原告団は、参考事項により前述の段落の申し立てを具体化する。

231.　　早くとも 2000 年 1 月から遅くとも本訴状提出まで、被告と共同共謀者は、下に陳列するその他の制定法と様々な国政独占禁止の違反、それから貿易と通商の不当な抑制で自動車ワイヤーハーネスシステムの販売に関する引き続く契約、連合、あるいは陰謀に従事した。

232.　　自動車ワイヤーハーネスシステムの人工的に超過した競争的価格で固定、ひき上げ、つり上げ、安定、それから/または維持するため、それからアメリカの自動車ワイヤーハーネスシステムの顧客を割り当てるために被告と共同共謀者の間の一貫した同意の契約、連合、あるいは陰謀。

233.　　この陰謀を考案し、引き起こすことにおいて、被告と共同共謀者は、以下を含めた

51

連合と陰謀の促進の行為を行った：

　　　　　(a)　　　自動車ワイヤーハーネスシステムを特定のレベルに値段をつけるために、それからさもなければ、アメリカで売られた自動車ワイヤーハーネス システムに関して原告団と被害集団メンバーにより払われた効果的な価格を固定、増大、つり上げ、維持、あるいは安定させることに同意した間、アメリカ国内やその他で彼らの間で会合、対談に参加すること；

　　　　　(b)　　　同意の促進においてアメリカの自動車ワイヤーハーネスシステムのマーケットと顧客を分配すること；それから

　　　　　(c)　　　彼らか達した不法な同意を固守し、管理、実行するためにアメリカ国内やその他で彼らの間で会合、対談に参加している。

　　234.　　　被告と共同共謀者は、自動車ワイヤーハーネスシステムに関する顧客を分配し、価格を固定、維持、減少、あるいは安定するための不法の同意を故意に行う上記に記述された行動に従事した。

　　235.　　　上記に記述された被告の非競争的行為は故意、意図的であり、それから違反、あるいは下記の国政独占禁止制定法の目に余る違反をの一部をなしている。

　　236.　　　被告は、アリゾナ(Arizona)改訂制定法、§§　44-1401 の違反において貿易の抑制の不法な同意を始めた、　以下参照.

　　　　　(a)　　　被告の連合または共謀は、以下の影響を及ぼした。(1)　アリゾナ州 [Arizona] 各地において、自動車ワイヤーハーネスシステムの価格競争は抑制され、抑圧され、および除外された、(2)　アリゾナ州 [Arizona] 各地において、自動車ワイヤーハーネスシステムの価格はひき上げられ、固定され、維持されて、人工的に高いレベルで安定した、(3)　原告と被害者集団のメンバーは自由と自由競争を奪われた、そして、(4)　原告と被害者集団のメンバーは、自動車ワイヤーハーネスシステムに対して人工的に超過した競争的価格を支払った。

　　　　　(b)　　　集団訴訟中、被告の非合法的な行為は、実質的にアリゾナ州 [Arizona] の商業に影響を与えた。

(c)　　　被告による違法な行為の直接で直近の結果として、原告と被害者集団のメンバーは彼らの事業および財産に損害を被って来ており、そして、さらなる損害のために現在もおびやかされている。

前述の理由により、被告はアリゾナ州改訂制定法 §§ 44-1401 [Ariz. Rev. Stat. §§ 44-1401] (以下参照)の違反において貿易の不法な同意を始めた。よって、原告および被害者集団のメンバーは、アリゾナ州改訂制定法 §§ 44-1401 [Ariz. Rev. Stat. §§ 44-1401] (以下参照)のもとに、可能なすべての救済形態を探っている。

237.　　被告は、カリフォルニア(California)事業と職業規約§§16700 の違反において貿易の抑制の不法な同意を始めた、*以下参照*。

(a)　　　集団訴訟の期間中、被告とその共謀者達は、カリフォルニア州事業および職業規約 [California Business and Professions Code] 16720 章 [Section 16720] に違反する上記取引および商業の制限における継続的で違法な企業合同を開始し取り組んだ。被告は、その各々が、16720 章 [Section 16720] に違反した行為を行い、超競争的なレベルで自動車ワイヤーハーネスシステムの価格を固定し、つり上げ、安定化し、そして維持し、またマーケットを自動車ワイヤーハーネスシステムに配分した。

(b)　　　カリフォルニア州事業および職業規約 [California Business and Professions Code] 16720 章 [Section 16720] の前述の違反には、限度を設けず継続的で違法な企業合同や被告と共謀者達の間で提携して行なった行為が含まれ、その実質的な意味は、価格を固定し、つり上げ、安定させ、そして維持し、またマーケットを自動車ワイヤーハーネスシステムに配分した、ということである。

(c)　　　違法な企業合同を形成し発効させるため、被告とその共謀者達は前述のおよび以下に述べる訴訟手続と一連の処理を行動のみならずあらゆる手段をも含めて。連合して共謀したことを実行した。(1)　自動車ワイヤーハーネスシステムの価格を固定し、つり上げ、安定化し、市場固定により安定させ、そして、(2)　自動車ワイヤーハーネスシステムの製品を彼らの中で配分

53

した。

　　　　　　(d)　　　ここにおいて申し立てのあった連合と共謀は、とりわけ、以下のような影響

を及ぼした。　(1)　自動車ワイヤーハーネスシステムの販売時の価格競争は、カリフォルニア州に

おいては抑制され、抑圧され、および/または除外され、(2)　カリフォルニア州においてもまた合衆

国全体においても、被告およびその共謀者達により販売された自動車ワイヤーハーネスシステムの

価格は固定され、ひき上げられ、安定し、そして人工的に高額で競争相手のいないほどのレベルで

市場固定により安定が図られた、そして、(3)　直接的または間接的に被告およびその共謀者達から

自動車ワイヤーハーネスシステムを購入した者は、自由と自由競争を奪われた。

　　　　　　(e)　　　被告の違法な行為による直接的で直近の結果として、被告の違法な行為がな

い場合に支払ったであろう額よりも多額を彼らは自動車ワイヤーハーネスシステムに支払った、と

いう点において原告と被害者集団のメンバーは彼らの事業と財産に損害を被って来た。カリフォル

ニア州事業および職業規約 [California Business and Professions Code] 16720 章 [Section 16720] の被告

による違反の結果として、カリフォルニア州事業および職業規約 [California Business and Professions

Code] 16750(a)章 [Section 16750(a)] に則り、妥当な弁護士費用を含めて、原告と被害者集団は３倍

の損害賠償金と訴訟の経費を要求している。

　　　238.　被告は、コロンビア特別区(the District of Columbia)規約注釈　§§28-4501 の違反にお

いて貿易の抑制の不法な同意を始めた、以下参照。

　　　　　　(a)　　　被告の連合または共謀は以下の影響を及ぼした。　(1)　コロンビア

[Columbia] 特別区各地では、自動車ワイヤーハーネスシステムの価格競争は抑制され、抑圧され、

除外された、(2)　コロンビア [Columbia] 特別区各地では、自動車ワイヤーハーネスシステムの価

格はひき上げられ、固定され、維持されて人工的に高いレベルで安定した、(3)　原告と被害者集団

のメンバーは自由と自由競争を奪われた、そして、(4)　原告と被害者集団のメンバーは自動車ワ

イヤーハーネスシステムに対して超競争的なレベルで、人工的につり上げられた価格を支払った。

　　　　　　(b)　　　集団訴訟の期間中、被告の非合法的な行為は実質的にコロンビア州

[Columbia] の商業に影響を及ぼした。

(c) 被告の違法な行為による直接的で直近の結果として、原告と被害者集団のメンバーは彼らの事業および財産に損害を被って来ており、そして、さらなる損害のために現在もおびやかされている。前述の理由により、被告はコロンビア特別区規約注釈§§ 28-4501 [District of Columbia Ann. §§ 28-4501](以下参照)の違反において貿易の不法な同意を始めた。

(d) よって、原告および被害者集団のメンバーは、コロンビア特別区規約注釈§§ 28-4501 [District of Columbia Ann. §§ 28-4501] (以下参照)のもとに、可能なすべての救済形態を探っている。

239. 被告は、アイオワ(Iowa)規約　§§553.1 の違反において貿易の抑制の不法な同意を始めた、　以下参照。

(a) 被告の連合または共謀は以下の影響を及ぼした。　(1)　アイオワ州 [Iowa] 各地では、自動車ワイヤーハーネスシステムの価格競争は抑制され、抑圧され、除外された、(2) アイオワ州 [Iowa] 各地では、自動車ワイヤーハーネスシステムの価格はひき上げられ、固定され、維持されて人工的に高いレベルで安定した、(3)　原告と被害者集団のメンバーは自由と自由競争を奪われた、そして、(4)　原告と被害者集団のメンバーは自動車ワイヤーハーネスシステムに対して超競争的なレベルで、人工的につり上げられた価格を支払った。

(b) 集団訴訟の期間中、被告の非合法的な行為は実質的にアイオワ州 [Iowa] の商業に影響を及ぼした。

(c) 被告による違法な行為の直接で直近の結果として、原告と被害者集団のメンバーは彼らの事業および財産に損害を被って来ており、そして、さらなる損害のために現在もおびやかされている。

(d) 前述の理由により、被告はアイオワ州規約§§553.1 [Iowa Code §§ 553.1] (以下参照)の違反において貿易の不法な同意を始めた。よって、原告および被害者集団のメンバーは、アイオワ州規約§§553.1 [Iowa Code §§ 553.1] (以下参照)のもとに、可能なすべての救済形態を探ってい

55

る。

240.　被告は、カンザス(Kansas)制定法注釈　§§50-101 の違反において貿易の抑制の不法な同意を始めた、以下参照。

　　　　　(a)　　被告の連合または共謀は以下の影響を及ぼした。　(1)　カンザス州 [Kansas] 各地では、自動車ワイヤーハーネスシステムの価格競争は抑制され、抑圧され、除外された、(2) カンザス州 [Kansas] 各地では、自動車ワイヤーハーネスシステムの価格はひき上げられ、固定され、維持されて人工的に高いレベルで安定した、(3)　原告と被害者集団のメンバーは自由と自由競争を奪われた、そして、(4)　　原告と被害者集団のメンバーは自動車ワイヤーハーネスシステムに対して超競争的なレベルで、人工的につり上げられた価格を支払った。

　　　　　(b)　　集団訴訟の期間中、被告の非合法的な行為は実質的にカンザス州 [Kansas] の商業に影響を及ぼした。

　　　　　(c)　　被告による違法な行為の直接で直近の結果として、原告と被害者集団のメンバーは彼らの事業および財産に損害を被って来ており、そして、さらなる損害のために現在もおびやかされている。

