UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| IN RE: AUTOMOTIVE WIRE HARNESS SYSTEMS ANTITRUST LITIGATION | : : : : Master File No. 12-MD-02311 : |
| THIS DOCUMENT RELATES TO: All Actions | : : : : : |

**STIPULATION AND PROTECTIVE ORDER GOVERNING THE PRODUCTION AND EXCHANGE OF CONFIDENTIAL INFORMATION**

WHEREAS, the Plaintiffs and Defendants in the Direct Purchaser Actions, the Automobile Dealer Actions, and the End-Payor Actions may seek discovery of documents, information, or other materials that contain non-public, confidential, competitively sensitive, or proprietary information of another party or of a third party;

WHEREAS, the parties have stipulated and agreed to terms, and jointly moved this Court for entry of the following Protective Order, and the Court having found that, in light of the nature of the non-public, confidential, competitively-sensitive, proprietary information that may be sought in discovery, good cause exists for entry of the Protective Order,

IT IS ORDERED that this Protective Order ("Order") shall be entered pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and Local Rule 26.4 of the United States District Court for the Eastern District of Michigan limiting the disclosure and use of certain discovered information in connection with the prosecution or defense of:

a. the consolidated direct and indirect purchaser actions included in MDL No. 2311 (captioned "In re Automotive Wire Harness Systems Antitrust Litigation");

b. any individual direct or indirect purchaser case included in MDL No. 2311;

c. any case designated as a direct or indirect purchaser "tagalong" case to MDL No. 2311 or designated as a "related case" to any direct or indirect purchaser case in MDL No. 2311;

d. any subsequent cases which are subsequently transferred to this Court for coordinated proceedings with the cases included in MDL No. 2311; and

e. any appeals of the cases described in categories (a) through (d) above

(collectively the "Litigation").

    1.    All information produced or discovered in this Litigation and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS ONLY" shall be used solely for the prosecution or defense of this Litigation, unless that information is or has become publicly available without a breach of the terms of this Order.

    2.    To preserve the legitimate proprietary and privacy interests of sources of information, this Order establishes a procedure for disclosing Protected Information (defined in Paragraph 4 below) to the parties in this Litigation, imposes obligations on persons receiving Protected Information to protect it from unauthorized use or disclosure, and establishes a procedure for challenging confidentiality designations. This Order applies only to information furnished by parties and non-parties that is not otherwise publicly available.

    3.    This Order shall govern all documents, the information contained therein, and all other information produced or disclosed during discovery in this Litigation whether revealed in a document, deposition, other testimony, multimedia audio/visual file such as a voice and video recording, discovery response or otherwise, including but not limited to any copies, notes, abstracts or summaries of the foregoing materials ("Discovery Material"), by any party or non-party in this Litigation (the "Producing Party") to any other party (the "Receiving Party") when the foregoing materials are designated using the procedures set forth herein. This Order is binding upon the parties to this Litigation, as well as their respective attorneys, agents, representatives, officers and employees, and others as set forth in this Order. Nothing in this Order, however, prevents any use by a Producing Party of the Discovery Material that it produces.

    4.    Subject to the protections provided in Rule 26 of the Federal Rules of Civil Procedure, this Order covers information that any Producing Party designates as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS ONLY" pursuant to Paragraph 5 (collectively referred to as "Protected Information"). In designating information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS ONLY," a party will make such designation only as to that information that it in good faith believes contains information meeting the respective definitions set forth below.

    5.    **Confidentiality Designations.**

        a.    The designation "CONFIDENTIAL" shall be limited to information that the Producing Party has determined, in good faith, contains non-public, confidential, proprietary or commercial information that is not readily ascertainable through lawful means by the public or the receiving party or is subject to privacy protection under federal, state, local, or any applicable foreign law ("Confidential Information").

        b.    The designation "HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS ONLY" shall be limited to information which a Producing Party believes to be highly sensitive and/or proprietary information, including but not limited to documents or information reflecting, containing, or derived from current confidential trade secrets, research, development, pricing,

production, cost, marketing, or customer information, the disclosure of which, even limited to the restrictions placed on the information designated as "CONFIDENTIAL" under this Order, could compromise and/or jeopardize the Producing Party's competitive business interests ("Highly Confidential Information").

      c.    Any party to this Litigation and any third party may designate as CONFIDENTIAL or HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS ONLY documents or information produced by another party or a third party if that Discovery Material (i) either originated from the designating party or third party (or was generated on the designating or third party's behalf), or (ii) contains the designating party's Confidential Information or Highly Confidential Information, in which case the designating party shall be deemed a Producing Party for purposes of this Order. Failure to designate any documents or information as CONFIDENTIAL or HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS ONLY pursuant to this paragraph shall not constitute a waiver of any party's right to make such designation at a later time.

