UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| IN RE PACKAGED ICE ANTITRUST LITIGATION | Case Number: 08-MD-01952 |
| | Honorable Paul D. Borman |
| THIS DOCUMENT RELATES TO: ALL DIRECT PURCHASER ACTIONS | |

STIPULATED PROTECTIVE ORDER CONCERNING
CONFIDENTIALITY OF DISCOVERY MATERIALS

It is hereby Stipulated and Agreed that the following provisions shall govern the confidentiality of discovery in the direct purchaser proceedings:

Scope of Order

1. This Protective Order applies to all information including, without limitation, documents, writings, video or audio tapes, computer-generated or recorded information in any form, materials, oral or written testimony, answers to interrogatories, responses to requests for admission, deposition testimony, deposition transcripts and exhibits, and other responses to requests for information, produced by a litigant or a third party ("Producing Party") in response to discovery requests in connection with the above-captioned proceeding ("Discovery Materials").

Use of Discovery Materials

2. The parties, and all people or entities subject to this Protective Order, may not use Discovery Materials, including, but not limited to, Confidential or Highly Confidential Materials (other than material that is publicly available), for any purpose other than a proper purpose under the Federal Rules of Civil Procedure and the Federal Rules of Evidence in connection with the prosecution or defense of:

(a) the consolidated direct purchaser action contained in MDL No. 1952 (captioned "In re Packaged Ice Antitrust Litigation");

(b) the individual direct purchaser cases that make up MDL No. 1952;

(c) any case designated as a direct purchaser "tagalong" case to MDL No. 1952; or

(d) any appeals of the cases described in categories (a) through (c) above, unless specific, written authorization is provided by the Producing Party. Nothing in this Protective Order, however, prevents any use by a Producing Party of the Discovery Materials that it produces.

Designation of Confidential and Highly Confidential Material

3. A Producing Party may designate as "Confidential" any of its Discovery Materials that contain, reflect, or reveal: (a) non-public and confidential research, development, proprietary, financial, or commercial information; (b) confidential employment information; or (c) with respect to any individual plaintiff, other class member or third party, financial or other personal information (collectively "Confidential Material"). The term "Confidential Material" includes Discovery Materials designated "Confidential," together with the information contained therein, including any extract, abstract, chart, summary, note, or copy made therefrom. The Producing Party may designate Discovery Materials as Confidential only if the Producing Party has a good faith belief that the information meets the definition of "Confidential Material" set forth in this paragraph. Any such designation shall be made or supervised by an attorney.

4. A Producing Party may designate as "Highly Confidential" only those Discovery Materials that contain, reflect, or reveal: (a) trade secrets; (b) non-public development, manufacturing, financial, or pricing data; (c) customer lists; (d) planned or unpublished

2

intellectual property applications; (e) business plans and strategies; (f) documents relating to any confidential negotiations between a party and a non-party; or (g) similar highly sensitive commercial information. The term "Highly Confidential Material" includes Discovery Materials designated "Highly Confidential," together with the information contained therein, including any extract, abstract, chart, summary, note, or copy made therefrom. The Producing Party may designate Discovery Materials as Highly Confidential only if the Producing Party has a good faith belief that the information meets the definition of "Highly Confidential Material" set forth in this paragraph. The designations shall be made or supervised by an attorney.

5. Discovery Material other than deposition testimony may be designated as Confidential or Highly Confidential by labeling each page of the document or the object's container (in such manner as will not interfere with the legibility thereof) with the designation "Confidential" or "Highly Confidential," as appropriate. Deposition testimony may be designated as Confidential or Highly Confidential, as appropriate, either on the record at the deposition or by letter to counsel for all parties within thirty (30) days after receipt of the transcript. Only the portion of the deposition testimony which reveals Confidential or Highly Confidential material may be so designated. Deposition transcripts shall be treated as Highly Confidential for thirty (30) days after receipt of the transcript by counsel for the deponent. Any transcript, tape, or recording of deposition testimony that is so designated shall include a cover sheet and/or external label stating: "ATTENTION: CONTAINS [CONFIDENTIAL/HIGHLY CONFIDENTIAL] MATERIAL."

6. Discovery Material that was, is, or becomes public knowledge in a manner other than by a violation of this order, and Discovery Material obtained outside of the discovery process in the consolidated direct purchaser action contained in MDL No. 1952, any of the

3

individual direct purchaser cases that comprise MDL No. 1952, or any case designated as a direct purchaser "tagalong" to MDL No. 1952 shall not be designated Confidential or Highly Confidential pursuant to this Order.

Disclosure of Confidential Material

7. Confidential Material may be shown only to: (a) the parties' attorneys (including legal assistants, secretaries, and other office employees); (b) the parties; (c) experts (including assistants, staff, secretaries, and other personnel working with the expert) retained or consulted by the parties; (d) the Court and its official personnel, including special masters, mediators, court reporters, and Court staff; (e) litigation support vendors, including document copying services; (f) actual or proposed witnesses in the above-captioned proceeding; and (g) any other such person at the request of a non-Producing Party, provided that counsel for the Producing Party agrees in writing (identifying such person by name) in advance of such disclosure. Each person who is permitted to see Confidential Material shall first be shown a copy of this Order and shall agree to be bound by its terms.

