UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE AUTOMOTIVE WIRE HARNESS          :
SYSTEMS ANTITRUST LITIGATION           :          Master File No. 12-md-02311
_____      :
                                       :
THIS DOCUMENT RELATES TO:              :
                                       :
ALL ACTIONS                            :
_____      :

STIPULATION AND ORDER REGARDING
PRODUCTION OF ELECTRONICALLY STORED INFORMATION AND HARD COPY
DOCUMENTS

This Stipulation and Order Regarding Production of Electronically Stored Information

and Hard Copy Documents ("Production Stipulation and Order") shall govern the parties in the

above-captioned case and all actions that are later consolidated with that case (collectively, the

"Litigation").

I.     GENERAL PROVISIONS

       A.     This Production Stipulation and Order will only govern the production of

electronically stored information ("ESI") and hard copy documents (collectively, "Document" or

"Documents").

       B.     TIFF Image Files:  The parties agree that all Documents will be produced as

single-page black and white Group IV TIFF image files of at least 300 dpi resolution, except as

provided in section III.C.  Page size shall be 8.5 x 11 inches unless, in the reasonable judgment

of the producing party, a particular item requires a different page size.  Each image file will use

the Bates number of the page as its unique file name. Original document orientation as displayed

in the native file should be maintained in the TIFF image (e.g., portrait to portrait and landscape to landscape).

C.      Text Files:  Each Document produced under this order shall be accompanied by a single, multipage text file containing all of the text for that item, not one text file per page.  Each text file shall be named using the Bates number of the first page of the corresponding production item.

  i.   OCR: The text for each hard copy document shall be generated by applying optical character recognition (OCR) technology to the scanned image of the document.  The parties will endeavor to generate accurate OCR and will utilize quality OCR processes and technology.  The parties acknowledge, however, that due to poor quality of the originals, not all documents lend themselves to the generation of accurate OCR.

  ii.  ESI: The text of each ESI item shall be extracted directly from the ESI native file. To the extent that is not technically possible (e.g., the underlying native file is an image file), the text for each ESI item shall be generated by applying OCR to the native file under the provision above. For contacts and calendars collected and/or processed after the execution date of this Production Stipulation and Order, user modifiable fields should be extracted and produced as text.

  iii. Redacted Text:  The text file corresponding to a redacted document may be generated by applying OCR to the redacted TIFF file under the provision above.

2

iv.   Foreign Language Text:  The parties will make reasonable efforts to ensure that all technologies and processes used to collect, process and produce the text of any Document – including all TIFF conversion and OCR processes, and the extraction of text from native files – preserves all foreign language text, punctuation and other characteristics as they exist in the source native file.

D.   Bates Numbering:

i.   Each TIFF image produced under this order must be assigned a Bates number that must always: (1) be unique across the entire document production; (2) maintain a constant length of nine numeric digits (including 0-padding) across the entire production; (3) contain only alphanumeric characters, no special characters or embedded spaces; and (4) be sequential within a given document.

ii.   If a producing party skips a Bates number or set of Bates numbers in a production, the producing party will identify any such gap within 14 days of each production.  The producing party need not provide a placeholder (e.g., gap sheet, dummy image) within the production.

iii.   The producing party will brand all TIFF images with its corresponding Bates number, using a consistent font type and size.  Parties will make reasonable efforts to avoid obscuring any part of the underlying image with the Bates number.

E.   Color:  If a receiving party finds the black and white version of a Document insufficient, the receiving party may request that the producing party provide a color image.  If

3

the producing party has converted the Document to color for its own review for production, the producing party will provide the color image to the receiving party in the same format.  If the producing party has not converted the Document to color for its own use, the producing party will not unreasonably deny a request to provide a color image after the requesting party demonstrates good cause for requesting a color image.  If a producing party converts a document to color image in response to a request from a receiving party, the producing party shall do so in JPEG, TIFF or such other format as agreed with the receiving party.

   F. Confidentiality Designations:  If a particular Document has a confidentiality designation, the designation shall be stamped on the face of all TIFF images pertaining to the Document. The confidentiality designation should also be reflected in the "Confidentiality" field specified in Appendix 2.

   G. Load Files:  All productions will be provided with Concordance image and data load files as detailed in Appendix 1. The image load file must reference each TIFF file in the corresponding production, and the total number of TIFF files referenced in the load file must match the total number of image files in the production.  The total number of documents referenced in a production's data load file should match the total number of designated document breaks in the corresponding image load file for that production.

