EXHIBIT 3

```
 1                    UNITED STATES DISTRICT COURT
                      EASTERN DISTRICT OF MICHIGAN
 2                         SOUTHERN DIVISION

 3                         —    —    —

 4
     IN RE:  AUTOMOTIVE PARTS
 5   ANTITRUST LITIGATION              Case No. 12-md-02311

 6          MDL NO. 2311               Hon. Marianne O. Battani

 7

 8   _____/

 9                      STATUS CONFERENCE

10      BEFORE THE HONORABLE MARIANNE O. BATTANI
                United States District Judge
11      Theodore Levin United States Courthouse
                231 West Lafayette Boulevard
12                    Detroit, Michigan
                  Friday, June 15, 2012
13

14   APPEARANCES:

15   For the                WILLIAM G. CALDES
     Direct Purchaser       SPECTOR, ROSEMAN, KODROFF & WILLIS, P.C.
16   Plaintiffs:            1818 Market Street, Suite 2500
                            Philadelphia, PA  19103
17                          (215) 496-0300

18                          DAVID H. FINK
                            FINK + ASSOCIATES LAW
19                          100 West Long Lake Road, Suite 111
                            Bloomfield Hills, MI  48304
20                          (248) 971-2500

21                          GREGORY P. HANSEL
                            PRETI, FLAHERTY, BELIVEAU &
22                          PACHIOS, L.L.P.
                            One City Center
23                          Portland, ME  04112
                            (207) 791-3000

24

25
```

Status Conference • June 15, 2012

2

```
 1    APPEARANCES:

 2    For the                STEVEN A. KANNER
      Direct Purchaser       FREED, KANNER, LONDON & MILLEN, L.L.C.
 3    Plaintiffs:            2201 Waukegan Road, Suite 130
                             Bannockburn, IL  60015
 4                           (224) 632-4502

 5                           JOSEPH C. KOHN
                             KOHN, SWIFT & GRAF, P.C.
 6                           One South Broad Street, Suite 2100
                             Philadelphia, PA  19107
 7                           (215) 238-1700

 8                           MICHAEL MOSKOVITZ
                             FREED, KANNER, LONDON & MILLEN, L.L.C.
 9                           2201 Waukegan Road, Suite 130
                             Bannockburn, IL  60015
10                           (224) 632-4502

11                           EUGENE A. SPECTOR
                             SPECTOR, ROSEMAN, KODROFF & WILLIS, P.C.
12                           1818 Market Street, Suite 2500
                             Philadelphia, PA  19103
13                           (215) 496-0300

14                           JASON J. THOMPSON
                             SOMMERS SCHWARTZ, P.C.
15                           2000 Town Center, Suite 900
                             Southfield, MI  48075
16                           (248) 355-0300

17    For the                STEVEN A. ASHER
      End-Payor              WEINSTEIN, KITCHENOFF & ASHER, L.L.C.
18    Plaintiffs:            1845 Walnut Street, Suite 1100
                             Philadelphia, PA  19103
19                           (215) 545-7200

20                           DANIEL E. BECNEL, JR.
                             BECNEL LAW FIRM, L.L.C.
21                           106 W. Seventh Street
                             Reserve, LA  70084
22                           (985) 536-1186

23                           KEITH BUTLER
                             STRANGE & CARPENTER
24                           12100 Wilshire Boulevard, 19th Floor
                             Las Angeles, CA  90025
25                           (310) 207-5055
```

