**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | |
|---|---|
| IN RE:  AUTOMOTIVE PARTS ANTITRUST LITIGATION | ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| MDL NO. 2311 | Case No.  2:12-md-02311 |
| THIS DOCUMENT RELATES TO: | Judge Marianne O. Battani<br>Magistrate Mona K. Majzoub |
| END-PAYOR ACTIONS | |

**STATEMENT OF INTERIM CO-LEAD CLASS COUNSEL FOR THE END-PAYOR PLAINTIFFS IN RESPONSE TO DIRECT PURCHASER PLAINTIFF MCGUIRE BEARING COMPANY'S OPPOSITION TO ENTRY OF CASE MANAGEMENT ORDER NO. 3**

End-Payor Plaintiffs, by and through the undersigned Interim Co-Lead Class Counsel, hereby respond to the Motion for Leave to File an Opposition (Dkt. 184) and proposed Opposition to Wire Harness Litigation Plaintiffs' Motion for Case Management Order No. 3 ("Opp." or "Opposition") (Dkt. 184-1) filed by Direct Purchaser Plaintiff McGuire Bearing Company (hereafter, "Direct Purchaser MBC").

On June 15, 2012, pursuant to Federal Rule of Civil Procedure 16, the Court conducted a case management conference and determined, *inter alia*, that Interim Co-Lead Class Counsel for the End-Payor Actions relating to wire harness systems are to continue in that role for all cases filed in or transferred to this Court as part of MDL 2311, *In re: Automotive Parts Antitrust Litigation*. The Court reached the same conclusion for Interim Co-Lead Class Counsel for the Automobile Dealer Actions and Direct Purchaser Actions.  The Court stated, among other things, that "it is very efficient to have the same attorneys handle everything," *see* June 15, 2012 H'rg Tr. at 32-33 (attached as Exhibit A hereto), and the parties were ordered to submit a proposed order consistent with the Court's appointments made on the record.  *Id*. at 88.  No one – neither plaintiffs nor defendants – objected at the hearing to the Court's appointment.

Three weeks later, Direct Purchaser MBC sought leave to file an opposition to plaintiffs' proposed order that implements the Court's directive from the June 15, 2012 hearing.  Direct Purchaser MBC alleges it is a direct purchaser of bearings, including non-automotive bearings. Direct Purchaser MBC does not purport to be an indirect purchaser of bearings or any of the other products at issue in MDL 2311 and does not seek to represent a putative class of indirect purchasers (either end-payors or automobile dealers) in any of the cases.  It asks the Court to defer ruling on the appointment of a leadership structure just in the "Bearing Litigation."   Direct

Purchaser MBC does not allege it is a purchaser of any of the other automotive products at issue in this MDL proceeding.

Direct Purchaser MBC's case has not yet been assigned to this Court, but four cases involving bearings filed by End-Payor Plaintiffs have been assigned to this Court as part of MDL 2311.[1] The plaintiffs in each of the end-payor bearings cases, and their counsel, *support* the appointment of undersigned counsel as Interim Co-Lead Class Counsel and Interim Liaison Counsel in all of the related automotive parts cases, including the three indirect purchaser cases specifically cited by Direct Purchaser MBC. *See* Opp. at 1 n.1.

Consistent with this Court's order at the June 15th case management conference, Interim Co-Lead Class Counsel and Interim Liaison Counsel for the End-Payor Plaintiffs in the wire harness case should serve as Interim Co-Lead Class Counsel and Interim Liaison Counsel for the other End-Payor Plaintiffs in the automotive parts cases included in this MDL.  Interim Co-Lead Class Counsel for the End-Payors have filed cases involving each of the products at issue in MDL 2311.  Indeed, it is important to emphasize that the classes of End-Payors are identical in each of the End-Payor cases filed in, transferred or to be transferred to this Court in MDL 2311. The plaintiffs in these End-Payor class actions are all purchasers or lessees of automobiles and, thus, indirect purchasers of all of the automotive component parts at issue in all of these cases. Undersigned counsel are unaware of any conflicts of interest that would prevent them from serving in that same role for all automotive parts cases filed in or transferred to this Court in MDL 2311, and Direct Purchaser MBC likewise asserts none.  However, if subclasses are deemed appropriate, such as for non-automotive bearings purchasers, that issue can be addressed

