# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| In Re: AUTOMOTIVE PARTS ANTITRUST LITIGATION | 12-md-02311 <br> Honorable Marianne O. Battani |
| In Re: WIRE HARNESS CASES | W:12-cv-10000-MOB-MKM |
| THIS RELATES TO: ALL CASES | **Oral Argument Requested** |

## DEFENDANT KYUNGSHIN-LEAR'S MOTION TO DISMISS ALL COMPLAINTS

The Direct-Purchasers, Auto-Dealers, and End-Payors have filed consolidated Complaints.[1] Defendant Kyungshin-Lear Sales and Engineering, LLC ("KL Sales"), by and through its undersigned counsel, moves to dismiss with prejudice all the Complaints in accordance with Fed. R. Civ. P. 12(b)(6), and states as follows:

1. KL Sales bases this Motion on Defendants' Collective Motion to Dismiss the Direct Purchaser Actions, Defendants' Collective Motion to Dismiss The End-Payors' Corrected Consolidated Amended Class Action Complaint and the Automobile Dealers' Consolidated Class Complaint, and the respective Memoranda filed therewith (all of which KL Sales joins and herein incorporates) (collectively, the "Collective Motions"), as well as the accompanying Separate Memorandum filed herewith to highlight the distinctions and arguments unique to KL Sales, oral argument, and any other material the Court may consider.

---

[1] The Direct Purchaser Consolidated Amended Class Action Complaint [Dkt. 86] is referred to as the "DP Complaint," the Automobile Dealers Consolidated Class Complaint [Dkt. 85] is referred to as the "AD Complaint," and the End-Payors Corrected Consolidated Amended Class Action Complaint [Dkt. 174] is referred to as the "EP Complaint." Collectively, they are referred to as the "Complaints."

1

2.	In accordance with E.D. Mich. LR 7.1(a), counsel for KL Sales sought concurrence from counsel for the Direct-Purchasers and the End-Payors on July 6, 2012, and from counsel for the Auto-Dealers on July 9, 2012, via telephone conference.  During those separate calls, counsel for KL Sales sought concurrence on this Motion, explained the nature and legal basis of this Motion, and requested but did not obtain concurrence in the relief sought— dismissal of all the Complaints.

WHEREFORE, based upon the facts and law presented in the accompanying Separate Memorandum, the Collective Motions, as well as all other pleadings and documents filed in this matter, Defendant KL Sales respectfully requests that the Court issue an order (1) GRANTING this Motion to dismiss with prejudice all claims against KL Sales in any and all of the Complaints; (2) awarding KL Sales its costs and expenses (including its reasonable attorney fees) in defending this action; and (3) granting KL Sales such other and further relief as the Court deems just.[2]

Respectfully submitted,

*/s/ Wm. Parker Sanders*
Thomas W. Rhodes (GBN 602300)
Wm. Parker Sanders (GBN 626020)
SMITH, GAMBRELL & RUSSELL, LLP
1230 Peachtree St., N.E., Ste. 3100
Atlanta, GA 30309
(404) 815-3684
psanders@sgrlaw.com

Jeffrey G. Heuer (P14925)
Peter M. Falkenstein (P61375)

---

[2] Out of an abundance of caution, KL Sales objects to personal jurisdiction and venue with respect to any constituent action in this MDL filed in any jurisdiction other than Michigan or Alabama.  KL Sales advises that it has joined Certain Defendants' Motion to Dismiss Certain End Payor Complaints for Lack of Personal Jurisdiction and/or Improper Venue in the Transferor Districts Pursuant to Fed. R. Civ. P. 12(b)(2) and 12(b)(3).

                                        JAFFE, RAITT, HEUER & WEISS, P.C.
27777 Franklin Rd., Ste. 2500
Southfield, MI 48034
(248) 351-3000
jheuer@jaffelaw.com
pfalkenstein@jaffelaw.com

*Attorneys for Defendant*
*Kyungshin-Lear Sales & Engineering, LLC*

Dated: July 13, 2012

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | | |
|---|---|---|
| In Re: AUTOMOTIVE PARTS ANTITRUST LITIGATION | : : : | 12-md-02311<br>Honorable Marianne O. Battani |
| In Re: WIRE HARNESS CASES | : : : | W:12-cv-10000-MOB-MKM |
| THIS RELATES TO: ALL CASES | : : : | **Oral Argument Requested** |

## DEFENDANT KYUNGSHIN-LEAR'S SEPARATE MEMORANDUM
## IN SUPPORT OF ITS MOTION TO DISMISS ALL COMPLAINTS

**STATEMENT OF ISSUES PRESENTED**

Whether the Direct-Purchaser, Auto-Dealer, and End-Payor Plaintiffs have failed to allege sufficient facts to meet the requirements set by *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), for pleading a claim based on an antitrust conspiracy as to KL Sales?

