# EXHIBIT N

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


**UNITED STATES OF AMERICA,**

                Government,

                                        **HONORABLE GEORGE CARAM STEEH**

        v.
                                        **No. 12-20064**

**YAZAKI CORPORATION,**

                Defendant.
_____/

**GUILTY PLEA AND SENTENCNIG HEARING**

**Thursday, March 1, 2012**

                    -    -    -

APPEARANCES:

For the Government:                SHANE CRALLE, ESQ.
                                   Assistant U.S. Attorney


For the Defendant:                 JOHN M. MAJORAS, ESQ.

                    -    -    -


*To Obtain Certified Transcript, Contact:*
*Ronald A. DiBartolomeo, Official Court Reporter*
*Theodore Levin United States Courthouse*
*231 West Lafayette Boulevard, Room 238*
*Detroit, Michigan  48226*
*(313) 962-1234*

*Proceedings recorded by mechanical stenography.*
*Transcript produced by computer-aided transcription.*

2

1                             **I   N   D   E   X**

2                                                                          Page

3 Guilty plea and sentencing hearing                                    4

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

```
 1                        E   X   H   B   I   T   S
 2      Identification                              Offered      Received
 3
 4                            N       O       N       E
 5
 6
 7
 8
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

*12-20064; USA v. YAZAKI CORPORATION*

