# EXHIBIT O

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


**UNITED STATES OF AMERICA,**

                Government,

                                       **HONORABLE GEORGE CARAM STEEH**

   v.

                                       **No. 12-20063**

**DENSO CORPORATION,**

                Defendant.
_____/

**GUILTY PLEA AND SENTENCING HEARING**

**Monday, March 5, 2012**

-   -   -

APPEARANCES:

For the Government:          KATHRYN HELLINGS, ESQ.
                             Assistant U.S. Attorney


For the Defendant:           STEVEN F. CHERRY, ESQ.

-   -   -


*To Obtain Certified Transcript, Contact:*
*Ronald A. DiBartolomeo, Official Court Reporter*
*Theodore Levin United States Courthouse*
*231 West Lafayette Boulevard, Room 238*
*Detroit, Michigan  48226*
*(313) 962-1234*

*Proceedings recorded by mechanical stenography.*
*Transcript produced by computer-aided transcription.*

2

1                                   **I  N  D  E  X**

2  _____   <u>Page</u>

3  Guilty plea and sentencing hearing                              4

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

3

```
 1                       E   X   H   B   I   T   S

 2    Identification                        Offered      Received

 3

 4                       N       O       N       E

 5

 6

 7

 8

 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

```
 1                              Detroit, Michigan
 2                              Monday, March 5, 2012
 3
 4                      -    -    -
 5              THE CLERK:  Case Number 12-2O063, United
 6    States of America versus Denso Corporation.
 7              THE COURT:  Good morning.
 8              MS. HELLINGS:  Good morning.
 9              MR. CHERRY:  Good morning.
10              THE COURT:  Who will be talking for the
11    government?
12              MS. HELLINGS:  Katie Hellings for the
13    government.
14              THE COURT:  Good morning.  For the defense?
15              MR. CHERRY:  Steve Cherry, your Honor.
16              THE COURT:  Okay.  Good morning.  Do you have
17    a corporate representative today?
18              MR. CHERRY:  Yes.  My name is Steve Cherry.
19    I am with Wilmer, Cutler, Pickering, Hale and Dorr, and my
20    colleagues with me is Thomas Mueller and Stephanie Wood.
21    The company's representative is Steve Zarowny, the general
22    counsel for Denso International America, Inc., but he's
23    been authorized to speak for Denso Corporation.
24              THE COURT:  Okay.
25              MR. CHERRY:  And his colleague is Yasushi
```

*12-20063; USA v. DENSO CORPORATION*

1    "Kirk" Katsumi, also from the Denso International America

2    Legal Department.

3                    THE COURT:  Okay.  Good morning.

4           The Court has been presented this morning with a

5    proposed waiver of indictment and acknowledgement of the

6    information in this case, and a proposed plea agreement.

7    So I assume from these documents that the corporation is

8    going to be pleading guilty to the charge of conspiracy to

9    restrain trade, is that right?

10                   MR. CHERRY:  Yes, your Honor.

11                   THE COURT:  Okay.

12                   MS. HELLINGS:  Your Honor, in addition, the

13   government filed a motion to seal Exhibit A to the plea

14   agreement, and just ask that your Honor please grant that

15   motion when the plea agreement is also filed later today.

16                   THE COURT:  So the plea agreement will be

17   become a part of the Exhibit A?

18                   MS. HELLINGS:  No.  So there is an Exhibit A

19   to the plea agreement, which we would like to have filed

20   under seal.  So the plea agreement can be filed, but

21   Exhibit A we would ask that to be filed under seal.

22                   THE COURT:  Okay.  Yes.  I took a glance.  We

23   seem to have two different versions of Exhibit A.  I'm not

24   sure which one.  Let me look.

25                   MS. HELLINGS:  Exhibit A is under Tab A of

                    *12-20063; USA v. DENSO CORPORATION*

1    plea agreement.

2              **THE COURT:**  Okay.  I have that.

3              **MS. HELLINGS:**  Okay.

4              **THE COURT:**  The Court will -- and I'm

5    assuming that you're joining in that request?

6              **MR. CHERRY:**  Yes, we are, your Honor.

7              **THE COURT:**  The Court will grant both the

8    request to seal Exhibit -- well, Exhibit A is the only

9    request?

10             **MS. HELLINGS:**  That's right, your Honor.

11             **THE COURT:**  Okay.  Under seal.

12             **MS. HELLINGS:**  One additional point, if I may

13   your Honor, Paragraph 8c of the information, there's a

14   small error in it that I just want to note for the record.

