# EXHIBIT P

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


**UNITED STATES OF AMERICA,**

              Government,

                                    **HONORABLE GEORGE CARAM STEEH**

   v.

                                    **No. 12-20254**

**FUJIKURA, LTD,**

              Defendant.
_____/

**GUILTY PLEA AND SENTENCE**

**Thursday, June 21, 2012**

-   -   -

APPEARANCES:

For the Government:             MATTHEW LUNDER, ESQ.
                               U.S. Department of Justice


For the Defendant:              JAMES COOPER, ESQ.

-   -   -


*To Obtain Certified Transcript, Contact:*
*Ronald A. DiBartolomeo, Official Court Reporter*
*Theodore Levin United States Courthouse*
*231 West Lafayette Boulevard, Room 238*
*Detroit, Michigan  48226*
*(313) 962-1234*

*Proceedings recorded by mechanical stenography.*
*Transcript produced by computer-aided transcription.*

1                           **I   N   D   E   X**

2 _____ Page

3   Guilty plea and sentence                                    4

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1                               **E  X  H  B  I  T  S**

2      Identification                              Offered      Received

3

4                       N      O      N      E

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1          Detroit, Michigan

2          Thursday, June 21, 2012

3

4                    -    -    -

5          **THE CLERK:**  Case Number 12-2O254, United

6     States of America versus Fujikura, Limited.

7               **MR. LUNDER:**  Good morning, your Honor.

8               **THE COURT:**  Good morning.

9               **MR. COOPER:**  Good morning, your Honor.  My

10    name is James Cooper.  I'm with Arnold and Porter in

11    Washington, D.C. I'm counsel to Fujikura, Limited.

12          With me in the courtroom is Mr. Takashi Kunimoto,

13    who is the corporate representative and a member of the

14    board.  Also with me is Kaoru Hattori, who is local

15    counsel to the company in Tokyo, Japan.  She had come for

16    this hearing, and for purposes of the discussion and the

17    Rule 11 colloquy and allocution, I would request that Ms.

18    Hattori stand next to Mr. Kunimoto.  His English is

19    strong, but there may be occasions when he will want to

20    have input from her, if that is acceptable?

21               **THE COURT:**  That will be fine.  If you like

22    to both step up then.

23               **MR. COOPER:**  Also here is Bill Sankbeil from

24    the Kerr and Russell firm in Detroit, and in addition the

25    company's chief legal officer Norikazu Sato, who has come

*12-20254; USA v. FUJIKURA, LTD*

1    from Tokyo, as well as counsel to the chairman of the U.S.

2    subsidiary of America Fujikura Limited, Makoto Itahashi,

3    who is in the courtroom in the gallery, along with my

4    colleague Daniel Garten.

5              **THE COURT:**  Okay.  That is quite a crowd.

6    Welcome to all.

7         And Mr. Lunder, you are here from the government?

8              **MR. LUNDER:**  Yes.

9              **THE COURT:**  Okay.  Again, the Court has been

10   presented in this case with a proposed Rule 11 plea

11   agreement, the waiver of indictment and acknowledgement of

12   information, and I gather from these documents, again is

13   it two counts in this case as well?

14              **MR. LUNDER:**  One count information.

15              **THE COURT:**  All right.  Thanks.  I understand

16   then that your client, Mr. Cooper, is pleading guilty to

17   that one count, is that right?

18              **MR. COOPER:**  That is correct, your Honor.

19              **THE COURT:**  We'll have you sworn.  Raise your

20   right hand, please.

21

22         (Defendant sworn in by deputy clerk.)

23

24              **THE COURT:**  Okay.  Would you state your name

25   for us and spell your last name?

*12-20254; USA v. FUJIKURA, LTD*

1          **THE DEFENDANT:**  My name is Takashi Kunimoto.

2          **THE COURT:**  Perhaps you should spell it all.

3          **MR. COOPER:**  T-a-k-a-s-h-i K-u-n-i-m-o-t-o.

4          **THE COURT:**  Thank you.

5     You are here appearing as the corporate

6  representative for the defendant Fujikura limited, is that

7  right?

8          **THE DEFENDANT:**  Yes, your Honor.

9          **THE COURT:**  You have been duly authorized by

10  a resolution of the corporate board?

11          **THE DEFENDANT:**  Yes, your Honor.

12          **THE COURT:**  And in that capacity -- what is

13  your employment capacity in relation to the corporation?

14          **THE DEFENDANT:**  Senior vice-president and

15  member of the board of Fujikura Limited.

