**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | |
|---|---|
| IN RE AUTOMOTIVE PARTS ANTITRUST LITIGATION | Master File No. 12-md-02311<br>Honorable Marianne O. Battani |
| In Re: Wire Harness Cases | Lead Case: W:12-cv-10000-MOB-MKM |
| THIS DOCUMENT RELATES TO:<br>All Cases | **Oral Argument Requested** |

**DEFENDANT FUJIKURA AMERICA, INC.'s MOTION TO DISMISS ALL ACTIONS**

Defendant Fujikura America, Inc. ("FAI"), by and through its counsel, hereby moves, pursuant to Federal Rule of Civil Procedure 12(b)(6), to dismiss all claims in the Direct Purchaser Consolidated Amended Class Action Complaint ("DP AC") (Doc. No. 86), the End-Payors Corrected Consolidated Amended Class Action Complaint ("EP AC") (Doc. No. 174), and the Automobile Dealers Consolidated Class Complaint ("AD AC") (Doc. No. 85) (collectively, "Complaints"). In support of the foregoing Motion, FAI states as follows:

1. FAI bases this Motion upon the accompanying memorandum of law in support, oral argument of counsel, and such other and further material as the Court may consider.

2. As required by E.D. Mich. Local Rule 7.1(a), counsel for FAI sought concurrence from counsel for the Direct Purchaser Plaintiffs on July 6, 2012, counsel for Auto Dealer Plaintiffs on July 9, 2012, and counsel for End-Payor Plaintiffs on July 6, 2012, via telephone conferences. During those calls, counsel for FAI explained the nature of this Motion and its legal basis and requested, but did not obtain, concurrence in the relief sought (i.e., dismissal of the Complaints).

Respectfully submitted,

Dated: July 13, 2012			KERR, RUSSELL AND WEBER, PLC

					By:	/s/William A. Sankbeil
						William A. Sankbeil (P19882)
						Joanne Geha Swanson (P33594)
						Matthew L. Powell (P69186)
						KERR, RUSSELL AND WEBER, PLC
						500 Woodward Avenue, Suite 2500
						Detroit, MI 48226
						(313) 961-0200
						(313) 961-0388 (facsimile)
						was@krwlaw.com
						jgs@krwlaw.com
						mlp@krwlaw.com

						James L. Cooper
						Sonia Kuester Pfaffenroth
						Laura Cofer Taylor
						ARNOLD & PORTER LLP
						555 Twelfth Street NW
						Washington, DC 20004
						(202) 942-5014
						(202) 942-5999 (facsimile)
						james.cooper@aporter.com
						sonia.pfaffenroth@aporter.com
						laura.taylor@aporter.com

						*Attorneys for Defendant Fujikura America, Inc.*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | |
|---|---|
| IN RE AUTOMOTIVE PARTS ANTITRUST LITIGATION | Master File No. 12-md-02311<br>Honorable Marianne O. Battani |
| In Re: Wire Harness Cases | Lead Case: W:12-cv-10000-MOB-MKM |
| THIS DOCUMENT RELATES TO:<br>All Cases | **Oral Argument Requested** |

**DEFENDANT FUJIKURA AMERICA, INC.'s MEMORANDUM IN SUPPORT OF MOTION TO DISMISS ALL ACTIONS**

## STATEMENT OF THE ISSUE PRESENTED

1.  Whether under *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), the Direct Purchaser Plaintiffs, Indirect Purchaser Plaintiffs, and End-Payor Plaintiffs (collectively, "Plaintiffs") have failed to allege sufficient facts to meet the minimum requirements for pleading an antitrust conspiracy as to Fujikura America, Inc.?

ii

# CONTROLLING OR MOST APPROPRIATE AUTHORITIES

**Cases**

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)

*Hinds Cnty. v. Wachovia Bank N.A.*, 790 F. Supp. 2d 106 (S.D.N.Y. 2011)

*In re Title Ins. Antitrust Cases*, 702 F. Supp. 2d 840 (N.D. Ohio 2010)

*In re Travel Agent Comm'n Antitrust Litig.*, MDL Docket No. 1561, No. 1:03 CV 30000, 2007 WL 3171675 (N.D. Ohio Oct. 29, 2007)

*Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430 (6th Cir. 2008)

**Rules**

Fed. R. Civ. P. 12(b)(6)

ii

Fujikura America, Inc. ("FAI") submits this supplemental memorandum in further support of its motions to dismiss the Complaints.[1]

In the three Complaints together, there are only four allegations that arguably touch on FAI and, of these, only two expressly mention FAI. Even considered across the three Complaints these allegations collectively fall far short of the Rule 12 requirements as set forth in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).

