# EXHIBIT D

**EXHIBIT D**
**APPENDIX OF AUTHORITY SUPPORTING ARGUMENT THAT PLAINTIFFS WHO PURCHASED OR LEASED A VEHICLE IN WHICH A WIRE HARNESS SYSTEM WAS A COMPONENT PART CANNOT DEMONSTRATE ANTITRUST STANDING (SECTION III.A)**

|     | State | Authority |
| --- | --- | --- |
| 1.  | Arizona | Ariz. Rev. Stat. § 44-1412; *In re Dynamic Random Access Memory Antitrust Litig.*, 536 F. Supp. 2d 1129, 1134-42 (N.D. Cal. 2008). |
| 2.  | California | *Vinci v. Waste Mgmt., Inc.* 36 Cal. App. 4th 1811, 1814 (Cal. Ct. App. 1995) |
| 3.  | District of Columbia | *Peterson v. Visa U.S.A. Inc.*, No. 03-8080, 2005 WL 1403761, at *4-6 (D.C. Super. Ct. Apr. 22, 2005) (Ex. OO). |
| 4.  | Hawaii | Haw. Rev. Stat. § 480-3 |
| 5.  | Illinois | *Int'l Bhd. of Teamsters, Local 734 Health & Welfare Trust Fund v. Philip Morris Inc.*, 196 F.3d 818, 827–28 (7th Cir. 1999); *Laughlin v. Evanston Hosp.*, 550 N.E.2d 986, 990 (Ill. 1990)( noting that "when the wording of this Act is identical or similar to that of a federal antitrust law, the courts of this State shall use the construction of the federal law by the federal courts as a guide in construing this Act."). |
| 6.  | Iowa | *Southard v. Visa U.S.A. Inc.*, 734 N.W.2d 192, 198-99 (Iowa 2007) |
| 7.  | Kansas | *In re Magnesium Oxide Antitrust Litig.*, Civ. No. 10-5943, 2011 U.S. Dist. LEXIS 121373 at *22, n. 9 (D.N.J. 2011) (Ex. BB). |
| 8.  | Maine | *Knowles v. Visa U.S.A. Inc.*, No. CV-03-707, 2004 WL 2475284, at *5 (Me. Super. Ct. Oct. 20, 2004) (Ex. II); *see also In re Motor Vehicles Canadian Export Antitrust Litig.*, 235 F.R.D. 127, 134 (D. Me. 2006) |
| 9.  | Michigan | Mich. Comp. Laws § 445.784(2) ("in construing all sections of this act, the courts shall give due deference to interpretations given by the federal courts to comparable antitrust statutes . . ."); *see also Stark v. Visa U.S.A. Inc.*, No. 03-055030-CZ, 2004 WL 1879003, at *2-4 (Mich. Cir. Ct. July 23, 2004) (Ex. UU); *Am. Council, Certified Podiatric Physicians v. Am. Board Podiatric Surgery, Inc.,* 185 F.3d 606, 619 n.4 (6th Cir. 1999) ("Because Michigan antitrust law follows federal precedents, our reasoning regarding the federal antitrust claims applies equally to the state antitrust claims."); *Zuccarini v. Hoescht* (*In re Cardizem CD Antitrust Litig.*), 200 F.R.D. 326, 332  n. 4 (E.D. Mich. 2003) ("The Michigan Antitrust Reform Act is patterned after the federal Sherman Antitrust Act, . . . and Michigan courts have observed that federal court interpretation of the Sherman Antitrust Act is persuasive authority as to the meaning of the Michigan Antitrust Reform Act.") |
| 10. | Mississippi | *Owens Corning v. R.J. Reynolds Tobacco Co.,* 868 So. 2d 331, 344 (Miss. 2004) (following federal law and holding that plaintiffs' claims were too remote to confer antitrust standing). |
| 11. | Nebraska | *Kanne v. Visa U.S.A., Inc.*, 723 N.W.2d 293, 289 (Neb. 2006). |
| 12. | Nevada | Nev. Rev. Stat. § 598A.050 |

