# EXHIBIT E

# EXHIBIT E
## APPENDIX OF AUTHORITY SUPPORTING ARGUMENT THAT AUTO DEALERS AND END-PAYORS CANNOT ASSERT RETROACTIVE ANTITRUST CLAIMS UNDER THE ANTITRUST LAWS OF HAWAII, NEBRASKA, NEW HAMPSHIRE AND UTAH
## (SECTION III.C)

|   | State | Statute | Effective Date | Authority |
|---|---|---|---|---|
| 1. | Hawaii | Haw. Rev. Stat. § 480-2 | June 28, 2002 | 2002 Haw. Sess. L. Act 229 at 6 ("This Act shall take effect on its approval"); *Haw. Med. Assoc. v. Haw. Med. Serv. Assoc., Inc.*, 148 P.3d 1179, 1209 (Haw. 2006) (holding that "plaintiffs' claims of unfair methods of competition based upon [defendant's] alleged wrongful acts prior to June 28, 2002 are barred inasmuch as HRS § 480-2(e) does not apply retroactively"). |
| 2. | Nebraska | Neb. Rev. Stat. § 59-821 | July 19, 2002 | *Soukop v. ConAgra Inc.,* 653 N.W.2d 655, 657 (Neb. 2002) ("A legislative act operates only prospectively and not retrospectively unless the legislative intent and purpose that it should operate retrospectively is clearly disclosed."). |
| 3. | New Hampshire | N.H. Rev. Stat. § 356:11 | Jan. 1, 2008 | *In re Silk*, 937 A.2d 900, 904 (N.H. 2007) ("We have long held that statutes are presumptively intended to operate prospectively."). |

E-1

E-2

|  | State | Statute | Effective Date | Authority |
|---|---|---|---|---|
| 4. | Utah | Utah Code Ann. § 76-10-919 | May 1, 2006 | Utah Code Ann. § 68-3-3 ("A provision of the Utah Code is not retroactive, unless the provision is expressly declared to be retroactive."); *Brown & Root Indus. Serv. v. Indus. Comm'n*, 947 P.2d 671, 675 (Utah 1997) ("The general rule is that statutes are not applied retroactively unless retroactive application is expressly provided for by the legislature."); *California v. Infineon Techs. AG*, No. C 06-4333 PJH, 2008 WL 1766775, at *5 (N.D. Cal. Apr. 15, 2008) (Ex. Q) (concluding that the amendment to the Utah Antitrust Act was an *Illinois Brick* repealer and "that indirect purchaser standing was not available prior to 2006). |