# EXHIBIT F

**EXHIBIT F**
**APPENDIX OF AUTHORITY SUPPORTING ARGUMENT THAT PLAINTIFFS' ALLEGATIONS FAIL TO ESTABLISH A SUFFICIENT NEXUS BETWEEN DEFENDANTS' CONDUCT AND *INTRA*STATE COMMERCE TO STATE A CLAIM UNDER ANTITRUST STATUTES IN NINE STATES**
**(SECTION III.D)**

|   | State | Authority |
|---|---|---|
| 1. | District of Columbia | *Sun Dun, Inc. of Wash. v. Coca-Cola Co.*, 770 F. Supp. 285, 289 (D. Md. 1991) (granting defendants' motion for summary judgment on plaintiffs' D.C. antitrust claims because plaintiffs did not establish "sales in the District of Columbia that did not have an interstate aspect"). |
| 2. | Massachusetts | Mass. Gen. Laws Ch. 93, § 3  ("Nothing in the Massachusetts Antitrust Act . . . shall apply to any course of conduct, pattern of activity, or activities unless they occur and have their competitive impact primarily and predominantly within the commonwealth and at most, only incidentally outside New England[.]"); *Ciardi v. Hoffman LaRoche*, No. 993244, 2000 WL 33162197, at *3 (Mass. Super. Ct. 2000) (noting that "[t]he parties agree… that the plaintiff does not and cannot raise a claim under the [Massachusetts] Antitrust Act because the challenged course of conduct of the defendants did not 'occur and have their predominant impact primarily within the commonwealth and at most, only incidentally outside New England'"). |
| 3. | Mississippi | *In re Microsoft Corp. Antitrust Litig.*, No. MDL 1332, Civ. JFM 03-741 through 03-748, 2003 WL 22070561, at *2 (D. Md. Aug. 22, 2003) (Ex. CC) (dismissing Mississippi antitrust claims where plaintiffs failed to allege "at least some conduct by Microsoft which was performed wholly intrastate"); *California v. Infineon Techs. AG.*, 531 F. Supp. 2d 1124, 1158-1159 (N.D. Cal. 2007) (dismissing plaintiffs' claims under the Mississippi Antitrust Act because (i) the Act "require[s] allegations of at least some activity or conduct occurring in intrastate commerce or trade"; and (ii) plaintiffs' complaint was "wholly devoid of any allegations relating to intrastate trade or commerce," and thus "fails to properly allege a claim under the Mississippi Antitrust Act"). |
| 4. | Nevada | Nev. Rev. Stat. Ann. § 598A.060(1) ("[I]t is unlawful to conduct any part of [a conspiracy in restraint of trade] *in this State*.") (emphasis added). |
| 5. | New York | *H-Quotient, Inc. v. Knight Trading Group, Inc.*, No. 03 Civ.5889 (DAB), 2005 WL 323750, at *4 (S.D.N.Y. Feb. 9, 2005) (Ex. X) (recognizing that New York courts have found that "[w]here the conduct complained of principally affects interstate commerce, with little or no impact on local or intrastate commerce, it is clear that federal antitrust laws operate to preempt the field"). |

F-1

| | **State** | **Authority** |
|---|---|---|
| 6. | North Carolina | N.C. Gen. Stat. § 75-1 (1981) ("Every contract, combination in the form of trust or otherwise, or conspiracy in restraint of trade or commerce *in the State of North Carolina* is hereby declared to be illegal.") (emphasis added). |
| 7. | South Dakota | *In re Dynamic Random Access Memory (DRAM I) Antitrust Litig.*, 516 F. Supp. 2d 1072, 1099 (N.D. Cal. 2007) (dismissing plaintiffs' South Dakota antitrust claims because plaintiffs failed to "specifically allege any conduct or conspiracy that takes place, or has any effect within South Dakota"). |
| 8. | Tennessee | *Freeman Indus. v. Eastman Chem. Co.,* 172 S.W. 3d 512, 523-24 (Tenn. 2005) (dismissing claim where plaintiff failed "to establish how the defendant's anticompetitive conduct affected Tennessee commerce to a substantial degree"); *see also California*, 531 F. Supp. 2d at 1160 (relying on *Freeman* to dismiss plaintiffs' claim because plaintiffs' allegation that they "paid artificially high prices for DRAM and DRAM-containing products" was insufficient to "properly allege that defendants' anticompetitive conduct affects Tennessee trade or commerce to a substantial degree"). |
| 9. | West Virginia | *State ex rel. Palumbo v. Graley's Body Shop, Inc.*, 425 S.E.2d 177, 183 n.11 (W. Va. 1992) ("West Virginia's antitrust law is directed towards *intrastate* commerce."(citations and internal quotations omitted) (emphasis in original)). |