# EXHIBIT G

# EXHIBIT G
## APPENDIX OF AUTHORITY SUPPORTING ARGUMENT THAT PLAINTIFFS FAIL TO ALLEGE A SUFFICIENT NEXUS BETWEEN DEFENDANTS' CONDUCT AND *INTRA*STATE COMMERCE AS REQUIRED TO STATE A CLAIM UNDER CONSUMER PROTECTION STATUTES OF FIVE STATES
### (SECTION IV.E)

|    | State | Authority |
|----|-------|-----------|
| 1. | California | *Meridian Project Sys. Inc. v. Hardin Constr. Co.*, 404 F. Supp. 2d 1214, 1225-26 (E.D. Cal. 2005) (dismissing unfair competition claims against out-of-state defendant where there was "no specific intrastate misconduct" alleged in the complaint). |
| 2. | Montana | *In re Dynamic Random Access Memory Antitrust Litig.*, 516 F. Supp. 2d 1072, 1104 (N.D. Cal. 2007) (dismissing plaintiffs' claims under Montana's consumer protection statute in part because plaintiffs failed to allege "any conduct or activity taking place within [Montana] that sets forth a basis for connecting plaintiffs' individual claims with representative claims under . . . Montana . . . statutes"). |
| 3. | New Hampshire | N.H. Rev. Stat. Ann. § 358-A:2  ("It shall be unlawful for any person to use any unfair method of competition or any unfair or deceptive act or practice in the conduct of any trade or commerce *within this state*.") (emphasis added); *Mueller Co. v. U.S. Pipe & Foundry Co.*, No. 03-170-JD, 2003 WL 22272135, at *6 (D.N.H. Oct. 2, 2003) (Ex. LL) (dismissing claim because, "[i]n the absence of any alleged unfair method of competition or unfair or deceptive act or practice which took place within New Hampshire, the harm suffered by [plaintiff] within the state does not state a claim under N.H. RSA 358-A:2."). |
| 4. | New York | *Goshen v. Mut. Life Ins. Co.*, 774 N.E.2d 1190, 1195 (N.Y. 2002) (noting that the statutory language "unambiguously evinces a legislative intent to address commercial misconduct occurring within New York," and holding that, to be a prohibited act under the statute, "the transaction in which the consumer is deceived must occur in New York"). |
| 5. | North Carolina | *Duke Energy Int'l, L.L.C. v. Napoli*, 748 F. Supp. 2d 656, 677 (S.D. Tex. 2010) (dismissing plaintiff's North Carolina Unfair and Deceptive Trade Practices Act claim, stating that "[a] plaintiff who does not allege a substantial effect on in-state North Carolina operations fails to state a claim under the NC UTPA."); *Merck & Co. v. Lyon*, 941 F. Supp. 1443, 1463 (M.D.N.C. 1996) (dismissing plaintiff's claim under NC UTPA where "plaintiffs . . . failed to allege a substantial effect on any in-state business operations," and "[a]ny injury plaintiffs may suffer in North Carolina will be incidental"). |