# EXHIBIT I

# EXHIBIT I
## APPENDIX OF AUTHORITY SUPPORTING ARGUMENT THAT PLAINTIFFS DO NOT ALLEGE ANY UNCONSCIONABLE CONDUCT OR OTHER AGGRAVATING CIRCUMSTANCES AS REQUIRED BY FIVE STATES
### (SECTION IV.B)

|   | State | Authority |
|---|---|---|
| 1. | Arkansas | Ark. Code Ann. § 4-88-107(a); *In re Graphics Processing Units (GPU) Antitrust Litig.*, 527 F. Supp. 2d 1011, 1029 (N.D. Cal. 2007) ("*GPU I*") (dismissing Arkansas consumer protection claims because (i) statute requires plaintiff to plead unconscionablility, and (ii) plaintiffs' allegation that price of product was unfairly high was insufficient to state a claim under ADTPA). |
| 2. | District of Columbia | D.C. Code § 28-3904(r); *Riggs Nat'l Bank v. District of Columbia*, 581 A.2d 1229, 1251 (D.C. 1990) ("To establish unconscionability, however, the District must prove not only that one of the parties lacked a meaningful choice but also that the terms of the contract are unreasonably favorable to the other party."). |
| 3. | Kansas | Kan. Stat. Ann. § 50-627(a); *Wille v. Sw. Bell Tel. Co.*, 549 P.2d 903, 907 (Kan. 1976) (concluding that the KCPA is not designed to remedy consequences of "uneven bargaining power"). |
| 4. | New Mexico | N.M. Stat. Ann. §§ 57-12-2–57-12-3; *GPU I*, 527 F. Supp. 2d at 1029 (dismissing claim under New Mexico consumer protection statute because (i) statute requires plaintiff to plead unconscionablility, and (ii) plaintiffs' allegation that price of product was unfairly high was insufficient to state a claim). |
| 5. | North Carolina | N.C. Gen. Stat. § 75-1.1; *Dalton v. Camp*, 548 S.E.2d 704, 711 (N.C. 2001) (holding that a plaintiff must allege some type of egregious or aggravating circumstances in order to state a UTPA claim). |