# EXHIBIT J

**EXHIBIT J**
**APPENDIX OF AUTHORITY SUPPORTING ARGUMENT THAT PLAINTIFFS' PRICE-FIXING CLAIMS ARE NOT ACTIONABLE UNDER THE CONSUMER PROTECTION LAWS OF EIGHT STATES**
**(SECTION IV.C)**

|  | State | Authority |
|---|---|---|
| 1. | Arizona | Ariz. Rev. Stat. § 44-1522(A); *In re New Motor Vehicles Canadian Exp. Antitrust Litig.*, 350 F. Supp. 2d 160, 177-78 (D. Me. 2004). |
| 2. | Arkansas | *In re Graphics Processing Units (GPU) Antitrust Litig.*, 527 F. Supp. 2d 1011, 1029-30 (N.D. Cal. 2007) ("*GPU I*") (dismissing Arkansas consumer protection claims because price fixing is "not the kind of conduct prohibited" by Arkansas's Deceptive Trade Practices Act). |
| 3. | Kansas | *Schoenbaum v. E.I. Dupont De Nemours & Co.,* 517 F. Supp. 2d 1125, 1153 (E.D. Mo. 2007) (dismissing plaintiffs' claims under the Kansas Consumer Protection Act, in part, because the Kansas Supreme Court has acknowledged that antitrust claims "do not fall within the practices prohibited by the KCPA"), *vacated in part on other grounds*, No. 4:05CV011-9 ERW, 2007 WL 3331291 (E.D. Mo. Nov. 6, 2007); *GPU I,* 527 F. Supp. 2d at 1029–30 (dismissing Kansas consumer protection claims because price fixing is "not the kind of conduct prohibited" by the KCPA). |
| 4. | Michigan | Mich. Comp. Laws § 445.903 (2) (failing to include "price-fixing" in the specifically enumerated list of unfair or deceptive acts and noting that, while "[t]he attorney general may promulgate rules to implement this act[,] . . . [t]he rules shall not create an additional unfair trade practice not already enumerated by this section"); *In re Packaged Ice Antitrust Litig.*, 779 F. Supp. 2d 642, 666 ( E.D. Mich. 2011) (dismissing a Michigan Consumer Protection Act claim for "failure to allege an intent to deceive and for failure to plead fraud with the requisite particularity"). |
| 5. | Minnesota | *Schoenbaum*, 517 F. Supp. 2d at 1154 (dismissing antitrust claims brought under the Minnesota Uniform Deceptive Trade Practices Act and the Prevention of Consumer Fraud Act, and citing the Minnesota court's conclusion in *Lerfald v. General Motors Corp.,* Order re Certain Defendants' Motion to Dismiss Plaintiff's Consumer Fraud Act Claim; Certain Defendants' Motion to Stay and Certain Defendants' Motion to Dismiss for Lack of Personal Jurisdiction, No. CT 03-003327 (Minn. Dist. Ct. Nov. 7, 2003) (Ex. JJ), that a contention that it is deceptive to state a price for a product "while knowing that the conspiracy maintained prices at an artificially high level . . . [is] 'neither logical or rational'"). |
| 6. | New Mexico | *GPU I,* 527 F. Supp. 2d at 1029–30 (dismissing New Mexico consumer protection claims because price fixing is "not the kind of conduct prohibited" by New Mexico consumer protection laws). |

J-2

|    | **State** | **Authority** |
|----|-----------|---------------|
| 7. | Rhode Island | *In re Dynamic Random Access Memory (DRAM) Antitrust Litig.*, 516 F. Supp. 2d 1072, 1117 (N.D. Cal. 2007) (granting defendants judgment on the pleadings with respect to RIUTPCPA claim, because plaintiffs' allegations of price-fixing and conspiracy do not fall within the enumerated list of conduct and activity prohibited by the statute nor otherwise "illustrate conduct causing a 'likelihood of confusion' or that is deceptive or fraudulent under the terms of the [Act]"); *GPU I*, 527 F. Supp. 2d at 1030-31 (dismissing plaintiffs' claims under Rhode Island consumer protection law because (i) the statute "foreclose[s] claims based on antitrust violations;" and (ii) "Rhode Island does not permit state-law antitrust claims by indirect purchasers"). |
| 8. | South Dakota | S.D. Codified Laws § 37–24–6 (failing to list "price-fixing" in the specifically enumerated list of "deceptive act or practices"). |