# EXHIBIT K

# EXHIBIT K
## APPENDIX OF AUTHORITY SUPPORTING ARGUMENT THAT AS BUSINESSES, THE AUTO DEALER PLAINTIFFS CANNOT BRING CONSUMER PROTECTION CLAIMS UNDER THE LAWS OF SEVEN STATES
### (SECTION IV.F)

|    | **State** | **Authority** |
|----|-----------|---------------|
| 1. | Kansas | Kan. Stat. Ann. § 50-634(a)-(b) (granting a private right of action under the consumer protection statute only to a consumer, defined in § 50-624(b) as an individual, sole proprietor or family partnership who acquires property for personal, family, household, business or agricultural purposes). |
| 2. | Iowa | Iowa Code §§ 714H.2(3), 714H.5(1) (defining "consumer" as "a natural person or the person's legal representative" and stating that "[a] consumer who suffers an ascertainable loss of money or property as the result of a prohibited practice or act in violation of this chapter may bring an action at law to recover actual damages"); *Molo Oil Co. v. River City Ford Truck Sales, Inc.*, 578 N.W.2d 222, 228 (Iowa 1998) (interpreting pre-2009 Iowa consumer protection statute and affirming trial court dismissal of claims, holding that "the statute does not expressly create a private cause of action"). |
| 3. | Massachusetts | Mass. Gen. Laws ch. 93A, §11 (stating that courts "shall . . . be guided in [their] interpretation of unfair methods of competition by those provisions of . . . the Massachusetts Antitrust Act"); *Ciardi v. F. Hoffmann La Roche, Ltd.*, 762 N.E.2d 303, 308 (Mass. 2002) (precluding indirect purchaser claim under the Massachusetts Antitrust Act). |
| 4. | Michigan | Mich. Comp. Laws § 445.901 *et seq*. (prohibiting unfair, unconscionable, or deceptive methods, acts or practices in the conduct of "trade or commerce," defined at 445.902(g) as the conduct of a business providing goods primarily for personal, family or household purposes); *see also Slobin v. Henry Ford Health Care*, 666 N.W.2d 632, 634–35 (Mich. 2003) (holding that the Michigan Consumer Protection Act "applies only to purchases by consumers and does not apply to purchases that are primarily for business purposes). |
| 5. | Mississippi | Miss. Code Ann. § 75–24–15(1) (providing a right of action only to a person who purchases or leases goods primarily for personal, family or household purposes). |
| 6. | Missouri | Mo. Rev. Stat. § 407.025 (establishing a private civil cause of action only for persons who purchase or lease merchandise primarily for personal, family or household purposes). |
| 7. | Montana | Mont. Code § 30-14-133 (providing a private right of action only to consumers, defined in §30-14-102 as a person who purchases or leases goods primarily for personal, family or household uses). |

K-1