# EXHIBIT L

# EXHIBIT L
## APPENDIX OF AUTHORITY SUPPORTING ARGUMENT THAT UNJUST ENRICHMENT IS UNAVAILABLE WHERE, AS HERE, A PARTY TO A VOLUNTARY AGREEMENT RECEIVED THE BENEFIT OF ITS BARGAIN (SECTION V.C.)

|   | State | Authority |
|---|---|---|
| 1. | Generally | *In re New Motor Vehicles Canadian Exp. Antitrust Litig.*, 350 F. Supp. 2d 160 (D. Me. 2004) (finding that "unjust enrichment ordinarily does not furnish a basis for liability where parties voluntarily have negotiated, entered into and fully performed their bargain, as consumers do in buying vehicles" and rejecting unjust enrichment claims in a case involving indirect purchasers); *In re Intel Corp. Microprocessor Antitrust Litig.,* 496 F. Supp. 2d 404, 421 (D. Del. 2007) (rejecting unjust enrichment claims for overpayment of microprocessors by indirect purchasers where class plaintiffs "paid the purchase price for their computers and received their computers," and "ha[d] not sought to rescind their purchases, none of which involved Intel as a direct manufacturer or seller," and "ha[d] not alleged that they did not receive the benefit of their bargain"); Restatement (First) of Restitution A§107(1) ("A person of full capacity who, pursuant to a contract with another, has performed services or transferred property to the other or otherwise has conferred a benefit upon him, is not entitled to compensation therefor other than in accordance with the terms of such bargain, unless the transaction is rescinded for fraud, mistake, duress, undue influence or illegality, or unless the other has failed to perform his part of the bargain."). |
| 2. | Arizona | *Brooks v. Valley Nat'l Bank*, 548 P.2d 1166, 1171 (Ariz. 1976) (affirming dismissal of unjust enrichment claims where plaintiff received the benefit of the bargain); *USLife Title Co. of Ariz. v. Gutkin*, 732 P.2d 579, 585 (Ariz. Ct. App. 1986) (holding plaintiff was not entitled to recover for unjust enrichment since plaintiff received the benefit of the bargain). |
| 3. | Arkansas | *Frein v. Windsor Weeping Mary LP*, 2009 Ark. App. 774, at *7-8 (Ark. Ct. App. 2009) (upholding dismissal of unjust enrichment claims because there was "no basis upon which damages could have been awarded to [plaintiff] on its theory of unjust enrichment" when the agreement had been fulfilled). |
| 4. | California | *Peterson v. Cellco P'ship*, 80 Cal. Rptr. 3d 316, 326 (Cal. Ct. App. 2008) (holding that the trial court properly sustained defendant's demurrer to plaintiffs' unjust enrichment claim because plaintiffs received the benefit of the bargain). |

|    | **State** | **Authority** |
|----|-----------|---------------|
| 5. | District of Columbia | *Dahlgren v. Audiovox Commc'ns Corp.*, No. 2002 CA 007884 B, 2012 WL 2131937 (D.C. Super. Ct. March 15, 2012) (Ex. T) (plaintiffs who receive the benefit of the bargain are not entitled to restitution) (citing *Peterson*, 80 Cal. Rptr. 3d at 326). |
| 6. | Florida | *Prohias v. Pfizer, Inc.*, 485 F. Supp. 2d 1329, 1335 (S.D. Fla. 2007) (finding if plaintiffs received the "benefit of their bargain," they cannot recover for unjust enrichment); *Am. Safety Ins. Serv., Inc. v. Griggs*, 959 So. 2d 322, 331-32 (Fla. Dist. Ct. App. 2007) (holding that a claim for unjust enrichment fails when plaintiff receives adequate consideration for the benefit conferred). |
| 7. | Illinois | *La Throp v. Bell Fed. Sav. & Loan Ass'n*, 370 N.E.2d 188, 195 (Ill. 1977) (affirming dismissal of an unjust enrichment claim because "[a] person is not entitled to compensation on the grounds of unjust enrichment if he receives . . . that which it was agreed between them the other should give in return") (citing *Brooks*, 548 P.2d at 1171). |
| 8. | Iowa | *Smith v. Stowell*, 125 N.W.2d 795, 800 (Iowa 1964) ("[A] person is not entitled to compensation on the ground of unjust enrichment if he received . . . that which it was agreed between them the other should give in return.") (quoting Restatement (First) of Restitution § 107 cmt. (1)a (1937)), *overruled on other grounds*, *Lamp v. American Prosthetics, Inc.*, 379 N.W.2d 909, 910 (Iowa 1986). |
| 9. | Kansas | *Senne & Co., Inc. v. Simon Capital Ltd. P'ship*, No. 93,302, 2007 WL 1175858, at *8 (Kan. Ct. App. Apr. 20, 2007) (Ex. TT) (stating the underlying premise of a claim for unjust enrichment is that the defendant received a benefit without providing consideration). |
| 10. | Massachusetts | *Cmty. Builders, Inc. v. Indian Motocycle Associates, Inc.*, 692 N.E.2d 964, 979 (Mass. App. Ct. 1998) (holding that to recover under restitution there must be an unjust benefit and whether the benefit is unjust is determined by the reasonable expectations of the parties); *Ferola v. Allstate Life Ins. Co.*, No. 050996, 2007 WL 2705534, at *14 (Mass. Super. Ct. Aug. 30, 2007) (Ex. U) (finding, in evaluating an unjust enrichment claim, that the adequacy of the consideration is not relevant, as long as the consideration is valuable). |
| 11. | Michigan | *Isom v. NE Lots LLC*, No. 288378, 2010 WL 143470, at *6 (Mich. Ct. App. Jan. 14, 2010) (Ex. GG) (finding that a party cannot state a claim of unjust enrichment when said party received the benefit of its bargain); *Russell v. Zeemering*, No. 260660, 2006 WL 2382511, at *5 (Mich. Ct. App. Aug. 17, 2006) (Ex. SS) (concluding a person cannot recover under unjust enrichment when that person received the benefit he was supposed to receive). |
| 12. | Minnesota | *Zinter v. Univ. of Minn.*, 799 N.W.2d 243, 247 (Minn. Ct. App. 2011) (holding a claim for unjust enrichment fails where a plaintiff receives the benefit for which she was entitled under an agreement), *review denied* (Aug. 16, 2011). |

