# EXHIBIT M

**EXHIBIT M**
**APPENDIX OF AUTHORITY SUPPORTING ARGUMENT THAT PLAINTIFFS'**
**UNJUST ENRICHMENT CLAIMS FAIL IN THE SEVEN STATES THAT REQUIRE A**
**DIRECT BENEFIT CONFERRED BY PLAINTIFFS**
**(SECTION V.D)**

| | State | Authority |
|---|---|---|
| 1. | Florida | *In re Potash Antitrust Litig.*, 667 F.Supp. 2d 907, 949 (N.D. Ill. 2009) (granting motion to dismiss unjust enrichment claim because allegations of indirect purchases do not support a claim under Florida law); *Extraordinary Title Serv., LLC v. Fla. Power & Light Co.*, 1 So. 3d 400, 404 (Fla. Dist. Ct. App. 2009) (affirming trial court order dismissing unjust enrichment claim because plaintiff did not confer a direct benefit upon defendant); *Am. Safety Ins. Serv., Inc. v. Griggs*, 959 So. 2d 322, 331 (Fla. Dist. Ct. App. 2007) (reversing the trial court's verdict on an unjust enrichment claims due to plaintiffs' failure to show "they directly conferred a benefit on the defendants"). |
| 2. | Kansas | *In re Aftermarket Filters Antitrust Litig.*, No. 08 C 4883, 2010 WL 1416259, at *3 (N.D. Ill. Apr. 1, 2010) (Ex. Y) (granting motion to dismiss unjust enrichment claim brought under Kansas law because indirect purchaser plaintiffs could not allege that they conferred a direct benefit on defendants); *In re Potash Antitrust Litig.*, 667 F.Supp. 2d at 949 (granting motion to dismiss unjust enrichment claim because allegations of indirect purchases do not support such a claim under Kansas law); *Spires v. Hosp. Corp. of Am.*, 289 F. App'x 269, 273 (10th Cir. 2008) (affirming dismissal of Kansas unjust enrichment claims where plaintiffs did not confer a direct benefit on defendants). |
| 3. | Maine | *In re Aftermarket Filters Antitrust Litig.*, 2010 WL 1416259, at *3 (granting motion to dismiss unjust enrichment claim brought under Maine law because indirect purchaser plaintiffs could not allege that they conferred a direct benefit on defendants) (Ex. Y); *Glenwood Farms, Inc. v. Ivey*, 228 F.R.D. 47, 52 (D. Me. 2005) (finding unjust enrichment under Maine law requires plaintiff to confer a direct benefit on defendant); *Rivers v. Amato*, No. CV-00-131, 2001 WL 1736498 (Me. Super. June 22, 2001) (Ex. QQ) (dismissing unjust enrichment claim where plaintiff did not allege he conferred a direct benefit on defendant). |

M-1

| | State | Authority |
|---|---|---|
| 4. | Michigan | *In re Aftermarket Filters Antitrust Litig.*, 2010 WL 1416259, at *3 (granting motion to dismiss unjust enrichment claim brought under Michigan law because indirect purchaser plaintiffs could not allege that they conferred a direct benefit on defendants) (Ex. Y); *In re Potash Antitrust Litig.*, 667 F. Supp. 2d at 949 (granting motion to dismiss unjust enrichment claim because allegations of indirect purchases do not support a claim under Michigan law); *A & M Supply Co. v. Microsoft Corp.*, No. 274164, 2008 WL 540883 (Mich. Ct. App. Feb. 28, 2008) (Ex. N) (concluding unjust enrichment does not apply when plaintiff does not confer a direct benefit on defendant or have direct contact with defendant); *Munson v. Countrywide Home Loans, Inc.*, No. 08-13244, 2008 WL 5381866, at *9 (E.D. Mich. Dec. 17, 2008) (Ex. MM) (dismissing unjust enrichment claim because, under Michigan law, a defendant must have received a benefit directly from the plaintiff and plaintiffs did not and could not make such an allegation). |
| 5. | North Carolina | *In re Aftermarket Filters Antitrust Litig.*, 2010 WL 1416259, at *3 (Ex. Y) (granting motion to dismiss unjust enrichment claim brought under North Carolina law because indirect purchaser plaintiffs could not allege that they conferred a direct benefit on defendants); *Baker Const. Co., Inc. v. City of Burlington*, 683 S.E.2d 790 (N.C. Ct. App. 2009) (upholding dismissal of unjust enrichment claim because North Carolina courts have "limited the scope of a claim of unjust enrichment such that the benefit conferred must be conferred directly from plaintiff to defendant, not through a third party"). |
| 6. | North Dakota | *Apache Corp. v. MDU Res. Group, Inc.*, 603 N.W.2d 891, 895 (N.D. 1999) (approving dismissal of unjust enrichment claims and explaining a defendant must have obtained "a benefit at the direct expense of the [plaintiff]"). |
| 7. | Utah | *In re Aftermarket Filters Antitrust Litig.*, 2010 WL 1416259, at *3 (Ex. Y) (granting motion to dismiss unjust enrichment claim brought under Utah law because indirect purchaser plaintiffs could not allege that they conferred a direct benefit on defendants); *Concrete Prods. Co. v. Salt Lake Cnty*, 734 P.2d 910, 911-12 (Utah 1987) (holding unjust enrichment does not apply where no direct benefit is conferred on the defendant). |