# EXHIBIT P



Page 1

Not Reported in N.W.2d, 2004 WL 2475100 (N.D.Dist.)
**(Cite as: 2004 WL 2475100 (N.D.Dist.))**


Only the Westlaw citation is currently available.

NORTH DAKOTA DISTRICT COURT.
Ralph & Diane BECKLER, on behalf of themselves and all others similarly situated, Plaintiffs,
v.
VISA U.S.A. INC. and MasterCard International, Inc., Defendants.

No. Civ. 09-04-C-00030.
Sept. 21, 2004.

Stephen W. Plambeck of Nilles, Hansen & Davies, Ltd., Fargo, ND; Stephen V. Bomse and David M. Goldstein of Heller Ehrman White & McAuliffe LLP, San Francisco, CA; Robert C. Mason and Miranda L. Berge of Arnold & Porter LLP, New York, NY, for Defendant Visa U.S.A. Inc.

Patrick J. Ward of Zuger Kirmis & Smith, Bismarck, ND; Kenneth A. Gallo of Paul, Weiss, Rifkind, Wharton & Garrison LLP, Washington, DC; Gary R. Carney of Paul, Weiss, Rifkind, Wharton & Garrison LLP, New York, NY, for Defendant MasterCard International Incorporated.

Michael J. Williams of Maring Williams Law Office, P.C., Fargo, ND; David Markun, Edward S. Zusman and Kevin Eng of Markun Zusman Compton & David, LLP, San Francisco, CA, for Plaintiffs.

FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER FOR JUDGMENT
HERMAN, J.

*1 This matter having come before the Court at the Cass County Courthouse in Fargo, ND, on the 10th day of August, 2004, on Defendants' Motion to Dismiss Plaintiffs' Complaint for failure to state a claim upon which relief can be granted; Plaintiffs having appeared by their attorneys, Mark A. Evetts of Susman Godfrey L.L.P., Houston, TX, and Michael J. Williams of Maring Williams Law Office, P.C., Fargo, ND; Defendant Visa U.S.A. Inc. ("Visa") having appeared by its attorneys, Stephen V. Bomse of Heller Ehrman White & McAuliffe LLP, San Francisco, CA, and Stephen W. Plambeck of Nilles, Ilvedson, Stroup, Plambeck & Selbo, Ltd., Fargo, ND; Defendant MasterCard International Incorporated ("MasterCard") having appeared by its attorneys, Patricia C. Crowley of Paul, Weiss, Rifkind, Wharton & Garrison LLP, Washington, D.C., and Patrick J. Ward of Zuger Kirmis & Smith, Bismarck, ND; and the Court having reviewed the motion and the briefs submitted in support of and in opposition to the motion, having heard oral argument from counsel and being fully advised in the premises, and having issued its memorandum Opinion granting Defendants' Motion on August 23, 2004, the Court, consistent therewith, now makes the following Findings of Fact, Conclusions of Law and Order for Judgment:

*FINDINGS OF FACT*

1. This action follows on the settlement last year of a federal antitrust class action that merchants brought against the defendants, entitled *In re Visa Check/MasterMoney Antitrust Litigation,* No. CV-96-5238 (E.D.N.Y.). In that action, a nationwide class of more than four million merchants claimed to have paid excessive fees for debit card transactions processed over the Visa and MasterCard payment networks. The merchants claimed that they were forced to pay those fees because, among other things, Visa and MasterCard each allegedly "tied" the debit card services that they offered to merchants to the credit card services that they offered to merchants, in violation of the federal antitrust laws. *See In re Visa Check/MasterMoney Antitrust Litigation,* 192 F.R.D. 68, 71-73 (E.D.N.Y.2000), *aff'd,* 280 F.3d 124 (2d Cir.2001); Memorandum Opinion 1-2.

2. The merchant class entered into proposed settlements with Visa and MasterCard in June 2003, and the federal court granted final approval of the settlements in December 2003. *See In re Visa*

© 2012 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in N.W.2d, 2004 WL 2475100 (N.D.Dist.)
**(Cite as: 2004 WL 2475100 (N.D.Dist.))**

*Check/MasterMoney Antitrust Litigation,* 297 F.Supp.2d 503 (E.D.N.Y.2003); Memorandum Opinion 2.

3. Plaintiffs in this action filed their Complaint against Visa and MasterCard on January 7, 2004, asserting that defendants' alleged "tying" of debit to credit card services violated the North Dakota Uniform State Antitrust Act, NDCC Chapter 51-08.1. *See* Complaint ¶¶ 2-7, 27(m) & 62-63. Plaintiffs are consumers who allege that they have paid higher prices on every good that they purchased from every North Dakota merchant who accepted Visa or MasterCard, as a claimed consequence of the allegedly excessive debit fees that the merchants paid. *See id.* at ¶¶ 7, 12, 17-18 & 64-66.

**\*2** 4. Defendants, pursuant to North Dakota Rule of Civil Procedure 12(b)(vi), moved to dismiss the Plaintiffs' Complaint for failure to state a claim upon which relief can be granted.

