# EXHIBIT X



Page 1

Not Reported in F.Supp.2d, 2005 WL 323750 (S.D.N.Y.), 2005-1 Trade Cases P 74,722
**(Cite as: 2005 WL 323750 (S.D.N.Y.))**

United States District Court,
S.D. New York.
H-QUOTIENT, INC., Plaintiff,
v.
KNIGHT TRADING GROUP, INC. and Knight Securities, L.P., Defendants.

No. 03 Civ. 5889(DAB).
Feb. 9, 2005.

*MEMORANDUM AND ORDER*
BATTS, J.

**\*1** Before the Court is a Motion to Remand to the Supreme Court of the State of New York, County of New York by Plaintiff H-Quotient, Inc. ("H-Quotient"). Plaintiff also seeks to recover the costs incurred as a result of the removal.

For the reasons stated herein, Plaintiff's Motion to Remand is DENIED and Plaintiff's Request for the Recovery of Costs is DENIED.

I. BACKGROUND

Plaintiff H-Quotient, a Virginia corporation, is a developer and publisher of software producers for the hospital and health care industry. (Compl.¶¶ 1-2.) Plaintiff's common stock is publicly traded and quoted on the Over the Counter Bulletin Board ("OTCBB"), an electronic trading service used by many small companies, that transmits real-time information of over-the-counter securities. OTCBB is operated and regulated by the National Association of Securities Dealers ("NASD"), a not-for-profit, self-regulatory organization of the securities industry authorized to do business in New York. (Id.¶¶ 9-10.)

Defendants Knight Trading Group, Inc. and Knight Securities, L.P. (collectively "Defendants"), Delaware organizations authorized to do business in New York and with their principal places of business in New Jersey and New York, acted as a broker and dealer for securities of companies quoted on the OTCBB. (Id.¶ 3, 4, 11.) Defendants served as market makers for the stock of Plaintiff, FN1 which involved "act[ing] on behalf of other brokerage houses by contracting with other stock brokerages to buy and sell Plaintiff's stock on behalf of such other stock brokerage's clients." (Id.¶ 15.) Simply put, Defendants held a certain number of shares of Plaintiff's stock in order to facilitate trading of the stock.

> FN1. T.D. Waterhouse Investor Services, Inc. and T.D. Waterhouse Capital Markets, Inc. also acted as a market maker for Plaintiff's stock. Claims against them were dismissed by Order of Dismissal, dated Dec. 3, 2003.

Plaintiff commenced this action in New York State Supreme Court, County of New York on July 29, 2003.FN2 The Complaint alleges that Defendants took part in "the improper and illegal 'naked short' sale of Plaintiff's stock and the 'front-running' of Plaintiff's stock, *i.e.,* executing orders for their own account before filling orders received by customers, all to the detriment of Plaintiff, Plaintiff's stockholders and to the market for Plaintiff's stock in general." (Id.¶ 18.)

> FN2. On or about that same day, Plaintiff made an application by Order To Show Cause to Justice Karla Moskowitz, seeking a preliminary injunction to refrain Defendants from engaging in certain securities practices. Justice Moskowtiz signed the Order on July 31, 2003.

The Complaint raises three causes of action that sound in New York common law of torts, namely breach of duty to deal honestly with Plaintiff, attempt to damage the business of Plaintiff, and attempt to injure the character and business reputation of Plaintiff. Plaintiff also alleges a violation of New York General Business Law § 340, a New York antitrust statute known as

© 2012 Thomson Reuters. No Claim to Orig. US Gov. Works.

Page 2

Not Reported in F.Supp.2d, 2005 WL 323750 (S.D.N.Y.), 2005-1 Trade Cases P 74,722
**(Cite as: 2005 WL 323750 (S.D.N.Y.))**

the Donnelly Act.

On August 6, 2003, Defendants timely filed a Notice of Removal to the United States District Court for the Southern District of New York. Defendants assert that there is federal jurisdiction over this matter because the above-mentioned claims actually arise under federal securities and antitrust laws. Plaintiff filed the present Motion to Remand on September 16, 2003, pursuant to 28 U.S.C. § 1447. Plaintiff also seeks to recover the costs incurred as a result of the removal. Defendants filed their Memorandum in Opposition to the Motion to Remand on January 27, 2004.

