# EXHIBIT EE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re: Refrigerant Compressors           Case No. 2:09-md-02042
Antitrust Litigation
                                         Honorable Sean F. Cox
                                         United States District Court

_____/

**ORDER
DISMISSING CERTAIN INDIRECT PURCHASER PLAINTIFFS' CLAIMS
FOR LACK OF CONSTITUTIONAL STANDING**

At a hearing held this date, the Court addressed Defendants' argument that the named Indirect Purchaser ("IP") Plaintiffs lack Constitutional standing to bring claims under the laws of states/territories where no named Indirect Purchaser Plaintiff claims to reside or have been injured. (*See* Docket Entry Nos. 162, 166, 239, and 240)

Defendants contend that the named IP Plaintiffs lack Constitutional standing to bring claims under the laws of states/territories where no named IP Plaintiff claims to reside or have been injured. In response, IP Plaintiffs contend that the Court should defer any ruling on standing until the class certification stage. The federal courts are split on this issue, the Sixth Circuit has not ruled on the issue, and district courts within the Eastern District of Michigan have issued conflicting opinions on the subject. This Court shall follow the approach taken in *In re Packaged Ice Antitrust Litig.*, 779 F.Supp.2d 642, (E.D. Mich. 2011), a recent MDL putative class action in the Eastern District of Michigan involving antitrust and consumer protection act claims asserted under the laws of many states, and address the standing issue now.

The Court concludes that, based upon the allegations in the IP Plaintiffs' current operative master complaint, the Third Consolidated Amended Complaint ("TCAC"), there is at

1

least one named IP Plaintiff with Constitutional Standing to assert claims under the laws of the following states/ territories: 1) Arizona; 2) California; 3) District of Columbia; 4) Kansas; 5) New Hampshire; 6) New Mexico; 7) New York; 8) North Carolina; 9) Michigan; 10) West Virginia; 11) Wisconsin; 12) Rhode Island; 13) Maine; 14) Nebraska; 15) Minnesota; 16) Florida; 17) Tennessee; and 18) Massachusetts.

The Court further concludes that the named IP Plaintiffs lack Constitutional standing to bring claims under the laws of states/territories where no named Indirect Purchaser Plaintiff claims to reside or have been injured. Accordingly, IT IS ORDERED that the IP Plaintiffs' claims asserted under the laws of the following states/territories are DISMISSED: 1) Arkansas; 2) Hawaii;[1] 3) Iowa; 4) Louisiana; 5) Mississippi; 6) Nevada; 7) North Dakota; 8) Puerto Rico; 9) South Dakota; 10) Utah; and 11) Vermont.

A memorandum opinion setting forth the basis for the Court's ruling shall be issued shortly.

IT IS SO ORDERED.

S/Sean F. Cox
Sean F. Cox
United States District Judge

Dated: July 10, 2012

---

[1] The IP Plaintiffs' Second Consolidated Amended Complaint included claims asserted under Hawaii law. Their Third Consolidated Amended Complaint no longer asserts claims under the law of Hawaii but the Indirect Purchaser Plaintiffs had not advised the Court that they intended to dismiss claims asserted under Hawaii law. The Court therefore includes Hawaii here, in the event that claims asserted under Hawaii law were deleted in error.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re: Refrigerant Compressors
Antitrust Litigation

Case No. 2:09-md-02042

Honorable Sean F. Cox
United States District Court

_____/

**PROOF OF SERVICE**

  I hereby certify that a copy of the foregoing document was served upon counsel of record on July 10, 2012, by electronic and/or ordinary mail.

               S/Jennifer Hernandez
               Case Manager