# EXHIBIT FF



Page 1

Not Reported in S.W.3d, 2001 WL 1868946 (Mo.Cir.), 2001-1 Trade Cases P 73,180
**(Cite as: 2001 WL 1868946 (Mo.Cir.))**



UNPUBLISHED OPINION. CHECK COURT RULES BEFORE CITING.

Circuit Court of Missouri.
Korey David IRELAND, Individually and on behalf of All Others Similarly Situated
v.
MICROSOFT CORP.

No. 00CV-201515.
Jan. 24, 2001.

For plaintiff: Staci O. Schorgl of Bryan Cave, Kansas City, Mo.

For defendant: Thomas J. Brill, Redmond, Wash.

JUDGMENT

DEL MURO, J.

**\*1** NOW ON THIS 24th day of January 2001, the court takes up and considers defendant's Motion to Dismiss and Suggestions in Support, filed July 28, 2000, plaintiff's Suggestions in Opposition, filed September 1, 2000, and defendant's Reply filed September 14, 2000. On September 18, 2000, the parties argued the motion to the court. Thereafter, defendant filed a Notice of Filing of Supplemental Authority in Support of Microsoft's Motion to Dismiss, filed October 12, 2000. On December 21, 2000, defendant filed a Second Notice of Filing of Supplemental Authority in Support of Microsoft's Motion to Dismiss. On January 16, 2001, defendant's filed a Third Notice of Filing of Supplemental Authority in Support of Microsoft's Motion to Dismiss. Plaintiff did not file responses to any of defendant's supplemental motions.

IT IS HEREBY ORDERED that defendant's Motion to Dismiss is GRANTED. IT IS FURTHER ORDERED that plaintiff's claims for violations under the Missouri Antitrust Laws and the Missouri Merchandising Practices Act are dismissed with prejudice. IT IS FURTHER ORDERED that plaintiff's allegation of fraud is dismissed without prejudice.

MEMORANDUM

Defendant Microsoft moved to dismiss plaintiff's second amended petition on grounds that plaintiff, an indirect purchaser, lacked standing to sue defendant under the Missouri Antitrust Laws or the Missouri Merchandising Practices Act. It is undisputed that plaintiff had not purchased Windows 98 from Microsoft and therefore made no payment directly to Microsoft.

The court finds that the case of *Illinois Brick Company v. The State of Illinois* [1977-1 TRADE CASES ¶ 61,460], 431 U.S. 720, 97 S.Ct. 2061 (1977), is controlling and applicable to plaintiff's claims under the Missouri Antitrust Laws and the Missouri Merchandising Practices Act (MMPA). It is clear that plaintiff, as an indirect purchaser, lacks standing to sue.

Plaintiff's claims under the MMPA fail, as the Act is limited to persons who purchased goods and services. Licenses are not defined as goods and services.

Plaintiff also presents a claim of fraud. Upon review of plaintiff's second amended petition, plaintiff does not state with particularity any of the elements of fraud. The thrust of plaintiff's second amended petition is alleged violations of antitrust laws. Plaintiff fails to state a claim upon which relief can be granted.

For the reasons stated above, defendant's motion to dismiss is granted.

IT IS SO ORDERED.

Mo.Cir.,2001.
Ireland v. Microsoft Corp.
Not Reported in S.W.3d, 2001 WL 1868946

© 2012 Thomson Reuters. No Claim to Orig. US Gov. Works.

Page 2

Not Reported in S.W.3d, 2001 WL 1868946 (Mo.Cir.), 2001-1 Trade Cases P 73,180
**(Cite as: 2001 WL 1868946 (Mo.Cir.))**

(Mo.Cir.), 2001-1 Trade Cases P 73,180

END OF DOCUMENT

© 2012 Thomson Reuters. No Claim to Orig. US Gov. Works.