# EXHIBIT NN



Page 1

Not Reported in F.Supp.2d, 2002 WL 1335158 (S.D.Fla.)
**(Cite as: 2002 WL 1335158 (S.D.Fla.))**

Only the Westlaw citation is currently available.

United States District Court, S.D. Florida.
Lirio Hector PEREZ, Plaintiff,
v.
RADIOSHACK CORP., Defendant.

No. 01-5095-CIV-SEITZ.
Filed Dec. 20, 2001.
April 23, 2002.

H. Jeffrey Cutler, FTS, De La Cruz & Cutler, Coral Gables, FL, for Lirio Hector Perez, plaintiff.

Michael William Casey, III, FTS, Marlene Quintana Morales, FTS, Muller Mintz, Miami, FL, for Radioshack Corporation, defendant.

*ORDER GRANTING DEFENDANT'S MOTION TO DISMISS*

SEITZ, J.

**\*1** THIS CAUSE is before the Court on Defendant's Motion to Dismiss Plaintiff's Complaint, filed February 25, 2002 [D.E. No. 4]. Plaintiff Lirio Hector Perez ("Perez"), a former employee of Defendant Radioshack Corporation ("Radioshack"), filed a complaint on December 20, 2001, asserting claims for race discrimination under: (1) Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*; (2) 42 U.S.C. § 1981; and (3) the Florida Civil Rights Act of 1992, Fla. Stat., § 760.10. Radioshack now moves to dismiss the Complaint as violative of Fed.R.Civ.P. 10(b). For the reasons stated below, the Court grants the motion.

*BRIEF BACKGROUND*

Plaintiff's Complaint alleges the following. Perez, an African-American male, was employed by Radishack from June 1989 through March 2000. During the last year of his employment, from March 1999 until March 2000, Perez was employed as a store manager. As reflected in his performance evaluations, Perez was consistently rated as an above average employee, and was often called upon to train other store managers.

In December 1999, David De Villavicencio, a Cuban-American male, was appointed as District Manager for the area that encompassed Perez' store. From that point forward, Perez, in addition to several other African-American store managers, began to experience intentional discriminatory treatment from Mr. De Villavicencio. Specifically, the Complaint alleges that Mr. De Villavicencio engaged in intentional discrimination, harassed and verbally abused African-American managers by making racially offensive comments, conducted improper investigations of issues involving African-American employees and managers, intentionally issued poor ratings to stores managed by African-American employees, and terminated, demoted and/or transferred African-American employees based on race. Ultimately, the Complaint alleges that Perez was terminated on account of his race.

*STANDARD OF REVIEW*

The threshold of sufficiency that a complaint must meet to survive a motion to dismiss is exceedingly low. *Ancata v. Prison Health Svcs., Inc.,* 769 F.2d 700, 703 (11th Cir.1985) (citation omitted). As such, courts should accept all the factual allegations in the complaint as true and evaluate all inferences derived from those facts in the light most favorable to the plaintiff. *Hunnings v. Texaco, Inc.,* 29 F.3d 1480, 1483 (11th Cir.1994). Thus, a court should grant a motion to dismiss only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957).

With regard to pleading defects, Rule 12(e) provides, in pertinent part, "[i]f a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading." Fed.R.Civ.P.

© 2012 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d, 2002 WL 1335158 (S.D.Fla.)
**(Cite as: 2002 WL 1335158 (S.D.Fla.))**

Page 2

12(e). In addition, Rule 10(b) requires that "[e]ach claim founded upon a separate transaction or occurrence ... shall be stated in a separate count ... whenever a separation facilitates the clear presentation of the matters set forth." Fed.R.Civ.P. 10(b).

## DISCUSSION

**\*2** Plaintiff's Complaint commingles multiple legal claims in to each count of the Complaint in violation of Rule 10(b). In particular, Count I alleges race discrimination under Title VII, and incorporates therein allegations relating to harassment, disparate treatment, hostile work environment, and failure to supervise claims. Similarly, Count II alleges race and national origin discrimination,[FN1] and incorporates therein disparate treatment pertaining to race and national origin, harassment and termination. Whereas such varied theories of recovery require different elements of proof and different defenses thereto, and because Rule 10(b) expressly requires separating such allegations into separate counts, Perez must amend his complaint.

> FN1. Plaintiff indicates in his response that the allegations relating to "national origin" were inadvertently included in the Complaint. (Pl.'s Resp. at 1). Although Plaintiff asks that such references be stricken, such is more appropriately accomplished by filing an amended complaint.

The same is true with respect to Plaintiff's factual allegations. By incorporating all paragraphs preceding a count into each separate count, Perez makes it "virtually impossible to know which allegations of fact are intended to support which claim(s) for relief." *Anderson v. District Bd. of Trustees of Central Fla. Community College,* 77 F.3d 364, 366 (11th Cir.1996). Such "shotgun pleading," in addition to making it difficult to frame a responsive pleading, also "imperils fundamental principles of due process." *Bonnie L. ex rel. Hadsock v. Bush,* 180 F.Supp.2d 1321, 1348 (S.D.Fla.2001); *see also Dinkins v. Charoen Pokphand,* 133 F.Supp.2d 1254, 1261 (M.D.Ala.2001) ( "[s]hotgun pleadings are not allowed; a lawsuit is not a game of hunt the peanut."). Accordingly, it is

ORDERED that Defendant's Motion to Dismiss Plaintiff's Complaint is GRANTED, and the Complaint is DISMISSED without prejudice. Plaintiff shall file an amended complaint no later than May 3, 2002.

S.D.Fla.,2002.
Perez v. Radioshack Corp.
Not Reported in F.Supp.2d, 2002 WL 1335158 (S.D.Fla.)

END OF DOCUMENT

© 2012 Thomson Reuters. No Claim to Orig. US Gov. Works.