# EXHIBIT WW



Page 1

Not Reported in S.E.2d, 2004 WL 3406119 (N.C.Super.)
**(Cite as: 2004 WL 3406119 (N.C.Super.))**

C
Only the Westlaw citation is currently available.

UNPUBLISHED OPINION. CHECK COURT RULES BEFORE CITING.

Superior Court of North Carolina.
Michael WEAVER, on behalf of himself and all others similarly situated, Plaintiff,
v.
CABOT CORPORATION; Phelps Dodge Corporation; Columbia Chemicals Co .; Degussa Engineered Carbons, LP; Degussa AG; and Degussa Corporation, Defendants.

No. 03 CVS 04760.
March 26, 2004.

*Memorandum and Judgment*
WINNER, Presiding J.

*1 THIS CAUSE coming on to be heard before the undersigned Judge upon a motion to dismiss the complaint for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the North Carolina Rules of Civil Procedure, and the Court having read the memoranda and cases furnished by counsel and heard the arguments of counsel, rules as follows:

*CONTENTIONS OF THE PARTIES*

The Plaintiff contends that under the ruling of the North Carolina Court of Appeals in *Hyde v. Abbott Lab, Inc.,* 123 N.C.App. 572; 473 S.E.2d 680 (1996), the Court of Appeals has held that under the antitrust provisions of Chapter 75 of the General Statutes, it is not necessary that the Plaintiff be a direct purchaser from the Defendant. The Plaintiff further contends that that decision is the controlling authority with regards to this case.

The Defendants contend that the *Hyde* decision is distinguishable in two ways. First, they contend that the *Hyde* case was filed before the effective date of the amendment to the antitrust provisions in Chapter 75, which were amended effective October 1, 1996, and applied only to civil actions filed on or after that date. They also contend that the title of the ratified bill exhibits a legislative intent that the North Carolina Antitrust Law be internally consistent with the Federal Antitrust Laws. Since the Federal Antitrust Laws do not allow a suit except by a direct purchaser from the Defendant, they contend that the Legislature has exhibited by amendment after the *Hyde* decision that North Carolina conform to the Federal interpretation. Secondly, the Defendants contend that the *Hyde* case dealt with a finished product, while this case attempts to deal with alleged price fixing of an ingredient for a product, thus, they contend the Plaintiff is one step farther away from the alleged antitrust violators than the Plaintiff was in the *Hyde* decision.

*OPINION OF THE COURT*

It is the opinion of the undersigned that notwithstanding the enactment of the amendment in 1996, the *Hyde* decision is still the law of this State with respect to the issue of suit by an indirect purchaser. Nevertheless, this Court believes that the General Assembly never intended that the antitrust laws of this State be used in the manner in which the Plaintiff has attempted in this case, and that this case is therefore distinguishable from the *Hyde* case. To rule otherwise would put this Court in an impossible position of attempting to determine whether the alleged price-fixing by an oligopoly of an ingredient used to make tires had anything to do with the price paid by the Plaintiff when he bought the tires. This Court believes that without some allegation and proof that the tire manufacturers themselves were an oligopoly and were fixing prices, that it would be impossible to show the price the Plaintiff paid was not set by the normal laws of supply and demand in our open economic system, and that even if it were possible to show that, there would be no way for the Court to, in any fair or just way, determine an amount the Plaintiff was damaged.

© 2012 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in S.E.2d, 2004 WL 3406119 (N.C.Super.)
**(Cite as: 2004 WL 3406119 (N.C.Super.))**

**\*2** Therefore, it is the opinion of this Court that the General Assembly could not have intended that our Antitrust Statute be used by an indirect purchaser of tires against the manufacturers of an ingredient placed in those tires.

*ORDER*

It is, therefore, ORDERED AND ADJUDGED that the Defendant's motion pursuant to Rule 12(b)(6) is granted, and the case is hereby *DISMISSED*.

N.C.Super.,2004.
Weaver v. Cabot Corp.
Not Reported in S.E.2d, 2004 WL 3406119 (N.C.Super.)

END OF DOCUMENT

© 2012 Thomson Reuters. No Claim to Orig. US Gov. Works.