# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

|  |  |
|---|---|
| IN RE AUTOMOTIVE PARTS ANTITRUST LITIGATION | : Master File No. 12-md-02311 <br> : <br> : Lead Case: W:12-cv-00001-MOB-MKM |
| THIS DOCUMENT RELATES TO: | : **Oral Argument Requested** |
| Product(s): Wire Harnesses | : |
| All Actions | : |

## LEONI AG, LEONI KABEL GMBH, LEONI WIRE INC., LEONI WIRING SYSTEMS, INC. AND LEONISCHE HOLDING INC.'S MOTION TO DISMISS PLAINTIFFS' CONSOLIDATED AMENDED COMPLAINTS

Defendants Leoni AG, Leoni Kabel GmbH, Leoni Wire Inc., Leoni Wiring Systems, Inc. and Leonische Holding Inc. (the "Leoni Defendants"), by and through their counsel, hereby move, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss all counts of the Direct Purchaser Consolidated Amended Class Action Complaint ("DP CAC") (ECF No. 86), the Automobile Dealers Consolidated Class Complaint ("AD CAC") (ECF No. 85) and the End-Payors Corrected Consolidated Amended Class Action Complaint ("EP CAC") (ECF No. 174) (collectively, "Plaintiffs' Complaints") as against the Leoni Defendants, and pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure, to dismiss all counts of Plaintiffs' Complaints as against Leoni AG and Leoni Kabel GmbH. In support of the foregoing Motion, the Leoni Defendants state as follows:

1.  This Motion is based on the grounds discussed below; the Memorandum in Support of Motion contained herein; the Declarations of Robert F. Steiner and Wolfgang Lösch;

the complete files in these consolidated actions; the arguments of counsel; and other further matters as this Court may consider.

      2.      As required by Eastern District of Michigan Local Rule 7.1(a), counsel for the Leoni Defendants sought concurrence from counsel for the Direct Purchaser Plaintiffs on July 6, 2012, counsel for the End-Payor Plaintiffs on July 6, 2012, and counsel for the Automobile Dealer Plaintiffs on July 9, 2012, via telephone conferences. During those calls, counsel for the Leoni Defendants explained the nature of this Motion and its legal basis and requested, but did not obtain, concurrence in the relief sought (*i.e.*, dismissal of Plaintiffs' Complaints).

Respectfully submitted,

July 13, 2012            By:   /s/Michael F. Tubach
Michael F. Tubach
Katherine M. Robison
Benjamin Jones
O'MELVENY & MYERS LLP
Two Embarcadero Center, 28th Floor
San Francisco, CA 94111-3823
(415) 984-8700
(415) 984-8701 (facsimile)
mtubach@omm.com
krobison@omm.com
bjones@omm.com

Michael E. Antalics
O'MELVENY & MYERS LLP
1625 Eye Street, NW
Washington, DC 20006
(202) 383-5300
(202) 383-5414 (facsimile)
mantalics@omm.com

Michael R. Turco (P48705)
BROOKS, WILKINS SHARKEY & TURCO, PLLC
401 South Old Woodward, Suite 400
Birmingham, MI 48009
(248) 971-1713
turco@bwst-law.com

*Attorneys for Defendants Leoni AG, Leoni Kabel GmbH, Leoni Wire Inc., Leoni Wiring Systems, Inc. and Leonische Holding Inc.*

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| IN RE AUTOMOTIVE PARTS ANTITRUST LITIGATION | : Master File No. 12-md-02311 : : Lead Case: W:12-cv-00001-MOB-MKM |
| THIS DUCUMENT RELATES TO: | : **Oral Argument Requested** |
| Product(s): Wire Harnesses | : |
| All Actions | : |

**MEMORANDUM IN SUPPORT OF LEONI DEFENDANTS'
MOTION TO DISMISS PLAINTIFFS'
CONSOLIDATED AMENDED COMPLAINTS**

## STATEMENT OF THE ISSUES

(1) Whether under *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), the Direct Purchaser Plaintiffs, End-Payor Plaintiffs, and Automobile Dealer Plaintiffs (collectively, "Plaintiffs") have failed to allege sufficient facts to meet the minimum requirements for pleading an antitrust conspiracy as to Leoni AG, Leoni Kabel GmbH, Leoni Wire Inc., Leoni Wiring Systems, Inc. and Leonische Holding Inc. (collectively, the "Leoni Defendants").

