## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

|  |  |  |
|---|---|---|
| | : | Master File No. 12-md-02311 |
| IN RE AUTOMOTIVE PARTS | : | Honorable Marianne O. Battani |
| ANTITRUST LITIGATION | : | Honorable Mona Majzoub |
| _____/ | : | |
| | : | |
| PRODUCT(S): | : | |
| | : | |
| WIRE HARNESS SYSTEMS | : | |
| | : | |
| _____ | : | |
| | : | |
| THIS DOCUMENT RELATES TO: | : | |
| | : | |
| END PAYOR ACTIONS | : | **ORAL ARGUMENT REQUESTED** |
| _____/ | | |

**CERTAIN DEFENDANTS' MOTION TO DISMISS CERTAIN END PAYOR
COMPLAINTS FOR LACK OF PERSONAL JURISDICTION AND/OR IMPROPER
VENUE IN THE TRANSFEROR DISTRICTS PURSUANT TO FEDERAL RULES OF
CIVIL PROCEDURE 12(b)(2) AND 12(b)(3)**

Defendants Yazaki Corporation ("Yazaki Japan"), Kyungshin-Lear Sales and Engineering, LLC ("KL Sales")[1], Furukawa Electric Co., Ltd. ("Furukawa") and American Furukawa, Inc. ("AFI") (collectively, the "Moving Defendants") respectfully move, pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(3), for an Order dismissing certain of the civil actions filed against them for either (1) lack of personal jurisdiction only pursuant to Fed. R. Civ. P. 12(b)(2) or (2) lack of personal jurisdiction and improper venue pursuant to Fed. R. Civ. P. 12(b)(2) and (3).  As to each Moving Defendant, the Motion is directed at those jurisdictions in which End Payor Actions were originally filed and for which, as to a particular Moving Defendant, personal jurisdiction is lacking and/or venue is not proper, as specified below.

In support of the foregoing Motion, the Moving Defendants state as follows:

1.      The Moving Defendants base this Motion upon the accompanying memorandum of law in support, oral argument of counsel, and such other and further material as the Court may consider.

2.      As required by E.D. Mich. Local Rule 7.1(a), counsel for Yazaki Corporation, communicating on behalf of the Moving Defendants, sought concurrence from counsel for the End Payor Plaintiffs in a series of communications by email and phone, including, most recently, by phone, on July 10, 2012.  During those calls, counsel for Yazaki Corporation, communicating on behalf of the Moving Defendants, explained the nature of this Motion and its legal basis and requested, but did not obtain, concurrence in the relief sought (*i.e.*, dismissal of the original complaints in the identified transferor districts).

---

[1]  KL Sales is not named in any end-payor complaints filed in California or West Virginia.  To the extent that the End-Payors contend that they added KL Sales to those actions by filing their Corrected Consolidated Amended Class Action Complaint (Doc. No. 174), KL Sales objects and joins this Motion out of an abundance of caution.

| Defendant | Districts And Actions | Lack Of Venue and Lack of Personal Jurisdiction Under Clayton Act | Lack of Venue Under 28 U.S.C. § 1391 | Lack of Personal Jurisdiction Under State Law Where District Is Located |
|---|---|---|---|---|
| Yazaki Japan | NORTHERN DISTRICT OF CALIFORNIA<br><br>*Budner, et al. v. Delphi Automotive LLP, et al.,* Case No. 3:11-cv-5477:<br><br>*Bott, et al.  v. Delphi Automotive LLP, et al.,* Case No. 3:11-cv-04949:<br><br>*Barron v. Delphi Automotive LLP, et al.,* Case No. 3:12-cv-00839:<br><br>SOUTHERN DISTRICT OF WEST VIRGINIA<br><br>*Nickell, et al. v. Delphi Automotive LLP, et al.,* Case No. 5:12-00079 | Yes | No | Yes |
| KL Sales | NORTHERN DISTRICT OF CALIFORNIA<br><br>*Budner, et al. v. Delphi Automotive LLP, et al.,* Case No. 3:11-cv-5477:<br><br>*Bott, et al.  v. Delphi Automotive LLP, et al.,* Case No. 3:11-cv-04949: | Yes | Yes | Yes |

| Defendant | Districts And Actions | Lack Of Venue and Lack of Personal Jurisdiction Under Clayton Act | Lack of Venue Under 28 U.S.C. § 1391 | Lack of Personal Jurisdiction Under State Law Where District Is Located |
|---|---|---|---|---|
| | *Barron v. Delphi Automotive LLP, et al.*, Case No. 3:12-cv-00839: <br><br> <u>SOUTHERN DISTRICT OF WEST VIRGINIA</u> <br><br> *Nickell, et al. v. Delphi Automotive LLP, et al.*, Case No. 5:12-00079 | | | |
| Furukawa Electric Co., Ltd. | <u>SOUTHERN DISTRICT OF WEST VIRGINIA</u> <br><br> *Nickell, et al. v. Delphi Automotive LLP, et al.*, Case No. 5:12-00079 | Yes | No | Yes |
| American Furukawa, Inc. | <u>SOUTHERN DISTRICT OF WEST VIRGINIA</u> <br><br> *Nickell, et al. v. Delphi Automotive LLP, et al.*, Case No. 5:12-00079 | Yes | Yes | Yes |

Respectfully Submitted,

LANE POWELL PC

July 13, 2012          By:     /s/Larry S. Gangnes
                               Larry S. Gangnes
                               LANE POWELL PC
                               1420 Fifth Ave., Suite 4100
                               Seattle, WA  98101-2338
                               Telephone:  (206) 223-7000
                               Facsimile:  (206) 223-7107
                               gangnesl@lanepowell.com

                               Craig D. Bachman
                               Kenneth R. Davis II
                               Masayuki Yamaguchi
                               Darin M. Sands
                               LANE POWELL PC
                               ODS Tower
                               601 SW Second Ave., Suite 2100
                               Portland, OR  97204-3158
                               Telephone:  (503) 778-2100
                               Facsimile:  (503) 778-2200
                               bachmanc@lanepowell.com
                               davisk@lanepowell.com
                               yamaguchim@lanepowell.com
                               sandsd@lanepowell.com

                               Irwin Alterman
                               KEMP KLEIN LAW FIRM
                               201 W. Big Beaver, Suite 600
                               Troy, MI  48084
                                248-528-1111
                               irwin.alterman@kkue.com

                               *Attorneys for Defendants American Furukawa, Inc.
                               and Furukawa Electric Co., Ltd.*

SMITH, GAMBRELL & RUSSELL, LLP

July 13, 2012                    By:    /s/Wm. Parker Sanders
                                         Wm. Parker Sanders (Georgia Bar No. 626020)
                                         Promenade II, Suite 3100
                                         1230 Peachtree Street, N.E.
                                         Atlanta, Georgia 30309
                                         (404) 815-3684
                                         psanders@sgrlaw.com

                                         Jeffrey G. Heuer (P14925)
                                         Peter M. Falkenstein (P61375)
                                         JAFFE, RAITT, HEUER & WEISS, P.C.
                                         27777 Franklin Rd., Ste. 2500
                                         Southfield, MI 48034
                                         (248) 351-3000
                                         jheuer@jaffelaw.com
                                         pfalkenstein@jaffelaw.com

                                         *Attorney for Defendant Kyungshin-Lear Sales and
                                         Engineering, LLC*

                                         JONES DAY

July 13, 2012                    By:    /s/John M. Majoras
                                         John M. Majoras
                                         Carmen G. McLean
                                         JONES DAY
                                         51 Louisiana Ave. N.W.
                                         Washington, D.C. 20001-2113
                                         Tel. (202) 879-3939
                                         Fax (202) 626-1700
                                         jmmajoras@jonesday.com
                                         cgmclean@jonesday.com

Michelle K. Fischer
Stephen J. Squeri
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, OH 44114
Tel. (216) 586-3939
Fax (216) 579-0212
mfischer@jonesday.com
sjsqueri@jonesday.com

*Attorneys for Defendants Yazaki Corporation*

.

