# EXHIBIT C

Manual for Complex Litigation (4th) § 20.132
Manual For Complex Litigation, Fourth
**\*1** Federal Judicial Center
Part II. Special Problems
20. Multiple Jurisdiction Litigation
20.1 Related Federal Civil Cases
20.13 Multidistrict Transfers Under Section 1407

§ 20.132 During Period of Transfer

After the transfer, the transferee judge [655] exercises not only the judicial powers in the transferee district but also "the powers of a district judge in any district for the purpose of conducting pretrial depositions in such coordinated or consolidated proceedings." [656] The Panel has no authority to direct transferee judges in the exercise of their powers and discretion in supervising multidistrict proceedings. [657] This supervisory power over depositions in other districts may be exercised in person or by telephone. [658] The transferee judge may vacate or modify any order of a transferor court, including protective orders; [659] unless altered, however, the transferor court's orders remain in effect. [660]

Although the transferee judge has no jurisdiction to conduct a trial in cases transferred solely for pretrial proceedings, the judge may terminate actions by ruling on motions to dismiss, for summary judgment, or pursuant to settlement, and may enter consent decrees. [661] Complexities may arise where the rulings turn on questions of substantive law. In diversity cases, the law of the transferor district follows the case to the transferee district. [662] Where the claim or defense arises under federal law, however, the transferee judge should consider whether to apply the law of the transferee circuit or that of the transferor court's circuit, [663] keeping in mind that statutes of limitations may present unique problems. [664] An action is closed by appropriate orders entered in the transferee court, without further involvement by the Panel or the original transferor court.

The transferee judge's management plan for the litigation should include provisions for handling tag-along actions transferred by the Panel after the initial transfer. Panel Rules 7.2(I) and 7.5(e) impose an affirmative obligation on parties in cases in which a motion to transfer is pending, or that previously have been transferred by the Panel, to promptly notify the Panel of any potential tag-along action in which the party is also named. This obligation also is imposed on counsel with respect to any action in which the counsel appears. Ordinarily, it is advisable to order that (1) tag-along actions shall be automatically made part of the centralized proceedings upon transfer to, or filing in, the transferee court; (2) rulings on common issues—for example, on the statute of limitations—shall be deemed to have been made in the tag-along action without the need for separate motions and orders; and (3) discovery already taken shall be available and usable in the tag-along cases. [665] Consider other means of reducing duplicative discovery activity and expediting later trials by measures such as videotaping key depositions or testimony given in bellwether trials, particularly of expert witnesses, for use at subsequent trials in the transferor courts after remand.

**\*2** One of the values of multidistrict proceedings is that they bring before a single judge all of the federal cases, parties, and counsel comprising the litigation. They therefore afford a unique opportunity for the negotiation of a global settlement. Few cases are remanded for trial; most multidistrict litigation is settled in the transferee court. As a transferee judge, it is advisable to make the most of this opportunity and facilitate the settlement of the federal and any related state cases. See section 20.31.

Until 1998, actions based on section 1407 proceedings and not settled or otherwise dismissed in the transferee districts during their pretrial stages often remained in the transferee districts for trial. Transferee judges entered orders effecting transfer for trial, pursuant to 28 U.S.C. § 1404 or 1406, of cases previously transferred to them for pretrial under section 1407.

In 1998, the U.S. Supreme Court held that a district court has no authority to invoke section 1404(a) to assign a transferred case to itself for trial, because section 1407(a) "uncondition[ally]" commands the Panel to remand, at the end of pretrial proceedings,

each action transferred by the Panel that has not been terminated in the transferee district. [666] However, the policy reasons for the pre–1998 practice remain: (1) during the often protracted time of the section 1407 assignment, the transferee judge gains a solid understanding of the case, and it makes sense for trial to be conducted by the judge with the greatest understanding of the litigation; (2) the transferee judge may already be trying the constituent centralized action(s), and there may be efficiencies in adjudicating related actions or portions thereof in one trial; and (3) the transferee judge, if empowered to try the centralized actions, may have a greater ability to facilitate a global settlement.

Accordingly, evolving alternatives, such as those below, permit the transferee court to resolve multidistrict litigation through trial while remaining faithful to the *Lexecon* limitations:

• Prior to recommending remand, the transferee court could conduct a bellwether trial of a centralized action or actions originally filed in the transferee district, the results of which (1) may, upon the consent of parties to constituent actions not filed in the transferee district, be binding on those parties and actions, [667] or (2) may otherwise promote settlement in the remaining actions.

• Soon after transfer, the plaintiffs in an action transferred for pretrial from another district may seek or be encouraged (1) to dismiss their action and refile the action in the transferee district, provided venue lies there, and the defendant(s) agree, if the ruling can only be accomplished in conjunction with a tolling of the statute of limitations or a waiver of venue objections, or (2) to file an amended complaint asserting venue in the transferee district, [668] or (3) to otherwise consent to remain in the transferee district for trial. [669]

**\*3** • After an action has been remanded to the originating transferor court at the end of section 1407 pretrial proceedings, the transferor court could transfer the action, [670] pursuant to 28 U.S.C. § 1404 or 1406, back to the transferee court for trial by the transferee judge. [671]

• The transferee judge could seek an intercircuit or intracircuit assignment pursuant to 28 U.S.C. § 292 or 294 and follow a remanded action, presiding over the trial of that action in that originating district.

