**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

| | |
|---|---|
| IN RE: AUTOMOTIVE PARTS ANTITRUST LITIGATION<br><br>MDL NO. 2311<br>_____<br><br>THIS DOCUMENT RELATES TO:<br><br>END-PAYOR ACTIONS | )<br>)<br>) Case No. 2:12-md-02311<br>)<br>)<br>) Judge Marianne O. Battani<br>) Magistrate Mona K. Majzoub<br>)<br>)<br>)<br>)<br>) |

**END-PAYOR PLAINTIFFS' STATEMENT IN RESPONSE TO DIRECT PURCHASER PLAINTIFF MCGUIRE BEARING COMPANY'S OPPOSITION TO ENTRY OF CASE MANAGEMENT ORDER NO. 3**

End-Payor Plaintiffs, by and through the undersigned Interim Co-Lead Class Counsel, hereby respond to the Opposition to Plaintiffs' Motion for Case Management Order No. 3 ("Opp." or "Opposition") (Dkt. 250) filed by Direct Purchaser Plaintiff McGuire Bearing Company (hereafter, "Direct Purchaser MBC").

On June 15, 2012, pursuant to Federal Rule of Civil Procedure 16, the Court conducted a case management conference and determined, *inter alia*, that Interim Co-Lead Class Counsel for the End-Payor Actions relating to wire harness systems are to continue in that role for all cases filed in or transferred to this Court as part of MDL 2311, *In re: Automotive Parts Antitrust Litigation*. All end-payor plaintiffs were either present at the case management conference or had consented to the appointment of Co-Lead Counsel for *In re: Automotive Parts Antitrust Litigation.* The Court stated, among other things, that "it is very efficient to have the same attorneys handle everything," *see* June 15, 2012 H'rg Tr. at 32-33 (attached as Exhibit A hereto), and the parties were ordered to submit a proposed order consistent with the Court's appointments made on the record. *Id*. at 88. No one—neither plaintiffs nor defendants—objected at the hearing to the Court's ruling concerning the appointment of lead and liaison counsel.

Direct Purchaser MBC, however, opposes plaintiffs' proposed order that implements the Court's directive from the June 15, 2012 hearing as it concerns the direct purchaser cases. Direct Purchaser MBC alleges it is a direct purchaser of bearings, including non-automotive bearings. Direct Purchaser MBC does not purport to be an indirect purchaser of bearings nor any of the other products at issue in MDL 2311 and does not seek to represent a putative class of indirect purchasers (neither end-payors nor automobile dealers) in any of the cases. Nor does Direct Purchaser MBC allege that it is a purchaser of any of the other automotive products at issue in

1

this MDL proceeding. It asks the Court to defer ruling on the appointment of a leadership structure just in the "Bearing Litigation."

Direct Purchaser MBC's case has not yet been assigned to this Court, but eight cases involving bearings filed by End-Payor Plaintiffs have been assigned to this Court as part of MDL 2311.[1] The plaintiffs in each of the end-payor bearings cases, and their counsel, as well as the plaintiffs and all of their counsel in all of the other end-payor auto parts cases ***support*** the appointment of undersigned counsel as Interim Co-Lead Class Counsel and Interim Liaison Counsel in all of the related automotive parts cases, including the three indirect purchaser cases specifically cited by Direct Purchaser MBC. *See* Opp. at 2 n.1.

Consistent with this Court's order at the June 15th case management conference, Interim Co-Lead Class Counsel and Interim Liaison Counsel for the End-Payor Plaintiffs in the wire harness case should serve as Interim Co-Lead Class Counsel and Interim Liaison Counsel for the other End-Payor Plaintiffs in the automotive parts cases included in this MDL. Interim Co-Lead Class Counsel for the End-Payors have filed cases involving each of the products at issue in MDL 2311. Indeed, it is important to emphasize that the classes of End-Payors are identical in each of the End-Payor cases filed in, transferred or to be transferred to this Court in MDL 2311. The plaintiffs in these End-Payor class actions are <u>all</u> purchasers or lessees of automobiles and, thus, indirect purchasers of <u>all</u> of the automotive component parts at issue in all of these cases. Undersigned counsel are unaware of any conflicts of interest that would prevent them from

---

[1] In addition, one case involving bearings filed on behalf of a class of automobile dealers has also been assigned to this Court. *See Martens Cars of Washington, Inc. v. JTEKT Corp.*, 12-cv-12614 (E.D. Mich.).

serving in that same role for all automotive parts cases filed in or transferred to this Court in MDL 2311, and Direct Purchaser MBC likewise asserts none.[2]

Undersigned counsel have already demonstrated that they satisfy the requirements of Federal Rule of Civil Procedure 23(g) for their appointment as Interim Class and Interim Liaison Counsel for all of these related End-Payor automotive products cases. *See, e.g.* Dkt. 24. In that regard, as the Court is aware, undersigned counsel have cooperatively and efficiently managed the litigation, including working out agreements with defendants on various matters. To that end, undersigned counsel have investigated the claims and, in order to expedite these proceedings and in coordination with the plaintiffs and their counsel, prepared draft Consolidated Amended Complaints for the End-Payor Plaintiffs for all of the products currently at issue in MDL 2311, including Instrument Panel Clusters, Fuel Senders, Heating Control Panels, Occupant Safety Restraint Systems, and Automotive Bearings.  Copies of these proposed Consolidated Amended Complaints for the End-Payor Plaintiffs are attached as Exhibits B - F.  Undersigned counsel are prepared to file Consolidated Amended Complaints essentially in this form after their appointment as Interim Co-Lead Counsel for the End-Payor Plaintiffs, in accordance with the applicable scheduling orders to be entered by the Court.[3]

As the Court observed at the June 15, 2012 hearing, appointing different groups of lawyers to be interim class counsel for each of the different automotive parts at issue, at least with respect to the End-Payor cases, would result in an unduly cumbersome and inefficient case leadership structure. Should the Court deem it necessary or appropriate, undersigned counsel are

---

[2]  If subclasses are deemed appropriate as a case management tool in the bearings cases, that issue can be appropriately addressed at a subsequent stage of the litigation.

