UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____
                                                            :
IN RE: AUTOMOTIVE PARTS ANTITRUST   :   Master File No. 12-MD-02311
LITIGATION                                               :   Honorable Marianne O. Battani
_____:
                                                            :
PRODUCT(S):                                       :
WIRE HARNESS SYSTEMS                    :
_____:
                                                            :
THIS DOCUMENT RELATES TO:         :   Lead Case No. W:12-cv-00101
Direct Purchaser Actions                      :
_____:

**DIRECT PURCHASER PLAINTIFFS' RESPONSE IN OPPOSITION TO
DEFENDANT FUJIKURA AMERICA, INC.'S MOTION TO DISMISS ALL ACTIONS**

Joseph C. Kohn
William E. Hoese
Douglas A. Abrahams
KOHN, SWIFT & GRAF, P.C.
One South Broad Street, Suite 2100
Philadelphia, PA 19107
(215) 238-1700

Steven A. Kanner
William H. London
Michael E. Moskovitz
Michael L. Silverman
FREED KANNER LONDON
  & MILLEN LLC
2201 Waukegan Road, Suite 130
Bannockburn, IL 60015
(224) 632-4500

David H. Fink (P28235)
Darryl Bressack (P67820)
FINK + ASSOCIATES LAW
100 West Long Lake Road, Suite 111
Bloomfield Hills, MI 48304
(248) 971-2500

Interim Liaison Counsel for the Direct Purchaser
Plaintiffs

Gregory P. Hansel
Randall B. Weill
Joshua R. Carver
PRETI, FLAHERTY, BELIVEAU & PACHIOS LLP
One City Center, P.O. Box 9546
Portland, ME 04112-9546
(207) 791-3000

Eugene A. Spector
William G. Caldes
Jonathan M. Jagher
Jeffrey L. Spector
SPECTOR ROSEMAN KODROFF & WILLIS, P.C.
1818 Market Street, Suite 2500
Philadelphia, PA 19103
(215) 496-0300

Interim Lead Counsel for the Direct Purchaser Plaintiffs

# **TABLE OF CONTENTS**

STATEMENT OF THE ISSUES PRESENTED ............................................................................ ii

CONTROLLING OR MOST APPROPRIATE AUTHORITIES ................................................. iii

PRELIMINARY STATEMENT .................................................................................................... 1

ARGUMENT .................................................................................................................................. 1

    I.   DP PLAINTIFFS' ALLEGATIONS CONCERNING FAI ARE
        LEGALLY SUFFICIENT ................................................................................................. 1

    II.  DP PLAINTIFFS HAVE ALLEGED A SUFFICIENT CORPORATE
        RELATIONSHIP BETWEEN FUJIKURA AND FAI ....................................................... 4

CONCLUSION ............................................................................................................................... 5

**STATEMENT OF THE ISSUES PRESENTED**

Whether the Direct Purchaser Plaintiffs' Consolidated Amended Class Action Complaint (the "CAC" or "Complaint") alleges "sufficient facts to meet the minimum requirements for pleading an antitrust conspiracy as to Fujikura America, Inc.," satisfying Fed.R.Civ.P. 8 and *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (*"Twombly"*), where that Complaint alleges:

- guilty pleas by multiple Defendants and key company executives to antitrust violations involving wire harnesses and related products;

- cease and desist orders and fines against multiple Defendants issued by the Japanese Fair Trade Commission;

- wire harness products investigations of Defendants by U.S., Japanese and European law enforcement entities;

- a market structure conducive to collusion; and

- opportunities to collude.

.

**CONTROLLING OR MOST APPROPRIATE AUTHORITIES**

**Cases**

*Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007)

*Carrier Corp. v. Outokumpu Oyj*, 673 F. 3d 430 (6th Cir. 2012)

*Cupp v. Alberto-Culver USA, Inc.*, 310 F. Supp. 2d 963 (W.D. Tenn. 2004)

*Hinds County v. Wachovia Bank N.A.*, 620 F. Supp. 2d 499 (S.D.N.Y. 2009)

*Hinds County v. Wachovia Bank N.A.*, 700 F. Supp. 2d 378 (S.D.N.Y. 2010)

*In re Packaged Ice Antitrust Litig.*, 723 F. Supp. 2d 987 (E.D. Mich. 2010)

*In re Polyurethane Foam Antitrust Litig.*, 799 F. Supp. 2d 777 (N.D. Ohio 2011)

*In re Refrigerant Compressors Antitrust Litig.*, 2012 WL 2114997 (E.D. Mich. June 11, 2012)

*RSM Prod. Corp., v. PDVSA*, 338 F. Supp. 2d 1208 (D. Col. 2004)

