# Exhibit 4

Page 1

Not Reported in F.Supp.2d, 2006 WL 2038605 (E.D.Pa.), 2006-2 Trade Cases P 75,347
**(Cite as: 2006 WL 2038605 (E.D.Pa.))**

United States District Court,
E.D. Pennsylvania.
In re BATH AND KITCHEN FIXTURES ANTI-
TRUST LITIGATION.

Master Docket No. 05-cv-00510 MAM.
July 19, 2006.

*MEMORANDUM AND ORDER*
McLAUGHLIN, J.

**\*1** THIS DOCUMENT RELATES TO: ALL
ACTIONS.

The plaintiffs [FN1] have alleged that the de-
fendants, manufacturers and/or distributors of bath
and kitchen fixtures, entered into an agreement to
fix the price of bath and kitchen fixtures sold in the
United States in violation of Section 1 of the Sher-
man Act.

> **FN1.** The named plaintiffs in the complaint
> are: The Plumbing Source, Inc.; The Neen-
> an Company; Trumbull Industries, Inc.;
> Republic Plumbing Supply Company;
> Thames Valley Winnelson Company; and
> Security Supply Company. The plaintiffs
> are bringing this action on behalf of a class
> of all individuals or entities who purchased
> bath and kitchen fixtures directly from one
> of the defendants or their co-conspirators
> in the United States from January 1, 2001
> through December 31, 2004.

All four of the defendants have moved to dis-
miss the consolidated and amended complaint. De-
fendants OEP, Inc., f/k/a Eljer Plumbingware, Inc.
("Eljer") and Kohler Co. ("Kohler") filed one mo-
tion. Defendants American Standard Companies,
Inc. ("American Standard") and Masco Corp.
("Masco") filed another. The Court will grant both
motions, but will give the plaintiffs thirty (30) days
to amend their complaint.

I. *Factual Background* [FN2]

> **FN2.** When considering a motion to dis-
> miss under Federal Rule of Civil Procedure
> 12(b)(6), a court accepts all facts and al-
> legations listed in the complaint as true and
> construes them in the light most favorable
> to the plaintiff. *H.J., Inc. v. Nw. Bell Tel.
> Co.,* 492 U.S. 229, 249 (1989); *Rocks v.
> City of Philadelphia,* 868 F.2d 644, 645
> (3d Cir.1989).

In early 2005, seventeen separate complaints
were filed against different combinations of defend-
ants including American Standard and Masco. On
March 29, 2005, the Court ordered that all the com-
plaints be consolidated. On June 7, 2005, the
plaintiffs filed a consolidated and amended com-
plaint against American Standard and Masco, as
well as Eljer and Kohler. [FN3] Other entities that
were named as defendants in some of the individual
cases were dropped.

> **FN3.** The docket also incorrectly states
> that the consolidated and amended com-
> plaint was filed against Grohe America.

The plaintiffs' consolidated and amended com-
plaint alleges that the defendants conspired to fix
the prices of bath and kitchen fixtures from at least
January 1, 2001 through December 31, 2004 in vi-
olation of Section 1 of the Sherman Act. The
plaintiffs claim that they and other class members
paid artificially high prices for bath and kitchen fix-
tures as a result of the defendants' unlawful con-
duct. Bath and kitchen fixtures are defined broadly
as "products used to receive water at the point of
use (e.g., bathtubs, lavatories, sinks, basins,
washtubs, washtrays, toilets/tanks and urinals) and
the related trimmings and components."

Although the complaint makes allegations of a
large scale price fixing conspiracy, the sum total of
the plaintiffs' allegations with respect to the critical

© 2012 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d, 2006 WL 2038605 (E.D.Pa.), 2006-2 Trade Cases P 75,347
**(Cite as: 2006 WL 2038605 (E.D.Pa.))**

element of concerted action consist of claims that the defendants: (1) communicated with each other to discuss prices of bath and kitchen fixtures; (2) agreed to charge prices at specific levels and refused to sell bath and kitchen fixtures below the agreed upon levels; (3) issued price quotations and price announcements; and (4) sold bath and kitchen fixtures throughout the United States at agreed upon prices.

