# Exhibit 5

IN THE CIRCUIT COURT OF HOT SPRING COUNTY, ARKANSAS
FIRST DIVISION

DR. BRUCE BURTON, M.D., P.A.,
MALVERN DIAGNOSTIC CLINIC                                    PLAINTIFFS

v.                          Case No. CV 2004-226-1

MICRON TECHNOLOGY, INC.,
MICRON SEMICONDUCTOR
PRODUCTS, INC.,
INFINEON TECHNOLOGIES
NORTH AMERICA CORPORATION,
INFINEON TECHNOLOGIES AG                                     DEFENDANTS

## AMENDED ORDER ON MOTIONS TO DISMISS

1. This case is a putative class action brought by the Plaintiffs against these Defendants, claiming the Defendants are jointly and severally liable for damages resulting from a conspiracy to overcharge Arkansas consumers for purchases of dynamic random access memory ("DRAM") chips. Plaintiffs allege that DRAM is a component part installed in computers manufactured by Dell, Inc., Compaq Computer Corporation, Hewlett-Packard Company, Apple Computer, Inc., International Business Machines Corporation, Gateway, Inc. and others. Plaintiffs bring two (2) legal claims, namely, a claim under the Arkansas Deceptive Trade Practices Act ("ADTPA"), Ark. Code Ann. § 4-88-101 *et seq.*, and a common law fraud claim.

2. The Defendants filed motions to dismiss the Plaintiffs' Third Amended Complaint. Defendants Infineon Technologies North America Corporation and Infineon Technologies AG ("Infineon Defendants") filed a motion to dismiss for lack of personal jurisdiction. All Defendants filed motions to dismiss for lack of subject matter jurisdiction and for failure to state a claim for which relief can be granted. Plaintiffs filed

1

a motion to lift and vacate the stay, which has been in place since December 5, 2005, and a motion to compel mediation.

3. A motions hearing was held on September 11, 2009. After consideration of the pleadings and argument of counsel presented at the hearing, the Court denied the Defendants' motions to dismiss, and found that it has personal and subject matter jurisdiction. Pursuant to this Court's ruling from the bench on September 11, 2009, the Plaintiffs filed a Fourth Amended & Substituted Class Action Complaint on September 18, 2009, which provided more factual allegations of the conspiracy previously alleged and removed the cause of action for common law fraud as that claim was dismissed with prejudice by the Court. The Court hereby makes the following rulings.

    A.    *The ADTPA provides a Private Cause of Action for Price-Fixing.*

4. Plaintiffs allege the four Defendants entered into a price fixing conspiracy for DRAM, which is incorporated into computers sold in Arkansas, which were purchased by the proposed class representatives and putative class members. The Court concludes the Defendants' alleged conduct with regard to DRAM is actionable under the ADTPA.

5. Pursuant to the "catch-all" provision, Ark. Code Ann. § 4-88-107(a)(10), price fixing is actionable under the ADTPA as conduct that is deemed an "unconscionable, false, or a deceptive act or practice in business, commerce, or trade." The Arkansas Supreme Court has interpreted the term "unconscionable" in the ADTPA to mean "an act that 'affronts the sense of justice, decency, or reasonableness,'" including acts "violative of public policy or statute." Baptist Health v. Murphy, 365 Ark. 115, 226 S.W.3d 800, 810-811 (2006). This same definition of the term "unconscionable" and the

rationale of the Arkansas Supreme Court were persuasive in the case of In re New Motor Vehicles Canadian Export Antitrust Litig., 350 F.Supp.2d 160, 178 (D. Me. 2004), where the court found price-fixing to be actionable in a private cause of action under the ADTPA. Therefore, this Court concludes the Arkansas Supreme Court would also conclude that price-fixing is an unconscionable, false, or deceptive act in business, commerce, or trade and, therefore, actionable in a private cause of action under the ADTPA.

6.  The Court concludes that Defendants' alleged price fixing scheme is actionable conduct under Ark. Code Ann. § 4-88-107(a)(10) & (b), either as an unfair or unlawful trade practice at common law or as defined by Arkansas statute. State v. R&A Inv. Co., Inc., 336 Ark. 289, 985 S.W.2d 299 (1999); Blake v. Abbott Labs., Inc., 1996 WL 134947, 1996-1 Trade Cas. ¶ 71.369 (Tenn. Ct. App. 1996). The Arkansas Supreme Court noted in State v. R&A Inv. Co., Inc., that, "Section 4-88-107(b) illustrates that liberal construction of the DTPA is appropriate, as it provides that "[t]he deceptive and unconscionable trade practices listed in this section are in addition to and do not limit the types of unfair trade practices actionable at common law or under other statutes of this state." 336 Ark. at 295. Additionally, in Blake v. Abbott Labs, Inc., an unfair trade practice was defined as unjust, impartial, biased, or inequitable actions that were dishonest, dishonorable, or unethical in business dealings involving employees, customers, or competitors. 1996 WL 134947 at *6. Following this precedent and well-grounded analysis and reasoning, this Court concludes that price fixing is an unfair trade practice actionable under the ADTPA.

3

7. The Court finds that Plaintiffs have standing to sue as indirect purchasers under the ADTPA. As the plain language provides in Ark. Code Ann. § 4-88-113(f), "[a]ny person" may have a right to enforce the ADTPA, including indirect purchasers. The case of Illinois Brick Co. v. Illinois, 931 U.S. 720 (1977), holding that indirect purchaser plaintiffs do not have standing to sue, does not apply to claims by indirect purchasers in Arkansas under Arkansas state law. *See* California v. ARC America Corp., 490 U.S. 93 (1989).

