# Exhibit 15

Not Reported in F.Supp.2d, 2007 WL 3254765 (D.Utah), 2007-2 Trade Cases P 75,937
**(Cite as: 2007 WL 3254765 (D.Utah))**

United States District Court,
D. Utah,
Central Division.
FLYING J INC., a Utah corporation, TCH LLC, a Utah limited liability company, Transportation Alliance Bank Inc., a Utah corporation, and Ton Services, Inc., a Utah corporation, Plaintiffs,
v.
TA OPERATING CORPORATION, a Delaware corporation d/b/a/ Travelcenters of America, Pilot Travel Centers LLC, a Delaware limited liability company, Pilot Corporation, a Tennessee corporation, and John Does I-X, Defendants.

Civil No. 1:06CV00030 TC.
Nov. 2, 2007.

Gregory J. Kerwin, Katrina Casey Lewis, Taggart Hansen, Gibson Dunn & Crutcher, Denver, CO, Jonathan A. Dibble, Justin T. Toth, Keith A. Kelly, Ray Quinney & Nebeker, Salt Lake City, UT, T. Michael Crimmins, Gibson Dunn & Crutcher, Washington, DC, for Plaintiffs.

Jane E. Willis, Amy B. Auth, Ropes & Gray, Boston, MA, Alan M. Grimaldi, Howrey Simon Arnold & White, Washington, DC, Michael D. Zimmerman, Todd M. Shaughnessy, Troy L. Booher, Snell & Wilmer, Gary F. Bendinger, Charles A. Stormont, John H. Bogart, Richard W. Casey, Scott D. McCoy, Zachary J. Weyher, Howrey LLP, Salt Lake City, UT, for Defendants.

**ORDER DENYING DEFENDANTS' MOTIONS FOR JUDGMENT ON THE PLEADINGS**
**[Approved by Plaintiffs and Pilot Defendants]**
TENA CAMPBELL, United States District Court Judge.

***1** On April 21, 2006, Defendants Pilot Travel Centers, LLC and Pilot Corporation (the "Pilot Defendants") filed a Motion to Dismiss the Complaint Pursuant to Rule 12(b)(6) (Dkt.20). On May 15, 2006, Defendant TA Operating Corporation ("TA") also filed a Motion to Dismiss (Dkt.25). On August 8, 2006, after full briefing and oral argument, this Court issued an Order denying Defendants' Motions to Dismiss (Dkt.34).

On May 21, 2007, the United States Supreme Court issued its opinion in *Bell Atlantic Corp. v. Twombly,* 127 S.Ct 1995 (2007), which addressed the pleading standard in cases asserting claims under Section 1 of the Sherman Act, 15 U.S.C. § 1. Based on this new Supreme Court decision, on July 17, 2007, TA filed a Motion for Judgment on the Pleadings Pursuant to Rule 12(c) (Dkt.119). On July 20, 2007, the Pilot Defendants also filed a Motion for Judgment on the Pleadings Pursuant to Rule 12(c) and joined in TA's motion. *See* Pilot Defendants' Motion for Judgment on the Pleadings Pursuant to Rule 12(c) (Dkt.123). After full briefing and oral argument, the Court holds as follows:

The Supreme Court in *Twombly* did not impose a heightened pleading standard on plaintiffs asserting a claim under Section 1 of the Sherman Act. *Twombly,* 127 S.Ct. at 1974. Rather, the Supreme Court created a new "plausibility standard," which requires that a complaint contain "enough factual matter (taken as true) to suggest that an agreement was made." *Id.* at 1965. This requires "enough fact to raise a reasonable expectation that discovery will reveal evidence of illegal agreement ... [and] facts that are suggestive enough to render a ... conspiracy plausible." *Id.*

Plaintiffs' Complaint in this case meets this standard. Unlike the Complaint in *Twombly,* Plaintiffs' Complaint sets out detailed factual allegations, including the factual background and history. In addition, the "Hinderliter email," which was quoted in and attached to the Complaint, certainly plausibly suggests that Mr. Hinderliter (of TA) spoke with Mr. Cardwell (of Petro) and met with Mr. Hazelwood (of Pilot) about the subject of the alleged conspiracy. It is incorrect to say, as De-

Case 2:12-md-02311-SFC-RSW   ECF No. 384-15, PageID.5170   Filed 09/11/12   Page 3 of 3

Page 2

Not Reported in F.Supp.2d, 2007 WL 3254765 (D.Utah), 2007-2 Trade Cases P 75,937
**(Cite as: 2007 WL 3254765 (D.Utah))**

fendants have argued, that the only reading of the email is as a report of what Mr. Hinderliter told Irving Oil and what he understood his competitors were doing. It could be read, and it is a plausible reading, to say that Mr. Hinderliter did not just understand what his competitors were doing, but that he spoke with those competitors about the subject of the alleged agreement. Thus, I find that this email goes farther in meeting the Supreme Court's plausibility standard than did the statement by Mr. Notebaert upon which the plaintiffs relied in *Twombly*.

For these reasons, the Defendants' Motions for Judgment on the Pleadings (Dkt.119, 123) are DENIED.

SO ORDERED.

D.Utah,2007.
Flying J Inc. v. TA Operating Corp.
Not Reported in F.Supp.2d, 2007 WL 3254765 (D.Utah), 2007-2 Trade Cases P 75,937

END OF DOCUMENT

© 2012 Thomson Reuters. No Claim to Orig. US Gov. Works.