# Exhibit 17

Page 1

Not Reported in F.Supp.2d, 2008 WL 318356 (D.Nev.)
**(Cite as: 2008 WL 318356 (D.Nev.))**

Only the Westlaw citation is currently available.

United States District Court,
D. Nevada.
Warren S. GILBERT, M.D., an individual, Plaintiff,
v.
CONCENTRA HEALTH SERVICES, INC., a Nevada corporation, Concentra, Inc. a Texas corporation, Defendants.

No. 03:07-CV-00264-LRH-VPC.
Jan. 31, 2008.

Jack E. Kennedy, Jack E. Kennedy & Associates, P.C., Reno, NV, for Plaintiff.

Suellen Fulstone, Littler Mendelson, Reno, NV, for Defendants.

*ORDER*

LARRY R. HICKS, District Judge.

**\*1** Presently before the court is a Motion for Leave to Amend Complaint (# 14 [FN1]) filed by Plaintiff Warren S. Gilbert, M.D., and a Motion to Dismiss (# 11) filed by Defendant Concentra, Inc. ("Concentra"). All parties have filed oppositions (13, 17) and replies (18, 19) to the motions at issue.

FN1. Refers to the court's docket number.

### I. Factual Background

Plaintiff initiated this action against Concentra and its subsidiary company, Concentra Health Services, Inc., in response to their alleged violation of the Uniform Services Employment and Reemployment Act of 1994, 38 U.S.C. §§ 430-4333. Prior to his deployment as a member of the armed services, Plaintiff was employed by Concentra Health Services, Inc. Plaintiff's complaint sets forth allegations against both Concentra Health Services, Inc. and Concentra, referring to them collectively as "Concentra." (Compl.(# 1) at 1.)

Concentra filed a motion to dismiss on grounds that while Plaintiff states allegations against Concentra Health Services, Inc., Plaintiff has failed to state a claim against Concentra. In response, Plaintiff filed a motion for leave to amend his complaint in order to allege, more specifically, an agency relationship between Concentra Health Services, Inc. and Concentra.

### II. Legal Standard

Federal Rules of Civil Procedure Rule 15(a)(2) allows a court to grant a party leave to amend its pleading after a responsive pleading has been filed. Courts are instructed to "freely give leave when justice so requires." Fed.R.Civ.P. 8(a)(2). The Supreme Court and the Ninth Circuit have applied this language of Rule 15(a) with "extreme liberality." *United States v. Webb,* 655 F.2d 977, 979 (9th Cir.1981) (citing *Rosenberg Bros. & Co. v. Arnold,* 283 F.2d 406 (9th Cir.1960) (per curiam)); *see Foman v. Davis,* 371 U.S. 178 (1962). Furthermore, "[i]n exercising this discretion, a court must be guided by the underlying purpose of Rule 15-to facilitate decision on the merits, rather than on the pleadings or technicalities." *Id.*

When Rule 15(a) is being used to correct insufficiently stated claims or defenses, a liberal policy "allowing amendments to correct errors in the pleadings clearly is desirable" and further promotes the policy of determining cases on their merits. 4 Charles Alan Wright & Arthur R. Miller, Federal Practice And Procedure § 1474 (2d ed.1987). In deciding whether to grant a motion for leave to amend a complaint, courts generally consider four factors: (1) bad faith or dilatory motive on the part of the movant, (2) undue delay in filing the motion, (3) prejudice to the opposing party, and (4) the futility of the proposed amendment. *DCD Programs, Ltd. v. Leighton,* 833 F.2d 183, 186 (9th Cir.1987).

### III. Discussion

Plaintiff moves for leave to amend his complaint on grounds that justice so requires. Concentra

© 2012 Thomson Reuters. No Claim to Orig. US Gov. Works.

argues this court should deny Plaintiff's request for leave to amend because the request is based "on the flimsiest grounds," since Plaintiff seeks to "make unsupported allegations of agency," which have "no basis in the facts." (Def.'s Opp'n to Pl.'s Mot. for Leave to Amend Compl. (# 17) at 2.) Upon reviewing the parties' points and authorities, and the relevant law, the court finds that granting Plaintiff leave to amend his complaint facilitates decision on the merits of the case. Therefore, leave to amend will be granted.

**\*2** While Concentra argues that permitting Plaintiff to amend his complaint would be futile because the new allegations have no factual support, Rule 8(a) requires only a "short and plain statement of the claim showing that the plaintiff is entitled to relief." "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.' " *Erickson v. Pardus,* 127 S.Ct. 2197, 2200 (2007) (citing *Bell Atlantic Corp. v. Twombly,* 127 S.Ct. 1955, 1959 (2007). Because the specific facts will be revealed through discovery, it is not necessary for Plaintiff's amended Complaint to set forth detailed allegations of agency. Arguments as to whether the evidence supports the allegations are more appropriately considered in a motion for summary judgment. Therefore, because Concentra fails to show that it would be prejudiced by the court granting Plaintiff's motion, the court finds no reason to prohibit Plaintiff from amending his complaint. In light of this leave to amend, Concentra's motion to dismiss is denied as moot.

IT IS THEREFORE ORDERED that Plaintiff's Motion for Leave to Amend Complaint (# 14) is hereby GRANTED.

IT IS FURTHER ORDERED that Defendant's Motion to Dismiss (# 11) is Denied as moot.

IT IS SO ORDERED.

D.Nev.,2008.
Gilbert v. Concentra Health Services, Inc.
Not Reported in F.Supp.2d, 2008 WL 318356 (D.Nev.)

END OF DOCUMENT

© 2012 Thomson Reuters. No Claim to Orig. US Gov. Works.