# Exhibit 26

Westlaw.

Page 1

474 Fed.Appx. 5, 2012 WL 1109397 (C.A.2 (N.Y.))
**(Not Selected for publication in the Federal Reporter)**
**(Cite as: 474 Fed.Appx. 5, 2012 WL 1109397 (C.A.2 (N.Y.)))**

This case was not selected for publication in the Federal Reporter.

United States Court of Appeals,
Second Circuit.
Alvin KAUFMAN, individually, and on behalf of all others similarly situated, Richard LaLuna, individually, and on behalf of all others similarly situated, Plaintiffs–Appellants,
v.
SIRIUS XM RADIO, INC., Defendant–Appellee.
Sirius XM Satellite Radio, Inc., Defendant.

No. 11–0121–cv.
April 4, 2012.

**Background:** Subscribers filed putative class action against communication service provider in diversity asserting claims of unlawful deception under New York General Business Law and breach of contract. The United States District Court for the Southern District of New York, Victor Marrero, J., 751 F.Supp.2d 681, dismissed action in part, and subsequently dismissed remaining claims, 2010 WL 4968049. Plaintiffs appealed.

**Holdings:** The Court of Appeals held that:
(1) unlawful deception claim under New York General Business Law had to be limited to those who had engaged in transaction that deceived them in New York and
(2) district court did not abuse its discretion in denying plaintiffs leave to file fourth amended complaint.

Affirmed.

West Headnotes

**[1] Antitrust and Trade Regulation 29T ⚿131**

29T Antitrust and Trade Regulation
    29TIII Statutory Unfair Trade Practices and Consumer Protection
        29TIII(A) In General
            29Tk131 k. What law governs; territorial limitations. Most Cited Cases

**Federal Civil Procedure 170A ⚿182.5**

170A Federal Civil Procedure
    170AII Parties
        170AII(D) Class Actions
            170AII(D)3 Particular Classes Represented
                170Ak182.5 k. Consumers, purchasers, borrowers, and debtors. Most Cited Cases

Nationwide class asserting claims of unlawful deception under New York General Business Law had to be limited to those who had engaged in transaction that deceived them in New York, even if allegedly improper scheme had been contrived and implemented in New York by defendants that had extensive ties to New York and conducted business in New York; although deceptive terms and conditions had been published on website controlled from New York and deceitful fee collection and retention had occurred in New York, plaintiffs did not receive deceitful information in New York. N.Y.McKinney's General Business Law § 349.

**[2] Federal Courts 170B ⚿315**

170B Federal Courts
    170BIV Citizenship, Residence or Character of Parties, Jurisdiction Dependent on
        170BIV(C) Pleading
            170Bk315 k. Amendments. Most Cited Cases

District court did not abuse its discretion in denying plaintiffs leave to file fourth amended complaint in order to reinstate unjust enrichment claim that would revive diversity jurisdiction, where plaintiffs had pleaded unjust enrichment in their original complaint, omitted that claim from their amended complaint, and did not reinstate claim in their second or third amended complaints;

© 2012 Thomson Reuters. No Claim to Orig. US Gov. Works.

474 Fed.Appx. 5, 2012 WL 1109397 (C.A.2 (N.Y.))
**(Not Selected for publication in the Federal Reporter)**
**(Cite as: 474 Fed.Appx. 5, 2012 WL 1109397 (C.A.2 (N.Y.)))**

although omission had been made in favor of breach of contract claim, nothing prevented plaintiffs from pleading unjust enrichment in alternative to breach of contract. 28 U.S.C.A. § 1332; Fed.Rules Civ.Proc.Rule 15, 28 U.S.C.A.

**\*6** UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on November 10, 2010, is AFFIRMED.Valentina Tejera (D. Michael Campbell, David B. Mishael, on the brief), Mase Lara Eversole, P.A., Miami, FL, for Appellants.

Michael S. Oberman (Peter A. Abruzzese, Robin W. Wilcox, Adina C. Levine, on the brief), Kramer Levin Naftalis & Frankel LLP, New York, NY, for Appellee.

PRESENT: JOSEPH M. McLAUGHLIN, GUIDO CALABRESI, REENA RAGGI, Circuit Judges.

