# Exhibit 42

Not Reported in F.Supp.2d, 2010 WL 2640047 (S.D.Ohio)
**(Cite as: 2010 WL 2640047 (S.D.Ohio))**

Only the Westlaw citation is currently available.

**This decision was reviewed by West editorial staff and not assigned editorial enhancements.**

United States District Court,
S.D. Ohio,
Eastern Division.
TECHNOLOGY & SERVICES, INC., et al.,
Plaintiffs,
v.
TACS AUTOMATION, LLC, et al., Defendants.

Civil Action No. 2:09–cv–1113.
June 29, 2010.

Don Allen Little, Little Duncan & Depoorter, Dayton, OH, for Plaintiffs.

Richard Lines Carr, Jr., Amy Christine Mitchell, Dunlevey, Mahan & Furry, Dayton, OH, Charles M. Miller, Brandi M. Stewart, Keating Muething & Klekamp PLL, Cincinnati, OH, for Defendants.

***ORDER***

ELIZABETH A. PRESTON, United States Magistrate Judge.

**I. INTRODUCTION**

*1 This matter is before the Court for consideration of Defendants Logomat Automation Services, Inc. & Peter Krups' Motion to Dismiss Under Rule 12(b)(2) and (6). Plaintiffs Technology & Services, Inc. and Intellimation, LLC, bring this action for breach of contract, claiming Defendant TACS Automation, LLC (hereinafter "TACS") owes them money for work they performed. Plaintiff also asserts claims against Defendants Peter Krups and Logomat Automation Services, Inc., (hereinafter "Logomat") arising out of their relationship to Defendant TACS. For the reasons that follow, Defendants Logomat Automation Services, Inc. & Peter Krups' Motion to Dismiss Under Rule 12(b)(2) and (6) (Doc. 10) is **DENIED WITHOUT PREJUDICE** without prejudice to allow for limited discovery on the issue of personal jurisdiction.[FN1]

> [FN1.] The Court finds it appropriate to consider the matter of personal jurisdiction first, before considering Defendant's 12(b)(6) challenge. The Court will allow Defendants to renew their 12(b)(6) Motion to Dismiss after the issue of personal jurisdiction is resolved.

**II. FACTUAL BACKGROUND**

Defendant Logomat is a Kentucky corporation domiciled in Hebron, Kentucky. The President and Director of Logomat, Defendant Krupps, is a German citizen and a resident of that country. Defendant TACS is a limited liability company organized in Michigan, with its principle place of business in Michigan. Finally, Defendant Michael Scott is the President and sole shareholder of TACS. Defendant Scott is also the Vice President of Marketing for Logomat.

Defendant TACS subcontracted Plaintiffs to provide resources to TSTECH Indiana Seat Assembly System, a company in New Castle, Indiana. The agreement between Plaintiff Technology and Services, Inc. (hereinafter "T & S") and TACS contains a choice of jurisdiction provision. Specifically, the agreement states that "terms and conditions shall be construed according to the law of, and any dispute shall be decided in, the State of Ohio." (Ex. 16–4 at 5.)

In their Complaint, Plaintiff's maintain that Defendant Krups, along with Defendant Scott, "apparently formed [TACS] as a buffer between companies, which they were hiring to perform work for [Logomat] and various vendors." (Compl.¶ 8.) According to Plaintiffs, Defendants Scott and Krupps created TACS to intentionally defraud vendors, leaving them unable to collect money from Logomat. (Compl.¶¶ 9, 10.) Furthermore, Plaintiffs assert that Krups and Logomat converted money

Not Reported in F.Supp.2d, 2010 WL 2640047 (S.D.Ohio)
**(Cite as: 2010 WL 2640047 (S.D.Ohio))**

from TACS to which Plaintiffs were entitled for their services. (Compl.¶ 13.)

On December 16, 2009, Defendants Krups and Logomat filed their Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b) (2) and 12(b)(6). Defendants Krups and Logomat contend that the Court lacks personal jurisdiction over them because the Complaint "fails to allege that either Krups or Logomat transacted any business in Ohio that would subject them to [ ] jurisdiction." (Defs.' Mot. to Dismiss 10.) Defendants also assert in their Motion to Dismiss that the Complaint does not satisfy the pleading requirements of Rule 12(b)(6) to hold Defendants liable under an alter ego theory. Finally, Defendants submit that Plaintiffs fail to meet the heightened pleading standards for fraud under Federal Rule of Civil Procedure 9(b).

