# Exhibit 51



Robert Wilder v. JPMorgan Chase Bank, N.A., et al.

Case No. SACV 09-0834 DOC (RNBx)

UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA

*2009 U.S. Dist. LEXIS 124242*

November 25, 2009, Decided
November 25, 2009, Filed

**SUBSEQUENT HISTORY:** Transferred by *In re JP Morgan Chase Bank Home Equity Line of Credit Litig., 2010 U.S. Dist. LEXIS 58842 (J.P.M.L., June 7, 2010)*

**COUNSEL:** [*1] ATTORNEYS FOR PLAINTIFFS: NONE PRESENT.

ATTORNEYS FOR DEFENDANTS: NONE PRESENT.

**JUDGES:** HONORABLE DAVID O. CARTER, JUDGE.

**OPINION BY:** DAVID O. CARTER

**OPINION**

**CIVIL MINUTES - GENERAL**

DOCKET ENTRY

[I hereby certify that this document was served by first class mail or Government messenger service, postage prepaid, to all counsel (or parties) at their respective most recent address of record in this action on this date.]

PROCEEDING (IN CHAMBERS): GRANTING IN PART AND DENYING IN PART DEFENDANT JPMORGAN'S MOTION TO DISMISS

Before this Court is Defendant JPMorgan Chase Bank, N.A.'s Motion to Dismiss Plaintiff's Putative Class Action Complaint pursuant to *Federal Rule of Civil Procedure 12(b)(6)* ("Motion to Dismiss"). The Court finds this matter appropriate for decision without oral argument. *FED. R. CIV. P. 78*; *Local R. 7-15*. After considering the moving, opposing, and reply papers thereon, and for the reasons set forth below, the Court hereby GRANTS IN PART and DENIES IN PART the Motion to Dismiss.

**I. BACKGROUND**

Plaintiff Robert Wilder ("Wilder") brought suit against Defendants J.P. Morgan Chase Bank ("Chase" or "Defendant") and First American CoreLogic ("CoreLogic") (collectively, "Defendants"), alleging that Chase illegally [*2] reduced credit limits on home equity lines of credit ("HELOCs") while conspiring with and obtaining substantial assistance from CoreLogic to do so. Wilder alleges Defendants have violated the Truth in Lending Act ("TILA") and its implementing regulation, Regulation Z.

Wilder obtained a HELOC for $ 250,000 from Bank One in July 2003 based on a property he owns in Arizona with an appraised value of $ 900,000. Bank One was acquired by Chase on July 1, 2004. Wilder alleges that in April 2009, Chase mailed Wilder a letter indicating that Chase had suspended Wilder's account from future draws because the property's valuation of $ 811,800 no longer supported the full amount of the credit line. According to Wilder, Chase obtained the $ 811,800 valuation from CoreLogic, which used an automatic valuation method ("AVM") to estimate the property's value. When Wilder sought information regarding the valuation, Chase told Wilder that it was unable to provide details as to CoreLogic's processes.

Wilder proceeded to order an appraisal service chosen by Chase which revealed that Wilder's property value had not decreased but had actually increased to $ 970,000 on or around June 16, 2009. Wilder also alleges

[*3] on behalf of himself and a proposed class that Chase and CoreLogic suspended HELOCs for homeowners across the country without disclosing the amount the property value declined, the basis for such decline, or the value needed to obtain reinstatement of the credit line.

## II. LEGAL STANDARD

Under *Federal Rule of Civil Procedure 12(b)(6)*, a complaint must be dismissed when a plaintiff's allegations fail to state a claim upon which relief can be granted. Once it has adequately stated a claim, a plaintiff may support the allegations in its complaint with any set of facts consistent with those allegations. *Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1969, 167 L. Ed. 2d 929 (2007)*. Dismissal for failure to state a claim does not require the appearance, beyond a doubt, that the plaintiff can prove "no set of facts" in support of its claim that would entitle it to relief. *Twombly, 127 S. Ct. at 1968* (abrogating *Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957))*. However, if the complaint "lacks a cognizable legal theory" or "sufficient facts alleged under a cognizable legal theory," it must be dismissed. *Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990)*.

