# EXHIBIT 4

# EXHIBIT 4

## INDIRECT-PURCHASER PLAINTIFFS' RESPONSE TO DEFENDANTS' EXHIBIT E
## REGARDING CLAIMS PREDATING *ILLINOIS BRICK* REPEALER AMENDMENTS UNDER
## STATE ANTITRUST STATUTES (MOT. SECTION III.D)

|  | **State** | **Defendants' Exhibit E** | **Defendants' Authority Distinguished and/or Contrary Authority** |
|---|---|---|---|
| 1. | **Hawaii** | Haw. Rev. Stat. § 480-2 (eff. June 28, 2002). 2002 Haw. Sess. L. Act 229 at 6 ("This Act shall take effect on its approval"); *Haw. Med. Assoc. v. Haw. Med. Serv. Assoc., Inc.*, 148 P.3d 1179, 1209 (Haw. 2006) (holding that "plaintiffs' claims of unfair methods of competition based upon [defendant's] alleged wrongful acts prior to June 28, 2002 are barred inasmuch as HRS § 480-2(e) does not apply retroactively"). | The cited case does not address claims under Haw. Rev. Stat. §480–4. *Compare In Re Static Random Access Memory (SRAM) Antitrust Litigation*, No. 07–md–01819 CW, 2010 WL 5094289, at *2 (N.D. Cal. Dec. 8, 2010) (rejecting, on summary judgment, defendants' retroactivity argument that the 2002 amendment to §480-2 established that no antitrust damages claims under §480-4 could be asserted prior to 2002). |
| 2. | **Nebraska** | Nebraska Neb. Rev. Stat. § 59-821 (eff. July 19, 2002). *Soukop v. ConAgra Inc.*, 653 N.W.2d 655, 657 (Neb. 2002) ("A legislative act operates only prospectively and not retrospectively unless the legislative intent and purpose that it should operate retrospectively is clearly disclosed."). | The cited case does not address the relevant provisions of Nebraska antitrust and related laws. *Compare In re TFT-LCD (Flat Panel) Antitrust Litig.*, M 07-1827 SI, 2011 WL 3738985, at *3 (N.D. Cal. Aug. 24, 2011) ("Prior to July 20, 2002, Nebraska's Junkin Act allowed '[a]ny person who shall be injured in his business or property' by an antitrust violation to bring a suit for damages. Neb.Rev.Stat. § 59–821 (2000). On July 20, 2002, the Nebraska legislature amended the Junkin Act to permit suit 'whether such injured person dealt directly or indirectly with the defendant.' 2002 Neb. Laws L.B. 1278; . . .. Defendants argue that the amendment does not apply retroactively and that this Court should therefore dismiss any claims that arise from purchases made before July 20, 2002. . . .. The Court disagrees with defendants' interpretation of the Nebraska statute, and concludes that, even prior to the 2002 amendment, indirect-purchaser suits were permitted under Nebraska law.") (*citing Arthur v. Microsoft Corp.*, 676 N.W.2d 29 (Neb.2004) (holding that indirect purchasers had standing to |

| | State | Defendants' Exhibit E | Defendants' Authority Distinguished and/or Contrary Authority |
|---|---|---|---|
| | | | sue, rejecting the argument that the Consumer Protection Act should be harmonized with the Supreme Court's *Illinois Brick* decision))) (citations omitted). |