# EXHIBIT 5

# EXHIBIT 5

## INDIRECT-PURCHASER PLAINTIFFS' RESPONSE TO <u>DEFENDANTS' EXHIBIT F</u> REGARDING CLAIMED INTRASTATE COMMERCE REQUIREMENTS UNDER STATE ANTITRUST STATUTES (MOT. SECTION III.D)

|  | **State** | **Defendants' Exhibit F** | **Defendants' Authority Distinguished and Contrary Authority** |
|---|---|---|---|
| 1. | **District of Columbia** | *Sun Dun, Inc. of Wash. v. Coca-Cola Co.*, 770 F. Supp. 285, 289 (D.Md. 1991) (granting defendants' motion for summary judgment on plaintiffs' D.C. antitrust claims because plaintiffs did not establish "sales in the District of Columbia that did not have an interstate aspect"). | In *Sun Dun.*, the court granted defendants *summary judgment motion* because, *after discovery*, plaintiffs failed to establish that the alleged harm bears a significant nexus to the District of Columbia to warrant application of that jurisdiction's law.  See also *Sun Dun. Inc. Of Wash. V. Coca-Cola Co.*, 740 F. Supp. 381, 396 (D. Md. 1990) (permitting discovery by plaintiff to establish a sufficient nexus of its alleged harm to the District of Columbia). |
| 2. | **Mississippi** | *In re Microsoft Corp. Antitrust Litig.*, No. MDL 1332, Civ. JFM 03-741 through 03-748, 2003 WL 22070561, at *2 (D. Md. Aug. 22, 2003) (Ex. CC) (dismissing Mississippi antitrust claims where plaintiffs failed to allege "at least some conduct by Microsoft which was performed wholly intrastate"); *California v. Infineon Techs. AG.*, 531 F. Supp. 2d 1124, 1158-1159 (N.D. Cal. 2007) (dismissing plaintiffs' claims under the Mississippi Antitrust Act because (i) the Act "require[s] allegations of at least some activity or conduct occurring in intrastate commerce or trade"; and (ii) plaintiffs' complaint was "wholly devoid of any allegations relating to intrastate trade or commerce," and thus "fails to properly allege a claim under the Mississippi Antitrust Act"). | *In re Graphics Processing Units Antitrust Litig. ("GPU II")*, 540 F.Supp.2d 1085, 1099 (N.D.Cal.2007) (rejecting construction of Mississippi Antitrust Act in *In re Microsoft Corp. Antitrust Litig.*, 2003 WL 22070561, at *2 (D. Md. 2003); *California v. Infineon Technologies AG,* 531 F. Supp. 2d 1124, 1158-59 (N.D. Cal. 2007) (rejecting the argument that the Mississippi Antitrust Act is limited to intrastate conspiracies); *see also Hood ex rel. State v. BASF Corp.,* 2006 WL 308378, at *5 (Miss. Ch. Ct. Jan. 17, 2006) (explaining that Mississippi Antitrust Act reaches "all monopolies that exist both interstate and intrastate commerce."). |
| 3. | **Nevada** | Nev. Rev. Stat. Ann. § 598A.060(1) ("[I]t is unlawful to conduct any part of [a conspiracy in restraint of trade] *in this* | Defendants rely solely on the statutory language.  *Compare In re TFT-LCD Antitrust Litig.*, 599 F.Supp.2d 1179, 1188- |

