# EXHIBIT 6

# EXHIBIT 6

### INDIRECT-PURCHASER PLAINTIFFS' RESPONSE TO DEFENDANTS' EXHIBIT H REGARDING PURPORTED REQUIREMENT OF PLEADING FRAUD OR DECEIT WITH PARTICULARITY UNDER STATE CONSUMER PROTECTION STATUTES (MOT. SECTION IV.A)

|    | State   | Defendants' Exhibit H | Defendants' Authority Distinguished |
|----|---------|----------------------|-------------------------------------|
| 1. | Florida | Fla. Stat. § 501.204; *In re Packaged Ice Antitrust Litig.*, 779 F. Supp. 2d 642, 665 (E.D. Mich. 2011) (dismissing FDUTPA claim for failure to plead fraud with particularity because "nothing relieves an indirect purchaser suing under [FDUTPA] from the burden of pleading the claim with particularity"). | The court in *Packaged Ice* relied exclusively on cases that did not concern antitrust or price-fixing allegations and is thus incorrect. *See, e.g., In re Processed Egg Products Antitrust Litig.*, MDL 2002, 2012 WL 935669, *21-22 (E.D. Pa. Mar. 20, 2012) (rejecting defendants' argument that price-fixing allegations were deficient under the pleading standards of Rules 8 and 9(b) because "no allegations of fraudulent conduct must be pled"); *Galstaldi v. Sunvest Communities USA, LLC*, 637 F. Supp. 2d 1045, 1058 (S.D. Fla. 2009) ("The requirements of Rule 9(b) do not apply to claims under the FDUTPA. FDUTPA was enacted to provide remedies for conduct outside the reach of traditional common law torts such as fraud, and therefore, the plaintiff need not prove the elements of fraud to sustain an action under the statute.") (citations and quotations omitted). |