# EXHIBIT 7

# EXHIBIT 7

## INDIRECT-PURCHASER PLAINTIFFS' RESPONSE TO DEFENDANTS' EXHIBIT I
## REGARDING CLAIMED OBLIGATION TO ALLEGE UNCONSCIONABLE OR OTHER CONDUCT
## UNDER STATE CONSUMER PROTECTION STATUTES (MOT. SECTION IV.B)

|   | **State** | **Defendants' Exhibit I** | **Defendants' Authority Distinguished** |
|---|---|---|---|
| 1. | **Arkansas** | Ark. Code Ann. § 4-88-107(a); *In re Graphics Processing Units (GPU) Antitrust Litig.*, 527 F. Supp. 2d 1011, 1029 (N.D. Cal. 2007) ("*GPU I*") (dismissing Arkansas consumer protection claims because (i) statute requires plaintiff to plead unconscionablility, and (ii) plaintiffs' allegation that price of product was unfairly high was insufficient to state a claim under ADTPA). | *In re Flash Memory Antitrust Litig.*, 643 F. Supp. 2d 1133, 1156-57 (N.D. Cal. 2009) ("[S]everal district courts interpreting the ADTPA have found that the term 'unconscionable trade practices' is sufficiently broad to encompass price-fixing;" citing cases); *In re New Motor Vehicles Canadian Exp. Antitrust Litig.*, 350 F. Supp. 2d 160, 178 (D. Me. 2004) ("I find that the plaintiffs' allegations of a conspiracy to keep Canadian cars out of the United States market are sufficient to state a claim of an unconscionable practice under the ADTPA."); *In re Aftermarket Filters Antitrust Litig.*, MDL No. 1957, 2009 WL 3754041, at *8-9 (N.D. Ill. Nov. 5, 2009) (denying motion to dismiss indirect purchaser's ADTPA claims); *In re Chocolate Confectionary Antitrust Litig.*, 602 F. Supp. 2d 538, 583 n.57 (M.D. Pa. 2009) (same). |
| 2. | **District of Columbia** | D.C. Code § 28-3904(r); *Riggs Nat'l Bank v. District of Columbia*, 581 A.2d 1229, 1251 (D.C. 1990) ("To establish unconscionability, however, the District must prove not only that one of the parties lacked a meaningful choice but also that the terms of the contract are unreasonably favorable to the other party."). | D.C. § 28-3904 in its entirety makes clear that subsection (r)'s prohibition on "unconscionable terms or provisions of sales or leases" is just one of the specifically enumerated practices prohibited by the DCCPPA. Under no reasonable interpretation does it stand for the proposition that "unconscionable conduct" is required for every violation. Likewise, the *Riggs* case Defendants cite—a contract action concerning the enforceability of a "contract between a bank and its depositors"—has nothing to do with the DCCPPA. *See* 581 A.2d at 1251. |

|   | State | Defendants' Exhibit I | Defendants' Authority Distinguished |
|---|---|---|---|
| 3. | New Mexico | N.M. Stat. Ann. §§ 57-12-2–57-12-3; *GPU I*, 527 F. Supp. 2d at 1029 (dismissing claim under New Mexico consumer protection statute because (i) statute requires plaintiff to plead unconscionablility, and (ii) plaintiffs' allegation that price of product was unfairly high was insufficient to state a claim). | *GPU I* is inapposite because plaintiffs there made no "gross disparity" allegations. *See TFT-LCD*, 586 F. Supp. 2d at 1127 ("unlike in *GPU,* plaintiffs here allege that as a result of defendants' alleged price-fixing, there was a gross disparity in the value of products received and the amount that they paid for those products"); *see also Processed Egg Products*, 2012 WL 935669, at *27. |
| 4. | North Carolina | N.C. Gen. Stat. § 75-1.1; *Dalton v. Camp*, 548 S.E.2d 704, 711 (N.C. 2001) (holding that a plaintiff must allege some type of egregious or aggravating circumstances in order to state a UTPA claim). | *Dalton* concerned whether an unfair trade or practice claim can arise out of an "employer-employee relationship," and thus has no inapplicability here.  Further, a violation of antitrust law such as price-fixing is, by itself, a violation of the NCUDTPA. *Processed Egg Products*, 2012 WL 935669, at *30-31 ("a Section 75–1.1 claim may also arise in the form of a *per se* violation, such as a violation of the Sherman Act."); *ITCO Corp. v. Michelin Tire Corp.*, 722 F.2d 42, 48 (4th Cir. 1983). |