# EXHIBIT 8

# EXHIBIT 8

## INDIRECT-PURCHASER PLAINTIFFS' RESPONSE TO DEFENDANTS' EXHIBIT J REGARDING ACTIONABILITY OF PRICE-FIXING CLAIMS UNDER EIGHT STATES' CONSUMER PROTECTION STATUTES (MOT. SECTION IV.C)

|   | **State** | **Defendants' Exhibit J** | **Defendants' Authority Distinguished** |
|---|---|---|---|
| 1. | Arkansas | *In re Graphics Processing Units (GPU) Antitrust Litig.*, 527 F. Supp. 2d 1011, 1029-30 (N.D. Cal. 2007) ("*GPU I*") (dismissing Arkansas consumer protection claims because price fixing is "not the kind of conduct prohibited" by Arkansas's Deceptive Trade Practices Act). | *Burton v. Micron Tech, Inc. et al*, Case No. CV 2004-226-1, at 2 (Cir. Ct. 1st Div. Nov 6, 2009) (upholding price-fixing claims under ADTPA and stating that the Arkansas Supreme Court has interpreted the term "unconscionable" in the ADTPA to mean "an act that 'affronts the sense of justice, decency, or reasonableness,'" including acts "*violative of public policy or a statute*.")<br><br>*In re Aftermarket Filters*, 2009 WL 3754041, at *9 (denying motion to dismiss price fixing claims under ADTPA); *In re Flash Memory Antitrust Litig.*, 643 F. Supp. 2d 1133, 1157 (N.D. Cal. 2009) (same); *In re Chocolate Confectionary Antitrust Litig.*, 602 F. Supp. 2d 538, 583 (M.D. Pa. 2009) ("Hence, courts have concluded that claims of price fixing are cognizable under the Act…The IEU plaintiffs will be permitted to advance an ADTPA claim."); *In re Dynamic Random Access Memory (Dram) Antitrust Litig.*, 516 F. Supp. 2d 1072, 1109 (N.D. Cal. 2007) (permitting indirect purchaser claims to proceed under the ADTPA in a Sherman Act case); *California v. Infineon Tech. AG*, 531 F. Supp. 2d 1124, 1143-44 (N.D. Cal. 2007) (same); *In re New Motor Vehicles Canadian Export Antitrust Litig.*, 350 F. Supp. 2d 160, 178-79 (D. Me. 2004) (same). |
| 2. | New Mexico | *GPU I*, 527 F. Supp. 2d at 1029–30 (dismissing New Mexico protection claims because price fixing is "not the kind of | As discussed in the previous Exhibit, Plaintiffs' NMUPA allegations in *GPU I* are distinguishable from those here. |

| | State | Defendants' Exhibit J | Defendants' Authority Distinguished |
|---|---|---|---|
| | | conduct prohibited" by New Mexico consumer protection laws). | *See TFT-LCD*, 586 F. Supp. 2d at 1127. In addition, the court in *GPU I* relied only on two contract-based cases from Arkansas and D.C., and cited no New Mexico authority. |
| 3. | **Rhode Island** | *In re Dynamic Random Access Memory (DRAM) Antitrust Litig.*, 516 F. Supp. 2d 1072, 1117 (N.D. Cal. 2007) (granting defendants judgment on the pleadings with respect to RIUTPCPA claim, because plaintiffs' allegations of price-fixing and conspiracy do not fall within the enumerated list of conduct and activity prohibited by the statute nor otherwise "illustrate conduct causing a 'likelihood of confusion' or that is deceptive or fraudulent under the terms of the [Act]"); *GPU I*, 527 F. Supp. 2d at 1030-31 (dismissing plaintiffs' claims under Rhode Island consumer protection law because (i) the statute "foreclose[s] claims based on antitrust violations;" and (ii) "Rhode Island does not permit state-law antitrust claims by indirect purchasers"). | Defendants fail to inform the Court that, in *DRAM*, the court subsequently held that a price-fixing conspiracy *is* actionable under the RIUTPCPA because, *inter alia*, it "is likely to offend public policy [of Rhode Island] as has been established by statute and/or common law." *DRAM II*, 2008 WL 281109, at *12-13. Further, the vast weight of authority has adopted this reasoning and rejected *GPU I*. *See Chocolate*, 602 F. Supp. 2d at 586-87 (holding the RIUTPCPA "encompass[es] price-fixing injuries, and consumers subject to collusive pricing possess a cognizable claim under the RIUTPCPA."); *TFT–LCD*, 586 F. Supp. 2d at 1129-30; *SRAM*, 2008 WL 2610549 at *4. |

3236876v1