# EXHIBIT 9

# EXHIBIT 9

## INDIRECT-PURCHASER PLAINTIFFS' RESPONSE TO DEFENDANTS' EXHIBIT G REGARDING CLAIMED INTRASTATE COMMERCE REQUIREMENTS UNDER STATE CONSUMER PROTECTION STATUTES (MOT. SECTION IV.E)

| | **State** | **Defendants' Exhibit G** | **Defendants' Authority Distinguished** |
|---|---|---|---|
| 1. | **California** | *Meridian Project Sys. Inc. v. Hardin Constr. Co.*, 404 F. Supp. 2d 1214, 1225-26 (E.D. Cal. 2005) (dismissing unfair competition claims against out-of-state defendant where there was "no specific intrastate misconduct" alleged in the complaint). | *Meridian*, 404 F. Supp. 2d at 1225 (specific misconduct occurred in Chicago and, because counterclaimant was Canadian corporation, "the court infer[red] that its injuries occurred there, and not in California.") (footnote omitted). |
| 2. | **Montana** | *In re Dynamic Random Access Memory Antitrust Litig.*, 516 F. Supp. 2d 1072, 1104 (N.D. Cal. 2007) (dismissing plaintiffs' claims under Montana's consumer protection statute in part because plaintiffs failed to allege "any conduct or activity taking place within [Montana] that sets forth a basis for connecting plaintiffs' individual claims with representative claims under . . . Montana . . . statutes"). | **EP Distinguishing Authority:** *DRAM I*, 516 F. Supp. 2d at 1104 ("no plaintiff is a resident of any of the three states in question, nor do plaintiffs allege that they bought any of the affected goods in the relevant states."). <br><br> **AD Distinguishing Authority:** Mont. Code §§ 30-14-102. Trade or commerce covered by the statute "includes any trade or commerce directly or indirectly affecting the people of this state." |
| 3. | **New York** | *Goshen v. Mut. Life Ins. Co.*, 774 N.E.2d 1190, 1195 (N.Y. 2002) (noting that the statutory language "unambiguously evinces a legislative intent to address commercial misconduct occurring within New York," and holding that, to be a prohibited act under the statute, "the transaction in which the consumer is deceived must occur in New York"). | *Goshen*, 774 N.E.2d at 1195 ("[T]he transaction in which the consumer is deceived must occur in New York."); *see also Kaufman v. Sirius XM Radio, Inc.*, No. 11-121, 2012 WL 1109397 (2d Cir. April 4, 2012) (following *Goshen* and holding that only non-New York resident failed to state a claim under GBL § 349). |
| 4. | **North Carolina** | *Duke Energy Int'l, L.L.C. v. Napoli*, 748 F. Supp. 2d 656, 677 (S.D. Tex. 2010) (dismissing plaintiff's North Carolina Unfair and Deceptive Trade Practices Act claim, stating that "[a] plaintiff who does not allege a substantial effect on in-state North Carolina operations fails to state a claim under the NC | *Merck*, 941 F. Supp. at 1463 (New Jersey and Canadian companies failed to allege "a substantial effect on any in-state business operations" so as to invoke North Carolina Trade Practices Act); *Duke Energy* 748 F. Supp. 2d at 677 ("[T]he Duke entities that are Plaintiffs are neither |

| State | Defendants' Exhibit G | Defendants' Authority Distinguished |
|---|---|---|
|  | UTPA."); *Merck & Co. v. Lyon*, 941 F. Supp. 1443, 1463 (M.D.N.C. 1996) (dismissing plaintiff's claim under NC UTPA where "plaintiffs . . . failed to allege a substantial effect on any in-state business operations," and "[a]ny injury plaintiffs may suffer in North Carolina will be incidental"). | incorporated in nor based in North Carolina.  Moreover, even if Duke could establish a substantial effect on its North Carolina operations, Duke has alleged no facts showing harm to North Carolina consumers.") (footnote and citation omitted) |