# EXHIBIT 10

**EXHIBIT 10**

**INDIRECT-PURCHASER PLAINTIFFS' RESPONSE TO <u>DEFENDANTS' EXHIBIT L</u>
REGARDING THE AVAILABILITY OF UNJUST ENRICHMENT CLAIMS
BETWEEN PARTIES TO AN AGREEMENT (MOT. SECTION V.C)**

| | State | Defendants' Exhibit L | Defendants' Authority Distinguished |
|---|---|---|---|
| **1.** | **Generally** | *In re New Motor Vehicles Canadian Exp. Antitrust Litig.*, 350 F. Supp. 2d 160 (D. Me. 2004) (finding that "unjust enrichment ordinarily does not furnish a basis for liability where parties voluntarily have negotiated, entered into and fully performed their bargain, as consumers do in buying vehicles" and rejecting unjust enrichment claims in a case involving indirect purchasers); *In re Intel Corp. Microprocessor Antitrust Litig.*, 496 F. Supp. 2d 404, 421 (D. Del. 2007) (rejecting unjust enrichment claims for overpayment of microprocessors by indirect purchasers where class plaintiffs "paid the purchase price for their computers and received their computers," and "ha[d] not sought to rescind their purchases, none of which involved Intel as a direct manufacturer or seller," and "ha[d] not alleged that they did not receive the benefit of their bargain"); Restatement (First) of Restitution A§107(1) ("A person of full capacity who, pursuant to a contract with another, has performed services or transferred property to the other or otherwise has conferred a benefit upon him, is not entitled to compensation therefore other than in accordance with the terms of such bargain, unless the transaction is rescinded for fraud, mistake, duress, undue influence or illegality, or unless the other has failed to perform his part of the bargain."). | Section 107(1) of the Restatement (First) of Restitution sets forth a general rule regarding the inappropriateness of restitutionary recovery <u>when the parties have a contract;</u> thus, it has no application in the instant case.  Section 107(1) provides that one with full contractual capacity who enters into a contract and then performs services or transfers property under it to the other party, or otherwise confers a benefit pursuant to the contract on him or her, may not be compensated except as set forth in the contract, "unless the transaction is rescinded for fraud, mistake, duress, undue influence or illegality, or unless the other has failed to perform his part of the bargain."  26 Williston on Contracts § 68:1 (4th ed.).<br><br>*Compare In re K-Dur Antitrust Litig.*, 338 F. Supp. 2d 517, 545 (D.N.J. 2004) (rejecting defendants' contention that "any consideration" given for a benefit conferred necessarily defeats unjust enrichment claims); *In re Processed Egg Products Antitrust Litig., 851 F. Supp. 2d 867 (E.D. Pa. 2012)* at *36 (rejecting Restatement (First) of Restitution as the law of each jurisdiction and appropriate ground for dismissal of state unjust enrichment claims). |
| **2.** | **Arizona** | *Brooks v. Valley Nat'l Bank*, 548 P.2d 1166, 1171 (Ariz. 1976) (affirming dismissal of unjust enrichment claims | The cited cases address the applicability of an unjust enrichment claim where there is a valid, binding contract |

