# EXHIBIT 11

# EXHIBIT 11

### INDIRECT-PURCHASER PLAINTIFFS' RESPONSE TO DEFENDANTS' EXHIBIT M REGARDING PURPORTED "DIRECT BENEFIT" REQUIREMENT ON UNJUST ENRICHMENT CLAIMS (MOT. SECTION V.D)

|  | State | Defendants' Authority | Defendants' Authority Distinguished and Contrary Authority |
|---|---|---|---|
| 1. | Florida | *In re Potash Antitrust Litig.*, 667 F.Supp. 2d 907, 949 (N.D. Ill. 2009) (granting motion to dismiss unjust enrichment claim because allegations of indirect purchases do not support a claim under Florida law); *Extraordinary Title Serv., LLC v. Fla. Power & Light Co.*, 1 So. 3d 400, 404 (Fla. Dist. Ct. App. 2009) (affirming trial court order dismissing unjust enrichment claim because plaintiff did not confer a direct benefit upon defendant); *Am. Safety Ins. Serv., Inc. v. Griggs*, 959 So. 2d 322, 331 (Fla. Dist. Ct. App. 2007) (reversing the trial court's verdict on an unjust enrichment claim due to plaintiffs' failure to show "they directly conferred a benefit on the defendants"). | *In re Processed Egg Products Antitrust Litig.*, No. 08-2002, 2012 WL 935669, *44-45 (E.D. Pa. Mar. 20, 2012) (addressing "valid Florida law that does not require direct interactions between the plaintiff and defendant in order for a benefit to have been conferred.") (citing *Variety Children's Hosp. v. Vigliotti,* 385 So.2d 1052, 1053–54 (Fla. Dist. Ct. App. 1980), *Hillman Const. Corp. v. Wainer,* 636 So.2d 576, 577–78 (Fla. Dist. Ct. App. 1994), *Merkle v. Health Options, Inc.*, 940 So.2d 1190, 1199 (Fla. Dist. Ct. App. 2006), and *Shands Teaching Hospital and Clinics, Inc. v. Beech Street Corp.*, 899 So.2d 1222 (Fla. Dist. Ct. App. 2005)); *see also Williams v. Wells Fargo Bank, N.A.*, No. 11-21233, 2011 WL 4368980, *9 (S.D. Fla. Sept. 19, 2011) ("[T]he mere fact that there has been no direct contact between a defendant and the plaintiff does not preclude a finding that the defendant received a direct benefit from that plaintiff."); *Romano v. Motorola, Inc.*, No. 07-60517, 2007 WL 4199781 (S.D. Fla. Nov. 26, 2007) ("Defendant erroneously equates direct *contact* with direct *benefit* in arguing that '[b]ecause plaintiff here did not purchase either his phone or his batteries from Motorola, plaintiff conferred no direct benefit on Motorola.' … While the phone is ultimately sold through a retailer, Motorola directly benefitted through profits earned from the sale of the phone.") (emphasis in original; citation to record omitted). |

