# EXHIBIT 12

# EXHIBIT 12

## INDIRECT-PURCHASER PLAINTIFFS' RESPONSE TO DEFENDANTS' EXHIBIT K REGARDING THE ARGUMENT THAT AS BUSINESSES, THE AUTO DEALER PLAINTIFFS CAN BRING CONSUMER PROTECTION CLAIMS UNDER THE LAWS OF THREE STATES
### (SECTION IV.F)

|    | State | Defendants' Exhibit I | Defendants' Authority Distinguished |
|----|-------|----------------------|-------------------------------------|
| 1. | **Massachusetts** | Mass. Gen. Laws ch. 93A, §11 (stating that courts "shall . . . be guided in [their] interpretation of unfair methods of competition by those provisions of . . . the Massachusetts Antitrust Act"); *Ciardi v. F. Hoffmann La Roche, Ltd.*, 762 N.E.2d 303, 308 (Mass. 2002) (precluding indirect purchaser claim under the Massachusetts Antitrust Act). | Sections 9 [which permits indirect purchaser standing] and 11 are part of the same consumer protection law, and "[s]tatutes addressing the same subject matter clearly are to be construed harmoniously so as to . . . give rise to a consistent body of law." *Ciardi*, 436 Mass. at 62. It would be "absurd" and "unreasonable" to interpret sections 9 and 11 inconsistently with respect to indirect purchaser claims, *Ciardi*, 436 Mass. at 68 (Sosman, J., dissenting).<br><br>"Massachusetts does not bar indirect purchaser standing under its consumer protection act," *In re Flonase Antitrust Litig.*, 692 F. Supp. 2d 524, 545 (E.D. Pa. 2010) (where certain indirect purchaser plaintiffs were not individuals, but union health and welfare plans claiming damages for reimbursement of plan members who purchased Flonase at inflated prices);<br><br>*In re Digital Music Antitrust Litig.*, 812 F. Supp. 2d 390, 413 n.12 (S.D.N.Y. 2011) ("[B]oth direct and indirect purchasers may maintain a cause of action under the [Massachusetts] consumer protection act."); |
| 2. | **Montana** | Mont. Code § 30-14-133 (providing a private right of action only to consumers, defined in §30-14-102 as a person who purchases or leases goods primarily for personal, family or household uses). | Defendants base their argument on statutory language only. Courts interpreting virtually identical language in other states' statutes have determined that the focus is not on the character of any particular plaintiff, but rather |

| | State | Defendants' Exhibit I | Defendants' Authority Distinguished |
|---|---|---|---|
| | | | upon "the use to which the goods [will] be put." *Pa. Employee Benefit Trust Fund v. Zeneca, Inc.*, 710 F. Supp. 2d 458, 482 (D. Del. 2010); *see also Nelson v. Ho*, 564 N.W.2d 482, 486 (Mich. Ct. App. 1997) ("[C]ourts must examine the nature of the conduct complained of case by case . . . ."). Those who serve as "conduit[s] or intermediar[ies]," obtaining goods so as to "pass them along" to the ultimate consumer have claims under almost identically worded statutes. *Slobin v. Henry Ford Health Care*, 666 N.W.2d 632, 635 (Mich. 2003); *see also In re: Bextra & Celebrex Mktg. Sales Practices & Prod. Liab. Litig.*, 495 F. Supp. 2d 1027, 1033-34 (N.D. Cal. 2007) (allowing insurance intermediaries to bring consumer protection claims stemming from purchases of prescription medications passed along to individuals, and observing that analogous Consumer Protection Act "does not require the plaintiff to be the consumer who purchased the goods primarily for personal purposes")<br><br>Mont. Code Ann. § 30-14-102 (1) (2011) (confirming that ability to sue resides in those victimized during transactions for merchandise *primarily* meant for "personal, family, or household purposes"); |
| 3. | **Missouri** | Mo. Rev. Stat. § 407.025 (establishing a private civil cause of action only for persons who purchase or lease merchandise primarily for personal, family or household purposes). | Defendants base their argument on statutory language only. Courts interpreting virtually identical language in other states' statutes have determined that the focus is not on the character of any particular plaintiff, but rather upon "the use to which the goods [will] be put."*Pa. Employee Benefit Trust Fund v. Zeneca, Inc.*, 710 F. Supp. 2d 458, 482 (D. Del. 2010); *see also Nelson v. Ho*, 564 N.W.2d 482, 486 (Mich. Ct. App. 1997) ("[C]ourts must examine the nature of the |

| State | Defendants' Exhibit I | Defendants' Authority Distinguished |
|---|---|---|
| | | conduct complained of case by case . . . ."). Those who serve as "conduit[s] or intermediar[ies]," obtaining goods so as to "pass them along" to the ultimate consumer have claims under almost identically worded statutes. *Slobin v. Henry Ford Health Care*, 666 N.W.2d 632, 635 (Mich. 2003); *see also In re: Bextra & Celebrex Mktg. Sales Practices & Prod. Liab. Litig.*, 495 F. Supp. 2d 1027, 1033-34 (N.D. Cal. 2007) (allowing insurance intermediaries to bring consumer protection claims stemming from purchases of prescription medications passed along to individuals, and observing that analogous Consumer Protection Act "does not require the plaintiff to be the consumer who purchased the goods primarily for personal purposes").<br><br>Mo. Rev. Stat. § 407.025(1) (2011) (confirming that ability to sue resides in those victimized during transactions for merchandise *primarily* meant for "personal, family, or household purposes") |