**B.**     **Plaintiffs May Bring Claims Under the Laws of Various States Where No Named Plaintiff Resides[5]**

          **1.**     **None of the States Cited by Defendants Require In-State Residency**

As noted in several opinions, neither North Dakota's nor Vermont's antitrust statute require in-state residency to bring a claim. *See, e.g., Eggs,* 851 F.Supp.2d at 885-891; *In re Magnesium Oxide Antitrust Litig.*, 2011 WL 5008090, *FN 10 (D. N.J. 2011). The Hawaii, Maine and D.C. antitrust statutes do not require in-state residency either. The Hawaii antitrust Statute states: "any person who is injured in the person's business or property by reason of

---

[5] The Auto Dealers assert claims under the laws of Hawaii, Maine, Montana, North Dakota, South Carolina, and Vermont. The End-Payors assert claims under District of Columbia law.

anything forbidden or declared unlawful by this chapter . . . [m]ay sue for damages sustained by the person . . . and [m]ay bring proceedings to enjoin the unlawful practices." Haw. Rev. Stat. § 480-13(a)(1), (2).[6]  Similarly, the Maine Antitrust Statute states: "[a]ny person, including the State or any political subdivision of the State, injured directly or indirectly in its business or property by any other person or corporation by reason of anything forbidden or declared to be unlawful by section 1101, 1102 or 1102-A, may sue for the injury in a civil action." ME. Rev. Stat. tit. 10, § 1104(1).  The District of Columbia statute states: "[a]ny person who is injured in that person's business or property by reason of anything forbidden by this chapter may bring a civil action for damages, for appropriate injunctive or other equitable relief, or for both."  D.C. Code § 28-4503.

As with the *Eggs* court's analysis regarding South Dakota's antitrust statute, none of the language in the above statutes requires state residency to bring an antitrust claim.  *Eggs*, 851 F.Supp.2d at 889-895; *see also, In re Chocolate Confectionary Antitrust Litig.,* 602 F.Supp.2d 538, 581 (M.D. Pa. 2009) ("*Chocolate*"); *In re Intel Corp. Microprocessor Antitrust Litig.,* 496 F.Supp.2d 404, 412  (D. Del. 2007) ("*Intel*").  This court should follow the *Eggs* court decision in finding that it is unnecessary to have a named-Plaintiff hailing from Hawaii, Maine or D.C. in order to state a claim under these antitrust statutes.

---

[6] An AD Plaintiff – Rainbow Chevrolet, Inc. – resides in Hawaii and was included in a separate complaint filed under seal, per Hawaii Rev. Stat. §480-13.3.  *Rainbow Chevrolet, Inc. d/b/a Cutter Chevrolet, Inc. v. Denso International et al.*, 2:12cv12526 (E.D. Mich).  That action was kept under seal until the Hawaii Attorney General declined to prosecute the action himself or to file his own action.  The complaint has now been unsealed and Rainbow Chevrolet has been given permission to proceed with its case, as demonstrated in the letter from the Deputy Attorney General of Hawaii, attached as Exhibit 2.  Auto Dealer Counsel has advised the court that the *Rainbow* case merits consolidation with this action.  Given that consolidation of the *Rainbow* action will render Defendants' argument moot, AD Plaintiffs submit that the Hawaii claim should not be dismissed at this juncture.

The Montana Consumer Protection Statute states that "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are unlawful." M.C.A. 30-14-103. "Trade or commerce . . . includes any trade or commerce directly or indirectly affecting the people of this state." *Id.* § 30-14-102. While the statute requires the anticompetitive conduct affect Montanans, it does not require state residency to bring the claim. The AD Plaintiffs have alleged that Defendants' anticompetitive conduct affected the people of Montana, AD CCC, ¶259. The same is true for the South Carolina Unfair Trade Practices Act claims. *See* S.C. ST. §§ 39-5-10(b); 39-5-20; AD CCC, ¶259.

None of these state statutes requires in-state residency for purposes of stating a claim.[7] *Compare*, Utah Code § 76-10-919(1) (explicitly conferring standing only on "[a] person *who is a citizen of this state* or a resident of this state and who is injured or is threatened with injury. . . .") (emphasis added). As the court held in *Eggs*, in the "absence of definitive legal authority as to whether *vel non* an extraterritorial injury that might be traced to an antitrust violation is cognizable" under the state statutes, motions to dismiss based on Article III standing should be rejected. *Eggs*, 851 F.Supp.2d at 891.

### 2. Class Certification is "Logically Antecedent" to Questions of Article III Standing under State Laws

Article III standing under the various state statutes should not be resolved at the pleadings stage because class certification is "logically antecedent" to issues of Article III standing under state law. *See, e.g., Hovering v. Transnation Title Ins. Co.,* 545 F.Supp.2d 662, 667 (E.D. Mich. 2008); *Payton v. Cnty. of Kane*, 308 F.3d 673, 680 (7th Cir. 2002); *Chocolate,* 602 F.Supp.2d at

---

[7] AD and EP Plaintiffs have sufficiently demonstrated that Defendants' conspiracy occurred in those states or the effects of the conspiracy were felt in those states. AD CCC ¶¶17, 19, 20, 21, 138, 139, 232, 233, 248, 259, 261-292, 293, 294, 298; EP CAC ¶238(a)-(b).