IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: READY-MIXED CONCRETE ANTITRUST LITIGATION, ) ) ) | Master Docket No. 1:05-cv-00979-SEB-VSS |
| ) | |
| THIS DOCUMENT RELATES TO: ) ALL ACTIONS ) | |

## ORDER LIFTING STAY OF DISCOVERY AND PROVIDING FOR PRESERVATION OF DOCUMENTS HELD OR RETURNED BY DEPARTMENT OF JUSTICE

The Court having conducted a status conference in this matter on November 30, 2006, with counsel for the parties and counsel for the Department of Justice ("DOJ") to address, among other things: (i) lifting of the discovery limitations in the Court's November 28, 2005 Order ("Discovery Order"), which had been entered at the request of the DOJ; and (ii) the status of the Plaintiffs' Motion for Order Directing Parties and Department of Justice to Preserve Evidence ("Preservation Motion"), and counsel for the DOJ having confirmed that the DOJ has no objection to lifting the limitations in the Discovery Order, and the Court having considered the Preservation Motion and the representations and commitments of counsel for the parties related to the Preservation Motion, the Court now ORDERS as follows:

I.  **Lifting of Discovery Stay:**

The limitations upon the scope of discovery set forth in the Court's November 28, 2005 Discovery Order are hereby VACATED.

II.  **Preservation Motion:**

The Court initially addressed the Preservation Motion in its October 13, 2006 Entry Regarding Motion to Preserve Evidence, in which the Court memorialized the Defendants'

1

Attachment B

commitment to preserve evidence and memorialized the DOJ's commitment to preserve evidence pending the completion of the Beaver criminal trial. The Court having now conducted a second conference on November 30, 2006, following the guilty verdict entered on November 16, 2006, following the Beaver criminal trial, now finds and orders as follows:

The Court finds that the DOJ continues to represent that no evidence in its possession will be destroyed. According to the DOJ, documents and other items in its custody that were obtained from any other person or non-governmental entity will be returned to the party from which they were obtained, once they are no longer needed. Documents and items created by the DOJ and other U.S. Government agencies will be retained by the United States indefinitely, and once they are no longer needed by the DOJ will be forwarded to the National Archives for permanent storage. Acting in reliance on these representations, the Court orders:

1. Any documents and other items returned by the DOJ to any party named in this consolidated action shall be conveyed by the DOJ to counsel who have appeared in this litigation on behalf of the party.

2. Counsel shall retain any documents and other items returned by the DOJ either at counsel's offices or at a secure off-site storage facility other than a facility owned or controlled by any party to this litigation or any subsidiary or affiliate thereof, access to which shall be limited in accordance with this Order. No person other than the attorneys, employees, retained experts or contractors of the law firm representing the party may review, inspect or handle any documents and other items returned by the DOJ hereunder in any manner unless the person is supervised by a lawyer or employee with the law firm responsible for maintaining the documents and other items as provided in this Order. Subject to paragraph 4

Attachment B

    hereof, nothing in this Order shall relieve any party from any duty to permit inspection and copying of documents and other items returned by the DOJ hereunder pursuant to another party's discovery requests or subpoena. The requirements of this paragraph 2 do not apply to copies of another party's documents or items produced in discovery in this action.

3. This Order shall not nullify or otherwise diminish the scope of any prior agreement of the parties to preserve evidence or the duty of any party or its counsel to preserve evidence and potential evidence during the course of this litigation. This Order shall not modify or affect in any way the agreed Protective Order entered March 2, 2006.

4. This Order is not intended to address the substance or merits of any party's objections to discovery or to any subpoena. Accordingly, nothing in this Order shall be deemed to sustain, deny or otherwise affect in any way any party's objections to discovery or to any subpoena.

5. This Order shall remain in effect until thirty (30) days after the final termination of this action, unless otherwise directed by the Court.

Date: 12/19/2006

*V. Sue Shields*
V. Sue Shields, Magistrate Judge

1869336-v3-

Attachment B