THOMAS O. BARNETT
Assistant Attorney General
U.S. Department of Justice, Antitrust Division
BRENT SNYDER (WSBA 26986)
Trial Attorney - Antitrust Division
U.S. Department of Justice, Antitrust Division
450 Fifth Street, N.W.
Suite 11300
Washington, D.C. 20530
telephone: (202) 616-3186
facsimile: (202) 514-6525
e-mail: brent.snyder@usdoj.gov

Attorneys for the
United States of America

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| LAURA ALBEE, JOON CHUNG, JASON LEE aka SANG JIN LEE, TIMOTHY MURPHY, SUNGSHIC PARK, YOON PARK, HOWARD REE, LEON SONG, and EDWARD YOO, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> vs. <br><br> KOREAN AIR LINES CO., LTD., ASIANA AIRLINES, INC.; <br><br> Defendants. | MDL No. 1891 <br><br> Master File No. CV 07-05107 SJO (AGRx) <br><br> **ORDER GRANTING MOTION OF UNITED STATES TO INTERVENE AND STAY DISCOVERY** <br><br> Date: October 24, 2008 <br> Time: 8:00 a.m. <br> Court: Hon. S. James Otero <br><br> [FILED CONCURRENTLY WITH MEMO OF P'S & A'S IN SUPPORT OF UNITED STATES MOTION TO INTERVENE AND STAY DISCOVERY; APPLICATION TO LODGE DOCUMENT UNDER SEAL; [PROPOSED] ORDER ON APPLICATION] <br><br> [LODGED CONCURRENT TO FILING UNDER SEAL: DECLARATION OF BRENT SNYDER] |

Attachment E

## ORDER GRANTING MOTION TO INTERVENE AND STAY DISCOVERY

On this date, the Court considered the MOTION OF UNITED STATES TO INTERVENE AND STAY DISCOVERY. The Court finds that the United States meets the requirements for permissive intervention under Fed. R. Civ. P. 24(b) and that a limited stay of discovery for a period of six months is warranted because the public's interest in an ongoing related criminal grand jury investigation outweighs the interests of the parties in conducting full discovery in this civil matter at this time. It is therefore ordered that the Motion be GRANTED. Upon entry of this Order of the Court, and for a period of six months or until further order of this Court, discovery that seeks evidence of an alleged conspiracy in violation of the Sherman Act involving air passenger transportation shall be limited as follows:

1. No discovery shall be conducted in this case, including without limitation, document requests, interrogatories, requests to admit, or depositions that refer, reflect or relate to any understandings, agreements, contacts, meetings, or communications, between or among defendants and/or air passenger carriers, relating to the sale, pricing, fares, volume, market share, customers, terms and conditions, distribution, or classes of air passenger tickets.

2. No discovery shall be conducted in this case relating to grand jury proceedings concerning air passenger and air cargo transportation, including without limitation, document requests, interrogatories, requests to admit, or depositions that refer, reflect or relate to any party's or witness' communications with the United States, or with the grand jury (including, but not limited to, the fact or existence of such communications), except by order of the Court upon good cause shown and consistent with governing law.

3. To the extent consistent with the first two paragraphs of this Order, discovery that concerns the following is not prohibited:

a. Third party discovery;

b. The sale of air passenger tickets by defendants (or their subsidiaries, joint ventures, affiliates or agents) to passengers, ticket purchasers not limited to passengers, travel agents, wholesalers, consolidators, and other customers;

c. The purchase or sale of air passenger tickets by or to passengers, travel agents, wholesalers, consolidators, other customers, or agents;

d. Defendants' sales, capacity, capacity utilization, costs, sales volumes, profitability, competitive position, market share, ticket classes, sales terms and conditions, contracts with ticket purchasers or travel agents, fares, and prices;

e. The identity of defendants' persons in positions of management or control of ticketing and pricing, including any directors, officers, managing agents and employees, and the identity of purchasers of tickets, travel agents, or distributors of tickets. Discovery may not seek narrative answers, but may ask for the names, positions, dates of employment, tenure, addresses, and a description of job duties for each during the class period;

f. The storage, location, retention, destruction or identity of corporate records, including individual officer and employee records; and

g. To the extent that any defendant denies in its response to the Second Amended Consolidated Class Action Complaint that the Court lacks personal jurisdiction over that defendant, plaintiffs shall be allowed to take discovery relating to the issue of

    personal jurisdiction over that Defendant.

4. This Order does not prohibit class certification discovery, except as prohibited by the other terms within this Order.

5. This Order does not prohibit the service of interrogatories, requests for admissions, requests for production of documents and deposition notices, except to the extent that such discovery requires the production of discovery which is stayed hereunder.

6. All formal discovery requests shall be served on the U.S. Department of Justice, Antitrust Division ("DOJ"), at least three weeks before the discovery is due to be produced. The DOJ and any party may object to discovery on the basis that the requested discovery seeks information or documents prohibited under this Order.

7. Nothing in this Order is intended to foreclose any objection to discovery that is otherwise permitted by this Order; all such objections are preserved. Any party or the DOJ can request a modification of the discovery permitted hereunder upon a showing of good cause.

8. The United States shall report on the status of the grand jury investigation 120 days after entry of this order. Six months after entry of this Order, the Court shall conduct a Discovery Status Conference whereby the United States will provide a progress report to the Court and may seek further extension of the limited discovery stay for good cause shown.

IT IS SO ORDERED.

DATED: 10/24/08

/S/ S. James Otero
The Honorable S. James Otero
United States District Court Judge

[Proposed] Order Granting
Motion to Intervene and Stay Discovery
CV-07-05107-SJO
MDL 1891

4

Attachment E

RESPECTFULLY PRESENTED BY:

THOMAS O. BARNETT
Assistant Attorney General
U.S. Department of Justice
Antitrust Division


BY: _____
　　　BRENT SNYDER
　　　Trial Attorney

Attorneys for the United States of America