UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
    :
IN RE MUNICIPAL DERIVATIVES
ANTITRUST LITIGATION                        : MEMORANDUM DECISION
                                              MDL No. 1950
                                            : Lead case: 08 Civ. 2516 (VM) (GWG)
-----------------------------------------------------------x
THIS DOCUMENT RELATES TO: ALL ACTIONS

**GABRIEL W. GORENSTEIN, UNITED STATES MAGISTRATE JUDGE**

   The Government has made an application to extend the stay of discovery in this matter. Having considered the briefing and having applied the factors relevant to this determination, see, e.g., Sterling Nat'l Bank v. A-1 Hotels Int'l, Inc., 175 F. Supp. 2d 573, 575-77 (S.D.N.Y. 2001), the Government's application is granted in part and denied in part as set forth in a separate Order being issued today.

   The Court notes that the Order addresses only the Government's application for a stay — not any issues relating to proper case management independent of the stay request. There may be good reasons for the parties to delay depositions in this matter. But these reasons are independent of the Government's interests and were not raised as part of the briefing on the instant application.[1] Accordingly, while this Order does not address the appropriate commencement date for depositions, the Court assumes the parties will have a reasoned discussion on this issue in the event of a disagreement as to a proposed deposition schedule. Any disagreements on the timing of depositions may be brought to the Court's attention in accordance with its Individual Practices.

   Next, the Court recognizes that it has placed limitations on interrogatories or document requests that were not explicitly stated in the May 27, 2010 stay Order to the extent the current Order forbids discovery regarding federal criminal or grand jury investigations. It has done so because of the Court's weighing of the Government's interest in not permitting the unnecessary disclosure of such matters against the limited relevance of such information to the issues in this case. The Court had not assumed that the May 27 Order permitted this sort of discovery anyway. The case law cited by plaintiffs supports at most only the proposition that a Court will not disallow a request to obtain documents merely on the ground that the documents were put before a grand jury. The Order makes clear that such an objection would not be countenanced.

   With respect to the issue of questioning a witness on his cooperation with the federal Government, the Court does not see how such questioning can occur at this time consistent with the Government's legitimate interests. The Court believes such information can be obtained via

---

[1] The Court's scepticism at the hearing regarding plaintiffs' need to begin depositions now related to the question of whether it was necessary to begin conspiracy-related depositions immediately, not any possible deposition.

interrogatory rather than deposition, however, once the stay is no longer in effect and paragraph 11 has been inserted to address this issue.[2]

The Court has ruled on the remaining disputes through its inclusion or exclusion of language as reflected in the Order.

Finally, the Court expects that at some point in the future, the balance of factors justifying a stay – in particular, the Government's interest in protecting its investigation and the plaintiffs' need to begin conducting "conspiracy-based" discovery – will have shifted to a sufficient degree that it will be appropriate for plaintiffs to seek to lift the stay in whole or in part. It is doubtful, however, that such an application would be successful if it were made before plaintiffs had fully pursued the discovery available under the terms of the Order.

SO ORDERED.

Dated: March 22, 2011
New York, New York

*[signature]*

GABRIEL W. GORENSTEIN
United States Magistrate Judge

---

[2] The Court recognizes that this issue was not briefed or discussed prior to or at the hearing. Accordingly, a party dissatisfied with this ruling has leave to raise it again with the Court in accordance with its Individual Practices.

Attachment F

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
IN RE MUNICIPAL DERIVATIVES                                 :
ANTITRUST LITIGATION                                        : ORDER
                                                              MDL No. 1950
                                                            : Lead case: 08 Civ. 2516 (VM) (GWG)
------------------------------------------------------------X
THIS DOCUMENT RELATES TO: ALL ACTIONS

### GABRIEL W. GORENSTEIN, UNITED STATES MAGISTRATE JUDGE

The stay reflected in the May 27, 2010 Order remains in effect, with the following modifications:

1. Plaintiffs and defendants in any of the Consolidated Cases may seek to depose on any topic related to this case any of the approximately 100 individuals who are identified on the Department of Justice, Antitrust Division's ("the Division") List of Permitted Deponents. The Division shall provide the list to counsel for Plaintiffs and Defendants within two days of the entry of this Order. The list shall not be disclosed to anyone other than internal and external counsel for the parties.

