**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

IN RE: AUTOMOTIVE PARTS                   Master File No. 12-md-02311
ANTITRUST LITIGATION                        Hon.  Marianne O. Battani
_____          Mag. Judge Majzoub

THIS DOCUMENT RELATES TO
ALL ACTIONS

_____

## MOTION AND BRIEF OF THE UNITED STATES FOR AN ORDER TO SEAL AND FILE *EX PARTE* DECLARATION OF MARK GRUNDVIG

The United States, by and through the undersigned attorneys of the United States Department of Justice, Antitrust Division, moves pursuant to Rules 6(e) and 16(d)(1) of the Federal Rules of Criminal Procedure for an Order to seal and file *ex parte* the Declaration of Mark Grundvig (Attachment H), submitted in support of the Motion and Brief of the United States to Intervene and for a Temporary and Limited Stay of Certain Discovery in the above-captioned case.

Federal Rule of Criminal Procedure 6(e) prohibits the disclosure of "a matter occurring before the grand jury."   Federal courts have concluded that the phrase

matters occurring before the grand jury" is more expansive than just information drawn from transcripts of grand jury proceedings. *See In re Grand Jury Investigation, Lance v. U.S. Dep't of Justice*, 610 F.2d 202, 216 (5th Cir. 1980). Rule 6(e) protects information about events that have occurred before the Grand Jury or events that will occur based upon ongoing criminal investigations that may be presented to a grand jury at a later date, including the identity of persons who might be called to testify. *See U.S. v. Emilor*, 2008 U.S. Dist. LEXIS 40870, at *8-11 (E.D. Tex. May 21, 2008) (overruling objections to Magistrate's decision permitting government to file *ex parte in camera* affidavit). The scope of secrecy afforded to grand jury materials is necessarily broad. *Church of Scientology Int'l v. U.S. Dep't of Justice,* 30 F.3d 224, 235 (1st Cir. 1994).

The government routinely apprises federal courts of the status of its ongoing investigations through *ex parte,* sealed declarations. *See U.S. v. John Doe,* 429 F.3d 450, 452 (3rd Cir. 2005) (government provided sealed affidavit of Department of Justice trial attorney setting forth details of four year grand jury investigation). This is particularly true where the disclosure of sensitive and confidential information would interfere with ongoing criminal investigations. *See In re: Sealed Case,* 856

F.2d 268, 270-71 (D.C. Cir. 1988) (Department of Justice permitted to file affidavit *ex parte* and under seal in support of its motion to intervene).

It is well-established that a district court may read *in camera* submissions from the government where an interest in grand jury secrecy is at issue. *SEC v. Downe*, 1993 U.S. Dist LEXIS 753, at *40-41 (S.D.N.Y. 1993) (permitting sealed, *ex parte* filing of affidavit in support of motion to intervene and stay discovery); *see also In re Doe,* 711 F.2d 1187, 1194 (2d Cir. 1983) (noting federal court approval of *in camera* submissions by government in situations where "an ongoing interest in grand jury secrecy is at stake"). Similarly, Federal Rule of Criminal Procedure 16(d)(1) states: "At any time the court may, for good cause, deny, restrict or defer discovery or inspection, or grant other appropriate relief. The court may permit a party to show good cause by written statement that the court will inspect ex parte." *See United States v. Jordan*, 316 F.3d 1215, 1252 (11th Cir. 2003).

The Declaration of Mark Grundvig contains detailed information regarding the Division's investigation and the grand jury investigation into the auto parts industry. The Division is providing this information to the Court to assist it in determining the extent of any stay of discovery that should be implemented in the parallel civil

3

proceedings to the Division's criminal investigation.  The information is highly

sensitive to the ongoing criminal investigation.  Disclosure of this information would

not only violate Fed. R. Crim. P. (6)(e), but would disclose the workings of the grand

jury.  Pursuant to the Federal Criminal Rules, this information cannot be shared with

the Plaintiff in this matter, the Defendants, their counsel, or the public.

The Declaration should therefore be permitted to be filed *ex parte* and kept

under seal to prevent disclosure of "matters occurring before the grand jury"

pursuant to Rule 6(e)(6) of the Federal Rules of Criminal Procedure.

Local Counsel:

BARBARA L. McQUADE
United States Attorney


s/Peter A. Caplan                          w/consent of Paul T. Gallagher
PETER A. CAPLAN                    Trial Attorney
Assistant U.S. Attorney               National Criminal Enforcement Section
211 W. Fort Street, Ste. 2001      Antitrust Division
Detroit, MI 48226                        United States Department of Justice
(313) 226-9784                            450 5th Street, N.W., Suite 11300
P30643                                        Washington, DC  20530
Email:  peter.caplan@usdoj.gov  (202) 532-4570
                                                   paul.gallagher2@usdoj.gov


Date: July 8, 2013

4

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

IN RE: AUTOMOTIVE PARTS                      Master File No. 12-md-02311

ANTITRUST LITIGATION                         Hon.  Marianne O. Battani
_____             Mag. Judge Majzoub

THIS DOCUMENT RELATES TO
ALL ACTIONS

## CERTIFICATE OF SERVICE

I hereby certify that on July 8, 2013, I caused the foregoing Motion and Brief

of the United States for an Order to Seal and File *Ex Parte* Declaration of Mark

Grundvig to be served upon all parties of record by filing said document via ECF.


s/Peter A. Caplan
PETER A. CAPLAN
Assistant U.S. Attorney
211 W. Fort Street, Ste. 2001
Detroit, MI 48226
(313)226-9784
P30643
Email:  peter.caplan@usdoj.gov

5