# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

|  |  |
|---|---|
| IN RE: AUTOMOTIVE PARTS ANTITRUST LITIGATION | Master File No. 12-md-02311 Honorable Marianne O. Battani |
| THIS RELATES TO:  ALL ACTIONS |  |

## DEFENDANTS' JOINT MEMORANDUM REGARDING THE MOTION TO STAY BY THE UNITED STATES OF AMERICA

Defendants, by their undersigned counsel, submit this joint memorandum regarding the Motion to Stay by the United States of America [ECF No. 556] (the "Motion to Stay"), pursuant to the Court's Orders of July 24, 2013 [ECF No. 565], August 23, 2013 [ECF No. 586], and September 3, 16 and 30, 2013 [ECF Nos. 588, 592 and 600].

## I.    INTRODUCTION

In its Motion to Stay, the United States Department of Justice ("DOJ") requests a temporary and limited stay of certain discovery that "goes to the merits" of the cases consolidated before this Court, and to "permanently prohibit discovery of any type, in any of the civil cases, that seeks to obtain information about the [DOJ]'s investigation or any grand jury investigation." Mot. to Stay at 9-10.  Plaintiffs did not object to the DOJ's request, *see id.* at 2, except with respect to the proposed length of the stay on merits discovery, which they sought to revisit after six months, rather than the year that the DOJ proposed. *See* Transcript of July 10, 2013 Status Conference ("Stat. Conf. Tr.") at 25-32 [Ex. A].  Following the Status Conference, the Court ordered all parties to "work out" a possible resolution to Plaintiffs' objection to the

length of the proposed stay.  *Id.* at 28-32.

Since that time, counsel for Direct Purchaser Plaintiffs, Automobile Dealer Plaintiffs, and End Payor Plaintiffs (collectively, "Plaintiffs"), Defendants, and the DOJ have conferred telephonically and exchanged multiple drafts of a proposed Order in an attempt to reach an agreement on the language for the Order, but have reached an impasse on several issues. Plaintiffs and Defendants are submitting a proposed Order for the Court's consideration that identifies proposed alternative language with respect to five issues:  (A) the scope of the stay in general; (B) whether parties may withhold instead of deciding to redact documents that contain both information as to which discovery is stayed  and other information until the Stay is over; (C) the scope of discovery in the "Later Cases"; (D) the Plaintiffs' ability, once the Stay is lifted, to take discovery with respect to the DOJ's investigation; and (E) the Plaintiffs' ability to take multiple depositions of witnesses who have knowledge of information subject to the Stay.  A copy of the proposed Order showing the Parties' respective proposed alternative language is attached as Exhibit B, and a copy of the proposed Order showing only Defendants' proposed language is attached as Exhibit C.

Defendants understand that the DOJ supports that documents containing information subject to the Stay may be withheld rather than redacted.  With respect to Plaintiffs' proposal regarding post-Stay discovery into the DOJ's investigation, Defendants understand that the DOJ adamantly opposes any formal discovery at any time from any party regarding the DOJ's investigation, including statements made by witnesses and entities to the DOJ (with a narrow exception, as reflected in Defendants' proposed Order, and discussed below).  On the other issues, Defendants understand that the DOJ either believes the language proposed by either side

2

is acceptable, or takes no position.  In this Memorandum, Defendants set forth their position

regarding each of these five issues.

## II.    AREAS OF DISAGREEMENT

The DOJ's Motion and the Parties' proposed Order differentiate between the "Initial

Cases" (involving Automotive Wire Harnesses, Instrument Panel Clusters, Fuel Senders, and

Heater Control Panels) and the "Later Cases" (involving Bearings, Occupant Safety Systems,

Alternators, Anti-Vibrational Rubber Parts, Windshield Wipers, Radiators, Starters, and all cases

subsequently filed in or consolidated into MDL 2311).  Defendants' position with respect to the

issues in dispute is as follows:

### A.    Scope Of The Stay

The DOJ sought a Stay with respect to depositions in the Initial Cases and the Later

Cases, and with respect to all discovery in the Later Cases, "that goes to the merits of those

cases."  DOJ Motion at 9-10.  Plaintiffs objected to using the phrase "goes to the merits" in the

Order, and the Parties and the DOJ have spent considerable effort attempting to reach agreement

on terms describing the scope of discovery that is subject to the Stay (defined in the proposed

Order as the "Stayed Subjects").  Defendants propose that the Stayed Subjects include "conduct

that is or has been under investigation by the DOJ," which the DOJ has advised Defendants is

acceptable to the DOJ.  Plaintiffs would limit the Stay to "actual or potential criminal conduct

under investigation by the DOJ."  Defendants understand that that formulation is acceptable to

the DOJ as well.

The DOJ sought to stay "merits depositions" in both the Initial Cases and Later Cases

because "merits depositions at this point in time would likely compromise anticipated criminal

litigation." Mot. to Stay at 6. Rather than staying depositions on the "merits" of the civil cases,

however, Plaintiffs' proposal would limit the scope of the Stay to questions concerning "actual

or potential *criminal conduct*." (Emphasis added.) Thus, under Plaintiffs' formulation, the Stay

could not be invoked to prevent testimony by witnesses who have information about the merits

of the case unless the witness (or his counsel) effectively acknowledges that the testimony being

elicited concerns conduct that was either actually or potentially criminal. Such witnesses would

be placed in an impossible situation: either acknowledge potentially criminal behavior by

themselves or another party in order to invoke the Stay, or testify in response to questions about

the merits, thus undermining the purpose of the Stay and putting at risk the integrity of the DOJ's

investigation. Neither outcome is sensible. At the request of the DOJ, Defendants have

modified the language they are proposing to include the italicized words "is *or has been* under

investigation by the DOJ." Defendants request that the Court accept the language proposed by

Defendants.

> **B.** **Temporarily Withholding Versus Redacting Documents That Contain Some Information As To Which Discovery Is Stayed In The Initial Cases**

In the Initial Cases, the agreed-upon terms of the Stay would prohibit parties from

demanding any discovery relating to contacts among competitors concerning products *other than*

*those at issue in the Initial Cases* or competitors *other than those named as Defendants in the*

*Initial Cases*.

