UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| In Re: AUTOMOTIVE PARTS ANTITRUST LITIGATION | 12-md-02311<br>Honorable Marianne O. Battani |
| THIS RELATES TO:  ALL ACTIONS | |

# ORDER

Before the Court is a Motion and Brief of the United States to Intervene and for a Temporary and Limited Stay of Certain Discovery.

The Motion of the United States to Intervene for the limited purpose of seeking a stay of discovery is **GRANTED**.

The Motion of the United States for a Temporary and Limited Stay of Certain Discovery is **GRANTED** as follows:

### Initial Cases

With respect to 2:12-cv-00100 - Wire Harness Cases; 2:12-cv-00200 - Instrument Panel Clusters Cases; 2:12-cv-00300 - Fuel Senders Cases; and 2:12-cv-00400 - Heater Control Panel Cases and any other case in this District that purports to assert similar claims based on the same products (the "Initial Cases"), the existing Initial Discovery Plans requiring production of documents produced to the Department of Justice Antitrust Division ("DOJ") by Defendants that have entered plea agreements with the DOJ remain unchanged.  In addition, other document requests, including requests relating to any actual or potential conspiratorial conduct or to other

contacts among competitors concerning the product(s) at issue in the particular case, are permitted in the Initial Cases.  Requests for production of documents produced to the DOJ by other Defendants likewise concerning the product(s) at issue in the particular case are also permitted.

[DEFENDANTS' POSITION: To the extent not already produced to any Plaintiff, any responsive documents may be withheld if they identify or discuss (1) products other than these four products or (2) contacts with competitors other than (a) those named as conspirators in the Initial Cases or (b) those who have entered plea agreements with the DOJ.  Defendants that withhold documents pursuant to the preceding sentence shall provide Plaintiffs with written notification of the Bates numbers of the responsive documents that have been withheld.]

[PLAINTIFFS' POSITION:  To the extent not already produced to any Plaintiff, any responsive documents may be redacted if they identify or discuss (1) products other than these four products or (2) contacts with competitors other than (a) those named as conspirators in the Initial Cases or (b) those who have entered plea agreements with the DOJ.  Defendants that redact documents pursuant to the preceding sentence shall provide Plaintiffs with a log at the same time that their document production would be due containing the Bates numbers of the redacted documents as well as the specific reasons why they are redacting such documents (*e.g.* "On page 85 of an 85 page document, the document discusses a non-related part.")  Defendants are required to produce documents in the Initial Cases in their entirety when any DOJ stay related to another product or to a conspirator (upon which Defendants based any redaction) is lifted.  [In the event that the Court determines that withholding documents is acceptable, Plaintiffs request the following

2

language:  If the document is withheld, Defendants shall produce a withholding log.  The log shall list, at a minimum, (a) the date of the document; (b) author(s); (c) recipient(s); (d) custodian(s); (e) the general subject matter; (f) the Bates numbers of the document; and (g) the specific reasons why Defendants are withholding such document.  In addition, Plaintiffs in good faith may request that Defendants produce a redacted version of any withheld document on a case-by-case basis if Plaintiffs believe that the document is either highly relevant, is improperly withheld or in the event that the immediate production of such document is necessary for any other good faith reason. Defendants are required to produce documents in the Initial Cases in their entirety when any DOJ stay related to another product or to a conspirator (upon which Defendants based any withholding) is lifted.]]  Interrogatories and requests for admissions are also permitted, consistent with these restrictions.

Depositions in the Initial Cases inquiring into any [PLAINTIFFS' POSITION: actual or potential criminal conduct under investigation by the DOJ] [DEFENDANTS' POSITION: conduct that is or has been under investigation by the DOJ] or contacts among competitors (collectively, "Stayed Subjects"), are stayed.  This stay in the Initial Cases shall not apply to Rule 30(b)(6) depositions that do not inquire into Stayed Subjects.  In any deposition during the stay, counsel for Defendants or any witness is permitted to direct witnesses to not disclose any information about any Stayed Subjects.

