2013 WL 3814248
Only the Westlaw citation is currently available.
United States District Court,
E.D. Michigan,
Southern Division.

Marcus A. MALEY, Plaintiff,
v.
OCTAPHARMA PLASMA, INC.
and Fleming Nillsen, Defendants.

No. 12–13892.   |   July 22, 2013.

**Attorneys and Law Firms**

Marcus A. Maley, Garnett, KS, pro se.

Bruce T. Wallace, Hooper, Hathaway, Ann Arbor, MI, for Defendants.

**Opinion**

*ORDER GRANTING DEFENDANTS' UNOPPOSED MOTION TO DISMISS (ECF NO. 6) AND CANCELLING HEARING SCHEDULED FOR THURSDAY, JULY, 25, 2013*

PAUL D. BORMAN, District Judge.

*1 Plaintiff filed his pro se Complaint on September 4, 2012. (ECF No. 1.) In his oneparagraph Complaint, Plaintiff appears to claim that he was not permitted to donate blood at the Octapharma Plasma donation center in Ypsilanti, Michigan after he disclosed to the screener that he was disabled by a psychological condition. (ECF No. 1, Complaint.) He claims $40,000,000 in damages and does not seek injunctive relief.

On November 9, 2012, Defendants filed a Motion to Dismiss. (ECF No. 6.) The Court issued a Notice of Hearing and briefing schedule, requiring Plaintiff to respond to Defendants' motion by December 10, 2012. (ECF No. 7.) The Court served copies of the Notice of Hearing on Plaintiff at two separate addresses that then appeared on the papers Plaintiff had filed with the Court. (11/13/2012 Text Only Certificate of Service.) Plaintiff did not file a response to Defendants' motion and on January 22, 2013, the Court received from Plaintiff a copy of the Notice of Hearing with a handwritten note informing the Court of Plaintiff's new address and indicating that Plaintiff was incarcerated and needed additional time to respond to the Motion. (ECF No. 8.) On January 28, 2013, the Court issued an Order requiring Plaintiff to respond to the Defendants' motion by February 20, 2013, giving Plaintiff two additional months from the original due date to respond to Defendants' motion. The Court served a copy of the Order on Plaintiff at the new address provided in his January 22, 2013 filing. (1/28/2013 Text Only Certificate of Service.) On March 5, 2013, the Order Requiring Response was returned to the Court indicating that delivery was "Attempted–Not Known." (ECF No. 10, Mail Returned as Undeliverable.)

To date, the Court has received no other filings or communications of any kind from Plaintiff, no further response to the Court's Order and no response to Defendants' motion. For the reasons that follow, the Court GRANTS Defendants' unopposed motion to dismiss and CANCELS the hearing scheduled for July 25, 2013.

**II. STANDARD OF REVIEW**

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a case where the complaint fails to state a claim upon which relief can be granted. When reviewing a motion to dismiss under Rule 12(b)(6), a court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *DirectTV, Inc. v. Treesh,* 487 F.3d 471, 476 (6th Cir.2007). But the court "need not accept as true legal conclusions or unwarranted factual inferences." *Id.* (quoting *Gregory v. Shelby County,* 220 F.3d 433, 446 (6th Cir.2000)). "[L]egal conclusions masquerading as factual allegations will not suffice." *Eidson v. State of Tenn. Dep't of Children's Servs.,* 510 F.3d 631, 634 (6th Cir.2007).

In *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), the Supreme Court explained that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level...." *Id.* at 555 (internal citations omitted). Dismissal is appropriate if the plaintiff has failed to offer sufficient factual allegations that make the asserted claim plausible on its face. *Id.* at 570. The Supreme Court clarified the concept of "plausibilty" in *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009):

***2** To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [*Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 556, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) ]. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid.* Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.,* at 557 (brackets omitted).

*Id.* at 1948–50. A plaintiff's factual allegations, while "assumed to be true, must do more than create speculation or suspicion of a legally cognizable cause of action; they must show *entitlement* to relief." *LULAC v. Bredesen,* 500 F.3d 523, 527 (6th Cir.2007) (emphasis in original) (citing *Twombly,* 127 S.Ct. at 1965). Thus, "[t]o state a valid claim, a complaint must contain either direct or inferential allegations respecting all the material elements to sustain recovery under some viable legal theory." *Bredesen,* 500 F.3d at 527 (citing Twombly, 127 S.Ct. at 1969). While a "*pro se* complaint ... must be held to less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus,* 551 U.S. 89, 94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007), still under even this lenient standard pro se plaintiffs must meet basic pleading requirements. *Martin v. Overton,* 391 F.3d 710, 714 (6th Cir.2004). The leniency granted to pro se plaintiffs "does not require a court to conjure allegations on a litigant's behalf." *Id.* at 714 (internal quotation marks and citation omitted).

