

# Cracking Cartels With Leniency Programs

Scott D. Hammond

Deputy Assistant Attorney General for Criminal Enforcement
Antitrust Division, U.S. Department of Justice

OECD Competition Committee
Working Party No. 3 Prosecutors Program

Paris, France

October 18, 2005

# The Single Greatest Investigative Tool

- Since its revision in 1993, the Antitrust Division's Corporate Leniency Program has been the Division's <u>most</u> effective investigative tool

- Cooperation from leniency applicants has cracked more cartels than all other tools at our disposal combined -- searches, FBI "drop-in" interviews, informants, Interpol red notice watches, etc.

2

# Benefits of a Leniency Program

- A company will admit conduct before investigation is opened or turn on others after investigation underway
- Provide critical cooperation of inside participants
- Access to documents regardless of location
- Access to witnesses regardless of nationality
- May provide opportunity for covert operations

3

# The Success of the Leniency Program

- Led to detection and dismantling of the largest global cartels ever prosecuted and resulted in record-breaking fines in the U.S., EU, Canada, Australia, and elsewhere
  - In US, resulted in over $2 billion in criminal fines; EU figure even higher
- Many of these cartels would not have been cracked and may have remained undetected to this day without the lure of leniency
  - E.g., the "Vitamins, Inc." cartel

4

# Sample Investigations Advanced By Leniency
## (U.S. fine figures only)

- Vitamins
  - F. Hoffmann-La Roche -    $500 Million
  - BASF                       $225 Million
- DRAM
  - Samsung                    $300 Million
  - Hynix                      $185 Million
  - Infineon                   $160 Million
- Graphite Electrodes
  - SGL                        $135 Million
  - Mitsubishi                 $134 Million
  - UCAR                       $110 Million
- Fine Arts Auctions
  - Sotheby's                  $ 45 Million

5

# The Carrot

- Huge incentives to be the first to self report and implicate the other conspirators
  - No charges filed against the company
  - No charges filed against cooperating employees
  - No criminal or administrative fine
  - Promise of confidentiality

6

# The Stick

- Full immunity is only available to the first company to self report and meet the conditions of the program

- The second company - even if second by only a matter of minutes or hours as has been the case - and those that follow (as well as their executives) face severe sanctions

7

# The Race



- The winner-take-all approach creates distrust and panic within the cartel and *destabilizes* it
- There is no honor among thieves
- With the stakes so high, the cartel members can no longer afford to trust one another and go back to being cutthroat competitors
- The "empty seat at the table" scenario
- Individual exposure creates a race between the company and its own employees

8

# Leniency Programs Are Uniquely Designed for Fighting Cartels

- Leniency programs would make no sense for most other offenses

- Cartels are inherently difficult to prove – you need an insider willing to cooperate

- Cartels are conspiracies – so always other remaining companies/individuals left to prosecute after the first one reports the conduct

9

# Cornerstones of an Effective Leniency Program

- Threat of Severe Sanctions
- Heightened Fear of Detection
- Transparent Application of Program

10

# The Threat of Severe Sanctions

- Avoiding the risk of prison is the greatest inducement to self reporting
- The EU's success relying on heavy fines
- *BUT* the threat of criminal sanctions will act as a *DISINCENTIVE* to reporting unless policy is clear in advance that public prosecutor will not prosecute leniency recipients

11

# Cultivating a Fear of Detection

- Cultivating a fear of detection requires a demonstrated track record of cracking cartels
- Over 50% of our international investigations initiated as result of a lead generated in completely separate market (see cartel profiling, amnesty plus, and penalty plus policies)

12

# Transparency is Essential

- If company cannot predict how it will be treated, it is far less likely to report
- Experience of US and others with failed programs
- 20-fold increase in U.S. applications after we revised our program to make it more transparent and predictable

13

# Resources

- U.S. Corporate Leniency Documents and Speeches available at http://www.usdoj.gov/atr/public/criminal.htm

- ICN Cartel Working Group Website http://www.internationalcompetitionnetwork.org/cartels.html

- Request a Free Copy of DVD from 2004 ICN Leniency Workshop:

  Freedom of Information Act Unit
  Antitrust Division, Department of Justice
  Liberty Place Building, Suite 200
  Washington, D.C.  20530-0001
  Voice: (202) 514-2692
  Fax: (202) 616-4529



14