**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | |
|---|---|
| **In Re: AUTOMOTIVE PARTS ANTITRUST LITIGATION** | 12-md-02311<br>Honorable Marianne O. Battani |
| **THIS RELATES TO: ALL ACTIONS** | |

**DIRECT PURCHASER, END-PAYOR, AUTO DEALER AND FORD PLAINTIFFS' POSITION STATEMENT REGARDING MOTION OF THE UNITED STATES TO INTERVENE AND FOR A TEMPORARY AND LIMITED STAY OF CERTAIN DISCOVERY**

After extensive negotiations between Direct Purchaser Plaintiffs, End-Payor Plaintiffs, Automobile Dealer Plaintiffs, Ford Motor Company (collectively "Plaintiffs"), Defendants and the U.S. Department of Justice ("DOJ"), the parties submit this proposed Order.[1] There remain several disputed issues between Plaintiffs, Defendants and DOJ which are set out in the parties' respective position statements and require the Court's involvement. Plaintiffs' issues with Defendants share a common theme; specifically, Defendants are attempting to use this Order as a tool to narrow their discovery obligations. The disputes between Plaintiffs and DOJ pertain to the layers of protection that the DOJ is seeking, and the balance between granting the DOJ protection and permitting Plaintiffs to efficiently prosecute their cases. DOJ's interests in protecting the current investigation(s) are met under Plaintiffs' proposed version of the Order. DOJ's position is that it needs additional, and in Plaintiffs' view, superfluous layers of protection.

[1] Exhibit 1 attached hereto is Plaintiffs' and Defendants' joint Order delineating the areas of dispute and Exhibit 2 attached hereto is Plaintiffs' proposed Order.

**PLAINTIFFS' DISPUTED ISSUES WITH DEFENDANTS**

**Redaction vs. Withholding**

With regard to the Initial Cases (Wire Harness, IPC, HCP and Fuel Senders), Defendants wish to withhold entire documents, which are otherwise responsive to Plaintiffs' document requests, from production to Plaintiffs if such documents "identify or discuss" any non-relevant product or discuss contacts with competitors other than those named as conspirators in the Initial Cases or those who have entered plea agreements with the DOJ.[2] Plaintiffs' position is that any document responsive to Plaintiffs' document requests should be produced to Plaintiffs in a redacted form, along with a redaction log containing a) the Bates numbers of the redacted documents, and b) the specific reasons why such documents are being redacted, *e.g.*, "On page 85 of an 85 page document, the document discusses a non-related part." Defendants' proposal is an obvious attempt to narrow their discovery obligations, and misapprehends the purpose of this Order, which is to protect the DOJ's investigation, not to allow Defendants to avoid otherwise appropriate and timely discovery. Defendants have no standing to block the full scope of proper discovery here.

Allowing Defendants to withhold entire documents would prejudice Plaintiffs by unnecessarily depriving them of significant evidence. Under their proposal, Defendants could withhold a discoverable document in the Wire Harness case, simply because it makes a reference to a non-relevant product. For example, the reference to a non-relevant product could appear solely on page 85 of an 85 page document discussing the Wire Harness conspiracy. Defendants' position subverts the purpose of Fed. R. Civ. P. 26(b)(1), which calls for production of any

[2] A "non-relevant product" is defined solely herein as follows: any product other than the product at issue in the respective case.

relevant non-privileged matter, and is highly prejudicial to Plaintiffs. The DOJ, which brought this motion to protect its confidentiality concerns, does not oppose redaction in lieu of withholding entire documents.

Should the Court determine that withholding documents is acceptable, Plaintiffs request that Defendants still produce a withholding log identifying: (a) the date of the document; (b) author(s); (c) recipient(s); (d) custodian(s); (e) the general subject matter; (f) the Bates numbers; and (g) the specific reasons for withholding it. In addition, Plaintiffs may make a good faith request that Defendants produce a redacted version of any withheld document, on a case-by-case basis, if Plaintiffs believe the document is either highly relevant, improperly withheld or that its immediate production is necessary for any other good faith reason.

