EXHIBIT B

# EXHIBIT B
## APPENDIX OF AUTHORITY IN SUPPORT OF DEFENDANTS' ARGUMENT THAT IPPS CANNOT DEMONSTRATE ANTITRUST STANDING[1]

|  | **State** | **Authority** |
|---|---|---|
| 1. | **Arizona** | Ariz. Rev. Stat. Ann. § 44-1412 ("It is the intent of the legislature that in construing this article, the courts may use as a guide interpretations given by the federal courts to comparable federal antitrust statutes."); *Luscher v. Bayer AG*, No. 2004-01485, slip op. at 2-3 (Ariz. Super. Ct. Sept. 14, 2005) (applying *AGC* to dismiss indirect purchaser Arizona antitrust claims); *In re Refrigerant Compressors Antitrust Litig.* ("*Compressors II*"), No. 2:09–md–02042, 2013 WL 1431756, at *10-15 (E.D. Mich. Apr. 9, 2013) (holding that Arizona applies the *AGC* test and dismissing indirect purchaser antitrust claims under Arizona law); *In re Dynamic Random Access Memory Antitrust Litig.* ("*DRAM II*"), 536 F. Supp. 2d 1129, 1134-42 (N.D. Cal. 2008) (dismissing claims under Arizona state antitrust law for lack of standing based on *AGC* factors). |
| 2. | **California** | *Vinci v. Waste Mgmt., Inc.*, 36 Cal. App. 4th 1811, 1814 n.1 (1995) ("Because the Cartwright Act has objectives identical to the federal antitrust acts, the California courts look to cases construing the federal antitrust laws for guidance in interpreting the Cartwright Act."); *Compressors II*, 2013 WL 1431756, at *10-15 (applying *AGC* factors to dismiss California antitrust claims by indirect purchasers of finished goods containing price-fixed part). |
| 3. | **District of Columbia** | D.C. Code § 28-4515 (the DCAA allows "a court of competent jurisdiction . . . [to] use as a guide interpretations given by federal courts to comparable antitrust statutes"); *Peterson v. Visa U.S.A. Inc.*, No. 03-8080, 2005 WL 1403761, at *4-6 (D.C. Super. Ct. Apr. 22, 2005) (holding that the court will "look at federal case law to determine whether District of Columbia plaintiff has standing under § 28-4508" and applying *AGC* factors); *Compressors II*, 2013 WL 1431756, at *10-15 (holding that the District of Columbia applies the *AGC* test and dismissing District of Columbia indirect purchaser antitrust claims for lack of standing). |
| 4. | **Hawaii** | Haw. Rev. Stat. § 480-3 ("This chapter shall be construed in accordance with judicial interpretations of similar federal antitrust statutes . . . ."); *Davis v. Four Seasons Hotel Ltd.*, 228 P.3d 303, 324 (Haw. 2010) ("Pursuant to this instruction, this court has indicated that it is appropriate to look to 'the guidance of similar federal antitrust statutes as permitted in HRS § 480-3.'" (internal citation omitted)). |

---

[1] This Court in *WH* did not address antitrust standing on a state-by-state basis. *In re Automotive Parts Antitrust Litigation (In re Wire Harness Cases)* ("*WH*"), No. 12-md-02311, 2013 WL 2456612, at *18 (E.D. Mich. June 6, 2013).

