EXHIBIT C

# EXHIBIT C
# APPENDIX OF AUTHORITY IN SUPPORT OF DEFENDANTS' ARGUMENT THAT IPPS' BOILERPLATE ALLEGATIONS FAIL TO ALLEGE A SUFFICIENT INTRASTATE NEXUS AS THE ANTITRUST LAWS OF NINE STATES REQUIRE

|   | **State** | **Authority** | *WH* **Treatment** |
|---|---|---|---|
| 1. | **District of Columbia** | *Sun Dun, Inc. v. Coca-Cola Co.*, 770 F. Supp. 285, 289 (D. Md. 1991) ("*Sun Dun II*") (holding that for the DCAA to apply, a plaintiff must show "sales in the District of Columbia that did not have an interstate aspect"); *accord Sun Dun, Inc. of Wash. v. Coca-Cola Co.*, 740 F. Supp. 381, 396-97 (D. Md. 1990) ("*Sun Dun I*") (finding that the only claims to which the DCAA "might possibly apply are those for . . . purchases within the District of Columbia which do not involve an interstate link" *and allowing discovery on this issue only because court found plaintiff's allegation that it did "much of its business" in the District of Columbia sufficient to infer the "possib[ility]" that it suffered injury there* (emphasis added)). | Rejected argument. *WH* at 20. |
| 2. | **Massachusetts** | *Ciardi v. Hoffmann-LaRoche, Ltd.*, No. 993244, 2000 WL 33162197, at *2-3 (Mass. Super. Ct. Sept. 29, 2000) (plaintiff must allege that the antitrust activities "occur[ed] and ha[d] their predominant impact primarily within the commonwealth."). | Not addressed. *WH* at 12. |
| 3. | **Mississippi** | *In re Microsoft Corp. Antitrust Litig.*, No. MDL 1332, Civ. JFM 03-741 through 03-748, 2003 WL 22070561, at *2 (D. Md. Aug. 22, 2003) (dismissing Mississippi antitrust claims where plaintiffs failed to allege "at least *some* conduct by Microsoft which was performed wholly intrastate" (emphasis in original)); *California v. Infineon Techs. AG*, 531 F. Supp. 2d 1124, 1158-59 (N.D. Cal. 2007) (finding "that the Mississippi Antitrust Act should be construed to require allegations of at least some activity or conduct occurring in intrastate commerce or trade" and dismissing plaintiffs' claims because plaintiffs' complaint was "wholly devoid of any allegations relating to intrastate trade or commerce"). | Rejected argument. *WH* at 20. |
| 4. | **Nevada** | Nev. Rev. Stat. § 598A.060 ("[I]t is unlawful to conduct any part of [a conspiracy in restraint of trade] *in this State*." (emphasis added)). | Rejected argument. *WH* at 21. |

EXHIBIT C

|   | **State** | **Authority** | ***WH* Treatment** |
|---|---|---|---|
| 5. | **New York** | *H-Quotient, Inc. v. Knight Trading Grp., Inc.*, No. 03 Civ.5889 (DAB), 2005 WL 323750, at *4 (S.D.N.Y. Feb. 9, 2005) (holding that plaintiff must plead facts establishing that the alleged conspiracy did *not* "principally affect[] *inter*state commerce" (emphasis added)). | Rejected argument. *WH* at 21. |
| 6. | **North Carolina** | N.C. Gen. Stat. § 75-1 ("Every contract, combination . . . or conspiracy in restraint of trade or commerce *in the State of North Carolina* is hereby declared to be illegal." (emphasis added)). | Rejected argument. *WH* at 21. |
| 7. | **South Dakota** | S.D. Cod. Laws § 37-1-3.1 ("[A] contract, combination or conspiracy between two or more persons in restraint of trade or commerce any part of which is within this state is unlawful.") | Rejected argument. *WH* at 20. |
| 8. | **Tennessee** | *Freeman Indus. v. Eastman Chem. Co.*, 172 S.W.3d 512, 523 (Tenn. 2005) ("[C]ourts must decide whether the alleged anticompetitive conduct affects Tennessee trade or commerce to a substantial degree."). | Rejected argument. *WH* at 20. |
| 9. | **West Virginia** | *State ex rel. Palumbo v. Graley's Body Shop, Inc.*, 425 S.E.2d 177, 183 n.11 (W. Va. 1992) ("West Virginia's antitrust law is directed towards *intrastate* commerce." (emphasis in original; citations and internal quotations omitted)). | Rejected argument. *WH* at 21. |