EXHIBIT D

# EXHIBIT D
# APPENDIX OF AUTHORITY IN SUPPORT OF DEFENDANTS' ARGUMENT THAT IPPS' BOILERPLATE ALLEGATIONS FAIL TO ALLEGE A SUFFICIENT INTRASTATE NEXUS AS THE CONSUMER PROTECTION LAWS OF FOUR STATES REQUIRE

|   | State | Authority | *WH* Treatment |
|---|---|---|---|
| 1. | **California** | *Meridian Project Sys., Inc. v. Hardin Constr. Co.*, 404 F. Supp. 2d 1214, 1225-26 (E.D. Cal. 2005) (dismissing claims where plaintiff failed to include allegations of "specific intrastate misconduct" or in-state injuries in the complaint). | Rejected argument. *WH* at 28. |
| 2. | **Montana** | *In re Dynamic Random Access Memory Antitrust Litig.* ("*In re DRAM I*"), 516 F. Supp. 2d 1072, 1104 (N.D. Cal. 2007) (dismissing plaintiffs' Montana consumer protection law claims where plaintiffs failed to allege "any conduct or activity taking place within [Montana] that sets forth a basis for connecting plaintiffs' individual claims with representative claims under . . . Montana . . . statutes"). | Rejected argument. *WH* at 29. |
| 3. | **New York** | *Goshen v. Mut. Life Ins. Co.*, 774 N.E.2d 1190, 1195 (N.Y. 2002) (stating that the statutory language of New York General Business Law § 349 "unambiguously evinces a legislative intent to address commercial misconduct occurring within New York," and holding that, to be a prohibited act under the statute, "the transaction in which the consumer is deceived must occur in New York"); *Kaufman v. Sirius XM Radio, Inc.*, 474 F. App'x 5, 8-9 n.1 (2d Cir. 2012) (reaffirming *Goshen*'s requirement that plaintiffs allege that "that they were deceived in New York" and dismissing claims of non-New York plaintiffs in reliance *not* on "the non-New York plaintiffs' residency but on the lack of any plausible claim that they engaged in a transaction with [defendant] Sirius within New York"). | Not addressed. *WH* at 28. |
| 4. | **North Carolina** | *In re Refrigerant Compressors Antitrust Litig.*, No. 2:09–md–02042, 2013 WL 1431756, at *18-19 (E.D. Mich. Apr. 9 2013) ("*Compressors II*") (dismissing NCUDTPA claim because plaintiffs alleged no misconduct by defendants in North Carolina, and allegations that manufacturers and retail consumers paid inflated prices were insufficient to meet intrastate nexus requirement); *Duke Energy Int'l, L.L.C. v. Napoli*, 748 F. Supp. 2d 656, 677 (S.D. Tex. 2010) (dismissing plaintiffs' claim because "[a] plaintiff who does not allege a substantial effect on in-state North Carolina | Not addressed. *WH* at 28. |

EXHIBIT D

| State | Authority | *WH* Treatment |
|---|---|---|
|  | operations fails to state a claim under the NC UTPA"); *Merck & Co. v. Lyon*, 941 F. Supp. 1443, 1463 (M.D.N.C. 1996) (dismissing NCUDTPA claim where "plaintiffs . . . failed to allege a substantial effect on any in-state business operations," and "[a]ny injury plaintiffs may suffer in North Carolina will be incidental"); *The "In" Porters, S.A. v. Hanes Printables, Inc.*, 663 F. Supp. 494, 502 (M.D.N.C. 1987) (same). |  |