EXHIBIT E

# EXHIBIT E
# APPENDIX OF AUTHORITY IN SUPPORT OF DEFENDANTS' ARGUMENT THAT IPPS' UNJUST ENRICHMENT CLAIMS FAIL IN THE TWENTY-TWO STATES THAT RECOGNIZE THE BENEFIT OF THE BARGAIN LIMITATION

|    | **State** | **Authority** | *WH* **Treatment** |
|----|-----------|---------------|---------------------|
| 1. | **Arizona** | *Brooks v. Valley Nat'l Bank*, 548 P.2d 1166, 1171 (Ariz. 1976) (affirming dismissal of unjust enrichment claims where plaintiff received the benefit of the bargain because "[a] person is not entitled to compensation on the grounds of unjust enrichment if he receives from the other that which it was agreed between them the other should give in return"); *USLife Title Co. of Ariz. v. Gutkin*, 732 P.2d 579, 585 (Ariz. Ct. App. 1986) (holding plaintiff was not entitled to recover for unjust enrichment because "[u]pon delivery of the quitclaim deed [the plaintiff] obtained that for which it bargained"). | Not addressed. *WH* at 31. |
| 2. | **Arkansas** | *Frein v. Windsor Weeping Mary LP*, 366 S.W.3d 367, 372 (Ark. Ct. App. 2009) (upholding dismissal of unjust enrichment claims because there was "no basis upon which damages could have been awarded to [plaintiff] on its theory of unjust enrichment" when the agreement had been fulfilled). | Not addressed. *WH* at 31. |
| 3. | **California** | *Peterson v. Cellco P'ship*, 80 Cal. Rptr. 3d 316, 323 (Ct. App. 2008) (holding that the trial court properly sustained defendant's demurrer to plaintiffs' unjust enrichment claim because "[t]here is no equitable reason for invoking restitution when the plaintiff gets the exchange which he expected" (citing *Comet Theatre Enters. v. Cartwright*, 195 F.2d 80, 83 (9th Cir. 1952))). | Not addressed. *WH* at 31. |
| 4. | **District of Columbia** | *Dahlgren v. Audiovox Commc'ns Corp.*, No. 2002 CA 007884 B, 2012 WL 2131937 (D.C. Super. Ct. Mar. 15, 2012) (dismissing unjust enrichment claim against phone manufacturer because plaintiff-consumer "produced no evidence that the cell phones . . . failed to function as intended" and thus received the benefit of her bargain with phone seller (citing *Peterson*, 80 Cal. Rptr. 3d at 326)). | Not addressed. *WH* at 31. |

EXHIBIT E

|  | **State** | **Authority** | *WH* **Treatment** |
|---|---|---|---|
| 5. | **Florida** | *Prohias v. Pfizer, Inc.* ("*Prohias I*"), 485 F. Supp. 2d 1329, 1335 (S.D. Fla. 2007) (dismissing unjust enrichment claims of consumers against drug manufacturer where consumers continued to purchase Lipitor from pharmacies even after they learned that it did not have coronary benefits because those consumers failed to allege "that they did not receive the benefit of their bargain"); *Am. Safety Ins. Serv. Inc. v. Griggs*, 959 So. 2d 322, 331-32 (Fla. Dist. Ct. App. 2007) (dismissing claim for unjust enrichment where plaintiffs received the benefits of their bargain with a third-party). | Not addressed. *WH* at 31. |
| 6. | **Illinois** | *La Throp v. Bell Fed. Sav. & Loan Ass'n*, 370 N.E.2d 188, 195 (Ill. 1977) (affirming dismissal of an unjust enrichment claim because "[a] person is not entitled to compensation on the grounds of unjust enrichment if he receives . . . that which it was agreed between them the other should give in return"). | Not addressed. *WH* at 31. |
| 7. | **Iowa** | *Smith v. Stowell*, 125 N.W.2d 795, 800 (Iowa 1964) ("[A] person is not entitled to compensation on the ground of unjust enrichment if he received . . . that which it was agreed between them the other should give in return." (quoting Restatement (First) of Restitution §107 cmt. (1)a (1937))), *overruled on other grounds by Lamp v. Am. Prothetics, Inc.*, 379 N.W.2d 909, 910 (Iowa 1986); *Crandell v. Wall Lake View Auburn Bd. of Educ.*, No. 00–2013, 2002 WL 987665, at *1-2 (Iowa Ct. App. May 15, 2002) (no unjust enrichment where plaintiff received the benefit of his bargained-for exchange). | Not addressed. *WH* at 31. |
| 8. | **Massachusetts** | *Cmty. Builders, Inc. v. Indian Motocycle Assocs., Inc.*, 692 N.E.2d 964, 979 (Mass. App. Ct. 1998) (there was no unjust benefit because plaintiffs knowingly entered into an agreement and the outcome was not outside of the reasonable expectations of the parties, i.e., plaintiffs received what they had bargained for); *Ferola v. Allstate Life Ins. Co.,* No 050996, 2007 WL 2705534, at *14 (Mass. Super. Ct. Aug. 30, 2007). | Not addressed. *WH* at 31. |
| 9. | **Michigan** | *Isom v. NE Lots LLC*, No. 288378, 2010 WL 143470, at *6 (Mich. Ct. App. Jan. 14, 2010) (a party cannot state a claim of unjust enrichment when said party received the benefit of its bargain). | Not addressed. *WH* at 31. |

