EXHIBIT F

# EXHIBIT F
## APPENDIX OF AUTHORITY IN SUPPORT OF DEFENDANTS' ARGUMENT THAT IPPS' UNJUST ENRICHMENT CLAIMS FAIL IN THE FOURTEEN STATES THAT REQUIRE A DIRECT BENEFIT CONFERRED BY PLAINTIFFS

|   | State | Authority | *WH* Treatment |
|---|---|---|---|
| 1. | **Arizona** | *Yee v. Nat'l Gypsum Co.*, No. CV-09-8189-PHX-DGC, 2010 WL 2572976, at *4 (D. Ariz. June 22, 2010) (dismissing unjust enrichment claim because indirect purchaser's complaint "contain[ed] no allegation that Plaintiff conferred a benefit" on defendant); *Laborers' & Operating Engineers' Util. Agreement Health & Welfare Trust Fund for Arizona v. Philip Morris, Inc.*, 42 F. Supp. 2d 943, 951 (D. Ariz. 1999) (dismissing unjust enrichment claim where plaintiff union pension fund did not allege it conferred any benefit on defendant cigarette manufacturer); *In re Refrigerant Compressors Antitrust Litig.* ("*Compressors II*"), No. 2:09-md-02042, 2013 WL 1431756, at *25-26 (E.D. Mich. Apr. 9, 2013) (viewing plaintiffs' failure to satisfy Arizona's direct benefit requirement as a basis for dismissal of Arizona unjust enrichment claim). | Not addressed. *WH* at 31. |
| 2. | **District of Columbia** | *Fort Lincoln Civic Assoc. v. Fort Lincoln New Town Corp.*, 944 A.2d 1055, 1076 (D.C. 2008) (rejecting unjust enrichment claim of third-party because it had no direct relationship with defendant developer); *Minebea Co., Ltd. v. Papst*, 444 F. Supp. 2d 68, 186 (D.C. Cir. 2006) (denying District of Columbia unjust enrichment claim where neither plaintiff "ever afforded any direct benefit" to the defendant); *Hakki v. Zima Co.*, No. 03-9183, 2006 WL 852126, at *3 (D.C. Super. Mar. 28, 2006) (dismissing unjust enrichment claim by plaintiff-consumer against manufacturer because "the complaint doe[s] not allege that [plaintiff] has conferred a benefit on any Defendant" and thus failed to specifically link plaintiff with defendant); *U.S. ex rel. Purcell v. MWI Corp.*, 520 F. Supp. 2d 158, 173 (D.D.C. 2007) (dismissing unjust enrichment claim against corporation's former president and majority stockholder because "any benefit was conferred on the corporation and not the individual defendant"); *Compressors II*, 2013 WL 1431756 at *25-26 (viewing plaintiffs' failure to satisfy the District of Columbia's direct benefit requirement as a basis for dismissal of District of Columbia unjust enrichment claim). | Not addressed. *WH* at 31. |

EXHIBIT F

|   | **State** | **Authority** | ***WH* Treatment** |
|---|---|---|---|
| 3. | **Florida** | *Compressors II*, 2013 WL 1431756 at *25-26 (viewing plaintiffs' failure to satisfy Florida's direct benefit requirement as a basis for dismissal of Florida unjust enrichment claim); *In re Porsche Cars N. Am., Inc.*, 880 F. Supp. 2d 801, 842-44 (S.D. Ohio 2012) (dismissing plaintiff's unjust enrichment claim against a vehicle manufacturer for defective coolant tubes because "[w]ithout establishing a link between the unidentified seller of his vehicle and [the manufacturer], Florida Plaintiff fails to allege that he conferred a direct benefit on [the manufacturer] as Florida law requires"); *Szymczak v. Nissan N. Am., Inc.*, No. 10 CV 7493 (VB), 2011 WL 7095432, at *20 (S.D.N.Y. Dec. 16, 2011) (dismissing plaintiff's Florida unjust enrichment claims because, under Florida law, an unjust enrichment claim requires a direct relationship between the parties and plaintiff did not allege he purchased his vehicle from defendant); *Doll v. Ford Motor Co.*, 814 F. Supp. 2d 526, 551-52 (D. Md. 2011) (dismissing Florida unjust enrichment claim by used car purchasers against vehicle manufacturer for plaintiffs' failure to allege that they purchased from the manufacturer or otherwise conferred a benefit on the manufacturer when they bought cars from independent dealerships); *In re Potash Antitrust Litig.*, 667 F. Supp. 2d 907, 948-49 (N.D. Ill. 2009) (granting motion to dismiss unjust enrichment claim because allegations of indirect purchases did not support a claim under Florida law), *vacated and remanded on other grounds by Minn-Chem, Inc. v. Agrium, Inc.*, 657 F.3d 650 (7th Cir. 2011); *Extraordinary Title Servs., LLC v. Fla. Power & Light Co.*, 1 So. 3d 400, 404 (Fla. Dist. Ct. App. 2009) (affirming trial court order dismissing unjust enrichment claim because plaintiff did not confer a benefit directly upon defendant); *Merkle v. Health Options, Inc.*, 940 So. 2d 1190, 1199 (Fla. Dist. Ct. App. 2006); *Hillman Constr. Corp. v. Wainer*, 636 So. 2d 576, 577 (Fla. Dist. Ct. App. 1994); *Variety Children's Hosp. v. Vigliotti*, 385 So. 2d 1052, 1054 (Fla. Dist. Ct. App. 1980). | Not addressed. *WH* at 31. |

