EXHIBIT G

# EXHIBIT G
## APPENDIX OF AUTHORITY IN SUPPORT OF DEFENDANTS' ARGUMENT THAT IPPS' UNJUST ENRICHMENT CLAIMS FAIL IN THE ELEVEN STATES WHERE RETENTION OF A BENEFIT IS NOT UNJUST WHERE THE DEFENDANT HAS PROVIDED CONSIDERATION FOR IT

|   | State | Authority | *WH* Treatment |
|---|---|---|---|
| 1. | **Florida** | *Am. Safety Ins. Serv. Inc. v. Griggs*, 959 So. 2d 322, 331-32 (Fla. Dist. Ct. App. 2007) ("When a defendant has given adequate consideration to someone for the benefit conferred, a claim of unjust enrichment fails."); *Commerce P'ship 8098 Ltd. P'ship v. Equity Contracting Co.*, 695 So. 2d 383, 390 (Fla. Dist. Ct. App. 1997) (unjust enrichment not available where a defendant provides consideration to a third party for the benefit it received because retention of the benefit is not unjust). | Not addressed. *WH* at 31. |
| 2. | **Kansas** | *Tradesmen Int'l, Inc. v. U.S. Postal Serv.*, 234 F. Supp. 2d 1191, 1205-06 (D. Kan. 2002) (dismissing unjust enrichment claim by sub-subcontractor against contractor because sub- subcontractor did not allege that contractor did not pay for the benefits it received); *Senne & Co. v. Simon Capital Ltd. P'ship*, No. 93-302, 2007 WL 1175858, at *8 (Kan. Ct. App. Apr. 20, 2007) (the premise of an unjust enrichment claim is that the defendant received a benefit without providing consideration). | Not addressed. *WH* at 31. |
| 3. | **Massachusetts** | *Ferola v. Allstate Life Ins. Co.*, No. 050996, 2007 WL 2705534, at *14 (Mass. Super. Ct. Aug. 30, 2007) (unjust enrichment will not lie where defendant provided valuable consideration). | Not addressed. *WH* at 31. |
| 4. | **Missouri** | *Cnty. Asphalt Paving, Co., Inc. v. Mosley Constr., Inc.*, 239 S.W.3d 704, 710 (Mo. Ct. App. 2007) (no unjust enrichment where defendant provided third party the consideration due under their agreement even if defendant retained a benefit from plaintiff without further payment). | Not addressed. *WH* at 31. |
| 5. | **Nevada** | *Bowyer v. Davidson*, 584 P.2d 686, 687 (Nev. 1978) (no unjust enrichment where defendant provided third party the consideration due under their agreement even if defendant retained a benefit from plaintiff without making further payment). | Not addressed. *WH* at 31. |


EXHIBIT G

|   | **State** | **Authority** | ***WH* Treatment** |
|---|---|---|---|
| 6. | **New Hampshire** | *Axenics, Inc. v. Turner Constr. Co.*, 62 A.3d 754, 766-67 (N.H. 2013) (once defendant's financial obligation to a third party is fulfilled, plaintiff cannot use unjust enrichment to rely on defendant to satisfy the relationship between plaintiff and third party). | Not addressed. *WH* at 31. |
| 7. | **South Dakota** | *Parker v. W. Dakota Insurors, Inc.*, 605 N.W.2d 181, 187 (S.D. 2000) (party is not unjustly enriched when that party provided consideration for the benefit received). | Not addressed. *WH* at 31. |
| 8. | **Tennessee** | *McKee v. Meltech, Inc.*, No. 10-2730, 2011 WL 1770461, at *10 (W.D. Tenn. May 9, 2011) (dismissing unjust enrichment claim because defendant had provided compensation for the services provided to plaintiff's wife and thus "there [wa]s no injustice in allowing the defendant to retain th[e] benefit[]"); *Paschall's, Inc. v. Dozier*, 407 S.W.2d 150, 155 (Tenn. 1966) ("[I]f the [defendant] has given any consideration to any person for the [benefit], it would not be unjust for him to retain the benefit without paying the furnisher."); *Weather Doctor Servs. Co., Inc. v. Stephens*, No. E2000-01427-COA-R3-CV, 2001 WL 849540, at *2-3 (Tenn. Ct. App. July 27, 2001) (rejecting contractor's unjust enrichment claim against homeowner because homeowner provided consideration to a third-party). | Not addressed. *WH* at 31. |
| 9. | **Utah** | *Am. Movie Classics v. Rainbow Media Holdings*, 508 F. App'x 826, 833-34 (10th Cir. 2013) (rejecting unjust enrichment claim because defendant provided consideration to the third-party with whom it had contracted to purchase advertising from plaintiff even though the third-party had not paid plaintiff for the advertising); *Nickerson Co. v. Energy W. Mining Co.*, No. 20090221–CA, 2009 WL 4681778, at *2 (Utah Ct. App. Dec. 10, 2009) (declining to hold defendant liable for unjust enrichment because defendant had paid a third-party and, therefore, "did not receive or retain any benefit for which it did not pay"). | Not addressed. *WH* at 31. |

EXHIBIT G

|  | State | Authority | *WH* Treatment |
|---|---|---|---|
| 10. | **Vermont** | *Ray Reilly's Tire Mart, Inc. v. F.P. Elnicki, Inc.*, 537 A.2d 994, 995 (Vt. 1987) ("'[I]f the [defendant] has given any consideration to any person for the [benefit], it would not be unjust for him to retain the benefit without paying the furnisher.'" (quoting *Paschall's, Inc. v. Dozier*, 407 S.W.2d 150, 155 (Tenn. 1966)); *Morrisville Lumber Co., Inc. v. Okcuoglu*, 531 A.2d 887, 889 (Vt. 1987) ("The retention of a benefit is not unjust where defendants have paid for it."); *Will v. Mill Condo. Owners' Ass'n, Inc.*, No. 457-10-01 Wrcv, 2002 WL 34340312 (Vt. Sup. Ct. July 5, 2002) (defendant was not unjustly enriched when it bought a condominium for $3510.10 that was worth $70,000 because "the defendant is not unjustly enriched when the defendant has paid for the benefits received"). | Not addressed. *WH* at 31. |
| 11. | **Wisconsin** | *Tri-State Mech., Inc. v. Northland Coll.*, 681 N.W.2d 302, 305-06 (Wis. Ct. App. 2004) (unjust enrichment unavailable if recipient of the benefit has already paid for it). | Not addressed. *WH* at 31. |