EXHIBIT H

# EXHIBIT H
## APPENDIX OF AUTHORITY IN SUPPORT OF DEFENDANTS' ARGUMENT THAT IPPS FAIL TO SATISFY THE REQUIREMENTS FOR PLEADING UNJUST ENRICHMENT UNDER THE LAWS OF THIRTEEN STATES

|    | **State** | **Authority** | *WH* **Treatment** |
|----|-----------|---------------|--------------------|
| 1. | **Arizona** | *Trustmark Ins. Co. v. Bank One, Ariz., NA*, 48 P.3d 485, 491 (Ariz. Ct. App. 2002) (noting that under the law of Arizona, to establish a claim for unjust enrichment, a party must show, *inter alia*, "the absence of a legal remedy"). | Not addressed. *WH* at 31. |
| 2. | **California** | *Melchior v. New Line Prods., Inc.*, 131 Cal. Rptr. 2d 347, 357 (Ct. App. 2003) ("[T]here is no cause of action in California for unjust enrichment."); *Walker v. USAA Cas. Ins. Co.*, 474 F. Supp. 2d 1168, 1174 (E.D. Cal. 2007) (granting motion to dismiss without leave to amend and stating: "Because California law does not recognize Plaintiff's claim for unjust enrichment, there are no facts Plaintiff could prove to support this claim."), *aff'd sub nom. Walker v. Geico Gen. Ins. Co.*, 558 F.3d 1025 (9th Cir. 2009); *Dunkel v. eBay, Inc.*, No. 5:12-cv-01452-EJD, 2013 WL 415584, at *11 (N.D. Cal. Jan. 31, 2013) (same); *Hill v. Roll Int'l Corp.*, 128 Cal. Rptr. 3d 109, 118 (Ct. App. 2011) (same). | Not addressed. *WH* at 31. |
| 3. | **Florida** | *Am. Honda Motor Co., Inc. v. Motorcycle Info. Network, Inc.*, 390 F. Supp. 2d 1170, 1178 (M.D. Fla. 2005) (dismissing unjust enrichment claims predicated on same facts as FDUTPA claim because existence of FDUTPA claim shows an adequate remedy at law); *Prohias v. Pfizer, Inc.* ("*Prohias II*"), 490 F. Supp. 2d 1228, 1236-37 (S.D. Fla. 2007) (same). | Not addressed. *WH* at 31. |
| 4. | **Hawaii** | *Porter v. Hu*, 169 P.3d 994, 1007 (Haw. Ct. App. 2007) (confirming that under Hawaii law "equity has always acted only when legal remedies were inadequate" (internal citation omitted)); *Davis v. Four Seasons Hotel Ltd.*, CIV. 08-00525 HG-BMK, 2011 WL 5025521, at *6 (D. Haw. Oct. 20, 2011) (affirming summary judgment on unjust enrichment claim because plaintiffs had adequate remedy in the form of a statutory claim). | Not addressed. *WH* at 31. |

