# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

|  |  |  |
|---|---|---|
| In Re: AUTOMOTIVE PARTS ANTITRUST LITIGATION | : : : : | Master File NO. 12-md-02311 Honorable Marianne O. Battani |
| THIS DOCUMENT RELATES TO:  All Actions | : : : : : : : : | **MOTION OF END-PAYOR PLAINTIFFS, AUTO DEALER PLAINTIFFS, THE STATE OF FLORIDA, AND THE CITY OF RICHMOND TO COORDINATE ALL ACTIONS IN MDL 2311** |

End-Payor Plaintiffs, Auto-Dealer Plaintiffs, the State of Florida, and the City of Richmond, ("Moving Plaintiffs") through their attorneys listed below, hereby file this Motion to Coordinate All Actions in MDL 2311 pursuant to Federal Rule of Civil Procedure 1 and 28 U.S.C. § 1407 and for their Motion state as follows:

1. Coordination of the actions included in this Multi-District Litigation is necessary to accomplish the purposes of Federal Rule of Civil Procedure 1 to "secure the just, speedy, and inexpensive determination of every action and proceeding" and the purposes of 28 U.S.C. § 1407 to provide for "the convenience of the parties and witnesses and [to] promote the just and efficient conduct" of these actions.

2. The bases for this Motion are more thoroughly stated in the accompanying brief.

3. Pursuant to L.R. 7.1.(a), Moving Plaintiffs sought concurrence on the Motion from Defendants on May 8, 2014 to explain the nature of the

Motion and its legal bases. Acting Liaison Counsel for Defendants for purposes of this Motion stated that Defendants would consider the Motion, but were not able to provide consent at this time. Moving Plaintiffs have also sought concurrence from all other Plaintiffs. Moving Plaintiffs have conferred with Ford Motor Company, and Ford is considering the Motion. Direct Purchaser Plaintiffs do not object to the proposal set forth below for motions to dismiss.

WHEREFORE, Moving Plaintiffs respectfully request this Court enter an Order coordinating the actions within *In re Automotive Parts Antitrust Litigation*, MDL No. 2311, as set forth herein.

Respectfully submitted,

Dated: May 9, 2014

*Frank C. Damrell, Jr.*
Frank C. Damrell, Jr.
Steven N. Williams
Adam J. Zapala
Elizabeth Tran
COTCHETT, PITRE & McCARTHY, LLP
San Francisco Airport Office Center
840 Malcolm Road, Suite 200
Burlingame, CA 94010
Telephone: (650) 697-6000
Facsimile: (650) 697-0577
fdamrell@cpmlegal.com
swilliams@cpmlegal.com
azapala@cmplegal.com
etran@cpmlegal.com

Hollis Salzman
Bernard Persky
William V. Reiss
ROBINS, KAPLAN, MILLER & CIRESI
L.L.P.
601 Lexington Avenue, Suite 3400
New York, NY 10022

Telephone: (212) 980-7400
Facsimile: (212) 980-7499
hsalzman@rkmc.com
bpersky@rkmc.com
wreiss@rkmc.com

Marc M. Seltzer
Steven G. Sklaver
SUSMAN GODFREY LLP
1901 Avenue of the Stars, Suite 950
Los Angeles, CA 90067-6029
Telephone: (310) 789-3100
Facsimile: (310) 789-3150
mseltzer@susmangodfrey.com
ssklaver@susmangodfrey.com

Terrell W. Oxford
Warren T. Burns
SUSMAN GODFREY LLP
901 Main Street, Suite 5100
Dallas, TX 75202
Telephone: (214) 754-1900
Facsimile: (214) 754-1933
toxford@susmangodfrey.com
wburns@susmangodfrey.com
*Interim Co-Lead Class Counsel for End-Payor Plaintiffs*

*/s/ E. Powell Miller*
E. Powell Miller
Adam Schnatz
THE MILLER LAW FIRM
950 W. University Drive
Suite 300
Rochester, MI 48307
Telephone: (248) 841-2200
Facsimile: (248) 652-2852
epm@millerlawpc.com
aschnatz@millerlawpc.com

*Interim Liaison Counsel for End-Payor Plaintiffs*

Don Barrett
David McMullan
Brian Herrington
Barrett Law Group, P.A.
P.O. Box 927
404 Court Square
Lexington, MS 39095
Telephone: (662) 834-2488
Email: dbarrett@barrettlawgroup.com
bherrington@barrettlawgroup.com
dmcmullan@barrettlawgroup.com
Jonathan W. Cuneo
Joel Davidow
Victoria Romanenko
Cuneo Gilbert & LaDuca, LLP
507 C Street, N.E.
Washington, DC 20002
Phone: (202) 789-3960
Fax: (202) 789-1813
Email: jonc@cuneolaw.com
Joel@cuneolaw.com
Vicky@cuneolaw.com

Shawn M. Raiter
Larson • King, LLP
2800 Wells Fargo Place
30 East Seventh Street
St. Paul, MN 55101
Telephone: (651) 312-6500
Email: sraiter@larsonking.com

*Interim Co-Lead Class Counsel for Auto-Dealer Plaintiffs*

Gerard V. Mantese (Michigan Bar No. P34424)
David Hansma (Michigan Bar No. P71056)

