# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

|  |  |  |
|---|---|---|
| In Re:  AUTOMOTIVE PARTS ANTITRUST LITIGATION | : | Master File NO. 12-md-02311 |
|  | : | Honorable Marianne O. Battani |
|  | : |  |
|  | : |  |
| THIS DOCUMENT RELATES TO: | : | **[PROPOSED] ORDER** |
|  | : | **GRANTING MOTION OF END-** |
| All Actions | : | **PAYOR PLAINTIFFS, AUTO** |
|  | : | **DEALER PLAINTIFFS, THE** |
|  | : | **STATE OF FLORIDA, AND THE** |
|  | : | **CITY OF RICHMOND TO** |
|  | : | **COORDINATE ALL ACTIONS IN** |
|  | : | **MDL 2311** |
|  | : |  |

### ORDER GRANTING END-PAYOR and AUTO DEALER PLAINTIFFS' MOTION TO COORDINATE ALL ACTIONS IN MDL 2311

Before the Court is End-Payor and Auto Dealer Plaintiffs' Motion to Coordinate All Actions in MDL 2311 pursuant to Federal Rule of Civil Procedure 1 and 28 U.S.C. § 1407 filed on May 9, 2014.  Upon consideration of the parties' arguments, the motion is **GRANTED**.

The Judicial Panel on Multidistrict Litigation ("Panel") ordered the transfer of actions pending outside of the Eastern District of Michigan that shared "factual questions arising out of an alleged conspiracy to inflate, fix, raise, maintain, or artificially stabilize prices of automotive wire harness systems" to the Eastern District of Michigan, creating MDL 2311 (12-md-02311, Doc. No. 2).  The Panel determined that centralizing litigation in this District would eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve resources.  (Id.)  After complaints concerning three additional component parts were filed alleging price-fixing conspiracies, the Panel decided that  "including all actions in MDL No. 2311 would result in the most efficient handling of the case" because they involve "similar conspiracies with overlapping defendants arising from the same government investigation as well as an overlap of parties and counsel."  (12-md-02311, Doc. No. 117).  The Panel then transferred these additional component part cases to this Court for coordinated pretrial proceedings, and In re: Automotive

Wire Harness Systems Antitrust Litigation was renamed "In re: Automotive Parts Antitrust Litigation."  (Id.)

To date, there are twenty-nine (29) different component part cases pending. The Court's experience thus far reflects that there is a single common issue underlying all of these cases:  collusive conduct in the sale of component parts of motor vehicles.  The Court grants this motion in the interests of justice, conservation of judicial resources, fair and efficient resolution, and avoiding duplication and waste.   The Court sets forth the process below for coordinating these actions, which is organized by (1) resolution of motions to dismiss, (2) discovery, and (3) class certification.

I.      **Resolution of Motions to Dismiss**

The Court orders all twenty-nine (29) component parts cases to be organized into the following tranches:

**Tranche One**:  Wire Harness, Fuel Senders, Instrument Cluster Panels and Heating Control Panels.

**Tranche Two**:  Bearings, Occupant Safety Restraint Systems, Anti-Vibration Rubber, Electric Power Steering Assemblies, and Constant Velocity Joint Boots.

**Tranche Three**:  Alternators, Radiators, Starters, Wipers, Lamps, Windshield Washer Systems and Automatic Transmission Fluid Warmers.

**Tranche Four**:  Ignition Coils, Air Flow Meters, Valve Timing Control Devices, A/C Systems, Fan Motors, ETB and Power Window Motors.

**Tranche Five**:  Switches, Steering Angle Sensors, HID Ballasts.

**Tranche Six**:  Inverters, Motor Generators, Fuel Injection Systems.

The Court orders the following procedure for coordination, which would follow Tranche by Tranche, for any further motions to dismiss:

A.    Prior to the filing of any motion to dismiss in any case for which briefing has not commenced, the parties must have a meaningful meet-and-confer concerning the motion.   The parties must specifically address:

1.    Whether any issue which any movant seeks to raise has been addressed by the Court before;

2.    If so, what the resolution was; and

3.    The movant's justification for seeking a result contrary to the prior resolution of that issue.

B.    Prior to any motion being filed, the Court shall hold a pre-motion conference.  No less than seven (7) days before the pre-motion conference, each side may file a single, three (3) page statement setting forth their position on whether the proposed motion addresses any matter not previously addressed in a prior motion.

