**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| In Re: AUTOMOTIVE PARTS ANTITRUST LITIGATION | : : : | Master File No. 12-md-02311 Honorable Marianne O. Battani |
| THIS DOCUMENT RELATES TO: All Actions | : : : : : : : : | |

**HEATER CONTROL PANEL DEFENDANTS' OPPOSITION TO CERTAIN**
**PLAINTIFFS' MOTION TO COORDINATE ALL ACTIONS IN MDL 2311**

**STATEMENT OF THE ISSUES PRESENTED**

1.  Whether, in light of the Direct Purchaser Defendants' planned motion to seek certification of the Court's Opinion and Order of April 30, 2014, the Court should deny Plaintiffs' Motion and utilize other methods to streamline the Heater Control Panels cases.

2.  Whether the Court should continue to respect the pleaded differences between each case in this MDL by allowing the parties to negotiate reasonable efficiencies on a case by case basis, rather than imposing plaintiffs' rigid consolidation proposal.

## STATEMENT OF CONTROLLING OR MOST APPROPRIATE AUTHORITIES

**Page(s)**

**Cases**

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009)...................................................................................................5

*Beattie v. CenturyTel, Inc.*,
  511 F.3d 554 (6th Cir. 2007) .....................................................................................9

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007)...................................................................................................5

*Brennan v. Qwest Comm'ns., Int'l*,
  No. 07-2024 ADM/JSM, 2009 U.S. Dist. LEXIS 47898 (D. Minn. June 4, 2009)...................9

*Comcast Corp. v. Behrend*,
  133 S. Ct. 1426 (2013).............................................................................................11

*Motorola Mobility LLC v. AU Optronics Corp.*,
  746 F.3d 842 (7th Cir. 2014) .....................................................................................9

*In re New Motor Vehicles Canadian Export Antitrust Litig.*,
  632 F. Supp. 2d 42 (D. Me. 2009) .............................................................................9

**Statutes**

Foreign Trade Antitrust Improvement Act, 15 U.S.C. § 6a ...........................................9

28 U.S.C. § 1292(b) ......................................................................................................3

**Other Authorities**

Federal Rule of Civil Procedure 23 ...........................................................................9, 10

Federal Rule of Civil Procedure 26 ...............................................................................7

**TABLE OF CONTENTS**

**Page**

STATEMENT OF THE ISSUES PRESENTED ...........................................................................ii

STATEMENT OF CONTROLLING OR MOST APPROPRIATE AUTHORITIES ..................iii

PRELIMINARY STATEMENT ................................................................................................. 1

ARGUMENT ............................................................................................................................. 4

I.      INTERLOCUTORY APPEAL OF THE COURT'S DECISION DENYING
        DEFENDANTS' MOTION TO DISMISS THE DIRECT PURCHASER
        COMPLAINTS WOULD BE A MORE APPROPRIATE WAY TO
        STREAMLINE THE CASE THAN PLAINTIFFS' PROPOSAL TO GROUP
        THIS CASE WITH FOUR OTHER UNRELATED CASES ........................................... 4

II.     PLAINTIFFS' PROPOSED TRANCHES ARE ARBITRARY AND
        MERITLESS .................................................................................................................. 5

III.    THE PROPOSED DISCOVERY SCHEDULE IS UNFAIR AND PREJUDICIAL ......... 6

IV.     POSTPONING INDIVIDUAL PLAINTIFF DEPOSITIONS WILL
        SUBSTANTIALLY DELAY THE RESOLUTION OF THIS CASE .............................. 8

V.      DEFERRING CLASS CERTIFICATION BRIEFING IS INEFFICIENT AND
        INCONSISTENT WITH RULE 23 ............................................................................... 10

CONCLUSION........................................................................................................................ 11

