**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

| | | |
|---|---|---|
| In Re: AUTOMOTIVE PARTS ANTITRUST LITIGATION | : : : : | Master File NO. 12-md-02311 Honorable Marianne O. Battani |
| THIS DOCUMENT RELATES TO: All Actions | : : : : : : : : : : | **DIRECT PURCHASER PLAINTIFFS' RESPONSE TO END-PAYOR PLAINTIFFS, AUTO DEALER PLAINTIFFS, THE STATE OF FLORIDA, AND THE CITY OF RICHMOND'S MOTION TO COORDINATE ALL ACTIONS IN MDL 2311** |

Direct Purchaser Plaintiffs ("DPPs") respectfully submit their response to the End-Payor Plaintiffs, Auto Dealer Plaintiffs, the State of Florida, and the City of Richmond's ("Moving Plaintiffs") Motion to Coordinate ("Motion"). DPPs fully support the goals of coordination and "securing the just, speedy, and inexpensive determination of every action and proceeding" in MDL 2311. The DPPs affirmatively support the Moving Plaintiffs' proposal for streamlining the motions to dismiss.[1] DPPs also support the broad coordination of discovery across MDL 2311. DPPs assert that a portion of the Moving Plaintiffs' proposal related to class certification is premature as the DOJ stay is still in place.

---

[1] DPPs agree with the Moving Plaintiffs' concept of tranches, but not necessarily with the proposed make-up of those tranches. Until we know the full make-up of MDL 2311, it is premature to group the cases for discovery or class certification purposes, beyond those four that are permitted to proceed (Wire Harness, Instrument Panel Clusters, Heater Control Panels and Fuel Senders), with limitations, under the DOJ stay.

**I.      Coordination of Discovery**

DPPs support the concept of coordinating discovery to the extent possible to create efficiencies across MDL 2311. All parties have spent the past several months negotiating a Supplemental Discovery Plan ("SDP"), which was entered by the Court on May 23, 2014, and Deposition Protocol in the Wire Harness action, and all Plaintiffs believe that these documents can serve not only as templates[2], but can also provide the presumptive plans and protocols for all other product cases within MDL 2311.

Examples of discovery coordination within the SDP include requiring the best efforts of Plaintiffs and Defendants in coordinating discovery requests to avoid duplication and requiring the production of transactional data from centralized structured databases on an expedited basis. Moreover, the Court directed at the February 12, 2014 status conference, that the parties attempt to agree on a class certification schedule within 30 days of the lifting of the DOJ stay. (February 12, 2014 Transcript at 120-121.)[3]

Similarly, while the negotiations between Plaintiffs and Defendants of the Deposition Protocol are ongoing, various proposals have included language designed to streamline not only the Wire Harness action, but the entire Automotive Parts litigation. These negotiations have contemplated avoiding multiple depositions of the same Class Representative or corporate employee.

---

[2] Moving Plaintiffs are in agreement that the SDP and Deposition Protocol should "serve as . . . template[s] and [can] be modified to provide procedures for coordination in order to eliminate unnecessary delay and to reduce the burdens on the Court and the parties." (Motion at p. 7).

[3] That provision is contained in the SDP at paragraph II. A.

DPPs agree with the Moving Plaintiffs that discovery should be coordinated in MDL 2311 and support their proposal as to written discovery. As to the Moving Plaintiffs' goal of the coordination of depositions, the best process to achieve this goal is to await the Court's eventual approval of a Deposition Protocol. DPPs propose that the SDP and Deposition Protocol (once ordered by the Court) become the presumptive procedure to follow in all cases in MDL 2311. To the extent any party objects to the application of the SDP and the eventual Deposition Protocol in other current or subsequently filed product cases within MDL 2311, that party may show good cause as to why these template orders reached after extensive arm's-length negotiations in Wire Harness should not apply to any other case.

## II. Class Certification

It is premature to decide upon a schedule or proposed schedule related to class certification for the reasons articulated by the Court at the February 12, 2014 status conference. *Id.* The Court stated, "we don't know yet what we don't know, we don't know where we are going here." *Id.* at 120. The uncertainty as to "where we are going" is in large part caused by the DOJ stay. The parties do not know when or whether the DOJ will lift the stay in whole or in part. Once any portion of the stay is lifted (which could be as soon as June 23, 2014), the parties and the Court will be in a better position to contemplate the most efficient way to structure a schedule for class certification in MDL 2311. The Moving Plaintiffs articulate a similar position but also request that all pleading issues be resolved prior to structuring a schedule for class certification. DPPs do not agree to this portion of the Moving Plaintiffs' proposed order. Per the Court's guidance at the last status conference, and as confirmed in the SDP, class certification will be revisited no later than 30 days after the DOJ stay is lifted (in whole or in part) when greater information is available to all parties.

