# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **In Re: AUTOMOTIVE PARTS ANTITRUST LITIGATION**<br><br>**ALL PARTS**<br><br><br>**THIS RELATES TO:  ALL CASES** | 12-md-02311<br>Honorable Marianne O. Battani |

### [PROPOSED] ORDER REGARDING PROCEDURE FOR PRESERVATION OF ISSUES FOR APPEAL IN MOTION TO DISMISS BRIEFING

Whereas, on February 12, 2014, the Court directed Class Plaintiffs and Defendants in all cases (collectively, the "Parties") to meet and confer regarding the possible use of stipulations to preserve for appeal legal issues that may be extremely similar across the various Lead Cases within Case No. 12-md-02311, and that have already been ruled on by the Court, in order to reduce the content of future motions to dismiss;

It is HEREBY ORDERED:

During future conferences conducted pursuant to E.D. Mich. LR 7.1(a), the Parties in each Lead Case shall consider and discuss whether they are willing to agree that a particular legal issue a Party intends to raise in a motion to dismiss is extremely similar to an issue on which this Court has previously ruled in any case

1

within Case No. 12-md-02311, and whether that legal issue can be addressed and preserved for appeal by stipulation of the Parties to that Lead Case.

Where the Parties agree that a particular legal issue is extremely similar to an issue on which this Court has previously ruled in any case within Case No. 12-md-02311, the Parties may submit for entry a *[Proposed] Stipulated Order Regarding Preserved Issues*, identifying those legal issues (the "Stipulated Issues") and providing mechanisms to reduce the briefing burden on the parties and the Court, such as incorporation of briefing by reference with respect to such issues. The *[Proposed] Stipulated Order Regarding Preserved Issues* should also identify (by date, title, case number, and docket number) any prior briefing and orders of the Court filed in any case within Case No. 12-md-02311 addressing the Stipulated Issues.

Unless otherwise agreed by the Parties, the *[Proposed] Stipulated Order Regarding Preserved Issues* must be submitted to the Court at least 45 calendar days before the filing of any affected motions to dismiss, and either party may withdraw its consent to the *[Proposed] Stipulated Order Regarding Preserved Issues* if the Court has not entered it within 20 calendar days after it is filed.

If the Court rejects the *[Proposed] Stipulated Order Regarding Preserved Issues*, or has not entered a Stipulated Order within 20 calendar days of the filing of any *[Proposed] Stipulated Order Regarding Preserved Issues*, the Parties will

be given an opportunity to present the Stipulated Issues pursuant to a reasonable supplemental briefing schedule.

If the Court approves the *[Proposed] Stipulated Order Regarding Preserved Issues*, entering it as an order of the Court ("Stipulated Order"), the Parties will be deemed to have adequately preserved the Stipulated Issues for appeal, and no further briefing or oral argument is required by any Party as to those Stipulated Issues. Any prior briefing and orders of the Court identified in the Stipulated Order shall be deemed part of the appellate record in that Lead Case, as if originally entered therein, for purposes of addressing the Stipulated Issues on appeal.

If the Court approves the *[Proposed] Stipulated Order Regarding Preserved Issues* and enters a Stipulated Order, in the interests of preserving party and judicial resources, no party stipulating to such Order will be permitted to object to any motion to certify an order for interlocutory appeal with respect to the Stipulated Issues.

Any Stipulated Order shall be entered for purposes of preservation of appellate rights, only, and shall not be construed as a stipulation to the accuracy or correctness of any ruling by the Court. Any Stipulated Order shall be entered without prejudice to any Party seeking to modify it based on subsequent rulings of the Court in any case within Case No. 12-md-02311, amendments of pleadings in

any case within Case No. 12-md-02311, or changes in controlling law, the sole purpose of the procedure set forth above being to streamline motion to dismiss proceedings without waiving any appellate rights.

**IT IS SO ORDERED.**

Date: _____, 2014                    _____
                                         MARIANNE O. BATTANI
                                         UNITED STATES DISTRICT JUDGE

SO STIPULATED:
[insert parties]