# EXHIBIT B

Not Reported in F.Supp.2d, 2008 WL 4277300 (E.D.Mich.)
**(Cite as: 2008 WL 4277300 (E.D.Mich.))**

Only the Westlaw citation is currently available.

United States District Court,
E.D. Michigan,
Southern Division.
Darrell SIGGERS, Plaintiff,
v.
Ellen M. CAMPBELL, et al., Defendants.

No. 07-12495.
Sept. 17, 2008.

Darrell Siggers, Muskegon, MI, pro se.

Christine M. Campbell, MI Dept of Atty Gen, Lansing, MI, for Defendants.

### ORDER CONCURRING IN THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

MARIANNE O. BATTANI, District Judge.

**\*1** Before the Court are Plaintiff's Objections to Magistrate Judge Paul J. Komives' Report and Recommendation regarding Plaintiff's motion to transfer the case to the judge in Case No. 01-72729, an earlier suit by Plaintiff. (Docs.25, 27, 32). The Magistrate Judge determined that the present case is not a companion case to the earlier case based on, among other things, its finding that the Defendants in the present case work at a different correctional facility than did the Defendant in Case No. 01-72729. In particular, the Magistrate Judge stated that the Defendants in the present case are identified as employees at Muskegon Correctional Facility, whereas the Defendant in Case No. 01-72729 was an employee of Mound Correctional Facility. Plaintiff objects that this is erroneous and that the Defendants in both cases are employees of Mound Correctional Facility. Therefore, Plaintiff contends that the cases are companion cases.

Under E.D. Mich. LR 83.11(b)(7),

(a) Companion cases are those cases in which it appears that:

(i) substantially similar evidence will be offered at trial, or

(ii) the same or related parties are present, and the cases arise out of the same transaction or occurrence. Cases may be companion cases even though one of them may have already been terminated.

...

(c) When it becomes apparent to the Judge to whom a case is assigned and to a Judge having an earlier case number that two cases are companion cases, upon consent of the Judge having the earlier case number, the Judge shall sign an order reassigning the case to the Judge having the earlier case number.

A review of the pleadings in this case indicates that Plaintiff is correct when he asserts that, like the Defendant in Case No. 01-72729, the Defendants in the present case are employees of Mound Correctional Facility. Nevertheless, the two cases are not companion cases because the present case arises from conduct that occurred well after the conduct that gave rise to the earlier case. *See* E.D. Mich. LR 83.11(b)(7)(a)(ii). As such, the present case also would require substantially different evidence than was offered in Plaintiff's earlier case. *See* E.D. Mich. LR 83.11(b)(7)(a) (i). Accordingly, Plaintiff's motion to transfer the case to a different judge is **DENIED.**

    IT IS SO ORDERED.

### REPORT AND RECOMMENDATION REGARDING PLAINTIFF'S MOTION TO TRANSFER CASE TO EARLIER JUDGE (Doc. Ent.25)

PAUL J. KOMIVES, United States Magistrate Judge.
    **I. RECOMMENDATION:** The Court should

© 2014 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d, 2008 WL 4277300 (E.D.Mich.)
**(Cite as: 2008 WL 4277300 (E.D.Mich.))**

deny plaintiff's motion to transfer the instant case to the judge in Case No. 2:01-CV-72729-AJT-WC pursuant to E.D. Mich. LR 83.11(b)(7). Doc. Ent. 25.

II. *REPORT:*

A. Background

Plaintiff has previously been a party to two cases in this Court.[FN1] First, plaintiff filed a petition for writ of habeas corpus on May 6, 1996. On August 30, 1996, Judge Hood entered judgment dismissing without prejudice petitioner's petition. *Siggers v. Stegall,* Case No. 2:96-CV-72109.

> [FN1]. Plaintiff was also a party to *Siggers v. Boots,* Case No. 1:90-CV-00627, in the Western District of Michigan.

