# Exhibit A

| | |
|---|---|
| **From:** | Sullivan, Marguerite (DC) |
| **Sent:** | Wednesday, May 07, 2014 1:04 PM |
| **To:** | Steve Williams |
| **Subject:** | RE: Deposition Protocol Follow-Up |

Steve:  The proposed stipulation that you reference has nothing to do with the deposition protocol, and purports to impact the rights of all  parties in all of the other 28 auto part product cases.  The deposition protocol applies only to the wire harness case.  It has been the subject of negotiations now for three months, and we would like to complete those negotiations.  During our last call on April 4, my understanding was that there were only a few provisions on which the parties might not be able to agree, but that we were close to agreement on the majority of the protocol.  Nevertheless, the fact that we may need the court's intervention makes it all the more important that we complete our discussions, identify those provisions on which we have reached an impasse, and file our respective proposals with the court.  We look forward to receiving plaintiffs' response.

Maggy

**From:** Steve Williams [mailto:SWilliams@cpmlegal.com]
**Sent:** Wednesday, May 07, 2014 12:50 PM
**To:** Sullivan, Marguerite (DC)
**Subject:** RE: Deposition Protocol Follow-Up

Maggy

I am coordinating with all class plaintiffs, Ford, and the City of Richmond.   I will have our response to you as soon as I can.

As you know, we are not going to have agreement on all issues and thus this will have to be presented to the Court for resolution.   For this reason, nothing we have done is delaying discovery.   There is no reason for you to try to build a record.

I note as well that in response to Plaintiffs' proposal concerning preservation of issues for appeal to avoid wasteful, duplicative motion practice by defendants, we were ignored for six weeks until we reached out to defendants for a response.   Plaintiffs have been much more responsive to defendants on the deposition protocol issue than defendants have been on the preservation of appeal issue, a matter that the Court ordered us to address.

**From:** Marguerite.Sullivan@lw.com [mailto:Marguerite.Sullivan@lw.com]
**Sent:** Tuesday, May 06, 2014 11:12 AM
**To:** Steve Williams
**Subject:** RE: Deposition Protocol Follow-Up

Steve:  I am following up again regarding the deposition protocol.  I received your voice mail on April 30 after I sent my email below, and based on your voice mail, I expected to receive plaintiffs' responses to the defendants' proposals last week.  As you know, I conveyed defendants' proposals on the remaining disputed issues to plaintiffs during our April 4 call and in my April 14 email.  More than a month has passed since we

1

spoke, and three weeks have passed since I sent the April 14 email.  Defendants are eager to receive a response from plaintiffs so that we can finalize the protocol and proceed with discovery.  Please let me know when plaintiffs will get back to us.

Maggy

**From:** Sullivan, Marguerite (DC)
**Sent:** Wednesday, April 30, 2014 9:08 AM
**To:** 'Steve Williams'
**Subject:** RE: Deposition Protocol Follow-Up

Steve:  I'm following up on my email below.  When can we expect to hear back from plaintiffs regarding the deposition protocol?

Thanks,
Maggy

**From:** Sullivan, Marguerite (DC)
**Sent:** Monday, April 14, 2014 9:02 PM
**To:** 'Steve Williams'
**Subject:** Deposition Protocol Follow-Up

Steve – Below is the language that defendants agreed to send to plaintiffs for three provisions in the deposition protocol.  Please let us know whether this language is acceptable to plaintiffs.

Also, we look forward to hearing back from you regarding plaintiffs' positions on the topics that we discussed during our call on April 4.

**Identification of Rule 30(b)(6) Topics:**  "To the extent that the parties intend to take Rule 30(b)(6) depositions prior to the lifting of the DOJ Stay, Plaintiffs collectively shall serve on each Defendant Group from which Plaintiffs seek Rule 30(b)(6) testimony a single notice that identifies all topics not covered by the DOJ Stay for which Plaintiffs seek testimony from that Defendant Group, and Defendants collectively shall serve on each Plaintiff from which Defendants seek Rule 30(b)(6) testimony a single notice that identifies all topics not covered by the stay for which Defendants seek testimony from that Plaintiff.  Following the lifting of the DOJ Stay, notice for Rule 30(b)(6) deposition testimony on topics covered by the stay shall follow the same procedure:  Plaintiffs collectively shall serve on each Defendant Group from which Plaintiffs seek Rule 30(b)(6) testimony a single notice that identifies all topics covered by the stay for which Plaintiffs seek testimony from that Defendant Group, and Defendants collectively shall serve on each Plaintiff from which Defendants seek Rule 30(b)(6) testimony a single notice that identifies all topics covered by the stay for which Defendants seek testimony from that Plaintiff.  All notices served on a party pursuant to this paragraph shall contain a combined total of no more than 20 topics, including discrete subparts.  All Rule 30(b)(6) testimony, including testimony that occurs before and after the DOJ Stay has been lifted, shall count toward the limits for such testimony set forth in Par. __ of this Protocol."

**Translations of non-English documents (edits to plaintiffs' last proposal):**

"Any party intending to use as an exhibit at deposition a document that is not in English shall make a good faith effort to have ~~available~~ copies of a translations ~~of~~ any such document for all parties.   In the ~~event~~ exceptional circumstance that despite good faith efforts Examining Counsel has not been able to secure a translation ~~no translation is available~~, ~~the~~

2

~~deposition shall proceed provided that~~ Examining Counsel must provide ~~a reasonable opportunity may be made off the record to provide~~ counsel attending the deposition ~~an~~ a reasonable opportunity to examine the document ~~any foreign language document for which no translation has been provided~~ with the interpreter and/or check interpreters present at the deposition.  The document at issue shall not be shown to the witness being deposed prior to examination of the witness concerning the document by Examining Counsel.~~, and no one shall speak with the witness being examined about the document at issue until the Examining Counsel has completed examination of the witness about the document at issue.~~ Time required to review foreign language documents for which no translation is provided pursuant to this paragraph shall count against the time allotted to Examining Counsel in Par. __"

**Defendants' initial Section IV.F (to avoid multiple depositions of D witnesses who have info relevant to other product cases):**

"In the event that any Defendant's employee that has received a notice or subpoena for a deposition by Plaintiffs in connection with the Wire Harness MDL is likely to be deposed in connection with another Auto Part Product, the parties shall use their best efforts to coordinate so as to attempt to avoid multiple depositions of the same employee while keeping testimony about the Wire Harness MDL separate from testimony about the other Auto Part Product for purposes of future use."

I trust that you will share this with the other plaintiffs.

Thanks,
Maggy

**Marguerite M. Sullivan**

**LATHAM & WATKINS LLP**
555 Eleventh Street, NW
Suite 1000
Washington, D.C. 20004-1304
Direct Dial: +1.202.637.1027
Fax: +1.202.637.2201
Email: marguerite.sullivan@lw.com
http://www.lw.com

To comply with IRS regulations, we advise you that any discussion of Federal tax issues in this e-mail was not intended or written to be used, and cannot be used by you, (i) to avoid any penalties imposed under the Internal Revenue Code or (ii) to promote, market or recommend to another party any transaction or matter addressed herein.

This email may contain material that is confidential, privileged and/or attorney work product for the sole use of the intended recipient.  Any review, reliance or distribution by others or forwarding without express permission is strictly prohibited.  If you are not the intended recipient, please contact the sender and delete all copies.

Latham & Watkins LLP