# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

<table>
<tr><td>IN RE: AUTOMOTIVE PARTS ANTITRUST LITIGATION</td><td>:<br>:<br>:<br>:</td><td>12-md-02311<br><br>Honorable Marianne O. Battani</td></tr>
<tr><td></td><td>:<br>:</td><td></td></tr>
<tr><td>THIS RELATES TO:<br><br>All Actions</td><td>:<br>:<br>:<br>:<br>:</td><td></td></tr>
</table>

## INSTRUMENT PANEL CLUSTERS AND FUEL SENDERS DEFENDANTS' OPPOSITION TO MOTION OF END-PAYOR PLAINTIFFS, AUTO DEALER PLAINTIFFS, THE STATE OF FLORIDA, AND THE CITY OF RICHMOND TO COORDINATE ALL ACTIONS IN MDL 2311 [ECF No. 703]

Defendants DENSO Corporation, DENSO International America, Inc., Yazaki Corporation, and Yazaki North America, Inc. (collectively "IPC & FS Defendants"),[1] by and through their counsel, respectfully submit this opposition to the motion filed by End-Payor Plaintiffs, Auto Dealership Plaintiffs, the State of Florida, and the City of Richmond to coordinate all the cases pending in MDL 2311 ("Motion"). To the extent applicable to the Instrument Panel Cluster ("IPC") Cases, No. 12-cv-00200, and Fuel Senders ("FS") Cases, No. 12-cv-00300, cases, IPC & FS Defendants agree with the arguments and proposals outlined in

---

[1] Nippon Seiki Co., Ltd., N.S. International, Ltd., and New Sabina Industries, Inc. ("Nippon") are currently defendants in the IPC cases; however, Nippon has entered into settlement agreements with Direct Purchaser, Automobile Dealership, and End-Payor plaintiffs that have been preliminarily approved by the Court. (*See* 2:12-cv-00201, Doc. No. 91; 2:12-cv-00202, Doc. No. 79; and 2:12-cv-00203, Doc. No. 75.) At the same status conference where it announced that it had reached an agreement to settle with Direct Purchaser Plaintiffs, Nippon announced that it had reached an agreement in principle with the State of Florida. (Tr. of Feb. 12, 2014 Status Conf./Mot. Hr'g, Doc. No. 676, at 27.)

the Wire Harness Products Defendants' Opposition to Certain Plaintiffs' Motion to Coordinate All Actions in MDL 2311 (the "WH Opposition"). IPC & FS Defendants file this opposition to address issues specific and unique to the IPC and FS cases.

## INTRODUCTION

In light of the Court's recent rulings on the motions to dismiss with respect to the Direct Purchaser claims in the IPC and FS cases and the expected rulings on the claims of other plaintiffs, it is anticipated that discovery in these matters will proceed nearly simultaneously, and that discovery in these cases will occur well ahead of most other parts matters. The parties in these two cases, all of whom are represented by experienced, professional counsel, will naturally look for ways to coordinate discovery where possible to increase efficiency and minimize duplication. But the order proposed by the End-Payor Plaintiffs, Auto Dealership Plaintiffs, the State of Florida, and the City of Richmond[2] (collectively "Filing Plaintiffs") goes far beyond any reasonable coordination among the disparate, product-specific cases in MDL 2311 and instead would impose undue delay and inefficiency, forcing the IPC & FS Defendants to delay their own discovery, dispositive motions, and oppositions to class certification while other unrelated cases catch-up. This result is contrary to "the just, speedy, and inexpensive determination" of these actions mandated by the Federal Rules of Civil Procedure and is completely unnecessary. Filing Plaintiffs' Motion must be denied.

