# EXHIBIT 12

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**FILED**

FEB 1 1 2014

CLERK'S OFFICE
U.S. DISTRICT COURT
EASTERN MICHIGAN

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| | Criminal No.: 2:14-cr-20021 |
| Plaintiff, | Honorable George Caram Steeh |
| v. | Filed: February 11, 2014 |
| KOITO MANUFACTURING CO., LTD. | Violations: 15 U.S.C. § 1 |
| Defendant. | TWO COUNTS |

_____/

## PLEA AGREEMENT

The United States of America and Koito Manufacturing Co., Ltd. ("defendant"), a corporation organized and existing under the laws of Japan, hereby enter into the following Plea Agreement pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure ("Fed. R. Crim. P.").

## RIGHTS OF DEFENDANT

1.      The defendant understands its rights:

    (a)      to be represented by an attorney;

    (b)      to be charged by Indictment;

    (c)      as a corporation organized and existing under the laws of Japan, to decline to accept service of the Summons in this case, and to contest the jurisdiction of the United States to prosecute this case against it in the United States District Court for the Eastern District of Michigan;

    (d)      to plead not guilty to any criminal charges brought against it;

1

(e)     to have a trial by jury, at which it would be presumed not guilty of the charges and the United States would have to prove every essential element of the charged offenses beyond a reasonable doubt for it to be found guilty;

(f)     to confront and cross-examine witnesses against it and to subpoena witnesses in its defense at trial;

(g)     to appeal its conviction if it is found guilty; and

(h)     to appeal the imposition of the sentence against it.

## AGREEMENT TO PLEAD GUILTY
## AND WAIVE CERTAIN RIGHTS

2.      The defendant knowingly and voluntarily waives the rights set out in Paragraph 1(b)-(g) above. The defendant also agrees to waive any objection or defense it may have to the prosecution of the charged offenses in the United States District Court for the Eastern District of Michigan based on venue. The defendant also knowingly and voluntarily waives the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742, that challenges the sentence imposed by the Court if that sentence is consistent with or below the recommended sentence in Paragraph 9 of this Plea Agreement, regardless of how the sentence is determined by the Court. This agreement does not affect the rights or obligations of the United States as set forth in 18 U.S.C. § 3742(b) or (c). Nothing in this paragraph, however, will act as a bar to the defendant perfecting any legal remedies it may otherwise have on appeal or collateral attack respecting claims of ineffective assistance of counsel or prosecutorial misconduct. The defendant agrees that there is currently no known evidence of ineffective assistance of counsel or prosecutorial misconduct. Pursuant to Fed. R. Crim. P. 7(b), the defendant will waive indictment and plead guilty to a two-count

2

Information to be filed in the United States District Court for the Eastern District of Michigan. Count One of the Information will charge the defendant with participating in a combination and conspiracy to suppress and eliminate competition in the automotive parts industry by agreeing to rig bids for, and to fix, stabilize, and maintain the prices of, automotive lighting fixtures, sold, in the United States and elsewhere, from at least as early as June 1997 until at least July 2011, in violation of the Sherman Antitrust Act, 15 U.S.C. § 1. Count Two of the Information will charge the defendant with participating in a combination and conspiracy to suppress and eliminate competition in the automotive parts industry by agreeing to rig bids for, and to fix, stabilize, and maintain the prices of, automotive high intensity-discharge ("HID") lamp ballasts sold in the United States and elsewhere, from at least as early as July 1998 until at least February 2010, in violation of the Sherman Antitrust Act, 15 U.S.C. § 1.

3. The defendant will plead guilty to the criminal charges described in Paragraph 2 above pursuant to the terms of this Plea Agreement and will make a factual admission of guilt to the Court in accordance with Fed. R. Crim. P. 11, as set forth in Paragraph 4 below.

## FACTUAL BASIS FOR OFFENSES CHARGED

4. Had this case gone to trial, the United States would have presented evidence sufficient to prove the following facts:

(a) As to Count One:

(i) For purposes of this Count, the "relevant period" is that period from at least as early as June 1997 until on or about July 2011. During the relevant period, the defendant was a corporation organized and existing under the laws of Japan. The defendant had its principal place of business in Tokyo, Japan. During the relevant period, the defendant, employing more than 1,000 individuals,

3

was a producer of automotive lighting fixtures, and was engaged in the sale of automotive lighting fixtures in the United States and elsewhere. Automotive lighting fixtures include automobile headlamps and rear combination lamp assemblies that employ various bulb technologies (i.e., incandescent, light-emitting diode (LED), and electrical gas discharge) and are used for forward illumination, visibility, and to signal various vehicular functions (such as braking, reversing direction, and turning).

