# EXHIBIT 14

*22*

~~EXHIBIT A~~

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal No. *13-20710* |
| | ) | |
| | ) | Filed: |
| v. | ) | |
| | ) | Violation: |
| MITSUBISHI ELECTRIC CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

**FILED**

**NOV - 6 2013**

CLERK'S OFFICE
U.S. DISTRICT COURT
EASTERN MICHIGAN

## PLEA AGREEMENT

The United States of America and Mitsubishi Electric Corporation ("defendant"), a corporation organized and existing under the laws of Japan, hereby enter into the following Plea Agreement pursuant to Rule 11(c) (1) (C) of the Federal Rules of Criminal Procedure ("Fed. R. Crim. P."):

## RIGHTS OF DEFENDANT

1.     The defendant understands its rights:

      (a)     to be represented by an attorney;

      (b)     to be charged by Indictment;

      (c)     as a corporation organized and existing under the laws of Japan, to decline to accept service of the Summons in this case, and to contest the jurisdiction of the United States to prosecute this case against it in the United States District Court for the Eastern District of Michigan;

(d)      to plead not guilty to any criminal charge brought against it;

(e)      to have a trial by jury, at which it would be presumed not guilty of the charge and the United States would have to prove every essential element of the charged offense beyond a reasonable doubt for it to be found guilty;

(f)      to confront and cross-examine witnesses against it and to subpoena witnesses in its defense at trial;

(g)      to appeal its conviction if it is found guilty; and

(h)      to appeal the imposition of sentence against it.

## AGREEMENT TO PLEAD GUILTY
## AND WAIVE CERTAIN RIGHTS

2.      The defendant knowingly and voluntarily waives the rights set out in Paragraph 1(b)-(g) above. The defendant also knowingly and voluntarily waives the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742, that challenges the sentence imposed by the Court if that sentence is consistent with or below the recommended sentence in Paragraph 9 of this Plea Agreement, regardless of how the sentence is determined by the Court. This agreement does not affect the rights or obligations of the United States as set forth in 18 U.S.C. § 3742(b)-(c). Nothing in this paragraph, however, will act as a bar to the defendant perfecting any legal remedies it may otherwise have on appeal or collateral attack respecting claims of ineffective assistance of counsel or prosecutorial misconduct. The defendant agrees that there is currently no known evidence of ineffective assistance of counsel or prosecutorial misconduct. Pursuant to Fed. R. Crim. P. 7(b), the defendant will waive indictment and plead guilty to a one-count Information to

2

be filed in the United States District Court for the Eastern District of Michigan. The Information will charge the defendant with participating in a combination and conspiracy to suppress and eliminate competition in the automotive parts industry by agreeing to rig bids for, and to fix, stabilize, and maintain the price of, certain automotive parts sold to automobile manufacturers in the United States and elsewhere, from at least as early as January 2000 until at least February 2010, in violation of the Sherman Antitrust Act, 15 U.S.C. § 1.

3.     The defendant will plead guilty to the criminal charge described in Paragraph 2 above pursuant to the terms of this Plea Agreement and will make a factual admission of guilt to the Court in accordance with Fed. R. Crim. P. 11, as set forth in Paragraph 4 below.

## FACTUAL BASIS FOR OFFENSE CHARGED

4.     Had this case gone to trial, the United States would have presented evidence sufficient to prove the following facts:

(a)     For purposes of this Plea Agreement, the "relevant period" is that period from at least as early as January 2000 until at least February 2010. During the relevant period, the defendant was a corporation organized and existing under the laws of Japan. The defendant had its principal place of business in Tokyo, Japan. During the relevant period, the defendant was a manufacturer of various automotive parts as defined in Paragraph 13. These automotive parts included starter motors, alternators and ignition coils. The Defendant was engaged in the sale of these parts in the United States and elsewhere, and employed 5,000 or more individuals. Starter motors are small electric motors used in starting internal combustion engines. Alternators generate an electric current while the engine is in operation. Ignition coils are part of the fuel ignition system

3

and release electric energy suddenly to ignite a fuel mixture. During the relevant period, the defendant's sales of automotive parts, including starters, alternators and ignition coils, affecting Ford Motor Company, General Motors LLC, Chrysler Group LLC, Fuji Heavy Industries Ltd., Nissan Motor Company, Ltd. , Honda Motor Company Ltd. and certain of their subsidiaries in the United States and elsewhere totaled more than $678 million.

