# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | | |
|---|---|---|
| In Re: AUTOMOTIVE PARTS ANTITRUST LITIGATION | : : : : : : : : : : : : : : : : : : : | Master File NO. 12-md-02311<br>Honorable Marianne O. Battani<br><br><br>**DECLARATION OF STEVEN N. WILLIAMS IN SUPPORT OF MOTION OF END-PAYOR PLAINTIFFS, AUTO DEALER PLAINTIFFS, THE STATE OF FLORIDA, AND THE CITY OF RICHMOND TO COORDINATE ALL ACTIONS IN MDL 2311** |
| THIS DOCUMENT RELATES TO:<br><br>All Actions | | |

1

I, Steven N. Williams, declare as follows:

1. I am a partner at Cotchett, Pitre & McCarthy, Interim Co-Lead Counsel for the End-Payor Plaintiffs in the above-entitled cases. I am a member in good standing of the Bar of the Eastern District of Michigan. I have personal knowledge of the facts set forth in this declaration and, if called as a witness, I could and would testify to them. I make this declaration pursuant to 28 U.S.C. § 1746. I submit this Declaration in response to the Defendants' oppositions to the Motion to Coordinate filed by End-Payors, Auto Dealers, the State of Florida, and the City of Richmond ("Moving Plaintiffs").

2. Defendants' opposition briefs accuse Moving Plaintiffs of failing to comply with the Court's Local Rules requiring a pre-motion meet and confer. While the brief filed by the "Instrument Panel Clusters and Fuel Senders Defendants" (doc. 715) admits that a meet and confer session was held, but claims it was not meaningful, the other briefs claim that no meet and confer was held at all. This is not correct.

3. At the last status conference held with the Court on February 12, 2014, the parties discussed with the Court ways to streamline this litigation by seeking agreement that issues previously addressed by the Court in motions to dismiss would not need to be presented again, and that a stipulation might be used to preserve issues for appeal. The Court directed Plaintiffs to work with Defendants on this.

4. Immediately after the hearing, Steve Cherry, counsel for the Denso Defendants, approached Frank Damrell and me and told us that he would be the contact for Defendants to discuss this. Denso is a defendant in

thirteen cases, more than any other Defendant. Mr. Damrell and I believed that it made eminent sense for Mr. Cherry to act in this role.

5. Mr. Damrell and I worked with the other plaintiffs to draft a proposed stipulation to accomplish the goals discussed by the Court, and sent it to Mr. Cherry on behalf of the Defendants on March 26, 2014. Defendants were silent until, after repeated follow up from Plaintiffs, they finally agreed to speak with us on May 7, 2014. The day before, they sent to Plaintiffs their own version of a stipulation which would not have accomplished the goals sought by the Court.

6. Given the lack of any response from Defendants after our proposal was sent on March 26, the failure to make any progress on the issue discussed by the Court and the parties, and the obvious need to establish procedures to coordinate these cases, during a call on May 7, 2014, with Mr. Cherry and his colleague David Donovan, we described to Defendants each of the primary elements of the motion that we intended to file and asked their concurrence. We had this conversation with Mr. Cherry based upon his statements to Frank Damrell and me after the February 12, 2014 status conference in the good faith belief that his firm would act as Liaison Counsel for Defendants concerning the proposed motion. The appropriateness of Mr. Cherry and his firm acting as Liaison Counsel is further supported by the fact that either Mr. Cherry or other attorneys at his firm are signatories to five of the six briefs filed by Defendants in opposition to this coordination motion. See doc. # 708 (Heater Control Panel Defendants); doc. # 715 (Instrument Panel Clusters and Fuel Senders Defendants); doc. # 711 (Bearings & Occupant Safety Systems Defendants); doc. # 712 ("Certain Defendants"); doc. # 714 (Wire Harness Defendants).

7. Since concurrence in the proposed motion was not received, the motion was thereafter filed. Between the time that the motion was filed and the time that the Defendants filed their opposition briefs on May 27, 2014, not one Defendant contacted any counsel for Moving Plaintiffs to suggest or seek to schedule a meet and confer concerning the substance of the motion or to suggest that Moving Plaintiffs had failed to meet and confer. The first time that this assertion was made by Defendants was in their opposition briefs.

8. I submit that Moving Plaintiffs complied with their meet and confer requirement in good faith.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed this 2nd day of June, 2014, in Burlingame, California.

*Steven N. Williams*
Steven N. Williams