# Exhibit A

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

| | | |
|---|---|---|
| In Re: AUTOMOTIVE PARTS ANTITRUST LITIGATION | : : : : : : : : : : : | Master File No. 12-md-02311 Honorable Marianne O. Battani |
| THIS DOCUMENT RELATES TO: All Actions | | |

**<u>DECLARATION OF STEVEN F. CHERRY IN SUR-REPLY TO MOVING PLAINTIFFS' REPLY IN SUPPORT THE MOTION TO COORDINATE ACTIONS IN MDL 2311 AND THE DECLARATION OF STEVEN N. WILLIAMS</u>**

I, Steven F. Cherry, declare as follows:

1.  I am a partner at Wilmer Cutler Pickering Hale and Dorr LLP, and I am Counsel for DENSO Corporation, DENSO International America, Inc., ASMO Co., Ltd., ASMO Greenville of North Carolina, Inc., ASMO North America, LLC, and ASMO Manufacturing, Inc. in the above captioned MDL.  I am a member in good standing of the Bar of the Eastern District of Michigan.  I have personal knowledge of the facts set forth in this Declaration.  I make this Declaration pursuant to 28 U.S.C. § 1746.  I submit this Declaration in support of Defendants' oppositions to the Motion to Coordinate filed by End-Payor Plaintiffs, Auto Dealer Plaintiffs, the State of Florida, and the City of Richmond ("Moving Plaintiffs"), and in response to the Moving Plaintiffs Reply in support of their motion (ECF No. 728) and the accompanying declaration of Steven N. Williams (ECF No. 729).

2.  At the February 12, 2014 hearing, the Court asked the parties to confer about a proposal to preserve issues for appeal and streamline the process for filing motions to dismiss.  (Feb. 12, 2014 Conf. Tr. at 30:6-12.)  Counsel for End-Payor Plaintiffs agreed to coordinate a meet and confer on "this specific issue" within thirty days.  (Id. at 52:10, 53:12-14.)

3.  As a courtesy, I told Counsel for End-Payor Plaintiffs that if they sent Plaintiffs' proposal for preserving issues to my attention, I would pass it on to other Defendants for their consideration.

4.  Approximately six weeks later, on March 26, 2014, Mr. Williams forwarded to me via e-mail a proposal which he said he was sending "pursuant to Judge Battani's direction that we identify ways to … avoid[] duplicative briefing and argument on issues already decided by the Court while preserving all parties' rights to seek appellate review of those issues."  Upon receipt of that proposal, we passed it on to counsel for as many of the 80-plus other

Defendants in the 29 cases as we could identify. Several different counter-proposals were drafted and circulated among Defendants for discussion by mid-April.

5. Mr. Williams' statement that there had been "repeated follow up from Plaintiffs" regarding their proposal is misleading. There had been no follow up at all from Plaintiffs regarding their proposal until May 5, when I received a call from Mr. Williams asking about the response to their March 26 proposal and then an e-mail on May 6 asking if I could speak with him at 3:30 p.m. on May 7, which I agreed to do within minutes of that request.

6. In advance of that call, I sent an e-mail to Mr. Williams with a counter-proposal that I explained various Defendants had been discussing as an alternative to address the Court's request about a possible stipulation to preserve issues for appeal. I specifically stated in my e-mail that I could not represent that all of the Defendants in any given track had signed off on the proposal or that Defendants in all of the later cases had even seen it. I noted that some Defendants had still not been served or entered appearances.

7. At the outset of the May 7, 2014 call, my partner David Donovan and I explained that WilmerHale was not authorized to speak for any Defendant other than our own client, but we were prepared to discuss the proposal we had forwarded and would convey Mr. Williams' comments to the other Defendants.

8. Despite my understanding that the purpose of the call was to discuss our competing proposals to preserve certain issues for appeal, as requested by the Court, Mr. Williams informed me shortly after the call began that Moving Plaintiffs would instead be filing, within two days, a motion to coordinate all the cases in the MDL.

9. Mr. Williams then explained a few elements of the motion. He said that it would provide for the cases to move forward in groups, that parties would be required to meet and confer

and notify the Court before filing motions to dismiss, and that the parties would be required to coordinate to minimize duplication in party depositions and discovery of third parties.

10. Mr. Williams did not mention a number of other key elements ultimately included in the motion filed two days later, including delaying depositions of all Plaintiffs until discovery of all Defendants in all cases was essentially completed, delaying all summary judgment motions and class certification proceedings, and otherwise halting any effort to expeditiously resolve the cases.

11. Mr. Williams had no basis to believe that my firm was acting as "Liaison Counsel for Defendants concerning the proposed motion," as he states in paragraph 6 of his Declaration. Not only did we specifically state at the outset of the call that we were not speaking for anyone other than our own clients, but the "proposed motion" to coordinate all the cases in the MDL that he raised for the first time during the call had nothing to do with the competing proposals to preserve issues for appeal that previously had been exchanged, which was the only matter on which I had offered to pass on to other Defendants any proposal that Plaintiffs wanted to make.

12. I told Mr. Williams that he should discuss the motion he was now proposing for the first time with Defendants before he filed it, and that there might be some items to which Defendants could agree to stipulate. I also asked Mr. Williams to provide a draft copy of the order the Moving Plaintiffs were now proposing before it was filed so that we could share it with the other Defendants for their consideration. I said that we would share the proposed order right away, and get back to Mr. Williams promptly.

13. Mr. Williams said he would not provide a copy in advance. At this point, one of the other attorneys for End Payor Plaintiffs on the call, Mr. Warren Burns, interjected and said

that, if possible, a copy would be provided before the self-imposed Friday deadline. Ultimately, no draft was shared with me, or (to my knowledge) with any other Defendant.

I declare under penalty of perjury under the law of the United States that the foregoing is true and correct. Executed this 3rd day of June, 2014.

*/s/Steven F. Cherry*
Steven F. Cherry
WILMER CUTLER PICKERING HALE
AND DORR LLP
1875 Pennsylvania Avenue, NW
Washington, DC 20006
Telephone: (202) 663-6000
Fax: (202) 663-6363
steven.cherry@wilmerhale.com