# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| IN RE AUTOMOTIVE PARTS ANTITRUST LITIGATION | : Master File No. 12-md-02311 <br> : Honorable Marianne O. Battani |
| ALL PARTS | |
| THIS DOCUMENT RELATES TO: ALL CASES | |

**MOTION TO MODIFY STIPULATED ORDER OF DISCOVERY**

## STATEMENT OF ISSUE PRESENTED

Should the stay of discovery be modified to permit Plaintiffs to serve the limited discovery described below, given that the United States Department of Justice does not object to the modification and the discovery would be helpful to the Court and the Parties?

Should the Court enter an order permitting Plaintiffs to serve discovery in all cases that are presently or become part of this multidistrict litigation calling for the identification by any defendant who has pled guilty to price-fixing component parts of motor vehicles of the motor vehicle Makes, Model Names, Model Numbers, Model Platforms, and Model Years that were subject to or affected by the conduct described in the guilty pleas?

## MOST CONTROLLING AUTHORITY

Local Rule 7.1 (E.D. Mich.)

Fed. R. Civ. Proc. 1

Fed. R. Civ. Proc. 16(c)(2)(L)

## MOTION TO MODIFY STIPULATED ORDER OF DISCOVERY

End-Payor Plaintiffs ("EPPs") move to modify the Stipulated Order of Discovery of December 23, 2013 (ECF No. 664) ("Discovery Stay") as modified by the Court's order of June 25, 2014 (ECF No. 750).

Plaintiffs seek to modify the Discovery Stay to allow them to serve one interrogatory on each defendant who has pled guilty, or agreed to plead guilty, in cases that are or become part of MDL 2311. The proposed modification of the stay would permit Plaintiffs to seek discovery of the vehicle models affected by the collusion or coordination described in these defendants' plea agreements with the United States Department of Justice ("DOJ"). Several defendants have already agreed to provide this information to Plaintiffs. Attached to this motion as **Exhibit 1** is a draft interrogatory concerning affected vehicle models that Plaintiffs seek to serve on guilty-pleading defendants.

Pursuant to Eastern District of Michigan Local Rule 7.1(a), Plaintiffs met and conferred with the following defendants who did not consent to the requested relief:

Bridgestone Corporation
Koito Mfg. Co., Ltd.
Mitsuba Corporation
Mitsubishi Electric Corporation
NSK Ltd.
T.RAD Co., Ltd.
Toyo Tire & Rubber Co., Ltd.
Valeo Japan Co., Ltd.

Yamashita Rubber Co., Ltd.

Despite sending multiple letters seeking to meet and confer, setting up three open conference calls to meet and confer, and sending two e-mail reminders about these conference calls over a month-long period, Plaintiffs were unable to meet and confer with the following defendants on the motion:

Diamond Electric Mfg. Co., Ltd.
Fujikura Ltd.
Furukawa Electric Co.
G.S. Electech, Inc.
JTEKT Corporation
Mitsubishi Heavy Industries, Ltd.
Stanley Electric Co., Ltd.
Takata Corporation

Federal Rule of Civil Procedure 1 mandates that proceedings in federal court shall be just and speedy. The Court is empowered to adopt "special procedures for managing potentially difficult or protracted actions that may involve complex issues, multiple parties, difficult legal questions, or unusual proof problems." Fed. R. Civ. Proc. 16(c)(2)(L). MDL 2311 involves all of these matters.

The Court should grant this motion for the following reasons: *First*, the DOJ, does not object to the request to modify the Discovery Stay. Because the Discovery Stay resulted from DOJ's motion, DOJ's consent to the relief sought by this motion vitiates any objections defendants may have based upon the Discovery Stay.

2

*Second,* the Court, the facilitator, and the parties will benefit from the relief sought in this motion. The number of actions in this multi-district litigation has grown substantially since both the centralization of MDL 2311 in this Court and this Court's ordered protocols for the Initial Cases[1]. This Court has already noted the existence of similar conspiracies with overlapping defendants arising from the same government investigation as well as an overlap of parties and counsel. Specific identification of the affected vehicle model information at issue in the guilty pleas that Plaintiffs seek will substantially assist the Court, the facilitator, and the parties in managing and conducting pre-trial proceedings, particularly how to coordinate party and non-party discovery and class certification in these cases.

