**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

| | |
|---|---|
| IN RE: AUTOMOTIVE PARTS ANTITRUST LITIGATION | Master File No. 12-md-02311 |
| THIS DOCUMENT RELATES TO: | Judge Marianne O. Battani<br>Magistrate Mona K. Majzoub |
| All Actions | |

## ORDER APPOINTING A MASTER

The Court has determined that appointing a Master will facilitate the effective and expeditious coordination and management of discovery related issues in these proceedings.

Accordingly, **IT IS HEREBY ORDERED**, pursuant to Fed. R. Civ. P. 53, that Gene J. Esshaki is appointed as Master. He has filed the affidavit required by Fed. R. Civ. P. 53(b)(3)(A), stating that there are no grounds for disqualification under 28 U.S.C. § 455. The Master shall proceed with all reasonable diligence in fulfilling his powers and duties as set forth below.

### I. MASTER'S POWERS AND DUTIES

A. The Master's powers and duties are limited to those specifically set forth herein. The Court retains sole authority to issue rulings on all matters submitted to it, unless otherwise agreed to by the parties and the Court.

B. This Order shall apply to all cases that are currently part of *In re Automotive Parts Antitrust Litigation* and those cases that become part of *In re Automotive Parts Antitrust Litigation* in the future.

C. The Master shall work with all parties and, as appropriate, non-parties to schedule and coordinate discovery and class certification matters in *In re Automotive Parts Antitrust Litigation*, as well as to assist in the resolution of any discovery disputes that arise in connection with these proceedings. The Master has authority to determine matters in addition to those specified in this order, as referred to him by the Court with the agreement of the parties. The Master has discretion to determine the timing and procedures for resolving scheduling and coordination of discovery and class certification disputes. That discretion shall be generally guided by the Federal Rules of Civil Procedure, the Court's Local Rules, and the case management orders.

D. In the first instance, the parties shall attempt to agree between and among themselves (and as needed, with non-parties) with respect to scheduling and coordination of discovery and other discovery-related issues. If the parties (and non-parties) are unable to agree on their own after a reasonable effort, then the scheduling or discovery dispute will be submitted to the Master, who shall have the power to act as a mediator to aid in resolving such disputes. If, after mediation, the parties (and non-parties) still are unable to reach agreement, or if the Master declares an impasse, the parties (and non-parties) shall present the dispute to the Master for resolution—orally, by letters or e-mail. The Master shall have the power and duty to decide the dispute by issuing an order. The Court retains the authority to decide any objection.

E. The Master shall also have the power and duty to determine pretrial discovery motions. Any discovery matter that includes a filing in excess of 200 pages shall be delivered directly to the Master at 300 River Place, Suite 3000, Detroit, Michigan, 48207-4224. Any discovery filing 200 pages or less may be emailed to

gjesshaki@abbottnicholson.com.  All sealed documents shall be delivered directly to the Master.

F.  In performing the duties described above, the Master shall have the power to require the parties to appear in person or telephonically at one or more conferences, mediation sessions, or hearings.  There is no requirement that any conference or mediation session be stenographically recorded; however, Judge Battani's designated court reporter shall be present at any hearing before the Master.  The court reporter shall make those transcripts available to the Master within 15 days of the hearing.  Any party ordering the transcript shall be charged at the statutory rate.

G.  If the Master becomes aware that a discovery issue may have implications or applicability to cases other than the particular case in which the issue arose or that may have implications or applicability to parties other than the particular parties raising the issue, the Master shall have the discretion to advise other parties of the issue and to permit them to participate, on such terms as the Master may set, in the consideration of the issue and resolution of any dispute.

H.  Absent good cause, the Master shall provide an order for any dispute within 15 business days of a hearing or the completion of briefing in the absence of a hearing. The Master's order should be limited to the issues briefed in the parties' written submissions and/or addressed in their oral arguments.

## II. JUDICIAL REVIEW OF RULINGS BY THE MASTER

A.  After issuing an order, the Master shall reduce the order to writing and file it electronically on the case docket via Electronic Case Filing ("ECF").

B. Pursuant to Fed. R. Civ. P. 53(f)(2), any party may file an objection to any order of the Master with the Court within 21 days of the ECF filing date. Failure to meet this deadline results in waiver of any objection to the Master's order, absent good cause shown. Motions for extensions of time to file objections will be granted only upon a showing of good cause. The Master may, however, provide in his order that the period for filing objections is a period longer or shorter than 21 days if warranted under the circumstances. Responses to objections must be filed within 14 days.

C. The Court shall review all objections to orders issued by the Master as provided in Fed. R. Civ. P. 53(f).

### III. EX PARTE COMMUNICATION

A. The Master may communicate *ex parte* with the parties on purely administrative matters such as availability for hearing dates, or in seeking to mediate a dispute; however, the Master may not communicate *ex parte* with the parties regarding pending matters requiring an order by the Master, unless the parties have consented in writing.

B. The Master may communicate *ex parte* with the Court on purely administrative matters.

### IV. MAINTENANCE OF RECORDS

A. The Master shall treat all documents received in a manner that complies with the Federal Rules of Civil Procedure and the Court's Local Rules and case management orders, including any applicable protective order.

B. The Master shall preserve billing records of time spent on this litigation, and expenses incurred, with reasonably detailed descriptions of the activities worked on and the expenses.

C. The Master shall preserve all documents that he generates or receives during the pendency of this litigation, including, but not limited to, the documents provided by the parties in connection with disputes requiring the Master to issue an order, until such time that the Court grants permission to destroy the documents.

**V. COMPENSATION**

A. In appointing a Master, the Court has considered the fairness of imposing the expenses on the parties and has taken steps to protect against unreasonable expense or delay.  Fed. R. Civ. P. 53(a)(3).

B. The Master shall be paid at his specified hourly rate for work done pursuant to this Order.

C. All payments to the Master for work done in each case in *In re Automotive Parts Antitrust Litigation* pursuant to this Order, shall be allocated as set forth below.

D. The Master's fees shall be divided equally:  one-half shall be allocated equally to the moving party(s), and one-half shall be allocated equally to the responding party(s).

E. The Master shall submit monthly invoices for payment of the Master's fees to the liaison counsel for the plaintiffs and to each defendant consistent with the allocation of fees set forth above, on the tenth day of the month following the month in which the Master has provided services.  All invoices provided by the Master shall itemize and

describe the services provided and the fees connected with those services. A courtesy copy of the billing should be submitted directly to chambers.

F. Payment will be made to the Master by defendants and plaintiffs within 60 days of the submission of the invoices. Any objections to an invoice shall in the first instance be presented to the Master. If the party making the objection and the Master are unable to resolve the issue, within seven days of an impasse being reached the objecting party shall present the objection to the Court for resolution. The objection shall be filed under seal. The portion of the Master's invoice to which no objection has been lodged shall be paid without waiting for the Court's decision.

**IT IS SO ORDERED**.

Date:   August 29, 2014               s/Marianne O. Battani
                                      MARIANNE O. BATTANI
                                      United States District Judge

CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on August 29, 2014.

                                      s/ Kay Doaks
                                      Case Manager

6