UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| IN RE AUTOMOTIVE PARTS ANTITRUST LITIGATION | : Master File No. 12-md-02311<br>: Honorable Marianne O. Battani |
| ALL PARTS | |
| THIS DOCUMENT RELATES TO:<br>ALL ACTIONS | |

**END-PAYOR PLAINTIFFS' OBJECTIONS TO MASTER'S ORDER REGARDING MOTION TO MODIFY STIPULATED ORDER OF DISCOVERY**

By this motion, End-Payor Plaintiffs ("EPPs") seek the identification of vehicle models subject to or affected by the conduct described in the plea agreements of those defendants who have pled guilty to price-fixing and bid-rigging component parts of motor vehicles ("Guilty Pleading Defendants"). The United States Department of Justice ("DOJ") does not object to this limited discovery, and Guilty Pleading Defendants have not identified any burden or expense in providing it. Other than the discovery stay entered pursuant to the request of DOJ, there is no general stay of discovery in these cases. EPPs respectfully request that the Court review the Master's October 8, 2014 order (ECF No. 835) and amend it to require Guilty Pleading Defendants in ***all product cases***

1

to *substantively respond* to EPPs' proposed interrogatory for the benefit of the Court, the Master, all parties, and interested third-parties. Attached to these objections as **Exhibit 1** is the proposed interrogatory concerning affected vehicle models that EPPs seek to serve on Guilty Pleading Defendants.

On August 21, 2014, EPPs moved to modify the Stipulated Order of Discovery of December 23, 2013 (ECF No. 664) ("Discovery Stay") as modified by the Court's order of June 25, 2014 (ECF No. 750). *See* ECF No. 783. EPPs subsequently supplemented this motion (ECF Nos. 780, 790). On September 8, 2014, the Court referred EPPs' motion to the Master for resolution (ECF No. 803). Later that day, certain Guilty Pleading Defendants responded that they took no position on EPPs' request to modify the Discovery Stay. These Defendants stated, however, that an order authorizing service of EPPs' proposed interrogatory in all product cases and requiring Guilty Pleading Defendants in all product cases to respond to the proposed interrogatory would be premature and inappropriate (ECF No. 804).

On October 8, 2014, the Master issued an order allowing EPPs to "serve on those defendants who have pled guilty or agreed to plead guilty an interrogatory seeking the makes, model names, model numbers, model platforms and model years of those motor vehicles for which parts were involved in the conduct described in their guilty pleas . . . in all cases that are part of MDL 2311 *where*

2

*discovery is underway*" (emphasis added). The order also permits ". . . all Defendants [to] ***retain whatever rights they may have to object to the requested discovery*** in their particular cases" (emphasis added) (ECF No. 835). EPPs object to this order per Fed. R. Civ. P. 53(f)(2) and the Court's Order Appointing a Master (ECF No. 792), seeking the Court's review *de novo* of the Master's order pursuant to Fed. R. Civ. P. 53(f).

EPPs believe the limited discovery we seek is proper. Guilty Pleading Defendants have entered into plea agreements for bid-rigging and price-fixing component parts of motor vehicles. The vehicle models subject to or affected by their conduct underlie these plea agreements, which are a matter of public record— Defendant Furukawa Electric Co., Ltd., for example, entered into its plea agreement ***almost three years ago***. To the extent that Guilty Pleading Defendants in particular cases where the Court has not yet decided motions to dismiss wish to object on prematurity grounds, the objection is purely dilatory in nature because there can be no doubt that the Court will uphold the plausibility of EPPs' claims for relief against defendants who have pled guilty or agreed to do so. EPPs therefore object to the Master's order for the following reasons:

*First*, the DOJ does not object to EPPs' request to modify the Discovery Stay. DOJ's consent to this discovery vitiates any objection defendants may have based on the Discovery Stay that resulted from DOJ's motion.

*Second,* Defendants will not face any burden or expense in identifying vehicle models affected by the collusion or coordination described in their plea agreements. Several defendants who pled guilty have already agreed to provide this information to EPPs. By allowing defendants to retain their rights to object to the requested discovery in their particular cases, the Master's order simply enables delay and hinders efficient case management—specifically, the "just, speedy, and inexpensive determination of every action and proceeding" under Fed. R. Civ. P. 1.

