**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

_____

IN RE: AUTOMOTIVE PARTS
ANTITRUST LITIGATION                    MASTER FILE NO. 12-md-02311

                                        HON. MARIANNE O. BATTANI

_____

THIS DOCUMENT RELATES TO:

ALL ACTIONS
_____/

**ORDER DENYING END-PAYOR PLAINTIFFS' OBJECTIONS TO MASTER'S ORDER REGARDING MOTION TO MODIFY STIPULATED ORDER OF DISCOVERY**

On October 8, 2014, the Master entered Order Re End-Payor Plaintiffs' Motion to Modify Stipulated Order of Discovery (Doc. No. 835). The Order modified the discovery stay, allowing all Plaintiffs in those component part cases where discovery was underway to serve interrogatories regarding "makes, model names, model numbers, model platforms, and model years" of motor vehicles implicated in the guilty pleas. (See Doc. No. 835). Further, under the Order, Defendants retained their rights to object to requested discovery in their particular parts. (Id.)

End-Payor Plaintiffs ("EPPs") seek to expand discovery to all component part cases relative to those Defendants that had pleaded guilty or agreed to do so. In addition, EPPs seek an order requiring guilty-pleading Defendants to "substantively respond" to the interrogatories. (Id.)

Under Fed. R. Civ. P. 53(f)(5), "Unless the appointing order establishes a different standard of review, the court may set aside a master's ruling on a procedural

matter only for an abuse of discretion." The rulings on discovery matters addressed in the October 8, 2014 Order are procedural matters. Thus, the Court reviews the rulings under the abuse of discretion standard, not the de novo review standard advocated by EPPs. See Nippon Steel & Sumitomo Metal Corp. v. Posco, No. CIV.A. 12-2429 SRC, 2014 WL 1266219, at *1 (D.N.J. Mar. 26, 2014).

In this case, the standard is not met. EPPs first argue that discovery is proper even if those component part cases where motions to dismiss have not been filed. According to EPPs, "there can be no doubt that the court will uphold the plausibility of EPPs' claims for relief" against each and every Defendant who has "pleaded guilty or agreed to do so." (Doc. No. 837 at 2). The Court, however, declines to make such assumptions and go further by issuing orders based on those assumptions.

Nor is the Court persuaded that the Master abused his discretion because the Department of Justice does not object to EPPs' proposal. The Department of Justice has weighed in on discovery in the case before this Court because it is concerned with the integrity of its criminal investigation. The matters implicated in the Order do not impact the criminal investigation; the matters implicate the rules of civil procedure and case management of the civil litigation.

Nor is the Court persuaded by EPPs' argument that Defendants will not face any burden or expense in identifying vehicle models affected by the collusion or coordination described in the plea agreements. The burden on the Defendants to produce discovery before they have challenged the viability of the claims against them turns the discovery rules upside down. The mere fact that the benefits to EPPs are deemed "extraordinary" does not create a basis for rejecting the Order. It would be the unusual plaintiff that

would not benefit tremendously from discovery before a viability challenge to the claims or the court's jurisdiction could be instituted.

Accordingly, EPPs' objections are **DENIED.**

**IT IS SO ORDERED.**

Date:   November 4, 2014                           s/Marianne O. Battani
                                                   MARIANNE O. BATTANI
                                                   United States District Judge

CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on November 4, 2014.

                                                   s/ Kay Doaks
                                                   Case Manager