**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | |
|---|---|
| In Re: AUTOMOTIVE PARTS ANTITRUST LITIGATION | Master File No. 12-md-02311 Honorable Marianne O. Battani |
| In re: Wire Harness Cases In re: All Auto Parts Cases | |
| THIS DOCUMENT RELATES TO: All Wire Harness Cases All Auto Parts Cases | 2:12-cv-00100-MOB-MKM 2:12-md-02311-MOB-MKM |

**DEFENDANTS' MOTION FOR CLARIFICATION OF THE COURT'S RULING REGARDING DEPOSITIONS OF PLAINTIFFS IN MULTIPLE AUTO PARTS CASES**

Defendants[1] respectfully submit this Motion for Clarification of the Court's Ruling Regarding Depositions of Plaintiffs In Multiple Auto Parts Cases, and request that the Court enter defendants' [Proposed] Order Prohibiting Multiple Depositions Of The Same End Payor And Automobile Dealer Witnesses In The Automotive Parts MDL ("Proposed Order"). In support of this motion, defendants state as follows:

---

[1] "Defendants" refers to Chiyoda Manufacturing Corporation; Chiyoda USA Corporation; American Furukawa, Inc.; Furukawa Electric Co., Ltd.; DENSO Corporation; DENSO International America, Inc.; Fujikura Automotive America LLC; Fujikura Ltd.; G.S. Electech, Inc.; G.S.W. Manufacturing, Inc.; G.S. Wiring Systems, Inc.; Leoni Wiring Systems, Inc.; Leonische Holding Inc.; Mitsubishi Electric Corporation; Mitsubishi Electric US Holdings, Inc.; Mitsubishi Electric Automotive America, Inc.; Sumitomo Electric Industries, Ltd.; Sumitomo Wiring Systems, Ltd.; Sumitomo Electric Wiring Systems, Inc.; Sumitomo Wiring Systems (U.S.A.) Inc.; Tokai Rika Co., Ltd.; and TRAM, Inc.

1.     During the January 28, 2015 status conference, the Court ruled that no individual plaintiff may be deposed more than once in the auto parts MDL, absent good cause, and instructed the wire harness defendants to coordinate with the defendants in the other auto parts cases regarding end payor and auto dealer depositions.

2.     The auto dealers insist that the Court not only prohibited duplicative depositions of the same *individuals* across the auto parts cases, but that it also ruled that the wire harness defendants (and consequently all defendants in the auto parts MDL) may not take more than a single deposition of any kind of any auto dealer *entity*.

3.     The limits on depositions of corporate plaintiffs was a disputed issue that the parties submitted to Master Esshaki in January, two weeks before the status conference.  The auto dealers proposed that defendants take up to three depositions of each auto dealer plaintiff, subject to a 15-hour limit, and they represented to Master Esshaki that they believed that three depositions of each auto dealer plaintiff was "a fair number of depositions."  Plaintiffs' Memorandum in Support of Their Positions Regarding Disputed Deposition Protocol Provisions at 10, No. 2:12-cv-00100 (Jan. 12, 2015), ECF No. 260, Ex. B.  Defendants proposed up to five Rule 30(b)(1) depositions and up to 21 hours of Rule 30(b)(6) testimony.

4.     Master Esshaki concluded that the auto dealers' proposal did not provide the wire harness defendants with sufficient deposition testimony, but that defendants were requesting too much.  He issued a compromise ruling that defendants may take up to three separate depositions under Rule 30(b)(1) and up to 18 hours of testimony under Rule 30(b)(6) of each auto dealer plaintiff.

5.    The Court did not overrule, or even address, Master Esshaki's ruling during the January 28, 2015 status conference.  Limits on the number of depositions of corporate plaintiffs was not a topic of discussion during the hearing.

6.    Defendants respectfully request that the Court clarify its ruling by entering the Proposed Order.

7.    Pursuant to E.D. Mich. Local Rule 7.1(a), counsel for the wire harness defendants attempted to reach agreement with the auto dealer plaintiffs in advance of this filing, but were unable to do so.

LATHAM & WATKINS LLP

Dated: March 6, 2015

By:   */s/ Marguerite M. Sullivan*
Marguerite M. Sullivan
Kelsey A. McPherson
LATHAM & WATKINS LLP
555 Eleventh Street NW, Suite 1000
Washington, DC 20004
Telephone: (202) 637-2200
Fax: (202) 637-2201
Marguerite.Sullivan@lw.com

Daniel M. Wall
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
Telephone: (415) 395-0600
Fax: (415) 395-8095
dan.wall@lw.com

David D. Cross
CROWELL & MORING LLP
1001 Pennsylvania Avenue, N.W.
Washington, D.C.  20004
Tel:  202-624-2500
Fax:  202-628-5116
dcross@crowell.com

William H. Horton (P31567)
GIARMARCO, MULLINS & HORTON, P.C.
101 West Big Beaver Road, Tenth Floor
Troy, MI 48084-5280
Telephone: 248-457-7060

bhorton@gmhlaw.com

*Attorneys for Defendants Sumitomo Electric Industries, Ltd.; Sumitomo Wiring Systems, Ltd.; Sumitomo Electric Wiring Systems, Inc.; and Sumitomo Wiring Systems (U.S.A.) Inc.*

LANE POWELL PC

By:  /s/Larry S. Gangnes  (w/consent)
Larry S. Gangnes
LANE POWELL PC
1420 Fifth Ave., Suite 4200
P.O. Box 91302
Seattle, WA 98111-9402
Telephone: (206) 223-7000
Facsimile: (206) 223-7107
gangnesl@lanepowell.com

Craig D. Bachman
Kenneth R. Davis II
Darin M. Sands
Tanya Durkee Urbach
Peter D. Hawkes
Masayuki Yamaguchi
LANE POWELL PC
ODS Tower
601 SW Second Ave., Suite 2100
Portland, OR 97204-3158
Telephone: (503) 778-2100
Facsimile: (503) 778-2200
bachmanc@lanepowell.com
davisk@lanepowell.com
sandsd@lanepowell.com
urbacht@lanepowell.com
hawkesp@lanepowell.com
yamaguchim@lanepowell.com

