# Exhibit A

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | |
|---|---|
| In Re: AUTOMOTIVE PARTS ANTITRUST LITIGATION | Master File No. 12-md-02311 Honorable Marianne O. Battani |
| In Re: Wire Harness Cases | |
| THIS DOCUMENT RELATES TO: All Wire Harness Cases | 2:12-cv-00100-MOB-MKM |

**JOINT STATEMENT OF PLAINTIFFS AND DEFENDANTS REGARDING**
**PROPOSED DEPOSITION PROTOCOL**

The Direct Purchaser Plaintiffs, Automobile Dealer Plaintiffs, End-Payor Plaintiffs, and Ford Motor Co. (collectively "Plaintiffs") and Defendants[1] (referred to collectively with the Plaintiffs as "Parties") submit this joint statement regarding the Deposition Protocol ("Protocol") that the Court ordered the Parties to submit to the Special Master during the October 8, 2014 status conference. The Parties met and conferred regarding the Protocol over a five month period. Although the Parties reached agreement on most provisions and significantly narrowed

---

[1] "Defendants" refers to American Furukawa, Inc.; Furukawa Electric Co., Ltd.; DENSO Corporation; DENSO International America, Inc.; Fujikura Automotive America LLC; Fujikura Ltd.; G.S. Electech, Inc.; G.S.W. Manufacturing, Inc.; G.S. Wiring Systems, Inc.; Leoni Wiring Systems, Inc.; Leonische Holding Inc.; Sumitomo Electric Industries, Ltd.; Sumitomo Wiring Systems, Ltd.; Sumitomo Electric Wiring Systems, Inc.; K&S Wiring Systems, Inc.; Sumitomo Wiring Systems (U.S.A.) Inc.; Tokai Rika Co., Ltd.; TRAM, Inc.; Yazaki Corporation; and Yazaki North America, Inc. "Defendants" does not include the recently named defendants Chiyoda Manufacturing Corporation, Chiyoda USA Corporation, Mitsubishi Electric Corporation, Mitsubishi Electric US Holdings, Inc., and Mitsubishi Electric Automotive America, Inc. as the Court has not yet ruled on the viability of plaintiffs' claims against those defendants.

those in dispute, they were unable to reach agreement on six provisions. The Parties submit the

attached Stipulation and [Proposed] Order Regarding Deposition Protocol (Exhibit A), which

identifies the provisions on which the Parties are not in agreement. The Parties agreed to submit

separate memoranda to provide succinct position statements regarding their respective proposals

on those disputed provisions. The Parties look forward to further addressing those provisions

and responding to any questions the Special Master may have during a mediation at the Special

Master's convenience.

<table>
<tr><td></td><td></td><td>LATHAM & WATKINS LLP</td></tr>
<tr><td>January 12, 2015</td><td>By:</td><td>/s/ Marguerite M. Sullivan (w/ consent)<br>Marguerite M. Sullivan<br>LATHAM & WATKINS LLP<br>555 Eleventh Street NW, Suite 1000<br>Washington, DC 20004<br>Telephone: (202) 637-2200<br>Fax: (202) 637-2201<br>Marguerite.Sullivan@lw.com</td></tr>
</table>

Daniel M. Wall
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
Telephone: (415) 395-0600
Fax: (415) 395-8095
dan.wall@lw.com

David D. Cross
CROWELL & MORING LLP
1001 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Tel: 202-624-2500
Fax: 202-628-5116
dcross@crowell.com

William H. Horton (P31567)
GIARMARCO, MULLINS & HORTON, P.C.
101 West Big Beaver Road, Tenth Floor
Troy, MI 48084-5280
Telephone: 248-457-7060
bhorton@gmhlaw.com

*Attorneys for Defendants Sumitomo Electric Industries, Ltd.; Sumitomo Wiring Systems, Ltd.; Sumitomo Electric Wiring Systems, Inc.; K&S Wiring Systems, Inc.; and Sumitomo Wiring Systems (U.S.A.) Inc.*

JONES DAY

January 12, 2015     By:

*/s/ John M. Majoras* (w/ consent)
John M. Majoras
Carmen G. McLean
Kristen Lejnieks
Tiffany Lipscomb-Jackson
JONES DAY
51 Louisiana Ave. N.W.
Washington, D.C. 20001-2113
(202) 879-3939
(202) 626-1700 (facsimile)
jmmajoras@jonesday.com
cgmclean@jonesday.com
Michelle K. Fischer
Stephen J. Squeri
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, OH 44114
(216) 586-3939
(216) 579-0212 (facsimile)
mfischer@jonesday.com
sjsqueri@jonesday.com

*Attorneys for Defendants Yazaki Corporation and Yazaki North America, Inc.*

LANE POWELL PC

January 12, 2015     By:

*/s/Larry S. Gangnes* (w/consent)
Larry S. Gangnes
LANE POWELL PC
1420 Fifth Ave., Suite 4200
P.O. Box 91302
Seattle, WA 98111-9402
Telephone: (206) 223-7000
Facsimile: (206) 223-7107
gangnesl@lanepowell.com

Craig D. Bachman
Kenneth R. Davis II
Darin M. Sands
Tanya Durkee Urbach

3

Peter D. Hawkes
Masayuki Yamaguchi
LANE POWELL PC
ODS Tower
601 SW Second Ave., Suite 2100
Portland, OR 97204-3158
Telephone: (503) 778-2100
Facsimile: (503) 778-2200
bachmanc@lanepowell.com
davisk@lanepowell.com
sandsd@lanepowell.com
urbacht@lanepowell.com
hawkesp@lanepowell.com
yamaguchim@lanepowell.com

Richard D. Bisio (P30246)
Ronald S. Nixon (P57117)
KEMP KLEIN LAW FIRM
201 W. Big Beaver, Suite 600
Troy, MI 48084
Telephone:  (248) 528-1111
Facsimile:  (248) 528-5129
richard.bisio@kkue.com
ron.nixon@kkue.com

*Attorneys for Defendants Furukawa Electric Co., Ltd.; and American Furukawa, Inc.*

|  | WILMER CUTLER PICKERING HALE AND DORR LLP |
|---|---|
| January 12, 2015 | By: _/s/Steven F. Cherry_ (w/consent) |
|  | Steven F. Cherry |
|  | David P. Donovan |
|  | Brian C. Smith |
|  | Kurt G. Kastorf |
|  | WILMER CUTLER PICKERING HALE AND DORR LLP |
|  | 1875 Pennsylvania Avenue, N.W. |
|  | Washington, D.C. 20006 |
|  | Telephone: (202) 663-6000 |
|  | Fax: (202) 663-6363 |
|  | steven.cherry@wilmerhale.com |
|  | david.donovan@wilmerhale.com |
|  | brian.smith@wilmerhale.com |
|  | kurt.kastorf@wilmerhale.com |
|  | |
|  | _Attorneys for Defendants DENSO International America, Inc. and DENSO Corporation_ |
|  | |
|  | Steven M. Zarowny (P33362) |
|  | General Counsel |
|  | DENSO International America, Inc. |
|  | 24777 Denso Drive |
|  | Southfield, MI 48033 |
|  | Telephone: (248) 372-8252 |
|  | Fax:   (248) 213-2551 |
|  | steve_zarowny@denso-diam.com |
|  | |
|  | _Attorney for Defendant DENSO International America, Inc._ |

5

ARNOLD & PORTER LLP

January 12, 2015                By:   */s/James L. Cooper*  (w/consent)
                                      James L. Cooper
                                      Michael A. Rubin
                                      Laura Cofer Taylor
                                      Katherine Clemons
                                      ARNOLD & PORTER LLP
                                      555 Twelfth Street NW
                                      Washington, DC 20004
                                      (202) 942-5000
                                      (202) 942-5999 (facsimile)
                                      james.cooper@aporter.com
                                      michael.rubin@aporter.com
                                      laura.taylor@aporter.com
                                      katherine.clemons@aporter.com

