# Exhibit E

Case 2:12-md-02311-SFC-RSW   ECF No. 909-6, PageID.11903   Filed 03/06/15   Page 2 of 7
Status Conference / Motion Hearings • January 28, 2015

1

```
 1                  UNITED STATES OF AMERICA

 2                EASTERN DISTRICT OF MICHIGAN

 3                      SOUTHERN DIVISION
                           -   -   -
 4

 5
      IN RE:  AUTOMOTIVE PARTS          Master File No. 12-md-02311
 6    ANTITRUST LITIGATION              Hon. Marianne O. Battani

 7   _____/

 8
                   STATUS CONFERENCE / MOTION HEARINGS
 9
                BEFORE THE HONORABLE MARIANNE O. BATTANI
10                    United States District Judge
                Theodore Levin United States Courthouse
11                   231 West Lafayette Boulevard
                            Detroit, Michigan
12                   Wednesday, January 28, 2015

13   APPEARANCES:

14
     **Direct Purchaser Plaintiffs:**
15

16   WILLIAM G. CALDES
     **SPECTOR, ROSEMAN, KODROFF & WILLIS, P.C.**
17   1818 Market Street, Suite 2500
     Philadelphia, PA  19103
18   (215) 496-0300

19
     MANUEL J. DOMINGUEZ
20   **COHEN MILSTEIN**
     3507 Kyoto Gardens Drive, Suite 200
21   Palm Beach Gardens, FL  33410
     (561) 578-6850

22

23   DAVID H. FINK
     **FINK & ASSOCIATES LAW**
24   100 West Long Lake Road, Suite 111
     Bloomfield Hills, MI  48304
25   (248) 971-2500
```

1   appeals for it, but let me put my two cents' worth in here.
2           I was thinking about the depositions for the
3   individual plaintiffs in all of the auto parts. I have been
4   thinking about the issue, do you take a deposition of each
5   plaintiff in each part? That's impossible, that is not going
6   to happen. First of all, certainly end payers and, unless
7   somebody could convince me otherwise, auto dealers don't buy
8   cars by parts, they buy the car. Certainly your end payers
9   probably don't even know these parts exist in their cars. So
10  I would assume, and I don't know this, but I would assume
11  what you want to know is about how much they paid for the car
12  and where they purchased the car, that type of thing. And I
13  would also assume that that's true for every defendant would
14  want this basic information and that this can all be done in
15  one deposition of a named plaintiff.
16          I don't know in detail what you have discussed in
17  your protocol but, you know, maybe I'm jumping the gun here
18  but I'm throwing this out because this case has to move along
19  with a little more swiftness, and that is that it is my
20  intention to do something -- I mean, if we have to innovative
21  we will be innovative but that there be one deposition.
22          So, Mr. Williams, before I go on, go ahead.
23          MR. WILLIAMS: I just want to respond, Your Honor,
24  to your point. This actually was a matter that the parties
25  discussed and mediated with Mr. Esshaki.

