# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

|  |  |
|---|---|
| IN RE: AUTOMOTIVE PARTS ANTITRUST LITIGATION | Master File No. 12-md-02311<br>Hon. Marianne O. Battani |
| IN RE ALTERNATORS | Case No. 2:13-cv-00703-MOB-MKM |
| IN RE STARTERS | Case No. 2:13-cv-01103-MOB-MKM |
| IN RE IGNITION COILS | Case No. 2:13-cv-01403-MOB-MKM |
| IN RE MOTOR GENERATORS | Case No. 2:13-cv-01503-MOB-MKM |
| IN RE INVERTERS | Case No. 2:13-cv-01803-MOB-MKM |
| IN RE AIR FLOW METERS | Case No. 2:13-cv-02003-MOB-MKM |
| IN RE FUEL INJECTION SYSTEMS | Case No. 2:13-cv-02203-MOB-MKM |
| IN RE VALVE TIMING CONTROL DEVICES | Case No. 2:13-cv-02503-MOB-MKM |
| IN RE ELECTRONIC THROTTLE BODIES | Case No. 2:13-cv-02603-MOB-MKM |
| THIS DOCUMENT RELATES TO:<br><br>ALL END-PAYOR ACTIONS | |

## [PROPOSED] ORDER GRANTING END-PAYOR PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF PROPOSED SETTLEMENT WITH HITACHI AUTOMOTIVE SYSTEMS, LTD. AND PROVISIONAL CERTIFICATION OF SETTLEMENT CLASSES

Upon consideration of End-Payor Plaintiffs' Motion for Preliminary Approval of Proposed Settlement with Defendant Hitachi Automotive Systems, Ltd. ("HIAMS") and Provisional Certification of Settlement Classes ("Motion"), it is hereby **ORDERED** as follows:

1. The Motion is hereby **GRANTED**.

2. Unless otherwise set forth herein, defined terms in this Order shall have the same meaning ascribed to them in the Settlement Agreement.

Preliminary Approval of Settlement Agreement

3. The terms of the Settlement Agreement are hereby preliminarily approved, including the release contained therein, as being fair, reasonable, and adequate to the Settlement Classes, subject to a Fairness Hearing. The Court finds that the Settlement Agreement was entered into at arm's length by experienced counsel and is sufficiently within the range of reasonableness that notice of the Settlement Agreement should be given, pursuant to a plan to be submitted by Settlement Class Counsel and approved by the Court at a later date as provided in this Order.

Class Certification

4. Pursuant to Federal Rule of Civil Procedure ("Rule") 23, and in light of the proposed settlement, the Court hereby finds that the prerequisites for a class action have been met and provisionally certifies the following classes for settlement purposes ("Settlement Classes"):

    a. "Alternators Settlement Class" is defined as:

All persons and entities from January 1, 2000, through the Execution Date of this Agreement between HIAMS and End-Payor Plaintiffs who: indirectly purchased and/or leased one or more Alternators in the United States, not for resale (i) as a component in a new vehicle or (ii) as a stand-alone product. Excluded from the Settlement Class are Defendants, their parent companies, subsidiaries and affiliates, any co-conspirators, federal governmental entities and instrumentalities of the federal government, states and their subdivisions, agencies and instrumentalities, and persons who purchased Alternators directly or for resale.

    b. "Starters Settlement Class" is defined as:

All persons and entities from January 1, 2000, through the Execution Date of this Agreement between HIAMS and End-Payor Plaintiffs who: indirectly purchased and/or leased one or more Starters in the United States not for resale (i) as a component in a new vehicle or (ii) as a stand-alone product. Excluded from the Settlement Class are Defendants, their parent companies, subsidiaries and affiliates, any co-conspirators, federal governmental entities and instrumentalities

of the federal government, states and their subdivisions, agencies and instrumentalities, and persons who purchased Starters directly or for resale.

c.      "Ignition Coils Settlement Class" is defined as:

All persons and entities from January 1, 2000, through the Execution Date of this Agreement between HIAMS and End-Payor Plaintiffs who: indirectly purchased and/or leased one or more Ignition Coils in the United States not for resale (i) as a component in a new vehicle or (ii) as a stand-alone product. Excluded from the Settlement Class are Defendants, their parent companies, subsidiaries and affiliates, any co-conspirators, federal governmental entities and instrumentalities of the federal government, states and their subdivisions, agencies and instrumentalities, and persons who purchased Ignition Coils directly or for resale.

d.      "Motor Generators Settlement Class" is defined as:

All persons and entities from January 1, 2000, through the Execution Date of this Agreement between HIAMS and End-Payor Plaintiffs who: indirectly purchased and/or leased one or more Motor Generators in the United States not for resale (i) as a component in a new vehicle or (ii) as a stand-alone product. Excluded from the Settlement Class are Defendants, their parent companies, subsidiaries and affiliates, any co-conspirators, federal governmental entities and instrumentalities of the federal government, states and their subdivisions, agencies and instrumentalities, and persons who purchased Motor Generators directly or for resale.

e.      "Inverters Settlement Class" is defined as:

All persons and entities from January 1, 2000, through the Execution Date of this Agreement between HIAMS and End-Payor Plaintiffs who: indirectly purchased and/or leased one or more Inverters in the United States not for resale (i) as a component in a new vehicle or (ii) as a stand-alone product. Excluded from the Settlement Class are Defendants, their parent companies, subsidiaries and affiliates, any co-conspirators, federal governmental entities and instrumentalities of the federal government, states and their subdivisions, agencies and instrumentalities, and persons who purchased Inverters directly or for resale.

f.      "Fuel Injection Systems Settlement Class" is defined as:

