# EXHIBIT 1

REDACTED

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | | |
|---|---|---|
| IN RE AUTOMOTIVE PARTS ANTITRUST LITIGATION | : : : | Master File No. 12-md-02311 Honorable Marianne O. Battani |
| In Re: Wire Harness Cases In Re: All Auto Parts Cases | : : : : : : : | 2:12-cv-00100-MOB-MKM 2:12-md-02311-MOB-MKM |
| THIS DOCUMENT RELATES TO: All Wire Harness Cases All Auto Parts Cases | : : : : | |

## DEALERHIP PLAINTIFFS' SUR-REPLY IN RESPONSE TO DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION FOR CLARIFICATION

REDACTED

## TABLE OF MOST CONTROLLING AUTHORITIES

*In re Optical Disk Drive Prods. Antitrust Litig.*, No. 3:10-md-2143 RS (JCS), 9/23/2013 Order

Re Deposition Protocol No. 2, Attached as Ex. B to Dealership Plaintiffs' Response to

Defendants' Motion for Clarification

Transcript of January 28, 2015 Status Conference, Attached as Ex. A to Dealership Plaintiffs'

Response to Defendants' Motion for Clarification

*In re Workers' Compensation*, 130 F.R.D. 99 (D. Minn.1990)

*Merenda v. VHS of Michigan, Inc.*, 296 F.R.D. 528 (E.D. Mich. September 13, 2013)

REDACTED

# TABLE OF CONTENTS

TABLE OF MOST CONTROLLING AUTHORITIES.....................................................ii

TABLE OF CONTENTS...........................................................................................iii

TABLE OF AUTHORITIES ....................................................................................iv

Introduction...........................................................................................................1

    A.  As Demonstrated by Dealerships' Proposed Order, filed on April 6, Dealerships Have Agreed to Produce over 100 Fields of Data, which in combination with the 7-hour Deposition the Court has Ordered should satisfy Defendants' Informational Needs ..........1

    B.  In any Event, Defendants' Arguments Regarding Individualized Damage Analyses Cannot Justify Almost 2,000 Hours of Dealership Depositions ......................................................4

REDACTED

# **TABLE OF AUTHORITIES**

**Cases**

*In re Cardizem CD Antitrust Litig.* 200 F.R.D. 326 (E.D.Mich. April 3, 2001)............................ 5

*In re Flat Glass Antitrust Litigation*, 191 F.R.D. 472 (W.D.Pa.1999) ........................................ 6

*In re TFT-LCD (Flat Panel) Antitrust Litig.*, 267 F.R.D. 583 (N.D.Cal. 2010)............................ 5

*In re Visa/Mastermoney Antitrust Litig.*, 192 F.R.D. 68 (E.D.N.Y. 2000), *aff'd*, 280 F.3d 124 (2d
   Cir. 2001), *cert. denied sub nom* ............................................................................................... 5

*In re Workers' Compensation*, 130 F.R.D. 99 (D. Minn.1990) ................................................. 4, 5

*Merenda v. VHS of Michigan, Inc.*, 296 F.R.D. 528 (E.D. Mich. September 13, 2013) ............... 6

*Yokoyama v. Midland Nat. Life Ins. Co.*, 594 F.3d 1087 (9th Cir.2010)....................................... 5

REDACTED

**Introduction**

In their Reply in Support of their Motion for Clarification (Doc. 929 in Case No. 2:12-md-02311) ("Reply") Defendants for the first time argue that Dealership and End-Payor Classes cannot be certified based on a number of factors and influences, that they argue will not be addressed in Dealerships' document and data production.  Defendants also make statements that confuse the issue of what Dealership Plaintiffs have agreed to produce.  Dealership Plaintiffs provide this sur-reply to address these two issues and demonstrate that the Court's statement that Defendants should be able to address the information they need "in one deposition of a named plaintiff" remains true.  *See* Ex. A to Dealership Plaintiffs' Response to Defendants' Motion for Clarification, 2:12-md-02311-MOB-MKM, Doc # 916-1, at 24.[1]

**A.      As Demonstrated by Dealerships' Proposed Order, filed on April 6, Dealerships Have Agreed to Produce over 100 Fields of Data, which in combination with the 7-hour Deposition the Court has Ordered should satisfy Defendants' Informational Needs**

On April 6, 2015, Dealership Plaintiffs filed their [Proposed] Order Resolving Defendants' Motion to Compel Downstream Discovery and Defendants' Outstanding Discovery Requests, ("Proposed Order"), attached here as **Ex. A**, and attached as Exhibit F to Dealership Plaintiffs' Motion to Resolve Defendants' Motion to Compel Downstream Discovery and Outstanding Requests (Doc Nos. 297 and 299 in Case No. 2:12-cv-00102-MOB-MKM). Dealership Plaintiff requested that the Master enter this proposed order, pursuant to which

---

[1] Defendants incorrectly state that their motion has been resolved.  The issue of how many depositions may be taken of each Dealership Plaintiff was raised by Defendants' motion to this Court, but has not yet been resolved.  The Special Master issued an Order after withdrawing the Wire Harness Protocol at the most recent status conference, directing the parties "to meet and confer" and develop a "universal deposition protocol." *See* 2:12-cv-00100-MOB-MKM (Doc. # 275) at 2.

