REDACTED

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| IN RE AUTOMOTIVE PARTS ANTITRUST LITIGATION | : : : : | Master File No. 12-md-02311<br>Honorable Marianne O. Battani |
| In Re: Wire Harness Cases<br>In Re: All Auto Parts Cases | : : | 2:12-cv-00100-MOB-MKM<br>2:12-md-02311-MOB-MKM |
| THIS DOCUMENT RELATES TO:<br><br>All Wire Harness Cases<br>All Auto Parts Cases | : : : : : : : | |

**DEALERHIP PLAINTIFFS' SUR-REPLY IN RESPONSE TO DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION FOR CLARIFICATION**

REDACTED

# TABLE OF MOST CONTROLLING AUTHORITIES

*In re Optical Disk Drive Prods. Antitrust Litig.*, No. 3:10-md-2143 RS (JCS), 9/23/2013 Order Re Deposition Protocol No. 2, Attached as Ex. B to Dealership Plaintiffs' Response to Defendants' Motion for Clarification

Transcript of January 28, 2015 Status Conference, Attached as Ex. A to Dealership Plaintiffs' Response to Defendants' Motion for Clarification

*In re Workers' Compensation*, 130 F.R.D. 99 (D. Minn.1990)

*Merenda v. VHS of Michigan, Inc.*, 296 F.R.D. 528 (E.D. Mich. September 13, 2013)

REDACTED

# **TABLE OF CONTENTS**

TABLE OF MOST CONTROLLING AUTHORITIES ................................................................ ii

TABLE OF CONTENTS ............................................................................................................. iii

TABLE OF AUTHORITIES ....................................................................................................... iv

Introduction .................................................................................................................................... 1

   A.  As Demonstrated by Dealerships' Proposed Order, filed on April 6, Dealerships Have Agreed to Produce over 100 Fields of Data, which in combination with the 7-hour Deposition the Court has Ordered should satisfy Defendants' Informational Needs .......... 1

   B.  In any Event, Defendants' Arguments Regarding Individualized Damage Analyses Cannot Justify Almost 2,000 Hours of Dealership Depositions ....................................................... 4

REDACTED

# TABLE OF AUTHORITIES

**Cases**

*In re Cardizem CD Antitrust Litig.* 200 F.R.D. 326 (E.D.Mich. April 3, 2001) ............................. 5

*In re Flat Glass Antitrust Litigation*, 191 F.R.D. 472 (W.D.Pa.1999) ........................................... 6

*In re TFT-LCD (Flat Panel) Antitrust Litig.*, 267 F.R.D. 583 (N.D.Cal. 2010) ............................. 5

*In re Visa/Mastermoney Antitrust Litig.*, 192 F.R.D. 68 (E.D.N.Y. 2000), *aff'd*, 280 F.3d 124 (2d Cir. 2001), *cert. denied sub nom* ...................................................................................... 5

*In re Workers' Compensation*, 130 F.R.D. 99 (D. Minn.1990) ................................................ 4, 5

*Merenda v. VHS of Michigan, Inc.*, 296 F.R.D. 528 (E.D. Mich. September 13, 2013) ................ 6

*Yokoyama v. Midland Nat. Life Ins. Co.*, 594 F.3d 1087 (9th Cir.2010) ....................................... 5

REDACTED

**Introduction**

In their Reply in Support of their Motion for Clarification (Doc. 929 in Case No. 2:12-md-02311) ("Reply") Defendants for the first time argue that Dealership and End-Payor Classes cannot be certified based on a number of factors and influences, that they argue will not be addressed in Dealerships' document and data production. Defendants also make statements that confuse the issue of what Dealership Plaintiffs have agreed to produce. Dealership Plaintiffs provide this sur-reply to address these two issues and demonstrate that the Court's statement that Defendants should be able to address the information they need "in one deposition of a named plaintiff" remains true. *See* Ex. A to Dealership Plaintiffs' Response to Defendants' Motion for Clarification, 2:12-md-02311-MOB-MKM, Doc # 916-1, at 24.[1]

**A.      As Demonstrated by Dealerships' Proposed Order, filed on April 6, Dealerships Have Agreed to Produce over 100 Fields of Data, which in combination with the 7-hour Deposition the Court has Ordered should satisfy Defendants' Informational Needs**

On April 6, 2015, Dealership Plaintiffs filed their [Proposed] Order Resolving Defendants' Motion to Compel Downstream Discovery and Defendants' Outstanding Discovery Requests, ("Proposed Order"), attached here as **Ex. A**, and attached as Exhibit F to Dealership Plaintiffs' Motion to Resolve Defendants' Motion to Compel Downstream Discovery and Outstanding Requests (Doc Nos. 297 and 299 in Case No. 2:12-cv-00102-MOB-MKM). Dealership Plaintiff requested that the Master enter this proposed order, pursuant to which

---

[1] Defendants incorrectly state that their motion has been resolved. The issue of how many depositions may be taken of each Dealership Plaintiff was raised by Defendants' motion to this Court, but has not yet been resolved. The Special Master issued an Order after withdrawing the Wire Harness Protocol at the most recent status conference, directing the parties "to meet and confer" and develop a "universal deposition protocol." *See* 2:12-cv-00100-MOB-MKM (Doc. # 275) at 2.

