UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| In Re: AUTOMOTIVE PARTS ANTITRUST LITIGATION | : : : : | 12-md-02311 Honorable Marianne O. Battani |
| THIS DOCUMENT RELATES TO: All Actions | : : : : | |

**DIRECT PURCHASER PLAINTIFFS' MOTION TO ESTABLISH A COORDINATED PROCESS FOR DISCOVERY FROM AUTOMOTIVE SUPPLIERS**

NOW COME Direct Purchaser Plaintiffs, by and through counsel, and hereby move for an Order establishing a coordinated process for the service of a uniform subpoena on the automotive suppliers who have received, or will receive, subpoenas for the production of documents in the Automotive Parts Antitrust Litigation.

Direct Purchaser Plaintiffs sought concurrence in the relief requested in this Motion, but concurrence was not obtained.

WHEREFORE, Direct Purchaser Plaintiffs respectfully request that the Special Master grant their Motion and:

(1) establish a coordinated process for the development of a uniform subpoena to be served on automotive suppliers in all actions, including opportunities for Direct Purchaser Plaintiffs to comment on scope and relevance, and;

(2) order Defendants to notify all suppliers who have received subpoenas that they need not respond to the subpoena, but can, instead, respond to a subsequently-issued coordinated subpoena, and

(3) order (a) the disclosure to Direct Purchaser Plaintiffs of all stipulations or other agreements limiting or otherwise changing the scope of the uniform subpoenas and (b) the

production to Direct purchaser Plaintiffs of all materials produced in response to the uniform subpoena.

DATED: May 13, 2015                                          Respectfully submitted,

                                                                     */s/ David H. Fink*
                                                                     David H. Fink (P28235)
                                                                     Darryl Bressack (P67820)
                                                                     FINK + ASSOCIATES LAW
                                                                     100 West Long Lake Road, Suite 111
                                                                     Bloomfield Hills, MI 48304
                                                                     (248) 971-2500

                                                                     Interim Liaison Counsel for the Direct
                                                                     Purchasers

| | |
|---|---|
| Steven A. Kanner | Joseph C. Kohn |
| William H. London | William E. Hoese |
| Michael E. Moskovitz | Douglas A. Abrahams |
| Michael L. Silverman | KOHN, SWIFT & GRAF, P.C. |
| FREED KANNER LONDON | One South Broad Street, Suite 2100 |
|   & MILLEN LLC | Philadelphia, PA  19107 |
| 2201 Waukegan Road, Suite 130 | Telephone:  (215) 238-1700 |
| Bannockburn, IL  60015 | |
| Telephone:  (224) 632-4500 | |
| | |
| Gregory P. Hansel | Eugene A. Spector |
| Randall B. Weill | William G. Caldes |
| Michael S. Smith | Jonathan M. Jagher |
| PRETI, FLAHERTY, BELIVEAU | Jeffrey L. Spector |
|   & PACHIOS LLP | SPECTOR ROSEMAN KODROFF |
| One City Center, P.O. Box 9546 |   & WILLIS, P.C. |
| Portland, ME  04112-9546 | 1818 Market Street, Suite 2500 |
| Telephone:  (207) 791-3000 | Philadelphia, PA  19103 |
| | Telephone:  (215) 496-0300 |

Interim Co-Lead Counsel for the Direct Purchasers

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| In Re: AUTOMOTIVE PARTS ANTITRUST LITIGATION | : : : | 12-md-02311 Honorable Marianne O. Battani |
| THIS DOCUMENT RELATES TO: All Actions | : : : : | |

**BRIEF IN SUPPORT OF DIRECT PURCHASER PLAINTIFFS' MOTION TO ESTABLISH A COORDINATED PROCESS FOR DISCOVERY FROM AUTOMOTIVE SUPPLIERS**

## **STATEMENT OF THE ISSUES PRESENTED**

Whether a coordinated process, similar to the one conducted for the OEMs, should be established for the issuance of a subpoena to automotive suppliers.

| | |
|---|---|
| Direct Purchaser Plaintiffs' Answer: | Yes |
| Defendants' Answer: | No |
| Indirect Plaintiff Groups' Answer: | No position at this time |

## ARGUMENT

Direct Purchaser Plaintiffs ("DPPs") submit this Motion with respect to subpoenas that have been issued, or will be issued, to various non-party automotive suppliers in the *Automotive Parts Antitrust Litigation*.

