# EXHIBIT 6

Case 2:12-md-02311-SFC-RSW   ECF No. 984-6, PageID.13473   Filed 05/28/15   Page 2 of 4
Status Conference / Motion Hearing • November 13, 2013

1

```
 1                  UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF MICHIGAN
 2                        SOUTHERN DIVISION

 3                            -  -  -

 4
     IN RE:   AUTOMOTIVE PARTS
 5   ANTITRUST LITIGATION                    MDL NO. 2311

 6   _____/

 7
                STATUS CONFERENCE / MOTION HEARING
 8
           BEFORE THE HONORABLE MARIANNE O. BATTANI
 9                 United States District Judge
            Theodore Levin United States Courthouse
10               231 West Lafayette Boulevard
                        Detroit, Michigan
11               Wednesday, November 13, 2013

12
     APPEARANCES:
13
     **Direct Purchaser Plaintiffs:**
14
                    ROBERT W. BOSSLET, III
15                  **KASOWITZ, BENSON, TORRES & FRIEDMAN, L.L.P.**
                    1633 Broadway
16                  New York, NY  10019
                    (212) 506-1868
17
                    THOMAS C. BRIGHT
18                  **GOLD, BENNET, CERA & SIDENER, L.L.P.**
                    595 Market Street   , Suite 2300
19                  San Francisco, CA   94105
                    (415) 777-2230
20
                    WILLIAM G. CALDES
21                  **SPECTOR, ROSEMAN, KODROFF & WILLIS, P.C.**
                    1818 Market Street, Suite 2500
22                  Philadelphia, PA   19103
                    (215) 496-0300
23

24

25
```

```
 1   ACAPs and the plaintiffs in wire harness.
 2          Paragraph 112 of wire harness, defendants' pricing
 3   actions regarding their sales of wire harness products to
 4   automobile manufacturers had an impact on prices for wire
 5   harness products for all direct purchasers of wire harness
 6   products throughout the United States, and that's the --
 7   those are the allegations which Your Honor upheld in the
 8   pages that I cited to the Court earlier.
 9          Paragraph 69 of the ACAP complaint, we allege the
10   winning price is also used when the OEM suppliers that were
11   not part of RFQ process purchased, so that is another fact.
12   Defendants may dispute it, they may say that price doesn't
13   take effect until some years later, we say it is the price
14   that is used.
15          I stood before Your Honor in the wire harness
16   argument, I posited the hypothetical of the beverage
17   distributors, the bottled water, the soda distributors, if
18   they had a bid-rigging scheme in the city to the big hotels
19   and that becomes the price that the bars or the smaller
20   restaurants would pay.
21          We have looked at materials, we have looked at
22   documents, there's confidentiality and cross orders.  I'm not
23   to disclose what those say except to say we stand before the
24   Court and assert that theory with respect to this claim.
25   There was a rigged-bid price, that is the price that becomes
```

*CERTIFICATION*

   I, Robert L. Smith, Official Court Reporter of the United States District Court, Eastern District of Michigan, appointed pursuant to the provisions of Title 28, United States Code, Section 753, do hereby certify that the foregoing pages comprise a full, true and correct transcript taken in the matter of In re: Autmotive Parts Antitrust Litigation, Case No. 12-md-02311, on Wednesday, November 13, 2013.

*s/Robert L. Smith*
Robert L. Smith, RPR, CSR 5098
Federal Official Court Reporter
United States District Court
Eastern District of Michigan

Date: 12/02/2013

Detroit, Michigan