# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| IN RE: AUTOMOTIVE PARTS ANTITRUST LITIGATION | Master File No. 12-md-02311<br>Honorable Marianne O. Battani |
| In Re: Occupant Safety Systems | 2:12-cv-00600 |
| In Re: Alternators | 2:13-cv-00700 |
| In Re: Anti-Vibrational Rubber Parts | 2:13-cv-00800 |
| In Re: Windshield Wipers | 2:13-cv-00900 |
| In Re: Radiators | 2:13-cv-01000 |
| In Re: Starters | 2:13-cv-01100 |
| In Re: Automotive Lamps | 2:13-cv-01200 |
| In Re: Switches | 2:13-cv-01300 |
| In Re: Ignition Coils | 2:13-cv-01400 |
| In Re: Motor Generator | 2:13-cv-01500 |
| In Re: Steering Angle Sensors | 2:13-cv-01600 |
| In Re: HID Ballasts | 2:13-cv-01700 |
| In Re: Inverters | 2:13-cv-01800 |
| In Re: Electronic Powered Steering Assemblies | 2:13-cv-01900 |
| In Re: Fan Motors | 2:13-cv-02100 |
| In Re: Fuel Injection Systems | 2:13-cv-02200 |
| In Re: Power Window Motors | 2:13-cv-02300 |
| In Re: Automatic Transmission Fluid Warmers | 2:13-cv-02400 |
| In Re: Valve Timing Control Devices | 2:13-cv-02500 |
| In Re: Air Conditioning Systems | 2:13-cv-02700 |
| In Re: Windshield Washer Systems | 2:13-cv-02800 |
| In Re: Constant Velocity Joint Boot Products | 2:14-cv-02900 |
| THIS DOCUMENT RELATES TO:<br>Direct Purchaser Actions<br>Dealership Actions<br>End-Payor Actions | |

**PLAINTIFFS' MOTION FOR SUBMISSION OF GLOBAL ORDERS**

Direct Purchaser Plaintiffs, Dealership Plaintiffs, and End-Payor Plaintiffs (collectively, "Plaintiffs"), hereby move for an order from the Special Master directing that the following three global orders shall be submitted in each of the above-captioned actions and all future cases filed by Plaintiffs that are coordinated as part of *In re Automotive Parts Antitrust Litigation*, MDL 2311 ("Coordinated Actions"): (1) the Stipulation and Order Regarding Production of Electronically Stored Information and Hard Copy Documents ("Global ESI Order"); (2) the Stipulation and Order Regarding Non-Discoverability of Certain Expert Materials and Communications ("Global Expert Order"); and (3) the Stipulated Agreement and Order Regarding Preservation of Documents, Electronically Stored Information, and Other Tangible Items ("Global Preservation Order") (collectively, "Global Orders").[1]

The submission of Global Orders in the Coordinated Actions is necessary for the efficient prosecution of the Coordinated Actions. Submission of such Global Orders is consistent with both the Court's repeated admonitions that the parties coordinate and agree upon template orders wherever possible, and the very purpose of a multidistrict litigation, in which related actions, such as those at issue here, are efficiently managed and coordinated in order to "avoid duplication of discovery, to prevent inconsistent pretrial rulings, and to conserve the resources of the parties, their counsel and the judiciary." *Overview of Panel*, The Official Website for the United States Judicial Panel on Multidistrict Litigation, http://www.jpml.uscourts.gov/panel-

---

[1] Global Orders do not need to be submitted in the following actions because virtually identical orders have already been negotiated, agreed to by the parties and entered: *Wire Harness*, 2:12-cv-00100; *Instrument Panel Clusters*, 2:12-cv-00200; *Fuel Senders*, 2:12-cv-00300; *Heater Control Panels*, 2:12-cv-00400; and *Bearings*, 2:12-cv-00500. In *Occupant Safety Systems*, 2:12-cv-00600, the Court entered an Expert Order and ESI Order, but the parties have not yet negotiated and submitted a Preservation Order. Plaintiffs are not seeking to submit Global Orders in the *Air Flow Meters*, 2:13-cv-02000, and *Electronic Throttle Bodies*, 2:13-cv-02600 cases because those cases and claims asserted therein were combined into the *Fuel Injection Systems* action, 2:13-cv-02200.

info/overview-panel. *See also In re Automotive Wire Harness Sys. Antitrust Litig.*, 844 F. Supp. 2d 1367, 1367 (J.P.M.L. 2012).

