# Exhibit G

```
 1                  UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF MICHIGAN
 2                        SOUTHERN DIVISION

 3                           -   -   -

 4    IN RE:  AUTOMOTIVE PARTS
      ANTITRUST LITIGATION
 5                                    Case No. 12-md-02311
                    MDL NO. 2311
 6                                    Hon. Marianne O. Battani

 7

 8                      TELEPHONE CONFERENCE

 9         BEFORE SPECIAL MASTER GENE J. ESSHAKI
                  ABBOTT NICHOLSON, P.C.
10           300 River Place Drive, Suite 3000
                    Detroit, Michigan
11               Tuesday, May 26, 2015

12


13    APPEARANCES:

14    End Payor Plaintiffs:

15    STEVEN N. WILLIAMS
      COTCHETT, PITRE & McCARTHY, L.L.P.
16    840 Malcolm Road
      Burlingame, CA   94010
17    (650) 697-6000

18
      Dealership Plaintiffs:
19
      VICTORIA ROMANENKO
20    CUNEO, GILBERT & LaDUCA, L.L.P.
      507 C Street NE
21    Washington, D.C.   20002
      (202) 789-3960

22


23

24       To obtain a copy of this official transcript, contact:
              Robert L. Smith, Official Court Reporter
25         (313) 964-3303 • rob_smith@mied.uscourts.gov
```

*1* deposition of the 30(b)(6) and I do think that under the
*2* circumstances because this is going to be a relatively
*3* limited area we do not need to put these people through a
*4* ten-hour day, and I'm going to rule that on that 30(b)(6) for
*5* those dealers you get seven hours for the defendants and one
*6* hour for the plaintiffs.
*7* 		All right.  The other thing is with respect to who
*8* can examine, I'm going to permit more than one attorney to
*9* examine but no more than three for the defendants.
*10* 		Now, with respect to the issue of the template, I
*11* was attempting to follow Judge Battani's instructions at the
*12* January conference where she indicated a template for a
*13* deposition protocol should be prepared that can be utilized
*14* in all cases because auto dealers and end payors are going to
*15* be deposed only once.  And so at the hearing instead of
*16* saying that there is going to be one template I indicated
*17* that there was going to be two, that because the wire harness
*18* cases were so advanced I wanted to get that template done and
*19* in place so the depositions could commence.
*20* 		I did not mean to imply that there would be a new
*21* template for every other part.  There is going to be a second
*22* template that will be utilized, and you can take additional
*23* time to negotiate that, and I distinctly remember and it is
*24* in the record, I said you can tweak this second template
*25* using the first template to get a second template for the

1  other cases.  There will not be 29 templates as plaintiffs
2  have suggested, there will be two, the wire harness template
3  and the template that applies to all other cases, and I am
4  assuming there will be minor differences between the two.
5          The next issue --
6          MS. SULLIVAN:  Master Esshaki, can I ask for some
7  clarification on that?
8          MASTER ESSHAKI:  Can you hold until I finish?
9          MR. WILLIAMS:  Perhaps we can hear all the rulings
10 and then we can respond?
11         MASTER ESSHAKI:  My suggestion exactly.
12         With respect to the question of what information
13 the defendants must convey to the plaintiffs prior to a
14 30(b)(6) deposition, it was an outline of areas to be
15 examined -- for the witness to be examined at the deposition.
16 It was not to be specific questions to be asked but just a
17 list of general areas that would be subject to examination so
18 that the plaintiff dealer could pick the person most suitable
19 to be the 30(b)(6) witness.  There was to be -- never
20 anticipated any objections -- any specific questions nor any
21 objections would be filed.  It was a notice of areas to be
22 covered so that the plaintiffs could pick the person most
23 suitable to give the 30(b)(6) dep.  I think I have covered
24 all the issues we have raised.
25         And simply to keep this in order, Ms. Sullivan, do

1    you have any issues or clarifications that you need to be
2    made?
3            MS. SULLIVAN: Actually, Mr. Williams' suggestion
4    was a good one because you answered the question that I was
5    going to ask.
6            I do have one additional question though. With
7    respect to the information that defendants must provide to
8    plaintiffs prior to 30(b)(6) depositions, just to confirm,
9    that is limited to 30(b)(6) depositions and not 30(b)(1)
10   depositions, correct?
11           MASTER ESSHAKI: That's -- well, the purpose of the
12   deposition is to put the plaintiffs on notice of the areas to
13   be covered so that they can select the best person to answer
14   the questions. Now, I think the Judge's original ruling in
15   the status conference in January as I remember it was that
16   the defendants should plan on advising the plaintiffs of
17   areas of examinations for all the parties, so I'm going to
18   have to say it's all 30(b)6 and fact witnesses, just areas
19   that you intend to examine on.
20           MS. SULLIVAN: Master Esshaki, are you envisioning
21   then that the defendants will provide their list of topics to
22   the auto dealer plaintiffs and the auto dealer plaintiffs
23   will select the individual witnesses for Rule 30(b)(1)
24   depositions?
25           MASTER ESSHAKI: No, no.

*1*      MS. SULLIVAN: I'm not talking about --

*2*      MASTER ESSHAKI: No, I'm not and -- I'm not at all.

*3* I'm saying as to 30(b)(6) you provide the areas you are going

*4* to examine on and that's the way the rule works, the

*5* plaintiffs will then select the person that is most capable

*6* of responding to the 30(b)(6) areas of examination. As to

*7* the areas, the Judge was suggesting give the plaintiffs some

*8* advance notice of the areas in which you are going to examine

*9* the witness on but the plaintiffs do not get to designate

*10* that witness, it is just a pre-deposition notification of

*11* likely areas to be covered in the dep, no selection.

*12*      MR. WILLIAMS: Master Esshaki, this is

*13* Steve Williams. If I may ask to clarify?

