# EXHIBIT 1

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| In Re: AUTOMOTIVE PARTS ANTITRUST LITIGATION | Master File No. 12-md-02311<br>Honorable Marianne O. Battani |
| In re: Wire Harness Cases | |
| THIS DOCUMENT RELATES TO:<br>All Auto Dealer Actions<br>All End-Payor Actions | 2:12-cv-00102-MOB-MKM<br>2:12-cv-00103-MOB-MKM |

### CERTAIN DEFENDANTS' MOTION TO STRIKE THE REPLY BRIEF IN SUPPORT OF THE REYNOLDS & REYNOLDS COMPANY'S MOTION TO QUASH SUBPOENA OR, ALTERNATIVELY, FOR LEAVE TO FILE A SURREPLY BRIEF AND BRIEF IN SUPPORT

### MOTION

Defendants[1] move to strike The Reynolds & Reynolds Company's Reply Brief in Support of its Motion to Quash or, alternatively, seek leave to file a surreply, as follows:

1. On March 26, 2013, non-party The Reynolds and Reynolds Company ("R&R") filed a 32-page reply brief (2:12-cv-00102, ECF No. 285) that is nearly

---

[1] "Defendants" refers to DENSO Corporation; DENSO International America, Inc.; Fujikura Automotive America LLC; Fujikura Ltd.; Furukawa Electric Co., Ltd.; American Furukawa, Inc.; G.S. Electech, Inc.; G.S.W. Manufacturing, Inc.; G.S. Wiring Systems, Inc.; Leoni Wiring Systems, Inc.; Leonische Holding Inc.; Sumitomo Electric Industries, Ltd.; Sumitomo Wiring Systems, Ltd.; Sumitomo Electric Wiring Systems, Inc. (including K&S Wiring Systems, Inc.); Sumitomo Wiring Systems (U.S.A.) Inc.; Tokai Rika Co., Ltd.; TRAM, Inc.

double the length of its original 17-page motion (2:12-cv-00102, ECF No. 259) and more than six times the five pages permitted by the Court for reply briefs using a 12 point font.

2. R&R did not request leave to file such an excessively long reply brief.

3. Wholly apart from its excessive length, as a matter of standard federal practice, reply briefs are limited to rebutting the arguments of the non-movant's response brief.

4. In their response, Defendants pointed out that R&R's conclusory objections to Defendants' Subpoena had no factual support and that R&R had refused to engage in any meaningful discussion with Defendants about narrowing the scope of the Subpoena and minimizing R&R's burden in complying with it. (2:12-cv-00102, ECF No. 279.) Instead of rebutting Defendants' arguments by attempting to show how its Motion to Quash was not factually and legally deficient, R&R simply used Defendants' response as an instruction manual to write a new opening brief, and this time included a 6-page single-spaced declaration and three new exhibits. (2:12-cv-00102, ECF Nos. 285-1, 285-2, 285-3, 285-4.) Neither the federal or local rules, nor standard practice in this Court permits a movant to introduce new evidence and arguments in a reply brief.

5. R&R's reply brief, including the attached Declaration of David Bates, should be stricken.

6. Defendants have already appropriately responded to R&R's Motion to Quash and that effort should not be rendered futile by having to respond again to what is in effect a new motion.

7. However, if the Court and the Master permit R&R's reply brief to stand, Defendants request 14 days from the date of the Court's order to file a second response with an equal number of pages to R&R's reply and a supporting declaration(s), as Defendants may deem necessary.

8. Despite reasonable efforts to contact R&R's attorney by email and telephone on March 30, 2015, Defendants' counsel was unable to conduct a conference.

For these reasons, and those in the brief in support that follows, Defendants request that the Court and the Master strike R&R's reply brief, including the attached Declaration of David Bates or, alternatively, grant Defendants leave to file a surreply of equal length and supporting materials within 14 days from the Court's order.

