## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

In Re: AUTOMOTIVE PARTS
ANTITRUST LITIGATION

Master File No. 12-md-02311
Honorable Marianne O. Battani

In Re: ANTI-VIBRATIONAL RUBBER
PARTS

2:13-cv-00800-MOB-MKM
2:13-cv-00802-MOB-MKM
2:13-cv-00803-MOB-MKM

THIS RELATES TO:

DEALERSHIP ACTIONS
END-PAYOR ACTIONS

## DEFENDANTS' MOTION FOR ENTRY OF A SCHEDULING ORDER

For the reasons stated in the accompanying Memorandum in Support, the Anti-Vibrational Rubber Parts Defendants[1] ("AVRP Defendants") respectfully request pursuant to Federal Rule of Civil Procedure 26(f) that the Court enter the Proposed Discovery and Class Certification Briefing Plan ("Proposed Order"), attached as Exhibit A to the Memorandum. Pursuant to Local Rule 7.1(a), the AVRP Defendants met and conferred with Plaintiffs and sought the relief requested by this motion on May 27, 2015 and on June 15, 2015, but were unable to obtain concurrence.

Dated: June 26, 2015

Respectfully submitted,

/s/ J. Clayton Everett, Jr.
J. Clayton Everett, Jr. (D.C. Bar No. 469652)
Zarema A. Jaramillo (D.C. Bar No. 500507)
**MORGAN, LEWIS & BOCKIUS LLP**

---

[1] Bridgestone Corporation and Bridgestone APM Company; Yamashita Rubber Co., Ltd. and YUSA Corporation; Sumitomo Riko Co., Limited and DTR Industries, Inc.; and Toyo Tire & Rubber Co., Ltd.; Toyo Tire North America Manufacturing, Inc.; Toyo Tire North America OE Sales LLC and Toyo Automotive Parts (USA), Inc.

1111 Pennsylvania Avenue, NW
Washington, DC 20004
Telephone:  (202) 739-3000
Facsimile:   (202) 739-3001
jeverett@morganlewis.com
zarema.jaramillo@morganlewis.com

*Counsel for Sumitomo Riko Company Limited
and DTR Industries, Inc.*

*/s/ Steven A. Reiss* (with consent)
Steven A. Reiss
Adam C. Hemlock
Kaj Rozga
**WEIL, GOTSHAL & MANGES LLP**
767 Fifth Avenue
New York, NY 10153
Telephone:  (212) 310-8000
Facsimile:   (212) 310-8007
steven.reiss@weil.com
adam.hemlock@weil.com
kajetan.rozga@weil.com

Frederick R. Juckniess
**SCHIFF HARDIN LLP**
350 South Main Street, Suite 210
Ann Arbor, MI 48104
Telephone: (734) 222-1504
Facsimile:  (734) 222-1501
fjuckniess@schiffhardin.com

*Counsel for Bridgestone Corporation and
Bridgestone APM Company*

*/s/ James L. Cooper* (with consent)
James L. Cooper
Danielle M. Garten
Adam Pergament
**ARNOLD & PORTER LLP**
555 Twelfth Street, NW
Washington, DC 20004
Telephone:  (202) 942-5000
Facsimile:   (202) 942-5999
james.cooper@aporter.com
danielle.garten@aporter.com
adam.pergament@aporter.com

2

Fred K. Herrmann
Joanne G. Swanson
**KERR, RUSSELL AND WEBER, PLC**
500 Woodward Avenue, Suite 2500
Detroit, MI 48226
Telephone: (313) 961-0200
Facsimile:  (313) 961-0388
fherrmann@kerr-russell.com
jswanson@kerr-russell.com

*Counsel for Yamashita Rubber Co., Ltd. and
YUSA Corporation*

*/s/ David C. Giardina* (with consent)
David C. Giardina
Courtney A. Hoffmann
**SIDLEY AUSTIN LLP**
One S. Dearborn Street
Chicago, IL 60603
Telephone:  (312) 853-7000
Facsimile:   (312) 853-7036
dgiardina@sidley.com
choffmann@sidley.com

Bradley J. Schram
**HERTZ SCHRAM PC**
1760 S. Telegraph Road, Suite 300
Bloomfield Hills, MI 48302
Telephone: (248) 335-5000
Facsimile:  (248) 335-3346
bschram@hertzschram.com

*Counsel for Toyo Tire & Rubber Co., Ltd.,
Toyo Automotive Parts (USA), Inc., Toyo Tire
North America OE Sales LLC, and Toyo Tire
North America Manufacturing Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 26, 2015, I caused a true and correct copy of the foregoing

DEFENDANTS' MOTION FOR ENTRY OF A SCHEDULING ORDER to be filed

electronically through the CM/ECF system which will send notification of such filing to all

counsel of record.


