# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| **In Re: AUTOMOTIVE PARTS ANTITRUST LITIGATION** | : : : : | 12-md-02311<br>Honorable Marianne O. Battani |
| **In Re: ANTI-VIBRATIONAL RUBBER PARTS CASES** | : : : | |
| **THIS RELATES TO: ALL ANTI-VIBRATIONAL RUBBER PARTS CASES** | : : : : : | 2:13-cv-00800-MOB-MKM<br>2:13-cv-00802-MOB-MKM<br>2:13-cv-00803-MOB-MKM |

**[Defendants' Proposed]**
**Discovery and Class Certification Briefing Plan**

The Anti-Vibrational Rubber Parts Defendants[1] hereby set forth their Discovery and Class Certification Briefing Plan (the "Plan") to address discovery and class certification issues in the Automobile Dealer Action (Case No. 2:13-cv-00802-MOB-MKM) and End Payor Action (Case No. 2:13-cv-00803-MOB-MKM) (collectively, the "Anti-vibrational Rubber Parts Actions"; named plaintiffs in the Anti-vibrational Rubber Parts Actions will hereafter be referred to collectively as "Plaintiffs").

I.  Discovery Practice

    A.  Rule 26(f) Conference

        1.  Consistent with paragraph 24 of Case Management Order No. 1 For All Direct Purchaser, Dealership and End-Payor Actions, filed with the Court on March

---

[1] The Anti-vibrational Rubber Parts Defendants are Bridgestone Corporation and Bridgestone APM Company; Yamashita Rubber Co., Ltd. and YUSA Corporation; Sumitomo Riko Company Limited and DTR Industries, Inc.; and Toyo Tire & Rubber Co., Ltd.; Toyo Tire North America Manufacturing, Inc.; Toyo Tire North America OE Sales LLC and Toyo Automotive Parts (USA), Inc.

1

29, 2012 ("CMO #1"), the parties participated in two conferences to address the matters set forth in Rule 26(f)(3) of the Federal Rules of Civil Procedure on May 27 and on June 15, 2015.

B. <u>Applicability of This Plan</u>

1. The obligations and deadlines set forth in this Plan shall apply to each Plaintiff and each Defendant that remains a party to any of the Anti-vibrational Rubber Parts Actions as of the date the Plan is filed with the Court, as well as any parties that are subsequently added to and remain in any of the Anti-vibrational Rubber Parts Actions following the last date on which the Court issues a decision with respect to any motions to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure in any of the Anti-vibrational Rubber Parts Actions (the "MTD Resolution Date").

C. <u>Rule 26 Initial Disclosure Obligations</u>

1. On April 28, 2015, Defendants produced to Plaintiffs those documents relating to Anti-vibrational Rubber Parts that the Defendants produced to the DOJ in connection with its investigation of Anti-vibrational Rubber Parts (the "DOJ Documents"). Defendants may produce or withhold DOJ Documents that relate to products other than Anti-vibrational Rubber Parts consistent with the terms of the December 23, 2013 Stipulated Order Regarding Motion to Intervene and for a Temporary and Limited Stay of Certain Discovery by the United States of America (Case No. 2:12-md-02311, Docket #664).

2. Any Defendants who produced DOJ Documents shall not be required to meet the initial disclosure obligations set forth in Rule 26 of the Federal Rules of Civil Procedure.

2

D. <u>Coordination</u>

1. Plaintiffs shall consult in good faith and engage in best efforts to coordinate discovery and jointly resolve any disputes concerning the discovery they are seeking, so as to avoid duplication and unnecessary burden. To the extent discovery is served by any Plaintiff, such Plaintiff shall make its best efforts to avoid duplicating discovery requests previously served by any Plaintiff. This paragraph in no way prejudices or diminishes the rights of any Plaintiff to serve its own discovery requests regarding issues that are not common to or are not pursued by any other Plaintiff.

2. Defendants shall consult in good faith and engage in best efforts to coordinate written discovery requests and jointly resolve any disputes concerning the discovery they are seeking, so as to avoid duplication and unnecessary burden. To the extent that discovery is served by any Defendant, such Defendant shall make its best efforts to avoid duplicating discovery requests previously served by any Defendant.

3. Plaintiffs and Defendants shall make reasonable efforts to know what types of documents have been produced to date, and shall not knowingly request documents already produced in this case. Duplication is a proper objection to written discovery requests.

E. <u>Document Preservation</u> – The parties are cognizant of their obligations under the Federal Rules of Civil Procedure and applicable case law to preserve electronically stored information ("ESI") and hard copy documents (collectively, "Documents") relevant to these Actions and have agreed to meet and confer on these issues and to resolve them by August 5, 2015.

