# EXHIBIT B

# Morgan Lewis

Morgan, Lewis & Bockius LLP
1111 Pennsylvania Avenue, NW
Washington, DC 20004
Tel. +1.202.739.3000
Fax: +1.202.739.3001
www.morganlewis.com

**J. Clayton Everett, Jr.**
Partner
+1.202.739.5860
jeverett@morganlewis.com

June 22, 2015

Hollis Salzman
Robins Kaplan LLP
601 Lexington Avenue
Suite 3400
New York, NY 10022

Jonathan W. Cuneo
Cuneo Gilbert & Laduca, LLP
507 C Street, NE
Washington, DC 20002

Re:  *In Re: Anti-Vibrational Rubber Parts Antitrust Litigation*, Case No. 2:13-cv-00800-MOB-MKM

Dear Hollis and Jon:

I write on behalf of the Defendants[1] in the Anti-Vibrational Rubber Parts Dealership and End-Payor actions ("AVRP Defendants") concerning the discovery plan and pretrial schedule for the above-captioned litigation.

As you know, the AVRP Defendants provided Plaintiffs a proposed discovery and class certification briefing plan (the "AVRP Scheduling Order") nearly two months ago – on May 1 – with a request for a Rule 26(f) conference. The parties subsequently held two 26(f) conferences to discuss the AVRP Scheduling Order, on May 27 and June 15. Based on those conferences, the AVRP Defendants understood that the parties did not have significant differences on the proposed discovery schedule, but that Plaintiffs disagreed with the class certification schedule in the AVRP Scheduling Order.

In our June 15 call, Plaintiffs proposed that class certification briefing in the AVRP cases should not commence until six months after the Court's decision on the class certification motion in *In*

---

[1] AVRP Defendants are Bridgestone Corporation, Bridgestone APM Company, Toyo Tire & Rubber Co., Ltd., Toyo Tire North America Manufacturing Inc., Toyo Tire North America OE Sales LLC, Toyo Automotive Parts (USA), Inc., Yamashita Rubber Co., Ltd., YUSA Corporation, Sumitomo Riko Company Limited and DTR Industries, Inc.

Page 2

*re: Wire Harness Systems*, Case No. 2:12-cv-00100-MOB-MKM.  We made clear in that call that Plaintiffs' proposal was unacceptable and expressed our concerns that crucial class certification proceedings in our case would be delayed for years while the Court considers class certification in the completely separate *Wire Harness* case.  It was clear in that call that the parties had reached an impasse on the class certification schedule, and we indicated an intention to present the scheduling issue to the Court soon thereafter.

On June 19, Plaintiffs sent a proposed discovery and class certification plan for six separate cases, including the AVRP cases, involving different complaints, products, defendants, and alleged conspiracies.  Plaintiffs' proposal differs from the AVRP Scheduling Order in several respects beyond just the class certification briefing schedule.  Among other things, the deadline for production of transactional data is unrealistically and unnecessarily aggressive; and the late date for amending pleadings, after discovery has closed, threatens to render superfluous years of discovery focused on the allegations in Plaintiffs' current complaints.

Plaintiffs' late proposal offers no compromises concerning the issues that we had discussed previously and makes to attempt to bridge the gap in the positions the parties articulated in our prior meet and confers.  There remains a fundamental disagreement between the parties concerning the schedule for class certification briefing in the AVRP cases and the discovery schedule that is inextricably intertwined with that briefing schedule.  We, unfortunately, have reached an impasse on these scheduling issues, requiring guidance from the Court.

The AVRP Defendants intend to request a scheduling conference with the Court to present the AVRP Scheduling Order at the Court's earliest available time.

Very truly yours,

J. Clayton Everett, Jr.


CC:

Steve Williams
Marc Seltzer
Don Barrett
Shawn M. Raiter
James L. Cooper
Courtney A. Hoffmann
David C. Giardina
Steven A. Reiss
Adam C. Hemlock

DB1/83854344.4