# EXHIBIT I

1  Bruce L. Simon (State Bar No. 96241)
   PEARSON, SIMON, SOTER, WARSHAW & PENNY, LLP
2  44 Montgomery Street, Suite 1200
   San Francisco, CA  94104
3  Telephone:   (415) 433-9000
   Facsimile:   (415) 433-9008
4
   Richard M. Heimann (State Bar No. 63607)
5  LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP
   275 Battery Street, 30th Floor
6  San Francisco, CA  94111-3339
   Telephone:   (415) 956-1000
7  Facsimile:   (415) 956-1008

8  *Interim Co-Lead Counsel for the Direct Purchaser Plaintiffs*

9  Francis O. Scarpulla (State Bar No. 41059)      Joseph M. Alioto (State Bar No. 42680)
   ZELLE HOFMANN VOELBEL MASON &                   ALIOTO LAW FIRM
10 GETTE LLP                                       555 California Street, Suite 3160
   44 Montgomery Street, Suite 3400                San Francisco, CA  94104
11 San Francisco, CA  94104                        Telephone:   (415) 434-8900
   Telephone:   (415) 693-0700                     Facsimile:   (415) 434-9200
12 Facsimile:   (415) 693-0770

13 *Interim Co-Lead Counsel for the Indirect Purchaser Plaintiffs*

14 James L. McGinnis (State Bar No. 95788)
   SHEPPARD MULLIN RICHTER & HAMPTON LLP
15 James McGinnis (State Bar No. 95788)
   4 Embarcadero Center, 17th Floor
16 San Francisco, CA  94111
   Telephone:   (415) 434-9100
17 Facsimile:   (415) 434-3947

18 *Defendants' Proposed Interim Liaison Counsel*

19              **UNITED STATES DISTRICT COURT**

20        **NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE: TFT-LCD (FLAT PANEL) ANTITRUST LITIGATION | Master File No. M07-1827 SI<br><br>MDL No. 1827<br><br>**JOINT CASE MANAGEMENT CONFERENCE STATEMENT**<br><br>Date:  November 19, 2008<br>Time:  4:00 p.m.<br>Ctrm:  10, 19th Floor<br><br>The Honorable Susan Illston |
| This Document Relates to:<br><br>ALL CASES. | |

The parties in this proceeding hereby submit this joint statement in advance of the November 19, 2008 Case Management Conference and hearing.

## I. PROCEDURAL STATUS

The case is currently under a partial stay that has been in effect since September 25, 2007, as modified on May 27, 2008. Following transfer of this litigation by the Judicial Panel on Multidistrict Litigation to this Court, the parties held an initial Status Conference on July 10, 2007 and, on that date, the Court granted the motion of the United States Department of Justice ("DOJ") to intervene (Docket #217). On September 25, 2007, the Court granted in part a motion by DOJ for a partial stay of discovery ("Stay Order") (Docket #301). Subsequently, on the joint recommendation of the parties, the Court modified its Stay Order to permit the parties to engage in discovery of certain information that would not impinge upon the DOJ investigation. *See* Joint Recommendation and [Proposed] Order Re Stay of Discovery dated May 27, 2008. The partial stay of discovery expires on January 9, 2009 (Docket #631).

The Direct Purchaser Plaintiffs and the Indirect Purchaser Plaintiffs filed separate Consolidated Amended Complaints on November 5, 2007. Defendants filed motions to dismiss those complaints, which the Court granted in part and denied in part by Order dated August 27, 2008. *See* Court entered an Order Granting in Part and Denying in Part Defendants' Motion to Dismiss Complaints (Docket #666). The Court granted plaintiffs leave to file amended consolidated complaints.

Plaintiffs intend to file Amended Consolidated Complaints. Additionally, Direct and Indirect Purchaser Plaintiffs will separately file motions for class certification in Spring 2009. The parties have agreed upon a case management schedule that sets forth, among other things, new deadlines for the filing of amended complaints, responsive pleadings or motions, and motions for class certification.

The indirect plaintiffs intend to address the issue of the stay at the case management conference in light of the recent announcement of guilty pleas.

