# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| In Re: AUTOMOTIVE PARTS ANTITRUST LITIGATION | Master File No. 12-md-02311<br>Honorable Marianne O. Battani |
| In re: All Auto Parts Cases | |
| THIS DOCUMENT RELATES TO:<br><br>All Auto Parts Cases | 2:12-md-02311-MOB-MKM |

### END PAYOR PLAINTIFF AND AUTO DEALER PLAINTIFF DEPOSITION PROTOCOL ORDER

IT IS HEREBY ORDERED as follows:

**I.   SCOPE OF ORDER**

A.   This End Payor Plaintiff and Auto Dealer Plaintiff Deposition Protocol Order ("EPP and ADP Deposition Protocol Order") shall apply to all depositions of End Payor Plaintiffs and Auto Dealer Plaintiffs noticed under Rule 30 of the Federal Rules of Civil Procedure in all cases, currently or in the future, consolidated or coordinated into *In re Automotive Parts Antitrust Litigation*, No. 2:12-md-02311-MOB-MKM ("Auto Parts Cases"). Nothing contained in this EPP and ADP Deposition Protocol Order shall confer Rule 30 deposition rights on any Party that does not have such rights under the Federal Rules of Civil Procedure.

**II.   DEFINITIONS**

A.   "Auto Dealer Plaintiff" shall mean an auto dealer that is, currently or in the future, named as a plaintiff in any Auto Parts Case.

B. "Defendant" shall mean a defendant who is, currently or in the future, named as a defendant in any Auto Parts Case.

C. "Defendant Group" shall mean each group of affiliated Defendants represented by separate counsel (e.g., all Sumitomo defendants, all DENSO defendants, etc.).

D. "End Payor Plaintiff" shall mean an individual end payor that is, currently or in the future, named as a plaintiff in any Auto Parts Case. Any corporate or governmental entity that is now or later becomes a plaintiff in any Auto Parts Case is not an "End Payor Plaintiff" within the meaning of this EPP and ADP Deposition Protocol Order.

E. "Individual Participant" shall mean an individual plaintiff whose case has been, or is in the future, coordinated with any Auto Parts Case (e.g., Ford Motor Company in Case No. 2:13-cv-00104 or the State of Florida in Case No. 2:13-cv-00105).

F. "Party" shall mean a Defendant, Plaintiff Group, or Individual Participant, as defined in this EPP and ADP Deposition Protocol Order, and shall collectively be referred to as the "Parties."

G. "Plaintiff" shall mean a plaintiff who currently has one or more complaints pending, or who files one or more complaints in the future, that has been or is consolidated or coordinated into the Auto Parts Cases.

H. "Plaintiff Group" shall mean each group of Plaintiffs that currently has a complaint pending in the Auto Parts Cases, including End Payor Plaintiffs, Auto Dealer Plaintiffs, Direct Purchaser Plaintiffs, Public Entity Plaintiffs, and Truck Dealer Plaintiffs, and any other group of Plaintiffs that files a complaint in the future that is coordinated or consolidated into the Auto Parts Cases.

    I.    "Serving Party" shall mean a Party that serves a deposition notice pursuant to this EPP and ADP Deposition Protocol Order.

**III. NUMBER AND LENGTH OF DEPOSITIONS**

    A.    Defendants collectively may take no more than one (1) deposition under Rule 30(b)(1) of each End Payor Plaintiff in the Auto Parts Cases, absent a showing of good cause.

    B.    Defendants collectively may take no more than one (1) deposition under Rule 30(b)(1) and no more than one (1) deposition under Rule 30(b)(6) of each Auto Dealer Plaintiff, absent a showing of good cause.

    C.    Notwithstanding the limitations set forth in Paragraph III(B), Defendants may depose as a fact witness under Rule 30(b)(1) an individual who has been previously deposed or will be deposed as a corporate representative of an Auto Dealer Plaintiff under Rule 30(b)(6).

    D.    <u>Allocation of time</u>:

        1.    Each deposition of an End Payor Plaintiff shall not exceed seven (7) hours in length, absent a showing of good cause.

        2.    Each deposition of an Auto Dealer Plaintiff conducted pursuant to Rule 30(b)(1) shall not exceed seven (7) hours in length, absent a showing of good cause.

        3.    Each deposition of an Auto Dealer Plaintiff conducted pursuant to Rule 30(b)(6) shall not exceed eight (8) hours in length, absent a showing of good cause. Of this eight (8) hours, plaintiffs are allocated one (1) hour and Defendants are allocated seven (7) hours.

4. Unless the Parties otherwise agree, the maximum amount of time for which a witness may be deposed during a single day shall be limited to seven (7) hours.

