**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | |
|---|---|
| In Re: AUTOMOTIVE PARTS ANTITRUST LITIGATION | Master File No. 12-md-02311<br>Honorable Marianne O. Battani |
| In re: Wire Harness Cases<br>In re: All Auto Parts Cases | |
| THIS DOCUMENT RELATES TO:<br><br>All Wire Harness Cases<br>All Auto Parts Cases | 2:12-cv-00100-MOB-MKM<br>2:12-md-02311-MOB-MKM |

**REPLY IN SUPPORT OF THE WIRE HARNESS DEFENDANTS' OBJECTIONS TO,**
**AND MOTION TO MODIFY, MASTER ESSHAKI'S**
**JUNE 18, 2015 ORDER**

# TABLE OF CONTENTS

Page

PRELIMINARY STATEMENT ..................................................................................1

ARGUMENT ...........................................................................................................1

I.  MASTER ESSHAKI'S DECISION TO REVERSE HIS PRIOR RULING AND
    SIGNIFICANTLY REDUCE AUTO DEALER DEPOSITION TIME WAS NOT
    AN INDEPENDENT DECISION ........................................................................1

II.  THE AUTO DEALERS DO NOT UNDERMINE DEFENDANTS' SHOWING
     THAT THE TESTIMONY THAT DEFENDANTS SEEK IS HIGHLY
     RELEVANT .................................................................................................2

     A.  The Auto Dealers' Argument That The Details Of Their Transactions Will
         Not Influence Class Certification Completely Misses The Mark ...........................2

     B.  The Auto Dealers' Claim That Terms Other Than The Sales Price Are Not
         Relevant To Impact Or Damages Is Also Wrong ....................................................4

     C.  Master Esshaki's Ruling On Defendant's Motion To Compel Is Irrelevant ...........5

III.  THE AUTO DEALERS' CRIES OF BURDEN ARE EXAGGERATED AND
      MERITLESS ...............................................................................................5

IV.  PLAINTIFFS DO NOT PROVIDE ANY BASIS FOR THIS COURT TO
     UPHOLD MASTER ESSHAKI'S DECISION TO REQUIRE DEFENDANTS
     TO PROVIDE OUTLINES OF TOPICS IN ADVANCE OF RULE 30(B)(1)
     DEPOSITIONS ..............................................................................................6

CONCLUSION...........................................................................................................7

## PRELIMINARY STATEMENT

Master Esshaki's decision to drastically reduce the number and duration of auto dealer plaintiff depositions was not his idea. The only reason that he revisited his January 21 rulings was, as he explained, that he believed that the Court's statements on January 28 required him to do so. Plaintiffs' arguments disregard the history and context of his ruling. But regardless of the reason for his decision, defendants have explained in great detail why it cannot stand. The auto dealers' response does not support a different result. The Court should modify the June 18 Order to reinstate Master Esshaki's initial ruling and to allow defendants the time that they need to defend themselves in these cases. Up to four witnesses from a particular auto dealer entity – for all fifty defendants in more than thirty cases – is not excessive by any standard.

The Court also should vacate Master Esshaki's ruling that defendants must share outlines of topics with plaintiffs for Rule 30(b)(1) depositions. Plaintiffs do not identify a single case in which a court has ever imposed such a requirement, and their responses confirm that it will merely delay depositions and waste judicial resources.

## ARGUMENT

### I.   MASTER ESSHAKI'S DECISION TO REVERSE HIS PRIOR RULING AND SIGNIFICANTLY REDUCE AUTO DEALER DEPOSITION TIME WAS NOT AN INDEPENDENT DECISION

The auto dealers attempt to portray Master Esshaki's June 18 order as a reasonable "intermediate position" that he reached after reviewing the parties' arguments regarding the appropriate number and duration of auto dealer depositions. The Court should not be so misled. Master Esshaki *only* drastically scaled back the number of auto dealer depositions that he had previously determined were appropriate because he believed that the Court's comments at the January 28 status conference compelled him to do so. *See* May 6 Hr'g. Tr. at 23-25.

Master Esshaki began the May 6 hearing by explaining his belief that he had resolved the

parties' dispute concerning the number and duration of auto dealer depositions on January 21, but that the Court's comments on January 28 "upset the apple cart of what [he] had been doing." *See* May 6 Hr'g Tr. at 4:24-5:6.  Throughout the May 6 hearing, Master Esshaki repeatedly referred to what the Court had said at the January 28 status conference as the sole basis for limiting defendants to one Rule 30(b)(1) deposition and one Rule 30(b)(6) deposition.  *See* May 6 Hr'g Tr. at 6:13-14 ("the prior order that I made really was no longer valid because of what Judge Battani indicated in our status conference"); *see also id.* at 22:19-20, 24; 24:3.

