## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| **In Re: AUTOMOTIVE PARTS ANTITRUST LITIGATION** | 12-md-02311<br>Honorable Marianne O. Battani |
| **In Re: All Auto Parts Cases** | |
| **THIS DOCUMENT RELATES TO: ALL AUTO PARTS CASES** | 2:12-MD-02311-MOB-MKM |

## REPLY IN SUPPORT OF CERTAIN DEFENDANTS' OBJECTIONS TO, AND MOTION TO MODIFY, MASTER ESSHAKI'S JUNE 18, 2015 ORDER

## PRELIMINARY STATEMENT

The justifications for undersigned Defendants' Objections to Master Esshaki's June 18, 2015 Order have become even more pronounced during the last few weeks.  Another parts case – the 31st set of putative class actions to join this litigation – has been filed.  EPPs have newly identified an additional 32 cars that they purchased or leased during the lengthy proposed class periods.  At least 139 cars are now at issue—more than two per EPP (with some EPPs asserting claims for as many as ten cars).  Deficiencies in the EPP and ADP productions continue to leave sizeable gaps with respect to basic information about Plaintiffs' car purchases and sales.

Despite that this sprawling MDL and the problems endemic to coordinating 31 distinct parts cases continue to grow, Plaintiffs adhere to the view that nothing has changed since the Judicial Panel of Multidistrict Litigation consolidated a group of cases involving only Wire Harness Systems before this Court.  By the logic of Plaintiffs' arguments and the limitations imposed by Master Esshaki's Order, all Defendants will be limited to the same, single fact witness deposition of each named plaintiff no matter how large or complicated this litigation becomes.  The potential prejudice caused by these discovery restrictions threatens to deny Defendants' rights to adequately defend themselves in these cases and is an abuse of discretion.

Simply put, this massive – and growing – litigation cannot be treated for discovery purposes as if it were a single case against a single defendant group alleging a single conspiracy.  The limitations on the depositions of the named plaintiffs would be unduly restrictive for a single putative class action, and completely ignore the realities and scale of these much more expansive actions.  At this point, 58 EPPs and 47 ADPs have filed 31 separate and distinct sets of class actions against more than 50 largely non-overlapping Defendants.  This Court has taken on the unprecedented task of overseeing the equivalent of 31 distinct MDLs, in each of which, under normal circumstances, the named plaintiffs would be separately deposed.  Defendants do not ask

for anything near that. Instead, they have made extraordinarily modest requests: that each EPP sit one time for up to a two-day deposition (for all purposes in all of these many cases) and that the depositions of ADPs be conducted in accordance with what Master Esshaki previously decided was appropriate and necessary for the Wire Harness action alone.

The EPPs and ADPs chose to structure this litigation with nearly completely overlapping named plaintiffs across 31 separate cases. This choice does nothing to mitigate the complexity and variety of these cases. Defendants need – and are entitled to – an adequate opportunity to depose the named plaintiffs as to the particular circumstances and issues of their particular cases—factors that the Objection extensively details but Plaintiffs largely ignore in their responses. Defendants respectfully request that the Court enter their Proposed Order to provide an adequate number of depositions and to remove other unnecessary restrictions.

## ARGUMENT

### I. Plaintiffs' Responses Proceed from Four Incorrect Premises

*A. False premise: What may be adequate for one case is adequate for 31 separate cases.*

Plaintiffs' justification for the deposition limits in Master Esshaki's Order is premised on the mistaken notion that 31 separate parts cases are, in effect, a single case. They ignore that each is a distinct group of putative class actions in which Plaintiffs allege separate conspiracies as to distinct products made by largely non-overlapping Defendants and sold under varied conditions to different subsets of OEMs. *See* Objection at Sec. I.B. Despite these meaningful differences, Plaintiffs contend that the parameters of EPP and ADP depositions should not take into account the number or variety of the cases that have become part of this complex litigation. The same erroneous premise underlies Master Esshaki's Order, which permits *fewer* and *shorter* depositions of named plaintiffs for 31 distinct parts cases (and growing) than he previously recommended for just the Wire Harness case alone. *See* Objection at Sec. I.A.

