UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| IN RE AUTOMOTIVE PARTS ANTITRUST LITIGATION | Master File No. 12-md-02311<br>Honorable Marianne O. Battani<br>Master Gene J. Esshaki |
| ALL PARTS EXCEPT<br>IN RE WIRE HARNESS SYSTEMS | Case No. 2:12-cv-00200-MOB-MKM –<br>Case No. 2:14-cv-03000-MOB-MKM<br>All Cases to be Filed |
| THIS DOCUMENT RELATES TO:<br>ALL CASES | |

**PLAINTIFFS' NOTICE OF MOTION AND MOTION
FOR UNIFORM DEPOSITION PROTOCOL ORDER**

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that, as soon as this motion may be heard before the Special Master, End-Payor and Direct Purchaser Plaintiffs ("Plaintiffs") will and do hereby respectfully move the Special Master to adopt a uniform deposition protocol order that would govern all parties and all cases included in the *In re Automotive Parts Antitrust Litigation*, Master File No. 2:12-md-02311 ("Uniform Deposition Protocol Order"). The proposed Uniform Deposition Protocol Order would not supersede the Wire Harness Deposition Protocol Order (Case No. 2:12-cv-00100, ECF No. 315) or the Auto Dealer and End-Payor Plaintiff Deposition Protocol Order (Master File No. 2:12-md-02311, ECF No. 1021).

The proposed Uniform Deposition Protocol Order would help facilitate the "just and efficient conduct" of this litigation pursuant 28 U.S.C. § 1407 and further "the just, speedy, and inexpensive determination of these actions in keeping with" Federal Rule of Civil Procedure 1.

1

This motion is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities in support thereof, all of the pleadings and filings in these actions, and such other argument as may be presented to the Court.

Per E.D. Mich. Local Rule 7.1(a), counsel for Plaintiffs ascertained that counsel for Defendants will oppose this motion based on their statements at the May 6, 2015 in-person conference and on the May 26, 2015 telephonic conference before the Special Master. During these conferences, there were discussions between the parties before the Special Master in which Plaintiffs explained the nature of and need for a uniform deposition protocol and did not obtain concurrence in the relief sought from Defendants.

Date: July 7, 2015

Respectfully submitted,

*/s/ E. Powell Miller*
E. Powell Miller
Devon P. Allard
**THE MILLER LAW FIRM, P.C**.
The Miller Law Firm, P.C.
950 W. University Drive, Suite 300
Rochester, MI 48307
Telephone: (248) 841-2200
Facsimile: (248) 841-2200
epm@millerlawpc.com
dpa@millerlawpc.com

*Interim Liaison Class Counsel for the Proposed End-Payor Plaintiff Classes*

Steven N. Williams
Adam J. Zapala
Elizabeth Tran
**COTCHETT, PITRE & McCARTHY, LLP**
San Francisco Airport Office Center
840 Malcolm Road, Suite 200
Burlingame, CA 94010
Telephone: (650) 697-6000
Facsimile: (650) 697-0577

swilliams@cpmlegal.com
azapala@cpmlegal.com
etran@cpmlegal.com

Hollis Salzman
Bernard Persky
William V. Reiss
**ROBINS KAPLAN LLP**
601 Lexington Avenue, Suite 3400
New York, NY 10022
Telephone: (212) 980-7400
Facsimile: (212) 980-7499
HSalzman@RobinsKaplan.com
BPersky@RobinsKaplan.com
WReiss@RobinsKaplan.com

Marc M. Seltzer
Steven G. Sklaver
**SUSMAN GODFREY L.L.P.**
1901 Avenue of the Stars, Suite 950
Los Angeles, CA 90067-6029
Telephone: (310) 789-3100
Facsimile: (310) 789-3150
mseltzer@susmangodfrey.com
ssklaver@susmangodfrey.com

