**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| | : | |
| IN RE:  AUTOMOTIVE PARTS ANTITRUST | : | Master File No. 12-md-02311 |
| LITIGATION | : | Honorable Marianne O. Battani |
| | : | |
| | : | |
| ALL PARTS EXCEPT | : | No. 2:12-cv-0200-MOB-MKM |
| IN RE WIRE HARNESS SYSTEMS | : | No. 2:12-cv-0300-MOB-MKM |
| | : | |
| | : | |
| THIS RELATES TO: | : | |
| | : | |
| IN RE INSTRUMENT PANEL CLUSTERS | : | |
| IN RE FUEL SENDERS | : | |
| | : | |

### INSTRUMENT PANEL CLUSTERS AND FUEL SENDERS DEFENDANTS' OPPOSITION TO DIRECT PURCHASER PLAINTIFFS' AND END-PAYOR PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR UNIFORM DEPOSITION PROTOCOL ORDER [ECF NO. 1027]

## STATEMENT OF THE ISSUES PRESENTED

1. Whether the Special Master should strike or deny the Uniform Order Motion (defined *infra*) because Direct Purchaser Plaintiffs ("DPPs") and End-Payor Plainitffs ("EPPs") (collectively "Moving Plaintiffs") failed to comply with Local Rule 7.1(a) and Judge Battani's Practice Guidelines by failing to contact any of the defendants in the 29 cases in *In re: Automotive Parts Antitrust Litigation*, Master File No. 12-md-02311 ("Auto Parts Cases") to which the proposed order would apply, resulting in a motion that is not sufficiently tailored to address areas of true dispute and wasteful of judicial resources.

2. Whether the Special Master should strike or deny the Uniform Order Motion because it violates binding orders in the Instrument Panel Clusters ("IPC") and Fuel Senders cases that specifically address issues of deposition number and location.

3. Whether the Special Master should deny the Uniform Order Motion because it:

   a. Fails to account for the specific needs of each Auto Parts Case as required by proportionality requirements of the Federal Rules of Civil Procedure; and

   b. Is based on unsupported and/or false generalizations, including that there is "substantial overlap" among all of the Auto Parts Cases and that the proposed uniform protocol will be efficient and just to defendants.

## <u>STATEMENT OF CONTROLLING OR MOST APPROPRIATE AUTHORITIES</u>

- Fed. R. Civ. P. 1
- Fed. R. Civ. P. 26
- Initial Discovery Plan at ¶ 7,  *In re: Instrument Panel Clusters*, 12-cv-00200, ECF No. 31 (Sept. 24, 2012)
- Initial Discovery Plan at ¶ 7, *In re: Fuel Senders*, 12-cv-00300, ECF No. 30 (Sept. 24, 2012)
- Proposed Fed. R. Civ. P. 26
- Special Master's Order Denying Plaintiffs' Motion for Submission of Global Orders at 3-4, *In re: Occupant Safety Systems*, No. 2:12-cv-00600, ECF No. 112 (July 16, 2015)

## TABLE OF CONTENTS

**Page**

STATEMENT OF THE ISSUES PRESENTED ........................................................... i

STATEMENT OF CONTROLLING OR MOST APPROPRIATE AUTHORITIES ................. ii

TABLE OF AUTHORITIES ................................................................................. iv

INTRODUCTION ............................................................................................. 1

ARGUMENT .................................................................................................. 4

I.      The Uniform Order Motion Should Be Stricken Or Denied Because Moving Plaintiffs Failed To Meet And Confer Prior To Filing, Resulting In An Overbroad Motion ........................................................................................................ 4

II.     The Uniform Order Motion Is Contrary To Binding Orders Already In Place In The IPC And Fuel Senders Cases ................................................................. 7

        A.      The Uniform Protocol Sought by Moving Plaintiffs is Contrary to Location Provisions in Binding Orders in the IPC and Fuel Senders Cases ......... 7

        B.      Moving Plaintiffs Failed to Abide by Meet and Confer Provisions Required by Binding Orders ....................................................................... 8

III.    The Uniform Order Motion Fails For Additional Reasons ............................. 9

        A.      The Uniform Order Motion Asks the Special Master to Violate the Federal Rule of Civil Procedure's Requirement that Discovery be Proportional to the Needs of the Case ............................................................ 9

        B.      The Uniform Order Motion is Based on Unsupported and Incorrect Generalizations ................................................................................... 11

                1.      IPC & FS Defendants do not intend to "reinvent" the deposition protocol wheel ................................................................................... 11

                2.      There is not significant factual overlap among the Auto Parts Cases ...... 12

                3.      A uniform deposition protocol would be inefficient because it would result in excessive motions practice ............................................. 13

                4.      Moving Plaintiffs' Motion is inconsistent with 28 U.S.C. § 1407 and Federal Rule of Civil Procedure 1 .................................................... 15

                5.      Depositions can and will proceed efficiently and without "duplication" without a uniform deposition protocol ............................. 17

CONCLUSION .............................................................................................. 17

CERTIFICATE OF SERVICE ............................................................................ 21

# TABLE OF AUTHORITIES

**Page**

CASES

*Adair v. EQT Prod. Co.*,
No. 1:10CV00037, 2015 WL 505650 (W.D. Va. Feb. 6, 2015).................................9

*CFE Racing Products, Inc. v. BMF Wheels, Inc.*,
No. 11-cv-14744, 2013 WL 1845749 (E.D. Mich. Apr. 30, 2013) ....................4, 5

