# EXHIBIT A

```
 1                    UNITED STATES DISTRICT COURT
                      EASTERN DISTRICT OF MICHIGAN
 2                          SOUTHERN DIVISION

 3                             -   -   -

 4    IN RE:  AUTOMOTIVE PARTS
      ANTITRUST LITIGATION
 5                                       Case No. 12-md-02311
                  MDL NO. 2311
 6                                       Hon. Marianne O. Battani

 7
                   HEARING REGARDING DEPOSITION PROTOCOL
 8
                BEFORE SPECIAL MASTER GENE J. ESSHAKI
 9             Theodore Levin United States Courthouse
                    231 West Lafayette Boulevard
10                         Detroit, Michigan
                       Wednesday, May 6, 2015
11

12

13    APPEARANCES:
      Direct Purchaser Plaintiffs:
14
      STEVEN A. KANNER
15    FREED, KANNER, LONDON & MILLEN, L.L.C.
      2201 Waukegan Road, Suite 130
16    Bannockburn, IL  60015
      (224) 632-4502
17

18    SARAH GIBBS LEIVICK
      KASOWITZ, BENSON, TORRES & FRIEDMAN, L.L.P.
19    1633 Broadway
      New York, NY  10019
20    (212) 506-1765

21
      EUGENE A. SPECTOR
22    SPECTOR, ROSEMAN, KODROFF & WILLIS, P.C.
      1818 Market Street, Suite 2500
23    Philadelphia, PA  19103
      (215) 496-0300

24
         To obtain a copy of this official transcript, contact:
25            Robert L. Smith, Official Court Reporter
            (313) 964-3303 • rob_smith@mied.uscourts.gov
```

```
 1  APPEARANCES: (Continued)
    End-Payor Plaintiffs:
 2
    STEVEN N. WILLIAMS
 3  COTCHETT, PITRE & McCARTHY, L.L.P.
    840 Malcolm Road
 4  Burlingame, CA   94010
    (650) 697-6000
 5


 6  Dealership Plaintiffs:

 7  SHAWN M. RAITER
    LARSON KING, L.L.P.
 8  30 East Seventh Street, Suite 2800
    Saint Paul, MN   55101
 9  (651) 312-6500

10  VICTORIA ROMANENKO
    CUNEO, GILBERT & LaDUCA, L.L.P.
11  507 C Street NE
    Washington, D.C.   20002
12  (202) 789-3960

13  ANDREW R. SPERL
    DUANE MORRIS, L.L.P.
14  30 South 17th Street
    Philadelphia, PA   19103
15  (215) 979-7385


16
    For the Defendants:
17
    STEVEN F. CHERRY
18  WILMER, CUTLER, PICKERING, HALE and DORR, L.L.P.
    1875 Pennsylvania Avenue NW
19  Washington, D.C.   20006
    (202) 663-6321
20
    MARGUERITE M. SULLIVAN
21  LATHAM & WATKINS, L.L.P.
    555 Eleventh Street NW, Suite 1000
22  Washington, D.C.   20004
    (202) 637-2200
23


24

25       (Listed appearances are only of attorneys making oral
         argument on the record before Special Master Esshaki.)
```

1  Detroit, Michigan
2  Wednesday, May 6, 2015
3  at about 2:55 p.m.
4                          - - -
5           MASTER ESSHAKI: Ladies and gentlemen, we are
6  ready. I understand that some agreement has been reached.
7           MR. CHERRY: Yes, Special Master. Steve Cherry
8  from Wilmer Hale representing Denso, and on this occasion
9  speaking on behalf of the defendants in the wire harness
10 cases.
11          As you know, there were three motions; I guess we
12 had two motions on behalf of the defendants, there was a
13 cross motion by the auto dealers that were before you today.
14 We have reached agreement with the auto dealers on a
15 stipulation. There was a little discussion today about the
16 meeting of a particular provision that's confirmed in some
17 e-mails, and with that in mind we're comfortable going
18 forward with the stipulation, which I understand the auto
19 dealers are taking care of filing.
20          MS. ROMANENKO: Correct.
21          MR. CHERRY: And with that in mind, I think our
22 motions are off calendar.
23          MASTER ESSHAKI: Am I to understand that the
24 defendants' motion to establish a schedule for auto-dealer
25 plaintiffs' production of ESI is gone?

1  MS. SULLIVAN: No, I apologize. So the first one
2  applies to the entire auto parts MDL, all cases, and it
3  governs end-payor plaintiffs and auto-dealer plaintiff
4  witnesses, that was Judge Battani's ruling. So for those
5  depositions there cannot be duplicative depositions, all the
6  defendants have to coordinate, we all have to agree on our
7  list of questions, et cetera, that protocol governs those
8  depositions just as instructed and just as you ordered in
9  your March 19th ruling.
10  The second protocol is the wire harness deposition
11  protocol, and that does not govern the end-payor and
12  auto-dealer plaintiff witness duplication issue, what it
13  governs is direct purchasers, Ford, truck dealers, the City
14  of Richmond plaintiffs, so the public-entity plaintiffs and
15  all the defendants. Those parties are not parties in all of
16  the 29 cases. That is the protocol that is very detailed in
17  terms of -- for example, how many depositions do plaintiffs
18  get to take of each defendant? We agreed after literally ten
19  months of negotiations that they could take 15 depositions of
20  all of the -- of each of the defendants, except for Leoni,
21  for Leoni they can only take seven.
22  Well, that was an agreement that was reached after
23  much compromise, after much discussion, and it is unique to
24  our case. It is appropriate in our case. We know who the
25  witnesses are at this point, we have been in discovery for

