**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

| | |
|---|---|
| **In Re: AUTOMOTIVE PARTS ANTITRUST LITIGATION** | 12-md-02311<br>Honorable Marianne O. Battani |
| **In Re: OCCUPANT SAFETY SYSTEMS CASES** | |
| **THIS RELATES TO:**<br>**ALL ACTIONS** | 2:12-cv-00600-MOB-MKM |

**OCCUPANT SAFETY SYSTEMS DEFENDANTS' RESPONSE TO PLAINTIFFS'
<u>MOTION FOR UNIFORM DEPOSITION PROTOCOL ORDER</u>**

## STATEMENT OF THE ISSUE PRESENTED

1.　　Whether the Special Master should enter the order requested by Plaintiffs' Motion for Uniform Deposition Protocol Order.

　　OSS Defendants' Answer:  No.

## STATEMENT OF CONTROLLING OR MOST APPROPRIATE AUTHORITY

1. Rule 7.1(a) of E.D. Michigan Local Rules

2. Rule 1 of Federal Rules of Civil Procedure

Defendants in the Occupant Safety Systems actions (No. 2:12-cv-00600) hereby respond to Plaintiffs' Motion for Uniform Deposition Protocol Order. *In re: Automotive Parts Antitrust Litigation*, 2:12-md-02311 (July 7, 2015) (ECF No. 1027) ("Motion"). The OSS Defendants agree with Plaintiffs that some coordination of deposition discovery across the multiple MDL cases involving automobile parts is appropriate, particularly in situations where the same defendant appears in different automobile part actions. The OSS Defendants also agree that the determination of an appropriate deposition protocol in one automobile part action may be able to build efficiently on deposition protocols successfully negotiated in earlier actions. No party needs to or wants to reinvent the wheel. Moreover, with respect to the OSS action in particular, the OSS Defendants agree that, in most ways, the deposition protocol entered in the Wire Harness action is acceptable. But not entirely so and, in any case, that does not support Plaintiffs' request that, notwithstanding their failure to ever contact any OSS Defendant about negotiating a comprehensive OSS deposition protocol, the Special Master should enter a "global" deposition protocol that would impose the exact same deposition requirements on every single auto-part action, including the OSS action. Accordingly, the OSS Defendants respectfully request that the Special Master deny the Motion, and require Plaintiffs to negotiate a separate deposition protocol with the OSS Defendants for the OSS action—a process that clearly can be done efficiently because, as explained below, the OSS Defendants agree with Plaintiffs that much of the Wire Harness deposition protocol is acceptable for the OSS action.

**I.     Plaintiffs' Failure To Meet and Confer Was Improper and Deficient.**

Plaintiffs do not even try to argue that they satisfied the requirement of Local Rule 7.1(a)(2). Nor could they. It is undisputed that there was never a conference between plaintiffs and *any* OSS Defendant "in which the movant explained the nature of the motion or request and its legal basis and requested but did not obtain concurrence in the relief sought." E.D. Mich. R.

1

7.1(a)(2)(A).  Nor is there any suggestion that Plaintiffs were unable to conduct such a conference "despite reasonable efforts."  *Id.* R. 7.1(a)(2)(B).  There was, in fact, never a single attempt made to hold such a conference with any of the OSS Defendants.  The most Plaintiffs say is that they "ascertained" that all Defendants would oppose the motion based on unspecified statements made by certain counsel (none of whom represented any OSS Defendants) in two hearings with the Special Master.  Mot. at 2.[1]  The Local Rules require more than that, and with good reason.  Had Plaintiffs reached out to the OSS Defendants, they would have learned that there is substantial agreement on the content of a deposition protocol, and they could have saved the parties and the Special Master wasted time dealing with a motion that is likely unnecessary in the OSS action.

## II.     A Global Deposition Protocol Would Be Inefficient.

Passing Plaintiffs' failure to comply with the local rules, Plaintiffs' proposed "global" order would multiply, not reduce, inefficiencies in conducting depositions across multiple actions.  As Plaintiffs acknowledge, various defendants in the multiple MDL actions are likely to object to some of the provisions based on the specifics of their case.  Memo. in Support of Motion at 13.  But, Plaintiffs' proposed solution is to have *each* objecting party submit their own objections or counterproposals to the Special Master on an *ad hoc* basis, which presumably will form a compendium of errata to the "global" order.  *Id.*  Not only will this proposal increase the burden on the Special Master and the Court, who will now have to adjudicate a host of proposed exceptions to the "global" order, but the resulting global-order-plus-exceptions-for-particular-

---

[1] Counsel for OSS Defendants did not speak at the May 6, 2015 in-person conference or the May 26, 2015 telephonic conference and no party was authorized to speak on their behalf.  Moreover, nothing about any of defendants counsel's statements in either hearing suggested that any defendant was unwilling to meet and confer with Plaintiffs to try to reach an accommodation.

cases will be an unwieldy tool for managing deposition discovery. As the Special Master explained in denying Plaintiffs' prior attempt to impose "global" orders on these actions:

> Having . . . Global Orders that each contain 20 pages of footnotes or appendixes would be much harder to negotiate and much harder to work with on a going forward basis in this Multidistrict Litigation than having a set of [] Global Orders entered in each class of cases specifying and addressing the distinct issues and characteristics of that class of case that sets it apart from all other classes of cases.

