# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| IN RE AUTOMOTIVE PARTS ANTITRUST LITIGATION | Case No. 12-md-02311<br>Honorable Marianne O. Battani |
| In Re: HEATER CONTROL PANELS CASES | 2:12-cv-00400-MOB-MKM |
| THIS RELATES TO:<br><br>DEALERSHIP ACTIONS<br>END-PAYOR ACTIONS | <br><br>2:12-cv-00402-MOB-MKM<br>2:12-cv-00403-MOB-MKM |

### DEFENDANTS ALPS' JOINDER TO INSTRUMENT PANEL CLUSTERS AND FUEL SENDERS DEFENDANTS' OPPOSITION TO DIRECT PURCHASER PLAINTIFFS' AND END-PAYOR PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR UNIFORM DEPOSITION PROTOCOL ORDER (ECF NO. 1027)

Defendants Alps Electric Co., Ltd., Alps Electric (North America), Inc., and Alps Automotive Inc.[1] (hereinafter, "Alps") hereby join Instrument Panel Clusters and Fuel Senders Defendants' Opposition to Direct Purchaser Plaintiffs' and End-Payor Plaintiffs' Notice of Motion and Motion for Uniform Deposition Protocol Order (ECF No. 1027). (No. 2:12-md-02311) (ECF No. 1043). Plaintiffs' proposed Uniform Deposition Protocol should not be entered in the Heater Control Panel actions (No. 2:12-cv-00400) for reasons virtually identical to those set forth in the Instrument Panel Clusters and Fuel Senders Defendants' Opposition.

As an initial matter, Plaintiffs' motion is procedurally defective because Plaintiffs failed to confer with Defendants, including Alps, before filing the motion. Moreover, Plaintiffs'

---

[1] Alps Automotive, Inc. no longer exists by virtue of Alps Automotive, Inc.'s merger into Alps Electric (North America, Inc.), effective as of April 1, 2010.

proposed Uniform Protocol fails to account for key differences among the separate and distinct Auto Parts cases, particularly on fundamental issues such as the number and location of depositions. Given that Plaintiffs have alleged separate conspiracies with separate factual predicates, determinations about the factual discovery for each case, including the range of necessary deposition discovery, will necessarily differ. This is especially the case considering that many defendants, including Alps, are named only in one product case.

The necessity for individual case negotiation of the deposition protocol is demonstrated by the Wire Harness Deposition Protocol. Under that protocol, the Leoni defendants, a defendant group that is not named in any other product case, are subject to a reduced number of depositions. *See* Wire Harness Deposition Protocol Order, Case No, 2:12-cv-00100, ECF No. 315. This shows that these issues are defendant- and case-specific and should not be predetermined by a uniform order. Similarly, the issue of deposition locations is different for defendants in other product cases, and some defendant groups may be unable to make the majority of their witnesses available in locations outside Japan.

Plaintiffs cannot solve these case-specific problems by claiming that a defendant retains the right to object to specific provisions in the proposed Uniform Protocol. This places an unreasonable burden on the Court to entertain objections. Further, it imposes an unreasonable burden on a defendant to engage in motion practice on issues that could be resolved upfront between the parties. Accordingly, Alps requests that the Special Master deny Plaintiffs' motion and require Plaintiffs to meet and confer with Defendants to negotiate deposition protocols for each of the auto part cases.

Respectfully Submitted,

July 24, 2015                    COVINGTON & BURLING LLP

                  By:    /s/Anita F. Stork
                         Anita F. Stork
                         Gretchen Hoff Varner
                         Cortlin H. Lannin
                         COVINGTON & BURLING LLP
                         One Front Street, 35th Floor
                         San Francisco, CA 94111
                         Telephone: (415) 591-6000
                         Fax: (415) 955-6550
                         astork@cov.com

                         *Attorneys for Defendants Alps Electric Co., Ltd.; Alps Electric (North America), Inc.; and Alps Automotive, Inc.*

July 24, 2015                    BROOKS WILKINS SHARKEY & TURCO PLLC

                         /s/Maureen T. Taylor
                         Herbert C. Donovan (P51939)
                         Maureen T. Taylor (P63547)
                         BROOKS WILKINS SHARKEY & TURCO PLLC
                         401 Old South Woodward, Suite 400
                         Birmingham, MI 48009
                         Telephone: (248) 971-1721
                         Fax: (248) 971-1801
                         taylor@bwst-law.com
                         donovan@bwst-law.com

                         *Attorneys for Defendants Alps Electric Co., Ltd.; Alps Electric (North America), Inc.; and Alps Automotive, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 24, 2015, I caused a true and correct copy of the foregoing to be electronically filed with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

By: */s/Maureen T. Taylor*
Herbert C. Donovan (P51939)
Maureen T. Taylor (P63547)
BROOKS WILKINS SHARKEY & TURCO PLLC
401 Old South Woodward, Suite 400
Birmingham, MI 48009
Telephone: (248) 971-1721
Fax: (248) 971-1801
taylor@bwst-law.com
donovan@bwst-law.com

*Attorneys for Defendants Alps Electric Co., Ltd., Alps Electric (North America), Inc., and Alps Automotive, Inc.*