UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| In re: Automotive Parts Antitrust Litigation | Master File No. 12-md-02311<br>Honorable Marianne O. Battani |
| In re: Alternators<br>In re: Starters<br>In re: Ignition Coils<br>In re: HID Ballasts<br>In re: Electronic Powered Steering Assemblies<br>In re: Fuel Injection Systems<br>In re: Valve Timing Control Devices | 2:13-cv-00700<br>2:13-cv-01100<br>2:13-cv-01400<br>2:13-cv-01700<br>2:13-cv-01900<br>2:13-cv-02200<br>2:13-cv-02500 |
| This document relates to:<br>All Actions | |

**THE MELCO DEFENDANTS' OPPOSITION TO MOTION FOR ENTRY OF UNIFORM DEPOSITION PROTOCOL ORDER**

Defendants Mitsubishi Electric Corporation, Mitsubishi Electric US Holdings, Inc., and Mitsubishi Electric Automotive America, Inc. (the "MELCO Defendants") hereby join in the arguments made in the Opposition On Behalf Of Submitting Defendants to Plaintiffs' Motion For Uniform Deposition Protocol Order, ECF No. 1047 (the "Opposition") to plaintiffs' motion for entry of a "uniform" deposition protocol order that would apply to all cases in this multi-district litigation. The MELCO Defendants are parties in eight of the product cases before this Court.[1]

---

[1] *Wire Harness* (Case No. 2:12-cv-00100); *Alternators* (Case No. 2:13-cv-00700); *Starters* (Case No. 2:13-cv-01100); *Ignition Coils* (Case No. 2:13-cv-01400); *HID Ballasts* (Case No. 2:13-cv-

The Opposition correctly argues that plaintiffs' motion should be denied for at least the following reasons, among others: (1) plaintiffs failed to meet-and-confer with the defendants prior to filing the motion; (2) the Special Master has already rejected nearly identical arguments to those made by plaintiffs here in denying plaintiffs' motion for entry of uniform MDL-wide orders regarding preservation, production, and experts; (3) the proposed order ignores that each of the 31 product cases at issue involve different sets of defendants selling different products during different alleged conspiracy periods; (4) the proposed order is unworkable and pointless, since plaintiffs' own proposal contemplates case-specific exceptions to the proposed uniform order, thereby producing the very negotiations over case-specific deviations plaintiffs' ostensibly seek to avoid; and (5) plaintiffs' solution to duplicative depositions across cases—requiring the defendants to essentially concede liability to reduce the number of depositions—violates basic due process norms.

Further, the proposed uniform order ignores that the *Wire Harness* deposition protocol order itself contemplates that differently situated defendants should be treated differently. Although the MELCO Defendants are named as defendants in the *Wire Harness* case, they were only added to that case in October 2014. By that point in time, the pre-existing defendants had already engaged in extensive negotiations with the plaintiffs over the deposition protocol for that case. Thus, not all of the protocol's provisions address the MELCO Defendants. Critically, although the *Wire Harness* protocol designates the number of depositions for most of the other *Wire Harness* defendants, the *Wire Harness* protocol is silent as to the appropriate number of depositions of the MELCO Defendants. *See* Wire Harness Deposition Protocol Order ¶ III.A.1, No. 2:12-cv-0011-MOB-MKM (June 30, 2015), ECF No. 315. That is in recognition of the fact

---

01700); *Electronic Powered Steering Assemblies* (Case No. 2:13-cv-01900); *Fuel Injection Systems* (Case No. 2:13-cv-02200); *Valve Timing Control Devices* (Case No. 2:13-cv-02500).

that, having only recently been added as defendants, and not having participated in the negotiations that resulted in the agreement as to the number of depositions of the other defendants, the MELCO Defendants should not be bound by those prior agreements.

Thus, the *Wire Harness* protocol itself contemplates that defendants—even those within a *single* case—may have to be treated differently, and recognizes that all defendants are entitled to participate in negotiations relating to particular deposition protocol provisions before being bound by a deposition protocol. It would be anomalous indeed to ignore that principle as to defendants in *different* cases. Plaintiffs' motion should be denied.

Dated:  July 24, 2015                                Respectfully submitted,

                                                     */s/ Terrence J. Truax*

                                                     Terrence J. Truax
                                                     Charles B. Sklarsky
                                                     Michael T. Brody
                                                     Gabriel A. Fuentes
                                                     Daniel T. Fenske
                                                     JENNER & BLOCK LLP
                                                     353 N. Clark Street
                                                     Chicago, IL 60654-3456
                                                     ttruax@jenner.com
                                                     csklarsky@jenner.com
                                                     mbrody@jenner.com
                                                     gfuentes@jenner.com
                                                     dfenske@jenner.com

                                                     Gary K. August
                                                     Jamie J. Janisch
                                                     ZAUSMER, AUGUST & CALDWELL, P.C.
                                                     31700 Middlebelt Road, Suite 150
                                                     Farmington Hills, MI 48334-2374
                                                     gaugust@zacfirm.com
                                                     jjanisch@zacfirm.com

                                                     *Counsel for Mitsubishi Electric Corporation,*
                                                     *Mitsubishi Electric US Holdings, Inc., and*
                                                     *Mitsubishi Electric Automotive America, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on July 24, 2015, I caused the foregoing document entitled THE MELCO DEFENDANTS' OPPOSITION TO MOTION FOR ENTRY OF UNIFORM DEPOSITION PROTOCOL ORDER to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notifications of such filings to all counsel of record.

        /s/ Daniel T. Fenske
        Daniel T. Fenske
        JENNER & BLOCK LLP
        353 N. Clark Street
        Chicago, Illinois 60654
        312-222-9350

        *Counsel for Mitsubishi Electric Corporation, Mitsubishi Electric US Holdings, Inc., and Mitsubishi Electric Automotive America, Inc.*