# EXHIBIT 3

1 Hon. Charles A. Legge (Ret.)
2 JAMS
Two Embarcadero Center, Suite 1500
3 San Francisco, CA 94111
Telephone: (415) 774-2644
4 Fax: (415) 982-5287
5 Special Master

6

7

8 UNITED STATES DISTRICT COURT

9 NORTHERN DISTRICT OF CALIFORNIA

10 SAN FRANCISCO DIVISION

11

12

13 IN RE: CATHODE RAY TUBE (CRT)
ANTITRUST LITIGATION

14 CRAGO, INC., et al.,

15 Plaintiffs,

16

17 vs.

18 CHUNGHWA PICTURE TUBES, LTD., et al.,

19 Defendants

20

21 This Document Relates to ALL CASES

22

23

24

25

26

27

28

**CASE No. 07-5944 SC**

**MDL No. 1917**

**~~[PROPOSED]~~ ORDER RE DISCOVERY AND CASE MANAGEMENT PROTOCOL**

1

## I.    NUMBER OF DEPOSITIONS

A.    At least twenty-one (21) days prior to noticing depositions of specific percipient witnesses employed by a particular defendant group, direct purchaser plaintiffs, indirect purchaser plaintiffs, individual action plaintiffs, and State Attorneys General shall provide to that defendant group a reasonable list of the persons they propose to depose in the initial round of depositions based on their knowledge of the current discovery record. Within fourteen (14) calendar days after service of a list, the defendant group shall respond in writing and advise plaintiffs of any witnesses who defendants believe have no knowledge, or only marginal knowledge, of the relevant facts, as well as identify any witnesses who defendants have been informed will assert their Fifth Amendment privilege against compelled self-incrimination. The defendant group's representations are to be taken into consideration but are not determinative as to whether a deposition will be noticed.

B.    Based on the implementation of the foregoing procedures, the direct purchaser plaintiffs, indirect purchaser plaintiffs, individual action plaintiffs, and State Attorneys General ("CRT Plaintiffs") collectively may depose up to 120 percipient witnesses as part of the joint, coordinated discovery in this case, with a maximum of 12 depositions for any single defendant group. Defendants shall produce for deposition the specific percipient witnesses employed by them.  Defendants may collectively depose each natural person named as a plaintiff or as a class representative and up to 10 percipient witnesses of each plaintiff group.  A plaintiff group is defined as plaintiffs who are part of the same corporate family.

These limits do not include Rule 30(b)(6) depositions, depositions of third parties, depositions of experts, or depositions of records custodians regarding authentication of documents.

C.    Direct purchaser plaintiffs and indirect purchaser plaintiffs collectively may take up to 15 hours of 30(b)(6) depositions of each defendant group as part of the joint, coordinated

discovery, provided the depositions are conducted entirely in English. Individual Action Plaintiffs collectively may take up to 3 hours of 30(b)(6) depositions as part of the joint, coordinated discovery, provided the depositions are conducted entirely in English. State Attorneys General collectively may take up to 3 hours of 30(b)(6) depositions as well as part of the joint, coordinated discovery, provided the depositions are conducted entirely in English. Defendants collectively may take up to 15 hours of 30(b)(6) depositions of each plaintiff group, except for those government plaintiffs represented by the California Attorney General, provided the depositions are conducted entirely in English. If an interpreter is used during a 30(b)(6) deposition, the rules for increasing deposition time set forth in paragraph II.D below apply. The parties shall meet and confer about 30(b)(6) topics and witnesses. These 30(b)(6) depositions shall not count towards the number of percipient witness depositions in paragraph 1.B.

D. The above limitations on the number and the hours of depositions are presumptive only. The purpose of these presumptive limits is to encourage the judicious use of depositions, not to arbitrarily restrict access to evidence. The numbers and the hours of depositions may be expanded by stipulation, or for good cause upon motion to the Court or the Special Master. For example, depending on the number, scope and length of Fifth Amendment depositions, any of the CRT Plaintiffs could seek additional depositions, or request that Fifth Amendment depositions not count against the allowance. Defendants may oppose any such request on any appropriate ground, including the burden of depositions already taken pursuant to this Order and the time spent with any of the Fifth Amendment depositions previously taken.

