# EXHIBIT 5

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| In re STATIC RANDOM ACCESS MEMORY (SRAM) ANTITRUST LITIGATION | Case No. M:07-CV-01819-CW<br>MDL No. 1819 |
| This Documents Relates To:<br>ALL ACTIONS | **ORDER RE DEPOSITIONS** |

The following limits shall apply to depositions taken in the above-captioned matter:

**Number of Depositions**

*Percipient Witnesses*

1. The direct and indirect plaintiffs collectively may depose up to 75 percipient witnesses as part of the joint, coordinated discovery in this case with a maximum of twelve (12) depositions for any individual Defendant Group,[1] as part of the joint, coordinated discovery in this case.

2. The defendants collectively may take up to 30 percipient witness depositions, in addition to a deposition of each class representative.

*30(b)(6) Depositions*

3. The direct and indirect plaintiffs collectively may take up to 12 hours of 30(b)(6) depositions of each Defendant Group as part of the joint, coordinated discovery provided that the deposition is in English. If a translator is used, there shall be up to 24 hours of 30(b)(6)

---

[1] A "Defendant Group" refers to defendants that are part of the same corporate family, e.g., Hynix Semiconductor, Inc. and Hynix Semiconductor America, Inc. constitute a single Defendant Group. However, the Mitsubishi, Hitachi and Renasas Defendant Groups cannot collectively constitute more than two such Defendant Groups.

-1-

1  depositions. The parties shall meet and confer about 30(b)(6) topics and witnesses. These 30(b)(6)
2  depositions do not count towards the number of depositions of percipient witness depositions in
3  Paragraph 1.

### *Depositions on Issues Unique to Indirect Purchaser Claims*

4. The defendants and counsel for the indirect purchaser plaintiffs will meet and confer on limits for additional depositions on issues unique to the indirect purchaser claims.

**Deposition Locations**

5. In order to minimize the expense and inconvenience to parties, witnesses, and counsel, as well as to permit immediate court intervention for ongoing depositions (if necessary), depositions of foreign witnesses shall take place in the United States, unless the foreign witness shows that it is more appropriate to have the deposition take place outside the United States. The following principles and guidelines shall apply: (1) to the extent a witness recently or frequently has traveled to the United States for business, or otherwise does business in the United States, generally those witnesses' depositions will occur in the United States; (2) to the extent a witness has managerial authority (and is thus subject to deposition notice pursuant to FRCP 30(b)(1)), the depositions of such witnesses will occur in the United States; (3) depositions of a corporation (pursuant to FRCP 30(b)(6)) will occur in the United States (the Northern District of California). The requesting Party (or Parties) shall be responsible for payment of the reasonable travel and lodging expenses for any non-30(b)(6) foreign witness produced in the United States. The parties shall meet and confer regarding the locations to attempt to resolve any issues without Court intervention. Disputes that cannot be resolved through the meet and confer process shall be decided on an expedited basis by the Special Master through a telephonic hearing with no briefing unless so ordered.

**Deposition Rules**

**Stipulated And Agreed To Paragraph 6**

6. All depositions of party witnesses, as well as non-party witnesses represented by counsel for any defendant, will be governed by the Federal Rules of Civil Procedure.

**Fifth Amendment Depositions**

**Stipulated And Agreed To Paragraph 7**

7. Counsel for the defendant by whom a noticed deponent is employed will attempt in good faith to notify plaintiffs ten (10) calendar days before the agreed-upon date of any deposition if the deponent plans to invoke his or her Fifth Amendment privilege against self-incrimination at the deposition. The parties recognize, however, that circumstances affecting a deponent's decision whether to invoke the privilege may change at a time within that ten-day (10-day) period. Moreover, individual deponents are not parties to this litigation and may be represented by separate counsel. But when a former employee is represented by counsel for defendant, the same good faith effort to provide notice about Fifth Amendment privileges should be provided as if the witness were a current employee. Defendants do not exercise final control over the timing of deponents' decisions about this matter, nor do they have the power to waive any individual's Fifth Amendment rights. In the event that an employee deponent's decision changes within the ten-day (10-day) period, counsel for the relevant defendant will notify plaintiffs as quickly as practicable of the deponent's plans. Nothing in this provision shall be construed to affect the right of any employee or deponent to invoke his or her Fifth Amendment privilege against self-incrimination.

**Time Limits for Depositions**

**Paragraph 8**

8. All parties agree that there is a presumption that all depositions should be taken within the allotted seven-hour time frame pursuant to the Federal Rule of Civil Procedure 30(d)(2), except if a translator is used for a deposition in which case there shall be a 14 hours time

-3-

W02-WEST:7DLB1\401463105.21

limit. If a party determines that it is necessary to expand this time frame for any reason, this will be negotiated on a witness-by witness basis.

**Representation and Availability of Witnesses**

9. For each person that plaintiffs identify in writing as a witness whom they wish to depose, counsel for defendant will respond within fourteen days providing the following information: (1) whether the person is a current or former employee, (2) if a former employee, whether counsel for defendant will represent the former employee; (3) available dates for deposition; (4) if a foreign witness, proposed location for deposition; and (5) whether the witness will testify in a foreign language. (For depositions already noticed or scheduled, to the extent they have not already done so, Defendants will immediately provide such information.) Counsel for defendant will accept service for former employees they represent.

**Timeliness of Service**

10. For party witnesses and non-party witnesses represented by counsel for defendants, 21 days shall be sufficient time to serve a notice of deposition or subpoena to secure the attendance of a witness at a deposition, and to require production of documents at least two days in advance of the deposition. Nothing in this provision, however, relieves the obligation of counsel to negotiate in good faith to reach agreement on a deposition date.

**Other Matters**

<u>**Stipulated And Agreed To Paragraph 11**</u>

11. The number of depositions permitted in this litigation may be expanded by stipulation, or upon motion to the Court for good cause.

-4-

## Stipulated And Agreed To Paragraph 12

12. This Order does not limit any party's right to object to or seek a protective order with respect to any deposition noticed in this case.

IT IS SO ORDERED.

DATED: Apr. 9, 2009

HONORABLE FERN SMITH
UNITED STATES DISTRICT JUDGE (RET.)
SPECIAL MASTER