# EXHIBIT 6

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: TFT-LCD (FLAT PANEL) ANTITRUST LITIGATION | Master File No. M:07-1827 SI<br><br>MDL No. 1827 |
| This Document Relates To:<br><br>ALL ACTIONS. | **ORDER RE: DEPOSITION PROTOCOL** |

**WHEREAS** this litigation has been consolidated and transferred by the Judicial Panel on Multidistrict Litigation to the above-referenced Court for pretrial proceedings;

**WHEREAS** the Court has appointed Hon. Fern M. Smith (Ret.) to serve as Special Master;

**WHEREAS** it is in the interests of justice, and consistent with the Federal Rules of Civil Procedure, to adopt procedures to organize discovery and minimize burdens on the parties in these consolidated cases, all actions treated as "Related Cases" pursuant to Civil L.R. 3-12 that have been or may be filed in this District, and any additional present and future actions transferred to this Court as "tag-along actions" by the MDL Panel pursuant to Rule 7.4 of the Rules of Procedure for the Judicial Panel on Multidistrict Litigation (collectively, the "TFT-LCD Cases");

**WHEREAS** on July 3, 2007 and July 13, 2007, the Court entered pretrial Orders, pursuant to the procedures recommended in the Manual for Complex Litigation 4th, which appointed Interim Lead Counsel and Liaison Counsel whose responsibilities include the supervision of all pretrial, trial and post-trial proceedings on behalf of plaintiffs, the negotiation

of stipulations with respect to discovery, and the development of mechanisms and procedures for the joint examination of witnesses at deposition;

WHEREAS the parties were not able to reach agreement on all of the suggested guidelines and protocols and the matter has been briefed and orally argued before the Special Master; this Order now issues.

## I. DEPOSITION PROCEDURES

All deposition limitations may be modified for good cause or by agreement.

A. The number of depositions shall be governed by the terms of the Special Master's Order Re Number of Depositions ("Order re: Number of Depositions") (Docket # 983), which applies to all Parties.

B. Except for depositions of a corporate representative under Fed. R. Civ. P. 30(b)(6), no more than one substantive deposition shall be taken on any one day.

C. Depositions jointly noticed by the Direct and Indirect Purchaser Plaintiffs will be limited to 7 hours of direct examination, unless the Parties otherwise agree, or the Court issues an order based on a showing of good cause. In the event the same witness is noticed by both the Direct/Indirect Purchaser Plaintiffs and counsel for any individual Plaintiff, the deposition will be limited to one and one-half (1 ½) days of deposition, consecutive when reasonably practicable, with one day (7 hours) allocated to the Direct/Indirect Purchaser Plaintiffs for direct examination of any witness who does not require a translator and four (4) hours allocated to the individual Plaintiffs for direct examination for any such witness. To the extent any defendant cross-notices a deposition first noticed by the Plaintiffs, two additional hours of time shall be provided for further examination by all Plaintiffs collectively.

In the event a party or parties cross notices a deposition first noticed by an opposing party, the deposition shall be scheduled for an additional consecutive day of 7 hours allocated to all cross-movants of the cross-noticing side collectively, unless a different arrangement is agreed to by the parties in advance or ordered by the Special Master or the Court for good cause.

D. To the extent a witness requests a translator, the Parties anticipate that the translator will be used either for all of the deposition or for only a small number of questions. To the extent a translator is used for all or nearly all of the deposition, the time limits set forth in paragraph I.C. above shall be doubled. In all other situations, the Parties will cooperate in good faith to extend the deposition time to account for the use of the translator, guided by the principle that deposition time during which a translator is used should be counted at 50% or one half the actual amounts against the above set limits.

E. A witness may be deposed only once in these proceedings, except if necessary for a witness to revoke an earlier assertion of the Fifth Amendment, by agreement of the Parties, or by order of the Court or the Special Master based on a showing of good cause. This procedure will not affect the rights of a Party to seek to depose as a fact witness an individual who has been previously deposed solely as a corporate representative of a Party designated under Fed. R. Civ. P. 30(b)(6), or of other Parties to object to such depositions. Nor will this procedure affect the rights of a Party to seek a corporate representative deposition under Fed. R. Civ. P 30(b)(6) when the corporate representative has been previously deposed as a fact witness, or of other Parties to object to such depositions.

