# EXHIBIT 7

1 | Guido Saveri (22349)
  | R. Alexander Saveri (173102)
2 | Geoffrey C. Rushing (126910)
  | Cadio Zirpoli (179108)
3 | SAVERI & SAVERI, INC.
  | 111 Pine Street, Suite 1700
4 | San Francisco, CA 94111-5630
  | Telephone:    (415) 217-6810
5 | Facsimile:    (415) 217-6813

6 | *Direct Purchaser Plaintiffs Counsel*

7 | Josef D. Cooper
  | COOPER & KIRKHAM P.C.
8 | 655 Montgomery Street, Suite 1700
  | San Francisco, CA 94111
9 | Telephone:    (415) 788-3030
  | Facsimile:    (415) 882-7040

10 |
   | *Indirect Purchaser Plaintiffs Counsel*
11 |
   | Robert B. Pringle (051365)
12 | Paul R. Griffin (083541)
   | Jonathan E. Swartz (203624)
13 | THELEN REID & PRIEST LLP
   | 101 Second Street, Suite 1800
14 | San Francisco, CA 94105-3601
   | Telephone:    (415) 371-1200
15 | Facsimile:    (415) 371-1211

16 | *Counsel for Defendant NEC Electronics America, Inc.,*
   | *and on Behalf of Counsel for All Defendants*
17 |

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| IN RE DRAM ANTITRUST LITIGATION | Master File No: M-02-1486-PJH (JCS) |
|---|---|
|  | MDL No. 1486 |
|  | **[PROPOSED] ORDER RE DISCOVERY PLAN** |
| This Document Relates to:<br><br>ALL ACTIONS |  |

**[PROPOSED] ORDER RE DISCOVERY PLAN**

1

On February 17, 2006, the parties, represented by their counsel of record, appeared before Magistrate Judge Joseph C. Spero for a Discovery Conference. The Court, having considered the papers filed by Plaintiffs and Defendants and the oral argument of counsel, along with all other papers on file in this action, and good cause appearing, **HEREBY ORDERS THAT**:

**A.  BACKGROUND**

There are two general categories of cases in these related actions: (1) those brought under federal law on behalf of *direct* purchasers, all of which are included in a single consolidated complaint, and (2) those brought generally under certain state laws and the Clayton Act on behalf of *indirect* purchasers throughout the United States. All plaintiffs allege that they purchased DRAM chips either directly or indirectly from defendants or from their alleged co-conspirators. Plaintiffs sued to recover damages allegedly caused by the defendants' conspiracy to fix prices and allocate markets for DRAM chips in the United States and elsewhere. The direct purchaser plaintiffs allege that the conspiracy began April 1, 1999 and continued through at least June 30, 2002 (the "Class Period"). The indirect purchaser plaintiffs allege similar class periods.

On October 26, 2005, the Court entered an Order Re Coordination of Discovery. As a result of that Order, the parties will conduct common liability discovery in a coordinated manner on the schedule previously approved by the Court. Common discovery closes in about three months, on May 12, 2006, with trial for the direct purchaser action set for February 26, 2007.

Discovery applicable only to indirect purchaser issues will begin in March 2006. Consequently, the pretrial schedule for the indirect cases contains some dates that trail the dates in the joint schedule. For example, the indirect purchaser class certification motion is tentatively scheduled to be heard four months after the direct purchaser class hearing; indirect purchaser discovery is proposed to close approximately five months after discovery closes in the direct purchaser case. Defendants have reserved their right to propose, if they deem it appropriate, that the trial on liability be a joint trial.

