# EXHIBIT 8

1
2
3
4
5
6
7
8
9
10
11
12
13
14

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION**

| | |
|---|---|
| **IN RE OPTICAL DISK DRIVE ANTITRUST LITIGATION** <br><br> This document relates to: <br><br> ALL ACTIONS | CASE NO. 3:10-md-2143 (RS) <br><br> **ORDER RE LOCATION OF DEPOSITIONS [Docket No. 705]** |

15    The Court received a Joint Letter dated October 22, 2012, regarding the location of
16 depositions.  After reviewing the Joint Letter, and good cause appearing, the Court orders as
17 follows:
18    1.    All parties are ordered to cooperate in the scheduling and location of depositions
19 considering the following factors: (1) minimizing costs and attorney's fees; (2) the convenience of
20 the witnesses; (3) the efficient discovery of discoverable evidence as permitted under the Federal
21 Rules of Civil Procedure; and (4) the "just, speedy and inexpensive determination" of each of
22 these actions.  In an effort to minimize cost, the parties shall endeavor to schedule more than one
23 deposition in a given location during the same period of time.  It is the Court's experience that,
24 and the parties should consider whether, the United States, including but not limited to the
25 Northern District of California, is often the most efficient and inexpensive location for the
26 depositions of foreign resident witnesses.
27    2.    Within fourteen (14) days after a deposition notice is served for a foreign-residing
28

|     |     |
| --- | --- |
| 1   | witness, and absent extenuating circumstances, a defendant will provide plaintiffs a date and |
| 2   | location within thirty-five (35) calendar days from the date of the deposition notice. If that |
| 3   | location is different than the noticed location, defendant shall, unless the witness cannot |
| 4   | reasonably be made available at the notice location, provide a date within the same time period or |
| 5   | soon thereafter for the noticed location. Any date provided for a U.S. location will be provided |
| 6   | without prejudice to that defendant's right to argue that the deposition should still proceed in the |
| 7   | foreign location. |
| 8   | 3. Within five (5) calendar days after receiving the proposed dates, or within five (5) |
| 9   | calendar days of the proposed deposition, whichever date is earlier, the parties shall meet and |
| 10  | confer regarding the date and location of the deposition to attempt to resolve any issues without |
| 11  | Court intervention. If the parties cannot resolve their dispute after good faith efforts to meet and |
| 12  | confer, the issues will be presented to the Court in the manner set forth regarding "future |
| 13  | discovery disputes" in the Order dated September 26, 2012 (ECF No. 684). |
| 14  | 4. The Federal Rules of Civil Procedure and this Court's orders will apply to the |
| 15  | conduct of any deposition occurring in a foreign location. To the extent that the laws of the foreign |
| 16  | location prohibit the application of the Federal Rules of Civil Procedure and this Court's orders or |
| 17  | substantially interfere with the ability to take a deposition in that location, the parties shall meet |
| 18  | and confer, and hold the deposition in an alternate location which allows for their application. |
| 19  | 5. The noticing party or parties shall be responsible for payment of the reasonable |
| 20  | travel and lodging expenses for any non-30(b)(6) foreign-residing witnesses produced in the |
| 21  | United States, unless there are other reasons for the deponents' presence in the United States at the |
| 22  | time of the deposition. |
| 23  | 6. Plaintiffs will provide each defendant family a list of the fact witnesses they |
| 24  | propose to depose based on plaintiffs' knowledge of the current discovery record. Within fourteen |
| 25  | (14) calendar days after service of the plaintiffs' list, the affected defendant(s) shall respond in |
| 26  | writing and advise Plaintiffs of the following: (a) the geographic location of each witness; (b) the |
| 27  | employment status of each witness; (c) whether the defendant family believes that any witness on |
| 28  |     |

1 | the plaintiffs' list has no knowledge, or any marginal knowledge, of the relevant facts; and
2 | (d) identify any witness on the plaintiffs' list who has informed the defendant family that he/she
3 | intends to assert his/her Fifth Amendment privilege against compelled self-incrimination. Any
4 | proposed list of deponents is without prejudice to plaintiffs' supplementing this list prior to the
5 | close of discovery. If a defendant becomes aware that the employment status of any witness on
6 | plaintiffs' list will change during the course of this litigation, the defendant family must provide
7 | reasonable notice to plaintiff prior to the departure of that employee and make that witness
8 | available for deposition prior to the employee's departure, to the extent reasonably possible. If the
9 | defendant becomes aware of changes in the status of any witness, such as the witness's intent to
10 | assert the Fifth Amendment privilege, the defendant will provide plaintiffs notice of the change in
11 | status within five (5) days of becoming aware of the change. The responsibilities expressed in this
12 | paragraph are intended to cause meaningful and good faith meet and confer discussions between
13 | the parties regarding the taking of depositions in this case.
14 | **IT IS SO ORDERED.**
15 |
16 |
17 | Dated: October 24, 2012
18 | JOSEPH C. SPERO
   | UNITED STATES MAGISTRATE JUDGE