UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| IN RE: AUTOMOTIVE PARTS ANTITRUST LITIGATION | Master File No. 12-md-02311<br>Honorable Marianne O. Battani |
| ALL PARTS EXCEPT<br>IN RE WIRE HARNESS SYSTEMS | No. 2:12-cv-0200-MOB-MKM<br>No. 2:12-cv-0300-MOB-MKM |
| THIS RELATES TO:<br><br>IN RE INSTRUMENT PANEL CLUSTERS<br>IN RE FUEL SENDERS | |

**SUR-REPLY IN OPPOSITION TO MOTION FOR UNIFORM DEPOSITION PROTOCOL ORDER [ECF NO. 1027]**

Defendants in the Instrument Panel Clusters ("IPC") and Fuel Senders cases (collectively "IPC & FS Defendants") respectfully submit this sur-reply in opposition to Direct Purchaser Plaintiffs' and End-Payor Plaintiffs' ("Moving Plaintiffs") Notice of Motion and Motion for Uniform Deposition Protocol Order (ECF No. 1027) ("Motion") to address certain new arguments and misstatements in Moving Plaintiffs' reply in support of the Motion (ECF No. 1054) ("Reply").

**INTRODUCTION**

IPC & FS Defendants limit their sur-reply to addressing the three most significant new arguments and/or misstatements included in the Reply: (1) Moving Plaintiffs' assertion that they, as the moving party, do not bear the burden of establishing the merits of a uniform deposition protocol; (2) Moving Plaintiffs' request that the Special Master disregard the binding IPC and Fuel Senders Initial Discovery Plans; and (3) Moving Plaintiffs' suggestion that the Special Master has the power to compel foreign non-party witnesses to leave their home countries for

depositions. Moving Plaintiffs are wrong on all points, and for the additional reasons outlined in IPC & FS Defendants' Opposition, ECF No. 1043 ("IPC and FS Opp."), the Special Master should deny the Motion.[1]

## ARGUMENT

### I.   Moving Plaintiffs, Not Defendants, Have The Burden Here.

Moving Plaintiffs, in their Reply, treat their proposed uniform deposition protocol as if it has already been entered, and repeatedly assert that the FS & IPC Defendants (and other defendants) bear the burden of showing good cause for why specific provisions of the proposed uniform deposition protocol should not apply to them. *See, e.g.*, Reply at 3-4. But that is putting the cart before the horse – the proposed uniform protocol is just that, a proposal. No decision has been made on that request. Although the Special Master suggested that Moving Plaintiffs could seek a uniform deposition protocol and that the Wire Harness Protocol could be used as a template, there was no briefing on the issue and no ruling by the Special Master, including any ruling on the treatment of important specific terms like the number and location of depositions for each case in the MDL. Indeed, the Special Master directed the parties to meet and confer about that template and how it might be modified to meet the needs of each particular case, something the Moving Plaintiffs inexplicably failed to do. Defendants are not bound by or subject to any of the procedures for raising objections outlined by Moving Plaintiffs' proposal, nor are Defendants subject to the heightened standards of review discussed therein. It is Moving

---

[1] The need for a sur-reply here is largely a consequence of Moving Plaintiffs' failure to comply with meet and confer requirements. Rather than present a motion that was appropriately focused on specific issues in dispute between the parties, Moving Plaintiffs submitted a 7.5 page opening brief that dealt summarily with the issues of the proposed uniform protocol. As a result, the real issues between the parties were not identified until defendants submitted their opposition briefs, which led Moving Plaintiffs to address issues not previously explored in their opening brief.

Plaintiffs who have the burden of establishing the need for the relief they are seeking by their motion, and they have failed to carry that burden.

## II. The Initial Discovery Plans Control.

Moving Plaintiffs are bound by the terms of the Initial Discovery Plan orders entered in both IPC and Fuel Senders and the provisions therein regarding the location of depositions and the requirement that the parties meet and confer regarding the number of depositions to be taken. Contrary to the suggestion in the Reply, Moving Plaintiffs cannot unilaterally amend those provisions or force their views on where or how many depositions can be taken upon the IPC & FS Defendants. Initial Discovery Plan at ¶ 7, 12-cv-00200, ECF No. 31 (Sept. 24, 2012); Initial Discovery Plan at ¶ 7, 12-cv-00300, ECF No. 30 (Sept. 24, 2012); *see also* IPC & FS Opp. at 8.[2]

If these binding orders are disregarded in the manner Moving Plaintiffs suggest, it would give Moving Plaintiffs the equivalent of 54 defendant depositions in IPCs and 36 in Fuel Senders (when Rule 30(b)(6) depositions are factored in). In order to obtain such relief, Moving Plaintiffs must establish good cause. They have failed to do so.

