# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| IN RE AUTOMOTIVE PARTS ANTITRUST LITIGATION | : :  Master File No. 12-md-02311<br>Honorable Marianne O. Battani |
| In Re: All Auto Parts Cases | : : : : : : : : |
| THIS DOCUMENT RELATES TO:<br><br>All Actions | : : : : : |

## AUTOMOBILE DEALER PLAINTIFF BECK MOTORS INC.'S MOTION TO BE DROPPED AS A NAMED PLAINTIFF AND PROPOSED CLASS REPRESENTATIVE

Dealership Plaintiff Beck Motors, Inc. ("Beck"), by undersigned counsel, hereby moves to be dropped as named plantiff and class representative from this action.

Beck relies on the following brief in support of its motion.

In accordance with E.D. Mich. LR 7.1(a), counsel for Plaintiff requested Defendants' concurrence in the relief sought herein.  Plaintiff did not obtain Defendants' concurrence in its request.

Attached hereto as Exhibit 1 is a proposed order prepared for signature by the Master.

Dated:  September 2, 2015    Respectfully submitted,

 */s/* Jonathan W. Cuneo
Jonathan W. Cuneo
Joel Davidow
Daniel Cohen
Victoria Romanenko
Evelyn Li
**Cuneo Gilbert & LaDuca, LLP**
507 C Street, N.E.
Washington, DC 20002
Telephone: (202) 789-3960
jonc@cuneolaw.com
joel@cuneolaw.com
danielc@cuneolaw.com
vicky@cuneolaw.com
evelyn@cuneolaw.com

Don Barrett
David McMullan
Brian Herrington
**BARRETT LAW GROUP, P.A.**
P.O. Box 927
404 Court Square
Lexington, MS 39095
Telephone:  (662) 834-2488
Facsimile:   (662)834-2628
dbarrett@barrettlawgroup.com
bherrington@barrettlawgroup.com
dmcmullan@barrettlawgroup.com

Shawn M. Raiter
**LARSON · KING, LLP**
2800 Wells Fargo Place
30 East Seventh Street
St. Paul, MN 55101
Telephone:  (651) 312-6500
Facsimile:   (651) 312-6618
sraiter@larsonking.com

*Interim Co-Lead Class Counsel for Dealership Plaintiffs*

Gerard V. Mantese
Alex Blum
(Michigan Bar No. P34424)
**Mantese Honigman**
  **and Williamson, P.C.**
1361 E. Big Beaver Road
Troy, Michigan 48083
Telephone: (248) 607-9200
gmantese@manteselaw.com
ablum@manteselaw.com

*Interim Liaison Counsel for Dealership Plaintiffs*

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| IN RE AUTOMOTIVE PARTS ANTITRUST LITIGATION | : :  Master File No. 12-md-02311<br>:  Honorable Marianne O. Battani |
| In Re: All Auto Parts Cases | :<br>:  2:12-md-02311-MOB-MKM |
| THIS DOCUMENT RELATES TO:<br><br>All Auto Parts Cases | : |

**AUTOMOBILE DEALER PLAINTIFF BECK MOTORS INC.'S MEMORANDUM OF LAW IN SUPPORT OF ITS RULE 21 MOTION TO BE DROPPED AS A NAMED PLAINTIFF AND PROPOSED CLASS REPRESENTATIVE**

## CONCISE STATEMENT OF THE ISSUES PRESENTED

1. Whether pursuant to Federal Rule of Civil Procedure 21 Automobile Dealer Plaintiff Beck Motors, Inc. ("Beck") should be permitted to be dropped as a named plaintiff and proposed class representative, having made an appropriate motion to do so?

2. Whether Plaintiff Beck may be pursued by Defendants for highly sensitive discovery covering sixteen years when it will no longer serve as a named plaintiff, when numerous courts have declined to allow discovery to be sought from withdrawing class representatives and when Defendants can demonstrate no particularized need for the burdensome discovery sought?

