# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

| | |
|---|---|
| IN RE AUTOMOTIVE PARTS ANTITRUST LITIGATION | : : :  Master File No. 12-md-02311 <br> Honorable Marianne O. Battani |
| In Re: All Auto Parts Cases | : : :  2:12-md-02311-MOB-MKM : : : : |
| THIS DOCUMENT RELATES TO: <br><br> All Actions | : : : : : : |

## MOTION FOR AUTOMOBILE DEALER PLAINTIFF SLT GROUP II, INC. TO BE DROPPED AS A NAMED PLAINTIFF AND PROPOSED CLASS REPRESENTATIVE

Dealership Plaintiffs hereby move to drop SLT Group II, Inc. ("SLT"), by undersigned counsel, as named plaintiff and class representative from this action.

Plaintiffs rely on the following brief in support of this motion.

In accordance with E.D. Mich. LR 7.1(a), counsel for Plaintiff requested Defendants' concurrence in the relief sought herein.  Counsel did not obtain Defendants' concurrence in its request.

Attached hereto as Exhibit 1 is a proposed order prepared for signature by the Master.

Dated:  October 9, 2015                              Respectfully submitted,

                                                      _/s/ Don Barrett___
                                                     Don Barrett
                                                     David McMullan
                                                     Brian Herrington
                                                     **BARRETT LAW GROUP, P.A.**
                                                     P.O. Box 927
                                                     404 Court Square
                                                     Lexington, MS 39095
                                                     Telephone:  (662) 834-2488
                                                     Facsimile:   (662)834-2628
                                                     dbarrett@barrettlawgroup.com
                                                     dmcmullan@barrettlawgroup.com
                                                     bherrington@barrettlawgroup.com

                                                     Jonathan W. Cuneo
                                                     Joel Davidow
                                                     Daniel Cohen
                                                     Victoria Romanenko
                                                     Evelyn Li
                                                     **Cuneo Gilbert & LaDuca, LLP**
                                                     507 C Street, N.E.
                                                     Washington, DC 20002
                                                     Telephone: (202) 789-3960
                                                     jonc@cuneolaw.com
                                                     joel@cuneolaw.com
                                                     danielc@cuneolaw.com
                                                     vicky@cuneolaw.com
                                                     evelyn@cuneolaw.com

                                                     Shawn M. Raiter
                                                     **LARSON · KING, LLP**
                                                     2800 Wells Fargo Place
                                                     30 East Seventh Street
                                                     St. Paul, MN 55101
                                                     Telephone:  (651) 312-6500
                                                     Facsimile:   (651) 312-6618
                                                     sraiter@larsonking.com

                                                     *Interim Co-Lead Class Counsel for Dealership Plaintiffs*

Gerard V. Mantese
Alex Blum
(Michigan Bar No. P34424)
**Mantese Honigman P.C.**
1361 E. Big Beaver Road
Troy, Michigan 48083
Telephone: (248) 607-9200
gmantese@manteselaw.com
ablum@manteselaw.com

***Interim Liaison Counsel for Dealership Plaintiffs***

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | |
|---|---|
| IN RE AUTOMOTIVE PARTS ANTITRUST LITIGATION | : : Master File No. 12-md-02311 : Honorable Marianne O. Battani |
| In Re: All Auto Parts Cases | : 2:12-md-02311-MOB-MKM : : : : : : |
| THIS DOCUMENT RELATES TO: All Auto Parts Cases | : : : : |

**MEMORANDUM OF LAW IN SUPPORT OF RULE 21 MOTION FOR AUTOMOBILE DEALER PLAINTIFF SLT GROUP II, INC. TO BE DROPPED AS A NAMED PLAINTIFF AND PROPOSED CLASS REPRESENTATIVE**

## CONCISE STATEMENT OF THE ISSUES PRESENTED

1.   Whether pursuant to Federal Rule of Civil Procedure 21 Automobile Dealer Plaintiff SLT Group II, Inc. ("SLT") should be permitted to be dropped as a named plaintiff and proposed class representative, having made an appropriate motion to do so?

2.   Whether Plaintiff SLT may be pursued by Defendants for highly sensitive discovery covering sixteen years when it will no longer serve as a named plaintiff, when numerous courts have declined to allow discovery to be sought from withdrawing class representatives, when the discovery Defendants seek is available from over 40 class representatives and when Defendants can demonstrate no particularized need for the burdensome discovery sought?

