# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

|  |  |  |
|---|---|---|
| IN RE AUTOMOTIVE PARTS ANTITRUST LITIGATION | : : : | Master File No. 12-md-02311 Honorable Marianne O. Battani |
| In Re: All Auto Parts Cases | : : : : : : : | 2:12-md-02311-MOB-MKM |
| THIS DOCUMENT RELATES TO: All Auto Parts Cases | : : : | |

**AUTOMOBILE DEALER PLAINTIFF SLT GROUP II, INC.'S REPLY IN SUPPORT OF ITS RULE 21 MOTION TO BE DROPPED AS A NAMED PLAINTIFF AND PROPOSED CLASS REPRESENTATIVE**

## TABLE OF CONTENTS

TABLE OF CONTENTS ................................................................................................................. i

TABLE OF MOST APPROPRIATE AUTHORITIES ................................................................ ii

INTRODUCTION ........................................................................................................................ 1

FACTS .......................................................................................................................................... 1

ARGUMENT ................................................................................................................................ 2

    I.      Defendants Do Not Need Discovery From SLT ................................................................ 2

CONCLUSION ............................................................................................................................ 5

# TABLE OF MOST APPROPRIATE AUTHORITIES

**Cases**

*Boynton v. Headwaters, Inc.*,
  No. 1-02-1111-JPM-EGB, 2009 U.S. Dist. LEXIS 94949 (W.D. Tenn. Jan. 30, 2009) ............ 3

*Doe v. Arizona Hosp. and Healthcare Ass'n*,
  No. CV 07-1292-PHX-SRB, 2009 U.S. Dist. LEXIS 42871 (D. Arizona March 19, 2009) ...... 2

*In re Urethane Antitrust Litig.,*
  Case No. 04-MD-1616-JWL-DJW, 2006 U.S. Dist. LEXIS 38503 (D. Kan. June 9, 2006) . 2, 3

*Organization of Minority Vendors, Inc. v. Illinois,*
  Case No. 79 C 1512, 1987 U.S. Dist. LEXIS 14049 (N.D. Ill. April 2, 1987) .......................... 2

*Roberts v. Electrolux Home Products, Inc.*,
  2013 U.S. Dist. LEXIS 115870 (C.D. Cal. Aug. 14, 2013) ....................................................... 2

## INTRODUCTION

On October 9, 2015, Auto Dealer Plaintiff SLT Group II, Inc.'s ("SLT") filed its Rule 21 motion to withdraw as a class representative. (2:12-cv-00102-MOB-MKM, ECF No. 377.) On October 12, 2015, Defendants represented to the Special Master that they would respond by October 26, 2015. Attached as Exhibit A is Defendants' email to the Special Master. On October 20, 2015, the Court, in a text order, struck SLT's motion for the sole reason that it had been filed under the wrong docket number. On October 22, 2015, SLT, without making any changes to the motion, filed the motion under the correct docket number. (2:12-md-02311-MOB-MKM, ECF No. 1121.)

Defendant did not file an opposition on October 26, 2015. Instead, without seeking an extension of time, Defendants filed their opposition on November 9, 2015 – a full two weeks after the deadline. (2:12-md-02311-MOB-MKM, ECF No. 1133.) Defendants' opposition should be stricken as untimely and SLT's motion should be granted.

In an abundance of caution only, Plaintiffs submit the following reply in support of SLT's Rule 21 motion.

## FACTS

SLT is factually dissimilar to any other ADP, such as Holzhauer.  In late 2014, SLT ceased communicating with ADP counsel, *i.e.*, would not respond to phone calls, emails, or letters. SLT never expressed a refusal to participate in the litigation generally or discovery specifically; it simply became uncommunicative. At present, ADP counsel have been unable to obtain SLT's documents much less produce them to Defendants. (Just as important, ADP counsel cannot actively and diligently prosecute SLT's claims.)

SLT has not decided to withdraw rather than comply with discovery obligations. SLT has simply become non-responsive and ADP counsel have no ability to gather documents from SLT.

1

Indeed, should the Court place conditions on SLT's withdrawal, ADP counsel would have no ability to make SLT comply with the conditions.

