# EXHIBIT 7

# Evelyn Li

| | |
|---|---|
| **From:** | Evelyn Li |
| **Sent:** | Tuesday, November 24, 2015 12:29 AM |
| **To:** | Evelyn Li |
| **Subject:** | FW: Automobile Dealer Plaintiffs Responses to DENSO's Third Set of Interrogatories |

**From:** Vicky Romanenko
**Sent:** Monday, November 16, 2015 2:59 PM
**To:** 'Griffith, Dyanne'; Hart, Andrew; Donovan, David P; Cherry, Steven; Carome, Patrick
**Cc:** 'Brian K. Herrington'; 'Nanci-Taylor Maddux'; 'Alexander Blum'; 'gmantese@manteselaw.com'; Evelyn Li; Raiter, Shawn; ''donbarrettpa@gmail.com' (donbarrettpa@gmail.com)'; Taylor Asen
**Subject:** RE: Automobile Dealer Plaintiffs Responses to DENSO's Third Set of Interrogatories

Counsel,

We write in the response to your email below regarding our responses to Denso Interrogatory No. 4. Denso indicated in its correspondence that it did not understand why we objected to this interrogatory. We therefore write to lay out in more detail the bases for our objections.

First, and most importantly, your Interrogatory violates the Auto Dealership and End-Payor Deposition Protocol Order, 2:12-md-02311-MOB-MKM Doc # 1021. This Deposition Protocol, which was extensively litigated by the parties states, in paragraph III.B, that Defendants shall take "no more than one (1) deposition under Rule 30(b)(1)" of each Auto Dealer Plaintiff. This means that Defendants may choose one 30(b)(1) deponent per dealership. However, Denso has requested four categories of employees from each dealership, without even limiting the number of employees it is seeking from each category. After all Defendants made extensive representations to the Master regarding the deposition testimony they wished to take, including as to the various ancillary issues, the Master allowed Defendants to take one 30(b)(1) deposition for each dealership. Despite this, Defendants seek the name of every single employee that has, over a 15+ year-period, ever had responsibility for any transactional data management, any management or oversight of new vehicle sales, any management or oversight for acquisition of new vehicles, and any management or oversight for any non-vehicle finance and insurance products. Denso's Interrogatory is a clear attempt to circumvent the Special Master's order that Defendants receive one 30(b)(1) deponent, not every employee of the dealership that has ever had any contact with any of the dealerships' products or departments. As the Master explicitly stated "you need to get a 30(b)(6) and then you need to get perhaps an owner," May 6, 2015 Transcript, at 23. The Master never permitted the depositions of every employee with sales, data, purchasing, financing, and insurance responsibilities, despite extensive briefing of the issues by both sides.

Further, Defendants stipulated in the May 12 Order that this order, which provided certain compromises on the disputed downstream discovery—a category of discovery that a court in this District has declined to consider in a class certification motion—*resolved* Certain Defendants' Motion to Compel "Downstream" Discovery from Direct Purchaser and Auto Dealer Plaintiffs (Case No. 2:12-cv-00102, Doc 186), which, among a number of other requests, sought the production of information in response to Sumitomo Interrogatory 6(f), which sought "the identity of each person, entity, or service involved in any negotiation for each sale and for each person, entity, or service identify their role in the transaction and their contact information (i.e. name, address, and telephone number)." Thus, Denso agreed that this request was resolved. Denso may not now serve a request for this information in violation of that Order, after having relinquished it in return for the productions of documents and data that Dealership Plaintiffs have been making since July.

Denso has also already received Dealerships' Initial Disclosures, which set forth persons at the dealership that have information regarding purchases of vehicles and prices paid for those vehicles. Beyond an acquisition-related deponent, none of the individuals whose names Denso seeks will be able to provide information relevant to whether a dealership

Case 2:12-md-02311-SFC-RSW  ECF No. 1144-8, PageID.16194  Filed 11/24/15  Page 3 of 4
overpaid for its purchases of vehicles procured from an OEM.  Indeed, an F&I employee who deals with products that are not vehicles and do not contain Defendants' price-fixed products—products such as insurance or warranties—is in no way relevant to a dealership's purchases of overpriced vehicles.

There is no justification for these Interrogatories, served long after the time for serving comprehensive requests has passed, after Plaintiffs and Denso have come to an agreement as to which documents would be produced, and Plaintiffs have produced those documents.  The fact that Denso waited until more than two years into discovery to begin requesting this information, is testament to the impropriety and irrelevance of this request.  Denso has provided no good faith reason for the disclosure of the personal information of these employees, when they are not appropriate deponents.

---

**From:** Griffith, Dyanne [mailto:Dyanne.Griffith@wilmerhale.com]
**Sent:** Thursday, November 12, 2015 2:42 PM
**To:** Hart, Andrew; Donovan, David P; Cherry, Steven; Carome, Patrick
**Cc:** Vicky Romanenko; 'Brian K. Herrington'; 'Nanci-Taylor Maddux'; 'Alexander Blum'; 'gmantese@manteselaw.com'; Evelyn Li; Raiter, Shawn; ''donbarrettpa@gmail.com' (donbarrettpa@gmail.com)'
**Subject:** RE: Automobile Dealer Plaintiffs Responses to DENSO's Third Set of Interrogatories

Counsel,

You have objected to providing any information in response to DENSO's Interrogatory 4, which seeks information for a limited set of persons employed by each ADP.  None of your objections have any merit, and we expect to seek relief immediately from the Special Master.  Please advise when you are available between now and close of business Monday for a meet and confer.

