# EXHIBIT 22

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| _____ | : | |
| IN RE:  AUTOMOTIVE PARTS ANTITRUST LITIGATION | : | Master File No. 12-md-02311 |
| | : | Honorable Marianne O. Battani |
| _____ | : | |
| | : | |
| In re:  Valve Timing Control Devices | : | |
| _____ | : | |
| | : | |
| THIS DOCUMENT RELATES TO: | : | |
| | : | 2:13-cv-02500-MOB-MKM |
| All Valve Timing Control Devices Cases | : | |
| _____ | : | |

**VALVE TIMING CONTROL DEVICES DEPOSITION PROTOCOL ORDER**

IT IS HEREBY ORDERED as follows:

## I.      SCOPE OF ORDER

A.      This Valve Timing Control Devices Deposition Protocol Order shall apply to all depositions noticed under Rule 30, other than depositions of End Payor Plaintiffs and Auto Dealer Plaintiffs, which shall be governed by the End Payor Plaintiff and Auto Dealer Plaintiff Deposition Protocol Order previously entered in _In re Automotive Parts Antitrust Litigation_, No. 2:12-md-02311-MOB-MKM, and all depositions subpoenaed under Rule 45 of the Federal Rules of Civil Procedure in all cases, currently or in the future, consolidated or coordinated into the Valve Timing Control Devices Cases.  Nothing contained in this Valve Timing Control Devices Deposition Protocol Order shall confer Rule 30 or 45 deposition rights on any party that does not have such rights under the Federal Rules of Civil Procedure.

B.   As to certain Defendants that have a pending motion to dismiss based on lack of personal jurisdiction or improper venue, the entry of this Valve Timing Control Devices Deposition Protocol Order shall not constitute a waiver of:

1.   any jurisdictional or other defenses that may be available under Rule 12 of the Federal Rules of Civil Procedure;

2.   any affirmative defenses under Rule 8 of the Federal Rules of Civil Procedure; or

3.   any other statutory or common law defenses that may be available to Defendants in the Valve Timing Control Devices Actions.

## II.   DEFINITIONS

A.   "Auto Part Product" shall mean the specific auto part to which each Lead Case (as defined in the July 3, 2014 Electronic Case Management Protocol Order, 2:12-md-02311, ECF  No. 753 ("ECF Protocol")) in *In re Automotive Parts Antitrust Litigation*, is related, and includes those auto parts identified in the ECF Protocol (e.g. Valve Timing Control Devices, Motor Generators, Windshield Washer Systems, etc.).

B.   "Auto Parts Cases" shall mean all cases that are, currently or in the future, consolidated or coordinated into *In re Automotive Parts Antitrust Litigation*.

C.   "Plaintiff Groups" shall mean each group of Plaintiffs that currently has a complaint pending in the Valve Timing Control Devices Cases, including Auto Dealer Plaintiffs, End Payor Plaintiffs, and any other group of Plaintiffs that files a complaint in the future that is coordinated or consolidated into the Valve Timing Control Devices Cases.

2

D.  "Individual Participant" shall mean an individual plaintiff whose case has been, or is in the future, coordinated or consolidated into the Valve Timing Control Devices Cases (e.g., Ford Motor Company in Case No. 2:13-cv-00104 or the State of Florida in Case No. 2:13-cv-00105).

E.  "Plaintiff" or "Plaintiffs" when used alone shall refer collectively to Plaintiff Groups and Individual Participants.

F.  "Defendants" shall mean DENSO Corporation; DENSO International America, Inc.; DENSO International Korea Corporation; Mikuni Corporation; Mikuni American Corporation;  Mitsubishi Electric Corporation; Mitsubishi Electric US Holdings, Inc.; Mitsubishi Electric Automotive America, Inc.; Aisin Seiki Co., Ltd.; and Aisin Automotive Casting, LLC; and any other entities named as a Defendant in the Valve Timing Control Devices Cases in the future.

G.  "Defendant Group" shall mean each group of Defendants represented by separate counsel (e.g., Aisin, DENSO, Mikuni, or MELCO).

