# EXHIBIT E

```
 1                  UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF MICHIGAN
 2                        SOUTHERN DIVISION

 3                            -  -  -

 4   IN RE:  AUTOMOTIVE PARTS
     ANTITRUST LITIGATION
 5                                     Case No. 12-md-02311
                  MDL NO. 2311
 6                                     Hon. Marianne O. Battani

 7
                 HEARING REGARDING DEPOSITION PROTOCOL
 8
              BEFORE SPECIAL MASTER GENE J. ESSHAKI
 9          Theodore Levin United States Courthouse
                231 West Lafayette Boulevard
10                     Detroit, Michigan
                    Wednesday, May 6, 2015
11

12

13   **APPEARANCES:**
     **Direct Purchaser Plaintiffs:**
14
     STEVEN A. KANNER
15   **FREED, KANNER, LONDON & MILLEN, L.L.C.**
     2201 Waukegan Road, Suite 130
16   Bannockburn, IL  60015
     (224) 632-4502
17

18   SARAH GIBBS LEIVICK
     **KASOWITZ, BENSON, TORRES & FRIEDMAN, L.L.P.**
19   1633 Broadway
     New York, NY  10019
20   (212) 506-1765

21
     EUGENE A. SPECTOR
22   **SPECTOR, ROSEMAN, KODROFF & WILLIS, P.C.**
     1818 Market Street, Suite 2500
23   Philadelphia, PA  19103
     (215) 496-0300
24
         To obtain a copy of this official transcript, contact:
25            Robert L. Smith, Official Court Reporter
            (313) 964-3303 • rob_smith@mied.uscourts.gov
```

```
 1  dealers and 18 hours of 30(b)(6) testimony in the wire
 2  harness case for all of the reasons that we argued in our
 3  briefing and in our oral argument during our hearing on
 4  January 21st.
 5            MASTER ESSHAKI:  Okay.  Thank you.  Mr. Williams?
 6            MR. WILLIAMS:  Master Esshaki, I'm going to be
 7  brief now because I want to respond --
 8            MASTER ESSHAKI:  Thank God somebody's going to be
 9  brief today.
10            MR. WILLIAMS:  Well, I will try.  I want to respond
11  to what Ms. Sullivan said because some of it is not right and
12  much of it requires a response.
13            But in my view the threshold issue driving
14  everything else is the dispute between the defendants and the
15  auto dealers that Ms. Sullivan just alluded to, and in my
16  view until that is resolved the rest of this is going to be
17  held up, so I think it would make more sense for the auto
18  dealers to speak now.
19            MASTER ESSHAKI:  Sure.
20            MR. RAITER:  I'm Shawn Raiter on behalf of the auto
21  dealers.
22            Judge Battani was very clear on January 28th; she
23  did not say there will be one deposition per witness, she
24  said three or four times on this transcript, which you have
25  before you, there will be one deposition per plaintiff.  Now
```

1  the defendants ignore that because they want to come back to
2  really harassing and abusing the discovery process as it
3  relates to the automobile dealer plaintiffs.
4  　　　　　Let me just give you the citations because they are
5  in the record, Mr. Special Master, they are very clear.
6  Judge Battani said at page 24, "and this can all be done in
7  one deposition of a named plaintiff", page 24.  Page 24
8  again, "I mean, if we have to be innovative we will be
9  innovative but that there will be one deposition", page 24
10 again.  Page 26, "I want you to have the opportunity to
11 ask -- to get the information that you need and at the same
12 time only do a single deposition of most of these named
13 plaintiffs", that's page 26.
14 　　　　　So what they have done, the defendants have now
15 taken that, they ignore it, they don't want to abide by that.
16 They want to say well, what she really meant was no
17 duplicative depositions of the same witness.  That's not what
18 she said.  She made it very clear and you did when you
19 started this by reading your own notes that there should be a
20 single plaintiff for each -- a single deposition for each
21 named plaintiff unless there's good cause shown, and the
22 judge said that in her --
23 　　　　　MASTER ESSHAKI:  What about the difference between
24 the 30(b)(1) and 30(b)(6)?
25 　　　　　MR. RAITER:  They can choose how they wish to do

```
 1  it.
 2          MASTER ESSHAKI:  Don't you think they are entitled
 3  to both?
 4          MR. RAITER:  I think they can choose.
 5          MASTER ESSHAKI:  If you were to take the deposition
 6  of an owner of the automobile dealership, I dare say he could
 7  not tell you how his backroom where they do all the paperwork
 8  works, so you need to take the deposition of the head
 9  financial controller of a dealership for that style
10  testimony.  They should not be limited to do I take the
11  controller or do I take the owner.
12          MR. RAITER:  And they can make that decision, Your
13  Honor, but when you started this you also talked about
14  questions --
15          MASTER ESSHAKI:  Wait, wait, wait, that's the point
16  I'm getting at.  They should not be limited to saying with
17  respect to this dealer, should I take the president or the
18  CFO.  They really need at a minimum to have both.
19          MR. RAITER:  Why?
20          MASTER ESSHAKI:  Because the CFO is going to be
21  critical to understanding the financial operations of the
22  dealership, purchasing and sales of vehicles, how profit is
23  calculated, rebates and so forth.  The owner is going to tell
24  you what his business is, how many cars he buys and so forth.
25  They shouldn't have to choose between the two.
```