# EXHIBIT Q

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| In Re: AUTOMOTIVE PARTS ANTITRUST LITIGATION | Master File No. 12-md-02311<br>Honorable Marianne O. Battani |
| In Re: Wire Harness Cases | |
| THIS DOCUMENT RELATES TO:<br>Dealership Actions | 2:12-cv-00102-MOB-MKM |

**Automobile Dealer Plaintiffs Responses to**
**Certain Defendants' Requests for Production**

Pursuant to the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Eastern District of Michigan, Automobile Dealer Plaintiffs ("Plaintiffs"), by their undersigned counsel, object and respond to Certain Defendants' Targeted Request for Production of Recent Deal Files as follows:

**PRELIMINARY STATEMENT**

All responses contained herein are based only upon such information and documents presently available and specifically known to Plaintiffs. Further independent discovery, independent investigation, legal research and analysis may supply additional facts and/or add meaning to the known facts. The objections hereinafter set forth are given without prejudice to Plaintiffs' right at trial to produce evidence of any subsequently discovered fact or facts that may later develop.

1

## GENERAL OBJECTIONS

Plaintiffs object generally to the Requests on the following grounds, each of which is incorporated by reference in the responses to the individual Requests below. All responses set forth herein are subject to and without waiver of any of these General Objections:

1. Discovery will not be completed for a year or more. The following responses are therefore based upon information known at this time and are provided without prejudice to Plaintiffs' right to supplement these responses prior to trial or to produce evidence based on subsequently discovered information. Likewise, Plaintiffs' responses are based upon, and therefore limited by, Plaintiffs' present knowledge and recollection, and consequently, Plaintiffs reserve the right to make any changes in these responses if it appears at any time that inadvertent errors or omissions have been made.

2. Plaintiffs generally object to the Requests, including the Instructions and Definitions, to the extent they purport to enlarge, expand, or alter in any way the plain meaning and scope of any request or to impose any obligations on Plaintiffs' responses in excess of or in conflict with those required by the Federal Rules of Civil Procedure. Plaintiffs will respond to these Requests in accordance with their understanding of the obligations imposed by the Federal Rules of Civil Procedure and the Local Rules.

3. Plaintiffs object to the Requests, including the Instructions and Definitions, to the extent the information sought is protected by the attorney-client privilege, the attorney work product doctrine, or is otherwise privileged and/or immune from discovery. This objection includes, but is not limited to, information that Defendants seek regarding

communications between Plaintiffs and Plaintiffs' attorneys made during or in anticipation of litigation, and core and/or opinion work product of Plaintiffs' counsel contrary to Fed. R. Civ. P. 26(b)(3). Any inadvertent disclosure of information or documents protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection is not intended to constitute, and should not be considered as, a waiver of such privilege or protection.

4. Plaintiffs object to the Requests, including the Instructions and Definitions, to the extent they request Plaintiffs to produce information outside Plaintiffs possession, custody, or control.

5. Plaintiffs object to the Requests, including the Instructions and Definitions, to the extent they request documents equally accessible to, or in the possession of Defendants and can therefore be obtained from another source that is more convenient and less burdensome.

6. Plaintiffs object to the Requests, including the Instructions and Definitions, to the extent they are overly broad and unduly burdensome.

7. Plaintiffs object to the Requests, including the Instructions and Definitions, to the extent they are vague, ambiguous, or redundant.

8. Plaintiffs object to the Requests, including the Instructions and Definitions, to the extent they require Plaintiffs to draw legal conclusions.

9. Plaintiffs object to the Requests, including the Instructions and Definitions, to the extent the information requested is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

10. Plaintiffs object to the Requests to the extent they seek information or documents that have been deemed non-discoverable in this action by the Special Master or through any order of the Court overseeing this litigation.

11. Plaintiffs object to the Requests, including the Instructions and Definitions, to the extent they seek to require Plaintiffs to produce all information that supports or otherwise relates to specific contentions in this litigation, on the ground that such contention Requests are premature and unduly burdensome. *Council on American-Islamic Relations Action Network, Inc. v. Schlussel,* 2012 U.S. Dist. LEXIS 142319 (E.D. Mich. Oct. 2, 2012).

12. Plaintiffs object to the Requests, including the Instructions and Definitions to the extent that they impermissibly seek the premature and non-reciprocal disclosure of trial experts and expert information, or require Plaintiffs to set forth factual analyses, comparative analyses, or theories that may be the subject of expert testimony. In accordance with the Federal Rules of Civil Procedure, Plaintiffs reserve the right to introduce evidence not yet identified herein supporting their allegations, including evidence that Plaintiffs expect to further develop through the course of discovery and expert analysis.

