UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

|  |  |  |
|---|---|---|
| IN RE AUTOMOTIVE PARTS ANTITRUST LITIGATION | : : : : | Master File No. 12-md-02311 Honorable Marianne O. Battani |
| In Re: Instrument Panel Clusters | : | 2:12-cv-00203 |
| In Re: Fuel Senders | : | 2:12-cv-00303 |
| In Re: Heater Control Panels | : | 2:12-cv-00403 |
| In Re: Alternators | : | 2:13-cv-00703 |
| In Re: Windshield Wiper Systems | : | 2:13-cv-00903 |
| In Re: Radiators | : | 2:13-cv-01003 |
| In Re: Starters | : | 2:13-cv-01103 |
| In Re: Ignition Coils | : | 2:13-cv-01403 |
| In Re: Motor Generators | : | 2:13-cv-01503 |
| In Re: HID Ballasts | : | 2:13-cv-01703 |
| In Re: Inverters | : | 2:13-cv-01803 |
| In Re: Fuel Injection Systems | : | 2:13-cv-02203 |
| In Re: Power Window Motors | : | 2:13-cv-02303 |
| In Re: Automatic Fluid Transmission Warmers | : | 2:13-cv-02403 |
| In Re: Valve Timing Control Devices | : | 2:13-cv-02503 |
| In Re: Air Conditioning Systems | : | 2:13-cv-02703 |
| In Re: Windshield Washer Systems | : | 2:13-cv-02803 |
| In Re: Spark Plugs | : | 2:15-cv-03003 |
| THIS DOCUMENT RELATES TO: DEALERSHIP ACTIONS | : : : : | |

**[PROPOSED] ORDER GRANTING AUTO DEALER PLAINTIFFS'
MOTION TO CONSOLIDATE CLAIMS AND AMEND COMPLAINTS**

Before the Court is Auto Dealer Plaintiffs ("ADPs")' Motion to Consolidate Claims and
Amend Complaints ("Motion") in the above-captioned cases ("Relevant Cases"). Because good
cause exists therefor, the Court hereby GRANTS the Motion.

The Court consolidates ADPs' claims against the following defendants:

      (a)     DENSO Corp., DENSO International America, Inc., DENSO International
Korea Corp., DENSO Korea Automotive Corp., DENSO Products &

1

Services Americas, ASMO Co., Ltd., ASMO North America, LLC, ASMO Greenville of North Carolina, Inc., ASMO Manufacturing, Inc., and ASMO North Carolina Inc.;

(b)    Aisan Industry Co., Ltd., Aisan Corp. of America, Franklin Precision Industry, Inc., and Hyundam Industrial Co., Ltd.;

(c)    Aisin Seiki Co., Ltd. and Aisin Automotive Casting, LLC;

(d)    Alps Automotive, Inc., Alps Electric (North America), Inc., and Alps Electric Co., Ltd.;

(e)    Calsonic Kansei Corp. and Calsonic Kansei North America, Inc.;

(f)    Continental Automotive Systems, Inc., Continental Automotive Electronics, LLC, and Continental Automotive Korea Ltd.;

(g)    Delphi Automotive LLP and Korea Delphi Automotive Systems Corp.;

(h)    Diamond Electric Mfg. Co., Ltd. and Diamond Electric Mfg. Corp.;

(i)    Keihin Corp. and Keihin North America, Inc.;

(j)    Koito Manufacturing Co., Ltd. and North American Lighting, Inc.;

(k)    MAHLE Behr GmbH & Co. KG and MAHLE Behr USA Inc.;

(l)    Mikuni America Corp.;

(m)    Mitsuba Corp. and American Mitsuba Corp.;

(n)    Mitsubishi Electric Corp., Mitsubishi Electric US Holdings, Inc., and Mitsubishi Electric Automotive America, Inc.;

(o)    Mitsubishi Heavy Industries, Ltd., Mitsubishi Heavy Industries America, Inc., and Mitsubishi Heavy Industries Climate Control, Inc.;

(p)    NGK Spark Plugs (U.S.A.) Holding, Inc., NGK Spark Plugs (USA) Inc., NGK Spark Plugs Co. Ltd., and NTK Technologies, Inc.;

(q)    Robert Bosch LLC and Robert Bosch GmbH;

(r)    Sanden International (U.S.A.) Inc.;

(s)    Showa Denko K.K. and Showa Aluminum Corp. of America;

      (t)       Stanley Electric Co., Ltd., Stanley Electric U.S. Co., Inc., and II Stanley Co., Inc.;

      (u)       Tokai Rika Co., Ltd. and TRAM, Inc.;

      (v)       Toyo Denso Co. Ltd. and Weastec, Inc.; and

      (w)      Valeo Japan Co., Ltd., Valeo Inc., Valeo Electrical Systems, Inc., and Valeo Climate Control Corp.

in the Relevant Cases because (1) the claims against the defendants in the Relevant Cases present common issues of law and fact such that Federal Rule of Civil Procedure 42 is satisfied; (2) no party would suffer undue prejudice from consolidation; and (3) consolidation would decrease costs and reduce delay, carry no risk of prejudice to any defendant, and best serve the interests of justice.

The Court permits ADPs to amend their complaints in the Relevant Cases by filing their Proposed Consolidated Amended Class Action Complaint because (1) the Sixth Circuit has a liberal policy of allowing amendments to complaints; (2) Plaintiffs can plausibly allege that each of the defendants had a conscious commitment to a common scheme to fix the prices of automotive parts sold to Original Equipment Manufacturers; and (3) there is no prejudice to any defendant by virtue of the proposed amendment.

**IT IS SO ORDERED.**

Date: _____, 2016      _____
                                               Hon. Marianne O. Battani
                                             United States District Court Judge