# EXHIBIT 3

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | |
|---|---|
| In Re: AUTOMOTIVE PARTS ANTITRUST LITIGATION | Master File No. 12-md-02311 Honorable Marianne O. Battani |
| In Re: Wire Harness Cases | |
| THIS DOCUMENT RELATES TO: | |
| All Dealership Actions | 2:12-cv-00102 |
| All End-Payor Actions | 2:12-cv-00103 |

**NOTICE OF INTENT TO SERVE SUBPOENAS TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

TO: All counsel of record:

Notice is hereby given that defendants LEONI Wiring Systems, Inc. and Leonische Holding Inc. intend to subpoena the following to obtain the documents described in the attached subpoenas *duces tecum*:

Allen Samuels Enterprises, Inc.
c/o Registered Agent: Jeff A. Wooley
301 Owen Lane
Waco, TX, 76710

Gunn GP, L.L.C.
Assumed Business Name: Gunn Automotive Group
c/o Registered Agent: M. Kelly Collins
227 Broadway
San Antonio, TX, 78205

Scott-McRae Automotive Group, LLLP
c/o Registered Agent: Joanne A. Ackman
701 Riverside Park Place, Suite 310
Jacksonville, FL, 32204

DATED October 17, 2014:                    O'MELVENY & MYERS LLP

                              By:   */s/Megan Havstad*
                                    Michael F. Tubach
                                    Megan Havstad
                                    O'MELVENY & MYERS LLP
                                    Two Embarcadero Center, 28th Floor
                                    San Francisco, CA 94111
                                    Telephone: (415) 984-8700
                                    Fax: (415) 984-8701
                                    mtubach@omm.com
                                    mhavstad@omm.com

                                    Michael R. Turco (P48705)
                                    BROOKS, WILKINS SHARKEY &
                                    TURCO, PLLC
                                    401 South Old Woodward, Suite 400
                                    Birmingham, MI  48009
                                    (248) 971-1713
                                    turco@bwst-law.com

                                    *Counsel for Defendants LEONI Wiring
                                    Systems, Inc. and Leonische Holding Inc.*

# CERTIFICATE OF SERVICE

I hereby certify that on October 17, 2014, I caused the foregoing **NOTICE OF INTENT TO SERVE SUBPOENAS TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION** to be served on the following by e-mail:

| Interim Liaison Counsel for the Direct Purchaser Plaintiffs | |
| --- | --- |
| David H. Fink<br>Darryl Bressack<br>FINK & ASSOCIATES LAW<br>100 West Long Lake Road, Suite 111<br>Bloomfield Hills, MI 48304<br>dfink@finkandassociateslaw.com<br>dbressack@finkandassociateslaw.com | |

| Interim Co-Lead Counsel for the Direct Purchaser Plaintiffs | |
| --- | --- |
| Steven A. Kanner<br>William H. London<br>Michael E. Moskovitz<br>Michael L. Silverman<br>FREED KANNER LONDON & MILLEN LLC<br>2201 Waukegan Road, Suite 130<br>Bannockburn, IL 60015<br>skanner@fklmlaw.com<br>wlondon@fklmlaw.com<br>mmoskovitz@fklmlaw.com<br>msilverman@fklmlaw.com | Joseph C. Kohn<br>William E. Hoese<br>Douglas A. Abrahams<br>Craig W. Hillwig<br>KOHN, SWIFT & GRAF, P.C.<br>One South Broad Street, Suite 2100<br>Philadelphia, PA 19107<br>jkohn@kohnswift.com<br>whoese@kohnswift.com<br>dabrahams@kohnswift.com<br>chillwig@kohnswift.com |
| Gregory P. Hansel<br>Randall B. Weill<br>Michael S. Smith<br>PRETI, FLAHERTY, BELIVEAU & PACHIOS LLP<br>One City Center<br>PO Box 9546<br>Portland, ME 04112-9546<br>ghansel@preti.com<br>rweill@preti.com<br>msmith@preti.com | Eugene A. Spector<br>William G. Caldes<br>Jonathan M. Jagher<br>Jeffrey L. Spector<br>SPECTOR ROSEMAN KODROFF & WILLIS, P.C.<br>1818 Market Street, Suite 2500<br>Philadelphia, PA 19103<br>espector@srkw-law.com<br>bcaldes@srkw-law.com<br>jjagher@srkw-law.com<br>jspector@srkw-law.com |

|  |  |
|---|---|
| **Interim Liaison Counsel for Auto Dealer Plaintiffs** | |
| Gerard V. Mantese<br>David Hansma<br>Brendan Frey<br>Joshua Lushnat<br>MANTESE HONIGMAN ROSSMAN AND<br>WILLIAMSON, P.C.<br>1361 East Big Beaver Road<br>Troy, MI 48083<br>gmantese@manteselaw.com<br>dhansma@manteselaw.com<br>bfrey@manteselaw.com<br>jlushnat@manteselaw.com | |
| **Interim Co-Lead Class Counsel for Auto- Dealer Plaintiffs** | |
| Don Barrett<br>David McMullan<br>Brian Herrington<br>BARRETT LAW GROUP, P.A.<br>PO Box 927<br>404 Court Square<br>Lexington, MS 39095<br>dbarrett@barrettlawgroup.com<br>bherrington@barrettlawgroup.com<br>dmcmullan@barrettlawgroup.com<br><br>Shawn M. Raiter<br>LARSON • KING, LLP<br>2800 Wells Fargo Place<br>30 East Seventh Street<br>St. Paul, MN 55101<br>sraiter@larsonking.com | Jonathan W. Cuneo<br>Joel Davidow<br>Victoria Romanenko<br>CUNEO GILBERT & LADUCA, LLP<br>507 C Street NE<br>Washington, DC 20002<br>jonc@cuneolaw.com joel@cuneolaw.com<br>vicky@cuneolaw.com<br>joel@cuneolaw.com |
| **Interim Liaison Counsel for End-Payor Plaintiffs** | |
| E. Powell Miller (P39487)<br>Adam Schnatz (P72049)<br>THE MILLER LAW FIRM<br>950 West University Drive, Suite 300<br>Rochester, MI 48307<br>epm@millerlawpc.com<br>aschnatz@millerlawpc.com | |

|  |  |
|---|---|
| **Interim Co-Lead Class Counsel for End-Payor Plaintiffs** ||
| Terrell W. Oxford<br>Warren T. Burns<br>SUSMAN GODFREY LLP<br>901 Main Street, Suite 5100<br>Dallas, TX 75202<br>toxford@susmangodfrey.com<br>wburns@susmangodfrey.com<br><br>Marc M. Seltzer<br>Steven G. Sklaver<br>SUSMAN GODFREY LLP<br>1901 Avenue of the Stars, Suite 950<br>Los Angeles, CA 90067-6029<br>mseltzer@susmangodfrey.com<br>ssklaver@susmangodfrey.com | Frank C. Damrell, Jr.<br>Steven N. Williams<br>Adam J. Zapala<br>Elizabeth Tran<br>COTCHETT, PITRE & McCARTHY, LLP<br>San Francisco Airport Office Center<br>840 Malcolm Road, Suite 200<br>Burlingame, CA 94010<br>fdamrell@cpmlegal.com<br>swilliams@cpmlegal.com<br>azapala@cmplegal.com<br>etran@cpmlegal.com<br><br>Hollis Salzman<br>Bernard Persky<br>William V. Reiss<br>ROBINS, KAPLAN, MILLER & CIRESI L.L.P.<br>601 Lexington Avenue, Suite 3400<br>New York, NY 10022<br>hsalzman@rkmc.com<br>bpersky@rkmc.com<br>wvreiss@rkmc.com |
| **Attorneys for Ford Motor Company** ||
| Hector Torres<br>Harold G. Levison<br>Cindy C. Kelly<br>Edward E. McNally<br>Sarah Gibbs Leivick<br>KASOWITZ, BENSON, TORRES & FRIEDMAN LLP<br>1633 Broadway<br>New York, NY 10019<br>htorres@kasowitz.com<br>hlevison@kasowitz.com<br>CKelly@kasowitz.com<br>emcnally@kasowitz.com<br>sleivick@kasowitz.com | Eric J. Pelton (P40635)<br>Theodore R. Opperwall (P31374)<br>Ryan D. Bohannon (P73394)<br>KIENBAUM OPPERWALL HARDY & PELTON, P.L.C.<br>280 North Old Woodward Avenue, Suite 400<br>Birmingham, MI 48009<br>epelton@kohp.com<br>topperwall@kohp.com<br>rbohannon@kohp.com |

| | |
|---|---|
| **Attorneys for City of Richmond/Public Entity Plaintiffs** | |
| Rodger D. Young (P22652)<br>Jaye Quadrozzi (P71646)<br>YOUNG & ASSOCIATES<br>27725 Stansbury Boulevard, Suite 125<br>Farmington Hills, MI 48334<br>efiling@youngpc.com<br><br>Louise H. Renne<br>K. Scott Dickey<br>Steve Cikes<br>RENNE SLOAN HOLTZMAN SAKAI LLP<br>350 Sansome Street, Suite 300<br>San Francisco, CA 94104<br>lrenne@publiclawgroup.com<br>sdickey@publiclawgroup.com<br>scikes@publiclawgroup.com<br><br>Charles E. Tompkins<br>WILLIAMS MONTGOMERY & JOHN LTD.<br>233 S. Wacker Drive, Suite 6100<br>Chicago, IL 60606<br>cet@willmont.com | Robert S. Green<br>James Robert Noblin<br>Lesley E.Weaver<br>GREEN & NOBLIN, P.C.<br>700 Larkspur Landing Circle, Suite 275<br>Larkspur, CA 94393<br>gnecf@classcounsel.ocm<br>lew@classcounsel.com<br><br>Karen L. Morris<br>Patrick F. Morris<br>R. Michael Lindsey<br>MORRIS AND MORRIS LLC<br>4001 Kennett Pike, Suite 300<br>Wilmington, DE 19807<br>kmorris@morrisandmorrislaw.com<br>pmorris@morrisandmorrislaw.com<br>rmlindsey@morrisandmorrislaw.com |
| **Attorneys for Defendants Sumitomo Electric Industries, Ltd.; Sumitomo Wiring Systems, Ltd.; Sumitomo Electric Wiring Systems, Inc.; K&S Wiring Systems, Inc.; and Sumitomo Wiring Systems (U.S.A.) Inc.** | |
| Marguerite M. Sullivan<br>LATHAM & WATKINS LLP<br>555 Eleventh Street NW, Suite 1000<br>Washington, DC 20004<br>Marguerite.Sullivan@lw.com | Daniel M. Wall<br>LATHAM & WATKINS LLP<br>505 Montgomery Street, Suite 2000<br>San Francisco, CA 94111<br>dan.wall@lw.com |
| William H. Horton (P31567)<br>GIARMARCO, MULLINS & HORTON, P.C.<br>101 West Big Beaver Road, Tenth Floor<br>Troy, MI 48084-5280<br>bhorton@gmhlaw.com | |

| | |
|---|---|
| **Attorneys for Defendants Yazaki Corporation and Yazaki North America, Inc.** | |
| John M. Majoras<br>Carmen G. McLean<br>Michael R. Shumaker<br>Kristen Lejnieks<br>Tiffany Lipscomb-Jackson<br>JONES DAY<br>51 Louisiana Ave. N.W.<br>Washington, D.C. 20001-2113<br>jmmajoras@jonesday.com<br>cgmclean@jonesday.com<br>mrshumaker@jonesday.com<br>klejnieks@jonesday.com<br>tdlipscombjackson@jonesday.com | Michelle K. Fischer<br>Stephen J. Squeri<br>JONES DAY<br>North Point<br>901 Lakeside Avenue<br>Cleveland, OH  44114<br>mfischer@jonesday.com<br>sjsqueri@jonesday.com |
| **Attorneys for Defendants DENSO International America, Inc. and DENSO Corporation** | |
| Steven F. Cherry<br>David P. Donovan<br>Brian C. Smith<br>Kurt G. Kastorf<br>WILMER CUTLER PICKERING HALE<br>AND DORR LLP<br>1875 Pennsylvania Avenue, N.W.<br>Washington, D.C. 20006<br>steven.cherry@wilmerhale.com<br>david.donovan@wilmerhale.com<br>brian.smith@wilmerhale.com<br>kurt.kastorf@wilmerhale.com | |
| **Attorney for Defendant DENSO International America, Inc.** | |
| Steven M. Zarowny (P33362)<br>General Counsel<br>DENSO International America, Inc.<br>24777 Denso Drive<br>Southfield, MI 48033<br>steve_zarowny@denso-diam.com | |

|  |  |
| --- | --- |
| **Attorneys for Defendants Fujikura Ltd. and Fujikura Automotive America LLC** | |
| James L. Cooper<br>Michael A. Rubin<br>Laura Cofer Taylor<br>Katherine Clemons<br>ARNOLD & PORTER LLP<br>555 Twelfth Street NW<br>Washington, DC 20004<br>james.cooper@aporter.com<br>michael.rubin@aporter.com<br>laura.taylor@aporter.com<br>katherine.clemons@aporter.com | Joanne Geha Swanson (P33594)<br>Fred Herrmann (P49519)<br>Matthew L. Powell (P69186)<br>KERR, RUSSELL AND WEBER, PLC<br>500 Woodward Avenue, Suite 2500<br>Detroit, MI  48226<br>jswanson@kerr-russell.com<br>fherrmann@kerr-russell.com<br>mpowell@kerr-russell.com |
| **Attorneys for Defendants Tokai Rika Co., Ltd. and TRAM, Inc. d/b/a Tokai Rika U.S.A. Inc.** | |
| David F. DuMouchel (P25658)<br>George B. Donnini (P66793)<br>BUTZEL LONG<br>150 West Jefferson, Suite 100<br>Detroit, MI 48226<br>dumouchd@butzel.com<br>donnini@butzel.com | W. Todd Miller<br>BAKER & MILLER PLLC<br>2401 Pennsylvania Ave., NW, Suite 300<br>Washington, DC 20037<br>TMiller@bakerandmiller.com |
| **Attorneys for Defendants G.S. Electech, Inc.; G.S.W. Manufacturing, Inc.; and G.S. Wiring Systems, Inc.** | |
| Donald M. Barnes<br>Jay L. Levine<br>Salvatore A. Romano<br>John C. Monica<br>Molly S. Crabtree<br>Karri N. Allen<br>PORTER WRIGHT MORRIS & ARTHUR LLP<br>1900 K Street, NW, Suite 1110<br>Washington, DC 20006<br>dbarnes@porterwright.com<br>jlevine@porterwright.com<br>sromano@porterwright.com<br>jmonica@porterwright.com<br>mcrabtree@porterwright.com<br>kallen@porterwright.com | |

|  |  |
|---|---|
| **Attorneys for Defendants Leoni Wiring Systems, Inc. and Leonische Holding, Inc.** | |
| Michael F. Tubach<br>O'MELVENY & MYERS LLP<br>Two Embarcadero Center, 28th Floor<br>San Francisco, CA 94111<br>Mtubach@omm.com | Michael R. Turco (P48705)<br>BROOKS WILKINS SHARKEY & TURCO PLLC<br>401 South Old Woodward, Suite 400<br>Birmingham, MI 48009<br>turco@bwst-law.com |
| **Attorneys for Defendants Furukawa Electric Co., Ltd. and American Furukawa, Inc.** | |
| Larry S. Gangnes<br>LANE POWELL PC<br>1420 Fifth Ave., Suite 4200<br>P.O. Box 91302<br>Seattle, WA 98111-9402<br>gangnesl@lanepowell.com | Craig D. Bachman<br>Kenneth R. Davis II<br>Darin M. Sands<br>Masayuki Yamaguchi<br>Peter D. Hawkes<br>LANE POWELL PC<br>ODS Tower<br>601 SW Second Ave., Suite 2100<br>Portland, OR 97204-3158<br>bachmanc@lanepowell.com<br>davisk@lanepowell.com<br>sandsd@lanepowell.com<br>yamaguchim@lanepowell.com<br>hawkesp@lanepowell.com |
| Richard D. Bisio (P30246)<br>Ronald S. Nixon (P57117)<br>KEMP KLEIN LAW FIRM<br>201 W. Big Beaver, Suite 600<br>Troy, MI 48084<br>richard.bisio@kkue.com<br>ron.nixon@kkue.com | |

Dated:  October 17, 2014

/s/Megan Havstad
Michael F. Tubach
O'MELVENY & MYERS LLP
Two Embarcadero Center, 28th Floor
San Francisco, CA 94111
Telephone: (415) 984-8700
Fax: (415) 984-8701
mtubach@omm.com

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

|  |  |
|---|---|
| In Re:  AUTOMOTIVE PARTS ANTITRUST LITIGATION | Master File No. 12-md-02311 Honorable Marianne O. Battani |
| In Re:  Wire Harness Cases |  |
| THIS DOCUMENT RELATES TO: |  |
| All Dealership Actions | 2:12-cv-00102 |
| All End-Payor Actions | 2:12-cv-00103 |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

TO:     Allen Samuels Enterprises, Inc., c/o Registered Agent Jeff A. Wooley, 301 Owen Lane, Waco, TX 76710.


☒ *Production:*  **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:


**See Attachment A**


| Place: | Central Texas Litigation Support Services, Inc., 7215 Bosque Blvd., Waco, TX 76710 | Date and Time: | December 1, 2015 at 10:00 a.m. |
|---|---|---|---|

☐    *Inspection of Premises:*  **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: |  | Date and Time: |  |
|---|---|---|---|

1

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

DATE: *10/17/14*

DAVID J. WEAVER, CLERK OF COURT

|                                          | OR |                          |
| ---------------------------------------- | -- | ------------------------ |
| *Signature of Clerk or Deputy Clerk*     |    | *Attorney's signature*   |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* LEONI Wiring Systems, Inc. and Leonische Holding Inc., who issues or requests this subpoena, are:  Megan Havstad, Esq., Two Embarcadero Center, 28th Floor, San Francisco, CA 94111, mhavstad@omm.com, (415) 984-8937.

**Notice to the person who issues or requests this subpoena**

A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

**PROOF OF SERVICE**

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____.

     ☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____; or

     ☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $_____.

My fees are    $_____     for travel and    $_____      for services for a total of     $_____

I declare under penalty of perjury that this information is true.

Date: _____

           _____
                         *Server's signature*

           _____
                         *Printed name and title*

           _____
                         *Server's address*

Additional information regarding attempted service, etc.:

**(c) Place of Compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where
compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
  (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

**ATTACHMENT A**

**DOCUMENT REQUESTS**

**REQUEST NO. 1:**    Data or documents (in the absence of data) sufficient to show the following information for each Automobile purchased by You or on Your behalf:

a.      Seller (*e.g.*, OEM, Auto distributor or dealer, consumer) from whom the Auto was purchased, including name, address, and other identifiers; and

(1)      Date of purchase;

(2)      OEM and model, model year, and other identifiers of the Auto, including Vehicle Identification Number ("VIN");

(3)      If the Auto was used, its mileage and condition when purchased;

(4)      Terms and conditions of purchase, including but not limited to:

(a)      Net price paid (before taxes and including currency and exchange rate, if applicable), and any adjustments to purchase price and incentives or allowances issued or applied at any time, including but not limited to, list price, taxes, commissions, rebates, discounts, refunds, or credit for returns;

(b)      Amount paid at time of purchase, and any remaining balance due, terms of financing, and duration of monthly or installment payments; and

(c)      Shipping or freight costs, and by whom such costs were paid;

(5)      "Ship-from" and vendor "pay-to" address(es) from which the Auto and invoice for it were shipped or sent, date(s) the Auto and invoice were shipped or sent, "ship-to/delivery" and customer "bill/invoice-to"

address(es) where the Auto and invoice were shipped or received, and date(s) the Auto and invoice were received; and

(6) Monetary or non-monetary components of, or incentives for, the purchase distinct from net price, including but not limited to, (a) any service, benefit, and/or product You received, or provided, in connection with the purchase of the Auto, including service agreements, warranties, or installation, and (b) the value of each such service, benefit, or product;

b. Purchaser (*e.g.*, consumer, leasing company, *i.e.*, lessor, Auto distributor or dealer) to whom the Auto was sold, including name, address, and other identifiers; and

(1) Date and place (including address) of sale;

(2) Terms and conditions of sale, including but not limited to:

(a) Net price paid by purchaser (before taxes and including currency and exchange rate, if applicable), and any adjustments to sale price and incentives or allowances issued or applied at any time, including but not limited to, MSRP, list price, taxes, rebates, discounts, refunds, credits, or allowances for vehicle trade-ins, and OEM and model, model year, VIN, and other identifiers, and mileage of vehicle for which a trade-in allowance was provided; and

(b) Amount paid at time of sale, and any remaining balance due, terms of financing, and duration of monthly or installment payments;

(3) If the Auto was used, its mileage and condition when sold;

6

  c. For leases, lessee (*e.g.*, consumer) to whom the Auto was leased, including name, address, and other identifiers; and

   (1) Date and place (including address) of lease;

   (2) Terms and conditions of lease, including but not limited to:

    (a) Term of lease;

    (b) List and/or negotiated amount paid at inception of lease and monthly or periodic lease payments;

    (c) Money factor, or finance or interest rate;

    (d) Depreciation and finance charges;

    (e) Mileage allowance and any excess mileage charges;

    (f) Deposits and acquisition, disposition, termination, or other fees or charges;

    (g) Actual and/or proposed residual or resale value of Auto at conclusion of lease term; and

    (h) Net price paid (before taxes and after any adjustments to price), at inception of lease and at conclusion of lease term, and any adjustments to sale price and incentives or allowances issued or applied at any time, including but not limited to, MSRP, list price, taxes, rebates, discounts, refunds, credits or allowances for vehicle trade-ins, and OEM and model, model year and other identifiers, and mileage of vehicle for which a trade-in allowance was provided;

   (3) If the Auto was used, its mileage and condition when leased;

d.      Monetary or non-monetary components of, or incentives for, the sale or lease distinct from net price, including but not limited to, (1) commissions, and any service, benefit, and/or product the purchaser or lessee received, or provided, in connection with the sale or lease, including service agreements, or warranties, and (2) the value of each such service, benefit, or product;

e.      Repairs or recalls with respect to the Auto, nature of repair or recall, whether the Auto was returned, and amount of any associated payment, refund or credit;

f.      Actual and/or estimated direct and indirect purchase, marketing, distribution, selling, leasing and other costs in connection with the purchase and sale or lease of the Auto, both fixed and variable, including but not limited to, direct and indirect costs of management, labor, commissions, real estate, financing, overhead, energy, and freight;

g.      Your gross profit, profit margin or level, operating profit, projected profit, net profit, and/or profit-and-loss statements for the purchase, sale and any lease of the Auto;

h.      Monthly or periodic reports on Auto inventory levels; and

i.      Each contract or agreement concerning the purchase, sale and any lease of the Auto.

