# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

|  |  |
|---|---|
| In Re: AUTOMOTIVE PARTS ANTITRUST LITIGATION | : Master File No. 12-md-02311<br>: Honorable Marianne O. Battani |
| In Re:  ALL AUTO PARTS CASES | : |
| THIS RELATES TO:<br><br>All Dealership Actions<br>All End Payor Actions | : |

## SPECIAL MASTER'S ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION FOR PROTECTIVE ORDER
### [DKT. # 1143 dated 11/24/2015]

This matter is currently before the undersigned, Special Master in the above-referenced litigation, upon the Motion of Dealership Plaintiffs for a Protective Order (Dkt. # 1143 filed 11/24/2015).  Defendants have filed an Opposition to the Motion for Protective Order and Plaintiffs have filed a Reply in Support of said Motion.

The parties are instructed to review this Order in conjunction with the additional Order of Special Master Denying Defendants' Motion to Compel Auto Dealers to Answer Denso's Interrogatory No. 4 (said Motion being Dkt. # 396)

which is being entered simultaneously with this Order.  The two Motions are, in part, related and need to be read together to obtain a proper understanding of both Orders.

## ANALYSIS

The current Motion filed by Plaintiff Auto Dealers seeks a Protective Order limiting Plaintiffs' 30(b)(6) Deposition Notice ("EXHIBIT A") based upon the allegations that ADPs will be subject to undue burden of preparing a witness for dozens of overly broad, predominantly irrelevant, and substantially cumulative topics and sub-topics, without any measurable benefit.  For their part, Defendants have asserted that because of the restriction they are under of one 30(b)(6) deposition, they are required to have a deponent that is well-versed in the 15 topics set forth in the Addendum to the Notice of Taking Deposition (Dkt. # 1156-5 dated 12/11/2015).

The undersigned has reviewed the arguments for and against the Motion for Protective Order and has given due consideration to the respective positions of the parties.  Having reviewed the Motion, Response, Reply and all supporting Exhibits, the undersigned hereby GRANTS in part and DENIES in part Plaintiffs' Motion for Protective Order as follows:

      A.    With respect to the 15 specific areas of designation and inquiry, the undersigned rules as to each as follows:

1.      AFFIRMED.  This inquiry simply requests the factual basis for the allegations set forth in the Complaint filed in the Litigation, the conduct of Defendants complained of and any injury allegedly sustained.  This is a proper area of examination for a 30(b)(6) witness.

2.      DENIED as withdrawn by Defendants on Stipulation.

3.      DENIED as by Stipulation, Defendants have agreed to accept a properly executed Affidavit that the records produced to Defendants from Plaintiffs and their DMS providers are kept in the normal course of business.

4.      AFFIRMED.  This is an appropriate line of examination for a 30(b)(6) witness.

5.      AFFIRMED.  This is an appropriate line of examination for a 30(b)(6) witness.

6.      AFFIRMED.  This is an appropriate line of examination of a 30(b)(6) witness to the extent that it is limited by language involving "gaining or losing any claims that you purport to assert in this litigation."

7.      DENIED.  This calls for pure speculation of the 30(b)(6) witnesses on the practices and procedures of his competitors.

3

8.      DENIED.  This calls for pure speculation of the 30(b)(6) witness of the overall marketplace for new vehicles including price trends for such products during the relevant time period.  This inquiry is more appropriately addressed to Plaintiffs' experts.

9.      AFFIRMED.  This is an appropriate area of inquiry for a 30(b)(6) witness.

10.      AFFIRMED.  This is an appropriate area of inquiry of a 30(b)(6) witness.

11.      AFFIRMED IN PART AND DENIED IN PART. Subsections 11(c) and (g) are DENIED.  The remaining subsections of Inquiry No. 11 are appropriate areas of inquiry for a 30(b)(6) witness.

12.      AFFIRMED.  This is an appropriate area of inquiry for a 30(b)(6) witness.

13.      AFFIRMED.  This is an appropriate area of inquiry for a 30(b)(6) witness.

14.      DENIED.  This is not an appropriate area of inquiry for a 30(b)(6) witness, is not relevant to the present action, and has no bearing on the existing claims or defenses in this case.

15.      AFFIRMED IN PART.  It would be humanly impossible for a 30(b)(6) witness to become fluent in 25 deal files for purposes of

a 30(b)(6) deposition.  Additionally, even a basic inquiry into 25 deal

files in a 30(b)(6) deposition would take the better part of a day,

leaving Defendants with little or no time for examination on the other

topics requested in their Deposition Notice.  Defendants may examine

the potential 30(b)(6) witness on no more than ten (10) pre-designated

deal files.

Based upon the foregoing, Plaintiffs Motion for Protective Order is

GRANTED IN PART and DENIED IN PART as set forth above.

Pursuant to the Court's Order dated August 29, 2014, the Special Master's

rulings as set forth herein, are appealable to Judge Marianne O. Battani within 21

days of this Order.

**IT IS SO ORDERED.**


Dated:  December 29, 2015              /s/Gene J. Esshaki
                                       Gene J. Esshaki, Special Master


<u>**CERTIFICATE OF SERVICE**</u>

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on December 29, 2015.


                                       s/ Kay Doaks
                                       Case Manager