REDACTED

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| In Re: AUTOMOTIVE PARTS ANTITRUST LITIGATION | Master File No. 12-md-02311 Honorable Marianne O. Battani |
| In Re: ALL AUTO PARTS CASES | |
| THIS RELATES TO: All Dealership Actions All End Payor Actions | |

## DEFENDANTS' OBJECTION TO, AND MOTION TO REVERSE IN PART AND MODIFY, THE SPECIAL MASTER'S ORDER GRANTING IN PART AND DENYING IN PART AUTO DEALER PLAINTIFFS' MOTION FOR PROTECTIVE ORDER <u>CONCERNING RULE 30(B)(6) DEPOSITIONS OF AUTO DEALER PLAINTIFFS</u>

Defendants respectfully object to the Special Master's December 29, 2015 Order concerning the topics for Rule 30(b)(6) depositions of Auto Dealers and request that the Court reverse the Special Master's ruling on Topics 7, 8, 11(c), and 11(g), as set forth in the accompanying Proposed Order (Exhibit A).  Defendants rely on the attached Memorandum of Law in Support of their motion.

As required by Local Rule 7.1(a), counsel for Defendants attempted to meet and confer with counsel for Auto Dealers and were unable to obtain Auto Dealers' concurrence in the relief sought in this motion.

**REDACTED**

Respectfully submitted,

WILMER CUTLER PICKERING
 HALE AND DORR LLP

January 12, 2016          By:     */s/ Steven F. Cherry*
                                  Steven F. Cherry
                                  David P. Donovan
                                  Patrick J. Carome
                                  Brian C. Smith
                                  Dyanne Griffith
                                  WILMER CUTLER PICKERING
                                  HALE AND DORR LLP
                                  1875 Pennsylvania Avenue, NW
                                  Washington, D.C. 20006
                                  Tel.: (202) 663-6000
                                  Fax: (202) 663-6363
                                  steven.cherry@wilmerhale.com
                                  david.donovan@wilmerhale.com
                                  patrick.carome@wilmerhale.com
                                  brian.smith@wilmerhale.com
                                  dyanne.griffith@wilmerhale.com

                                  *Attorneys for Defendants DENSO Corporation
                                  and DENSO International America, Inc.*

                                  Steven M. Zarowny (P33362)
                                  General Counsel
                                  DENSO International America, Inc.
                                  24777 Denso Drive
                                  Southfield, MI 48033
                                  Tel.: (248) 372-8252
                                  Fax: (248) 213-2551
                                  steve_zarowny@denso-diam.com

                                  *Attorney for Defendant DENSO International
                                  America, Inc.*

                                  ALLEN & OVERY LLP

January 12, 2016          By:     */s/ John Roberti* (w/consent)
                                  John Roberti
                                  Matthew R. Boucher
                                  1101 New York Avenue, NW
                                  Washington DC 2005

**REDACTED**

202-683-3800
john.roberti@allenovery.com
matthew.boucher@allenovery.com

Michael S. Feldberg
ALLEN & OVERY LLP
1221 Avenue of the Americas
New York, NY 10020
212-610-6360
michael.feldberg@allenovery.com

William R. Jansen (P36688)
Michael G. Brady (P57331)
WARNER NORCROSS & JUDD LLP
2000 Town Center, Suite 2700
Southfield, MI 48075-1318
248-784-5000
wjansen@wnj.com
mbrady@wnj.com

*Counsel for Robert Bosch LLC and Robert Bosch GmbH*

SQUIRE PATTON BOGGS (US) LLP

January 12, 2016      By:    */s/ Barry A. Pupkin (*w/consent)
Barry A. Pupkin
Iain R. McPhie
Jeremy W. Dutra
SQUIRE PATTON BOGGS (US) LLP
2550 M Street, N.W.
Washington, DC 20037
Tel: (202) 626-6600
Fax: (202) 626-6780
Barry.Pupkin@squirepb.com
Iain.McPhie@squirepb.com
Jeremy.Dutra@squirepb.com

*Counsel for Aisan Industry Co., Ltd., Aisan Corporation of America, Franklin Precision Industry, Inc. and Hyundam Industrial Co., Ltd.*

COVINGTON & BURLING LLP

January 12, 2016      By:    */s/ Anita F. Stork (*w/consent)
Anita F. Stork

**REDACTED**

Gretchen Hoff Varner
Cortlin H. Lannin
COVINGTON & BURLING LLP
One Front Street, 35th Floor
San Francisco, CA 94111
Tel: (415) 591-6000
Fax: (415) 955-6550
astork@cov.com
ghoffvarner@cov.com
clannin@cov.com

Michael J. Fanelli
Ashley E. Bass
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street, NW
Washington, DC 20001-4956
Tel: (202) 662-6000
Fax: (202) 662-5383

*Attorneys for Defendants Alps Electric Co., Ltd.;
Alps Electric (North America), Inc.; and Alps
Automotive, Inc.*

BROOKS WILKINS SHARKEY & TURCO
PLLC

*/s/ Maureen T. Taylor (*w/consent)
Herbert C. Donovan (P51939)
Maureen T. Taylor (P63547)
BROOKS WILKINS SHARKEY & TURCO
PLLC
401 Old South Woodward, Suite 400
Birmingham, MI 48009
Tel: (248) 971-1721
Fax: (248) 971-1801
taylor@bwst-law.com
Donovan@bwst-law.com

*Attorneys for Defendants Alps Electric Co., Ltd.;
Alps Electric (North America), Inc.; and Alps
Automotive, Inc.*

WEIL, GOTSHAL & MANGES LLP

January 12, 2016          By:   */s/ Steven A. Reiss (*w/consent)

4

**REDACTED**

Steven A. Reiss
Adam C. Hemlock
Lara E. Veblen Trager
Kaj Rozga
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY 10153
Tel: (212) 310-8000
Fax: (212) 310-8007
steven.reiss@weil.com
adam.hemlock@weil.com
lara.trager@weil.com
kajetan.rozga@weil.com

Frederick R. Juckniess
SCHIFF HARDIN LLP
350 South Main Street, Suite 210
Ann Arbor, MI 48104
Tel: (734) 222-1504
Fax: (734) 222-1501
fjuckniess@schiffhardin.com

*Counsel for Bridgestone Corporation and*
*Bridgestone APM Company*

WEIL, GOTSHAL & MANGES LLP

January 12, 2016                     By:     */s/ Steven A. Reiss (*w/consent)
Steven A. Reiss
Adam C. Hemlock
Lara E. Veblen Trager
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY 10153-0119
Tel: (212) 310-8000
Fax: (212) 310-8007
steven.reiss@weil.com
adam.hemlock@weil.com
lara.trager@weil.com

*/s/ Fred K. Herrmann (*w/consent)
Fred K. Herrmann
Joanne G. Swanson
Matthew L. Powell
KERR RUSSELL & WEBER LLC
500 Woodward Avenue

5

**REDACTED**

Suite 2500
Detroit, MI 48226
Tel: (313) 961-0200
Fax: (313) 961-0388
fherrmann@kerr-russell.com
jswanson@kerr-russell.com
mpowell@kerr-russell.com

*/s/ Michael A. Cox (*w/consent)
Michael A. Cox
THE MIKE COX LAW FIRM, PLLC
17430 Laurel Park Drive North, Suite 120 E
Livonia, MI 48152
Telephone:  (734) 591-4002
mc@mikecoxlaw.com

*Counsel for Calsonic Kansei Corporation and*
*CalsonicKansei North America, Inc.*

WARNER NORCROSS & JUDD LLP

January 12, 2016          By:   */s/ William R. Jansen (*w/consent)
William R. Jansen (P36688)
Michael G. Brady (P57331)
Amanda M. Fielder (P70180)
WARNER NORCROSS & JUDD LLP
2000 Town Center, Suite 2700
Southfield, MI 48075-1318
Phone: 248-784-5000
wjansen@wnj.com
mbrady@wnj.com
afielder@wnj.com

Michael Martinez
Steven Kowal
Lauren Norris
Lauren Salins
K&L GATES LLP
70 W. Madison St., Suite 3100
Chicago, IL 60602
Phone: 312-807-4404
Fax: 312-827-8116
michael.martinez@klgates.com
steven.kowal@klgates.com
lauren.norris@klgates.com
lauren.salins@klgates.com

REDACTED

*Counsel for Chiyoda Manufacturing*
*Corporation and Chiyoda USA Corporation*

CALFEE, HALTER & GRISWOLD LLP

January 12, 2016          By:      */s/ Ronald M. McMillan* (w/consent)
                                  John J. Eklund (OH 0010895)
                                  Maura L. Hughes (OH 0061929)
                                  Ronald M. McMillan (OH 0072437)
                                  Alexander B. Reich (OH 0084869)
                                  Lindsey E. Sacher (OH 0087883)
                                  CALFEE, HALTER & GRISWOLD LLP
                                  The Calfee Building
                                  1405 East Sixth Street
                                  Cleveland, OH 44114-1607
                                  Tel.: (216) 622-8200
                                  Fax: (216) 241-0816
                                  jeklund@calfee.com
                                  mhughes@calfee.com
                                  rmcmillan@calfee.com
                                  areich@calfee.com
                                  lsacher@calfee.com

                                  Maureen T. Taylor
                                  Herbert C. Donovan
                                  BROOKS, WILKINS, SHARKEY, TURCO
                                  PLLC
                                  401 South Old Woodward, Suite 400
                                  Birmingham, MI 48009
                                  Tel.: (248) 971-1800
                                  Fax: (248) 971-1801
                                  taylor@bwst-law.com
                                  donovan@bwst-law.com

                                  *Attorneys for Defendants Continental*
                                  *Automotive Systems, Inc., Continental*
                                  *Automotive Electronics, LLC and Continental*
                                  *Automotive Korea Ltd.*

                                  LANE POWELL PC

January 12, 2016          By:      */s/ Larry S. Gangnes* (w/consent)
                                  Larry S. Gangnes
                                  LANE POWELL PC
                                  U.S. Bank Centre

