# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| **In Re:  AUTOMOTIVE PARTS ANTITRUST LITIGATION** | Master File No. 12-md-02311 Honorable Marianne O. Battani |
| **In Re:  All Auto Parts Cases** | 2:12-MD-02311-MOB-MKM |
| **THIS DOCUMENT RELATES TO: ALL AUTO PARTS CASES** | **Oral Argument Requested** |

## CERTAIN SERVING PARTIES' MOTION TO COMPEL DISCOVERY FROM NON-PARTY ORIGINAL EQUIPMENT MANUFACTURERS

Pursuant to Federal Rules of Civil Procedure 26(b)(1) and 45, Automobile Dealer Plaintiffs ("ADPs"), End-Payor Plaintiffs ("EPPs"), Truck and Equipment Dealer Plaintiffs ("TEDPs"), The State of Florida, and The State of Indiana (collectively, "Plaintiffs") respectfully move to enforce certain subpoenaed original equipment manufacturers and affiliated entities and their affiliates ("Specified Subpoenaed Entities" or "SSEs[1]" ) to produce information responsive to Request No. 27 and Request No. 31 in the uniform subpoena[2] served on them. The two requests at issue seeks the production of (1) documents, data and information produced to governmental authorities regarding the alleged conspiracy described in Plaintiffs' Complaints relating to parts installed in new vehicles for sale or lease in the U.S.; and (2) communications between the OEMs and any Defendants or other parts suppliers in connection with the facts described in Plaintiffs' Complaints. The Parties have worked diligently with the SSEs to resolve

---

[1] See Exhibit B to The Parties' Motion to Compel Discovery from Non-Party Original Equipment Manufacturers, filed in 2:12-md-02311-MOB-MKM, Doc # 1185.

[2] Herein, the "Subpoena."  See Exhibit 2 to the Brief In Support Of Certain Serving Parties' Motion to Compel Discovery from Non-Party Original Equipment Manufacturers.

disputes regarding productions of responsive information to the two requests, but were unable to reach an agreement.  On December 24, 2015, the Parties informed SSEs of their intention file a motion to compel.

Plaintiffs rely on the following brief in support of their motion.

In accordance with E.D. Mich. LR 7.1(a), counsel for Plaintiffs requested SSEs' concurrence in the relief sought herein. Plaintiffs did not obtain SSEs' concurrence in their request.

Attached hereto as Exhibit 1 is a proposed order prepared for signature by the Master.

Dated:  January 19, 2016

Respectfully submitted,

*/s/ Jonathan W. Cuneo*
Jonathan W. Cuneo
Joel Davidow
Daniel Cohen
Victoria Romanenko
**CUNEO, GILBERT & LADUCA, LLP**
507 C Street, N.E.
Washington, DC 20002
Telephone: (202) 789-3960
jonc@cuneolaw.com
joel@cuneolaw.com
danielc@cuneolaw.com
vicky@cuneolaw.com

Shawn M. Raiter
**LARSON KING, LLP**
2800 Wells Fargo Place
30 East Seventh Street
St. Paul, MN 55101
Telephone: (651) 312-6500
Facsimile: (651) 312-6618
sraiter@larsonking.com

Don Barrett
**BARRETT LAW GROUP, P.A.**
P.O. Box 927
404 Court Square
Lexington, MS 39095
Telephone: (662) 834-2488
Facsimile: (662) 834-2628

dbarrett@barrettlawgroup.com

*Interim Co-Lead Class Counsel for Dealership Plaintiffs*

*/s/ Steven N. Williams* (w/consent)
Steven N. Williams
Demetrius X. Lambrinos
Elizabeth Tran
**COTCHETT, PITRE & McCARTHY, LLP**
San Francisco Airport Office Center
840 Malcolm Road, Suite 200
Burlingame, CA 94010
Telephone: (650) 697-6000
Facsimile: (650) 697-0577
swilliams@cpmlegal.com
dlambrinos@cpmlegal.com
etran@cpmlegal.com

Hollis Salzman
Bernard Persky
William V. Reiss
**ROBINS KAPLAN LLP**
601 Lexington Avenue, Suite 3400
New York, NY 10022
Telephone: (212) 980-7400
Facsimile: (212) 980-7499
HSalzman@RobinsKaplan.com
BPersky@RobinsKaplan.com
WReiss@RobinsKaplan.com

Marc M. Seltzer
Steven G. Sklaver
**SUSMAN GODFREY L.L.P.**
1901 Avenue of the Stars, Suite 950
Los Angeles, CA 90067-6029
Telephone: (310) 789-3100
Facsimile: (310) 789-3150
mseltzer@susmangodfrey.com
ssklaver@susmangodfrey.com

Terrell W. Oxford
Omar Ochoa
**SUSMAN GODFREY L.L.P.**
901 Main Street, Suite 5100
Dallas, TX 75202
Telephone: (214) 754-1900
Facsimile: (214)754-1933
toxford@susmangodfrey.com
oochoa@susmangodfrey.com

*Interim Co-Lead Class Counsel for the Proposed End-Payor Plaintiff Classes*

E. Powell Miller (P39487)
Devon P. Allard (P71712)
**THE MILLER LAW FIRM, P.C.**
950 W. University Dr., Ste. 300
Rochester, Michigan 48307
Telephone: (248) 841-2200
Facsimile: (248) 652-2852
epm@millerlawpc.com
dpa@millerlawpc.com

*Interim Liaison Counsel for End-Payor Plaintiffs*

**DUANE MORRIS LLP**

*/s/ J. Manly Parks* (w/consent)_____
Wayne A. Mack
J. Manly Parks
**DUANE MORRIS LLP**
30 S. 17th Street
Philadelphia, PA 19103
Telephone: (215) 979-1000
Facsimile: (215) 979-1020
wamack@duanemorris.com
jmparks@duanemorris.com

*Counsel for Truck and Equipment Dealer Plaintiffs*

**MANTESE HONIGMAN, P.C.**

Gerard V. Mantese
(Michigan Bar No. P34424)
**MANTESE HONIGMAN, P.C.**
1361 E. Big Beaver Road
Troy, Michigan 48083
Telephone: (248) 457-9200
gmantese@manteselaw.com

