# EXHIBIT 4

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICTION OF MICHIGAN
# SOUTHERN DIVISION

| | | |
|---|---|---|
| IN RE AUTOMOTIVE PARTS ANTITRUST LITIGATION | : : : | Master File No. 12-md-02311 Honorable Marianne O. Battani Master Gene J. Esshaki |
| WINDSHIELD WIPER SYSTEMS | : | Case No. 2:13-cv-00903 |
| RADIATORS | : | Case No. 2:13-cv-01003 |
| STARTERS | : | Case No. 2:13-cv-01103 |
| AUTOMOTIVE LAMPS | : | Case No. 2:13-cv-01203 |
| SWITCHES | : | Case No. 2:13-cv-01303 |
| ELECTRONIC POWERED STEERING ASSEMBLIES | : : | Case No. 2:13-cv-01903 |
| FAN MOTORS | : | Case No. 2:13-cv-02103 |
| FUEL INJECTION SYSTEMS | : | Case No. 2:13-cv-02203 |
| POWER WINDOW MOTORS | : | Case No. 2:13-cv-02303 |
| WINDSHIELD WASHER SYSTEMS | : | Case No. 2:13-cv-02803 |
| THIS DOCUMENT RELATES TO: END-PAYOR ACTIONS | : : : | |

**ORDER GRANTING IN PART AND DENYING IN PART END-PAYOR PLAINTIFFS' MOTION TO COMPEL DISCOVERY FROM DEFENDANTS MITSUBA AND KOITO FILED ON SEPTEMBER 22, 2015 AND FURTHER GRANTING REQUEST FOR LIMITED RULING ON SAID MOTION BY DEFENDANT KEIHIN NORTH AMERICA, INC.
[2:13-cv-02203-mob Dkt. #154]**

This matter is currently before the undersigned, Special Master, in the above-referenced action, upon the Motion of End-Payor Plaintiffs' (EPPs) To Compel Discovery From Defendant Mitsuba And Koito.  Additionally, Defendant

Keihin North America, Inc. (KNA) has filed a Statement In Support Of Limited Ruling on said Motion To Compel Discovery. This Order GRANTS in part and DENIES in part EPPs Motion To Compel Discovery and further GRANTS the request for limited ruling on said Motion filed by KNA.

## BACKGROUND

On September 22, 2015, the EPPs filed a Motion To Compel Discovery From Mitsuba And Koito Defendants together with a Memorandum Of Law In Support of said Motion. Defendants, Mitsuba and Koito, filed their respective Responses to EPPs' Motion on October 9, 2015. EPPs' filed a Reply in Support of their original Motion dated October 16, 2015.

Additionally, Defendant KNA filed a Statement in Support of Limited Ruling on End-Payor Plaintiffs' Motion To Compel Discovery on October 20, 2015.

This Order is designed to resolve the Motion To Compel of EPPs and KNA's Request For Limited Ruling.

## EPPs' ARGUMENT IN SUPPORT OF MOTION TO COMPEL

As stated in their Motion, EPPs seek an Order compelling Mitsuba to produce all documents to Plaintiffs that it previously produced to the United States Department of Justice (DOJ) except documents regarding air-conditioning systems (Case No. 2:13-cv-02700), constant joint velocity boots (Case No. 2:13-cv-02900), and new automotive parts cases (e.g., spark plugs, Case No. 2:15-cv-0300 *et seq.*),

2

and (2) Mitsuba and Koito to respond to a) a single Interrogatory relating to affected vehicles served on May 19, 2015; and b) Comprehensive Interrogatories and Requests For Production Of Documents served on June 15, 2015. EPPs argue that at a Status Conference conducted before the Court on January 28, 2015, the Court Ordered all Defendants to produce all documents they had previously produced to the DOJ to Plaintiffs within ninety (90) days of the Status Conference. (*See* Hr'g Tr. at 55:23-56:8; 57:13.) Further, EPPs argue that at the same Status Conference the Court indicated discovery may proceed in all automotive cases except air-conditioning systems, constant joint velocity boots, and new cases. In accordance with these instructions, EPPs apparently served a single Interrogatory upon Defendants on May 19, 2015 (relating to affected vehicles) and comprehensive written discovery on June 15, 2015 on all Defendants except those named in the exception cases. EPPs cite the January 28, 2015 Hr'g Tr., page 25:7-14 in which the Court indicated "discovery can start anyway, we don't need to have the answers to do discovery, under the rules I can allow it and, of course, I am in this case." EPPs argue that during the Status Conference on January 28, 2015, the Court clearly and unequivocally Ordered that Defendants shall produce **all** documents previously produced to the DOJ and that discovery could commence in this action without waiting for answers to the Complaints. EPPs accordingly seek an Order from the undersigned compelling this discovery immediately.

## OPPOSITION OF DEFENDANTS MITSUBA AND KOITO

Defendants Mitsuba and Koito argue in opposition to the Motion To Compel that on November 4, 2014, the Court issued an Order indicating that the type of discovery sought by EPPs shall not proceed until Motions to Dismiss are resolved. Additionally, Defendants assert that no Scheduling Order has been entered and no Conference conducted pursuant to Fed. R. Civ. P. 26(f). Defendants further argue that EPPs' Motion To Compel is therefore premature and should be denied without prejudice.

