# EXHIBIT 8

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In Re: Toyota Motor Corp. Unintended Acceleration Marketing, Sales Practices, and Products Liability Litigation<br><br>This document relates to:<br><br>ALL CASES | 8:10ML02151 JVS (FMOx)<br><br>ORDER NO. 3: ADOPTION OF A SCHEDULE FOR THE FILING OF CONSOLIDATED COMPLAINT[S], RULE 26(a)(1) INITIAL DISCLOSURES, AND PLEADINGS MOTIONS |

On May 14, 2010, the Court issued an Order seeking the parties' positions on scheduling and preliminary discovery issues, including a deadline for the filing of consolidated class action complaint(s) for economic loss, briefing schedules for Rule 12 and other pleadings motions, the entry of an appropriate evidence preservation order, and the timing and scope of the Rule 26(a)(1) initial disclosures. Pursuant to that Order, the parties filed their Joint Statement re Proposed Scheduling Order (Docket No. 176), and each side filed their own brief as well (Docket Nos. 177, 178 (declaration), and 179), all of which the Court

reviewed in advance of the hearing.  Upon review, and after considering the arguments of the parties at the May 28, 2010, hearing, the Court makes the following Order:

I. Initial Disclosures

    A. Plaintiffs

Plaintiffs' initial disclosures shall be made no later than July 2, 2010.

    B. Toyota Defendants[1]

The Court is in agreement with defendants that full compliance with Rule 26(a)(1) is not appropriate in light of the complexity of these cases.  However, the Court is convinced that defendants have within their possession a defined set of documents, consisting of approximately 75,000 to 100,000 pages, much or all of which is likely to be discoverable, and which has already been produced to Government entities to date, including without limitation to the United States Congress and National Highway Traffic Safety Administration.  Those documents which are discoverable under the Federal Rules of Civil Procedures shall be produced no later than July 2, 2010.

As discussed at the hearing, the present Order does not alter the scope of documents that ultimately may be discoverable, nor does it limit objections to

---

[1] The Toyota Defendants include Toyota entities named as defendants in the member cases.

production on the basis that a document is not relevant[2] or is shielded by attorney-client or work-product privilege.

The Court recognizes the difficulties regarding the documents using the Japanese language; however, best efforts shall be made to produce such documents no later than July 2, 2010, and thereafter any remaining production shall be made on a rolling basis weekly.  Defendants are not obligated to provide English translations of the documents if such translations do not exist in the documents produced to the Government entities.

Documents expected to be covered by the anticipated protective order shall be produced no later than ten days after the entry of the protective order.

II.     Filing of Consolidated Complaint(s)

Plaintiffs shall file the consolidated complaint(s) in the economic loss cases no later than August 2, 2010.

---

[2] Of course, when referring to "relevancy" in the discovery context, the Court is not concerned with a document's relevancy for admissibility purposes; rather, the Court is concerned with the lower standard of relevancy applicable to a document's discoverability. Compare Fed. R. Evid. 401 ("'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.") with Fed. R. Civ. P. 26(b)(1) ("Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.").

3