# EXHIBIT 1

1   appeals for it, but let me put my two cents' worth in here.
2       I was thinking about the depositions for the
3   individual plaintiffs in all of the auto parts.  I have been
4   thinking about the issue, do you take a deposition of each
5   plaintiff in each part?  That's impossible, that is not going
6   to happen.  First of all, certainly end payers and, unless
7   somebody could convince me otherwise, auto dealers don't buy
8   cars by parts, they buy the car.  Certainly your end payers
9   probably don't even know these parts exist in their cars.  So
10  I would assume, and I don't know this, but I would assume
11  what you want to know is about how much they paid for the car
12  and where they purchased the car, that type of thing.  And I
13  would also assume that that's true for every defendant would
14  want this basic information and that this can all be done in
15  one deposition of a named plaintiff.
16      I don't know in detail what you have discussed in
17  your protocol but, you know, maybe I'm jumping the gun here
18  but I'm throwing this out because this case has to move along
19  with a little more swiftness, and that is that it is my
20  intention to do something -- I mean, if we have to innovative
21  we will be innovative but that there be one deposition.
22      So, Mr. Williams, before I go on, go ahead.
23      MR. WILLIAMS:  I just want to respond, Your Honor,
24  to your point.  This actually was a matter that the parties
25  discussed and mediated with Mr. Esshaki.

```
 1   not all doing it.  Either -- which way I don't care but I
 2   want you to have the opportunity to ask, you know, to get the
 3   information you need and at the same time only do a single
 4   deposition of most of these named plaintiffs.  Granted there
 5   may be something that comes up that would require an extra
 6   deposition, I don't know what that could be, you would know
 7   that, and we would deal with that, but that's kind of what I
 8   had in mind for the depositions.  So I just throw that out so
 9   when you are doing your protocol it may be a little late but
10   I've just been thinking about this.
11           Ms. Sullivan?
12           MS. SULLIVAN:  I do think that the language that
13   Master Esshaki has instructed the parties to include in the
14   protocol does envision the types of things that you may be
15   thinking about in terms of cooperating with each other and
16   trying to avoid duplication.  This is one of the reasons why
17   I asked for clarification regarding replacement parts because
18   speaking only on behalf of the wire harness defendants, not
19   on behalf of any defendant in any of the other cases, for us
20   it seems much more likely that we will be able to accomplish
21   having only a single deposition of the end payers when if it
22   is true that that's all that they are claiming is damages
23   based on the purchase of a car, and that applies in all of
24   the cases.  Again, I'm not speaking on behalf of any of the
25   other defendants in those other cases but I do expect that we
```

1  should be able to accomplish what you are envisioning with
2  respect to the end payers.
3         The auto dealers are differently situated.  First,
4  they have not yet withdrawn their replacement part claims in
5  the other cases and that will make a difference, I suspect,
6  because if they are claiming damages based on those other
7  purchases of the other parts the parties in those other cases
8  will need to explore the prices that they paid, whether the
9  prices were negotiated, the prices for which they sold those
10 parts, et cetera, et cetera, and so that will add to the
11 complexity significantly.
12        THE COURT:  Unless they drop as they did in the
13 wire harness?
14        MS. SULLIVAN:  Correct.  In addition, the auto
15 dealers are more complicated as well because of where they
16 sit in the distribution chain, so not only do we need to
17 explore their purchases of cars but also their sales of cars,
18 and that relates to the pass-through issue that Your Honor
19 identified back in the motion to dismiss ruling back in 2013
20 I believe.  So those are more complicated depositions.  We
21 are hopeful that we will be able to avoid as much duplication
22 as possible.  We are making -- we have committed to using our
23 best efforts to do that, and we will take every step that we
24 can think of to try to avoid duplication.
25        THE COURT:  Okay.  Well, there is not going to be

*1* duplication unless it comes before me first that you need a
*2* second deposition, let me start with that, because we just
*3* cannot start doing two depositions or more of everyone, so
*4* I'm not barring it, I'm just saying I need to know why.
*5*       MS. SULLIVAN: Your Honor, for the wire harness
*6* defendants, our primary concern is that our depositions are
*7* not delayed and because many of the other cases are far
*8* behind us we have been concerned that if there is a ruling
*9* that only one deposition may occur across the entire auto
*10* parts MDL that we will then have to wait for those other
*11* cases to catch up, and it is very important to us that we not
*12* have to wait. As you know, we have been in discovery in this
*13* case for a very long time, and we would like to move forward
*14* with our depositions.
*15*       THE COURT: Well, you may have to wait, you may
*16* have to wait. I don't think this is a big deal. I think
*17* that every one of these defendants knows right now what
*18* information they want from each person.
*19*       MS. STORK: Your Honor if I could just say a word?
*20* Good morning. My name is Anita Stork and I represent
*21* Alps Electric, with case number 4, heater control panels, and
*22* I also represent another defendant who was just recently
*23* served in fuel injection systems, namely Tahen (phonetic)
*24* North America.
*25*       I think -- and I know that we are all for