# EXHIBIT 8

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| In Re: AUTOMOTIVE PARTS ANTITRUST LITIGATION | : : : | 12-md-02311 Honorable Marianne O. Battani |
| In Re: WIRE HARNESS CASES | : : : | |
| THIS RELATES TO: ALL DEALERSHIP CASES | : : : | 2:12-cv-00102-MOB-MKM |

**DEALERSHIP PLAINTIFFS' FIRST REQUEST FOR
PRODUCTION OF DOCUMENTS DIRECTED TO ALL DEFENDANTS**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, the Dealership Plaintiffs serve this First Set of Requests for Production of Documents to All Defendants. Plaintiffs request that Defendants produce the documents described below for inspection and copying, within thirty (30) days after service hereof, at the offices of Larson • King, LLP, 30 East Seventh Street • Suite 2800 St. Paul, MN 55101or at such other place, time or manner as mutually agreed by the parties.

**REQUESTS TO ALL DEFENDANTS**

1. All documents and other materials showing how employees were trained or instructed to bid and set prices submitted to OEMs and other purchasers or potential purchasers, for Wire Harness Products, as part of RFQs, or any other procurement process, including management and instruction documents setting forth the lowest bid or price employees were authorized to submit, how to determine the lowest allowable bid or price, and when and how to increase or decrease a proposed bid or price.

2. All Documents, including studies and analyses, showing the relationship between prices charged or submitted to different OEMs, for Wire Harness Products, through RFQs and any other procurement process, including Documents concerning the use of base prices.

3. All Documents concerning any agreement or understanding that prices charged to one OEM for Wire Harness Products will not be below prices charged to another OEM.

4. All Documents including studies and analyses, showing the relationship between prices charged or submitted, for Wire Harness Products, for different vehicle models, made by the same OEM, through RFQs and any other procurement process, including Documents concerning the use of base prices.

5. All Communications with OEMs regarding prices for Wire Harness Products charged or submitted to them or other actual or potential purchasers of Wire Harness Products.

6. All Documents related to requests by your customers or potential customers that you decrease prices charged, submitted or provided for any Wire Harness Product and techniques used to accomplish these reductions.

7. All bids related to Wire Harness Products that were formulated by you or any other Defendant or Wire Harness Product manufacturer or seller, but not submitted to any actual or potential purchaser or customer, and documents describing or discussing why those bids were not submitted.

8. All Documents related to discussions regarding post-RFQ pricing and value engineering pricing, including discussions among your employees and between you and your customers and potential customers.

9. All Documents relating to automobile dealers, including automobile dealer purchases of vehicles and Wire Harness Products.

10. All Documents relating to the named Plaintiffs in this action.

11. All Documents related to your or other Defendants' negotiations or communications with any OEMs in connection with the facts described in Dealership Plaintiffs' Complaint and Documents you or any other Defendant provided to OEMs or other customers, in connection with the facts described in Dealership Plaintiffs' Complaint.

12. All Documents relating to OEMs' sales to their customers of vehicles and Wire Harness Products.

13. All Documents related to the impact of Wire Harness Prices on motor vehicle prices.

14. All Documents related to the impact of original equipment Wire Harness Product prices on prices of replacement Wire Harness Products sold by you to your customers or potential customers.

15. All Documents responsive to requests 1-14, *supra* and previously served requests by Direct Purchaser Plaintiffs and End-Payor Plaintiffs, for any entities you acquired or whose assets you acquired during the relevant period or with whom you merged during the relevant period, who sold or manufactured Wire Harness Products during that period.

## **DEFINITIONS**

The following Definitions apply to these Requests:

1. "Agreement" means any oral or written contract, arrangement or understanding, whether formal or informal, between two or more persons, together with all modifications and amendments thereto.

2. "All" includes "each" and "any," and vice versa.

3

3. "And" and "or" are interchangeable. "And" is understood to include and encompass "or," and vice versa.

