UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

|  |  |
|---|---|
| In Re: AUTOMOTIVE PARTS ANTITRUST LITIGATION | Master File No.: 12-md-02311<br>Honorable Marianne O. Battani<br>Special Master Gene J. Esshaki |
| In Re: All Auto Parts Cases | 2:12-MD-02311-MOB-MKM |
| THIS DOCUMENT RELATES TO:<br>ALL AUTO PARTS CASES |  |

**OPPOSITION TO MOTION TO COMPEL BY NON-PARTY
TRUCK AND EQUIPMENT SPECIFIED SUBPOENAED ENTITIES**

**Statement of the Issue**

1. Whether this Court should compel non-party Truck and Equipment Specifically Subpoenaed Entities ("TE SSEs")[1] to produce very burdensome discovery sought by the Truck and Equipment Dealer Plaintiffs ("TEDPs"), in light of the facts that

    (a)    the TEDPs recognized that they needed to identify appropriate criteria for such production but failed to do so;

    (b)    the TEDPs failed to respond to the SSEs' letter stating the SSEs were interpreting the TEDPs' silence as holding the subpoena in abeyance for the TE SSEs;

    (c)    the TEDPs failed in their motion and supporting memorandum to even discuss their need for such discovery or its relevance; and

    (d)    had the TEDPs bothered to meet-and-confer with the TE SSEs, the TE SSEs would have explained that the highly customized nature of heavy truck component purchasing and customer ordering makes most of the extremely burdensome discovery sought irrelevant?

    **Answer:**    No.

---

[1] The TE SSEs filing this Opposition are: Daimler Trucks North American LLC, Daimler Vans Manufacturing LLC, Daimler Vans LLC, Freightliner Custom Chassis Corp, Mitsubishi Fuso Truck of America, Inc., Thomas Built Buses, Inc., Western Star Trucks Sales, Inc.

i

**Preliminary Statement**

Early in the negotiations over the Subpoena, the Parties stated that they were "prepared to discuss appropriate criteria for the truck and equipment entities." Over the next several months, however, the Parties failed to respond to any inquiry directed to discovery sought from the non-party TE SSEs. The SSEs notified the Parties that they were interpreting their silence as holding in abeyance the Subpoena to the TE SSEs. The Parties did not respond to that either. The Parties' Motion seeks to compel discovery on behalf of the TEDPs, but fails to address their silence during the negotiations and offers no argument on their behalf. As directed to the TE SSEs, the Motion should be denied in all respects, as the Parties have wholly failed to meet-and-confer and because they have failed to show they seek relevant discovery form the TE SSEs. What is more, as the case law has recognized, the manufacture and sale of heavy trucks are highly customized. Essentially, each heavy truck is built to order. As directed towards the TE SSEs, the Subpoena would simply impose extreme burden for no purpose.

**Statement of Facts**

The SSEs December 18, 2015 letter stated in part:

> A.   Truck and Equipment SSEs
>
> In your October 14th letter, you noted that the Parties were "prepared to discuss appropriate criteria for the truck and equipment entities." Accordingly, we had understood our October 29th letter to be requesting the Parties to specifically identify which, if any, requests they are continuing to press. Your November 24th letter does not address this issue. Accordingly, *unless we hear otherwise, the Truck and Equipment SSEs will deem the subpoena held in abeyance in its entirety.* [Abeles Decl., Ex. 11, at 3 (emphasis added).]

The Parties responded to the December 18th letter in an email dated December 24th, declaring the negotiations were at an "impasse," but did *not* respond to the phrase emphasized immediately above. (*See id.*, Ex. 12.) The SSEs responded by letter dated December 30th, stating in part that the Issuing Parties' email "failed to address any of the issues" raised in the

1

December 18th letter, including failing "to meet and confer concerning the scope of requests issued to the Truck and Equipment SSEs." (*See id.*, Ex. 13.) The Parties responded by letter dated January 13, 2016, and without any discussion of their failure to discuss the "appropriate criteria with the truck and equipment entities" as they had promised (*id.*, Ex. 8, at 2), simply stated they were seeking discovery on behalf of the TEDP. (*Id.*, Ex. 14, at 2.)

The Parties' Memorandum in support of their Motion ("Mem.") contains virtually no discussion justifying the Subpoena as directed at the TE SSEs. *See* Mem. 1 n.1 (including TEDPs as moving); 17 n. 38 (identifying TEDPs as joining the discussion from 17 to 19, but there is no discussion about the TE SSEs); 20 (one sentence about what Defendants seek with respect to sales to TEDPs); 25 (two sentence statement by TEDP simply say they "join" in these requests). That is the sum total of discussion of the TEDPs in the Memorandum. It amounts to no argument at all.

