# EXHIBIT 13

**Proskauer**  Proskauer Rose LLP   1001 Pennsylvania Avenue, NW Suite 600 South   Washington, DC 20004-2533

December 30, 2015

Colin Kass
d 202.416.6890
f 202.416.6899
ckass@proskauer.com
www.proskauer.com

<u>*Via Email*</u>

Re: *In re Automotive Parts Antitrust Litig.*, 2:12-md-02311

Dear Counsel for the Moving Parties:

We write on behalf of the Specified Subpoenaed Entities in response to your Christmas Eve declaration of impasse, and your corresponding request for a briefing schedule for your anticipated motions to compel.

As an initial matter, we note that the Moving Parties have not satisfied their obligation to meet and confer in good faith, as required by, *inter alia*, Fed. R. Civ. P. 37(a)(1). The Parties failed to address *any* of the points raised in our December 18th letter and, by way of example:

- Refused to respond to the OEM SSE's offer of production, including their offer to produce purchasing information from identified non-Defendant suppliers.

- Refused to respond to the OEM SSE's and certain distributor SSE's offer of production concerning downstream information concerning vehicle MSRPs.

- Refused to meet and confer concerning the scope of requests issued to the Truck and Equipment SSEs.

- Refused to explain the basis for seeking financing and credit information, or other downstream information wholly unconnected to component costs.

- Refused to explain the basis for seeking discovery from financing and credit SSEs, banking and capital SSEs, R&D SSEs, and Design SSEs.

- Refused to meaningfully negotiate which of the "smaller SSEs" should be excluded. (In that regard, we note that the Parties have excluded Maserati and Rolls Royce, while still demanding – without explanation – discovery from many similar-sized or smaller SSEs).

- Refused to explain the basis for seeking discovery from domestic distributor affiliates of foreign OEMs, given the lack of jurisdiction over the foreign OEMs' information and the limited relevance of the distributor information.

- Refused to explain the basis for seeking discovery of settlement-related information.



Page 2

- Refused to engage in any discussion concerning the categories of costs that the Issuing Parties will reimburse, as required by Fed. R. Civ. P. 45(d)(2).

Prior to your declaration of impasse, we had believed that the process was working. The Parties made a number of changes to the subpoena which – while largely cosmetic – provided hope that a mutually-agreeable resolution could be reached concerning the scope of the subpoena.

Your unilateral decision to cut short these discussions by declaring impasse and moving to compel is unfortunate and premature. If you persist in this position, we seek two additional points of clarification. *First*, we ask that the Moving Parties identify the basis for their belief that it is appropriate to move to compel at this time, including the specific requests at issue, and the specific SSEs targeted for each such request. Have the Moving Parties not moved at all from their November 24th letter? Or are there specific requests and SSEs that will now be your focus? We would point out that certain of the SSEs have strong jurisdictional and Fed. R. Civ. P. 37 objections to motions being filed in the Eastern District of Michigan.

*Second*, we note that the Auto Dealer Plaintiffs have neither joined as "Moving Parties" nor responded to our December 18th letter. Have they now withdrawn as Issuing Parties? If not, we cannot agree to a briefing schedule until *all* the Issuing Parties have declared impasse or negotiations concerning the scope of the subpoena have been completed.

If the Auto Dealer Plaintiffs have withdrawn as Issuing Parties (or are no longer intending to further negotiate), and if the Moving Parties identify the specific requests forming the basis for their motions and the specific SSEs targeted for each such request, by January 4th, we will agree to the following briefing schedule with respect to any motions to compel to be filed against each of the entities you intend to pursue: Motions due by January 15th; Oppositions due by February 12th; Replies due by February 26th.[1]

                                                Sincerely,

                                                *Colin Kass*

---

[1] By agreeing to this schedule, the SSEs do not waive any objections, jurisdictional arguments (including the obligation for any motion to be filed in the district where compliance is sought), or any argument that the subpoena is invalid and unenforceable.