# EXHIBIT 14



a professional corporation

Sheldon H. Klein
**248 258 1414**
klein@butzel.com

Stoneridge West
41000 Woodward Avenue
Bloomfield Hills, Michigan 48304
**T:** 248 258 1616  **F:** 248 258 1439
**butzel.com**

January 13, 2016

**VIA EMAIL**

Colin Kass
PROSKAUER ROSE LLP
1001 Pennsylvania Avenue, N.W.
Suite 600 South
Washington DC  20004-2533

Re:   *In re Automotive Parts Antitrust Litigation*, 2:12-md-02311

Dear Colin:

We write on behalf of the Serving Parties[1] in response to the Specified Subpoenaed Entities' (the "SSE"s)[2] letter dated December 30, 2015 (the "December Letter").  We will not respond to every individual issue raised in your letter, beyond noting that we disagree with most of your characterizations.  Rather, we write in an effort to avoid motion practice, by providing a final offer setting forth those requests on which we currently intend to move to compel.

As an initial matter, the Parties have more than satisfied their obligations to meet and confer in good faith.  The Parties and the SSEs have met and conferred and exchanged multiple letters over several months embodying a number of compromise offers by the Parties, none of which were accepted by the SSEs.  In correspondence dated November 24, 2015, (the "November Letter"), the Serving Parties substantially cut back the scope of their requests and offered other meaningful concessions in an effort to accommodate the SSEs.  Despite this, the SSEs' most recent offer – to produce only two categories of information – is clearly inadequate

---

[1] The "Serving Parties," herein also the "Parties," "we," or "our," include: End Payor Plaintiffs (EPPs); Auto Dealer Plaintiffs (ADPs); Truck and Equipment Dealer Plaintiffs (TEDPs); the State of Florida; the State of Indiana; and Defendants in all actions.

[2] The term "SSEs," "you," or "your," refers to those subpoenaed entities that joined the December Letter (including, e.g., all entities listed in Exhibit A ("SSE Entities") to SSEs' letter dated October 29, 2015; the Parties include in the term SSE any subpoenaed entity that has indicated that it is coordinating as a member of the SSE group, even if not listed in foregoing Exhibit A).

Ann Arbor    Bloomfield Hills    Detroit    Lansing    New York    Washington D.C.
Alliance Offices    Beijing    Shanghai    Mexico City    Monterrey    Member Lex Mundi    www.butzel.com

Colin Kass
PROSKAUER ROSE LLP
January 13, 2016

and confirmed the lack of any meaningful effort by the SSEs to reach a mutually-acceptable resolution. The Parties are under no obligation to continue the meet and confer process with SSEs, especially given how far apart the Parties' and SSEs' positions still are and in light of the schedules set by the Court in the Lead Three cases (*Wire Harnesses*, *Bearings*, and *Anti-Vibrational Rubber Parts*).

The Serving Parties currently intend to move to compel with respect to the following requests (the "Listed Requests"),[3] which are substantially narrowed from the original subpoena:

Serving Parties[4]:

- 1(a)-(g), (l), (m);
- 3;
- 4(a)(1)-(2); 4(a)(3)(a)-(e), (h), (k); 4(a)(4), (7), (8), (13); 4(b), (e), (h), (j);
- 5;
- 13;
- 14(c);
- 15;
- 16;
- 22;
- 23(2);
- 28;
- 30;
- 33; and
- 34.

EPPs, ADPs, and TEDPs Only[5]:

- 1(i);
- 14(a);
- 27; and
- 31.

The Parties' proposal includes other meaningful concessions. First, while the Parties intend to move to compel discovery from the SSEs with respect to all of the auto parts at issue in the MDL litigation, they are amenable to prioritizing information relevant to the Lead Three parts cases, and would agree that the production of the materials related only to the remaining

---

[4] Not all Parties join all requests.
[5] Defendants reserve their rights on Request 27, and their position on Request 31 is set forth in the November 24, 2015 correspondence.

