# EXHIBIT 15

| | |
|---|---|
| **From:** | Munkittrick, David A. |
| **Sent:** | Wednesday, January 13, 2016 7:22 PM |
| **To:** | klein@butzel.com |
| **Cc:** | Kass, Colin |
| **Subject:** | RE: OEM subpoenas |

Sheldon,

We write on behalf of the SSEs.  The letter you sent today asserts that, unless the SSEs immediately and unconditionally agree to the Parties' latest proposal, in its entirety, the Parties will file motions to compel against unidentified SSEs in two days' time, i.e., by Friday, January 15th.  The SSEs do not believe that is sufficient time to respond to your latest proposal.

We do not understand why you would wait two weeks to respond to our last letter (in response to your premature declaration of impasse), which asked the Parties to identify the grounds for their proposed motion to compel, the specific SSEs against whom such a motion to compel would be brought, and the specific Parties who would be moving for relief.

Your delay has prejudiced the SSEs.  As you will recall, we had asked for a response by January 4th, so that we could appropriately consider any revised proposal the Parties may have and, for those SSEs who have not yet served formal objections (based on the Parties' previous grant of an indefinite extension), to prepare such objections or other responses based on the latest state of play.  By waiting two weeks to inform the SSEs of your position, you have not provided sufficient time for the SSEs to accomplish either task.  Accordingly, we suggest that the Parties hold off filing any motion to compel by at least one week, to at least January 22, and that the remainder of the proposed briefing schedule be similarly adjusted.

In the meantime, we ask that the Parties clarify your position concerning the Insurance, R&D, Design, Finance & Credit, and Banking & Capital SSEs.  As you will recall, in prior correspondence you limited the subpoena to one, fifteen, six, four, and six requests respectively.  Your current letter now states that you do not intend to move to compel against any of these SSEs unless information responsive to over twenty requests "exists only in the possession of any such SSE."  Such SSEs do not believe that any information relevant to this case is solely in the possession of such SSEs, and thus, we assume that the subpoena has been effectively withdrawn as to such entities.  If, however, you do intend to serve such entities with a motion to compel, please let us know which ones and the basis for any contention that responsive information is solely within their possession.

Best,

**David Munkittrick**
Attorney at Law

Proskauer
Eleven Times Square
New York, NY 10036-8299
d 212.969.3226
f  212.969.2900

dmunkittrick@proskauer.com


greenspaces
Please consider the environment before printing this email.

1

**From:** Klein, Sheldon [mailto:klein@butzel.com]
**Sent:** Wednesday, January 13, 2016 10:12 AM
**To:** Kass, Colin
**Subject:** OEM subpoenas

Colin – please see attached letter.  I assume you will distribute to other SSE counsel as you think appropriate.

Confidentiality Statement: This message, including attachments, may be confidential and legally privileged. If not for you, do not review, use or share it; notify us immediately and delete it. Thank you.