# EXHIBIT 18



T 206.623.7292    F 206.623.0594

Ronnie Spiegel
**HAGENS BERMAN SOBOL SHAPIRO LLP**
1918 EIGHTH AVENUE, SUITE 3300
SEATTLE, WA 98101
www.hbsslaw.com
**Direct (206) 268-9343**
ronnie@hbsslaw.com

February 4, 2016

**VIA EMAIL**
Susan R. Peck
Lee, Hong, Degerman, Kang & Waimey
A Professional Corporation
3501 Jamboree Road, Suite 6000
Newport Beach, CA 92660

Re:   *In re Automotive Parts Antitrust Litigation*

Dear Susan:

I am writing on behalf of the serving parties and as a follow up to our phone conversation of February 2nd. During our call, you asked whether the serving parties will agree to hold in abeyance the subpoena to Hyundai Capital America, Inc. ("HCA"). You explained that HCA would not have any responsive information to the requests listed in the pending motions to compel except, possibly, Request No. 34. The serving parties' position is set forth below.

The serving parties are willing to hold subpoenas in abeyance for entities that perform a narrow function (such as a financing entity like HCA) where the entity has no responsive information whatsoever, or where the same responsive information held by the narrow entity can be readily obtained from a core entity, such as a sales or manufacturing entity in the same corporate family. Accordingly, if HCA can provide assurance that it would not have any responsive information to any request currently being sought by the motions to compel, then the serving parties can agree to hold the HCA subpoena in abeyance. If HCA has information that is responsive to Request No. 34 (or any other request being pursued by the motions), the serving parties can only agree to hold the HCA subpoena in abeyance if HCA can assure that any responsive information could be obtained from the core entities in the Hyundai corporate family. This agreement would be with the caveat that the serving parties could go back to HCA if the core entities could not provide the responsive information as assured, or if additional information came to light about HCA's possession of responsive information. HCA could preserve its objections should the caveat be invoked.

SEATTLE   BOSTON   CHICAGO   COLORADO SPRINGS   LOS ANGELES   NEW YORK   PHOENIX   SAN DIEGO   SAN FRANCISCO   WASHINGTON, D.C.

010485-11 851107 V1

Susan R. Peck
February 4, 2016
Page 2

      As I mentioned on our call, the serving parties remain open to working with you to meet and confer. Please feel free to contact me if you wish to discuss anything further or if you have questions.

                                    Kind regards,

                                    */s/ Ronnie S. Spiegel*

                                    Ronnie S. Spiegel