# EXHIBIT 28

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

------------------------------------ X
: 
In Re: AUTOMOTIVE PARTS :
ANTITRUST LITIGATION :
 :
_____ :
 :
ALL PARTS : Case No.: 12-MD-02311
 : Honorable Marianne O. Battani
_____ :
 :
THIS RELATES TO: ALL CASES :
 :
_____ :
 :
 :

### DECLARATION OF RHETT HAYES
### IN SUPPORT OF THE SPECIFIED SUBPOENAED ENTITIES'
### JOINT OPPOSITION TO THE PARTIES' MOTION TO COMPEL

I, Rhett Hayes, hereby declare under penalty of perjury as follows:

1. I am employed as the Manager of Application Engineering of Daimler Trucks North America ("DTNA"). I have been employed by DTNA for almost 30 years. In my current role, I am responsible for sales engineering support for DTNA's Freightliner and Western Star brands. The facts set forth herein are based on my personal knowledge.

2. I have reviewed the subpoena served on DTNA. I have also reviewed the Parties' Motion to Compel Discovery from Non-Party Original Equipment Manufacturers.

3. The definitions and requests set forth in the Parties' subpoena make little sense as applied to the type of large Class 5-8 trucks manufactured by DTNA in the United States. For example, while the Parties' definition of the term "Component" identifies the type of automotive parts that are typically installed in passenger vehicles, the definition mischaracterizes several types of automotive parts that are purchased for large trucks. Conducting a search for



documents using a list of automotive parts that fails to reflect the distinct nature of the types of trucks manufactured by Daimler would be completely infeasible if not impossible and would impose a substantial burden on DTNA.

4. Similarly, the Parties' requests correspond to a purchasing and sales process typical for passenger vehicles, but not for the highly customized process used by DTNA. Unlike passenger vehicles, Daimler's trucks are built according to specifications designed on a case-by-case basis in close collaboration with each particular dealer and their customer. A truck sales order may be generated for a single vehicle or for as many as 999 vehicles. Over the past year, truck sales orders have been generated for two to six vehicles on average, and those orders include custom requirements concerning wheel base length, vehicle configuration, and hundreds of other discrete options. Each order is specified, defined, and negotiated on an individual basis with each customer. The most basic negotiation will require the customer to select dozens of distinct option codes. At the highest level of customization, there are hundreds of customer-selectable options per vehicle system. For example, for our most popular highway truck-tractor model, there are over 500 possible configurations for just our cylindrical fuel tanks.

5. As each truck is customized to the particular needs of the customer, manufacturing costs of different trucks can vary by tens of thousands of dollars. The prices charged to customers are also individually negotiated and depend on a number of customer-specific factors. Moreover, given that they would have been intimately involved in the design of the specification as well as the negotiation of the price of each truck, the Truck and Equipment Dealer Plaintiffs most likely already have the copious information that the Parties are seeking from non-parties DTNA and the Daimler Truck Brands.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 18th day of February, 2016 at Fort Mill, South Carolina.

_____