# EXHIBIT 48

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

In Re: AUTOMOTIVE PARTS
ANTITRUST LITIGATION

_____

ALL PARTS

_____

THIS RELATES TO: ALL CASES

_____

:
:
:
:
:
:
:
:
:
:
:
:
:
:
:

Case No.: 12-MD-02311
Honorable Marianne O. Battani
Special Master Gene Esshaki

## DECLARATION OF DANIEL S. SAVRIN IN SUPPORT OF JAGUAR LAND ROVER NORTH AMERICA, LLC'S OPPOSITION TO MOTIONS TO COMPEL

I, Daniel S. Savrin, hereby declare under penalty of perjury as follows:

1.      I am a partner at the law firm of Morgan, Lewis & Bockius LLP.

2.      I represent Jaguar Land Rover North America, LLC ("Jaguar Land Rover").

3.      As set forth in the attachments hereto and in the accompanying declaration of Benjamin Weiner, Jaguar Land Rover does not qualify as an OEM and does not possess the range of documents and data that the Parties assert, in their Motion to Compel, is required to conduct the contemplated analyses.

4.      On August 24, 2015, I had a call with a subset of counsel for the Serving Parties. During that call, I stated that Jaguar Land Rover is not an OEM and does not have documents responsive to nearly every request in the Subpoena.

5.      On September 8, 2015, I sent an email to a broader group of Serving Party liaisons stating that Jaguar Land Rover is a domestic distributor of vehicles manufactured abroad (not an OEM) and not in the business of creating or maintaining most of the types of records

sought in the Subpoena.  I also explained that Jaguar Land Rover had limited U.S. sales amounting to approximately 4/10 of 1% of the cars and light trucks sold in the United States in 2014 and was under new ownership effective in 2008.  A true and correct copy of that email is attached as Exhibit A.  I did not receive a substantive response to that email.

6.     Following the Parties indication that they intended to move to compel, on January 15, 2016, I sent a letter to Sheldon Klein who was communicating on behalf of the Serving Parties, copying counsel with whom I had earlier communicated.  The January 15, 2016 letter, attached as Exhibit B, stated that a motion to compel as to Jaguar Land Rover would amount to unwarranted and precipitous motion practice because, as we advised in earlier communications, Jaguar Land Rover is a domestic distributor of vehicles manufactured abroad (not an OEM) and not in the business of creating or maintaining most of the types of records sought in the Subpoena.  The letter also detailed the burden it would impose on Jaguar Land Rover to attempt to locate and produce the limited information it might have.  I never received a response to that letter.

7.     Having received no response to my January 15, 2016 letters (other than the filing of the Motion to Compel) on February 16, 2016, I sent a letter to the moving parties of Certain Parties' Motion to Compel Discovery from Non-Party Original Equipment Manufacturers (Dkt. No. 1188), which sought to compel responses to Subpoena Requests Nos. 27 and 31.  That letter sought the withdrawal of that Motion to Compel as to Jaguar Land Rover and restated that Jaguar Land Rover does not have documents responsive to either Request No. 27 or 31.  A true and correct copy of the February 16, 2016 letter is attached as Exhibit C.  As of the signing of this Declaration, I have not received a response to that letter.

2

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief this 18th day of February, 2016.

Daniel S. Savrin

3

# Exhibit A

**Bruhn, Nathaniel Phillips**

| | |
|---|---|
| **From:** | Savrin, Daniel S. |
| **Sent:** | Tuesday, September 08, 2015 10:45 AM |
| **To:** | Brad Schram; 'Timothy Fraser'; 'kvandyck@cuneolaw.com'; Matthew J. Turchyn; Liz C. Thomson |
| **Cc:** | Bruhn, Nathaniel Phillips |
| **Subject:** | "OEM" Subpoena Served Upon Jaguar Land Rover North America, LLC |

Brad,

I am writing in furtherance of our discussion earlier this week to provide additional background information on Jaguar Land Rover North America, LLC, a distributor for Jaguar and Land Rover vehicles in the United States.

Jaguar Land Rover North America, LLC purchases Jaguar and Land Rover vehicles that are fully assembled outside the United States by Jaguar Land Rover Limited and distributes them in the United States.  Jaguar Land Rover North America, LLC does not purchase Components or Assemblies (as those terms are used in the subpoena) for installation in the vehicles that it distributes, has no role in the selection of suppliers of those Components and Assemblies, does not negotiate or enter into agreements with suppliers of those Components or Assemblies, and has no records concerning the procurement or cost of such Components or Assemblies.  When Jaguar Land Rover North America, LLC purchases vehicles from Jaguar Land Rover Limited, Jaguar Land Rover North America, LLC does not receive information concerning the procurement or costs of Components and Assemblies installed in those vehicles.

After purchase from Jaguar Land Rover Limited, Jaguar Land Rover North America, LLC distributes the new vehicles to authorized dealers for sale or lease in the United States.  Jaguar Land Rover North America, LLC, like the authorized dealers, maintains certain information on the sale of the vehicles to the dealers, and typically obtains identification information on the purchasing consumer (and only has such information dating back to 2005 for Jaguar and 2006 for Land Rover), however, it is atypical for Jaguar Land Rover North America, LLC to obtain information on the sale or lease price, or the terms and conditions of sale or lease, to the consumer.  Dealers are not required to report, and typically do not report, information on final sales to consumers, including pricing, pricing decisions, terms and conditions of sale, financing, or other dealer information, and that information is not, except for the prospect of limited incidental exceptions, in the possession, custody, or control of Jaguar Land Rover North America, LLC.

