# EXHIBIT 51

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

------------------------------------- X

In Re: AUTOMOTIVE PARTS
ANTITRUST LITIGATION

ALL PARTS

Case No.: 12-MD-02311
Honorable Marianne O. Battani

THIS RELATES TO: ALL CASES

## DECLARATION OF KIA MOTORS AMERICA, INC. IN SUPPORT OF OPPOSITION TO THE PARTIES' MOTION TO COMPEL BY DOMESTIC DISTRIBUTORS OF FOREIGN OEMs

I, Mark J. Goldzweig, hereby declare under penalty of perjury as follows:

1. I am the Executive Director of Legal Affairs/Associate General Counsel of Kia Motors America, Inc. ("KMA"). I have been employed by KMA since February 23, 2003. I am an attorney admitted to practice in the State of California since 1994 and before the Eastern District, Central District, and Southern District of California. The facts set forth herein are based on my personal knowledge and belief.

2. I have reviewed the subpoena served on KMA. I have also reviewed the Parties' Motion to Compel Discovery from Non-Party Original Equipment Manufacturers ("Op. Br."). I understand the serving Parties seek information in response to the following requests: 1(a)-(g), (l), (m); 3; 4(a)(1)-(2); 4(a)(3)(a)-(e), (h), (k); 4(a)(4), (4)(a)(7), (8), (13); 4(b), (e), (h), (j); 5; 13; 14(c); 15; 16; 22; 23(2); 27; 28 (last two sentences); 30; 33; and 34. *See* Op. Br. 2 n. 6.[1]

---

[1] I also understand that certain Parties have filed a separate brief "Motion to Compel Discovery from Non-Party Orginal Manufacturers," seeking documents in response to Requests 27 and 31 ("Op. Brief 2"). Request 27 seeks

3. An Original Equipment Manufacturer ("OEM") refers to manufacturers involved in the final assembly of a vehicle. KMA is not an OEM. KMA does not now, nor has it ever, designed, manufactured, assembled, developmentally tested, or undertaken developmental FMVSS compliance testing of any Kia brand vehicles.

4. KMA imports to the United States and then distributes for further sale certain Kia brand vehicles manufactured by Kia Motors Corporation ("KMC") in South Korea. KMA also distributes for further sale Kia brand vehicles manufactured by Kia Motors Manufacturing Georgia, Inc., ("KMMG") in Georgia.

5. Except in some limited situations that do not involve the pricing of OEM vehicle components, KMA is not involved in the selection of vendors or the purchase of any OEM vehicle component parts that go into the manufacture of Kia brand vehicles. KMA does not receive, or maintain in the ordinary course of business, information related to the purchase or cost of vehicle component parts and/or selection of component suppliers. KMA does not possess information or documents regarding the correlation between the specific cost of the vehicle component parts with the cost of the vehicle, and KMA does not evaluate how parts or components impact the price charged for the vehicle.

6. KMA sells Kia branded vehicles to Kia authorized dealers. KMA does not typically possess individual retail level information regarding the purchase price of a Kia brand vehicle sold from a dealership to an end-consumer. Such information is not provided to KMA by independent dealerships in the ordinary course of business.

---

documents, data and information produced to governmental authorities regarding the alleged conspiracy described in Plaintiffs' Complaint relating to the parts installed in new vehicles for sale or lease in the U.S. Op. Br. 2 at 1. Request 31 seeks all documents relating to negotiations or communications with defendants and others relating to this lawsuit. *Id.* at 11.

7. While KMA has been subject to document requests and subpoenas in other cases, and it routinely provides discovery in litigation, the subpoena in this case is unprecedented in scope, breadth, and volume. It appears to have been drafted by a party that either doesn't understand what documents and information are maintained by an automotive distribution company or with any regard to minimizing burden. Indeed, the requests seemed intentionally drafted to create burden on non-parties. For example, the Parties serving the subpoena seek information and documents regarding every vehicle sold over a period of more than 20 years. KMA has distributed over 6 million Kia brand vehicles in the United States during that timeframe.

8. The scope of documents sought would require KMA to search multiple distinct and separate databases, as well as the inventory of physical documents committed to storage, and seek documents located in hundreds of separate locations.

9. While it would be impossible to calculate exactly the extraordinary amount of hours it would take to attempt to comply with this Subpoena, I believe the requests would take many months, would require thousands of employee hours, would require hundreds of hours of attorney reviews, would be costly and burdensome, and would substantially interfere with KMA's business duties and operations.

I declare under penalty of perjury that the foregoing is true and correct.
Executed this 19th day of February 2016 at Irvine, California.

*/s/ Mark J. Goldzweig*
Mark J. Goldzweig