# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| In re: Automotive Parts Antitrust Litigation<br><br>In re: All Parts Cases<br><br>This document relates to:<br>All Parts Cases | Master File No. 12-md-02311<br><br>Honorable Marianne O. Battani |

**TRUCK AND EQUIPMENT DEALER PLAINTIFFS' REPLY IN SUPPORT OF
MOTION TO COMPEL DISCOVERY FROM NON-PARTY
<u>ORIGINAL EQUIPMENT MANUFACTURERS</u>**

## STATEMENT OF ISSUE PRESENTED

1.      Whether subpoena recipients that manufacture Trucks and Equipment should be required to respond to the subpoena for the reasons set forth in the Motion to Compel, where such recipients have articulated no unique basis to exempt them from compliance with the subpoena, and where Truck and Equipment Dealer Plaintiffs attempted in good faith to meet and confer with such recipients.

## STATEMENT OF CONTROLLING OR MOST APPROPRIATE AUTHORITIES

- Fed. R. Civ. P. 26

Truck and Equipment Dealers ("TEDPs") join in the reply briefs filed by End Payor Plaintiffs and Automobile Dealer Plaintiffs in support of the Parties' Motion to Compel Discovery from Non-Party Original Equipment Manufacturers ("Motion to Compel," ECF No. 1185, No. 2:12-md-02311, Filed 01/19/2016).   TEDPs file this reply in response to the Opposition to Motion to Compel by Non-Party Truck and Equipment Specified Subpoenaed Entities ("TE Opposition," ECF No. 1226, No. 2:12-md-02311, Filed 02/19/2016)   The TE Opposition was filed by Daimler Trucks North American LLC, Daimler Vans Manufacturing, LLC, Daimler Vans LLC, Freightliner Custom Chassis Corp., Mitsubishi Fuso Truck of America, Inc., Thomas Built Buses, Inc., and Western Star Trucks Sales, Inc. (collectively, the "TE Respondents.")

## ARGUMENT

**I.   Truck and Equipment Dealers satisfied their obligation to meet and confer with TE Respondents.**

The TE Respondents' main argument is that the Motion to Compel should be denied with respect to them because TEDPs failed to meet and confer with them as required by Michigan L.R. 7.1.   However, Special Master Esshaki has already determined that he will not "deny the Motion based upon the alleged failure to meet and confer" and that the mediation session to be conducted on March 24, 2016 will be "consider[ed] . . . as ou[r] meet and confer under the Local Rule."   *See* March 2, 2016 email from Special Master Esshaki, attached hereto as Exhibit A. That alone is dispositive of the main issue raised by TE Respondents.   In any event, the TE Respondents' claim that TEDPs have refused to meet and confer with them is disingenuous[1] and inaccurate[2].

---

[1]  Following an initial meet and confer call on September 15, 2015, counsel for certain of the TE Respondents refused to continue meet or confer discussions by email dated October 19, 2015:

> Once the OEM/issuing parties have completed the meet-and-confer process at the general level, there will either be some overall agreement on the proper

1

## II. TEDPs are entitled to discovery from Truck and Equipment manufacturers.

The TE Respondents also assert that the motion must be denied because there is not "a line" in the Motion to Compel describing why the subpoenaed information is relevant specifically to TEDPs claims. TE Opposition at 3. However, the subpoenaed documents and data are relevant to TEDPs claims for the same reasons that they are relevant to substantially similar claims raised by other Plaintiff classes, reasons that have been described at length in the Motion to Compel and its supporting papers. The TEDPs have alleged the existence of a conspiracy involving the same defendants, the same substantive legal claims, and the same overall theory of violation as the other Plaintiff classes.

TE Respondents rely upon, with virtually no analysis, two cases involving antitrust claims in the heavy duty truck market. TE Opposition at 3-4 (citing *Volvo Trucks N. Am, Inc. v. Reeder-Simco GMC, Inc.*, 546 U.S. 164 (2006) and *In re Class 8 Transmission Indirect Purchaser Antitrust Litig.*, __ F. Supp. 3d __, Civ. No. 11-00009-SLR, 2015 WL 6181748 (D. Del. Oct. 21, 2015)). TE Respondents' reliance on these cases is unavailing because neither has anything to do with discovery. At most, they support the proposition that certain transactions in

---

       scope of the subpoena, or the issuing parties will bring a motion to compel. It would make sense to meet-and-confer with respect to the Daimler Truck Entities either after the parties reach agreement at the general level, *or after the Special Master and/or Judge Battani has ruled on the proper scope of the subpoena*.

October 19, 2015 email from Dominic Surprenant, attached hereto as Exhibit B (emphasis added).

[2] The Parties' October 14, 2015 letter stated that TEDPs were willing to "discuss appropriate criteria" for identifying which Truck and Equipment OEMs would properly be considered "small entities" subject to a narrowed list of requests applicable to small entities. *See* Specified Subpoenaed Entities' Joint Opposition to the Parties' Motions to Compel ("Joint Opposition"), ECF No. 1227, No. 2:12-md-02311, at Ex. 8 at 2. The October 14 letter did not leave as an open question which *requests* the Truck and Equipment OEMs were required to respond to, to the extent they were not considered "small entities." On December 30, 2015, a joint letter from the SSE's stated that the Parties "[r]efused to meet and confer concerning the scope of requests issued to the Truck and Equipment SSEs." Joint Opposition at Ex. 13 at 1. Accordingly, the Parties clarified by letter dated January 13, 2016 that "[w]ith respect to SSEs involved in the manufacture of Trucks and Equipment, the Serving Parties seek the same prioritized requests and intend to move to compel on the same items as other SSEs." Joint Opposition at Ex. 14 at 3. The SSE's apparently understood, because in their email response of the same day they requested only that "the Parties clarify [their] position concerning" certain other entities, not Truck and Equipment OEMs. Joint Opposition at Ex. 15.

DM1\6709044.1

the truck market may be individualized – but that only underscores the particular importance to TEDPs of obtaining the detailed discovery sought by the subpoena. Indeed, the holding in *Class 8 Transmission* highlights the prejudice that TEDPs will suffer if they are unable to obtain the information sought by the subpoena. In that case, the court denied Plaintiffs' motion for class certification because it held that their expert damages analysis was inadequate. Among other things, the court concluded that it was based on only a "small slice of data" and excluded certain types of transmissions (the part at issue) and certain OEMs. *Id.* at *9. As *Class 8 Transmission* shows, detailed data are necessary for TEDPs to construct a robust analysis to prove their claims. Accordingly, the Motion to Compel should be granted with respect to TE Respondents for the reasons described in the Motion to Compel and its supporting papers.

## CONCLUSION

For the above reasons, Truck and Equipment Dealers request that the Court grant the Motion to Compel, including with respect to the TE Respondents.

Dated: March 11, 2016

/s/ J. Manly Parks
Wayne A. Mack
J. Manly Parks
Andrew R. Sperl
30 S. 17th Street
Philadelphia, PA   19103
Phone: (215) 979-1000
Fax: (215) 979-1020
wamack@duanemorris.com
jmparks@duanemorris.com

*Counsel for Truck and Equipment Dealer Plaintiffs*

3

DM1\6709044.1

## CERTIFICATE OF SERVICE

I certify that today I served the foregoing Reply In Support of Motion to Compel Discovery From Non-Party Original Equipment Manufacturers with the Clerk of the Court using the ECF system which will send notification of such filing to all of the ECF participants in this action.

Dated: March 11, 2016

/s/ J. Manly Parks
J. Manly Parks