# EXHIBIT B

1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| IN RE STATIC RANDOM ACCESS MEMORY (SRAM) ANTITRUST LITIGATION | Case No. M:07-CV-01819-CW<br><br>MDL No. 1819<br><br>**ORDER BY SPECIAL MASTER GRANTING INDIRECT PURCHASER PLAINTIFFS' MOTION TO COMPEL THE PRODUCTION OF DOCUMENTS FROM THIRD-PARTY, JABIL CIRCUIT, INC.** |
| This Document Relates to:<br><br>ALL ACTIONS | |

Pursuant to Federal Rule of Civil Procedure 53 and the September 26, 2007 Order Granting As Modified Parties' Stipulation for Appointment of Discovery Master [Docket Entry 302] entered in connection with the above-referenced action, and having considered the briefing submitted by Indirect Purchaser Plaintiffs ("IP Plaintiffs" or "Plaintiffs") and the third-party, Jabil Circuit, Inc. ("Jabil"), regarding IP Plaintiffs' December 18, 2009 Motion to Compel Jabil's compliance with the subpoena *duces tecum*, served on or about July 11, 2008 (the "Subpoena"), and as modified by Plaintiffs' counsel's October 16, 2009 letter (the "10/16/09 Demand Letter"), the arguments presented, and the relevant record in this action, the Special Master hereby issues the following Order.

Rule 45 governs discovery sought from non-parties. *See, e.g., Gonzales v. Google, Inc.*, 234

1

F.R.D. 674, 679 (N.D. Cal. 2006); *Del Campo v. Kennedy*, 236 F.R.D. 454, 457 (N.D. Cal. 2006). The scope of permissible discovery sought by subpoena or otherwise is ultimately governed by Rule 26(b), which permits the discovery of any non-privileged material "relevant to the claim or defense of any party," even if inadmissible, as long as it "appears reasonably calculated to lead to the discovery of admissible evidence." *See Gonzales*, 234 F.R.D. at 679 (quoting Fed. R. Civ. P. 26(b)(1)); *Del Campo*, 236 F.R.D. at 457 (same).

Although Rule 45, by its terms, does afford a degree of deference to a non-party and permits a court to modify a subpoena if full compliance would result in, *inter alia*, "undue burden," *see* Fed. R. Civ. P. 45(c)(3)(A), courts have also recognized that, in such instances, the non-party has "a heavy burden of establishing that compliance with the subpoena would be 'unreasonable and oppressive.'" *Composition Roofers Union Local 30 Welfare Trust Fund v. Graveley Roofing Enterprises, Inc.*, 160 F.R.D. 70, 72 (E.D. Pa. 1995) (citation omitted).

Thus, when determining whether to enforce a subpoena directed at a non-party, courts generally attempt to balance three factors: "the relevance of the discovery sought, the requesting party's need, and the potential hardship to the party subject to the subpoena." *Gonzales*, 234 F.R.D. at 680 (citing *Heat & Control, Inc. v. Hester Indus., Inc.*, 785 F.2d 1017, 1024 (Fed. Cir. 1986)).

The information sought by IP Plaintiffs, namely, transactional level pricing information pertaining to Jabil's purchases of SRAM; and Bill of Materials ("BoM") cost data, product information and related transactional sales data for products manufactured by Jabil that contain static random access memory ("SRAM"), is clearly relevant to Plaintiffs' claims. *See In re Static Random Access Memory (SRAM) Antitrust Litig.*, No. C 07-01819 CW, 2009 WL 4263524, at *4, *10 (N.D. Cal. Nov. 25, 2009) (noting that such information is relevant to, *inter alia*, class ascertainability and analysis of pass-through).

Jabil's expressed confidentiality concerns provide no basis for denying this motion. Courts in this District and elsewhere have found that existing protective orders, such as the one in place here, afford adequate security for the production of commercially-sensitive information. *See, e.g., Compaq Computer Corp. v. Packard Bell Electronics, Inc.*, 163 F.R.D. 329, 339 (N.D. Cal. 1995); *L.G. Philips LCD Co. Ltd. v. Tatung Co.*, No. Misc. F-07-0009 EFB, 2007 WL 869700, at *3 (E.D.

Cal. March 21, 2007) (finding protective order already in place, which allowed for documents produced pursuant to subpoena to be designated "highly sensitive confidential information," offered adequate protection).

Finally, Jabil has not met its obligation of establishing any "undue burden" associated with production of the requested information. *See, e.g., Kirschner v. Klemons*, No. 99 Civ. 4828, 2005 WL 1214330, at *3 (S.D.N.Y. May 19, 2005) ("Because the burden is on the party seeking to quash a subpoena, that party cannot merely assert that compliance with the subpoena would be burdensome without setting forth the manner and extent of the burden and the probable negative consequences of insisting on compliance"). While Jabil is not required to create documents that do not exist in order to comply with the Subpoena, it is required, at a minimum, to explain why it cannot extract the requested information from its existing systems. *See Gonzales*, 234 F.R.D. at 683. It has failed to do so satisfactorily.

In light of the above and other information in the record, IT IS HEREBY ORDERED that:

IP Plaintiffs' Motion to Compel is granted according to the following terms;

Within ten (10) days of the issuance of this Order or the expiration of the time permitted by Federal Rule of Civil Procedure 53(f) for objection or modification to this Order, Jabil shall produce to IP Plaintiffs' counsel, in a format generally available and acceptable to IP Plaintiffs' counsel, the following categories of documents and information:

(1) Any available transactional-level pricing information pertaining to Jabil's previously produced transactional-level purchases of SRAM or SRAM-containing components which was purchased from one or more of the named Defendants[1], including transaction price; transaction type (*i.e.*, purchase, return or exchange); and any rebate, credits or discounts given.

---

[1] The named Defendants in this action are: Cypress Semiconductor Corporation, Etron Technology, Inc., Etron Technology America, Inc., Hynix Semiconductor, Inc., Hynix Semiconductor America, Inc., Micron Technology, Inc., Micron Semiconductor Products, Inc., Mitsubishi Electric Corporation, Mitsubishi Electric & Electronics USA, Inc., NEC Electronics Corporation, NEC Electronics America, Inc., Renesas Technology Corp., Renesas Technology America, Inc., Samsung Electronics Company, Ltd., Samsung Electronics America, Inc., Samsung Semiconductor, Inc., Toshiba Corporation, and Toshiba America Electronic Components, Inc..

3

  (2) List of products manufactured or assembled by Jabil containing one or more of the named Defendants' SRAM that constitute or include the Relevant Products (as defined in the 10/16/09 Demand Letter), including a product description; product code; and product SKU.

  (3) Bill of Materials ("BoM") cost data for the SRAM components and/or SRAM-containing components in any products identified in #2 above and the total BoM cost for such products over the life of the product on a monthly basis, quarterly basis, or other reasonable time interval.

  (4) Sales data for the products identified in #2 above; specifically, transactional level sales data for those products, including invoice number; date of sales transaction; product code; product SKU; geographic indicator of sale (customer address, zip code or State); transaction price; units sold; net dollar unit cost; transaction type (*i.e.*, purchase, return or exchange); and any rebate, credits or discounts given.

IT IS SO ORDERED.

Date: February 26, 2010

_____
Fern M. Smith, Arbitrator

4

[PROPOSED] ORDER BY SPECIAL MASTER GRANTING INDIRECT PURCHASER PLAINTIFFS' MOTION TO COMPEL THE PRODUCTION OF DOCUMENTS FROM THIRD-PARTY, JABIL CIRCUIT, INC.