# EXHIBIT D

MARIO N. ALIOTO, ESQ. (56433)
JOSEPH M. PATANE, ESQ. (72202)
LAUREN C. RUSSELL, ESQ. (241151)
TRUMP, ALIOTO, TRUMP & PRESCOTT, LLP
2280 Union Street
San Francisco, CA 94123
Telephone: (415) 563-7200
Facsimile: (415) 346-0679
E-mail: malioto@tatp.com
laurenrussell@tatp.com

*Lead Counsel for the Indirect Purchaser Plaintiffs*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. CV-07-5944 SC |
| | MDL No. 1917 |
| | **DECLARATION OF MARIO N. ALIOTO IN SUPPORT OF INDIRECT PURCHASER PLAINTIFFS' MOTION FOR ATTORNEYS' FEES, REIMBURSEMENT OF LITIGATION EXPENSES, AND INCENTIVE AWARDS** |
| **This document relates to:** **ALL INDIRECT PURCHASER ACTIONS** | Hearing Date: November 13, 2015 Time: 10:00 a.m. Courtroom: One, 17th Floor Judge: Honorable Samuel Conti |

1

DECLARATION OF MARIO N. ALIOTO IN SUPPORT OF INDIRECT PURCHASER PLAINTIFFS' MOTION FOR ATTORNEYS' FEES, REIMBURSEMENT OF LITIGATION EXPENSES, AND INCENTIVE AWARDS – Master File No. CV-07-5944-SC

I, Mario N. Alioto, declare:

1. I am an attorney duly licensed by the State of California and am admitted to practice before this Court. I am a partner with the law firm Trump, Alioto, Trump & Prescott, LLP and my firm serves as Lead Counsel for the Indirect Purchaser Plaintiffs ("IPPs") in the above-captioned action. I submit this declaration in support of the IPPs' Motion for Attorneys' Fees, Reimbursement of Litigation Expenses, and Incentive Awards. The matters set forth herein are within my personal knowledge and if called upon and sworn as a witness I could competently testify regarding them.

2. I and members of my firm have been involved in every aspect of this litigation since its inception. This Court appointed the undersigned and my firm as Interim Lead Counsel for the Indirect Purchaser Class on May 9, 2008 (Dkt. No. 47), and confirmed the appointment as Lead Counsel on September 24, 2013. (Dkt. No. 1950). I, or members of my firm, have personally overseen all of the work performed in this litigation on behalf of the Class.

3. Lead Counsel and the other IPP firms that worked on this case on behalf of indirect purchasers (collectively "IPP Counsel") have litigated this case for the past eight-years on a contingency fee basis and have assumed significant risks that we would receive no compensation for our work. IPP Counsel have declined the opportunity to perform other legal work in favor of pursuing this litigation. Due to complexity of this case and the amount of work involved, certain lead attorneys (including several from my firm) were working full time on this case for several years and were unable to take on any other work.

4. I provide in this declaration a summary of: (a) the work performed by IPP Counsel; (b) the history of the litigation; (c) the time expended in litigating this case; (d) the steps Lead Counsel has taken to manage this case efficiently; (e) the expenses reasonably incurred in support of the litigation; and (f) the work performed by Class Representatives in support of IPP Counsel's request for incentive awards.

2
DECLARATION OF MARIO N. ALIOTO IN SUPPORT OF INDIRECT PURCHASER PLAINTIFFS' MOTION
FOR ATTORNEYS' FEES, REIMBURSEMENT OF LITIGATION EXPENSES, AND INCENTIVE AWARDS –
Master File No. CV-07-5944-SC

Lead Counsel also took the lead on coordinating all of the discovery efforts with the other plaintiff groups.

**Document Discovery**

26. IPP Counsel drafted and served the first set of document requests on Defendants in June 2008 seeking production of the documents Defendants had produced to the Grand Jury. But on July 7, 2008, the Department of Justice's Antitrust Division ("DOJ") moved for a stay of all discovery pending their criminal investigation into the CRT conspiracy. (Dkt. No. 321.) Thereafter, IPP Counsel engaged in extensive negotiations with the DOJ, the DPPs and Defendants and worked out a Stipulated Order dated September 12, 2008 that provided for a limited stay of merits discovery until September 12, 2009. (Dkt. No. 379.) At the request of the DOJ, this stay was extended on several occasions, with the stay on document discovery continuing until March 12, 2010, and the stay on deposition discovery continuing until March 1, 2011. (Dkt. Nos. 425, 590, 798.)

27. The Stipulated Order also contained various document requests to Defendants. These requests sought sales and cost data and other information relevant to class certification. Certain Defendants produced documents and data responsive to these requests. The others took the position that they need not respond to discovery until the motions to dismiss were decided.

28. Beginning in January 2009, while the DOJ stay on merits discovery was in effect, IPP Counsel worked with the expert economists to subpoena and negotiate productions of documents and data from over 50 third-party retailers, distributors and CRT television and monitor manufacturers.[9] Each of these subpoenas had to be individually negotiated with the assistance of IPPs' expert economists. Lead Counsel handled several of the subpoena negotiations and assigned the others to various IPP Counsel. Lead Counsel oversaw all of these negotiations and kept track of their status. The negotiations were often difficult and protracted

---

[9] A list of all the third-party subpoenas served by IPPs is contained in Exhibit 2 to this Declaration.

