# EXHIBIT 6

### UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

**BIOLUMIX, INC**., **GIDEON EDEN**, and
**RUTH EDEN**,

             Plaintiffs/Counter-Defendants,

v

**CENTRUS INTERNATIONAL, INC.**,

             Defendant/Counter-Plaintiff.

Case No.:  08-11418

Honorable Arthur J. Tarnow
Senior U.S. District Judge

Honorable James F. Davis
Special Master/Arbitrator

---

Peter M. Falkenstein (P-61375)
David S. McDaniel (P-56994)
Mark G. Cooper (P-52657)
Jaffe Raitt Heuer & Weiss, P.C.
201 S. Main Street,  Suite 300
Ann Arbor, MI  48104
734-222-4776
pfalkenstein@jaffelaw.com
dmcdaniel@jaffelaw.com


Marshall G. MacFarlane (P-27296)
Young Basile, P.C.
301 East Liberty Street
Ann Arbor, MI  48104
734-662-0270
macfarlane@youngbasile.com


Attorneys for Plaintiffs/Counter-Defendants

Anita G. Fox (P-47818)
Michael P. Donnelly (P-45221)
Fraser Trebilcock Davis & Dunlap, P.C.
124 West Allegan, Suite 1000
Lansing, MI  48933
517-482-5800
afox@fraserlawfirm.com
mdonnelly@fraserlawfirm.com


Jeffrey Weiss
Weiss & Moy, P.C.
1101 14th Street NW, Suite 500
Washington, DC  20005
202-682-1722
jweiss@weissiplaw.com


Attorneys for Defendant/Counter-
Plaintiff Centrus International, Inc.

Fraser
Trebilcock
Davis &
Dunlap,
P.C.
Lawyers
Detroit,
Michigan
48226

### BRIEF IN OPPOSITION TO PLAINTIFFS' *RENEWED* MOTION TO COMPEL PRODUCITON OF PRIVILEGED DOCUMENTS

     NOW COMES Defendant Centrus International, Inc. ("Centrus") by and through its

attorneys, Fraser Trebilcock Davis & Dunlap, PC and for its Brief in Opposition to Plaintiffs'

*renewed* Motion to Compel Production of Privileged Documents states:

information confidential (See Exhibit 3 to Defendant's response to Plaintiffs first motion for *in camera* review, Sec. 10 (a) and (b)). Furthermore, the SPA contains lengthy indemnification and hold harmless provisions that make Eastman liable for any issue that arises out of its representations and warranties to Neogen regarding any information about Centrus, including but not limited to, the intellectual property of the company and the status of all obligations of the company under any contract. (See by way of example only, *supra*, Sec. 4 and 9). Therefore, with respect to the intellectual property and contractual obligations of Centrus, the interests of Eastman and Centrus/Neogen are identical both legally and commercially.

Since the date Neogen expressed interest in purchasing Centrus from Eastman, the Edens have made clear that they intended to fight over every issues with Centrus. During the closing and continuing to the present time, the Edens have been fighting with Centrus about employment contracts, assignments, licenses, intellectual property, etc. The threat of litigation from either or both of the Edens has been constant. In fact, that threat was realized at the very moment the sale was finalized when Ruth Eden sued Centrus for breach of contract in May 2006. There was constant wrangling with Gideon Eden as well regarding assignments and licensing agreements before and after the closing in February 2006. In fact Gideon filed a lawsuit in 2007 regarding what he saw as Centrus' failure to commercialize certain technology. Prior to, during and after the sale to Neogen, there were discussions with Gideon Eden regarding his claims associated with licenses of certain technology. This was the primary subject of the privileged documents identified in the amended privileged log.

Plaintiffs' counsel knows full well about these issues as it was the firm that was representing the Edens on these issues at the time. For them to claim ignorance of the basis

Fraser
Trebilcock
Davis &
Dunlap,
P.C.
Lawyers
Detroit,
Michigan
48226

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BioLumix, Inc., a Michigan corporation,
Gideon Eden, an individual, and Ruth          Case No. 08 - 11418
Eden, an individual, jointly and severally

      Plaintiffs/Counterclaim-Defendants

                                    Hon. Arthur J. Tarnow
v.                                           U.S. District Judge

                                    Hon. James F. Davis
                                    Special Master/Arbitrator

Centrus International, Inc.,

      Defendant/Counterclaim-Plaintiff

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \*\*

## SPECIAL MASTER RULING RE BIOLUMIX RENEWED MOTION
## FOR *IN CAMERA* REVIEW OF EASTMAN DOCUMENTS

By order dated September 24, 2012, the Special Master DENIED BioLumix plantiffs' ("BioLumix") motion to compel production or *in camera* review of 67 Eastman documents. The Eastman documents (or categories of documents) at issue are part of some 1,500 to 2,000 produced under subpoena on Eastman Chemical Company and withheld from production to BioLumix until review by Centrus for privilege, pursuant to an earlier Special Master order dated July 14, 2012. The July 14 order required Centrus to prepare a privilege log ("original log") for inspection by BioLumix which Centrus did identifying the 67 above-noted documents.

1

BioLumix challenged the original log as inadequate to sustain the privilege assertion. The September 24 order instructed Centrus to provide an "amended" privilege log. Centrus represented that an amended log would "try to explain in more detail the connection between the [asserted] privileges and the documents."

On October 1, 2012, Centrus provided to BioLumix the "amended" log. The amendments seek to clarify the "description" of 53 of the 67 withheld documents regarding the basis for the privilege claim. *E.g.* in document 1696, the original log described the "Subject" of the document as "FW:Transition". In the amended log, the "Subject" was changed to "Discussion re: resolution of claims of Gideon and/or Ruth Eden". In document 1720-1724, the Description of the document was changed from "Exclusive Field of Use Agreement" to "Attorney draft of Exclusive Field of Use Agreement."  Amendments to the other 51 documents were identical or similar.

On October 16, 2012, BioLumix renewed its earlier motion seeking *in camera* review by the Special Master of the disputed documents, arguing that the amended log "suffers from the same defects" as the original log and that Centrus' claim of privilege is not a "valid" claim. Among other things, BioLumix asserts that the privilege claim is improper under the "common interest doctrine" or "settlement privilege" and because the documents are "third party documents" and asserted privilege if any was waived.

Having reviewed the original privilege log, as amended, the Special Master is satisfied that the log presents a proper assertion of privilege. The unique facts of this case involving the sale of Centrus by Eastman to Neogen and the history of conflicts, negotiations and litigations between the Eden plaintiffs and Centrus, and apparent efforts to resolve them, drive this conclusion. Some of those conflicts, or variations thereof, may be riding along in this case, making earlier efforts involving attorneys and confidential communications between them and their clients, sensitive to the proceedings in this case.

As for *in camera* review by the Special Master, Centrus objects. As Centrus puts it, "With this Court/Special Master being the trier of fact in this matter, it is