# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

_____

| | |
|---|---|
| In Re:  **AUTOMOTIVE PARTS ANTITRUST LITIGATION** | Master File No.  12-md-02311<br>Honorable Marianne O. Battani<br>Special Master Gene J. Esshaki |

_____/

**In Re:  All Auto Parts Cases**                     2:12-MD-02311-MOB-MKM

_____/

**THIS DOCUMENT RELATES TO:**
**ALL AUTO PARTS CASES**
_____/

LARRYS. GANGNES
HEIDI BRADLEY
U. S. Bank Centre
1420 Fifth Avenue, Suite 4200               **REPLY BRIEF OF NON-PARTY**
P. O. Box 91302                             **DELPHI AUTOMOTIVE**
Seattle, WA  98111-9402                     **SYSTEMS, LLC AND DELPHI**
Telephone:  (206)-223-7000                  **CONNECTION SYSTEMS US, INC.**
Email:  gangnesl@lanepowell.com
_____/      **ORAL ARGUMENT**
                                            **REQUESTED**

CRAIG D. BACHMAN
KENNETH R. DAVID II
DARIN M. SANDS
MASAYUKI YAMAGUCHI
PETER D. HAWKES
MODA Tower
601 SW Second Avenue, Suite 2100
Portland, OR  97204-3158
Telephone:  (503)778-2100
bachman@lanepowell.com
davisk@lanepowell.com

1

sandsd@lanepowell.com
yamaguchim@lanepowell.com
hawkesp@lanepowell.com
_____

JOSEPH E. PAPELIAN (P26582)
PAPELIAN LAW OFFICE PLLC
6 Woodward Heights, Suite B
Pleasant Ridge, MI 48069
Telephone: (248)813-2535
Email: joe@papelianlaw.com
_____/

## CONTROLLING OR MOST APPROPRIATE AUTHORITY

**Cases**                                                                 **Page #**

American Electric Power Co. v United States, 191 F.R.D. 132 (S.D. Ohio 1999)……………………………………………………………….   6

Baser v Department of Veteran Affairs, 2014 U.S. Dist. LEXIS 137602 ….   2

Concord Boat Corp. v Brunswick Corp., 169 F.R.D. 44, 48 (S.D.N.Y. 1996) .   6

Guy Chem. Co. v Romaco AG, 243 F.R.D. 310 (N.D. Indiana 2007)……...   4

Rondigo, LLC v Casco Township, 537 F. Supp. 2d 891, 894-895 (ED Mich 2008)………..……………………………………………………   4

Steede v GM, LLC, 2013 U. S. Dist. LEXIS 5557, P 13 ……………………   5

Surles Ex Rel. Johnson v. Greyhound Lines, Inc., 474 Fed 3rd 288, 305 ……   5
(6th Cir. 2007):

## REPLY BRIEF

Furukawa has unfairly and illegally competed against Delphi in the automotive wire harness business.  Now it has the audacity to ask this court to compel Delphi to produce its confidential business information supposedly to assist its defense.  If fault is to be identified, perhaps it is with Delphi for acting reasonably in trying to address Furukawa's discovery interests.  Delphi is more than a non-party – it is a victim and competitor of Furukawa's.  Furukawa speaks with a forked tongue when, on one hand, it claims it needs Delphi's information for a "yardstick" analysis of its alleged overcharges; while, on the other hand, it does not concede the "yardstick" analysis is necessarily appropriate in this case.  Furukawa has not sufficiently identified why it needs Delphi's documents.

Delphi has spent substantial sums in this matter:  over $500,000 in addressing the Department of Justice's ("DOJ") Grand Jury subpoena before it was directed to stand-down; and more in money, lost time and opportunities trying to appease Furukawa.  It offered a reasonable compromise to produce the transactional data,1 which inexplicably Furukawa declined.  Enough is enough:  Furukawa's fishing discovery scheme needs to end here.  The Court

---

1 In its order dated December 15, 2015 (Exhibit A), the Special Master held that: "The nearly 400,000 pages of transactional data previously or currently being produced by Rush to Defendants as well as other discovery that is underway are more than sufficient to permit Defendants to conduct whatever statistical analysis is necessary to properly address the issued in this matter" (at p. 6).

should quash Furukawa's subpoenas.

