IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| IN Re: AUTOMOTIVE PART ANTITRUST LITIGATION | Master File No. 12-md-02311<br>Hon. Marianne O. Battani |
| In Re: Wire Harness Cases | |
| THIS DOCUMENT RELATES TO:<br>Truck and Equipment Dealer Cases | |
| Rush Truck Centers of Arizona, et al.<br><br>Plaintiffs,<br>vs.<br>DENSO Corp., et al.<br><br>Defendants. | 2:14-cv-14451<br>2:14-cv-00107<br><br>**Oral Argument Requested** |

## ORDER OF SPECIAL MASTER DENYING DEFENDANTS' MOTION TO COMPEL DOCUMENTS FROM RUSH TRUCK PLAINTIFFS [DKT. # 86]

This matter is currently before the undersigned The Special Master in the above entitled action, upon the Motion of Defendants to compel production of documents from Rush Truck Plaintiffs (Dkt. # 86 in Case No. 14-cv-14451 and Dkt. #1 in Case No. 14-cv-00107). Plaintiffs have filed a Memorandum of Law in

Opposition to Defendants' Motion To Compel Documents From Rush Truck Plaintiffs.

The undersigned, having considered all of the documents and briefs filed with respect to this Motion, together with the exhibits annexed thereto, and having entertained oral argument of counsel in a conference hearing call conducted on December 14, 2015, Orders that the Motion To Compel Documents From Rush Truck Plaintiffs be **DENIED**

Defendants seek an Order of to compel Rush Truck Plaintiffs to produce documents and information responsive to Defendant Yazaki's requests for discovery relating to purchase and sales information. It is asserted that this information is relevant to the class of "Truck Dealers" and the extent of their alleged injury (or lack thereof), and whether class certification is appropriate, including whether these named Truck Dealers are adequate class representatives. Defendants assert that Plaintiffs, 18 commercial truck dealerships, all owned by the same parent company, seek to represent a class of dealers of medium-duty trucks heavy-duty trucks, busses, commercial vehicles, construction equipment, mining equipment, agricultural equipment, railway vehicles, and other similar vehicles (collectively, "trucks and equipment"), as defined by Truck Dealers Complaint. Truck Dealers' Complaint alleges purchases of trucks or equipment containing wire harness systems indirectly from certain Defendants at allegedly

2

supracompetitive prices that caused Truck Dealers harm. Truck and Equipment Dealer Plaintiffs ("Rush") have already produced a substantial amount of discovery in response to Defendants' request for production of documents. Rush has already produced transactional data covering 222,804 purchase records from 2002 to 2014 and 169,602 sales records generated during the period from 2004 to 2014. The sales data produced by Rush was obtained from two data bases maintained by Rush. One data base is maintained for truck purchases and one for truck sales. Defendants have objected to Rush harvesting only portions of the data bases and the parties have recently agreed that each entire data base will be produced by Rush to Defendants.

Rush has also been working with Defendants to produce samples of deal files and committed to produce more deal files if and as requested by Defendants. Finally, Rush points out that discovery is open in this action until February 2016 and that the parties are working cooperatively to gather and produce all relevant and non-burdensome documents that can be produced by that time.

As to the present Motion to Compel, Rush objects to the requests for additional documents based upon relevance, overbreadth and burden. Rush asserts that when taken together Defendants' document requests seek virtually all documents relating to Rush's purchase of trucks; all documents relating to negotiations for Rush's sale of trucks; and all communications between Rush and any purchaser, seller, or dealer of trucks or equipment, among others. Rush asserts

3

that relevance must be balanced against burden and overbreadth in light of the substantial discovery that Rush has already produced and agreed to produce, the broad requests at issue being unnecessary and not reasonably calculated to lead to relevant information not already covered by Defendants other requests. Rush asserts through its Form 10-K attached as an Exhibit to its Opposition to the Motion to Compel, that it currently operates 112 Rush Truck Centers in 20 States throughout the continental United States. It further asserts that Rush has acquired approximately 222,804 trucks during the period from 2002 to 2014. It can be assumed that a similar number of truck sales and/or leases occurred during this same time period bringing the total transactions at issue to approximately 450,000 files. Unlike an automobile dealership, the combined dealers of the Rush entity purchase and distribute vast numbers of trucks throughout the United States and are not in a position to pull deal files on each transaction engaged in by them during the relevant period. With respect to the specific requests and objections, the undersigned rules as follows:

    1. <u>Yazaki's Request For Production 4, 5 and 51</u>. Requests 4, 5 and 51 generally seek all documents related to Rush's purchase of trucks or equipment on which they claim relief as well as the processes and procedures surrounding the acquisitions. Rush objects to Requests 4, 5 and 51 not only on the basis of relevance, but also on the basis of burden and overbreadth.

4

Rush asserts that it has previously produced almost 400,000 purchase and sales records involving purchases and sales of trucks and equipment during the relevant period and that this extensive transactional data provides Defendants with all of the information they may require in order to conduct a statistical analysis of the matters that are at issue in this case. Most recently Rush has further agreed to produce unedited versions of it entire Purchase Data Base and Sales Data Base to Defendants. Rush asserts, and the undersigned concludes, that it is unduly burdensome for Rush to be expected to gather every piece of paper involving the sale or purchase of every truck during the relevant period given the vast numbers of sales and purchases that occurred, the numerous locations at which they occurred, and the fact that 100% of deal files cannot be manually pulled from an organization like Rush in a reasonable manner as they can from an automobile dealership. The undersigned concurs in the analysis of Rush with respect to these requests.

    2.    <u>Request Nos. 33 and 52</u>. In Requests 33 and 52, Defendants seek documents related to the negotiations of truck and equipment sales by Rush, including the resulting contracts and the instructions, directions or training that Rush sales personnel received regarding such negotiations. Rush objects to Requests 33 and 52 based on the grounds of relevancy, asserting that downstream discovery is irrelevant in their case because, among other

5

things, Defendants may not rely on a pass-through defense to Rush's claims in the circumstances of this case because there is no class of End-Payor Purchasers from which a double recovery could result. The undersigned agrees that Requests 33 and 52 are overbroad, unduly burdensome and seek information that is not relevant to these proceedings.

   3. <u>Request Nos. 8, 9 and 76</u>. Requests 8, 9 and 76 seek all communications, without limitation, with any supplier or purchaser of a truck, and all communications with any other truck or equipment dealer concerning pricing or customers. Rush asserts that these Requests encompass all external communications made by Rush employees for the past 18 years. While the Requests are designed to illicit information regarding competitive pricing on trucks and/or pricing matched to scarcity of favored vehicles, the burden placed upon Rush far outweighs any benefit to be gained from this discovery. Defendants' Requests to Compel Documents from Rush Trucking Plaintiffs are **DENIED IN TOTAL** as being overly broad, unduly burdensome, and unlikely to lead to relevant information. The nearly 400,000 pages of transactional data previously or currently being produced by Rush to Defendants as well as other discovery that is underway are more than sufficient to permit Defendants to conduct whatever statistical analysis is necessary to properly address the issues in

6

this matter. Accordingly, Defendants' Motion To Compel Documents, Docket # 86, **IS HEREBY DENIED**.

Pursuant to the Court's Order dated August 29, 2014, the Special Master's rulings as set forth herein, are appealable to Judge Marianne O. Battani within 21 days of this Order.

**IT IS SO ORDERED.**

Dated: December 15, 2015

/s/Gene J. Esshaki
Gene J. Esshaki, Special Master

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on December 15, 2015.

s/ Kay Doaks
Case Manager

7