# EXHIBIT 2

HIGHLY CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER

Page 1

George R. Nisbet Jr

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF MICHIGAN

SOUTHERN DIVISION

_____x
                                *
IN RE: AUTOMOTIVE PARTS         *
                                *
ANTITRUST LITIGATION            *
_____ *
In re: ALL CASES                *
_____ *
THIS DOCUMENT RELATES TO        *       No.:  12-md-02311
                                *
 All Dealership Actions         *
 All End Payor Actions          *
_____x

HIGHLY CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER

TELEPHONIC HEARING BEFORE
GENERAL MASTER GENE J. ESSHAKI
Thursday, March 3, 2016
2:40 p.m.


Veritext Legal Solutions
Mid-Atlantic Region
1250 Eye Street NW - Suite 1201
Washington, D.C.  20005

HIGHLY CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER

Page 2

1   George R. Nisbet Jr
2   A P P E A R A N C E S:
3   Attorneys for Auto Dealer Plaintiffs:
4   Brian Herrington, Esq.
5   Herrington Law, P.A.
6   P.O. Box 927
7   Ridgeland, Mississippi 39158
8   601.376.9331
9   Brian@herringtonlawpa.com
10
11  Attorneys for Defendants Denso Corporation;
12  Denso International America, Inc.:
13  Patrick J. Carome, Esq.
14  Matt Worthington, Esq.
15  And Nicolas Kirby, Esq. (Via Veritext Virtual)
16  Wilmer Cutler Pickering Hale and Dorr LLP
17  1875 Pennsylvania Avenue, N.W.
18  Washington, D.C. 20006
19  202.663.6000
20  Patrick.carome@wilmerhale.com
      (via Telephone)
21
22
23
24
25

HIGHLY CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER

Page 3

1        George R. Nisbet Jr
2   Attorneys for the End Payor Plaintiffs.:
3   Nathan M. Cihlar, Esq.
4   Straus & Boies, LLP
5   4041 University Drive, 5th Floor
6   Fairfax, Virginia 22030
7   Ncihlar@straus-boies.com
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

HIGHLY CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER

Page 4

1 George R. Nisbet Jr
2 P R O C E E D I N G S
3 THE COURT: Judge Esshaki.
4 MR. CAROME: Thank you very much
5 for taking this call. My name is
6 Patrick Carome. We've met before. I'm
7 one of the lawyers for Denso, one of the
8 defendants.
9 I'm here taking a deposition of
10 George Nisbet, who is the co-owner and
11 senior officer of one of the Auto Dealer
12 Plaintiffs, Thornhill.
13 Right across the table from me is
14 Brian Herrington, who I know you also
15 know well, who is representing the Auto
16 Dealers and Mr. Nisbet in this
17 deposition.
18 We have been going since about
19 9:00 o'clock, and it has been going very
20 well. We have come to a point where I
21 want to ask questions regarding filings
22 including an affidavit that were filed
23 in a lawsuit brought by customers of the
24 Thornhill dealership against the
25 Thornhill dealership and several

Page 5

George R. Nisbet Jr

1  individuals at the Thornhill dealership,
2  including the witness George Nisbet, who
3  is also sitting in the room here at his
4  deposition.
5      The lawsuit concerns, among other
6  things, a policy that the Thornhill
7  Superstore had for a number of years,
8  starting around 2000 and lasting until
9  approximately 2006, to advertise that it
10 would sell its new vehicles, GM vehicles
11 at $1 over invoice.  And this was a
12 litigation -- it ultimately got
13 certified as a class action litigation
14 against Thornhill.  It was ultimately
15 settled.  And as a result of the
16 settlement there's already been
17 testimony from Mr. Nisbet that this $1
18 over invoice selling practice stopped or
19 the advertising of it and the practice
20 stopped, and related policies including
21 the inflation of the sales price shown
22 on the contract over the real agreed
23 amount were also stopped as a result of
24 this.

