UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF
MICHIGAN SOUTHERN DIVISION

| | |
|---|---|
| **IN RE: AUTOMOTIVE PARTS ANTITRUST LITIGATION** | Master File 12-md-02311<br>Honorable, Marianne O. Battani |
| IN RE: WIRE HARNESS. . . . . . . . . . . . . . . . . . . . . . . . . | Case No. 2:12-cv-00103-MOB-MKM |
| IN RE: INSTRUMENT PANEL CLUSTERS. . . . . . . . . | Case No. 2:12-cv-00203-MOB-MKM |
| IN RE: FUEL SENDERS. . . . . . . . . . . . . . . . . . . . | Case No. 2:12-cv-00303-MOB-MKM |
| IN RE: HEATER CONTROL PANELS. . . . . . . . . . . . . . | Case No. 2:12-cv-00403-MOB-MKM |
| IN RE: OCCUPANT SAFETY RESTRAINT SYSTEMS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | Case No.2:12-cv-00603-MOB-MKM |
| IN RE: ALTERNATORS. . . . . . . . . . . . . . . . . . . . . . . . | Case No. 2:13-cv-00703-MOB-MKM |
| IN RE: RADIATORS. . . . . . . . . . . . . . . . . . . . . . . . . . | Case No. 2:13-cv-01003-MOB-MKM |
| IN RE: STARTERS. . . . . . . . . . . . . . . . . . . . . . . . . . . | Case No. 2:13-cv-01103-MOB-MKM |
| IN RE: SWITCHES | Case No. 2:13-cv-01303-MOB-MKM |
| IN RE: IGNITION COILS. . . . . . . . . . . . . . . . . . . . . . . | Case No. 2:13-cv-01403-MOB-MKM |
| IN RE: MOTOR GENERATORS. . . . . . . . . . . . . . . . . . | Case No. 2:13-cv-01503-MOB-MKM |
| IN RE: STEERING ANGLE SENSORS. . . . . . . . . . . . . | Case No. 2:13-cv-01603-MOB-MKM |
| IN RE: HID BALLASTS. . . . . . . . . . . . . . . . . . . . . . . . | Case No. 2:13-cv-01703-MOB-MKM |
| IN RE: INVERTERS. . . . . . . . . . . . . . . . . . . . . . . . . . | Case No. 2:13-cv-01803-MOB-MKM |
| IN RE: AIR FLOW METERS. . . . . . . . . . . . . . . . . . . . | Case No. 2:13-cv-02003-MOB-MKM |
| IN RE: FUEL INJECTION SYSTEMS. . . . . . . . . . . . . . | Case No. 2:13-cv-02203-MOB-MKM |
| IN RE: AUTOMATIC TRANSMISSION FLUID WARMERS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | Case No. 2:13-cv-02403-MOB-MKM |
| IN RE: VALVE TIMING CONTROL DEVICES. . . . . . . | Case No. 2:13-cv-02503-MOB-MKM |
| IN RE: ELECTRONIC THROTTLE BODIES. . . . . . . . . | Case No. 2:13-cv-02603-MOB-MKM |

_____

THIS DOCUMENT RELATES TO:
ALL END-PAYOR ACTIONS

_____

**OBJECTIONS, PROOF OF MEMBERSHIP IN CLASS AND NOTICE OF INTENT TO APPEAR, BY COUNSEL, AT THE MAY 11, 2016 FAIRNESS HEARING**

Objectors, Carlene Cross and Albert Graham, Jr., (hereinafter the Cross Objectors), by and through undersigned counsel, hereby: provide the information needed to demonstrate their membership in the settlement class; give Notice of Their Intent to Appear, by counsel, at the Fairness Hearing; object to the proposed settlement; and say:

## PROOF OF MEMBERSHIP IN THE SETTLEMENT CLASS

As set forth in Exhibits A and B, attached hereto and incorporated herein by reference, the Cross Objectors are members of one or more the settlement sub-classes.

## NOTICE OF INTENT TO APPEAR

The Cross Objectors gives Notice of their intent to appear, by and through undersigned counsel, at the Fairness Hearing before the Honorable, Marianne O. Battani, U.S. District Judge, on May 11, 2016 at 3:00PM, at the Theodore Levin United States Courthouse, 231 West Lafayette Boulevard, Detroit, Michigan, Room 272 on May 11, 2016, at 3:00PM for the purpose of cross-examining witnesses and presenting legal arguments addressing their objections. At this time, the Cross Objectors are relying on the documents of record to demonstrate the defective Notice provided to class members, and do not currently intend to offer additional documents into evidence or call witnesses.

