UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In Re:  AUTOMOTIVE PARTS
ANTITRUST LITIGATION

12-md-02311
Honorable Marianne O. Battani

In Re:  WIRE HARNESS CASES

THIS RELATES TO:
All Wire Harness Cases

2:12-cv-00100-MOB-MKM

/

**REPLY BRIEF IN SUPPORT OF CERTAIN DEFENDANTS' MOTION TO COMPEL
DELPHI CONNECTION SYSTEMS US, INC.'S AND DELPHI AUTOMOTIVE
SYSTEMS, LLC'S COMPLIANCE WITH SUBPOENAS**

**Oral Argument Requested**

2

## CONTROLLING OR MOST APPROPRIATE AUTHORITIES

Fed. R. Civ. P. 26(b)

Fed. R. Civ. P. 45

**TABLE OF CONTENTS**

<u>Page</u>

I. PRELIMINARY STATEMENT .......................................................................................1

ARGUMENT..........................................................................................................................2

II. THE DISCOVERY SOUGHT IN THE SUBPOENAS IS HIGHLY RELEVANT ..........2

III. DELPHI FAILS TO ADDRESS MOST OF THE RULE 26 CONSIDERATIONS..........4

IV. DELPHI HAS NOT SHOWN THAT COMPLIANCE WITH THE SUBPOENAS
WOULD BE UNDULY BURDENSOME ........................................................................4

V. DELPHI CONNECTION SYSTEMS US, INC. HAS WAIVED ANY
OBJECTIONS TO THE SUBPOENA ............................................................................5

VI. CONCLUSION...............................................................................................................6

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*American Elec. Power Co., Inc. v. U.S.*,
    191 F.R.D. 132 (S.D. Ohio 1999) ............................................................................................5

*Concord Boat Corp. v. Brunswick Corp.*,
    169 F.R.D. 44 (S.D.N.Y. 1996) ..............................................................................................5

*In re Exxon Valdez*,
    142 F.R.D. 380 (D.D.C. 1992) ...............................................................................................4

*Oppenheimer Fund, Inc. v. Sanders*,
    432 U.S. 340 (1978) .................................................................................................................3

*Szasz v. Dolgencorp, LLC*,
    Civ. No. 12-15619, 2013 WL 4776188 (E.D. Mich. Sep. 6, 2013) .........................................3

*United States v. Blue Cross Blue Shield of Michigan*,
    No. 10-CV-14155, 2012 WL 4513600 (E.D. Mich. Oct. 1, 2012) ......................................2, 3

OTHER AUTHORITIES

Rule 26 ...........................................................................................................................................2, 3, 4

## I.   PRELIMINARY STATEMENT

Far from demonstrating that the Subpoenas are unreasonable and that no discovery is warranted, Delphi Automotive Systems, LLC's and Delphi Connection Systems US, Inc.'s (collectively, "Delphi") response to Certain Defendants' ("Defendants")[1] Motion to Compel focuses instead on *ad hominem* attacks on the Furukawa Defendants and protestations that Delphi is a "victim" of the alleged price-fixing conspiracies.   But Delphi's rhetoric is beside the point—whether the Furukawa Defendants or any other Defendant pled guilty and whether Delphi was "victimized" by the alleged antitrust conspiracies are utterly irrelevant to any of the considerations governing whether Delphi should be required to comply with the Subpoenas served upon it.[2]

Stripped of its rhetoric, Delphi's response is remarkably devoid of legitimate, substantive reasons to deny Defendants the discovery they seek.   Although Delphi asserts that Defendants

---

[1] Delphi argues that, because the Furukawa Defendants formally issued the Subpoenas, the other moving Defendants lack standing to seek their enforcement. (ECF No. 1283, at 2.)  First, Delphi misses the point—whether they have "standing" or not (and they do), the fact that numerous other Defendants joined this Motion to Compel puts the lie to Delphi's efforts to characterize the Furukawa Defendants as outliers in seeking this discovery.  Second, the Order Approving First Supplemental Discovery Plan, entered by the Court on May 23, 2014 (2:12-cv-00100-MOB, ECF No. 224, at 13-14) provides in Section I.(I.) that "[s]ubject to objections asserted by a recipient of a Rule 45 subpoena . . . , any party is entitled to receive the documents or information produced by non-parties in response to third-party discovery," and "to enforce the Rule 45 subpoena" in the event that the serving party settles or is dismissed from the litigation. Thus, even though a single Defendant may be formally responsible for seeking discovery from a particular third party, all Defendants will ultimately benefit from the information obtained.  For that reason, the other Defendants joining this Motion have a strong interest in seeing the Subpoenas enforced.  Regardless, as issuers of the Subpoenas, the Furukawa Defendants have "standing" to seek their enforcement, so Delphi's argument is ultimately irrelevant—the Court must reach the substantive issues raised in Defendants' Motion to Compel.

