## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| In Re: AUTOMOTIVE PARTS ANTITRUST LITIGATION | : 12-md-02311 |
| | : Honorable Marianne O. Battani |
| | : Special Master Gene J. Esshaki |
| | : 2:12-MD-02311-MOB-MKM |
| In Re: All Auto Parts Cases | : |
| | : |
| | : |
| THIS DOCUMENT RELATES TO: ALL AUTO PARTS CASES | : |
| | : |
| | : |

### SPECIAL MASTER'S ORDER REGARDING THE PARTIES' MOTION TO COMPEL DISCOVERY FROM NON-PARTY OEMS AND ORDERING NON-PARTY OEM RULE 30(b)(6) DEPOSITIONS

WHEREAS, on January 19, 2016, Plaintiffs and Defendants (collectively, the "Parties"[1]) filed a Joint Motion to Compel Discovery from Non-Party Original Equipment Manufacturers,[2] seeking to compel responses to certain narrowed requests of uniform subpoenas served on the non-party original equipment

_____

[1] The Parties consist of End Payor Plaintiffs (EPPs), Automobile Dealer Plaintiffs (ADPs), Truck and Equipment Dealer Plaintiffs (TEDPs), the State of Florida, the State of Indiana (collectively, the "Plaintiffs"), and Defendants in the Automotive Parts Antitrust Litigation, No. 2:12-md-02311-MOB-MKM (E.D. Mich.) (*see* ECF. No. 1185 Attachment A).

[2] The Parties' Motion to Compel Discovery from Non-Party Original Equipment Manufacturers (*see, e.g.*, ECF No. 1185).

manufacturers ("OEMs") and their affiliates[3] pursuant to the Court's orders at ECF No. 277, Case No. 2:12-cv-00100 and ECF No. 949, Case No. 2:12-md-002311, and certain plaintiff parties filed a separate motion to compel regarding Request Nos. 27 and 31 in the Uniform OEM Subpoena (collectively, the "Motions");[4]

WHEREAS, on February 19, 2016, the subpoenaed OEMs and their affiliates subject to the Motions filed several oppositions to the Motions[5];

WHEREAS, on March 11, 2016, the Parties filed replies to the Motions[6];

WHEREAS, on March 24, 2016, after having reviewed the above-referenced submissions, the undersigned held a mediation with the Parties and the OEMs, and a hearing regarding the disputes raised in the Motions;

WHEREAS, the undersigned, after conducting several hours of discussions both individually and jointly with the Plaintiffs, Defendants, and OEMs, reached the conclusion that there was insufficient information before him to rule on whether and/or to what extent to order the requested discovery from the OEMs and their affiliates;

---

[3] The full list of OEMs and sub-categories of entities is set forth in ECF No. 1227-2.
[4] The motions to compel are docketed at ECF Nos. 1185, 1187 and 1188.
[5] The OEMs' oppositions to the motions to compel are docketed at ECF Nos. 1223, 1224, 1226, 1227, and 1230.  Defendants filed an opposition to the motion to compel filed by certain plaintiff parties regarding Request Nos. 27 and 31.  *See* ECF No. 1216.
[6] See ECF Nos. 1246, 1250, and 1254.

WHEREAS, on March 24, 2016, following the mediation, the Special Master held a hearing regarding the disputes raised in the Motions, during which he heard argument from the various OEMs and then issued his rulings on the Motions.  This Order Regarding Serving Parties' Motion to Compel Discovery from Non-Party OEMs and Ordering Rule 30(b)(6) Deposition of Certain Non-Party OEM Families (the "Order") memorializes the Special Master's rulings on these disputes.

**IT IS HEREBY ORDERED AS FOLLOWS:**

**I.    DEFINITIONS**

A.    "**Auto Part Product**" shall mean the specific automotive part to which each Lead Case (as defined in the March 22, 2106 Electronic Case Management Protocol Order, Master File No. 2:12-md-02311, ECF No. 1262) is related in the Auto Parts Cases.

