REDACTED

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

|  |  |  |
|---|---|---|
| In Re: AUTOMOTIVE PARTS ANTITRUST LITIGATION | : : : | Master File NO. 12-md-02311 Honorable Marianne O. Battani |
| In re: ALL CASES | : : : |  |
| THIS DOCUMENT RELATES TO: All Dealership Actions | : : : : : : : : : | |

**DEALERSHIP PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO LIFT THE PROVISIONAL SEALING OF A PORTION OF THE RULE 30(b)(1) DEPOSITION OF GEORGE R. NISBET, THE CO-OWNER OF AUTO DEALER PLAINTIFF THORNHILL SUPERSTORE**

REDACTED

## <u>TABLE OF CONTENTS</u>

STATEMENT OF QUESTION PRESENTED .............................................................. 5

INDEX OF MOST CONTROLLING AUTHORITIES .................................................. 6

INTRODUCTION .................................................................................................... 1

ARGUMENT ........................................................................................................... 1

    I.    THE MASTER HAS ALREADY RULED THAT THE SORT OF TESTIMONY
    DEFENDANTS SEEK TO INTRODUCE IS "NOT RELEVANT TO THE
    PRESENT ACTION, AND HAS NO BEARING ON THE EXISTING CLAIMS
    OR DEFENSES IN THIS CASE." ......................................................... 1

    II.    THE PROHIBITED TESTIMONY DEFENDANTS SEEK TO USE "HAS NO
    BEARING ON THE EXISTING CLAIMS OR DEFENSES IN THIS CASE"
    AND IS IRRELEVANT .......................................................................... 5

    III.    MR. NISBET'S SEALED TESTIMONY HAS NO PROBATIVE VALUE NOT
    OUTWEIGHED BY THE RULE 403 FACTORS ............................................. 12

        A.    Unfair Prejudice ...................................................................... 13

        B.    Confusing The Issues .............................................................. 14

        C.    Misleading The Jury Or Fact-Finder ......................................... 15

        D.    Undue Delay And Wasting Time ............................................... 15

    IV.    DEFENDANTS' MOTION MAKES NOT A SINGLE ARGUMENT FOR THE
    INCLUSION OF TESTIMONY REGRADING THE *BARKER* LITIGATION .. 15

CONCLUSION ......................................................................................................... 16

REDACTED

# **TABLE OF AUTHORITIES**

**Order**

Special Master's Order, Case No. 2:12-md-02311-MOB-MKM, Doc No. 1169............. 2, 6, 8, 11

**Cases**

*Aboubaker v. Cty. of Washtenaw*, No. 11-13001, 2014 WL 793638 (E.D. Mich. Feb. 27, 2014) 12

*Accord Perry v. Best Lock Corp.*, 1999 WL 33494858 (S.D. Ind. Jan. 21, 1999)................... 4, 14

*Catt v. Affirmative Ins. Co.*, No. 2:08-CV-243-JVB-PRC, 2009 WL 1228605, at *5 (N.D. Ind. Apr. 30, 2009) ............................................................................................................. 3

*Cervantes v. Sugar Creek Packing Co.*, 210 F.R.D. 611 (S.D. Ohio 2002). ............................. 6, 9

*Defendants' Reply In Support Of Motion To Establish Schedule For Dealer Plaintiffs' Production Of ESI And Defendants' Opposition To Dealer Plaintiffs' Cross-Motion To Resolve Defendants' Motion To Compel Downstream Discovery And Outstanding Requests*, 2:12-cv-00102-MOB-MKM, Doc No. 304 (April 20, 2015) ............................................... 5, 15

*In re NASDAQ Market-Makers Antitrust Litig.*, 169 F.R.D. 493 (S.D.N.Y. 1996)..................... 10

*In re Playmobil Antitrust Litig.*, 35 F. Supp. 2d 231 (E.D.N.Y. 1998)..................................... 6, 9

*In re Potash Antitrust Litig.*, 159 F.R.D. 682 (D. Minn. 1995) .................................................. 10

*In re Synthroid Mktg. Litig.*, 188 F.R.D. 295 (N.D.Ill. 1999)..................................................... 10

