**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **IN RE: AUTOMOTIVE PARTS ANTITRUST LITIGATION** | ) ) ) | **Master File No. 12-md-02311**<br>Honorable Marianne O. Battani |
| **IN RE: WIRE HARNESSES** | ) ) | Case No. 12-cv-00103 |
| **IN RE: INSTRUMENT PANEL CLUSTERS** | ) ) ) | Case No. 12-cv-00203 |
| **IN RE: FUEL SENDERS** | ) ) | Case No. 12-cv-00303 |
| **IN RE: HEATER CONTROL PANELS** | ) ) ) | Case No. 12-cv-00403 |
| **IN RE: OCCUPANT SAFETY RESTRAINT SYSTEMS** | ) ) ) | Case No. 12-cv-00603 |
| **IN RE: ALTERNATORS** | ) ) | Case No. 13-cv-00703 |
| **IN RE: RADIATORS** | ) ) | Case No. 13-cv-01003 |
| **IN RE: STARTERS** | ) ) | Case No. 13-cv-01103 |
| **IN RE: SWITCHES** | ) ) | Case No. 13-cv-01303 |
| **IN RE: IGNITION COILS** | ) ) | Case No. 13-cv-01403 |
| **IN RE: MOTOR GENERATORS** | ) ) | Case No. 13-cv-01503 |
| **IN RE: STEERING ANGLE SENSORS** | ) ) ) | Case No. 13-cv-01603 |
| **IN RE: HID BALLASTS** | ) ) | Case No. 13-cv-01703 |
| **IN RE: INVERTERS** | ) ) | Case No. 13-cv-01803 |
| **IN RE: AIR FLOW METERS** | ) ) | Case No. 13-cv-02003 |
| **IN RE: FUEL INJECTION SYSTEMS** | ) ) ) | Case No. 13-cv-02203 |
| **IN RE: AUTOMATIC TRANSMISSION FLUID WARMERS** | ) ) ) ) | Case No. 13-cv-02403 |

1

| | |
|---|---|
| **IN RE: VALVE TIMING CONTROL DEVICES** | ) Case No. 13-cv-02503 ) ) |
| **IN RE: ELECTRONIC THROTTLE BODIES** | ) Case No. 13-cv-02603 ) |

**THIS DOCUMENT RELATES TO ALL END-PAYOR ACTIONS**

### JOINT MOTION BY SETTLEMENT CLASS MEMBERS WILLIAM THOMPSON, BENJAMIN FEURY, MARGARET MARASCO, SEAN ODWEYER, SYLVIA THOMPSON AND THOMAS SARRIS AND ATTORNEY DAVID DISHMAN FOR A PROTECTIVE ORDER PRECLUDING DEPOSITIONS AND PRODUCTION OF ADDITIONAL SUBPOENAED DOCUMENTS NOT AUTHORIZED IN CLASS NOTICE

NOW COMES WILLIAM THOMPSON, BENJAMIN FEURY, MARGARET MARASCO, SEAN ODWEYER, SYLVIA THOMPSON, THOMAS SARRIS AND ATTORNEY DAVID DISHMAN, by and through counsel, and states:

1.    William Thompson, Benjamin Feury, Margaret Marasco, Sean Odweyer, Sylvia Thompson and Thomas Sarris are unnamed class members who objected timely pursuant to this Court's notice.

2.    David Dishman who is an attorney representing the unnamed class members named in the previous paragraph.

3.    On Wednesday, April 27, 2016 Plaintiff's Counsel issued subpoenas and document requests to all of the persons named in paragraphs 1 and 2 ("movants").

4.      The subpoenas were for depositions to occur between May 2, 2016 and May 9, 2016.  Exhibits 5-9.

5.      The document requests were for proof of membership in the class and also to question the motives of the movants.

6.      The subpoenas were served between Thursday, April 28, 2016 and Friday, April 29, 2016.

7.      Based on information and belief, discovery is closed.

8.      Based on information and belief, Fed. Civ. Pro. R. 30 and 45 were not complied with in regard to these subpoenaes.

9.      The notice given of the depositions are not reasonable as to time as they give, for example, only 1—2 business days notice to Mr. Thompson.

10.      The subpoena does not give the movants 14 days to file objections or to produce the documents requested.

11.      The subpoenas place an undue burden and expense on the movants in violation of Fed Civ. Pro. R. 26 and 45.

12.      The subpoena requests attorney-client privileged documents and information, especially in regard to the subpoena to Attorney Dishman.

13.      Moreover, normally discovery is not proper to unnamed class members without permission of the Court; upon information and belief, no such permission was requested and/or granted.

3

14.     The undersigned counsel contacted the attorney issuing the subpoenas requesting concurrence in this motion and concurrence was not given.

15.     Pursuant to Local R. 83.20, the undersigned counsel is appearing on behalf of the movants, however, Attorney Dishman will be seeking admission to appear before this Court and upon that occurring, the undersigned counsel will be appearing as local counsel, if local counsel is required by this Court.

WHEREFORE, for the reasons stated in the attached brief, and under the Federal Rules of Civil Procedure, the movants respectfully request that this Honorable Court quash the subpoenaes and requests for documents pursuant to Fed. R. Civ. Pro. 45(c).

