# EXHIBIT "8"

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| IN RE: AUTOMOTIVE PARTS ANTITRUST LITIGATION | : : : : | Master File No. 12-md-02311 Honorable Marianne O. Battani |
| IN RE: WIRE HARNESS IN RE: INSTRUMENT PANEL CLUSTERS IN RE: FUEL SENDERS IN RE: HEATER CONTROL PANELS IN RE: OCCUPANT SAFETY RESTRAINT SYSTEMS | : : : : : : | Case No. 2:12-cv-00103-MOB-MKM Case No. 2:12-cv-00203-MOB-MKM Case No. 2:12-cv-00303-MOB-MKM Case No. 2:12-cv-00403-MOB-MKM Case No. 2:12-cv-00603-MOB-MKM |
| IN RE: ALTERNATORS IN RE: RADIATORS IN RE: STARTERS IN RE: SWITCHES IN RE: IGNITION COILS IN RE: MOTOR GENERATORS IN RE: STEERING ANGLE SENSORS IN RE: HID BALLASTS IN RE: INVERTERS IN RE: AIR FLOW METERS IN RE: FUEL INJECTION SYSTEMS IN RE: AUTOMATIC TRANSMISSION FLUID WARMERS IN RE: VALVE TIMING CONTROL DEVICES IN RE: ELECTRONIC THROTTLE BODIES | : : : : : : : : : : : : : : : : : | Case No. 2:13-cv-00703-MOB-MKM Case No. 2:13-cv-01003-MOB-MKM Case No. 2:13-cv-01103-MOB-MKM Case No. 2:13-cv-01303-MOB-MKM Case No. 2:13-cv-01403-MOB-MKM Case No. 2:13-cv-01503-MOB-MKM Case No. 2:13-cv-01603-MOB-MKM Case No. 2:13-cv-01703-MOB-MKM Case No. 2:13-cv-01803-MOB-MKM Case No. 2:13-cv-02003-MOB-MKM Case No. 2:13-cv-02203-MOB-MKM Case No. 2:13-cv-02403-MOB-MKM Case No. 2:13-cv-02503-MOB-MKM Case No. 2:13-cv-02603-MOB-MKM |
| THIS DOCUMENT RELATES TO: ALL END-PAYOR ACTIONS | : : : : : : : | |

**SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION**

TO:   Sean Odweyer
207 Shannon Road
Salem, NH 03079

☒ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. The deposition will be recorded by stenographic and videotape methods. If you are an organization, you must designate one or more officers, directors or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: Holiday Inn Salem 1 Keewaydin Drive Salem, NH 03079 | Date and Time: May 5, 2016 at 9:00 am EST |
|---|---|

☒ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:.

**See Attachment A**

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

DATE: <u>April 27, 2016</u>

DAVID J. WEAVER, CLERK OF COURT

OR

| | |
|---|---|
| *Signature of Clerk or Deputy Clerk* | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing End-Payor Plaintiffs, who issues or requests this subpoena, are:

Hollis Salzman
ROBINS KAPLAN LLP
601 Lexington Avenue, Suite 3400
New York, NY 10022
Telephone: (212) 980-7400
Facsimile: (212) 980-7499
HSalzman@RobinsKaplan.com

**Notice to the person who issues or requests this subpoena**
A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $_____ .

My fees are   $_____   for travel and   $_____   for services for a total of   $_____

I declare under penalty of perjury that this information is true.

Date: _____      _____
                                                            *Server's signature*

                                            _____
                                                            *Printed name and title*

                                            _____
                                                            *Server's address*

Additional information regarding attempted service, etc.:

**(c) Place of Compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery*. A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where
compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

- 4 -

## ATTACHMENT A

### DEFINITIONS

1.      "All/Each," the terms "all" and "each" shall be construed as all and each.

2.      "And/Or," the connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

3.      "Including" means "including without limitation."

4.      "Concerning" shall be construed in the broadest sense, and shall mean, without limitation: "referring to, constituting, bearing upon, commenting upon, reflecting, evidencing, pertaining to, describing, depicting, consisting of, containing, comprising, embodying, identifying, stating, discussing, analyzing, studying, summarizing, or dealing with.

5.      "You" or "Your" shall mean Carlene Cross.

6.      "Document" is identified to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a), including, without limitation, electronically stored information. A draft or non-identical copy is a separate document within the meaning of this term.

### DOCUMENT REQUESTS

**REQUEST NO. 1**

Documents sufficient to show that you are a member of any of the classes in the above-captioned cases.

**REQUEST NO. 2**

Documents sufficient to show that you have standing to object to any of the proposed settlements in the above-captioned cases.

**REQUEST NO. 3**

All documents concerning any objections you have made to settlements reached in other class action litigation.

**REQUEST NO. 4**

- 6 -

All documents concerning any money or things of value that you have received as consideration for settling or withdrawing objections to settlements reached in other class action litigation.