# EXHIBIT 2

| | |
|---|---|
| **From:** | Abeles, Scott M. |
| **Sent:** | Friday, April 15, 2016 5:02 PM |
| **To:** | 'gjesshaki@abbottnicholson.com' |
| **Cc:** | 'Steve Williams (swilliams@cpmlegal.com)'; 'Salzman, Hollis'; 'Marc Seltzer (mseltzer@susmangodfrey.com)'; 'adam.hemlock@weil.com'; 'Cherry, Steven'; 'Trager, Lara'; 'Vicky@cuneolaw.com'; 'Jon Cuneo (jonc@cuneolaw.com)'; 'WShotzbarger@duanemorris.com'; 'Kevin Noll'; 'Timothy Fraser (Timothy.Fraser@myfloridalegal.com)'; Kass, Colin; 'steven.reiss@weil.com'; Munkittrick, David A.; Abeles, Scott M.; 'Ronnie Spiegel (ronnie@hbsslaw.com)' |
| **Subject:** | In re Autoparts -- The SSEs' Proposed Orders |
| **Attachments:** | SSEs' Draft Proposed Order re DOJ Productions (FINAL).docx; SSEs' Proposed Order re 30(b)(6) Depositions (FINAL).docx |

Dear Special Master Esshaki,

On behalf of the Specified Subpoenaed Entities (SSEs), we submit the attached Proposed Orders, without waiver of our rights to appeal them. These Proposed Orders are offered in contrast to the ones proposed by the Parties, which are flawed in many important respects, including their failure (a) to comply with the Special Master's express directives; (b) to address important jurisdictional issues; and (c) to include provisions likely to reduce needless burdens on the Court, Special Master, and the SSEs.

### A.   *The 30(b)(6) Order*

There are nine important differences between the Parties' and the SSEs' respective Proposed 30(b)(6) Deposition Orders. We address each.

1. <u>Adjournment of the Parties' Motions to Compel</u>. The Parties and the SSEs were before the Special Master at the March 24, 2016 hearing on the Parties' Motions to Compel Rule 45 Document Subpoenas. The Special Master concluded that the he did not have sufficient information to rule on those motions. Accordingly, he "adjourn[ed]" those motions pending the taking of certain 30(b)(6) depositions. The Parties' Proposed Order omits this disposition of their motions, though we understand that they are all the Court has referred to the Special Master relating to the SSEs. The SSEs' Proposed Order includes language reflecting the decision to adjourn, and there is no reason to exclude it. The SSEs' Proposed Order also makes clear that the Parties may not take further discovery of any SSE (carved out or not) other than what is contemplated in that order (and the DOJ order) until after "another *motion* on this matter after the 30(b)(6) depositions are concluded." March 24, 2016 Hrg. Tr. at 43-44. The Parties' Proposed Order proceeds as if the contemplated 30(b)(6) depositions are simply "Step 1," after which they may notice more depositions. That contradicts the Special Master's ruling.

2. <u>SSE Carve-Outs</u>. At the hearing, the Special Master expressly decided to "carve out or hold in abeyance the small entities, the distributors, and the non-core" SSEs, and told the Parties to "[m]ake sure that's in the order, please, that they are carved out." Hrg. Tr. at 46. The Parties' Proposed Order fails to do this. Instead, the Parties limit the proposed carve-outs to certain smaller SSEs groups, ignoring the

1

Special Master's ruling as to the non-core and distributor SSEs. The SSEs' Proposed Order corrects this omission, and makes clear that all matters are also to be held in abeyance with respect to the non-core and distributor SSEs. The SSEs' Proposed Order also implements the Special Master's ruling that the SSEs subject to deposition would "not be required to speak on behalf of non-core entities … domestic distributors and small entities." *Id*. The SSEs' Proposed Order also properly categorizes each SSE, and identifies which are properly subject to the contemplated 30(b)(6) depositions. All of these points were addressed directly at the hearing, and should be included, as the Special Master directed, in the Order.

3. <u>Limits on the Subject Matter of the Depositions</u>. The purpose of the depositions is to obtain testimony concerning the location and availability of responsive information and the burdens of obtaining it. As the Special Master noted, the depositions should be "only an inquiry into what data is available" from the SSEs "in order to better understand what information is available, reasonably accessible, and the costs and burden that would be incurred in having to generate that information." Hrg. Tr. at 16, 43. Accordingly, these depositions are not a free pass to examine the SSEs on the substance of the lawsuit. The SSEs' Proposed Order, therefore, makes the scope of the examination clear by noting that "[n]o Party may ask any Deponent SSE Group substantive questions about the Auto Parts cases," such as "questions about price fixing, overcharges, pass-through, damages, internal investigations, or external discussions concerning these cases." This provision is necessary both to limit the scope of preparation under Rule 30(b)(6) and to prevent multiple depositions on these issues in this case in violation of Rule 30(d)(1).

4. <u>Identification of Topics/Questions</u>. As the Special Master has noted, the Parties' document subpoena is the broadest and most burdensome subpoena ever issued in the history of America. But as Judge Battani stated in a decision issued on April 13, 2016 (yesterday), "[i]n a case of this size, the Court ***must*** impose boundaries on discovery." 12-102 Dkt. 457 at 3 (emphasis added). The SSEs' Proposed Order furthers Judge Battani's directive in several ways. As an initial manner, the SSEs' Proposed Order cleans up and clarifies the topics the Parties hurriedly put together at the hearing, while making sure they are not so open-ended as to make preparation and compliance impossible. The Special Master invited these edits. Hrg. Tr. at 23 (instructing Parties to provide topics to SSEs who "would then be permitted to make suggestions for revisions, alterations or deletions" for good faith consideration). In addition, to properly prepare for such depositions, the SSEs request a detailed listing of questions and areas of inquiry, not just a list of broad subject matters, like what appears in the Parties' Proposed Order. This should not be difficult for the Parties to provide, since presumably they are going into each deposition with a list of questions. There is no reason why that list cannot be provided to the Deponent SSEs in advance of the deposition. The SSEs' Proposed Order simply requests that the Parties make this list of available, noting that the failure to do so will limit their ability to claim that a designee was insufficiently prepared to answer questions. Since this should not be a game of "gotcha," the Parties' striking of this provision ought to be rejected.

