## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| In Re: AUTOMOTIVE PARTS ANTITRUST LITIGATION | 12-MD-02311<br>Honorable Marianne O. Battani<br>Special Master Gene J. Esshaki |
| In Re:  All Auto Parts Cases | 2:12-MD-02311-MOB-MKM |
| THIS DOCUMENT RELATES TO:<br>ALL AUTO PARTS CASES | Oral Argument Requested |

### NON-PARTY DAIMLER TRUCK ENTITIES' OBJECTIONS TO, AND MOTION TO MODIFY, SPECIAL MASTER'S APRIL 20, 2016 ORDER

### ORAL ARGUMENT REQUESTED

Daimler Trucks North America LLC, Daimler Vans Manufacturing LLC, Daimler Vans USA LLC, Freightliner Customs Chassis Corp., Mitsubishi Fuso Truck of America, Inc., Thomas Built Buses, Inc. and Western Star Trucks Sales, Inc. ("Daimler Truck Entities") respectfully request that the Court modify Special Master's Esshaki's April 20, 2016 Order ("Order") to remove the Daimler Truck Entities as non-party subpoenaed entities who have an obligation to respond pursuant to the Order.  In support of their motion, the Daimler Truck Entities state as follows:

    1.    The Parties' Motion to Compel (Dkt. # 1185), although supported by a 36-page memorandum and a declaration with exhibits totaling another 234 pages (Dkt. # 1186), did not contain any argument justifying discovery from the Daimler Truck Entities.

    2.    The Daimler Truck Entities (referred to before the Special Master as the "Truck and Equipment Specified Subpoenaed Entities" or "TE SSEs") established three points in their Opposition (Dkt. # 1226).

First, the Daimler Truck Entities asserted that "it is impossible to determine whether the discovery that the TEDPs [Truck and Equipment Dealer Plaintiffs] seek is 'proportional to the needs of the case,' because there is not a line in the motion or memorandum supporting it about why the TEDPs need the discovery sought from the TE SSEs." (*Id.* at 3.)

Second, the Daimler Truck Entities quoted Supreme Court and other federal precedent that commercial trucks of the type at issue here are "'specially ordered products'" and are sold through a "'customer specific competitive bidding process.'" (*Id.*, quoting *Volvo Trucks N. Am. Inc., v. Reeder-Simco GMC, Inc.*, 546 U.S. 164, 169-170 (2006).) In other words, the Subpoena, designed to elicit information about passenger automobiles where there is *no* "customer specific competitive bidding," simply makes no sense when directed to the Daimler Truck Entities.

Third, the Daimler Truck Entities submitted a declaration from the Manager of Application Engineering at Daimler Trucks North America, which also established that the trucks the Daimler entities manufacture or assemble are highly-customized on a customer-by-customer basis, such that "manufacturing costs of different trucks can vary by tens of thousands of dollars" (Dkt. # 1227-29, ¶ 5), reinforcing the conclusion that the Subpoena, as directed to the Daimler Truck Entities, would merely impose burden without any reasonable expectation of identifying data or documents relevant to the Issuing Parties.

3. In their Reply, the Truck and Equipment Dealer Plaintiffs responded to the Daimler Truck Entities' assertion that the "motion must be denied because there is not 'a line' in the Motion to compel describing why the subpoenaed information is relevant specifically to the TEDPs claims" with a single sentence: "However, the subpoenaed documents and data are relevant to the TEDPs claims for the same reasons that they are relevant to substantially similar claims raised by other Plaintiff classes." (Dkt. # 1245 at 2, citing TE Opposition at 3.) That was

the entire argument, in the *Reply*, that the Truck and Equipment Dealer Plaintiffs made, in the face of case law and undisputed evidence that established the *dissimilarity* between vehicles are purchased in the truck industry as opposed to the passenger automotive industry and hence the facial *irrelevance* of the information sought from the Daimler Truck Entities.

5.     Put to one side the issues of undue burden and proportionality of a subpoena aimed at non-parties (although those are substantial issues). The Truck and Equipment Dealer Plaintiffs made no attempt *at all* to even establish the threshold criteria that the discovery sought is "*relevant* to any party's claim or defense." Fed. R. Civ. P. 26(b)(1) (emphasis added). In their moving papers they said nothing; in their Reply, they *ipse dixit* asserted relevance, not responding to case law and evidence establishing irrelevance.

