**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | |
|---|---|
| **In Re: AUTOMOTIVE PARTS ANTITRUST LITIGATION** | : 12-MD-02311<br>: Honorable Marianne O. Battani<br>: Special Master Gene J. Esshaki |
| **In Re:  All Auto Parts Cases** | :<br>: 2:12-MD-02311-MOB-MKM<br>: |
| **THIS DOCUMENT RELATES TO:**<br>**ALL AUTO PARTS CASES** | : **Oral Argument Requested** |

**NON-PARTY DOMESTIC DISTRIBUTORS AND NON-CORE SSE's OBJECTIONS TO AND MOTION TO MODIFY SPECIAL MASTER'S ORDER REGARDING MOTION TO COMPEL DISCOVERY FROM NON-PARTY OEMS AND ORDERING NON-PARTY OEM RULE 30(b)(6) DEPOSITIONS**

Non-Party Domestic Distributors[1] and Non-Core Specifically Subpoenaed Entities[2] ("Non-Core SSE's") respectfully submit this Objection to, and Motion to Modify, the Special Master's April 20, 2016 Order (the "Order") regarding the issuing parties' (the "Parties") Motion to Compel Discovery from Non-Party OEMs and Ordering Non-Party OEM Rule 20(b)(6) Depositions (Dkt. 1294).  In support of this motion, Non-Party Domestic Distributors and Non-Core SSE's submit the accompanying Memorandum in Support of the Objection.

---

[1]  This motion is joined by non-party Domestic Distributors Hyundai Motor America and Kia Motors America, Inc.

[2]  This motion is joined by Non-Core SSEs American Honda Finance Corp.; Fiat Chrysler Finance North America, Inc.; Fuji Heavy Industries USA, Inc.; Hyundai America Technical Center, Inc.; Hyundai Capital America; Hyundai AutoEver America, LLC; and Subaru Leasing Corp.

The Non-Party Domestic Distributors and Non-Core SSE's respectfully request that the Special Master's Order should be modified to conform to his ruling at the March 24, 2016 hearing as follows:

1. The following entities should be removed from the entities listed in the definitions of the "OEM Deponent Group":  American Honda Finance Corp.; Fiat Chrysler Finance North America, Inc.; Fuji Heavy Industries USA, Inc.; Hyundai Motor America; Hyundai America Technical Center, Inc.; Hyundai Capital America; Hyundai AutoEver America, LLC; Kia Motors America, Inc.; Mercedes-Benz USA, LLC; Mercedes-Benz Advanced Design of North America Inc.; Mercedes-Benz Credit Corp.; Mercedes-Benz Financial Services USA LLC; Mercedes-Benz Research & Development North America, Inc. (CA); and Mercedes-Benz Research & Development North America, Inc. (MI).

2. A definition of Domestic Distributors should be added as follows:

    "**Domestic Distributors**" herein shall mean Hyundai Motor America; Kia Motors America, Inc.; and Mercedes-Benz USA, LLC.

3. A definition of Non-Core SSEs should be added as follows:

    "**Non-Core SSEs**" herein shall mean American Honda Finance Corp.; Fiat Chrysler Finance North America, Inc.; Fuji Heavy Industries USA, Inc.; Hyundai America Technical Center, Inc.; Hyundai Capital America;

Hyundai AutoEver America, LLC; Mercedes-Benz Advanced Design of North America Inc.; Mercedes-Benz Credit Corp.; Mercedes-Benz Financial Services USA LLC; Mercedes-Benz Research & Development North America, Inc. (CA); Mercedes-Benz Research & Development North America, Inc. (MI); and Subaru Leasing Corp.

4. Section II.I should be revised as follows:

Depositions of Smaller OEM Groups, except for Subaru, Domestic Distributors, and Non-Core SSEs will be held in abeyance pending completion of the other OEM Group Rule 30(b)(6) depositions ordered herein.

Dated:  May 4, 2016                     Respectfully submitted:


                                        */s Shon Morgan*                 
                                        Shon Morgan
                                        Joseph R. Ashby
                                        Quinn Emanuel Urquhart & Sullivan,
                                        LLP
                                        865 S. Figueroa Street, 10th Floor
                                        Los Angeles, CA 90017
                                        (213) 443-3000
                                        shonmorgan@quinnemanuel.com
                                        josephashby@quinnemanuel.com

                                        *Attorneys for Hyundai Motor America
                                        and Hyundai AutoEver America, LLC*




                                        */s Susan R. Peck*               
                                        Susan R. Peck
                                        Jessica B. Avery
                                        LEE, HONG, DEGERMAN, KANG &
                                        WAIMEY
                                        3501 Jamboree Road, Suite 6000
                                        Newport Beach, California 92660
                                        (949) 250-9954
                                        susan.peck@lhlaw.com
                                        jessica.avery@lhlaw.com

