# EXHIBIT 1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

\- - -

IN RE: AUTOMOTIVE PARTS ANTITRUST LITIGATION

Case No. 12-2311

Hon. Marianne O. Battani

ALL PARTS

THIS RELATES TO:

ALL AUTO PARTS CASES

MOTION TO COMPEL DISCOVERY FROM NON-PARTY ORIGINAL EQUIPMENT MANUFACTURERS

BEFORE SPECIAL MASTER GENE ESSHAKI
Theodore Levin United States Courthouse
231 West Lafayette Boulevard
Detroit, Michigan
Thursday, March 24, 2016

*To obtain a copy of this official transcript, contact:*
*Robert L. Smith, Official Court Reporter*
*(313) 964-3303 • rob_smith@mied.uscourts.gov*

APPEARANCES:

For the Plaintiffs:

STEVEN N. WILLIAMS
**COTCHETT, PITRE & McCARTHY, L.L.P.**

VICTORIA ROMANENKO
**CUNEO, GILBERT & LaDUCA, L.L.P.**

For the Defendants:

PATRICK J. CAROME
**WILMER, CUTLER, PICKERING, HALE and DORR, L.L.P.**

STEVEN F. CHERRY
**WILMER, CUTLER, PICKERING, HALE and DORR, L.L.P.**

DANIEL T. FENSKE
**JENNER & BLOCK**

**ADAM C. HEMLOCK**
**WEIL, GOTSHAL & MANGES, L.L.P.**

For the Non-Party Original Equipment Manufacturers:

ADAM WOLFSON
JOSEPH R. ASHBY
DOMINIC SURPRENANT
**QUINN, EMANUEL, URQUHART, OLIVER & SULLIVAN, L.L.P.**

COLIN R. KASS
**PROSKAUER ROSE, L.L.P.**

DANIEL S. SAVRIN,
**MORGAN LEWIS**

ROBERT J. TUCKER
**BAKER HOSTETLER**

JUSTINA K. SESSIONS
**KEKER & VAN NEST, L.L.P.**

MEREDITH JONES KINGSLEY
**ALSTON & BIRD, L.L.P.**

*(Please note, appearances of attorneys listed are only those that presented argument before the Special Master.)*

TABLE OF CONTENTS

| MATTER | PAGE |
| --- | --- |
| Argument on the Motion to Compel Discovery | |
| by Mr. Wolfson | 5 |
| by Mr. Hemlock | 17 |
| by Mr. Kass | 23 |
| by Mr. Savrin | 25 |
| by Mr. Tucker | 32 |
| by Mr. Surprenant | 35 |
| by Mr. Ashby | 40 |
| by Ms. Sessions | 40 |
| Ruling by the Special Master | 41 |

them that is readily accessible, that is relevant and that is not burdensome. You have been arguing the substance of the opposition to the motion to compel. All I am doing is I'm working on creating a discovery program on discovery. All right. That's -- so I understand your argument on the substance of the opposition. I'm not getting to it, I'm not going to address that.

MR. SURPRENANT: Respectfully, Special Master, you are. You are proposing to order my seven Daimler truck entities to incur substantial burden preparing one witness to describe what data exists for seven companies when the plaintiffs -- when the issuing parties have totally failed, totally failed, not a line, there is not a line explaining why they get any discovery from the truck entities I represent. There must be some showing by the issuing parties that there is some relevance to this. This would be a substantial burden, Your Honor, and at the very minimum -- I mean, I just think it should be denied. I understand your Special Master's point, I understand it, and I think it might be relevant for some of the other entities, but not for the truck entities.

There has been a wholesale complete absence by the issuing parties to justify any discovery whatsoever, so it is not as if they say well, we justified discovery but we haven't provided the Special Master with sufficient

information to where he can intelligently draw the line and so we are going to get some more information. I understand that, that may be a sensible path forward but not for the truck and equipment entities where they have completely failed to say a single word why they need discovery from us. This will not be simple, it will not be inexpensive, it will be cumbersome, and they have to do something. I mean, it has just been a complete failure to justify any discovery.

SPECIAL MASTER: Thank you, Counsel. I appreciate your argument.

MR. SURPRENANT: Thank you.

SPECIAL MASTER: All right. Sir, your name and who you represent.

MR. ASHBY: Joseph Ashby of Quinn, Emanuel, Urquhart & Sullivan. I represent Hyundai AutoEver America and Hyundai Motor America. I'm rising to speak on behalf of the non-core entities.

SPECIAL MASTER: I don't need to hear your argument, Counsel. I know what I'm going to do. All right. Thank you.

MR. ASHBY: Okay.

MS. SESSIONS: Mr. Special Master, Justina Sessions of Keker & Van Nest on behalf of the Honda entities.

