# EXHIBIT 3

**From:** Abeles, Scott M.
**Sent:** Wednesday, April 06, 2016 7:17 PM
**To:** 'Ronnie Spiegel'
**Cc:** Kass, Colin; Munkittrick, David A.; Reiss, Steven; Trager, Lara; Steven.Cherry@wilmerhale.com; Steve Williams; Jon Cuneo; Vicky@cuneolaw.com; Salzman, Hollis (HSalzman@RobinsKaplan.com); Marc Seltzer; adam.hemlock@weil.com; Munkittrick, David A.
**Subject:** RE: Auto Parts Litigation - Draft [Proposed] Orders

Dear Counsel,

Attached are our markups of the Parties' Proposed Orders, along with clean copies.  Our proposed edits to the deposition order consist largely of the following:

1

1. Harmonization of the Order with the Special Master's rulings. Most notably, the Parties' draft did not memorialize the fact that "at this point," the Special Master would "carve out or hold in abeyance the small entities, the distributors, and the non-core" SSEs, even though the Special Master asked the Parties to "[m]ake sure that's in the order …that they are carved out," (Hrg. Tr. at 43, 46). We have rectified this.

2. We have streamlined and edited the draft to improve clarity and readability. Until the Parties issue deposition subpoenas and notices, and perhaps beyond, the Order will serve as the principal means by which the Deponent SSE Groups (defined in the Order) will identify potential witnesses and begin to help prepare them to testify. Trivial or surplus information has been removed.

3. Where appropriate, we have included the Special Master's precise words with citations. This should eliminate the need for any further back-and-forth on the issues the Special Master has addressed expressly.

4. We have asked the Special Master, by way of new Section III, to order a limited production from the Parties in the form of an inventory of discovery in the cases. Given that the SSEs have already supported their burden claims with fact and expert declarations, while the Parties have declined to justify their need by setting forth the gaps in the record, we believe the additional discovery contemplated by the Order will be of marginal utility without a corresponding production of information from the Parties.

With respect to the DOJ production order, our edits primarily focus on clarifying certain important issues, removing ambiguities, and bringing the draft in line with the Special Master's ruling.

Please contact us if you'd like to discuss any of these issues.


**Scott Michael Abeles**
**Attorney**

Proskauer
1001 Pennsylvania Avenue, NW
Suite 600 South
Washington, DC 20004-2533
d 202.416.5817
f  202.416.6899
sabeles@proskauer.com

---

**From:** Ronnie Spiegel [mailto:ronnie@hbsslaw.com]
**Sent:** Friday, April 01, 2016 3:10 PM
**To:** Abeles, Scott M.
**Cc:** Kass, Colin; Munkittrick, David A.; Reiss, Steven; Trager, Lara; Steven.Cherry@wilmerhale.com; Steve Williams; Jon Cuneo; Vicky@cuneolaw.com; Salzman, Hollis (HSalzman@RobinsKaplan.com); Marc Seltzer; adam.hemlock@weil.com
**Subject:** Auto Parts Litigation - Draft [Proposed] Orders

Dear Scott,

2

Please find attached draft [Proposed] Orders regarding the SSEs' previous productions to the Department of Justice and 30(b)(6) depositions.  As the Special Master directed at the hearing last Thursday, we are providing these to SSE counsel for comment.  Please provide any comments back to us no later than EOB next Wednesday, April 6th, so that we may move forward with filing as soon as possible.  Also, in response to your email to Adam Hemlock of March 28, 2016 requesting a list of specific questions for the 30(b)(6) depositions, we do not feel that it would be productive to provide a list at this time.

Please kindly circulate this email to the appropriate SSE counsel.

