# EXHIBIT 5

**From:** Abeles, Scott M.
**Sent:** Friday, April 15, 2016 5:02 PM
**To:** gjesshaki@abbottnicholson.com
**Cc:** Steve Williams (swilliams@cpmlegal.com); 'Salzman, Hollis'; Marc Seltzer (mseltzer@susmangodfrey.com); 'adam.hemlock@weil.com'; 'Cherry, Steven'; 'Trager, Lara'; 'Vicky@cuneolaw.com'; Jon Cuneo (jonc@cuneolaw.com); 'WShotzbarger@duanemorris.com'; 'Kevin Noll'; Timothy Fraser (Timothy.Fraser@myfloridalegal.com); Kass, Colin; 'steven.reiss@weil.com'; Munkittrick, David A.; Abeles, Scott M.; Ronnie Spiegel (ronnie@hbsslaw.com)
**Subject:** In re Autoparts -- The SSEs' Proposed Orders

Dear Special Master Esshaki,

On behalf of the Specified Subpoenaed Entities (SSEs), we submit the attached Proposed Orders, without waiver of our rights to appeal them. These Proposed Orders are offered in contrast to the ones proposed by the Parties, which are flawed in many important respects, including their failure (a) to comply with the Special Master's express directives; (b) to address important

1

jurisdictional issues; and (c) to include provisions likely to reduce needless burdens on the Court, Special Master, and the SSEs.

### A. *The 30(b)(6) Order*

There are nine important differences between the Parties' and the SSEs' respective Proposed 30(b)(6) Deposition Orders. We address each.

1. Adjournment of the Parties' Motions to Compel. The Parties and the SSEs were before the Special Master at the March 24, 2016 hearing on the Parties' Motions to Compel Rule 45 Document Subpoenas. The Special Master concluded that the he did not have sufficient information to rule on those motions. Accordingly, he "adjourn[ed]" those motions pending the taking of certain 30(b)(6) depositions. The Parties' Proposed Order omits this disposition of their motions, though we understand that they are all the Court has referred to the Special Master relating to the SSEs. The SSEs' Proposed Order includes language reflecting the decision to adjourn, and there is no reason to exclude it. The SSEs' Proposed Order also makes clear that the Parties may not take further discovery of any SSE (carved out or not) other than what is contemplated in that order (and the DOJ order) until after "another *motion* on this matter after the 30(b)(6) depositions are concluded." March 24, 2016 Hrg. Tr. at 43-44. The Parties' Proposed Order proceeds as if the contemplated 30(b)(6) depositions are simply "Step 1," after which they may notice more depositions. That contradicts the Special Master's ruling.

2. SSE Carve-Outs. At the hearing, the Special Master expressly decided to "carve out or hold in abeyance the small entities, the distributors, and the non-core" SSEs, and told the Parties to "[m]ake sure that's in the order, please, that they are carved out." Hrg. Tr. at 46. The Parties' Proposed Order fails to do this. Instead, the Parties limit the proposed carve-outs to certain smaller SSEs groups, ignoring the Special Master's ruling as to the non-core and distributor SSEs. The SSEs' Proposed Order corrects this omission, and makes clear that all matters are also to be held in abeyance with respect to the non-core and distributor SSEs. The SSEs' Proposed Order also implements the Special Master's ruling that the SSEs subject to deposition would "not be required to speak on behalf of non-core entities … domestic distributors and small entities." *Id.* The SSEs' Proposed Order also properly categorizes each SSE, and identifies which are properly subject to the contemplated 30(b)(6) depositions. All of these points were addressed directly at the hearing, and should be included, as the Special Master directed, in the Order.

3. Limits on the Subject Matter of the Depositions. The purpose of the depositions is to obtain testimony concerning the location and availability of responsive information and the burdens of obtaining it. As the Special Master noted, the depositions should be "only an inquiry into what data is available" from the SSEs "in order to better understand what information is available, reasonably accessible, and the costs and burden that would be incurred in having to generate that information." Hrg. Tr. at 16, 43. Accordingly, these depositions are not a free pass to examine the SSEs on the substance of the lawsuit. The SSEs' Proposed Order, therefore, makes the scope of the examination clear by noting that "[n]o Party may ask any Deponent SSE Group substantive questions about the Auto Parts cases," such as "questions about price

2

fixing, overcharges, pass-through, damages, internal investigations, or external discussions concerning these cases." This provision is necessary both to limit the scope of preparation under Rule 30(b)(6) and to prevent multiple depositions on these issues in this case in violation of Rule 30(d)(1).

