# EXHIBIT 6

**From:** Ronnie Spiegel [mailto:ronnie@hbsslaw.com]
**Sent:** Friday, April 15, 2016 5:37 PM
**To:** Esshaki, Gene J.
**Cc:** Steve Williams; Salzman, Hollis (HSalzman@RobinsKaplan.com); Marc Seltzer; adam.hemlock@weil.com; Cherry, Steven (Steven.Cherry@wilmerhale.com); Trager, Lara (Lara.Trager@weil.com); Vicky@cuneolaw.com; Jon Cuneo; WShotzbarger@duanemorris.com; Kevin Noll (kpn@fmcolaw.com); Timothy Fraser; Kass, Colin; steven.reiss@weil.com; Munkittrick, David A.; Abeles, Scott M.; Kevin Noll (kpn@fmcolaw.com); Bonk, Cameron (Cameron.Bonk@weil.com); Elizabeth Tran
**Subject:** RE: Auto Parts Litigation - Draft [Proposed] Orders

Dear Special Master Esshaki:

Pursuant to your ruling, please find attached the Serving Parties' [Proposed] Special Master's Order Regarding Certain Parties' Motion to Compel Discovery from Non-Party OEMs and Ordering Production of Data and Documents Previously Produced by Non-Party OEMs to the DOJ.  The Parties have accepted changes proposed by the OEMs to this order where possible.

Please also find attached the Serving Parties' [Proposed] Special Master's Order Regarding the Parties' Motion to Compel Discovery From Non-Party OEMs and Ordering Non-Party Rule 30(b)(6) Depositions.  As Your Honor is aware, the Serving Parties provided an initial draft of their proposed order regarding 30(b)(6) depositions to the OEMs on April 1, 2016.  On April 6, 2016 the OEMs provided the Serving Parties with their proposed revisions (attached), which in essence re-wrote what had been a simple and straightforward order that reflected what Your Honor had ordered at the March 24 hearing.  The Parties accepted various changes proposed by the OEMs, to the extent that they did not alter or enlarge the obligations that Your Honor ordered at the hearing (those changes are reflected in the attached Word redlines). The remainder of the OEMs' revisions are either wholly inconsistent with the intent and purpose of the order, or they were not discussed at the mediation or hearing and not referenced by Your Honor in Your rulings at the March 24 hearing.  These revisions include, but are not limited to:

1. The OEMs seek to remove Non-Core and Domestic Distributor entities from the scope of the order.  However, the entire purpose of these depositions is to determine where the data regarding parts purchases and automobile sales resides within each OEM *family*, and it is certain that some of these entities have such data.  This was made clear at the March 24 hearing, when Mr. Cherry, on behalf of the Serving Parties, stated to Your Honor that within a given OEM family, one entity might handle parts procurement, another entity might handle vehicle sales, and that each Deponent OEM Group "should bring people who can address that *for the corporate family*." (March 24, 2016 Hrg. Tr. at 47:8-11) (emphasis added).  Your Honor agreed that each Deponent OEM Group may need to produce separate deponents consisting of, for example, a "salesperson," a "procuring person," and "somebody in finance or accounting" in order to testify to the ordered deposition topics, and that it was Your Honor's "intention" that each Deponent OEM Group should produce for deposition witnesses who can address entities that serve those purposes, even if they must address functions performed and data held by Non-Core or Domestic Distributor OEM entities. (March 24, 2016 Hrg. Tr. at 47:1-14) (MR. CHERRY: "[W]ith respect to a corporate family, if there is an entity that does the procurement at a manufacturing level, there is an entity that does the sales at a different level, they should bring people who can address that for the corporate family. SPECIAL MASTER: Understood. MR. CHERRY: Yes. SPECIAL MASTER: That would be my intentions.").  The deposition mechanism Your Honor ordered would not make sense if these entities were excluded from each Deponent OEM Group's deposition responsibilities.

