# EXHIBIT 8

**From:** Ronnie Spiegel [mailto:ronnie@hbsslaw.com]
**Sent:** Monday, April 18, 2016 2:35 PM
**To:** Esshaki, Gene J.; Steve Williams; Tom Wienner
**Cc:** Abeles, Scott M.; Marc Seltzer; adam.hemlock@weil.com; Vicky@cuneolaw.com; Jon Cuneo; WShotzbarger@duanemorris.com; Timothy.Fraser@myfloridalegal.com; Kass, Colin; Munkittrick, David A.; steven.reiss@weil.com; rkruger@jaffelaw.com; daniel.savrin@morganlewis.com; nathaniel.bruhn@morganlewis.com; Robert J. Tucker; Tim.Fitzgibbon@nelsonmullins.com
**Subject:** RE: Proposed Order

Your Honor,

I write on behalf of the Parties. As we stated in our first response to Mr. Wienner's email last week, his claim that Hino was improperly included in the Parties' proposed order was incorrect. The Parties' proposed order regarding the 30(b)(6) depositions does not include Hino as currently being subject to a 30(b)(6) deposition. Rather, Hino only remains in the proposed order as being defined as one of the smaller entities, which are not currently subject to 30(b)(6) depositions (except for the Subaru/Fuji Heavy entities). Please see the attached redline at pages 5-6 (the same as was sent to you on Friday April 15 with the Parties' proposed order), which reflects the carve out of Hino, and simply defines Hino as one of the smaller entities.

It appears that this might have been a mistake on Mr. Wienner's part in reading the redline and not acknowledging that Hino had been carved out, or it may be that this is being used as a collateral effort to further argue the positions of the overall OEM group regarding their objections to the 30(b)(6) depositions mandated by Your Honor and the Motions to Compel in general. Mr. Wienner's latest email simply reiterates what has already been submitted by the OEMs on April 15 in response to the proposed order submitted by the Parties, and what is already before Your Honor for decision. Further, the language Mr. Wienner attempts to add to this proposed order goes far beyond the issue of 30(b)(6) depositions—the only topic intended to be addressed by

1

this order—and seeks to address the production of any materials from eight groups of OEM entities who are implicated in this MDL, and whose vehicles are subject to the Parties' claims.  This is completely inappropriate given that the purpose of this particular order is only to set forth the rules governing the 30(b)(6) depositions of certain OEMs, and this should be done without further delay.

As the Parties set forth in the cover email to Your Honor enclosing the proposed order on April 15,  the OEMs' competing proposed order seeks to remove Non-Core and Domestic Distributor entities from the scope of the order.  However, the entire purpose of these depositions is to determine where the data regarding parts purchases and automobile sales resides within each OEM *family*, and it is certain that some of these entities have such data.  This was made clear at the March 24 hearing, when Mr. Cherry, on behalf of the Serving Parties, stated to Your Honor that within a given OEM family, one entity might handle parts procurement, another entity might handle vehicle sales, and that each Deponent OEM Group "should bring people who can address that *for the corporate family*." (March 24, 2016 Hrg. Tr. at 47:8-11) (emphasis added).  Your Honor agreed that each Deponent OEM Group may need to produce separate deponents consisting of, for example, a "salesperson," a "procuring person," and "somebody in finance or accounting" in order to testify to the ordered deposition topics, and that it was Your Honor's "intention" that each Deponent OEM Group should produce for deposition witnesses who can address entities that serve those purposes, even if they must address functions performed and data held by Non-Core or Domestic Distributor OEM entities. (March 24, 2016 Hrg. Tr. at 47:1-14) (MR. CHERRY: "[W]ith respect to a corporate family, if there is an entity that does the procurement at a manufacturing level, there is an entity that does the sales at a different level, they should bring people who can address that for the corporate family. SPECIAL MASTER: Understood. MR. CHERRY: Yes. SPECIAL MASTER: That would be my intentions.").  The deposition mechanism Your Honor ordered would not make sense if these entities were excluded from each Deponent OEM Group's deposition responsibilities.

The Parties emphasize that it is they, and not the OEMs, who are subject to a schedule set by the Court pursuant to Fed. R. Civ. Proc. 16.   The OEMs and Mr. Wienner are simply causing further delay which has, and will continue to, negatively impact the schedule set by Judge Battani.

You now have before you the proposed orders of the Parties and the OEMs, and the transcript of the hearing.  Months of meet and confer efforts preceded the motions, months of briefing followed, and a full day of meetings and a hearing before you took place to reach this point.  There should be no further delay in entering orders so that the Parties may go forward with their case.

Thank you for your time and consideration.

