UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| In Re: AUTOMOTIVE PARTS ANTITRUST LITIGATION | 12-MD-02311<br>Honorable Marianne O. Battani<br>Special Master Gene J. Esshaki |
| In Re:  All Auto Parts Cases | 2:12-MD-02311-MOB-MKM |
| THIS DOCUMENT RELATES TO: ALL AUTO PARTS CASES | Oral Argument Requested |

**NON-PARTY DAIMLER ENTITIES' JOINDER TO:**

**CERTAIN SSEs' OBJECTIONS TO THE SPECIAL MASTER'S ORDER REGARDING THE PARTIES' MOTION TO COMPEL DISCOVERY FROM NON-PARTY OEMs AND ORDERING NON-PARTY RULE 30(b)(6) DEPOSITIONS ("ORDER"); AND**

**NON-PARTY DOMESTIC DISTRIBUTORS AND NON-CORE SSEs' OBJECTIONS TO AND MOTION TO MODIFY SPECIAL MASTER'S ORDER, AND MOTION TO MODIFY, ORDER**

**ORAL ARGUMENT REQUESTED**

Non-Parties Daimler North America Corp. (MI); Daimler North America Corp. (NJ); Daimler Purchasing Coordination Corp.; Daimler Trucks North America LLC; Daimler Vans Manufacturing, LLC; Daimler Vans USA LLC; Freightliner Custom Chassis Corp.; Mercedes-Benz Advanced Design of North America Inc.; Mercedes-Benz Credit Corp.; Mercedes-Benz Financial Services USA LLC; Mercedes-Benz Research & Development North America, Inc. (CA); Mercedes-Benz Research & Development North America, Inc. (MI); Mercedes-Benz U.S. International, Inc.; Mercedes-Benz USA, LLC; Mitsubishi Fuso Truck of America, Inc.; Thomas Built Buses, Inc.; and Western Star Trucks Sales, Inc. ("Daimler Entities"), hereby join the objections separately filed by Certain SSEs and by Non-Party Domestic Distributors and Non-

Core SSEs for the reasons set forth in the respective memoranda in support of those objections. In an effort to assist the Court, the Daimler Entities offer these additional observations.

1. The Certain SSEs compellingly demonstrate the multiple procedural irregularities in the Order, which unfairly prejudice important substantive rights of the non-party entities, many of whom are the *victims* of Defendants' admitted criminal activity. Their objections should be sustained in all respects.

2. Likewise, the Non-Party Domestic Distributors and Non-Core SSEs establish that the Order submitted by the Parties and signed by the Special Master did not conform to the clear order and instructions the Special Master put on the record at the March 24, 2016 hearing, which (a) ignores the compelling reasons no discovery should be ordered against domestic distributors and non-core entities, certainly not at this time, and (b) fails to consistently apply the proportionality requirements of Rule 26(b)(1) to the respective facts and circumstances of the Domestic Distributors, Non-Core SSEs and Smaller SSEs. Their objections should also be sustained in all respects.

3. With respect to the objections by Certain SSEs, the Daimler Entities recognize that the Court may wish to find a way in which the lengthy meet-and-confer process leading to the Parties' Motion to Compel, then the lengthy briefing before the Special Master, results in some progress being made as opposed to those efforts producing no progress. The fault, we respectfully submit, lies with the Parties, who submitted a plainly overreaching order that ignored specific limitations that the Special Master indicated at the hearing should have been part of the Order and which jettisoned procedural protections the Non-Parties should have enjoyed even though those protections were not discussed at the hearing.

4.  The Daimler Entities recognize the Court is likely not interested in placing blame but rather in making progress.  Should the Court wish to modify the Order so as to provide for some specific, targeted discovery, we respectfully suggest the Court consider the following:

a.  Rule 30(b)(6) oral depositions are virtually certain to be highly inefficient at every step.  They will be inefficient in preparing the multiple designees to either memorize massive amounts of information about documents, document formats, dates ranges, warehoused data files, active data files, file formats and on and on, or be prepared to regurgitate that information from prepared exhibits.  They will also be highly inefficient in providing that information to the Parties, with up to 28 hours of depositions if the OEM group falls into more than one of the categories set forth in the Order (at 6, II.A.).

b.  Rather, if the Court wants to salvage something from the efforts by the Parties, Non-Parties and Special Master, the Court should substitute a limited number of Rule 31 written questions in place of the 14 or 28 hours of Rule 30(b)(6) oral examination contemplated by the Order.

c.  The hastily written five topics adopted in the Order are ambiguous and overbroad.  If the Court decides to order limited Rule 31 written questions in lieu of Rule 30(b)(6) depositions, it should do so in conjunction with ordering the Parties to specifically define and identify with precision the information they seek on those five topics, which must be limited to seeking information about documents and data, and not include any areas of substantive examination.  The Parties and Non-Parties should be ordered to meet-and-confer to agree on those topics for written deposition or at least narrow the grounds of disagreement as much as possible.

      d.    The Parties should be limited to some small number of written questions on each of the five revised topics. The number may be three; it should not be more than five; and they should not contain any sub-parts.

    5.    The foregoing procedure is likely to be more effective in providing the Parties relevant information about the scope, likely cost, and proportionality of any discovery ultimately ordered and do so at a fraction of expense and distraction that Rule 30(b)(6) oral deposition would entail.

DATED: May 4, 2016

Respectfully submitted,

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By _____
Jon Steiger (P355505)
Dominic Surprenant
Nithin Kumar
Attorneys for Non-Parties Daimler North America Corp. (MI); Daimler North America Corp. (NJ); Daimler Purchasing Coordination Corp.; Daimler Trucks North America LLC; Daimler Vans Manufacturing, LLC; Daimler Vans USA LLC; Freightliner Custom Chassis Corp.; Mercedes-Benz Advanced Design of North America Inc.; Mercedes-Benz Credit Corp.; Mercedes-Benz Financial Services USA LLC; Mercedes-Benz Research & Development North America, Inc. (CA); Mercedes-Benz Research & Development North America, Inc. (MI); Mercedes-Benz U.S. International, Inc.; Mercedes-Benz USA, LLC; Mitsubishi Fuso Truck of America, Inc.; Thomas Built Buses, Inc.; and Western Star Trucks Sales, Inc.

## CERTIFICATE OF SERVICE

    I certify that on May 4, 2016, I caused a copy of the foregoing Joinder to Certain SSEs' Objections to the Special Master's Order and Non-Party Domestic Distributors and Non-Core SSEs' Objections to be electronically filed via the Court's ECF system, which will serve notification of such filing to all counsel of record for the Parties.

                                       /s/ Jon Steiger
                                       Jon Steiger (P355505)