# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | | |
|---|---|---|
| IN RE: AUTOMOTIVE PARTS ANTI-TRUST LITIGATION | : | Master File No. 12-md-02311 |
| | : | Honorable Marianne O. Battani |
| | : | |
| IN RE: WIRE HARNESS | : | Case No. 2:12-cv-00103-MOB-MKM |
| IN RE: INSTRUMENT PANEL CLUSTERS | : | Case No. 2:12-cv-00203-MOB-MKM |
| IN RE: FUEL SENDERS | : | Case No. 2:12-cv-00303-MOB-MKM |
| IN RE: HEATER CONTROL PANELS | : | Case No. 2:12-cv-00403-MOB-MKM |
| IN RE: OCCUPANT SAFETY RESTRAINT SYSTEMS | : | Case No. 2:12-cv-00603-MOB-MKM |
| | : | |
| IN RE: ALTERNATORS | : | Case No. 2:13-cv-00703-MOB-MKM |
| IN RE: RADIATORS | : | Case No. 2:13-cv-01003-MOB-MKM |
| IN RE: STARTERS | : | Case No. 2:13-cv-01103-MOB-MKM |
| IN RE: SWITCHES | : | Case No. 2:13-cv-01303-MOB-MKM |
| IN RE: IGNITION COILS | : | Case No. 2:13-cv-01403-MOB-MKM |
| IN RE: MOTOR GENERATORS | : | Case No. 2:13-cv-01503-MOB-MKM |
| IN RE: STEERING ANGLE SENSORS | : | Case No. 2:13-cv-01603-MOB-MKM |
| IN RE: HID BALLASTS | : | Case No. 2:13-cv-01703-MOB-MKM |
| IN RE: INVERTERS | : | Case No. 2:13-cv-01803-MOB-MKM |
| IN RE: AIR FLOW METERS | : | Case No. 2:13-cv-02003-MOB-MKM |
| IN RE: FUEL INJECTION SYSTEMS | : | Case No. 2:13-cv-02203-MOB-MKM |
| IN RE: AUTOMATIC TRANSMISSION FLUID WARMERS | : | Case No. 2:13-cv-02403-MOB-MKM |
| IN RE: VALVE TIMING CONTROL DE-VICES | : | Case No. 2:13-cv-02503-MOB-MKM |
| IN RE: ELECTRONIC THROTTLE BOD-IES | : | Case No. 2:13-cv-02603-MOB-MKM |
| | : | |
| THIS DOCUMENT RELATES TO: | : | |
| ALL END-PAYOR ACTIONS | : | |
| | : | |
| | : | |
| | : | |

## END-PAYOR PLAINTIFFS' OPPOSITION TO NOTICE OF WITHDRAWAL OF PREVIOUS WITHDRAWAL OF OBJECTIONS FILED BY N. ALBERT BACHARACH, JR

End-Payor Plaintiffs ("EPPs") in the *In re Automotive Parts Antitrust Litigation*, Master File No. 12-md-02311 (E.D. Mich.) ("*Automotive Parts*"), by their undersigned counsel, hereby oppose the Notice of Withdrawal of Previous Withdrawal of Objections (ECF. No 1335) filed by N. Albert Bacharach, Jr. ("Bacharach") on behalf of Carlene Cross and Albert Graham, Jr. (together, "the Cross Objectors") ("the Notice of Withdrawal of Withdrawal"). The Notice of Withdrawal of Withdrawal is an improper attempt by Bacharach and the Cross Objectors to unfairly prejudice the rights of EPPs by seeking to revive objections that they previously withdrew in order to avoid being deposed in accordance with an order from a court in Florida where the depositions were scheduled to take place. In reliance on the withdrawal of the objections, the depositions did not go forward. Bacharach's purported rationale for now seeking to revive the objections—that EPPs violated an agreement to vacate a court order in Florida compelling his deposition—is a mere pretext and misstates the facts. As a notorious serial objector, Bacharach should not be permitted to game the system at the expense of EPPs and the Settlement Classes.  The Court should put an end to Bacharach's bad faith tactics and reject the Notice of Withdrawal of Withdrawal.

