**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | |
|---|---|
| IN RE: AUTOMOTIVE PARTS ANTITRUST LITIGATION | Master File No. 12-md-02311<br>Honorable Marianne O. Battani |
| IN RE: WIRE HARNESS | Case No. 2:12-cv-00103-MOB-MKM |
| IN RE: INSTRUMENT PANEL CLUSTERS | Case No. 2:12-cv-00203-MOB-MKM |
| IN RE: FUEL SENDERS | Case No. 2:12-cv-00303-MOB-MKM |
| IN RE: HEATER CONTROL PANELS | Case No. 2:12-cv-00403-MOB-MKM |
| IN RE: OCCUPANT SAFETY RESTRAINT SYSTEMS | Case No. 2:12-cv-00603-MOB-MKM |
| IN RE: ALTERNATORS | Case No. 2:13-cv-00703-MOB-MKM |
| IN RE: RADIATORS | Case No. 2:13-cv-01003-MOB-MKM |
| IN RE: STARTERS | Case No. 2:13-cv-01103-MOB-MKM |
| IN RE: SWITCHES | Case No. 2:13-cv-01303-MOB-MKM |
| IN RE: IGNITION COILS | Case No. 2:13-cv-01403-MOB-MKM |
| IN RE: MOTOR GENERATORS | Case No. 2:13-cv-01503-MOB-MKM |
| IN RE: STEERING ANGLE SENSORS | Case No. 2:13-cv-01603-MOB-MKM |
| IN RE: HID BALLASTS | Case No. 2:13-cv-01703-MOB-MKM |
| IN RE: INVERTERS | Case No. 2:13-cv-01803-MOB-MKM |
| IN RE: AIR FLOW METERS | Case No. 2:13-cv-02003-MOB-MKM |
| IN RE: FUEL INJECTION SYSTEMS | Case No. 2:13-cv-02203-MOB-MKM |
| IN RE: AUTOMATIC TRANSMISSION FLUID WARMERS | Case No. 2:13-cv-02403-MOB-MKM |
| IN RE: VALVE TIMING CONTROL DEVICES | Case No. 2:13-cv-02503-MOB-MKM |
| IN RE: ELECTRONIC THROTTLE BODIES | Case No. 2:13-cv-02603-MOB-MKM |
| THIS DOCUMENT RELATES TO:<br>ALL END-PAYOR ACTIONS | |

**DECLARATION OF WILLIAM V. REISS IN SUPPORT OF END-PAYOR PLAINTIFFS'**
**OPPOSITION TO NOTICE OF WITHDRAWAL OF PREVIOUS WITHDRAWAL OF**
**OBJECTIONS FILED BY N. ALBERT BACHARACH, JR.**

WILLIAM V. REISS, declare as follows:

1. I am an attorney duly licensed to practice in the State of New York and I am admitted to this Court. I am a Principal with the law firm of Robins Kaplan LLP, which serves as Interim Co-Lead Counsel and Settlement Class Counsel for the End-Payor Plaintiffs ("EPPs") in the above-entitled actions. I make this Declaration in support of End-Payor Plaintiffs' Opposition to the Notice of Withdrawal of Previous Withdrawal of Objections filed by N. Albert Bacharach, Jr. I have personal knowledge of the facts set forth in this declaration and, if called upon, I could and would competently testify thereto.

2. On April 11, 2016, the very last day that objections to the settlements between EPPs and Defendants in the action captioned *In re Automotive Parts Antitrust Litigation*, MDL 2311 (E.D. Mich.) ("Auto Parts Action") could be postmarked, N. Albert Bacharach, Jr. filed an objection to the partial settlements in the Auto Parts Action on behalf of Carlene Cross and Albert Graham ("Cross Objectors"). A true and correct copy of the objection filed by Mr. Bacharach is attached as **Exhibit A**.

3. On April 21, 2016, EPPs served subpoenas on Mr. Bacharach and the Cross Objectors noticing their depositions and requesting production of certain documents. True and correct copies of the subpoenas served on Mr. Bacharach and the Cross Objectors are attached as **Exhibit B**.

4. On April 25, 2016, Mr. Bacharach elected to file a motion to quash his subpoena in the United States District Court for the Northern District of Florida (the "Florida Court"). Mr. Bacharach was represented by Paul S. Rothstein, who filed the motion to quash on Mr. Bacharach's behalf. A true and correct copy of the motion to quash is attached as **Exhibit C**.

5. Following a telephonic hearing on April 28, 2016 in which both Messrs. Bacharach and Rothstein participated, Magistrate Judge Gary R. Jones of the Florida Court entered an Order denying Mr. Bacharach's motion to quash and requiring him to comply with subpoena and appear for a deposition on May 4, 2016, or on such other date as Mr. Bacharach and EPPs mutually agree ("the Florida Court's Order"). The Florida Court held that the information sought

in EPPs' subpoena, including whether Mr. Bacharach is a professional objector, was "most certainly" relevant to EPPs defenses to the objections. The Florida Court rejected Mr. Bacharach's argument that it was improper to depose the attorney of an objector. A true and correct copy of the Florida Court's Order is attached as **Exhibit D**.

6. In accordance with the Florida Court's Order, on April 29, 2016, EPPs promptly served Mr. Bacharach with an amended subpoena noticing his deposition in Gainesville, Florida for May 4, 2016. A true and correct copy of the amended subpoena served on Mr. Bacharach is attached as **Exhibit E**.

7. That same day, Mr. Rothstein informed me by telephone that he and Mr. Bacharach would make the Cross Objectors available for depositions in Gainesville, Florida on May 5, 2016.

