# Exhibit A

# UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN SOUTHERN DIVISION

| | |
|---|---|
| IN RE: AUTOMOTIVE PARTS ANTITRUST LITIGATION | Master File 12-md-02311 Honorable, Marianne O. Battani |

| | |
|---|---|
| IN RE: WIRE HARNESS. . . . . . . . . . . . . . . . . . . . . . | Case No. 2:12-cv-00103-MOB-MKM |
| IN RE: INSTRUMENT PANEL CLUSTERS. . . . . . . . . | Case No. 2:12-cv-00203-MOB-MKM |
| IN RE: FUEL SENDERS. . . . . . . . . . . . . . . . . . . . | Case No. 2:12-cv-00303-MOB-MKM |
| IN RE: HEATER CONTROL PANELS. . . . . . . . . . . . . | Case No. 2:12-cv-00403-MOB-MKM |
| IN RE: OCCUPANT SAFETY RESTRAINT SYSTEMS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | Case No.2:12-cv-00603-MOB-MKM |
| IN RE: ALTERNATORS. . . . . . . . . . . . . . . . . . . . . . | Case No. 2:13-cv-00703-MOB-MKM |
| IN RE: RADIATORS. . . . . . . . . . . . . . . . . . . . . . . . . | Case No. 2:13-cv-01003-MOB-MKM |
| IN RE: STARTERS. . . . . . . . . . . . . . . . . . . . . . . . . . . | Case No. 2:13-cv-01103-MOB-MKM |
| IN RE: SWITCHES | Case No. 2:13-cv-01303-MOB-MKM |
| IN RE: IGNITION COILS. . . . . . . . . . . . . . . . . . . . . . | Case No. 2:13-cv-01403-MOB-MKM |
| IN RE: MOTOR GENERATORS. . . . . . . . . . . . . . . . . . | Case No. 2:13-cv-01503-MOB-MKM |
| IN RE: STEERING ANGLE SENSORS. . . . . . . . . . . . . | Case No. 2:13-cv-01603-MOB-MKM |
| IN RE: HID BALLASTS. . . . . . . . . . . . . . . . . . . . . . . . | Case No. 2:13-cv-01703-MOB-MKM |
| IN RE: INVERTERS. . . . . . . . . . . . . . . . . . . . . . . . . . | Case No. 2:13-cv-01803-MOB-MKM |
| IN RE: AIR FLOW METERS. . . . . . . . . . . . . . . . . . . . | Case No. 2:13-cv-02003-MOB-MKM |
| IN RE: FUEL INJECTION SYSTEMS. . . . . . . . . . . . . . | Case No. 2:13-cv-02203-MOB-MKM |
| IN RE: AUTOMATIC TRANSMISSION FLUID WARMERS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | Case No. 2:13-cv-02403-MOB-MKM |
| IN RE: VALVE TIMING CONTROL DEVICES. . . . . . . | Case No. 2:13-cv-02503-MOB-MKM |
| IN RE: ELECTRONIC THROTTLE BODIES. . . . . . . . . | Case No. 2:13-cv-02603-MOB-MKM |

_____

THIS DOCUMENT RELATES TO:
ALL END-PAYOR ACTIONS

_____

## OBJECTIONS, PROOF OF MEMBERSHIP IN CLASS AND NOTICE OF INTENT TO APPEAR, BY COUNSEL, AT THE MAY 11, 2016 FAIRNESS HEARING

  Objectors, Carlene Cross and Albert Graham, Jr., (hereinafter the Cross Objectors), by

and through undersigned counsel, hereby: provide the information needed to demonstrate their

membership in the settlement class; give Notice of Their Intent to Appear, by counsel, at the

Fairness Hearing; object to the proposed settlement; and say:

**PROOF OF MEMBERSHIP IN THE SETTLEMENT CLASS**

As set forth in Exhibits A and B, attached hereto and incorporated herein by reference, the Cross Objectors are members of one or more the settlement sub-classes.

**NOTICE OF INTENT TO APPEAR**

The Cross Objectors gives Notice of their intent to appear, by and through undersigned counsel, at the Fairness Hearing before the Honorable, Marianne O. Battani, U.S. District Judge, on May 11, 2016 at 3:00PM, at the Theodore Levin United States Courthouse, 231 West Lafayette Boulevard, Detroit, Michigan, Room 272 on May 11, 2016, at 3:00PM for the purpose of cross-examining witnesses and presenting legal arguments addressing their objections. At this time, the Cross Objectors are relying on the documents of record to demonstrate the defective Notice provided to class members, and do not currently intend to offer additional documents into evidence or call witnesses.

**OBJECTIONS**

1.      The Updated Notice on the proposed settlement website does not meet minimum constitutional due process requirements with regard to providing class members with accurate Notice and an opportunity to be heard.

2.      The Notice says at paragraph 7, pages 6-7, entitled, "How Do I Know If I May Be Included in the Classes?", that "Generally, you may be included in one or more Settlements if, at any time from 1998 to 2015, you: (1) bought or leased a **new motor vehicle** in the U.S. (not for resale), or (2) paid to replace one or more of the **new motor vehicle** parts listed in Question 5 above (not for resale). New motor vehicles include, but are not limited to, automobiles, cars, light

2

trucks, pickup trucks, crossovers, vans, mini-vans, and sport utility vehicles." (emphasis added)

3.     The Notice misinforms indirect purchaser class members, either intentionally or ambiguously, that the class members either had to: (1) have purchased a new motor vehicle, during the class period; or, (2) paid to replace one or more of their new motor vehicle's parts.

4.     An exemplar of clear language would've been: : Generally, you may be included in one or more Settlements if, at any time from 1998 to 2015, you: (1) bought or leased a **new motor vehicle** in the U.S. (not for resale), or (2) purchased any of the replacement parts listed in Question 5 above (new and not for resale).

5.     The Cross Objectors draw the courts attention to the specific language of the various settlement agreements in this matter, set forth below, and note, that none of the settlements include the defective language in the Notice; and none of the settlements referred to the purchase of a new replacement part as a new motor vehicle part..

A.     **Autolive, Inc., Autoliv ASP, Inc., Autoliv B.V & Co. KG, Autoliv Safety Technology, Inc. and Autoliv Japan Ltd. (Together, "Autoliv")** "All persons and entities from January 1, 2003 through the Execution Date who: (1) purchased or leased a new vehicle in the United States for personal use and not for resale which included one or more Occupant Safety Restraint System(s) as a component part, which were manufactured or sold by a Defendant, any current or former parent, subsidiary or, affiliate of a Defendant or any co-conspirator of the Defendants, or (2) indirectly purchased one or more Occupant Safety Restraint System(s) as **a replacement part,** which were manufactured or sold by a Defendant, any current or former parent, subsidiary or, affiliate of a

Defendant or any co-conspirator of the Defendants..."

B. **Fujikura, Ltd. and Fujikura Automotive America LLC (together, "Fujikura")** "All persons and entities from January 1, 1999, through the Execution Date who: purchased or leased a new vehicle in the United States not for resale, which included one or more Automotive Wire Harness Systems as a component part, or indirectly purchased one or more Automotive Wire Harness Systems(s) as **a stand-alone replacement part**, which were manufactured or sold by Fujikura, any current or former subsidiary of Fujikura, or an co-conspirator of Fujikura..."

C. **Hitachi Automotive Systems, Ltd. ("HIAMS")** "'Alternators [and all other referenced parts] Settlement Class' is defined as: All persons and entities from January 1, 2000 through the Execution Date of this Agreement between HIAMS and End-Payor Plaintiffs who: indirectly purchased and/or leased one of more Alternators [and all other referenced parts] in the United States not for resale (1) as a component in a new vehicle or (2) **as a stand-alone product**..."

D. **Lear Corporation ("Lear") and Kyungshin-Lear Sales and Engineering, LLC ("KL Sales")**

"All persons and entities from January 1, 2000 through the Execution Date who: (1) purchased or leased a new motor vehicle in the United States for personal use and not for resale which included one or more Automotive Wire Harness System(s) as a component part, which were manufactured or sold by a Defendant, any current or former subsidiary of a Defendant, or any co-conspirator of the Defendants, or (2) indirectly purchased one or more Automotive Wire Harness System(s) as **a replacement part**, which were

4

manufactured or sold by a Defendant, any current or former subsidiary of a Defendant, or any co-conspirator of the Defendants..."

E.    **Nippon Seiki Co., Ltd., N.S. International, Ltd., and New Sabina Industries, Inc. (collectively, "Nippon Seiki")** "All persons and entities (but excluding Defendants, their parent companies, subsidiaries and affiliates, any coconspirators, federal government entities and instrumentalities of the federal government, states and their subdivisions, agencies and instrumentalities) that during the period from December 2002 up to and including the date that the Court enters and Order granting the Notice Motion, as set forth in Paragraph 16 of this Agreement, purchased or leased, in the United States, for personal use and not for resale, and Instrument Panel Cluster including (I) as a component in a motor vehicle, or (ii) as **a stand-alone product**."

F.    **Panasonic Corporation and Panasonic Corporation of North America (collectively, "Panasonic")** "'Switches [and all other referenced parts] Settlement Class' is defined as: All persons and entities who, from January 1. 200 through the Execution Date, purchased or leased a new vehicle in the United States not for resale that included one or more Switch9es) as a component part, or indirectly purchased one or more Switch(es) as a replacement part, which were manufactured or sold by a Defendant, any current or former parent, subsidiary, or affiliate of Defendant or any co-conspirator of the Defendants..."

G.    **Sumitomo Electric Industries, Ltd. ("SEI"), Sumitomo Wiring Systems, Ltd., Sumitomo Electric Wiring Systems, Inc, Sumitomo Wiring Systems (U.S.A) Inc., (collectively, "Sumitomo")** "'Wire Harness [and all other referenced parts] Settlement Class' is defined as: All persons and entities from January 1, 1999, through the Execution

Date who purchased or leased a new vehicle in the United States not for resale, which included one or more Automotive Wire Harness System(s) as a component part, or indirectly purchased one or more Automotive Wire Harness System(s) as **a replacement part**, which were manufactured or sold by a Defendant, any current or former subsidiary of a Defendant, or any co-conspirators of the Defendants..."

H.    **T.RAD Co., Ltd. And T.RAD North America, Inc. (together, "T.RAD")**  "(a) 'ATF Warmers [and all other referenced parts] Settlement Class' is defined as: All persons and entities who, from November 1, 2001, through the execution date of this Agreement (the "Execution Date") purchased or leased a new vehicle in the United States not for resale, which included one or more ATF Warmer(s) [or other referenced part] as a component part, or indirectly purchased one or more ATF Warmer(s) [ or other referenced part] as **a replacement part**, which were manufactured or sold by a Defendant, any current or former subsidiary of a Defendant, or any co-conspirators of the Defendants..."

I.    **TRW Deutschland Holding GmbH and TRW Automotive Holdings Corp. (collectively, "TRW")**  "All persons and entities from January 1, 2003 through the Execution Date who: (1) purchased or leased a new vehicle in the United States for personal and business use not for resale which included one or more Occupant Safety Restraint Systems as a component part, which were manufactured or sold by any Defendant, any current or former subsidiary of a Defendant or any co-conspirator of a Defendant, or (2) indirectly purchased one or more Occupant Safety Systems(s) as **a replacement part**, which were manufactured or sold by any Defendant, any current or former subsidiary of a Defendant or any co-conspirator of a Defendant..."

J.     **Yazaki Corporation and Yazaki North America, Incorporated (together, "Yazaki")**

For Fuel Senders, Instrument Panel, and Wire Harness: All Persons and entities from

January 1, 1999, through the execution date of this Agreement between Yazaki and End-

Payor Plaintiffs (the "Execution Date") who: purchased or leased a new vehicle in the

United States not for resale, which included one or more Fuel Senders [or other

referenced part] as a component part, or indirectly purchased one or more Fuel Senders as

a component part, or indirectly purchased one or more Fuel Senders as a replacement

part, which were manufactured or sold by a Defendant, any current or former subsidiary

of a Defendant, or any co-conspirators of the Defendants."

6.     For the Court to evaluate whether the Proposed Settlement is Fair, Adequate or

Reasonable, it is necessary to quantify the net expected value of continued litigation to the class,

since a settlement for less than that value would not be adequate. Determining that value require

estimating the range of possible outcomes and ascribing a probability to each point on the range.

In re General Motors Corp. Engine Interchange Litigation, 594 F.2d 1106, 1132- 133 (7th

Cir.1979)  Admittedly, a high degree of precision cannot be expected in valuing a litigation,

especially regarding the estimation of the probability of particular outcomes.  One methodology

for estimating fair settlement value is to estimate the range of possible outcomes and assign

values to the range.  For settlement purposes the lawyer estimates the chance of winning at 50/50

and assign a 50% chance of a zero verdict.  Then the lawyer estimates a high, medium and low

outcome, and assigns a percentage (out of the remaining 50%) to each.

7.    Respectfully, the Court is reminded that ordinarily, "a defendant is interested only in

disposing of the total claim asserted against it . . . the allocation between the class payment and

7

the attorneys' fees is of little or no interest to the defense . . . ." In re GMC Pick-Up Truck Fuel
Tank Prods. Liab. Litig., 55 F.3d 768, at 819-20  (3d Cir. 1995).

8.    The Proposed Settlement is not Fair, Adequate or Reasonable because the Notice is
constitutionally defective in the attorneys fees are too high.

9.    As Judge Posner stated in Reynolds, V.  Beneficial Natl. Bank 288 F.3d 277 (7th Cir.
2002) in discussing the judicial duty to protect the members of a class in class action litigation
from lawyers for the class who may, in derogation of their professional and fiduciary obligations,
place their pecuniary self-interest ahead of that of the class.  "This problem, repeatedly remarked
by judges and scholars, see, e.g., Culver v. City of Milwaukee, 277 F.3d 908, 910 (7th Cir.
2002); Grass v. Household Bank (Illinois), N.A., 176 F.3d 1012, 1013 (7th Cir. 1999); Rand v.
Monsanto Co., 926 F.2d 596, 599 (7th Cir. 1991); Dahomey v. John Hancock Mutual Life Ins.
Co., 183 F.3d 1, 7 (1st Cir. 1999); John C. Coffee, Jr., "Class Action Accountability: Reconciling
Exit, Voice, and Loyalty in Representative Litigation," 100 Calum. L.Rev. 370, -385-93 (2000);
David L. Shapiro, "Class Actions: The Class as Party and Client," 73 Notre Dame L.Rev. 913,
958-60 and n. 132 (1998), requires district judges to exercise the highest degree of vigilance in
scrutinizing proposed settlements of class actions. We and other courts have gone so far as to
term the district judge in the settlement phase of a class action suit a fiduciary of the class, who is
subject therefore to the high duty of care that the law requires of fiduciaries. Culver v. City of
Milwaukee, supra, 277 F.3d at 915; Stewart v. General Motors Corp., 756 F.2d 1285, 1293 (7th
Cir. 1985); In re Cendant Corp. Litigation, 264 F.3d 201, 231 (3d Cir. 2001); Grant v. Bethlehem
Steel Corp., 823 F.2d 20, 22 (2d Cir. 1987)"

10.   In this matter, based on the defective Notice, and the anticipated cost of re-noticing the

class, extending the claims date, and resetting a fairness hearing, the requested attorney's fees are excessive and unreasonable.

11.   The Cross Objectors hereby adopt and incorporate all other meritorious and timely filed objections that are not inconsistent with these objections, as if set forth fully herein.

WHEREFORE, the Cross Objectors  respectfully request that this Court sustain these Objections and enter such Orders as are necessary and just to adjudicate these Objections including but not limited to an order:

A.   disapproving the proposed settlement because it is not Fair, Adequate or Reasonable;

B.   disapproving the proposed settlement because of the improper and constitutionally defective Notice to the class;

C.   Denying the requested attorney's fees to Class Counsel;

D.    requiring class counsel and the settling defendants to craft a new settlement and Notice and then to  re-Notice the class; and,

E.   granting such other relief that this court deems necessary or proper so as to alleviate the inherent unfairness, inadequacy and unreasonableness of the proposed Settlement.

Respectfully submitted,

 /s/   N. Albert Bacharach, Jr.
N. Albert Bacharach, Jr.
Florida Bar Number: 209783
N. ALBERT BACHARACH, JR., P.A.
Attorney for  Objectors Carlene Cross and
Albert Graham, Jr.
4128 NW 13th Street
Gainesville, Florida  32609-1807
Phone: 378-9859 FAX: (352) 338-1858
 N.A.Bacharach@att.net

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the April 11, 2016, a PDF of the foregoing

was filed with the Clerk of the Court and that all parties will be Noticed and served by the

Court's CM/ECF system.

