IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| IN RE: AUTOMOTIVE PARTS ANTITRUST LITIGATION | Master File No. 12-md-02311<br>Honorable Marianne O. Battani |
| ALL PARTS | |
| THIS DOCUMENT RELATES TO: ALL CASES | |

**NOTICE OF SUPPLEMENTAL FILING**

At the fairness hearing on May 11, 2016, class counsel moved to strike certain comments made by counsel for the York Objectors, claiming that attorney George W. Cochran ("Cochran") was not properly admitted to the Eastern District of Michigan in MDL 2311. For several reasons presented in this supplemental filing, class counsel's motion should be denied and Cochran's statements preserved in the record. To begin, Cochran reasonably relied on the court's instructions for special admission into the Automotive Parts Antitrust MDL in order to present the York Objectors' arguments at the hearing. To that end, Cochran asked the clerk's office to specify the steps for special admission; followed each step as instructed; was notified of his special admission; underwent 1.5 hours of mandatory online training in CM/ECF; registered with CM/ECF to obtain his login and password; and formally entered his appearance—all without any correction by the Court or objection from the parties. When class counsel suddenly challenged Cochran's status at

the hearing, the Court was within its discretion to permit him to speak since Cochran had driven three hours on the good faith belief that he had been specially admitted for this very purpose.

Even if Cochran had not been properly admitted, Local Rule 83.20 has been expressly preempted by Rule 2.1(c) of the Rules and Procedures by the Judicial Panel on Multidistrict Litigation. As set forth in the MDL statute:

> When civil actions involving one or more common questions of fact are pending in different districts, such actions may be transferred to any district for coordinated or consolidated pretrial proceedings. Such transfers shall be made by the judicial panel on multidistrict litigation authorized by this section upon its determination that transfers for such proceedings will be for the convenience of parties and witnesses and will promote the just and efficient conduct of such actions.

28 U.S.C. § 1407(a). Consistent with the statute's purpose, the Panel "may prescribe rules for the conduct of its business not inconsistent with Acts of Congress and the Federal Rules of Civil Procedure." 28 U.S.C. § 1407(f). Most germane is Rule 2.1(c) of the Judicial Panel's Rules and Procedures:

> <u>Admission to Practice before the Panel</u>. Every member in good standing of the Bar of any district court of the United States is entitled to practice before the Panel, provided, however, that he or she has established and maintains a CM/ECF account with any United States federal court. ***Any attorney of record in any action transferred under Section 1407 may continue to represent his or her client in any district court of the United States to which such action is transferred. Parties are not required to obtain local counsel.*** (emphasis added).

Although Rule 2.1(c) technically addresses pending actions consolidated with the transferee district, by implication it extends to any "party" seeking subsequent representation in the MDL litigation. Accordingly, irrespective of their local rules, MDL transferee courts routinely exempt counsel from other districts from conditioning their appearance on bar membership in the host district. See e.g. *IN RE: DePuy Orthopaedics, Inc., Pinnacle Hip Implant Products Liability Litigation*, 3:11-md-02244 (ND Texas), Doc. No. 166 ("Any attorney admitted to practice and in good standing of any United States District Court is admitted to practice in this litigation, and the

local counsel requirement described in the Local Rules of this Court is temporarily suspended for this litigation. This order applies to actions transferred pursuant to Section 1407 as well as actions initiated in this Court."). ***The Eastern District of Michigan has already adopted this position.*** In an official comment to LR 83.20, the Court acknowledges its local rule on attorney admissions may not contradict any rule promulgated by the Judicial Panel pursuant to 28 U.S.C. § 1407(f).

Even if Local Rule 83.20 was not preempted by Rule 2.1(c), Cochran's comments fulfilled his important obligation as an officer of the court. Deep within the fabric of American jurisprudence is the overriding duty of every attorney to ensure a court's decision is not improperly influenced by inaccurate or misleading information. *Ex parte Garland*, 71 U.S. 333 (1866). Moreover, Rule 3.3(a)(1) of the Model Rules of Professional Conduct prohibits a lawyer from knowingly making a false statement of fact or law to a tribunal or fail to correct a false statement of material fact or law previously made to the tribunal by the lawyer. Comment 2 clarifies the rule's intent:

> This Rule sets forth the special duties of lawyers as officers of the court to avoid conduct that undermines the integrity of the adjudicative process. A lawyer acting as an advocate in an adjudicative proceeding has an obligation to present the client's case with persuasive force. Performance of that duty while maintaining confidences of the client, however, is qualified by the advocate's duty of candor to the tribunal. Consequently, although a lawyer in an adversary proceeding is not required to present an impartial exposition of the law or to vouch for the evidence submitted in a cause, ***the lawyer must not allow the tribunal to be misled by false statements of law or fact or evidence that the lawyer knows to be false***. (emphasis added)

At the fairness hearing, class counsel made *four* inaccurate statements that would not have been corrected if Cochran had not brought them to the Court's attention. Following is each statement and Cochran's response.

