# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| In re: Automotive Parts Antitrust Litigation | Master File No. 12-md-02311 |
| In re: All Parts Cases | Honorable Marianne O. Battani |
| This document relates to:<br>Truck and Equipment Dealer Cases | |

**TRUCK AND EQUIPMENT DEALER PLAINTIFFS' OPPOSITION TO
NON-PARTY DAIMLER TRUCK ENTITIES' OBJECTIONS TO, AND MOTION TO
<u>MODIFY, SPECIAL MASTER'S APRIL 20, 2016 ORDER</u>**

## **STATEMENT OF ISSUE PRESENTED**

Whether the Daimler Truck Entities should be required to comply with the Special Master's April 20, 2016 Order that requires them to provide deposition testimony pursuant to Fed. R. Civ. P. 30(b)(6) on certain topics relating to subpoenas served upon them, where Truck and Equipment Dealer Plaintiffs have established the relevance of the documents and information sought by the subpoenas, and where the Daimler Truck Entities have failed to rebut that showing of relevance.

**Suggested Answer:   Yes.**

## STATEMENT OF CONTROLLING OR MOST APPROPRIATE AUTHORITIES

- *United States v. Blue Cross Blue Shield of Michigan*, No. 10–CV–14155, 2012 WL 4513600 (E.D. Mich. Oct. 1, 2012) (Majzoub, M.J.)

- *Alexander v. F.B.I.*, 194 F.R.D. 316 (D.D.C. 2005)

- Fed. R. Civ. P. 26

Truck and Equipment Dealer Plaintiffs ("TEDPs") respond as follows to Non-Party Daimler Truck Entities' Objections to, and Motion to Modify, Special Master's April 20, 2016 Order (ECF No. 1318) ("Daimler Objections").

## **INTRODUCTION**

The Daimler Truck Entities[1] argue that TEDPs have failed to demonstrate the relevance of the documents and information requested by the subpoenas because TEDPs cannot rely upon the arguments in the Serving Parties'[2] Joint Motion to Compel Discovery From Non-Party Original Equipment Manufacturers ("Motion to Compel," ECF No. 1185). *See* Daimler Objections at 1. The Daimler Truck Entities do not appear to argue that it is improper for parties to join in and rely upon arguments made by other parties. Besides being contrary to common practice in this MDL and judicial economy, it would be hypocritical for the Daimler Truck Entities to assert such an argument. The Daimler Truck Entities joined in and relied upon the SSEs' Joint Opposition to the Parties' Motion to Compel (ECF No. 1227), and now join in the SSEs' joint objections to the Special Master's Order (ECF No. 1316). Instead, the Daimler Truck Entities argue that the Trucks and Equipment they make are so different from passenger automobiles that the Serving Parties' arguments regarding relevance simply do not apply to them.

But the Daimler Truck Entities fail to support their position with anything other than unsupported assertions and inapposite caselaw. Having been presented with detailed

---

[1] The Daimler Truck Entities are Daimler Trucks North America LLC, Daimler Vans Manufacturing LLC, Daimler Vans USA LLC, Freightliner Custom Chassis Corp., Mitsubishi Fuso Truck of America, Inc., Thomas Built Buses, Inc., and Western Star Truck Sales, Inc.

[2] The Serving Parties include TEDPs, End-Payor Plaintiffs ("EPPs"), Automobile Dealer Plaintiffs ("ADPs"), The State of Indiana, the State of Florida (collectively, "Plaintiffs"), and Defendants in all actions in this MDL.

justifications for the information the Serving Parties seek, it was the Daimler Truck Entities who were "extraordinarily careless" in failing to rebut them. *See* Memorandum in Support of Non-Party Daimler Truck Entities' Objections to, and Motion to Modify, Special Master's April 20, 2016 Order ("Daimler Objections Memorandum") at 6.

