# EXHIBIT 1

**Sperl, Andrew R.**

| | |
|---|---|
| **From:** | Dominic Surprenant <dominicsurprenant@quinnemanuel.com> |
| **Sent:** | Monday, October 19, 2015 3:31 PM |
| **To:** | Sperl, Andrew R.; dbrownstein@fbj-law.com; Katie Van Dyck |
| **Cc:** | Nithin Kumar |
| **Subject:** | RE: In Re Auto Parts Antitrust Litigation -- Daimler Truck Entities |

+ David, Katie and Nithin, minus OEM_Subpoenas@lists.susmangodfrey.com

Hi Andrew,

David and Katie have been my counterparts in terms of the response of the Daimler's entities to the OEM subpoena. Nithin is my colleague working with me on the matter. I deleted OEM_Subpoenas@lists.susmangodfrey.com, as I do not know who is on that list.

As you probably know, there was a "summit" call on October 2nd between counsel for the parties issuing the subpoena and counsel for OEM. During that call, counsel for OEM essentially explained that the subpoena was so overbroad that it was not a place to start negotiations. Counsel for the issuing parties promised a response, narrowing the subpoena. We received that response last Wednesday, October $14^{th.}$ The OEM counsel who has been taking the lead for the OEMs overall, Colin Kass of Proskauer, who represents FCA, is preparing a written response. I do not know when Colin will circulate a draft to the other OEMs, or when we as a group will have a letter ready to provide to the issuing parties. I do not want to speak on behalf of counsel for the other OEMs, but I would be quite surprised if the OEMs as a group believe the subpoena, as narrowed by the October 14th letter, is now narrow enough to begin one-on-one negotiations; my position is that it clearly is not.

With respect to your "compromise," request 1, 4 and 12 are the three broadest requests out of the 36. It would remain incredibly burdensome for non-parties to the lawsuit to even attempt to respond to demands of that breadth (assuming, as I do not, that responding to requests of that breadth is even possible – e.g., Request number 1 has 34 subparts, calling for response to in effect 34 requests beginning in 1992 for every vehicle any of the subpoenaed entities has produced in that time frame).

In short, it is premature to consider one-on-one negotiations at this time, as the attempt to narrow the subpoena is subject to ongoing discussions that we hope will prove at least in part successful.

1

Once the OEM/issuing parties have completed the meet-and-confer process at the general level, there will either be some overall agreement on the proper scope of the subpoena, or the issuing parties will bring a motion to compel.  It would make sense to meet-and-confer with respect to the Daimler Truck Entities either after the parties reach agreement at the general level, or after the Special Master and/or Judge Battani has ruled on the proper scope of the subpoena.

If you have any questions, please let me know.

**Dominic Surprenant // Quinn Emanuel**
865 South Figueroa Street, 10th Floor

Los Angeles, California 90017
310.699.1600 Cell

213.443.3166 Office (direct line)
ds@quinnemanuel.com


**From:** Sperl, Andrew R. [mailto:ARSperl@duanemorris.com]
**Sent:** Monday, October 19, 2015 11:03 AM
**To:** Dominic Surprenant <dominicsurprenant@quinnemanuel.com>
**Cc:** OEM_Subpoenas@lists.susmangodfrey.com
**Subject:** In Re Auto Parts Antitrust Litigation -- Daimler Truck Entities

Dear Dominic:

Our firm represents Truck and Equipment Dealer Plaintiffs in certain cases (Wire Harnesses, Bearings, and Occupant Safety Systems) in the Auto Parts Antitrust Litigation.  I am writing to follow up on the initial meet and confer held on September 15, 2015, with Daimler's previous counsel regarding the third party subpoena served upon various Daimler entities in connection with the Auto Parts Antitrust Litigation.  Specifically, I am writing to respond to the position of certain Daimler entities that only manufacture or sell trucks (Daimler Trucks NA, Mitsubishi Fuso Truck of America, Thomas Built Buses, Western Star Truck Sales, Daimler Vans USA, and Freightliner Chassis Corp) ("Daimler Truck Entities") that the Daimler Truck Entities will not respond to the subpoena until the court rules on defendants' motions to dismiss the Truck and Equipment Dealers' complaint in the Wire Harness action.  (ECF Nos. 65, 68, 69, 70 in 2:14-cv-14451) ("Motions to Dismiss").

Truck and Equipment Dealers do not agree to withdraw or otherwise hold in abeyance the subpoena pending the outcome of the Motions to Dismiss.  While we appreciate the Daimler Truck Entities' desire to avoid any burden and expense in responding to the subpoena, delaying a response until after the court decides the Motions to Dismiss will significantly hinder our ability to gather necessary evidence in advance of the deadlines for class certification motions that have been set in the Wire Harnesses and Bearings cases (July 1, 2016 and July 29, 2016, respectively).  However, we propose that, until the Motions to Dismiss are decided, the Daimler Truck Entities need only respond to request numbers 1, 4, 5, 12, and 36.  If that compromise is acceptable, we suggest scheduling another meet and confer to discuss any specific objections the Daimler Truck Entities may have to those requests, and a timeline for responding.

Please let me know if this proposal is acceptable.  We are also willing to discuss any other compromise that would allow the serving parties to timely obtain the evidence necessary to prepare for class certification.


Andrew




www.duanemorris.com




**Andrew R. Sperl**
Associate



Duane Morris LLP
30 South 17th Street
Philadelphia, PA 19103-4196

**P:** +1 215 979 7385
**F:** +1 215 827 5562