# EXHIBIT 2

Case 2:12-md-02311-SFC-RSW   ECF No. 1352-3, PageID.23917   Filed 05/16/16   Page 1 of 5

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| In re: Automotive Parts Antitrust Litigation | Master File No. 12-md-02311 |
| In re: All Parts Cases | Honorable Marianne O. Battani |
| This document relates to:<br>All Parts Cases | |

**DECLARATION OF JESS REASER IN SUPPORT OF TRUCK AND EQUIPMENT
DEALER PLAINTIFFS' OPPOSITION TO DAIMLER TRUCK ENTITIES'
<u>OBJECTIONS TO SPECIAL MASTER'S APRIL 20, 2016 ORDER</u>**

I, Jess Reaser, hereby declare under penalty of perjury as follows:

1. I am a senior economist at Christensen Associates where I have worked as an economic consultant for eighteen years. I have testified at deposition regarding damages in Breach of Contract, as well as at trial regarding expected future earnings. I have served as an economic expert in a wide array of other matters. In addition, I have conducted econometric and statistical analysis in antitrust, employment discrimination, and tax litigation. I have a Ph.D. in Economics, which I received from Michigan State University in 1998.

2. I have reviewed The Parties' Motion to Compel Discovery from Non-Party Original Equipment Manufacturers (ECF No. 1185) ("Motion to Compel"); the Specified Subpoenaed Entities' Joint Opposition to the Parties' Motions to Compel (ECF No. 1227); the Opposition to Motion to Compel by Non-Party Truck and Equipment Specified Subpoenaed Entities (ECF No. 1226); the Truck and Equipment Dealer Plaintiffs' Reply In Support of Motion to Compel Discovery from Non-Party Original Equipment Manufacturers (ECF No. 1245); Certain SSEs' Objections to the Special Master's Order Regarding the Parties' Motion to Compel Discovery from Non-Party OEMs and Ordering Non-Party Rule 30(b)(6) Depositions (ECF No. 1316); Non-Party Daimler Truck Entities' Objections to, and Motion to Modify, Special Master's April 20, 2016 Order (ECF No. 1318) ("Daimler Truck Objections"), the memoranda of law filed in support of those motions, and the Declaration of Rhett Hayes in Support of the Specified Subpoenaed Entities' Joint Opposition to the Parties' Motion to Compel (ECF No. 1227-29). I also reviewed the Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action issued to Daimler North America Corporation (the "Subpoena").

3. The documents and data sought by the Subpoena regarding prices, costs, and truck and equipment characteristics are relevant to the Truck and Equipment Dealers' ("TEDPs")

2

claims for the reasons stated in those parts of the Motion to Compel in which TEDPs joined. In particular, the data are relevant to link parts manufactured by Defendants to the trucks and equipment in which they were installed, to identify the prices at which parts were purchased, and to identify the prices and costs associated with varying configurations of finished vehicles sold by OEMs.

4. The Daimler Truck Entities claim that the Subpoena "simply makes no sense when directed to the Daimler Truck Entities" because the "commercial trucks of the type at issue here are specially ordered products and are sold through a customer specific competitive bidding process" and because the "manufacturing costs of different trucks can vary by tens of thousands of dollars." Daimler Truck Objections at 2.

5. However, statistical models are capable of producing a reliable, common method for calculating pass-through to TEDPs that controls for product customization and price differences in truck and equipment markets.

6. To measure pass-through of an overcharge to TEDPs, data reflecting the OEMs' sales to TEDPs can be analyzed to measure the extent to which changes in truck and equipment manufacturing costs influenced the prices charged by OEMs to TEDPs for new trucks and equipment. This is commonly accomplished using a regression analysis.

7. Pass-through models employing well-established statistical methods are capable of explaining the relationship between sale prices and costs, while at the same time controlling for product characteristics, supply factors, and demand factors. In particular, the inclusion of product attributes as control variables allows an appropriately constructed statistical model to account for the economic aspects of the markets being analyzed.

8. Further, the existence of product customization and price differences, such as those identified by the Daimler Truck Entities, do not imply that there is not a common method

to identify impact and pass through. Economic models can appropriately control for differences in product configurations. For example, federal courts have certified indirect purchaser classes for components used in the manufacture of both highly customized personal computers and standardized preconfigured models, which, in turn, are distributed through various supply channels. Neither customized products nor otherwise idiosyncratic transactions imply that participants in such transactions were not harmed by a price fixing conspiracy.

9. Statistical methods such as this are routinely applied in the private sector, academia, and government to analyze prices in a wide array of markets. Data maintained by OEMs on prices, costs, and truck and equipment characteristics are relevant to facilitate an analysis using these methods.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: May 16, 2016

Jess Reaser
Laurits R. Christensen Associates, Inc.
800 University Bay Drive, Suite 400
Madison, WI  53705-2299