# Exhibit C

**From:** Ronnie Spiegel
**Sent:** Friday, April 01, 2016 3:10 PM
**To:** Abeles, Scott M.
**Cc:** Kass, Colin; Munkittrick, David A.; Reiss, Steven; Trager, Lara; Steven.Cherry@wilmerhale.com; Steve Williams; Jon Cuneo; Vicky@cuneolaw.com; Salzman, Hollis (HSalzman@RobinsKaplan.com); Marc Seltzer (mseltzer@susmangodfrey.com); adam.hemlock@weil.com
**Subject:** Auto Parts Litigation - Draft [Proposed] Orders

Dear Scott,

Please find attached draft [Proposed] Orders regarding the SSEs' previous productions to the Department of Justice and 30(b)(6) depositions. As the Special Master directed at the hearing last Thursday, we are providing these to SSE counsel for comment. Please provide any comments back to us no later than EOB next Wednesday, April 6th, so that we may move forward with filing as soon as possible. Also, in response to your email to Adam Hemlock of March 28, 2016 requesting a list of specific questions for the 30(b)(6) depositions, we do not feel that it would be productive to provide a list at this time.

Please kindly circulate this email to the appropriate SSE counsel.

Best regards,
Ronnie Spiegel


**Ronnie Spiegel** | Partner
**Hagens Berman Sobol Shapiro LLP**
1918 Eighth Ave Suite 3300 - Seattle, WA 98101
Direct: (206) 268-9343
ronnie@hbsslaw.com | www.hbsslaw.com | HBSS Blog



# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| **In Re:  AUTOMOTIVE** | : 12-md-02311 |
| **PARTS ANTITRUST** | : Honorable Marianne O. Battani |
| **LITIGATION** | :  Special Master Gene J. Esshaki |
| | : 2:12-MD-02311-MOB-MKM |
| **In Re: All Auto Parts Cases** | : |
| | : |
| | : |
| **THIS DOCUMENT RELATES** | : |
| **TO: ALL AUTO PARTS CASES** | : |
| | : |

### [PROPOSED] SPECIAL MASTER'S ORDER REGARDING THE PARTIES' MOTION TO COMPEL DISCOVERY FROM NON-PARTY OEMS AND ORDERING NON-PARTY OEM RULE 30(b)(6) DEPOSITIONS

WHEREAS, on January 19, 2016, Plaintiffs and Defendants (collectively, the "Parties"[1]) filed a Joint Motion to Compel Discovery from Non-Party Original Equipment Manufacturers,[2] seeking to compel responses to certain narrowed requests of uniform subpoenas served on the non-party original equipment manufacturers ("OEMs") and their affiliates pursuant to the Court's orders dated March 19, 2015 (ECF No. 277, Case No. 2:12-cv-00100) and April 22, 2015 (ECF No. 949, Case No. 2:12-md-002311), and certain plaintiff parties filed a separate

---

[1] The Parties consist of End Payor Plaintiffs (EPPs), Automobile Dealer Plaintiffs (ADPs), Truck and Equipment Dealer Plaintiffs (TEDPs), the State of Florida, the State of Indiana (collectively, the "Plaintiffs"), and Defendants in the Automotive Parts Antitrust Litigation, No. 2:12-md-02311-MOB-MKM (E.D. Mich.) (*see* ECF. No. 1185 Attachment A).

[2] The Parties' Motion to Compel Discovery from Non-Party Original Equipment Manufacturers (*see, e.g.*, ECF No. 1185).

motion to compel regarding Request Nos. 27 and 31 in the OEM Subpoena[3] (collectively, the "Motions");

WHEREAS, on February 19, 2016, the subpoenaed OEMs and their affiliates subject to the Motions[4] filed several oppositions to the Motions[5];

WHEREAS, on March 11, 2016, the Parties filed replies to the Motions[6];

WHEREAS, on March 24, 2016, after having reviewed the above-referenced submissions, the undersigned held a mediation regarding the disputes raised in the Motions;

WHEREAS, the undersigned, after conducting several hours of discussions both individually and jointly with the Plaintiffs, Defendants, and OEMs, reached the conclusion that

---

[3] Certain Serving Parties' Motion to Compel Discovery from Non-Party Original Equipment Manufacturers (ECF Nos. 1187 and 1188).