　　　　　(d)　　前述の理由により、被告はカンザス制定法注釈§§50-101 [Kansas Stat. Ann. §§ 50-101] (以下参照)の違反において貿易の不法な同意を始めた。よって、原告および被害者集団のメンバーは、カンザス制定法注釈§§50-101 [Kansas Stat. Ann. §§ 50-101] (以下参照)のもとに、可能なすべての救済形態を探っている。

241.　　被告は、メイン(Maine)改訂制定法、10 M.R.S. §§ 1101 の違反において貿易の抑制の不法な同意を始めた、以下参照。

　　　　　(a)　　被告の連合または共謀は以下の影響を及ぼした。　(1)　メイン州 [Maine] 各地では、自動車ワイヤーハーネスシステムの価格競争は抑制され、抑圧され、除外された、(2) メイン州 [Maine] 各地では、自動車ワイヤーハーネスシステムの価格はひき上げられ、固定され、維持されて人工的に高いレベルで安定した、(3)　原告と被害者集団のメンバーは自由と自由競争を

奪われた、そして、(4)　原告と被害者集団のメンバーは自動車ワイヤーハーネスシステムに対して超競争的なレベルで、人工的につり上げられた価格を支払った。

(b)　集団訴訟の期間中、被告の非合法的な行為は実質的にメイン州 [Maine] の商業に影響を及ぼした。

(c)　被告による違法な行為の直接で直近の結果として、原告と被害者集団のメンバーは彼らの事業および財産に損害を被って来ており、そして、さらなる損害のために現在もおびやかされている。

(d)　前述の理由により、被告はメイン州改訂制定法注釈 10, §§ 1101 [Maine Rev. Stat. Ann. 10, §§ 1101] (以下参照)の違反において貿易の不法な同意を始めた。よって、原告および被害者集団のメンバーは、メイン州改訂制定法注釈 10, §§ 1101 [Maine Rev. Stat. Ann. 10, §§ 1101] (以下参照)のもとに、可能なすべての救済形態を探っている。

242.　被告は、マサチューセッツ州[Massachusetts]独占禁止法 Mass Gen Laws Ann 93 §§ 1 に違反し取引を抑制する違法な契約を締結した。以下参照。

(a)　被告の連合または共謀は以下の影響を及ぼした。　(1)　マサチューセッツ州 [Massachusetts] 各地では、自動車ワイヤーハーネスシステムの価格競争は抑制され、抑圧され、除外された、(2)　マサチューセッツ州 [Massachusetts] 各地では、自動車ワイヤーハーネスシステムの価格はひき上げられ、固定され、維持されて人工的に高いレベルで安定した、(3)　原告と被害者集団のメンバーは自由と自由競争を奪われた、そして、(4)　原告と被害者集団のメンバーは自動車ワイヤーハーネスシステムに対して超競争的なレベルで、人工的につり上げられた価格を支払った。

(b)　集団訴訟の期間中、被告の非合法的な行為は実質的にマサチューセッツ州 [Massachusetts] の商業に影響を及ぼした。

(c)　被告による違法な行為の直接で直近の結果として、原告と被害者集団のメンバーは彼らの事業および財産に損害を被って来ており、そして、さらなる損害のために現在もおび

57

やかされている。

　　　　　(d)　　　前述の理由により、被告はマサチューセッツ州一般法注釈 [Mass Gen Laws Ann 93 §§ 1] (以下参照)の違反において貿易の不法な同意を始めた。よって、原告および被害者集団のメンバーは、マサチューセッツ州一般法注釈 [Mass Gen Laws Ann 93 §§ 1](以下参照)のもとに、可能なすべての救済形態を探っている。

　　　　243.　　被告は、ミシガン(Michigan)収集法注釈　§§445.771 の違反において貿易の抑制の不法な同意を始めた、*以下参照*。

　　　　　(a)　　　被告の連合または共謀は以下の影響を及ぼした。　(1)　ミシガン州 [Michigan] 各地では、自動車ワイヤーハーネスシステムの価格競争は抑制され、抑圧され、除外された、(2)　ミシガン州 [Michigan] 各地では、自動車ワイヤーハーネスシステムの価格はひき上げられ、固定され、維持されて人工的に高いレベルで安定した、(3)　原告と被害者集団のメンバーは自由と自由競争を奪われた、そして、(4)　原告と被害者集団のメンバーは自動車ワイヤーハーネスシステムに対して超競争的なレベルで、人工的につり上げられた価格を支払った。

　　　　　(b)　　　集団訴訟の期間中、被告の非合法的な行為は実質的にミシガン州 [Michigan] の商業に影響を及ぼした。

　　　　　(c)　　　被告による違法な行為の直接で直近の結果として、原告と被害者集団のメンバーは彼らの事業および財産に損害を被って来ており、そして、さらなる損害のために現在もおびやかされている。

　　　　　(d)　　　前述の理由により、被告はミシガン収集法注釈 [Michigan Comp. Laws Ann. §§ 445.771](以下参照)の違反において貿易の不法な同意を始めた。よって、原告および被害者集団のメンバーは、ミシガン収集法注釈 [Michigan Comp. Laws Ann. §§ 445.771](以下参照)のもとに、可能なすべての救済形態を探っている。

　　　　244.　　被告は、ミネソタ(Minnesota)注釈制定法　§§325D.49 の違反において貿易の抑制の不法な同意を始めた、*以下参照*。

(a)　　被告の連合または共謀は以下の影響を及ぼした。　(1)　ミネソタ州 [Minnesota] 各地では、自動車ワイヤーハーネスシステムの価格競争は抑制され、抑圧され、除外された、(2)　ミネソタ州 [Minnesota] 各地では、自動車ワイヤーハーネスシステムの価格はひき上げられ、固定され、維持されて人工的に高いレベルで安定した、(3)　原告と被害者集団のメンバーは自由と自由競争を奪われた、そして、(4)　原告と被害者集団のメンバーは自動車ワイヤーハーネスシステムに対して超競争的なレベルで、人工的につり上げられた価格を支払った。

(b)　　集団訴訟の期間中、被告の非合法的な行為は実質的にミネソタ州 [Minnesota] の商業に影響を及ぼした。

(c)　　被告による違法な行為の直接で直近の結果として、原告と被害者集団のメンバーは彼らの事業および財産に損害を被って来ており、そして、さらなる損害のために現在もおびやかされている。

(d)　　前述の理由により、被告はミネソタ制定法注釈 [Minnesota Stat. §§ 325D.49] (以下参照)の違反において貿易の不法な同意を始めた。よって、原告および被害者集団のメンバーは、ミネソタ制定法注釈 [Minnesota Stat. §§ 325D.49](以下参照)のもとに、可能なすべての救済形態を探っている。

245.　被告は、ミシシッピ(Mississippi)規約注釈　§§75-21-1 の違反において貿易の抑制の不法な同意を始めた、*以下参照*。

(a)　　被告の連合または共謀は以下の影響を及ぼした。　(1)　ミシシッピ州 [Mississippi] 各地では、自動車ワイヤーハーネスシステムの価格競争は抑制され、抑圧され、除外された、(2)　ミシシッピ州 [Mississippi] 各地では、自動車ワイヤーハーネスシステムの価格はひき上げられ、固定され、維持されて人工的に高いレベルで安定した、(3)　原告と被害者集団のメンバーは自由と自由競争を奪われた、そして、(4)　原告と被害者集団のメンバーは自動車ワイヤーハーネスシステムに対して超競争的なレベルで、人工的につり上げられた価格を支払った。

(b)　　集団訴訟の期間中、被告の非合法的な行為は実質的にミシシッピ州

59

[Mississippi] の商業に影響を及ぼした。

(c)　　　被告による違法な行為の直接で直近の結果として、原告と被害者集団のメンバーは彼らの事業および財産に損害を被って来ており、そして、さらなる損害のために現在もおびやかされている。

(d)　　　前述の理由により、被告はミシシッピ規約注釈　[Mississippi Code Ann. § 75-21-1] (以下参照)の違反において貿易の不法な同意を始めた。

よって、原告および被害者集団のメンバーは、ミシシッピ規約注釈　[Mississippi Code Ann. § 75-21-1](以下参照)のもとに、可能なすべての救済形態を探っている。

246.　　被告は、ネブラスカ(Nebraska)改訂制定法　§§59-801 の違反において貿易の抑制の不法な同意を始めた、*以下参照。*

(a)　　　被告の連合または共謀は以下の影響を及ぼした。　(1)　ネブラスカ州 [Nebraska] 各地では、自動車ワイヤーハーネスシステムの価格競争は抑制され、抑圧され、除外された、(2)　ネブラスカ州 [Nebraska]　各地では、自動車ワイヤーハーネスシステムの価格はひき上げられ、固定され、維持されて人工的に高いレベルで安定した、(3)　原告と被害者集団のメンバーは自由と自由競争を奪われた、そして、(4)　原告と被害者集団のメンバーは自動車ワイヤーハーネスシステムに対して超競争的なレベルで、人工的につり上げられた価格を支払った。

(b)　　　集団訴訟の期間中、被告の非合法的な行為は実質的にネブラスカ州 [Nebraska]　の商業に影響を及ぼした。

(c)　　　被告による違法な行為の直接で直近の結果として、原告と被害者集団のメンバーは彼らの事業および財産に損害を被って来ており、そして、さらなる損害のために現在もおびやかされている。

(d)　　　前述の理由により、被告はミネソタ制定法注釈ネブラスカ改訂制定法 [Nebraska Revised Statutes §§ 59-801]　(以下参照)の違反において貿易の不法な同意を始めた。よって、原告および被害者集団のメンバーは、ネブラスカ改訂制定法　[Nebraska Revised Statutes §§ 59-

60

801](以下参照)のもとに、可能なすべての救済形態を探っている。

247.   被告は、ネバダ(Nevada)改訂制定法注釈   §§598A.010 の違反において貿易の抑制の不法な同意を始めた、*以下参照*。

(a)   被告の連合または共謀は以下の影響を及ぼした。   (1)  ネバダ州 [Nevada] 各地では、自動車ワイヤーハーネスシステムの価格競争は抑制され、抑圧され、除外された、(2)  ネバダ州 [Nevada] 各地では、自動車ワイヤーハーネスシステムの価格はひき上げられ、固定され、維持されて人工的に高いレベルで安定した、(3)  原告と被害者集団のメンバーは自由と自由競争を奪われた、そして、(4)   原告と被害者集団のメンバーは自動車ワイヤーハーネスシステムに対して超競争的なレベルで、人工的につり上げられた価格を支払った。