    6.  **Means of Designating Protected Information**.

Documents, material, or information may be designated CONFIDENTIAL or HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS ONLY in the following ways:

      a.    *Documents*. A Producing Party shall, if appropriate, designate specific, hard copy and non-natively produced electronic documents as (i) CONFIDENTIAL by marking the first page and each subsequent page of the produced copy or image of such document containing any Confidential Information with the legend "CONFIDENTIAL"; or as (ii) HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS ONLY by marking the first page and each subsequent page of the produced copy or image of such document containing any Highly Confidential Information with the legend "HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS ONLY." All documents produced or disclosed during discovery in this Litigation shall be identified by Bates number and, to the extent practical, the appropriate designation shall be placed near the Bates number. The impracticality or inadvertent failure to designate each page of a document as CONFIDENTIAL or HIGHLY CONFIDENTIAL–OUTSIDE ATTORNEYS ONLY pursuant to this paragraph shall not constitute a waiver of the confidential nature of the document or page(s).

      b.    *Discovery Responses*. A Producing Party shall, if appropriate, designate discovery responses, including but not limited to interrogatory answers and responses to requests for admissions, as Confidential Information or Highly Confidential Information by placing the following legend on each page of the discovery responses containing Confidential or Highly Confidential Information: "CONTAINS CONFIDENTIAL INFORMATION SUBJECT TO PROTECTIVE ORDER" and / or "CONTAINS HIGHLY CONFIDENTIAL INFORMATION SUBJECT TO PROTECTIVE ORDER."

      c.    *Depositions*. In the case of depositions and the information contained in depositions (including exhibits), counsel for a Producing Party or witness shall designate portions of the transcript (including exhibits) which contain Confidential Information or Highly Confidential Information as CONFIDENTIAL or HIGHLY CONFIDENTIAL—OUTSIDE

ATTORNEYS ONLY by making a statement to that effect on the record at the deposition or by letter within 30 days of receipt of the final deposition transcript or copy thereof (or written notification that the transcript is available). The entire deposition transcript (including exhibits) shall be treated as Highly Confidential Information under this Order until the expiration of the 30-day period for designation. The following legend shall be placed on the front of all versions of the original deposition transcript and each copy of the transcript containing Confidential Information or Highly Confidential Information: "CONTAINS CONFIDENTIAL INFORMATION SUBJECT TO PROTECTIVE ORDER" or "CONTAINS HIGHLY CONFIDENTIAL INFORMATION SUBJECT TO PROTECTIVE ORDER." If all or part of a videotaped deposition is designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS ONLY, the videocassette, other videotape container or DVD shall be labeled with the appropriate legend provided for in Paragraph 5.

d. *Computerized Material*. To the extent that information is produced in a form rendering it impractical to label (including electronically stored information produced on electronic, magnetic or other computer readable media), the Producing Party may designate such information as CONFIDENTIAL or HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS ONLY by cover letter or by affixing to the media containing the Confidential Information or Highly Confidential Information a label containing the appropriate legend provided for in Paragraph 5 above. Whenever a Receiving Party reduces such computerized material designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS ONLY to hard-copy form, the Receiving Party shall mark the hard-copy form with the appropriate legend provided for in Paragraph 5 above. Whenever any Confidential or Highly Confidential computerized material is copied into another form, the Receiving Party shall also mark those forms with the appropriate legend provided for in Paragraph 5 above.

e. *Restricting Access*. To the extent that any Receiving Party or counsel for the Receiving Party creates, develops or otherwise establishes on any digital or analog machine-readable device, recording media, computers, discs, networks, or tapes, or maintains for review on any electronic system material that contains information designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS ONLY that Receiving Party and/or its counsel must take all necessary steps to ensure that access to the electronic system and/or the media containing such information is properly restricted to those persons who, by the terms of this Order, may have access to Confidential Information or Highly Confidential Information.

f. *Inspections*. Documents, materials, or other information to be inspected shall be treated as HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS ONLY during inspection. Such documents or other materials or information that are later duplicated by or for the Receiving Parties shall be stamped, if designated, CONFIDENTIAL or HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS ONLY.