8. Highly Confidential Material may be shown only to: (a) the parties' outside attorneys (including legal assistants, secretaries, and other office employees); (b) in-house counsel for the parties; (c) experts (including assistants, staff, secretaries, and other personnel working with the expert) retained or consulted by the parties; (d) the Court and its official personnel, including special masters, mediators, and Court staff; (e) litigation support vendors, including document copying services; (f) witnesses during the course of their testimony at a deposition under the provisions of Fed.R.Civ.P. 26(b) in the above-captioned proceeding provided that either: (i) the witness authored, received, or is reasonably believed in good faith to be referenced in or aware of or participated in events referenced in the Highly Confidential

4

Material; (ii) the document is being used to refresh the witness's recollection, or to impeach the witness; or (iii) the witness is an employee of the Producing Party or was an employee of the Producing Party at the time the Highly Confidential Material was created, and (g) any other person at the request of a non-Producing Party, provided that counsel for the Producing Party agrees in writing (identifying such person by name) in advance of such disclosure. Each person who is permitted to see Highly Confidential Material shall first be shown a copy of this Order and shall agree to be bound by its terms.

### Challenges to Designations

9. Any party may object to the designation of any Discovery Material as Confidential or Highly Confidential by giving written notice to the Producing Party that it objects to the designation. If the Producing Party does not agree that the documents or information should not be considered Confidential or Highly Confidential, then the parties shall confer in a good faith effort to resolve the dispute. If the parties are unable to resolve the dispute after conferring, any party may request relief from the Court. The burden rests on the party seeking confidentiality to demonstrate that such designation is proper. Until the Court rules on such a motion, the disputed Discovery Material shall be treated as Confidential or Highly Confidential in accordance with the designation made pursuant to paragraph 5.

### Pleadings Containing Confidential Material

10. Any person wishing to file Confidential or Highly Confidential Material or documents containing information obtained from Confidential or Highly Confidential Material with the Court is authorized to file such material or information under seal, following the procedures of this District.

5

Use of Confidential Material at Trial

11.    If a hearing or trial is scheduled at which any party anticipates the disclosure of Confidential or Highly Confidential Material in open court, the parties shall confer ahead of time in good faith to determine a method for discussing and/or introducing into evidence material that has been designated as Confidential or Highly Confidential. The parties shall submit their proposed method to the Court for approval.

Inadvertent Productions

12.    If Confidential or Highly Confidential Material is disclosed to any person other than in the manner authorized by this Protective Order, the party responsible for the disclosure shall, immediately upon learning of such disclosure, inform the Producing Party of the disclosure, and make every effort to retrieve the Confidential or Highly Confidential Material and to prevent any disclosure by such unauthorized person.

13.    If a Producing Party learns that it inadvertently failed to designate any Discovery Material as Confidential or Highly Confidential, the Producing Party may provide to all parties written notice of its intention to designate the Discovery Material as Confidential or Highly Confidential and an additional copy of the Discovery Material marked as Confidential or Highly Confidential. A receiving party has ten (10) days to object to the late designation of Confidential or Highly Confidential Material. If no objection is interposed, then within ten (10) days of receipt of the additional copy of the Discovery Material, each party shall return or certify the destruction of all copies of such Discovery Material not marked Confidential or Highly Confidential. If any objection is interposed, the parties shall meet and confer and, in the absence of an agreement, the Producing Party may file a motion for relief from the Court. Until the Court rules on such a motion, the disputed Discovery Material shall be treated as Confidential or

6

Highly Confidential in accordance with the designation made pursuant to paragraph 5 and this paragraph.

14. If a party learns that it inadvertently produced Discovery Material that it claims to be protected by the attorney-client privilege, the work-product doctrine, or other privilege or doctrine that the Producing Party believes protects the subject Discovery Material from disclosure, the Producing Party may provide written notice to all parties that it claims protection or privilege regarding such Discovery Material. Upon receipt of such notice, the subject Discovery Material shall be sequestered and shall not be reviewed, disclosed or used for any purpose, other than in connection with a motion for relief as provided in this paragraph, until the claim of protection or privilege is finally resolved as provided herein. If no objection to the claim is interposed within ten (10) days, then each party shall return or certify the destruction of all copies of the Discovery Material in question, including those provided to third parties. In the event of an objection to the claim of privilege or protection, the parties shall meet and confer and, in the absence of an agreement, the Producing Party may file a motion for relief from the Court.

Subpoenas in Other Cases

15. If any person or entity possessing Confidential or Highly Confidential Material is subpoenaed in another action or proceeding or served with a document demand, and such subpoena or document demand requests the production of Confidential or Highly Confidential Material, the person receiving the subpoena or document demand shall give prompt written notice to counsel for the Producing Party, and shall, to the extent permitted by law, court rule, or court order, withhold production of the requested Confidential or Highly Confidential Material

7

until the Producing Party permits production, or until a court of competent jurisdiction orders otherwise.

### Return or Destruction of Confidential Material

16. Upon a request made by a Producing Party within fifteen days of the final disposition of the consolidated direct purchaser action contained in MDL No. 1952, including all appeals, whether by judgment, settlement, or otherwise, the party in possession of Confidential or Highly Confidential Material, at its election, shall return all Confidential or Highly Confidential Material to the Producing Party at the Producing Party's expense, or certify that all such Confidential or Highly Confidential Material has been destroyed. A "final disposition" of the consolidated direct purchaser action contained in MDL No. 1952 shall not include an order from the MDL Court directing that each individual case be returned to the district where it originated for trial.

17. Notwithstanding the provisions of paragraph 16, Outside Counsel may retain a copy of any document filed with the Court.

18. The parties agree to be bound by the terms of this Order until such time as the Court shall rule thereon, and, thereafter, the parties shall be bound by the ruling of the Court.

19. This Protective Order shall survive the termination of this litigation and the Court shall retain continuing jurisdiction to enforce its terms.

SO ORDERED.

Dated: 11-8-, 2010

_____
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

_____  _____
Joseph C. Kohn                   Harold Gurewitz
Robert J. LaRocca                Gurewitz & Raben, PLLC
William E. Hoese                 333 West Fort Street

8