4

H.    Fields:

i.    Documents shall be produced with all of the fields set forth in Appendix 2 to the extent that such fields can be extracted from the native file or created using an automated process.

ii.    ESI items collected and/or processed after the execution date of this Production Stipulation and Order shall be produced with the fields set forth in Appendix 3 to the extent that such fields can be extracted from the native file or created using an automated process *and* it is possible to do so without requiring a party to incur any additional expense or inconvenience than would be required to provide the fields set forth in Appendix 2.

iii.    Documents shall be produced with the following fields regardless of whether the fields may be populated automatically from the native file or created using an automated process:  (a) BegBates, (b) EndBates, (c) BegAttach, (d) EndAttach, (e) Custodian, (f) SourceParty, (g) NativeFileLink (for ESI only), (h) AttachRange, (i) Confidentiality, (j) RecordType, and (k) Redacted.

iv.    All field information will be provided in a .DAT file consistent with the descriptions and the field names provided in Appendix 2 and, as appropriate, Appendix 3.

v.    ESI shall be processed to reflect the date and time standardized for the UTC/GMT time zone.  The date and time reflected in the fields in Appendix 2, Appendix 3, and on any TIFF image will include UTC/GMT.  TIFF images may optionally show the local date and time if they display the offset to UTC/GMT.

5

I.      ESI Liaison:  Each party agrees to designate an attorney to act as its ESI Liaison. Each ESI Liaison will be prepared to participate in the resolution of ESI discovery issues; know the party's ESI discovery efforts; and have access to those who are familiar with the party's electronic systems and capabilities in order to, as appropriate, answer relevant questions.  Each party shall designate its ESI Liaison within 10 days after entry of this Production Stipulation and Order.  Any party is free to change their designated ESI Liaison by providing written notice to the other parties.

II.     PRODUCTION OF HARD COPY DOCUMENTS

A.      Unitization of Hard Copy Documents:  The parties will produce images of hard copy documents unitized to the extent the original documents appeared to be units in physical form, with attachments following parents, and with information that identifies the folder (or container) structure, to the extent such structure exists.

III.    PRODUCTION OF ELECTRONICALLY STORED INFORMATION

A.      System Files:  ESI shall be filtered for file type using an acceptable industry standard exclusion list or process ("Industry Standard").  The parties recognize that to reduce the document review population, additional file types may need to be excluded.  The parties recognize that certain parties have already processed documents that may be relevant to this Litigation.

i.      Any party that has processed documents prior to the execution of this Production Stipulation and Order, will provide the other parties, within 30 days of the execution of this Production Stipulation and Order, a list of file types excluded from review that are not within the Industry Standard. Any party receiving the list must lodge objections with the party who provided

6

the list within 14 days.  Any objection not received in this period will be waived.  If objections are made, the relevant parties will meet and confer to resolve them.

    ii.   As to documents processed after the execution of this Production Stipulation and Order, if a party plans to exclude from review a file type not within the Industry Standard, that party must disclose such an exclusion to the other parties.  Any party to whom such disclosure is made will have 5 business days to object.  Any objection not made in this period will be waived. If objections are made, the relevant parties will meet and confer to resolve them.

B.   Metadata Fields and Processing:

    i.   ESI items processed after the execution date of this Production Stipulation and Order shall be processed in a manner that preserves the source native file and metadata without modification, including time, date and time-zone metadata consistent with the requirements provided in this Production Stipulation and Order.

    ii.   Auto date/time stamps:  ESI items processed after the execution date of this Production Stipulation and Order shall be processed so as to maintain the date/time shown in the document as it was last saved by the custodian or end user, not the date of collection or processing.

    iii.   Hidden text:  Except as to the ESI produced in accordance with Sections III.C.-F., *infra*, ESI items processed after the execution date of this Production Stipulation and Order shall be processed in a manner that

7

maintains and displays hidden columns or rows, hidden text or worksheets, speaker notes, tracked changes and comments.

    C.    Production of Native Items:  The following are exceptions to the agreements outlined in sections I.B. and I.C.

        i.    Through the pendency of this Litigation, the producing party shall exercise reasonable, good faith efforts to maintain all collected Native Files that may be relevant to this Litigation in a manner that does not materially alter or modify the file or the metadata other than as provided in this Production Stipulation and Order.

        ii.    The parties shall produce TIFF images of each presentation-application file (e.g., MS PowerPoint) together with the full native version of each file.

        iii.    The parties shall produce the TIFF images of the first five pages of each spreadsheet-application file (e.g., MS Excel) together with the full native version of each file.

        iv.    To the extent necessary, the parties will meet and confer regarding production of relevant information from personal databases (e.g., MS Access).