Status Conference • June 15, 2012

3

```
 1   APPEARANCES:

 2   For the              PATRICK E. CAFFERTY
     End-Payor            CAFFERTY FAUCHER, L.L.P.
 3   Plaintiffs:          101 North Main Street, Suite 450
                          Ann Arbor, MI  48104
 4                        (734) 769-2144

 5                        FRANK C. DAMRELL
                          COTCHETT, PITRE & McCARTHY, L.L.P.
 6                        840 Malcolm Road
                          Burlingame, CA  94010
 7                        (650) 697-6000

 8                        ELIZABETH FEGAN
                          HAGENS BERMAN
 9                        1144 W. Lake Street, Suite 400
                          Oak Park, IL  60301
10                        (708) 628-4960

11                        E. POWELL MILLER
                          THE MILLER LAW FIRM, P.C.
12                        950 W. University Drive, Suite 300
                          Rochester, MI  48307
13                        (248) 841-2200

14                        JOHN F. NEVARES
                          JOHN F. NEVARES & ASSOCIATES
15                        P.O. Box 13667
                          San Juan, PR  00908
16                        (787) 722-9333

17                        ALYSON OLIVER
                          KRESCH OLIVER, P.L.L.C.
18                        21400 Southfield Road, Suite 305
                          Southfield, MI  48075
19                        (248) 327-6556

20                        TERRELL W. OXFORD
                          SUSMAN GODFREY, L.L.P.
21                        901 Main Street, Suite 5100
                          Dallas, TX  75202
22                        (214) 754-1902

23                        BERNARD PERSKY
                          LABATON SUCHAROW
24                        140 Broadway Avenue
                          New York, NY  10005
25                        (212) 907-0700
```

```
 1   APPEARANCES:

 2   For the                 HOLLIS L. SALZMAN
     End-Payor               LABATON SUCHAROW
 3   Plaintiffs:             140 Broadway Avenue
                             New York, NY  10005
 4                           (212) 907-0700

 5                           ADAM T. SCHNATZ
                             THE MILLER LAW FIRM, P.C.
 6                           950 West University Drive, Suite 300
                             Rochester, MI  48307
 7                           (248) 841-2200

 8                           STEVEN N. WILLIAMS
                             COTCHETT, PITRE & McCARTHY, L.L.P.
 9                           840 Malcolm Road
                             Burlingame, CA  94010
10                           (650) 697-6000

11   For the                 JOHN W. DON BARRETT
     Dealership              BARRETT LAW OFFICES
12   Plaintiffs:             P.O. Drawer 987
                             Lexington, MS  39095
13                           (601) 834-2376

14                           JONATHAN W. CUNEO
                             CUNEO, GILBERT & LaDUCA, L.L.P.
15                           507 C Street NE
                             Washington, D.C.  20002
16                           (202) 789-3960

17                           GERARD V. MANTESE
                             MANTESE, HONIGMAN, ROSSMAN &
18                           WILLIAMSON, P.C.
                             1361 E. Big Beaver Road
19                           Troy, MI  48083
                             (248) 457-9200
20
                             VICTORIA ROMANENKO
21                           CUNEO, GILBERT & LaDUCA, L.L.P.
                             507 C Street NE
22                           Washington, D.C.  20002
                             (202) 789-3960

23

24

25
```

```
 1   APPEARANCES:

 2   For the               IRWIN M. ALTERMAN
     Defendants:           KEMP KLEIN LAW FIRM
 3                         201 W. Big Beaver Road, Suite 600
                           Troy, MI  48084
 4                         (248) 528-1111
                             on behalf of Furukawa Electric Company
 5
                           STEVEN F. CHERRY
 6                         WILMER HALE
                           1875 Pennsylvania Avenue NW
 7                         Washington, D.C.  20006
                           (202) 663-6321
 8                           on behalf of Denso International
                             America
 9
                           JAMES W. COOPER
10                         ARNOLD & PORTER, L.L.P.
                           555 Twelfth Street NW
11                         Washington, D.C.  20004
                           (202) 942-5000
12                           on behalf of Fujikura America,
                             Incorporated
13
                           KENNETH R. DAVIS, II
14                         LANE POWELL, P.C.
                           601 SW Second Avenue, Suite 2100