---

[1] In addition, one case involving bearings filed on behalf of a class of automobile dealers has also been assigned to this Court.  *See Martens Cars of Washington, Inc. v. JTEKT Corp.*, 12-cv-12614 (E.D. Mich.).

at a subsequent stage of the litigation (*e.g.*, upon the filing of a consolidated amended class action complaint).

Undersigned counsel believe they have already demonstrated that they satisfy the requirements of Federal Rule of Civil Procedure 23(g) for their appointment as Interim Class and Interim Liaison Counsel for all of these related End-Payor automotive products cases.  In that regard, as the Court is aware, undersigned counsel have thus far been working cooperatively and efficiently in managing the litigation, including working out agreements with defendants on various matters.  They agree with the Court's finding at the June 15, 2012 hearing that appointing different groups of lawyers to be interim class counsel for each of the different automotive parts at issue, at least with respect to the End-Payor cases, would result in an unduly cumbersome and inefficient case leadership structure.

Should the Court deem it necessary or appropriate, undersigned counsel are also prepared to file a motion for appointment as Interim Class and Interim Liaison Counsel for the End-Payor Plaintiffs in the bearings cases, or any of the other automotive products at issue in this MDL proceeding.  However, it is undersigned counsel's position that such additional motion practice is unnecessary, particularly since all End-Payor Plaintiffs in all of the automotive parts End-Payor actions, as well as their counsel, including those involving bearings, support the continued appointment of undersigned counsel as  Interim Co-Lead and Interim Liaison Counsel.

Dated:  July 11, 2012

By:   /s/ E. Powell Miller
E. Powell Miller (P39487)
Adam T. Schnatz (P72049)
**THE MILLER LAW FIRM, P.C.**
950 W. University Dr., Ste. 300
Rochester, Michigan 48307
Telephone:  (248) 841-2200
Facsimile:  (248) 652-2852
epm@millerlawpc.com

*Attorneys for End-Payor Plaintiffs and Interim Liaison Counsel for the Proposed End-Payor Plaintiffs Classes*

Hollis Salzman
Bernard Persky
William V. Reiss
**LABATON SUCHAROW LLP**
140 Broadway
New York, NY  10005
Phone: (212) 907-0700
Facsimile:  (212) 818-0477
hsalzman@labaton.com
bpersky@labaton.com
wreiss@labaton.com

Marc M. Seltzer
Steven G. Sklaver
**SUSMAN GODFREY L.L.P.**
1901 Avenue of the Stars, Suite 950
Los Angeles, CA 90067-6029
Telephone:  (310) 789-3100
Facsimile:  (310) 789-3150
mseltzer@susmangodfrey.com
ssklaver@susmangodfrey.com

Terrell W. Oxford
Warren T. Burns
**SUSMAN GODFREY L.L.P.**
901 Main Street, Suite 5100
Dallas, Texas 75202
Telephone:  (214) 754-1900
Facsimile:  (214)754-1933
toxford@susmangodfrey.com
wburns@susmangodfrey.com

Joseph W. Cotchett
Steven N. Williams
Adam J. Zapala
Gene W. Kim
**COTCHETT, PITRE &McCARTHY, LLP**
San Francisco Airport Office Center
840 Malcolm Road, Suite 200
Burlingame, CA 94010
Telephone:  (650) 697-6000

4

Facsimile:  (650) 697-0577
jcotchett@cpmlegal.com
williams@cpmlegal.com
jcotchett@cpmlegal.com
swilliams@cpmlegal.com

*Attorneys for End-Payor Plaintiffs and Interim Co-Lead Class Counsel  for the Proposed End-Payor Classes*