KL Sales answers "yes."

# STATEMENT OF CONTROLLING OR MOST APPROPRIATE AUTHORITIES

**Cases**

*Bell Atlantic Corp. v. Twombly*,
    550 U.S. 544 (2007)

*Carrier Corp. v. Outokumpu Oyi*,
    673 F.3d 430 (6th Cir. Apr. 30, 2012)

*In re Refrigerant Compressors Antitrust Litig.*,
    No. 2:09-md-02042, 2012 WL 2114997 (E.D. Mich. Jun. 11, 2012)

*In re Title Ins. Antitrust Litig.*,
    702 F. Supp. 2d 840 (N.D. Ohio 2010)

*In re Travel Agent Comm'n Antitrust Litig.*,
    583 F.3d 896 (6th Cir. 2009)

*Mich. Div.-Monument Builders of N.A. v. Mich. Cemetery Ass'n*,
    458 F. Supp. 2d 474 (E.D. Mich. 2006)

*RSM Prod. Corp. v. Petroleos de Venezuela Societa Anonima (PDVSA)*,
    338 F. Supp. 2d 1208 (D. Col. 2004)

*Total Benefits Planning Agency, Inc. v. Anthem Blue Cross and Blue Shield*,
    552 F.3d 430 (6th Cir. 2008)

**Rules**

Fed. R. Civ. P. 8(a)(2)

Fed. R. Civ. P. 12(b)(6)

**SEPARATE MEMORANDUM**

  KL Sales is truly a peripheral outlier.  None of the Direct-Purchaser or Auto-Dealers cases even mentioned KL Sales.  Lead Plaintiffs picked up KL Sales's name from one of the 37 End-Payor cases and tossed it in to the Complaints without any accompanying explanation of what KL Sales supposedly did.  The Complaints do not charge KL Sales by name or even mention KL Sales in their "Factual Allegations."

  Established law prevents Plaintiffs from dragging KL Sales into the impending and "inevitably costly and protracted discovery phase" of this case without so much as pleading how KL Sales joined and participated in a conspiracy.  *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).  As *Twombly* requires, a plaintiff must allege the specific time, place, and people involved in the conspiracy, and the Sixth Circuit has repeatedly affirmed dismissals of antitrust claims where those details are missing.[3]  Conspiracy allegations "must be specific enough to establish the relevant 'who, what, where, when, how, or why.'" *Carrier Corp. v. Outokumpu Oyi*, 673 F.3d 430, 445 (6th Cir. Apr. 30, 2012).[4]  They must specify that each defendant joined the conspiracy and participated, and a failure to do so is fatal.[5]

---

[3] *See In re Travel Agent Comm'n Antitrust Litig.*, 583 F.3d 896, 905 (6th Cir. 2009), *cert. denied sub nom.*, *TAM Travel, Inc. v. Am. Airlines, Inc.*, -- U.S. --, 131 S.Ct. 896 (2011) (rejecting plaintiffs' "attempt to implicate" defendants by "relying on several vague allegations" in the complaint collectively referring to "defendants"); *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross and Blue Shield*, 552 F.3d 430, 436-37 (6th Cir. 2008) (failure to allege when defendants joined the conspiracy, "where or how" that was accomplished, and "by whom or for what purpose"); *Mich. Div.-Monument Builders of N.A. v. Mich. Cemetery Ass'n*, 458 F. Supp. 2d 474, 485 (E.D. Mich. 2006) (rejecting "laundry list" of allegations not showing each defendant's conduct beyond stating their location, ownership, and state of incorporation).

[4] *Total Benefits*, 552 F.3d at 437; *In re Refrigerant Compressors Antitrust Litig.*, No. 2:09-md-02042, 2012 WL 2114997, at *7-8 (E.D. Mich. Jun. 11, 2012) (dismissing defendants not party to a plea agreement where complaints lacked "specific factual allegations" for each defendant).

[5] *See, e.g.*, *Total Benefits*, 552 F.3d at 436-37; *In re Refrigerant Compressors*, 2012 WL 2114997, at *7-8; *Monument Builders*, 458 F. Supp. 2d at 485.

1

In tossing KL Sales's name among the Defendants, Plaintiffs ignore those basic pleading requirements. They make no specific allegations against KL Sales or identify any overt acts by KL Sales. And those allegations that mischaracterize KL Sales as "Lear," the "Lear Defendants," or "Defendants" are too ambiguous, too generic, and too conclusive to suggest that liability is plausible. They leave KL Sales and the Court with no idea of what KL Sales is accused of having done (or what counts even apply to KL Sales): the few allegations actually discussing bad acts relate to other Defendants, not KL Sales.[6] The Sixth Circuit has rejected the use of similar "naked conspiratorial allegations" to implicate antitrust defendants in a conspiracy. *In re Travel Agent Comm'n*, 583 F.3d at 905. Such "[g]eneric pleading, alleging misconduct against defendants without specifics as to the role each played in the alleged conspiracy" is insufficient to allege an antitrust violation. *Total Benefits*, 552 F.3d at 436.