```
 1                               Detroit, Michigan
 2                               Thursday, March 1, 2012
 3
 4                      -    -    -
 5              THE CLERK:  Case Number 12-20064, United
 6     States of America versus Yazaki Corporation.
 7              THE COURT:  Good morning.
 8          Ms. Hellings, do you want to state your
 9     appearance?
10              MS. HELLINGS:  Ms. Hellings for the
11     government.  My colleague will do most of the talking.
12              THE COURT:  All right.  I see.
13              MR. CRALLE:  Good morning.  Shane Cralle for
14     the United States.
15              THE COURT:  Good morning.
16              MR. MAJORAS:  Good morning.  John Majoras for
17     Yazaki Corporation from the Jones and Day law firm, and I
18     have with me today Mr. Takao Soeda, who is the senior
19     managing director of Yazaki Corporation, and the company's
20     representative.
21              THE COURT:  Okay.  Good morning.  All right.
22          Would you like to approach the podium?
23          The Court has been presented today with a proposed
24     Rule 11 plea agreement, and -- oh, we do have an
25     interpreter.
```

*12-20064; USA v. YAZAKI CORPORATION*

1          Would you like to step up, ma'am?  We're going to

2     have two interpreters working today.  So I suppose both of

3     you should be sworn in.

4          Would you each raise your right hands, and ask you

5     initially identify yourselves, please.

6               **INTERPRETER NO. 1:**  Keiko Olsen.

7               **INTERPRETER NO. 2:**  Izumi Suzuki.

8               **THE COURT:**  Go ahead.

9

10     (Interpreters sworn in by deputy clerk.)

11

12               **THE COURT:**  Okay.

13          **MR. MAJORAS:**  Your Honor, if I may on the

14     interpreter, Mr. Soeda's first language is, of course,

15     Japanese, but he does speak English.  He has assured me

16     that he is comfortable proceeding in English, but if there

17     are points in the proceeding in which he would like a

18     translation, that's why we would like to have translators

19     here.

20               **THE COURT:**  I see.  Very fine.

21          We will have you sworn.  Raise your right hand.

22

23          (Defendant sworn in by deputy clerk.)

24

25               **THE COURT:**  Okay.  I'm going to first make

*12-20064; USA v. YAZAKI CORPORATION*

1    sure that I understand what's taking place today.

2         The Court has been presented with a proposed Rule

3    11 plea agreement, and I gather that the defendant

4    corporation has waived its right to indictment already?

5              **MR. MAJORAS:**  Yes, your Honor.

6              **THE COURT:**  Okay.  And there's been an

7    arraignment conducted in the case?

8              **MR. MAJORAS:**  No, your Honor.

9              **THE COURT:**  So we need to arraign the

10   defendant on the information?

11             **MR. MAJORAS:**  Yes, sir.

12             **THE COURT:**  And then there's an expectation

13   that there will be a plea of guilty to three counts in the

14   information, is that right?

15             **MR. MAJORAS:**  Yes, sir, and as to the letter

16   to the Court co-signed by myself and the prosecutor, we've

17   asked that the hearing on sentencing also be expedited to

18   today, if it's within your Honor's wishes.

19             **THE COURT:**  Okay.  Very fine.

20        So would you state your name for us, sir?

21             **THE DEFENDANT:**  Takao Soeda.

22             **THE COURT:**  And Mr. Soeda, your relationship

23   to the defendant Yazaki Corporation is what?

24             **THE DEFENDANT:**  Senior managing director of

25   Yazaki Corporation.

*12-20064; USA v. YAZAKI CORPORATION*

1              THE COURT:  And as a representative of the

2    corporation, you have been authorized, as I noticed some

3    documents submitted here, to act in relation to this case

4    on behalf of the corporation?

5              THE DEFENDANT:  Yes, your Honor.

6              THE COURT:  And you've had a chance to review

7    the charges in this information with your company

8    colleagues?

9              THE DEFENDANT:  Yes, your Honor.

10              THE COURT:  And you believe that the charges

11    are understood?

12              THE DEFENDANT:  Yes, your Honor.

13              THE COURT:  And you also reviewed with your

14    colleagues at the company this proposed plea agreement

15    that's been presented to the Court?

16              THE DEFENDANT:  Yes, your Honor.

17              THE COURT:  And you believe that you and your

18    colleagues at the corporation also understand that

19    agreement?

20              THE DEFENDANT:  Yes, your Honor.

21              THE COURT:  You had a chance to have all of

22    your questions answered by Mr. Majoras?

23              THE DEFENDANT:  Yes.

24              THE COURT:  All right.  Very fine.  Well, in

25    relation to the arraignment proceeding, you understand

*12-20064; USA v. YAZAKI CORPORATION*

1   sir, that the -- that the charges contained in this

2   information include three counts of conspiracy to restrain

3   trade?

4            THE DEFENDANT:  Yes, your Honor.

5            THE COURT:  And you understand that the

6   maximum penalty for this charge in relation to each count

7   is what counsel?

8            MR. CRALLE:  It's a fine of up to

9   $100 million or twice the pecuniary gain or twice the

10  pecuniary loss per count.

11           THE COURT:  That's right.  We've gone over

12  that before.

13       You understand those are the maximum penalties

14  facing the corporation upon conviction?

15           THE DEFENDANT:  Yes, your Honor.

16           THE COURT:  In addition, there is a period of

17  supervision, is there not, that maybe ordered as of a

18  probationary condition?

19           MR. CRALLE:  For the corporation, I don't

20  believe so.  Certainly it is within your discretion to

21  impose probation, but we have not done so.  We have not

22  requested that.

23           THE COURT:  You're not asking for that?

24           MR. MAJORAS:  Your Honor, we would urge that

25  probation not be imposed, if I could be heard on that at