15         Turning to 8c, it says:  Agreeing, during those

16   meetings, conversations and communications to allocate the

17   supply of ECU's sold to an automobile manufacturer in the

18   United States and elsewhere on a model-by-model basis, and

19   I just wanted to note for the record that the ECU's is

20   actually a standardized product and it's interchangeable

21   across models.  So it's not actually sold on a

22   model-by-model basis, and I just wanted to note that for

23   the record.

24             **THE COURT:**  Okay.  Very fine.  And you're in

25   agreement with as well counsel?

*12-20063; USA v. DENSO CORPORATION*

 1              **MR. CHERRY:**  I am, your Honor.  As long as

 2      we're talking about the information, there's just one

 3      other point that we would like to make.

 4              There are a few places in the information that

 5      refer to components being shipped from Japan to the United

 6      States to be put in cars manufactured in the United

 7      States.  We're not aware of that happening with respect to

 8      our company.  We understand from Ms. Hellings that that

 9      may have happened with respect to other companies, and so

10      we just wanted to point out that that's not something that

11      we are aware of.  We don't dispute that it may have

12      happened with others.

13              **MS. HELLINGS:**  Not with said company in this

14      conspiracy.

15              **THE COURT:**  I see.  Okay.  That would not be

16      in the essential element of this charge --

17              **MS. HELLINGS:**  No.

18              **THE COURT:**  -- is that right?

19              **MR. CHERRY:**  That's right.

20              **MS. HELLINGS:**  That's right.

21              **THE COURT:**  Very fine.  Thanks.

22              **MS. HELLINGS:**  And the issue with the ECU is

23      not part of the plea agreement at all.

24              **THE COURT:**  Very good.  Thanks.  All right.

25              So I think if we have you and your client step up

                    *12-20063; USA v. DENSO CORPORATION*

1    to the podium, we'll administered an oath.  If you would

2    raise your right hand, sir.

3

4              (Defendant sworn in by deputy clerk.)

5

6              **THE COURT:**  Okay.  Would you state your name

7    for us?

8              **THE DEFENDANT:**  Steve Zarowny.

9              **THE COURT:**  Mr. Zarowny, you are acting today

10   as an authorized representative of Denso Corporation?

11             **THE DEFENDANT:**  Correct.

12             **THE COURT:**  And that authorization was by a

13   board resolution?

14             **THE DEFENDANT:**  Yes, your Honor.

15             **THE COURT:**  Okay.  You have signed apparently

16   several documents including an acknowledgement of the

17   information filed in this case?

18             **THE DEFENDANT:**  Yes, your Honor.

19             **THE COURT:**  And you have gone over that

20   document carefully with your counsel?

21             **THE DEFENDANT:**  Yes.

22             **THE COURT:**  You believe that you understand

23   it?

24             **THE DEFENDANT:**  Yes, your Honor.

25             **THE COURT:**  You understand the nature of the

                    *12-20063; USA v. DENSO CORPORATION*

1    charges?

2                    THE DEFENDANT:  Yes, your Honor.

3                    THE COURT:  And you -- and on behalf of your

4    client, do you waive the reading of this information,

5    counsel?

6                    MR. CHERRY:  We do, your Honor.

7                    THE COURT:  Okay.  And you understand the

8    maximum penalty for the violation of conspiracy to

9    restrain trade?

10                   THE DEFENDANT:  Yes, your Honor.

11                   THE COURT:  So you know that the Court may

12   consider statutorily a maximum of $100 million as a fine

13   or twice the gross pecuniary gain the conspirators derive

14   from the crime, or twice the gross pecuniary loss caused

15   to the victims of the crime by the conspiracy.  You

16   understand those are the maximum penalties involved?

17                   THE DEFENDANT:  Yes, your Honor.

18                   THE COURT:  And you signed this document

19   entitled "waiver of indictment"?

20                   THE DEFENDANT:  Yes, your Honor.

21                   THE COURT:  And you understand that permits

22   the Court to proceed to consider a plea based upon the

23   information which is a document written by the government

24   without the participation of a grand jury?

25                   THE DEFENDANT:  I understand, your Honor.

                    *12-20063; USA v. DENSO CORPORATION*

1           **THE COURT:**  And you understand in that