16          **THE COURT:**  In your capacity, you've had the

17  opportunity to review the documents that you have signed

18  on behalf of the corporation?

19          **THE DEFENDANT:**  Yes, your Honor.

20          **THE COURT:**  And that includes an

21  acknowledgement of the information in this case, as well

22  as a waiver of indictment, is that right?

23          **THE DEFENDANT:**  Yes, your Honor.

24          **THE COURT:**  You understand by approving those

25  documents and proceeding today, you are waiving your right

*12-20254; USA v. FUJIKURA, LTD*

1   to have a grand jury consider the charges against the

2   corporation?

3                   **THE DEFENDANT:**  Yes, your Honor.

4                   **THE COURT:**  That the corporation has an

5   absolute right to have the matter first submitted to a

6   grand jury for determination of the appropriate charges to

7   be brought, you understand that?

8                   **THE DEFENDANT:**  Yes, your Honor.

9                   **THE COURT:**  And only after 16 of 23 citizens

10  summoned to serve as a grand jury approve charges, it's

11  only after that that the corporation would have to take

12  its defense?

13                  **THE DEFENDANT:**  Yes, your Honor.

14                  **THE COURT:**  And so by waiving the right to

15  have the matter considered by the grand jury, the

16  corporation is giving up the chance that the grand jury

17  would decide no charges at all are appropriate against the

18  corporation, you understand that?

19                  **THE DEFENDANT:**  Yes, your Honor.

20                  **THE COURT:**  You also have signed this Rule 11

21  plea agreement, is that right?

22                  **THE DEFENDANT:**  Yes, your Honor.

23                  **THE COURT:**  And you have gone over that

24  document also with Mr. Cooper?

25                  **THE DEFENDANT:**  Yes, your Honor.

*12-20254; USA v. FUJIKURA, LTD*

1          **THE COURT:** You believe that you understand

2     all of its terms?

3          **THE DEFENDANT:** Yes, your Honor.

4          **THE COURT:** And you're satisfied with the

5     advice and assistance that he has provided you?

6          **THE DEFENDANT:** Yes, your Honor.

7          **THE COURT:** You understand that the

8     corporation, of course, is waiving a number of important

9     legal rights if it proceeds to plea guilty to these

10    charges today as set forth in the information?

11         **THE DEFENDANT:** Yes, your Honor.

12         **THE COURT:** And you understand that the

13    maximum penalty provided by statute for this violation is

14    a fine -- a criminal fine of the greatest sum of either

15    100 million, or twice the gross pecuniary gain that was

16    derived from the crime alleged, or the twice the gross

17    pecuniary loss caused to the victims of the crime by the

18    criminal conspiracy alleged here, you understand that?

19         **THE DEFENDANT:** Yes, your Honor.

20         **THE COURT:** You also understand that the

21    Court for the violation would have the statutory option to

22    impose a term of probation from one to five years in

23    length?

24         **THE DEFENDANT:** Yes, your Honor.

25         **THE COURT:** And in addition could consider

*12-20254; USA v. FUJIKURA, LTD*

1    and order restitution to the victims of the offense?

2                THE DEFENDANT:  Yes, your Honor.

3                THE COURT:  Lastly, you understand by statute

4    the Court would order a special assessment of -- this

5    says $400.  Is that accurate?

6                MR. LUNDER:  Correct, your Honor.

7                MR. COOPER:  Correct, your Honor.

8                THE COURT:  For the conviction?

9                THE DEFENDANT:  Yes.

10               THE COURT:  I think we let the previous

11   defendant off with a $400 special assessment, and there

12   were two counts.  It probably should have been eight,

13   right?

14               MR. LUNDER:  Yes.

15               THE COURT:  So you understand if that the

16   Court accepts this Rule 11 plea agreement, the penalties

17   to be imposed would include a $20 million fine payable in

18   full within 15 days of the date that the judgment of

19   conviction enters, you understand that?

20               THE DEFENDANT:  Yes, your Honor.

21               THE COURT:  Okay.  And in addition, the Court

22   would be ordering the $400 special assessment required by

23   statute?

24               THE DEFENDANT:  Yes, your Honor.

25               THE COURT:  And the Court would order no term

                    *12-20254; USA v. FUJIKURA, LTD*

1    of probation, and no restitution in light of the

2    availability of civil causes of action, many of which have

3    already been undertaken?

4            **THE DEFENDANT:**  Yes, your Honor.