The allegations that might be read to touch on FAI are:

- FAI is a subsidiary of and wholly owned and/or controlled by Fujikura Ltd. ("F-Co") and manufactured, marketed, or sold wire harnesses (DP AC ¶ 33, AD AC ¶ 92, EP AC ¶ 87);

- "Fujikura" (by which Plaintiffs mean both FAI and F-Co) has a market share of 2.69%, the seventh largest market share for "Wire Harness Products" (DP AC ¶ 101 & Figure 1, AD AC ¶ 148);

- The "Fujikura Defendants have extensive experience in wiring production and are able to control associated input costs" (DP AC ¶ 105);

- "Fujikura" supplies wire harnesses to Volkswagen and Subaru, among others (AD AC ¶ 148).

The only allegation in the three Complaints directed specifically and solely at FAI is the first point above – that FAI is a subsidiary of, and wholly owned and/or controlled by, F-Co, and that it "manufactured, marketed, or sold Wire Harness Products."[2] *See* DP AC ¶ 33, AD AC ¶ 92, EP AC ¶ 87.

---

[1] FAI adopts and incorporates by reference the arguments advanced in Defendants' Collective Memorandum In Support of Defendants' Collective Motion to Dismiss the Direct Purchaser Actions ("Collective MTD Directs Brief") and Defendants' Collective Memorandum of Law in Support of Collective Motion to Dismiss the End-Payors' Consolidated Amended Complaint and the Automobile Dealers' Consolidated Amended Complaint ("Collective MTD Indirects Brief") (together, "Collective Briefs"), which it has joined.

[2] The Auto Dealer Plaintiffs allege that a company called "Fujikura, Inc." pleaded guilty to a limited conspiracy to fix the prices of wire harnesses. AD AC ¶¶ 10, 207-09. The Auto Dealer Plaintiffs appear to have intended to refer to F-Co with this allegation. *See* Plea Agreement,

Footnote continued on next page

The allegation that FAI was a market participant is plainly insufficient to state a claim. *See Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 436-37 (6th Cir. 2008) (affirming dismissal where plaintiffs did not specify "the role each [defendant] played in the alleged conspiracy" (citing *Twombly*, 550 U.S. at 565 n.10)); *Hinds Cnty. v. Wachovia Bank N.A.*, 620 F. Supp. 2d 499, 512 (S.D.N.Y. 2009) (allegations that class members purchased a product through a defendant were "insufficient to state a § 1 claim because those allegations merely aver that these Joint Defendants were involved in the sale of" the product); *In re Travel Agent Comm'n Antitrust Litig.*, MDL Docket No. 1561, No. 1:03 CV 30000, 2007 WL 3171675, at *4 (N.D. Ohio Oct. 29, 2007) [Ex. A] (dismissing complaint against defendant where there was no allegation of "specific action taken" by that defendant).

Nor does an allegation of a corporate relationship to another Defendant satisfy the Plaintiffs' pleading requirements.[3]  *See In re Title Ins. Antitrust Cases*, 702 F. Supp. 2d 840, 878 n.28 (N.D. Ohio 2010) (dismissing corporate parent with prejudice where plaintiffs failed to plead parent's involvement in conspiracy); *RSM Prod. Corp. v. Petroleos De Venezuela Societa Anonima (PDVSA)*, 338 F. Supp. 2d 1208, 1216 (D. Colo. 2004) (dismissing claim against subsidiary where plaintiff alleged only that subsidiary was "the wholly owned U.S. marketing arm of" another defendant); *Cupp v. Alberto-Culver USA, Inc.*, 310 F. Supp. 2d 963, 973-74

---

Footnote continued from previous page
*United States v. Fujikura Ltd.*, Criminal No. 12-20254 (E.D. Mich. June 21, 2012) [Ex. B] (plea agreement of F-Co); *see also* DP AC ¶ 137, EP AC ¶ 186 (alleging that F-Co pleaded guilty).