|     | **State**       | **Authority** |
| --- | --------------- | ------------- |
| 13. | New Hampshire   | N.H. Rev. Stat. Ann. § 356:14; *see also Minuteman v. Microsoft Corp.*, 795 A.2d 833, 839 (N.H. 2002) (holding that RSA chapter 356 should be construed consistent with the *Illinois Brick* rule). |
| 14. | New Mexico      | N.M. Stat. Ann. § 57-1-15; see also *Romero v. Philip Morris Inc.*, 242 P.3d 280, 291 (N.M. 2010) ("It is therefore the duty of the courts to ensure that New Mexico antitrust law does not deviate substantially from federal interpretations of antitrust law."). |
| 15. | New York        | *Ho v. Visa U.S.A. Inc.,* No. 112316/00, 2004 WL 1118534, at *3 (N.Y. Sup. Ct. Apr. 21, 2004) (Ex. W), *aff'd* 16 A.D.3d 256 (N.Y. App. Div. 2005) (applying *ACG* factors to Gen. Bus. Law § 340 claim and denying indirect purchaser standing). |
| 16. | North Carolina  | *Teague v. Bayer*, 671 S.E.2d 550, 555-57 (N.C. Ct. App. 2009); *N.C. Steel, Inc. v. Nat'l Council on Compensation Ins.,* 472 S.E.2d 578, 582–83 (N.C. Ct. App. 1996), *aff'd in part and rev'd in part on other grounds*, 496 S.E.2d 369 (N.C. 1998) ("Our Supreme Court has held that federal precedent is instructive in interpreting Chapter 75 due to the similarity between provisions of Chapter 75 and the federal antitrust laws."); *see also In re Plavix Indirect Purchaser Litig.*, No. 1:06-cv-226, 2011 WL 335034 (S.D. Ohio 2011) (Ex. DD). |
| 17. | North Dakota    | *Beckler v. Visa U.S.A. Inc.*, No. Civ. 09-04-C-00030, 2004 WL 2475100, at *4 (N.D. Dist. Ct. Sept. 21, 2004) (Ex. P). |
| 18. | Oregon          | Or. Rev. Stat. § 646.715 (2); *see also N.W. Med. Labs., Inc. v. Blue Cross & Blue Shield*, 794 P.2d 428, 433 (Or. 1990) (acknowledging that Or. Rev. Stat. § 646.715 (2) requires Oregon courts to review federal case law when interpreting Or. Rev. Stat. § 646.725). |
| 19. | South Dakota    | *Cornelison v. Visa U.S.A. Inc.*, Hearing Transcript, No. CIV 03-1350 (S.D. Cir. Ct. 2004) (Ex. S) (noting state trial court's employment of *AGC* factors in dismissing claims based on lack of antitrust standing); *see also In re S.D. Microsoft Antitrust Litig.*, 707 N.W.2d 85, 99 (S.D. 2005) ("Because of the similarity of language between federal and state antitrust statues…great weight should be given to the federal cases interpreting the federal statute" (citing *Byre v. City of Chamberlain*, 362 N.W.2d 69, 74 (S.D. 1985))). |
| 20. | Tennessee       | *Tenn. Med. Ass'n v. Blue Cross Blue Shield of Tenn., Inc.*, 229 S.W.3d 304, 307 (Tenn. Ct. App. 2007) (citing *AGC* for its causation standard and applying that standard to the Tennessee consumer protection and trade practices statute). |
| 21. | Utah            | Utah Code Ann. § 76-10-926. |
| 22. | Vermont         | *Fucile v. Visa U.S.A., Inc.*, No. 51560-03 CNC, 2004 WL 3030037 at *2-4 (Vt. Super. Ct. Dec. 27, 2004) (Ex. V). |

|     | State | Authority |
| --- | --- | --- |
| 23. | West Virginia | W. Va. Code § 47-18-16; *see also Kessel v. Monongalia County Gen. Hosp. Co.*, 648 S.E.2d 366, 375 (W. Va. 2007) ("The courts of this state are directed by the legislature in W.Va. Code § 47-18-16 (1978) to apply the federal decisional law interpreting the Sherman Act, 15 U.S.C. 1, to our own parallel antitrust statute."); *Princeton Ins. Agency, Inc. v. Erie Ins. Co.,* 690 S.E.2d 587, 598-99 (W.Va. 2009) (following federal law to hold that plaintiffs failed to demonstrate antitrust injury). |
| 24. | Wisconsin | *Strang v. Visa U.S.A., Inc.*, No. 03 CV 011323, 2005 WL 1403769, at *3-5 (Wis. Cir. Ct. Feb. 8, 2005) (Ex. VV). |