|     | **State** | **Authority** |
| --- | --- | --- |
| 13. | Mississippi | *Omnibank of Mantee v. United S. Bank*, 607 So. 2d 76, 92 (Miss. 1992) (noting that the Supreme Court of Mississippi historically cites the Restatement of Restitution with approval). |
| 14. | Missouri | *Howard v. Turnbull*, 316 S.W.3d 431, 438 (Mo. Ct. App. 2010) (affirming that plaintiff cannot recover for unjust enrichment when he received "precisely what he bargained for"), *transfer denied* (Aug. 31, 2010). |
| 15. | New Hampshire | *Clapp v. Goffstown Sch. Dist.*, 977 A.2d 1021, 1025 (N.H. 2009) (holding that a person who has conferred a benefit is not entitled to compensation, other than in accordance with the terms of such bargain, unless the transaction is rescinded). |
| 16. | New Mexico | *Arena Res., Inc. v. Obo, Inc.*, 238 P.3d 357, 361 (N.M. Ct. App. 2010) (finding a person that has conferred a benefit is not entitled to compensation, other than in accordance with the terms of such bargain, unless the transaction is rescinded). |
| 17. | New York | *One Step Up, Ltd. v. Webster Bus. Credit Corp.*, 925 N.Y.S.2d 61, 70 (N.Y. App. Div. 2011) (dismissing claim for unjust enrichment where "plaintiff received the benefit of its bargain"). |
| 18. | North Carolina | *Britt v. Britt*, 359 S.E.2d 467, 471 (N.C. 1987) (holding plaintiff cannot recover for unjust enrichment where she received the agreed to consideration for the benefit conferred). |
| 19. | North Dakota | *Jerry Harmon Motors, Inc. v. Heth*, 316 N.W.2d 324, 328 (N.D. 1982) ("[A] person is not entitled to compensation on the ground of unjust enrichment if he received from the other that which it was agreed between them that the other should give in return.") (citing 17 CJS Contract § 6, 570-574). |
| 20. | Oregon | *High v. Davis*, 584 P.2d 725, 736 (Or. 1978) (en banc) ("We . . . do not believe that the claimants will be unjustly enriched. They are receiving what they bargained and paid for."); *Winters v. County of Clatsop*, 150 P.3d 1104, 1108 (Or. Ct. App. 2007) ("[W]e agree with the [defendant] that plaintiff has not carried her burden . . . Under the circumstances, it is not unjust to deny restitution and to honor the terms of the bargain . . . that [plaintiff] accepted."). |
| 21. | Rhode Island | *Rosetta v. Moretti*, No. 98-89, 2005 WL 1109638, at *8 (R.I. Super. May 4, 2005) (Ex. RR) (granting motion for judgment as matter of law in favor of defendant because plaintiffs failed to establish that allowing defendant to retain the negotiated purchase price would be inequitable). |
| 22. | South Carolina | *Johnston v. Brown*, 348 S.E.2d 391, 395 (S.C. Ct. App. 1986) (holding plaintiff cannot recover under unjust enrichment where he received the agreed to consideration for the benefit conferred), *rev'd*, 357 S.E.2d 450 (S.C. 1987) (reversed because the record reasonably supported jury findings). |

|     | State | Authority |
| --- | --- | --- |
| 23. | South Dakota | *Parker v. W. Dakota Insurors, Inc.*, 605 N.W.2d 181, 187 (S.D. 2000) (holding plaintiff cannot recover under unjust enrichment where plaintiff received consideration for the benefit conferred). |
| 24. | Utah | *Southern Title Guar. Co., Inc. v. Bethers*, 761 P.2d 951, 955 (Ut. Ct. App. 1988) (agreeing with lower court's decision that appellant failed to prove unjust enrichment when the appellant received what it bargained for by voluntarily sending its check to respondents and receiving the item which it sought); *Bray Lines Inc. v. Utah Carriers, Inc.*, 739 P.2d 1115, 1117 (Ut. Ct. App. 1987) (holding unjust enrichment does not occur when a party receives the benefit of its bargain). |
| 25. | Vermont | *Ray Reilly's Tire Mart, Inc. v. F.P. Elnicki, Inc.*, 537 A.2d 994, 995 (Vt. 1987) (holding that where one receives consideration for a benefit there is no claim for unjust enrichment). |