5. For purposes of resolving the motion only, the allegations in the Complaint were assumed to be true and were considered in the light most favorable to the plaintiffs. *See* Memorandum Opinion 4. Pertinent allegations from the Complaint are described briefly below.

6. Plaintiffs allege that Visa and MasterCard are associations of thousands of member banks, established to operate national bank card networks. *See* Complaint ¶¶ 14-15 & 28.

7. Plaintiffs allege that Visa and MasterCard do not issue the payment cards that bear their brands. *See id.* at ¶ 27(c). Instead, individual Visa member banks issue Visa-branded payment cards to consumers. *See id.* Individual Visa member banks also establish agreements with merchants that allow the merchants to accept Visa-branded payment cards, thereby "acquiring" the merchants to participate in the Visa network. *See id.* at ¶ 27(b). Plaintiffs allege that the same is true of MasterCard member banks in the MasterCard network. *See id.* at ¶¶ 27(b)-(c).

8. Plaintiffs allege that the member banks of Visa or MasterCard issue two types of payment cards-credit cards and debit cards. *See id.* at ¶¶ 27(d), (f) & (h)-(i). Credit cards allegedly allow a consumer to buy on credit and pay later. *See id.* at ¶ 27(d). Debit cards-such as the Visa Check and MasterMoney debit cards-allegedly allow a consumer to make a payment from funds in his or her bank account. *See id.* at ¶¶ 27(f) & (h)-(i). Payment networks such as American Express and Discover are alleged to offer competing forms of credit cards, and payment networks such as Star, Honor and Pulse are said to offer competing forms of debit cards. *See id.* at ¶¶ 27(d) & (i).

9. Plaintiffs allege that a merchant who wants to accept Visa- or MasterCard-branded payment cards enters into an agreement with one of the "acquiring" member banks of Visa or MasterCard. *See id.* at ¶ 27(b). Such a merchant agrees to pay a fee to its "acquiring" bank-called the merchant "discount fee"-for the processing of each payment that a consumer makes using a Visa- or MasterCard-branded card. *See id.* at ¶ 27(n). The "acquiring" bank keeps some of that discount fee but also remits, back to the member bank that issued the card that the customer used to pay, an "interchange fee." *See id.* at ¶ 27(l).

10. Plaintiffs allege that prior to January 1, 2004, Visa had an "Honor All Cards" rule that had the effect of requiring merchants who accepted Visa-branded credit cards also to accept Visa-branded debit cards. *See id.* at ¶¶ 3, 8, 20 & 27(m). Plaintiffs allege that MasterCard had a similar "Honor All Cards" rule prior to January 1, 2004. *See id.*

11. Plaintiffs claim that the "Honor All Cards" rules of Visa and MasterCard constituted "tying" arrangements that restricted competition in an alleged market for debit card services. *See* Complaint ¶¶ 27(m), 48 & 51.

**\*3** 12. That "tying" allegedly caused merchants to pay supra-competitive prices for processing debit

© 2012 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in N.W.2d, 2004 WL 2475100 (N.D.Dist.)
**(Cite as: 2004 WL 2475100 (N.D.Dist.))**

card transactions over the Visa and MasterCard payment networks. *See id.* at ¶¶ 5-6, 57 & 64.

13. Plaintiffs claim that the North Dakota merchants who accepted Visa or MasterCard passed on the alleged overcharges for debit card services in the price of all goods that those merchants sold to consumers, including the plaintiffs. *See id.* at ¶¶ 7 ("[t]he [o]vercharge ... is borne by consumers-not only by consumers who use the debit card products, but by all consumers who shop at merchants that accept Visa and MasterCard"), 12, 17-18 & 65-66.

14. Plaintiffs allege that they are North Dakota residents who "have made purchases within the State of goods and services from one or more retailers that were forced by Visa and/or MasterCard to accept *Visa Check* and/or *MasterMoney* debit cards as a condition of being permitted to accept Visa and/or MasterCard credit cards." *Id.* at ¶ 13.

15. Plaintiffs seek to bring this action on behalf of a class of "[a]ll persons who ... purchased goods inside the State from any retailer that accepted Visa and/or MasterCard credit cards and was thus required to accept Visa and/or MasterCard debit cards under the challenged arrangements." *Id.* at ¶ 17; *see also id.* at ¶ 18.

16. In their brief filed in opposition to defendants' motion to dismiss, plaintiffs alternatively claim that they may bring this action as, and on behalf of, North Dakota residents who purchased goods or services using a Visa or MasterCard-branded debit card.

17. Plaintiffs claim that the alleged "tying" of Visa and MasterCard violated the North Dakota Uniform State Antitrust Act, NDCC Chapter 51-08.1. *See id.* at ¶¶ 61-66.