II. DISCUSSION
A. Legal Standards

**\*2** "[A]ny civil action brought in a State court of which the districts courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the ... district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). "Absent diversity of citizenship, federal-question jurisdiction is required." *Caterpillar Inc. v. Williams,* 482 U.S. 386, 392 (1987); *see also* 28 U.S.C. § 1441(b); *Beneficial Nat'l Bank v. Anderson,* 539 U.S. 1, 6 (2003). Any doubts as to whether federal jurisdiction exists are to be resolved against removability. *Lupo v. Human Affairs Int'l,* 28 F .3d 269, 274 (2d Cir.1994) (quoting *Solmlyo v. J. Lu-Rob Enters., Inc.,* 932 F.2d 1043, 1045-46 (2d Cir.1991)). Furthermore, the party seeking removal bears the burden of establishing federal jurisdiction. *See United Food & Commercial Workers Union v. CenterMark Properties Meriden Square, Inc.,* 30 F.3d 298, 301 (2d Cir.1994).

Federal jurisdiction exists when a "case falls within the original 'federal question' jurisdiction of the United States district courts." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust,* 463 U.S. 1, 8 (1983); *Perpetual Sec., Inc. v. Tang,* 290 F.3d 132, 136 (2d Cir.2002). Federal district courts "have jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331; *see also Beneficial Nat'l Bank,* 539 U.S. at 6.

The presence of federal question jurisdiction is governed by the well-pleaded complaint rule. *See Metro. Life Ins. Co. v. Taylor,* 481 U.S. at 58, 63 (1987). "[W]hether a case is one arising under the Constitution or a law or treaty of the United States, ... must be determined from what necessarily appears in the plaintiff's statement of his own claim ... unaided by anything alleged in anticipation or avoidance of defenses which it is thought the defendant may interpose." *Taylor v. Anderson,* 234 U.S. 74, 75-76 (1914); *see also Caterpillar Inc.,* 482 U.S. at 392 (1987). If a complaint only "alleges ... state law based causes of action, it cannot be removed from state court to federal court even if there is a federal defense." *Hernandez v. Conriv Realty Associates,* 116 F.3d 35, 38 (2d Cir.1997) (citing *Caterpillar Inc.,* 482 U.S. at 392-93); *see Franchise Tax Bd.,* 463 U.S. at 14 ("since 1887 it has been settled law that a case may not be removed to federal court on the basis of a federal defense, including the defense of preemption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties admit that the defense is the only question truly at issue in the case."). The well-pleaded complaint rule "makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." *Caterpillar,* 482 U.S. at 392.

Two exceptions exist to the well-pleaded complaint rule: the complete preemption [FN3] and artful pleading doctrines.[FN4]

> FN3. Courts often comment that the complete preemption doctrine is not really an exception to the well-pleaded complaint rule, but rather a corollary, because whenever the doctrine applies, the well-pleaded complaint rule is satisfied. *Caterpillar,* 482 U.S. at 393; *Marcus v. AT & T Corp.,* 138 F.3d 46, 53 (2d Cir.1998).

> FN4. The artful pleading doctrine is also

© 2012 Thomson Reuters. No Claim to Orig. US Gov. Works.

Page 3 of 5

Case 2:12-md-02311-SFC-RSW   ECF No. 230-25, PageID.3236   Filed 07/13/12   Page 4 of 6

Page 3

Not Reported in F.Supp.2d, 2005 WL 323750 (S.D.N.Y.), 2005-1 Trade Cases P 74,722
**(Cite as: 2005 WL 323750 (S.D.N.Y.))**

more properly styled a "corollary" rather than an exception.