(2) Whether Plaintiffs' claims should be dismissed against Leoni AG and Leoni Kabel GmbH for lack of personal jurisdiction.

## MOST APPROPRIATE AUTHORITY FOR RELIEF SOUGHT

1. **Insufficiency of Plaintiffs' Complaints under *Bell Atlantic Corp. v. Twombly***

   *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)

   *Carrier Corp. v. Outokumpu Oyj*, 673 F.3d 430 (6th Cir. 2012)

   *In re Refrigerant Compressors Antitrust Litig.*, Case No. 2:09-md-02042-SFC, 2012 WL 2114997 (E.D. Mich. June 11, 2012)

   *In re Travel Agent Comm'n Antitrust Litig.*, 583 F.3d 896 (6th Cir. 2009)

   Fed. R. Civ. P. 12(b)(6)

2. **Lack of Personal Jurisdiction over Leoni AG and Leoni Kabel GmbH**

   *Carrier Corp. v. Outokumpu Oyj*, 673 F.3d 430 (6th Cir. 2012)

   Fed. R. Civ. P. 12(b)(2)

# TABLE OF CONTENTS

                                                                **Page**

I.     SUMMARY OF ARGUMENT ................................................................................................ 1

II.    ARGUMENT ......................................................................................................................... 3

        A.     PLAINTIFFS' COMPLAINTS LACK SUFFICIENT EVIDENTIARY
              FACTS TO STATE A CLAIM AGAINST THE LEONI DEFENDANTS .......... 3

              1.     Plaintiffs' Meager Factual Allegations Regarding the Leoni
                    Defendants Do Not Support Their Conspiracy Allegations ...................... 3

              2.     Plaintiffs' Allegations Are Impermissibly Vague and Conclusory ........... 5

              3.     Plaintiffs' Generic Allegations Against "Defendants" Cannot Save
                    Their Claims Against the Leoni Defendants .............................................. 6

        B.     THE COURT LACKS PERSONAL JURISDICTION OVER LEONI AG
              AND LEONI KABEL GMBH ................................................................................ 6

              1.     This Court May Not Exercise Specific Jurisdiction over Leoni AG ......... 8

              2.     This Court May Not Exercise Specific Jurisdiction over Leoni
                    Kabel GmbH ............................................................................................... 9

              3.     Plaintiffs May Not Rely on the "Conspiracy Theory of
                    Jurisdiction" to Establish Personal Jurisdiction over Leoni AG or
                    Leoni Kabel GmbH .................................................................................... 9

III.   CONCLUSION .................................................................................................................... 10

# **TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*Asahi Metal Indus. Co. v. Superior Court (Cheng Shin Rubber Indus. Co.)*,
    480 U.S. 102 (1987) .................................................................................................. 9

*Bell Atl. Corp v. Twombly*,
    550 U.S. 544 (2007) ........................................................................................... 2, 3, 5

*Bird v. Parsons*,
    289 F.3d 865 (6th Cir. 2002) ..................................................................................... 8

*Carrier Corp. v. Outokumpu Oyj*,
    673 F.3d 430 (6th Cir. 2012) ............................................................................ 3, 6, 7

*Chrysler Corp. v. Fedders Corp.*,
    643 F.2d 1229 (6th Cir. 1981) ................................................................................ 10

*City of Monroe Emps. Ret. Sys. v. Bridgestone*,
    399 F.3d 651 (6th Cir. 2005) ..................................................................................... 9

*Eidson v. Tenn. Dep't of Children's Servs.*,
    510 F.3d 631 (6th Cir. 2007) ..................................................................................... 5