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

|  |  |  |
|---|---|---|
| _____/ | : | Master File No. 12-md-02311 |
| IN RE AUTOMOTIVE PARTS | : | Honorable Marianne O. Battani |
| ANTITRUST LITIGATION | : | Honorable Mona Majzoub |
| _____/ : |  |  |
|  | : |  |
| PRODUCT(S): | : |  |
|  | : |  |
| WIRE HARNESS SYSTEMS | : |  |
|  | : |  |
| _____: |  |  |
|  | : |  |
| THIS DOCUMENT RELATES TO: | : |  |
|  | : |  |
| END PAYOR ACTIONS | : |  |
| _____/ |  |  |

**MEMORANDUM IN SUPPORT OF CERTAIN DEFENDANTS'
MOTION TO DISMISS CERTAIN END PAYOR COMPLAINTS FOR LACK OF
PERSONAL JURISDICTION AND/OR IMPROPER VENUE
IN THE TRANSFEROR DISTRICTS PURSUANT TO
<u>FEDERAL RULES OF CIVIL PROCEDURE 12(b)(2) AND 12(b)(3)</u>**

## <u>TABLE OF CONTENTS</u>

**Page**

STATEMENT OF THE ISSUES PRESENTED ........................................................................iii

STATEMENT OF CONTROLLING OR MOST APPROPRIATE AUTHORITIES.................iv

TABLE OF AUTHORITIES ........................................................................................................ v

INDEX OF EXHIBITS ..............................................................................................................vii

I.      INTRODUCTION................................................................................................................ 1

II.     BACKGROUND.................................................................................................................. 2

        A.      The Defendants ........................................................................................................ 2

                1.      Yazaki Japan ................................................................................................. 2

                2.      KL Sales........................................................................................................ 3

                3.      American Furukawa, Inc. (AFI).................................................................... 4

                4.      Furukawa Electric Co., Ltd. ("FEC") ......................................................... 4

        B.      The Complaints........................................................................................................ 5

III.    ARGUMENT ...................................................................................................................... 7

        A.      Plaintiff Bears The Burden Of Establishing That Venue Is Proper In Each
                Of The  Transferor Districts And That The Court Can Exercise Personal
                Jurisdiction Over  The Moving Defendants In Each Of The Districts That
                Are The Subject Of The 12(b)(2) And 12(b)(3) Motion........................................ 7

        B.      Neither Venue Nor Personal Jurisdiction Can Be Established Under Section
                12 Of The Clayton Act (15 U.S.C. § 22) ............................................................... 8

        C.      Because Venue Is Not Proper Under 28 U.S.C. § 1391(b), The Rule
                12(b)(3) Motion Should Be Granted For The Moving Defendants That Are
                Resident In The United States................................................................................ 11

        D.      Because The Exercise Of Personal Jurisdiction Would Violate Due
                Process, The Rule 12(b)(2) Motion Should Be Granted As To All Moving
                Defendants. ........................................................................................................... 13

                1.      The Moving Defendants Have Not Purposefully Availed
                        Themselves Of The Privilege Of Acting In The Jurisdictions
                        At Issue .................................................................................................... 14

2.     The Causes Of Action Do Not Arise From The Moving Defendants' Activity In The Jurisdictions At Issue .................................................... 15

3.     The Moving Defendants' Lack Of Connection With The Jurisdictions At Issue Makes The Exercise Of Jurisdiction Over Them In Those Transferor Jurisdictions Unreasonable ................................................... 16

IV.    CONCLUSION ............................................................................................... 16

## STATEMENT OF THE ISSUES PRESENTED

1.     Whether the Court should dismiss *Budner, et al. v. Delphi Automotive LLP, et al.*, Case No. 3:11-cv-5477 (N.D. Calif.), *Bott, et al.  v. Delphi Automotive LLP, et al.*, Case No. 3:11-cv-04949 (N.D. Calif.), *Barron v. Delphi Automotive LLP, et al.*, Case No. 3:12-cv-00839 (N.D. Calif.) and *Nickell, et al. v. Delphi Automotive LLP, et al.*, Case No. 5:12-00079 (S.D. W. Va.) against Yazaki Corporation for lack of personal jurisdiction.

2.     Whether the Court should dismiss *Budner, et al. v. Delphi Automotive LLP, et al.*, Case No. 3:11-cv-5477 (N.D. Calif.), *Bott, et al.  v. Delphi Automotive LLP, et al.*, Case No. 3:11-cv-04949 (N.D. Calif.), *Barron v. Delphi Automotive LLP, et al.*, Case No. 3:12-cv-00839 (N.D. Calif.) and *Nickell, et al. v. Delphi Automotive LLP, et al.*, Case No. 5:12-00079 (S.D. W. Va.) against Kyungshin-Lear Sales and Engineering, LLC for lack of personal jurisdiction and improper venue.

3.     Whether the Court should dismiss *Nickell, et al. v. Delphi Automotive LLP, et al.*, Case No. 5:12-00079 (S.D. W. Va.) against American Furukawa, Inc. for lack of personal jurisdiction and improper venue.

4.     Whether the Court should dismiss *Nickell, et al. v. Delphi Automotive LLP, et al.*, Case No. 5:12-00079 (S.D. W. Va.) against Furukawa Electric Co., Ltd. for lack of personal jurisdiction.

## <u>STATEMENT OF CONTROLLING OR MOST APPROPRIATE AUTHORITIES</u>

**Cases**

*Asahi Metal Industry Co,. v. Superior Court of California, Solano County*, 480 U.S. 102 (1987)

*Calphalon Corp. v. Rowlette*, 228 F.3d 718 (6th Cir. 2000)

*Daniel v. American Bd. of Emergency Medicine*, 428 F.3d 408 (2d Cir. 2005)

*GTE New Media Services Inc. v. Bellsouth Corp.*, 199 F.3d 1343 (D.C. Cir. 2000)

*Kerry Steel, Inc. v. Paragon Indus., Inc.*, 106 F.3d 147, 149 (6th Cir. 1997).