Footnotes

| | |
|---|---|
| 655 | *In re Plumbing Fixture*, 298 F. Supp. at 489. |
| 656 | 28 U.S.C. § 1407(b) (West 2003). |
| 657 | *Id.* |
| 658 | *See In re* Corrugated Container Antitrust Litig., 662 F.2d 875 (D.C. Cir. 1981); *In re* Corrugated Container Antitrust Litig., 644 F.2d 70 (2d Cir. 1981); *In re* Corrugated Container Antitrust Litig., 620 F.2d 1086 (5th Cir. 1980). |
| 659 | *See, e.g., In re* Upjohn Co. Antibiotic Cleocin Prods. Liab. Litig., 664 F.2d 114 (6th Cir. 1981). |
| 660 | *See In re* Master Key Antitrust Litig., 320 F. Supp. 1404 (J.P.M.L. 1971). |
| 661 | *See, e.g., In re* Donald J. Trump Casino Sec. Litig., 7 F.3d 357, 367–68 (3d Cir. 1993). |
| 662 | Van Dusen v. Barrack, 376 U.S. 612 (1964); *In re* Dow Co. "Sarabond" Prods. Liab. Litig., 666 F. Supp. 1466, 1468 (D. Colo. 1987). |
| 663 | *Compare In re* Korean Air Lines Disaster, 829 F.2d 1171 (D.C. Cir. 1987), *aff'd on other grounds sub nom.* Chan v. Korean Air Lines Ltd., 490 U.S. 122 (1989), *with* Dow "Sarabond," 666 F. Supp. 1466 (D. Colo. 1987), and cases cited therein. |
| 664 | *See, e.g.,* Berry Petroleum Co. v. Adams & Peck, 518 F.2d 402, 406 (2d Cir. 1975). |
| 665 | For a discussion of the use of supplemental depositions, see *supra* section 11.453. *See also infra* sample order at section 40.29. |
| 666 | *In re* Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). The Court infers that MDL transferee judges may not use section 1404(a) to transfer to any district at all, neither to a third district or back to the section 1407 transferor district. *Id.* at 41 n.4. By analogy and further inference, an MDL transferee judge likewise now may not transfer under section 1406. *See id.* |
| 667 | *See, e.g., In re* Air Crash Near Cali, Colombia on Dec. 20, 1995, MDL No. 1125, Order No. 1522 (S.D. Fla. Jan. 12, 2000) (noting that parties in some of the actions transferred under section 1407 had agreed to be bound by the results of a consolidated liability trial and had been instructed to file appropriate motions after the completion of the trial, seeking a ruling that effectuated such agreements). |
| 668 | Often in multidistrict litigation the transferee court will consider establishing a master file with standard pleadings, motions, and orders. This file may include a single amended consolidated complaint, alleging that venue is proper in the transferee district. If such a |

document is used, the court and parties should take care to ensure a common understanding of the document's intent and significance—that is, whether it is being used as a device simply to facilitate ease of the docket's administration, or whether the filing in the transferee district constitutes the inception of a new "case or controversy" in that district, thereby superseding and rendering moot the pending separate actions that had been transferred to that district for pretrial proceedings by the Panel under section 1407.

669    *See, e.g.,* State v. Liquid Air Corp. (*In re* Carbon Dioxide Indus. Antitrust Litig.), 229 F.3d 1321 (11th Cir. 2000) (ruling that *Lexecon* does not prohibit parties from waiving venue objections in centralized actions where transferee court otherwise had subject-matter jurisdiction); *In re* Dippin' Dots Patent Litig., MDL No. 1377, Docket No. 1:00–CV–907 (N.D. Ga. July 23, 2001) (transferee court ordered all parties to file a pleading stating whether they consented to trial in the transferee district); *In re* Research Corp. Techs., Inc. Patent Litig., Docket No. 97–2836 (D.N.J. Dec. 3, 1999) (order entering final judgment and staying further pretrial proceedings; transferee court found it reasonable to conclude that final judgment may be entered following trial proceedings consented to by the parties that resulted in termination of the actions).

670    *Lexecon*, 523 U.S. at 19.

671    *See, e.g.,* Kenwin Shops, Inc. v. Bank of La., 97 Civ. 907, 1999 WL 294800, at *11 (S.D.N.Y. May 11, 1999). The transferee court might also facilitate such a transfer by expressly recommending it either in its suggestion of remand to the Panel or in its final pretrial order. *See, e.g., In re* Air Crash at Dubrovnik, Croatia on Apr. 3, 1996, MDL No. 1180 (Letter from Alfred V. Covello, Chief Judge, U.S. District Court, D. Conn., to Michael J. Beck, Clerk of the Panel, Judicial Panel on Multidistrict Litigation, suggesting that four remanded cases be transferred back to the court and consolidated for trial (Jan. 4, 2002) (on file with the Judicial Panel on Multidistrict Litigation)).

**End of Document**     © 2012 Thomson Reuters. No claim to original U.S. Government Works.