[3]  Prior to filing the Consolidated Amended Complaints, undersigned counsel reserves the right to update them to account for any subsequent developments.

also prepared to file a motion for appointment as Interim Class and Interim Liaison Counsel for the End-Payor Plaintiffs in the bearings cases, or any of the other automotive products at issue in this MDL proceeding, although all of the information necessary for such an appointment is already before the Court.  (Dkt. 24). However, it is undersigned counsel's position that such additional motion practice is unnecessary, particularly since ***all*** End-Payor Plaintiffs in ***all*** of the automotive parts End-Payor actions, as well as their counsel ***support*** the continued appointment of undersigned counsel as Interim Co-Lead and Interim Liaison Counsel for the End-Payor Plaintiffs Class.

For all of the reasons set forth in their original motion under Federal Rule of Civil Procedure 23(g) (Dkt. No. 24), as well as the reasons set forth herein, undersigned counsel should be appointed Interim Co-Lead and Interim Liaison Counsel for the End-Payor Plaintiffs in all of the auto parts cases filed in or transferred to this Court as part of MDL 2311. Direct Purchaser MBC has no grounds or standing to oppose. Accordingly, undersigned counsel respectfully request that the Court enter the proposed order accompanying this filing.

4

DATED:  July 27, 2012                              COTCHETT, PITRE & McCARTHY, LLP


By */s/ Frank C. Damrell*

Joseph W. Cotchett
Frank C. Damrell
Steven N. Williams
Adam J. Zapala
Gene W. Kim
**COTCHETT, PITRE & McCARTHY, LLP**
San Francisco Airport Office Center
840 Malcolm Road, Suite 200
Burlingame, CA 94010
Telephone:  (650) 697-6000
Facsimile:  (650) 697-0577
jcotchett@cpmlegal.com
fdamrell@cpmlegal.com
swilliams@cpmlegal.com
azapala@cpmlegal.com
gkim@cpmlegal.com

Hollis Salzman
Bernard Persky
William V. Reiss
**LABATON SUCHAROW LLP**
140 Broadway
New York, NY 10005
Telephone:  (212) 907-0700
Facsimile:  (212) 883-7058
hsalzman@labaton.com
bpersky@labaton.com
wreiss@labaton.com

Marc M. Seltzer
Steven G. Sklaver
**SUSMAN GODFREY L.L.P.**
1901 Avenue of the Stars, Suite 950
Los Angeles, CA 90067-6029
Telephone:  (310) 789-3100
Facsimile:  (310) 789-3150
mseltzer@susmangodfrey.com
ssklaver@susmangodfrey.com

Terrell W. Oxford
Warren T. Burns
**SUSMAN GODFREY L.L.P.**
901 Main Street, Suite 5100
Dallas, Texas 75202
Telephone:  (214) 754-1900
Facsimile:  (214)754-1933
toxford@susmangodfrey.com
wburns@susmangodfrey.com

*Attorneys for Plaintiffs and Interim Co-Lead Class Counsel for the Proposed End-Payor Plaintiffs Classes*

E. Powell Miller (P39487)
Adam T. Schnatz (72049)
**THE MILLER LAW FIRM, P.C.**
950 W. University Dr., Ste. 300
Rochester, Michigan 48307
Telephone:  (248) 841-2200
Facsimile:  (248) 652-2852
epm@millerlawpc.com

*Attorneys for Plaintiffs and Interim Liaison Counsel for the Proposed End-Payor Plaintiffs Classes*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | |
|---|---|
| IN RE:  AUTOMOTIVE PARTS ANTITRUST LITIGATION<br><br>MDL NO. 2311<br>_____<br><br>THIS DOCUMENT RELATES TO:<br><br>END-PAYOR ACTIONS | )<br>)<br>)  Case No.  2:12-md-02311<br>)<br>)<br>)  Judge Marianne O. Battani<br>)  Magistrate Mona K. Majzoub<br>)<br>)<br>)<br>)<br>)<br>) |

## CERTIFICATE OF SERVICE

I hereby certify that on July 27, 2012, I electronically filed the attached document with the Clerk of the Court using the ECF system which will send notification of such filing to all filing users indicated on the Electronic Notice List through the Court's electronic filing system.

I also certify that I will serve copies via First Class U.S. Mail upon all other parties indicated on the Manual Notice List.

                                             **THE MILLER LAW FIRM, P.C.**

                                             By_/s/ *E. Powell Miller*_
                                             E. Powell Miller (P39487)
                                             950 W. University Dr., Ste. 300
                                             Rochester, Michigan 48307
                                             (248) 841-2200
                                             epm@millerlawpc.com