*In re Title Ins. Antitrust Cases*, 702 F. Supp. 2d 840 (N.D. Ohio 2010)

*Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F. 3d 430 (6th Cir. 2008)

*In re Travel Agent Comm. Antitrust Litig.*, 2007 WL 3171675 (N.D. Ohio Oct. 29, 2007)

*United States Fidelity & Guaranty Co. v. Nat'l Union Fire Ins. Co. of Pittsburgh*, 2007 WL 2950698 (E.D. Mich. Oct. 10, 2007)

*United States v. Osborne*, 2011 WL 7640990 (N.D. Ohio Dec. 15, 2011)

# INDEX OF AUTHORITIES

**Cases**

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) .................................................................. 1

*Carrier Corp. v. Outokumpu Oyj*, 673 F. 3d 430 (6th Cir. 2012) ..................................................... 4

*Cupp v. Alberto-Culver USA, Inc.*, 310 F. Supp. 2d 963 (W.D. Tenn. 2004) ................................. 4

*Hinds County v. Wachovia Bank N.A.*, 620 F. Supp. 2d 499 (S.D.N.Y. 2009) .............................. 4

*Hinds County v. Wachovia Bank N.A.*, 700 F. Supp. 2d 378 (S.D.N.Y. 2010) .............................. 3

*In re Packaged Ice Antitrust Litig.*, 723 F. Supp. 2d 987 (E.D. Mich. 2010) .................................. 3

*In re Polyurethane Foam Antitrust Litig.*, 799 F. Supp. 2d 777 (N.D. Ohio 2011) ..................... 3, 4

*In re Refrigerant Compressors Antitrust Litig.*, 2012 WL 2114997
    (E.D. Mich. June 11, 2012) ......................................................................................................... 3

*In re Title Ins. Antitrust Cases*, 702 F. Supp. 2d 840 (N.D. Ohio 2010) ........................................ 4

*In re Travel Agent Comm. Antitrust Litig.*, 2007 WL 3171675 (N.D. Ohio Oct. 29, 2007) ........... 4

*RSM Prod. Corp., v. PDVSA*, 338 F. Supp. 2d 1208 (D. Col. 2004) .............................................. 4

*Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*,
    552 F. 3d 430 (6th Cir. 2008) ..................................................................................................... 4

*United States Fidelity & Guaranty Co. v. Nat'l Union Fire Ins. Co. of Pittsburgh*,
    2007 WL 2950698 (E.D. Mich. Oct. 10, 2007) .......................................................................... 5

*United States v. Osborne*, 2011 WL 7640990 (N.D. Ohio Dec. 15, 2011) .................................... 3

**PRELIMINARY STATEMENT**

In its Motion to Dismiss, defendant Fujikura America, Inc. ("FAI"), a wholly-owned and/or controlled subsidiary of defendant Fujikura Ltd. ("Fujikura"), contends that Direct Purchaser Plaintiffs' ("DP Plaintiffs") Consolidated Amended Complaint ("CAC") fails to state a claim against FAI because DP Plaintiffs' allegations concerning the participation of FAI in the alleged conspiracy are insufficient under *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). *See* FAI's Memorandum in Support of Motion to Dismiss All Actions ("FAI MTD") at 2. In addition, FAI argues that Fujikura's alleged role in the conspiracy says nothing about FAI's involvement. FAI's arguments are legally and factually baseless, and neither warrants dismissal of DP Plaintiffs' Complaint. *Id.* at 2-3.

**ARGUMENT**

**I.    DP PLAINTIFFS' ALLEGATIONS CONCERNING FAI ARE LEGALLY SUFFICIENT**

FAI's first argument is that the CAC is insufficient because it does not allege that FAI was a member of the conspiracy, but only that FAI was a participant in the market for Wire Harness Products. *See* FAI MTD. at 1-2.

As an initial matter, contrary to FAI's assertion, the CAC sufficiently alleges that FAI participated in the conspiracy. The CAC has alleged that numerous defendants, including FAI, conspired to fix prices for Wire Harness Products, and provides details concerning the formation, execution and fraudulent concealment of the conspiracy. *See* CAC at ¶¶ 2, 106-114, 138-152. As a named defendant, all such allegations are necessarily directed towards FAI (unless otherwise

noted).[1] Moreover, DP Plaintiffs have alleged specific factual details concerning FAI, including but not limited to, the following:

- That FAI is a wholly owned or controlled subsidiary of its parent, Fujikura. *Id.* at ¶ 32;

- That FAI manufactured, marketed or sold Wire Harness Products throughout the United States during the Class Period. *Id.* at ¶ 33;

- That FAI's activities during the Class Period were "under the control and direction of" Fujikura. *Id.* at ¶ 33;