The plaintiffs claim that the conspiracy was not discovered until November of 2004, due to the defendants' fraudulent concealment of their scheme. It is not clear how the plaintiffs discovered this alleged conspiracy, though it appears that the plaintiffs somehow became alerted to a conspiracy to fix prices in the United States when American Standard and Masco disclosed that they were being investigated for possible anticompetitive activities in Europe in November of 2004.

This case had a somewhat tortured history prior to the filing of the consolidated and amended complaint. The original complaints differed significantly on the identity of the defendants and the products that were allegedly the subject of the conspiracy to fix prices. Although all of the initial complaints identified American Standard and Masco as defendants, none of them named either Eljer or Kohler. Furthermore, although a few of the initial complaints alleged a conspiracy to fix the prices of bath and kitchen fixtures, most alleged either a conspiracy to fix the prices of bathroom fittings or a conspiracy to fix the prices of both fittings and fixtures.

**\*2** The difference between fittings and fixtures is not mere semantics. The parties do not dispute that generally, fittings are products such as faucets and showerheads that deliver water, while fixtures are products such as sinks and bathtubs that receive water. Additionally, the consolidated and amended complaint references two different governmental investigations, only one of which involves fixtures. One reference concerns a grand jury subpoena received by defendant American Standard from the

United States Department of Justice that requested information related to the sale of bathroom fittings. The other concerned an investigation by the European Commission that involved fittings and fixtures. Although the consolidated and amended complaint alleges that both American Standard and Masco (but not Eljer or Kohler) were contacted as part of the European investigation, that investigation only involved the distribution of fittings and fixtures in certain European countries. The consolidated and amended complaint only makes allegations of price fixing in the United States.

Following the filing of the consolidated and amended complaint, Eljer and Kohler filed a motion to dismiss on September 12, 2005. On September 22, 2005, American Standard and Masco did the same. Both motions to dismiss argue that: (1) the complaint does not state an antitrust conspiracy claim; (2) the complaint does not adequately allege that the individual defendants joined the conspiracy; (3) the complaint fails to provide fair notice of the products involved in the conspiracy; and (4) the complaint does not adequately allege fraudulent concealment.

II. *Legal Analysis*

Section 1 of the Sherman Act provides that "[e]very contract, combination in the form of trust or otherwise, or conspiracy, in restraint of trade or commerce among the several States, or with foreign nations, is hereby declared to be illegal." 15 U.S.C. § 1. Courts have long recognized that Section 1 only prohibits unreasonable restraints of trade. *Bus. Elecs. Corp. v. Sharp Elecs. Corp.,* 485 U.S. 717, 723 (1988).

To establish a Section 1 violation, a plaintiff must prove: "(1) concerted action by the defendants; (2) that produced anti-competitive effects within the relevant product and geographic markets; (3) that the concerted action was illegal; and (4) that the plaintiff was injured as a proximate result of the concerted action." *Queen City Pizza, Inc. v. Domino's Pizza, Inc.,* 124 F .3d 430, 442 (3d Cir.1997); *Tunis Bros. Co., Inc. v. Ford Motor Co .,*

© 2012 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d, 2006 WL 2038605 (E.D.Pa.), 2006-2 Trade Cases P 75,347
**(Cite as: 2006 WL 2038605 (E.D.Pa.))**

952 F.2d 715, 722 (3d Cir.1991). When a plaintiff demonstrates that a horizontal conspiracy to fix prices exists, which constitutes a per se violation of the Sherman Act, a plaintiff need only prove that the conspiracy existed and that it was the proximate cause of the plaintiff's injuries. *In re Flat Glass Antitrust Litig., 385 F.3d 350, 356 (3d Cir.2004).*

It is undisputed that the plaintiffs' complaint is subject to the minimal requirements of Federal Rule of Civil Procedure 8(a)(2) and is not subject to any heightened pleading standard. *See Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit, 507 U.S. 163, 168 (1993); Lum v. Bank of Am., 361 F.3d 217, 228 (3d Cir.2004).*

**\*3** Rule 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). Interpreting this rule, the United States Supreme Court has held that a complaint must " 'give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.' " *Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002)* (quoting *Conley v. Gibson, 355 U.S. 41, 47 (1957)*). Thus, the Supreme Court has set up a two-step analysis under Rule 8(a)(2). First, a complaint must give the defendants notice of what the claim is and second, the complaint must state the grounds upon which that claim rests.