8. The Court also notes that the ADTPA was enacted to protect all Arkansas consumers from unfair or deceptive trade practices and to assist consumers who may be indirectly injured by unfair or deceptive practices. In sum, the Court concludes that the Plaintiffs have a private cause of action under the ADTPA.

9. Therefore, in light of the plain language of the ADTPA and the intent of the Arkansas General Assembly, this Court finds it has subject matter jurisdiction in this case, and the motions to dismiss for lack of subject matter jurisdiction are denied.

B. *This Court has Personal Jurisdiction over the Infineon Defendants.*

10. The Court finds there are two main parties (Micron and Infineon) allegedly involved in a price-fixing conspiracy. Infineon has businesses in the United States and businesses overseas. The exclusion of one party in the alleged price-fixing scheme would leave an empty chair in the courtroom and would be prejudicial in proving the alleged unfair trade practice.

11. The Court finds that International Harvester Co. v. Hendrickson Mfg. Co., 249 Ark. 298, 459 S.W.2d 62 (1970), is relevant to this Court's holding that it has

4

personal jurisdiction over the Infineon Defendants. Specifically, the Court agrees with Justice Holt's clearly stated rationale in International Harvester, *supra*:

> The rapid development of communication and transportation, the marked increase in specialization of commercial activity, and the growing interdependence of business enterprises have resulted in a redefining of due process with emphasis upon adequate notice and opportunity to defend rather than upon territorial limitations. Today, manufacturers rarely deal directly with consumers. Their products are often designed for sale and use in whatever markets may be found for them. Such nationwide markets make it likely that consumer injuries will occur in states far removed from the manufacturer's place of business. It has therefore been suggested that the use of such products in the ordinary course of commerce is sufficient contact with the forum wherein the injury occurred to justify the exertion of jurisdiction. In other words, the criteria for jurisdiction should be the more practical considerations of justice, convenience, and reasonableness in the particular case. It must be remembered that the standard of 'fair play and substantial justice' is not to be utilized solely for the benefit of nonresident defendants, but rather it is an equal guarantee to consumer-plaintiffs of a just, convenient and reasonable forum in which to try their suit. 249 Ark. at 302-03 (internal citations omitted).

Thus, the nature of the present day's business and trade, with the growth of the Internet and the ability to communicate faster and obtain information more quickly, weighs heavily in this Court's finding that it should accept personal jurisdiction.

12. The Court finds that it was clearly within the knowledge and intent of the Infineon Defendants that their memory chips would be incorporated into particular computer brands which would be sold in Arkansas; including but not limited to Gateway, Dell, Compaq, and Hewlett-Packard computers. The Infineon Defendants also knew that the alleged price-fixing conduct would have a significant economic impact on the products sold in this state. The Infineon Defendants knew their alleged price fixing conduct would have a significant impact upon this state. Issues before this Court include whether a price-fixing scheme occurred, whether the price-fixing scheme caused the price

of computers sold in Arkansas to increase, whether the price-fixing scheme caused injury to people in Arkansas, and whether the injury to people in Arkansas was reasonably foreseeable. Therefore, the Infineon Defendants would have known that a court of any competent jurisdiction would accept personal jurisdiction in a case involving these issues. *See* International Shoe v. Washington, 326 U.S. 310 (1945). Therefore, the Court holds that, in the interests of "fair play and substantial justice," the Infineon Defendants have significant contacts with Arkansas that allow this Court to exercise personal jurisdiction over them. This Court finds it has personal jurisdiction over the Infineon Defendants.

### C. Conclusion

13. Defendants' Motions to Dismiss for lack of subject matter jurisdiction are denied.

14. The Infineon Defendants' Motion to Dismiss for lack of personal jurisdiction is denied.

15. As to the separately pled count of common law fraud, the Court finds and concludes that Plaintiffs' fraud claim is hereby dismissed with prejudice.

16. With regard to the Plaintiffs' motion to compel mediation, the Court in its discretion is ordering mediation to occur and that mediation be concluded by December 15, 2009. If the parties have not reached a settlement of the case, on December 15, 2009, the Court will lift the stay. By December 24, 2009, the Court will issue a scheduling order for discovery, class certification, summary judgment and other motions, and the trial of this matter.

IT IS SO ORDERED. Dated this ____ day of November, 2009.

_____
Chris E. Williams, Circuit Judge

*Prepared by:*

*/s/ Mike Roberts*

Mike Roberts
Richard Quintus
ROBERTS LAW FIRM, P.A.
20 Rahling Circle
P.O. Box 241790
Little Rock, AR 72223
*Counsel for Plaintiffs*

*Approved as to form by:*

*/s/ Joel S. Sanders*

Joel S. Sanders
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street, Suite 3000
San Francisco, CA 94105-2933
*Counsel for the Micron Defendants*

*/s/ Julian Brew*

Julian Brew
KAYE SCHOLER, LLP
1999 Avenue of the Stars, Suite 1700
Los Angeles, CA 90067-6048
*Counsel for the Infineon Defendants*

Lyn P. Pruitt
MITCHELL, WILLIAMS, SELIG
 GATES & WOODYARD, PLLC
425 West Capitol, Suite 1800
Little Rock, AR 72201
*Of Counsel for the Defendants*