**SUMMARY ORDER**

**\*\*1** Plaintiffs Alvin Kaufman, a Nevada resident, and Richard LaLuna, a New York resident, appeal the dismissal of their putative**\*7** class action complaint for lack of subject matter jurisdiction, after the district court's Fed.R.Civ.P. 12(b)(6) dismissal of claims under New York General Business Law ("GBL") § 349 by non-New York plaintiffs defeated diversity. Plaintiffs contend that the district court (1) erred in concluding that non-New York resident Kaufman (and those similarly situated) failed adequately to state a claim under GBL § 349, and (2) abused its discretion in denying plaintiffs leave to file a fourth amended complaint. We assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

1. *GBL § 349*

GBL § 349 prohibits "[d]eceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in this state." In *Goshen v. Mutual Life Insurance Co. of New York,* 98 N.Y.2d 314, 325, 746 N.Y.S.2d 858, 864, 774 N.E.2d 1190 (2002), the New York Court of Appeals ruled that, "to qualify as a prohibited act under the statute, the deception of a consumer must occur in New York." Thus, in the two cases consolidated for review, the Court of Appeals concluded that (1) non-New York plaintiffs who purchased an insurance policy from a representative in Florida of a defendant insurer whose deceptive scheme was allegedly conceived and orchestrated in New York failed to state a GBL § 349 claim, *see Goshen v. Mut. Life Ins. Co. of N.Y.,* 286 A.D.2d 229, 730 N.Y.S.2d 46 (1st Dep't 2001), *aff'd,* 98 N.Y.2d 314, 746 N.Y.S.2d 858, 774 N.E.2d 1190, *and* (2) non-New York plaintiffs who alleged that defendant's marketing misrepresentations induced them to purchase Digital Subscriber Line service failed to state a GBL § 349 claim, *see Scott v. Bell Atl. Corp.,* 282 A.D.2d 180, 726 N.Y.S.2d 60 (1st Dep't 2001), *aff d, Goshen v. Mut. Life Ins. Co. of N.Y.,* 98 N.Y.2d 314, 746 N.Y.S.2d 858, 774 N.E.2d 1190.

[1] Plaintiffs assert that the district court misapplied *Goshen* to require non-New York plaintiffs to allege facts sufficient to show "that the deception they allege having experienced occurred in New York." *Kaufman v. Sirius XM Radio, Inc.,* 751 F.Supp.2d 681, 688 (S.D.N.Y.2010). Relying on *Goshen*'s language that "the *transaction* in which the consumer is deceived must occur in New York," *Goshen v. Mut. Life Ins. Co. of N.Y.,* 98 N.Y.2d at 324, 746 N.Y.S.2d at 863, 774 N.E.2d 1190 (emphasis added), plaintiffs contend that their complaint is sufficient because they allege that "[t]he transaction between Sirius and Plaintiffs and other members of the class of providing services in exchange for the payment of services and invoice fees occurred in New York." Third Am. Compl. ¶ 41. This allegation is conclusory, however, and cannot save plaintiffs' complaint from dismissal. *See Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 1949–50, 173 L.Ed.2d 868 (2009) ("Threadbare recitals of the elements of a cause of action, suppor-

© 2012 Thomson Reuters. No Claim to Orig. US Gov. Works.

Case 2:12-md-02311-SFC-RSW   ECF No. 384-26, PageID.5271   Filed 09/11/12   Page 4 of 5

Page 3

474 Fed.Appx. 5, 2012 WL 1109397 (C.A.2 (N.Y.))
**(Not Selected for publication in the Federal Reporter)**
**(Cite as: 474 Fed.Appx. 5, 2012 WL 1109397 (C.A.2 (N.Y.)))**

ted by mere conclusory statements, do not suffice.... [Rule 8] does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.").

**\*\*2** Nor does the complaint allege nonconclusory facts that could "plausibly give rise to an entitlement to relief" under GBL § 349. *Id.* at 1950. To the extent plaintiffs allege that Sirius formulated the scheme to charge the fee in New York, the insufficiency of such a pleading is made clear by *Goshen*. See *Goshen v. Mut. Life Ins. Co. of N.Y.,* 98 N.Y.2d at 325–26, 746 N.Y.S.2d at 864, 774 N.E.2d 1190 (concluding that invention of scheme or marketing strategy in New York is not sufficient to state claim under GBL § 349). *Goshen* **\*8** similarly forecloses plaintiffs' reliance on allegations that deceptive terms and conditions were published on a website controlled from New York, when there is no further allegation of plaintiffs' receipt of this information in New York. *See id.,* 98 N.Y.2d at 326, 746 N.Y.S.2d at 864, 774 N.E.2d 1190 (noting that plaintiff conceded he did not receive the information in New York).

What remains are plaintiffs' allegations that Sirius "deceived Plaintiffs and other members of the class when it directly invoiced and retained payment of the $2.00 Invoice Administration Fee in contravention with its terms and conditions," and that "Sirius collected, assimilated, and accounted the unauthorized and unlawful Invoice Administration Fees by and through its corporate management in New York." Third Am. Compl. ¶ 42–43 (emphases omitted). Plaintiffs contend that Sirius's allegedly deceptive collection and retention of the fee in New York is the "transaction" that distinguishes their complaint from those rejected by *Goshen.* We are not persuaded.