**\*2** Plaintiffs oppose the Motion to Dismiss, arguing in part that the Court has personal jurisdiction because Defendants Logomat and Krups are the alter egos of TACS. Under the alter ego theory, Plaintiffs maintain that the jurisdictional agreement between Plaintiff T & S and Defendant TACS, as well as TACS' contacts with Ohio, gives the Court personal jurisdiction over Defendants Krups and Logomat.

In their Memorandum in Opposition, as well as the attached affidavits and exhibits, Plaintiffs bring forth new facts to support their alter ego theory for personal jurisdiction. Plaintiffs assert that Defendant Scott sent emails to Plaintiff Intellimation, LLC, using his Logomat email address and containing a Logomat website. In one of these emails, Scott implies past ownership connections between TACS and Logomat, stating, "TACS no longer has any ownership through Logomat." (Lanning Aff. ¶ 7; Ex. 16–1 at 4.)

Plaintiffs also provide the affidavit of Dan Parish, the Sales Manager of Plaintiff T & S. According to Parish, in a meeting between Phil Kennedy, the Vice President of TSTech, and Defendant Scott, "Scott indicated that TACS and Logomat were affiliated and Logomat would really be handling [TSTech's] order." (Parish Aff. ¶ 10.) Furthermore, Parish states that he received a phone call from Defendant Scott, in which Scott said "that Krups had taken $200,000.00 from TACS and put it in Logomat. Scott said that Krups was able to take the money because Krups was a part owner of TACS." (Parish Aff. ¶ 14.)

To support their alter ego theory, Plaintiffs point to TACS's webpage and a letter from Defendant Scott describing the history of TACS. Specifically, TACS's webpage lists Logomat as one of TACS's partners. (Ex. 16–5.) Furthermore, Defendant Scott's letter, responding to inquiries regarding Logomat and TAC's history, briefly indicates that Logomat owns TACS. (Ex. 16–2 at 1.)

Finally, Plaintiffs request discovery, limited to the issue of personal jurisdiction, if the Court finds that it needs additional facts to establish *in personam* jurisdiction.

### III. PERSONAL JURISDICTION

#### A. Standard

When confronted with a Rule 12(b)(2) motion, "[t]he plaintiff bears the burden of establishing the existence of jurisdiction." *Estate of Thompson v. Toyota Motor Corp. Worldwide,* 545 F.3d 357, 360 (6th Cir.2008) (citing *Brunner v. Hampson,* 441 F.3d 457, 462 (6th Cir.2006)). If the Court rules on a Rule 12(b)(2) motion prior to trial "it has the discretion to adopt any of the following courses of action: (1) determine the motions based on affidavits alone; (2) permit discovery, which would aid in resolution of the motion; or (3) conduct an evidentiary hearing on the merits of the motion." *Intera Corp. v. Henderson,* 428 F.3d 605, 614 n. 7 (6th Cir.2005) (quoting *Serras v. First Tenn. Bank Nat'l Ass'n,* 875 F.2d 1212, 1214 (6th Cir.1989)).

If the Court conducts an evidentiary hearing on the issue of personal jurisdiction, "Plaintiff[s] must establish jurisdiction by a preponderance of the

© 2012 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d, 2010 WL 2640047 (S.D.Ohio)
**(Cite as: 2010 WL 2640047 (S.D.Ohio))**

evidence." *Youn v. Track, Inc.,* 324 F.3d 409, 417 (6th Cir.2003) (citing *Serras,* 875 F.2d at 1214). When the Court resolves a Rule 12(b)(2) based on "written submission and affidavits ... rather than resolving the motion after an evidentiary hearing or limited discovery, the burden on the plaintiff is 'relatively slight,' ... and 'the plaintiff must make only a *prima facie* showing that personal jurisdiction exists in order to defeat dismissal.' " *Air Prod. and Controls, Inc. v. Safetech Int'l, Inc.,* 503 F.3d 544, 549 (6th Cir.2007) (quoting *Am. Greetings Corp. v. Cohn,* 839 F.2d 1164, 1169 (6th Cir.1988)). Similarly, even if there has been discovery, in the absence of an evidentiary hearing the Court will generally apply a *prima facie* standard weighing the evidence in the light most favorable to Plaintiffs. *Dean v. Motel 6 Operating L.P.,* 134 F.3d 1269, 1272 (6th Cir.1998). The *prima facie* standard "loses some of its significance, however, where ... the plaintiff has received all of the discovery it sought with respect to personal jurisdiction and there does not appear to be any real dispute over the facts relating to jurisdiction." *Int'l Tech. Consultants, Inc. v. Euroglas S.A.,* 107 F.3d 386, 391 (6th Cir.1997); *see also Dean,* 134 F.3d at 1272 ("[W]e would not use [the *prima facie* ] standard if the reason for not having an evidentiary hearing was that there was no 'real dispute' as to the facts or to the extent of discovery.").