Under a 12(b)(6) motion analysis, [*4] the Court must accept as true all factual allegations in the complaint and must draw all reasonable inferences from those allegations, construing the complaint in the light most favorable to the plaintiff. *Guerrero v. Gates, 442 F.3d 697, 703 (9th Cir. 2006)*; *Balistreri, 901 F.2d at 699*. Dismissal without leave to amend is appropriate only when the Court is satisfied that the deficiencies in the complaint could not possibly be cured by amendment. *Jackson v. Carey, 353 F.3d 750, 758 (9th Cir. 2003)* (citing *Chang v. Chen, 80 F.3d 1293, 1296 (9th Cir. 1996))*; *Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000)*.

For a complaint to survive a 12(b)(6) motion, it must state a plausible claim for relief. *Ashcroft v. Iqbal, 129 S.Ct. 1937, 1950, 173 L. Ed. 2d 868 (2009)*. Determining whether a Complaint states a plausible claim for relief will be a context-specific task requiring the court to draw on its judicial experience and common sense. If the well-pleaded facts do nothing more than allow the court to infer the mere possibility of misconduct, then the complaint has alleged, but not shown that the pleader is entitled to relief. *Id.* Legal conclusions can provide the framework of a complaint; however, they must [*5] be supported by factual allegations. If there are well pleaded factual allegations, then the court must assume their veracity and then determine if they plausibly give rise to an entitlement to relief. *Id.*

In evaluating a 12(b)(6) motion, review is "limited to the contents of the complaint." *Clegg v. Cult Awareness Network, 18 F.3d 752, 754 (9th Cir. 1994)*. However, exhibits attached to the complaint, as well as matters of public record, may be considered in determining whether dismissal was proper without converting the motion to one for summary judgment. *See Parks School of Business, Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995)*; *Mack v. South Bay Beer Distributors, Inc., 798 F.2d 1279, 1282 (9th Cir. 1986)*. Further, the Court may consider documents "on which the complaint 'necessarily relies' if: (1) the complaint refers to the documents; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion." *Marder v. Lopez, 450 F.3d 445, 448 (9th Cir. 2006)*. "The Court may treat such a document as 'part of the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss [*6] under *Rule 12(b)(6)*." *Id.*

Additionally, fraud claims must be pled with more particularity than other claims. *Federal Rule of Civil Procedure 9(b)* provides that, "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." *Fed. R. Civ. P. 9(b)*. "*Rule 9(b)* ensures that allegations of fraud are specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." *Semegen v. Weidner, 780 F.2d 727, 731 (9th Cir. 1985)*. *Rule 9(b)* therefore requires that allegations of fraud identify the parties to the misrepresentation such that each defendant is on notice of what specifically they are accused of. *Lancaster Cmty. Hosp. v. Antelope Valley Hosp. Dist., 940 F.2d 397, 405 (9th Cir. 1991)*.

## III. DISCUSSION

Defendant argues that the Complaint should be dismissed for failure to state a claim as to all nine causes of action asserted against Defendant.

### A. Request for Judicial Notice

Defendant requests that the Court take judicial notice of three documents: (1) FDIC Financial Institution Letter FIL-58-2008; [*7] (2) FDIC Financial Institution Letter FIL-45-2005; and (3) Order of the District Court of the Northern District of California in *Levin v. Citibank, N.A., No. C-09-0350 MMC, 2009 U.S. Dist. LEXIS 85332, dated Spetember 17, 2009.*

A court may take judicial notice of a fact "not subject to reasonable dispute in that it is either generally known within the territorial jurisdiction of the trial court or capable of accurate and ready determination by resort

to sources whose accuracy cannot reasonably be questioned." *Fed. R. Evid. 201*. Pleadings and other court filings, including formal declarations, are matters of public record and the proper subject of judicial notice. *Mullis v. United States Bankruptcy Court, 828 F.2d 1385, 1388 n.9 (9th Cir. 1987)*. Plaintiff has not disputed the taking of judicial notice of these documents, and as they are proper documents for which judicial notice can be taken, the Court will take judicial notice of all three documents.