|   | **State** | **Defendants' Exhibit F** | **Defendants' Authority Distinguished and Contrary Authority** |
|---|---|---|---|
|   |   | *State.*") (emphasis added). | 89 (N.D. Cal. 2009) (finding indirect-purchaser plaintiffs' Nevada antitrust claims sufficient where they alleged substantial similar effect on intrastate commerce to that pleaded in the instant case). |
| 4. | **New York** | *H-Quotient, Inc. v. Knight Trading Group, Inc.*, No. 03 Civ.5889 (DAB), 2005 WL 323750, at *4 (S.D.N.Y. Feb. 9, 2005) (Ex. X) (recognizing that New York courts have found that "[w]here the conduct complained of principally affects interstate commerce, with little or no impact on local or intrastate commerce, it is clear that federal antitrust laws operate to preempt the field"). | In *H-Quotient*, the defendants Delaware organizations "were dealing with the sale of stocks in a Virginia company [the plaintiff], and did not limit its business to any particular state" and "plaintiff has not put forth any specific allegations in its pleadings of impact on intrastate commerce." *H-Quotient,* 2005 WL 323750, at *5. |
| 5. | **North Carolina** | N.C. Gen. Stat. § 75-1 (1981) ("Every contract, combination in the form of trust or otherwise, or conspiracy in restraint of trade or commerce *in the State of North Carolina* is hereby declared to be illegal.") (emphasis added). | Defendants rely solely on the statutory language.  The statute is not specific as to whether it is the commerce or the illegal conduct that must be inside the state.  *See In re New Motor Vehicles Canadian Export Antitrust Litig.,* 350 F. Supp. 2d 160, 172 (D. Me. 2004) (stating that when "the statutory language is ambiguous as to whether it is a part of the conspiracy or a part of the trade or commerce that must be within the state, . . . it is logical to assume that the state intended its antitrust coverage to be as broad as possible."). |
| 6. | **South Dakota** | *In re Dynamic Random Access Memory (DRAM I) Antitrust Litig.*, 516 F. Supp. 2d 1072, 1099 (N.D. Cal. 2007) (dismissing plaintiffs' South Dakota antitrust claims because plaintiffs failed to "specifically allege any conduct or conspiracy that takes place, or has any effect within South Dakota"). | In *DRAM I*, the court recognized that the statute "should be read to cover unlawful anticompetitive conduct, as long as any part of it takes place or has an effect within the state." *DRAM I,* 516 F. Supp. 2d at 1098-99. |

|   | **State** | **Defendants' Exhibit F** | **Defendants' Authority Distinguished and Contrary Authority** |
|---|---|---|---|
| 7. | **Tennessee** | *Freeman Indus. v. Eastman Chem. Co*., 172 S.W. 3d 512, 523-24 (Tenn. 2005) (dismissing claim where plaintiff failed "to establish how the defendant's anticompetitive conduct affected Tennessee commerce to a substantial degree"); *see also California*, 531 F. Supp. 2d at 1160 (relying on *Freeman* to dismiss plaintiffs' claim because plaintiffs' allegation that they "paid artificially high prices for DRAM and DRAM-containing products" was insufficient to "properly allege that defendants' anticompetitive conduct affects Tennessee trade or commerce to a substantial degree"). | In *Freeman*, the court concluded that the *effect* of anticompetitive conduct on Tennessee trade or commerce, not the anticompetitive conduct itself, is determinative of whether TTPA is applicable. Applying the "substantial effect" test, the court found that the New York corporation's allegations—which stated that defendant had taken sales orders and implemented sales to customers at artificially raised prices from its principal place of business in Tennessee—were too "bare" to sufficiently establish that Tennessee commerce was substantially affected. *Freeman*, 172 S.W. 3d at 524.<br><br>*California v. Infineon Technologies AG,* 531 F. Supp. 2d 1124, 1159-60 (N.D. Cal. 2007) (dismissing plaintiffs' Tennessee claim with leave to amend because "plaintiffs' complaint is completely devoid of any mention of Tennessee commerce.").<br><br>*Cf. In re Cardizem CD Antitrust Litig*., 105 F. Supp. 2d 618, 668 (E.D. Mich. 2000) (holding that cognizable claim was alleged under the Tennessee antitrust statute where Tennessee purchasers were alleged to have purchased Cardizem CD in Tennessee at artificially inflated prices owing to defendants' anticompetitive conduct). |
| 8. | **West Virginia** | *State ex rel. Palumbo v. Graley's Body Shop, Inc*., 425 S.E.2d 177, 183 n.11 (W. Va. 1992) ("West Virginia's antitrust law is directed towards intrastate commerce."(citations and internal quotations omitted) (emphasis in original)). | *In re New Motor Vehicles Canadian Export Antitrust Litig.,* 350 F. Supp. 2d 160, 175 (D. Me. 2004) (stating that West Virginia antitrust statute prohibits a conspiracy that restrains West Virginia trade or commerce, regardless of the locus of the conspiracy). Defendants cite a footnote in *Palumbo*, which simply states the obvious: "[f]ederal antitrust law is |

| State | Defendants' Exhibit F | Defendants' Authority Distinguished and Contrary Authority |
|---|---|---|
| | | obviously directed toward interstate commerce. West Virginia's antitrust law is directed towards intrastate commerce." *Palumbo*, 425 S.E.2d at 183 n.11. |