|  | State | Defendants' Exhibit L | Defendants' Authority Distinguished |
|---|---|---|---|
|  |  | where plaintiff received the benefit of the bargain); *USLife Title Co. of Ariz. v. Gutkin*, 732 P.2d 579, 585 (Ariz. Ct. App. 1986) (holding plaintiff was not entitled to recover for unjust enrichment since plaintiff received the benefit of the bargain). | that governs *the parties'* relationship.  No such contract is present here.  In *Brooks*, the court rejected the homeowner's unjust enrichment claim against the bank regarding the bank's alleged misuse of mortgage payments, because "where *there is a specific contract* which governs the relationship of *the parties*, the doctrine of unjust enrichment has no application." *Brooks*, 548 P.2d at 1171 (emphasis added). Similarly, the court in *USLife* dismissed plaintiff's unjust enrichment claim in a real property sale dispute because a binding agreement existed between the plaintiff and defendant. *See USLife*, 732 P.2d at 585 ("Upon delivery of the quitclaim deed USLife obtained that for which it bargained, USLife was therefore barred from further compensation under an unjust enrichment theory"). |
| 3. | Arkansas | *Frein v. Windsor Weeping Mary LP*, 2009 Ark. App. 774, at *7-8 (Ark. Ct. App. 2009) (upholding dismissal of unjust enrichment claims because there was "no basis upon which damages could have been awarded to [plaintiff] on its theory of unjust enrichment" when the agreement had been fulfilled). | *Frein* involved an unjust enrichment claim filed by a lessor against a lessee for lessee's failure to drill gas wells on the leasehold property in violation of parties' oil and gas lease agreement.  In rejecting the lessor's claim, the court explained that "the concept of unjust enrichment has no application when an express written contract exists [*between the parties*]."  *Frein,* 2009 Ark. App. at *7-8. |
| 4. | California | *Peterson v. Cellco P'ship*, 80 Cal. Rptr. 3d 316, 326 (Cal. Ct. App. 2008) (holding that the trial court properly sustained defendant's demurrer to plaintiffs' unjust enrichment claim because plaintiffs received the benefit of the bargain). | In *Peterson*, plaintiffs who purchased cell phones and related insurance policies from the defendant brought a class action alleging, *inter alia*, that defendant was unjustly enriched by the payment of an insurance premium because defendant lacked a license to sell such insurance.  The court rejected plaintiffs' claim because they "received the benefit of the bargain" pursuant to the purchase contract between the plaintiffs and the defendant.  *Peterson*, 80 Cal. Rptr. 3d at 323-26. |

|  | State | Defendants' Exhibit L | Defendants' Authority Distinguished |
|---|---|---|---|
|  |  |  | The court distinguished plaintiffs' claim from that alleged in *Hirsch v. Bank of America,* 107 Cal. App. 4th 708 (2003), which upheld plaintiff homeowners' unjust enrichment claim based on banks' unjustified charging and retention of excessive fees which were *passed on* by the title insurance and escrow companies to the plaintiffs. *Id.* at 721-22. |
| 5. | District of Columbia | *Dahlgren v. Audiovox Commc'ns Corp.*, No. 2002 CA 007884 B, 2012 WL 2131937 (D.C. Super. Ct. March 15, 2012) (Ex. T) (plaintiffs who receive the benefit of the bargain are not entitled to restitution) (citing *Peterson*, 80 Cal. Rptr. 3d at 326). | *Dahlgren* dismissed plaintiff's unjust enrichment claim for lack of standing, because she had not suffered an injury in fact—"[s]he has produced no evidence that she actually heard or read any misrepresentations or heard any statements made by Motorola or its agents in which material omissions were made." *Dahlgren,* 2012 WL 2131937, at *7, 14. The court explained that the damages the plaintiff asserted – benefit of the bargain – were contract law damages, although her claim was based on the District of Columbia's consumer protection statute, under which she had no statutory standing to sue. *Id.* at *8, 14. |
| 6. | Florida | *Prohias v. Pfizer, Inc.*, 485 F. Supp. 2d 1329, 1335 (S.D. Fla. 2007) (finding if plaintiffs received the "benefit of their bargain," they cannot recover for unjust enrichment); *Am. Safety Ins. Serv., Inc. v. Griggs*, 959 So. 2d 322, 331-32 (Fla. Dist. Ct. App. 2007) (holding that a claim for unjust enrichment fails when plaintiff receives adequate consideration for the benefit conferred). | Unlike the instant case where Plaintiffs allege an overcharge traceable to the benefits received by Defendants from their sales of the price-fixed products, the plaintiffs in *Prohias* and *Am. Safety* failed to plead or establish injury sufficient to state a claim for unjust enrichment. *Prohias*, 485 F. Supp. 2d at 1335 (holding that plaintiffs failed to plead actual injury because they "undisputedly" continued purchasing the drug irrespective of the alleged misrepresentation); *Am. Safety*, 959 So. 2d at 332-33 (finding that plaintiffs' presented no evidence of |