|   | State | Defendants' Authority | Defendants' Authority Distinguished and Contrary Authority |
|---|---|---|---|
| 2. | Kansas | *In re Aftermarket Filters Antitrust Litig.*, No. 08 C 4883, 2010 WL 1416259, at *3 (N.D. Ill. Apr. 1, 2010) (Ex. Y) (granting motion to dismiss unjust enrichment claim brought under Kansas law because indirect purchaser plaintiffs could not allege that they conferred a direct benefit on defendants); *In re Potash Antitrust Litig.*, 667 F.Supp. 2d at 949 (granting motion to dismiss unjust enrichment claim because allegations of indirect purchases do not support such a claim under Kansas law); *Spires v. Hosp. Corp. of Am.*, 289 F. App'x 269, 273 (10th Cir. 2008) (affirming dismissal of Kansas unjust enrichment claims where plaintiffs did not confer a direct benefit on defendants). | *In re Processed Egg Products Antitrust Litig.*, No. 08-2002, 2012 WL 935669, *46 (E.D. Pa. Mar. 20, 2012) ("Kansas law does not mandate the conferral of a direct benefit under an unjust enrichment.") (citing *Peterson v. Midland Nat'l Bank,* 242 Kan. 266, 747 P.2d 159, 166–67 (1987), and *Sec. Ben. Life Ins. Corp. v. Fleming Cos.*, 21 Kan.App.2d 833, 908 P.2d 1315, 1323 (1995)); *see also, id.* at *46 (distinguishing *Spires v. Hospital Corp. of Am.*, 289 Fed. Appx. 269, 273 (10th Cir. 2008) as inapposite because "[t]hat case addressed the issue of 'unjust enrichment against parent corporations in the context of veil piercing.' *Id*. at 273 & n. 2."). |
| 3. | Maine | *In re Aftermarket Filters Antitrust Litig.*, 2010 WL 1416259, at *3 (granting motion to dismiss unjust enrichment claim brought under Maine law because indirect purchaser plaintiffs could not allege that they conferred a direct benefit on defendants) (Ex. Y); *Glenwood Farms, Inc. v. Ivey*, 228 F.R.D. 47, 52 (D. Me. 2005) (finding unjust enrichment under Maine law requires plaintiff to confer a direct benefit on defendant); *Rivers v. Amato*, No. CV-00-131, 2001 WL 1736498 (Me. Super. June 22, 2001) (Ex. QQ) (dismissing unjust enrichment claim where plaintiff did not allege he conferred a direct benefit on defendant). | The Supreme Judicial Court of Maine has not held that the benefit must flow directly from the plaintiff to the defendant. In general, "[t]o decide an unjust enrichment claim, a court must ascertain whether a benefit has been conferred, whether the party receiving the benefit has an appreciation or knowledge of it, and whether 'the acceptance or retention by the defendant of the benefit is under such circumstances as to make it inequitable for the defendant to retain the benefit without payment of its value." *Landry v. Landry*, 697 A.2d 843, 845 (Me. 1997). The trial court decision in *Rivers v. Amato*, CIV. A. 00-131, 2001 WL 1736498 (Me. Super. June 21, 2001), relied upon by Defendants, is inapposite because it involved an exclusive real estate listing agreement and has no bearing on whether an indirect purchaser can maintain unjust enrichment claims arising out of price-fixing. In upholding the dismissal, the Maine Supreme Court made no mention of a "direct" versus an "indirect" benefit. *Rivers v. Amato*, 827 A.2d 827 (Me. 2003). |