2. Within one week of the entry of this Order, Plaintiffs who have named Defendants different from those named by Class Plaintiffs may provide to the Division a list of additional proposed deponents. Any Defendant may also provide to the Division a list of proposed deponents derived from Plaintiffs' initial disclosures. The Division will add to its List of Permitted Deponents any individual whose deposition the Division does not oppose, and its decision shall be made based on the same criteria the Division used to produce the original List of Permitted Deponents.

3. Plaintiffs and Defendants in any of the Consolidated Cases may seek to take Rule 30(b)(6) or individual depositions on "non-conspiracy" issues such as record-keeping, industry organization, authentication of documents or things, the extent of commerce in the municipal derivatives industry, the manner in which bidding on municipal derivatives contracts generally is conducted, the profitability of municipal derivatives, how profits are calculated, databases, and the identity of individuals who were involved in the industry. A party shall not object to a subsequent 30(b)(6) deposition on the ground that a 30(b)(6) deposition was already taken on a "non-conspiracy" topic.

4. No individual deposed as an individual pursuant to Paragraph 1 though 3 above may be deposed again on any other issue related to the Consolidated Cases except where extraordinary circumstances arise not foreseeable at the time the deposition was taken.

Attachment F

5. The recipient of a discovery request may still object to the request, if permitted under the Federal Rules of Civil Procedure or any other applicable rules, even if the request falls within one of the categories identified in Paragraphs 1 through 3 above.

6. Plaintiffs and Defendants in any of the Consolidated Cases shall provide the Division with any Notice of Deposition they issue at the same time the notice is served on the relevant individual.

7. Audio Recordings, as defined in the Protective Order dated September 14, 2010, obtained from another party, may be disclosed to a deponent (and deponent's counsel not otherwise entitled to such disclosure) during a deposition by the deposing party if and to the extent the deposing party reasonably believes that the Audio Recordings include conversations in which the deponent was involved or pertain to matters involving the deponent or as to which the deponent has knowledge. Audio Recordings obtained from another party may similarly be disclosed to any deponent (and to deponent's counsel not otherwise entitled to such disclosure) prior to a scheduled deposition to the extent counsel believes it is necessary to do so to prepare the witness for deposition.

8. Except as set forth in Paragraph 7 above, Audio Recordings shall continue to be subject to the Protective Order dated September 14, 2010 (which shall remain in effect until further order of the Court), and Audio Recordings designated as "Confidential" by a party shall continue to be subject to the Protective Order Governing Confidential Information dated November 5, 2008 (as amended). Any person to whom an Audio Recording is disclosed pursuant to Paragraph 7 above shall execute an agreement to be bound by these existing Protective Orders, to the extent applicable.

9. Plaintiffs and Defendants in any of the Consolidated Cases may propound interrogatories pursuant to Fed. R. Civ. P. 33. The interrogatories will be served on the opposing party and the Division simultaneously, each of which has 30 days to object and/or respond (or with respect to the responding party such other time as permitted by the applicable Rules or per agreement). If the Division objects to any interrogatory, it will inform the propounding party. Within seven (7) business days of that notification, the parties will meet and confer to try to resolve any such objections within a reasonable amount of time. If, after the parties have tried to resolve such objections, the propounding party is not willing to withdraw an interrogatory to which the Division objects, that party may raise the dispute in a letter to the Court. Regardless of any negotiations between the Division and the propounding party, the responding party retains all of its rights under the Federal Rules of Civil Procedure to object to any interrogatory. The responding party is not required to respond to any disputed interrogatory until the resolution of any objection made by the Division.

10. No party shall seek discovery regarding any federal criminal investigation or federal grand jury proceeding involving the municipal derivatives industry, including but not limited to discovery regarding what information or documents the deponent may have provided to the federal Government or any federal grand jury. This Paragraph shall not be interpreted to

Attachment F

preclude discovery concerning documents merely on the ground that the documents were previously provided to the federal Government or to a federal grand jury.

11. During the period in which the restriction in paragraph 10 remains in effect, any party conducting questioning may, at the conclusion of any relevant deposition, note on the record any instance in which the party would have sought to ask questions on the topic of whether the witness discussed, or is discussing, or has reached an agreement with or engaged in other cooperation with the federal Government. At the conclusion of the stay, the Court will afford any such party the opportunity to obtain this information either through sworn interrogatory answers from the deponent, or, in the case of a non-party who does not consent to respond to interrogatories, an additional deposition limited to this topic.

12. The foregoing provisions apply to both party and non-party discovery.

SO ORDERED.

Dated: March 22, 2011
New York, New York

_____
GABRIEL W. GORENSTEIN
United States Magistrate Judge

3

Attachment F