Plaintiffs' document requests will inevitably be broad enough to encompass documents

that contain references to products or competitors other than those at issue or named as

Defendants in the Initial Cases. Defendants have proposed that they be allowed to withhold such

4

documents from production until the Stay has expired, and Defendants have offered to provide a list of Bates numbers of withheld documents. Plaintiffs have rejected that proposal, and demand that Defendants either (1) produce in their entirety any documents responsive to a document request that include references to other products or competitors or (2) review all documents referencing other products or competitors, redact all such references, and provide detailed logs explaining the "specific reasons" for each redaction. Defendants understand that the DOJ supports Defendants' proposal.

There is no reason to impose on Defendants the enormous expense and effort that would be required to redact and log all such redactions, *especially* given that these documents ultimately will be produced once the Stay is lifted. In fact, because no depositions making use of any such documents can occur while the Stay is in place, withholding documents that fall within the scope of the Stay would have little, if any, impact on Plaintiffs.

Certain of the *Wire Harnesses* Defendants have already produced in the past year over 12 million pages of documents that were provided to the DOJ in response to grand jury subpoenas. The initial proposed Stay is only six months, after which any party may request it be lifted or modified. Pursuant to the DOJ's request, no deponent can be asked during the Stay about any Stayed Subjects, so Plaintiffs cannot use any of these documents in depositions until the Stay is over anyway. Plaintiffs' proposed process of redacting and logging would be extremely time-consuming and would present substantial logistical difficulties and the potential for confusion. Indeed, by the time Defendants would have completed it, the Stay may very well have expired, rendering all of that work a complete waste of time, effort and money. Imposing this extraordinary burden and expense on Defendants is unjustified, especially since Plaintiffs would

5

not be prejudiced if documents that include references to other products or competitors are temporarily withheld, and redacting and logging all such redactions would not provide them with anything of value.

In addition, Plaintiffs' proposal would create substantial logistical difficulties and confusion in an already highly-complex litigation. Redaction would result in two or more conflicting versions of every affected document. Many documents will exist in multiple copies located in the files of various departments and custodians. For each copy of any given document, Plaintiffs would require each Defendant to (i) make a judgment about what to redact, (ii) produce a redacted version of the document, and, once the Stay is lifted, (iii) presumably produce an *un-redacted* version of the same document. This would result in all the parties' databases containing multiple versions of the same documents, with each of the redacted versions having no value at all once the Stay is lifted.

Plaintiffs alternatively demand that, if the Court does allow Defendants to withhold documents (rather that redacting them), Defendants provide an extraordinarily detailed "withholding log," listing "at a minimum" the date of each document, its author, all recipients, each custodian, its "general subject matter," its Bates number, and the "specific reason[]" that the Defendant is withholding each document. Ex. B at 2-3. This demand is a recipe for avoidable burden and wasted expense. Providing a list of the Bates numbers of withheld documents during the Stay will suffice to assure Plaintiffs that all withheld documents have been produced post-Stay. The detailed information Plaintiffs demand serves no purpose whatsoever, unless Plaintiffs (or the Court) are interested in engaging in a document by document debate during the Stay of whether each document has properly been temporarily withheld, which

debate, of course, would be entirely moot once the Stay is lifted and the documents are produced. This situation is thus completely different from that where documents are being permanently withheld under a privilege claim, where a privilege log is necessary to ensure that a valid basis exists for withholding each such document.

All of this burden, waste, logistical difficulty, and potential for error can be avoided by allowing Defendants, during the period of the Stay, to withhold from production documents that include references to products or competitors other than those involved in the Initial Cases, and provide a list of the Bates numbers of the documents being withheld. Respectfully, that is what this Court should order.

### C.      Scope Of Discovery In The Later Cases

With respect to the Later Cases, Defendants respectfully request that the Court either: (a) stay all merits discovery, as the DOJ initially requested, without objection; or (b) enter Defendants' proposed order with the compromise language.

In the Mot. to Stay, the DOJ moved for a Stay "including certain document discovery and depositions *involving the merits*." Mot. to Stay at 1, 9-10 (emphasis added). As to the Later Cases in particular, the DOJ made clear that a stay of all document production by or depositions of Defendants, as well as any other discovery "that goes to the merits of those [Later] cases," *id.* at 9-10, was necessary to prevent "seriously compromis[ing]" various criminal prosecutions, *id.* at 1. The DOJ asserted that such discovery—particularly in the Later Cases—would "interfere with the [DOJ]'s extensive and on-going criminal investigation and prosecutions" and "would likely compromise anticipated criminal litigation." *Id.* at 5-6.

Plaintiffs did not object to the DOJ's request to stay all merits discovery with respect to the Later Cases. *See* Mot. to Stay at 2. Plaintiffs objected only to the proposed length of the merits discovery Stay—they sought an opportunity to revisit the Stay after six months, rather than the year that the DOJ proposed—a position they confirmed at the July 10, 2013 Status Conference. *See* Stat. Conf. Tr. 25-32, July 10, 2013 (ECF No. 566) [Ex. A]. Following the Status Conference, the Court ordered all parties to "work out" a possible resolution to Plaintiffs' objection to the length of the proposed Stay. *Id.* at 31-32. Having failed to timely oppose the DOJ's request for a Stay of all merits discovery in the Later Cases, Plaintiffs should not now be permitted to use the process established by the Court for discussion of the Stay's timing to introduce new objections. *See Gen. Ret. Sys. of Detroit v. Onyx Capital Advisors, LLC*, 2013 WL 2145682, at *2 (E.D. Mich. May 15, 2013) ("[i]f a party fails to respond or otherwise oppose a motion, the district court may deem the party waived opposition to the motion.") [Ex. D] (citing *Humphrey v. U.S. Att'y Gen.'s Office,* 279 F. App'x 328, 331 (6th Cir. 2008)); *Maley v. Octapharma Plasma, Inc.*, No. 12-13892, 2013 WL 3814248, at *3 (E.D. Mich. July 22, 2013) (same) [Ex. E].