### Later Cases

With respect to the following cases: 2:12-cv-00500 - Bearings Cases; 2:12-cv-00600 - Occupant Safety Systems Cases; 2:12-cv-00700 - Alternator Cases; 2:12-cv-00800 - Anti-

Vibrational Rubber Parts Cases; 2:12-cv-00900 - Windshield Wipers Cases; 2:12-cv-01000 - Radiator Cases; and 2:12-cv-01100 - Starter Cases and all cases subsequently filed in or consolidated into MDL 2311 (the "Later Cases") [DEFENDANTS' POSITION: Defendants cannot stipulate to this language regarding cases subsequently filed or consolidated into MDL 2311, but have no opposition.], except for Later Cases addressing the specific products which were the subjects of the Initial Cases, all discovery, including the production of documents produced to the DOJ by any Defendant in the Later Cases, is stayed except discovery, including Rule 30(b)(6) depositions, [PLAINTIFFS' POSITION: that does not inquire into the Stayed Subjects.]   [DEFENDANTS' ALTERNATIVE POSITIONS: [ALTERNATIVE 1] that does not inquire into or seek information relating to the Stayed Subjects.  [OR ALTERNATIVE 2] that does not inquire into or seek information that goes to the merits of the Later Cases.]  In any deposition during the stay, counsel for Defendants or any witness is permitted to direct witnesses to not disclose any information about any Stayed Subjects.

At any time after the document discovery stay is lifted in any or all of the Later Cases, any party may request production of documents produced to the DOJ by any Defendant in any such case or cases.  The DOJ and any other affected party in the Later Cases shall, after having been made aware of such request, have an opportunity to object to any such request.

**All Initial and Later Cases**

During the pendency of the stay, no party to the litigation shall seek discovery from DOJ or any other party to the litigation or any alleged co-conspirator inquiring into the DOJ's or any federal grand jury investigations involving [PLAINTIFFS' POSITION: actual or potential

4

criminal conduct under investigation by the DOJ] [DEFENDANTS' POSITION: the Stayed Subjects].  This prohibition includes discovery of communications between the DOJ and any entity or individual or their counsel.  After any stay is lifted, the parties may not seek discovery from the DOJ or any other party to the litigation or any alleged co-conspirator inquiring into the DOJ's or any federal grand jury investigations involving [PLAINTIFFS' POSITION: actual or potential criminal conduct under investigation by the DOJ] [DEFENDANTS' POSITION: the Stayed Subjects] with the following exception.  [PLAINTIFFS' POSITION:  Once any stay is lifted, any party may request that the Court permit it to discover from any individual or entity, but not the DOJ, statements made by any individual or entity to the DOJ, subject to the rights of DOJ and any other party to object to such request.]  [DEFENDANTS' POSITION:  Once any stay is lifted, any party may request, prior to a deposition, that the Court permit it to question a witness about statements made by that witness to the DOJ, subject to the rights of DOJ and any other party to object to such request.  Such requests must be filed at least two weeks prior to the date noticed for the deposition.]

Every six months the DOJ will file a statement with the Court under seal regarding the status of its investigations and indicating whether it continues to object to certain discovery being permitted in any of the cases, but without discussing the merits of any investigation.  After the first six months, any party in the Initial Cases or Later Cases may request at any time that any part of the stay be lifted or modified for good cause shown, subject to the objection of the DOJ and any other party.

This Order does not prohibit the exchange of factual information between any Plaintiff

and any Defendant in the Initial or Later Cases on an informal basis as part of any settlement, or settlement negotiation or as part of the cooperation of any amnesty applicant ("Informal Discovery"). Production of Informal Discovery shall be made pursuant to a confidentiality agreement. This Order does not prohibit Plaintiffs from using any Informal Discovery in court filings, including but not limited to complaints, motions, and memoranda, provided that any information obtained through Informal Discovery shall be filed under seal and comply with any protective order for that particular product case. In the event that no protective order exists for a particular product case, the terms of the protective order entered in the Wire Harness case shall govern until a protective order for the particular case is entered.

Any discovery permitted herein, as an exception to the stay imposed by this Order, shall be conducted in accordance with the case management order and discovery schedule applicable to the particular case. This Order does not foreclose any party from objecting on any grounds available to it under the Federal Rules of Civil Procedure to any discovery request propounded in the Initial or Later Cases, or supersede any other stay of or limitation on discovery that may be imposed in any existing or subsequent case management order or discovery schedule applicable in any particular case.

[DEFENDANTS' POSITION: Any party that, after the stay expires, re-deposes any witness deposed during the stay (including witnesses proffered as Rule 30(b)(6) designees) must pay the reasonable attorney's fees and expenses (including travel expenses) incurred by any other party in connection with such subsequent deposition, so long as the party conducting the deposition during the stay is advised prior to the deposition that the witness has information

concerning the Stayed Subjects.] [PLAINTIFFS' POSITION:  Plaintiffs object to inclusion of this provision.]

**IT IS SO ORDERED**.

_____
MARIANNE O. BATTANI
UNITED STATES DISTRICT JUDGE

DATE: _____

7