In ruling on a motion to dismiss, the Court may consider the complaint as well as (1) documents that are referenced in the plaintiff's complaint or that are central to plaintiff's claims (2) matters of which a court may take judicial notice (3) documents that are a matter of public record and (4) letters that constitute decisions of a government agency. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.,* 551 U.S. 308, 322, 127 S.Ct. 2499, 168 L.Ed.2d 179 (2007). *See also Greenberg v. Life Ins. Co. Of Virginia,* 177 F.3d 507, 514 (6th Cir.1999) (finding that documents attached to a motion to dismiss that are referred to in the complaint and central to the claim are deemed to form a part of the pleadings). Where the claims rely on the existence of a written agreement, and plaintiff fails to attach the written instrument, "the defendant may introduce the pertinent exhibit," which is then considered part of the pleadings. *QQC, Inc. v. Hewlett–Packard Co.,* 258 F.Supp.2d 718, 721 (E.D.Mich.2003). "Otherwise, a plaintiff with a legally deficient claims could survive a motion to dismiss simply by failing to attach a dispositive document." *Weiner v. Klais & Co., Inc.,* 108 F.3d 86, 89 (6th Cir.1997).

### III. ANALYSIS

#### A. Defendants' Motion is Unopposed

**\*3** " '[I]f a plaintiff fails to respond or to otherwise oppose a defendant's motion, then the district court may deem the plaintiff to have waived opposition to the motion.' " *Humphrey v. United States Attorney General's Office,* 279 F. App'x 328, 331 (6th Cir.2008) (quoting *Scott v. State of Tennessee,* No. 88–6095, 1989 WL 72470, at \*2 (6th Cir. July 3, 2008), which affirmed district court's grant of unopposed motion to dismiss). Plaintiff has failed to respond to the Defendants' motion to dismiss, despite efforts by the Court to accommodate his request for additional time to respond and serving him with notice of the due date for his response at the address provided by him as an accurate address.

Plaintiff is well aware that the motion to dismiss has been filed, and understands how to communicate with the Court, as evidenced by his filing a request for an extension of time within which to respond to the Defendants' motion to dismiss, apprising the Court that he was incarcerated and informing the Court of his new address. Plaintiff sought this extension of time over six months ago, and to date has failed to communicate with the Court or to take any action in this case, and specifically failed to respond to Defendants' motion to dismiss. For this reason alone, the Court GRANTS Defendants' unopposed motion to dismiss, which Plaintiff does not contest.

#### B. Defendants' Motion Appears Well Supported

Moreover, it appears that Defendants have well-supported grounds for seeking dismissal of Plaintiff's Complaint for failing to state a plausible claim for relief under *Twombly*. Plaintiff indicates on his civil cover sheet that he invokes the Court's jurisdiction under 2 U.S.C. § 1331, and alleges that the cause of his injury is discrimination based on disability.[1] (ECF No. 1, Civil Cover Sheet.) The remedies available to Plaintiff under the statute on which he relies are those afforded under the Americans with Disabilities Act, 42 U.S.C. 12131, *et seq.* ("the ADA"). Specifically, Plaintiff alleges a violation of the public accommodation provisions of the ADA

(Title III), 42 U.S.C. § 12182. If Plaintiff were to prevail on a Title III ADA claim, he would be entitled to relief as available under 42 U.S.C. § 12188(a). "In order to make out a *prima facie* case under Title III of the ADA, the plaintiff must prove (1) that [he] has a disability; (2) that defendant's office is a place of public accommodation; and (3) that [he] was discriminated against by being refused full and equal enjoyment of [services] because of [his] disability." *Mayberry v. Von Valtier,* 843 F.Supp. 1160, 1164 (E.D.Mich.1994).

1   Plaintiff also cites 28 U.S.C. § 4101 and mentions "defamation." Section 4104 of Title 28 addresses the subject of foreign defamation judgments and has no application to the allegations pleaded by Plaintiff in his Complaint. Plaintiff has failed to state a plausible claim for relief under 28 U.S.C. § 4101.

As a threshold matter, it appears well-established that only injunctive relief is available to a plaintiff under Title III of the ADA. *See, e.g. Powell v. Nat'l Bd. of Med. Exam'rs,* 364 F.3d 79, 86 (2d Cir.2004). Plaintiff seeks only money damages ($40,000,000) in his Complaint. For this reason, his Complaint as pleaded fails to state a plausible claim for relief.

**\*4** Additionally, Defendants argue persuasively that Defendant Octapharma Plasma, Inc., a plasma donation center, is not a "public accommodation" entity as defined under the ADA. A plasma donation center is not listed as a covered entity and does not provide a "service" to the public.

Rather, the donation center accepts blood from members of the public and pays them for donating, i.e. pays them for their service. It does not provide healthcare and does not provide a service. Plaintiff has failed to adequately plead that Octapharma Plasma, Inc. is a public accommodation entity under the ADA.

Finally, as to Defendant "Fleming Nillsen," suits against individuals in their personal capacities are not permitted under Title III of the ADA. *See, e.g. Key v. Grayson,* 163 F.Supp.2d 697, 715 (E.D.Mich.2001) (recognizing that "personal liability has been rejected under both Titles I and III of the ADA"). Plaintiff has failed to state a plausible claim for relief against the individual, "Fleming Nillsen," whom Plaintiff identifies as the "President" of Defendant Octapharma Plasma, Inc.

### IV. CONCLUSION

For the foregoing reasons, the Court GRANTS Defendants' Motion to Dismiss, DISMISSES Plaintiff's Complaint with prejudice and cancels the July 25, 2013 hearing on the motion to dismiss. The Court concludes that oral argument will not aid the Court in deciding the merits of the Defendants' motion. *See* E.D. Mich. L.R. 7.1(f).

IT IS SO ORDERED.

**End of Document**                                          © 2013 Thomson Reuters. No claim to original U.S. Government Works.