Finally, if any documents are redacted or withheld by Defendants in the Initial Cases, Plaintiffs request that Defendants produce such documents in their entirety when any DOJ stay related to another product or to a conspirator (upon which Defendants based any redaction or withholding) is lifted. The purpose of this stay is to protect the DOJ's continuing investigation of any other automotive parts and conspirators.

For the foregoing reasons, Plaintiffs respectfully request that Defendants redact and produce any Wire Harness, IPC, HCP and Fuel Senders documents that reference non-relevant products or discuss contacts with competitors other than those named as conspirators in the Initial Cases or those who have entered plea agreements with the DOJ.

**Definition of "Stayed Subjects"**

To further limit their obligations, Defendants seek to define the subjects into which Plaintiffs may not inquire during the stay as "conduct that is or has been under investigation by the DOJ." This definition encompasses broad categories of conduct about which Plaintiffs could

otherwise permissibly inquire, such as pricing conduct, rather than focusing on the particular criminal conduct under investigation by the DOJ. This proposal allows Defendants to withhold relevant evidence, about non-criminal conduct not under DOJ investigation, and hinders Plaintiffs' prosecution of their cases during the stay. Such a proposal is contrary to the efficient progress of the cases during the stay.

Additionally, this definition prevents Plaintiffs from inquiring into any conduct the DOJ previously investigated and determined to be innocuous, whether that investigation occurred 2 years ago or 12 years ago. Such conduct is not properly shielded from discovery by a stay intended to protect the current investigation.

On the other hand, Plaintiffs' proposal, which defines the stayed subjects as "actual or potential criminal conduct under investigation by the DOJ," protects from discovery the criminal conduct the DOJ is currently investigating, which fully achieves the purposes of this stay order.

**Production of Documents in Later Cases**

Defendants also seek to withhold all documents responsive to a particular request, if the response to that request might include some prohibited material. Specifically, in the Later Cases section of the Order, Defendants have included the additional following language (in bold):

> With respect to the following cases: 2:12-cv-00500 - Bearings Cases; 2:12-cv-00600 - Occupant Safety Systems Cases; 2:12-cv-00700 - Alternator Cases; 2:12-cv-00800 - Anti-Vibrational Rubber Parts Cases; 2:12-cv-00900 - Windshield Wipers Cases; 2:12-cv-01000 - Radiator Cases; and 2:12-cv-01100 - Starter Cases and all cases subsequently filed in or consolidated into MDL 2311 (the "Later Cases") [DEFENDANTS' POSITION: Defendants cannot stipulate to this language regarding cases subsequently filed or consolidated into MDL 2311, but have no opposition.], except for Later Cases addressing the specific products which were the subjects of the Initial Cases, all discovery, including the production of documents produced to the DOJ by any Defendant in the Later Cases, is stayed except discovery, including Rule 30(b)(6) depositions, [PLAINTIFFS' POSITION: that does not inquire into the Stayed Subjects.] **[DEFENDANTS' ALTERNATIVE POSITIONS: [ALTERNATIVE 1] that does not inquire into or seek information relating to the Stayed Subjects.**

> **[OR ALTERNATIVE 2] that does not inquire into or seek information that goes to the merits of the Later Cases.]**

In adding "or seek information relating to" (Alternative 1), Defendants argue that producing some but not all documents (those that are conspiracy related) responsive to a particular issue is overly burdensome, and therefore they should be excused from producing any documents responsive to a request that might encompass even one prohibited document. For example, there may be many documents related to pricing that do not relate to prohibited conspiratorial conduct and therefore would not be subject to the stay. Defendants' position, as proposed in Alternative 1, is that they should be permitted to withhold every document responsive to a particular request concerning pricing simply because one document of the responsive subset may relate to prohibited conspiratorial conduct.