EXHIBIT B

|    | **State** | **Authority** |
|----|-----------|---------------|
| 5. | **Illinois** | 740 Ill. Comp. Stat. § 10/11 ("When the wording of this Act is identical or similar to that of a federal antitrust law, the courts of this State shall use the construction of the federal law by the federal courts as a guide in construing this Act."); *Laughlin v. Evanston Hosp.*, 550 N.E.2d 986, 990 (Ill. 1990) (same); *O'Regan v. Arbitration Forms, Inc.*, 121 F.3d 1060, 1066 (7th Cir. 1997) ("Federal antitrust standing rules apply under the Illinois Antitrust Act."). |
| 6. | **Iowa** | *Southard v. Visa U.S.A. Inc.*, 734 N.W.2d 192, 198 (Iowa 2007) ("[W]e apply the *AGC* factors to determine whether the plaintiffs may recover under Iowa law."); *accord Compressors II*, 2013 WL 1431756, at *9 (recognizing that the Iowa Supreme Court has ruled that the *AGC* test is to be applied). |
| 7. | **Kansas** | *Orr v. Beamon*, 77 F. Supp. 2d 1208, 1211 (D. Kan. 1999) ("[S]tanding under the Kansas antitrust statutes requires an antitrust injury similar to that required under the Sherman and Clayton Acts."); *Compressors II*, 2013 WL 1431756, at *10-15 (applying *AGC* to dismiss Kansas antitrust claims); *In re Magnesium Oxide Antitrust Litig.*, Civ. No. 10-5943, 2011 WL 5008090, at *7 n.9 (D.N.J. Oct. 20, 2011) (holding that indirect purchaser plaintiffs lacked standing to assert Kansas antitrust claims because those claims are construed in accordance with federal antitrust principles). |
| 8. | **Maine** | *Knowles v. Visa U.S.A. Inc.*, No. CV-03-707, 2004 WL 2475284, at *8 (Me. Super. Ct. Oct. 20, 2004) (dismissing claims for lack of standing: "the court has weighed the *Associated General Contractors* factors and has concluded that notwithstanding Maine's enactment of an *Illinois Brick* repealer, the factors that militate against standing outweigh those in favor of standing"); *Compressors II*, 2013 WL 1431756, at *10-15 (applying *AGC* to dismiss indirect purchasers' Maine antitrust claims); *In re New Motor Vehicles Canadian Exp. Antitrust Litig.* ("*NMV II*"), 235 F.R.D. 127, 134 (D. Me. 2006) (approvingly citing *Knowles*, in which Justice Warren "found that Maine would follow the factors set forth in [*AGC*]," and requiring "specific proof" of antitrust injury). |
| 9. | **Michigan** | Mich. Comp. Laws § 445.784(2) ("[I]n construing all sections of this act, the courts shall give due deference to interpretations given by the federal courts to comparable antitrust statutes . . . ."); *Am. Council, Certified Podiatric Physicians v. Am. Board Podiatric Surgery, Inc.*, 185 F.3d 606, 619 n.4 (6th Cir. 1999) ("Because Michigan antitrust law follows federal precedents, our reasoning regarding the federal antitrust claims applies equally to the state antitrust claims."); *Zuccarini v. Hoescht* (*In re Cardizem CD Antitrust Litig.*), 200 F.R.D. 326, 331 n.4 (E.D. Mich. 2001) ("Michigan courts have observed that federal court interpretation of the Sherman Antitrust Act is persuasive authority as to the meaning of the Michigan Antitrust Reform Act"); *Compressors II*, 2013 WL 1431756, at *10-15 (applying *AGC* factors to dismiss Michigan antitrust claim); *Stark v. Visa U.S.A. Inc.*, No. 03-055030-CZ, 2004 WL 1879003, at *2-4 (Mich. Cir. Ct. July 23, 2004) (dismissing |