EXHIBIT E

|     | **State** | **Authority** | ***WH* Treatment** |
|-----|-----------|---------------|--------------------|
| 10. | **Minnesota** | *Zinter v. Univ. of Minn.*, 799 N.W.2d 243, 247 (Minn. Ct. App. 2011) (a claim for unjust enrichment fails where a plaintiff receives the benefit to which she was entitled under an agreement), *review denied* (Aug. 16, 2011). | Not addressed. *WH* at 31. |
| 11. | **Mississippi** | *Omnibank of Mantee v. United S. Bank*, 607 So. 2d 76, 92-93 (Miss. 1992) ("The mere fact that a third person . . . benefits from an arrangement between two other persons . . . does not make such third person liable in . . . unjust enrichment[.]"). | Not addressed. *WH* at 31. |
| 12. | **Missouri** | *Howard v. Turnbull*, 316 S.W.3d 431, 438 (Mo. Ct. App. 2010) (because plaintiff got "precisely what he bargained for" from Ganin Homes, his claim for unjust enrichment against defendants (the owners of Ganin homes) failed). | Not addressed. *WH* at 31. |
| 13. | **Nebraska** | *Washa v. Miller*, 546 N.W.2d 813, 819 (Neb. 1996) ("The doctrine [of unjust enrichment in Nebraska] does not operate to rescue a party from the consequences of a bad bargain."). | Not addressed. *WH* at 31. |
| 14. | **New Hampshire** | *Clapp v. Goffstown Sch. Dist.*, 977 A.2d 1021, 1025 (N.H. 2009) (plaintiff could not recover unpaid pension benefits under unjust enrichment because the plaintiff received the benefit of her agreement with the school district (citing Restatement (First) of Restitution §107(1))). | Not addressed. *WH* at 31. |
| 15. | **New Mexico** | *Arena Res., Inc. v. Obo, Inc.*, 238 P.3d 357, 361 (N.M. Ct. App. 2010) (no unjust enrichment where plaintiff has received the benefit of the bargain (citing Restatement (First) of Restitution §107(1))). | Not addressed. *WH* at 31. |
| 16. | **New York** | *One Step Up, Ltd. v. Webster Bus. Credit Corp.*, 925 N.Y.S.2d 61, 70 (App. Div. 2011) (dismissing claim for unjust enrichment where "plaintiff received the benefit of its bargain"). | Not addressed. *WH* at 31. |
| 17. | **North Carolina** | *Britt v. Britt*, 359 S.E.2d 467, 471 (N.C. 1987) (holding plaintiff cannot recover for unjust enrichment where she received the agreed to consideration for the benefit conferred), *overruled on other grounds by Myers & Chapman, Inc. v. Thomas G. Evans, Inc.*, 374 S.E.2d 385 (N.C. 1988). | Not addressed. *WH* at 31. |

EXHIBIT E

|  | **State** | **Authority** | ***WH* Treatment** |
|---|---|---|---|
| 18. | **North Dakota** | *Jerry Harmon Motors, Inc. v. Heth*, 316 N.W.2d 324, 328 (N.D. 1982) ("[A] person is not entitled to compensation on the ground of unjust enrichment if he received from the other that which it was agreed between them that the other should give in return." ). | Not addressed. *WH* at 31. |
| 19. | **Oregon** | *High v. Davis*, 584 P.2d 725, 736 (Or. 1978) (en banc) ("We . . . do not believe that the claimants will be unjustly enriched. They are receiving what they bargained and paid for."); *Winters v. Cnty. of Clatsop*, 150 P.3d 1104, 1108 (Or. Ct. App. 2007) (holding that it was *not* "unjust to deny [plaintiff] restitution and to honor the terms of the bargain" where (i) plaintiff's mother (not plaintiff) bargained for, paid for, and received a bargain and sale deed (essentially a quitclaim deed) to property, even though defendant had no right to sell the property; (ii) purchaser and plaintiff used and enjoyed the land for many years; and (iii) title to the property had been awarded to a third-party). | Not addressed. *WH* at 31. |
| 20. | **Rhode Island** | *Rosetta v. Moretti*, No. 98-89, 2005 WL 1109638, at *8 (R.I. Super. Ct. May 4, 2005) (granting motion for judgment as matter of law because plaintiffs failed to establish that allowing defendant to retain the negotiated purchase price would be inequitable). | Not addressed. *WH* at 31. |
| 21. | **South Carolina** | *Johnston v. Brown*, 348 S.E.2d 391, 395 (S.C. Ct. App. 1986) (plaintiff cannot recover under unjust enrichment where he received the agreed- to consideration for the benefit conferred), *rev'd on other grounds*, 357 S.E.2d 450 (S.C. 1987). | Not addressed. *WH* at 31. |
| 22. | **Utah** | *S. Title Guar. Co. v. Bethers*, 761 P.2d 951, 955 (Utah Ct. App. 1988) (agreeing with lower court's decision that appellant failed to prove unjust enrichment when the appellant received what it bargained for by voluntarily sending its check to respondents and receiving the item which it sought); *Bray Lines Inc. v. Utah Carriers, Inc.*, 739 P.2d 1115, 1117 (Utah Ct. App. 1987) (unjust enrichment does not occur when a party receives the benefit of its bargain). | Not addressed. *WH* at 31. |