EXHIBIT F

|  | State | Authority | *WH* Treatment |
|---|---|---|---|
| 4. | **Iowa** | *Southard v. Visa U.S.A., Inc.*, No. LACV 031729, 2004 WL 3030028, at *5 (Iowa Dist. Nov. 17, 2004), *aff'd*, 734 N.W.2d 192 (Iowa 2007) (dismissing consumers' unjust enrichment claims because their "damages are too remote and derivative" to sustain those claims); *Commercial Fed. Bank v. Qwest Corp.*, 695 N.W.2d 41, at *5 (Iowa Ct. App. Oct. 14, 2004) (unpublished table decision) (rejecting unjust enrichment claim by subcontractors against Qwest because of lack of direct relationship between them); *Henning v. Sec. Bank*, 564 N.W.2d 398, 403-04 (Iowa 1997) (subcontractors not entitled to recover against homeowner under an unjust enrichment theory due to lack of contractual privity). | Not addressed. *WH* at 31. |
| 5. | **Kansas** | *Spires v. Hosp. Corp. of Am.*, 289 F. App'x 269, 273 (10th Cir. 2008) (affirming dismissal of Kansas unjust enrichment claims where plaintiffs did not confer a direct benefit on defendants because there is "nothing in Kansas law that supports an indirect unjust enrichment claim"); *Compressors II*, 2013 WL 1431756 at *25-26 (viewing plaintiffs' failure to satisfy Kansas' direct benefit requirement as a basis for dismissal of Kansas unjust enrichment claim); *Potash*, 667 F. Supp. 2d at 948-49 (granting motion to dismiss unjust enrichment claim because allegations of indirect purchases do not support such a claim under Kansas law); *Haz-Mat Response, Inc. v. Certified Waste Servs., Ltd.*, 910 P.2d 839, 847 (Kan. 1996) (holding that under Kansas law, without privity, an unjust enrichment claim can only be brought in very limited circumstances). | Not addressed. *WH* at 31. |
| 6. | **Maine** | *Glenwood Farms, Inc. v. Ivey*, 228 F.R.D. 47, 52 (D. Me. 2005) (denying leave to amend complaint because Maine unjust enrichment law requires that benefit be conferred on defendant by plaintiff, not a third party); *Rivers v. Amato*, No. CV-00-131, 2001 WL 1736498, at *4 (Me. Super. Ct. June 22, 2001) (granting summary judgment on plaintiff's unjust enrichment claim because plaintiff did not allege he directly conferred a benefit on defendant); *aff'd*, Mem. 02-51 (Me. Dec. 12, 2002) (unpublished table decision); *Compressors II*, 2013 WL 1431756 at *25-26 (viewing plaintiffs' failure to satisfy Maine's direct benefit requirement as a basis for dismissal of Maine unjust enrichment claim); *Aftermarket Filters*, 2010 WL 1416259, at *2-3 (granting motion to dismiss unjust enrichment claim brought under Maine | Not addressed. *WH* at 31. |