EXHIBIT H

|  | **State** | **Authority** | ***WH* Treatment** |
|---|---|---|---|
| 5. | **Illinois** | *Martis v. Grinell Mut. Reinsurance Co.*, 388 Ill. App. 3d 1017, 1025 (2009) ("For a cause of action based on a theory of unjust enrichment to exist [under Illinois law], there must be an independent basis that establishes a duty on the part of the defendant to act and the defendant must have failed to abide by that duty.") (citing *Lewis v. Lead Industries Ass'n, Inc.*, 793 N.E.2d 869, 877 (2003)). | Not addressed. *WH* at 31. |
| 6. | **Massachusetts** | *Fernandes v. Havkin*, 731 F. Supp. 2d 103, 114 (D. Mass. 2010) (availability of Massachusetts negligence and chapter 93A consumer protection claims precluded unjust enrichment claim). | Not addressed. *WH* at 31. |
| 7. | **Minnesota** | *Southtown Plumbing, Inc. v. Har-Ned Lumber Co., Inc.*, 493 N.W.2d 137, 140 (Minn. Ct. App. 1992) ("Relief under the theory of unjust enrichment is not available where there is an adequate legal remedy or where statutory standards for recovery are set by the legislature."). | Not addressed. *WH* at 31. |
| 8. | **Mississippi** | *Willis v. Rehab Solutions, PLLC*, 82 So. 3d 583, 588 (Miss. 2012) (setting forth the current treatment of unjust enrichment under Mississippi law, which requires plaintiff to allege money paid to defendant by mistake of fact), *reh'g denied*, No. 2010-CA-01015-SCT, 2012 Miss. LEXIS 175 (Miss. Mar. 29, 2012); *Union Nat'l Life Ins. Co. v. Crosby*, 870 So. 2d 1175, 1180 (Miss. 2004) ("The ground on which recovery is allowed is that one receiving money paid to him by mistake should not be allowed to enrich himself at the expense of the party who paid the money to him by retaining it, but in equity and good conscience should refund it."). | Not addressed. *WH* at 31. |
| 9. | **North Dakota** | *Schroeder v. Buchholz*, 622 N.W.2d 202, 207 (N.D. 2001) (noting five elements must be established to prove unjust enrichment in North Dakota: "1. An enrichment; 2. An impoverishment; 3. A connection between the enrichment and the impoverishment; 4. Absence of a justification for the enrichment and impoverishment; and 5. An absence of a remedy provided by law"); *Apache Corp. v. MDU Res. Grp., Inc.*, 603 N.W.2d 891, 894-95 (N.D. 1999) (same). | Not addressed. *WH* at 31. |

EXHIBIT H

|     | **State** | **Authority** | *WH* **Treatment** |
|-----|-----------|---------------|--------------------|
| 10. | **South Carolina** | *In re Microsoft Corp. Antitrust Litig.*, 401 F. Supp. 2d 461, 464-65 (D. Md. 2005) (requiring, under South Carolina law, that "the plaintiff . . . . establish the existence of a duty owed to him or her by the defendant" and dismissing unjust enrichment claim because, *inter alia*, plaintiff failed to establish a duty owed to him by the defendant). | Not addressed. *WH* at 31. |
| 11. | **Tennessee** | *Freeman Indus. LLC v. Eastman Chem. Co.*, 172 S.W.3d 512, 525-26 (Tenn. 2005) (reversing denial of summary judgment to defendants on indirect purchasers' Tennessee unjust enrichment claim because they failed to allege exhaustion of remedies against the direct purchaser and provided only "bare allegation" that such efforts would be futile). | Not addressed. *WH* at 31. |
| 12. | **Utah** | *Mann v. Am. W. Life Ins. Co.*, 586 P.2d 461, 465 (Utah 1978) (unjust enrichment recovery is unavailable when the subject matter of the litigation is covered by a contract); *Ockey v. Lehmer*, 189 P.3d 51, 61 n.42 (Utah 2008) (plaintiff seeking an equitable remedy "must affirmatively show a lack of an adequate remedy at law on the face of the pleading" (internal citation omitted)); *Am. Towers Owners Ass'n, Inc. v. CCI Mech., Inc.*, 930 P.2d 1182, 1193 (Utah 1996) (dismissing unjust enrichment claim by condominium association against subcontractors because "[d]efendants all provided services and materials in exchange for their contract price" and the appropriate remedy is a breach of contract action between the contracting parties), *abrogated on other grounds by Davencourt at Pilgrims Landing Homeowners Ass'n v. Davencourt at Pilgrims Landing, LC*, 221 P.3d 234 (Utah 2009); *Nickerson Co. v. Energy W. Mining Co.*, No. 20090221–CA, 2009 WL 4681778, at *2 (Utah Ct. App. Dec. 10, 2009) (rejecting unjust enrichment claim because plaintiff's contract with a third-party covered the sale of the product at issue). | Not addressed. *WH* at 31. |

EXHIBIT H

|  | **State** | **Authority** | *WH* **Treatment** |
|---|---|---|---|
| 13. | **West Virginia** | *Wittenberg v. First Indep. Mortg. Co.*, No. 3:10–CV–58, 2011 WL 1357483, at *15 (N.D. W. Va. Apr. 11, 2011) (dismissing plaintiffs' unjust enrichment claims for failure to allege "how the defendants' retention of that benefit is both inequitable and unconscionable"). | Not addressed. *WH* at 31. |