Brendan Frey (Michigan Bar No. P70893)
Joshua Lushnat (Michigan Bar No. P75319)
Mantese Honigman Rossman
 and Williamson, P.C.
1361 E. Big Beaver Road
Troy, Michigan 48083
Phone: (248) 457-9200 ext. 203
Fax: (248) 457-9201
Email: gmantese@manteselaw.com
dhansma@manteselaw.com
bfrey@manteselaw.com
jlushnat@manteselaw.com

***Interim Liaison Counsel for Auto Dealer
Plaintiffs Plaintiffs***

PAMELA JO BONDI
Attorney General
STATE OF FLORIDA

*/s/ R. Scott Palmer*
PATRICIA A. CONNERS
(Florida Bar No. 361275)
Associate Deputy Attorney General
Trish.Conners@myfloridalegal.com
R. SCOTT PALMER
(Florida Bar No. 220353)
Special Counsel for Antitrust Enforcement
Scott.Palmer@myfloridalegal.com
GREGORY S. SLEMP
(Florida State Bar No. 478865)
Greg.Slemp@myfloridalegal.com
TIMOTHY FRASER
(Florida Bar No. 957321)
Timothy.Fraser@myfloridalegal.com
Office of the Attorney General
State of Florida
PL-01, The Capitol
Tallahassee, FL 32399-1050
Tel: (850) 414-3300

Fax: (850) 488-9134

**Counsel for the State of Florida**

By:  */s/ Lesley E. Weaver*

Robert S. Green
James Robert Noblin
Lesley E. Weaver
Green & Noblin, P.C.
700 Larkspur Landing Circle
Suite 275
Larkspur, CA   94393
(415) 477-6700
gnecf@classcounsel.com
lew@classcounsel.com

Karen L. Morris
Patrick F. Morris
R. Michael Lindsey
Morris and Morris LLC
  Counselors At Law
4001 Kennett Pike
Suite 300
Wilmington, DE  19807
(302) 426-0400
kmorris@morrisandmorrislaw.com
pmorris@morrisandmorrislaw.com
rmlindsey@morrisandmorrislaw.com

**Counsel for City of Richmond**

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| | : | |
| In Re:  AUTOMOTIVE PARTS | : | Master File NO. 12-md-02311 |
| ANTITRUST LITIGATION | : | Honorable Marianne O. Battani |
| | : | |
| | : | |
| THIS DOCUMENT RELATES TO: | : | **END-PAYOR PLAINTIFFS, AUTO** |
| | : | **DEALER PLAINTIFFS, THE** |
| All Actions | : | **STATE OF FLORIDA, AND THE** |
| | : | **CITY OF RICHMONDS'** |
| | : | **MEMORANDUM IN SUPPORT** |
| | : | **OF MOTION TO COORDINATE** |
| | : | **ALL ACTIONS IN MDL 2311** |
| | : | |

## TABLE OF CONTENTS

**Page**

**STATEMENT OF QUESTION PRESENTED**....................................................1

**INDEX OF MOST CONTROLLING AUTHORITIES** .....................................2

I.     **PRELIMINARY STATEMENT**..................................................4

II.    **ARGUMENT** .............................................................................5

    A.    **Overview** .......................................................................5

    B.    **Coordination is Necessary and Appropriate to Resolve Pleadings Issues**.........................................6

    C.    **Coordination is Necessary and Appropriate to Avoid Waste and Burden and to Provide for the Efficient Conduct of Discovery**...................................7

    D.    **Coordination is Necessary and Appropriate For Class Certification Proceedings** ................................9

    E.    **Resolution of these Cases is Best Accomplished Through Coordination**.............................................10

    F.    **The Cases Should be Organized into Tranches** ...................10

        1.    **Organization**................................................10

    G.    **Proposal for Resolution of Motions to Dismiss** ...................11

        1.    **Rationale**......................................................11

        2.    **Motion to Dismiss Procedure** .......................12

    H.    **Discovery**.....................................................................13

i

1.     Now is an Especially Appropriate Time to Order Coordination of Discovery ............................................13

2.     Written Discovery and Transactional Data ...............14

3.     Depositions...............................................................14

       a.     Defendant Witnesses ...........................................14

       b.     Class Representatives...........................................15

4.     Non-Party Discovery ...................................................16

5.     Active Involvement of the Court .................................16

I.     Class Certification.................................................................17

J.     Resolution of These Cases Will Be Furthered by Coordination............................................................................17

K.     The Proposed Coordination Will Not Limit the Court's or Any Party's Ability to Address Additional Scheduling and Discovery Issues..................................................................18

III.  CONCLUSION...............................................................................18

# TABLE OF AUTHORITIES

## CASES

*American Elec. Power v. United States*,
   191 F.R.D. 1432 (S.D. Ohio 1999) ...........................................................................16

*Associated General Contractors v. California State Council of Carpenters*,
   459 U.S. 519 (1983) ....................................................................................................11

*Bell Atlantic v. Twombly*,
   550 U.S. 544 (2007) ....................................................................................................14

*Comcast v. Behrend*,
   ___ U.S. ___, 133 S. Ct. 1426 (2013) .......................................................................9

## STATUTES

28 U.S.C. § 1407 ....................................................................................................................3, 4

**Federal Rule of Civil Procedure**

   1 ............................................................................................................................. 3, 4, 5

   16(2)(L) .........................................................................................................................4

   26(a) and (b) ...............................................................................................................14

## OTHER AUTHORITIES

**Manual for Complex Litigation (Fourth)**

   § 10 ...............................................................................................................................4

   § 11.455 .........................................................................................................................7

   § 11.47 .........................................................................................................................16

## <u>STATEMENT OF QUESTION PRESENTED</u>

1.     Whether the Court should enter an order establishing procedures for the coordination of the actions within MDL 2311, *In re Automotive Parts Antitrust Litigation.*

## INDEX OF MOST CONTROLLING AUTHORITIES

1. Federal Rule of Civil Procedure 1.

2. 28 U.S.C. § 1407.