3

C.   If the Court permits motions to dismiss to be filed, there shall be no joint briefs other than for Defendants within a single corporate group and briefing shall be subject to the following limits:

    1.   Ten (10) page opening briefs;

    2.   Ten (10) page responses; and

    3.   Seven (7) page replies.

D.   There shall be no oral argument unless ordered by Court.

## II.   Discovery

The Court orders coordination of discovery.  Phased discovery—based upon the procedures to be established in In re: Wire Harness Cases—should proceed in all Dealership and End-Payor Actions as follows:

### A.   Written Discovery and Transactional Data

Within ninety (90) days of service of the consolidated amended complaint in each class case (or within ninety days of an order providing for coordination for any case in which a consolidated amended complaint has previously been served), the Court orders each Defendant to:

i.   Produce transactional data consistent with the resolution of disputed issues in Wire Harness and initial disclosures pursuant to Fed. R. Civ. Proc. 26(a); and

ii.   If Defendant has pled guilty, identify specific products and vehicles that were the subject of a guilty plea or collusive conduct.

4

The parties shall provide the Department of Justice ("DOJ") notice and an opportunity to be heard before this discovery would be permitted.  Thereafter, the parties shall be free to serve document requests, interrogatories, and requests for admission concerning matters not within the DOJ's stay of discovery.

Once the stay is lifted, the Court orders the remaining discovery to be coordinated across all cases.

## B.   Depositions

### i.   Defendant Witnesses

The Court orders the depositions of Defendant Witnesses to be conducted once concerning that employee's involvement in collusion across all cases.

### ii.   Class Representatives

The Court orders Class Representatives to be available for deposition once for all pending cases in which they are named plaintiffs.   All Defendants in those cases should coordinate their examination of that named plaintiff.

## C.   Non-Party Discovery

The parties shall lessen the discovery burden to third-parties by, to the extent possible, pursuing discovery of third-parties in multiple cases rather than serving seriatim discovery requests to third parties in case after case.

**D.    Active Involvement of the Court**

The Court orders the parties to the cases in each Tranche to provide reports to the Court every sixty (60) days identifying any outstanding issues which require the Court's attention, with telephonic conferences scheduled as necessary to address any issues.

If and when disputes arise, the Court requires the parties to meet and confer in person when the Court is available so that the Court may immediately resolve the disputes if the parties are unable to resolve disputes themselves.

**III.  Class Certification**

The Court defers any schedule or structure for class certification until (1) all pleadings issues are resolved, (2) the DOJ's stay of discovery has been lifted, and (3) the Court and Plaintiffs have developed a fuller understanding of the nature and scope of Defendants' conspiracies.

**IT IS SO ORDERED.**


Date: _____         /s/_____
                                   MARIANNE O. BATTANI
                                   UNITED STATES DISTRICT JUDGE

Respectfully submitted,

Dated:  May 9, 2014

*Frank C. Damrell, Jr.*
Frank C. Damrell, Jr.
Steven N. Williams
Adam J. Zapala
Elizabeth Tran
COTCHETT, PITRE & McCARTHY, LLP
San Francisco Airport Office Center
840 Malcolm Road, Suite 200
Burlingame, CA 94010
Telephone: (650) 697-6000
Facsimile: (650) 697-0577
fdamrell@cpmlegal.com
swilliams@cpmlegal.com
azapala@cmplegal.com
etran@cpmlegal.com

Hollis Salzman
Bernard Persky
William V. Reiss
ROBINS, KAPLAN, MILLER & CIRESI
L.L.P.
601 Lexington Avenue, Suite 3400
New York, NY 10022
Telephone: (212) 980-7400
Facsimile: (212) 980-7499
hsalzman@rkmc.com
bpersky@rkmc.com
wreiss@rkmc.com

7

Marc M. Seltzer
Steven G. Sklaver
SUSMAN GODFREY LLP
1901 Avenue of the Stars, Suite 950
Los Angeles, CA 90067-6029
Telephone: (310) 789-3100
Facsimile: (310) 789-3150
mseltzer@susmangodfrey.com
ssklaver@susmangodfrey.com