Defendants in the Heater Control Panels cases, by and through their counsel, respectfully submit this opposition to the Motion to Coordinate All Actions in MDL 2311 filed by End-Payor Plaintiffs, Auto Dealer Plaintiffs, the State of Florida, and the City of Richmond (Case No. 12-md-02311, Doc. No. 703).[1]

## PRELIMINARY STATEMENT

The Automotive Parts Antitrust Litigation presents this Court and these parties with an almost unprecedented challenge. This MDL began by consolidating a group of cases concerning antitrust issues related to Wire Harness Products. It has since grown exponentially. As the Court knows all too well, more than two dozen sets of cases, each involving claims by different sets of direct purchasers, auto dealerships, and end-payor plaintiffs, against different (although in some cases overlapping) defendants, based on different alleged conspiracies involving different products, have now been consolidated into this same MDL. Each of these different sets of product-specific cases could have been an MDL in its own right. For example, in a similar set of cases related to computer parts in the Northern District of California, the court has proceeded with separate MDLs for each product (e.g., DRAM, SRAM, Flash Memory, Graphic Processing Units, and TFT-LCD Flat Panel Displays), rather than consolidating them into one large computer parts MDL—despite the fact that they are all in fact computer parts and they involve different (although in some cases overlapping) defendants.

---

[1] As further discussed *infra*, Heater Control Panels Defendants incorporate by reference portions of the Wire Harness Products Defendants' Opposition to Certain Plaintiffs' Motion to Coordinate All Actions in MDL 2311 (hereinafter "Wire Harness Opp. Mem.")

Not surprisingly, the parties and the Court seek to identify ways to expedite the resolution of the myriad cases now comprising this MDL.  But given the different parties, products and alleged conspiracies involved, there are limitations to such coordination.  Nevertheless, some efficiencies can be achieved through the cooperation and good faith of the parties, including:

- using best efforts, for cases that are on similar discovery schedules, to avoid duplication of depositions of certain defendants' individual employees knowledgeable about facts in multiple product cases,

- allowing individual named plaintiffs to be deposed simultaneously in several product cases, and

- coordinating discovery requests to third parties.

Plaintiffs' Motion to Coordinate All Actions in MDL 2311, however, goes far beyond any reasonable coordination.  In the first instance, the proposal ignores the uniquely narrow nature of the alleged Heater Control Panel conspiracy.  And plaintiffs' proposal would prejudicially accelerate important case milestones for the Heater Control Panel defendants, while unreasonably delaying others, including class certification and summary judgment.

Plaintiffs propose cramming the 29 actions into arbitrary "tranches."  "Tranche One" would lump the Heater Control Panel cases with the Wire Harness, Fuel Senders, and Instrument Panel Cluster cases.  "Tranche One" Defendants would be compelled to proceed in lockstep with respect to plaintiffs' discovery of defendants.  At the same time, "Tranche One" Defendants would be put on ice with respect to plaintiffs' depositions, summary judgment, and class certification until some unspecified future time when plaintiffs have completed discovery of defendants in all the other two dozen or more cases.  Indeed, plaintiffs appear to propose that those companies named as defendants in multiple product actions be forced to wait years before taking a single deposition of a single plaintiff, and that these defendants then file a single, omnibus summary judgment motion, covering all cases.

2

Under this proposal, the "Tranche One" Defendants would face substantial prejudice and absurd inefficiencies. Either the Wire Harness Defendants, who have been proceeding with discovery for some time, would be stalled in their tracks or the Heater Control Panel Defendants, who have not begun discovery, would be forced to play catch-up. Yet this acceleration would be pointless because under plaintiffs' proposal, Defendants would then be forced to wait until completion of discovery in all 29 cases before reaching the class certification stage.

By seeking to group these cases, plaintiffs also gloss over the fact that their complaints each allege a different conspiracy, among different defendants, at different time periods, involving different products. While there are some defendants in multiple cases, providing some opportunities for efficiencies in scheduling depositions, that is a relatively easy thing for the parties to accomplish through reasonable cooperation and would not require anything like the artificial and prejudicial staging of cases proposed by the plaintiffs.