### III. Conclusion

Since the creation of MDL 2311, DPPs have supported the goals of coordinating the litigation of the various products under the umbrella of MDL 2311 and continue to support the creation and implementation of procedures to make the litigation as efficient as possible. DPPs support the concept of coordination behind the Moving Plaintiffs' proposals. DPPs also support the majority of the Moving Plaintiffs' proposals to implement these concepts, including the streamlining of the motion to dismiss procedures. As to the Moving Plaintiffs' proposal related to coordinated discovery, DPPs request that the Court presumptively apply the SDP and the to-be-filed Deposition Protocol to all current and future product cases in MDL 2311. Entry of these orders will provide the foundation for coordination. Last, DPPs assert that all parties should follow the Court's direction provided at the last status conference, specifically that structuring class certification scheduling is premature until the lifting of the DOJ stay.

DATED: May 27, 2014                                 Respectfully submitted,

> */s/ David H. Fink*
> David H. Fink (P28235)
> Darryl Bressack (P67820)
> FINK + ASSOCIATES LAW
> 100 West Long Lake Road, Suite 111
> Bloomfield Hills, MI 48304
> (248) 971-2500
>
> Interim Liaison Counsel for the Direct Purchasers

| | |
|---|---|
| Steven A. Kanner<br>William H. London<br>Michael E. Moskovitz<br>Michael L. Silverman<br>FREED KANNER LONDON<br>  &amp; MILLEN LLC<br>2201 Waukegan Road, Suite 130<br>Bannockburn, IL  60015<br>Telephone:  (224) 632-4500 | Joseph C. Kohn<br>William E. Hoese<br>Douglas A. Abrahams<br>KOHN, SWIFT & GRAF, P.C.<br>One South Broad Street, Suite 2100<br>Philadelphia, PA  19107<br>Telephone:  (215) 238-1700 |
| Gregory P. Hansel<br>Randall B. Weill<br>Michael S. Smith<br>PRETI, FLAHERTY, BELIVEAU<br>  & PACHIOS LLP<br>One City Center, P.O. Box 9546<br>Portland, ME  04112-9546<br>Telephone:  (207) 791-3000 | Eugene A. Spector<br>William G. Caldes<br>Jonathan M. Jagher<br>Jeffrey L. Spector<br>SPECTOR ROSEMAN KODROFF<br>  & WILLIS, P.C.<br>1818 Market Street, Suite 2500<br>Philadelphia, PA  19103<br>Telephone:  (215) 496-0300 |

Interim Lead Counsel for the Direct Purchasers in all parts except Bearings

| | |
|---|---|
| Steven A. Kanner<br>William H. London<br>Michael E. Moskovitz<br>Michael L. Silverman<br>FREED KANNER LONDON<br>  & MILLEN LLC<br>2201 Waukegan Road, Suite 130<br>Bannockburn, IL  60015<br>Telephone:  (224) 632-4500 | Joseph C. Kohn<br>William E. Hoese<br>Douglas A. Abrahams<br>KOHN, SWIFT & GRAF, P.C.<br>One South Broad Street, Suite 2100<br>Philadelphia, PA  19107<br>Telephone:  (215) 238-1700 |
| Eugene A. Spector<br>William G. Caldes<br>Jonathan M. Jagher<br>Jeffrey L. Spector<br>SPECTOR ROSEMAN KODROFF<br>  & WILLIS, P.C.<br>1818 Market Street, Suite 2500<br>Philadelphia, PA  19103<br>Telephone:  (215) 496-0300 | |

Interim Lead Counsel for the Direct Purchasers in Bearings

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 27, 2014, I electronically filed the foregoing paper with the Clerk of the court using the ECF system which will send notification of such filing to all counsel of record registered for electronic filing.

                                                FINK + ASSOCIATES LAW
                                                By: /s/David H. Fink
                                                David H. Fink (P28235)
                                                Darryl Bressack (P67820)
                                                100 West Long Lake Road, Suite111
                                                Bloomfield Hills, MI  48304
                                                (248) 971-2500
                                                dfink@finkandassociateslaw.com