**\*2** Second, on July 24, 2001, plaintiff filed a prisoner civil rights case against defendant David Barlow. *Siggers v. Barlow,* Case No. 2:01-CV-72729. According to the November 15, 2005 joint final pretrial order, plaintiff brought "a claim of First Amendment retaliation pursuant to 42 U.S.C. § 1983, charging the defendant with retaliatory transfer, interference with access to counsel, intimidation, and other intentional harms in response to the plaintiff having complained to supervisory officials about the defendant's conduct." Doc. Ent. 66 at 1. Defendant is identified as the RUM (Resident Unit Manager), apparently at Mount Correctional Facility (NRF). Doc. Ent. 66 at 1-2, 7 ¶ 39. It appears that the facts underlying this complaint took place during 2000 and 2001. Doc. Ent. 66 at 1-2. On September 12, 2003, Judge Tarnow entered an order denying defendant's motion for summary judgment. Doc. Ent. 42. On June 24, 2005, the Sixth Circuit affirmed his decision. *Siggers-El v. Barlow,* 412 F.3d 693 (6th Cir.2005). On December 30, 2005, Judge Tarnow entered judgment for plaintiff and against defendant in the amount of $219,000. Doc. Ent. 72. On April 10, 2006, Judge Tarnow entered an order denying defendant's motion for remittitur and/or new trial, granting plaintiff's motion for costs, and granting plaintiff's petition for attorney fees. *Siggers-El v. Barlow,* 433 F.Supp.2d 811 (E.D.Mich.2006). On August 31, 2006, Judge Tarnow entered a stipulated order of dismissal with prejudice. Doc. Ent. 99.

B. The Instant Case

Plaintiff is currently confined at Muskegon Correctional Facility (MCF). On June 11, 2007, while incarcerated at MCF, plaintiff filed this pro se prisoner civil rights complaint against defendants Patricia L. Caruso, Director of the Michigan Department of Corrections (MDOC); Andrew J. Jackson, described as the MCF Warden; Ellen M. Campbell, described as an MCF mailroom clerk; and Norman Minton, described as an MCF Lieutenant. Doc. Ent. 1 ¶¶ 4-7. The facts underlying plaintiff's complaint span the period from September 23, 2004 to May 11, 2007. Doc. Ent. 1 ¶¶ 8-46. Plaintiff's complaint is based upon his First Amendment rights to free speech, against retaliation, and of access to courts, as well as the Fair and Just Treatment Clause of the Michigan Constitution. Doc. Ent. 1 ¶¶ 47-51.

Judge Battani has referred this case to me for all pretrial matters. Doc. Ent. 6. Pursuant to my September 4, 2007 order, defendants had up to and including November 5, 2007 by which to file a responsive pleading. Doc. Ent. 9.

C. Pending Motions

Currently before the Court are defendants October 17, 2007 motion to stay discovery (Doc. Ent.16);[FN2] defendants November 5, 2007 motion to dismiss based on failure to exhaust administrative remedies and failure to state a claim (Doc. Ent.19);[FN3] defendants' December 7, 2007 motion to strike their November 5, 2007 motion (Doc. Ent.21);[FN4] defendants' December 7, 2007 motion to dismiss based on failure to exhaust administrative remedies and failure to state a claim (Doc. Ent.22); and plaintiff's

© 2014 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d, 2008 WL 4277300 (E.D.Mich.)
**(Cite as: 2008 WL 4277300 (E.D.Mich.))**

January 25, 2008 motion to transfer case to earlier judge (Doc. Ent.25).

> FN2. On October 22, 2007, I entered an order setting the response deadline for November 19, 2007. Doc. Ent. 17. Plaintiff filed a response on October 31, 2007. Doc. Ent. 18.

> FN3. On November 9, 2007, I entered an order setting the response deadline for December 17, 2007. Doc. Ent. 20. Plaintiff filed a response on December 6, 2007. Doc. Ent. 23.

> FN4. On December 17, 2007, plaintiff filed a to defendant's motion to strike. Doc. Ent. 24.