## BACKGROUND

Unlike most of the cases pending in MDL 2311, the IPC and FS cases have a complete overlap of defendants (excluding defendants with pending settlement agreements) and are

---

[2] City of Richmond does not have a pending IPC or FS complaint, and the State of Florida does not have a complaint pending against any of the IPC & FS Defendants.

currently proceeding on the same litigation schedule.  In both cases, the primary motions to

dismiss directed at all operative complaints have been fully briefed and argued, decisions on the

direct purchaser motions to dismiss have been entered, defendants have produced to plaintiffs

certain documents provided to the DOJ related to these products, and discovery will commence

upon resolution of pending motions to dismiss directed at Auto Dealers and End-Payor plaintiffs'

complaints.  (*See* 2:12-cv-00201, Doc. No. 86; 2:12-cv-00301, Doc. No. 72;  2:12-cv-00202,

Doc. No. 43; 2:12-cv-00302, Doc. No. 89; 2:12-cv-00203, Doc. No. 45; and 2:12-cv-00303,

Doc. No. 56.)

Contrary to the requirements of Local Rule 7.1, Filing Plaintiffs filed the present Motion

without any meaningful consultation with any of the defendants.  Instead, on the eve of filing,

they merely informed DENSO's counsel that the motion would be filed shortly, but declined to

share a draft, to discuss it in detail, or to attempt any meet and confer process before filing.[3]

Filing Plaintiffs did not contact Yazaki's counsel at all.  If granted, Filing Plaintiffs' Motion,

which posits an unworkable approach that risks trampling on the parties' due process rights, will

result in inefficiency, delay, and unfair prejudice for IPC & FS Defendants, and is completely

unnecessary to achieve coordination for the IPC and FS cases.  For these reasons, Filing

Plaintiffs' Motion must be denied.

## ARGUMENT

I.      **Filing Plaintiffs' Proposal Will Result In Inefficiency, Delay And Unfair Prejudice
        to Defendants, And It Should Be Rejected.**

IPC & FS Defendants are committed to coordinating discovery across the different parts-

specific cases *where such coordination is workable, efficient, and will not cause delay in the*

---

[3] In the preceding weeks, the parties had exchanged proposals for streamlining briefing, which were largely irrelevant to the IPC and FS cases.  At no time were the extreme proposals made in the Motion part of that discussion among the parties.

*progression of the IPC and FS cases*.  The proposals outlined in the Motion meet none of these criteria.  Filing Plaintiffs seek to force the IPC & FS Defendants to delay depositions of any of the Filing Plaintiffs and to postpone any dispositive motions and the scheduling of class certification briefing until *all 29* cases have begun discovery, even though the vast majority of these 29 cases do not yet have operative complaints or any schedule for motions to dismiss or answers.  What Filing Plaintiffs request is senseless.  Although the IPC and FS cases are not as procedurally advanced as the Wire Harness Products cases, they are substantially ahead of nearly all of the other MDL 2311 cases.  Freezing the IPC and FS Defendants' defense of their cases does not promote the "just and speedy" resolution of the IPC and FS cases, and violates Federal Rule of Procedure 23(c)(1)(A)'s requirement that class certification be determined at "an early practicable time" and, thus, should not be permitted.  Likewise, forcing IPC & FS Defendants to wait to file summary judgment motions – which IPC & FS Defendants believe will substantially narrow the scope of the claims at issue in these cases – until some arbitrary and unspecified date in the future that is dependent on developments in unrelated cases involving different defendants guarantees delay here, forcing the IPC and FS Defendants to continue to litigate claims that can and should be dismissed.  The Court should not endorse the waste and delay that will result from Filing Plaintiffs' proposal, and should deny the motion in its entirety.

## II.     Formal Grouping Or "Tranching" Is Unnecessary To Achieve Coordination.

For all of the reasons outlined in the WH Opposition, Filing Plaintiffs' "tranching" proposal is unworkable and will only lead to delay and a chaotic bottleneck down the road.  (*See* WH Opposition at 6-8.)  It is also unnecessary:  coordination can and will occur without the almost entirely arbitrary grouping that Filing Plaintiffs ask the Court to impose.  The IPC and FS cases will coordinate naturally:   the cases involve the same defendants, and because the cases will commence discovery simultaneously, some aspects of discovery will naturally be

coordinated to the extent they are relevant to each case in order to avoid duplication. For example, in the event that the same defense witness will need to be deposed in both matters (something that is likely to be the exception and not the rule), neither IPC & FS Defendants nor plaintiffs would have any reason to want that witness to be deposed twice.