(ii)    During the relevant period, the defendant, through its employees, including high-level personnel of the Defendant, participated in a conspiracy with other persons and entities engaged in the manufacture and sale of automotive lighting fixtures, the primary purpose of which was to rig bids for, and to fix, stabilize, and maintain the prices of, automotive lighting fixtures sold in the United States and elsewhere. In furtherance of the conspiracy, the defendant, through its employees, engaged in discussions and attended meetings with representatives of other manufacturers of automotive lighting fixtures. During such meetings and conversations, agreements were reached to allocate the supply of certain automotive lighting fixtures, rig bids quoted to certain automobile manufacturers for the sale of automotive lighting fixtures, and to fix, stabilize, and maintain the prices of certain automotive lighting fixtures sold to Fuji Heavy Industries, Ltd. (Subaru), Honda Motor Company, Ltd., Mazda Motor Corporation, Mitsubishi Motor Corporation, Nissan Motor Co. Ltd., Toyota Motor Corporation, and/or certain of their U.S. subsidiaries (collectively, the "automobile manufacturers"), in the United States and elsewhere.

4

During the relevant period, the defendant's relevant sales of automotive lighting fixtures, affecting Toyota Motor Engineering & Manufacturing North America (TEMA), formerly Toyota Motor Manufacturing North America (TMMNA), in the United States and elsewhere, totaled approximately $183.1 million.

(iii)     During the relevant period, automotive lighting fixtures sold by one or more of the conspirator firms, and equipment and supplies necessary to the production and distribution of automotive lighting fixtures, as well as payments for automotive lighting fixtures, traveled in interstate commerce. The business activities of the defendant and its co-conspirators in connection with the production and sale of automotive lighting fixtures that was the subject of this conspiracy were within the flow of, and substantially affected, interstate trade and commerce.

(b)     As to Count Two:

(i)     For purposes of this Count, the "relevant period" is that period from at least as early as July 1998 until on or about February 2010. During the relevant period, the defendant was a corporation organized and existing under the laws of Japan. The defendant had its principal place of business in Tokyo, Japan. During the relevant period, the defendant was a manufacturer of automotive HID lamp ballasts and was engaged in the sale of automotive HID lamp ballasts and employed more than 1,000 individuals. An automotive HID lamp ballast is an electrical device that is essential for the operation of a HID headlamp. It regulates

the electrical current used to ignite and control the electrical arc that generates the intensely bright light emitted by an automotive HID headlamp fixture.

(ii)     During the relevant period, the defendant, through its employees, including high-level personnel of the defendant, participated in a conspiracy with other persons and entities engaged in the manufacture and sale of automotive HID lamp ballasts, the primary purpose of which was to rig bids for, and to fix, stabilize, and maintain the prices of, automotive HID lamp ballasts sold in the United States and elsewhere.  In furtherance of the conspiracy, the defendant, through its employees, engaged in discussions and attended meetings with representatives of other manufacturers of automotive HID lamp ballasts.  During these discussions and meetings, agreements were reached to allocate the supply of certain automotive HID lamp ballasts sold to automobile manufacturers, rig bids quoted to automobile manufacturers for certain automotive HID lamp ballasts, and to fix, stabilize, and maintain the prices, including coordinating price adjustments requested by automobile manufacturers, of certain automotive HID lamp ballasts sold to certain automobile manufacturers in the United States and elsewhere.

(iii)     During the relevant period, automotive HID lamp ballasts sold by one or more of the conspirator firms, and equipment and supplies necessary to the production and distribution of automotive HID lamp ballasts, as well as payments for automotive HID lamp ballasts, traveled in interstate commerce.  The business activities of the defendant and its co-conspirators in connection with the production and sale of automotive HID lamp ballasts that were the subjects of this

conspiracy were within the flow of, and substantially affected, interstate trade and commerce.