     (b)    During the relevant period, the defendant, through its officers and employees, including high-level personnel of the defendant, participated in a conspiracy among major automotive parts manufacturers, the primary purpose of which was to rig bids for, and to fix, stabilize and maintain the prices of, certain automotive parts sold to Ford Motor Company, General Motors LLC, Chrysler Group LLC, Fuji Heavy Industries Ltd., Nissan Motor Company Ltd., Honda Motor Company Ltd., Toyota Motor Corporation and certain of their subsidiaries in the United States and elsewhere. In furtherance of the conspiracy, the defendant, through its officers and employees, engaged in discussions and attended meetings with representatives of other major automotive parts manufacturers. During these discussions and meetings, agreements were reached to allocate the supply of certain automotive parts sold to automobile manufacturers, rig bids quoted to automobile manufacturers for certain automotive parts, and to fix, stabilize, and maintain the prices, including coordinating price adjustments requested by automobile manufacturers, of certain automotive parts sold to automobile manufacturers in the United States and elsewhere.

     (c)    During the relevant period, automotive parts sold by one or more of the conspirator firms, and equipment and supplies necessary to the production and distribution of automotive parts, as well as payments for automotive parts, traveled in

interstate commerce. The business activities of the defendant and its co-conspirators in connection with the production and sale of automotive parts that were the subjects of this conspiracy, were within the flow of, and substantially affected, interstate trade and commerce.

(d)     The conspiratorial meetings and discussions described above took place in the United States and elsewhere, and automotive parts that were the subject of this conspiracy were sold to Ford Motor Company, General Motors LLC, Chrysler Group LLC, Fuji Heavy Industries Ltd., Nissan Motor Company Ltd., Honda Motor Company Ltd. and certain of their subsidiaries by the defendant's United States indirect subsidiary, Mitsubishi Electric Automotive America, Inc. which is located in the Eastern District of Michigan.

(e)     During the conspiracy, defendant took affirmative steps to hide the nature and substance of their agreements with competitors. This included the use of code words and minimizing the number of employees aware of the agreements.  In 2007, employees of the defendant were clearly instructed to comply strictly with all antitrust laws, rules, and regulations.  Despite the directive to comply with antitrust laws, certain of the defendant's employees who were engaged in the sales of automotive parts subject to this Agreement continued to reach agreements with competitors on allocating parts and customers based on direction from senior managers.  Additionally, certain of the defendant's employees who were engaged in the sales of such automotive parts took further steps to hide the nature and substance of the agreements.

     (f)     In February of 2010, employees of the defendant became aware of a criminal investigation into the automotive parts industry when one of their coconspirators was searched by law enforcement authorities in the United States. Upon learning of the searches, employees of the defendant took steps to destroy evidence of their criminal activity for fear of its discovery by law enforcement. This evidence included electronic files and paper documents located in both the United States and Japan. These efforts to destroy documents were approved by senior managers in Japan.

## ELEMENTS OF THE OFFENSE

5.     The elements of the charged offense are that:

     (a)     the conspiracy described in the Information existed at or about the time alleged;

     (b)     the defendant knowingly became a member of the conspiracy; and

     (c)     the conspiracy described in the Information either substantially affected interstate commerce in goods or services or occurred within the flow of interstate commerce in goods and services.

## POSSIBLE MAXIMUM SENTENCE

6.     The defendant understands that the statutory maximum penalty which may be imposed against it upon conviction for a violation of Section One of the Sherman Antitrust Act is a fine in an amount equal to the greatest of:

     (a)     $100 million (15 U.S.C. § 1);

(b)    twice the gross pecuniary gain the conspirators derived from the crime (18 U.S.C. § 3571(c) and (d)); or

(c)    twice the gross pecuniary loss caused to the victims of the crime by the conspirators (18 U.S.C. § 3571(c) and (d)).

7.    In addition, the defendant understands that:

(a)    pursuant to 18 U.S.C. § 3561(c)(1), the Court may impose a term of probation of at least one year, but not more than five years;

(b)    pursuant to §8B1.1 of the United States Sentencing Guidelines ("U.S.S.G.," "Sentencing Guidelines," or "Guidelines") or 18 U.S.C. § 3563(b)(2) or 3663(a)(3), the Court may order it to pay restitution to the victims of the offense; and

(c)    pursuant to 18 U.S.C. § 3013 (a)(2)(B), the Court is required to order the defendant to pay a $400 special assessment upon conviction for the charged crime.