*Third,* Plaintiffs will only serve the interrogatory on *guilty-pleading* defendants. The discovery consists solely of identification of vehicle models affected by the admitted collusion or coordination described in their plea agreements. Defendants will not face unreasonable burden or expense in providing this information because they already possess it. Further, several defendants who pled guilty have already agreed to provide affected vehicle model information, even prior to meeting and conferring with Plaintiffs per Local Rule 7.1(a), but other defendants refuse to do so and thus require the filing of this motion.

---

[1] As set forth in the Discovery Stay, the Initial Cases comprise of the Wire Harness Cases (Case No. 2:12-cv-00100), Instrument Panel Clusters Cases (Case No. 2:12-cv-00200), Fuel Senders Cases (Case No. 2:12-cv-00300), Heater Control Panel Cases (Case No. 2:12-cv-00400), and any other case in this District that purports to assert similar claims based on the same products.

WHEREFORE, for these reasons, Plaintiffs respectfully request that this Court grant the motion to modify the Discovery Stay to allow Plaintiffs to serve limited discovery on guilty-pleading defendants regarding identification of vehicle models affected by their collusion or coordination.

Date:  August 21, 2014                     Respectfully submitted,

*/s/ Elizabeth Tran*
Frank C. Damrell
Steven N. Williams
Adam J. Zapala
Elizabeth Tran
**COTCHETT, PITRE & McCARTHY, LLP**
San Francisco Airport Office Center
840 Malcolm Road, Suite 200
Burlingame, CA 94010
Telephone:  (650) 697-6000
Facsimile:  (650) 697-0577
fdamrell@cpmlegal.com
swilliams@cpmlegal.com
azapala@cpmlegal.com
etran@cpmlegal.com

*/s/ Hollis Salzman*
Hollis Salzman
Bernard Persky
William V. Reiss
**ROBINS, KAPLAN, MILLER & CIRESI L.L.P.**
601 Lexington Avenue, Suite 3400
New York, NY 10022
Telephone:  (212) 980-7400
Facsimile:  (212) 980-7499
hsalzman@rkmc.com
bpersky@rkmc.com
wvreiss@rkmc.com

4

/s/ Marc. M. Seltzer
Marc M. Seltzer
Steven G. Sklaver
**SUSMAN GODFREY L.L.P.**
1901 Avenue of the Stars, Suite 950
Los Angeles, CA 90067-6029
Telephone:  (310) 789-3100
Facsimile:  (310) 789-3150
mseltzer@susmangodfrey.com
ssklaver@susmangodfrey.com

Terrell W. Oxford
Warren T. Burns
**SUSMAN GODFREY L.L.P.**
901 Main Street, Suite 5100
Dallas, Texas 75202
Telephone:  (214) 754-1900
Facsimile:  (214)754-1933
toxford@susmangodfrey.com
wburns@susmangodfrey.com

*Interim Co-Lead Class Counsel for the Proposed End-Payor Plaintiffs Classes*

/s/ E. Powell Miller
E. Powell Miller
Adam T. Schnatz
**THE MILLER LAW FIRM, P.C.**
The Miller Law Firm, P.C.
950 W. University Dr., Ste. 300
Rochester, Michigan 48307
epm@millerlawpc.com
ats@millerlawpc.com

*Attorneys for Plaintiffs and Interim Liaison Counsel for the Proposed End-Payor Plaintiffs Classes*

5

## CERTIFICATE OF SERVICE

I, Steven N. Williams, hereby certify that I caused a true and correct copy of the **MOTION TO MODIFY STIPULATED ORDER OF DISCOVERY AND AUTHORIZE LIMITED DISCOVERY** to be served via e-mail upon all registered counsel of record via the Court's CM/ECF system on August 21, 2014.

                                     */s/ Steven N. Williams*
                                     Steven N. Williams