*Third*, the benefits of Defendants identifying affected vehicle models are extraordinary. The number of actions in this multi-district litigation has grown substantially since both the centralization of MDL 2311 in this Court and the Court-ordered protocols for the Initial Cases[1], posing challenges to managing pre-trial proceedings. This Court has already noted the existence of similar conspiracies with overlapping defendants arising from the same government investigation as well as an overlap of parties and counsel. The Court, the Master, all parties, and interested third-parties will benefit from defendants specifically identifying the affected vehicle model information at issue in the guilty pleas. This information will substantially assist in structuring pre-trial proceedings,

---

[1] As set forth in the Discovery Stay, the Initial Cases comprise of the Wire Harness Cases (Case No. 2:12-cv-00100), Instrument Panel Clusters Cases (Case No. 2:12-cv-00200), Fuel Senders Cases (Case No. 2:12-cv-00300), Heater Control Panel Cases (Case No. 2:12-cv-00400), and any other case in this District that purports to assert similar claims based on the same products.

4

particularly how to coordinate party and non-party discovery and class certification in these cases.

EPPs respectfully request that the Court consider EPPs' objections to the Master's order. EPPs ask that the Court grant the motion to modify the Discovery Stay to allow EPPs to serve limited discovery on the Guilty Pleading Defendants in all cases that are part of MDL 2311 regarding identification of vehicle models affected by their collusion or coordination *and* requiring Guilty Pleading Defendants in all product cases to substantively respond to the proposed interrogatory.

Date:  October 10, 2014    Respectfully submitted,

*/s/ Steven N. Williams*
Frank C. Damrell
Steven N. Williams
Adam J. Zapala
Elizabeth Tran
**COTCHETT, PITRE & McCARTHY, LLP**
San Francisco Airport Office Center
840 Malcolm Road, Suite 200
Burlingame, CA 94010
Telephone:  (650) 697-6000
Facsimile:  (650) 697-0577
fdamrell@cpmlegal.com
swilliams@cpmlegal.com
azapala@cpmlegal.com
etran@cpmlegal.com

5

*/s/ Hollis Salzman*
Hollis Salzman
Bernard Persky
William V. Reiss
**ROBINS, KAPLAN, MILLER & CIRESI L.L.P.**
601 Lexington Avenue, Suite 3400
New York, NY 10022
Telephone: (212) 980-7400
Facsimile: (212) 980-7499
hsalzman@rkmc.com
bpersky@rkmc.com
wvreiss@rkmc.com

*/s/ Marc. M. Seltzer*
Marc M. Seltzer
Steven G. Sklaver
**SUSMAN GODFREY L.L.P.**
1901 Avenue of the Stars, Suite 950
Los Angeles, CA 90067-6029
Telephone: (310) 789-3100
Facsimile: (310) 789-3150
mseltzer@susmangodfrey.com
ssklaver@susmangodfrey.com

Terrell W. Oxford
Warren T. Burns
**SUSMAN GODFREY L.L.P.**
901 Main Street, Suite 5100
Dallas, Texas 75202
Telephone: (214) 754-1900
Facsimile: (214)754-1933
toxford@susmangodfrey.com
wburns@susmangodfrey.com

*Interim Co-Lead Class Counsel for the Proposed End-Payor Plaintiffs Classes*

6

*/s/ E. Powell Miller*
E. Powell Miller
Adam T. Schnatz
**THE MILLER LAW FIRM, P.C.**
The Miller Law Firm, P.C.
950 W. University Dr., Ste. 300
Rochester, Michigan 48307
epm@millerlawpc.com
ats@millerlawpc.com

*Attorneys for Plaintiffs and Interim Liaison Counsel for the Proposed End-Payor Plaintiffs Classes*

## CERTIFICATE OF SERVICE

I, Steven N. Williams, hereby certify that I caused a true and correct copy of the **END-PAYOR PLAINTIFFS' OBJECTIONS TO MASTER'S ORDER REGARDING MOTION TO MODIFY STIPULATED ORDER OF DISCOVERY** to be served via e-mail upon all registered counsel of record via the Court's CM/ECF system on October 10, 2014.

*/s/ Steven N. Williams*
Steven N. Williams