Richard D. Bisio (P30246)
Ronald S. Nixon (P57117)
KEMP KLEIN LAW FIRM
201 W. Big Beaver, Suite 600
Troy, MI 48084
Telephone:  (248) 528-1111
Facsimile:  (248) 528-5129
richard.bisio@kkue.com
ron.nixon@kkue.com

*Attorneys for Defendants Furukawa Electric Co., Ltd.; and American Furukawa, Inc.*

4

WILMER CUTLER PICKERING HALE AND DORR LLP

By:    */s/Steven F. Cherry*  (w/consent)
Steven F. Cherry
David P. Donovan
Brian C. Smith
Kurt G. Kastorf
WILMER CUTLER PICKERING HALE AND DORR LLP
1875 Pennsylvania Avenue, N.W.
Washington, D.C. 20006
Telephone: (202) 663-6000
Fax: (202) 663-6363
steven.cherry@wilmerhale.com
david.donovan@wilmerhale.com
brian.smith@wilmerhale.com
kurt.kastorf@wilmerhale.com

*Attorneys for Defendants DENSO International America, Inc. and DENSO Corporation*

Steven M. Zarowny (P33362)
General Counsel
DENSO International America, Inc.
24777 Denso Drive
Southfield, MI 48033
Telephone: (248) 372-8252
Fax:   (248) 213-2551
steve_zarowny@denso-diam.com

*Attorney for Defendant DENSO International America, Inc.*
ARNOLD & PORTER LLP

By:    */s/James L. Cooper*  (w/consent)
James L. Cooper
Michael A. Rubin
Laura Cofer Taylor
Katherine Clemons
ARNOLD & PORTER LLP
555 Twelfth Street NW
Washington, DC 20004
(202) 942-5000
(202) 942-5999 (facsimile)
james.cooper@aporter.com
michael.rubin@aporter.com
laura.taylor@aporter.com
katherine.clemons@aporter.com

Joanne Geha Swanson (P33594)
Fred Herrmann (P49519)
Matthew L. Powell (P69186)
KERR, RUSSELL AND WEBER, PLC

5

500 Woodward Avenue, Suite 2500
Detroit, MI  48226
(313) 961-0200
(313) 961-0388 (facsimile)
jswanson@kerr-russell.com
fherrmann@kerr-russell.com
mpowell@kerr-russell.com

*Attorneys for Defendants Fujikura Ltd. and
Fujikura Automotive America LLC*

O'MELVENY & MYERS LLP

By:

*/s/Michael F. Tubach*  (w/consent)
Michael F. Tubach
O'MELVENY & MYERS LLP
Two Embarcadero Center, 28th Floor
San Francisco, CA 94111
Telephone: (415) 984-8700
Fax: (415) 984-8701
Mtubach@omm.com

Michael R. Turco (P48705)
BROOKS WILKINS SHARKEY & TURCO PLLC
401 South Old Woodward, Suite 400
Birmingham, MI 48009
Telephone: (248) 971-1713
Fax: (248) 971-1801
turco@bwst-law.com

*Attorneys for Defendants Leoni Wiring Systems, Inc.  and
Leonische Holding Inc.*

BUTZEL LONG

By: */s/David F. DuMouchel* (w/consent)
David F. DuMouchel (P25658)
George B. Donnini (P66793)
BUTZEL LONG
150 West Jefferson, Suite 100
Detroit, MI 48226
Telephone: (313)225-7000
dumouchd@butzel.com
donnini@butzel.com

W. Todd Miller
BAKER & MILLER PLLC
2401 Pennsylvania Ave., NW, Suite 300
Washington, DC 20037
Telephone: (202)663-7820
TMiller@bakerandmiller.com

*Attorneys for Defendants Tokai Rika Co., Ltd. and TRAM, Inc.*

By: PORTER WRIGHT MORRIS & ARTHUR LLP

*/s/ Donald M. Barnes* (w/ consent)
Donald M. Barnes (D.C. Bar No. 0471)
Jay L. Levine (D.C. Bar No. 459345)
John C. Monica (D.C. Bar No. 441218)
Molly S. Crabtree (Ohio Bar No. 0073823)
Jason E. Starling (Ohio Bar No. 0082619)
PORTER, WRIGHT, MORRIS, & ARTHUR, LLP
1900 K Street, NW, Suite 1110
Washington, D.C. 20006
Telephone: (202) 778-3000
Facsimile: (202) 778-3063
dbarnes@porterwright.com
jlevine@porterwright.com
jmonica@porterwright.com
mcrabtree@porterwright.com
jstarling@porterwright.com

*Attorneys for Defendants G.S. Electech, Inc., G.S. Wiring Systems, Inc., and G.S.W. Manufacturing, Inc.*

JENNER & BLOCK LLP

By: */s/ Terrence J. Truax* (w/consent)
Terrence J. Truax
Charles B. Sklarsky

Michael T. Brody
Gabriel A. Fuentes
Daniel T. Fenske
JENNER & BLOCK LLP
353 N. Clark Street
Chicago, IL 60654-3456
ttruax@jenner.com
csklarsky@jenner.com
mbrody@jenner.com
gfuentes@jenner.com
dfenske@jenner.com

Gary K. August
ZAUSMER, KAUFMAN, AUGUST & CALDWELL, P.C.
31700 Middlebelt Road
Suite 150
Farmington Hills, Michigan 48334-2374
Telephone (248) 851-4111
gaugust@zkac.com

*Counsel for Defendants Mitsubishi Electric US Holdings,
Inc., and Mitsubishi Electric Automotive America, Inc.*

K&L GATES LLP

By: */s/Michael E. Martinez* (w/consent)
Michael E. Martinez
Steven M. Kowal
Lauren N. Norris
Lauren B. Salins
K&L GATES LLP
70 W. Madison St.
Suite 3100
Chicago, IL 60602
Telephone: (312) 807-4404
Fax: (312) 827-8116
michael.martinez@klgates.com
steven.kowal@klgates.com
lauren.norris@klgates.com
lauren.salins@klgates.com