                                      Joanne Geha Swanson (P33594)
                                      Fred Herrmann (P49519)
                                      Matthew L. Powell (P69186)
                                      KERR, RUSSELL AND WEBER, PLC
                                      500 Woodward Avenue, Suite 2500
                                      Detroit, MI  48226
                                      (313) 961-0200
                                      (313) 961-0388 (facsimile)
                                      jswanson@kerr-russell.com
                                      fherrmann@kerr-russell.com
                                      mpowell@kerr-russell.com

                                      *Attorneys for Defendants Fujikura Ltd. and*
                                      *Fujikura Automotive America LLC*

6

O'MELVENY & MYERS LLP

January 12, 2015                    By:     */s/Michael F. Tubach*  (w/consent)
                                           Michael F. Tubach
                                           O'MELVENY & MYERS LLP
                                           Two Embarcadero Center, 28th Floor
                                           San Francisco, CA 94111
                                           Telephone: (415) 984-8700
                                           Fax: (415) 984-8701
                                           Mtubach@omm.com

                                           Michael R. Turco (P48705)
                                           BROOKS WILKINS SHARKEY & TURCO
                                           PLLC
                                           401 South Old Woodward, Suite 400
                                           Birmingham, MI 48009
                                           Telephone: (248) 971-1713
                                           Fax: (248) 971-1801
                                           turco@bwst-law.com

                                           *Attorneys for Defendants Leoni Wiring Systems,
                                           Inc.  and Leonische Holding Inc.*

BUTZEL LONG

January 12, 2015                    By:     */s/David F. DuMouchel*  (w/consent)
                                           David F. DuMouchel (P25658)
                                           George B. Donnini (P66793)
                                           BUTZEL LONG
                                           150 West Jefferson, Suite 100
                                           Detroit, MI 48226
                                           Telephone: (313)225-7000
                                           dumouchd@butzel.com
                                           donnini@butzel.com

                                           W. Todd Miller
                                           BAKER & MILLER PLLC
                                           2401 Pennsylvania Ave., NW, Suite 300
                                           Washington, DC 20037
                                           Telephone: (202)663-7820
                                           TMiller@bakerandmiller.com

                                           *Attorneys for Defendants Tokai Rika Co., Ltd.
                                           and  TRAM, Inc.*

7

PORTER WRIGHT MORRIS & ARTHUR LLP

January 12, 2015          By:    */s/ Donald M. Barnes* (w/consent)
                                 Donald M. Barnes
                                 Jay L. Levine
                                 Salvatore A. Romano
                                 John C. Monica
                                 Molly S. Crabtree
                                 Karri N. Allen
                                 PORTER WRIGHT MORRIS & ARTHUR LLP
                                 1919 Pennsylvania Ave., NW, Ste 500
                                 Washington, DC 20006
                                 Telephone: (202) 778-3054
                                 Facsimile: (202) 778-3063
                                 dbarnes@porterwright.com
                                 sromano@porterwright.com
                                 jmonica@porterwright.com
                                 mcrabtree@porterwright.com
                                 kallen@porterwright.com


                                 *Attorneys for Defendants G.S. Electech, Inc., G.S.W. Manufacturing, Inc., and G.S. Wiring Systems, Inc.*


January 12, 2015          By:    /s/ Joseph C. Kohn
                                 William E. Hoese
                                 Douglas A. Abrahams
                                 KOHN, SWIFT & GRAF, P.C.
                                 One South Broad Street, Suite 2100
                                 Philadelphia, PA 19107
                                 Telephone: (215) 238-1700
                                 jkohn@kohnswift.com
                                 whoese@kohnswift.com
                                 dabrahams@kohnswift.com

                                 Gregory P. Hansel
                                 Randall B. Weill
                                 Michael S. Smith
                                 PRETI, FLAHERTY, BELIVEAU
                                   & PACHIOS LLP
                                 One City Center, P.O. Box 9546
                                 Portland, ME 04112-9546
                                 Telephone: (207) 791-3000
                                 ghansel@preti.com
                                 rweill@preti.com
                                 msmith@preti.com

8

2:12-cv-00100-MOB-MKM Doc # 289-2 Filed 02/11/13 Pg 9 of 13 Pg ID 1300

Steven A. Kanner
William H. London
Michael E. Moskovitz
Michael L. Silverman
FREED KANNER LONDON & MILLEN
LLC
2201 Waukegan Road, Suite 130
Bannockburn, IL 60015
Telephone: (224) 632-4500
skanner@fklmlaw.com
blondon@fklmlaw.com
mmoskovitz@fklmlaw.com
msilverman@fklmlaw.com

David H. Fink
FINK ASSOCIATES LAW
100 West Long Lake Road
Suite 111
Bloomfield Hills, MI 48304
248-971-2500
Fax: 248-971-2600
dfink@finkandassociateslaw.com

/s/ Eugene A. Spector
William G. Caldes
Jonathan M. Jagher
Jeffrey L. Spector
SPECTOR ROSEMAN KODROFF
  & WILLIS, P.C.
1818 Market Street, Suite 2500
Philadelphia, PA 19103
Telephone: (215) 496-0300
espector@srkw-law.com
bcaldes@srkw-law.com
jjagher@srkw-law.com
jspector@srkw-law.com

*Interim Co-Lead Counsel for the Direct
Purchaser Plaintiffs*

January 12, 2015                          By:   /s/ Don Barrett
                                                   David McMullan
     Brian Herrington
     Barrett Law Group, P.A.
     P.O. Box 927
     404 Court Square
     Lexington, MS 39095
     Telephone: (662) 834-2488
     Email: dbarrett@barrettlawgroup.com
     bherrington@barrettlawgroup.com
     dmcmullan@barrettlawgroup.com

     Jonathan W. Cuneo
     Joel Davidow
     Victoria Romanenko
     Cuneo Gilbert & LaDuca, LLP
     507 C Street, N.E.
     Washington, DC 20002
     Phone:  (202) 789-3960
     Fax: (202) 789-1813
     Email: jonc@cuneolaw.com
     Joel@cuneolaw.com
     Vicky@cuneolaw.com

     Gerard V. Mantese (Michigan Bar No. P34424)
     David Hansma (Michigan Bar No. P71056)
     Brendan Frey (Michigan Bar No. P70893)
     Joshua Lushnat (Michigan Bar No. P75319)
     MANTESE HONIGMAN ROSSMAN and
     WILLIAMSON, P.C.
     1361 E. Big Beaver Road
     Troy, Michigan 48083
     Phone: (248) 457-9200 ext. 203
     Fax: (248) 457-9201
     Email: gmantese@manteselaw.com
     dhansma@manteselaw.com
     bfrey@manteselaw.com
     jlushnat@manteselaw.com

     Shawn M. Raiter
     Larson • King, LLP
     2800 Wells Fargo Place
     30 East Seventh Street
     St. Paul, MN  55101
     Telephone: (651) 312-6500
     Email: sraiter@larsonking.com

*Interim Co-Lead Counsel for the Automobile Dealer Plaintiffs*

January 12, 2015

By: /s/ Steven N. Williams
Joseph W. Cotchett
Steven N. Williams
Frank C. Damrell, Jr.
Adam J. Zapala
Elizabeth Tran
COTCHETT, PITRE & McCARTHY, LLP
San Francisco Airport Office Center
840 Malcolm Road, Suite 200
Burlingame, California 94010
Telephone: (650) 697-6000
jcotchett@cpmlegal.com
swilliams@cpmlegal.com
fdamrell@cpmlegal.com
azapala@cpmlegal.com
etran@cpmlegal.com

Hollis Salzman
Bernard Persky
Will Reiss
ROBINS, KAPLAN, MILLER & CIRESI LLP
601 Lexington Ave
Suite 3400
New York, NY 10022
bpersky@rkmc.com
hsalzman@rkmc.com
wvreiss@rkmc.com

Warren T. Burns
Terrell W. Oxford
SUSMAN GODFREY LLP
901 Main Street
Suite 5100
Dallas, TX 75202
214-754-1900
Fax: 214-754-1933
wburns@susmangodfrey.com
toxford@susmangodfrey.com

Marc M. Seltzer
Steven G. Sklaver

SUSMAN GODFREY LLP
1901 Avenue of the Stars
Suite 950
Los Angeles, CA 90067
310-789-3100
Fax: 310-789-3150
mseltzer@susmangodfrey.com
ssklaver@susmangodfrey.com