 1   duplication unless it comes before me first that you need a
 2   second deposition, let me start with that, because we just
 3   cannot start doing two depositions or more of everyone, so
 4   I'm not barring it, I'm just saying I need to know why.
 5            MS. SULLIVAN:  Your Honor, for the wire harness
 6   defendants, our primary concern is that our depositions are
 7   not delayed and because many of the other cases are far
 8   behind us we have been concerned that if there is a ruling
 9   that only one deposition may occur across the entire auto
10   parts MDL that we will then have to wait for those other
11   cases to catch up, and it is very important to us that we not
12   have to wait.  As you know, we have been in discovery in this
13   case for a very long time, and we would like to move forward
14   with our depositions.
15            THE COURT:  Well, you may have to wait, you may
16   have to wait.  I don't think this is a big deal.  I think
17   that every one of these defendants knows right now what
18   information they want from each person.
19            MS. STORK:  Your Honor if I could just say a word?
20   Good morning.  My name is Anita Stork and I represent
21   Alps Electric, with case number 4, heater control panels, and
22   I also represent another defendant who was just recently
23   served in fuel injection systems, namely Tahen (phonetic)
24   North America.
25            I think -- and I know that we are all for

```
 1   need to be asked.  It is just very difficult when you have
 2   only just been served and other defendants have been in their
 3   wire harness case for four years to immediately know what
 4   your client who just got the summons really needs to ask.
 5            THE COURT:  Okay.
 6            MS. STORK:  Thank you, Your Honor.
 7            THE COURT:  Mr. Williams?
 8            MR. WILLIAMS:  Just speaking on behalf of end
 9   payers, we are all in favor of doing whatever we would need
10   to do to avoid duplication.  We had offered across all the
11   cases to make our discovery responses in the first cases
12   available to all defendants, and we think that it makes a lot
13   of sense to think of ways to avoid the duplication.  I think
14   the suggestions the Court made makes a lot of sense.  From
15   the top of my head, an alternative could also be a set of
16   depositions upon written questions for the basic facts of
17   purchases.  There are a lot of creative ways -- really not
18   that creative ways to do this to create efficiencies that the
19   Court is talking about, and we for the end payers will do
20   everything we can to make that happen and to not cause any
21   delay for defendants whether they have been in the cases or
22   whether they are new defendants.
23            THE COURT:  All right.
24            MR. KANNER:  Good morning, Your Honor.
25   Steve Kanner on behalf of direct purchasers.
```

Case 2:12-md-02311-SFC-RSW   ECF No. 909-6, PageID.11907   Filed 03/06/15   Page 6 of 7
Status Conference / Motion Hearings • January 28, 2015

32

```
 1   Your Honor suggested, being creative and innovative.
 2              THE COURT:  Okay.
 3              MR. KANNER:  Thank you, Your Honor.
 4              MS. SULLIVAN:  Your Honor, just very briefly to
 5   respond to one of Mr. Williams' suggestion about some form of
 6   written questioning.  We have served written discovery
 7   requests on the plaintiffs and really have not been able to
 8   collect the information that we need from them.  We really do
 9   need to move forward with depositions.  We've been working
10   hard with the plaintiffs to set a class certification
11   schedule, and I believe that that proposed schedule will be
12   filed today with the Court, so we have succeeded in agreeing
13   upon a schedule and it really is critical that we move
14   forward now and take the depositions that we need in the wire
15   harness case so that we can meet those deadlines for class
16   certification that the parties agreed upon.
17              THE COURT:  All right.  I have to tell you, even
18   though I want you to go ahead with the class cert for the
19   wire harness as we discussed at our last meeting, and, again,
20   I think we mentioned this at the last meeting, I don't know
21   that that's going to be the way it is going to go for the
22   future but we need to get one of these class certs under our
23   belt so we see where we are heading, but, but I am not going
24   to allow the depositions to go forward on the one part, I'm
25   simply not going to do that.  You will have to get together
```

```
 1   and there is some urgency here because wire harness does need
 2   to proceed, but you are going to have to do these depositions
 3   on behalf of all of the defendants.
 4           I'm not asking you to do them written first, you
 5   can start taking your depositions, but what we need to know
 6   what's the template, what's the template of the questions
 7   that are going to be asked, and who amongst the defendants --
 8   which groups are going to actually be taking the depositions.
 9   So you will have to get together, form a group of, I don't
10   know, three, four, five -- well there are a lot of defendants
11   so you can decide how many you want to take the depositions
12   but only one person is going to be questioning at a time.
13   And we are going to hold it up because I think it is well
14   worth it to extend the class cert a little bit in order to
15   get this all done, but I really don't see any reason why it
16   could not be done with, for the most part, a single dep.  And
17   I say for the most part because I really -- you know your
18   cases and you know there may be something specific that you
19   have to ask but how you do it I don't know.
20           And, Gene, I would like to address to you because
21   this may change whatever you have done in the protocol, but
22   we need like a time period in which the defendants can submit
23   either individually their list of questions they would ask
24   each end payer and each auto dealer, recognizing the auto
25   dealers may be a little different than the end payers, or
```