All persons and entities from January 1, 2000, through the Execution Date of this Agreement between HIAMS and End-Payor Plaintiffs who: indirectly purchased and/or leased one or more Fuel Injection Systems in the United States not for resale (i) as a component in a new vehicle or (ii) as a stand-alone product. Excluded from the Settlement Class are Defendants, their parent companies, subsidiaries and affiliates, any co-conspirators, federal governmental entities and instrumentalities of the federal government, states and their subdivisions, agencies

and instrumentalities, and persons who purchased Fuel Injection Systems directly or for resale.

  g. "Valve Timing Control Devices Settlement Class" is defined as:

All persons and entities from January 1, 2000, through the Execution Date of this Agreement between HIAMS and End-Payor Plaintiffs who: indirectly purchased and/or leased one or more Valve Control Timing Devices in the United States not for resale (i) as a component in a new vehicle or (ii) as a stand-alone product. Excluded from the Settlement Class are Defendants, their parent companies, subsidiaries and affiliates, any co-conspirators, federal governmental entities and instrumentalities of the federal government, states and their subdivisions, agencies and instrumentalities, and persons who purchased Valve Timing Control Devices directly or for resale.

  h. "Air Flow Meters Settlement Class" is defined as:

All persons and entities from January 1, 2000, through the Execution Date of this Agreement between HIAMS and End-Payor Plaintiffs who: indirectly purchased and/or leased one or more Air Flow Meters in the United States not for resale (i) as a component in a new vehicle or (ii) as a stand-alone product. Excluded from the Settlement Class are Defendants, their parent companies, subsidiaries and affiliates, any co-conspirators, federal governmental entities and instrumentalities of the federal government, states and their subdivisions, agencies and instrumentalities, and persons who purchased Air Flow Meters directly or for resale.

  i. "Electronic Throttle Bodies Settlement Class" is defined as:

All persons and entities from January 1, 2000, through the Execution Date of this Agreement between HIAMS and End-Payor Plaintiffs who: indirectly purchased and/or leased one or more Electronic Throttle Bodies in the United States not for resale (i) as a component in a new vehicle or (ii) as a stand-alone product. Excluded from the Settlement Class are Defendants, their parent companies, subsidiaries and affiliates, any co-conspirators, federal governmental entities and instrumentalities of the federal government, states and their subdivisions, agencies and instrumentalities, and persons who purchased Electronic Throttle Bodies directly or for resale.

  5. The Court finds that provisional certification of the Settlement Classes is warranted in light of the Settlement Agreement because: (a) the Settlement Classes are so numerous that joinder is impracticable; (b) End-Payor Plaintiffs' claims present common issues and are typical of the Settlement Classes; (c) End-Payor Plaintiffs and Settlement Class Counsel

4

(defined below) will fairly and adequately represent the Settlement Classes; and (d) common issues predominate over any individual issues affecting the members of the Settlement Classes. The Court further finds that End-Payor Plaintiffs' interests are aligned with the interests of all other members of the Settlement Classes. The Court also finds settlement of this action on a class basis superior to other means of resolving the matter.

### Appointment of Settlement Class Counsel

6. The Court hereby appoints Cotchett, Pitre & McCarthy LLP, Robins Kaplan LLP, and Susman Godfrey L.L.P. as Settlement Class Counsel, having determined that the requirements of Rule 23(g) are fully satisfied by this appointment.

7. Each End-Payor Plaintiff class representative named in the Complaint will serve as End-Payor Plaintiff class representative on behalf of the Settlement Classes.

### Notice to Potential Class Members

1. Prior to the Fairness Hearing, Settlement Class Counsel shall provide notice of the Settlement Agreement and the Fairness Hearing to all persons affected by and/or entitled to participate in the Settlement Agreement in compliance with the notice requirements of Rule 23 and due process of law. Such means of providing notice will be addressed in a subsequent Order following submission by End-Payor Plaintiffs at a later date of a proposal for notice to the Settlement Classes and related forms for notice, claims and distribution ("Notice Motion").

2. The Notice Motion shall include a proposed form of, method for, and date of dissemination of notice and the date on which the notice is mailed shall be the "Notice Date."

### Other Provisions

3. In the event that the Settlement Agreement is terminated in accordance with its provisions, the Settlement Agreement and all proceedings had in connection therewith shall be

null and void, except insofar as expressly provided to the contrary in the Settlement Agreement, and without prejudice to the status quo and rights of End-Payor Plaintiffs, HIAMS, and the members of the Settlement Classes.

4. The Court's provisional certification of the Settlement Classes as provided herein is without prejudice to, or waiver of, the rights of any Defendants to contest certification of any other class proposed in these coordinated actions. The Court's findings in this Order shall have no effect on the Court's ruling on any motion to certify any class in these actions or on the Court's ruling(s) concerning any Defendant's motion; and no party may cite or refer to the Court's approval of the Settlement Classes as persuasive or binding authority with respect to any motion to certify any such class or any Defendant's motion.

5. The Court approves the establishment of nine escrow accounts—one for each of the Settlement Classes—under the Settlement Agreement as qualified settlement funds ("QSF") pursuant to Internal Revenue Code Section 468B and the Treasury Regulations promulgated thereunder, and retains continuing jurisdiction as to any issue that may arise in connection with the formation and/or administration of the QSF. Settlement Class Counsel are, in accordance with the Settlement Agreement, authorized to expend funds from the QSF for the payment of the costs of notice, payment of taxes, and settlement administration costs.

6. The litigation against Releasees (as defined in the settlement agreement with HIAMS), in particular HIAMS, Hitachi Automotive Systems Americas, Inc. and Hitachi, Ltd. is stayed except to the extent necessary to effectuate the Settlement Agreement.

Dated: _____, 2015     _____
                                                                      HON. MARIANNE O. BATTANI
                                                                       U.S. DISTRICT JUDGE