Dealership Plaintiffs would produce over 100 categories of data.  This data covers much of the information Defendants state they need.

Defendants say they require information about holdbacks, incentives, interest rates, consumer financing, trade-ins, other products purchased ("add-ons" according to Defendants) and warranties.  Dealership Plaintiffs have agreed to produce the following categories of data, in Attachment A to the Proposed Order they have requested the Master to enter:



This is all information Dealerships are agreeing to produce, on a defined schedule set out in the Proposed Order.  *See* Proposed Order ¶¶3-5.[2]  Dealerships do not intend to raise objections to production of any of these categories of information. This Proposed Order was provided to Defendants on March 23 and the parties had a further meet and confer regarding Dealerships' offer, on April 2.

---

[2] Defendants incorrectly assert that Dealerships have been required to produce this information since January 7.  Under the January 7 Stipulation between Dealerships and Defendants, Dealerships agreed to seek data from third-party DMS providers that was requested in Defendants' subpoenas.  Stipulation and Order Regarding Certain Defendants' Motion to Compel Downstream Discovery from Auto Dealer Plaintiffs, Case No. 2:12-cv-00102-MOB-MKM, (Doc. # 251) (Filed January 7, 2015), at ¶4.  The providers who held the vast majority of Dealerships' data have filed Motions to Quash fighting this production and preventing Dealerships from obtaining this data from them.  Dealerships have thus agreed to take on the burden of this production themselves.

REDACTED

If, after reviewing all of this information, Defendants have questions regarding effects on vehicle pricing, to the extent they do not believe that is apparent from the various productions, they can ask those questions at "a single deposition of most of these named plaintiffs," as the Court instructed at the January 28 Status Conference. Ex. A to Dealership Plaintiffs' Response to Defendants' Motion for Clarification, at 26.  This will amount to 315 hours total of Dealership Depositions (7 hours for forty-five Dealers).  It is difficult to understand how hundreds of hours of depositions would be insufficient to address questions about data Defendants will have already reviewed.  There is no cause for six days of depositions of each of the forty-five Dealerships (plus the required preparation time for each deposition), to discuss information Defendants will have received.

Defendants suggest that they cannot put on their defense against Dealerships' and End-Payors' motions for class certification without six days of depositions of each Dealership, but Defendants did not need that much time for Direct or Indirect purchaser class representative depositions, in *Optical Disk Drive*, where one of the lead defense counsel—Latham and Watkins—was the same defense counsel requesting six says of depositions per Dealer here. *See* Ex. B to Dealership Plaintiffs' Response to Certain Defendants' Motion for Clarification, Case No. 2:12-cv-00100-MOB-MKM, (Doc # 280-2) (Filed 03/23/15), ¶(I)H. In that case, one deposition of each Direct and Indirect Purchaser was sufficient.  That case is a bid-rigging and

3

REDACTED

price-fixing conspiracy case, like this. There is no reason why six times as many depositions are needed here.

The burden of six days of depositions per Dealership is especially important to consider here, when there are forty-five Dealerships, and six days of depositions for each would result in an enormous number of depositions. The burden of participating in all of these depositions would be added to Dealerships' burden of producing documents for over a year in this litigation, as well as the upcoming burden of the downstream data production Dealerships have agreed to undertake.  All of these burdens could very well prevent Dealerships from pursuing their claims in this litigation.  Dealerships therefore respectfully request that this Court find that the one deposition per named plaintiff it described at the status conference is appropriate. Ex. A to Dealership Plaintiffs' Response to Defendants' Motion for Clarification, at 24, 26.[3]

**B.    In any Event, Defendants' Arguments Regarding Individualized Damage Analyses Cannot Justify Almost 2,000 Hours of Dealership Depositions**

As stated above, Defendants argue that it is necessary to have six days of depositions of each of the forty-five Dealership Plaintiffs, in order to explore the effect that factors like incentives, warranties and holdback had on prices.  But these are issues that only contribute to an individualized damages analysis and such an analysis cannot defeat class certification.  *See In re Workers' Compensation*, 130 F.R.D. 99, 110 (D. Minn.1990).  The argument that there are "multiple factors which affect rates" relates to "damages rather than impact or injury."  *Workers' Compensation*, 130 F.R.D. at 110. As has been stated in this District in another indirect purchaser case, examination of "each class member's individual circumstance" "will relate to the

---

[3] Dealerships note that, contrary to Defendants' statements, Dealerships stated at the mediation that one deposition per Dealership should be sufficient.