1

REDACTED

Dealership Plaintiffs would produce over 100 categories of data. This data covers much of the information Defendants state they need.

Defendants say they require information about holdbacks, incentives, interest rates, consumer financing, trade-ins, other products purchased ("add-ons" according to Defendants) and warranties. Dealership Plaintiffs have agreed to produce the following categories of data, in Attachment A to the Proposed Order they have requested the Master to enter:



This is all information Dealerships are agreeing to produce, on a defined schedule set out in the Proposed Order. *See* Proposed Order ¶¶3-5.[2] Dealerships do not intend to raise objections to production of any of these categories of information. This Proposed Order was provided to Defendants on March 23 and the parties had a further meet and confer regarding Dealerships' offer, on April 2.

---

[2] Defendants incorrectly assert that Dealerships have been required to produce this information since January 7. Under the January 7 Stipulation between Dealerships and Defendants, Dealerships agreed to seek data from third-party DMS providers that was requested in Defendants' subpoenas. Stipulation and Order Regarding Certain Defendants' Motion to Compel Downstream Discovery from Auto Dealer Plaintiffs, Case No. 2:12-cv-00102-MOB-MKM, (Doc. # 251) (Filed January 7, 2015), at ¶4. The providers who held the vast majority of Dealerships' data have filed Motions to Quash fighting this production and preventing Dealerships from obtaining this data from them. Dealerships have thus agreed to take on the burden of this production themselves.

REDACTED

███████████████████████████████████
███████████████████████████████████
███████████████████████████████████
███████████

If, after reviewing all of this information, Defendants have questions regarding effects on vehicle pricing, to the extent they do not believe that is apparent from the various productions, they can ask those questions at "a single deposition of most of these named plaintiffs," as the Court instructed at the January 28 Status Conference. Ex. A to Dealership Plaintiffs' Response to Defendants' Motion for Clarification, at 26. This will amount to 315 hours total of Dealership Depositions (7 hours for forty-five Dealers). It is difficult to understand how hundreds of hours of depositions would be insufficient to address questions about data Defendants will have already reviewed. There is no cause for six days of depositions of each of the forty-five Dealerships (plus the required preparation time for each deposition), to discuss information Defendants will have received.

Defendants suggest that they cannot put on their defense against Dealerships' and End-Payors' motions for class certification without six days of depositions of each Dealership, but Defendants did not need that much time for Direct or Indirect purchaser class representative depositions, in *Optical Disk Drive*, where one of the lead defense counsel—Latham and Watkins—was the same defense counsel requesting six says of depositions per Dealer here. *See* Ex. B to Dealership Plaintiffs' Response to Certain Defendants' Motion for Clarification, Case No. 2:12-cv-00100-MOB-MKM, (Doc # 280-2) (Filed 03/23/15), ¶(I)H. In that case, one deposition of each Direct and Indirect Purchaser was sufficient. That case is a bid-rigging and

price-fixing conspiracy case, like this. There is no reason why six times as many depositions are needed here.

The burden of six days of depositions per Dealership is especially important to consider here, when there are forty-five Dealerships, and six days of depositions for each would result in an enormous number of depositions. The burden of participating in all of these depositions would be added to Dealerships' burden of producing documents for over a year in this litigation, as well as the upcoming burden of the downstream data production Dealerships have agreed to undertake. All of these burdens could very well prevent Dealerships from pursuing their claims in this litigation. Dealerships therefore respectfully request that this Court find that the one deposition per named plaintiff it described at the status conference is appropriate. Ex. A to Dealership Plaintiffs' Response to Defendants' Motion for Clarification, at 24, 26.[3]

**B.     In any Event, Defendants' Arguments Regarding Individualized Damage Analyses Cannot Justify Almost 2,000 Hours of Dealership Depositions**

As stated above, Defendants argue that it is necessary to have six days of depositions of each of the forty-five Dealership Plaintiffs, in order to explore the effect that factors like incentives, warranties and holdback had on prices. But these are issues that only contribute to an individualized damages analysis and such an analysis cannot defeat class certification. *See In re Workers' Compensation*, 130 F.R.D. 99, 110 (D. Minn.1990). The argument that there are "multiple factors which affect rates" relates to "damages rather than impact or injury." *Workers' Compensation*, 130 F.R.D. at 110. As has been stated in this District in another indirect purchaser case, examination of "each class member's individual circumstance" "will relate to the