Judge Battani ordered a coordinated process for subpoenas issued to third party OEMs. The Court also directed the participation of DPPs, due to concerns regarding undue burden and cost to the OEMs. See January 28, 2015 Status Conference Transcript at 42:4-46:1. The logic underpinning the ruling with respect to the OEMs also applies to the subpoenas that have been issued to the suppliers, which, like OEMs, are direct purchasers of motor vehicle parts. A similar process is needed here to protect the suppliers from defending against and responding to multiple subpoenas from different parties (multiple indirect parties and multiple Defendants) involving numerous products.

To date, more than twenty subpoenas have been issued to suppliers in the *Wire Harnesses* actions. Each subpoena is focused on obtaining information regarding any pass through of anti-competitive overcharges. The pass through question is central to the claims of all indirect purchaser plaintiffs; as such, it is highly likely that the different indirect purchaser groups (the End-Payor Plaintiffs, the Auto Dealer Plaintiffs, the Truck Dealers, the City of Richmond, the State of Florida, etc.) will serve similar discovery requests on the same suppliers. Although it appears that Defendants have privately coordinated their discovery to avoid serving multiple subpoenas on the same supplier, there is no stipulation or order that would prevent multiple follow-up subpoenas from the indirect plaintiffs or even other Defendants.

Defendants' primary argument against the creation of a coordinated process is that the issue should be deferred until all of the subpoenas have been served. But deferring the coordination issue until that time is not a viable option because only prospective coordination

can prevent the heavy burden and expense caused by responding to multiple subpoena requests. If the suppliers are forced to respond and object prior to coordination of efforts, the efficiencies inherent in coordination will have been lost.

Defendants argue that DPPs lack "standing." But this position is incorrect as the Court has already determined that DPPs may participate in the third-party subpoena process. *See* January 28, 2015 Status Conference Transcript at 44:11-13 ("You [counsel for Direct Purchaser Plaintiffs] can talk to counsel and participate in [the process of defining what is in the subpoenas to the OEMs]. I don't think that's a problem. You all have to work together.") The Court has seen fit to coordinate discovery amongst the various actions and clearly rejected Defendants' standing arguments. Indeed, many of the affected suppliers are absent class members in the Direct Purchaser cases.

Defendants argue that the supplier subpoenas should be treated differently than the OEM subpoenas because each supplier is likely to have purchased only a few of the many automotive parts that were the subject of price fixing. But this is a distinction without a meaningful difference. Each supplier could still be subjected to an initial subpoena from one defendant, follow-up subpoenas from other defendants, subpoenas from the Auto Dealer Plaintiffs, subpoenas from the End-Payor Plaintiffs, subpoenas from the City of Richmond, subpoenas from the State of Florida, subpoenas from the truck-dealer plaintiffs and subpoenas from any later-added indirect purchaser plaintiffs or defendants. Despite Defendants' assurances that the recipients of the subpoenas will not be unduly burdened -- non-party suppliers may still face significant burden and expense in contravention of the Federal Rules absent a coordinated approach.

Not only will coordination help protect the suppliers from undue burden and expense, coordination will also improve transparency, which will in turn lead to greater efficiency. To date, Defendants have refused to let DPPs know which suppliers have been served and have refused to provide DPPs with objections, stipulations regarding responses, or any responsive documents produced. Coordination will allow DPPs and all affected parties and non-parties to be fully apprised of what discovery has been taken and allow the Court to assess whether and to what extent other discovery is necessary or appropriate.