Accordingly, for the reasons set forth herein and in the accompanying memorandum in support of this Motion, Plaintiffs respectfully request that the Special Master grant the Motion.

As required by Local Rule 7.1(a), counsel for Plaintiffs sought agreement for the relief sought herein from counsel for Defendants[2] on several occasions, most recently on June 8, 2015, and identified the nature of the Motion. Plaintiffs have not received such agreement from Defendants.

Respectfully submitted,

Dated: June 17, 2015

/s/ *E. Powell Miller*
E. Powell Miller (P39487)
Devon P. Allard (P71712)
THE MILLER LAW FIRM, P.C.
950 W. University Drive
Suite 300
Rochester, MI 48307
Telephone: (248) 841-2200
Facsimile: (248) 652-2852
epm@millerlawpc.com
dpa@millerlawpc.com

*Interim Liaison Counsel for End-Payor Plaintiffs*

Hollis Salzman
Bernard Persky
William V. Reiss
ROBINS KAPLAN LLP
601 Lexington Avenue, Suite 3400
New York, NY 10022
Telephone: (212) 980-7400
Facsimile: (212) 980-7499
HSalzman@RobinsKaplan.com

---

[2] Counsel for Plaintiffs conferred with Steven F. Cherry, counsel for DENSO, who represented that he was speaking on behalf of all of the Defendants in the above-captioned actions.

BPersky@RobinsKaplan.com
WReiss@RobinsKaplan.com

Steven N. Williams
Adam J. Zapala
Elizabeth Tran
COTCHETT, PITRE & McCARTHY, LLP
San Francisco Airport Office Center
840 Malcolm Road, Suite 200
Burlingame, CA 94010
Telephone: (650) 697-6000
Facsimile: (650) 697-0577
swilliams@cpmlegal.com
azapala@cmplegal.com
etran@cpmlegal.com

Marc M. Seltzer
Steven G. Sklaver
SUSMAN GODFREY L.L.P.
1901 Avenue of the Stars, Suite 950
Los Angeles, CA 90067-6029
Telephone: (310) 789-3100
Facsimile: (310) 789-3150
mseltzer@susmangodfrey.com
ssklaver@susmangodfrey.com

Terrell W. Oxford
SUSMAN GODFREY L.L.P.
901 Main Street, Suite 5100
Dallas, TX 75202
Telephone: (214) 754-1900
Facsimile: (214) 754-1933
toxford@susmangodfrey.com

*Interim Co-Lead Class Counsel for End-Payor Plaintiffs*

| | |
|---|---|
| Dated: June 17, 2015 | */s/ Gerard V. Mantese*  (with consent) |
| | Gerard V. Mantese (P34424) |
| | David Hansma (P71056) |
| | Brendan Frey (P70893) |
| | Joshua Lushnat (P75319) |
| | MANTESE HONIGMAN ROSSMAN AND WILLIAMSON, P.C. |

1361 E. Big Beaver Road
Troy, MI 48083
Telephone: (248) 457-9200 Ext. 203
Facsimile: (248) 457-9201
gmantese@manteselaw.com
dhansma@manteselaw.com
bfrey@manteselaw.com
jlushnat@manteselaw.com

*Interim Liaison Counsel for the Automobile Dealer Plaintiffs*

Jonathan W. Cuneo
Joel Davidow
Victoria Romanenko
CUNEO GILBERT & LADUCA, LLP
507 C Street, N.E.
Washington, DC 20002
Telephone: (202) 789-3960
Facsimile: (202) 789-1813
Jonc@cuneolaw.com
Joel@cuneolaw.com
Vicky@cuneolaw.com