*14*      As to the latter point that you just mentioned

*15* about 30(b)(1) depositions, do I understand correctly that

*16* that ruling is as to both auto dealer plaintiffs and end

*17* payor plaintiffs?

*18*      MASTER ESSHAKI: Yes.

*19*      MR. WILLIAMS: Thank you.

*20*      MS. SULLIVAN: Master Esshaki, this is

*21* Maggie Sullivan.

*22*      May I address that ruling?

*23*      MASTER ESSHAKI: Yes.

*24*      MS. SULLIVAN: I understand that you recall that

*25* Judge Battani conveyed her views that one way that the

*1* defendants could prepare together collectively for these

*2* plaintiff depositions would be to provide questions in

*3* advance, but if you look at the January --

*4*     MASTER ESSHAKI: No, no, no, Ms. Sullivan, I

*5* disagree, I disagree. I don't think at any time she said

*6* provide questions in advance. I think she said provide areas

*7* that would be subject to examination, an outline, not

*8* questions, we are going to examine the witness in this area

*9* and in this area and in this area but not specific questions.

*10*    MS. SULLIVAN: Well, there was a point during the

*11* transcript -- or during the hearing where she was giving some

*12* suggestions, and the quote from pages 25 and 26 she gave a

*13* few suggestions, and one was to submit questions that you

*14* would ask of a plaintiff, be it an auto dealer or an end

*15* payor. She said I don't think the OEMs are a big deal but in

*16* terms of those two groups you could also submit questions and

*17* then either the master or myself could call those questions

*18* so that you would literally have your questions asked, so

*19* when a person comes in he's going to be asked the question,

*20* or she, only one time, and you could decide for yourself a

*21* group of you that will be taking these depositions using this

*22* script.

*23*    And then she followed that to say or another way of

*24* doing it is a group of you could get together and come up

*25* with one set of questions so you are not all doing this.

```
 1  Either way I don't care.
 2          And then on page 36 of the transcript,
 3  Master Esshaki, and this is the most important point that I
 4  wanted to make, I would draw your attention to that page of
 5  the transcript, it is page 36, I asked for clarification.  I
 6  said, Your Honor, may I just ask a point of clarification?
 7  Are you requesting that we submit a template to
 8  Master Esshaki or to other parties or just among the
 9  defendants in the various cases?
10          And she responded, you can do whatever you want.
11  Hopefully you come to terms amongst yourself and you don't
12  have to bother Master Esshaki.  And then she goes on to say
13  if the defendants could not reach an agreement among themself
14  then we could submit conflicting questions to you,
15  Master Esshaki, to help us resolve our disputes.
16          But my point is that she confirmed at the end of
17  the discussion that she was not instructing or even
18  suggesting that the defendants provide anything to the
19  plaintiffs in advance of Rule 30(b)(1) depositions.
20          MASTER ESSHAKI:  I think --
21          MS. SULLIVAN:  And we really --
22          MS. ROMANENKO:  Your Honor, may I --
23          MASTER ESSHAKI:  Ms. Sullivan, I understand what
24  you're saying, and as I read -- as you read to me what she
25  says there really is no real clarification to it, but it was
```

*1* my subsequent discussions in our May status conference where
*2* I indicated that you must provide -- in the 30(b)(6) you must
*3* provide an outline of areas to be examined, and I believe
*4* that based upon what Judge Battani was saying that that
*5* should go as to the 30(b)(1) but I don't think -- I don't
*6* think it is necessary to provide specific questions because I
*7* think what will happen is in every deposition because you've
*8* got a different witness there's going to be different
*9* objections to different questions, and literally you could be
*10* talking about thousands of objections to thousands of
*11* questions, and I don't think that is workable.  I do --
*12*       MS. SULLIVAN:  Yes, Master Esshaki, I agree with
*13* you about not being required to provide questions in advance,
*14* and I also agree that your ruling was very clear that
*15* defendants need to provide a list of topics for Rule 30(b)(6)
*16* depositions so that the auto dealer plaintiffs could identify
*17* the appropriate corporate representatives to testify.
*18*       What I'm struggling with a little bit and trying to
*19* persuade you against here is this ruling that defendants need
*20* to provide a list of topics in advance of individual witness
*21* depositions under 30(b)(1), there is just no support for that
*22* in the Federal rules, and I don't see any support for that in
*23* either of the transcripts of the two status conferences, so
*24* that's what I'm trying to persuade you about.
*25*       MASTER ESSHAKI:  I understand what you are trying

*1*  to do, and I think what the Judge was trying to do is
*2*  streamline the process so that there will be some advance
*3*  notice to the witness especially, for example, the end payor
*4*  plaintiffs, we are going to ask did you buy this car, when
*5*  did you buy the car, where did you buy the car from, how much
*6*  did you pay for the car, to your knowledge did the car have a
*7*  wire harness in it?  I don't think that's objectionable to
*8*  say these are the areas we are going to examine this witness
*9*  on because it will help to streamline the witnesses'
*10* examinations.
*11*          So I have a feeling, Ms. Sullivan, that in every
*12* end payor plaintiff case the areas of examination will be
*13* identical and I dare say the questions will be identical even
*14* though you are not giving questions.
*15*          Now, you will recall that in what I will call the
*16* second template there's got to be room for other defendants
*17* to add areas of questions that they want examined in their
*18* case.
*19*          MR. WILLIAMS:  Master Esshaki, Steve Williams.
*20*          May I ask for clarification on the last point that
*21* you just made about this second template?  Are you referring
*22* to a template governing depositions of plaintiffs or of
*23* defendants, OEMs and third parties?
*24*          MASTER ESSHAKI:  What I'm referring to is the
*25* plaintiffs have raised the potential -- the specter of there