## BRIEF IN SUPPORT

## CONCISE STATEMENT OF THE ISSUES

1. Whether the Master and the Court should strike The Reynolds and Reynolds Company's 32 page Reply Brief in Support of its Motion to Quash Defendants' Subpoena, including the attached Declaration of David Bates, because it egregiously exceeds the page limits established by the Court for reply briefs and because it also improperly introduces new evidence and argument not present in its original Motion.

**Answer**: Yes.

2. In the alternative, whether the Master and the Court should grant Defendants leave to file a surreply and supporting materials to respond to what is effectively a new motion to quash by R&R.

**Answer**: Yes

# CONTROLLING OR MOST APPROPRIATE AUTHORITIES

LR 7.1(d)

*McDole v. City of Saginaw*, No. 07-13697-BC, 2010 WL 458472, at *2 (E.D. Mich. Feb. 8, 2010)

*Phillips v. United Parcel Serv., Inc.*, No. 08-13978, 2009 WL 2046126, at *3 (E.D. Mich. July 10, 2009)

Defendants' Motion to Strike states most of Defendants' arguments supporting their Motion, or alternative request for leave to file a surreply, and thus there is no need to repeat those arguments here. A motion to strike or a motion for leave to file a surreply are standard responses to a movant's violations of both the rules dictating the form of briefs and limiting reply briefs to rebuttal arguments. *See*, *e.g.*, *Phillips v. United Parcel Serv., Inc.*, No. 08-13978, 2009 WL 2046126, at *3 (E.D. Mich. July 10, 2009) (granting motion to strike reply brief that violated LR 5.1 and LR 7.1 by manipulating the font size to give the appearance of meeting the 5-page limit); *Applied Energy Technologies, Inc. v. Solar Liberty Energy Sys., Inc.*, No. 09-CV-11959-DT, 2009 WL 3757072, at *3 (E.D. Mich. Nov. 9, 2009) (denying plaintiff's motion for reconsideration based on defendant's objectionable reply brief, where plaintiff failed "to file either a motion to strike any objectionable exhibits or a motion for leave to file a surreply brief").

**A.     The Court Should Strike R&R's Reply Brief**

The Court should strike R&R's reply brief (2:12-cv-00102, ECF No. 285; 2:12-cv-00103, ECF No. 288) for its egregious violations of this Court's rules on the length of reply briefs. R&R's counsel made no attempt to comply with them in filing a reply brief that flouts the page limits for a reply brief (and an opening brief as well).

This Court should not excuse R&R's counsel from filing a brief in violation of this district's Local Rules merely because his office is in Houston and he may never have practiced in the Eastern District of Michigan. At the very least, R&R's counsel should have sought out this Court's protocol online, which would have advised him of a 12-point font, 5-page limit for reply briefs. Exhibit 1 (Excerpt from Judge Battani's Protocol).

Wholly apart from violating page limitations for reply briefs, it is difficult to believe that it would be acceptable in any court in this country to use the opportunity afforded for an optional reply brief to file a brief almost twice as long as the opening brief, with new evidence that should have been included in the original motion, especially without first seeking leave from the court.

**B.  The Addition of New Evidence in a Declaration
    Is a Separate Basis to Strike R&R's Reply Brief**

The addition of new documentary exhibits and the six-page, single-spaced Declaration of David Bates (2:12-cv-00102, ECF Nos. 285-1, 285-2, 285-3, 285-4.), one of R&R's vice presidents, to attempt to provide factual support that should have been filed with R&R's Motion, is a separate ground to strike the reply brief.

As Defendants explained in their response brief, R&R as the movant had the "particularly heavy" burden to prove that the discovery sought in Defendants' Subpoena should not be permitted. (2:12-cv-00102, ECF No. 279, at 10-11.) A reply brief that introduces new evidence in an attempt to meet the movant's burden

4

of proof is properly stricken because the non-movant is deprived of the opportunity to respond. *See*, *e.g.*, *McDole v. City of Saginaw*, No. 07-13697-BC, 2010 WL 458472, at *2 (E.D. Mich. Feb. 8, 2010) (granting motion to strike an affidavit first attached to a reply brief to address an issue on which movant had the burden of proof).