Dated: June 26, 2015       /s/  J. Clayton Everett, Jr._____
             J. Clayton Everett, Jr. (D.C. Bar No. 469652)
             **MORGAN, LEWIS & BOCKIUS LLP**
             1111 Pennsylvania Avenue, NW
             Washington, DC 20004
             Telephone:  (202) 739-3000
             Facsimile:   (202) 739-3001

             *Counsel  for Defendants Sumitomo Riko*
             *Company Limited and DTR Industries, Inc.*

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

In Re:  AUTOMOTIVE PARTS                  Master File No. 12-md-02311
ANTITRUST LITIGATION                      Honorable Marianne O. Battani

In Re:  ANTI-VIBRATIONAL RUBBER           2:13-cv-00800-MOB-MKM
PARTS                                     2:13-cv-00802-MOB-MKM
                                          2:13-cv-00803-MOB-MKM

THIS RELATES TO:

DEALERSHIP ACTIONS
END-PAYOR ACTIONS

**MEMORANDUM IN SUPPORT OF DEFENDANTS'**
**MOTION FOR ENTRY OF A SCHEDULING ORDER**

## STATEMENT OF ISSUES PRESENTED

Should the Court enter the enclosed discovery plan and scheduling order, which culminates in a class certification briefing schedule trailing the *Wire Harness* briefing schedule by two months and satisfies the requirement that class certification occur at an "early practicable time"?

Answer:  Yes.

## STATEMENT OF CONTROLLING OR MOST APPROPRIATE AUTHORITIES

Fed. R. Civ. P. 26(f).

Fed. R. Civ. P. 23(c)(1)(A).

Fed. R. Civ. P. 23 advisory committee's note.

*Price v. Cannon Mills*, 113 F.R.D. 66, 72-73 (M.D.N.C. 1986).

*McCarthy v. Kleindienst*, 741 F.2d 1406, 1412 (D.C. Cir. 1984).

*McGowan v. Faulkner Concrete Pipe Co*., 659 F.2d 554, 558–59 (5th Cir.1981).

MANUAL FOR COMPLEX LITIGATION (FOURTH), § 21.133 (2004).

## INTRODUCTION

Despite the fact that complaints in the above-captioned cases were filed more than two years ago and that the Anti-Vibrational Rubber Parts Defendants'[1] ("AVRP Defendants") motions to dismiss were decided nearly two months ago, no schedule for any proceedings following motions to dismiss has yet been set. On May 1, 2015, the AVRP Defendants sent Plaintiffs the Proposed Discovery and Class Certification Briefing Plan ("Proposed Order"), attached hereto as Exhibit A, and requested a 26(f) conference. Plaintiffs failed to articulate a position – either agreement or disagreement – with most of the Proposed Order in the two Rule 26(f) conferences that the parties held in the weeks that followed. However, Plaintiffs did indicate that they disagreed with the class certification schedule in the Proposed Order, contending that their deadline for filing AVRP class certification motions should be delayed until six months after the Court decides class certification in *In re Wire Harness Cases*, No. 2:12-cv-00100-MOB-MKM (E.D. Mich.) (the "Wire Harness Case"). Plaintiffs subsequently sent a proposed schedule for six separate and distinct *Auto Parts* cases[2] – including the AVRP case – that proposed the same delayed class certification schedule. The delay Plaintiffs seek – which would mean that class certification in the AVRP case is not addressed until 2018 at the earliest – is unwarranted and improper.

The AVRP Defendants are anxious for the case to proceed, and, in particular, to address the crucial and potentially dispositive issue of class certification, which the Rules require to be addressed at "an early practicable time." Fed. R. Civ. Pro. 23(c)(1)(A). In contrast to the significant delay proposed by Plaintiffs, the Proposed Order includes a

---

[1] Bridgestone Corporation and Bridgestone APM Company; Yamashita Rubber Co., Ltd. and YUSA Corporation; Sumitomo Riko Co., Limited and DTR Industries, Inc.; and Toyo Tire & Rubber Co., Ltd.; Toyo Tire North America Manufacturing, Inc.; Toyo Tire North America OE Sales LLC and Toyo Automotive Parts (USA), Inc.