  F. <u>Status Conference</u> – The parties request that the Court schedule a status conference for the Anti-vibrational Rubber Parts Actions at the earliest convenient date to be determined by the Court. The parties will meet and confer in advance of the status conference in order to try and agree on agenda items for the status conference, and will submit to the Court joint or, if the parties cannot agree, separate positions, at least seven (7) days before the scheduled status conference.

  G. <u>Written Discovery Requests</u>

   1. On or before June 26, 2015, Plaintiffs shall serve Defendants with comprehensive and non-duplicative requests for production of documents.[2] Defendants shall also serve requests for production of documents on Plaintiffs by that date.

   2. On or before July 10, 2015, parties who are served with requests for production of documents shall notify the requesting parties if they maintain that negotiations of custodians and/or search terms is necessary and appropriate to respond to any such requests. A responding party seeking to meet and confer regarding custodians and search terms is obligated to provide the requesting party with sufficient information about potential custodians and sources of responsive documents and electronically stored information ("ESI") to permit a meaningful meet and confer in advance of any scheduled meet and confer. This deadline is not intended to, and does not, create any obligation of a party to produce requested documents or data otherwise

---

[2] "Comprehensive" discovery requests are requests designed by a party to obtain most or all documents and/or information that a party believes, based on its claims or defenses, are needed to support those claims or defenses at the class certification stage.

objected to absent agreement of the parties or pursuant to an order of the Court.

3. Within fourteen (14) days of the date of entry of this Order, Plaintiffs shall produce (to the extent they have not done so already) to Defendants the written discovery that they have produced through that date to defendants in any of the actions consolidated in *In re Automotive Parts Antitrust Litigation*, Case No. 2:12-md-02311-MOB-MKM.

4. On or before July 22, 2015, any parties to the Anti-vibrational Rubber Parts Actions who receive requests for production of documents shall serve the requesting parties with written responses and objections.

5. On or before July 29, 2015, parties who have served or received requests for production of documents shall meet and confer to (a) exchange lists of custodians that they reasonably believe may have documents responsive to the requests; (b) discuss which of these custodians will be searched; (c) discuss search terms, search methods, and potential locations of responsive information; and (d) discuss any other issues regarding the scope of the requests and any objections raised by the responding party.

6. On or before August 5, 2015, Plaintiffs shall serve Defendants with comprehensive and non-duplicative interrogatories and requests for admission. Defendants shall also serve Plaintiffs with interrogatories and requests for admission by that date.

7. On or before August 19, 2015, Plaintiffs and Defendants shall meet and confer to determine reasonable deadlines for the service of responses and objections to their respective interrogatories and requests for admission.

5

8. The parties shall have until September 4, 2015 to meet and confer as necessary to resolve any disputes concerning the parties' respective discovery requests (including, but not limited to, any issues regarding the scope of Anti-vibrational Rubber Parts transactional data to be produced). Any unresolved disputes shall then promptly be submitted to the Court for resolution.

9. Absent agreement by the parties or Court order, any documents that are the subject of disputes submitted to the Court, and that are subsequently ordered by the Court to be produced, shall be produced by the applicable dates in Paragraphs 11-13 below or within 120 days of a final Court order requiring production, whichever date is later.

10. On or before October 1, 2015, Defendants shall produce transactional data in response to Plaintiffs' comprehensive requests for production of documents (to the extent that such data are not the subject of discovery disputes for resolution by the Court).

11. On or before November 25, 2015, Plaintiffs shall produce transactional data requested by the Defendants in their June 26, 2015 requests for production of documents (to the extent that such data are not the subject of discovery disputes for resolution by the Court).

12. On or before March 28, 2016, and to the extent that such documents are not the subject of discovery disputes for resolution by the Court, Plaintiffs and Defendants shall complete their respective productions of documents in response to the parties' June 26, 2015 requests for the production of documents. Excluded from this deadline are productions from the files of Non-Priority Custodians.

13. The parties shall have until September 2, 2016 to serve additional, non-duplicative interrogatories and requests for admission relating to subjects and/or information that could not reasonably have been known to the parties at the time that they served their initial, comprehensive interrogatories and requests for admission.  The parties shall meet and confer within 14 days of service of any such discovery requests to determine reasonable deadlines for responses and objections.