## II. PRETRIAL MATTERS

### A. Proposed Schedule Through Hearing on Class Certification

At the suggestion of the Special Master, the Honorable Fern M. Smith (retired), the parties met and conferred on several occasions in October 2008 regarding a proposed case management schedule and have agreed to the following schedule,[1] which Judge Smith recommended be adopted by the Court pursuant to Special Master's Report and Recommendation No. 2, dated November 10, 2008 (attached hereto as Exhibit A):

| Date | Event |
|---|---|
| December 5, 2008 | Last day for plaintiffs to filed their respective consolidated amended complaints. |
| January 9, 2009 | Last day for defendants to respond to amended consolidated complaints, including by motion. |
| January 30, 2009 | Last day to oppose any further motion to dismiss. |
| February 13, 2009 | Last day to file replies in support of any further motion to dismiss. |
| February 27, 2009 | Proposed date for hearing on any motions to dismiss. |
| March 23, 2009 | Last day for direct purchaser plaintiffs to file motion for class certification and expert report(s). |
| May 25, 2009 | Last day for indirect purchaser plaintiffs to file motion for class certification and expert report(s). |
| June 2, 2009 | Last day for defendants to file opposition and expert report(s) in response to direct purchaser plaintiffs' motion for class certification. |
| July 17, 2009 | Last day for direct purchaser plaintiffs to file reply in support of motion for class certification and rebuttal report. |
| August 3, 2009 | Last day for defendants to file opposition and expert report(s) in response to indirect purchaser plaintiffs' motion for class certification. |

---

[1] In light of the Toshiba Defendants' pending motion to modify the Court's May 27, 2008 Order to stay discovery as to the pending resolution of renewed motions to dismiss, the Toshiba Defendants have not agreed to (i) the scheduling order recommended by Judge Smith, or (ii) to comply with the stay order on January 9, 2009.

| | | |
|---|---|---|
| 1 2 | August 6, 2009 | Proposed date for hearing on direct purchaser plaintiffs' motion for class certification. |
| 3 4 | September 17, 2009 | Last day for indirect purchaser plaintiffs to file reply in support of motion for class certification and rebuttal report. |
| 5 6 | October 1, 2009 | Proposed date for hearing on indirect purchaser plaintiffs' motion for class certification. |

**B.** **Discovery**

As a result of the partial stay of discovery in effect since September 2007, discovery in the case has been limited. Consistent with the September 25, 2007, Stay Order, Plaintiffs served narrow discovery requests upon defendants in November 2007. In April 2008, Plaintiffs provided a set of broader, draft "merits" discovery requests to the Defendants in order to facilitate meet-and-confers and expedite the document production process after expiration of the partial stay. Defendants served written responses and produced limited documents in response to plaintiffs' initial discovery requests.

In May 2008, after the DOJ filed a status report concerning its need for a continuance of the discovery stay, the DOJ, Interim Co-Lead Counsel for the Direct and Indirect Purchaser Plaintiffs, and Defendants met and conferred regarding a proposal to modify the September 2007 Stay Order. As a result of these efforts, the parties prepared and submitted a Joint Recommendation and [Proposed] Order Re Stay of Discovery, which this Court entered on May 27, 2008. (Docket #628.) The May 2008 Order authorized Plaintiffs to conduct broader discovery than permitted by the September 2007 Stay Order, but ordered that discovery of the grand jury documents and certain other categories of documents continue to be stayed until January 9, 2009. On that date, among other things, each Defendant that has appeared in this case and previously produced documents to the grand jury is required to produce all such documents without a discovery request from Plaintiffs.

Plaintiffs have served deposition notices pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure. Defendants objected to the scope, timing, and location of the

1  depositions as set in forth in Plaintiffs' notices. The parties fully briefed a number of issues
2  relating to the noticed depositions and, following two appearances before the Special Master, on
3  October 3, 2008 and October 21, 2008, the parties have reached agreements with the Korean
4  defendants for the locations of the depositions and meet and confer discussions among these
5  parties are in an advanced stage with respect to other aspects of the depositions. Plaintiffs and the
6  Taiwanese defendants also are in advanced discussions. Judge Smith's Report and
7  Recommendation No. 2 addresses locations for depositions of the Japanese defendants and those
8  defendants are reviewing her recommendation. As of the date of this submission, no depositions
9  have occurred in this case.

10  Defendants have served deposition notices upon named class representatives. The
11 parties are in the process of conferring about the scope, timing and location of those depositions,
12 and may seek the assistance of Judge Smith to resolve any outstanding issues.

13  Indirect Purchaser Plaintiffs intend to take the depositions of the Defendants'
14 executives involved in the alleged conspiracy in March, April, and May of 2009.