5. In addition to the time limitations contained in Paragraphs III(D)(1) and (2), counsel for Parties that are not on the same side as the Serving Party may examine the witness in response to issues that arise during the deposition.  Absent other agreement, for each deposition conducted pursuant to Rule 30(b)(1), the non-serving side shall be entitled to one (1) additional hour of time to question the deponent.  The time allocated to Parties on the opposite side from the Serving Party shall not be reduced by any notices or cross-notices served by Parties on the same side as the Serving Party.  For purposes of all depositions within the scope of this EPP and ADP Deposition Protocol Order, all Defendants are considered to be on the same side and all Plaintiffs are considered to be on the same side.

6. Plaintiffs and Defendants shall separately meet and confer to allocate the time allotted by this Paragraph III(D) to their respective sides.

7. Not more than three defense counsel may examine each End Payor Plaintiff and Auto Dealer Plaintiff witness absent good cause.  Defense counsel shall use their best efforts to coordinate in advance of the depositions so as to avoid duplicative questioning, and no defense counsel shall repeat any questions asked by other defense counsel.

8. The court-reporter service shall maintain a total running time for depositions to ensure compliance with the time limitations set forth in this Paragraph III(D). The total running time does not include breaks taken during a deposition.

9. Nothing contained herein shall prevent any party from seeking leave of the Court to expand the limitations set forth in this Paragraph III(D) for good cause shown.

## IV. NOTICING AND SCHEDULING DEPOSITIONS

A. Depositions within the scope of this EPP and ADP Deposition Protocol Order shall be noticed pursuant to the Federal Rules of Civil Procedure for a proposed date and location, subject to the provisions in Paragraph III. The Serving Party shall serve the notice on all parties in the Auto Parts Cases via email at least thirty (30) days prior to the date of the deposition.

B. Additionally, in advance of a Rule 30(b)(1) deposition of each Auto Dealer Plaintiff and End Payor Plaintiff, Defendants collectively shall serve an outline that identifies the general topics on which the Defendants reasonably and in good faith expect to examine the witness. If further topics on which a Rule 30(b)(1) deponent will be examined arise after the outline is circulated, Defendants will use reasonable efforts to notify Auto Dealer Plaintiffs and End Payor Plaintiffs of such topics reasonably in advance of the deposition. The outline is for notification purposes only, and shall not by itself be subject to objections. All objections that a party will have at a deposition shall be preserved. This outline

    will be separate from the notice identifying the deponent Defendants have chosen, and the place and time of the deposition.

C.   Service of a deposition notice by a Defendant on a witness shall be sufficient to allow all Defendants to attend and participate in the deposition of that witness according to the terms of this Order. In the event that a Defendant or a Defendant Group that serves a notice settles or is dismissed from the Auto Parts Cases, any other Defendant that would have had a right to serve the notice may enforce the notice as if it had served the notice. To enforce a notice served by a settling or dismissed Party, the enforcing Party, within a reasonable time prior to the deposition, must notify all Parties to the Auto Parts Cases that it intends to enforce the Serving Party's notice.

D.   Fifteen (15) days prior to the date of the deposition, any Party that intends to attend the deposition in person shall notify counsel for the Serving Party and counsel for the witness that it intends to attend the deposition in person. Because the purpose of this notice is to ensure the availability of space for all Parties that intend to attend depositions, this provision will not preclude a Party from attending a deposition in person without advance notice if the Serving Party confirms that there is enough space for the Party to attend.

E.   Within ten (10) days of service of a properly served deposition notice, the recipient shall provide notice to the Serving Party as to whether the recipient intends to object to the notice and/or move for a protective order. Within twenty-one (21) days of service of a properly served deposition notice, either under Rule 30(b)(1) or Rule 30(b)(6), the recipient shall assert any objections to the notice

6

and/or move for a protective order. If a motion for a protective order is filed, the deposition shall be stayed pending resolution of the motion. If the recipient does not serve notice that it intends to file a motion for a protective order, then within ten (10) days of receipt of a deposition notice, the recipient shall either confirm the date of the deposition as set forth in the notice or shall provide three (3) proposed alternate dates for the deposition within twenty-one (21) days of the originally noticed date.

F. All Parties that have provided notice that they intend to attend a deposition pursuant to Paragraphs IV(C) and (D) shall cooperate in good faith in scheduling the deposition.

G. Plaintiffs and Defendants shall each designate one or more counsel responsible to create and maintain a master deposition calendar to be updated regularly with any changes as a result of meet and confer efforts regarding scheduling depositions. The master deposition calendar shall set forth each deponent's name and affiliation, the location and anticipated length (number of hours and days) of the deposition, and the identity of the Serving Party. Beginning when the first deposition is scheduled, the master deposition calendar will be distributed via email to all Parties on a weekly basis.