Moreover, defendants did not originally advocate for three Rule 30(b)(1) depositions and 18 hours of Rule 30(b)(6) testimony, as the auto dealers suggest.[1]  Defendants argued that Master Esshaki had already decided that that was the appropriate amount of time, and that the Court's comments did not require him to revisit his prior ruling.  May 6 Tr. at 14:11-15:4; 23:9-24.  But Master Esshaki adhered to his understanding that the Court had ruled that there would be only one deposition of each end payor and auto dealer plaintiff.  He only granted an additional Rule 30(b)(6) deposition because he could not square the Court's comments with the auto dealers' status as corporate entities.  May 6 Hr'g Tr. at 24:6-10.

## II.    THE AUTO DEALERS DO NOT UNDERMINE DEFENDANTS' SHOWING THAT THE TESTIMONY THAT DEFENDANTS SEEK IS HIGHLY RELEVANT

### A.  The Auto Dealers' Argument That The Details Of Their Transactions Will Not Influence Class Certification Completely Misses The Mark

In defendants' opening brief, defendants cited *five* cases in which courts denied class certification on the ground that the evidence established that to determine whether all class members were impacted by the alleged conspiracy (a required element of their claims), the court had to look at each individual transaction.  *See* Defs.' Br. at 12-13.  Those cases show that

---

[1] Defendants sought five Rule 30(b)(1) depositions and 21 hours of Rule 30(b)(6) testimony in January.  Defs.' Position Stmt. at 5, 12, No. 2:12-cv-00100, Jan. 12, 2015, ECF No. 261.

evidence regarding variations in the factors that "played a role" in and "influenced the final sales price of each transaction" is crucial to a court's class certification analysis. *See In re GPU*, 253 F.R.D. 478, 491, 504 (N.D. Cal. 2008). Without attempting to distinguish those cases, the auto dealers argue that even if the details of the auto dealers' transactions show that there are differences in the "damages" that they suffered, they will still be able to certify their proposed class. Thus, they argue that "the details of Dealers' transactions will not affect the ultimate trajectory of this case" and, therefore, requiring additional testimony "would be unnecessary and unjustifiably burdensome." ADP Opp. at 21. The auto dealers are wrong as a matter of law.

The fundamental flaw in the auto dealers' argument is that it is based entirely on the amount of damages, rather than the fact of damage. *See id.* at 20 ("any minor differences in *damages* suffered by a certain Dealer will not undermine their ability to show that common questions predominate." (emphasis added)). In an antitrust case, however, impact (or fact of damage) and the amount of damages are different concepts. Impact, which is "individual injury," is an element of the cause of action. *In re Hydrogen Peroxide*, 552 F.3d 305, 311 (3d Cir. 2008) ("[T]o prevail on the merits, every class member must prove at least some antitrust impact resulting from the alleged violation."). By comparison, the amount of damages merely measures the *extent* of impact. For that reason, some courts have held that a class may be certified if the measure of damages for each class member requires some individual evidence, but only if the plaintiffs have already established that they can prove class-wide impact (i.e. that all class members suffered some damage) through common evidence. *See In re New Motor Vehicles Canadian Export Antitrust Litig.*, 522 F.3d 6, 19 n.18 (1st Cir. 2008).[2] A class cannot

---

[2] The auto dealers' cases prove defendants' point (and support defendants' motion). The court in *In re Cardizem CD Antitrust Litigation*, 200 F.R.D. 326 (E.D. Mich. 2001), stated that "individual circumstances" that related to "the quantum of damages," would not preclude

be certified if the court must examine individualized evidence to determine whether or not each class member was injured in the first instance.  Thus, the auto dealers' argument that the details of their transactions will not influence the Court's class certification analysis is wrong.