Plaintiffs offer no reason for this topsy-turvy result other than that this case concerns "consumers who bought automobile(s)." EPP Response at 4; *see also* ADP Response at 3-4 (noting that depositions will focus on the fact that ADPs "purchased a car, not specific parts"). Plaintiffs' reliance on this truism fails to address Defendants' extensive briefing on the meaningful case-specific and Defendant-specific issues that will arise during the ADP and EPP depositions. For example, in light of the fact that different parts actions (and even different complaints within a single parts action) allege claims for purchases of different makes of cars, Defendants may have diverging interests concerning which ADP witness to depose, and what questions to ask of an ADP or EPP witness, during their limited depositions. *See* Objection at Sec. II.B. Similarly, questions about particular parts – including some that were options or upgrades – will be relevant to understanding the pricing and negotiation dynamics of EPPs' car purchases. *See* Objection at Sec. I.B. Defendants' requested modifications to Master Esshaki's Order would permit Defendants the minimum opportunity required to adequately cover these topics, which Plaintiffs do not dispute are relevant.[1]

B.       *False premise: Plaintiffs bear no responsibility for the large volume of discovery.*

If Defendants seek what Plaintiffs attempt to portray as an excessive number of depositions, then that is of Plaintiffs' making, not Defendants'. Plaintiffs are not involuntary participants in this litigation. They each chose to be named in more than 31 separate and distinct class actions alleging nearly 40 different state law claims against 50 Defendants.

---

[1] Plaintiffs' suggestion that Defendants' concerns are served by the right to seek additional deposition time "with cause" is simply unworkable given the likelihood that – due to inadequate productions from Plaintiffs and the growing number of car transactions at issue – it would be necessary with respect to most Plaintiffs. Moreover, Plaintiffs' suggestion that sophisticated defense counsel would "abuse" or "harass" them with questions about which they "have no knowledge" is baseless. Defense counsel will seek only relevant discovery in accordance with the Federal Rules, and will do so in a professional manner consistent with attorney conduct rules.

The ADPs are far from being small mom-and-pop businesses incapable of understanding the consequences of bringing these lawsuits. *See* Objection at Sec. I.E. At least eleven ADPs have been named plaintiffs in another antitrust class action. Similarly, at least ten of the EPPs have been named plaintiffs in complex class actions, including antitrust cases.[2] Asking each EPP to sit for up to 14 hours of deposition for all purposes by all 50 Defendants in all of the 31 separate sets of cases is not at all unreasonable, especially since most EPPs have to be questioned about more than one car. Moreover, all named plaintiffs stand to get *separate* incentive payments in *each* of the 31 cases.[3]

The use of Plaintiffs involved in multiple car purchases necessarily requires more deposition time. An ever increasing number of EPPs will need to be questioned about more than one car (at last count, 41 out of 58 EPPs assert claims for more than one car during the lengthy class periods).[4] The need for more time is even more evident as to ADPs—many of which need to be questioned about multiple OEM brands at several locations, all of which will be central to the defense of both the ADPs' and EPPs' cases. *See* Objection at Sec. I.E.

C.   *False premise: The testimony of each individual Plaintiff is not meaningful.*

Plaintiffs appear to believe that any deficiencies in the discovery of individual named plaintiffs – which are extensive as to both ADPs and EPPs – are of no moment.[5] *See* ADP

---

[2] These cases include antitrust litigations concerning packaged ice, fresh milk, lithium batteries, vehicle carrier services, dynamic random-access memory, and auction houses.

[3] *See, e.g.*, End-Payor Plaintiffs' Motion for Preliminary Approval of Proposed Settlement with Yazaki Defendants, No. 12-cv-103, ECF No. 222-2, Ex. A at ¶ 29(a) (E.D. Mich. Sept. 22, 2014) (Settlement Agreement reserves Plaintiffs' right to submit an application for "reimbursement of expenses and costs incurred in connection with prosecuting the Action and incentive awards").

[4] On June 26, 2015, sixteen of the EPPs identified 32 new vehicles that they purchased or leased.

[5] In an attempt to exaggerate the effect of Defendants' request, Plaintiffs repeatedly sum up the total hours of depositions or number of documents produced across their entire plaintiff groups.

Response at 19 ("Surely, through these ninety depositions [of ADPs], Defendants will be able to ascertain all the information they require about a given OEM . . . ."). Plaintiffs apparently believe that, for example, testimony from one ADP as to its Honda purchases and sales would eliminate the need to ask any other ADP about its purchases and sales of Hondas. This is flatly incorrect. ADPs ostensibly represent the interests of all dealers of all cars sold or leased during the class period. The same is true of EPPs for the cars they bought or leased. It is critical that Defendants have adequate time to examine each Plaintiff as to their transactions (including both purchases and sales). To the extent that a named plaintiff that was located or purchased cars in a given state is found to be an inadequate representative of their purported class for any of many possible reasons, all claims under that state's laws would be vulnerable. Similarly, if a named plaintiff has not been injured by the alleged conduct, that plaintiff would lack standing to bring claims for the car models that plaintiff purchased or leased. Also, individual transactions by every one of the named plaintiffs will be highly relevant to whether there is such diversity in the ADPs' and EPPs' transactions that classwide impact or injury cannot be established using common proof, thus making class certification inappropriate.[6]