Terrell W. Oxford
Omar Ochoa
**SUSMAN GODFREY L.L.P.**
901 Main Street, Suite 5100
Dallas, TX 75202
Telephone: (214) 754-1900
Facsimile: (214)754-1933
toxford@susmangodfrey.com
oochoa@susmangodfrey.com

*Interim Co-Lead Class Counsel for the Proposed End-Payor Plaintiff Classes*

David H. Fink (P28235)
Darryl Bressack (P67820)
**FINK + ASSOCIATES LAW**
100 West Long Lake Road, Suite 111
Bloomfield Hills, MI 48304
Telephone: (248) 971-2500
Facsimile: (248) 971.2600

dfink@finkandassociateslaw.com
dbressack@finkandassociateslaw.com

*Interim Liaison Counsel for the Proposed Direct Purchaser Plaintiff Classes*

Steven A. Kanner
William H. London
Michael E. Moskovitz
Michael L. Silverman
**FREED KANNER LONDON & MILLEN LLC**
2201 Waukegan Road, Suite 130
Bannockburn, IL 60015
Telephone: (224) 632-4500
Facsimile: (224) 632-4521
skanner@fklmlaw.com
blondon@fklmlaw.com
mmoskovitz@fklmlaw.com
msilverman@fklmlaw.com

Joseph C. Kohn
William E. Hoese
Douglas A. Abrahams
**KOHN, SWIFT & GRAF, P.C.**
One South Broad Street, Suite 2100
Philadelphia, PA 19107
Telephone: (215) 238-1700
Facsimile: (215) 238-1968
jkohn@kohnswift.com
whoese@kohnswift.com
dabrahams@kohnswift.com

Gregory P. Hansel
Randall B. Weill
Michael S. Smith
**PRETI, FLAHERTY, BELIVEAU & PACHIOS LLP**
One City Center, P.O. Box 9546
Portland, ME 04112-9546
Telephone: (207) 791-3000
Facsimile: (207) 791-3000
ghansel@preti.com
rweill@preti.com
msmith@preti.com

Eugene A. Spector

William G. Caldes
Jonathan M. Jagher
Jeffrey L. Spector
**SPECTOR ROSEMAN KODROFF
& WILLIS, P.C.**
1818 Market Street, Suite 2500
Philadelphia, PA 19103
Telephone: (215) 496-0300
Facsimile: (215) 496-6611
espector@srkw-law.com
bcaldes@srkw-law.com
jjagher@srkw-law.com
jspector@srkw-law.com

*Interim Co-Lead Counsel for the Proposed Direct
Purchaser Plaintiff Classes*

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | | |
|---|---|---|
| IN RE AUTOMOTIVE PARTS ANTITRUST LITIGATION | : : : : | Master File No. 12-md-02311 Honorable Marianne O. Battani Master Gene J. Esshaki |
| ALL PARTS EXCEPT IN RE WIRE HARNESS SYSTEMS | : : : : : | |
| THIS DOCUMENT RELATES TO: ALL CASES | : : : : | Case No. 2:12-cv-00200-MOB-MKM – Case No. 2:14-cv-03000-MOB-MKM All Cases to be Filed |

**MEMORANDUM OF POINTS AND AUTHORITIES**

**STATEMENT OF THE ISSUE PRESENTED**

Whether the Special Master should enter a Uniform Deposition Protocol Order[1] that would govern all parties and all cases included in the *In re Automotive Parts Antitrust Litigation*, Master File No. 2:12-md-02311, except *In re Wire Harness Systems*, Case No. 2:12-cv-00100.

---

[1] Attached as Exhibit A is a clean version of the [Proposed] Uniform Deposition Protocol Order and Exhibit B is a blacklined version of [Proposed] Uniform Deposition Protocol Order comparing it with the Wire Harness Deposition Protocol Order (Case No. 2:12-cv-00100, ECF No. 315).