*Crofoot v. MidMichigan Med. Ctr.-Midland*,
No. 05-cv-10032, 2006 WL 6887750 (E.D. Mich. Jan. 5, 2006) .........................5, 6

*Dragoiu v. HUD*,
No. 10-cv-11896, 2011 WL 2174532 (E.D. Mich. June 3, 2011) ........................5, 6

*Gruenbaum v. Werner Enterprises, Inc.*,
270 F.R.D. 298 (S.D. Ohio 2010) ...........................................................................16

*Lewis v. Mt. Morris Twp.*,
No. 06-CV-15428, 2007 WL 2902890 (E.D. Mich. Sept. 28, 2007).....................16

*Young v. Johnson*,
No. 1:14-CV-01237, 2015 WL 1757929 (N.D. Ohio Apr. 17, 2015) ....................16

ORDERS

Initial Discovery Plan at ¶ 7, *In re: Instrument Panel Clusters*, 12-cv-00200, ECF
No. 31 (Sept. 24, 2012) ..................................................................................3, 7, 8

Initial Discovery Plan at ¶ 7, *In re: Fuel Senders*, 12-cv-00300, ECF No. 30 (Sept.
24, 2012) ..........................................................................................................3, 7, 8

Special Master's Order Denying Plaintiffs' Motion for Submission of Global
Orders at 3-4, *In re: Occupant Safety Systems*, No. 2:12-cv-00600, ECF No.
112 (July 16, 2015) ................................................................................... passim

RULES

Fed. R. Civ. P. 1 .......................................................................................................15

Fed. R. Civ. P. 16 .......................................................................................................8

Fed. R. Civ. P. 26 ..................................................................................................9, 10

**Page**

Fed. R. Civ. P. 30................................................................................................... passim

Proposed Fed. R. Civ. P. 26...............................................................................9, 10

LR 7.1 .........................................................................................................4, 5, 6, 7

LR 11.1 .....................................................................................................................6

**STATUTES**

28 U.S.C. § 1407.......................................................................................................15

Two groups of defendants – Instrument Panel Clusters ("IPC") Defendants (Continental Automotive Electronics LLC, Continental Automotive Korea Ltd., and Continental Automotive Systems, Inc. (collectively "Continental"), DENSO Corporation and DENSO International America, Inc. (collectively "DENSO"), and Yazaki Corporation and Yazaki North America, Inc. (collectively "Yazaki"[1])) and Fuel Senders Defendants (DENSO and Yazaki (collectively "FS Defendants" and, with IPC Defendants, "IPC & FS Defendants")) – respectfully submit this opposition to Moving Plaintiffs' Notice of Motion and Motion for Uniform Deposition Protocol Order (ECF No. 1027) ("Uniform Order Motion" or "Motion"), and ask the Special Master to deny the Motion for the reasons discussed herein.

## INTRODUCTION

Without even attempting a meet and confer with *any* defendants in *any* of the 29 later-filed Auto Parts Cases in order to arrive at a mutually acceptable template for a deposition protocol – or at least to make some effort to narrow the issues that might be in dispute with respect to such a protocol – Moving Plaintiffs have come to the Court seeking entry of a "uniform" protocol that includes provisions that cannot be justified, and would result in

---

[1] Although Yazaki is named in both the IPC and Fuel Senders cases, a settlement between Yazaki and EPPs in both actions has been preliminarily approved.  Order Granting End-Payor Plaintiffs' Motion for Preliminary Approval of Proposed Settlement with Yazaki Defendants and Provisional Certification of a Settlement Class, No. 12-cv-00203, ECF No. 103 (Oct. 10, 2014); Order Granting End-Payor Plaintiffs' Motion for Preliminary Approval of Proposed Settlement with Yazaki Defendants and Provisional Certification of a Settlement Class, No. 12-cv-00303, ECF No. 95 (Oct. 10, 2014).  Under the terms of the settlements, EPPs are not permitted to engage in any discovery of Yazaki except as provided for in the settlement agreements, nor are the parties permitted to engage in motions practice against each other. *E.g.*, Settlement Agreement at 29-30, No. 12-cv-00203, ECF No. 96-2 (Sept. 22, 2014).  Yazaki assumes that, insofar as Plaintiffs' Motion for Uniform Deposition Protocol Order ("Uniform Order Motion") was aimed at Yazaki, it is only being pursued by DPPs.  Although Yazaki's participation in this opposition is limited to litigating against DPPs, because DPPs have signed on to the Uniform Order Motion in its entirety, Yazaki seeks to have the motion denied in its entirety.

unnecessary burden to the parties and witnesses, in the 29 cases in which the proposed "uniform" order would apply.  Defendants in the IPC and Fuel Senders cases stand ready to negotiate an appropriate template for a deposition protocol that is usable across all cases, but which allows the facts and circumstances of the individual cases to be considered on key issues like the number and duration of depositions and the locations for taking depositions.  IPC & FS Defendants also stand ready to negotiate any modifications needed for the IPC and Fuel Senders cases.