1  made clear it is going to be limited discovery, it is not
2  going to be duplicative.
3          MR. SPERL:  I agree.  I just wanted to make sure
4  the record was clear.  Thank you.
5          MASTER ESSHAKI:  Counsel?
6          MR. SPECTOR:  Special Master Esshaki, Gene Spector
7  on behalf of direct purchaser plaintiffs.
8          MASTER ESSHAKI:  Yes, sir.
9          MR. SPECTOR:  We agree with Mr. Williams that there
10 should be a single deposition protocol for all the cases.
11         MASTER ESSHAKI:  I understand that.
12         MR. SPECTOR:  It is the only thing that makes
13 sense.
14         MASTER ESSHAKI:  The only way -- the way this has
15 been teed up is it has been teed up so there has to be two.
16         MR. SPECTOR:  I understand that and I'm not
17 suggesting otherwise, but we also just wanted to make it
18 clear that our belief is there should be a single deposition
19 protocol.  When we were negotiating the wire harness protocol
20 it was clearly with the understanding that it will be the
21 template for everything else that followed in the other
22 cases.
23         MASTER ESSHAKI:  I assume that it will be.  I
24 assume you will take this and duplicate it in all other cases
25 with some tweaks.

1  MR. SPECTOR: That is exactly what we think and
2  that is exactly what we had hoped, but now it has become a
3  matter of putting together a single deposition protocol that
4  will apply across the board because of what's happened with
5  the end payors and the auto dealers.
6  MASTER ESSHAKI: Well, they may be identical but
7  one is going to say end payors and auto dealers, and the
8  other is going to say everyone else. Okay. Please.
9  MR. SPECTOR: I'm fine with that.
10  MASTER ESSHAKI: One other issue I need to address,
11  Ms. Sullivan, you are going to be angry with me again,
12  14 hours for a buyer of a car is excessive, 7 is going to be
13  the max. That wasn't an invitation to negotiate.
14  MS. SULLIVAN: No, no.
15  MASTER ESSHAKI: I think we have completed
16  everything we need to complete. I want to thank both --
17  MS. SULLIVAN: May I clarify something?
18  MASTER ESSHAKI: Yes.
19  MS. SULLIVAN: I apologize for delaying everybody,
20  but I understand your order is that we have one end-payor and
21  auto-dealer protocol for all auto parts cases, right?
22  Second, we have a protocol that applies to all other
23  depositions that we enter in the wire harness case and then
24  it gets entered with some minor tweaks potentially in all the
25  other cases as well.

```
 1              MASTER ESSHAKI:  All other cases.
 2              MS. SULLIVAN:  So you will have a wire harness all
 3   other deposition protocol and then an HTCP one and et cetera.
 4              MASTER ESSHAKI:  With a backdoor.
 5              MS. SULLIVAN:  Correct.  Thank you.
 6              MASTER ESSHAKI:  Yes.
 7              MR. SQUERI:  Just one question.  Steve Squeri for
 8   Yazaki.
 9              With respect to the deposition protocol for the
10   wire harness parties, I would assume that we are talking
11   about trying to have perhaps a uniform protocol but issues
12   like the number of deps -- depositions per defendant, which
13   are going to vary from case to case, and issues like where
14   the depositions are going to take place, which are going to
15   involve a lot of clients' specific issues.
16              MASTER ESSHAKI:  I'm going to be busy this summer I
17   think.  You will have to come back to me if you can't agree.
18   Okay.  You will have to come back if you can't agree.
19              MR. SPECTOR:  The other issue that I wanted to
20   raise was one that came up during the hearing this morning,
21   and that is with regard to the subpoenas to the suppliers.
22   We talked about -- if you recall, I mentioned that we were
23   looking to try to seek coordination so that there would only
24   be one subpoena served.  If we have to do it by filing a
25   motion to stay that's what we will do.
```

*1*                                     *CERTIFICATION*

*3*         I, Robert L. Smith, Official Court Reporter of

*4* the United States District Court, Eastern District of

*5* Michigan, appointed pursuant to the provisions of Title 28,

*6* United States Code, Section 753, do hereby certify that the

*7* foregoing pages comprise a full, true and correct transcript

*8* taken in the matter of Automotive Parts Antitrust Litigation,

*9* Case No. 12-02311, on Wednesday, May 6, 2015.

*12*                                   *s/Robert L. Smith*
                                   Robert L. Smith, RPR, CSR 5098
*13*                                    Federal Official Court Reporter
                                   United States District Court
*14*                                    Eastern District of Michigan

*17* Date: 05/08/2015

*18* Detroit, Michigan