Special Master's Order Denying Plfs' Mot. for Submission of Global Orders at 3-4, *In re: Occupant Safety Systems*, 2:13-cv-00600 (July 16, 2015) (ECF No. 112). That rationale is equally applicable here.

**III.     The Wire Harness Deposition Protocol Could Easily Be Adapted For the OSS Action.**

The irony of Plaintiffs' refusal to even offer to negotiate with OSS Defendants, coupled with Plaintiffs' attempt to impose a one size fits all solution on OSS Defendants, is that there is much common ground between the OSS Defendants and Plaintiffs in terms of the substance of a deposition protocol that would be appropriate for the "distinct issues and characteristics" of the OSS action. The OSS Defendants believe the Wire Harness deposition protocol is largely acceptable for use in the OSS action and could be used to efficiently negotiate an OSS deposition protocol to be entered by the Court.

In particular, the OSS Defendants are willing to agree to use the deposition number and hour limitations used in the Wire Harness deposition protocol in the OSS action, and are willing to agree with the stipulation reached on deposition locations. Indeed the *only* areas where the OSS Defendants believe modification of the Wire Harness deposition protocol is necessary for the OSS action are: (a) a modification to account for OSS Defendants who are defendants in multiple cases, e.g., Tokai Rika; (b) a modification to permit twelve hours (rather than thirteen)

3

for translated depositions (which appears to be what was contemplated by the original Wire Harness protocol); and (c) a provision to account for the pending objections to the protocol for the depositions of plaintiffs pending before Judge Battani. The OSS Defendants have attached as Exhibit A a copy of Plaintiff's proposed "global" order with highlighting showing the only areas where OSS Defendants believe modification of the Wire Harness protocol is necessary for the OSS action. The OSS Defendants are ready to discuss these few areas at Plaintiffs' convenience in order to arrive at a single deposition protocol for the OSS action.

\*   \*   \*

In light of the foregoing, the OSS Defendants request that Plaintiffs' motion for a uniform deposition protocol order across all MDL cases be denied.

Date:  July 24, 2014                                                      Respectfully submitted,

|  |  |
|---|---|
|  | By: /s/ Robert J. Wierenga |
| David M. Zinn | Robert J. Wierenga (P59785) |
| John E. Schmidtlein | Suzanne L. Wahl (P71364) |
| Samuel Bryant Davidoff | **Schiff Hardin LLP** |
| **Williams & Connolly LLP** | 340 S. Main Street, Suite 210 |
| 725 Twelfth Street, N.W. | Ann Arbor, MI  48104 |
| Washington, DC 20005 | 734-222-1500 |
| 202-434-5000 | Fax: (734) 222-1501 |
| Fax: 202-434-5029 | rwierenga@schiffhardin.com |
| dzinn@wc.com | swahl@schiffhardin.com |
| jschmidtlein@wc.com |  |
| sdavidoff@wc.com |  |

**COUNSEL FOR DEFENDANTS TAKATA CORPORATION AND TK HOLDINGS INC.**

4

|  |  |
|---|---|
| W. Todd Miller<br>**Baker & Miller PLLC**<br>2401 Pennsylvania Ave., N.W.<br>Suite 300<br>Washington, DC 20037<br>202-663-7820<br>Fax: 202-663-7849<br>tmiller@bakerandmiller.com | /s/ W. Todd Miller<br>David F. DuMouchel (P25658)<br>Sheldon H. Klein (P41062)<br>George B. Donnini (P66798)<br>**Butzel Long PC**<br>150 W. Jefferson, Suite 900<br>Detroit, MI 48226-4430<br>313-225-7000<br>dumouchd@butzel.com<br>Klein@butzel.com<br>donnini@butzel.com |
| **COUNSEL FOR DEFENDANTS TRAM, INC. AND TOKAI RIKA CO., LTD.** ||

|  |  |
|---|---|
|  | /s/ Randall J. Turk<br>Randall J. Turk<br>John Taladay<br>Mark Miller<br>Heather Souder Choi<br>Sterling A. Marchand<br>**Baker Botts L.L.P.**<br>1299 Pennsylvania Avenue., NW<br>Washington, D.C. 20004-2400<br>202.639.7700<br>Fax: 202.639.7890<br>randy.turk@bakerbotts.com<br>john.taladay@bakerbotts.com<br>mark.miller@bakerbotts.com<br>heather.choi@bakerbotts.com<br>sterling.marchand@bakerbotts.com |
| **COUNSEL FOR DEFENDANTS TOYODA GOSEI CO., LTD., TOYODA GOSEI NORTH AMERICA CORP., AND TG MISSOURI CORP.** ||

## CERTIFICATE OF SERVICE

I hereby certify that on July 24, 2015, I caused the foregoing OCCUPANT SAFETY SYSTEMS DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION FOR UNIFORM DEPOSITION PROTOCOL ORDER to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notifications of such filings to all counsel of record.

By:

/*s*/Robert J. Wierenga