E. This order does not limit any party's right to object to or seek a protective order with respect to any deposition noticed in this case. In addition, the presumptive number of depositions and number of hours are without prejudice to any party seeking to expand or further limit the number of depositions.

## II.   DEPOSITION PROCEDURES

A.   All deposition limitations may be modified for good cause or by agreement.

B.   Except for depositions of a corporate representative under Fed. R. Civ. P. 30(b)(6), no more than one substantive deposition shall be taken on any one day.

C.   Depositions jointly noticed by the Direct/Indirect Purchaser Plaintiffs will be limited to 7 hours of direct examination, unless the Parties otherwise agree or the Court or the Special Master issues an order based on a showing of good cause. In the event the same witness is noticed by the Direct/Indirect Purchaser Plaintiffs and counsel for any Individual Action Plaintiff and/or any State Attorney General, the deposition will be limited to one and one-half (1 1/2) days of deposition, consecutive when reasonably practicable, with one day (7 hours) allocated to the Direct/Indirect Purchaser Plaintiffs for direct examination of any witness who does not require a translator and four (4) hours allocated each to the Individual Action Plaintiffs and separately to the State Attorneys General for direct examination of any such witness. To the extent any defendant cross-notices a deposition first noticed by the CRT Plaintiffs, two additional hours of time shall be provided for further examination by the CRT Plaintiffs collectively. In the event a party or parties cross notices a deposition first noticed by an opposing party, the deposition shall be scheduled for an additional consecutive day of 7 hours allocated to all cross-movants of the cross-noticing side collectively, unless a different arrangement is agreed to by the Parties in advance or ordered by the Court or the Special Master for good cause.

D.   To the extent a witness requests an interpreter, the Parties anticipate that the interpreter will be used either for all of the deposition or for only a small number of questions. To the extent an interpreter is used for all or nearly all of the deposition, the time limits set forth in Paragraphs I.B. and C. and II.C above shall be doubled. In all other situations, the Parties will cooperate in good faith to extend the deposition time to account for the use of the interpreter,

4

1  guided by the principle that deposition time during which an interpreter is used should be counted

2  at 50% or one half the actual amounts against the above set limits.

3       E.     A witness may be deposed only once in these proceedings, unless a witness

4  properly revokes an earlier assertion of the Fifth Amendment, by agreement of the Parties, or by

5  order of the Court or the Special Master based on a showing of good cause. This limitation will

6  not affect the rights of a Party to seek to depose as a fact witness an individual who has been

7  previously deposed solely as a corporate representative of a Party designated under Fed. R. Civ.P.

8

9  30(b)(6), or of other Parties to object to such depositions. Nor will this procedure affect the rights

10  of a Party to seek a corporate representative deposition under Fed. R. Civ. P 30(b)(6) when the

11  corporate representative has been previously deposed as a fact witness, or of other Parties to object

12  to such depositions.

13  **III.**    **ALLOCATION OF DEPOSITION TIME**

14       A.     Time used by an examining Party shall count against that side's (i.e., Direct/Indirect

15  Purchaser Plaintiffs', Individual Action Plaintiffs', State Attorneys' General or Defendants')

16  deposition time, regardless of which Party noticed the deposition.  For example, if a lawyer

17  representing Direct Purchaser Plaintiffs asks questions at a deposition noticed by a defendant, that

18  examination time shall count against all Direct/Indirect Purchaser Plaintiffs' and Individual Action

19  Plaintiffs'/State Attorneys General's deposition time, and vice versa.

20       B.     As to all depositions noticed by Direct/Indirect Purchaser Plaintiffs, Interim Lead

21  Counsel for the Direct Purchaser Plaintiffs, Interim Lead Counsel for the Indirect Purchaser

22  Plaintiffs, and the State Attorneys General shall confer before the deposition to allocate

23  examination time among any plaintiffs' counsel intending to participate and ask questions at the