## II. ALLOCATION OF DEPOSITION TIME

A. Time used by an examining Party shall count against that side's (*i.e.*, Class Plaintiffs', Individual Plaintiffs' or Defendants') deposition time, regardless of which Party noticed the deposition. For example, if a lawyer representing Direct Purchaser Plaintiffs asks questions at a deposition noticed by a defendant, that examination time shall count against all class plaintiffs' deposition time, and vice versa.

B. As to all depositions noticed by Class Plaintiffs, Interim Lead Counsel for the Direct Purchaser Plaintiffs and Interim Lead Counsel for the Indirect Purchaser Plaintiffs shall confer before the deposition to allocate examination time among any such Plaintiffs' counsel intending to participate and ask questions at the deposition. All examination time allocated to the Direct Purchaser Plaintiffs and the Indirect Purchaser Plaintiffs at a deposition shall be allocated

- 3 -

to them in equal shares unless otherwise agreed to by the Interim Lead Counsel for the Direct Purchaser Plaintiffs and the Interim Lead Counsel for the Indirect Purchaser Plaintiffs. Counsel for any Plaintiff objecting to the allocation of examination time among Plaintiffs shall be required to seek relief from the Special Master by means of a teleconference hearing no later than seven (7) days before the date of the deposition.

C.  As to depositions noticed by Defendants, or by Individual Plaintiffs, the examination time at any deposition shall be allocated by agreement among that side, based on the allocations set forth above. Counsel for any Party objecting to the allocation of examining time among that side shall be required to seek relief from the Special Master by means of a teleconference hearing no later than seven (7) days before the date of the deposition.

D.  To the extent that Class Plaintiffs, Individual Plaintiffs or Defendants cross-notice a deposition, the time needed to conduct any examination under such cross-noticed deposition shall not be deducted from the time of the Party who originally noticed the deposition.

## III. SCHEDULING OF DEPOSITIONS

Consistent with Pretrial Order No. 5, counsel for the Direct Purchaser Plaintiffs, the Indirect Purchaser Plaintiffs and Liaison Counsel for the individual Plaintiffs will consult with one another so that, to the extent practicable, depositions can be coordinated as to scheduling, notice and taking. Neither counsel for the Direct Purchaser Plaintiffs, the Indirect Purchaser Plaintiffs, nor the Individual Plaintiffs shall unilaterally take steps to schedule and notice a deposition without consulting in advance with each other. Counsel for the Direct/Indirect Purchaser Plaintiffs will provide reasonable advance notice to Liaison Counsel for the individual Plaintiffs of any scheduled deposition. The duty to consult in advance is neither intended to give any party or group of parties a veto right over other parties, nor intended to lessen the previously assigned role of Class Plaintiffs' counsel in co-coordinating this litigation.

The defendants will consult with one another so that, to the extent practicable, depositions noticed by the defendants can be coordinated.

Any Party objecting to the date of a noticed deposition of an employee or other witness of another Party or a non-Party witness shall be required to seek relief from the Special Master no later than ten (10) days after receiving service of the deposition notice.

### A. Required Consultation

Consistent with N.D. Cal. Local Rule 30-1, the noticing party shall confer about scheduling with counsel for the witness, and, to the extent the witness is a current or former employee of any Party, counsel for that Party before noticing any deposition. Counsel for each Party participating in such consultations shall keep that Party's Liaison Counsel apprised of all proposed deposition dates. To the extent the witness is a former employee of any Party, counsel for that Party shall provide in response to a written request from the noticing Party the date of departure and last known address of the former employee.

### B. Counsel Responsible for Scheduling

Interim Lead Counsel for Direct Purchaser Plaintiffs and Interim Lead Counsel for the Indirect Purchaser Plaintiffs (in consultation with Liaison Counsel for any individual Plaintiffs), and counsel for defendants shall be responsible for scheduling depositions. Plaintiffs' Liaison Counsel shall keep a master deposition calendar to be updated regularly with any changes as a result of meet and confer efforts regarding scheduling. The master deposition calendar shall be created and updated with all changes made as soon as scheduled. The master deposition calendar shall set forth the deponent's name, affiliation, location of and anticipated length (number of days) of the deposition, the initial examiner, whether it will be videotaped, and whether an interpreter has been requested. Plaintiffs' Liaison Counsel will send the deposition calendar to all Parties on a weekly basis. Plaintiffs' Liaison Counsel will also circulate a master exhibit list on a weekly basis to all Parties to facilitate sequential number of exhibits.

### C. Deposition Notices

Depositions shall be noticed pursuant to the Federal Rules of Civil Procedure and all notices shall be served on all Parties electronically. Any subpoenas for deposition testimony shall

be served on witnesses as required by law, but copies may be served electronically on all Parties. Deposition notices shall have the legal effect of a deposition notice in all TFT-LCD Cases.