The following schedules have been set by the Court and are not contested. No party hereto is asking that these dates be changed:

[**PROPOSED**] ORDER RE DISCOVERY PLAN
2

## PRETRIAL SCHEDULE FOR COORDINATED DISCOVERY

| | |
|---|---|
| **July 14, 2005** | Full discovery commences, including written discovery and depositions, subject to the terms of the Stipulation and Order entered April 16, 2003. |
| **May 12, 2006** | Fact discovery closes. |
| **May 14, 2006** | Joint, coordinated discovery with direct purchaser plaintiffs closes. No further discovery on issues common to direct and indirect actions, absent agreement of parties or by order of court for good cause shown. The parties agree to meet and confer in good faith to resolve any disputes about whether discovery is common to direct and indirect actions. |

## PRETRIAL SCHEDULE FOR DIRECT PURCHASER CASES

| | |
|---|---|
| **December 9, 2005** | Last date for plaintiffs to file (a) Class Certification expert report and (b) Motion for Class Certification. |
| **December 15, 2005** | Last day to amend pleadings or add new parties, except any amendment to (a) add class representatives in response to the oppositions to class certification or consistent with the order of the Court, or (b) to name additional parties consistent with any subsequent information, indictment and/or guilty plea. |
| **March 10, 2006** | Last date for defendants to file (a) Class Certification expert report and (b) Opposition to Motion for Class Certification. |
| **April 19, 2006** | Last date for plaintiffs to file (a) any rebuttal expert report and (b) Class Certification reply brief. |
| **May 12, 2006** | Fact discovery closes. |
| **May 17, 2006** | Hearing on Motion for Class Certification. |
| **May 26, 2006** | Last date for plaintiffs to serve expert reports on merits. |
| **June 23, 2006** | Last date for defendants to serve expert reports on merits. |
| **July 10, 2006** | Last date for plaintiffs to serve rebuttal expert reports on merits. |
| **July 28, 2006** | Expert discovery closes. |
| **August 11, 2006** | Last date for filing dispositive motions. |
| **September 13, 2006** | Last date for oppositions to dispositive motions. |
| **October 11, 2006** | Last day for dispositive motions reply briefs. |
| **October 25, 2006** | Hearing on dispositive motions. (9:00 am) |
| **December 8, 2006** | Last date for settlement conference. |
| **December 8, 2006** | Last date for filing motions in limine and other non-dispositive pretrial motions. |

[~~PROPOSED~~] ORDER RE DISCOVERY PLAN

3

| | | |
|---|---|---|
| 1 | **December 15, 2006** | Last date to meet and confer re: pretrial order. |
| 2 | **December 22, 2006** | Parties must exchange proposed exhibit and witness lists. |
| 3 | **December 22, 2006** | Last date for filing pretrial order, agreed set of jury instructions and verdict forms, filing setting forth status of disputed instructions/verdict forms, etc. |
| 4 | | |
| 5 | **December 22, 2006** | Last date for filing oppositions to motions in limine. |
| 6 | **January 5, 2007** | Last date for filing motions in limine reply briefs. |
| 7 | **January 17, 2007** | Pretrial conference, hearing on motions in limine. |
| 8 | **February 26, 2007** | Trial begins. |

### PRETRIAL SCHEDULE FOR INDIRECT PURCHASER CASES

| | | |
|---|---|---|
| 10 | **March 1, 2006** | Written fact discovery related to indirect purchaser issues may be served. |
| 11 | **March 31, 2006** | Indirect Purchaser Plaintiffs' counsel and defense counsel to meet and confer by March 31, 2006, for the purpose of setting dates for expert reports, dispositive motions, and other pretrial matters. |
| 12 | | |
| 13 | **May 14, 2006** | Joint, coordinated discovery with direct purchaser plaintiffs closes. No further discovery on issues common to direct and indirect actions, absent agreement of parties or by order of court for good cause shown. The parties agree to meet and confer in good faith to resolve any disputes about whether discovery is common to direct and indirect actions. |
| 14 | | |
| 15 | | |
| 16 | **May 15, 2006** | Depositions related to indirect purchaser issues commence. |
| 17 | **June 1, 2006** | Last day for indirect purchaser plaintiffs to file (a) class certification expert reports; and (b) motion for class certification. |
| 18 | | |
| 19 | **July 14, 2006** | Last day for defendants to file (a) class certification expert reports; and (b) opposition to indirect purchasers' class certification motion. |
| 20 | **August 14, 2006** | Last day for indirect purchaser plaintiffs to file (a) class certification reply expert reports and (b) class certification reply brief. |
| 21 | | |
| 22 | **August 30, 2006** | Class certification argument (subject to Court's calendar). |
| 23 | **October 31, 2006** | Indirect Purchaser fact and expert discovery closes. |

24 **B. DISCOVERY PLAN**

25     **1.** This Discovery Plan is not intended to supercede individual agreements already

26 reached by the parties in the meet and confer process.