Moving Plaintiffs do not dispute that the IPC and Fuel Senders Initial Discovery Plans address the number and location of depositions, that Moving Plaintiffs agreed to these plans, that these plans became court orders, and that the proposed uniform deposition protocol is contrary to those orders. Reply at 14. Instead, Moving Plaintiffs now assert in the Reply that these agreed-to and binding orders are no longer "reasonable []or realistic" because other Auto Parts Cases have been filed since they were entered. Reply at 14-15. Moving Plaintiffs make no effort to

---

[2] In their Reply, Moving Plaintiffs suggest that the uniform protocol they propose would increase the number of depositions authorized by Rule 30(a)(2)(A)(i) by only 5 (i.e., "from 10 to 15"). In fact, their proposal would have the effect of authorizing nearly five times (from 10 to at least 54 depositions in IPC) the number of depositions contemplated by Rule 30. And again, they cannot do this without a meet and confer before seeking the leave *required* by the Rule.

3

explain how or why their filing of additional separate and distinct cases impacts the binding court-ordered Initial Discovery Plans or even how the Special Master could alter these court orders.  *See* Ruling of the Special Master Upon Dealership Plaintiffs' Motion for Extension of Time to Produce Discovery, No. 12-cv-00102, ECF No. 331 at 6 (noting that the Special Master "is not empowered to change any Scheduling Order of this Court").

### III. Plaintiffs Are Wrong That A U.S. Court Has Authority to Compel Non-Party Foreign Nationals To Appear For Depositions Outside of Their Home Country.

For the first time in their Reply, Moving Plaintiffs attempt to justify their deposition location request by citing discovery orders from the Northern District of California (the majority of which were signed by the same two Special Masters).  But these orders do not support or authorize their request.  As Moving Plaintiffs readily admit, the cited orders merely include a presumption regarding deposition location.  Reply at 8-9.  Setting aside the fact that a presumption about deposition location is a very different provision than what Moving Plaintiffs seek here, *none of these orders points to any legal authority holding that a U.S. court can order foreign witnesses to leave their home countries for depositions*.  Indeed, there is no such authority under the Federal Rules of Civil Procedure.

Non-party witnesses, such as general employees of a corporate party, must be subpoenaed for a deposition pursuant to Fed. R. Civ. P. 45.  Moreover, a Rule 45 subpoena is effective, and a Court only has jurisdiction over a recipient, if it is properly served.  *See Taylor v. Countrywide Home Loans*, 2009 WL 1913417, at 5 (E.D. Mich. June 30 2009) (stating that "Rule 45 requires personal service").[3]  But most importantly, nowhere does Rule 45 – or any

---

[3] Moreover, even a properly served Rule 45 subpoena is geographically limited in its reach.  Specifically, Rule 45 requires a court to quash or modify a subpoena if the subpoena "requires a person who is not a party or an officer of a party to travel to a place more than 100

4

other federal rule or statute – authorize service of a subpoena on a foreign national located outside of the United States or otherwise authorize a United States court to order foreign nationals to appear for depositions outside their home countries. *See, e.g.,* 28 U.S.C. § 1783 (authorizing the issuance of a subpoena only on "a national or resident of the United States who is in a foreign country" – not a foreign national); *United States v. Theresius Filippi*, 918 F.2d 244, 247 (1st Cir. 1990) ("The government has no power to compel the presence of a foreign national residing outside the United States.").

Instead, to depose a non-party foreign national, a party litigating in a U.S. court must generally resort to the procedures outlined in the Hague Convention on the Taking of Evidence Abroad in Civil and Commercial Matters ("Hague Convention") (for countries that are signatories thereto), or the evidentiary procedures (such as letters rogatory) permitted under the law of the witness's resident country (for non-Hague Convention signatory countries). *See* Hague Convention, 23 U.S.T. 2555, 847 U.N.T.S. 231. Outside of these processes, a witness cannot be compelled to give deposition testimony *at all*, let alone to do so outside of his or her home country. Moving Plaintiffs cannot, through a simple discovery order, expand the jurisdictional limits established in Rule 45. Nor is this jurisdictional issue resolved by ordering defendants to somehow force these non-party witnesses to be deposed in countries of Moving Plaintiffs' choosing. *Accord, e.g., Chris-Craft Industries Products, Inc. v. Kuraray Co., Ltd.*, 184 F.R.D. 605, 608 (N.D. Ill. 1999) (refusing to order that depositions of non-party Japanese employees occur in the United States). Moving Plaintiffs are also wrong in suggesting that the

_____

(continued…)

miles from the place where that person resides, is employed or regularly transacts business." Fed. R. Civ. P. 45(c)(3)(A)(ii).

5

discovery orders they cite (which do not contain legal analysis) mean that there is some sort of rule in antitrust cases that expands the jurisdictional reach of the federal courts for purposes of taking depositions of foreign nationals and residents. That is not the law, nor is it the typical deposition practice.