## TABLE OF CONTENTS

INTRODUCTION ................................................................................................................ 1
ARGUMENT ....................................................................................................................... 1
    I.    Beck has properly requested to withdraw ............................................................ 1
    II.   Beck Should Not Be Required To provide discovery beyond the thousands of pages it has already provided to defendants ..................................................................... 2
        A.    Courts Routinely Allow Parties To Withdraw Without Providing Further Discovery  2
        B.    Absent Class Members are Not Subject to Discovery .................................................. 3
        C.    Defendants Cannot Show a Particularized Need For Discovery from Beck ................ 4
CONCLUSION .................................................................................................................... 8

# TABLE OF MOST APPROPRIATE AUTHORITIES

**Cases**

*Boynton v. Headwaters, Inc.*, No. 1-02-1111-JPM-egb, 2009 WL 3103161 (W.D. Tenn. Jan. 30, 2009) ................................................................................................................................ 4

*Doe v. Arizona Hosp. and Healthcare Ass'n*, No. CV 07-1292-PHX-SRB, 2009 U.S. Dist. LEXIS 42871 (D. Arizona March 19, 2009) ............................................................... 2, 3, 4, 7

*Garden City Employees' Ret. Sys. v. Psychiatric Solutions, Inc.*, Case No.: 3:09-00883, 2012 U.S. Dist. LEXIS 145807 (M.D. Tenn. Oct. 10, 2012) ........................................................... 4

*Groth v. Robert Bosch Corp.*, Case No.: 1:07-cv-962, 2008 U.S. Dist. LEXIS 52328 (W.D. Mich. July 9, 2008) ............................................................................................................... 4

*In re Carbon Dioxide Indus. Antitrust Litig.*, 155 F.R.D. 209, 212 (M.D. Fla. 1993).................... 4

*In re Urethane Antitrust Litig.,* Case No. 04-MD-1616-JWL-DJW, 2006 WL 8096533 (D. Kan. June 9, 2006) ........................................................................................................... *passim*

*McCarthy v. Paine Webber Group*, 164 F.R.D. 309 (D. Conn. 1995) ........................................... 3

*Organization of Minority Vendors, Inc. v. Illinois,* Case No. No. 79 C 1512, 1987 WL 8997 (N.D. Ill. April 2, 1987) ......................................................................................................... 1, 2

*Phillips Petroleum Co. v. Shutts*, 472 U.S. 797 (1985) .................................................................. 3

*Roberts v. Electrolux Home Products, Inc.*, 2013 WL 4239050 (C.D. Cal. Aug. 14, 2013).......... 3

**Rules**

Fed. R. Civ. Pro. 21 ........................................................................................................................ 2

**Other Authorities**

5 Newberg on Class Actions § 16:4. (4th ed. 2012) ....................................................................... 4

## INTRODUCTION

Automobile Dealer Plaintiff Beck Motors, Inc. ("Beck") respectfully requests to be dropped as a named plaintiff and putative class representative.

Beck has already produced thousands of pages of documents to Defendants. At present, there are over forty other Auto Dealer Plaintiffs ("ADPs") that have produced or are producing the exact same types of documents and data requested of Beck. Beck is an indirect purchaser who has no unique data or documents that Defendants need to defend against ADPs' claims. Defendants can show no particularized need for Beck's data or documents.

As a neighboring court has held "a plaintiff should not be compelled to litigate if it doesn't wish to." *Organization of Minority Vendors, Inc. v. Illinois,* Case No. No. 79 C 1512, 1987 WL 8997, at * 1 (N.D. Ill. April 2, 1987). In cases like this, discovery propounded on withdrawing class members is prohibited when "[t]he information Defendants need regarding class certification issues may be obtained from the remaining class representatives." *In re Urethane Antitrust Litig.,* Case No. 04-MD-1616-JWL-DJW, 2006 WL 8096533, at *2 (D. Kan. June 9, 2006). Beck should be permitted to withdraw from the case and Defendants should seek discovery from the 40+ remaining named Plaintiffs who wish to litigate against Defendants and are actively producing discovery.

## ARGUMENT

### I.  BECK HAS PROPERLY REQUESTED TO WITHDRAW

Defendants have previously contended that a motion must be filed to effect withdrawal, from the Wire Harness Action pursuant to the SDP entered in that case. Section III of the SDP states, "[U]pon motion, class representatives may be added *or dropped* up to the time that motions for class certification are filed." (ECF No. 224 at 15.) (Emphasis added.). If, as Defendants argued, a motion is required to drop Beck as a plaintiff because of the language of

the SDP, then Rule 21 applies. In pertinent part, Rule 21 states, "[o]n motion or on its own, the court may at any time, on just terms, add *or drop* a party." Fed. R. Civ. Pro. 21. (Emphasis added.). Thus, this motion properly drops Beck as a Named Plaintiff.