## TABLE OF CONTENTS

TABLE OF CONTENTS .................................................................................................... ii

TABLE OF MOST APPROPRIATE AUTHORITIES ............................................... iii

INTRODUCTION ........................................................................................................ 1

ARGUMENT ................................................................................................................ 2

   I.   Withdrawal has properly been requested .......................................................... 2

   II.  SLT Should Not Be Required To provide discovery After its withdrawal as a class representative ................................................................................................. 3

      A.   Courts Routinely Allow Parties To Withdraw Without Providing Further Discovery  3

      B.   Absent Class Members are Not Subject to Discovery ................................ 3

      C.   Defendants Cannot Show a Particularized Need For Discovery from SLT ................ 4

CONCLUSION ............................................................................................................ 8

## TABLE OF MOST APPROPRIATE AUTHORITIES

**Cases**

*Boynton v. Headwaters, Inc.*, No. 1-02-1111-JPM-egb, 2009 WL 3103161
(W.D. Tenn. Jan. 30, 2009) ............................................................ 5

*Doe v. Arizona Hosp. and Healthcare Ass'n*, No. CV 07–1292–PHX–SRB,
2009 WL 1423378 (D. Arizona March 19, 2009) ........................................... passim

*Garden City Employees' Ret. Sys. v. Psychiatric Solutions, Inc.*, Case No.:
3:09-00883, 2012 U.S. Dist. LEXIS 145807 (M.D. Tenn. Oct. 10, 2012) ................ 4

*Groth v. Robert Bosch Corp.*, Case No.: 1:07-cv-962, 2008 U.S. Dist. LEXIS
52328 (W.D. Mich. July 9, 2008) ....................................................... 4

*In re Carbon Dioxide Indus. Antitrust Litig.*, 155 F.R.D. 209 (M.D. Fla. 1993)....................... 4, 5

*In re Urethane Antitrust Litig.,* Case No. 04-MD-1616-JWL-DJW, 2006 WL
8096533 (D. Kan. June 9, 2006) ...................................................... passim

*McCarthy v. Paine Webber Group*, 164 F.R.D. 309 (D. Conn. 1995) .......................... 4

*Organization of Minority Vendors, Inc. v. Illinois,* Case No. No. 79 C 1512,
1987 WL 8997 (N.D. Ill. April 2, 1987) .......................................... 1, 2, 3

*Phillips Petroleum Co. v. Shutts*, 472 U.S. 797 (1985) ................................... 4

*Roberts v. Electrolux Home Products, Inc.*, 2013 WL 4239050 (C.D. Cal. Aug.
14, 2013)............................................................................. 1, 3

**Rules**

Fed. R. Civ. Pro. 21.................................................................... 2

**Other Authorities**

5 Newberg on Class Actions § 16:4. (4th ed. 2012) ..................................... 4

## INTRODUCTION

Automobile Dealer Plaintiffs respectfully request to allow SLT Group II, Inc. ("SLT") to be dropped as a named plaintiff and putative class representative.

"A plaintiff should not be compelled to litigate if it doesn't wish to." *Organization of Minority Vendors, Inc. v. Illinois,* Case No. No. 79 C 1512, 1987 WL 8997, at * 1 (N.D. Ill. April 2, 1987). SLT's removal as a named class representative will not affect discovery in this action when Defendants have recieved the same categories of documents and data that they seek from SLT from over forty other ADPs, who volunteered to represent the rights and the interests of the other victims of Defendants' conspiracy.

Further, given that SLT will become an absent class member, SLT should not be required to respond to Defendants' discovery. Discovery from a withdrawing class member is prohibited when "[t]he information Defendants need regarding class certification issues may be obtained from the remaining class representatives." *In re Urethane Antitrust Litig.,* Case No. 04-MD-1616-JWL-DJW, 2006 WL 8096533, at *2 (D. Kan. June 9, 2006). Courts have declined to require withdrawing plaintiffs to produce discovery. *Organization of Minority Vendors*, 1987 WL 8997, at * 1; *Doe v. Arizona Hosp. and Healthcare Ass'n*, No. CV 07–1292–PHX–SRB, 2009 WL 1423378, at *14 (D. Arizona March 19, 2009) (relieving withdrawing plaintiff from her discovery obligations); *Roberts v. Electrolux Home Products, Inc.*, 2013 WL 4239050, at *3 (C.D. Cal. Aug. 14, 2013) (declining to condition withdrawal on withdrawing plaintiff's submission to discovery).

At present, there are over forty other ADPs that have produced or are producing the exact same types of documents and data requested of SLT. Specifically, those ADPs have produced over forty sets of data, and over half a million pages of documents, covering thousands of new

vehicle purchases and sales—far more than Defendants and their economists need to construct Defendants' arguments and damage models.  SLT is an indirect purchaser who has no unique data or documents that Defendants need to defend against ADPs' claims.  Defendants can show no particularized need for SLT's data or documents.