## ARGUMENT

### I.   Defendants Do Not Need Discovery From SLT

As an initial matter, the weight of authority from district courts around the country, which caselaw Defendants failed to rebut, demonstrates that discovery from a withdrawing class member is not permissible. *Organization of Minority Vendors, Inc. v. Illinois,* Case No. 79 C 1512, 1987 U.S. Dist. LEXIS 14049, at * 2 (N.D. Ill. April 2, 1987) (withdrawing class representatives should not be "singled out from other class members for the requested discovery."); *Doe v. Arizona Hosp. and Healthcare Ass'n*, No. CV 07-1292-PHX-SRB, 2009 U.S. Dist. LEXIS 42871, at *52 (D. Arizona March 19, 2009) (relieving withdrawing plaintiff from discovery obligations); *In re Urethane Antitrust Litig.,* Case No. 04-MD-1616-JWL-DJW, 2006 U.S. Dist. LEXIS 38503, at *22 (D. Kan. June 9, 2006) (denying request for discovery from withdrawing plaintiff); *Roberts v. Electrolux Home Products, Inc.*, 2013 U.S. Dist. LEXIS 115870, at *7 (C.D. Cal. Aug. 14, 2013) (declining to condition withdrawal on plaintiff's submission to discovery).

There is particularly no justification for such discovery from SLT when the materials Defendants seek have already been produced by other named plaintiffs in the litigation.  *In re Urethane Antitrust Litig.,* Case No. 04-MD-1616-JWL-DJW, 2006 U.S. Dist. LEXIS 38503, at *22 (D. Kan. June 9, 2006) ("[t]he information Defendants need regarding class certification issues may be obtained from the remaining class representatives."). Defendants have received over forty data sets and close to **three-quarters of a million pages of documents**, which include hundreds of thousands of pages of downstream discovery concerning dealership sales and operations, such as incentives to dealerships and consumers, promotional programs to dealers

and consumers, advertisements and dealership financial reports. This is in addition to the many categories of documents and data that have been requested from OEMs. Whether Defendants have 47 sets of data or 48 does not affect whether they will be able to build their damage models and whether their economists have sufficient data to perform their analyses (nor do they argue so). Similarly, whether SLT's documents, which would be substantially similar to the documents other dealers have produced, are added to the close to three-quarters of a million pages already produced, will not affect Defendants' class certification analysis. Indeed, some of SLT's documents will be identical to documents other dealerships have produced.

Because Defendants have the documents they need for class certification arguments, they are not entitled to obtain documents from SLT, a withdrawing, uncommunicative plaintiff, who will become an absent class member. *Urethane Antitrust Litig.*, 2006 U.S. Dist. LEXIS 38503, at *22 (denying request for discovery from withdrawing class representative, as "[t]he information Defendants need regarding class certification issues may be obtained from the remaining class representatives."); *Boynton v. Headwaters, Inc.*, No. 1-02-1111-JPM-EGB, 2009 U.S. Dist. LEXIS 94949, at *7 (W.D. Tenn. Jan. 30, 2009) (prohibiting discovery on absent class members where defendants could not show the information was not available from named class members). This is especially true for indirect purchaser plaintiffs, like SLT, who will not have any unique information about transactions with Defendants (and Defendants did not cite any cases where indirect purchasers in antitrust cases were required to produce anything before withdrawing). The only reason Defendants would even potentially need SLT's discovery would be to assess it as a class representative. There is no longer any call to do so, given that it will be withdrawing and will not be seeking to act as a class representative.

Given the large productions that Plaintiffs have made since July, any concern that

Defendants might not obtain this discovery from active class representatives has now been put to rest. There is no justification to further burden SLT – a burden that ADP counsel would not be able to meet given SLT's non-responsiveness.

The inquiry in a situation like this focuses on whether the defendants can obtain the information they seek from participating class representatives, rather than the withdrawing representative, who becomes an absent class member not subject to discovery, consistent with the Master's rulings on absent class member discovery.  In this situation, as stated, over forty Plaintiffs exist to provide the discovery Defendants seek.

Further, it is important to note, that SLT's documents and data are not gathered or ready for production, therefore, it is not in the same position as Holzhauer, the only withdrawing plaintiff that was told to make a production to Defendants and who the Master found "sits apart from some of the other ADPs wishing to withdraw as participating class members."  Order, at 4, Case No. 2:12-md-02311-MOB-MKM, (Doc # 1113) Filed 09/29/15.