Regards,
Dyanne

---

**From:** Hart, Andrew [mailto:ahart@larsonking.com]
**Sent:** Wednesday, November 11, 2015 11:37 PM
**To:** Donovan, David P; Cherry, Steven; Carome, Patrick; Griffith, Dyanne
**Cc:** 'Vicky Romanenko'; 'Brian K. Herrington'; 'Nanci-Taylor Maddux'; 'Alexander Blum'; 'gmantese@manteselaw.com'; 'Evelyn Li'; Raiter, Shawn; ''donbarrettpa@gmail.com' (donbarrettpa@gmail.com)'
**Subject:** Automobile Dealer Plaintiffs Responses to DENSO's Third Set of Interrogatories

Counsel,

The attached document contains Automobile Dealer Plaintiffs' Answers to DENSO's Third Set of Interrogatories.

Regards,
Andrew

**ANDREW HART**

**Larson • King, LLP**
30 East Seventh Street • Suite 2800
St. Paul, MN 55101
Direct: 651-312-6587
Fax: 651-312-6618
**LARSONKING.COM**



CONFIDENTIALITY NOTICE:
This communication constitutes an electronic communication within the meaning of the Electronic Communications Privacy Act, 18 USC 2510, and its disclosure is strictly limited to the recipient intended by the
2

overpaid for its purchases of vehicles procured from an OEM.  Indeed, an F&I employee who deals with products that are not vehicles and do not contain Defendants' price-fixed products—products such as insurance or warranties—is in no way relevant to a dealership's purchases of overpriced vehicles.

There is no justification for these Interrogatories, served long after the time for serving comprehensive requests has passed, after Plaintiffs and Denso have come to an agreement as to which documents would be produced, and Plaintiffs have produced those documents.  The fact that Denso waited until more than two years into discovery to begin requesting this information, is testament to the impropriety and irrelevance of this request.  Denso has provided no good faith reason for the disclosure of the personal information of these employees, when they are not appropriate deponents.

---

**From:** Griffith, Dyanne [mailto:Dyanne.Griffith@wilmerhale.com]
**Sent:** Thursday, November 12, 2015 2:42 PM
**To:** Hart, Andrew; Donovan, David P; Cherry, Steven; Carome, Patrick
**Cc:** Vicky Romanenko; 'Brian K. Herrington'; 'Nanci-Taylor Maddux'; 'Alexander Blum'; 'gmantese@manteselaw.com'; Evelyn Li; Raiter, Shawn; ''donbarrettpa@gmail.com' (donbarrettpa@gmail.com)'
**Subject:** RE: Automobile Dealer Plaintiffs Responses to DENSO's Third Set of Interrogatories

Counsel,

You have objected to providing any information in response to DENSO's Interrogatory 4, which seeks information for a limited set of persons employed by each ADP.  None of your objections have any merit, and we expect to seek relief immediately from the Special Master.  Please advise when you are available between now and close of business Monday for a meet and confer.

Regards,
Dyanne

---

**From:** Hart, Andrew [mailto:ahart@larsonking.com]
**Sent:** Wednesday, November 11, 2015 11:37 PM
**To:** Donovan, David P; Cherry, Steven; Carome, Patrick; Griffith, Dyanne
**Cc:** 'Vicky Romanenko'; 'Brian K. Herrington'; 'Nanci-Taylor Maddux'; 'Alexander Blum'; 'gmantese@manteselaw.com'; 'Evelyn Li'; Raiter, Shawn; ''donbarrettpa@gmail.com' (donbarrettpa@gmail.com)'
**Subject:** Automobile Dealer Plaintiffs Responses to DENSO's Third Set of Interrogatories

Counsel,

The attached document contains Automobile Dealer Plaintiffs' Answers to DENSO's Third Set of Interrogatories.

Regards,
Andrew

**ANDREW HART**

**Larson • King, LLP**
30 East Seventh Street • Suite 2800
St. Paul, MN 55101
Direct: 651-312-6587
Fax: 651-312-6618
**LARSONKING.COM**



CONFIDENTIALITY NOTICE:
This communication constitutes an electronic communication within the meaning of the Electronic Communications Privacy Act, 18 USC 2510, and its disclosure is strictly limited to the recipient intended by the

sender of this message. This communication and any files transmitted with it may contain confidential and privileged material for the sole use of the intended recipient, including confidential attorney client communications and/or attorney work product. Receipt by anyone other than the intended recipient is not intended to and does not constitute a loss of the confidential or privileged nature of the communications. Any review or distribution by others is strictly prohibited. If you are not the intended recipient you must not read, use, copy, retransmit or disseminate this communication and you are directed to immediately notify the sender by return electronic mail and delete all copies of this communication. To reply to our email directly, send an email to:ahart@larsonking.com