## III.  NUMBER AND LENGTH OF DEPOSITIONS

A.  The following limits shall apply to depositions of fact witnesses, other than pursuant to Rule 30(b)(6)[1], except as noted below:

1.  Plaintiffs collectively may take up to five (5) depositions each of the Aisin, DENSO, Mikuni and MELCO Defendant Groups in the Valve Timing Control Devices Cases.   Plaintiffs will pay for the witnesses'

---

[1] For purposes of Paragraph III regarding the number and length of fact witness depositions, "Defendant Group" shall be construed to include all former and current employees of Defendant Groups, regardless of whether those individuals are represented by separate counsel.

3

reasonable travel expenses as provided in Paragraph IV.B.

2.      The number of depositions of any Individual Participant that may be taken in that Individual Participant's case will be established through a separate agreement or order after sufficient preliminary discovery has occurred regarding that Individual Participant to permit the parties in that case to agree on, or the Court to order, a reasonable number of depositions of that Individual Participant.

3.      Any party may seek leave to take additional depositions for good cause shown.

4.      Notwithstanding the above, each party reserves its right to object to any particular deposition or to object on the ground that the number of depositions for that particular party should be fewer than the number specified above.

5.      The parties agree that the limits on the number of depositions set forth in Fed. R. Civ. Proc. 30(a)(2)(A)(i) shall not apply.

B.      A witness may be deposed only once in the Valve Timing Control Devices Cases, except if necessary for a party to revoke an earlier assertion of the Fifth Amendment, by agreement of the parties, or by order of the Court based on a showing of good cause. Notwithstanding the foregoing, a party may depose as a fact witness under Rule 30(b)(1) or Rule 45 an individual who has been previously deposed or will be deposed solely as a corporate representative of a party under Rule 30(b)(6).

C.     <u>Allocation of time</u>:

    1.     The parties have agreed that any deposition in which the witness will testify the majority of the time in a language other than English may be expanded to, but shall not exceed, thirteen (13) hours; provided, however, that unless the parties otherwise agree, the maximum amount of time for which a witness may be deposed during a single day shall be limited to seven (7) hours for the serving side and one (1) hour for the non-serving side. Each English language deposition will take place over one (1) day, and each foreign language depositions will take place over two (2) consecutive days, unless otherwise agreed to by the parties. Nothing contained herein shall prevent any party from seeking leave of the Court to expand the above noted duration limitations if the party reasonably believes that the additional time may be needed to complete the deposition of a witness. The party seeking leave shall bear the burden of demonstrating the need for additional time.

    2.     Notwithstanding the time limitations contained herein, counsel for parties that are not on the same side as the party that served the deposition notice or subpoena that has not been cross-noticed may examine the witness in response to issues that arise during the deposition.  Absent other agreement, for each deposition that is in English, the non-serving side shall be entitled to one (1) additional hour of time to question the witness, and for each deposition that is in a language other than English, the non-

serving side shall be entitled to two (2) additional hours of time to question the deponent.  The time allocated to parties that are on the opposite side from the party that served the notice or subpoena shall not be reduced by any notices or cross-notices served by parties on the same side as the party that served the notice or subpoena.  For purposes of all depositions, all Defendants are considered to be on the same side and all Plaintiffs are considered to be on the same side.

3.     Plaintiffs and Defendants shall separately meet and confer to allocate the time allotted by this Paragraph III(C) to their respective sides.

4.     The court-reporter service shall maintain a total running time for depositions to ensure compliance with the time limitations set forth in Paragraph III(C).  The total running time does not include breaks taken during a deposition.

5.     Not more than three Plaintiffs' counsel may examine each Defendant witness absent good cause.  Plaintiffs' counsel shall use their best efforts to coordinate in advance of the depositions so as to avoid duplicative questioning, and no Plaintiffs' counsel shall repeat any questions asked by other Plaintiffs' counsel.