13. Plaintiffs object to the Requests, including the Instructions and Definitions, to the extent that they seek information relating to the sales or use of Wire Harness Parts or products containing a Wire Harness Part Product acquired by Plaintiffs, or other downstream

4

data and information, because such information is neither relevant to Plaintiffs claims or Defendants' defenses thereto, nor reasonably calculated to lead to the discovery of admissible evidence.

14. In providing responses to the Requests, Plaintiffs reserve all objections as to competency, relevance, materiality, privilege, or admissibility as evidence in any subsequent proceeding in, or trial of, this or any other action for any purpose whatsoever.

15. No incidental or implied admissions are intended in these responses. Plaintiffs' responses to all or any part of any Requests should not be taken as an admission that: (a) Plaintiffs accept or admit the existence of any fact(s) set forth or assumed by the Requests; or (b) documents or information responsive to that Requests are in Plaintiffs' possession, custody, or control; or (c) documents or information responsive to the Requests exist. Plaintiffs' responses to all or any part of the Requests also are not intended to be, and shall not be, a waiver by Plaintiffs of all or any part of an objection(s) to the Requests.

14. Plaintiffs object to Instruction 4, to the extent it requests inclusion in a privilege log need any privileged or work-product information generated after the earlier of (a) the commencement of any DOJ investigation or (b) October 5, 2011. Plaintiffs also object to Instruction 5 because it demands information whose provision is not required under the Federal Rules of Civil Procedure and not necessary to the assertion of burden.

15. Plaintiffs object to the Requests to the extent that they purport to require Plaintiffs to search electronically stored information that is not readily accessible because of

5

undue burden or cost and, therefore, exceed the scope of reasonable discovery as defined in Rule 26(b)(2)(B) of the Federal Rules of Civil Procedure.

16. Plaintiffs object to the Requests to the extent they seek information primarily or exclusively within the possession, custody, or control of Defendants, or available from a source other than Plaintiffs that is more convenient, less burdensome, or less expensive.

17. Plaintiffs object to the Requests to the extent they seek "every" or "all" documents or things as overly burdensome. Plaintiffs will undertake a reasonably diligent search for responsive information within their possession, custody, or control.

18. Plaintiffs object to the Requests to the extent they call for documents to be produced in a manner or form that is unduly burdensome.

19. Plaintiffs' agreement to produce documents responsive to a particular request indicates that they will produce documents in their possession, custody, or control that are responsive to the particular request, subject to the objections Plaintiffs have raised in that request, in any other request, or the General Objections herein. Furthermore, these responses have been prepared before the complete identification of and review of all files considered reasonably likely to contain responsive materials. Accordingly, a statement in these responses to the effect that particular documents or categories of documents will be provided is not to be construed as a representation that such documents in fact exist. Likewise, the failure of Plaintiffs to make a specific objection to a particular request is not, and shall not be construed as, an admission that responsive information exists. Plaintiffs specifically reserve the right to introduce any evidence from any source that may hereafter be

discovered. Plaintiffs have not yet completed their investigation, and if any documents cannot be provided within a reasonable time after service of these responses, Plaintiffs reserve the right to apply for relief to permit the insertion of omitted documents.

20. Plaintiffs object to each request to the extent that it assumes the admissibility, truth, accuracy, or relevance of any information or document, or seeks an admission from Plaintiffs concerning such matters. In responding to these Requests, Plaintiffs make no such admissions and do not intend to waive, and on the contrary preserve: the right to raise all questions of authenticity, foundation, relevancy, materiality, privilege, and admissibility as evidence of any and all information or documents identified or produced in response to these Requests, and to make all objections related thereto, which may arise in any subsequent proceeding in, or trial of, this or any other action; the right to object on any grounds to the use of said information or documents in any subsequent proceeding in, or trial of, this or any other action; and the right to object on any ground at any time to other requests for production or other discovery involving said information or documents or the subject matter thereof.

21. Plaintiffs object to each Request to the extent it seeks any information protected by Federal Rule of Evidence 408 or that is subject to confidentiality or non-disclosure agreements required by the Defendants in this case, third parties, the Department of Justice or others.

22. Plaintiffs object to each Request to the extent it seeks any information belonging to another party that has not provided its consent to their disclosure.