**REQUEST NO. 2:**   Data or documents (in the absence of data) sufficient to show the following information for each (a) Wire Harness Product, or (b) Auto Part purchased by You or on Your behalf:

a.      Date of purchase;

8

b.    Seller (*e.g.*, OEM, Auto parts manufacturer or distributor, or Auto dealer) from whom the WHP or Auto Part was purchased, including name, address, and other identifiers;

c.    Manufacturer, name or description, part number, and other identifiers of the WHP or Auto Part, including OEM and model, model year, and other identifiers of the Auto or other product in which the WHP or Auto Part was designed or intended to be installed, and quantity purchased (including measurement unit for quantity);

d.    Terms and conditions on which the WHP or Auto Part was purchased, including but not limited to:

(1)    Net price of the WHP or Auto Part (including currency and exchange rate, if applicable), and any adjustments to purchase price and incentives or allowances issued or applied at any time, including but not limited to, taxes, amortization and amortization schedule, installment payments, financing, rebates, lump sum or other discounts, refunds, credit for returns, and currency or input cost adjustments; and

(2)    Shipping or freight costs, and by whom such costs were paid;

e.    "Ship-from" and vendor "pay-to" address(es) from which the WHP or Auto Part and invoice for it were shipped or sent, date(s) the WHP or Auto Part and invoice were shipped or sent, "ship-to/delivery" and customer "bill/invoice-to" address(es) where the WHP or Auto Part and invoice were shipped or received, and date(s) the WHP or Auto Part and invoice were received;

f.    Monetary or non-monetary components of, or incentives for, the purchase of the WHP or Auto Part distinct from net price, including but not limited to, (1) any

service, benefit, and/or product that You provided, or received, in connection with the purchase, including service agreements, warranties, or installation, and (2) the value of each such service, benefit, or product;

g.  Purchaser (*e.g.*, consumer, Auto parts distributor, or Auto dealer), to whom the WHP or Auto Part was sold, including name, address, and other identifiers; and

(1)  Date and place (including address) of sale;

(2)  Terms and conditions of sale, including but not limited to:

(a)  Net price paid by purchaser (before taxes and including currency and exchange rate, if applicable), and any adjustments to sale price and incentives or allowances issued or applied at any time, including but not limited to, list price, taxes, rebates, discounts, refunds, or credit for trade-ins or returns;

(b)  Amount paid at time of sale, and any remaining balance due, terms of financing, and duration of monthly or installment payments;

(c)  Monetary or non-monetary components of, or incentives for, the sale, including but not limited to, (i) commissions, and any service, benefit, and/or product the purchaser received, or provided, in connection with the sale, including service agreements or warranties, and (ii) the value of each such service, benefit, or product;

h.  Information sufficient to track each WHP or Auto Part after it was installed in another product and/or sold, including OEM and model, model year, VIN, and/or part number, and other identifiers of the specific Auto or other product in which

the WHP or Auto Part was installed or for which it was designed or intended to be installed;

i.  Actual and/or estimated direct and indirect purchasing, marketing, distribution or selling, and other costs of goods sold for the WHP or Auto Part, both fixed and variable, including but not limited to, direct and indirect costs of management, labor, overhead, energy, materials, sales and marketing, and freight;

j.  Your gross profit, profit margin or level, operating profit, projected profit, net profit, and/or profit-and-loss statements for purchase and sale of the WHP or Auto Part;

k.  Each contract or agreement concerning the purchase of the WHP or Auto Part.


**REQUEST NO. 3:**   Documents (to the extent not produced in response to Request Nos. 1-2), including number, code, or data dictionaries or similar documents, sufficient to identify, describe, and explain the (a) manufacturer, supplier, vendor, and customer numbers or codes; (b) product, component, and part numbers or codes; (c) OEM and model, model platform, VIN, and model year numbers or codes; (d) contract or agreement and invoice numbers or codes; (e) transaction types, including standard credits, debits, returns, and other adjustments related to purchases, sales and any leases of Automobiles, WHPs, and Auto Parts; and (f) data fields, that are reflected in data or documents produced in response to Request Nos. 1-2.


**REQUEST NO. 4:**   Documents (to the extent not produced in response to Request Nos. 1-3) sufficient to disclose, identify, describe, and explain (a) the processes, policies, strategies, methods, formulas, factors, guidelines, and sales or price or margin targets used in

purchasing or acquiring the Automobiles, WHPs and Auto Parts later sold or leased by You or on Your behalf, including but not limited to, manuals, handbooks and documents concerning how the prices paid and terms and conditions of purchase were determined, whether prices and terms were negotiated in any way, and, if so, how prices and terms changed and the reasons for those changes, what factors were considered in deciding what Automobiles, WHPs and Auto Parts to purchase or acquire and from whom, and any proposed or actual changes in such processes, policies, strategies, methods, formulas, or factors and the reasons for such changes; and (b) the training or instruction of Your personnel regarding such processes, policies, strategies, methods, formulas, or factors.

**REQUEST NO. 5:**   Documents (to the extent not produced in response to Request Nos. 1-4) sufficient to disclose, identify, describe, and explain (a) the processes, policies, strategies, methods, formulas, factors, manuals and handbooks used in determining, setting, computing, quoting, negotiating, or modifying the prices and terms and conditions of sale or lease of Automobiles, WHPs and Auto Parts sold or leased by You or on Your behalf, and any proposed or actual changes in such processes, policies, strategies, methods, formulas, or factors and the reasons for such changes; (b) sales or price or margin targets, warranties, rebates, discounts, off-invoice discounts, credits, allowances, vehicle trade-in credits or allowances, promotional or incentive payments, or other price concessions in selling or leasing such Automobiles, WHPs and Auto Parts; and (c) any sales promotions or incentives offered or advertised in connection with the sale or lease of such Automobiles, WHPs and Auto Parts and the cost of such promotions or incentives.

**REQUEST NO. 6:**   Documents (to the extent not produced in response to Request Nos. 1-5) sufficient to disclose, identify, describe, and explain (a) the training or instruction of sales personnel involved in the sale or lease of Automobiles, WHPs and Auto Parts sold or leased by You or on Your behalf, including but not limited to policies (*e.g.*, sales personnel discretion in adjusting pricing and the parameters of that discretion), strategies, methods, formulas, sales or price or margin targets, guidelines, manuals, and handbooks for sales or lease negotiations with customers or potential customers; and (b) the monetary and non-monetary compensation of such sales personnel, including bonuses and commissions.

**REQUEST NO. 7:**   Documents (to the extent not produced in response to Request Nos. 1-6) sufficient to disclose, identify, describe, and explain the processes, policies, strategies, methods, and formulas regarding inventory management of Automobiles, WHPs and Auto Parts sold or leased by You or on Your behalf, including but not limited to, guidelines, manuals, handbooks, and strategy and planning presentations.

**REQUEST NO. 8:**   Documents (to the extent not produced in response to Request Nos. 1-7) concerning (a) Your competitors, including but not limited to, documents concerning competitors' locations, and descriptions of competitors' businesses, and competitors' pricing and promotions; (b) Your strategies, programs, and plans for competing against Your competitors, including but not limited to, price discounting, sales and promotions, and increased customer services; (c) supply and demand conditions that may affect sales or pricing of Automobiles, WHPs, and Auto Parts; and (d) Your advertising and marketing campaigns, and trade promotions, at the national, regional, and/or dealership levels.

**REQUEST NO. 9:**   Documents (to the extent not produced in response to Request Nos. 1-8) sufficient to show Your organizational structure, including but not limited to, the location of all Your building and operation sites, including corporate offices, warehouses, stores, showrooms, and other retail and wholesale locations.

**REQUEST NO. 10:**   Documents (to the extent not produced in response to Request Nos. 1-9) concerning each communication between You or Your counsel and any of the Plaintiffs or their counsel in the Wire Harness MDL.

**REQUEST NO. 11:**   Documents sufficient to disclose, identify, describe, and explain Your policies or practices regarding the retention, destruction, disposal, or preservation of documents and/or electronically stored information, and, if such policies or practices have been different with respect to any category of documents or over different time periods, documents sufficient to disclose, identify, describe, and explain each such category or time period and Your retention policy or practice with respect to each such category or time period.

**REQUEST NO. 12:**   Documents sufficient to disclose, identify, describe, and explain Your electronic database and data processing systems, programs, and outputs thereof, including all mainframe systems, linked area networks, or other applications used by You or on Your behalf to record, store, compute, analyze, or retrieve information concerning the pricing, purchase or acquisition, marketing, sale, lease, manufacturing or production, supply, or distribution of Autos, WHPs and Auto Parts.

## DEFINITIONS

1.     "Automobile" and "Auto" mean a motor vehicle that is principally used for transporting from one to eight passengers and is designed to operate primarily on roads, typically with four wheels, including sedans, pickup trucks, and sport utility vehicles, but excluding motorcycles, all-terrain vehicles, buses, and commercial trucks.

2.     "Auto Part" means an Automobile part in which a Wire Harness Product is a component or incorporated.

3.     "MSRP" means the manufacturer's suggested resale price.

4.     "OEM" means Automobile original equipment manufacturer and the OEM's respective officers, directors, current and former employees, agents, representatives, attorneys, or anyone else acting or who has acted on its behalf.

5.     "Wire Harness MDL" means the Class Cases, Miscellaneous Cases, and Individual Cases, as defined in the Electronic Case Management Protocol Order, ECF No. 665, 2:12-md-02311-MOB-MKM (filed December 23, 2013), entered in the master case *In re: Automotive Parts Antitrust Litigation*, Case No. 12-md-02311, pending in the U.S. District Court for the Eastern District of Michigan, Southern Division, that are associated now or in the future with the Wire Harness Lead Case, Case No. 2:12-cv-00100, which is part of the master case *In re: Automotive Parts Antitrust Litigation*, Case No. 12-md-02311.

6.     "Wire Harness Product(s)" and "WHP(s)" mean automotive wire harness electrical distribution systems used to direct and control electronic components, wiring, and circuit boards in Automobiles, and the following components of such wire harnesses: automotive electrical wiring, automotive wire harnesses, automotive wiring connectors, automotive wiring terminals, cable bonds, electronic control units ("ECUs"), fuse boxes, high voltage wiring, junction blocks, lead wire assemblies, power distributors, relay boxes, and speed sensor wire assemblies.

7.     "You," "Your," and "Your Company" mean [Auto Dealer] and its predecessors, successors, subsidiaries, departments, divisions, and/or affiliates, including without limitation any organization or entity that *is or was subject to its management, direction, or control*, together with its and their present and former directors, officers, employees, agents, representatives, or any Person acting or *purporting to act on its behalf.*

## INSTRUCTIONS

1.     Attached hereto is a copy of the Stipulation and Protective Order Governing Production and Exchange of Confidential Information, ECF No. 200, 2:12-md-02311-MOB-MKM (filed July 10, 2012), entered by the Court in the master case *In re: Automotive Parts Antitrust Litigation*, Case No. 12-md-02311, pending in the U.S. District Court for the Eastern District of Michigan, Southern Division, that governs documents and information produced in the Wire Harness MDL.  You may designate documents for protection under the Protective Order.

2.      The relevant time period for each Request is (i) January 1, 1998 through and including October 31, 2011, excepting data extracted from electronic databases or data summaries for which the relevant time period is January 1, 1998 through and including December 31, 2013, or (ii) such broader time period(s) that the parties in any of the Class Cases, Miscellaneous Cases, and/or Individual Cases in the Wire Harness MDL agree, or the Court rules applies to such discovery from the parties, prior to Your production of documents and data in response to this subpoena.

Case 2:12-md-02311-SFC-RSW ECF No. 1165-4, PageID.18140 Filed 12/23/15 Page 27 of
2:12-md-02311-MOB-MKM  Doc # 200 Filed 07/10/12 Pg 1 of 5 Pg ID 2388
106

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

| | |
|---|---|
| **IN RE: AUTOMOTIVE PARTS** | : |
| **ANTITRUST LITIGATION** | :    **Master File No. 12-MD-02311** |
| | : |
| | : |
| | : |
| **PRODUCTS(S):** | : |
| | : |
| **WIRE HARNESS SYSTEMS** | : |
| | : |
| | : |
| **THIS DOCUMENT RELATES TO:** | : |
| | : |
| **All Actions** | : |
| | : |

## STIPULATION AND PROTECTIVE ORDER GOVERNING THE PRODUCTION AND EXCHANGE OF CONFIDENTIAL INFORMATION

WHEREAS, the Plaintiffs and Defendants in the Wire Harness Systems Direct Purchaser Actions,  Automobile Dealer Actions, and End-Payor Actions may seek discovery of documents, information, or other materials that contain non-public, confidential, competitively sensitive, or proprietary information of another party or of a third party;

WHEREAS, the parties have stipulated and agreed to terms, and jointly moved this Court for entry of the following Protective Order, and the Court having found that, in light of the nature of the non-public, confidential, competitively-sensitive, proprietary information that may be sought in discovery, good cause exists for entry of the Protective Order,

IT IS ORDERED that this Protective Order ("Order") shall be entered pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and Local Rule 26.4 of the United States District Court for the Eastern District of Michigan limiting the disclosure and use of certain discovered information in connection with the prosecution or defense of:

a.      the consolidated direct and indirect purchaser Wire Harness Systems actions included in MDL No. 2311;

b.      any individual direct or indirect purchaser case included in MDL No. 2311;

c.      any case designated as a direct or indirect purchaser "tagalong" case to MDL No. 2311 or designated as a "related case" to any direct or indirect purchaser case in MDL No. 2311;

93207

Case 2:12-md-02311-SFC-RSW ECF No. 1165-4, PageID.18141 Filed 12/23/15 Page 28 of
2:12-md-02311-MOB-MKM Doc # 200 Filed 07/10/12 Pg 2 of 5 Pg ID 2389
106

d.        any subsequent cases which are subsequently transferred to this Court for coordinated proceedings with the cases included in MDL No. 2311; and

e.        any appeals of the cases described in categories (a) through (d) above

(collectively the "Litigation").

1.        All information produced or discovered in this Litigation and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS ONLY" shall be used solely for the prosecution or defense of this Litigation, unless that information is or has become publicly available without a breach of the terms of this Order.

2.        To preserve the legitimate proprietary and privacy interests of sources of information, this Order establishes a procedure for disclosing Protected Information (defined in Paragraph 4 below) to the parties in this Litigation, imposes obligations on persons receiving Protected Information to protect it from unauthorized use or disclosure, and establishes a procedure for challenging confidentiality designations. This Order applies only to information furnished by parties and non-parties that is not otherwise publicly available.

3.        This Order shall govern all documents, the information contained therein, and all other information produced or disclosed during discovery in this Litigation whether revealed in a document, deposition, other testimony, multimedia audio/visual file such as a voice and video recording, discovery response or otherwise, including but not limited to any copies, notes, abstracts or summaries of the foregoing materials ("Discovery Material"), by any party or nonparty in this Litigation (the "Producing Party") to any other party (the "Receiving Party") when the foregoing materials are designated using the procedures set forth herein. This Order is binding upon the parties to this Litigation, as well as their respective attorneys, agents, representatives, officers and employees, and others as set forth in this Order. Nothing in this Order, however, prevents any use by a Producing Party of the Discovery Material that it produces.

4.        Subject to the protections provided in Rule 26 of the Federal Rules of Civil Procedure, this Order covers information that any Producing Party designates as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS ONLY" pursuant to Paragraph 5 (collectively referred to as "Protected Information"). In designating information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS ONLY," a party will make such designation only as to that information that it in good faith believes contains information meeting the respective definitions set forth below.

5.        **<u>Confidentiality Designations.</u>**

a.        The designation "CONFIDENTIAL" shall be limited to information that the Producing Party has determined, in good faith, contains non-public, confidential, proprietary or commercial information that is not readily ascertainable through lawful means by the public or the receiving party or is subject to privacy protection under federal, state, local, or any applicable foreign law ("Confidential Information").

Case 2:12-md-02311-SFC-RSW ECF No. 1165-4, PageID.18142 Filed 12/23/15 Page 29 of
2:12-md-02311-MOB-MKM Doc # 200 Filed 07/10/12 Pg 5 of 5 Pg ID 2390
106

     b.    The designation "HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS ONLY" shall be limited to information which a Producing Party believes to be highly sensitive and/or proprietary information, including but not limited to documents or information reflecting, containing, or derived from current confidential trade secrets, research, development, pricing, production, cost, marketing, or customer information, the disclosure of which, even limited to the restrictions placed on the information designated as "CONFIDENTIAL" under this Order, could compromise and/or jeopardize the Producing Party's competitive business interests ("Highly Confidential Information").

     c.    Any party to this Litigation and any third party may designate as CONFIDENTIAL or HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS ONLY documents or information produced by another party or a third party if that Discovery Material (i) either originated from the designating party or third party (or was generated on the designating or third party's behalf), or (ii) contains the designating party's Confidential Information or Highly Confidential Information, in which case the designating party shall be deemed a Producing Party for purposes of this Order. Failure to designate any documents or information as CONFIDENTIAL or HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS ONLY pursuant to this paragraph shall not constitute a waiver of any party's right to make such designation at a later time.

    6.    **Means of Designating Protected Information**.

    Documents, material, or information may be designated CONFIDENTIAL or HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS ONLY in the following ways:

     a.    *Documents*. A Producing Party shall, if appropriate, designate specific, hard copy and non-natively produced electronic documents as (i) CONFIDENTIAL by marking the first page and each subsequent page of the produced copy or image of such document containing any Confidential Information with the legend "CONFIDENTIAL"; or as (ii) HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS ONLY by marking the first page and each subsequent page of the produced copy or image of such document containing any Highly Confidential Information with the legend "HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS ONLY." All documents produced or disclosed during discovery in this Litigation shall be identified by Bates number and, to the extent practical, the appropriate designation shall be placed near the Bates number. The impracticality or inadvertent failure to designate each page of a document as CONFIDENTIAL or HIGHLY CONFIDENTIAL–OUTSIDE ATTORNEYS ONLY pursuant to this paragraph shall not constitute a waiver of the confidential nature of the document or page(s).

     b.    *Discovery Responses*. A Producing Party shall, if appropriate, designate discovery responses, including but not limited to interrogatory answers and responses to requests for admissions, as Confidential Information or Highly Confidential Information by placing the following legend on each page of the discovery responses containing Confidential or Highly Confidential Information: "CONTAINS CONFIDENTIAL INFORMATION SUBJECT TO PROTECTIVE ORDER" and / or "CONTAINS HIGHLY CONFIDENTIAL INFORMATION

SUBJECT TO PROTECTIVE ORDER."

       c.    *Depositions*. In the case of depositions and the information contained in depositions (including exhibits), counsel for a Producing Party or witness shall designate portions of the transcript (including exhibits) which contain Confidential Information or Highly Confidential Information as CONFIDENTIAL or HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS ONLY by making a statement to that effect on the record at the deposition or by letter within 30 days of receipt of the final deposition transcript or copy thereof (or written notification that the transcript is available). The entire deposition transcript (including exhibits) shall be treated as Highly Confidential Information under this Order until the expiration of the 30-day period for designation. The following legend shall be placed on the front of all versions of the original deposition transcript and each copy of the transcript containing Confidential Information or Highly Confidential Information: "CONTAINS CONFIDENTIAL INFORMATION SUBJECT TO PROTECTIVE ORDER" or "CONTAINS HIGHLY CONFIDENTIAL INFORMATION SUBJECT TO PROTECTIVE ORDER." If all or part of a videotaped deposition is designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS ONLY, the videocassette, other videotape container or DVD shall be labeled with the appropriate legend provided for in Paragraph 5.

       d.    *Computerized Material*. To the extent that information is produced in a form rendering it impractical to label (including electronically stored information produced on electronic, magnetic or other computer readable media), the Producing Party may designate such information as CONFIDENTIAL or HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS ONLY by cover letter or by affixing to the media containing the Confidential Information or Highly Confidential Information a label containing the appropriate legend provided for in Paragraph 5 above. Whenever a Receiving Party reduces such computerized material designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS ONLY to hard-copy form, the Receiving Party shall mark the hard-copy form with the appropriate legend provided for in Paragraph 5 above. Whenever any Confidential or Highly Confidential computerized material is copied into another form, the Receiving Party shall also mark those forms with the appropriate legend provided for in Paragraph 5 above.

       e.    *Restricting Access*. To the extent that any Receiving Party or counsel for the Receiving Party creates, develops or otherwise establishes on any digital or analog machine-readable device, recording media, computers, discs, networks, or tapes, or maintains for review on any electronic system material that contains information designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS ONLY that Receiving Party and/or its counsel must take all necessary steps to ensure that access to the electronic system and/or the media containing such information is properly restricted to those persons who, by the terms of this Order, may have access to Confidential Information or Highly Confidential Information.

       f.    *Inspections*. Documents, materials, or other information to be inspected shall be treated as HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS ONLY during inspection. Such documents or other materials or information that are later duplicated by or for the Receiving Parties shall be stamped, if designated, CONFIDENTIAL or HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS ONLY.