7

**REDACTED**

1420 Fifth Ave., Suite 4200
P.O. Box 91302
Seattle, WA 98111-9402
Tel.: (206) 223-7000
Fax: (206) 223-7107
gangnesl@lanepowell.com

Craig D. Bachman
Kenneth R. Davis II
Darin M. Sands
Masayuki Yamaguchi
Peter D. Hawkes
LANE POWELL PC
MODA Tower
601 SW Second Ave., Suite 2100
Portland, OR 97204-3158
Tel.: (503) 778-2100
Fax: (503) 778-2200
bachmanc@lanepowell.com
davisk@lanepowell.com
sandsd@lanepowell.com
yamaguchim@lanepowell.com
hawkesp@lanepowell.com

Richard D. Visio (P30246)
Ronald S. Nixon (P57117)
KEMP KLEIN LAW FIRM
201 W. Big Beaver, Suite 600
Troy, MI 48084
Tel.: (248) 528-1111
Fax: (248) 528-5129
richard.bisio@kkue.com
ron.nixon@kkue.com

*Attorneys for Defendants Furukawa Electric
Co., Ltd. and American Furukawa, Inc.*

PORTER WRIGHT MORRIS & ARTHUR LLP

January 12, 2016              By:    /s/ Donald M. Barnes (w/consent)
                                     Donald M. Barnes
                                     Molly S. Crabtree
                                     Jay L. Levine
                                     Christopher C. Yook
                                     PORTER WRIGHT MORRIS & ARTHUR LLP
                                     1900 K Street, NW, Ste. 1110

8

**REDACTED**

Washington, DC 20006
Tel.: (202) 778-3054
Fax: (202) 778-3063
dbarnes@porterwright.com
mcrabtree@porterwright.com
jlevine@porterwright.com
cyook@porterwright.com

*Attorneys for Defendants G.S. Electech, Inc.,
G.S.W. Manufacturing, Inc., and G.S. Wiring
Systems, Inc.*

ARNOLD & PORTER LLP

January 12, 2016          By:    */s/ Franklin R. Liss* (w/consent)
                                 Franklin R. Liss
                                 Barbara H. Wootton
                                 Danielle M. Garten
                                 Matthew Tabas
                                 ARNOLD & PORTER LLP
                                 555 Twelfth Street, NW
                                 Washington, DC 20004
                                 Tel.: (202) 942-5969
                                 Fax: (202) 942-5999
                                 frank.liss@aporter.com
                                 barbara.wootton@aporter.com
                                 danielle.garten@aporter.com
                                 matthew.tabas@aporter.com

                                 */s/ Howard B. Iwrey* (w/consent)
                                 Howard B. Iwrey (P39635)
                                 Brian M. Moore (P58584)
                                 DYKEMA GOSSETT PLLC
                                 39577 Woodward Avenue
                                 Bloomfield Hills, Michigan 48304
                                 Tel.: (248) 203-0526
                                 Fax: (248) 203-0763
                                 hiwrey@dykema.com
                                 bmoore@dykema.com

                                 *Counsel for Defendants Koito Manufacturing
                                 Co., Ltd. And North American Lighting, Inc.*

**REDACTED**

SHEARMAN & STERLING LLP

January 12, 2016                    By:   */s/ Heather L. Kafele* (w/consent)
                                          Heather L. Kafele
                                          SHEARMAN & STERLING LLP
                                          801 Pennsylvania Avenue, Ste. 900
                                          Washington, DC 20004
                                          Phone:  (202) 508-8000
                                          Fax:  (202) 508-8100
                                          hkafele@shearman.com

                                          Elan DiMaio
                                          Hugh C. Martin
                                          SHEARMAN & STERLING LLP
                                          599 Lexington Avenue
                                          New York, NY 10022
                                          Phone:  (212) 848-4000
                                          Fax:  (212) 848-7179
                                          elan.dimaio@shearman.com
                                          hugh.martin@shearman.com

                                          Brian M. Akkashian
                                          PAESANO AKKASHIAN & APKARIAN P.C.
                                          7457 Franklin Road, Suite 200
                                          Bloomfield Hills, MI 48301
                                          Phone: (248) 792-6886
                                          Fax: (248) 792-6885
                                          bakkashian@paalawfirm.com

                                          *Attorney for Defendants JTEKT Corporation
                                          and JTEKT North America Corporation,
                                          formerly d/b/a Koyo Corporation of U.S.A.*

                                          JENNER & BLOCK LLP

January 12, 2016                    By:   */s/ Terrence J. Truax* (w/consent)
                                          Terrence J. Truax
                                          Charles B. Sklarsky
                                          Michael T. Brody
                                          Gabriel A. Fuentes
                                          Daniel T. Fenske
                                          JENNER & BLOCK LLP
                                          353 N. Clark Street
                                          Chicago, IL 60654-3456
                                          ttruax@jenner.com
                                          csklarsky@jenner.com

**REDACTED**

mbrody@jenner.com
gfuentes@jenner.com
dfenske@jenner.com

Gary K. August
Jamie J. Janisch
ZAUSMER, AUGUST & CALDWELL, P.C.
31700 Middlebelt Road, Suite 150
Farmington Hills, MI 48334-2374
gaugust@zacfirm.com
jjanisch@zacfirm.com

*Counsel for Defendants Mitsubishi Electric
Corporation, Mitsubishi Electric US Holdings,
Inc., and Mitsubishi Electric Automotive
America, Inc.*

HOGAN LOVELLS US LLP

January 12, 2016                    By:     /s/ William L. Monts, III (w/consent)
                                            William L. Monts, III
                                            HOGAN LOVELLS US LLP
                                            555 13th Street, NW
                                            Washington, DC 20004
                                            Tel.: (202) 637-5731
                                            Fax: (202) 637-5910
                                            william.monts@hoganlovells.com

                                            /s/ Scott T. Seabolt (w/consent)
                                            Scott T. Seabolt
                                            FOLEY & LARDNER LLP
                                            500 Woodward Avenue,
                                            Suite 2700
                                            Detroit, MI 48226
                                            Tel.: (313) 234-7115
                                            Fax: (313) 234-2800
                                            sseabolt@foley.com

                                            *Counsel for Defendants Mitsubishi Heavy
                                            Industries America, Inc. and Mitsubishi Heavy
                                            Industries Climate Control*

**REDACTED**

LANE POWELL PC

January 12, 2016                    By:     */s/ Kenneth R. Davis II* (w/consent)
                                            Craig D. Bachman
                                            Kenneth R. Davis II
                                            Darin M. Sands
                                            Masayuki Yamaguchi
                                            MODA Tower
                                            601 SW Second Avenue, Suite 2100
                                            Portland, OR  97204-3158
                                            Telephone:  503.778.2100
                                            bachmanc@lanepowell.com
                                            davisk@lanepowell.com
                                            sandsd@lanepowell.com
                                            yamaguchim@lanepowell.com

                                            Larry S. Gangnes
                                            LANE POWELL PC
                                            U.S. Bank Centre
                                            1420 Fifth Avenue, Suite 4200
                                            PO Box 91302
                                            Seattle, WA  98111-9402
                                            Telephone:  206.223.7000
                                            gangnesl@lanepowell.com

                                            Richard D. Bisio (P30246)
                                            Ronald S. Nixon (P57117)
                                            KEMP KLEIN LAW FIRM
                                            201 W. Big Beaver, Suite 600
                                            Troy, MI 48084
                                            Telephone:  248.528.1111
                                            richard.bisio@kkue.com
                                            ron.nixon@kkue.com

                                            *Attorneys for Defendants Nachi-Fujikoshi Corp.
                                            and Nachi America Inc.*

                                            WINSTON & STRAWN LLP

January 12, 2016                    By:     */s/ Jeffrey L. Kessler* (w/consent)
                                            A. Paul Victor
                                            Jeffrey L. Kesslet
                                            Jeffrey J. Amato
                                            Molly M. Donovan
                                            Elizabeth A. Cate
                                            WINSTON & STRAWN LLP

**REDACTED**

200 Park Avenue
New York, NY 10166
Tel.: (212) 294-6700
Fax: (212) 294-4700
pvictor@winston.com
jkessler@winston.com
mmdonovan@winston.com
jamato@winston.com
ecate@winston.com

*Counsel for Defendants NTN Corporation and
NTN USA Corporation*

REED SMITH LLP

January 12, 2016          By:    */s/ Debra H. Dermody* (w/consent)
                                 Debra H. Dermody
                                 Michelle A. Mantine
                                 REED SMITH LLP
                                 225 Fifth Avenue,
                                 Pittsburgh, PA 15222
                                 Tel.: (412) 288-3302/4268
                                 Fax: (412) 288-3063
                                 ddermody@reedsmith.com
                                 mmantine@reedsmith.com

                                 */s/ Howard B. Iwrey* (w/consent)
                                 Howard B. Iwrey (P39635)
                                 Brian M. Moore (P58584)
                                 DYKEMA GOSSETT PLLC
                                 39577 Woodward Avenue
                                 Bloomfield Hills, Michigan 48304
                                 Tel.: (248) 203-0700
                                 Fax: (248) 203-0763
                                 hiwrey@dykema.com
                                 bmoore@dykema.com

                                 *Counsel for Defendant SKF USA Inc.*

                                 WILMER CUTLER PICKERING HALE AND
                                 DORR LLP
January 12, 2016          By:
                                 */s/ Mark Ford* (w/consent)
                                 Mark Ford
                                 WILMER CUTLER PICKERING

13

**REDACTED**

HALE AND DORR LLP
60 State Street
Boston, MA 02109
Tel.: (617) 526-6423
Fax: (617) 526-5000
mark.ford@wilmerhale.com

*Counsel for Defendant Schaeffler Group USA Inc.*

MORGAN, LEWIS & BOCKIUS LLP

January 12, 2016          By:    */s/ J. Clayton Everett, Jr.* (w/consent)
                                 J. Clayton Everrett, Jr.
                                 Zarema A. Jaramillo
                                 MORGAN, LEWIS & BOCKIUS LLP
                                 1111 Pennsylvania Avenue, NW
                                 Washington, DC 20004
                                 Tel.: (202) 739-3000
                                 Fax: (202) 739-3001
                                 jeverett@morganlewis.com
                                 zarema.jaramillo@morganlewis.com

                                 Larry J. Saylor
                                 MILLER, CANFIELD, PADDOCK & STONE
                                 P.L.C.
                                 150 W. Jefferson Avenue, Suite 2500
                                 Detroit, MI 48226
                                 Tel.: (313) 496-7986
                                 Fax: (313) 496-8454
                                 Saylor@MillerCanfield.com

                                 *Counsel for Sumitomo Riko Company Limited and DTR Industries, Inc.*

                                 BAKER BOTTS L.L.P.