*Interim Liaison Counsel for Dealership Plaintiffs*

**Pamela Jo Bondi**
**Attorney General**
**State of Florida**

*/s/ Timothy M. Fraser* (w/consent)
**Office of the Attorney General**
**State of Florida**
PL-01 The Capitol
Tallahassee, FL 32399-1050

Timothy Fraser
Assistant Attorney General
Antitrust Division
Florida Office of the Attorney General

4

PL-01 The Capitol
Tallahassee, FL 32399
Direct: 850-414-3733
timothy.fraser@myfloridalegal.com
**RYNBRANDT & ASSOCIATES, PLLC**

*/s/Kevin Abraham Rynbrandt (*w/consent)
Kevin Abraham Rynbrandt (P46699)
Business Address:
1000 Front Street, N.W.
Grand Rapids, MI 49504
(616) 915-9266
kar@rynbrandt.com

*Counsel for Plaintiffs*
*Indiana Attorney General's Office*
Indiana Government Building South
302 West Washington Street
5th Floor
Indianapolis, IN 46204
Phone: (317) 232 6201
Fax: (317) 232 7979

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | |
|---|---|
| **In Re:  AUTOMOTIVE PARTS ANTITRUST LITIGATION** | Master File No. 12-md-02311 Honorable Marianne O. Battani |
| **In Re:  All Auto Parts Cases** | 2:12-MD-02311-MOB-MKM |
| **THIS DOCUMENT RELATES TO: ALL AUTO PARTS CASES** | **Oral Argument Requested** |

**BRIEF IN SUPPORT OF CERTAIN SERVING PARTIES' MOTION TO COMPEL
DISCOVERY FROM NON-PARTY ORIGINAL EQUIPMENT MANUFACTURERS**

## **TABLE OF CONTENTS**

STATEMENT OF THE ISSUES..................................................................................... ii

TABLE OF AUTHORITIES ....................................................................................... iii

CONTROLLING OR MOST APPROPRIATE AUTHORITIES ................................. v

SUMMARY OF ARGUMENT ..................................................................................... 1

BACKGROUND ........................................................................................................... 2

ARGUMENT ................................................................................................................. 4

    I.     THE DISCOVERY BEING SOUGHT IS HIGHLY RELEVANT TO
          PLAINTIFFS' CASES........................................................................................ 5

          A.     RFP 27 .................................................................................. 6

                 i.     The Court and Special Master Have Already Recognized
                      the Importance of Productions Previously Made to
                      Regulators to MDL 2311 ...................................................... 7

                 ii.    Information Produced to Government Authorities is Highly
                      Relevant to the Conspiracy Being Alleged in Plaintiffs'
                      Complaints ........................................................................... 8

                 iii.   SSEs Do Not Dispute that this Request Seeks Relevant
                      Information ........................................................................... 9

           B.     RFP 31 .................................................................................. 11

                 i.     Request 31 Seeks Information Highly Relevant to this
                      Litigation and Parties to this Litigation Have Agreed to
                      Produce Documents in Response to an Equivalent Request
                      from Plaintiffs ...................................................................... 11

                 ii.    Request 31 Seeks Non-Privileged Discussions between
                      Defendants And SSEs Regarding the Conspiratorial
                      Conduct Described in the Complaints ........................................ 12

    II.    THE DISCOVERY SOUGHT IS, UNDER EVERY FACTOR THE
          COURT  MUST CONSIDER, APPROPRIATE AND
          PROPORTIONATE TO THE NEEDS OF THIS CASE ..................................... 15

CONCLUSION.............................................................................................................. 17

REDACTED

## STATEMENT OF THE ISSUES

1.　　Whether the Court should compel certain original equipment manufacturers and affiliated entities ("OEMs") to produce discovery responsive to 1) a request seeking information regarding investigation by governmental authorities relating to parts installed in new vehicles for sale or lease in the U.S., and 2) a request seeking information regarding communications between OEMs and any defendants or other parts suppliers in connection with the facts described in Plaintiffs' Complaints – all of which are highly relevant to the claims and defenses in the parts litigations, and are proportional to the needs of the case.

**Answer:**　Yes

# TABLE OF AUTHORITIES

**Cases**

*Alexander v. F.B.I.*, 194 F.R.D. 316 (D.D.C. 2000) ..................................................... 15

*Corrigan v. Methodist Hosp.*, 158 F.R.D. 54 (E.D. Pa. 1994) ..................................... 15

*Covey Oil Co. v. Continental Oil Co.*, 340 F.2d 993 (10th Cir. 1965) ......................... 13

*Frank J. Fosbre, Jr. vs. Las Vegas Sands Corp.*, No. 2:10-cv-00765, 2016 WL 54202 (D. Nev. Jan. 5, 2016) ....................................................................................................... 17

*Goodyear Tire & Rubber Co. v. Chiles Power Supply, Inc.*, 332 F.3d 976 (6th Cir. 2003) ......... 13

*Grupo Condumex, S.A. de C.V. v. SPX Corp.*, 331 F.Supp.2d 623 (N.D. Ohio 2004) ................. 15

*In re Static Random Access Memory (SRAM) Antitrust Litig.*, 580 F. Supp. 2d 896 (N.D. Cal. 2008) ............................................................................................................... 7

*In re Subpoenas to Plains All Am. Pipeline, L.P.*, No. 1:11-CV-03543-WHP, 2014 WL 204447 (S.D. Tex. Jan. 17, 2014) ......................................................................... 10

*In re Vitamins Antitrust Litig*, Misc. No. 99–197 (TFH), 2002 WL 34499542 (D.D.C. Dec. 18, 2002) ............................................................................................................. 7

*State v. Little River Band of Ottawa Indians*, No. 5:05-CV-95, 2007 WL 851282 (W.D. Mich. Mar. 16, 2007) ............................................................................................. 14

*Taylor v. Universal Auto Grp. I, Inc.*, No. 14-MC-50, 2015 WL 1810316 (S.D. Ohio Apr. 17, 2015) .......................................................................................................... 5, 10

*Transportation Alliance Bank, Inc. v. Arrow Trucking Co.*, No. 10-CV-016-GKF-FHM, 2011 WL 4964034 (N.D. Oklahoma 2011) .................................................................. 14