Defendants asset that, with respect to the documents provided to the DOJ, they have previously produced all documents provided to the DOJ involving the parts for which the Defendants pled guilty. They cite actions in the Wire Harnesses, Heat Control Panels, Instrument Panel Clusters and Fuel Senders for the position that they need produce only those documents presented to the DOJ that involve parts for which a guilty plea has been entered. As to parts not involved in the guilty plea, Defendants apparently take the position that they are not obligated to produce any documents related to any such parts. (EPPs assert that Defendants have previously indicated they would produce documents related to the parts that were not involved in the guilty plea at a later date.)

Additionally, Defendants assert that the Court's statements at the Status Conference on January 28, 2015 indicating that documents produced to the DOJ

shall be delivered to Plaintiffs within ninety (90) days was not intended to overrule the implicit agreement established in prior cases that those documents did not include documents relating to parts that were not involved in the guilty plea. Additionally, Defendants assert that by indicating discovery could proceed in these actions at this point, the Court did not intend to overrule its prior Order dated November 4, 2014 which expressly prohibited discovery against Defendants in cases where motions to dismiss had not been resolved.

Finally, Defendants assert that the parties have not conducted their Rule 26(f) Discovery Scheduling Conference and that under this Rule no discovery should occur until the Conference has been conducted and a Joint Discovery Plan developed.

As previously indicated, Defendant KNA filed a separate Statement in Support of a Limited Ruling on the Motion To Compel Discovery, seeking to exclude KNA from any obligation to produce any documents it previously delivered to the DOJ because KNA did not plead guilty and was not charged with any misconduct by the DOJ. KNA argues that to order the production of documents it previously delivered to the DOJ would violate the confidentiality provisions of the Grand Jury proceedings in light of the fact that KNA has not pled guilty, nor will they, apparently, be charged with any criminal wrongdoing. It

5

should be noted that no party filed any objection to KNA's request for a limited ruling.

## ANALYSIS

The undersigned is being called upon to reconcile the statements of the Court at the January 28, 2015 Status Conference with the Court's Order dated November 4, 2014 and the provisions regarding conducting discovery prior to establishing a Scheduling Order pursuant to Rule 26(f).

The undersigned was present in the Courtroom at the Status Conference and clearly recalls the Court's instructions that (1) all materials produced by Defendants to the DOJ should be produced to Plaintiffs within ninety (90) days and (2) discovery may commence in these actions even though answers to the complaint have not been filed. The Court indicated it was empowered to direct discovery commence prior to the filing of an answer and it was exercising such power in these actions.

EPPs assert that Defendants Mitsuba and Koito have refused to produce any documents previously delivered to the DOJ that do not involve parts involved with their guilty pleas. EPPs indicate that Defendants have indicated they will produce this information once a Scheduling Order has been agreed-upon pursuant to Rule 26(f). Additionally, Defendants object to any discovery until their Motions to Dismiss have been brought on and resolved pursuant to this Court's Order of

6

November 4, 2014 and a proper scheduling conference has been conducted with an agreed-upon scheduling order pursuant to Rule 26(f).

The undersigned must strike a balance between the competing interests of these parties and what he believes was the intention of the Court as reflected by its statements during the Status Conference. Based upon the filings of the parties, the transcripts of the various hearings and the legal authorities previously submitted to the undersigned:

**IT IS HEREBY ORDERED AS FOLLOWS**:

EPPs' Motion To Compel Discovery From Defendants Mitsuba And Koito is GRANTED in part and DENIED in part as follows:

1. DOJ Documents. Within fourteen (14) days from the date of this Order, said Defendants are to produce **ALL** documents previously produced to the DOJ whether or not they involve parts that are the subject of the guilty pleas of these Defendants.

2. Single Interrogatory. Within fourteen (14) days from the date of this Order, Defendants shall answer the Single Interrogatory previously served by EPPs relating to affected vehicles.

3. Comprehensive Written Discovery. EPPs' Request For Comprehensive Written Discovery is DENIED, without prejudice, until such time as the parties are able to conduct a Rule 26(f) Scheduling Conference

and establish an agreed-upon Scheduling Plan.  The parties are instructed, within ten (10) days from the date of this Order, to commence scheduling the 26(f) Conferences.

    4.    <u>Keihin North America, Inc</u>.  The Request of KNA to limit this Order so as to exclude its application from KNA because KNA has not pled guilty to any wrongdoing, nor has been indicted for any unlawful conduct is GRANTED.  KNA, until further Order of the Court, is not required to produce any materials it submitted to the DOJ.

**IT IS SO ORDERED.**

Dated: November 9, 2015        /s/Gene J. Esshaki
                                            Gene J. Esshaki, Special Master

Pursuant to the Court's Order dated August 29, 2014, the Special Master's rulings as set forth herein, are appealable to Judge Marianne O. Battani within 21 days of this Order

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on November 9, 2015

                                                          s/ Kay Doaks
                                                          Case Manager