4. "Communication" means, without limitation, oral or written communication of any kind, all electronic communications, emails, facsimiles, telephone communications, correspondence, exchange of written or recorded information, or face-to-face meetings. The phrase "communication between" is defined to include instances where one party addresses the other party but the other party does not necessarily respond.

5. "Complaint" means the Consolidated Amended Class Action Complaint filed July 17, 2013.

6. "Defendant" means any company, organization, entity or person presently or subsequently named as a Defendant in this litigation, including, without limitation, any of its predecessors, successors, subsidiaries, departments, divisions and/or affiliates, or entities, who manufactured Wire Harness Products during the relevant period, that it acquired or merged with during the relevant period, or any organization or entity which Defendant manages or controls, together with all present and former directors, officers, employees, agents, representatives, or any person acting or purporting to act on Defendant's behalf.

7. "Document" shall be broadly interpreted as used in Rule 34(a) of the Federal Rules of Civil Procedure and applies equally to hard copy and electronically stored information. The term "document" includes, without limitation, the original and all non-identical copies of all written or printed items, including, without limitation, letters, correspondence, memoranda, legal pleadings, calendars, diaries, day planners, card files or Rolodex files, expense reports, travel records, lists,

outlines, summaries, records of telephone conversations, telegrams, facsimiles, notes, reports, data, data compilations, data analyses, compilations, notebooks, work papers, graphs, charts, spreadsheets, blueprints, books, pamphlets, brochures, circulars, manuals, instructions, ledgers, drawings, sketches, photographs, videotapes, audiotapes, film and sound reproductions, emails, internal or external website content, compact discs, computer files and disks, sales, advertising and promotional literature, agreements, contracts, stored recordings, minutes or other recordings of meetings, all written or graphic representations of any kind, and all mechanical or electronic data, records or representations of any kind. The term "Document" includes ESI.

8.      "Electronically stored information" or "ESI" has the same full meaning as provided by Federal Rules of Civil Procedure 26 and 34 and includes, without limitation, the following: (a) structured and unstructured data, as those terms are defined in The Sedona Conference Glossary, available at www.thesedonaconference.org/publications: (b) activity listings of electronic mail receipts and/or transmittals; (c) output resulting from the use of any software program, including, without limitation, word processing documents, spreadsheets, database files, charts, graphs and outlines, electronic mail, instant messaging programs and applications (e.g., AOL Instant Messenger™, BlackBerry Messenger™, iChat and iCloud), text-messaging programs or applications, or bulletin board programs, operating and backup systems, source code, PRF files, PRY files, batch files, ASCII files, and all miscellaneous media on which they reside and regardless of whether said electronic data exists in an active file, a backup file or system, a deleted file or system, or file fragment; (d) any and all items stored on

computer memories, hard disks, floppy disks, CD-ROM, magnetic tape, microfiche, or in any other vehicle for digital data storage or transmittal, such as, but not limited to, desktop computers; servers and other network computers; backup tapes or systems; laptop computers; tablets (e.g., iPads); home or personal computers used for business purposes; cellphones, smartphones, personal digital assistants, or similar devices running mobile operating systems, including such devices owned by Your Employees and used in any way for business purposes; external storage devices (such as "keychain" drives) and file folder tabs; or containers and labels appended to or relating to any physical storage device associated with each original or copy of all documents requested herein; (e) any and all items stored on voice-mail systems, websites, company intranet sites, chat rooms and social networking websites (e.g., Facebook, LinkedIn, and social websites listed at http://en.wikipedia.org/wiki/List of social networking websites); and (f) any and all data, data compilations, and data analyses.

9.      "Employee" means, without limitation, any current or former officer, director, executive, manager, secretary, assistant, staff member, messenger, agent or other person who is or was employed by a Defendant, or any other manufacturer or seller of Wire Harness Products, as defined below.

10.     "Including" is used to emphasize certain types of documents requested and should not be construed as limiting the request in any way.