## Argument

**I.     THE MOTION TO COMPEL SHOULD BE DENIED AS TO THE TE SSES BECAUSE THE TEDPS FAILED TO MEET AND CONFER.**

Rule 7.1(a)(2)(A) of the Local Rules of this Court requires a party moving to compel discovery state that "there was a conference between attorneys or unrepresented parties and other persons entitled to be heard on the motion in which the movant explained the nature of the motion or request and its legal basis and requested but did not obtain concurrence in the relief sought." Before a party can move to compel, that party must in good faith explain to the party from whom discovery is sought why the discovery is relevant. *See Brown v. Carter*, Case No. 4:14:CV-14350, 2015 WL 5093421, at *2 (E.D. Mich. Aug. 8, 2015) (Patti, M.J.); *N. Am. Specialty Ins. Co. v. Executive Constr. Mgmt., Inc.*, No. 08-10374, 2009 WL 189860 (E.D. Mich. January 6, 2009) (Hluchaniuk, M.J.).

2

In his Declaration in support of the Motion to compel, Steven N. Williams declares that the Parties and SSEs met and conferred extensively, but nowhere in his declaration or in the attached exhibits is there any indication that the *TEDPs* met-and-conferred about anything. Rather, the TEDPs recognized the need to "discuss appropriate criteria with the truck and equipment entities" (Abeles Decl., Ex. 8, at 2, last sentence), but never did so. When informed by SSEs that their silence was being interpreted as holding the Subpoena "in abeyance" (*id.*, Ex. 11, at 3), they *again* were silent. The TE SSEs respectfully request that the Court rule that the TEDPs (a) altogether failed to satisfy Michigan L.R. 7.1's obligation to meet-and-confer and (b) abandoned the Subpoena as directed at the TE SSEs during negotiations

## II.     THE TEDPS FAILED TO SUPPORT THEIR REQUESTS IN THE MOTION.

Rule 45 subpoenas are subject to the same "proportionality" standard as Rule 26(b)(1). Discovery must be "proportional to the needs of the case," considering, among other things, "the importance of the issues at stake in the action," "the parties relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."

Here, it is impossible to determine whether the discovery that the TEDPs seek is "proportional to the needs of the case," because there is not a line in the motion or memorandum supporting it about why the TEDPs need the discovery sought from the TE SSEs.

## III.    HEAVY TRUCKS ARE HIGHLY CUSTOMIZED, HENCE THE SUBPOENA MAKES LITTLE SENSE AS DIRECTED TO THE TE SSES.

The Supreme Court has ruled that the Robinson Patman Act does not apply to heavy trucks because such trucks are "specially ordered products" and are "sold through a customer-specific competitive bidding process." *Volvo Trucks N. Am., Inc. v. Reeder-Simco GMC, Inc.*, 546 U.S. 164, 169-70 (2006); *see also In re Class 8 Transmission Indirect Purchaser Antitrust*

3

*Litig.*, --- F. Supp. 3d ---, Civ. No. 11-00009-SLR, 2015 WL 6181748, at *9 (D. Del. Oct. 21, 2015) (denying class certification because individual issues predominated over common issues in light of the fact that "each truck is unique and highly customized for use in different applications, meaning manufacturing costs for each truck varies by tens of thousands of dollars").[2]

### Conclusion

For the foregoing reasons, and the reasons set forth in the SSEs' Joint Opposition, the Motion to Compel with respect to production by the TE SSEs should be denied in all respects.

DATED: February 19, 2016

Respectfully submitted,

QUINN EMANUEL URQUHART &
SULLIVAN, LLP

By /s/ Jon Steiger

Jon Steiger (Bar No. P35505)
Dominic Surprenant (admission pending)
Attorneys for Daimler Trucks North American LLC, Daimler Vans Manufacturing LLC, Daimler Vans LLC, Freightliner Custom Chassis Corp, Mitsubishi Fuso Truck of America, Inc., Thomas Built Buses, Inc., Western Star Trucks Sales, Inc..

---

[2] *See also* Abeles Decl., Ex. 28 (Declaration of Rhett Hayes, Manager of Application Engineering at Daimler Trucks North America).

4

## CERTIFICATE OF SERVICE

I certify that on February 19, 2016, I caused a copy of the foregoing Opposition to Motion to Compel by Non-Party Truck and Equipment Specified Subpoenaed Entities to be electronically filed via the Court's ECF system, which will serve notification of such filing to all counsel of record for the Parties.

/s/ Jon Steiger
Jon Steiger