BUTZEL LONG

Colin Kass
PROSKAUER ROSE LLP
January 13, 2016

parts can be staggered for subsequent production. The Serving Parties also only intend to jointly move to compel discovery relevant to each auto part for the class periods alleged in the relevant operative complaints, and for two years prior for data only, up through December 31, 2014 for all documents, and up through the date of extraction for data only. *See* Serving Parties' October 14, 2015 letter, Attachment A.

The Parties do not currently plan to move to compel production from the following SSEs or their affiliates: Aston Martin, Bentley, Lamborghini, Maserati, and Rolls Royce. Further, there is no intention to move to compel production from insurance, finance and credit, banking and capital, R&D, or design entities, with the caveat that, where certain transactional purchase or sales data responsive to the Listed Requests exists only in the possession of any such entity, it must be produced.[6] With respect to SSEs involved in the manufacture of Trucks and Equipment, the Serving Parties seek the same prioritized requests and intend to move to compel on the same items as other SSEs.

Finally, your assertion that Rule 45 of the Federal Rules of Civil Procedure requires the Parties to do more than they have done up to this point with respect to cost-sharing discussions is incorrect. Serving Parties have consistently made it clear to SSEs that the Parties are available and willing to discuss cost-sharing once each SSE has had an opportunity to determine what responsive information is in its possession and what reasonable costs will be associated with its production. Again, it is the burden of the subpoenaed entities to present a cost estimate before it can be determined whether the expense is significant enough to warrant cost-shifting. *See United States v. Blue Cross Blue Shield of Michigan*, No. 10-CV-14155, 2012 WL 4513600 at *7 (E.D. Mich. October 1, 2012) (ordering the subpoenaed entities to provide detailed estimates of the reasonable costs that they will incur to comply with Plaintiff's subpoenas so that the Court can determine whether the costs are significant, and if they are, whether any amount should be shifted to Plaintiff). Despite this, to date none of the SSEs have presented the Parties with any cost estimate information, and therefore, the Parties have been unable to engage in a productive conversation about costs or present a proposal without the requisite information for each SSE.

It bears noting that Serving Parties in this case coordinated on the Subpoenas pursuant to the Court's specific order, that this discovery was specifically contemplated by the Court and that objections filed with the Court to service of the Subpoena were denied. The scope of this auto parts MDL is unprecedented and the amounts at issue in this case are extremely meaningful. OEMs, including SSEs, are solely in possession of data and documents highly relevant and important to the issues in the case, are large, sophisticated companies that routinely engage in and respond to litigation and discovery requests, and which have not – and cannot – make the

---

[6] Relevant Listed Requests (to the extent the information exists in data): (A) Request 1(a)-(g), (l), (m) (transactional data regarding purchases of auto part components); and (B) Request 4(a)(1)-(2); 4(a)(3)(a)-(e), (h), (j)-(k); 4(a)(4), (a)(7), (a)(8), (a)(13); 4(b); 4(e); Request 34 (transactional data regarding sales of automobiles). Further, we inquire whether, for the any of the requests set forth above, on page 2, the requested information would be solely in the possession of the Research and Development entities.

BUTZEL LONG

Colin Kass
PROSKAUER ROSE LLP
January 13, 2016

requisite showing that the burden or expense of this highly relevant and important discovery would outweigh its benefits.

Please let us know whether SSEs are willing to accept the reasonable compromise outlined above and to promptly begin production of the information in their possession, custody, and/or control responsive to the Listed Requests. In addition, to the extent there is any entity previously identified as part of the SSE group that no longer joins in the group's position (either in whole or in part), please let us know so that we may proceed accordingly.

We look forward to your response. In the absence of an agreement to produce on the Listed Requests, we plan to move to compel pursuant to Federal Rules of Civil Procedure 26 and 45 as outlined above on January 15th. We are amenable to agreeing to the modification of the briefing schedule proposed in your December Letter.

Sincerely,

BUTZEL LONG

*/s/ Sheldon Klein*

Sheldon H. Klein

cc (via email):   Counsel for the Parties