Records that Jaguar Land Rover North America, LLC does maintain for more recent time periods may include prices paid by Jaguar Land Rover North America, LLC and its dealers for vehicles, but in a manner that is not associated, or subject to association based on the records of Jaguar Land Rover North America, LLC, with the costs of either Components or Assemblies.

Replacement Components and Assemblies are sold to Jaguar Land Rover North America, LLC by Jaguar Land Rover Limited such that Jaguar Land Rover North America, LLC does not have records concerning selection of suppliers, procurement or cost (other than the amount paid to Jaguar Land Rover Limited) for such replacement Components and Assemblies.

Jaguar Land Rover North America, LLC does not provide information to the J.D. Powers' Power Information Network.

For purposes of facilitating the sale of two previously separate businesses owned by the Ford Motor Company. Jaguar Land Rover North America, LLC was formed in April 2008 as a successor to Land Rover North America, Inc. and Jaguar Cars, a division of Ford Motor Company.  In June 2008, Ford sold Jaguar Land Rover North America, LLC as part of a larger global transaction to Tata Motors Limited, an Indian company.

While the corporate history of Ford Motor Company's ownership of Jaguar and Land Rover is more complex, by way of a summary overview, in 1989, the Ford Motor Company purchased a British corporation, Jaguar P.L.C., which had Jaguar Cars, Inc. as its U.S. subsidiary.  Eventually, that U.S. corporation was dissolved and Jaguar was operated as a division of the Ford Motor Company until April 2008 when Jaguar Land Rover North America, LLC was formed.

The Ford Motor Company acquired Land Rover affiliated companies in 2001, including Land Rover's U.S. distribution company, Land Rover North America, Inc.  Thereafter, in April 2008, the Jaguar Land Rover North America, LLC entity

1

was created by the Ford Motor Company and was owned by the Ford Motor Company until its sale of the global Jaguar and Land Rover businesses to Tata Motors Limited in June 2008.

Jaguar Land Rover North America, LLC no longer has any corporate relationship with the Ford Motor Company.

Jaguar and Land Rover vehicle sales in the United States since June 2008 have been very limited.

On average, between 2009 and 2014, Jaguar Land Rover North America, LLC sold 13,717 Jaguar vehicles per year.  In 2014, the total number of Jaguar vehicles sold by Jaguar Land Rover North America, LLC was 15,773.  Those vehicles represented approximately 1/10 of 1% of the cars and light trucks sold in the United States in 2014.

On average, between 2009 and 2014, Jaguar Land Rover North America, LLC sold, 40,234 Land Rover vehicles per year.  In 2014, the total number of Land Rover vehicles sold by Jaguar Land Rover North America, LLC was 51,265.  Those vehicles represented approximately 3/10 of 1% of the cars and light trucks sold in the United States in 2014.

Jaguar Land Rover North America, LLC has not been contacted by the United States Department of Justice with respect to its investigation of price fixing and bid rigging concerning the sale of Components and Assemblies and, to its knowledge, neither Jaguar Land Rover North America, LLC nor any of its Jaguar or Land Rover affiliates, has been identified as a victim in any of the charging documents filed by the United States Department of Justice with respect to price fixing and bid rigging concerning the sale of Components and Assemblies.

Based on our earlier discussion and the foregoing additional information, we believe that it would be an undue burden on all parties involved, but particularly, Jaguar Land Rover North America, LLC, to compel Jaguar Land Rover North America, LLC to submit a formal detailed written objection and response to the uniform subpoena that was served upon Jaguar Land Rover North America, LLC.  Once you have had a chance to consider and address with the group, please let me know if you are amenable to relieving Jaguar Land Rover North America, LLC of that obligation or if there are additional questions that the group would like addressed before they consider this issue.

Regards,
Daniel

**Daniel S. Savrin**
**Morgan, Lewis & Bockius LLP**
One Federal Street | Boston, MA 02110-1726
Direct: +1.617.951.8674 | Main: +1.617.951.8000 | Fax: +1.617.428.6310
daniel.savrin@morganlewis.com | www.morganlewis.com
Assistant: Lottie Chojnowski | +1.617.951.8328 | lottie.chojnowski@morganlewis.com

# Exhibit B

# Morgan Lewis

**Daniel S. Savrin**
Partner
+1.617.951.8674
daniel.savrin@morganlewis.com

January 15, 2016

**VIA E-MAIL**

Sheldon H. Klein, Esq.
Butzel Long
41000 Woodward Avenue
Bloomfield Hills, MI  48304

Re:     *In re Automotive Parts Antitrust Litigation*, 2:12-md-02311
       Jaguar Land Rover North America, LLC

Dear Mr. Klein:

I write in response to your January 13, 2016 letter written on behalf of the Serving Parties in which you reiterate your declaration of impasse and state that you intend to file a motion to compel against almost all of the Specified Subpoenaed Entities (the "SSEs"), including my client, Jaguar Land Rover North America, LLC ("Jaguar Land Rover").  I wanted to set out some key points about Jaguar Land Rover that we have shared with our assigned liaison counsel and that we wanted to make sure were known by the broader group before it undertook what we regard as unwarranted and precipitous motion practice.