13

DECLARATION OF MARIO N. ALIOTO IN SUPPORT OF INDIRECT PURCHASER PLAINTIFFS' MOTION FOR ATTORNEYS' FEES, REIMBURSEMENT OF LITIGATION EXPENSES, AND INCENTIVE AWARDS – Master File No. CV-07-5944-SC

given the breadth of the information IPP Counsel were requesting, the age of the data and the fact that these third parties had no interest in the case. This data was critical to the preparation of IPPs' motion for class certification.

29. The DOJ's stay was partially lifted on March 8, 2010 and certain Defendants began their rolling production of so-called "Grand Jury documents."[10] Additionally, on March 25, 2010, Lead Counsel, with the assistance of some other IPP Counsel, propounded a second set of document requests and interrogatories on all Defendants. The meet and confers with defense counsel regarding Defendants' responses to those requests began in June 2010 and continued for approximately two years.

30. Defendants strenuously objected to IPPs' discovery requests and initially refused to produce any documents or data, or respond to any interrogatories regarding their activities outside the United States. Despite having lost their motion to dismiss IPPs' claims based on foreign CRT sales under the FTAIA, Defendants argued that foreign discovery was barred under the FTAIA. Defendants also asserted that the four-year statute of limitations barred all discovery regarding their activities prior to November 2003 (four years before the filing of the first IPP complaint), and refused to produce any discovery regarding finished CRT products on the grounds that it was irrelevant. These objections required extensive meet and confers and, ultimately, several motions to compel before the Special Master in the Fall of 2010.[11] Lead Counsel and one other IPP firm did a substantial amount of work on these motions in coordination with DPP Counsel.

31. Even after these issues were resolved and the Special Master ordered the parties to

---

[10] Only Defendants Chunghwa, Samsung SDI, Philips, and Hitachi produced documents to the Grand Jury, and the productions from Philips and Hitachi came only from their U.S. subsidiaries. In other words, the Grand Jury production was very limited.

[11] A list of all the discovery motions briefed by IPP Counsel is contained in Exhibit 3 to this Declaration.

14
DECLARATION OF MARIO N. ALIOTO IN SUPPORT OF INDIRECT PURCHASER PLAINTIFFS' MOTION FOR ATTORNEYS' FEES, REIMBURSEMENT OF LITIGATION EXPENSES, AND INCENTIVE AWARDS – Master File No. CV-07-5944-SC

# Exhibit 2

| THIRD PARTY SUBPOENAS SERVED | |
|---|---|
| **Name of Entity** | **Level** |
| Acer America Corporation | Manufacturer |
| Amazon.com | Retailer |
| AOC | Manufacturer |
| Apple | Manufacturer |
| Arrow Electronics | Retailer |
| BenQ USA Corp. | Distributor |
| Best Buy Co., Inc. | Retailer |
| Buy.com | Retailer |
| CDW Corp. | Manufacturer |
| Circuit City | Retailer |
| Costco | Retailer |
| CTX Technology | Distributor |
| Dell, Inc. | Manufacturer |
| Envision Peripherals | Retailer |
| Five Rivers Electronics | Manufacturer |
| Fourstar Group | Distributor |
| Fry's Electronics | Retailer |
| Funai Corporation, Inc. | Manufacturer |
| Gateway, Inc. | Manufacturer |
| Hewlett Packard, Inc. | Manufacturer |
| IBM Corporation | Manufacturer |
| Iiyama North America, Inc. | Distributor |
| Ingram Micro Inc. | Distributor |
| Meijer, Inc. | Retailer |
| NEC Display Solutions of | Manufacturer |
| Newegg.com | Retailer |
| Nexgen Mediatech USA, Inc. | Distributor |
| NowDirect.com | Retailer |
| Office Depot | Retailer |
| OfficeMax, Inc. | Retailer |
| One Diamond Electronics | Retailer |
| PC Connection | Retailer |
| PC Mall | Retailer |

| Name of Entity | Level |
|---|---|
| Proview Technology, Inc. | Manufacturer |
| RadioShack Corp. | Retailer |
| Sam's Club | Retailer |
| Sanyo North America Corp. | Manufacturer |
| Sharp Electronics Corporation | Manufacturer |
| Sony Corporation of American | Manufacturer |
| Sony Electronics, Inc. | Retailer |
| Staples | Retailer |
| Target | Retailer |
| SYNAP | Distributor |
| TCL-Thomson Technologies, Inc. | Manufacturer |
| Tech Data Corp. | Distributor |
| Tech Depot | Retailer |
| UTI Technology, Inc. | Manufacturer |
| Video Display Corporation | Distributor |
| Wal-Mart Stores, Inc. | Retailer |
| Zenith Corp. | Manufacturer |
| Zones | Distributor |