## A.  FURUKAWA ELECTRIC CO., LTD. AND AMERICAN FURUKAWA, INC. WERE THE ONLY ISSUERS OF THE SUBPOENAS.

The subpoenas were issued only by Furukawa Electric Co., Ltd. and American Furukawa, Inc. ("Furukawa"), and Furukawa's claim that other parties were also issuers of the subpoenas is without factual or legal basis.  Delphi moves the Court to strike the non-Furukawa "certain Defendants" from the opposition and "cross-motion" because they were not issuing parties and have no standing to compel documents they did not request.[2]

## B.  DELPHI WAS A VICTIM

Delphi was never involved in the wire harness price-fixing conspiracy.  The DOJ confirmed this fact, and Plaintiffs voluntarily dismissed Delphi.

## C.     THE SUBPOENAS FURTHER VICTIMIZE DELPHI.

Furukawa pled guilty and was fined $200,000,000.[3]  Nonetheless, Delphi attempted to work with Furukawa.  Negotiations over the production of documents took place over a two-year period, but no agreement was ever reached.

As a measure of good-faith, Delphi provided Furukawa the documents it had

---

2 Even though Furukawa labeled its motion as a cross motion, it appears to be a counter-motion, but in either case it should be stricken in violation of Local Rule 5(e).  See Baser v Department of Veteran Affairs, 2014 U.S. Dist. LEXIS 137602, at 17-18 (ED Mich 2014) (Exhibit B)
3 Three Furukawa executives also pled guilty.

provided to the DOJ.  Delphi negotiated the production of further documents, but for many reasons, no agreement was reached (e.g., Furukawa's broad definition of Wire Harness, reimbursement of Delphi's costs, and its failure to identify why it needed Delphi's documents).  Furukawa continued to expand its requests. Delphi's objections to the expansive and burdensome requests are more fully set forth in its Motion to Quash and the attached Declaration of Joseph Papelian (Exhibit C).  The subpoenas seek virtually all aspects of Delphi's wire harness business (*See* Exhibit D, Falete Declaration).

Furukawa is a competitor of Delphi's in the wire harness business.  The protective order is of little solace to Delphi:  once its confidential information is released the genie cannot be put back into the bottle.  Delphi would be further victimized by disclosing its entire operation and pricing methodology.

## D.  FURUKAWA NEVER AGREED TO REIMBURSE DELPHI

Furukawa never agreed to reimburse Delphi for its costs associated with searching, collecting, and reviewing potentially responsive documents.  Its offer to "cost share" is not acceptable (*See* Papelian Declaration).

In the event the Court allows some discovery, Furukawa has the resources to reimburse Delphi fully for its costs.  Delphi should not be forced to subsidize Furukawa by diverting its resources and having its employees abandon their

normal responsibilities to search for the extensive information sought in the requests.  *See* also the <u>Guy Chem.</u> case cited in Delphi's motion.

Furukawa identifies documents it says Delphi "agreed to produce." Furukawa is wrong.  While there have been many discussions regarding potential documents, no agreement was ever reached (*See* Papelian Declaration).

## E.  FURUKAWA IS ON A FISHING EXPEDITION.

Now, for the first time, Furukawa sheepishly states the subpoenas seek documents and data from Delphi that "could potentially be relevant" to a "yardstick test" for proving antitrust damages.  The courts, however, have stated the "yardstick test" consists of a study of the profits of business operations that are closely comparable to the requesting party.  Although allowances can be made for differences between the firms, the businesses used as a standard must be as nearly identical to the requesting party as possible.  <u>Rondigo, LLC v Casco Township,</u> 537 F.Supp 2d 891, 894-895 (ED Mich 2008).  Furukawa has made no showing that its operation and Delphi's operation are identical.  As set forth in Falete's declaration, the wire harness for each vehicle is unique.

Further, Furukawa does not concede the "yardstick" analysis is necessarily appropriate in this case or that Delphi's sales would serve as an appropriate "yardstick" (footnote 5, p. 11 of Furukawa's opposition).  But Furukawa states

Delphi's sales information must be obtained and analyzed before it can even determine whether it can serve as an appropriate "yardstick."  Furukawa claims it can obtain this information even if the information shows Delphi is not a good "yardstick" in the antitrust action.

Furukawa has engaged in doublespeak:  on one hand, it claims the information sought from Delphi is "highly relevant," but, on the other hand, it concedes such information may ultimately be without any benefit.