HIGHLY CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER

Page 6

1              George R. Nisbet Jr
2         Mr. Nisbet, as I said, was a named
3    defendant in this suit.  The suit ended
4    in approximately 2006.
5         You will recall that the class
6    period for these cases goes back
7    generally to 1998, and a couple cases
8    even earlier than that.  The period when
9    this practice resulted in this
10   litigation was in place for the
11   Thornhill's dealer covers a significant
12   portion of the class period and relates
13   to the pricing of new vehicles by the
14   dealership.
15        There are pleadings in which this
16   sales practice were described and argued
17   about and perhaps most importantly there
18   is an affidavit, about a four-page
19   affidavit with some exhibits that Mr.
20   Nisbet himself signed and filed
21   describing in detail how four different
22   vehicles by the four named plaintiffs in
23   that case were priced.
24        It was hotly contested.  And I
25   think that it is very important that I

Page 7

1              George R. Nisbet Jr
2      be able to question the witness, who
3      doesn't have a good -- a very good
4      recollection of exactly the details of
5      these practices 10 years ago.
6            I want to use this affidavit and
7      other filings in the proceeding to show
8      him and to get him to explain the
9      process, with him being able to see the
10     actual documents that he either had
11     submitted on his behalf or even signed
12     as an affidavit, so that I can get a
13     clear understanding or a clearer
14     understanding of this dealer's pricing
15     practices.
16            There is nothing more central to
17     this litigation for the auto dealers and
18     the end payors than how auto dealers
19     priced vehicles.  This covers a
20     significant portion of the class period.
21            I think there can be no question
22     that I'm entitled to ask the witness
23     about this.
24            Mr. Herrington, in a very
25     respectful way, has simply instructed

Page 8

1              George R. Nisbet Jr
2        the witness not to answer any questions
3        I ask about this.
4              THE COURT: Okay. Mr. Herrington,
5        your thoughts, please.
6              MR. HERRINGTON: Yes, your Honor.
7        Thank you. I will be quick. It is two
8        quick points.
9              One, when we were, as your Honor
10       well knows going back and forth about
11       30(b)(6) topics and motions to compel
12       and whatnot, your Honor ruled that other
13       class actions that these dealers were
14       involved in were irrelevant.
15             And what Mr. Carome is wanting to
16       ask about now is, he's actually pulled
17       out pleadings from another class action.
18             So number one, the first point is,
19       your Honor has already ruled other class
20       actions are irrelevant.
21             Second, we didn't reach this
22       impasse at the beginning of this
23       deposition. We have been here for hours
24       and we have gone through pricing
25       documents, sales contracts, invoices,

HIGHLY CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER

Page 9

1          George R. Nisbet Jr
2     actual purchase agreements in
3     excruciating detail.
4          Mr. Nisbet has testified to how
5     this dollar-over-invoice practice
6     worked.  He has answered numerous
7     questions about pricing.
8          So I let all those go.  But when we
9     started pulling out pleadings, that is
10    when I instructed the witness not to
11    answer based on, number one, we covered
12    this.  But number two, your Honor's
13    ruling that what happened in other class
14    actions just are not relevant here, and
15    that is --
16         THE COURT:  Gentlemen, I understand
17    completely what is happening here.  And
18    frankly, I'm at a disadvantage because
19    I'm in the midst of a mediation right
20    now and I can't recall -- counsel,
21    obviously you're closer to me to this
22    than I am right now, that none of the
23    files are in front me.
24         What I'm going to instruct is that
25    the testimony be taken as a separate

Page 10

1                George R. Nisbet Jr
2       record, that have the court reporter set
3       up a separate record, a separate
4       transcript for this examination, that it
5       is to be sealed and it's not to be filed
6       with anybody.  And that then the counsel
7       can ask via motion that it be admitted
8       or counsel can ask that it be stricken.
9       I don't care who the moving party is.
10      And let me address that in the normal
11      course.
12              It will come up having in front of
13      me the parties written positions and the
14      other ruling that I had made that will
15      impact on it.
16              But as long as we have the witness
17      there, my instruction is to take the
18      testimony under separate record and
19      preserve it for later; we revisit it
20      later on whether it should be admitted
21      or not admitted, whether it be stricken
22      or whatever.
23              So please, set up a separate
24      record.  I'm going to permit the
25      questions to go forward.  That doesn't