## OBJECTIONS

1.   The Updated Notice on the proposed settlement website does not meet minimum constitutional due process requirements with regard to providing class members with accurate Notice and an opportunity to be heard.

2.   The Notice says at paragraph 7, pages 6-7, entitled, "How Do I Know If I May Be Included in the Classes?", that "Generally, you may be included in one or more Settlements if, at any time from 1998 to 2015, you: (1) bought or leased a **new motor vehicle** in the U.S. (not for resale), or (2) paid to replace one or more of the **new motor vehicle** parts listed in Question 5 above (not for resale). New motor vehicles include, but are not limited to, automobiles, cars, light

trucks, pickup trucks, crossovers, vans, mini-vans, and sport utility vehicles." (emphasis added)

3. The Notice misinforms indirect purchaser class members, either intentionally or ambiguously, that the class members either had to: (1) have purchased a new motor vehicle, during the class period; or, (2) paid to replace one or more of their new motor vehicle's parts.

4. An exemplar of clear language would've been: : Generally, you may be included in one or more Settlements if, at any time from 1998 to 2015, you: (1) bought or leased a **new motor vehicle** in the U.S. (not for resale), or (2) purchased any of the replacement parts listed in Question 5 above (new and not for resale).

5. The Cross Objectors draw the courts attention to the specific language of the various settlement agreements in this matter, set forth below, and note, that none of the settlements include the defective language in the Notice; and none of the settlements referred to the purchase of a new replacement part as a new motor vehicle part..

A. **Autolive, Inc., Autoliv ASP, Inc., Autoliv B.V & Co. KG, Autoliv Safety Technology, Inc. and Autoliv Japan Ltd. (Together, "Autoliv")** "All persons and entities from January 1, 2003 through the Execution Date who: (1) purchased or leased a new vehicle in the United States for personal use and not for resale which included one or more Occupant Safety Restraint System(s) as a component part, which were manufactured or sold by a Defendant, any current or former parent, subsidiary or, affiliate of a Defendant or any co-conspirator of the Defendants, or (2) indirectly purchased one or more Occupant Safety Restraint System(s) as **a replacement part,** which were manufactured or sold by a Defendant, any current or former parent, subsidiary or, affiliate of a

      Defendant or any co-conspirator of the Defendants...”

B.   **Fujikura, Ltd. and Fujikura Automotive America LLC (together, "Fujikura")** "All persons and entities from January 1, 1999, through the Execution Date who: purchased or leased a new vehicle in the United States not for resale, which included one or more Automotive Wire Harness Systems as a component part, or indirectly purchased one or more Automotive Wire Harness Systems(s) as **a stand-alone replacement part**, which were manufactured or sold by Fujikura, any current or former subsidiary of Fujikura, or an co-conspirator of Fujikura...”

C.   **Hitachi Automotive Systems, Ltd. ("HIAMS")** "'Alternators [and all other referenced parts] Settlement Class' is defined as: All persons and entities from January 1, 2000 through the Execution Date of this Agreement between HIAMS and End-Payor Plaintiffs who: indirectly purchased and/or leased one of more Alternators [and all other referenced parts] in the United States not for resale (1) as a component in a new vehicle or (2) **as a stand-alone product**...”

D.   **Lear Corporation ("Lear") and Kyungshin-Lear Sales and Engineering, LLC ("KL Sales")**

"All persons and entities from January 1, 2000 through the Execution Date who: (1) purchased or leased a new motor vehicle in the United States for personal use and not for resale which included one or more Automotive Wire Harness System(s) as a component part, which were manufactured or sold by a Defendant, any current or former subsidiary of a Defendant, or any co-conspirator of the Defendants, or (2) indirectly purchased one or more Automotive Wire Harness System(s) as **a replacement part**, which were

4

manufactured or sold by a Defendant, any current or former subsidiary of a Defendant, or any co-conspirator of the Defendants..."