[2] Regardless, Delphi does not explain how it was harmed by conduct that allegedly *increased* the RFQ prices of its competitors to its automaker OEM customers that it was presumably trying to beat, and a guilty plea in a criminal antitrust proceeding does not strip either the Furukawa Defendants or other Defendants of their rights to obtain discovery from a non-party when that discovery is essential to their defense of private damage claims in subsequent civil class action litigation.

"ha[ve] not sufficiently identified why [they] need[] Delphi's documents" (ECF No. 1283, at 1),

Delphi does not credibly dispute that the information sought in the Subpoenas is likely relevant

to a "yardstick" or "benchmark" damages analysis in this litigation.  Delphi offers no further

support for its arguments that compliance with the Subpoenas would be unduly burdensome, and

it does not address the other pertinent Rule 26 factors the Court must consider.  Finally, Delphi

does nothing to establish that "unusual circumstances" excuse Delphi Connection Systems US,

Inc.'s failure to timely object to or move against the Subpoena issued to it.  Simply put, Delphi

has not met its "particularly heavy burden" to show why it should not be required to comply with

the Subpoenas.  *See United States v. Blue Cross Blue Shield of Michigan*, No. 10-CV-14155,

2012 WL 4513600, at *5 (E.D. Mich. Oct. 1, 2012).[3]

**ARGUMENT**

**II.     THE DISCOVERY SOUGHT IN THE SUBPOENAS IS HIGHLY RELEVANT.**

Delphi argues that, because Defendants do not know to a certainty that Delphi's

information will ultimately prove to be useful in a "benchmark" or "yardstick" damages analysis,

the Subpoenas amount to nothing more than a "fishing expedition." (ECF No. 1283, at 4-5.)  But

Delphi's demand that Defendants determine *before ever seeing the information* that it is an

appropriate "benchmark" or "yardstick" for such an analysis essentially puts Defendants in a

---

[3] In a footnote, Delphi asks the court to strike Defendants' Motion to Compel Delphi's compliance with the Subpoenas, claiming that it violates a local rule because it was included in a response to Delphi's Motion for Protective Order rather than filed as a separate motion. (ECF No. 1283, at 2, n. 2.)  Delphi's argument is wrong.  First, Defendants filed and docketed the Motion *both* as a response to Delphi's Motion *and* separately as a Motion. (2:12-cv-00100-MOB, ECF No. 346 (opposition to Delphi's Motion); ECF No. 348 (Motion to Compel).)  Further, although Delphi cites "Local Rule 5(e)," that is not a local rule at all.  It is R5(e) of the court's Electronic Filing Policies and Procedures.  Those policies address procedural, not substantive, matters.  They provide for the clerk to control docketing of filings, but are not a basis for a party (or non-party like Delphi) to seek to strike a filing, particularly on a technicality where the party (or non-party) obviously is not prejudiced, as is the case here.  In any event, as noted, Defendants complied with the Court's procedure by filing their brief separately as a Motion as well as a response to Delphi's Motion.

2

Catch-22:  they need Delphi's information to determine whether it will be ultimately found to be relevant to a "benchmark" or "yardstick" analysis, but Delphi contends they are not entitled to obtain the information unless and until they show conclusively that it will ultimately be found to be relevant at class certification or at trial.  (*See id.* at 4) (Defendants "ha[ve] made no showing that [their] operation[s] and Delphi's operation are identical.")

Delphi's impossible standard is not how relevance is evaluated for purposes of discovery. "Discovery requests may be deemed relevant if there is *any possibility* that the information may be relevant to the general subject matter of the action." *Szasz v. Dolgencorp, LLC*, Civ. No. 12-15619, 2013 WL 4776188, at *1 (E.D. Mich. Sep. 6, 2013) (emphasis added); *see also Oppenheimer Fund, Inc. v. Sanders*, 432 U.S. 340, 351 (1978) (relevance for Rule 26 purposes "has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case").  Defendants have shown there is a "possibility," if not a likelihood, that the information sought in the Subpoenas will be relevant to a "benchmark" or "yardstick" damages analysis.[4]  And even if, upon review, Delphi's information ultimately shows that it is *not* an appropriate "benchmark" or "yardstick," that fact *itself* may be relevant to show the absence of a common method for proving impact at class certification or plaintiffs' alleged damages at trial.