B.    "**Auto Parts Cases**" shall mean all cases that are consolidated or coordinated into *In re Automotive Parts Antitrust Litigation* and including, without limitation, 2:15-cv-12893 and 2:15-cv-003200 (Automotive Hoses); 2:15-cv-13000 (Automotive Brake Hoses); 2:15-cv-14080, 2:16-cv-11256 and 2:15-cv-03300 (Shock Absorbers); 2:16-cv-10456, 2:16-cv-11260 and 16-cv-03400 (Body Sealings) and 2:16-cv-10461, 4:16-cv-11257 and 16-cv-03500 (Plastic Interior Trim Parts); 2:16-cv-11082 and 2:16-cv-11087 (Exhaust Systems).

C.    "**Plaintiffs**" shall mean End Payors (EPPs), Automobile Dealer Plaintiffs (ADPs), Truck and Equipment Dealer Plaintiffs (TEDPs), the State of Florida, and the State of Indiana.

D.    "**Defendants**" shall mean Defendants in the Auto Parts Cases.

E.    "**OEM Deponent Group**" shall mean the "**Chrysler Group**" (FCA US LLC and Fiat Chrysler Finance North America, Inc.); the "**Daimler Group**" (Daimler North America Corp. (MI); Daimler North America Corp. (NJ); Daimler Purchasing Coordination Corp.; Daimler Trucks North America LLC; Daimler Vans Manufacturing, LLC; Daimler Vans USA LLC; Freightliner Custom Chassis Corp.; Mercedes-Benz Advanced Design of North America Inc.; Mercedes-Benz Credit Corp.; Mercedes- Benz Financial Services USA LLC; Mercedes- Benz Research & Development North America, Inc. (CA); Mercedes-Benz Research & Development North America, Inc. (MI); Mercedes-Benz U.S. International, Inc.; Mercedes- Benz USA, LLC; Mitsubishi Fuso Truck of America, Inc.; Thomas Built Buses, Inc.; Western Star Trucks Sales, Inc.); the "**GM Group**"  (General Motors Company; General Motors Financial Company, Inc.; General Motors Holdings LLC; General Motors LLC); the "**Honda Group**" (American Honda Motor Co., Inc.; American Honda Finance Corp.;

Honda Manufacturing of Indiana, LLC; Honda North America, Inc.; Honda of America Mfg., Inc.; Honda of South Carolina Mfg., Inc.; Honda Precision Parts of Georgia, LLC; Honda R&D Americas, Inc.; Honda Research Institute USA, Inc.; Honda Transmission Manufacturing of America, Inc.); the "**Hyundai Group**" (Hyundai Motor Manufacturing Alabama, LLC; Hyundai America Technical Center, Inc.; Hyundai Motor America; Hyundai AutoEver America, LLC; Hyundai Capital America); the "**Kia Group**" (Kia Motors Manufacturing Georgia, Inc.; Kia Motors America, Inc.); the "**Nissan Group**" (Nissan North America, Inc.; Nissan Design America, Inc.(part of NNA); Nissan Technical Center North America, Inc. (part of NNA); Nissan Diesel America, Inc. (part of NNA); Nissan Motor Acceptance Corp.); the "**Subaru Group**" (Subaru of America, Inc., Subaru Leasing Corp., Fuji Heavy Industries U.S.A., Inc., Subaru of Indiana Automotive, Inc.); and, the "**Toyota Group**" (Toyota Motor Sales, USA, Inc.; Toyota Motor Engineering & Manufacturing North America, Inc. (the Parties have agreed to hold in abeyance subpoenas to the other listed Toyota entities).

F.    "**Smaller OEM Group**" herein shall mean each OEM group listed on page 6 (of 7) of Exhibit 1227-2 to The Specified Subpoenaed Entities'

Joint Opposition to the Parties' Motions to Compel, ECF No. 1227-2 (*i.e.,* (1) BMW; (2) Hino; (3) Jaguar Land Rover; (4) Mitsubishi; (5) Porsche; (6) Subaru; (7) VW; and (8) Volvo).