*In re Workers' Comp.*, 130 F.R.D. 99 (D. Minn. 1990)........................................................... 6, 7

*Lapin v. Goldman Sachs & Co.*, 254 F.R.D. 168 (S.D.N.Y. 2008) .............................................. 9

*Ocean Atl. Woodland Corp. v. DRH Cambridge Homes, Inc.*, 262 F. Supp. 2d 923 (N.D. Ill. 2003) ........................................................................................................... 4, 6, 14

*Perry v. Best Lock Corp.*, 1999 WL 33494858 (S.D. Ind. Jan. 21, 1999) ..................................... 6

REDACTED

*United States v. Jackson–Randolph,* 282 F.3d 369 (2002) ........................................................ 12

**Rules**

Fed. R. Civ. P. 26(b)(1) ............................................................................................................... 3

Rule 30(b)(1) ........................................................................................................................... 2, 3

Rule 30(b)(6) ........................................................................................................................... 2, 3

Rule 401 of the Federal Rules of Evidence ............................................................................. 1, 6

Rule 403 of the Federal Rules of Evidence ........................................................................... 6, 12

REDACTED

## <u>STATEMENT OF QUESTION PRESENTED</u>

Where the Special Master has already determined that previous class actions in which Dealership Plaintiffs have been involved are "not relevant to the present action, and ha[ve][] no bearing on the existing claims or defenses in this case" and where, as already anticipated by the Master in said ruling, the specific class actions in which Auto Dealer Plaintiff Thornhill Superstore was previously a defendant are patently irrelevant to this litigation, should the Special Master decline to unseal the portion of the transcript of the deposition of George R. Nisbet focusing on the class actions in which Plaintiff Thornhill Superstore was a defendant?

REDACTED

# INDEX OF MOST CONTROLLING AUTHORITIES

**Orders in this Action**

Special Master's Order Granting in Part and Denying in Part Plaintiffs' Motion for Protective Order, Case No. 2:12-md-02311-MOB-MKM, Doc No. 1169, (Filed 12/29/15)

**Cases**

*Cervantes v. Sugar Creek Packing Co.*, 210 F.R.D. 611 (S.D. Ohio 2002).

*In re Playmobil Antitrust Litig.*, 35 F. Supp. 2d 231 (E.D.N.Y. 1998)

*In re Workers' Comp.,* 130 F.R.D. 99 (D. Minn. 1990)

*Ocean Atl. Woodland Corp. v. DRH Cambridge Homes, Inc.*, 262 F. Supp. 2d 923 (N.D. Ill. 2003)

*Perry v. Best Lock Corp.*, 1999 WL 33494858 (S.D. Ind. Jan. 21, 1999)

**Rules**
Rule 401 of the Federal Rules of Evidence
Rule 403 of the Federal Rules of Evidence

REDACTED

# INTRODUCTION

Less than half a year ago, when the parties specifically briefed the propriety of Defendants' deposition topics, the Master wholly quashed Defendants' request for testimony on "[t]he facts, issues, and circumstances of any other class actions in which You have participated" and ruled that other class actions in which Dealership Plaintiffs were involved have "no bearing on the existing claims or defenses in this case." Special Master's Order Granting in Part and Denying in Part Plaintiffs' Motion for Protective Order, Case No. 2:12-md-02311-MOB-MKM, Doc No. 1169, (Filed 12/29/15), at 4, ¶14.  Defendants did not in any way dispute or even seek to appeal this order, which is law of the case.  Even in the instant motion, Defendants do not dispute the merits or propriety of this ruling or offer any reasons for its reversal. The most Defendants do is attempt to introduce the type of prejudicial material that served as the basis for Plaintiffs' original request to strike this topic in their Motion for Protective Order—a request which the Master explicitly affirmed and granted in full. Plaintiffs respectfully request that the Master affirm his ruling and decline to allow Defendants' requested reversal of this law of the case.