Respectfully Submitted on April 29, 2016,

LINDERMAN LAW PLLC

/s/ Marla A. Linderman
Marla A. Linderman (P55759)
9524 Portage Trail
White Lake, MI 48386
(810) 220-0600
lindermanlaw@sbcglobal.net
Attorney for Movants

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | |
|---|---|
| **IN RE: AUTOMOTIVE PARTS ANTITRUST LITIGATION** | **Master File No. 12-md-02311**<br><br>Honorable Marianne O. Battani |
| **IN RE: WIRE HARNESSES** | Case No. 12-cv-00103 |
| **IN RE: INSTRUMENT PANEL CLUSTERS** | Case No. 12-cv-00203 |
| **IN RE: FUEL SENDERS** | Case No. 12-cv-00303 |
| **IN RE: HEATER CONTROL PANELS** | Case No. 12-cv-00403 |
| **IN RE: OCCUPANT SAFETY RESTRAINT SYSTEMS** | Case No. 12-cv-00603 |
| **IN RE: ALTERNATORS** | Case No. 13-cv-00703 |
| **IN RE: RADIATORS** | Case No. 13-cv-01003 |
| **IN RE: STARTERS** | Case No. 13-cv-01103 |
| **IN RE: SWITCHES** | Case No. 13-cv-01303 |
| **IN RE: IGNITION COILS** | Case No. 13-cv-01403 |
| **IN RE: MOTOR GENERATORS** | Case No. 13-cv-01503 |
| **IN RE: STEERING ANGLE SENSORS** | Case No. 13-cv-01603 |
| **IN RE: HID BALLASTS** | Case No. 13-cv-01703 |
| **IN RE: INVERTERS** | Case No. 13-cv-01803 |
| **IN RE: AIR FLOW METERS** | Case No. 13-cv-02003 |
| **IN RE: FUEL INJECTION SYSTEMS** | Case No. 13-cv-02203 |
| **IN RE: AUTOMATIC TRANSMISSION FLUID WARMERS** | Case No. 13-cv-02403 |

i

|  |  |  |
|---|---|---|
| **IN RE: VALVE TIMING<br>CONTROL DEVICES** | )<br>)<br>) | Case No. 13-cv-02503 |
| **IN RE: ELECTRONIC<br>THROTTLE BODIES** | )<br>)<br>) | Case No. 13-cv-02603 |

**THIS DOCUMENT RELATES TO**
**ALL END-PAYOR ACTIONS**

### BRIEF IN SUPPORT OF JOINT MOTION BY SETTLEMENT CLASS MEMBERS WILLIAM THOMPSON, BENJAMIN FEURY, MARGARET MARASCO, SEAN ODWEYER, SYLVIA THOMPSON AND THOMAS SARRIS AND ATTORNEY DAVID DISHMAN FOR A PROTECTIVE ORDER PRECLUDING DEPOSITIONS AND PRODUCTION OF ADDITIONAL SUBPOENAED DOCUMENTS NOT AUTHORIZED IN CLASS NOTICE

## QUESTIONS PRESENTED

Where subpoenas have been issued to unnamed class members who have objected to the proposed class settlement, and their attorney, should they be quashed pursuant to Fed. R. Civ. Pro. 45 where:

1.  The subpoenas were signed on April 27, 2016, served on April 28 and 29, 2016 and are for depositions from May 2, 2016-May 9, 2016;

2.  The subpoenaes request documents but do not give the persons subject to the subpoenaes at least 14 days notice;

3.  The subpoenaes appear not to be sanctioned by the Court, are outside of the norms of allowable discovery as to scope and relevance and impose undue burdens of time and money on the unnamed class members; and

4.  The subpoenaes are requesting attorney-client privileged materials and the deposition of the unnamed class member objectors' attorney.

The movants state: Yes.
The issuing attorney states: No.

## CONTROLLING AUTHORITY

Fed R. Civ. Pro. 26(c), 30 and 45(c) are the controlling authority. Also relevant is this Court's Class Notice setting the requirements to object to the class settlement.

## **INTRODUCTION**

Settlement Class members William Thompson, Benjamin Feury, Margaret Marasco, Sean Odweyer, Sylvia Thompson and Thomas Sarris[1] (the "Objectors") and attorney David Dishman by counsel, pursuant to Fed. R. Civ. P. 26(c) AND 45(c), respectfully move the Court for a protective order precluding their depositions subpoenaed by Plaintiffs' Class Counsel in the above-captioned case. The Objectors filed good faith objections to the proposed Settlement Agreements ("Settlements") between named Class Representatives ("Plaintiffs") and the Settling Defendants named in the attached Updated Settlement Notice ("Class Notice"), Exhibit "1," (¶ 3) ("Settling Defendants").

The Objectors complied with the detailed requirements set forth in the Court approved notice of settlement concerning the filing of objections. In response to the exercise of this due process right, Plaintiffs' Counsel, without any apparent Court approval, issued Subpoenas to take the deposition of each of the Objectors and also, their attorney, David Dishman. As to Mr. Dishman, Plaintiffs' Counsel seeks to invade the attorney-client privilege through the use of the subpoena[2].(The subpoena served on Mr. Dishman is attached hereto as Exhibit "2").

The attempt to depose the objectors and their attorney is unduly burdensome

---

[1] Mr. Saris timely served his objection *pro se* on April 8, 2016 and sent the same by express mail to the Court.