5. <u>Deposition Length</u>. During the hearing, the parties discussed the length of the proposed 30(b)(6) depositions, and over the SSEs' objection, the Special Master

authorized the Parties to take up to 14 hours of deposition time per SSE family without any showing that additional time beyond Rule 30(d)(1)'s presumptive 7 hour limit is "needed to fairly examine the deponent." In footnote 8 of the SSEs' Proposed Order, we renew the objection in order to preserve this issue for appeal. The Truck & Equipment SSEs also object to the Parties' Proposed Order, which could double the length of their depositions to 28 hours. That said, in light of Judge Battani's recent edict, we respectfully request that the Special Master revisit his position regarding this departure from the Federal Rules' presumptive limit.

6. <u>Proper Reflection of the Nature of the March 24, 2016 Proceedings</u>. During the mediation process, the Special Master limited the initial SSE participants to eight SSE entities, and the substantive joint session to just four SSE groups. Doing so excluded all other SSEs, including all Truck & Equipment SSEs, nearly all domestic distributor SSEs, all small SSEs, and most non-core SSEs. The suggestion in the Parties' Proposed Order that the mediation included those entities would falsely represent the nature of the proceedings and does not belong in the Proposed Order. The SSEs' Proposed Order corrects the misleading recitation of the proceedings set forth in the Parties' Proposed Order.

7. <u>Jurisdictional Issues</u>. The SSEs' proposal makes it clear that the Special Master is permitting the service of Rule 45 deposition subpoenas. This is the ***only*** procedural mechanism by which non-parties may be subjected to deposition. The Parties, however, seek to engage in Rule 30 depositions pursuant to mere notice, which only applies to actual parties and does not afford the protection (including place of compliance protections) associated with Rule 45. We are unaware of authority that might permit the Special Master to take up the Parties' suggestion to dispense with Rule 45 protections afforded to all non-parties.

8. <u>Entity Descriptions</u>. The Parties' Proposed Order calls every subpoenaed entity an Original Equipment Manufacturer or "OEM," even though most of the subpoenaed entities are not OEMs. The SSEs have time and again explained this to the Parties, have set forth the related facts in their pleadings and declarations, and the Special Master acknowledged and *used* these distinctions during the mediation and hearing and in his ruling concerning the 30(b)(6) issues. It is improper to call the SSEs something they are not, especially when doing so creates a misleading impression concerning, among other things, each SSE's role in the marketplace and its likely possession of relevant information.

9. <u>Requirement for Parties to Produce Inventory of Relevant Information in their Possession</u>. The purpose of the contemplated 30(b)(6) Order is to provide the Special Master with information needed to determine whether the Parties' Motions to Compel ought to be granted in whole or in part, or denied. The Special Master cannot do so unless the Parties have demonstrated a "substantial need" for the information, as required by Rule 45. Because the Parties have not submitted ***any*** evidence concerning the information already available to them, the Special Master will be unable to conduct this evaluation. The SSEs' Proposed Order, therefore, requires the Parties to produce a detailed inventory of the information in their possession, the gaps in the record available to them, and the purported need for information from the SSEs to fill those gaps, including a discussion of what

3

analyses can and cannot be performed in the absence of SSE information. The Parties have objected to this, claiming that all they need to show is relevance of the SSE information. Accepting the Parties' mistaken view of the law risks misleading the Special Master into error.

### B.     *The DOJ Production Order*

There are four important differences between the Parties' and the SSEs' respective Proposed DOJ Production Orders. We address each.

1. <u>Entity Descriptions</u>. The nomenclature issue and the Parties' rejection of the SSEs' and Special Master's accurate classification and description of the dozens of subpoenaed entities remains an issue in the Parties' Proposed Order. Those classifications and descriptions are appropriately addressed in the SSEs' Proposed Order.

2. <u>Carve Out of Ongoing Investigation Documents.</u> The Special Master carved-out from production documents relating to ongoing investigations. Under the Court's related Order, the SSEs are not permitted, never mind required, to produce such information. The Parties refused to accept the SSEs' edit carving such material out. There is no justification for the Parties' position.

3. <u>Carve Out of All Documents Specifically Prepared for Use in Grand Jury Proceedings.</u> The Special Master carved out this category of documents from production as well, but the Parties seek an exception for transactional data falling into this category. To the extent data is ordinary course data, it would be produced, but data prepared for the Grand Jury proceedings should not be required. The SSEs' Proposed Order implements the Special Master's ruling on this point.

4. <u>General Motors Call-Out.</u> As the Special Master may recall, counsel for General Motors offered argument on this issue before the Special Master's ruling. As an apparent penalty, the Parties insist on calling GM out for special attention in their Proposed Order, though it is similarly situated to other DOJ Production SSEs regarding whether documents should be produced.

**Scott Michael Abeles**
Attorney

Proskauer
1001 Pennsylvania Avenue, NW
Suite 600 South
Washington, DC 20004-2533
d 202.416.5817
f  202.416.6899
sabeles@proskauer.com

4