7.     The Special Master ordered 14 hours of Rule 30(b)(6) depositions over topics that are individually broad and ambiguous and in the aggregate will likely take well over 100 hours of preparation time involving one (or more) Daimler in-house attorneys, one (or more) of Daimler's outside counsel, and numerous employees from all of the *seven* Daimler Truck Entities based on *no showing at all of relevance* and without *any* order of cost shifting.

8.     Pursuant to E.D. Michigan Local Rule 7.1(a), undersigned counsel emailed counsel for the Truck and Equipment Dealer Purchasers on April 26, 2016, in an attempt to reach an agreement in advance of this filing, but no agreement was reached.

9.     For the foregoing reasons, the Daimler Truck Entities respectfully request that the Court modify the Special Master's April 20, 2016 Order to not require any Rule 30(b)(6) depositions or other discovery as to those Entities.

DATED:  May 4, 2016	Respectfully submitted,

          QUINN EMANUEL URQUHART &
          SULLIVAN, LLP

         By _____
          Jon Steiger (P355505)
          Dominic Surprenant
          Nithin Kumar
          Attorneys for Daimler Trucks North American
          LLC, Daimler Vans Manufacturing LLC, Daimler
          Vans USA LLC, Freightliner Custom Chassis
          Corp, Mitsubishi Fuso Truck of America, Inc.,
          Thomas Built Buses, Inc., Western Star Trucks
          Sales, Inc.

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | |
|---|---|
| **In Re: AUTOMOTIVE PARTS ANTITRUST LITIGATION** | 12-MD-02311<br>Honorable Marianne O. Battani<br>Special Master Gene J. Esshaki |
| **In Re:  All Auto Parts Cases** | 2:12-MD-02311-MOB-MKM |
| **THIS DOCUMENT RELATES TO:**<br>**ALL AUTO PARTS CASES** | **Oral Argument Requested** |

**MEMORANDUM IN SUPPORT OF NON-PARTY DAIMLER TRUCK ENTITIES' OBJECTIONS TO, AND MOTION TO MODIFY, SPECIAL MASTER'S APRIL 20, 2016 ORDER**

**ORAL ARGUMENT REQUESTED**

i

1.      Whether this Court should modify the Special Master's April 20, 2016 Order ("the Order") to *not* require the seven Daimler Truck Entities to produce Rule 30(b)(6) deponents for 14 hours of on the record examination on five broad topics in light of the complete failure by the Truck and Equipment Dealer Plaintiffs to even attempt to show the discovery they seek from the Daimler Truck Entities is relevant, especially in light of the fact that the only evidence and case law before the Special Master showed that the discovery sought was *not* relevant.

**Answer:**     Yes.

**Preliminary Statement**

The threshold requirement for a party to obtain discovery is to establish that it is "relevant to [that] party's claim or defense and proportional to the needs of the case," considering a number of enumerated factors. Fed. R. Civ. P. 26(b)(1). *Luppino v. Mercedes-Benz Financial Services USA, LLC*, 2013 WL 1844075, at *7 (E.D. Mich., Apr. 11, 2013) ("A subpoena to a third party under Rule 45 is subject to the same discovery limitations as those set out in Rule 26."). The Truck and Equipment Dealer Plaintiffs failed to make any attempt to establish relevance before the Special Master, which also means they could not have established that the discovery sought was "proportional to the needs of the case," as irrelevant evidence can never be "proportional to the needs of the case."

The Special Master had a challenging role, given the number of Issuing Parties and the number (and variety) of subpoenaed entities. But in ordering the seven Daimler Truck Entities to prepare for five broad and ambiguous topics and then sit for 14 hours of on-the-record examination with no showing at all that the discovery sought is even relevant, and with declaration testimony and case law—including Supreme Court case law—showing that it was not relevant, the Special Master imposed very substantial and unfair burdens on the Daimler Truck Entities. Their objections to the April 20, 2016 Order should be granted and the Order should be modified to relieve the Daimler Truck Entities of any discovery obligations pursuant to it.

Nor would it be appropriate to allow the Truck and Equipment Dealer Plaintiffs to argue for the first time to this Court why the discovery they seek is relevant. Case law, common sense and fairness require that a party appealing or opposing the appeal of an order by a magistrate judge *or* special master is limited to the record and argument that party submitted below. Allowing the Truck and Equipment Dealer Plaintiffs to do the work they should have done in the

2

first instance before the Special Master in their Opposition before this Court would unfairly surprise and prejudice the Daimler Truck Entities.