                                        *Attorneys for Kia Motors America, Inc.
                                        and Hyundai Capital America*

4

/s *Meredith Jones Kingsley*
Meredith Jones Kingsley
ALSTON & BIRD LLP
1201 West Peachtree Street
Atlanta, Georgia 30309
(404) 881-4793
meredith.kingsley@alston.com

*Attorney for Hyundai America
Technical Center, Inc.*

/s *Neal Walters*
Neal Walters
Michael R. Carroll
BALLARD SPAHR LLP
210 Lake Drive East, Suite 200
Cherry Hill, NJ 08002-1163
(856) 761.3452
carrollm@ballardspahr.com

*Attorneys for Fuji Heavy Industries
U.S.A., Inc. and Subaru Leasing Corp.*

5

*/s Justina Sessions*
Daniel Purcell
Justina Sessions
KEKER & VAN NEST LLP
633 Battery Street
San Francisco, CA 94111-1809
(415) 391-5400
dpurcell@kvn.com
jsessions@kvn.com

*Attorneys for American Honda Finance Corp.*

*/s Cheryl A. Bush*
Cheryl A. Bush (P37031)
Susan McKeever (P73533)
BUSH SEYFERTH & PAIGE PLLC
3001 W. Big Beaver Road, Suite 600
Troy, MI 48084
(248) 822-7800
bush@bsplaw.com

*/s Colin R. Kass*
Colin R. Kass
Scott M. Abeles
PROSKAUER ROSE LLP
1001 Pennsylvania Ave., N.W.
Washington, D.C.  20004
(202) 416.6800
ckass@proskauer.com
sabeles@proskauer.com

David A. Munkittrick
PROSKAUER ROSE LLP
11 Times Square
New York, New York 10036
(212) 969.3000
dmunkittrick@proskauer.com

*Attorneys for Fiat Chrysler Finance North America, Inc.*

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| **In Re: AUTOMOTIVE PARTS ANTITRUST LITIGATION** | : 12-MD-02311<br>: Honorable Marianne O. Battani<br>: Special Master Gene J. Esshaki |
| **In Re:  All Auto Parts Cases** | : 2:12-MD-02311-MOB-MKM |
| **THIS DOCUMENT RELATES TO: ALL AUTO PARTS CASES** | : **Oral Argument Requested** |

## MEMORANDUM IN SUPPORT OF NON-PARTY DOMESTIC DISTRIBUTORS AND NON-CORE SSE's OBJECTIONS TO AND MOTION TO MODIFY SPECIAL MASTER'S ORDER REGARDING MOTION TO COMPEL DISCOVERY FROM NON-PARTY OEMS AND ORDERING NON-PARTY OEM RULE 30(b)(6) DEPOSITIONS

## Issues Presented

1. Whether the Special Master's April 20, 2016 Order Regarding the issuing
   parties' (the "Parties") Motion to Compel Discovery from Non-Party OEMs
   and Ordering Non-Party OEM Rule 30(b)(6) Depositions (Dkt. 1294) (the
   "Order") should be conformed to his ruling at the March 24, 2016 hearing
   carving-out from those required to provide Rule 30(b)(6) deposition
   testimony the (i) domestic distributors for foreign original equipment
   manufacturers ("Domestic Distributors")[1] and (ii) entities that are not part of
   the automotive supply chain but are affiliated with domestic or foreign
   original equipment manufacturers ("Non-Core SSEs").[2]

2. Whether the consistent application of the Federal Rule of Civil Procedure
   26(b)(1) proportionality requirement, when applied to the respective facts
   and circumstances of the Domestic Distributors, Non-Core SSEs, and
   Smaller Specified Subpoenaed Entities ("Smaller SSEs") leads to the
   Domestic Distributors and Non-Core SSEs being carved-out along with the
   Smaller SSEs.

---

[1]  This motion is joined by non-party Domestic Distributors Hyundai Motor
America and Kia Motors America, Inc.

[2]  This motion is joined by Non-Core SSEs American Honda Finance Corp.; Fiat
Chrysler Finance North America, Inc.; Fuji Heavy Industries USA, Inc.; Hyundai
America Technical Center, Inc.; Hyundai Capital America; Hyundai AutoEver
America, LLC; and Subaru Leasing Corp.