On behalf of the larger OEMs that were in the discussion with you this morning, this is the first that we

have heard of this proposal, this is the first chance we are getting to digest these proposed deposition topics which I think as I have heard them are not limited to the availability of data but go into a lot of other substantive issues, but I would propose that as a way to start this process perhaps that we could begin the depositions as depositions on written questions because as the topics have been laid out right now Honda would need to prepare at least three witnesses, the three people from whom we submitted declarations in the record on the motion to compel, so it is not just a simple matter of putting up one person, so we are talking at least three depositions, and I think that doing this on written questions initially would also alleviate the need to have 7- or even 14-hour depositions in a lot of these cases if these are simple questions of what data do you have, you know, where is it kept, how far back does it go. We could much more easily answer those in writing under oath, which we could do, rather than doing this in a lengthy deposition process live that would be far more burdensome to the OEMs.

SPECIAL MASTER: Thank you. All right. I have had enough. I know what I'm going to do.

Let me preface by stating as I said in my individual meeting with all of the counsel this morning, I have been advised and I believe it to be accurate that this

is the largest case currently pending in the United States, and this subpoena is probably the largest subpoena that has ever been requested to be enforced anywhere in the United States. The reason it is so broad is because the case is so big. And as a consequence we have to engage in whatever measures are appropriate to accelerate the production of information to make sure we stay within our schedule, to do what is necessary to keep this case moving forward, and as to the parties that spoke in opposition I do apologize because we were moving along a track to try to negotiate something and in my estimation we simply ran out of time, we could have been here another full day and we don't have another day to give.

It is my decision to convert this into an order, and as I said, I'm going to give you an opportunity to take a look at what the order is and work with the moving parties to come up with something that reflects what I'm about to order and work in perhaps some of your concerns that the moving parties will accept.

So that being the case I'm going accept the proposal by the moving parties to take 30(b)(6) depositions. I'm going to accept the fields of inquiry that were presented by the moving parties. I ask that the moving parties immediately e-mail those fields of inquiry to all counsel in this case so they can get a leg up on what they are going to

be looking for. I'm going to cap the deposition time to 12 hours. At this point I'm going to carve out or hold in abeyance the small entities, the distributors, and the non-core. I'm keeping truck and equipment in. I just feel that this is only an inquiry into what data is available.

It is not a question of -- I'm not making a ruling on whether this subpoena will ever be enforced as to truck and equipment because they may be correct, it is so individualized a transaction that it is inappropriate to put them in this class.

On the other hand, I'm only asking that the parties be allotted an opportunity to discover what information is readily discoverable, how it is maintained, how easily accessible it is so that they can make some good-faith negotiations to whittle down the largest subpoena that has ever been issued and perhaps alleviate some of the concerns that have been raised by the OEMs that have to comply with this subpoena.

With respect to the people that I have carved out, you are not off the hook, you will be coming back. There is going to be clearly another motion on this matter after the 30(b)(6) depositions are concluded and the parties will naturally reach an impasse on what discovery can and cannot be produced. You are going to be back, and at that time I will address the entities that I have carved out. I will

also entertain the truck and equipment manufacturers' motion at that point to be carved out as well.

I believe that the request of four weeks to get the witnesses prepared is reasonable. And I think 45 days is also a reasonable period of time within which to complete these depositions.

I am sure with the caliber of counsel in this room if you need another ten days there should be no problem in getting an extension from opposing counsel to get these done in 55 days instead of 45.

I would ask that somebody on the moving side prepare an order to that effect, that it be given to the opposing counsel for their review and their input, and that if they can agree, that it be submitted to me for entry. If they cannot agree then I would ask that you give me the order and that the opposing parties give me a red-lined proposition where they set forth their arguments for or against an addition or deletions, and I will finalize what I think the most appropriate order at that time. Please recall you have to include the stipulation that this order will be subject to appeal before Judge Battani pursuant to the order appointing me Special Master in August of 19 -- it feels like 19 -- of 2014. I feel like it is 19 something. All right. Are we clear on that?

MR. WILLIAMS: We are mostly clear. One question,

Your Honor. As to the small --

SPECIAL MASTER: Wait, wait, I want Subaru in.

MR. WILLIAMS: Thank you.

SPECIAL MASTER: I'm sorry. It is in my notes and I didn't hit it.

MR. HEMLOCK: Thank you very much, Your Honor. Just two quick things. One, we will prepare a draft of the order, we will get that around as soon as possible. Two, if we could just ask that you order expedited briefing on any objection from the OEMs that would be obviously helpful.

SPECIAL MASTER: What is the normal -- so let's assume that we get an order a week from today, it is entered, what would be the normal objection period?

MR. CAROME: Normally it would be 21 days.

SPECIAL MASTER: What are you proposing?

MR. CAROME: Ten days.

MR. KASS: We would like at least 14, Your Honor.

SPECIAL MASTER: All right. 14 days is fine.

Mr. Williams, is that indigestion you are suffering?

MR. WILLIAMS: Figuratively only because we appreciate the rulings, our time is very constrained for the auto dealers and the end payors.

SPECIAL MASTER: It is four days, it is four days I have given them. Thank you, sir.

Yes, ma'am? Please identify yourself.

MS. KINGSLEY: Your Honor, Meredith Kingsley on behalf of Hatci, KMMG and HMMA.