Best regards,
Ronnie Spiegel


**Ronnie Spiegel** | Partner
**Hagens Berman Sobol Shapiro LLP**
1918 Eighth Ave Suite 3300 - Seattle, WA 98101
Direct: (206) 268-9343
ronnie@hbsslaw.com | www.hbsslaw.com | HBSS Blog



---

**From:** Hemlock, Adam [mailto:adam.hemlock@weil.com]
**Sent:** Monday, March 28, 2016 9:47 AM
**To:** Abeles, Scott M.
**Cc:** Kass, Colin; Munkittrick, David A.; Reiss, Steven; Trager, Lara; Steven.Cherry@wilmerhale.com; Steve Williams; Ronnie Spiegel; Jon Cuneo; Vicky@cuneolaw.com
**Subject:** Re: OEM Subpoena - 30(b)(6) topics

Dear Scott,

Thank you for your message.  We are working on the draft order and are endeavoring to send it to you tomorrow.

On Mar 28, 2016, at 12:02 PM, Abeles, Scott M. <sabeles@proskauer.com> wrote:

> Dear Adam,
>
> To help the SSEs assess your proposal, please send us the complete proposed order.  As for the specific topics, you should note that, as an initial matter, any comments we have to the proposed order (and the topics) are subject to the SSE's right to appeal the Special Master's order, and should not be construed as consent to this process or any portion of it.  With that caveat, we believe there needs to be a lead-in sentence that makes it clear that this is a 30(b)(6) custodian deposition and is limited to obtaining information concerning the existence, location, and burden associated with information related to the listed topics.  We also believe that it would be extremely constructive if, within one week, the Parties could provide a detailed list of questions to each SSE family subject to this process so the relevant SSEs can better prepare their witnesses.
>
> Please circulate to the appropriate Parties on our behalf.

## Scott Michael Abeles
**Attorney**

[Proskauer](#)
1001 Pennsylvania Avenue, NW
Suite 600 South
Washington, DC 20004-2533
d 202.416.5817
f  202.416.6899
[sabeles@proskauer.com](mailto:sabeles@proskauer.com)

---

**From:** Hemlock, Adam [[mailto:adam.hemlock@weil.com](mailto:adam.hemlock@weil.com)]
**Sent:** Friday, March 25, 2016 1:43 AM
**To:** Kass, Colin
**Cc:** [Steven.Cherry@wilmerhale.com](mailto:Steven.Cherry@wilmerhale.com); [Patrick.Carome@wilmerhale.com](mailto:Patrick.Carome@wilmerhale.com); Reiss, Steven; Trager, Lara; [hiwrey@dykema.com](mailto:hiwrey@dykema.com); [klein@butzel.com](mailto:klein@butzel.com); Steve Williams; Ronnie Spiegel; Jon Cuneo ([JonC@cuneolaw.com](mailto:JonC@cuneolaw.com)); [Vicky@cuneolaw.com](mailto:Vicky@cuneolaw.com); [WShotzbarger@duanemorris.com](mailto:WShotzbarger@duanemorris.com)
**Subject:** OEM Subpoena - 30(b)(6) topics

Dear Colin:

I hope you had a safe trip home.  As instructed by the court, below please find the 30(b)(6) topics subject to today's order by Special Master Esshaki:

1. Transactional purchase data for the parts at issue
2. Procurement process and supplier selection and price adjustments for the parts at issue, and documents related thereto
3. Vehicle cost data
4. Vehicle pricing process, including process for setting and adjusting pricing, and documents related thereto
5. Transactional sales data for sales of vehicles:
    a. From OEMs to ADPs and TEDPs
    b. From OEMs to Distributors
    c. From Distributors to ADPs and TEDPs;
    d. From ADPs and TEDPs to EPPs
    e. From OEMs to EPPs (*e.g.*, fleet buyers)
    f. From Distributors to EPPs

References above to documents and data include information on format, where maintained, time period, current and legacy systems, and costs and burden of production.

Please share this email with the other OEM counsel.  Plaintiffs' counsel, please circulate among your group.  We will do same with defendants.

Thanks and have a nice evening.