4. <u>Identification of Topics/Questions</u>. As the Special Master has noted, the Parties' document subpoena is the broadest and most burdensome subpoena ever issued in the history of America. But as Judge Battani stated in a decision issued on April 13, 2016 (yesterday), "[i]n a case of this size, the Court ***must*** impose boundaries on discovery." 12-102 Dkt. 457 at 3 (emphasis added). The SSEs' Proposed Order furthers Judge Battani's directive in several ways. As an initial manner, the SSEs' Proposed Order cleans up and clarifies the topics the Parties hurriedly put together at the hearing, while making sure they are not so open-ended as to make preparation and compliance impossible. The Special Master invited these edits. Hrg. Tr. at 23 (instructing Parties to provide topics to SSEs who "would then be permitted to make suggestions for revisions, alterations or deletions" for good faith consideration). In addition, to properly prepare for such depositions, the SSEs request a detailed listing of questions and areas of inquiry, not just a list of broad subject matters, like what appears in the Parties' Proposed Order. This should not be difficult for the Parties to provide, since presumably they are going into each deposition with a list of questions. There is no reason why that list cannot be provided to the Deponent SSEs in advance of the deposition. The SSEs' Proposed Order simply requests that the Parties make this list of available, noting that the failure to do so will limit their ability to claim that a designee was insufficiently prepared to answer questions. Since this should not be a game of "gotcha," the Parties' striking of this provision ought to be rejected.

5. <u>Deposition Length</u>. During the hearing, the parties discussed the length of the proposed 30(b)(6) depositions, and over the SSEs' objection, the Special Master authorized the Parties to take up to 14 hours of deposition time per SSE family without any showing that additional time beyond Rule 30(d)(1)'s presumptive 7 hour limit is "needed to fairly examine the deponent." In footnote 8 of the SSEs' Proposed Order, we renew the objection in order to preserve this issue for appeal. The Truck & Equipment SSEs also object to the Parties' Proposed Order, which could double the length of their depositions to 28 hours. That said, in light of Judge Battani's recent edict, we respectfully request that the Special Master revisit his position regarding this departure from the Federal Rules' presumptive limit.

6. <u>Proper Reflection of the Nature of the March 24, 2016 Proceedings</u>. During the mediation process, the Special Master limited the initial SSE participants to eight SSE entities, and the substantive joint session to just four SSE groups. Doing so excluded all other SSEs, including all Truck & Equipment SSEs, nearly all domestic distributor SSEs, all small SSEs, and most non-core SSEs. The suggestion in the Parties' Proposed Order that the mediation included those entities would falsely represent the nature of the proceedings and does not belong in the Proposed Order. The SSEs' Proposed Order corrects the misleading recitation of the proceedings set forth in the Parties' Proposed Order.

3

7. <u>Jurisdictional Issues</u>. The SSEs' proposal makes it clear that the Special Master is permitting the service of Rule 45 deposition subpoenas. This is the ***only*** procedural mechanism by which non-parties may be subjected to deposition. The Parties, however, seek to engage in Rule 30 depositions pursuant to mere notice, which only applies to actual parties and does not afford the protection (including place of compliance protections) associated with Rule 45. We are unaware of authority that might permit the Special Master to take up the Parties' suggestion to dispense with Rule 45 protections afforded to all non-parties.

8. <u>Entity Descriptions</u>. The Parties' Proposed Order calls every subpoenaed entity an Original Equipment Manufacturer or "OEM," even though most of the subpoenaed entities are not OEMs. The SSEs have time and again explained this to the Parties, have set forth the related facts in their pleadings and declarations, and the Special Master acknowledged and *used* these distinctions during the mediation and hearing and in his ruling concerning the 30(b)(6) issues. It is improper to call the SSEs something they are not, especially when doing so creates a misleading impression concerning, among other things, each SSE's role in the marketplace and its likely possession of relevant information.