2. The OEMs seek to add an obligation that the Parties shall "prepare and file with the Court an inventory of the discovery received or otherwise available (including information in their own possession, custody, or control) in the Auto Parts Cases," including a long list of extremely burdensome requirements to describe any and all discovery available to the Parties.  (*See* OEM version of [Proposed] Order, Section III.).  This added obligation was not contemplated or ordered by the Court, a fact the OEMs explicitly recognize, but nonetheless state that Your Honor "should order" this inventory be produced. (OEM version of [Proposed] Order at 9 n.9). Further, there is no reason that either the Court or the Parties require that this information be disclosed, and it would not alter the OEMs' duties as ordered by this Court.

3. The OEMs seek to delete the provision in the Serving Parties' proposed Order stating that "where an OEM Group manufactures or sells vehicles at issue in the TEDP case, as well as vehicles at issue in the

2

ADP and EPP cases, the Parties may collectively take up to two such Rule 30(b)(6) depositions of up to fourteen (14) hours each." (Parties' version of [Proposed] Order, Section II. A.). Your Honor expressly ordered this provision at the March 24 hearing, which applies only to the Daimler Group, and it is necessary given that it is highly likely that the data for truck part purchases and truck sales reside in different locations within an OEM family than such data for passenger vehicles, and that the procurement process for truck parts and sales of trucks will be different than for passenger vehicles. (*See* March 24, 2016 Hrg. Tr. at 19:10-16; 43:4-5).

4. The OEMs seek to add a provision, which Your Honor explicitly rejected by email on April 1, 2016, "strongly encourage[ing]" the Parties to "to provide as much additional specific information as possible about their intended areas of inquiry as to each particular Deponent SSE Group, including specific questions, to the Deponent SSE Group's counsel with each deposition notice…" (OEM version of [Proposed] Order, Section II. E. ). The areas of inquiry are clearly set forth in the noticed 30(b)(6) topics, which were read into the record at the March 24, 2016 hearing and which Your Honor approved. (March 24, 2016 Hrg. Tr. at 42:22-23).

5. The OEMs seek to add a requirement that the Plaintiffs (collectively) and Defendants (collectively) "may employ one questioner each" for the deposition of a given Deponent OEM Group. (OEM version of [Proposed] Order, Section II. F.). The OEMs did not raise this in the mediation or hearing, and Your Honor did not order it. It is also inconsistent with the deposition protocol ordered in this case, which permits multiple questioners in party depositions. *See* 2:12-md-02311, ECF No. 1021, Section III. D. 7.

6. The OEMs seek to delete from the proposed Order the statement that "So long as they conform with the topics set forth in this Order, no objections to the deposition notices shall be permitted." (Parties' version of [Proposed] Order, Section II. F.). Your Honor has already heard the OEMs' arguments and nevertheless ordered that these depositions shall take place, according to the topics approved by Your Honor, in order to move this discovery process forward expeditiously, and further objections of this type will only unduly delay this process.

7. The OEMs seek to add a requirement that "[t]he location of each Deponent SSEs Group's 30(b)(6) deposition is subject to the jurisdictional limits of Rule 45 as applied to the individual members of an SSE Group." (OEM version of [Proposed] Order, Section II. H.). The Serving Parties have agreed to travel to a location convenient to each OEM group to take the 30(b)(6) deposition, which obviates any concerns about convenience of the witness.

8. The OEMs seek to add a statement that "[u]nless the specific question was provided to the Deponent SSE Group's counsel two weeks in advance of the deposition, motion practice against any Deponent SSE unable to answer a given question or set of questions will not be well-taken" (OEM version of [Proposed] Order, Section II. M.). The OEMs did not seek this requirement in the mediation or hearing, and it was not ordered by Your Honor. It is wholly unnecessary, as there is a well-established body of law on Rule 30(b)(6) that makes clear the duties of a witness to be adequately prepared, and counsel for OEMs are well familiar with the requirements of the rule. The Serving Parties intend to ask questions within the scope of the topics that Your Honor ordered.