Kind regards,

Ronnie Spiegel

Ronnie Spiegel | **Hagens Berman Sobol Shapiro LLP** | Direct: (206) 268-9343

---

**From:** Esshaki, Gene J. [mailto:gjesshaki@abbottnicholson.com]
**Sent:** Sunday, April 17, 2016 1:39 PM
**To:** Steve Williams; Tom Wienner
**Cc:** Ronnie Spiegel; sabeles@proskauer.com; Marc Seltzer; adam.hemlock@weil.com; Vicky@cuneolaw.com; Jon Cuneo; WShotzbarger@duanemorris.com; Timothy.Fraser@myfloridalegal.com; CKass@proskauer.com; DMunkittrick@proskauer.com; steven.reiss@weil.com; rkruger@jaffelaw.com; daniel.savrin@morganlewis.com; nathaniel.bruhn@morganlewis.com; Robert J. Tucker; Tim.Fitzgibbon@nelsonmullins.com
**Subject:** RE: Proposed Order

Send when you can


Sent from my Verizon, Samsung Galaxy smartphone


-------- Original message --------
From: Steve Williams <SWilliams@cpmlegal.com>
Date: 4/17/16 4:34 PM (GMT-05:00)
To: "Esshaki, Gene J." <gjesshaki@abbottnicholson.com>, Tom Wienner <twienner@wiennergould.com>
Cc: ronnie@hbsslaw.com, sabeles@proskauer.com, mseltzer@susmangodfrey.com, adam.hemlock@weil.com, Vicky@cuneolaw.com, jonc@cuneolaw.com, WShotzbarger@duanemorris.com, Timothy.Fraser@myfloridalegal.com, CKass@proskauer.com, DMunkittrick@proskauer.com, steven.reiss@weil.com, rkruger@jaffelaw.com, daniel.savrin@morganlewis.com, nathaniel.bruhn@morganlewis.com, "Robert J. Tucker" <rtucker@bakerlaw.com>, Tim.Fitzgibbon@nelsonmullins.com
Subject: Re: Proposed Order


Your Honor


Plaintiffs will provide their comments tomorrow as soon as practicable and will seek to coordinate their response with defendants so that you only receive one response from the serving parties. The lead attorneys for Plaintiffs on this task are on the West Coast and we will endeavor to have it to you as soon in the day as we can after we coordinate with all other serving parties.


_____
From: Esshaki, Gene J. <gjesshaki@abbottnicholson.com>
Sent: Sunday, April 17, 2016 1:24 PM
To: Tom Wienner
Cc: ronnie@hbsslaw.com; sabeles@proskauer.com; Steve Williams; mseltzer@susmangodfrey.com; adam.hemlock@weil.com; Vicky@cuneolaw.com; jonc@cuneolaw.com; WShotzbarger@duanemorris.com; Timothy.Fraser@myfloridalegal.com; CKass@proskauer.com; DMunkittrick@proskauer.com; steven.reiss@weil.com; rkruger@jaffelaw.com; daniel.savrin@morganlewis.com; nathaniel.bruhn@morganlewis.com; Robert J. Tucker; Tim.Fitzgibbon@nelsonmullins.com
Subject: RE: Proposed Order


May I have comments anyone wishes to share with respect to this email? Tomorrow AM please.


From: Tom Wienner [mailto:twienner@wiennergould.com]
Sent: Sunday, April 17, 2016 3:11 PM
To: Esshaki, Gene J.
Cc: ronnie@hbsslaw.com; sabeles@proskauer.com; swilliams@cpmlegal.com; mseltzer@susmangodfrey.com; adam.hemlock@weil.com; Vicky@cuneolaw.com; jonc@cuneolaw.com; WShotzbarger@duanemorris.com;

3

Timothy.Fraser@myfloridalegal.com; CKass@proskauer.com; DMunkittrick@proskauer.com; steven.reiss@weil.com; rkruger@jaffelaw.com; daniel.savrin@morganlewis.com; nathaniel.bruhn@morganlewis.com; Robert J. Tucker; Tim.Fitzgibbon@nelsonmullins.com
Subject: Fwd: Proposed Order

Dear Special Master Esshaki,

I am forwarding with this email redlined and clean copies of the proposed order regarding depositions submitted by the plaintiff groups and defendants (together, the "Parties"). In this draft, I have modified the provisions carving out smaller SSEs, domestic distributors, and non-core entities to try to make those provisions conform with your rulings during the March 24 hearing.

Respectfully, I have not modified the proposed order submitted by Mr. Abeles on behalf of the larger manufacturers, smaller SSEs, domestic distributors, and non-core SSEs, because I believe that proposed order already is fully consistent with your ruling regarding carve-outs. As a matter of fact, we worked with Mr. Abeles and his group in drafting that proposed order before it was submitted, and are satisfied that it faithfully implements your rulings.

Thank you again for your time and attention to this matter.

Tom Wienner

Sent from my iPhone

Begin forwarded message:

From: Julia Tibbs <jtibbs@wiennergould.com<mailto:jtibbs@wiennergould.com>>
Date: April 17, 2016 at 2:10:36 PM EDT
To: Tom Wienner <twienner@wiennergould.com<mailto:twienner@wiennergould.com>>
Subject: Proposed Order

********************************************************************************
*************************************************************
This message and its attachments are sent from a law firm and may contain information that is confidential and protected by privilege from disclosure.
If you are not the intended recipient, you are prohibited from printing, copying, forwarding or saving them.
Please delete the message and attachments without printing, copying, forwarding or saving them, and notify the sender immediately.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*