## BACKGROUND

On April 11, 2016, the very last day that objections to the settlements between EPPs and Settling Defendants in the above-captioned actions could be postmarked, Bacharach filed an objection to the partial settlements on behalf of the Cross Objectors. (ECF. No. 1287). Bacharach is a notorious serial objector who has appeared in courts around the country to object to class action settlements and attorneys' fees applications. Bacharach has filed objections, either for

himself or as counsel, in over a dozen other class action cases.[1] Bacharach also typically takes appeals from the orders overruling his objections once his objections are denied and the settlements receive final approval, thereby delaying the effectiveness of the settlements.

In light of Bacharach's sordid history as a serial objector, on April 20, 2016, EPPs served a subpoena on Bacharach and the Cross Objectors noticing their depositions and requesting certain documents related to their history of objecting to class action settlements and their standing as class members. *See* Declaration of William V. Reiss ("Reiss Dec.") at ¶ 3, Ex. B. On April 25, 2016, Bacharach filed a motion to quash the subpoena in the United States District Court for the Northern District of Florida (the "Florida Court"). *Id.* at ¶ 4, Ex. C. Bacharach was represented by Paul S. Rothstein ("Rothstein") who filed the motion to quash on Bacharach's behalf. *Id.* Following a telephonic hearing on April 28, 2016, the Florida Court entered an Order signed by United States Magistrate Judge Gary R. Jones denying Bacharach's motion to quash and ordering him to comply with the subpoena and appear for a deposition on May 4, 2016, or on such other date as Bacharach and EPPs mutually agree ("The Florida Court's Order"). *Id.* at ¶ 5, Ex D. The Florida Court held that the subpoenaed information was "most certainly" relevant to EPPs' responses to the objections. *Id.*

---

[1] *See, e.g., Tennille v. Western Union Company,* 09-cv-00938 (D. Colo.); *Fladell v. Wells Fargo Bank,* 13-cv-60721 (S.D. Fla.); *In re Capital One Telephone Consumer Protection Act Litigation,* 12-cv-10064 (N.D. Ill.); *Fraley et al v. Facebook,* 11-cv-01726 (N.D. Cal.); *Malta v. The Federal Home Loan Mortgage Corp.,* 10-cv-01290 (S.D. Cal.); *In re Managed Care,* MDL-1334 (S.D. Fla.); *In re Automotive Refinishing Paint Antitrust Litig.,* 2:10-md-01426 (E.D. Pa.); *In re Bank of America Corp. Securities,* 09-md-02058 (S.D.N.Y.); *In re Midland National Life Insurance Co. Annuity Sales Practices Litig.,* 07-ml-01825 (C.D. Cal.); *In re Mattel, Inc. Toy Lead Paint Products Liability Litig.* 07-ml-01897 (C.D. Cal.); *In re TFT-LCD (Flat Panel) Antitrust Litig.,* 07-md-01827 (C.D. Cal.); *Meyenburg v. Exxon Mobil Corporation,* 05-cv-00015 (S.D. Ill.); *In Re Tyco Securities Litig.,* l.02-md-01335 (D.N.H.); *In re America Online,* 00-md-01341 (S.D. Fla.); *Lindmark v. American Express,* 00-cv-08658 (C.D. Cal.); *In re: Disp. Contact Lens et al v. Johnson and Johnson,* 94-md-01030 (M.D. Fla.).