8. In reliance on the Florida Court's Order compelling Mr. Bacharach's deposition on May 4, 2016, as well as Mr. Rothstein's representation that the Cross Objectors would appear for deposition in Gainesville, Florida on May 5, 2016, EPPs reserved a conference room, videographer and court reporter.

9. At the end of the day on April 29, 2016, Mr. Rothstein contacted me by telephone[1] and informed me that Mr. Bacharach intended to withdraw the objections he filed on behalf of the Cross Objectors. He suggested that, in light of the withdrawal of the Cross Objectors' objections, the parties submit a stipulation notifying the Florida Court that the depositions of Mr. Bacharach would be cancelled.

10. On April 30, 2016, I sent an email to Messrs. Bacharach and Rothstein memorializing the previous day's conversation. I requested that Messrs. Bacharach and Rothstein confirm that they would withdraw the Cross Objectors' objections on the following Monday, May 2, 2016 and informed them that "[o]nce this was done, we'll work together to submit a stipulation to the

---

[1] Mr. Rothstein informed me that Mr. Bacharach was on the line as well.

Magistrate vacating [Mr. Bacharach's] deposition." A true and correct copy of the April 30, 2016 email is attached as **Exhibit F**.

11. On Sunday May 1, 2016, Mr. Bacharach responded to my email confirming that he would file a formal notice with the Court withdrawing the Cross Objectors' objections the following day. A true and correct copy of Mr. Bacharach's May 1, 2016 email is attached as **Exhibit G.**

12. Accordingly, on Monday, May 2, 2016, Mr. Bacharach filed a notice of withdrawal of the Cross Objectors' Objections' in the Auto Parts Action. A true and correct copy of the notice of withdrawal is attached as **Exhibit H**. In reliance on the notice of withdrawal filed by Mr. Bacharach, EPPs cancelled the depositions of Mr. Bacharach and the Cross Objectors.

13. Shortly after receiving the filing reflecting Mr. Bacharach's notice of withdrawal, Mr. Rothstein's Office emailed me a proposed stipulation purporting to vacate the Florida Court's Order denying Mr. Bacharach's motion to quash. True and correct copies of Mr. Rothstein's email and the draft stipulation are attached as **Exhibit I**.

14. Later that same day, I spoke with Mr. Rothstein over the telephone and explained that EPPs would not agree to vacate the Florida Court's Order. I followed-up by email the same day and attached edits to Mr. Rothstein's draft, which clarified that, consistent with my April 30, 2016 email, EPPs would work with Mr. Bacharach to submit a stipulation adjourning his deposition, but would not agree to vacate the Florida Court's Order. True and correct copies of my cover email to Mr. Rothstein and attached edits are attached as **Exhibit J**.

15. On May 3, 2016, Mr. Rothstein emailed me to confirm that "[o]ur agreement was to vacate, *i.e.* cancel the depositions," but expressed concern about my proposed edit to the stipulation, which stated that the deposition was to be "adjourned." A true and correct copy of Mr. Rothstein's email is attached as **Exhibit K**.

16. In a follow-up email that same day, Mr. Rothstein requested that I send him an email confirming that "we are in agreement that [Mr. Bacharach's] deposition is canceled." A true and correct copy of Mr. Rothstein's email is attached as **Exhibit L**.

17.     The following day, on May 4, 2016, I sent Mr. Rothstein an email agreeing that Mr. Bacharach's deposition was "cancelled" and offered to include that language in the stipulation. A true and correct copy of my email is attached as **Exhibit M**.

18.     Because the Cross Objectors' objections had been withdrawn, EPPs referred to their withdrawal, but did not respond to them in substance in their Omnibus Response to Objections to Settlements with Certain Defendants. See, *e.g.*, End-Payor Plaintiffs' Omnibus Response to Objections to Settlements with Certain Defendants, *Wire Harness*, 12-0103, ECF No. 472.

19.     I did not receive any further communication from Messrs. Bacharach or Rothstein until May 6, 2016 when I received an email from Mr. Rothstein informing me that Mr. Bacharach purported to rescind his withdrawal of the Cross Objectors' objections and would simultaneously seek to vacate the Florida Court's Order denying Mr. Bacharach's motion to quash. A true and correct copy of Mr. Rothstein's email is attached as **Exhibit N**.

20.     Mr. Rothstein's May 6, 2016 email came just one day after this Court's May 5, 2016 Order from the bench granting a motion to quash and motion for a protective order filed by a different set of objectors.

21.     On May 6, Mr. Bacharach filed a document entitled "Notice of Withdrawal of Previous Withdrawal of Objections" in the Auto Parts Action, purporting to rescind his withdrawal of the Cross Objectors' objections. Mr. Bacharach's stated basis for the rescission of his withdrawal was the following odd and incoherent statement:

> [C]lass counsel reneged on the agreement and refused to stipulate or consent to a motion to vacate Magistrate Judge Jones' Order.  And, subsequently used magistrate judges [sic] Order (USDCNFDL Doc 9) *I'm sorry but we arrogance to stop and store and get some pinkies little newborn mice are all pink there the hair yet does nothing makes you happy before this court* in support of their position that they should be allowed to take the depositions of other objectors and their counsel**.**

(emphasis added).   A true and correct copy of the "Notice of Withdrawal of Previous Withdrawal of Objections" filed by Mr. Bacharach is attached as **Exhibit O**.

4

22. On May 9, 2016, Mr. Bacharach filed an "Amended Notice of Withdrawal of Previous Withdrawal of Objections", which appears to be substantively identical to the previous filing except for the deletion of the highlighted language. A true and correct copy of the "Amended Notice of Withdrawal of Previous Withdrawal of Objections" filed by Mr. Bacharach is attached as **Exhibit P.**

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed this 9th day of May 2016, in New York, New York.

_____
William V. Reiss