<div align="right">/s/ N. Albert Bacharach, Jr.<br>N. Albert Bacharach,.</div>

# EXHIBIT A

### IN RE: AUTOMOTIVE PARTS ANTITRUST LITIGATION

Name, Address and Phone Number:
Carlene Cross
3179 SE 53rd Court
Trenton, FL 32693
352-222-5605


Subclass:
IN RE: Radiator

a) Date of Purchase:  January 2015
b) Part Purchased:  Radiator
c) State of Purchase: Florida
d) Cost: $100.00


Carlene Cross

# EXHIBIT B

## IN RE: AUTOMOTIVE PARTS ANTITRUST LITIGATION

Name, Address, and Phone Number:
Albert Graham, Jr.
4013 NW 12th Terrace
Gainesville, FL 32609
352-792-5257


Subclass:
IN RE: Alternator, Radiator, Starter, and Switch


a) Date of Purchase:  March 2014
b) Part Purchased: Alternator
c) State of Purchase: Florida
d) Cost: $120.00

a) Date of Purchase: November 2014
b) Part Purchased: Radiator
c) State of Purchase: Florida
d) Cost: $100.00

a) Date of Purchase: June 2015
b) Part Purchased: Starter
c) State of Purchase: Florida
d) Cost: $129.00

a) Date of Purchase: April 2016
b) Part Purchased: Switch
c) State of Purchase: Florida
d) Cost: $30.00


Albert Graham Jr.

# Exhibit B

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | |
|---|---|
| IN RE: AUTOMOTIVE PARTS ANTITRUST LITIGATION | Master File No. 12-md-02311 Honorable Marianne O. Battani |
| IN RE: WIRE HARNESS | Case No. 2:12-cv-00103-MOB-MKM |
| IN RE: INSTRUMENT PANEL CLUSTERS | Case No. 2:12-cv-00203-MOB-MKM |
| IN RE: FUEL SENDERS | Case No. 2:12-cv-00303-MOB-MKM |
| IN RE: HEATER CONTROL PANELS | Case No. 2:12-cv-00403-MOB-MKM |
| IN RE: OCCUPANT SAFETY RESTRAINT SYSTEMS | Case No. 2:12-cv-00603-MOB-MKM |
| IN RE: ALTERNATORS | Case No. 2:13-cv-00703-MOB-MKM |
| IN RE: RADIATORS | Case No. 2:13-cv-01003-MOB-MKM |
| IN RE: STARTERS | Case No. 2:13-cv-01103-MOB-MKM |
| IN RE: SWITCHES | Case No. 2:13-cv-01303-MOB-MKM |
| IN RE: IGNITION COILS | Case No. 2:13-cv-01403-MOB-MKM |
| IN RE: MOTOR GENERATORS | Case No. 2:13-cv-01503-MOB-MKM |
| IN RE: STEERING ANGLE SENSORS | Case No. 2:13-cv-01603-MOB-MKM |
| IN RE: HID BALLASTS | Case No. 2:13-cv-01703-MOB-MKM |
| IN RE: INVERTERS | Case No. 2:13-cv-01803-MOB-MKM |
| IN RE: AIR FLOW METERS | Case No. 2:13-cv-02003-MOB-MKM |
| IN RE: FUEL INJECTION SYSTEMS | Case No. 2:13-cv-02203-MOB-MKM |
| IN RE: AUTOMATIC TRANSMISSION FLUID WARMERS | Case No. 2:13-cv-02403-MOB-MKM |
| IN RE: VALVE TIMING CONTROL DEVICES | Case No. 2:13-cv-02503-MOB-MKM |
| IN RE: ELECTRONIC THROTTLE BODIES | Case No. 2:13-cv-02603-MOB-MKM |
| THIS DOCUMENT RELATES TO: ALL END-PAYOR ACTIONS | |

**SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION**

TO:    Carlene Cross
       3179 SE 53rd Court
       Trenton, FL 32693

- 1 -

X  *Testimony:*  **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. The deposition will be recorded by stenographic and videotape methods.  If you are an organization, you must designate one or more officers, directors or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: | 4155 SW 40th Blvd Gainesville, FL 32608 | Date and Time: | April 27, 2016 at 9:00 am EST |
|---|---|---|---|

X  *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:.

**See Attachment A**

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

DATE: April 20, 2016

DAVID J. WEAVER, CLERK OF COURT

                              OR

_____          _____
    *Signature of Clerk or Deputy Clerk*              *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing End-Payor Plaintiffs, who issues or requests this subpoena, are:

Hollis Salzman
ROBINS KAPLAN LLP
601 Lexington Avenue, Suite 3400
New York, NY 10022
Telephone: (212) 980-7400
Facsimile: (212) 980-7499
HSalzman@RobinsKaplan.com

**Notice to the person who issues or requests this subpoena**

A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

**PROOF OF SERVICE**

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____.

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $_____.

My fees are   $_____   for travel and   $_____   for services for a total of   $_____

I declare under penalty of perjury that this information is true.

Date: _____       _____
                                                                        *Server's signature*

                                      _____
                                                                        *Printed name and title*

                                      _____
                                                                        *Server's address*

Additional information regarding attempted service, etc.:

**(c) Place of Compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
(A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
(A) *When Required.* On timely motion, the court for the district where
compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

## ATTACHMENT A

## DEFINITIONS

1.      "All/Each," the terms "all" and "each" shall be construed as all and each.

2.      "And/Or," the connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

3.      "Including" means "including without limitation."

4.      "Concerning" shall be construed in the broadest sense, and shall mean, without limitation: "referring to, constituting, bearing upon, commenting upon, reflecting, evidencing, pertaining to, describing, depicting, consisting of, containing, comprising, embodying, identifying, stating, discussing, analyzing, studying, summarizing, or dealing with.

5.      "You" or "Your" shall mean Carlene Cross.

6.      "Document" is identified to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a), including, without limitation, electronically stored information. A draft or non-identical copy is a separate document within the meaning of this term.

## DOCUMENT REQUESTS

## REQUEST NO. 1

Documents sufficient to show that you are a member of any of the classes in the above-captioned cases.

## REQUEST NO. 2

Documents sufficient to show that you have standing to object to any of the proposed settlements in the above-captioned cases.

## REQUEST NO. 3

All documents concerning any objections you have made to settlements reached in other class action litigation.

## REQUEST NO. 4

All documents concerning any money or things of value that you have received as consideration for settling or withdrawing objections to settlements reached in other class action litigation.

<u>AFFIDAVIT OF SERVICE</u>

UNITED STATES DISTRICT COURT
Eastern District of Michigan

Case Number: 12-MD-02311

IN RE:  AUTOMOTIVE PARTS ANTITRUST LITIGATION

For:
Hollis Salzman
Robins Kaplan LLP
601 Lexington Ave
Suite 3400
New York, NY 10022

Received by Platinum Courier Service on the 20th day of April, 2016 at 7:00 pm to be served on **Carlene Cross, 3179 S.E. 53rd Court, Trenton, FL 32693.**

I, Steve Lehr, being duly sworn, depose and say that on the **21st day of April, 2016** at **4:55 pm,** I:

**Individually Served** the within named person with a true copy of the **Subpoena to Testify at a Deposition in a Civil Action** with the date and hour endorsed thereon by me, pursuant to state statutes.

I certify that I have no interest in the above action, am of legal age and have proper authority in the jurisdiction in which this service was made.

STATE OF FLORIDA
COUNTY OF ALACHUA
Subscribed and Sworn to before me on the 21st
day of _____April_____, 2016 by the affiant
who is personally known to me.

_signature_
NOTARY PUBLIC

DENA ROBINSON
NOTARY PUBLIC
STATE OF FLORIDA
Comm# FF014023
Expires 5/1/2017

_signature_
Steve Lehr

**Platinum Courier Service**
P.O. Box 234
Rogers, MN 55374
(612) 221-2254

Our Job Serial Number: LEH-2016001725

Copyright © 1992-2013 Database Services, Inc. - Process Server's Toolbox V7.0t

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| IN RE: AUTOMOTIVE PARTS ANTITRUST LITIGATION | : | Master File No. 12-md-02311<br>Honorable Marianne O. Battani |
| | : | |
| IN RE: WIRE HARNESS | : | Case No. 2:12-cv-00103-MOB-MKM |
| IN RE: INSTRUMENT PANEL CLUSTERS | : | Case No. 2:12-cv-00203-MOB-MKM |
| IN RE: FUEL SENDERS | : | Case No. 2:12-cv-00303-MOB-MKM |
| IN RE: HEATER CONTROL PANELS | : | Case No. 2:12-cv-00403-MOB-MKM |
| IN RE: OCCUPANT SAFETY RESTRAINT SYSTEMS | : | Case No. 2:12-cv-00603-MOB-MKM |
| IN RE: ALTERNATORS | : | Case No. 2:13-cv-00703-MOB-MKM |
| IN RE: RADIATORS | : | Case No. 2:13-cv-01003-MOB-MKM |
| IN RE: STARTERS | : | Case No. 2:13-cv-01103-MOB-MKM |
| IN RE: SWITCHES | : | Case No. 2:13-cv-01303-MOB-MKM |
| IN RE: IGNITION COILS | : | Case No. 2:13-cv-01403-MOB-MKM |
| IN RE: MOTOR GENERATORS | : | Case No. 2:13-cv-01503-MOB-MKM |
| IN RE: STEERING ANGLE SENSORS | : | Case No. 2:13-cv-01603-MOB-MKM |
| IN RE: HID BALLASTS | : | Case No. 2:13-cv-01703-MOB-MKM |
| IN RE: INVERTERS | : | Case No. 2:13-cv-01803-MOB-MKM |
| IN RE: AIR FLOW METERS | : | Case No. 2:13-cv-02003-MOB-MKM |
| IN RE: FUEL INJECTION SYSTEMS | : | Case No. 2:13-cv-02203-MOB-MKM |
| IN RE: AUTOMATIC TRANSMISSION FLUID WARMERS | : | Case No. 2:13-cv-02403-MOB-MKM |
| IN RE: VALVE TIMING CONTROL DEVICES | : | Case No. 2:13-cv-02503-MOB-MKM |
| IN RE: ELECTRONIC THROTTLE BODIES | : | Case No. 2:13-cv-02603-MOB-MKM |
| | : | |
| THIS DOCUMENT RELATES TO: ALL END-PAYOR ACTIONS | : | |
| | : | |

**SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION**

TO:    Albert Graham, Jr.
       4013 NW 12th Terrace
       Gainesville, FL 32609

X Testimony: **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. The deposition will be recorded by stenographic and videotape methods. If you are an organization, you must designate one or more officers, directors or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: | 4155 SW 40th Blvd<br>Gainesville, FL 32608 | Date and Time: | April 28, 2016 at<br>9:00 am EST |
|--------|---------------------------------------------|----------------|----------------------------------|

X Production: You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:.

**See Attachment A**

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

DATE: <u>April 20, 2016</u>

DAVID J. WEAVER, CLERK OF COURT

OR

_____          _____
  *Signature of Clerk or Deputy Clerk*            *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing End-Payor Plaintiffs, who issues or requests this subpoena, are:

Hollis Salzman
ROBINS KAPLAN LLP
601 Lexington Avenue, Suite 3400
New York, NY 10022
Telephone: (212) 980-7400
Facsimile: (212) 980-7499
HSalzman@RobinsKaplan.com

**Notice to the person who issues or requests this subpoena**

A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

**PROOF OF SERVICE**

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____.

      ☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____; or

      ☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $_____.

My fees are   $_____   for travel and   $_____   for services for a total of   $_____

I declare under penalty of perjury that this information is true.

Date: _____

_____
                *Server's signature*

_____
              *Printed name and title*

_____
                *Server's address*

Additional information regarding attempted service, etc.:

**(c) Place of Compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person

    **(i)** is a party or a party's officer; or

    **(ii)** is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:

  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*

  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*

  **(A)** *When Required.* On timely motion, the court for the district where
compliance is required must quash or modify a subpoena that:

    **(i)** fails to allow a reasonable time to comply;

    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);

    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

    **(iv)** subjects a person to undue burden.

  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*

  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

    **(i)** expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

- 4 -

## ATTACHMENT A

## DEFINITIONS

1.        "All/Each," the terms "all" and "each" shall be construed as all and each.

2.        "And/Or," the connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

3.        "Including" means "including without limitation."

4.        "Concerning" shall be construed in the broadest sense, and shall mean, without limitation: "referring to, constituting, bearing upon, commenting upon, reflecting, evidencing, pertaining to, describing, depicting, consisting of, containing, comprising, embodying, identifying, stating, discussing, analyzing, studying, summarizing, or dealing with.

5.        "You" or "Your" shall mean Albert Graham, Jr.

6.        "Document" is identified to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a), including, without limitation, electronically stored information. A draft or non-identical copy is a separate document within the meaning of this term.

## DOCUMENT REQUESTS

## REQUEST NO. 1

Documents sufficient to show that you are a member of any of the classes in the above-captioned cases.

## REQUEST NO. 2

Documents sufficient to show that you have standing to object to any of the proposed settlements in the above-captioned cases.

## REQUEST NO. 3

All documents concerning any objections you have made to settlements reached in other class action litigation.

## REQUEST NO. 4

- 5 -

All documents concerning any money or things of value that you have received as consideration for settling or withdrawing objections to settlements reached in other class action litigation.

## AFFIDAVIT OF SERVICE

### UNITED STATES DISTRICT COURT
Alachua District of Florida

Case Number: 12-MD-02311

**IN RE:** AUTOMOTIVE PARTS ANTITRUST LITIGATION

For:
Hollis Salzman
Robins Kaplan LLP
601 Lexington Ave
Suite 3400
New York, NY 10022

Received by Platinum Courier Service on the 20th day of April, 2016 at 7:00 pm to be served on **Albert Graham, Jr., 4013 N.W. 12th Terrace, Gainesville, FL 32609**.

I, Shawn Mazzerle, being duly sworn, depose and say that on the **21st day of April, 2016** at **12:15 pm, I:**

**Individually Served** the within named person with a true copy of the **Subpoena to Testify at a Deposition in a Civil Action** with the date and hour endorsed thereon by me, pursuant to state statutes.

I certify that I have no interest in the above action, am of legal age and have proper authority in the jurisdiction in which this service was made.

STATE OF FLORIDA
COUNTY OF ALACHUA
Subscribed and Sworn to before me on the _21st_
day of ___April___ , _2016_ by the affiant
who is personally known to me.

_____
NOTARY PUBLIC

DENA ROBINSON
NOTARY PUBLIC
STATE OF FLORIDA
Comm# FF014023
Expires 5/1/2017

**Shawn Mazzerle**
Process Server

**Platinum Courier Service**
P.O. Box 234
Rogers, MN 55374
(612) 221-2254

Our Job Serial Number: LEH-2016001706

Copyright © 1992-2013 Database Services, Inc. - Process Server's Toolbox V7.0t

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | |
|---|---|
| IN RE: AUTOMOTIVE PARTS ANTITRUST LITIGATION | : : Master File No. 12-md-02311<br>: Honorable Marianne O. Battani |
| IN RE: WIRE HARNESS | : Case No. 2:12-cv-00103-MOB-MKM |
| IN RE: INSTRUMENT PANEL CLUSTERS | : Case No. 2:12-cv-00203-MOB-MKM |
| IN RE: FUEL SENDERS | : Case No. 2:12-cv-00303-MOB-MKM |
| IN RE: HEATER CONTROL PANELS | : Case No. 2:12-cv-00403-MOB-MKM |
| IN RE: OCCUPANT SAFETY RESTRAINT SYSTEMS | : Case No. 2:12-cv-00603-MOB-MKM<br>: |
| IN RE: ALTERNATORS | : Case No. 2:13-cv-00703-MOB-MKM |
| IN RE: RADIATORS | : Case No. 2:13-cv-01003-MOB-MKM |
| IN RE: STARTERS | : Case No. 2:13-cv-01103-MOB-MKM |
| IN RE: SWITCHES | : Case No. 2:13-cv-01303-MOB-MKM |
| IN RE: IGNITION COILS | : Case No. 2:13-cv-01403-MOB-MKM |
| IN RE: MOTOR GENERATORS | : Case No. 2:13-cv-01503-MOB-MKM |
| IN RE: STEERING ANGLE SENSORS | : Case No. 2:13-cv-01603-MOB-MKM |
| IN RE: HID BALLASTS | : Case No. 2:13-cv-01703-MOB-MKM |
| IN RE: INVERTERS | : Case No. 2:13-cv-01803-MOB-MKM |
| IN RE: AIR FLOW METERS | : Case No. 2:13-cv-02003-MOB-MKM |
| IN RE: FUEL INJECTION SYSTEMS | : Case No. 2:13-cv-02203-MOB-MKM |
| IN RE: AUTOMATIC TRANSMISSION FLUID WARMERS | : Case No. 2:13-cv-02403-MOB-MKM<br>: |
| IN RE: VALVE TIMING CONTROL DEVICES | : Case No. 2:13-cv-02503-MOB-MKM<br>: |
| IN RE: ELECTRONIC THROTTLE BODIES | : Case No. 2:13-cv-02603-MOB-MKM<br>: |
| THIS DOCUMENT RELATES TO:<br>ALL END-PAYOR ACTIONS | :<br>:<br>:<br>:<br>: |

**SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION**

TO:   N. Albert Bacharach, Jr.
      4128 NW 13th St.
      Gainesville, FL 32609

- 1 -

X  *Testimony:*  **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. The deposition will be recorded by stenographic and videotape methods. If you are an organization, you must designate one or more officers, directors or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: | 4155 SW 40th Blvd Gainesville, FL 32608 | Date and Time: | April 29, 2016 at 9:00 am EST |
|--------|------------------------------------------|----------------|-------------------------------|

X  *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:.