1. ***Class membership is based solely on purchasing an eligible automobile.***

While the class notice states one ***may*** participate in the settlement based on car ownership,

Cochran alerted the Court that every settlement agreement defines a "class member" as one who purchased a qualified vehicle *that contains an automotive part manufactured by the defendant*. For example, paragraph 10 of Autoliv's agreement defines class membership as:

> All persons and entities from January 1, 2003 through the Execution Date who: (1) purchased or leased a new vehicle in the United States for personal use and not for resale *which included one or more Occupant Safety Restraint System(s) as a component part*, which were manufactured or sold by a Defendant . . . .

**2.** *A class member can object without proving his vehicle contains a qualified part.*

Class counsel's representation is simply untrue. As stated in the long-form class notice:

> To object to or comment on a Settlement, you must specify which Settlement (*including the specific motor vehicle part and the Settling Defendant*(s)) you are objecting to ….

**3.** *All settlement funds will be distributed on a pro-rata basis.*

Once again, the class notice tells a different tale. While it is true that residual funds will not be returned to Defendants, there is no mention of a pro-rata allocation among class members. Instead, individual awards will vary in accordance with several variables and unused funds will be distributed to unnamed charities:

> At this time, it is unknown how much each Class member who submits a valid claim will receive. Payments will be based on a number of factors, including at least the number of valid claims filed by all Class members and the number of (1) new motor vehicles purchased or leased or (2) replacement parts purchased. It's possible that any money remaining after claims are paid will be distributed to charities, governmental entities, or other beneficiaries approved by the Court. No matter how many claims are filed, no money will be returned to the Settling Defendants once the Court finally approves the Settlements.

**4.** *The parties will soon disclose the means for linking parts to vehicles.*

In response to the obvious difficulty in linking parts to vehicles, class counsel made a surprising announcement at the hearing: the parties are working on a solution that would soon be ready to share with class members. Cochran reminded the Court that potential class members must

be able to verify their status *when class notice is distributed*, not months after the deadline for raising objections or opting out. One day after the hearing, a representative from Ford Motor Company replied to Cochran's prior request for clarification on this critical topic. (Exhibit A). Ford explained it could not assist the Yorks because: "Trying to identify the parts subject to the settlement agreement that were installed in the vehicles purchased by your clients would be unduly burdensome." (Exhibit B). For the same reason, Ford has doggedly resisted every subpoena to produce the non-existent documentation. When asked if they were aware of any methodology that could complete the task, Ford drew a blank. If a major automobile manufacturer lacks the resources to solve this formidable puzzle, one can only wonder how class counsel expects to deliver on their promise.

CONCLUSION

It is easy to see how class counsel's misstatements could materially affect this Court's ability to make sound rulings. The most serious ramification is ***eliminating class members' fundamental right to object***. "It is desirable to have as broad a range of participants in the class action fairness hearing as possible because of the risk of collusion over attorneys' fees and the terms of settlement generally ***." *Mirfasihi v. Fleet Mortg. Corp.,* 551 F.3d 682, 687 (7th Cir. 2008) (quoting *Reynolds v. Beneficial National Bank,* 288 F.3d 277, 288 (7th Cir. 2002)). Accordingly, "objectors have a valuable and important role to perform in policing class action settlements." *In re Indep. Energy Holdings PLC Sec. Litig.,* 00 Civ. 6689(SAS), 2003 WL 22801724, at *1 (S.D.N.Y. Nov. 24, 2003) (citing *White v. Auerbach,* 500 F.2d 822, 828 (2d Cir. 1974)). Given the unreasonable barrier to making objections in the present MDL, a major glitch affecting the settlements' fairness was nearly overlooked. The purpose of Yorks' objection, as well as their supplemental filing, is to prevent such injustice.

By: *s/ George W. Cochran*
George W.Cochran (Ohio Bar No. 0031691)
Law Office of George W. Cochran
1385 Russell Drive
Streetsboro, Ohio 44241
Telephone: (330) 607-2187
Facsimile: (330) 230-6136
Email: lawchrist@gmail.com
*Attorney for Olen York, Amy York, and Nancy York*

# CERTIFICATE OF SERVICE

I hereby certify that on May 13, 2016, I filed a copy of the foregoing with the Clerk of Courts using the Court's CM/ECF system, which will send electronic notice of such filing to counsel of record for all parties to the actions.

By: *s/ George W. Cochran*
George W.Cochran (Ohio Bar No.0031691)
Law Office of George W. Cochran
1385 Russell Drive
Streetsboro, Ohio 44241
Telephone: (330) 607-2187
Facsimile: (330) 230-6136
Email: lawchrist@gmail.com

*Attorney for Olen York, Amy York, and Nancy York*