## FACTUAL BACKGROUND

At the direction of the Court, the Serving Parties coordinated to jointly issue a Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (the "Subpoena") to non-party original equipment manufacturers ("OEMs") of passenger cars and Trucks and Equipment, including The Daimler Truck Entities. At the outset of the meet-and-confer process regarding the Subpoena, many OEMs joined a "summit group" in advance of an October 2, 2015 conference call with the Serving Parties. On October 19, 2015, counsel for the Daimler Truck Entities refused TEDPs' invitation to meet and confer at that time:

> "Once the OEM/issuing parties have completed the meet-and-confer process at the general level, there will either be some overall agreement on the proper scope of the subpoena, or the issuing parties will bring a motion to compel. *It would make sense to meet-and-confer with respect to the Daimler Truck Entities either after the parties reach agreement at the general level, or after the Special Master and/or Judge Battani has ruled on the proper scope of the subpoena.*"

*See* Email from Dominic Surprenant to Andrew Sperl dated October 19, 2015, attached hereto as Exhibit 1 (emphasis added).

Negotiations between the Serving Parties and the OEMs did not result in agreement, and the Serving Parties filed a Motion to Compel against the OEMs and the Daimler Truck Entities on January 20, 2016. *See* Motion to Compel Discovery from Non-Party Original Equipment Manufacturers (ECF No. 1185) ("Motion to Compel"). The Daimler Truck Entities (referred to as the "Truck and Equipment SSEs" in their opposition brief) argued in response to the Motion to Compel that the medium- and heavy-duty trucks at issue are too unique and customized for

5

any discovery from the Daimler Truck Entities to be relevant. *See* Opposition to Motion to Compel by Non-Party Truck and Equipment Specified Subpoenaed Entities (ECF No. 1226).[3]

On March 24, 2016, the Serving Parties and the SSEs including the Daimler Truck Entities appeared before the Special Master for a mediation and hearing on the Motion to Compel. Because he lacked sufficient information to properly rule on the Motion to Compel, the Special Master ordered each OEM Deponent Group—including each OEM such as the Daimler Truck Entities that "manufactures or sells vehicles at issue in the TEDP case"—to produce witnesses to testify at a Fed. R. Civ. P. 30(b)(6) deposition on five topics related to the data and information sought by the Subpoena. *See* Special Master's April 20, 2016 Order Regarding the Parties' Motion to Compel Discovery from Non-Party OEMs and Ordering Non-Party OEM Rule 30(b)(6) Depositions (ECF No. 1294). Recognizing the relevance and importance of the discovery sought from the Daimler Truck Entities for TEDPs' cases, the Special Master included the Daimler Truck Entities in the April 20, 2016 Order despite their request at the mediation and hearing to be carved out.

On May 4, 2016, the Daimler Truck Entities filed objections to the Special Master's order (ECF No. 1318), in addition to joining in objections filed on behalf of the SSEs collectively (ECF No. 1316). TEDPs file this opposition to the Daimler Truck Entities' separate objections, and join in the Serving Parties' response to the SSEs' collective objections.

---

[3] The Daimler Truck Entities also argued that Truck and Equipment Dealers failed to meet and confer with them. Not only was that argument incorrect, *see* Exhibit 1, it was rendered moot by the Special Master's decision to treat the mediation session among the parties as a meet-and-confer conference pursuant to Local Rule 7.1. The Daimler Truck Entities do not raise that issue in their objections.

6

**ARGUMENT**

I.  **The Serving Parties, including TEDPs, amply justified the discovery sought by SSEs including the Daimler Truck Entities.**

TEDPs joined the Motion to Compel in the interest of judicial economy and, for that reason, will not restate here each of the justifications stated in the Motion to Compel for the discovery sought by the subpoenas. However, there is nothing about those justifications that make them applicable only to automobiles and not to trucks and equipment. Among other things,

- Plaintiffs explained that they "require OEM transactional purchase data and information to . . . supplement and explain the transactional sales data productions of Defendants," which in turn was necessary to allow Plaintiffs' experts to "link Defendants' parts to the vehicle makes/models into which they were ultimately installed." Memorandum in Support of the Parties' Motion to Compel Discovery From Non-Party Original Equipment Manufacturers ("Motion to Compel Memorandum") at 17.