[4] *See* Exhibit 1227-2 to The Specified Subpoenaed Entities' Joint Opposition to the parties' Motions to Compel (*see, e.g.*, ECF No. 1227-2) (listing coordinating "Specific Subpoenaed Entities," or "SSEs" subject to the Motion).

[5] The Specified Subpoenaed Entities' Joint Opposition to the parties' Motions to Compel (*see, e.g.*, ECF No. 1227); Memorandum of Smaller Subpoenaed Entities in Opposition to the Parties' Motion to Compel Discovery from Non-Party Original Equipment Manufacturers and Certain Serving Parties' Motion to Compel Discovery from Non-Party Original Equipment Manufacturers (*see, e.g.*, ECF No. 1223); Non-OEM Domestic Distributors' Opposition to the Parties' Motions to Compel Discovery From Non-Party Original Equipment Manufacturers (*see, e.g.*, ECF No. 1224); Opposition to the Parties' Motions to Compel by Specifically Subpoenaed Entities Whom the Parties Describe as "Non-Core" (*see, e.g.*, ECF No. 1230); Opposition to Motion to Compel by Non-Party Truck and Equipment Specified Subpoenaed Entities (*see, e.g.*, ECF No. 1226); *see also* Defendants' Opposition to Certain Serving Parties' Motion to Compel Discovery from Non-Party Original Equipment Manufacturers (*see, e.g.*, ECF No. 1216).

[6] End-Payor Plaintiffs' Reply in Support of the Parties' Motion to Compel Discovery from Non-Party Original Equipment Manufacturers (*see, e.g.*, ECF No. 1250); Defendants' Reply in Support of the Parties' Motion to Compel Discovery from Non-Party Original Equipment Manufacturers (*see, e.g.*, ECF No. 1246); Certain Serving Parties' Reply in Support of Motion to Compel Discovery From Non-Party Original Equipment Manufacturers (*see, e.g.*, ECF No. 1254).

2

there was insufficient information before him to rule on whether and/or to what extent to order the requested discovery from the OEMs and their affiliates;

WHEREAS, on March 24, 2016, following the mediation, the Special Master held a hearing regarding the disputes raised in the Motions, during which he heard argument from the various OEMs and then issued his rulings on the Motions. This Order Regarding Serving Parties' Motion to Compel Discovery from Non-Party OEMs and Ordering Rule 30(b)(6) Deposition of Certain Non-Party OEM Families (the "Order") memorializes the Special Master's rulings on these disputes.

**IT IS HEREBY ORDERED AS FOLLOWS:**

**I.    DEFINITIONS**

  A. "**Auto Part Product**" shall mean the specific automotive part to which each Lead Case (as defined in the March 22, 2106 Electronic Case Management Protocol Order, Master File No. 2:12-md-02311, ECF No. 1262) is related in the Auto Parts Cases.

  B. "**Auto Parts Cases**" shall mean all cases that are consolidated or coordinated into *In re Automotive Parts Antitrust Litigation* and including, without limitation, 2:15-cv-12893 and 2:15-cv-003200 (Automotive Hoses); 2:15-cv-13000 (Automotive Brake Hoses); 2:15-cv-14080 and 2:15-cv-03300 (Shock Absorbers); 2:16-cv-10456 and 16-cv-03400 (Body Sealings) and 2:16-cv-10461 and 16-cv-03500 (Plastic Interior Trim Parts); 2:16-cv-11082 and 2:16-cv-11087 (Exhaust Systems).

  C. "**Plaintiffs**" shall mean End Payors (EPPs), Automobile Dealer Plaintiffs (ADPs), Truck and Equipment Dealer Plaintiffs (TEDPs), the State of Florida, and the State of Indiana.