(b)   集団訴訟の期間中、被告の非合法的な行為は実質的にネバダ州 [Nevada] の商業に影響を及ぼした。

(c)   被告による違法な行為の直接で直近の結果として、原告と被害者集団のメンバーは彼らの事業および財産に損害を被って来ており、そして、さらなる損害のために現在もおびやかされている。

(d)   前述の理由により、被告はネバダ改訂制定法注釈   [Nevada Rev. Stat. Ann. §§ 598A] (以下参照)の違反において貿易の不法な同意を始めた。よって、原告および被害者集団のメンバーは、ネバダ改訂制定法注釈   [Nevada Rev. Stat. Ann. §§ 598A](以下参照)のもとに、可能なすべての救済形態を探っている。

248.   被告は、ニューハンプシャー州[New Hampshire]改訂制定法  §§ 356:1 の違反において取引の抑制を行う違法な同意を始めた、*以下参照*。

(a)   被告の連合または共謀は以下の影響を及ぼした。   (1)  ニューハンプシャー州 [New Hampshire] 各地では、自動車ワイヤーハーネスシステムの価格競争は抑制され、抑圧され、除外された、(2)   ニューハンプシャー州 [New Hampshire]  各地では、自動車ワイヤーハーネスシステムの価格はひき上げられ、固定され、維持されて人工的に高いレベルで安定した、(3)   原告

と被害者集団のメンバーは自由と自由競争を奪われた、そして、(4)　原告と被害者集団のメンバーは自動車ワイヤーハーネスシステムに対して超競争的なレベルで、人工的につり上げられた価格を支払った。

(b)　集団訴訟の期間中、被告の非合法的な行為は実質的にニューハンプシャー州 [New Hampshire] の商業に影響を及ぼした。

(c)　被告による違法な行為の直接で直近の結果として、原告と被害者集団のメンバーは彼らの事業および財産に損害を被って来ており、そして、さらなる損害のために現在もおびやかされている。

(d)　前述の理由により、被告はニューハンプシャー州改訂制定法 [New Hampshire Revised Statutes §§ 356:1]　(以下参照)の違反において貿易の不法な同意を始めた。よって、原告および被害者集団のメンバーは、ニューハンプシャー州改訂制定法 [New Hampshire Revised Statutes §§ 356:1](以下参照)のもとに、可能なすべての救済形態を探っている。

249.　被告は、ニューメキシコ(New Mexico)制定法注釈　§§57-1-1 の違反において貿易の抑制の不法な同意を始めた、*以下参照*。

(a)　被告の連合または共謀は以下の影響を及ぼした。　(1)　ニューメキシコ州 [New Mexico] 各地では、自動車ワイヤーハーネスシステムの価格競争は抑制され、抑圧され、除外された、(2)　ニューメキシコ州 [New Mexico] 各地では、自動車ワイヤーハーネスシステムの価格はひき上げられ、固定され、維持されて人工的に高いレベルで安定した、(3)　原告と被害者集団のメンバーは自由と自由競争を奪われた、そして、(4)　原告と被害者集団のメンバーは自動車ワイヤーハーネスシステムに対して超競争的なレベルで、人工的につり上げられた価格を支払った。

(b)　集団訴訟の期間中、被告の非合法的な行為は実質的にニューメキシコ州 [New Mexico] の商業に影響を及ぼした。

(c)　被告による違法な行為の直接で直近の結果として、原告と被害者集団のメンバーは彼らの事業および財産に損害を被って来ており、そして、さらなる損害のために現在もおび

やかされている。

(d)　前述の理由により、被告はニューメキシコ州制定法注釈　[New Mexico Stat. Ann.§§ 57-1-1]　(以下参照)の違反において貿易の不法な同意を始めた。よって、原告および被害者集団のメンバーは、ニューメキシコ州制定法注釈　[New Mexico Stat. Ann.§§ 57-1-1](以下参照)のもとに、可能なすべての救済形態を探っている。

250.　被告は、ニューヨーク(New York)一般事業法　§§340 の違反において貿易の抑制の不法な同意を始めた、*以下参照*。

(a)　被告の共同つまり共謀により、以下の影響を及ぼした：(1)自動車ワイヤーハーネスシステムズ(Automotive Wire Harness Systems)の価格競争はニューヨーク全体で抑制、抑圧および消滅された；(2)自動車ワイヤーハーネスシステムズ(Automotive Wire Harness Systems)の価格は、ニューヨーク全体で人為的に、高水準に引き上げられ、固定され、維持および安定された；(3)原告および損害賠償集団訴訟団参加者は自由競争および公開競争を奪われた；(4)原告および損害賠償集団訴訟団参加者は、自動車ワイヤーハーネスシステムズ(Automotive Wire Harness Systems)に対して、自動車ワイヤーハーネスシステムズ(Automotive Wire Harness Systems)を収容している車両を購入、または共謀者の違法行為がない製品よりも品質が低下している製品を購入、または違法行動のない製品が購入できなかった場合に、無競争的で、人為的に引き上げられた価格を支払った。

(b)訴訟対象期間中の、被告の違法行動は実質的にニューヨーク商業影響を及ぼした。

(c)被告の違法行動の直接かつ近似の結果として、原告団および損害賠償集団訴訟団参加者がその業務および財産において、損害を受けなおかつ更なる損害を受けるおそれがある。

(d)前従の理由により、被告団はニューヨーク州反トラスト法(New York Donnelly Act)規約§§３４０の違反において貿易の抑制の同意を始めた、以下参照。明記した行為は、それ自体が本質的に当該法令違反である。したがって、原告団および損害賠償集団訴訟団参加者は、ニューヨーク

63

商事法(New York Gen. Bus.Law)  規約§§３４０に基づき、すべての可能な救済措置を求める、以下参照。

251.　　被告は、ノースカロライナ  (North Carolina)一般制定法　§§75-1 の違反において貿易の抑制の不法な同意を始めた、以下参照。*以下参照。*

　　　　（ａ）被告の共同つまり共謀により、以下の影響を及ぼした：（１）自動車ワイヤーハーネスシステムズ(Automotive Wire Harness Systems)の価格競争はノースカロライナ(North Carolina)全体で抑制、抑圧および消滅された；（２）自動車ワイヤーハーネスシステムズ(Automotive Wire Harness Systems)の価格は、ノースカロライナ(North Carolina)全体で人為的に、高水準に引き上げられ、固定され、維持および安定された；（３）原告および損害賠償集団訴訟団参加者は自由競争および公開競争を奪われた；（４）原告および損害賠償集団訴訟団参加者は、自動車ワイヤーハーネスシステムズ(Automotive Wire Harness Systems)に対して、自動車ワイヤーハーネスシステムズ(Automotive Wire Harness Systems)を収容している車両を購入、または共謀者の違法行為がない製品よりも品質が低下している製品を購入、または違法行動のない製品が購入できなかった場合に、無競争的で、人為的に引き上げられた価格を支払った。

　　　　(b)  訴訟対象期間中の、被告の違法行動は実質的にノースカロライナ(North Carolina)  商業に影響を及ぼした。

　　　　(c)  被告の違法行動の直接かつ近似の結果として、原告団および損害賠償集団訴訟団参加者がその業務および財産において、損害を受けなおかつ更なる損害を受けるおそれがある。

　　　　(d)  前従の理由により、被告団はノースカロライナ州一般制定法  (North Carolina Gen. Stat.)規約§§７５－１の違反において貿易の抑制の同意を始めた、以下参照。したがって、原告団および損害賠償集団訴訟団参加者は、ノースカロライナ州一般制定法(North Carolina Gen. Stat.)  規約§§７５－１に基づき、すべての可能な救済措置を求める、以下参照。

252.　　被告は、ノースダコタ(North Dakota)世紀規約　§§51-08.1-01 の違反において貿易の

抑制の不法な同意を始めた、*以下参照。*

   (a)  被告の共同つまり共謀により、以下の影響を及ぼした：(1)自動車ワイヤー
ハーネスシステムズ(Automotive Wire Harness Systems)の価格競争はノースダコタ(North Dakota)全体
で抑制、抑圧および消滅された；(2)自動車ワイヤーハーネスシステムズ(Automotive Wire Harness
Systems)の価格は、ノースダコタ(North Dakota)全体で人為的に、高水準に引き上げられ、固定され
、維持および安定された；(3)原告および損害賠償集団訴訟参加者は自由競争および公開競争を
奪われた；(4)原告および損害賠償集団訴訟団参加者は、自動車ワイヤーハーネスシステムズ
(Automotive Wire Harness Systems)に対して、自動車ワイヤーハーネスシステムズ(Automotive Wire
Harness Systems)を収容している車両を購入、または共謀者の違法行為がない製品よりも品質が低下
している製品を購入、または違法行動のない製品が購入できなかった場合に、無競争的で、人為的
に引き上げられた価格を支払った。

   (b)  訴訟対象期間中、被告の違法行動は実質的にノースダコタ(North Dakota)の商
業に影響を与えた。

   (c)  被告の違法行動の直接かつ近似の結果として、原告団および損害賠償集団訴
訟団参加者がその業務および財産において、損害を受けなおかつ更なる損害を受けるおそれがある
。

   (d)  前従の理由により、被告団はノースダコタ州世紀条例(North Dakota Cent.
Code) 規約§§51－08．1－01の違反において貿易の抑制の同意を始めた、以下参照。したが
って、原告団および損害賠償集団訴訟団参加者は、ノースダコタ州世紀条例(North Dakota Cent.
Code)規約 §§51－08．1－01に基づき、すべての可能な救済措置を求める、以下参照。

  253.  被告らは、オレゴン州(Oregon)修正法の第646.705(*以下参照*)に違反し、商取引を抑
制して非合法的な契約を締結したものとする。

   (a)被告の連携もしくは共同謀議は、下記の効果を有したものとする。すなわち、(1)
自動車ワイヤーハーネスシステムの価格競争は、オレゴン州(Oregon)全土において抑制、阻止およ

び排除されたものとする。(2)自動車ワイヤーハーネスシステムの価格は、オレゴン州(Oregon)全土において人為的に高度なレベルで上昇、固定、維持および安定化されたものとする。(3)原告および被害集団のメンバーらは、自由かつ公開的な競争を剥奪されたものとする。更に(4)原告および被害集団のメンバーらは、自動車ワイヤーハーネスシステムに対して競争以上の価格かつ人為的に暴騰した価格を支払ったものとする。