7. **Filing of Protected Information**.

A party that seeks to file any pleading, motion, brief, memoranda or other paper that contains Confidential Information or Highly Confidential Information must comply with Civil Local Rule 5.3 and this Order shall serve as a stipulated order for the purposes of Civil Local Rule 5.3(b). All documents, materials, or other information containing Confidential Information

or Highly Confidential Information that are filed with the Court shall be filed under seal according to the following procedures:

      a.    Consistent with Local Rule 5.3, only those portions of filings with the Court containing Confidential Information or Highly Confidential Information shall be filed under seal. Wherever possible, Confidential Information or Highly Confidential Information shall be filed electronically, in accordance with the Court's ECF procedures. Otherwise, Confidential Information or Highly Confidential Information filed under seal shall be placed in sealed envelopes labeled with the title to the appropriate case in this Litigation, the name of the pleading, the words "FILED UNDER SEAL," and a statement substantially in the following form:

> "This envelope is sealed pursuant to Order of the Court dated _____, 20__, and contains [Confidential Information or Highly Confidential Information] filed in this case by [name of Party] and is not to be opened or the contents thereof to be displayed or revealed to any non-Court personnel except by order of the Court."

Any pleading or other paper required to be filed under seal pursuant to this Paragraph shall also bear the legend "FILED UNDER SEAL" on the cover page of the document. The envelope shall not be opened without further order of the Court except by persons authorized to have access to Confidential Information or Highly Confidential Information pursuant to Paragraphs 9 and/or 10, as appropriate, who shall return the information to the Clerk in a sealed envelope. Regardless of whether a submission is filed under seal electronically or manually, a full copy of any such submission shall be provided directly to chambers, marked "Judge's Copy" and "Contains [Confidential Information or Highly Confidential Information] Subject to Protective Order" and may be opened by the presiding District Judge, his/her law clerks, and other Court personnel without further order of the Court. Further, subject to Paragraphs 9 and/or 10, as appropriate, a full copy of any such sealed submission shall be served upon counsel for the parties. Such service may be effected by e-mail.

      b.    If any party objects to identified portions of the materials remaining under seal, it shall state its objections in a faxed or electronically-delivered letter to the appropriate counsel of record. The interested parties shall promptly meet and confer to attempt to resolve those objections and, if they cannot be resolved, shall promptly tender those objections to the Court for resolution.

      c.    Each document manually filed under seal may be returned to the party which filed it (1) if no appeal is taken, within ninety days after a final judgment is rendered, or (2) if an appeal is taken, within thirty days after the mandate of the last reviewing court which disposes of this Litigation in its entirety is filed. If the party that filed a sealed document fails to remove the document within the appropriate time frame, the Court may dispose of the document in accordance with Local Rule 5.3(e), or take any other action with respect to the document it deems appropriate.

   d. Notwithstanding the foregoing, a party is not required to file a document under seal if the Confidential Information or Highly Confidential Information contained or reflected in the document was so designated solely by that party.

  8. **Use of Protected Information**.

   a. In no event shall Confidential or Highly Confidential Information be used for any business, competitive, personal, private, public, or other purpose, except as permitted by law.

   b. Notwithstanding the foregoing, nothing in this Order shall be deemed to limit or restrict any Producing Party from using its own documents, materials, information, or its own Confidential Information or Highly Confidential Information for any purpose. The Producing Party may withdraw or modify any designation it has made.

   c. The use of Confidential Information and/or Highly Confidential Information in hearings shall be subject to the following:

    i. Subject to Paragraph 8(c)(ii), a party may refer to Confidential Information and/or Highly Confidential Information in public proceedings. The use of such information at trial shall be addressed in the final pre-trial Order, except that the words "CONFIDENTIAL" and "HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS ONLY" shall be removed from documents before such documents are used at trial. The removal of those words shall not affect the protections afforded to the information itself.