        v.    The parties agree to meet and confer regarding the production of enterprise database-application files (e.g., SQL and SAP) to determine the most reasonable form of production based on the specific circumstances. In addition, the production of transactional data contemplated by the Initial Discovery Plan, as entered by the Court, shall be in the form agreed

to during the meet and confer process and shall not be subject to this

Production Stipulation and Order regardless of the source of the

transactional data.

vi.    To the extent necessary, the parties will meet and confer regarding

production of relevant multimedia audio/visual files such as voice and

video recordings (e.g., .wav, .mpeg, and .avi).

vii.    The parties agree to meet and confer prior to producing native file types

other than those described in this section.

D.    Requests for Other Native Files:  Other than as specifically set forth in Paragraph

III.C., *supra*, a producing party need not produce documents in native format. If a party wants

particular ESI produced in native format, and this order does not require the production of that

ESI in its native format, the requesting party bears the burden of showing that good cause exists

for the producing party to produce the ESI in its native format.  The requesting party will provide

a specific Bates range for ESI it wishes to be produced in native format.  Upon receiving such a

request, the producing party shall either produce the requested ESI in native format or disclose to

the requesting party why it is unreasonable or unnecessary to do so.  Any native files that are

produced under this procedure are subject to all of the production requirements specified for

native file productions above.

E.    Parent-Child Relationships:  Parent-child relationships for all ESI (e.g., the

association between an attachment and its parent email, or a spreadsheet embedded within a

word processing document), must be preserved by assigning sequential Bates numbers to all

items within the parent-child group and identifying those Bates numbers in the relevant ESI

metadata and coding fields specified in Appendix 2.  For example, if a party is producing an e-

WAI-3072383v1
3004782.1

mail with embedded attachments, the attachments must be processed and assigned Bates numbers in sequential order, following consecutively behind the parent e-mail.

F.   Redaction:

   i.   Where ESI items need to be redacted the ESI items shall be produced in TIFF with the OCR text of the redacted TIFF and with each redaction clearly indicated on the face of the TIFF.  The producing party will also provide data fields specified in Appendix 2 and Appendix 3 to the extent that such fields can be provided for all redacted documents without individualized privilege review and redaction subject to Section I.H., *supra*.

   ii.   If ESI redacted and partially withheld from production are PowerPoint-type presentation decks or Excel-type spreadsheets as addressed in Paragraph III.C., *supra*, and the native items are also withheld, the entire file must be produced in TIFF format, including all unprivileged pages, hidden fields and other information that does not display or print when opened as last saved by the custodian or end-user.  For PowerPoint-type presentation decks, this shall include, but is not limited to, speaker notes. For Excel-type spreadsheets, this shall include, but is not limited to, hidden rows and columns, all cell values and formulas as visible when printed, annotations and notes. If a requesting party receives a TIFF image that the requesting party does not believe is formatted so as to be legible (e.g., column cells display "##########" instead of the value) or if a requesting party wants additional information from an Excel-type

10

spreadsheet (e.g., formulas), the requesting party may request from the

producing party a legible TIFF image or a redacted native item.  At that

time the requesting party will explain why good cause exists to make the

request and will provide a specific Bates range for the ESI at issue.  Upon

receiving such a request, the producing party shall either produce a legible

TIFF image or redacted native item or disclose to the requesting party why

it is unreasonable or unnecessary to do so.

iii.   If ESI redacted and partially withheld from production are audio/visual

files, the parties shall meet and confer to discuss the appropriate manner

for the producing party to produce the unprivileged portion of the content.

G.   De-duplication:

i.   The producing party need only produce a single copy of a particular ESI

item.  Any Documents produced in accordance with the Initial Discovery

Plan, as entered by the Court, are subject only to the provisions set forth in

that Initial Discovery Plan.

ii.   A producing party may de-duplicate ESI vertically by custodian, or

horizontally (globally) across the population of records.

iii.   ESI duplicates shall be identified by using industry standard MD5 or

SHA-1 algorithms only to create and compare hash values for exact

matches only.  Any other methodology for identification of duplicates

must be discussed with the receiving party and approved in writing before

implementation. The resulting hash value for each item shall be reflected

in the HashValue field specified in Appendix 2.

11

iv.   If a producing party elects to de-duplicate horizontally, all custodians who were in possession of a de-duplicated document must be identified in the CustodianOther metadata field specified in Appendix 2.  Additionally, all BCC recipients whose names would have been included in the BCC metadata field but are excluded because of horizontal/global de-duplication, must be identified in the BCC metadata field specified in Appendix 2.  In the event of a rolling production of documents or ESI items, the producing party shall provide an overlay load file with updated CustodianOther and BCC information along with each production.