15                         Portland, OR  97204
                           (503) 778-2100
16                           on behalf of Furukawa Electric Company

17                         GEORGE B. DONNINI
                           BUTZEL LONG, P.C.
18                         150 W. Jefferson Ave., Suite 100
                           Detroit, MI  48226
19                         (313) 228-7042
                             on behalf of Tokai Rika America (TRAM)
20
                           MICHAEL J. FANELLI
21                         COVINGTON & BURLING, L.L.P.
                           1201 Pennsylvania Avenue NW
22                         Washington, D.C.  20004
                           (202) 662-5383
23                           on behalf of S-Y Systems Technologies,
                             GmbH
24

25
```

```
 1    APPEARANCES:

 2    For the                MICHELLE K. FISCHER
      Defendants:            JONES DAY
 3                           51 Louisiana Avenue NW
                             Washington, D.C.  20001
 4                           (202) 879-4645
                               on behalf of Yazaki North America,
 5                             Incorporated

 6                           LARRY S. GANGNES
                             LANE POWELL, P.C.
 7                           1420 Fifth Avenue, Suite 4100
                             Seattle, Washington  98101
 8                           (206) 223-7000
                               on behalf of Furukawa Electric Company
 9
                             JEFFREY G. HEUER
10                           JAFFE, RAITT, HEUER & WEISS, P.C.
                             27777 Franklin Road, Suite 2500
11                           Southfield, MI  48034
                             (248) 351-3000
12                             on behalf of Kyungshin-Lear Sales and
                               Engineering
13
                             HOWARD B. IWREY
14                           DYKEMA GOSSETT, P.L.L.C.
                             39577 Woodward Avenue, Suite 300
15                           Bloomfield Hills, MI  48304
                             (248) 203-0526
16                             on behalf of Lear Corporation

17                           SHELDON H. KLEIN
                             BUTZEL LONG, P.C.
18                           41000 Woodward Avenue
                             Bloomfield Hills, MI  48304
19                           (248) 258-1414
                               on behalf of Tokai Rika America (TRAM)
20
                             ANDREW S. MAROVITZ
21                           MAYER BROWN, L.L.P.
                             71 South Wacker Drive
22                           Chicago, IL  60606
                             (312) 701-7116
23                             on behalf of Lear Corporation

24

25
```

```
 1    APPEARANCES:

 2    For the              JOSEPH E. PAPELIAN
      Defendants:          DELPHI CORPORATION
 3                         5725 Delphi Drive
                           Troy, MI  48098
 4                         (248) 813-2535
                             on behalf of Delphi Automotive, L.L.P.
 5
                           MATTHEW L. POWELL
 6                         KERR, RUSSELL & WEBER, P.L.C.
                           500 Woodward Avenue, Suite 2500
 7                         Detroit, MI  48226
                           (313) 961-0200
 8                           on behalf of Fujikura America,
                             Incorporated
 9
                           WILLIAM A. SANKBEIL
10                         KERR, RUSSELL & WEBER, P.L.C.
                           500 Woodward Avenue, Suite 2500
11                         Detroit, MI  48226
                           (313) 961-0200
12                           on behalf of Fujikura America,
                             Incorporated
13
                           MARGUERITE M. SULLIVAN
14                         LATHAM & WATKINS, L.L.P.
                           555 Eleventh Street NW, Suite 1000
15                         Washington, D.C.  20004
                           (202) 637-2200
16                           on behalf of Sumitomo Electric
                             Industries, Limited
17
                           MICHAEL F. TUBACK
18                         O'MELVENY & MYERS, L.L.P.
                           Two Embarcadero Center, 28th Floor
19                         San Francisco, CA  94111
                           (415) 984-8700
20                           on behalf of Leoni Wire, Inc.

21

22    Also present:        Mark Werling
                           Chrysler Group, L.L.C.
23

24
           To obtain a copy of this official transcript, contact:
25              Robert L. Smith, Official Court Reporter
                (313) 964-3303 • rob_smith@mied.uscourts.gov
```