How little is said about KL Sales is startling: it is a U.S. entity based in Alabama; it is a joint-venture between a Korean entity and Lear; and it supposedly makes and sells products bought in the U.S. That's it.[7]

Plaintiffs then group KL Sales with Lear, and refer to both as "Lear" or the "Lear Defendants."[8] But without more, that grouping is ineffective. KL Sales is not alleged to be wholly owned or controlled by Lear (it isn't) or liable for Lear's conduct under some reverse-

---

[6] *See, e.g.*, *In re Travel Agent Comm'n*, 583 F.3d at 905 (if certain defendants not provided with the specifics of how they were "involved in the alleged conspiracy" sought to "respond to plaintiffs' allegations in the § 1 context, [they] would have little idea where to begin").

[7] DP Compl. ¶ 40; AD Compl. ¶ 99; EP Compl. ¶ 94. *See In re Travel Agent Comm'n*, 583 F.3d at 905 (dismissing claims against certain defendants based on allegations not in the "body of the complaint").

[8] DP Compl. ¶ 41; AD Compl. ¶ 100; EP Compl. ¶ 95.

2

piercing or single-enterprise theory.[9]  It is alleged to be a separate entity, thus entitled to notice of what it alone did.[10]

For these additional reasons, the Complaints must be dismissed because Plaintiffs failed to state a claim against KL Sales.  Nothing suggests that Plaintiffs have any facts that could improve their position by amendment.

Respectfully submitted,

*/s/ Wm. Parker Sanders*
Thomas W. Rhodes (GBN 602300)
Wm. Parker Sanders (GBN 626020)
SMITH, GAMBRELL & RUSSELL, LLP
1230 Peachtree St., N.E., Ste. 3100
Atlanta, GA 30309
(404) 815-3684
psanders@sgrlaw.com

Jeffrey G. Heuer (P14925)
Peter M. Falkenstein (P61375)
JAFFE, RAITT, HEUER & WEISS, P.C.
27777 Franklin Rd., Ste. 2500
Southfield, MI 48034
(248) 351-3000
jheuer@jaffelaw.com
pfalkenstein@jaffelaw.com

---

[9] *See, e.g.*, *RSM Prod. Corp. v. Petroleos de Venezuela Societa Anonima (PDVSA)*, 338 F. Supp. 2d 1208, 1216 (D. Col. 2004) (dismissing claims against wholly-owned subsidiary based solely on its parent's conduct); *In re Title Ins. Antitrust Litig.*, 702 F. Supp. 2d 840, 878 n.28 (N.D. Ohio 2010) (dismissing parent where no allegations suggested it "played a role" in the conspiracy).

[10] The Lear allegations are also anemic.  They merely say that the "Lear Defendants" make wire-harness systems; describe a Lear joint venture not connected to KL Sales; describe generic details about Lear; discuss Lear's bankruptcy and make conclusions about its post-discharge sales and pricing; describe only Lear's customers and market participation; regard Lear's CEO's statement about an EC investigation (KL Sales isn't alleged to operate in Europe); and quotes Lear's annual report's part about sales drivers.  (DP Compl. ¶¶ 37, 39, 42, 101, 105, & 117; AD Compl. ¶¶ 4, 96, 98, 101, 146, 165, 171, & 230; EP Compl. ¶¶ 4, 91, 93, 96, 147, 162, 167, & 200).  Aside from making wire-harnesses, on their face those allegations concern only Lear.  And nothing details Lear joining or participating in a conspiracy.

3

                                                *Attorneys for Defendant*
                                                *Kyungshin-Lear Sales & Engineering, LLC*

Dated:  July 13, 2012

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing *Defendant Kyungshin-Lear's Motion to Dismiss All Complaints* was served upon Direct-Purchaser Interim-Lead and Liaison Counsel, Auto-Dealer Interim-Lead and Liaison Counsel, and End-Payor Lead and Liaison Counsel by filing said document via ECF in accordance with Case Management Order No. 1.

        Respectfully submitted,

        */s/ Wm. Parker Sanders*
        Wm. Parker Sanders (GBN 626020)
        SMITH, GAMBRELL & RUSSELL, LLP
        1230 Peachtree St., N.E., Ste. 3100
        Atlanta, GA 30309
        (404) 815-3684
        psanders@sgrlaw.com

        *Attorneys for Defendant*
        *Kyungshin-Lear Sales & Engineering, LLC*

Dated:  July 13, 2012.