*12-20064; USA v. YAZAKI CORPORATION*

1    some later point?

2              THE COURT:  I anticipated that, and I don't

3    see any reason at this point to seriously considered it,

4    but I thought the statute did allow for as among the other

5    penalties a probationary term of supervision, is that

6    right?

7              MR. CRALLE:  Yes, probation.

8              THE COURT:  And you understand that's also

9    provided for by the statute potentially?

10             THE DEFENDANT:  Yes, your Honor.

11             THE COURT:  Now on behalf of the corporation,

12   you have signed this Rule 11 plea agreement, is that

13   right?

14             THE DEFENDANT:  Yes, your Honor.

15             THE COURT:  And you've done that with the

16   authority of your employer?

17             THE DEFENDANT:  Yes, your Honor.

18             THE COURT:  And you understand that if the

19   Court accepts this plea agreement, you will be paying a

20   total fine for these violations in the amount of 470

21   million dollars?

22             THE DEFENDANT:  Yes, your Honor.

23             THE COURT:  And that fine will be spaced out

24   over a five year period with interest accruing on the

25   unbalanced balance of that 470 million from year to year?

*12-20064; USA v. YAZAKI CORPORATION*

1                  **THE DEFENDANT:**  Yes, your Honor.

2                  **THE COURT:**  And I did not notice, but I

3        assume there is a formula for calculating that interest

4        that would accrue on that balance?

5                  **MR. CRALLE:**  That's right.  It's a statutory

6        interest amount that's calculated.

7                  **THE COURT:**  Does that float and vary in

8        percentages from year to year?

9                  **MR. CRALLE:**  Correct.  The statutory interest

10       rate is calculated and is available on the government's

11       website and tracks the federal reserve interest rates.

12                 **THE COURT:**  All right.  And you're familiar

13       with that formula, sir?

14                 **THE DEFENDANT:**  Yes, your Honor.

15                 **THE COURT:**  It is -- it is also part of this

16       agreement that the government would agree not to bring in

17       any additional charges against the corporation for events

18       up to the date of this plea agreement if the company

19       follows through on all of its promises contained in the

20       plea agreement, you understand that?

21                 **THE DEFENDANT:**  Yes, your Honor.

22                 **THE COURT:**  And in addition, the government

23       will not bring charges against named individuals employed

24       by the defendant corporation as long as they individually

25       cooperate as anticipated by the plea agreement.

*12-20064; USA v. YAZAKI CORPORATION*

1          **MR. MAJORAS:** Your Honor, if I might

2     interject, the named individuals -- there are not named

3     individuals who are subject to the cooperation and the

4     release within the plea agreement, the named individuals

5     of those who are not a part of the agreement.

6          **THE COURT:** Okay. So those are excluded,

7     those are named individuals who have already been or maybe

8     charged, is that right?

9          **MR. CRALLE:** That's correct, your Honor.

10    There are individuals named in the plea agreement who face

11    potential charges. Whether they have or have not, it's an

12    ongoing investigation.

13         **THE COURT:** I see. Okay. So this plea

14    agreement and the promises made by the defendant

15    corporation would not shield these named individuals from

16    potential prosecution as well, you understand that?

17         **THE DEFENDANT:** Yes, your Honor.

18         **THE COURT:** And you understand that while the

19    payment of this fine amount if that is adopted by the

20    Court at sentencing, would immunize, if you will, the

21    corporation from any charges for events leading up to

22    today's date. The corporation will not be shielded by

23    this agreement from potential taxes that may come due or

24    be assessed because of these occurrences, and one other

25    feature that the corporation might still -- oh, civil

*12-20064; USA v. YAZAKI CORPORATION*

1    suits --

2            **MR. CRALLE:**  Correct.

3            **THE COURT:**  -- might still be entertained as

4    against the corporation for what has occurred, and this

5    agreement would not protect the corporation from the civil

6    suits.  Do you understand that, sir?

7            **THE DEFENDANT:**  Yes, your Honor.

8            **THE COURT:**  Okay.  The  plea  agreement

9    includes a factual statement of what occurred here that

10   would give rise to crime liability on behalf of the

11   defendant corporation.  Have you gone over that with Mr.

12   Majoras, and do you believe it to be accurate as it's

13   contained in the plea agreement?

14           **THE DEFENDANT:**  Yes, your Honor.

15           **THE COURT:**  Okay.  You understand that the

16   government in this agreement has agreed, based upon the

17   cooperation received, to ask the Court to consider a

18   downward departure at the time of sentencing from the

19   guideline range as it relates to the punishment, the fine,

20   based upon that cooperation, you understand?

21           **THE DEFENDANT:**  Yes, your Honor.

22           **THE COURT:**  And there's a rather complex

23   formula set forth in the plea agreement by which the

24   proposed fine has been calculated.  Have you gone over

25   that carefully?

*12-20064; USA v. YAZAKI CORPORATION*

1       **THE DEFENDANT:**  Yes, your Honor.

2       **THE COURT:**  So you understand that the --

3   that the guideline calculation first identifies the

4   culpability score, and I believe in this case it ends

5   up -- I believe the bottom line was at eight point

6   culpability score, is that right?

7       **MR. CRALLE:**  That's correct.

8       **THE COURT:**  And you understand how that was

9   reached, sir?

10      **THE DEFENDANT:**  Yes, your Honor.

11      **THE COURT:**  And you understand that then the