2    connection that the company has a right to require

3    consideration of potential charges in this case by a grand

4    jury?

5           **THE DEFENDANT:**  Yes, your Honor.

6           **THE COURT:**  And you know that a grand jury is

7    made up of 26 or more citizens from the community who

8    would hear evidence presented by the government if the

9    grand jury were involved in this case?

10          **THE DEFENDANT:**  Yes, your Honor.

11          **THE COURT:**  And at least 23 of those folks

12   would have to vote to charge in an indictment the

13   corporation with some conduct before the charges could

14   proceed?

15          **THE DEFENDANT:**  Yes.

16          **THE COURT:**  By waiving your right to

17   indictment, you're essentially waiving the right to have

18   this matter reviewed and considered by a grand jury, and

19   the possibility that the grand jury would refuse to return

20   an indictment, you understand that?

21          **THE DEFENDANT:**  Understood, your Honor.

22          **THE COURT:**  And you're making that waiver

23   voluntarily?

24          **THE DEFENDANT:**  Yes, your Honor.

25          **THE COURT:**  You also signed this Rule 11 plea

*12-20063; USA v. DENSO CORPORATION*

1    agreement, is that right?

2              THE DEFENDANT:  Yes, your Honor.

3              THE COURT:  And you've gone over this

4    document with your counsel carefully?

5              THE DEFENDANT:  I have, your Honor.

6              THE COURT:  Again, you understand that the

7    plea agreement contemplates a plea of guilty to the charge

8    of conspiracy to restrain trade?

9              THE DEFENDANT:  Yes, your Honor.

10             THE COURT:  And again, you understand the

11   maximum penalty as I've described it already this morning?

12             THE DEFENDANT:  Yes, your Honor.

13             THE COURT:  And as a part of this agreement

14   if the Court accepts it, the corporation can anticipate a

15   sentence which would include a fine of -- I saw it here

16   earlier --

17             MS. HELLINGS:  Seventy-eight million.

18             THE COURT:  -- $78 million, you understand

19   that?

20             THE DEFENDANT:  Yes, your Honor.

21             THE COURT:  And as a part of this agreement,

22   the government would -- has promised not to bring other

23   criminal charges against the corporation for anything

24   occurring up to the date of the plea in this case today,

25   today's date or sentencing?

                 *12-20063; USA v. DENSO CORPORATION*

1          **MS. HELLINGS:**  Today's date is fine.

2          **THE COURT:**  All right.  You understand that,

3    sir?

4          **THE DEFENDANT:**  Yes, your Honor.

5          **THE COURT:**  That promise however, would not

6    insulate or protect the corporation from potential civil

7    penalties that may be imposed, you understand that?

8          **THE DEFENDANT:**  Yes, your Honor.

9          **THE COURT:**  And it would not protect the

10   corporation from civil lawsuits by other aggrieved

11   parties, you understand that?

12         **THE DEFENDANT:**  Yes, your Honor.

13         **THE COURT:**  And it would not protect the

14   corporation from potential tax liability for the

15   misconduct?

16         **THE DEFENDANT:**  Yes, your Honor.

17         **THE COURT:**  You understand the sentence

18   imposed would not include a term of probation or

19   supervision in this matter?

20         **THE DEFENDANT:**  Yes, your Honor.

21         **THE COURT:**  And there would be no restitution

22   ordered with this agreement if accepted by the Court.  The

23   question of restitution would apparently be left to the

24   civil cases to determine, you understand that?

25         **THE DEFENDANT:**  We understand, your Honor.

*12-20063; USA v. DENSO CORPORATION*

1          **THE COURT:**  Okay.  Have there been any

2     promises made to the corporation that are not contained in

3     this Rule 11 agreement causing the corporation to plea

4     guilty today?

5               **MR. CHERRY:**  No, your Honor.

6               **THE COURT:**  Has this plea of guilty been

7     motivated by pressure, duress or mistreatment of any kind?

8               **THE DEFENDANT:**  No.

9               **THE COURT:**  You believe the corporation is

10    pleading guilty freely and voluntarily because it is

11    guilty of the offense?

12              **THE DEFENDANT:**  Yes, your Honor.

13              **THE COURT:**  You understand that if the Court

14    accepts the plea of guilty and proceeds to sentence in

15    this case, that the corporation is giving up a number of

16    important legal rights that it otherwise had in the case?

17              **THE DEFENDANT:**  Yes, your Honor.