5            **THE COURT:**  Okay.  The corporation by

6    pleading guilty, of course, gives up a number of important

7    legal rights, including the right to have a trial in this

8    case, you understand that?

9            **THE DEFENDANT:**  Yes, your Honor.

10           **THE COURT:**  And at that trial, the

11   corporation has a right to be represented by an attorney,

12   you understand?

13           **THE DEFENDANT:**  Yes, your Honor.

14           **THE COURT:**  Do you also understand that the

15   corporation would be giving up its right to contest the

16   jurisdiction of the United States to prosecute the case?

17           **THE DEFENDANT:**  Yes, your Honor.

18           **THE COURT:**  And to have its trial before a

19   jury of 12 citizens who would make the ultimate decision

20   on the outcome of the case?

21           **THE DEFENDANT:**  Yes, your Honor.

22           **THE COURT:**  You understand under some

23   circumstances, the company could waive its right to a jury

24   trial and have the Court alone make the decision?

25           **THE DEFENDANT:**  Yes, your Honor.

*12-20254; USA v. FUJIKURA, LTD*

1              THE COURT:  Assuming a jury trial, you

2    understand that the jury's decision would be -- before it

3    could be accepted, it would have to be unanimous, that is,

4    all 12 would have to agree that the corporation is guilty

5    beyond a reasonable doubt before a verdict could be

6    accepted?

7              THE DEFENDANT:  Yes, your Honor.

8              THE COURT:  And you understand at the trial,

9    the corporation would be presumed to be innocent until

10   each element of the offense is proven beyond a reasonable

11   doubt to the jury's satisfaction, you understand that?

12             THE DEFENDANT:  Yes, your Honor.

13             THE COURT:  You understand at a trial, Mr.

14   Cooper would help you throughout the case, and he would

15   have the opportunity to cross examine all the witnesses

16   called to testify against the corporation?

17             THE DEFENDANT:  Yes, your Honor.

18             THE COURT:  And in addition, it could have

19   the Court order witnesses into court to testify for the

20   corporation if you wish?

21             THE DEFENDANT:  Yes, your Honor.

22             THE COURT:  You understand that if the

23   corporation were convicted at the trial, it would have a

24   right to appeal that conviction and the sentence imposed

25   by the Court, and by entering into this agreement, the

*12-20254; USA v. FUJIKURA, LTD*

1    corporation will be waiving those rights as well?

2                    **THE DEFENDANT:**  Yes, your Honor.

3                    **THE COURT:**  Have there been any promises made

4    to the corporation causing it to plea guilty today that

5    are not set forth in this Rule 11 agreement?

6                    **THE DEFENDANT:**  No, your Honor.

7                    **THE COURT:**  Has anyone tried to force this

8    plea of guilty by any pressure, duress or mistreatment of

9    any kind?

10                   **THE DEFENDANT:**  No, your Honor.

11                   **THE COURT:**  Do you believe the corporation

12   has made its decision to plea guilty to the offense

13   voluntarily and because it believes it is guilty of the

14   charges brought?

15                   **THE DEFENDANT:**  Yes, your Honor.

16                   **THE COURT:**  Now understanding then the

17   consequences of the conviction to enter here, and

18   understanding the rights that the corporation will be

19   giving up in order to do so, is it still your wish to

20   tender a plea of guilty to these charges?

21                   **THE DEFENDANT:**  Yes, your Honor.

22                   **THE COURT:**  One last point about the rights

23   the corporation is giving up, I mentioned that the

24   government must prove each element of the charge beyond a

25   reasonable doubt before a conviction can occur in the

*12-20254; USA v. FUJIKURA, LTD*

1    case, you understand that?

2              THE DEFENDANT:  Yes, your Honor.

3              THE COURT:  And in this connection the

4    government first would have to prove that there was,

5    indeed, a criminal agreement, a conspiracy involving at

6    least two or more individuals or entities?

7              THE DEFENDANT:  Yes.

8              THE COURT:  For the purpose of which was to

9    restrain trade, you understand that?

10             THE DEFENDANT:  Yes.

11             THE COURT:  And secondly, the government

12   would have to prove that your company, Fujikura,

13   voluntarily entered into that agreement knowing its

14   purposes.  You understand that element?

15             THE DEFENDANT:  Yes, your Honor.

16             THE COURT:  And by -- and that the agreement

17   affected interstate or foreign commerce as a consequence,

18   you understand that?