[3] Moreover, Plaintiffs have not alleged facts that would permit the Court to disregard the corporate separation of FAI and F-Co.  The naked and conclusory assertion that FAI was "wholly owned and/or controlled" by F-Co, *see* DP AC ¶ 33, AD AC ¶ 92, EP AC ¶ 87, does not meet the stringent standard for veil piercing under Michigan law.  *See Precision, Inc. v. Kenco/Williams, Inc.*, 66 Fed. Appx. 1, 4 (6th Cir. 2003) (Michigan courts will pierce the corporate veil where there is complete identity between the two entities and the use of the corporate form was improper); *cf. Carrier Corp. v. Outokumpu Oyj*, 673 F.3d 430, 445-46 (6th 2012) (noting importance of detailed factual allegations about extensive intermingling of defendant entities).

2

(W.D. Tenn. 2004) (dismissing certain defendants where "[p]laintiff appears to have mentioned the other Defendants only because of their corporate relationship").  For the remaining allegations against "Fujikura," Plaintiffs have simply lumped FAI together with F-Co, and still only manage to allege that FAI participates in the market for wire harnesses.

The only other possible allegations regarding FAI are those conclusory assertions about the actions of "Defendants" generally – lumping together all of at least two dozen Defendants as a single entity.  *See, e.g.*, DP AC ¶ 106, EP AC ¶ 163, AD AC ¶¶ 166-67 ("Defendants" attended industry events that provided opportunity to conspire); DP AC ¶¶ 108-14, EP AC ¶¶ 215, 233, AD AC ¶¶ 238, 257 ("Defendants" participated in unspecified conspiratorial meetings).  As noted in the Collective Briefs, such allegations are clearly insufficient as a matter of law.  *See* Collective MTD Directs Brief at Section III(C); Collective MTD Indirects Brief at Section I.

For these additional reasons, Plaintiffs have failed to state a claim against FAI, and each of the actions must be dismissed.

Dated: July 13, 2012                                               Respectfully submitted,

                                                                                  KERR, RUSSELL AND WEBER, PLC

                                                                                  By:    /s/William A. Sankbeil
                                                                                  William A. Sankbeil (P19882)
                                                                                  Joanne Geha Swanson (P33594)
                                                                                  Matthew L. Powell (P69186)
                                                                                  KERR, RUSSELL AND WEBER, PLC
                                                                                  500 Woodward Avenue, Suite 2500
                                                                                  Detroit, MI  48226
                                                                                  (313) 961-0200
                                                                                  (313) 961-0388 (facsimile)
                                                                                  was@krwlaw.com
                                                                                  jgs@krwlaw.com
                                                                                  mlp@krwlaw.com

3

57589003v8

4

James L. Cooper
Sonia Kuester Pfaffenroth
Laura Cofer Taylor
ARNOLD & PORTER LLP
555 Twelfth Street NW
Washington, DC 20004
(202) 942-5014
(202) 942-5999 (facsimile)
james.cooper@aporter.com
sonia.pfaffenroth@aporter.com
laura.taylor@aporter.com

*Attorneys for Defendant Fujikura America, Inc*.

57589003v8

## CERTIFICATE OF SERVICE

      I hereby certify that on July 13, 2012, I caused the foregoing Defendant Fujikura America, Inc.'s Motion to Dismiss All Actions to be served upon Direct Purchaser Interim Lead and Liaison Counsel, Automobile Dealer Interim Lead and Liaison Counsel, and End-Payor Interim Lead and Liaison Counsel by filing said document via ECF in accordance with Case Management Order No. 1.

Dated: July 13, 2012                    By: /s/William A. Sankbeil
                                                    William A. Sankbeil