18. Plaintiffs seek damages and attorneys' fees, but not injunctive relief. *See id.* at prayer for relief.

19. Plaintiffs allege that they have standing to sue as "indirect purchasers" pursuant to NDCC § 51-08.1-08. *See id.* at ¶ 67.

20. Defendants' motion to dismiss argues that plaintiffs are not "indirect purchasers" within the scope of the North Dakota Uniform State Antitrust Act, and that plaintiffs allege only remote injuries for which they lack standing to sue under the Act.

*CONCLUSIONS OF LAW*

1. North Dakota Rule of Civil Procedure 12(b)(vi) authorizes this Court to grant a motion to dismiss when the plaintiff fails to state a claim upon which relief can be granted, assuming the allegations in the complaint to be true and construing them in the light most favorable to the plaintiffs. *See* Memorandum Opinion at 4.

2. The language and legislative history of NDCC § 51-08.1-08 show that NDCC § 51-08.1-08(3) repealed the bar against "indirect purchaser" antitrust claims announced in *Illinois Brick Co. v. Illinois,* 431 U.S. 720, 97 S.Ct. 2061, 52 L.Ed.2d 707 (1977). *See* Memorandum Opinion at 4; Legislative History (attached as Exhibits 3-5 to Defendants' Brief in Support).

**\*4** 3. Plaintiffs, however, are not "indirect purchasers." Plaintiffs do not claim to have purchased at inflated prices the allegedly "tied" and overpriced debit card services that the defendants provided to merchants, either directly from defendants or indirectly through merchants. Plaintiffs instead claim to have been overcharged on their day-to-day purchases of an enormous variety of consumer goods that defendants neither manufactured nor sold. Plaintiffs are "non-purchasers" of the allegedly "tied" debit card services that the defendants provided to merchants. *See* Memorandum Opinion 5-6 and Exhibits 1 & 2; Findings Of Fact, *supra,* at ¶¶ 6-19.

4. Plaintiffs are not "indirect purchasers" within the scope of the North Dakota Uniform State Antitrust Act. *See id.*

5. Plaintiffs also lack standing to pursue their claims under the North Dakota Uniform State Antitrust Act. *See* Memorandum Opinion 5-6 and Ex-

© 2012 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in N.W.2d, 2004 WL 2475100 (N.D.Dist.)
**(Cite as: 2004 WL 2475100 (N.D.Dist.))**

Page 4

hibits 1 & 2; *Associated General Contractors of California, Inc. v. California State Council of Carpenters,* 459 U.S. 519, 103 S.Ct. 897, 74 L.Ed.2d 723 (1983); Findings Of Fact, *supra,* at ¶¶ 6-19. Plaintiffs' alleged injuries are simply too remote from the alleged restraint of trade in debit card services for merchants. *See id.* Plaintiffs' alleged injuries do not satisfy antitrust standing principles identified in *Associated General Contractors. See id.*

6 Like the State of North Dakota, the State of Michigan has enacted both the Uniform State Antitrust Act and statutory language rejecting the bar against "indirect purchaser" antitrust claims announced in *Illinois Brick. See* NDCC § 51-08.1-01 note on comparative legislation; Memorandum Opinion Exhibit 2 at 7.

7. A Michigan state court granted a motion for summary disposition and dismissed parallel antitrust claims that a consumer plaintiff in Michigan made against Visa and MasterCard, on the grounds that the plaintiff lacked standing to sue and was not an "indirect purchaser." *See* Memorandum Opinion 5-6 & Exhibit 2 (*Stark v. Visa U.S.A. Inc.,* No. 03-055030-CZ, slip opinion (Oakland Cty. Cir. Ct. July 23, 2004).

8. A New York state court likewise granted a motion to dismiss parallel antitrust claims that consumer plaintiffs in New York made against Visa and MasterCard, on the grounds that the plaintiffs lacked standing to sue and were not "indirect purchasers." *See* Memorandum Opinion 5-6 & Exhibit 1 (*Ho v. Visa U.S.A. Inc.,* No. 112316/00, slip opinion (N.Y. Cty. Sup.Ct. April 26, 2004).

9. Plaintiffs therefore fail to state a claim for which relief can be granted. *See supra.*

*ORDER FOR JUDGMENT*

In accordance with the prior Memorandum Opinion and the foregoing Findings of Fact and Conclusions of Law, it is hereby ORDERED AND DECREED that the above-entitled action, including all of the claims between all of the parties which were or could have been asserted herein, be and the same is dismissed pursuant to N.D. R. Civ. P. 12(b)(vi), with prejudice and on the merits, and without costs or disbursements to any of the parties.

**\*5** LET JUDGMENT BE ENTERED IN ACCORDANCE WITH THE ATTACHED FORM OF JUDGMENT, WHICH IS HEREBY APPROVED.

N.D.Dist.,2004.
Beckler v. Visa U.S.A., Inc.
Not Reported in N.W.2d, 2004 WL 2475100 (N.D.Dist.)

END OF DOCUMENT

© 2012 Thomson Reuters. No Claim to Orig. US Gov. Works.