**\*3** In certain instances, courts have found that Congress "so completely preempt[ed] a particular area that any civil complaint raising this select group of claims is necessarily federal in character." *Metro. Life,* 481 U.S. at 63-64. Therefore, in such cases, removal is proper under 28 U.S.C. § 1441(b), which authorizes any claim that "arises under" federal law to be removed to federal court. *See Beneficial Nat'l Bank,* 539 U.S. at 8; *Caterpillar,* 482 U.S. at 392-93. The Supreme Court has found complete preemption in only three categories of cases: (1) certain claims under the Labor Management Relations Act, *see Beneficial Nat'l Bank,* 539 U.S. at 8; (2) suits brought by a beneficiary under Employment Retirement Income Security Act of 1974, *see id.;* and (3) Indian land grant rights, *see Oneida Indian Nation v. County of Oneida,* 414 U.S. 661, 666-67 (1974). Recently, the Second Circuit also found complete preemption for cases arising under the Securities Litigation Uniform Standards Act. *See Spielman v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,* 332 F.3d 116, 124 n. 5 (2d Cir.2003). The Court of Appeals noted, however, that "the complete preemption doctrine must be applied sparingly and with great restraint." *Id.*

Another "exception" to the well-pleaded complaint rule is the artful pleading doctrine. Under this doctrine, a plaintiff may not avoid removal "by framing in terms of state law a complaint the real nature of [which] is federal, ... or by omitting to plead necessary federal questions in a complaint." *Fax Telecommunicaciones Inc. v. AT & T,* 138 F.3d 479, 486-87 (2d Cir.1998) (quoting *Derrico v. Sheehan Emergency Hosp.,* 844 F.2d 22, 27 (2d Cir.1988)); *see also Marcus,* 138 F.3d at 55-56. Thus, removal is proper if "the elements of the [state law] claim [a]re virtually identical to those of a claim expressly grounded on federal law." *Travelers Indem. Co. v. Sarkisian,* 794 F.2d 754, 760 (2d Cir.1986); *see also In re NASDAQ Market Makers Antitrust Litigation,* 929 F.Supp. 174, 178 (S.D.N.Y.1996) (interpreting *Sarkisian* ).

Where there is a proper basis for removal, a federal district court has jurisdiction over the civil action as well as supplemental jurisdiction over "all other claims that are so related to the claims in the action within such original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367(a). The district court, however, may decline to exercise supplemental jurisdiction over a claim if (1) the claim raises novel or complex issues of state law, (2) the state law claim "substantially dominates" over the federal claim, (3) the district court has dismissed all federal claims, or (4) there are other compelling reasons to decline jurisdiction. 28 U.S.C. § 1367(c)(1)-(4).

B. Analysis

In the present case, Plaintiff argues that this Court lacks subject matter jurisdiction and therefore must remand the action back to state court. Defendants bear the burden of demonstrating that this case is properly in federal court.

**\*4** Although the Parties in this case are diverse, removal is not proper based on diversity jurisdiction because Defendant Knight Trading Group, Inc. is a citizen of New York. *See* 28 U.S.C. § 1441(b) ("Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."). Therefore, Defendants must show that this Court has federal question jurisdiction over the subject matter of this action.

Defendants argue that federal question jurisdiction exists for the following reasons: (1) Plaintiff's claims based on naked short-selling arise under federal securities law, (2) Congress has completely preempted Plaintiff's claims with federal securities laws, and (3) Plaintiff has artfully pleaded an alleged federal antitrust violation as a claim under New York's Donnelly Act.

1. The Donnelly Act and Federal Antitrust Viola- tion

© 2012 Thomson Reuters. No Claim to Orig. US Gov. Works.

Page 4

Not Reported in F.Supp.2d, 2005 WL 323750 (S.D.N.Y.), 2005-1 Trade Cases P 74,722
**(Cite as: 2005 WL 323750 (S.D.N.Y.))**

Defendants argue that Plaintiff artfully pleaded its state antitrust claim under the Donnelly Act to prevent a federal claim under the Sherman Act, 15 U.S.C. § 7 et seq. According to Defendants, interstate commerce dominates the allegations in Plaintiff's complaint and Plaintiff makes no contentions that intrastate conduct, namely New York's local interests, were at all affected by Defendants' conduct. In Defendants' views, the resolution of this claim will turn upon a determination of whether it violated federal law by conducting an interstate conspiracy to restrain trade in an over-the-counter securities exchange market.