*Fortis Corp. Ins. v. Viken Ship Mgmt.*,
    450 F.3d 214 (6th Cir. 2006) ................................................................................ 7, 8

*Helicopteros Nacionales de Columbia v. Hall*,
    466 U.S. 408 (1984) .................................................................................................. 7

*In re Citric Acid Litig.*,
    191 F.3d 1090 (9th Cir. 1999) ................................................................................... 5

*In re Elevator Antitrust Litig.*,
    502 F.3d 47 (2d Cir. 2007) .................................................................................... 2, 4

*In re Graphics Processing Units Antitrust Litig.*,
    527 F. Supp. 2d 1011 (N.D. Cal. 2007) .................................................................... 5

*In re Packaged Ice Antitrust Litig.*,
    723 F. Supp. 2d 987 (E.D. Mich. 2010) .................................................................... 5

*In re Refrigerant Compressors Antitrust Litig.*,
    No. 2:09-md-02042-SFC, 2012 WL 2114997 (E.D. Mich. June 11, 2012) ...... 2, 4, 6

## TABLE OF AUTHORITIES
## (continued)

**Page(s)**

*In re Travel Agent Comm'n Antitrust Litig.*,
   583 F.3d 896 (6th Cir. 2010) .................................................................................... 2, 3, 5, 6

*Mich. Div. - Monument Builders of N. Am. v. Mich. Cemetery Ass'n*,
   458 F. Supp. 2d 474 (E.D. Mich. 2006) ................................................................................ 6

*S. Mach. Co. v. Mohasco Indus., Inc.*,
   401 F.2d 374 (6th Cir. 1968) ................................................................................................ 7

*Theunissen v. Matthews*,
   935 F.2d 1454 (6th Cir. 1991) .............................................................................................. 7

*Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*,
   552 F.3d 430 (6th Cir. 2008) ............................................................................................ 2, 6

*United States v. Sargent Elec. Co.*,
   785 F.2d 1123 (3d Cir. 1986) ............................................................................................... 4

## RULES

E.D. Mich. LR 7.1 ........................................................................................................................ 1

Fed. R. Civ. P. 12(b)(2) ............................................................................................................ 1, 7

Fed. R. Civ. P. 12(b)(6) .......................................................................................................... 1, 10

Fed. R. Civ. P. 8 ........................................................................................................................... 3

The Leoni Defendants submit this memorandum in support of their motion under Rules 12(b)(2) and 12(b)(6) of the Federal Rules of Civil Procedure and Local Rule 7.1 of the Eastern District of Michigan to dismiss the Direct Purchaser Consolidated Amended Class Action Complaint ("DP CAC") (ECF No. 86), the Automobile Dealers Consolidated Class Complaint ("AD CAC") (ECF No. 85) and the End-Payors Corrected Consolidated Amended Class Action Complaint ("EP CAC") (ECF No. 174) (collectively, the "Complaints" or "Plaintiffs' Complaints") that are asserted against the Leoni Defendants for failure to state a claim upon which relief can be granted, and dismissing all such claims against Leoni AG and Leoni Kabel GmbH for lack of personal jurisdiction.

I.  **SUMMARY OF ARGUMENT**

Plaintiffs' Complaints make no real effort to plead facts tying the Leoni Defendants to any alleged conspiracy to fix prices for automotive wire harness systems products.[1]  Plaintiffs do not point to any agreement that any Leoni Defendant allegedly reached with any other Defendant.  They do not allege that any Leoni Defendant attended even a single meeting with any other Defendant at which prices were discussed, let alone agreed to.  And, of course, Plaintiffs cannot rely on a guilty plea by any Leoni entity because no Leoni entity has pleaded guilty.