**Statutes**

Section 12 of the Clayton Act (15 U.S.C. § 22)

28 U.S.C. § 1391

28 U.S.C. § 1407(a)

**Rules**

Fed. R. Civ. P. 12(b)(2)

Fed. R. Civ. P. 12(b)(3)

# TABLE OF AUTHORITIES

**Page**

## CASES

*Armstrong v. LaSalle Bank Nat'l Ass'n.,*
    552 F.3d 613 (7th Cir. 2009) .......................................................................................6

*Asahi Metal Industry Co,. v. Superior Court of California, Solano County,*
    480 U.S. 102 (1987) ...........................................................................................15, 16

*Calphalon Corp. v. Rowlette,*
    228 F.3d 718 (6th Cir. 2000) ...............................................................................14, 15

*Children's Orchard, Inc. v. Children's Orchard Store #142, Inc.,*
    No. 10-10143, 2010 WL 2232440 (E.D. Mich. May 28, 2010) ...................................7

*CollegeSource, Inc. v. AcademyOne, Inc.,*
    653 F.3d 1066 (9th Cir. 2011) (California law) .........................................................13

*Daniel v. American Bd. of Emergency Medicine,*
    428 F.3d 408 (2d Cir. 2005) .......................................................................................9

*Eastman Kodak Co. of N.Y. v. So. Photo Materials Co.,*
    273 U.S. 359 (1927) ..................................................................................................10

*Eastman Outdoors Inc. v. Archery Trade Ass'n., Case*
    No. 05-74015, 2006 WL 1662641 (E.D. Mich. June 6, 2006) (Battani, J.) ................11

*Goldlawr, Inc. v. Heiman,*
    288 F.2d 579 (2d Cir. 1961),
    *rev'd on other grounds,* 369 U.S. 463 (1962) ..............................................................9

*GTE New Media Services Inc. v. Bellsouth Corp.,*
    199 F.3d 1343 (D.C. Cir. 2000) .............................................................................9, 10

*Helicpteros Nacionales de Colombia S.A. v. Hall,*
    466 U.S. 408 (1984) ..................................................................................................13

*In re Celotex Corp.,*
    124 F.3d 619 (4th Cir. 1997) ....................................................................................13

*Kerry Steel, Inc. v. Paragon Indus., Inc.,*
    106 F.3d 147 (6th Cir. 1997) .............................................................................7, 13, 14

*LAK, Inc. v. Deer Creek Enters.,*
    885 F.2d 1293 (6th Cir. 1989) ..............................................................................14, 15

v

*Mgmt. Insights, Inc. v. CIC Enters., Inc.,*
  194 F. Supp. 2d 520 (N.D. Tex. 2001) ...................................................................10

*Nationwide Mut. Ins. Co. v. Tryg Int'l Ins. Co.,*
  91 F.3d 790 (6th Cir. 1996) ..................................................................................16

*Palnik v. Westlake Entertm't, Inc.,*
  344 Fed. Appx. 249 (6th Cir. 2009) ......................................................................15

*Reynolds v. Int'l Amateur Athletic Fed'n,*
  23 F.3d 1110 (6th Cir. 1994) ................................................................................14

*So. Machine Co. v. Mohasco Indus., Inc.,*
  401 F.2d 374 (6th Cir. 1968) ................................................................................14

*United States v. Scophony Corp of America.,*
  333 U.S. 795 (1948) ..............................................................................................10

## STATUTES

15 U.S.C. § 22 ...............................................................................................8, 9, 10

28 U.S.C. § 1391(b)(1) ...........................................................................................11

28 U.S.C. § 1391(b)(2) .........................................................................................6, 12

28 U.S.C. § 1391(b)(3) ...........................................................................................11

28 U.S.C. § 1391(c) .............................................................................................12, 13

28 U.S.C. § 1391(c)(2) ...............................................................................................6

28 U.S.C. § 1391(d) ........................................................................................8, 11, 12

28 U.S.C. § 1407(a) ...................................................................................................2

## RULES

Fed. R. Civ. P. 4(k)(1)(C) ..........................................................................................7

Fed. R. Civ. P. 8(a)(1) ...............................................................................................5

## OTHER AUTHORITIES

5B Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure § 1352
  (3d ed. 2004) ............................................................................................................7

Hovenkamp, Herbert, *Personal Jurisdiction and Venue In Private Antitrust Actions
  in the Federal Courts: A Policy Analysis*, 67 Iowa L. Rev. 485, 509 (1982) ...........11

## INDEX OF EXHIBITS

| EXHIBIT A | LIST OF CASES FROM THE NORTHERN DISTRICT OF CALIFORNIA AND SOUTHERN DISTRICT OF WEST VIRGINIA TO WHICH THE FEDERAL RULE OF CIVIL PROCEDURE 12(B)(2) AND 12(B)(3) MOTIONS ARE DIRECTED |
|---|---|
| EXHIBIT B | DECLARATION OF RYUJI TSUCHIYA FOR YAZAKI CORPORATION |
| EXHIBIT C | DECLARATION OF CHARLES KIM FOR KYUNGSHIN-LEAR SALES AND ENGINEERING, LLC |
| EXHIBIT D | DECLARATON OF DAVID NOBLE FOR AMERICAN FURUKAWA, INC. |
| EXHIBIT E | DECLARATION OF NAOTAKA MORITA FOR FURUKAWA ELECTRIC CO., LTD. |
| EXHIBITS F AND G | COPIES OF UNPUBLISHED AUTHORITY CITED IN MEMORANDUM IN SUPPORT OF MOTION |

## I.    INTRODUCTION

Defendants Yazaki Corporation ("Yazaki Japan"), Kyungshin-Lear Sales and Engineering, LLC ("KL Sales"), Furukawa Electric Co., Ltd. ("Furukawa"), and American Furukawa, Inc. ("AFI") (collectively the "Moving Defendants") respectfully submit this Memorandum in Support of their Fed. R. Civ. P. 12(b)(2) and 12(b)(3) motion to dismiss with respect to each of the transferor jurisdictions set forth in Defendants' Motion being filed contemporaneously herewith.  Defendants Yazaki Japan and Furukawa ("Foreign Moving Defendants") move to dismiss the claims originally filed in the specified districts for lack of personal jurisdiction.  Defendants KL Sales and AFI ("Resident Moving Defendants") move to dismiss the claims originally filed in the specified districts for lack of personal jurisdiction and improper venue.  As discussed below, the Moving Defendants cannot be found and do not transact business in the Automotive Wire Harness System products at issue in this case in the specified districts for each of them that are the subject of this Motion, and there is otherwise no basis for requiring them to defend the alleged claims brought in those districts.  Accordingly, there is no basis for transferring the End Payors' claims back to the transferor districts at the conclusion of pre-trial proceedings, and the Court should therefore dismiss those claims at this juncture.