- That in June 2011, Fujikura was disciplined by the Japanese Fair Trade Commission for violating antitrust laws regarding the trading of wire harnesses and fined $14.8M. *Id.* at 19;

- That in January 2012, among other defendants in this action, Fujikura was issued a cease-and-desist order by the Japanese Fair Trade Commission based on its violation of Japanese antitrust law, and fined $14.4M. *Id.* at ¶ 133; and

- That in April 2012, Fujikura pled guilty to a criminal information brought by the United States Department of Justice charging it with conspiring to rig bids for, and to fix, stabilize and maintain the prices of Wire Harness Products in violation of Section 1 of the Sherman Act and agreed to pay a $20M fine for its role in the conspiracy. *Id.* at ¶ 137.

FAI misconstrues what is required under *Twombly*. A complaint alleging a Section 1 violation "must adequately allege the plausible involvement of each defendant and put

---

[1] To the extent that FAI argues that these allegations (*i.e.,* "the actions of 'Defendants' generally") are insufficient, FAI refers to the arguments contained in Defendants' Collective Briefs. Accordingly, Plaintiffs respond to Defendants' Collective Motion to Dismiss the Direct Purchaser Actions in their Opposition to the Collective Brief. *See* Direct Purchaser Plaintiffs' Response in Opposition to Defendants' Collective Motion to Dismiss.

defendants on notice of the claims against them, but it need not be detailed with overt acts by each defendant." *Hinds County v. Wachovia Bank N.A.*, 700 F. Supp. 2d 378, 394 (S.D.N.Y. 2010) *("Hinds II")*; *see also In re Polyurethane Foam Antitrust Litig.*, 799 F. Supp. 2d 777, 794 (N.D. Ohio 2011) *("Polyurethane II")* (*Twombly* does not require a mandatory checklist of the "who, what, when, where and how" for each defendant); *United States v. Osborne*, 2011 WL 7640990, *4 (N.D. Ohio Dec. 15, 2011) quoting *Polyurethane II*, 799 F. Supp. 2d at 794 ("[C]ourts must be alert to arguments from a defendant that *Twombly* requires a plaintiff to advance specific factual allegations describing the particularized 'who, what, when, where and how' of the defendant's liability"). Indeed, in *Hinds II*, the court rejected the argument that a single allegation directed towards a defendant was insufficient under *Twombly*. *Hinds II*, 700 F. Supp. 2d at 395 ("Plaintiffs need not necessarily provide any particular details about conduct undertaken by [a defendant] in furtherance of the conspiracy").

And, even if a complaint contains *no* factual allegations specific to a particular defendant's participation in an alleged conspiracy, a court may take judicial notice of allegations concerning governmental investigations. *See, e.g., In re Refrigerant Compressors Antitrust Litig.*, 2012 WL 2114997, *8 (E.D. Mich. June 11, 2012) (although complaint contained no factual allegations concerning specific conduct by defendants, court took judicial notice of defendants' plea agreement in sustaining complaint); *see also In re Packaged Ice Antitrust Litig.*, 723 F. Supp. 2d 987, 998-99 (E.D. Mich. 2010) (on a motion to dismiss, taking judicial notice of defendants' plea agreements with United States Department of Justice).

DP Plaintiffs' allegations listed above are those of **fact**. Taken as true, as they must be at this stage of the proceedings, they sufficiently allege FAI's participation in the conspiracy.[2]

---

[2] The cases FAI cites in support of its argument that Plaintiffs' Complaint does not allege sufficient involvement by FAI are distinguishable. Two of the cases involve instances in which the plaintiffs did not even

3

## II. DP PLAINTIFFS HAVE ALLEGED A SUFFICIENT CORPORATE RELATIONSHIP BETWEEN FUJIKURA AND FAI

In an attempt to distance itself from its corporate parent Fujikura, which has been found guilty of violating the antitrust laws of both Japan and the United States in connection with Wire Harness Products, FAI vaguely argues that DP Plaintiffs' factual allegations concerning Fujikura's established antitrust violations, fines and criminal guilty plea concerning Wire Harness Products have nothing to do with FAI because they are separate entities and DP Plaintiffs have not alleged otherwise. FAI MTD at 2 n. 3. FAI's argument is unavailing.