The defendants have conceded that the consolidated and amended complaint states a claim and indeed it is clear that the plaintiffs allege a conspiracy to fix prices in violation of Section 1 of the Sherman Act. At issue is whether the plaintiffs have done enough to state the grounds upon which their claim rests.

The question of what a plaintiff must do to plead the grounds upon which a claim rests was recently addressed by the United States Court of Appeals for the Third Circuit in *In re Tower Air, 416 F.3d 229 (3d. Cir.2005).* In that case, the Court of Appeals held that even at the pleading stage, "a defendant deserves fair notice of the general factual background for the plaintiff's claims." *In re Tower Air, 416 F.3d at 237.* However, a complaint should not be dismissed for a lack of detailed facts. *Id.*

In the antitrust context and in accordance with the general standard of Rule 8(a)(2), a general allegation of conspiracy, without more, is not sufficient. Although detail is not necessary, a plaintiff "must plead the facts constituting the conspiracy, its object and accomplishment." *Black & Yates, Inc. v. Mahogany Ass'n, Inc., 129 F.2d 227, 231 (3d Cir.1941).*

Here, although it is undisputed that the plaintiffs' complaint states a claim in that it alleges that the defendants conspired to fix the prices of bath and kitchen fixtures, the complaint is devoid of even a minimal factual background that gives the defendants fair notice of the grounds upon which that claim is based.

The plaintiffs devote only two paragraphs of the consolidated and amended complaint to describing the antitrust violations that the defendants allegedly committed. Paragraph 43 states simply that the defendants conspired to fix prices for bath and kitchen fixtures. Paragraph 44 purports to allege anticompetitive activities engaged in by the defendants, but adds little if any factual background to the general assertion that the defendants conspired to fix prices.

Specifically, paragraph 44 of the complaint alleges that the defendants communicated with each other about the price of bath and kitchen fixtures, agreed to charge specific prices, issued price announcements in accordance with these agreements and sold bath and kitchen fixtures at the agreed upon prices. Thus, in total, the plaintiff alleges that the defendants agreed to fix the prices of bath and kitchen fixtures, engaged in some unspecified communications and quoted prices and sold products at the agreed upon levels.

**\*4** Should this case go forward with the consolidated and amended complaint in its present form,

© 2012 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d, 2006 WL 2038605 (E.D.Pa.), 2006-2 Trade Cases P 75,347
**(Cite as: 2006 WL 2038605 (E.D.Pa.))**

the defendants would be forced to defend against a large scale class action with no notice of what they allegedly did wrong beyond the general claim that they agreed to fix the prices of a large amount of products and carried out that agreement. The Court concludes that such allegations do not meet the requirements of Rule 8(a)(2).

In *Black & Yates, Inc. v. Mahogany Association, Inc.,* 129 F.2d 227 (3d Cir.1941), the United States Court of Appeals for the Third Circuit considered whether a complaint adequately pled a Sherman Act conspiracy claim. According to the District Court, the complaint alleged only that the defendant and others devised a plan to reduce competition and detailed some unfair statements that were made that related to the plaintiff's business. The Court of Appeals upheld the District Court's dismissal of the antitrust claim noting that the plaintiff had not pled the date of the conspiracy, its attendant circumstances or where, when or by whom the statements at issue were made. *Black & Yates,* 129 F.2d at 231-32; *Black & Yates Inc. v. Mahogany Ass'n, Inc.,* 24 F.Supp 450, 456 (D.Del.1940).