First, *Goshen*'s reasoning precludes extending GBL § 349 to encompass these allegations. *Goshen* relied on legislative history describing GBL § 349 "as adding significant new protection to *consumers in this state* '" and suggesting the law was meant to apply to "*intrastate* transactions in New York." 98 N.Y.2d at 325, 746 N.Y.S.2d at 864, 774 N.E.2d 1190 (internal quotation marks omitted; emphases added). The Court of Appeals thus concluded that, "[t]o apply the statute to out-of-state transactions in the case before us would lead to an unwarranted expansive reading of the statute, contrary to legislative intent, and potentially leading to the nationwide, if not global application of General Business Law § 349." *Id.* The Court of Appeals added that "the interpretation out-of-state plaintiffs would have us adopt would tread on the ability of other states to regulate their own markets and enforce their own consumer protection laws." *Id.* This reasoning squarely applies to the allegations in this case. Kaufman is not a "consumer[ ] in this state" and plaintiffs do not allege any "intrastate transaction" that caused him harm.[FN1] Accepting plaintiffs' position would permit global coverage of GBL § 349 any time a New York corporation charged and retained an improper fee from non-New York consumers through use of deception. *Goshen* forecloses such a reading of GBL § 349.

> FN1. Of course, as *Goshen* makes clear, the "analysis does not turn on the residency of the parties," and GBL § 349 was not intended "to function as a per se bar to out-of-state plaintiffs' claims of deceptive acts leading to transactions within the state." *Goshen v. Mut. Life Ins. Co. of N.Y.,* 98 N.Y.2d at 325, 746 N.Y.S.2d at 864, 774 N.E.2d 1190. We rely not on the non-New York plaintiffs' residency but on the lack of any plausible claim that they engaged in a transaction with Sirius within New York.

**\*\*3** Second, plaintiffs fail to distinguish *Goshen* on the facts. Although plaintiffs take pains to distinguish their complaint from that part of *Goshen* involving purchase of an allegedly deceptive policy in Florida from a representative of a New York company, they cannot meaningfully distinguish their fact pattern from the companion Scott case—which *Goshen* also concluded failed to state

Case 2:12-md-02311-SFC-RSW   ECF No. 384-26, PageID.5272   Filed 09/11/12   Page 5 of 5

Page 4

474 Fed.Appx. 5, 2012 WL 1109397 (C.A.2 (N.Y.))
**(Not Selected for publication in the Federal Reporter)**
**(Cite as: 474 Fed.Appx. 5, 2012 WL 1109397 (C.A.2 (N.Y.)))**

a claim—in which non-New York plaintiffs were induced to purchase DSL service by a deceptive marketing campaign originating in New York. *See Goshen v. Mut. Life Ins. Co. of N.Y.,* 98 N.Y.2d at 326, 746 N.Y.S.2d at 864, 774 N.E.2d 1190. Here, as in Scott, the non-New York plaintiffs "cannot allege that they were deceived in New York." *Id.* Plaintiffs seek to distinguish *Scott* as involving deceptive misrepresentations rather than deceptive transactions. They point to nothing in *Goshen* or any other **\*9** New York law to support a conclusion that such a distinction excuses non-New York plaintiffs from having to plead that they were deceived in New York.

For these reasons, we affirm the district court's conclusion that the non-New York plaintiffs failed to state a claim under GBL § 349 and that it lacked diversity jurisdiction to hear such a claim by only New York plaintiffs.

2. *Leave to Amend*

[2] The district court did not abuse its discretion in denying plaintiffs leave to file a fourth amended complaint in order to reinstate an unjust enrichment claim that would revive diversity jurisdiction. *See McCarthy v. Dun & Bradstreet Corp.,* 482 F.3d 184, 200 (2d Cir.2007) ("[I]t is within the sound discretion of the district court to grant or deny leave to amend" the complaint).

Plaintiffs pleaded unjust enrichment in their original complaint, omitted this claim from their amended complaint, and did not reinstate the claim in their second or third amended complaints. Plaintiffs assert that they omitted the unjust enrichment claim to "reframe[ ] the factual allegations as a breach of contract claim," Appellant Br. at 18, a claim the dismissal of which they do not challenge on appeal. But nothing prevented plaintiffs from pleading unjust enrichment in the alternative to breach of contract. *See Newman & Schwartz v. Asplundh Tree Expert Co.,* 102 F.3d 660, 663 (2d Cir.1996). In these circumstances, we cannot conclude that the district court was compelled to grant leave to amend for a fourth time.

The judgment of the district court dismissing plaintiffs' complaint is AFFIRMED.

C.A.2 (N.Y.),2012.
Kaufman v. Sirius XM Radio, Inc.
474 Fed.Appx. 5, 2012 WL 1109397 (C.A.2 (N.Y.))

END OF DOCUMENT

© 2012 Thomson Reuters. No Claim to Orig. US Gov. Works.