**\*3** The Court's "decision whether to grant discovery or an evidentiary hearing before ruling on a 12(b)(2) motion is discretionary." *Burnshire Development, LLC v. Cliffs Reduced Iron Corp.,* 198 Fed. Appx. 425, 434 (6th Cir.2006) (citing *Henderson,* 428 F.3d at 434). In an unpublished opinion, however, the United States Court of Appeals for the Sixth Circuit suggested that when "the written submissions raise[ ] disputed issues of fact with regard to cross-corporate entanglements ... the district court should [allow] further discovery or [hold] an evidentiary hearing." *Drexel Chemical Co. V. SGS Depauw & Stokoe,* 59 F.3d 170, 1995 WL 376722 at \*2 (6th Cir.1995) (table opinion); *see also Chrysler Corp. v. Fedders Corp.,* 643 F.2d 1229, 139 (6th Cir.1981) (holding that a district court did not abuse its discretion in failing to permit discovery on jurisdictional facts, when the plaintiff had offered no factual basis for its jurisdiction claims, while still acknowledging that discovery "may have been advisable").

**B. Alter Ego Theory for Personal Jurisdiction**

When diversity is the basis for jurisdiction, the Court "examine[s] the law of the forum state to determine whether personal jurisdiction exists." *Estate of Thompson,* 545 F.3d at 361. To determine personal jurisdiction exists, the Court must perform a two-step inquiry analyzing "(1) whether the law of the state in which the district court sits authorizes jurisdiction, and (2) whether the exercise of jurisdiction comports with the Due Process Clause." *Brunner,* 441 F.3d at 463.

In this case, Plaintiffs maintain that personal jurisdiction exists based on a forum selection clause within the agreement between TACS and T & S. [FN2] (*See* Ex. 16–4 at 5.) As the United States Court of Appeals for the Sixth Circuit has noted, "[t]he use of a forum selection clause is one way in which contracting parties may agree in advance to submit to the jurisdiction of a particular court." *Preferred Capital, Inc. v. Assoc. in Urology,* 453 F.3d 718, 721 (6th Cir.2006). Under Ohio law, "[a] forum selection clause contained in an agreement in connection with an arm's length commercial transaction between two business entities is valid and enforceable." [FN3] *Id.* (citing *Kennecorp Mgmt. Brokers, Inc. v. Country Club Convalescent Hosp., Inc.,* 66 Ohio St.3d 173, 610 N.E.2d 987, 988 (Ohio 1993)). Nevertheless, for the jurisdictional agreement to apply to either Defendant Logomat or Defendant Krups, they must be the alter ego of TACS. The United States Court of Appeals for the Sixth Circuit has "endorsed the use of the alter-ego theory to exercise personal jurisdiction." *Estate of Thompson,* 545 F.3d at 362; *see also Flynn v. Greg Anthony Const. Co., Inc.,* 95 Fed. Appx. 726, 734–38 (applying the alter-ego theory for personal jurisdiction outside the parent-subsidiary context).

© 2012 Thomson Reuters. No Claim to Orig. US Gov. Works.

> FN2. Plaintiffs also contend that TACS subjects Defendants Logomat and Krups to personal jurisdiction because TACS conducted business in Ohio. (Pls.' Mem. in Opp'n, 12.) This theory of personal jurisdiction also requires Plaintiff to establish an alter-ego relationship which is described further below.

> FN3. Defendants Krup and Logomat do not challenge the validity of the jurisdictional provision in their Motion to Dismiss.

The Court must look to Ohio law "[i]n applying the alter-ego theory of personal jurisdiction in [a] diversity action." *Estate of Thompson,* 545 F.3d at 362. Nevertheless, alter-ego liability "has historical antecedents in both federal and state law." *Id.* As a general rule, " '[a] corporation is a legal entity, apart from [those] who compose it.' " *Transition Healthcare Assoc., Inc. v. Tri–State Health Investors, LLC,* 306 Fed. Appx. 273, 280 (6th Cir.2009) (quoting *Belvedere Condo. Unit Owners' Ass'n v. R.E. Roark Co.,* 67 Ohio St.3d 274, 287, 617 N.E.2d 1075 (Ohio 1993)). Nevertheless, "in extraordinary cases ... courts will pierce the corporate veil and disregard the corporate entity." *Corrigan v. United States Steel Corp.,* 478 F.3d 718, 724 (6th Cir.2007) (citing *United States v. Bestfoods,* 524 U.S. 51, 62, 118 S.Ct. 1876, 141 L.Ed.2d 43 (1998)).