**B. Counts One, Two, and Three: Declaratory Relief Under and for Violations of TILA and Regulation Z**

The sections of TILA and Regulation Z under which Plaintiff seeks relief apply only to consumer credit. Consumer credit transactions are transactions "in which the party [*8] to whom credit is offered or extended is a natural person, and the money, property, or services which are the subject of the transaction are primarily for personal, family, or household purposes." *15 U.S.C. § 1602(h)*; *see 15 U.S.C. § 1647(c)*; *12 C.F.R. § 226.2(a)(12)*.

Wilder has sufficiently alleged that the line of credit was extended to him personally and not a business. However, he fails to allege that the "money, property, or services which are the subject of the transaction are primarily for personal, family, or household purposes." *Id.* Wilder argues that he has done so through his allegations that the loan is a HELOC, the "subject matter property" is Wilder's "primary residence" and that the HELOC served as "his primary line of credit." Pl.'s Opp. at 5; Compl. PP 11, 25. However, simply because the loan was secured by Wilder personally through his home does not create an inference sufficient to allege that the purpose of the loan was personal, family, or household purposes, as the loan's purpose could still viably be for a business. Plaintiff has failed to allege that the purpose of the loan was consumer credit and has thereby failed to state a claim as to violations of TILA or [*9] Regulation Z. Defendant's Motion to Dismiss as to counts one, two and three is thereby GRANTED.

**C. Count Four: Breach of Contract**

Plaintiff alleges that Chase breach its HELOC contract with Plaintiff because it suspended Plaintiff's loan without a significant decline in value of Plaintiff's property.[1] Specifically, Plaintiff alleges that Chase breached the following term:

> In addition to any other rights we may have, we can suspend additional extensions of credit or reduce your Credit Limit during any period in which any of the following are in effect: (a) The value of the property declines significantly below the property's appraised value for purposes of this Credit Line Account. This includes, for example, a decline such that the initial difference between the Credit Line and the available equity is reduced by fifty percent and may include a smaller decline depending on the individual circumstances. Compl. P 57.

---

1 The contract contains a choice-of-law provision directing that Arizona law governs any breach of contract claim. Mot. at Exh. 1, p. 5.

Wilder alleges that his home value had not declined in value at all and, based on the June 2009 appraisal which valued his home at $ 970,000, [*10] had actually increased. *Id.* P 39. Defendant asserts that Wilder cannot simply rest on an assertion that the property value has not significantly declined but must also allege facts supporting his claim pursuant to *Iqbal*. Defendant encourages the Court to dismiss this claim on the basis that Wilder alleges no factual matter suggesting that Wilder's property value had not in fact significantly declined in April 2009 when the AVM valued Wilder's property at $ 811,800.

However, Plaintiff has alleged the June 2009 valuation as a fact circumstantially supporting his theory that his property value had not significantly declined as of April 2009. The June 2009 valuation of $ 970,000 was just two months after his credit was frozen and showed a $ 70,000 *increase* over the $ 900,000 appraised value at which his loan was approved. While Chase procured an AVM from CoreLogic in April 2009 showing a value of $ 811,800, the $ 158,800 difference between these two valuations raises at least some doubts as to the accuracy of the former valuation given that it was reached through a formula and not a physical appraisal of the home. Plaintiff has alleged sufficient facts to make his breach of contract claim [*11] plausible.

Defendant's Motion to Dismiss as to count four for breach of contract is thereby DENIED.

**D. Count Five: Breach of Implied Covenants**

Under Arizona law, a covenant of good faith and fair dealing is implied in every contract. *Rawlings v. Apodaca, 151 Ariz. 149, 726 P.2d 565, 569 (Ariz. 1986)* (internal citations omitted). The essence of the implied covenant is that "neither party will act to impair the right of the other to receive the benefits which flow from their agreement or contractual relationship." *Id. at 569-70* (internal citations omitted).

Plaintiff alleges that Defendant breached this covenant by injuring the right of Plaintiff to receive the benefit of his HELOC by: (1) reducing the credit limit for Wilder "without first having a sound factual basis for claiming there was a decline in value"; (2) "by failing to provide sufficiently specific notice and by failing to provide customers with material information regarding the calculations and values used to justify the reductions or freezes;" (3) "by pushing the burden of paying for appraisals onto the Class members up front . . . [which] discourages Class members from seeking reinstatement; and (4) the contract implicitly required Chase [*12] to follow Regulation Z. Compl. PP 65-69.