|  | State | Defendants' Exhibit L | Defendants' Authority Distinguished |
|---|---|---|---|
|  |  |  | the value of the benefit conferred upon the defendant). |
| 7. | Illinois | *La Throp v. Bell Fed. Sav. & Loan Ass'n*, 370 N.E.2d 188, 195 (Ill. 1977) (affirming dismissal of an unjust enrichment claim because "[a] person is not entitled to compensation on the grounds of unjust enrichment if he receives . . . that which it was agreed between them the other should give in return") (citing *Brooks*, 548 P.2d at 1171). | *La Throp*, 370 N.E.2d 188, 195 (rejecting mortgagor's unjust enrichment claim against mortgagee where the mortgage agreement governs the mortgagor-mortgagee relationship); *see also Brooks*, 548 P.2d at 1171 ("where *there is a specific contract* which governs the relationship of *the parties*, the doctrine of unjust enrichment has no application") (emphasis added). |
| 8. | Iowa | *Smith v. Stowell*, 125 N.W.2d 795, 800 (Iowa 1964) ("[A] person is not entitled to compensation on the ground of unjust enrichment if he received . . . that which it was agreed between them the other should give in return.") (quoting Restatement (First) of Restitution § 107 cmt. (1)a (1937)), *overruled on other grounds*, *Lamp v. American Prosthetics, Inc.*, 379 N.W.2d 909, 910 (Iowa 1986). | *Smith* merely stands for the well-established principle that "where there is an express contract covering the subject matter the law will not imply a quasi or constructive contract." *Smith,* 125 N.W.2d at 800 (holding that the plaintiffs' case was based on an express written agreement with the defendant which fixed the parties' rights and therefore, the plaintiffs cannot recover based on an unjust enrichment theory). |
| 9. | Kansas | *Senne & Co., Inc. v. Simon Capital Ltd. P'ship*, No. 93,302, 2007 WL 1175858, at *8 (Kan. Ct. App. Apr. 20, 2007) (Ex. TT) (stating the underlying premise of a claim for unjust enrichment is that the defendant received a benefit without providing consideration). | In *Senne*, the contractors sought to extend their respective mechanic's liens to the landlord's fee interest, after the lessee abandoned the improved premise without paying the contractors for their work.   The court concluded that the evidence failed to show that the lessor benefited from the improvements made to the former lessee's museum; instead, evidence indicated that the lessor would probably have been in a better position to lease the space if none of the improvements were present.  *Senne*, 2007 WL 1175858, at *6-8. |
| 10. | Massachusetts | *Cmty. Builders, Inc. v. Indian Motocycle Associates, Inc.*, 692 N.E.2d 964, 979 (Mass. App. Ct. 1998) (holding that to | In both cases cited by Defendants, the plaintiffs have a remedy based on an express contract.  The court in *Cmty.* |