| | State | Defendants' Authority | Defendants' Authority Distinguished and Contrary Authority |
|---|---|---|---|
| 4. | Michigan | *In re Aftermarket Filters Antitrust Litig.*, 2010 WL 1416259, at *3 (granting motion to dismiss unjust enrichment claim brought under Michigan law because indirect purchaser plaintiffs could not allege that they conferred a direct benefit on defendants) (Ex. Y); *In re Potash Antitrust Litig.*, 667 F. Supp. 2d at 949 (granting motion to dismiss unjust enrichment claim because allegations of indirect purchases do not support a claim under Michigan law); *A & M Supply Co. v. Microsoft Corp.*, No. 274164, 2008 WL 540883 (Mich. Ct. App. Feb. 28, 2008) (Ex. N) (concluding unjust enrichment does not apply when plaintiff does not confer a direct benefit on defendant or have direct contact with defendant); *Munson v. Countrywide Home Loans, Inc.*, No. 08-13244, 2008 WL 5381866, at *9 (E.D. Mich. Dec. 17, 2008) (Ex. MM) (dismissing unjust enrichment claim because, under Michigan law, a defendant must have received a benefit directly from the plaintiff and plaintiffs did not and could not make such an allegation). | *In re TFT-LCD (Flat Panel) Antitrust Litig.*, 599 F. Supp. 2d 1179, 1189 (N.D. Cal. 2009) ("These three cases hold that a party can bring an unjust enrichment claim against a defendant even in the absence of privity or a contract between the parties.") (referring to *Kammer Asphalt Paving Co., Inc. v. East China Tp. Schools,* 443 Mich. 176, 504 N.W.2d 635, 640–41 (1993); *Morris Pumps v. Centerline Piping, Inc.*, 273 Mich. App. 187, 729 N.W.2d 898, 904–905 (2006); *In re Cardizem CD Antitrust Litig.*, 105 F. Supp. 2d 618, 670–71 (E.D. Mich. 2000)); *see also id.* ("While *A & M* provides some support for defendants' position, it is hardly the controlling authority defendants suggest."); *Sheet Metal Workers Local 441 Health & Welfare Plan v. GlazoSmithKline, PLC,* 737 F. Supp. 2d 380 438 (E.D. Pa. 2010) ("[O]ther courts have held that Michigan does not require direct contact between the parties in order to state a claim for unjust enrichment.") (following *Flat Panel* and authorities cited therein); *In re K-Dur Antitrust Litig.*, No. 01-1652, 2008 WL 2660783 (D.N.J. Mar. 19, 2008) (denying motion for summary judgment under Michigan law because "IP plaintiffs allege that they conferred a benefit on Defendants [pharmaceutical manufacturers] when they paid supracompetitive prices for K-Dur.") (citing cases including *Morris Pumps* and *Kammer*); *In re Cardizem CD Antitrust Litig.,* 105 F. Supp. 618, 668-71 (E.D. Mich. 2000) (upholding unjust enrichment claims under Michigan law (among others): "Contrary to Defendants' arguments, there is no additional requirement that a benefit flow solely from Plaintiffs to Defendants."). |

|   | State | Defendants' Authority | Defendants' Authority Distinguished and Contrary Authority |
|---|---|---|---|
| 5. | **North Carolina** | *In re Aftermarket Filters Antitrust Litig.*, 2010 WL 1416259, at *3 (Ex. Y) (granting motion to dismiss unjust enrichment claim brought under North Carolina law because indirect purchaser plaintiffs could not allege that they conferred a direct benefit on defendants); *Baker Const. Co., Inc. v. City of Burlington*, 683 S.E.2d 790 (N.C. Ct. App. 2009) (upholding dismissal of unjust enrichment claim because North Carolina courts have "limited the scope of a claim of unjust enrichment such that the benefit conferred must be conferred directly from plaintiff to defendant, not through a third party"). | *In re Processed Egg Products Antitrust Litig.*, No. 08-2002, 2012 WL 935669, *48 (E.D. Pa. Mar. 20, 2012) (citing *Embree Const. Group, Inc. v. Rafcor, Inc.*, 330 N.C. 487, 411 S.E.2d 916 (1992), *see also id.* at *49 ("North Carolina law embraces a broader definition of 'conferral of a benefit' beyond only the conferral of a *direct* benefit.") (emphasis in original) (citations omitted); *In re TFT-LCD (Flat Panel) Antitrust Litig.*, 599 F. Supp. 2d 1179, 1190 (N.D. Cal. 2009) (denying motion to dismiss the North Carolina unjust enrichment claims of indirect purchasers of televisions, laptops, computer monitors and other LCD products because "plaintiffs have alleged that they conferred a benefit on defendants [manufacturers, sellers and distributors of thin film transistor liquid crystal display panels and products] by paying higher prices for LCD products than they would have in the absence of the alleged price-fixing conspiracy."); *Metric Constructors, Inc. v. Bank of Tokyo–Mitsubishi, Ltd.,* 72 Fed. Appx. 916, 921 (4th Cir. 2003) ("Under North Carolina law, it is sufficient for a plaintiff to prove that it has conferred some benefit on the defendant, without regard to the directness of the transaction."); *Sheet Metal Workers Local 441 Health & Welfare Plan v. GlaxoSmithKline, PLC,* 737 F. Supp. 2d 380, 441-42 (E.D. Pa. 2010) (following *Flat Panel* and *Metric* to deny motion to dismiss North Carolina unjust enrichment claim); *Perkins v. HealthMarkets, Inc.,* No. 06-21053, 2007 WL 2570242, *9 (N.C. Super. July 30, 2007) ("[I]t is sufficient for a plaintiff to prove that it has conferred some benefit on the defendant, without regard to the directness of the transaction."); *In re Cardizem CD Antitrust Litig.,* 105 F. Supp. 618, 668-71 (E.D. Mich. 2000) (upholding unjust enrichment claims under North Carolina law (among others): "Contrary to Defendants' arguments, there is no additional requirement that a benefit flow solely from Plaintiffs to Defendants."). |