More than a month after the Status Conference, Plaintiffs presented Defendants with a draft stipulation that bore little resemblance to the requested Stay of "certain document discovery and depositions *involving the merits*," as sought by the DOJ in its Motion to Stay. *See* Mot. to Stay at 1. Plaintiffs proposed that they be permitted to seek a wide range of merits discovery, with a narrow carve-out for discovery that did not *directly* "inquire into the conspiratorial conduct of any of the Defendants or co-conspirators . . . ." Defendants responded with a proposed order that paralleled the language in the DOJ's Motion to Stay, permitting "discovery,

8

including Rule 30(*b*)(*6*) *depositions, that does not go to the merits of the Later Cases,* to any actual or potential conspiratorial conduct, or to other contacts among competitors, and depositions of the Plaintiffs."

At the meet and confer conference on August 29, 2013, Plaintiffs, despite having not objected to the original request for a Stay of all merits discovery, contended that a Stay on merits discovery was too broad and would preclude discovery relating to issues of damages and class action issues.  Over the next month, Defendants proposed reasonable compromise language on a Stay which would allow Plaintiffs to obtain damages and class action discovery, but still stay discovery on the issues the DOJ stated would interfere with its investigation.

Defendants' final proposed compromise language is as follows:

> [A]ll discovery, including the production of documents produced to the DOJ by any Defendant in the Later Cases, is stayed except discovery, including Rule 30(b)(6) depositions, *that does not inquire into or seek information relating to* the Stayed Subjects.

Proposed Order [Ex. B] at 4 (emphasis added).

Plaintiffs rejected this proposal, insisting on the following language in the Later Cases:

> [A]ll discovery, including the production of documents produced to the DOJ by any Defendant in the Later Cases, is stayed except discovery, including Rule 30(b)(6) depositions, *that does not inquire into* the Stayed Subjects.

*Id.* (emphasis added).

Defendants' version allows Plaintiffs to seek discovery that does not encompass documents or information implicating the DOJ's concerns, *i.e.*, the Stayed Subjects, while permitting discovery on the issues of damages and class certification legitimately sought by the Plaintiffs.  By contrast, under Plaintiffs' version, Plaintiffs might argue that they are permitted to

issue discovery into the Stayed Subjects so long as they did not *directly* "inquir[e] into" the Stayed Subjects. *Id.* Thus, Plaintiffs could interfere with the DOJ investigation simply by changing the wording of their discovery requests. For example, Plaintiffs might broadly request "all emails" or "all documents relating to pricing, bids, sales or RFQs," which would sweep in emails and documents on the Stayed Subjects. Because such requests would not, on their face, directly "*inquire into*" the Stayed Subjects, Plaintiffs' proposed version would allow Plaintiffs to argue that they are permitted.

When Defendants brought this fundamental problem to Plaintiffs' attention, Plaintiffs suggested that Defendants could simply withhold from discovery responses any information that discloses any conduct concerning the Stayed Subjects. But this withholding process is not reflected in Plaintiffs' actual proposal. Moreover, as discussed below, this process is improper, as it would require Defendants to engage in additional, burdensome and likely impossibly complex review, and multiple stages of production to proactively address the concerns addressed in the Motion to Stay, by placing the burden on Defendants to identify and withhold documents discussing the Stayed Subjects.

Defendants' proposal represents a significant compromise from the originally requested Stay, which would have precluded all merits discovery during the Stay. Defendants' proposed compromise allows otherwise non-objectionable discovery into damages, class, and other issues. To accomplish the goals sought by the DOJ without undue and improper burden, the Stay must apply to discovery not only directly *inquiring into* but also discovery *seeking information or documents related to* the Stayed Subjects. This is the only viable solution that would address the issues raised by the DOJ in its Motion to Stay, without imposing immense burden on Defendants

10

or allowing Plaintiffs to inquire into the Stayed Subjects through broad discovery requests. In fact, Defendants' language is nearly identical to the stay entered in a case relied upon by the DOJ. Order Re Stay of Discovery at 3, *In re TFT-LCD* (*Flat Panel*) *Antitrust Litig.,* No. M:07-1827 (N.D. Cal. May 27, 2008) (ECF No. 631) [Ex. F]. Mot. to Stay at 13. That stay covered discovery "relating to" alleged conspiratorial conduct. *Id.* at 3. Unlike Defendants' version, neither Plaintiffs' proposed version of the Stay nor their additional proposed process of withholding Stayed Subject documents finds support in the case law. This is unsurprising. Plaintiffs' proposed language set forth above would simply not result in a stay of any discovery that the DOJ sought to stay; rather, it would enable Plaintiffs to easily circumvent discovery of the Stayed Subjects through broadly-worded discovery requests. Plaintiffs' continued insistence on their narrow limitation in the face of this concern suggests that they intend to do just that.

The additional process of withholding Stayed Subject documents would only cause additional problems, as it would require Defendants to isolate and selectively withhold documents related to any Stayed Subjects. This proposal would put a significant *additional* burden on Defendants that they would never be required to otherwise bear, absent the DOJ's request for a Stay. Specifically, under Plaintiffs' approach, Defendants would be required not just to review their documents for responsiveness, but to go a step further and, for each and every email, calendar entry, memo, price quote, etc., determine whether such documents (many going back several years) reference a competitor; the name of a competitor's present or former employee (which will not always be obvious); or some potential indirect evidence of actual or potential criminal conduct under investigation by the DOJ, such as why a bid price was set at the level that it was. In addition, unless the suggestion of such behavior is self-evident, Defendants

would need to conduct a mini-investigation as to each individual document to try to ascertain if it potentially relates to any conduct that is or has been under investigation by the DOJ.

      This would introduce an additional and extremely time-consuming, expensive and potentially impossible step in the document production process—a process that potentially would have to be repeated thousands of times (if not more) among all Defendants given the likely volume of total documents. One example of the extreme burden of this exercise would be a years-old calendar entry of a former employee of the producing party, simply stating "Meeting with Joe G.," where "Joe G." happens to be an employee of a competitor and a potential government witness. Under Plaintiffs' proposal, Defendants' counsel would be forced to research every one of these and similar documents from present, former or even deceased employees in the first round of production. Moreover, it places Defendants at risk for making the wrong call about whether any particular document discusses a Stayed Subject.