Defendants' proposed Alternative 2 is even worse, as it would allow them to withhold the majority of documents from production as most document requests relate to the "merits" of a case. Thus, Defendants could refuse to respond to any and all document requests pertaining to pricing, production and many more non-conspiratorial categories. Defendants' refusal to produce responsive documents that do not otherwise violate the terms of the stay, as proposed in Alternatives 1 and 2, would significantly prejudice Plaintiffs and is another attempt to broaden the stay beyond what DOJ has deemed necessary to protect its investigation.

**Attorneys' Fees and Expenses for Multiple Depositions**

Defendants seek to include the following provision in the Order:

> Any party that, after the stay expires, re-deposes any witness deposed during the stay (including witnesses proffered as Rule 30(b)(6) designees) must pay the reasonable attorney's fees and expenses (including travel expenses) incurred by any other party in connection with such subsequent deposition, so long as the party conducting the deposition during the stay is advised prior to the deposition that the witness has information concerning actual or potential conspiratorial conduct or other contacts among competitors.

Again, Defendants seek to have this Order expand beyond preventing the parties from interfering with the DOJ's investigation. Any party may seek appropriate relief from discovery requests from the Court at any time. Defendants here seek to add a provision to this Order far beyond what is necessary to protect the DOJ's investigation. Apparently Defendants, by threatening Plaintiffs with fees and expenses, are seeking to prevent Plaintiffs from taking any depositions during the stay. This proposal is an apparent attempt to have a chilling effect on permissible and appropriate discovery, and should be rejected.

**PLAINTIFFS' DISPUTED ISSUES WITH DOJ AND DEFENDANTS**

**Discovery into Statements to the DOJ**

With respect to all Initial and Later Cases, Plaintiffs seek to preserve the ability of any party to request the Court, once the stay is lifted, to permit discovery into statements made by individuals or entities, such as those convicted by plea of guilty in this District, to the DOJ. Plaintiffs' position is that any party may request that the Court permit such discovery, which may touch on highly relevant subject matter, including the scope of the alleged conspiracy, the individual's or entity's role in the alleged conspiracy, and the veracity of the individual's or entity's current position or testimony.

Plaintiffs' position is extremely narrow and eminently reasonable. Plaintiffs' position allows for narrow and reasonable discovery, while allowing the DOJ to preserve several layers of protection for its current investigation. First, Plaintiffs merely seek the ability to request that the Court permit highly relevant discovery. Any party to the litigation—as well as the DOJ—may object at the time of the request, affording the Court the opportunity to rule on the request with the benefit of a full record. Second, no request may be made before the stay has been lifted, thus minimizing the possibility that such discovery might disrupt any ongoing DOJ investigation.

Third, the proposed Order precludes any party from seeking such discovery from the DOJ, thus protecting the DOJ from invasive discovery into its investigation practices.

In negotiations over the proposed Order, the DOJ has taken the position that Plaintiffs should abandon forever any attempt to obtain statements by individuals or entities to the DOJ, or to only seek such discovery through deposition testimony, not documents. The DOJ's position is far too limiting, and this Court should reject it. First, there can be no dispute that the anticipated discovery is highly relevant to these proceedings. Second, there can be no credible claim of privilege or work product, given that parties may only seek such statements in the hands of another party—not the DOJ. For example, only to the extent a witness statement has been furnished by the DOJ to an individual or entity may a party seek discovery of it. Any claim of privilege by any individual in connection with such statement would have been waived when that individual provided such statement to the DOJ. Third, Plaintiffs will request such information after the stay is lifted and will not seek it from the DOJ. Finally, the DOJ will retain the ability to object to any particular request.

The Defendants have inserted language that requires Plaintiffs to make any contemplated request two weeks before any anticipated deposition where testimony on statements made to the DOJ may be taken. This Court should not adopt Defendants' insert. First, Defendants' language would impose a rolling obligation in connection with individual depositions, which is neither efficient nor realistic. Any party should be permitted to make its request regardless of whether individual depositions are noticed, especially when the request may encompass multiple individuals or entities and further include written discovery. There is simply no credible basis to require parties to make requests related to individual depositions.