EXHIBIT B

| | State | Authority |
|---|---|---|
| | | claims for lack of standing under *AGC*, and noting that "courts in other states that have repealed the *Illinois Brick* rule have continued to apply antitrust standing requirements to dismiss the claims of plaintiffs who assert only derivative or remote injuries"). |
| 10. | **Mississippi** | *Owens Corning v. R.J. Reynolds Tobacco Co.*, 868 So. 2d 331, 344 (Miss. 2004) (following federal law and holding that plaintiffs' claims were too remote to confer antitrust standing); *In re Potash Antitrust Litig.*, 667 F. Supp. 2d. 907, 945 (N.D. Ill. 2009) (relying on Mississippi Supreme Court's holding in *Owens Corning* and applying *AGC* to dismiss Mississippi antitrust claim), *vacated and remanded on other grounds by Minn-Chem, Inc. v. Agrium, Inc.*, 657 F.3d 650 (7th Cir. 2011). |
| 11. | **Nebraska** | Neb. Rev. Stat. § 59-829 ("When . . . any provision of Chapter 59 is the same as or similar to the language of a federal antitrust law, the courts of this state in construing such [provisions] shall follow the construction given to the federal law by the federal courts."); *Kanne v. Visa U.S.A., Inc.*, 723 N.W.2d 293, 297-301 (Neb. 2006) (applying *AGC* factors to claims under Nebraska's antitrust law, the Junkin Act); *Compressors II*, 2013 WL 1431756, at *10-15 (holding that Nebraska applies the *AGC* test and dismissing Nebraska indirect purchaser antitrust claims for lack of standing). |
| 12. | **Nevada** | Nev. Rev. Stat. § 598A.050 ("The provisions of this chapter shall be construed in harmony with prevailing judicial interpretations of the federal antitrust statutes."); *Boulware v. Nevada*, 960 F.2d 793, 800-01 (9th Cir. 1992) (Nevada Unfair Trade Practices Act "tracks . . . the Sherman Act" and "adopts by reference the case law applicable to the federal antitrust laws"); *Magnesium Oxide*, 2011 WL 5008090, at *7 n.9 (dismissing indirect purchaser Nevada antitrust claims); *DRAM II*, 536 F. Supp. 2d at 1134-42 (dismissing claims under Nevada state antitrust law based on *AGC* factors). |
| 13. | **New Hampshire** | N.H. Rev. Stat. Ann. § 356:14 ("In any action or prosecution under this chapter, the courts may be guided by interpretations of the United States' antitrust laws."); *Minuteman v. Microsoft Corp.*, 795 A.2d 833, 839 (N.H. 2002) (holding that Rev. Stat. Ann. § 356 "should be construed consistent with the *Illinois Brick* rule"); *Compressors II*, 2013 WL 1431756, at *10-15 (dismissing claims under New Hampshire state law based on *AGC* factors). |
| 14. | **New Mexico** | N.M. Stat. Ann. § 57-1-15 ("[T]he Antitrust Act shall be construed in harmony with judicial interpretations of the federal antitrust laws."); *Romero v. Philip Morris Inc.*, 242 P.3d 280, 291 (N.M. 2010) ("It is therefore the duty of the courts to ensure that New Mexico antitrust law does not deviate substantially from federal interpretations of antitrust law."); *Nass-Romero v. Visa U.S.A., Inc.*, 279 P.3d 772, 777-81 (N.M. Ct. App. 2012) (applying *AGC* to dismiss New Mexico Antitrust Act claims); *Compressors II*, 2013 WL 1431756, at *10-15 (same). |