EXHIBIT F

| | State | Authority | *WH* Treatment |
|---|---|---|---|
| | | law because indirect purchaser plaintiffs could not allege that they conferred a direct benefit on defendants). | Not addressed. *WH* at 31. |
| 7. | **Michigan** | *Compressors II*, 2013 WL 1431756 at *25-26 (viewing plaintiffs' failure to satisfy Michigan's direct benefit requirement as a basis for dismissal of Michigan unjust enrichment claim); *Aftermarket Filters*, 2010 WL 1416259, at *2-3 (granting motion to dismiss Michigan unjust enrichment claim because indirect purchaser plaintiffs could not allege that they conferred a direct benefit on defendants); *Potash*, 667 F. Supp. 2d at 948-49 (granting motion to dismiss unjust enrichment claim because allegations of indirect purchases do not support a claim under Michigan law); *Munson v. Countrywide Home Loans, Inc.*, No. 08-13244, 2008 WL 5381866, at *9 (E.D. Mich. Dec. 17, 2008) (dismissing unjust enrichment claim because, under Michigan law, defendant must have received a benefit directly from plaintiffs, and plaintiffs did not and could not make such an allegation); *A & M Supply Co. v. Microsoft Corp.*, No. 274164, 2008 WL 540883, at *2 (Mich. Ct. App. Feb. 28, 2008) (dismissing claims of indirect purchasers because unjust enrichment does not apply when plaintiff does not confer a direct benefit on defendant or have direct contact with defendant); *Niemi v. Am. Axle Mfg. & Holding. Inc.*, No. 269155, 2007 WL 29383, at *6 (Mich. Ct. App. Jan. 4, 2007) (dismissing plaintiffs' claim because although "[defendant] received the benefit of plaintiffs' design . . . they did not receive it directly from plaintiffs"). | Not addressed. *WH* at 31. |
| 8. | **Minnesota** | *Schumacher v. Schumacher*, 627 N.W.2d 725, 729 (Minn. App. 2001) (plaintiffs must allege the conferral of a benefit on defendants to establish a claim for unjust enrichment under Minnesota law). | Not addressed. *WH* at 31. |
| 9. | **New York** | *Kaye v. Grossman*, 202 F.3d 611, 616 (2d Cir. 2000) (rejecting unjust enrichment claim by lender against borrower's wife because the lender "[did] not establish the specific and direct benefit necessary to support an unjust enrichment claim" against the wife, a third party); *Brenner v. Brenner*, 821 F. Supp. 2d 533, 540-41 (E.D.N.Y. 2011) (dismissing unjust enrichment claims because defendant did not directly benefit from plaintiffs having paid off a loan made to defendant's son's company); *Compressors II*, 2013 WL 1431756, at *25-26 (viewing plaintiffs' failure to satisfy New York's direct benefit requirement as a basis for dismissal of New York unjust enrichment claim); *In re LIBOR-Based Financial* | Not addressed. *WH* at 31. |

EXHIBIT F

| | State | Authority | *WH* Treatment |
|---|---|---|---|
| | | *Instruments Antitrust Litig.*, No. 11 MD 2262(NRB), 2013 WL 1285338, at *61 (S.D.N.Y. Mar. 29, 2013) (dismissing New York unjust enrichment claim because allegations that plaintiffs paid supra-competitive prices due to defendants' conduct did not "establish a relationship, of any sort, between plaintiffs and defendants"); *Bristol Vill., Inc. v. La.-Pac. Corp.*, No. 12-CV-2635, 2013 WL 55698, at *7 (W.D.N.Y. Jan. 3, 2013) (dismissing unjust enrichment claim: "[a] relationship is too attenuated where a plaintiff is an indirect purchaser of an item as part of a larger product"); *Carmona v. Spanish Broad. Sys., Inc.*, No. 08 Civ. 4475, 2009 WL 890054, at *6 (S.D.N.Y. Mar. 30, 2009) (dismissing unjust enrichment claim because plaintiff lacked "direct dealings, or an actual, substantive relationship" with defendant); *M+J Savitt, Inc. v. Savitt*, No. 08 Civ. 8535 (DLC), 2009 WL 691278, at *10 (S.D.N.Y. Mar. 17, 2009) ("It is not sufficient for defendant to receive some indirect benefit – the benefit received must be 'specific and direct' to support an unjust enrichment claim." (internal citation omitted)); *Sperry v. Crompton Corp.*, 863 N.E.2d 1012, 1018 (N.Y. 2007) (noting that a plaintiff cannot assert an unjust enrichment claim against an entity that manufactured a component of a product purchased from a third party because the connection is too attenuated); *Georgia Malone & Co., Inc. v. Rieder*, 19 N.Y.3d 511, 518-19 (N.Y. 2012) (no unjust enrichment because parties "simply had no dealings with each other" and complaint did not allege that parties "had any contact regarding the purchase transaction"); *Mandarin Trading Ltd. v. Wildenstein*, 16 N.Y.3d 173, 182 (N.Y. 2011) (affirming dismissal of New York unjust enrichment claim due to lack of allegations indicating a relationship between the parties). | Not addressed. *WH* at 31. |
| 10. | **North Carolina** | *Baker Constr. Co. v. City of Burlington*, No. COA09-13, 2009 WL 3350747, at *6 (N.C. Ct. App. Oct. 20, 2009) (upholding dismissal of unjust enrichment claim because North Carolina courts "ha[ve] limited the scope of a claim of unjust enrichment such that the benefit conferred must be conferred directly from plaintiff to defendant, not through a third party"); *Embree Constr. Grp., Inc. v. Rafcor, Inc.*, 411 S.E.2d 916, 922 (N.C. 1992) (bank unjustly enriched when it received the security it bargained for – a completed building – but did not disburse funds for completing the building to the third party construction company); *Aftermarket Filters*, 2010 | Not addressed. *WH* at 31. |