3. Federal Rule of Civil Procedure 16(2)(L).

In light of the fact that the number of actions in the Automotive Parts litigation has grown substantially since both the centralization of MDL 2311 in this Court and the initial case protocols were ordered, End-Payor Plaintiffs, Auto Dealer Plaintiffs, the State of Florida, and the City of Richmond respectfully submit this memorandum in support of their motion to establish procedures to coordinate all actions in MDL 2311 pursuant to Federal Rule of Civil Procedure 1 and 28 U.S.C. § 1407.  Moving Plaintiffs propose:

1. That the cases be organized into tranches for the purpose of resolving motions to dismiss.

2. That (a) meaningful pre-motion conferences be held between the parties, (b) thereafter, pre-motion conferences be held with the Court, (c) any motions to dismiss be subject to reasonable page limits and briefing schedules, and (d)  oral argument not be had unless necessary and ordered by the Court.

3. That discovery be coordinated across cases to avoid duplication and waste.

4. That decisions on how to handle class certification be deferred until pleading issues are resolved and the temporary and limited stay of discovery is lifted.

Coordination of the actions within MDL 2311 is necessary and appropriate in order to best promote the just and efficient resolution of these actions, and to preserve the resources of the Court and the parties.  Prior to the last status conference, the Court added to the agenda the issue of "Use of Stipulations to Preserve Issues for Appeal".  Case no. 2:12-md-02311-MOB-MKM, Doc. # 674. During the status conference, discussion was held about ways to more efficiently manage these cases, and the parties were directed to meet and confer about those issues.  Set forth below is Moving Plaintiffs' proposal on how to accomplish this.

## I.    PRELIMINARY STATEMENT

The purpose of transferring actions under 28 U.S.C. § 1407 is to provide for the "convenience of parties and witnesses and [to] promote the just and efficient conduct of such actions."  28 U.S.C. § 1407(a).  Federal Rule of Civil Procedure 1 governs the procedure in all civil actions and proceedings in the United States District Courts, and provides that the Federal Rules of Civil Procedure "should be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding."

The auto component part price-fixing cases centralized before this Court would benefit from procedures providing for coordination of common legal issues, discovery, procedures for class certification, and resolution by way of settlement or trial.

> Fair and efficient resolution of complex litigation requires at least that . . . the judge and counsel collaborate to develop and carry out a comprehensive plan for the conduct of pretrial and trial proceedings.

Manual for Complex Litigation (Fourth), § 10.  Now is the appropriate time to develop a comprehensive plan for the conduct of pretrial proceedings in these cases.  There are currently twenty-nine auto part cases before this Court in MDL 2311.  Each of the cases is proceeding on a separate schedule, and many of the cases involve overlapping or common defendants. Coordination across these cases should be implemented because proceeding with the cases on separate tracks without coordination is burdensome, inefficient, and wasteful.  The Court is empowered to adopt "special procedures for managing potentially difficult or protracted actions that may involve complex issues, multiple parties, difficult legal questions, or unusual proof problems."  Fed. R. Civ. Proc. 16(2)(L).  Attached to this memorandum as **Exhibit A** is a list of all cases presently pending in MDL 2311.  Attached to this memorandum as **Exhibit B** is a spreadsheet showing the defendants named in each case.

In order to further the goal of just and efficient proceedings, it is essential that procedures be established to provide for the coordination of all of these cases to avoid waste of resources, duplication of efforts, and burden to the Court and the parties. Coordination will further the goals of Fed. R. Civ. Proc. 1 by helping to ensure the efficient conduct of these actions towards resolution by settlement or trial. Failure to provide for coordination will create delay and inefficiencies, duplicative discovery, and unjustifiable burdens for the Court, all parties, and many non-parties. For the reasons more fully set forth below, it is necessary and proper that the Court enter an order providing procedures for the coordination of all actions within MDL 2311.