Terrell W. Oxford
Warren T. Burns
SUSMAN GODFREY LLP
901 Main Street, Suite 5100
Dallas, TX 75202
Telephone: (214) 754-1900
Facsimile: (214) 754-1933
toxford@susmangodfrey.com
wburns@susmangodfrey.com
***Interim Co-Lead Class Counsel for End-Payor Plaintiffs***

*/s/ E. Powell Miller*
E. Powell Miller
Adam Schnatz
THE MILLER LAW FIRM
950 W. University Drive
Suite 300
Rochester, MI 48307
Telephone: (248) 841-2200
Facsimile: (248) 652-2852
epm@millerlawpc.com
aschnatz@millerlawpc.com

***Interim Liaison Counsel for End-Payor Plaintiffs***

Don Barrett
David McMullan
Brian Herrington

8

Barrett Law Group, P.A.
P.O. Box 927
404 Court Square
Lexington, MS  39095
Telephone:  (662) 834-2488
Email: dbarrett@barrettlawgroup.com
bherrington@barrettlawgroup.com
dmcmullan@barrettlawgroup.com
Jonathan W. Cuneo
Joel Davidow
Victoria Romanenko
Cuneo Gilbert & LaDuca, LLP
507 C Street, N.E.
Washington, DC 20002
Phone: (202) 789-3960
Fax: (202) 789-1813
Email: jonc@cuneolaw.com
Joel@cuneolaw.com
Vicky@cuneolaw.com

Shawn M. Raiter
Larson • King, LLP
2800 Wells Fargo Place
30 East Seventh Street
St. Paul, MN  55101
Telephone: (651) 312-6500
Email: sraiter@larsonking.com

***Interim Co-Lead Class Counsel for Auto-Dealer Plaintiffs***

Gerard V. Mantese (Michigan Bar No. P34424)
David Hansma (Michigan Bar No. P71056)
Brendan Frey (Michigan Bar No. P70893)
Joshua Lushnat (Michigan Bar No. P75319)
Mantese Honigman Rossman
 and Williamson, P.C.
1361 E. Big Beaver Road
Troy, Michigan 48083

9

Phone: (248) 457-9200 ext. 203
Fax: (248) 457-9201
Email: gmantese@manteselaw.com
dhansma@manteselaw.com
bfrey@manteselaw.com
jlushnat@manteselaw.com

***Interim Liaison Counsel for Auto Dealer
Plaintiffs Plaintiffs***

PAMELA JO BONDI
Attorney General
STATE OF FLORIDA

*/s/ R. Scott Palmer*
PATRICIA A. CONNERS
(Florida Bar No. 361275)
Associate Deputy Attorney General
Trish.Conners@myfloridalegal.com
R. SCOTT PALMER
(Florida Bar No. 220353)
Special Counsel for Antitrust Enforcement
Scott.Palmer@myfloridalegal.com
GREGORY S. SLEMP
(Florida State Bar No. 478865)
Greg.Slemp@myfloridalegal.com
TIMOTHY FRASER
(Florida Bar No. 957321)
Timothy.Fraser@myfloridalegal.com
Office of the Attorney General
State of Florida
PL-01, The Capitol
Tallahassee, FL 32399-1050
Tel: (850) 414-3300
Fax: (850) 488-9134

***Counsel for the State of Florida***

By: */s/ Lesley E. Weaver*

10

Robert S. Green
James Robert Noblin
Lesley E. Weaver
Green & Noblin, P.C.
700 Larkspur Landing Circle
Suite 275
Larkspur, CA   94393
(415) 477-6700
gnecf@classcounsel.com
lew@classcounsel.com

Karen L. Morris
Patrick F. Morris
R. Michael Lindsey
Morris and Morris LLC
    Counselors At Law
4001 Kennett Pike
Suite 300
Wilmington, DE  19807
(302) 426-0400
kmorris@morrisandmorrislaw.com
pmorris@morrisandmorrislaw.com
rmlindsey@morrisandmorrislaw.com

***Counsel for City of Richmond***