Defendants were blindsided by this motion, which plaintiffs filed without conferring with Defendants as required by the local rules. However, there are other ways to achieve efficiencies. First, the defendants in the Heater Control Panels Direct Purchaser case intend to file a motion to amend the Court's Opinion and Order on their motions to dismiss to permit an interlocutory appeal under 28 U.S.C. § 1292(b). If the Court were to grant that motion and the Sixth Circuit ultimately were to agree with Defendants' position, discovery in the Heater Control Panels case could be streamlined significantly. Second, the parties should be able to work out sensible and appropriate steps to achieve an appropriate degree of coordination among these various disparate cases, without unduly delaying any of them or otherwise prejudicing the various parties involved.

3

**ARGUMENT**

**I.     INTERLOCUTORY APPEAL OF THE COURT'S DECISION DENYING DEFENDANTS' MOTION TO DISMISS THE DIRECT PURCHASER COMPLAINTS WOULD BE A MORE APPROPRIATE WAY TO STREAMLINE THE CASE THAN PLAINTIFFS' PROPOSAL**

Plaintiffs' proposal to coordinate the Heater Control Panel cases with three other unrelated cases—Wire Harnesses, Fuel Senders, and Instrument Control Panels—does not account for the uniquely narrow nature of the Heater Control Panel cases. Despite having access to documents produced to the DOJ by two defendants for months before they filed their complaints (and the likely cooperation of an amnesty applicant), the only specific allegations in any of the three complaints concern conduct with respect to RFQs for heater control panels issued by one auto manufacturer, Toyota.[2]

Nonetheless, the Court held that the Direct Purchaser Plaintiffs' allegations were sufficient to pursue their claim that the Direct Purchaser Defendants engaged in a broad industry-wide conspiracy targeting all auto manufacturers. The Court's decision opened the door to discovery encompassing all sales and conduct relating to Heater Control Panel RFQs issued by all auto manufacturers, not just Toyota. If the Sixth Circuit were to reverse this Court's decision and determine that the Direct Purchase Plaintiffs' allegations were not sufficient to support the broad conspiracy that they alleged, the scope of the case would be drastically more narrow and discovery would be far more targeted and efficient.

---

[2] In the Heater Control Panels cases, the Direct Purchaser Plaintiffs allege a conspiracy between DENSO, Tokai Rika, and Sumitomo to rig the bids for heater control panels. The Auto Dealer and End-Payor Plaintiffs allege a similar conspiracy with the addition of Alps as a defendant. Two of the defendants in the Heater Control Panel actions have pleaded guilty and plaintiffs allege there is an amnesty applicant who is cooperating with the investigatory agencies. Alps falls into neither category.

4

The Direct Purchaser Defendants thus intend to seek certification of the Court's Opinion and Order of April 30, 2014 for immediate interlocutory appeal to give the Sixth Circuit an opportunity to assess the sufficiency of these allegations.  Should Direct Purchaser Defendants' position be correct, then this Court will not need to engage in what are likely to be multiple discovery disputes involving matters for which there are no actual factual allegations.  The efficiencies to be gained for the Court and the parties——limitation of discovery to the facts actually alleged, and not a fishing expedition into vague, unsupported assertions about global conspiracy—would be immense.  Thus, allowing the Sixth Circuit to determine whether the direct purchasers' allegations satisfied the pleading standard that the Supreme Court established in *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), would potentially streamline this case (and potentially other product cases) far more than plaintiffs' "coordination proposal."

## II.    PLAINTIFFS' PROPOSED TRANCHES ARE ARBITRARY AND MERITLESS

Plaintiffs propose to aggregate the Heater Control Panels cases with the Wire Harness, Fuel Senders, and Instrument Cluster Panels cases into "Tranche One."  The cases in Tranche One would "proceed on contemporaneous tracks through motions to dismiss and discovery."  Pls.' Mem. at 10.  The proposal is based on the notion that all of these cases and defendants are similarly situated.  There is no factual basis for that premise.