**D. The Court should deny plaintiff's January 25, 2008, motion to transfer case to earlier judge pursuant to E.D. Mich. LR 93.11(b) (7).**

*3 Plaintiff's motion is based upon E.D. Mich. LR 83.11(b)(7), specifically subsections (A) and ©. Doc. Ent. 25 at 1. E.D. Mich. LR 83.11(b)(7) governs companion cases. It provides:

> (A) Companion cases are those cases in which it appears that:
>
> (I) substantially similar evidence will be offered at trial, or
>
> (ii) the same or related parties are present, and the cases arise out of the same transaction or occurrence. Cases may be companion cases even though one of them may have already been terminated.
>
> (B) Counsel, including the United States Attorney, or a party without counsel shall be responsible for bringing such cases to the attention of the Court by responding to the questions included on the civil case cover sheet.
>
> © When it becomes apparent to the Judge to whom a case is assigned and to a Judge having an earlier case number that two cases are companion cases, upon consent of the Judge having the earlier case number, the Judge shall sign an order reassigning the case to the Judge having the earlier case number.

> E.D. Mich. LR 83.11(b)(7).

Plaintiff claims he complied with Subsection (B) by his June 5, 2007, letter to this Court, wherein he claimed this was a companion case to Case No. 2:01-CF-72729, because "it was born of a previous action involving the same issues, presided over by Judge Arthur J. Tarnow, and is a continuation of that matter." Doc. Ent. 25 at 2, 4. In the instant motion, plaintiff asserts that this case "was born of a[n] earlier action where 'substantially similar evidence will be offered at trial' and 'the same or related parties are present, and the cases arise out of the same transaction or occurrence.' " Doc. Ent. 25 at 1 ¶ 2. Specifically, plaintiff contends that "[t]he issue presented in the earlier case was the retaliatory acts by a[n] MDOC employee, in violation of the First Amendment to the U.S. Constitution. This same issue is presented in the instant case against coworkers of the Defendant in the earlier case." Doc. Ent. 25 at 2.

The Court should disagree with plaintiff's assertion that this is a companion case under E.D. Mich. LR 83.11(b)(7). Although the period of time described in the instant complaint (September 23, 2004-May 11, 2007) encompasses the time of the Sixth Circuit's June 24, 2005 decision through the termination of Case No. 2:01-CV-72729, there are different defendants. Furthermore, the defendants in the instant case are identified as employees at MCF, whereas the defendant in the previous case appears to have been employed at NRF. Therefore, even though both complaints allege First Amendment retaliation, the different defendants and the different locations make it likely that evidence

© 2014 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d, 2008 WL 4277300 (E.D.Mich.)
**(Cite as: 2008 WL 4277300 (E.D.Mich.))**

to be offered at trial will be not be substantially similar and make it less likely that the instant case arises "out of the same transaction or occurrence" as did the previously filed case. In fact, many of the joint exhibits listed in Case No. 2:01-CV-72729's joint final pretrial order are dated in 1999, 2000, 2001 and 2002-dates before the period of time described in the instant complaint. Doc. Ent. 66.

**\*4** For these reasons, the Court should deny plaintiff's motion to transfer Case No. 2:07-CV-12495 to Judge Tarnow.

### III. *NOTICE TO PARTIES REGARDING OBJECTIONS:*

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of Health & Human Servs.,* 932 F.2d 505 (6th Cir.1991); *United States v. Walters,* 638 F.2d 947 (6th Cir.1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sullivan,* 931 F.2d 390, 401 (6th Cir.1991). *Smith v. Detroit Federation of Teachers Local 231, American Federation of Teachers,* AFL-CIO, 829 F.2d 1370, 1373 (6th Cir.1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

E.D.Mich.,2008.
Siggers v. Campbell
Not Reported in F.Supp.2d, 2008 WL 4277300 (E.D.Mich.)

END OF DOCUMENT

© 2014 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d, 2008 WL 1902059 (E.D.Mich.)
**(Cite as: 2008 WL 1902059 (E.D.Mich.))**

Only the Westlaw citation is currently available.