IPC & FS Defendants also agree with the WH Opposition that defendants in each of these cases should work to coordinate and streamline depositions of overlapping named-plaintiffs, and IPC & FS Defendants expect to work with defendants in the Wire Harness Products cases to do just that. IPC & FS Defendants also agree that plaintiffs and defendants should undertake best efforts to minimize the burden on third parties who have information relevant to the IPC and FS actions by coordinating their efforts to obtain this information. All of this will occur because it makes sense; it is beneficial to all the IPC and FS parties (plaintiffs and defendants); and it is workable. Nothing in Filing Plaintiffs' overreaching and unworkable "coordination" plan is needed to make any of this happen, and the Motion should be denied.

<u>**CONCLUSION**</u>

For all the foregoing reasons, this Court should deny the Filing Plaintiffs' Motion to Coordinate All Actions in MDL 2311.

Respectfully submitted,

JONES DAY

May 27, 2014                    By:  */s/John M. Majoras*
                                     John M. Majoras
                                     Michael R. Shumaker
                                     Carmen G. McLean
                                     Kristen A. Lejnieks
                                     Tiffany D. Lipscomb-Jackson
                                     JONES DAY
                                     51 Louisiana Ave. N.W.
                                     Washington, D.C. 20001-2113
                                     (202) 879-3939
                                     (202) 626-1700 (facsimile)
                                     jmmajoras@jonesday.com
                                     mrshumaker@jonesday.com
                                     cgmclean@jonesday.com
                                     kalejnieks@jonesday.com
                                     tdlipscombjackson@jonesday.com

                                     Michelle K. Fischer
                                     Stephen J. Squeri
                                     JONES DAY
                                     North Point
                                     901 Lakeside Avenue
                                     Cleveland, OH 44114
                                     (216) 586-3939
                                     (216) 579-0212 (facsimile)
                                     mfischer@jonesday.com
                                     sjsqueri@jonesday.com

                                     *Attorneys for Defendants Yazaki Corporation*
                                     *and Yazaki North America, Inc.*

WILMER CUTLER PICKERING HALE AND DORR LLP

May 27, 2014                    By:    */s/Steven F. Cherry*  (w/consent)
                                      Steven F. Cherry
                                      David P. Donovan
                                      Brian C. Smith
                                      Kurt G. Kastorf
                                      WILMER CUTLER PICKERING HALE AND DORR LLP
                                      1875 Pennsylvania Avenue, N.W.
                                      Washington, D.C. 20006
                                      Telephone: (202) 663-6000
                                      Fax: (202) 663-6363
                                      steven.cherry@wilmerhale.com
                                      david.donovan@wilmerhale.com
                                      brian.smith@wilmerhale.com
                                      kurt.kastorf@wilmerhale.com

                                      *Attorneys for Defendants DENSO International America, Inc. and DENSO Corporation*

                                      Steven M. Zarowny (P33362)
                                      General Counsel
                                      DENSO International America, Inc.
                                      24777 Denso Drive
                                      Southfield, MI 48033
                                      Telephone: (248) 372-8252
                                      Fax:   (248) 213-2551
                                      steve_zarowny@denso-diam.com

                                      *Attorney for Defendant DENSO International America, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on May 27, 2014, I caused the foregoing **INSTRUMENT PANEL CLUSTERS AND FUEL SENDERS DEFENDANTS' OPPOSITION TO MOTION OF END-PAYOR PLAINTIFFS, AUTO DEALER PLAINTIFFS, THE STATE OF FLORIDA, AND THE CITY OF RICHMOND TO COORDINATE ALL ACTIONS IN MDL 2311 [ECF No. 703]** to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

*/s/ John M. Majoras*
John M. Majoras