## ELEMENTS OF THE OFFENSES

5.  The elements of the charged offenses are that:

    (a)    the conspiracies described in the Information existed at or about the times alleged;

    (b)    the defendant knowingly became a member of each conspiracy; and

    (c)    the conspiracies described in the Information either substantially affected interstate commerce in goods or services or occurred within the flow of interstate and foreign commerce in goods and services.

## POSSIBLE MAXIMUM SENTENCE

6.  The defendant understands that the statutory maximum penalty which may be imposed against it upon conviction for a violation of Section One of the Sherman Antitrust Act is a fine in an amount equal to the greatest of:

    (a)    $100 million (15 U.S.C. § 1);

    (b)    twice the gross pecuniary gain the conspirators derived from the crime (18 U.S.C. § 3571(c) and (d)); or

    (c)    twice the gross pecuniary loss caused to the victims of the crime by the conspirators (18 U.S.C. § 3571(c) and (d)).

7.  In addition, the defendant understands that:

    (a)    pursuant to 18 U.S.C. § 3561(c)(1), the Court may impose a term of probation of at least one year, but not more than five years;

(b)     pursuant to U.S.S.G. §8B1.1 of the United States Sentencing Guidelines ("U.S.S.G.," "Sentencing Guidelines," or "Guidelines") or 18 U.S.C. § 3563(b)(2) or 3663(a)(3), the Court may order it to pay restitution to the victims of the offenses charged; and

(c)     pursuant to 18 U.S.C. § 3013(a)(2)(B), the Court is required to order the defendant to pay a $400 special assessment upon conviction for each of the charged crimes.

## SENTENCING GUIDELINES

8.     The defendant understands that the Sentencing Guidelines are advisory, not mandatory, but that the Court must consider, in determining and imposing sentence, the Guidelines Manual in effect on the date of sentencing, unless that Manual provides for a greater punishment than the Manual in effect on the last date of the offense of conviction was committed, in which case the Court must consider the Guidelines Manual in effect on the last date that the offense of conviction was committed.  The parties agree there is no ex post facto issue under the November 1, 2013 Guidelines Manual.  The Court must also consider the other factors set forth in 18 U.S.C. § 3553(a), in determining and imposing sentence.  The defendant understands that the Guidelines determinations will be made by the Court by a preponderance of the evidence standard.  The defendant understands that, although the Court is not ultimately bound to impose a sentence within the applicable Guidelines range, its sentence must be reasonable based upon consideration of all relevant sentencing factors set forth in 18 U.S.C. § 3553(a).

## SENTENCING AGREEMENT

8

9.      Pursuant to Fed. R. Crim. P. 11(c)(1)(C), and subject to the full, truthful, and continuing cooperation of the defendant and its subsidiary, as defined in Paragraph 13 of this Plea Agreement, the United States and the defendant agree that the appropriate disposition of this case is, and agree to recommend jointly that the Court impose, a sentence requiring the defendant to pay to the United States a criminal fine of $56.6 million, payable in full before the fifteenth (15th) day after the date of judgment, and no order of restitution ("the recommended sentence"). The parties agree that there exists no aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the U.S. Sentencing Commission in formulating the Sentencing Guidelines justifying a departure pursuant to U.S.S.G. §5K2.0. The parties agree not to seek at the sentencing hearing any sentence outside of the Guidelines range nor any Guidelines adjustment for any reason that is not set forth in this Plea Agreement. The parties further agree that the recommended sentence set forth in this Plea Agreement is reasonable.

(a)      The defendant understands that the Court will order it to pay a $400 special assessment for each offense charged in the Information, pursuant to 18 U.S.C. § 3013(a)(2)(B), in addition to any fine imposed.

(b)      In light of the civil cases filed against the defendant, which potentially provide for a recovery of a multiple of actual damages, the recommended sentence does not include a restitution order for the offenses charged in the Information.

(c)      Both parties will recommend that no term of probation be imposed, but the defendant understands that the Court's denial of this request will not void this Plea Agreement.