## SENTENCING GUIDELINES

8.    The defendant understands that the Sentencing Guidelines are advisory, not mandatory, but that the Court must consider, in determining and imposing sentence, the Guidelines Manual in effect on the date of sentencing unless that Manual provides for greater punishment than the Manual in effect on the last date that the offense of conviction was committed, in which case the Court must consider the Guidelines Manual in effect on the last date that the offense of conviction was committed. The parties agree there is no ex post facto issue with respect to the recommended sentence in Paragraph 9 of the Plea Agreement under the

7

November, 2012 Guidelines Manual. The Court must also consider the other factors set forth in

18 U.S.C. § 3553(a) in determining and imposing sentence. The defendant understands that the

Guidelines determinations will be made by the Court by a preponderance of the evidence

standard. The defendant understands that although the Court is not ultimately bound to impose a

sentence within the applicable Guidelines range, its sentence must be reasonable based upon

consideration of all relevant sentencing factors set forth in 18 U.S.C. § 3553(a).

### SENTENCING AGREEMENT

9.      Pursuant to Fed. R. Crim. P. 11(c)(l)(C) and subject to the full, truthful, and

continuing cooperation of the defendant and its subsidiaries, as defined in Paragraph 13 of this

plea agreement, the United States and the defendant agree that the appropriate disposition of this

case is, and agree to recommend jointly that the Court impose, a sentence requiring the defendant

to pay to the United States a criminal fine of $190 million, pursuant to 18 U.S.C. § 3571(d),

payable in full before the fifteenth (l5th) day after the date of judgment and no order of

restitution ("the recommended sentence"). The parties agree that there exists no aggravating or

mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the

U.S. Sentencing Commission in formulating the Sentencing Guidelines justifying a departure

pursuant to U.S.S.G. §5K2.0. The parties agree not to seek at the sentencing hearing any

sentence outside of the Guidelines range nor any Guidelines adjustment for any reason that is not

set forth in this Plea Agreement. The parties further agree that the recommended sentence set

forth in this Plea Agreement is reasonable.

(a)     The defendant understands that the Court will order it to pay a $400 special assessment, pursuant to 18 U.S.C. § 3013(a)(2)(B), in addition to any fine imposed.

(b)     In light of the availability of civil causes of action, which potentially provide for a recovery of a multiple of actual damages, the recommended sentence does not include a restitution order for the offense charged in the Information.

(c)     Both parties will recommend that no term of probation be imposed, but the defendant understands that the Court's denial of this request will not void this Plea Agreement.

(d)     The United States and the defendant jointly submit that this Plea Agreement, together with the record that will be created by the United States and the defendant at the plea and sentencing hearings, and the further disclosure described in Paragraph 11, will provide sufficient information concerning the defendant, the crime charged in this case, and the defendant's role in the crime to enable the meaningful exercise of sentencing authority by the Court under 18 U.S.C. § 3553. The United States and defendant agree to request jointly that the Court accept the defendant's guilty plea and impose sentence on an expedited schedule as early as the date of arraignment, based upon the record provided by the defendant and the United States, under the provisions of Fed. R. Crim. P. 32(c)(1)(A)(ii), U.S.S.G. §6A1.1, and Rule 32.1(h) of the Criminal Local Rules. The Court's denial of the request to impose sentence on an expedited schedule will not void this Plea Agreement.

9

(e)     The United States contends that had this case gone to trial, the United

States would have presented evidence to prove that the gain derived from or the loss

resulting from the charged offense is sufficient to justify the recommended sentence set

forth in this paragraph, pursuant to 18 U.S.C. § 3571(d). For purposes of this plea and

sentencing only, the defendant waives its rights to contest this calculation.

10.     The United States and the defendant agree that the applicable Guidelines fine

range exceeds the fine contained in the recommended sentence set out in Paragraph 9 above.