William P. Jansen (P36688)
Michael G. Brady (P57331)
Amanda Fielder (P70180)
WARNER NORCROSS & JUDD LLP
2000 Town Center, Suite 2700

8

Southfield, MI 48075-1318
Telephone: (248) 784-5000
wjansen@wnj.com
mbrady@wnj.com
afielder@wnj.com

*Counsel for Defendant Chiyoda USA Corporation*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| In Re: AUTOMOTIVE PARTS ANTITRUST LITIGATION | : : : | Master File No. 12-md-02311 Honorable Marianne O. Battani |
| In Re: Wire Harness Cases In Re: All Auto Parts Cases | : : : | |
| THIS DOCUMENT RELATES TO: All Wire Harness Cases All Auto Parts Cases | : : : : : : : : | 2:12-cv-00100-MOB-MKM 2:12-md-02311-MOB-MKM |

**BRIEF IN SUPPORT OF DEFENDANTS' MOTION FOR CLARIFICATION OF THE COURT'S RULING REGARDING DEPOSITIONS OF PLAINTIFFS IN MULTIPLE AUTO PARTS CASES**

## CONCISE STATEMENT OF THE ISSUES

1.      When the Court instructed the wire harness defendants during the January 28, 2015 status conference to coordinate with defendants in other product cases to prevent duplicative depositions of individual plaintiffs, did the Court also intend to limit defendants in the wire harness case – and in every other auto parts case – to a single deposition (whether under Rule 30(b)(1) or Rule 30(b)(6)) of each auto dealer plaintiff entity?

Answer:  No.

## CONTROLLING OR MOST APPROPRIATE AUTHORITIES

**Cases**

*Brunswick Corp. v. Pueblo Bowl-O-Mat, Inc.*, 429 U.S. 477 (1977)

*Ohio Public Interest Campaign v. Fisher Foods, Inc.*, 546 F. Supp. 1 (N.D. Ohio 1982)

*In re Automotive Parts Antitrust Litigation*, Nos. 2:12-cv-00102, 2:12-cv-00103, 2013 WL 2456612 (E.D. Mich. June 6, 2013)

*In re American Medical Systems., Inc.*, 75 F.3d 1069 (6th Cir. 1996)


**Rules**

Fed. R. Civ. P. 53(f)(2)

Defendants[1] respectfully submit this Motion for Clarification of the Court's Ruling Regarding Depositions of Plaintiffs In Multiple Auto Parts Cases, and request that the Court enter defendants' [Proposed] Order Prohibiting Multiple Depositions Of The Same End Payor And Automobile Dealer Witnesses In The Automotive Parts MDL ("Proposed Order"). Defendants require the Court's guidance to resolve an issue that the auto dealer plaintiffs have raised regarding the meaning of the Court's oral ruling on this subject at the January 28, 2015 status conference.  Without clarification from the Court, the parties cannot finalize the wire harness deposition protocol, and thus cannot begin to take depositions in the wire harness cases.

## I. PRELIMINARY STATEMENT

Prior to the January 28 status conference, Master Esshaki had ruled (after full briefing and oral argument) that defendants were entitled to take three separate Rule 30(b)(1) depositions and 18 hours of Rule 30(b)(6) deposition testimony of each auto dealer entity.  The concern that the Court raised during the conference related to an entirely different issue.  The Court's concern was that defendants in other auto parts cases would depose *individual* witnesses multiple times in multiple product cases, and to address that concern, the Court ruled that individual plaintiffs may only be deposed once in the auto parts MDL.

The auto dealers, however, are attempting to expand the scope of the Court's ruling by taking the position that the Court intended not only to prohibit duplicative depositions of *individual* witnesses across product cases, but that it also ruled that defendants may not take

---

[1] "Defendants" refers to Chiyoda Manufacturing Corporation; Chiyoda USA Corporation; American Furukawa, Inc.; Furukawa Electric Co., Ltd.; DENSO Corporation; DENSO International America, Inc.; Fujikura Automotive America LLC; Fujikura Ltd.; G.S. Electech, Inc.; G.S.W. Manufacturing, Inc.; G.S. Wiring Systems, Inc.; Leoni Wiring Systems, Inc.; Leonische Holding Inc.; Mitsubishi Electric Corporation; Mitsubishi Electric US Holdings, Inc.; Mitsubishi Electric Automotive America, Inc.; Sumitomo Electric Industries, Ltd.; Sumitomo Wiring Systems, Ltd.; Sumitomo Electric Wiring Systems, Inc.; Sumitomo Wiring Systems (U.S.A.) Inc.; Tokai Rika Co., Ltd.; and TRAM, Inc.

more than a single deposition of any auto dealer *entity*, despite that that issue was never before the Court.

The auto dealers' position is inconsistent with Master Esshaki's ruling and contrary to the auto dealers' own representation to Master Esshaki before the January 28 status conference that *three* depositions of each auto dealer plaintiff would be "a fair number of depositions." Plaintiffs' Memorandum in Support of Their Positions Regarding Disputed Deposition Protocol Provisions at 10, No. 2:12-cv-00100 (Jan. 12, 2015), ECF No. 260 ("Pls.' Position Stmt."), Ex. B. Defendants thus request that the Court clarify the scope of its ruling by entering defendants' proposed order prohibiting defendants from taking more than one deposition of individual end payor and auto dealer witnesses in the auto parts MDL, and requiring defendants to cooperate across product cases to accomplish that objective.

## II.     RELEVANT PROCEDURAL HISTORY

### A.     The Parties Negotiated the Wire Harness Deposition Protocol for Nearly A Full Year

More than a year ago, in February 2014, the parties in the wire harness cases began negotiating the terms of a deposition protocol to govern depositions in those cases. The parties worked collaboratively over the course of two months in an effort to resolve as many disputes as possible without burdening the Court. The negotiations stalled in the Spring of 2014, when the auto dealers and end payors filed their Motion to Coordinate all auto parts cases, and the Court responded to that motion, in part, by appointing a Master to assist the parties in addressing discovery-related issues, including the deposition protocol. The parties' negotiations re-started in the Fall of 2014 after the appointment of Master Esshaki, and when the negotiations ended in early January 2015, all but six discrete disputes had been resolved.