*Interim Co-Lead Counsel for End-Payor Plaintiffs*

January 12, 2015                     By:   /s/ Hector Torres
                                           Hector Torres
                                           Edward E. McNally
                                           Cindy C. Kelly
                                           KASOWITZ, BENSON, TORRES
                                           & FRIEDMAN LLP
                                           1633 Broadway
                                           New York, New York 10019
                                           (212) 506-1700
                                           htorres@kasowitz.com
                                           emcnally@kasowitz.com
                                           ckelly@kasowitz.com

                                           Eric J. Pelton (P40635)
                                           Theodore R. Opperwall (P31374)
                                           Ryan D. Bohannon (P73394)
                                           KIENBAUM OPPERWALL
                                           HARDY & PELTON, P.L.C.
                                           280 N. Old Woodward Avenue,
                                           Ste. 400
                                           Birmingham, Michigan 48009
                                           (248) 645-0000
                                           epelton@kohp.com
                                           topperwall@kohp.com
                                           rbohannon@kohp.com

                                           *Attorneys for Plaintiff Ford Motor Co.*

## CERTIFICATE OF SERVICE

      I hereby certify that on January 12 2015, I caused the foregoing Joint Statement Of

Plaintiffs and Defendants Regarding Proposed Deposition Protocol to be electronically filed with

the Clerk of the Court using the CM/ECF system and I have provided all other parties a copy of

the proposed order by e-mail.

                                   By: */s/ Marguerite M. Sullivan*
                                     Marguerite M. Sullivan
                                     LATHAM & WATKINS LLP
                                     555 Eleventh Street NW, Suite 1000
                                     Washington, DC 20004
                                     +1.202.637.2200
                                      maggy.sullivan@lw.com

HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS ONLY

# Exhibit A

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

_____

IN RE: AUTOMOTIVE PARTS ANTITRUST      :    Master File No. 12-md-02311
LITIGATION                             :
                                       :    Honorable Marianne O. Battani
_____:
                                       :
In re: Wire Harness Cases              :
_____:
                                       :
THIS DOCUMENT RELATES TO:              :
                                       :    2:12-cv-00100
All Wire Harness Cases                 :
_____:

**STIPULATION AND [PROPOSED] ORDER REGARDING DEPOSITION PROTOCOL**

WHEREAS the parties have met and conferred regarding the efficient administration of depositions, the undersigned parties jointly stipulate and agree to the following Stipulation and Order Regarding Deposition Protocol ("Deposition Protocol Order"), with exceptions noted. The parties are available at the Special Master's convenience to address the few provisions that remain in dispute:

**I.      SCOPE OF ORDER**

A.      This Deposition Protocol Order shall apply to all depositions noticed under Rule 30 or Rule 45 of the Federal Rules of Civil Procedure in all cases, currently or in the future, consolidated or coordinated as part of these MDL proceedings regarding wire harnesses (In re Automotive Parts Antitrust Litigation, Wire Harness Lead Case, No. 2:12-cv-00100-MOB-MKM) (the "Wire Harness Cases").

==DISPUTE 1:  Coordination of Depositions of Plaintiffs Named in More Than One Auto Parts Case==

==Plaintiffs' Proposed Language:==

==Section IV(I) of this Order and the provisions relevant to it shall apply to all actions in the Automotive Parts Antitrust Litigation.==

==Defendants' Proposed Language:== [None]

Nothing contained in this Deposition Protocol Order shall confer Rule 30 or 45 deposition rights on any party that does not have such rights under the Federal Rules of Civil Procedure.

B.      The provisions of the Initial Discovery Plan entered by the Court on July 10, 2012 (12-md-02311, ECF #201) ("Initial Discovery Plan"), the First Supplemental Discovery Plan, ECF #224, and the Supplemental Discovery Provisions Concerning Coordination Of *Ford* Action With The Wire Harness Cases, ECF #225, relating to depositions shall apply unless expressly stated herein.

C.      A party's agreement to and signature on this Deposition Protocol Order does not constitute a waiver of any defense or right not specifically addressed.  Defendants preserve all defenses to claims asserted by the plaintiffs in the City of Richmond case and any future plaintiffs in any complaints consolidated or coordinated as part of the Wire Harness Cases, including, but not limited to, all defenses under Federal Rule of Civil Procedure 12.

## II.    DEFINITIONS

A.       "Auto Part Product" shall mean the specific auto part to which each Lead Case (as defined in the July 3, 2014 Electronic Case Management Protocol Order, 2:12-md-02311, ECF #753 ("ECF Protocol"))  in  the  Automotive  Parts  Antitrust

Litigation, No. 2:12-md-02311-MOB-MKM, is related, and includes those auto parts identified in the ECF Protocol (e.g. wire harnesses, instrument panel clusters, fuel senders, heater control panels, bearings, etc.).

B.      "Plaintiff Groups" shall mean the three putative class plaintiff groups in the Wire Harness Cases – Direct Purchaser Plaintiffs (Case No. 2:12-cv-00101), Automobile Dealer Plaintiffs (Case No. 2:12-cv-00102), and End Payor Plaintiffs (Case No. 2:12-cv-00103), and any other putative class plaintiff group that has filed or files a complaint in the Wire Harness Cases as of the date of a deposition scheduled pursuant to this Protocol – collectively or individually.[1]

C.      "Individual Participant(s)" shall mean, collectively or individually, additional non-class plaintiffs whose cases have been, or are in the future, coordinated with the Plaintiff Group cases in the Wire Harness Cases, including but not limited to, Case No. 2:13-cv-00104 (OEMs) or No. 2:13-cv-00105 (State Attorneys General).

D.      "Plaintiff" or "Plaintiffs" when used alone shall refer collectively to Plaintiff Groups and Individual Participants.

E.      "Defendants" shall mean Sumitomo Electric Industries, Ltd.; Sumitomo Wiring Systems, Ltd.; Sumitomo Electric Wiring Systems, Inc.; K&S Wiring Systems, Inc.; Sumitomo Wiring Systems (U.S.A.) Inc.; Yazaki Corporation; Yazaki North America, Inc.; Furukawa Electric Co., Ltd.; American Furukawa, Inc.; DENSO Corporation; DENSO International America, Inc.; Fujikura Ltd.; Fujikura

---

[1] This definition applies to the City of Richmond, which filed its first complaint on February 20, 2014 and an amended complaint on October 3, 2014. As of the date of the filing of this Deposition Protocol Order, the Court has not ruled on the viability of that complaint.

Automotive America LLC; Leoni Wiring Systems, Inc.; Leonische Holding Inc.; Tokai Rika Co., Ltd.; TRAM, Inc.; G.S. Electech, Inc., G.S.W. Manufacturing, Inc., G.S. Wiring Systems, Inc.; and any other entities named as defendants in the Wire Harness Cases in the future.

F.    "Defendant Group" shall mean each group of Defendants represented by separate counsel (e.g., Yazaki, Sumitomo, Furukawa, DENSO, Fujikura, GS Electech, etc.).

## III.    NUMBER AND LENGTH OF DEPOSITIONS

A.    The following limits shall apply to depositions of fact witnesses, other than pursuant to Rule 30(b)(6)[2]:

    1.    Plaintiffs collectively may take up to fifteen (15) depositions each of the Denso, Fujikura, Furukawa, GS Electech, Sumitomo, Tokai Rika, and Yazaki Defendant Groups. Plaintiffs collectively may take up to seven (7) depositions of the Leoni Defendant Group. Plaintiffs will pay for the witnesses' reasonable travel expenses as provided in Section IV, paragraph B.

    2.    With respect to *Ford Motor Co. v. Fujikura Ltd.*, *et al*., Case No. 2:13-cv-13055, defendants therein may take up to eight (8) depositions of Ford Motor Company ("Ford"), and twenty-one (21) hours of Rule 30(b)(6) deposition testimony. This limit does not apply to Rule 45 depositions taken of Ford in the Plaintiff Group cases. With respect to Rule 30(b)(6)

---

[2] For purposes of Section III regarding the number and length of fact witness depositions, "Defendant Group" shall be construed to include all former and current employees of Defendant Groups, regardless of whether those individuals are represented by separate counsel.

testimony, Fujikura shall serve on Ford no more than two (2) non-duplicative notices that identify all topics for which Fujikura seeks testimony.