REDACTED

quantum of damages; not the fact of injury." *In re Cardizem CD Antitrust Litig.* 200 F.R.D. 326,

341 (E.D.Mich. April 3, 2001). "Non-uniformity of the prices at which plaintiffs purchased their

goods is not fatal to certification." *Workers' Compensation*, 130 F.R.D. at 108. "As long as the

existence of a conspiracy is the overriding question, then the class has met its predominance

requirement." *Id.* at 108-09. "[T]he presence of individualized defenses . . . going only to

damages are generally regarded as no barrier to class certification." *In re Visa/Mastermoney*

*Antitrust Litig.*, 192 F.R.D. 68, 86 (E.D.N.Y. 2000), *aff'd*, 280 F.3d 124 (2d Cir. 2001), *cert.*

*denied sub nom.* As was stated in *TFT-LCD*, "damage calculations alone cannot defeat

certification. '[T]he amount of damages is invariably an individual question and does not defeat

class action treatment.'" *In re TFT-LCD (Flat Panel) Antitrust Litig.*, 267 F.R.D. 583, 606

(N.D.Cal. 2010) (quoting *Yokoyama v. Midland Nat. Life Ins. Co.*, 594 F.3d 1087, 1094 (9th

Cir.2010)).

      As stated in an antitrust case in the Eastern District of Michigan "courts have recognized

that common issues often predominate as to the liability element of an antitrust conspiracy claim

because 'consideration of the conspiracy issue would, of necessity, focus on defendants'

conduct, not the individual conduct of the putative class members." *Merenda v. VHS of*

*Michigan, Inc.*, 296 F.R.D. 528, 548 (E.D. Mich. September 13, 2013) (quoting *In re Flat Glass*

*Antitrust Litigation*, 191 F.R.D. 472, 484 (W.D.Pa.1999)). Given that the topics Defendants

have described in their Reply do not defeat class certification, six days of depositions per Dealer

cannot be justified to explore them. Rather, it is Defendants' conduct that is the most crucial for

proving Dealerships' claims. The "one deposition of a named plaintiff" this Court prescribed at

the most recent Status Conference is appropriate.

REDACTED

Date:  April 13, 2015                   Respectfully submitted,

                                        */s/ Jonathan W. Cuneo*
                                        Jonathan W. Cuneo
                                        Joel Davidow
                                        Victoria Romanenko
                                        Yifei Li
                                        **CUNEO GILBERT & LADUCA, LLP**
                                        507 C Street, N.E.
                                        Washington, DC 20002
                                        Telephone: (202) 789-3960
                                        Facsimile: (202) 789-1813
                                        jonc@cuneolaw.com
                                        joel@cuneolaw.com
                                        vicky@cuneolaw.com
                                        evelyn@cuneolaw.com

                                        *s/ Shawn M. Raiter*
                                        Shawn M. Raiter
                                        **LARSON • KING, LLP**
                                        2800 Wells Fargo Place
                                        30 East Seventh Street
                                        St. Paul, MN  55101
                                        Telephone: (651) 312-6500
                                        Facsimile: (651) 312-6618
                                        sraiter@larsonking.com

                                        */s/ Don Barrett*
                                        Don Barrett
                                        David McMullan
                                        Brian Herrington
                                        **BARRETT LAW GROUP, P.A.**
                                        P.O. Box 927
                                        404 Court Square
                                        Lexington, MS 39095
                                        Telephone: (662) 834-2488
                                        Facsimile: (662) 834-2628
                                        dbarrett@barrettlawgroup.com
                                        bherrington@barrettlawgroup.com
                                        dmcmullan@barrettlawgroup.com

                                        *Interim Co-Lead Class Counsel for the Proposed
                                        Automobile Dealer Plaintiff Classes*

6

REDACTED

*/s/ Gerard V. Mantese*
Gerard V. Mantese
David Hansma
Joshua Lushnat
**MANTESE HONIGMAN ROSSMAN AND WILLIAMSON, P.C.**
1361 E. Big Beaver Road
Troy, MI 48083
Phone: (248) 457-9200 ext. 203
Fax: (248) 457-9201
gmantese@manteselaw.com
dhansma@manteselaw.com
jlushnat@manteselaw.com