---

[3] Dealerships note that, contrary to Defendants' statements, Dealerships stated at the mediation that one deposition per Dealership should be sufficient.

quantum of damages; not the fact of injury." *In re Cardizem CD Antitrust Litig.* 200 F.R.D. 326, 341 (E.D.Mich. April 3, 2001). "Non-uniformity of the prices at which plaintiffs purchased their goods is not fatal to certification." *Workers' Compensation*, 130 F.R.D. at 108. "As long as the existence of a conspiracy is the overriding question, then the class has met its predominance requirement." *Id.* at 108-09. "[T]he presence of individualized defenses . . . going only to damages are generally regarded as no barrier to class certification." *In re Visa/Mastermoney Antitrust Litig.*, 192 F.R.D. 68, 86 (E.D.N.Y. 2000), *aff'd*, 280 F.3d 124 (2d Cir. 2001), *cert. denied sub nom*. As was stated in *TFT-LCD*, "damage calculations alone cannot defeat certification. '[T]he amount of damages is invariably an individual question and does not defeat class action treatment.'" *In re TFT-LCD (Flat Panel) Antitrust Litig.*, 267 F.R.D. 583, 606 (N.D.Cal. 2010) (quoting *Yokoyama v. Midland Nat. Life Ins. Co.*, 594 F.3d 1087, 1094 (9th Cir.2010)).

As stated in an antitrust case in the Eastern District of Michigan "courts have recognized that common issues often predominate as to the liability element of an antitrust conspiracy claim because 'consideration of the conspiracy issue would, of necessity, focus on defendants' conduct, not the individual conduct of the putative class members." *Merenda v. VHS of Michigan, Inc.*, 296 F.R.D. 528, 548 (E.D. Mich. September 13, 2013) (quoting *In re Flat Glass Antitrust Litigation*, 191 F.R.D. 472, 484 (W.D.Pa.1999)). Given that the topics Defendants have described in their Reply do not defeat class certification, six days of depositions per Dealer cannot be justified to explore them. Rather, it is Defendants' conduct that is the most crucial for proving Dealerships' claims. The "one deposition of a named plaintiff" this Court prescribed at the most recent Status Conference is appropriate.

5

REDACTED

Date: April 17, 2015					Respectfully submitted,

                              */s/ Jonathan W. Cuneo*
                              Jonathan W. Cuneo
Joel Davidow
Victoria Romanenko
Yifei Li
**CUNEO GILBERT & LADUCA, LLP**
507 C Street, N.E.
Washington, DC 20002
Telephone: (202) 789-3960
Facsimile: (202) 789-1813
jonc@cuneolaw.com
joel@cuneolaw.com
vicky@cuneolaw.com
evelyn@cuneolaw.com

*s/ Shawn M. Raiter*
Shawn M. Raiter
**LARSON • KING, LLP**
2800 Wells Fargo Place
30 East Seventh Street
St. Paul, MN 55101
Telephone: (651) 312-6500
Facsimile: (651) 312-6618
sraiter@larsonking.com

*/s/ Don Barrett*
Don Barrett
David McMullan
Brian Herrington
**BARRETT LAW GROUP, P.A.**
P.O. Box 927
404 Court Square
Lexington, MS 39095
Telephone: (662) 834-2488
Facsimile: (662) 834-2628
dbarrett@barrettlawgroup.com
bherrington@barrettlawgroup.com
dmcmullan@barrettlawgroup.com

*Interim Co-Lead Class Counsel for the Proposed Automobile Dealer Plaintiff Classes*

REDACTED

        */s/ Gerard V. Mantese*
Gerard V. Mantese
David Hansma
Joshua Lushnat
**MANTESE HONIGMAN ROSSMAN AND WILLIAMSON, P.C.**
1361 E. Big Beaver Road
Troy, MI 48083
Phone: (248) 457-9200 ext. 203
Fax: (248) 457-9201
gmantese@manteselaw.com
dhansma@manteselaw.com
jlushnat@manteselaw.com

*Interim Liaison Counsel for the Proposed Automobile Dealer Plaintiff Classes*

7

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 17, 2015 I electronically filed the foregoing papers with the Clerk of the Court using the ECF system which will send electronic notices of same to all counsel of record.

    /s/ Jonathan W. Cuneo
Jonathan W. Cuneo
Joel Davidow
Daniel Cohen
Victoria Romanenko
**Cuneo Gilbert & LaDuca, LLP**
507 C Street, N.E.
Washington, DC 20002
Telephone: (202) 789-3960
jonc@cuneolaw.com
joel@cuneolaw.com
danielc@cuneolaw.com
vicky@cuneolaw.com