Coordinated discovery will also ensure that discovery disputes regarding these subpoenas are properly decided by the U.S. District Court for the Eastern District of Michigan, the court that is most familiar with the issues, rather than courts of other jurisdictions that lack the context essential for the resolution of interrelated discovery disputes. Although many of the affected suppliers are located outside of this district,[1] the MDL statute empowers an MDL court to decide discovery disputes ordinarily conducted in other jurisdictions. 28 U.S.C. § 1407(b) ("The judge or judges to whom such [MDL] actions are assigned ... may exercise the powers of a district judge in any district for the purpose of conducting pretrial depositions in such coordinated or consolidated pretrial proceedings.") However, a district judge in the jurisdiction where subpoena compliance is required also has jurisdiction. Fed.R.Civ.P. 45(d)(3). Absent a coordinated process, other district courts could issue discovery orders inconsistent with rulings from this Court. See Fed.R.Civ.P. 45(d)(1).

---

[1] For example, the Furukawa Defendants issued a subpoena to E.D.S. in Arizona, the GSE Defendants issued a subpoena to Johnson Controls in Wisconsin, the Leoni Defendants issued a subpoena to Trim Masters in Kentucky, the Yazaki Defendants issued subpoenas to TS Tech Americas in Ohio and Vuteq USA in Kentucky, and the Sumitomo Defendants issued subpoenas to two Pennsylvania-based companies, Alcoa and Tyco Electronics.

3

Coordinating discovery in the MDL court, consistent with the MDL consolidation statute, 28 U.S.C. § 1407, will provide a stronger basis for other courts to allow this Court to decide all of these disputes, which would either alleviate or help avoid conflicting discovery rulings from judges in other courts.  The Court and the Special Master are better suited to address discovery disputes in this matter, as they are intimately familiar with the facts and circumstances of, as well as the issues in, theses cases. The  Court's and Special Master's familiarity with the discovery already available to the parties – information which will be unknown to the suppliers and other district courts – will allow for more efficient determinations with respect to duplication and burden.

## **CONCLUSION**

The primary reasons underlying the coordination of discovery from the OEMs apply equally to discovery from the suppliers. Defendants and Indirect Plaintiffs can and should work together to design uniform subpoenas that minimize the burden on third-party suppliers, just as they have been instructed to do regarding the OEMs. Until that coordination occurs, Defendants should be ordered to notify all suppliers that have received subpoenas that they need not comply at this time.

 DATED: May 13, 2015			Respectfully submitted,


			*/s/ David H. Fink*_____
			David H. Fink (P28235)
			Darryl Bressack (P67820)
			FINK + ASSOCIATES LAW
			38500 Woodward Ave., Suite 350
			Bloomfield Hills, MI 48304
			(248) 971-2500

			Interim Liaison Counsel for the Direct
			Purchasers

4

| | |
|---|---|
| Steven A. Kanner<br>William H. London<br>Michael E. Moskovitz<br>Michael L. Silverman<br>FREED KANNER LONDON<br>  & MILLEN LLC<br>2201 Waukegan Road, Suite 130<br>Bannockburn, IL  60015<br>Telephone:  (224) 632-4500 | Joseph C. Kohn<br>William E. Hoese<br>Douglas A. Abrahams<br>KOHN, SWIFT & GRAF, P.C.<br>One South Broad Street, Suite 2100<br>Philadelphia, PA  19107<br>Telephone:  (215) 238-1700 |
| Gregory P. Hansel<br>Randall B. Weill<br>Michael S. Smith<br>PRETI, FLAHERTY, BELIVEAU<br>  & PACHIOS LLP<br>One City Center, P.O. Box 9546<br>Portland, ME  04112-9546<br>Telephone:  (207) 791-3000 | Eugene A. Spector<br>William G. Caldes<br>Jonathan M. Jagher<br>Jeffrey L. Spector<br>SPECTOR ROSEMAN KODROFF<br>  & WILLIS, P.C.<br>1818 Market Street, Suite 2500<br>Philadelphia, PA  19103<br>Telephone:  (215) 496-0300 |

Interim Co-Lead Counsel for the Direct Purchasers

**CERTIFICATE OF SERVICE**

I hereby certify that on May 13, 2015, I electronically filed the foregoing paper with the Clerk of the court using the ECF system which will send notification of such filing to all counsel of record registered for electronic filing.

FINK + ASSOCIATES LAW

By: /s/David H. Fink
David H. Fink (P28235)
Darryl Bressack (P67820)
38500 Woodward Ave., Suite 350
Bloomfield Hills, MI  48304
(248) 971-2500
dfink@finkandassociateslaw.com