Don Barrett
David McMullan
Brian Herrington
BARRETT LAW GROUP, P.A.
P.O. Box 927
404 Court Square
Lexington, MS 39095
Telephone: (662) 834-2488
Facsimile: (662)834.2628
dbarrett@barrettlawgroup.com
bherrington@barrettlawgroup.com
dmcmullan@barrettlawgroup.com

Shawn M. Raiter
LARSON KING, LLP
2800 Wells Fargo Place
30 East Seventh Street
St. Paul, MN 55101
Telephone: (651) 312-6500
Facsimile: (651) 312-6618
sraiter@larsonking.com

*Interim Co-Lead Counsel for the Automobile Dealer Plaintiffs*

Dated: June 17, 2015

*/s/ David H. Fink* (with consent)
David H. Fink (P28235)
Darryl Bressack (P67820)
FINK + ASSOCIATES LAW
100 West Long Lake Road, Suite 111
Bloomfield Hills, MI 48304
(248) 971-2500

*Interim Liaison Counsel for the Direct Purchaser Plaintiffs*

Joseph C. Kohn
William E. Hoese
Douglas A. Abrahams
KOHN, SWIFT & GRAF, P.C.
One South Broad Street, Suite 2100
Philadelphia, PA 19107
Telephone: (215) 238-1700

Steven A. Kanner
William H. London
Michael E. Moskovitz
FREED KANNER LONDON
& MILLEN LLC
2201 Waukegan Road, Suite 130
Bannockburn, IL 60015
Telephone: (224) 632-4500

Gregory P. Hansel
Randall B. Weill
Michael S. Smith
PRETI, FLAHERTY, BELIVEAU
& PACHIOS LLP
One City Center, P.O. Box 9546
Portland, ME 04112-9546
Telephone: (207) 791-3000

Eugene A. Spector
William G. Caldes
Jonathan M. Jagher

Jeffrey L. Spector
SPECTOR ROSEMAN KODROFF
& WILLIS, P.C.
181 Market Street, Suite 2500
Philadelphia, PA 19103
Telephone: (215) 496-0300

*Interim Co-Lead Counsel for the Direct Purchaser Plaintiffs*

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| IN RE: AUTOMOTIVE PARTS ANTITRUST LITIGATION | Master File No. 12-md-02311<br>Honorable Marianne O. Battani |
| In Re: Occupant Safety Systems | 2:12-cv-00600 |
| In Re: Alternators | 2:13-cv-00700 |
| In Re: Anti-Vibrational Rubber Parts | 2:13-cv-00800 |
| In Re: Windshield Wipers | 2:13-cv-00900 |
| In Re: Radiators | 2:13-cv-01000 |
| In Re: Starters | 2:13-cv-01100 |
| In Re: Automotive Lamps | 2:13-cv-01200 |
| In Re: Switches | 2:13-cv-01300 |
| In Re: Ignition Coils | 2:13-cv-01400 |
| In Re: Motor Generator | 2:13-cv-01500 |
| In Re: Steering Angle Sensors | 2:13-cv-01600 |
| In Re: HID Ballasts | 2:13-cv-01700 |
| In Re: Inverters | 2:13-cv-01800 |
| In Re: Electronic Powered Steering Assemblies | 2:13-cv-01900 |
| In Re: Fan Motors | 2:13-cv-02100 |
| In Re: Fuel Injection Systems | 2:13-cv-02200 |
| In Re: Power Window Motors | 2:13-cv-02300 |
| In Re: Automatic Transmission Fluid Warmers | 2:13-cv-02400 |
| In Re: Valve Timing Control Devices | 2:13-cv-02500 |
| In Re: Air Conditioning Systems | 2:13-cv-02700 |
| In Re: Windshield Washer Systems | 2:13-cv-02800 |
| In Re: Constant Velocity Joint Boot Products | 2:14-cv-02900 |
| THIS DOCUMENT RELATES TO:<br>Direct Purchaser Actions<br>Dealership Actions<br>End-Payor Actions | |

**MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR SUBMISSION OF <u>GLOBAL ORDERS</u>**

Direct Purchaser Plaintiffs, Dealership Plaintiffs and End-Payor Plaintiffs, (collectively, "Plaintiffs"), hereby move for an order from the Special Master directing that the following three global orders shall be submitted to the Court in each of the above-captioned actions[1] and all future cases filed by Plaintiffs that are coordinated as part of *In re Automotive Parts Antitrust Litigation*, MDL 2311 ("Coordinated Actions"): (1) the Stipulation and Order Regarding Production of Electronically Stored Information and Hard Copy Documents ("Global ESI Order"); (2) the Stipulation and Order Regarding Non-Discoverability of Certain Expert Materials and Communications ("Global Expert Order"); and (3) the Stipulated Agreement and Order Regarding Preservation of Documents, Electronically Stored Information, and Other Tangible Items ("Global Preservation Order") (collectively, "Global Orders").[2]

To date, Plaintiffs have expended considerable time and resources negotiating the terms of the Global Orders separately with six sets of Defendants in six separate cases. Plaintiffs and Defendants are in agreement that, subject to limited exceptions, the ESI, Expert, and Preservation Orders entered in these actions will serve as templates in all other cases subject to the Auto Parts MDL for which those Orders have yet to be entered. However, the parties

---

[1] Separate ESI, Expert, and Preservation Orders have already been entered in the following cases: *Wire Harness*, 2:12-cv-00100; *Instrument Panel Clusters*, 2:12-cv-00200; *Fuel Senders*, 2:12-cv-00300; *Heater Control Panels*, 2:12-cv-00400; and *Bearings*, 2:12-cv-00500. In *Occupant Safety Systems*, 2:12-cv-00600, the Court entered an Expert Order and ESI Order, but the parties have not yet negotiated and submitted a Preservation Order. Plaintiffs are not seeking to submit Global Orders in the *Air Flow Meters*, 2:13-cv-02000, and *Electronic Throttle Bodies*, 2:13-cv-02600 cases because those cases and the claims asserted therein were combined into the *Fuel Injection Systems* action, 2:13-cv-02200.

[2] Although not the subject of this Motion, for the reasons stated herein, and a number of other compelling reasons, submission of a single Global Protective Order in each of the Coordinated Actions is appropriate. Plaintiffs and Defendants are continuing to meet and confer regarding this issue. If the parties cannot reach agreement shortly, Plaintiffs intend to file a motion with the Special Master for the submission of a Global Protective Order.

disagree as to whether they should be required to negotiate and submit separate orders for each of the Coordinated Actions or whether they may submit a single Global ESI Order, Global Expert Order, and Global Preservation Order in each of the Coordinated Actions.

The submission of Global Orders is necessary for the efficient prosecution of the Coordinated Actions. It is consistent with both the Court's repeated admonitions that the parties coordinate and agree upon templates wherever possible as well as the very purpose of a multidistrict litigation, in which related actions such as these are coordinated in order to "avoid duplication of discovery, to prevent inconsistent pretrial rulings, and to conserve the resources of the parties, their counsel and the judiciary." *Overview of Panel*, The Official Website for the United States Judicial Panel on Multidistrict Litigation, http://www.jpml.uscourts.gov/panel-info/overview-panel. *See also In re Automotive Wire Harness Sys. Antitrust Litig.*, 844 F. Supp. 2d 1367, 1367 (J.P.M.L. 2012).

## ARGUMENT

There are numerous benefits to having one set of Global Orders in each of the Coordinated Actions. *First*, the submission of Global Orders applicable to all of the Coordinated Actions avoids the gross inefficiency and duplication that would arise if Plaintiffs were forced to negotiate and enter into each of these orders separately with Defendants in each case. By way of example, Plaintiffs first provided Defendants with a draft of the Global Orders on April 24, 2015.[3] Notwithstanding Plaintiffs' repeated efforts to negotiate the terms of these Global Orders with Defendants, End-Payor and Automotive Dealer Plaintiffs recently received an entirely separate case-specific proposal from Defendants in the Anti-Vibrational Rubber Products case.