Even though it may be proper relief in some circumstances, merely striking the Bates Declaration and additional documentary exhibits and references to them in R&R's reply brief fails to address R&R's egregious violation of this Court's page limitations for reply briefs. Only striking the entire reply brief, including the Declaration, would cure both R&R's violation of the page limits and of its complete disregard of federal and local practice.

**C.   Alternatively, Defendants Should Be Granted an Opportunity to Respond to R&R's Reply Brief**

If the Court declines to strike the non-compliant reply, Defendants request an equal number of pages and 14 days from the date of the order granting leave to respond to what is essentially a different motion than R&R originally filed.

However, Defendants do not believe that they should be put to the time and expense of responding to an essentially new and different arguments than were contained in R&R's initial motion. Allowing a movant to in effect revise a pending motion based on its opponents' responses would be contrary to the rules regulating motion practice and the primary directive of FRCP 1 to construe and interpret those

5

rules "to secure the just, speedy, and inexpensive determination of every action and proceeding." Allowing R&R to do so would mean that Defendants' response to R&R's original motion was a futile effort penalizing Defendants for undertaking the time and expense to prepare and file it.

## REQUEST FOR RELIEF

For these reasons, and those in the preceding motion, Defendants request that the Court and the Master strike R&R's reply brief and the Declaration of David Bates or, alternatively, grant Defendants leave to file a surreply of equal length within 14 days from the order granting such leave.

              Respectfully submitted,

              KEMP KLEIN LAW FIRM

March 30, 2015    By: */s/Ronald S. Nixon*
              Richard D. Bisio (P30246)
              Ronald S. Nixon (P57117)
              KEMP KLEIN LAW FIRM
              201 W. Big Beaver, Suite 600
              Troy, MI 48084
              Telephone: (248) 528-1111
              Facsimile: (248) 528-5129
              richard.bisio@kkue.com
              ron.nixon@kkue.com

              Larry S. Gangnes
              LANE POWELL PC
              1420 Fifth Ave., Suite 4200
              P.O. Box 91302
              Seattle, WA 98111-9402
              Telephone: (206) 223-7000
              Facsimile: (206) 223-7107
              gangnesl@lanepowell.com

              Craig D. Bachman
              Kenneth R. Davis II
              Darin M. Sands
              Masayuki Yamaguchi
              Peter D. Hawkes
              LANE POWELL PC
              601 SW Second Ave., Suite 2100
              Portland, OR 97204-3158
              Telephone: (503) 778-2100
              Facsimile: (503) 778-2200
              bachmanc@lanepowell.com
              davisk@lanepowell.com
              sandsd@lanepowell.com
              yamaguchim@lanepowell.com
              hawkesp@lanepowell.com

              *Attorneys for Defendants Furukawa Electric Co., Ltd. and American Furukawa, Inc.*

|  |  |  |
|---|---|---|
|  |  | LATHAM & WATKINS LLP |
| March 30, 2015 | By: | */s/ Marguerite M. Sullivan* (w/ consent) |

Marguerite M. Sullivan
LATHAM & WATKINS LLP
555 Eleventh Street NW, Suite 1000
Washington, DC 20004
Telephone: (202) 637-2200
Fax: (202) 637-2201
Marguerite.Sullivan@lw.com

Daniel M. Wall
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
Telephone: (415) 395-0600
Fax: (415) 395-8095
dan.wall@lw.com

William H. Horton (P31567)
GIARMARCO, MULLINS &
HORTON, P.C.
101 West Big Beaver Road, Tenth Floor
Troy, MI 48084-5280
Telephone: 248-457-7060
bhorton@gmhlaw.com