[2] *In re Automotive Parts Antitrust Litig.*, No. 12-md-02311-MOB-MKM (E.D. Mich.).

1

reasonable schedule that is in line with schedules set in other similar complex antitrust cases.  It is also closely modeled on the Discovery Plan and Schedule that Plaintiffs previously agreed to, and the Court entered, in the Wire Harness Case.  The schedule permits roughly eighteen months to complete discovery relevant to class certification and culminates with a class certification briefing schedule that trails the class certification schedule in the Wire Harness Case by approximately two months.  The class certification schedule included in the Proposed Order will allow the Court to accomplish its stated goal of "getting more of these [class certification] motions decided in 2017."[3]

These AVRP cases have been pending for years, and the Court should order a schedule that allows the key issues in the case – including, significantly, the issue of class certification – to be decided timely and efficiently.  The Proposed Order provides such a schedule, and the AVRP Defendants respectfully request that it be entered.

## BACKGROUND

End-Payor Plaintiffs filed their original complaint against the AVRP Defendants on February 27, 2013;[4] and the Auto Dealer Plaintiffs filed their original complaint on April 9, 2013.[5]  Defendants moved to dismiss the Amended Complaints of both sets of plaintiffs in June 2014,[6] and the Court decided those motions in an order issued on May 1, 2015.[7] Discovery in the AVRP case was initially stayed at the request of the United States

---

[3] Tr. of Status Conference/Motion Hearings at 41:15-42:2, *In re Automotive Parts Antitrust Litig.*, No. 12-md-02311-MOB-MKM (E.D. Mich. Jan. 28, 2015) (Ex. C).
[4] *Barron et al. v. Yamashita Rubber Co., Ltd. et al.*, Case No. 2:13-cv-10801, (E.D. Mich. Feb. 27, 2013), ECF No. 1.
[5] *Martens Cars of Washington, Inc. et al., v. Yamashita Rubber Co., Ltd. et al.*, Case No. 2:13-cv-00800-MOB-MKM, (E.D. Mich. Apr. 9, 2013), ECF No. 1.
[6] *In re: Anti-Vibrational Rubber Parts - End-Payor Actions*, Case No. 2:13-cv-00803-MOB-MKM (E.D. Mich. June 13, 2014), ECF No. 20; *In re: Anti-Vibrational Rubber Parts - Dealership Actions*, Case No. 2:13-cv-00802-MOB-MKM (E.D. Mich. June 21, 2014), ECF No. 28.
[7] *In re: Anti-Vibrational Rubber Parts - End-Payor Actions*, Case No. 2:13-cv-00803-MOB-MKM (E.D. Mich. May 1, 2015), ECF No. 54; *In re: Anti-Vibrational Rubber Parts - Dealership Actions*, Case No. 2:13-cv-00802-MOB-MKM (E.D. Mich. May 1, 2015).

Department of Justice ("DOJ"), but the Court lifted that discovery stay on October 8, 2014.[8]

Notwithstanding that this Court's Practice Guidelines provide that Plaintiffs should initiate the Rule 26(f) conference, the AVRP Defendants reached out to Plaintiffs on May 1, 2015 to request a Rule 26(f) conference.[9]  At the same time, the AVRP Defendants provided Plaintiffs with the enclosed Proposed Order which provides a discovery plan and class certification briefing schedule that trails the Wire Harness class certification schedule by approximately two months.

The parties subsequently held a Rule 26(f) conference on May 27, 2015 and met and conferred further on June 15, 2015.  During those conferences, Plaintiffs failed to provide positions on the Proposed Order other than to assert that they disagreed with the class certification briefing schedule in the Proposed Order and that the deadline for filing class certification motions should be delayed until six months after the Court decides the Wire Harness Case motion.  At the end of the June 15 conference, the AVRP Defendants indicated an intention to present their Proposed Order to the Court for decision.

On June 19, Plaintiffs circulated to Defendants a proposed discovery plan and class certification schedule for six different cases, including AVRP.  Plaintiffs' proposal differs from the attached Proposed Order in a number of important respects, including that class certification proceedings in the AVRP case would be delayed for at least a year – and perhaps longer – while class certification proceedings in the Wire Harness Case play out.