14. On November 1, 2016, all non-expert discovery for purposes of class certification briefing shall be completed.

15. Within 120 days after a producing party has completed all productions of documents in response to pre-class certification written discovery requests, the producing party shall serve the requesting parties with a privilege log relevant to that party's previous productions of documents, absent good cause shown or agreement by the parties.  The log shall describe any documents withheld from production on the ground of any privilege in a manner sufficient to permit all parties and the Court to evaluate the basis of the claims of privilege. The privilege log shall identify, at a minimum: (a) the date of the document; (b) author(s); (c) recipients; (d) custodian(s); (e) the general subject matter; and (f) the basis for withholding the document.  The parties agree that each party's privilege log need not include privileged or work-product information generated after the earlier of (a) the commencement of any DOJ Anti-vibrational Rubber Parts-related investigation or proceeding involving that party or (b) the date of the first filed Individual Case within 2:13-cv-00800-MOB-MKM.

16. If necessary, the parties shall meet and confer within 30 days following the Court's class certification decisions to address any remaining discovery issues.

H. <u>Depositions</u>

1. The parties shall meet and confer beginning on or before August 5, 2015 in an effort to reach agreement on a proposed Deposition Protocol Order that will address deposition-related issues, including, but not limited to, limitations on the total number of depositions, the locations of depositions, and limitations on Rule 30(b)(6) depositions. If the parties are unable to reach agreement on a proposed Deposition Protocol Order by October 7, 2015, notwithstanding their good faith negotiations, the matter shall promptly be submitted to the Court for resolution.

2. Depositions may be taken beginning on January 22, 2016. Non-expert depositions shall be completed by September 2, 2016.

I. <u>Third-Party Discovery</u>

1. This Plan is in no way intended to limit third-party discovery during the periods of time in which discovery is authorized to take place during any of the consolidated actions.

2. Subject to objections asserted by a recipient of a Rule 45 subpoena or other applicable process, any party is entitled to receive the documents or information produced by non-parties in response to third-party discovery and to participate in depositions of non-parties deposed pursuant to subpoena or otherwise.

    3. If a Plaintiff or Defendant that serves a Rule 45 subpoena on a third party enters into an agreement to settle the claims asserted in, or is dismissed from (by Court order, agreement of the parties, settlement, or otherwise) any of the cases that make up In re: Anti-vibrational Rubber Parts in which the discovery is sought, then any other Plaintiff or Defendant that is a party to any of the cases that make up In re: Anti-vibrational Rubber Parts in which the Rule 45 subpoena was served shall be permitted to enforce the Rule 45 subpoena provided that it agrees to be bound by the scope and limitations negotiated by the party that served the subpoena.

II. Schedule for Class Certification Briefing and Class Certification Expert Discovery

    A. <u>Deadline for Amending or Seeking Leave to Amend Pleadings</u>

        1. Absent a showing of good cause, all amendments to the pleadings (to the extent permitted without leave of Court under the Federal Rules of Civil Procedure), and all motions seeking leave to amend the pleadings or to join or substitute parties, must be filed on or before thirty days after the MTD Resolution Date, except that, upon motion, class representatives may be added or dropped up to the time that motions for class certification are filed, provided that the timing of adding a new class representative can be justified to the satisfaction of the Court consistent with applicable law.

    B. <u>Class Certification Briefing, Expert Reports, and Expert Depositions</u>

        1. Plaintiffs shall file their respective motions for class certification, any related expert reports, and Rule 26(a)(2) disclosures no later than August 19, 2016.

        2. Plaintiffs' expert witnesses shall be made available for deposition beginning on September 16, 2016, and the Defendants must provide notice at least 14

9

      days prior to the proposed date of the deposition. Any such depositions of Plaintiffs' expert witnesses must be complete by December 15, 2016.

3. Defendants shall file their oppositions to such motions for class certification, any related expert reports, and Rule 26(a)(2) disclosures no later than January 6, 2017.

4. Defendants' expert witnesses shall be made available for deposition beginning January 20, 2017, and the Plaintiffs must provide notice at least 14 days prior to the proposed date of the deposition.

5. Plaintiffs shall file their respective reply briefs in support of their motions for class certification and any related rebuttal expert reports no later than May 3, 2017. The scope of any rebuttal expert reports shall be limited to responding to opinions expressed and/or statements made in Defendants' expert reports.

6. If permitted, Defendants shall file any sur-replies and any related sur-rebuttal expert reports, to the extent permitted by the Court, no later than June 26, 2017.

7. If any of the parties submit a rebuttal or sur-rebuttal expert report, the opposing parties may depose the expert regarding any new opinions expressed in the rebuttal or sur-rebuttal report beginning 14 days after the report was filed, and the parties must provide notice at least 10 days prior to the proposed date of the deposition.

C.    Class Certification Hearing

1. The Court shall hear argument on the motions for class certification on a date (or dates) as yet to be determined by the Court after June 26, 2017.

2. The hearing shall include direct and cross-examination of the parties' respective expert witnesses, as well as argument from the parties.

**IT IS SO ORDERED.**

Dated: _____                                MARIANNE O. BATTANI