15     **C.**    **Departing Employees**

16  As of the last status conference, the parties were in the process of meeting and
17 conferring regarding a protocol for departing employees and had submitted alternative proposals
18 to resolve the issue. The matter was referred to Special Master Smith, who heard arguments on
19 the issue, and on August 11, 2008 submitted to this Court a Recommendation and Order Re
20 Procedures for Discovery from Departing Officers, Directors and Managing Agents. (*See* Docket
21 #662.)

22 **III.**    **OTHER MATTERS INCLUDED IN THE COURT'S STANDING ORDER**
23     **A.**    **Status of Service of Process**

24  Direct and Indirect Purchaser Plaintiffs have completed service of the
25 Consolidated Amended Complaints on all domestic Defendants. The Direct and Indirect
26 Purchaser Plaintiffs have completed service of the Consolidated Amended Complaints on all
27 foreign Defendants with the possible exception of one entity, Nexgen Mediatech, Inc., which
28 disputes whether service upon it was effective. Nexgen Mediatech, Inc., which is headquartered

W02-WEST:5JM\401136371.2
789518.1

- 4 -

JOINT CASE MANAGEMENT
CONFERENCE STATEMENT DRAFT
MASTER FILE NO. M07-1827 SI

in Taiwan, has filed a motion to dismiss. Direct purchaser plaintiffs have both opposed this motion and filed a motion to authorize service of Nexgen Mediatech, Inc. through its counsel. Both motions are scheduled for hearing on November 19, 2008.

### B. Pending Motions

1. Motions to Dismiss
2. Motion by Nexgen Mediatech, Inc. to dismiss
3. Motion to authorize service of Nexgen Mediatech, Inc. through counsel
4. Toshiba entities' motion to modify May 27, 2008 Order to stay discovery

### C. Amendment of Pleadings

Plaintiffs will separately file amended consolidated complaints on or before December 5, 2008.

### D. Evidence Preservation

Plaintiffs have met and conferred at least once with each defendant regarding the preservation and production of electronically-stored information (or "ESI"). Those discussions are at different stages and have proceeded on a defendant-by-defendant basis.

### E. Disclosures

All parties except the Taiwanese Defendants and Tatung Company of America have provided initial disclosures pursuant to Rule 26 of the Federal Rules of Civil Procedure in June 2008. With the exception of Nexgen Mediatech, Inc., which takes the position that it has not yet been served, the Taiwanese defendants will provide their initial disclosures on December 15, 2008.

### F. Expedited Schedule

Complex cases, such as the current litigation, are not well suited for treatment on an expedited basis with streamlined procedures. However, Plaintiffs do believe that expedited document production is appropriate and necessary when the discovery stay expires on January 9, 2009. Defendants have already produced documents to the grand jury and/or the DOJ and, in accordance with the May 2008 Order, those documents should be immediately produced upon the expiration of the discovery stay on January 9, 2009 to avoid any additional delay in this case.

Defendants state that they will comply with the stay order.

### G. Earliest Reasonable Dates for Discovery Cutoff, Pretrial Conference, and Trial

The parties believe that it is premature to set dates for a cutoff of merits discovery, pretrial conference, and trial. These topics are better suited for a future case management conference at a later date. However, as noted above, the parties have agreed upon a proposed schedule that includes relevant dates up to and including the hearings on class certification.

### H. Trial

Plaintiffs demand jury trials. The parties cannot yet estimate the length of trial given the current stay on discovery. Defendants believe in the event classes are certified that it may be appropriate to have a single trial on issues common to the Direct and Indirect Purchaser actions. Plaintiffs are willing to consider a single trial on common issues. The parties will continue to meet and confer about how these matters should be tried and will report to the Court.

### I. Settlement and ADR

The parties do not believe that ADR is appropriate at this time.

### J. Status of DOJ Criminal Investigation

On November 12, 2008 the Department of Justice issued a press release stating that LG Display Co. Ltd., Sharp Corporation and Chunghwa Picture Tubes Ltd. have agreed to plead guilty and pay a total of $585 million in criminal fines for their roles in conspiring to fix prices of LCD panels. Of the $585 million in fines, LG will pay $400 million, Sharp will pay $120 million and Chunghwa will pay $65 million.