V. **RULE 30(b)(6) DEPOSITIONS OF AUTO DEALER PLAINTIFFS**

A. In advance of serving a deposition notice pursuant to Rule 30(b)(6) on an Auto Dealer Plaintiff, Defendants shall coordinate with each other to identify the topics from which Defendants collectively seek testimony from that Auto Dealer Plaintiff. Defendants collectively shall serve one deposition notice on each Auto Dealer Plaintiff pursuant to Rule 30(b)(6).

7

    B.      An Auto Dealer Plaintiff may designate one or more individuals as its corporate representative(s) to testify in response to a Rule 30(b)(6) notice, including any individual whose deposition has been noticed or taken pursuant to Rule 30(b)(1).

## VI. OBJECTIONS

During a deposition, any objection by counsel for any Plaintiff shall be deemed an objection on behalf of all Plaintiffs, such that it shall not be necessary for counsel for each Plaintiff to separately join in an objection on the record or to separately state its objection(s) to a question on the record in order for all other Plaintiffs to preserve said objection(s). Likewise, any objection by counsel for one Defendant shall be deemed an objection on behalf of all Defendants, such that it shall not be necessary for counsel for each Defendant to separately join in an objection on the record or to separately state its objection(s) to a question on the record in order for all other Defendants to preserve said objection(s). All counsel shall avoid repeating objections already preserved. However, nothing in this paragraph shall preclude any Party from stating its own objection(s) on the record if that objection has not been previously made by other counsel.

## VII. REMOTE PARTICIPATION

To minimize travel and related costs, counsel for a Party that has a right to attend a deposition may do so by telephone to the extent permitted by law and otherwise practicable. A Party that elects to have its counsel participate in a deposition by telephone shall do so at its own risk and such participation shall not be disruptive to the deposition. Counsel that intends to attend a deposition by telephone must notify the Serving Party no less than three (3) business days in advance of the scheduled start time of the deposition. To the extent permitted by law and otherwise practicable in the location where the deposition is scheduled to take place, counsel for

the Serving Party shall make arrangements so that a conference call line and a real-time video and text feed are available during the deposition. In the event that a conference call line or real-time video and text feed are not available despite the reasonable efforts of the Serving Party to provide for those services, the deposition shall not be delayed but shall proceed as noticed. Parties that remotely participate by using telephone, real-time video and/or text feed, or any other means to facilitate remote participation, will be responsible for paying the costs of the telephone, real-time video and/or text feed (or other means of remote participation) in a timely manner. Examining counsel and counsel intending to participate by telephone shall cooperate in good faith to facilitate such participation.

**VIII. EXHIBITS**

    A.    <u>Copies</u>: Examining counsel shall be responsible for bringing copies of each document used at a deposition for the witness and counsel for the witness, and one copy for each Plaintiff Group, Individual Participant, and Defendant Group that has notified the Serving Party that it intends to attend. In all events, examining counsel, defending counsel, and all other counsel attending the deposition shall cooperate in good faith so that counsel for each party attending the deposition will have adequate access during the deposition to any document used by examining counsel during the deposition.

    B.    <u>Notice to counsel attending remotely</u>: Examining counsel shall read the Bates numbers of exhibits used at a deposition so that Parties that participate by telephone can access those documents.

    C.    <u>Sequential Marking</u>: The Parties shall use their best efforts to mark deposition exhibits sequentially, to not re-mark documents that have been previously marked

as exhibits, and to use the previously marked exhibit number in subsequent depositions. The index of exhibits annexed to each deposition transcript shall contain, for each exhibit marked or referred to in the deposition, the Bates number, the exhibit number, and a brief description of the exhibit.

## IX. TRANSCRIPT VERIFICATION

All witnesses have the right to read and sign the transcript(s) of their depositions. Absent an agreement to the contrary, each witness shall have up to forty-five (45) days from the date on which the reporter indicates that the witness' transcript is available to read and sign the transcript. The Parties further agree that counsel for the witness may submit any errata pages and signatures to the court reporter via email.

## X. DOCUMENT PRODUCTION

End Payor Plaintiffs and Auto Dealer Plaintiffs shall produce all documents and written discovery that they have produced to any Party in the Auto Parts Cases to all Defendants in all Auto Parts Cases in which End Payor Plaintiffs and Auto Dealer Plaintiffs are Parties within fifteen (15) days of the Court's entry of this EPP and ADP Deposition Protocol Order. End Payor Plaintiffs and Auto Dealer Plaintiffs shall produce all future documents and written discovery to all Defendants in the Auto Parts Cases in which they are Parties simultaneously.

## XI. MODIFICATIONS TO ORDER

This EPP and ADP Deposition Protocol Order is binding on all Parties in the Auto Parts Cases, and may be modified only by agreement of the Parties or by order of the Court.

IT IS SO ORDERED.

Date: June 23, 2015            /s/ Gene J. Esshaki
                               GENE J. ESSHAKI, SPECIAL MASTER