### B.  The Auto Dealers' Claim That Terms Other Than The Sales Price Are Not Relevant To Impact Or Damages Is Also Wrong

The auto dealers argue that the terms of their transactions and other aspects of their businesses are irrelevant, and that all defendants need to know is "the price of the vehicle."  ADP Opp. at 14-15.  But we are not dealing with widgets sold off the shelf at a list price.  As defendants explained in detail in their opening brief (but the auto dealers largely ignore), the purchase and sale of a car – at each level of the distribution chain – is a complicated transaction that is influenced by many factors, each of which is relevant to determining whether, and the extent to which, any of the auto dealers or end payors were injured.  Defs.' Br. at 14-19. Defendants cannot even determine the amount that an auto dealer actually paid for a car (net of rebates, incentives, or promotional payments, etc.), or, more importantly, *why it paid the amount that it paid*, without understanding all of the factors that influenced the deal.[3]  Similarly, defendants cannot determine whether an auto dealer charged a customer more for a car because of an alleged overcharge that it paid on a car from an OEM (as the end payors claim) without

---

certification of a class, but *only* if there already existed "generalized evidence . . . which will prove or disprove th[e] injury element on a simultaneous class-wide basis."  *Id.* at 339.  In *In re Workers' Compensation*, 130 F.R.D. 99 (D. Minn. 1990), the court explained that "the mere existence of individual questions such as damages does not automatically preclude satisfaction of the predominance requirement, *so long as there is some common proof to adequately demonstrate some damage to each plaintiff*."  *Id.* at 108 (emphasis added).  *Leyva v. Medline Indus. Inc.*, 716 F.3d 510 (9th Cir. 2013), and *Glazer v. Whirlpool Corp.*, 722 F.3d 838 (6th Cir. 2013), on which the auto dealers also rely, are not antitrust cases, so antitrust impact was not an element of the plaintiffs' claims in either case.

[3] For example, if a dealer purchased a new vehicle for a dealer invoice price of $25,000 but received $5,000 in incentives, rebates, dealer holdback, and/or floor plan financing, the net cost to the dealer was $20,000, not $25,000.

understanding the terms of the whole transaction between the dealer and its customer.

### C. Master Esshaki's Ruling On Defendant's Motion To Compel Is Irrelevant

The auto dealers claim that Master Esshaki's decision to deny defendants' motion to compel documents regarding financing, promotions, and auto dealers' monthly payments to OEMs indicates that "terms other than the actual price of a vehicle" are not relevant. ADP Opp. at 15. But that ruling only addressed defendants' motion to compel those particular documents; Master Esshaki did <u>not</u> address the broader question of whether the terms of the auto dealers' purchases and sales are relevant to these cases, as the dealers suggest. *See* Order, 12-cv-00102, Oct. 16, 2014, ECF No. 214. Moreover, since that decision, *the auto dealers have agreed to produce much of the discovery that was the subject of the motion. See* Stipulation & Order, 12-cv-00102, May 12, 2015, ECF No. 310. Indeed, Master Esshaki's ruling was based on the auto dealers' false representation at the time that they had no transactional data and that defendants' request was overly burdensome because the dealers would have to review and copy "hundreds of thousands" of voluminous "deal files" and other paper records to find responsive documents. Auto Dealers' Opp. at 2, 4, 12-cv-00102, ECF No. 195. But when defendants later confronted the auto dealers with evidence indicating that that representation was false, the auto dealers agreed to produce both the data and the documents. *See* Jan. 7, 2015 Stip. & Order, 12-cv-00102, Jan. 7, 2015, ECF No. 251. Thus, Master Esshaki's ruling on defendants' motion to compel is not only irrelevant, it is effectively moot.

## III. THE AUTO DEALERS' CRIES OF BURDEN ARE EXAGGERATED AND MERITLESS

The auto dealers claim that the deposition time that defendants are requesting is so overwhelmingly burdensome that if the Court reinstates Master Esshaki's January 21 ruling, they may have to abandon their claims in these cases. ADP Opp. at 14. Respectfully, that is

hogwash. These auto dealers are sophisticated corporate entities, many of which have hundreds of employees and generate hundreds of millions of dollars in revenues. Plaintiff Landers, for example, is an extremely large, multi-state network of auto dealers that is part of RML Automotive, which sells 35,000 to 40,000 cars per year, and has $1.4 billion annually in revenue.[4] Plaintiff Commonwealth Motors sells five brands of cars, and has more than 300 employees.[5] And Plaintiff VIP Motor Cars Limited recently won the "Large Business of the Year" award from the Palm Springs Chamber of Commerce.[6]

Each of the dealers has chosen to file *31 separate lawsuits against 50 different defendants*, claiming in each case that it was injured by the various groups of defendants' conduct. Each dealer is obligated to participate in discovery, and to actually prove its claims, in each case. Three individual depositions and 18 hours of Rule 30(b)(6) deposition testimony of each auto dealer entity – *for all 31 cases* – is hardly too much to ask.[7]