Moreover, Plaintiffs appear to view discovery by deposition and by documents (or even by letters from counsel) as interchangeable, as if one replaces the need for the other. *See* ADP Response at 16, 23 (supposed forthcoming production "should more than cover the information Defendants state they need"); *see also* EPP Response at 4-5, 7 ("Given that Defendants already

---

This is completely beside the point. The issue is not the discovery of dozens of unrelated named plaintiffs on a combined basis, but rather the discovery as to each individual named plaintiff.

[6] *See In re Polyurethane Foam Antitrust Litig.*, No. 1:10-MD-2196, 2014 WL 6461355, at *25 (N.D. Ohio Nov. 17, 2014) ("[T]he impact burden requires a method of proof, using evidence common to the class, that can establish that all or nearly all class members incurred an antitrust overcharge of some amount."); *see also id.* at *44 ("[I]f damages are not susceptible to computation using a 'mathematical or formulaic' calculation, class treatment may be inappropriate.") (quoting *Bell Atl. Corp. v. AT&T Corp.*, 339 F.3d 294, 307 (5th Cir. 2003).

possess [EPPs' documents] … [t]here is no logical explanation for the need to take 14 hours [of deposition]"). There is no basis for Plaintiffs' approach in the Federal Rules or federal common law, both of which protect the rights of parties to have full access to both deposition and document discovery.[7] *See* Objection at Sec. V.

      D.    *False premise: Multiple factors that affect and determine net price are not relevant.*

The ADPs' response is largely premised on the extraordinary position – not even raised by EPPs – that "terms that were not the actual price of a vehicle are not relevant" and "do not bear on the calculation of damages on a particular overpriced product."[8] *See* ADP Response at 15. With this flatly incorrect *ipse dixit,* ADPs seek to foreclose discovery on issues that are patently relevant to injury and damages.[9] Terms involving financing, promotions, floor plan assistance, and warranties, for example, all go directly to explaining *how* the price for a car was reached and *what* net price the ADPs received (and EPPs paid) for the complete product package. These issues are plainly relevant to determining whether plaintiffs were injured, the

---

[7] Even if this trade-off were appropriate, significant deficiencies in Plaintiffs' productions – for example, one-third of EPPs' car purchases are undocumented – mean that depositions will be the *only means* for obtaining discovery on basic key issues about named plaintiffs' car transactions.

[8] ADPs cannot seriously contest the relevance of these items while joining a subpoena of OEMs that requests the same information. *See* Special Master's Order Regarding Direct Purchaser Plaintiffs' Motion to Limit Uniform Subpoena to OEMs, No. 2:12-md-2311, ECF No. 992 (E.D. Mich. June 4, 2015) (Requests No. 1 and 4 seeking pricing "net" of "incentives" or "allowances," including rebates, refunds, discounts, financing terms, and trade-ins). ADPs are also is at odds with EPPs, who supported discovery of direct purchaser plaintiffs about "financing of new vehicles," and argued that "[o]bjecting to these requests on relevance grounds is preposterous." *See* Indirect Purchaser Plaintiffs' Response in Opposition to Direct Purchaser Plaintiffs' Motion To Limit Uniform Subpoena to OEMs and to Ford's Response to the Proposed OEM Subpoena, No. 2:12-md-2311, ECF No. 979 (E.D. Mich. May 27, 2015).

[9] Plaintiffs provide no context for their misleading reliance on discovery rulings by Master Esshaki in the Wire Harness case, which did not address financing of car *sales* by ADPs or even OEM financing of ADPs' purchases of individual cars *at all*. Moreover, Defendants not named in the Wire Harness case were not involved in any of its discovery or related disputes.

extent of pass-on of any injury, and the existence and extent of their damages, as well as whether classwide proof can be used to establish all of these elements.[10]

## II.    Plaintiffs Do Not Dispute That the Requirement for Deposition Topics and Restriction on the Number of Defense Counsel Questioning a Witness are Unprecedented

Plaintiffs do not dispute that there is no precedent in antitrust MDLs for limiting the number of counsel who can ask questions at a deposition and requiring Defendants to provide topics in advance of a Rule 30(b)(1) deposition.  Their main argument is that the Federal Rules do not prohibit these requirements.  That does not justify burdening Defendants with these improper conditions, which even Plaintiffs did not initially ask for.  In addition, limiting the number of defense counsel who can ask questions risks creating meaningful conflicts among Defendants about which witnesses to call and what questions to ask.  *See* Objection at Sec. III.