## **MOST APPROPRIATE AUTHORITIES FOR THE RELIEF SOUGHT**

28 U.S.C. § 1407

Fed. R. Civ. P. 1

I.  INTRODUCTION

In this exceptionally complex antitrust litigation, a single deposition protocol order governing all parties and all cases is needed to avoid unnecessary expense and delay and would help facilitate the "just and efficient conduct" of these cases in keeping with 28 U.S.C. § 1407 and further "the just, speedy, and inexpensive determination" of these actions consistent with Federal Rule of Civil Procedure ("Rule") 1. The Uniform Deposition Protocol Order[2] would not supersede the Wire Harness Deposition Protocol Order (Case No. 2:12-cv-00100, ECF No. 315) or the Auto Dealer and End-Payor Plaintiff Deposition Protocol Order (Master File No. 2:12-md-02311, ECF No. 1021).

II.  ARGUMENT

   1.  <u>**A Uniform Deposition Protocol Order would be appropriate for all cases.**</u>

The Judicial Panel of Multidistrict Litigation transferred *In re Wire Harness*, *In re Instrument Panel Clusters*, *In re Fuel Senders*, and *In re Heater Control Panels* to the Eastern District of Michigan for consolidated and coordinated proceedings under the caption *In re Automotive Parts Antitrust Litigation*, M.D.L. No. 2311, and assigned them to the Hon. Marianne O. Battani for the "convenience of parties and witnesses and [to] promote the just and efficient conduct of such actions." 28 U.S.C. § 1407(a). Subsequently filed complaints alleging bid-rigging and price-fixing of other automotive parts were deemed to be companion cases with the original action, have been made a part of the *In re Automotive Parts Antitrust Litigation*, and are all pending before Judge Battani. The cases in this litigation have been coordinated and consolidated for

---

[2] Attached as Exhibit A is a clean version of the [Proposed] Uniform Deposition Protocol Order and Exhibit B is a blacklined version of [Proposed] Uniform Deposition Protocol Order comparing it with the Wire Harness Deposition Protocol Order (Case No. 2:12-cv-00100, ECF No. 315).

9

pretrial proceedings for good reason: A Uniform Deposition Protocol Order for the 29 cases following *In re Wire Harnesses*—as opposed to an individually negotiated and separately entered deposition protocol order for each of them—would further the "just and efficient conduct" of all other cases in this litigation under 28 U.S.C. § 1407. It would be extremely wasteful to conduct separate negotiations in each of the next 29 cases to propose different deposition protocol orders. Instead, the proposed Uniform Deposition Protocol Order should be entered in all cases and should be applied unless any party can show good cause why the terms of that order should not apply to that party.

Rule 1 governs the procedure in all civil actions in the United States District Courts and provides that the Rules "should be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. A Uniform Deposition Protocol Order would plainly be consistent with the mandate of Rule 1. All cases in *In re Automotive Parts Antitrust Litigation* share factual issues arising from allegations of conspiracies to inflate, fix, raise, maintain, or artificially stabilize the prices of certain automotive parts. These allegations stem from the same law enforcement agency investigation into bid-rigging, price-fixing, and other anti-competitive conduct in the automotive parts industry. Given that the Special Master has entered the Wire Harness Deposition Protocol Order, a Uniform Deposition Protocol Order based on that protocol would be appropriate for all cases because they allege similar conspiratorial conduct involving overlapping defendants and stemming from the same government investigation. Further, the parties and counsel already overlap to a large extent. The proposed Uniform Deposition Protocol Order would be the most appropriate approach in light of the significant overlap in factual issues, parties, and claims. Entering separate deposition

protocol orders for each case would create delay and inefficiencies, duplicative discovery, and improper unnecessary burden on the Court, the Special Master, and the parties.

Coordinated document discovery has been set in motion, and there is no better way to coordinate depositions than through a Uniform Deposition Protocol Order for all cases. The Court ordered Defendants in *In re Automotive Parts Antitrust Litigation* (except *In re Air Conditioning Systems* and *In re Constant Joint Velocity Boots*) earlier this year to produce documents to Plaintiffs that they had previously produced to the United States Department of Justice. End-Payor Plaintiffs have produced all of their documents and written discovery responses to all parties in all cases. Direct Purchaser, Auto Dealer, and End-Payor Plaintiffs have been collaborating on global stipulations governing electronically stored information, experts, and preservation. Furthermore, Direct Purchaser, Auto Dealer, and End-Payor Plaintiffs may now be deposed in all cases, and basic fairness mandates that an order be entered permitting Plaintiffs to take depositions of defendants in all cases in which depositions may proceed.