As made clear by the Special Master's recent ruling regarding certain Global Orders, the way forward in the Auto Parts Cases in order to maximize efficiency while recognizing and accounting for the differences between these "separate and distinct cases" is for the parties to negotiate and agree on orders in each case that leverage the work already done in earlier Auto Parts Cases but account for "the distinct issues and characteristics of that class of case that sets it apart from all other classes of cases."  Special Master's Order Denying Plaintiffs' Motion for Submission of Global Orders at 3-4, *In re: Occupant Safety Systems*, No. 2:12-cv-00600, ECF No. 112 (July 16, 2015) ("Order Denying Global Orders").  With respect to deposition protocols specifically, the Special Master has stated numerous times that he would like the parties to use the protocol negotiated in the *In re: Wire Harness Systems* cases (No. 2:12-cv-00100 *et seq.*) ("Wire Harness Cases") to serve as a guide in creating a template that can be tweaked and entered for each of the other Auto Parts Cases.[2]  This objective can be achieved if the Uniform

---

[2] May 6, 2015 Hr'g Regarding Dep. Protocol Tr. ("May 6 Hr'g Tr.," excerpts attached as Ex. A) 34:23-25 ("I assume you will take [the Wire Harness Deposition Protocol] and duplicate it in all other cases with some tweaks"); *Id.* 35:22-36:6 ("Ms. Sullivan:  Second, we have a protocol that applies to all other depositions that we enter in the wire harness case and then it gets entered with some minor tweaks potentially in all the other cases as well.  Master Esshaki: All other cases.  Ms. Sullivan:  So you will have a wire harness all other deposition protocol and then an HCP one and et cetera.  Master Esshaki:  With a backdoor.  Ms. Sullivan:  Correct. Thank you.  Master Esshaki:  Yes.").

Order Motion is summarily denied with instructions to meet and confer on an appropriate protocol in compliance with the Local Rules and the requirements of Judge Battani's Practice Guidelines.

The Uniform Order Motion is procedurally defective in the IPC and Fuel Senders cases for the additional reason that it ignores the mandates of the orders governing discovery already agreed upon and entered in the IPC and Fuel Senders cases. Specifically, the Initial Discovery Plan orders entered in those cases expressly provide that "[i]f the parties cannot agree on a different location, all depositions *shall* take place *in the deponent's country of residence . . . .*" Initial Discovery Plan at ¶ 7, 12-cv-00200, ECF No. 31 (Sept. 24, 2012); Initial Discovery Plan at ¶ 7, 12-cv-00300, ECF No. 30 (Sept. 24, 2012) (emphases added). The proposed "uniform" protocol ignores that mandate and instead substitutes – without explanation – language on the location of depositions that directly contradicts the existing orders. Similarly, Moving Plaintiffs have chosen to ignore the express mandate of these Initial Discovery Plan orders that require the parties to meet and confer on the number of depositions to be taken in the cases. *Id.*

The Uniform Order Motion should also be denied because it is based largely on unsupported and inaccurate generalizations about the Auto Parts Cases. Moreover, it attempts to bind parties in other cases that were not the focus of the negotiations (and resulting compromises) that resulted in the deposition protocol entered in the Wire Harness Cases ("Wire Harness Protocol") – including case-specific provisions such as the number and location of depositions – unless a party can establish, seriatim, good cause that specific provisions should not apply to it. This approach is both unnecessary and procedurally improper. It would also result in huge burdens on the Special Master and the Court by making it necessary to address

numerous motions that can be avoided by requiring the parties to meet and confer on the limited

set of issues that would need to be resolved based on the unique facts of each case.

Accordingly, for the foregoing reasons, which are discussed more fully below, the

Uniform Order Motion should be denied.

## ARGUMENT

**I.    The Uniform Order Motion Should Be Stricken Or Denied Because Moving Plaintiffs Failed To Meet And Confer Prior To Filing, Resulting In An Overbroad Motion.**

"In this district, movants must seek concurrence in the relief requested before filing a

motion." *CFE Racing Products, Inc. v. BMF Wheels, Inc.*, No. 11-cv-14744, 2013 WL 1845749,

at *1 (E.D. Mich. Apr. 30, 2013).  This requirement is embodied in LR 7.1(a), which also

requires that, if concurrence is not obtained, the movant state in its motion that either:

> (A) there was a conference between attorneys or unrepresented parties and other persons entitled to be heard on the motion in which the movant explained the nature of the motion or request and its legal basis and requested but did not obtain concurrence in the relief sought; or
>
> (B) despite reasonable efforts specified in the motion or request, the movant was unable to conduct a conference.

LR 7.1(a)(2).

Moving Plaintiffs acknowledge that *they chose* not to meet and confer with *any* of the

defendants in the 29 Auto Parts Cases that would be subject to the proposed uniform protocol.

They represent that "counsel for Plaintiffs *ascertained* that counsel for Defendants will oppose

this motion based on their statements at the May 6, 2015 in-person conference and on the

May 26, 2015 telephonic conference before the Special Master."  Motion, No. 12-md-02311,

ECF No. 1027, at 2 (emphasis added).  Moving Plaintiffs thus unilaterally decided that they did

not want to engage *any* defendant in *any* case about any aspect of the relief they intended to seek

from the Court.  Because Moving Plaintiffs have not met and conferred with any of the many

parties impacted by the Motion, including IPC & FS Defendants, but instead filed an overbroad Motion that could have been avoided or narrowed by negotiations between the parties, their Motion should be stricken or simply denied in its entirety.