24  deposition.  All examination time allocated to the Direct Purchaser Plaintiffs and the Indirect

25  Purchaser Plaintiffs at a deposition shall be allocated to them in equal shares unless otherwise

26

27

28

5

1 agreed to by the Interim Lead Counsel for the Direct Purchaser Plaintiffs and the Interim Lead

2 Counsel for the Indirect Purchaser Plaintiffs. Counsel for any plaintiff objecting to the allocation

3 of examination time among plaintiffs shall be required to seek relief from the Special Master by

4 means of a teleconference hearing no later than seven (7) days before the date of the deposition.

C.     As to depositions noticed by Defendants, Individual Action Plaintiffs, or States

Attorney General, the examination time shall be allocated by agreement among them, based on the

allocations set forth above. Counsel for any Party objecting to that allocation of examining time

shall be required to seek relief from the Special Master by means of a teleconference hearing no

later than seven (7) days before the date of the deposition.

D.     To the extent Direct/Indirect Purchaser Plaintiffs, Individual Action Plaintiffs, State

Attorneys General, or Defendants cross-notice a deposition, the time needed to conduct any

examination under such cross-noticed deposition shall not be deducted from the time of the Party

who originally noticed the deposition.

## IV.     SCHEDULING OF DEPOSITIONS

A.     Counsel for the Direct Purchaser Plaintiffs, the Indirect Purchaser Plaintiffs,

Liaison Counsel for the Individual Action Plaintiffs, and counsel for the State Attorneys General,

will consult with one another to coordinate, to the extent practicable, all scheduling, noticing and

taking of depositions. Neither counsel for the Direct Purchaser Plaintiffs, the Indirect Purchaser

Plaintiffs, the Individual Action Plaintiffs, nor the State Attorneys General shall unilaterally take

steps to schedule and notice a deposition without consulting in advance with each other. Counsel

for the Direct/Indirect Purchaser Plaintiffs will provide reasonable advance notice to Liaison

Counsel for the Individual Action Plaintiffs and counsel for the State Attorneys General of any

scheduled deposition. The duty to consult in advance is neither intended to give any party or group

of parties a veto right over other parties, nor intended to lessen the previously assigned role of Direct/Indirect Purchaser Plaintiffs' counsel in co-coordinating this litigation.

B. The Defendants will consult with one another so that, to the extent practicable, depositions noticed by the Defendants can be coordinated.

C. Required Consultation. Consistent with N.D. Cal. Local Rule 30-1, the noticing party shall confer about scheduling with counsel for the witness, and, to the extent the witness is a current or former employee of any Party, counsel for that Party, before noticing any deposition. Counsel for each Party participating in such consultations shall keep their Party's liaison counsel apprised of all proposed deposition dates. To the extent the witness is a former employee of any Party and is not currently represented by counsel for that Party, counsel for that Party shall provide in response to a written request from the noticing Party the date of departure and last known address of the former employee, except to the extent providing such last known address would violate the privacy law (or similar law) of a foreign country.

D. Exhibit List. Interim Lead Counsel for Direct Purchaser Plaintiffs and Interim Lead Counsel for Indirect Purchaser Plaintiffs will maintain a master exhibit list to facilitate sequential numbering of exhibits, and will reasonably share this list with any Party that requests it.

E. Deposition Notices. Depositions shall be noticed pursuant to the Federal Rules of Civil Procedure and all notices shall be served on all Parties electronically. Any subpoenas for deposition testimony shall be served on witnesses as required by law, but copies may be served electronically on all Parties. Deposition notices shall have the legal effect of a deposition notice in all CRT Cases.