## IV. POSTPONEMENTS

Once a deposition has been scheduled, it shall *not* be taken off calendar, postponed, or rescheduled, except by agreement of the counsel responsible for scheduling as set forth in Paragraph III, above, or by other relief obtained from the Special Master or the Court for good cause shown.

## V. LOCATION

In order to minimize the expense and inconvenience to parties, witnesses, and counsel, as well as to permit immediate court intervention for ongoing depositions (if necessary), depositions of foreign witnesses shall take place in the Northern District of California, unless the foreign witness shows that it is more appropriate to have the deposition take place outside the Untied States. The following principles and guidelines shall apply: (1) to the extent a witness recently or frequently has traveled to the United States for business, or otherwise does business in the United States, generally those witnesses' depositions will occur in the Northern District; (2) to the extent a witness has managerial authority (and is thus subject to deposition notice pursuant to FRCP 30(b)(1)), the depositions of such witnesses will occur in the Northern District; (3) depositions of a corporation (pursuant to FRCP 30(b)(6)) will occur in the Northern District of California. The requesting Party or Parties shall be responsible for payment of the reasonable travel and lodging expenses for any non-30(b)(6) foreign witnesses produced in the United States, unless there are other reasons for the deponents presence in the United States. The parties shall meet and confer regarding the locations to attempt to resolve any issues without Court intervention. Disputes that cannot be resolved through the meet and confer process shall be decided on the expedited basis by the Special Master through a telephonic hearing with no briefing unless so ordered.

Given the travel costs involved, the Parties shall be flexible about completing and continuing depositions in order to avoid repeat travel. Witnesses will remain available day-to-day until their depositions have been completed, as long as that deposition does not exceed the time

allotted under Section I, above. Counsel shall not terminate depositions unnecessarily or advise witnesses that they may leave the area before their depositions are completed, as long as that deposition does not exceed the time allotted under Section I, above. For depositions that occur outside the United States, Defendants shall make good faith efforts to "cluster" depositions in specific areas, e.g. Taiwan, Korea, etc.

## VI. INTERPRETERS AND INTERPRETED TESTIMONY

### A. Requesting an Interpreter

Any Party or witness intending to use an interpreter shall give notice that an interpreter will be required within 10 days of receiving notice of the deposition. The Party requesting an interpreter shall bear the expense of providing an interpreter.

### B. Objections

If a "check" interpreter objects to any portion of the official interpretation, the objection shall be stated simply for the record. The interpreter of record need not respond. All questions, answers, and objections shall be interpreted for the witness as necessary; however, speaking objections or unnecessary colloquies among counsel are strongly discouraged and may be subject to cost and fee shifting.

## VII. PRE-DESIGNATION OF EXHIBITS

Not later than four business days before a deposition, all Parties intending to examine a deponent may serve via electronic mail a non-binding list of documents (by Bates number) that counsel anticipates using or referring to during the deposition. Examining counsel is not responsible for bringing copies of pre-designated exhibits for other counsel. Any counsel who does not pre-designate documents shall not forfeit the right to use them, but in that case shall bring sufficient copies of such documents to the deposition. Counsel are not obligated to pre-designate exhibits. With respect to all exhibits that have been marked and used in a prior deposition in a TFT-LCD case, "sufficient copies" shall mean four (4) hardcopies. With respect any "new" exhibits (*i.e.*, an exhibit that has not been marked and used in prior deposition in a TFT-LCD case), "sufficient copies" shall mean either at least ten (10) hardcopies if the deposition

takes place in San Francisco, or at least six (6) hardcopies if the deposition takes place outside of San Francisco. In all events, examining counsel, defending counsel, and all other counsel attending the deposition shall cooperate in good faith so that counsel for each Party attending the deposition will have adequate access during the deposition to any exhibit used by examining counsel during the deposition.

## VIII. PARTICIPATION BY TELECONFERENCE

To minimize travel and related costs, counsel may participate in any deposition by telephone. Counsel intending to do so must notify counsel for the Party that noticed the deposition and counsel for the witness at least 5 days before the date of the deposition. Counsel noticing the deposition shall make arrangements so that a conference call line and a real-time video and text feed are available during the deposition.

Examining counsel and counsel intending to participate by phone shall cooperate good faith to facilitate such participation. To facilitate participation by phone, any objection to the form of a question shall be deemed to have been made on behalf of all other Parties.