27 //

28 //

[PROPOSED] ORDER RE DISCOVERY PLAN

4

## 2. Dispute Resolution Procedures

Except for in an emergency, before filing any future discovery motions, the parties shall abide by the following procedures to ensure the prompt resolution of any disputes:

    **a.** Counsel for the parties shall first meet and confer to attempt to resolve any discovery dispute. This may be done by telephone, e-mail, or other form of correspondence.

    **b.** If the dispute is not resolved in short order through the meet and confer effort, lead trial counsel shall meet and confer in-person to attempt to resolve any disputes. Any party may demand such a meeting on five business days' notice. The location of these meetings shall alternate, with plaintiffs' offices being the first location for any such in-person meeting, or such other location as the parties agree upon, and with defendants choosing the next location.

    **c.** If the dispute is not resolved through this in-person meet and confer, the parties shall submit a Joint Letter Brief, not to exceed three (3) pages, setting forth the substance of the dispute, the positions of each relevant party, and the final compromise positions offered.

    **d.** Upon receipt of the Joint Letter Brief, the Court will determine what action will be taken by either issuing a ruling, holding a telephonic hearing, or, in rare cases, requesting supplemental briefing from parties.

## 3. Completion of Document Productions

The following schedule was established by the Court with respect to the completion of the production of documents in response to subpoenas and outstanding document requests.

    **a. Defendants' Document Productions**

    All Defendants shall complete their production of documents in response to Plaintiffs' First Set of Requests for Production of Documents on or before March 15, 2006.

//

[~~PROPOSED~~] ORDER RE DISCOVERY PLAN

      **b.**    **Direct Purchaser Plaintiffs Document Productions**

The Direct Purchaser Plaintiffs shall complete their production of documents in response to Defendants' Joint Request for Production of Documents and Defendants' Joint 30(b)(6) Deposition Notices on or before March 15, 2006.

      **c.**    **Indirect Purchaser Plaintiffs Document Productions**

Discovery unique to indirect purchaser issues begins on March 1, 2006. Counsel for the Indirect Purchaser Plaintiffs shall meet & confer with Defendants regarding a schedule for the production of documents unique to the Indirect Actions and shall advise the Court of the schedule at their earliest convenience.

      **d.**    **Production of Foreign Documents**

Parties may not refuse to produce documents solely on the grounds that the documents are maintained in a foreign location. The parties shall meet and confer on or before March 3, 2006 for the purpose of resolving issues related to the production of foreign documents.

**4.**    **Completion of Interrogatory Responses**

The following schedule was established by the Court with respect to the completion of the Interrogatory Responses.

      **a.**    **Responses to Pending Interrogatories**

All parties shall serve responses to any pending interrogatories on or before March 15, 2006.

      **b.**    **Completion of Answers for Rule 33(d) Responses**

For any interrogatory response made under Rule 33(d), the Responding Party shall provide Bates numbers to the Propounding Party on or before March 15, 2006. The Bates numbers referred to shall, pursuant to Rule 33(d), identify documents from which the requested information can readily be identified. The Responding Party has the option of providing a

narrative answer in lieu of providing Bates numbers for any response made under Rule 33(d). This must be served on all parties by March 15, 2006. Except with respect to the application of Rule 33(d), and matters set forth elsewhere in this Discovery Plan, other objections may be maintained and shall be resolved if necessary in accordance with the dispute resolution procedures set forth herein.

**5. Relevant Time Period for Discovery**

The following relevant time periods were adopted by the Court to govern written discovery and document productions in these actions:

    **a. Discovery Period**

The presumptive relevant time period for general discovery shall be from April 1, 1998 through June 30, 2002. Parties with unique issues (e.g. smaller grand jury periods) shall meet and confer, and, if necessary, shall resolve any disputes through the Dispute Resolution Procedures set forth herein.