Moreover, issuance of an order compelling citizens and residents of a foreign nation to travel to another country to have their depositions taken is offensive to fundamental principles of comity between nations. *See Aerospatiale v. United States Dist. Court for S. Dist.*, 482 U.S. 522, 537-38 (1987); *Linde v. Arab Bank, PLC*, 706 F.3d 92, 111 (2d Cir. 2013) ). "American courts, in supervising pretrial proceedings, *should exercise special vigilance* to protect foreign litigants from the danger that unnecessary, or unduly burdensome, discovery may place them in a disadvantageous position." *Aerospatiale*, 482 U.S. at 546 (emphasis added). This is particularly true in this case where there are likely to be depositions of Japanese citizens that both live and work in Japan. In deference to the needs of U.S. litigants, the government of Japan has entered into a separate compact with the United States allowing for U.S. style depositions to be taken in Japan. Under that agreement, it is not necessary for parties to follow the letters rogatory process and Japanese procedures for taking testimony. Instead, Japan has consented to the voluntary taking of depositions at the United States Embassy and Consulate in Japan.[4] There is simply no basis for ignoring the process agreed upon by these two sovereign nations in apparent deference to the needs and interests of their respective citizens.

---

[4] Article 17 of the United States - Japan Consular Convention authorizes U.S. consular officers to preside over in Japan, "on behalf of the courts or other judicial tribunals …" of the United States "in a manner not inconsistent with the laws of the receiving state (Japan)." *See* website of the US Embassy in Japan at http://japan.usembassy.gov/e/acs/tacs-7116.html.

## CONCLUSION

For all the foregoing reasons and those expressed in the IPC & FS Opp., the Special Master should deny Moving Plaintiffs' Motion for Uniform Deposition Protocol Order.

                                    Respectfully submitted,

                                    JONES DAY

August 7, 2015         By:   */s/John M. Majoras*
                                    John M. Majoras
                                    Michael R. Shumaker
                                    Carmen G. McLean
                                    JONES DAY
                                    51 Louisiana Ave. N.W.
                                    Washington, D.C. 20001-2113
                                    Tel. (202) 879-3939
                                    Fax (202) 626-1700
                                    jmmajoras@jonesday.com
                                    mrshumaker@jonesday.com
                                    cgmclean@jonesday.com

                                    Michelle K. Fischer
                                    Stephen J. Squeri
                                    JONES DAY
                                    North Point
                                    901 Lakeside Avenue
                                    Cleveland, OH 44114
                                    Tel. (216) 586-3939
                                    Fax (216) 579-0212
                                    mfischer@jonesday.com
                                    sjsqueri@jonesday.com

                                    Tiffany D. Lipscomb-Jackson
                                    JONES DAY
                                    325 John H. McConnell Boulevard, Suite 600
                                    Columbus, OH 43215-2673
                                    Mailing Address:  P.O. Box 165017
                                    Columbus, OH 43216-5017
                                    Tel. (614) 281-3939
                                    Fax (614) 461-4198
                                    tdlipscombjackson@jonesday.com

                                    *Attorneys for Defendants Yazaki Corporation and Yazaki North America, Inc.*

|  |  |  |
|---|---|---|
|  |  | WILMER CUTLER PICKERING HALE AND DORR LLP |
| August 7, 2015 | By: | */s/Steven F. Cherry*  (w/consent) <br> Steven F. Cherry <br> David P. Donovan <br> Patrick J. Carome <br> Brian C. Smith <br> Kurt G. Kastorf <br> WILMER CUTLER PICKERING HALE AND DORR LLP <br> 1875 Pennsylvania Avenue, N.W. <br> Washington, D.C. 20006 <br> Telephone: (202) 663-6000 <br> Fax: (202) 663-6363 <br> steven.cherry@wilmerhale.com <br> david.donovan@wilmerhale.com <br> patrick.carome@wilmerhale.com <br> brian.smith@wilmerhale.com <br> kurt.kastorf@wilmerhale.com <br><br> *Counsel for Defendants DENSO International America, Inc. and DENSO Corporation* |

August 7, 2015					CALFEE, HALTER & GRISWOLD LLP

*/s/Alexander B. Reich* (w/consent)
JOHN J. EKLUND (OH 0010895)
MAURA L. HUGHES (OH 0061929)
RONALD M. McMILLAN (OH 0072437)
ALEXANDER B. REICH (OH 0084869)
LINDSEY E. SACHER (OH 0087883)
CALFEE, HALTER & GRISWOLD LLP
The Calfee Building
1405 East Sixth Street
Cleveland, OH 44114-1607
(216) 622-8200 (Phone)
(216) 241-0816 (Fax)
jeklund@calfee.com
mhughes@calfee.com
rmcmillan@calfee.com
areich@calfee.com
lsacher@calfee.com

MAUREEN T. TAYLOR
HERBERT C. DONOVAN
BROOKS, WILKINS, SHARKEY & TURCO PLLC
401 South Old Woodward, Suite 400
Birmingham, MI 48009
(248) 971-1800 (Phone)
(248) 971-1801 (Fax)
taylor@bwst-law.com
donovan@bwst-law.com

*Counsel for Defendants Continental Automotive Electronics LLC, Continental Automotive Korea Ltd., and Continental Automotive Systems, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on August 7, 2015, I caused the foregoing **SUR-REPLY IN OPPOSITION TO MOTION FOR UNIFORM DEPOSITION PROTOCOL ORDER [ECF NO. 1027]** to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

*/s/ John M. Majoras*
John M. Majoras