Numerous courts have permitted named plaintiffs to withdraw as class representatives in class actions. *Organization of Minority Vendors, Inc. v. Illinois,* Case No. No. 79 C 1512, 1987 WL 8997, at * 1 (N.D. Ill. April 2, 1987) (holding that "a plaintiff should not be compelled to litigate if it doesn't wish to"); *In re Urethane Antitrust Litig.,* Case No. 04-MD-1616-JWL-DJW, 2006 WL 8096533, at *22 (D. Kan. June 9, 2006) (allowing plaintiff's withdrawal after its deposition had been noticed); *Arizona Hosp. and Healthcare Ass'n*, 2009 WL 1423378, at *14 (D. Arizona March 19, 2009).

## II. BECK SHOULD NOT BE REQUIRED TO PROVIDE DISCOVERY BEYOND THE THOUSANDS OF PAGES IT HAS ALREADY PROVIDED TO DEFENDANTS

Defendants have requested that Beck, beyond having provided thousands of pages of discovery in this litigation thus far, also agree to provide additional categories of sensitive discovery, spanning sixteen years. Beck should not be required to do so.

### A. Courts Routinely Allow Parties To Withdraw Without Providing Further Discovery

Courts have routinely allowed plaintiffs to withdraw as class representatives from actions such as this, and have repeatedly declined requests to require discovery from withdrawing plaintiffs. As one court in a neighboring Circuit stated, withdrawing class representatives should not be "singled out from other class members for the requested discovery." *Organization of Minority Vendors, Inc. v. Illinois,* Case No. No. 79 C 1512, 1987 WL 8997, at *2 (N.D. Ill. April 2, 1987). That court declined to require the withdrawing plaintiffs to respond to discovery as the defendants requested. *Id.* Other courts have similarly declined to force withdrawing class

members to submit to discovery. *See Doe v. Arizona Hosp. and Healthcare Ass'n*, No. CV 07-1292-PHX-SRB, 2009 U.S. Dist. LEXIS 42871, at *52 (D. Arizona March 19, 2009) (relieving withdrawing plaintiff from her discovery obligations); *In re Urethane Antitrust Litig.*, Case No. 04-MD-1616-JWL-DJW, 2006 WL 8096533, at *22 (D. Kan. June 9, 2006) (permitting withdrawal and denying request for discovery from withdrawing plaintiff); *See also Roberts v. Electrolux Home Products, Inc.*, 2013 WL 4239050, at *3 (C.D. Cal. Aug. 14, 2013) (declining to condition withdrawal on withdrawing plaintiff's submission to discovery).[1]

### B. Absent Class Members are Not Subject to Discovery

Once withdrawn from this action, Beck will be an absent class member. As stated by the United States Supreme Court, "[A]n absent class-action plaintiff is not required to do anything. He [or she] may sit back and allow the litigation to run its course, content in knowing that there are safeguards provided for his [or her] protection." *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 810 (1985). "Discovery of absent class members . . . is rarely permitted due to the facts that absent class members are not 'parties' to the action, and that to permit extensive discovery would defeat the purpose of class actions which is to prevent massive joinder of small claims." *McCarthy v. Paine Webber Group*, 164 F.R.D. 309, 313 (D. Conn. 1995). "The purpose of this rule is to promote the policy of Federal Rule 23, i.e., to prevent absent class members from being compelled to participate actively in the litigation." *Garden City Employees' Ret. Sys. v. Psychiatric Solutions, Inc.*, Case No.: 3:09-00883, 2012 U.S. Dist. LEXIS 145807, at *9 (M.D.

---

[1] Beck was served with a subpoena because an End-Payor Plaintiff had identified it as a dealership from which it had purchased one of its new vehicles, a 2006 GMC Sierra 1500. Beck has no record of having sold this vehicle to this End-Payor and does not even sell new GMC vehicles (and did not do so in 2005-2006). It sent a letter to counsel stating that it had no record of the sale of a new 2006 GMC Sierra 1500 to the End-Payor at issue. End-Payors later learned the End-Payor in question actually purchased the vehicle from a different dealership, and this was clarified in a superseding verified Interrogatory response. Beck understands that this subpoena is not applicable to it and nothing more is required of it with regard to this subpoena.

Tenn. Oct. 10, 2012) (citing 5 Newberg on Class Actions § 16:4. (4th ed. 2012)). "The efficiencies of a class action would be thwarted if routine discovery of absent class members is permitted . . ." *In re Carbon Dioxide Indus. Antitrust Litig.*, 155 F.R.D. 209, 212 (M.D. Fla. 1993).