Thus, SLT should be permitted to withdraw from the case, and Defendants should seek discovery from the remaining named Plaintiffs who wish to litigate against Defendants and are actively producing discovery.

## ARGUMENT

## I.      WITHDRAWAL HAS PROPERLY BEEN REQUESTED

Defendants have previously contended that a motion must be filed to effect withdrawal, from the Wire Harness Action pursuant to the Supplemental Discovery Plan ("SDP") entered in that case. Section III of the SDP states, "[U]pon motion, class representatives may be added *or dropped* up to the time that motions for class certification are filed."  (ECF No. 224 at 15.) (Emphasis added.). If, as Defendants argued, a motion is required to drop SLT as a plaintiff because of the language of the SDP, then Rule 21 applies.  In pertinent part, Rule 21 states, "[o]n motion or on its own, the court may at any time, on just terms, add *or drop* a party." Fed. R. Civ. Pro. 21. (Emphasis added.).  Thus, this motion properly drops SLT as a Named Plaintiff.

Numerous courts have permitted named plaintiffs to withdraw as class representatives in class actions. *Organization of Minority Vendors, Inc. v. Illinois,* Case No. No. 79 C 1512, 1987 WL 8997, at * 1 (N.D. Ill. April 2, 1987) (holding that "a plaintiff should not be compelled to litigate if it doesn't wish to"); *In re Urethane Antitrust Litig.,* Case No. 04-MD-1616-JWL-DJW, 2006 WL 8096533, at *22 (D. Kan. June 9, 2006) (allowing plaintiff's withdrawal after its deposition had been noticed); *Arizona Hosp. and Healthcare Ass'n*, 2009 WL 1423378, at *14 (D. Arizona March 19, 2009).

## II.    SLT SHOULD NOT BE REQUIRED TO PROVIDE DISCOVERY AFTER ITS WITHDRAWAL AS A CLASS REPRESENTATIVE

SLT should remain as an absent class member after its withdrawal is granted, and accordingly as an absent class member it should not be requested to provide thousands of pages of sensitive discovery, especially when such discovery is available from the over forty remaining class representatives.

### A.    Courts Routinely Allow Parties To Withdraw Without Providing Further Discovery

Courts have routinely allowed plaintiffs to withdraw as class representatives from actions such as this, and have repeatedly declined requests to require discovery from withdrawing plaintiffs.  As one court in a neighboring Circuit stated, withdrawing class representatives should not be "singled out from other class members for the requested discovery." *Organization of Minority Vendors, Inc.,* 1987 WL 8997, at *2. That court declined to require the withdrawing plaintiffs to respond to discovery as the defendants requested.  *Id.*  Other courts have similarly declined to force withdrawing class members to submit to discovery. *See Doe v. Arizona Hosp. and Healthcare Ass'n*, 2009 WL 1423378, at *14 (D. Arizona March 19, 2009) (relieving withdrawing plaintiff from her discovery obligations); *In re Urethane Antitrust Litig.,* Case No. 04-MD-1616-JWL-DJW, 2006 WL 8096533, at *22 (D. Kan. June 9, 2006) (permitting withdrawal and denying request for discovery from withdrawing plaintiff); *See also Roberts v. Electrolux Home Products, Inc.*, 2013 WL 4239050, at *3 (C.D. Cal. Aug. 14, 2013) (declining to condition withdrawal on withdrawing plaintiff's submission to discovery).

### B.  Absent Class Members are Not Subject to Discovery

Once withdrawn from this action, SLT will be an absent class member. "[A]n absent class-action plaintiff is not required to do anything.  He [or she] may sit back and allow the

litigation to run its course, content in knowing that there are safeguards provided for his [or her] protection." *Phillips Petroleum Co.*, 472 U.S. at 810. "The efficiencies of a class action would be thwarted if routine discovery of absent class members is permitted . . ." *In re Carbon Dioxide Indus. Antitrust Litig.*, 155 F.R.D. 209, 212 (M.D. Fla. 1993). "Discovery of absent class members . . . is rarely permitted due to the facts that absent class members are not 'parties' to the action, and that to permit extensive discovery would defeat the purpose of class actions which is to prevent massive joinder of small claims." *McCarthy v. Paine Webber Group*, 164 F.R.D. 309, 313 (D. Conn. 1995). "The purpose of this rule is to promote the policy of Federal Rule 23, i.e., to prevent absent class members from being compelled to participate actively in the litigation." *Garden City Employees' Ret. Sys. v. Psychiatric Solutions, Inc.*, Case No.: 3:09-00883, 2012 U.S. Dist. LEXIS 145807, at *9 (M.D. Tenn. Oct. 10, 2012) (citing 5 Newberg on Class Actions § 16:4. (4th ed. 2012)).