Defendants claim that there are numerous decisions supporting their position, but cite only two decisions, both of which concern direct purchasers, who, unlike indirect purchasers, would have unique information and documents that could not be produced by any other class members.  *See In re Wellbutrin XL Antitrust Litig.*, 268 F.R.D. 539, 543–44 (E.D.Pa. 2010); *In re Vitamins Antitrust Litig.*, 198 F.R.D. 296, 303–06 (D.D.C. 2000). No one else would have had the same interactions with Defendants and the same market experience as a particular direct purchaser and no one else would be able to produce the same documents.  For instance, in *Wellbutrin*, the withdrawing plaintiff was a direct purchaser whose documents were valuable to the Defendants because it occupied a special place in the market, as a very large market player.

*Wellbutrin*, 268 F.R.D. at 544 ("defendants sought this discovery specifically from RDC because of its status in the market.").

Further, in *Vitamins*, a fifteen year-old case, the plaintiffs sought to withdraw shortly after losing a motion to compel. *Vitamins Antitrust Litig.*, 198 F.R.D. at 303. Loss of a motion to compel was also the reason for withdrawal in *Wellbutrin*. *Wellbutrin*, 268 F.R.D. at 543–44. That is not the situation here. SLT has not lost a motion to compel requiring it to produce discovery. Instead, the Master told Plaintiffs to file a motion to withdraw SLT, after being told it was uncommunicative. Case No. 2:12-cv-00102-MOB-MKM, (Doc # 373) Filed 09/29/15.

Also, contrary to Defendants' misstatement in their opposition, SLT has not failed to provide a reason for its withdrawal. As Dealership Plaintiffs explained to the Master during the parties' hearing in September, and as stated above, Dealership Counsel has moved to withdraw SLT because it has become uncommunicative.

Finally, it should be noted that class representatives are private attorneys general who agree to prosecute cases on behalf of putative class members, with no guarantee of compensation. Class representatives do not have to bring these actions, and there are no claims or counterclaims pending against them. Class representatives perform this service to vindicate the rights of silent class members. If all class representative plaintiffs were forced to produce burdensome discovery in the event they withdrew from litigation, no plaintiffs would be willing to serve in this role and private actions against criminal defendants would be greatly discouraged, resulting in a lack of compensation for the victims of such conspiracies.

## CONCLUSION

Based on the foregoing, Plaintiffs respectfully request that the Court grant SLT's motion in its entirety and without preconditions to withdrawal as a class representative.

Date: November 19, 2015.                          Respectfully submitted,

/s/ *Don Barrett*
Don Barrett
Brian Herrington
David McMullan, Jr.
**DON BARRETT, P.A.**
P.O. Box 927
404 Court Square
Lexington, MS 39095
Telephone:  (662) 834-2488
Facsimile:   (662)834-2628
dbarrett@barrettlawgroup.com
bherrington@barrettlawgroup.com
dmcmullan@barrettlawgroup.com

Jonathan W. Cuneo
Joel Davidow
Daniel Cohen
Victoria Romanenko
**CUNEO GILBERT & LADUCA, LLP**
507 C Street, N.E.
Washington, DC 20002
Telephone: (202) 789-3960
jonc@cuneolaw.com
joel@cuneolaw.com
danielc@cuneolaw.com
vicky@cuneolaw.com

Shawn M. Raiter
**LARSON · KING, LLP**
2800 Wells Fargo Place
30 East Seventh Street
St. Paul, MN 55101
Telephone:  (651) 312-6500
Facsimile:   (651) 312-6618
sraiter@larsonking.com

***Interim Co-Lead Class Counsel for Dealership Plaintiffs***

Gerard V. Mantese (Michigan Bar No. P34424)
**MANTESE HONIGMAN AND WILLIAMSON, P.C.**
1361 E. Big Beaver Road
Troy, Michigan 48083
Telephone: (248) 457-9200

gmantese@manteselaw.com

*Interim Liaison Counsel for Dealership Plaintiffs*

## CERTIFICATE OF SERVICE

I, Don Barrett, hereby certify that on November 19, 2015, I filed this document via

CM/ECF, which will provide notice to all counsel of record.

/s/ *Don Barrett*
Don Barrett