6.     Any party intending to notice the deposition of a third party shall inform the parties on the other side no fewer than ten (10) days before noticing the third party deposition. The parties will use their best efforts to coordinate the third party deposition.  Subject to negotiations between the

parties and a third party and his or her counsel, if more than one party serves a subpoena, notices, or cross-notices a deposition for a witness who is not a party to the Valve Timing Control Devices Cases, the deposition time shall be increased from seven (7) hours to ten (10) hours.  The deposing parties will meet and confer to allocate time among the various sides.  In the event that an agreement is not reached, the deposition time will be divided equally between plaintiffs and defendants.  Service of additional cross-notices shall not further increase the time for the deposition.  A party serving a cross-notice of a deposition must serve that cross-notice at least 10 days before the scheduled date in the deposition notice.

## IV.    NOTICING AND SCHEDULING DEPOSITIONS

A.    Depositions shall be noticed pursuant to the Federal Rules of Civil Procedure for a proposed date and location, subject to the provisions in Paragraph III and Paragraph IV(B) below.  Depositions of fact witnesses may not be scheduled until the parties have conducted a Rule 26(f) conference and agreed on a discovery plan in the Valve Timing Control Devices cases.  The party that serves the deposition notice (the "Serving Party") shall serve the notice on all parties to the Valve Timing Control Devices Cases via email at least thirty (30) days prior to the date of the deposition if that deposition will be taken in the United States and at least sixty (60) days prior to the date of the deposition if that deposition will be taken outside the United States.  Any subpoenas for deposition testimony shall be

served as required by law, but copies shall be served via email on all parties to the Valve Timing Control Devices Cases.

B.     Depositions of the Defendant witnesses will take place in each witness's home country unless otherwise agreed by the parties.  Plaintiffs will pay said witnesses' economy class fares and reasonable travel costs incurred by witnesses, such as lodging and meal expenses up to a limit of $450 per day, associated with any such depositions that occur in a city within the United States, other than the depositions of witnesses identified in prior stipulations that certain Defendants have already agreed will take place in the United States.  No witness who lives in the United States at the time his deposition is noticed shall select a location for his deposition that is outside of the United States, and Plaintiffs will not be responsible for paying the expenses for witnesses who live in the United States.

C.     Service of a deposition notice or subpoena on a witness by a Plaintiff shall be sufficient to allow all Plaintiffs to attend and participate in the deposition of that witness according to the terms of this Order, and service of a deposition notice or subpoena on a witness by a Defendant shall be sufficient to allow all Defendants to attend and participate in the deposition of that witness according to the terms of this Order.  In the event that a serving Defendant Group settles or is otherwise dismissed from the action, any other Defendant who would have had a right to serve the initial notice or subpoena may enforce the notice or subpoena as if it had served the notice or subpoena.  Likewise, in the event that a serving Plaintiff settles with the Defendant Group with which the witness is affiliated, or a serving

8

Plaintiff otherwise withdraws or its claims are dismissed from the Valve Timing Control Devices Cases, any other Plaintiff who would have had a right to serve the notice or subpoena may enforce the notice or subpoena as if it had served the notice or subpoena. To enforce a notice or subpoena of a settling or dismissed party, the enforcing party, within seven (7) days of being notified of the relevant settlement or dismissal, must notify the noticed witness that it intends to enforce the settling or dismissed party's notice or subpoena.

D. In advance of a Rule 30(b)(1) deposition of any Defendant witness, Plaintiffs collectively shall serve an outline that identifies the general topics on which the Plaintiffs reasonably and in good faith expect to examine the witness. If further topics on which a Rule 30(b)(1) deponent will be examined arise after the outline is circulated, Plaintiffs will use reasonable efforts to notify Defendants of such topics reasonably in advance of the deposition. The outline is for notification purposes only, and shall not by itself be subject to objections. All objections that a party will have at a deposition shall be preserved. This outline will be separate from the notice identifying the deponent Plaintiffs have chosen, and the place and time of the deposition.

E. Within fifteen (15) days prior to the date of the deposition, any party that intends to attend a deposition shall notify counsel for the party that served the deposition notice or subpoena and counsel for the witness that it intends to attend the deposition. Because the purpose of this notice is to ensure the availability of space for all parties that intend to attend depositions, this provision will not

preclude a party from attending a deposition in person without advance notice if the Serving Party confirms that there is enough space for the party to attend.