23. Plaintiffs object to each Request to the extent it seeks information whose disclosure is prohibited by a court order.

24. Plaintiffs object to producing and will redact any personal or private information from any production, including but not limited to names, addresses, social security numbers, license numbers, bank account information and birthdays.

25. Plaintiffs also object to these Requests to the extent they are duplicative of any requests previously served in this Multidistrict Litigation or of one another or of the Interrogatories served other Defendants in this action.

26. Plaintiffs object to these requests to the extent they seek a temporal scope that is unduly burdensome.

27. Plaintiffs reserve the right to supplement or modify their Responses as discovery in this case proceeds.

## RESPONSES TO DOCUMENT REQUESTS

### REQUEST NO. 1:

Separately for each Plaintiff, produce all deal files and deal jackets concerning the following transactions:

**RESPONSE:** Plaintiffs specifically object to these Requests because they are overly broad, unduly burdensome, vague, not reasonably calculated to lead to the discovery of admissible evidence, and seek information that is not relevant or material to any of claims or defenses in this case. These Requests improperly seek downstream data and information that is not relevant or material to the claims or defenses in this case and is not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs also object to these Requests because

8

they request information or documents deemed non-discoverable by the Special Master in this litigation, including in the Master's August 3, 2015 Order. Plaintiffs object to these Requests because they seek personal and private consumer and employee information. Further, these Requests are duplicative of other Requests served in this litigation, including Sumitomo Request for Production No. 2. The information sought in these Requests is also duplicative of the data Dealership Plaintiffs have produced pursuant to the May 12 Order.

Plaintiffs also object to these Requests because they violate the May 12 Order and Stipulation, which the parties agreed resolves "[r]equests as to which Defendants were required to move to compel production by July 14, 2014 under the Stipulated Order Regarding Discovery Plan, 2:12-cv-00100-MOB-MKM (Doc. 232)," including Sumitomo Request No. 2. The Court stated of these types of requests, "I could say you knew you needed that before, that's fooling around, you don't get it." *See* Status Conference Transcript, February 12, 2014. Denso and other Wire Harness Defendants knew that they wanted this information about dealerships' sales at the time of the motion to compel and at the time of the May 12 Stipulation and Order. The May 12 Order also "resolves Certain Defendants' Motion to Compel "Downstream" Discovery from Direct Purchaser and Auto Dealer Plaintiffs (2:12-cv-00102, ECF 186)." The motion to compel resolved in the May 12 Order sought all Dealership Plaintiffs' deal files, and those deal files were specifically addressed in Dealership Plaintiffs' declaration and opposition in response to Defendants' motion to compel and were subject to the July 14, 2014 deadline for motions to compel. In entering into the May 12 Order and Stipulation, Denso has relinquished the right to seek these deal files.

Dated:  November 16. 2015   \_\_/s/_____
Shawn M. Raiter
**LARSON KING, LLP**
2800 Wells Fargo Place
30 East Seventh Street
St. Paul, MN 55101
Telephone:  (651) 312-6500
Facsimile:   (651) 312-6618
sraiter@larsonking.com
psand@larsonking.com


Gerard V. Mantese
(Michigan Bar No. P34424)
David Hansma
(Michigan Bar No. P71056)
Brendan Frey
(Michigan Bar No. P70893)
**Mantese Honigman Rossman and Williamson, P.C.**
1361 E. Big Beaver Road
Troy, Michigan 48083
Telephone: (248) 457-9200
gmantese@manteselaw.com
dhansma@manteselaw.com
bfrey@manteselaw.com

Jonathan W. Cuneo
Joel Davidow
Daniel Cohen
Victoria Romanenko
**Cuneo Gilbert & LaDuca, LLP**
507 C Street, N.E.
Washington, DC 20002
Telephone: (202) 789-3960
jonc@cuneolaw.com
joel@cuneolaw.com
danielc@cuneolaw.com
vicky@cuneolaw.com

Don Barrett
David McMullan
Brian Herrington
**BARRETT LAW GROUP, P.A.**
P.O. Box 927
404 Court Square
Lexington, MS 39095
Telephone: (662) 834-2488
Facsimile:   (662)834-2628
dbarrett@barrettlawgroup.com
bherrington@barrettlawgroup.com
dmcmullan@barrettlawgroup.com


*Interim Co-Lead Counsel*
*for the Automobile Dealer Plaintiffs*

1496117