7.    **Filing of Protected Information**.

A party that seeks to file any pleading, motion, brief, memoranda or other paper that contains Confidential Information or Highly Confidential Information must comply with Civil Local Rule 5.3 and this Order shall serve as a stipulated order for the purposes of Civil Local Rule 5.3(b). All documents, materials, or other information containing Confidential Information or Highly Confidential Information that are filed with the Court shall be filed under seal according to the following procedures:

a.    Consistent with Local Rule 5.3, only those portions of filings with the Court containing Confidential Information or Highly Confidential Information shall be filed under seal. Wherever possible, Confidential Information or Highly Confidential Information shall be filed electronically, in accordance with the Court's ECF procedures. Otherwise, Confidential Information or Highly Confidential Information filed under seal shall be placed in sealed envelopes labeled with the title to the appropriate case in this Litigation, the name of the pleading, the words "FILED UNDER SEAL," and a statement substantially in the following form:

> "This envelope is sealed pursuant to Order of the Court dated _____, 20__, and contains [Confidential Information or Highly Confidential Information] filed in this case by [name of Party] and is not to be opened or the contents thereof to be displayed or revealed to any non-Court personnel except by order of the Court."

Any pleading or other paper required to be filed under seal pursuant to this Paragraph shall also bear the legend "FILED UNDER SEAL" on the cover page of the document. The envelope shall not be opened without further order of the Court except by persons authorized to have access to Confidential Information or Highly Confidential Information pursuant to Paragraphs 9 and/or 10, as appropriate, who shall return the information to the Clerk in a sealed envelope. Regardless of whether a submission is filed under seal electronically or manually, a full copy of any such submission shall be provided directly to chambers, marked "Judge's Copy" and "Contains [Confidential Information or Highly Confidential Information] Subject to Protective Order" and may be opened by the presiding District Judge, his/her law clerks, and other Court personnel without further order of the Court. Further, subject to Paragraphs 9 and/or 10, as appropriate, a full copy of any such sealed submission shall be served upon counsel for the parties. Such service may be effected by e-mail.

b.    If any party objects to identified portions of the materials remaining under seal, it shall state its objections in a faxed or electronically-delivered letter to the appropriate counsel of record. The interested parties shall promptly meet and confer to attempt to resolve those objections and, if they cannot be resolved, shall promptly tender those objections to the Court for resolution.

c.    Each document manually filed under seal may be returned to the party which filed it (1) if no appeal is taken, within ninety days after a final judgment is rendered, or (2) if an appeal is taken, within thirty days after the mandate of the last reviewing court which

Case 2:12-md-02311-SFC-RSW ECF No. 1165-4, PageID.19145 Filed 12/23/15 Page 32 of
Case 2:12-md-02311-MOB-MKM Doc # 200 Filed 09/10/12 Pg 6 of 6 Pg ID 2390
106

disposes of this Litigation in its entirety is filed. If the party that filed a sealed document fails to remove the document within the appropriate time frame, the Court may dispose of the document in accordance with Local Rule 5.3(e), or take any other action with respect to the document it deems appropriate.

        d.     Notwithstanding the foregoing, a party is not required to file a document under seal if the Confidential Information or Highly Confidential Information contained or reflected in the document was so designated solely by that party.

    8.    **Use of Protected Information**.

        a.     In no event shall Confidential or Highly Confidential Information be used for any business, competitive, personal, private, public, or other purpose, except as permitted by law.

        b.     Notwithstanding the foregoing, nothing in this Order shall be deemed to limit or restrict any Producing Party from using its own documents, materials, information, or its own Confidential Information or Highly Confidential Information for any purpose. The Producing Party may withdraw or modify any designation it has made.

        c.     The use of Confidential Information and/or Highly Confidential Information in hearings shall be subject to the following:

        i.     Subject to Paragraph 8(c)(ii), a party may refer to Confidential Information and/or Highly Confidential Information in public proceedings. The use of such information at trial shall be addressed in the final pre-trial Order, except that the words "CONFIDENTIAL" and "HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS ONLY" shall be removed from documents before such documents are used at trial. The removal of those words shall not affect the protections afforded to the information itself.

        ii.     Any party that reasonably believes it will disclose Confidential Information and/or Highly Confidential Information in any public proceeding before the Court shall make its best efforts to inform the Court and the Producing Party at least five (5) business days in advance of actual disclosure but in any event with advance notice sufficient to allow the Producing Party to raise the issue with the Court, so that the Court can decide what precautions are necessary to protect the Producing Party's Confidential/Highly Confidential Information, including specifying how exhibits containing such information shall be filed to maintain their confidentiality, whether and how exhibits containing such information may be shown to witnesses or otherwise used in open court, and whether persons not identified in Paragraphs 9 or 10, as appropriate, shall be excluded from specific portions of the proceedings.

        iii.     The Producing Party may designate portions of transcripts of public proceedings as CONFIDENTIAL or HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS ONLY, but any such designations must be made within thirty (30) days of receipt of the final transcript. If the Producing Party is not a party to this Litigation, the party using the information must confer with the Producing Party regarding such designation consistent with this

paragraph.

   d.  Nothing in this Order shall bar or otherwise prevent any counsel from rendering advice to his or her client with respect to this Litigation and, in the course of rendering such advice, from relying upon his or her examination or knowledge of CONFIDENTIAL or HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS ONLY information; provided that, however, in rendering such advice and in otherwise communicating with his or her client, such counsel shall not disclose the contents or source of any CONFIDENTIAL or HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS ONLY information produced by another party to this Litigation to any person who is not authorized to receive such information under the provisions of this Order.

   9.  **Disclosure of Confidential Information.**

   a.  The attorneys of record are responsible for employing reasonable measures, consistent with this Order, to control access to, and distribution of information designated as CONFIDENTIAL pursuant to this Order.

   b.  Access to information designated as CONFIDENTIAL pursuant to this Order shall be limited to:

   i.  The Court or any other court exercising jurisdiction with respect to this Litigation, Court personnel, jurors, alternate jurors, and qualified persons (including necessary clerical personnel) who are engaged in recording, taking or transcribing testimony or argument at any deposition, hearing, trial or appeal in this Litigation;

   ii.  Mediators or other individuals engaged or consulted in settlement of all or part of this Litigation;

   iii.  Outside counsel for the parties in this Litigation (including members or associates of the counsel's firm) or members of the in-house legal department for the parties, as well as their paralegals, investigative, technical, secretarial, and clerical personnel who are engaged in assisting them in this Litigation;

   iv.  Outside photocopying, document storage, data processing, document review, graphic production, jury research or trial preparation services employed by the parties or their counsel to assist in this Litigation, including contract attorneys and paralegals retained to assist in this Litigation;

   v.  Any individual expert, consultant, or expert consulting firm retained by counsel of record in connection with this Litigation to the extent necessary for the individual expert, consultant, or expert consulting firm to prepare a written opinion, to prepare to testify, or to assist counsel of record in the prosecution or defense of this Litigation, provided, however that (a) the disclosure shall be made only to an individual expert, or to members, partners, employees or agents of an expert consulting firm as the expert consulting firm shall designate as the persons who will undertake the engagement on behalf of the expert consulting

93207         7

Case 2:12-md-02311-SFC-RSW ECF No. 1165-4, PageID.18147 Filed 12/23/15 Page 34 of
106
Case 2:12-md-02311-MOB-MKM Doc # 200 Filed 09/10/12 Pg 8 of 15 Pg ID 2399

firm (the "Designated Expert Personnel"); (b) the individual expert or Designated Expert
Personnel use the information solely in connection with this Litigation; (c) the individual and/or
a representative of each expert consulting firm sign the written assurance attached on Exhibit A
on behalf of any Designated Expert Personnel associated with that firm; and (d) excluding any
retention for this Litigation, the individual expert and each of the Designated Expert Personnel is
neither a current nor former (within the past year from the date of this Order) employee of any
party or any entity which directly competes with, or is a customer of or direct seller to, any of the
Defendants;

    vi.  In addition to members of a party's in-house legal department, no
more than three directors, officers or employees of a party charged with the responsibility for
making decisions dealing directly with the resolution of this Litigation with respect to that party,
provided that the requirements of Paragraph 11 of this Order are met;

    vii.  In the case of a party who is a natural person, that natural person,
provided that the requirements of Paragraph 11 of this Order are met;

    viii.  Any person who (a) authored or is listed as a recipient of the
particular material sought to be disclosed to that person); (b) was a custodian of the document; or
(c) is a witness (1) to whom disclosure is reasonably necessary for this litigation and (2) who
counsel in good faith believes has knowledge or awareness of the specific matters set forth in the
confidential information or materials, but only as to the specific matter in which such person is
referenced, discussed, mentioned, or reasonably thought to have specific knowledge; and

    ix.  Any other person to whom (a) the Producing Party agrees in
writing or on the record in advance of the disclosure or (b) the Court directs should have access.

  10.  **Disclosure of Highly Confidential Information**.

    a.  The attorneys of record are responsible for employing reasonable
measures, consistent with this Order, to control access to, and distribution of, information
designated as HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS ONLY pursuant to this
Order.

    b.  Access to information designated as HIGHLY CONFIDENTIAL—
OUTSIDE ATTORNEYS ONLY pursuant to this Order shall be limited to:

    i.  The persons identified in Paragraphs 9(b)(i)-(v), excluding
members of the in-house legal department for the parties, as well as their paralegals,
investigative, technical, secretarial, and clerical personnel.

    ii.  Any person who authored, received, or is reasonably believed in
good faith to be referenced in or aware of or participated in the events referenced in the Highly
Confidential Material;

    iii.  Any witness during the course of his or her testimony at a

Case 2:12-md-02311-SFC-RSW ECF No. 1165-4, PageID.18148 Filed 12/23/15 Page 35 of
Case 2:12-md-02311-MOB-MKM Doc # 200 Filed 07/10/12 Pg 5 of 5 Pg ID 2390
106

deposition under the provisions of Fed. R. Civ. Proc. 26(b) in the above-captioned proceeding
provided that the witness falls within 10(b)(i) or 10(b)(ii) or is an employee of the Producing
Party or was an employee of the Producing Party at the time that the Highly Confidential
Material was created, or the document is
being used to refresh the witness' recollection, or to impeach the witness, and subject further to
deposing counsel's provision of the Highly Confidential Material to counsel attending the
deposition before tendering it to a witness who is not an employee of the Producing Party or an
employee of the Producing Party at the time the Highly Confidential Material was created, or an
author or recipient of the document so that counsel for the party whose purportedly Highly
Confidential Material is proposed to be shown to the above-referenced category of witness  has
sufficient time to object or take such other actions permitted by this Protective Order or law; and

           iv.     Any other person to whom (a) the Producing Party agrees in
writing or on the record in advance of the disclosure or (b) the Court directs should have access.

    11.    **Notification of Protective Order**.

    a.    Counsel for the respective parties shall be responsible for obtaining, prior
to disclosure and as a condition thereof, the written agreement of any person to whom any
Protected Information is disclosed (other than Court personnel, outside counsel for a party and
their respective direct staff) to be bound by the terms of this Order. Such written agreement shall
be in the form annexed hereto as Exhibit A. The originals of the Agreement shall be maintained
by counsel for the party who obtained them until the final resolution of this Litigation. Upon a
showing of good cause to the Court, copies of all executed Agreements shall be provided to the
counsel for the party seeking disclosure of the Agreements within thirty (30) days of a court
order requiring their production.

    b.    In the event information designated as CONFIDENTIAL or HIGHLY
CONFIDENTIAL—OUTSIDE ATTORNEYS ONLY is to be shown to a witness, at deposition,
hearing, trial or otherwise, the witness shall be provided with a copy of this Order at the start of
the examination, and shall be advised on the record that he or she will be subject to sanction,
including contempt, for violating the terms of this Order. If the witness has refused to execute
Exhibit A as required by this Order, the admonition in the immediately preceding sentence made
on the record shall serve as a substitute for the execution of Exhibit A and shall permit
examination of the witness on documents or other materials containing CONFIDENTIAL or
HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS ONLY information.

    c.    The prohibitions in this paragraph do not limit a Producing Party's ability
to disclose its own Confidential or Highly Confidential Information.

    12.    A party shall not be obligated to challenge the propriety of a Confidential
Information or Highly Confidential Information designation at the time material so designated is
produced, and a failure to do so shall not preclude a subsequent challenge thereto, provided,
however, that any challenges must be made no later than the close of fact discovery. In the event
a party objects to the designation of any material under this Order, the objecting party shall state

93207                 9

its objections in a letter to counsel for the designating party in this Litigation, identifying the challenged material by Bates number, on a document-by-document basis; provided, however, if the challenging party is challenging mass designations or designations of substantially identical types of documents, the challenging party need only provide an example of such designation and the basis for challenge, as well as an adequate description of the types of documents challenged, including the impacted ranges of Bates numbers. The notice by the party challenging the designation must also provide the specific bases for its challenge of the confidentiality designations. The interested parties thereafter shall meet and confer in good faith in an attempt to resolve any objection. If the objection is not resolved within fourteen (14) days of transmission of the initiating letter, the party objecting to the confidentiality designation may file with the Court, under the "Notice-Other" designation in ECF, a "Notice of Objection to Designation of Documents," which identifies the disputed documents by Bates number, challenged designation and proposed designation (if any).. Following the objecting party's filing of this Notice of Objection, the designating party shall have twelve (12) days to file its brief in support of its designation(s); the objecting party shall have seven (7) days thereafter to file its response and the designating party shall have seven (7) days thereafter to file its reply, if any. If a Notice of Objection is filed, the designating party has the burden of establishing that the designation is proper. If no brief is filed by the designating party supporting its designation, the material will be redesignated in the manner suggested by the objecting party in its Notice of Objection. If the designating party agrees to change the designation, the designating party shall send a written notice of the change in designation to all other parties. Any documents or other materials that have been designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL— OUTSIDE ATTORNEYS ONLY shall be treated in the manner designated until the Court rules that they should not be treated as Confidential Information or Highly Confidential Information, or the designating party agrees to change the designation.

13.   Nothing contained in this Order shall affect the right, if any, of any party or witness to make any other available objection or other response to discovery requests, including, without limitation, interrogatories, requests for admissions, requests for production of documents, or questions at a deposition. Nor shall this Order be construed as a waiver by any party of any right to withhold any Confidential Information or Highly Confidential Information as attorney work product or based on a legally cognizable privilege, or of any right that any party may have to assert any privilege at any stage of this Litigation.

14.   Within sixty (60) days after the final disposition of this Litigation, including all of the Direct Purchaser Actions, the Automobile Dealer Actions, and the End-Payor Actions, and including all appeals, a Receiving Party shall return all Confidential Information and Highly Confidential Information, including all copies of said materials, to counsel for the Producing Party or, in lieu thereof, the Receiving Party shall certify in writing that it has made reasonable efforts to destroy such materials. Counsel shall be entitled to retain pleadings and the exhibits thereto, affidavits, motions, briefs, or other papers filed with the Court, as well as any memoranda, notes, or other work product, even if they contain Confidential Information or Highly Confidential Information, so long as counsel protects that information consistent with the terms of this Order. A "final disposition" shall not include an order from the MDL Court directing that each individual case be returned to the district where it originated for trial.

15. **Correction of Designation and Clawback**.

      a.    A Producing Party that fails to designate Discovery Material as CONFIDENTIAL or HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS ONLY at the time of production shall be entitled to make a correction to its designation. Any correction and notice of the correction shall be made in writing, accompanied by substitute copies of each item of Discovery Material, appropriately designated. A Receiving Party has ten (10) days to object to the fact of a late designation. If no objection is interposed, then within ten (10) days of receipt of the substitute copies of the Discovery Material, the Receiving Party shall destroy or return to counsel for the Producing Party all copies of such mis-designated documents. If any objection is interposed, the parties shall meet and confer and, in the absence of an agreement, the Producing Party may file a motion for relief from the Court. Until the Court rules on such a motion, the disputed Discovery Material shall be treated as CONFIDENTIAL or HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS ONLY in accordance with the designation made pursuant to paragraph 6 and this paragraph. The obligation to treat such material pursuant to a corrected designation shall run prospectively from the date of corrected designation. Individuals who reviewed the mis-designated Discovery Material prior to notice of the mis-designation by the Producing Party shall abide by the provisions of this Order with respect to all future use and disclosure of the mis-designated materials and any information contained in them.

      b.    If a Producing Party inadvertently produces any document, material, or other information in this Litigation that the Producing Party has a good faith basis to believe is privileged under the attorney-client or other privilege, or protected from discovery as work product (the "Privileged Material"), regardless of whether the information was designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL–OUTSIDE ATTORNEYS ONLY or neither of these at the time of disclosure:

      i.    The parties acknowledge and stipulate that the disclosure does not waive, in whole or part, the party's claim of privilege either as to the specific documents or information disclosed therein or as to any other documents or information relating thereto or on the same or related subject matter, in this or any other federal or state proceeding.

      ii.    The Producing Party may, upon discovery of the inadvertent production, request the return of the Privileged Material that was inadvertently disclosed. Upon receipt of such a request, the Receiving Party (a) shall promptly return or destroy the original and all copies of the Privileged Material, (b) destroy all summaries, notes, memoranda or other documents (or portions thereof) referring to or reflecting the contents of such Privileged Material, and (c) not use such documents containing Privileged Material for any purpose absent further order of the Court. In the event the Receiving Party objects to the return of the Privileged Material, the Receiving Party may move the Court, within ten (10) days of receiving the notice from the Producing Party, for an order compelling production of the Privileged Material. All materials related to the inadvertently produced Privileged Material and any related motion to compel, shall be treated as Highly Confidential Information pursuant to this Order, unless otherwise ordered by the Court. Whether or not the Receiving Party disputes the Privileged Material's protected status, if the Receiving Party disclosed the Privileged Material prior to a demand for its return, it shall promptly notify any persons with whom the Privileged Material

was shared and use reasonable efforts to collect and return all copies to the Producing Party and/or destroy all such copies, and certify in writing that it has exhausted its reasonable efforts to collect and return all copies.

        c.      In the event that a party discovers that Protected Information it has received has been disclosed to someone not authorized under the terms of this Protective Order to receive such information, counsel of record for the party responsible for the unauthorized disclosure shall immediately give notice to counsel of record for the party who designated the information as CONFIDENTIAL or HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS ONLY. If a party fails to treat documents designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS ONLY in the manner provided herein, that party will immediately take such steps as are necessary to have such items placed under seal and/or restored to their confidential status. Depending upon the circumstances, nothing contained herein shall limit the right of the Producing Party or designating party to seek relief against the party responsible for such disclosure.

     16.     This Order shall not apply to documents, materials, or information that are publicly available without a breach of the terms of this Order or that are obtained independently by the Receiving Party from a person lawfully in possession of those documents, materials, or information.

     17.     A party's compliance with the terms of this Order shall not operate as an admission that any particular document is or is not (a) confidential, (b) privileged, or (c) admissible in evidence at trial.

     18.     If any Receiving Party receives a subpoena from a person not a party to this Litigation for documents obtained from a Producing Party subject to this Order, the person subpoenaed must inform the subpoena's issuer of this Order, provide the subpoena's issuer with the copy of the Order, and give the Producing Party and, if different, the designating party, notice of the subpoena within the earlier of three (3) business days after its receipt of the subpoena or before it produces any documents in response to the subpoena, so that the Producing Party and, if different, the designating party, have an opportunity to object and/or file a motion to quash the subpoena or other similar filing prior to the production of any responsive material. In the absence of an objection or motion to quash the subpoena, or other similar filing, by the Producing Party or, if different, the designating party, or further court order, the party receiving the subpoena may produce documents, materials, or other information responsive to the subpoena.

     19.     This Order shall apply to non-parties who provide discovery, by deposition, production of documents, or otherwise, in this Litigation, if that non-party requests the protection of this Order as to its Confidential Information or Highly Confidential Information and complies with the provisions of this Order. A non-party who provides discovery in this Litigation, requests the protection of this Order, and complies with its terms will be deemed a Producing Party. A party taking discovery from a non-party must provide the non-party with a copy of this Protective Order when it first serves the non-party with a subpoena or other discovery request.

93207

20.      Upon final disposition of this Litigation, the provisions of this Order shall continue to be binding. This Court expressly retains jurisdiction over this Litigation for enforcement of the provisions of this Order following the final disposition of this Litigation.

21.      Until this Order is entered by the Court, any Discovery Material designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS ONLY that is produced in this Litigation shall be protected from disclosure pursuant to the terms of this Order as if entered by the Court. If any actions subject to this Order are transferred to another Court, the terms of this Order shall remain in full force and effect unless modified by written agreement of all parties or order of the Court.

22.      This Order is binding on all parties to this Litigation and on all non-parties who have been served with a copy of this Order, and shall remain in force and effect until modified, superseded, or terminated by consent of the parties or by order of the Court. This Order shall not prevent a party from applying to the Court for relief therefrom, or from applying to the Court for further or additional protective orders, or from agreeing to modifications of this Order, subject to approval of the Court.

23.      Nothing in this Order shall prevent a Producing Party or, if different, designating party from seeking further, greater, or lesser protection with respect to the use of any Confidential Information or Highly Confidential Information, or seeking to prevent Confidential Information or Highly Confidential Information from being provided to the persons described in Paragraphs 9 and 10 of this Order.