January 12, 2016          By:    */s/ Randall J. Turk* (w/consent)
                                 Randall J. Turk
                                 John Talady
                                 Mark Miller
                                 Heather Souder Choi
                                 Sterling A. Marchand
                                 BAKER BOTTS L.L.P.
                                 1299 Pennsylvania Avenue, NW
                                 Washington, D.C. 20004-2400

14

**REDACTED**

Tel.: (202) 639-7700
Fax: (202) 639-7890

*Counsel for Defendants Toyoda Gosei Co., Ltd.,
Toyoda Gosei North America Corp., and TG
Missouri Corp.*

BUTZEL LONG

January 12, 2016         By:    */s/ Sheldon H. Klein* (w/consent)
Sheldon H. Klein (P41062)
David F. DuMouchel (P25658)
BUTZEL LONG
150 West Jefferson, Suite 100
Detroit, MI 48226
Tel.: (313) 225-7000
Fax: (313) 225-7080
sklein@butzel.com
dumouchd@butzel.com

W. Todd Miller
BAKER & MILLER PLLC
2401 Pennsylvania Ave., NW, Suite 300
Washington, DC 20037
Tel.: (202) 663-7820
Fax: (202) 663-7849
TMiller@bakerandmiller.com

*Attorneys for Defendants TRAM, Inc. and
Tokai Rika Co., Ltd.*

CLEARY GOTTLIEB STEEN & HAMILTON
LLP

January 12, 2016         By:    */s/ Brian Byrne* (w/consent)
Brian Byrne
Ryan M. Davis
CLEARY GOTTLIEB STEEN & HAMILTON
LLP
2000 Pennsylvania Avenue, NW
Washington, DC 20006
Tel.: (202) 974-1850
Fax: (202) 974-1999
bbyrne@cgsh.com
rmdavis@cgsh.com

15

**REDACTED**

/s/ *Howard B. Iwrey* (w/consent)
Howard B. Iwrey (P39635)
Brian M. Moore (P58584)
DYKEMA GOSSETT PLLC
39577 Woodward Ave., Suite 300
Bloomfield Hills, Michigan 48304
Tel.: (248) 203-0700
Fax: (248) 203-0763
hiwrey@dykema.com
bmoore@dykema.com

*Counsel for Defendants Valeo Japan Co., Ltd.,*
*Valeo Inc., Valeo Electrical Systems, Inc., and*
*Valeo Climate Control Corp.*

ARNOLD & PORTER LLP

January 12, 2016          By:     /s/ *James L. Cooper* (w/consent)
James L. Cooper
Adam Pergament
Danielle Garten
ARNOLD & PORTER
601 Massachusetts Avenue, NW
Washington, DC 20001
Tel.: (202) 942-5000
Fax: (202) 942-5999
James.Cooper@aporter.com
Adam.Pergament@aporter.com
Danielle.Garten@aporter.com

*Attorneys for Defendants Yamashita Rubber Co.,*
*Ltd. And YUSA Corporation*

**REDACTED**

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| In Re: AUTOMOTIVE PARTS ANTITRUST LITIGATION | Master File No. 12-md-02311 <br> Honorable Marianne O. Battani |
| In Re: ALL AUTO PARTS CASES | |
| THIS RELATES TO: <br><br> All Dealership Actions <br> All End Payor Actions | |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS'
## OBJECTION TO, AND MOTION TO REVERSE IN PART AND MODIFY,
## THE SPECIAL MASTER'S ORDER GRANTING IN PART AND DENYING
## IN PART AUTO DEALER PLAINTIFFS' MOTION FOR PROTECTIVE ORDER
## <u>CONCERNING RULE 30(B)(6) DEPOSITIONS OF AUTO DEALER PLAINTIFFS</u>

**REDACTED**

### CONCISE STATEMENT OF THE ISSUES PRESENTED

Whether certain portions of the Special Master's December 29, 2015 Order on Auto Dealers' challenge to Defendants' notice for Rule 30(b)(6) depositions of Auto Dealers—namely the portions striking from the notice Topics 7, 8, 11(c), and 11(g), which seek testimony about (1) the revenue and profit each Auto Dealer earned on its purchases and sales or leases of new vehicles during the class period and (2) the markets in which each Auto Dealer purchased and sold or leased new vehicles and its competitors in those markets—constituted legal error and an abuse of discretion.

**Answer: Yes.**

**REDACTED**

**STATEMENT OF CONTROLLING OR MOST APPROPRIATE AUTHORITIES**

Fed. R. Civ. P. 30(b)(6)

*In re Class 8 Transmission Indirect Purchaser Antitrust Litig.*, 2015 WL 6181748 (D. Del. 2015)

*In re New Motor Vehicles Canadian Export Antitrust Litig.*, 522 F.3d 6 (1st Cir. 2010)

*Robinson v. Tex. Auto. Dealers Ass'n*, 387 F.3d 416 (5th Cir. 2004)

*In re Methionine Antitrust Litig.,* 204 F.R.D. 161 (N.D. Cal. 2001)

*In re Processed Egg Products Antitrust Litig.*, 2015 WL 6964281 (E.D. Penn. Nov. 10, 2015)

**REDACTED**

# <u>TABLE OF CONTENTS</u>

CONCISE STATEMENT OF THE ISSUES PRESENTED............................................................ i

STATEMENT OF CONTROLLING OR MOST APPROPRIATE AUTHORITIES .................. ii

INTRODUCTION ...................................................................................................................... 1

BACKGROUND ........................................................................................................................ 2

LEGAL STANDARD ................................................................................................................. 4

ARGUMENT .............................................................................................................................. 4

      A.    Auto Dealers' Profit Margins and the Markets in Which They Compete
          Are Clearly Relevant to Pass-On, Damages, and Class Certification............................ 5

      B.    Auto Dealers' Knowledge of Their Profit Margins (Topic 11(c)) Is a
          Relevant and Appropriate Line of Inquiry .................................................................... 9

      C.    Each Auto Dealer's Knowledge of the Markets in Which It Operates and
          Its Competitors in Those Markets (Topics 7, 8, and 11(g)) Is Relevant to
          the Critical Issue of Pass-On ........................................................................................ 11

CONCLUSION……………………………………………………………………………..14

**REDACTED**

## **TABLE OF AUTHORITIES**

Page(s)

### **CASES**

*Carrera v. Bayer Corp.*,
727 F.3d 300 (3d Cir. 2013) ................................................................................8

*Conti v. Am. Axle & Mfg., Inc.*,
326 F. App'x 900 (6th Cir. 2009) .........................................................................4

*Credit Lyonnaise SA v. SGC Int'l, Inc.*,
160 F.3d 428 (8th Cir. 1998) ................................................................................8

*Deitchman v. E.R. Squibb & Sons, Inc.*,
740 F.2d 556 (7th Cir. 1984) ................................................................................8

*W. Elec. Co., Inc. v. Stern*,
544 F.2d 1196 (3d Cir. 1976) ...............................................................................8

*Illinois Brick Co. v. Illinois*,
431 U.S. 720 (1977) ..............................................................................................7

*In re Auto. Parts Antitrust Litig.*,
No. 12-cv-00102, 2013 WL 2456612 (E.D. Mich. June 6, 2013) .................6, 10

*In re Brand Name Prescription Drugs Antitrust Litig.*,
123 F. 3d 599 (7th Cir. 1997) ...............................................................................6

*In re Class 8 Transmission Indirect Purchaser Antitrust Litig.*,
Civ. No. 11-00009-SLR, 2015 WL 6181748 (D. Del. 2015) ...............................6

*In re Methionine Antitrust Litig.*,
204 F.R.D. 161 (N.D. Cal. 2001) .......................................................................14

*In re New Motor Vehicles Canadian Export Antitrust Litig.*,
522 F.3d 6 (1st Cir. 2010) .....................................................................................6

*In re Processed Egg Products Antitrust Litig.*,
No. 08-md-2002, 2015 WL 6964281 (E.D. Penn. Nov. 10, 2015)..................6, 13

*In re Vitamins Antitrust Litig.*,
216 F.R.D. 168 (D.D.C. 2003) ..............................................................................9

*In re Wholesale Grocery Prods. Antitrust Litig.*,
No. 09-MD-2090 ADM/AJB, 2012 WL 3031085 (July 25, 2012) ....................13

*Karofsky v. Abbott Labs.*,
No. CV-95-1009, 1997 WL 34504652 (Me. Super. Oct. 16, 1997) ..................10

**REDACTED**

*Lewis v. ACB Bus. Servs, Inc.*,
 135 F.3d 389 (6th Cir. 1998) ...........................................................................4

*Nippon Steel & Sumitomo Metal Corp. v. Posco*,
 No. Civ.A. 12-2429 DRC, 2014 WL 1266219 (D.N.J. Mar. 26, 2014)..............................4

*Prokosch v. Catalina Lighting, Inc.*,
 193 F.R.D. 633 (D. Minn. 2000).........................................................................9

*QBE Ins. Corp. v. Jorda Enters., Inc.*,
 277 F.R.D. 676 (S.D. Fla. 2012) .......................................................................12

*Robinson v. Texas Auto. Dealers Ass'n*,
 387 F.3d 416 (5th Cir. 2004) ............................................................................6

*Shaklee Corp. v. Gunnell*,
 748 F.2d 548 (10th Cir. 1984) ...........................................................................8

*Sprint Commc'ns Co., L.P. v. Theglobe.com, Inc.*,
 236 F.R.D. 524 (D. Kan. 2006)..........................................................................9

## STATUTES, RULES, AND REGULATIONS

Fed. R. Civ. P. 53(f) .......................................................................................4

Fed. R. Civ. P. 30(b)(6)................................................................................ *passim*

## OTHER AUTHORITIES

Charles Murry and Henry S. Schneider, *The Economics of Retail Markets for New
 and Used Cars*, in Handbook on the Economics of Retail and Distribution
 (forthcoming) ..............................................................................................7

Samid Hussain, et al., *Economics of Class Certification in Indirect Purchaser
 Cases*, 10 Competition 18, 21–23 (2001) ..................................................................6–7

**REDACTED**

## INTRODUCTION

Defendants respectfully object to the portions of the Special Master's December 29, 2015 Order ruling that Defendants are not entitled to Rule 30(b)(6) deposition testimony with respect to four topics in the notice served on Auto Dealers. These topics seek testimony on facts critical to both the merits of Auto Dealers' claims as well as class certification: whether and to what extent any alleged overcharges that were passed on to Auto Dealers by OEMs or other upstream intermediaries were absorbed by Auto Dealers, rather than being passed on in turn by Auto Dealers to their customers.