*U.S. Fire Ins. Co. v. City of Warren*, No. 2:10-CV-13128, 2012 WL 2190747 (E.D. Mich. June 14, 2012) ....................................................................................................... 4

*United States ex rel. Shamesh v. CA, Inc.*, No. 09-1600-ESH, 2016 WL 74394 (D.D.C. Jan. 6, 2016) ............................................................................................................. 4, 10

*United States v. Blue Cross Blue Shield of Michigan*, No. 10-CV-14155, 2012 WL 4513600 (E.D. Mich. Oct. 1, 2012) ................................................................................... 4, 5, 10

*Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812 (5th Cir. 2004) ........................... 10

**Rules**

Fed. R. Civ. P. 26(b)(1) .......................................................................................... 4, 5, 15

**Other Authorities**

Fed. R. Civ. P. 26(b)(1) Advisory Committee's Note on 2015 Amendments ............................... 5

## <u>CONTROLLING OR MOST APPROPRIATE AUTHORITIES</u>

**Cases**

*Alexander v. F.B.I.*, 194 F.R.D. 316 (D.D.C. 2000)

*Covey Oil Co. v. Continental Oil Co.*, 340 F.2d 993 (10th Cir. 1965)

*Frank J. Fosbre, Jr. vs. Las Vegas Sands Corp.*, No. 2:10-cv-00765, 2016 WL 54202 (D. Nev. Jan. 5, 2016)

*Goodyear Tire & Rubber Co. v. Chiles Power Supply, Inc.*, 332 F.3d 976 (6th Cir. 2003)

*Grupo Condumex, S.A. de C.V. v. SPX Corp.*, 331 F.Supp.2d 623 (N.D. Ohio 2004)

*In re Vitamins Antitrust Litig*, Misc. No. 99–197 (TFH), 2002 WL 34499542 (D.D.C. Dec. 18, 2002)

*State v. Little River Band of Ottawa Indians*, No. 5:05-CV-95, 2007 WL 851282 (W.D. Mich. Mar. 16, 2007)

*Taylor v. Universal Auto Grp. I, Inc.*, No. 14-MC-50, 2015 WL 1810316 (S.D. Ohio Apr. 17, 2015)

*U.S. Fire Ins. Co. v. City of Warren*, No. 2:10-CV-13128, 2012 WL 2190747 (E.D. Mich. June 14, 2012)

*United States ex rel. Shamesh v. CA, Inc.*, No. 09-1600-ESH, 2016 WL 74394 (D.D.C. Jan. 6, 2016)

*United States v. Blue Cross Blue Shield of Michigan*, No. 10-CV-14155, 2012 WL 4513600 (E.D. Mich. Oct. 1, 2012)

**Rules**

Fed. R. Civ. P. 26(b)(1)

**Other Authorities**

Fed. R. Civ. P. 26(b)(1) Advisory Committee's Note on 2015 Amendments

REDACTED

## SUMMARY OF ARGUMENT

Automobile Dealer Plaintiffs ("ADPs"), End-Payor Plaintiffs ("EPPs"), Truck and Equipment Dealer Plaintiffs ("TEDPs"), The State of Florida, and The State of Indiana (collectively, "Plaintiffs") respectfully move to enforce two requests of a subpoena seeking the production of documents and data from certain non-party original equipment manufacturers and their affiliated entities (herein "Specified Subpoenaed Entities," or "SSEs")[3].

This motion to compel seeks the production of (1) documents, data and information produced to governmental authorities regarding the alleged conspiracy described in Plaintiffs' Complaints relating to parts installed in new vehicles for sale or lease in the U.S.; and (2) communications between the OEMs and any Defendants or other parts suppliers in connection with the facts described in Plaintiffs' Complaints.[4] There is no dispute that data and documents produced by OEMs to the DOJ or other governmental authorities is highly relevant to the auto parts actions here. Indeed, Special Master Esshaki and Judge Battani have already recognized the relevance of Defendants' productions to the DOJ. At the January 28, 2015 status conference, Judge Battani ordered all Defendants to produce all documents to Plaintiffs that they had previously produced to the DOJ within 90 days, or April 28, 2015. *See* Ex. 3 , Jan. 28, 2015 Hr'g Tr. at 56:6-8; 57:13. The Special Master has also ordered Defendants to produce all documents previously produced to the DOJ. *See* Ex. 4, *Order Granting In Part And Denying In Part End-Payor Plaintiffs Motion To Compel Discovery From Defendants Mitsuba And Koito Filed On September 22, 2015 And Further Granting Request For Limited Ruling On Said Motion By*

---

[3]   See Exhibit B to The Parties' Motion to Compel Discovery from Non-Party Original Equipment Manufacturers, filed in 2:12-md-02311-MOB-MKM, Doc # 1185.

[4] Attached hereto as Exhibit 2 is the uniform subpoena served on the SSEs. The two requests referenced here are listed as Request No. 27 and Request No. 31 in the served subpoenas.

*Defendant Keihin North America, Inc.*, 2:13-cv-02803-MOB-MKM, Doc # 53, at 7. OEMs' productions to the DOJ bear on the same investigations as Defendants' DOJ productions, and are similarly relevant. Likewise, any productions made by OEMs to other governmental authorities in connection with their investigations of the auto parts at issue in this MDL action, are similarly relevant. Additionally, some automobile manufacturers and their affiliates have either investigated, agreed to produce, or already produced documents and data responsive to the two requests at issue in this motion. *See* Ex. 5, 6 (Isuzu and Ford's Responses and Objections).

The Parties have worked diligently with the SSEs to resolve disputes regarding productions of responsive information to the two requests at issue. SSEs do not contend that these requests seek irrelevant information to this litigation. However, SSEs object to the requests on the grounds that they are either "overly broad" or seek "privileged" information. *See* December 18, 2015 letter from SSEs to Serving Parties, Ex. 7, at 12-13 ("December 18 Letter"). The SSEs did not raise any other objections with regard to these two requests. Nor did the SSEs rely on any authorities or substantive reasons when rejecting these requests. The information sought by these two requests is highly relevant to this case, and is likely already gathered for productions and/or is likely within certain designated repositories that would require a minimum effort to collect and produce.