11.     "Meeting" means, without limitation, any assembly, convocation, encounter, or contemporaneous presence (whether in person or via any electronic, computer-assisted, digital, analog, or telephonic method of communication) of two or more persons for any purpose, whether planned or arranged, scheduled or not.

12. "OEM" means original equipment manufacturer, including motor vehicle manufacturers.

13. "Person" means any natural person, corporation, or partnership, or any business, legal, or government entity, organization, or association.

14. "Relating to," "referring to," "regarding" or "with respect to" mean, without limitation, the following concepts: concerning, discussing, describing, reflecting, dealing with, pertaining to, analyzing, evaluating, estimating, constituting, studying, surveying, projecting, assessing, recording, summarizing, criticizing, reporting, commenting, or otherwise involving, in whole or in part.

15. "RFQ" means requests to purchase of any kind, including without limitation invitations to bid or submit proposals, and formal requests for quotation.

16. "Wire Harness Products" means and includes wire harnesses and the following related products: automotive electrical wiring, lead wire assemblies, cable bond, automotive wiring connectors, automotive wiring terminals, high voltage wiring, electronic control units, fuse boxes, relay boxes, junction blocks, power distributors, and speed sensor wire assemblies used in motor vehicles.

17. "You," "your" or "your company" mean the responding Defendant, its predecessors, successors, subsidiaries, departments, divisions, affiliates and/or any entities the responding Defendant has acquired or that have merged with Defendant, to the extent such acquired or merging entities made Wire Harness Products during the relevant period, noted in instruction 1, including without limitation, any organization or entity which the responding Defendant manages or controls, together with all present and former directors, officers, employees, agents, representatives, or any person acting or purporting to act on behalf of the responding Defendant.

7

18.     The use of the singular herein also includes the plural, the masculine and the feminine, as appropriate in the context. The use of any tense of any verb shall include also within its meaning all other tenses of the verb.

19.     "Original equipment Wire Harness Product" means a Wire Harness Product sold to be installed in a vehicle when it is manufactured, rather than as a replacement.

**INSTRUCTIONS**

1.      Unless otherwise noted, the relevant time period for these Requests is that negotiated by the parties through the meet and confer process commenced on January 22, 2014.  Each Request seeks all responsive documents created or generated during the relevant time period, as well as all responsive documents created or generated outside the relevant time period that contain information concerning the relevant time period.

2.      Pursuant to Rule 26(e) of the Federal Rules of Civil Procedure, these Requests are continuing in nature. If you, your directors, officers, employees, agents, representatives, or any person acting on your behalf subsequently discovers or obtains possession, custody or control of any document covered by these Requests, you shall promptly make any such document available to Plaintiffs.

3.      In producing documents, you are to furnish all documents in your possession, custody or control, regardless of the physical location of such documents or whether such documents are possessed directly by you or your directors, officers, agents, employees, representatives, accountants, outside consultants, subsidiaries, managing agents, affiliates, investigators, or by your attorneys or their employees,

agents or investigators. You are to furnish all responsive documents from custodial and non-custodial sources regardless where the documents are located (e.g., Your servers; Your Employees' work or personal computers, including but not limited to all custodial and non-custodial structured and unstructured data stores , or cloud-based storage).

4. Pursuant to Rule 34(b) of the Federal Rules of Civil Procedure and the Stipulation and Order Regarding Production of Electronically Stored Information and Hard Copy Documents (the "ESI Stipulation") (Dkt. No. 110), all documents shall be produced in the same order as they are kept or maintained by you in the ordinary course of your business. All documents shall be produced in the file folder, envelope, or other container in which the documents are kept or maintained. If, for any reason, the container cannot be produced, you should produce copies of all labels or other identifying marks that may be present on the container.

5. Documents shall be produced in such fashion as to identify the parent, subsidiary, affiliate and the department, branch or office in whose possession they were located and, where applicable, the natural person in whose possession they were found (i.e., the document custodian) and the business address of each document custodian.