Jaguar Land Rover purchases Jaguar and Land Rover vehicles that are fully assembled outside the United States by Jaguar Land Rover Limited and distributes them in the United States.  As has been consistently communicated, Jaguar Land Rover is not in possession, custody, or control of: (1) documents concerning the acquisition of Components and Assemblies or the pricing of Components and Assemblies; or (2) documents concerning any relationship between component costs and the price Jaguar Land Rover pays for vehicles that it distributes, the price that dealers may pay for those vehicles, or the price that dealers charge to consumers.  Of the sixteen (16) document requests that are the subject of the contemplated motion to compel, Jaguar Land Rover is not in a position to produce any documents in response to thirteen (13) of them.[1]

To the extent that Jaguar Land Rover is in possession, custody, or control of any documents related to the limited remaining requests, they all relate to downstream pricing (in a manner that is disaggregated from component costs).  Those documents are, *inter alia*:

---

[1] Our review indicates that Jaguar Land Rover has not created and does not maintain, or has not located and is not aware of, any documents responsive to the following requests, which the Serving Parties identified as the contemplated subject of their motion to compel in the January 13, 2016 letter:  1, 3, 13(b), 14, 15, 16, 23, 27, 28, 30, 31, 33, and 34.

**Morgan, Lewis & Bockius** LLP

One Federal Street
Boston, MA  02110-1726
United States
☏ +1.617.341.7700
🖷 +1.617.341.7701

Sheldon H. Klein, Esq.
January 15, 2016
Page 2

1. Not relevant per earlier decisions of the Special Master (Dkts. 338, 331, 352, 12-cv-102);

2. Not statistically relevant because of Jaguar Land Rover's exceedingly small United States vehicle sales (combined Jaguar and Land Rover sales of less than 5/10 of 1% of the cars and light trucks sold in the United States in 2015);

3. Not relevant because of the limited scope of information that Jaguar Land Rover possesses as a vehicle distributor without information concerning costs of Components and Assemblies that are the subject matter of this litigation; and

4. Either in the public record (e.g., production date, MSRP), or accessible via serving parties (Auto Dealer Plaintiffs should have data on their own costs), and would be difficult and expensive for Jaguar Land Rover to locate and produce given the breadth and timeframe of the requests.

Further, to the extent any relevance could be established for the limited scope of documents that Jaguar Land Rover may uniquely possess concerning downstream pricing, that relevance is outweighed by the burdens imposed on Jaguar Land Rover.

Jaguar Land Rover undertook to emphasize these points in earlier communications with its assigned liaison and in later group communications sent by Colin Kass of Proskauer Rose LLP on behalf of the SSEs.  Attached to this letter as Exhibit 1 is a September 8, 2015 email I sent to our liaison counsel that provides a factual overview of Jaguar Land Rover and affirms the points reiterated in this letter.

As a result of Jaguar Land Rover's limited operations, Jaguar Land Rover does not, with very limited exceptions, create or maintain the types of documents sought in the Uniform OEM Subpoena.  To the extent Jaguar Land Rover does have documents responsive to the Subpoena, they are limited to documents responsive to the downstream discovery requests and pricing requests (i.e. the narrowed requests in Requests No. 4, 5, and 22).  Moreover, Jaguar Land Rover only has such information dating back to 2005 for Jaguar and 2006 for Land Rover.

As to downstream discovery, the Serving Parties have failed to adequately address the relevance of this information, especially in light of existing discovery orders in this case.  As discussed in detail in the SSEs' October 29, 2015 and December 18, 2015 letters to the Serving Parties, the request for downstream discovery conflicts with the clear import of the orders in this case that downstream information that is not directly tied to component prices "'is irrelevant, not likely to lead to the discovery of relevant information,' and its production would be unduly 'burdensome.'"  Dkts. 338, 331, 352, 12-cv-102.

As to pricing information, Jaguar Land Rover maintains certain information on the sale of vehicles to dealers for sale or lease in the United States, but it is atypical for Jaguar Land Rover to obtain information on sale or lease price, or the terms and conditions of sale or lease, to the consumer.

Sheldon H. Klein, Esq.
January 15, 2016
Page 3

Moreover, to the extent documents responsive to Request Nos. 4, 5, and 22 are obtainable from the Serving Parties, especially the Auto Dealer Plaintiffs, discovery from Jaguar Land Rover—much less a motion to compel that discovery—is improper.

Even if Jaguar Land Rover was in possession, custody, or control of additional documents responsive to the Subpoena, the Serving Parties have not met their burden of showing the necessity of this discovery in light of Jaguar Land Rover's position as an absent class member. "[A] party that seeks discovery from an unnamed, or 'absent,' class member has the burden to show the necessity of the proposed discovery," and therefore, requires them to "affirmatively show that there is a particularized need for such discovery." Dkt. 338, 12-cv-102. The burden of production on Jaguar Land Rover, includes, but is not limited to, the costs associated with the identification and retrieval of such information, which may be in paper format, archived electronically, or in electronic records that do not contain data or information in the form in which it is sought.