The court in Steede v GM, LLC, 2013 U.S. Dist. LEXIS 5557, P 13, stated:

> [I]t is well-established that "[t]he legal tenet that relevancy in the discovery context is broader than in the context of admissibility should not be misapplied as to allow fishing expeditions in discovery.

Generally, district courts have discretion to employ reasonable limits on the discovery of relevant information to prevent a fishing expedition.  The Sixth Circuit held in Surles Ex Rel. Johnson v. Greyhound Lines, Inc., 474 Fed 3rd 288, 305 (6th Cir. 2007):

> [a]lthough a plaintiff should not be denied access to information necessary to establish or claim, neither may a plaintiff be permitted to go fishing and a trial court retains discretion to determine that a discovery request is too broad and oppressive.

## E.  DELPHI CONNECTIONS SYSTEMS US, INC. TIMELY OBJECTED TO THE SUBPOENA.

Furukawa stated it worked with the undersigned for over two years.  The

undersigned represents Delphi Automotive Systems, LLC and Delphi Connections Systems US, Inc.  The two subpoenas are identical.  It was Delphi's intent that its communications with Furukawa's counsel and its motion and objections covered both subpoenas.  Delphi objected to the subpoenas by email dated March 10, 2016, (Exhibit E), which is completely consistent with how Furukawa treated the Delphi entities.4

In American Electric Power Co. v United States, 191 F.R.D. 132 (S.D. Ohio 1999), the court found that the non-party cannot waive its right to object to the subpoena where there was no showing of intentional failure or bad faith, it had cooperated with the government's discovery efforts, and it attempted to cooperate with the requesting party.

Delphi expressed its objections to the information being sought in the

---

4  The courts have noted that in unusual circumstances and for good cause, the failure to act timely will not bar consideration of objections.  The courts have found unusual circumstances where (1) the subpoena is overbroad on its face and exceeds the bounds of fair discovery, the subpoena witness is a non-party acting in good faith, and counsel for witness and counsel for subpoenaing party were in contact concerning the witnesses compliance prior to the time the witness challenged legal basis for the subpoena.  Concord Boat at 52.  In addition, the status of a witness as a non-party to the underlying litigation entitles the witness to consider regarding expense and inconvenience.  Concord Boat Corp., v Brunswick Corp., 169 F.R.D. 44, 48 (S.D.N.Y. 1996).  Moreover, the non-party was not a party to the complex litigation underlying the instant motion, had no interest in the outcome of the litigation, and should not be subject to the same burden of production that a party to the underlying litigation is subject.. Id. at 52

subpoenas and gave Furukawa time to respond.

<u>RELIEF SOUGHT</u>

WHEREFORE, non-party Delphi Automotive Systems, LLC and Delphi

Connections Systems US, Inc. request this court grant the following relief:

A.  Grant Delphi's Motion to Quash Furukawa's Subpoenas for Production of Documents dated February 19, 2016;

B.  Strike the non-Furukawa "certain Defendants";

C.  Strike or Deny Furukawa's cross-motion [counter-motion] to compel;

D.  If the Court modifies the subpoenas, to limit the subpoenas to the production of the 2006 - 2014 transactional data as offered by Delphi:

  1.  If the documents are ordered to be produced, order Furukawa to pay all of Delphi's costs and attorney's fees in producing such documents;

  2.  Order Furukawa to reimburse Delphi its costs and attorney's fees in filing this motion.

Respectfully submitted:

PAPELIAN LAW OFFICE PLLC

 /s/Joseph E. Papelian_____
Joseph E. Papelian (P26582)
Attorney for Delphi Automotive Systems, LLC
and Delphi Connections Systems US, Inc.
6 Woodward Heights, Suite B
Pleasant Ridge, MI  48069
Telephone:  (248)813-2535
Dated: April 7, 2016        Email:  joe@papelianlaw.com

7

## <u>CERTIFICATE OF SERVICE</u>

I certify that on the 7th day of April, 2016, I electronically filed the foregoing document with the Clerk of the Court via CM/ECF, which will send notification of such filing to all counsel registered with CM/ECF in the above-captioned matter.

 _/s/Joseph E. Papelian_____
Joseph E. Papelian (P26582)
Attorney for Delphi Automotive Systems, LLC
and Delphi Connections Systems US, Inc.
6 Woodward Heights, Suite B
Pleasant Ridge, MI  48069
Telephone:  (248)813-2535
Email:   joe@papelianlaw.com

8