HIGHLY CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER

Page 11

1  George R. Nisbet Jr
2  mean it's going to be admitted. It
3  simply means that we are going to
4  preserve it and we'll address it at a
5  later date.
6  MR. HERRINGTON: Thank you, your
7  Honor.
8  MR. CAROME: Thank you very much,
9  your Honor.
10 THE COURT: Thank you for calling
11 me. Have a good day. I hope you
12 conclude this quickly. I understand the
13 tediousness -- the tedious nature of
14 depositions.
15 MR. CAROME: Thank you for taking
16 this call.
17 (End of proceedings at 2:53 p.m.)
18
19
20
21
22
23
24
25

HIGHLY CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER

Page 12

1  George R. Nisbet Jr
2              CERTIFICATE
3       The foregoing transcript, page 1
4  through 12 is a true and correct
5  transcription of the proceedings taken
6  before me at the time and place set
7  forth on the title page hereof.
8       I further certify that I am not of
9  counsel to any of the parties to said
10 cause or otherwise interested in the
11 event thereof.
12      IN WITNESS WHEREOF I hereunto set
13 my hand and affix official seal this 6th
14 day of March, 2016.
15
       *[Signature: Randi Garcia]*
16 _____
17 RANDI GARCIA, COURT REPORTER, RPR
18
19
20
21
22
23
24
25

**[& - examination]**  Page 1

| & | action 5:14 8:17 | c | d |
|---|---|---|---|
| **&** 3:4 | **actions** 1:10,10 8:13 8:20 9:14 | **c** 2:2 4:2 | **d** 4:2 |
| **0** | **actual** 7:10 9:2 | **call** 4:5 11:16 | **d.c.** 1:23 2:18 |
| **02311** 1:9 | **address** 10:10 11:4 | **calling** 11:10 | **date** 11:5 |
| **1** | **admitted** 10:7,20,21 11:2 | **care** 10:9 | **day** 11:11 12:14 |
| **1** 5:12,18 12:3 | **advertise** 5:10 | **carome** 2:13 4:4,6 8:15 11:8,15 | **dealer** 2:3 4:11 6:11 |
| **10** 7:5 | **advertising** 5:20 | **case** 6:23 | **dealer's** 7:14 |
| **12** 1:9 12:4 | **affidavit** 4:22 6:18 6:19 7:6,12 | **cases** 1:8 6:6,7 | **dealers** 4:16 7:17,18 8:13 |
| **1201** 1:22 | **affix** 12:13 | **cause** 12:10 | **dealership** 1:10 4:24 4:25 5:2 6:14 |
| **1250** 1:22 | **ago** 7:5 | **central** 7:16 | **defendant** 6:3 |