E. **Nippon Seiki Co., Ltd., N.S. International, Ltd., and New Sabina Industries, Inc. (collectively, "Nippon Seiki")** "All persons and entities (but excluding Defendants, their parent companies, subsidiaries and affiliates, any coconspirators, federal government entities and instrumentalities of the federal government, states and their subdivisions, agencies and instrumentalities) that during the period from December 2002 up to and including the date that the Court enters and Order granting the Notice Motion, as set forth in Paragraph 16 of this Agreement, purchased or leased, in the United States, for personal use and not for resale, and Instrument Panel Cluster including (I) as a component in a motor vehicle, or (ii) as **a stand-alone product**."

F. **Panasonic Corporation and Panasonic Corporation of North America (collectively, "Panasonic")** "'Switches [and all other referenced parts] Settlement Class' is defined as: All persons and entities who, from January 1. 200 through the Execution Date, purchased or leased a new vehicle in the United States not for resale that included one or more Switch9es) as a component part, or indirectly purchased one or more Switch(es) as a replacement part, which were manufactured or sold by a Defendant, any current or former parent, subsidiary, or affiliate of Defendant or any co-conspirator of the Defendants..."

G. **Sumitomo Electric Industries, Ltd. ("SEI"), Sumitomo Wiring Systems, Ltd., Sumitomo Electric Wiring Systems, Inc, Sumitomo Wiring Systems (U.S.A) Inc., (collectively, "Sumitomo")** "'Wire Harness [and all other referenced parts] Settlement Class' is defined as: All persons and entities from January 1, 1999, through the Execution

5

Date who purchased or leased a new vehicle in the United States not for resale, which included one or more Automotive Wire Harness System(s) as a component part, or indirectly purchased one or more Automotive Wire Harness System(s) as **a replacement part**, which were manufactured or sold by a Defendant, any current or former subsidiary of a Defendant, or any co-conspirators of the Defendants..."

H. **T.RAD Co., Ltd. And T.RAD North America, Inc. (together, "T.RAD")** "(a) 'ATF Warmers [and all other referenced parts] Settlement Class' is defined as: All persons and entities who, from November 1, 2001, through the execution date of this Agreement (the "Execution Date") purchased or leased a new vehicle in the United States not for resale, which included one or more ATF Warmer(s) [or other referenced part] as a component part, or indirectly purchased one or more ATF Warmer(s) [ or other referenced part] as **a replacement part**, which were manufactured or sold by a Defendant, any current or former subsidiary of a Defendant, or any co-conspirators of the Defendants..."

I. **TRW Deutschland Holding GmbH and TRW Automotive Holdings Corp. (collectively, "TRW")** "All persons and entities from January 1, 2003 through the Execution Date who: (1) purchased or leased a new vehicle in the United States for personal and business use not for resale which included one or more Occupant Safety Restraint Systems as a component part, which were manufactured or sold by any Defendant, any current or former subsidiary of a Defendant or any co-conspirator of a Defendant, or (2) indirectly purchased one or more Occupant Safety Systems(s) as **a replacement part**, which were manufactured or sold by any Defendant, any current or former subsidiary of a Defendant or any co-conspirator of a Defendant..."

    J.    **Yazaki Corporation and Yazaki North America, Incorporated (together, "Yazaki")**

For Fuel Senders, Instrument Panel, and Wire Harness: All Persons and entities from January 1, 1999, through the execution date of this Agreement between Yazaki and End-Payor Plaintiffs (the "Execution Date") who: purchased or leased a new vehicle in the United States not for resale, which included one or more Fuel Senders [or other referenced part] as a component part, or indirectly purchased one or more Fuel Senders as a component part, or indirectly purchased one or more Fuel Senders as a replacement part, which were manufactured or sold by a Defendant, any current or former subsidiary of a Defendant, or any co-conspirators of the Defendants."

6. For the Court to evaluate whether the Proposed Settlement is Fair, Adequate or Reasonable, it is necessary to quantify the net expected value of continued litigation to the class, since a settlement for less than that value would not be adequate. Determining that value require estimating the range of possible outcomes and ascribing a probability to each point on the range. In re General Motors Corp. Engine Interchange Litigation, 594 F.2d 1106, 1132- 133 (7th Cir.1979)  Admittedly, a high degree of precision cannot be expected in valuing a litigation, especially regarding the estimation of the probability of particular outcomes.  One methodology for estimating fair settlement value is to estimate the range of possible outcomes and assign values to the range.  For settlement purposes the lawyer estimates the chance of winning at 50/50 and assign a 50% chance of a zero verdict.  Then the lawyer estimates a high, medium and low outcome, and assigns a percentage (out of the remaining 50%) to each.