---

[4] Delphi's out-of-context citation (ECF No. 1283, at 1, n. 1) to the Master's order in the Truck & Equipment Dealer case is apropos of nothing.  In his ruling, the Master noted that Plaintiffs there had agreed to produce substantial documents in addition to their transactional data, including "samples of deal files" and "all relevant and non-burdensome documents that can be produced by" the close of document discovery (2:14-cv-00700-MOB, ECF No. 4, at 3).  Thus, not only had those Plaintiffs agreed to a substantial document production, but Defendants' need for information beyond Delphi's transactional data here—namely, to determine whether Delphi is an appropriate third-party "benchmark" or "yardstick" for comparison to *defendants*—would, of course, not exist with respect to *Plaintiffs'* data.

Both Plaintiffs and Defendants requested the discovery sought in the Subpoenas, and Delphi never questioned its relevance during the many months the parties negotiated with Delphi to produce it.  Indeed, until recently Delphi had offered to produce most of it.  (*See* Gangnes Dec. ¶¶ 5-23 & Exs. C, E, F, I-L, N, O.)  In the face of this history, Delphi cannot legitimately or credibly dispute the relevance of the discovery Defendants are seeking.

## III.    DELPHI FAILS TO ADDRESS MOST OF THE RULE 26 CONSIDERATIONS.

Delphi does not address the first four proportionality factors of the new Rule 26 *at all*, implicitly conceding that the issues at stake in this action are highly important; that the amount in controversy is substantial (indeed, it is staggering); that only Delphi has access to the information sought; and that Delphi has substantial resources that would enable it to comply with the Subpoenas.

## IV.    DELPHI HAS NOT SHOWN THAT COMPLIANCE WITH THE SUBPOENAS WOULD BE UNDULY BURDENSOME.

Delphi offers no further support in its response for its contention that compliance with the Subpoenas would be burdensome.  Its only argument seems to be that the Furukawa Defendants never offered Delphi a blank check to cover the costs of its production, and that it does not wish to engage in any cost-sharing.  (ECF No. 1283, at 3.)  But Delphi ignores the substantial authority stating that it is appropriate for a subpoenaed third party to bear at least a reasonable portion of the production costs. *See, e.g., In re Exxon Valdez*, 142 F.R.D. 380, 382-84 (D.D.C. 1992).  And Defendants remain willing to discuss reasonable ways to share or otherwise limit the costs of compliance with the Subpoenas, if only Delphi would engage in a meaningful meet/confer process about (i) the burdens, if any, in searching for and producing the documents and data requested in the Subpoenas; (ii) a valid estimate of its costs to comply, and (iii) ways to

4

minimize and equitably share any such burdens and costs, by limiting the scope of the Requests in the Subpoena, the scope of Delphi's search, or otherwise.

Similarly, Delphi again complains about production of its confidential information (ECF No. 1283, at 3), but it offers no compelling argument that an "attorneys' eyes only" designation under the existing Protective Order would be insufficient to protect its proprietary interests.[5]

## V. DELPHI CONNECTION SYSTEMS US, INC. HAS WAIVED ANY OBJECTIONS TO THE SUBPOENA.

Finally, Delphi Connection Systems US, Inc. argues that its failure to timely object to or move against the Subpoena issued to it should be excused. (ECF No. 1283, at 5-7.) But the cases upon which Delphi relies acknowledge that "[t]he failure to serve written objections to a subpoena within the time specified by Rule 45 typically constitutes a waiver of those objections[,]" barring "unusual circumstances[.]" *American Elec. Power Co., Inc. v. U.S.*, 191 F.R.D. 132, 136 (S.D. Ohio 1999); *Concord Boat Corp. v. Brunswick Corp.*, 169 F.R.D. 44, 48 (S.D.N.Y. 1996). To establish "unusual circumstances," a subpoenaed party must show that (1) the subpoena is overbroad and unfair on its face; (2) the subpoenaed person is a non-party acting in good faith; *and* (3) counsel for the subpoenaing and subpoenaed parties were in contact concerning compliance prior to the time the witness challenged the subpoena. *Concord Boat*, 169 F.R.D. at 48. Delphi Connection Systems US, Inc. cannot satisfy any of those elements. As shown, the Subpoena is not overbroad; it seeks information that is potentially highly relevant to