## II. DEPOSITIONS ORDERED

A.   The Parties collectively may take one (1) Rule 30(b)(6) deposition lasting up to fourteen (14) hours over two (2) days (or such longer periods as specifically set forth in Section II of this Order) of each OEM Deponent Group respecting the following fields of inquiry (and, where an OEM Deponent Group manufactures or sells vehicles at issue in the TEDP case, as well as the vehicles at issue in the ADP and EPP cases, the Parties may collectively take up to two such Rule 30(b)(6) depositions of up to fourteen (14) hours each):

1.   Transactional purchase data for the Auto Parts Products at issue;

2.   Procurement process and supplier selection and price adjustments for the Auto Parts Products at issue, and documents related thereto;

3.   Vehicle cost data and other cost information;

4.   Vehicle pricing process, including process for setting and adjusting pricing, and documents related thereto;

5.  Transactional sales data for sales of vehicles:

   a.  from OEMs to automobile dealers and truck and equipment dealers;

   b.  from OEMs to distributors;

   c.  from distributors to automobile dealers and truck and equipment dealers;

   d.  from automobile dealers and truck and equipment dealers to end-consumers;

   e.  from OEMs to end-consumers (*e.g.*, fleet buyers); and

   f.  from distributors to end-consumers.

B.  References in 1–5 above to documents and data include information on format, volume, where maintained, time period, current and legacy systems, and costs and burden of production.

C.  The allotted time for each deposition shall be divided equally between Plaintiffs (collectively) and Defendants (collectively).  If, at the end of the deposition, one side has not used all of its allotted time, the parties will confer regarding said remaining time.

D.  Each hour of examination time of any corporate representative whose examination is conducted through an interpreter shall count as 7/13's

of an hour toward the fourteen (14) hour maximum time for the Rule 30(b)(6) deposition of the particular OEM Deponent Group.

E.     The depositions ordered herein shall commence four weeks after the ECF filing date of this Order if it is not appealed, or the date on which the order is affirmed by the District Court, if it is appealed (the "commencement date"), and shall be completed within 45 days of the commencement date.

F.     The Parties collectively shall serve on each OEM Deponent Group from which the Parties seek Rule 30(b)(6) testimony a deposition notice listing the OEM Deponent Group entities and identifying the fields of inquiry listed in Section II.A.1–5 and B.   For each OEM Deponent Group whose counsel has appeared in these MDL proceedings in connection with the Motion, service of the notices may be effected via e-mail to such counsel.   So long as they conform with the topics set forth in this Order, no objections to the deposition notices shall be permitted.

G.     An OEM Deponent Group must designate one or more appropriate individual(s) to serve as its corporate representative(s) to testify on its behalf in response to a Rule 30(b)(6) notice.

H.     The corporate representative, or representatives collectively, shall be prepared to testify concerning the fields of inquiry for which the Deponent OEM Group has designated him or her a corporate representative on behalf of the entire OEM Group.

I.      Depositions of Smaller OEM Groups, except for Subaru, will be held in abeyance pending completion of the other OEM Group Rule 30(b)(6) depositions ordered herein.

## III.   AVAILABILITY OF APPEAL OF THIS ORDER

This Order shall be subject to appeal to The Honorable Marianne O. Battani, pursuant to the Order Appointing A Master (ECF No. 792).  Any party that wishes to file an objection to this Order must do so within fourteen (14) days of the ECF filing date of this Order.  Responses shall be due ten (10) days after the date on which the objections are filed, and replies shall be due five (5) days after the date on which the responses are filed.  Failure to meet this deadline results in waiver of any objection to the Master's order, absent good cause shown.  Order Appointing A Master, § II.B.

DATED: April 20, 2016                    /s/ Gene J. Esshaki
                                         GENE J. ESSHAKI, Special Master

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on April 20, 2016.

                                         s/ Kay Doaks
                                         Case Manager