# ARGUMENT

## I.      THE MASTER HAS ALREADY RULED THAT THE SORT OF TESTIMONY DEFENDANTS SEEK TO INTRODUCE IS "NOT RELEVANT TO THE PRESENT ACTION, AND HAS NO BEARING ON THE EXISTING CLAIMS OR DEFENSES IN THIS CASE."

Rule 401 of the Federal Rules of Evidence states that evidence is relevant if "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." The Special Master has already ruled that testimony related to class actions involving Auto Dealer Plaintiffs is irrelevant. 2:12-md-

1

REDACTED

02311-MOB-MKM, Doc No. 1169, (Filed 12/29/15), at 4, ¶14. The present motion presents no

facts or law that demonstrate that the Special Master's ruling was in error.

Topic 14 of Defendants' Rule 30(b)(6) deposition notice sought testimony on "[t]he facts,

issues, and circumstances of any other class actions in which You have participated involving

Your purchase or sale of new vehicles (including the front and/or back end of the transaction),

including the nature of the claims and defenses, and the disposition of the action." In his Order

granting in part and denying in part Plaintiffs' motion for a protective order, the Special Master

denied Defendants' Topic No. 14. 2:12-md-02311-MOB-MKM, Doc No. 1169, (Filed 12/29/15),

at 4, ¶14.

Despite the fact that the Special Master has previously declined to require Dealers to

testify concerning "[t]he facts, issues, and circumstances of any other class actions," Defendants

insist that the provisional seal should be lifted on Rule 30(b)(1) testimony concerning the very

same topic. According to Defendants, the Special Master's order on Topic 14 "has no bearing"

on whether the *Jarrell* and *Barker* actions are relevant here. Defs.' Mem. at 10.Defendants

arguments about why this is so fall short.

First, Defendants state that the Special Master's Order has no application to a 30(b)(1)

deposition. Defs.' Mem. at 11. But the Special Master's rationale for denying Topic No. 14

makes plain that the topic is equally inappropriate in Rule 30(b)(1) depositions, or in any other

discovery context. In prohibiting Topic No. 14, the Special Master specifically held that the topic

"*is not relevant to the present action*, and *has no bearing on the existing claims or defenses in*

*this case*." Order at 4 (emphasis added). In other words, the Special Master refused to allow

Defendants to ask the Rule 30(b)(6) deponents about previous litigation not simply because it

was not  appropriate in the Rule 30(b)(6) context or not something that the corporation would

REDACTED

have knowledge of, but rather because it was not relevant to the case at all.  To be sure, if a given

issue "is not relevant to the present action," and Defendants have already been advised not to

inquire about it in a deposition, it has no place in any deposition, be it under Rule 30(b)(6) or

Rule 30(b)(1). *See* Fed. R. Civ. P. 26(b)(1) (noting that discovery is limited to "matter that [are]

relevant to any party's claim or defense and proportional to the needs of the case").[1]

Second, Defendants argue that Topic No. 14 does not preclude questions on the *Jarrell*

and *Barker* actions because "the point of the questions was not to explore whether Thornhill had

been a serial *named plaintiff* in prior class action lawsuits, which presumably was the type of

inquiry for which the Special Master did not want Auto Dealers' Rule 30(b)(6) designees to have

to be prepared to testify." Defs.' Br. at 11. Notably, Defendants' supposition that the Special

Master's Order merely precludes testimony on those actions in which Dealers are plaintiffs is

contrary to the plain language of both the Order and Topic No. 14 itself: Topic No. 14 sought

testimony on "*any* other class actions" in which the Dealership was involved (*i.e.*, served as

plaintiffs *or* defendants) and the Special Master's Order made clear that the *entirety* of Topic No.

14 was irrelevant. *See* Topic 14, on page 8 of attachment A to Master's Order on Motion for

Protective Order (emphasis added).