[2] Mr. Dishman represents the class members named in this motion.

and will chill the voices of unnamed class members. For example, after Mrs. Marasco was served, last evening she instructed Attorney Dishman to inform the Court that she wants to withdraw her objection.

The objectors should be able to object to the settlement of this class action, without having to submit to discovery and depositionsDepositions of the above named class member objectors and their counsel should be precluded by the Court for multiple reasons, including but not limited to the following: (i) under the clear express terms of the Class Notice, testimony is not a requirement for objecting to the Settlement (Ex. 1, ¶ 20); (ii) testimony by the Objectors is irrelevant to their objections and will not inform the Court's determination of final approval; and (iii) requiring such depositions of absent settlement class member objectors and their counsel will simply create annoyance, potential embarrassment, oppression and undue burden for the Objectors; (iv) the depositions are inappropriate since any information that Class Counsel might attempt to gain from absent settlement class members and their counsel is protected by the attorney-client privilege and not subject to discovery; (v) Plaintiffs' Class Counsel failed to obtain permission from the Court prior to subpoenaing the settlement class members, even though at a minimum, the depositions directly conflict with the terms of the Class Notice; and (vi)Plaintiffs' Class Counsel's subpoenas are both procedurally and substantively improper.

For example, each subpoena requires a 1 production of documents (all of which are irrelevant) and provides, at most 7 days and as little as 3 days for production, as opposed to the required fourteen (14) days under Fed.R.Civ.P. 45. For the foregoing reasons, the depositions of the Objectors and their counsel are not permissible would serve no proper purpose and should be precluded through the entry of a protective order.

### *Background*

The Court-approved Notice of Settlement captioned "Updated Settlement Notice" was only recently issued. It sets forth the requirements for objecting to the Settlement. (Ex. 1, ¶ 20). These requirements include "(1) your name, address, and telephone number; (2) documents reflecting your purchase or lease of a new motor vehicle and/or purchase of the applicable replacement part. Purchase or lease documentation should include: (a) the date of purchase or lease, (b) the make and model year of the new motor vehicle, (c) the state where the new motor vehicle was purchased or leased, and (d) the amount paid. Replacement part documentation should include: (a) the date of purchase, (b) type of replacement part purchased, (c) the state where the replacement part was purchased, and (d) the amount paid; (3) The name of the Settling Defendant whose Settlement you are objecting to or commenting on; (4) The automotive part case that is the subject of your objection(s) or comments; (5) The reasons you object to the Settlement, along

with any supporting materials; and (6) Your signature." *Id.* Additionally, the Settlement Notice required any Objection to be postmarked by April 11, 2016 and mailed to the Court and the Notice Administrator. (Ex. 1, ¶ 20).

The Settlement Notice does not provide that an objector has to provide testimony in order for his or her objection to be considered, and may speak through counsel:

> If you send an objection or comment, you do not have to come to Court to talk about it. As long as you mailed your written objection on time, the Court will consider it. You may also hire your own lawyer at your own expense to attend on your behalf, but you are not required to do so.

Class Notice, Ex. 1 at ¶ 23. The Class Notice does not identify or require any other requirements for objecting to the fairness off the Settlement or Plaintiffs' Class Counsel's request for exorbitant attorneys' fees. *Id.*

The Objectors, William Thompson, Benjamin Feury, Margaret Marasco, Sean Odweyer and Sylvia Thompson served their Objection to Final Approval of Class Action Settlement ("Objection") on April 11, 2016. Mr. Sarris served his *pro se* objection on April 8, 2016. (*See* Objections attached hereto as Exhibits "3" and "4"). The Objections satisfied the requirements of the Class Notice. In support of their objections, William Thompson, Benjamin Feury, Margaret Marasco, Sean Odweyer, Sylvia Thompson and Thomas Sarris (*pro se*), submitted copies of certain documents, which establish their membership in the Settlement Class as

requested in the Objection section. *Id* at Ex. 1, ¶ 20; *See, also* Ex. 3. The specific objections raised are that <u>inter alia</u>, (i) The Class Definition is so overbroad and unrelated so as to dilute the other class member's legitimate claims. Plaintiffs' Class Counsel included in the class definition every make and model of every motor vehicle from 1998-2015, regardless of the existence of price-fixed parts; (ii) there is no allocation program in place and there is insufficient information provided in the Class Notice for class members to make informed decisions concerning the Settlement and releasing their claims; (iii) the Settlements, as proposed, are not manageable or administratively feasible; (iv) Plaintiffs' Class Counsel's request for attorneys' fees is unreasonable and excessive for multiple reasons; and (v) the claims process, as it exists, provides arbitrary results which will unjustly and disproportionately benefit class members who are not entitled to recovery.

In response to their objections, on April 27, 2016, subpoenas were issued for documents and deposition for the attendance of each Objector and their undersigned Attorney, David Dishman, for the days of May 2–May 9, 2016. (Notice and Subpoenas to the Objectors are attached hereto as Exhibits "5" through "9.") Giving one or two business days' notice of a deposition is unreasonable; for example, Mr. Thompson's subpoena is dated Wednesday, April 27, 2016 and is set for Monday, May 2, 2016 at 9 a.m.. (Exhibit 5). See Fed R.Civ. Pro 30(b)(1).