Finally, in the argument before the Special Master, when counsel for the Daimler Truck Entities made the foregoing points about a failure of any showing by the Truck and Equipment Dealer Plaintiffs why any discovery should be ordered, the Special Master responded that he was *not* granting any portion of the motion to compel, but instead, only "creating a discovery program on discovery." (Mar. 24, 2016 Tr. at 39:2-7.)  But no discovery is appropriate, whether in response to the subpoena at issue, or to provide "a discovery program on discovery," when the party seeking discovery has failed to even establish any relevance of the discovery it seeks.  Any other rule would allow the substantial imposition of burden on a non-party for no purpose, and cannot be squared with the spirit or the letter of either Fed. R. Civ. P. 26(b)(1) or 45.

## Statement of Facts

### A. The Parties Moving Papers Ignore the Truck Entities.

The Parties' Memorandum in support of their Motion to Compel (Dkt. # 1185) contains *no* argument justifying the Subpoena as directed at the Daimler Truck Entities.  The Truck and Equipment Dealer Plaintiffs in effect raise their hand to identify themselves as seeking discovery.  *See* Mem. 1 n.1 (including Truck and Equipment Dealer Plaintiffs as moving); 17 n. 38 (identifying Truck and Equipment Dealer Plaintiffs as joining the discussion from 17 to 19, but there is no discussion about the relevance of any discovery from any truck entity); 25 (two sentence statement by Truck and Equipment Dealer Plaintiffs saying they "join" in these requests).  That is the sum total of argument of the Truck and Equipment Dealer Plaintiffs  in the Memorandum.  It is no argument at all.

      **B.**    **The Daimler Truck Entities' Opposition Established the Irrelevance of the Discovery Sought.**

The Daimler Truck Entities' Opposition (Dkt. # 1226) made three arguments. One, that the Truck and Equipment Dealer Plaintiffs could not establish proportionality because they made no attempt to even establish relevance. (*Id.*, at 3.) Two, case law, including Supreme Court case law, showed that the types of commercial trucks at issue here are essentially "made-to-order" based on customer specific bidding requirements, hence the Subpoena made no sense as directed at the Daimler Truck Entities. (*Id.* at 3-4.) Three, the Daimler Truck Entities submitted a declaration from the Managing of Application Engineering at Daimler Trucks North America, establishing the significant differences between the way trucks are sold to customers as opposed to passenger cars, stating in part that "as each truck is customized to the particular needs of the customer, manufacturing costs of different trucks can vary by tens of thousands of dollars. The prices charged to customers are also individually negotiated and depend on a number of customer-specific factors."  (Dkt. # 1227-29, ¶ 5.)

      **C.**    **Truck and Equipment Dealer Plaintiffs' Reply Failed to Even Attempt to Demonstrate the Relevance of the Discovery Sought But Merely Asserted It.**

The Truck and Equipment Dealer Plaintiffs conceded by the silence there was not "a line" of argument in the Parties' moving papers about why discovery from the Daimler Truck Entities was relevant, then justified the relevance with a single sentence: "the subpoenaed documents and data are relevant to TEDPs claims for the same reasons that they were relevant to substantially similar claims raised by the other Plaintiffs' classes." (Dkt. # 1245 at 2.)

**Argument**

**THE TRUCK AND EQUIPMENT DEALER PLAINTIFFS MADE NO ATTEMPT TO ESTABLISH THAT THE DISCOVERY SOUGHT FROM THE DAIMLER TRUCK AND EQUIPMENT ENTITIES WAS RELEVANT IN THE FACE OF CONTROLLING CASE LAW AND UNDISPUTED DECLARATION TESTIMONY SHOWING IT WAS IRRELEVANT.**

A. **Because the Truck and Equipment Dealer Plaintiffs Failed to Make Any Initial Showing Of Relevance, No Discovery Should Be Ordered.**

The party moving to compel discovery is required to make a minimal threshold showing of relevance. *See, e.g.*, *In re Denture Cream Products Liability Litig.*, 292 F.R.D. 120, 123 (D.D.C. 2013) ("When deciding a motion to compel, a court must consider first whether the discovery sought is relevant"); *Hofer v. Mack Trucks, Inc.*, 981 F.2d 377, 380 (8th Cir. 1992) ("Some threshold showing of relevance must be made before parties are required to open wide the doors of discovery and to produce a variety of information which does not reasonably bear upon the issues in the case"); *Alexander v. F.B.I.*, 192 F.R.D. 32, 34 (D.D.C. 2000) ("For plaintiffs to prevail on a motion to compel answers to deposition questions, they must show in their initial motion that the information they seek to compel is relevant"); *Croom v. Western Connecticut State Univ.*, 218 F.R.D. 15, 16 (D. Conn. 2002) ("No order compelling discovery will issue absent a showing by the movant that the material sought is either directly relevant or likely to produce relevant material").