## <u>Controlling or Most Appropriate Authority</u>

<u>**Page**</u>

## <u>Rules</u>

Fed. R. Civ. P. 26(b)(1) ..................................................................1, 12, 13, 15

## Table of Authorities

**Page**

### Rules

Fed. R. Civ. P. 26(b)(1) ....................................................................1, 12, 13, 15

# **TABLE OF CONTENTS**

**Page**

PRELIMINARY STATEMENT ..............................................................................1

BACKGROUND ..................................................................................................2

      A.    The Entities Served With The Uniform OEM Subpoena And
The Briefing Before The Special Master ........................................2

      B.    The Special Master Ruled At The Hearing That The Domestic
Distributors And The Non-Core SSEs Would Be Carved-Out
Along With The Smaller SSEs ......................................................3

      C.    The Order Fails To Reflect The Carve-Out Of Domestic
Distributors And Non-Core SSEs Contemplated By The Special
Master ..........................................................................................6

      D.    The Record Provides Multiple Bases For Excluding The
Domestic Distributors And Non-Core SSEs From The Rule
30(b)(6) Depositions ....................................................................7

ARGUMENT .....................................................................................................10

I.     THE ORDER SHOULD BE CONFORMED TO THE SPECIAL
MASTER'S RULING AT THE HEARING EXEMPTING
DOMESTIC DISTRIBUTORS AND NON-CORE SSES FROM THE
RULE 30(B)(6) DEPOSITIONS .................................................................10

II.    THE CONSISTENT APPLICATION OF THE FEDERAL RULE OF
CIVIL PROCEDURE 26(B)(1) PROPORTIONALITY ANALYSIS
LEADS TO THE CARVE-OUT APPLYING TO THE DOMESTIC
DISTRIBUTORS, NON-CORE SSES, AND SMALLER SSES ................12

      A.    The Special Master Correctly Identified The Entities Carved-
Out At The Hearing ....................................................................12

      B.    The Order Does Not Consistently Apply The Proportionality
Requirement To The Respective Facts And Circumstances Of
The Domestic Distributors And Non-Core SSEs ...............................13

CONCLUSION ..................................................................................................15

iv

## **Preliminary Statement**

The events necessitating this motion are not reasonably in dispute.

- The Special Master orally ruled the Domestic Distributors, Non-Core SSEs, and Smaller SSEs should be exempt from the depositions that he was ordering.

- The Special Master further indicated the written order shall conform to his oral ruling.

- The Special Master's written Order does not reflect his oral ruling, but instead would subject numerous subpoenaed entities that the Special Master had orally ruled should be exempted to burdensome depositions.

The Special Master's oral ruling on March 24, 2016 carving-out the Domestic Distributors, Non-Core SSEs, and Smaller SSEs from depositions was sensible and well-supported by the record. These entities are very unlikely to possess relevant information, and - if they do have some limited information - then it could not be obtained without a disproportionate burden based on their relation to the automotive marketplace or lack of a role in the automotive supply chain. This motion simply seeks implementation of the Special Master's oral ruling. It also seeks to conform the Order to the Special Master's ruling that consistently applied the proportionality requirement of Rule 26(b)(1) to the respective facts and circumstances of the Domestic Distributors, Non-Core SSEs, and Smaller SSEs.[3]

---

[3]   Although the non-party entities joining this objection move to have the Order conformed to carve them out from the depositions, to the extent the deposition requirement applies to them now or at a later stage, they join the Certain SSEs' Objections To The Special Master's Order Regarding The Parties' Motion To

## Background

### A.   The Entities Served With The Uniform OEM Subpoena And The Briefing Before The Special Master

The Parties served the Uniform OEM Subpoena on four categories of non-party entities:  (1) original equipment manufacturers ("OEMs"); (2) domestic distributors for foreign OEMs ("Domestic Distributors"); (3) entities that are not part of the automotive supply chain but are affiliated with domestic or foreign OEMs ("Non-Core SSEs"); and (4) truck and equipment entities (collectively, the Specified Subpoenaed Entities or "SSEs").  In the briefing before the Special Master the SSEs filed a collective opposition to the motions to compel, Dkt. 1227, and four sub-groups of SSEs also filed separate opposition briefs: the Domestic Distributors – Dkt. 1224; the Non-Core SSEs – Dkt. 1230; the truck and equipment entities – Dkt. 1226; and the Smaller SSEs – Dkt. 1223.[4]  The Smaller SSEs are a group defined by reference to the market share of those entities and includes entities who also joined the opposition briefs of the Domestic Distributors and Non-Core SSEs.  Because the Order carves-out the Smaller SSEs, but not the Domestic Distributors and Non-Core SSEs, the Domestic Distributors and Non-

---

Compel Discovery From Non-Party OEMs And Ordering Non-Party Rule 30(b)(6) Depositions, Dkt. 1316.

[4]  Each of the briefs included definitional footnotes listing the entities joining those briefs:  the Domestic Distributors – Dkt. 1224 at iii n.1; the Non-Core SSEs – Dkt. 1230 at 1 n.1; the truck and equipment entities – Dkt. 1226 at i n.1; and the Smaller SSEs – Dkt. 1223 at 1 n.1.

Core SSEs joining this objection, who are listed in footnotes 1 and 2, are subsets of the entities who joined the respective oppositions in the briefing before the Special Master.