With respect to the one deponent who will be speaking on behalf of this OEM family, will they be required to speak on behalf of members of the family who you have said are now held in abeyance?

SPECIAL MASTER: No. If we are talking non-core entities, no, they will not be required to speak on behalf of non-core entities.

MS. KINGSLEY: And domestic distributors and small --

SPECIAL MASTER: And domestic distributors and small entities, that's right.

MS. KINGSLEY: So they are only required to speak on behalf of one or a part of the family, not the entire family?

SPECIAL MASTER: That's correct.

MS. KINGSLEY: Okay.

SPECIAL MASTER: That's correct. Make sure that's in the order, please, that they are carved out.

MR. CHERRY: Your Honor, can I speak to that?

I don't think we anticipated one person. I mean, they may need an upstream person, a downstream person. They should bring whoever is necessary to address the topic.

SPECIAL MASTER: I understand that. I assume that given the nature of her client one person may suffice in her case, but you are correct, when you go through the list of topics you may need an upstream person and a downstream person, you may need a salesperson, you may need a procuring person, you may need somebody in finance or accounting.

MR. CHERRY: Yes. And the same with respect to a corporate family, if there is an entity that does the procurement at a manufacturing level, there is an entity that does the sales at a different level, they should bring people who can address that for the corporate family.

SPECIAL MASTER: Understood.

MR. CHERRY: Yes.

SPECIAL MASTER: That would be my intentions.

MR. CHERRY: Thank you.

SPECIAL MASTER: Yes, ma'am?

MS. SESSIONS: I'm sorry. Just to clarify, the time limits, does that apply per family or does that apply per witness, and then with the idea of bringing --

SPECIAL MASTER: It is per witness.

MS. SESSIONS: It is per witness?

SPECIAL MASTER: Per witness, correct.

MS. SESSIONS: Okay. So if Honda has to put up three --

SPECIAL MASTER: They get 36 hours.

MS. SESSIONS: Okay.

SPECIAL MASTER: They get not more than 36 but not more than 12 per witness, so if they take three they only have 24 on the other two.

MS. SESSIONS: Okay. Understood. Thank you.

SPECIAL MASTER: Mr. Williams?

MR. WILLIAMS: I am going to make two comments. One, certainly I can speak for all of us, we will use as little time as we can with these witnesses.

My next topic is on a different issue, which is if we are done with the depositions one aspect of this motion that we think could be resolved because it doesn't relate to any of this is the Department of Justice productions, and we would ask that be ordered.

SPECIAL MASTER: Yes. Mr. Williams, one of us is having a senior moment because as I recall you stood up here about an hour ago and argued the Department of Justice production with the counsel for General Motors, and I ordered it.

MR. WILLIAMS: Correct, as to General Motors. I just want to be certain as to any of the others --

SPECIAL MASTER: It is as to all of the OEMs, they have to produce their DOJ information with the caveats that we discussed in your order.

MR. WILLIAMS: Thank you very much.

MR. KASS: Your Honor, I just would like to address the last -- not the DOJ but the time limit issue. I think that, you know, they need a set amount of information to understand the systems. The number of people we need to put up really shouldn't change the total amount of time they need to examine the witnesses, and it really does impact the number of witnesses that frankly you are willing to put up if you know each one is going to be subject to 12 hours. We would suggest there should be a cap. It can be 12 -- you can have 12 hours per witness but there needs a cap per OEM family at least we believe, and we think that cap should be not more than 14 hours. There is no reason why they can't go through all of the -- through all of the -- whatever witnesses need to be put up and ask the questions that relate to their area.

SPECIAL MASTER: Can you understand, however, the nature of the inquiry is such that with respect to Daimler they would need somebody in the procurement area, they would need somebody in the sales area, they would probably need somebody in the pricing area, whether that's in accounting or finance, whatever, they would need at least three different individuals to address these topics.

MR. KASS: I would expect them to need two, maybe three, people. I think when you asked originally how long -- you asked the parties how long they would need, they said

14 hours and that was with the concept they would address the five areas that they needed to cover and they believed they could cover those five areas in that amount of time. So if you want to give them a little bit extra, but to give them 12 hours to cover each one of those areas I think is excessive.

SPECIAL MASTER: Mr. Williams, your thoughts?

MR. WILLIAMS: Your Honor, I think on behalf of all the moving parties we would agree to 14 hours for all of the topics we are talking about today, and if there is any instance where we think there might be a need for more when we talk --

SPECIAL MASTER: So if there's three witnesses you are dividing the 14 hours among the three?

MR. WILLIAMS: We will divide the 14 hours and if for any reason that's not sufficient then we will try to work it out and bring it to you if we cannot.

SPECIAL MASTER: Counsel, is that acceptable?

MR. KASS: That is, Your Honor.

SPECIAL MASTER: We will revise the order that way. Anything else? It has been a long -- oops. Mr. Martini is calling me.

MR. FENSKE: Me too, Your Honor. Dan Fenske from Mitsubishi Electric. Just one housekeeping matter.

I understand Your Honor is not entertaining