<image001.jpg>

**Adam C. Hemlock**

Weil, Gotshal & Manges LLP

4

767 Fifth Avenue
New York, NY 10153
adam.hemlock@weil.com
+1 212 310 8281 Direct
+1 347 268 6858 Mobile
+1 212 310 8007 Fax

The information contained in this email message is intended only for use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by email, postmaster@weil.com, and destroy the original message. Thank you.

**************************************************************************
*************************************************************************
This message and its attachments are sent from a law firm and may contain information that is confidential and protected by privilege from disclosure.
If you are not the intended recipient, you are prohibited from printing, copying, forwarding or saving them.
Please delete the message and attachments without printing, copying, forwarding or saving them, and notify the sender immediately.
**************************************************************************
*************************************************************************

The information contained in this email message is intended only for use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by email, postmaster@weil.com, and destroy the original message. Thank you.

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | |
|---|---|
| **In Re: AUTOMOTIVE PARTS ANTITRUST LITIGATION** | : 12-md-02311<br>: Honorable Marianne O. Battani<br>: Special Master Gene J. Esshaki |
| **In Re: All Auto Parts Cases** | : 2:12-MD-02311-MOB-MKM<br>:<br>: |
| **THIS DOCUMENT RELATES TO: ALL AUTO PARTS CASES** | :<br>:<br>: |

**[PROPOSED] SPECIAL MASTER'S ORDER HOLDING THE PARTIES' MOTION TO COMPEL IN ABEYANCE AND AUTHORIZING RULE 30(b)(6) DEPOSITIONS OF CERTAIN SSEs ON LIMITED TOPICS**

WHEREAS, on January 19, 2016, Plaintiffs and Defendants (collectively, the "Parties"[1]) filed a Joint Motion to Compel Discovery from Non-Party Specified Subpoenaed Entities ("SSEs"[2]) consisting of (i) original equipment manufacturers ("OEMs"); (ii) "Domestic Distributors;" (iii) Truck and Equipment SSEs; (iv) non-OEMs and other affiliates ("Non-Core SSEs"); and (v) SSEs with smaller market shares in the United States ("Smaller SSEs") pursuant, according to the Parties, to the Court's orders at ECF No. 277, Case No. 2:12-cv-00100, and ECF No. 949, Case No. 2:12-md-002311, and certain plaintiff parties filed a separate motion to

---

[1] The Parties consist of End Payor Plaintiffs (EPPs), Automobile Dealer Plaintiffs (ADPs), Truck and Equipment Dealer Plaintiffs (TEDPs), the State of Florida, the State of Indiana (collectively, the "Plaintiffs"), and Defendants in the Automotive Parts Antitrust Litigation, No. 2:12-md-02311-MOB-MKM (E.D. Mich.) (*see* ECF 1185 Attachment A).

[2] The full list of Specified Subpoenaed Entities is set forth in ECF 1227-2, as are the sub-categories of Domestic Distributor, Truck and Equipment, Non-Core, and Smaller SSEs.

compel regarding Request Nos. 27 and 31 in the Uniform OEM Subpoena (collectively, the "Motions"[3]);

WHEREAS, on February 19, 2016, the SSEs filed several oppositions to the Motions;[4]

WHEREAS, on March 11, 2016, the Parties filed replies to the Motions;[5]

WHEREAS, on March 24, 2016, the undersigned held a mediation with the Parties and the SSEs (though only certain SSEs were invited to participate in the mediation process before it concluded),[6] and a hearing regarding the disputes raised in the Motions;

WHEREAS, the undersigned, following the mediation and hearing, determined that there was insufficient information in the record to rule on whether to enforce the subpoenas and, if so, to what degree (March 24, 2016 Hrg. Tr. at 15);

WHEREAS, the undersigned ruled that the Parties' Motions should be "adjourn[ed]" as to all of the SSEs pending the taking of the depositions set forth in this Order (Hrg. Tr. at 16);

WHEREAS, the undersigned ruled that "at this point," he would "carve out or hold in abeyance the small entities, the distributors, and the non-core" SSEs (collectively, the "Carved-

---

[3] The motions to compel are docketed at ECF No. 1185, 1187 and 1188.