9. <u>Requirement for Parties to Produce Inventory of Relevant Information in their Possession</u>. The purpose of the contemplated 30(b)(6) Order is to provide the Special Master with information needed to determine whether the Parties' Motions to Compel ought to be granted in whole or in part, or denied. The Special Master cannot do so unless the Parties have demonstrated a "substantial need" for the information, as required by Rule 45. Because the Parties have not submitted ***any*** evidence concerning the information already available to them, the Special Master will be unable to conduct this evaluation. The SSEs' Proposed Order, therefore, requires the Parties to produce a detailed inventory of the information in their possession, the gaps in the record available to them, and the purported need for information from the SSEs to fill those gaps, including a discussion of what analyses can and cannot be performed in the absence of SSE information. The Parties have objected to this, claiming that all they need to show is relevance of the SSE information. Accepting the Parties' mistaken view of the law risks misleading the Special Master into error.

B. ***The DOJ Production Order***

There are four important differences between the Parties' and the SSEs' respective Proposed DOJ Production Orders. We address each.

1. <u>Entity Descriptions</u>. The nomenclature issue and the Parties' rejection of the SSEs' and Special Master's accurate classification and description of the dozens of subpoenaed entities remains an issue in the Parties' Proposed Order. Those classifications and descriptions are appropriately addressed in the SSEs' Proposed Order.

2. <u>Carve Out of Ongoing Investigation Documents.</u> The Special Master carved-out from production documents relating to ongoing investigations. Under the Court's related Order, the SSEs are not permitted, never mind required, to produce such information. The Parties refused to accept the SSEs' edit carving such material out. There is no justification for the Parties' position.

3. <u>Carve Out of All Documents Specifically Prepared for Use in Grand Jury Proceedings.</u>  The Special Master carved out this category of documents from production as well, but the Parties seek an exception for transactional data falling into this category.  To the extent data is ordinary course data, it would be produced, but data prepared for the Grand Jury proceedings should not be required.  The SSEs' Proposed Order implements the Special Master's ruling on this point.

4. <u>General Motors Call-Out.</u>  As the Special Master may recall, counsel for General Motors offered argument on this issue before the Special Master's ruling.  As an apparent penalty, the Parties insist on calling GM out for special attention in their Proposed Order, though it is similarly situated to other DOJ Production SSEs regarding whether documents should be produced.

**Scott Michael Abeles**
**Attorney**

Proskauer
1001 Pennsylvania Avenue, NW
Suite 600 South
Washington, DC 20004-2533
d 202.416.5817
f  202.416.6899
sabeles@proskauer.com

*********************************************************************************
***********************************************************
This message and its attachments are sent from a law firm and may contain information that is confidential and protected by privilege from disclosure.
If you are not the intended recipient, you are prohibited from printing, copying, forwarding or saving them.
Please delete the message and attachments without printing, copying, forwarding or saving them, and notify the sender immediately.
*********************************************************************************
***********************************************************

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | |
|---|---|
| **In Re: AUTOMOTIVE PARTS ANTITRUST LITIGATION** | : 12-md-02311<br>: Honorable Marianne O. Battani<br>: Special Master Gene J. Esshaki |
| **In Re: All Auto Parts Cases** | : 2:12-MD-02311-MOB-MKM<br>:<br>: |
| **THIS DOCUMENT RELATES TO: ALL AUTO PARTS CASES** | :<br>:<br>: |

**[PROPOSED] SPECIAL MASTER'S ORDER HOLDING THE PARTIES' MOTION TO COMPEL IN ABEYANCE AND AUTHORIZING RULE 30(b)(6) DEPOSITIONS OF CERTAIN SSEs ON LIMITED TOPICS**

WHEREAS, on January 19, 2016, Plaintiffs and Defendants (collectively, the "Parties"[1]) filed a Joint Motion to Compel Discovery from Non-Party Specified Subpoenaed Entities ("SSEs"[2]) consisting of (i) original equipment manufacturers ("OEMs"); (ii) "Domestic Distributors;" (iii) Truck and Equipment SSEs; (iv) non-OEMs and other affiliates ("Non-Core SSEs"); and (v) SSEs with smaller market shares in the United States ("Smaller SSEs") pursuant, according to the Parties, to the Court's orders at ECF No. 277, Case No. 2:12-cv-00100, and ECF No. 949, Case No. 2:12-md-002311, and certain plaintiff parties filed a separate motion to

---

[1] The Parties consist of End Payor Plaintiffs (EPPs), Automobile Dealer Plaintiffs (ADPs), Truck and Equipment Dealer Plaintiffs (TEDPs), the State of Florida, the State of Indiana (collectively, the "Plaintiffs"), and Defendants in the Automotive Parts Antitrust Litigation, No. 2:12-md-02311-MOB-MKM (E.D. Mich.) (*see* ECF 1185 Attachment A).