9. The Parties accepted the OEMs' revisions to the deposition topics, but only to the extent that they clarified that the discovery sought relates not only to the named Plaintiff classes, but to all automobile dealers, truck dealers, and end consumers. (Parties' version of [Proposed] Order, Section II. A. 5.). However, the OEMs seek to improperly alter the substance of other deposition topics explicitly ordered by Your Honor (March 24, 2016 Hrg. Tr. at 42:20-23), and as such these proposed changes should not be implemented. (*See* OEM version of [Proposed] Order, Section II. A. 1-4).

In sum, the OEMs have endeavored to revisit all of Your Honor's decisions from the March 24 hearing, and are unduly complicating what is a simple and straightforward order. We, therefore, respectfully ask that Your Honor promptly enter the orders attached hereto so the process can continue expeditiously.

Kind regards,
Ronnie Spiegel

**Ronnie Spiegel** | Partner
**Hagens Berman Sobol Shapiro LLP**
1918 Eighth Ave Suite 3300 - Seattle, WA 98101
Direct: (206) 268-9343
ronnie@hbsslaw.com | www.hbsslaw.com | HBSS Blog



Named to **2015 Plaintiff's Hot List** by *The National Law Journal*

 

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

This message and its attachments are sent from a law firm and may contain information that is confidential and protected by privilege from disclosure.
If you are not the intended recipient, you are prohibited from printing, copying, forwarding or saving them.
Please delete the message and attachments without printing, copying, forwarding or saving them, and notify the sender immediately.
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | |
|---|---|
| **In Re: AUTOMOTIVE PARTS ANTITRUST LITIGATION** | : 12-md-02311<br>: Honorable Marianne O. Battani<br>: Special Master Gene J. Esshaki |
| **In Re: All Auto Parts Cases** | : 2:12-MD-02311-MOB-MKM<br>:<br>:<br>: |
| **THIS DOCUMENT RELATES TO: ALL AUTO PARTS CASES** | :<br>:<br>: |

**[PROPOSED] SPECIAL MASTER'S ORDER REGARDING THE PARTIES' MOTION TO COMPEL DISCOVERY FROM NON-PARTY OEMS AND ORDERING NON-PARTY OEM RULE 30(b)(6) DEPOSITIONS**

WHEREAS, on January 19, 2016, Plaintiffs and Defendants (collectively, the "Parties") filed a Joint Motion to Compel Discovery from Non-Party Original Equipment Manufacturers, seeking to compel responses to certain narrowed requests of uniform subpoenas served on the non-party original equipment manufacturers ("OEMs") and their affiliates pursuant to the Court's orders at ECF No. 277, Case No. 2:12-cv-00100 and ECF No. 949, Case No. 2:12-md-002311, and certain plaintiff parties filed a separate motion to compel regarding Request Nos. 27 and 31 in the Uniform OEM Subpoena (collectively, the "Motions");

WHEREAS, on February 19, 2016, the subpoenaed OEMs and their affiliates subject to the Motions filed several oppositions to the Motions;

WHEREAS, on March 11, 2016, the Parties filed replies to the Motions;

WHEREAS, on March 24, 2016, after having reviewed the above-referenced submissions, the undersigned held a mediation with the Parties and the OEMs, and a hearing regarding the disputes raised in the Motions;

WHEREAS, the undersigned, after conducting several hours of discussions both individually and jointly with the Plaintiffs, Defendants, and OEMs, reached the conclusion that there was insufficient information before him to rule on whether and/or to what extent to order the requested discovery from the OEMs and their affiliates;

WHEREAS, on March 24, 2016, following the mediation, the Special Master held a hearing regarding the disputes raised in the Motions, during which he heard argument from the various OEMs and then issued his rulings on the Motions.  This Order Regarding Serving Parties' Motion to Compel Discovery from Non-Party OEMs and Ordering Rule 30(b)(6) Deposition of Certain Non-Party OEM Families (the "Order") memorializes the Special Master's rulings on these disputes.