In accordance with the Florida Court's Order, on April 29, 2016, EPPs served Bacharach with an amended subpoena noticing his deposition in Gainesville, Florida for May 4, 2016. *Id.* at ¶ 6, Ex E. That same day, Rothstein informed William Reiss of Robins Kaplan LLP, one of Co-Lead Class Counsel for EPPs, ("EPP Counsel") that the Cross Objectors would be made available for depositions in Gainesville, Florida on May 5, 2016. *Id.* at ¶ 7. In reliance on the Florida Court's Order compelling Mr. Bacharach's deposition to take place on May 4, 2016, as well as Mr. Rothstein's representation that the Cross Objectors would appear for depositions in Gainesville, Florida on May 5, 2016, EPPs arranged for a conference room for the deposition, videographer and court reporter. *Id.* at ¶ 8.

On April 29, 2016, the same day as the entry of the Florida Court's Order rejecting Bacharach's motion to quash, Rothstein contacted EPP Counsel by telephone and informed EPP Counsel that Bacharach intended to withdraw the Cross Objectors' objections. *Id.* at ¶ 9. Rothstein suggested that, in light of the withdrawal, the parties submit a stipulation notifying the Court that the depositions of Bacharach and the Cross Objectors would be cancelled. *Id.*

On April 30, 2016, EPP Counsel sent an email to Bacharach and Rothstein memorializing the previous day's conversation. *Id.* at ¶ 10, Ex F. In the email, EPP Counsel requested that Bacharach and Rothstein confirm that they would withdraw the Cross Objectors' objections on the following Monday, May 2, 2016, and informed Bacharach and Rothstein that "[o]nce this was done, we'll work together to submit a stipulation to the Magistrate vacating [Mr. Bacharach's] *deposition*." *Id.* (emphasis added). Thereafter, on Sunday, May 1, 2016, Mr. Bacharach confirmed that he would withdraw the Cross Objectors' objections the following day. *Id.* at ¶ 11, Ex. G. On Monday, May 2, 2016, Mr. Bacharach filed a notice of withdrawal of the Cross Objectors' objections. (*Id.* at ¶ 12, Ex H, ECF. No. 1308.) In reliance on the notice of

3

withdrawal filed by Bacharach, EPPs cancelled the depositions of Mr. Bacharach and the Cross Objectors. *Id*. at ¶ 12.

Shortly after receiving the filing reflecting Bacharach's notice of withdrawal, Rothstein emailed EPP Counsel a draft stipulation proposing to vacate the Florida Court's Order. *Id.* at ¶ 13, Ex I. Later that day, EPP Counsel spoke with Rothstein by telephone, and explained that EPPs would not agree to vacate the Florida Court's Order. *Id.* at ¶ 14. EPP Counsel followed-up by email a few hours later and attached edits to Rothstein's proposed stipulation, clarifying that Bacharach's deposition would be adjourned, but that the Florida Court's Order would not be vacated. *Id.* at ¶ 14, Ex J. Thereafter, on May 3, 2016, Rothstein emailed EPP Counsel to confirm that "[o]ur agreement was to vacate, *i.e.* cancel the depositions." *Id.* at ¶ 15, Ex. K. Rothstein expressed concern over the use of the word "adjourned," *Id.*, and requested that EPP Counsel send him an email confirming that "we are in agreement that [Bacharach's] deposition is canceled." *Id.* at ¶ 16, Ex. L.  In  response, EPP Counsel sent the requested confirmation the following day. *Id.* at ¶ 17, Ex. M. On May 5, 2016 EPPs filed their Omnibus Response to Objections to Settlements with Certain Defendants ("Omnibus Response"). *See*, *e.g.*, Omnibus Response, *Wire Harness*, 12-0103, Dkt. No. 472.  EPPs noted the withdrawal of the Cross Objectors' objections, but did not respond to the objections in the Omnibus Response.

EPP Counsel did not receive any further communications from Bacharach or Rothstein until May 6, 2016, after EPPs filed their Omnibus Response and just one day after this Court entered an order granting a motion to quash and a motion for a protective order filed by a different set of objectors. Reiss. Dec. at ¶¶ 19-20. For the first time, on May 6, 2016, Rothstein informed EPP Counsel by email that Bacharach would be filing a document purporting to rescind

his previous withdrawal of the Cross Objectors' objections and that he would be seeking to vacate the Florida Court's Order rejecting Bacharach's motion to quash. *Id*., Ex. N.