**See Attachment A**

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

DATE: <u>April 20, 2016</u>

DAVID J. WEAVER, CLERK OF COURT

OR

_____          _____
*Signature of Clerk or Deputy Clerk*                  *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing End-Payor Plaintiffs, who issues or requests this subpoena, are:

Hollis Salzman
ROBINS KAPLAN LLP
601 Lexington Avenue, Suite 3400
New York, NY 10022
Telephone: (212) 980-7400
Facsimile: (212) 980-7499
HSalzman@RobinsKaplan.com

**Notice to the person who issues or requests this subpoena**
A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

**PROOF OF SERVICE**

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____.

     ☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____; or

     ☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $_____.

My fees are  $_____   for travel and  $_____   for services for a total of  $_____

I declare under penalty of perjury that this information is true.

Date: _____

                             _____
                                     *Server's signature*

                             _____
                                   *Printed name and title*

                             _____
                                      *Server's address*

Additional information regarding attempted service, etc.:

**(c) Place of Compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person

    **(i)** is a party or a party's officer; or

    **(ii)** is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:

  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*

  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*

  **(A)** *When Required.* On timely motion, the court for the district where
compliance is required must quash or modify a subpoena that:

    **(i)** fails to allow a reasonable time to comply;

    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);

    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

    **(iv)** subjects a person to undue burden.

  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*

  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

    **(i)** expressly make the claim; and

    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

## ATTACHMENT A

### DEFINITIONS

1.  "All/Each," the terms "all" and "each" shall be construed as all and each.

2.  "And/Or," the connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

3.  "Including" means "including without limitation."

4.  "Concerning" shall be construed in the broadest sense, and shall mean, without limitation: "referring to, constituting, bearing upon, commenting upon, reflecting, evidencing, pertaining to, describing, depicting, consisting of, containing, comprising, embodying, identifying, stating, discussing, analyzing, studying, summarizing, or dealing with.

5.  "You" or "Your" shall mean N. Albert Bacharach, Jr.

6.  "Document" is identified to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a), including, without limitation, electronically stored information. A draft or non-identical copy is a separate document within the meaning of this term.

## DOCUMENT REQUESTS

### REQUEST NO. 1

All documents concerning any objections you or your clients have made to settlements reached in other class action litigation.

### REQUEST NO. 2

All documents concerning any money or things of value that you or your clients have received as consideration for settling or withdrawing objections to settlements reached in other class action litigation.

### AFFIDAVIT OF SERVICE

## UNITED STATES DISTRICT COURT
Alachua District of Florida

Case Number: 12-MD-02311

**IN RE:** AUTOMOTIVE PARTS ANTITRUST LITIGATION

For:
Hollis Salzman
Robins Kaplan LLP
601 Lexington Ave
Suite 3400
New York, NY 10022

Received by Platinum Courier Service on the 20th day of April, 2016 at 7:00 pm to be served on **N. Albert Bacharach, Jr., 4128 N.W. 13th Street, Gainesville, FL 32609.**

I, Shawn Mazzerle, being duly sworn, depose and say that on the **21st day of April, 2016** at **12:20 pm, I:**

**Individually Served** the within named person with a true copy of the **Subpoena to Testify at a Deposition in a Civil Action** with the date and hour endorsed thereon by me, pursuant to state statutes.

I certify that I have no interest in the above action, am of legal age and have proper authority in the jurisdiction in which this service was made.

STATE OF FLORIDA
COUNTY OF ALACHUA
Subscribed and Sworn to before me on the 21st
day of _April_, 2016 by the affiant
who is personally known to me.

_____
NOTARY PUBLIC



DENA ROBINSON
NOTARY PUBLIC
STATE OF FLORIDA
Comm# FF014023
Expires 5/1/2017

**Shawn Mazzerle**
Process Server

**Platinum Courier Service**
P.O. Box 234
Rogers, MN 55374
(612) 221-2254

Our Job Serial Number: LEH-2016001707

Copyright © 1992-2013 Database Services, Inc. - Process Server's Toolbox V7.0t

# Exhibit C

Case 2:12-md-02311-SFC-RSW ECF No. 1344-2 PageID.23772 Filed 05/09/16 Page 36 of
Case 2:16-mc-00026-MW-GRJ Document 19 Filed 04/25/16 Page 1 of 10
108

# UNITED STATES DISTRICT COURT
## <u>FOR THE NORTHERN DISTRICT OF FLORIDA</u>
### (GAINESVILLE DIVISION)

### MISCELLANEOUS CASE NUMBER:  1:16 – MC –26

### MOTION TO QUASH SUBPOENA SERVED ON N. ALBERT BACHARACH, JR , ATTORNEY FOR 2 CLASS MEMBERS/OBJECTORS IN THE BELOW STYLED CASE

**United States District Court, Eastern District of Michigan, Southern Division**

**Master File 12-md-02311**

**IN RE: AUTOMOTIVE PARTS ANTITRUST LITIGATION**

**Honorable, Marianne O. Battani**

| | |
|---|---|
| IN RE: WIRE HARNESS. . . . . . . . . . . . . . . | Case No.2:12-cv-00103-MOB-MKM |
| IN RE: INSTRUMENT PANEL CLUSTERS. . . . . . . . . . . . . . . . . . . . . . . | Case No.2:12-cv-00203-MOB-MKM |
| IN RE: FUEL SENDERS. . . . . . . . . . . . . | Case No.2:12-cv-00303-MOB-MKM |
| IN RE: HEATER CONTROL PANELS. . . . . | Case No. 2:12-cv-00403-MOB-MKM |
| IN RE: OCCUPANT SAFETY RESTRAINT SYSTEMS. . . . . . . . . . . . . . . | Case No.2:12-cv-00603-MOB-MKM |
| IN RE: ALTERNATORS. . . . . . . . . . . . . . . | Case No. 2:13-cv-00703-MOB-MKM |
| IN RE: RADIATORS. . . . . . . . . . . . . . . . . . | Case No. 2:13-cv-01003-MOB-MKM |
| IN RE: STARTERS. . . . . . . . . . . . . . . . . . . | Case No. 2:13-cv-01103-MOB-MKM |
| IN RE: SWITCHES. . . . . . . . . . . . . . . . . . . | Case No. 2:13-cv-01303-MOB-MKM |
| IN RE: IGNITION COILS. . . . . . . . . . . . . . | Case No. 2:13-cv-01403-MOB-MKM |
| IN RE: MOTOR GENERATORS. . . . . . . . . | Case No. 2:13-cv-01503-MOB-MKM |
| IN RE: STEERING ANGLE SENSORS. . . . | Case No. 2:13-cv-01603-MOB-MKM |
| IN RE: HID BALLASTS. . . . . . . . . . . . . . . . | Case No. 2:13-cv-01703-MOB-MKM |
| IN RE: INVERTERS. . . . . . . . . . . . . . . . . . . | Case No. 2:13-cv-01803-MOB-MKM |
| IN RE: AIR FLOW METERS. . . . . . . . . . . . | Case No. 2:13-cv-02003-MOB-MKM |
| IN RE: FUEL INJECTION SYSTEMS. . . . . | Case No. 2:13-cv-02203-MOB-MKM |
| IN RE: AUTOMATIC TRANSMISSION FLUID WARMERS. . . . . . . . . . . . . . . . . . . | Case No. 2:13-cv-02403-MOB-MKM |
| IN RE: VALVE TIMING CONTROL DEVICES. . . . . . . . . . . . . . . . . . . . . . . . . . | Case No. 2:13-cv-02503-MOB-MKM |
| IN RE: ELECTRONIC THROTTLE BODIES. . . . . . . . . . . . . . . . . . . . . . . . . . | Case No. 2:13-cv-02603-MOB-MKM |

_____

THIS DOCUMENT RELATES TO:
ALL END-PAYOR ACTIONS

Comes now, N. Albert Bacharach, Jr., a member of the Florida bar, the bar of this court, and the bar of the United States District Court for the Eastern District of Michigan, who represents two class members/objectors before the United States District Court for the Eastern District of Michigan, Southern division with regard to the "In re Automotive Parts Antitrust Litigation", who, by and through his undersigned counsel moves this court to quash the out of district subpoena served on Mr. Bacharach on Thursday, April 21, 2016, compelling his attendance at a deposition, *ducus tecum*, or enter protective order, pursuant to rule 45(d)  and says:

1.     The underlying matter pending in Michigan concerns antitrust violations by automobile parts manufacturers.  The above sub actions all ending in 03 only concern end-users, also known as indirect purchasers[1], who, purchased one or more of the following replacement automobile parts: Wire Harness, Instrument Panel Clusters,  Fuel Senders, Heater Control Panels, Occupant Safety Restraint Systems, Alternators, Radiators, Starters, Switches Ignition Coils, Motor Generators, Steering Angle Sensors, Hid Ballasts, Inverters, Air Flow Meters, Fuel Injection Systems, Automatic Transmission  Fluid Warmers, Valve Timing

---

[1]  After the US Supreme Court held in *Illinois Brick Co. v. Illinois*
431 U.S. 720 (1977) that damages to end payers (also known indirect purchasers) were not included parties in the federal antitrust laws; a number of states including Florida past laws granting injured party standing to indirect purchasers.

Case 2:12-cmd-02311-SFC-RSW ECF No. 1344-2 PageID.23772 Filed 05/09/16 Page 38 of
Case 2:16-mc-00026-MW-GRJ Document 10 Filed 04/25/16 Page 8 of 10
108

Control Devices, and Electronic Throttle Bodies.

2.      As with most class-action antitrust matters in the federal courts, the
heavy lifting was done by government agencies.  In this matter they were the
European Commission, the U.S. Department of Justice and Japan's Fair Trade
Commission.  In February 2010 the European commission, the Japanese fair Trade
Commission and the FBI all conducted raids of automobile parts manufacturers
believed to be conspiring to set the price of automobile parts; in violation of the
laws of the United States, the European Union and Japan.  By the fall of 2011 a
number of auto parts manufacturers had pled guilty to charges filed by the Justice
Department and began paying significant monetary fines in the hundreds of
million dollars range.

3.      Also in the fall of 2011, attorneys filed two (2) putative class actions:
Lucha Bott, et al. v. Delphi Automotive LLP, et al.,) N.D. California, C.A. No.
3:11-04949; and, Susan LaCava v. Delphi Automotive LLP, et al., ) E.D.
Michigan, C.A. No. 2:11-14399.

4.      Pursuant to 28 U.S.C. § 1407, plaintiff in the action pending in the
Eastern District of Michigan action moved the United States Judicial Panel on
Multidistrict Litigation to centralize the litigation in that district.  While the matter
was pending the panel was informed of 42 additional tag-along actions.  In
February 2012 the judicial panel entered an order making the Eastern District of

3

Michigan the transferee district in part because that district was where "the vast majority of actions are pending, including the first filed action. Moreover, several defendants are located in this district and [a] related criminal investigation is ongoing there." (Doc 2, 12-md-02311)

5.      To date the Honorable Marianne O. Battani, U.S. District Judge has granted preliminary approval of proposed settlement in a number of the end pair actions including: Autoliv (Occupant Safety Restraint Systems); Fujikura (Wire Harness Systems); HIAMS EPP Lear and KL Sales (Wire Harness Systems); Nippon Seiki (Instrument Panel Clusters); Panasonic (Switches, Steering Angle Sensors, HID Ballasts); Sumitomo (Heater Control Panels); Sumitomo (Wire Harness Systems); TRAD EPP ATF Warmers; TRAD EPP Radiators; TRW (Occupant Safety Restraint Systems); Yazaki (Fuel Senders); Yazaki (Instrument Panel Clusters); and, Yazaki (Wire Harness Systems). The foregoing propose settlements have been combined into one fairness hearing scheduled for May 11, 2016. These  combined settlements represent a settlement fund of $224,668, 350.00. Class Counsel is requesting 1/3 of that settlement fund, $74,889,450. 00.

6.      On or about April 11, 2016, N. Albert Bacharach, Jr, a member of the Florida bar, who is also a member of the bar of this court as well as the United States District Court for the Eastern District of Michigan, filed objections to the proposed settlement, on behalf of two (2) Florida class members, with regard to

4

Case 2:12-cmd-02361-SEC-RSW-ECF No. 1344-2 Page ID: 2377/25 Filed 05/09/16 Page 40 of 108
Case 2:16-mc-00026-MW-GRJ Document 1-9 Filed 04/25/16 Page 8 of 16
108

both the defective Notice provided to class members as well as the requested, overreaching, requested attorneys' fees to class Counsel. A true and correct copy of the "Objections, Proof of Membership in Class and Notice of Intent to Appear, by Counsel, at the May 11, 2016 Fairness Hearing," filed by Mr. Bacharach is attached hereto and incorporated herein by reference as Exhibit "A'.

7.      On April 21, 2016 Mr. Bacharach was served with a "Subpoena to Testify at a Deposition in a Civil Action," directing his appearance on Friday, April 29, 2016. A true and correct copy of the subpoena served on Mr. Bacharach is attached hereto and incorporated herein by reference as exhibit "B."

8.      On its face the subpoena appears to be void because it violate Rule 45(a)(D)(3) which requires the issuing attorney to be authorized to practice in the issuing court. i.e., the attorney must either be a member of the Court, or admitted *pro hac vice*. In this matter the issuing attorney Hollis Salzman is a new York attorney who practices in the New York office of Robins Kaplan, LLP, 601 Lexington Avenue, Suite 3400, New York, NY 10022. The master docket shows at entry 21, Filed & Entered: 3/08/2012, titled, Notice of Appearance, Docket Text: "NOTICE of Appearance by Hollis L Salzman - MDL **NOT ADMITTED** on behalf of Sonny Beck, Robert Beeson, Curtis P. Boudreaux, Susan Lacava, Tommy N. Wilson. (Attachments: # (1) Proof of Service) (Salzman - MDL **NOT**

5

Case 2:12-cmd-02311-SFC-RSW ECF No. 1344-2 PageID.23775 Filed 05/09/16 Page 41 of
Case 2:16-mc-00026-MW-GRJ Document 1-9 Filed 04/25/16 Page 8 of 10
108

**ADMITTED**, Hollis[2]). Thus,

     9.    Mr. Bacharach is a non-party to the "In re Automotive Parts Antitrust

Litigation," who represents two (2) class members/objectors. Any information

Mr. Bacharach has with regard to the two (2) class members/objectors is

privileged and beyond the scope of discovery allowed by the amended rule

26(b)(1) which specifically prohibits discovery of privileged matters[3]. Thus, on its

face the subpoena has been issued for an improper purpose.

     10.    Mr. Bacharach retained undersigned counsel to quash the subpoena

on Friday, April 22, 2016. The undersigned spoke with class counsel that day.

Class counsel refused withdraw the subpoena.