- Plaintiffs also explained that, in order to measure overcharges, Plaintiffs' experts required data "includ[ing] the prices at which parts and finished vehicles are bought . . . and prices at which new vehicles are sold at the OEM level." Motion to Compel Memorandum at 18.

- Plaintiffs also noted that any dataset tracking "the issuing and bidding process/history for each RFQ and eventual outcomes of those RFQs" would "provide key information for Plaintiffs' experts' analyses of whether Defendants' bid rigging and other conduct impacted parts prices to the OEMs." Motion to Compel Memorandum at 18.

- Finally, the Motion to Compel explained that the prices of vehicles purchased from OEMs and related data are important to establishing the extent of injuries sustained by TEDPs and Auto Dealer Plaintiffs. Motion to Compel Memorandum at 24-25.

The Motion to Compel also explained why the Subpoena is appropriate and proportionate to the needs of this case.

There is nothing about any of these arguments that is uniquely applicable to automobiles and not trucks and equipment, any more than that any of the arguments are applicable, for

7

instance, to automobiles made by one manufacturer rather than another. The Daimler Truck Entities do not deny that they purchase parts for inclusion in finished vehicles, that those parts are purchased through a competitive bidding process, that they sell finished vehicles incorporating those parts to dealers, or that they keep data on each of those transactions. As is clear from the Motion to Compel, the documents sought by the Subpoena are intended to allow Plaintiffs (including TEDPs) and their experts to obtain information about the parts at issue from the initial bid or purchase by the OEM through to eventual inclusion in a finished vehicle and sale to a dealer. While there may be differences in detail (just as there may be between different automobile OEMs), this is the same process that is followed by truck and equipment OEMs like the Daimler Truck Entities.

The declaration of Jess Reaser, Ph.D. ("Reaser Decl."), attached hereto as Exhibit 2 and incorporated herein by reference, explains how the customized nature of trucks does not prevent a calculation of pass-through.[4] Reaser Decl. ¶¶ 5-9. Thus, the Daimler Truck Entities' arguments that they can escape the obligations of the Subpoena because of customization in Truck and Equipment purchases ring hollow.

**II.     The Daimler Truck Entities failed to rebut TEDPs' showing that the information sought by the Subpoena is relevant.**

TEDPs, together with all the Serving Parties, satisfied their burden of showing that the documents sought by the subpoenas are relevant to all SSEs, including the Daimler Truck Entities. To the extent that the Daimler Truck Entities feel those reasons are not applicable to them because they manufacture trucks and other commercial vehicles instead of automobiles, it was their obligation to justify their position in opposition to the Motion to Compel. *See United*

---

[4] This Court should reject any argument by Daimler that TEDPs have somehow "waived" the Reaser Declaration, for the reasons stated in Section IV below, and because the Reaser Declaration merely explains arguments that have already been raised and preserved by TEDPs.

*States v. Blue Cross Blue Shield of Michigan*, No. 10–CV–14155, 2012 WL 4513600 at *5 (E.D. Mich. Oct. 1, 2012) (Majzoub, M.J.) ("A nonparty seeking to modify a subpoena bears the burden of demonstrating that the discovery sought should not be allowed."); *Alexander v. F.B.I.*, 194 F.R.D. 316, 325–26 (D.D.C. 2005) ("Once the relevance of the material sought has been established, the party objecting to that discovery then bears the burden of 'show[ing] why discovery should not be permitted.'"); *see also* Fed. R. Civ. P. 26(b)(1) ("Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . ."). The Daimler Truck Entities failed to do so here, relying on the same cursory assertions and inapplicable caselaw that they now include in their objections.