3

D. "**Defendants**" shall mean Defendants in the Auto Parts Cases.

E. "**OEM Group**" shall mean each group of subpoenaed OEM entities and affiliates listed on pages 2–3 (of 7) of Exhibit 1227-2 to The Specified Subpoenaed Entities' Joint Opposition to the parties' Motions to Compel (*see*, *e.g.*, ECF No. 1227-2) (*i.e.* (1) **BMW** (the "BMW Group" entities:  BMW of North America, LLC; BMW Manufacturing Co., LLC; BMW Financial Services NA, LLC; BMW (US) Holding Corp.; BMW Bank of North America; BMW Insurance Agency, Inc.; BMW US Capital, LLC; Designworks/USA, Inc.); (2) **Chrysler** (the "Chrysler Group" entities:  FCA US LLC and Fiat Chrysler Finance North America, Inc.); (3) **Daimler/Mercedes-Benz** (the "Daimler Group" entities: Daimler North America Corp. (MI); Daimler North America Corp. (NJ); Daimler Purchasing Coordination Corp.; Daimler Trucks North America LLC; Daimler Vans Manufacturing, LLC; Daimler Vans USA LLC; Freightliner Custom Chassis Corp.; Mercedes-Benz Advanced Design of North America Inc.; Mercedes-Benz Credit Corp.; Mercedes- Benz Financial Services USA LLC; Mercedes- Benz Research & Development North America, Inc. (CA); Mercedes-Benz Research & Development North America, Inc. (MI); Mercedes-Benz U.S. International, Inc.; Mercedes- Benz USA, LLC; Mitsubishi Fuso Truck of America, Inc.; Thomas Built Buses, Inc.; Western Star Trucks Sales, Inc.); (4) **GM** (the "GM Group" entities:  General Motors Company; General Motors Financial Company, Inc.; General Motors Holdings LLC; General Motors LLC); (5) **Hino** (the Hino entity:  Hino Manufacturing U.S.A., Inc.); (6) **Honda** (the "Honda Group" entities: American Honda Motor Co., Inc.; American Honda

4

Finance Corp.; Honda Manufacturing of Indiana, LLC; Honda North America, Inc.; Honda of America Mfg., Inc.; Honda of South Carolina Mfg., Inc.; Honda Precision Parts of Georgia, LLC; Honda R&D Americas, Inc.; Honda Research Institute USA, Inc.; Honda Transmission Manufacturing of America, Inc.); (7) **Hyundai** (the "Hyundai Group" entities: Hyundai Motor Manufacturing Alabama, LLC; Hyundai America Technical Center, Inc.; Hyundai Motor America; Hyundai AutoEver America, LLC; Hyundai Capital America); (8) **Jaguar Land Rover** (the Jaguar Land Rover entity:  Jaguar Land Rover North America, LLC); (9) **Kia** (the "Kia Group" entities: Kia Motors Manufacturing Georgia, Inc.; Kia Motors America, Inc.); (10) **Mitsubishi** (the "Mitsubishi Group" entities: Mitsubishi Motors North America, Inc.; Mitsubishi Motors Credit of America, Inc.; Mitsubishi Motors R&D of America, Inc.); (11) **Nissan** (the "Nissan Group" entities: Nissan North America, Inc.; Nissan Design America, Inc.(part of NNA); Nissan Technical Center North America, Inc. (part of NNA); Nissan Diesel America, Inc. (part of NNA); Nissan Motor Acceptance Corp.); (12) **Porsche** (the Porsche entity: Porsche Cars North America, Inc.); (13) **Subaru** (the "Subaru Group" entities: Subaru of America, Inc., Subaru Leasing Corp., Fuji Heavy Industries U.S.A., Inc., Subaru of Indiana Automotive, Inc.); (14) **Toyota** (the "Toyota Group" entities: Toyota Motor Sales, USA, Inc.; Toyota Motor Engineering & Manufacturing North America, Inc. (the Parties have agreed to hold in abeyance subpoenas to the other listed Toyota entities); (15) **VW** (the "VW Group" entities: Volkswagen Group of America, Inc. d/b/a Volkswagen of America; Volkswagen Group of America, Inc. d/b/a Audi of America;

        Volkswagen Group of America Chattanooga Operations, LLC; and Volkswagen Credit, Inc.); (16) **Volvo** (the Volvo entity: Volvo Cars of North America).