　　　　　(b)被害集団の期間において、被告による違法な行為は、オレゴン州(Oregon)における通商に対して実質的な影響を及ぼしたものとする。

　　　　　(c)被告による非合法的な行為の直接的かつ近接的な結果として、原告および被害集団のメンバーらは、当事者らの業務活動ならびに財産において損失を被ったとともに、更なる損失を被る恐れがあるものとする。

　　　　　(d)上記の理由のために、被告らは、オレゴン州(Oregon)修正法の第646.705(*以下参照*)に違反し、商取引を抑制して契約を締結したものとする。従って、原告および被害集団のメンバーらは、オレゴン州(Oregon)修正法の第646.705(*以下参照*)に基づいて利用可能な全ての法的救済を求めるものとする。

　　254.　　被告らは、サウスダコタ州(South Dakota)法典の第37－1－3.1(*以下参照*)に違反し、商取引を抑制して非合法的な契約を締結したものとする。

　　　　　(a)被告の連携もしくは共同謀議は、下記の効果を有したものとする。すなわち、(1)自動車ワイヤーハーネスシステムの価格競争は、サウスダコタ州(South Dakota)全土において抑制、阻止および排除されたものとする。(2)自動車ワイヤーハーネスシステムの価格は、サウスダコタ州(South Dakota)全土において人為的に高度なレベルで上昇、固定、維持および安定化されたものとする。(3)原告および被害集団のメンバーらは、自由かつ公開的な競争を剥奪されたものとする。更に(4)原告および被害集団のメンバーらは、自動車ワイヤーハーネスシステムに対して競争以上の価格かつ人為的に暴騰した価格を支払ったものとする。

　　　　　(b)被害集団の期間において、被告による違法な行為は、サウスダコタ州(South

66

Dakota)における通商に対して実質的な影響を及ぼしたものとする。

(c)被告による非合法的な行為の直接的かつ近接的な結果として、原告および被害集団のメンバーらは、当事者らの業務活動ならびに財産において損失を被ったとともに、更なる損失を被る恐れがあるものとする。

(d)上記の理由のために、被告らは、サウスダコタ州(South Dakota)法典(注釈)の第37－1(*以下参照*)に違反し、商取引を抑制して契約を締結したものとする。従って、原告および被害集団のメンバーらは、サウスダコタ州(South Dakota)法典(注釈)の第37－1(*以下参照*)に基づいて利用可能な全ての法的救済を求めるものとする。

255.   被告らは、テネシー州(Tennessee)法典(注釈)の第47－25－101(*以下参照*)に違反し、商取引を抑制して非合法的な契約を締結したものとする。

(a)被告の連携もしくは共同謀議は、下記の効果を有したものとする。すなわち、(1)自動車ワイヤーハーネスシステムの価格競争は、テネシー州(Tennessee)全土において抑制、阻止および排除されたものとする。(2)自動車ワイヤーハーネスシステムの価格は、テネシー州全土において人為的に高度なレベルで上昇、固定、維持および安定化されたものとする。(3)原告および被害集団のメンバーらは、自由かつ公開的な競争を剥奪されたものとする。更に(4)原告および被害集団のメンバーらは、自動車ワイヤーハーネスシステムに対して競争以上の価格かつ人為的に暴騰した価格を支払ったものとする。

(b)被害集団の期間において、被告による違法な行為は、テネシー州(Tennessee)における通商に対して実質的な影響を及ぼしたものとする。

(c)被告による非合法的な行為の直接的かつ近接的な結果として、原告および被害集団のメンバーらは、当事者らの業務活動ならびに財産において損失を被ったとともに、更なる損失を被る恐れがあるものとする。

(d)上記の理由のために、被告らは、テネシー州(Tennessee)法典(注釈)の第47－25－101(*以下参照*)に違反し、商取引を抑制して契約を締結したものとする。従って、原告および被害集

67

団のメンバーらは、テネシー州(Tennessee)法典(注釈)の第47−25−101(*以下参照*)に基づいて利用可能な全ての法的救済を求めるものとする。

256.   被告らは、ユタ州(Utah)法典(注釈)の第76−10−911(*以下参照*)に違反し、商取引を抑制して非合法的な契約を締結したものとする。

(a)被告の連携あるいは共同謀議は、下記の効果を有したものとする。すなわち、(1)自動車ワイヤーハーネスシステムの価格競争は、ユタ州(Utah)全土において抑制、阻止および排除されたものとする。(2)自動車ワイヤーハーネスシステムの価格は、ユタ州(Utah)全土において人為的に高度なレベルで上昇、固定、維持および安定化されたものとする。(3)原告および被害集団のメンバーらは、自由かつ公開的な競争を剥奪されたものとする。更に(4)原告および被害集団のメンバーらは、自動車ワイヤーハーネスシステムに対して競争以上の価格かつ人為的に暴騰した価格を支払ったものとする。

(b)被害集団の期間において、被告による違法な行為は、ユタ州(Utah)における通商に対して実質的な影響を及ぼしたものとする。

(c)被告による非合法的な行為の直接的かつ近接的な結果として、原告および被害集団のメンバーらは、当事者らの業務活動ならびに財産において損失を被ったとともに、更なる損失を被る恐れがあるものとする。

(d)上記の理由のために、被告らは、ユタ州(Utah)法典(注釈)の第76−10−911(*以下参照*)に違反し、商取引を抑制して契約を締結したものとする。従って、原告および被害集団のメンバーらは、ユタ州(Utah)法典(注釈)の第76−10−911(*以下参照*)に基づいて利用可能な全ての法的救済を求めるものとする。

257.   被告らは、バーモント州(Vermont)制定法(注釈)9 の第2453(*以下参照*)に違反し、商取引を抑制して非合法的な契約を締結したものとする。

(a)被告の連携あるいは共同謀議は、下記の効果を有したものとする。すなわち、(1)自動車ワイヤーハーネスシステムの価格競争は、バーモント州(Vermont)全土において抑制、阻止お

68

および排除されたものとする。(2)自動車ワイヤーハーネスシステムの価格は、バーモント州(Vermont)全土において人為的に高度なレベルで上昇、固定、維持および安定化されたものとする。(3)原告および被害集団のメンバーらは、自由かつ公開的な競争を剥奪されたものとする。更に(4)原告および被害集団のメンバーらは、自動車ワイヤーハーネスシステムに対して競争以上の価格かつ人為的に暴騰した価格を支払ったものとする。

(b)被害集団の期間において、被告による違法な行為は、バーモント州(Vermont)における通商に対して実質的な影響を及ぼしたものとする。

(c)被告による非合法的な行為の直接的かつ近接的な結果として、原告および被害集団のメンバーらは、当事者らの業務活動ならびに財産において損失を被ったとともに、更なる損失を被る恐れがあるものとする。

(d)上記の理由のために、被告らは、バーモント州(Vermont)制定法(注釈)9 の第 2453(*以下参照*)に違反し、商取引を抑制して契約を締結したものとする。従って、原告および被害集団のメンバーらは、バーモント州(Vermont)制定法(注釈)9 の第 2453(*以下参照*)に基づいて利用可能な全ての法的救済を求めるものとする。

258.　　被告らは、ウェストバージニア州(West Virginia)法典の第 47－18－1(*以下参照*)に違反し、商取引を抑制して非合法的な契約を締結したものとする。

(a)被告の連携あるいは共同謀議は、下記の効果を有したものとする。すなわち、(1)自動車ワイヤーハーネスシステムの価格競争は、ウェストバージニア州(West Virginia)全土において抑制、阻止および排除されたものとする。(2)自動車ワイヤーハーネスシステムの価格は、ウェストバージニア州(West Virginia)全土において人為的に高度なレベルで上昇、固定、維持および安定化されたものとする。(3)原告および被害集団のメンバーらは、自由かつ公開的な競争を剥奪されたものとする。更に(4)原告および被害集団のメンバーらは、自動車ワイヤーハーネスシステムに対して競争以上の価格かつ人為的に暴騰した価格を支払ったものとする。

(b)被害集団の期間において、被告による違法な行為は、ウェストバージニア州(West

69

Virginia)における通商に対して実質的な影響を及ぼしたものとする。

(c)被告による違法な行為の直接的かつ近接的な結果として、原告および被害集団のメンバーらは、当事者らの業務活動ならびに財産において損失を被ったとともに、更なる損失を被る恐れがあるものとする。

(d)上記の理由のために、被告らは、ウェストバージニア州(West Virginia)法典の第47−18−1(*以下参照*)に違反し、商取引を抑制して契約を締結したものとする。従って、原告および被害集団のメンバーらは、ウェストバージニア州(West Virginia)法典の第47−18−1(*以下参照*)に基づいて利用可能な全ての法的救済を求めるものとする。

259.　　被告らは、ウィスコンシン州(Wisconsin)制定法の第133.01(*以下参照*)に違反し、商取引を抑制して非合法的な契約を締結したものとする。

(a)被告の連携あるいは共同謀議は、下記の効果を有したものとする。すなわち、(1)自動車ワイヤーハーネスシステムの価格競争は、ウィスコンシン州(Wisconsin)全土において抑制、阻止および排除されたものとする。(2)自動車ワイヤーハーネスシステムの価格は、ウィスコンシン州(Wisconsin)全土において人為的に高度なレベルで上昇、固定、維持および安定化されたものとする。(3)原告および被害集団のメンバーらは、自由かつ公開的な競争を剥奪されたものとする。更に(4)原告および被害集団のメンバーらは、自動車ワイヤーハーネスシステムに対して競争以上の価格かつ人為的に暴騰した価格を支払ったものとする。

(b)被害集団の期間において、被告による違法な行為は、ウィスコンシン州(Wisconsin)における通商に対して実質的な影響を及ぼしたものとする。

(c)被告による違法な行為の直接的かつ近接的な結果として、原告および被害集団のメンバーらは、当事者らの業務活動ならびに財産において損失を被ったとともに、更なる損失を被る恐れがあるものとする。

(d)上記の理由のために、被告らは、ウィスコンシン州(Wisconsin)制定法の第133.01(*以下参照*)に違反し、商取引を抑制して契約を締結したものとする。従って、原告および被害集団の

70

メンバーらは、ウィスコンシン州(Wisconsin)制定法の第 133.01(*以下参照*)に基づいて利用可能な全ての法的救済を求めるものとする。

260.　原告団と上記に述べる各被害集団は、被告の不法な連合、契約、陰謀と協定の理由により彼らの事業と所有物において損害を被った。原告団と被害集団のメンバーは、被告の不法な行為なしで支払ったであろうよりも更に高く自動車ワイヤーハーネスシステムの支払いをした。　この損害は、上記に述べている独占禁止法の種は被告の行為の不法をさせることから生じ、防ぐためにデザインされたものである。