    ii. Any party that reasonably believes it will disclose Confidential Information and/or Highly Confidential Information in any public proceeding before the Court shall make its best efforts to inform the Court and the Producing Party at least five (5) business days in advance of actual disclosure but in any event with advance notice sufficient to allow the Producing Party to raise the issue with the Court, so that the Court can decide what precautions are necessary to protect the Producing Party's Confidential/Highly Confidential Information, including specifying how exhibits containing such information shall be filed to maintain their confidentiality, whether and how exhibits containing such information may be shown to witnesses or otherwise used in open court, and whether persons not identified in Paragraphs 9 or 10, as appropriate, shall be excluded from specific portions of the proceedings.

    iii. The Producing Party may designate portions of transcripts of public proceedings as CONFIDENTIAL or HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS ONLY, but any such designations must be made within thirty (30) days of receipt of the final transcript. If the Producing Party is not a party to this Litigation, the party using the information must confer with the Producing Party regarding such designation consistent with this paragraph.

   d. Nothing in this Order shall bar or otherwise prevent any counsel from rendering advice to his or her client with respect to this Litigation and, in the course of rendering such advice, from relying upon his or her examination or knowledge of CONFIDENTIAL or HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS ONLY information; provided that,

however, in rendering such advice and in otherwise communicating with his or her client, such counsel shall not disclose the contents or source of any CONFIDENTIAL or HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS ONLY information produced by another party to this Litigation to any person who is not authorized to receive such information under the provisions of this Order.

9. **Disclosure of Confidential Information.**

a. The attorneys of record are responsible for employing reasonable measures, consistent with this Order, to control access to, and distribution of information designated as CONFIDENTIAL pursuant to this Order.

b. Access to information designated as CONFIDENTIAL pursuant to this Order shall be limited to:

i. The Court or any other court exercising jurisdiction with respect to this Litigation, Court personnel, jurors, alternate jurors, and qualified persons (including necessary clerical personnel) who are engaged in recording, taking or transcribing testimony or argument at any deposition, hearing, trial or appeal in this Litigation;

ii. Mediators or other individuals engaged or consulted in settlement of all or part of this Litigation;

iii. Outside counsel for the parties in this Litigation (including members or associates of the counsel's firm) or members of the in-house legal department for the parties, as well as their paralegals, investigative, technical, secretarial, and clerical personnel who are engaged in assisting them in this Litigation;

iv. Outside photocopying, document storage, data processing, document review, graphic production, jury research or trial preparation services employed by the parties or their counsel to assist in this Litigation, including contract attorneys and paralegals retained to assist in this Litigation;

v. Any individual expert, consultant, or expert consulting firm retained by counsel of record in connection with this Litigation to the extent necessary for the individual expert, consultant, or expert consulting firm to prepare a written opinion, to prepare to testify, or to assist counsel of record in the prosecution or defense of this Litigation, provided, however that (a) the disclosure shall be made only to an individual expert, or to members, partners, employees or agents of an expert consulting firm as the expert consulting firm shall designate as the persons who will undertake the engagement on behalf of the expert consulting firm (the "Designated Expert Personnel"); (b) the individual expert or Designated Expert Personnel use the information solely in connection with this Litigation; (c) the individual and/or a representative of each expert consulting firm sign the written assurance attached on Exhibit A on behalf of any Designated Expert Personnel associated with that firm; and (d) excluding any retention for this Litigation, the individual expert and each of the Designated Expert Personnel is neither a current nor former (within the past year from the date of this Order) employee of any

party or any entity which directly competes with, or is a customer of or direct seller to, any of the Defendants;

   vi. In addition to members of a party's in-house legal department, no more than three directors, officers or employees of a party charged with the responsibility for making decisions dealing directly with the resolution of this Litigation with respect to that party, provided that the requirements of Paragraph 11 of this Order are met;

   vii. In the case of a party who is a natural person, that natural person, provided that the requirements of Paragraph 11 of this Order are met;

   viii. Any person who (a) authored or is listed as a recipient of the particular material sought to be disclosed to that person); (b) was a custodian of the document; or (c) is a witness (1) to whom disclosure is reasonably necessary for this litigation and (2) who counsel in good faith believes has knowledge or awareness of the specific matters set forth in the confidential information or materials, but only as to the specific matter in which such person is referenced, discussed, mentioned, or reasonably thought to have specific knowledge; and

   ix. Any other person to whom (a) the Producing Party agrees in writing or on the record in advance of the disclosure or (b) the Court directs should have access.