IV.   MISCELLANEOUS PROVISIONS

A.   Objections Preserved:  Nothing in this Production Stipulation and Order shall be interpreted to require disclosure of irrelevant information or relevant information that is overly burdensome or is protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or immunity.  Except as provided expressly herein, the parties do not waive any objections as to the production, discoverability, authenticity, admissibility, or confidentiality of Documents.

B.   Cooperation:  The parties agree to act cooperatively and meet and confer regarding preservation, processing, and production issues.

C.   Modifications:  Any practice or procedure set forth herein may be varied by agreement of the parties, confirmed in writing, where such variance is deemed appropriate to facilitate the timely and economical production of Documents.

SO ORDERED:

s/Marianne O. Battani
United States District Judge


Dated: June 1, 2012

13

IT IS SO STIPULATED.

Respectfully submitted,

/s/ David H. Fink
David H. Fink (P28235)
Darryl Bressack (P67820)
FINK + ASSOCIATES LAW
100 West Long Lake Road, Suite 111
Bloomfield Hills, MI 48304
(248) 971-2500
dfink@finkandassociateslaw.com
dbressack@finkandassociateslaw.com

**DIRECT PURCHASER INTERIM
LIAISON COUNSEL**

Gregory P. Hansel
Randall B. Weill
Joshua R. Carver
PRETI, FLAHERTY, BELIVEAU
      & PACHIOS LLP
One City Center
P.O. Box 9546
Portland, ME 04112-9546
(207) 791-3000
ghansel@preti.com
rweill@preti.com
jcarver@preti.com

Joseph C. Kohn
William E. Hoese
Douglas A. Abrahams
KOHN, SWIFT & GRAF, P.C.
One South Broad Street, Suite 2100
Philadelphia, PA 19107
(215) 238-1700
jkohn@kohnswift.com
whoese@kohnswift.com
dabrahams@kohnswift.com

14

Michael J. Freed
Steven A. Kanner
William H. London
Michael L. Silverman
FREED KANNER LONDON
       & MILLEN LLC
2201 Waukegan Road, Suite 130
Bannockburn, IL 60015
(224) 632-4500
mfreed@fklmlaw.com
skanner@fklmlaw.com
blondon@fklmlaw.com
msilverman@fklmlaw.com

Eugene A. Spector
William G. Caldes
Jonathan M. Jagher
Jeffrey L. Spector
SPECTOR ROSEMAN KODROFF
       & WILLIS, P.C.
1818 Market Street, Suite 2500
Philadelphia, PA 19103
(215) 496-0300
espector@srkw-law.com
bcaldes@srkw-law.com
jjagher@srkw-law.com
jspector@srkw-law.com

**INTERIM LEAD COUNSEL FOR DIRECT PURCHASER PLAINTIFFS AND
PROPOSED CLASS**

/s/ Gerard V. Mantese
Gerard V. Mantese (P34424)
David Hansma (P71056)
Brendan Frey (P70893)
Joshua Lushnat (P75319)
MANTESE HONIGMAN ROSSMAN
       AND WILLIAMSON, P.C.
1361 E. Big Beaver Road
Troy, MI 48083
(248) 457-9200 Ext. 203
gmantese@manteselaw.com
dhansma@manteselaw.com
bfrey@manteselaw.com
jlushnat@manteselaw.com

**AUTOMOBILE DEALER INTERIM
LIAISON COUNSEL**

15

Don Barrett
David McMullan
Brian Herrington
BARRETT LAW GROUP, P.A.
P.O. Box 927
404 Court Square
Lexington, MS 39095
(662) 834-2488
dbarrett@barrettlawgroup.com
bherrington@barrettlawgroup.com
dmcmullan@barrettlawgroup.com

Jonathan W. Cuneo
Victoria Romanenko
CUNEO GILBERT & LADUCA, LLP
507 C Street, N.E.
Washington, DC 20002
(202) 789-3960
jonc@cuneolaw.com
Vicky@cuneolaw.com

Shawn M. Raiter
Paul A. Sand
Larson • King, LLP
2800 Wells Fargo Place
30 East Seventh Street
St. Paul, MN 55101
(651) 312-6500
sraiter@larsonking.com
psand@larsonking.com