1          TABLE OF CONTENTS

2                                            Page

3   JPML JUNE 12, 2012 TRANSFER ORDER
        Discussion by the Court........................... 10
4       Remarks by Mr. Fink............................... 12
        Remarks by Mr. Tuback............................ 19
5       Remarks by Mr. Damrell........................... 21
        Remarks by Mr. Becnel............................ 25
6
    RELATIONSHIP WITH OTHER AUTOMOTIVE PARTS
7   PRICE-FIXING CASES
        Discussion by the Court........................... 27
8       Remarks by Mr. Kanner............................ 27
        Remarks by Mr. Damrell........................... 31
9       Remarks by Mr. Persky............................ 33
        Remarks by Mr. Cuneo............................. 34
10      Remarks by Mr. Iwrey............................. 35

11  SERVICE ISSUES
        Remarks by Mr. Kohn.............................. 37
12
    DISCUSSION REGARDING MOTIONS TO DISMISS
13      Remarks by Ms. Fischer........................... 39
        Remarks by Mr. Hansel............................ 42
14      Remarks by Mr. Marovitz.......................... 43
        Remarks by Mr. Persky............................ 44
15      Remarks by Mr. Marovitz.......................... 45
        Ruling by the Court.............................. 46
16
    DISCUSSION RELATING TO GRAND JURY PROCEEDINGS
17      Remarks by Mr. Spector........................... 47
        Remarks by Ms. Fischer........................... 40
18      Remarks by Mr. Spector........................... 54
        Remarks by Ms. Fischer........................... 55
19      Remarks by Mr. Persky............................ 56
        Remarks by Mr. Cherry............................ 56
20      Remarks by Mr. Spector........................... 57
        Remarks by Ms. Fischer........................... 58
21      Ruling by the Court.............................. 58

22  DISCUSSION REGARDING DOCUMENT PRESERVATION
        Remarks by Mr. Hansel............................ 59
23      Remarks by Mr. Tuback............................ 62
        Remarks by Mr. Hansel............................ 66
24      Remarks by Mr. Tuback............................ 68
        Remarks by Mr. Kanner............................ 70
25

TABLE OF CONTENTS (Continued)

Page

**DISCUSSION REGARDING PROTECTIVE ORDER**
    Remarks by Mr. Kohn................................. 71
    Remarks by Mr. Marovitz............................ 76
    Remarks by Mr. Kohn................................. 82
    Remarks by Mr. Marovitz............................ 85
    Remarks by Mr. Kohn................................. 86
    Ruling by the Court................................ 87

**THIRD STATUS CONFERENCE DATE**
    Discussion by the Court............................ 88

1    Detroit, Michigan

2    Friday, June 15, 2012

3    at about 10:00 a.m.

4                         -    -    -

5               (Court and Counsel present.)

6               THE CASE MANAGER:  All rise.

7               The United States District Court for the Eastern

8    District of Michigan is now in session, the Honorable

9    Marianne O. Battani presiding.

10              All those having business before this Honorable

11   Court, please draw near and you shall be heard.  God save

12   these United States and this Honorable Court.

13              You may be seated.

14              Court calls Automotive Parts Antitrust Litigation.

15              THE COURT:  Good morning.

16              ATTORNEYS PRESENT:  (Collectively) Good morning,

17   Your Honor.

18              THE COURT:  Gee, there are a lot of you here.  I

19   didn't realize that so many of you would come.  Okay.

20              All right.  I'm very anxious for this meeting

21   because I want to find out what is going on, and, of course,

22   we just had a recent transfer order which you may have heard

23   about from the MDL, and actually that's the first thing on

24   the agenda.

25              I would like to follow the same protocol that we

```
 1                    MR. DAMRELL:  Right.
 2                    THE COURT:  Okay.  Thank you.
 3                    MR. DAMRELL:  Nothing further.  Thank you, Your
 4         Honor.
 5                    THE COURT:  Thank you.  Yes, sir?
 6                    MR. BECNEL:  May it please the Court,
 7         Daniel Becnel.
 8                    Bernie, with Labaton, and I appeared before the
 9         panel to argue this case, and as you recall the last time we
10         were here when you were appointing lead counsel we said
11         there's some more things in the pipeline, we don't know
12         whether they are going to give them to you or they are going
13         to want to split them off, but when we appeared before the
14         panel the first thing they said we don't want you to argue
15         where this case is going to go, argue if you have anything to
16         say why Judge Battani shouldn't have these cases, and we both
17         agreed they should come here.
18                    And the only issue you have to deal with now is --
19         and there are going to be some more in the pipeline.  You
20         have the general number, and how you separate them is up to
21         you.
22                    There's only two or three big cases that I can
23         recall where you've had this kind of complicated problem
24         where if they were all the same manufacturers or they were
25         all in the same associations, such as pedicle screws where
```

1    you had many manufacturers of pedicle screws, or breast

2    implants where you had many manufacturers but they were all

3    different, you know, it was Bristol Myers, it had Dow, it was

4    this one and that one.