12  government sought to enhance for increase the amount of

13  the fine based upon the -- based upon the economic harm

14  resulting from this conspiracy that would not otherwise

15  have accounted for in the original calculation, you

16  understand?

17      **MR. MAJORAS:**  Is your Honor referring to the

18  multiplier?

19      **THE COURT:**  Yes, the multiplier.

20      **THE DEFENDANT:**  Yes, I understand.

21      **THE COURT:**  And then the government would

22  request a 30 percent reduction based upon the cooperation

23  that has been forthcoming from the corporation, you

24  understand that?

25      **THE DEFENDANT:**  Yes, your Honor.

*12-20064; USA v. YAZAKI CORPORATION*

1          **THE COURT:**  And that all culminates in the

2    recommendation of 470 million.  You understand how that

3    was reached?

4          **THE DEFENDANT:**  Yes, your Honor.

5          **THE COURT:**  And as a part of this agreement,

6    you're also asking the Court to adopt both the calculation

7    as it is set forth in the agreement and the bottom line

8    punishment of 470 million dollars?

9          **THE DEFENDANT:**  Yes, your Honor.

10         **THE COURT:**  You have promised as part of this

11   agreement to give up a number of important legal rights

12   that the corporation would otherwise have in the case, you

13   understand that?

14         **THE DEFENDANT:**  Yes, your Honor.

15         **THE COURT:**  Among those rights is the right

16   to appeal the convictions and the sentence imposed by the

17   Court for this wrongdoing, as long as that sentence does

18   not exceed the 470 million dollars that's been

19   recommended, you understand that?

20         **THE DEFENDANT:**  Yes, your Honor.

21         **THE COURT:**  In addition, if the Court accepts

22   your plea of guilty on behalf of the corporation to these

23   charges and imposes a sentence of no more than 470 million

24   dollars as a fine to be paid, under those circumstances,

25   the plea today would be final and may not be withdrawn by

*12-20064; USA v. YAZAKI CORPORATION*

1    the cooperation as well, you understand that?

2              **THE DEFENDANT:**  Yes, your Honor.

3              **THE COURT:**  Of course, the most important

4    right or set of rights that the corporation is giving up

5    in order to enter to into this agreement is the right to

6    have a trial, you understand that?

7              **THE DEFENDANT:**  Yes.

8              **THE COURT:**  And you understand at a trial in

9    the case, the corporation would be presumed innocent until

10   proven guilty beyond a reasonable doubt?

11             **THE DEFENDANT:**  Yes, your Honor.

12             **THE COURT:**  And in addition, the trial would

13   take place before a jury of 12 citizens who would make the

14   decision as to the company's guilt or innocence in the

15   case, you understand that?

16             **THE DEFENDANT:**  Yes, your Honor.

17             **THE COURT:**  Under some circumstances, the

18   defendant corporation could waive its right to a jury

19   trial and have the Court alone make the decision, you

20   understand that?

21             **THE DEFENDANT:**  Yes, your Honor.

22             **THE COURT:**  Assuming that the trial would

23   take place with a jury, you understand that a decision by

24   the jury, whether it is guilty or not guilty, can only be

25   received by the Court if it is unanimously agreed upon by

*12-20064; USA v. YAZAKI CORPORATION*

1    all of the jurors hearing the case?

2                    **THE DEFENDANT:**  Yes, your Honor.

3                    **THE COURT:**  And you understand that the

4    defendant corporation would have the right to be

5    represented by counsel throughout the trial, and assuming

6    that's Mr. Majoras, he would the opportunity to cross

7    examine all the witnesses called by the government to

8    testify against the defendant at the trial?

9                    **THE DEFENDANT:**  Yes, your Honor.

10                   **THE COURT:**  And in addition, Mr. Majoras

11   would have the opportunity to ask the Court to issue

12   orders compelling other witnesses to come to court to

13   testify on behalf of the defendant if the corporation

14   wishes, you understand that?

15                   **THE DEFENDANT:**  Yes, your Honor.

16                   **THE COURT:**  You understand that the

17   corporation would have the opportunity to present its own

18   employees and representatives as witnesses in the case?

19                   **MR. MAJORAS:**  Yes, your Honor.

20                   **THE COURT:**  On the other hand, the

21   corporation could sit back and do nothing, and has no

22   obligation to submit any of its employees -- well, the

23   corporation would have the choice to sit back and do

24   nothing and require the government to prove each of the

25   elements of this charge beyond a reasonable doubt at a

*12-20064; USA v. YAZAKI CORPORATION*

1   trial, you understand that?

2            **THE DEFENDANT:**  Yes, your Honor.

3            **THE COURT:**  So in addition, if found guilty,

4   of course, the corporation would have the right to appeal

5   the conviction and potentially appeal the sentence ordered

6   against it by the Court based upon that conviction, you

7   understand that?

8            **THE DEFENDANT:**  Yes, your Honor.

9            **THE COURT:**  Okay.  Well, by pleading guilty,

10  of course, there's not going to be a trial.  So the -- so

11  the corporation is necessarily waiving or giving up all

12  the trial rights that we just talked about, you understand

13  that?

14           **THE DEFENDANT:**  I understand.  Yes, your

15  Honor.

16           **THE COURT:**  Well, understanding the likely

17  consequences of this plea of guilty, and understanding the

18  rights that the corporation is giving up in order to do

19  so, is it still your wish to tender a guilty plea on

20  behalf of corporation to this charge?

21           **THE DEFENDANT:**  Yes.

22           **THE COURT:**  How then does the defendant

23  Yazaki Corporation plea to the charge of three counts of

24  conspiracy to restrain trade, guilty or not guilty?