18              **THE COURT:**  And those rights most

19    significantly include the right to appeal the conviction

20    and the sentence imposed by the Court as long as the

21    sentence is in accord with the agreement reached here?

22              **THE DEFENDANT:**  Understood, your Honor.

23              **THE COURT:**  Okay.  In addition, it includes

24    the right to have a trial instead of pleading guilty, you

25    understand that?

*12-20063; USA v. DENSO CORPORATION*

1           **THE DEFENDANT:**  We understand.

2           **THE COURT:**  In that connection there are a

3    number of rights that I need to review with you.

4           You understand, and the corporation does, it has

5    the right to be represented by an attorney throughout the

6    case including the trial, sentence and appeal of the

7    matter?

8           **THE DEFENDANT:**  Yes, your Honor.

9           **THE COURT:**  You understand that as we

10   discussed it, it has the right to be charged by an

11   indictment rather than by information?

12          **THE DEFENDANT:**  Yes, your Honor.

13          **THE COURT:**  And that as a corporation

14   organized and existing under the laws of Japan, it had the

15   right to decline to accept service of the summons, and to

16   contest the jurisdiction of the United States to prosecute

17   the case against it in this court?

18          **THE DEFENDANT:**  Yes, your Honor.

19          **THE COURT:**  You understand that it had the

20   right to plead not guilty to these criminal charges?

21          **THE DEFENDANT:**  Yes, your Honor.

22          **THE COURT:**  And to have a trial where it

23   would be presumed not guilty of the charges unless and

24   until the United States proved -- would prove each

25   essential element of the charged offenses beyond a

*12-20063; USA v. DENSO CORPORATION*

1      reasonable doubt?

2                    THE DEFENDANT:  Yes, your Honor.

3                    THE COURT:  And in this connection, of

4      course, it had the right to have this matter considered by

5      a jury to make the decision as to its guilt or innocence

6      in the case?

7                    THE DEFENDANT:  Yes, your Honor.

8                    THE COURT:  And assuming a jury trial, any

9      jury verdict would have to be unanimous, that is, each and

10     every juror among the 12 jurors hearing the case would

11     have to agree before a verdict could be returned?

12                   THE DEFENDANT:  We understand, your Honor.

13                   THE COURT:  Under some circumstances the

14     corporation could waive its right to a jury trial and have

15     the Court alone make a decision?

16                   THE DEFENDANT:  Yes, your Honor.

17                   THE COURT:  You understand that the attorney

18     for the corporation would have the opportunity to cross

19     examine all of the witnesses called by the government to

20     testify against it?

21                   THE DEFENDANT:  Yes, your Honor.

22                   THE COURT:  And again, if found guilty, the

23     corporation would have the right to appeal the conviction?

24                   THE DEFENDANT:  Yes, your Honor.

25                   THE COURT:  And the sentence that the Court

                      *12-20063; USA v. DENSO CORPORATION*

16

1      may impose for the violation?

2                    THE DEFENDANT:  Yes, your Honor.

3                    THE COURT:  You understand again, by pleading

4      guilty, there won't be a trial.  So the corporation is

5      waiving or giving up all of the rights that we just

6      discussed?

7                    THE DEFENDANT:  Yes, your Honor.

8                    THE COURT:  In terms of the elements or parts

9      of the charge that the government is required to prove

10     beyond a reasonable doubt, you understand that the first

11     among those would require the government to demonstrate at

12     a trial that the -- there was a conspiracy or agreement

13     reached among individuals and or other companies to

14     restrain trade?

15                   THE DEFENDANT:  Yes, your Honor.

16                   THE COURT:  And that the trade involved

17     affected interstate or foreign commerce?

18                   THE DEFENDANT:  Yes, your Honor.

19                   THE COURT:  And that the -- your company,

20     Denso Corporation, voluntarily joined into this criminal

21     agreement or conspiracy to restrain trade in the manner

22     which is set forth in the information that you had a

23     chance to read?

24                   THE DEFENDANT:  Yes, your Honor.

25                   THE COURT:  You have to prove -- do you have

                    *12-20063; USA v. DENSO CORPORATION*