19             THE DEFENDANT:  Yes, your Honor.

20             THE COURT:  By pleading guilty, of course,

21   you won't have a trial.  So you're waiving all the trial

22   rights that we discussed earlier?

23             THE DEFENDANT:  Yes, your Honor.

24             THE COURT:  Now understanding the

25   consequences and the rights that the corporation is giving

                    *12-20254; USA v. FUJIKURA, LTD*

1    up, how does Fujikura wish to plea to the charge of

2    conspiracy to restrain trade, guilty or not guilty?

3              **THE DEFENDANT:**  Guilty, your Honor.

4              **THE COURT:**  Okay.  All right.  Sir, can you

5    tell me what occurred, what was done by the corporation

6    that you believe renders it guilty in this case?

7              **MR. COOPER:**  Your Honor, if I might read a

8    prepared statement of the facts into the record, and then

9    the Court could inquire of Mr. Kunimoto whether he concurs

10   with the facts.

11             **THE COURT:**  That will be fine, Mr. Cooper.

12             **MR. COOPER:**  Thank you, your Honor.

13        Fujikura Limited is an entity organized and

14   existing under the laws of Japan with its principal place

15   of business in Tokyo, Japan.  Fujikura manufactures

16   automotive wire harnesses and related products, and it

17   engaged in the sale of automotive wire harnesses and

18   related products in the United States and elsewhere.

19        Automotive wire harnesses are automotive

20   electrical distribution systems used to direct and control

21   electronic components, wiring and circuit boards.

22        For the purposes of this plea agreement, related

23   parts include cable bonds, automotive wiring connectors,

24   automotive wiring terminals and fuse boxes.

25        During the period of the conspiracy, which is from

*12-20254; USA v. FUJIKURA, LTD*

1    approximately January 2006 to February 2010, certain

2    employees of the company engaged in discussions and

3    attended meetings with competitor companies involved in

4    the manufacture and sale of automotive wire harnesses and

5    related products.

6          During such meetings and conversations, agreements

7    were reached to A, allocate the supply of automotive wire

8    harnesses and related products sold to an automobile

9    manufacturer on a model by model basis; B, to rig bids

10   quoted to an automobile manufacturer for automotive wire

11   harnesses and related products, and C, to fix, stabilize

12   and to maintain the prices, including coordinating price

13   adjustments requested by an automobile manufacturer of

14   automotive wire harnesses and related products sold to an

15   automobile manufacturer in the United States, and that

16   manufacturer is Subaru of Indiana Automotive,

17   Incorporated.

18         During the relevant period, automotive wire

19   harnesses and related products sold by one or more of the

20   conspirator firms and equipment and supplies necessary to

21   the production and distribution of automotive wire

22   harnesses and related products, as well as payments for

23   automotive wire harnesses and related products, traveled

24   interstate and foreign commerce.

25         The business activities of the company, Fujikura

*12-20254; USA v. FUJIKURA, LTD*

1   Limited and its co-conspirators in connection with the

2   production and sale of automotive wire harnesses and

3   related products that were the subject of this conspiracy,

4   were within the flow of and substantially affected

5   intestate and foreign trade and commerce.

6       The meetings and conversations described above

7   took place in Japan, and automotive wire harnesses and

8   related products that were the subject of the conspiracy

9   were sold to an automobile manufacturer in the United

10  States, that is Subaru of Indiana Automotive by the

11  company's United States subsidiary, which is located

12  within the Eastern District of Michigan.

13      As an enterprise, Fujikura employed more than

14  5,000 individuals during the relevant time period.

15  Fujikura sales of automotive wire harnesses and related

16  products affecting an automobile manufacturer in the

17  United States totaled approximately $32 million during the

18  period of January 2006 to February 2010.

19      **THE COURT:**  All right.  Having heard the

20  statement of facts read by your attorney, did you first

21  understand everything that he described as the factual

22  basis for this determination of guilt?

23      **THE DEFENDANT:**  Yes, your Honor.

24      **THE COURT:**  And do you agree that it

25  accurately states the acts committed and the agreements

*12-20254; USA v. FUJIKURA, LTD*

1  made in violation of this statute?

2  **THE DEFENDANT:** Yes, your Honor.

3  **THE COURT:** Okay. Anything else that you

4  believe should be addressed in connection with the plea

5  portion of this hearing?

6  **MR. LUNDER:** No, your Honor.

7  **THE COURT:** Mr. Cooper?

8  **MR. COOPER:** Nothing more from me.