According to the Donnelly Act, contracts, or agreements for monopoly or in restraint of trade are illegal and void for those monopolies "in the conduct of any business, trade or commerce or in the furnishing of any service in this state." N.Y. General Business Law § 340(1).

The New York Court of Appeals has not clearly laid out in what circumstances the Donnelly Act is preempted by the federal antitrust trust, the Sherman Act. However, New York courts have determined that "Where the conduct complained of principally affects interstate commerce, with little or no impact on local or intrastate commerce, it is clear that federal antitrust laws operate to preempt the field and oust state courts of jurisdiction." Two Queens, Inc. v. Scoza, 745 N.Y.S.2d 517, 519 (1st Dep't.2002); see also In re Wiring Device Antitrust Litigation, 498 F.Supp. 79, 82 (E.D.N.Y.1980) (stating that where interstate commerce is involved, federal antitrust laws preempt the Donnelly Act) (citing Beltone Electronics Corp. v. Selbst, 1977-2 Trade Cases CCH PP 61,586, 72,387 (Sup.Ct.N.Y.Co.1977), aff'd mem., 403 N.Y.S.2d 1019 (1st Dep't.1978)); Flood v. Kuhn, 443 F.2d 264, 268 (2d Cir.1971), aff'd, 407 U.S. 258 (1972) (court held that because burden on interstate commerce outweighs states' interests in regulating baseball's reserve system, Commerce Clause precludes application of state antitrust law).

*5 In this case, the participants of any alleged Donnelly Act violation are Defendants, Delaware organizations and a New Jersey market maker with their principal places of business in New York and New Jersey, and another New York based company.[FN5] Further, the conspiracy is directed at an electronic, over-the-counter securities exchange, operated by the NASD, a foreign corporation authorized to do business in New York. The stock at issue is that of Plaintiff's, a Virginia corporation with its principal place of business in Virginia. Plaintiff has not put forth any specific allegations in its pleadings of impact on intrastate commerce.

> FN5. As stated above, Plaintiff voluntarily dismissed its claims against the alleged co-conspirators, T.D. Waterhouse.

It appears to the Court that any of the activities alleged to have been committed by Defendants primarily affected interstate commerce. Defendants were dealing with the sale of stocks in a Virginia company, and did not limit its business to any particular state. Defendants are "unquestionably engaged in interstate commerce, [so] those who are damaged from an alleged restraint of trade find a remedy in the federal, not the state antitrust laws." In re Wiring Device, 498 F.Supp. at 82.

The Court finds that Plaintiff's fourth cause of action, alleging a Donnelly Act violation, actually arises under the federal antitrust statute, the Sherman Act.

Because federal question jurisdiction exists based on the Sherman Act, the Court will not address the remaining arguments against remand set forth by Defendants.

Plaintiff's remaining claims arise out of the Defendants' alleged "scheme" to drive down the price of its securities through naked short-selling. Hence, they all "derive from a common nucleus of operative fact ... such that [a plaintiff] would ordinarily be expected to try them all in one proceeding." United Mine Workers v. Gibbs, 383 U.S. 715, 725 (1966). Because there is federal jurisdiction under the Sher-

© 2012 Thomson Reuters. No Claim to Orig. US Gov. Works.

Page 5

Not Reported in F.Supp.2d, 2005 WL 323750 (S.D.N.Y.), 2005-1 Trade Cases P 74,722
**(Cite as: 2005 WL 323750 (S.D.N.Y.))**

man Act, this Court may retain supplemental jurisdiction over the state law claims. These claims are standard common law claims. None are novel or complex in any way, nor do the state law claims predominate over the federal claims.

### III. CONCLUSION

Based on the foregoing reasons, this Court hereby DENIES Plaintiff's Motion to Remand to state court and DENIES Plaintiff's Request for the Recovery of Costs.

Defendants shall answer the Complaint within 30 days of the date of this Order.

SO ORDERED.

S.D.N.Y.,2005.
H-Quotient, Inc. v. Knight Trading Group, Inc.
Not Reported in F.Supp.2d, 2005 WL 323750 (S.D.N.Y.), 2005-1 Trade Cases P 74,722

END OF DOCUMENT

© 2012 Thomson Reuters. No Claim to Orig. US Gov. Works.