In fact, in all of the 740 paragraphs that make up Plaintiffs' Complaints, there are exactly two factual allegations that relate specifically to the Leoni Defendants:  (i) the Leoni Defendants allegedly have a 6% market share in worldwide automotive wire harness systems sales; and

---

[1] The Leoni Defendants join in Defendants' Joint Motion to Dismiss the Direct Purchasers' Consolidated Amended Class Action Complaint and Defendants' Joint Motion to Dismiss the End-Payors' Corrected Consolidated Amended Class Action Complaint and the Automobile Dealers' Consolidated Class Complaint.  The Leoni Defendants file this separate motion to provide additional reasons why Plaintiffs' Complaints should be dismissed specifically as to the Leoni Defendants.

1

(ii) Leoni AG allegedly was raided by European Commission antitrust investigators in early 2010 and is cooperating with European antitrust authorities.[2]  DP CAC ¶¶ 101, 117; AD CAC ¶¶ 145, 170; EP CAC ¶¶ 149, 166.  That's it—the sum and substance of what Plaintiffs allege to keep the Leoni Defendants in this litigation.  These allegations cannot support a Sherman Act claim.  *See, e.g.*, *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 556 (2007); *In re Elevator Antitrust Litig.*, 502 F.3d 47, 52 (2d Cir. 2007).  Market share alone can never support an antitrust claim, and Plaintiffs' market share allegation against the Leoni Defendants is particularly meaningless.  They allege that the Leoni Defendants have only a small fraction of the global market for automotive wire harness systems, and they make no allegations at all concerning the U.S. market.  The allegation regarding the investigation by the European Commission also adds nothing.  In evaluating antitrust claims, courts routinely disregard allegations that the U.S. Department of Justice is investigating a particular market.  Here, the allegation relates to an investigation outside the United States altogether.

Nor are Plaintiffs' claims against the Leoni Defendants saved by the generic allegations against "defendants" generally.  The Sixth Circuit and this Court have repeatedly held such allegations insufficient.  *See, e.g.*, *In re Travel Agent Comm'n Antitrust Litig.*, 583 F.3d 896, 905 (6th Cir. 2010); Exhibit A, *In re Refrigerant Compressors Antitrust Litig.*, No. 2:09-md-02042-SFC, 2012 WL 2114997, at *8 (E.D. Mich. June 11, 2012).  In fact, the Sixth Circuit has specifically directed district courts to determine whether plaintiffs have alleged sufficient "specifics as to the role each [defendant] played in the alleged conspiracy."  *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 436 (6th Cir. 2008).  By any measure, Plaintiffs have failed to do so with respect to the Leoni Defendants.  Plaintiffs'

---

[2] In the DP CAC and AD CAC, Plaintiffs similarly allege that European antitrust authorities are investigating Leoni Kabel GmbH.  DP CAC ¶ 117; AD CAC ¶ 171.

2

Complaints contain none of the "evidentiary facts" of a conspiracy that *Twombly* requires to state a claim, 550 U.S. at 555, and the claims against the Leoni Defendants should be dismissed.

This Court also should dismiss the claims against Leoni AG and Leoni Kabel GmbH for lack of personal jurisdiction. Plaintiffs do not claim that this Court has general jurisdiction over these foreign entities, and they cannot satisfy the three-part test for specific jurisdiction under settled Sixth Circuit law. *See Carrier Corp. v. Outokumpu Oyj*, 673 F.3d 430, 450 (6th Cir. 2012). Leoni AG and Leoni Kabel GmbH have no offices or employees in the United States, and Leoni Kabel GmbH does not even sell the products at issue in this litigation. These entities have not purposefully availed themselves of the United States, and their limited contacts have no substantial connection with Plaintiffs' causes of action. The Court should dismiss these entities from the action for lack of jurisdiction.