The Moving Defendants' Motion is **not** directed at any of the civil actions filed in the Eastern District of Michigan.  It is directed only at certain of the civil actions included in the Corrected Consolidated Amended Complaint for the End Payor Plaintiffs (Doc. No. 174 ("EP CAC")**,** including civil actions filed in the Northern District of California and Southern District

of West Virginia.[2]   These actions were transferred by the Panel for Multidistrict Litigation to the

Eastern District of Michigan only for pretrial proceedings pursuant to 28 U.S.C. § 1407(a).

Section 1407(a) provides, in relevant part, that "[e]ach action so transferred shall be remanded by

the panel at or before the conclusion of such pretrial proceedings to the district from which it was

transferred unless it shall have been previously terminated."  Moving Defendants are bringing

this challenge to personal jurisdiction and/or venue at this time in order to avoid a waiver of

these defenses under Fed. R. Civ. P. 12(g) and (h).[3]

## II.     BACKGROUND

### A.  The Defendants

#### 1.  Yazaki Japan

Yazaki Corporation is a Japanese corporation with its headquarters in Tokyo, Japan.

(Tsuchiya Decl., Exh. B, at ¶ 2).  None of its manufacturing activities are conducted in

---

[2]  A list of the cases by jurisdiction is attached as Exhibit A.  The Plaintiffs elected not to include a number of the originally filed end payor type claims in the Consolidated Amended Complaint, including all of the claims from the Southern District of Alabama, the Eastern District of Louisiana and the District of Puerto Rico.  In addition, some of the claims from the Northern District of California were not included in the Consolidated Amended Complaint.  Accordingly, those cases are not the subject of this Motion. When the Moving Defendants pointed out this fact to lead counsel for the End Payor Plaintiffs, they acknowledged that certain of the claims were intentionally excluded from the EP CAC.  Although lead counsel for End Payor Plaintiffs has indicated an expectation that the excluded claims and cases will be dismissed, a final decision has not yet been made to do so.  Moving Defendants submit that, in light of the mandates of CMO No. 1 and in the interest of maintaining an orderly process, the cases and claims excluded from the EP CAC ought to be dismissed. The Moving Defendants have requested dismissal of those cases, and, as of the afternoon of filing, had not heard from lead counsel for the End Payor Plaintiffs.

[3]  Moving Defendants are not challenging personal jurisdiction or venue in the Eastern District of Michigan.  Thus, personal jurisdiction and venue are not being challenged with respect to any of the civil actions included in the Consolidated Amended Complaint for the Direct Purchaser Plaintiffs, each of which was originally filed in the Eastern District of Michigan.  Moreover, the Moving Defendants have resolved the venue and personal jurisdiction issues with the Automobile Dealer Plaintiffs by entering into a stipulation calling for the transfer of the actions originally filed outside of this district to the Eastern District of Michigan to the extent they have not otherwise been resolved by the conclusion of the pretrial proceedings herein.

California, or West Virginia.  (*Id.*, at ¶ 3).  Since January 1, 2000 through the date of the filing of the Consolidated Amended Complaint it has not shipped any of the products at issue in this case directly to those jurisdictions.  (*Id.*, at ¶ 4).  Moreover, as set forth in its declaration, it has not been licensed to do business in those jurisdictions; it has not been incorporated in those jurisdictions; it has not had its principal place of business in those jurisdictions; it has not had offices in those jurisdictions; it has not owned or leased real estate in those jurisdictions; it has not employed individuals or agents resident in those jurisdictions; it has not been sued in those jurisdictions before this case; it has not paid taxes in those jurisdictions; it has not maintained bank accounts in those jurisdictions; it has not conducted officers' or directors' meetings in those jurisdictions; its officers and directors have not been residents of those jurisdictions; and it has not maintained an address, phone numbers, or fax numbers in those jurisdictions. (*Id.*, at ¶ 5(a)-(m)).

### 2.  KL Sales

KL Sales is a Delaware limited liability company with it principal place of business in Alabama. (Kim Decl., Exh. C, at ¶ 2).  Since January 1, 2000, none of its manufacturing activities have been conducted in California or West Virginia.  (*Id.*, at ¶ 3).  Nor has it had any direct sales into those jurisdictions.  (*Id.*, at ¶ 4).  Moreover, as set forth in its declaration, it has not had any parent or subsidiary whose principal place of business is in the jurisdictions; it has not been licensed to do business in those jurisdictions; it has not been incorporated in those jurisdictions; it has not had its principal place of business in those jurisdictions; it has not had offices in those jurisdictions; it has not owned or leased real estate in those jurisdictions; it has not employed individuals or agents who work in those jurisdictions; it has not been sued in those jurisdictions before this case; it has not conducted manufacturing in those jurisdictions, it has not paid taxes in those jurisdictions; it has not maintained bank accounts in those jurisdictions; it has

not conducted officers' or directors' meetings in those jurisdictions; its officers and directors do not work in those jurisdictions; and it has not maintained an address, phone numbers, or fax numbers in those jurisdictions. (*Id.*, at ¶¶ 5, 6(a)-m)).

### 3.  American Furukawa, Inc. (AFI)

AFI is a Michigan Corporation with its principal place of business in Plymouth, Michigan.  (Noble Decl., Exh. D, at ¶ 2).  It does not engage in manufacturing activities, directly or through affiliates, in West Virginia.  (*Id.*, at ¶ 3).  Nor, based on reasonable inquiry, has it had any direct sales of automotive wire harness products into West Virginia since January 1, 2000. (*Id.*, at ¶ 4).  Moreover, as set forth in AFI's declaration, since January 1, 2000, it has not had any affiliates whose principal place of business is in West Virginia; it has not been licensed to do business in that jurisdiction; it has not been incorporated in that jurisdiction; it has not had its principal place of business in that jurisdiction; it has not had offices in that jurisdiction; it has not owned or leased real estate in that jurisdiction; it has not employed individuals or agents resident in that jurisdiction; it has not been sued in that jurisdiction before this case; it has not paid taxes in that jurisdiction; it has not maintained bank accounts in that jurisdiction; it has not conducted officers' or directors' meetings in that jurisdiction; its officers and directors have not been residents of that jurisdiction; and it has not maintained an address, phone numbers, or fax numbers in that jurisdiction. (*Id.*, at ¶¶ 5, 6(a)-(m)).

### 4.  Furukawa Electric Co., Ltd. ("FEC")

FEC is a Japanese Corporation with its headquarters in Tokyo, Japan.  (Morita Decl., Exh. E, at ¶ 2).  It does not engage in manufacturing activities, directly or through affiliates, in West Virginia.  (*Id.*, at ¶ 3).  Nor, based on reasonable inquiry, has it had any direct sales of automotive wire harness products into West Virginia since January 1, 2000.  (*Id.*, at ¶ 4). Moreover, as set forth in FEC's declaration, since January 1, 2000, it has not had any affiliates

whose principal place of business is in West Virginia; it has not been licensed to do business in

that jurisdiction; it has not been incorporated in that jurisdiction; it has not had its principal place

of business in that jurisdiction; it has not had offices in that jurisdiction; it has not owned or

leased real estate in that jurisdiction; it has not employed individuals or agents resident in that

jurisdiction; it has not been sued in that jurisdiction before this case; it has not paid taxes in that

jurisdiction; it has not maintained bank accounts in that jurisdiction; it has not conducted

officers' or directors' meetings in that jurisdiction; its officers and directors have not been

residents of that jurisdiction; and it has not maintained an address, phone numbers, or fax

numbers in that jurisdiction. (*Id.*, at ¶¶ 5, 6(a)-(m)).