It is well-settled law in this Circuit that even in the absence of direct allegations that a parent company's subsidiaries were co-conspirators, the court may "look beyond those entities' corporate forms if the complaint presents enough facts to support a determination that the subsidiaries were alter egos of the parent corporation." *Carrier Corp. v. Outokumpu Oyj*, 673 F. 3d 430, 445 (6th Cir. 2012). As noted above, DP Plaintiffs have alleged that FAI is the wholly owned or controlled subsidiary of Fujikura, and that during the Class Period, FAI's activities were "under the control and direction of" Fujikura. *See* CAC at ¶¶ 32-33.[3]

At best, FAI's argument raises questions of fact not appropriate for resolution at the pleading stage. *See Polyurethane II*, 799 F. Supp. 2d 784; *United States Fidelity & Guaranty Co.*

---

allege that the defendant actually participated in the conspiracy. *See Hinds County v. Wachovia Bank N.A.*, 620 F. Supp. 2d 499, 512 (S.D.N.Y. 2009) (complaint did not even allege that defendants were involved in the price-fixing conspiracy at issue, but only that they were involved in the sale of municipal derivatives (*i.e.*, in the industry); *In re Travel Agent Comm. Antitrust Litig.*, 2007 WL 3171675, *4 (N.D. Ohio Oct. 29, 2007) (only allegation in complaint concerning defendant was that it was present at trade association meetings). Defendants other case, *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F. 3d 430, 436 (6th Cir. 2008) involved the dismissal of a complaint alleging a group boycott because "nowhere did [p]laintiffs allege" any details concerning the conspiracy.

[3] Again, the cases cited by FAI are readily distinguishable. *RSM Prod. Corp., v. PDVSA*, 338 F. Supp. 2d 1208 (D. Col. 2004) deals with the necessary dismissal of claims against a subsidiary where the complaint treated the entities as one and the parent was immune from suit. *Id.* at 1216. Moreover, both *In re Title Ins. Antitrust Cases*, 702 F. Supp. 2d 840 (N.D. Ohio 2010) and *Cupp v. Alberto-Culver USA, Inc.*, 310 F. Supp. 2d 963 (W.D. Tenn. 2004) involve courts dismissing claims against parent companies because in both instances -- unlike here -- the complaint contained no allegations that the parent played any role in the unlawful conduct. *See In re Title Ins.*, 702 F. Supp. 2d at 878 n. 28; *Cupp*, 310 F. Supp. 2d at 972-73 (complaint "mentions absolutely no action by either [parent]").

*v. Nat'l Union Fire Ins. Co. of Pittsburgh*, 2007 WL 2950698 (E.D. Mich. Oct. 10, 2007) (declining to dismiss complaint for failure to plead parent-subsidiary liability since corporate veil inquiry "tends to be intensively fact-driven").

## **CONCLUSION**

For the foregoing reasons, FAI's Motion should be denied.

Dated: September 11, 2012

Respectfully Submitted,

By: /s/ David H. Fink
David H. Fink (P28235)
Darryl Bressack (P67820)
FINK + ASSOCIATES LAW
100 West Long Lake Road, Suite 111
Bloomfield Hills, MI 48304
(248) 971-2500
dfink@finkandassociateslaw.com

*Interim Liaison Counsel for the DP Plaintiffs*

Joseph C. Kohn
William E. Hoese
Douglas A. Abrahams
KOHN, SWIFT & GRAF, P.C.
One South Broad Street, Suite 2100
Philadelphia, PA 19107
(215) 238-1700
jkohn@kohnswift.com

Steven A. Kanner
William H. London
Michael E. Moskovitz
Michael L. Silverman
FREED KANNER LONDON
 & MILLEN LLC
2201 Waukegan Road, Suite 130
Bannockburn, IL 60015
(224) 632-4500
skanner@fklmlaw.com

Gregory P. Hansel
Randall B. Weill
Joshua R. Carver
PRETI, FLAHERTY, BELIVEAU
 & PACHIOS LLP
One City Center, P.O., Box 9546
Portland, ME 04112-9546
(207) 791-3000
ghansel@preti.com

Eugene A. Spector
William G. Caldes
Jonathan M. Jagher
Jeffrey L. Spector
SPECTOR ROSEMAN KODROFF
 & WILLIS, P.C.
1818 Market Street, Suite 2500
Philadelphia, PA 19103
(215) 496-0300
espector@srkw-law.com

*Interim Lead Counsel for the Direct Purchaser Plaintiffs*

5

## CERTIFICATE OF SERVICE

I hereby certify that on September 11, 2012, I electronically filed the foregoing paper with the Clerk of the court using the ECF system which will send notification of such filing to all counsel of record registered for electronic filing.

          FINK + ASSOCIATES LAW

          By: /s/ David H. Fink
          David H. Fink (P28235)
          Darryl Bressack (P67820)
          Interim Liaison Counsel for DP Plaintiffs
          100 West Long Lake Road, Suite111
          Bloomfield Hills, MI  48304
          (248) 971-2500
          dfink@finkandassociateslaw.com