Later, in *Garshman v. Universal Resources Holding, Inc.,* 824 F.2d 223 (3d Cir.1987), the United States Court of Appeals for the Third Circuit reaffirmed that overly vague allegations of antitrust violations will not survive a motion to dismiss. With respect to the Section 1 claim at issue, all that was alleged was that one of the defendants, its subsidiary and other unnamed entities engaged in concerted action to achieve anticompetitive effects. The Court of Appeals cited *Black & Yates* and held that "[t]he allegation of unspecified contracts with unnamed other entities to achieve unidentified anticompetitive effects does not meet the minimum standards for pleading a conspiracy in violation of the Sherman Act." *Garshman,* 824 F.2d at 230.

The consolidated and amended complaint at issue here does provide a little bit more detail than the complaints that the Court of Appeals disap-

proved of in *Black & Yates* and *Garshman.* However, it is comparable to a complaint which the United States Court of Appeals for the Second Circuit found inadequate in *Klebanow v. New York Produce Exchange,* 344 F.2d 294 (2d Cir.1965). The complaint at issue in *Klebanow* alleged that the defendants, certain exchanges and a bank, conspired to fix the price of cottonseed oil. The Court of Appeals for the Second Circuit concluded that the complaint "furnishes not the slightest clue as to what conduct by the defendants is claimed to constitute an illegal contract combination and conspiracy" and held that "[a] mere allegation that defendants violated the antitrust laws as to a particular plaintiff and commodity no more complies with Rule 8 than an allegation which says only that a defendant made an undescribed contract with the plaintiff and breached it." *Klebanow,* 344 F.2d at 296, 299 (internal quotations omitted). Although *Klebanow* was decided over forty years ago, it is routinely cited by courts considering whether dismissal of an antitrust claim is appropriate. *See, e.g., Zimmerman v. PepsiCo., Inc.,* 836 F.2d 173, 179 (3d Cir.1988); *Twombly v. Bell Atl. Corp.,* 425 F.3d 99, 109 (2d Cir.2005); *Estate Constr. Co. v. Miller & Smith Holding Co.,* 14 F.3d 213, 221 (4th Cir.1994).

**\*5** The Court finds the reasoning in *Klebanow* both persuasive and consistent with the Third Circuit Court of Appeals' precedent in *Black & Yates* and *Garshman.* The *Klebanow* Court stated that although there was no special pleading standard required in antitrust cases, merely pleading "statutory words" does not satisfy Rule 8(a)(2). *Klebanow,* 344 F.2d at 299. That is consistent with the Third Circuit Court of Appeals' holdings that simply pleading a "general allegation of conspiracy" ( *Black & Yates* ) or that the defendants engaged in concerted action to achieve anticompetitive effects (*Garshman* ) are insufficient allegations to survive a motion to dismiss.

The plaintiffs rely heavily on *Fuentes v. South Hills Cardiology,* 946 F.2d 196 (3d Cir.1991) to ar-

© 2012 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d, 2006 WL 2038605 (E.D.Pa.), 2006-2 Trade Cases P 75,347
**(Cite as: 2006 WL 2038605 (E.D.Pa.))**

gue that the consolidated and amended complaint meets the requirements of Rule 8(a)(2). The complaint at issue in *Fuentes* made allegations of a group boycott in violation of Section 1 of the Sherman Act. Specifically, the plaintiff in *Fuentes* alleged that over a specified one-week time period, four doctors who competed with the plaintiff requested that a hospital deny the plaintiff staff privileges and that in direct response to this request, the hospital did exclude the plaintiff from practicing there. *Fuentes,* 946 F.2d at 201.

The United States Court of Appeals for the Third Circuit concluded that the plaintiff's allegations were sufficient to allege concerted action. However, in addition to the fact that the complaint in *Fuentes* alleged a group boycott as opposed to price fixing, *Fuentes* is also distinguishable based on the level of detail in the complaint. In *Fuentes,* with respect to the allegations of concerted action, the complaint was reasonably specific as to how the alleged agreement was formed. The *Fuentes* complaint alleged that the defendant doctors made a specified request to terminate the plaintiff's staff privileges to the defendant hospital which the hospital accepted. The *Fuentes* complaint also specified a narrow range of dates when the agreement was allegedly formed. *Id.* Those allegations stand in contrast to the ones made in this case which allege only that the defendants "agreed," "conspired" and "communicated" without providing any specifics about how the agreement or conspiracy was formed.