**\*4** Under Ohio Law, the Court may disregard the corporate form when:

> (1) control over the corporation by those to be held liable was so complete that the corporation has no separate mind, will, or existence of its own, (2) control over the corporation by those to be held liable was exercised in such a manner as to commit fraud or an illegal act ... and (3) injury or unjust loss resulted to the plaintiff from such control and wrong. *Belvedere,* 67 Ohio St.3d at 275, 617 N.E.2d 1075. The first element of this test is a formation of "the alter-ego doctrine, which requires that plaintiff[s] 'show that the individual and the corporation are fundamentally indistinguishable.' " *Taylor Steel, Inc. v. Keeton,* 417 F.3d 598, 605 (6th Cir.2005) (quoting *Belvedere,* 67 Ohio St.3d at 288, 617 N.E.2d 1075).

In analyzing the alter-ego prong, Ohio Courts consider several relevant factors. Such factors include:

> (1) grossly inadequate capitalization, (2) failure to observe corporate formalities, (3) insolvency of the debtor corporation at the time the debt is incurred, (4) shareholders holding themselves out as personally liable for certain corporate obligations, (5) diversion of funds or other property of the company property for personal use, (6) absence of corporate records, and (7) the fact that the corporation was a mere facade for the operations of the dominant shareholder(s).

*LeRoux's Billyle Supper Club v. Ma,* 77 Ohio App.3d 417, 602 N.E.2d 685, 689 (Ohio Ct.App.1991); *see also Taylor Steel,* 417 F.3d at 605 (applying the same factors). The United States Court of Appeals for the Sixth Circuit has suggested additional alter-ego factors including sharing employees and officers; engaging in the same business enterprise; sharing an address or phone lines; using the same assets; performing the same tasks; failure to maintain separate books, tax returns and financial statements; and controlling the daily affairs of another corporation. *Estate of Thompson,* 545 F.3d at 362–63.

**C. Limited Discovery is Appropriate**

In this case, the Court concludes that the best course of action is to provide Plaintiffs with discovery on the limited matter of whether the Court has personal jurisdiction over either Defendant Logomat or Defendant Krups. Specifically, Plaintiff has adduced at least some evidence to suggest affiliation between TACS and Logomat, including the purported statements and actions of Defendant Scott. (*See, e.g.,* Lanning Aff. ¶ 7–8; Parish Aff. ¶ 10.) Furthermore, Plaintiff has provided some evid-

© 2012 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d, 2010 WL 2640047 (S.D.Ohio)
**(Cite as: 2010 WL 2640047 (S.D.Ohio))**

ence indicating that Defendant Krups was exercising control over TACS's funds and commingling those funds with Logomat. (*See* Parish Aff. ¶ 14.) Because there are disputed issues of fact surrounding the relationship between TACS, Defendant Logomat, and Defendant Krups, the Court permits Plaintiffs to engage in limited discovery to determine whether it can establish personal jurisdiction. *See Drexel Chemical,* 1995 WL 376722 at \*2–3 (remanding the case to the district court for further fact-finding on personal jurisdiction).

**\*5** This discovery will be limited to the sole issue of personal jurisdiction. Plaintiffs may inquire into the relevant factors of control, such as those outlined above, for establishing personal jurisdiction under the alter-ego theory. Although additional discovery does not change Plaintiffs' *prima facie* burden for personal jurisdiction, the Court reminds Plaintiff that this standard will be less significant if discovery settles the relevant factual disputes. *See Int'l Tech. Consultants,* 107 F.3d at 391.

### IV. CONCLUSION

For the foregoing reasons, Defendants Logomat Automation Services, Inc. & Peter Krups' Motion to Dismiss Under Rule 12(b)(2) and (6) (Doc. 10) is **DENIED WITHOUT PREJUDICE.** The parties shall have until September 30, 2010 to complete discovery on the issue of personal jurisdiction. Following discovery, Defendants may file renewed motions to dismiss on or before October 29, 2010.

**IT IS SO ORDERED.**

S.D.Ohio,2010.
Technology & Services, Inc. v. TACS Automation, LLC
Not Reported in F.Supp.2d, 2010 WL 2640047 (S.D.Ohio)

END OF DOCUMENT

© 2012 Thomson Reuters. No Claim to Orig. US Gov. Works.