Plaintiff and Defendant have entered into a contract, and a covenant of good faith and fair dealing is written into every contract. Therefore, all Plaintiff needs to allege is actions that potentially impair Plaintiff's right to the benefit of HELOC funds. At least two of these allegations sufficiently state a breach of the implied covenant: the allegations that requiring Plaintiff to pay for appraisals upfront and failing to provide customers with sufficient information in the notice regarding the calculations Chase uses to freeze accounts impairs Plaintiff's ability to appeal and reinstate his loan awards. Plaintiff has sufficiently stated the facts surrounding these alleged actions of Defendant, and Defendant's Motion to Dismiss as to count five for breach of implied covenants is thereby DENIED.

### E. Count Six: Unjust Enrichment/Restitution

Plaintiff also includes a count for unjust enrichment/restitution, alleging, "Chase has knowingly received and retained benefits from Plaintiff and the Class and Subclass members under circumstances that would render it unjust to allow Chase to retain such benefits." Compl. P 73. These benefits are "up-to-date [*13] full appraisals on homes in which they have security interests under circumstances where it would be unjust for Chase not to bear the cost of the appraisals" and "time value of the money it would otherwise be potentially liable for lending out to its HELOC customers." Compl. PP 73, 74.

Defendant urges the Court to dismiss this claim based on the argument that there is no unjust enrichment cause of action in California as a matter of law. California courts have provided conflicting direction as to whether a separate cause of action exists for unjust enrichment. Some courts have held as an absolute that no such cause of action exists in California. *See Melchior v. New Line Prod., Inc., 106 Cal. App. 4th 779, 793, 131 Cal. Rptr. 2d 347 (Cal. Ct. App. 2003)* ("[t]here is no cause of action in California for unjust enrichment"); *Jogani v. Superior Court, 165 Cal. App. 4th 901, 911, 81 Cal. Rptr. 3d 503 (Cal. Ct. App. 2004).* However, other various courts, including the Ninth Circuit, have held just the opposite. *See, e.g., Western Pac. R. Corp. v. Western Pac. R. Co., 206 F.2d 495, 498 (9th Cir. 1953)* ("it is of [*14] course true that the California courts, in common with authorities generally, recognize a cause of action based on unjust enrichment"); *Gerlinger v.Amazon.com, Inc., 311 F. Supp. 2d 838, 856 (N.D. Cal. 2004)* ("[u]nder California law, unjust enrichment is an action in quasi-contract") (citing *Paracor Fin. v. Gen. Elec. Capital Corp., 96 F.3d 1151, 1167 (9th Cir. 1996))*; *Nordberg v. Trilegiant Corp., 445 F. Supp. 2d 1082, 1100 (N.D. Cal. 2006)* (courts holding that no cause of action for unjust enrichment exists have focused on semantic arguements; cause of action for unjust enrichment can be understood as a proper and valid cause of action for restitution); *F.D.I.C. v. Dintino, 167 Cal. App. 4th 333, 346, 84 Cal. Rptr. 3d 38 (Cal. Ct. App. 2008)* (upholding unjust enrichment cause of action). The Court finds that the weight of authority indicates that California law recognizes a cause of action for unjust enrichment/restitution.

Defendant further argues Plaintiff has not properly asserted a benefit that he conferred on Defendant. For an unjust enrichment claim, a plaintiff must plead that the defendant "received a benefit, [and] that it retained that benefit at Plaintiff's expense." *Pelayo v. Home Capital Funding, 2009 U.S. Dist. LEXIS 44453, 2009 WL 1459419, at *8* [*15] (citing *Lectrodryer v. SeoulBank, 77 Cal. App. 4th 723, 726, 91 Cal. Rptr. 2d 881 (Cal. Ct. App. 2000))*. Plaintiff alleges that Defendant's unjust freezing of Plaintiff's account conferred the benefit of the "time value of the money [Chase] would otherwise be potentially liable for lending out to its HELOC customers." Compl. P 74. The reasonable inference from this allegation is that Chase had the benefit of the use of the money that would otherwise be lent to Plaintiff between when the loan was frozen and when the loan was restored, and that benefit would have otherwise belonged to Plaintiff.