|  | State | Defendants' Exhibit L | Defendants' Authority Distinguished |
|---|---|---|---|
|  |  | recover under restitution there must be an unjust benefit and whether the benefit is unjust is determined by the reasonable expectations of the parties); *Ferola v. Allstate Life Ins. Co.*, No. 050996, 2007 WL 2705534, at *14 (Mass. Super. Ct. Aug. 30, 2007) (Ex. U) (finding, in evaluating an unjust enrichment claim, that the adequacy of the consideration is not relevant, as long as the consideration is valuable). | *Builders* concluded that there was no "unjust" benefit which flowed from the plaintiffs to the defendants.  As such, the plaintiff-creditors' remedy lied solely against the debtor of the loan agreement and not against the defendants, who were not parties to the loan agreement.  *Cmty. Builders*, 692 N.E.2d at 979.  Likewise, *Ferola* held that the rights of the parties were governed by a contract.  *Ferola*, 2007 WL 2705534, at *14 ("plaintiff's remedy (or not) is on contract.  He cannot recover in quantum meruit"). |
| 11. | Michigan | *Isom v. NE Lots LLC*, No. 288378, 2010 WL 143470, at *6 (Mich. Ct. App. Jan. 14, 2010) (Ex. GG) (finding that a party cannot state a claim of unjust enrichment when said party received the benefit of its bargain); *Russell v. Zeemering*, No. 260660, 2006 WL 2382511, at *5 (Mich. Ct. App. Aug. 17, 2006) (Ex. SS) (concluding a person cannot recover under unjust enrichment when that person received the benefit he was supposed to receive). | In both cases cited by Defendants, the plaintiffs had an express, valid contract with the opposing party.  *Isom* involved a quitclaim deed assigning plaintiffs' right to receive proceeds from the sale of property to the defendant-assignee.  *Isom*, 2010 WL 143470, at *4.  Similarly, in *Russell*, the counter-plaintiff made road improvements for the benefit of counter-defendants in exchange for a road easement based on an easement conveyance agreement between the parties.  *Zeemering*, 2006 WL 2382511, at *5. |
| 12. | Minnesota | *Zinter v. Univ. of Minn.*, 799 N.W.2d 243, 247 (Minn. Ct. App. 2011) (holding a claim for unjust enrichment fails where a plaintiff receives the benefit for which she was entitled under an agreement), *review denied* (Aug. 16, 2011). | *Zinter* is inapposite because the court there rejected plaintiff's unjust enrichment claim on the basis that the defendant "did not retain a benefit without recompense" under its contract with the plaintiff.  *Zinter*, 799 N.W.2d at 247. |
| 13. | Mississippi | *Omnibank of Mantee v. United S. Bank*, 607 So. 2d 76, 92 (Miss. 1992) (noting that the Supreme Court of Mississippi historically cites the Restatement of Restitution with | *Omnibank of Mantee* is factually distinguishable.  It held that the mere failure of performance by one of the contracting parties, without fault of a third party, did not |

|  | State | Defendants' Exhibit L | Defendants' Authority Distinguished |
|---|---|---|---|
|  |  | approval). | give rise to a right of restitution against that third party, although the third party benefited from the contract. *Omnibank of Mantee,* 607 So. 2d at 92-93 (stating that the plaintiff must instead look to the party with whom it contracted for a remedy, "through subrogation or some such theory"). |
| 14. | Missouri | *Howard v. Turnbull*, 316 S.W.3d 431, 438 (Mo. Ct. App. 2010) (affirming that plaintiff cannot recover for unjust enrichment when he received "precisely what he bargained for"), transfer denied (Aug. 31, 2010). | *Howard* held that an agreement voluntarily entered into, with known risks and with the expectation of a profit, cannot be compensated for via a claim for unjust enrichment. *Howard*, 316 S.W.3d at 438-39 ("When a person enters into a potentially risky venture, it is simply not unjust for him to bear the adverse consequences of the risk, given that he surely would have accepted the beneficial consequences had they materialized"). |
| 15. | New Hampshire | *Clapp v. Goffstown Sch. Dist.*, 977 A.2d 1021, 1025 (N.H. 2009) (holding that a person who has conferred a benefit is not entitled to compensation, other than in accordance with the terms of such bargain, unless the transaction is rescinded). | *Clapp* merely stands for the well-established principle that recovery under a theory of unjust enrichment is ordinarily not allowed where there is a valid, express contract covering the subject matter at hand. *Clapp*, 977 A.2d 1021 at 1025 ("Because the parties defined the employment relationship by contract, and because those contracts were valid and enforceable, covering the same subject matter as Clapp's unjust enrichment claim, we hold that the trial court erred in allowing Clappp to recover damages under a theory of unjust enrichment"). |
| 16. | New Mexico | *Arena Res., Inc. v. Obo, Inc.*, 238 P.3d 357, 361 (N.M. Ct. App. 2010) (finding a person that has conferred a benefit is not entitled to compensation, other than in accordance with the terms of such bargain, unless the transaction is | *Arena* merely stands for the well-established principle that recovery under a theory of unjust enrichment is ordinarily not allowed where there is a valid, express contract covering the subject matter at hand. *Arena*, 238 P.3d at |