|    | State | Defendants' Authority | Defendants' Authority Distinguished and Contrary Authority |
|----|-------|----------------------|-----------------------------------------------------------|
| 6. | **North Dakota** | *Apache Corp. v. MDU Res. Group, Inc.*, 603 N.W.2d 891, 895 (N.D. 1999) (approving dismissal of unjust enrichment claims and explaining a defendant must have obtained "a benefit at the direct expense of the [plaintiff]"). | The Supreme Court of North Dakota has not addressed the question of whether indirect purchasers can maintain an unjust enrichment claim against price-fixing manufacturers.  In general, "[f]ive elements must be established to prove unjust enrichment: 1. An enrichment;  2. An impoverishment;  3. A connection between the enrichment and the impoverishment;  4. Absence of a justification for the enrichment and impoverishment; and  5. An absence of a remedy provided by law." *Schroeder v. Buchholz*, 622 N.W.2d 202, 207 (N.D. 2001).  Defendants' reliance on *Apache Corp. v. MDU Res. Group, Inc.*, 603 N.W.2d 891 (N.D. 1999) is misplaced because the court there held that there was nothing inequitable about the purported benefit retained.  *See id.* at 895 ("Where the impoverishment results from a valid contractual arrangement made by a party, the result is not contrary to equity.").  *Apache* uses the term "benefit at the direct expense of" only in language quoted from the decision *Midland Diesel Svc. & Engine Co. v. Sivertson,* 307 N.W.2d 555, 557 (N.D.1981), but *Sivertson* doesn't differentiate between direct and indirect benefits either.  *See Silvertson*, 307 N.W.2d at 558 ("Of course, a third party who derives gain from an agreement between others has not necessarily been unjustly enriched.  If, however, the third party has participated somehow in the transaction through which the benefit is obtained, that fact must be considered by the court.") (citation omitted). |

|    | **State** | **Defendants' Authority** | **Defendants' Authority Distinguished and Contrary Authority** |
|----|-----------|---------------------------|----------------------------------------------------------------|
| 7. | Utah | *In re Aftermarket Filters Antitrust Litig.*, 2010 WL 1416259, at *3 (Ex. Y) (granting motion to dismiss unjust enrichment claim brought under Utah law because indirect purchaser plaintiffs could not allege that they conferred a direct benefit on defendants); *Concrete Prods. Co. v. Salt Lake Cnty*, 734 P.2d 910, 911-12 (Utah 1987) (holding unjust enrichment does not apply where no direct benefit is conferred on the defendant). | *In re Processed Egg Products Antitrust Litig.*, No. 08-2002, 2012 WL 935669, *49-50 (E.D. Pa. Mar. 20, 2012) ("Utah law does not mandate that a plaintiff demonstrate that she directly conferred a benefit upon the defendant.") (citing, *inter alia*, *Emergency Physicians Integrated Care v. Salt Lake County,* 167 P.3d 1080, 1086 (Utah 2007)). |

3236874v1