      This additional proposal by Plaintiffs would, in effect, require Defendants to undertake certain substantial discovery burdens twice. First, Plaintiffs would require normal discovery review and preparation, with the incremental obligation to segregate material that might impact the DOJ's ongoing investigation. Then, after the Stay is lifted, Plaintiffs would be able to request that all the same documents be searched again (now with no scope limitations) and many of the same witnesses deposed again (now on additional topics). Thus, under this proposal, the Stay would likely have the effect of significantly increasing the cost, duplication and inconvenience of discovery to all Defendants without accruing legitimate benefits to the Plaintiffs. Courts have rejected partial stays that cause this type of piece-meal discovery that results in duplicative discovery. *See, e.g.*, *Trustees of the Plumbers and Pipefitters Nat'l*

*Pension Fund v. Transworld Mech., Inc.*, 886 F. Supp. 1134, 1141 (S.D.N.Y. 1995).  Had the DOJ proposed the burdensome process that Plaintiffs proposed, instead of a Stay of all merits discovery, Defendants would have objected to the Motion to Stay.

In short, far from simply imposing the modest delay in merits discovery sought by the DOJ and Defendants, Plaintiffs' proposed additional process would impose extreme and demonstrable burden on, and thus significantly prejudice, Defendants.  It is not clear what legitimate benefit would be conferred on Plaintiffs by their proposal.  Whatever Stay is ultimately imposed will eventually be lifted, perhaps in a short time, and Plaintiffs will obtain all appropriate discovery.

Defendants' proposal to stage certain discovery, by contrast, avoids the burden identified above and does not impose on each Defendant the risk of interfering with a criminal investigation.  Defendants' proposal is also precisely the type of solution recommended in the Model Order Relating to the Discovery of Electronically Stored Information issued by the Eastern District of Michigan on September 20, 2013 (the "Model Order") [Ex. G].  Principle 1.03 of the Model Order states that "[w]here the discovery request is potentially burdensome to the responding party, the parties should consider options such as staging discovery . . . in an attempt to reduce the costs of production."  Defendants' proposal accomplishes exactly what this Court suggests – it stages discovery to avoid burden.

The Stay may, at most, result in a short delay.  As the DOJ pointed out in the Motion to Stay, any such delay is not recognized as sufficiently prejudicial to oppose a stay.  Mot. to Stay at 22 (citing *In re Adelphia Commc'ns Secs. Litig.*, No. 02-1781, 2003 WL 22358819, at *4 (E.D. Pa. May 14, 2003) [Ex. H]).  The delay resulting from the Stay proposed by the DOJ and

Defendants, which would allow discovery of non-merits issues, is likely to have little impact given the likely amount of permitted discovery from the Later and Initial Cases.  Thus Plaintiffs would not be prejudiced by either Defendants' proposal or a stay of all merits discovery.

Accordingly, Defendants submit that the only fair and efficient course of proceeding is for the Court to either: (a) stay all merits discovery as initially requested, without objection, by the DOJ; or (b) enter the proposed Order with the compromise language as proposed by Defendants.

### D.  Post-Stay Discovery Regarding The DOJ's Investigation

Within the context of a DOJ investigation, the confidentiality of communications between the DOJ and any cooperating individuals or entities is integral to both the interests of the DOJ and such cooperating individuals or entities.  For that reason, and as specifically requested by the DOJ in its Stay Motion, Defendants believe the Court should "permanently prohibit discovery of any type, in any of the civil cases, that seeks to obtain information about the Division's investigation or any grand jury investigation."  Mot. to Stay at 10.  Plaintiffs stated at the Hearing that they objected only to the length of the Stay, since then they have failed to file an opposition to the DOJ's Stay Motion, and they should not now be allowed to circumscribe the relief that the DOJ expressly requested.

In order for the DOJ to effectively pursue an investigation, it requires witness cooperation.  *See* Scott D. Hammond, Deputy Assist. Att'y Gen., *Cracking Cartels With Leniency Programs*, (Oct. 18, 2005), *available at* http://www. justice.gov/atr/public/speeches/ 212269.htm [Ex. I] (stating that "[c]ooperation from leniency applicants has cracked more cartels than all other tools at our disposal combined," and identifying the "[p]romise of

14

confidentiality" as an incentive for potential leniency applicants.). These cooperating witnesses would not provide full and complete information regarding conduct under investigation if such communication was not kept confidential. *See id.*; Scott D. Hammond, Deputy Assist. Att'y Gen., *The U.S. Model of Negotiated Plea Agreements*, at 7 (Oct. 17, 2006), *available at* http://www.justice.gov/atr/public/speeches/219332.htm [Ex. J] ("Plea negotiations are generally considered confidential."); Scott D. Hammond, Deputy Assist. Att'y Gen., *Measuring the Value of Second-In Cooperation in Corporate Plea Negotiations*, at 1 (Mar. 29, 2006), *available at* http://www.justice.gov/atr/public/speeches/215514.htm [Ex. K] (stating that "companies and their executives must be able to predict with a high degree of certainty the rewards if they self report and cooperate"). Thus, communications with the DOJ should generally not be discoverable, and should remain confidential. *See In re: TFT-LCD (Flat Panel) Antitrust Litig.,* No 07-CV-1827 (N.D. Cal., May 27, 2008) (Motion to Stay at 13 and Attachment D).

In order to ensure the confidentiality of communications with the DOJ, Defendants propose, and the DOJ agrees, that discovery inquiring into the DOJ's or any federal grand jury investigations involving conduct that is or has been under investigation by the DOJ should be permanently prohibited, with one narrow exception under which a party would be able to seek permission from the Court, subject to objection by the DOJ or any party, to ask questions at deposition. *See* Proposed Order, Ex. B, at 5. Defendants propose that after any Stay is lifted, and at minimum two weeks prior to the date noticed for a deposition, a party may request that the Court permit it to question a fact witness about statements made by that witness to the DOJ. The requirement of two weeks' notice sensibly gives any Party (or the DOJ) sufficient notice to object to such a request and sufficient opportunity for the Court to properly consider it.

Plaintiffs have rejected the DOJ's request and the Defendants' proposed language, and instead want not only the ability to question fact witnesses at deposition about statements to the DOJ, but also the ability to request that the Court allow them to obtain other discovery of a witness or corporate entity (other than the DOJ itself) with respect to statements made by any individual witness or entity to the DOJ. The DOJ has informed Defendants that if Plaintiffs were to make such a request of the Court, the DOJ would object because it adamantly opposes any discovery into its investigative process, including discovery of statements by individual witnesses and entities. Because Plaintiffs' proposal would undermine open discussions and cooperation with the DOJ, and would set precedent that would deter future cooperation between parties and the DOJ, the Court should reject Plaintiffs' proposal.