For the foregoing reasons, this Court should adopt Plaintiffs' position and preserve the ability of any party to request discovery of statements made by individuals or entities to the DOJ from any party other than the DOJ.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court: 1) order Defendants to redact and not withhold relevant documents; 2) order that the subjects into which Plaintiffs may not inquire during the stay be defined as "actual or potential criminal conduct under investigation by the DOJ," 3) order Defendants to produce, subject to the terms of the Order, all relevant documents in the Later Cases 4) strike Defendants' provision seeking attorneys' fees and expenses for multiple depositions; and 5) order that, after the stay, Plaintiffs are permitted to request from any individual or entity, but not the DOJ, discovery of statements made by individuals or entities to the DOJ subject to the rights of DOJ and any other party to object to such request.

Respectfully Submitted,

FINK + ASSOCIATES LAW

/s/ David H. Fink
David H. Fink (P28235)
Darryl Bressack (P67820)
100 West Long Lake Road, Suite 111
Bloomfield Hills, MI 48304
(248) 971-2500
dfink@finkandassociateslaw.com
dbressack@finkandassociateslaw.com

**DIRECT PURCHASER INTERIM LIAISON COUNSEL**

PRETI, FLAHERTY, BELIVEAU
& PACHIOS LLP
Gregory P. Hansel
Randall B. Weill
Michael Smith
One City Center
P.O. Box 9546
Portland, ME 04112-9546
(207) 791-3000
ghansel@preti.com
rweill@preti.com
msmith@preti.com

KOHN, SWIFT & GRAF, P.C.
Joseph C. Kohn
William E. Hoese
Douglas A. Abrahams
One South Broad Street, Suite 2100
Philadelphia, PA 19107
(215) 238-1700
jkohn@kohnswift.com
whoese@kohnswift.com
dabrahams@kohnswift.com

FREED KANNER LONDON
& MILLEN LLC
Michael J. Freed
Steven A. Kanner
William H. London
Michael L. Silverman
2201 Waukegan Road, Suite 130
Bannockburn, IL 60015
(224) 632-4500
mfreed@fklmlaw.com
skanner@fklmlaw.com
blondon@fklmlaw.com
msilverman@fklmlaw.com

SPECTOR ROSEMAN KODROFF
& WILLIS, P.C.
Eugene A. Spector
William G. Caldes
Jonathan M. Jagher
Jeffrey L. Spector
1818 Market Street, Suite 2500
Philadelphia, PA 19103
(215) 496-0300
espector@srkw-law.com
bcaldes@srkw-law.com
jjagher@srkw-law.com
jspector@srkw-law.com

**INTERIM LEAD COUNSEL FOR DIRECT PURCHASER PLAINTIFFS AND PROPOSED CLASS**

                          MANTESE HONIGMAN ROSSMAN
AND WILLIAMSON, P.C.

/s/ Gerard V. Mantese (w/ consent)
Gerard V. Mantese (P34424)
David Hansma (P71056)
Brendan Frey (P70893)
Joshua Lushnat (P75319)
1361 E. Big Beaver Road
Troy, MI 48083
(248) 457-9200 Ext. 203
gmantese@manteselaw.com
dhansma@manteselaw.com
bfrey@manteselaw.com
jlushnat@manteselaw.com

**AUTOMOBILE DEALER INTERIM LIAISON COUNSEL**

BARRETT LAW GROUP, P.A.
Don Barrett
David McMullan
Brian Herrington
P.O. Box 927
404 Court Square
Lexington, MS 39095
(662) 834-2488
dbarrett@barrettlawgroup.com
bherrington@barrettlawgroup.com
dmcmullan@barrettlawgroup.com