B-3

EXHIBIT B

| | **State** | **Authority** |
|---|---|---|
| 15. | **New York** | *Ho v. Visa U.S.A. Inc.*, No. 112316/00, 2004 WL 1118534, at *2-3 (N.Y. Sup. Ct. Apr. 21, 2004) (applying *AGC* factors to New York antitrust law (Donnelly Act) claim and denying indirect purchaser standing), *aff'd* 16 A.D.3d 256 (N.Y. App. Div. 2005); *Compressors II*, 2013 WL 1431756, at *10-15 (holding that New York applies the *AGC* test and dismissing New York indirect purchaser antitrust claims for lack of standing). |
| 16. | **North Carolina** | *Teague v. Bayer*, 671 S.E.2d 550, 557-58 (N.C. Ct. App. 2009) (declining to adopt *AGC* analysis, but holding that standing depends on (1) whether plaintiff has adequately alleged causation, (2) the speculative nature of plaintiff's claims, and (3) the complexity of apportioning damages, and finding antitrust standing where plaintiffs alleged that price-fixed product was a "significant component part" (80-85%) of a product purchased). |
| 17. | **North Dakota** | *Beckler v. Visa U.S.A. Inc.*, No. Civ. 09-04-C-00030, 2004 WL 2475100, at *4 (N.D. Dist. Ct. Sept. 21, 2004) (dismissing claims because "[p]laintiffs' alleged injuries do not satisfy antitrust standing principles identified in *Associated General Contractors*"). |
| 18. | **Oregon** | Or. Rev. Stat. § 646.715 (2) ("The decisions of federal courts in construction of federal law relating to the same subject shall be persuasive authority in the construction of [Or. Rev. Stat. §] 646.705 to 646.805 and 646.990."); *see also N.W. Med. Labs., Inc. v. Blue Cross & Blue Shield of Or., Inc.*, 794 P.2d 428, 433 (Or. 1990) (acknowledging that Or. Rev. Stat. § 646.715 (2) requires Oregon courts to review federal case law when interpreting Or. Rev. Stat. § 646.725); *Magnesium Oxide*, 2011 WL 5008090, at *7 n.9 (dismissing indirect purchaser Oregon antitrust claims because Oregon antitrust law is "construed in accordance with federal antitrust principles"). |
| 19. | **South Dakota** | *Cornelison v. Visa U.S.A. Inc.*, Hearing Transcript, No. CIV 03-1350 at 54-55 (S.D. Cir. Ct. 2004) (employing *AGC* factors to dismiss claims based on lack of antitrust standing); *In re S.D. Microsoft Antitrust Litig.*, 707 N.W.2d 85, 99 (S.D. 2005) ("[B]ecause of the similarity of language between federal and state antitrust statutes . . . great weight should be given to the federal cases interpreting the federal statute." (internal citation omitted)); *DRAM II*, 536 F. Supp. 2d at 1134-42 (dismissing claims under South Dakota state antitrust law based on *AGC* factors). |
| 20. | **Tennessee** | *Tenn. Med. Ass'n v. Blue Cross Blue Shield of Tenn., Inc.*, 229 S.W.3d 304, 311 (Tenn. Ct. App. 2007) (citing *AGC* for its causation standard, applying that standard to determine standing under Tennessee's consumer protection law ("TCPA"), and stating that "[t]he same proximate cause standard governs Plaintiffs' statutory claims under the TCPA and the TTPA [Tennessee's antitrust law]"). |

EXHIBIT B

|     | **State**     | **Authority** |
|-----|---------------|---------------|
| 21. | **Utah**      | Utah Code Ann. § 76-10-3118 ("The legislature intends that the courts, in construing this act, will be guided by interpretations given by the federal courts to comparable federal antitrust statutes and by other state courts to comparable state antitrust statutes."); *Magnesium Oxide*, 2011 WL 5008090, at *7 n.9 (dismissing indirect purchaser Utah antitrust claims because Utah antitrust law is "construed in accordance with federal antitrust principles"). |
| 22. | **Vermont**   | *Fucile v. Visa U.S.A., Inc.*, No. S1560-03 CNC, 2004 WL 3030037, at *3 (Vt. Super. Ct. Dec. 27, 2004) ("[I]n applying the general factors of *Associated General Contractors*, the court holds that Mr. Fucile does not have standing in this case."). |
| 23. | **West Virginia** | W. Va. Code § 47-18-16 ("This article shall be construed liberally and in harmony with ruling judicial interpretations of comparable federal antitrust statutes."); *Kessel v. Monongalia Cnty. Gen. Hosp. Co.*, 648 S.E.2d 366, 374 (W. Va. 2007) ("[T]he courts of this state are directed by the legislature in W. Va. Code § 47-18-16 . . . to apply the federal decisional law interpreting the Sherman Act, 15 U.S.C. 1, to our own parallel antitrust statute." (internal quotations omitted)); *Princeton Ins. Agency, Inc. v. Erie Ins. Co.*, 690 S.E.2d 587, 598-600 (W. Va. 2009) (following federal law to hold that plaintiffs failed to demonstrate antitrust injury); *Compressors II*, 2013 WL 1431756, at *10-15 (applying *AGC* to dismiss West Virginia antitrust claims). |
| 24. | **Wisconsin** | *Strang v. Visa U.S.A., Inc.*, No. 03 CV 011323, 2005 WL 1403769, at *3-5 (Wis. Cir. Ct. Feb. 8, 2005) (dismissing Wisconsin antitrust claims under *AGC* and recognizing that "[n]umerous state courts have analyzed these factors and concluded that injuries identical to those claimed by Ms. Strang are too remote and speculative"); *Compressors II*, 2013 WL 1431756, at *10-15 (applying *AGC* to dismiss Wisconsin antitrust claims). |