EXHIBIT F

| | State | Authority | *WH* Treatment |
|---|---|---|---|
| | | WL 1416259, at *2-3 (granting motion to dismiss unjust enrichment claim brought under North Carolina law because indirect purchaser plaintiffs could not allege that they conferred a direct benefit on defendants); *see also In re Flonase Antitrust Litig.* ("*Flonase II*"), 692 F. Supp. 2d 524, 546 (E.D. Pa. 2010) ("I therefore find that the Supreme Court of North Carolina would hold that a direct benefit is required in North Carolina. Indirect Purchaser Plaintiffs' unjust enrichment claims in this state are dismissed."); *In re Relafen Antitrust Litig.* ("*Relafen I*"), 221 F.R.D. 260, 287 (D. Mass. 2004) (excluding North Carolina plaintiffs from the exemplar classes because they "would be subject to an individualized defense regarding the 'direct benefit' element of their unjust enrichment claims"). | Not addressed. *WH* at 31. |
| 11. | **North Dakota** | *Apache Corp. v. MDU Res. Grp., Inc.*, 603 N.W.2d 891, 895 (N.D. 1999) (approving dismissal of unjust enrichment claims and explaining a defendant must have obtained "a benefit at the direct expense of the [plaintiff]"); *In re Relafen Antitrust Litig.* ("*Relafen II*"), 225 F.R.D. 14, 28 (D. Mass. 2004) (relying on *Apache* to preclude unjust enrichment claims brought by indirect purchaser plaintiffs due to absence of direct benefit conferred by them on defendants). | Not addressed. *WH* at 31. |
| 12. | **Rhode Island** | *Bouchard v. Price*, 694 A.2d 670, 673 (R.I. 2001) (affirming dismissal of Rhode Island unjust enrichment claim because plaintiffs conferred no benefit on defendants); *Compressors II*, 2013 WL 1431756 at *25-26 (viewing plaintiffs' failure to satisfy Rhode Island's direct benefit requirement as a basis for dismissal of Rhode Island unjust enrichment claim). | Not addressed. *WH* at 31. |
| 13. | **South Carolina** | *Myrtle Beach Hosp., Inc. v. City of Myrtle Beach*, 532 S.E.2d 868, 873 (S.C. 2000) (no unjust enrichment claim could lie where plaintiff did not allege conferral of benefit directly upon defendant); *Doll*, 814 F. Supp. 2d at 551-52 (dismissing South Carolina unjust enrichment claim by used car purchasers against vehicle manufacturer for failure to allege that they purchased from the manufacturer or otherwise conferred a benefit on the manufacturer when they bought cars from independent dealerships); *Kunzelmann v. Wells Fargo Bank, N.A.*, No. 9:11-cv-81373-DMM, 2013 WL 139913, at *10 (S.D. Fla. Jan. 10, 2013) (denying class certification because of variation in state unjust enrichment laws, including South Carolina's direct benefit requirement). | Not addressed. *WH* at 31. |

EXHIBIT F

|     | **State** | **Authority** | **WH Treatment** |
| --- | --- | --- | --- |
| 14. | **Utah** | *FTC v. Mylan Labs, Inc.*, 62 F. Supp. 2d 25, 52 (D.D.C. 1999) (finding no statutory or common law authority authorizing unjust enrichment claims by indirect purchasers under Utah law and dismissing these claims); *Aftermarket Filters*, 2010 WL 1416259, at *2–3 (although privity not required, any benefit plaintiffs conferred "would be on others in the chain of distribution from whom they purchased, not on defendants"); *Emergency Physicians Integrated Care v. Salt Lake Cnty.*, 167 P.3d 1080, 1086 (Utah 2007) (defendant-county benefitted directly from plaintiffs' provision of medical services to county inmates because defendant-county had constitutional duty to provide medical services); *Concrete Prods. Co. v. Salt Lake Cnty.*, 734 P.2d 910, 911-12 (Utah 1987) (dismissing plaintiff-contractor's unjust enrichment claim against defendant- city for lack of direct benefit where contractor delivered gutters to third-party developer, but was never paid). | Not addressed. *WH* at 31. |