## II.   ARGUMENT

### A.   Overview

The historic scope and complexity of MDL 2311 has been lost on neither the Court nor the parties to its constituent cases. Recently, the Court summarized, in part, the history of this litigation, the centralization of the constituent cases, and the purposes behind that centralization:

> On February 7, 2012, the United States Judicial Panel on Multidistrict Litigation ("Judicial Panel" or "Panel") transferred actions sharing "factual questions arising out of an alleged conspiracy to inflate, fix, raise, maintain, or artificially stabilize prices of automotive wire harness systems" to the Eastern District of Michigan. (12-md-02311, Doc. No. 2). In its transfer order, the Judicial Panel noted that the majority of cases were pending in the Eastern District, as was the first filed action, that several defendants were located in this district, and that a related criminal investigation was underway in this district. (Id.) The Panel determined that centralizing litigation in this District would eliminate duplicative discovery, prevent inconsistent pretrial rulings and conserve resources. (Id.) After complaints were filed alleging conspiracies to fix prices of three additional component parts, the Judicial Panel determined that including all actions in MDL No. 2311 would result in the most efficient handling of the case. The Judicial Panel noted the existence of similar conspiracies with overlapping defendants arising from the same government investigation as well as an overlap of parties and counsel. The additional component part cases were transferred to this

> Court for coordinated pretrial proceedings, and In re: Automotive
> Wire Harness Systems Antitrust Litigation was renamed "In re:
> Automotive Parts Antitrust Litigation." (Doc. No. 117 in 12-2311).
> There are now twenty-eight component part cases pending. (See Doc.
> No. 665 in 12-2311).

Opinion and Order Denying Defendants' Collective Motion to Dismiss Direct Purchaser Actions, Master File 12-md-2311, case no. 2:12-cv-00401 (Heater Control Panels), Doc. # 78 (April 30, 2014). From the outset, the Judicial Panel on Multidistrict Litigation and this Court have emphasized that centralization and coordination of pre-trial proceedings was necessary to move the constituent cases forward efficiently and to "eliminate duplicative discovery, prevent inconsistent pretrial rulings and conserve resources."

## B.   Coordination is Necessary and Appropriate to Resolve Pleadings Issues

The factual and legal issues involved in these cases substantially overlap. In the first filed six cases Defendants have filed nearly identical motions to dismiss repeating the very same arguments. The Court has now issued orders denying motions to dismiss in four of these cases (Wire Harnesses, Heating Control Panels, Instrument Cluster Panels, and Fuel Senders). Each of those motions involved the same issues, and other than discrete issues unique to the plaintiffs in some of these actions, every issue was resolved by the Court in an identical manner. In addition, in the Wire Harness case, the Court has denied the motion to dismiss brought against Ford Motor Company by the Fujikura defendants, which repeated the same arguments made in the prior motion to dismiss the Direct Purchaser case in Wire Harness.

The Court has largely denied motions to dismiss brought against the Indirect Purchaser Plaintiffs – the Auto Dealers and End-Payors – and has reviewed briefing and heard oral argument on additional motions to dismiss brought against those Plaintiffs' claims in Heating Control Panels, Instrument Cluster Panels, and

Fuel Senders.  Each of these motions presents virtually identical issues.  In addition, the parties have again briefed these identical issues in another two cases, Occupant Safety Systems and Bearings, and oral argument of those motions is scheduled for June 4, 2014.  Motion practice and resolution of motions challenging the pleadings in these cases is causing an unjustifiable consumption of the Court's and the parties' resources and needless delay.  If Defendants in the later filed cases in MDL 2311 are permitted to file motions making the same arguments on the same protracted briefing schedule, motions directed at the pleadings will not be resolved for years even though the Court has already repeatedly decided these issues.  Below, Plaintiffs set forth a proposal to resolve this problem.

## C.   Coordination is Necessary and Appropriate to Avoid Waste and Burden and to Provide for the Efficient Conduct of Discovery

While discovery in the Wire Harness cases has begun, it is at a relatively early point.  Defendants who produced documents to the Department of Justice have produced those documents to Plaintiffs.  Plaintiffs have responded to Defendants' requests for the production of documents, and have produced documents to Defendants.  Plaintiffs and Defendants have served and responded to each others' interrogatories.  The parties are negotiating a Supplemental Discovery Plan and Deposition Protocol for Wire Harness.  The negotiation of those documents has required a significant devotion of attorney time on all sides, and has reinforced the conclusion that coordination across all cases is necessary, and that the failure to coordinate discovery will create needless burden, duplication, and delay.  Manual on Complex Litigation (Fourth), § 11.455 ("[i]n related cases pending before the same judge, it is best to coordinate discovery plans to avoid conflicts and duplication").  If this motion is granted, those documents can serve as a template and be modified to provide procedures for coordination in order to eliminate unnecessary delay and to reduce the burdens on the Court and the parties.

7

Now that the Court has issued rulings on motions to dismiss the Direct Purchasers' complaints in the Heating Control Panel, Fuel Sender, and Instrument Panel Cluster cases, much of the discovery work completed and to be completed in Wire Harness will now be repeated, on separate tracks, in those cases if there is no coordination.  Even Defendants recognize the inefficiencies as they have proposed language for inclusion in the Wire Harness Deposition Protocol that the parties should use "best efforts" to avoid multiple depositions of Defendants' employees if they are "likely to be deposed" in connection with cases involving another component part.  This can only be accomplished through the coordination of discovery.  For example, Sumitomo is only a defendant in the Wire Harness and Heating Control Panels cases.  Moving Plaintiffs and Sumitomo should be conducting all the discovery that is necessary of Sumitomo at one time, not once for Wire Harness and again for Heating Control Panels.  Likewise, Yazaki is only a defendant in the Wire Harness, Fuel Senders, and Instrument Cluster Panels cases. Denso is a defendant in Wire Harness, Fuel Senders, Instrument Cluster Panels, and Heating Control Panels, among other cases.  As to each of these cases, discovery from these defendants will largely involve the same custodians, the same or similar search terms, and the same sources of ESI and paper documents.  This discovery should proceed all at once, not case-by-case (*i.e.*, part-by-part).