Although plaintiffs assert that the "factual and legal issues involved in these cases substantially overlap," Pls. Mem. at 6, the only actual common thread between the purported "Tranche One" cases is timing.  These four cases happen to be the first four cases filed.  That happenstance does not justify aggregating these four cases into lockstep proceedings.  The complaints for each case in proposed "Tranche One" involve a different conspiracy, for a

5

different time period, among different sets of defendants and a different product.  As alleged in

plaintiffs' complaints, wire harnesses are distinct from heater control panels, which are distinct

from instrument panel clusters, which are distinct from fuel senders.  The complaints make no

attempt to connect the claims in this action to those involving the automobile components at

issue in Wire Harnesses, Fuel Senders, Instrument Panel Clusters, or any of the other two dozen

product cases consolidated in this Court.

Moreover, the defendant line-up varies vastly between the cases in "Tranche One."

Despite plaintiffs' assertion that "Tranche One" shares key common defendants, eight of these

Tranche One defendants—Alps, Delphi, Fujikura, Furukawa, G.S. Electech, Lear, Leoni, and

Nippon—are named only in *one* case.[3]  (*See* Ex. B to Pls.' Mot.)  Even as to the purported

common defendants (Yazaki, Sumitomo, and DENSO, Pls.' Mem. at 10), there are critical

differences.  Yazaki is not a defendant in Heater Control Panels, and Sumitomo and Tokai Rika

are not defendants in Instrument Panel Clusters or Fuel Senders.  There is no logic or efficiency

to linking these distinct cases.

## III.    THE PROPOSED DISCOVERY SCHEDULE IS UNFAIR AND PREJUDICIAL

Plaintiffs contend that forcing the cases in proposed Tranche One to proceed in lockstep

will create efficiencies for all cases.  However, this proposal ignores the substantial progress of

discovery in the Wire Harness cases and the contrasting lack of discovery in Heater Control

Panels.  The parties in Wire Harnesses have been in active discovery for more than eight months,

the Court recently signed a Supplemental Discovery Plan, a June 23 deadline looms for motions

---

[3] Similarly, of the 36 defendant families involved in this MDL, the vast majority of them are
named in only one of the 29 product cases.  Only about one-quarter of the defendant families are
named in multiple product cases.

to compel certain discovery, and depositions are about to begin.  *See* Wire Harness Opp. Mem. at 6-8 (describing status of discovery).

By contrast, discovery has been stayed in the remainder of the cases in plaintiffs' proposed Tranche One pending the Court's orders on motions to dismiss.  Accordingly, discovery in Heater Control Panels has been limited to the following activities: 1) two defendants provided the documents that were produced to the Department of Justice to plaintiffs; 2) there is likely an amnesty applicant who is providing documents; and 3) and Alps has served its Rule 26 disclosures.  Unlike the Wire Harness cases, the parties in the remaining cases in Tranche One have not served or responded to interrogatories, requests, or responses, nor have they engaged in any dialogue about a possible joint discovery plan.

From a practical standpoint, the Heater Control Panels cases are at least a year behind Wire Harness.  It would be prejudicial to accelerate discovery to play "catch-up" with the Wire Harness cases.

Finally, plaintiffs again seek to blur the distinctions between each of these cases by arguing that the discovery from defendants in all of the cases will involve the same custodians, the same or similar search terms, and the same sources of ESI and paper documents.  This argument is fantasy.  Each case involves different products and different alleged conspiracies, which took place at varied times and in different contexts and involved different targets and markets.  The individuals at each company with relevant documents and knowledge will vary, depending on the product, the target, and the timing of the alleged conspiracy.  There is no efficiency to be gained by arbitrarily imposing the same schedule and requirements on four cases, none of which share the same discovery or discovery timeline.