United States District Court,
E.D. Michigan,
Southern Division.
RDI OF MICHIGAN, LLC, Plaintiff,
v.
MICHIGAN COIN-OP VENDING, INC., Jordan Mirch, and Does I-V and Roes VI-IX, Defendants.

No. 08-11177.
April 29, 2008.

Anthony L. Deluca, Anthony L. DeLuca, PLC, Grosse Pointe Farms, MI, Stephen F. Wasinger, Stephen F. Wasinger PLC, Royal Oak, MI, for Plaintiff.

Richard L. Steinberg, Richard L. Steinberg Assoc., Detroit, MI, Neil S. Rockind, Rockind and Liss, Southfield, MI, for Defendants.

**OPINION AND ORDER**
LAWRENCE P. ZATKOFF, District Judge.

**I. INTRODUCTION**

*1 This matter is before the Court pursuant to Defendants' Motion for Reassignment and for Sanctions (Docket # 21). Plaintiff filed a timely response and Defendants filed a timely reply. The Court finds that the facts and legal arguments pertinent to addressing the Defendants' Motion are adequately presented in the parties' papers, and the decision process will not be aided by oral arguments. Therefore, pursuant to E.D. Mich. Local R. 7.1(e)(2), it is hereby ORDERED that the matter be resolved on the parties' filings, without this Court entertaining oral arguments.

**II. BACKGROUND**

On March 19, 2008, Plaintiff filed this case and completed a Civil Cover Sheet. In completing the Civil Cover Sheet, Plaintiff indicated that there was a related case pending in Oakland County Circuit Court, *RDI of Michigan, L.L.C., etc. v. Michigan Coin-Op Vending, Inc., et al.,* No. 08-088-524-CK. Plaintiff did not list any other possible related or companion cases.

As Defendants note, prior to filing the instant action, Plaintiff filed three cases in federal court in 2007, each of which involved claims by Plaintiff that one or more persons violated intellectual property rights of Plaintiff. Allegedly, those intellectual property rights turn on the same copyright issues involved in this case. Those cases are titled:

1. *RDI of Michigan, LLC v. Abraham, et al.,* Case NO. 07-13685;

2. *RDI of Michigan, LLC v. Waterford Aerie No. 2887, Fraternal Order of Eagles, et al.,* Case No. 07-14067; and

3. *RDI of Michigan, LLC v. Michno, et al.,* Case No. 07-14584.

In each of those cases (collectively, the "2007 Cases"), Plaintiff is represented by the same attorneys as in this case. None of the defendants in this case are named in any of the 2007 Cases.

**III. ANALYSIS**
**A. Local Rule 83.11(b)(7)**

E.D. Mich. Local Rule 83.11(b)(7)(B) requires a party initiating a lawsuit to notify the Court, at the time of filing, if the lawsuit is related to a previously filed action (*i.e.,* a companion case).

(A) Companion cases are those in which it appears that:

(i) substantially similar evidence will be offered at trial; or

© 2014 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d, 2008 WL 1902059 (E.D.Mich.)
**(Cite as: 2008 WL 1902059 (E.D.Mich.))**

(ii) the same or related parties are present, and the cases arise out of the same transaction or occurrence. Cases may be companion cases even though one of them may have already been terminated.

E.D. Mich. Local Rule 83.11(b)(7)(A).

**B. Substantially Similar Evidence**

Defendants argue that the instant case involves the same intellectual property rights of Plaintiff and the same copyright issues that are at issue in the 2007 Cases. Defendants further argue that all four cases allege the same license and derivative rights to the same copyrights. Even assuming Defendants' contentions are true, however, the evidence that would be offered at trial is not the same or substantially similar. The common theme in each of the four cases, if any, is that there may be a question of whether Plaintiff has valid copyright licenses for the games at issue. While that may be an important issue in this case (and the 2007 Cases), such issue does not mean that "substantially similar evidence" will be offered in all of the cases.