9

(d)     The United States and the defendant jointly submit that this Plea Agreement, together with the record that will be created by the United States and the defendant at the plea and sentencing hearings, and the further disclosure described in Paragraph 11, will provide sufficient information concerning the defendant, the crime charged in this case, and the defendant's role in the crime to enable the meaningful exercise of sentencing authority by the Court under 18 U.S.C. § 3553.  The United States and defendant agree to request jointly that the Court accept the defendant's guilty plea and impose sentence on an expedited schedule as early as the date of arraignment, based upon the record provided by the defendant and the United States, under the provisions of Fed. R. Crim. P. 32(c)(1)(A)(ii), U.S.S.G. §6A1.1, and Rule 32.1(h) of the Criminal Local Rules.  The Court's denial of the request to impose sentence on an expedited schedule will not void this Plea Agreement.

10.     Subject to the full, truthful and continuing cooperation of the defendant, as defined in Paragraph 13 of this Plea Agreement, and prior to sentencing in this case, the United States agrees that it will make a motion, pursuant to U.S.S.G. §8C4.1, for a downward departure from the Guidelines fine range and will request that the Court impose the recommended sentence set out in Paragraph 9 of this Plea Agreement because of the defendant's substantial assistance in the government's investigation and prosecutions of violations of federal criminal law in the automotive lighting fixtures and automotive HID lamp ballasts industries.

11.     Subject to the full, truthful and continuing cooperation of the defendant and its subsidiary as defined in Paragraph 13 of this Plea Agreement, and prior to sentencing in the case, the United States will fully advise the Court and Probation Office of the fact, manner, and extent of the defendant's and its subsidiary's cooperation, and their commitment to prospective

cooperation with the United States' investigation and prosecutions, all material facts relating to the defendant's involvement in the charged offenses and all other relevant conduct.

12.     The United States and the defendant understand that the Court retains complete discretion to accept or reject the recommended sentence provided for in Paragraph 9 of this Plea Agreement.

(a)     If the Court does not accept the recommended sentence, the United States and the defendant agree that this Plea Agreement, except for Paragraph 12(b) below, will be rendered void.

(b)     If the Court does not accept the recommended sentence, the defendant will be free to withdraw its guilty pleas (Fed. R. Crim. P. 11(c)(5) and (d)).  If the defendant withdraws its pleas of guilty, this Plea Agreement, the guilty pleas, and any statement made in the course of any proceedings under Fed. R. Crim. P. 11 regarding the guilty pleas or this Plea Agreement, or made in the course of plea discussions with an attorney for the government will not be admissible against the defendant in any criminal or civil proceeding, except as otherwise provided in Fed. R. Evid. 410.  In addition, the defendant agrees that, if it withdraws its guilty pleas pursuant to this subparagraph of the Plea Agreement, the statute of limitations period for any offense referred to in Paragraph 15 of this Plea Agreement will be tolled for the period between the date of the signing of the Plea Agreement and the date the defendant withdrew its guilty pleas or for a period of sixty (60) days after the date of the signing of the Plea Agreement, whichever period is greater.

**DEFENDANT'S COOPERATION**

11

13. The defendant and its subsidiary North American Lighting, Inc. ("NAL") will cooperate fully and truthfully with the United States in the prosecution of this case, the current federal investigation of violations of federal antitrust and related criminal laws involving the manufacture or sale of automotive lighting fixtures and automotive HID lamp ballasts; any other federal investigation resulting therefrom; and any litigation or other proceedings arising or resulting from any such investigation to which the United States is a party ("Federal Proceeding"). Federal Proceeding includes, but is not limited to, an investigation, prosecution, litigation, or other proceeding regarding obstruction of, the making of a false statement or declaration in, the commission of perjury or subornation of perjury in, the commission of contempt in, or conspiracy to commit such offenses in, a Federal Proceeding. The full, truthful, and continuing cooperation of the defendant and its subsidiary will include, but not be limited to:

(a) producing to the United States all documents, information, and other materials, wherever located, not protected under attorney-client privilege or the work product doctrine (and with translations into English), in the possession, custody, or control of the defendant or NAL, requested by the United States in connection with any Federal Proceeding; and

(b) using its best efforts to secure the full, truthful, and continuing cooperation, as defined in Paragraph 14 of this Plea Agreement, of the current and former directors, officers, and employees of the defendant or NAL, as may be requested by the United States, but excluding the three (3) individuals listed in Attachment A filed under seal, including making these persons available in the United States and at other mutually agreed-upon locations, at the defendant's expense, for interviews and the provision of testimony in grand jury, trial, and other judicial proceedings in connection with any

12

Federal Proceeding.  Current directors, officers, and employees are defined for purposes of this Plea Agreement as individuals who are directors, officers, or employees of the defendant or NAL as of the date of signature of this Plea Agreement.