Subject to the full, truthful, and continuing cooperation of the defendant and its subsidiaries, as

defined in Paragraph 13 of this Plea Agreement, and prior to sentencing in this case, the United

States agrees that it will make a motion, pursuant to U.S.S.G. §8C4.1, for a downward departure

from the Guidelines fine range and will request that the Court impose the recommended sentence

set out in Paragraph 9 of this Plea Agreement because of the defendant's and its subsidiaries'

substantial assistance in the government's investigation and prosecutions of violations of federal

criminal law in the automotive parts industry.

11.     Subject to the full, truthful, and continuing cooperation of the defendant and its

subsidiaries, as defined in Paragraph 13 of this Plea Agreement, and prior to sentencing in this

case, the United States will fully advise the Court and the Probation Office of the fact, manner,

and extent of the defendant's and its subsidiaries' cooperation and their commitment to

prospective cooperation with the United States' investigation and prosecutions, all material facts

relating to the defendant's involvement in the charged offense, and all other relevant conduct.

12.     The United States and the defendant understand that the Court retains complete discretion to accept or reject the recommended sentence provided for in Paragraph 9 of this Plea Agreement.

(a)     If the Court does not accept the recommended sentence, the United States and the defendant agree that this Plea Agreement, except for Paragraph 12(b) below, will be rendered void.

(b)     If the Court does not accept the recommended sentence, the defendant will be free to withdraw its guilty plea (Fed. R. Crim. P. 11(c)(5) and (d)). If the defendant withdraws its plea of guilty, this Plea Agreement, the guilty plea, and any statement made in the course of any proceedings under Fed. R. Crim. P. 11 regarding the guilty plea or this Plea Agreement or made in the course of plea discussions with an attorney for the government will not be admissible against the defendant in any criminal or civil proceeding, except as otherwise provided in Fed. R. Evid. 410. In addition, the defendant agrees that, if it withdraws its guilty plea pursuant to this subparagraph of this Plea Agreement, the statute of limitations period for any offense referred to in Paragraph 15 of this Plea Agreement will be tolled for the period between the date of the signing of this Plea Agreement and the date the defendant withdrew its guilty plea or for a period of sixty (60) days after the date of the signing of this Plea Agreement, whichever period is greater.

## DEFENDANT'S COOPERATION

13.     The defendant and its subsidiaries will cooperate fully and truthfully with the United States in the prosecution of this case, the current federal investigation of violations of

11

federal antitrust and related criminal laws involving the manufacture or sale of automotive parts, any other federal investigation resulting therefrom, and any litigation or other proceedings arising or resulting from any such investigation to which the United States is a party (collectively "Federal Proceeding"). The defendant's subsidiaries for purposes of this Plea Agreement are entities engaged in the manufacture or sale of automotive parts that the defendant directly or indirectly had a greater than 50% ownership interest in as of the date of signature of this Plea Agreement. Federal Proceeding includes, but is not limited to, an investigation, prosecution, litigation, or other proceeding regarding obstruction of, the making of a false statement or declaration in, the commission of perjury or subornation of perjury in, the commission of contempt in, or conspiracy to commit such offenses in a Federal Proceeding. Automotive parts for purposes of this Plea Agreement are limited to: AC generators, air bag sensors, air bags, air flow sensors, alternators, cam and crank sensors, electric power steering motors, electronic control units (ECU), exhaust gas recirculation valves (EGR), fuel injectors, fuel pumps, high intensity discharge ballasts (HID), ignition coils, integrated units, keyless entry systems, manifold absolute pressure sensors (MAP), purge control valves, starter motors, throttle bodies, variable cam timing (VCT), and variable valve timing (VVT). The full, truthful, and continuing cooperation of the defendant and its subsidiaries will include, but not be limited to:

       (a)     producing to the United States all documents, information, and other materials, wherever located, not privileged under the attorney client privilege or the work product privilege, (and with translations into English), in the possession, custody, or control of the defendant or any of its subsidiaries, requested by the United States in connection with any Federal Proceeding;

(b)    using its best efforts to secure the full, truthful, and continuing cooperation, as defined in Paragraph 14 of this Plea Agreement, of the current and former directors, officers, and employees of the defendant or any of its subsidiaries, as may be requested by the United States, but excluding the five individuals listed in Attachment A filed under seal, including making these persons available in the United States and at other mutually agreed-upon locations, at the defendant's expense, for interviews and the provision of testimony in grand jury, trial, and other judicial proceedings in connection with any Federal Proceeding.  Current directors, officers, and employees are defined for purposes of this Plea Agreement as individuals who are directors, officers, or employees of the defendant or any of its subsidiaries as of the date of signature of this Plea Agreement.