**B.     The Parties Sought Master Esshaki's Assistance In Resolving The Disputed Issues**

Pursuant to the Order Appointing a Master, *In re Automotive Parts Antitrust Litig.*, No. 12-md-02311 (E.D. Mich. Aug. 29, 2014), ECF No. 792 ("Special Master Order"), and the Court's instructions at the October 8, 2014 hearing, on January 12, 2015, the parties submitted to the Special Master a joint deposition protocol and position statements that included all of the provisions on which they agreed, and explained the basis for their respective proposals on the provisions that remained in dispute.[2]  Master Esshaki held a telephonic hearing on January 21, 2015, during which he heard oral argument and ruled on each of the disputed provisions.

**C.     The Special Master Specifically Ruled On The Number of Rule 30(b)(1) Depositions and The Length of Time for Rule 30(b)(6) Deposition Testimony That Defendants May Take Of The Auto Dealer Plaintiffs**

One dispute that the parties presented to Master Esshaki for resolution concerned the number of depositions that defendants may take of officers or employees of each of the corporate auto dealer plaintiffs in the wire harness cases.[3]

Defendants proposed that the protocol permit up to five Rule 30(b)(1) depositions and up to 21 hours of Rule 30(b)(6) testimony with respect to each auto dealer plaintiff.  Joint Protocol, Ex. A at 6, 15 (III(A)(4) & V(B)).  Defendants' proposal was based on (1) the breadth of plaintiffs' claims (which cover all cars sold in the United States from 1999 to 2014); (2) the fact

---

[2] Exhibit A of the Joint Statement of Plaintiffs and Defendants Regarding Proposed Deposition Protocol, No. 2:12-cv-00100 (Jan. 12, 2015), ECF No. 259 ("Joint Protocol"), Ex. A (identifying the disputed provisions as Disputes 1 through 6); Pls.' Position Stmt., Ex. B; Defendants' Position Statement Regarding Disputed Provisions Contained in Their Parties' Proposed Deposition Protocol, No. 2:12-cv-00100 (Jan. 12, 2015), ECF No. 261 ("Defs.' Position Stmt."), Ex. C.

[3] The parties agreed that plaintiffs may take up to 15 Rule 30(b)(1) depositions and up to 21 hours of Rule 30(b)(6) testimony of each defendant, and that defendants may take one deposition of each individual end payor plaintiff.  Joint Protocol, Ex. A at Paras. III(A)(1), III(A)(5), and V(A).

that many of the auto dealers are large sophisticated companies with multiple franchises and hundreds of employees, selling different makes of automobiles in different locations; (3) the auto dealer plaintiffs' own identification of 156 individual employees who they claim have information that supports their claims;[4] (4) the fact that defendants require discovery of both the auto dealers' purchases of multiple different makes and models of cars and their sales of those cars to end payors; and (5) the fact that many of the auto dealers likely have separate teams for procurement and sales at each of their franchises, within which different employees likely handle different brands of cars.  Defs.' Position Stmt., Ex. C at 9.

In their competing submission to the Special Master, the auto dealer plaintiffs proposed that defendants could take a maximum of three depositions — two Rule 30(b)(1) depositions and one Rule 30(b)(6) deposition (not to exceed 15 hours total) — of each auto dealer plaintiff.  *The auto dealers told Master Esshaki that they believed that three depositions of each auto dealer was "a fair number of depositions."*  Pls.' Position Stmt., Ex. B at 10 (emphasis added).  Their proposal was reflected in paragraphs III(A)(4) and V(B) of the parties' joint protocol.  Joint Protocol, Ex. A at 6, 15.

Master Esshaki concluded that the auto dealers' proposal did not provide the wire harness defendants with sufficient deposition testimony, but that defendants were asking for too much. He issued a compromise ruling that defendants may take up to three separate Rule 30(b)(1)

---

[4] *See* Automobile Dealers' Rule 26(a)(1)(A) Initial Disclosures, No. 2:12-cv-102 (Aug. 1, 2012); Automobile Dealership Plaintiffs' Supplemental And Amended Rule 26(a)(1)(A) Initial Disclosures, No. 2:12-cv-102 (Mar. 1, 2015).  The parties have not yet submitted an order that reflects this ruling.  Although all other parties had agreed to a draft order within days of the mediation, the auto dealers waited until 10:00 pm the night before the January 28 status conference to propose edits.  Following the status conference, the parties agreed to incorporate Master Esshaki's rulings and this Court's January 28 ruling directly into the deposition protocol in the hopes of submitting a completed deposition protocol for the Court's entry.

depositions and up to 18 hours of Rule 30(b)(6) deposition testimony of each auto dealer plaintiff in the wire harness cases.

### D. Unrelated To The Limits On Depositions In The Wire Harness Cases, The Parties Also Presented Separate Proposals To Address Plaintiffs' Concerns About Repetitive Depositions Of The Same Individuals In Other Auto Parts Cases

The parties also disagreed with respect to language in the deposition protocol that was intended to limit duplicative depositions across product cases. Defendants committed to using their "best efforts" to coordinate with the defendants in those other cases to avoid repetitive depositions of the same witnesses, and the direct purchasers agreed with defendants' proposal. Defs.' Position Stmt., Ex. C at 2-3. However, the end payor and auto dealer plaintiffs wanted more certainty. The end payor plaintiffs proposed that no individual end payor plaintiff (*i.e.* a person who purchased an automobile for his or her own use) should be deposed more than once in the auto parts MDL, absent good cause. Pls.' Position Stmt., Ex. B at 5. The auto dealers proposed their own language to prohibit duplication across auto parts cases, but that language explicitly was intended to be "*consistent with the total depositions and hours permitted by paragraphs III(A)(4) and V(B)*." Joint Protocol, Ex. A at 13. As noted above, auto dealers envisioned in those paragraphs that defendants would depose multiple witnesses from each auto dealer.