3.     The number of depositions of any Individual Participant other than Ford that may be taken in that Individual Participant's case will be established through a separate agreement or order after sufficient preliminary discovery has occurred regarding that Individual Participant to permit the parties in that case to agree on, or the Court to order, a reasonable number of depositions of that Individual Participant.

4.     **DISPUTE 2:  Number of 30(b)(1) Depositions of Direct Purchaser and Automobile Dealership Plaintiffs[3]**

**Plaintiffs' Proposed Language:**

*Direct Purchasers' proposed language:* Defendants may take two (2) Rule 30 (b)(1) depositions of seven (7) hours each of corporate plaintiffs.

*Automobile Dealerships' proposed language:*  Defendants collectively may take up to two (2) Rule 30(b)(1) depositions of each Automobile Dealership Plaintiff that is named as a putative class representative.  The total hours of Rule 30(b)(1) and 30(b)(6) depositions may be no more than 15 hours per Automobile Dealership Plaintiff.  Defendants may not take more than eight (8) hours of testimony at any one Rule 30(b)(1) deposition.

---

[3] Defendants and the plaintiffs for the City of Richmond have agreed to defer resolution of the number of 30(b)(1) depositions of public entities named as putative class representatives until after the Court rules on the pending motion to dismiss the City's complaint, filed on October 31, 2014 (2:14-cv-00106-MOB-MKM, ECF # 36).

> **Defendants' Proposed Language:**
>
> Defendants collectively may take up to five (5) depositions under Rule 30(b)(1) of each entity (i.e., not a natural person) that is named as a putative class representative.

5. Defendants collectively may take up to one (1) deposition under Rule 30(b)(1) of each natural person that is named as a representative of the putative End Payor class.

6. Any party may seek leave to take additional depositions for good cause shown.

7. Notwithstanding the above, each party reserves its right to object to any particular deposition or to object on the ground that the number of depositions for that particular party should be fewer than the number specified above.

B. A witness may be deposed only once in the Wire Harness Cases, except if necessary for a party to revoke an earlier assertion of the Fifth Amendment, by agreement of the parties, or by order of the Court based on a showing of good cause. Notwithstanding the foregoing, a party may depose as a fact witness under Rule 30(b)(1) or Rule 45 an individual who has been previously deposed or will be deposed solely as a corporate representative of a party under Rule 30(b)(6).

C. <u>Allocation of time</u>:

1. The time limitations set forth in Paragraph 7 of the Initial Discovery Plan shall apply to all depositions except as modified herein.

2.       Without regard to the time limitations contained in this Paragraph C or Paragraph 7 of the Initial Discovery Plan, counsel for parties that are not on the same side of the party serving the deposition notice ("Serving Party") may also examine the witness in response to issues that arise during the deposition. Absent other agreement, in addition to the hours set forth in Paragraph 7 of the Initial Discovery Plan, for each deposition that is in English, the non-serving side shall be entitled to one (1) additional hour of time to question the deponent, and for each deposition that is in a language other than English, the non-serving side shall be entitled to two (2) additional hours of time to question the deponent. Parties on the same side will confer prior to the deposition regarding division of time. The time allocated to parties on the opposite side of the witness shall not be reduced by any notices or cross-notices served by parties on the same side of the witness. For purposes of all depositions, all Defendants are considered to be on the same side and all Plaintiffs are considered to be on the same side.

3.       The court-reporter service shall maintain a total running time for depositions to insure compliance with the time limitations set forth in Paragraph 7 of the Initial Discovery Plan and this Paragraph III.C. The total running time does not include breaks taken during a deposition.

4.       Subject to negotiations between the parties and the third party and his or her counsel, if any party serves a subpoena, notices, or cross-notices a deposition that the other side has already subpoenaed or noticed of a

witness who is not a party to the Wire Harness Cases, the deposition time shall be doubled (e.g., a seven-hour deposition would become a 14-hour deposition), although neither side may use more than seven hours. Service of additional cross-notices shall not further increase the time for the deposition.

## IV.   NOTICING AND SCHEDULING DEPOSITIONS

A.   **DISPUTE 1 (continued):  Coordination of Depositions of Plaintiffs Named in More Than One Auto Parts Case**

**Plaintiffs' Proposed Language:**

Depositions shall be noticed pursuant to the Federal Rules of Civil Procedure for a proposed date and location, subject to the provisions in Section IV.D and IV.I below and Paragraph 7 of the Initial Discovery Plan.  All notices shall be served on all parties to the Automotive Parts Cases via email at least thirty (30) days prior to the date of the deposition if that deposition will be taken in the United States, and at least sixty (60) days prior to the date of the deposition if that deposition will be taken outside the United States.  Any subpoenas for deposition testimony shall be served as required by law, but copies shall be served via email on all parties to the Wire Harness Cases.

**Defendants' Proposed Language:**

Depositions shall be noticed pursuant to the Federal Rules of Civil Procedure for a proposed date and location, subject to the provisions in Section IV.D below and Paragraph 7 of the Initial Discovery Plan.  All notices shall be served on all parties to the Wire Harness Cases via email at least thirty (30) days prior to the date of the deposition if that deposition will be taken in the United States, and at

8

least sixty (60) days prior to the date of the deposition if that deposition will be taken outside the United States.  Any subpoenas for deposition testimony shall be served as required by law, but copies shall be served via email on all parties to the Wire Harness Cases.

B.      Other than the witnesses identified in prior stipulations whose depositions certain Defendants have already agreed will take place in the United States (see Stipulation and Agreement, 12-cv-00100, ECF #301; Stipulation and Agreement, 12-cv-00100, ECF #167), Defendants will arrange for the majority of their witnesses' depositions to occur in one of the following cities: Hong Kong; Seoul; Taipei; Honolulu; New York City; San Francisco; Los Angeles; Portland, OR; Seattle; Washington DC; Chicago or Detroit; or such other city to be agreed upon by the parties.  Plaintiffs will pay said witnesses' economy class fares and reasonable travel costs incurred by witnesses, such as lodging and meal expenses up to a limit of $450 per day, associated with any such depositions that occur in a city within the United States, other than the depositions of witnesses identified in prior stipulations that certain Defendants have already agreed will take place in the United States.  All depositions of the agreed-upon Leoni custodians (as of the date on which this Order is entered) will occur in the United States.  No witness who lives in the United States at the time his deposition is noticed shall select a location for his deposition that is outside of the United States, and Plaintiffs will not be responsible for paying the expenses for witnesses who live in the United States.

2:12-md-02311-MOB-MKM   Doc #2591-2   Filed 11/13   Pg 25 of 49   Pg ID 9125

C.     Service of a deposition notice or subpoena on a witness by a Plaintiff shall be sufficient to allow all Plaintiffs to attend and participate in the deposition of that witness according to the terms of this Order, and service of a deposition notice or subpoena by a Defendant on a witness shall be sufficient to allow all Defendants to attend and participate in the deposition of that witness according to the terms of this Order.  In the event that a serving Defendant Group settles or is otherwise dismissed from the action, any other Defendant who would have had a right to serve the initial notice or subpoena may enforce the notice or subpoena as if it had served the notice or subpoena.  Likewise, in the event that a serving Plaintiff settles with the Defendant Group with which the witness is affiliated, any other Plaintiff who would have had a right to serve the initial notice or subpoena may enforce the notice or subpoena as if it had served the notice or subpoena.  To enforce a notice or subpoena of a settling or dismissed party, the enforcing party, within seven (7) days of being notified of the relevant settlement or dismissal, must notify the noticed deponent that it intends to enforce the settling or dismissed party's notice or subpoena.

D.     Within fifteen (15) days of service of a deposition notice or subpoena, any party that intends to attend a deposition shall notify counsel for the party that served the deposition notice or subpoena, all other parties, and counsel for the witness that it intends to attend the deposition.