*Interim Liaison Counsel for the Proposed Automobile Dealer Plaintiff Classes*

7

REDACTED

# EXHIBIT A

REDACTED

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

|  |  |
|---|---|
| IN RE: AUTOMOTIVE PARTS ANTITRUST LITIGATION | : : : | Master File No. 12-md-02311 Honorable Marianne O. Battani |

IN RE: AUTOMOTIVE PARTS    :  Master File No. 12-md-02311
ANTITRUST LITIGATION     : Honorable Marianne O. Battani
              :
In Re: Wire Harness Cases     :
              :
              :
THIS DOCUMENT RELATES TO:  :
All Auto Dealer Actions      : 2:12-cv-00102-MOB-MKM
              :

## [PROPOSED]
## ORDER RESOLVING DEFENDANTS' MOTION TO COMPEL DOWNSTREAM DISCOVERY AND DEFENDANTS' OUTSTANDING DISCOVERY REQUESTS

IT IS ORDERED that:

1. The parties will meet and confer as to any disputes regarding the attached fields within fourteen days of the entry of this stipulation and Dealership Plaintiffs will advise Defendants of any objections Dealership Plaintiffs have to the attached fields.  Defendants will submit any disputes to the Master within ten days of the parties' meet and confer and Dealership Plaintiffs will respond ten days later.

2. Dealership Plaintiffs will produce from their Dealer Management Systems ("DMSes") all existing reasonably accessible data set forth in the attached fields provided said fields are not subject to objections that have been either upheld by

1

the Court or Master or agreed upon by Defendants.  The temporal scope for this production is January 1998-December 2013.

3.      Data for 10 Dealership Plaintiffs will be produced within 60 days of the entry of this order, save for any fields subject to objections.  Dealership Plaintiffs will make best efforts to advise Defendants of the identities of said Dealers within 45 days of the entry of this Order.

4.      Data for 30 Dealership Plaintiffs will be produced within 90 days of the entry of this order, save for any fields subject to objections. Dealership Plaintiffs will make best efforts to advise Defendants of the identities of said Dealers within 65 days of the entry of this Order.

5.      Data for the remaining Dealership Plaintiffs for whom data exists, will be produced within 120 days of the entry of this order save for any fields subject to objections.

6.      Defendants may not file any motions to compel against Dealership Plaintiffs until after they have finished reviewing all of the productions and have met and conferred with Dealership Plaintiffs pursuant to paragraph 7.

7.      Once Dealership Plaintiffs' production is completed and Defendants have reviewed Dealership Plaintiffs' production, Defendants will meet and confer with Plaintiffs as to any temporal gaps in Dealership Plaintiffs' production or any missing information regarding particular vehicle purchases and sales.  The parties will work to ascertain whether Dealership Plaintiffs can reasonably obtain and produce reasonably accessible data or documents to fill said temporal gaps or

2

REDACTED

provide said missing information.   If the parties do not resolve the above-described issues, regarding missing information or temporal gaps within the production, Defendants may file one motion to compel with regard to them, after the parties have finished their negotiations.

8.     Dealership Plaintiffs will not have further obligations to respond to a specific discovery request in response to which Dealership Plaintiffs have already agreed to provide documents to the extent that the data produced pursuant to this stipulation is sufficient to show the information sought by that specific discovery request, absent good cause shown.

9.     Defendants will not seek Dealership Plaintiffs' data from any person or entity other than Dealership Plaintiffs.

10.    Requests for extensions of seven days will be granted by either of the parties as a matter of course.   If either party requires an extension longer than seven days, the parties will meet and confer to discuss said request.

11.    This Order Resolves Certain Defendants' Motion to Compel Downstream Discovery (2:12-cv-00102, ECF No. 186) and any other Requests as to which Defendants were required to move to compel production by July 14, 2014, under the Stipulated Order Regarding Discovery Plan, 2:12-cv-00100-MOB-MKM (Doc # 232), Filed 07/01/14, and further motions to compel regarding responses to these requests or duplicative requests will not be filed, except as set forth above in paragraph 7.  This stipulation also modifies the Stipulation and Order on Certain

3

REDACTED

Defendants' Motion to Compel "Downstream" Discovery from Auto Dealer Plaintiffs 2:12-cv-00102-MOB-MKM Doc # 251.

12.     The parties reserve their rights as to relevance arguments.


**IT IS SO ORDERED.**


Dated: _____, 2015   _____

Special Master Gene J. Esshaki

REDACTED

**ATTACHEMENT A-DEALERSHIP FIELDS-HIGHLY CONFIDENTIAL –OUTSIDE**



REDACTED



6

REDACTED



REDACTED



REDACTED



REDACTED



10

REDACTED