---

[3] Counsel for Plaintiffs sent the draft Global Orders to Steven F. Cherry, counsel for DENSO, who represented that he was speaking on behalf of all of the Defendants.

As explained in more detail below, requiring Plaintiffs to negotiate each of these orders separately with Defendants in each of the Coordinated Actions is contrary to the very purpose of an MDL and would result in gross inefficiencies and unnecessary legal fees and costs to be incurred by the parties.

*Second*, use of Global Orders in all of the Coordinated Actions would, in keeping with the Order of the Judicial Panel on Multidistrict Litigation ("JPML") centralizing proceedings in this Court, avoid the potential for inconsistent rulings should Defendants in different cases insist on different provisions. *In re Automotive Wire Harness Sys. Antitrust Litig.*, 844 F. Supp. 2d 1367, 1367 (J.P.M.L. 2012). *See also Overview of Panel*, The Official Website for the United States Judicial Panel on Multidistrict Litigation, http://www.jpml.uscourts.gov/panel-info/overview-panel ("The purposes of this transfer or 'centralization' process are to avoid duplication of discovery, to prevent inconsistent pretrial rulings, and to conserve the resources of the parties, their counsel and the judiciary."). Similarly, using Global Orders would preserve both the Court and the Special Master's time and resources by obviating the need, should disputes arise, to interpret at least 30 separate ESI, Expert, and Preservation Orders.

*Third*, it is far more manageable for the Court, the Special Master, Plaintiffs and the Defendants – many of whom are named in multiple cases[4] – to review and comply with a single Global Order as opposed to 30 separate documents addressing the same issue.

Plaintiffs' proposed approach is consistent with the Court's directives as well as the decision by the JPML, which in creating this MDL, explicitly held that "[c]entralization will eliminate duplicative discovery; prevent inconsistent pretrial rulings, including with respect to class certification; and conserve the resources of the parties, their counsel, and the judiciary." *In*

---

[4] For instance, DENSO is named as a defendant in 18 of the actions in this MDL.

4

*re Automotive Wire Harness Sys. Antitrust Litig.*, 844 F. Supp. 2d 1367, 1367 (J.P.M.L. 2012). *See also* Order on Briefing in *In re: Automotive Parts Antitrust Litig.*, No. 12-md-02311 (Sept. 2, 2014) (ECF No. 793) (streamlining the resolution of a large volume of dispositive motions in the Auto Parts Litigation); Transcript of November 13, 2013 Status Conference at 53, No. 12-md-02311 (ECF No. 659) (Battani, J.) (discussing the parties' coordination efforts in conducting depositions and concluding that "given the size and nature of this case that cooperation is critical."); Transcript of June 4, 2014 Status Conference at 52 (ECF No. 744) (Battani, J.) (extolling the need for the appointment of a Special Master to facilitate coordination and emphasizing that "as we go into the discovery we need protocol, *we need coordination* . . . .") (emphasis added).

Conversely, Defendants have offered no persuasive explanation as to why the submission of Global Orders is not feasible, let alone not preferable. Defendants have suggested that, depending upon the case, there may be minor differences in preservation periods and other terms. While Plaintiffs do not currently take a position on whether differing provisions are warranted, Plaintiffs have explained to Defendants, that, if appropriate, such potential minor discrepancies can easily be addressed in the footnotes or an appendix to a single global document.

Defendants have also asserted that Global Orders are not appropriate here because this is not a "true" MDL, whatever that may mean. Plaintiffs obviously disagree with Defendants' characterization of the Coordinated Actions, which is belied by the "In re Automotive Parts Antitrust Litigation, MDL 2311" caption in each of these cases. *See also In re Automotive Wire Harness Sys. Antitrust Litig.*, 867 F. Supp. 2d 1349, 1351 (J.P.M.L. 2012) (creating a single MDL here because "similar conspiracies are alleged involving overlapping defendants and

stemming from the same government investigation, and the parties and counsel already overlap to such a large extent.").