*Attorneys for Defendants Sumitomo Electric Industries, Ltd.; Sumitomo Wiring Systems, Ltd.; Sumitomo Electric Wiring Systems, Inc.; K&S Wiring Systems, Inc.; and Sumitomo Wiring Systems (U.S.A.) Inc.*

|  |  | WILMER CUTLER PICKERING HALE AND DORR LLP |
|---|---|---|
| March 30, 2015 | By: | */s/Steven F. Cherry*  (w/consent)<br>Steven F. Cherry<br>David P. Donovan<br>Brian C. Smith<br>Kurt G. Kastorf<br>WILMER CUTLER PICKERING HALE AND DORR LLP<br>1875 Pennsylvania Avenue, N.W.<br>Washington, D.C. 20006<br>Telephone: (202) 663-6000<br>Fax: (202) 663-6363<br>steven.cherry@wilmerhale.com<br>david.donovan@wilmerhale.com<br>brian.smith@wilmerhale.com<br>kurt.kastorf@wilmerhale.com<br><br>*Attorneys for Defendants DENSO International America, Inc. and DENSO Corporation*<br><br>Steven M. Zarowny (P33362)<br>General Counsel<br>DENSO International America, Inc.<br>24777 Denso Drive<br>Southfield, MI 48033<br>Telephone: (248) 372-8252<br>Fax:   (248) 213-2551<br>steve_zarowny@denso-diam.com<br><br>*Attorney for Defendant DENSO International America, Inc.* |

9

|  |  |
|---|---|
|  | ARNOLD & PORTER LLP |
| March 30, 2015 | By: */s/James L. Cooper* (w/consent)<br>James L. Cooper<br>Michael A. Rubin<br>Laura Cofer Taylor<br>Katherine Clemons<br>ARNOLD & PORTER LLP<br>555 Twelfth Street NW<br>Washington, DC 20004<br>(202) 942-5000<br>(202) 942-5999 (facsimile)<br>james.cooper@aporter.com<br>michael.rubin@aporter.com<br>laura.taylor@aporter.com<br>katherine.clemons@aporter.com<br><br>Joanne Geha Swanson (P33594)<br>Fred Herrmann (P49519)<br>Matthew L. Powell (P69186)<br>KERR, RUSSELL AND WEBER, PLC<br>500 Woodward Avenue, Suite 2500<br>Detroit, MI 48226<br>(313) 961-0200<br>(313) 961-0388 (facsimile)<br>jswanson@kerr-russell.com<br>fherrmann@kerr-russell.com<br>mpowell@kerr-russell.com<br><br>*Attorneys for Defendants Fujikura Ltd. and Fujikura Automotive America LLC* |

|  |  |  |
|---|---|---|
|  |  | O'MELVENY & MYERS LLP |
| March 30, 2015 | By: | */s/Michael F. Tubach*  (w/consent)<br>Michael F. Tubach<br>O'MELVENY & MYERS LLP<br>Two Embarcadero Center, 28th Floor<br>San Francisco, CA 94111<br>Telephone: (415) 984-8700<br>Fax: (415) 984-8701<br>Mtubach@omm.com |
|  |  | Michael R. Turco (P48705)<br>BROOKS WILKINS SHARKEY & TURCO PLLC<br>401 South Old Woodward, Suite 400<br>Birmingham, MI 48009<br>Telephone: (248) 971-1713<br>Fax: (248) 971-1801<br>turco@bwst-law.com |
|  |  | *Attorneys for Defendants Leoni Wiring Systems, Inc. and Leonische Holding, Inc.* |