Specifically, Plaintiffs propose that there should be no class certification briefing

---

[8] Tr. of Status Conference and Motions for Preliminary Approval at 22:8-13, *In re Automotive Parts Antitrust Litig*., No. 12-md-02311-MOB-MKM (E.D. Mich. Oct. 8, 2014) (Ex. D).
[9] PRACTICE GUIDELINES FOR JUDGE MARIANNE O. BATTANI, Discovery, No. 4, *available at* https://www.mied.uscourts.gov/altindex.cfm?pagefunction=pgToPDF& judgeID=1&pgid=2 ("The Court requires Plaintiff to convene a conference pursuant to Fed.R.Civ.P.26(t) and follow the procedures as set forth in the Notice of Scheduling Conference.").

until six months after the Court issues its class certification decision in the Wire Harness

Case.  Given the Wire Harness Case's class certification schedule, this realistically means

that class certification briefing will not commence in the AVRP cases until 2018, and that a

decision will not be rendered on the AVRP class certification motions until late 2018 at the

earliest—five and a half years after the AVRP Complaints were filed.  The class

certification schedule in the Proposed Order, by contrast, would allow resolution of the

AVRP class certification motions before the end of 2017.  The two competing proposals for

class certification schedules are as follows:

| The Parties' Proposed Schedule for Class Certification Briefing | | |
| --- | --- | --- |
| **Event** | **Defendants' Proposed Date** | **Plaintiffs' Proposed Date** |
| Plaintiffs to file their respective motions for class certification, any related expert reports, and Rule 26(a)(2) disclosures | August 19, 2016 | Six months after the Court issues its class certification decision in the Wire Harness Case (February 2, 2018, at the earliest)[10] |
| Defendants to file their oppositions to motions for class certification, any related expert reports, and Rule 26(a)(2) disclosures | January 6, 2017 | Three months after filing of opening brief (May 2, 2018, at the earliest) |
| Defendants to file their respective reply briefs in support of their motions for class certification and any related rebuttal expert reports | May 3, 2017 | Three months after filing of the opposition brief (August 2, 2018, at the earliest) |
| Class Certification Hearing | Date  to be determined by the Court after June 26, 2017 | August 2018, at the earliest |

---

[10] The hearing date has not been set by the Court, but the parties in the Wire Harness Case requested that the Court schedule a hearing on class certification after May 1, 2017.  *See* Stipulated Order Regarding Briefing of Class Certification Motions and Close of Discovery, *In re Wire Harness Cases*, No. 2:12-cv-00101-MOB-MKM (E.D. Mich. Feb. 11, 2015), ECF No. 226 (Ex. E).  Applying the most conservative timeline, and assuming that the Court holds the hearing on May 2, 2017 and issues a decision three months later, on August 2, 2017 (both of which could occur much later), Plaintiffs would file their class certification briefs in the AVRP case on February 2, 2018, at the very earliest.

4

Plaintiffs' proposal differs from the Proposed Order in several respects beyond just the class certification briefing schedule.  We do not address those differences here, however, as decision on the class certification schedule is the fundamental lynchpin of both parties' proposed schedules.  As the AVRP Defendants indicated in the letter they sent to the Plaintiffs on June 22, 2015 (attached hereto as Exhibit B), the parties have reached an impasse concerning the pretrial schedule for the AVRP case, and particularly the class certification schedule, requiring this Motion.

## ARGUMENT

### A.     The AVRP Defendants' Class Certification Schedule is Realistic, Appropriate and Required by the Federal Rules

The federal rules make clear that class certification should "not [be] unjustifiably delayed,"[11] requiring courts to decide class certification at "an early practicable time." Fed. R. Civ. P. 23(c)(1)(A). "The 'early practicable time' is when the court has sufficient information to decide whether the action meets the certification criteria of Rules 23(a) and (b)." MANUAL FOR COMPLEX LITIGATION (FOURTH), § 21.133 (2004).

The schedule proposed by the AVRP Defendants provides a reasonable timeline for the parties to complete discovery necessary for class certification and to provide the Court with information to decide whether the AVRP action meets the certification criteria of Rule 23..  The Proposed Order requires the parties to produce transactional data approximately nine months before the deadline to file class certification motions; and for defendants to complete their document productions approximately six months before the class certification briefing.[12]  Depositions are permitted well in advance of the class certification

---

[11] Fed. R. Civ. P. 23 advisory committee's note.
[12] Proposed Order, §§ G.10-12.

deadlines.[13]

The schedule in the Proposed Order is consistent with the schedules leading up to class certification briefing and decisions in other complex antitrust litigation matters involving similar allegations of "price fixing" conspiracies.  The original AVRP complaints were filed in February, 2013; and the AVRP Defendants propose that plaintiffs should file their class certification motions in August 2016, approximately three and a half years later.  This timing is longer than in some similar complex antitrust cases, and in line with others.[14]  The Proposed Order provides a reasonable schedule that appropriately balances the time needed to prepare for complex class certification proceedings with Rule 23's requirement to decide class certification at "an early practicable time."