### K. Interim Defense Liaison Counsel

Defendants propose James L. McGinnis of Sheppard Mullin Richter & Hampton to serve as interim defense liaison counsel in place of Albert J. Boro, who advised the Court that he is no longer counsel in the case.

|   |   |
|---|---|
|   | Respectfully submitted, |
| Dated: November 12, 2008 | PEARSON, SIMON, SOTER, WARSHAW & PENNY, LLP |
|   | By: /s/ Bruce L. Simon |
|   | Bruce L. Simon |
|   | Bruce L. Simon (State Bar No. 96241)<br>44 Montgomery Street, Suite 1200<br>San Francisco, CA 94104<br>Telephone: (415) 433-9000<br>Facsimile: (415) 433-9008 |
| Dated: November 12, 2008 | LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP |
|   | By: /s/ Brendan Glackin |
|   | Richard M. Heimann |
|   | Richard M. Heimann (State Bar No. 63607)<br>Brendan Glackin (State Bar No. 199643)<br>275 Battery Street, 30th Floor<br>San Francisco, CA 94111-3339<br>Telephone: (415) 956-1000<br>Facsimile: (415) 956-1008 |
|   | *Interim Co-Lead Counsel for the Direct Purchaser Plaintiffs* |
| Dated: November 12, 2008 | ZELLE HOFMANN VOELBEL MASON & GETTE LLP |
|   | By: /s/ Francis Scarpulla |
|   | Francis O. Scarpulla |
|   | Francis O. Scarpulla (State Bar No. 41059)<br>44 Montgomery Street, Suite 3400<br>San Francisco, CA 94104<br>Telephone: (415) 693-0700<br>Facsimile: (415) 693-0770 |

| | | |
|---|---|---|
| 1 | Dated: November 12, 2008 | ALIOTO LAW FIRM |
| 2 | | |
| 3 | | By: /s/ Joseph M. Alioto |
| | | Joseph M. Alioto |
| 4 | | Joseph M. Alioto (State Bar No. 42680) |
| | | 555 California Street, Suite 3160 |
| 5 | | San Francisco, CA 94104 |
| | | Telephone: (415) 434-8900 |
| 6 | | Facsimile: (415) 434-9200 |
| 7 | | *Interim Co-Lead Counsel for the Indirect Purchaser Plaintiffs* |
| 8 | Dated: November 12, 2008 | SHEPPARD MULLIN RICHTER & HAMPTON LLP |
| 9 | | |
| 10 | | By: /s/ James L. McGinnis |
| | | James L. McGinnis. |
| 11 | | James L. McGinnis (State Bar No. 95788) |
| | | 4 Embarcadero Center, 17th Floor |
| 12 | | San Francisco, CA 94111 |
| | | Telephone: (415) 434-9100 |
| 13 | | Facsimile: (415) 434-3947 |
| 14 | | *Defendants' Proposed Interim Liaison Counsel on behalf of served Defendants* |

**Pursuant to General Order 45, Part X-B, the filer attests that concurrence in the filing of this document has been obtained from: Bruce L. Simon, Francis O. Scarpulla, Joseph M. Alioto, and James L. McGinnis.**

# EXHIBIT A

Hon. Fern M. Smith (Ret.)
JAMS
Two Embarcadero Center, Suite 1500
San Francisco, California 94111
(415) 982-5267 (telephone)
(415) 982-5287 (fax)

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

In Re: TFT-LCD (FLAT PANEL) ) Case No. M 07-1827 SI
ANTITRUST LITIGATION )
) **SPECIAL MASTER'S REPORT AND**
) **RECOMMENDATION NO. 2**

On October 21, 2008, I presided over a discovery status conference to discuss two open items: 1) A new proposed pre-trial schedule and 2) The location at which depositions of the Rule 30(b)(6) witnesses for certain defendants would take place.

A new pre-trial schedule was requested by all parties present at the last discovery conference, based on the lengthy delays that have occurred because of the existing stay, as well as numerous discovery disputes that have arisen. The disagreement over the location of the Rule 30(b)(6) depositions was idiosyncratic to the Plaintiffs and the Japan-based defendants-Sharp Corporation., Hitachi, Ltd., Hitachi Displays, Ltd., Alpha Technology, Ltd., NEC LCD Technologies, Ltd., and the Toshiba defendants, ("the Japanese Defendants").

The day prior to the conference, I received a proposed revised schedule, which had been agreed to by the majority of the parties. A copy is attached for the Court's convenience, and I recommend that the Court accept it, as reasonable and in the best interests of both sides.