## IV. PLAINTIFFS DO NOT PROVIDE ANY BASIS FOR THIS COURT TO UPHOLD MASTER ESSHAKI'S DECISION TO REQUIRE DEFENDANTS TO PROVIDE OUTLINES OF TOPICS IN ADVANCE OF RULE 30(B)(1) DEPOSITIONS

The crux of the auto dealers' and end payors' arguments regarding outlines of topics in advance of Rule 30(b)(1) depositions is that defendants should be required to coordinate in

---

[4] RML Automotive, "Franklin McLarty Quoted in Automotive News" (May 16, 2014), http://www.rmlauto.com/blog/2014/may/16/franklin-mclarty-quoted--in-automotive-news.htm.

[5] Andrew Newton, *20 Years of Sales, Community Service in Lawrence*, Boston.com (Oct. 19, 2014), http://www.boston.com/cars/news-and-reviews/2014/10/18/years-sales-community-service-lawrence/3fFD52FH830XeEGoei43rI/story.html.

[6] Kia Farhang, *Palm Springs Chamber Honors Local Businesses*, Desert Sun (June 4, 2015), http://www.desertsun.com/story/news/2015/06/04/palm-springs-chamber-awards/28508213.

[7] Auto dealers' counsel's real concern appears to be the burden on counsel themselves, not their clients. *See* ADP Opp. at 13 n.8 (citing thousands of hours of preparation time, and hundreds of hours of depositions). But, like their clients, auto dealers' counsel chose to play a leadership role in these cases, and they represented to the Court that they had ample resources to handle them. If, in fact, they do not have sufficient resources, the solution is to find other (or additional) counsel, not to deprive defendants of discovery that they need to defend themselves.

advance of depositions.  The end payors claim that the Court wanted defendants to coordinate with each other to prepare a list of questions (EPP Opp. at 12-13), and the auto dealers argue that if defendants determine together the topics they wish to cover, it will be less likely that they will need to depose witnesses more than once.  ADP Opp. at 24.  But neither point is in dispute. Defendants in all auto parts cases have been working together for months to prepare for end payor and auto dealer depositions.  The *only* issue in dispute is whether defendants have to share their examination topics with plaintiffs in advance of these depositions.  On that issue, the auto dealers' and end payors' arguments provide no legal support for this unprecedented deviation from the Federal Rules of Civil Procedure, and their arguments are otherwise meritless.

Plaintiffs claim that the outlines will help their witnesses be "sufficiently prepared to answer questions on these topics" such that "Defendants will be more likely to elicit relevant facts and evidence," EPP Opp. at 13; *see* ADP Opp. at 24, but they cannot cite a single case in which any court has ever imposed such a requirement on those grounds.  Rule 30(b)(1) depositions never involve advance disclosure of examination topics, and witnesses either have personal knowledge of the questions asked and must testify about them, or they do not.  That is the nature of a Rule 30(b)(1) deposition (and the difference between a Rule 30(b)(1) deposition and a Rule 30(b)(6) deposition, for which topics are provided in advance).

Moreover, plaintiffs do not mitigate defendants' concern that these outlines will only create further disputes and delay depositions.  The end payors avoid the point entirely, and the auto dealers *admit* that there will be "problems" if they believe that a line of questioning does not conform with an outline.  ADP Opp. at 25.  The auto dealers prove defendants' point.

## CONCLUSION

The wire harness defendants respectfully request that the Court enter their Proposed Order Modifying Master Esshaki's June 18, 2015 Order.

Date:  July 6, 2015                              LATHAM & WATKINS LLP

                                      By:    */s/ Marguerite M. Sullivan*
                                             Marguerite M. Sullivan
                                             LATHAM & WATKINS LLP
                                             555 Eleventh Street NW, Suite 1000
                                             Washington, DC 20004
                                             Telephone: (202) 637-2200
                                             Fax: (202) 637-2201
                                             Marguerite.Sullivan@lw.com

                                             Daniel M. Wall
                                             LATHAM & WATKINS LLP
                                             505 Montgomery Street, Suite 2000
                                             San Francisco, CA 94111
                                             Telephone: (415) 395-0600
                                             Fax: (415) 395-8095
                                             dan.wall@lw.com