## III.    Master Esshaki Abused His Discretion in Substantially Infringing Defendants' Rights to Defend Themselves and Potentially Denying Their Due Process Rights

The potential prejudice that could result from leaving Master Esshaki's Order intact is significant and could have a lasting impact on the outcome and integrity of this litigation.  The restrictions and limitations will cut off Defendants' access to critical discovery and create unresolvable conflicts of interest among them, with a real potential to impair Defendants' fundamental due process protections and violate principles of open discovery provided by the Federal Rules and longstanding federal common law.  *See* Objection at Sec. V.

## <u>CONCLUSION</u>

For the foregoing reasons, the undersigned Defendants respectfully request that the Court enter their Proposed Order Modifying Master Esshaki's June 18, 2015 Order.

---

[10] The unique and complex nature of car transactions – including trade-ins, financing, options, individualized negotiations, extended warranties, and many other factors in the net price – render inapposite the cases on damages upon which Plaintiffs rely.

Dated:  July 6, 2015                    Respectfully submitted,


                                        By: *Steven Alan Reiss*

                                        Steven A. Reiss
                                        Adam C. Hemlock
                                        Kajetan Rozga
                                        WEIL, GOTSHAL & MANGES LLP
                                        767 Fifth Avenue
                                        New York, New York 10153-0119
                                        Telephone:  (212) 310-8000
                                        Facsimile:  (212) 310-8007
                                        steven.reiss@weil.com
                                        adam.hemlock@weil.com
                                        kajetan.rozga@weil.com

                                        Frederick R. Juckniess
                                        SCHIFF HARDIN LLP
                                        350 South Main Street, Suite 210
                                        Ann Arbor, MI 48104
                                        (734) 222-1504
                                        fjuckniess@schiffhardin.com

                                        *Attorneys for Bridgestone Corporation and*
                                        *Bridgestone APM Company*

                                        By: *Steven Alan Reiss*

                                        Steven A. Reiss
                                        Adam C. Hemlock
                                        WEIL, GOTSHAL & MANGES LLP
                                        767 Fifth Avenue
                                        New York, New York 10153-0119
                                        Telephone:  (212) 310-8000
                                        Facsimile:  (212) 310-8007
                                        steven.reiss@weil.com
                                        adam.hemlock@weil.com

                                        Fred K. Herrmann
                                        Joanne G. Swanson
                                        Matthew L. Powell
                                        KERR RUSSELL & WEBER PLC
                                        500 Woodward Avenue
                                        Suite 2500

Detroit, MI 48226
Tel. (313) 961-0200
Fax (313) 961-0388
fherrmann@kerr-russell.com
jswanson@kerr-russell.com
mpowell@kerr-russell.com

*Attorneys for Calsonic Kansei Corporation and
CalsonicKansei North America, Inc.*

By: /s/ Steven F. Cherry (w/consent)
Steven F. Cherry
David P. Donovan
Patrick J. Carome
Brian C. Smith
Kurt G. Kastorf
WILMER CUTLER PICKERING HALE AND
DORR LLP
1875 Pennsylvania Avenue, NW
Washington, D.C.
Telephone: (202) 663-6000
Facsimile: (202) 663-6363
steven.cherry@wilmerhale.com
david.donovan@wilmerhale.com
patrick.carome@wilmerhale.com
brian.smith@wilmerhale.com
kurt.kastorf@wilmerhale.com

*Counsel for Defendants DENSO Corp., DENSO
International America, Inc., ASMO Co., Ltd.,
ASMO North America, LLC, ASMO Manufacturing,
Inc., ASMO Greenville of North Carolina Inc.*

By: /s/ Debra H. Dermody (w/ consent)
Debra H. Dermody
Michelle A. Mantine
REED SMITH LLP
225 Fifth Avenue
Pittsburgh, PA 15222
Telephone: (412) 288-3302/4268
Fax:    (412) 288-3063
Email: ddermody@reedsmith.com
mmantine@reedsmith.com

/s/ Howard B. Iwrey (w/ consent)
Howard B. Iwrey (P39635)
Brian M. Moore (P58584)
DYKEMA GOSSETT PLLC
39577 Woodward Avenue
Bloomfield Hills, Michigan 48304
Telephone: (248) 203-0526
Fax:(248) 203-0763
Email: hiwrey@dykema.com
bmoore@dykema.com