Negotiating the Wire Harness Deposition Protocol and the Auto Dealer and End-Payor Plaintiff Deposition Protocol Orders required considerable time and resources on all sides—reinforcing the conclusion that a Uniform Deposition Protocol Order is critical. The failure to coordinate depositions in other cases will cause the parties to incur needless burden, duplication of effort, and delay. Manual on Complex Litigation (Fourth), § 11.455 ("[i]n related cases pending before the same judge, it is best to coordinate discovery plans to avoid conflicts and duplication").

A Uniform Deposition Protocol Order is consistent with both the Court's admonitions that the parties agree upon template orders wherever appropriate and the very purpose of relating actions—to ensure that they are coordinated, consolidated, and efficiently managed to "avoid duplication of discovery, to prevent inconsistent pretrial rulings, and to conserve the resources of

11

the parties, their counsel and the judiciary." *Overview of Panel*, The Official Website for the United States Judicial Panel on Multidistrict Litigation, http://www.jpml.uscourts.gov/panel-info/overview-panel. *See also In re Automotive Wire Harness Sys. Antitrust Litig.*, 844 F. Supp. 2d 1367, 1367 (J.P.M.L. 2012).

### 2. The Uniform Deposition Protocol Order would be substantially similar to the Wire Harness Deposition Protocol Order.

Plaintiffs and the Wire Harness Defendants met and conferred about the Wire Harness Deposition Protocol Order for over a year. The parties carefully drafted a deposition protocol order to which six plaintiff groups and more than 10 defendant families stipulated. The parties exhaustively discussed the gamut of issues, from number and length of depositions, to noticing and scheduling depositions, to objections, exhibits, and interpreters. The Wire Harness Deposition Protocol Order is 20 pages in length and the result of extensive negotiations and seriatim compromises. There is no justification for Defendants in other cases to reinvent the deposition protocol wheel 29 more times.

The Judicial Panel on Multidistrict Litigation coordinated and consolidated *Wire Harnesses* and other cases in *In re Automotive Parts Antitrust Litigation* for pretrial proceedings because they all involve automotive parts suppliers colluding over automotive parts sold to vehicle manufacturers and suppliers in the United States. As such, the Uniform Deposition Protocol Order *should* be based on the Wire Harness Deposition Protocol Order to ensure "the just, speedy, and inexpensive determination" and "the just and efficient conduct" of all cases in this litigation pursuant to Rule 1 and 28 U.S.C. § 1407(a). The Special Master should enter a Uniform Deposition Protocol Order because such a protocol would contain many of the same provisions as the Wire Harness Deposition Protocol Order.

### 3. Any Defendant subject to the Uniform Deposition Protocol Order would have the opportunity to object to specific provisions therein.

Any concerns that a Uniform Deposition Protocol Order would somehow unfairly deny the Defendants in 29 cases of the opportunity to separately negotiate a deposition protocol order from scratch would be unwarranted. Defendants in these cases will have the opportunity to object to specific provisions in the Uniform Deposition Protocol Order for good cause pursuant to the Court's August 28, 2014 Order appointing the Special Master (Master File No. 2:12-md-2311, ECF No. 792), without having to duplicate a deposition protocol that has been already approved by the Special Master. Further, as to the number of depositions, the Uniform Deposition Protocol Order would contain the same reservation of rights provision as the Wire Harness Deposition Protocol, thereby allowing each party "to object to any particular deposition or to object on the ground that the number of depositions for that particular party should be fewer than the number specified above." *See* Wire Harness Deposition Protocol, Section III.A.7.