The purpose of LR 7.1(a) "is to stimulate discussion about the dispute that is the subject of the motion in order to attempt a resolution that would not require court intervention." *CFE Racing Products*, 2013 WL 1845749, at *1-2 (denying nine motions in limine despite formulaic recitations that "concurrence was sought" from opposing counsel, finding "[t]he parties' various responses and replies to the motions indicate not only that they made no actual efforts to meet and confer, but also that if they had made such efforts, they could have avoided the need to file some or all of the motions"). This rule is not a mere formality, but a requirement "designed to streamline litigation, reduce unnecessary costs, and narrow issues." *Dragoiu v. HUD*, No. 10-cv-11896, 2011 WL 2174532, at *1 (E.D. Mich. June 3, 2011) (Majzoub, M.J.). Indeed, "[i]t is not up to the Court to expend its energies when the parties have not sufficiently expended their own." *Crofoot v. MidMichigan Med. Ctr.-Midland*, No. 05-cv-10032, 2006 WL 6887750, at *1 (E.D. Mich. Jan. 5, 2006) (quotation omitted).

Consistent with the purpose of LR 7.1(a), Judge Battani's Practice Guidelines similarly mandate that counsel comply with LR 7.1(a) prior to filing any motion. *See* Practice Guidelines for Judge Marianne O. Battani, Motion Practice ¶ 1, *available at* https://www.mied.uscourts.gov/index.cfm?pageFunction=chambers&judgeid=1 (last visited July 15, 2015). Because of the important interests at stake, it is within the Court's discretion to strike or deny a motion (or grant any other appropriate remedy) when the movant failed to satisfy LR 7.1(a)'s meet and confer requirements. *See* Comment to LR 7.1 ("Attempts to circumvent [LR 7.1(a)] in any way may be considered an abusive practice which may result in the motion or response being stricken as well

as sanctions being imposed under LR 11.1"); *Crofoot,* 2006 WL 6887750, at *1; *Dragoiu*, 2011 WL 2174532, at *1.

Moreover, by bypassing LR 7.1(a)'s requirement here, Moving Plaintiffs created the exact set of problems the rule was intended to guard against.  Specifically, Moving Plaintiffs' Motion is not narrowed to the actual disputes between the parties.  IPC & FS Defendants do not oppose leveraging the work that was done on the Wire Harness Protocol, and do not oppose adopting a template for deposition protocols in the IPC and Fuel Senders cases that would incorporate many – if not most – of the provisions in the Wire Harness Protocol.  But Moving Plaintiffs were unaware of that position because they never gave IPC & FS Defendants an opportunity to discuss any of the Wire Harness Protocol provisions as they relate to the IPC and Fuel Senders cases.  Instead, Moving Plaintiffs unilaterally decided that their proposed uniform protocol is an all or nothing proposition.  IPC & FS Defendants are now forced to oppose the Motion in toto without being able to easily discern (1) where true disputes exist and (2) how they should be resolved.  This process is exactly the type of cumbersome and inefficient procedure that LR 7.1(a) was intended to avoid.

Moving Plaintiffs try to mask their failure by asserting that they somehow could "ascertain[] that counsel for Defendants will oppose this motion based on their statements at the May 6, 2015 in-person conference and on the May 26, 2015 telephonic conference before the Special Master."  Motion at 2.  But this satisfies neither the letter nor the spirit of Rule 7.1(a).  The rule plainly requires Moving Plaintiffs to conduct, or reasonably attempt to conduct, a conference with the parties to explain the nature of the motion or request and its legal basis and attempt to obtain consent.  LR 7.1(a).  By Moving Plaintiffs' own admission, this did not happen.  Because there has been no discussion among the parties about the terms of a template agreement,

we have no idea what issues are agreeable to the parties and where there are disagreements. Similarly, were the Wire Harness Protocol to be used as a template, we have no idea what modifications might be needed for each case, since Moving Plaintiffs have failed to have any discussions with any of the defendants in any of the cases. We believe common ground could have been reached on many of these issues if Moving Plaintiffs had only complied with their meet and confer obligations. *See, e.g.*, May 6 Hr'g Tr. 36:9-15; May 26 Tel. Conf. Before Sp. Master Esshaki Tr. 19:12-21:15 (excerpt attached as Ex. B).[3]

For these reasons, IPC & FS Defendants respectfully request that the Uniform Order Motion be stricken or denied so that the parties may meet and confer in an attempt to resolve or narrow the issues in dispute.

## II. The Uniform Order Motion Is Contrary To Binding Orders Already In Place In The IPC And Fuel Senders Cases.

### A. The Uniform Protocol Sought by Moving Plaintiffs is Contrary to Location Provisions in Binding Orders in the IPC and Fuel Senders Cases.

The Initial Discovery Plan orders in both the IPC and Fuel Senders cases, which have already been entered as orders of the Court, dictate where depositions in these cases will occur: "[i]f the parties cannot agree on a different location, *all depositions shall take place in the deponent's country of residence*." Initial Discovery Plan at ¶ 7. This is consistent with widely accepted deposition practice and the rule whereby a deposing party travels to the deponent to take the deposition. Without any legal basis – and without even mentioning these orders – Moving Plaintiffs attempt to alter these deposition location provisions by asking the Special

---

[3] Moving Plaintiffs also make no representations at all about the views of other plaintiffs, including ADPs, even though LR 7.1(a) requires that a movant attempt to obtain concurrence from all parties "entitled to be heard," i.e., all parties with standing to object. Moving Plaintiffs provide no explanation for this additional failure.