## V. POSTPONEMENTS

Once a deposition has been scheduled, it shall not be taken off calendar, postponed, or rescheduled, except by agreement of the counsel responsible for scheduling as set forth above, or

Case3:07-cv-05944-SC Document1128-9 Filed04/03/12 Page8 of 19 Page 9 of 20

by other relief obtained from the Special Master or the Court for good cause shown.

## VI. LOCATION

In order to minimize expense and inconvenience to the parties, witnesses and counsel, as well as to permit judicial intervention for ongoing depositions (if necessary), depositions of witnesses residing in foreign countries shall presumably take place in the Northern District of California unless a foreign witness or a party shows that it is more appropriate to have a deposition taken at a place outside the United States. The requesting party or parties shall be responsible for payment of reasonable traveling and lodging expenses for any 30 (b)(6) foreign resident witnesses produced in the United States, unless there are other reasons for the deponents' presence in the United States. Other than 30 (b)(6) witnesses, it will be presumed that the expenses of the traveling and lodging for witnesses will be borne by the witness or his employer.

The parties shall meet and confer regarding the locations in attempt to resolve any issues without judicial intervention. Disputes that cannot be resolved through the meet and confer process shall be decided on an expedited basis by the Special Master through a telephonic hearing with no briefing unless ordered.

Given the travel costs involved, the Parties are to be flexible about completing and continuing depositions in order to avoid repeat travel. Witnesses will remain available day-to-day until their depositions have been completed, as long as that deposition does not exceed the time allotted above. For depositions that occur outside the United States, Defendants shall make good faith efforts to "cluster" depositions in specific areas.

## VII. INTERPRETERS AND INTERPRETED TESTIMONY

A.     Requesting an Interpreter.   Any Party or witness intending to use an interpreter shall give notice that an interpreter will be required within 10 days of receiving notice of the deposition.  The Party requesting an interpreter shall bear the expense of providing an interpreter.

8

B.    Objections. If a "check" interpreter objects to any portion of the official

interpretation, the objection shall be stated simply for the record. The interpreter of record need

not respond.

All questions, answers, objections and colloquy between counsel shall be interpreted for

the witness; however, all counsel shall refrain from unnecessary colloquy and lengthy speaking

objections, so as not to obstruct the depositions.

## VIII.    PRE-DESIGNATION OF EXHIBITS

Not later than four business days before a deposition, all Parties intending to examine a

deponent may serve via electronic mail a non-binding list of documents (by Bates number) that

counsel anticipates using or referring to during the deposition. Examining counsel is not

responsible for bringing copies of pre-designated exhibits for other counsel. Any counsel who

does not pre-designate documents shall not forfeit the right to use them, but in that case shall bring

sufficient copies of such documents to the deposition. Counsel are not obligated to pre-designate

exhibits. With respect to all exhibits that have been marked and used in a prior deposition in a

CRT case, "sufficient copies" shall mean four (4) hardcopies. With respect to any "new" exhibit

(i.e., an exhibit that has not been marked and used in a prior deposition in a CRT case), "sufficient

copies" shall mean either at least ten (10) hardcopies if the deposition takes place in San

Francisco, or at least six (6) hardcopies if the deposition takes place outside of San Francisco. In

all events, examining counsel, defending counsel, and all other counsel attending the deposition

shall cooperate in good faith so that counsel for each Party attending the deposition will have

adequate access during the deposition to an exhibit used by examining counsel during the

deposition.

## IX.    PARTICIPATION BY TELECONFERENCE

To minimize travel and related costs, counsel may participate in any deposition by

9

telephone. Counsel intending to do so must notify counsel for the Party that noticed the deposition and counsel for the witness at least 5 days before the date of the deposition. Counsel noticing the deposition shall make arrangements so that a conference call line and a real-time video and text feed are available during the deposition. Any party appearing by real-time video, text feed, or conference call line shall be responsible for the cost of the additional feature. Examining counsel and counsel intending to participate by phone shall cooperate in good faith to facilitate such participation. To facilitate participation by phone, any objection to the form of a question shall be deemed to have been made on behalf of all other Parties.