## IX. NUMBERING OF DEPOSITION EXHIBITS

Each document marked for identification at the depositions shall be numbered with a new exhibit number unless it has previously been marked, in which case the examining attorney will use the previous exhibit number and refer to the document by that number.

All exhibits shall be marked sequentially.

## X. CONDUCT OF DEPOSITIONS

### A. Conduct of Counsel at Depositions

Regardless of location, all depositions shall be conducted in accordance with all applicable Federal Rules of Civil Procedure and the Federal Rules of Evidence unless otherwise required by law. All objections shall be stated concisely in a nonargumentative and nonsuggestive manner. Any objection to the form of a question shall be deemed to have been made on behalf of all other Parties. The objection of one counsel to a question need not be

- 8 -

DEPOSITION PROTOCOL; MASTER
FILE: M::07-1827 SI; MDL NO. 1827

repeated by another counsel to preserve that objection on behalf of such other counsel, and counsel shall avoid repeating objections already preserved.

### B. Length of Depositions

The court-reporter service shall maintain a total running time for actual deposition to insure compliance with the time limitations set out in Section I.C and I.D and the time allocation provisions in Section II.

### XI. STANDARD STIPULATION

The following stipulation will apply to all depositions taken in these actions and shall be included in each transcript by the court reporter:

1. Upon completion of the transcription of today's session, the original transcript shall be sent to counsel for the witness by the court reporter. Counsel shall promptly forward it to the witness for review, correction, and signature under penalty of perjury. Within 30 days of receiving the transcript from the court reporter, the witness's counsel shall then forward the original transcript plus corrections to the court reporter, who will promptly notify all counsel of its receipt and any changes to testimony made by the witness.

2. If the witness is not represented by counsel, the original transcript will be sent to the witness by the court reporter. After review, correction, and signature within 30 days from the date of receipt, the witness shall return the original transcript to the court reporter, who will notify all counsel of its receipt and any changes to testimony made by the witness.

3. The court reporter will provide the original transcript to the first examining attorney. If, for any reason, the original is lost, misplaced, not returned, not signed, or unavailable, a certified copy may be used in its place for all purposes.

### XII. FIFTH-AMENDMENT ASSERTIONS

Upon receipt of notice that a witness intends to assert the Fifth Amendment, the examining attorneys may submit a list of written questions to the witness to speed up the deposition, delivered no fewer than 5 days before the scheduled deposition. At the deposition, the written questions and any associated documents will be introduced as an exhibit to the deposition, and the witness shall be asked summarily whether the witness would assert the Fifth Amendment to each of the written questions if they were posed individually. If the answer to the summary

- 9 -

DEPOSITION PROTOCOL; MASTER
FILE: M::07-1827 SI; MDL NO. 1827

question is "yes," the deposition shall last no more than one hour. To the extent the answer to the summary question is "yes," use of the questions and answers at trial will not be precluded on the basis that the written questions were not asked and answered individually. The use of the written questions and associated documents shall not prevent questions from being asked other than those contained in the written ones subject to the time limits described herein.

All objections to written questions submitted to a deponent will be reserved, including objections to form.

Any revocation of the Fifth Amendment shall be subject to the Special Master's Order Re Deponents Asserting the Fifth Amendment Privilege Against Self Incrimination (Dkt. 1381).

### XIII. USE OF DEPOSITIONS

The depositions taken by any Party pursuant to this Deposition Protocol may be made available and used in all TFT-LCD Cases. In any TFT-LCD Case where a deposition transcript of a witness is made available for use, the witness may not be deposed again on the topics addressed in the deposition.

### XIV. PRESERVATION OF DEFENSES

Any Party's agreement to and appearance on this stipulation does not constitute a waiver of any defense or right not specifically addressed. Defendants preserve all defenses, including all defenses under Federal Rule of Civil Procedure 12.

### XV. BINDING ORDER

This Deposition Protocol is binding on all Parties to MDL No. 1827, including all current or future parties to this MDL. This Deposition Protocol Order may be modified only by stipulation and order, or by order of the Special Master or the Court for good cause shown.

**RECOMMENDED BASED ON FINDINGS OF FACT** this 17 day of February, 2010

_____
HON. FERN M. SMITH (RET.)

- 10 -

DEPOSITION PROTOCOL; MASTER
FILE: M:07-1827 SI; MDL NO. 1827

**GOOD CAUSE APPEARING, IT SO ORDERED** this _____ day of _____, 2010

_____
HON. SUSAN ILLSTON