    **b. Discovery Period for "Sales and Transactional Data"**

The relevant time period for discovery of "Sales and Transactional Data" shall be from January 1, 1996 through December 31, 2004. The parties shall produce all "Sales and Transactional Data" in electronic format on or before March 15, 2006. The parties shall meet & confer as to the precise content to be applied to the term "Sales and Transactional Data."

**6. Depositions**

    **a. Deposition Topics, Witnesses, and Limitations**

The parties shall meet and confer and submit a letter to the Court on or before March 3, 2006 identifying the 30(b)(6) topics, 30(b)(6) witnesses, and limitations on both party and non-party depositions for merits discovery in the Direct Purchaser and Indirect Purchaser actions.

//

[PROPOSED] ORDER RE DISCOVERY PLAN
7

Case 2:12-md-02311-SFC-RSW ECF No. 1054-7, PageID.15037 Filed 08/03/15 Page 9 of 10
Case 4:02-md-01486-PJH Document 725 Filed 02/23/06 Page 8 of 9

      **b.**    **Deposition Locations**

The Court expects, to the extent a witness has traveled to the United States for business, or otherwise does business in the United States, generally that those witnesses depositions will occur in the United States. However, the parties shall meet and confer on the locations of the depositions. Plaintiffs shall be responsible for payment of reasonable travel and lodging expenses for any foreign witness produced in the United States. The Court urges the parties to meet and confer regarding the locations to resolve any issues without Court intervention. On or before February 24, 2006, defendants shall advise plaintiffs as to which of the witnesses noticed as of February 17, and currently employed by a party, will be produced in the United States. As to witnesses noticed after February 17, 2006 who are currently employed by a party, defendants shall advise plaintiffs of the location within one week of receiving such notices. The parties shall attempt to resolve any dispute with respect to the location of depositions by March 3, 2006, after which they shall follow the Dispute Resolution Procedures set forth herein.

      **c.**    **Deposition Rules**

All depositions taken in the United States will be governed by the Federal Rules of Civil Procedure. For any deposition taken outside of the United States, the parties shall meet and confer on the reconciliation of the applicable foreign law with the Federal Rules of Civil Procedure. During deposition, counsel shall not instruct witnesses not to answer except on grounds of attorney-client privilege, work-product privilege, Fifth Amendment, violations of this Discovery Plan, beyond the scope of a 30(b)(6) topic for which the witness is designated, or any other applicable privilege that prevents the witness from testifying.

//

[~~PROPOSED~~] ORDER RE DISCOVERY PLAN

8

d. **Fifth Amendment Depositions**

Counsel for the Defendant by whom a noticed deponent is employed will attempt in good faith to notify Plaintiffs fourteen (14) calendar days before the agreed-upon date of any deposition if the deponent plans to invoke his or her Fifth Amendment privilege against self-incrimination at the deposition. The parties recognize, however, that circumstances affecting a deponent's decision whether to invoke the privilege may change at a time within that fourteen-day (14-day) period. Moreover, individual deponents are not parties to this litigation and may be represented by separate counsel. Defendants do not exercise final control over the timing of deponents' decisions about this matter, nor do they have the power to waive any individual's Fifth Amendment rights. In the event that an employee-deponent's decision changes within the fourteen-day (14-day) period, counsel for the relevant Defendant will notify Plaintiffs as quickly as practicable of the deponent's plans. Nothing in this provision shall be construed to affect the right of any employee or deponent to invoke his or her Fifth Amendment privilege against self-incrimination.

e. **Time Limits for Depositions**

All parties agree that there is a presumption that all depositions should be taken within the allotted seven-hour time frame pursuant to the Federal Rule of Civil Procedure 30(d)(2). If a party determines that it is necessary to expand this time frame for any reason, this will be negotiated on a witness-by-witness basis.

IT IS SO ORDERED.

DATED: \_\_\_\_Feb. 27_____, 2006

_____
Hon. Joseph C. Spero
United States Magistrate Judge

[~~PROPOSED~~] ORDER RE DISCOVERY PLAN
9