This reasoning has been employed by other courts in refusing to require withdrawing class representatives to produce discovery. For instance, in *Arizona Hosp. and Healthcare Ass'n*, the court stated that "[o]rdinarily, the burden to obtain discovery of any kind from absent class members is very high" and concluded that with regard to the withdrawing class representative "Defendants have not met the substantial burden required to compel an absent plaintiff to submit to discovery." 2009 WL 1423378, at *14.

### C. Defendants Cannot Show a Particularized Need For Discovery from Beck

Defendants cannot articulate any particularized or unique evidence Beck possesses (or might possess) that the other ADPs have not produced. "[A] court should only allow discovery of absent class members upon a showing of 'particularized need.'" *Groth v. Robert Bosch Corp.*, Case No.: 1:07-cv-962, 2008 U.S. Dist. LEXIS 52328, at *3 (W.D. Mich. July 9, 2008) (citing *In re Carbon Dioxide Indus. Antitrust Lit.,* 155 F.R.D. at 212).

Additionally, discovery as to absent class members is not available when the information sought is available from the representative parties. *Boynton v. Headwaters, Inc.*, No. 1-02-1111-JPM-egb, 2009 WL 3103161, at *2 (W.D. Tenn. Jan. 30, 2009) (prohibiting discovery on absent class members where discovery was unduly burdensome and defendants could not show the information was not available from other sources, including named class members) (internal citations omitted).

Here the discovery sought from Beck is particularly burdensome given that it covers 16

4

years, numerous categories of data and documents from various locations all over the dealership, including in hard copy, that are thousands of pages, and will be expensive and time-consuming to locate, gather and review. Beck has already submitted to one wave of production and has produced thousands of pages that took significant amounts of time and energy to gather and produce. It would be particularly burdensome to require Beck to submit to a second wave of discovery after it has withdrawn from the case.

    For instance, Beck, while no longer a plaintiff, would be required to copy all of its financial statements for sixteen years, provide Defendants with voluminous documents from its portal that its manufacturer considers to be sensitive and private and disrupt its business operations to search the emails of its employees, who no longer have any connection to the suit. After this discovery is provided, both sides will likely have questions that Beck will be required to answer and follow-up that Beck will be required to perform. All of the described discovery would be undertaken even though neither Plaintiffs nor Defendants will be evaluating whether Beck, specifically, was injured.

    The information requested also contains private and sensitive information that must be carefully screened for production. The documents and data requested by Defendants are extremely commercially sensitive, laying out all of the financials of the dealership, including numerous divisions of the business that have nothing to do with the sale of new cars. The production requested also contains personal and private information belonging to individuals that Defendants may later seek to have revealed, requiring further involvement and litigation on Beck's part.

    A dealership that is not participating in this lawsuit should not have to allow Defendants to probe into all of its business operations and obtain invasive and private discovery from it,

5

especially when it will no longer be monitoring this litigation to make certain that its information is treated appropriately. Rather than permitting Beck to be removed from the litigation, the provision of this discovery would permanently bind Beck to the case and prevent it from being able to fully withdraw, as the caselaw described herein states it must be able to do.

Thus, in antitrust cases like this one, discovery propounded on withdrawing class members is prohibited when "[t]he information Defendants need regarding class certification issues may be obtained from the remaining class representatives." *In re Urethane Antitrust Litig.,* Case No. 04-MD-1616-JWL-DJW, 2006 WL 8096533, at *22 (D. Kan. June 9, 2006) (allowing plaintiff to withdraw after its deposition was noticed and depositions had already commenced in the case). It makes much more sense to obtain this discovery from the numerous plaintiffs staying in the case than the one withdrawing.

Defendants have not contended that the discovery is *only* available from Beck. The discovery requested by Defendants has been produced or is being produced by the other 40+ named Automobile Dealer Plaintiffs, who are producing documents to the tune of almost 500,000 pages and have already produced 30 sets of transactional data, from 30 plaintiffs containing over 200 fields, with numerous more coming next week. This wealth of DMS data and documents will allow Defendants to perform any analyses they wish and the addition of data or documents from one dealership will not meaningfully change the analysis—certainly not sufficiently to require Beck to undergo the burden and risk of providing it.

Beck is an indirect purchaser that has had no direct dealings with Defendants. Beck has no unique knowledge of how Defendants perpetrated their schemes of price-fixing and bid-rigging. Nor can it uniquely speak to particular transactions with Defendants that cannot be addressed by any other discovery, because Beck had no transactions with Defendants. Beck

6

only dealt with an OEM, as the other named plaintiffs did.