This reasoning has been employed by other courts in refusing to require withdrawing class representatives to produce discovery. For instance, in *Arizona Hosp. and Healthcare Ass'n*, the court stated that "[o]rdinarily, the burden to obtain discovery of any kind from absent class members is very high" and concluded that with regard to the withdrawing class representative "Defendants have not met the substantial burden required to compel an absent plaintiff to submit to discovery." 2009 WL 1423378, at *14.

## C. Defendants Cannot Show a Particularized Need For Discovery from SLT

Defendants cannot articulate any particularized or unique evidence SLT possesses (or might possess) that the other ADPs have not produced. "[A] court should only allow discovery of absent class members upon a showing of 'particularized need.'" *Groth v. Robert Bosch Corp.*, Case No.: 1:07-cv-962, 2008 U.S. Dist. LEXIS 52328, at *3 (W.D. Mich. July 9, 2008) (citing *In*

4

*re Carbon Dioxide Indus. Antitrust Lit.,* 155 F.R.D. at 212).

Additionally, discovery as to absent class members is not available when the information sought is available from the representative parties. *Boynton v. Headwaters, Inc.*, No. 1-02-1111-JPM-egb, 2009 WL 3103161, at *2 (W.D. Tenn. Jan. 30, 2009) (prohibiting discovery on absent class members where discovery was unduly burdensome and defendants could not show the information was not available from other sources, including named class members) (internal citations omitted).

Here the discovery sought is particularly burdensome given that it covers 16 years, a complicated data extraction, numerous categories of data and documents from various locations all over the dealership, including in hard copy, that are thousands of pages, and will be expensive and time-consuming to locate, gather and review. None of this data or documents are gathered, or ready for production. Undertaking this production will give rise to serious disruptions to SLT's business operations. This production would require constant help from, and disruptions to, dealership employees, for an extended period of time. It would be particularly burdensome to require SLT to submit to discovery after it has withdrawn from the case.

For instance, SLT, while no longer a plaintiff, would be required to copy all of its financial statements for sixteen years, provide Defendants with voluminous documents from its portal that its manufacturer considers to be sensitive and private, and disrupt its business operations to search the emails of its employees, who no longer have any connection to the suit. After this discovery is provided, both sides will likely have questions that SLT will be required to answer and follow-up that SLT will be required to perform. All of the described discovery would be undertaken even though neither Plaintiffs nor Defendants will be evaluating whether SLT, specifically, was injured, given that it will no longer be a class representative.

The information requested also contains private and sensitive information that must be carefully screened for production.  The documents and data requested by Defendants are extremely commercially sensitive, laying out all of the financials of the dealership, including numerous divisions of the business that have nothing to do with the sale of new cars.  The production requested also contains personal and private information belonging to individuals that Defendants may later seek to have revealed, requiring further involvement and litigation on SLT's part.

A dealership that is not participating in this lawsuit should not have to allow Defendants to probe into all of its business operations and obtain invasive and private discovery from it, especially when it will no longer be monitoring this litigation to make certain that its information is treated appropriately.  Rather than permitting SLT to be removed from the litigation, the provision of this discovery would permanently bind SLT to the case and prevent it from being able to fully withdraw, as the caselaw described herein states it must be able to do.

Thus, in antitrust cases like this one, discovery propounded on withdrawing class members is prohibited when "[t]he information Defendants need regarding class certification issues may be obtained from the remaining class representatives."  *In re Urethane Antitrust Litig.,* , 2006 WL 8096533, at *22 (allowing plaintiff to withdraw after its deposition was noticed and depositions had already commenced in the case).  It makes much more sense to obtain this discovery from the numerous plaintiffs staying in the case than the one withdrawing.

Defendants have not contended that the discovery is *only* available from SLT.  The discovery requested by Defendants has been produced by the other 40+ named Automobile Dealer Plaintiffs, who have produced over half a million pages and 45 sets of transactional data, from 40 plaintiffs containing over 200 fields. This wealth of data and documents will allow

Defendants to perform any analyses they wish and the addition of data or documents from one dealership will not meaningfully change the analysis—certainly not sufficiently to require SLT to undergo the burden and risk of providing it.