F. Within ten (10) days of service of a properly served deposition notice or subpoena, any recipient shall provide notice to the Serving Party as to whether the recipient intends to object to the notice and/or move for a protective order or file a motion to quash. Within twenty-one (21) days of service of a properly served deposition notice or subpoena, either under Rule 30(b)(1), Rule 30(b)(6), or Rule 45, the recipient shall assert any objections to the notice and/or move for a protective order or move to quash. If a motion for protective order, objections, or motion to quash are filed, the deposition shall be stayed pending resolution of the motion or objections. If the recipient does not serve notice that it intends to file a motion for a protective order, objections, or a motion to quash then within ten (10) days of receipt of a deposition notice, the recipient shall either confirm the date of the deposition as set forth in the notice or shall provide three (3) proposed alternate dates for the deposition within thirty-five (35) days of the originally noticed date.

G. All parties that have provided notice that they intend to attend a deposition pursuant to Paragraphs IV(C) and (D) of this section shall cooperate in good faith in scheduling the deposition.

H. Plaintiffs and Defendants shall each designate one or more counsel responsible to create and maintain a master deposition calendar to be updated regularly with any changes as a result of meet and confer efforts regarding scheduling depositions.

The master deposition calendar shall set forth each deponent's name and affiliation, the location and anticipated length (number of hours and days) of the deposition, the identity of the Serving Party, and whether an interpreter has been requested. Beginning when the first deposition is scheduled, the master deposition calendar will be distributed via email to all Plaintiffs and Defendants on a weekly basis.

I.  In the event that a current or former employee of a Defendant, or Individual Participant who has received a notice for a deposition is likely to be deposed in connection with another Auto Part Product case, the parties shall use their best efforts to coordinate so as to attempt to avoid multiple depositions of the same witness where the issue has been brought to their attention by the relevant Defendant, or Individual Participant.

1.  For a Defendant to effectuate this paragraph, the Defendant whose current or former employee(s) are to be deposed and who wants to avoid multiple depositions shall either (i) make available to the Serving Party all relevant documents, the equivalent of the information provided in response to End-Payor Plaintiffs' First Set of Interrogatories to All Defendants Nos. 3, 6, 7, 9, 10, 11, and 13 concerning such current or former employee(s)'s role(s) in relation to other Auto Part Products, unless otherwise agreed to by the parties or (ii) have already responded to interrogatories and produced documents in the later Auto Part Product case sufficiently in advance of the deposition to permit a proper examination. If a Defendant witness

11

provides testimony on multiple Auto Part products, the deposition shall count against the number of Defendant Group depositions afforded Plaintiffs in each Auto Part Product case concerning those products, and the amount of additional deposition time will be agreed upon by the parties or, if the parties cannot agree, by the Special Master or the Court.

2.    For an Individual Participant to effectuate this paragraph, the Individual Participant whose current or former employee(s) are to be deposed and who wants to avoid multiple depositions shall either (i) make available to the Serving Party any information agreed upon by the parties sufficiently in advance of the deposition to permit a proper examination or (ii) have already responded to interrogatories and produced documents in the later Auto Part Product case sufficiently in advance of the deposition to permit a proper examination.

3.    The parties shall then meet and confer to seek agreement on reasonable additional time limits, if necessary, for such depositions.

J.    Any deposition that is expanded pursuant to Paragraph V(C) must take place over consecutive days, unless otherwise agreed to by the parties.

K.    No more than one deposition of a witness from the same Defendant Group, or Individual Participant shall be taken on any one day absent agreement of the parties.

L.    Plaintiffs may establish "employee lists" of no more than  fifteen (15) individuals per Defendant Group.  For each individual identified by Plaintiffs, Defendants

shall timely inform Plaintiffs in writing if they become aware that such person intends to leave, or does leave, his or her employment, to the extent reasonably possible. Upon Plaintiffs' request, Defendants shall make that person available for deposition either before or after his or her departure, to the extent reasonably possible. Plaintiffs may make changes to their employee lists on a quarterly basis until thirty (30) days before the discovery deadline, at which point the parties' obligations pursuant to this provision will cease.