24.      The terms of this Order shall be binding upon all current and future parties to this Litigation and their counsel; any party appearing in the case following entry of this Order shall be deemed to have joined the case subject to its provisions. Within ten (10) days of (i) entry of an appearance by a new party to this Litigation, or (ii) notification of the filing in this District of a complaint that arises out of the same facts alleged in the Plaintiffs' Complaints, counsel for the Plaintiffs (in the case of a new party plaintiff) or counsel for the Defendants (in the case of a new party defendant) shall serve a copy of this Order on the new party's counsel who have filed an appearance.

25.      Nothing herein shall be construed as a determination by the Court, or as a consent or waiver by any foreign parent or affiliate of any party, that such a foreign parent or affiliate of any party is subject to personal jurisdiction in this Court or that discovery as to such foreign parent or affiliate of any party shall proceed pursuant to the Federal Rules of Civil Procedure.

Case 2:12-md-02311-SFC-RSW ECF No. 165-4, PageID.2153 Filed 12/29/15 Page 40 of
106
Case 2:12-md-02311-MOB-MKM Doc # 200-1 Filed 07/10/12 Pg 14 of 15 Pg ID 2401

26.     All time periods set forth in this Order shall be calculated according to Rule 6 of
the Federal Rules of Civil Procedure, as then in effect.


Dated: <u>July 10, 2012</u>

IT IS SO ORDERED:



<u>s/Marianne O. Battani</u>
Hon. Marianne O. Battani
United States District Judge

## **EXHIBIT A**

On behalf of _____ [NAME OF ORGANIZATION] I, _____ [NAME OF INDIVIDUAL] hereby certify (i) my understanding that Discovery Material containing Confidential Information or Highly Confidential Information is being provided or otherwise disclosed to me pursuant to the terms and restrictions of the Stipulation and Protective Order Governing the Production and Exchange of Confidential Information ("Order") entered in *In re Automotive Parts Antitrust Litigation*, Master File No. 12-MD-2311, United States District Court, Eastern District of Michigan and (ii) that I have received and read the Order; and (iii) that I will provide a copy of and explain the terms of this Order to any personnel at _____ [NAME OF ORGANIZATION] who receive Discovery Material containing Confidential Information or Highly Confidential Information or who otherwise receive Confidential Information or Highly Confidential Information. I understand the terms of the Order, I agree to be fully bound by the Order, and I hereby submit to the jurisdiction of the Court for purposes of enforcement of the Order. I understand that violation of the Order may be punishable by contempt of Court.

Dated: _____          Signature: _____

                                        Name: _____

                                        Address: _____

93207

DECLARATION OF CUSTODIAN

OF RECORDS TO

ACCOMPANY COPIES OF RECORDS

STATE OF_____)
                         )
COUNTY OF _____)

In Re:  AUTOMOTIVE PARTS ANTITRUST LITIGATION
Master File No. U. S. D. C. Eastern District of Michigan,
Southern Div.: 12-md-02311 (In Re: Wire Harness Cases)
Honorable Marianne O. Battani
All Dealership Actions 2:12-cv-00102
All End-Payor Actions 2:12-cv-00103

I, _____, depose and say as follows:

Initial: _____    **1.**    I am the duly authorized Records Custodian for (_____) and have the authority to certify the records attached hereto, if any, and I certify as follows:

_____    **2.**    The copies or originals of the Records attached to this Declaration are true and correct, and include all documents responsive to the Subpoena Duces Tecum, dated (_____); **and**

_____    **3.**    That the records were prepared by the personnel of this office, or persons acting under their control, in the ordinary course of business at or near the time of the act, condition or event.

## OR

_____    **4.**    (_____) has none of the records described in paragraph **2** above.

_____    A.  Responsive records were destroyed _____(date) in accord with our document retention policy.  Records are discarded after _____ years.

_____    B.  No responsive documents exist.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: _____, 2014.

_____
Signature

_____
Print Name

Declaration of Records Custodian

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | |
|---|---|
| In Re: AUTOMOTIVE PARTS ANTITRUST LITIGATION | Master File No. 12-md-02311 Honorable Marianne O. Battani |
| In Re: Wire Harness Cases | |
| THIS DOCUMENT RELATES TO: | |
| All Dealership Actions | 2:12-cv-00102 |
| All End-Payor Actions | 2:12-cv-00103 |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS**
**OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

TO:    Gunn GP, L.L.C., c/o Registered Agent M. Kelly Collins, 227 Broadway, San Antonio, TX 78205.


☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:


**See Attachment A**


| Place: | One Time Process, 200 E. Market Street, Suite. 215, San Antonio, TX 78205 | Date and Time: | December 1, 2015 at 10:00 a.m. |
|---|---|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | | Date and Time: | |
|---|---|---|---|

1

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

DATE: *10/17/14*

DAVID J. WEAVER, CLERK OF COURT

OR

_____                    _____
*Signature of Clerk or Deputy Clerk*                          *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* LEONI Wiring Systems, Inc. and Leonische Holding Inc., who issues or requests this subpoena, are:  Megan Havstad, Esq., Two Embarcadero Center, 28th Floor, San Francisco, CA 94111, mhavstad@omm.com, (415) 984-8937.

### Notice to the person who issues or requests this subpoena

A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

**PROOF OF SERVICE**

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____.

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $_____.

My fees are   $_____      for travel and   $_____      for services for a total of   $_____

I declare under penalty of perjury that this information is true.

Date: _____      _____

*Server's signature*

_____

*Printed name and title*

_____

*Server's address*

Additional information regarding attempted service, etc.:

**(c) Place of Compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person

  **(i)** is a party or a party's officer; or

  **(ii)** is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:

  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*

  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

  **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

  **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*

  **(A)** *When Required.* On timely motion, the court for the district where
compliance is required must quash or modify a subpoena that:

  **(i)** fails to allow a reasonable time to comply;

  **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);

  **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

  **(iv)** subjects a person to undue burden.

  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

  **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

  **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

  **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

  **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*

  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

  **(i)** expressly make the claim; and

  (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

## ATTACHMENT A

## DOCUMENT REQUESTS

**REQUEST NO. 1:**    Data or documents (in the absence of data) sufficient to show the following information for each Automobile purchased by You or on Your behalf:

    a.    Seller (*e.g.*, OEM, Auto distributor or dealer, consumer) from whom the Auto was purchased, including name, address, and other identifiers; and

    (1)    Date of purchase;

    (2)    OEM and model, model year, and other identifiers of the Auto, including Vehicle Identification Number ("VIN");

    (3)    If the Auto was used, its mileage and condition when purchased;

    (4)    Terms and conditions of purchase, including but not limited to:

    (a)    Net price paid (before taxes and including currency and exchange rate, if applicable), and any adjustments to purchase price and incentives or allowances issued or applied at any time, including but not limited to, list price, taxes, commissions, rebates, discounts, refunds, or credit for returns;

    (b)    Amount paid at time of purchase, and any remaining balance due, terms of financing, and duration of monthly or installment payments; and

    (c)    Shipping or freight costs, and by whom such costs were paid;

    (5)    "Ship-from" and vendor "pay-to" address(es) from which the Auto and invoice for it were shipped or sent, date(s) the Auto and invoice were shipped or sent, "ship-to/delivery" and customer "bill/invoice-to"

address(es) where the Auto and invoice were shipped or received, and date(s) the Auto and invoice were received; and

(6)    Monetary or non-monetary components of, or incentives for, the purchase distinct from net price, including but not limited to, (a) any service, benefit, and/or product You received, or provided, in connection with the purchase of the Auto, including service agreements, warranties, or installation, and (b) the value of each such service, benefit, or product;

b.    Purchaser (*e.g.*, consumer, leasing company, *i.e.*, lessor, Auto distributor or dealer) to whom the Auto was sold, including name, address, and other identifiers; and

(1)    Date and place (including address) of sale;

(2)    Terms and conditions of sale, including but not limited to:

(a)    Net price paid by purchaser (before taxes and including currency and exchange rate, if applicable), and any adjustments to sale price and incentives or allowances issued or applied at any time, including but not limited to, MSRP, list price, taxes, rebates, discounts, refunds, credits, or allowances for vehicle trade-ins, and OEM and model, model year, VIN, and other identifiers, and mileage of vehicle for which a trade-in allowance was provided; and

(b)    Amount paid at time of sale, and any remaining balance due, terms of financing, and duration of monthly or installment payments;

(3)    If the Auto was used, its mileage and condition when sold;

c.     For leases, lessee (*e.g.*, consumer) to whom the Auto was leased, including name, address, and other identifiers; and

(1)     Date and place (including address) of lease;

(2)     Terms and conditions of lease, including but not limited to:

(a)     Term of lease;

(b)     List and/or negotiated amount paid at inception of lease and monthly or periodic lease payments;

(c)     Money factor, or finance or interest rate;

(d)     Depreciation and finance charges;

(e)     Mileage allowance and any excess mileage charges;

(f)     Deposits and acquisition, disposition, termination, or other fees or charges;

(g)     Actual and/or proposed residual or resale value of Auto at conclusion of lease term; and

(h)     Net price paid (before taxes and after any adjustments to price), at inception of lease and at conclusion of lease term, and any adjustments to sale price and incentives or allowances issued or applied at any time, including but not limited to, MSRP, list price, taxes, rebates, discounts, refunds, credits or allowances for vehicle trade-ins, and OEM and model, model year and other identifiers, and mileage of vehicle for which a trade-in allowance was provided;

(3)     If the Auto was used, its mileage and condition when leased;

d.     Monetary or non-monetary components of, or incentives for, the sale or lease distinct from net price, including but not limited to, (1) commissions, and any service, benefit, and/or product the purchaser or lessee received, or provided, in connection with the sale or lease, including service agreements, or warranties, and (2) the value of each such service, benefit, or product;

e.     Repairs or recalls with respect to the Auto, nature of repair or recall, whether the Auto was returned, and amount of any associated payment, refund or credit;

f.     Actual and/or estimated direct and indirect purchase, marketing, distribution, selling, leasing and other costs in connection with the purchase and sale or lease of the Auto, both fixed and variable, including but not limited to, direct and indirect costs of management, labor, commissions, real estate, financing, overhead, energy, and freight;

g.     Your gross profit, profit margin or level, operating profit, projected profit, net profit, and/or profit-and-loss statements for the purchase, sale and any lease of the Auto;

h.     Monthly or periodic reports on Auto inventory levels; and

i.     Each contract or agreement concerning the purchase, sale and any lease of the Auto.

**REQUEST NO. 2:**    Data or documents (in the absence of data) sufficient to show the following information for each (a) Wire Harness Product, or (b) Auto Part purchased by You or on Your behalf:

a.     Date of purchase;

b.      Seller (*e.g.*, OEM, Auto parts manufacturer or distributor, or Auto dealer) from whom the WHP or Auto Part was purchased, including name, address, and other identifiers;

c.      Manufacturer, name or description, part number, and other identifiers of the WHP or Auto Part, including OEM and model, model year, and other identifiers of the Auto or other product in which the WHP or Auto Part was designed or intended to be installed, and quantity purchased (including measurement unit for quantity);

d.      Terms and conditions on which the WHP or Auto Part was purchased, including but not limited to:

(1)      Net price of the WHP or Auto Part (including currency and exchange rate, if applicable), and any adjustments to purchase price and incentives or allowances issued or applied at any time, including but not limited to, taxes, amortization and amortization schedule, installment payments, financing, rebates, lump sum or other discounts, refunds, credit for returns, and currency or input cost adjustments; and

(2)      Shipping or freight costs, and by whom such costs were paid;

e.      "Ship-from" and vendor "pay-to" address(es) from which the WHP or Auto Part and invoice for it were shipped or sent, date(s) the WHP or Auto Part and invoice were shipped or sent, "ship-to/delivery" and customer "bill/invoice-to" address(es) where the WHP or Auto Part and invoice were shipped or received, and date(s) the WHP or Auto Part and invoice were received;

f.      Monetary or non-monetary components of, or incentives for, the purchase of the WHP or Auto Part distinct from net price, including but not limited to, (1) any

9

service, benefit, and/or product that You provided, or received, in connection with the purchase, including service agreements, warranties, or installation, and (2) the value of each such service, benefit, or product;

g.      Purchaser (*e.g.*, consumer, Auto parts distributor, or Auto dealer), to whom the WHP or Auto Part was sold, including name, address, and other identifiers; and

   (1)      Date and place (including address) of sale;

   (2)      Terms and conditions of sale, including but not limited to:

      (a)      Net price paid by purchaser (before taxes and including currency and exchange rate, if applicable), and any adjustments to sale price and incentives or allowances issued or applied at any time, including but not limited to, list price, taxes, rebates, discounts, refunds, or credit for trade-ins or returns;

      (b)      Amount paid at time of sale, and any remaining balance due, terms of financing, and duration of monthly or installment payments;

      (c)      Monetary or non-monetary components of, or incentives for, the sale, including but not limited to, (i) commissions, and any service, benefit, and/or product the purchaser received, or provided, in connection with the sale, including service agreements or warranties, and (ii) the value of each such service, benefit, or product;

h.      Information sufficient to track each WHP or Auto Part after it was installed in another product and/or sold, including OEM and model, model year, VIN, and/or part number, and other identifiers of the specific Auto or other product in which

the WHP or Auto Part was installed or for which it was designed or intended to be installed;

i.     Actual and/or estimated direct and indirect purchasing, marketing, distribution or selling, and other costs of goods sold for the WHP or Auto Part, both fixed and variable, including but not limited to, direct and indirect costs of management, labor, overhead, energy, materials, sales and marketing, and freight;

j.     Your gross profit, profit margin or level, operating profit, projected profit, net profit, and/or profit-and-loss statements for purchase and sale of the WHP or Auto Part;

k.     Each contract or agreement concerning the purchase of the WHP or Auto Part.

**REQUEST NO. 3:**     Documents (to the extent not produced in response to Request Nos. 1-2), including number, code, or data dictionaries or similar documents, sufficient to identify, describe, and explain the (a) manufacturer, supplier, vendor, and customer numbers or codes; (b) product, component, and part numbers or codes; (c) OEM and model, model platform, VIN, and model year numbers or codes; (d) contract or agreement and invoice numbers or codes; (e) transaction types, including standard credits, debits, returns, and other adjustments related to purchases, sales and any leases of Automobiles, WHPs, and Auto Parts; and (f) data fields, that are reflected in data or documents produced in response to Request Nos. 1-2.

**REQUEST NO. 4:**     Documents (to the extent not produced in response to Request Nos. 1-3) sufficient to disclose, identify, describe, and explain (a) the processes, policies, strategies, methods, formulas, factors, guidelines, and sales or price or margin targets used in

purchasing or acquiring the Automobiles, WHPs and Auto Parts later sold or leased by You or on Your behalf, including but not limited to, manuals, handbooks and documents concerning how the prices paid and terms and conditions of purchase were determined, whether prices and terms were negotiated in any way, and, if so, how prices and terms changed and the reasons for those changes, what factors were considered in deciding what Automobiles, WHPs and Auto Parts to purchase or acquire and from whom, and any proposed or actual changes in such processes, policies, strategies, methods, formulas, or factors and the reasons for such changes; and (b) the training or instruction of Your personnel regarding such processes, policies, strategies, methods, formulas, or factors.

**REQUEST NO. 5:** Documents (to the extent not produced in response to Request Nos. 1-4) sufficient to disclose, identify, describe, and explain (a) the processes, policies, strategies, methods, formulas, factors, manuals and handbooks used in determining, setting, computing, quoting, negotiating, or modifying the prices and terms and conditions of sale or lease of Automobiles, WHPs and Auto Parts sold or leased by You or on Your behalf, and any proposed or actual changes in such processes, policies, strategies, methods, formulas, or factors and the reasons for such changes; (b) sales or price or margin targets, warranties, rebates, discounts, off-invoice discounts, credits, allowances, vehicle trade-in credits or allowances, promotional or incentive payments, or other price concessions in selling or leasing such Automobiles, WHPs and Auto Parts; and (c) any sales promotions or incentives offered or advertised in connection with the sale or lease of such Automobiles, WHPs and Auto Parts and the cost of such promotions or incentives.

**REQUEST NO. 6:**   Documents (to the extent not produced in response to Request Nos. 1-5) sufficient to disclose, identify, describe, and explain (a) the training or instruction of sales personnel involved in the sale or lease of Automobiles, WHPs and Auto Parts sold or leased by You or on Your behalf, including but not limited to policies (*e.g.*, sales personnel discretion in adjusting pricing and the parameters of that discretion), strategies, methods, formulas, sales or price or margin targets, guidelines, manuals, and handbooks for sales or lease negotiations with customers or potential customers; and (b) the monetary and non-monetary compensation of such sales personnel, including bonuses and commissions.

**REQUEST NO. 7:**   Documents (to the extent not produced in response to Request Nos. 1-6) sufficient to disclose, identify, describe, and explain the processes, policies, strategies, methods, and formulas regarding inventory management of Automobiles, WHPs and Auto Parts sold or leased by You or on Your behalf, including but not limited to, guidelines, manuals, handbooks, and strategy and planning presentations.

**REQUEST NO. 8:**   Documents (to the extent not produced in response to Request Nos. 1-7) concerning (a) Your competitors, including but not limited to, documents concerning competitors' locations, and descriptions of competitors' businesses, and competitors' pricing and promotions; (b) Your strategies, programs, and plans for competing against Your competitors, including but not limited to, price discounting, sales and promotions, and increased customer services; (c) supply and demand conditions that may affect sales or pricing of Automobiles, WHPs, and Auto Parts; and (d) Your advertising and marketing campaigns, and trade promotions, at the national, regional, and/or dealership levels.

**REQUEST NO. 9:**    Documents (to the extent not produced in response to Request Nos. 1-8) sufficient to show Your organizational structure, including but not limited to, the location of all Your building and operation sites, including corporate offices, warehouses, stores, showrooms, and other retail and wholesale locations.

**REQUEST NO. 10:**  Documents (to the extent not produced in response to Request Nos. 1-9) concerning each communication between You or Your counsel and any of the Plaintiffs or their counsel in the Wire Harness MDL.

**REQUEST NO. 11:**  Documents sufficient to disclose, identify, describe, and explain Your policies or practices regarding the retention, destruction, disposal, or preservation of documents and/or electronically stored information, and, if such policies or practices have been different with respect to any category of documents or over different time periods, documents sufficient to disclose, identify, describe, and explain each such category or time period and Your retention policy or practice with respect to each such category or time period.

**REQUEST NO. 12:**  Documents sufficient to disclose, identify, describe, and explain Your electronic database and data processing systems, programs, and outputs thereof, including all mainframe systems, linked area networks, or other applications used by You or on Your behalf to record, store, compute, analyze, or retrieve information concerning the pricing, purchase or acquisition, marketing, sale, lease, manufacturing or production, supply, or distribution of Autos, WHPs and Auto Parts.

## DEFINITIONS

1.      "Automobile" and "Auto" mean a motor vehicle that is principally used for transporting from one to eight passengers and is designed to operate primarily on roads, typically with four wheels, including sedans, pickup trucks, and sport utility vehicles, but excluding motorcycles, all-terrain vehicles, buses, and commercial trucks.

2.      "Auto Part" means an Automobile part in which a Wire Harness Product is a component or incorporated.

3.      "MSRP" means the manufacturer's suggested resale price.

4.      "OEM" means Automobile original equipment manufacturer and the OEM's respective officers, directors, current and former employees, agents, representatives, attorneys, or anyone else acting or who has acted on its behalf.

5.      "Wire Harness MDL" means the Class Cases, Miscellaneous Cases, and Individual Cases, as defined in the Electronic Case Management Protocol Order, ECF No. 665, 2:12-md-02311-MOB-MKM (filed December 23, 2013), entered in the master case *In re: Automotive Parts Antitrust Litigation*, Case No. 12-md-02311, pending in the U.S. District Court for the Eastern District of Michigan, Southern Division, that are associated now or in the future with the Wire Harness Lead Case, Case No. 2:12-cv-00100, which is part of the master case *In re: Automotive Parts Antitrust Litigation*, Case No. 12-md-02311.

6.      "Wire Harness Product(s)" and "WHP(s)" mean automotive wire harness electrical distribution systems used to direct and control electronic components, wiring, and circuit boards in Automobiles, and the following components of such wire harnesses: automotive electrical wiring, automotive wire harnesses, automotive wiring connectors, automotive wiring terminals, cable bonds, electronic control units ("ECUs"), fuse boxes, high voltage wiring, junction blocks, lead wire assemblies, power distributors, relay boxes, and speed sensor wire assemblies.

7.      "You," "Your," and "Your Company" mean [Auto Dealer] and its predecessors, successors, subsidiaries, departments, divisions, and/or affiliates, including without limitation any organization or entity that *is or was subject to its management, direction, or control*, together with its and their present and former directors, officers, employees, agents, representatives, or any Person acting or *purporting to act on its behalf.*

## INSTRUCTIONS

1.      Attached hereto is a copy of the Stipulation and Protective Order Governing Production and Exchange of Confidential Information, ECF No. 200, 2:12-md-02311-MOB-MKM (filed July 10, 2012), entered by the Court in the master case *In re: Automotive Parts Antitrust Litigation*, Case No. 12-md-02311, pending in the U.S. District Court for the Eastern District of Michigan, Southern Division, that governs documents and information produced in the Wire Harness MDL.  You may designate documents for protection under the Protective Order.

2.      The relevant time period for each Request is (i) January 1, 1998 through and including October 31, 2011, excepting data extracted from electronic databases or data summaries for which the relevant time period is January 1, 1998 through and including December 31, 2013, or (ii) such broader time period(s) that the parties in any of the Class Cases, Miscellaneous Cases, and/or Individual Cases in the Wire Harness MDL agree, or the Court rules applies to such discovery from the parties, prior to Your production of documents and data in response to this subpoena.