*First*, the Order erroneously strikes Topic 11(c) from Defendants' 30(b)(6) deposition notice, which seeks testimony about each Auto Dealer's revenue and profit margins on its sales and leases of new vehicles. The amounts and variations over time of each respective Auto Dealer's profit margins are important factors for assessing the existence and extent of pass-on of any alleged overcharge from dealer to consumer. Among other things, Defendants need to be able to probe whether and to what extent each Auto Dealer's profit margins changed from sale to sale and over time and to explore whether such changes can be attributed to factors other than the alleged overcharge.

*Second*, the Order also erroneously strikes Topics 7, 8, and 11(g), which call for testimony concerning each Auto Dealer's knowledge about the identities and locations of its competitors and the markets in which it operated during the class period. The degree and nature of competition that each Auto Dealer faced in its respective markets over time is, like profit margin, an important component of any determination of whether and to what extent the Auto Dealer was able to pass on, rather than absorb, any alleged overcharge and therefore are highly relevant both to the merits of Auto Dealers' claims and whether they may represent a class.

**REDACTED**

Not only were the Special Master's decisions granting Auto Dealers' motion for a protective order with respect to providing witnesses to testify under Rule 30(b)(6) on these topics wrong, but he either offered no rationale at all for his decisions, or offered reasoning that, on its face, is unsupportable and clearly incorrect.  His decisions therefore should be reversed.

The importance of correcting these erroneous decisions cannot be overstated.  In these cases, each named Auto Dealer bears the burden of demonstrating that it suffered an injury under the antitrust laws as a result of the alleged conspiratorial conduct and, if so, the further burden of quantifying that injury for purposes of assessing any damages.  Critical to these inquiries are whether any alleged overcharge was passed on to each named Auto Dealer and whether (and to what extent) each named Auto Dealer then absorbed that overcharge rather than passing it on to others down the line, such as consumers who purchased cars.  Further, given that the named Auto Dealers are seeking to represent classes of other auto dealers, the named Auto Dealers also bear the burden of demonstrating that any alleged injury to each putative class member can be demonstrated through evidence common to the class.  The discovery that defendants seek on the four topics that the Special Master erroneously struck from the Rule 30(b)(6) deposition notice to Auto Dealers is at the core of these inquiries.

## BACKGROUND

On December 29, 2015, the Special Master entered an order (12-md-02311, ECF No. 1169) granting in part and denying in part Auto Dealers' Motion for Protective Order regarding the topics that Defendants had designated for Rule 30(b)(6) depositions of eleven of the named Auto Dealer Plaintiffs.  *See* Ex. B, Defendants' 30(b)(6) Notice.  The Special Master correctly ruled that the majority of the topics listed in the deposition notice are relevant and appropriate.  But the December 29 Order erroneously ruled that certain topics, described more

**REDACTED**

fully below, were not appropriate in a 30(b)(6) notice and granted Auto Dealers' motion for

protective order with respect to those topics.

As previously ordered by the Special Master and affirmed by the Court, Defendants across

all of the cases in the MDL have been limited (absent good cause) to only a single Rule 30(b)(6)

deposition of each Auto Dealer Plaintiff, each lasting no more than seven hours.  Auto Dealers,

however, made clear from the moment that Defendants served the deposition notice that they

would try to avoid providing any Rule 30(b)(6) testimony at all, and within three weeks of

receiving that notice Auto Dealers objected to each and every topic listed in the notice.

Between November 11 and 18, 2015, Defendants conducted three lengthy meet-and-confer

sessions with Auto Dealers in an effort to negotiate a narrowed list of topics, and, in that context,

Defendants repeatedly agreed to pare back or drop altogether a number of the initially noticed

topics.  Despite Defendants' efforts to reach a compromise on the Rule 30(b)(6) notice, on

November 25, 2015, Auto Dealers filed a forty-nine page Motion For Protective Order seeking to

block or limit every topic that remained in Defendants' greatly narrowed notice.  *See* Dealership

Pls.' Mot. For Protective Order (12-md-2311, ECF No. 1144).  In his decision, the Special Master

ruled, with almost no explanation, that Defendants are not entitled to Rule 30(b)(6) testimony from

Auto Dealers with respect to the following four topics:

- **Topic 7:**  Each Auto Dealer's knowledge of its "competitors, including but not limited to their locations, businesses, pricing of new vehicles, and market share," which the Special Master struck on the ground that it "calls for pure speculation";

- **Topic 8:**  Each Auto Dealer's "knowledge of the marketplace for new vehicles, including price trends for such products during the relevant timer period," which the Special Master also struck on the grounds that it "calls for pure speculation" and is an "inquiry . . . more appropriately addressed to Plaintiffs' experts";

**REDACTED**

- **Topic 11(c):** Each Auto Dealer's "sales and leases of new vehicles, including . . . [its] revenue, profit margins and profit on new vehicles sold or leased (*i.e.,* front end)," which the Special Master struck without any explanation at all; and

- **Topic 11(g):** Each Auto Dealer's "knowledge of similarities or differences between Your sales and leases and the sales and leasing behaviors of other automotive dealerships," which the Special Master struck without any explanation at all.

## LEGAL STANDARD

The Special Master's Order on the scope of Defendants' Rule 30(b)(6) notice served on Auto Dealers is a procedural matter and reviewed by the Court under the abuse of discretion standard. *See* Fed. R. Civ. P. 53(f)(5); *Nippon Steel & Sumitomo Metal Corp. v. Posco*, No. Civ. A. 12-2429 DRC, 2014 WL 1266219, at *1 (D.N.J. Mar. 26, 2014) (holding Special Masters' denial of discovery was procedural matter subject to review for abuse of discretion); *see also* Order Appointing a Master (12-md-02311, ECF No. 792) (stating the Court reviews objections to the Special Master's Orders pursuant to Fed. R. Civ. P. 53(f)).  An erroneous decision denying discovery that results in substantial prejudice to the party seeking discovery constitutes an abuse of discretion. *See, e.g.*, *Lewis v. ACB Bus. Servs., Inc.*, 135 F.3d 389, 402 (6th Cir. 1998); *Conti v. Am. Axle & Mfg., Inc.*, 326 F. App'x 900, 903 (6th Cir. 2009); *see also* Fed. R. Civ. P. 53(f) advisory committee's note (2003) ("The subordinate role of the master means that the trial court's review for abuse of discretion may be more searching than the review that an appellate court makes of a trial court.").

## ARGUMENT

The Special Master erred by ruling that Auto Dealers are not obligated to provide witnesses under Rule 30(b)(6) to testify about their revenue and profits from purchasing and selling the vehicles that are the subject their claims, and their knowledge of their competitors and the markets in which they sold and leased new vehicles.  The Special Master's December 29, 2015 Order fails

REDACTED

to set forth any reasoning at all for his decision to strike Topics 11(c) and 11(g) from Defendants'

30(b)(6) notice.  With respect to Topics 7 and 8, his conclusions that testimony about each Auto

Dealer's "knowledge" of its competitors and the marketplace in which each of them compete

"calls for pure speculation" and/or "is more appropriately addressed to Plaintiffs' experts" are, on

their face, both illogical and arbitrary.  The Special Master's denial of Defendants' ability to take

Rule 30(b)(6) testimony of Auto Dealers on topics that are relevant, indeed critical, to this case

constituted legal error and a clear abuse of discretion.

### A. Auto Dealers' Profit Margins and the Markets in Which They Compete Are Clearly Relevant to Pass-On, Damages, and Class Certification

The areas of inquiry that are the subject of this objection are not simply relevant to this

case, but essential to analyzing whether an Auto Dealer absorbed or passed on any alleged

overcharge.  Auto Dealers are in the middle of the distribution chain; they are neither direct

purchasers of the auto parts nor the ultimate consumers of the vehicles in which those parts were

incorporated.  As Auto Dealers allege in their own Complaints, their claims are premised on the

allegation that OEMs passed on some portion of the alleged overcharge to Auto Dealers and that

"automobile dealers did not 'pass on' all of the overcharge[]" to their customers.  *See, e.g.*,

Dealership Third Consol. Class Action Compl. ¶¶ 233–234 (12-cv-00102, ECF No. 218).  In at

least one iteration of their complaint, Auto Dealers further alleged that their claimed injuries are

evidenced by a "sharp[] decline" in their "gross profits on new car sales" during the alleged

conspiracy.  *See, e.g.*, Dealership Consol. Class Action Compl. ¶ 232 (12-md-2311, ECF No. 085).