## BACKGROUND

As ordered by the Court in January 2015, a comprehensive subpoena issued to all OEMs was served on the various OEMs and their affiliated entities between mid-July and mid-August 2015. Parties to this litigation have diligently worked to pursue third-party discovery from SSEs. After service of the subpoena, all parties who served the subpoena (the "Serving Parties") coordinated to assign specific counsel to each subpoenaed entity or family of entities to act as the

point person for communications regarding the Subpoena. Shortly thereafter, the Serving Parties began reaching out to various served entities, including the SSEs, to offer an extension to respond to the Subpoena and to set up meet and confers with each subpoenaed entity to discuss timelines for responses and production. The Serving Parties also received objections and responses to the Subpoena from certain of the subpoenaed entities.

The Serving Parties participated in a telephonic summit meeting requested by the SSEs on October 2, 2015, and have made best efforts to address the concerns raised by the SSEs, both at the summit and consistently thereafter. Since the telephonic meeting, the Serving Parties and the SSEs have communicated through a series of letters and emails, including several rounds of meaningful cuts and compromises offered by the Serving Parties.

On December 18, 2015, the OEMs sent the Serving Parties their most recent substantive letter regarding the Subpoena. *See* December 18th Letter, Ex. 7. Particularly, as to the two requests at issue in this motion, the SSEs have either refused to search and produce all responsive information based on a brief referencing of privilege, or agreed to produce some responsive information "[c]ontingent on reaching a comprehensive agreement on the scope of the subpoena and the payment of costs." *See* Ex. 7 at 2, 12-13.

Throughout this subpoena process and continuing to the present, several subpoenaed entities – OEMs and their affiliated entities that did not join the SSEs – have been meeting and conferring with the serving parties. Many of these entities have served responses and objections, and some have agreed to produce various categories of documents and data, with a few already producing documents responsive to the Subpoena. For example, Isuzu produced over 6,000 pages of documents on December 28, 2015, including ████████████████████████████████████ ████████████████████████████████████ beginning on January 6, 2016. ████████████████

REDACTED

███████████████████████████████████

███████████████████████████████████

██████████████████████

## **ARGUMENT**

A subpoena to a third party under Federal Rule of Civil Procedure 45 is subject to the same discovery standard set forth in Rule 26. *See United States v. Blue Cross Blue Shield of Michigan*, No. 10-CV-14155, 2012 WL 4513600, at *5 (E.D. Mich. Oct. 1, 2012). Pursuant to Rule 26(b)(1), "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Rule 26(b)(1) "encourage[s] the exchange of information through broad discovery" and the relevancy standard "is commonly recognized as one that is necessarily broad in its scope in order 'to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case.'" *U.S. Fire Ins. Co. v. City of Warren*, No. 2:10-CV-13128, 2012 WL 2190747, at *3 (E.D. Mich. June 14, 2012) (quotation omitted).

"Once the relevancy of the material sought has been established, the objecting party then bears the burden of [']showing why discovery should not be permitted.[']" *United States ex rel. Shamesh v. CA, Inc.*, No. 09-1600-ESH, 2016 WL 74394, at *8 (D.D.C. Jan. 6, 2016) (citations omitted). A nonparty seeking to modify a subpoena bears the burden of demonstrating that the discovery sought should be denied, and cannot rely on a mere assertion that compliance would be burdensome and onerous without demonstrating the manner and extent of the burden and the injurious consequences of having to comply. *Blue Cross Blue Shield of Michigan*, 2012 WL 4513600, at *5. Thus, where the court finds that the information and documents are relevant, the nonparty "bear[s] a *particularly heavy burden* in showing that [the] subpoena[] impose[s] an

undue burden." *Id.* (emphasis added); *see also Taylor v. Universal Auto Grp. I, Inc.*, No. 14-MC-50, 2015 WL 1810316, at *6 (S.D. Ohio Apr. 17, 2015) (granting motion to compel where nonparty both failed to identify type of burden and to provide anticipated subpoena compliance costs).

In evaluating a subpoenaed entity's attempted showing that requested discovery should not be permitted, under the new Rule 26, courts must also consider whether the discovery sought is proportional to the needs of the case, based on a consideration of the following six factors: (1) the importance of the issues at stake in the action; (2) the amount in controversy; (3) the parties' relative access to relevant information; (4) the parties' resources; (5) the importance of the discovery in resolving the issues; and (6) whether the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(1). However, the Advisory Committee made clear that "[t]he change *does not place on the party seeking discovery the burden* of addressing all proportionality considerations." *See* Fed. R. Civ. P. 26(b)(1) Advisory Committee's Note on 2015 Amendments (emphasis added).

## I.   THE DISCOVERY BEING SOUGHT IS HIGHLY RELEVANT TO PLAINTIFFS' CASES

The Court and the Master recognized the relevancy of information regarding government investigations of the auto parts conspiracy. Both the Court and the Master have already ordered production of Defendants' previous DOJ productions. Additionally, many of the parties in this litigation agreed to produce documents in response to Plaintiffs' requests that seek information produced to government authorities regarding the auto parts conspiracy alleged here. Information SSEs produced to any governmental authorities relating to the auto parts conspiracy relate to the same parties, the same parts, and the same alleged conspiracies as in Plaintiffs auto parts cases, and will provide evidence that is important to Plaintiffs' support of their claims.

Additionally, information regarding communications between OEMs and Defendants or other parts suppliers about the conspiracy is highly relevant to Plaintiffs' cases. Communications between the Defendants and the directly-targeted victims, described in their plea agreements—the OEMs—go to the core issues in this litigation. Dealerships are franchisors of these entities who buy their vehicles from the OEMs. EPPs, and the states of Indiana and Florida, also buy vehicles manufactured by the OEMs. It is imperative for the Plaintiffs to know what the entities who manufactured and sold the vehicles that are the subject of this litigation were told about the conspiracy, how they reacted to the conspiracy and how prices or other decision-making may have played out in that reaction.

As the indirect purchasers affected by Defendants' conspiratorial conduct, Plaintiffs are at a serious informational disadvantage about the workings and effects of the conspiracy. SSEs possess unique information that is directly related to Plaintiffs' claims. However, SSEs refuse to produce this information.