6. Pursuant to the ESI Stipulation, documents attached to one another should not be separated. If any portion of any document is responsive to any portion of a Request, the entire document must be produced.

7. If a document once existed and subsequently has been lost, destroyed, or is otherwise missing, you should provide sufficient information to identify the

document, the specific reason the document cannot be produced, and the identity of the person or entity that last possessed the document.

8.      If any document responsive to any of these Requests is privileged, and the document or any portion of the document requested is withheld based on a claim of privilege pursuant to Rule 26(b)(5) of the Federal Rules of Civil Procedure, or based on any other statute or reason, provide a statement of the claim of privilege and all facts relied upon in support of that claim as required by the Federal Rules of Civil Procedure, including the following information: (a) the reason for withholding the document; (b) the date(s) of the document; (c) the type of document (i.e., email, letter, report); (d) the general subject matter of the document (such description shall not be considered a waiver of your claimed privilege); (e) the present location of the document; (f) the identity of all the persons involved with the document (i.e., all authors and recipients); and (g) the number or numbers of these Requests to which each such document is responsive.

9.      Each document requested herein should be produced in its entirety and without deletion, redaction, or excision, except as qualified by Instruction No. 8, above, regardless of whether you consider the entire document or only part of it to be relevant or responsive to any Requests. All redacted documents must be produced in accordance with the ESI Stipulation. If you have redacted any portion of a hard copy document on the basis of privilege, stamp the word "REDACTED" beside the redacted information on each page of the document which you have redacted. Any redactions to documents produced should be identified in accordance with Instruction No. 8, above.

10.     Please provide an index or other means (such as a source log) to determine which files came from which office and/or which person.

11.     When responding to these Requests, if your response references documents You previously produced, identify the previously produced documents by Bates number.

DATED: March 17, 2014                 /s/ Jonathan W. Cuneo
Jonathan W. Cuneo
Joel Davidow
Victoria Romanenko
Cuneo Gilbert & LaDuca, LLP
507 C Street, N.E.
Washington, DC 20002
Phone: (202) 789-3960
Fax: (202) 789-1813
Email: jonc@cuneolaw.com
Joel@cuneolaw.com
Vicky@cuneolaw.com

Shawn M. Raiter
Paul A. Sand
Larson • King, LLP
2800 Wells Fargo Place
30 East Seventh Street
St. Paul, MN 55101
Telephone: (651) 312-6500
Email: sraiter@larsonking.com
psand@larsonking.com

Don Barrett
David McMullan
Brian Herrington
Barrett Law Group, P.A.
P.O. Box 927
404 Court Square
Lexington, MS 39095
Telephone: (662) 834-2488
Email: dbarrett@barrettlawgroup.com
bherrington@barrettlawgroup.com
dmcmullan@barrettlawgroup.com

CERTIFICATE OF SERVICE

I, Victoria Romanenko, hereby certify that I caused copies of the attached Dealership Plaintiffs' Requests for Production to be served via electronic mail on the following counsel for Defendants:

Larry S. Gangnes
LANE POWELL PC
1420 Fifth Ave., Suite 4100
Seattle, WA 98101-2338
gangnesl@lanepowell.com

Craig D. Bachman
Kenneth R. Davis II
Darin M. Sands
LANE POWELL PC
ODS Tower
601 SW Second Ave., Suite 2100
Portland, OR 97204-3158
bachmanc@lanepowell.com
davisk@lanepowell.com
sandsd@lanepowelI.com

Richard D. Bisio
KEMP KLEIN LAW FIRM
201 W. Big Beaver, Suite 600
Troy, MI 48084
richard.bisio@kkue.com

*Attorneys for Defendants American Furukawa, Inc., and Furukawa Electric Co., Ltd.*