Moreover, assuming *arguendo* that any benefit of a limited Jaguar Land Rover production to the Serving Parties could be shown, that benefit would, at most, be negligible. Jaguar Land Rover's market share is exceedingly small, and likely to be within the margin of error for any statistical model the Serving Parties rely on. The burden on Jaguar Land Rover of responding to the Uniform OEM Subpoena, on the other hand, far outweighs any benefit to be derived by the Serving Parties.

A motion to compel seeking discovery from Jaguar Land Rover would be without merit. Jaguar Land Rover is prepared, if necessary (notwithstanding the prior arrangements), to serve objections and responses on the Serving Parties and/or contest a motion to compel, but the reality will not change— Jaguar Land Rover does not have the vast majority of documents sought in the Subpoena, and the documents it does possess are not relevant and, if sought, should first be sought from parties other than Jaguar Land Rover.

While Jaguar Land Rover reserves all rights and objections related to the Uniform OEM Subpoena, we would prefer that you afford careful consideration to the foregoing and the earlier communications and hold in abeyance your contemplated efforts with respect to Jaguar Land Rover.


Very truly yours,


*/s/ Daniel S. Savrin*


Daniel S. Savrin

c:  Bradley Schram, Esq.

# Exhibit 1

**Savrin, Daniel S.**

| | |
|---|---|
| **From:** | Savrin, Daniel S. |
| **Sent:** | Tuesday, September 08, 2015 10:45 AM |
| **To:** | 'Brad Schram'; 'Timothy Fraser'; 'kvandyck@cuneolaw.com'; Matthew J. Turchyn; Liz C. Thomson |
| **Cc:** | Bruhn, Nathaniel Phillips |
| **Subject:** | "OEM" Subpoena Served Upon Jaguar Land Rover North America, LLC |

Brad,

I am writing in furtherance of our discussion earlier this week to provide additional background information on Jaguar Land Rover North America, LLC, a distributor for Jaguar and Land Rover vehicles in the United States.

Jaguar Land Rover North America, LLC purchases Jaguar and Land Rover vehicles that are fully assembled outside the United States by Jaguar Land Rover Limited and distributes them in the United States. Jaguar Land Rover North America, LLC does not purchase Components or Assemblies (as those terms are used in the subpoena) for installation in the vehicles that it distributes, has no role in the selection of suppliers of those Components and Assemblies, does not negotiate or enter into agreements with suppliers of those Components or Assemblies, and has no records concerning the procurement or cost of such Components or Assemblies. When Jaguar Land Rover North America, LLC purchases vehicles from Jaguar Land Rover Limited, Jaguar Land Rover North America, LLC does not receive information concerning the procurement or costs of Components and Assemblies installed in those vehicles.

After purchase from Jaguar Land Rover Limited, Jaguar Land Rover North America, LLC distributes the new vehicles to authorized dealers for sale or lease in the United States. Jaguar Land Rover North America, LLC, like the authorized dealers, maintains certain information on the sale of the vehicles to the dealers, and typically obtains identification information on the purchasing consumer (and only has such information dating back to 2005 for Jaguar and 2006 for Land Rover), however, it is atypical for Jaguar Land Rover North America, LLC to obtain information on the sale or lease price, or the terms and conditions of sale or lease, to the consumer. Dealers are not required to report, and typically do not report, information on final sales to consumers, including pricing, pricing decisions, terms and conditions of sale, financing, or other dealer information, and that information is not, except for the prospect of limited incidental exceptions, in the possession, custody, or control of Jaguar Land Rover North America, LLC.

Records that Jaguar Land Rover North America, LLC does maintain for more recent time periods may include prices paid by Jaguar Land Rover North America, LLC and its dealers for vehicles, but in a manner that is not associated, or subject to association based on the records of Jaguar Land Rover North America, LLC, with the costs of either Components or Assemblies.

Replacement Components and Assemblies are sold to Jaguar Land Rover North America, LLC by Jaguar Land Rover Limited such that Jaguar Land Rover North America, LLC does not have records concerning selection of suppliers, procurement or cost (other than the amount paid to Jaguar Land Rover Limited) for such replacement Components and Assemblies.

Jaguar Land Rover North America, LLC does not provide information to the J.D. Powers' Power Information Network.

For purposes of facilitating the sale of two previously separate businesses owned by the Ford Motor Company. Jaguar Land Rover North America, LLC was formed in April 2008 as a successor to Land Rover North America, Inc. and Jaguar Cars, a division of Ford Motor Company. In June 2008, Ford sold Jaguar Land Rover North America, LLC as part of a larger global transaction to Tata Motors Limited, an Indian company.

While the corporate history of Ford Motor Company's ownership of Jaguar and Land Rover is more complex, by way of a summary overview, in 1989, the Ford Motor Company purchased a British corporation, Jaguar P.L.C., which had Jaguar Cars, Inc. as its U.S. subsidiary. Eventually, that U.S. corporation was dissolved and Jaguar was operated as a division of the Ford Motor Company until April 2008 when Jaguar Land Rover North America, LLC was formed.

The Ford Motor Company acquired Land Rover affiliated companies in 2001, including Land Rover's U.S. distribution company, Land Rover North America, Inc. Thereafter, in April 2008, the Jaguar Land Rover North America, LLC entity

was created by the Ford Motor Company and was owned by the Ford Motor Company until its sale of the global Jaguar and Land Rover businesses to Tata Motors Limited in June 2008.