| **1875** 2:17 | **agreed** 5:23 | **certificate** 12:2 | **defendants** 2:11 4:8 |
| **1998** 6:7 | **agreements** 9:2 | **certified** 5:14 | **denso** 2:11,12 4:7 |
| **2** | **america** 2:12 | **certify** 12:8 | **deposition** 4:9,17 5:5 8:23 |
| **2000** 5:9 | **amount** 5:24 | **cihlar** 3:3 | **depositions** 11:14 |
| **20005** 1:23 | **answer** 8:2 9:11 | **class** 5:14 6:5,12 7:20 8:13,17,19 9:13 | **described** 6:16 |
| **20006** 2:18 | **answered** 9:6 | **clear** 7:13 | **describing** 6:21 |
| **2006** 5:10 6:4 | **antitrust** 1:7 | **clearer** 7:13 | **detail** 6:21 9:3 |
| **2016** 1:18 12:14 | **anybody** 10:6 | **closer** 9:21 | **details** 7:4 |
| **202.663.6000** 2:19 | **approximately** 5:10 6:4 | **come** 4:20 10:12 | **different** 6:21 |
| **22030** 3:6 | **argued** 6:16 | **compel** 8:11 | **disadvantage** 9:18 |
| **2:40** 1:19 | **atlantic** 1:22 | **completely** 9:17 | **district** 1:2,3 |
| **2:53** 11:17 | **attorneys** 2:3,11 3:2 | **concerns** 5:6 | **division** 1:4 |
| **3** | **auto** 2:3 4:11,15 7:17,18 | **conclude** 11:12 | **document** 1:9 |
| **3** 1:18 | **automotive** 1:6 | **confidential** 1:14 | **documents** 7:10 8:25 |
| **30** 8:11 | **avenue** 2:17 | **contested** 6:24 | **dollar** 9:5 |
| **39158** 2:7 | **b** | **contract** 5:23 | **dorr** 2:16 |
| **4** | **b** 8:11 | **contracts** 8:25 | **drive** 3:5 |
| **4041** 3:5 | **back** 6:6 8:10 | **corporation** 2:11 | **e** |
| **5** | **based** 9:11 | **correct** 12:4 | **e** 2:2,2 4:2,2 |
| **5th** 3:5 | **beginning** 8:22 | **counsel** 9:20 10:6,8 12:9 | **earlier** 6:8 |
| **6** | **behalf** 7:11 | **couple** 6:7 | **eastern** 1:3 |
| **6** 8:11 | **boies** 3:4 | **course** 10:11 | **either** 7:10 |
| **601.376.9331** 2:8 | **boies.com** 3:7 | **court** 1:2 4:3 8:4 9:16 10:2 11:10 12:17 | **ended** 6:3 |
| **6th** 12:13 | **box** 2:6 | **covered** 9:11 | **entitled** 7:22 |
| **9** | **brian** 2:4,9 4:14 | **covers** 6:11 7:19 | **esq** 2:4,13,14,15 3:3 |
| **927** 2:6 | **brought** 4:23 | **customers** 4:23 | **esshaki** 1:17 4:3 |
| **9:00** 4:19 | | **cutler** 2:16 | **event** 12:11 |
| **a** | | | **exactly** 7:4 |
| **able** 7:2,9 | | | **examination** 10:4 |