7. Respectfully, the Court is reminded that ordinarily, "a defendant is interested only in disposing of the total claim asserted against it . . . the allocation between the class payment and

the attorneys' fees is of little or no interest to the defense . . . ." In re GMC Pick-Up Truck Fuel Tank Prods. Liab. Litig., 55 F.3d 768, at 819-20  (3d Cir. 1995).

8. The Proposed Settlement is not Fair, Adequate or Reasonable because the Notice is constitutionally defective in the attorneys fees are too high.

9. As Judge Posner stated in Reynolds, V.  Beneficial Natl. Bank 288 F.3d 277 (7th Cir. 2002) in discussing the judicial duty to protect the members of a class in class action litigation from lawyers for the class who may, in derogation of their professional and fiduciary obligations, place their pecuniary self-interest ahead of that of the class.  "This problem, repeatedly remarked by judges and scholars, see, e.g., Culver v. City of Milwaukee, 277 F.3d 908, 910 (7th Cir. 2002); Grass v. Household Bank (Illinois), N.A., 176 F.3d 1012, 1013 (7th Cir. 1999); Rand v. Monsanto Co., 926 F.2d 596, 599 (7th Cir. 1991); Dahomey v. John Hancock Mutual Life Ins. Co., 183 F.3d 1, 7 (1st Cir. 1999); John C. Coffee, Jr., "Class Action Accountability: Reconciling Exit, Voice, and Loyalty in Representative Litigation," 100 Calum. L.Rev. 370, -385-93 (2000); David L. Shapiro, "Class Actions: The Class as Party and Client," 73 Notre Dame L.Rev. 913, 958-60 and n. 132 (1998), requires district judges to exercise the highest degree of vigilance in scrutinizing proposed settlements of class actions. We and other courts have gone so far as to term the district judge in the settlement phase of a class action suit a fiduciary of the class, who is subject therefore to the high duty of care that the law requires of fiduciaries. Culver v. City of Milwaukee, supra, 277 F.3d at 915; Stewart v. General Motors Corp., 756 F.2d 1285, 1293 (7th Cir. 1985); In re Cendant Corp. Litigation, 264 F.3d 201, 231 (3d Cir. 2001); Grant v. Bethlehem Steel Corp., 823 F.2d 20, 22 (2d Cir. 1987)"

10. In this matter, based on the defective Notice, and the anticipated cost of re-noticing the

class, extending the claims date, and resetting a fairness hearing, the requested attorney's fees are excessive and unreasonable.

11. The Cross Objectors hereby adopt and incorporate all other meritorious and timely filed objections that are not inconsistent with these objections, as if set forth fully herein.

WHEREFORE, the Cross Objectors respectfully request that this Court sustain these Objections and enter such Orders as are necessary and just to adjudicate these Objections including but not limited to an order:

A. disapproving the proposed settlement because it is not Fair, Adequate or Reasonable;

B. disapproving the proposed settlement because of the improper and constitutionally defective Notice to the class;

C. Denying the requested attorney's fees to Class Counsel;

D. requiring class counsel and the settling defendants to craft a new settlement and Notice and then to re-Notice the class; and,

E. granting such other relief that this court deems necessary or proper so as to alleviate the inherent unfairness, inadequacy and unreasonableness of the proposed Settlement.

Respectfully submitted,

/s/ N. Albert Bacharach, Jr.
N. Albert Bacharach, Jr.
Florida Bar Number: 209783
N. ALBERT BACHARACH, JR., P.A.
Attorney for Objectors Carlene Cross and
Albert Graham, Jr.
4128 NW 13th Street
Gainesville, Florida 32609-1807
Phone: 378-9859 FAX: (352) 338-1858
N.A.Bacharach@att.net

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the April 11, 2016, a PDF of the foregoing was filed with the Clerk of the Court and that all parties will be Noticed and served by the Court's CM/ECF system.

/s/ N. Albert Bacharach, Jr.
N. Albert Bacharach,.