---

[5] At the March 24, 2016 hearing on the parties' Motion to Compel the automaker OEMs to comply with the parties' Subpoenas, the Master rejected the same argument as Delphi's advanced by the OEMs—that the "Attorneys' Eyes Only" provisions in the Protective Order here were insufficient to protect the OEMs' proprietary interests. The Master noted (tr. at 14): "They -- every day in this country major cases are litigated in which highly-confidential competitive information is exchanged under protective orders, and I understand the significance of this but protective orders are designed exactly to prevent leaking of that information, so I don't accept that as [an] argument for not producing the information."

this litigation.  Rather than acting in good faith, Delphi led the parties on *for two years* before abruptly refusing to provide anything more than limited transactional data.  (*See* Gangnes Dec. ¶¶ 5-26.)  And Delphi refused to engage in substantive discussions about compliance with the Subpoenas after they were issued.  (*See* Gangnes Dec. ¶¶ 27-29, Exs. T-U).  Delphi has not shown any "unusual circumstances" to excuse its failure to object to or move against the Subpoena issued to Delphi Connection Systems US, Inc.

## VI.  CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court enter an Order requiring Delphi Automotive Systems, LLC and Delphi Connection Systems US, Inc. to comply with the Subpoenas.

Respectfully submitted,

LANE POWELL PC

April 14, 2016

By:   */s/Larry S. Gangnes*
Larry S. Gangnes
Heidi B. Bradley
LANE POWELL PC
U.S. Bank Centre
1420 Fifth Ave., Suite 4200
P.O. Box 91302
Seattle, WA 98111-9402
Telephone: (206) 223-7000
Facsimile: (206) 223-7107
gangnesl@lanepowell.com
bradleyh@lanepowell.com

Craig D. Bachman
Kenneth R. Davis II
Darin M. Sands
Masayuki Yamaguchi
Peter D. Hawkes
LANE POWELL PC
MODA Tower
601 SW Second Ave., Suite 2100
Portland, OR 97204-3158
Telephone: (503) 778-2100
Facsimile: (503) 778-2200
bachmanc@lanepowell.com
davisk@lanepowell.com
sandsd@lanepowell.com
yamaguchim@lanepowell.com
hawkesp@lanepowell.com

Richard D. Bisio (P30246)
Ronald S. Nixon (P57117)
KEMP KLEIN LAW FIRM
201 W. Big Beaver, Suite 600
Troy, MI 48084
Telephone:  (248) 528-1111
Facsimile:  (248) 528-5129
richard.bisio@kkue.com
ron.nixon@kkue.com

*Attorneys for Defendants Furukawa Electric
Co., Ltd. and American Furukawa, Inc.*

WILMER CUTLER PICKERING HALE AND
DORR LLP

April 14, 2016

By:   /s/Steven F. Cherry  (w/consent)
Steven F. Cherry
David P. Donovan
Brian C. Smith
Kurt G. Kastorf
WILMER CUTLER PICKERING HALE AND
DORR LLP
1875 Pennsylvania Avenue, N.W.
Washington, D.C. 20006
Telephone: (202) 663-6000
Fax: (202) 663-6363
steven.cherry@wilmerhale.com
david.donovan@wilmerhale.com
brian.smith@wilmerhale.com
kurt.kastorf@wilmerhale.com

*Attorneys for Defendants DENSO International
America, Inc. and DENSO Corporation*

Steven M. Zarowny (P33362)
General Counsel
DENSO International America, Inc.
24777 Denso Drive
Southfield, MI 48033
Telephone: (248) 372-8252
Fax: (248) 213-2551
steve_zarowny@denso-diam.com

*Attorney for Defendant DENSO International
America, Inc.*

ARNOLD & PORTER LLP

April 14, 2016

By:  */s/James L. Cooper* (w/consent)
James L. Cooper
Michael A. Rubin
Katherine Clemons
Stephanie L. Fine
ARNOLD & PORTER LLP
601 Massachusetts Avenue NW
Washington, DC 20001
(202) 942-5000
(202) 942-5999 (facsimile)
james.cooper@aporter.com
michael.rubin@aporter.com
katherine.clemons@aporter.com
stephanie.fine@aporter.com