And indeed, quite apart from the plain language of Topic No. 14 and the Special Master's

Order, the parties' briefing of Plaintiffs' motion for protective order throws cold water on the

---

[1] Defendants misleadingly suggest that the Special Master's denial of Topic No. 14 is irrelevant
because it stemmed from the Special Master's concern about requiring a representative "to be
prepared to testify on behalf of the dealership" on Topic No. 14. Defs.' Br. at 11. To be sure, had
the Special Master denied Topic No. 14 solely on the grounds that it was too burdensome to
prepare for that denial would not necessarily speak to whether the topic was appropriate in the
Rule 30(b)(1) context. *See, e.g., Catt v. Affirmative Ins. Co.*, No. 2:08-CV-243-JVB-PRC, 2009
WL 1228605, at *5 (N.D. Ind. Apr. 30, 2009) (striking a 30(b)(6) deposition topic on the
grounds that it is not reasonably particularized and therefore too burdensome to prepare for). As
is explained above, however, the Special Master clearly and unequivocally denied Topic No. 14
on relevance grounds, rather than on a grounds specific to Rule 30(b)(6) depositions.

REDACTED

idea that "the point" of Topic No. 14 was to preclude testimony on class actions in which Dealers were plaintiffs. In their moving brief in support of their motion, Plaintiffs' noted that the plain language of Topic No. 14 included class actions in which Dealers were defendants, and argued that such testimony would be irrelevant. *See* Motion for Protective Order, at 44 ("To the extent this topic seeks testimony on class actions *in which Dealers were defendants*, there seems to be no proper purpose for such an inquiry, except to harass Dealership Plaintiffs. Courts foreclose discovery when they perceive an improper motive or purpose behind broad discovery. *See Ocean Atl. Woodland Corp. v. DRH Cambridge Homes, Inc.*, 262 F. Supp. 2d 923, 927 (N.D. Ill. 2003). Where, as here, the sought-after discovery "look[s] like nothing more than a fishing expedition, or, more accurately, an exercise in swamp-dredging and muck-raking," entry of an order precluding it is warranted. *Accord Perry v. Best Lock Corp.*, 1999 WL 33494858, at *3 (S.D. Ind. Jan. 21, 1999).") (emphasis added). The Master clearly agreed. Defendants did nothing to disagree with Plaintiffs' assertions or claim that they were not seeking information about actions in which Dealership Plaintiffs had been Defendants. In fact Defendants deemed Interrogatory responses setting forth actions where Dealers had served as plaintiffs to be insufficient responses to this topic. Should the Special Master have believed that class actions in which Dealers served as defendants were relevant to this litigation, he surely would have carved it out of his denial of Topic No. 14.  He did not do so.

Here, as Defendants admit, they sought testimony from Mr. Nisbet about the dealership's involvement in the actions that were the subject of other lawsuits and responses to the allegations in these lawsuits —"[t]he facts, issues, and circumstances" of these class actions, as stated in their struck Topic 14. Whether Defendants ask Mr. Nisbet or another deponent about this issue

REDACTED

does not alter the fact that these other class actions have "no bearing on the claims and defenses in this action," as the Master has already ruled.

## II. THE PROHIBITED TESTIMONY DEFENDANTS SEEK TO USE "HAS NO BEARING ON THE EXISTING CLAIMS OR DEFENSES IN THIS CASE" AND IS IRRELEVANT

Defendants do not argue that the Master incorrectly decided that unrelated class actions that have nothing to do with Defendants' bid-rigging and price-fixing conspiracy are irrelevant to this case. Nor do they disagree that the introduction of this evidence will result in undue prejudice to Plaintiffs. Instead, Defendants claim that this testimony should be admitted in order to discredit the DMS data whose production they aggressively lobbied for last year in multiple motions, claiming that it was integral to their damage and class certification analyses in this action. *See e.g. Defendants' Reply In Support Of Motion To Establish Schedule For Dealer Plaintiffs' Production Of ESI And Defendants' Opposition To Dealer Plaintiffs' Cross-Motion To Resolve Defendants' Motion To Compel Downstream Discovery And Outstanding Requests*, 2:12-cv-00102-MOB-MKM, Doc No. 304, at 4 (April 20, 2015) (arguing that "[t]his ESI includes categories of information that is crucial to any analysis of overcharges and pass-on."). Now, after Dealership Plaintiffs have expended significant resources to provide Defendants with this data, Defendants argue that they wish to use the Thornhill testimony to demonstrate that the parties cannot rely on it.