## ARGUMENT

### *The Depositions Conflict with the Terms of the Notice*

The Court should enter a Protective Order precluding the depositions because they are in direct conflict with the Class Notice, which states that objections will be considered, and objectors' counsel may be heard, regardless of whether the objector appears or speaks in support of the objection. As summarized above, the Notice not only sets forth several specific requirements for stating an objection to the Settlement, but it expressly does state that testimony and a personal appearance are not required. (Ex. 1, ¶ 23). The Notice further states that objections may also be presented by counsel. Id. In fact, the required items of information in support of an objection confirm that personal testimony is not required and that objectors may appear through counsel and submit objections for consideration by the Court at the final fairness hearing. *Id.* at ¶ 20.

As the requirements for objecting are expressly stated in the Class Notice, they encourage Settlement Class members to express their objections in writing and assure such Class members that they need not personally appear. This not only facilitates Class members' exercise of their due process rights, it also facilitates the important role objectors play in class settlements. See, e.g., MANUAL FOR COMPLEX LITIG., FOURTH (2010) at § 21.643 ("Objectors can provide important information regarding the fairness, adequacy and reasonableness of

settlements. Objectors can also play a beneficial role in opening a proposed settlement to scrutiny and identifying areas that need improvement.")

By demanding that Objectors each submit to a deposition and produce additional subpoenaed documents, not required by the Class Notice, Plaintiffs' Class Counsel are now unilaterally and impermissibly imposing additional burdens and conditions for an objection to the Settlement. These requirements are not included in the Notice, are not required as a condition to objecting under Fed.R.Civ.P. 23(e)(5), and have the effect of harassing and burdening Settlement Class members who have simply exercised their fundamental right to oppose or comment on the Settlement. The Objectors have already satisfied the Notice's requirements for objecting to the Settlement. They have prepared and filed written submissions stating their objections. They have set forth the legal and factual bases for their objections. They have provided documents as requested in the Class Notice. (Ex. 1, ¶ 20).[3] Having already satisfied each of these conditions for objecting, it would be patently unfair and contrary to the Class Notice to now impose new, extreme and additional requirements upon the Objectors as a condition precedent to the exercise of their rights and would violate their rights to due process.

The Objectors have the right to have their objections considered and to be

---

[3] Class Member Ben Feury is supplementing his objection to include purchase contracts that were not readily available.

represented by counsel. That certainly does not permit Plaintiffs' Class Counsel to subpoena their undersigned attorney, David Dishman, and invade the Objectors' and Counsel's attorney-client privilege. The Court should enter a protective order precluding the depositions of the Objectors, including the production of subpoenaed documents, in order to hold the settling parties to the terms of the Settlement Notice, and to prevent the imposition of additional, burdensome and unfair conditions on objecting Settlement Class members.

### *Deposition Testimony is Irrelevant to the Objections*

The Court should also enter a Protective Order precluding the depositions because individual testimony by the Objectors has no relevance to the actual objections raised. For example, the Objectors, William Thompson, Benjamin Feury, Margaret Marasco, Sean Odweyer, Sylvia Thompson and Thomas Sarris, who initially filed an objection *pro se*, objected to the Settlement on specific grounds set forth in their objections. *(See,* Exhibits 3 and 4). Deposition testimony by the Objectors will not be relevant to any of these objections and should not be permitted.

First and foremost, each of these objections addresses a burden that must be met by the moving party, not by an objecting class member. *Synfuel Techs., Inc. v. DHL Express (USA), Inc.*, 463 F.3d 646, 652 (7th Cir. 2006) (party seeking approval carries the burden of proving that a settlement is fair, reasonable, and

8

adequate). The Objectors should not be interrogated for raising concerns with the Court, since they were permitted to do so as set forth in the Class Notice. This is particularly true when the moving parties have not even met their own burden of proving the adequacy and fairness of the Settlement. It is their burden.

Second, the Objectors have identified *objective* but fundamental flaws that affect the Settlement Class as a whole. The issues raised by them, including as to their objection to Plaintiffs' Class Counsel's exorbitant attorneys' fees, money which should go to the class, are all issues that can be - and should be - assessed in light of evidence that is common to all Settlement Class members.

The Subpoenas do not seek relevant evidence and should not be enforced. The standing of the Objectors to oppose the Settlement is not in question. "Any class member who does not opt out may object to a settlement, voluntary dismissal, or compromise that would bind the class." Manual for Complex Litig., Fourth (2010) at § 21.643. It is also unlikely that Plaintiffs' counsel actually believe that personal testimony by the Objectors is necessary to determine the fairness and adequacy of the Settlement. If it was, one might question whether the fairness of the Settlements could ever be determined on a class-wide basis.

Instead, it seems most likely, based on the documents requested that to the discovery is aimed at attacking the motives of the Objectors. As found by the court in *In re Fine Paper Antitrust Litig.*, 751 F.2d 562 (3d Cir. 1984), this is not a

proper basis on which to demand an objector's deposition:

> Sloan & Connelly, P.C. complains that the trial court quashed subpoenas served upon objectors' counsel for the purpose of cross-examination to establish the objectors' motivation in pressing their objections to the requested fees. The court's ruling was, in essence, a relevancy ruling under Fed.R.Evid. 403. We find no abuse of discretion in the court's refusal to permit an already cluttered record to be further confused by an inquiry so completely collateral to the central issue of reasonableness of the fee requests.... We fail to see how motives of the objectors, other than the obvious financial one of maximizing their recovery, would make any fact of consequence to the determination of reasonable fees more or less probable. Fed.R.Evid. 401. Certainly we can find no abuse of discretion.