If no initial showing of relevance is made, no discovery should be ordered. *See Nykoriak v. City of Hamtramck*, 2015 WL 4600234, at *3 (E.D. Mich., July 29, 2015) ("[T]he Court is without sufficient information to make a determination as to whether Plaintiff should be ordered to produce the discovery at issue. Thus, the Court will make no such determination until a motion to compel containing the requisite information is filed by Defendants."); *Boye v. United States*, 2008 WL 4416733, at *10 (Fed. Cl., Sept. 24, 2008) ("The court is not averse to granting

motions to compel, but it cannot grant such a motion unless the moving party provides the appropriate grounds upon which it bases its claim for relief. Here, the court denies plaintiffs' motion for failure to meet this burden").

Moreover, where, as here, the party seeking discovery fails "to articulate specific reasons in support of [a] Motion to Compel," it makes "impossible for an adverse party to respond." *Johnson v. Kraft Foods North Am., Inc.*, 2006 WL 1642697, at *1 (D. Kan., June 7, 2006).

Here, the Truck and Equipment Dealer Plaintiffs were extraordinarily careless. Their entire contribution to the moving papers was a few "me toos." After the Daimler Truck Entities called out the irrelevance of the discovery sought, citing to declaration testimony and Supreme Court precedent, the Truck and Equipment Dealer Plaintiffs ignored that evidence and case law and simply said it was relevant for the reasons it was relevant when sought from the very differently situated passenger automotive OEMs. And for this absolute lack of any showing of relevance, especially in light of contrary controlling case law and undisputed evidence, they were awarded 14 hours of on-the-record deposition that will require many dozens of hours of pre-deposition work involving *seven* companies on five broad and ambiguous topics. The process is simply not supposed to work this way.

      **B.**    **No Discovery Should Be Allowed Because the Truck and Equipment Dealer Plaintiffs Have Failed to Show the Proportionality of Any Discovery.**

Rule 45 subpoenas are subject to the same "proportionality" standard as Rule 26(b)(1). Discovery must be "proportional to the needs of the case," considering, among other things, "the importance of the issues at stake in the action," "the parties relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."

What is more,

> In considering the scope of discovery, the court should balance a party's "right to discovery with the need to prevent 'fishing expeditions.'" *Bush v. Dictaphone Corp.*, 161 F.3d 363, 367 (6th Cir. 1998). This is especially true with requests to non-parties. *See Laxalt v. McClatchy*, 116 F.R.D. 455, 458 (D. Nev. 1986) ("The rule is . . . well established that nonparties to litigation enjoy greater protection from discovery than normal parties."

*Luppino v. Mercedes-Benz*, 2013 WL 1844075 at *8.

Here, it is impossible to determine whether the discovery that the Truck and Equipment Dealer Plaintiffs seek is "proportional to the needs of the case," because there was not a line in the Parties' motion or memorandum, or the Truck and Equipment Dealer Plaintiffs' Reply, explaining why the discovery sought was either relevant or proportional. The Special Order's Order simply imposes burden on seven non-parties without the moving party showing there is any relevance whatsoever for the discovery they ultimately seek.

### C. The Only Appropriate Ruling Is to Modify the Special Master's April 20, 2016 Order to Disallow Any Discovery From the Daimler Truck Entities.

The Truck and Equipment Dealer Plaintiffs may try to establish the relevance and proportionality of the discovery sought for the first time on appeal. The Daimler Truck Entities respectfully submit it would be unfairly prejudicial and therefore error to allow them to do so.

It is well established that a party waives arguments raised for the first time in objections to a magistrate judge's report and recommendation, and this principles "applies in equal force to the report of the Special Master." *Biolumix, Inc. v. Centrus Int'l Inc.*, 2012 WL 6015896, at *12 (E.D.Mich. Aug. 20, 2013). *See also Visteon Global Techs., Inc. v. Garmin Int'l, Inc.*, 2014 WL 1028927, at *5 (E.D. Mich., Mar. 17, 2014) ("As is the case with objections to a magistrate

judge's report and recommendation, the Court is not obligated to consider arguments that appear for the first time in the objections to a special master's report and the Court will not do so here").