> **B.    The Special Master Ruled At The Hearing That The Domestic Distributors And The Non-Core SSEs Would Be Carved-Out Along With The Smaller SSEs**

On March 24, 2016, the Special Master held a mediation with the Parties and some of the OEMs regarding the Parties' motions to compel the Specified Subpoenaed Entities' compliance with the Uniform OEM Subpoena.  Dkts. 1185, 1187.  The Domestic Distributors, Non-Core SSEs, Smaller SSEs, and truck and equipment entities were excluded from participation in the mediation discussions between the Parties and the OEMs.  Following the mediation with some of the OEMs, the Special Master held a hearing that included the OEMs, in addition to entities not invited to participate in the mediation.  The Special Master heard argument from the Parties, OEMs, Domestic Distributors, truck and equipment entities, and Smaller SSEs, but declined to hear argument from the Non-Core SSEs, stating:  "I don't need to hear your argument, Counsel.  I know what I'm going to do."  Ex. 1, March 24, 2016 Hrg. Tr. (hereafter, "Hrg. Tr.") at 40:18-19.

The Special Master then ruled:

I'm going accept the proposal by the moving parties to take 30(b)(6) depositions.  I'm going to accept the fields of inquiry that were presented by the moving parties. . . . ***At this point I'm going to carve***

> *out or hold in abeyance the small entities, the distributors, and the*
> *non-core.*

*Id.* at 42:20-43:4 (emphasis added).

The Special Master further affirmed this carve out in an exchange with

counsel for certain Hyundai and Kia entities, who sought to confirm that entities

subject to depositions would not be expected to testify on behalf of exempted

domestic distributor and non-core Hyundai and Kia entities:

> MS. KINGSLEY:  With respect to one deponent who will be speaking
> on behalf of this OEM family, will they be required to speak on behalf
> of members of the family who you have said are now held in
> abeyance?
>
> SPECIAL MASTER:  No.  If we are talking non-core entities, no,
> they will not be required to speak on behalf of non-core entities.
>
> MS. KINGSLEY:  And domestic distributors and small –
>
> SPECIAL MASTER:  And domestic distributors and small entities,
> that's right.
>
> MS. KINGSLEY:  So they are only required to speak on behalf of one
> or part of the family, not the entire family?
>
> SPECIAL MASTER:  That's correct.
>
> MS. KINGSLEY: Okay.
>
> SPECIAL MASTER:  That's correct.  *Make sure that's in the order,*
> *please, that they are carved out.*

*Id.* at 46:4-46:21 (emphasis added).

The Special Master then had the following exchange with counsel for the

Parties about the number of deponents for the entities that were subject to the Rule

30(b)(6) depositions:

> MR. CHERRY:  Your honor, can I speak to that?  I don't think we
> anticipated one person.  I mean, they may need an upstream person.
> They should bring whoever is necessary to address the topic.
>
> SPECIAL MASTER:  I understand that.  I assume that given the
> nature of her client one person may suffice in her case, but you are
> correct, when you go through the list of topics you may need an
> upstream person and a downstream person, you may need a
> salesperson, you may need a procuring person, you may need
> somebody else in finance or accounting.
>
> MR. CHERRY:  Yes.  And the same with respect to a corporate
> family, if there is an entity that does the procurement at a
> manufacturing level, there is an entity that does the sales at a different
> level, they should bring people who can address that for the corporate
> family.
>
> SPECIAL MASTER:  Understood.
>
> MR. CHERRY:  Yes.
>
> SPECIAL MASTER: That would be my intentions.

*Id.* at 46:22-47:14.  This discussion was in reference to the deposition testimony

the Special Master had ordered the OEMs to provide.  Nowhere in this exchange

does the Special Master retreat from his intended carve out or even mention the

Domestic Distributors or Non-Core SSEs.

5

## C.    The Order Fails To Reflect The Carve-Out Of Domestic Distributors And Non-Core SSEs Contemplated By The Special Master

Following the hearing, the Parties circulated a proposed order that failed to include the carve-out for the Domestic Distributors and Non-Core SSEs expressly identified by the Special Master at the hearing.  Ex. 2.  The SSEs pointed out this error (among others in the Parties' proposed draft) and circulated a revised proposed order.  Ex. 3.  The Parties rejected almost the entirety of the SSEs' proposal without explanation, Ex. 4, despite the clarity provided in the transcript from the March 24, 2016 hearing, at which point the Parties and SSEs each submitted differing proposed orders to the Special Master.  Exs. 5, 6.  The SSEs specifically flagged that their order, unlike the Parties' proposal, accurately reflected the Special Master's carve-out, Ex. 5, which was reiterated separately by counsel for one of the SSEs, Ex. 7.  In response, the Parties contended that their proposed order reflected the Special Master's ruling at the March 24 hearing, based on their overreaching interpretation of the exchange with Mr. Cherry.  Ex. 8.