[4] The SSEs' Oppositions to the motions to compel are docketed at ECF Nos. 1227 (Joint Opposition); 1223 (on behalf of Smaller SSEs); 1224 (on behalf of Non-OEM Domestic Distributors); 1226 (on behalf of Truck and Equipment SSEs); and 1230 (on behalf of Non-Core SSEs). Defendants filed an opposition to the Motion to Compel filed by Certain Parties. ECF No. 1216.

[5] ECF Nos. 1246, 1250, and 1254.

[6] The SSEs who participated in the mediation were: FCA US LLC; General Motors Company; General Motors Holdings LLC; General Motors LLC; American Honda Motor Co., Inc.; Honda North America, Inc.; Honda Manufacturing of Indiana, LLC; Honda of America Mfg., Inc.; Honda of South Carolina Mfg, Inc.; Honda Precision Parts of Georgia, LLC; Honda R&D Americas, Inc.; Honda Research Institute USA, Inc.; Honda Transmission Manufacturing of America, Inc.; Hyundai Motor Manufacturing Alabama, LLC; Kia Motors Manufacturing Georgia, Inc.; Nissan North America, Inc.; Toyota Motor Sales, USA, Inc.; and Toyota Motor Engineering & Manufacturing North America, Inc.

2

Out SSEs") until such time, if ever, that the Court orders otherwise, and directed the Parties "[m]ake sure that's in the order …that they are carved out," (Hrg. Tr. at 43, 46);[7]

WHEREAS, the undersigned determined that certain SSEs (collectively, for purposes of this Order only, the "Deponent SSE Groups"), should provide witnesses to testify pursuant to Fed. R. Civ. P. 30(b)(6) on limited topics;

WHEREAS, the undersigned determined that depositions of the Deponent SSE Groups should be "only an inquiry into what data is available" from those SSEs "in order to better understand what information is available, reasonably accessible, and the costs and burden that would be incurred in having to generate that information" (Hrg. Tr. at 16, 43);

WHEREAS, the undersigned determined that the Deponent SSE Groups need not testify on behalf of any Carved-Out SSEs (Hrg. Tr. 46-47);

---

[7] The **Smaller SSEs** carved out from this Order and held in abeyance are BMW of North America, LLC; BMW Manufacturing Co., LLC; Hino Motors Manufacturing U.S.A., Inc.; Jaguar Land Rover North America, LLC; Mercedes-Benz U.S. International, Inc.; Mitsubishi Motors North America, Inc.; Mitsubishi Motors Credit of America, Inc.; Mitsubishi Motors R&D of America, Inc.; Porsche Cars North America, Inc.; Volkswagen Group of America, Inc. d/b/a Volkswagen of America; Volkswagen Group of America, Inc. d/b/a Audi of America; Volkswagen Group of America Chattanooga Operations, LLC; and Volvo Cars of North America, LLC. ECF No. 1227-2 at 5; Hrg. Tr. at 43.

The **Non-Core SSEs** carved out from this Order and held in abeyance are BMW Financial Services NA, LLC; BMW (US) Holding Corp.; BMW Bank of North America; BMW Insurance Agency, Inc.; BMW US Capital, LLC; Designworks/USA, Inc.; Fiat Chrysler Finance North America, Inc.; Mercedes-Benz Advanced Design of North America Inc.; Mercedes-Benz Credit Corp.; Mercedes- Benz Financial Services USA LLC; Mercedes- Benz Research & Development North America, Inc. (CA); Mercedes-Benz Research & Development North America, Inc. (MI); General Motors Financial Company, Inc.; American Honda Finance Corp.; Hyundai America Technical Center, Inc.; Hyundai AutoEver America, LLC; Hyundai Capital America; Mitsubishi Motors Credit of America, Inc.; Mitsubishi Motors R&D of America, Inc.; Nissan Motor Acceptance Corp.; Subaru Leasing Corp., Fuji Heavy Industries USA, Inc.; and Volkswagen Credit Inc. ECF 1227-2 at 4; Hrg. Tr. at 43.