[2] The full list of Specified Subpoenaed Entities is set forth in ECF 1227-2, as are the sub-categories of Domestic Distributor, Truck and Equipment, Non-Core, and Smaller SSEs.

compel regarding Request Nos. 27 and 31 in the Uniform OEM Subpoena (collectively, the "Motions"[3]);

WHEREAS, on February 19, 2016, the SSEs filed several oppositions to the Motions;[4]

WHEREAS, on March 11, 2016, the Parties filed replies to the Motions;[5]

WHEREAS, on March 24, 2016, the undersigned held a mediation with the Parties and the SSEs (though only certain SSEs were invited to participate in the mediation process before it concluded),[6] and a hearing regarding the disputes raised in the Motions;

WHEREAS, the undersigned, following the mediation and hearing, determined that there was insufficient information in the record to rule on whether to enforce the subpoenas and, if so, to what degree (March 24, 2016 Hrg. Tr. at 15);

WHEREAS, the undersigned ruled that the Parties' Motions should be "adjourn[ed]" as to all of the SSEs pending the taking of the depositions set forth in this Order (Hrg. Tr. at 16);

WHEREAS, the undersigned ruled that "at this point," he would "carve out or hold in abeyance the small entities, the distributors, and the non-core" SSEs (collectively, the "Carved-

---

[3] The motions to compel are docketed at ECF No. 1185, 1187 and 1188.

[4] The SSEs' Oppositions to the motions to compel are docketed at ECF Nos. 1227 (Joint Opposition); 1223 (on behalf of Smaller SSEs); 1224 (on behalf of Non-OEM Domestic Distributors); 1226 (on behalf of Truck and Equipment SSEs); and 1230 (on behalf of Non-Core SSEs). Defendants filed an opposition to the Motion to Compel filed by Certain Parties. ECF No. 1216.

[5] ECF Nos. 1246, 1250, and 1254.

[6] The SSEs who participated in the mediation were: FCA US LLC; General Motors Company; General Motors Holdings LLC; General Motors LLC; American Honda Motor Co., Inc.; Honda North America, Inc.; Honda Manufacturing of Indiana, LLC; Honda of America Mfg., Inc.; Honda of South Carolina Mfg, Inc.; Honda Precision Parts of Georgia, LLC; Honda R&D Americas, Inc.; Honda Research Institute USA, Inc.; Honda Transmission Manufacturing of America, Inc.; Hyundai Motor Manufacturing Alabama, LLC; Kia Motors Manufacturing Georgia, Inc.; Nissan North America, Inc.; Toyota Motor Sales, USA, Inc.; and Toyota Motor Engineering & Manufacturing North America, Inc.

2

Out SSEs") until such time, if ever, that the Court orders otherwise, and directed the Parties "[m]ake sure that's in the order …that they are carved out," (Hrg. Tr. at 43, 46);[7]

WHEREAS, the undersigned determined that certain SSEs (collectively, for purposes of this Order only, the "Deponent SSE Groups"), should provide witnesses to testify pursuant to Fed. R. Civ. P. 30(b)(6) on limited topics;

WHEREAS, the undersigned determined that depositions of the Deponent SSE Groups should be "only an inquiry into what data is available" from those SSEs "in order to better understand what information is available, reasonably accessible, and the costs and burden that would be incurred in having to generate that information" (Hrg. Tr. at 16, 43);

WHEREAS, the undersigned determined that the Deponent SSE Groups need not testify on behalf of any Carved-Out SSEs (Hrg. Tr. 46-47);

---

[7] The **Smaller SSEs** carved out from this Order and held in abeyance are BMW of North America, LLC; BMW Manufacturing Co., LLC; Hino Motors Manufacturing U.S.A., Inc.; Jaguar Land Rover North America, LLC; Mercedes-Benz U.S. International, Inc.; Mitsubishi Motors North America, Inc.; Mitsubishi Motors Credit of America, Inc.; Mitsubishi Motors R&D of America, Inc.; Porsche Cars North America, Inc.; Volkswagen Group of America, Inc. d/b/a Volkswagen of America; Volkswagen Group of America, Inc. d/b/a Audi of America; Volkswagen Group of America Chattanooga Operations, LLC; and Volvo Cars of North America, LLC. ECF No. 1227-2 at 5; Hrg. Tr. at 43.