**IT IS HEREBY ORDERED AS FOLLOWS:**

**I.    DEFINITIONS**

    A.    "**Auto Part Product**" shall mean the specific automotive part to which each Lead Case (as defined in the March 22, 2106 Electronic Case Management Protocol Order, Master File No. 2:12-md-02311, ECF No. 1262) is related in the Auto Parts Cases.

    B.    "**Auto Parts Cases**" shall mean all cases that are consolidated or coordinated into *In re Automotive Parts Antitrust Litigation* and including, without limitation, 2:15-cv-12893 and 2:15-cv-003200 (Automotive Hoses); 2:15-cv-13000 (Automotive Brake Hoses); 2:15-cv-14080, 2:16-cv-11256 and 2:15-cv-03300 (Shock Absorbers); 2:16-cv-10456, 2:16-cv-11260 and 16-cv-03400 (Body Sealings) and 2:16-cv-10461, 4:16-cv-11257 and 16-cv-03500 (Plastic Interior Trim Parts); 2:16-cv-11082 and 2:16-cv-11087 (Exhaust Systems).

C. "**Plaintiffs**" shall mean End Payors (EPPs), Automobile Dealer Plaintiffs (ADPs), Truck and Equipment Dealer Plaintiffs (TEDPs), the State of Florida, and the State of Indiana.

D. "**Defendants**" shall mean Defendants in the Auto Parts Cases.

E. "**OEM Deponent Group**" shall mean the "**Chrysler Group**" (FCA US LLC and Fiat Chrysler Finance North America, Inc.); the "**Daimler Group**" (Daimler North America Corp. (MI); Daimler North America Corp. (NJ); Daimler Purchasing Coordination Corp.; Daimler Trucks North America LLC; Daimler Vans Manufacturing, LLC; Daimler Vans USA LLC; Freightliner Custom Chassis Corp.; Mercedes-Benz Advanced Design of North America Inc.; Mercedes-Benz Credit Corp.; Mercedes- Benz Financial Services USA LLC; Mercedes- Benz Research & Development North America, Inc. (CA); Mercedes-Benz Research & Development North America, Inc. (MI); Mercedes-Benz U.S. International, Inc.; Mercedes- Benz USA, LLC; Mitsubishi Fuso Truck of America, Inc.; Thomas Built Buses, Inc.; Western Star Trucks Sales, Inc.); the "**GM Group**" (General Motors Company; General Motors Financial Company, Inc.; General Motors Holdings LLC; General Motors LLC); the "**Honda Group**" (American Honda Motor Co., Inc.; American Honda Finance Corp.; Honda Manufacturing of Indiana, LLC; Honda North America, Inc.; Honda of America Mfg., Inc.; Honda of South Carolina Mfg., Inc.; Honda Precision Parts of Georgia, LLC; Honda R&D Americas, Inc.; Honda Research Institute USA, Inc.; Honda Transmission Manufacturing of America, Inc.); the "**Hyundai Group**" (Hyundai Motor Manufacturing Alabama, LLC; Hyundai America Technical

3

        Center, Inc.; Hyundai Motor America; Hyundai AutoEver America, LLC; Hyundai Capital America); the "**Kia Group**" (Kia Motors Manufacturing Georgia, Inc.; Kia Motors America, Inc.); the "**Nissan Group**" (Nissan North America, Inc.; Nissan Design America, Inc.(part of NNA); Nissan Technical Center North America, Inc. (part of NNA); Nissan Diesel America, Inc. (part of NNA); Nissan Motor Acceptance Corp.); the "**Subaru Group**" (Subaru of America, Inc., Subaru Leasing Corp., Fuji Heavy Industries U.S.A., Inc., Subaru of Indiana Automotive, Inc.); and, the "**Toyota Group**" (Toyota Motor Sales, USA, Inc.; Toyota Motor Engineering & Manufacturing North America, Inc. (the Parties have agreed to hold in abeyance subpoenas to the other listed Toyota entities).