Later that day, Bacharach filed what he entitled a Notice of Withdrawal of Withdrawal purporting to rescind the Cross Objectors' previous withdrawal of their objections. *Id.* at ¶ 21, Ex. O, ECF. No. 1335. The Notice of Withdrawal of Withdrawal inaccurately claims that EPP Counsel[2] agreed to vacate the Florida Court's Order in return for Bacharach's withdrawal of the objections. *Id., Ex. O at 2. Not only did EPPs not reach such an agreement, EPPs never agreed to *any* quid-pro-quo relating to the withdrawal of Cross Objectors' objections. Rather, Bacharach decided to withdraw the Cross Objectors' objections on his own accord to avoid being deposed, not based on any promises from or agreement with EPP Counsel.  Without identifying any authority allowing a party to unilaterally reinstate a previously withdrawn objection, which has been relied upon by EPPs in not proceeding with the depositions, the Notice of Withdrawal of Withdrawal purports to give notice that Cross Objectors have withdrawn their previous withdrawal of objections. *Id.* The sole rationale offered in support of the Notice of Withdrawal of Withdrawal is the following odd and incoherent statement:

> [C]lass counsel reneged on the agreement and refused to stipulate or consent to a motion to vacate Magistrate Judge Jones' Order.  And, subsequently used magistrate judges [sic] Order (USDCNFDL Doc 9) ***I'm sorry but we arrogance to stop and store and get some pinkies little newborn mice are all pink there the hair yet does nothing makes you happy before this court in support of their position that they should be allowed to take the depositions of other objectors and their counsel.***

---

[2] Curiously, the Notice of Withdrawal of Withdrawal actually states that the agreement to stipulate to vacate the Florida Court's Order was reached between "Bacharach's counsel and Bacharach (on behalf of objectors Cross and Graham)," not between Bacharach and *EPP Counsel*. *Id.* at 2. Needless to say, EPPs are not privy to private agreements reached between Bacharach and his own counsel and any such agreements are not binding on EPPs.

*Id.*[3] (emphasis added)

The Notice of Withdrawal of Withdrawal was filed with the Court on Friday, May 6, 2016, just three business days before the Court's Final Approval Hearing scheduled for Wednesday, May 11, 2016. Because Bacharach withdrew the Cross Objectors' objections on May 2, EPPs relied on such withdrawal and did not address them in the Omnibus Response to Objections to Settlements with Certain Defendants filed on May 5, 2016. *See, e.g.*, *Wire Harness*, 12-0103, ECF No. 472.

## ARGUMENT

## I.  Reinstating the Cross Objectors' Objections Would Unfairly Prejudice EPPs and Reward Bacharach's Bad-Faith Conduct.

It would be highly prejudicial to allow Bacharach and the Cross Objectors to reassert their previously withdrawn objections on the eve of the Court's Final Approval Hearing because Bacharach's own bad faith conduct has deprived EPPs of the necessary opportunity to respond to the Cross Objectors' objections or take relevant discovery. Although the Cross Objectors' objections fail on the merits and should be rejected on that basis alone, it is axiomatic that parties seeking approval of class action settlements should be afforded ample opportunity to respond to each objection. *Destefano v. Zynga, Inc.*, No. 12-cv-04007-JSC, 2016 U.S. Dist. LEXIS 17196, *11-12 (N.D. Cal. Feb. 11, 2016) (extending Lead Plaintiff's deadline to respond to settlement objections and submit a final reply brief in support of final approval). Here, Bacharach's tactics have denied EPPs any such opportunity. EPPs should not be disadvantaged as a result.