     11.    This court has jurisdiction over the subject matter of this motion

---

[2]

| 21 | Filed & Entered: | 03/08/2012 | Notice of Appearance |
|----|------------------|------------|----------------------|
| | Docket Text: NOTICE of Appearance by Hollis L Salzman - MDL NOT ADMITTED on behalf of Sonny Beck, Robert Beeson, Curtis P. Boudreaux, Susan Lacava, Tommy N. Wilson. (Attachments: # (1) Proof of Service) (Salzman - MDL NOT ADMITTED, Hollis) | | |

[3] Federal Rule of Civil Procedure 26 was amended in 1970 to codify the holding in *Hickman v. Taylor*, 329 U.S. 495, 67 S. Ct. 385, 91 L. Ed. 451 (1947). In *Hickman*, the Supreme Court created a limited immunity from discovery for the written statements, private memoranda, and personal recollections prepared by an adverse party's counsel in anticipation of litigation. The decision was based in large measure on the need to protect the thought processes of lawyers. In the words of Justice Jackson, "(discovery) was hardly intended to enable a learned profession to perform its functions either without wits or on wits borrowed from the adversary." Id. at 516, 67 S. Ct. at 396 (Jackson, J., concurring)

Case 2:12-cv-02311-SFC-RSW ECF No. 1344-2 PageID.33776 Filed 05/09/16 Page 42 of
Case 2:16-mc-00026-MV-GRJ Document 19-4 Filed 04/25/16 Page 7 of 16
108

pursuant to Rule 45(d)(3)(A)(iii), and venue is proper before this court pursuant to

Rule 45(d)(3)(B). See, *Jee Family Holdings, LLC v. San Jorge Children's*

*Healthcare, Inc*. 290 7F. R. D. 19 (D. Puerto Rico 2014)*; Lucky v. University of*

*San Diego*, 214 WL 7111950 (S. D. Cal 2014).

12. The case law, regarding the impropriety of taking the deposition of an

opposing party's attorney, clearly supports quashing Mr. Bacharach's subpoena.

A. The Supreme Court is never retreated from its holding in *Hickman v.*

*Taylor*, 329 U.S. 495, 67 S. Ct. 385, 91 L. Ed. 451 (1947). In Hickman, the

petitioner made discovery requests seeking memoranda prepared by the

defendants' attorney memorializing witness interviews prepared after the

underlying accident but before the litigation commenced. *Hickman* at 498-99. The

Supreme Court ruled that the information was not discoverable because it fell

"*outside the arena of discovery and [discovery would] contravene[] the public*

*policy underlying the orderly prosecution and defense of legal claims." Id. at*

*509-10. That policy reflected the necessity "that a lawyer work with a certain*

*degree of privacy, free from unnecessary intrusion by opposing parties and their*

*counsel*." *Hickman* at 510-11. Thus, "*the [w]ork product of the lawyer" is shown*

"*in interviews, statements, memoranda, correspondence, briefs, mental*

*impressions, personal beliefs, and countless other tangible and intangible ways*."

*Hickman* at 511 (internal quotation marks omitted). The Court indicated that if this

7

Case 2:12-cmd-02311-SFC-RSW ECF No. 1344-2 PageID.23775 Filed 05/09/16 Page 43 of
108
Case 2:16-mc-00026-MWF-GRJ Document 19-4 Filed 04/25/16 Page 8 of 16

material was not protected from discovery, "*much of what is now put down in writing would remain unwritten" and that "[a]n attorney's thoughts . . . would not be his own.*" The result of a contrary rule would be "[i]nefficiency, unfairness[,] . . . sharp practices," and a "demoralizing" effect on the profession.

B.      As the 8th circuit said in *Shelton v. Am. Motors Corp*., 805 F.2d 1323, 1986 U.S. App. LEXIS 34150 (8th Cir. 1986) "Undoubtedly, counsel's task in preparing for trial would be much easier if he could dispense with interrogatories, document requests, and depositions of lay persons, and simply depose opposing counsel in an attempt to identify the information that opposing counsel has decided is relevant and important to his legal theories and strategy. The practice of forcing trial counsel to testify as a witness, however, has long been discouraged, see *Hickman v. Taylor,* 329 U.S. 495, 513, 91 L. Ed. 451, 67 S. Ct. 385 (1947) (it causes "the standards of the profession [to] suffer"), and recognized as disrupting the adversarial nature of our judicial system, see id. at 516 (Jackson, J., concurring) ("Discovery was hardly intended to enable a learned profession to perform its functions * * * on wits borrowed from the adversary."). Taking the deposition of opposing counsel not only disrupts the adversarial system and lowers the standards of the profession, but it also adds to the already burdensome time and costs of litigation. It is not hard to imagine additional pretrial delays to resolve work-product and attorney-client objections, as well as delays to resolve

Case 2:12-cmd-02311-SFC-RSW v. ECR No. 1344-2 PageID.23772 Filed 05/09/16 Page 44 of
Case 2:16-mc-00026-MW-GRJ Document 1-1 Filed 04/25/16 Page 9 of 10
108

collateral issues raised by the attorney's testimony. Finally, the practice of

deposing opposing counsel detracts from the quality of client representation.

Counsel should be free to devote his or her time and efforts to preparing the

client's case without fear of being interrogated by his or her opponent. Moreover,

the "chilling effect" that such practice will have on the truthful communications

from the client to the attorney is obvious.

We do not hold that opposing trial counsel is absolutely immune from being

deposed. We recognize that circumstances may arise in which the court should

order the taking of opposing counsel's deposition. But those circumstances should

be limited to where the party seeking to take the deposition has shown that (1) no

other means exist to obtain the information than to depose opposing counsel, see,

e.g., *Fireman's Fund Insurance Co. v. Superior Court*, 72 Cal. App. 3d 786, 140

Cal. Rptr. 677, 679 (1977); (2) the information sought is relevant and

**nonprivileged**; and (3) the information is crucial to the preparation of the case."

(emphasis added).

**WHEREFORE**, non-party movant N. Albert Bacharach, Jr., by counsel,

moves this Court for an Order quashing the subpoena (exhibit "B") commanding

his appearance at deposition on Friday April 29, 2016.

## <u>CERTIFICATE OF GOOD FAITH CONFERENCE</u>

Pursuant to Local Rule 7.1(B) I hereby certify that I have conferred with

Class Counsel in a good faith effort to resolve the issues raised by Mr.

Bacharach's motion, but was unable to resolve the same.

<div style="margin-left: 40%;">

Respectfully submitted,
On behalf of N. Albert. Bacharach, Jr.

By his attorney,

/s/ Paul S. Rothstein
Paul S. Rothstein (FBN 310123)
626 NE 1st Street
Gainesville, FL 32601
Telephone: (352)376-7650
Facsimile: (352) 374-7133
psr@rothsteinforjustice.com

</div>

## CERTIFICATE OF SERVICE

I Hereby Certify That on the April 25, 2016, a PDF of the Foregoing "Motion to

Quash out of District Subpoena Served on N. Albert Bacharach, Jr , Attorney for

two (2) Class Members/ Objectors in the below Styled Case" was filed with the

Clerk of the Court using the Courts CM/ECF system and class counsel issuing the

subpoena, Hollis Salzman, was served by email at Hsalzman@RobinsKaplan.com

as was her partner William V. Reiss at WReiss@RobinsKaplan.com

<div style="margin-left: 50%;">

/s/Paul S. Rothstein
Paul S. Rothstein

</div>

# Exhibit D

Case 2:12-md-02311-SFC-RSW ECF No. 1344-2 PageID.23782 Filed 05/09/16 Page 47 of
Case 1:16-mc-00026-MW-GRJ Document 9 Filed 04/29/16 Page 1 of 10
108

# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# GAINESVILLE DIVISION

IN RE: AUTOMOTIVE PARTS
ANTITRUST LITIGATION

CASE NO. 1:16-MC-26-MW-GRJ

_____/

## O R D E R[1]

Pending before the Court is the Motion to Quash Subpoena on N.

Albert Bacharach, Jr., Attorney for 2 Class Members/Objectors.  ECF. No.

1.  As directed by the Court the End-Payor Class Plaintiffs file a

memorandum in opposition.  ECF No. 6.  Pursuant to prior notice the Court

conducted a telephonic hearing on April 28, 2016 to address the motion.

The motion is, therefore, ripe for consideration.  For the reasons discussed

on the record at the hearing, which are fully incorporated into this order,

and as summarized below, the motion to quash subpoena is due to be

denied.

_____

[1] Although the order of referral, ECF No. 4, directed the undersigned to prepare
a report and recommendation, this was entered in error. Judge Walker instead orally
confirmed with the undersigned to enter an order, and not a report and
recommendation, on the motion because the motion is a non-dispositive motion under
28 U.S.C. § 636(b)(1)(A), subject to reconsideration where it has been shown the
magistrate's judge's order is clearly erroneous or contrary to law.

Case 2:12-cmd-02311-SFC-RSW  ECF No. 1344-2  PageID.23782  Filed 05/09/16  Page 48 of
Case 2:16-mc-00026-MW-GRJ   Document 90   Filed 04/29/16   Page 2 of 10
108

# DISCUSSION

This discovery dispute pending before the Court concerns a subpoena duces tecum served on N. Albert Bacharach ("Bacharach"), a Gainesville attorney, who represents two class members in a multidistrict litigation, presently pending before the District Court in the Eastern District of Michigan in the coordinated and consolidated pretrial proceedings in *In Re Automotive Parts Antitrust Litigation*, Master File No. 12-md-02311. Bacharach has filed objections on behalf of two class members to the notice to potential class members of the partial settlements in *Automotive Parts.* Counsel for the End-Payor Plaintiffs served Bacharach with a subpoena to testify at a deposition and requested Bacharach to produce two categories of documents at his deposition.

Bacharach has filed a motion to quash the subpoena on the grounds that: (1) the subpoena is void because it was signed by an attorney who is not admitted to practice in the Eastern District of Michigan, the Court from which the subpoena was issued; and (2) the information sought in the deposition and the documents requested in the subpoena are privileged. Additionally— although there was no mention in the motion that the subpoena exceeded the permissible scope of discovery by requesting

irrelevant information— at the hearing Bacharach argued that the information requested in the subpoena was not relevant.

Turning first to Bacharach's argument that the subpoenas is void because the attorney who signed the subpoena was not authorized to practice in the Eastern District of Michigan, the End-Payor Plaintiffs have demonstrated that Bacharach's argument is invalid because Hollis L. Salzman, the attorney who signed the subpoena, is admitted in the Eastern District of Michigan. This fact is confirmed by the excerpt of the proceedings held in the Eastern District of Michigan on March 16, 22012, which evidence that Ms. Salzman was sworn in as a member of the bar of the Eastern District of Michigan.[2]

With regard to Bacharach's argument that the requested information is privileged there are a number of problems with this argument.  First, it is unclear whether Bacharach contends that the information is privileged as attorney-client or under the work-product doctrine. Regardless of the basis of the privilege, with regard to documents, Bacharach has failed to provide

_____

[2] ECF No. 6, Ex. A.

*Case No: 1:16-mc-26-MW-GRJ*

Case 2:12-cv-02311-SFC-RSW   ECF No. 1344-2   PageID.23784   Filed 05/09/16   Page 50 of 108
Case 0:16-mc-00026-MW-GRJ   Document 90   Filed 04/29/16   Page 4 of 10

Page 4 of 10

a privilege log or for that matter failed to identify at the hearing even one document that he contends is privileged.

Under Rule 45 of the Federal Rules of Civil Procedure a person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must: (i) expressly make the claim, and (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim. Fed. R. Civ. P. 45(e)(2)(A). Thus, as is the case when a party withholds documents in response to a request to produce, a non-party served with a subpoena, who seeks to withhold documents, also must file a privilege log. *Ubiquiti Netweorks, Inc. V Kozumi USA Corp.,* 295 F.R.D. 517, 521 (N.D. Fla. 2013). The purpose of a privilege log is to provide the requesting party with sufficient information to make a determination as to whether a particular privilege applies. In the absence of a privilege log containing information as to the type of document, the date, the author, the recipients and a description of the subject matter there is simply no way to determine the nature of the documents being withheld.  While the failure to

Case 2:12-md-02311-SFC-RSW ECF No. 1344-2 PageID.23785 Filed 05/09/16 Page 51 of
108
Case 2:16-mc-00026-MW-GRJ Document 90 Filed 04/29/16 Page 5 of 10

provide a privilege log can be grounds for denying the privilege, the Court

will provide Bacharach with an opportunity to provide a privilege log and

with an opportunity to consult with counsel for the End-Payor Plaintiffs in

the event Bacharach identifies any documents subject to a claim of

privilege.[3]

Bacharach also argues as a general proposition that it is improper to

depose an opposing party's attorney because the inquiry at the deposition

will involve privileged information Bacharach posesses regarding the two

class members he represents. The problem with this argument is that the

Court cannot make a determination as to whether requested information is

privileged unless or until there is a question and objection at a deposition.

The Court cannot make advisory rulings on what might or might not be

asked at the deposition. But the mere fact that Bacharach speculates that

there may be examination into privileged areas of communications

between Bacharach and his clients is not a reason to quash the subpoena

and prohibit the deposition from taking place in the first instance.

Whether the overriding purpose of the deposition is to delve into

---

[3] Bacharach must provide the End-Payor Plaintiffs with any privilege log no later
than May 3, 2016.

*Case No: 1:16-mc-26-MW-GRJ*

Bacharach's thought processes for filing the objections (an area that admittedly would involve the work-product privilege), brings into play the issue of relevance, an argument Bacharach did not make in his motion but made during the hearing.

Courts have held that the scope of discovery under a subpoena is the same as the scope of discovery under Rule 26 of the Federal Rules of Civil Procedure. 9A Charles A. Wright and Arthur R. Miller, *Federal Practice and Procedure*, § 2453 (2d ed. 1995) (Rule 45 incorporates the provisions of Rules 26(b) and Rule 34 requests for production). The Court, therefore, must determine whether the subpoena duces tecum at issue seeks irrelevant information and/or is overly broad under the same standards set forth in Rule 26(b) and as applied to Rule 34 requests for production.

Pursuant to the current version of Rule 26(b)(1) of the Federal Rules of Civil Procedure "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case ... " Fed. R. Civ. P. 26(b)(1)(2015 Amendment). As explained by the End-Payor Plaintiffs they must file a

Case 2:12-cmd-02361-SFC-RSW v-ECF No. 1344-2 PageID-237872 Filed 05/09/16 1 Page 53 of
Case 2:16-mc-00026-MW-GRJ Document 9 Filed 04/29/16 Page 7 of 10
108

response by May 6, 2016 to the objections Bacharach filed on behalf of
two class members.

According to the End-Payor Plaintiffs there is a very specific and
focused reason for obtaining the testimony from Bacharach and for
obtaining the requested documents.  The End-Payor Plaintiffs say that
"Bacharach is a serial objector, often appearing in courts around the
country to object to class action settlements and attorneys' fees
applications."  The End-Payor Plaintiffs seek to depose Bacharach and
obtain documents from him concerning other instances where he filed
objections to proposed class action settlements and then withdrew the
objections in exchange for payment. The End-Payor Plaintiffs intend to
argue in their response to the objections, and if necessary at the fairness
hearing scheduled for May 16, 2016, that the objections Bacharach filed
are not meritorious and instead constitute boiler plate objections filed with
the sole objective of obtaining financial remuneration for not pressing the
objections or for withdrawing them.  Whether this is the situation remains to
be determined. Nonetheless, a number of courts have identified the
practice of professional objectors filing objections for the sole purpose of

obtaining a fee. *In Re Checking Account Overdraft Litigation,* 830 F.Supp.

2d 1330, 1331 n. 30 (S.D. Fla. 2011)("[t]he unfortunate game is to lodge

*pro forma* objections at the trial stage, then negotiate a private resolution in

order to drop the invariable notice of appeal. Once the case has

progressed beyond the trial court, there is no longer any accountability for

side payments to objectors' counsel, and the game is on.")  While class

members have a right—and possibly an obligation to file objections to

proposed class settlements—the problem with professional objectors is

that "[P]rofessional objectors can levy what is effectively a tax on class

action settlements, a tax that has no benefit to anyone other that to the

objectors. Literally, nothing is gained from the cost: Settlements are not

restructured and the class, on whose benefit the appeal is purportedly

raised, gains nothing."  *Barnes v Fleet Boston Financial Corp.,* 2006 U.S.