The Daimler Truck Entities claim that the Subpoena "makes no sense" as directed to them because "the types of commercial trucks at issue here are essentially 'made-to-order' based on customer specific bedding requirements." Daimler Objections Memorandum at 4. In support, they cite inapposite caselaw and a declaration by the "Manager of Application Engineering at Daimler Trucks North America" stating in part that "as each truck is customized to the particular needs of the customer, manufacturing costs of different trucks can vary by tens of thousands of dollars" and that "[t]he prices charged to customers are also individually negotiated and depend on a number of customer-specific factors." *Id.* There is no dispute that commercial trucks are often (but not always) built to order, and that there are many more options than typically available for passenger automobiles. (Although the Daimler Truck Entities' blanket assertions omit key qualifications, including that many trucks are purchased by customers from a dealer's existing inventory, and that the level of customization is less for medium-duty Class 6 and 7 trucks than for heavy-duty Class 8 trucks.)

9

But the Daimler Truck Entities miss the point: it does not follow from the uncontested fact that trucks are more customized than passenger cars that the discovery sought by the Subpoena is irrelevant. The Daimler Truck Entities do not and cannot show that it is impossible for dealers of Trucks and Equipment to suffer antitrust injury because of price-fixing and bid-rigging of component parts. And the Daimler Truck Entities do not and cannot show that it is impossible to prove injury on the part of dealers because of the more individualized nature of truck and equipment transactions.

Moreover, the Daimler Truck Entities' cited authority is inapposite. Before the Special Master, the Daimler Truck Entities relied upon—with virtually no analysis—two cases involving antitrust claims in the heavy-duty truck market. *See* Opposition to Motion to Compel by Non-Party Truck and Equipment Specified Subpoenaed Entities ("TE Opposition," ECF No. 1226) at 3-4 (citing *Volvo Trucks N. Am., Inc. v. Reeder-Simco GMC, Inc.*, 546 U.S. 164 (2006) and *In re Class 8 Transmission Indirect Purchaser Antitrust Litig.*, __ F. Supp. 3d __, Civ. No. 11-00009-SLR, 2015 WL 6181748 (D. Del. Oct. 21, 2015)). Other than a passing reference to *Volvo*, the Daimler Truck Entities do not even reference these cases in their objections, presumably because neither case has anything to do with discovery nor the price-fixing antitrust violations alleged in this case.

The issue in *Volvo* was "whether a manufacturer offering its dealers different wholesale prices may be held liable for price discrimination proscribed by the Robinson-Patman Act, absent a showing that the manufacturer discriminated between dealers contemporaneously competing to resell to the same retail customer." 546 U.S. at 169. The Supreme Court noted that "[c]ompetition of that character ordinarily is not involved when a product subject to special order is sold through a customer-specific competitive bidding process." *Id.* at 170. The Court went on

to describe the process by which customers order heavy-duty trucks through a competitive bidding process, which, as described above, is not in dispute here. *Id.* Unlike *Volvo*, this case involves a price-fixing and bid-rigging conspiracy, not price discrimination violate of the Robinson-Patman Act. More importantly, *Volvo* did not involve a discovery dispute; it did not consider whether it was possible for a plaintiff to prove damages in a case like this one; nor what evidence would be relevant or necessary for it to do so.

Similarly, *Class 8 Transmission* is also unavailing. The Plaintiffs in *Class 8 Transmission* were indirect purchasers of Class 8 heavy-duty trucks who alleged that defendant OEMs conspired with a defendant manufacturer of transmissions by entering into exclusive dealing agreements with the purpose of forcing a competing manufacturer of transmissions out of the market. 2015 WL 6181748 at *2. *Class 8 Transmission* involved a motion for class certification, not a discovery dispute, and it did not consider whether any evidence was relevant, discoverable, or admissible. *See id*. at *3. The court in *Class 8 Transmission* denied the Plaintiffs' motion for class certification because it held that their expert damages analysis was inadequate. *Id*. at *6–11. Among other things, the court concluded that the damages analysis was based on only a "small slice of data" and that it excluded certain types of transmissions and certain OEMs. *Id*. at *9. The court did *not* hold that Plaintiffs could not, as a matter of law, sustain antitrust injury because of the customized nature of truck purchases, nor that it would be impossible to construct an analysis that would adequately measure the Plaintiffs' damages. It merely concluded that the particular analysis at issue in that case was inadequate.