    F.    "**Smaller OEM Group**" herein shall mean each OEM group listed on page 6 (of 7) of Exhibit 1227-2 to The Specified Subpoenaed Entities' Joint Opposition to the parties' Motions to Compel (*see*, *e.g.*, ECF No. 1227-2) (*i.e.* (1) BMW; (2) Hino; (3) Jaguar Land Rover; (4) Mitsubishi; (5) Porsche; (6) Subaru; (7) VW; and (8) Volvo).

## II. DEPOSITIONS ORDERED

    A.    The Parties collectively may take one (1) Rule 30(b)(6) deposition lasting up to fourteen (14) hours over two (2) days (or such longer periods as specifically set forth in Section II of this Order) of each OEM Group respecting the following fields of inquiry (and, where an OEM Group manufactures or sells vehicles at issue in the TEDP case, as well as the vehicles at issue in the ADP and EPP cases, the Parties may collectively take up to two such Rule 30(b)(6) depositions of up to fourteen (14) hours each):

        1.    Transactional purchase data for the Auto Parts Products at issue;

        2.    Procurement process and supplier selection and price adjustments for the Auto Parts Products at issue, and documents related thereto;

        3.    Vehicle cost data and other cost information;

        4.    Vehicle pricing process, including process for setting and adjusting pricing, and documents related thereto;

        5.    Transactional sales data for sales of vehicles:

            a.    from OEMs to ADPs and TEDPs;

            b.    from OEMs to distributors;

    c. from distributors to ADPs and TEDPs;

    d. from ADPs and TEDPs to EPPs;

    e. from OEMs to EPPs (*e.g.*, fleet buyers); and

    f. from distributors to EPPs.

  References in 1–5 above to documents and data include information on format, volume, where maintained, time period, current and legacy systems, and costs and burden of production.

B. The allotted time for each deposition shall be divided equally between Plaintiffs (collectively) and Defendants (collectively). If, at the end of the deposition, one side has not used all of its allotted time, the parties will confer regarding said remaining time. .

C. Each hour of examination time of any corporate representative whose examination is conducted through an interpreter shall count as 7/13's of an hour toward the fourteen (14) hour maximum time for the Rule 30(b)(6) deposition of the particular OEM Group.

D. The depositions ordered herein shall commence four weeks after the ECF filing date of this Order and shall be completed within 45 days following the end of this four week period.

E. The Parties collectively shall serve on each OEM Group from which the Parties seek Rule 30(b)(6) testimony a deposition notice listing the OEM Group entities and identifying the fields of inquiry listed in Section II.A.1–5. For each OEM Group whose counsel has appeared in these MDL proceedings in connection with the Motion, service of the notices may be effected via e-mail to such counsel. So

7

    long as they conform with the topics set forth in this Order, no objections to the deposition notices shall be permitted.

 F. An OEM Group must designate one or more appropriate individual(s) to serve as its corporate representative(s) to testify on its behalf in response to a Rule 30(b)(6) notice.

 G. The corporate representative, or representatives collectively, shall be prepared to testify concerning the fields of inquiry on behalf of the entire OEM Group.

 H. Depositions of Smaller OEM Groups, except for Subaru, will be held in abeyance pending completion of the other OEM Group Rule 30(b)(6) depositions ordered herein.

This Order shall be subject to appeal to The Honorable Marianne O. Battani, pursuant to the Order Appointing the Special Master.[7] Any party that wishes to file an objection to this Order must do so within fourteen (14) days of the ECF filing date of this Order. Responses shall be due ten (10) days after the date on which the objections are filed, and replies shall be due five (5) days after the date on which the responses are filed. Failure to meet this deadline results in waiver of any objection to the Master's order, absent good cause shown. Order Appointing Master at § II.B.

DATED: April __, 2016    _____
               GENE J. ESSHAKI
               SPECIAL MASTER

---

[7] *See* Order Appointing Master (ECF No. 792).