261.　更に、被告は、前述の陰謀から著しく利益を得た。　被告の利益は、被告団のメンバーと被害集団のメンバーの損害と損失を得た非競争的行為から得た。

262.　従って、原告団と上記司法管轄区のそれぞれの被害集団のメンバーは、三倍にするため、またはさもなければそれから上記に述べたほうにより許可された範囲で道理にかなった弁護士費用を含め、訴訟の費用、それから特定の司法管轄区の独占禁止法により許可されたとおりに増大された損害賠償(適用できる場合、法定損害賠償を含む)を求める。

**法的救済に対する第 3 の申立て**
**消費者保護に関する州の制定法の違反**
**(原告および被害集団の代理として)**

263.　原告らは、本件の告訴状において完全に規定されるように、本件の告訴状の上記の段落において規定されている全ての申立てを組み入れるとともに、再び主張するものとする。

264.　被告らは、以下に列挙されている消費者保護に関する州の制定法ならびに不当競争に関する州の制定法に違反し、不当競争または不当、非道徳的、虚偽的かつ詐欺的な行為あるいは実務に従事したものとする。

2.65　被告らは、カリフォルニア州(California)の業務ならびに専門的職業の法典の第 17200(*以下参照*)に違反し、不当競争または不当、非道徳的、虚偽的かつ詐欺的な行為あるいは実務に従事したものとする。

71

(a)本件の被害集団の期間において、被告らは、カリフォルニア州(California)の業務ならびに専門的職業の法典の第 17200 条*(以下参照)*によって定義されるように、上記に特定される行為ならびに実務に従事することにより、不当競争行為を犯したとともに、かかる不当競争行為を継続的に犯したものとする。

(b)本件の申立ては、当該告訴状に主張されているように、一般に不当競争法として認識されているカリフォルニア州(California)の業務ならびに専門的職業の法典の第 17200 条に違反した行為のために被告らから不当利得の返還を取得することを目的として、カリフォルニア州(California)の業務ならびに専門的職業の法典の第 17203 条および第 17204 条に従って提起されるものとする。

(c)本件の告訴状において主張されるような被告の行為は、第 17200 条に違反したものとする。本件の告訴状において主張されるように、被告の作為、不作為、虚偽表示、実務ならびに非公開は、カリフォルニア州(California)の業務ならびに専門的職業の法典の第 17200 条*(以下参照)*の意味の範囲内における不当、非合法的および/あるいは詐欺的な業務活動あるいは実務によって、不当競争の一般的、継続的かつ連続的な活動の過程を構成したものとする。これには、(1)上記に規定されるようなシャーマン反トラスト法の第 1 条の違反、(2)上記に規定されるようなカリフォルニア州(California)の業務ならびに専門的職業の法典の第 16720 条*(以下参照)*の違反が含まれるが、これらに限定されないものとする。

(d)カリフォルニア州(California)の業務ならびに専門的職業の法典の第 16720 条*(以下参照)*に違反するかどうかにかかわらず、更に共同行為あるいは単独行為であるかどうかにかかわらず、上記に規定されるような被告による作為、不作為、虚偽表示、実務、非公開は、不当、不道徳かつ不法あるいは詐欺的であるものとする。

(e)被告による行為あるいは実務は、カリフォルニア州(California)の業務ならびに専門的職業の法典の第 17200 条の意味の範囲内においてカリフォルニア州(California)の自動車ワイヤーハーネスシステム(あるいはそれらが含まれた車両)の消費者らに対して不当であるものとする。

更に、

(f)被告による行為ならびに実務は、カリフォルニア州(California)の業務ならびに専門的職業の法典の第 17200 条の意味の範囲内において虚偽的かつ詐欺的であるものとする。

(g)原告および被害集団のメンバーらは、業務活動あるいは実務の結果として被告らが取得した可能性がある全ての収入、収益、利益、報酬および利得の完全な回復および/あるいは返還を受ける権限を付与されるものとする。

(h)本件の告訴状の中で主張されている違法な行為は継続的であるものとする。更に、被告が将来においてかかる活動を継続しないという兆候は存在しないものとする。

(i)上記に規定されるように、被告らおよび各被告の不法および不当な商慣行によって、原告および被害集団のメンバーらは、自動車ワイヤーハーネスシステム(あるいはそれらが含まれた車両)に対して競争以上の価格かつ人為的に暴騰した価格を支払わされたとともに、継続的に支払わされるものとする。原告および被害集団のメンバーらは、実際に損失を被ったとともに、かかる不当競争の結果として金銭あるいは財産を喪失したものとする。

(j)本件の告訴状の中で主張されるような被告の行為は、カリフォルニア州(California)の業務ならびに専門的職業の法典の第 17200 条に違反しているものとする。

(k)本件の告訴状において主張されるように、被告ならびに共謀者らは、彼らの不正行為の結果として、および被告の不当競争によって不当に裕福になったものとする。従って、原告および被害集団のメンバーらは、カリフォルニア州(California)の業務ならびに専門的職業の法典の第 17203 条ならびに第 17204 条に従い、商慣行の結果として被告が取得した可能性がある全ての収入、収益、利益、報酬および利得の回復および/あるいは返還など、衡平法上の法的救済を受ける権限を付与されるものとする。

266.　被告らは、コロンビア特別区(District of Columbia)の法典の第 28−3901(以下参照)に違反し、不当競争または不当、非道徳的かつ詐欺的な行為あるいは実務に従事したものとする。

(a)被告らは、人為的および/あるいは非競争的なレベルにおいて、自動車ワイヤーハ

ーネスシステムがコロンビア特別区(District of Columbia)で販売、配給あるいは取得された価格に影響を及ぼすことにより、更にかかる価格を修正、統制および/あるいは維持することにより、貿易または通商を抑止して活動することに合意したとともに、実際に活動したものとする。

(b)上記の行為は、コロンビア特別区(District of Columbia)の法典の第 28−3904 の意味の範囲内における「違法な取引慣行」を構成する。

(c)被告の違法な行為は、下記の効果を有したものとする。すなわち、(1)自動車ワイヤーハーネスシステムの価格競争は、コロンビア特別区(District of Columbia)全土において抑制、阻止および排除されたものとする。(2)自動車ワイヤーハーネスシステムの価格は、コロンビア特別区(District of Columbia)全土において人為的に高度なレベルで上昇、固定、維持および安定化されたものとする。(3)原告および被害集団のメンバーらは、自由かつ公開的な競争を剥奪されたものとする。更に(4)原告および被害集団のメンバーらは、自動車ワイヤーハーネスシステムに対して競争以上の価格かつ人為的に暴騰した価格を支払ったものとする。

(d)被告による行為の直接的かつ近接的な結果として、原告および被害集団のメンバーらは損失を被ったとともに、更なる損失を被る恐れがあるものとする。被告らは、コロンビア特別区(District of Columbia)の法典の第 28−3901(*以下参照*)に違反し、不当競争または不当かつ詐欺的な行為あるいは実務に従事したものとする。従って、原告および被害集団のメンバーらは、かかる制定法に基づいて利用可能な全ての法的救済を求めるものとする。

267.　被告らは、フロリダ州(Florida)の詐欺および不当取引慣行の法律、すなわちフロリダ州(Florida)の制定法の第 501.201(*以下参照*)に違反し、不当競争または不当、非道徳的かつ詐欺的な行為あるいは実務に従事したものとする。

(a)被告の違法な行為は、下記の効果を有したものとする。すなわち、(1)自動車ワイヤーハーネスシステムの価格競争は、フロリダ州(Florida)全土において抑制、阻止および排除されたものとする。(2)自動車ワイヤーハーネスシステムの価格は、フロリダ州(Florida)全土において人為的に高度なレベルで上昇、固定、維持および安定化されたものとする。(3)原告および被害集団のメ

ンバーらは、自由かつ公開的な競争を剥奪されたものとする。更に(4)原告および被害集団のメンバーらは、自動車ワイヤーハーネスシステムに対して競争以上の価格かつ人為的に暴騰した価格を支払ったものとする。

　　　　　　(b)本件の被害集団の期間において、被告による違法行為は、実質的にフロリダ州(Florida)の通商および消費者に対して影響を及ぼしたものとする。

　　　　　　(c)被告による違法な行為の直接的かつ近接的な結果として、原告および被害集団のメンバーらは損失を被ったとともに、更なる損失を被る恐れがあるものとする。

　　　　　　(d)被告らは、フロリダ州(Florida)の制定法の第 501.201*(以下参照)*に違反し、不当競争または不当、非道徳的かつ詐欺的な行為あるいは実務に従事したものとする。従って、原告および被害集団のメンバーらは、かかる制定法に基づいて利用可能な全ての法的救済を求めるものとする。

　　268.　　被告らは、ハワイ州(Hawaii)の修正法(注釈)の第 480－1*(以下参照)*に違反し、不当競争または不当、非道徳的かつ詐欺的な行為あるいは実務に従事したものとする。

　　　　　　(a)被告の違法な行為は、下記の効果を有したものとする。すなわち、(1)自動車ワイヤーハーネスシステムの価格競争は、ハワイ州(Hawaii)全土において抑制、阻止および排除されたものとする。(2)自動車ワイヤーハーネスシステムの価格は、ハワイ州(Hawaii)全土において人為的に高度なレベルで上昇、固定、維持および安定化されたものとする。(3)原告および被害集団のメンバーらは、自由かつ公開的な競争を剥奪されたものとする。更に(4)原告および被害集団のメンバーらは、自動車ワイヤーハーネスシステムに対して競争以上の価格かつ人為的に暴騰した価格を支払ったものとする。

　　　　　　(b)本件の被害集団の期間において、被告による違法行為は、実質的にハワイ州(Hawaii)の通商および消費者に対して影響を及ぼしたものとする。

　　　　　　(c)被告による違法な行為の直接的かつ近接的な結果として、原告および被害集団のメンバーらは損失を被ったとともに、更なる損失を被る恐れがあるものとする。

(d)被告らは、ハワイ州(Hawaii)の修正法(注釈)の第 480*(以下参照)*に違反し、不当競争または不当かつ詐欺的な行為あるいは実務に従事したものとする。従って、原告および被害集団のメンバーらは、かかる制定法に基づいて利用可能な全ての法的救済を求めるものとする。

269.   被告らは、マサチューセッツ州(Massachusetts)の一般法、第 93 A 章、第 2 条に違反し、不当競争または不当、非道徳的かつ詐欺的な行為あるいは実務に従事したものとする。