  10. **Disclosure of Highly Confidential Information**.

   a. The attorneys of record are responsible for employing reasonable measures, consistent with this Order, to control access to, and distribution of, information designated as HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS ONLY pursuant to this Order.

   b. Access to information designated as HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS ONLY pursuant to this Order shall be limited to:

   i. The persons identified in Paragraphs 9(b)(i)-(v), excluding members of the in-house legal department for the parties, as well as their paralegals, investigative, technical, secretarial, and clerical personnel.

*Plaintiffs' Proposal for the Remainder of Paragraph 10*

   ii. Any person who authored, received, or is reasonably believed in good faith to be referenced in or aware of or participated in the events referenced in the Highly Confidential Material;

   iii. Any witness during the course of his or her testimony at a deposition under the provisions of Fed. R. Civ. Proc. 26(b) in the above-captioned proceeding provided that the witness falls within 10(b)(i) or 10(b)(ii) or is an employee of the Producing Party or was an employee of the Producing Party at the time that the Highly Confidential

Material was created, and subject to the provisions of Paragraph 10(c) below or the document is being used to refresh the witness' recollection, or to impeach the witness; and

        iv.    Any other person to whom (a) the Producing Party agrees in writing or on the record in advance of the disclosure or (b) the Court directs should have access.

        c.    Other than persons described in paragraph 10(b)(ii) and (iii) above, before disclosing Highly Confidential Information to any person under paragraph 10(b) who is a competitor, customer, or direct seller, or an employee of a competitor, customer or direct seller of the Producing Party (including but not limited to co-defendants and employees of co-defendants in this litigation), the party wishing to make such disclosure shall give at least seven (7) days' advance notice in writing to counsel for the Producing Party, stating the names and addresses of the person(s) to whom the disclosure will be made, identifying with particularity the documents and information to be disclosed, and stating the purposes of such disclosure. If, within the 7 day period, written notice of objection to the proposed disclosure is provided to the party wishing to make such disclosure, disclosure is not permissible without leave of Court.

### *Defendants' Proposal for the Remainder of Paragraph 10*

        ii.    Any person who authored, received, or is reasonably believed in good faith to be referenced in or aware of or participated in the specific events referenced in the Highly Confidential Material;

        iii.    Any witness during the course of his or her testimony at a deposition under the provisions of Fed. R. Civ. Proc. 26(b) in the above-captioned proceeding provided that the witness is an employee of the Producing Party or was an employee of the Producing Party at the time that the Highly Confidential Material was created, and subject to the provisions of Paragraph 10(c) below.

        iv.    Any other person to whom (a) the Producing Party agrees in writing or on the record in advance of the disclosure or (b) the Court directs should have access.

        c.    Before disclosing Highly Confidential Information to any person under paragraph 10(b) who (i) is a competitor, customer, or direct seller, or an employee of a competitor, customer or direct seller of the Producing Party (including but not limited to co-defendants and employees of co-defendants in this litigation), <u>and</u> (ii) who also was not the author or recipient of the Highly Confidential Information at issue, the party wishing to make such disclosure shall give at least seven (7) days' advance notice in writing to counsel for the Producing Party, stating the names and addresses of the person(s) to whom the disclosure will be made, identifying with particularity the documents and information to be disclosed, and stating the purposes of such disclosure. If, within the 7 day period, written notice of objection to the proposed disclosure is provided to the party wishing to make such disclosure, disclosure is not permissible without leave of Court.