**INTERIM LEAD COUNSEL FOR AUTOMOBILE DEALER PLAINTIFFS AND
PROPOSED CLASS**

WAI-3072383v1
3004782.1

/s/ E. Powell Miller
E. Powell Miller (P39487)
950 W. University Dr., Suite 300
Rochester, MI 48307
(248) 841-2200
epm@millerlawpc.com

**INTERIM LIAISON COUNSEL FOR
END-PAYOR PLAINTIFFS AND
PROPOSED CLASS**

Hollis Salzman
Bernard Persky
William V. Reiss
LABATON SUCHAROW LLP
140 Broadway
New York, NY 10005
(212) 907-0700
hsalzman@labaton.com
bpersky@labaton.com
wreiss@labaton.com

Marc M. Seltzer
Steven G. Sklaver
SUSMAN GODFREY L.L.P.
1901 Avenue of the Stars, Suite 950
Los Angeles, CA 90067-6029
(310) 789-3100
mseltzer@susmangodfrey.com
ssklaver@susmangodfrey.com

Terrell W. Oxford
Warren T. Burns
SUSMAN GODFREY L.L.P.
901 Main Street, Suite 5100
Dallas, TX 75202
(214) 754-1900
toxford@susmangodfrey.com
wburns@susmangodfrey.com

Joseph W. Cotchett
Steven N. Williams
Adam J. Zapala
Gene W. Kim
COTCHETT, PITRE & MCCARTHY, LLP
San Francisco Airport Office Center
840 Malcolm Road, Suite 200
Burlingame, CA 94010
(650) 697-6000
jcotchett@cpmlegal.com
swilliams@cpmlegal.com
azapala@cpmlegal.com
gkim@cpmlegal.com

**INTERIM LEAD COUNSEL FOR END-PAYOR PLAINTIFFS AND PROPOSED
CLASS**

17

LANE POWELL PC

May 29, 2012        By:      /s/Larry S. Gangnes
                             Larry S. Gangnes
                             LANE POWELL PC
                             1420 Fifth Ave., Suite 4100
                             Seattle, WA  98101-2338
                             Telephone:  (206) 223-7000
                             Facsimile:  (206) 223-7107
                             gangnesl@lanepowell.com

                             Craig D. Bachman
                             Kenneth R. Davis II
                             Masayuki Yamaguchi
                             Darin M. Sands
                             LANE POWELL PC
                             ODS Tower
                             601 SW Second Ave., Suite 2100
                             Portland, OR  97204-3158
                             Telephone:  (503) 778-2100
                             Facsimile:  (503) 778-2200
                             bachmanc@lanepowell.com
                             davisk@lanepowell.com
                             yamaguchim@lanepowell.com
                             sandsd@lanepowell.com

                             Irwin Alterman
                             KEMP KLEIN LAW FIRM
                             201 W. Big Beaver, Suite 600
                             Troy, MI  48084
                             248-528-1111
                             irwin.alterman@kkue.com

                             *Attorneys for Defendants American Furukawa, Inc.
                             and Furukawa Electric Co., Ltd.*

18

DELPHI AUTOMOTIVE LLP, DELPHI
AUTOMOTIVE  SYSTEMS, LLC, AND DPH
HOLDINGS CORPORATION

May 29, 2012              By:   /s/Joseph E. Papelian
                                Joseph E. Papelian
                                5725 Delphi Drive
                                Troy, MI  48098
                                Phone: 248-813-2535
                                joseph.e.papelian@delphi.com

                                Kenneth A. Gallo
                                PAUL, WEISS, RIFKIND, WHARTON &
                                GARRISON, LLP
                                2001 K Street, NW
                                Washington, DC 20006-1047
                                Tel:  202-223-7356
                                kgallo@paulweiss.com

                                Gary R. Carney
                                PAUL, WEISS, RIFKIND, WHARTON &
                                GARRISON, LLP
                                1285 Avenue of the Americas
                                New York, NY 10019-6064
                                212-373-3051
                                gcarney@paulweiss.com

                                *Attorneys for Defendants Delphi Automotive LLP,
                                Delphi Automotive Systems, LLC, and DPH
                                Holdings Corporation*

WAI-3072383v1
3004782.1

WILMER CUTLER PICKERING HALE AND
DORR LLP

May 29, 2012              By:    /s/Steven F. Cherry
                                 Steven F. Cherry
                                 Stephanie K. Wood
                                 Elizabeth Martin
                                 WILMER CUTLER PICKERING
                                 HALE AND DORR LLP
                                 1875 Pennsylvania Avenue, N.W.
                                 Washington, D.C. 20006
                                 Telephone: (202) 663-6000
                                 Fax: (202) 663-6363
                                 steven.cherry@wilmerhale.com
                                 stephanie.wood@wilmerhale.com
                                 ellie.martin@wilmerhale.com