5         The Chinese drywall is the most incredible one of

6    all, which I was in yesterday, we have a thousand defendants.

7    So what the judge did then is said look, each of you appoint

8    who you want and I will give an impromptu to who you appoint

9    to be lead counsel for the home builders or lead counsel for

10   the distributors or lead counsel for the manufacturers,

11   et cetera, because a lot of them had claims and cross claims

12   against each other, it is not me, it is the man behind the

13   tree that is responsible.

14        So I think we are in total agreement the leadership

15   you have appointed is fine.  We don't know whether the

16   defendants are in total agreement, whether let's say a

17   Swedish company wants to be in the same boat with the

18   Japanese company.  That's what you have to determine based

19   upon their recommendations to you and then you make the call

20   for balls and strikes.  The only issue with the other cases

21   is this leadership is fine, we are all working together, I

22   don't think we have a problem, the issue is who do you want

23   to be responsible for the two new cases?  Should you say you

24   guys get together and make this guy responsible or that lady

25   responsible or this person responsible, or do I have to

1    appoint somebody so I have somebody to look to to answer the

2    questions that I'm going to want answered in that particular

3    component?

4              THE COURT:  Okay.

5              MR. BECNEL:  But I think you are going to have some

6    more coming to you also so this is probably not the caboose

7    yet.  Thank you, Your Honor.

8              THE COURT:  But not 14,000, right?

9              MR. BECNEL:  I hope not.

10             THE COURT:  Okay.  Well, when we first met and we

11   appointed lead counsel -- interim lead counsel, liaison,

12   et cetera, of course we didn't know these wouldn't be

13   separate -- the future ones would not be separate MDLs, but

14   right now, and I guess I would like some lead counsel to

15   approach the podium because I really don't intend to have

16   more counsel, I mean, this is just going to be too much.  I

17   want to know can lead counsel handle other car parts?

18   Somebody want to speak?

19             MR. KANNER:  Good morning, Your Honor.

20   Steve Kanner on behalf of direct plaintiffs.

21             On March 15th we appeared before Your Honor for the

22   first time.  At that time in connection with our groups, the

23   organizational efforts with respect to the wire harness case

24   and incidentally our petition for lead counsel, we made a

25   pledge at that time.  I think we have upheld that pledge.

1    That pledge was to work cooperatively with the direct

2    purchasers, the dealer classes and the indirect purchaser or

3    the end-payor classes to coordinate our efforts with

4    defendants and to promote the efficient prosecution of the

5    case.  I think we have done that so far with wire harness.  I

6    think the comments that were made earlier about using this

7    case, its organizational efforts as a template, are well

8    taken.

9          To directly answer your question, I would like to

10   provide some examples why I believe we can continue to

11   efficiently run these additional cases.  To date plaintiffs

12   and defendants, as you well know, have had a number of meet

13   and confers both in person and telephonically which resulted

14   in I'm counting about six separate items.

15         Number one, we have completed a formal ESI

16   stipulation.  Number two, we have completed a stipulation on

17   expert materials.  Number three, we have coordinated

18   successfully a briefing schedule for defendants' motions to

19   dismiss, which, I believe, the first are to be filed in mid

20   July and those, of course, relate to the defendants who have

21   been served.  Number four, we established a schedule for the

22   production of Grand Jury materials by those defendants who

23   have entered guilty pleas.  I believe that production begins

24   sooner than might be in other cases, that would be

25   August 1st.  It is scheduled to complete -- to be completed

1    by October.  Fifth, we have agreed in principle to the

2    production by defendants of their transactional data,

3    critical, of course.  Sixth, we have agreed on all but two

4    items, which are later on down the laundry list for today on

5    the discovery.