25           **THE DEFENDANT:**  Guilty, your Honor.

*12-20064; USA v. YAZAKI CORPORATION*

1              **THE COURT:**  All right.  And in relation to

2      each count, how would you like to address the factual

3      predicate from the violations?

4              **MR. MAJORAS:**  Your Honor, I have worked with

5      the Mr. Soeda to put together facts that he can affirm to,

6      and because of the language issues, we would request that

7      I be able to read that and ask him to affirm.

8              **THE COURT:**  All right.  That will be fine.

9              **MR. MAJORAS:**  We will do that separately with

10     each count, your Honor.

11          As to the first count to which it pleads, Yazaki

12     manufactured automotive wire harnesses and related

13     products in the United States and elsewhere.

14          From January 2000 through February 2010, Yazaki

15     engaged in discussions and attended meetings with other

16     producers of automotive wire harnesses and related

17     products.  During those meetings and conversations,

18     agreements were reached to allocate supplies of automotive

19     wire harnesses and related products sold to certain

20     automobile manufacturers on a model by model basis, to rig

21     bids quoted to certain automobile manufacturers, and to

22     fix, stabilize and maintain the prices of automotive wire

23     harnesses and related products sold to certain automobile

24     manufacturers in the United States and elsewhere.

25          During this period, automotive wire harnesses and

*12-20064; USA v. YAZAKI CORPORATION*

related products sold by Yazaki, as well as payments for

the products, traveled in interstate and foreign commerce.

Yazaki's business activities in connection with the

production and sale of automotive wire harnesses and

related products were within the flow of, and

substantially affected, interstate and foreign trade and

commerce.

The meetings and conversations that I described

took place in the United States and elsewhere, and

automotive wire harnesses and related products that were

the subject of Yazaki's agreements with competitors were

sold to certain automobile manufacturers by the Yazaki

Corporation's United States subsidiary, which is located

here in the Eastern District of Michigan.

As an enterprise, Yazaki employed more than 5,000

individuals during the period.  Yazaki's sales of

automotive wire harnesses and related products affecting

certain automobile manufacturers in the United States and

elsewhere totaled approximately $2 billion during the

period of January of 2000 through February 2010.

Mr. Soeda, do you affirm the facts as I read them

to the Court?

**THE DEFENDANT:**  Yes, I do.

**THE COURT:**  All right.  Thank you.

**MR. MAJORAS:**  Your Honor, as to the second

*12-20064; USA v. YAZAKI CORPORATION*

1    count to which it pleads, Yazaki also manufactured

2    instrument panel clusters, also known as meters, in United

3    States and elsewhere.

4          From December 2002 through February 2010, Yazaki

5    engaged in discussions and attended meetings with other

6    producers of instrument panel clusters.  During those

7    meetings and conversations, agreements were reached to

8    allocate supplies of instrument panel clusters sold to

9    certain automobile manufacturers on model by model basis,

10    to rig bids quoted to certain automobile manufacturers,

11    and to fix, stabilize and maintain the prices of

12    instruments panel clusters sold to certain automobile

13    manufacturers sold in the United States and elsewhere.

14          During this period, instrument panel clusters sold

15    by Yazaki, as well as payments for those products,

16    traveled interstate and foreign commerce.  Yazaki's

17    business activities in connection with the production and

18    sale of instrument panel clusters were within the flow of,

19    and substantially affected, interstate and foreign trade

20    and commerce.

21          The meetings and conversations that I have

22    described took place in the United States and elsewhere,

23    and instrument panel clusters that were the subject of

24    Yazaki's agreements with competitors were sold to certain

25    automobile manufacturers by Yazaki Corporation's United

*12-20064; USA v. YAZAKI CORPORATION*

1    States subsidiary, which is located here in the Eastern

2    District of Michigan.

3            As an enterprise, Yazaki employed more than 5,000

4    individuals during the period.  Yazaki's sales of

5    instrument panel clusters affecting certain automobile

6    manufacturers in the United States and elsewhere totaled

7    approximately $73 million during the period of

8    December 2002 through February 2010.

9            Mr. Soeda, do you affirm those facts as I read

10   them?

11                   **THE DEFENDANT:**  Yes, I do.

12                   **MR. MAJORAS:**  And then, your Honor, as to the

13   third count to which it pleads, Yazaki also manufactured

14   fuel senders in the United States and elsewhere.

15           From March 2004 through February 2010, Yazaki

16   engaged in the discussions and attended meetings with

17   other producers of fuel senders.  During those meetings

18   and conversations which took place in Japan, agreements

19   were reached to fix, stabilize and maintain the prices of

20   fuel senders sold to an automobile manufacturer in the

21   United States and elsewhere.

22           During this period fuel senders sold by Yazaki, as

23   well as payments for the products traveled, interstate and

24   foreign commerce.  Yazaki's business activities in

25   connection with the production and sale of fuel senders

*12-20064; USA v. YAZAKI CORPORATION*

1    were within the flow of, and substantially affected,

2    interstate and foreign trade and commerce.

3           The meetings and conversations that I have

4    described took place in Japan, and fuel senders that were

5    the subject of the Yazaki's agreements with competitors

6    were sold to automobile manufacturers by the Yazaki

7    Corporation's United States subsidiary, which is located

8    in Eastern District of Michigan.