```
 1    to prove 5,000 employees or something as well?
 2                THE COURT:  No, that's part of the
 3    culpability, but we would have to show that the defendant
 4    knowingly entered into the agreement.
 5                THE COURT:  Okay.  So as a part of
 6    voluntarily and knowingly entering into this agreement,
 7    you understand Denso Corporation would have to be shown to
 8    understand the object or purpose of the criminal agreement
 9    reached?
10                THE DEFENDANT:  Yes, your Honor.
11                THE COURT:  All right.  Well, understanding
12    then the likely consequences of this plea of guilty and
13    understanding the rights that the corporation is giving up
14    in order to do so, is it still your wish to tender this
15    plea of guilty on behalf of the defendant?
16                THE DEFENDANT:  Yes, your Honor.
17                THE COURT:  How then does Denso Corporation
18    wish to plea, guilty or not guilty?
19                THE DEFENDANT:  Guilty.
20                THE COURT:  And would you like to describe
21    what you believe the corporation did in order to be found
22    guilty of this charge?
23                THE DEFENDANT:  Yes, your Honor.  In
24    anticipation of your question, I prepared some notes which
25    I will be referring to.
```

*12-20063; USA v. DENSO CORPORATION*

1            **THE COURT:**  Okay.

2            **THE DEFENDANT:**  Denso Corporation is a

3     Japanese company with its headquarters in the city of

4     Kariya, Japan.  It employs more than 5,000 people.

5            Denso International America, Inc. or DIAM, is a

6     U.S. subsidiary of Denso Corporation. I will refer to them

7     collectively as Denso.

8            As to the first count, Denso manufacturers, among

9     other things, electronic control units or ECU's, including

10    one type commonly referred as a body ECU.

11           During the period listed in the information,

12    approximately January 2000 to February 2010, certain

13    managers and employees of Denso had discussions and

14    meetings with competitors that also manufactured and sold

15    body ECU's.

16           During these discussions and meetings, agreements

17    were reached to allocate the supply of body ECU's sold to

18    an automobile manufacturer, rig bids quoted to this

19    automobile manufacturer for these body ECU's, and to fix,

20    stabilize and maintain the prices of body ECU's sold to

21    this automobile manufacturer in the United States and

22    elsewhere.

23           Body ECU's sold by Denso and or the competitors,

24    related equipment and supplies and payments for the body

25    ECU's traveled interstate and or foreign commerce, and

*12-20063; USA v. DENSO CORPORATION*

1    substantially affected interstate and or foreign trade and
2    commerce.
3        The meetings and discussions with competitors took
4    place in the United States and elsewhere, and body ECU's
5    that were the subject of the conspiracy were sold to the
6    automobile manufacturer by Denso Corporation's U.S.
7    subsidiary, which is located in the Eastern District of
8    Michigan.
9        During the relevant period for purposes of this
10   plea agreement, Denso had approximately $237 million of
11   sales of body ECU's to this automobile manufacturer.
12       As to the second count, Denso also manufactured
13   heater control panels during the period listed in this
14   information, approximately January 2000 to February 2010.
15       Certain managers and employees of Denso had
16   discussions and meetings with competitors that also
17   manufactured and sold heater control panels.
18       During these discussion and meetings, agreements
19   were reached to allocate the supply of heater control
20   panels sold to an automobile manufacturer to rig bids
21   quoted to this automobile manufacturer for heater control
22   panels, and to fix, stabilize and maintain the prices of
23   heater control panels sold to this automobile manufacturer
24   in the United States and elsewhere.