9  **THE COURT:** The Court is satisfied that the

10  plea is voluntary, knowledgeable and accurate. The

11  elements of the offense have been established by the

12  statement subscribed to by the witness, and the Court will

13  therefore accept the plea.

14  As it relates to the plea agreement, the Court has

15  had the opportunity to review Mr. Lunder's sentencing

16  memorandum and, of course, the formula there starts with

17  the -- with the volume of commerce affected, and I heard

18  from your factual recitation, Mr. Cooper, that the company

19  agrees to 32.5 million was the amount I think.

20  **MR. COOPER:** I did say 32, approximately

21  32 million.

22  **THE COURT:** Okay.

23  **MR. COOPER:** I don't know the precise number

24  off the top of my head.

25  **THE COURT:** I'm sorry. It was 32.2 actually

*12-20254; USA v. FUJIKURA, LTD*

1    in the memorandum.

2              **MR. COOPER:**  We believe that's accurate, your

3    Honor.

4              **THE COURT:**  Okay.  As it relates to the

5    calculation guideline range, you are satisfied with the

6    with the method employed to do that?

7              **MR. COOPER:**  Your Honor, we don't object to

8    the Court referring to the calculations conducted by the

9    government in determining the reasonableness of the

10   sentence.  If it were a contested hearing, we might

11   disagree on certain points, but we believe that in light

12   of all of the factors under Section 3553(a), the

13   seriousness, the substantial fine about to be imposed, and

14   the deterrent impact of that, as well as the company's

15   substantial assistance to the government in its

16   investigation and ongoing cooperation, as well as the

17   substantial penalty that the company has already paid for

18   related conduct in Japan, which is approximately

19   14 million U.S. dollars, we believe that the Court has

20   before it all the information in front of you.

21             **THE COURT:**  Okay.  And you would waive the

22   preparation of Pre-Sentence Investigation Report?

23             **MR. COOPER:**  We recommend that the Court

24   impose the $20 million fine without a Pre-Sentence

25   Investigation Report.

1          **THE COURT:**  Okay.  Mr. Lunder on behalf of

2     the government, you as well would ask the Court to act

3     consistent with your sentencing memorandum?

4          **MR. LUNDER:**  Yes, your Honor.

5          **THE COURT:**  On behalf of the corporation sir,

6     is there anything else that you would like to say before

7     the Court imposes sentence?

8          **THE DEFENDANT:**  Yes, your Honor.

9          On behalf of Fujikura Limited, let me state how

10    sincerely we regret the conduct that has led to this

11    proceeding today.

12         The company has taken this matter very seriously,

13    as reflected by the substantial punishment recommended in

14    the plea agreement.

15         In response to these investigations, top

16    management of Fujikura has instructed that all employees

17    to be made to understand that cartel activity is

18    prohibited.  In this regard, the company has implemented a

19    more vigorous compliance program.  This includes extensive

20    training of employees and more robust audit and oversight

21    of our sales functions.  The conduct that led to our

22    guilty plea occurred prior to this revamping of our

23    compliance effort.  We believe these compliance measures

24    are equipping us to avoid any repeat of this kind of

25    conduct that results today in the company's conviction in

*12-20254; USA v. FUJIKURA, LTD*

20

1    the United States.

2         We sincerely apologize to the Court and all

3    parties concerned for this violation of law, and we are

4    working diligently to remain a compliant company going

5    forward.

6         Thank you.

7         **THE COURT:**  Okay.  Thank you.

8         The Court is satisfied that the penalties agreed

9    upon between the parties and embodied in the sentencing

10   memorandum submitted by Mr. Lunder are fully appropriate

11   and are supported by an assessment of both the sentencing

12   guidelines that are discussed in the memorandum, as well

13   as the factors enumerated in Section 3553(a) by agreeing

14   to a fine of $20 million.

15        The company is certainly going to be held

16   accountable fully for its culpable conduct.  It will

17   certainly be deterred from future mistakes of this nature,

18   and the -- and the penalty will be assessed in a manner

19   that is consistent with the other parties who have been

20   found guilty of related conduct as a part of this

21   investigation and prosecution.

22        As it relates to the guideline range, the starting

23   point for the methodology determined to determine the fine

24   begins with the volume of commerce, which as indicated in

25   the agreed upon facts in the case and the Rule 11

*12-20254; USA v. FUJIKURA, LTD*

1    agreement, represented approximately $32.2 million, and

2    the base fine resulting is 6.44 million as 20 percent of

3    the affected volume.