## II.   ARGUMENT

### A.   PLAINTIFFS' COMPLAINTS LACK SUFFICIENT EVIDENTIARY FACTS TO STATE A CLAIM AGAINST THE LEONI DEFENDANTS

#### 1.   Plaintiffs' Meager Factual Allegations Regarding the Leoni Defendants Do Not Support Their Conspiracy Allegations

Rule 8 requires Plaintiffs to identify the "specific time, place, or person involved in the alleged conspiracy." *Twombly*, 550 U.S. at 564 n.10; *see also Carrier Corp.*, 673 F.3d at 444-45 ("To survive a motion to dismiss, [plaintiffs' Section One] allegations must be specific enough to establish the relevant who, what, where, when, how and why."). Importantly, Plaintiffs "must specify how [each] defendant [was] involved in the alleged conspiracy." *Carrier Corp.*, 673 F.3d at 444-45 (quoting *Travel Agent*, 583 F.3d at 905). Without this information, a defendant seeking to respond to "conclusory allegations in the § 1 context would have little idea where to begin." *Twombly*, 550 U.S. at 564 n.10.

3

Plaintiffs' minimal factual allegations regarding the Leoni Defendants fail to make out a claim. Plaintiffs do not allege any misconduct by any of the Leoni Defendants, and none of the Leoni Defendants has pled guilty to any conspiracy. Plaintiffs allege that the Leoni entities collectively have 6% of the global market for automotive wire harness systems, but that allegation proves nothing. Being a market participant is not a sufficient basis to make out an antitrust claim, all the more so when the market share is so small and focused on the wrong geographic market. *See United States v. Sargent Elec. Co.*, 785 F.2d 1123, 1127 (3d Cir. 1986) (where "the disputed issue is the existence or scope of the alleged horizontal agreement," plaintiffs must demonstrate that each defendant was "an actual or potential competitor in that market"). Plaintiffs' market share allegations only underscore the scattershot nature of their claims against the Leoni Defendants.[3]

Plaintiffs rely on the allegation that the foreign Leoni Defendants are subject to government investigations in Europe. Plaintiffs do not allege that there is any link between Plaintiffs' allegations in the United States and the investigation in Europe, which makes the allegation irrelevant. *In re Elevator Antitrust Litig.*, 502 F.3d at 52 ("[a]llegations of competitive misconduct in Europe – absent any evidence of linkage between such foreign conduct and conduct here – is merely to suggest . . . that if it happened there, it could have happened here.") (internal quotations omitted).

Moreover, evidence of government investigations are in any event irrelevant. As this Court recently recognized, the mere fact that a government investigation is ongoing "carries no weight in pleading an antitrust conspiracy claim." *Refrigerant Compressors*, 2012 WL

---

[3] Indeed, Plaintiffs appear to have decided which Leoni entities to sue after only a cursory review of the Leoni corporate website. Leoni Kabel GmbH, for instance, does not manufacture any automotive wire harness systems products.

4

2114997, at *6 (quoting *In re Graphics Processing Units Antitrust Litig.*, 527 F. Supp. 2d 1011, 1024 (N.D. Cal. 2007) ("[t]he grand jury investigation is a non-factor")); *cf. In re Packaged Ice Antitrust Litig.*, 723 F. Supp. 2d 987, 1009 (E.D. Mich. 2010) (evidence of a defendant's suspension of its executive vice president for violations of company policy and association with matters under DOJ investigation did "bolster" the plausibility of plaintiffs' allegations).

### 2. Plaintiffs' Allegations Are Impermissibly Vague and Conclusory

Plaintiffs' generic allegations that "Defendants . . . agreed, combined, and conspired to inflate, fix, raise, maintain or artificially stabilize prices" of automotive wire harness systems fail to satisfy the *Twombly* pleading standard. EP CAC ¶ 5; *see also* DP CAC ¶ 107; AD CAC ¶ 5.[4] The Supreme Court has specifically rejected such allegations as insufficient, observing that "a few stray statements speak[ing] directly of agreement . . . are merely legal conclusions resting on [ ] prior allegations." *Twombly*, 550 U.S. at 564. Similarly, the Sixth Circuit has held that bare assertions of an agreement, absent factual allegations concerning the who, what, where, when, how and why of the agreement, are nothing more than legal conclusions "masquerading" as factual allegations. *Travel Agent*, 583 F.3d at 905 (quoting *Eidson v. Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 634 (6th Cir. 2007)). Plaintiffs are not entitled to rely on such vague, conclusory allegations.