## B.  The Complaints

The original complaints allege, in a conclusory fashion, effectively the same grounds for

venue and personal jurisdiction as to all of the Moving Defendants, except for KL Sales, which

was not originally named in those actions.[4]  The original complaints allege venue based on

Section 12 of the Clayton Act (15 U.S.C. § 22), and 28 U.S.C. §§ 1391(b) and (c), stating that a

substantial part of the alleged events giving rise to Plaintiffs' claims occurred in the original

districts, a substantial portion of the allegedly affected interstate trade and commerce has been

carried out in the respective districts, and that one or more of the Defendants reside, are licensed

to do business in, are doing business in, had agents in, or are found or transact business in the

---

[4]  The original complaints filed in California and West Virginia did not name KL Sales as a party, so they make no personal jurisdiction or venue allegations about KL Sales.  The EP CAC lacks personal jurisdiction and venue allegations about California and West Virginia.  As a result, no allegation exists anywhere in this MDL that personal jurisdiction exists or that venue is proper in California or West Virginia for KL Sales.  See Fed. R. Civ. P. 8(a)(1) (requiring "a short and plain statement of the grounds for the court's jurisdiction").

respective districts. *See*, *e.g.*, Calif. Compl. (Budner) ¶ 12; Calif. Coml. (Bott) ¶ 11; Calif. Compl. (Barron) ¶ 4; West Virginia Compl. ¶ 7.[5]

As to personal jurisdiction, the complaints allege – with respect to each of the transferor districts – that each of the Defendants in those actions either directly or through the ownership and/or control of their United States subsidiaries has: (a) transacted business in the United States, including in this district; (b) directly or indirectly sold or marketed substantial quantities of Automotive Wire Harness System products in the United States, including in this district; (c) had substantial aggregate contacts with the United States as a whole, including in this district or (d) were engaged in an illegal price-fixing conspiracy that was directed at, and had a direct, substantial, reasonably foreseeable and intended effect of causing injury to, the business or property of persons and entities residing in, located in, or doing business throughout the United States, including in this district. *See*, *e.g.*, Calif. Compl. (Budner) ¶ 11; Calif. Coml. (Bott) ¶ 13; Calif. Compl. (Barron) ¶ 5; West Virginia Compl. ¶ 6.[6]

---

[5] The venue provisions were amended in 2011 and apply to all cases filed after January 6, 2012. While some of the cases at issue were filed after that date, because the changes have no substantive effect on this Motion, for ease of reference, this memorandum cites to the provisions as they existed prior to the 2011 amendments. Specifically, 28 U.S.C. § 1391(b)(2) remains unchanged. 28 U.S.C. § 1391(c) is now found at 28 U.S.C. § 1391(c)(2) and has been amended to provide that a defendant corporation is deemed to reside "in any judicial district in which [it] is subject to the court's personal jurisdiction with respect to the civil action in question." The language change in the statutory provisions has no substantive impact on this motion.

[6] The EP CAC alleges that personal jurisdiction and venue is proper in the Eastern District of Michigan and also cites 28 U.S.C. § 1391(d) as additional grounds for establishing venue. (Doc. No. 174, at ¶ 12). An allegation that venue is proper in this district, however, is not sufficient to keep the cases in this district if the plaintiffs seek remand to the transferor courts at the conclusion of pretrial proceedings. *See Armstrong v. LaSalle Bank Nat'l Ass'n.*, 552 F.3d 613, 618 (7th Cir. 2009) (holding that a venue statement in a consolidated complaint was not a waiver of the plaintiffs' right to seek remand under 28 U.S.C. § 1407).

### III.    ARGUMENT

**A. Plaintiff Bears The Burden Of Establishing That Venue Is Proper In Each Of The Transferor Districts And That The Court Can Exercise Personal Jurisdiction Over The Moving Defendants In Each Of The Districts That Are The Subject Of The 12(b)(2) And 12(b)(3) Motion.**

When a motion to dismiss is brought pursuant to Fed. R. Civ. P. 12(b)(2) or (b)(3), the burden to establish the presence of venue and personal jurisdiction over a defendant rests with the plaintiff. *Kerry Steel, Inc. v. Paragon Indus., Inc.*, 106 F.3d 147, 149 (6th Cir. 1997). *See also* 5B Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure § 1352, at 322 (3d ed. 2004) (placing the burden on the plaintiff with respect to venue "seems correct inasmuch as it is plaintiff's obligation to institute his action in a permissible forum, both in terms of jurisdiction and venue"). This burden requires that Plaintiffs establish a prima facie showing of jurisdiction to defeat the Moving Defendants' motion. *Kerry Steel*, 106 F.3d at 149. In doing so, Plaintiffs may not stand on their pleadings, but must set forth, "by affidavit or otherwise, . . . specific facts showing that the court has [personal] jurisdiction." (citation omitted). *Children's Orchard, Inc. v. Children's Orchard Store #142, Inc.*, No. 10-10143, 2010 WL 2232440, at *3 (E.D. Mich. May 28, 2010).[7] Only specific facts shown by plaintiffs -- **not** conclusory allegations -- are considered by the court in a light most favorable to the plaintiff. *Id.*

In this case, Plaintiffs rely on Section 12 of the Clayton Act (15 U.S.C. § 22) as a basis for establishing venue and personal jurisdiction, as well as on 28 U.S.C. § 1391 as a basis for establishing venue. As to the former, Plaintiffs have not shown, nor can they show, that venue is proper with respect to the transferor districts set forth in the Motion for each of the Moving

---

[7] Because service of process has not occurred as "authorized by federal statute" – *i.e.*, the Clayton Act, Plaintiffs cannot rely upon Fed. R. Civ. P. 4(k)(1)(C) to establish personal jurisdiction over those defendants and Plaintiffs cannot establish – and have not endeavored to establish – personal jurisdiction in accordance with the other provisions of Rule 4(k).

Defendants.  Because venue is not proper under Section 12, Plaintiffs cannot rely on that section to establish personal jurisdiction.

As to 28 U.S.C. § 1391, venue may be proper as to the Foreign Moving Defendants, but it is *not* proper for the Resident Moving Defendants.[8]  Moreover, Plaintiffs cannot establish personal jurisdiction over any of the Moving Defendants in the transferor states that are the subject of this Motion because Plaintiffs have not shown, and cannot show, the requisite minimum contacts necessary to pass muster under the Due Process Clause.

## B.  Neither Venue Nor Personal Jurisdiction Can Be Established Under Section 12 Of The Clayton Act (15 U.S.C. § 22).

The Plaintiffs allege that venue is proper under Section 12 of the Clayton Act, but, in fact, it is not proper for any of the Moving Defendants in the districts set forth in the Motion because, as established above, they do not transact business in the Automotive Wire Harness System products at issue in this case and cannot otherwise be found in those districts.  Because venue is not proper under Section 12, Plaintiffs cannot avail themselves of the nationwide service of process provision as a basis for establishing personal jurisdiction over them.