Furthermore, the consolidated and amended complaint, except for alleging that the agreement to fix prices was carried out over an approximately four year time period, makes no claims as to when the defendants actually formed the conspiracy. The Court of Appeals stated in *Fuentes* that a plaintiff need not identify meetings or phone calls at which the conspiracy was carried out. *Id.* at 202. However, the *Fuentes* Court never stated that a plaintiff in an antitrust case is relieved of Rule 8(a)(2)'s requirement, articulated by the Court of

Appeals in *Black & Yates* and *Garshman,* that an antitrust plaintiff must provide the defendants some minimal factual background regarding how any alleged conspiracy was formed.

**\*6** The plaintiffs rely less on the specific allegations that were made by the plaintiff in *Fuentes* and more on a phrase in the Court of Appeals' decision which stated that "[the plaintiff's] allegations identifying the conspiracy's participants, purpose and motive are sufficient to survive a motion to dismiss." *Fuentes,* 946 F.2d at 202. Although, when considering any allegation that certain defendants conspired to fix prices, it is possible to identify or infer the participants (the defendants), the purpose (to fix prices) and the motive (to make money), by the plain language of the *Fuentes* decision, the Court of Appeals did not frame the "participants, purpose and motive" language as a general principle, but stated only that "his [referring to the plaintiff] allegations identifying the conspiracy's participants, purpose and motive are sufficient to survive a motion to dismiss." *Id.* Importantly, the *Fuentes* Court reaffirmed the holding from *Black & Yates* that "[a] general allegation of conspiracy without a statement of the facts is an allegation of a legal conclusion and insufficient of itself to constitute a cause of action." *Id.* at 201-02 (quoting *Black & Yates,* 129 F.2d at 231).

There have been some district court cases which appear to apply *Fuentes* as a general principle in considering the sufficiency of a complaint which makes Section 1 conspiracy allegations. However, like the complaint in *Fuentes* itself, the complaints at issue in these cases tend to allege at least a minimal factual background in support of the conspiracy allegations at issue.

For example, in one of those cases, *In re Hydrogen Peroxide Antitrust Litigation,* No. 05-666, 2005 U.S. Dist. LEXIS 31590 (E.D.Pa. Nov. 22, 2005), the complaint at issue alleged a conspiracy among the defendants to fix the price of hydrogen peroxide and additionally, the plaintiffs alleged two specific instances of the defendants raising prices

© 2012 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d, 2006 WL 2038605 (E.D.Pa.), 2006-2 Trade Cases P 75,347
**(Cite as: 2006 WL 2038605 (E.D.Pa.))**

almost simultaneously following industry meetings. *In re Hydrogen Peroxide Antitrust Litig.,* 2005 U.S. Dist. LEXIS 31590 at *9-10.

Similarly, another such case, *In re Linerboard Antitrust Litigation,* Nos. 98-5055, 99-1314, 2000 U.S. Dist. LEXIS 14433 (E.D.Pa. Oct. 5, 2000), also involved a Section 1 claim where the plaintiffs provided some background for their price fixing conspiracy allegations by referencing coordinated price increases by the defendants. *In re Linerboard Antitrust Litig.,* 2000 U.S. Dist. LEXIS 14433 at *19-20.

Finally, *Shaw v. Dallas Cowboys Football Club, LTD.,* No. 97-5184, 1998 U.S. Dist. LEXIS 9896 (E.D. Pa. June 19, 1998) (*aff'd* 172 F.3d 299 (3d Cir.1999)) also applied the "participants, purpose and motive" language from *Fuentes.* However, the complaint in *Shaw,* which alleged that there was an agreement among the National Football League and its member clubs to restrict non-network broadcasts of games, went into some detail about how the defendants carried out their alleged agreement. *Shaw,* 1998 U.S. Dist. LEXIS 9896 at *1-3, 13-14. FN4