Finally, Defendant argues that unjust enrichment claims fail as a matter of law where an express contract governs the parties' relations. Without considering the merits of this proposition, the Court notes that Plaintiff has pled the unjust enrichment/restitution claim in the alternative. It would be inappropriate to dismiss Plaintiff's claim before the Court has held that an express, enforceable contract governed the subject matter for which Plaintiff seeks restitution.

As such, Defendant's motion to dismiss the sixth count for unjust enrichment/restitution is DENIED.

### F. Counts Seven and Eight: Violations of *California Business & Professions Code § 17200*

*California Business & Professions Code § 17200* **[*16]** (the "UCL") prohibits unfair competition, which is "any unlawful, unfair or fraudulent business act or practice." Plaintiff alleges in counts seven and eight that Defendants have violated all three prongs of the UCL.

### 1. Unlawful Prong

Plaintiff's unlawful prong allegations depend on violations of TILA and Regulation Z. As discussed above, Plaintiff has failed to allege a violation of the law so the unlawful prong allegations must also fail. *See Rubio v. Capital One Bank (USA), N.A., 572 F. Supp. 2d 1157, 1168 (C.D. Cal. 2008)* ("[w]here a plaintiff cannot state a claim under the 'borrowed' law, she cannot state a UCL claim either").

### 2. Application of the UCL to Defendant Chase

Defendants urge that the UCL claims should be dismissed because Plaintiff is not a California resident and his claims relate to actions taken outside of California. "[T]he UCL does not apply to actions occurring outside of California that injure non-residents." *Standfacts Credit Services, Inc. v. Experian Information Solutions, Inc., 405 F. Supp. 2d 1141, 1148 (C.D. Cal. 2005)*. However, "state statutory remedies may be invoked by out-of-state parties when they are harmed by wrongful conduct occurring in California." **[*17]** *Norwest Mortgage, Inc. v. Superior Court, 72 Cal. App. 4th 214, 225, 85 Cal. Rptr. 2d 18 (Cal. Ct. App. 1999)* (citing *Diamond Multimedia Systems, Inc. v. Superior Court, 19 Cal. 4th 1036, 80 Cal. Rptr. 2d 828, 968 P.2d 539 (Cal. 1999))*. Therefore, the critical issues "are whether the injury occurred in California and whether the conduct of Defendants occurred in California. If neither of these questions can be answered in the affirmative, then Plaintiff will be unable to avail [himself] of these laws." *Tidenberg v. Bidz.com, Inc., No. SACV 08-5553 PSG (FMOx), 2009 U.S. Dist. LEXIS 21916, at *11 (C.D. Cal. Mar. 4, 2009)*.

Defendant alleges that "[i]n his opposition to Chase's Motion to dismiss, Plaintiff attempts to avoid the prohibition on using UCL claims for nonresident parties where their conduct occurred out of state by arguing CoreLogic is a California company." Def.'s Reply at 8:8-10. Plaintiff's complaint states that Chase is a national banking association with its main office located in Columbus, Ohio and that CoreLogic's main office is in Santa Ana, California. Compl. PP 12, 13, 15(b). Plaintiff Robert Wilder "maintains his primary residence in Scottsdale, Arizona (the 'subject matter property')." *Id.* P 11. Unfortunately for Plaintiff, **[*18]** a basic assertion that co-defendant CoreLogic is a California corporation does not justify application of the UCL to Chase. *See Tidenberg, 2009 U.S. Dist. LEXIS 21916, at *12*.

Plaintiff's injury in having his credit frozen was presumably suffered by Plaintiff where he lives in Arizona, not in California, and he does not allege otherwise. Therefore, the only possible basis through which Planitiff could recover under the UCL is that the allegedly violative conduct of Defendant occurred in California. Plaintiff has not alleged a single action by Chase within the state of California, and the Court does not find Plaintiff's general allegations about CoreLogic being a California company sufficient to infer any actions by Chase in California. *See Standfacts, 405 F. Supp. 2d at 1148*.

Therefore, Defendant's Motion to Dismiss as to counts seven and eight is GRANTED.