| | State | Defendants' Exhibit L | Defendants' Authority Distinguished |
|---|---|---|---|
| | | rescinded). | 361 (citing Restatement (First) of Restitution and explaining that the contract *between the plaintiff and the defendant* "was to be enforced as written in regard to contractual obligations of the parties unless the court determined that equity should override the express contract"). |
| 17. | New York | *One Step Up, Ltd. v. Webster Bus. Credit Corp.*, 925 N.Y.S.2d 61, 70 (N.Y. App. Div. 2011) (dismissing claim for unjust enrichment where "plaintiff received the benefit of its bargain"). | The court in *One Step Up* dismissed the plaintiff's unjust enrichment claim on the ground that it had an express contract with the defendant which governed the subject matter.  *One Step Up*, 925 N.Y.S.2d at 70 ("It [i.e., the plaintiff] merely received what it was entitled to under the express contract [with the defendant] at issue, while plaintiff received the benefit of its bargain"). |
| 18. | North Carolina | *Britt v. Britt*, 359 S.E.2d 467, 471 (N.C. 1987) (holding plaintiff cannot recover for unjust enrichment where she received the agreed to consideration for the benefit conferred). | Defendants misstate the holding in *Britt*.  The court remanded the case to the lower court for a new trial on the issue of unjust enrichment because jury determination as to the terms of the parties' express contract was necessary. *Britt*, 359 S.E.2d at 470-71 (stating that to the extent the parties' contract did not intend to have the farm's indebtedness be paid from the gross income from the farm, the plaintiff "would be entitled to compensation for these payments which unjustly enriched [the defendant]"). |
| 19. | North Dakota | *Jerry Harmon Motors, Inc. v. Heth*, 316 N.W.2d 324, 328 (N.D. 1982) ("[A] person is not entitled to compensation on the ground of unjust enrichment if he received from the other that which it was agreed between them that the other should give in return.") (citing 17 CJS Contract § 6, 570-574). | The court in *Jerry Harmon* affirmed that the doctrine of unjust enrichment serves as a basis for requiring restitution of benefits conferred in the absence of an express or implied in fact contract.  *Jerry Harmon Motors*, 316 N.W.2d at 329-30. |