**E.      Multiple Depositions Of Witnesses Who Have Knowledge Of Information Falling Within The Scope Of The Stay In The Initial Cases**

The DOJ seeks to prevent deponents in the Initial Cases from being required to testify during the Stay about conduct that is or has been under investigation or contacts among the Defendants and their competitors. "[M]erits depositions at this point in time would likely compromise anticipated criminal litigation." Mot. to Stay at 6. Accordingly, the DOJ requests (and Plaintiffs and Defendants agree) that there can be no questions at depositions, including Rule 30(b)(6) depositions, with respect to any Stayed Subjects during the Stay.

Staying such questioning, however, could result in duplicative depositions that put unnecessary burden on all parties. Many witnesses who would have information discoverable during the Stay, including witnesses designated to testify under Rule 30(b)(6), would also have

information prohibited from discovery by the Stay.  Re-deposing such witnesses after the Stay is

lifted would subject the parties and witnesses to unnecessary burden.

One solution would be for the Court to prohibit all depositions during the Stay.

Alternatively, the Court should require that in the event either a Plaintiff or a Defendant goes

forward during the Stay with the deposition of a witness after being notified that the witness also

has information subject to the Stay, then that party must pay the attorneys' fees and expenses

(including travel) associated with a second deposition of such a witness after the Stay is lifted.

This would create an incentive for the parties to avoid deposing witnesses twice, which avoids

unnecessary burden and streamlines discovery.

### F.      Effect On Cases Subsequently Filed Or Consolidated

At the DOJ's request, the proposed Order purports to bind all cases subsequently filed in

or consolidated into MDL 2311.  Defendants take no position on this issue.

For the foregoing reasons, Defendants respectfully request that the Court enter the Order

with the alternative language proposed by Defendants.

Respectfully submitted,

DYKEMA GOSSETT PLLC

Dated:  October 4, 2013          By:      /s/ *Howard B. Iwrey* (w/consent)
                                          Howard B. Iwrey (P39635)
                                          Brian M. Moore (P58584)
                                          DYKEMA GOSSETT PLLC
                                          39577 Woodward Avenue, Suite 300
                                          Bloomfield Hills, MI  48304
                                          (248) 203-0526
                                          (248) 203-0763 (facsimile)
                                          hiwrey@dykema.com
                                          bmoore@dykema.com

17

Debra H. Dermody
Michelle A. Mantine
REED SMITH LLP
225 Fifth Avenue
Pittsburgh, PA 15222
(412) 288-3302
(412) 288-3063 (facsimile)
ddermody@reedsmith.com
mmantine@reedsmith.com

*Attorneys for Defendants AB SKF and SKF USA, Inc.*

BROOKS WILKINS SHARKEY & TURCO PLLC

Dated: October 4, 2013        By:     /s/ *Anita F. Stork* (w/consent)
                                       Anita F. Stork
                                       COVINGTON & BURLING LLP
                                       One Front Street
                                       35th Floor
                                       San Francisco, CA 94111
                                       (415) 591-6000
                                       (415) 955-6550 (facsimile)
                                       astork@cov.com

                                       Herbert C. Donovan (P51939)
                                       Maureen T. Taylor (P63547)
                                       BROOKS WILKINS SHARKEY & TURCO PLLC
                                       401 Old South Woodward, Suite 400
                                       Birmingham, MI 48009
                                       (248) 971-1721
                                       (248) 971-1801 (facsimile)
                                       donovan@bwst-law.com
                                       taylor@bwst-law.com

                                       Michael J. Fanelli
                                       COVINGTON & BURLING LLP
                                       1201 Pennsylvania Ave., NW
                                       Washington, D.C. 20004
                                       (202) 662-6000
                                       (202) 778-5383 (facsimile)
                                       mfanelli@cov.com

                                       *Attorneys for defendants Alps Electric (North*

18

*America), Inc., Alps Automotive, Inc., and Alps
Electric Co., Ltd.*

LANE POWELL PC

Dated:  October 4, 2013       By:     /s/ *Larry S. Ganges* (w/consent)
                                       Larry S. Gangnes
                                       Connor B. Shively
                                       LANE POWELL PC
                                       1420 Fifth Avenue, Suite 4200
                                       P.O. Box 91302
                                       Seattle, WA  98111-9402
                                       (206) 223-7000
                                       (206) 223-7107 (facsimile)
                                       gangnesl@lanepowell.com
                                       shivelyc@lanepowell.com

                                       Craig D. Bachman
                                       Kenneth R. Davis II
                                       Darin M. Sands
                                       Masaayuki Yamaguchi
                                       LANE POWELL PC
                                       ODS Tower
                                       601 SW Second Avenue, Suite 2100
                                       Portland, OR  97204-3158
                                       (503) 778-2100
                                       (503) 778-2200 (facsimile)
                                       bachmanc@lanepowell.com
                                       davisk@lanepowell.com
                                       sandsd@lanepowell.com
                                       yamaguchim@lanepowell.com

                                       Ronald S. Nixon
                                       Richard Bisio
                                       KEMP KLEIN LAW FIRM
                                       201 West Big Beaver Road, Suite 600
                                       Troy, MI  48084
                                       (248) 528-1111
                                       (248) 528-5129 (facsimile)
                                       ron.nixon@kkue.com
                                       richard.bisio@kkue.com

                                       *Attorneys for Defendants American Furukawa, Inc.,*

19

*Furukawa Electric Co., Ltd., and Furukawa Wiring Systems America, Inc.*

KERR, RUSSELL AND WEBER, PLC

Dated:  October 4, 2013          By:     /s/ *Michael L. Brown* (w/consent)
                                         Michael L. Brown
                                         Peter Kontio
                                         ALSTON & BIRD LLP
                                         One Atlantic Center
                                         1201 West Peachtree Street
                                         Atlanta, GA  30309
                                         (404) 881-7589
                                         (404) 881-7777 (facsimile)
                                         mike.brown@alston.com
                                         peter.kontio@alston.com