CUNEO GILBERT & LADUCA, LLP
Jonathan W. Cuneo
Joel Davidow
Daniel Cohen
Victoria Romanenko
507 C Street, N.E.
Washington, DC 20002
(202) 789-3960
jonc@cuneolaw.com
joel@cuneolaw.com
Danielc@cuneolaw.com
Vicky@cuneolaw.com

Larson ● King, LLP
Shawn M. Raiter
Paul A. Sand
2800 Wells Fargo Place
30 East Seventh Street
St. Paul, MN 55101
(651) 312-6500
sraiter@larsonking.com
psand@larsonking.com

**INTERIM LEAD COUNSEL FOR AUTOMOBILE DEALER PLAINTIFFS AND PROPOSED CLASS**

THE MILLER LAW FIRM, P.C.

/s/ E. Powell Miller (w/ consent)
E. Powell Miller (P39487)
950 W. University Dr., Suite 300
Rochester, MI 48307
(248) 841-2200
epm@millerlawpc.com

**INTERIM LIAISON COUNSEL FOR END-PAYOR PLAINTIFFS AND PROPOSED CLASS**

ROBINS, KAPLAN, MILLER & CIRESI LLP
Hollis L. Salzman
Bernard Persky
William V. Reiss
601 Lexington Avenue
Suite 3400
New York, NY 10022
212-980-7400
Fax: 212-980-7499
hsalzman@rkmc.com
bpersky@rkmc.com
wreiss@rkmc.com

SUSMAN GODFREY L.L.P.
Marc M. Seltzer
Steven G. Sklaver
1901 Avenue of the Stars, Suite 950
Los Angeles, CA 90067-6029
(310) 789-3100
mseltzer@susmangodfrey.com
ssklaver@susmangodfrey.com

SUSMAN GODFREY L.L.P.
Terrell W. Oxford
Warren T. Burns
901 Main Street, Suite 5100
Dallas, TX 75202
(214) 754-1900
toxford@susmangodfrey.com
wburns@susmangodfrey.com

COTCHETT, PITRE & MCCARTHY, LLP
Joseph W. Cotchett
Steven N. Williams
Adam J. Zapala
Gene W. Kim
San Francisco Airport Office Center
840 Malcolm Road, Suite 200
Burlingame, CA 94010
(650) 697-6000
jcotchett@cpmlegal.com
swilliams@cpmlegal.com
azapala@cpmlegal.com
gkim@cpmlegal.com

**INTERIM LEAD COUNSEL FOR END-PAYOR PLAINTIFFS AND PROPOSED CLASS**

KASOWITZ, BENSON, TORRES
& FRIEDMAN LLP

/s/ Edward McNally (w/ consent)
Hector Torres
Harold G. Levison
Edward E. McNally
Sarah Gibbs Leivick
Robert W. Bosslet
Attorneys for Plaintiff
1633 Broadway
New York, NY 10019
(212) 506-1700
htorres@kasowitz.com
hlevison@kasowitz.com
emcnally@kasowitz.com
sleivick@kasowitz.com
rbosslet@kasowitz.com

KIENBAUM OPPERWALL HARDY
& PELTON, P.L.C.
Eric J. Pelton (P-40635)
Theodore R. Opperwall (P-31374)
Ryan D. Bohannon (P-73394)
Attorneys for Plaintiff
280 N. Old Woodward Avenue, Suite 400
Birmingham, MI 48009
(248) 645-0000
epelton@kohp.com
topperwall@kohp.com
rbohannon@kohp.com

**COUNSEL FOR PLAINTIFF FORD MOTOR COMPANY**

**CERTIFICATE OF SERVICE**

      I hereby certify that on October 4, 2013, I electronically filed the foregoing paper with the Clerk of the court using the ECF system which will send notification of such filing to all counsel of record registered for electronic filing.

      FINK + ASSOCIATES LAW

      By: /s/David H. Fink
      David H. Fink (P28235)
      100 West Long Lake Road, Ste. 111
      Bloomfield Hills, MI 48304
      Tel: (248) 971-2500
      dfink@finkandassociateslaw.com