The need for coordination in discovery applies with particular force to non-party discovery.  Non-parties have arguments about the burden of discovery which parties do not have.  The Indirect Purchaser Plaintiffs will require non-party discovery in these actions in order to prepare class certification motions.  This discovery will involve information in the possession of entities that purchase directly from defendants, including auto makers and their suppliers, who were immediate victims of Defendants' collusion.  It would be inappropriate to subject these non-parties to successive rounds of discovery in case-after-case, rather than

8

more limited and focused discovery at a time when Moving Plaintiffs are informed what that discovery should be.

The stay of discovery relating to the Department of Justice's investigation provides an additional, compelling reason to coordinate these cases. The most expensive aspect of discovery in litigation is the negotiation over, search for, production, and hosting of documents. It would be unjustifiably wasteful to go through this process over and over again. Below, Moving Plaintiffs set forth a proposal to coordinate discovery.

**D.     Coordination is Necessary and Appropriate For Class Certification Proceedings**

Coordination of the cases is important to permit appropriate treatment of class certification issues. Until discovery in these cases has progressed to the point that the parties have an adequate understanding of the scope of defendants' conduct, its purposes, and the effect on plaintiffs' classes, it would be counterproductive to schedule, prepare, brief, argue and decide class certification motions. In light of the Supreme Court's decision in *Comcast v. Behrend,* ___ U.S. ___, 133 S. Ct. 1426 (2013), that merits issues must be considered to the extent that they are necessary to resolve Rule 23 questions, it is premature to go forward with a schedule for class certification in any single case until the Court and the Moving Plaintiffs better understand the nature and scope of the conspiracy. Accordingly, Moving Plaintiffs will not at this time present a uniform schedule for class certification. However, this motion does not preclude any party from raising issues related to the class certification schedule once full discovery in these cases is permitted and commences.

### E.    Resolution of these Cases is Best Accomplished Through Coordination

Coordination is beneficial for the resolution of these cases through settlement or ultimately through trial.  A few settlements have been reached in some of the cases, and discussions between the parties in various other cases are progressing. However, the protracted and unnecessarily duplicative process for resolving challenges to the pleadings is an impediment to settlement because many Defendants may believe that the cases they are involved in will not be at issue for several more years. This is an untenable and unnecessary situation.

### F.    The Cases Should be Organized into Tranches

#### 1.    Organization

Moving Plaintiffs propose that the cases be organized into tranches based upon which defendants are in which cases.  The tranches should be organized so that they proceed on contemporaneous tracks through motions to dismiss and discovery

**Tranche One**:      Wire Harness, Fuel Senders, Instrument Cluster Panels and Heating Control Panels.   These cases share the key common defendants Yazaki, Sumitomo, and Denso.

**Tranche Two**: Bearings, Occupant Safety Restraint Systems, Anti-Vibration Rubber, Electric Power Steering Assemblies, and Constant Velocity Joint Boots. These cases share the key common defendants Autoliv, JTEKT, DTR, Nachi, NSK, NTN, Schaeffler, Takata, Tokai Rika, TRW, Tokai Rubber, Yamashita Rubber, and YUSA.

**Tranche Three**:  Alternators, Radiators, Starters, Wipers, Lamps, Windshield Washer Systems and Automatic Transmission Fluid Warmers.  These cases share the key common defendants Denso, Hitachi, Ichikoh, Mitsubishi Electric, Mitsuba, TRAD, Stanley, and ASMO.

**Tranche Four**: Ignition Coils, Air Flow Meters, Valve Timing Control Devices, A/C Systems, Fan Motors, ETB and Power Window Motors.  These cases share the key common defendants Denso, Diamond Electric, Hitachi, Mitsuba, Mitsubishi, and Valeo.

**Tranche Five**:  Switches, Steering Angle Sensors, HID Ballasts.  The key defendant in these cases is Panasonic.

**Tranche Six**:  Inverters, Motor Generators, Fuel Injection Systems.   Key defendants in these cases are Hitachi and Denso.

## G.     Proposal for Resolution of Motions to Dismiss

### 1.     Rationale

The Court has had full briefing and oral argument and decided motions in four of the direct purchaser actions.  Briefing was extensive with expanded page limits.  Oral argument in each case was lengthy.  In each of those actions, despite Defendants' suggestions to the contrary, the same arguments were repeated over and over:  adequacy of pleading, standing, the statute of limitations, and the right to seek injunctive relief.  In each of those actions, the results were the same.  There are better ways to resolve pleadings issues than to permit the repeated, protracted briefing of motions making the same arguments.

As to the Indirect Purchaser actions, the foregoing paragraph applies equally to determinations of adequacy of pleading and the statute of limitations.  As to the state law issues decided by the Court in Wire Harness but yet to be decided in subsequent cases, there is no reason for different rulings.  Whether or not *Associated General Contractors v. California State Council of Carpenters,* 459 U.S. 519 (1983), applies to the Indirect Purchasers' claims should not be decided any differently depending upon what automotive parts are at issue.  Whether Indirect Purchasers have suffered injury should not be decided any differently depending upon what automotive parts are at issue.  Once the Court has issued its

11

rulings in the cases presently under submission – Heating Control Panels, Fuel Senders, and Instrument Panel Clusters – there is no reason to repeat protracted briefing and argument.