Defendants in the Heater Control Panels cases understand the importance of minimizing the burden of discovery on individual witnesses and third parties, particularly with respect to depositions. Yet plaintiffs' proposal paints with too broad a brush, and fails to achieve meaningful efficiencies while simultaneously prejudicing individual defendants.

## IV.   POSTPONING INDIVIDUAL PLAINTIFF DEPOSITIONS WILL SUBSTANTIALLY DELAY THE RESOLUTION OF THIS CASE

Heater Control Panel Defendants agree that the parties should work together to reduce the burden on plaintiffs and defendants alike. But plaintiffs propose to schedule depositions of class representatives once, for all pending cases, forcing defendants in the 29 separate cases these plaintiffs have filed to coordinate their examination. Pls.' Mem. at 15. Plaintiffs further seek to delay those depositions until some unnamed point in the future, *id.*, in what is clearly an attempt to defer potentially case-dispositive legal questions until late in the litigation process.

This proposal would substantially delay resolution of these cases for the Heater Control Panel cases, where consolidated amended complaints have been filed, motions to dismiss are fully briefed and argued (and some have been resolved), and depositions of plaintiffs could proceed relatively quickly once discovery commences. The defendants in Heater Control Panels should not be required to wait until all cases are in active discovery to depose class representatives. Such delay is especially unwarranted because it would not actually improve efficiency. Instead, early depositions would narrow the issues, for three reasons.

First, as further described in Section I above, plaintiffs are attempting to move forward with unsupported and unsupportable allegations of a global conspiracy in the Heater Control Panel industry. But the only conspiracy that they have alleged is directed at a single automobile manufacturer, Toyota, and only at certain specific Toyota RFQs. To the extent that plaintiffs can assert any claims against the Heater Control Panel Defendants, those claims must be based on

those specific Toyota RFQs. Plaintiffs' deposition testimony as to their purchases, along with their document productions and written discovery, will provide the Heater Control Panels Defendants with the necessary evidence to move for summary judgment on the claims of those plaintiffs who did not purchase a heater control panel that was the subject of these specific RFQs. *See In re New Motor Vehicles Canadian Export Antitrust Litig.*, 632 F. Supp. 2d 42, 50 (D. Me. 2009) (granting summary judgment to defendants on issue of causation and explaining that "[t]o establish liability for an illegal antitrust conspiracy, the plaintiffs must provide evidence not only that there was an illegal agreement, but also that the agreement actually caused antitrust injury.").

Second, Federal Rule of Civil Procedure 23(a)(4) requires that class representatives "fairly and adequately protect the interests of the class." There is no reason why class discovery cannot proceed and individual plaintiffs cannot be deposed on this issue at a relatively early stage in the litigation. Indeed, plaintiffs' apparent unwillingness to make themselves available for depositions in each case may cast their adequacy to serve as class representatives into doubt. *See Beattie v. CenturyTel, Inc.*, 511 F.3d 554, 563 (6th Cir. 2007) (class representative must "vigorously prosecute the interests of the class through qualified counsel" (citations and internal quotation marks omitted)); *Brennan v. Qwest Comm'ns., Int'l*, No. 07-2-24 ADM/JSM, 2009 U.S. Dist. LEXIS 47898 at *26-28 (D. Minn. June 4, 2009) (dismissing claims of plaintiffs who failed to appear for deposition or make themselves available for deposition because "a plaintiff has affirmative obligations as a litigant"); Wire Harness Opp. Mem. at 15.

Third, deposition testimony is essential to determining whether plaintiffs' claims are barred under the Foreign Trade Antitrust Improvement Act, 15 U.S.C. § 6a. *See Motorola Mobility LLC v. AU Optronics Corp*., 746 F.3d 842, 844 (7th Cir. 2014); Wire Harness Opp.

Mem. at 10. Addressing these issues as soon as possible will narrow these various cases and allow them to proceed to resolutions in a much more timely and efficient manner.