*2 In fact, the Court concludes that substantially similar evidence will not be offered in this case in relation to the 2007 cases. Each of the four cases involves separate, unrelated defendants allegedly engaging in violating the intellectual property rights of Plaintiff. There is no allegation by Plaintiff, nor any admission or suggestion of Defendants, that the Defendants in this case acted in concert with or were in any way related to the defendants in the other case such that it could be said that they were acting together. As such, to the extent there is any violation of intellectual property rights by these Defendants, Plaintiff will have to offer evidence of how the named Defendants in this action violated Plaintiff's intellectual property rights. Plaintiff will not be able to prove their case against the Defendants by showing that defendants in some other case violated Plaintiff's intellectual property rights.

Accordingly, the Court concludes that, pursuant to Local Rule 83.11(b)(7)(A)(i), this case is not a companion case to any of the 2007 Cases.

**C. Not the Same or Related Parties and Not the Same Transaction or Occurrence**

Defendants contend that the Plaintiff is the same in all four cases, the same lawyers represent Plaintiff in all four cases, the defendants in two of the other cases (but not this one) were represented by the same law firm, and that the witness lists filed in the earlier cases demonstrate that they are or will be substantially the same as the witness list in this case. While those factors may weigh in favor of Defendants' contentions, all of those things (other than common defense counsel in two of the cases-but not this one) involve the Plaintiff and its witnesses. There is no indication or evidence that the defense witnesses in this case will bear any resemblance to the defense witnesses in any of the 2007 Cases (nor did the defense witnesses in those cases, if any, bear any resemblance to each other).

More significantly, however, Defendants do not allege, and the docket reports for the four cases demonstrate, that the Defendants in this case are not the same as, nor do they appear to be related to, any of the parties named in the 2007 Cases. Finally, there is no evidence, or even any contention, that this case arises out of the same transaction or occurrence as any of the 2007 Cases. For the reasons discussed above (*i.e.,* that each case involves a relationship between Plaintiff and unrelated defendants), the Court concludes that this case does not arise out of the same transaction or occurrence as any of the other cases.

Accordingly, the Court concludes that this case also is not a companion case pursuant to Local Rule 83.11(b)(7)(A)(ii).

**IV. CONCLUSION**

© 2014 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d, 2008 WL 1902059 (E.D.Mich.)
**(Cite as: 2008 WL 1902059 (E.D.Mich.))**

For the reasons set forth above, the Court concludes that the instant case is not a companion case, and that Plaintiff had no obligation under E.D. Mich. L.R. 83.11(b)(7)(B) to identify any of the three cases discussed above as companion cases at the time this case was filed. Accordingly, Defendants' Motion for Reassignment and for Sanctions is DENIED.

**\*3** IT IS SO ORDERED.

E.D.Mich.,2008.
RDI of Michigan, LLC v. Michigan Coin-Op Vending, Inc.
Not Reported in F.Supp.2d, 2008 WL 1902059 (E.D.Mich.)

END OF DOCUMENT

© 2014 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d, 2012 WL 5990047 (E.D.Mich.)
**(Cite as: 2012 WL 5990047 (E.D.Mich.))**

H
Only the Westlaw citation is currently available.

United States District Court,
E.D. Michigan,
Southern Division.
GENESEE COUNTY, a municipal corporation, and Deborah Cherry, in her capacity as Genesee County Treasurer, on behalf of herself and all others similarly situated, Plaintiffs,
v.
GREENSTONE FARM CREDIT SERVICES, ACA, and Greenstone Farm Credit Services, FLCA, Defendants.

No. 12–14460.
Nov. 30, 2012.

Elizabeth A. Favaro, William H. Horton, Giarmarco, Mullins & Horton, P.C., Troy, MI, for Plaintiffs.

Homayune A. Ghaussi, Warner, Norcross, Southfield, MI, for Defendants.