14.    The full, truthful, and continuing cooperation of each person described in Paragraph 13(b) above, will be subject to the procedures and protections of this paragraph, and will include, but not be limited to:

(a)    producing in the United States and at other mutually agreed-upon locations all documents, including claimed personal documents and other materials, wherever located, not protected under attorney-client privilege or the work product doctrine (and with translations into English), requested by attorneys and agents of the United States in connection with any Federal Proceeding;

(b)    making himself or herself available for interviews in the United States and at other mutually agreed-upon locations, not at the expense of the United States, upon the request of attorneys and agents of the United States in connection with any Federal Proceeding;

(c)    responding fully and truthfully to all inquiries of the United States in connection with any Federal Proceeding, without falsely implicating any person or intentionally withholding any information, subject to the penalties of making false statements or declarations (18 U.S.C. § 1001, 1623), obstruction of justice (18 U.S.C. § 1503, *et seq.*), or conspiracy to commit such offenses;

(d)    otherwise voluntarily providing the United States with any material or information not requested in (a) - (c) of this paragraph and not protected under attorney-

13

client privilege or the work product doctrine that he or she may have that is related to any Federal Proceeding;

(e)     when called upon to do so by the United States in connection with any Federal Proceeding, testifying in grand jury, trial, and other judicial proceedings in the United States fully, truthfully and under oath, subject to the penalties of perjury (18 U.S.C. § 1621), making false statements or declarations in grand jury or court proceedings (18 U.S.C. § 1623), contempt (18 U.S.C. §§ 401-402) and obstruction of justice (18 U.S.C. § 1503, *et seq.*); and

(f)     agreeing that, if the agreement not to prosecute him or her in this Plea Agreement is rendered void under Paragraph 16(c), the statute of limitations period for any Relevant Offense as defined in Paragraph 16(a) shall be tolled as to him or her for the period between the date of the signing of this Plea Agreement and six (6) months after the date that the United States gave notice of its intent to void its obligations to that person under the Plea Agreement.

## GOVERNMENT'S AGREEMENT

15.     Subject to the full, truthful, and continuing cooperation of the defendant and its subsidiary, as defined in Paragraph 13 of this Plea Agreement, and upon the Court's acceptance of the guilty pleas called for by this Plea Agreement and the imposition of the recommended sentence, the United States agrees that it will not bring further criminal charges against the defendant or NAL for any act or offense committed before the date of signature of this Plea Agreement that was undertaken in furtherance of an antitrust conspiracy involving the manufacture or sale of automotive lighting fixtures or automotive HID lamp ballasts. The nonprosecution terms of this paragraph do not apply to (a) any acts of subornation of perjury (18

U.S.C. § 1622), making a false statement (18 U.S.C. § 1001), obstruction of justice (18 U.S.C. § 1503, *et seq.*), contempt (18 U.S.C. §§ 401-402), or conspiracy to commit such offenses; (b) civil matters of any kind; (c) any violation of the federal tax or securities laws or conspiracy to commit such offenses; or (d) any crime of violence.

16.     The United States agrees to the following:

(a)     Upon the Court's acceptance of the guilty pleas called for by this Plea Agreement and the imposition of the recommended sentence and subject to the exceptions noted in Paragraph 16(c), the United States will not bring criminal charges against any current or former director, officer or employee of the defendant or NAL for any act or offense committed before the date of this Plea Agreement and while that person was acting as a director, officer or employee of the defendant or its subsidiary that was undertaken in furtherance of an antitrust conspiracy involving the sale of automotive lighting fixtures and/or automotive HID lamp ballasts ("Relevant Offense"), except that the protections granted in this paragraph shall not apply to the three (3) individuals listed in Attachment A (filed under seal);

(b)     Should the United States determine that any current or former director, officer, or employee of the defendant or NAL may have information relevant to any Federal Proceeding, the United States may request that person's cooperation under the terms of this Plea Agreement by written request delivered to counsel for the individual (with a copy to the undersigned counsel for the defendant) or, if the individual is not known by the United States to be represented, to the undersigned counsel for the defendant;