14.    The full, truthful, and continuing cooperation of each person described in Paragraph 13(b) above will be subject to the procedures and protections of this paragraph, and will include, but not be limited to:

(a)    producing in the United States and at other mutually agreed-upon locations all documents, including claimed personal documents, and other materials, wherever located, not privileged under the attorney-client privilege or the work product privilege, (and with translations into English), that are requested by attorneys and agents of the United States in connection with any Federal Proceeding;

(b)    making himself or herself available for interviews in the United States and at other mutually agreed-upon locations, not at the expense of the United States, upon the

request of attorneys and agents of the United States in connection with any Federal

Proceeding;

(c)     responding fully and truthfully to all inquiries of the United States in

connection with any Federal Proceeding, without falsely implicating any person or

intentionally withholding any information, subject to the penalties of making false

statements or declarations (18 U.S.C. §§ 1001, 1623), obstruction of justice (18 U.S.C. §

1503, *et seq.*), or conspiracy to commit such offenses;

(d)     otherwise voluntarily providing the United States with any material or

information not requested in (a) - (c) of this paragraph and not privileged under the

attorney-client privilege or work product privilege that he or she may have that is related

to any Federal Proceeding;

(e)     when called upon to do so by the United States in connection with any

Federal Proceeding, testifying in grand jury, trial, and other judicial proceedings in the

United States fully, truthfully, and under oath, subject to the penalties of perjury (18

U.S.C. § 1621), making false statements or declarations in grand jury or court

proceedings (18 U.S.C. § 1623), contempt (18 U.S.C. §§ 401-402), and obstruction of

justice (18 U.S.C. § 1503, *et seq.*); and

(f)     agreeing that, if the agreement not to prosecute him or her in this Plea

Agreement is rendered void under Paragraph 16(c), the statute of limitations period for

any Relevant Offense, as defined in Paragraph 16(a), will be tolled as to him or her for

the period between the date of the signing of this Plea Agreement and six (6) months after

14

the date that the United States gave notice of its intent to void its obligations to that person under this Plea Agreement.

## GOVERNMENT'S AGREEMENT

15.     Subject to the full, truthful, and continuing cooperation of the defendant and its subsidiaries, as defined in Paragraph 13 of this Plea Agreement, and upon the Court's acceptance of the guilty plea called for by this Plea Agreement and the imposition of the recommended sentence, the United States agrees that it will not bring further criminal charges against the defendant or any of its subsidiaries for any act or offense committed before the date of signature of this Plea Agreement that (a) was undertaken in furtherance of an antitrust conspiracy involving the manufacture or sale of automotive parts as defined in Paragraph 13 or (b) specified in Paragraph 4(f). The nonprosecution terms of this paragraph do not apply to (a) any acts of subornation of perjury (18 U.S.C. § 1622), making a false statement (18 U.S.C. § 1001), obstruction of justice (18 U.S.C. § 1503, *et seq.*), contempt (18 U.S.C. §§ 401-402), or conspiracy to commit such offenses, except for the conduct specified in Paragraph 4(f) of this Plea Agreement; (b) civil matters of any kind; (c) any violation of the federal tax or securities laws or conspiracy to commit such offenses; or (d) any crime of violence.

16.     The United States agrees to the following:

(a)     Upon the Court's acceptance of the guilty plea called for by this Plea Agreement and the imposition of the recommended sentence and subject to the exceptions noted in Paragraph 16(c), the United States will not bring criminal charges against any current or former director, officer, or employee of the defendant or its subsidiaries for any act or offense committed before the date of signature of this Plea

Agreement and while that person was acting as a director, officer, or employee of the defendant or its subsidiaries that was undertaken in furtherance of an antitrust conspiracy involving the manufacture or sale of automotive parts as defined in Paragraph 13 ("Relevant Offense"), except that the protections granted in this paragraph do not apply to the five individuals listed in Attachment A filed under seal;