In the position statement that the auto dealers submitted to Master Esshaki, the auto dealers argued that each auto dealer plaintiff "should not be subject to more than one *set of depositions*." Pls.' Position Stmt., Ex. B at 3. Thus, although keen to avoid duplicative depositions of the same individual witnesses, the auto dealers recognized that defendants would need more than a single deposition of each auto dealer entity to properly defend the case, and

never even argued to Master Esshaki that defendants should be limited to a single deposition of each auto dealer plaintiff.

> ### E. The Court's January 28 Ruling Addressed Plaintiffs' And The Court's Concern About Duplicative Depositions Of Individual Witnesses In Multiple Auto Parts Cases, *Not* The Number Of Depositions That Defendants May Take Of Any Corporate Entity

The concern about duplicative depositions in multiple auto parts cases first arose during the October 8, 2014 status conference, when counsel for the end payor plaintiffs argued that the end payors "should not be subject to being deposed in wire harness and then again in the next case." Oct. 8, 2014 Hearing Transcript ("Oct. 8 Hr'g Tr."), Ex. D at 84:1-3. Mr. Williams explained, "if we produce our plaintiffs for deposition once now during the wire harness discovery, we don't want somebody on the sidelines to come back in a year and say… we want that person again to ask them all of the same questions." *Id.* at 84:9-13. The auto dealers "strongly agree[d] with the end payors about the issue of repeated depositions." *Id.* at 86:7-8. They emphasized that they believed that it would be abusive to make the auto dealer plaintiffs appear repeatedly "over and over and over 29 times" in the different parts cases. *Id.* at 86:9-10. The Court assured the auto dealers that they did not need to worry, and that "[t]he effort will be to not duplicate discovery." *Id.* at 86:13-14. *There was no discussion at all during the status conference about the number of depositions that defendants may take of any auto dealer entity.*

The Court raised the issue of duplicative depositions of the same witness again at the January 28, 2015 status conference, framing the issue as follows: "I was thinking about the depositions for the individual plaintiffs in all of the auto parts. I have been thinking about the issue, do you take a deposition of each plaintiff *in each part*?" Jan. 28, 2014 Hearing Transcript ("Jan. 28, 2015 Hr'g Tr."), Ex. E at 24:2-5 (emphasis added). After proposing numerous ways in which the defendants in the different product cases can coordinate with each other to ensure that

all defendants have an opportunity to examine the same witnesses, the Court concluded, "*I am not going to allow the depositions to go forward on the one part*, I'm simply not going to do that. You will have to get together and there is some urgency here because wire harness does need to proceed, but *you are going to have to do these depositions on behalf of all of the defendants*." *Id.* at 32:23-33:3 (emphasis added).  Consistent with that ruling, the Court instructed the wire harness defendants to coordinate with the other defendants in later-filed cases on end payor and auto dealer depositions.  *Again, there was no discussion at all of the number of depositions that defendants may take of any auto dealer plaintiff.*

> **F.** **The Auto Dealers' Attempt To Use The Court's Statements To Circumvent Master Esshaki's Other Ruling Is Preventing The Parties From Finalizing The Wire Harness Deposition Protocol**

Following the status conference, the wire harness defendants made minor revisions to the wire harness deposition protocol and prepared a separate order applicable to the entire auto parts MDL to memorialize the Court's ruling.  *See* Ex. A.  The wire harness defendants are prepared to proceed with depositions consistent with the order, and they already have begun to coordinate with the defendants in the other cases, as the Court instructed.

But the parties have been unable to reach agreement on the order.  Specifically, the auto dealers are now taking the position that the Court not only prohibited multiple depositions of the same witnesses in different product cases, but that, without explicitly saying so (or giving the parties an opportunity to be heard on the subject), the Court somehow overruled Master Esshaki's decision that defendants in the wire harness cases may take up to three Rule 30(b)(1) depositions and up to 18 hours of Rule 30(b)(6) deposition testimony of each auto dealer plaintiff.  Auto dealers assert that the Court restricted all defendants in all auto parts cases to a single deposition of each auto dealer entity.

Because the deposition protocol currently contains provisions that are consistent with Master Esshaki's ruling, and inconsistent with the auto dealers' new position, the parties cannot finalize and file the deposition protocol without clarification from the Court.

## III. ARGUMENT

### A. The Court's Comments During The January 28 Status Conference Were Unrelated To, And Should Have No Impact On, Master Esshaki's Decision Regarding The Number of Depositions That Defendants May Take Of Auto Dealer Entities In The Wire Harness Cases

The Court made clear at the January 28 status conference that it was addressing the need to avoid duplicative and repetitive depositions of *individuals* that are plaintiffs in multiple auto parts cases. The Court framed the issue as: "do you take a deposition of each plaintiff *in each part*?" Jan. 28 Hr'g Tr., Ex. E at 24:2-5 (emphasis added). The discussion that followed focused on that question, and that question alone. The wire harness defendants explained that they were committed to using their best efforts to coordinate with defendants in later-filed cases to reduce the need for duplicative depositions in those cases, but that defendants were concerned that an order precluding defendants in other cases from taking their own depositions would complicate the depositions in the wire harness cases and cause delay. *Id.* at 28:5-14. Counsel for defendants in the heater control panel case and the fuel injection systems case explained that defendants in other product cases (some of which plaintiffs have recently added) may not be in a position yet to know the questions that they would like to ask witnesses that are deposed in the wire harness cases. *Id.* at 28:19-30:4. And counsel for end payors responded to all of those arguments by assuring the Court that the end payors will do everything possible to avoid duplication without causing delay. *Id.* at 30:8-10, 19-22.

At no point during the January 28 conference did any party raise with the Court the number of depositions that defendants may take of the auto dealer entity plaintiffs in the wire

8

harness cases.  That is an entirely separate issue that had been the subject of many months of negotiations, briefing, oral argument, and a ruling by Master Esshaki.  If anyone, including the auto dealers themselves, had believed that the issue was still on the table (or better yet, actually being addressed) during the hearing, the discussion would have been completely different.