E.     Within twenty-one (21) days of receipt of a properly served deposition notice or subpoena, the recipient shall assert any objections to the notice or subpoena, move to quash the subpoena, and/or move for a protective order.  In the event such a

motion or objection is filed, the deposition shall be stayed pending a decision on the motion or objection. In addition, if a motion to quash, objection, and/or motion for a protective order is not filed, within twenty-one (21) days of receipt of a deposition notice the recipient shall either confirm the date of the deposition as set forth in the notice, or shall provide three proposed alternate dates for the deposition within forty-five (45) days of the originally noticed date.

F.     All parties that have provided notice that they intend to attend a deposition pursuant to Paragraph IV.B-C. of this section shall cooperate in good faith in scheduling the deposition.

G.     Plaintiffs and Defendants shall each designate one or more counsel responsible to create and maintain a master deposition calendar to be updated regularly with any changes as a result of meet and confer efforts regarding scheduling depositions. The master deposition calendar shall set forth each deponent's name and affiliation, the location and anticipated length (number of hours and days) of the deposition, the identity of the Serving Party, and whether an interpreter has been requested. Beginning when the first deposition is scheduled, the master deposition calendar will be distributed via email to all Plaintiffs and Defendants on a weekly basis.

H.     In the event that any Defendant's employee who has received a notice or subpoena for a deposition by Plaintiffs in connection with the Wire Harness Cases is likely to be deposed in connection with another Auto Part Product case, the parties may use their best efforts to coordinate so as to attempt to avoid multiple depositions of the same employee where the issue has been brought to their

11

attention by the relevant Defendant. In order for a Defendant to effectuate this paragraph, the Defendant whose employee(s) are to be deposed and who wants to avoid multiple depositions shall either (i) make available to the Examining Party all relevant documents, the equivalent of the information provided in response to Direct Purchaser Plaintiffs' First Set of Interrogatories to All Defendants Nos. 3, 7, 8, 9, and 10 concerning such employee(s) roles in relation to other Auto Part Products, and any other information agreed upon by the parties sufficiently in advance of the deposition to permit a proper examination or (ii) have already responded to interrogatories and produced documents in the later Auto Part Product case sufficiently in advance of the deposition to permit a proper examination. The parties shall then meet and confer to seek agreement on reasonable additional time limits, if necessary, for such depositions.

I.     **DISPUTE 1 (continued): Coordination of Depositions of Plaintiffs Named in More Than One Auto Parts Case**

**Plaintiffs' Proposed Language:**

*End-Payors' proposed language:* Depositions of class representatives for End-Payor Plaintiffs shall be noticed for all Auto Parts cases, and any party to any Auto Parts case in which the deponent is a class representative may attend and participate in such depositions. Absent good cause shown, no class representative shall be subject to a further deposition in any Auto Parts case that is pending as of the time that the class representative's deposition is taken. The time limits set forth in the Federal Rules of Civil Procedure shall apply to such depositions, and the parties taking the deposition shall coordinate by designating a lead examiner and avoiding any duplicative questioning. Deponents will produce all documents

and written discovery previously produced by them to all Defendants in all Auto Parts cases reasonably in advance of their depositions.

*Automobile Dealerships' proposed language:* Depositions of Dealership Plaintiffs, consistent with the total depositions and hours permitted by paragraphs III(A)(4) and V(B), shall be noticed for all Auto Parts cases, and any party to any Auto Parts case entitled to take Dealership Plaintiffs' depositions may coordinate on deposition notices and attend and participate in such depositions. Absent good cause shown, no Dealership Plaintiff shall be subject to further depositions or notices in any Auto Parts case that is pending as of the time that the Dealership Plaintiffs' depositions are taken. The parties taking the depositions shall coordinate by designating a lead examiner and avoiding any duplicative questioning. Dealership Plaintiffs will produce relevant documents and information to parties in Automotive Parts cases other than Wire Harness reasonably in advance of their depositions.

**Defendants' and Direct Purchasers' Agreed Upon Proposed Language:**

In the event that a named plaintiff in the Wire Harness Cases is also a named plaintiff in another Auto Part Product case, or cases, Defendants shall use their best efforts to coordinate with the defendants in that other Auto Part Product case, or cases, to avoid duplicative depositions of that named plaintiff in multiple cases. In order to effectuate this paragraph, the plaintiff shall make available to the Examining Party any documents or interrogatory responses from that named plaintiff relating to the other Auto Part Products, to the extent that such information and documents have not already been provided, sufficiently in advance of the deposition to permit a proper examination, and the parties shall

13

meet and confer to seek agreement on reasonable additional time limits, if necessary, for the depositions.

J.     Any deposition that is expanded pursuant to Paragraph 7 of the Initial Discovery Plan must take place over consecutive days.

K.     No more than one deposition of a witness from the same Defendant Group, Individual Participant, or Direct Purchaser shall be taken on any one day absent agreement of the parties.

**<u>DISPUTE 3: Number of Auto Dealership Depositions That Can Occur On The Same Day</u>**

**<u>Auto Dealership Plaintiffs' Proposed Language:</u>**

No more than one deposition of a witness from the Auto Dealer Group shall be taken on any one day absent agreement of the parties.

**<u>Defendants' Proposed Language:</u>**

No more than one deposition of a witness from the same Auto Dealer shall be taken on any one day absent agreement of the parties.

L.     Plaintiffs may immediately establish "employee lists" of no more than fifteen (15) custodians/witnesses per Defendant Group. For each such identified custodian/witness, Defendants shall timely inform Plaintiffs in writing if they become aware that such person intends to leave, or does leave, his or her employment, to the extent reasonably possible. Upon Plaintiffs' request, Defendants shall make that person available for deposition either before or after his or her departure, to the extent reasonably possible. Plaintiffs may make changes to their employee lists by March 1, 2015, and on a quarterly basis

thereafter until thirty (30) days before the discovery deadline, at which point the parties' obligations pursuant to this provision will no longer be effective.

## V.   RULE 30(b)(6) DEPOSITIONS

A.   Plaintiffs collectively may take up to twenty-one (21) hours of Rule 30(b)(6) deposition testimony per Defendant Group.

B.   **DISPUTE 2 (continued):   Time for Rule 30(b)(6) Depositions of Direct Purchaser and Automobile Dealership Plaintiffs[4]**

**Plaintiffs' Position:**

Defendants may take one (1) Rule 30(b)(6) deposition of seven (7) hours of each Direct Purchaser Plaintiff and each Automobile Dealership Plaintiff.

**Defendants' Position:**

Defendants collectively may take up to twenty-one (21) hours of Rule 30(b)(6) deposition testimony of each entity (i.e., not a natural person) named as a plaintiff in the Wire Harness Cases.

C.   **DISPUTE 4:  Time for Rule 30(b)(6) Depositions Requiring an Interpreter**

**Plaintiffs' Position:**

To the extent a witness requests an interpreter, the parties anticipate that the interpreter will be used either for all of the deposition or for only a small number of questions.   To the extent an interpreter is used for all or nearly all of the deposition, the time limit set forth in Section V.A. shall be doubled. In all other situations, the parties will cooperate in good faith to extend the deposition time to

---

[4] Defendants and the plaintiffs for the City of Richmond have agreed to defer resolution of the time for 30(b)(6) depositions of public entities named as putative class representatives until after the Court rules on the pending motion to dismiss the City's complaint, filed on October 31, 2014 (2:14-cv-00106-MOB-MKM, ECF # 36).

account for the use of the interpreter, guided by the principle that deposition time during which an interpreter should be counted at 50 percent or one half the actual amounts against the above set limits.

**Defendants' Position:**

Examination time shall be increased for any portions of Rule 30(b)(6) depositions that are conducted through an interpreter at the same ratio (7 to 12) as used for 30(b)(1) depositions, as stipulated in the Initial Discovery Plan.

D.      A party may designate any individual as its corporate representative to testify in response to a Rule 30(b)(6) notice, including an individual whose deposition has been noticed or taken pursuant to Rule 30(b)(1).