Even more important than semantics, the Court has consistently made it clear that the parties, where feasible, must make every effort to coordinate across all of the Coordinated Actions and agree upon templates governing common issues and subjects across all cases. Defendants' refusal to agree to coordinate here is clearly contrary to the Court's instructions.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully submit that the Special Master should grant Plaintiffs' Motion for submission of a Global ESI Order, Global Preservation Order and a Global Expert Order.

Respectfully submitted,

Dated: June 17, 2015

/s/ *E. Powell Miller*
E. Powell Miller (P39487)
Devon P. Allard (P71712)
THE MILLER LAW FIRM, P.C.
950 W. University Drive
Suite 300
Rochester, MI 48307
Telephone: (248) 841-2200
Facsimile: (248) 652-2852
epm@millerlawpc.com
dpa@millerlawpc.com

***Interim Liaison Counsel for End-Payor Plaintiffs***

Hollis Salzman
Bernard Persky
William V. Reiss
ROBINS KAPLAN LLP
601 Lexington Avenue, Suite 3400
New York, NY 10022

Telephone: (212) 980-7400
Facsimile: (212) 980-7499
HSalzman@RobinsKaplan.com
BPersky@RobinsKaplan.com
WReiss@RobinsKaplan.com

Steven N. Williams
Adam J. Zapala
Elizabeth Tran
COTCHETT, PITRE & McCARTHY, LLP
San Francisco Airport Office Center
840 Malcolm Road, Suite 200
Burlingame, CA 94010
Telephone: (650) 697-6000
Facsimile: (650) 697-0577
swilliams@cpmlegal.com
azapala@cmplegal.com
etran@cpmlegal.com

Marc M. Seltzer
Steven G. Sklaver
SUSMAN GODFREY L.L.P.
1901 Avenue of the Stars, Suite 950
Los Angeles, CA 90067-6029
Telephone: (310) 789-3100
Facsimile: (310) 789-3150
mseltzer@susmangodfrey.com
ssklaver@susmangodfrey.com

Terrell W. Oxford
SUSMAN GODFREY L.L.P.
901 Main Street, Suite 5100
Dallas, TX 75202
Telephone: (214) 754-1900
Facsimile: (214) 754-1933
toxford@susmangodfrey.com

*Interim Co-Lead Class Counsel for End-Payor Plaintiffs*

Dated: June 17, 2015

*/s/ Gerard V. Mantese*  (with consent)
Gerard V. Mantese (P34424)
David Hansma (P71056)
Brendan Frey (P70893)

Joshua Lushnat (P75319)
MANTESE HONIGMAN ROSSMAN AND
WILLIAMSON, P.C.
1361 E. Big Beaver Road
Troy, MI 48083
Telephone: (248) 457-9200 Ext. 203
Facsimile: (248) 457-9201
gmantese@manteselaw.com
dhansma@manteselaw.com
bfrey@manteselaw.com
jlushnat@manteselaw.com

*Interim Liaison Counsel for the Automobile Dealer Plaintiffs*


Jonathan W. Cuneo
Joel Davidow
Victoria Romanenko
CUNEO GILBERT & LADUCA, LLP
507 C Street, N.E.
Washington, DC 20002
Telephone: (202) 789-3960
Facsimile: (202) 789-1813
Jonc@cuneolaw.com
Joel@cuneolaw.com
Vicky@cuneolaw.com

Don Barrett
David McMullan
Brian Herrington
BARRETT LAW GROUP, P.A.
P.O. Box 927
404 Court Square
Lexington, MS 39095
Telephone: (662) 834-2488
Facsimile: (662)834.2628
dbarrett@barrettlawgroup.com
bherrington@barrettlawgroup.com
dmcmullan@barrettlawgroup.com

Shawn M. Raiter
LARSON KING, LLP
2800 Wells Fargo Place
30 East Seventh Street

8

St. Paul, MN 55101
Telephone: (651) 312-6500
Facsimile: (651) 312-6618
sraiter@larsonking.com