11

|  |  |  |
|---|---|---|
|  |  | BUTZEL LONG |
| March 30, 2015 | By: | */s/David F. DuMouchel* (w/consent)<br>David F. DuMouchel (P25658)<br>George B. Donnini (P66793)<br>BUTZEL LONG<br>150 West Jefferson, Suite 100<br>Detroit, MI 48226<br>Telephone: (313)225-7000<br>dumouchd@butzel.com<br>donnini@butzel.com |
|  |  | W. Todd Miller<br>BAKER & MILLER PLLC<br>2401 Pennsylvania Ave., NW, Suite 300<br>Washington, DC 20037<br>Telephone: (202)663-7820<br>TMiller@bakerandmiller.com |
|  |  | *Attorneys for Defendants Tokai Rika Co., Ltd. and TRAM, Inc. d/b/a Tokai Rika U.S.A. Inc.* |
|  |  | PORTER WRIGHT MORRIS & ARTHUR LLP |
| March 30, 2015 | By: | */s/ Donald M. Barnes* (w/consent)<br>Donald M. Barnes<br>Jay L. Levine<br>John C. Monica<br>Molly S. Crabtree<br>PORTER WRIGHT MORRIS & ARTHUR LLP<br>1919 Pennsylvania Ave., NW, Ste 500<br>Washington, DC 20006<br>Telephone: (202) 778-3054<br>Facsimile: (202) 778-3063<br>dbarnes@porterwright.com<br>jlevine@porterwright.com<br>jmonica@porterwright.com<br>mcrabtree@porterwright.com |
|  |  | *Attorneys for Defendants G.S. Electech, Inc., G.S.W. Manufacturing, Inc., and G.S. Wiring Systems, Inc.* |

12

## CERTIFICATE OF SERVICE

I hereby certify that on March 30, 2015, I caused the foregoing **CERTAIN DEFENDANTS' RESPONSE TO THE REYNOLDS & REYNOLDS COMPANY'S MOTION TO QUASH SUBPOENA AND FOR PROTECTION** to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

                                                   */s/Ronald S. Nixon*
                                                   Ronald S. Nixon

795319v2

# EXHIBIT 1

# Motion Practice

1. **CONCURRENCE:** Counsel must comply with E.D. Mich. LR 7.1(a) and seek concurrence before filing a motion.

2. **FILING REQUIREMENTS:** E.D. Mich. LR 7.1 governs time requirements for briefs, however, the Court sets a briefing schedule for dispositive motions. A party that fails to file a timely response will not be permitted to argue during oral argument without leave of the Court.

3. **COURTESY COPIES:** Courtesy copies of all motions must be submitted to the court with exhibits clearly labeled. The labels must extend to the right side of the paper. An index of the exhibits must be included.

4. **EXTENSIONS:** Page extensions are not favored.

5. **FORMAT:** Documents should be prepared in 12 point type and double spaced. Motions and responses are allowed a maximum of 20 pages. Replies have a five page limit.

6. **CONTENT:** Parties are required to support the statement of material facts with citations to pleadings, interrogatories, admissions, depositions, affidavits, or documentary exhibits. Submit only the relevant pages of depositions and underline the specific references in documents where applicable. Rather than using boilerplate recitations of the summary judgment standard or stringing citations to well established legal principles, parties should focus their analyses on a few well-chosen cases, preferably recent and from controlling courts. If unpublished opinions or opinions published only in specialty reporters are cited, copies of these cases must be submitted with the briefs.

7. **NON-DISPOSITIVE MOTIONS:** Counsel must comply with the briefing schedule dictated by E.D. Mich LR 7.1. The Court generally schedules oral argument on all motions, except motions for reconsideration and prisoner pro se motions. Most discovery motions, however, are referred to a magistrate judge.

8. **DISPOSITIVE MOTIONS:** The Court will issue a briefing schedule on all dispositive motions. Oral argument is scheduled approximately 10 weeks from the date of filing.

9. **MOTIONS IN LIMINE:** These are to be electronically filed with a courtesy copy delivered to chambers one week before the Final Pretrial Conference. Motions *in limine* will be heard the day of the Final Pretrial Conference. Counsel may for good cause request an earlier date for the hearing.

10. **CANCELLATION OF ORAL ARGUMENT:** The Court occasionally cancels oral argument when, after a review of the briefs, the Court finds that argument would be neither necessary nor helpful.

11. **PRIVACY:** Counsel should be vigilant not to include or to excise private information in any filings, e.g. social security numbers.

**EXHIBIT 1**