> **B.**     **The Schedule Proposed by Plaintiffs is Unduly Delayed and Undermines Judicial Efficiency and Principles of Fundamental Fairness**

The class certification schedule Plaintiffs propose is unduly and unjustifiably delayed.  Plaintiffs' position on the proposed discovery and class certification schedule would not allow the Court to address the class certification issues in the AVRP class action until late 2018 at the earliest, five and a half years after Plaintiffs filed their original complaint against the AVRP Defendants.  Moreover, if the Wire Harness class certification schedule or the Court's decision is delayed, the AVRP case would sit in limbo, even if its

---

[13] Proposed Order, § H.2.

[14] *See, e.g.*, Order Setting Briefing Schedule re Class Certification and *Daubert* Motions, *In re Lithium Ion Batteries Antitrust Litig.*, No. 4:13-md-02420-YGR (N.D. Cal. Jan. 9, 2015), ECF No. 630 (class certification motion due three years after original complaints filed) (Ex. F); Stipulation and Order to Extend Page Limit of and Time to File Class Certification Briefs, *In re Static Random Access Memory (SRAM) Antitrust Litig.*, No. 4:07-md-01819-CW (N.D. Cal. Jan. 9, 2009), ECF No. 631 (class certification motion due two years after original complaint filed) (Ex. G); Order Modifying Class Certification Schedule, *In Re Optical Disk Drive Products Antitrust Litig.*, No. 3:10-md-02143-RS (N.D. Cal. Apr. 15, 2013), ECF No. 833 (class certification motion due three years after original complaint filed) (Ex. H); Joint Case Management Conference Statement, *In Re TFT-LCD (Flat Panel) Antitrust Litig.*, No. 3:07-md-01827-SI (N.D. Cal Nov. 12, 2008), ECF No. 709 (class certification motion due two years after the original complaints were filed) (Ex. I).

discovery were largely completed and its fact and expert witnesses prepared to testify.[15]  All of these concerns are even greater for later-filed cases, with the Plaintiffs' proposal leading to the absurd result that, while AVRP Defendants wait until 2018 or later for their class certification decision, Defendants in later-filed cases would presumably have to wait until the 2020s.

Plaintiffs' proposed schedule prejudices the AVRP Defendants, and undermines judicial efficiency.  "[F]undamental fairness, as well as the orderly administration of justice requires that defendants haled into court not remain indefinitely uncertain as to the number of individuals or parties to whom they may ultimately be held liable for money damages." *Price v. Cannon Mills*, 113 F.R.D. 66, 72-73 (M.D.N.C. 1986); *see also McCarthy v. Kleindienst*, 741 F.2d 1406, 1412 (D.C.Cir.1984) (three year delay in moving for class certification was fundamentally unfair to defendants); *see also McGowan v. Faulkner Concrete Pipe Co.*, 659 F.2d 554, 558–59 (5th Cir.1981) (plaintiffs were negligent in delaying their class certification motion for two years). Class certification is a particularly important, and potentially dispositive, issue in this case.  Decision on that issue should not be unjustifiably delayed.

The Court has recognized the issue in the past.  Expressing concern about the pace of the various *Auto Parts* cases, the Court in the January 28 case management conference strongly encouraged the parties to take steps to "get more of these [class certification] motions decided in 2017."[16]   Nothing has changed in the interim to make that goal untenable or inappropriate.  The AVRP Defendants are ready to proceed to meaningful

---

[15] While Plaintiffs propose that AVRP Defendants, but not Plaintiffs, produce transactional data by August 1, 2015, a little more than a month from now, Plaintiffs' proposed schedule inexplicably allows them a prolonged amount of time — at least two and a half years from the production of transaction data — to review and process this information before filing a class certification motion.

[16] Tr. of Status Conference/Motion Hearings at 41:15-42:2, *In re Automotive Parts Antitrust Litig.*, No. 12-md-02311-MOB-MKM (E.D. Mich. Jan. 28, 2015) (Ex. C).

discovery — which is already underway — in anticipation of a timely class certification

schedule.  There is no good reason why the parties and the Court cannot address class

certification in the AVRP cases on the schedule in the Proposed Order, and no good reason

why the AVRP cases should sit in limbo while Plaintiffs and the Court address class

certification in the separate Wire Harness Case.