Report and Recommendation No. 2      CASE NO. M 07-1827 SI

The issue of the Rule 30(b) (6) depositions was not resolved by agreement, however, and remains a matter upon which the parties involved seriously disagree. Both sides have briefed the matter, and argued orally, and both sides have some weight of equity and law bolstering their positions. Defendants are correct that the general rule is that depositions should take place at or near the residence of the deponent. There are, however, well known and acknowledged difficulties related to the taking of depositions in Japan, including time and place, as well as the inability for intercession, if needed, by a United States court. The conflicts between these two positions are long-standing, have been addressed at length in the briefs and arguments, and need not be repeated here. Additionally, the prospective deponents are employed by sophisticated companies who have willingly become a part of the international stream of commerce and who are represented by sophisticated and competent American counsel. Having carefully considered the entire record before me, I now make the following recommendation, **limited solely to the specific Rule 30 (b) (6) depositions at issue here:**

1) The Rule 30(b)(6) depositions at issue shall take place in the United States, at a location to be decided by the Defendants involved;

2) The Plaintiffs shall pay reasonable travel and subsistence expenses for the deponents only.

I look forward to answering any further questions the Court may have.

Respectfully submitted,

Date: November 10, 2008

Fern M. Smith, Special Master

Date: _____

Hon. Susan Illston
United States District Judge

Report and Recommendation No. 2                                    CASE NO. M 07-1827 SI

*In re TFT-LCD (Flat Panel) Antitrust Litigation*
Plaintiffs' and Defendants' Proposed Schedule – October 20, 2008[1]

| CURRENT SCHEDULE | | PROPOSED SCHEDULE | |
|---|---|---|---|
| | | 11/19/08 | CMC |
| | | 12/5/08 | Last day for plaintiffs to file their respective amended consolidated complaints |
| 11/19/08 | CMC and hearing on Tatung's jurisdictional motion | 12/15/08 | Last day for defendants to produce transactional data |
| 11/28/08 | Last day to file amended consolidated complaints | | Substantial completion of interim document productions per defendants' responses and subject to individual meet and confer discussions[2] |
| 12/1/08 | Last day for Directs to file class cert motion and expert reports | 1/9/09 | **Limited stay expires; production of grand jury documents** Last day for defendants to respond to amended consolidated complaints, including by motion |
| | | 1/15/09 | Plaintiffs may begin to take 30(b)(6) depositions[3] |
| | | 1/30/09 | Last day to oppose any further motion to dismiss (3 weeks after motion) |
| 1/9/09 | **Limited stay expires; production of grand jury documents** | 2/13/09 | Last day to file any replies in support of motions to dismiss (2 weeks after opposition) |
| | | 2/27/09 | Hearing on any motions to dismiss. |
| | | 3/23/09 | Last day for Directs to file class cert motion and expert report |
| | | 5/25/09 | Last day for Indirects to file class cert motion and expert reports |
| 1/30/09 | Last day for Indirects to file class cert | 6/2/09 | Last day for Defendants to file |

---

[1] The Toshiba Defendants have not agreed to this schedule. All other Defendants have agreed.

[2] This deadline does not apply to certain defendants who have approached plaintiffs individually by Monday, October 20, 2008. Those defendants shall meet and confer with plaintiffs concerning the date by which they will complete their document production, and any outstanding issues that may delay such completion. Plaintiffs reserve the right to seek further relief with respect to such defendants, if necessary.

[3] By agreement with certain defendants, plaintiffs may begin to take 30(b)(6) depositions of those defendants on certain topics prior to January 15, 2009. Plaintiffs and defendants will continue to meet-and-confer on whether such depositions can be scheduled. .

LCHB_iManage_786372v1 (2)
786372.1

| | | | |
|---|---|---|---|
| | motion and expert reports (60 days after Directs' class cert motion) | | opposition and expert reports re Directs' class cert motion (70 days after motion is filed) |
| 3/2/09 | Last day for Defendants to file opposition and expert reports re Directs' class cert motion (91 days after motion) | 7/17/09 | Last day for Directs to file class cert reply and rebuttal report (45 days after opposition) |
| | | 8/06/09 | Hearing on Directs' class cert motion |
| 4/15/09 | Last day for Defendants to file opposition and expert reports re Indirects' class cert motion (75 days after motion) | 8/03/09 | Last day for Defendants to file opposition and expert reports re Indirects' class cert motion (70 days after motion is filed) |
| 4/17/09 | Last day for Directs to file class cert reply (46 days after opposition) | 9/17/09 | Last day for Indirects to file class cert reply and rebuttal report (45 days after opposition) |
| 5/19/09 | Hearing on Directs' class cert motion (32 days after Directs' reply) | 10/01/09 | Hearing on Indirects' class cert motion |
| 5/29/09 | Last day for Indirects' to file class cert reply (44 days after opposition) | | |
| 6/30/09 | Hearing on Indirects' class cert motion (32 days after Indirects' reply) | | |

2