                                             David D. Cross
                                             CROWELL & MORING LLP
                                             1001 Pennsylvania Avenue, N.W.
                                             Washington, D.C.  20004
                                             Tel:  202-624-2500
                                             Fax:  202-628-5116
                                             dcross@crowell.com

                                             William H. Horton (P31567)
                                             GIARMARCO, MULLINS & HORTON, P.C.
                                             101 West Big Beaver Road, Tenth Floor
                                             Troy, MI 48084-5280
                                             Telephone: 248-457-7060
                                             bhorton@gmhlaw.com

                                             *Attorneys for Defendants Sumitomo Electric*
                                             *Industries, Ltd.; Sumitomo Wiring Systems,*
                                             *Ltd.; Sumitomo Electric Wiring Systems, Inc.;*
                                             *and Sumitomo Wiring Systems (U.S.A.) Inc.*

                                             LANE POWELL PC

                                      By:    */s/Larry S. Gangnes*  (w/consent)
                                             Larry S. Gangnes
                                             LANE POWELL PC
                                             U.S. Bank Centre
                                             1420 Fifth Ave., Suite 4200
                                             P.O. Box 91302
                                             Seattle, WA 98111-9402
                                             Telephone: (206) 223-7000
                                             Facsimile: (206) 223-7107
                                             gangnesl@lanepowell.com

                                             Craig D. Bachman
                                             Kenneth R. Davis II

                                              8

Darin M. Sands
Peter D. Hawkes
Masayuki Yamaguchi
LANE POWELL PC
MODA Tower
601 SW Second Ave., Suite 2100
Portland, OR 97204-3158
Telephone: (503) 778-2100
Facsimile: (503) 778-2200
bachmanc@lanepowell.com
davisk@lanepowell.com
sandsd@lanepowell.com
hawkesp@lanepowell.com
yamaguchim@lanepowell.com

Richard D. Bisio (P30246)
Ronald S. Nixon (P57117)
KEMP KLEIN LAW FIRM
201 W. Big Beaver, Suite 600
Troy, MI 48084
Telephone:  (248) 528-1111
Facsimile:  (248) 528-5129
richard.bisio@kkue.com
ron.nixon@kkue.com

*Attorneys for Defendants Furukawa Electric Co., Ltd.; and American Furukawa, Inc.*

WILMER CUTLER PICKERING HALE AND DORR LLP

By:   */s/Steven F. Cherry*  (w/consent)
Steven F. Cherry
David P. Donovan
Brian C. Smith
Kurt G. Kastorf
WILMER CUTLER PICKERING HALE AND DORR LLP
1875 Pennsylvania Avenue, N.W.
Washington, D.C. 20006
Telephone: (202) 663-6000
Fax: (202) 663-6363
steven.cherry@wilmerhale.com
david.donovan@wilmerhale.com
brian.smith@wilmerhale.com
kurt.kastorf@wilmerhale.com

*Attorneys for Defendants DENSO International America, Inc. and DENSO Corporation*

Steven M. Zarowny (P33362)
General Counsel
DENSO International America, Inc.
24777 Denso Drive

9

Southfield, MI 48033
Telephone: (248) 372-8252
Fax:   (248) 213-2551
steve_zarowny@denso-diam.com

*Attorney for Defendant DENSO International America, Inc.*

ARNOLD & PORTER LLP

By:   */s/James L. Cooper*  (w/consent)
James L. Cooper
Michael A. Rubin
Laura Cofer Taylor
Katherine Clemons
ARNOLD & PORTER LLP
555 Twelfth Street NW
Washington, DC 20004
(202) 942-5000
(202) 942-5999 (facsimile)
james.cooper@aporter.com
michael.rubin@aporter.com
laura.taylor@aporter.com
katherine.clemons@aporter.com

Joanne Geha Swanson (P33594)
Fred Herrmann (P49519)
Matthew L. Powell (P69186)
KERR, RUSSELL AND WEBER, PLC
500 Woodward Avenue, Suite 2500
Detroit, MI  48226
(313) 961-0200
(313) 961-0388 (facsimile)
jswanson@kerr-russell.com
fherrmann@kerr-russell.com
mpowell@kerr-russell.com

*Attorneys for Defendants Fujikura Ltd. and Fujikura Automotive America LLC*

O'MELVENY & MYERS LLP

By:    */s/Michael F. Tubach*  (w/consent)
Michael F. Tubach
O'MELVENY & MYERS LLP
Two Embarcadero Center, 28th Floor
San Francisco, CA 94111
Telephone: (415) 984-8700
Fax: (415) 984-8701
Mtubach@omm.com