*Attorneys for Defendant SKF USA Inc. in actions 2:13-cv-00502, -00503, -00505, and -13356-MOB-MKM*

By: /s/ Jeremy J. Calsyn (with consent)

Jeremy J. Calsyn (DC Bar #467737)
Teale Toweill (DC Bar #996061)
CLEARY GOTTLIEB STEEN & HAMILTON LLP
2000 Pennsylvania Avenue, NW
Washington, DC 20006
(202) 974-1500 (Phone)
(202) 974-1999 (Facsimile)
jcalsyn@cgsh.com
ttoweill@cgsh.com

David A. Ettinger (P26537)
HONIGMAN, MILLER, SCHWARTZ AND COHN LLP
660 Woodward Avenue Suite 2209
Detroit, MI 48226-3506
(313) 465-7368 (Telephone)
(313) 465-7369 (Facsimile)
dettinger@honigman.com

*Attorneys for Defendants NSK Ltd. and NSK Americas, Inc.*

By: /s/ Heather L. Kafele (with consent)
Heather L. Kafele
Keith R. Palfin
SHEARMAN & STERLING LLP

801 Pennsylvania Ave., NW, Suite 900
Washington, DC 20004
Tel.: (202) 508-8097
Fax: (202) 508-8100
heather.kafele@shearman.com
keith.palfin@shearman.com

Brian M. Akkashian
PAESANO AKKASHIAN, PC
132 N. Old Woodward Avenue
Birmingham, MI 48009
Tel.: (248) 792-6886
bakkashian@paesanoakkashian.com

*Counsel for JTEKT Corporation and JTEKT
Automotive North America, Inc.*

By: /s/ Kenneth R. Davis II (w/ consent)
Kenneth R. Davis II
Craig D. Bachman
Darin M. Sands
Masayuki Yamaguchi
LANE POWELL PC
MODA Tower
601 SW Second Ave., Suite 2100
Portland, OR 97204-3158
(503) 778-2100
(503) 778-2200 (facsimile)
davisk@lanepowell.com
bachmanc@lanepowell.com
sandsd@lanepowell.com
yamaguchi@lanepowell.com

Larry S. Gangnes
U.S. Bank Centre
1420 Fifth Ave., Ste. 4100
Seattle, WA 98101-2338
(206) 223-7000
(206) 223-7107 (facsimile)
gangnesl@lanepowell.com

Richard D. Bisio (P30246)
Ronald S. Nixon (P57117)
KEMP KLEIN LAW FIRM

201 W. Big Beaver, Suite 600
Troy, MI 48084
(248) 528-1111
(248) 528-5129 (facsimile)
richard.bisio@kkue.com
ron.nixon@kkue.com

*Attorneys for Defendants Nachi-Fujikoshi Corp.*
*and Nachi America, Inc.*


By: /s/ David C. Giardina (w/ consent)
David C. Giardina
Courtney A. Hoffmann
SIDLEY AUSTIN LLP
One S. Dearborn St.
Chicago, IL 60603
Tel.: (312) 853-7000
Fax: (312) 853-7036
dgiardina@sidley.com
choffmann@sidley.com

Bradley J. Schram
HERTZ SCHRAM PC
1760 S. Telegraph Rd., Suite 300
Bloomfiled Hills, MI 48302
Tel.: (248) 335-5000
Fax: (248) 335-3346
bschram@hertzschram.com

*Counsel for Defendants Toyo Tire & Rubber Co.,*
*Ltd., Toyo Automotive Parts (USA), Inc., Toyo Tire*
*North America OE Sales LLC, and Toyo Tire North*
*America Manufacturing Inc.*


By: /s/ Jeffrey L. Kessler (w/ consent)

Jeffrey L. Kessler
A. Paul Victor
Jeffrey J. Amato
Molly M. Donovan
WINSTON & STRAWN LLP
200 Park Avenue
New York, New York 10166
Telephone: (212) 294-6700
Facsimile: (212) 294-4700

jkessler@winston.com
pvictor@winston.com
jamato@winston.com
mmdonovan@winston.com

Fred K. Herrmann
KERR, RUSSELL & WEBER PLC
500 Woodward Avenue, Suite 2500
Detroit, MI 48226
Tel. (313) 961-0200
fherrmann@kerr-russell.com