Plaintiffs' motion is not designed to limit the ability of Defendants in other cases to file objections or make proposals to the Special Master.

### 4. A Uniform Deposition Protocol Order for all cases would be more efficient than a separate deposition protocol order for each case.

A Wire Harness Deposition Protocol Order and a Uniform Deposition Protocol Order for the other 29 cases would be more efficient and practical than 30 separate deposition protocol orders. Many Defendants are named co-conspirators in multiple cases. The proposed Order will make possible case management efficiency. For example, Denso colluded on pricing in multiple parts involved in multiple cases. The parties should be able to conduct depositions of Denso employees in a deposition usable in all of those cases. The parties will not be able to do so if the

13

Special Master entered a deposition protocol order in some cases but not others. Plaintiffs would only be able to examine the witness about his or her participation in collusion in cases in which the Master had entered a deposition protocol order. This example is true of each Defendant involved in multiple cases. For instance, Denso is named in 20 cases; Mitsuba, 10 cases; Mitsubishi Electric, eight cases; and so on. Plaintiffs have added the following language in italics to the Uniform Deposition Protocol Order to render more efficient depositions of defendants in multiple cases:

> Plaintiffs collectively may take up to fifteen (15) depositions of each Defendant Group in each Auto Parts Case. *If a Defendant Group is (a) named in more than one Auto Parts Case and (b) represents in writing that two or more Auto Parts Cases in which the Defendant Group is named arises out of the same conspiracy, Plaintiffs collectively may take up to ten (10) depositions of that Defendant Group in each of the Auto Parts Cases that arises out of the same conspiracy instead of fifteen (15) depositions in each of the Auto Parts Cases. For example, Plaintiffs collectively may take twenty (20) depositions of a certain Defendant Group named in both the Switches and Steering Angle Sensors Cases if that Defendant Group represents in writing that these two cases arise out of the same conspiracy.* Plaintiffs will pay for the witnesses' reasonable travel expenses as provided in Paragraph IV.C.

*See* Ex. A and B, Section III.A.I.

A Uniform Deposition Protocol Order in all other cases would avoid extraordinary and unnecessary costs. Defendants may insist that Plaintiffs depose their present employees where they reside, and many of these employees reside in Japan. Conducting depositions in Japan is difficult and expensive because depositions may only take place at the Embassy of the United States in Tokyo or the United States Consulate General in Osaka-Kobe and are governed by esoteric procedures under Japanese law. It would be needlessly wasteful and expensive to compel Plaintiffs to undergo this process time and again, returning to Japan to depose a Tokai Rika witness, for example, in *Occupant Safety Systems* who was previously deposed in *Wire Harnesses* and *Heater*

*Control Panels* and may subsequently be deposed in *Switches*. Thirty separate deposition protocols would be unnecessary and unwieldy given the overlap in issues and parties.

### III. CONCLUSION

The cases in *In re Automotive Parts Antitrust Litigation* have been coordinated and consolidated for pretrial proceedings because they all involve automotive parts suppliers' collusion regarding the price of automotive parts sold to vehicle manufacturers in the United States. A Uniform Deposition Protocol Order in all cases would be most consistent with Rule 1 and 28 U.S.C. § 1407. Plaintiffs respectfully request the Special Master to enter the Uniform Deposition Protocol Order that would govern all cases and cases to be filed in the *In re Automotive Parts Antitrust Litigation*.