Master to enter a uniform protocol that directly contradicts what has already been agreed upon and ordered in these cases.  Specifically, the proposed uniform protocol would require all defendants in 29 Auto Parts Cases (including IPC & FS Defendants) to produce a majority of their witnesses for depositions in specific locations regardless of where a deponent currently resides.  *See* Proposed Uniform Deposition Protocol ¶ IV.B, Exhibit A to Motion, ECF No. 1027-1 ("Proposed Uniform Protocol").  But this provision cannot apply in the IPC and Fuel Senders cases unless Moving Plaintiffs either (1) obtain IPC & FS Defendants' consent, as provided for in the Initial Discovery Plans, or (2) establish good cause to alter these orders.  *See* Fed. R. Civ. P. 16(b)(4) (requiring the judge's consent and a showing of good cause to modify a scheduling order).  Moving Plaintiffs have done neither.  *See generally* Motion.  As such, the Uniform Order Motion must be denied.

**B.      Moving Plaintiffs Failed to Abide by Meet and Confer Provisions Required by Binding Orders.**

Moving Plaintiffs' actions are also in direct violation of binding orders in the IPC and Fuel Senders cases that require Moving Plaintiffs to meet and confer with defendants regarding the number of defendant depositions.  In each case, the Initial Discovery Plan mandates that the parties "meet and confer regarding increasing the number of depositions that may be taken" beyond those afforded by Federal Rule of Civil Procedure 30(a)(2)(A)(i).  Initial Discovery Plan at ¶ 7.  The fact that Moving Plaintiffs have violated these orders (to which they agreed, *see id*.) by failing to meet and confer further supports denying the Uniform Order Motion.

III.    **The Uniform Order Motion Fails For Additional Reasons.**

A.    **The Uniform Order Motion Asks the Special Master to Violate the Federal Rule of Civil Procedure's Requirement that Discovery be Proportional to the Needs of the Case.**

Proportionality is the guiding principle for determining the appropriate scope of discovery. *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(C) (noting that a Court must "limit the frequency or extent of discovery otherwise allowed" based on certain proportionality concerns); Proposed Fed. R. Civ. P. 26(b)(1) ("Proposed Rule 26(b)(1)") ("Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and *proportional to the needs of the case*") (emphasis added), attached hereto as Ex. C. Although Proposed Rule 26(b)(1) "is not yet in force, the proposed language provides guidance as to the scope of discovery and emphasizes that discovery must be 'proportional to the needs of the case.'" *Adair v. EQT Prod. Co.*, No. 1:10CV00037, 2015 WL 505650, at *5 n.3 (W.D. Va. Feb. 6, 2015). Proportionality in the scope of discovery can be achieved only with case-specific inquiry into a host of factors, including "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Proposed Rule 26(b)(1). This test makes clear that discovery appropriate in one case is not necessarily appropriate in another case, especially where the cases vary in important ways. In other words, what is proportional and appropriate for a bigger case is not necessarily proportional and appropriate for a smaller case.

Moving Plaintiffs ask the Special Master to completely disregard this proportionality requirement by requesting that certain case-specific provisions of the Wire Harness Protocol – specifically the number and location of depositions – be ordered applicable to all defendants in all other Auto Parts Cases. But the differences in scope and circumstances of these cases

-9-

necessitate a different approach to these case-specific provisions for each case to achieve the requisite proportionality.

The number of defendant depositions illustrates this point.  Generally, the Federal Rules of Civil Procedure provide that a party must obtain leave of court to take more than ten seven-hour depositions without stipulation of the parties, and the court "must grant leave to the extent consistent with Rule 26(b)(2)," including that rule's proportionality requirements.  *See* Fed. R. Civ. P. 30(a)(2)(A)(i); Fed. R. Civ. P. 26(b)(2)(C).  Here, Moving Plaintiffs negotiated with defendants in a case involving (1) the largest volume of purportedly affected commerce (more than $3 *billion* attributed to defendants that pled guilty) and (2) the most defendant companies that pled guilty (five) and individuals charged criminally (twelve), and are attempting to apply those agreements to all Auto Part Cases, even though other Auto Parts Cases are much smaller than the Wire Harness Cases in each of these categories.  For example, Fuel Senders involves (1) less than $2 *million* in affected sales attributable to defendants' guilty pleas and (2) one corporate guilty plea and no individual indictments or guilty pleas.  *See* Ex. D.  Given the relatively small amount of sales and potential conduct at issue in Fuel Senders as compared to the Wire Harness Cases, it is impossible to justify the same number of depositions per defendant in each case.  The same is true of other Auto Part Cases, including IPC.

The impossibility of justifying the same number of depositions in other Auto Parts Cases as available in the Wire Harness Cases is especially true here because the number of depositions was negotiated and agreed to by parties to the Wire Harness Cases, with consideration of issues "unique" to that litigation.  *See, e.g.*, May 6 Hr'g Tr. at 11:18-24 (Wire Harness defendants representation noting that with "much compromise, [and] discussion . . . unique to" the Wire Harness Cases, the parties agreed to fifteen Rule 30(b)(1) depositions for each defendant, except

the Leoni defendants, which would only be subject to seven Rule 30(b)(1) depositions). The number of depositions was *not* the subject of motions practice or deemed by a court to be reasonable even for the Wire Harness Cases, let alone deemed appropriate and proportional in other, smaller, matters. *See* Stipulation and [Proposed] Order Regarding Deposition Protocol ¶¶ III.A.1, IV.B, V.A, Exhibit A to Joint Statement of Plaintiffs and Defendants Regarding Proposed Deposition Protocol, 12-cv-00100, ECF No. 259-1 (no dispute regarding the number or length of defendant depositions). Yet, without any support other than the false and general statements discredited *infra* (*see* Section III.B), Moving Plaintiffs ask the Special Master to order fifteen Rule 30(b)(1) depositions and twenty-one hours of Rule 30(b)(6) testimony *of each defendant for each parts case*. This flies in the face of the mandate that discovery be proportional to the needs of each case.