## X.    NUMBERING OF DEPOSITION EXHIBITS

Each document marked for identification at a deposition shall be numbered with a new exhibit number unless it has previously been marked, in which case the examining attorney will use the previous exhibit number and refer to the document by that number. All exhibits shall be marked sequentially. For documents that have been translated, the translation should share the same Exhibit number as the underlying document and shall be followed with the letter "E" signifying it as a translated version of the document. Should a translated document entered into the record become altered at a later date as a result of resolved objections to the translation as provided *infra* at Section XVI.F, the updated version shall be labeled with the same numbered designation and followed with "EF" signifying a final translated version.

## XI.   CONDUCT OF DEPOSITIONS

A.    Regardless of location, all depositions shall be conducted in accordance with all applicable Federal Rules of Civil Procedure and the Federal Rules of Evidence unless otherwise required by law. All objections shall be stated concisely in a non argumentative and non suggestive manner. Any objection to the form of a question shall be deemed to have been made on behalf of all other Parties. The objection of one counsel to a question need not be repeated by

10

another counsel to preserve that objection on behalf of such other counsel, and counsel shall avoid

repeating objections already preserved.

       B.     The court reporter service shall maintain a total running time for actual depositions

in order to measure compliance with the time limitation and the time allocation provisions above.

## XII.   STANDARD STIPULATION

       The following stipulation will apply to all depositions taken in these actions and shall be

included in each transcript by the court reporter:

       1.     Upon completion of the transcription of today's session, the original

transcript shall be sent to counsel for the witness by the court reporter. Counsel shall promptly

forward it to the witness for review, correction, and signature under penalty of perjury. Within 30

days of receiving the transcript from the court reporter, the witness's counsel shall then forward

the original transcript plus corrections to the court reporter, who will promptly notify all counsel

of its receipt and any changes to testimony made by the witness.

       2.     If the witness is not represented by counsel, the original transcript will be

sent to the witness by the court reporter.  After review, correction, and signature within 30 days

from the date of receipt, the witness shall return the original transcript to the court reporter, who

will notify all counsel of its receipt and any changes to testimony made by the witness.  Any

witness who makes changes to his or her deposition transcript must, as required by Federal Rule of

Civil Procedure 30(e)(2), sign a statement listing the changes and the reasons for making them.

       3.     The court reporter will provide the original transcript to the first examining

attorney.  If, for any reason, the original is lost, misplaced, not returned, not signed, or

unavailable, a certified copy may be used in its place for all purposes.

Case3:07-cv-05944-SC Document123-9 Filed04/03/12 Page12 of 15

## XIII.  FIFTH-AMENDMENT ASSERTIONS

A.    Upon receipt of notice that a witness intends to assert the Fifth Amendment, the examining attorneys may submit a list of written questions to the witness to speed up the deposition, delivered no fewer than 5 days before the scheduled deposition. At the deposition, the written questions and any associated documents will be introduced as an exhibit to the deposition, and the witness shall be asked summarily whether the witness would assert the Fifth Amendment to each of the written questions if they were posed individually. If the answer to the summary question is "yes," the deposition shall last no more than one hour.  To the extent that an answer to the summary question is "yes," use of the questions and answers at trial will not be precluded on the basis that the written questions were not asked and answered individually. The use of the written questions and associated documents shall not prevent questions from being asked other than those contained in the written ones subject to the time limits described herein. All objections to written questions submitted to a deponent will be reserved, including objections to form.

B.    Any person who at a deposition asserts his or her right under the Fifth Amendment of the United States Constitution not to testify will be bound by that assertion of the privilege and shall not be permitted to testify otherwise unless, not later than 60 days prior to the date set for the close of fact discovery, notice is provided in writing of the intent to revoke the assertion of privilege and the willingness of the person to testify.  Upon notice, the revoking deponents will make themselves available for deposition at their expense in San Francisco, California not later than 45 days prior to the close of fact discovery or at a later time at the discretion of Plaintiffs if necessary to adequately arrange and prepare for the deposition.