An indirect purchaser has no unique data or documents that cannot be produced from the other indirect purchasers staying in the case. Thus, the Master should follow *Urethane* where the court held that "[t]he information Defendants need regarding class certification issues may be obtained from the remaining class representatives." *In re Urethane Antitrust Litig.*, 2006 WL 8096533, at *2. The Court in *Arizona Hospital* similarly held that "[t]he Court sees no convincing reason for the imposition of conditions on Jane Doe's withdrawal like those suggested by Carondelet. Such conditions seem particularly unnecessary in light of the fact that there are currently three identified class representatives who could be—and, in at least one case, already have been—deposed in her stead." *Doe v. Arizona Hosp. and Healthcare Ass'n*, 2009 WL 1423378, at *14. Indeed, if Defendants want to evaluate the relationship between purchase and sale prices or to analyze the progress of prices during the class period, they can look at any other plaintiffs' documents and data.

Defendants cannot articulate a single, unique aspect of Beck's business of which Defendants need discovery to defend themselves against Auto Dealer Plaintiffs' claims. Even if pass-on were relevant, a pass-on analysis of Beck's sales would not be because it will not be seeking to represent any other dealerships. Because Defendants are unable to identify any particularized need for Beck's specific documents and data and because the requested information is being produced by the named Automobile Dealer Plaintiffs, Beck should not be compelled to provide further discovery.

Indeed, the documents and data the existing plaintiffs have already produced are the same types of data (indeed the same fields) and documents that Defendants are asking Beck to produce, and in some instances (such as with the documents from the OEM portals) the

7

documents produced by Plaintiffs are the exact same ones Beck would produce.

Nor is there any argument to be made that Beck cannot withdraw at this juncture of proceedings without providing discovery. In *Urethane*, the plaintiff sought to withdraw after its deposition was noticed and depositions had already commenced in the case. *In re Urethane Antitrust Litig.*, 2006 WL 8096533, at *2. The court nonetheless allowed this withdrawal without conditioning it on provision of discovery.

## CONCLUSION

Based on the foregoing, Beck's motion should be granted in its entirety.

Date: September 2, 2015.   Respectfully submitted,

/s/ *Jonathan W. Cuneo*
Jonathan W. Cuneo
Joel Davidow
Daniel Cohen
Victoria Romanenko
**CUNEO GILBERT & LADUCA, LLP**
507 C Street, N.E.
Washington, DC 20002
Telephone: (202) 789-3960
jonc@cuneolaw.com
joel@cuneolaw.com
danielc@cuneolaw.com
vicky@cuneolaw.com

Don Barrett
Brian Herrington (admitted *pro hac vice*)
David McMullan, Jr.
**BARRETT LAW GROUP, P.A.**
P.O. Box 927
404 Court Square
Lexington, MS 39095
Telephone: (662) 834-2488
Facsimile: (662)834-2628

8

bherrington@barrettlawgroup.com
dbarrett@barrettlawgroup.com
dmcmullan@barrettlawgroup.com

Shawn M. Raiter
**LARSON · KING, LLP**
2800 Wells Fargo Place
30 East Seventh Street
St. Paul, MN 55101
Telephone:  (651) 312-6500
Facsimile:   (651) 312-6618
sraiter@larsonking.com

*Interim Co-Lead Class Counsel for Dealership Plaintiffs*

Gerard V. Mantese (Michigan Bar No. P34424)
**MANTESE HONIGMAN AND WILLIAMSON, P.C.**
1361 E. Big Beaver Road
Troy, Michigan 48083
Telephone: (248) 457-9200
gmantese@manteselaw.com

*Interim Liaison Counsel for Dealership Plaintiffs*

9

## CERTIFICATE OF SERVICE

      I hereby certify that on September 2, 2015, I filed this document via CM/ECF, which will  provide notice to all counsel of record.

                                    /s/ *Jonathan W. Cuneo*
                                    Jonathan W. Cuneo
                                    Joel Davidow
                                    Daniel Cohen
                                    Victoria Romanenko
                                    **CUNEO GILBERT & LADUCA, LLP**
                                    507 C Street, N.E.
                                    Washington, DC 20002
                                    Telephone: (202) 789-3960
                                    jonc@cuneolaw.com
                                    joel@cuneolaw.com
                                    danielc@cuneolaw.com
                                    vicky@cuneolaw.com