SLT is an indirect purchaser that has had no direct dealings with Defendants.  SLT has no unique knowledge of how Defendants perpetrated their schemes of price-fixing and bid-rigging. Nor can it uniquely speak to particular transactions with Defendants that cannot be addressed by any other discovery, because SLT had no transactions with Defendants.   SLT only dealt with an OEM, as the other named plaintiffs did.

An indirect purchaser has no unique data or documents that cannot be produced from the other indirect purchasers staying in the case. Thus, the Master should follow *Urethane* where the court held that  "[t]he information Defendants need regarding class certification issues may be obtained from the remaining class representatives." *In re Urethane Antitrust Litig.*, 2006 WL 8096533, at *2.  The Court in *Arizona Hospital* similarly held that "[t]he Court sees no convincing reason for the imposition of conditions on Jane Doe's withdrawal like those suggested by Carondelet. Such conditions seem particularly unnecessary in light of the fact that there are currently three identified class representatives who could be—and, in at least one case, already have been—deposed in her stead." *Doe v. Arizona Hosp. and Healthcare Ass'n*, 2009 WL 1423378, at *14.  Indeed, if Defendants want to evaluate the relationship between purchase and sale prices or to analyze the progress of prices during the class period, they can look at any other plaintiffs' documents and data.

Defendants cannot articulate a single, unique aspect of SLT's business of which Defendants need discovery to defend themselves against Auto Dealer Plaintiffs' claims.  Even if pass-on were relevant, a pass-on analysis of SLT's sales would not be because it will not be

7

seeking to represent any other dealerships.  Because Defendants are unable to identify any

particularized need for SLT's specific documents and data and because the requested information

is being produced by the named Automobile Dealer Plaintiffs, SLT should not be compelled to

provide further discovery.

       Indeed, the documents and data the existing plaintiffs have already produced are the same

types of data (indeed the same fields) and documents that Defendants are asking SLT to produce.

       Nor is there any argument to be made that SLT cannot withdraw at this juncture of

proceedings without providing discovery.  In *Urethane*, the plaintiff sought to withdraw after its

deposition was noticed and depositions had already commenced in the case. *In re Urethane*

*Antitrust Litig.*, 2006 WL 8096533, at \*2.  The court nonetheless allowed this withdrawal

without conditioning it on provision of discovery.

## CONCLUSION

       Based on the foregoing, SLT's motion should be granted in its entirety.

Date: October 9, 2015.              Respectfully submitted,

                          /s/ *Don Barrett*
                          Don Barrett
                          Brian Herrington
                          David McMullan, Jr.
                          **BARRETT LAW GROUP, P.A.**
                          P.O. Box 927
                          404 Court Square
                          Lexington, MS 39095
                          Telephone:  (662) 834-2488
                          Facsimile:   (662)834-2628

dbarrett@barrettlawgroup.com
bherrington@barrettlawgroup.com
dmcmullan@barrettlawgroup.com

Jonathan W. Cuneo
Joel Davidow
Daniel Cohen
Victoria Romanenko
**CUNEO GILBERT & LADUCA, LLP**
507 C Street, N.E.
Washington, DC 20002
Telephone: (202) 789-3960
jonc@cuneolaw.com
joel@cuneolaw.com
danielc@cuneolaw.com
vicky@cuneolaw.com


Shawn M. Raiter
**LARSON · KING, LLP**
2800 Wells Fargo Place
30 East Seventh Street
St. Paul, MN 55101
Telephone:  (651) 312-6500
Facsimile:  (651) 312-6618
sraiter@larsonking.com

***Interim Co-Lead Class Counsel for Dealership Plaintiffs***

Gerard V. Mantese (Michigan Bar No. P34424)
**MANTESE HONIGMAN AND WILLIAMSON, P.C.**
1361 E. Big Beaver Road
Troy, Michigan 48083
Telephone: (248) 457-9200
gmantese@manteselaw.com

***Interim Liaison Counsel for Dealership Plaintiffs***

9

## CERTIFICATE OF SERVICE

I hereby certify that on October 9, 2015, I filed this document via CM/ECF, which will provide notice to all counsel of record.

/s/ *Don Barrett*
Don Barrett
Brian Herrington
David McMullan, Jr.
**BARRETT LAW GROUP, P.A.**
P.O. Box 927
404 Court Square
Lexington, MS 39095
Telephone:  (662) 834-2488
Facsimile:  (662)834-2628
dbarrett@barrettlawgroup.com
bherrington@barrettlawgroup.com
dmcmullan@barrettlawgroup.com