## V.     RULE 30(b)(6) DEPOSITIONS

A.     Plaintiffs collectively may take up to fourteen (14) hours of Rule 30(b)(6) deposition testimony per Defendant Group.

B.     Examination time shall be increased for any portions of Rule 30(b)(6) depositions that are conducted through an interpreter at a ratio of seven (7) to thirteen (13) hours.

C.     A party may designate any individual as its corporate representative to testify in response to a Rule 30(b)(6) notice, including an individual whose deposition has been noticed or taken pursuant to Rule 30(b)(1).

D.     A recipient of a Rule 30(b)(6) notice must assert any objections to the topics identified in the notice, and/or move for a protective order within twenty-one (21) days of receipt of the notice, absent agreement of the parties. If a recipient of a Rule 30(b)(6) notice timely objects to a notice, or any portion of a notice, the parties will promptly meet and confer and attempt in good faith to resolve the

dispute, and  the deposition will be stayed pending resolution of the objections or motion.

E.      Plaintiffs collectively shall serve on each Defendant Group from which Plaintiffs seek Rule 30(b)(6) testimony no more than two (2) non-duplicative notices that identify all topics for which Plaintiffs seek testimony from that Defendant Group.

## VI.    OBJECTIONS

During a deposition, any objection by counsel for any Plaintiff shall be deemed an objection on behalf of all Plaintiffs, such that it shall not be necessary for counsel for each Plaintiff to separately join in an objection on the record or to separately state its objection(s) to a question on the record in order for all other Plaintiffs to preserve said objection(s).  Likewise, any objection by counsel for one Defendant shall be deemed an objection on behalf of all Defendants, such that it shall not be necessary for counsel for each Defendant to separately join in an objection on the record or to separately state its objection(s) to a question on the record in order for all other Defendants to preserve said objection(s).  All counsel shall avoid repeating objections already preserved.  However, nothing in this paragraph shall preclude any party from stating its own objection(s) on the record if that objection has not been previously made by other counsel.

## VII.   REMOTE PARTICIPATION

To minimize travel and related costs, counsel for a party that has a right to attend a deposition may do so by telephone to the extent permitted by law and otherwise practicable.  A party that elects to have its counsel participate in a deposition by telephone shall do so at its own risk and such participation shall not be disruptive to the deposition.  Counsel that intends to

attend a deposition by telephone must notify the Serving Party no less than ten (10) business days in advance of the scheduled start time of the deposition.  To the extent permitted by law and otherwise practicable in the location where the deposition is scheduled to take place, counsel for the Serving Party shall make arrangements so that a conference call line and a real-time video and text feed are available during the deposition.  In the event that a conference call line or real-time video and text feed are not available despite the reasonable efforts of the Serving Party to provide for those services, the deposition shall not be delayed but shall proceed as noticed.  Parties that remotely participate by using telephone, real-time video and/or text feed, or any other means to facilitate remote participation, will be responsible for paying the costs of the telephone, real-time video and/or text feed (or other means of remote participation) in a timely manner.  Examining counsel and counsel intending to participate by telephone shall cooperate in good faith to facilitate such participation.

## VIII.   EXHIBITS

A.   <u>Pre-Designation</u>:   Not later than four (4) business days before a deposition, counsel for each party that intends to examine a deponent ("Examining Counsel") may serve via email a non-binding list of documents (by document production (Bates) number) that counsel anticipates using or referring to during the deposition, including electronic copies and, where applicable, their translations.

B.   <u>Copies</u>:   Examining Counsel shall be responsible for bringing copies of any documents used at a deposition (whether or not they are pre-designated), including translations where applicable, for the witness, counsel for the witness, and the interpreter(s).  Examining Counsel need not otherwise bring copies of pre-

designated documents for any counsel present at the deposition.  If Examining Counsel does not pre-designate documents, then Examining Counsel shall bring one (1) copy of each document used at a deposition (including translations, where applicable) for each Plaintiff Group, Individual Participant and Defendant Group. In all events, Examining Counsel, defending counsel, and all other counsel attending the deposition shall cooperate in good faith so that counsel for each party attending the deposition will have adequate access during the deposition to any document, and its English translation where required, used by Examining Counsel during the deposition.