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

|  |  |  |
|---|---|---|
| | : | |
| **IN RE: AUTOMOTIVE PARTS** | : | |
| **ANTITRUST LITIGATION** | : | **Master File No. 12-MD-02311** |
| | : | |
| | : | |
| | : | |
| **PRODUCTS(S):** | : | |
| | : | |
| **WIRE HARNESS SYSTEMS** | : | |
| | : | |
| | : | |
| **THIS DOCUMENT RELATES TO:** | : | |
| | : | |
| **All Actions** | : | |
| | : | |

### STIPULATION AND PROTECTIVE ORDER GOVERNING THE PRODUCTION AND EXCHANGE OF CONFIDENTIAL INFORMATION

WHEREAS, the Plaintiffs and Defendants in the Wire Harness Systems Direct Purchaser Actions, Automobile Dealer Actions, and End-Payor Actions may seek discovery of documents, information, or other materials that contain non-public, confidential, competitively sensitive, or proprietary information of another party or of a third party;

WHEREAS, the parties have stipulated and agreed to terms, and jointly moved this Court for entry of the following Protective Order, and the Court having found that, in light of the nature of the non-public, confidential, competitively-sensitive, proprietary information that may be sought in discovery, good cause exists for entry of the Protective Order,

IT IS ORDERED that this Protective Order ("Order") shall be entered pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and Local Rule 26.4 of the United States District Court for the Eastern District of Michigan limiting the disclosure and use of certain discovered information in connection with the prosecution or defense of:

    a.     the consolidated direct and indirect purchaser Wire Harness Systems actions included in MDL No. 2311;

    b.     any individual direct or indirect purchaser case included in MDL No. 2311;

    c.     any case designated as a direct or indirect purchaser "tagalong" case to MDL No. 2311 or designated as a "related case" to any direct or indirect purchaser case in MDL No. 2311;

93207

Case 2:12-md-02311-SFC-RSW ECF No. 1165-4, PageID.18173 Filed 12/23/15 Page 60 of
Case 2:12-md-02311-MOB-MKM Doc # 200 Filed 07/10/12 Pg 2 of 5 Pg ID 2389
106

d.      any subsequent cases which are subsequently transferred to this Court for coordinated proceedings with the cases included in MDL No. 2311; and

e.      any appeals of the cases described in categories (a) through (d) above

(collectively the "Litigation").

1.      All information produced or discovered in this Litigation and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS ONLY" shall be used solely for the prosecution or defense of this Litigation, unless that information is or has become publicly available without a breach of the terms of this Order.

2.      To preserve the legitimate proprietary and privacy interests of sources of information, this Order establishes a procedure for disclosing Protected Information (defined in Paragraph 4 below) to the parties in this Litigation, imposes obligations on persons receiving Protected Information to protect it from unauthorized use or disclosure, and establishes a procedure for challenging confidentiality designations. This Order applies only to information furnished by parties and non-parties that is not otherwise publicly available.

3.      This Order shall govern all documents, the information contained therein, and all other information produced or disclosed during discovery in this Litigation whether revealed in a document, deposition, other testimony, multimedia audio/visual file such as a voice and video recording, discovery response or otherwise, including but not limited to any copies, notes, abstracts or summaries of the foregoing materials ("Discovery Material"), by any party or nonparty in this Litigation (the "Producing Party") to any other party (the "Receiving Party") when the foregoing materials are designated using the procedures set forth herein. This Order is binding upon the parties to this Litigation, as well as their respective attorneys, agents, representatives, officers and employees, and others as set forth in this Order. Nothing in this Order, however, prevents any use by a Producing Party of the Discovery Material that it produces.

4.      Subject to the protections provided in Rule 26 of the Federal Rules of Civil Procedure, this Order covers information that any Producing Party designates as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS ONLY" pursuant to Paragraph 5 (collectively referred to as "Protected Information"). In designating information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS ONLY," a party will make such designation only as to that information that it in good faith believes contains information meeting the respective definitions set forth below.

5.      **<u>Confidentiality Designations.</u>**

a.      The designation "CONFIDENTIAL" shall be limited to information that the Producing Party has determined, in good faith, contains non-public, confidential, proprietary or commercial information that is not readily ascertainable through lawful means by the public or the receiving party or is subject to privacy protection under federal, state, local, or any applicable foreign law ("Confidential Information").

Case 2:12-md-02311-SFC-RSW ECF No. 1165-4, PageID.18174 Filed 12/23/15 Page 61 of
106
Case 2:12-md-02311-MOB-MKM Doc # 200 Filed 07/10/12 Pg 3 of 5 Pg ID 2390

b.      The designation "HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS
ONLY" shall be limited to information which a Producing Party believes to be highly sensitive
and/or proprietary information, including but not limited to documents or information reflecting,
containing, or derived from current confidential trade secrets, research, development, pricing,
production, cost, marketing, or customer information, the disclosure of which, even limited to the
restrictions placed on the information designated as "CONFIDENTIAL" under this Order, could
compromise and/or jeopardize the Producing Party's competitive business interests ("Highly
Confidential Information").

c.      Any party to this Litigation and any third party may designate as
CONFIDENTIAL or HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS ONLY
documents or information produced by another party or a third party if that Discovery Material
(i) either originated from the designating party or third party (or was generated on the
designating or third party's behalf), or (ii) contains the designating party's Confidential
Information or Highly Confidential Information, in which case the designating party shall be
deemed a Producing Party for purposes of this Order. Failure to designate any documents or
information as CONFIDENTIAL or HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS
ONLY pursuant to this paragraph shall not constitute a waiver of any party's right to make such
designation at a later time.

6.      **Means of Designating Protected Information**.

Documents, material, or information may be designated CONFIDENTIAL or HIGHLY
CONFIDENTIAL—OUTSIDE ATTORNEYS ONLY in the following ways:

a.      *Documents*. A Producing Party shall, if appropriate, designate specific,
hard copy and non-natively produced electronic documents as (i) CONFIDENTIAL by marking
the first page and each subsequent page of the produced copy or image of such document
containing any Confidential Information with the legend "CONFIDENTIAL"; or as (ii)
HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS ONLY by marking the first page and
each subsequent page of the produced copy or image of such document containing any Highly
Confidential Information with the legend "HIGHLY CONFIDENTIAL—OUTSIDE
ATTORNEYS ONLY." All documents produced or disclosed during discovery in this Litigation
shall be identified by Bates number and, to the extent practical, the appropriate designation shall
be placed near the Bates number. The impracticality or inadvertent failure to designate each
page of a document as CONFIDENTIAL or HIGHLY CONFIDENTIAL–OUTSIDE
ATTORNEYS ONLY pursuant to this paragraph shall not constitute a waiver of the confidential
nature of the document or page(s).

b.      *Discovery Responses*. A Producing Party shall, if appropriate, designate
discovery responses, including but not limited to interrogatory answers and responses to requests
for admissions, as Confidential Information or Highly Confidential Information by placing the
following legend on each page of the discovery responses containing Confidential or Highly
Confidential Information: "CONTAINS CONFIDENTIAL INFORMATION SUBJECT TO
PROTECTIVE ORDER" and / or "CONTAINS HIGHLY CONFIDENTIAL INFORMATION

SUBJECT TO PROTECTIVE ORDER."

      c.    *Depositions*. In the case of depositions and the information contained in depositions (including exhibits), counsel for a Producing Party or witness shall designate portions of the transcript (including exhibits) which contain Confidential Information or Highly Confidential Information as CONFIDENTIAL or HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS ONLY by making a statement to that effect on the record at the deposition or by letter within 30 days of receipt of the final deposition transcript or copy thereof (or written notification that the transcript is available). The entire deposition transcript (including exhibits) shall be treated as Highly Confidential Information under this Order until the expiration of the 30-day period for designation. The following legend shall be placed on the front of all versions of the original deposition transcript and each copy of the transcript containing Confidential Information or Highly Confidential Information: "CONTAINS CONFIDENTIAL INFORMATION SUBJECT TO PROTECTIVE ORDER" or "CONTAINS HIGHLY CONFIDENTIAL INFORMATION SUBJECT TO PROTECTIVE ORDER." If all or part of a videotaped deposition is designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS ONLY, the videocassette, other videotape container or DVD shall be labeled with the appropriate legend provided for in Paragraph 5.

      d.    *Computerized Material*. To the extent that information is produced in a form rendering it impractical to label (including electronically stored information produced on electronic, magnetic or other computer readable media), the Producing Party may designate such information as CONFIDENTIAL or HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS ONLY by cover letter or by affixing to the media containing the Confidential Information or Highly Confidential Information a label containing the appropriate legend provided for in Paragraph 5 above. Whenever a Receiving Party reduces such computerized material designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS ONLY to hard-copy form, the Receiving Party shall mark the hard-copy form with the appropriate legend provided for in Paragraph 5 above. Whenever any Confidential or Highly Confidential computerized material is copied into another form, the Receiving Party shall also mark those forms with the appropriate legend provided for in Paragraph 5 above.

      e.    *Restricting Access*. To the extent that any Receiving Party or counsel for the Receiving Party creates, develops or otherwise establishes on any digital or analog machine-readable device, recording media, computers, discs, networks, or tapes, or maintains for review on any electronic system material that contains information designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS ONLY that Receiving Party and/or its counsel must take all necessary steps to ensure that access to the electronic system and/or the media containing such information is properly restricted to those persons who, by the terms of this Order, may have access to Confidential Information or Highly Confidential Information.

      f.    *Inspections*. Documents, materials, or other information to be inspected shall be treated as HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS ONLY during inspection. Such documents or other materials or information that are later duplicated by or for the Receiving Parties shall be stamped, if designated, CONFIDENTIAL or HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS ONLY.

Case 2:12-md-02311-SFC-RSW ECF No. 1165-4, PageID.18176 Filed 12/23/15 Page 63 of
106
Case 2:12-md-02311-MOB-MKM Doc # 200-4 Filed 07/10/12 Pg 5 of 5 Pg ID 2392

7.     **Filing of Protected Information**.

A party that seeks to file any pleading, motion, brief, memoranda or other paper that
contains Confidential Information or Highly Confidential Information must comply with Civil
Local Rule 5.3 and this Order shall serve as a stipulated order for the purposes of Civil Local
Rule 5.3(b). All documents, materials, or other information containing Confidential Information
or Highly Confidential Information that are filed with the Court shall be filed under seal
according to the following procedures:

a.     Consistent with Local Rule 5.3, only those portions of filings with the
Court containing Confidential Information or Highly Confidential Information shall be filed
under seal. Wherever possible, Confidential Information or Highly Confidential Information
shall be filed electronically, in accordance with the Court's ECF procedures. Otherwise,
Confidential Information or Highly Confidential Information filed under seal shall be placed in
sealed envelopes labeled with the title to the appropriate case in this Litigation, the name of the
pleading, the words "FILED UNDER SEAL," and a statement substantially in the following
form:

"This envelope is sealed pursuant to Order of the Court dated
_____, 20__, and contains [Confidential Information or Highly
Confidential Information] filed in this case by [name of Party] and
is not to be opened or the contents thereof to be displayed or
revealed to any non-Court personnel except by order of the Court."

Any pleading or other paper required to be filed under seal pursuant to this Paragraph shall also
bear the legend "FILED UNDER SEAL" on the cover page of the document. The envelope shall
not be opened without further order of the Court except by persons authorized to have access to
Confidential Information or Highly Confidential Information pursuant to Paragraphs 9 and/or 10,
as appropriate, who shall return the information to the Clerk in a sealed envelope. Regardless of
whether a submission is filed under seal electronically or manually, a full copy of any such
submission shall be provided directly to chambers, marked "Judge's Copy" and "Contains
[Confidential Information or Highly Confidential Information] Subject to Protective Order" and
may be opened by the presiding District Judge, his/her law clerks, and other Court personnel
without further order of the Court. Further, subject to Paragraphs 9 and/or 10, as appropriate, a
full copy of any such sealed submission shall be served upon counsel for the parties. Such
service may be effected by e-mail.

b.     If any party objects to identified portions of the materials remaining under
seal, it shall state its objections in a faxed or electronically-delivered letter to the appropriate
counsel of record. The interested parties shall promptly meet and confer to attempt to resolve
those objections and, if they cannot be resolved, shall promptly tender those objections to the
Court for resolution.

c.     Each document manually filed under seal may be returned to the party
which filed it (1) if no appeal is taken, within ninety days after a final judgment is rendered, or
(2) if an appeal is taken, within thirty days after the mandate of the last reviewing court which

93207                                         5

Case 2:12-md-02311-SFC-RSW ECF No. 1065-4, PageID.18177 Filed 12/23/15 Page 64 of
2:12-md-02311-MOB-MKM Doc # 200 Filed 09/10/12 Pg 6 of 6 Pg ID 2390
106

disposes of this Litigation in its entirety is filed. If the party that filed a sealed document fails to remove the document within the appropriate time frame, the Court may dispose of the document in accordance with Local Rule 5.3(e), or take any other action with respect to the document it deems appropriate.

       d.    Notwithstanding the foregoing, a party is not required to file a document under seal if the Confidential Information or Highly Confidential Information contained or reflected in the document was so designated solely by that party.

    8.    **Use of Protected Information**.

       a.    In no event shall Confidential or Highly Confidential Information be used for any business, competitive, personal, private, public, or other purpose, except as permitted by law.

       b.    Notwithstanding the foregoing, nothing in this Order shall be deemed to limit or restrict any Producing Party from using its own documents, materials, information, or its own Confidential Information or Highly Confidential Information for any purpose. The Producing Party may withdraw or modify any designation it has made.

       c.    The use of Confidential Information and/or Highly Confidential Information in hearings shall be subject to the following:

       i.    Subject to Paragraph 8(c)(ii), a party may refer to Confidential Information and/or Highly Confidential Information in public proceedings. The use of such information at trial shall be addressed in the final pre-trial Order, except that the words "CONFIDENTIAL" and "HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS ONLY" shall be removed from documents before such documents are used at trial. The removal of those words shall not affect the protections afforded to the information itself.

       ii.    Any party that reasonably believes it will disclose Confidential Information and/or Highly Confidential Information in any public proceeding before the Court shall make its best efforts to inform the Court and the Producing Party at least five (5) business days in advance of actual disclosure but in any event with advance notice sufficient to allow the Producing Party to raise the issue with the Court, so that the Court can decide what precautions are necessary to protect the Producing Party's Confidential/Highly Confidential Information, including specifying how exhibits containing such information shall be filed to maintain their confidentiality, whether and how exhibits containing such information may be shown to witnesses or otherwise used in open court, and whether persons not identified in Paragraphs 9 or 10, as appropriate, shall be excluded from specific portions of the proceedings.

       iii.    The Producing Party may designate portions of transcripts of public proceedings as CONFIDENTIAL or HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS ONLY, but any such designations must be made within thirty (30) days of receipt of the final transcript. If the Producing Party is not a party to this Litigation, the party using the information must confer with the Producing Party regarding such designation consistent with this

paragraph.

        d.      Nothing in this Order shall bar or otherwise prevent any counsel from rendering advice to his or her client with respect to this Litigation and, in the course of rendering such advice, from relying upon his or her examination or knowledge of CONFIDENTIAL or HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS ONLY information; provided that, however, in rendering such advice and in otherwise communicating with his or her client, such counsel shall not disclose the contents or source of any CONFIDENTIAL or HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS ONLY information produced by another party to this Litigation to any person who is not authorized to receive such information under the provisions of this Order.

       9.     **Disclosure of Confidential Information.**

        a.      The attorneys of record are responsible for employing reasonable measures, consistent with this Order, to control access to, and distribution of information designated as CONFIDENTIAL pursuant to this Order.

        b.      Access to information designated as CONFIDENTIAL pursuant to this Order shall be limited to:

        i.      The Court or any other court exercising jurisdiction with respect to this Litigation, Court personnel, jurors, alternate jurors, and qualified persons (including necessary clerical personnel) who are engaged in recording, taking or transcribing testimony or argument at any deposition, hearing, trial or appeal in this Litigation;

        ii.      Mediators or other individuals engaged or consulted in settlement of all or part of this Litigation;

        iii.      Outside counsel for the parties in this Litigation (including members or associates of the counsel's firm) or members of the in-house legal department for the parties, as well as their paralegals, investigative, technical, secretarial, and clerical personnel who are engaged in assisting them in this Litigation;

        iv.      Outside photocopying, document storage, data processing, document review, graphic production, jury research or trial preparation services employed by the parties or their counsel to assist in this Litigation, including contract attorneys and paralegals retained to assist in this Litigation;

        v.      Any individual expert, consultant, or expert consulting firm retained by counsel of record in connection with this Litigation to the extent necessary for the individual expert, consultant, or expert consulting firm to prepare a written opinion, to prepare to testify, or to assist counsel of record in the prosecution or defense of this Litigation, provided, however that (a) the disclosure shall be made only to an individual expert, or to members, partners, employees or agents of an expert consulting firm as the expert consulting firm shall designate as the persons who will undertake the engagement on behalf of the expert consulting

93207                     7

firm (the "Designated Expert Personnel"); (b) the individual expert or Designated Expert Personnel use the information solely in connection with this Litigation; (c) the individual and/or a representative of each expert consulting firm sign the written assurance attached on Exhibit A on behalf of any Designated Expert Personnel associated with that firm; and (d) excluding any retention for this Litigation, the individual expert and each of the Designated Expert Personnel is neither a current nor former (within the past year from the date of this Order) employee of any party or any entity which directly competes with, or is a customer of or direct seller to, any of the Defendants;

vi.    In addition to members of a party's in-house legal department, no more than three directors, officers or employees of a party charged with the responsibility for making decisions dealing directly with the resolution of this Litigation with respect to that party, provided that the requirements of Paragraph 11 of this Order are met;

vii.    In the case of a party who is a natural person, that natural person, provided that the requirements of Paragraph 11 of this Order are met;

viii.    Any person who (a) authored or is listed as a recipient of the particular material sought to be disclosed to that person); (b) was a custodian of the document; or (c) is a witness (1) to whom disclosure is reasonably necessary for this litigation and (2) who counsel in good faith believes has knowledge or awareness of the specific matters set forth in the confidential information or materials, but only as to the specific matter in which such person is referenced, discussed, mentioned, or reasonably thought to have specific knowledge; and

ix.    Any other person to whom (a) the Producing Party agrees in writing or on the record in advance of the disclosure or (b) the Court directs should have access.

10.    **Disclosure of Highly Confidential Information**.

a.    The attorneys of record are responsible for employing reasonable measures, consistent with this Order, to control access to, and distribution of, information designated as HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS ONLY pursuant to this Order.

b.    Access to information designated as HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS ONLY pursuant to this Order shall be limited to:

i.    The persons identified in Paragraphs 9(b)(i)-(v), excluding members of the in-house legal department for the parties, as well as their paralegals, investigative, technical, secretarial, and clerical personnel.

ii.    Any person who authored, received, or is reasonably believed in good faith to be referenced in or aware of or participated in the events referenced in the Highly Confidential Material;

iii.    Any witness during the course of his or her testimony at a

Case 2:12-md-02311-SFC-RSW ECF No. 1165-4, PageID.18180 Filed 12/23/15 Page 67 of
2:12-md-02311-MOB-MKM Doc # 200 Filed 09/10/12 Pg 5 of 5 Pg ID 2386
106

deposition under the provisions of Fed. R. Civ. Proc. 26(b) in the above-captioned proceeding provided that the witness falls within 10(b)(i) or 10(b)(ii) or is an employee of the Producing Party or was an employee of the Producing Party at the time that the Highly Confidential Material was created, or the document is

being used to refresh the witness' recollection, or to impeach the witness, and subject further to deposing counsel's provision of the Highly Confidential Material to counsel attending the deposition before tendering it to a witness who is not an employee of the Producing Party or an employee of the Producing Party at the time the Highly Confidential Material was created, or an author or recipient of the document so that counsel for the party whose purportedly Highly Confidential Material is proposed to be shown to the above-referenced category of witness  has sufficient time to object or take such other actions permitted by this Protective Order or law; and

        iv.     Any other person to whom (a) the Producing Party agrees in writing or on the record in advance of the disclosure or (b) the Court directs should have access.

    11.    **Notification of Protective Order**.

       a.     Counsel for the respective parties shall be responsible for obtaining, prior to disclosure and as a condition thereof, the written agreement of any person to whom any Protected Information is disclosed (other than Court personnel, outside counsel for a party and their respective direct staff) to be bound by the terms of this Order. Such written agreement shall be in the form annexed hereto as Exhibit A. The originals of the Agreement shall be maintained by counsel for the party who obtained them until the final resolution of this Litigation. Upon a showing of good cause to the Court, copies of all executed Agreements shall be provided to the counsel for the party seeking disclosure of the Agreements within thirty (30) days of a court order requiring their production.

       b.     In the event information designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS ONLY is to be shown to a witness, at deposition, hearing, trial or otherwise, the witness shall be provided with a copy of this Order at the start of the examination, and shall be advised on the record that he or she will be subject to sanction, including contempt, for violating the terms of this Order. If the witness has refused to execute Exhibit A as required by this Order, the admonition in the immediately preceding sentence made on the record shall serve as a substitute for the execution of Exhibit A and shall permit examination of the witness on documents or other materials containing CONFIDENTIAL or HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS ONLY information.

       c.     The prohibitions in this paragraph do not limit a Producing Party's ability to disclose its own Confidential or Highly Confidential Information.