As a matter of basic due process, Defendants are entitled to depose these Auto Dealers to test these

core allegations.

The topics struck by the Special Master are specifically designed to obtain discovery of the

"real-world facts surrounding [the] market" in which each of these Auto Dealers operate, which

REDACTED

courts assessing the fact and extent of pass-on of alleged overcharges in automotive markets have found essential to any evaluation of those issues. *See In re Class 8 Transmission Indirect Purchaser Antitrust Litig.*, Civ. No. 11-00009-SLR, 2015 WL 6181748, at *10 & n.14 (D. Del. Oct. 21, 2015); *see also In re New Motor Vehicles Canadian Export Antitrust Litig.*, 522 F.3d 6, 29 (1st Cir. 2010) (vacating class certification of a class of end payor vehicle purchasers because plaintiffs could not rely on market assumption "that any price increase or decrease will always have the same magnitude of effect on the final price paid"); *Robinson v. Texas Auto. Dealers Ass'n*, 387 F.3d 416, 423 (5th Cir. 2004) (denying class certification of a class of vehicle purchasers because plaintiffs' assumption that an overcharge would be passed on to every customer "defies the realities of the haggling that ensues in the American market when one buys a vehicle").

Tracing an overcharge "through successive resales is . . . famously difficult," *In re Brand Name Prescription Drugs Antitrust Litig.*, 123 F.3d 599, 605 (7th Cir. 1997), and, as this Court has recognized, "may prove to be impossible to calculate," *In re Auto. Parts Antitrust Litig.*, No. 12-cv-00102, 2013 WL 2456612, at *18 (E.D. Mich. June 6, 2013).  It requires consideration of the many factors that influence prices and costs at each level of the distribution chain, including the circumstances of each successive sellers' market. *See In re Processed Egg Prods. Antitrust Litig.*, No. 08-md-2002, 2015 WL 6964281, at *27–29 (E.D. Penn. Nov. 10, 2015) (refusing to certify a class of indirect purchasers because plaintiffs' expert failed to account for important market factors, including "the effects of geography, competition, pricing strategy, and contract type").  If the market in which Auto Dealers sold and leased vehicles had been perfectly competitive, an economist might be able to quantify the extent to which any overcharge was passed on simply as a function of elasticities in supply and demand. *See* Samid Hussain, et al., *Economics of Class*

6

REDACTED

*Certification in Indirect Purchaser Cases*, 10 Competition 18, 21–23 (2001).  Almost all research shows, however, that perfect competition rarely exists in retail markets, and courts and experts have routinely rejected the notion that pass-on can be demonstrated by simple economic theories without real-world facts about the market.  *See id*. at 23.  For instance, in *Illinois Brick Co. v. Illinois*, the Supreme Court explained that it might be easy to calculate whether an overcharge was passed on to an indirect purchaser if it is assumed that "the market for the passer's product is perfectly competitive; if the overcharge is imposed equally on all of the passer's competitors; and if the passer maximizes its profits."  431 U.S. 720, 741 (1977).  The Court noted, however, that:

> [I]n the real economic world rather than an economist's hypothetical model . . . drastic simplifications generally must be abandoned.  Overcharged direct purchasers often sell in imperfectly competitive markets.  They often compete with other sellers that have not been subject to the overcharge; and their pricing policies often cannot be explained solely by the convenient assumption of profit maximization.

*Id*. at 742 (internal quotation omitted).

The underlying factual circumstances of the markets in which each of these Auto Dealers sold and leased the vehicles at issue here, and the level and variation of the profit margins Auto Dealers managed to attain in those markets during the alleged class periods, will be particularly crucial to an empirical analysis in these cases.  The market in which consumers purchase and lease new vehicles is one of the most complicated retail markets.  The retail car market is "unusual for being a large retail market where consumers pay what are essentially personalized prices."  Charles Murry & Henry S. Schneider, *The Economics of Retail Markets for New and Used Cars* 12, in Handbook on the Economics of Retail and Distribution (forthcoming), Ex. M to Defs.' Opp'n to Dealership Pls.' Mot. for Protective Order (12-cv-02311, ECF No. 1156-14).  A review of the data and documents Auto Dealers have produced demonstrates that there is a wide variation in the terms and profits on transactions for essentially identical vehicles.  In order to understand

**REDACTED**

such transactions and their divergent terms, and to determine whether and when Auto Dealers absorbed (rather than passed on) any alleged overcharge, Defendants and their experts need information about the markets in which each Auto Dealer operated.

Foreclosing Defendants' access to information essential to their defenses against Auto Dealers' claims and attempts to certify classes would be reversible error. *See Carrera v. Bayer Corp.*, 727 F.3d 300, 306 (3d Cir. 2013) (holding that a defendant in a class action "has a due process right to raise individual challenges and defenses to claims, and a class action cannot be certified in a way that eviscerates this right or masks individual issues"); *Credit Lyonnaise SA v. SGC Int'l, Inc.*, 160 F.3d 428, 430–31 (8th Cir. 1998) (reversing and remanding ruling denying depositions; district court's discretion to "limit scope" is restricted by "presumption . . . in favor of full discovery of any matters arguably related" to claim at issue); *Deitchman v. E.R. Squibb & Sons, Inc.*, 740 F.2d 556, 558, 561–65 (7th Cir. 1984) (vacating and remanding for failure to allow deposition of non-party witness, explaining that "there are many Americans who find drug companies in general to be objects they love to hate. This being so, it is the special responsibility of courts to see to it that cases against them at least are fairly presented, and defense not unduly hobbled"); *Shaklee Corp. v. Gunnell*, 748 F.2d 548, 548–50 (10th Cir. 1984) ("denial of discovery" on matters ultimately deemed relevant at trial "is ordinarily prejudicial"; setting aside judgment and remanding for failure to allow deposition testimony on topics ultimately deemed relevant at trial); *W. Elec. Co., Inc. v. Stern*, 544 F.2d 1196, 1199 (3d Cir. 1976) (granting defendant's request to take relevant class-related discovery because "to deny [a defendant] the right to present a full defense on the issues would violate due process").

Rule 30(b)(6) depositions of Auto Dealers' corporate designees are an appropriate means to obtain each Auto Dealer's knowledge of the respective new vehicle markets in which it

REDACTED

operated, its competitors in those markets, and its profit margins during the course of the alleged

class periods.  Rule 30(b)(6) depositions are highly favored because courts "are not aware of any

less onerous means of assuring that the position of a corporation that is involved in the litigation,

can be fully and fairly explored." *Prokosch v. Catalina Lighting, Inc.*, 193 F.R.D. 633, 639 (D.

Minn. 2000); *see also Sprint Commc'ns Co., L.P. v. Theglobe.com, Inc.*, 236 F.R.D. 524, 528 (D.

Kan. 2006) ("[T]he burden upon such a responding entity [under Rule 30(b)(6)] is justified since a

corporation can only act through its employees.").  They are the best means to obtain the binding

admissions of a corporation.  *See In re Vitamins Antitrust Litig.*, 216 F.R.D. 168, 174 (D.D.C.

2003).  This is especially true here, because Defendants across all product tracks have also been

limited to a single 30(b)(1) deposition of each Auto Dealer.

### B.    Auto Dealers' Knowledge of Their Profit Margins (Topic 11(c)) Is a Relevant and Appropriate Line of Inquiry

The Special Master erred in excusing each Auto Dealer from having to prepare and present

a witness to testify about Topic 11(c) concerning its so-called "front end" profits: *i.e.*, its revenues,

profit margins, and profits on new vehicles sold or leased.  In his Order, the Special Master offered

no rationale whatsoever for denying this topic.  The revenue and profit information Defendants

seek to discover through a deposition of each Auto Dealer on Topic 11(c) is relevant to whether

pass-on occurred, whether rates of pass-on varied over time, and as an indicator of the degree of

competition in the market each Auto Dealer faced (which itself is highly relevant to pass-on

analysis).

The amounts of, and fluctuations in, an Auto Dealer's profit margins from buying and

selling new vehicles can be indicators of whether and to what extent the Auto Dealer passed on any

alleged overcharge, because "

REDACTED

███████████████████████" *See* Decl. of Dr. Edward A. Snyder ¶ 14, Ex. 4 to

Defs.' Reply in Supp. of Mot. To Establish Schedule for Dealer Pls.' Produc. of ESI (12-cv-00102,

ECF No. 305-2).  In fact, Auto Dealers' original consolidated amended complaint in *Wire

Harnesses* specifically alleged that reductions in their profit margins are evidence that they

absorbed overcharges.  Dealership Consol. Class Action Compl. ¶ 232 (12-md-2311, ECF No.

085) ("During the conspiracy, (since 2000) auto dealers' gross profits on new car sales declined

sharply. . . .").  This Court and others also have recognized that absorption of an overcharge may

reduce a seller's profit margin.  *See, e.g.*, *In re Auto. Parts Antitrust Litig.*, 2013 WL 2456612, at

*9 (finding that OEMs may have "absorb[ed] the overcharges by reduced profit margin on each

vehicle . . . ."); *Karofsky v. Abbott Labs.*, No. CV-95-1009, 1997 WL 34504652, at *13 (Me.

Super. Oct. 16, 1997) (relying on expert testimony that "different [pass-on] rates could result from

the differing profit margins of the product or the retailer").  Indeed, the Special Master himself had

previously recognized the "critical" need for Defendants to obtain through depositions of Auto

Dealer witnesses an understanding of "how profit is calculated."  *See* Hearing Tr., May 6, 2015 at

17:20–25, Ex. E to Defs' Opp'n to Dealership Pls.' Mot. for Protective Order (12-md-02311, ECF

No. 1156-6).