It appears that the SSEs do not dispute the relevance of the information sought by the two requests at issue. However, SSEs cannot not agree to produce all responsive information to RFP 27 or any information responsive to RFP 31. *See* Ex.7, at 12-13.

**A.  RFP 27**

Request No. 27 asks for "[a]ll Documents and/or transactional data produced to any regulatory or governmental authority within or outside the United States as part of any investigation relating to Components or Assemblies for installation in new Vehicles sold or leased in the U.S."

6

### i. The Court and Special Master Have Already Recognized the Importance of Productions Previously Made to Regulators to MDL 2311

Recognizing the relevance and the importance of the information relating to the government investigations, the Court and the Special Master have already, repeatedly ordered production of DOJ documents form the Defendants. For instance, the Court ordered all defendants to produce all documents to Plaintiffs that they had previously produced to the DOJ within 90 days of the January 28, 2015 status conference. *See* Ex. 3, Jan. 28, 2015 Hr'g Tr. at 56:6-8; 57:13. The Special Master has also ordered Defendants to "produce <u>ALL</u> documents previously produced to the DOJ whether or not they involve parts that are the subject of the guilty pleas of these Defendants." *See* Ex. 4, *Order Granting In Part And Denying In Part End-Payor Plaintiffs Motion To Compel Discovery From Defendants Mitsuba And Koito Filed On September 22, 2015 And Further Granting Request For Limited Ruling On Said Motion By Defendant Keihin North America, Inc.*, 2:13-cv-02803-MOB-MKM, Doc # 53, at 7.

Other courts have similarly required expedited production of previously made productions to the DOJ. *See In re Static Random Access Memory (SRAM) Antitrust Litig.*, 580 F. Supp. 2d 896, 899-900 (N.D. Cal. 2008) (court ordered production of documents produced to the DOJ to inform Plaintiffs' complaint and to be considered on motions to dismiss). *See also In re Toyota Motor Corp. Unintended Acceleration Marketing, Sales Practices, and Products Liability Litig.*, Case No. 10ML02151 (C.D. Cal. June 1, 2010), Order No. 3: Adoption of a Schedule for the Filing of Consolidated Complaint[s], Rule 26(a)(1) Initial Disclosures, and Pleadings Motion, relevant pages attached as Exhibit 8 (Requiring defendants to produce documents produced to government entities before filing their motions to dismiss). And, Courts have also recognized the relevance of productions by defendants to foreign regulatory authorities. *See, e.g., In re Vitamins Antitrust Litig*, Misc. No. 99–197 (TFH), 2002 WL 34499542, at *1, *16 (D.D.C. Dec. 18, 2002)

(affirming special master's order compelling production of submissions to EC and other authorities).

Moreover, parties to this litigation have produced or agreed to produce responsive documents to similar requests. For example, certain Defendants agreed to produce responsive documents to a request seeking "[a]ll documents that you have provided or produced to the United States Department of Justice, the Canadian Competition Bureau, the Japan Fair Trade Commission, the European Commission or any other domestic or foreign governmental entity, related to any investigation, request for information, or proceeding involving Wire Harness Products, including, but not limited to, proffers, transcripts, testimony, witness statements, responses to requests for information, documents related to plea bargain negotiations, documents related to any application for or grant of amnesty or leniency, and any documents related to any penalties or fines imposed on your company." *See* Ex. 9, End-Payor Plaintiffs' First Request For Production Of Documents To All Defendants in WH, RFP No. 9.

### ii. Information Produced to Government Authorities is Highly Relevant to the Conspiracy Being Alleged in Plaintiffs' Complaints

Most of the Defendants in this litigation have pleaded guilty to antitrust violations in the United States and/or have been subject to fines levied by the DOJ and foreign competition authorities. The productions that have been made to the DOJ and other authorities as part of the investigation that led to these pleas likely demonstrate the RFQs, purchases and supply agreements that this conspiracy touched, the identities of OEM employees responsible for procurement and supply relationships, the mechanics of supply relationships and the manufacture of the vehicles affected by the conspiracy, among other things.

### iii.   SSEs Do Not Dispute that this Request Seeks Relevant Information

Some OEM entities participating in this subpoena process have already agreed to produce responsive documents, and others have already made such productions. *See, e.g.* ███████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

Similarly, as stated in their December 18 letter, SSEs have agreed to produce information responsive to Request No. 27, stating that "[t]he SSEs that have made productions to the DOJ concerning the issues in this case will also produce to the parties the purchasing and MSRP data specified above that was part of any production to the DOJ." *See* Ex. 7 at 2, 12-13. However, SSEs conditioned their production of relevant information "on reaching a comprehensive agreement on the scope of the subpoena and protective order, the reimbursement of costs, and provided the DOJ has no objection to the production of such documents." Ex. 7, at 13.

REDACTED

Obviously, there is no real reason for SSEs to withhold this information, except to await resolution of other issues.

Courts have also explained that, there is no basis for such withholding by the SSEs. "Once the relevancy of the material sought has been established, the objecting party then bears the burden of [']showing why discovery should not be permitted.[']" *United States ex rel. Shamesh v. CA, Inc.*, No. 09-1600-ESH, 2016 WL 74394, at *8 (D.D.C. Jan. 6, 2016) (citations omitted). A nonparty seeking to modify a subpoena bears the burden of demonstrating that the discovery sought should be denied, and cannot rely on a mere assertion that compliance would be burdensome and onerous without demonstrating the manner and extent of the burden and the injurious consequences of having to comply. *Blue Cross Blue Shield of Michigan*, 2012 WL 4513600, at *5. Where the relevancy of the information sought is established, the nonparty "bear[s] a particularly heavy burden in showing that [the] subpoena[] impose[s] an undue burden." *Id.*; *see also Taylor v. Universal Auto Grp. I, Inc.*, 2015 WL 1810316, at *6 (S.D. Ohio Apr. 17, 2015) (granting motion to compel where nonparty both failed to identify type of burden and to provide anticipated subpoena compliance costs); *In re Subpoenas to Plains All Am. Pipeline, L.P.*, No. 1:11-CV-03543-WHP, 2014 WL 204447, at *3 (S.D. Tex. Jan. 17, 2014) ("Regarding burdensomeness, the movant bears the burden of persuasion that 'compliance with the subpoena would be unreasonable and oppressive'….This showing has been described as 'heavy'"….) (quoting *Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 818-19 (5th Cir. 2004)). Here, the SSEs have identified no burden at all, but instead have asserted that they are holding the responsive information until an agreement on other requests is reached.