Steven F. Cherry
David P. Donovan
Brian Smith
WILMER CUTLER PICKERING HALE AND DORR LLP
1875 Pennsylvania Avenue, N. W.
Washington, D.C. 20006
steven.cherry@wilmerhale.com
david.donavan@wilmerhale.com
Brian.Smith@wilmerhale.com

*Attorneys for Defendants DENSO International America, Inc. and DENSO Corporation*

James L. Cooper
Mike Rubin
Katherine Clemons
ARNOLD & PORTER LLP
555 Twelfth Street NW
Washington, DC 20004
james.cooper@aporter.com
Michael.rubin@aporter.com
Katherine.clemons@aporter.com

*Attorneys for Defendants Fujikura Automotive America LLC and Fujikura Ltd.*

Andrew S. Marovitz
Britt M. Miller
MAYER BROWN LLP
71 S. Wacker Drive
Chicago, IL 60606
amarovitz@mayerbrown.com
bmiller@mayerbrown.com

*Attorneys for Defendant Lear Corporation*

Marguerite M. Sullivan
Kelsey McPherson
Jeffrey Newhouse
Allyson Maltas
LATHAM & WATKINS LLP
555 Eleventh Street NW, Suite 1000
Washington, DC 20004
maggy.sullivan@lw.com
Kelsey.McPherson@lw.com
Jeffrey.Newhouse@lw.com
Allyson.Maltas@lw.com


*Attorneys for Defendants Sumitomo Electric Industries, Ltd., Sumitomo Electric Wintec America, Inc., Sumitomo Wiring Systems, Ltd., Sumitomo Electric Wiring Systems, Inc., K&S Wiring Systems, Inc., and Sumitomo Wiring Systems (USA.) Inc.*

W. Todd Miller
BAKER & MILLER PLLC
2401 Pennsylvania Ave., NW, Suite 300
Washington, DC 20037
TMiller@bakerandmiller.com

*Attorneys for Defendants Tokai Rika Co., Ltd. and TRAM, Inc.*

John M. Majoras
Carmen G. McLean
JONES DAY
51 Louisiana Ave. N.W.
Washington, D.C. 20001-2113
jmmajoras@jonesday.com
cgmclean@jonesday.com

Michelle K. Fischer
Stephen J. Squeri
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, OH 44114
mfischcr@jonesday.com
sjsqueri@jonesday.com

*Attorneys for Defendants Yazaki Corporation and Yazaki North America, Inc.*

Donald M. Barnes
Jay L. Levine
Salvatore A. Romano
John C. Monica
Molly S. Crabtree
Karri N. Allen
PORTER WRIGHT MORRIS & ARTHUR LLP
1919 Pennsylvania Ave., NW, Ste 500
Washington, DC 20006
Telephone: (202) 778-3054
Facsimile: (202) 778-3063
dbarnes@porterwright.com
sromano@porterwright.com
jmonica@porterwright.com
mcrabtree@porterwright.com
kallen@porterwright.com

*Counsel for Defendants G.S. Electech, Inc., G.S.W. Manufacturing, Inc., and G.S. Wiring Systems, Inc.*

Wm. Parker Sanders (Georgia Bar No. 626020)
SMITH, GAMBRELL & RUSSELL, LLP
Promenade II, Suite 3100
1230 Peachtree Street, N.E.
Atlanta, Georgia 30309
Telephone: (404) 815-3684
psanders@sgrlaw.com

*Counsel for Defendant Kyungshin-Lear Sales and Engineering, LLC*

Michael F. Tubach
O'MELVENY & MYERS LLP
Two Embarcadero Center, 28th Floor
San Francisco, CA 94111
Telephone: (415) 984-8700
Fax: (415) 984-8701
Mtubach@omm.com

*Counsel for Defendants Leoni Wiring Systems, Inc. and Leonische Holding Inc.*

DATED: March 17, 2014                            /s/ Victoria Romanenko
                                                 Victoria Romanenko