Jaguar Land Rover North America, LLC no longer has any corporate relationship with the Ford Motor Company.

Jaguar and Land Rover vehicle sales in the United States since June 2008 have been very limited.

On average, between 2009 and 2014, Jaguar Land Rover North America, LLC sold 13,717 Jaguar vehicles per year.  In 2014, the total number of Jaguar vehicles sold by Jaguar Land Rover North America, LLC was 15,773.  Those vehicles represented approximately 1/10 of 1% of the cars and light trucks sold in the United States in 2014.

On average, between 2009 and 2014, Jaguar Land Rover North America, LLC sold, 40,234 Land Rover vehicles per year.  In 2014, the total number of Land Rover vehicles sold by Jaguar Land Rover North America, LLC was 51,265.  Those vehicles represented approximately 3/10 of 1% of the cars and light trucks sold in the United States in 2014.

Jaguar Land Rover North America, LLC has not been contacted by the United States Department of Justice with respect to its investigation of price fixing and bid rigging concerning the sale of Components and Assemblies and, to its knowledge, neither Jaguar Land Rover North America, LLC nor any of its Jaguar or Land Rover affiliates, has been identified as a victim in any of the charging documents filed by the United States Department of Justice with respect to price fixing and bid rigging concerning the sale of Components and Assemblies.

Based on our earlier discussion and the foregoing additional information, we believe that it would be an undue burden on all parties involved, but particularly, Jaguar Land Rover North America, LLC, to compel Jaguar Land Rover North America, LLC to submit a formal detailed written objection and response to the uniform subpoena that was served upon Jaguar Land Rover North America, LLC.  Once you have had a chance to consider and address with the group, please let me know if you are amenable to relieving Jaguar Land Rover North America, LLC of that obligation or if there are additional questions that the group would like addressed before they consider this issue.


Regards,
Daniel

**Daniel S. Savrin**
**Morgan, Lewis & Bockius LLP**
One Federal Street | Boston, MA 02110-1726
Direct: +1.617.951.8674 | Main: +1.617.951.8000 | Fax: +1.617.428.6310
daniel.savrin@morganlewis.com | www.morganlewis.com
Assistant: Lottie Chojnowski | +1.617.951.8328 | lottie.chojnowski@morganlewis.com

# Exhibit C

# Morgan Lewis

**Daniel S. Savrin**
Partner
+1.617.951.8674
daniel.savrin@morganlewis.com

February 16, 2016

**VIA E-MAIL**

Steven N. Williams, Esq.
Cotchett, Pitre & McCarthy, LLP
840 Malcolm Road, Suite 200
Burlingame, CA  94010
swilliams@cpmlegal.com

J. Manly Parks, Esq.
Duane Morris LLP
30 S. 17th Street
Philadelphia, PA  19103
jmparks@duanemorris.com

Timothy M. Fraser, Esq.
Office of the Florida Attorney General
PL-01 The Capitol
Tallahassee, FL  32399-1050
timothy.fraser@myfloridalegal.com

Kevin Abraham Rynbrandt, Esq.
Rynbrandt & Associates, PLLC
1000 Front Street, N.W.
Grand Rapids, MI  49504
kar@rynbrandt.com

Jonathan W. Cuneo, Esq.
Cuneo, Gilbert & Laduca, LLP
507 C Street, N.E.
Washington, D.C.  20002
jonc@cuneolaw.com

Re:    **In re Automotive Parts Antitrust Litigation, 2:12-mdl-02311**
       **Jaguar Land Rover North America, LLC**

Dear Signatories:

I write in response to the January 19, 2016 Motion to Compel[1] seeking documents responsive to Request Nos. 27 and 31 of the so called Uniform OEM Subpoena from, *inter alia*, Jaguar Land Rover North America, LLC ("Jaguar Land Rover").  Jaguar Land Rover does not have documents responsive to Request Nos. 27 and 31, a fact that has been communicated to members of the Moving Parties[2] over the past six months.  Our earlier communications to that effect are attached hereto.

---

[1] Certain Parties' Motion to Compel Discovery from Non-Party Original Equipment Manufacturers, *In re Automotive Parts Antitrust Litigation*, Dkt. No. 1188, No. 12-mdl-02311 (E.D. Mich. Jan. 19, 2016) (the "Motion to Compel").

[2] Automobile Dealer Plaintiffs, End-Payor Plaintiffs, Truck and Equipment Dealer Plaintiffs, the State of Florida, and the State of Indiana (collectively, the "Moving Parties").

**Morgan, Lewis & Bockius** LLP

One Federal Street
Boston, MA  02110-1726
United States

**T** +1.617.341.7700
**F** +1.617.341.7701

DB1/ 86533078.2

Steven N. Williams, Esq.
J. Manly Parks, Esq.
Timothy M. Fraser, Esq.
Kevin Abraham Rynbrandt, Esq.
Jonathan W. Cuneo, Esq.
February 16, 2016
Page 2

In light of this information, I respectfully request again that the Motion to Compel be withdrawn as to Jaguar Land Rover before all parties are subject to the burden and cost of further unnecessary briefing.