[excruciating - practice]                                                                              Page 2

| | | | |
|---|---|---|---|
| **excruciating**  9:3 | **hereunto**  12:12 | **l** | **number**  5:8 8:18 |
| **exhibits**  6:19 | **herrington**  2:4,5 | **lasting**  5:9 |   9:11,12 |
| **explain**  7:8 |   4:14 7:24 8:4,6 11:6 | **law**  2:5 | **numerous**  9:6 |
| **eye**  1:22 | **herringtonlawpa.c...** | **lawsuit**  4:23 5:6 | **nw**  1:22 |
| **f** |   2:9 | **lawyers**  4:7 | **o** |
| **fairfax**  3:6 | **highly**  1:14 | **legal**  1:22 | **o**  4:2 |
| **filed**  4:22 6:20 10:5 | **honor**  8:6,9,12,19 | **litigation**  1:7 5:13 | **o'clock**  4:19 |
| **files**  9:23 |   11:7,9 |   5:14 6:10 7:17 | **obviously**  9:21 |
| **filings**  4:21 7:7 | **honor's**  9:12 | **llp**  2:16 3:4 | **officer**  4:11 |
| **first**  8:18 | **hope**  11:11 | **long**  10:16 | **official**  12:13 |
| **floor**  3:5 | **hotly**  6:24 | **m** | **okay**  8:4 |
| **foregoing**  12:3 | **hours**  8:23 | **m**  3:3 | **order**  1:14 |
| **forth**  8:10 12:7 | **i** | **march**  1:18 12:14 | **owner**  4:10 |
| **forward**  10:25 | **impact**  10:15 | **master**  1:17 | **p** |
| **four**  6:18,21,22 | **impasse**  8:22 | **matt**  2:14 | **p**  2:2,2 4:2 |
| **frankly**  9:18 | **important**  6:25 | **md**  1:9 | **p.a.**  2:5 |
| **front**  9:23 10:12 | **importantly**  6:17 | **mean**  11:2 | **p.m.**  1:19 11:17 |
| **further**  12:8 | **including**  4:22 5:3 | **means**  11:3 | **p.o.**  2:6 |
| **g** |   5:21 | **mediation**  9:19 | **page**  6:18 12:3,7 |
| **g**  4:2 | **individuals**  5:2 | **met**  4:6 | **parties**  10:13 12:9 |
| **garcia**  12:17 | **inflation**  5:22 | **michigan**  1:3 | **parts**  1:6 |
| **gene**  1:17 | **instruct**  9:24 | **mid**  1:22 | **party**  10:9 |
| **general**  1:17 | **instructed**  7:25 9:10 | **midst**  9:19 | **patrick**  2:13 4:6 |
| **generally**  6:7 | **instruction**  10:17 | **mississippi**  2:7 | **patrick.carome**  2:20 |
| **gentlemen**  9:16 | **interested**  12:10 | **motion**  10:7 | **payor**  1:10 3:2 |
| **george**  1:1 2:1 3:1 | **international**  2:12 | **motions**  8:11 | **payors**  7:18 |
|   4:1,10 5:1,3 6:1 7:1 | **invoice**  5:12,19 9:5 | **moving**  10:9 | **pennsylvania**  2:17 |
|   8:1 9:1 10:1 11:1 | **invoices**  8:25 | **n** | **period**  6:6,8,12 7:20 |
|   12:1 | **involved**  8:14 | **n**  2:2 4:2 | **permit**  10:24 |
| **gm**  5:11 | **irrelevant**  8:14,20 | **n.w.**  2:17 | **pickering**  2:16 |
| **go**  9:8 10:25 | **j** | **name**  4:5 | **place**  6:10 12:6 |
| **goes**  6:6 | **j**  1:17 2:13 | **named**  6:2,22 | **plaintiffs**  2:3 3:2 |
| **going**  4:18,19 8:10 | **jr**  1:1 2:1 3:1 4:1 5:1 | **nathan**  3:3 |   4:12 6:22 |
|   9:24 10:24 11:2,3 |   6:1 7:1 8:1 9:1 10:1 | **nature**  11:13 | **pleadings**  6:15 8:17 |
| **good**  7:3,3 11:11 |   11:1 12:1 | **ncihlar**  3:7 |   9:9 |
| **h** | **judge**  4:3 | **new**  5:11 6:13 | **please**  8:5 10:23 |
| **hale**  2:16 | **k** | **nicolas**  2:15 | **point**  4:20 8:18 |
| **hand**  12:13 | **kirby**  2:15 | **nisbet**  1:1 2:1 3:1 | **points**  8:8 |
| **happened**  9:13 | **know**  4:14,15 |   4:1,10,16 5:1,3,18 | **policies**  5:21 |
| **happening**  9:17 | **knows**  8:10 |   6:1,2,20 7:1 8:1 9:1 | **policy**  5:7 |
| **hearing**  1:16 | |   9:4 10:1 11:1 12:1 | **portion**  6:12 7:20 |
| **hereof**  12:7 | | **normal**  10:10 | **positions**  10:13 |
| | | | **practice**  5:19,20 6:9 |
| | | |   6:16 9:5 |

**[practices - years]**  Page 3

**practices** 7:5,15
**preserve** 10:19 11:4
**price** 5:22
**priced** 6:23 7:19
**pricing** 6:13 7:14
   8:24 9:7
**proceeding** 7:7
**proceedings** 11:17
   12:5
**process** 7:9
**protective** 1:14
**pulled** 8:16
**pulling** 9:9
**purchase** 9:2
**pursuant** 1:14