Joanne Geha Swanson (P33594)
Fred Herrmann (P49519)
Matthew L. Powell (P69186)
KERR, RUSSELL AND WEBER, PLC
500 Woodward Avenue, Suite 2500
Detroit, MI  48226
(313) 961-0200
(313) 961-0388 (facsimile)
jswanson@kerr-russell.com
fherrmann@kerr-russell.com
mpowell@kerr-russell.com

*Attorneys for Defendants Fujikura Ltd. and*
*Fujikura Automotive America LLC*

O'MELVENY & MYERS LLP

April 14, 2016

By: /s/Michael F. Tubach (w/consent)
Michael F. Tubach
O'MELVENY & MYERS LLP
Two Embarcadero Center, 28th Floor
San Francisco, CA 94111
Telephone: (415) 984-8700
Fax: (415) 984-8701
Mtubach@omm.com

Michael R. Turco (P48705)
BROOKS WILKINS SHARKEY & TURCO
PLLC
401 South Old Woodward, Suite 400
Birmingham, MI 48009
Telephone: (248) 971-1713
Fax: (248) 971-1801
turco@bwst-law.com

*Attorneys for Defendants Leoni Wiring Systems, Inc. and Leonische Holding, Inc.*

April 14, 2016

PORTER WRIGHT MORRIS & ARTHUR LLP

By:

/s/ Donald M. Barnes (w/consent)
Donald M. Barnes
Jay L. Levine
John C. Monica
Molly S. Crabtree
Karri N. Allen
PORTER WRIGHT MORRIS & ARTHUR LLP
1919 Pennsylvania Ave., NW, Ste 500
Washington, DC 20006
Telephone: (202) 778-3054
Facsimile: (202) 778-3063
dbarnes@porterwright.com
jlevine@porterwright.com
jmonica@porterwright.com
mcrabtree@porterwright.com
kallen@porterwright.com

*Attorneys for Defendants G.S. Electech, Inc., G.S.W. Manufacturing, Inc., and G.S. Wiring Systems, Inc.*

10

April 14, 2016                                  TORYS LLP

                                       By:   */s/ David Wawro* (w/consent)
                                             David Wawro
                                             TORYS LLP
                                             1114 Avenue of the Americas, 23rd Floor
                                             New York, New York 10036
                                             Phone:  (212) 880-6288
                                             Fax:  (212) 682-0200
                                             dwawro@torys.com

                                             *Attorneys for Defendants Mitsubishi Electric
                                             Corporation, Mitsubishi Electric US Holdings,
                                             Inc., and Mitsubishi Electric Automotive
                                             America, Inc.*

                                             WARNER NORCROSS & JUDD LLP

April 14, 2016                         By:   */s/ William R. Jansen* (w/consent)
                                             William R. Jansen (P36688)
                                             Michael G. Brady (P57331)
                                             Amanda M. Fielder (P70180)
                                             WARNER NORCROSS & JUDD LLP
                                             2000 Town Center, Suite 2700
                                             Southfield, MI 48075-1318
                                             Phone: 248-784-5000
                                             wjansen@wnj.com
                                             mbrady@wnj.com
                                             afielder@wnj.com

                                             Michael Martinez
                                             Steven Kowal
                                             Lauren Norris
                                             Lauren Salins
                                             K&L GATES LLP
                                             70 W. Madison St., Suite 3100
                                             Chicago, IL 60602
                                             Phone: 312-807-4404
                                             Fax: 312-827-8116
                                             michael.martinez@klgates.com
                                             steven.kowal@klgates.com
                                             lauren.norris@klgates.com
                                             lauren.salins@klgates.com

                                             *Attorneys for Chiyoda Manufacturing
                                             Corporation and Chiyoda USA Corporation*

## CERTIFICATE OF SERVICE

I hereby certify that on April 14, 2016, I caused the foregoing **REPLY BRIEF IN SUPPORT OF CERTAIN DEFENDANTS' MOTION TO COMPEL DELPHI CONNECTION SYSTEMS US, INC.'S AND DELPHI AUTOMOTIVE SYSTEMS, LLC'S COMPLIANCE WITH SUBPOENAS** to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.



_/s/Larry S. Gangnes_

Larry S. Gangnes