REDACTED

This is thus the sales price that would be used in any pass-on analysis.  So, to conduct their pass-on analysis, Defendants would look to Dealerships' data, as they previously argued they would do when seeking to compel its production.   *See supra.* Defendants would not look to the testimony, which explores why Thornhill was sued for its advertisements.

REDACTED

In any event, "Non-uniformity of the prices at which plaintiffs purchased their goods is not fatal to certification." *In re Workers' Comp.*, 130 F.R.D. 99, 108-09 (D. Minn. 1990) "As long as the existence of a conspiracy is the overriding question, then the class has met its predominance requirement." *Id.* at 108-09. Thus, Defendants cannot claim that the charging of different prices is relevant to class certification.



---

[2] Defendants' allegation that the testimony is necessary because of a change during the years is also not borne out because

REDACTED



Defendants have provided no basis to let in prejudicial already-prohibited testimony or disobey the Master's prior ruling that information about these other class actions is "not relevant to the present action, and has no bearing on the existing claims or defenses in this case." Special Master's Order, Case No. 2:12-md-02311-MOB-MKM, Doc No. 1169, at ¶14.

Defendants claim they need the testimony for their pass-on analysis but do not explain how the testimony would be used in their pass-on analysis. Their only explanation involves looking at the actual prices charged, which are in the data.

Defendants' attempt to characterize the testimony as being relevant to adequacy is also of no moment. A class representative is adequate if the representative

REDACTED

has "common interests with unnamed members of the class"—here the desire to recover

the overcharges it paid for its vehicles—and the representative "will vigorously prosecute

the interests of the class through qualified counsel," as Thornhill has been doing

throughout the 4.5 years of this litigation in submitting to numerous discovery requests,

cooperating with counsel and submitting to depositions. *See Cervantes v. Sugar Creek*

*Packing Co.*, 210 F.R.D. 611, 625-26 (S.D. Ohio 2002). Defendants' questions about ███

██████████████ that in no way related to Defendants' conspiracy at issue in this case

is not relevant to either of these two considerations, which have been more than satisfied

here.████████████████████████████████████████

████████████████████████████████████████████

████████████████████ If it did, Defendants' topic inquiring about such matters

would not have been struck. "[O]nly when attacks on the credibility of the representative

party are so sharp as to jeopardize the interests of absent class members should such

attacks render a putative class representative inadequate." *Lapin v. Goldman Sachs &*

*Co.*, 254 F.R.D. 168, 177 (S.D.N.Y. 2008) (internal quotation marks omitted)).

None of the sealed testimony will have any import in typicality analysis either, as

"[t]ypicality refers to the nature of the claims of the representative, not the individual

characteristics of the plaintiff." *In re Playmobil Antitrust Litig.*, 35 F. Supp. 2d 231, 242

(E.D.N.Y. 1998). The claims of Thornhill are the same as the claims of the other class members

and representatives—that they overpaid for their vehicles because such vehicles contained price-

fixed parts subject to Defendants' conspiracy. This clearly satisfies the typicality requirement.

Had Thornhill been claiming lost profits or pain and suffering while the other class

representatives were making claims for an overcharge, there might be a typicality issue. But

here, Thornhill and the class representatives are claiming damages from an overcharge.

9

REDACTED

Dealerships' claims have nothing to do with the allegations in the *Jarrell* or the *Barker* actions. Further, "[t]ypicality ... does not require that the situations of the named representatives and the class members be identical." *In re NASDAQ Market-Makers Antitrust Litig.*, 169 F.R.D. 493, 511(S.D.N.Y. 1996), *accord In re Synthroid Mktg. Litig.*, 188 F.R.D. 295, 299 (N.D. Ill. 1999) (observing that factual distinctions between the claims of class representatives and other class members does not preclude a finding of typicality).

As the *Potash* court stated:

> In this case, the named Plaintiffs have alleged an antitrust price-fixing scheme whereby Defendants conspired to illegally control potash prices. The claims asserted on behalf of the putative class involve the same legal theory (viz. violation of Section 1 of the Sherman Act) and involve the same elements of proof in relation to the existence, scope, duration, and success of the alleged conspiracy. Thus the Plaintiffs' allegations are sufficient to satisfy Rule 23(a)(3)'s typicality requirement.