*Id.* at 586-87. It is clear that the depositions sought by Plaintiffs' Class Counsel in this case seek to raise issues that are irrelevant and collateral to the fairness and adequacy of the Settlement and their request for attorneys' fees – all issues which are common to all Settlement Class Members.

### *The Depositions Would Create Oppression and Undue Burden for the Objectors*

Deposing the Objectors would serve no purpose other than to unduly burden and oppress the Objectors for raising valid concerns. This Court allowed objectors to raise objections, for the Court's consideration, based on a written showing. To require objectors to also appear for depositions, possibly lose income by being required to miss work, and be subject to interrogation for objecting would chill the voices of the unnamed members of the class.

10

On a showing of good cause, a court may issue a protective order forbidding certain discovery in order to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense...." Fed. R. Civ. P. 26(c)(1). The circumstances of this case certainly warrant the entry of such an order.

As discussed above, testimony by the Objectors far exceeds - and directly conflicts with - the requirements for objecting set forth in the Settlement Notice. In doing so it unduly and unfairly burdens the Objectors, requiring them to personally participate, potentially lose time from work, and subject themselves to interrogation in order to sustain their objections. Not only should this burden not be imposed as a condition of objecting, it is not supported by any benefit to the process because the Objectors' personal testimony is irrelevant to their class-wide objections. Since the Objectors' standing to object is beyond question, one can only assume that a deposition by Plaintiffs' Class Counsel would question the Objectors' motives, and certainly invade the attorney-client privilege as it related to the subpoena of their counsel, Mr. Dishman. Such inquiries are obviously beyond the realm of legitimate discovery in this case, and would serve only to oppress and harass the Objectors and should not be permitted. *Fine Paper Antitrust Litig.,* 751 F.2d at 586-87.

### *Inappropriateness of the Depositions*

It is inappropriate for Plaintiffs' Class Counsel in the instant case to pursue said "discovery", as based on information and belief, discovery is closed as this matter has settled and will not lead to relevant information. That is especially true as to the subpoena for deposition of Attorney David Dishman whose only role in this case is as an attorney to the objectors and any documents or testimony would infringe on the attorney-client privilege... To attempt said depositions are unduly burdensome and irrelevant to the issues before the Court – whether the settlement is fair, adequate and reasonable.

Further, Objectors are not free to depose the settling parties and their attorneys. Therefore, the reverse would hold true under principles of equity and due process. The Objectors are required to become generally acquainted with the settlement terms and make their objections known with no right of discovery as is normally associated with federal jurisprudence.

Furthermore, FedCiv.Pro R. 30., requires that depositions be set upon reasonable notice. William Thompson, Benjamin Feury, Margaret Marasco, Sean Odweyer, Sylvia Thompson and Thomas Sarris are working people who cannot take days off from work to sit for depositions with insufficient notice. None of the Objectors are presently available and did not intend to personally appear at the hearing now set for May 11, 2016. Further, the undersigned counsel has

commitments in representing clients other than the Objectors and is not able to sit for eight (8) days of depositions noticed by Plaintiffs' Class Counsel on a few days' notice and for inappropriate purposes. The final hearing can easily proceed without the harassing depositions of the Objectors and their own Attorney, who had no voice in the settings and deadlines in this case.

Moreover, the depositions conflict with the Court's Notice and should not be permitted. Finally, as discussed below, each of the subpoenas seek substantial burdensome production of irrelevant documents, all with less than the fourteen (14) days required by Fed. Rule 45.

The moving parties are unnamed class members who objected to the Settlement agreements pursuant to the Class Notice requirements on the grounds of unfairness to the class, and their objections were timely filed with the court. In retaliation for exercising their right to object to the Settlements, they have now each been subpoenaed and their own counsel also subpoenaed for deposition in the hopes that their objection will evaporate and the Settlement will have clear sailing.

In _Shulte, et. al v. Fifth Third Bank_, 2011 WL 4466951 (N.D. Ill.), the Plaintiffs' Counsel, on nearly identical facts, subpoenaed the consumer objectors to the Settlement and sought to take their depositions and require documents when the class notice failed to expressly require settlement class members to appear for deposition, and/or testify. Instead, as is the case here, the class notice required

specific criteria for settlement class members to object to and express their concerns about the settlement were set forth in the class notice and did not require testimony at a deposition. The objectors moved for a protective order precluding the depositions and production of subpoenaed documents, neither of which were specifically set forth in the class notice, as a condition precedent to filing an objection to the settlement. Based upon the precise grounds raised by the objectors to the settlement, as in this case, District Judge Robert M. Dow, Jr. granted the objectors joint motion and entered a Protective Order precluding the depositions and production of subpoenaed documents. (*See* Order attached hereto as Exhibit "10").

### *The Court's Permission is Required Before Deposing an Unnamed Class Member*

William Thompson, Benjamin Feury, Margaret Marasco, Sean Odweyer, Sylvia Thompson and Thomas Sarris are unnamed class members who objected to the proposed settlement. After they filed their objection, Class Counsel subpoenaed them for their depositions, as well as their own undersigned attorney, even though the parties have already reached settlements. In the case of Mr. Sarris, he filed a *pro se* objection, but now due to the abuse of process which occurred this morning, he has needed to obtain representation as to the subpoenaes and will be represented

14

by Attorney Dishman[4] to prevent further abuse of process.