The Truck and Equipment Dealer Plaintiffs did not do any of the work they should have done before the Special Master. The only appropriate result at this point is to modify the Special Master's Order, disallowing any discovery from the Daimler Truck Entities. It would be inappropriate to allow the Truck and Equipment Dealer Plaintiffs to attempt to do for the first time in their Opposition what they should have done below. Allowing new argument for the first time in their Opposition, argument that the Daimler Truck Entities could not have anticipated or responded to, would be contrary to the foregoing case law, unfairly prejudicial and award the Truck and Equipment Dealer Plaintiffs for their complete lack of effort below.

### D. The Special Master's Rationale That He Was Simply "Creating A Discovery Program For Discovery" Makes No Sense As Applied To The Daimler Truck Entities.

It is the Daimler Truck Entities' understanding that the subpoenaed parties as a group will object on the grounds that the Special Master exceeded his authority by ordering Rule 30(b)(6) depositions that were not sought in the Subpoena or in the Parties' Motion to compel compliance with the Subpoena. The Daimler Truck Entities join in that objection. But however the Court resolves that objection, the Special Master's rationale of "creating a discovery program for discovery" makes no sense as applied to the Daimler Truck Entities.

If a party brings a motion to compel, and shows that the discovery sought is, in some ways, relevant, but the court (or magistrate judge or special master) is not in a situation to determine where to draw the line on proportionality absent discovery, then at least theoretically the *sua sponte* creation of a "discovery program on discovery" could be a reasonable exercise of discretion (although there are compelling arguments to the contrary, particularly based on the circumstances before the Court). But where, as here, the parties seeking discovery have failed to

8

even show the discovery sought is *relevant* in the first place, the creation of a "discovery plan for discovery" imposes substantial burdens on a non-party without the party seeking discovery even having made a minimal threshold showing.

Nor is it any answer to argue that if the Subpoena is misdirected as to the Daimler Truck Entities, it should not take much time or effort to demonstrate that. If the Order is not modified as requested in these Objections, the five Rule 30(b)(6) categories will require the seven Daimler entities to educate several (the number could be as high as a dozen) Rule 30(b)(6) designees to identify, among other topics, their "[p]rocurement process and supplier selection," their [v]ehicle cost data and other cost information," their "[v]ehicle pricing process, including process for setting and adjusting pricing," and "[t]ransactional sales data"[1] over a very extended period of time for up to 34 auto parts. That is a herculean burden. Whether called "discovery" or a "discovery program on discovery," in the absence of a threshold showing of relevance, is not meaningful. It would impose a very substantial burden on a non-party although the party seeking discovery did not satisfy its threshold burden.

---

[1] There is a serious disconnect between the Special Master insisting he was not reaching the motion to compel, but only "creating a discovery program on discovery," and these topics. On their face, at least topics II.A.2 & 4 allow *substantive* examination on the subpoenaed parties "procurement process" and "vehicle pricing process." That is not a "discovery program on discovery" but substantive discovery, despite the fact that the Special Master emphasized he was "not getting to it [the motion to compel]." (Mar. 24, 2016 Tr. at 39:3-7.)

## Conclusion

For the foregoing reasons, the Objections by the Daimler Truck Entities should be sustained and the Special Master's April 20, 2016 Order should be modified to strike the Daimler Truck Entities as entities who are obligated to respond to the Order.

DATED:  May 4, 2016                              Respectfully submitted,

                                                 QUINN EMANUEL URQUHART &
                                                 SULLIVAN, LLP

                                                 By _____
                                                    Jon Steiger (P355505)
                                                    Dominic Surprenant
                                                    Nithin Kumar
                                                    Attorneys for Daimler Trucks North American
                                                    LLC, Daimler Vans Manufacturing LLC, Daimler
                                                    Vans USA LLC, Freightliner Custom Chassis
                                                    Corp, Mitsubishi Fuso Truck of America, Inc.,
                                                    Thomas Built Buses, Inc., Western Star Trucks
                                                    Sales, Inc.

## **CERTIFICATE OF SERVICE**

      I certify that on May 4, 2016, I caused a copy of the foregoing Objections to, and Motion to Modify, Special Master's April 20, 2016 Order to be electronically filed via the Court's ECF system, which will serve notification of such filing to all counsel of record for the Parties.

                                                     /s/ Jon Steiger
                                                   Jon Steiger (P355505)