Although the Special Master stated multiple times in the hearing that the written order should reflect his stated carve-out of the Domestic Distributors, Non-Core SSEs, and Smaller SSEs, the order proposed by the Parties and adopted virtually wholesale by the Special Master, carves-out only the Smaller SSEs:

6

> Depositions of Smaller OEM Groups, except for Subaru, will be held
> in abeyance pending completion of the other OEM Group Rule
> 30(b)(6) depositions ordered herein.

Order at 9, § II.I.  The Order defines the Smaller OEM Groups as:

> "**Smaller OEM Group**" herein shall mean each OEM group listed on
> page 6 (of 7) of Exhibit 1227-2 to The Specified Subpoenaed Entities'
> Joint Opposition to the Parties' Motions to Compel, ECF No. 1227-2
> (*i.e.*, (1) BMW; (2) Hino; (3) Jaguar Land Rover; (4) Mitsubishi;
> (5) Porsche; (6) Subaru; (7) VW; and (8) Volvo).

Order at 5-6.  Thus, contrary to the Special Master's unambiguous ruling at the

hearing, which the written order was intended to memorialize, the Order subjects

the Domestic Distributors and the Non-Core SSEs who are not also Smaller SSEs

to Rule 30(b)(6) depositions.[5]

### D. The Record Provides Multiple Bases For Excluding The Domestic Distributors And Non-Core SSEs From The Rule 30(b)(6) Depositions

The Domestic Distributors' and Non-Core SSEs' oppositions to the motions

to compel showed their limited role in the automotive supply chain in relation to

the type of information the Parties contend they need.  The Domestic Distributors

explained, supported by declarations, that:

> The Domestic Distributors do not manufacture vehicles and do not
> purchase the component parts for such manufacture; they purchase
> finished vehicles.  The Domestic Distributors do not receive and

---

[5]  "It is my decision to convert this into an order, and as I said, I'm going to give you an opportunity to take a look at what the order is and work with the moving parties to come up with something that reflects what I'm about to order and work in perhaps some of your concerns that the moving parties will accept."  Ex. 1, Hrg. Tr. at 42:14-19.

> maintain, in the ordinary course of their business, documents or data
> concerning the purchase or cost of component parts for new vehicle
> manufacturing, RFQs or their evaluation, supplier requirements, or the
> correlation, if any, between the costs of component parts and the
> prices paid to OEMs for the finished vehicles they purchase and
> distribute.  The Domestic Distributors cannot provide documents or
> data that would address whether or not there was any initial
> overcharge on particular Component parts or any correlation between
> changes in component parts pricing and the ultimate cost of the
> vehicle to the Domestic Distributors, much less to the dealers or
> consumers.

Dkt. 1224 at 3 (citations omitted); *e.g.*, Dkt. 1229-12 ¶ 3 (Zielomski HMA Decl.);

Dkt. 1227-36 ¶¶ 3-5 (Goldzweig KMA Decl.).  The Parties did not offer evidence

contradicting the role of the Domestic Distributors in the automotive supply chain.

Dkt. 1247 at 22; Dkt. 1252 at 23-24.  The Domestic Distributors also explained the

limited use of the information they could provide because the Parties did not serve

the foreign OEMs and will not be able to pair any information received from the

Domestic Distributors with information from the foreign OEMs:

> The Parties' argue that they need the upstream information to
> establish overcharge as the starting point of their analysis to trace the
> price of the overcharged part through the sale of the vehicle to the
> retail customer.  Absent this pivotal upstream information, the
> downstream information lacks utility, import, and relevance.

Dkt. 1224 at 6.  The Domestic Distributors also explained, again supported by

declarations, the significant burden that compliance with the subpoena would

impose.  Dkt. 1224 at 7.

The Non-Core SSEs explained their even more marginal role in the opposition briefing, which they also supported by declarations:

> The Non-Core SSEs are not a direct part of the manufacturing, distribution, or sales supply chain for new vehicles.

Dkt. 1230 at 3; *e.g.,* Dkt. 1229-11 ¶ 4 (Reynolds HAEA Decl.); Dkt. 1229-13 ¶ 4 (Donnelly HMA Decl.); Dkt. 1229-10 ¶¶ 4, 7 (Torigian HATCI Decl.); Dkt. 1227-33 ¶¶ 4, 6 (Ebright HCA Decl.); Dkt. 1227-46 ¶ 3 (Sumi FUSA Decl.); Dkt. 1227-30 ¶ 3 (Salvini Fiat Finance Decl.).  The Non-Core SSEs play discrete and peripheral roles outside the automotive supply chain, for example, in financing, technical IT / helpdesk assistance, and interaction with regulatory agencies.  For example, HAEA provides information technology services to the Hyundai and Kia companies in North and South America, but it does not now, nor has it ever, designed, manufactured, assembled, sold, advertised, marketed, or distributed any Hyundai or Kia brand vehicles.  Dkt. 1229-11 ¶ 4 (Reynolds HAEA Decl.). Similarly, HATCI is the research and development arm for all North American models of the Korean-based Hyundai-KIA Automotive Group, which includes some design, technology, and engineering duties, but is not in the business of assembling, marketing, or selling automobiles.  Dkt. 1229-10 ¶¶ 3-4 (Torigian HATCI Decl.).  HCA provides discrete roles with respect to consumer and/or floor plan new vehicle financing, but they do not engage in procurement of component parts, or the manufacturing, assembly, distribution, or sales of finished vehicles.