**Domestic Distributors** carved out from this Order and held in abeyance are BMW of North America, LLC; Mercedes- Benz USA, LLC; Hyundai Motor America; Jaguar Land Rover North America, LLC; Kia Motors America, Inc.; Mitsubishi Motors North America, Inc.; Nissan North America Inc. with respect to select models distributed for foreign manufactures; Porsche Cars North America, Inc.; Volkswagen Group of America, Inc. d/b/a Volkswagen of America; Volkswagen Group of America, Inc. d/b/a Audi of America; and Volvo Cars of North America, LLC. ECF 1227-2 at 3; Hrg. Tr. at 43.

Some Carved-Out SSEs fall into multiple categories. All members of each sub-group are included for completeness.

3

WHEREAS the Parties proposed certain topics to which their inquiry should relate, subject to review and input from the Deponent SSE Groups as to the scope and clarity of those topics, and those topics as clarified are set forth in this Order (Hrg. Tr. 17-18, 23, 43);

WHEREAS, the undersigned has ordered depositions on these topics to make it "easier to assess arguments on proportionality," and "arguments on burden," but recognizes that the 30(b)(6) depositions only go to part of that inquiry;

WHEREAS the assessment of proportionality would be made easier through the production of additional information by the Parties, in the form of an inventory of the discovery received or available from non-SSEs in these cases, so as to avoid, to the extent possible, the need for any SSE to ultimately produce unreasonably duplicative or cumulative discovery, or discovery for which the Parties lack a need, or a substantial need;

**IT IS HEREBY ORDERED AS FOLLOWS:**

**I.    DEFINITIONS**

   A.   "**Auto Part Product**" shall mean the specific automotive part to which each Lead Case (as defined in the March 22, 2106 Electronic Case Management Protocol Order, Master File No. 2:12-md-02311, ECF No. 1262) is related in the Auto Parts Cases.

   B.   "**Auto Parts Cases**" shall mean all cases that are consolidated or coordinated into *In re Automotive Parts Antitrust Litigation* and including, without limitation, 2:15-cv-12893 and 2:15-cv-003200 (Automotive Hoses); 2:15-cv-13000 (Automotive Brake Hoses); 2:15-cv-14080 and 2:15-cv-03300 (Shock Absorbers); 2:16-cv-10456 and 16-cv-03400 (Body Sealings) and 2:16-cv-10461 and 16-cv-03500 (Plastic Interior Trim Parts); 2:16-cv-11082 and 2:16-cv-11087 (Exhaust Systems).

C. "**Plaintiffs**" shall mean End Payors (EPPs), Automobile Dealer Plaintiffs (ADPs), Truck and Equipment Dealer Plaintiffs (TEDPs), the State of Florida, and the State of Indiana.

D. "**Defendants**" shall mean Defendants in the Auto Parts Cases.

E. The **"Deponent SSE Groups"** means the **Chrysler Group** (FCA US LLC); the **Daimler Group** (Daimler Trucks North America LLC; Daimler Vans Manufacturing, LLC; Daimler Vans USA LLC; Freightliner Custom Chassis Corp.; Mitsubishi Fuso Truck of America, Inc.; Thomas Built Buses, Inc.; and Western Star Trucks Sales, Inc.); the **General Motors Group** (General Motors Company; General Motors Holdings LLC; General Motors LLC); the **Honda Group** (American Honda Motor Co., Inc.; Honda North America, Inc.; Honda Manufacturing of Indiana, LLC; Honda of America Mfg., Inc.; Honda of South Carolina Mfg, Inc.; Honda Precision Parts of Georgia, LLC; Honda R&D Americas, Inc.; Honda Research Institute USA, Inc.; Honda Transmission Manufacturing of America, Inc.); the **Hyundai Group** (Hyundai Motor Manufacturing Alabama, LLC); the **Kia Group** (Kia Motors Manufacturing Georgia, Inc.); the **Nissan Group** (Nissan North America, Inc.); the **Subaru Group** (Subaru of America, Inc., and Subaru of Indiana Automotive, Inc.); and the **Toyota Group** (Toyota Motor Sales, USA, Inc.; and Toyota Motor Engineering & Manufacturing North America, Inc.) (the Parties have agreed to hold in abeyance subpoenas to the other listed Toyota entities).