The **Non-Core SSEs** carved out from this Order and held in abeyance are BMW Financial Services NA, LLC; BMW (US) Holding Corp.; BMW Bank of North America; BMW Insurance Agency, Inc.; BMW US Capital, LLC; Designworks/USA, Inc.; Fiat Chrysler Finance North America, Inc.; Mercedes-Benz Advanced Design of North America Inc.; Mercedes-Benz Credit Corp.; Mercedes- Benz Financial Services USA LLC; Mercedes- Benz Research & Development North America, Inc. (CA); Mercedes-Benz Research & Development North America, Inc. (MI); General Motors Financial Company, Inc.; American Honda Finance Corp.; Hyundai America Technical Center, Inc.; Hyundai AutoEver America, LLC; Hyundai Capital America; Mitsubishi Motors Credit of America, Inc.; Mitsubishi Motors R&D of America, Inc.; Nissan Motor Acceptance Corp.; Subaru Leasing Corp., Fuji Heavy Industries USA, Inc.; and Volkswagen Credit Inc. ECF 1227-2 at 4; Hrg. Tr. at 43.

**Domestic Distributors** carved out from this Order and held in abeyance are BMW of North America, LLC; Mercedes- Benz USA, LLC; Hyundai Motor America; Jaguar Land Rover North America, LLC; Kia Motors America, Inc.; Mitsubishi Motors North America, Inc.; Nissan North America Inc. with respect to select models distributed for foreign manufactures; Porsche Cars North America, Inc.; Volkswagen Group of America, Inc. d/b/a Volkswagen of America; Volkswagen Group of America, Inc. d/b/a Audi of America; and Volvo Cars of North America, LLC. ECF 1227-2 at 3; Hrg. Tr. at 43.

Some Carved-Out SSEs fall into multiple categories. All members of each sub-group are included for completeness.

3

WHEREAS the Parties proposed certain topics to which their inquiry should relate, subject to review and input from the Deponent SSE Groups as to the scope and clarity of those topics, and those topics as clarified are set forth in this Order (Hrg. Tr. 17-18, 23, 43);

WHEREAS, the undersigned has ordered depositions on these topics to make it "easier to assess arguments on proportionality," and "arguments on burden," but recognizes that the 30(b)(6) depositions only go to part of that inquiry;

WHEREAS the assessment of proportionality would be made easier through the production of additional information by the Parties, in the form of an inventory of the discovery received or available from non-SSEs in these cases, so as to avoid, to the extent possible, the need for any SSE to ultimately produce unreasonably duplicative or cumulative discovery, or discovery for which the Parties lack a need, or a substantial need;

**IT IS HEREBY ORDERED AS FOLLOWS:**

**I.  DEFINITIONS**

    A. "**Auto Part Product**" shall mean the specific automotive part to which each Lead Case (as defined in the March 22, 2106 Electronic Case Management Protocol Order, Master File No. 2:12-md-02311, ECF No. 1262) is related in the Auto Parts Cases.

    B. "**Auto Parts Cases**" shall mean all cases that are consolidated or coordinated into *In re Automotive Parts Antitrust Litigation* and including, without limitation, 2:15-cv-12893 and 2:15-cv-003200 (Automotive Hoses); 2:15-cv-13000 (Automotive Brake Hoses); 2:15-cv-14080 and 2:15-cv-03300 (Shock Absorbers); 2:16-cv-10456 and 16-cv-03400 (Body Sealings) and 2:16-cv-10461 and 16-cv-03500 (Plastic Interior Trim Parts); 2:16-cv-11082 and 2:16-cv-11087 (Exhaust Systems).

C. "**Plaintiffs**" shall mean End Payors (EPPs), Automobile Dealer Plaintiffs (ADPs), Truck and Equipment Dealer Plaintiffs (TEDPs), the State of Florida, and the State of Indiana.