F.    "**Smaller OEM Group**" herein shall mean each OEM group listed on page 6 (of 7) of Exhibit 1227-2 to The Specified Subpoenaed Entities' Joint Opposition to the Parties' Motions to Compel, ECF No. 1227-2 (*i.e.,* (1) BMW; (2) Hino; (3) Jaguar Land Rover; (4) Mitsubishi; (5) Porsche; (6) Subaru; (7) VW; and (8) Volvo).

## II. DEPOSITIONS ORDERED

A.    The Parties collectively may take one (1) Rule 30(b)(6) deposition lasting up to fourteen (14) hours over two (2) days (or such longer periods as specifically set forth in Section II of this Order) of each OEM Deponent Group respecting the following fields of inquiry (and, where an OEM Deponent Group manufactures or sells vehicles at issue in the TEDP case, as well as the vehicles at issue in the ADP and EPP cases, the Parties may collectively take up to two such Rule 30(b)(6) depositions of up to fourteen (14) hours each):

      1. Transactional purchase data for the Auto Parts Products at issue;

      2. Procurement process and supplier selection and price adjustments for the Auto Parts Products at issue, and documents related thereto;

      3. Vehicle cost data and other cost information;

      4. Vehicle pricing process, including process for setting and adjusting pricing, and documents related thereto;

      5. Transactional sales data for sales of vehicles:

           a. from OEMs to automobile dealers and truck and equipment dealers;

           b. from OEMs to distributors;

           c. from distributors to automobile dealers and truck and equipment dealers;

           d. from automobile dealers and truck and equipment dealers to end-consumers;

           e. from OEMs to end-consumers (*e.g.*, fleet buyers); and

           f. from distributors to end-consumers.

B. References in 1–5 above to documents and data include information on format, volume, where maintained, time period, current and legacy systems, and costs and burden of production.

C. The allotted time for each deposition shall be divided equally between Plaintiffs (collectively) and Defendants (collectively). If, at the end of the deposition, one side has not used all of its allotted time, the parties will confer regarding said remaining time.

D. Each hour of examination time of any corporate representative whose examination is conducted through an interpreter shall count as 7/13's of an hour toward the fourteen (14) hour maximum time for the Rule 30(b)(6) deposition of the particular OEM Deponent Group.

E. The depositions ordered herein shall commence four weeks after the ECF filing date of this Order if it is not appealed, or the date on which the order is affirmed by the District Court, if it is appealed (the "commencement date"), and shall be completed within 45 days of the commencement date.

F. The Parties collectively shall serve on each OEM Deponent Group from which the Parties seek Rule 30(b)(6) testimony a deposition notice listing the OEM Deponent Group entities and identifying the fields of inquiry listed in Section II.A.1–5 and B. For each OEM Deponent Group whose counsel has appeared in these MDL proceedings in connection with the Motion, service of the notices may be effected via e-mail to such counsel. So long as they conform with the topics set forth in this Order, no objections to the deposition notices shall be permitted.

G. An OEM Deponent Group must designate one or more appropriate individual(s) to serve as its corporate representative(s) to testify on its behalf in response to a Rule 30(b)(6) notice.

H. The corporate representative, or representatives collectively, shall be prepared to testify concerning the fields of inquiry for which the Deponent OEM Group has designated him or her a corporate representative on behalf of the entire OEM Group.

    I.    Depositions of Smaller OEM Groups, except for Subaru, will be held in abeyance pending completion of the other OEM Group Rule 30(b)(6) depositions ordered herein.

## III.    AVAILABILITY OF APPEAL OF THIS ORDER

This Order shall be subject to appeal to The Honorable Marianne O. Battani, pursuant to the Order Appointing A Master (ECF No. 792). Any party that wishes to file an objection to this Order must do so within fourteen (14) days of the ECF filing date of this Order. Responses shall be due ten (10) days after the date on which the objections are filed, and replies shall be due five (5) days after the date on which the responses are filed. Failure to meet this deadline results in waiver of any objection to the Master's order, absent good cause shown. Order Appointing A Master, § II.B.

DATED: April __, 2016

                                                GENE J. ESSHAKI
                                                SPECIAL MASTER