By withdrawing the Cross Objectors' objections on May 2, 2016, Bacharach prevented EPPs from responding to the Cross Objector's objections in the Omnibus Response or taking

---

[3] On May 9, 2016, Mr. Bacharach filed an "Amended Notice of Withdrawal of Previous Withdrawal of Objections", which appears to be substantively identical to the previous filing except for the deletion of the highlighted language. *Id.* at ¶ 22.,Ex. P.

further discovery. Even though EPPs had already reserved a conference room and court reporting services, and secured a court order requiring Bacharach to produce documents and attend a deposition, Bacharach and Rothstein assured EPPs that further efforts to defend against the Cross Objectors would be unnecessary because their objections had been formally withdrawn. Neither Bacharach nor Rothstein conditioned this withdrawal on any future event or mentioned the possibility that Bacharach might reassert the objections at a later time.

Bacharach's claim to the contrary—that he only agreed to withdraw the objections on the condition that EPPs' agree to vacate the Florida Court's Order—is both inaccurate and contrary to the facts. The Notice of Withdrawal of Withdrawal does not reference any documentary evidence or declarations supporting Bacharach's claim. Nor could it; the communications EPP Counsel exchanged with Bacharach and Rothstein are a matter of record and make clear that (1) there was never a quid-pro-quo related to the withdrawal of Cross Objectors' objections, and (2) EPP Counsel agreed to cancel Bacharach's and the Cross Objectors' *depositions*, not vacate the Florida Court's underlying Order. *See* Reiss Dec. at ¶¶ 9-17. Indeed, it should be evident from the timing of Bacharach's decision to withdraw the Cross Objectors' objections that his decision stemmed not from discussions with EPP Counsel, but rather from the Florida Court's Order requiring him to produce documents and attend a deposition.

Having effectively circumvented the Florida Court's Order requiring him to comply with EPPs' subpoena, and forestalling EPPs' discovery into (1) his clients' standing to assert the objection; (2) the merits of their objection; and (3) his history as a serial objector who has asserted frivolous objections with the goal of delaying approval of the settlement long enough to extort compensation for himself, Bacharach now seeks to further game the system by reviving the objections under an obviously false pretext. And he seeks to do so at the most self-serving

time possible: one day after EPPs filed their Omnibus Response and just three business days before the Court's Final Approval Hearing. Allowing Bacharach to resurrect his objections, using this false pretext, at this opportunistic stage would place EPPs at a severe disadvantage because it would permit Bacharach to present objections to the Court without allowing EPPs to present a meaningful opposition. Doing so would unfairly reward Bacharach's bad faith maneuvering and send a dangerous message to other serial objectors who might also seek to avoid discovery obligations by temporarily withdrawing their objections only to reassert them at a later time. Bacharach's cynical gambit should not be rewarded by the Court.

Bacharach should also be prohibited from withdrawing his previous withdrawal under the doctrine of judicial estoppel. Judicial estoppel "preserves the integrity of the courts by preventing a party from abusing the judicial process through cynical gamesmanship, [by] achieving success on one position, then arguing the opposite to suit an exigency of the moment." *Lorillard Tobacco Co. v. Chester, Willcox & Saxbe*, 546 F.3d 752, 757 (6th Cir. 2008) (quoting *Teledyne Indus., Inc. v. NLRB*, 911 F.2d 1214, 1217-18 (6th Cir. 1990)). In other words, if a party takes a position in litigation and succeeds in maintaining it, and the opposing party relies on that position, that party may not later assume a contrary position just because its interests have changed, particularly if the party affected by the former position would suffer prejudice. *New Hampshire v. Maine*, 532 U.S. 742, 749 (2001).