Dist. LEXIS 71072, at *3-4 (D. Mass. Aug. 22, 2006). *See, also, Snell v*

*Allianz Life Ins. Co. Of North America,* case no. Civ. 97-2784 RLE, 2000

WL 1336640, at *9-10 (D. Minn. Sept. 8, 2000)("[t]he movants are

represented by 'professional objectors," who are a pariah to the

functionality fo class action lawsuits, as they maraud proposed

Case 2:12-md-02311-SFC-RSW ECF No. 1344-2 PageID.23789 Filed 05/09/16 Page 55 of
108
Case 1:16-mc-00026-MW-GRJ Document 90 Filed 04/29/16 Page 9 of 10

settlements—not to assess their merits on some principled basis—but in order to extort the parties, and particularly the settling defendants, into ransoming a settlement that could otherwise be undermined by a time-consuming appeals process.")

Focused inquiry into whether the objectors' counsel is a professional objector most certainly is relevant to the defenses of the End-Payor to Plaintiffs objections. Plaintiffs further represent that they will include this information in their responses to the objections Bacharach filed in this case.

Accordingly, because the End-Payor Plaintiffs assert a good faith basis for deposing counsel for the objectors the Court concludes that the information sought is well within the boundaries of relevance and therefore there are not justifiable good faith reasons to quash the subpoena or to enter an order of protection. The motion, therefore, is due to be denied.

Accordingly, upon due consideration, it is **ORDERED**:

1.   The Motion to Quash Subpoena on N. Albert Bacharach, Jr., Attorney for 2 Class Members/Objectors,  ECF. No. 1, is **DENIED**.

2.   N. Albert Bacharach must comply with the subpoena duces

tecum and must appear for deposition on **May 4, 2016**, or on such other

date as Bacharach and the End-Payor Plaintiffs mutually agree.[4]

     **DONE AND ORDERED** on this 29th day of April 2016.

*s / Gary R. Jones*

GARY R. JONES
United States Magistrate Judge

---

[4] While the subpoena required Bacharach to appear for deposition on April 29,
2016, Bacharach requested, and the Court agreed, that the deposition could be
conducted on May 4, 2016 to afford Bacharach additional time to prepare and
additional time to determine whether the parties can coordinate the depositions of the
two class objectors for the same day.

# Exhibit E

## Baum, Jeffrey D.

| | |
|---|---|
| **From:** | Baum, Jeffrey D. |
| **Sent:** | Friday, April 29, 2016 5:29 PM |
| **To:** | N.A.Bacharach@att.net |
| **Cc:** | Reiss, William V. |
| **Subject:** | In re Automotive Parts - Notice of Deposition |
| **Attachments:** | Bacharach Notice of Deposition.pdf; Amended Bacharach Subpoena.pdf |

Counsel,

Please see the attached Notice of Deposition and Amended Subpoena.

Jeffrey Baum
Senior Paralegal

ROBINS KAPLAN LLP

Robins Kaplan LLP | 601 Lexington Ave. | Suite 3400 | New York, NY 10022
p 212 980 7416 | f  212 980 7499 | JBaum@RobinsKaplan.com| RobinsKaplan.com

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| IN RE: AUTOMOTIVE PARTS ANTITRUST LITIGATION | : | Master File No. 12-md-02311<br>Honorable Marianne O. Battani |
| | : | |
| IN RE: WIRE HARNESS | : | Case No. 2:12-cv-00103-MOB-MKM |
| IN RE: INSTRUMENT PANEL CLUSTERS | : | Case No. 2:12-cv-00203-MOB-MKM |
| IN RE: FUEL SENDERS | : | Case No. 2:12-cv-00303-MOB-MKM |
| IN RE: HEATER CONTROL PANELS | : | Case No. 2:12-cv-00403-MOB-MKM |
| IN RE: OCCUPANT SAFETY RESTRAINT SYSTEMS | : | Case No. 2:12-cv-00603-MOB-MKM |
| IN RE: ALTERNATORS | : | Case No. 2:13-cv-00703-MOB-MKM |
| IN RE: RADIATORS | : | Case No. 2:13-cv-01003-MOB-MKM |
| IN RE: STARTERS | : | Case No. 2:13-cv-01103-MOB-MKM |
| IN RE: SWITCHES | : | Case No. 2:13-cv-01303-MOB-MKM |
| IN RE: IGNITION COILS | : | Case No. 2:13-cv-01403-MOB-MKM |
| IN RE: MOTOR GENERATORS | : | Case No. 2:13-cv-01503-MOB-MKM |
| IN RE: STEERING ANGLE SENSORS | : | Case No. 2:13-cv-01603-MOB-MKM |
| IN RE: HID BALLASTS | : | Case No. 2:13-cv-01703-MOB-MKM |
| IN RE: INVERTERS | : | Case No. 2:13-cv-01803-MOB-MKM |
| IN RE: AIR FLOW METERS | : | Case No. 2:13-cv-02003-MOB-MKM |
| IN RE: FUEL INJECTION SYSTEMS | : | Case No. 2:13-cv-02203-MOB-MKM |
| IN RE: AUTOMATIC TRANSMISSION FLUID WARMERS | : | Case No. 2:13-cv-02403-MOB-MKM |
| IN RE: VALVE TIMING CONTROL DEVICES | : | Case No. 2:13-cv-02503-MOB-MKM |
| IN RE: ELECTRONIC THROTTLE BODIES | : | Case No. 2:13-cv-02603-MOB-MKM |
| | : | |
| THIS DOCUMENT RELATES TO:<br>ALL END-PAYOR ACTIONS | : | |
| | : | |

**AMENDED SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION**

TO:   N. Albert Bacharach, Jr.
      4128 NW 13th St.
      Gainesville, FL 32609

X| *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. The deposition will be recorded by stenographic and videotape methods.  If you are an organization, you must designate one or more officers, directors or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: | 4155 SW 40th Blvd<br>Gainesville, FL 32608 | Date and Time: | May 4, 2016 at<br>9:00 am EST |
|---|---|---|---|

X| *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:.

**See Attachment A**

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

DATE: <u>April 29, 2016</u>

DAVID J. WEAVER, CLERK OF COURT

<div align="center">OR</div>

_____     */s/ Hollis Salzman*
   *Signature of Clerk or Deputy Clerk*        *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing End-Payor Plaintiffs, who issues or requests this subpoena, are:

Hollis Salzman
ROBINS KAPLAN LLP
601 Lexington Avenue, Suite 3400
New York, NY 10022
Telephone: (212) 980-7400
Facsimile: (212) 980-7499
HSalzman@RobinsKaplan.com

<div align="center">

**Notice to the person who issues or requests this subpoena**

</div>

A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

<div align="center">- 2 -</div>

**PROOF OF SERVICE**

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____.

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $_____.

My fees are   $_____   for travel and   $_____   for services for a total of   $_____.

I declare under penalty of perjury that this information is true.

Date: _____        _____
                              *Server's signature*

                              _____
                              *Printed name and title*

                              _____
                              *Server's address*

Additional information regarding attempted service, etc.:

**(c) Place of Compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person

    **(i)** is a party or a party's officer; or

    **(ii)** is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:

  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*

  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*

  **(A)** *When Required.* On timely motion, the court for the district where
compliance is required must quash or modify a subpoena that:

    **(i)** fails to allow a reasonable time to comply;

    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);

    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

    **(iv)** subjects a person to undue burden.

  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*

  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

    **(i)** expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

## ATTACHMENT A

### DEFINITIONS

1.      "All/Each," the terms "all" and "each" shall be construed as all and each.

2.      "And/Or," the connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

3.      "Including" means "including without limitation."

4.      "Concerning" shall be construed in the broadest sense, and shall mean, without limitation: "referring to, constituting, bearing upon, commenting upon, reflecting, evidencing, pertaining to, describing, depicting, consisting of, containing, comprising, embodying, identifying, stating, discussing, analyzing, studying, summarizing, or dealing with.

5.      "You" or "Your" shall mean N. Albert Bacharach, Jr.

6.      "Document" is identified to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a), including, without limitation, electronically stored information. A draft or non-identical copy is a separate document within the meaning of this term.

### DOCUMENT REQUESTS

**REQUEST NO. 1**

All documents concerning any objections you or your clients have made to settlements reached in other class action litigation.

**REQUEST NO. 2**

All documents concerning any money or things of value that you or your clients have received as consideration for settling or withdrawing objections to settlements reached in other class action litigation.

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| IN RE: AUTOMOTIVE PARTS ANTITRUST LITIGATION | Master File No. 12-md-02311<br>Honorable Marianne O. Battani |
| IN RE: WIRE HARNESS | Case No. 2:12-cv-00103-MOB-MKM |
| IN RE: INSTRUMENT PANEL CLUSTERS | Case No. 2:12-cv-00203-MOB-MKM |
| IN RE: FUEL SENDERS | Case No. 2:12-cv-00303-MOB-MKM |
| IN RE: HEATER CONTROL PANELS | Case No. 2:12-cv-00403-MOB-MKM |
| IN RE: OCCUPANT SAFETY RESTRAINT SYSTEMS | Case No. 2:12-cv-00603-MOB-MKM |
| IN RE: ALTERNATORS | Case No. 2:13-cv-00703-MOB-MKM |
| IN RE: RADIATORS | Case No. 2:13-cv-01003-MOB-MKM |
| IN RE: STARTERS | Case No. 2:13-cv-01103-MOB-MKM |
| IN RE: SWITCHES | Case No. 2:13-cv-01303-MOB-MKM |
| IN RE: IGNITION COILS | Case No. 2:13-cv-01403-MOB-MKM |
| IN RE: MOTOR GENERATORS | Case No. 2:13-cv-01503-MOB-MKM |
| IN RE: STEERING ANGLE SENSORS | Case No. 2:13-cv-01603-MOB-MKM |
| IN RE: HID BALLASTS | Case No. 2:13-cv-01703-MOB-MKM |
| IN RE: INVERTERS | Case No. 2:13-cv-01803-MOB-MKM |
| IN RE: AIR FLOW METERS | Case No. 2:13-cv-02003-MOB-MKM |
| IN RE: FUEL INJECTION SYSTEMS | Case No. 2:13-cv-02203-MOB-MKM |
| IN RE: AUTOMATIC TRANSMISSION FLUID WARMERS | Case No. 2:13-cv-02403-MOB-MKM |
| IN RE: VALVE TIMING CONTROL DEVICES | Case No. 2:13-cv-02503-MOB-MKM |
| IN RE: ELECTRONIC THROTTLE BODIES | Case No. 2:13-cv-02603-MOB-MKM |
| THIS DOCUMENT RELATES TO:<br>ALL END-PAYOR ACTIONS | |

## NOTICE OF DEPOSITION OF N. ALBERT BACHARACH, JR.

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that, in accordance with the Federal Rules of Civil Procedure

("Rules"), End-Payor Plaintiffs ("Plaintiffs") will take the deposition of N. Albert Bacharach, Jr. The deposition will occur at the Spring Hill Suites Gainesville, 4155 SW 40th Blvd Gainesville, FL 32608 at 9:00 a.m. on May 4, 2016, and will be taken before a notary public or other officer authorized to administer oaths. The deposition(s) will continue from day to day until completed.

**PLEASE TAKE FURTHER NOTICE** that Plaintiffs reserve the right to record the deposition testimony of the above-identified deponent(s) by video and instant visual display, in addition to recording the testimony by stenographic means, live streaming and real-time transcription.

Date: April 29, 2016                                      Respectfully submitted,

*/s/ Hollis Salzman*
Hollis Salzman
Bernard Persky
William V. Reiss
**ROBINS KAPLAN LLP**
601 Lexington Avenue, Suite 3400
New York, NY 10022
Telephone: (212) 980-7400
Facsimile: (212) 980-7499
HSalzman@RobinsKaplan.com
BPersky@RobinsKaplan.com
WReiss@RobinsKaplan.com

Steven Williams
Demetrius X. Lambrinos
Elizabeth Tran
**COTCHETT, PITRE & McCARTHY, LLP**
San Francisco Airport Office Center
840 Malcolm Road, Suite 200
Burlingame, CA 94010
Telephone: (650) 697-6000
Facsimile: (650) 697-0577
swilliams@cpmlegal.com
dlambrinos@cpmlegal.com
etran@cpmlegal.com

Marc M. Seltzer
Steven G. Sklaver
**SUSMAN GODFREY L.L.P.**
1901 Avenue of the Stars, Suite 950
Los Angeles, CA 90067-6029
Telephone: (310) 789-3100
Facsimile: (310) 789-3150
mseltzer@susmangodfrey.com
ssklaver@susmangodfrey.com

Terrell W. Oxford
Omar Ochoa
**SUSMAN GODFREY L.L.P.**
901 Main Street, Suite 5100
Dallas, Texas 75202
Telephone: (214) 754-1900
Facsimile: (214)754-1933
toxford@susmangodfrey.com
oochoa@susmangodfrey.com

Chanler A. Langham
**SUSMAN GODFREY L.L.P.**
1000 Louisiana Street, Suite 5100
Houston, Texas 77002
Telephone: (713) 651-9366
Facsimile: (713) 651-6666
clangham@susmangodfrey.com

*Settlement Class Counsel and Interim Co-Lead Counsel for the Proposed End-Payor Plaintiffs Classes*

/s/ E. Powell Miller
E. Powell Miller (P39487)
Devon P. Allard (P71712)
**THE MILLER LAW FIRM, P.C.**
950 W. University Dr., Ste. 300
Rochester, Michigan 48307
Telephone:  (248) 841-2200
Facsimile:  (248) 652-2852
epm@millerlawpc.com
dpa@millerlawpc.com

*Interim Liaison Counsel for the Proposed
End-Payor Plaintiffs Classes*

## CERTIFICATE OF SERVICE

I hereby certify that, on this 29th day of April, 2016, a copy of the foregoing Notice of Deposition of N. Albert Bacharach, Jr., has been sent via e-mail to Counsel for all parties in the above-captioned Auto Parts cases.

*/s/ Hollis Salzman*
Hollis Salzman

# Exhibit F

**Reiss, William V.**

| | |
|---|---|
| **From:** | Reiss, William V. |
| **Sent:** | Saturday, April 30, 2016 7:03 PM |
| **To:** | 'Paul S. Rothstein'; NAB@nabjr.com; kgebhardt@rothsteinforjustice.com |
| **Subject:** | Auto Parts:  Withdrawal of Objections |

Al,

I am writing to memorialize our conversation yesterday in which you represented that you will  withdraw both of your clients' objections to the Auto Parts settlements.  Can you please confirm that you will file a formal notice of withdrawal on Monday?  Once this is done, we'll work together to submit a stipulation to the Magistrate vacating your deposition.

Best,

Will

**William V. Reiss**
**Principal**
**Robins Kaplan LLP**
Suite 3400 | 601 Lexington Avenue | New York, NY 10022
General:  212.980.7400 | Direct: 212.980.7408
E-Mail:  wreiss@RobinsKaplan.com | FAX:  212-980-7499
Please consider the environment before printing this email

# Exhibit G

**Reiss, William V.**

| | |
|---|---|
| **From:** | NAB <NAB@nabjr.com> |
| **Sent:** | Sunday, May 01, 2016 2:11 PM |
| **To:** | Reiss, William V.; Paul S. Rothstein; kgebhardt@rothsteinforjustice.com |
| **Subject:** | Re: Auto Parts: Withdrawal of Objections |

This is to confer our conversation of Friday April 29, 2016 in which I represented that I will withdraw both of my clients' objections to the Auto Parts settlements; and that I will file a formal notice of withdrawal on Monday May 2, 2016.