If anything, the holding in *Class 8 Transmission* highlights the prejudice that TEDPs will suffer if they are unable to obtain the information sought by the Subpoena. That court's findings

demonstrated that detailed data are relevant to construct a robust analysis sufficient to demonstrate TEDPs' claims of damages.  *See* Reaser Decl. ¶¶ 3, 9.

### III. The Daimler Truck Entities' waiver argument is baseless.

The Daimler Truck Entities' waiver argument is baseless.  First, even if any of TEDPs' arguments were new (which they are not), it is within this court's discretion to consider them.  *See E.E.O.C. v. Yenkin-Majestic Paint Corp.*, 112 F.3d 831, 835 (6th Cir. 1997) (citing *Foster v. Barilow*, 6 F.3d 405, 407 (6th Cir. 1993))

More importantly, TEDPs' arguments to this Court are *not* new:  TEDPs already established the relevance of the Subpoena as directed against the Daimler Truck Entities in the Motion to Compel.  As noted above, if the Daimler Truck Entities felt those arguments were misdirected against them, they had an opportunity to explain why in their opposition to the Special Master.  Instead, the Daimler Truck Entities presented less than a page of argument as to why the arguments in the Motion to Compel were not properly directed to them.  TE Opposition at 3-4.  That argument was limited to citations (with virtually no analysis) to the two inapposite cases cited above, and a footnote referencing the Hayes declaration, which was not discussed in the body of the brief and which merely confirms what is not in dispute: that the ordering process for trucks and equipment is more customized than it is for passenger cars.  The Daimler Truck Entities' cursory response did not meet the substance of the Motion to Compel, and TEDPs adequately responded to it on reply.  *See* Truck and Equipment Dealer Plaintiffs' Reply in Support of Motion to Compel Discovery from Non-Party Original Equipment Manufacturers ("TEDP Reply," ECF No. 1245).

Finally, it should be noted that contrary to the Daimler Truck Entities' protestations that their compliance with the Subpoena should be subject to an entirely separate discussion of relevance and proportionality, they flatly refused TEDPs' efforts to engage in a separate meet-

and-confer process.  Instead, their counsel represented that "[i]t would make sense to meet-and-confer with respect to the Daimler Truck Entities either after the parties reach agreement at the general level, *or after the Special Master and/or Judge Battani has ruled on the proper scope of the subpoena.*"  See Exhibit 1 (emphasis added).  Presumably, if the Special Master had quashed the Subpoena with respect to the other SSEs, the Daimler Truck Entities would have argued that decision should apply to them.  But that did not happen.  The Daimler Truck Entities' argument that the TEDPs have failed to demonstrate relevance because TEDPs participated in a joint briefing and negotiation process, after the Daimler Truck Entities refused to engage TEDPs in a separate negotiation, is simple gamesmanship, and this Court should reject it.

## CONCLUSION

For the above reasons, the Daimler Truck Entities' Objections to the Special Master's Order should be overruled.

Dated: May 16, 2016

/s/ J. Manly Parks
Wayne A. Mack (PA Bar #46654)
J. Manly Parks (PA Bar #74647)
Andrew R. Sperl (PA Bar #311467)
William Shotzbarger (PA Bar #320490)
30 S. 17th Street
Philadelphia, PA  19103
Phone: (215) 979-1000
Fax: (215) 979-1020
wamack@duanemorris.com
jmparks@duanemorris.com

*Counsel for Truck and Equipment Dealer Plaintiffs*

## CERTIFICATE OF SERVICE

I certify that today I served the Foregoing Truck and Equipment Dealer Plaintiffs' Opposition to Non-Party Daimler Truck Entities' Objections to, and Motion To Modify, Special Master's April 20, 2016 Order with the Clerk of the Court using the ECF system which will send notification of such filing to all of the ECF participants in this action.

Dated: May 16, 2016

/s/ J. Manly Parks
J. Manly Parks

DM1\6880351.4