(a)被告らは、一般法、第 93 A 章によって定義されるような貿易または通商に従事したものとする。

(b)被告らは、人為的および/あるいは非競争的なレベルにおいて、自動車ワイヤーハーネスシステムがマサチューセッツ州(Massachusetts)で販売、配給あるいは取得された価格に影響を及ぼすことにより、更にかかる価格を修正、統制および/あるいは維持することにより、マサチューセッツ州(Massachusetts)を含む市場での貿易または通商を抑止して活動することに合意したとともに、実際に活動したものとする。更に、被告らは、原告および被害集団のメンバーからその契約を隠蔽するために全力を尽くしたものとする。

(c)被告の違法な行為は、下記の効果を有したものとする。すなわち、(1)自動車ワイヤーハーネスシステムの価格競争は、マサチューセッツ州(Massachusetts)全土において抑制、阻止および排除されたものとする。(2)自動車ワイヤーハーネスシステムの価格は、マサチューセッツ州(Massachusetts)全土において人為的に高度なレベルで上昇、固定、維持および安定化されたものとする。(3)原告および被害集団のメンバーらは、自由かつ公開的な競争を剥奪されたものとする。更に(4)原告および被害集団のメンバーらは、自動車ワイヤーハーネスシステムに対して競争以上の価格かつ人為的に暴騰した価格を支払ったものとする。

(d)被告による違法な行為の直接的かつ近接的な結果として、原告および被害集団のメンバーらは損失を被ったとともに、更なる損失を被る恐れがあるものとする。

(e)一定の被告らは、マサチューセッツ州(Massachusetts)の一般法、第 93 A 章、第 9 条に従い、要請の書簡を送達されたものとする。あるいは、情報および提示された証拠に基づいて、

かかる要請の書簡の送達は、被告がマサチューセッツ州(Massachusetts)の地域に営業所を維持していないという理由から、もしくは被告がマサチューセッツ州(Massachusetts)の地域に資産を維持していないという理由から、不必要であったものとする。かかる要請の書簡が送達されてから 30 日以上が経過しているものとする。更に、送達を受けた各被告は、合理的な和解の申込みの履行を怠ったものとする。

(f)上記の理由のために、被告らは、一般法、第 93 A 章の第 2 条に違反し、不当競争または不当かつ詐欺的な行為あるいは実務に従事したものとする。被告および共謀者による第 93 A 章の違反は意図的かつ故意的であったとともに、これによって原告ならびに被害集団のメンバーは複合的な損害賠償を受ける権限を付与されるものとする。

270.　被告らは、ミズーリ州(Missouri)の商事慣行法、すなわちミズーリ州(Missouri)修正法の第 407.010(以下参照)に違反し、不当競争または不当、非道徳的かつ詐欺的な行為あるいは実務に従事したものとする。

(a)ミズーリ州(Missouri)の原告ならびに被害集団のメンバーは、個人用、家族用あるいは家庭用の目的として自動車ワイヤーハーネスシステムを購入したものとする。

(b)被告らは、ミズーリ州(Missouri)を含む市場での貿易または通商における自動車ワイヤーハーネスシステムの販売に関連して、本件の告訴状の中で記述されている行為に従事したものとする。

(c)被告らは、人為的および非競争的なレベルにおいて、自動車ワイヤーハーネスシステムがミズーリ州(Missouri)で販売、配給あるいは取得された価格に影響を及ぼす、更にかかる価格を修正、統制および/あるいは維持することについて合意したとともに、実際にそのように活動したものとする。これに関して、連邦法および州法に基づいて、かかる行為が違法であったとともに、公序良俗の秩序に違反し、非倫理的、抑圧的かつ悪徳的であったという理由から、更に原告ならびに被害集団のメンバーに対して実質的な損失を生じたという理由から、かかる行為は不当な実務を構成したものとする。

(d)被告らは、自動車ワイヤーハーネスシステムに対する被告の違法行為ならびに人為的に暴騰した価格に関連して、原告ならびに被害集団のメンバーらに対して実質的な事実を隠蔽したとともに、かかる実質的な事実の開示を抑圧および除外したものとする。このように隠蔽、抑圧ならびに除外された事実は、かかる事実が原告ならびに被害集団のメンバーらによって購入された自動車ワイヤーハーネスシステムの費用に関連しているという理由から、原告ならびに被害集団のメンバーらに対して重要であった可能性があるものとする。

(e)被告らは、事実と一致していない公式声明を行うことにより、自動車ワイヤーハーネスシステムにおける価格上昇の実際の原因、および/あるいは価格削減の不可について虚偽表示を行ったものとする。

(f)自動車ワイヤーハーネスシステムの価格に関する被告の声明ならびに活動は詐欺的であったものとする。その理由は、かかる声明ならびに活動が、原告ならびに被害集団のメンバーが自由かつ公平な市場によって確定された価格において自動車ワイヤーハーネスシステムを購入したように彼らを誤解させる傾向あるいは特質を有していたからであるものとする。

(g)被告の違法な行為は、下記の効果を有したものとする。すなわち、(1)自動車ワイヤーハーネスシステムの価格競争は、ミズーリ州(Missouri)全土において抑制、阻止および排除されたものとする。(2)自動車ワイヤーハーネスシステムの価格は、ミズーリ州(Missouri)全土において人為的に高度なレベルで上昇、固定、維持および安定化されたものとする。(3)原告および被害集団のメンバーらは、自由かつ公開的な競争を剥奪されたものとする。更に(4)原告および被害集団のメンバーらは、自動車ワイヤーハーネスシステムに対して競争以上の価格かつ人為的に暴騰した価格を支払ったものとする。

(h)上記の活動ならびに慣行は、ミズーリ州(Missouri)の商事慣行法に違反し、違法な慣行を構成したものとする。

(i)上記の違法な慣行の直接的かつ近接的な結果として、原告および被害集団のメンバーらは、確定可能な金銭あるいは財産の損失を被ったものとする。

78

(j)従って、原告および被害集団のメンバーらは、ミズーリ州(Missouri)の商事慣行法、とりわけ、ミズーリ州(Missouri)修正法の第 407.020 に基づいて利用可能な全ての法的救済を求めるものとする。上記の法律は、ミズーリ州(Missouri)の州規制法典、すなわち第 15 州規制法典 60-7-10(*以下参照*)、第 15 州規制法典 60-8.010(*以下参照*)および本件の訴因において求められる法的救済を規定しているミズーリ州(Missouri)修正法の第 407.025 によって更に注釈されるように、「貿易あるいは通商における何らかの商品の販売または宣伝に関連して、何らかの詐欺、欺罔、虚偽表示、虚偽の約束、不当表示、不当慣行、もしくは実質的な事実に関する隠蔽、抑止または除外に関して、個人によるその活動、利用あるいは雇用を禁止するものとする…。」

271.   被告団は、モンタナ(Montana)不正貿易慣行と 1970 の消費者保護条例、モンタナ規約、§§30-14-103、§§30-14-201 の違反において不正競争あるいは不正、非良心的、欺瞞的な行い、あるいは手法に従事した。以下参照。

(a) 被告団の違法行為は次の被害をもたらした: (1)モンタナ(Montana)において、自動ワイヤーハーネスシステムの価格競争は抑制、鎮圧、除外された; (2)自動車ワイヤーハーネスシステムの価格の引き上げ、価格固定、価格維持、そして価格安定が行われ、その価格はモンタナ(Montana)全域で意図的に高い付け根がつけられた; (3)原告団とその同じ被害をこうむった集団のメンバーは自由で公開な競争の利益を奪われ、; そして(4)原告団とその同じ被害をこうむった集団のメンバーは自動車ワイヤーハーネスシステムに人為的に暴騰した価格を支払った。

(b) 集団訴訟中においても、被告団による不法行為はモンタナ(Montana)での商取引と消費者に相当な影響を及ぼした。

(c) 被告団による不法行為の直接結果、そしてほぼそれに近い結果によって、原告団とその同じ被害をこうむった集団のメンバーは被害をこうむり、その被害は更に深い被害となった。

(d) 被告団は、モンタナ(Montana)規約、§§30-14-103、§§30-14-201 の違反において不正競争あるいは不正、欺瞞的な行い、あるいは手法に従事した。以下参照。そして、その規約に基づい

79

て、原告団とその同じ被害をこうむった集団のメンバーはこうむった被害の救済を求めた。以下参照。

272. 被告団は、ニューメキシコ(New Mexico)規約、§57-12-1、の違反において、不正競争、あるいは不正、非良心的、あるいは欺瞞な行為、あるいは手法に従事した。以下参照。

(a) 被告団はニューメキシコ(New Mexico)で、非競争的そして人為に不正操作した高額値を自動車ワイヤーハーネスシステムの売却、流通、あるいは買い手の入手に付け値するに同意しその額を影響、調整、抑制、そして／あるいは維持する不正行為を事実行い、貿易あるいは商取引を抑制した。そして被告団同意のもの、原告団そしてその同じ被害をこうむった集団のメンバーからその事実を隠すことにつとめた。

(b) 上記の被告団による違法行為は、ニューメキシコ法規注釈(New Mexico Statutes Annotated)規約、§57-12-1、の違反において、法外取引慣行に匹敵する。それが違法行為であることは、原告団とその同じ被害をこうむった集団のメンバーが受け取った自動車ワイヤーハーネスシステムに対する見積額と実際に支払った額の格差に示されており、ニューメキシコ法規注釈(New Mexico Statutes Annotated)規約、§57-12-2‐F に定められている。

(c) 被告団の違法行為は次の被害をもたらした: (1) ニューメキシコ(New Mexico)において、自動車ワイヤーハーネスシステムの価格競争は抑制、鎮圧、除外された; (2)自動車ワイヤーハーネスシステムの価格の引き上げ、価格固定、価格維持、そして価格安定が行われ、その価格はニューメキシコ(New Mexico)全域で意図的に高い付け根がつけられた; (3)原告団とその同じ被害をこうむった集団のメンバーは自由で公開な競争の利益を奪われ、; そして(4)原告団とその同じ被害をこうむった集団のメンバーは自動車ワイヤーハーネスシステムに人為的に暴騰した価格を支払った。

(d) 集団訴訟中においても、被告団による不法行為はニューメキシコ(New Mexico)での商取引と消費者に相当な影響を及ぼした。

(e) 被告団による不法行為の直接結果、そしてほぼそれに近い結果によって、原告団とその同じ被害をこうむった集団のメンバーは被害をこうむり、その被害は更に深い被害となった