11. **Notification of Protective Order**.

a. Counsel for the respective parties shall be responsible for obtaining, prior to disclosure and as a condition thereof, the written agreement of any person to whom any Protected Information is disclosed (other than Court personnel, outside counsel for a party and their respective direct staff) to be bound by the terms of this Order. Such written agreement shall be in the form annexed hereto as Exhibit A. The originals of the Agreement shall be maintained by counsel for the party who obtained them until the final resolution of this Litigation. Upon a showing of good cause to the Court, copies of all executed Agreements shall be provided to the counsel for the party seeking disclosure of the Agreements within thirty (30) days of a court order requiring their production.

b. In the event information designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS ONLY is to be shown to a witness, at deposition, hearing, trial or otherwise, the witness shall be provided with a copy of this Order at the start of the examination, and shall be advised on the record that he or she will be subject to sanction, including contempt, for violating the terms of this Order. If the witness has refused to execute Exhibit A as required by this Order, the admonition in the immediately preceding sentence made on the record shall serve as a substitute for the execution of Exhibit A and shall permit examination of the witness on documents or other materials containing CONFIDENTIAL or HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS ONLY information.

c. The prohibitions in this paragraph do not limit a Producing Party's ability to disclose its own Confidential or Highly Confidential Information.

12. A party shall not be obligated to challenge the propriety of a Confidential Information or Highly Confidential Information designation at the time material so designated is produced, and a failure to do so shall not preclude a subsequent challenge thereto, provided, however, that any challenges must be made no later than the close of fact discovery. In the event a party objects to the designation of any material under this Order, the objecting party shall state its objections in a letter to counsel for the designating party in this Litigation, identifying the challenged material by Bates number, on a document-by-document basis; provided, however, if the challenging party is challenging mass designations or designations of substantially identical types of documents, the challenging party need only provide an example of such designation and the basis for challenge, as well as an adequate description of the types of documents challenged, including the impacted ranges of Bates numbers. The notice by the party challenging the designation must also provide the specific bases for its challenge of the confidentiality designations. The interested parties thereafter shall meet and confer in good faith in an attempt to resolve any objection. If the objection is not resolved within fourteen (14) days of transmission of the initiating letter, the party objecting to the confidentiality designation may file with the Court, under the "Notice-Other" designation in ECF, a "Notice of Objection to Designation of Documents," which identifies the disputed documents by Bates number, challenged designation and proposed designation (if any).. Following the objecting party's filing of this Notice of Objection, the designating party shall have twelve (12) days to file its brief in support of its designation(s); the objecting party shall have seven (7) days thereafter to file its response and the designating party shall have seven (7) days thereafter to file its reply, if any. If

a Notice of Objection is filed, the designating party has the burden of establishing that the designation is proper.  If no brief is filed by the designating party supporting its designation, the material will be redesignated in the manner suggested by the objecting party in its Notice of Objection.   If the designating party agrees to change the designation, the designating party shall send a written notice of the change in designation to all other parties.  Any documents or other materials that have been designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS ONLY shall be treated in the manner designated until the Court rules that they should not be treated as Confidential Information or Highly Confidential Information, or the designating party agrees to change the designation.

13. Nothing contained in this Order shall affect the right, if any, of any party or witness to make any other available objection or other response to discovery requests, including, without limitation, interrogatories, requests for admissions, requests for production of documents, or questions at a deposition.  Nor shall this Order be construed as a waiver by any party of any right to withhold any Confidential Information or Highly Confidential Information as attorney work product or based on a legally cognizable privilege, or of any right that any party may have to assert any privilege at any stage of this Litigation.

14. Within sixty (60) days after the final disposition of this Litigation, including all of the Direct Purchaser Actions, the Automobile Dealer Actions, and  the End-Payor Actions, and including all appeals, a Receiving Party shall return all Confidential Information and Highly Confidential Information, including all copies of said materials, to counsel for the Producing Party or, in lieu thereof, the Receiving Party shall certify in writing that it has made reasonable efforts to destroy such materials.  Counsel shall be entitled to retain pleadings and the exhibits thereto, affidavits, motions, briefs, or other papers filed with the Court, as well as any memoranda, notes, or other work product, even if they contain Confidential Information or Highly Confidential Information, so long as counsel protects that information consistent with the terms of this Order.  A "final disposition" shall not include an order from the MDL Court directing that each individual case be returned to the district where it originated for trial.