                                 Karen D. Stringer
                                 WILMER CUTLER PICKERING
                                 HALE AND DORR LLP
                                 60 State Street
                                 Boston, MA 02109
                                 Telephone: (617) 526-6406
                                 Fax: (617) 526-5000
                                 karen.stringer@wilmerhale.com

                                 *Attorneys for Defendant Denso International
                                 America, Inc. and Denso Corporation*

                                 KERR, RUSSELL AND WEBER, PLC

May 29, 2012              By:    /s/William A. Sankbeil
                                 William A. Sankbeil (P19882)
                                 Joanne Geha Swanson (P33594)
                                 Matthew L. Powell (P69186)
                                 500 Woodward Avenue, Suite 2500
                                 Detroit, MI  48226
                                 (313) 961-0200
                                 (313) 961-0388 (facsimile)
                                 wsankbeil@kerr-russell.com
                                 jswanson@kerr-russell.com
                                 mpowell@kerr-russel.com

                                 20

James L. Cooper
ARNOLD & PORTER LLP
555 Twelfth Street NW
Washington, DC 20004
(202) 942-5014
(202) 942-5999-facsimile
Email: james.cooper@aporter.com

*Attorneys for Defendants Fujikura America, Inc.,
and Fujikura Ltd.*

SMITH, GAMBRELL & RUSSELL, LLP

May 29, 2012     By:     /s/Wm. Parker Sanders
Wm. Parker Sanders (Georgia Bar No. 626020)
Promenade II, Suite 3100
1230 Peachtree Street, N.E.
Atlanta, Georgia 30309
(404) 815-3684
psanders@sgrlaw.com

*Attorney for Defendant Kyungshin-Lear Sales and
Engineering, LLC*

DYKEMA GOSSETT PLLC

May 29, 2012     By:     /s/Howard B. Iwrey
Howard B. Iwrey (P39635)
DYKEMA GOSSETT PLLC
39577 Woodward Avenue, Suite 300
Bloomfield Hills, MI  48304
(248) 203-0526 – Telephone
hiwrey@dykema.com

21

Andrew S. Marovitz
Britt M. Miller
MAYER BROWN LLP
71 S. Wacker Drive
Chicago, IL  60606
(312) 782-0600 –Telephone
(312) 701-7711 – Facsimile
amarovitz@mayerbrown.com
bmiller@mayerbrown.com

*Attorneys for Defendant Lear Corporation*


O'MELVENY & MYERS LLP

May 29, 2012                    By:    /s/Michael F. Tubach
                                       Michael F. Tubach
                                       O'MELVENY & MYERS LLP
                                       Two Embarcadero Center, 28th Floor
                                       San Francisco, CA 94111
                                       Tel:  415-984-8700
                                       Fax: 415-984-8701
                                       Email: Mtubach@omm.com

                                       Michael R. Turco
                                       BROOKS WILKINS SHARKEY & TURCO PLLC
                                       401 South Old Woodward, Suite 400
                                       Birmingham, MI 48009
                                       Tel: 248-971-1713
                                       Fax: 248-971-1801
                                       Email: turco@bwst-law.com

                                       *Attorneys for Defendants Leoni AG, Leoni Wire*
*Inc.,*                                *Leoni Wiring Systems, Inc., Leoni Kabel Gmbh, and*
                                       *Leonische Holding, Inc.*

22

GIARMARCO, MULLINS & HORTON, P.C.

May 29, 2012          By:     /s/William H. Horton
                              William H. Horton (P31567)
                              Giarmarco, Mullins & Horton, P.C.
                              101 West Big Beaver Road, Tenth Floor
                              Troy, MI  48084-5280
                              Phone: 248-457-7060
                              bhorton@gmhlaw.com

                              Marguerite M. Sullivan
                              LATHAM & WATKINS LLP
                              555 Eleventh Street NW, Suite 1000
                              Washington, DC 20004
                              Tel.:  202-637-2200
                              Fax:  202-637-2201
                              Maggy.sullivan@lw.com

                              *Attorneys for Defendants Sumitomo Electric
                              Industries, Ltd., Sumitomo Electric Wiring Systems,
                              Inc., Sumitomo Electric Wintec America, Inc.,
                              Sumitomo Wiring Systems (U.S.A.) Inc., Sumitomo
                              Wiring Systems, Ltd., and K&S Wiring Systems, Inc.*

.