6            THE COURT:  I have read them.

7            MR. KANNER:  But I have to tell you, from my

8    experience in a number of these cases that's remarkable

9    progress.  We have done so with a high degree of civility,

10   collegiality and cooperativeness both with the plaintiffs'

11   classes, and I have been in many cases where the subclasses

12   of plaintiffs or the various groups don't have a good working

13   relationship, and certainly I think it stands as a testimony

14   to our collective experience in the bar that we have been

15   working well, all those zealously with different sides, with

16   our colleagues on the defense bar who have demonstrated a

17   high degree of cooperativeness with us, so that's a positive.

18           THE COURT:  Let me ask, what is your -- as lead

19   counsel now, your relationship with counsel who filed say a

20   wire harness case but is not lead counsel?  How does that

21   stand?  I just don't know.  I have no idea how these counsel

22   who file a case and yet now they are not counsel on the case.

23           MR. KANNER:  Well, when I first spoke to Your Honor

24   back in March I talked about how we had already created very

25   distinct assignment groups.

```
 1              THE COURT:  Right.
 2              MR. KANNER:  Those assignments have been given to
 3   various attorneys in the plaintiffs' counsel group, which is
 4   over 20 firms at this point.  We are not duplicating our
 5   work.
 6              THE COURT:  So they are assisting, they are doing
 7   their work separate?
 8              MR. KANNER:  Absolutely.
 9              THE COURT:  As I told you in the beginning, I'm
10   concerned about fees and I know the fees are going to be
11   enormous, but I want to make sure there isn't a duplication
12   yet I want the other attorneys involved.
13              MR. KANNER:  There isn't, Your Honor.  In fact, we
14   have made it quite clear with correspondence to all of the
15   plaintiffs' firms working in the case that no efforts in this
16   case, no work that anyone does in this case should be done --
17   no time will be accepted on that unless it is through a
18   specific assignment by lead counsel.
19              We have established a time reporting mechanism.  By
20   the end of every month all counsel must submit their time
21   broken down in detail with backup to one of the firms in
22   which to maintain on an Excel spreadsheet, and firms can't go
23   back two months to add time.  We have been through this
24   before and we understand that certain mechanisms have to be
25   in place to ensure accuracy of time and to ensure that work
```

1  is done per assignment and not on a willy-nilly basis.

2       THE COURT: And I trust that. I think you should

3  all know, both in having these meetings and in working this

4  out, you know, I may have the final decision but I'm looking

5  to you with the experience to direct me in how to make that

6  decision.

7       MR. KANNER: Your Honor, we always keep in mind the

8  fact that you do have the final authority on that issue.

9       THE COURT: But I want you to keep in mind that I

10  want you all, because I think it is important, and you have

11  so far worked together so well because of your expertise and

12  that's why you were appointed as you were. So I just want to

13  be sure you're saying to me there is no problem with the

14  additional car parts coming under your group as interim lead

15  counsel?

16       MR. KANNER: That is exactly what we are saying,

17  Your Honor.

18       THE COURT: Okay. Very good. Thank you.

19       MR. KANNER: Thank you.

20       THE COURT: Anybody else?

21       MR. DAMRELL: Can I just make one comment?

22       THE COURT: See, you're deferring to him because he

23  was a judge, that's not fair.

24       MR. DAMRELL: Your Honor, the question arose

25  regarding leadership, and I think that kind of goes to the

1      notion of this template that has been referred to.  As

2      counsel just indicated, there have been a number of things

3      that have occurred that really have streamlined the

4      procedures, and it seems to me that if you look at the MDL

5      order again itself I think it contemplates that the wire

6      harness case has taken the lead, as it were, and in the sense

7      that you're going to have tracks but you're going to have one

8      number, different products are going to be obviously in

9      separate tracks, but the notion that counsel for the three

10     classes have reached agreement with the defendants, all the

11     defendants in this case, on such key matters, it makes sense

12     that going forward that that same counsel maintain that role

13     because it obviously is going to be something that you are

14     going to be interested in in terms of what is accomplished

15     going forward in the wire harness case and some of the same

16     counsel are going to be representing the plaintiffs in the

17     other classes in the other cases.