9           As an enterprise, Yazaki employed more than 5,000

10   individuals during the period.  Yazaki's sales of fuel

11   senders affecting an automobile manufacturer in the United

12   States totaled approximately $1.6 million during the

13   period of March 2004 through February 2010.

14          Mr. Soeda, do you affirm those facts as I read

15   them?

16          **THE DEFENDANT:**  Yes, I do.

17          **THE COURT:**  All right.  Thank you, Mr.

18   Majoras.

19          The last thing that I want to make sure that is

20   understood, we've talked about the fact that if the

21   corporation elected to have a trial instead of pleading

22   guilty, it would be the government's burden to prove each

23   element of this charge of conspiracy to restrain trade

24   beyond a reasonable doubt before the corporation could be

25   convicted, you understand that, sir?

*12-20064; USA v. YAZAKI CORPORATION*

1              THE DEFENDANT:  Yes, your Honor.

2              THE COURT:  And in this case those elements

3    generally are that the government would first have to

4    prove that during the term identified in this information,

5    there was an illegal conspiracy underway between at least

6    two persons or entities to restrain trade by bid rigging

7    and -- or price fixing as a general means of carrying out

8    this agreement to suppress competition in the industry.

9    Do you understand that?

10             THE DEFENDANT:  Yes.

11             THE COURT:  And then the government would

12   have to prove secondly, that your company voluntarily and

13   knowingly entered into that conspiracy to restrain trade

14   in violation of the Sherman Anti-trust law in order to

15   suppress competition.  Do you understand that?

16             THE DEFENDANT:  Yes, your Honor.

17             THE COURT:  Anything else that you believe

18   would be an essential element counsel that would have to

19   be proven beyond a reasonable doubt?

20             MR. CRALLE:  Yes, your Honor.  There's one

21   third element, and we would have to show that the

22   conspiracy was an unreasonable trade of interstate and

23   foreign trade and commerce.

24             THE COURT:  Okay.  And you understand that

25   element as well?

*12-20064; USA v. YAZAKI CORPORATION*

1          THE DEFENDANT:  Yes, your Honor.

2          THE COURT:  Now counsel, what have I missed

3    in receiving the plea today?  Anything that you can think

4    of?

5          MR. CRALLE:  Off hand, I think you did very

6    good job.

7          THE COURT:  Thank you.  Mr. Majoras?

8          MR. MAJORAS:  No, sir.

9          THE COURT:  The Court is satisfied that the

10   plea is voluntary, knowledgeable and accurate.  The

11   elements of the charge have been established by the

12   testimony received today, and the Court is persuaded that

13   Mr. Soeda has been duly authorized by the defendant to

14   tender this plea on its behalf.

15          Accordingly, the Court will accept the plea of

16   guilty tendered to each of these counts, adjudicate the

17   defendant Yazaki Corporation guilty of the violations, and

18   we'll will turn now to the question of sentence.

19          The Court has received correspondence from both

20   sides asking the Court to consider imposing sentence

21   immediately.

22          The Court having reviewed the correspondence as

23   well as the sentencing memorandum submitted is persuaded

24   that the Court has ample information and can meaningfully

25   exercise its discretion and the application of the factors

*12-20064; USA v. YAZAKI CORPORATION*

1    that are identified at Section 3553(a) of the statute in

2    order to carry out its responsibility to impose sentence,

3    and accordingly, sees no value in requiring the

4    preparation of a Pre-Sentence Investigation Report under

5    those circumstances.

6              Accordingly, I will grant the joint request made

7    to waive the preparation of a Pre-Sentence Investigation

8    Report, and move to consideration of a sentence

9    immediately.

10             Mr. Majoras, I'm sure you've read the government's

11   sentencing memorandum, and I'm happy to take any

12   additional comments that you would like to make on behalf

13   of the defendant into account in deciding on a sentence

14   today.

15             **MR. MAJORAS:**  Thank you, your Honor.

16             Mr. Soeda would like to make a brief statement as

17   well, but the company is here certainly with great regret

18   with respect to the actions that occurred that led us to

19   today's proceedings.

20             In regard to that though, the company has also

21   made significant efforts, both to undertake what's been

22   necessary to resolve these issues with the government.  It

23   has cooperated fully as your Honor noted.  There was a

24   significant discount that the government was able to

25   provide as a result of the cooperation that my client

*12-20064; USA v. YAZAKI CORPORATION*

1      provided in the course of this investigation.  We have
2      been very active throughout essentially the last two years
3      in providing information that the government has sought
4      and information that we have voluntarily provided as part
5      of that investigation.
6              Additionally, I would like the Court to be aware
7      that the company has instituted revamped compliance
8      procedures with respect not only to the antitrust laws,
9      but also various other laws that affect a corporation the
10     size of Yazaki.
11             I've been involved in a number of representations
12     of clients and advised on programs, and it is my view the
13     program that the company has put in place is a top line
14     program for compliance involving individual instruction by
15     counsel, involving various web type of programs in which
16     individuals can observe and see in its program that's
17     going to be provided over a course of not just a single,
18     this is the law and don't break it.  There's going to be
19     ongoing education.
20             Additionally, the U.S. subsidiary for Yazaki,
21     Yazaki North America, has, in fact, retained additional