25       Heater control panels sold by Denso and or the

*12-20063; USA v. DENSO CORPORATION*

competitors, related equipment and supplies and payments

for the heater control panels traveled interstate and or

foreign commerce, and substantially affected interstate

and or foreign trade and commerce.

The meetings and discussions with competitors took

place in the United States and elsewhere, and heater

control panels that were the subject of the conspiracy

were sold to the automobile manufacturer by Denso

Corporation's U.S. subsidiary, which is located in the

Eastern District of Michigan.

During the relevant period for purposes of this

plea agreement, Denso had approximately $211 million of

sales of heater control panels to this automobile

manufacturer.

**THE COURT:** All right. Is counsel satisfied

with the factual basis advanced here?

**MS. HELLINGS:** Yes, your Honor.

**MR. CHERRY:** Yes, your Honor.

**THE COURT:** And are counsel also satisfied

with the balance of the plea and its -- that it conforms

with the applicable court rules?

**MS. HELLINGS:** Yes, your Honor.

**MR. CHERRY:** Yes, your Honor.

**THE COURT:** The Court is also satisfied that

the plea is voluntary, knowledgeable and accurate. The

*12-20063; USA v. DENSO CORPORATION*

1   elements of the charge have been established by the

2   testimony received.

3           The Court will accept the plea of guilty, and

4   having reviewed the plea agreement as well as the

5   sentencing memorandum that the Court has received, I'm

6   satisfied that the plea agreement itself may be received

7   at this point as well.

8           Accordingly, we will proceed to the sentencing

9   phase, inasmuch as I understand both counsel is requesting

10  that the Court waive the preparation of a Pre-Sentence

11  Reports; both counsel being satisfied that the memorandum,

12  background information provided would allow the Court to

13  meaningfully entertain and apply the factors that must be

14  considered by the Court in determining an appropriate

15  sentence in the matter.

16          Is that also accurate?

17              **MR. CHERRY:**  Yes, it is, your Honor.

18              **MS. HELLINGS:**  Yes, your Honor.

19              **THE COURT:**  What on behalf of the defendant

20  would you like the Court to consider in determining a

21  sentence, sir?

22              **MR. CHERRY:**  Your Honor, Denso sincerely

23  regrets its conduct which led to these proceedings, but it

24  is committed to making things right.  It's committed to

25  the terms of the plea, which provide for a significant

*12-20063; USA v. DENSO CORPORATION*

1    sentence, a fine of $78 million.  Seven of our individuals

2    remain subject to potential criminal prosecution.

3        We also note that Denso's immediate cooperation,

4    the substantial nature of its cooperation, the burdens it

5    imposed on the company, we are committed to full and

6    continuing corporation throughout the government's

7    investigation and any prosecution.  We understand the

8    cooperation has been very beneficial to the government.

9        We also note the company request that there be no

10    term of probation.  The company is again committed to full

11    cooperation.  It has to do that and intends to do that.

12        We've also instituted an enhanced compliance

13    procedures, enhanced training, policies.  The company has

14    implemented at the highest level a compliance committee

15    chaired by the executive vice president of global

16    operations, which is responsible for insuring compliance

17    with the law.

18            **THE COURT:**  Okay.  Thank you very much.

19        Ms. Hellings, on behalf of the government?

20            **MS. HELLINGS:**  We would rest on our

21    sentencing memorandum, Exhibit A, to the plea agreement.

22    Do you any questions or if you would like to discuss it

23    with us any further, we can meet with you in camera to do

24    so, but otherwise I would rest on the papers.

25            **THE COURT:**  Okay.  Thank you.

*12-20063; USA v. DENSO CORPORATION*

23