4         There are points to be added to the offense score

5    based on the number of employees, and then a reduction to

6    be had based upon the company's clearly demonstrated

7    recognition and acceptance of responsibility, and the

8    multiplier provided for in Section 8(c)2.6 of the

9    guidelines would have ultimately given a culpability score

10   of eight, yield a fine range of 10.3 to 20.6 million.

11        The parties have apparently agreed that an upward

12   adjustment from the bottom of that range to again fully

13   account for the seriousness of the offense, would yield a

14   fine amount of 22.2 million, and then the parties have

15   again agreed that the appropriate discount of that fine

16   range for the substantial assistance to the government

17   provided by the corporation would be 10 percent resulting

18   in the agreed upon fine of 20 million.

19        That again, the Court finds consistent with not

20   only the guideline calculation, but the sentencing

21   factors, the need to assess a substantial fine.

22   Obviously, it's accounted for in connection with the first

23   of those factors that deals with the seriousness of the

24   full facts and circumstances of the violation, and also

25   meets the objectives of the second of the statute factors

*12-20254; USA v. FUJIKURA, LTD*

1    of the deterrence.

2          The Court finds the level necessary to accomplish

3    that objective is mitigated somewhat by the measures

4    described here that have already been undertaken by the

5    corporation to avoid making those mistakes again, and the

6    corporate compliance enforcement apparently has been much

7    improved since this conduct came to light, and again, the

8    fine under the factors in the statute would avoid any

9    unwarranted disparity between the amount assessed here and

10   the amounts assessed in connection with the other

11   offenders.

12          Accordingly, and pursuant to the Sentencing

13   Reform-- yes?

14          **MR. LUNDER:**  I apologize for interrupting,

15   your Honor, but there is one point of clarification that I

16   think we should put on the record.

17          **THE COURT:**  Okay.

18          **MR. LUNDER:**  For accuracy sake, when you were

19   reciting the fine calculation, you mentioned that with

20   respect to the upward adjustment aspect of the

21   calculation, cooperation discount, that the defendant had

22   agreed.  I just want to point out this is the United

23   States' sentencing memorandum and calculation, to which

24   the defendant did not object.

25          **THE COURT:**  All right.  Okay.  Yes, I should

*12-20254; USA v. FUJIKURA, LTD*

1   have picked that nuance up from what Mr. Cooper said

2   earlier, but thank you for that clarification.

3            **MR. LUNDER:**  You're welcome.

4            **THE COURT:**  And the Court is satisfied,

5   especially in light of the absence of an objection that

6   the recommended sentence then is an appropriate one.

7            I will therefore accept the Rule 11 agreement

8   that's been entered into and impose the sentence

9   consistent with it.

10           So accordingly and pursuant to the Sentencing

11  Reform Act of 1984, the Court will order that the

12  defendant pay a fine in the amount of $20 million, within

13  15 days of the date this judgment of conviction is

14  entered, which will be today.  A $400 special assessment

15  is required by the statute.

16           The Court, for the reasons earlier stated, will

17  waive the imposition of a restitution order, and order of

18  probation, again for reasons that are well described in

19  this hearing.

20           Is there anything else that you believe the

21  sentence ought to include?

22           **MR. COOPER:**  No, your Honor.  We are

23  satisfied with the imposition of the sentence.  We would

24  request that the judgment reflect that there will be a

25  wire transfer of the funds.

*12-20254; USA v. FUJIKURA, LTD*

1       **THE COURT:**  Okay.  We will include that

2   language in the judgment as well.

3       All right.  Again, we will get this entered today

4   and wish you good luck, sir.

5       **MR. COOPER:**  Thank you.

6       **MR. LUNDER:**  Thank you, your Honor.

7

8       (Proceedings concluded.)

9       -    -    -

10      C E R T I F I C A T I O N

11      I, Ronald A. DiBartolomeo, official court

12  reporter for the United States District Court, Eastern

13  District of Michigan, Southern Division, appointed

14  pursuant to the provisions of Title 28, United States

15  Code, Section 753, do hereby certify that the foregoing is

16  a correct transcript of the proceedings in the

17  above-entitled cause on the date hereinbefore set forth.

18      I do further certify that the foregoing

19  transcript has been prepared by me or under my direction.

20

21  _____          _____
    Ronald A. DiBartolomeo, CSR                  Date
22  Official Court Reporter

23      -    -    -

24

25

*12-20254; USA v. FUJIKURA, LTD*