---

[4] Plaintiffs' allegations regarding Defendants' attendance at automotive trade shows in the United States are also meaningless. DP CAC ¶ 106; AD CAC ¶ 167; EP CAC ¶ 163. Not only are these allegations impermissibly generic, but "[a]ttendance at industry trade shows and events is presumed legitimate and is not a basis from which to infer a conspiracy, without more." *In re Graphics Processing Units Antitrust Litig.*, 527 F. Supp. 2d at 1023 (citing *In re Citric Acid Litig.*, 191 F.3d 1090, 1098 (9th Cir. 1999)).

5

### 3. Plaintiffs' Generic Allegations Against "Defendants" Cannot Save Their Claims Against the Leoni Defendants

Instead of identifying how each Defendant was involved in the conspiracy, Plaintiffs rely on conclusory allegations regarding the "defendants." *See, e.g.*, EP CAC ¶ 5; *see also* DP CAC ¶ 107; AD CAC ¶ 5. However, the Sixth Circuit has expressly rejected such allegations as inadequate, holding that "[g]eneric pleading, alleging misconduct against defendants without specifics as to the role each played in the alleged conspiracy, was specifically rejected under *Twombly*." *Total Benefits*, 552 F.3d at 436; *see also Travel Agent*, 583 F.3d at 905 ("reliance on . . . indeterminate assertions [against generic "defendants" and "defendants' executives"] is misplaced because they represent precisely the type of naked conspiratorial assertions rejected by the Supreme Court in *Twombly*.").

Similarly, this Court recently rejected an antitrust complaint alleging a conspiracy where its allegations were "vague and reference[d] 'Defendants' without specific factual allegations as to the numerous individual defendants named in [the] case." *Refrigerant Compressors*, 2012 WL 2114997, at *8. In *Refrigerant Compressors*, this Court held that guilty pleas entered by some defendants alone were insufficient to maintain a claim as to non-pleading defendants. *Id*. *See also Mich. Div. - Monument Builders of N. Am. v. Mich. Cemetery Ass'n*, 458 F. Supp. 2d 474, 485 (E.D. Mich. 2006) (holding that plaintiffs cannot "escape their burden of alleging that each defendant participated in or agreed to join the conspiracy . . . ."). Plaintiffs' generic allegations regarding the "defendants" cannot support a claim against the Leoni Defendants.

### B. THE COURT LACKS PERSONAL JURISDICTION OVER LEONI AG AND LEONI KABEL GMBH

A court can only exercise personal jurisdiction over a foreign defendant in an antitrust case if that defendant has "sufficient minimum contacts with the United States" to satisfy the due process requirements under the Fifth Amendment. *Carrier Corp.*, 673 F.3d at 449. "This

6

inquiry parallels the more traditional personal-jurisdiction analysis under which a defendant must have 'minimum contacts' with the forum state pursuant to the state's long-arm statute." *Id.* at 449-50.  Plaintiffs bear the burden of establishing personal jurisdiction.  *Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir. 1991).  Leoni AG and Leoni Kabel GmbH do not have the required "minimum contacts" with the United States, and Plaintiffs' claims against them should be dismissed pursuant to Fed. R. Civ. P. 12(b)(2).

There are two types of personal jurisdiction:  general and specific.  General jurisdiction exists when a defendant has "continuous and systematic contacts with the [United States] sufficient to justify the [court's] exercise of judicial power with respect to any and all claims." *Fortis Corp. Ins. v. Viken Ship Mgmt.*, 450 F.3d 214, 218 (6th Cir. 2006).  Plaintiffs do not allege facts suggesting that this Court can exercise general jurisdiction over Leoni AG or Leoni Kabel GmbH.  Nor could they.  Neither entity has offices, personnel, or registered agents for service in the United States, neither pays taxes in the United States, and neither even maintains an address, telephone, or facsimile number in the United States.  *See* Exhibit B, Declaration of Robert F. Steiner ("Leoni AG Decl.") ¶¶ 6-11; Exhibit C, Declaration of Wolfgang Lösch ("Leoni Kabel Decl.") ¶¶ 6-11.