Section 12 of the Clayton Act contains two clauses:  (1) "[a]ny suit, action or proceeding under the antitrust laws against a corporation may be brought not only in the judicial district whereof it is an inhabitant, but also in any district wherein it may be found or transacts business" and (2) "all process in such cases may be served in the district of which it is an inhabitant, or wherever it may be found."  15 U.S.C. § 22.  These clauses are generally referred to, respectively, as the "venue clause" and the "extraterritorial or nationwide service of process clause."

---

[8]  None of the original complaints at issue here allege venue under 28 U.S.C. § 1391(d) which applies to foreign defendants.

Given the two distinct clauses, a court must determine that the venue clause of § 12 is satisfied before a defendant is subjected to the "nationwide service of process" clause under § 12. Moreover, the determination of whether venue is proper is limited to the three bases set forth in that section.  As the Second Circuit recognized over 50 years ago:

> if a corporation is not an inhabitant of, is not found in, and does not transact business in, the district, suit may not be so brought.  By statutory grant if suit is brought as prescribed in this section 'all process in such cases may be served in the district of which it (the corporation) is an inhabitant, or wherever it may be found.'  Thus, 'in such cases,' Congress has seen fit to enlarge the limits of the otherwise restricted territorial areas of process.  **In other words, the extraterritorial service privilege is given only when the other requirements are satisfied.**

*Goldlawr, Inc. v. Heiman*, 288 F.2d 579, 581 (2d Cir. 1961), *rev'd on other grounds*, 369 U.S. 463 (1962) (emphasis added).  Under § 12, the "other requirement" that must first be satisfied is that venue must be appropriate in the forum where the action is pending.  *Id.*

In *Daniel v. American Bd. of Emergency Medicine*, 428 F.3d 408, 423 (2d Cir. 2005), the Second Circuit reaffirmed its holding in *Goldlawr* and brought the "process full circle, joining the D.C. Circuit in concluding that the plain language of Section 12 indicates that its service of process provision applies (and, therefore, establishes personal jurisdiction) only in cases in which its venue provision is satisfied."  *See also id.* at 424-25 ("[W]e now reiterate the conclusion originally reached by this court in *Goldlawr* and formally adopted by the D.C. Circuit:  the extraterritorial service provision of Clayton Act Section 12 may be invoked to establish personal jurisdiction only when the requirements of the section's venue provision are satisfied.").

Finding *Goldlawr* to be "clearly correct," the District of Columbia Circuit, in *GTE New Media Services Inc. v. Bellsouth Corp.*, 199 F.3d 1343, 1351 (D.C. Cir. 2000), likewise held that nationwide service pursuant to § 12 is available only *after* the court has found that venue is proper under that section:

> [a] party seeking to take advantage of Section 12's liberalized
> service provisions must follow the dictates of **both** of its clauses.
> To read the statute otherwise would be to ignore its plain meaning.
> Thus, because [plaintiff] has not shown that the defendants were
> inhabitants of, may be found in, or transacted business in the
> District, as required by Section 12's first clause, it cannot avail
> itself of Section 12's second clause.

199 F.3d at 1351 (Emphasis added).  *Accord Mgmt. Insights, Inc. v. CIC Enters., Inc.*, 194 F.

Supp. 2d 520, 531 (N.D. Tex. 2001).

Therefore, the Court cannot apply the personal jurisdiction provisions of the statute

unless Plaintiffs establish that venue is proper in the district under the venue provision of

the § 12.  To do so, Plaintiffs must proffer evidence that the moving Defendants (a) inhabit the

districts at issue, (b) can be "found" in those districts or (c) "transact business" there.  *See* 15

U.S.C. § 22; *Mgmt. Insights, Inc.* 194 F. Supp. 2d at 531.  Being an "inhabitant" means

incorporated under the laws of that jurisdiction; being "found" in a district is generally equated

with "doing business" there, and requires greater contacts than does "transacting business."

*Mgmt. Insights, Inc.* 194 F. Supp. 2d at 532 (citation omitted).  As such, if a defendant does not

transact business in a district, neither can it be "found" there.

"[A] corporation is engaged in transacting business in a district ... if in fact, in the

ordinary and usual sense, it 'transacts business' therein of any substantial character."  *Eastman

Kodak Co. of N.Y.  v. So. Photo Materials Co.*, 273 U.S. 359, 373 (1927).  The test of venue has

been described as the practical, everyday business or commercial concept of doing or carrying on

business "of any substantial character."  *United States v. Scophony Corp of America.*, 333 U.S.

795, 807 (1948).

Plaintiffs cannot show that Moving Defendants meet any of the three requirements.  They

are not incorporated in the districts at issue, and therefore are not an "inhabitant" of those

districts.  Yazaki Japan Decl. (Exh. B), at ¶¶ 2, 5(c); KL Sales Decl. (Exh. C), at ¶¶ 2, 6(c); AFI

Decl. (Exh. D), at ¶¶ 2, 6(c); Furukawa Decl. (Exh. E), at ¶¶ 2, 6(c).  And they do not "transact

business" in those jurisdictions in the Automotive Wire Harness System products at issue in this

case.  Yazaki Japan Decl. (Exh. B), at ¶¶ 3-5; KL Sales Decl. (Exh. C), at ¶¶ 3-6; AFI Decl.

(Exh. D), at ¶¶ 3-6; Furukawa Decl. (Exh. E), at ¶¶ 3-6.  As such, they are not "found" in those

jurisdictions either.

In sum, because venue is not proper under § 12 of the Clayton Act, Plaintiffs cannot show

personal jurisdiction based on nationwide service of process.[9]  Rather, they must establish

personal jurisdiction based on the contacts with the forum jurisdictions at issue.  This they did

not – and cannot – do.

### C. Because Venue Is Not Proper Under 28 U.S.C. § 1391(b), The Rule 12(b)(3) Motion Should Be Granted For The Moving Defendants That Are Resident In The United States.