> FN4. The District Court's decision in *Shaw* was affirmed on appeal. However, the Court of Appeals' decision only focused on the applicability of the Sports Broadcasting Act and did not consider whether the plaintiffs' conspiracy claims satisfied Rule 8(a)(2) or the proper application of *Fuentes'* "participants, purpose and motive" language. *Shaw v. Dallas Cowboys Football Club, LTD.,* 172 F.3d 299 (3d Cir.1999).
>
> Additionally, I issued a recent decision in *U.S. Horticultural Supply, Inc. v. Scotts Co.,* No. 04-5182, 2006 U.S. Dist. LEXIS 36015 (E.D. Pa. June 1, 2006) which denied a motion to dismiss a Section 1 claim and cited *Fuentes.* However, the Court did not apply *Fuentes* as a gen-

eral principle. The Court noted that the complaint at issue in *U.S. Horticultural Supply,* in addition to identifying the participants, purpose and motive of the conspiracy, went into some detail about how the alleged co-conspirators accomplished and carried out their agreement. *U.S. Horticultrual Supply,* 2006 U.S. Dist. LEXIS 36015 at *7-9.

**\*7** Thus, the Court concludes that the consolidated and amended complaint fails to satisfy the requirements of Rule 8(a)(2) because, with respect to the critical claim of the existence of a conspiracy to fix prices, the complaint fails to state the grounds upon which that claim is based. This conclusion is reinforced by the fact that the history of this litigation demonstrates that the plaintiffs have changed their allegations with respect to the defendants who were members of the conspiracy and the products involved, all while continuing to make the same core, but vague allegations of a Section 1 violation. FN5

> FN5. Because the Court concludes that the consolidated and amended complaint does not satisfy Rule 8(a)(2) because it fails to state the grounds upon which the allegations of the price fixing conspiracy are based, the Court will not reach the issue of whether the complaint fails to satisfy the applicable pleading requirements for any other reason. However, the Court will discuss other aspects of the complaint and the procedural history of this case so that the plaintiffs' conspiracy allegations can be viewed in the proper context.

With respect to the defendants allegedly involved in the conspiracy, the original complaints alleged that American Standard and Masco, along with other entities, conspired to fix the prices in the United States of bathroom and kitchen fittings or fixtures or both. It appears that these allegations were made after American Standard and Masco disclosed that they were being investigated for anti-

Not Reported in F.Supp.2d, 2006 WL 2038605 (E.D.Pa.), 2006-2 Trade Cases P 75,347
**(Cite as: 2006 WL 2038605 (E.D.Pa.))**

competitive activities in Europe and American Standard confirmed it received a subpoena from the United States Justice Department regarding the sale of bathroom fittings. None of the original complaints named either Eljer or Kohler as defendants.

The consolidated and amended complaint dropped all of the entities other than American Standard and Masco that were named in some of the original complaints and added Eljer and Kohler. It is not clear what the reason for this switch was and the consolidated and amended complaint makes no allegations regarding either the individual defendants' role in the conspiracy or how they each joined the conspiracy.

Additionally, although many of the original complaints alleged a conspiracy to fix the prices of either fittings and fixtures or just fittings, the consolidated and amended complaint only alleged that the defendants fixed the price of bathroom and kitchen fixtures. Although, by focusing only on fixtures, the plaintiffs significantly scaled back the amount of products that were the subject of the alleged conspiracy, the plaintiffs did not dispute the defendants' assertion that the plaintiffs' definition of bathroom and kitchen fixtures covers thousands of products.

Finally, the plaintiffs also claim that they did not discover the defendants' price fixing scheme until November of 2004 due to fraudulent concealment and thus the statute of limitations should be tolled. According to the complaint, the plaintiffs discovered the conspiracy to fix the prices of bathroom and kitchen fixtures in the United States about the same time that two of the defendants, American Standard and Masco disclosed they were being investigated in Europe for anticompetitive activities. Although it is not clear how an apparently voluntary disclosure of a European investigation by two defendants could lead to the discovery of a previously fraudulently concealed price fixing conspiracy in the United States by all four defendants, because the Court concludes that the plaintiffs have not adequately pled a conspiracy to fix prices,

the Court need not address the issue of whether the allegations of fraudulent concealment meet the stricter pleading requirements of Federal Rule of Civil Procedure 9(b). However, as with the allegations concerning the products involved in the conspiracy and the role of each defendant, the plaintiffs' allegations of fraudulent concealment further demonstrate that the plaintiffs appear to be using different defendants and products interchangeably when making allegations of price fixing.