### G. Count Ten: Civil Conspiracy

Plaintiff alleges that Defendants Chase and CoreLogic "either through Quatrix Valuation or some other arrangement, agreed to intentionally use falsely low property values as pretext for lowering credit limits or suspending HELOC accounts for Chase customers." Compl. P 98. Taken in their best light, the **[*19]** facts that Plaintiff has alleged supporting the existence of this conspiracy are that CoreLogic provided Chase with an AVM of Plaintiff's house and that this valuation was falsely low (based on the June 2009 appraisal).

Defendant argues that the civil conspiracy claim fails because Plaintiff fails to allege an underlying violation which Chase and CoreLogic conspired to commit. "Conspiracy is not a cause of action, but a legal doctrine that imposes liability on persons who, although not actually committing a tort themselves, share with the immediate tortfeasors a common plan or design in its perpetration." *Applied Equip. Corp. v. Litton Saudi Arabia Ltd., 7 Cal.4th 503, 510, 28 Cal. Rptr. 2d 475, 869 P.2d 454 (Cal. 1994)*. In order for civil conspiracy claims to be actionable, the plaintiff must sufficiently allege an underlying violation. *Id. at 511*.

Plaintiff argues that the violations underlying the conspiracy are violations of TILA and breach of contract. Pl.'s Opp'n at 24. "By its nature, tort liability arising from conspiracy presupposes that the coconspirator is legally capable of committing the tort, *i.e.,* that he or she owes a duty to plaintiff recognized by law and is potentially subject to liability for breach **[*20]** of that duty." *Applied Equip. Corp., 7 Cal.4th at 511*. As stated above, Plaintiff has failed to adequately plead a TILA violation, and moreover Plaintiff concedes that the only alleged coconspirator, CoreLogic, has no duty to Plaintiff under TILA. *See* Order Granting Defendant CoreLogic, Inc.'s Motion to Dismiss. Since CoreLogic cannot be a part of the conspiracy as it is not legally capable of violating TILA, Plaintiff's alleged TILA conspiracy is reduced to a conspiracy of one, which is by definition insufficient.

Case 2:12-md-02311-SFC-RSW ECF No. 384-51, PageID.5572 Filed 09/11/12 Page 7 of 7

Page 6
2009 U.S. Dist. LEXIS 124242, *

Additionally, CoreLogic owes no duty to Plaintiff under a breach of contract theory because it is not a party to the contract. The addition of a third party who seeks to interfere with the contract and assist the contracting party with the breach of that contract does not warrant the imposition of tort liability against the contracting party. *See Applied Equip. Corp., 7 Cal. 4th at 516-17*. To the extent that Plaintiff also alleges conspiracy based on the implied covenant of good faith and fair dealing, which in some circumstances has been construed as an action in tort, this argument fails under the same reasoning. CoreLogic has no duty to Plaintiff under the implied covenant **[*21]** of good faith and fair dealing because CoreLogic is not a party to the contract. Again, this leaves Plaintiff with an impermissibly singular conspirator. [2]

> 2   Plaintiff also argues in his Opposition to CoreLogic's Motion to Dismiss that the conspiracy is based on fraud and the fraudulent prong of the UCL. While Plaintiff did not make these same arguments in his Opposition to JPMorgan's Motion to Dismiss, these alternative arguments are similarly unsuccessful. *See* Order Granting Defendant CoreLogic, Inc.'s Motion to Dismiss.

Defendant's Motion to Dismiss as to count ten for civil conspiracy is GRANTED.

## IV. DISPOSITION

For the foregoing reasons, Defendant JPMorgan Chase's Motion to Dismiss is DENIED as to Count Four for Breach of Contract; Count Five for Breach of Implied Covenants; and Count Six for Unjust Enrichment/Restitution.

Defendant's Motion to Dismiss is GRANTED WITH LEAVE TO AMEND as to Counts One, Two, and Three for Declaratory Judgment and Violations of TILA and Regulation Z; Counts Seven and Eight for Violation of *Business & Professions Code § 17200*; and Count Ten for Civil Conspiracy.

Plaintiff shall have twenty (20) days to amend the Complaint consistent with this order. Defendant **[*22]** has twenty (20) days thereafter to respond.

The Clerk shall serve this minute order on all parties to the action.