|  | State | Defendants' Exhibit L | Defendants' Authority Distinguished |
|---|---|---|---|
|  |  |  |  |
| 20. | Oregon | *High v. Davis*, 584 P.2d 725, 736 (Or. 1978) (en banc) ("We . . . do not believe that the claimants will be unjustly enriched. They are receiving what they bargained and paid for."); *Winters v. County of Clatsop*, 150 P.3d 1104, 1108 (Or. Ct. App. 2007) ("[W]e agree with the [defendant] that plaintiff has not carried her burden . . . Under the circumstances, it is not unjust to deny restitution and to honor the terms of the bargain . . . that [plaintiff] accepted."). | Both cases cited by Defendants are factually distinguishable. *High* concerned memberships granting "the exclusive right to hunt, fish and use the property." *High*, 584 P.2d at 728. The court held that the defendant club members were not unjustly enriched because they paid their memberships in exchange for the grant of an easement on the property and the plaintiff mortgage lender had inquiry notice of the easement. *Id.* at 584 P.2d at 736. In *Winters,* the court held that absent evidence of misrepresentation, a quitclaim deed *establishes the parties' agreement* in a property transaction that the purchaser assumes the risk of defective title. *Winter,* 150 P.3d at 1107-08. |
| 21. | Rhode Island | *Rosetta v. Moretti*, No. 98-89, 2005 WL 1109638, at *8 (R.I. Super. May 4, 2005) (Ex. RR) (granting motion for judgment as matter of law in favor of defendant because plaintiffs failed to establish that allowing defendant to retain the negotiated purchase price would be inequitable). | Unlike *Rosetta*, where the court concluded that the defendants sold his shares at a fair value in a bargained for buyout, the Plaintiffs in the instant case paid supra-competitive prices for Defendants' products. |
| 22. | South Carolina | *Johnston v. Brown*, 348 S.E.2d 391, 395 (S.C. Ct. App. 1986) (holding plaintiff cannot recover under unjust enrichment where he received the agreed to consideration for the benefit conferred), rev'd, 357 S.E.2d 450 (S.C. 1987) (reversed because the record reasonably supported jury findings). | *Johnson* merely stands for the well-established principle that recovery under a theory of unjust enrichment is ordinarily not allowed where there is a valid, express contract covering the subject matter at hand. *Johnson*, 348 S.E.2d at 395 (holding that the dentist's payment under an express contract with the defendant precluded recovery in quantum meruit for value of services performed). |
| 23. | South Dakota | *Parker v. W. Dakota Insurors, Inc.*, 605 N.W.2d 181, 187 (S.D. 2000) (holding plaintiff cannot recover under unjust enrichment where plaintiff received consideration for the | Defendants misstate *Parker*'s holding. *Parker* involved an employer-employee agreement entitling the employee to post-employment renewal commissions from insurance |

|  | State | Defendants' Exhibit L | Defendants' Authority Distinguished |
|---|---|---|---|
|  |  | benefit conferred). | sales.  The court held that the employer's successor was not unjustly enriched because its purchase agreement with the employer specifically excluded assumption of any of employer's liabilities.  *Parker,* 605 N.W.2d at 187. |
| 24. | Utah | *Southern Title Guar. Co., Inc. v. Bethers*, 761 P.2d 951, 955 (Ut. Ct. App. 1988) (agreeing with lower court's decision that appellant failed to prove unjust enrichment when the appellant received what it bargained for by voluntarily sending its check to respondents and receiving the item which it sought); *Bray Lines Inc. v. Utah Carriers, Inc.*, 739 P.2d 1115, 1117 (Ut. Ct. App. 1987) (holding unjust enrichment does not occur when a party receives the benefit of its bargain). | Both cases cited by Defendants involved bargained transactions entered into at arm's length and are therefore distinguishable.  *Southern Title*, 761 P.2d at 955 (finding that the plaintiff was not entitled to a claim for unjust enrichment because it received what it bargained for when it paid money to the defendants to receive a reconveyance of a particular parcel of land); *Bray Lines*, 739 P.2d at 1117 (holding that personal guarantee on the promissory note by the purchaser's president was supported by adequate consideration and therefore the buyer was not unjustly enriched). |
| 25. | Vermont | *Ray Reilly's Tire Mart, Inc. v. F.P. Elnicki, Inc.*, 537 A.2d 994, 995 (Vt. 1987) (holding that where one receives consideration for a benefit there is no claim for unjust enrichment). | *Ray Reilly's Tire Mart* is factually distinguishable.  The court in that case held that it was not unjust for defendant to receive the new tires, where defendant had paid Foster Motors for the benefit of a properly equipped truck.  It explained that "the existence of an express contract between plaintiff and Foster Motors barred the court from implying a contract on the theory of unjust enrichment between plaintiff and the defendant.  *Ray Reilly's Tire Mart, Inc.*, 537 A.2d at 994-95. |