                                         Joanne Geha Swanson (P33594)
                                         Fred Herrmann (P49519)
                                         Matthew L. Powell (P69186)
                                         KERR, RUSSELL AND WEBER, PLC
                                         500 Woodward Avenue, Suite 2500
                                         Detroit, MI  48226
                                         (313) 961-0200
                                         (313) 961-0388 (facsimile)
                                         jswanson@kerr-russell.com
                                         fherrmann@kerr-russell.com
                                         mpowell@kerr-russell.com

                                         *Attorneys for Defendants Autoliv ASP, Inc., Autoliv B.V. & Co. KG, Autoliv Japan Ltd., Autoliv Safety Technology, Inc., and Autoliv, Inc.*

WILMER CUTLER PICKERING HALE AND DORR LLP

Dated:  October 4, 2013          By:     /s/ *David P. Donovan*
                                         David P. Donovan
                                         Steven F. Cherry
                                         Brian C. Smith
                                         WILMER CUTLER PICKERING HALE AND DORR LLP
                                         1875 Pennsylvania Avenue, NW
                                         Washington, DC  20006

20

(202) 663-6000
(202) 663-6363 (facsimile)
david.donovan@wilmerhale.com
steven.cherry@wilmerhale.com
brian.smith@wilmerhale.com

*Attorneys for Defendants DENSO International*
*America, Inc. and DENSO Corporation*

Steven M. Zarowny (P33362)
General Counsel
DENSO INTERNATIONAL AMERICA, INC.
24777 Denso Drive
Southfield, MI  48033
(248) 372-8252
(248) 213-2551 (facsimile)
STEVE_ZAROWNY@denso-diam.com

*Attorneys for Defendants DENSO International*
*America, Inc.*

ARNOLD & PORTER LLP

Dated:  October 4, 2013     By:     /s/ *James L. Cooper* (w/consent)
                                     James L. Cooper
                                     Michael A. Rubin
                                     Laura Cofer Taylor
                                     Katherine Clemons
                                     ARNOLD & PORTER LLP
                                     555 Twelfth Street, NW
                                     Washington, DC  20004
                                     (202) 942-5000
                                     (202) 942-5999 (facsimile)
                                     james.cooper@aporter.com
                                     michael.rubin@aporter.com
                                     laura.taylor@aporter.com
                                     katherine.clemons@aporter.com

                                     Joanne Geha Swanson (P33594)
                                     Fred Herrmann (P49519)
                                     Matthew L. Powell (P69186)
                                     KERR, RUSSELL AND WEBER, PLC
                                     500 Woodward Avenue, Suite 2500

Detroit, MI 48226
(313) 961-0200
(313) 961-0388 (facsimile)
jswanson@kerr-russell.com
fherrmann@kerr-russell.com
mpowell@kerr-russell.com

*Attorneys for Defendants Fujikura Ltd. And Fujikura Automotive America LLC*

PORTER WRIGHT MORRIS & ARTHUR LLP

Dated: October 4, 2013          By:     /s/ *Donald M. Barnes* (w/consent)
                                        Donald M. Barnes
                                        Salvatore A. Romano
                                        Jay L. Levine
                                        Molly S. Crabtree
                                        PORTER WRIGHT MORRIS & ARTHUR LLP
                                        1919 Pennsylvania Avenue, NW, Suite 500
                                        Washington, DC 20006
                                        (202) 778-3000
                                        (202) 778-3063 (facsimile)
                                        dbarnes@porterwright.com
                                        sromano@porterwright.com
                                        jlevine@porterwright.com
                                        mcrabtree@porterwright.com

                                        *Attorney for Defendants G.S. Electech, Inc., G.S. Wiring Systems, Inc., and G.S.W. Manufacturing, Inc.*

SHEARMAN & STERLING LLP

Dated: October 4, 2013          By:     /s/ *Heather Lamberg Kafele* (w/consent)
                                        Heather Lamberg Kafele
                                        Stephen Fishbein
                                        Keith Palfin
                                        Alison R. Welcher
                                        SHEARMAN & STERLING LLP
                                        801 Pennsylvania Avenue, NW, Suite 900
                                        Washington, DC 20004
                                        (202) 508-8000
                                        (202) 508-8100 (facsimile)
                                        hkafele@shearman.com

22

sfishbein@shearman.com
keith.palfin@shearman.com
alison.welcher@shearman.com

Brian M. Akkashian
PAESANO AKKASHIAN, PC
132 North Old Woodward Avenue
Birmingham, MI 48009
(248) 792-6886
(248) 792-6885 (facsimile)
bakkashian@paesanoakkashian.com

*Attorney for Defendants JTEKT Corporation, JTEKT North America, Inc. and Koyo Corporation of U.S.A.*

SMITH, GAMBRELL & RUSSELL, LLP

Dated: October 4, 2013     By:     /s/ *Wm. Parker Sanders* (w/consent)
Wm. Parker Sanders
SMITH, GAMBRELL & RUSSELL, LLP
Promenade II, Suite 3100
1230 Peachtree Street, NE
Atlanta, GA 30309
(404) 815-3500
(404) 815-3509
psanders@sgrlaw.com

Jeffrey G. Heuer (P14925)
Peter M. Falkenstein (P61375)
JAFFE, RAITT, HEUER & WEISS, P.C.
27777 Franklin Road, Suite 2500
Southfield, MI 48034
(248) 351-3000
(248) 351-3082 (facsimile)
jheuer@jaffelaw.com
pfalkenstein@jaffelaw.com

*Attorneys for Defendant Kyungshin-Lear Sales and Engineering, LLC*

DYKEMA GOSSETT PLLC

Dated: October 4, 2013     By:     /s/ *Andrew S. Marovitz* (w/consent)

23

Andrew S. Marovitz
Britt M. Miller
MAYER BROWN LLP
71 S. Wacker Drive
Chicago, IL  60606
(312) 782-0600
(312) 701-7711 (facsimile)
amarovitz@mayerbrown.com
bmiller@mayerbrown.com

Howard B. Iwrey (P39635)
DYKEMA GOSSETT PLLC
39577 Woodward Avenue, Suite 300
Bloomfield Hills, MI  48304
(248) 203-0526
(248) 203-0763 (facsimile)
hiwrey@dykema.com