### 2. Motion to Dismiss Procedure

As mentioned above, at the last status conference the Court and the parties discussed the issue of a stipulation to preserve issues on appeal. End-Payor Plaintiffs conferred with Plaintiffs' counsel and provided a proposed stipulation to Defendants for their consideration. Defendants responded with a proposed stipulation of their own. Because the parties were not able to reach an agreement, Moving Plaintiffs propose the following procedure for any further motions to dismiss:

1. Prior to the filing of any motion to dismiss in any case for which briefing has not commenced, a meaningful meet-and-confer between the parties concerning the motion must be held.  The parties must specifically address:

   a. whether any issue which any movant seeks to move has been addressed by the Court before;

   b. if so, what the resolution was; and

   c. the movant's justification for seeking a result contrary to the prior resolution.

2. Prior to any motion being filed, a pre-motion conference shall be held with the Court. No less than seven days before the pre-motion conference, each side may file a single, three page statement setting forth their position on whether the proposed motion addresses any matter not previously addressed by the Court.

12

3.  If the Court permits motions to dismiss to be filed, there shall be no joint briefs other than for defendants within a single corporate group and briefing shall be subject to the following limits:

    a. Ten page opening briefs;

    b. Ten page responses; and

    c. Seven page replies.

4.  There shall be no oral argument unless ordered by Court.

This procedure would be followed Tranche by Tranche. All cases in Tranche One have already been fully briefed and argued, and orders have been entered on many of those motions. Two of the cases in Tranche Two – Bearings and OSSR – already have fully briefed motions. At this time, there are no pending motions in any of the other cases, nor is there a schedule for such motions. For this reason, now is an especially opportune time to establish this structure and to commence briefing on the remaining cases in Tranche Two -- Anti-Vibration Rubber, Electric Power Steering Assemblies, and Constant Velocity Joint Boots. Tranches Four, Five, and Six would then follow with each Tranche following the pre-motion conference requirements and briefing procedures. Moving Plaintiffs propose that individual tranches come before the Court for decision on motions to dismiss in 90-day cycles. This proposal would accelerate the resolution of all motions directed at the pleadings.

## H.  Discovery

### 1.  Now is an Especially Appropriate Time to Order Coordination of Discovery

The current stay limits discovery concerning the merits of all of the cases, creating areas of discovery which are permitted and areas of discovery which at present are not permitted. This applies equally to all cases. Given the Court's rulings on the previous motions to dismiss, there is no basis for any defendant to

argue that discovery should be stayed pursuant to *Bell Atlantic v. Twombly,* 550 U.S. 544 (2007).  Phased discovery based upon the procedures to be established in Wire Harness should proceed in all cases as set forth below.

### 2.      Written Discovery and Transactional Data

Within 90 days of service of the consolidated amended complaint in each class case (or within ninety days of an order providing for coordination for any case in which a consolidated amended complaint has previously been served) (a) each defendant shall produce transactional data consistent with the resolution of disputed issues in Wire Harness and initial disclosures pursuant to Fed. R. Civ. Proc. 26(a), and (b) those defendants who have pled guilty should identify specific products that were the subject of a guilty plea or collusive conduct.  The Department of Justice would be given notice and an opportunity to be heard before this discovery would be permitted.  Thereafter, the parties should be free to serve document requests, interrogatories, and requests for admission concerning matters not within the scope of the stay.

Once the stay is lifted, the remaining discovery should be coordinated across all cases in each tranche, and across tranches with respect to certain common defendants.  Denso, for example, is a defendant in ten cases.  Hitachi is a defendant in eight cases.  It would be a waste of resources to conduct discovery against these defendants one case at a time.

### 3.      Depositions

#### a.      Defendant Witnesses

Defendants seek to avoid duplicative depositions of their employees.  This is a salutary goal.  It can only be achieved by coordination of discovery.  For example, if an employee of Denso was involved in collusion in multiple cases, the deposition of that employee should be conducted once when appropriate discovery is taken concerning that employee's involvement in collusion across those cases.

14

Otherwise, it would be wasteful for the employee to be deposed over and over again.  Moving Plaintiffs would not be able to properly conduct the deposition if they were only allowed to examine the witness about that witness' involvement in collusion directed only at a single part.  The same is true of each of the numerous Defendants that is involved in multiple cases.

Coordinating these depositions is also necessary to avoid extraordinary and unnecessary costs.  Defendants may insist that their present employees be deposed where they reside.  Many of these employees reside in Japan.  Taking depositions in Japan is expensive and burdensome, as esoteric procedures must be followed under Japanese law and the depositions may only be taken at consulates.  It would not be appropriate to force Moving Plaintiffs to go through this process time and again, returning to Japan to depose a witness who was previously deposed in another case.