## V. DEFERRING CLASS CERTIFICATION BRIEFING IS INEFFICIENT AND INCONSISTENT WITH RULE 23

Plaintiffs argue that coordination is necessary and appropriate for class certification proceedings, but simultaneously seek to delay those class proceedings and related discovery for as long as possible. Plaintiffs claim that it would be "illogical to proceed to class certification proceedings involving one component part while discovery and proceedings continue in other cases for many reasons, including the fact that the scope of the conspiracy may not be fully known." Pls.' Mem. at 17. Yet none of the plaintiffs in any of the various product tracks have ever alleged a single, global, overarching conspiracy that links any of these separate products cases. In short, plaintiffs seek to delay class certification as long as possible to avoid the eventual conclusion that these cases cannot proceed on a class basis at all.

This deferral is directly contrary to the requirements of Federal Rule of Civil Procedure 23(c)(1)(A), which requires the Court to resolve class certification issues at "an early practicable time." Plaintiffs' proposal effectively seeks a court order imposing exactly the opposite. As described further by the Wire Harness Products Defendants, such a delay would simply postpone the inevitable moment when plaintiffs must reckon with Rule 23's requirements. *See* Wire Harness Opp. Mem. at 12-13. To the extent that the parties are focused on efficiency, the quickest way to reach resolution in any of these cases is to push forward with those that are ready to proceed on their respective schedules.

Further, plaintiffs' proposed delay would be fruitless because there are no efficiencies to be gained by consolidating class certification proceedings. The class certification motions will require individualized, distinctive analysis for each product, each set of plaintiffs, each set of

defendants, and each alleged conspiracy.  Each separate market will require unique economic

analysis by experts.  *See Comcast Corp. v. Behrend*, 133 S. Ct. 1426 (2013).  Plaintiffs cannot

evade this requirement by aggregating all cases.  Accordingly, there is no reason to delay class

certification proceedings, and particularly not to delay them until discovery in all 29 cases has

concluded.

**CONCLUSION**

Heater Control Panel Defendants agree that the sheer scope of this MDL dictates that

efficiencies be identified and achieved.  However, Defendants believe that those efficiencies can

be achieved by streamlining the legal claims at issue, as will be more fully detailed in Direct

Purchaser Defendants' forthcoming motion to certify the Court's order of April 30, 2014, for

immediate interlocutory appeal.  Other efficiencies can be secured through the mutual

cooperation of the parties, without imposition of rigid and prejudicial procedures.  For the

foregoing reasons, Defendants request that this Court deny the Motion of End-Payor Plaintiffs,

Auto Dealer Plaintiffs, the State of Florida, and the City of Richmond to Coordinate All Actions

in MDL 2311.

May 27, 2014                    BROOKS WILKINS SHARKEY & TURCO PLLC

                     By:    */s/Maureen T. Taylor*
                            Herbert C. Donovan (P51939)
                            Maureen T. Taylor (P63547)
                            BROOKS WILKINS SHARKEY & TURCO PLLC
                            401 Old South Woodward, Suite 400
                            Birmingham, MI 48009
                            Telephone:  (248) 971-1721
                            Fax:  (248) 971-1801
                            taylor@bwst-law.com
                            donovan@bwst-law.com

                     *And*

11

May 27, 2014                COVINGTON & BURLING LLP

                    By:     */s/Anita F. Stork*
                            Anita F. Stork
                            COVINGTON & BURLING LLP
                            One Front Street, 35th Floor
                            San Francisco, CA 94111
                            Telephone:  (415) 591-6000
                            Fax:  (415) 955-6550
                            astork@cov.com

                            Michael J. Fanelli
                            COVINGTON & BURLING LLP
                            1201 Pennsylvania Ave., NW
                            Washington, D.C. 20004
                            Telephone: (202) 662-6000
                            Fax: (202) 662-5383
                            Mfanelli@cov.com