### ORDER GRANTING MOTION FOR RECONSIDERATION

VICTORIA A. ROBERTS, District Judge.

**\*1** On October 24, 2012, the Court entered an Order (Doc. # 10) classifying this case as a companion to *Genesee County v. Federal Home Loan Mortgage Corp.,* No. 2:11–cv–14971 ("Case No. 14971) and transferring the case from Judge David M. Lawson pursuant to E.D. Mich. LR 83.11.

On November 6, 2012, Defendants filed a Motion for Reconsideration, arguing that these cases are not companions as defined in E.D. Mich. Local Rule 83.11(b)(7)(A). Plaintiffs responded.

Defendant demonstrates a palpable defect by which the Court and the parties have been misled; the cases are not companions. *See* L.R. 7(g)(3). Palpable defects are those which are "obvious, clear, unmistakable, manifest or plain." *Mich. Dep't of Treasury v. Michalec,* 181 F.Supp.2d 731, 734 (E.D.Mich.2002).

E.D. Mich. Local Rule 83.11(b)(7)(A) defines companion cases as:

(A) Companion cases are those in which it appears that:

(i) substantially similar evidence will be offered at trial; or

(ii) the same or related parties are present, and the cases arise out of the same transaction or occurrence. Cases may be companion cases even though one of them may have already been terminated.

E.D. Mich. Local Rule 83.11(b)(7)(A).

These cases are not companions under the first prong of this definition. Substantially similar evidence will not be offered at trial. Both cases involve separate unrelated defendants who allegedly violated state law by failing to pay property transfer taxes on unrelated real property. While these cases involve the same issue, it will not require the same presentation of evidence. To establish their claim, Plaintiffs will have to identify the specific property that they allege was subject to taxation against each Defendant. This in and or itself indicates Plaintiffs cannot present substantially similar evidence because each piece of real property is unique. Plaintiffs do not allege that Defendants acted in concert such that one Defendant action constitutes the action of the other. Thus, Plaintiffs cannot prove their case against one Defendant by the actions of another. *See RDI of Michigan, LLC v. Michigan Coin–Op Vending, Inc.,* No. 2:08–cv–11177, 2008 WL 1902059 at \*2 (E.D.Mich.

© 2014 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d, 2012 WL 5990047 (E.D.Mich.)
**(Cite as: 2012 WL 5990047 (E.D.Mich.))**

Apr.29, 2008) (noting that while the same issues were presented in both cases, there was no indication that defendants were acting in concert, thus substantially similar evidence would not be offered).

Additionally, these cases are not companions under the second prong of 83.11(b)(7)(A); Defendants are not related and the cases, while similar, derive from separate transactions or occurrences. Even if the Court were to consider Defendants related, these cases do not arise out of the same transaction or occurrence. Plaintiff position is that both Defendants allegedly caused a similar injury, but this does not equate to the same transaction.

Plaintiffs do not dispute that these Defendants are not the same or that they are not related. Rather, Plaintiffs argue that the issues and Defendants are virtually identical and this Court should retain the case because "the Court is well-versed in the transfer tax, the state exemption statute and the evolution of Fannie and Freddie since their creation as well as their federal exemption statutes." But, this is not the standard under 83.11(b)(7)(A) (i)(ii). These Defendants are created under separate federal statutes and are different entities.

**\*2** Even if the Court were to consider Defendants related, these cases do not arise out of the same transaction or occurrence. Plaintiff position is that both Defendants allegedly caused a similar injury, but this does not equate to the same transaction.

This case is not a companion under Local Rule 83.11(b)(7)(A) (i) or (ii).

For these reasons, the motion is **GRANTED.** This case is transferred back to Judge Lawson.

**IT IS ORDERED.**

E.D.Mich.,2012.

Genesee County v. Greenstone Farm Credit Services, ACA
Not Reported in F.Supp.2d, 2012 WL 5990047 (E.D.Mich.)

END OF DOCUMENT

© 2014 Thomson Reuters. No Claim to Orig. US Gov. Works.