15

(c)     If any person requested to provide cooperation under Paragraph 16(b) fails
to comply with his or her obligations under Paragraph 14, then the terms of this Plea
Agreement as they pertain to that person and the agreement not to prosecute that person
granted in this Plea Agreement will be rendered void, and the United States may
prosecute such person criminally for any federal crime of which the United States has
knowledge, including, but not limited to any Relevant Offense;

(d)     Except as provided in Paragraph 16(e), information provided by a person
described in Paragraph 16(b) to the United States under the terms of this Plea Agreement
pertaining to any Relevant Offense, or any information directly or indirectly derived from
that information, may not be used against that person in a criminal case, except in a
prosecution for perjury or subornation of perjury (18 U.S.C. §§ 1621-22), making a false
statement or declaration (18 U.S.C. §§ 1001, 1623), obstruction of justice (18 U.S.C.
§ 1503, *et seq.*), contempt (18 U.S.C. §§ 401-402), or conspiracy to commit such
offenses;

(e)     If any person who provides information to the United States under this
Plea Agreement fails to comply fully with his or her obligations under Paragraph 14 of
this Plea Agreement, the agreement in Paragraph 16(d) not to use that information or any
information directly or indirectly derived from it against that person in a criminal case
will be rendered void;

(f)     The nonprosecution terms of this paragraph do not apply to civil matters
of any kind; any violation of the federal tax or securities laws or conspiracy to commit
such offenses; any crime of violence; or perjury or subornation of perjury (18 U.S.C. §§
1621-22), making a false statement or declaration (18 U.S.C. §§ 1001, 1623), obstruction

16

of justice (18 U.S.C. § 1503, et seq.), contempt (18 U.S.C. §§ 401-402), or conspiracy to commit such offenses; and

(g)     Documents provided under Paragraphs 13(a) and 14(a) will be deemed responsive to outstanding grand jury subpoenas issued to the defendant or its subsidiary.

17.     The United States agrees that when any person travels to the United States for interviews, grand jury appearances, or court appearances pursuant to this Plea Agreement, or for meetings with counsel in preparation therefore, the United States will take no action, based upon any Relevant Offense, to subject such person to arrest, detention or service of process, or to prevent such person from departing the United States.  This paragraph does not apply to an individual's commission of perjury or subornation of perjury (18 U.S.C. §§ 1621-22), making false statements or declarations (18 U.S.C. § 1001, 1623), obstruction of justice (18 U.S.C. § 1503, *et seq.*), contempt (18 U.S.C. §§ 401-402), or conspiracy to commit such offenses.

18.     The defendant understands that it may be subject to administrative action by federal or state agencies other than the United States Department of Justice Antitrust Division, based upon the conviction resulting from this Plea Agreement, and that this Plea Agreement in no way controls whatever action, if any, other agencies may take.  However, the United States agrees that, if requested, it will advise the appropriate officials of any governmental agency considering such action of the fact, manner and extent of the cooperation of the defendant and its subsidiary as a matter for that agency to consider before determining what administrative action, if any, to take.  The defendant nevertheless affirms that it wants to plead guilty regardless of the suspension or debarment consequences of its plea.

## REPRESENTATION BY COUNSEL

19.     The defendant has been represented by counsel and is fully satisfied that its

attorneys have provided competent legal representation.  The defendant has thoroughly reviewed

this Plea Agreement and acknowledges that counsel has advised it of the nature of the charges,

any possible defenses to the charges, and the nature and range of possible sentences.

**VOLUNTARY PLEA**

20.     The defendant's decision to enter into this Plea Agreement and to tender pleas of

guilty is freely and voluntarily made and is not the result of force, threats, assurances, promises,

or representations other than the representations contained in this Plea Agreement and

Attachment A (filed under seal).  The United States has made no promises or representations to

the defendant as to whether the Court will accept or reject the recommendations contained within

this Plea Agreement.