(b)     Should the United States determine that any current or former director, officer, or employee of the defendant or its subsidiaries may have information relevant to any Federal Proceeding, the United States may request that person's cooperation under the terms of this Plea Agreement by written request delivered to counsel for the individual (with a copy to the undersigned counsel for the defendant) or, if the individual is not known by the United States to be represented, to the undersigned counsel for the defendant;

(c)     If any person requested to provide cooperation under Paragraph 16(b) fails to comply with his or her obligations under Paragraph 14, then the terms of this Plea Agreement as they pertain to that person and the agreement not to prosecute that person granted in this Plea Agreement will be rendered void, and the United States may prosecute such person criminally for any federal crime of which the United States has knowledge, including, but not limited to any Relevant Offense;

(d)     Except as provided in Paragraph 16(e), information provided by a person described in Paragraph 16(b) to the United States under the terms of this Plea Agreement pertaining to any Relevant Offense, or any information directly or indirectly derived from that information, may not be used against that person in a criminal case, except in a

16

prosecution for perjury or subornation of perjury (18 U.S.C. §§ 1621-22), making a false

statement or declaration (18 U.S.C. §§ 1001, 1623), obstruction of justice (18 U.S.C. §

1503, *et seq.*), contempt (18 U.S.C. §§ 401-402) or conspiracy to commit such offenses;

(e)     If any person who provides information to the United States under this

Plea Agreement fails to comply fully with his or her obligations under Paragraph 14 of

this Plea Agreement, the agreement in Paragraph 16(d) not to use that information or any

information directly or indirectly derived from it against that person in a criminal case

will be rendered void;

(f)     The nonprosecution terms of this paragraph do not apply to civil matters

of any kind; any violation of the federal tax or securities laws or conspiracy to commit

such offenses; any crime of violence; or perjury or subornation of perjury (18 U.S.C. §§

1621-22), making a false statement or declaration (18 U.S.C. §§ 1001, 1623), obstruction

of justice (18 U.S.C. § 1503, *et seq.*), contempt (18 U.S.C. §§ 401-402) or conspiracy to

commit such offenses; and

(g)     Documents provided under Paragraphs 13(a) and 14(a) will be deemed

responsive to outstanding grand jury subpoenas issued to the defendant or any of its

subsidiaries.

17.     The United States agrees that when any person travels to the United States for

interviews, grand jury appearances, or court appearances pursuant to this Plea Agreement, or for

meetings with counsel in preparation therefore, the United States will take no action, based upon

any Relevant Offense, to subject such person to arrest, detention, or service of process, or to

prevent such person from departing the United States.  This paragraph does not apply to an

17

individual's commission of perjury or subornation of perjury (18 U.S.C. §§ 1621-22), making false statements or declarations (18 U.S.C. §§ 1001, 1623), obstruction of justice (18 U.S.C. § 1503, *et seq*.), contempt (18 U.S.C. §§ 401-402), or conspiracy to commit such offenses in connection with any testimony or information provided or requested in any Federal Proceeding.

18.    The defendant understands that it may be subject to suspension or debarment action by state or federal agencies other than the United States Department of Justice, Antitrust Division, based upon the conviction resulting from this Plea Agreement, and that this Plea Agreement in no way controls what action, if any, other agencies may take. However, the Antitrust Division agrees that, if requested, it will advise the appropriate officials of any governmental agency considering such action of the fact, manner, and extent of the cooperation of the defendant and its subsidiaries as a matter for that agency to consider before determining what action, if any, to take. The defendant nevertheless affirms that it wants to plead guilty regardless of the suspension or debarment consequences of its plea.

## REPRESENTATION BY COUNSEL

19.    The defendant has been represented by counsel and is fully satisfied that its attorneys have provided competent legal representation. The defendant has thoroughly reviewed this Plea Agreement and acknowledges that counsel has advised it of the nature of the charge, any possible defenses to the charge, and the nature and range of possible sentences.

## VOLUNTARY PLEA

20.    The defendant's decision to enter into this Plea Agreement and to tender a plea of guilty is freely and voluntarily made and is not the result of force, threats, assurances, promises,

or representations other than the representations contained in this Plea Agreement and Attachment A. The United States has made no promises or representations to the defendant as to whether the Court will accept or reject the recommendations contained within this Plea Agreement.