Defendants would not have focused on the impact of other defendants' involvement in their depositions, or delays caused by the need to coordinate with defendants in later-filed cases. Instead, they would have cited all of the reasons why defendants need the flexibility to take the depositions that Master Esshaki has allotted to them.  They would have argued vehemently that a single seven-hour deposition of an enterprise that has been in business for twenty years, has numerous franchises and hundreds of employees in multiple locations purchasing and selling various makes and models of automobiles from different OEMs, and claims millions of dollars in damages would be woefully insufficient.  And they would have pointed to the auto dealers' own admission that multiple depositions were necessary and fair.  Defendants did not make those arguments because the topic was never broached at the status conference.  It is difficult to fathom that, after having reviewed the transcript of the conference, the auto dealers genuinely believe that it was even discussed, let alone ruled upon.

There also is no basis to interpret the Court's ruling as having *implicitly* altered Master Esshaki's decision.  The two rulings are complimentary, not inconsistent with one another.  As currently proposed, pursuant to Master Esshaki's ruling, Paragraphs III(A)(4) and V(B) of the deposition protocol allow defendants to take up to three Rule 30(b)(1) depositions and up to 18 hours of Rule 30(b)(6) corporate testimony from each auto dealer.  Defendants' Proposed Order requires the wire harness defendants to coordinate with the defendants in the other product cases before taking any of those depositions, and it prohibits the other defendants from taking

additional depositions of those same witnesses, absent good cause. *See* Proposed Order. Thus, the orders work together to provide the essential discovery that defendants need (consistent with Master Esshaki's ruling and the auto dealers' own admission as to the need for multiple depositions) while ensuring (absent a showing of good cause) that no individual witness will appear for a deposition more than once in the auto parts MDL.

**B.     The Court Should Clarify The Scope of Its Ruling By Entering Defendants' Proposed Order**

More than a full year after negotiations began, the parties in the wire harness cases remain stalled without a deposition protocol to govern the next critical stage of discovery. The parties have worked collaboratively, despite repeated delays, and are very close to submitting a protocol for the Court to enter. The *only* key issue that remains in dispute is the scope of the Court's January 28 ruling, and whether it altered the limits on auto dealer depositions that Master Esshaki had previously imposed in the wire harness cases.

To keep these cases on track and enable depositions to proceed without further delay, defendants respectfully request that the Court clarify its January 28 ruling by entering defendants' Proposed Order. The order (a) states that no end payor or auto dealer witness may be deposed more than once in the auto parts MDL, absent a showing of good cause; (b) requires parties to serve notices of depositions of end payor and auto dealer witnesses on all parties to the auto parts MDL; (c) requires end payors and auto dealers to produce the discovery that they have produced in the wire harness cases to all defendants in all cases to enable those defendants to participate in plaintiff depositions; and (d) requires defendants in all cases to coordinate with each other regarding the questions to be asked at each end payor and auto dealer deposition. *See*

Proposed Order.[5]  It addresses the concerns that the Court raised on January 28 and requires the parties to work together to accomplish the Court's objectives.  Defendants believe that the order is precisely what the Court had in mind, and respectfully request that the Court enter it.

**C.      To The Extent That The Court Intended To Limit Defendants In All Auto Parts Cases To A Single Deposition of Each Auto Dealer Entity, Defendants Request An Opportunity For Full Briefing And Oral Argument On That Issue (As Section II Of The Special Master's Order Provides)**

The Order Appointing a Master that the Court entered on August 29, 2014 requires parties to submit discovery disputes to the Special Master for resolution.  Special Master Order at 2.  If the Special Master is unable to resolve a dispute through mediation, the "Master shall have the power and duty to decide the dispute by issuing an order."  *Id.* at 2.  A party that objects to an order of the Special Master must file its objection with the Court pursuant to Fed. R. Civ. P. 53(f)(2) (*id.* at 4 (II.B)), and the Court will only set aside the Master's ruling "for an abuse of discretion."   Order Denying End-Payor Plaintiffs' Objections to Master's Order Regarding Motion to Modify Stipulated Protective Order of Discovery at 1-2, No. 12-md-02311, ECF No. 854.  The auto dealers have not followed this procedure to challenge the Master's ruling on the number and hours of depositions permitted from auto dealers.

Nevertheless, if the Court in fact intended to overrule Master Esshaki's ruling and limit defendants to a single deposition of each corporate auto dealer plaintiff, defendants respectfully request an opportunity for full briefing and oral argument on this issue.  At a minimum, the Court should require the auto dealer plaintiffs to follow the procedure that the Special Master

---

[5] The Proposed Order also includes a paragraph that allows a party to depose as a fact witness under Rule 30(b)(1) or Rule 45 an individual who was previously deposed, or will be deposed, as a corporate representative of a party under Rule 30(b)(6).  The parties in the wire harness cases agreed to this provision during their negotiations regarding the deposition protocol.

Order requires and formally object to Master Esshaki's ruling under Fed. R. Civ. P. 53(f)(2) so that the issue can be properly presented to the Court for consideration.

To preview defendants' arguments (but not as a substitute for full briefing), the auto dealer depositions are critical to this case. The testimony that the dealers provide will be essential to determining whether any of the auto dealers or end payors can establish the elements of their Section 1 claims. As this Court recognized in its ruling denying defendants' motions to dismiss, to establish liability, plaintiffs must prove not only that there was an illegal conspiracy as to each wire harness product, but also that they suffered injury to their business or property caused by that conspiracy. *Brunswick Corp. v. Pueblo Bowl-O-Mat, Inc*., 429 U.S. 477, 488-89 (1977); *See also Ohio Pub. Interest Campaign v. Fisher Foods, Inc*., 546 F. Supp. 1, 7 (N.D. Ohio 1982) ("[E]ach plaintiff seeking to recover damages due to an alleged price-fixing conspiracy must show with certainty that he made purchases of a price-fixed product at a price raised by reason of the illegal agreement above the competitive level that otherwise would have prevailed."). Because the auto dealers and end payors are indirect purchasers, those plaintiffs must prove that every reseller in the distribution chain above them passed on some or all of the defendants' alleged overcharges, such that each plaintiff in fact paid more than he or she otherwise would have paid for the cars that he or she purchased. *See In re Automotive Parts Antitrust Litig*., Nos. 2:12-cv-00102, 2:12-cv-00103, 2013 WL 2456612, at *8 (E.D. Mich. June 6, 2013). Since the auto dealers are in the middle of the distribution chain, both their purchases and their sales are central to this case.