E.      A recipient of a Rule 30(b)(6) notice must assert any objections to the topics identified in the notice, move to quash the subpoena, and/or move for a protective order within twenty-one (21) days of receipt of the notice, absent agreement of the parties or order of the Court for good cause shown. If a recipient of a Rule 30(b)(6) notice timely objects to a notice, or any portion of a notice, the parties will promptly meet and confer and attempt in good faith to resolve the dispute. In the event a motion or objection is made, the deposition shall be stayed pending a decision on the motion or objection.

F.      Plaintiffs collectively shall serve on each Defendant Group from which Plaintiffs seek Rule 30(b)(6) testimony no more than two (2) non-duplicative notices that identify all topics for which Plaintiffs seek testimony from that Defendant Group.

**DISPUTE 5: Number of Notices Defendants Can Serve on Auto Dealership Plaintiffs[5]**

**Auto Dealership Plaintiffs' Position**:

Defendants shall collectively (i) serve on each Direct Purchaser Plaintiff that is named as a putative class representative from which the Defendants seek Rule 30(b)(6) testimony no more than two (2) notices that identify all topics for which Defendants seek testimony from that plaintiff entity, and (ii) collectively serve on each Auto Dealership Plaintiff that is named as a putative class representative from which Defendants seek Rule 30(b)(6) testimony no more than one (1) notice that identifies all topics for which Defendants seek testimony from that plaintiff entity.

**Defendants' Position (agreed to with respect to Direct Purchaser Plaintiffs):**

Defendants collectively shall serve on each entity (i.e., not a natural person) that is named as a putative class representative from which Defendants seek Rule 30(b)(6) testimony no more than two (2) notices that identify all topics for which Defendants seek testimony from that entity.

**VI. OBJECTIONS:** During a deposition, any objection by counsel for any Plaintiff shall be deemed an objection on behalf of all Plaintiffs, such that it shall not be necessary for counsel for each Plaintiff to separately join in an objection on the record or to separately state its objection(s) to a question on the record in order for all other Plaintiffs to preserve said objection(s). Likewise, any objection by counsel for one Defendant shall be deemed an objection on behalf of

---

[5] Defendants and the plaintiffs for the City of Richmond have agreed to defer resolution of the number of 30(b)(6) notices that defendants may serve on public entities named as putative class representatives until after the Court rules on the pending motion to dismiss the City's complaint, filed on October 31, 2014 (2:14-cv-00106-MOB-MKM, ECF # 36).

all Defendants, such that it shall not be necessary for counsel for each Defendant to separately join in an objection on the record or to separately state its objection(s) to a question on the record in order for all other Defendants to preserve said objection(s). All counsel shall avoid repeating objections already preserved. However, nothing in this paragraph shall preclude any party from stating its own objection(s) on the record if that objection has not been previously made by other counsel.

**VII. REMOTE PARTICIPATION:** To minimize travel and related costs, counsel for a party that has a right to attend a deposition may do so by telephone to the extent permitted by law and otherwise practical. A party that elects to have its counsel participate in a deposition by telephone shall do so at its own risk and such participation shall not be disruptive to the deposition. Counsel that intends to attend a deposition by telephone must notify the Serving Party no less than ten (10) business days in advance of the scheduled start time of the deposition. To the extent permitted by law and otherwise practical in the location where the deposition is scheduled to take place, counsel for the Serving Party shall make arrangements so that a conference call line and a real-time video and text feed are available during the deposition. In the event that a conference call line or real-time video and text feed are not available despite the reasonable efforts of the Serving Party to provide for those services, the deposition shall not be delayed but shall proceed as noticed. Parties that remotely participate by using telephone, real-time video and/or text feed, or any other means to facilitate remote participation, will be responsible for paying the costs of the telephone, real-time video and/or text feed (or other means of remote participation) in a timely manner. Examining counsel and counsel intending to participate by telephone shall cooperate in good faith to facilitate such participation.

## VIII.  EXHIBITS

A.  <u>Pre-Designation</u>:  Not later than four (4) business days before a deposition, counsel for each party that intends to examine a deponent ("Examining Counsel") may serve via electronic mail a non-binding list of documents (by Bates number) that counsel anticipates using or referring to during the deposition, including electronic copies and, where applicable, their translations.

B.  <u>Copies</u>:  Examining Counsel shall be responsible for bringing copies of any documents used at a deposition (whether or not they are pre-designated), including translations where applicable, for the witness, counsel for the witness, and the interpreter(s).  Examining Counsel need not otherwise bring copies of pre-designated documents for any counsel present at the deposition.  If Examining Counsel does not pre-designate documents, then Examining Counsel shall bring one copy of each document used at a deposition (including translations, where applicable) for each Plaintiff Group, Individual Participant and Defendant Group. In all events, Examining Counsel, defending counsel, and all other counsel attending the deposition shall cooperate in good faith so that counsel for each party attending the deposition will have adequate access during the deposition to any document, and its English translation where required, used by Examining Counsel during the deposition.

C.  <u>Use of translations</u>:

1.  Any party intending to use as an exhibit at deposition a document that is not in English shall use best efforts to have copies of a translation of any such document for all parties at the deposition.  In the exceptional

19

circumstance that, despite best efforts, Examining Counsel has not been able to secure a translation, Examining Counsel must provide counsel attending the deposition a reasonable opportunity to examine the document with the interpreter and/or check interpreter (see Section IX below) present at the deposition. The document at issue shall not be shown to the witness being deposed prior to examination of the witness concerning the document by Examining Counsel, and prior to examination of the witness concerning the document by Examining Counsel no one except Examining Counsel shall speak with the witness being examined about the document at issue except to the extent an interpreter determines that it is necessary to speak to the witness in order to accurately translate the document. In such a case, the interpreter may speak to the witness before translating the document to counsel. Reasonable time required to review foreign language documents for which no translation is provided pursuant to this paragraph shall count against the time allotted to Examining Counsel in this Order if the document was produced less than one month before the deposition.

2.     Objections regarding the accuracy of a translated document shall be stated on the record and preserved with the statement "Object to translation." Use of a translated document during a deposition by an examining party does not constitute a waiver of such objections by that party.

3.      For depositions occurring sixty (60) or more days before the discovery deadline, objections to the accuracy of any document translations shall be asserted within sixty (60) days after the final transcript of the deposition is provided to the deponent for correction. For depositions occurring less than sixty (60) days before said deadline, the parties agree to meet-and-confer to determine a shorter deadline for objections to the accuracy of any document translations. Objections shall state the specific challenges to the accuracy of the translation and offer an alternative translation of the portions of the document objected to. If the parties are unable to resolve the dispute, it shall be submitted to the Court for resolution. If no objection is made to a translation within the sixty (60)-day or agreed upon limit, the portion(s) of the translation used during the witness's examination shall be deemed accurate, and no objection to admissibility on the grounds of inaccuracy of the translation will be permitted absent good cause.

4.      If a translated document is used during the deposition, the original and the translation shall be marked consecutively as "Exhibit #" and "Exhibit #-A".

D.      <u>Notice to counsel attending remotely</u>: Examining Counsel shall read the Bates numbers of exhibits used at a deposition so that parties that participate in depositions by telephone can access those documents.

E.      <u>Sequential Marking</u>: The parties shall use their best efforts to mark deposition exhibits sequentially, to not re-mark documents that have been previously marked

as exhibits, and to use the previously marked exhibit number in subsequent depositions. The index of exhibits annexed to each deposition transcript shall contain, for each exhibit marked or referred to in the deposition, the document production (Bates) number, the exhibit number and a brief description of the exhibit.

## IX. INTERPRETERS

A. Counsel for any witness who will be deposed shall give notice if an interpreter will be required (i) within fourteen (14) days of receipt of the notice or subpoena for Rule 30(b)(1) or Rule 45 depositions, or (ii) at least fourteen (14) days prior to the date on which a Rule 30(b)(6) deposition is scheduled to take place. In the event that an interpreter is required, counsel for the Serving Party shall arrange the participation of an official interpreter.

B. In the event that a "check interpreter" attends the deposition, such interpreter shall refrain from any interaction with the lead interpreter, except where a proposed correction to the accuracy of a translation is necessary. In that event, the colloquy between the check interpreter and lead interpreter shall be translated into English and confined to the extent necessary to address the concern of the check interpreter. The lead interpreter shall have discretion to decide whether to correct any translation, subject to objection by counsel.