*Interim Co-Lead Counsel for the Automobile Dealer Plaintiffs*

Dated: June 17, 2015

*/s/ David H. Fink* (with consent)
David H. Fink (P28235)
Darryl Bressack (P67820)
FINK + ASSOCIATES LAW
100 West Long Lake Road, Suite 111
Bloomfield Hills, MI 48304
(248) 971-2500

*Interim Liaison Counsel for the Direct Purchaser Plaintiffs*

Joseph C. Kohn
William E. Hoese
Douglas A. Abrahams
KOHN, SWIFT & GRAF, P.C.
One South Broad Street, Suite 2100
Philadelphia, PA 19107
Telephone: (215) 238-1700

Steven A. Kanner
William H. London
Michael E. Moskovitz
FREED KANNER LONDON
& MILLEN LLC
2201 Waukegan Road, Suite 130
Bannockburn, IL 60015
Telephone: (224) 632-4500

Gregory P. Hansel
Randall B. Weill
Michael S. Smith
PRETI, FLAHERTY, BELIVEAU
& PACHIOS LLP
One City Center, P.O. Box 9546

9

Portland, ME 04112-9546
Telephone: (207) 791-3000

Eugene A. Spector
William G. Caldes
Jonathan M. Jagher
Jeffrey L. Spector
SPECTOR ROSEMAN KODROFF
& WILLIS, P.C.
181 Market Street, Suite 2500
Philadelphia, PA 19103
Telephone: (215) 496-0300

*Interim Co-Lead Counsel for the Direct Purchaser Plaintiffs*

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| IN RE: AUTOMOTIVE PARTS ANTITRUST LITIGATION | Master File No. 12-md-02311<br>Honorable Marianne O. Battani |
| In Re: Occupant Safety Systems | 2:12-cv-00600 |
| In Re: Alternators | 2:13-cv-00700 |
| In Re: Anti-Vibrational Rubber Parts | 2:13-cv-00800 |
| In Re: Windshield Wipers | 2:13-cv-00900 |
| In Re: Radiators | 2:13-cv-01000 |
| In Re: Starters | 2:13-cv-01100 |
| In Re: Automotive Lamps | 2:13-cv-01200 |
| In Re: Switches | 2:13-cv-01300 |
| In Re: Ignition Coils | 2:13-cv-01400 |
| In Re: Motor Generator | 2:13-cv-01500 |
| In Re: Steering Angle Sensors | 2:13-cv-01600 |
| In Re: HID Ballasts | 2:13-cv-01700 |
| In Re: Inverters | 2:13-cv-01800 |
| In Re: Electronic Powered Steering Assemblies | 2:13-cv-01900 |
| In Re: Fan Motors | 2:13-cv-02100 |
| In Re: Fuel Injection Systems | 2:13-cv-02200 |
| In Re: Power Window Motors | 2:13-cv-02300 |
| In Re: Automatic Transmission Fluid Warmers | 2:13-cv-02400 |
| In Re: Valve Timing Control Devices | 2:13-cv-02500 |
| In Re: Air Conditioning Systems | 2:13-cv-02700 |
| In Re: Windshield Washer Systems | 2:13-cv-02800 |
| In Re: Constant Velocity Joint Boot Products | |
| THIS DOCUMENT RELATES TO:<br>Direct Purchaser Actions<br>Dealership Actions<br>End-Payor Actions | |

**CERTIFICATE OF SERVICE**

I hereby certify that on June 17, 2015, I electronically filed the foregoing documents with the Clerk of the Court using the ECF system, which will send electronic notification of such filings upon all registered counsel of record.

THE MILLER LAW FIRM, P.C.

By: /s/ *E. Powell Miller*
E. Powell Miller (P39487)
Devon P. Allard (P71712)
THE MILLER LAW FIRM, P.C.
950 W. University Drive
Suite 300
Rochester, MI 48307
Telephone: (248) 841-2200
Facsimile: (248) 652-2852
epm@millerlawpc.com
dpa@millerlawpc.com

*Interim Liaison Counsel for End-Payor Plaintiffs*