## CONCLUSION

There is no reason why the AVRP action should be held up for three more years

before reaching the class certification stage.  The AVRP Defendants are committed and

ready to proceed expeditiously to permit decisive and potentially dispositive issues to be

resolved as soon as possible, ultimately lessening the Court's overall burden in this MDL.

The Proposed Order is reasonable and appropriate and is in line with the requirements of

Rule 23 and this Court's Practice Guidelines.  As such, the Court should enter the Proposed

Order.

Dated: June 26, 2015                              Respectfully submitted,


                                                  /s/ J. Clayton Everett, Jr.
                                                  J. Clayton Everett, Jr. (D.C. Bar No. 469652)
                                                  Zarema A. Jaramillo (D.C. Bar No. 500507)
                                                  **MORGAN, LEWIS & BOCKIUS LLP**
                                                  1111 Pennsylvania Avenue, NW
                                                  Washington, DC 20004
                                                  Telephone:  (202) 739-3000
                                                  Facsimile:   (202) 739-3001
                                                  jeverett@morganlewis.com
                                                  zarema.jaramillo@morganlewis.com

                                                  *Counsel for Sumitomo Riko Company Limited
                                                  and DTR Industries, Inc.*

                                                  /s/ Steven A. Reiss (with consent)
                                                  Steven A. Reiss
                                                  Adam C. Hemlock
                                                  Kaj Rozga
                                                  **WEIL, GOTSHAL & MANGES LLP**
                                                  767 Fifth Avenue

8

New York, NY 10153
Telephone:  (212) 310-8000
Facsimile:   (212) 310-8007
steven.reiss@weil.com
adam.hemlock@weil.com
kajetan.rozga@weil.com

Frederick R. Juckniess
**SCHIFF HARDIN LLP**
350 South Main Street, Suite 210
Ann Arbor, MI 48104
Telephone: (734) 222-1504
Facsimile:  (734) 222-1501
fjuckniess@schiffhardin.com

*Counsel for Bridgestone Corporation and
Bridgestone APM Company*

*/s/ James L. Cooper* (with consent)
James L. Cooper
Danielle M. Garten
Adam Pergament
**ARNOLD & PORTER LLP**
555 Twelfth Street, NW
Washington, DC 20004
Telephone:  (202) 942-5000
Facsimile:   (202) 942-5999
james.cooper@aporter.com
danielle.garten@aporter.com
adam.pergament@aporter.com

Fred K. Herrmann
Joanne G. Swanson
**KERR, RUSSELL AND WEBER, PLC**
500 Woodward Avenue, Suite 2500
Detroit, MI 48226
Telephone: (313) 961-0200
Facsimile:  (313) 961-0388
fherrmann@kerr-russell.com
jswanson@kerr-russell.com

*Counsel for Yamashita Rubber Co., Ltd. and
YUSA Corporation*

*/s/ David C. Giardina* (with consent)
David C. Giardina
Courtney A. Hoffmann
**SIDLEY AUSTIN LLP**
One S. Dearborn Street

9

Chicago, IL 60603
Telephone:  (312) 853-7000
Facsimile:   (312) 853-7036
dgiardina@sidley.com
choffmann@sidley.com

Bradley J. Schram
**HERTZ SCHRAM PC**
1760 S. Telegraph Road, Suite 300
Bloomfield Hills, MI 48302
Telephone: (248) 335-5000
Facsimile:  (248) 335-3346
bschram@hertzschram.com

*Counsel for Toyo Tire & Rubber Co., Ltd.,*
*Toyo Automotive Parts (USA), Inc., Toyo Tire*
*North America OE Sales LLC, and Toyo Tire*
*North America Manufacturing Inc.*

10

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on June 26, 2015, I caused a true and correct copy of the foregoing

MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION FOR ENTRY OF A

SCHEDULING ORDER to be filed electronically through the CM/ECF system which will send

notification of such filing to all counsel of record.


Dated: June 26, 2015                                    /s/ J. Clayton Everett, Jr.
                                                       J. Clayton Everett, Jr. (D.C. Bar No. 469652)
                                                       **MORGAN, LEWIS & BOCKIUS LLP**
                                                       1111 Pennsylvania Avenue, NW
                                                       Washington, DC 20004
                                                       Telephone:  (202) 739-3000
                                                       Facsimile:  (202) 739-3001

                                                       *Counsel  for Defendants Sumitomo Riko*
                                                       *Company Limited and DTR Industries, Inc.*