Michael R. Turco (P48705)
BROOKS WILKINS SHARKEY & TURCO PLLC
401 South Old Woodward, Suite 400
Birmingham, MI 48009
Telephone: (248) 971-1713
Fax: (248) 971-1801
turco@bwst-law.com

*Attorneys for Defendants Leoni Wiring Systems, Inc.  and Leonische Holding Inc.*

BUTZEL LONG

By:    */s/David F. DuMouchel*  (w/consent)
David F. DuMouchel (P25658)
George B. Donnini (P66793)
BUTZEL LONG
150 West Jefferson, Suite 100
Detroit, MI 48226
Telephone: (313)225-7000
dumouchd@butzel.com
donnini@butzel.com

W. Todd Miller
BAKER & MILLER PLLC
2401 Pennsylvania Ave., NW, Suite 300
Washington, DC 20037
Telephone: (202)663-7820
TMiller@bakerandmiller.com

*Attorneys for Defendants Tokai Rika Co., Ltd. and  TRAM, Inc.*

PORTER WRIGHT MORRIS & ARTHUR LLP

By:   */s/ Donald M. Barnes* (w/consent)
Donald M. Barnes (D.C. Bar No. 0471)
Jay L. Levine (D.C. Bar No. 459345)
John C. Monica (D.C. Bar No. 441218 )
Molly S. Crabtree (Ohio Bar No. 0073823)
Jason E. Starling (Ohio Bar No. 0082619)
PORTER WRIGHT MORRIS & ARTHUR LLP
1900 K Street, NW, Suite 1110
Washington, D.C. 20006
Telephone: (202) 778-3000
Facsimile: (202) 778-3063
dbarnes@porterwright.com
jlevine@porterwright.com
jmonica@porterwright.com
mcrabtree@porterwright.com
jstarling@porterwright.com

*Attorney for Defendants G.S. Electech, Inc. G.S. Wiring Systems, Inc., and G.S.W. Manufacturing, Inc.*


JENNER & BLOCK LLP

By:   /s/ Terrence J. Truax
Terrence J. Truax
Charles B. Sklarsky
Michael T. Brody
Gabriel A. Fuentes
Daniel T. Fenske
JENNER & BLOCK LLP
353 N. Clark Street
Chicago, IL 60654-3456
ttruax@jenner.com
csklarsky@jenner.com
mbrody@jenner.com
gfuentes@jenner.com
dfenske@jenner.com

Gary K. August
Jamie J. Janisch
ZAUSMER, AUGUST & CALDWELL, P.C.
31700 Middlebelt Road, Suite 150
Farmington Hills, MI 48334-2374
gaugust@zacfirm.com
jjanisch@zacfirm.com

12

*Attorneys for Mitsubishi Electric Corporation, Mitsubishi Electric US Holdings, Inc., and Mitsubishi Electric Automotive America, Inc.*

K&L GATES LLP

By:    /s/  Michael E. Martinez
Steven M. Kowal
Lauren N. Norris
Lauren B. Salins
K&L GATES LLP
70 W. Madison St.
Suite 3100
Chicago, IL 60602
Telephone: (312) 807-4404
Fax: (312) 827-8116
michael.martinez@klgates.com
steven.kowal@klgates.com
lauren.norris@klgates.com
lauren.salins@klgates.com

William P. Jansen (P36688)
Michael G. Brady (P57331)
Amanda Fielder (P70180)
WARNER NORCROSS & JUDD LLP
2000 Town Center, Suite 2700
Southfield, MI 48075-1318
Telephone: (248) 784-5000
wjansen@wnj.com
mbrady@wnj.com
afielder@wnj.com

*Attorneys for Defendants Chiyoda Manufacturing Corporation and Chiyoda USA Corporation*

13

## CERTIFICATE OF SERVICE

I hereby certify that on July 6, 2015, I caused the foregoing REPLY IN SUPPORT OF THE WIRE HARNESS DEFENDANTS' OBJECTIONS TO, AND MOTION TO MODIFY, MASTER ESSHAKI'S JUNE 18, 2015 ORDER to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

By: */s/ Marguerite M. Sullivan*
Marguerite M. Sullivan
LATHAM & WATKINS LLP
555 Eleventh Street NW, Suite 1000
Washington, DC 20004
+1.202.637.2200
maggy.sullivan@lw.com