*Attorneys for Defendants NTN Corporation and
NTN USA Corporation*


By: /s/ George A. Nicoud (w/ consent)
George A. Nicoud III
Austin Schwing
Stuart C. McPhail
Leslie A. Wulff
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street
San Francisco, CA 94105-0921
Tel.:  (415) 393-8200
Fax:  (415) 393-8306
TNicoud@gibsondunn.com
ASchwing@gibsondunn.com
SMcphail@gibsondunn.com
LWulff@gibsondunn.com

*Counsel for Defendants Mitsuba Corporation and
American Mitsuba Corporation*


By: /s/ James L. Cooper (w/ consent)
James L. Cooper
Danielle Garten
Adam Pergament
ARNOLD & PORTER LLP
555 Twelfth Street NW
Washington, DC 20004
(202) 942-5000
(202) 942-5999 (facsimile)
james.cooper@aporter.com
danielle.garten@aporter.com

adam.pergament@aporter.com

Fred K. Herrmann
Joanne Geha Swanson
KERR, RUSSELL AND WEBER, PLC
500 Woodward Avenue, Suite 2500
Detroit, MI 48226
(313) 961-0200
(313) 961-0388 (facsimile)
jswanson@kerr-russell.com
fherrmann@kerr-russell.com

*Attorneys for Defendants Yamashita
Rubber Co., Ltd., and YUSA Corporation*


By: /s/ Anita F. Stork (w/ consent)
Anita F. Stork
COVINGTON & BURLING LLP
One Front Street
35th Floor
San Francisco, CA 94111
Telephone: (415) 591-6000
Fax: (415) 955-6550
astork@cov.com

Bruce A. Baird
Sarah L. Wilson
Michael A. Fanelli
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street NW
Washington, DC 20001
Telephone: (202) 662-6000
Fax: (202) 662-6291
bbaird@cov.com
swilson@cov.com
mfanelli@cov.com


/s/ Maureen T. Taylor
Maureen T. Taylor
BROOKS WILKINS SHARKEY & TURCO PLLC
401 Old South Woodward, Suite 400
Birmingham, MI 48009
Telephone: (248) 971-1721

Fax: (248) 971-1801
taylor@bwst-law.com

*Attorneys for Defendant Keihin North America, Inc.*

By: /s/ *Anita F. Stork* (w/ consent)

Anita F. Stork
Gretchen Hoff Varner
Cortlin H. Lannin
COVINGTON & BURLING LLP
One Front Street, 35th Floor
San Francisco, CA 94111
Telephone: (415) 591-6000
Fax: (415) 955-6550
astork@cov.com

/s/ Maureen T. Taylor (w/ consent)

Herbert C. Donovan (P51939)
Maureen T. Taylor (P63547)
BROOKS WILKINS SHARKEY & TURCO PLLC
401 Old South Woodward, Suite 400
Birmingham, MI 48009
Telephone: (248) 971-1721
Fax: (248) 971-1801
taylor@bwst-law.com
donovan@bwst-law.com

*Attorneys for Defendants Alps Electric Co., Ltd.;*
*Alps Electric (North America), Inc.; and Alps*
*Automotive, Inc.*

By: /s/ Eric J. Mahr (w/ consent)

Eric J. Mahr
Stacy E. Frazier
1875 Pennsylvania Ave., NW
Washington, DC 20006
202-663-6446
eric.mahr@wilmerhale.com
stacy.frazier@wilmerhale.com

*Attorneys for Defendant Schaeffler Group USA,*
*Incorporated*

By: /s/ Ronald M. McMillan (w/ consent)
Ronald M. McMillan (OH 0072437)
John J. Eklund (OH 0010895)
Maura L. Hughes (OH 0061929)
Alexander B. Reich (OH 0084869)
CALFEE, HALTER & GRISWOLD LLP
The Calfee Building
1405 East Sixth Street
Cleveland, OH 44114-1607
(216) 622-8200 (Phone)
(216) 241-0816 (Fax)
jeklund@calfee.com
mhughes@calfee.com
rmcmillan@calfee.com
areich@calfee.com

Maureen T. Taylor
Herbert C. Donovan
BROOKS, WILKINS, SHARKEY & TURCO
PLLC
401 South Old Woodward, Suite 400
Birmingham, MI 48009
(248) 971-1800 (Phone)
(248) 971-1801 (Fax)
taylor@bwst-law.com
donovan@bwst-law.com

*Attorneys for Defendants Continental Automotive
Systems, Inc. and Continental Automotive
Electronics LLC*

By: /s/ J. Clayton Everett, Jr. (with consent)
J. Clayton Everett, Jr.
Zarema A. Jaramillo
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Avenue, NW
Washington, DC 20004
Tel.: (202) 739-3000
Fax: (202) 739-3001
jeverett@morganlewis.com
zarema.jaramillo@morganlewis.com