Date: July 7, 2015

Respectfully submitted,

*/s/ E. Powell Miller*
E. Powell Miller
Devon P. Allard
**THE MILLER LAW FIRM, P.C**.
The Miller Law Firm, P.C.
950 W. University Drive, Suite 300
Rochester, MI 48307
Telephone: (248) 841-2200
Facsimile: (248) 841-2200
epm@millerlawpc.com
dpa@millerlawpc.com

*Interim Liaison Class Counsel for the Proposed End-Payor Plaintiff Classes*

Steven N. Williams
Adam J. Zapala
Elizabeth Tran
**COTCHETT, PITRE & McCARTHY, LLP**
San Francisco Airport Office Center
840 Malcolm Road, Suite 200
Burlingame, CA 94010

Telephone: (650) 697-6000
Facsimile: (650) 697-0577
swilliams@cpmlegal.com
azapala@cpmlegal.com
etran@cpmlegal.com

Hollis Salzman
Bernard Persky
William V. Reiss
**ROBINS KAPLAN LLP**
601 Lexington Avenue, Suite 3400
New York, NY 10022
Telephone: (212) 980-7400
Facsimile: (212) 980-7499
HSalzman@RobinsKaplan.com
BPersky@RobinsKaplan.com
WReiss@RobinsKaplan.com

Marc M. Seltzer
Steven G. Sklaver
**SUSMAN GODFREY L.L.P.**
1901 Avenue of the Stars, Suite 950
Los Angeles, CA 90067-6029
Telephone: (310) 789-3100
Facsimile: (310) 789-3150
mseltzer@susmangodfrey.com
ssklaver@susmangodfrey.com

Terrell W. Oxford
Omar Ochoa
**SUSMAN GODFREY L.L.P.**
901 Main Street, Suite 5100
Dallas, TX 75202
Telephone: (214) 754-1900
Facsimile: (214)754-1933
toxford@susmangodfrey.com
oochoa@susmangodfrey.com

*Interim Co-Lead Class Counsel for the Proposed End-Payor Plaintiff Classes*

David H. Fink (P28235)
Darryl Bressack (P67820)
**FINK + ASSOCIATES LAW**
100 West Long Lake Road, Suite 111
Bloomfield Hills, MI 48304

Telephone: (248) 971-2500
Facsimile: (248) 971.2600
dfink@finkandassociateslaw.com
dbressack@finkandassociateslaw.com

*Interim Liaison Counsel for the Proposed Direct Purchaser Plaintiff Classes*

Steven A. Kanner
William H. London
Michael E. Moskovitz
Michael L. Silverman
**FREED KANNER LONDON & MILLEN LLC**
2201 Waukegan Road, Suite 130
Bannockburn, IL 60015
Telephone: (224) 632-4500
Facsimile: (224) 632-4521
skanner@fklmlaw.com
blondon@fklmlaw.com
mmoskovitz@fklmlaw.com
msilverman@fklmlaw.com

Joseph C. Kohn
William E. Hoese
Douglas A. Abrahams
**KOHN, SWIFT & GRAF, P.C.**
One South Broad Street, Suite 2100
Philadelphia, PA 19107
Telephone: (215) 238-1700
Facsimile: (215) 238-1968
jkohn@kohnswift.com
whoese@kohnswift.com
dabrahams@kohnswift.com

Gregory P. Hansel
Randall B. Weill
Michael S. Smith
**PRETI, FLAHERTY, BELIVEAU & PACHIOS LLP**
One City Center, P.O. Box 9546
Portland, ME 04112-9546
Telephone: (207) 791-3000
Facsimile: (207) 791-3000
ghansel@preti.com
rweill@preti.com
msmith@preti.com

17

        Eugene A. Spector
        William G. Caldes
        Jonathan M. Jagher
        Jeffrey L. Spector
        **SPECTOR ROSEMAN KODROFF**
        **& WILLIS, P.C.**
        1818 Market Street, Suite 2500
        Philadelphia, PA 19103
        Telephone: (215) 496-0300
        Facsimile: (215) 496-6611
        espector@srkw-law.com
        bcaldes@srkw-law.com
        jjagher@srkw-law.com
        jspector@srkw-law.com

        *Interim Co-Lead Counsel for the Proposed Direct Purchaser Plaintiff Classes*

**CERTIFICATE OF SERVICE**

I hereby certify that on July 7, 2015, I caused the foregoing PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR UNIFORM DEPOSITION PROTOCOL ORDER to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

>/s/ E. Powell Miller
>E. Powell Miller