**B.  The Uniform Order Motion is Based on Unsupported and Incorrect Generalizations.**

Moving Plaintiffs' Uniform Order Motion is based entirely on assertions and suppositions that are unsupported and, often, false. These misstatements are debunked below. Without these bases, Moving Plaintiffs' Uniform Order Motion is supported by nothing and, as such, must be denied.

   1.  *IPC & FS Defendants do not intend to "reinvent" the deposition protocol wheel.*

Without any support or specific citation, Moving Plaintiffs assert that defendants in the Auto Part Cases want to "reinvent the deposition protocol wheel 29 more times." Motion at 12. There is nothing in the record to support that statement, nor is that statement true as applied to IPC & FS Defendants (a fact Moving Plaintiffs would know if they had taken the time to meet and confer on the Uniform Order Motion). To the contrary, as discussed above, IPC & FS Defendants agree that the Wire Harness Protocol can serve as a useful template for many issues,

and indeed many provisions could be adopted in the IPC and Fuel Senders cases exactly as they appear in the Wire Harness Protocol.  What IPC & FS Defendants object to is applying the Wire Harness Protocol wholesale, without accounting for the important difference between the cases with respect to provisions that are case-specific, most importantly provisions related to the number and location of defendant depositions.  These provisions were the result of extensive negotiation, discussion, and compromise, and are unique to the Wire Harness Cases.  May 6 Hr'g Tr. at 11:22-24.  The Court should not order that these unique provisions apply in other cases; instead, all parties to a specific parts action should negotiate among themselves case-specific provisions, and, *if* agreement cannot be reached, these narrow issues can then be submitted to the Special Master on a full record for adjudication.

The fact that agreement on these issues was reached in the Wire Harness Cases "demonstrates that it is possible to negotiate a [deposition protocol] with each class of defendants through understanding and cooperation as instructed by the Court."  Order Denying Global Orders at 3.  These sorts of case-specific compromises can be reached in the IPC and Fuel Senders cases, just as they were in the Wire Harness Cases, but on a quicker time-table given that only case-specific tweaks will need to be discussed.

### 2.     There is not significant factual overlap among the Auto Parts Cases.

Moving Plaintiffs' Motion is premised on the misleading assertion that all of the Auto Parts Cases "allege similar conspiratorial conduct involving overlapping defendants and stemming from the same government investigation."  Motion at 10.  The Special Master has already recognized the fallacy of this statement.  Order Denying Global Orders at 2 (noting that the Auto Parts Cases are "*separate* and distinct cases") (emphasis in original); *see also id*. at 3 (noting the need for Global Orders to account for the "distinguishing characteristics of [each] particular case" and that they should "tak[e] into account the distinct and separate issues that

arise in each . . . case[]").  IPC, Fuel Senders, and the Wire Harness Cases illustrate this point

perfectly, as each (1) involves a different product; (2) alleges a different conspiracy involving its

own unique group of defendants; (3) is of a different size with the amounts of affected commerce

varying widely; and (4) alleges its own conspiracy and class periods.  Given these, and many

other, differences, Moving Plaintiffs are wrong that there is a "significant overlap in factual

issues, parties, and claims"; to the contrary, the factual issues – which will largely involve

whether there was a conspiracy to fix the price of a specific product between or among a specific

set of defendants and, if so, the impact any such conspiracy had on the price Moving Plaintiffs

(or any plaintiff) paid for a product – are unique to each Auto Parts Case.

> 3. *A uniform deposition protocol would be inefficient because it would result in excessive motions practice.*

Given that the Auto Parts Cases are not substantially similar, there are no efficiencies to

be gained from applying case-specific deposition protocol provisions negotiated and agreed to in

the Wire Harness Cases to other Auto Parts Cases, including IPC and Fuel Senders.  To the

contrary, if these provisions were applied in all Auto Parts Cases, IPC & FS Defendants (along

with other defendants in the Auto Parts Cases) would be forced to file motions with the Special

Master seeking relief from these provisions.

The provision regarding the location of defendant depositions illustrates this point.  To

fully understand this provision and why it is inappropriate to apply it in all cases, it is helpful to

understand how negotiation of the Wire Harness Protocol proceeded.  Over the course of a more

than year-long negotiation, there were a limited number of issues that were the subject of

extended negotiation and debate, most notably, the number of Rule 30(b)(1) depositions, the

length of 30(b)(6) depositions of defendants, and the location of defendant depositions.  On the

latter point, certain defendants, including Yazaki, were steadfast in their position that depositions

of witnesses should take place in their home country and, in particular, that depositions of Japanese nationals living in Japan should occur in Japan. Although plaintiffs opposed the position, they failed to provide any case law to support their view that Japanese nationals who were not named parties in the Wire Harness Cases could be forced to travel thousands of miles from their homes in Japan for depositions in the United States. Ultimately, a compromise was struck that required a majority of (but not all) defendant depositions to occur in select locations outside of Japan.[4] Wire Harness Protocol ¶ IV.B. This compromise was possible because some, but not all, Japanese defendants with their own unique circumstances were willing to agree to depositions of Japanese nationals outside of Japan. Plaintiffs (including Moving Plaintiffs) knew about Yazaki's position.