C.    Notwithstanding Paragraph B of this section or Paragraph II(E) above, the California Attorney General shall have the right to take additional depositions of those witnesses who have asserted the Fifth Amendment, even if those witnesses have not revoked that assertion,

Case 3:07-cv-05944-SC Document 1123-9 Filed 04/03/12 Page 13 of 15

if she chooses to grant compulsory immunity. See, e.g., Cal. Bus. & Prof. Code § 16758. Any

such depositions, or any objections to said depositions, shall be handled under the auspices of the

state court rather than in these proceedings.

## XIV. USE OF DEPOSITIONS

The depositions taken by any Party pursuant to this Deposition Protocol may be made

available and used in all CRT Cases, and in any substantially similar case not part of this

proceeding, such as the case filed by the California Attorney General. In any CRT Case or

substantially similar case where a deposition transcript of a witness is made available for use, the

witness may not be deposed again on the topics addressed in the deposition with the exception that

the California Attorney General may depose a witness on those topics if the California Attorney

General can demonstrate good cause for such a deposition on those topics based on newly-

discovered evidence that was not available in these proceedings. Before a deposition taken

pursuant to this Order may be used by any person not part of this proceeding, that person must

agree either (1) to abide by the terms of the Stipulated Protective Order entered in this proceeding

and execute Exhibit A thereto, or (2) to abide by the terms of a substantially similar protective

order. Insofar as the case filed by the California Attorney General is concerned, before a

deposition taken pursuant to this Order may be used by any person not part of this proceeding, that

person must agree to abide by the terms of the Stipulated Protective Order that will be entered in

that case.

## XV. COORDINATION OF DISCOVERY AND INDIVIDUAL ACTIONS

A.      As used in this Order, the term "Individual Action Plaintiff" means any plaintiff

besides the direct purchaser class action plaintiffs, the indirect purchaser class action plaintiffs,

and State Attorneys General. The term "Individual Actions" means the actions brought by the

Individual Action Plaintiffs transferred to the above-captioned multidistrict litigation.

B.      Individual Action Plaintiffs shall select a Liaison Counsel for Individual Action

Plaintiffs, who will execute the duties described below on behalf of all individual action plaintiffs.

To the extent any individual action plaintiff, including any plaintiff in any individual action joined

after entry of this order, does not agree as to which counsel shall serve as the Liaison Counsel for

Individual Action Plaintiffs, the disputing individual action plaintiffs shall bring the matter to the

Special Master for resolution.

C.      Discovery in all actions transferred to this MDL proceeding shall be coordinated.

Interim Lead Counsel for Direct Purchaser Plaintiffs and Interim Lead Counsel for Indirect

Purchaser Plaintiffs, in consultation with Liaison Counsel for Individual Action Plaintiffs and any

State Attorneys General, shall be responsible for coordination of discovery in all actions

transferred to this MDL proceeding. The duty to consult with the Individual Action Plaintiffs and

any State Attorney General is neither intended to give any party or group of parties a veto right

over the other parties, nor intended to lessen the previously assigned role of Direct/Indirect

Purchaser Plaintiffs' counsel in co-coordinating this litigation.

D.      All CRT Plaintiffs' counsel and Defendants' counsel shall engage in their best

efforts to conduct discovery efficiently and without duplication.

E.      Interim Lead Counsel for Direct Purchaser Plaintiffs and Interim Lead Counsel for

Indirect Purchaser Plaintiffs, Individual Action Plaintiff Liaison Counsel, and State Attorneys

General shall consult in good faith in an effort to propound joint written discovery requests, but to

the extent separate written discovery is served, plaintiffs shall not duplicate interrogatories,

requests for admission, and requests for documents. Likewise, Defendants shall consult in good

faith in an effort to propound joint written discovery requests, but to the extent separate written

discovery is served, Defendants shall not duplicate interrogatories, requests for admission, and

requests for documents. Duplication is a proper objection to written discovery requests. This

14

Case3:07-cv-05944-SC Document1123-9 Filed04/03/12 Page15 of 19

1  paragraph in no way prejudices or diminishes any plaintiffs' right to serve their own written

2  discovery requests regarding issues that are not common to any other plaintiffs, in the event that

3  the parties are unable to propound joint written discovery after consulting in good faith.