C.     <u>Use of translations</u>:

    1.     Any party intending to use as an exhibit at a deposition a document that is not in English shall use best efforts to have copies of a translation of any such document for all parties at the deposition.  In the exceptional circumstance that, despite best efforts, Examining Counsel has not been able to secure a translation, Examining Counsel must provide counsel attending the deposition a reasonable opportunity to examine the document with the interpreter and/or check interpreter (see Paragraph IX below) present at the deposition.  The document at issue shall not be shown to the witness being deposed prior to examination of the witness concerning the document by Examining Counsel, and prior to examination of the witness concerning the document by Examining Counsel no one except Examining Counsel shall speak with the witness being examined

16

about the document at issue except to the extent an interpreter determines that it is necessary to speak to the witness in order to accurately translate the document.  In such a case, the interpreter may speak to the witness before translating the document to counsel.  Reasonable time required to review foreign language documents for which no translation is provided pursuant to this paragraph shall count against the time allotted to Examining Counsel in this Order if the document was produced more than one (1) month before the deposition.

2.   Objections regarding the accuracy of a translated document shall be stated on the record and preserved with the statement "Object to translation." Use of a translated document during a deposition by an examining party does not constitute a waiver of such objections by that party.

3.   For depositions occurring sixty (60) or more days before the discovery deadline, objections to the accuracy of any document translations shall be asserted within sixty (60) days after the final transcript of the deposition is provided to the witness for correction.  For depositions occurring less than sixty (60) days before said deadline, the parties agree to meet and confer to determine a shorter deadline for objections to the accuracy of any document translations.  Objections shall state the specific challenges to the accuracy of the translation and offer an alternative translation of the portions of the document objected to.  If the parties are unable to resolve the dispute, it shall be submitted to the Court for resolution.  If no

17

objection is made to a translation within the sixty (60)-day or agreed upon limit, the portion(s) of the translation used during the witness's examination shall be deemed accurate, and no objection to admissibility on the grounds of inaccuracy of the translation will be permitted absent good cause.

4.      If a translated document is used during the deposition, the original and the translation shall be marked consecutively as "Exhibit #" and "Exhibit #-A".

D.      <u>Notice to counsel attending remotely</u>:  Examining Counsel shall read the Bates numbers of exhibits used at a deposition so that parties that participate in depositions by telephone can access those documents.

E.      <u>Sequential Marking</u>:  The parties shall use their best efforts to mark deposition exhibits sequentially, to not re-mark documents that have been previously marked as exhibits, and to use the previously marked exhibit number in subsequent depositions.  The index of exhibits annexed to each deposition transcript shall contain, for each exhibit marked or referred to in the deposition, the Bates number, the exhibit number, and a brief description of the exhibit.

## IX.      INTERPRETERS

A.      Counsel for any witness who will be deposed shall give notice if an interpreter will be required (i) within fourteen (14) days of receipt of the notice or subpoena for Rule 30(b)(1) or Rule 45 depositions, or (ii) at least fourteen (14) days prior to the date on which a Rule 30(b)(6) deposition is scheduled to take place.  In the

event that an interpreter is required, counsel for the Serving Party shall arrange the participation of an official, "lead" interpreter.

B.    In the event that a "check interpreter" attends the deposition, such interpreter shall refrain from any interaction with the lead interpreter, except where a proposed correction to the accuracy of a translation is necessary.  In that event, the colloquy between the check interpreter and lead interpreter shall be translated into English and confined to the extent necessary to address the concern of the check interpreter.  Absent agreement by the parties, neither the lead interpreter nor the check interpreter shall participate in the preparation of any witness for that witness's deposition or for the preparation of Examining Counsel for that witness's deposition.  This does not preclude the check interpreter from being available from the time the deposition begins to provide interpretation services for counsel during confidential communications with  the witness.