    12.    A party shall not be obligated to challenge the propriety of a Confidential Information or Highly Confidential Information designation at the time material so designated is produced, and a failure to do so shall not preclude a subsequent challenge thereto, provided, however, that any challenges must be made no later than the close of fact discovery. In the event a party objects to the designation of any material under this Order, the objecting party shall state

its objections in a letter to counsel for the designating party in this Litigation, identifying the challenged material by Bates number, on a document-by-document basis; provided, however, if the challenging party is challenging mass designations or designations of substantially identical types of documents, the challenging party need only provide an example of such designation and the basis for challenge, as well as an adequate description of the types of documents challenged, including the impacted ranges of Bates numbers. The notice by the party challenging the designation must also provide the specific bases for its challenge of the confidentiality designations. The interested parties thereafter shall meet and confer in good faith in an attempt to resolve any objection. If the objection is not resolved within fourteen (14) days of transmission of the initiating letter, the party objecting to the confidentiality designation may file with the Court, under the "Notice-Other" designation in ECF, a "Notice of Objection to Designation of Documents," which identifies the disputed documents by Bates number, challenged designation and proposed designation (if any).. Following the objecting party's filing of this Notice of Objection, the designating party shall have twelve (12) days to file its brief in support of its designation(s); the objecting party shall have seven (7) days thereafter to file its response and the designating party shall have seven (7) days thereafter to file its reply, if any. If a Notice of Objection is filed, the designating party has the burden of establishing that the designation is proper. If no brief is filed by the designating party supporting its designation, the material will be redesignated in the manner suggested by the objecting party in its Notice of Objection. If the designating party agrees to change the designation, the designating party shall send a written notice of the change in designation to all other parties. Any documents or other materials that have been designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL— OUTSIDE ATTORNEYS ONLY shall be treated in the manner designated until the Court rules that they should not be treated as Confidential Information or Highly Confidential Information, or the designating party agrees to change the designation.

13. Nothing contained in this Order shall affect the right, if any, of any party or witness to make any other available objection or other response to discovery requests, including, without limitation, interrogatories, requests for admissions, requests for production of documents, or questions at a deposition. Nor shall this Order be construed as a waiver by any party of any right to withhold any Confidential Information or Highly Confidential Information as attorney work product or based on a legally cognizable privilege, or of any right that any party may have to assert any privilege at any stage of this Litigation.

14. Within sixty (60) days after the final disposition of this Litigation, including all of the Direct Purchaser Actions, the Automobile Dealer Actions, and the End-Payor Actions, and including all appeals, a Receiving Party shall return all Confidential Information and Highly Confidential Information, including all copies of said materials, to counsel for the Producing Party or, in lieu thereof, the Receiving Party shall certify in writing that it has made reasonable efforts to destroy such materials. Counsel shall be entitled to retain pleadings and the exhibits thereto, affidavits, motions, briefs, or other papers filed with the Court, as well as any memoranda, notes, or other work product, even if they contain Confidential Information or Highly Confidential Information, so long as counsel protects that information consistent with the terms of this Order. A "final disposition" shall not include an order from the MDL Court directing that each individual case be returned to the district where it originated for trial.

15.      **Correction of Designation and Clawback**.

       a.      A Producing Party that fails to designate Discovery Material as
CONFIDENTIAL or HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS ONLY at the
time of production shall be entitled to make a correction to its designation. Any correction and
notice of the correction shall be made in writing, accompanied by substitute copies of each item
of Discovery Material, appropriately designated. A Receiving Party has ten (10) days to object
to the fact of a late designation. If no objection is interposed, then within ten (10) days of receipt
of the substitute copies of the Discovery Material, the Receiving Party shall destroy or return to
counsel for the Producing Party all copies of such mis-designated documents. If any objection is
interposed, the parties shall meet and confer and, in the absence of an agreement, the Producing
Party may file a motion for relief from the Court. Until the Court rules on such a motion, the
disputed Discovery Material shall be treated as CONFIDENTIAL or HIGHLY
CONFIDENTIAL—OUTSIDE ATTORNEYS ONLY in accordance with the designation made
pursuant to paragraph 6 and this paragraph. The obligation to treat such material pursuant to a
corrected designation shall run prospectively from the date of corrected designation. Individuals
who reviewed the mis-designated Discovery Material prior to notice of the mis-designation by
the Producing Party shall abide by the provisions of this Order with respect to all future use and
disclosure of the mis-designated materials and any information contained in them.

       b.      If a Producing Party inadvertently produces any document, material, or
other information in this Litigation that the Producing Party has a good faith basis to believe is
privileged under the attorney-client or other privilege, or protected from discovery as work
product (the "Privileged Material"), regardless of whether the information was designated as
CONFIDENTIAL or HIGHLY CONFIDENTIAL–OUTSIDE ATTORNEYS ONLY or neither
of these at the time of disclosure:

           i.      The parties acknowledge and stipulate that the disclosure does not
waive, in whole or part, the party's claim of privilege either as to the specific documents or
information disclosed therein or as to any other documents or information relating thereto or on
the same or related subject matter, in this or any other federal or state proceeding.

           ii.      The Producing Party may, upon discovery of the inadvertent
production, request the return of the Privileged Material that was inadvertently disclosed. Upon
receipt of such a request, the Receiving Party (a) shall promptly return or destroy the original and
all copies of the Privileged Material, (b) destroy all summaries, notes, memoranda or other
documents (or portions thereof) referring to or reflecting the contents of such Privileged
Material, and (c) not use such documents containing Privileged Material for any purpose absent
further order of the Court. In the event the Receiving Party objects to the return of the Privileged
Material, the Receiving Party may move the Court, within ten (10) days of receiving the notice
from the Producing Party, for an order compelling production of the Privileged Material. All
materials related to the inadvertently produced Privileged Material and any related motion to
compel, shall be treated as Highly Confidential Information pursuant to this Order, unless
otherwise ordered by the Court. Whether or not the Receiving Party disputes the Privileged
Material's protected status, if the Receiving Party disclosed the Privileged Material prior to a
demand for its return, it shall promptly notify any persons with whom the Privileged Material

was shared and use reasonable efforts to collect and return all copies to the Producing Party and/or destroy all such copies, and certify in writing that it has exhausted its reasonable efforts to collect and return all copies.

          c.      In the event that a party discovers that Protected Information it has received has been disclosed to someone not authorized under the terms of this Protective Order to receive such information, counsel of record for the party responsible for the unauthorized disclosure shall immediately give notice to counsel of record for the party who designated the information as CONFIDENTIAL or HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS ONLY. If a party fails to treat documents designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS ONLY in the manner provided herein, that party will immediately take such steps as are necessary to have such items placed under seal and/or restored to their confidential status. Depending upon the circumstances, nothing contained herein shall limit the right of the Producing Party or designating party to seek relief against the party responsible for such disclosure.

      16.     This Order shall not apply to documents, materials, or information that are publicly available without a breach of the terms of this Order or that are obtained independently by the Receiving Party from a person lawfully in possession of those documents, materials, or information.

      17.     A party's compliance with the terms of this Order shall not operate as an admission that any particular document is or is not (a) confidential, (b) privileged, or (c) admissible in evidence at trial.

      18.     If any Receiving Party receives a subpoena from a person not a party to this Litigation for documents obtained from a Producing Party subject to this Order, the person subpoenaed must inform the subpoena's issuer of this Order, provide the subpoena's issuer with the copy of the Order, and give the Producing Party and, if different, the designating party, notice of the subpoena within the earlier of three (3) business days after its receipt of the subpoena or before it produces any documents in response to the subpoena, so that the Producing Party and, if different, the designating party, have an opportunity to object and/or file a motion to quash the subpoena or other similar filing prior to the production of any responsive material. In the absence of an objection or motion to quash the subpoena, or other similar filing, by the Producing Party or, if different, the designating party, or further court order, the party receiving the subpoena may produce documents, materials, or other information responsive to the subpoena.

      19.     This Order shall apply to non-parties who provide discovery, by deposition, production of documents, or otherwise, in this Litigation, if that non-party requests the protection of this Order as to its Confidential Information or Highly Confidential Information and complies with the provisions of this Order. A non-party who provides discovery in this Litigation, requests the protection of this Order, and complies with its terms will be deemed a Producing Party. A party taking discovery from a non-party must provide the non-party with a copy of this Protective Order when it first serves the non-party with a subpoena or other discovery request.

93207

20.     Upon final disposition of this Litigation, the provisions of this Order shall continue to be binding. This Court expressly retains jurisdiction over this Litigation for enforcement of the provisions of this Order following the final disposition of this Litigation.

21.     Until this Order is entered by the Court, any Discovery Material designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS ONLY that is produced in this Litigation shall be protected from disclosure pursuant to the terms of this Order as if entered by the Court. If any actions subject to this Order are transferred to another Court, the terms of this Order shall remain in full force and effect unless modified by written agreement of all parties or order of the Court.

22.     This Order is binding on all parties to this Litigation and on all non-parties who have been served with a copy of this Order, and shall remain in force and effect until modified, superseded, or terminated by consent of the parties or by order of the Court. This Order shall not prevent a party from applying to the Court for relief therefrom, or from applying to the Court for further or additional protective orders, or from agreeing to modifications of this Order, subject to approval of the Court.

23.     Nothing in this Order shall prevent a Producing Party or, if different, designating party from seeking further, greater, or lesser protection with respect to the use of any Confidential Information or Highly Confidential Information, or seeking to prevent Confidential Information or Highly Confidential Information from being provided to the persons described in Paragraphs 9 and 10 of this Order.

24.     The terms of this Order shall be binding upon all current and future parties to this Litigation and their counsel; any party appearing in the case following entry of this Order shall be deemed to have joined the case subject to its provisions. Within ten (10) days of (i) entry of an appearance by a new party to this Litigation, or (ii) notification of the filing in this District of a complaint that arises out of the same facts alleged in the Plaintiffs' Complaints, counsel for the Plaintiffs (in the case of a new party plaintiff) or counsel for the Defendants (in the case of a new party defendant) shall serve a copy of this Order on the new party's counsel who have filed an appearance.

25.     Nothing herein shall be construed as a determination by the Court, or as a consent or waiver by any foreign parent or affiliate of any party, that such a foreign parent or affiliate of any party is subject to personal jurisdiction in this Court or that discovery as to such foreign parent or affiliate of any party shall proceed pursuant to the Federal Rules of Civil Procedure.

26.     All time periods set forth in this Order shall be calculated according to Rule 6 of the Federal Rules of Civil Procedure, as then in effect.


Dated: <u>July 10, 2012</u>

IT IS SO ORDERED:



<u>s/Marianne O. Battani</u>
Hon. Marianne O. Battani
United States District Judge

## EXHIBIT A

On behalf of _____ [NAME OF ORGANIZATION] I, _____ [NAME OF INDIVIDUAL] hereby certify (i) my understanding that Discovery Material containing Confidential Information or Highly Confidential Information is being provided or otherwise disclosed to me pursuant to the terms and restrictions of the Stipulation and Protective Order Governing the Production and Exchange of Confidential Information ("Order") entered in *In re Automotive Parts Antitrust Litigation*, Master File No. 12-MD-2311, United States District Court, Eastern District of Michigan and (ii) that I have received and read the Order; and (iii) that I will provide a copy of and explain the terms of this Order to any personnel at _____ [NAME OF ORGANIZATION] who receive Discovery Material containing Confidential Information or Highly Confidential Information or who otherwise receive Confidential Information or Highly Confidential Information. I understand the terms of the Order, I agree to be fully bound by the Order, and I hereby submit to the jurisdiction of the Court for purposes of enforcement of the Order. I understand that violation of the Order may be punishable by contempt of Court.

Dated: _____

Signature: _____

Name: _____

Address: _____

93207

15

# DECLARATION OF CUSTODIAN

## OF RECORDS TO

## ACCOMPANY COPIES OF RECORDS

| | |
|---|---|
| STATE OF_____) | In Re:  AUTOMOTIVE PARTS ANTITRUST LITIGATION |
| _____) | Master File No. U. S. D. C. Eastern District of Michigan, |
| COUNTY OF _____) | Southern Div.: 12-md-02311 (In Re: Wire Harness Cases) |
| | Honorable Marianne O. Battani |
| | All Dealership Actions 2:12-cv-00102 |
| | All End-Payor Actions 2:12-cv-00103 |

I, _____, depose and say as follows:

Initial: _____  **1.**  I am the duly authorized Records Custodian for (_____) and have the authority to certify the records attached hereto, if any, and I certify as follows:

_____  **2.**  The copies or originals of the Records attached to this Declaration are true and correct, and include all documents responsive to the Subpoena Duces Tecum, dated (_____); **and**

_____  **3.**  That the records were prepared by the personnel of this office, or persons acting under their control, in the ordinary course of business at or near the time of the act, condition or event.

## OR

_____  **4.**  (_____) has none of the records described in paragraph **2** above.

_____  A.  Responsive records were destroyed _____(date) in accord with our document retention policy.  Records are discarded after _____ years.

_____  B.  No responsive documents exist.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: _____, 2014.

_____
Signature

_____
Print Name

Declaration of Records Custodian
709315.0013/6186850.1

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

|  |  |
|---|---|
| In Re:  AUTOMOTIVE PARTS ANTITRUST LITIGATION | Master File No. 12-md-02311 Honorable Marianne O. Battani |
| In Re:  Wire Harness Cases | |
| THIS DOCUMENT RELATES TO: | |
| All Dealership Actions | 2:12-cv-00102 |
| All End-Payor Actions | 2:12-cv-00103 |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS**
**OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

TO:    Scott-McRae Automotive Group, LLLP., c/o Registered Joanne A. Ackman, 701 Riverside Park Place, Suite. 310, Jacksonville, FL 32204.

☒ *Production:*  **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

**See Attachment A**

| Place: | Special Services of Jacksonville, Inc., 729 Parker Street, Jacksonville, FL 32202 | Date and Time: | December 1, 2015 at 10:00 a.m. |
|---|---|---|---|

☐ *Inspection of Premises:*  **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | | Date and Time: | |
|---|---|---|---|

1

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

DATE: *10/17/14*

DAVID J. WEAVER, CLERK OF COURT

|  | OR |  |
| --- | --- | --- |
| _____ | | _____ |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* LEONI Wiring Systems, Inc. and Leonische Holding Inc., who issues or requests this subpoena, are: Megan Havstad, Esq., Two Embarcadero Center, 28th Floor, San Francisco, CA 94111, mhavstad@omm.com, (415) 984-8937.

### Notice to the person who issues or requests this subpoena

A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____.

    ☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____; or

    ☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $_____.

My fees are   $_____   for travel and   $_____   for services for a total of   $_____

I declare under penalty of perjury that this information is true.

Date: _____      _____
                                  *Server's signature*

                               _____
                                  *Printed name and title*

                               _____
                                  *Server's address*

Additional information regarding attempted service, etc.:

**(c) Place of Compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person

    **(i)** is a party or a party's officer; or

    **(ii)** is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:

  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*

  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*

  **(A)** *When Required.* On timely motion, the court for the district where
compliance is required must quash or modify a subpoena that:

    **(i)** fails to allow a reasonable time to comply;

    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);

    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

    **(iv)** subjects a person to undue burden.

  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

  **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

    **(i)** expressly make the claim; and

  (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

4

**ATTACHMENT A**

**DOCUMENT REQUESTS**

<u>**REQUEST NO. 1:**</u>     Data or documents (in the absence of data) sufficient to show the

following information for each Automobile purchased by You or on Your behalf:

a.     Seller (*e.g.*, OEM, Auto distributor or dealer, consumer) from whom the Auto was

purchased, including name, address, and other identifiers; and

(1)     Date of purchase;

(2)     OEM and model, model year, and other identifiers of the Auto, including

Vehicle Identification Number ("VIN");

(3)     If the Auto was used, its mileage and condition when purchased;

(4)     Terms and conditions of purchase, including but not limited to:

(a)     Net price paid (before taxes and including currency and exchange

rate, if applicable), and any adjustments to purchase price and

incentives or allowances issued or applied at any time, including

but not limited to, list price, taxes, commissions, rebates,

discounts, refunds, or credit for returns;

(b)     Amount paid at time of purchase, and any remaining balance due,

terms of financing, and duration of monthly or installment

payments; and

(c)     Shipping or freight costs, and by whom such costs were paid;

(5)     "Ship-from" and vendor "pay-to" address(es) from which the Auto and

invoice for it were shipped or sent, date(s) the Auto and invoice were

shipped or sent, "ship-to/delivery" and customer "bill/invoice-to"

address(es) where the Auto and invoice were shipped or received, and date(s) the Auto and invoice were received; and

(6)     Monetary or non-monetary components of, or incentives for, the purchase distinct from net price, including but not limited to, (a) any service, benefit, and/or product You received, or provided, in connection with the purchase of the Auto, including service agreements, warranties, or installation, and (b) the value of each such service, benefit, or product;

b.     Purchaser (*e.g.*, consumer, leasing company, *i.e.*, lessor, Auto distributor or dealer) to whom the Auto was sold, including name, address, and other identifiers; and

(1)     Date and place (including address) of sale;

(2)     Terms and conditions of sale, including but not limited to:

(a)     Net price paid by purchaser (before taxes and including currency and exchange rate, if applicable), and any adjustments to sale price and incentives or allowances issued or applied at any time, including but not limited to, MSRP, list price, taxes, rebates, discounts, refunds, credits, or allowances for vehicle trade-ins, and OEM and model, model year, VIN, and other identifiers, and mileage of vehicle for which a trade-in allowance was provided; and

(b)     Amount paid at time of sale, and any remaining balance due, terms of financing, and duration of monthly or installment payments;

(3)     If the Auto was used, its mileage and condition when sold;

c.    For leases, lessee (*e.g.*, consumer) to whom the Auto was leased, including name, address, and other identifiers; and

(1)    Date and place (including address) of lease;

(2)    Terms and conditions of lease, including but not limited to:

(a)    Term of lease;

(b)    List and/or negotiated amount paid at inception of lease and monthly or periodic lease payments;

(c)    Money factor, or finance or interest rate;

(d)    Depreciation and finance charges;

(e)    Mileage allowance and any excess mileage charges;

(f)    Deposits and acquisition, disposition, termination, or other fees or charges;

(g)    Actual and/or proposed residual or resale value of Auto at conclusion of lease term; and

(h)    Net price paid (before taxes and after any adjustments to price), at inception of lease and at conclusion of lease term, and any adjustments to sale price and incentives or allowances issued or applied at any time, including but not limited to, MSRP, list price, taxes, rebates, discounts, refunds, credits or allowances for vehicle trade-ins, and OEM and model, model year and other identifiers, and mileage of vehicle for which a trade-in allowance was provided;

(3)    If the Auto was used, its mileage and condition when leased;

     d.     Monetary or non-monetary components of, or incentives for, the sale or lease distinct from net price, including but not limited to, (1) commissions, and any service, benefit, and/or product the purchaser or lessee received, or provided, in connection with the sale or lease, including service agreements, or warranties, and (2) the value of each such service, benefit, or product;

     e.     Repairs or recalls with respect to the Auto, nature of repair or recall, whether the Auto was returned, and amount of any associated payment, refund or credit;

     f.     Actual and/or estimated direct and indirect purchase, marketing, distribution, selling, leasing and other costs in connection with the purchase and sale or lease of the Auto, both fixed and variable, including but not limited to, direct and indirect costs of management, labor, commissions, real estate, financing, overhead, energy, and freight;

     g.     Your gross profit, profit margin or level, operating profit, projected profit, net profit, and/or profit-and-loss statements for the purchase, sale and any lease of the Auto;

     h.     Monthly or periodic reports on Auto inventory levels; and

     i.     Each contract or agreement concerning the purchase, sale and any lease of the Auto.

**REQUEST NO. 2:**    Data or documents (in the absence of data) sufficient to show the following information for each (a) Wire Harness Product, or (b) Auto Part purchased by You or on Your behalf:

     a.     Date of purchase;

8

b.      Seller (*e.g.*, OEM, Auto parts manufacturer or distributor, or Auto dealer) from whom the WHP or Auto Part was purchased, including name, address, and other identifiers;

c.      Manufacturer, name or description, part number, and other identifiers of the WHP or Auto Part, including OEM and model, model year, and other identifiers of the Auto or other product in which the WHP or Auto Part was designed or intended to be installed, and quantity purchased (including measurement unit for quantity);

d.      Terms and conditions on which the WHP or Auto Part was purchased, including but not limited to:

(1)     Net price of the WHP or Auto Part (including currency and exchange rate, if applicable), and any adjustments to purchase price and incentives or allowances issued or applied at any time, including but not limited to, taxes, amortization and amortization schedule, installment payments, financing, rebates, lump sum or other discounts, refunds, credit for returns, and currency or input cost adjustments; and

(2)     Shipping or freight costs, and by whom such costs were paid;

e.      "Ship-from" and vendor "pay-to" address(es) from which the WHP or Auto Part and invoice for it were shipped or sent, date(s) the WHP or Auto Part and invoice were shipped or sent, "ship-to/delivery" and customer "bill/invoice-to" address(es) where the WHP or Auto Part and invoice were shipped or received, and date(s) the WHP or Auto Part and invoice were received;

f.      Monetary or non-monetary components of, or incentives for, the purchase of the WHP or Auto Part distinct from net price, including but not limited to, (1) any

9

service, benefit, and/or product that You provided, or received, in connection with the purchase, including service agreements, warranties, or installation, and (2) the value of each such service, benefit, or product;

g.     Purchaser (*e.g.*, consumer, Auto parts distributor, or Auto dealer), to whom the WHP or Auto Part was sold, including name, address, and other identifiers; and

(1)     Date and place (including address) of sale;

(2)     Terms and conditions of sale, including but not limited to:

(a)     Net price paid by purchaser (before taxes and including currency and exchange rate, if applicable), and any adjustments to sale price and incentives or allowances issued or applied at any time, including but not limited to, list price, taxes, rebates, discounts, refunds, or credit for trade-ins or returns;

(b)     Amount paid at time of sale, and any remaining balance due, terms of financing, and duration of monthly or installment payments;

(c)     Monetary or non-monetary components of, or incentives for, the sale, including but not limited to, (i) commissions, and any service, benefit, and/or product the purchaser received, or provided, in connection with the sale, including service agreements or warranties, and (ii) the value of each such service, benefit, or product;

h.     Information sufficient to track each WHP or Auto Part after it was installed in another product and/or sold, including OEM and model, model year, VIN, and/or part number, and other identifiers of the specific Auto or other product in which

the WHP or Auto Part was installed or for which it was designed or intended to be installed;

i. Actual and/or estimated direct and indirect purchasing, marketing, distribution or selling, and other costs of goods sold for the WHP or Auto Part, both fixed and variable, including but not limited to, direct and indirect costs of management, labor, overhead, energy, materials, sales and marketing, and freight;

j. Your gross profit, profit margin or level, operating profit, projected profit, net profit, and/or profit-and-loss statements for purchase and sale of the WHP or Auto Part;

k. Each contract or agreement concerning the purchase of the WHP or Auto Part.