Not only did the Special Master offer no reason at all for his decision to strike Topic 11(c),

but he simultaneously *denied* Auto Dealers' motion to strike a parallel topic—Topic 11(d), which

calls for testimony regarding each Auto Dealer's "revenues, profits and profit margins on

financing, insurance, warranty, aftermarket parts, and services (i.e., back-end)"—declaring it "an

appropriate area[] of inquiry for a 30(b)(6) witness."  December 29 Order at 4.  The Special

Master's Order therefore requires each Auto Dealer to prepare a witness to testify about changes in

its profit margins on insurance and warranties sold in connection with the sale of new vehicles, but

**REDACTED**

*not* to prepare a witness to testify about changes in its profit margins on the sales of vehicles themselves.  In fact, Defendants and their experts need to understand the Auto Dealers' profit margins on both ends of these transactions in order to understand whether and to what extent pass-on from each Auto Dealer to its customers occurred.

Auto Dealers' argument that their transactional data provide Defendants with sufficient information regarding their revenues and profit margins on vehicle sales is simply wrong.  First of all, these data do not reveal all the factors that may have affected profit margin.  Second, the data alone do not answer the question of "*why*" profit margins changed from transaction to transaction or over time.  Third, there are gaping holes in Auto Dealers' productions of transactional data.  Only four of the more than forty Auto Dealers have produced transactional data that cover the entire time period, and fewer than half of the named Auto Dealers have produced any data at all for periods before 2007.  Thus, Rule 30(b)(6) deposition testimony about an Auto Dealer's revenues and profits from new vehicle sales or leases during the time period for which it has not produced data may be the *only* evidence still available regarding its revenues and profits during those periods.  Obviously, if any given Auto Dealer has no information regarding its revenues and profit margins during any particular parts of the alleged class periods, the proper outcome is for the entity to provide a witness to so testify, not for the Court to preclude altogether the use of a Rule 30(b)(6) deposition to ask about the topic *at all*.

### C. Each Auto Dealer's Knowledge of the Markets in Which It Operated and Its Competitors in Those Markets (Topics 7, 8, and 11(g)) Is Relevant to the Critical Issue of Pass-On

The Special Master also erred in striking from Defendants' deposition notice Topics 7, 8, and 11(g), which seek testimony from each Auto Dealer about the markets in which it purchased and sold and/or leased new vehicles during the alleged class periods and its competitors in those markets.  The Special Master identified "pure speculation" as his reason for not requiring Auto

**REDACTED**

Dealers to prepare a witness to testify about their "knowledge" about their competitors and the marketplaces in which each of them competed (Topics 7 and 8), and he gave no reason at all for not requiring each Auto Dealer to prepare a witness to testify about its "knowledge of similarities or differences" between its sales or leases practices and those of its competitors (Topic 11(g)). December 29 Order at 3–4.

The Special Master's conclusion that asking an Auto Dealer about its "knowledge" regarding a given subject calls for "pure speculation" is, on its face, unsupportable. Any Auto Dealer presumably will have knowledge about which it could readily testify about who its competitors were during the class period, their locations, their relative market shares, and their marketing practices, as well as the general marketplace in which it operated over time. It is hard to believe that any Auto Dealer that has managed to stay in business for any period of time knows nothing about its competitors and the market in which it is operating. Nonetheless, if in fact any Auto Dealer does not know anything about the market in which it sold and leased vehicles, or who its competitors were, or how they priced vehicles, then the answer to such questions is simply "I don't know."

Neither Defendants' notice nor Rule 30(b)(6) require any Auto Dealer to do more than make a reasonable inquiry to ascertain the facts reasonably known or ascertainable by the Auto Dealer. Thus, the Special Master's refusal to require Auto Dealers to comply with their obligation under Rule 30(b)(6) on the ground that the topic would require them to "speculate" was arbitrary, capricious, and an abuse of discretion. *See QBE Ins. Corp. v. Jorda Enters., Inc.*, 277 F.R.D. 676, 690 (S.D. Fla. 2012) ("If a corporation genuinely . . . does not have the information, cannot reasonably obtain it from other sources and still lacks sufficient knowledge after reviewing all available information, then its obligations [to prepare for a deposition] under the Rule cease.").

12

**REDACTED**

Nor should an Auto Dealer be permitted to avoid designating a witness to testify about its "knowledge of the marketplace" because (as the Special Master held with respect to Topic 8) "[t]his inquiry is more appropriately addressed to Plaintiffs' experts."  December 29 Order at 4. First, Auto Dealers have no obligation even to *designate* an expert to testify about the markets in which each of them operated during the class period.  Second, even if each of them do designate such an "expert," Defendants are entitled to explore the actual *facts* known to each Auto Dealer, not merely the "*opinions*" to which some "expert" decides to testify.

The extent of competition with other auto dealers is a key factor in setting prices and is highly relevant to the individual claims raised by Auto Dealers and End Payors, as well as to the issue of class certification.  *See In re Wholesale Grocery Prods. Antitrust Litig.*, No. 09-MD-2090 ADM/AJB, 2012 WL 3031085, at *10 (D. Minn. July 25, 2012), *aff'd*, 752 F.3d 728 (8th Cir. 2014) (denying certification of a class of retailers in an antitrust action brought against wholesalers because there were too many individualized factors affecting pricing, including the "local competitive market" and "proximity to [a] strong local competitor").  While Auto Dealers' own data may provide some insight into their own pricing practices, those data are very incomplete (as noted above) and in any event say nothing at all about how Auto Dealers' prices may have been affected by external market forces, such as the presence or absence of fierce competition from nearby auto dealers.

In addition, the degree of competition faced in each Auto Dealer's respective market is a necessary input in any empirical overcharge analysis.  The degree of competition in a given market is relevant to whether any overcharge was passed on to an end user.  *See e.g.*, *In re Processed Egg Products Antitrust Litig.*, 2015 WL 6964281, at *27–29 (crediting expert analysis that "local competition heavily influences pricing decisions of retailers and . . . any accurate measure of

13

**REDACTED**

overcharge would require accounting for the effects of geography, competition, pricing strategy, and contract type"); *In re Methionine Antitrust Litig.,* 204 F.R.D. 161, 165 (N.D. Cal. 2001) (rejecting assumption that degree of pass-on can be calculated by economic formula because "the evidence demonstrates that resellers do not act uniformly and that they operate in different markets with different competitive pressures"). The best and most effective way for Defendants to discover the degree of competition each Auto Dealer faced during the class period (and whether the level of competition faced by each Auto Dealer varied over time and varied among Auto Dealers from different geographical areas) is to ask each Auto Dealer to designate a witness to testify about its knowledge about these matters in its deposition. Similarly, market trends may affect pricing and pass-on. For instance, when gas prices increase, an auto dealer may not be able to increase prices on SUVs. Deposition testimony is the only way Defendants can discover Auto Dealers' knowledge of their competitors and the market to ascertain whether any increases or decreases in prices and profits were a result of their absorbing any alleged overcharges rather than other market forces.

## CONCLUSION

For all of these reasons, Defendants respectfully request that the Court reverse portions of the Special Master's decision granting Auto Dealers' Motion for Protective Order with respect to Defendants' deposition notice Topics 7, 8, 11(c), and 11(g).

Respectfully submitted,

WILMER CUTLER PICKERING
 HALE AND DORR LLP

January 12, 2016                    By:   */s/ Steven F. Cherry*
                                          Steven F. Cherry
                                          David P. Donovan
                                          Patrick J. Carome

14

**REDACTED**

Brian C. Smith
Dyanne Griffith
WILMER CUTLER PICKERING
HALE AND DORR LLP
1875 Pennsylvania Avenue, NW
Washington, D.C. 20006
Tel.: (202) 663-6000
Fax: (202) 663-6363
steven.cherry@wilmerhale.com
david.donovan@wilmerhale.com
patrick.carome@wilmerhale.com
brian.smith@wilmerhale.com
dyanne.griffith@wilmerhale.com

*Attorneys for Defendants DENSO Corporation
and DENSO International America, Inc.*

Steven M. Zarowny (P33362)
General Counsel
DENSO International America, Inc.
24777 Denso Drive
Southfield, MI 48033
Tel.: (248) 372-8252
Fax: (248) 213-2551
steve_zarowny@denso-diam.com

*Attorney for Defendant DENSO International
America, Inc.*

ALLEN & OVERY LLP

January 12, 2016          By:   */s/ John Roberti* (w/consent)
John Roberti
Matthew R. Boucher
1101 New York Avenue, NW
Washington DC 2005
202-683-3800
john.roberti@allenovery.com
matthew.boucher@allenovery.com

Michael S. Feldberg
ALLEN & OVERY LLP
1221 Avenue of the Americas
New York, NY 10020
212-610-6360
michael.feldberg@allenovery.com

15

**REDACTED**

William R. Jansen (P36688)
Michael G. Brady (P57331)
WARNER NORCROSS & JUDD LLP
2000 Town Center, Suite 2700
Southfield, MI 48075-1318
248-784-5000
wjansen@wnj.com
mbrady@wnj.com

*Counsel for Robert Bosch LLC and Robert Bosch GmbH*

SQUIRE PATTON BOGGS (US) LLP

January 12, 2016          By:   */s/ Barry A. Pupkin (*w/consent)
Barry A. Pupkin
Iain R. McPhie
Jeremy W. Dutra
SQUIRE PATTON BOGGS (US) LLP
2550 M Street, N.W.
Washington, DC 20037
Tel: (202) 626-6600
Fax: (202) 626-6780
Barry.Pupkin@squirepb.com
Iain.McPhie@squirepb.com
Jeremy.Dutra@squirepb.com

*Counsel for Aisan Industry Co., Ltd., Aisan Corporation of America, Franklin Precision Industry, Inc. and Hyundam Industrial Co., Ltd.*

COVINGTON & BURLING LLP

January 12, 2016          By:   */s/ Anita F. Stork (*w/consent)
Anita F. Stork
Gretchen Hoff Varner
Cortlin H. Lannin
COVINGTON & BURLING LLP
One Front Street, 35th Floor
San Francisco, CA 94111
Tel: (415) 591-6000
Fax: (415) 955-6550
astork@cov.com
ghoffvarner@cov.com
clannin@cov.com

REDACTED

Michael J. Fanelli
Ashley E. Bass
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street, NW
Washington, DC 20001-4956
Tel: (202) 662-6000
Fax: (202) 662-5383