Because no substantive reasoning was provided to show why this request should not be permitted, Plaintiffs are entitled to this information as requested.

**B. RFP 31**

Request 31 asks for "[a]ll Documents relating to Your or other OEMs' negotiations or Communications with any of the Defendants or other Components or Assemblies suppliers in connection with Defendants' and other Components or Assemblies suppliers' conduct at issue in MDL No. 2311 and Documents Defendants or other Components or Assemblies suppliers provided to You or other OEMs, in connection with the facts described in any Plaintiffs' Complaints."

### i. Request 31 Seeks Information Highly Relevant to this Litigation and Parties to this Litigation Have Agreed to Produce Documents in Response to an Equivalent Request from Plaintiffs

Information regarding communications between OEMs and Defendants about the conspiracy is clearly relevant, and no OEM has disputed this. Specifically, Plaintiffs are looking for communications between the OEMs and the Defendants or other parts suppliers regarding the parts conspiracy. That information will assist Plaintiffs in conducting an analysis of the scope and the impact of the alleged conspiracy. That information will also allow Plaintiffs to understand how the direct victims evaluated the conspiracy's impact on them, how the conspirators themselves described their wrongful conduct, and how the conspirators reacted to complaints from their major customers after the conspiracy was revealed. This understanding is clearly relevant to parties' claims and defenses in this litigation.

Therefore, Plaintiffs need this information from the SSEs to help them fully understand aspects of the conspiracy that remain unclear, for instance, how the Defendants explained the conspiracy to their major customers, the scope and impact of the conspiracy, and how long the effects of the  conspiratorial conduct lasted. More information is also necessary for Plaintiffs to conduct their own analysis on arguments raised by Defendants, such as, how the Defendants and

their co-conspirators transact business differently with their customers during the conspiracy and after the conspiracy was revealed.

Notably, parties to this litigation do not dispute the relevance of this information. Indeed, Defendants in this litigation have agreed to produce documents in response to a similar request that seeks "[a]ll Documents related to your or other Defendants' negotiations or communications with any OEMs in connection with the facts described in Dealership Plaintiffs' Complaint and Documents you or any other Defendant provided to OEMs or other customers, in connection with the facts described in Dealership Plaintiffs' Complaint." *See* Ex.10, Automobile Dealership Plaintiffs' First Set of Requests for Production of Documents to All Defendants, dated March 17, 2014, Request No. 11 and Defendants' agreements to produce documents sought in that Request. SSEs do not appear to disagree as to the relevance of this request. *See* Ex. 11, July 2, 2014, Maltas Letter to Romanenko, at 1. *See also* Ex. 12, July 14, 2014, Donovan Email to Romanenko.

### ii. Request 31 Seeks Non-Privileged Discussions between Defendants And SSEs Regarding the Conspiratorial Conduct Described in the Complaints

Without any substantive reasoning or supporting authority, the SSEs simply stated in their December 18 letter that "to the extent Request 31 seeks communications with any Defendant, if it is discoverable, it may be obtained directly from the Defendants themselves. To the extent the request goes beyond such communications, such information would be unequivocally privileged." December 18 Letter, at 13.

As an initial matter, SSEs are the only entities that have possession, custody or control of the information sought by Request 31. The OEMs likely have communications Defendants do not have or did not retain. Further, neither Defendants nor any other parties to this litigation could produce documents to show information exchanged between the SSEs and other parts

suppliers. Nor could the Defendants or any other party in this litigation produce documents to show internal communications within each one of the SSEs regarding the discussion SSEs had with Defendants or any other auto parts suppliers about the conspiracy. Thus, SSEs cannot point to any other parties in this litigation to produce information that is within SSEs' possession, custody or control. Moreover, SSEs cannot avoid responding to this request by simply pointing to other possible sources of the requested information. *See Covey Oil Co. v. Continental Oil Co.*, 340 F.2d 993, 998 (10th Cir. 1965) ("[A] person may not avoid a subpoena by saying that the evidence sought from him is obtainable from another.").

As to the objection based on assertion of privilege, "[t]he recognition of a privilege should be judged on a case-by-case basis and weighed against the public interest." *Goodyear Tire & Rubber Co. v. Chiles Power Supply, Inc.*, 332 F.3d 976, 980 (6th Cir. 2003). In *Goodyear*, the court found that the statements at issue were likely to be untrue and were irrelevant. Here, that is not the case. As stated above, the explanations and descriptions Defendants made to the OEMs—their admitted direct victims—regarding the conspiracy are highly relevant to this case, which was brought by purchasers of vehicles made by those very same OEMs. Further, given that Defendants are in an ongoing business relationship with the OEMs, and that the OEMs understand and are familiar with Defendants' businesses, it is far less likely that the statements Defendants made to the OEMs were untrue. Finally, the public interest weighs heavily in favor of disclosure here, where victims of a wide-ranging conspiracy that the Justice Department has indicated affected $5 billion in vehicle sales are seeking discovery from the manufacturers of the vehicles they purchased about the information they received from Defendants regarding the conspiracy and how they reacted to that information.

Further, there is no basis for the assertion of a settlement privilege by an entity that has never even filed a case. As a Michigan district court has ruled:

> First, the settlement privilege recognized by the Sixth Circuit in *Goodyear* has not been shown to apply *in the absence of the existence of an actual case* between the parties. While the Goodyear court was clearly discussing the settlement privilege within the context of an action already before the courts, defendant here seeks to push the reach of the so-called settlement privilege to cover documents exchanged between Chairman Ettawageshik and two public officials of the State of Michigan well prior to any lawsuit being instituted. It does so based upon the assertion that there was an on-going dialogue between the State and the Tribes about the gaming compact prior to the lawsuit. Defendant seems to take the position that whatever documents came within the purview of those talks were protected by the settlement privilege. *Nothing in the Goodyear opinion suggests, however, that the Sixth Circuit would venture to extend the settlement privilege it recognized in that case to ad hoc negotiations between members of the public who do not yet find themselves in a lawsuit with each other.*

*State v. Little River Band of Ottawa Indians*, No. 5:05-CV-95, 2007 WL 851282, at *2 (W.D. Mich. Mar. 16, 2007) (emphasis added).