As noted in the attached September 8, 2015 email, Jaguar Land Rover, which was formed in 2008, purchases vehicles that are fully assembled outside the United States and distributes them in the United States—Jaguar Land Rover plays no role in the procurement or purchase of Components and Assemblies and has not communicated with Defendants or other parts suppliers about the facts of the alleged conspiracy.  The September 8 letter followed an August 24, 2015 call where that information was also conveyed orally.  The information was received with a commitment to pass Jaguar Land Rover's information on to the broader group of subpoenaing parties.  It is not clear that this was ever done—no mention of these substantive communications is made in the Motion to Compel, let alone any reference to Jaguar Land Rover.

To convey this information again to the broader group, on January 15, 2016, I wrote to Sheldon Klein and Jaguar Land Rover's liaisons to restate Jaguar Land Rover's unique position and request that the Motion to Compel be held in abeyance as to Jaguar Land Rover.  The attached January 15 letter expressly stated that Jaguar Land Rover "has not created and does not maintain, or has not located and is not aware of, any documents responsive to the following requests . . . 27 . . . 31."  As with earlier communications, Jaguar Land Rover received no meaningful response.

In light of this history and the Moving Parties' assertion that they "have worked diligently with the SSEs to resolve disputes regarding productions of the two requests at issue," Motion to Compel at 2, I want to ensure that all Moving Parties are aware that Jaguar Land Rover does not have any responsive documents to Requests No. 27 and 31.  My concern that this information has not been considered was heightened by the Moving Parties' arguments in the Motion to Compel that are wholly inapposite to an entity with no responsive documents in the first place (*i.e.*, arguing that SSEs are holding documents responsive to Request No. 27 until other agreements are reached, and arguing that SSEs are asserting privilege as to documents responsive to Request No. 31).

Given the foregoing, and the clear absence of any documents to be produced by Jaguar Land Rover, I respectfully request that you withdraw the Motion to Compel as to Jaguar Land Rover as soon as possible to avoid any unnecessary additional expense.  Jaguar Land Rover reserves all rights with respect to this matter, including the right to pursue recovery of incurred costs and fees.

Very truly yours,

*/s/ Daniel S. Savrin*

Daniel S. Savrin

# EXHIBIT A

# Morgan Lewis

**Daniel S. Savrin**
Partner
+1.617.951.8674
daniel.savrin@morganlewis.com

January 15, 2016

**VIA E-MAIL**

Sheldon H. Klein, Esq.
Butzel Long
41000 Woodward Avenue
Bloomfield Hills, MI 48304

Re:     *In re Automotive Parts Antitrust Litigation*, **2:12-md-02311**
        **Jaguar Land Rover North America, LLC**

Dear Mr. Klein:

I write in response to your January 13, 2016 letter written on behalf of the Serving Parties in which you reiterate your declaration of impasse and state that you intend to file a motion to compel against almost all of the Specified Subpoenaed Entities (the "SSEs"), including my client, Jaguar Land Rover North America, LLC ("Jaguar Land Rover"). I wanted to set out some key points about Jaguar Land Rover that we have shared with our assigned liaison counsel and that we wanted to make sure were known by the broader group before it undertook what we regard as unwarranted and precipitous motion practice.

Jaguar Land Rover purchases Jaguar and Land Rover vehicles that are fully assembled outside the United States by Jaguar Land Rover Limited and distributes them in the United States. As has been consistently communicated, Jaguar Land Rover is not in possession, custody, or control of: (1) documents concerning the acquisition of Components and Assemblies or the pricing of Components and Assemblies; or (2) documents concerning any relationship between component costs and the price Jaguar Land Rover pays for vehicles that it distributes, the price that dealers may pay for those vehicles, or the price that dealers charge to consumers. Of the sixteen (16) document requests that are the subject of the contemplated motion to compel, Jaguar Land Rover is not in a position to produce any documents in response to thirteen (13) of them.[1]

To the extent that Jaguar Land Rover is in possession, custody, or control of any documents related to the limited remaining requests, they all relate to downstream pricing (in a manner that is disaggregated from component costs). Those documents are, *inter alia*:

---

[1] Our review indicates that Jaguar Land Rover has not created and does not maintain, or has not located and is not aware of, any documents responsive to the following requests, which the Serving Parties identified as the contemplated subject of their motion to compel in the January 13, 2016 letter:  1, 3, 13(b), 14, 15, 16, 23, 27, 28, 30, 31, 33, and 34.

**Morgan, Lewis & Bockius** LLP

One Federal Street
Boston, MA  02110-1726
United States

☎ +1.617.341.7700
🖷 +1.617.341.7701

DB1/ 86168687.3

Sheldon H. Klein, Esq.
January 15, 2016
Page 2

1.  Not relevant per earlier decisions of the Special Master (Dkts. 338, 331, 352, 12-cv-102);

2.  Not statistically relevant because of Jaguar Land Rover's exceedingly small United States vehicle sales (combined Jaguar and Land Rover sales of less than 5/10 of 1% of the cars and light trucks sold in the United States in 2015);

3.  Not relevant because of the limited scope of information that Jaguar Land Rover possesses as a vehicle distributor without information concerning costs of Components and Assemblies that are the subject matter of this litigation; and

4.  Either in the public record (e.g., production date, MSRP), or accessible via serving parties (Auto Dealer Plaintiffs should have data on their own costs), and would be difficult and expensive for Jaguar Land Rover to locate and produce given the breadth and timeframe of the requests.