**q**

**question** 7:2,21
**questions** 4:21 8:2
   9:7 10:25
**quick** 8:7,8
**quickly** 11:12

**r**

**r** 1:1 2:1,2 3:1 4:1,2
   5:1 6:1 7:1 8:1 9:1
   10:1 11:1 12:1
**randi** 12:17
**reach** 8:21
**real** 5:23
**recall** 6:5 9:20
**recollection** 7:4
**record** 10:2,3,18,24
**regarding** 4:21
**region** 1:22
**related** 5:21
**relates** 1:9 6:12
**relevant** 9:14
**reporter** 10:2 12:17
**representing** 4:15
**respectful** 7:25
**result** 5:16,24
**resulted** 6:9
**revisit** 10:19
**ridgeland** 2:7

**right** 4:13 9:19,22
**room** 5:4
**rpr** 12:17
**ruled** 8:12,19
**ruling** 9:13 10:14

**s**

**s** 2:2 4:2
**sales** 5:22 6:16 8:25
**seal** 12:13
**sealed** 10:5
**second** 8:21
**see** 7:9
**sell** 5:11
**selling** 5:19
**senior** 4:11
**separate** 9:25 10:3,3
   10:18,23
**set** 10:2,23 12:6,12
**settled** 5:16
**settlement** 5:17
**show** 7:7
**shown** 5:22
**signature** 12:15
**signed** 6:20 7:11
**significant** 6:11 7:20
**simply** 7:25 11:3
**sitting** 5:4
**solutions** 1:22
**southern** 1:4
**started** 9:9
**starting** 5:9
**states** 1:2
**stopped** 5:19,21,24
**straus** 3:4,7
**street** 1:22
**stricken** 10:8,21
**submitted** 7:11
**suit** 6:3,3
**suite** 1:22
**superstore** 5:8

**t**

**table** 4:13
**take** 10:17

**taken** 9:25 12:5
**tedious** 11:13
**tediousness** 11:13
**telephone** 2:20
**telephonic** 1:16
**testified** 9:4
**testimony** 5:18 9:25
   10:18
**thank** 4:4 8:7 11:6,8
   11:10,15
**thereof** 12:11
**things** 5:7
**think** 6:25 7:21
**thornhill** 4:12,24,25
   5:2,7,15
**thornhill's** 6:11
**thoughts** 8:5
**thursday** 1:18
**time** 12:6
**title** 12:7
**topics** 8:11
**transcript** 10:4 12:3
**transcription** 12:5
**true** 12:4
**two** 8:7 9:12

**u**

**ultimately** 5:13,15
**understand** 9:16
   11:12
**understanding** 7:13
   7:14
**united** 1:2
**university** 3:5
**use** 7:6

**v**

**vehicles** 5:11,11
   6:13,22 7:19
**veritext** 1:22 2:15
**virginia** 3:6
**virtual** 2:15

**w**

**want** 4:21 7:6

**wanting** 8:15
**washington** 1:23
   2:18
**way** 7:25
**we've** 4:6
**whatnot** 8:12
**whereof** 12:12
**wilmer** 2:16
**wilmerhale.com**
   2:20
**witness** 5:3 7:2,22
   8:2 9:10 10:16
   12:12
**worked** 9:6
**worthington** 2:14
**written** 10:13

**x**

**x** 1:5,11

**y**

**years** 5:8 7:5

Federal Rules of Civil Procedure

Rule 30

(e) Review By the Witness; Changes.

(1) Review; Statement of Changes. On request by the deponent or a party before the deposition is completed, the deponent must be allowed 30 days after being notified by the officer that the transcript or recording is available in which:

(A) to review the transcript or recording; and

(B) if there are changes in form or substance, to sign a statement listing the changes and the reasons for making them.

(2) Changes Indicated in the Officer's Certificate. The officer must note in the certificate prescribed by Rule 30(f)(1) whether a review was requested and, if so, must attach any changes the deponent makes during the 30-day period.

DISCLAIMER: THE FOREGOING FEDERAL PROCEDURE RULES ARE PROVIDED FOR INFORMATIONAL PURPOSES ONLY. THE ABOVE RULES ARE CURRENT AS OF SEPTEMBER 1, 2014. PLEASE REFER TO THE APPLICABLE FEDERAL RULES OF CIVIL PROCEDURE FOR UP-TO-DATE INFORMATION.