*In re Potash Antitrust Litig.*, 159 F.R.D. 682, 691 (D. Minn. 1995).

Defendants attempt, at the end of their brief, to characterize this testimony as merely testimony about pricing practices and recordkeeping, when they had already admitted at the beginning of the sealed transcript ████████████████████████████████ Their argument goes nowhere. ████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

10

REDACTED



Defendants do not simply inquire into what Thornhill's pricing and recordkeeping practices were during the class period. If they wanted to do that ███████████████████████ ████████████████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████ By ruling that these other class actions were "not relevant to the present action" the Master clearly prohibited Defendants ███████████████████████████████████████████████████ ████████████████ *See* Special Master's Order, Case No. 2:12-md-02311-MOB-MKM, Doc No. 1169, at ¶14. ██████████████████████████████████████████

This is not an action against Thornhill but an action against the participants in the automotive parts price-fixing conspiracy and it should be treated as such, consistent with the Master's prior ruling.

Defendants also incorrectly claim that the unsealed portion of Mr. Nisbet's deposition is not accurate. ████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████████████████

REDACTED



### III.    MR. NISBET'S SEALED TESTIMONY HAS NO PROBATIVE VALUE NOT OUTWEIGHED BY THE RULE 403 FACTORS

Further, Federal Rule of Evidence 403 requires the exclusion of the sealed transcript. Rule

403 of the Federal Rules of Evidence states, "The court may exclude relevant evidence if its

probative value is substantially outweighed by a danger of one or more of the following: unfair

prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly

REDACTED

presenting cumulative evidence." "Trial courts have broad discretion in determining whether to admit evidence based on considerations of relevance, materiality and prejudice." *Aboubaker v. Cty. of Washtenaw*, No. 11-13001, 2014 WL 793638, at *2 (E.D. Mich. Feb. 27, 2014) (citing *United States v. Jackson–Randolph,* 282 F.3d 369, 376 (2002)).

### A.   Unfair Prejudice

Mr. Nisbet's sealed testimony does not reveal any relevant facts not already covered in his unsealed testimony. But Defendants' motion to unseal the testimony and use it as evidence is not really about relevant facts.



REDACTED

**B. Confusing The Issues**

Having plead guilty to the conduct challenged alleged in ADPs' complaints, the last thing Defendants want to do is litigate the true issues. Instead, Defendants seek to confuse the issues. That is what the present motion is really about. Defendants want the irrelevant sealed testimony to shift the focus away from them or, at minimum, confuse the issues.

Defendants' intent is improper and should not be countenanced. Courts foreclose discovery when they perceive an improper motive or purpose behind broad discovery. *See Ocean Atl. Woodland Corp.*, 262 F. Supp. 2d at 927 (N.D. Ill. 2003). Where, as here, the sought-after discovery "look like nothing more than a *fishing expedition*, or, more accurately, an exercise in *swamp-dredging and muck-raking*," entry of an order precluding it is warranted. *Accord Perry v. Best Lock Corp.*, 1999 WL 33494858, at *3 (S.D. Ind. Jan. 21, 1999). (Emphasis added.)

The sealed testimony is nothing more than an "exercise in swamp-dredging and muck-racking." Further, less than two weeks ago, the Court admonished Defendants for engaging in a fishing expedition. "Defendants are on a fishing expedition; they seek the names of former employees during a fifteen-year period to investigate these individuals." ECF No. 457, at 3.

It is clear, Defendants are now on another fishing expedition.

REDACTED

[REDACTED]

Inquiries like the above are completely unrelated to the issues that must be decided in this action, and only result in confusing the real issues.

### C.    Misleading The Jury Or Fact-Finder

By directing attention away from their own federal crimes and [REDACTED] [REDACTED] Defendants will mislead the Court and the jury, conflating the non-issues discussed in Mr. Nisbet's sealed testimony with the real issues in this case. This should not be permitted.