The subpoenas are improper because Class Counsel did not obtain permission for this form of discovery from the Court:

> The Court is clear to the view that discovery proceedings, such as the proposed interrogatories, are improper, directed as they are to members of the class who are not named plaintiffs . . . . It is not intended that member of the class should be treated as if they were parties plaintiff, subject to the normal discovery procedures, because if that were permitted, then the reason for the rule would fail. . . . Interrogatories addressed to members of the class should not be permitted.

*Fischer v. Wolfinbarger*, 55 F.R.D. 129, 132 (W.D. Ky. 1971). This position is uniformly followed, based upon the rationale of Rule 23:

> It would be incompatible with the rationale of Rule 23, an undue burden upon the members of the class, unnecessary, and unjustifiably dilatory to permit the proposed interrogatories at this stage of the case. . . . Interrogatories submitted to the class [should] be authorized only upon a strong showing of necessity or at least of likely material aid in the resolution of common issues. This is not such a case.

*Gardner v. Awards Marketing Corp.*, 55 F.R.D. 460, 462-63 (D.Utah 1972). In Gardner, it is clear that the party seeking discovery knew that court permission was a prerequisite to seeking discovery from unnamed class members. The court in *Clark v. Universal Builders*, 501 F.2d 324 (7th Cir. 1973), agreed that a strong

---

[4] Counsel filing this motion requests to limit her appearance to this motion as the representation of the named members of this motion will be by Mr. Dishman. Counsel has explained to Mr. Dishman that he must apply to be admitted to this Court and be sworn in to appear before this Court; however due to the extremely short time period, this could not be accomplished before this motion needed to be filed.

15

showing of necessity must be made before allowing discovery from unnamed class members:

> In appropriate circumstances absent class members may be propounded written interrogatories on a showing that the information requested is necessary to trial preparation and that the interrogatory is not designed as a tactic to take undue advantage of the class members or as a strategy to reduce the number of claimants. The party seeking discovery has the burden of demonstrating its merits.

501 F.2d at 340 (emphasis added).

In the present case, there is no trial preparation, since the case settled; the deposition can therefore not be "necessary to trial preparation" and discovery is closed based on information and belief. Nor has there been any showing of the possible merits of the proposed discovery; to the contrary, the timing of the subpoenas suggests that they are intended to scare off legitimate class objectors (as they already have with respect to Mrs. Marasco), or "reduce the number of claimants." The Ninth Circuit agrees:  "A defendant does not have unlimited rights to discovery against unnamed class members; the suit remains a representative one. . . . The district judge may reasonably control discovery to keep the suit within manageable bounds, and to prevent fruitless fishing expeditions with little promise of success." *Blackie v. Barrack,* 524 F.2d 891, 906 n.22 (9th Cir. 1975). The only "success" which could be realized here is scaring off settlement class members. "Absent a showing of such particularized need, the Court will not permit general discovery from passive class members . . . .  The Court has determined, above, that

16

non-representative class members shall not be subject to discovery absent a showing of a particularized need for information that cannot be obtained from class representatives." *In re Carbon Dioxide Industry Anti-Trust Litigation*, 155 F.R.D. 209, 212 (M.D. Fla. 1993) (emphasis added).

Plaintiffs' Class Counsel's subpoenas are also both procedurally and substantively improper. The subpoenas serve no other purpose than to unduly burden and intimidate the class objectors who, for example, are exercising their rights to oppose Class Counsel's fee award request. As the Seventh Circuit has repeatedly made clear, "objectors play an essential role in judicial review of proposed settlements of class actions. . . ." *Pearson v. NBTY, Inc.,* 772 F.3d 778, 787 (7th Cir. 2014); s*ee also*, *Eubank v. Pella Corp*, 753 F.3d 718, 720-21 (7th Cir. 2014). Judge Posner recently emphasized that the submissions and arguments of objectors are often important to a court's consideration of class action settlements. In *Redman v. Radioshack Corp.*, 768 F.3d 622 (7th Cir. 2014), Judge Posner stated:

> The judge asked to approve the settlement of a class action is not to assume the passive role that is appropriate when there is genuine adverseness between the parties rather than the conflict of interest recognized and discussed in many previous class action cases, and present in this case. *See, e.g., Eubank v. Pella Corp.*, 753 F.3d 718, 720 (7th Cir. 2014); *Staton v. Boeing Co.*, 327 F.3d 938, 959-61 (9th Cir. 2003); *In re GMC Pick-Up Truck Fuel Tank Products Liability Litigation*, 55 F.3d 768, 801, 819-20 (3rd Cir. 1995). Critically the judge must assess the value of the settlement to the class and the reasonableness of the agreed-upon attorneys' fees for class counsel, bearing in mind that the higher the fees the less compensation will be received by the class members. When there are objecting class

> members, the judge's task is eased because he or she has the benefit of
> an adversary process: objectors versus settlors (that is, versus class
> counsel and the defendant).

*Id.* at 629.