9

Dkt. 1227-33 ¶¶ 4, 6 (Ebright HCA Decl.).  Given their limited, if any, relationship with the manufacturing, distribution, and sales supply chain for new vehicles, the Non-Core SSEs represent the most peripheral SSEs with the most marginal information and documents.  In response to the showing made by the Non-Core SSEs, the parties did not offer evidence contradicting the role of Non-Core SSEs in the automotive supply chain.  Dkt. 1247 at 21-22; Dkt. 1252 at 25.  In fact, though it was subject to caveats and qualifications, the *Parties*, in acknowledgment of the incidental nature of the Non-Core SSEs, offered to hold the subpoena in abeyance as to the Non-Core SSEs in the briefing that was before the Special Master.  *Id.*  The Non-Core SSEs also explained, supported by declarations, that despite not being part of the automotive supply chain, the subpoena would impose significant burdens on the Non-Core SSEs because of its sweeping breadth.  Dkt. 1230 at 8-11.

## Argument

### I.   THE ORDER SHOULD BE CONFORMED TO THE SPECIAL MASTER'S RULING AT THE HEARING EXEMPTING DOMESTIC DISTRIBUTORS AND NON-CORE SSES FROM THE RULE 30(B)(6) DEPOSITIONS

After declining to hear argument from counsel for the Non-Core SSEs, the Special Master ruled at the hearing that:

> At this point I'm going to carve out or hold in abeyance the small entities, the distributors, and the non-core.

Ex. 1, Hrg. Tr. at 43:2-4. The Special Master reiterated this ruling later in the hearing. *Id.* at 46:4-46:21. The Parties never argued that the Special Master erred in carving-out the Domestic Distributors and Non-Core SSEs, or even referred to those entities in follow-up questions to the Special Master. *Id.* at 46:22-47:14.

In addition to the Special Master expressly carving-out the Domestic Distributors, Non-Core SSEs, and the Smaller SSEs, the Special Master's ruling was reflected in his decision declining to hear argument from the Non-Core SSEs. When counsel for the Non-Core SSEs sought to argue at the hearing, the Special Master stated that: "I don't need to hear your argument, Counsel. I know what I'm going to do." Hgr. Tr. at 40:18-19. Given that the Special Master entertained oral argument from the Specified Subpoenaed Entities that he had indicated would have substantive discovery obligations, declining to hear from the Non-Core SSEs appears consistent with his expressed intent at the hearing to exempt them from the ordered Rule 30(b)(6) depositions.

If the Special Master intended to subject the Non-Core SSEs to the burdens of the depositions, then, as a matter of due process, there would have been a need for the Special Master to permit the Non-Core SSEs to present argument. Thus, reading the transcript consistent with due process requires carving-out the Non-Core SSEs and confirms the Special Master's express statements carving-out the Domestic Distributors, Non-Core SSEs, and Smaller SSEs.

Having failed to dispute the Special Master's carve-out at the hearing, and given the Special Master's instruction to conform proposed written orders to his oral ruling, the Parties' proposed order should have reflected the carve-out of Domestic Distributors, Non-Core SSEs, and Smaller SSEs, rather than narrowed it to only the Smaller SSEs.  The Special Master never indicated any intention to change his ruling on this issue.  The Order should therefore be conformed to the ruling at the hearing that carved-out the Domestic Distributors and Non-Core SSEs along with the Smaller SSEs.

## II. THE CONSISTENT APPLICATION OF THE FEDERAL RULE OF CIVIL PROCEDURE 26(B)(1) PROPORTIONALITY ANALYSIS LEADS TO THE CARVE-OUT APPLYING TO THE DOMESTIC DISTRIBUTORS, NON-CORE SSES, AND SMALLER SSES

### A. The Special Master Correctly Identified The Entities Carved-Out At The Hearing

The record supports the Special Master's ruling at the hearing carving-out the Domestic Distributors, Non-Core SSEs, and Smaller SSEs.  The application of the Rule 26(b)(1) proportionality requirement to the respective facts and circumstances of the Domestic Distributors and Non-Core SSEs leads to them being carved-out from the Rule 30(b)(6) depositions along with the Smaller SSEs.  The Domestic Distributors, Non-Core SSEs, and Smaller SSEs have little if anything to offer in the way of information the Parties seek with the Uniform OEM Subpoena.  The burdens the Uniform OEM Subpoena and Rule 30(b)(6)