F. The **"Carved-Out SSEs"** are all other SSEs who were served with, and responded to, the Motions, identified by name in Footnote 7.

5

**II.     DEPOSITIONS ORDERED**

A. The Parties collectively may serve on each Deponent SSE Group a Rule 45 subpoena *ad testificandum* in order to take one (1) Rule 30(b)(6) deposition lasting up to fourteen (14) hours over two (2) days of each Deponent SSE Group respecting the existence, location, and burden associated with producing the following information, if known:

1. Transactional purchase data for the Auto Parts Products at issue;

2. RFQ information and price adjustments information for the Auto Parts Products at issue;

3. Vehicle manufacturing costs information;

4. Vehicle pricing process information, including information relating to the process for setting and adjusting pricing, and documents related thereto;

5. Transactional sales data for sales of vehicles:

    a. from OEMs to automobile dealers and truck dealers;

    b. from OEMs to distributors;

    c. from distributors to automobile dealers and truck dealers;

    d. from automobile dealers and truck dealers to end-consumers;

    e. from OEMs to end-consumers (*e.g.*, fleet buyers); and

    f. from distributors to end consumers[8]

B. Questions on these topics shall be limited to inquiry into format, volume, physical location, time period, status of system on which the data is maintained (*i.e.,*

---

[8] The Deponent SSEs continue their objection to any deposition exceeding 7 hours. *See* Fed. R. Civ. P. 30(d)(1).

6

|     | (current or legacy systems), and cost estimates and burden associated with production. |
| --- | --- |
| C.  | For avoidance of doubt, no Party may ask any Deponent SSE Group substantive questions about the Auto Parts Cases. For example, and by way of illustration but not limitation, the Parties may not ask questions about price fixing, overcharges, pass-through, damages, internal investigations, or external discussions relating to these cases. |
| D.  | The Parties shall furnish, with each deposition notice, a listing of those parts they consider "Auto Parts Products" in a manner comprehensible to an SSE representative, the time period applicable to the information about which they intend to inquire, and the vehicles about which they intend to inquire. |
| E.  | The Parties are strongly encouraged (albeit not expressly ordered) to provide as much additional specific information as possible about their intended areas of inquiry as to each particular Deponent SSE Group, including specific questions, to the Deponent SSE Group's counsel with each deposition notice so as to maximize the efficiency of this process, reduce the burden on witnesses for the Deponent SSE Groups, and reduce the potential for disputes; |
| F.  | The allotted time for each deposition shall be divided equally between Plaintiffs (collectively) and Defendants (collectively), who may employ one questioner each. If, at the end of the deposition, one side has not used all of its allotted time, the parties will confer regarding said remaining time. |
| G.  | Each hour of examination time of any corporate representative whose examination is conducted through an interpreter shall count as 7/13's of an hour |

7

        toward the fourteen (14) hour maximum time for the Rule 30(b)(6) deposition of the particular Deponent SSE Group.

H.     The location of each Deponent SSEs Group's 30(b)(6) deposition is subject to the jurisdictional limits of Rule 45 as applied to the individual members of an SSE Group.

I.     The depositions ordered herein shall commence four weeks after the ECF filing date of this Order if it is not appealed, or the date on which the order is affirmed by the District Court, if it is appealed (the "commencement date"), and shall be completed within 45 days of the commencement date.

J.     The Parties collectively shall serve on each Deponent SSE Group from which the Parties seek Rule 30(b)(6) testimony a Rule 45 subpoena identifying the fields of inquiry and additional information listed in Section II.A.1–5 and B. For each Deponent SSE Group whose counsel has appeared in these MDL proceedings in connection with the Motion, service of the notices may be effected via e-mail to such counsel.