D. "**Defendants**" shall mean Defendants in the Auto Parts Cases.

E. The **"Deponent SSE Groups"** means the **Chrysler Group** (FCA US LLC); the **Daimler Group** (Daimler Trucks North America LLC; Daimler Vans Manufacturing, LLC; Daimler Vans USA LLC; Freightliner Custom Chassis Corp.; Mitsubishi Fuso Truck of America, Inc.; Thomas Built Buses, Inc.; and Western Star Trucks Sales, Inc.); the **General Motors Group** (General Motors Company; General Motors Holdings LLC; General Motors LLC); the **Honda Group** (American Honda Motor Co., Inc.; Honda North America, Inc.; Honda Manufacturing of Indiana, LLC; Honda of America Mfg., Inc.; Honda of South Carolina Mfg, Inc.; Honda Precision Parts of Georgia, LLC; Honda R&D Americas, Inc.; Honda Research Institute USA, Inc.; Honda Transmission Manufacturing of America, Inc.); the **Hyundai Group** (Hyundai Motor Manufacturing Alabama, LLC); the **Kia Group** (Kia Motors Manufacturing Georgia, Inc.); the **Nissan Group** (Nissan North America, Inc.); the **Subaru Group** (Subaru of America, Inc., and Subaru of Indiana Automotive, Inc.); and the **Toyota Group** (Toyota Motor Sales, USA, Inc.; and Toyota Motor Engineering & Manufacturing North America, Inc.) (the Parties have agreed to hold in abeyance subpoenas to the other listed Toyota entities).

F. The **"Carved-Out SSEs"** are all other SSEs who were served with, and responded to, the Motions, identified by name in Footnote 7.

5

**II.     DEPOSITIONS ORDERED**

    A.  The Parties collectively may serve on each Deponent SSE Group a Rule 45 subpoena *ad testificandum* in order to take one (1) Rule 30(b)(6) deposition lasting up to fourteen (14) hours over two (2) days of each Deponent SSE Group respecting the existence, location, and burden associated with producing the following information, if known:

1. Transactional purchase data for the Auto Parts Products at issue;
2. RFQ information and price adjustments information for the Auto Parts Products at issue;
3. Vehicle manufacturing costs information;
4. Vehicle pricing process information, including information relating to the process for setting and adjusting pricing, and documents related thereto;
5. Transactional sales data for sales of vehicles:
    a. from OEMs to automobile dealers and truck dealers;
    b. from OEMs to distributors;
    c. from distributors to automobile dealers and truck dealers;
    d. from automobile dealers and truck dealers to end-consumers;
    e. from OEMs to end-consumers (*e.g.*, fleet buyers); and
    f. from distributors to end consumers[8]

    B.  Questions on these topics shall be limited to inquiry into format, volume, physical location, time period, status of system on which the data is maintained (*i.e.,*

---

[8] The Deponent SSEs continue their objection to any deposition exceeding 7 hours. *See* Fed. R. Civ. P. 30(d)(1).

6

    current or legacy systems), and cost estimates and burden associated with production.

C.  For avoidance of doubt, no Party may ask any Deponent SSE Group substantive questions about the Auto Parts Cases. For example, and by way of illustration but not limitation, the Parties may not ask questions about price fixing, overcharges, pass-through, damages, internal investigations, or external discussions relating to these cases.

D.  The Parties shall furnish, with each deposition notice, a listing of those parts they consider "Auto Parts Products" in a manner comprehensible to an SSE representative, the time period applicable to the information about which they intend to inquire, and the vehicles about which they intend to inquire.

E.  The Parties are strongly encouraged (albeit not expressly ordered) to provide as much additional specific information as possible about their intended areas of inquiry as to each particular Deponent SSE Group, including specific questions, to the Deponent SSE Group's counsel with each deposition notice so as to maximize the efficiency of this process, reduce the burden on witnesses for the Deponent SSE Groups, and reduce the potential for disputes;

F.  The allotted time for each deposition shall be divided equally between Plaintiffs (collectively) and Defendants (collectively), who may employ one questioner each. If, at the end of the deposition, one side has not used all of its allotted time, the parties will confer regarding said remaining time.

G.  Each hour of examination time of any corporate representative whose examination is conducted through an interpreter shall count as 7/13's of an hour

7

        toward the fourteen (14) hour maximum time for the Rule 30(b)(6) deposition of the particular Deponent SSE Group.

H.     The location of each Deponent SSEs Group's 30(b)(6) deposition is subject to the jurisdictional limits of Rule 45 as applied to the individual members of an SSE Group.

I.     The depositions ordered herein shall commence four weeks after the ECF filing date of this Order if it is not appealed, or the date on which the order is affirmed by the District Court, if it is appealed (the "commencement date"), and shall be completed within 45 days of the commencement date.