Bacharach's attempt to rescind his previous withdrawal of the Cross Objectors' objections runs directly counter to this doctrine. Bacharach previously represented to the Court, without conditions, that the Cross Objectors had withdrawn their objections. This benefited Bacharach by allowing him to successfully persuade EPP Counsel to cancel the court-ordered depositions of Bacharach and the Cross Objectors given that, in light of the withdrawal of the

objectors, discovery from Bacharach and the Cross Objectors was no longer necessary. Now that Bacharach and the Cross Objectors have secured the benefit of escaping from their discovery obligations based on the withdrawal of their objections, judicial estoppel precludes them from reversing course and rescinding the withdrawal of their objections, particularly given the prejudice it would cause EPPs.

Further, to allow the Notice of Withdrawal of Withdrawal would, in effect, permit an untimely objection to the settlements to stand. The Notice of Withdrawal of Withdrawal should not be allowed to subvert the deadline set by the Court for making objections to the settlements. The Notice of Withdrawal of Withdrawal should be rejected.

## II.   The Court Should Reject the Notice of Withdrawal of Withdrawal To Prevent Bacharach from Initiating a Costly and Frivolous Appeal.

While the Cross Objectors' objections could easily be rejected on the ground that they lack merit,[4] Plaintiffs respectfully submit that the preferred course would be to reject the Notice of Withdrawal of Withdrawal.  Indeed, were the Court to reinstate the Cross Objectors' objections, Bacharach would be permitted to accomplish his true objective: initiating a costly appeal that could potentially hold up the finality of the settlement for years.

As a serial objector, Bacharach not only files objections to settlements; he also routinely files appeals once settlements have been approved. Courts recognize that these subsequent appeals represent the true danger of serial objectors. *See In re Checking Account Overdraft*

---

[4] The Cross Objectors' objections are largely duplicative of other objections raised by purported class members, many of whom similarly argue that the Class Notice fails to satisfy due process and that the requested attorneys' fees are unreasonably high. *See, e.g.*, Thompson Objections, 2:12-cv-00103-MOB-MKM, Dkt. No. 453. Accordingly, enforcing Bacharach's previous withdrawal of the objections would not prejudice the Settlement Classes because it would not remove from consideration any unique arguments or objections. To the contrary, the only practical effect of enforcing Bacharach's previous withdrawal would be to prevent Bacharach, a serial objector, from asserting a frivolous appeal and thus delaying the settlements' finality.

*Litig.*, 830 F. Supp. 2d 1330, 1331, n. 30 (S.D. Fla. 2011) ("[T]he unfortunate game is to lodge *pro forma* objections at the trial stage, then negotiate a private resolution in order to drop the invariable notice of appeal. Once the case has progressed beyond the trial court, there is no longer any accountability for side payments to objectors' counsel, and the game is on."); *Snell v. Allianz Life Ins. Co. Of North America,* No. Civ. 97-2784 RLE, 2000 U.S. Dist. LEXIS 13611, *31 (D. Minn. Sept. 8, 2000) ("[T]he movants are represented by 'professional objectors,' who are a pariah to the functionality of class action lawsuits, as they maraud proposed settlements— not to assess their merits on some principled basis—but in order to extort the parties, and particularly the settling defendants, into ransoming a settlement that could otherwise be undermined by a time-consuming appeals process.")

In light of this reality, courts often take steps to prevent serial objectors from reaching the appellate stage by, among other things, imposing sanctions on serial objectors and requiring serial objectors to post costly appeal bonds. *See, e.g., In re Pharm. Indus. Average Wholesale Price Litig.*, 520 F. Supp. 2d 274, 279 (D. Mass. 2007) (imposing a $61,000 appeal bond and citing the "public policy reasons to prevent frivolous objectors from threatening to hold up class distributions"); *In re NASDAQ Market-Makers Antitrust Litig.*, 187 F.R.D. 124, 131 (S.D.N.Y. 1999) (ordering Rule 11 sanctions on a serial objector for pursuing an "unmeritorious appeal" and imposing a $101,500 appeal bond). Here, the Court has a rare opportunity to preserve judicial resources and prevent a costly appeal by a much simpler means: merely enforcing Bacharach's original notice of withdrawal of objections. Enforcing Bacharach's original notice of withdrawal would deprive Bacharach and the Cross Objectors of the standing they need to initiate a frivolous appeal. It would thus increase the likelihood that the partial settlements, if approved, will not be held up by a costly appeal. EPPs respectfully submit that the Court should

10

preserve the integrity of the settlement objection process and reject the Notice of Withdrawal of

Withdrawal.