*N. Albert Bacharach, Jr.*

**N. Albert Bacharach, Jr**
**N. Albert Bacharach, Jr. P.A.**
**4128 NW 13th Street**
**Gainesville, Florida 32609-1807**
*Phone: (352) 378-9859*
*Fax:    (352) 338-1858*
*Visit:* **nabjr.com**

# Do your part to support our troops. Bring them home.

*CONFIDENTIAL PRIVILEGED INFORMATION: THE INFORMATION IN THIS E-MAIL MESSAGE, AND ANY ATTACHMENT(S) THERETO, ARE SUBJECT TO ATTORNEY CLIENT PRIVILEGE OR WORK PRODUCT PRIVILEGE AND CONTAIN CONFIDENTIAL INFORMATION INTENDED ONLY FOR THE USE OF THE RECIPIENT(S) NAMED ABOVE. IF YOU ARE A CLIENT, OR AN EXPERT RETAINED BY THIS FIRM, PLEASE BE ADVISED: THAT YOU NEED TO HOLD THIS E-MAIL IN CONFIDENCE TO PROTECT EITHER THE ATTORNEY-CLIENT OR WORK PRODUCT PRIVILEGE, OR BOTH; AND, THAT FORWARDING OR DISCLOSING OF THIS E-MAIL TO ANY OTHER PERSON OR PARTY MAY CONSTITUTE A WAIVER OF EITHER THE ATTORNEY-CLIENT PRIVILEGE, THE WORK PRODUCT PRIVILEGE OR BOTH. IF THE RECIPIENT IS NOT CURRENTLY A CLIENT, THIS E-MAIL DOES NOT AND SHALL NOT CREATE AN ATTORNEY-CLIENT RELATIONSHIP BETWEEN THE RECIPIENT AND THE SENDER.  THE TYPEWRITTEN SIGNATURE INCLUDED WITH THIS EMAIL IS NOT AN ELECTRONIC SIGNATURE WITHIN THE MEANING OF THE ELECTRONIC SIGNATURES IN GLOBAL AND NATIONAL COMMERCE ACT OR ANY OTHER LAW OF SIMILAR IMPORT, INCLUDING, WITHOUT LIMITATION, THE UNIFORM ELECTRONIC TRANSACTIONS ACT AS IT MAY BE ENACTED BY ANY STATE OR THE DISTRICT OF COLUMBIA. IF YOU ARE, OR IF YOU REPRESENT, AN ADVERSE PARTY TAKE NOTICE THAT THE CONTENTS OF THIS COMMUNICATION ARE FOR  DISCUSSION AND SETTLEMENT PURPOSES ONLY AND MAY NOT BE DISCLOSED OR USED IN CONNECTION WITH THIS OR ANY OTHER MATTER. ALL DISCUSSIONS ARE WITHOUT PREJUDICE TO THE RIGHTS AND REMEDIES OF OUR CLIENT, ALL OF WHICH ARE EXPRESSLY RESERVED. IF YOU ARE NOT THE INTENDED RECIPIENT(S) OF THIS E-MAIL, OR AN AGENT OR EMPLOYEE RESPONSIBLE TO DELIVER IT TO THE INTENDED RECIPIENT(S), PLEASE BE INFORMED THAT ANY REVIEW, DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION OR THE TAKING OF ANY ACTION IN RELIANCE ON THE CONTENTS OF THIS COMMUNICATION IS PROHIBITED BY THE LAWS OF THE UNITED STATES PURSUANT TO THE ELECTRONIC COMMUNICATIONS ACT, 18 U.S.C. 2510, 2521. IF YOU HAVE RECEIVED THIS E-MAIL IN ERROR: PLEASE NOTIFY THE SENDER AS SOON AS POSSIBLE; AND, IN ADDITION, PLEASE DELETE THE MESSAGE ERRONEOUSLY RECEIVED FROM ANY COMPUTER HARD DRIVE OR OTHER STORAGE MEDIA WHERE THE MESSAGE AND ANY ATTACHMENT(S) THERETO ARE STORED. IRS CIRCULAR 230 DISCLOSURE: TO ENSURE COMPLIANCE WITH TREASURY DEPARTMENT REGULATIONS, WE INFORM YOU THAT ANY U.S. FEDERAL TAX ADVICE CONTAINED IN THIS CORRESPONDENCE (INCLUDING ANY ATTACHMENTS) IS NOT INTENDED OR WRITTEN TO BE USED, AND CANNOT BE USED FOR THE PURPOSE OF (I) AVOIDING PENALTIES THAT MAY BE IMPOSED UNDER THE U.S. INTERNAL REVENUE CODE OR (II) PROMOTING, MARKETING OR RECOMMENDING TO ANOTHER PARTY ANY TRANSACTION OR MATTER ADDRESSED HEREIN*

On 4/30/2016 7:03 PM, Reiss, William V. wrote:

Al,

I am writing to memorialize our conversation yesterday in which you represented that you will withdraw both of your clients' objections to the Auto Parts settlements.  Can you please confirm

that you will file a formal notice of withdrawal on Monday?  Once this is done, we'll work together to submit a stipulation to the Magistrate vacating your deposition.

Best,

Will


**William V. Reiss**
**Principal**
**Robins Kaplan LLP**
Suite 3400 | 601 Lexington Avenue | New York, NY 10022
General:  212.980.7400 | Direct: 212.980.7408
E-Mail:  wreiss@RobinsKaplan.com | FAX:  212-980-7499

Please consider the environment before printing this email

_____

Information contained in this e-mail transmission may be privileged, confidential and covered by the Electronic Communications Privacy Act, 18 U.S.C. Sections 2510-2521.

If you are not the intended recipient, do not read, distribute, or reproduce this transmission.

If you have received this e-mail transmission in error, please notify us immediately of the error by return email and please delete the message from your system.

Pursuant to requirements related to practice before the U. S. Internal Revenue Service, any tax advice contained in this communication (including any attachments) is not intended to be used, and cannot be used, for purposes of (i) avoiding penalties imposed under the U. S. Internal Revenue Code or (ii) promoting, marketing or recommending to another person any tax-related matter.

Thank you in advance for your cooperation.

Robins Kaplan LLP
http://www.robinskaplan.com
_____

# Exhibit H

# UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN SOUTHERN DIVISION

| | |
|---|---|
| IN RE: AUTOMOTIVE PARTS ANTITRUST LITIGATION | Master File 12-md-02311<br>Honorable, Marianne O. Battani |

| | |
|---|---|
| IN RE: WIRE HARNESS. . . . . . . . . . . . . . . . . . . . . . . . | Case No. 2:12-cv-00103-MOB-MKM |
| IN RE: INSTRUMENT PANEL CLUSTERS. . . . . . . . . | Case No. 2:12-cv-00203-MOB-MKM |
| IN RE: FUEL SENDERS. . . . . . . . . . . . . . . . . . . . | Case No. 2:12-cv-00303-MOB-MKM |
| IN RE: HEATER CONTROL PANELS. . . . . . . . . . . . . | Case No. 2:12-cv-00403-MOB-MKM |
| IN RE: OCCUPANT SAFETY RESTRAINT SYSTEMS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | Case No.2:12-cv-00603-MOB-MKM |
| IN RE: ALTERNATORS. . . . . . . . . . . . . . . . . . . . . . | Case No. 2:13-cv-00703-MOB-MKM |
| IN RE: RADIATORS. . . . . . . . . . . . . . . . . . . . . . . . . | Case No. 2:13-cv-01003-MOB-MKM |
| IN RE: STARTERS. . . . . . . . . . . . . . . . . . . . . . . . . . . | Case No. 2:13-cv-01103-MOB-MKM |
| IN RE: SWITCHES | Case No. 2:13-cv-01303-MOB-MKM |
| IN RE: IGNITION COILS. . . . . . . . . . . . . . . . . . . . . . | Case No. 2:13-cv-01403-MOB-MKM |
| IN RE: MOTOR GENERATORS. . . . . . . . . . . . . . . . . | Case No. 2:13-cv-01503-MOB-MKM |
| IN RE: STEERING ANGLE SENSORS. . . . . . . . . . . . . | Case No. 2:13-cv-01603-MOB-MKM |
| IN RE: HID BALLASTS. . . . . . . . . . . . . . . . . . . . . . . | Case No. 2:13-cv-01703-MOB-MKM |
| IN RE: INVERTERS. . . . . . . . . . . . . . . . . . . . . . . . . . | Case No. 2:13-cv-01803-MOB-MKM |
| IN RE: AIR FLOW METERS. . . . . . . . . . . . . . . . . . . . | Case No. 2:13-cv-02003-MOB-MKM |
| IN RE: FUEL INJECTION SYSTEMS. . . . . . . . . . . . . . | Case No. 2:13-cv-02203-MOB-MKM |
| IN RE: AUTOMATIC TRANSMISSION FLUID WARMERS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | Case No. 2:13-cv-02403-MOB-MKM |
| IN RE: VALVE TIMING CONTROL DEVICES. . . . . . . | Case No. 2:13-cv-02503-MOB-MKM |
| IN RE: ELECTRONIC THROTTLE BODIES. . . . . . . . . | Case No. 2:13-cv-02603-MOB-MKM |

_____

THIS DOCUMENT RELATES TO:
ALL END-PAYOR ACTIONS

_____

## NOTICE OF WITHDRAWAL OF OBJECTIONS

Objectors, Carlene Cross and Albert Graham, Jr., by and through undersigned counsel,

hereby give Notice of their withdrawal of their objections (Doc 1287).

Respectfully submitted,

/s/   N. Albert Bacharach, Jr.
N. Albert Bacharach, Jr.
Florida Bar Number: 209783
N. ALBERT BACHARACH, JR., P.A.
Attorney for  Objectors Carlene Cross and
Albert Graham, Jr.
4128 NW 13th Street
Gainesville, Florida  32609-1807
Phone: 378-9859 FAX: (352) 338-1858
 N.A.Bacharach@att.net

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 2, 2016, a PDF of the foregoing was filed with the

Clerk of the Court and that all parties will be noticed and served by the Courts CM/ECF system.

/s/ N. Albert Bacharach, Jr.
N. Albert Bacharach,.

2

# Exhibit I

**Reiss, William V.**

| | |
|---|---|
| **From:** | Kim Gebhardt <kgebhardt@rothsteinforjustice.com> |
| **Sent:** | Monday, May 02, 2016 3:05 PM |
| **To:** | jkauffman@baileyglasser.com |
| **Cc:** | Reiss, William V.; psr@rothsteinforjustice.com; N.A.Bacharach@att.net; nab@nabjr.com |
| **Subject:** | Automotive Parts - Joint Stip attached |
| **Attachments:** | 2016.05.01 Stipulation to Vacate Order - FINAL.docx; 2016.05.02 Stipulation to Vacate Order.pdf |

Please see the attached Joint Stipulation to Vacate Order attached for your review. After reviewing, please contact Mr. Rothstein at the number below as quickly as possible as Judge Jones is available today between 4:00pm and 4:30pm for a telephone call.

Thank you.

Kim Gebhardt, Legal Assistant
Attorney Paul S. Rothstein
626 NE 1st Street
Gainesville, FL 32601
Phone: (352) 376-7650
Fax: (352) 374-7133
kgebhardt@rothsteinforjustice.com

NOTE: This e-mail is from a law firm, Attorney Paul S. Rothstein, and is intended solely for the use of the individual(s) to whom it is addressed. If you believe you received this e-mail in error, please notify the sender immediately, delete the e-mail from your computer and do not copy or disclose it to anyone else. If you are not an existing client of Attorney Paul S. Rothstein, do not construe anything in this e-mail to make you a client unless it contains a specific statement to that effect and do not disclose anything to Attorney Paul S. Rothstein in reply that you expect it to hold in confidence. If you properly received this e-mail as a client, co-counsel or retained expert of Attorney Paul S. Rothstein, you should maintain its contents in confidence in order to preserve the attorney-client or work product privilege that may be available to protect confidentiality.

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF FLORIDA
### Miscellaneous Case Number: 1:16 – MC – 00026

## JOINT STIPULATION TO VACATE ORDER DENYING MOTION TO QUASH SUBPOENA SERVED ON N. ALBERT BACHARACH, JR., ATTORNEY FOR 2 CLASS MEMBERS/OBJECTORS
## IN THE BELOW STYLED CASE
### United States District Court, Eastern District of Michigan, Southern Division

**Master File 12-md-02311**
**Honorable, Marianne O. Battani**

| | |
|---|---|
| **IN RE: AUTOMOTIVE PARTS ANTITRUST LITIGATION** | |
| IN RE: WIRE HARNESS ............................ | Case No.2:12-cv-00103-MOB-MKM |
| IN RE: INSTRUMENT PANEL CLUSTERS ................................. | Case No.2:12-cv-00203-MOB-MKM |
| IN RE: FUEL SENDERS............................ | Case No.2:12-cv-00303-MOB-MKM |
| IN RE: HEATER CONTROL PANELS .... | Case No. 2:12-cv-00403-MOB-MKM |
| IN RE: OCCUPANT SAFETY RESTRAINT SYSTEMS ............................ | Case No.2:12-cv-00603-MOB-MKM |
| IN RE: ALTERNATORS ........................... | Case No. 2:13-cv-00703-MOB-MKM |
| IN RE: RADIATORS ................................. | Case No. 2:13-cv-01003-MOB-MKM |
| IN RE: STARTERS .................................... | Case No. 2:13-cv-01103-MOB-MKM |
| IN RE: SWITCHES .................................. | Case No. 2:13-cv-01303-MOB-MKM |
| IN RE: IGNITION COILS......................... | Case No. 2:13-cv-01403-MOB-MKM |
| IN RE: MOTOR GENERATORS ............. | Case No. 2:13-cv-01503-MOB-MKM |
| IN RE: STEERING ANGLE SENSORS.... | Case No. 2:13-cv-01603-MOB-MKM |
| IN RE: HID BALLASTS ........................... | Case No. 2:13-cv-01703-MOB-MKM |
| IN RE: INVERTERS ................................. | Case No. 2:13-cv-01803-MOB-MKM |
| IN RE: AIR FLOW METERS .................... | Case No. 2:13-cv-02003-MOB-MKM |
| IN RE: FUEL INJECTION SYSTEMS...... | Case No. 2:13-cv-02203-MOB-MKM |
| IN RE: AUTOMATIC TRANSMISSION FLUID WARMERS ..................................... | Case No. 2:13-cv-02403-MOB-MKM |
| IN RE: VALVE TIMING CONTROL DEVICES ...................................................... | Case No. 2:13-cv-02503-MOB-MKM |
| IN RE: ELECTRONIC THROTTLE BODIES ...................................................... | Case No. 2:13-cv-02603-MOB-MK |

_____
THIS DOCUMENT RELATES TO:
ALL END-PAYOR ACTIONS

The Parties, N. Albert Bacharach. Jr., and Class Counsel through their undersigned counsel jointly stipulate and request that the Court enter an order vacating the Order [Doc. 9] which denied **MOTION TO QUASH SUBPOENA SERVED ON N. ALBERT BACHARACH, JR., ATTORNEY FOR 2 CLASS MEMBERS/OBJECTORS.**  The underlying objections have been withdrawn and no other issues are in dispute between the parties.

    WHEREFORE, non-party movant N. Albert Bacharach, Jr., by counsel, and End-Payor Plaintiffs, by counsel,  stipulate to the entry of an order vacating Order [Doc. 9].

Respectfully submitted,
On behalf of N. Albert. Bacharach, Jr.

By his attorney,

*/s/ Paul S. Rothstein*
**Paul S. Rothstein (FBN 310123)**
626 NE 1st Street
Gainesville, FL 32601
Telephone: (352)376-7650
Facsimile: (352) 374-7133
psr@rothsteinforjustice.com

2

/s/ *James L. Kauffman*
**James L. Kauffman (FL. Bar No.: 12915)**
Bailey Glasser LLP
1054 31st Street NW, Suite 230
Washington, DC 20007
Telephone: (202) 463-2101
Facsimile: (202) 342-2103
Email: jkauffman@baileyglasser.com
*Counsel for End-Payor Plaintiffs*

## CERTIFICATE OF SERVICE

I Hereby Certify that on May 2, 2016, a PDF of the Foregoing **JOINT STIPULATION TO VACATE ORDER DENYING MOTION TO QUASH SUBPOENA SERVED ON N. ALBERT BACHARACH, JR., ATTORNEY FOR 2 CLASS MEMBERS/OBJECTORS IN THE BELOW STYLED CASE** was filed with the Clerk of the Court using the Courts CM/ECF system.

/s/ *Paul S. Rothstein*

# Exhibit J

**Reiss, William V.**

---

| | |
|---|---|
| **From:** | Reiss, William V. |
| **Sent:** | Monday, May 02, 2016 7:17 PM |
| **To:** | 'Paul S. Rothstein'; 'NAB@nabjr.com' |
| **Subject:** | Proposed Stipulation |
| **Attachments:** | 2016.05.01 Stipulation to Vacate Order - FINAL.docx |

Al & Paul,

Attached pls find my edits to the stipulation, which are consistent with our discussions as memorialized in my email to you both on Saturday.  I'm out of the office tmw morning, but should be back in the early afternoon.