。

　　　　(f)　被告団は、ニューメキシコ(New Mexico)規約、§57-12-1、の違反において不正競争あるいは不正、欺瞞な行い、あるいは手法に従事した。以下参照。そして、その規約に基づいて、原告団とその同じ被害をこうむった集団のメンバーはこうむった被害の救済を求めた。

　　　273.　　　被告団は、ニューヨーク・ジェネラル・ビジネス・ロー(New York General Business Law)規約、§349、の違反において、不正競争、あるいは不正、非良心的、あるいは欺瞞な行為、あるいは手法に従事した。以下参照。

　　　　(a) 被告団はニューヨーク(New York)で、非競争的そして人為に不正操作した高額値を自動車ワイヤーハーネスシステムの売却、流通、あるいは買い手の入手に付け値するに同意しその額を影響、調整、抑制、そして／あるいは維持する不正行為を事実行い、そして被告団同意のもと、原告団そしてその同じ被害をこうむった集団のメンバーからその事実を隠すことにつとめた。

　　　　(b)　ここに記載されている被告団による違法行為は、ニューヨーク・ジェネラル・ビジネス・ロー(New York General Business Law)規約、§349、の違反において、消費者への欺瞞な行為あるいは手法に匹敵する。その違法行為による消費者損害、世間一般対する悪影響は広範である、そして公正な判断で競争力のあるニューヨーク公正市場においてニューヨーク市民に不正な高値を払わせる損害をこうむらせた。

　　　　(c)　被告団の違法行為は次の被害をもたらした: (1) ニューヨーク(New York)において、自動車ワイヤーハーネスシステムの価格競争は抑制、鎮圧、除外された; (2)自動車ワイヤーハーネスシステムの価格の引き上げ、価格固定、価格維持、そして価格安定が行われ、その価格はニューヨーク(New York)全域で意図的に高い付け根がつけられた; (3)原告団とその同じ被害をこうむった集団のメンバーは自由で公開な競争の利益を奪われ、; そして(4)原告団とその同じ被害をこうむった集団のメンバーは自動車ワイヤーハーネスシステムに人為的に暴騰した価格を支払った。

　　　　(d)　集団訴訟中においても、被告団による不法行為はニューヨーク(New York)での商取引と消費者に相当な影響を及ぼした。

(e)　集団訴訟中においても、ここに連ねている各被告は、直接的あるいは間接的そして同じ不法行為に加わった他の関係者も含めて、その者たちはニューヨーク(New York)での自動車ワイヤーハーネスシステムを独占、そして抑制、製造、販売、そして／あるいは割当を行った。

(f)　原告団とその同じ被害をこうむった集団のメンバーは、ニューヨーク・ジェネラル・ビジネス・ロー(New York General Business Law)規約、§349(h)に基づいて、こうむった被害の救済を求める。

274.　被告団は、ノース　キャロライナ・一般法規(North Carolina General Statutes)規約、§75-1-1、の違反において、不正競争、あるいは不正、非良心的、あるいは欺瞞な行為、あるいは手法に従事した。以下参照。

(a)　被告団はノース　キャロライナ(North Carolina)で、非競争的そして人為に不正操作した高額値を自動車ワイヤーハーネスシステムの売却、流通、あるいは買い手の入手に付け値するに同意しその額を影響、調整、抑制、そして／あるいは維持する不正行為を事実行い、貿易あるいは商取引を抑制した。そして被告団同意のもと、原告団そしてその同じ被害をこうむった集団のメンバーからその事実を隠すことにつとめた。

(b)　ここに記載されている被告団による違法行為は、ノース　キャロライナの法注釈において、消費者への欺瞞な行為あるいは手法に匹敵する。その違法行為による消費者損害、世間一般対する悪影響は広範である、そして公正な判断で競争力のあるノース　キャロライナ公正市場においてノース　キャロライナ市民に不正な高値を払わせる損害をこうむらせた。

(c)　被告団の違法行為は次の被害をもたらした: (1) ノース　キャロライナ(North Carolina)において、自動車ワイヤーハーネスシステムの価格競争は抑制、鎮圧、除外された; (2)自動車ワイヤーハーネスシステムの価格の引き上げ、価格固定、価格維持、そして価格安定が行われ、その価格はノース　キャロライナ(North Carolina)全域で意図的に高い付け根がつけられた; (3)原告団とその同じ被害をこうむった集団のメンバーは自由で公開な競争の利益を奪われ、; そして(4)原告団とその同じ被害をこうむった集団のメンバーは自動車ワイヤーハーネスシステムに人為的に暴騰

82

した価格を支払った。

(d)　集団訴訟中においても、被告団による不法行為はノース　キャロライナ(North Carolina)での商取引と消費者に相当な影響を及ぼした。

(e)　集団訴訟中においても、ここに連ねている各被告は、直接的あるいは間接的そして同じ不法行為に加わった他の関係者も含めて、その者たちはノース　キャロライナでの自動車ワイヤーハーネスシステムを独占、そして抑制、製造、販売、そして／あるいは割当を行った。

(f)　原告団とその同じ被害をこうむった集団のメンバーは、被告団の違法行為による裁判で決まる実質的損害賠償金を更に増す損害と共に追求する。被告団は、ノース　キャロライナ・一般法規(North Carolina General Statutes)規約、§75-1-1、の違反において、不正競争、あるいは不正、非良心的、あるいは欺瞞な行為、あるいは手法に従事した。以下参照。そして、この規約に基づいてこうむった被害の救済を求める。

275.　被告は、ロードアイランド州法不正取引方法の実践と消費者保護法§§6-13.1-1〔Rhode Island Unfair Trade Practice and Consumer Protection Act, R.I. Gen. Laws §§ 6-13.1-1, et seq.〕に違反する、不正競争や不公平、不当、または詐欺的行為をおこなっている。

(a)　被害集団のメンバーは、個人、家族、または家庭での使用目的のために自動車用ワイヤーハーネスシステムを購入した。

(b)　被告は、実際に、ロードアイランド〔Rhode Island〕州にて販売、配布、または入手できる自動車用ワイヤーハーネスシステムの価格変動に対し、人為的、非競合レベルで維持および／もしくは管理をし、ロードアイランド〔Rhode Island〕州を含む市場での取引および商業制限する行為をおこなったことを認めた。

(c)　被告は、自らの違法行為と、自動車用ワイヤーハーネスシステムの人工的に騰貴した価格に関する原告および被害集団の懸念に対する事実情報開示を故意に怠った。被告はそのような事実を開示する義務を負っており、平均的な本業界に携わらない消費者の相対的な知識不足を考慮するべきであり、被告は沈黙することによって、その義務に違反した。被告は、自動車用

83

ワイヤーハーネスシステムの価格は競合し得るものであり、公平であることを集団期間中にすべての消費者に誤って伝えた。

(d) 被告の違法行為により、次のような影響が発生した： (1) ロードアイランド〔Rhode Island〕州全体での自動車用ワイヤーハーネスシステムの価格競争 は、拘束、抑制され、除外された; (2) ロードアイランド〔Rhode Island〕州全体での自動車用ワイヤーハーネスシステムの価格は、人工的に騰貴したレベルで引き上げられ、固定、維持、安定させられた; (3) 原告団と集団メンバーは自由で制限のない競争を得た;そして(4) 原告団と集団メンバーは、自動車ワイヤーハーネスシステムの超過した競争価格を支払った。

(e) 被告の直接的および近似的な違法行為の結果により、原告および被害集団のメンバーは被告による不当で欺瞞的な商慣行企業活動行為の結果として、上記のように金銭または財産の確認できる損失を被った。良心と欺瞞の使用や雇用の法則、その損失は、本書に記載されているように、被告の故意や詐欺行為によって引き起こされた。

(f) 被告による自動車用ワイヤーハーネスシステムの価格に関する肯定的な不実表示や欠落を含む被告の詐欺は、合理的な状況下で、全ての消費者に自由で公正な市場における価格で自動車用ワイヤーハーネスシステムを購入されたと信じるように働く可能性が非常に高いものである。被告による肯定的な虚偽や欠落は、自動車ワイヤーハーネスシステムのコストに関連するとして、原告と被害集団メンバーに重要な情報を構成するものである。

(g) 被告は、ロードアイランド州法不正取引方法の実践と消費者保護法§§6-13.1-1〔Rhode Island Unfair Trade Practice and Consumer Protection Act, R.I. Gen. Laws §§ 6-13.1-1, et seq.〕に違反する、不正競争や不公平、不当、または詐欺的行為をおこなっているゆえに、それに応じて、原告と被害クラスのメンバーは、その法律の下で請求可能なすべての救済を求める。

276 被告は、バーモント州法注釈9§2451〔Vermont § 2451, et seq.〕に違反して不正競争又は不正、非良心的な、または詐欺的な行為をおこなっている。

(a) 被告は、実際に、バーモント〔Vermont〕州にて販売、配布、または入手で

きる自動車用ワイヤーハーネスシステムの価格変動に対し、人為的、非競合レベルで維持および／もしくは管理をし、バーモント〔Vermont〕州を含む市場での取引および商業制限する行為をおこなったことを認めた。

      (b)      被告は、自らの違法行為と、自動車用ワイヤーハーネスシステムの人工的に騰貴した価格に関する原告および被害集団の懸念に対する事実情報開示を故意に怠った。被告はそのような事実を開示する義務を負っており、平均的な本業界に携わらない消費者の相対的な知識不足を考慮するべきであり、被告は沈黙することによって、その義務に違反した。被告は、自動車用ワイヤーハーネスシステムの価格は競合し得るものであり、公平であることを集団期間中にすべての消費者に誤って伝えた。

      (c)      被告の違法行為により、次のような影響が発生した：(1) バーモント〔Vermont〕州全体での自動車用ワイヤーハーネスシステムの価格競争は、拘束、抑制され、除外された; (2) バーモント〔Vermont〕州全体での自動車用ワイヤーハーネスシステムの価格は、人工的に騰貴したレベルで引き上げられ、固定、維持、安定させられた; (3) 原告団と集団メンバーは自由で制限のない競争を得た;そして(4) 原告団と集団メンバーは、自動車ワイヤーハーネスシステムの超過した競争価格を支払った。

      (d)      被告の直接的および近似的な違法行為の結果により、原告および被害集団のメンバーは被告による不当で欺瞞的な商慣行企業活動行為の結果として、上記のように金銭または財産の確認できる損失を被った。良心と欺瞞の使用や雇用の法則、その損失は、本書に記載されているように、被告の故意や詐欺行為によって引き起こされた。