15. **Correction of Designation and Clawback**.

a. A Producing Party that fails to designate Discovery Material as CONFIDENTIAL or HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS ONLY at the time of production shall be entitled to make a correction to its designation.  Any correction and notice of the correction shall be made in writing, accompanied by substitute copies of each item of Discovery Material, appropriately designated.  A Receiving Party has ten (10) days to object to the fact of a late designation.  If no objection is interposed, then within ten (10) days of receipt of the substitute copies of the Discovery Material, the Receiving Party shall destroy or return to counsel for the Producing Party all copies of such mis-designated documents.  If any objection is interposed, the parties shall meet and confer and, in the absence of an agreement, the Producing Party may file a motion for relief from the Court.  Until the Court rules on such a motion, the disputed Discovery Material shall be treated as CONFIDENTIAL or HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS ONLY in accordance with the designation made pursuant to paragraph 6 and this paragraph.  The obligation to treat such material pursuant to a corrected designation shall run prospectively from the date of corrected designation.  Individuals

who reviewed the mis-designated Discovery Material prior to notice of the mis-designation by the Producing Party shall abide by the provisions of this Order with respect to all future use and disclosure of the mis-designated materials and any information contained in them.

    b. If a Producing Party inadvertently produces any document, material, or other information in this Litigation that the Producing Party has a good faith basis to believe is privileged under the attorney-client or other privilege, or protected from discovery as work product (the "Privileged Material"), regardless of whether the information was designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL–OUTSIDE ATTORNEYS ONLY or neither of these at the time of disclosure:

    i. The parties acknowledge and stipulate that the disclosure does not waive, in whole or part, the party's claim of privilege either as to the specific documents or information disclosed therein or as to any other documents or information relating thereto or on the same or related subject matter, in this or any other federal or state proceeding.

    ii. The Producing Party may, upon discovery of the inadvertent production, request the return of the Privileged Material that was inadvertently disclosed. Upon receipt of such a request, the Receiving Party (a) shall promptly return or destroy the original and all copies of the Privileged Material, (b) destroy all summaries, notes, memoranda or other documents (or portions thereof) referring to or reflecting the contents of such Privileged Material, and (c) not use such documents containing Privileged Material for any purpose absent further order of the Court. In the event the Receiving Party objects to the return of the Privileged Material, the Receiving Party may move the Court, within ten (10) days of receiving the notice from the Producing Party, for an order compelling production of the Privileged Material. All materials related to the inadvertently produced Privileged Material and any related motion to compel, shall be treated as Highly Confidential Information pursuant to this Order, unless otherwise ordered by the Court. Whether or not the Receiving Party disputes the Privileged Material's protected status, if the Receiving Party disclosed the Privileged Material prior to a demand for its return, it shall promptly notify any persons with whom the Privileged Material was shared and use reasonable efforts to collect and return all copies to the Producing Party and/or destroy all such copies, and certify in writing that it has exhausted its reasonable efforts to collect and return all copies.

    c. In the event that a party discovers that Protected Information it has received has been disclosed to someone not authorized under the terms of this Protective Order to receive such information, counsel of record for the party responsible for the unauthorized disclosure shall immediately give notice to counsel of record for the party who designated the information as CONFIDENTIAL or HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS ONLY. If a party fails to treat documents designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS ONLY in the manner provided herein, that party will immediately take such steps as are necessary to have such items placed under seal and/or restored to their confidential status. Depending upon the circumstances, nothing contained herein shall limit the right of the Producing Party or designating party to seek relief against the party responsible for such disclosure.

16. This Order shall not apply to documents, materials, or information that are publicly available without a breach of the terms of this Order or that are obtained independently by the Receiving Party from a person lawfully in possession of those documents, materials, or information.

17. A party's compliance with the terms of this Order shall not operate as an admission that any particular document is or is not (a) confidential, (b) privileged, or (c) admissible in evidence at trial.

18. If any Receiving Party receives a subpoena from a person not a party to this Litigation for documents obtained from a Producing Party subject to this Order, the person subpoenaed must inform the subpoena's issuer of this Order, provide the subpoena's issuer with the copy of the Order, and give the Producing Party and, if different, the designating party, notice of the subpoena within the earlier of three (3) business days after its receipt of the subpoena or before it produces any documents in response to the subpoena, so that the Producing Party and, if different, the designating party, have an opportunity to object and/or file a motion to quash the subpoena or other similar filing prior to the production of any responsive material. In the absence of an objection or motion to quash the subpoena, or other similar filing, by the Producing Party or, if different, the designating party, or further court order, the party receiving the subpoena may produce documents, materials, or other information responsive to the subpoena.