                              COVINGTON & BURLING LLP

May 29, 2012          By:     /s/Michael J. Fanelli
                              Michael J. Fanelli
                              Anita F. Stork
                              COVINGTON & BURLING LLP
                              1201 Pennsylvania Ave., NW
                              Washington, D.C. 20004
                              Tel: (202) 662-6000
                              Fax: (202) 662-5383
                              Email: Mfanelli@cov.com

One Front Street
35th Floor
San Francisco, CA, 94111
Tel:  (415) 591-6000
Fax: (415) 955-6550
Email:  astork@cov.com

*Attorneys for Defendant S-Y Systems Technologies Europe GmbH*

BUTZEL LONG

May 29, 2012                    By:    /s/David F. DuMouchel
                                       David F. DuMouchel
                                       George B. Donnini
                                       150 West Jefferson, Suite 100
                                       Detroit, MI 48226
                                       Tel: 313-225-7000
                                       dumouchd@butzel.com
                                       donnini@butzel.com

                                       W. Todd Miller
                                       BAKER & MILLER PLLC
                                       2401 Pennsylvania Ave., NW, Suite 300
                                       Washington, DC 20037
                                       Tel:  202-663-7820
                                       TMiller@bakerandmiller.com

                                       *Attorneys for Defendant TRAM, Inc.*

                                       JONES DAY

May 29, 2012                    By:    /s/John M. Majoras
                                       John M. Majoras
                                       Carmen G. McLean
                                       JONES DAY
                                       51 Louisiana Ave. N.W.
                                       Washington, D.C. 20001-2113
                                       Tel. (202) 879-3939
                                       Fax (202) 626-1700
                                       jmmajoras@jonesday.com
                                       cgmclean@jonesday.com

24

Michelle K. Fischer
Stephen J. Squeri
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, OH 44114
Tel. (216) 586-3939
Fax (216) 579-0212
mfischer@jonesday.com
sjsqueri@jonesday.com

*Attorneys for Defendants Yazaki Corporation &
Yazaki North America, Inc.*

WAI-3072383v1
3004782.1

# Appendix 1: Production Delivery Requirements

<u>General Instructions</u>

1. A cover letter should be included with each production and shall include information sufficient to identify all accompanying media (hard drive, thumb drive, DVD or CD).
2. Data can be produced on CD, DVD, thumb drive or hard drive; use the media requiring the least number of deliverables.
3. Label all media with the following:
   a. Case number,
   b. Production date,
   c. Bates range, and
   d. Disk number (1 of X, 2 of X, etc.), if applicable.
4. Each deliverable volume should limit directory contents to approximately 5,000 files per folder.
5. All productions should be checked and produced free of computer viruses.
6. Passwords for documents, files, compressed archives and encrypted media should be provided separately either via email or in a separate cover letter from the data.

<u>Image Load Files</u>

- Image load (cross-reference) files should be produced in Concordance Image (Opticon) format.

- The name of the image load file should mirror the name of the delivery volume, and should have the appropriate extension (e.g., ABC001.OPT).

- The volume names should be consecutive (e.g., ABC001, ABC002, *et seq.*).

- There should be one row in the load file for every TIFF image in the production.

- Every image in the delivery volume should be cross-referenced in the image load file.

- The imageID key should be named the same as the Bates number of the page.

- Load files should not span across media (e.g., CDs, DVDs, hard drives, etc.), *i.e.*, a separate volume should be created for each piece of media delivered.

- Files that are the first page of a logical document should include a "Y" where appropriate. Subsequent pages of all documents (regular document, e-mail, or attachment) should include a blank in the appropriate position.

<u>Sample Concordance Image (Opticon) Load File</u>:

26

```
MSC000001,MSC001,D:\IMAGES\001\MSC000001.TIF,Y,,,3
MSC000002,MSC001,D:\IMAGES\001\MSC000002.TIF,,,,,
MSC000003,MSC001,D:\IMAGES\001\MSC000003.TIF,,,,,
MSC000004,MSC001,D:\IMAGES\001\MSC000004.TIF,Y,,,2
MSC000005,MSC001,D:\IMAGES\001\MSC000005.TIF,,,,,
```

Concordance Data Load Files:

- Data load files should be produced in Concordance .DAT format.

- The data load file should use standard Concordance delimiters:

  - Comma - ¶ (ASCII 20);

  - Quote - þ (ASCII 254);

  - Newline - ® (ASCII174).

- The first line of the .DAT file should contain the field names arranged in the same order as the data is arranged in subsequent lines.

- All date fields should be produced in mm/dd/yyyy format.

- All attachments should sequentially follow the parent document/email.