18            Having -- if we were to -- if we were to change

19     that and have different roles for different attorneys and

20     different plaintiffs it seems to me that the efficiencies

21     that are gained by this order is --

22            THE COURT:  I'm not going to change it.  You don't

23     have to go on, there is no question about that.

24            MR. DAMRELL:  Okay.

25            THE COURT:  No, no, there's no question.  I just

```
 1    wonder, you know, you're sitting there and all of a sudden
 2    your case becomes a little different than what you started
 3    with, and I want to make sure everybody is comfortable with
 4    that, that's all.  I think it is very efficient to have the
 5    same attorneys handle everything.  I'm just -- I'm just
 6    concerned, and maybe I can ask you this about that case that
 7    Judge Zatkoff has because I can't take that from him, you
 8    understand that, internally.  I can't do it but -- I don't
 9    know who the attorneys are on that.
10              Eric, you told me one was --
11         MR. PERSKY:  My name is Bernard Persky of the
12    Labaton Sucharow firm.  We are co-lead counsel for the
13    end-payor plaintiffs.
14              We filed the first auto bearing case, we filed it
15    in the Eastern District as a related matter.  It arises from
16    the same exact Government investigation by the FBI out of the
17    Detroit office.  And, yes, there are not overlapping
18    defendants but it is the same kind of conspiracy under the
19    same investigation by the Government.  In our view it in
20    essence fits within what would normally be called a tagalong
21    case in the view of the MDL's transfer order.  The Multi
22    District Litigation Panel, I believe, had in mind that auto
23    parts come your way.  We don't expect -- we don't know what
24    beyond the auto bearing cases there are.  We know that the
25    safety systems case, which Your Honor has now accepted, has
```

1    an overlapping defendant so that's common with defendants in

2    the other cases that you have.  As to auto bearings it is our

3    view that the appropriate thing to do is to apply to the

4    Multi District Litigation Panel, not to the judge who

5    currently has it in the Eastern District of Michigan, and

6    persuade the panel that it is a tagalong case that should be

7    before Your Honor, and it will have its own track, its own

8    scheduling, but the same plaintiffs' counsel would be running

9    it on behalf of the various plaintiffs' classes.

10           So with all due respect, Your Honor, we think it

11   should be here, and we along with whoever else wants to join

12   us will take the steps that are appropriate and necessary to

13   ask the panel to send it to Your Honor.

14           THE COURT:  Good.

15           MR. PERSKY:  Thank you.

16           THE COURT:  Thank you.  That settles that issue.

17   All right.  Now --

18           MR. CUNEO:  Your Honor --

19           THE COURT:  Oh, I'm sorry.

20           MR. CUNEO:  Jonathan Cuneo, and we are here with

21   some of my colleagues for the auto dealers.

22           We wanted to identify with the remarks that

23   Mr. Kanner made about his group.  Our group is in the process

24   of establishing the same internal controls, and we have been

25   working very well with both the direct purchasers and the end

```
 1   users.  And a measure of that is just this morning a group of

 2   them persuaded me and I believe my colleagues that the

 3   approach that Mr. Fink outlined to the Court early this

 4   morning was acceptable to us.  And in that regard we are at

 5   least at the current time, as I stand before you, have been

 6   conceptualizing this in a different way, which was by

 7   defendants as opposed to by part, at least as far as the

 8   subsequent filings to wire harness, but we are prepared to

 9   retrofit our thinking, file amended complaints, and do it in

10   the way that the Court prefers, and we have no problem with

11   the program that Mr. Fink suggested.

12           THE COURT:  Good, very good.  Thank you.

13           MR. CUNEO:  So that is evidence of cooperation

14   right here in your courtroom.

15           THE COURT:  That certainly is.  I do want to say to

16   any defendants, I hope you don't mind sitting in the jury

17   box, you know.

18           MR. FINK:  Your Honor, we just want it to be clear,

19   that this is a temp -- they are not going to be in the jury

20   box at the end.

21           THE COURT:  We will see.  We will see.  Does any

22   defendant have any other statement they want to make about

23   this?

24           MR. IWREY:  Your Honor, Howard Iwrey from Dykema.

25           THE COURT:  Could you come to the podium, please?
```

1    that point and it will be preserved for the Court's ruling.