22     in-house counsel with anti-trust expertise as part of her
23     background.  She has been very active in working with the
24     company in providing those compliance programs.
25             Finally, your Honor, I will note that certainly

*12-20064; USA v. YAZAKI CORPORATION*

1   the fine that the company has agreed to is  a very

2   substantial fine in this case.  The company has likewise

3   agreed to various substantial obligations for ongoing

4   cooperation with the government.  It is engaged in doing

5   that and intends to be engaged in doing that until the

6   government deems that the cooperation is no longer

7   necessary.

8          As a result of this significant the fine and the

9   ongoing cooperation, the fact that it will be reminded

10  very clearly of its transgressions on a year to year basis

11  until the fine is paid, we ask that probation in this case

12  not be ordered as being unnecessary in light of those

13  facts.

14          THE COURT:  All right.  Thank you very much,

15  Mr. Majoras.

16          On behalf of the government, what would you like

17  to address to the Court?

18          MR. CRALLE:  Your Honor, I have nothing

19  further than what's in the papers.

20          THE COURT:  Thank you, Mr. Cralle.

21          Mr. Soeda, what would you like to say to the Court

22  before sentence is imposed.

23          THE DEFENDANT:  Yes, your Honor.

24          Yazaki Corporation sincerely regrets the actions

25  that led to this proceeding today.  We have thoroughly

*12-20064; USA v. YAZAKI CORPORATION*

1 reviewed our corporate compliance programs and have taken

2 extensive new steps to ensure future compliance with the

3 anti-trust laws.  We have also cooperated to our fullest

4 extent with the Department of Justice's in this

5 investigation.

6   The company accepts full responsibility for its

7 unlawful conduct.  We acknowledge that this conduct merits

8 punishment, and our agreement to accept a fine of this

9 magnitude demonstrates the seriousness of our offenses,

10 and extent to which we have accept the seriousness of the

11 consequences.

12   We respectfully ask that the Court impose a

13 sentence and fine recommended by the prosecutor and as set

14 forth in the plea agreement.

15   **THE COURT:**  All right.  Thank you, sir.

16   All right.  Well, the Court has had the

17 opportunity to review, as I indicated, the sentencing

18 memorandum submitted by the government, and I understand

19 Mr. Majoras that you're in agreement with both the

20 calculation of the guideline range, as well as the request

21 made, the application of the multiplier, as well as the

22 departure from the range that is recommended by the

23 government in its ultimate request for sentence, is that

24 right?

25   **MR. MAJORAS:**  Yes, your Honor.

*12-20064; USA v. YAZAKI CORPORATION*

1          **THE COURT:**  That as we touched upon during

2     the plea proceeding, it begins with a calculation of the

3     base fine provided by the guideline provision at

4     2R1.1(d)(1), which is 20 percent of the affected volume of

5     commerce or as expressed in dollars, $422.6 million.

6          The culpability score which is to be determined

7     pursuant to the guideline position at 8C2.5(a) is five.

8     That is adjusted upwards because of the number of

9     employees of the defendant corporation, which exceeds

10    5,000 employees.  Five points are added, which brings to a

11    subtotal of 10 points assessed.

12          Then given the defendant's cooperation, the

13    guidelines would adjust the culpability score downwards by

14    two points resulting in a final culpable score of eight.

15          The fine range is determined by the application of

16    a minimum or maximum multiplier under the guideline

17    provision 8C2.6, and in this instance given the base fine

18    of 422.6 million and the culpability score of eight, the

19    fine range resulting is 676.1 million to $1.35 billion.

20          The government then makes its motion for downward

21    departure, which the Court finds to be adequately

22    supported in connection with the request, which is

23    endorsed, of course, by the defendant and its counsel as

24    well, and in connection with that and the assistance

25    provided to the government in its investigation and the

*12-20064; USA v. YAZAKI CORPORATION*

1    prosecution of this defendant and others, the

2    recommendation by the government is a departure of

3    30 percent from the low end of that guideline range to

4    represent a fair and reasonable sentence in the amount of

5    $470 million.

6          The Court has first been persuaded that the

7    departure request is adequately supported by the papers

8    filed here, and that the percentage of the departure

9    represents the government's assessment of the value of

10   that cooperation.  I don't have any reason based on what's

11   been submitted to think that percentage is unreasonable,

12   in light of the experience in general that's been had by

13   this Court with the level of reductions imposed in other

14   matters based upon assistance from a defendant to the

15   government in those cases.

16         In addition, the Court needs to assess whether the

17   recommended sentence is one that satisfies the objectives

18   of the sentencing statute in Section 3553(a).  The Court

19   is to consider the general seriousness of the offense and

20   the -- and the harm occasion by the violation, as well

21   as -- as well as the background characteristics of the

22   offender in the commission of the violation.

23         Here the harm is pretty obvious, and it's going

24   to -- the fine amount of 470 million is certainly a

25   reflection, and I think fairly representative of the

*12-20064; USA v. YAZAKI CORPORATION*

1   magnitude of the harm occasion.  In some extent that harm

2   is hard to quantify as expressed in the memorandum

3   received by the government because of the -- because of

4   the far reaching effects, the impact, just not on the

5   supply market and the number of companies should be

6   competing in that market, but on consumers as well.