```
 1              On behalf of the corporation, are there any
 2    additional comments from your representative, Mr. Zarowny?
 3              THE DEFENDANT:  Your Honor, Denso deeply
 4    regrets this conduct.  We apologize and take full
 5    responsibility for our conduct.
 6              Denso is a company that takes it corporate social
 7    responsibility seriously, and we are strongly committed
 8    taking all steps necessary to comply with the law.  That
 9    commitment includes our continued and complete cooperation
10    with the ongoing government investigation.
11              THE COURT:  All right.  Thank you, sir.
12              Well, the Court has had an opportunity to review
13    the sentencing memorandum submitted here, and has
14    considered the request for a sentence of a fine in the
15    amount of $78 million.  The method for calculating that
16    fine is set forth in the memorandum which will be a part
17    of public information in this file.
18              The guideline calculation is also set forth
19    which --
20              MS. HELLINGS:  Your Honor, it is worth noting
21    the sentence memorandum was filed under seal.  So it
22    wouldn't be publicly available.
23              THE COURT:  Okay.  I thought it was only
24    Exhibit A.
25              MS. HELLINGS:  No, your Honor.
```

*12-20063; USA v. DENSO CORPORATION*

1          **THE COURT:** Okay. Well, the Court is

2   persuaded by the documents submitted that the -- that the

3   controlling guideline is found at Section 2R1.1(d)(1), and

4   based upon the volume of commerce assessed, the base fine

5   is 20 percent of that volume, which would translate to

6   something just under $90 million, 89.6 million.

7          In terms of the culpability score that is

8   determined, the base score is five. There is an upward

9   addition of five points for the fact that Denso employs

10  more than 5,000 employees, and the -- and there is an

11  enhancement of three levels for the fact that there was

12  behavior on behalf of the corporation to obstruct or

13  impede justice, including the destruction of some

14  documents, as well as a downward adjustment of two points

15  for self-reporting the violations by the defendant

16  ultimately, resulting in a total culpability score of 11.

17         The fine range then which flows from this basic

18  calculation yields a range of 197.1 to 394.2 million

19  dollars to be considered, along with the other factors

20  under the sentencing statute in determining an appropriate

21  sentence in this case.

22         Here, the government's request for fine includes

23  consideration of substantial assistance provided by the

24  defendant to its investigation of price fixing in

25  connection with both the electronic control units as well

*12-20063; USA v. DENSO CORPORATION*