Specific jurisdiction subjects the defendant to "suit in the forum only on claims that arise out of or relate to a defendant's contacts with the forum." *Helicopteros Nacionales de Columbia v. Hall*, 466 U.S. 408, 414 (1984).  To establish specific jurisdiction, the plaintiff must show that (1) the defendant purposefully availed itself of the privilege of acting or causing a consequence in the United States; (2) the cause of action arises from those activities; and (3) the Defendants' acts or the consequences of those acts have a substantial enough connection with the United States to make the exercise of jurisdiction over them reasonable.  *Carrier Corp.*, 673 F.3d at 450

7

(quoting *S. Mach. Co. v. Mohasco Indus., Inc.*, 401 F.2d 374, 381 (6th Cir. 1968)).  As explained below, and as supported by the affidavits of Leoni AG and Leoni Kabel GmbH submitted herewith, Plaintiffs cannot meet this standard.

### 1. This Court May Not Exercise Specific Jurisdiction over Leoni AG

Leoni AG has nowhere near the requisite contacts with the United States to satisfy the requirements for the exercise of specific jurisdiction.  In fact, Plaintiffs cannot even satisfy the first prong of *Southern Machine Co.*'s three-part test—purposeful availment—because that requires that Leoni AG have "engaged in some overt actions" connecting it with the United States.  *Fortis*, 450 F.3d at 218.  Leoni AG is merely the German holding company for the Leoni group worldwide and does not manufacture or sell any products whatsoever, let alone automotive wire harness systems that end up in the United States.  *See* Leoni AG Decl. ¶ 4.  Rather, Leoni AG's functional role is to provide administrative support services, such as cash pooling services and information technology support, to Leoni group entities throughout the world.  *See id.* ¶ 5.  That is not enough to subject Leoni AG to specific jurisdiction in the United States.

Further, Plaintiffs' causes of action do not arise from Leoni AG's *de minimis* contacts with the United States, as required under the second prong of the *Southern Machine Co.* test.  The Sixth Circuit requires a "substantial connection" between the cause of action and the defendant's in-forum activities, and Plaintiffs cannot satisfy that standard.  *Bird v. Parsons*, 289 F.3d 865, 867 (6th Cir. 2002).  There is simply no connection between the limited administrative services that Leoni AG provides to its United States subsidiaries and the allegations in Plaintiffs' Complaints.

Finally, given the lack of any substantial connection between Leoni AG and the United States, the exercise of jurisdiction over Leoni AG would be unreasonable.  As the Sixth Circuit has recognized, "great care and reserve should be exercised when extending our notions of

8

personal jurisdiction into the international field," as the "unique burdens" faced by a foreign litigant "should have significant weight in assessing the reasonableness of stretching the long arm of personal jurisdiction over national borders." *City of Monroe Emps. Ret. Sys. v. Bridgestone*, 399 F.3d 651, 666 (6th Cir. 2005) (quoting *Asahi Metal Indus. Co. v. Superior Court (Cheng Shin Rubber Indus. Co.)*, 480 U.S. 102, 115 (1987)).  Leoni AG would indeed face a "unique" and heavy burden if required to participate in this litigation.  Leoni AG does not engage in commerce in the United States, and all of the documents and witnesses within its control are based in Nuremberg, Germany.

### 2. This Court May Not Exercise Specific Jurisdiction over Leoni Kabel GmbH

Leoni Kabel GmbH has few contacts with the United States, none of which are related to the claims in this suit.  Leoni Kabel GmbH is a subsidiary of Leoni AG and is based in Roth, Germany.  Leoni Kabel GmbH manufactures and sells a variety of products, none of which is included in the definitions of Automotive Wire Harness Systems or Automotive Wire Harness Products in this litigation.  DP CAC ¶ 10; AD CAC ¶ 3; EP CAC ¶ 3.  Leoni Kabel GmbH does not have any connection to the Leoni subsidiaries involved, or the products at issue, in this litigation.  *See* Leoni Kabel Decl. ¶¶ 4, 13-16.