Plaintiffs also allege that venue is proper under 28 U.S.C. §§ 1391(b) and (c).  However,

28 U.S.C. §§ 1391(b)(1) and (b)(3) are clearly inapplicable.[10]  That leaves 28 U.S.C.

§§ 1391(b)(2) and (c).[11]  Because 28 U.S.C. § 1391(d) does not apply to non-foreign defendants,

---

[9]  The Moving Defendants recognize that there is a split of authority on this issue and that some courts have looked to 28 U.S.C. § 1391 as an alternative basis for establishing venue.  The Moving Defendants submit that the better view, as recognized by the Second and D.C. Circuits, is that the general venue provisions cannot be used to establish venue for purposes of permitting worldwide service of process.  *See generally* Hovenkamp, Herbert, *Personal Jurisdiction and Venue In Private Antitrust Actions in the Federal Courts:  A Policy Analysis*, 67 Iowa L. Rev. 485, 509 (1982) ("A better approach is to interpret section 12 the way it is written.  Worldwide service is proper only when the action is brought in the district where the defendant resides, is found, or transacts business.")  The Sixth Circuit has not ruled on the issue.  In dicta only, this Court once noted that, if venue is properly established under either 15 U.S.C. § 22 or 28 U.S.C. § 1391, "jurisdiction can be asserted over, and process served on the defendants corporation anywhere."  *Eastman Outdoors Inc. v. Archery Trade Ass'n.*, *Case* No. 05-74015, 2006 WL 1662641, at *4 (E.D. Mich. June 6, 2006) (Battani, J.).  In the *Eastman* case, however, the Court did not actually look to 28 U.S.C. § 1391 to establish venue because venue was found to be proper under the "transacting business" prong of § 12.

[10]  28 U.S.C. § 1391(b)(1) provides that venue is proper in "a judicial district where any defendant resides, *if all defendants reside in the same state*."  (Emphasis added).  Not all defendants reside in the jurisdictions at issue, and Plaintiffs do not allege that they do.  28 U.S.C. § 1391(b)(3)

venue would need to be established for them under 28 U.S.C. § 1391(b)(2).  Since it cannot be, the claims brought against the Resident Moving Defendants[12] in the specified transferor districts must be dismissed on the additional grounds of improper venue.

28 U.S.C. § 1391(b)(2) provides that venue is proper in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated."  As demonstrated above, "a substantial part of the events" that allegedly give rise to Plaintiffs' claims did not occur in the jurisdictions at issue.  The Resident Moving Defendants did not conduct manufacturing activities in those jurisdictions.  Nor did they have any direct sales of their Automotive Wire Harness System products into those jurisdictions, or otherwise engage in any activity in those jurisdictions relating to the alleged activities that give rise to Plaintiffs' claims.  Yazaki Japan Decl. (Exh. B), at ¶¶ 3-5; KL Sales Decl. (Exh. C), at ¶¶ 3-6; AFI Decl. (Exh. D), at ¶¶ 3-6; Furukawa Decl. (Exh. E), at ¶¶ 3-6.

Accordingly, venue is not proper under 28 U.S.C. § 1391(b)(2).

28 U.S.C. § 1391(c) provides that a defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is

---

(continued…)

provides that venue is proper in "a judicial district in which any defendant may be found, *if there is no district in which the action may otherwise be brought*."  (Emphasis added).  There is a judicial district in which the action can be brought – *i.e.*, the Eastern District of Michigan.  Therefore, subsection (b)(3) is likewise inapplicable.

[11]  Moving Defendants do not dispute that, as to the foreign defendants, *venue* lies in all districts in the United States under 28 U.S.C. § 1391(d).  However, as demonstrated below (*see* Part III.D.), as to those Foreign Moving Defendants, as well as the Resident Moving Defendants, personal jurisdiction is lacking.

[12] The Resident Moving Defendants moving to dismiss on the additional grounds of improper venue are KL Sales and AFI.

commenced.  As demonstrated below, because personal jurisdiction is lacking with respect to the jurisdictions at issue, venue is not proper under 28 U.S.C. § 1391(c) either.

**D.** **Because The Exercise Of Personal Jurisdiction Would Violate Due Process, The Rule 12(b)(2) Motion Should Be Granted As To All Moving Defendants.** [13]

Under the Due Process Clause, jurisdiction may be either general or specific.  As the *Kerry Steel* court observed, "[p]ersonal jurisdiction comes in two flavors:  'general' jurisdiction [when] defendant has continuous and systematic contacts with the forum state . . . and 'specific' jurisdiction [where claims] . . . 'arise out of or relate to' a defendant's contacts with the forum." *Id.* at 149 (quoting *Helicopteros Nacionales de Colombia S.A. v. Hall*, 466 U.S. 408, 414-15 & nn. 8-10 (1984)).

As demonstrated above, Plaintiffs have not alleged, much less shown, that the moving Defendants have "continuous and systematic contacts" with the original jurisdictions at issue. Thus, the only possible basis for jurisdiction would be specific jurisdiction.  But Plaintiffs have not met, nor can they meet, their burden of showing that the moving Defendants have the minimum contacts necessary to establish specific jurisdiction.

Within the Sixth Circuit, there is a three-part test to determine whether specific jurisdiction will lie:

> First, the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state.  Second, the cause of action must arise from the defendant's activities there.  Finally, the acts of the defendant or consequences caused by the defendant must have a substantial

---

[13] The long arm statutes of California and West Virginia are coextensive with constitutional due process.  *See CollegeSource, Inc. v. AcademyOne, Inc.*, 653 F.3d 1066, 1073-74 (9th Cir. 2011) (California law) and *In re Celotex Corp.*, 124 F.3d 619, 627-28 (4th Cir. 1997) (West Virginia law). Therefore, in those jurisdictions, the question of jurisdiction under the long-arm statute merges into a single inquiry of constitutional due process.

> connection with the forum state to make the exercise of jurisdiction over the defendant reasonable.

*Calphalon Corp. v. Rowlette*, 228 F.3d 718, 721 (6th Cir. 2000) (quoting *So. Machine Co. v. Mohasco Indus., Inc.*, 401 F.2d 374, 381 (6th Cir. 1968)); *see also*, *Kerry Steel*, 106 F.3d at 150 (applying same three-part test).  Each criterion represents an independent requirement, and failure to meet any one of the three means that personal jurisdiction may not be invoked.  *LAK, Inc. v. Deer Creek Enters.*, 885 F.2d 1293, 1303 (6th Cir. 1989).

**1.   The Moving Defendants Have Not Purposefully Availed Themselves Of The Privilege Of Acting In The Jurisdictions At Issue.**

Plaintiffs' claims fail at the very first step of the Sixth Circuit test because the Moving Defendants did not purposefully avail themselves of the rights and privileges of the transferor jurisdictions at issue.  According to the complaints, the Defendants a) transacted business in the United States, including in this [i.e., the transferor] district; (b) directly or indirectly sold or marketed substantial quantities of Automotive Wire Harness Systems in the United States, including in this district; (c) had substantial aggregate contacts with the United States as a whole, including in this district or (d) were engaged in an illegal price-fixing conspiracy that was directed at, and had a direct, substantial, reasonably foreseeable and intended effect of causing injury to, the business or property of  persons and entities residing in, located in, or doing business throughout the United States, including in this district.  *See*, *e.g.*, Calif. Compl. (Budner) ¶ 11; Calif. Coml. (Bott) ¶ 13; Calif. Compl. (Barron) ¶ 5; West Virginia Compl. ¶ 6.