**\*8** Although the fact that discovery will be both expensive and time consuming does not merit a higher pleading standard, the Supreme Court has held that in complex cases "a district court must retain the power to insist upon some specificity in pleading before allowing a potentially massive factual controversy to proceed." *Associated Gen. Contractors, Inc. v. Cal. State Council of Carpenters,* 459 U.S. 519, 528 n. 17 (1983). This statement is particularly applicable here, where the plaintiffs have made vague allegations that an ever changing group of defendants conspired to fix the prices of a broad swath of products.

On the specific topic of concerted action by the defendants, which is essential to the plaintiffs' Section 1 claim, the consolidated and amended complaint alleges only in the most general terms that the defendants agreed to fix prices, that they communicated about this agreement and that they carried out the agreement. Of course a conspiracy is by definition an agreement and to agree one must communicate and thus, stripped of its redundancies, the consolidated and amended complaint's only allegation of concerted action is that the defendants conspired to fix the prices of bath and kitchen fixtures and carried out that conspiracy. Because a general allegation of conspiracy without more does not suffice to plead a Section 1 conspiracy, the Court concludes that the consolidated and amended complaint fails to satisfy even the minimal requirements of notice pleading. *See Black & Yates, Inc. v. Mahogany Ass'n, Inc.,* 129 F.2d 227, 231 (3d Cir.1941)

© 2012 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d, 2006 WL 2038605 (E.D.Pa.), 2006-2 Trade Cases P 75,347
**(Cite as: 2006 WL 2038605 (E.D.Pa.))**

.

That said, the Court will not dismiss the consolidated and amended complaint with prejudice at this time as the defendants request. At oral argument, the Court asked counsel for the plaintiffs if there were any supplemental facts that could be pled to address the defendants' arguments that the consolidated and amended complaint did not provide sufficient notice of the grounds upon which the conspiracy claim was based. Counsel implied that they might possess more information than was alleged in the pleadings, but did not supplement the complaint. (Mots. to Dismiss Hr'g Tr., 70-72, Jan. 26, 2006). The Court, nevertheless, will allow the plaintiffs an opportunity to amend their pleadings. *See, e.g., Klebanow v. N.Y. Produce Exch., 344 F.2d 294, 299-300 (2d Cir.1965)* (concluding that a general allegation of a price fixing conspiracy did not satisfy Rule 8 but allowing the complaint to be amended).

An appropriate Order follows.

### ORDER

AND NOW, this 19th day of July, 2006, upon consideration of the motion to dismiss filed by Eljer and Kohler (Docket No. 27), the motion to dismiss filed by American Standard and Masco (Docket No. 31), the plaintiffs' response in opposition to both motions, the reply of Eljer and Kohler, the reply of American Standard and Masco, the plaintiffs' consolidated and amended complaint and arguments presented at a hearing held on January 26, 2006, IT IS HEREBY ORDERED that for the reasons stated in a Memorandum and Order of this date, the motion to dismiss filed by Eljer and Kohler and the motion to dismiss filed by American Standard and Masco are both GRANTED to the extent they argue that the consolidated and amended complaint fails to provide the defendants notice of the grounds upon which the plaintiffs' claims rest.

**\*9** The Court will not dismiss the consolidated and amended complaint at this time, but will allow the plaintiffs thirty (30) days to amend their complaint.

E.D.Pa.,2006.
In re Bath and Kitchen Fixtures Antitrust Litigation
Not Reported in F.Supp.2d, 2006 WL 2038605 (E.D.Pa.), 2006-2 Trade Cases P 75,347

END OF DOCUMENT

© 2012 Thomson Reuters. No Claim to Orig. US Gov. Works.