*Attorneys for Defendant Lear Corporation*

O'MELVENY & MYERS LLP

Dated:  October 4, 2013        By:        /s/ *Michael F. Tubach* (w/consent)
                                         Michael F. Tubach
                                         O'MELVENY & MYERS LLP
                                         Two Embarcadero Center, 28th Floor
                                         San Francisco, CA  94111
                                         (415) 984-8700
                                         (415) 984-8701 (facsimile)
                                         mtubach@omm.com

                                         Michael R. Turco
                                         BROOKS WILKINS SHARKEY & TURCO PLLC
                                         401 South Old Woodward, Suite 400
                                         Birmingham, MI  48009
                                         turco@bwst-law.com
                                         (248) 971-1713
                                         (248) 971-1801 (facsimile)

                                         *Attorneys for Defendants Leoni Wiring Systems, Inc.*
                                         *and Leonische Holding Inc.*

24

LANE POWELL PC

Dated:  October 4, 2013        By:     /s/ *Craig D. Bachman* (w/consent)
                                        Craig D. Bachman
                                        Kenneth R. Davis II
                                        LANE POWELL PC
                                        601 SW Second Avenue, Suite 2100
                                        Portland, OR  97204-3158
                                        (503) 778-2100
                                        (503) 778-2200 (facsimile)
                                        bachmanc@lanepowell.com
                                        sandsd@lanepowell.com

                                        Larry S. Gangnes
                                        Connor B. Shively
                                        LANE POWELL PC
                                        1420 Fifth Avenue, Suite 4100
                                        Seattle, WA  98101-2338
                                        (206) 223-7000
                                        (206) 223-7107 (facsimile)
                                        gangnesl@lanepowell.com
                                        shivelyc@lanepowell.com

                                        Ronald Nixon (P57117)
                                        KEMP KLEIN LAW FIRM
                                        201 W. Big Beaver Road, Suite 600
                                        Troy, MI 48084
                                        (248) 528-1111
                                        (248) 528-5129 (facsimile)
                                        ronald.nixon@kkue.com

                                        *Attorneys for Defendants Nachi-Fujikoshi Corp. and*
                                        *Nachi America, Inc.*

                           KERR, RUSSELL AND WEBER, PLC

Dated:  October 4, 2013        By:     /s/ *Fred K. Herrmann* (w/consent)
                                        Fred K. Herrmann (P49519)
                                        Joanne Geha Swanson (P33594)
                                        KERR, RUSSELL AND WEBER, PLC
                                        500 Woodward Avenue, Suite 2500
                                        Detroit, MI 48226
                                        (313) 961-0200

(313) 961-0388 (facsimile)
fherrmann@ kerr-russell.com
jswanson@kerr-russell.com

A. Paul Victor
Jeffrey L. Kessler
Molly M. Donovan
WINSTON & STRAWN LLP
200 Park Avenue
New York, NY 10166
(212) 294-6700
(212) 294-4700 (facsimile)
pvictor@winston.com
jkessler@winston.com
mmdonovan@winston.com

*Attorneys for Defendants Nippon Seiki Co., Ltd., New Sabina Industries, Inc. and NS International, Ltd.*

CLEARY GOTTLIEB STEEN & HAMILTON LLP

Dated:  October 4, 2013     By:     /s/ *Mark Leddy* (w/consent)
                                                Mark Leddy (DC 404833)
                                                Jeremy Calsyn (DC 467737)
                                                CLEARY GOTTLIEB STEEN & HAMILTON LLP
                                                2000 Pennsylvania Ave., NW, Suite 9000
                                                Washington, DC 20006
                                                (202) 974-1500
                                                (202) 974-1999 (facsimile)
                                                mleddy@cgsh.com
                                                jcalsyn@cgsh.com

David A. Ettinger (P26537)
HONIGMAN, MILLER, SCHWARTZ
     AND COHN LLP
660 Woodward Avenue, Suite 2290
Detroit, MI 48226
(313) 465-7396
(313) 465-7497 (facsimile)
dettinger@honigman.com

*Attorneys for Defendants NSK Americas, Inc., and NSK, Ltd.*

WINSTON & STRAWN LLP

Dated:  October 4, 2013          By:     /s/ *A. Paul Victor* (w/consent)
                                         A. Paul Victor
                                         Jeffrey L. Kessler
                                         James F. Lerner
                                         Molly M. Donovan
                                         Elizabeth A. Cate
                                         WINSTON & STRAWN LLP
                                         200 Park Avenue
                                         New York, NY 10166
                                         (212) 294-6700
                                         (212) 294-4700 (facsimile)
                                         pvictor@winston.com
                                         jkessler@winston.com
                                         jlerner@winston.com
                                         mmdonovan@winston.com
                                         ecate@winston.com

                                         Fred K. Hermann (P49519)
                                         Joanne G. Swanson (P33594)
                                         Dwayne D. Stresman (P73283)
                                         KERR, RUSSELL AND WEBER
                                         500 Woodward, Suite 2500
                                         Detroit, MI 48226-3427
                                         (313) 961-0200
                                         (313) 961-0388 (facsimile)
                                         fherrmann@kerr-russell.com
                                         jswanson@kerr-russell.com
                                         dstreman@kerr-russell.com

                                         *Attorneys for Defendants NTN Corporation and NTN*
                                         *USA Corporation*

                                 WILMER CUTLER PICKERING HALE AND DORR LLP

Dated:  October 4, 2013          By:     /s/ *Eric J. Mahr* (w/consent)
                                         Eric J. Mahr
                                         Stacy E. Frazier
                                         WILMER CUTLER PICKERING HALE AND
                                         DORR LLP
                                         1875 Pennsylvania Avenue, NW

27

Washington, DC  20006
(202) 663-6000
(202) 663-6363 (facsimile)
eric.mahr@wilmerhale.com
stacy.frazier@wilmerhale.com