### b.    Class Representatives

Plaintiffs have the same interest as Defendants in avoiding repetitive depositions.  Most of the Indirect Purchaser Plaintiffs are class representatives in multiple cases.  There is no good cause for these plaintiffs to be deposed in each case, nor is there any good reason for their depositions to be taken at an early part of this case when the extent of Defendants' collusion is not yet known.  Instead, they should be made available for deposition once for all pending cases in which they are plaintiffs, and all defendants in those cases should coordinate their examination of that plaintiff.  By way of example, if a Toyota Camry purchaser is a plaintiff in multiple cases, the bulk of any examination will be the same.  She will be examined on why she is a class representative, her knowledge of the case, her fulfillment of her responsibilities as a class representative, and her purchase of the Camry.  This examination will be no different whether the case at issue is Wire Harness, or Heating Control Panels, or any other case.  There is no reason for this

15

class representative to be deposed over and over again (perhaps up to 29 times). It would only cause waste, delay, and harassment of the class representative.

### 4. Non-Party Discovery

These cases will involve non-party discovery, most of it involving direct purchasers including auto makers and their suppliers who were immediate targets of Defendants' conspiracy. This discovery is relevant to the issues of impact of Defendants' collusion and the pass-through of increased costs to downstream purchasers like the Auto Dealers and End-Payors. Discovery of third-parties must be conducted in a manner which lessens their burden relative to the discovery that is permitted of parties. *See, e.g., American Elec. Power v. United States*, 191 F.R.D. 1432, 134 (S.D. Ohio 1999) ("[c]ourts are required to balance the need for discovery against the burden imposed on the person ordered to produce documents, and the status of a person as a non-party is a factor that weighs against disclosure"); *see also* Manual on Complex Litigation (Fourth), § 11.47 ("[a] party seeking such production [from a non-party] has a duty to take reasonable steps to avoid imposing undue burden or expense on the person subpoenaed"). Indirect Purchasers will be seeking productions of documents and deposition testimony from affected direct purchasers including auto makers and their suppliers relating to each part at issue in these cases. This discovery must be coordinated across all parts so that the direct purchasers such as auto makers are not subjected to repeated discovery concerning the same essential topics.

### 5. Active Involvement of the Court

In order to further the goal of efficiency, the parties to the cases in each Tranche should provide reports to the Court every sixty days identifying any outstanding issues which require the Court's attention, with telephonic conferences scheduled as necessary to address any issues. When disputes arise, the parties shall be required to meet and confer in person when the Court is available so that if the

16

parties are unable to resolve disputes themselves the disputes may be resolved immediately by the Court.

## I.      Class Certification

The Court has rejected plausibility challenges to the complaints in four of these actions, and given the many, many guilty pleas it is unlikely that this will change in any of the later-filed actions.  The focus of proceedings in these cases will be class certification.  The best way to manage these cases would be to defer any schedule or structure for class certification until (1) all pleadings issues are resolved, (2) the stay has been lifted, and (3) the Court and the Moving Plaintiffs have developed a fuller understanding of the nature and scope of Defendants' conspiracies.  It would be illogical to proceed to class certification proceedings involving one component part while discovery and proceedings continue in other cases for many reasons, including the fact that the scope of the conspiracy may not be fully known.  Moving Plaintiffs are entitled to know the extent of the collusive conduct before they have to decide the best manner to proceed with class certification.

## J.      Resolution of These Cases Will Be Furthered by Coordination

These cases will be resolved by trial, settlement, or summary judgment. The Court has observed:

> I look at it because looking ahead to try to reach a resolution of this matter, which is hard for me to fathom except that, you know, it is a car so we have to have everything there. I can't see that we are going to be settling with one part and not other parts.  I see this as kind of a global settlement.

Transcript of September 14, 2012 hearing, p. 25:22-26:2.

Coordination will enhance the possibility of resolution in each of these instances.  For example, Denso is a defendant in ten cases.  If Denso pursues settlement with Plaintiffs, it will seek to resolve all of the cases against it, rather than settling some while continuing to defend against others.  It would be wasteful

for any defendant that is in multiple cases to prepare and file summary judgment motions part-by-part, protracting such motions over years, rather than being able at the appropriate time to move for summary judgment across all cases.  The management of these cases for trial will also be enhanced by coordination.  There may be compelling reasons to try cases involving several parts at once.  The efficiencies of proceeding in this manner are apparent, and there is no reason to believe that coordinating these cases would cause any unfair prejudice to any party.

**K.    The Proposed Coordination Will Not Limit the Court's or Any Party's Ability to Address Additional Scheduling and Discovery Issues**

Moving Plaintiffs submit that the coordination proposals addressed above will benefit all parties in the MDL 2311 cases by providing an efficient means to resolve early motion practice and commence discovery.  However, Moving Plaintiffs recognize that unique issues arising in some or all of the cases may require the Court to implement additional procedures and mold schedules and discovery to fit particular circumstances.  Accordingly, nothing in this motion is designed to the limit the ability of any party to raise additional issues or to make subsequent proposals.

## III.    <u>CONCLUSION</u>

These cases have been coordinated because they involve one overarching common issue:  collusion among manufacturers of component parts of automobiles.  The interests of justice, conservation of judicial resources, and a fair and efficient resolution are best accomplished by coordinating these actions as set forth herein to avoid duplication and waste.