                            *Attorneys for Defendants Alps Electric (North America), Inc. and Alps Automotive, Inc.*


May 27, 2014                BAKER & MILLER PLLC

                    By:     */s/W. Todd Miller (w/consent)*
                            W. Todd Miller
                            BAKER & MILLER PLLC
                            2401 Pennsylvania Avenue, NW, Suite 300
                            Washington, DC 20037
                            Telephone:  (202) 663-7820
                            Fax:  (202) 663-7849 (facsimile)
                            TMiller@bakerandmiller.com

                            *Attorneys for Defendants TRAM, Inc. and Tokai Rika Co., Ltd.*

May 27, 2014                  BUTZEL LONG

                    By:     */s/David F. DuMouchel (w/consent)*
                            David F. DuMouchel
                            George B. Donnini
                            BUTZEL LONG
                            150 West Jefferson, Suite 100
                            Detroit, MI 48226
                            (313) 225-7000
                            Telephone:  (313) 225-7000
                            Fax:  (313) 225-7080
                            dumouchd@butzel.com
                            donnini@butzel.com

                            *Attorneys for Defendants TRAM, Inc. and Tokai Rika Co., Ltd.*

May 27, 2014                  GIARMARCO, MULLINS & HORTON, P.C.

                    By:     */s/William H. Horton (w/consent)*
                            William H. Horton
                            GIARMARCO, MULLINS & HORTON, P.C.
                            101 West Big Beaver Road, Tenth Floor
                            Troy, Ml 48084-5280
                            Telephone:  (248) 457-7060
                            Fax:  (248) 457-7001
                            bhorton@gmhlaw.com

                            *Attorneys for Defendants Sumitomo Electric Industries, Ltd.,*
                            *Sumitomo Electric Wiring Systems, Inc., Sumitomo Electric Wintec*
                            *America, Inc., Sumitomo Wiring Systems (U.S.A.) Inc., Sumitomo*
                            *Wiring Systems, Ltd., and K&S Wiring Systems, Inc.*

13

May 27, 2014                    LATHAM & WATKINS LLP

              By:     */s/Marguerite M. Sullivan (w/consent)*
                      Marguerite M. Sullivan
                      LATHAM & WATKINS
                      555 Eleventh Street, NW, Suite 1000
                      Washington, DC 20004
                      Telephone:  (202) 637-2200
                      Fax:  (202) 637-2201
                      marguerite.sullivan@lw.com

                      *Attorneys for Defendants Sumitomo Electric Industries, Ltd.,
                      Sumitomo Electric Wiring Systems, Inc., Sumitomo Electric Wintec
                      America, Inc., Sumitomo Wiring Systems (U.S.A.) Inc., Sumitomo
                      Wiring Systems, Ltd., and K&S Wiring Systems, Inc.*

May 27, 2014                    WILMER CUTLER PICKERING HALE AND DORR LLP

              By:     */s/Steven F. Cherry (w/consent)*
                      Steven F. Cherry
                      David P. Donovan
                      Seth B. Orkand
                      WILMER CUTLER PICKERING HALE
                      AND DORR LLP
                      1875 Pennsylvania Avenue, NW
                      Washington, DC 20006
                      Telephone:  (202) 663-6000
                      Fax:  (202) 663-6363
                      steven.cherrv@wilmerhale.com
                      david.donovan@wilmerhale.com
                      seth.orkand@wilmerhale.com

                      *Counsel for Defendants DENSO International America, Inc. and
                      DENSO Corporation*

14

## CERTIFICATE OF SERVICE

I hereby certify that on May 27, 2014, I caused the foregoing HEATER CONTROL PANEL DEFENDANTS' OPPOSITION TO CERTAIN PLAINTIFFS' MOTION TO COORDINATE ALL ACTIONS IN MDL 2311 to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

/s/Maureen Taylor
Maureen Taylor