**VIOLATION OF PLEA AGREEMENT**

21.     The defendant agrees that, should the United States determine in good faith,

during the period that any Federal Proceeding is pending, that the defendant or NAL has failed to

provide full, truthful and continuing cooperation, as defined in Paragraph 13 of this Plea

Agreement, or has otherwise violated any provision of this Plea Agreement, the United States

will notify counsel for the defendant in writing by personal or overnight delivery, email, or

facsimile transmission and may also notify counsel by telephone of its intention to void any of its

obligations under this Plea Agreement (except its obligations under this paragraph), and the

defendant and NAL will be subject to prosecution for any federal crime of which the United

States has knowledge including, but not limited to, the substantive offenses relating to the

investigation resulting in this Plea Agreement.  The defendant agrees that, in the event that the

United States is released from its obligations under this Plea Agreement and brings criminal

18

charges against the defendant or NAL for any offense referred to in Paragraph 15 of this Plea Agreement, the statute of limitations period for such offense will be tolled for the period between the date of the signing of this Plea Agreement and six (6) months after the date the United States gave notice of its intent to void its obligations under this Plea Agreement.

22.     The defendant understands and agrees that in any further prosecution of it or NAL resulting from the release of the United States from its obligations under this Plea Agreement, because of the defendant's or NAL's violation of this Plea Agreement, any documents, statements, information, testimony, or evidence provided by it, NAL, or current directors, officers, or employees of it or NAL to attorneys or agents of the United States, federal grand juries or courts, and any leads derived therefrom, may be used against it or NAL. In addition, the defendant unconditionally waives its right to challenge the use of such evidence in any such further prosecution, notwithstanding the protections of Fed. R. Evid. 410.

## ENTIRETY OF AGREEMENT

23.     This Plea Agreement and Attachment A constitute the entire agreement between the United States and the defendant concerning the disposition of the criminal charges in this case. This Plea Agreement cannot be modified except in writing, signed by the United States and the defendant.

24.     The undersigned is authorized to enter this Plea Agreement on behalf of the defendant as evidenced by the Resolution of the Board of Directors of the defendant attached to, and incorporated by reference in, this Plea Agreement.

25.     The undersigned attorneys for the United States have been authorized by the Attorney General of the United States to enter this Plea Agreement on behalf of the United States.

19

26.     A facsimile or PDF signature shall be deemed an original signature for the purpose of executing this Plea Agreement.  Multiple signature pages are authorized for the purpose of executing this Plea Agreement.

DATED: January 16, 2014          Respectfully submitted,

BY: _____

Masahiro Otake
President and Representative
Director
Koito Manufacturing Co., Ltd.

                                            BY: _____

                                            Carsten Reichel
                                            Diana Kane
                                            Trial Attorneys
                                            United States Department of Justice
                                            Antitrust Division
                                            450 Fifth Street, N.W.
                                            Suite 11300
                                            Washington, D.C. 20530
                                            Tel.: (202) 307-6694

BY: _____

Franklin Liss
Tiana Russell
Lauren Peay
Arnold & Porter LLP
555 Twelfth Street N.W.
Washington, DC 20004-1206
Tel.: (212) 942-5000
Counsel for
Koito Manufacturing Co., Ltd.

KOITO MANUFACTURING CO., LTD.
**CONFIRMATION OF BOARD RESOLUTIONS**

TO WHOM IT MAY CONCERN:

This is to confirm, at the meeting of Board of Directors of KOITO MANUFACTURING CO,. LTD. (the "Company"), held on 16 January, 2014, that:

IT IS RESOLVED THAT, the execution, delivery and performance of the Plea Agreement between the United States Department of Justice and the Company, in substantially the form attached hereto, is hereby approved;

IT IS RESOLVED THAT, Mr. Masahiro Otake, President and Representative Director of the Company is authorized, empowered and directed to execute and deliver the Plea Agreement in the name and on behalf of the Company, and;

IT IS RESOLVED THAT, Mr. Atsushi Inoue, Managing Corporate Officer of the Company is authorized, empowered and directed to represent the Company before any courts or governmental agencies in order to make statements and confirmations in accordance with the Plea Agreement, including entering a guilty plea on behalf of the Company.

**CERTIFICATE**

I, Mr. Masahiro Otake, President and Representative Director of the Company, a company organized and existing under the laws of Japan, do hereby certify that the foregoing resolutions duly adopted by the Board of Directors of the Company, at a meeting of the Board of Directors held on 16 January, 2014 at Takanawa, Minato-ku, Tokyo are true, correct and complete and that the said resolutions have not been rescinded, revoked, amended, modified or replaced, and remain in full force and effect, as of the date hereof.

Signed at Takanawa, Minato-ku, Tokyo on this 16th day of January, 2014, by:

President and Representative Director
KOITO MANUFACTURING CO., LTD.