## VIOLATION OF PLEA AGREEMENT

21.     The defendant agrees that, should the United States determine in good faith, during the period that any Federal Proceeding is pending, that the defendant or any of its subsidiaries has failed to provide full, truthful, and continuing cooperation, as defined in Paragraph 13 of this Plea Agreement, or has otherwise violated any provision of this Plea Agreement, the United States will notify counsel for the defendant in writing by personal or overnight delivery, email, or facsimile transmission and may also notify counsel by telephone of its intention to void any of its obligations under this Plea Agreement (except its obligations under this paragraph), and the defendant and its subsidiaries will be subject to prosecution for any federal crime of which the United States has knowledge including, but not limited to, the substantive offenses relating to the investigation resulting in this Plea Agreement. The defendant agrees that, in the event that the United States is released from its obligations under this Plea Agreement and brings criminal charges against the defendant or its subsidiaries for any offense referred to in Paragraph 15 of this Plea Agreement, the statute of limitations period for such offense will be tolled for the period between the date of the signing of this Plea Agreement and six (6) months after the date the United States gave notice of its intent to void its obligations under this Plea Agreement.

19

22.     The defendant understands and agrees that in any further prosecution of it or its subsidiaries resulting from the release of the United States from its obligations under this Plea Agreement, because of the defendant's or its subsidiaries' violation of this Plea Agreement, any documents, statements, information, testimony, or evidence provided by it, its subsidiaries, or current or former directors, officers, or employees of it or its subsidiaries to attorneys or agents of the United States, federal grand juries, or courts, and any leads derived therefrom, may be used against it or its subsidiaries. In addition, the defendant unconditionally waives its right to challenge the use of such evidence in any such further prosecution, notwithstanding the protections of Fed. R. Evid. 410.

## ENTIRETY OF AGREEMENT

23.     This Plea Agreement and Attachment A constitute the entire agreement between the United States and the defendant concerning the disposition of the criminal charge in this case. This Plea Agreement cannot be modified except in writing, signed by the United States and the defendant.

24.     The undersigned is authorized to enter into this Plea Agreement on behalf of the defendant as instructed by the President & Chief Executive Officer of the defendant, who in turn has been authorized to so act by a resolution of the Board of Directors of the defendant. A copy of such instruction is attached to, and incorporated by reference in, this Plea Agreement.

25.     The undersigned attorneys for the United States have been authorized by the Attorney General of the United States to enter this Plea Agreement on behalf of the United States.

20

26. A facsimile or PDF signature will be deemed an original signature for the purpose of executing this Plea Agreement. Multiple signature pages are authorized for the purpose of executing this Plea Agreement.

DATED:_____

                                        Respectfully submitted,

BY:_____         BY:_____
    Yutaka Ohashi                         Kathryn M. Hellings
    Executive Officer, Group President     Jason D. Jones
    Automotive Equipment Group         Ryan J. Danks
    Mitsubishi Electric Corporation       Mark G. Grundvig
                                      Paul T. Gallagher

                                      Attorneys
                                      U.S. Department of Justice
                                      Antitrust Division
                                      450 5th Street, N.W.
                                      Washington, D.C. 20530
                                      Tel:  (202) 532-4890

BY:_____
    Charles B. Sklarsky
    Terrence J. Truax
    Gabriel A. Fuentes
    Jenner & Block, LLP
    353 N. Clark St.
    Chicago, IL 60654
    (312) 222-9350
    Counsel for Mitsubishi Electric Corporation

26.     A facsimile or PDF signature will be deemed an original signature for the purpose of executing this Plea Agreement. Multiple signature pages are authorized for the purpose of executing this Plea Agreement.

DATED: ___9/24/13___

Respectfully submitted,

BY: _____
Yutaka Ohashi
Executive Officer, Group President
Automotive Equipment Group
Mitsubishi Electric Corporation

BY: _____
Kathryn M. Hellings
Jason D. Jones
Ryan J. Danks
Mark G. Grundvig
Paul T. Gallagher

Attorneys
U.S. Department of Justice
Antitrust Division
450 5th Street, N.W.
Washington, D.C.  20530
Tel:  (202) 532-4890

BY: _____
Charles B. Sklarsky
Terrence J. Truax
Gabriel A. Fuentes
Jenner & Block, LLP
353 N. Clark St.
Chicago, IL 60654
(312) 222-9350
Counsel for Mitsubishi Electric Corporation

21