To certify either of their classes, the auto dealers and end payors also will need to establish that they can prove with common evidence that all of their class members were impacted. If they fail to do so, they will not survive the "rigorous analysis" that this Court must

conduct before it can certify either class under Rule 23.  *In re Am. Med. Sys., Inc.*, 75 F.3d 1069, 1078-79 (6th Cir. 1996).  The processes that each auto dealer plaintiff employed at various points throughout the alleged 15-year class period at each of its various franchises to acquire and sell each automobile, and the extent to which purchase and sale prices varied based on market demands, geographic location, year, dealer size, car brand and model (including trim level and model year), negotiating styles, customers' wants and needs, discounts, special rates and incentives, financing, warranties, or other factors, are essential facts in this case.  They cannot be obtained in a single seven-hour deposition of an auto dealer.  Many or most of these auto dealers are large and sophisticated corporate entities,[6] have identified many witnesses who have relevant information,[7] and have produced very little, if any written discovery.  And all auto dealers are resisting defendants' efforts to obtain related discovery from third party sources.  Multiple depositions of auto dealers will be required in fairness to obtain the necessary information, as auto dealers conceded in their submissions to the Master.  Pls.' Position Stmt., Ex. B at 10.

## IV.    CONCLUSION

For the reasons stated above, defendants respectfully request that the Court clarify its January 28, 2015 ruling by entering Defendants' Proposed Order Prohibiting Multiple Depositions Of The Same End Payor And Automobile Dealer Witnesses In The Automotive Parts MDL so that the parties may finalize the deposition protocol in the wire harness cases and proceed with deposition discovery

---

[6] For example, auto dealer plaintiff Commonwealth Motors sells cars manufactured by GM, Nissan, Honda, Kia, and Volkswagen and employees more than 300 people.  *See* Press Release, Commonwealth Motors, *Commonwealth Motors 20 Years of Sales, Community Services in Lawrence, MA* (Oct. 24, 2014), *available at* http://www.pr.com/press-release/588653.

[7] Twenty-one dealers each identified between four and 17 individuals who have information that is relevant to their claims.  Automobile Dealers' Rule 26(a)(1)(A) Initial Disclosures, No. 2:12-cv-102 (Aug. 1, 2012).

13

LATHAM & WATKINS LLP

Dated: March 6, 2015

By:   */s/ Marguerite M. Sullivan*
Marguerite M. Sullivan
Kelsey A. McPherson
LATHAM & WATKINS LLP
555 Eleventh Street NW, Suite 1000
Washington, DC 20004
Telephone: (202) 637-2200
Fax: (202) 637-2201
Marguerite.Sullivan@lw.com

Daniel M. Wall
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
Telephone: (415) 395-0600
Fax: (415) 395-8095
dan.wall@lw.com

David D. Cross
CROWELL & MORING LLP
1001 Pennsylvania Avenue, N.W.
Washington, D.C.  20004
Tel:  202-624-2500
Fax:  202-628-5116
dcross@crowell.com

William H. Horton (P31567)
GIARMARCO, MULLINS & HORTON, P.C.
101 West Big Beaver Road, Tenth Floor
Troy, MI 48084-5280
Telephone: 248-457-7060
bhorton@gmhlaw.com

*Attorneys for Defendants Sumitomo Electric Industries,
Ltd.; Sumitomo Wiring Systems, Ltd.; Sumitomo Electric
Wiring Systems, Inc.; and Sumitomo Wiring Systems
(U.S.A.) Inc.*

LANE POWELL PC

By:   */s/Larry S. Gangnes*  (w/consent)
Larry S. Gangnes
LANE POWELL PC
1420 Fifth Ave., Suite 4200
P.O. Box 91302
Seattle, WA 98111-9402

Telephone: (206) 223-7000
Facsimile: (206) 223-7107
gangnesl@lanepowell.com


Craig D. Bachman
Kenneth R. Davis II
Darin M. Sands
Tanya Durkee Urbach
Peter D. Hawkes
Masayuki Yamaguchi
LANE POWELL PC
ODS Tower
601 SW Second Ave., Suite 2100
Portland, OR 97204-3158
Telephone: (503) 778-2100
Facsimile: (503) 778-2200
bachmanc@lanepowell.com
davisk@lanepowell.com
sandsd@lanepowell.com
urbacht@lanepowell.com
hawkesp@lanepowell.com
yamaguchim@lanepowell.com


Richard D. Bisio (P30246)
Ronald S. Nixon (P57117)
KEMP KLEIN LAW FIRM
201 W. Big Beaver, Suite 600
Troy, MI 48084
Telephone:  (248) 528-1111
Facsimile:  (248) 528-5129
richard.bisio@kkue.com
ron.nixon@kkue.com

*Attorneys for Defendants Furukawa Electric Co., Ltd.; and
American Furukawa, Inc.*

15

WILMER CUTLER PICKERING HALE AND DORR LLP

By:

*/s/Steven F. Cherry*  (w/consent)
Steven F. Cherry
David P. Donovan
Brian C. Smith
Kurt G. Kastorf
WILMER CUTLER PICKERING HALE AND DORR LLP
1875 Pennsylvania Avenue, N.W.
Washington, D.C. 20006
Telephone: (202) 663-6000
Fax: (202) 663-6363
steven.cherry@wilmerhale.com
david.donovan@wilmerhale.com
brian.smith@wilmerhale.com
kurt.kastorf@wilmerhale.com