**DISPUTE 6: Involvement of Interpreters in Preparation of a Witness**

**Plaintiffs' Position:**

Absent agreement by the parties, neither the lead interpreter nor the check interpreter shall participate with counsel in the preparation of any witness for that witness's deposition.

**Defendants' Position:**

Absent agreement by the parties, any interpreter who interprets during the preparation of a witness may serve as a check interpreter, but not as the lead interpreter, during that witness's deposition.

C.  An objection to the interpretation of any question or answer must be stated briefly and recorded on the record. All objections (not only to the interpretation of any question or answer) and colloquy between counsel should be interpreted for non-English speaking deponents so those witnesses have the opportunity to understand what is happening.

**X.  TRANSCRIPT VERIFICATION:** The parties agree to have a standing request, and therefore need not state a request on the record, for the witness(es) to read and sign the transcript(s). Absent an agreement to the contrary, the parties agree that each witness for whom a translation is not required may have forty-five (45) days from the date that the reporter indicates that his or her transcript is available to read and sign the transcript. Witnesses for whom a translation is required may have sixty (60) days to read and sign the transcript. The parties further agree that counsel for the witness may submit any errata pages and signatures to the court reporter via email.

**XI.  FIFTH AMENDMENT ASSERTIONS**

A.  If a witness intends to assert the Fifth Amendment of the United States Constitution on any subject, counsel for the Defendant Group associated with the witness shall, to the extent they know, make a good faith effort to notify

Defendants, Plaintiff Groups, and Individual Participants of the subjects for which the witness intends to assert the Fifth Amendment no later than thirty (30) days before the scheduled deposition. Upon receipt of notice that a witness intends to assert the Fifth Amendment, the examining attorneys may submit a list of written questions to the witness, delivered no fewer than five (5) business days before the deposition is scheduled to begin. At the deposition, the written questions and any associated documents will be introduced as an exhibit to the deposition, and the witness shall be asked summarily whether the witness would assert the Fifth Amendment to each of the written questions if they were posed individually. If the answer to the summary question is "yes," use of the questions and answers at trial will not be precluded on the basis that the written questions were not asked and answered individually. The use of the written questions and associated documents shall not prevent additional questions from being asked of the deponent, although additional questioning may not exceed one day, regardless of whether an interpreter is used. A 30(b)(6) deposition of a witness who invokes the Fifth Amendment as to substantially all questions shall not count against the limits on the time for 30(b)(6) depositions provided for in this Order.

B.  Any person who at deposition asserts his or her right not to testify under the Fifth Amendment will be bound by that assertion of the privilege and shall not be permitted to revoke that assertion and testify otherwise at trial if allowing the person to testify would be unduly prejudicial to another party. There is no undue prejudice where notice of intent to revoke is provided and the person is made available for deposition sixty (60) days prior to the close of fact discovery. A

24

rebuttable presumption of undue prejudice shall apply, however, if the person, after revoking the assertion of that privilege, is not made available for deposition at least sixty (60) days prior to the close of fact discovery. Notice of intent to revoke the assertion of privilege shall be provided to all Parties in writing. If such notice is provided and the person is not available for deposition until after the close of fact discovery, the revoking person shall make himself or herself available for deposition at his or her expense in San Francisco, California, Detroit, Michigan, New York, or Washington, D.C. Any such deposition shall not count against the total depositions permitted by paragraph III(A).

## XII. MODIFICATIONS TO ORDER

**DISPUTE 1 (continued): Coordination of Depositions of Plaintiffs Named in More Than One Auto Parts Case**

**Plaintiffs' Proposed Language:**

This Deposition Protocol Order is binding on all parties to the Wire Harness Cases, including all current and future parties and all parties to the Automotive Parts Antitrust Litigation, to the extent set forth in Section I of this Order.

**Defendants' Proposed Language:**

This Deposition Protocol Order is binding on all parties to the Wire Harness Cases, including all current and future parties.

This Deposition Protocol Order may be modified only by agreement of the parties or by order of the Court for good cause shown.

## ORDER

IT IS SO ORDERED.

Date: _____

_____
Marianne O. Battani
United States District Judge

LATHAM & WATKINS LLP

Date: January 12, 2015      By:      */s/ Marguerite M. Sullivan*
Marguerite M. Sullivan
LATHAM & WATKINS LLP
555 Eleventh Street NW, Suite 1000
Washington, DC 20004
Telephone: (202) 637-2200
Fax: (202) 637-2201
Marguerite.Sullivan@lw.com

Daniel M. Wall
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
Telephone: (415) 395-0600
Fax: (415) 395-8095
dan.wall@lw.com

David D. Cross
CROWELL & MORING LLP
1001 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Tel: 202-624-2500
Fax: 202-628-5116
dcross@crowell.com

William H. Horton (P31567)
GIARMARCO, MULLINS & HORTON, P.C.
101 West Big Beaver Road, Tenth Floor
Troy, MI 48084-5280
Telephone: 248-457-7060
bhorton@gmhlaw.com

*Attorneys for Defendants Sumitomo Electric
Industries, Ltd.; Sumitomo Wiring Systems,
Ltd.; Sumitomo Electric Wiring Systems, Inc.;
K&S Wiring Systems, Inc.; and Sumitomo
Wiring Systems (U.S.A.) Inc.*

JONES DAY

By:      */s/ John M. Majoras* (w/ consent)

26

Date: January 12, 2015

John M. Majoras
Carmen G. McLean
Kristen Lejnieks
Tiffany Lipscomb-Jackson
JONES DAY
51 Louisiana Ave. N.W.
Washington, D.C. 20001-2113
(202) 879-3939
(202) 626-1700 (facsimile)
jmmajoras@jonesday.com
cgmclean@jonesday.com
Michelle K. Fischer
Stephen J. Squeri
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, OH 44114
(216) 586-3939
(216) 579-0212 (facsimile)
mfischer@jonesday.com
sjsqueri@jonesday.com

*Attorneys for Defendants Yazaki Corporation
and Yazaki North America, Inc.*

LANE POWELL PC

Date: January 12, 2015

By: */s/Larry S. Gangnes*  (w/consent)
Larry S. Gangnes
LANE POWELL PC
1420 Fifth Ave., Suite 4200
P.O. Box 91302
Seattle, WA 98111-9402
Telephone: (206) 223-7000
Facsimile: (206) 223-7107
gangnesl@lanepowell.com

Craig D. Bachman
Kenneth R. Davis II
Darin M. Sands
Tanya Durkee Urbach
Peter D. Hawkes
Masayuki Yamaguchi
LANE POWELL PC
ODS Tower
601 SW Second Ave., Suite 2100
Portland, OR 97204-3158
Telephone: (503) 778-2100
Facsimile: (503) 778-2200
bachmanc@lanepowell.com
davisk@lanepowell.com
sandsd@lanepowell.com
urbacht@lanepowell.com

hawkesp@lanepowell.com
yamaguchim@lanepowell.com

Richard D. Bisio (P30246)
Ronald S. Nixon (P57117)
KEMP KLEIN LAW FIRM
201 W. Big Beaver, Suite 600
Troy, MI 48084
Telephone:  (248) 528-1111
Facsimile:  (248) 528-5129
richard.bisio@kkue.com
ron.nixon@kkue.com

*Attorneys for Defendants Furukawa Electric
Co., Ltd.; and American Furukawa, Inc.*

WILMER CUTLER PICKERING HALE AND
DORR LLP

Date:  January 12, 2015          By:    */s/Steven F. Cherry*  (w/consent)
Steven F. Cherry
David P. Donovan
Brian C. Smith
Kurt G. Kastorf
WILMER CUTLER PICKERING HALE AND
DORR LLP
1875 Pennsylvania Avenue, N.W.
Washington, D.C. 20006
Telephone: (202) 663-6000
Fax: (202) 663-6363
steven.cherry@wilmerhale.com
david.donovan@wilmerhale.com
brian.smith@wilmerhale.com
kurt.kastorf@wilmerhale.com

*Attorneys for Defendants DENSO International
America, Inc. and DENSO Corporation*