*Counsel for Defendants Sumitomo Riko Company
Limited and DTR Industries, Inc.*

By: /s/ J. Clayton Everett, Jr. (with consent)
J. Clayton Everett, Jr.
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Ave., NW
Washington, DC 20004
Tel: 202-739-3000
Fax: 202-739-3001
jeverett@morganlewis.com

Matthew L. Fornshell
ICE MILLER LLP
250 West Street
Suite 700
Columbus, OH 43215
Tel: 614-462-1061
Fax: 614-222-3692
Matthew.Fornshell@icemiller.com

*Counsel for Defendants Showa Corporation and American Showa, Inc.*

By: /s/ Terrence J. Truax   (w/ consent)
Terrence J. Truax
Charles B. Sklarsky
Michael T. Brody
Gabriel A. Fuentes
Daniel T. Fenske
JENNER & BLOCK LLP
353 N. Clark Street
Chicago, IL 60654-3456
ttruax@jenner.com
csklarsky@jenner.com
mbrody@jenner.com
gfuentes@jenner.com
dfenske@jenner.com

Gary K. August
Jamie J. Janisch
ZAUSMER, AUGUST & CALDWELL, P.C.
31700 Middlebelt Road, Suite 150
Farmington Hills, MI 48334-2374
gaugust@zacfirm.com
jjanisch@zacfirm.com

*Counsel for Mitsubishi Electric Corporation,*
*Mitsubishi Electric US Holdings, Inc., and*
*Mitsubishi Electric Automotive America, Inc.*


By: /s/ Michael S. Feldberg  (with consent)
Michael S. Feldberg
John Roberti
Matthew Boucher
ALLEN & OVERY LLP
1221 Avenue of the Americas
New York, NY 10128
212-610-6300

1101 New York Avenue NW
Washington, D.C. 20005
202-683-3800
michael.feldberg@allenovery.com
john.roberti@allenovery.com
matthew.boucher@allenovery.com

William R. Jansen (P36688)
Michael G. Brady (P57331)
WARNER NORCROSS & JUDD LLP
2000 Town Center, Suite 2700
Southfield, MI 48075-1318
248-784-5000
wjansen@wnj.com
mbrady@wnj.com

*Counsel for Robert Bosch LLC, Robert Bosch*
*GmbH and Bosch Electrical Drives Co., Ltd.*


By: /s/ Matthew J. Reilly (w/consent)
Matthew J. Reilly
Abram J. Ellis
David T. Shogren
SIMPSON THACHER & BARTLETT LLP
1155 F Street, N.W.
Washington, D.C. 20004
Tel.: (202) 636-5500
Fax: (202) 636-5502
matt.reilly@stblaw.com
aellis@stblaw.com
dshogren@stblaw.com

George S. Wang
Shannon K. McGovern
SIMPSON THACHER & BARTLETT LLP
425 Lexington Avenue
New York, N.Y. 10017
Tel: (212) 455-2000
Fax: (212) 455-2502
gwang@stblaw.com
smcgovern@stblaw.com

*Attorneys for Defendants Stanley Electric Co., Ltd.,
Stanley Electric U.S. Co., Inc., and II Stanley Co.,
Inc.*


By: /s/ Matthew J. Reilly (w/consent)
Matthew J. Reilly
Abram J. Ellis
SIMPSON THACHER & BARTLETT LLP
1155 F Street, N.W.
Washington, D.C. 20004
Tel.: (202) 636-5500
Fax: (202) 636-5502
matt.reilly@stblaw.com
aellis@stblaw.com

George S. Wang
Shannon K. McGovern
SIMPSON THACHER & BARTLETT LLP
425 Lexington Avenue
New York, N.Y. 10017
Tel: (212) 455-2000
Fax: (212) 455-2502
gwang@stblaw.com
smcgovern@stblaw.com

*Attorneys for Defendants Diamond Electric Mfg.
Co., Ltd. and Diamond Electric Mfg. Corp.*


By: /s/ Randall J. Turk (w/ consent)
Randall J. Turk
John Taladay
Mark Miller
Heather Souder Choi
Baker Botts L.L.P.