The Uniform Order Motion also fails to provide any case law supporting the notion that Japanese nationals who have not been named as parties to an action can be compelled to have their deposition taken outside of Japan. But that is exactly what Moving Plaintiffs are asking the Special Master to order by virtue of the provision in the proposed uniform protocol that would require that a majority of defendant depositions occur in locations other than Japan. Motion at 14; Proposed Uniform Protocol at 6. Many defendants, including Yazaki, strongly oppose this provision, and if it were adopted the Special Master would be flooded with motions seeking relief from it. Such a system is unmanageable and wholly inefficient. *Accord* Order Denying Global Orders at 3 (agreeing with defendants' assertion that it is "more efficient and fruitful to

---

[4] Excluded from this calculation are "witnesses identified in prior stipulations whose depositions certain Defendants have already agreed will take place in the United States." Wire Harness Protocol ¶ IV.B. Certain Yazaki and DENSO employees entered such stipulations. Notice of Submission of Stipulation and Agreement and Order With Respect to Depositions of Shigeru Ogawa, Hisamitsu Takada, Kazuhiko Kashimoto, Ryoji Kawai, and Tsuneaki Hanamura, No. 12-cv-00100, ECF No. 167 (Aug. 15, 2013); Stipulation and Agreement, No. 12-cv-00400, ECF No. 107 (May 27, 2014) (concerning four DENSO employees).

utilize the template Global Orders previously developed between the Plaintiffs and certain other Defendants, and modify them for each . . . case[] taking into account the distinct and separate issues that arise in each of those cases").  If, however, this issue is separately negotiated for each case, it may well be that, as in the Wire Harness Cases, compromises can be reached with each group of defendants without ever needing the Special Master or the Court to weigh in on this issue.

> ### 4.   Moving Plaintiffs' Motion is inconsistent with 28 U.S.C. § 1407 and Federal Rule of Civil Procedure 1.

28 U.S.C. § 1407(a) makes clear that, "[w]hen civil actions involving one or more common questions of fact" are coordinated or consolidated for pretrial purposes, the "just and efficient" adjudication of these cases is a paramount concern.  Likewise, Federal Rule of Civil Procedure 1 plainly states that "just, speedy, and inexpensive" progression of litigation is a primary concern in all cases.  Neither of these provisions elevates the preferences of one party over the basic fairness guaranteed to the other parties.  In fact, such a result is directly contrary to the ideals of each provision.  But trampling on the rights of IPC & FS Defendants (and, indeed, all defendants in 29 Auto Parts Cases) to ensure that Moving Plaintiffs are not inconvenienced by actually negotiating case-specific deposition provisions with the parties they impact is exactly what the Uniform Order Motion seeks to do.

For example, Moving Plaintiffs assert that a uniform protocol would not "unfairly deny Defendants in 29 cases" their right to a deposition protocol order that is actually tailored to their specific case because defendants "will have the opportunity to object to specific provisions in the Uniform Deposition Protocol Order *for good cause*."  Motion at 13 (emphasis added); *see also id*. at 10.  But this turns discovery practice on its head.  Typically, in the first instance, it is the party *seeking* discovery that has the burden to establish that it is entitled to discovery under the

federal rules. *See, e.g.*, *Gruenbaum v. Werner Enterprises, Inc.*, 270 F.R.D. 298, 302, 311 (S.D. Ohio 2010) (denying plaintiff's motion to compel a deposition); *Young v. Johnson*, No. 1:14-CV-01237, 2015 WL 1757929, at *2 n.14 (N.D. Ohio Apr. 17, 2015). Here, not only are Moving Plaintiffs attempting to flip the burden to IPC & FS Defendants to establish why objectionable provisions should not apply, but they are also unjustifiably raising the standard to good cause.

Although Moving Plaintiffs point to the ability of IPC & FS Defendants to object to the number of depositions taken (*see* Motion at 13), that is just more unjustifiable burden shifting. Generally, the Federal Rules provide that a party must obtain leave of court to take more than ten depositions without stipulation of the parties. Fed. R. Civ. P. 30(a)(2)(A)(i). The burden is *on the movant* to make a "particularized showing of necessity for each additional deposition." *Lewis v. Mt. Morris Twp.*, No. 06-CV-15428, 2007 WL 2902890, at *1 (E.D. Mich. Sept. 28, 2007) (citing *Barrow v. Greenville Ind. School Dist.*, 202 F.R.D. 480, 482 (N.D.Tex. 2001)). Here, IPC & FS Defendants have not stipulated to fifteen Rule 30(b)(1) and twenty-one hours of Rule 30(b)(6) depositions for each defendant. Thus, in the normal course, Moving Plaintiffs would have to carry the burden to show that each deposition over ten is necessary. Under the proposed uniform protocol, however, Moving Plaintiffs improperly shift the burden of proof, granting themselves the equivalent of eighteen depositions in the IPC case and another eighteen in the FS case *without obtaining a stipulation from IPC & FS Defendants or ever showing particularized need*, while requiring IPC & FS Defendants to demonstrate why they should *not* be subjected to eighteen depositions in each case. For this reason as well, Moving Plaintiffs' Uniform Order Motion must be denied.