4      F.      All discovery previously produced by the Defendants to plaintiffs in the above-

5  captioned action shall be produced by Defendants to the Individual Action Plaintiffs and the State

6  Attorneys General.  The Defendants, the Individual Action Plaintiffs, or the State Attorneys

7  General may use this previously-produced discovery during discovery, in pretrial motions, at trial,

8  or for any other purpose to the same degree as if the discovery was provided in response to

9  requests propounded by the Individual Action Plaintiffs or the State Attorneys General. This

10 provision is without prejudice to the Individual Action Plaintiffs' or State Attorneys General's

11 ability to propound additional discovery on the Defendants.  The Individual Action Plaintiffs may

12 propound additional discovery on the Defendants provided that the Individual Action Plaintiffs

13 (1) demonstrate good cause as to why the information they seek is not contained in the documents

14 previously produced in MDL No. 1917; and (2) identify the information they seek as specifically

15 as possible.  In propounding any additional discovery requests, the Individual Action Plaintiffs

16 (not the undersigned Defendants) bear the burden of determining what was previously produced in

17 MDL No. 1917.

18

19     G.      Defendants may refer to their previously produced discovery in response to any

20 discovery propounded by the Individual Action Plaintiffs or State Attorneys General if, and to the

21 extent that, the previously-produced materials are responsive to the Individual Action Plaintiffs' or

22 State Attorney General's discovery requests. Defendants do not waive (a) any previously lodged

23 objection to the production of documents, or (b) any objection to the admissibility or use of any

24 document for any purpose except an objection based on the fact that the Defendants produced the

25 documents in the first instance to other plaintiffs in the above-captioned action. Any defendant's

26

27

28

objection to the admissibility or use of any document by any party shall apply equally to the Individual Action Plaintiffs' and State Attorneys General's admission or use of that document.

H.      Any discovery requests, including written discovery, deposition notices, or subpoenas served in this MDL proceeding, shall be served on Interim Lead Counsel for Direct Purchaser Plaintiffs and Interim Lead Counsel for Indirect Purchaser Plaintiffs, each State Attorney General, and Liaison Counsel for Individual Action Plaintiffs, who shall be the only individual action plaintiffs' counsel who must be served with discovery requests and responses, and on counsel for each defendant.

I.      Defendants, the Individual Action Plaintiffs, and the State Attorneys General waive the production of initial disclosures in any Individual Action.

## XVI.   TRANSLATIONS

A.      <u>Certified Translations</u>.  All translations entered as an exhibit during deposition or offered in connection with a motion shall be certified by a professional translator accredited or certified by, or holding a certificate in translation from a program approved by, the American Translator's Association; another member organization of the Federation Internationale de Traducteurs; and those approved and authorized to translate in California courts, including this District, by the Judicial Conferences of California.  By consent of the Parties, the selected firms may also employ translators with comparable qualifications in order to meet a high volume of requests. These translation companies shall be required to execute Exhibit A to the Stipulated Protective Order.

B.      Documents that previously have been submitted for certified translation need not be retranslated or reformatted to conform with this Order, but shall be subject to the objection provisions of Paragraph F below.

C.     A party submitting a document for translation shall have the following portions translated, unless there is good reason not to and the party gives notice to other parties: (i) For correspondence and memoranda, the entire document should be translated, unless the produced materials incorrectly batch multiple, separate documents into a single document, in which case only the pages appropriately belonging to the correspondence or memoranda need be translated; (ii) For e-mails, the entire e-mail string should be translated, unless the produced materials incorrectly batch multiple, separate documents into a single document, in which case only the pages appropriately belonging to the e-mail string need be translated; (iii) Calendars, notebooks, annual reports, financial statements and regulatory filings need not be translated in their entirety; (iv)Attachments to a particular document, memorandum or e-mail string need not be translated. If a party wants to enter an attachment into the record in conjunction with an e-mail string or parent document, the attachment shall be translated in its entirety and labeled with a subsequent exhibit number pursuant to Section IX.   Any party may request the translation of additional parts of a document, or all or part of an attachment, at its own expense.