C.    An objection to the interpretation of any question or answer must be stated briefly and recorded on the record.  All objections (not only to the interpretation of any question or answer) and colloquy between counsel should be interpreted for non-English speaking deponents so those witnesses have the opportunity to understand what is happening.

## X.    TRANSCRIPT VERIFICATION

All witnesses have the right to read and sign the transcript(s) of their depositions.  Absent an agreement to the contrary, each witness shall have up to forty-five (45) days from the date on which the reporter indicates that the witness's transcript is available to read and sign the

transcript.  Witnesses for whom a translation is required may have sixty (60) days to read and sign the transcript.  The parties further agree that counsel for the witness may submit any errata pages and signatures to the court reporter via email.

## XI.   FIFTH AMENDMENT ASSERTIONS

A.   If a witness intends to assert the Fifth Amendment of the United States Constitution on any subject, counsel for the Defendant Group associated with the witness shall, to the extent they know, make a good faith effort to notify Defendants, Plaintiff Groups, and Individual Participants of the subjects for which the witness intends to assert the Fifth Amendment no later than thirty (30) days before the scheduled deposition.  If a party wishes to question the witness notwithstanding his or her assertion of the Fifth Amendment, the questioning party may submit a list of written questions to the witness, delivered to counsel for the relevant Defendant Group no fewer than fifteen (15) business days before the deposition is scheduled to begin.  Except as provided in Paragraph (B) below, the witness shall appear in person to be deposed.  At the deposition, the written questions and any associated documents will be introduced as an exhibit to the deposition, and the witness shall be asked summarily whether the witness would assert the Fifth Amendment to each of the written questions if they were posed individually.  If the answer to the summary question is "yes," use of the questions and answers at trial will not be precluded on the basis that the written questions were not asked and answered individually.  The use of the written questions and associated documents shall not prevent additional questions from being asked of the witness, although additional questioning may not exceed one (1) day,

regardless of whether an interpreter is used.  A 30(b)(6) deposition of a witness who invokes the Fifth Amendment as to substantially all questions shall not count against the limits on the time for 30(b)(6) depositions provided for in this Order.

B.   This paragraph applies only to a witness (a) who is not protected from criminal prosecution by the terms of the plea agreement of any defendant; (b) who is outside the United States; and (c) who, within his or her current country of residence, would be required to appear at the U.S. embassy, U.S. consulate, or other location under the control of the U.S. government for the deposition. Instead of appearing at the deposition, the witness may respond in writing to the written questions by declaration under 28 U.S.C. § 1746.  All objections to the written questions are preserved for trial.  The parties agree that the use of the written questions and answers at trial will not be precluded on the basis that the written questions were not asked and answered individually at a deposition.

C.   Any person who asserts his or her right not to testify under the Fifth Amendment will be bound by that assertion of the privilege and shall not be permitted to revoke that assertion and testify otherwise at trial if allowing the person to testify would be unduly prejudicial to another party.  There is no undue prejudice where notice of intent to revoke is provided and the person is made available for deposition sixty (60) days prior to the close of fact discovery.  A rebuttable presumption of undue prejudice shall apply, however, if the person, after revoking the assertion of that privilege, is not made available for deposition at least sixty (60) days prior to the close of fact discovery.   Notice of intent to revoke the

assertion of privilege shall be provided to all Parties in writing.  If such notice is provided and the person is not available for deposition until after the close of fact discovery, the revoking person shall make himself or herself available for deposition at his or her expense in San Francisco, California, Detroit, Michigan, New York, or Washington, DC.  Any such deposition shall not count against the total depositions permitted by paragraph III.A.

## XII.    MODIFICATIONS TO ORDER

This Valve Timing Control Devices Deposition Protocol Order is binding on all parties to the Valve Timing Control Devices Cases, including all current and future parties, and may be modified only by agreement of the parties or by order of the Court upon a showing of good cause.

IT IS SO ORDERED.


Date: October [ ● ], 2015                    _____

                                               GENE J. ESSHAKI, SPECIAL MASTER