**REQUEST NO. 3:** Documents (to the extent not produced in response to Request Nos. 1-2), including number, code, or data dictionaries or similar documents, sufficient to identify, describe, and explain the (a) manufacturer, supplier, vendor, and customer numbers or codes; (b) product, component, and part numbers or codes; (c) OEM and model, model platform, VIN, and model year numbers or codes; (d) contract or agreement and invoice numbers or codes; (e) transaction types, including standard credits, debits, returns, and other adjustments related to purchases, sales and any leases of Automobiles, WHPs, and Auto Parts; and (f) data fields, that are reflected in data or documents produced in response to Request Nos. 1-2.

**REQUEST NO. 4:** Documents (to the extent not produced in response to Request Nos. 1-3) sufficient to disclose, identify, describe, and explain (a) the processes, policies, strategies, methods, formulas, factors, guidelines, and sales or price or margin targets used in

11

purchasing or acquiring the Automobiles, WHPs and Auto Parts later sold or leased by You or on Your behalf, including but not limited to, manuals, handbooks and documents concerning how the prices paid and terms and conditions of purchase were determined, whether prices and terms were negotiated in any way, and, if so, how prices and terms changed and the reasons for those changes, what factors were considered in deciding what Automobiles, WHPs and Auto Parts to purchase or acquire and from whom, and any proposed or actual changes in such processes, policies, strategies, methods, formulas, or factors and the reasons for such changes; and (b) the training or instruction of Your personnel regarding such processes, policies, strategies, methods, formulas, or factors.

**REQUEST NO. 5:**   Documents (to the extent not produced in response to Request Nos. 1-4) sufficient to disclose, identify, describe, and explain (a) the processes, policies, strategies, methods, formulas, factors, manuals and handbooks used in determining, setting, computing, quoting, negotiating, or modifying the prices and terms and conditions of sale or lease of Automobiles, WHPs and Auto Parts sold or leased by You or on Your behalf, and any proposed or actual changes in such processes, policies, strategies, methods, formulas, or factors and the reasons for such changes; (b) sales or price or margin targets, warranties, rebates, discounts, off-invoice discounts, credits, allowances, vehicle trade-in credits or allowances, promotional or incentive payments, or other price concessions in selling or leasing such Automobiles, WHPs and Auto Parts; and (c) any sales promotions or incentives offered or advertised in connection with the sale or lease of such Automobiles, WHPs and Auto Parts and the cost of such promotions or incentives.

**REQUEST NO. 6:**   Documents (to the extent not produced in response to Request Nos. 1-5) sufficient to disclose, identify, describe, and explain (a) the training or instruction of sales personnel involved in the sale or lease of Automobiles, WHPs and Auto Parts sold or leased by You or on Your behalf, including but not limited to policies (*e.g.*, sales personnel discretion in adjusting pricing and the parameters of that discretion), strategies, methods, formulas, sales or price or margin targets, guidelines, manuals, and handbooks for sales or lease negotiations with customers or potential customers; and (b) the monetary and non-monetary compensation of such sales personnel, including bonuses and commissions.

**REQUEST NO. 7:**   Documents (to the extent not produced in response to Request Nos. 1-6) sufficient to disclose, identify, describe, and explain the processes, policies, strategies, methods, and formulas regarding inventory management of Automobiles, WHPs and Auto Parts sold or leased by You or on Your behalf, including but not limited to, guidelines, manuals, handbooks, and strategy and planning presentations.

**REQUEST NO. 8:**   Documents (to the extent not produced in response to Request Nos. 1-7) concerning (a) Your competitors, including but not limited to, documents concerning competitors' locations, and descriptions of competitors' businesses, and competitors' pricing and promotions; (b) Your strategies, programs, and plans for competing against Your competitors, including but not limited to, price discounting, sales and promotions, and increased customer services; (c) supply and demand conditions that may affect sales or pricing of Automobiles, WHPs, and Auto Parts; and (d) Your advertising and marketing campaigns, and trade promotions, at the national, regional, and/or dealership levels.

**REQUEST NO. 9:**   Documents (to the extent not produced in response to Request Nos. 1-8) sufficient to show Your organizational structure, including but not limited to, the location of all Your building and operation sites, including corporate offices, warehouses, stores, showrooms, and other retail and wholesale locations.

**REQUEST NO. 10:**  Documents (to the extent not produced in response to Request Nos. 1-9) concerning each communication between You or Your counsel and any of the Plaintiffs or their counsel in the Wire Harness MDL.

**REQUEST NO. 11:**  Documents sufficient to disclose, identify, describe, and explain Your policies or practices regarding the retention, destruction, disposal, or preservation of documents and/or electronically stored information, and, if such policies or practices have been different with respect to any category of documents or over different time periods, documents sufficient to disclose, identify, describe, and explain each such category or time period and Your retention policy or practice with respect to each such category or time period.

**REQUEST NO. 12:**  Documents sufficient to disclose, identify, describe, and explain Your electronic database and data processing systems, programs, and outputs thereof, including all mainframe systems, linked area networks, or other applications used by You or on Your behalf to record, store, compute, analyze, or retrieve information concerning the pricing, purchase or acquisition, marketing, sale, lease, manufacturing or production, supply, or distribution of Autos, WHPs and Auto Parts.

## DEFINITIONS

1.      "Automobile" and "Auto" mean a motor vehicle that is principally used for transporting from one to eight passengers and is designed to operate primarily on roads, typically with four wheels, including sedans, pickup trucks, and sport utility vehicles, but excluding motorcycles, all-terrain vehicles, buses, and commercial trucks.

2.      "Auto Part" means an Automobile part in which a Wire Harness Product is a component or incorporated.

3.      "MSRP" means the manufacturer's suggested resale price.

4.      "OEM" means Automobile original equipment manufacturer and the OEM's respective officers, directors, current and former employees, agents, representatives, attorneys, or anyone else acting or who has acted on its behalf.

5.      "Wire Harness MDL" means the Class Cases, Miscellaneous Cases, and Individual Cases, as defined in the Electronic Case Management Protocol Order, ECF No. 665, 2:12-md-02311-MOB-MKM (filed December 23, 2013), entered in the master case *In re: Automotive Parts Antitrust Litigation*, Case No. 12-md-02311, pending in the U.S. District Court for the Eastern District of Michigan, Southern Division, that are associated now or in the future with the Wire Harness Lead Case, Case No. 2:12-cv-00100, which is part of the master case *In re: Automotive Parts Antitrust Litigation*, Case No. 12-md-02311.

6.      "Wire Harness Product(s)" and "WHP(s)" mean automotive wire harness electrical distribution systems used to direct and control electronic components, wiring, and circuit boards in Automobiles, and the following components of such wire harnesses: automotive electrical wiring, automotive wire harnesses, automotive wiring connectors, automotive wiring terminals, cable bonds, electronic control units ("ECUs"), fuse boxes, high voltage wiring, junction blocks, lead wire assemblies, power distributors, relay boxes, and speed sensor wire assemblies.

7.      "You," "Your," and "Your Company" mean [Auto Dealer] and its predecessors, successors, subsidiaries, departments, divisions, and/or affiliates, including without limitation any organization or entity that *is or was subject to its management, direction, or control*, together with its and their present and former directors, officers, employees, agents, representatives, or any Person acting or *purporting to act on its behalf*.

## INSTRUCTIONS

1.      Attached hereto is a copy of the Stipulation and Protective Order Governing Production and Exchange of Confidential Information, ECF No. 200, 2:12-md-02311-MOB-MKM (filed July 10, 2012), entered by the Court in the master case *In re: Automotive Parts Antitrust Litigation*, Case No. 12-md-02311, pending in the U.S. District Court for the Eastern District of Michigan, Southern Division, that governs documents and information produced in the Wire Harness MDL.  You may designate documents for protection under the Protective Order.

2.      The relevant time period for each Request is (i) January 1, 1998 through and including October 31, 2011, excepting data extracted from electronic databases or data summaries for which the relevant time period is January 1, 1998 through and including December 31, 2013, or (ii) such broader time period(s) that the parties in any of the Class Cases, Miscellaneous Cases, and/or Individual Cases in the Wire Harness MDL agree, or the Court rules applies to such discovery from the parties, prior to Your production of documents and data in response to this subpoena.

Case 2:12-md-02311-SFC-RSW ECF No. 1165-4, PageID.18204 Filed 12/23/15 Page 91 of
106
Case 2:12-md-02311-MOB-MKM Doc # 200 Filed 07/10/12 Pg 1 of 6 Pg ID 2388

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

| | |
|---|---|
| IN RE: AUTOMOTIVE PARTS ANTITRUST LITIGATION | : : : : |
| | : Master File No. 12-MD-02311 |
| | : |
| PRODUCTS(S): | : : |
| WIRE HARNESS SYSTEMS | : |
| | : : |
| THIS DOCUMENT RELATES TO: | : : |
| All Actions | : : |

## STIPULATION AND PROTECTIVE ORDER GOVERNING THE PRODUCTION AND EXCHANGE OF CONFIDENTIAL INFORMATION

WHEREAS, the Plaintiffs and Defendants in the Wire Harness Systems Direct Purchaser Actions,  Automobile Dealer Actions, and End-Payor Actions may seek discovery of documents, information, or other materials that contain non-public, confidential, competitively sensitive, or proprietary information of another party or of a third party;

WHEREAS, the parties have stipulated and agreed to terms, and jointly moved this Court for entry of the following Protective Order, and the Court having found that, in light of the nature of the non-public, confidential, competitively-sensitive, proprietary information that may be sought in discovery, good cause exists for entry of the Protective Order,

IT IS ORDERED that this Protective Order ("Order") shall be entered pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and Local Rule 26.4 of the United States District Court for the Eastern District of Michigan limiting the disclosure and use of certain discovered information in connection with the prosecution or defense of:

a.      the consolidated direct and indirect purchaser Wire Harness Systems actions included in MDL No. 2311;

b.      any individual direct or indirect purchaser case included in MDL No. 2311;

c.      any case designated as a direct or indirect purchaser "tagalong" case to MDL No. 2311 or designated as a "related case" to any direct or indirect purchaser case in MDL No. 2311;

93207

Case 2:12-md-02311-SFC-RSW ECF No. 1165-4, PageID.18205 Filed 12/23/15 Page 92 of
2:12-md-02311-MOB-MKM Doc # 200 Filed 07/10/12 Pg 2 of 5 Pg ID 2389
106

d.　　any subsequent cases which are subsequently transferred to this Court for coordinated proceedings with the cases included in MDL No. 2311; and

e.　　any appeals of the cases described in categories (a) through (d) above

(collectively the "Litigation").

1.　　All information produced or discovered in this Litigation and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS ONLY" shall be used solely for the prosecution or defense of this Litigation, unless that information is or has become publicly available without a breach of the terms of this Order.

2.　　To preserve the legitimate proprietary and privacy interests of sources of information, this Order establishes a procedure for disclosing Protected Information (defined in Paragraph 4 below) to the parties in this Litigation, imposes obligations on persons receiving Protected Information to protect it from unauthorized use or disclosure, and establishes a procedure for challenging confidentiality designations. This Order applies only to information furnished by parties and non-parties that is not otherwise publicly available.

3.　　This Order shall govern all documents, the information contained therein, and all other information produced or disclosed during discovery in this Litigation whether revealed in a document, deposition, other testimony, multimedia audio/visual file such as a voice and video recording, discovery response or otherwise, including but not limited to any copies, notes, abstracts or summaries of the foregoing materials ("Discovery Material"), by any party or nonparty in this Litigation (the "Producing Party") to any other party (the "Receiving Party") when the foregoing materials are designated using the procedures set forth herein. This Order is binding upon the parties to this Litigation, as well as their respective attorneys, agents, representatives, officers and employees, and others as set forth in this Order. Nothing in this Order, however, prevents any use by a Producing Party of the Discovery Material that it produces.

4.　　Subject to the protections provided in Rule 26 of the Federal Rules of Civil Procedure, this Order covers information that any Producing Party designates as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS ONLY" pursuant to Paragraph 5 (collectively referred to as "Protected Information"). In designating information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS ONLY," a party will make such designation only as to that information that it in good faith believes contains information meeting the respective definitions set forth below.

5.　　**<u>Confidentiality Designations.</u>**

a.　　The designation "CONFIDENTIAL" shall be limited to information that the Producing Party has determined, in good faith, contains non-public, confidential, proprietary or commercial information that is not readily ascertainable through lawful means by the public or the receiving party or is subject to privacy protection under federal, state, local, or any applicable foreign law ("Confidential Information").

93207　　　　　　　　　　　　　　　　　2

Case 2:12-md-02311-SFC-RSW ECF No. 1165-4, PageID.18206 Filed 12/23/15 Page 93 of
106
Case 2:12-md-02311-MOB-MKM Doc # 200 Filed 04/10/12 Pg 3 of 5 Pg ID 2390

        b.     The designation "HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS
ONLY" shall be limited to information which a Producing Party believes to be highly sensitive
and/or proprietary information, including but not limited to documents or information reflecting,
containing, or derived from current confidential trade secrets, research, development, pricing,
production, cost, marketing, or customer information, the disclosure of which, even limited to the
restrictions placed on the information designated as "CONFIDENTIAL" under this Order, could
compromise and/or jeopardize the Producing Party's competitive business interests ("Highly
Confidential Information").

        c.     Any party to this Litigation and any third party may designate as
CONFIDENTIAL or HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS ONLY
documents or information produced by another party or a third party if that Discovery Material
(i) either originated from the designating party or third party (or was generated on the
designating or third party's behalf), or (ii) contains the designating party's Confidential
Information or Highly Confidential Information, in which case the designating party shall be
deemed a Producing Party for purposes of this Order. Failure to designate any documents or
information as CONFIDENTIAL or HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS
ONLY pursuant to this paragraph shall not constitute a waiver of any party's right to make such
designation at a later time.

        6.     **Means of Designating Protected Information**.

        Documents, material, or information may be designated CONFIDENTIAL or HIGHLY
CONFIDENTIAL—OUTSIDE ATTORNEYS ONLY in the following ways:

        a.     *Documents*. A Producing Party shall, if appropriate, designate specific,
hard copy and non-natively produced electronic documents as (i) CONFIDENTIAL by marking
the first page and each subsequent page of the produced copy or image of such document
containing any Confidential Information with the legend "CONFIDENTIAL"; or as (ii)
HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS ONLY by marking the first page and
each subsequent page of the produced copy or image of such document containing any Highly
Confidential Information with the legend "HIGHLY CONFIDENTIAL—OUTSIDE
ATTORNEYS ONLY." All documents produced or disclosed during discovery in this Litigation
shall be identified by Bates number and, to the extent practical, the appropriate designation shall
be placed near the Bates number. The impracticality or inadvertent failure to designate each
page of a document as CONFIDENTIAL or HIGHLY CONFIDENTIAL–OUTSIDE
ATTORNEYS ONLY pursuant to this paragraph shall not constitute a waiver of the confidential
nature of the document or page(s).

        b.     *Discovery Responses*. A Producing Party shall, if appropriate, designate
discovery responses, including but not limited to interrogatory answers and responses to requests
for admissions, as Confidential Information or Highly Confidential Information by placing the
following legend on each page of the discovery responses containing Confidential or Highly
Confidential Information: "CONTAINS CONFIDENTIAL INFORMATION SUBJECT TO
PROTECTIVE ORDER" and / or "CONTAINS HIGHLY CONFIDENTIAL INFORMATION

SUBJECT TO PROTECTIVE ORDER."

        c.    *Depositions.* In the case of depositions and the information contained in depositions (including exhibits), counsel for a Producing Party or witness shall designate portions of the transcript (including exhibits) which contain Confidential Information or Highly Confidential Information as CONFIDENTIAL or HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS ONLY by making a statement to that effect on the record at the deposition or by letter within 30 days of receipt of the final deposition transcript or copy thereof (or written notification that the transcript is available). The entire deposition transcript (including exhibits) shall be treated as Highly Confidential Information under this Order until the expiration of the 30-day period for designation. The following legend shall be placed on the front of all versions of the original deposition transcript and each copy of the transcript containing Confidential Information or Highly Confidential Information: "CONTAINS CONFIDENTIAL INFORMATION SUBJECT TO PROTECTIVE ORDER" or "CONTAINS HIGHLY CONFIDENTIAL INFORMATION SUBJECT TO PROTECTIVE ORDER." If all or part of a videotaped deposition is designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL— OUTSIDE ATTORNEYS ONLY, the videocassette, other videotape container or DVD shall be labeled with the appropriate legend provided for in Paragraph 5.

        d.    *Computerized Material.* To the extent that information is produced in a form rendering it impractical to label (including electronically stored information produced on electronic, magnetic or other computer readable media), the Producing Party may designate such information as CONFIDENTIAL or HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS ONLY by cover letter or by affixing to the media containing the Confidential Information or Highly Confidential Information a label containing the appropriate legend provided for in Paragraph 5 above. Whenever a Receiving Party reduces such computerized material designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS ONLY to hard-copy form, the Receiving Party shall mark the hard-copy form with the appropriate legend provided for in Paragraph 5 above. Whenever any Confidential or Highly Confidential computerized material is copied into another form, the Receiving Party shall also mark those forms with the appropriate legend provided for in Paragraph 5 above.

        e.    *Restricting Access.* To the extent that any Receiving Party or counsel for the Receiving Party creates, develops or otherwise establishes on any digital or analog machine-readable device, recording media, computers, discs, networks, or tapes, or maintains for review on any electronic system material that contains information designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS ONLY that Receiving Party and/or its counsel must take all necessary steps to ensure that access to the electronic system and/or the media containing such information is properly restricted to those persons who, by the terms of this Order, may have access to Confidential Information or Highly Confidential Information.

        f.    *Inspections.* Documents, materials, or other information to be inspected shall be treated as HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS ONLY during inspection. Such documents or other materials or information that are later duplicated by or for the Receiving Parties shall be stamped, if designated, CONFIDENTIAL or HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS ONLY.

Case 2:12-md-02311-SFC-RSW ECF No. 1165-4, PageID.18208 Filed 12/23/15 Page 95 of
106
2:12-md-02311-MOB-MKM Doc # 200 Filed 07/10/12 Pg 5 of 15 Pg ID 2392

7.      **Filing of Protected Information**.

A party that seeks to file any pleading, motion, brief, memoranda or other paper that
contains Confidential Information or Highly Confidential Information must comply with Civil
Local Rule 5.3 and this Order shall serve as a stipulated order for the purposes of Civil Local
Rule 5.3(b). All documents, materials, or other information containing Confidential Information
or Highly Confidential Information that are filed with the Court shall be filed under seal
according to the following procedures:

a.      Consistent with Local Rule 5.3, only those portions of filings with the
Court containing Confidential Information or Highly Confidential Information shall be filed
under seal. Wherever possible, Confidential Information or Highly Confidential Information
shall be filed electronically, in accordance with the Court's ECF procedures. Otherwise,
Confidential Information or Highly Confidential Information filed under seal shall be placed in
sealed envelopes labeled with the title to the appropriate case in this Litigation, the name of the
pleading, the words "FILED UNDER SEAL," and a statement substantially in the following
form:

> "This envelope is sealed pursuant to Order of the Court dated
> _____, 20__, and contains [Confidential Information or Highly
> Confidential Information] filed in this case by [name of Party] and
> is not to be opened or the contents thereof to be displayed or
> revealed to any non-Court personnel except by order of the Court."

Any pleading or other paper required to be filed under seal pursuant to this Paragraph shall also
bear the legend "FILED UNDER SEAL" on the cover page of the document. The envelope shall
not be opened without further order of the Court except by persons authorized to have access to
Confidential Information or Highly Confidential Information pursuant to Paragraphs 9 and/or 10,
as appropriate, who shall return the information to the Clerk in a sealed envelope. Regardless of
whether a submission is filed under seal electronically or manually, a full copy of any such
submission shall be provided directly to chambers, marked "Judge's Copy" and "Contains
[Confidential Information or Highly Confidential Information] Subject to Protective Order" and
may be opened by the presiding District Judge, his/her law clerks, and other Court personnel
without further order of the Court. Further, subject to Paragraphs 9 and/or 10, as appropriate, a
full copy of any such sealed submission shall be served upon counsel for the parties. Such
service may be effected by e-mail.

b.      If any party objects to identified portions of the materials remaining under
seal, it shall state its objections in a faxed or electronically-delivered letter to the appropriate
counsel of record. The interested parties shall promptly meet and confer to attempt to resolve
those objections and, if they cannot be resolved, shall promptly tender those objections to the
Court for resolution.

c.      Each document manually filed under seal may be returned to the party
which filed it (1) if no appeal is taken, within ninety days after a final judgment is rendered, or
(2) if an appeal is taken, within thirty days after the mandate of the last reviewing court which

disposes of this Litigation in its entirety is filed. If the party that filed a sealed document fails to remove the document within the appropriate time frame, the Court may dispose of the document in accordance with Local Rule 5.3(e), or take any other action with respect to the document it deems appropriate.

        d.     Notwithstanding the foregoing, a party is not required to file a document under seal if the Confidential Information or Highly Confidential Information contained or reflected in the document was so designated solely by that party.