*Attorneys for Defendants Alps Electric Co., Ltd.;*
*Alps Electric (North America), Inc.; and Alps*
*Automotive, Inc.*

BROOKS WILKINS SHARKEY & TURCO
PLLC

*/s/ Maureen T. Taylor (*w/consent)
Herbert C. Donovan (P51939)
Maureen T. Taylor (P63547)
BROOKS WILKINS SHARKEY & TURCO
PLLC
401 Old South Woodward, Suite 400
Birmingham, MI 48009
Tel: (248) 971-1721
Fax: (248) 971-1801
taylor@bwst-law.com
Donovan@bwst-law.com

*Attorneys for Defendants Alps Electric Co., Ltd.;*
*Alps Electric (North America), Inc.; and Alps*
*Automotive, Inc.*

WEIL, GOTSHAL & MANGES LLP

January 12, 2016          By:  */s/ Steven A. Reiss (*w/consent)
Steven A. Reiss
Adam C. Hemlock
Lara E. Veblen Trager
Kaj Rozga
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY 10153
Tel: (212) 310-8000
Fax: (212) 310-8007
steven.reiss@weil.com

17

**REDACTED**

adam.hemlock@weil.com
lara.trager@weil.com
kajetan.rozga@weil.com

Frederick R. Juckniess
SCHIFF HARDIN LLP
350 South Main Street, Suite 210
Ann Arbor, MI 48104
Tel: (734) 222-1504
Fax: (734) 222-1501
fjuckniess@schiffhardin.com

*Counsel for Bridgestone Corporation and*
*Bridgestone APM Company*

WEIL, GOTSHAL & MANGES LLP

January 12, 2016                By:   */s/ Steven A. Reiss (*w/consent)
                                      Steven A. Reiss
                                      Adam C. Hemlock
                                      Lara E. Veblen Trager
                                      WEIL, GOTSHAL & MANGES LLP
                                      767 Fifth Avenue
                                      New York, NY 10153-0119
                                      Tel: (212) 310-8000
                                      Fax: (212) 310-8007
                                      steven.reiss@weil.com
                                      adam.hemlock@weil.com
                                      lara.trager@weil.com

                                      */s/ Fred K. Herrmann (*w/consent)
                                      Fred K. Herrmann
                                      Joanne G. Swanson
                                      Matthew L. Powell
                                      KERR RUSSELL & WEBER LLC
                                      500 Woodward Avenue
                                      Suite 2500
                                      Detroit, MI 48226
                                      Tel: (313) 961-0200
                                      Fax: (313) 961-0388
                                      fherrmann@kerr-russell.com
                                      jswanson@kerr-russell.com
                                      mpowell@kerr-russell.com

                                      */s/ Michael A. Cox (*w/consent)
                                      Michael A. Cox

18

**REDACTED**

THE MIKE COX LAW FIRM, PLLC
17430 Laurel Park Drive North, Suite 120 E
Livonia, MI 48152
Telephone: (734) 591-4002
mc@mikecoxlaw.com

*Counsel for Calsonic Kansei Corporation and
CalsonicKansei North America, Inc.*

WARNER NORCROSS & JUDD LLP

January 12, 2016     By:   */s/ William R. Jansen* (w/consent)
William R. Jansen (P36688)
Michael G. Brady (P57331)
Amanda M. Fielder (P70180)
WARNER NORCROSS & JUDD LLP
2000 Town Center, Suite 2700
Southfield, MI 48075-1318
Phone: 248-784-5000
wjansen@wnj.com
mbrady@wnj.com
afielder@wnj.com

Michael Martinez
Steven Kowal
Lauren Norris
Lauren Salins
K&L GATES LLP
70 W. Madison St., Suite 3100
Chicago, IL 60602
Phone: 312-807-4404
Fax: 312-827-8116
michael.martinez@klgates.com
steven.kowal@klgates.com
lauren.norris@klgates.com
lauren.salins@klgates.com

*Counsel for Chiyoda Manufacturing
Corporation and Chiyoda USA Corporation*

CALFEE, HALTER & GRISWOLD LLP

January 12, 2016     By:   */s/ Ronald M. McMillan* (w/consent)
John J. Eklund (OH 0010895)
Maura L. Hughes (OH 0061929)
Ronald M. McMillan (OH 0072437)

**REDACTED**

Alexander B. Reich (OH 0084869)
Lindsey E. Sacher (OH 0087883)
CALFEE, HALTER & GRISWOLD LLP
The Calfee Building
1405 East Sixth Street
Cleveland, OH 44114-1607
Tel.: (216) 622-8200
Fax: (216) 241-0816
jeklund@calfee.com
mhughes@calfee.com
rmcmillan@calfee.com
areich@calfee.com
lsacher@calfee.com

Maureen T. Taylor
Herbert C. Donovan
BROOKS, WILKINS, SHARKEY, TURCO PLLC
401 South Old Woodward, Suite 400
Birmingham, MI 48009
Tel.: (248) 971-1800
Fax: (248) 971-1801
taylor@bwst-law.com
donovan@bwst-law.com

*Attorneys for Defendants Continental Automotive Systems, Inc., Continental Automotive Electronics, LLC and Continental Automotive Korea Ltd.*

LANE POWELL PC

January 12, 2016            By:    */s/ Larry S. Gangnes* (w/consent)
Larry S. Gangnes
LANE POWELL PC
U.S. Bank Centre
1420 Fifth Ave., Suite 4200
P.O. Box 91302
Seattle, WA 98111-9402
Tel.: (206) 223-7000
Fax: (206) 223-7107
gangnesl@lanepowell.com

Craig D. Bachman
Kenneth R. Davis II
Darin M. Sands

20

**REDACTED**

Masayuki Yamaguchi
Peter D. Hawkes
LANE POWELL PC
MODA Tower
601 SW Second Ave., Suite 2100
Portland, OR 97204-3158
Tel.: (503) 778-2100
Fax: (503) 778-2200
bachmanc@lanepowell.com
davisk@lanepowell.com
sandsd@lanepowell.com
yamaguchim@lanepowell.com
hawkesp@lanepowell.com

Richard D. Visio (P30246)
Ronald S. Nixon (P57117)
KEMP KLEIN LAW FIRM
201 W. Big Beaver, Suite 600
Troy, MI 48084
Tel.: (248) 528-1111
Fax: (248) 528-5129
richard.bisio@kkue.com
ron.nixon@kkue.com

*Attorneys for Defendants Furukawa Electric
Co., Ltd. and American Furukawa, Inc.*

PORTER WRIGHT MORRIS & ARTHUR LLP

January 12, 2016                    By:   */s/ Donald M. Barnes* (w/consent)
                                          Donald M. Barnes
                                          Molly S. Crabtree
                                          Jay L. Levine
                                          Christopher C. Yook
                                          PORTER WRIGHT MORRIS & ARTHUR LLP
                                          1900 K Street, NW, Ste. 1110
                                          Washington, DC 20006
                                          Tel.: (202) 778-3054
                                          Fax: (202) 778-3063
                                          dbarnes@porterwright.com
                                          mcrabtree@porterwright.com
                                          jlevine@porterwright.com
                                          cyook@porterwright.com

                                          *Attorneys for Defendants G.S. Electech, Inc.,
                                          G.S.W. Manufacturing, Inc., and G.S. Wiring*

21

**REDACTED**

*Systems, Inc.*

ARNOLD & PORTER LLP

January 12, 2016                    By:    */s/ Franklin R. Liss* (w/consent)
                                           Franklin R. Liss
                                           Barbara H. Wootton
                                           Danielle M. Garten
                                           Matthew Tabas
                                           ARNOLD & PORTER LLP
                                           555 Twelfth Street, NW
                                           Washington, DC 20004
                                           Tel.: (202) 942-5969
                                           Fax: (202) 942-5999
                                           frank.liss@aporter.com
                                           barbara.wootton@aporter.com
                                           danielle.garten@aporter.com
                                           matthew.tabas@aporter.com

                                           */s/ Howard B. Iwrey* (w/consent)
                                           Howard B. Iwrey (P39635)
                                           Brian M. Moore (P58584)
                                           DYKEMA GOSSETT PLLC
                                           39577 Woodward Avenue
                                           Bloomfield Hills, Michigan 48304
                                           Tel.: (248) 203-0526
                                           Fax: (248) 203-0763
                                           hiwrey@dykema.com
                                           bmoore@dykema.com

                                           *Counsel for Defendants Koito Manufacturing
                                           Co., Ltd. And North American Lighting, Inc.*

                                           SHEARMAN & STERLING LLP

January 12, 2016                    By:    */s/ Heather L. Kafele* (w/consent)
                                           Heather L. Kafele
                                           SHEARMAN & STERLING LLP
                                           801 Pennsylvania Avenue, Ste. 900
                                           Washington, DC 20004
                                           Phone:  (202) 508-8000
                                           Fax:  (202) 508-8100
                                           hkafele@shearman.com

                                           Elan DiMaio
                                           Hugh C. Martin

22

**REDACTED**

SHEARMAN & STERLING LLP
599 Lexington Avenue
New York, NY 10022
Phone:  (212) 848-4000
Fax:  (212) 848-7179
elan.dimaio@shearman.com
hugh.martin@shearman.com

Brian M. Akkashian
PAESANO AKKASHIAN & APKARIAN P.C.
7457 Franklin Road, Suite 200
Bloomfield Hills, MI 48301
Phone: (248) 792-6886
Fax: (248) 792-6885
bakkashian@paalawfirm.com

*Attorney for Defendants JTEKT Corporation
and JTEKT North America Corporation,
formerly d/b/a Koyo Corporation of U.S.A.*