Therefore, the position that "whatever documents came within the purview of those talks were protected by the settlement privilege" was rejected by that court. *Id.* at *2. Here, SSEs assert a privilege without identifying any actual settlement of a filed court case that would qualify any statements made by any Defendants to SSEs as privileged. A simple business concession made by a supplier to an OEM would not qualify statements surrounding it for privileged treatment. As the position taken by the OEMs here is the same as the position being taken by the Defendants in *Little River*, pursuant to Michigan District Court precedent, no settlement privilege applies. As yet another case noted, "[t]he present case is distinguishable from the *Goodyear* case insofar as the *Goodyear* case involved settlement discussions presided over by the Court under an admonishment that all talks were to remain confidential." *Transportation Alliance Bank, Inc. v. Arrow Trucking Co.*, No. 10-CV-016-GKF-FHM, 2011 WL 4964034, at * 1 (N.D. Oklahoma 2011). Those circumstances obviously do not exist here.

Further, "[d]ocuments created for some other purpose do not get clothed in a settlement privilege just because they are exchanged during negotiations. Rather, they must be the type of communications that the privilege was designed to protect: namely, those that are inherently unreliable . . . " *Grupo Condumex, S.A. de C.V. v. SPX Corp.*, 331 F.Supp.2d 623, 629 (N.D. Ohio 2004). SSEs have not made any showing that would lead one to believe that the statements made by them and their suppliers in the context of their business discussions regarding the conspiracy would be inherently unreliable. They have also not shown that the documents encompassed by this request were created for settlement discussions. Indeed, they have not even shown that they filed actions against Defendants that could be settled or pointed to any settlements reached.

SSEs cannot reasonably assert any settlement privilege in response to Request 31.

## II.   THE DISCOVERY SOUGHT IS, UNDER EVERY FACTOR THE COURT MUST CONSIDER, APPROPRIATE AND PROPORTIONATE TO THE NEEDS OF THIS CASE

Once the relevancy of the subpoenaed discovery is established, the burden shifts to the objecting party to show why the discovery should not be permitted. *Alexander v. F.B.I.*, 194 F.R.D. 316, 326 (D.D.C. 2000) (*quoting Corrigan v. Methodist Hosp.*, 158 F.R.D. 54, 56 (E.D. Pa. 1994)). In evaluating any showing by the OEMs that this discovery should not be compelled under Rule 45, the new Rule 26 instructs courts to consider the discovery's proportionality to the needs of the case, and specifically the following six factors: (1) the importance of the issues at stake in the action; (2) the amount in controversy; (3) the parties' relative access to relevant information; (4) the parties' resources; (5) the importance of the discovery in resolving the issues; and (6) whether the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(1). All factors weighs in favor of compelling the OEMs to produce the requested discovery.

15

Factors one and two both weigh heavily in favor of enforcement of the two requests. The scope of the parts litigations is unprecedented. These litigations involve multiple Plaintiff groups and more than a hundred and thirty Defendants in over sixty-five complex antitrust actions relating to thirty-two distinct parts. These litigations impact millions of consumers throughout the United States, and implicate hundreds of millions of purchases and leases of vehicles over the course of the last twenty years. The amounts in controversy in the parts litigations are also substantial, implicating billions of dollars of vehicle sales and leases. Settlements to date total over $298 million. It is clear that both the issues at stake and the amounts in controversy here weigh in favor of compelling the discovery sought.

The third factor also weighs in favor of granting the requested discovery. Parties are seeking information and documents that are in the exclusive control of the SSEs. As stated above, the SSEs have possession, custody, and control of information they produced to governmental authorities regarding investigations relating to auto parts installed in new vehicles for sale or lease in the U.S., and information regarding communications between them and any Defendants or other auto parts suppliers in connection with the facts described in Plaintiffs' Complaints. Plaintiffs themselves do not have access to or possession of any of the information requested by Request 27 and Request 31.

The fourth and sixth factors also weigh in favor of granting the requested discovery. The SSEs are large, sophisticated corporations that are constantly involved in complex litigation, have large legal departments, and are well equipped to respond to discovery requests. The SSEs' legal departments, both in-house and outside counsel, are familiar with handling discovery requests presented here. Especially, regarding Request 27, because it seeks information already prepared, reviewed and produced to governmental entities, it requires only minimal efforts to

16

gather and make a production. It should not cost the SSEs any excessive expenses to make this information available to Plaintiffs. Request 31 is also very limited when it seeks information that could exist only after the SSEs became aware of the auto parts conspiracy. That time period is much later than the beginning date of the relevant time period as defined for other requests in the subpoena. It is highly likely that this type of information is kept within certain custodians' files or a central location that is easily identifiable by the SSEs. Therefore, the SSEs need only spend limited time and resources to conduct very specific searches to gather this information. In any event, the SSEs have made no substantive showing of whether and how these two requests would incur any excessive expense or undue burden on their part.

The fifth factor also weighs in favor of granting the requested discovery. As stated above, Plaintiffs seek information responsive to the two requests at issue in order to gain substantive knowledge of the conspiracy that is the key aspect of this litigation. This information is necessary for Plaintiffs to substantively support their claims. *See Frank J. Fosbre, Jr. vs. Las Vegas Sands Corp.*, No. 2:10-cv-00765, 2016 WL 54202, at *5 (D. Nev. Jan. 5, 2016) (information is important to case where necessary to prove Plaintiffs' claims).

## CONCLUSION

For all of the reasons set forth above, this motion to compel discovery from the SSEs should be granted.