Further, to the extent any relevance could be established for the limited scope of documents that Jaguar Land Rover may uniquely possess concerning downstream pricing, that relevance is outweighed by the burdens imposed on Jaguar Land Rover.

Jaguar Land Rover undertook to emphasize these points in earlier communications with its assigned liaison and in later group communications sent by Colin Kass of Proskauer Rose LLP on behalf of the SSEs.  Attached to this letter as <u>Exhibit 1</u> is a September 8, 2015 email I sent to our liaison counsel that provides a factual overview of Jaguar Land Rover and affirms the points reiterated in this letter.

As a result of Jaguar Land Rover's limited operations, Jaguar Land Rover does not, with very limited exceptions, create or maintain the types of documents sought in the Uniform OEM Subpoena.  To the extent Jaguar Land Rover does have documents responsive to the Subpoena, they are limited to documents responsive to the downstream discovery requests and pricing requests (i.e. the narrowed requests in Requests No. 4, 5, and 22).  Moreover, Jaguar Land Rover only has such information dating back to 2005 for Jaguar and 2006 for Land Rover.

As to downstream discovery, the Serving Parties have failed to adequately address the relevance of this information, especially in light of existing discovery orders in this case.  As discussed in detail in the SSEs' October 29, 2015 and December 18, 2015 letters to the Serving Parties, the request for downstream discovery conflicts with the clear import of the orders in this case that downstream information that is not directly tied to component prices "'is irrelevant, not likely to lead to the discovery of relevant information,' and its production would be unduly 'burdensome.'"  Dkts. 338, 331, 352, 12-cv-102.

As to pricing information, Jaguar Land Rover maintains certain information on the sale of vehicles to dealers for sale or lease in the United States, but it is atypical for Jaguar Land Rover to obtain information on sale or lease price, or the terms and conditions of sale or lease, to the consumer.

Sheldon H. Klein, Esq.
January 15, 2016
Page 3

Moreover, to the extent documents responsive to Request Nos. 4, 5, and 22 are obtainable from the Serving Parties, especially the Auto Dealer Plaintiffs, discovery from Jaguar Land Rover—much less a motion to compel that discovery—is improper.

Even if Jaguar Land Rover was in possession, custody, or control of additional documents responsive to the Subpoena, the Serving Parties have not met their burden of showing the necessity of this discovery in light of Jaguar Land Rover's position as an absent class member. "[A] party that seeks discovery from an unnamed, or 'absent,' class member has the burden to show the necessity of the proposed discovery," and therefore, requires them to "affirmatively show that there is a particularized need for such discovery."  Dkt. 338, 12-cv-102.  The burden of production on Jaguar Land Rover, includes, but is not limited to, the costs associated with the identification and retrieval of such information, which may be in paper format, archived electronically, or in electronic records that do not contain data or information in the form in which it is sought.

Moreover, assuming *arguendo* that any benefit of a limited Jaguar Land Rover production to the Serving Parties could be shown, that benefit would, at most, be negligible.  Jaguar Land Rover's market share is exceedingly small, and likely to be within the margin of error for any statistical model the Serving Parties rely on.  The burden on Jaguar Land Rover of responding to the Uniform OEM Subpoena, on the other hand, far outweighs any benefit to be derived by the Serving Parties.

A motion to compel seeking discovery from Jaguar Land Rover would be without merit.  Jaguar Land Rover is prepared, if necessary (notwithstanding the prior arrangements), to serve objections and responses on the Serving Parties and/or contest a motion to compel, but the reality will not change— Jaguar Land Rover does not have the vast majority of documents sought in the Subpoena, and the documents it does possess are not relevant and, if sought, should first be sought from parties other than Jaguar Land Rover.

While Jaguar Land Rover reserves all rights and objections related to the Uniform OEM Subpoena, we would prefer that you afford careful consideration to the foregoing and the earlier communications and hold in abeyance your contemplated efforts with respect to Jaguar Land Rover.

Very truly yours,

*/s/ Daniel S. Savrin*

Daniel S. Savrin

c:  Bradley Schram, Esq.

# Exhibit 1

**Savrin, Daniel S.**

---

| | |
|---|---|
| **From:** | Savrin, Daniel S. |
| **Sent:** | Tuesday, September 08, 2015 10:45 AM |
| **To:** | 'Brad Schram'; 'Timothy Fraser'; 'kvandyck@cuneolaw.com'; Matthew J. Turchyn; Liz C. Thomson |
| **Cc:** | Bruhn, Nathaniel Phillips |
| **Subject:** | "OEM" Subpoena Served Upon Jaguar Land Rover North America, LLC |

Brad,

I am writing in furtherance of our discussion earlier this week to provide additional background information on Jaguar Land Rover North America, LLC, a distributor for Jaguar and Land Rover vehicles in the United States.

Jaguar Land Rover North America, LLC purchases Jaguar and Land Rover vehicles that are fully assembled outside the United States by Jaguar Land Rover Limited and distributes them in the United States. Jaguar Land Rover North America, LLC does not purchase Components or Assemblies (as those terms are used in the subpoena) for installation in the vehicles that it distributes, has no role in the selection of suppliers of those Components and Assemblies, does not negotiate or enter into agreements with suppliers of those Components or Assemblies, and has no records concerning the procurement or cost of such Components or Assemblies. When Jaguar Land Rover North America, LLC purchases vehicles from Jaguar Land Rover Limited, Jaguar Land Rover North America, LLC does not receive information concerning the procurement or costs of Components and Assemblies installed in those vehicles.