### D.    Undue Delay And Wasting Time

The parties are over four years into this litigation. Thus far, the parties have taken thousands upon thousands of pages of deposition testimony and millions of pages of documents and data. To add to this trove of evidence Mr. Nisbet's sealed deposition testimony is nothing more than engaging in undue delay and wasting the Court's and the parties' time. [REDACTED] [REDACTED] Defendants do not need Mr. Nisbet's sealed testimony to argue Thornhill's typicality or adequacy as a class representative. As this Court has stated, "In a case of this size, the Court must impose boundaries on discovery." 2:12-cv-00102, ECF No. 457, at 3. Permanently sealing or striking Mr. Nisbet's sealed testimony is such a boundary, consistent with the ruling already made in the case by the Master less than six months ago.

### IV.    DEFENDANTS' MOTION MAKES NOT A SINGLE ARGUMENT FOR THE INCLUSION OF TESTIMONY REGRADING THE *BARKER* LITIGATION

[REDACTED]

REDACTED

[REDACTED] But Defendants' motion, while focusing on *Jarrell* barely

mentions the *Barker* litigation and makes no argument at all as to why testimony about this

irrelevant class action should be permitted to become part of the record in this action. As such,

that argument is waived and may not be raised in a reply. Defendants' inability to make any

argument about the relevance of the *Barker* action again demonstrates that the purpose of using

this testimony is to embarrass Dealership Plaintiffs rather than to get at any of the real issues in

this action: namely whether Defendants' criminal conspiracy caused Dealership Plaintiffs to pay

illegal overcharges for the vehicles they purchased.

## CONCLUSION

For all of the reasons set forth above, Dealership Plaintiffs' respectfully request that

Defendants' motion to unseal Mr. Nisbet's testimony be denied.

Date: April 25, 2015                          Respectfully submitted,

                                             */s/ Brian Herrington*
                                             **HERRINGTON LAW, PA**
                                             PO Box 3260
                                             Ridgeland, MS 39158
                                             Telephone: 601.376.9331
                                             brian@herringtonlawpa.com

                                             */s/ Jonathan W. Cuneo*
                                             Jonathan W. Cuneo
                                             Joel Davidow
                                             Victoria Romanenko
                                             Yifei Li
                                             **CUNEO GILBERT & LADUCA, LLP**

16

REDACTED

507 C Street, N.E.
Washington, DC 20002
Telephone: (202) 789-3960
Facsimile: (202) 789-1813
jonc@cuneolaw.com
joel@cuneolaw.com
vicky@cuneolaw.com
evelyn@cuneolaw.com


*s/ Shawn M. Raiter*
Shawn M. Raiter
**LARSON • KING, LLP**
2800 Wells Fargo Place
30 East Seventh Street
St. Paul, MN  55101
Telephone: (651) 312-6500
Facsimile: (651) 312-6618
sraiter@larsonking.com


*/s/ Don Barrett*
Don Barrett
David McMullan
**BARRETT LAW GROUP, P.A.**
P.O. Box 927
404 Court Square
Lexington, MS 39095
Telephone: (662) 834-2488
Facsimile: (662) 834-2628
dbarrett@barrettlawgroup.com
dmcmullan@barrettlawgroup.com


*/s/ Gerard V. Mantese*
Gerard V. Mantese
**MANTESE HONIGMAN ROSSMAN AND
WILLIAMSON, P.C.**
1361 E. Big Beaver Road
Troy, MI 48083
Phone: (248) 457-9200 ext. 203
Fax: (248) 457-9201
gmantese@manteselaw.com


*Interim Liaison Counsel for the Proposed*

17

REDACTED

*Automobile Dealer Plaintiff Classes*

REDACTED

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 25, 2016 I electronically filed the foregoing papers with the Clerk of the Court using the ECF system which will send electronic notices of same to all counsel of record.

<div style="margin-left:40%">

*/s/ Brian Herrington*
**HERRINGTON LAW, PA**
PO Box 3260
Ridgeland, MS 39158
Telephone: 601.376.9331
brian@herringtonlawpa.com

</div>