The Seventh Circuit also reaffirmed its view on class action settlements and

large attorneys' fees awards to class counsel in holding that:

> Almost all class actions are settled, and as we've noted in recent cases
> a class action settlement may be the product of tacit collusion between
> class counsel and defendant. See, e.g., *Pearson v. NBTY, Inc.*, 772
> F.3d 778, 786-87 (7th Cir. 2014); *Redman v. Radioshack Corp.*, 768
> F.3d 622, 629 (7th Cir. 2014); *Eubank v. Pella Corp.*, 753 F.3d 718,
> 720 (7th Cir. 2014). The reason is that the optimal settlement for these
> antagonists is one that awards large attorneys' fees to class counsel
> but modest damages to the class members, for then the overall cost of
> the settlement to the defendant is capped at a relatively modest level
> while the class counsel receive generous attorneys' fees.

*CE Design Ltd. v. King Supply Co.*, 2015 U.S. App. LEXIS 11117, at *7-8 (7th

Cir. June 29, 2015). *See also*, *Redman*, 768 F.3d at 629 (noting that class counsel is

"interested primarily in the size of the attorneys' fees provided for in the

settlement"). Allowing the lead class counsel to serve burdensome discovery

requests and subpoena absent class members exercising their legal rights to object

in conformance with the notice, would have a chilling effect on the willingness of

class members to exercise their right to object to unfair settlements. For this

reason, and because of the procedural defects within Class Counsel's subpoenas

and the complete lack of necessity to the class for these discovery requests, Class

Counsel's subpoenas should be quashed.

18

### Class Counsel's Issuance of the Subpoenas Violates the
### Federal Rules of Civil Procedure and is Without Authority from the Court

Class Counsel's service of the subpoenas upon both the Objectors and Objectors' Counsel violates the Federal Rules of Civil Procedure. First, Rule 45(a)(4) provides:

> *Notice to Other Parties Before Service.* If the subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, then before it is served on the person to whom it is directed, a notice and a copy of the subpoena must be served on each party.

Fed. R. Civ. P. 45(a)(4).

Each of the subpoenas served on the Objectors and Objectors' Counsel contain requests for the production of documents not required by the Class Notice. However, no notice and copy of the subpoena was ever served upon each party before it was served on the person to whom it was directed. Nor did Plaintiffs' Class Counsel serve Objectors with any of the subpoenas served on the other class objectors and class objector representatives. In other words, unbeknownst to the Court and to the other class members, Plaintiffs' Class Counsel improperly served at least seven (7) subpoenas seeking depositions and the production of documents in disregard of the fourteen (14) day requirement for document production and without giving advance copies to the other parties as required by the Federal Rules of Civil Procedure. This is a clear violation of the rules. This violation alone

19

warrants the quashing of these subpoenas. *See e.g., Williams v. Weems Comm. Mental Health Ctr.*, U.S. Dist. LEXIS 21845 at *5 (S.D. Miss. Apr. 7, 2006) ("A party's failure to serve a copy of a subpoena on his opponent, as required by Rule 45(a)(4), has been held to substantiate a decision to quash a subpoena.") (citing *Butler v. Biocare Med. Techs., Inc.*, 348 F.3d 1163, 1173 (10th Cir. 2003)); *Murphy v. Board of Educ.*, 196 F.R.D. 220 (W.D.N.Y. 2000) (quashing subpoenas for failure to serve them on other parties and sanctioning attorney for failure to do so).

Not only did Class Counsel fail to give the required advance notice of their intent to serve subpoenas for the production of documents, they failed to give notice of the scheduled depositions of the objecting class members. Additionally, they seek documents in less than the required fourteen (14) day period. This is a clear violation of Fed.R.Civ.P 30(b)(1) and Fed.R.Civ.P 45(c)(2)(B):

> *Notice in General*. A party who wants to depose a person by oral questions must give reasonable written notice to every other party. The notice must state the time and place of the deposition and, if known, the deponent's name and address.

Fed.R.Civ.P 30(b)(1).

Additionally, Rule 45 requires that subpoenas for documents must provide for at least fourteen (14) days' notice to opposing counsel, absent exigent circumstance. In *Mann v. University of Cincinnati*, 824 F.Supp. 1190 (S.D. Ohio 1993), the court held that Rule 45 "requires" at least fourteen days' notice to

opposing counsel.

> "An attorney seeking document discovery was now under a heightened duty to properly notify other parties and to provide reasonable time period for the subpoena recipient and to other parties to object…First, issuance of the subpoena on one week's notice was unreasonable and violated Rule 45(c)(2)(B). As stated, since a discovery deadline had not yet been established, there was no urgency justifiying such short notice. Plaintiff's attorney, a sole practitioner, was given less than one week to prepare a formal objection and file it with the court, regardless of what his schedule may have been for that week. " *Id.* Rule 26 and 45, read together, require, that reasonable notice be given in writing to the recipient and other parties so that they have an adequate opportunity to object. Parties have fourteen (14) days to move to quash a deposition subpoena or object to the production of documents. Here, Plaintiffs' Class Counsel have violated the fourteen (14) day time allowance." *Id.*

The failure to give reasonable notice is grounds for quashing a subpoena to take a deposition and to require the production of documents. *Peterson v. Union Pac. R.R.*, 2007 U.S. Dist. LEXIS 62134 (C.D. Ill. Aug. 23, 2007) (quashing subpoena where only four-day notice of deposition was provided). Here, Class Counsel has failed to provide notice to other parties for the depositions it seeks to take. The depositions are now scheduled with only a few days' notice beginning Monday, May 2, 2016 and for an entire week's time. Plaintiffs' Class Counsel should not be allowed to deprive objecting class members of their due process rights to object to a subpoena pursuant to Fed.R. Civ. Pro. 45 or to dissuade other objectors from lodging their objections.