depositions impose are disproportionate in relation to the Domestic Distributors

lacking the upstream manufacturing data, the Non-Core SSEs lacking most or all

of the requested information because they are not part of the automotive supply

chain, and the limited analytic use of the Smaller SSEs' data based on their market

share.  Employee declarations submitted by the Domestic Distributors and Non-

Core SSEs confirm that the negligible potentially relevant information the entities

may have would be extremely burdensome for the entities to produce.  Dkt. 1229-

12 ¶ 3; Dkt. 1229-13 ¶ 8; Dkt. 1229-11 ¶ 4; Dkt. 1229-10 ¶¶ 7-8; Dkt. 1227-33

¶¶ 14-23.  Thus, the Special Master's ruling at the hearing exempted each of these

entity groups and appropriately focused non-party discovery efforts on entities

more likely to possess more of the information the parties seek with the Uniform

OEM Subpoenas—the OEMs.

> **B.    The Order Does Not Consistently Apply The Proportionality Requirement To The Respective Facts And Circumstances Of The Domestic Distributors And Non-Core SSEs**

Although the Special Master's ruling at the March 24 hearing consistently

applied the Rule 26(b)(1) proportionality requirement to the Domestic Distributors,

Non-Core SSEs, and Smaller SSEs, the Order does not.  The Order maintains the

correct proportionality analysis for the Smaller SSEs, but then errs in its

application of proportionality to the Domestic Distributors and Non-Core SSEs.

Conforming the Order to the Special Master's ruling at the March 24 hearing is the

only way to correctly apply the proportionality analysis to the respective facts and circumstances of the Domestic Distributors, Non-Core SSEs, and Smaller SSEs. The Uniform OEM Subpoena and the Rule 30(b)(6) depositions would impose disproportionate burdens on the Domestic Distributors. The discovery would impose significant burdens, but the potential use of the discovery is limited because the Domestic Distributors do not have upstream manufacturing data and the Parties did not pursue discovery from the foreign OEMs through the Hague Convention. Dkt. 1224 at 5-6. The Uniform OEM Subpoena and the Rule 30(b)(6) depositions would impose disproportionate burdens on the Non-Core SSEs. The discovery would impose significant burdens, but the extent of potentially useful information the discovery might provide is very limited because the Non-Core SSEs are not part of the manufacturing, distribution, or sales automotive supply chain. Dkt. 1230 at 7-11. Even the Parties recognized the Non-Core SSEs as the most distant and inappropriate sources for the information they seek when the Parties offered a conditional abeyance to the Non-Core SSEs. Dkt. 1227-19 (Letter from Ronnie Spiegel to Susan Peck) ("The serving parties are willing to hold subpoenas in abeyance for entities that perform a narrow function (such as a financing entity like HCA). . . ."). While the Order recognizes why the role of the Smaller SSEs in the automotive supply chain and their relation to the automotive marketplace warrants carving them out from the Rule 30(b)(6)

14

depositions, it disregards the compelling considerations for why the Domestic Distributors and Non-Core SSEs, which do not manufacturer any cars or buy parts to build new cars, should also be carved-out.

The Federal Rules require discovery to be proportional. The Order correctly applies proportionality to the facts and circumstances of the Smaller SSEs. The Special Master's ruling at the March 24 hearing also correctly applied proportionality to the respective facts and circumstances of the Domestic Distributors and Non-Core SSEs, and the Order should be conformed to correctly apply proportionality to the Domestic Distributors and Non-Core SSEs by carving them out from the Rule 30(b)(6) depositions.

## Conclusion

The Special Master's ruling at the March 24 hearing expressly carving-out the Domestic Distributors and Non-Core SSEs was correct and unambiguous. The Order as entered does not reflect the Special Master's ruling at the March 24 hearing. The Order as entered correctly applies the Rule 26(a)(1) proportionality analysis to the Smaller SSEs, but then fails in its application of the proportionality analysis to the respective facts and circumstances of the Domestic Distributors and Non-Core SSEs. The Special Master's Order should be modified to conform to his ruling at the March 24 hearing as follows:

15

1. The following entities should be removed from the entities listed in the definitions of the "OEM Deponent Group":   Fiat Chrysler Finance North America, Inc.; Fuji Heavy Industries USA, Inc.; Hyundai Motor America; Hyundai America Technical Center, Inc.; Hyundai Capital America; Hyundai AutoEver America, LLC; Kia Motors America, Inc.; Mercedes-Benz USA, LLC; Mercedes-Benz Advanced Design of North America Inc.; Mercedes-Benz Credit Corp.; Mercedes-Benz Financial Services USA LLC; Mercedes-Benz Research & Development North America, Inc. (CA); and Mercedes-Benz Research & Development North America, Inc. (MI).

2. A definition of Domestic Distributors should be added as follows:

   "**Domestic Distributors**" herein shall mean Hyundai Motor America; Kia Motors America, Inc.; and Mercedes-Benz USA, LLC.