K.     A Deponent SSE Group must designate one or more appropriate individual(s) to serve as its corporate representative(s) to testify on its behalf in response to a Rule 30(b)(6) notice.

L.     The corporate representative, or representatives collectively, shall be prepared to testify concerning the fields of inquiry on behalf of the member of the Deponent SSE Group, not carved out by this Order, for which the Deponent SSE Group has designated him or her a corporate representative, to the best of each representative's ability.

    M.    Unless the specific question was provided to the Deponent SSE Group's counsel two weeks in advance of the deposition, motion practice against any Deponent SSE unable to answer a given question or set of questions will *not* be well-taken. To the extent a witness does not know or is unable to recall certain information during a deposition, the Deponent SSE Group may supplement its response at a later time in an appropriate manner.

    N.    The Parties' Motions are adjourned as to all of the SSEs pending the completion of the depositions as set forth in this Order, subsequent negotiation between the Parties and the SSEs, and any agreement between the Parties and the SSEs, or, in the absence of such agreement, a motion to this Court and subsequent Order.

## III. INVENTORY OF DISCOVERY ORDERED[9]

    A.    Within 30 days of the commencement date, the Parties shall prepare and file with the Court an inventory of discovery received or otherwise available (including information in their own possession, custody, or control) in the Auto Parts Cases, consisting of the following information.

        1.    Producing Party

        2.    Volume of documents

        3.    For upstream transactional documents involving an SSE, the SSE, Seller, Purchaser, Auto Part Product, Time Period, Other Fields Covered, and Critical Fields Missing (if any);

---

[9] The SSEs recognize that this Section III was not part of the order contemplated by the Special Master at the March 24, 2016 hearing. The SSEs, however, believe that the Special Master lacks information sufficient to order any substantive compliance with the motions now held in abeyance without such information, and will continue to lack such information following the depositions contemplated by this Order, absent a further showing of need by the Parties. Accordingly, the Special Master should order the Parties to make such information available to the SSEs to the extent the Parties seek compliance with their document subpoena.

        4.       For downstream transactional documents involving an SSE, the SSE, Seller, Purchaser, Vehicles Covered, Time Period, Other Fields Covered, and Critical Fields Missing (if any);

        5.       For downstream transactional information regarding end payors, the Number of such transactions, SSE families covered, Non-SSE families covered, Time Period, Other Fields Covered, and Critical Fields Missing (if any); and

        6.       For RFQs involving an SSE, the SSE, Requesting Entity, Respondents, Part(s), Vehicles Covered, Time Period, Other Fields Covered, and Critical Fields Missing (if any).

B.       The information provided must be sufficiently detailed to allow the Special Master to determine with specificity the precise information that is not available to the Parties without further production by the SSEs, the alternative information available to the Parties that is relevant to the issues for which the SSE information is sought, and the substantial need of the Parties with respect to information that cannot be obtained except through discovery of the SSEs.

## IV. ABEYANCE ORDER AS TO CARVED-OUT SSEs

All matters, including without limitation, the Motions to Compel, shall be held in abeyance with respect to the Carved-Out SSEs pending the completion of the depositions ordered herein and further order of the Special Master or the Court.

## V. AVAILABILITY OF APPEAL OF THIS ORDER

This Order shall be subject to appeal to The Honorable Marianne O. Battani, pursuant to

the Order Appointing the Special Master.[10] Any party that wishes to file an objection to this Order must do so within fourteen (14) days of the ECF filing date of this Order. Responses shall be due ten (10) days after the date on which the objections are filed, and replies shall be due five (5) days after the date on which the responses are filed. Failure to meet this deadline results in waiver of any objection to the Master's order, absent good cause shown. Order Appointing Master at § II.B.

DATED: April __, 2016                  _____
                                        GENE J. ESSHAKI
                                        SPECIAL MASTER

---

[10] *See* Order Appointing Master (ECF No. 792).