J.     The Parties collectively shall serve on each Deponent SSE Group from which the Parties seek Rule 30(b)(6) testimony a Rule 45 subpoena identifying the fields of inquiry and additional information listed in Section II.A.1–5 and B. For each Deponent SSE Group whose counsel has appeared in these MDL proceedings in connection with the Motion, service of the notices may be effected via e-mail to such counsel.

K.     A Deponent SSE Group must designate one or more appropriate individual(s) to serve as its corporate representative(s) to testify on its behalf in response to a Rule 30(b)(6) notice.

L.     The corporate representative, or representatives collectively, shall be prepared to testify concerning the fields of inquiry on behalf of the member of the Deponent SSE Group, not carved out by this Order, for which the Deponent SSE Group has designated him or her a corporate representative, to the best of each representative's ability.

  M. Unless the specific question was provided to the Deponent SSE Group's counsel two weeks in advance of the deposition, motion practice against any Deponent SSE unable to answer a given question or set of questions will *not* be well-taken. To the extent a witness does not know or is unable to recall certain information during a deposition, the Deponent SSE Group may supplement its response at a later time in an appropriate manner.

  N. The Parties' Motions are adjourned as to all of the SSEs pending the completion of the depositions as set forth in this Order, subsequent negotiation between the Parties and the SSEs, and any agreement between the Parties and the SSEs, or, in the absence of such agreement, a motion to this Court and subsequent Order.

### III. INVENTORY OF DISCOVERY ORDERED[9]

  A. Within 30 days of the commencement date, the Parties shall prepare and file with the Court an inventory of discovery received or otherwise available (including information in their own possession, custody, or control) in the Auto Parts Cases, consisting of the following information.

    1. Producing Party

    2. Volume of documents

    3. For upstream transactional documents involving an SSE, the SSE, Seller, Purchaser, Auto Part Product, Time Period, Other Fields Covered, and Critical Fields Missing (if any);

---

[9] The SSEs recognize that this Section III was not part of the order contemplated by the Special Master at the March 24, 2016 hearing. The SSEs, however, believe that the Special Master lacks information sufficient to order any substantive compliance with the motions now held in abeyance without such information, and will continue to lack such information following the depositions contemplated by this Order, absent a further showing of need by the Parties. Accordingly, the Special Master should order the Parties to make such information available to the SSEs to the extent the Parties seek compliance with their document subpoena.

    4.    For downstream transactional documents involving an SSE, the SSE, Seller, Purchaser, Vehicles Covered, Time Period, Other Fields Covered, and Critical Fields Missing (if any);

    5.    For downstream transactional information regarding end payors, the Number of such transactions, SSE families covered, Non-SSE families covered, Time Period, Other Fields Covered, and Critical Fields Missing (if any); and

    6.    For RFQs involving an SSE, the SSE, Requesting Entity, Respondents, Part(s), Vehicles Covered, Time Period, Other Fields Covered, and Critical Fields Missing (if any).

B.    The information provided must be sufficiently detailed to allow the Special Master to determine with specificity the precise information that is not available to the Parties without further production by the SSEs, the alternative information available to the Parties that is relevant to the issues for which the SSE information is sought, and the substantial need of the Parties with respect to information that cannot be obtained except through discovery of the SSEs.

## IV.   ABEYANCE ORDER AS TO CARVED-OUT SSEs

All matters, including without limitation, the Motions to Compel, shall be held in abeyance with respect to the Carved-Out SSEs pending the completion of the depositions ordered herein and further order of the Special Master or the Court.

## V.   AVAILABILITY OF APPEAL OF THIS ORDER

This Order shall be subject to appeal to The Honorable Marianne O. Battani, pursuant to

the Order Appointing the Special Master.[10]  Any party that wishes to file an objection to this Order must do so within fourteen (14) days of the ECF filing date of this Order.  Responses shall be due ten (10) days after the date on which the objections are filed, and replies shall be due five (5) days after the date on which the responses are filed.  Failure to meet this deadline results in waiver of any objection to the Master's order, absent good cause shown.  Order Appointing Master at § II.B.

DATED: April __, 2016                    _____
                                          GENE J. ESSHAKI
                                          SPECIAL MASTER

---

[10] *See* Order Appointing Master (ECF No. 792).