<h2 style="text-align:center"><u>CONCLUSION</u></h2>

For the foregoing reasons, the Court should reject the Notice of Withdrawal of

Withdrawal filed by Bacharach on behalf of the Cross Objectors.


Date: May 9, 2016                                    Respectfully submitted,

                                                     */s/ Hollis Salzman*
                                                     Hollis Salzman
                                                     Bernard Persky
                                                     William V. Reiss
                                                     **ROBINS KAPLAN LLP**
                                                     601 Lexington Avenue, Suite 3400
                                                     New York, NY 10022
                                                     Telephone: (212) 980-7400
                                                     Facsimile: (212) 980-7499
                                                     HSalzman@RobinsKaplan.com
                                                     BPersky@RobinsKaplan.com
                                                     WReiss@RobinsKaplan.com

                                                     Steven Williams
                                                     Demetrius X. Lambrinos
                                                     Elizabeth Tran
                                                     **COTCHETT, PITRE & McCARTHY, LLP**
                                                     San Francisco Airport Office Center
                                                     840 Malcolm Road, Suite 200
                                                     Burlingame, CA 94010
                                                     Telephone: (650) 697-6000
                                                     Facsimile: (650) 697-0577
                                                     swilliams@cpmlegal.com
                                                     dlambrinos@cpmlegal.com
                                                     etran@cpmlegal.com

Marc M. Seltzer
Steven G. Sklaver
**SUSMAN GODFREY L.L.P.**
1901 Avenue of the Stars, Suite 950
Los Angeles, CA 90067-6029
Telephone: (310) 789-3100
Facsimile: (310) 789-3150
mseltzer@susmangodfrey.com
ssklaver@susmangodfrey.com

Terrell W. Oxford
Omar Ochoa
**SUSMAN GODFREY L.L.P.**
901 Main Street, Suite 5100
Dallas, Texas 75202
Telephone: (214) 754-1900
Facsimile: (214)754-1933
toxford@susmangodfrey.com
oochoa@susmangodfrey.com

Chanler A. Langham
**SUSMAN GODFREY L.L.P.**
1000 Louisiana Street, Suite 5100
Houston, Texas 77002
Telephone: (713) 651-9366
Facsimile: (713) 651-6666
clangham@susmangodfrey.com

*Settlement Class Counsel and*
*Interim Co-Lead Counsel for the Proposed*
*End-Payor Plaintiff Classes*

*/s/ E. Powell Miller*
**THE MILLER LAW FIRM, P.C**.
E. Powell Miller (P39487)
Devon P. Allard (P71712)
950 W. University Dr., Ste. 300
Rochester, Michigan 48307
Telephone: (248) 841-2200
Facsimile: (248) 652-2852
epm@millerlawpc.com
dpa@millerlawpc.com

*Attorneys for Plaintiffs and Interim Liaison*
*Counsel for the Proposed End-Payor*
*Plaintiffs Classes*

12

## CERTIFICATE OF SERVICE

I hereby certify that on May 9, 2016, I electronically filed the attached document with the Clerk of the Court using the ECF system which will send notification of such filing to all filing users indicated on the Electronic Notice List through the Court's electronic filing system.

THE MILLER LAW FIRM, P.C.
/s/ *E. Powell Miller*
E. Powell Miller
Devon P. Allard
The Miller Law Firm, P.C.
950 W. University Dr., Ste. 300
Rochester, Michigan 48307
epm@millerlawpc.com