Best,

Will

**William V. Reiss**
**Principal**
**Robins Kaplan LLP**
Suite 3400 | 601 Lexington Avenue | New York, NY 10022
General:  212.980.7400 | Direct: 212.980.7408
E-Mail: wreiss@RobinsKaplan.com | FAX:  212-980-7499
🌲 Please consider the environment before printing this email

1

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF FLORIDA**
**Miscellaneous Case Number: 1:16 – MC – 00026**

**JOINT STIPULATION TO ADJOURN THE DEPOSITION OF~~VACATE ORDER~~**
**~~DENYING MOTION TO QUASH SUBPOENA SERVED ON N.~~ N. ALBERT**
**BACHARACH, JR., ATTORNEY FOR 2 CLASS MEMBERS/OBJECTORS**
**IN THE BELOW STYLED CASE**
**United States District Court, Eastern District of Michigan, Southern Division**

| | |
|---|---|
| | **Honorable, Marianne O. Battani** |
| **IN RE: AUTOMOTIVE PARTS ANTITRUST LITIGATION** | Case No.2:12-cv-00103-MOB-MKM |
| IN RE: WIRE HARNESS ........................... | |
| IN RE: INSTRUMENT PANEL CLUSTERS ................................................ | Case No.2:12-cv-00203-MOB-MKM Case No.2:12-cv-00303-MOB-MKM |
| IN RE: FUEL SENDERS........................... | Case No. 2:12-cv-00403-MOB-MKM |
| IN RE: HEATER CONTROL PANELS .... | |
| IN RE: OCCUPANT SAFETY RESTRAINT SYSTEMS........................... | Case No.2:12-cv-00603-MOB-MKM Case No. 2:13-cv-00703-MOB-MKM |
| IN RE: ALTERNATORS .......................... | Case No. 2:13-cv-01003-MOB-MKM |
| IN RE: RADIATORS ............................... | Case No. 2:13-cv-01103-MOB-MKM |
| IN RE: STARTERS ................................. | Case No. 2:13-cv-01303-MOB-MKM |
| IN RE: SWITCHES ................................. | Case No. 2:13-cv-01403-MOB-MKM |
| IN RE: IGNITION COILS........................ | Case No. 2:13-cv-01503-MOB-MKM |
| IN RE: MOTOR GENERATORS ............. | Case No. 2:13-cv-01603-MOB-MKM |
| IN RE: STEERING ANGLE SENSORS.... | Case No. 2:13-cv-01703-MOB-MKM |
| IN RE: HID BALLASTS ........................... | Case No. 2:13-cv-01803-MOB-MKM |
| IN RE: INVERTERS ................................ | Case No. 2:13-cv-02003-MOB-MKM |
| IN RE: AIR FLOW METERS ................... | Case No. 2:13-cv-02203-MOB-MKM |
| IN RE: FUEL INJECTION SYSTEMS...... | |
| IN RE: AUTOMATIC TRANSMISSION FLUID WARMERS.................................. | Case No. 2:13-cv-02403-MOB-MKM |
| IN RE: VALVE TIMING CONTROL DEVICES .............................................. | Case No. 2:13-cv-02503-MOB-MKM |
| IN RE: ELECTRONIC THROTTLE BODIES ................................................. | Case No. 2:13-cv-02603-MOB-MK |
| **Master File 12-md-02311** | |
| _____ THIS DOCUMENT RELATES TO: ALL END-PAYOR ACTIONS | |

Formatted: Footer distance from edge: 0.8"

Field Code Changed

Formatted: Header distance from edge: 0.5"

The Parties, N. Albert Bacharach. Jr., and Settlement Class Counsel through their

undersigned counsel jointly stipulate and request that the Court enter an order that

the deposition of  N. Albert Bacharach scheduled for May 4, 2016 be

adjourned. vacating the Order [Doc. 9] which denied **MOTION TO QUASH**

**SUBPOENA SERVED ON N. ALBERT BACHARACH, JR., ATTORNEY**

**FOR 2 CLASS MEMBERS/OBJECTORS**.   The underlying objections have

been withdrawn and no other issues are in dispute between the parties.


    WHEREFORE, non-party movant N. Albert Bacharach, Jr., by counsel, and

End-Payor Plaintiffs, by counsel,  stipulate to the entry of an order adjourning the

deposition of N. Albert Bacharach vacating Order [Doc. 9].

                     Respectfully submitted,
                     On behalf of N. Albert. Bacharach, Jr.

                     By his attorney,

                     */s/ Paul S. Rothstein*
                     **Paul S. Rothstein (FBN 310123)**
                     626 NE 1st Street
                     Gainesville, FL 32601
                     Telephone: (352)376-7650
                     Facsimile: (352) 374-7133
                     psr@rothsteinforjustice.com


                     */s/ James L. Kauffman*
                     **James L. Kauffman (FL. Bar No.: 12915)**

Bailey Glasser LLP
1054 31st Street NW, Suite 230
Washington, DC 20007
Telephone: (202) 463-2101
Facsimile: (202) 342-2103
Email: jkauffman@baileyglasser.com
*Counsel for End-Payor Plaintiffs*

## CERTIFICATE OF SERVICE

I Hereby Certify that on May 32, 2016, a PDF of the Foregoing **JOINT STIPULATION TO ADJOURN THE DEPOSITON OF ~~VACATE ORDER DENYING MOTION TO QUASH SUBPOENA SERVED~~ ON N. ALBERT BACHARACH, JR., ATTORNEY FOR 2 CLASS MEMBERS/OBJECTORS IN THE BELOW STYLED CASE** was filed with the Clerk of the Court using the Courts CM/ECF system.

*/s/ Paul S. Rothstein*

# Exhibit K

**Reiss, William V.**

| | |
|---|---|
| **From:** | psr <psr@rothsteinforjustice.com> |
| **Sent:** | Tuesday, May 03, 2016 12:53 PM |
| **To:** | Reiss, William V. |
| **Cc:** | NAB@nabjr.com |
| **Subject:** | Re: Proposed Stipulation--Automotive Parts |

Will,
Our agreement was to vacate, i.e. cancel the depositions.  Your proposed language uses the word
"adjourn."  The canceling of depositions applies to Albert, and the two absent class members.  I suggest that you
send me back a confirming e mail as to that part of our agreement.  I request the confirming e mail by 4:00pm
EST today, May 3, 2016.

As to the other part of our agreement which you now are questioning, I suggest that we leave that for another
day.

 Paul

On Mon, 2 May 2016 23:17:03 +0000, "Reiss, William V." <WReiss@RobinsKaplan.com> wrote:

Al & Paul,

Attached pls find my edits to the stipulation, which are consistent with our discussions as memorialized in my
email to you both on Saturday.  I'm out of the office tmw morning, but should be back in the early afternoon.

Best,

Will

**William V. Reiss**

**Principal**

**Robins Kaplan LLP**

Suite 3400 | 601 Lexington Avenue | New York, NY 10022

General:  212.980.7400 | Direct: 212.980.7408

E-Mail: wreiss@RobinsKaplan.com | FAX:  212-980-7499

 Please consider the environment before printing this email

Information contained in this e-mail transmission may be privileged, confidential and covered by the Electronic Communications Privacy Act, 18 U.S.C. Sections 2510-2521.
If you are not the intended recipient, do not read, distribute, or reproduce this transmission.
If you have received this e-mail transmission in error, please notify us immediately of the error by return email and please delete the message from your system.
Pursuant to requirements related to practice before the U. S. Internal Revenue Service, any tax advice contained in this communication (including any attachments) is not intended to be used, and cannot be used, for purposes of (i) avoiding penalties imposed under the U. S. Internal Revenue Code or (ii) promoting, marketing or recommending to another person any tax-related matter.
Thank you in advance for your cooperation.
Robins Kaplan LLP
http://www.robinskaplan.com

--
The information contained in this electronic transmission (e-mail) is private and confidential and is the property of the Law Office of Paul S. Rothstein. The information contained herein is privileged and is intended only for the use of the individual(s) or an entity named above. If you are not the intended recipient, be advised that any unauthorized disclosure, copying, distribution or the taking of any action in reliance on the contents of this (e-mail) electronically transmitted information is strictly prohibited. If you have received this (e-mail) electronic transmission in error, please immediately notify us by telephone and delete the e-mail from your computer. You may contact the Law Office of Paul S. Rothstein at 352/376-7650 (Gainesville, FL).

# Exhibit L

**Reiss, William V.**

| | |
|---|---|
| **From:** | psr <psr@rothsteinforjustice.com> |
| **Sent:** | Tuesday, May 03, 2016 4:16 PM |
| **To:** | Reiss, William V. |
| **Cc:** | NAB@nabjr.com |
| **Subject:** | Re: Proposed Stipulation--Automotive Parts |

Will,
Al thinks the word "adjourn" may be interpreted as leaving the door open to a future event.  I agree.  Your e mail used the word "vacating."  I want us to be clear.  Al's deposition is canceled or vacated and you previously canceled, through Albert, the depositions of the two absent class members.  Please send me an e mail that we are in agreement that Albert's deposition is canceled.
Thank you.
Paul

On Tue, 3 May 2016 17:35:42 +0000, "Reiss, William V." <WReiss@RobinsKaplan.com> wrote:

> Paul,
>
> I'm not sure I follow.  The magistrate's order pertained only to Al's depo.  Accordingly, the stipulation should be limited to him.
>
> The language I included in my edits is consistent with our agreement as memorialized in my email to you on Saturday.  What is your objection to the word "adjourned?"
>
> Sent from my iPhone
>
> On May 3, 2016, at 12:53 PM, psr <psr@rothsteinforjustice.com> wrote:
>
>> Will,
>> Our agreement was to vacate, i.e. cancel the depositions.  Your proposed language uses the word "adjourn."  The canceling of depositions applies to Albert, and the two absent class members.  I suggest that you send me back a confirming e mail as to that part of our agreement.  I request the confirming e mail by 4:00pm EST today, May 3, 2016.
>>
>> As to the other part of our agreement which you now are questioning, I suggest that we leave that for another day.
>>
>> Paul
>>
>> On Mon, 2 May 2016 23:17:03 +0000, "Reiss, William V." <WReiss@RobinsKaplan.com> wrote:
>>
>>> Al & Paul,

Attached pls find my edits to the stipulation, which are consistent with our discussions as memorialized in my email to you both on Saturday. I'm out of the office tmw morning, but should be back in the early afternoon.

Best,

Will

**William V. Reiss**

**Principal**

**Robins Kaplan LLP**

Suite 3400 | 601 Lexington Avenue | New York, NY 10022

General: 212.980.7400 | Direct: 212.980.7408

E-Mail: wreiss@RobinsKaplan.com | FAX: 212-980-7499

Please consider the environment before printing this email

_____

Information contained in this e-mail transmission may be privileged, confidential and covered by the Electronic Communications Privacy Act, 18 U.S.C. Sections 2510-2521.
If you are not the intended recipient, do not read, distribute, or reproduce this transmission.

If you have received this e-mail transmission in error, please notify us immediately of the error by return email and please delete the message from your system.

Pursuant to requirements related to practice before the U. S. Internal Revenue Service, any tax advice contained in this communication (including any attachments) is not intended to be used, and cannot be used, for purposes of (i) avoiding penalties imposed under the U. S. Internal Revenue Code or (ii) promoting, marketing or recommending to another person any tax-related matter.

Thank you in advance for your cooperation.

Robins Kaplan LLP

http://www.robinskaplan.com

---

--

The information contained in this electronic transmission (e-mail) is private and confidential and is the property of the Law Office of Paul S. Rothstein. The information contained herein is privileged and is intended only for the use of the individual(s) or an entity named above. If you are not the intended recipient, be advised that any unauthorized disclosure, copying, distribution or the taking of any action in reliance on the contents of this (e-mail) electronically transmitted information is strictly prohibited. If you have received this (e-mail) electronic transmission in error, please immediately notify us by telephone and delete the e-mail from your computer. You may contact the Law Office of Paul S. Rothstein at 352/376-7650 (Gainesville, FL).

--

The information contained in this electronic transmission (e-mail) is private and confidential and is the property of the Law Office of Paul S. Rothstein. The information contained herein is privileged and is intended only for the use of the individual(s) or an entity named above. If you are not the intended recipient, be advised that any unauthorized disclosure, copying, distribution or the taking of any action in reliance on the contents of this (e-mail) electronically transmitted information is strictly prohibited. If you have received this (e-mail) electronic transmission in error, please immediately notify us by telephone and delete the e-mail from your computer. You may contact the Law Office of Paul S. Rothstein at 352/376-7650 (Gainesville, FL).

# Exhibit M

**Reiss, William V.**

---

| | |
|---|---|
| **From:** | Reiss, William V. |
| **Sent:** | Wednesday, May 04, 2016 8:40 AM |
| **To:** | psr |
| **Cc:** | NAB@nabjr.com |
| **Subject:** | Re: Proposed Stipulation--Automotive Parts |

Let's change it to "cancelled" then

Sent from my iPhone

On May 3, 2016, at 4:16 PM, psr <psr@rothsteinforjustice.com> wrote:

> Will,
> Al thinks the word "adjourn" may be interpreted as leaving the door open to a future event.  I
> agree.  Your e mail used the word "vacating."  I want us to be clear.  Al's deposition is canceled
> or vacated and you previously canceled, through Albert, the depositions of the two absent class
> members.  Please send me an e mail that we are in agreement that Albert's deposition is
> canceled.
> Thank you.
> Paul
>
> On Tue, 3 May 2016 17:35:42 +0000, "Reiss, William V." <WReiss@RobinsKaplan.com>
> wrote:
>
>> Paul,
>>
>> I'm not sure I follow.  The magistrate's order pertained only to Al's depo.  Accordingly, the
>> stipulation should be limited to him.
>>
>> The language I included in my edits is consistent with our agreement as memorialized in my
>> email to you on Saturday.  What is your objection to the word "adjourned?"
>>
>> Sent from my iPhone
>>
>> On May 3, 2016, at 12:53 PM, psr <psr@rothsteinforjustice.com> wrote:
>>
>>> Will,
>>> Our agreement was to vacate, i.e. cancel the depositions.  Your proposed
>>> language uses the word "adjourn."  The canceling of depositions applies to
>>> Albert, and the two absent class members.  I suggest that you send me back a
>>> confirming e mail as to that part of our agreement.  I request the confirming e
>>> mail by 4:00pm EST today, May 3, 2016.
>>>
>>> As to the other part of our agreement which you now are questioning, I suggest
>>> that we leave that for another day.
>>>
>>> Paul

On Mon, 2 May 2016 23:17:03 +0000, "Reiss, William V."
<WReiss@RobinsKaplan.com> wrote:

Al & Paul,

Attached pls find my edits to the stipulation, which are consistent with our discussions as memorialized in my email to you both on Saturday.  I'm out of the office tmw morning, but should be back in the early afternoon.

Best,

Will

**William V. Reiss**

**Principal**

**Robins Kaplan LLP**

Suite 3400 | 601 Lexington Avenue | New York, NY 10022

General:  212.980.7400 | Direct: 212.980.7408

E-Mail: wreiss@RobinsKaplan.com | FAX:  212-980-7499

Please consider the environment before printing this email

_____

Information contained in this e-mail transmission may be privileged, confidential and covered by the Electronic Communications Privacy Act, 18 U.S.C. Sections 2510-2521.
If you are not the intended recipient, do not read, distribute, or reproduce this transmission.
If you have received this e-mail transmission in error, please notify us immediately of the error by return email and please delete the message from your system.
Pursuant to requirements related to practice before the U. S. Internal Revenue Service, any tax advice contained in this communication (including any attachments) is not intended to be used, and cannot be used, for purposes of (i) avoiding penalties imposed under the U. S. Internal Revenue Code or (ii) promoting, marketing or recommending to another person any tax-related matter.
Thank you in advance for your cooperation.
Robins Kaplan LLP
http://www.robinskaplan.com
_____

--
The information contained in this electronic transmission (e-mail) is private and confidential and is the property of the Law Office of Paul S. Rothstein. The information contained herein is privileged and is intended only for the use of the individual(s) or an entity named above. If you are not the intended recipient, be advised that any unauthorized disclosure, copying, distribution or the taking of any action in reliance on the contents of this (e-mail) electronically transmitted information is strictly prohibited. If you have received this (e-mail) electronic transmission in error, please immediately notify us by telephone and delete the e-mail from your computer. You may contact the Law Office of Paul S. Rothstein at 352/376-7650 (Gainesville, FL).