      (e)      自動車用ワイヤーハーネスシステムの価格に関する肯定的な虚偽や欠落を含む被告の詐欺は、合理的な状況下で、全ての消費者に自由で公正な市場における価格で自動車用ワイヤーハーネスシステムを購入されたと信じるように働く可能性が非常に高いものである。被告の誤解を招くような行為および不当な活動は、バーモント州法注釈9 §2451〔Vermont § 2451, et seq.〕に違反し、不正競争又は不当または不正な行為または行為となるものである、よって、原告と被害

85

クラスのメンバーは、その法律の下で請求可能なすべての救済を求める。

### 法的救済に対する第 4 の申立て
不当利益
**(原告団の代理と被害集団)**

277.　原告団は、参考事項により前述の段落の申し立てを具体化する。

278.　彼らの上記に説明された不法な行為の結果として、被告は、不当に豊かになりつづけた、さらになりつづけるであろう。　被告は、最小でも自動車ワイヤーハーネスシステムの販売の不法な利益と不法に騰貴した価格の収入金により不当に豊かになった。

279.　被告は、不当な行為から利益を得た。これは、被告が、自動車ワイヤーハーネスシステムに原告団と被害集団のメンバーによりなされた支払いの超過からなる不正手段で得た利益の維持を可能にするのは不公平なことである。

280.　原告団と被害集団メンバーは、不法、不正、それから不公平な行為からの結果として被告の不正手段で得た利益の総額の権利がある。　原告団と被害集団メンバーは、原告団と被害集団メンバーが比例した基準に対する要求をすることから全ての不正手段で得た利益から成り立つ解釈上の義務の確立の権利がある。

### 救済命令の請願

したがって、原告団は丁重に次のことを要請する：

A.　法廷は、この訴訟が民事処分の連邦規約の規約 23(a)、(b)(2)と(b)(3)に基づいた集団訴訟として支持されるという判定を下し、それから民事処分の連邦規約の規約 23(c)(2)により提供されるようにこの訴訟の道理にかなった通知の指図が各、全ての集団メンバーに与えられること；

B.　A. ここに申し立てられた不法な行為、契約、陰謀、または連合は判定され、判決を下されること：

　　　(a)　シャーマン条例(Sherman Act)の項 1 の違法による貿易や通商の不当な抑制；

　　　(b)　シャーマン条例(Sherman Act)の項 1 の本質的違法行為；

86

(c)　　　ここに陳列している通り国政独占禁止、不正競争、それから消費者保護法の違反行為の不法な連合、義務、協定、理解、それから/または協力；それから

(d)　　　本状にある被告による不当利益。

C.　　　原告団と被害集団メンバーは、そういった法のもと、認められた最大範囲まで損害の取り戻し、それから原告と損害集団メンバーに賛成の共同、それからいくつかの判決は、そういった法の許可範囲まで三倍になった総額の被告に対して届け出られる；

D.　　　原告団と被害集団メンバーは、彼らから不法に得られた利益の損害賠償、そして/また引き渡しのフォームのそういった法のもと、認められた最大範囲まで損害を取り戻す；

E　　　被告、彼らの会員、後継者、譲受人、譲り受け人、それからその他の役人、管理者、共同経営者、仲介人、それからその従業員、それから彼らに代表して、または協定して行動するために実行、あるいは要求している全てのその他の人々は、ここに申し立てられた行為、契約、陰謀、または連合を継続する、維持する、または更新するどの態度から、あるいは類似した目的や結果を持つその他の契約、陰謀、または連合を始める、それから類似した目的や結果を持つどの事業、計画、プログラム、あるいは方策を採用、従事を永久に禁じ、抑制される；

F.　　　原告団と被害集団メンバーは、被告が不法競争の行為と不正な富行為の結果として得た利益の引渡しを含め、損害賠償を裁定される；

G.　　　原告団と集団メンバーは、法により提供されている前、後判決利益を裁定され、それからそういった利益は、この告訴の執行の日付の後、そして日付から最も高い法律上の相場で裁定される；

H.　　　原告団と集団メンバーは、法により提供されている、道理にかなった弁護士料を含め、訴訟の費用を取り戻す；それから

I.　　　原告団と集団メンバーは、訴訟が必要とするかもしれない、それから法廷が公平で適切であると考えるそういった他の、それからそれ以上の救済を受ける。

87

日付：     2012 年 5 月 14 日          **ミラー(MILLER)法律事務所 P.C.**

E・パウエル・ミラー(E. Powell Miller)
E．パウエル・ミラー[E. Powell Miller] (P39487)
48307 ミシガン州ローチェスター市ウェストユニバーシティ
ードライブ 950  スイート 300
[950 W University Dr., Ste 300 Rochester, Michigan 48307]
電話：    (248) 841-2200
ファックス：    (248) 652-2852
epm@millerlawpc.com

*原告側弁護士および提案消費者集団側暫定連絡弁護士*

ホリス・サルツマン[Hollis Salzman]
バーナード・ペルスキ[Bernard Persky]
ウィリアム V.レイス[William V. Reiss]
**ラバトン・スカロウ  LLP**
**[LABATON SUCHAROW LLP]**
10005 ニューヨーク州ニューヨーク  ブロードウェイ 140
[10005 New York, NY, Broadway 140]
電話：    (212) 907-0700
ファックス：    (212) 883-7058
hsalzman@labaton.com
 bpersky@labaton.com
wreiss@labaton.com

マーク  M.セルツァ[Marc M. Seltzer]
スティーブ  G.スクレイヴァ[Steven G. Sklaver]
スーザン・ゴッドフレイ  LLP
**[SUSMAN GODFREY L.L.P.]**
90067-6029 カリフォルニア州ロサンゼルス、  スターズオブ
アベニュー1901、スイート 950
[1901 Avenue of the Stars, Suite 950
Los Angeles, CA 90067-6029]
電話：    (310) 789-3100
ファックス：    (310) 789-3150
mseltzer@susmangodfrey.com
 ssklaver@susmangodfrey.com

タレル  W. オックスフォード[Terrell W. Oxford]
ウォレン  T. バーンズ[Warren T. Burns]
**スーザン・ゴッドフレイ  LLP**
**[SUSMAN GODFREY L.L.P.]**
75202 テキサス州ダラス、メイン・ストリート 901、スイート
5100
[901 Main Street, Suite 5100 Dallas, Texas 75202]
電話：    (214) 754-1900
ファックス：    (214)754-1933
toxford@susmangodfrey.com

wburns@susmangodfrey.com

ジョゼフ W. コチェット[Joseph W. Cotchett]
スティーブン N.ウィリアム[Steven N. Williams]
アダム J.ザッパラ[Adam J. Zapala]
ジーン W.キム[Gene W. Kim]
コチェット、ピトレ& マッカーシーLLP
**[COTCHETT, PITRE & McCARTHY, LLP]**
サンフランシスコ・エアポート・オフィス・センター
[San Francisco Airport Office Center]94010 カリフォルニア州バ
ーリンゲーム、 マルコム·ロード 840 スイート 200 [840
Malcolm Road, Suite 200 Burlingame, CA 94010**]**
電話: (650) 697-6000
ファックス: (650) 697-0577
jcotchett@cpmlegal.com
    swilliams@cpmlegal.com
jcotchett@cpmlegal.com
    swilliams@cpmlegal.com

*原告側弁護士および提案消費者集団側暫定共同弁護士*

<u>陪審員裁判請求</u>

原告は、全争点が審理可能になるように、連邦民事訴訟規則 38(b)準じ陪審員裁判を要求

する。

日付： 2012 年 5 月 14 日　　　**ミラー(MILLER)法律事務所 P.C.**

E・パウエル・ミラー(E. Powell Miller)
E. パウエル・ミラー[E. Powell Miller] (P39487)
48307 ミシガン州ローチェスター市ウェストユニバーシ
ティードライブ 950 スイート 300
[950 W University Dr., Ste 300 Rochester, Michigan 48307]
電話： (248) 841-2200
ファックス： (248) 652-2852
epm@millerlawpc.com

*原告側弁護士および提案消費者集団側暫定連絡弁護士*

ホリス・サルツマン[Hollis Salzman]
バーナード・ペルスキ[Bernard Persky]
ウィリアム V.レイス[William V. Reiss]
**ラバトン・スカロウ LLP**
**[LABATON SUCHAROW LLP]**
10005 ニューヨーク州ニューヨーク ブロードウェイ 140
[10005 New York, NY, Broadway 140]
電話： (212) 907-0700
ファックス： (212) 883-7058
hsalzman@labaton.com
bpersky@labaton.com
wreiss@labaton.com

マーク M.セルツァ[Marc M. Seltzer]
スティーブ G.スクレイヴァ[Steven G. Sklaver]
スーザン・ゴッドフレイ LLP
**[SUSMAN GODFREY L.L.P.]**
90067-6029 カリフォルニア州ロサンゼルス、 スターズオ
ブアベニュー1901、スイート 950
[1901 Avenue of the Stars, Suite 950
Los Angeles, CA 90067-6029]
電話： (310) 789-3100
 ファックス： (310) 789-3150
mseltzer@susmangodfrey.com
  ssklaver@susmangodfrey.com

タレル W. オックスフォード[Terrell W. Oxford]
ウォレン T. バーンズ[Warren T. Burns]
**スーザン・ゴッドフレイ LLP**
**[SUSMAN GODFREY L.L.P.]**
75202 テキサス州ダラス、メイン·ストリート 901、スイート 5100
[901 Main Street, Suite 5100 Dallas, Texas 75202]
電話: (214) 754-1900
ファックス: (214)754-1933
toxford@susmangodfrey.com
wburns@susmangodfrey.com


ジョゼフ W. コチェット[Joseph W. Cotchett]
スティーブン N.ウィリアム[Steven N. Williams]
アダム J.ザッパラ[Adam J. Zapala]
ジーン W.キム[Gene W. Kim]
コチェット、ピトレ& マッカーシーLLP
**[COTCHETT, PITRE & McCARTHY, LLP]**
サンフランシスコ・エアポート・オフィス・センター
[San Francisco Airport Office Center]94010 カリフォルニア
州バーリンゲーム、 マルコム·ロード 840 スイート 200
[840 Malcolm Road, Suite 200 Burlingame, CA 94010]
電話: (650) 697-6000
ファックス: (650) 697-0577
jcotchett@cpmlegal.com
    swilliams@cpmlegal.com
jcotchett@cpmlegal.com
    swilliams@cpmlegal.com

*原告側弁護士および提案消費者集団側暫定共同弁護士*