19. This Order shall apply to non-parties who provide discovery, by deposition, production of documents, or otherwise, in this Litigation, if that non-party requests the protection of this Order as to its Confidential Information or Highly Confidential Information and complies with the provisions of this Order. A non-party who provides discovery in this Litigation, requests the protection of this Order, and complies with its terms will be deemed a Producing Party. A party taking discovery from a non-party must provide the non-party with a copy of this Protective Order when it first serves the non-party with a subpoena or other discovery request.

20. Upon final disposition of this Litigation, the provisions of this Order shall continue to be binding. This Court expressly retains jurisdiction over this Litigation for enforcement of the provisions of this Order following the final disposition of this Litigation.

21. Until this Order is entered by the Court, any Discovery Material designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS ONLY that is produced in this Litigation shall be protected from disclosure pursuant to the terms of this Order as if entered by the Court. If any actions subject to this Order are transferred to another Court, the terms of this Order shall remain in full force and effect unless modified by written agreement of all parties or order of the Court.

22. This Order is binding on all parties to this Litigation and on all non-parties who have been served with a copy of this Order, and shall remain in force and effect until modified, superseded, or terminated by consent of the parties or by order of the Court. This Order shall not prevent a party from applying to the Court for relief therefrom, or from applying to the Court for further or additional protective orders, or from agreeing to modifications of this Order, subject to approval of the Court.

23. Nothing in this Order shall prevent a Producing Party or, if different, designating party from seeking further, greater, or lesser protection with respect to the use of any Confidential Information or Highly Confidential Information, or seeking to prevent Confidential Information or Highly Confidential Information from being provided to the persons described in Paragraphs 9 and 10 of this Order.

24. The terms of this Order shall be binding upon all current and future parties to this Litigation and their counsel; any party appearing in the case following entry of this Order shall be deemed to have joined the case subject to its provisions.  Within ten (10) days of (i) entry of an appearance by a new party to this Litigation, or (ii) notification of the filing in this District of a complaint that arises out of the same facts alleged in the Plaintiffs' Complaints, counsel for the Plaintiffs (in the case of a new party plaintiff) or counsel for the Defendants (in the case of a new party defendant) shall serve a copy of this Order on the new party's counsel who have filed an appearance.

25. Nothing herein shall be construed as a determination by the Court, or as a consent or waiver by any foreign parent or affiliate of any party, that such a foreign parent or affiliate of any party is subject to personal jurisdiction in this Court or that discovery as to such foreign parent or affiliate of any party shall proceed pursuant to the Federal Rules of Civil Procedure.

26. All time periods set forth in this Order shall be calculated according to Rule 6 of the Federal Rules of Civil Procedure, as then in effect.

Dated: _____, 2012

IT IS SO ORDERED:


_____
Hon. Marianne O. Battani
United States District Judge

## EXHIBIT A

   On behalf of _____ [NAME OF ORGANIZATION] I, _____ [NAME OF INDIVIDUAL]  hereby certify (i) my understanding that Discovery Material containing Confidential Information or Highly Confidential Information is being provided or otherwise disclosed to me pursuant to the terms and restrictions of the Stipulation and Protective Order Governing the Production and Exchange of Confidential Information ("Order") entered in *In re Automotive Wire Harness Systems Antitrust Litigation*, Master File No. 12-MD-2311, United States District Court, Eastern District of Michigan and (ii) that I have received and read the Order; and (iii) that I will provide a copy of and explain the terms of this Order to any personnel at _____ [NAME OF ORGANIZATION] who receive Discovery Material containing Confidential Information or Highly Confidential Information or who otherwise receive Confidential Information or Highly Confidential Information.  I understand the terms of the Order, I agree to be fully bound by the Order, and I hereby submit to the jurisdiction of the Court for purposes of enforcement of the Order.  I understand that violation of the Order may be punishable by contempt of Court.

Dated: _____      Signature: _____

                 Name: _____

                 Address: _____