- Use carriage-return to indicate the start of the next record.

- Load files should not span across media (e.g., CDs, DVDs, hard drives, etc.); a separate volume should be created for each piece of media delivered.

- The name of the data load file should mirror the name of the delivery volume, and should have a .DAT extension (e.g., ABC001.DAT).

- The volume names should be consecutive (e.g., ABC001, ABC002, *et seq*.).

  Sample Concordance .DAT Load File:

  þBegBatesþþEndBatesþþBegAttachþþEndAttachþþPgCountþþCustodianþ

OCR/Extracted Text Files

- OCR or Extracted Text files shall be provided in a separate \OCR\ directory containing Document level text files.

27

- If Foreign Language/Unicode text exists, TEXT files shall be in appropriate UTF-8 or UTF-16 format, consistent with section I.C.iv.

WAI-3072383v1
3004782.1

# Appendix 2: Fields

| Field Name | Field Description |
|---|---|
| BegBates | First Bates number (production number) of an item. |
| EndBates | Last Bates number (production number) of an item.<br>**The EndBates field should be populated for single-page items. |
| BegAttach | First Bates number of attachment range (i.e. Bates number of the first page of the first attachment). |
| EndAttach | Last Bates number of attachment range (i.e. Bates number of the first page of the first attachment). |
| PgCount | Number of pages in the item. |
| Custodian | Name of person from whose files the item is produced. |
| CustodianOther | Name of the person(s), in addition to the Custodian, from whose files the item would have been produced if it had not been de-duplicated. |
| FileSize | Size (in kilobytes) of the source native file. |
| SourceFilePath | The directory structure or path where the original file was stored on the party's source computer system, ending in the filename. Any container name (such as ZIP or PST containers) is included in the path. |
| HashValue | The MD5 or SHA-1 hash value of the file. |
| NativeFileLink | Hyperlink path for documents provided in native format only.<br>**The linked file must be named per the BegBates value. |
| SourceParty | Name of party producing the item. |
| FileExtension | Indicates file extension of source native file. |
| DateSent<br>(mm/dd/yyyy) | Date email or calendar item was sent. |
| LastModDate<br>(mm/dd/yyyy) | Date the item was last modified. |
| TimeSent<br>(hh:mmAM/PM) | Time email or calendar item was sent. |
| DateReceived | Date email or calendar item was received |
| TimeReceived | Time email or calendar item was received |
| ParentBates | First Bates number for the parent item of a family.<br>**Will not be populated for items that are not part of a family. |
| AttachBates | First Bates number of each "child" attachment.<br>**Can be more than one Bates number listed depending on the number of attachments. |
| To | The names and SMTP email addresses of all recipients that were included on the "To" line of the email or calendar item. |
| From | The name and SMTP email address of the sender of the email or calendar item. |
| CC | The names and SMTP email addresses of all recipients that were included on the "CC" line of the email or calendar item. |
| BCC | The names and SMTP email addresses of all recipients that were included |

WAI-3072383v1<br>3004782.1

| Field Name | Field Description |
|---|---|
|  | on the "BCC" line of the email or calendar item. |
| DateCreated (mm/dd/yyyy) | Date the item was created. |
| TimeCreated (hh:mm AM/PM) | Time the item was created. |
| FileName | The filename of the source native file for an ESI item. |
| Subject | Any value populated in the Subject field of the source file metadata or document properties (e.g., subject line of email or calendar item). |
| TextPath | Full relative path to the current location of the document-level text file |
| Confidentiality | Indicates if item has been designated as "Confidential" or "Highly Confidential" under the Protective Order. |
| AttachRange | Bates number of the first page of the parent item to the Bates number of the last page of the last attachment "child" item. |
| RecordType | To indicate "Paper," "Hard Copy," or "HC" if a hard copy document and "ESI" if it is an ESI item. |
| Application | Indicates software application that generated the ESI item (e.g., Outlook, Word). |
| Redacted | User-generated field that will indicate redactions.  "X," "Y," "Yes," "True," are all acceptable indicators that the document is redacted. Otherwise, blank. |

30

# Appendix 3: Additional Fields

| Field Name | Field Description |
|---|---|
| Importance Ranking | Level of importance/sensitivity of messages or calendar items. |
| MessageID | The unique message identifier generated by the source email or calendar system. |
| PrevMessageID | The MessageID of the previous message in the email thread (the message that was replied to or forwarded). |
| Title | Any value populated in the Title field of the source file metadata or item properties. |
| Author | Creator of the document; any value populated in the Author field of the source file metadata or document properties. |

31