2        Okay.  I think that takes care of all of the issues

3    in the plan and protective order, so we have covered all of

4    these items.  I'm going to ask counsel, plaintiffs and

5    defendants, to get together to submit orders that are

6    consistent with what we did here today.

7        I know from your papers that you were talking about

8    another conference after the motions are resolved.  I don't

9    want to wait quite that long.  I think we need to just see to

10   it administratively that things are moving along and that we

11   don't have any great delay.  So my suggestion would be this,

12   I know defendants don't have designated counsel except for

13   what we did today about the IT, but you may want to -- you

14   are certainly all welcome to come, but you may want to get

15   together and have a few of you come.  I just want to have a

16   status conference, I'm thinking, and I will send out notice

17   of this, I'm thinking of November because then everything

18   would have been filed though not heard or ruled on or

19   anything else, but we would have all of the briefing in just

20   to see that we are all on the same page.

21       I'm only requiring liaison counsel to come so that

22   you don't all have to come from wherever.  Obviously I will

23   send out notice and whoever wants to come can, but what I'm

24   trying to tell you is you don't all have to show up.  This is

25   just so we can make sure -- I can feel confident that the

1    case is moving along as scheduled.  So we will submit

2    probably sometime in October the date for the November

3    meeting.

4              MR. ALTERMAN:  Your Honor, would it be possible

5    for --

6              THE COURT:  Could you give your name?

7              MR. ALTERMAN:  Irwin Alterman.  Would it be

8    possible for some people to participate by telephone or is

9    that too cumbersome?

10             THE COURT:  Well, ordinarily I do a lot by

11   telephone but with the number of people here I think we would

12   be getting everybody wanting to participate by telephone and

13   I'm not going to go there at this point.

14             MR. TUBACK:  Just one quick question, the Court

15   indicated it was going to set a hearing date for November in

16   October, if the Court can do so --

17             THE COURT:  Oh, no, no, a hearing date?

18             MR. TUBACK:  The next status conference date.

19             THE COURT:  Right.

20             MR. TUBACK:  If the Court could set the November

21   date as early as possible so we can block off our calendar

22   that would be very useful?

23             THE COURT:  Okay.  I mean, I have nothing scheduled

24   for November -- I do have trials, I do have some big trials,

25   but we will do it as soon as possible.  Thank you.

Initial Status Conference • March 16, 2012

1           Before we close is there anything else?  I want to

2    say I'm really impressed with how you are cooperating and how

3    organized and obviously your experience comes through so

4    well.  I appreciate it.  It is really a good opportunity for

5    me to deal with excellent counsel in a very fascinating case,

6    so I thank you.  Good luck.  All right.

7           THE CASE MANAGER:  All rise.  Court is adjourned.

8           (Proceedings concluded at 11:59 a.m.)

9                        —   —   —

```
 1                        CERTIFICATION

 2

 3            I, Robert L. Smith, Official Court Reporter of

 4   the United States District Court, Eastern District of

 5   Michigan, appointed pursuant to the provisions of Title 28,

 6   United States Code, Section 753, do hereby certify that the

 7   foregoing pages comprise a full, true and correct transcript

 8   taken in the matter of In Re:  Automotive Parts Antitrust

 9   Litigation, Case No.  12-MDL-2311, on Friday, June 15, 2012.

10

11

12                        s/Robert L. Smith
                          Robert L. Smith, RPR, CSR 5098
13                        Federal Official Court Reporter
                          United States District Court
14                        Eastern District of Michigan

15

16

17   Date:  06/18/2012

18   Detroit, Michigan

19

20

21

22

23

24

25
```