7       Because this agreement only encompasses the

8   consequences for the defendant criminally, and because

9   the -- and because civil suits have been filed and will be

10  vigorously prosecuted as well, the Court is persuaded that

11  the ultimate economic impact on this defendant will be

12  very much proportionate to the harm that could be

13  reasonably attributed to the behavior.

14      Accordingly, the Court is satisfied that the

15  misconduct in this case is fairly accounted for in the

16  recommended sentence that's been recommend to the Court.

17      Also, as it relates to the second of the statute

18  factors relating to the need for a given sentence to deter

19  this defendant from future violations, and the need to

20  deter others companies from committing similar violations

21  in the future, again, the size of this fine, and the many

22  consequences that go even beyond the fine imposed here, I

23  think will be quite sufficient to deter the company from

24  making this mistake in the future, and will deter others

25  from repeating the mistake as well.

*12-20064; USA v. YAZAKI CORPORATION*

1          This is also indicated by the corporate compliance

2     policies that have been reviewed and modified to void

3     mistakes like this in the future as well.

4          The remaining factors under the statute I think

5     are all satisfied substantially by the proposed sentence,

6     and there will be no great value achieved by exceeding the

7     fine recommended for the factors that I discussed in more

8     detail, or the remaining factors that are -- none of which

9     would mitigate in favor of a more severe fine.

10         That fine is going to be therefore, adopted by the

11    Court as an the penalty in this case.

12         Accordingly, and pursuant to the Sentencing Reform

13    Act of 1984, the Court will order the defendant Yazaki

14    Corporation to pay a total fine in the amount of $470

15    million, payable in the following manner:  Within 45 days

16    of today's date, the company shall pay the amount of

17    $78,333,333.33, plus any accrued interest within 45 days.

18    Then an equal amount payable at the one year anniversary

19    of this sentence, a like sum at the two year anniversary

20    of this sentence, again the same sum at the three year

21    anniversary of this sentence, and again at the fourth and

22    fifth year anniversaries of this sentence, and each of

23    those installments payments of $78,333,333.33 will be

24    payable along with any accrued interest on the remaining

25    balance at the rate that was discussed here earlier as

*12-20064; USA v. YAZAKI CORPORATION*

1    provided by statute, and determined by calculation that

2    formulated -- is that determined by the Department of

3    Treasury?

4              **MR. CRALLE:**  Yes, your Honor.  The interest

5    rates do follow the treasury.

6              If I could make one note, the final payment is

7    slightly different.  It is 35 cents as oppose to 33 cents,

8    a slight variation.

9              **MR. MAJORAS:**  And your Honor, I apologize to

10   interrupt as well, but if we could make pursuant to the

11   order that the Court issues, the company has already made

12   arrangements with the clerk's office to pay by way of wire

13   transfer, and I have found that as helpful if it is in the

14   order that recognizes that payment will be made by wire

15   transfer.

16             **THE COURT:**  Okay.  We will add that to the

17   judgment entered today, and the Court's sentence will not

18   include a term of probation as permitted by statute, given

19   the fact that the cooperation which is agreed upon will be

20   ongoing and the payment schedule is ongoing to this five

21   year period.  The Court sees no reason to impose a

22   probationary sentence.

23             The Court will not be ordering any restitution in

24   this case as well based upon the agreement and the

25   recognition that the civil litigation is going to be

*12-20064; USA v. YAZAKI CORPORATION*

1      addressing the elements of restitution I'm sure quite

2      amply.

3              Anything else that you believe -- is there a

4      special assessment?

5              MR. CRALLE:  Special assessment of 400 per

6      count.

7              THE COURT:  The Court will order a special

8      assessment in the amount of $400 times three -- 400 in

9      relation to each count, and is there anything else that

10     you can think of?

11             MR. CRALLE:  No, your Honor.

12             MR. MAJORAS:  No, your Honor.

13             THE COURT:  The Court then will impose the

14     sentence as I stated it on the record, and I won't be

15     advising the defendant of a right to appeal inasmuch as I

16     accepted the Rule 11 agreement in this case which waives

17     the right to appeal the conviction and sentence.

18             Anything else before we adjourn?

19             MR. MAJORAS:  Nothing here, your Honor.

20             THE COURT:  Very fine.  Well, thank you for

21     having resolve the matter, and I'll get our judgment out

22     today certainly.

23             MR. MAJORAS:  Thank you, your Honor.

24             MR. CRALLE:  Thank you.

25             THE COURT:  Thank you.

*12-20064; USA v. YAZAKI CORPORATION*

1            (Proceedings concluded.)

2                 -   -   -

3

4

5            C E R T I F I C A T I O N

6        I, Ronald A. DiBartolomeo, official court

7    reporter for the United States District Court, Eastern

8    District of Michigan, Southern Division, appointed

9    pursuant to the provisions of Title 28, United States

10   Code, Section 753, do hereby certify that the foregoing is

11   a correct transcript of the proceedings in the

12   above-entitled cause on the date hereinbefore set forth.

13        I do further certify that the foregoing

14   transcript has been prepared by me or under my direction.

15

16   _____          _____
     Ronald A. DiBartolomeo, CSR                  Date
17   Official Court Reporter

18                 -   -   -

19

20

21

22

23

24

25

            *12-20064; USA v. YAZAKI CORPORATION*