```
 1     as heater control panels in this industry, and

 2     cooperation --

 3              MS. HELLINGS:  Your Honor, if I may, some of

 4     this needs to stay under seal.

 5              THE COURT:  Yes, and the full extent of that

 6     cooperation is the subject of information which has been

 7     filed under seal with the Court, which the Court has

 8     reviewed, and based upon that and the level of departure,

 9     then believed commensurate with the assistance as

10     described in more detail in the memorandum, the ultimate

11     request for a fine of $78 million, the Court finds to be

12     commensurate with the objectives of the sentencing statute

13     at Section 3553(a), which would include a consideration of

14     the general seriousness of the violation, obviously one of

15     great consequence to the markets and the ultimate

16     consumers of parts, and the need for a sentence that would

17     fairly deter future contact -- or conduct by Denso

18     Corporation and other actors in the auto supply industry

19     from similar violations in the future.

20              Given the fact that several individuals remain

21     exposed to possible criminal consequences for this

22     occurrence, that there are a multiplicity of civil actions

23     that are pending which will undoubtedly exact additional

24     damages for the offense, the Court is persuaded that

25     limiting the criminal consequences to a $78 million fine
```

*12-20063; USA v. DENSO CORPORATION*

1    fairly accounts for the conduct, its seriousness and need

2    to deter this corporation and others from similar conducts

3    in the future.

4         Accordingly, and pursuant to the Sentencing Reform

5    Act of 1984, the Court will order that the defendant pay a

6    fine for the violation in the amount of $78 million, will

7    order a special assessment in the amount of $400 for the

8    violation in addition.

9         MS. HELLINGS:  For each of the counts, and

10   there are two counts.

11        THE COURT:  For each of the two counts for

12   total of $800, and will not otherwise order a term of

13   probation, and in terms of the payment of this fine --

14        MS. HELLINGS:  I understand the defendant

15   wants to pay by wire transfer.  If you could make that

16   part of the judgment, that would be helpful.

17        THE COURT:  Okay.  So that will be paid

18   forthwith by wire transfer or within --

19        MS. HELLINGS:  Within 15 days.

20        MR. CHERRY:  Within 15 days, your Honor.

21        THE COURT:  We will include that as a part of

22   the judgment.

23        Is there anything else that you believe should be

24   included as part of this judgment?

25        MR. CHERRY:  Your Honor, I think just the

*12-20063; USA v. DENSO CORPORATION*

1   fact that the waiver of restitution because of the civil.

2           THE COURT:  Okay.  Given again the civil

3   actions that are pending in court, the Court will not be

4   ordering restitution or other costs that might otherwise

5   might be imposed under the statute.

6           Is there a need for the Court to retain

7   jurisdiction to enforce the terms of the plea agreement?

8           MS. HELLINGS:  I don't think so, your Honor.

9           THE COURT:  Okay.  All right.  You're in

10  agreement of that, counsel?

11          MR. CHERRY:  We are, your Honor.

12          THE COURT:  All right.  So that will be the

13  extent of the judgment that is to be entered by the Court.

14          I won't be advising the defendant of a right to

15  appeal the conviction and sentence inasmuch as that has

16  been waived by the plea agreement, but we will get this

17  judgment entered today.

18          MS. HELLINGS:  Thank you, your Honor.

19          MR. CHERRY:  Thank you, your Honor.

20          THE WITNESS:  Thank you, your Honor.

21

22                      -    -    -

23

24          (Proceedings concluded.)

25


                    *12-20063; USA v. DENSO CORPORATION*

```
 1                    C E R T I F I C A T I O N
 2              I, Ronald A. DiBartolomeo, official court
 3      reporter for the United States District Court, Eastern
 4      District of Michigan, Southern Division, appointed
 5      pursuant to the provisions of Title 28, United States
 6      Code, Section 753, do hereby certify that the foregoing is
 7      a correct transcript of the proceedings in the
 8      above-entitled cause on the date hereinbefore set forth.
 9              I do further certify that the foregoing
10      transcript has been prepared by me or under my direction.
11
12      _____              _____
        Ronald A. DiBartolomeo, CSR                     Date
13      Official Court Reporter
14                               -   -   -
15
16
17
18
19
20
21
22
23
24
25
```

*12-20063; USA v. DENSO CORPORATION*