Similarly, Plaintiffs cannot establish a substantial connection between Leoni Kabel GmbH's contacts with the United States and the subject matter of this litigation.  There is no connection between the products that Leoni Kabel GmbH sells in the United States and the Automotive Wire Harness Systems at issue here.  Given these facts, exercising specific jurisdiction over Leoni Kabel GmbH would be unreasonable.

9

### 3. Plaintiffs May Not Rely on the "Conspiracy Theory of Jurisdiction" to Establish Personal Jurisdiction over Leoni AG or Leoni Kabel GmbH

Although Plaintiffs have made generic, factually unsupported allegations that Defendants were engaged in an illegal price-fixing conspiracy, those allegations are categorically insufficient to support the exercise of the "conspiracy theory of jurisdiction" over Leoni AG or Leoni Kabel GmbH. While the Sixth Circuit has not expressly accepted or rejected this basis for jurisdiction, it has held that "totally unsupported allegations of conspiracy cannot constitute sufficient contacts with [the forum] to justify an exercise of personal jurisdiction over [defendant] by the District Court." *Chrysler Corp. v. Fedders Corp.*, 643 F.2d 1229, 1237 (6th Cir. 1981). Plaintiffs' conspiracy allegations are both defective under Rule 12(b)(6) and the type of "totally unsupported allegations" that cannot support the exercise of personal jurisdiction under a conspiracy theory of jurisdiction. Plaintiffs may not rely on such bare allegations to support the exercise of personal jurisdiction over Leoni AG and Leoni Kabel GmbH.

## III. CONCLUSION

For the reasons stated above, as well as those in Defendants' Joint Motion to Dismiss the Direct Purchasers' Consolidated Amended Class Action Complaint and Defendants' Joint Motion to Dismiss the End-Payors' Corrected Consolidated Amended Class Action Complaint, the Leoni Defendants respectfully request that Plaintiffs' Complaints be dismissed as against the Leoni Defendants, with prejudice.

Respectfully submitted,

July 13, 2012   By:   /s/Michael F. Tubach
Michael F. Tubach
Katherine M. Robison
Benjamin Jones
O'MELVENY & MYERS LLP
Two Embarcadero Center, 28th Floor
San Francisco, CA 94111-3823
(415) 984-8700
(415) 984-8701 (facsimile)
mtubach@omm.com
krobison@omm.com
bjones@omm.com

Michael E. Antalics
O'MELVENY & MYERS LLP
1625 Eye Street, NW
Washington, DC 20006
(202) 383-5300
(202) 383-5414 (facsimile)
mantalics@omm.com

Michael R. Turco (P48705)
BROOKS, WILKINS SHARKEY & TURCO, PLLC
401 South Old Woodward, Suite 400
Birmingham, MI  48009
(248) 971-1713
turco@bwst-law.com

*Attorneys for Defendants Leoni AG, Leoni Kabel GmbH, Leoni Wire Inc., Leoni Wiring Systems, Inc. and Leonische Holding Inc.*

## CERTIFICATE OF SERVICE

       I hereby certify that on July 13, 2012, I caused the foregoing Motion to Dismiss Plaintiffs' Consolidated Amended Complaints and Memorandum in Support of Motion to Dismiss Plaintiffs' Consolidated Amended Complaints to be served upon Direct Purchaser Interim Lead and Liaison Counsel, Automobile Dealer Interim Lead and Liaison Counsel, and End-Payor Interim Lead and Liaison Counsel by filing said document via ECF in accordance with Case Management Order No. 1.


Dated: July 13, 2012                     By:   /s/ Michael F. Tubach
                                                              Michael F. Tubach