These conclusory allegations of supposed contacts are legally insufficient to meet the "purposeful availment" requirement.  *See LAK*, 885 F.2d at 1301; *Reynolds v. Int'l Amateur Athletic Fed'n*, 23 F.3d 1110, 1119 (6th Cir. 1994).  The Moving Defendants have not conducted manufacturing activities in the jurisdictions at issue; they have not had any direct sales of their Automotive Wire Harness System products into those jurisdictions; and they do not engage in

any activity in those jurisdictions relating to the alleged activities that give rise to Plaintiffs' claims.  Yazaki Japan Decl. (Exh. B), at ¶¶ 3-5; KL Sales Decl. (Exh. C), at ¶¶ 3-6; AFI Decl. (Exh. D), at ¶¶ 3-6; Furukawa Decl. (Exh. E), at ¶¶ 3-6.  Under settled Sixth Circuit law, the Moving Defendants are not subject to personal jurisdiction in the jurisdictions at issue because the "purposeful availment" criterion cannot be met.[14]

> **2.   The Causes Of Action Do Not Arise From The Moving Defendants' Activity In The Jurisdictions At Issue.**

The second due process requirement is that Plaintiffs' claims must "arise from" Defendants' contacts in the jurisdictions at issue. Plaintiffs cannot show this essential element of due process either.

As demonstrated above, the Moving Defendants have not engaged in any activity in the jurisdictions at issue in connection with Plaintiffs' claims.  Thus, the causes of action simply do not arise from anything the Moving Defendants did in those jurisdictions.  *See Calphalon Corp.*, 228 F.3d at 723-24; *LAK*, 885 F.2d at 1302-03 ("Because the plaintiff was domiciled in Michigan, to be sure, the claimed injury to its purse might be said to have been suffered there – but the locus of such a monetary injury is immaterial, as long as the obligation did not arise from 'a privilege the defendant exercised in [the forum state].'" (Citation omitted).

Plaintiffs also cannot show this second, independent element of due process.

---

[14]   Plaintiffs may argue that Defendants put the component parts at issue into the stream of commerce to support the exercise of personal jurisdiction.  But that is not sufficient.  The plurality opinion in *Asahi Metal Industry Co,. v. Superior Court of California, Solano County*, 480 U.S. 102, 112 (1987), held that "[a]dditional conduct of the defendant[s] [that] may indicate an intent or purpose to serve the market in the forum state" is needed.  The Sixth Circuit has adopted the approach set forth in the plurality opinion.  *E.g.*, *Palnik v. Westlake Entertm't, Inc.*, 344 Fed. Appx. 249, 251 (6th Cir. 2009).  Here, Plaintiffs do not allege any such "additional conduct," nor could they.

**3. The Moving Defendants' Lack Of Connection With The Jurisdictions At Issue Makes The Exercise Of Jurisdiction Over Them In Those Transferor Jurisdictions Unreasonable.**

Plaintiffs also cannot satisfy the final criteria for invoking specific personal jurisdiction. Even if the first two criteria are met –and they are not here –jurisdiction is proper only where the aggregate of the "burden on the defendant, the interests of the forum State, and the plaintiff's interest in obtaining relief", weigh in favor of jurisdiction. *Asahi Metal Indus.*, 480 U.S.at 113.

Here, because the Moving Defendants have no contact with the transferor jurisdictions at issue, they should not have to defend litigation there.

Moreover, in *Asahi*, the Court cautioned that "'[g]reat care and reserve should be exercised when extending our notions of personal jurisdiction into the international field.'" *Id.* at 115 (citation omitted). This is especially so where, as here, alien corporations would have to defend themselves in jurisdictions in which they have no presence. *See Nationwide Mut. Ins. Co. v. Tryg Int'l Ins. Co.*, 91 F.3d 790, 797 (6th Cir. 1996) (noting the "special concerns" that arise when a defendant is headquartered in another country and affirming dismissal for lack of personal jurisdiction).

Plaintiffs cannot satisfy any of the three criteria used to determine whether jurisdiction lies under the Due Process Clause.

## IV.   CONCLUSION

For all of the foregoing reasons, this Court should grant the Moving Defendants' Rule 12(b)(2) and 12(b)(3) motions with respect to the specific transferor jurisdictions identified by each Moving Defendant, respectively, as set forth in the Motion.

Respectfully Submitted,

LANE POWELL PC

July 13, 2012                    By:    /s/Larry S. Gangnes
                                        Larry S. Gangnes
                                        LANE POWELL PC
                                        1420 Fifth Ave., Suite 4100
                                        Seattle, WA  98101-2338
                                        Telephone:  (206) 223-7000
                                        Facsimile:  (206) 223-7107
                                        gangnesl@lanepowell.com

                                        Craig D. Bachman
                                        Kenneth R. Davis II
                                        Masayuki Yamaguchi
                                        Darin M. Sands
                                        LANE POWELL PC
                                        ODS Tower
                                        601 SW Second Ave., Suite 2100
                                        Portland, OR  97204-3158
                                        Telephone:  (503) 778-2100
                                        Facsimile:  (503) 778-2200
                                        bachmanc@lanepowell.com
                                        davisk@lanepowell.com
                                        yamaguchim@lanepowell.com
                                        sandsd@lanepowell.com

                                        Irwin Alterman
                                        KEMP KLEIN LAW FIRM
                                        201 W. Big Beaver, Suite 600
                                        Troy, MI  48084
                                         248-528-1111
                                        irwin.alterman@kkue.com

                                        *Attorneys for Defendants American Furukawa, Inc.
                                        and Furukawa Electric Co., Ltd.*

SMITH, GAMBRELL & RUSSELL, LLP

July 13, 2012               By:     /s/Wm. Parker Sanders
                                    Wm. Parker Sanders (Georgia Bar No. 626020)
                                    Promenade II, Suite 3100
                                    1230 Peachtree Street, N.E.
                                    Atlanta, Georgia 30309
                                    (404) 815-3684
                                    psanders@sgrlaw.com

                                    Jeffrey G. Heuer (P14925)
                                    Peter M. Falkenstein (P61375)
                                    JAFFE, RAITT, HEUER & WEISS, P.C.
                                    27777 Franklin Rd., Ste. 2500
                                    Southfield, MI 48034
                                    (248) 351-3000
                                    jheuer@jaffelaw.com
                                    pfalkenstein@jaffelaw.com

                                    *Attorney for Defendant Kyungshin-Lear Sales and
                                    Engineering, LLC*

                                    JONES DAY

July 13, 2012               By:     /s/John M. Majoras
                                    John M. Majoras
                                    Carmen G. McLean
                                    JONES DAY
                                    51 Louisiana Ave. N.W.
                                    Washington, D.C. 20001-2113
                                    Tel. (202) 879-3939
                                    Fax (202) 626-1700
                                    jmmajoras@jonesday.com
                                    cgmclean@jonesday.com

Michelle K. Fischer
Stephen J. Squeri
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, OH 44114
Tel. (216) 586-3939
Fax (216) 579-0212
mfischer@jonesday.com
sjsqueri@jonesday.com

*Attorneys for Defendants Yazaki Corporation*

.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on July 13, 2012, I electronically filed the foregoing paper with the

Clerk of Court using the ECF system which will send notification of such filing to the attorneys

of record.

<u>/s/ John M. Majoras</u>
John M. Majoras

CLI-1999663v2