*Attorneys for Defendants Schaeffler AG and Schaeffler
Group USA, Inc.*

LATHAM & WATKINS LLP

Dated:  October 4, 2013          By:     /s/ *Marguerite M. Sullivan* (w/consent)
                                         Marguerite M. Sullivan
                                         Kelsey A. McPherson
                                         LATHAM & WATKINS
                                         555 Eleventh Street NW, Suite 1000
                                         Washington, DC  20004
                                         (202) 637-2200
                                         (202) 637-2201 (facsimile)
                                         marguerite.sullivan@lw.com
                                         kelsey.mcpherson@lw.com

                                         Daniel M. Wall
                                         LATHAM & WATKINS
                                         505 Montgomery Street, Suite 2000
                                         San Francisco, CA  94111
                                         (415) 395-0600
                                         (415) 395-8095 (facsimile)
                                         dan.wall@lw.com

                                         William H. Horton (P31567)
                                         GIARMARCO, MULLINS & HORTON, P.C.
                                         101 West Big Beaver Road, Tenth Floor
                                         Troy, MI  48084-5280
                                         (248) 457-7060
                                         (248) 457-7001 (facsimile)
                                         bhorton@gmhlaw.com

                                         *Attorneys for Defendants Sumitomo Electric
                                         Industries, Ltd., Sumitomo Electric Wiring Systems,
                                         Inc., Sumitomo Electric Wintec America, Inc.,
                                         Sumitomo Wiring Systems (U.S.A.) Inc., Sumitomo
                                         Wiring Systems, Ltd., and K&S Wiring Systems, Inc.*

28

FRIED, FRANK, HARRIS, SHRIVER & JACOBSON, LLP

Dated:  October 4, 2013        By:        /s/ *Peter L. Simmons* (w/consent)
                                          Peter L. Simmons
                                          Steven M. Witzel
                                          FRIED, FRANK, HARRIS, SHRIVER &
                                          JACOBSON, LLP
                                          One New York Plaza
                                          New York, New York 10004
                                          (212) 859-8000
                                          (212) 859-4000 (facsimile)
                                          peter.simmons@friedfrank.com
                                          steven.witzel@friedfrank.com

                                          Thomas J. Tallerico
                                          Amy P. Purcell
                                          BODMAN PLC
                                          201 West Big Beaver Road, Suite 500
                                          Troy, Michigan 48084
                                          (248) 743-6073
                                          (248) 743-6002 (facsimile)
                                          ttallerico@bodmanlaw.com
                                          apurcell@bodmanlaw.com

                                          *Attorneys for Defendant T.RAD Co., Ltd.*

SCHIFF HARDIN LLP

Dated:  October 4, 2013        By:        /s/ *Robert Wierenga* (w/consent)
                                          Robert J. Wierenga
                                          Suzanne L. Wahl
                                          SCHIFF HARDIN LLP
                                          340 South Main Street, Suite 210
                                          Ann Arbor, MI  48104
                                          (734) 222-1500
                                          (734) 222-1501 (facsimile)
                                          rwierenga@schiffhardin.com
                                          swahl@schiffhardin.com

                                          David M. Zinn
                                          John E. Schmidtlein
                                          Samuel Bryant Davidoff

29

WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, DC 20005
(202) 434-5648
(202) 434-5029 (facsimile)
dzinn@wc.com
jschmidtlein@wc.com
sdavidoff@wc.com

*Attorneys for Defendants Takata Corporation and TK
Holdings, Inc.*

BUTZEL LONG

Dated:  October 4, 2013          By:      /s/ *David F. DuMouchel* (w/consent)
                                          David F. DuMouchel
                                          Sheldon H. Klein
                                          George B. Donnini
                                          BUTZEL LONG
                                          150 West Jefferson, Suite 100
                                          Detroit, MI  48226
                                          (313) 225-7000
                                          (313) 225-7080 (facsimile)
                                          dumouched@butzel.com
                                          klein@butzel.com
                                          donnini@butzel.com

                                          W. Todd Miller
                                          BAKER & MILLER PLLC
                                          2401 Pennsylvania Avenue, NW
                                          Suite 300
                                          Washington, DC  20037
                                          (202) 663-7820
                                          (202) 663-7849 (facsimile)
                                          TMiller@bakerandmiller.com

                                          *Attorneys for Defendants TRAM, Inc. and
                                          Tokai Rika Co., Ltd.*

DYKEMA GOSSETT PLLC

Dated:  October 4, 2013          By:      /s/ *Howard B. Iwrey* (w/consent)
                                          Howard B. Iwrey

30

James P. Feeney
Benjamin W. Jeffers
David J. Council
DYKEMA GOSSETT PLLC
39577 Woodward Avenue, Suite 300
Bloomfield Hills, MI 48304
(248) 203-0526
(248) 203-0763 (facsimile)
hiwrey@dykema.com
jfeeney@dykema.com
bjeffers@dykema.com
dcouncil@dykema.com

*Attorneys for Defendants TRW Automotive Holdings Corp. and TRW Deutschland Holding GMBH*

JONES DAY

Dated:  October 4, 2013          By:      /s/ *John M. Majoras* (w/consent)
                                         John M. Majoras
                                         Carmen G. McLean
                                         JONES DAY
                                         51 Louisiana Avenue, NW
                                         Washington, DC  20001-2113
                                         (202) 879-3939
                                         (202) 626-1700 (facsimile)
                                         jmmajoras@jonesday.com
                                         cgmclean@jonesday.com

                                         Michelle K. Fischer
                                         Stephen J. Squeri
                                         JONES DAY
                                         North Point
                                         901 Lakeside Avenue
                                         Cleveland, OH  44114
                                         (216) 586-3939
                                         (216) 579-0212 (facsimile)
                                         mfischer@jonesday.com
                                         sjsqueri@jonesday.com

                                         *Attorneys for Defendants Yazaki Corporation and Yazaki North America, Inc.*

31

**CERTIFICATE OF SERVICE**

I hereby certify that on October 4, 2013, I caused the foregoing Defendants' Joint Memorandum Regarding the Motion to Stay by the United States of America to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notifications of such filings to all counsel of record.


October 4, 2013          By:     /s/ David P. Donovan
                                 David P. Donovan
                                 WILMER CUTLER PICKERING HALE
                                     AND DORR LLP
                                 1875 Pennsylvania Avenue, N.W.
                                 Washington, D.C. 20006
                                 Telephone: (202) 663-6000
                                 Fax: (202) 663-6363
                                 david.donovan@wilmerhale.com