Dated:  May 9, 2014                    *Frank C. Damrell, Jr.*
                                        Frank C. Damrell, Jr.
                                        Steven N. Williams

Adam J. Zapala
Elizabeth Tran
COTCHETT, PITRE & McCARTHY, LLP
San Francisco Airport Office Center
840 Malcolm Road, Suite 200
Burlingame, CA 94010
Telephone: (650) 697-6000
Facsimile: (650) 697-0577
fdamrell@cpmlegal.com
swilliams@cpmlegal.com
azapala@cmplegal.com
etran@cpmlegal.com

Hollis Salzman
Bernard Persky
William V. Reiss
ROBINS, KAPLAN, MILLER & CIRESI
L.L.P.
601 Lexington Avenue, Suite 3400
New York, NY 10022
Telephone: (212) 980-7400
Facsimile: (212) 980-7499
hsalzman@rkmc.com
bpersky@rkmc.com
wreiss@rkmc.com

Marc M. Seltzer
Steven G. Sklaver
SUSMAN GODFREY LLP
1901 Avenue of the Stars, Suite 950
Los Angeles, CA 90067-6029
Telephone: (310) 789-3100
Facsimile: (310) 789-3150
mseltzer@susmangodfrey.com
ssklaver@susmangodfrey.com

Terrell W. Oxford
Warren T. Burns
SUSMAN GODFREY LLP

19

901 Main Street, Suite 5100
Dallas, TX 75202
Telephone: (214) 754-1900
Facsimile: (214) 754-1933
toxford@susmangodfrey.com
wburns@susmangodfrey.com
*Interim Co-Lead Class Counsel for End-Payor Plaintiffs*

*/s/ E. Powell Miller*
E. Powell Miller
Adam Schnatz
THE MILLER LAW FIRM
950 W. University Drive
Suite 300
Rochester, MI 48307
Telephone: (248) 841-2200
Facsimile: (248) 652-2852
epm@millerlawpc.com
aschnatz@millerlawpc.com

*Interim Liaison Counsel for End-Payor Plaintiffs*

Don Barrett
David McMullan
Brian Herrington
Barrett Law Group, P.A.
P.O. Box 927
404 Court Square
Lexington, MS  39095
Telephone:  (662) 834-2488
Email: dbarrett@barrettlawgroup.com
bherrington@barrettlawgroup.com
dmcmullan@barrettlawgroup.com
Jonathan W. Cuneo
Joel Davidow
Victoria Romanenko
Cuneo Gilbert & LaDuca, LLP
507 C Street, N.E.

20

Washington, DC 20002
Phone: (202) 789-3960
Fax: (202) 789-1813
Email: jonc@cuneolaw.com
Joel@cuneolaw.com
Vicky@cuneolaw.com

Shawn M. Raiter
Larson • King, LLP
2800 Wells Fargo Place
30 East Seventh Street
St. Paul, MN  55101
Telephone: (651) 312-6500
Email: sraiter@larsonking.com

***Interim Co-Lead Class Counsel for Auto-Dealer Plaintiffs***

Gerard V. Mantese (Michigan Bar No. P34424)
David Hansma (Michigan Bar No. P71056)
Brendan Frey (Michigan Bar No. P70893)
Joshua Lushnat (Michigan Bar No. P75319)
Mantese Honigman Rossman
 and Williamson, P.C.
1361 E. Big Beaver Road
Troy, Michigan 48083
Phone: (248) 457-9200 ext. 203
Fax: (248) 457-9201
Email: gmantese@manteselaw.com
dhansma@manteselaw.com
bfrey@manteselaw.com
jlushnat@manteselaw.com

***Interim Liaison Counsel for Auto Dealer Plaintiffs Plaintiffs***

PAMELA JO BONDI
Attorney General
STATE OF FLORIDA

21

*/s/ R. Scott Palmer*
PATRICIA A. CONNERS
(Florida Bar No. 361275)
Associate Deputy Attorney General
Trish.Conners@myfloridalegal.com
R. SCOTT PALMER
(Florida Bar No. 220353)
Special Counsel for Antitrust Enforcement
Scott.Palmer@myfloridalegal.com
GREGORY S. SLEMP
(Florida State Bar No. 478865)
Greg.Slemp@myfloridalegal.com
TIMOTHY FRASER
(Florida Bar No. 957321)
Timothy.Fraser@myfloridalegal.com
Office of the Attorney General
State of Florida
PL-01, The Capitol
Tallahassee, FL 32399-1050
Tel: (850) 414-3300
Fax: (850) 488-9134

**Counsel for the State of Florida**

By:  */s/ Lesley E. Weaver*

Robert S. Green
James Robert Noblin
Lesley E. Weaver
Green & Noblin, P.C.
700 Larkspur Landing Circle
Suite 275
Larkspur, CA   94393
(415) 477-6700
gnecf@classcounsel.com
lew@classcounsel.com

Karen L. Morris
Patrick F. Morris

22

R. Michael Lindsey
Morris and Morris LLC
  Counselors At Law
4001 Kennett Pike
Suite 300
Wilmington, DE  19807
(302) 426-0400
kmorris@morrisandmorrislaw.com
pmorris@morrisandmorrislaw.com
rmlindsey@morrisandmorrislaw.com

***Counsel for City of Richmond***