*Attorneys for Defendants DENSO International America, Inc. and DENSO Corporation*

Steven M. Zarowny (P33362)
General Counsel
DENSO International America, Inc.
24777 Denso Drive
Southfield, MI 48033
Telephone: (248) 372-8252
Fax:   (248) 213-2551
steve_zarowny@denso-diam.com

*Attorney for Defendant DENSO International America, Inc.*

ARNOLD & PORTER LLP

By:   */s/James L. Cooper*  (w/consent)
James L. Cooper
Michael A. Rubin
Laura Cofer Taylor
Katherine Clemons
ARNOLD & PORTER LLP
555 Twelfth Street NW
Washington, DC 20004
(202) 942-5000
(202) 942-5999 (facsimile)
james.cooper@aporter.com
michael.rubin@aporter.com
laura.taylor@aporter.com
katherine.clemons@aporter.com

Joanne Geha Swanson (P33594)
Fred Herrmann (P49519)
Matthew L. Powell (P69186)
KERR, RUSSELL AND WEBER, PLC
500 Woodward Avenue, Suite 2500
Detroit, MI 48226
(313) 961-0200
(313) 961-0388 (facsimile)
jswanson@kerr-russell.com
fherrmann@kerr-russell.com
mpowell@kerr-russell.com

*Attorneys for Defendants Fujikura Ltd. and
Fujikura Automotive America LLC*

O'MELVENY & MYERS LLP

By:

*/s/Michael F. Tubach*  (w/consent)
Michael F. Tubach
O'MELVENY & MYERS LLP
Two Embarcadero Center, 28th Floor
San Francisco, CA 94111
Telephone: (415) 984-8700
Fax: (415) 984-8701
Mtubach@omm.com

Michael R. Turco (P48705)
BROOKS WILKINS SHARKEY & TURCO PLLC
401 South Old Woodward, Suite 400
Birmingham, MI 48009
Telephone: (248) 971-1713
Fax: (248) 971-1801
turco@bwst-law.com

*Attorneys for Defendants Leoni Wiring Systems, Inc. and
Leonische Holding Inc.*

BUTZEL LONG

*/s/David F. DuMouchel*  (w/consent)
By:   David F. DuMouchel (P25658)
George B. Donnini (P66793)
BUTZEL LONG
150 West Jefferson, Suite 100
Detroit, MI 48226
Telephone: (313)225-7000
dumouchd@butzel.com
donnini@butzel.com

W. Todd Miller
BAKER & MILLER PLLC
2401 Pennsylvania Ave., NW, Suite 300
Washington, DC 20037
Telephone: (202)663-7820
TMiller@bakerandmiller.com

*Attorneys for Defendants Tokai Rika Co., Ltd. and  TRAM, Inc.*

PORTER WRIGHT MORRIS & ARTHUR LLP

*/s/ Donald M. Barnes*  (w/ consent)
By:   Donald M. Barnes (D.C. Bar No. 0471)
Jay L. Levine (D.C. Bar No. 459345)
John C. Monica (D.C. Bar No. 441218)
Molly S. Crabtree (Ohio Bar No. 0073823)
Jason E. Starling (Ohio Bar No. 0082619)
PORTER, WRIGHT, MORRIS, & ARTHUR, LLP
1900 K Street, NW, Suite 1110
Washington, D.C.  20006
Telephone:  (202) 778-3000
Facsimile:  (202) 778-3063
dbarnes@porterwright.com
jlevine@porterwright.com
jmonica@porterwright.com
mcrabtree@porterwright.com
jstarling@porterwright.com

*Attorneys for Defendants G.S. Electech, Inc., G.S. Wiring Systems, Inc., and G.S.W. Manufacturing, Inc.*

JENNER & BLOCK LLP

By:   */s/ Terrence J. Truax* (w/consent)
Terrence J. Truax
Charles B. Sklarsky
Michael T. Brody
Gabriel A. Fuentes
Daniel T. Fenske
JENNER & BLOCK LLP
353 N. Clark Street
Chicago, IL 60654-3456
ttruax@jenner.com
csklarsky@jenner.com
mbrody@jenner.com
gfuentes@jenner.com
dfenske@jenner.com

Gary K. August
ZAUSMER, KAUFMAN, AUGUST & CALDWELL, P.C.
31700 Middlebelt Road
Suite 150
Farmington Hills, Michigan 48334-2374
Telephone (248) 851-4111
gaugust@zkac.com

*Counsel for Defendants Mitsubishi Electric US Holdings, Inc., and Mitsubishi Electric Automotive America, Inc.*

K&L GATES LLP

By:   */s/Michael E. Martinez* (w/consent)
Michael E. Martinez
Steven M. Kowal
Lauren N. Norris
Lauren B. Salins
K&L GATES LLP
70 W. Madison St.
Suite 3100
Chicago, IL 60602
Telephone: (312) 807-4404
Fax: (312) 827-8116
michael.martinez@klgates.com
steven.kowal@klgates.com
lauren.norris@klgates.com
lauren.salins@klgates.com

William P. Jansen (P36688)

Michael G. Brady (P57331)
Amanda Fielder (P70180)
WARNER NORCROSS & JUDD LLP
2000 Town Center, Suite 2700
Southfield, MI 48075-1318
Telephone: (248) 784-5000
wjansen@wnj.com
mbrady@wnj.com
afielder@wnj.com

*Counsel for Defendant Chiyoda USA Corporation*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 6, 2015, I caused the foregoing Defendants' Motion For Clarification Of The Court's Ruling Regarding Depositions Of Plaintiffs In Multiple Auto Parts Cases and Defendants' Brief In Support Thereof to be electronically filed with the Clerk of the Court using the CM/ECF system and I have provided all other parties a copy of the proposed order by e-mail.

By:  */s/ Marguerite M. Sullivan*
Marguerite M. Sullivan
LATHAM & WATKINS LLP
555 Eleventh Street NW, Suite 1000
Washington, DC 20004
+1.202.637.2200
maggy.sullivan@lw.com