Steven M. Zarowny (P33362)
General Counsel
DENSO International America, Inc.
24777 Denso Drive
Southfield, MI 48033
Telephone: (248) 372-8252
Fax:   (248) 213-2551
steve_zarowny@denso-diam.com

*Attorney for Defendant DENSO International
America, Inc.*

28

ARNOLD & PORTER LLP

Date: January 12, 2015     By:    */s/James L. Cooper* (w/consent)
James L. Cooper
Michael A. Rubin
Laura Cofer Taylor
Katherine Clemons
ARNOLD & PORTER LLP
555 Twelfth Street NW
Washington, DC 20004
(202) 942-5000
(202) 942-5999 (facsimile)
james.cooper@aporter.com
michael.rubin@aporter.com
laura.taylor@aporter.com
katherine.clemons@aporter.com

Joanne Geha Swanson (P33594)
Fred Herrmann (P49519)
Matthew L. Powell (P69186)
KERR, RUSSELL AND WEBER, PLC
500 Woodward Avenue, Suite 2500
Detroit, MI 48226
(313) 961-0200
(313) 961-0388 (facsimile)
jswanson@kerr-russell.com
fherrmann@kerr-russell.com
mpowell@kerr-russell.com

*Attorneys for Defendants Fujikura Ltd. and*
*Fujikura Automotive America LLC*

O'MELVENY & MYERS LLP

Date: January 12, 2015

By: */s/Michael F. Tubach* (w/consent)
Michael F. Tubach
O'MELVENY & MYERS LLP
Two Embarcadero Center, 28th Floor
San Francisco, CA 94111
Telephone: (415) 984-8700
Fax: (415) 984-8701
Mtubach@omm.com

Michael R. Turco (P48705)
BROOKS WILKINS SHARKEY & TURCO
PLLC
401 South Old Woodward, Suite 400
Birmingham, MI 48009
Telephone: (248) 971-1713
Fax: (248) 971-1801
turco@bwst-law.com

*Attorneys for Defendants Leoni Wiring Systems,
Inc. and Leonische Holding Inc.*

BUTZEL LONG

Date: January 12, 2015

By: */s/David F. DuMouchel* (w/consent)
David F. DuMouchel (P25658)
George B. Donnini (P66793)
BUTZEL LONG
150 West Jefferson, Suite 100
Detroit, MI 48226
Telephone: (313)225-7000
dumouchd@butzel.com
donnini@butzel.com

W. Todd Miller
BAKER & MILLER PLLC
2401 Pennsylvania Ave., NW, Suite 300
Washington, DC 20037
Telephone: (202)663-7820
TMiller@bakerandmiller.com

*Attorneys for Defendants Tokai Rika Co., Ltd.
and TRAM, Inc.*

30

PORTER WRIGHT MORRIS & ARTHUR LLP

Date: January 12, 2015          By:     */s/ Donald M. Barnes* (w/consent)
                                        Donald M. Barnes
                                        Jay L. Levine
                                        Salvatore A. Romano
                                        John C. Monica
                                        Molly S. Crabtree
                                        Karri N. Allen
                                        PORTER WRIGHT MORRIS & ARTHUR LLP
                                        1919 Pennsylvania Ave., NW, Ste 500
                                        Washington, DC 20006
                                        Telephone: (202) 778-3054
                                        Facsimile: (202) 778-3063
                                        dbarnes@porterwright.com
                                        sromano@porterwright.com
                                        jmonica@porterwright.com
                                        mcrabtree@porterwright.com
                                        kallen@porterwright.com


                                        *Attorneys for Defendants G.S. Electech, Inc.,*
                                        *G.S.W. Manufacturing, Inc., and G.S. Wiring*
                                        *Systems, Inc.*


Date: January 12, 2015          By:     /s/ Joseph C. Kohn
                                        William E. Hoese
                                        Douglas A. Abrahams
                                        KOHN, SWIFT & GRAF, P.C.
                                        One South Broad Street, Suite 2100
                                        Philadelphia, PA 19107
                                        Telephone: (215) 238-1700
                                        jkohn@kohnswift.com
                                        whoese@kohnswift.com
                                        dabrahams@kohnswift.com

31

Gregory P. Hansel
Randall B. Weill
Michael S. Smith
PRETI, FLAHERTY, BELIVEAU
   & PACHIOS LLP
One City Center, P.O. Box 9546
Portland, ME  04112-9546
Telephone:  (207) 791-3000
ghansel@preti.com
rweill@preti.com
msmith@preti.com

Steven A. Kanner
William H. London
Michael E. Moskovitz
Michael L. Silverman
FREED KANNER LONDON & MILLEN
LLC
2201 Waukegan Road, Suite 130
Bannockburn, IL  60015
Telephone:  (224) 632-4500
skanner@fklmlaw.com
blondon@fklmlaw.com
mmoskovitz@fklmlaw.com
msilverman@fklmlaw.com

David H. Fink
FINK ASSOCIATES LAW
100 West Long Lake Road
Suite 111
Bloomfield Hills, MI 48304
248-971-2500
Fax: 248-971-2600
dfink@finkandassociateslaw.com

/s/ Eugene A. Spector
William G. Caldes
Jonathan M. Jagher
Jeffrey L. Spector
SPECTOR ROSEMAN KODROFF
   & WILLIS, P.C.
1818 Market Street, Suite 2500
Philadelphia, PA  19103
Telephone:  (215) 496-0300
espector@srkw-law.com
bcaldes@srkw-law.com

jjagher@srkw-law.com
jspector@srkw-law.com

*Interim Co-Lead Counsel for the Direct
Purchaser Plaintiffs*

Date:  January 12, 2015        By:   /s/ Don Barrett
                                     David McMullan
                                     Brian Herrington
                                     Barrett Law Group, P.A.
                                     P.O. Box 927
                                     404 Court Square
                                     Lexington, MS 39095
                                     Telephone: (662) 834-2488
                                     Email: dbarrett@barrettlawgroup.com
                                     bherrington@barrettlawgroup.com
                                     dmcmullan@barrettlawgroup.com

                                     Jonathan W. Cuneo
                                     Joel Davidow
                                     Victoria Romanenko
                                     Cuneo Gilbert & LaDuca, LLP
                                     507 C Street, N.E.
                                     Washington, DC 20002
                                     Phone:  (202) 789-3960
                                     Fax: (202) 789-1813
                                     Email: jonc@cuneolaw.com
                                     Joel@cuneolaw.com
                                     Vicky@cuneolaw.com

                                     Gerard V. Mantese (Michigan Bar No. P34424)
                                     David Hansma (Michigan Bar No. P71056)
                                     Brendan Frey (Michigan Bar No. P70893)
                                     Joshua Lushnat (Michigan Bar No. P75319)
                                     MANTESE HONIGMAN ROSSMAN and
                                     WILLIAMSON, P.C.
                                     1361 E. Big Beaver Road
                                     Troy, Michigan 48083
                                     Phone: (248) 457-9200 ext. 203
                                     Fax: (248) 457-9201
                                     Email: gmantese@manteselaw.com
                                     dhansma@manteselaw.com
                                     bfrey@manteselaw.com
                                     jlushnat@manteselaw.com

                                     Shawn M. Raiter

*Interim Co-Lead Counsel for the Automobile Dealer Plaintiffs*

Date: January 12, 2015     By:    /s/ Hector Torres
Hector Torres
Edward E. McNally
Cindy C. Kelly
KASOWITZ, BENSON, TORRES
& FRIEDMAN LLP
1633 Broadway
New York, New York 10019
(212) 506-1700
htorres@kasowitz.com
emcnally@kasowitz.com
ckelly@kasowitz.com

Eric J. Pelton (P40635)
Theodore R. Opperwall (P31374)
Ryan D. Bohannon (P73394)
KIENBAUM OPPERWALL
HARDY & PELTON, P.L.C.
280 N. Old Woodward Avenue,
Ste. 400
Birmingham, Michigan 48009
(248) 645-0000
epelton@kohp.com
topperwall@kohp.com
rbohannon@kohp.com

*Attorneys for Plaintiff Ford Motor Co.*