1299 Pennsylvania Avenue., NW
Washington, D.C. 20004-2400
Phone: 202.639.7700
Fax: 202.639.7890

*Counsel for Defendants Toyoda Gosei Co., Ltd.,
Toyoda Gosei North America Corp., and TG
Missouri Corp.*

By: /s/ David M. Zinn (w/ consent)
David M. Zinn
John E. Schmidtlein
Samuel Bryant Davidoff
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, DC 20005
Telephone: 202-434-5000
Fax: 202-434-5029
dzinn@wc.com
jschmidtlein@wc.com
sdavidoff@wc.com

Robert J. Wierenga (P59785)
Suzanne L. Wahl (P71364)
SCHIFF HARDIN LLP
340 S. Main Street, Suite 210
Ann Arbor, MI  48104
Telephone: 734-222-1500
Fax: 734-222-1501
rwierenga@schiffhardin.com
swahl@schiffhardin.com

*Attorneys for Defendants Takata Corporation and
TK Holdings Inc.*

By: /s/ Brian Byrne (w/ consent)
Brian Byrne
Ryan M. Davis
CLEARY GOTTLIEB STEEN & HAMILTON
LLP
2000 Pennsylvania Avenue NW
Washington, DC 20006
Telephone: (202) 974-1850
Facsimile: (202) 974-1999
bbyrne@cgsh.com
rmdavis@cgsh.com

By: /s/ Howard B. Iwrey (w/ consent)
Howard B. Iwrey (P39635)
Brian M. Moore (P58584)
DYKEMA GOSSETT PLLC
39577 Woodward Ave., Suite 300
Bloomfield Hills, MI 48304
Tel: (248) 203-0700
Fax: (248) 203-0763
hiwrey@dykema.com
bmoore@dykema.com

*Counsel for Valeo S.A., Valeo Japan Co., Ltd.,
Valeo Inc., Valeo Electrical Systems, Inc., and
Valeo Climate Control Corp.*

By: /s/ Barry A. Pupkin (w/ consent)
Barry A. Pupkin
Iain R. McPhie
Jeremy W. Dutra
SQUIRE PATTON BOGGS (US) LLP
2550 M Street, NW
Washington, DC 20037
Tel: (202) 457-6000
Fax: (202) 457-6315
Barry.Pupkin@squirepb.com
Iain.McPhie@squirepb.com
Jeremy.Dutra@squirepb.com

*Counsel for Aisan Industry Co., Ltd., Aisan
Corporation of America and Franklin Precision
Industry, Inc.*

By: /s/ Franklin R. Liss (w/ consent)
Franklin R. Liss
Barbara H. Wootton
Tiana L. Russell
Danielle M. Garten
ARNOLD & PORTER LLP
555 Twelfth Street NW
Washington, DC 20004
Tel: (202) 942-5969
Fax: (202) 942-5999
frank.liss@aporter.com
barbara.wootton@aporter.com
tiana.russell@aporter.com

danielle.garten@aporter.com

Howard B. Iwrey (P39635)
Brian M. Moore (P58584)
DYKEMA GOSSETT PLLC
39577 Woodward Ave., Suite 300
Bloomfield Hills, MI 48304
Tel: (248) 203-0700
Fax: (248) 203-0763
hiwrey@dykema.com
bmoore@dykema.com

*Counsel for Defendants Koito Manufacturing Co.,
Ltd. and North American Lighting, Inc.*

By: /s/ Marguerite M. Sullivan (w/ consent)
Marguerite M. Sullivan
Lawrence E. Buterman
LATHAM & WATKINS LLP
555 Eleventh Street NW, Suite 1000
Washington, DC 20004
Telephone: (202) 637-2200
Fax: (202) 637-2201
Marguerite.Sullivan@lw.com
Lawrence.Buterman@lw.com

Daniel M. Wall
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
Telephone: (415) 395-0600
Fax: (415) 395-8095
dan.wall@lw.com

William H. Horton (P31567)
GIARMARCO, MULLINS & HORTON, P.C.
101 West Big Beaver Road, Tenth Floor
Troy, MI 48084-5280
Telephone: 248-457-7060
bhorton@gmhlaw.com

*Attorneys for Defendants Sumitomo Electric
Industries, Ltd.; Sumitomo Wiring Systems, Ltd.;
Sumitomo Electric Wiring Systems, Inc.; K&S
Wiring Systems, Inc.; and Sumitomo Wiring Systems
(U.S.A.) Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 6, 2015, I, D. Jane Cooper, electronically caused to be filed the foregoing Reply in Support of Certain Defendants' Objections to, and Motion to Modify, Master Esshaki's June 18, 2015 Order with the Clerk of the Court using the ECF system which will send notification of such filing to the ECF participants.

Dated:  July 6, 2015                    By:  _____

D. Jane Cooper