     5.     *Depositions can and will proceed efficiently and without "duplication" without a uniform deposition protocol.*

Moving Plaintiffs assume, without explanation, that coordination cannot occur without a uniform deposition protocol.  This is simply untrue, a fact evidenced by the Wire Harness Protocol, which includes a specific provision that addresses deposing a witness with respect to multiple cases.  *See* Wire Harness Protocol ¶ IV.H.1-4.  IPC & FS Defendants (and, likely, all defendants) are similarly interested in efficient and non-duplicative depositions and are open to so coordinating with plaintiffs; no party wants their witnesses deposed multiple times if it can be avoided.  There is no need to grant Moving Plaintiffs' Motion to accomplish this.

The only potential "duplication" that the proposed uniform protocol would prevent is the need for Moving Plaintiffs' counsel, who *chose* to be counsel in 30 different product cases, to negotiate a limited number of case-specific provisions for each product case based on the facts and circumstances of those cases.  But this is not an inefficiency where, as here, the cases are not the same and one size does not fit all.  *See generally* Order Denying Global Orders.  Nor is it more efficient for Moving Plaintiffs to force the Special Master to undertake this task by requiring each defendant to object – which they would – to each provision that should not apply to it.

## CONCLUSION

For all the foregoing reasons, the Special Master should deny Moving Plaintiffs' Motion for Uniform Deposition Protocol Order.

Respectfully submitted,

JONES DAY

July 24, 2015                    By:   */s/John M. Majoras*
                                       John M. Majoras
                                       Michael R. Shumaker
                                       Carmen G. McLean
                                       JONES DAY
                                       51 Louisiana Ave. N.W.
                                       Washington, D.C. 20001-2113
                                       Tel. (202) 879-3939
                                       Fax (202) 626-1700
                                       jmmajoras@jonesday.com
                                       mrshumaker@jonesday.com
                                       cgmclean@jonesday.com

                                       Michelle K. Fischer
                                       Stephen J. Squeri
                                       JONES DAY
                                       North Point
                                       901 Lakeside Avenue
                                       Cleveland, OH 44114
                                       Tel. (216) 586-3939
                                       Fax (216) 579-0212
                                       mfischer@jonesday.com
                                       sjsqueri@jonesday.com

                                       Tiffany D. Lipscomb-Jackson
                                       JONES DAY
                                       325 John H. McConnell Boulevard, Suite 600
                                       Columbus, OH 43215-2673
                                       Mailing Address:  P.O. Box 165017
                                       Columbus, OH 43216-5017
                                       Tel. (614) 281-3939
                                       Fax (614) 461-4198
                                       tdlipscombjackson@jonesday.com

                                       *Attorneys for Defendants Yazaki Corporation*
                                       *and Yazaki North America, Inc.*

WILMER CUTLER PICKERING HALE AND
DORR LLP

July 24, 2015

By: */s/Steven F. Cherry* (w/consent)
Steven F. Cherry
David P. Donovan
Brian C. Smith
Kurt G. Kastorf
WILMER CUTLER PICKERING HALE AND
DORR LLP
1875 Pennsylvania Avenue, N.W.
Washington, D.C. 20006
Telephone: (202) 663-6000
Fax: (202) 663-6363
steven.cherry@wilmerhale.com
david.donovan@wilmerhale.com
brian.smith@wilmerhale.com
kurt.kastorf@wilmerhale.com

*Counsel for Defendants DENSO International
America, Inc. and DENSO Corporation*

CALFEE, HALTER & GRISWOLD LLP

July 24, 2015

*/s/Alexander B. Reich* (w/consent)
JOHN J. EKLUND (OH 0010895)
MAURA L. HUGHES (OH 0061929)
RONALD M. McMILLAN (OH 0072437)
ALEXANDER B. REICH (OH 0084869)
LINDSEY E. SACHER (OH 0087883)
CALFEE, HALTER & GRISWOLD LLP
The Calfee Building
1405 East Sixth Street
Cleveland, OH 44114-1607
(216) 622-8200 (Phone)
(216) 241-0816 (Fax)
jeklund@calfee.com
mhughes@calfee.com
rmcmillan@calfee.com
areich@calfee.com
lsacher@calfee.com

MAUREEN T. TAYLOR
HERBERT C. DONOVAN
BROOKS, WILKINS, SHARKEY & TURCO
PLLC
401 South Old Woodward, Suite 400
Birmingham, MI 48009
(248) 971-1800 (Phone)
(248) 971-1801 (Fax)
taylor@bwst-law.com
donovan@bwst-law.com

*Counsel for Defendants Continental Automotive*
*Electronics LLC, Continental Automotive Korea*
*Ltd., and Continental Automotive Systems, Inc.*

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on July 24, 2015, I caused the foregoing **INSTRUMENT PANEL CLUSTERS AND FUEL SENDERS DEFENDANTS' OPPOSITION TO DIRECT PURCHASER PLAINTIFFS' AND END-PAYOR PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR UNIFORM DEPOSITION PROTOCOL ORDER [ECF NO. 1027]** to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

*/s/ John M. Majoras*
John M. Majoras