D.     Document translations shall bear the same Confidential or Highly Confidential designation as the original. Each page shall be Bates numbered and marked "Translation". Because languages occupy different amounts of space to say the same thing, it is impracticable for the translation to be paginated in the exact same way as the original.  Parties should ensure the Bates numbers are located in the same location within the text as would be found in the underlying document (e.g. the Bates number may physically fall in the middle of a page, rather than at the bottom).  Unless otherwise agreed, document translations shall use the same Bates number as the original, followed by .01, .02, etc. for any additional pages required for the translated text. A translation may not contain independent notes that are not within the text of the original document (e.g., notes from the translator or counsel). Emphasis in the translation (e.g., bold, italics,

Case3:07-cv-05944-SC Document1123-9 Filed04/03/12 Page18 of 19

1   underlined) must appear in the same form as in the original document. However, translator

2   notations such as "original text is in English," "original text is handwritten," or "untranslatable

3   symbol" may be included in brackets.

4       E.    The Party submitting the document shall pay for the translation, and shall be billed

5   for it directly by the translation company. The translation company shall not disclose to any other

6   party or counsel the identity of documents they have been asked to translate, and the parties need

7   not give notice to any other party that they have submitted a document for translation.

8

9       F.    All certified translations shall be presumed to be accurate. Objections to the

10   accuracy of any translations shall be asserted within 30 days after the translation is first offered on

11   a motion, or, if the document is first used at a deposition, within 30 days after the final transcript

12   of the deposition is provided to the deponent for correction. Objections shall state the specific

13   inaccuracies of the translation and offer an alternative translation of the portions of the document

14   objected to. If the Parties are unable to resolve the dispute, it shall be submitted to the Special

15   Master, or by the Court if raised in connection with a dispositive motion. If no objection is made

16   to a translation within the 30-day limit, it shall be deemed accurate, and no objection to

17

18   admissibility on grounds of inaccuracy of the translation will be permitted.

19       G.    The Parties agree that a translation modified pursuant to Section XVI.F shall have

20   no impact on the admissibility, nature or meaning of deposition testimony regarding, based upon

21   or otherwise made in reliance of a properly designated translation subsequently modified pursuant

22   to Section XVI.F.

23

24       H.    The parties may agree on adjustments to this translation protocol to promote

25   efficiency or fairness, and advise the Special Master accordingly. Notwithstanding the provisions

26   of this Order, the Court retains discretion to alter the treatment and admissibility of translated

27   documents at trial if necessary.

28

## XVII.  PRESERVATION OF DEFENSES

Any Party's agreement to and appearance on this stipulation does not constitute a waiver of any defense or right not specifically addressed.  Defendants preserve all defenses, including all defenses under Federal Rule of Civil Procedure 12.

## XVIII.  DEFENDANTS' DEPARTING CUSTODIANS

As to each document custodian agreed upon by the parties or designated by the Court, Defendants shall timely inform the CRT Plaintiffs in writing if such custodian intends to leave, or does leave, his employment.  Defendants shall also request that the custodian appear for deposition at a date, place and time convenient for the parties and the custodian, without the need for service of a third party subpoena or other formal judicial process on the custodian, and to inform the CRT Plaintiffs of the custodian's response to such request.  Defendants shall take reasonable steps to preserve relevant documents belonging to any such departing custodian for production in this case.  These requirements will cease on July 31, 2012.

IT IS SO ORDERED.

DATED: April 3, 2012

Hon. Samuel Conti
United States District Judge