      8.    **Use of Protected Information**.

        a.     In no event shall Confidential or Highly Confidential Information be used for any business, competitive, personal, private, public, or other purpose, except as permitted by law.

        b.     Notwithstanding the foregoing, nothing in this Order shall be deemed to limit or restrict any Producing Party from using its own documents, materials, information, or its own Confidential Information or Highly Confidential Information for any purpose. The Producing Party may withdraw or modify any designation it has made.

        c.     The use of Confidential Information and/or Highly Confidential Information in hearings shall be subject to the following:

          i.     Subject to Paragraph 8(c)(ii), a party may refer to Confidential Information and/or Highly Confidential Information in public proceedings. The use of such information at trial shall be addressed in the final pre-trial Order, except that the words "CONFIDENTIAL" and "HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS ONLY" shall be removed from documents before such documents are used at trial. The removal of those words shall not affect the protections afforded to the information itself.

          ii.     Any party that reasonably believes it will disclose Confidential Information and/or Highly Confidential Information in any public proceeding before the Court shall make its best efforts to inform the Court and the Producing Party at least five (5) business days in advance of actual disclosure but in any event with advance notice sufficient to allow the Producing Party to raise the issue with the Court, so that the Court can decide what precautions are necessary to protect the Producing Party's Confidential/Highly Confidential Information, including specifying how exhibits containing such information shall be filed to maintain their confidentiality, whether and how exhibits containing such information may be shown to witnesses or otherwise used in open court, and whether persons not identified in Paragraphs 9 or 10, as appropriate, shall be excluded from specific portions of the proceedings.

          iii.     The Producing Party may designate portions of transcripts of public proceedings as CONFIDENTIAL or HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS ONLY, but any such designations must be made within thirty (30) days of receipt of the final transcript. If the Producing Party is not a party to this Litigation, the party using the information must confer with the Producing Party regarding such designation consistent with this

Case 2:12-md-02311-SFC-RSW ECF No. 1165-4, PageID.18210 Filed 12/23/15 Page 97 of
106
Case 2:12-md-02311-MOB-MKM Doc # 200 Filed 07/10/12 Pg 1 of 8 Pg ID 2399

paragraph.

   d.  Nothing in this Order shall bar or otherwise prevent any counsel from
rendering advice to his or her client with respect to this Litigation and, in the course of rendering
such advice, from relying upon his or her examination or knowledge of CONFIDENTIAL or
HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS ONLY information; provided that,
however, in rendering such advice and in otherwise communicating with his or her client, such
counsel shall not disclose the contents or source of any CONFIDENTIAL or HIGHLY
CONFIDENTIAL—OUTSIDE ATTORNEYS ONLY information produced by another party to
this Litigation to any person who is not authorized to receive such information under the
provisions of this Order.

   9.  **Disclosure of Confidential Information.**

   a.  The attorneys of record are responsible for employing reasonable
measures, consistent with this Order, to control access to, and distribution of information
designated as CONFIDENTIAL pursuant to this Order.

   b.  Access to information designated as CONFIDENTIAL pursuant to this
Order shall be limited to:

    i.  The Court or any other court exercising jurisdiction with respect to
this Litigation, Court personnel, jurors, alternate jurors, and qualified persons (including
necessary clerical personnel) who are engaged in recording, taking or transcribing testimony or
argument at any deposition, hearing, trial or appeal in this Litigation;

    ii.  Mediators or other individuals engaged or consulted in settlement
of all or part of this Litigation;

    iii.  Outside counsel for the parties in this Litigation (including
members or associates of the counsel's firm) or members of the in-house legal department for the
parties, as well as their paralegals, investigative, technical, secretarial, and clerical personnel
who are engaged in assisting them in this Litigation;

    iv.  Outside photocopying, document storage, data processing,
document review, graphic production, jury research or trial preparation services employed by the
parties or their counsel to assist in this Litigation, including contract attorneys and paralegals
retained to assist in this Litigation;

    v.  Any individual expert, consultant, or expert consulting firm
retained by counsel of record in connection with this Litigation to the extent necessary for the
individual expert, consultant, or expert consulting firm to prepare a written opinion, to prepare to
testify, or to assist counsel of record in the prosecution or defense of this Litigation, provided,
however that (a) the disclosure shall be made only to an individual expert, or to members,
partners, employees or agents of an expert consulting firm as the expert consulting firm shall
designate as the persons who will undertake the engagement on behalf of the expert consulting

93207            7

Case 2:12-md-02311-SFC-RSW ECF No. 1165-4, PageID.18211 Filed 12/23/15 Page 98 of
106
Case 2:12-md-02311-MOB-MKM Doc # 200 Filed 07/10/12 Pg 8 of 16 Pg ID 2398

firm (the "Designated Expert Personnel"); (b) the individual expert or Designated Expert
Personnel use the information solely in connection with this Litigation; (c) the individual and/or
a representative of each expert consulting firm sign the written assurance attached on Exhibit A
on behalf of any Designated Expert Personnel associated with that firm; and (d) excluding any
retention for this Litigation, the individual expert and each of the Designated Expert Personnel is
neither a current nor former (within the past year from the date of this Order) employee of any
party or any entity which directly competes with, or is a customer of or direct seller to, any of the
Defendants;

            vi.     In addition to members of a party's in-house legal department, no
more than three directors, officers or employees of a party charged with the responsibility for
making decisions dealing directly with the resolution of this Litigation with respect to that party,
provided that the requirements of Paragraph 11 of this Order are met;

            vii.     In the case of a party who is a natural person, that natural person,
provided that the requirements of Paragraph 11 of this Order are met;

            viii.     Any person who (a) authored or is listed as a recipient of the
particular material sought to be disclosed to that person); (b) was a custodian of the document; or
(c) is a witness (1) to whom disclosure is reasonably necessary for this litigation and (2) who
counsel in good faith believes has knowledge or awareness of the specific matters set forth in the
confidential information or materials, but only as to the specific matter in which such person is
referenced, discussed, mentioned, or reasonably thought to have specific knowledge; and

            ix.     Any other person to whom (a) the Producing Party agrees in
writing or on the record in advance of the disclosure or (b) the Court directs should have access.

     10.    **Disclosure of Highly Confidential Information**.

        a.     The attorneys of record are responsible for employing reasonable
measures, consistent with this Order, to control access to, and distribution of, information
designated as HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS ONLY pursuant to this
Order.

        b.     Access to information designated as HIGHLY CONFIDENTIAL—
OUTSIDE ATTORNEYS ONLY pursuant to this Order shall be limited to:

            i.     The persons identified in Paragraphs 9(b)(i)-(v), excluding
members of the in-house legal department for the parties, as well as their paralegals,
investigative, technical, secretarial, and clerical personnel.

            ii.     Any person who authored, received, or is reasonably believed in
good faith to be referenced in or aware of or participated in the events referenced in the Highly
Confidential Material;

            iii.     Any witness during the course of his or her testimony at a

deposition under the provisions of Fed. R. Civ. Proc. 26(b) in the above-captioned proceeding provided that the witness falls within 10(b)(i) or 10(b)(ii) or is an employee of the Producing Party or was an employee of the Producing Party at the time that the Highly Confidential Material was created, or the document is
being used to refresh the witness' recollection, or to impeach the witness, and subject further to deposing counsel's provision of the Highly Confidential Material to counsel attending the deposition before tendering it to a witness who is not an employee of the Producing Party or an employee of the Producing Party at the time the Highly Confidential Material was created, or an author or recipient of the document so that counsel for the party whose purportedly Highly Confidential Material is proposed to be shown to the above-referenced category of witness has sufficient time to object or take such other actions permitted by this Protective Order or law; and

iv.     Any other person to whom (a) the Producing Party agrees in writing or on the record in advance of the disclosure or (b) the Court directs should have access.

11.     **Notification of Protective Order**.

a.      Counsel for the respective parties shall be responsible for obtaining, prior to disclosure and as a condition thereof, the written agreement of any person to whom any Protected Information is disclosed (other than Court personnel, outside counsel for a party and their respective direct staff) to be bound by the terms of this Order. Such written agreement shall be in the form annexed hereto as Exhibit A. The originals of the Agreement shall be maintained by counsel for the party who obtained them until the final resolution of this Litigation. Upon a showing of good cause to the Court, copies of all executed Agreements shall be provided to the counsel for the party seeking disclosure of the Agreements within thirty (30) days of a court order requiring their production.

b.      In the event information designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS ONLY is to be shown to a witness, at deposition, hearing, trial or otherwise, the witness shall be provided with a copy of this Order at the start of the examination, and shall be advised on the record that he or she will be subject to sanction, including contempt, for violating the terms of this Order. If the witness has refused to execute Exhibit A as required by this Order, the admonition in the immediately preceding sentence made on the record shall serve as a substitute for the execution of Exhibit A and shall permit examination of the witness on documents or other materials containing CONFIDENTIAL or HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS ONLY information.

c.      The prohibitions in this paragraph do not limit a Producing Party's ability to disclose its own Confidential or Highly Confidential Information.

12.     A party shall not be obligated to challenge the propriety of a Confidential Information or Highly Confidential Information designation at the time material so designated is produced, and a failure to do so shall not preclude a subsequent challenge thereto, provided, however, that any challenges must be made no later than the close of fact discovery. In the event a party objects to the designation of any material under this Order, the objecting party shall state

93207                                          9

its objections in a letter to counsel for the designating party in this Litigation, identifying the challenged material by Bates number, on a document-by-document basis; provided, however, if the challenging party is challenging mass designations or designations of substantially identical types of documents, the challenging party need only provide an example of such designation and the basis for challenge, as well as an adequate description of the types of documents challenged, including the impacted ranges of Bates numbers. The notice by the party challenging the designation must also provide the specific bases for its challenge of the confidentiality designations. The interested parties thereafter shall meet and confer in good faith in an attempt to resolve any objection. If the objection is not resolved within fourteen (14) days of transmission of the initiating letter, the party objecting to the confidentiality designation may file with the Court, under the "Notice-Other" designation in ECF, a "Notice of Objection to Designation of Documents," which identifies the disputed documents by Bates number, challenged designation and proposed designation (if any).. Following the objecting party's filing of this Notice of Objection, the designating party shall have twelve (12) days to file its brief in support of its designation(s); the objecting party shall have seven (7) days thereafter to file its response and the designating party shall have seven (7) days thereafter to file its reply, if any. If a Notice of Objection is filed, the designating party has the burden of establishing that the designation is proper. If no brief is filed by the designating party supporting its designation, the material will be redesignated in the manner suggested by the objecting party in its Notice of Objection. If the designating party agrees to change the designation, the designating party shall send a written notice of the change in designation to all other parties. Any documents or other materials that have been designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL— OUTSIDE ATTORNEYS ONLY shall be treated in the manner designated until the Court rules that they should not be treated as Confidential Information or Highly Confidential Information, or the designating party agrees to change the designation.

13.     Nothing contained in this Order shall affect the right, if any, of any party or witness to make any other available objection or other response to discovery requests, including, without limitation, interrogatories, requests for admissions, requests for production of documents, or questions at a deposition. Nor shall this Order be construed as a waiver by any party of any right to withhold any Confidential Information or Highly Confidential Information as attorney work product or based on a legally cognizable privilege, or of any right that any party may have to assert any privilege at any stage of this Litigation.

14.     Within sixty (60) days after the final disposition of this Litigation, including all of the Direct Purchaser Actions, the Automobile Dealer Actions, and the End-Payor Actions, and including all appeals, a Receiving Party shall return all Confidential Information and Highly Confidential Information, including all copies of said materials, to counsel for the Producing Party or, in lieu thereof, the Receiving Party shall certify in writing that it has made reasonable efforts to destroy such materials. Counsel shall be entitled to retain pleadings and the exhibits thereto, affidavits, motions, briefs, or other papers filed with the Court, as well as any memoranda, notes, or other work product, even if they contain Confidential Information or Highly Confidential Information, so long as counsel protects that information consistent with the terms of this Order. A "final disposition" shall not include an order from the MDL Court directing that each individual case be returned to the district where it originated for trial.

15. **Correction of Designation and Clawback**.

a.    A Producing Party that fails to designate Discovery Material as CONFIDENTIAL or HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS ONLY at the time of production shall be entitled to make a correction to its designation. Any correction and notice of the correction shall be made in writing, accompanied by substitute copies of each item of Discovery Material, appropriately designated. A Receiving Party has ten (10) days to object to the fact of a late designation. If no objection is interposed, then within ten (10) days of receipt of the substitute copies of the Discovery Material, the Receiving Party shall destroy or return to counsel for the Producing Party all copies of such mis-designated documents. If any objection is interposed, the parties shall meet and confer and, in the absence of an agreement, the Producing Party may file a motion for relief from the Court. Until the Court rules on such a motion, the disputed Discovery Material shall be treated as CONFIDENTIAL or HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS ONLY in accordance with the designation made pursuant to paragraph 6 and this paragraph. The obligation to treat such material pursuant to a corrected designation shall run prospectively from the date of corrected designation. Individuals who reviewed the mis-designated Discovery Material prior to notice of the mis-designation by the Producing Party shall abide by the provisions of this Order with respect to all future use and disclosure of the mis-designated materials and any information contained in them.

b.    If a Producing Party inadvertently produces any document, material, or other information in this Litigation that the Producing Party has a good faith basis to believe is privileged under the attorney-client or other privilege, or protected from discovery as work product (the "Privileged Material"), regardless of whether the information was designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL–OUTSIDE ATTORNEYS ONLY or neither of these at the time of disclosure:

i.    The parties acknowledge and stipulate that the disclosure does not waive, in whole or part, the party's claim of privilege either as to the specific documents or information disclosed therein or as to any other documents or information relating thereto or on the same or related subject matter, in this or any other federal or state proceeding.

ii.    The Producing Party may, upon discovery of the inadvertent production, request the return of the Privileged Material that was inadvertently disclosed. Upon receipt of such a request, the Receiving Party (a) shall promptly return or destroy the original and all copies of the Privileged Material, (b) destroy all summaries, notes, memoranda or other documents (or portions thereof) referring to or reflecting the contents of such Privileged Material, and (c) not use such documents containing Privileged Material for any purpose absent further order of the Court. In the event the Receiving Party objects to the return of the Privileged Material, the Receiving Party may move the Court, within ten (10) days of receiving the notice from the Producing Party, for an order compelling production of the Privileged Material. All materials related to the inadvertently produced Privileged Material and any related motion to compel, shall be treated as Highly Confidential Information pursuant to this Order, unless otherwise ordered by the Court. Whether or not the Receiving Party disputes the Privileged Material's protected status, if the Receiving Party disclosed the Privileged Material prior to a demand for its return, it shall promptly notify any persons with whom the Privileged Material

was shared and use reasonable efforts to collect and return all copies to the Producing Party and/or destroy all such copies, and certify in writing that it has exhausted its reasonable efforts to collect and return all copies.

   c. In the event that a party discovers that Protected Information it has received has been disclosed to someone not authorized under the terms of this Protective Order to receive such information, counsel of record for the party responsible for the unauthorized disclosure shall immediately give notice to counsel of record for the party who designated the information as CONFIDENTIAL or HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS ONLY. If a party fails to treat documents designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS ONLY in the manner provided herein, that party will immediately take such steps as are necessary to have such items placed under seal and/or restored to their confidential status. Depending upon the circumstances, nothing contained herein shall limit the right of the Producing Party or designating party to seek relief against the party responsible for such disclosure.

  16. This Order shall not apply to documents, materials, or information that are publicly available without a breach of the terms of this Order or that are obtained independently by the Receiving Party from a person lawfully in possession of those documents, materials, or information.

  17. A party's compliance with the terms of this Order shall not operate as an admission that any particular document is or is not (a) confidential, (b) privileged, or (c) admissible in evidence at trial.

  18. If any Receiving Party receives a subpoena from a person not a party to this Litigation for documents obtained from a Producing Party subject to this Order, the person subpoenaed must inform the subpoena's issuer of this Order, provide the subpoena's issuer with the copy of the Order, and give the Producing Party and, if different, the designating party, notice of the subpoena within the earlier of three (3) business days after its receipt of the subpoena or before it produces any documents in response to the subpoena, so that the Producing Party and, if different, the designating party, have an opportunity to object and/or file a motion to quash the subpoena or other similar filing prior to the production of any responsive material. In the absence of an objection or motion to quash the subpoena, or other similar filing, by the Producing Party or, if different, the designating party, or further court order, the party receiving the subpoena may produce documents, materials, or other information responsive to the subpoena.

  19. This Order shall apply to non-parties who provide discovery, by deposition, production of documents, or otherwise, in this Litigation, if that non-party requests the protection of this Order as to its Confidential Information or Highly Confidential Information and complies with the provisions of this Order. A non-party who provides discovery in this Litigation, requests the protection of this Order, and complies with its terms will be deemed a Producing Party. A party taking discovery from a non-party must provide the non-party with a copy of this Protective Order when it first serves the non-party with a subpoena or other discovery request.

93207

12

20.     Upon final disposition of this Litigation, the provisions of this Order shall continue to be binding. This Court expressly retains jurisdiction over this Litigation for enforcement of the provisions of this Order following the final disposition of this Litigation.

21.     Until this Order is entered by the Court, any Discovery Material designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS ONLY that is produced in this Litigation shall be protected from disclosure pursuant to the terms of this Order as if entered by the Court. If any actions subject to this Order are transferred to another Court, the terms of this Order shall remain in full force and effect unless modified by written agreement of all parties or order of the Court.

22.     This Order is binding on all parties to this Litigation and on all non-parties who have been served with a copy of this Order, and shall remain in force and effect until modified, superseded, or terminated by consent of the parties or by order of the Court. This Order shall not prevent a party from applying to the Court for relief therefrom, or from applying to the Court for further or additional protective orders, or from agreeing to modifications of this Order, subject to approval of the Court.

23.     Nothing in this Order shall prevent a Producing Party or, if different, designating party from seeking further, greater, or lesser protection with respect to the use of any Confidential Information or Highly Confidential Information, or seeking to prevent Confidential Information or Highly Confidential Information from being provided to the persons described in Paragraphs 9 and 10 of this Order.

24.     The terms of this Order shall be binding upon all current and future parties to this Litigation and their counsel; any party appearing in the case following entry of this Order shall be deemed to have joined the case subject to its provisions. Within ten (10) days of (i) entry of an appearance by a new party to this Litigation, or (ii) notification of the filing in this District of a complaint that arises out of the same facts alleged in the Plaintiffs' Complaints, counsel for the Plaintiffs (in the case of a new party plaintiff) or counsel for the Defendants (in the case of a new party defendant) shall serve a copy of this Order on the new party's counsel who have filed an appearance.

25.     Nothing herein shall be construed as a determination by the Court, or as a consent or waiver by any foreign parent or affiliate of any party, that such a foreign parent or affiliate of any party is subject to personal jurisdiction in this Court or that discovery as to such foreign parent or affiliate of any party shall proceed pursuant to the Federal Rules of Civil Procedure.

26.     All time periods set forth in this Order shall be calculated according to Rule 6 of the Federal Rules of Civil Procedure, as then in effect.


Dated: <u>July 10, 2012</u>

IT IS SO ORDERED:



<u>s/Marianne O. Battani</u>
Hon. Marianne O. Battani
United States District Judge

Case 2:12-md-02311-SFC-RSW ECF No. 1165-4 PageID.18218 Filed 18/23/15 Page 105 of
2:12-md-02311-MOB-MKM Doc # 200 Filed 09/10/12 Pg 15 of 18 Pg ID 2402
106

**EXHIBIT A**

On behalf of _____ [NAME OF ORGANIZATION] I, _____ [NAME OF INDIVIDUAL] hereby certify (i) my understanding that Discovery Material containing Confidential Information or Highly Confidential Information is being provided or otherwise disclosed to me pursuant to the terms and restrictions of the Stipulation and Protective Order Governing the Production and Exchange of Confidential Information ("Order") entered in *In re Automotive Parts Antitrust Litigation*, Master File No. 12-MD-2311, United States District Court, Eastern District of Michigan and (ii) that I have received and read the Order; and (iii) that I will provide a copy of and explain the terms of this Order to any personnel at _____ [NAME OF ORGANIZATION] who receive Discovery Material containing Confidential Information or Highly Confidential Information or who otherwise receive Confidential Information or Highly Confidential Information. I understand the terms of the Order, I agree to be fully bound by the Order, and I hereby submit to the jurisdiction of the Court for purposes of enforcement of the Order. I understand that violation of the Order may be punishable by contempt of Court.

Dated: _____     Signature: _____

                                 Name: _____

                                 Address: _____

93207                              15

## DECLARATION OF CUSTODIAN

### OF RECORDS TO

### ACCOMPANY COPIES OF RECORDS

STATE OF_____)
COUNTY OF ___ _____)

In Re: AUTOMOTIVE PARTS ANTITRUST LITIGATION
Master File No. U.S. D. C. Eastern District of Michigan,
Southern Div.: 12-md-02311 (In Re: Wire Harness Cases)
Honorable Marianne O. Battani
All Dealership Actions 2:12-cv-00102
All End-Payor Actions 2:12-cv-00103

I, _____, depose and say as follows:

Initial: _____ **1.** I am the duly authorized Records Custodian for (_____) and have the authority to certify the records attached hereto, if any, and I certify as follows:

_____ **2.** The copies or originals of the Records attached to this Declaration are true and correct, and include all documents responsive to the Subpoena Duces Tecum, dated (_____); **and**

_____ **3.** That the records were prepared by the personnel of this office, or persons acting under their control, in the ordinary course of business at or near the time of the act, condition or event.

## OR

_____ **4.** (_____) has none of the records described in paragraph **2** above.

_____ A. Responsive records were destroyed _____(date) in accord with our document retention policy. Records are discarded after _____ years.

_____ B. No responsive documents exist.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: _____, 2014.

_____
Signature

_____
Print Name

Declaration of Records Custodian
709315.0013/6186850.1