JENNER & BLOCK LLP

January 12, 2016            By:   */s/ Terrence J. Truax* (w/consent)
                                   Terrence J. Truax
                                   Charles B. Sklarsky
                                   Michael T. Brody
                                   Gabriel A. Fuentes
                                   Daniel T. Fenske
                                   JENNER & BLOCK LLP
                                   353 N. Clark Street
                                   Chicago, IL 60654-3456
                                   ttruax@jenner.com
                                   csklarsky@jenner.com
                                   mbrody@jenner.com
                                   gfuentes@jenner.com
                                   dfenske@jenner.com

                                   Gary K. August
                                   Jamie J. Janisch
                                   ZAUSMER, AUGUST & CALDWELL, P.C.
                                   31700 Middlebelt Road, Suite 150
                                   Farmington Hills, MI 48334-2374
                                   gaugust@zacfirm.com
                                   jjanisch@zacfirm.com

                                   *Counsel for Defendants Mitsubishi Electric*

23

**REDACTED**

*Corporation, Mitsubishi Electric US Holdings, Inc., and Mitsubishi Electric Automotive America, Inc.*

HOGAN LOVELLS US LLP

January 12, 2016          By:     */s/ William L. Monts, III* (w/consent)
                                   William L. Monts, III
                                   HOGAN LOVELLS US LLP
                                   555 13th Street, NW
                                   Washington, DC 20004
                                   Tel.: (202) 637-5731
                                   Fax: (202) 637-5910
                                   william.monts@hoganlovells.com

                                   */s/ Scott T. Seabolt* (w/consent)
                                   Scott T. Seabolt
                                   FOLEY & LARDNER LLP
                                   500 Woodward Avenue,
                                   Suite 2700
                                   Detroit, MI 48226
                                   Tel.: (313) 234-7115
                                   Fax: (313) 234-2800
                                   sseabolt@foley.com

                                   *Counsel for Defendants Mitsubishi Heavy Industries America, Inc. and Mitsubishi Heavy Industries Climate Control*

LANE POWELL PC

January 12, 2016          By:     */s/ Kenneth R. Davis II* (w/consent)
                                   Craig D. Bachman
                                   Kenneth R. Davis II
                                   Darin M. Sands
                                   Masayuki Yamaguchi
                                   MODA Tower
                                   601 SW Second Avenue, Suite 2100
                                   Portland, OR  97204-3158
                                   Telephone:  503.778.2100
                                   bachmanc@lanepowell.com
                                   davisk@lanepowell.com
                                   sandsd@lanepowell.com
                                   yamaguchim@lanepowell.com

                                   Larry S. Gangnes

**REDACTED**

LANE POWELL PC
U.S. Bank Centre
1420 Fifth Avenue, Suite 4200
PO Box 91302
Seattle, WA  98111-9402
Telephone:  206.223.7000
gangnesl@lanepowell.com

Richard D. Bisio (P30246)
Ronald S. Nixon (P57117)
KEMP KLEIN LAW FIRM
201 W. Big Beaver, Suite 600
Troy, MI 48084
Telephone:  248.528.1111
richard.bisio@kkue.com
ron.nixon@kkue.com

*Attorneys for Defendants Nachi-Fujikoshi Corp.
and Nachi America Inc.*

WINSTON & STRAWN LLP

January 12, 2016          By:    */s/ Jeffrey L. Kessler* (w/consent)
                                 A. Paul Victor
                                 Jeffrey L. Kesslet
                                 Jeffrey J. Amato
                                 Molly M. Donovan
                                 Elizabeth A. Cate
                                 WINSTON & STRAWN LLP
                                 200 Park Avenue
                                 New York, NY 10166
                                 Tel.: (212) 294-6700
                                 Fax: (212) 294-4700
                                 pvictor@winston.com
                                 jkessler@winston.com
                                 mmdonovan@winston.com
                                 jamato@winston.com
                                 ecate@winston.com

                                 *Counsel for Defendants NTN Corporation and
                                 NTN USA Corporation*

                                 REED SMITH LLP

January 12, 2016          By:    */s/ Debra H. Dermody* (w/consent)
                                 Debra H. Dermody

**REDACTED**

Michelle A. Mantine
REED SMITH LLP
225 Fifth Avenue,
Pittsburgh, PA 15222
Tel.: (412) 288-3302/4268
Fax: (412) 288-3063
ddermody@reedsmith.com
mmantine@reedsmith.com

*/s/ Howard B. Iwrey* (w/consent)
Howard B. Iwrey (P39635)
Brian M. Moore (P58584)
DYKEMA GOSSETT PLLC
39577 Woodward Avenue
Bloomfield Hills, Michigan 48304
Tel.: (248) 203-0700
Fax: (248) 203-0763
hiwrey@dykema.com
bmoore@dykema.com

*Counsel for Defendant SKF USA Inc.*


WILMER CUTLER PICKERING HALE AND DORR LLP

January 12, 2016               By:
*/s/ Mark Ford* (w/consent)
Mark Ford
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, MA 02109
Tel.: (617) 526-6423
Fax: (617) 526-5000
mark.ford@wilmerhale.com

*Counsel for Defendant Schaeffler Group USA Inc.*

MORGAN, LEWIS & BOCKIUS LLP

January 12, 2016               By:   */s/ J. Clayton Everett, Jr.* (w/consent)
J. Clayton Everrett, Jr.
Zarema A. Jaramillo
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Avenue, NW

26

**REDACTED**

Washington, DC 20004
Tel.: (202) 739-3000
Fax: (202) 739-3001
jeverett@morganlewis.com
zarema.jaramillo@morganlewis.com

Larry J. Saylor
MILLER, CANFIELD, PADDOCK & STONE
P.L.C.
150 W. Jefferson Avenue, Suite 2500
Detroit, MI 48226
Tel.: (313) 496-7986
Fax: (313) 496-8454
Saylor@MillerCanfield.com

*Counsel for Sumitomo Riko Company Limited
and DTR Industries, Inc.*

BAKER BOTTS L.L.P.

January 12, 2016          By:     */s/ Randall J. Turk* (w/consent)
                                  Randall J. Turk
                                  John Talady
                                  Mark Miller
                                  Heather Souder Choi
                                  Sterling A. Marchand
                                  BAKER BOTTS L.L.P.
                                  1299 Pennsylvania Avenue, NW
                                  Washington, D.C. 20004-2400
                                  Tel.: (202) 639-7700
                                  Fax: (202) 639-7890

                                  *Counsel for Defendants Toyoda Gosei Co., Ltd.,
                                  Toyoda Gosei North America Corp., and TG
                                  Missouri Corp.*

                                  BUTZEL LONG

January 12, 2016          By:     */s/ Sheldon H. Klein* (w/consent)
                                  Sheldon H. Klein (P41062)
                                  David F. DuMouchel (P25658)
                                  BUTZEL LONG
                                  150 West Jefferson, Suite 100
                                  Detroit, MI 48226
                                  Tel.: (313) 225-7000
                                  Fax: (313) 225-7080

27

**REDACTED**

sklein@butzel.com
dumouchd@butzel.com

W. Todd Miller
BAKER & MILLER PLLC
2401 Pennsylvania Ave., NW, Suite 300
Washington, DC 20037
Tel.: (202) 663-7820
Fax: (202) 663-7849
TMiller@bakerandmiller.com

*Attorneys for Defendants TRAM, Inc. and
Tokai Rika Co., Ltd.*

CLEARY GOTTLIEB STEEN & HAMILTON
LLP

January 12, 2016                    By:    /s/ Brian Byrne (w/consent)
                                           Brian Byrne
                                           Ryan M. Davis
                                           CLEARY GOTTLIEB STEEN & HAMILTON
                                           LLP
                                           2000 Pennsylvania Avenue, NW
                                           Washington, DC 20006
                                           Tel.: (202) 974-1850
                                           Fax: (202) 974-1999
                                           bbyrne@cgsh.com
                                           rmdavis@cgsh.com

                                           /s/ Howard B. Iwrey (w/consent)
                                           Howard B. Iwrey (P39635)
                                           Brian M. Moore (P58584)
                                           DYKEMA GOSSETT PLLC
                                           39577 Woodward Ave., Suite 300
                                           Bloomfield Hills, Michigan 48304
                                           Tel.: (248) 203-0700
                                           Fax: (248) 203-0763
                                           hiwrey@dykema.com
                                           bmoore@dykema.com

*Counsel for Defendants Valeo Japan Co., Ltd.,
Valeo Inc., Valeo Electrical Systems, Inc., and
Valeo Climate Control Corp.*

28

**REDACTED**

ARNOLD & PORTER LLP

January 12, 2016                    By:    */s/ James L. Cooper* (w/consent)
                                           James L. Cooper
                                           Adam Pergament
                                           Danielle Garten
                                           ARNOLD & PORTER
                                           601 Massachusetts Avenue, NW
                                           Washington, DC 20001
                                           Tel.: (202) 942-5000
                                           Fax: (202) 942-5999
                                           James.Cooper@aporter.com
                                           Adam.Pergament@aporter.com
                                           Danielle.Garten@aporter.com

                                           *Attorneys for Defendants Yamashita Rubber Co.,*
                                           *Ltd. And YUSA Corporation*

29

REDACTED

## CERTIFICATE OF SERVICE

I hereby certify that on January 12, 2016, I caused the foregoing **DEFENDANTS'
OBJECTION TO, AND MOTION TO REVERSE IN PART AND MODIFY, THE
SPECIAL MASTER'S ORDER GRANTING IN PART AND DENYING IN PART AUTO
DEALER PLAINTIFFS' MOTION FOR PROTECTIVE ORDER CONCERNING RULE
30(B)(6) DEPOSITIONS OF AUTO DEALER PLAINTIFFS**, and supporting memorandum of
law, to be electronically filed with the Clerk of the Court using the CM/ECF system, which will
send notification of such filing to all counsel of record.

*/s/ Steven F. Cherry*
Steven F. Cherry
WILMER CUTLER PICKERING
  HALE AND DORR LLP
1875 Pennsylvania Avenue, NW
Washington, DC 20006
Tel.: (202) 663-6000
Fax: (202) 663-6363
steven.cherry@wilmerhale.com

*Counsel for DENSO Corporation and DENSO
International America, Inc.*