Dated:  January 19, 2016                    Respectfully submitted,

                                            */s/ Jonathan W. Cuneo*
                                            Jonathan W. Cuneo
                                            Joel Davidow
                                            Daniel Cohen
                                            Victoria Romanenko
                                            **CUNEO, GILBERT & LADUCA, LLP**
                                            507 C Street, N.E.
                                            Washington, DC 20002
                                            Telephone: (202) 789-3960

jonc@cuneolaw.com
joel@cuneolaw.com
danielc@cuneolaw.com
vicky@cuneolaw.com

Shawn M. Raiter
**LARSON KING, LLP**
2800 Wells Fargo Place
30 East Seventh Street
St. Paul, MN 55101
Telephone: (651) 312-6500
Facsimile: (651) 312-6618
sraiter@larsonking.com

Don Barrett
**BARRETT LAW GROUP, P.A.**
P.O. Box 927
404 Court Square
Lexington, MS 39095
Telephone: (662) 834-2488
Facsimile: (662) 834-2628
dbarrett@barrettlawgroup.com

*Interim Co-Lead Class Counsel for Dealership Plaintiffs*

*/s/ Steven N. Williams*   (w/consent)
Steven N. Williams
Demetrius X. Lambrinos
Elizabeth Tran
**COTCHETT, PITRE & McCARTHY, LLP**
San Francisco Airport Office Center
840 Malcolm Road, Suite 200
Burlingame, CA 94010
Telephone: (650) 697-6000
Facsimile: (650) 697-0577
swilliams@cpmlegal.com
dlambrinos@cpmlegal.com
etran@cpmlegal.com

Hollis Salzman
Bernard Persky
William V. Reiss
**ROBINS KAPLAN LLP**
601 Lexington Avenue, Suite 3400
New York, NY 10022
Telephone: (212) 980-7400
Facsimile: (212) 980-7499
HSalzman@RobinsKaplan.com
BPersky@RobinsKaplan.com
WReiss@RobinsKaplan.com

Marc M. Seltzer
Steven G. Sklaver
**SUSMAN GODFREY L.L.P.**
1901 Avenue of the Stars, Suite 950
Los Angeles, CA 90067-6029
Telephone: (310) 789-3100
Facsimile: (310) 789-3150
mseltzer@susmangodfrey.com
ssklaver@susmangodfrey.com

Terrell W. Oxford
Omar Ochoa
**SUSMAN GODFREY L.L.P.**
901 Main Street, Suite 5100
Dallas, TX 75202
Telephone: (214) 754-1900
Facsimile: (214)754-1933
toxford@susmangodfrey.com
oochoa@susmangodfrey.com

*Interim Co-Lead Class Counsel for the Proposed
End-Payor Plaintiff Classes*

E. Powell Miller (P39487)
Devon P. Allard (P71712)
**THE MILLER LAW FIRM, P.C.**
950 W. University Dr., Ste. 300
Rochester, Michigan 48307
Telephone:  (248) 841-2200
Facsimile:  (248) 652-2852
epm@millerlawpc.com
dpa@millerlawpc.com

*Interim Liaison Counsel for End-Payor Plaintiffs*

**DUANE MORRIS LLP**

*/s/ J. Manly Parks* (w/consent)_____
Wayne A. Mack
J. Manly Parks
**DUANE MORRIS LLP**
30 S. 17th Street
Philadelphia, PA 19103
Telephone: (215) 979-1000
Facsimile: (215) 979-1020
wamack@duanemorris.com
jmparks@duanemorris.com

*Counsel for Truck and Equipment Dealer Plaintiffs*

**MANTESE HONIGMAN, P.C.**

Gerard V. Mantese
(Michigan Bar No. P34424)

19

**MANTESE HONIGMAN, P.C.**
1361 E. Big Beaver Road
Troy, Michigan 48083
Telephone: (248) 457-9200
gmantese@manteselaw.com

*Interim Liaison Counsel for Dealership Plaintiffs*

*/s/ Jonathan W. Cuneo*
Jonathan W. Cuneo
Joel Davidow
Daniel Cohen
Victoria Romanenko
**CUNEO, GILBERT & LADUCA, LLP**
507 C Street, N.E.
Washington, DC 20002
Telephone: (202) 789-3960
jonc@cuneolaw.com
joel@cuneolaw.com
danielc@cuneolaw.com
vicky@cuneolaw.com

Shawn M. Raiter
**LARSON KING, LLP**
2800 Wells Fargo Place
30 East Seventh Street
St. Paul, MN 55101
Telephone: (651) 312-6500
Facsimile: (651) 312-6618
sraiter@larsonking.com

Don Barrett
**BARRETT LAW GROUP, P.A.**
P.O. Box 927
404 Court Square
Lexington, MS 39095
Telephone: (662) 834-2488
Facsimile: (662) 834-2628
dbarrett@barrettlawgroup.com

*Interim Co-Lead Class Counsel for Dealership Plaintiffs*

**Pamela Jo Bondi**
**Attorney General**
**State of Florida**

*/s/ Timothy M. Fraser*  (w/consent)
**Office of the Attorney General**
**State of Florida**
PL-01 The Capitol
Tallahassee, FL 32399-1050

Timothy Fraser
Assistant Attorney General
Antitrust Division
Florida Office of the Attorney General
PL-01 The Capitol
Tallahassee, FL 32399
Direct: 850-414-3733
timothy.fraser@myfloridalegal.com


**RYNBRANDT & ASSOCIATES, PLLC**

*/s/Kevin Abraham Rynbrandt* (w/consent)
Kevin Abraham Rynbrandt (P46699)
Business Address:
1000 Front Street, N.W.
Grand Rapids, MI  49504
(616) 915-9266
kar@rynbrandt.com

*Counsel for Plaintiffs*
*Indiana Attorney General's Office*
Indiana Government Building South
302 West Washington Street
5th Floor
Indianapolis, IN 46204
Phone:  (317) 232 6201
Fax:  (317) 232 7979

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on January 19, 2016 I electronically filed the foregoing papers with the Clerk of the Court using the ECF system which will send electronic notices of same to all counsel of record.

<u>*/s/ Jonathan W. Cuneo*</u>
Jonathan W. Cuneo
**CUNEO GILBERT & LADUCA, LLP**
507 C Street, N.E.
Washington, DC 20002
Telephone: (202) 789-3960
Facsimile: (202) 789-1813
jonc@cuneolaw.com