After purchase from Jaguar Land Rover Limited, Jaguar Land Rover North America, LLC distributes the new vehicles to authorized dealers for sale or lease in the United States. Jaguar Land Rover North America, LLC, like the authorized dealers, maintains certain information on the sale of the vehicles to the dealers, and typically obtains identification information on the purchasing consumer (and only has such information dating back to 2005 for Jaguar and 2006 for Land Rover), however, it is atypical for Jaguar Land Rover North America, LLC to obtain information on the sale or lease price, or the terms and conditions of sale or lease, to the consumer. Dealers are not required to report, and typically do not report, information on final sales to consumers, including pricing, pricing decisions, terms and conditions of sale, financing, or other dealer information, and that information is not, except for the prospect of limited incidental exceptions, in the possession, custody, or control of Jaguar Land Rover North America, LLC.

Records that Jaguar Land Rover North America, LLC does maintain for more recent time periods may include prices paid by Jaguar Land Rover North America, LLC and its dealers for vehicles, but in a manner that is not associated, or subject to association based on the records of Jaguar Land Rover North America, LLC, with the costs of either Components or Assemblies.

Replacement Components and Assemblies are sold to Jaguar Land Rover North America, LLC by Jaguar Land Rover Limited such that Jaguar Land Rover North America, LLC does not have records concerning selection of suppliers, procurement or cost (other than the amount paid to Jaguar Land Rover Limited) for such replacement Components and Assemblies.

Jaguar Land Rover North America, LLC does not provide information to the J.D. Powers' Power Information Network.

For purposes of facilitating the sale of two previously separate businesses owned by the Ford Motor Company. Jaguar Land Rover North America, LLC was formed in April 2008 as a successor to Land Rover North America, Inc. and Jaguar Cars, a division of Ford Motor Company. In June 2008, Ford sold Jaguar Land Rover North America, LLC as part of a larger global transaction to Tata Motors Limited, an Indian company.

While the corporate history of Ford Motor Company's ownership of Jaguar and Land Rover is more complex, by way of a summary overview, in 1989, the Ford Motor Company purchased a British corporation, Jaguar P.L.C., which had Jaguar Cars, Inc. as its U.S. subsidiary. Eventually, that U.S. corporation was dissolved and Jaguar was operated as a division of the Ford Motor Company until April 2008 when Jaguar Land Rover North America, LLC was formed.

The Ford Motor Company acquired Land Rover affiliated companies in 2001, including Land Rover's U.S. distribution company, Land Rover North America, Inc. Thereafter, in April 2008, the Jaguar Land Rover North America, LLC entity

1

was created by the Ford Motor Company and was owned by the Ford Motor Company until its sale of the global Jaguar and Land Rover businesses to Tata Motors Limited in June 2008.

Jaguar Land Rover North America, LLC no longer has any corporate relationship with the Ford Motor Company.

Jaguar and Land Rover vehicle sales in the United States since June 2008 have been very limited.

On average, between 2009 and 2014, Jaguar Land Rover North America, LLC sold 13,717 Jaguar vehicles per year.  In 2014, the total number of Jaguar vehicles sold by Jaguar Land Rover North America, LLC was 15,773.  Those vehicles represented approximately 1/10 of 1% of the cars and light trucks sold in the United States in 2014.

On average, between 2009 and 2014, Jaguar Land Rover North America, LLC sold, 40,234 Land Rover vehicles per year.  In 2014, the total number of Land Rover vehicles sold by Jaguar Land Rover North America, LLC was 51,265.  Those vehicles represented approximately 3/10 of 1% of the cars and light trucks sold in the United States in 2014.

Jaguar Land Rover North America, LLC has not been contacted by the United States Department of Justice with respect to its investigation of price fixing and bid rigging concerning the sale of Components and Assemblies and, to its knowledge, neither Jaguar Land Rover North America, LLC nor any of its Jaguar or Land Rover affiliates, has been identified as a victim in any of the charging documents filed by the United States Department of Justice with respect to price fixing and bid rigging concerning the sale of Components and Assemblies.

Based on our earlier discussion and the foregoing additional information, we believe that it would be an undue burden on all parties involved, but particularly, Jaguar Land Rover North America, LLC, to compel Jaguar Land Rover North America, LLC to submit a formal detailed written objection and response to the uniform subpoena that was served upon Jaguar Land Rover North America, LLC.  Once you have had a chance to consider and address with the group, please let me know if you are amenable to relieving Jaguar Land Rover North America, LLC of that obligation or if there are additional questions that the group would like addressed before they consider this issue.

Regards,
Daniel

---

**Daniel S. Savrin**
**Morgan, Lewis & Bockius LLP**
One Federal Street | Boston, MA 02110-1726
Direct: +1.617.951.8674 | Main: +1.617.951.8000 | Fax: +1.617.428.6310
daniel.savrin@morganlewis.com | www.morganlewis.com
Assistant: Lottie Chojnowski | +1.617.951.8328 | lottie.chojnowski@morganlewis.com