In addition to the failure to adhere to the requirements of the Federal Rules

of Civil Procedure, perhaps most troublesome is the failure to first obtain leave of court to serve discovery on unnamed class plaintiffs.  Such leave is required. "In a class action, even a putative class action, the party seeking discovery from an unnamed class member must first show a particularized need for said discovery and first seek permission from the court." *In re Skelaxin Antitrust Litig.*, 292 F.R.D. 544, 550 (E.D. Tenn. 2013); MANUAL FOR COMPLEX LITIGATION (Fourth) § 21.14 (2004) ("Discovery of unnamed members of a proposed class requires a demonstration of need."). This showing of need is to occur *before* the discovery has been served. The Court has not authorized any form of discovery of the unnamed class members in this case. Class Counsel never sought leave to serve discovery, and no order exists allowing for discovery in this case.

Further, at the settlement stage, it is unlikely that discovery is still open.  If the discovery period has closed, then this discovery attempt is not sanctioned by this Court.

### *Class Counsel Cannot Demonstrate Any Need for the Requested Discovery*

Class Counsel cannot demonstrate the requisite "particularized need" for the burdensome discovery they have requested.   First, the subpoenas to the Objectors seek information which is wholly unrelated to the content of their objections. There is no probative value in allowing Class Counsel to depose the Objectors in

this matter, let alone a "particularized need" for the information sought. Further, the subpoenas sent to Objecting Counsel seek documents which have nothing to do with the present objections and are protected by the attorney-client privilege. Without a demonstrated need for this discovery, Class Counsel's subpoenas must be quashed.

A party seeking the deposition of absent class members has the "severe" burden of showing necessity and the absence of any improper motive to take undue advantage of the class members. *Clark v. Universal Builders, Inc.*, 501 F.2d 324, 341 (7th Cir. 1974). Discovery may not be designed as a tactic to take advantage of the class members or as a strategy to reduce the number of objectors. *Id*. at 340. The party seeking discovery has the burden of demonstrating its merits. *Id*. at 341. Here, the information sought is not necessary, but instead is a strategy to diminish the number of objectors and protect Class Counsel's attorneys' fee award.

### *Subpoena of Objectors' Counsel For Deposition*

Plaintiffs' Class Counsel here seek to depose the Objectors for the purpose of protecting their financial interests in the settlement. The issues raised by the Objectors are "hardly unique," and resolution of these issues will not require deposition testimony from the Objectors. These subpoenas were issued to discourage the Objectors and their counsel and directly invade the attorney-client privilege. This is an improper purpose for discovery, and especially as to their counsel.  The subpoenas to the Objectors and their counsel should therefore be

quashed.

The subpoena sent to Objectors' Counsel must be quashed. In addition to invading Counsel's attorney-client privilege, Plaintiffs' Class Counsel's requests for testimony and documents are completely irrelevant to the asserted objections (i.e., predominance and attorneys' fees). Plaintiffs' Class Counsel seeks broadly worded documents which are not "narrowly tailored," and seek communications and documents protected by attorney-client privilege and work product doctrine. The legal arguments presented to the Court in the Objections are not unique and do not require any discovery into the files of Objectors' Counsel. These subpoenas are nothing more than an attempt to gain an unfair advantage and scare off potential objectors.

Plaintiffs' Class Counsel has not attempted to show, and cannot show, any particularized need for the discovery sought from the Objectors' Counsel. The discovery sought is unduly burdensome, harassing, and has no relation to the objections raised in this case. Because Class Counsel cannot show any particular need for the discovery, the subpoena of Mr. Dishman, as Attorney for the Objectors, must be quashed.

## *Conclusion*

The subpoenas served by Class Counsel are substantively and procedurally improper. Class Counsel violated Fed. Civ. Pro. R. s 30 and 45 by failing to provide reasonable notice of the subpoenas and depositions to other parties. The subpoenas further violated the requirement that Class Counsel must first obtain leave of court to serve discovery on unnamed class plaintiffs. Such leave is required before any discovery request, including a notice of deposition, is served upon an objector or their counsel. Substantively, the requests go far beyond the bounds of what constitutes reasonable discovery of unnamed class members. The subpoena to Attorney Dishman also violates the attorney- client privilege.

As the subpoenas are unnecessary and unduly burdensome, the movants respectfully request the Court: (1) issue an order to quash all of these subpoenas; (2) issue a protective order in favor of the Objectors and Objectors' Counsel; (3) stay discovery sought by Plaintiffs' Class Counsel against all of the Objectors and Objectors' Counsel, and all other class members and their counsel who filed objections; and (4) provide all other relief the Court deems appropriate.

Respectfully Submitted on April 29, 2016,

LINDERMAN LAW PLLC

/s/ Marla A. Linderman
Marla A. Linderman (P55759)
9524 Portage Trail
White Lake, MI 48386
(810) 220-0600
lindermanlaw@sbcglobal.net
Attorney for Movants

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that I electronically filed the foregoing document with the Clerk of Court using the ECF system which will send notification of each filing to the attorneys of record and I hereby certify that there are no non-ECF participants appearing in this matter.

Dated: April 29, 2016                  /s/ Marla A. Linderman