3. A definition of Non-Core SSEs should be added as follows:

   "**Non-Core SSEs**" herein shall mean American Honda Finance Corp.; Fiat Chrysler Finance North America, Inc.; Fuji Heavy Industries USA, Inc.; Hyundai America Technical Center, Inc.; Hyundai Capital America; Hyundai AutoEver America, LLC; Mercedes-Benz Advanced Design of North America Inc.; Mercedes-Benz Credit Corp.; Mercedes-Benz Financial Services USA LLC; Mercedes-Benz Research & Development North America, Inc. (CA); Mercedes-Benz Research & Development North America, Inc. (MI); and Subaru Leasing Corp.

4. Section II.I should be revised as follows:

   Depositions of Smaller OEM Groups, except for Subaru, Domestic Distributors, and Non-Core SSEs will be held in abeyance pending completion of the other OEM Group Rule 30(b)(6) depositions ordered herein.

Dated:  May 4, 2016                    Respectfully submitted:


                                       */s Shon Morgan*
                                       Shon Morgan
                                       Joseph R. Ashby
                                       Quinn Emanuel Urquhart & Sullivan,
                                       LLP
                                       865 S. Figueroa Street, 10th Floor
                                       Los Angeles, CA 90017
                                       (213) 443-3000
                                       shonmorgan@quinnemanuel.com
                                       josephashby@quinnemanuel.com

                                       *Attorneys for Hyundai Motor America
                                       and Hyundai AutoEver America, LLC*




                                       */s Susan R. Peck*
                                       Susan R. Peck
                                       Jessica B. Avery
                                       LEE, HONG, DEGERMAN, KANG &
                                       WAIMEY
                                       3501 Jamboree Road, Suite 6000
                                       Newport Beach, California 92660
                                       (949) 250-9954
                                       susan.peck@lhlaw.com
                                       jessica.avery@lhlaw.com

                                       *Attorneys for Kia Motors America, Inc.
                                       and Hyundai Capital America*

/s Meredith Jones Kingsley
Meredith Jones Kingsley
ALSTON & BIRD LLP
1201 West Peachtree Street
Atlanta, Georgia 30309
(404) 881-4793
meredith.kingsley@alston.com

*Attorney for Hyundai America*
*Technical Center, Inc.*

/s Neal Walters
Neal Walters
Michael R. Carroll
BALLARD SPAHR LLP
210 Lake Drive East, Suite 200
Cherry Hill, NJ 08002-1163
(856) 761.3452
carrollm@ballardspahr.com

*Attorneys for Fuji Heavy Industries*
*U.S.A., Inc. and Subaru Leasing Corp.*

/s Justina Sessions
Daniel Purcell
Justina Sessions
KEKER & VAN NEST LLP
633 Battery Street
San Francisco, CA  94111-1809
(415) 391-5400
dpurcell@kvn.com
jsessions@kvn.com

*Attorneys for American Honda Finance Corp.*

/s Cheryl Bush
Cheryl A. Bush (P37031)
Susan McKeever (P73533)
BUSH SEYFERTH & PAIGE PLLC
3001 W. Big Beaver Road, Suite 600
Troy, MI 48084
(248) 822-7800
bush@bsplaw.com

/s Colin R. Kass
Colin R. Kass
Scott M. Abeles
PROSKAUER ROSE LLP
1001 Pennsylvania Ave., N.W.
Washington, D.C.  20004
(202) 416.6800
ckass@proskauer.com
sabeles@proskauer.com

David A. Munkittrick
PROSKAUER ROSE LLP
11 Times Square
New York, New York 10036
(212) 969.3000
dmunkittrick@proskauer.com

*Attorneys for Fiat Chrysler Finance North America, Inc.*

20

## <u>CERTIFICATE OF SERVICE</u>

I certify that on May 4, 2016, I caused a true and correct copy of the:

NON-PARTY DOMESTIC DISTRIBUTORS AND NON-CORE SSE's OBJECTIONS TO AND MOTION TO MODIFY SPECIAL MASTER'S ORDER REGARDING MOTION TO COMPEL DISCOVERY FROM NON-PARTY OEMS AND ORDERING NON-PARTY OEM RULE 30(b)(6) DEPOSITIONS;

MEMORANDUM IN SUPPORT OF NON-PARTY DOMESTIC DISTRIBUTORS AND NON-CORE SSE's OBJECTIONS TO AND MOTION TO MODIFY SPECIAL MASTER'S ORDER REGARDING MOTION TO COMPEL DISCOVERY FROM NON-PARTY OEMS AND ORDERING NON-PARTY OEM RULE 30(b)(6) DEPOSITIONS;

INDEX OF EXHIBITS; and

EXHIBITS 1 to 8,

to be electronically filed with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

*/s Shon Morgan*
Shon Morgan

*Attorneys for Hyundai Motor America and Hyundai AutoEver America, LLC*