--
The information contained in this electronic transmission (e-mail) is private and confidential and is the property of the Law Office of Paul S. Rothstein. The information contained herein is privileged and is intended only for the use of the individual(s) or an entity named above. If you are not the intended recipient, be advised that any unauthorized disclosure, copying, distribution or the taking of any action in reliance on the contents of this (e-mail) electronically transmitted information is strictly prohibited. If you have received this (e-mail) electronic transmission in error, please immediately notify us by telephone and delete the e-mail from your computer. You may contact the Law Office of Paul S. Rothstein at 352/376-7650 (Gainesville, FL).

# Exhibit N

**Reiss, William V.**

| | |
|---|---|
| **From:** | psr <psr@rothsteinforjustice.com> |
| **Sent:** | Friday, May 06, 2016 5:34 PM |
| **To:** | Reiss, William V. |
| **Cc:** | NAB@nabjr.com; kgebhardt@rothsteinforjustice.com |
| **Subject:** | Automotive  Parts(Anti-Trust) Misc. Litigation |
| **Attachments:** | 2016.05.06 Motion To Vacate Order PROPOSED.pdf |

Dear Mr. Reiss,
During our telephone conversation during the afternoon on May 2, 2016, you  advised me that you would not agree to to the terms of the Stipulation that I had forwarded to you.  I reminded you that Albert, Kim Gebhardt, my assistant, and myself were all on the telephone and  we had reached an agreement on Friday, April 29th, 2016 that "we would close down the case, file a notice of withdrawal of the objections and that we would jointly stipulate to vacating the court order denying the motion to quash Mr. Bacharach's deposition.  I even discussed the logistics whereby  I would initiate a call to Magistrate Judge Jones and you advised that you were not a member of the court so it may be necessary to have another counsel be on the telephone conference.  I responded that we would advise Judge Jones at the outset that you were not a member of the court and if the court preferred to proceed with a member of the court, then we reconvene the conference call for a later time.  On Friday, April 29th, 2016, the three of us fully agreed to the terms of that agreement.  On  May 2, 2016, in reliance that you would fulfill your obligations under our agreement that Albert filed a notice of withdrawal of  the objections. In our phone conversation of that afternoon you reconfirmed that the terms of our agreement were as stated in this e mail.  I said towards the end of the telephone call that I had negotiated in good faith and that good faith required you to keep your part of the deal which was to join in the stipulation to vacate the Order.  You said that now based on conversations with other class counsel, you wanted just to agree to vacating the deposition.  I said that was not the deal and "good faith" required you to do the deal as agreed.   You again agreed that the deal was as I stated.

Please be informed that  Mr. Bacharach withdraws from that agreement based on class counsel's lack of good faith.

I am filing a motion to vacate order[Doc.9] based on the ruling by the Michigan District Judge.  I attach a copy of the motion.  Please advise at your earliest convenience whether class counsel opposes the motion.  If I do not receive a response by noon on May 9, 2016, I will represent in the motion that class counsel opposes it.

Sincerely,
Paul S. Rothstein

--
The information contained in this electronic transmission (e-mail) is private and confidential and is the property of the Law Office of Paul S. Rothstein. The information contained herein is privileged and is intended only for the use of the individual(s) or an entity named above. If you are not the intended recipient, be advised that any unauthorized disclosure, copying, distribution or the taking of any action in reliance on the contents of this (e-mail) electronically transmitted information is strictly prohibited. If you have received this (e-mail) electronic transmission in error, please immediately notify us by telephone and delete the e-mail from your computer. You may contact the Law Office of Paul S. Rothstein at 352/376-7650 (Gainesville, FL).

# Exhibit O

# UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN SOUTHERN DIVISION

| | |
|---|---|
| IN RE: AUTOMOTIVE PARTS ANTITRUST LITIGATION | Master File 12-md-02311<br>Honorable, Marianne O. Battani |

| | |
|---|---|
| IN RE: WIRE HARNESS. . . . . . . . . . . . . . . . . . . . . . . | Case No. 2:12-cv-00103-MOB-MKM |
| IN RE: INSTRUMENT PANEL CLUSTERS. . . . . . . . . | Case No. 2:12-cv-00203-MOB-MKM |
| IN RE: FUEL SENDERS. . . . . . . . . . . . . . . . . . . . | Case No. 2:12-cv-00303-MOB-MKM |
| IN RE: HEATER CONTROL PANELS. . . . . . . . . . . . . | Case No. 2:12-cv-00403-MOB-MKM |
| IN RE: OCCUPANT SAFETY RESTRAINT SYSTEMS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | Case No.2:12-cv-00603-MOB-MKM |
| IN RE: ALTERNATORS. . . . . . . . . . . . . . . . . . . . . . | Case No. 2:13-cv-00703-MOB-MKM |
| IN RE: RADIATORS. . . . . . . . . . . . . . . . . . . . . . . . . | Case No. 2:13-cv-01003-MOB-MKM |
| IN RE: STARTERS. . . . . . . . . . . . . . . . . . . . . . . . . . . | Case No. 2:13-cv-01103-MOB-MKM |
| IN RE: SWITCHES | Case No. 2:13-cv-01303-MOB-MKM |
| IN RE: IGNITION COILS. . . . . . . . . . . . . . . . . . . . . . | Case No. 2:13-cv-01403-MOB-MKM |
| IN RE: MOTOR GENERATORS. . . . . . . . . . . . . . . . . | Case No. 2:13-cv-01503-MOB-MKM |
| IN RE: STEERING ANGLE SENSORS. . . . . . . . . . . . . | Case No. 2:13-cv-01603-MOB-MKM |
| IN RE: HID BALLASTS. . . . . . . . . . . . . . . . . . . . . . . | Case No. 2:13-cv-01703-MOB-MKM |
| IN RE: INVERTERS. . . . . . . . . . . . . . . . . . . . . . . . . . | Case No. 2:13-cv-01803-MOB-MKM |
| IN RE: AIR FLOW METERS. . . . . . . . . . . . . . . . . . . . | Case No. 2:13-cv-02003-MOB-MKM |
| IN RE: FUEL INJECTION SYSTEMS. . . . . . . . . . . . . . | Case No. 2:13-cv-02203-MOB-MKM |
| IN RE: AUTOMATIC TRANSMISSION FLUID WARMERS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | Case No. 2:13-cv-02403-MOB-MKM |
| IN RE: VALVE TIMING CONTROL DEVICES. . . . . . . | Case No. 2:13-cv-02503-MOB-MKM |
| IN RE: ELECTRONIC THROTTLE BODIES. . . . . . . . . | Case No. 2:13-cv-02603-MOB-MKM |

_____

THIS DOCUMENT RELATES TO:
ALL END-PAYOR ACTIONS

_____

## NOTICE OF WITHDRAWAL OF PREVIOUS WITHDRAWAL (Doc 1308) OF OBJECTIONS (Doc 1287)

Objectors, Carlene Cross and Albert Graham, Jr., by and through undersigned counsel,

hereby give Notice of their withdrawal of their previous withdrawal (Doc 1308) of their

objections (Doc 1287) and say:

Class Counsel served Objectors Cross and Graham, and their attorney N. Albert

Case 2:12-md-02311-SFC-RSW  ECF No. 1354-2  PageID.23837  Filed 05/09/16  Page 103 of
108
2:12-md-02311-MOB-MKM  Doc # 1308  Filed 05/06/16  Pg 2 of 5  Pg ID 2360

Bacharach, Jr. (Bacharach) with subpoenas for depositions duces tecum. Subsequently,

Bacharach, by counsel, moved to quash his subpoena in the USDC for the Northern District of

Florida (USDCNDFL), pursuant to Rule 45. A true and correct copy of that motion is attached as

exhibit "A".

Subsequently, U.S. Magistrate Judge Gary Jones enter an Order allowing Class Counsel

to specifically question Bacharach with regard to the financial terms of other class action

settlements Bacharach and his clients had been involved in; and requiring Bacharach to produce

any such settlement agreements.  A true and correct copy of Judge Jones's Order (USDCNDFL

Doc 9) is attached hereto and incorporated herein as exhibit "B".

After the entry of magistrate Judge Jones' order denying Bacharach's motion to quash,

class counsel, Bacharach's counsel and Bacharach (on behalf of objectors Cross and Graham)

entered into an agreement.  The agreement required: Bacharach and the objectors to withdraw

their objection; and, class counsel to cancel the depositions of Bacharach and the objectors and

for class counsel to join Bacharach's counsel in a stipulated motion to Magistrate Judge Jones

requesting that he vacate the Order denying Bacharach's motion to quash (Doc 9).

However, after Bacharach and the objectors filed their "Notice of Withdrawal of

Objections" (Doc 1308) class counsel reneged on the agreement and refused to stipulate or

consent to a motion to vacate Magistrate Judge Jones' Order.  And, subsequently used the

magistrate judges Order (USDCNDFL Doc 9) I'm sorry but we arrogance to stop and store and

get some pinkies little newborn mice are all pink there the hair yet does nothing makes you happy

before this court in support of their position that they should be allowed to take the depositions of

other objectors and their counsel.

Case 2:12-md-02311-SFC-RSW ECF No. 1354-2 PageID.23838 Filed 05/09/16 Page 104 of
2:12-md-02311-MOB-MKM Doc # 1335 1 Filed 05/06/16 Pg 3 of 5 Pg ID 23861
108

Because of the open and obvious failure of consideration for objector Cross and a

objector Graham withdrawing their objections, both objectors hereby give notice of their

withdrawal of their previous withdrawal(Doc 1308) of their objections (Doc 1287)


Respectfully submitted,

/s/   N. Albert Bacharach, Jr.
N. Albert Bacharach, Jr.
Florida Bar Number: 209783
N. ALBERT BACHARACH, JR., P.A.
Attorney for  Objectors Carlene Cross and
Albert Graham, Jr.
4128 NW 13th Street
Gainesville, Florida  32609-1807
Phone: 378-9859 FAX: (352) 338-1858
N.A.Bacharach@att.net


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 6, 2016, a PDF of the foregoing was filed with the

Clerk of the Court and that all parties will be noticed and served by the Courts CM/ECF system.


/s/ N. Albert Bacharach, Jr.
N. Albert Bacharach,.

# Exhibit P

Case 2:12-md-02311-SFC-RSW ECF No. 1344-2 PageID.23840 Filed 05/09/16 Page 106 of 108
2:12-md-02311-MOB-MKM Doc # 1334-1 Filed 05/09/16 Pg 1 of 3 Pg ID 23806
108

# UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN SOUTHERN DIVISION

| | |
|---|---|
| IN RE: AUTOMOTIVE PARTS ANTITRUST LITIGATION | Master File 12-md-02311<br>Honorable, Marianne O. Battani |

| | |
|---|---|
| IN RE: WIRE HARNESS. . . . . . . . . . . . . . . . . . . . . . . | Case No. 2:12-cv-00103-MOB-MKM |
| IN RE: INSTRUMENT PANEL CLUSTERS. . . . . . . . . | Case No. 2:12-cv-00203-MOB-MKM |
| IN RE: FUEL SENDERS. . . . . . . . . . . . . . . . . . . . | Case No. 2:12-cv-00303-MOB-MKM |
| IN RE: HEATER CONTROL PANELS. . . . . . . . . . . . . | Case No. 2:12-cv-00403-MOB-MKM |
| IN RE: OCCUPANT SAFETY RESTRAINT SYSTEMS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | Case No.2:12-cv-00603-MOB-MKM |
| IN RE: ALTERNATORS. . . . . . . . . . . . . . . . . . . . . | Case No. 2:13-cv-00703-MOB-MKM |
| IN RE: RADIATORS. . . . . . . . . . . . . . . . . . . . . . . . | Case No. 2:13-cv-01003-MOB-MKM |
| IN RE: STARTERS. . . . . . . . . . . . . . . . . . . . . . . . . . | Case No. 2:13-cv-01103-MOB-MKM |
| IN RE: SWITCHES | Case No. 2:13-cv-01303-MOB-MKM |
| IN RE: IGNITION COILS. . . . . . . . . . . . . . . . . . . . . | Case No. 2:13-cv-01403-MOB-MKM |
| IN RE: MOTOR GENERATORS. . . . . . . . . . . . . . . . . | Case No. 2:13-cv-01503-MOB-MKM |
| IN RE: STEERING ANGLE SENSORS. . . . . . . . . . . . . | Case No. 2:13-cv-01603-MOB-MKM |
| IN RE: HID BALLASTS. . . . . . . . . . . . . . . . . . . . . . . | Case No. 2:13-cv-01703-MOB-MKM |
| IN RE: INVERTERS. . . . . . . . . . . . . . . . . . . . . . . . . | Case No. 2:13-cv-01803-MOB-MKM |
| IN RE: AIR FLOW METERS. . . . . . . . . . . . . . . . . . . . | Case No. 2:13-cv-02003-MOB-MKM |
| IN RE: FUEL INJECTION SYSTEMS. . . . . . . . . . . . . . | Case No. 2:13-cv-02203-MOB-MKM |
| IN RE: AUTOMATIC TRANSMISSION FLUID WARMERS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | Case No. 2:13-cv-02403-MOB-MKM |
| IN RE: VALVE TIMING CONTROL DEVICES. . . . . . . | Case No. 2:13-cv-02503-MOB-MKM |
| IN RE: ELECTRONIC THROTTLE BODIES. . . . . . . . . | Case No. 2:13-cv-02603-MOB-MKM |

_____

THIS DOCUMENT RELATES TO:
ALL END-PAYOR ACTIONS

_____

## AMENDED NOTICE OF WITHDRAWAL OF PREVIOUS WITHDRAWAL (Doc 1308) OF OBJECTIONS (Doc 1287)

Objectors, Carlene Cross and Albert Graham, Jr., by and through undersigned counsel,

hereby give Notice of their withdrawal of their previous withdrawal (Doc 1308) of their

objections (Doc 1287) and say:

Class Counsel served Objectors Cross and Graham, and their attorney N. Albert

Case 2:12-md-02311-SFC-RSW ECF No. 1344-2 PageID.23841 Filed 05/09/16 Page 107 of
108
2:12-md-02311-MOB-MKM Doc # 1333 Filed 05/09/16 Pg 2 of 3 Pg ID 2380

Bacharach, Jr. (Bacharach) with subpoenas for depositions duces tecum. Subsequently,

Bacharach, by counsel, moved to quash his subpoena in the USDC for the Northern District of

Florida (USDCNDFL), pursuant to Rule 45. A true and correct copy of that motion is attached as

exhibit "A".

Subsequently, U.S. Magistrate Judge Gary Jones enter an Order allowing Class Counsel

to specifically question Bacharach with regard to the financial terms of other class action

settlements Bacharach and his clients had been involved in; and requiring Bacharach to produce

any such settlement agreements. A true and correct copy of Judge Jones's Order (USDCNDFL

Doc 9) is attached hereto and incorporated herein as exhibit "B".

After the entry of magistrate Judge Jones' order denying Bacharach's motion to quash,

class counsel, Bacharach's counsel and Bacharach (on behalf of objectors Cross and Graham)

entered into an agreement. The agreement required: Bacharach and the objectors to withdraw

their objection; and, class counsel to cancel the depositions of Bacharach and the objectors and

for class counsel to join Bacharach's counsel in a stipulated motion to Magistrate Judge Jones

requesting that he vacate the Order denying Bacharach's motion to quash (Doc 9).

However, after Bacharach and the objectors filed their "Notice of Withdrawal of

Objections" (Doc 1308) class counsel reneged on the agreement and refused to stipulate or

consent to a motion to vacate Magistrate Judge Jones' Order. And, subsequently used the

magistrate judges Order (USDCNDFL Doc 9) before this court in support of their position that

they should be allowed to take the depositions of other objectors and their counsel.

Because of the open and obvious failure of consideration for objector Cross and a

objector Graham withdrawing their objections, both objectors hereby give notice of their

withdrawal of their previous withdrawal(Doc 1308) of their objections (Doc 1287)

Respectfully submitted,

/s/   N. Albert Bacharach, Jr.
N. Albert Bacharach, Jr.
Florida Bar Number: 209783
N. ALBERT BACHARACH, JR., P.A.
Attorney for  Objectors Carlene Cross and
Albert Graham, Jr.
4128 NW 13th Street
Gainesville, Florida  32609-1807
Phone: 378-9859 FAX: (352) 338-1858
N.A.Bacharach@att.net

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 6, 2016, a PDF of the foregoing was filed with the

Clerk of the Court and that all parties will be noticed and served by the Courts CM/ECF system.

/s/ N. Albert Bacharach, Jr.
N. Albert Bacharach,.