# Exhibit D

**From:** Abeles, Scott M. [mailto:sabeles@proskauer.com]
**Sent:** Wednesday, April 06, 2016 4:17 PM
**To:** Ronnie Spiegel
**Cc:** Kass, Colin; Munkittrick, David A.; Reiss, Steven; Trager, Lara; Steven.Cherry@wilmerhale.com; Steve Williams; Jon Cuneo; Vicky@cuneolaw.com; Salzman, Hollis (HSalzman@RobinsKaplan.com); Marc Seltzer; adam.hemlock@weil.com; Munkittrick, David A.
**Subject:** RE: Auto Parts Litigation - Draft [Proposed] Orders

Dear Counsel,

Attached are our markups of the Parties' Proposed Orders, along with clean copies.  Our proposed edits to the deposition order consist largely of the following:

1. Harmonization of the Order with the Special Master's rulings.  Most notably, the Parties' draft did not memorialize the fact that "at this point," the Special Master would "carve out or hold in abeyance the small entities, the distributors, and the non-core" SSEs, even though the Special Master asked the Parties to "[m]ake sure that's in the order …that they are carved out," (Hrg. Tr. at 43, 46).  We have rectified this.

2. We have streamlined and edited the draft to improve clarity and readability.  Until the Parties issue deposition subpoenas and notices, and perhaps beyond, the Order will serve as the principal means by which the Deponent SSE Groups (defined in the Order) will identify potential witnesses and begin to help prepare them to testify.  Trivial or surplus information has been removed.

3. Where appropriate, we have included the Special Master's precise words with citations.  This should eliminate the need for any further back-and-forth on the issues the Special Master has addressed expressly.

4. We have asked the Special Master, by way of new Section III, to order a limited production from the Parties in the form of an inventory of discovery in the cases.  Given that the SSEs have already supported their burden claims with fact and expert declarations, while the Parties have declined to justify their need by setting forth the gaps in the record, we believe the additional discovery contemplated by the Order will be of marginal utility without a corresponding production of information from the Parties.

With respect to the DOJ production order, our edits primarily focus on clarifying certain important issues, removing ambiguities, and bringing the draft in line with the Special Master's ruling.

Please contact us if you'd like to discuss any of these issues.


**Scott Michael Abeles**
Attorney

Proskauer
1001 Pennsylvania Avenue, NW
Suite 600 South
Washington, DC 20004-2533
d 202.416.5817
f  202.416.6899
sabeles@proskauer.com

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

|  |  |
|---|---|
| In Re:  AUTOMOTIVE<br>PARTS ANTITRUST<br>LITIGATION | : 12-md-02311<br>: Honorable Marianne O. Battani<br>:  Special Master Gene J. Esshaki |
| In Re: All Auto Parts Cases | : 2:12-MD-02311-MOB-MKM<br>:<br>: |
| THIS DOCUMENT RELATES<br>TO: ALL AUTO PARTS CASES | :<br>:<br>:<br>: |

**[PROPOSED] SPECIAL MASTER'S ORDER ~~REGARDING~~HOLDING THE PARTIES' MOTION TO COMPEL ~~DISCOVERY FROM NON-PARTY OEMS AND ORDERING NON-PARTY OEM~~IN ABEYANCE AND AUTHORIZING RULE 30(b)(6) DEPOSITIONS OF CERTAIN SSEs ON LIMITED TOPICS**

WHEREAS, on January 19, 2016, Plaintiffs and Defendants (collectively, the "Parties"[1]) filed a Joint Motion to Compel Discovery from Non-Party ~~Original Equipment Manufacturers,[2] seeking to compel responses to certain narrowed requests of uniform subpoenas served on the non-party~~Specified Subpoenaed Entities ("SSEs"[3]) consisting of (i) original equipment manufacturers ("OEMs")~~ and their affiliates pursuant to the Court's orders dated March 19, 2015 (~~; (ii) "Domestic Distributors;" (iii) Truck and Equipment SSEs; (iv) non-OEMs and other affiliates ("Non-Core SSEs"); and (v) SSEs with smaller market shares in the United States ("Smaller SSEs") pursuant, according to the Parties, to the Court's orders at ECF No. 277, Case No. 2:12-cv-~~00100)~~00100, and ~~April 22, 2015 (~~ECF No. 949, Case No. 2:12-md-~~002311),~~002311, and certain plaintiff parties filed a separate motion to compel regarding Request Nos. 27 and 31 in the Uniform OEM Subpoena[4] (collectively, the "Motions"[5]);

---

[1] The Parties consist of End Payor Plaintiffs (EPPs), Automobile Dealer Plaintiffs (ADPs), Truck and Equipment Dealer Plaintiffs (TEDPs), the State of Florida, the State of Indiana (collectively, the "Plaintiffs"), and Defendants in the Automotive Parts Antitrust Litigation, No. 2:12-md-02311-MOB-MKM (E.D. Mich.) (*see* ECF ~~No.~~ 1185 Attachment A).

~~2 The Parties' Motion to Compel Discovery from Non-Party Original Equipment Manufacturers (see, e.g., ECF No. 1185).~~

[3] The full list of Specified Subpoenaed Entities is set forth in ECF 1227-2, as are the sub-categories of Domestic Distributor, Truck and Equipment, Non-Core, and Smaller SSEs.
~~4 Certain Serving Parties' Motion to Compel Discovery from Non-Party Original Equipment~~

WHEREAS, on February 19, 2016, the ~~subpoenaed OEMs and their affiliates subject to the Motions~~[6]SSEs filed several oppositions to the Motions[7];[8]

WHEREAS, on March 11, 2016, the Parties filed replies to the Motions[9];[10]

WHEREAS, on March 24, 2016, ~~after having reviewed the above-referenced submissions,~~ the undersigned held a mediation with the Parties and the SSEs (though only certain SSEs were invited to participate in the mediation process before it concluded),[11] and a hearing regarding the disputes raised in the Motions;

---

~~Manufacturers (ECF Nos. 1187 and 1188).~~

[5] The motions to compel are docketed at ECF No. 1185, 1187 and 1188.
~~6 See Exhibit 1227-2 to The Specified Subpoenaed Entities' Joint Opposition to the parties' Motions to Compel (see, e.g., ECF No. 1227-2) (listing coordinating "Specific Subpoenaed Entities," or "SSEs" subject to the Motion).~~

~~7 The Specified Subpoenaed Entities' Joint Opposition to the parties' Motions to Compel (see, e.g., ECF No. 1227); Memorandum of Smaller Subpoenaed Entities in Opposition to the Parties' Motion to Compel Discovery from Non-Party Original Equipment Manufacturers and Certain Serving Parties' Motion to Compel Discovery from Non-Party Original Equipment Manufacturers (see, e.g., ECF No. 1223); Non-OEM Domestic Distributors' Opposition to the Parties' Motions to Compel Discovery From Non-Party Original Equipment Manufacturers (see, e.g., ECF No. 1224); Opposition to the Parties' Motions to Compel by Specifically Subpoenaed Entities Whom the Parties Describe as "Non-Core" (see, e.g., ECF No. 1230); Opposition to Motion to Compel by Non-Party Truck and Equipment Specified Subpoenaed Entities (see, e.g., ECF No. 1226); see also Defendants' Opposition to Certain Serving Parties' Motion to Compel Discovery from Non-Party Original Equipment Manufacturers (see, e.g., ECF No. 1216).~~

[8] The SSEs' Oppositions to the motions to compel are docketed at ECF Nos. 1227 (Joint Opposition); 1223 (on behalf of Smaller SSEs); 1224 (on behalf of Non-OEM Domestic Distributors); 1226 (on behalf of Truck and Equipment SSEs); and 1230 (on behalf of Non-Core SSEs).  Defendants filed an opposition to the Motion to Compel filed by Certain Parties. ECF No. 1216.
~~9 End-Payor Plaintiffs' Reply in Support of the Parties' Motion to Compel Discovery from Non-Party Original Equipment Manufacturers (see, e.g., ECF No. 1250); Defendants' Reply in Support of the Parties' Motion to Compel Discovery from Non-Party Original Equipment Manufacturers (see, e.g., ECF No. 1246); Certain Serving Parties' Reply in Support of Motion to Compel Discovery From Non-Party Original Equipment Manufacturers (see, e.g., ECF No. 1254).~~

[10] ECF Nos. 1246, 1250, and 1254.
[11] The SSEs who participated in the mediation were: FCA US LLC; General Motors Company; General Motors Holdings LLC; General Motors LLC; American Honda Motor Co., Inc.; Honda North America, Inc.; Honda Manufacturing of Indiana, LLC; Honda of America Mfg., Inc.; Honda of South Carolina Mfg., Inc.; Honda Precision Parts of Georgia, LLC; Honda R&D

WHEREAS, the undersigned, ~~after conducting several hours of discussions both individually and jointly with the Plaintiffs, Defendants, and OEMs, reached the conclusion that there was insufficient information before him to rule on whether and/or to what extent to order the requested discovery from the OEMs and their affiliates;~~following the mediation and hearing, determined that there was insufficient information in the record to rule on whether to enforce the subpoenas and, if so, to what degree (March 24, 2016 Hrg. Tr. at 15);

WHEREAS, ~~on March 24, 2016, following the mediation, the Special Master held a hearing regarding the disputes raised in the Motions, during which he heard argument from the various OEMs and then issued his rulings on the Motions.  This Order Regarding Serving Parties' Motion to Compel Discovery from Non-Party OEMs and Ordering Rule 30(b)(6) Deposition of Certain Non-Party OEM Families (the "Order") memorializes the Special Master's rulings on these disputes.~~the undersigned ruled that the Parties' Motions should be "adjourn[ed]" as to all of the SSEs pending the taking of the depositions set forth in this Order (Hrg. Tr. at 16);

WHEREAS, the undersigned ruled that "at this point," he would "carve out or hold in abeyance the small entities, the distributors, and the non-core" SSEs (collectively, the "Carved-Out SSEs") until such time, if ever, that the Court orders otherwise, and directed the Parties "[m]ake sure that's in the order …that they are carved out," (Hrg. Tr. at 43, 46);[12]

---

Americas, Inc.; Honda Research Institute USA, Inc.; Honda Transmission Manufacturing of America, Inc.; Hyundai Motor Manufacturing Alabama, LLC; Kia Motors Manufacturing Georgia, Inc.; Nissan North America, Inc.; Toyota Motor Sales, USA, Inc.; and Toyota Motor Engineering & Manufacturing North America, Inc.

[12] The **Smaller SSEs** carved out from this Order and held in abeyance are BMW of North America, LLC; BMW Manufacturing Co., LLC; Hino Motors Manufacturing U.S.A., Inc.; Jaguar Land Rover North America, LLC; Mercedes-Benz U.S. International, Inc.; Mitsubishi Motors North America, Inc.; Mitsubishi Motors Credit of America, Inc.; Mitsubishi Motors R&D of America, Inc.; Porsche Cars North America, Inc.; Volkswagen Group of America, Inc. d/b/a Volkswagen of America; Volkswagen Group of America, Inc. d/b/a Audi of America; Volkswagen Group of America Chattanooga Operations, LLC; and Volvo Cars of North America, LLC.  ECF No. 1227-2 at 5; Hrg. Tr. at 43.

3

WHEREAS, the undersigned determined that certain SSEs (collectively, for purposes of this Order only, the "Deponent SSE Groups"), should provide witnesses to testify pursuant to Fed. R. Civ. P. 30(b)(6) on limited topics;

WHEREAS, the undersigned determined that depositions of the Deponent SSE Groups should be "only an inquiry into what data is available" from those SSEs "in order to better understand what information is available, reasonably accessible, and the costs and burden that would be incurred in having to generate that information" (Hrg. Tr. at 16, 43);

WHEREAS, the undersigned determined that the Deponent SSE Groups need not testify on behalf of any Carved-Out SSEs (Hrg. Tr. 46-47);

WHEREAS the Parties proposed certain topics to which their inquiry should relate, subject to review and input from the Deponent SSE Groups as to the scope and clarity of those topics, and those topics as clarified are set forth in this Order (Hrg. Tr. 17-18, 23, 43);

---

The **Non-Core SSEs** carved out from this Order and held in abeyance are BMW Financial Services NA, LLC; BMW (US) Holding Corp.; BMW Bank of North America; BMW Insurance Agency, Inc.; BMW US Capital, LLC; Designworks/USA, Inc.; Fiat Chrysler Finance North America, Inc.; Mercedes-Benz Advanced Design of North America Inc.; Mercedes-Benz Credit Corp.; Mercedes- Benz Financial Services USA LLC; Mercedes- Benz Research & Development North America, Inc. (CA); Mercedes-Benz Research & Development North America, Inc. (MI); General Motors Financial Company, Inc.; American Honda Finance Corp.; Hyundai America Technical Center, Inc.; Hyundai AutoEver America, LLC; Hyundai Capital America; Mitsubishi Motors Credit of America, Inc.; Mitsubishi Motors R&D of America, Inc.; Nissan Motor Acceptance Corp.; Subaru Leasing Corp., Fuji Heavy Industries USA, Inc.; and Volkswagen Credit Inc. ECF 1227-2 at 4; Hrg. Tr. at 43.

**Domestic Distributors** carved out from this Order and held in abeyance are BMW of North America, LLC; Mercedes- Benz USA, LLC; Hyundai Motor America; Jaguar Land Rover North America, LLC; Kia Motors America, Inc.; Mitsubishi Motors North America, Inc.; Nissan North America Inc. with respect to select models Porsche Cars for foreign manufactures; Porsche Cars North America, Inc.; Volkswagen Group of America, Inc. d/b/a Volkswagen of America; Volkswagen Group of America, Inc. d/b/a Audi of America; and Volvo Cars of North America, LLC.  ECF 1227-2 at 3; Hrg. Tr. at 43.

Some Carved-Out SSEs fall into multiple categories.  All members of each sub-group are included for completeness.

WHEREAS, the undersigned has ordered depositions on these topics to make it "easier to assess arguments on proportionality," and "arguments on burden," but recognizes that the 30(b)(6) depositions only go to part of that inquiry;

WHEREAS the assessment of proportionality would be made easier through the production of additional information by the Parties, in the form of an inventory of the discovery received or available from non-SSEs in these cases, so as to avoid, to the extent possible, the need for any SSE to ultimately produce unreasonably duplicative or cumulative discovery, or discovery for which the Parties lack a need, or a substantial need;

**IT IS HEREBY ORDERED AS FOLLOWS:**

**I.   DEFINITIONS**

A.   "**Auto Part Product**" shall mean the specific automotive part to which each Lead Case (as defined in the March 22, 2106 Electronic Case Management Protocol Order, Master File No. 2:12-md-02311, ECF No. 1262) is related in the Auto Parts Cases.

B.   "**Auto Parts Cases**" shall mean all cases that are consolidated or coordinated into *In re Automotive Parts Antitrust Litigation* and including, without limitation, 2:15-cv-12893 and 2:15-cv-003200 (Automotive Hoses); 2:15-cv-13000 (Automotive Brake Hoses); 2:15-cv-14080 and 2:15-cv-03300 (Shock Absorbers); 2:16-cv-10456 and 16-cv-03400 (Body Sealings) and 2:16-cv-10461 and 16-cv-03500 (Plastic Interior Trim Parts); 2:16-cv-11082 and 2:16-cv-11087 (Exhaust Systems).

C.   "**Plaintiffs**" shall mean End Payors (EPPs), Automobile Dealer Plaintiffs (ADPs), Truck and Equipment Dealer Plaintiffs (TEDPs), the State of Florida, and the State of Indiana.

D.       "**Defendants**" shall mean Defendants in the Auto Parts Cases.

E.       ~~"OEM Group" shall mean each group of subpoenaed OEM entities and affiliates listed on pages 2–3 (of 7) of Exhibit 1227-2 to The Specified Subpoenaed Entities' Joint Opposition to the parties' Motions to Compel (see, e.g., ECF No. 1227-2) (i.e. (1) BMW (the "BMW Group" entities:  BMW of North America, LLC; BMW Manufacturing Co., LLC; BMW Financial Services NA, LLC; BMW (US) Holding Corp.; BMW Bank of North America; BMW Insurance Agency, Inc.; BMW US Capital, LLC; Designworks/USA, Inc.); (2) Chrysler (the "Chrysler Group" entities:  FCA US LLC and Fiat Chrysler Finance North America, Inc.); (3) Daimler/Mercedes-Benz (~~The **"Deponent SSE Groups"** means the **Chrysler Group** (FCA US LLC); the "Daimler Group~~" entities: Daimler North America Corp. (MI); Daimler North America Corp. (NJ); Daimler Purchasing Coordination Corp.;~~ (Daimler Trucks North America LLC; Daimler Vans Manufacturing, LLC; Daimler Vans USA LLC; Freightliner Custom Chassis Corp.~~; Mercedes-Benz Advanced Design of North America Inc.; Mercedes-Benz Credit Corp.; Mercedes- Benz Financial Services USA LLC; Mercedes- Benz Research & Development North America, Inc. (CA); Mercedes-Benz Research & Development North America, Inc. (MI); Mercedes-Benz U.S. International, Inc.; Mercedes- Benz USA, LLC~~; Mitsubishi Fuso Truck of America, Inc.; Thomas Built Buses, Inc.; and Western Star Trucks Sales, Inc.); ~~(4) GM (~~the "~~GM~~**General Motors** Group~~" entities:~~ (General Motors Company~~; General Motors Financial Company, Inc.~~; General Motors Holdings LLC; General Motors LLC); ~~(5) Hino (the Hino entity:  Hino Manufacturing U.S.A.,~~

Inc.); (6) Honda (the "the Honda Group" entities: (American Honda Motor Co., Inc.; American Honda Finance CorpNorth America, Inc.; Honda Manufacturing of Indiana, LLC; Honda North America, Inc.; Honda of America Mfg., Inc.; Honda of South Carolina Mfg., Inc.; Honda Precision Parts of Georgia, LLC; Honda R&D Americas, Inc.; Honda Research Institute USA, Inc.; Honda Transmission Manufacturing of America, Inc.); (7) Hyundai (the "Hyundai Group" entities: (Hyundai Motor Manufacturing Alabama, LLC; Hyundai America Technical Center, Inc.; Hyundai Motor America; Hyundai AutoEver America, LLC; Hyundai Capital America); (8) Jaguar Land Rover (the Jaguar Land Rover entity: Jaguar Land Rover North America, LLC); (9) Kia (the "Kia Group" entities: ); the **Kia Group** (Kia Motors Manufacturing Georgia, Inc.; Kia Motors America, Inc.); (10) Mitsubishi (the "Mitsubishi Group" entities: Mitsubishi Motors North America, Inc.; Mitsubishi Motors Credit of America, Inc.; Mitsubishi Motors R&D of America, Inc.); (11) Nissan (the "Nissan Group" entities: Nissan North America, Inc.; Nissan Design America, Inc.(part of NNA); Nissan Technical Center North America, Inc. (part of NNA); Nissan Diesel America, Inc. (part of NNA); Nissan Motor Acceptance Corp.); (12) Porsche (the Porsche entity: Porsche Cars North America, Inc.); (13) Subaru (the "Subaru Group" entities: Subaru of America, Inc., Subaru Leasing Corp., Fuji Heavy Industries U.S.A., Inc.,); the **Nissan Group** (Nissan North America, Inc.); the **Subaru Group** (Subaru of America, Inc., and Subaru of Indiana Automotive, Inc.); (14) Toyota (and the "Toyota Group" entities: (Toyota Motor Sales, USA, Inc.; and Toyota Motor Engineering & Manufacturing North America, Inc.) (the

7

Parties have agreed to hold in abeyance subpoenas to the other listed Toyota entities); (15) VW (the "VW Group" entities: Volkswagen Group of America, Inc. d/b/a Volkswagen of America; Volkswagen Group of America, Inc. d/b/a Audi of America; Volkswagen Group of America Chattanooga Operations, LLC; and Volkswagen Credit, Inc.); (16) Volvo (the Volvo entity:  Volvo Cars of North America)..

F.     "Smaller OEM Group" herein shall mean each OEM group listed on page 6 (of 7) of Exhibit 1227-2 to The Specified Subpoenaed Entities' Joint Opposition to the parties' Motions to Compel (see, e.g., ECF No. 1227-2) (i.e. (1) BMW; (2) Hino; (3) Jaguar Land Rover; (4) Mitsubishi; (5) Porsche; (6) Subaru; (7) VW; and (8) Volvo).The **"Carved-Out SSEs"** are all other SSEs who were served with, and responded to, the Motions, identified by name in Footnote 7.

## II.   DEPOSITIONS ORDERED

A.     The Parties collectively may serve on each Deponent SSE Group a Rule 45 subpoena *ad testificandum* in order to take one (1) Rule 30(b)(6) deposition lasting up to fourteen (14) hours over two (2) days (or such longer periods as specifically set forth in Section II of this Order) of each OEM Group respecting the following fields of inquiry (and, where an OEM Group manufactures or sells vehicles at issue in the TEDP case, as well as the vehicles at issue in the ADP and EPP cases, the Parties may collectively take up to two such Rule 30(b)(6) depositions of up to fourteen (14) hours each)of each Deponent SSE Group respecting the existence, location, and burden associated with producing the following information, if known:

1.     Transactional purchase data for the Auto Parts Products at issue;

2.      ~~Procurement process and supplier selection~~RFQ information and price

adjustments information for the Auto Parts Products at issue~~, and~~

~~documents related thereto~~;

3.      Vehicle ~~cost data and other cost~~manufacturing costs information;

4.      Vehicle pricing process information, including information relating to the

process for setting and adjusting pricing, and documents related thereto;

5.      Transactional sales data for sales of vehicles:

a.      from OEMs to ~~ADPs~~automobile dealers and ~~TEDPs;~~truck dealers;

b.      from OEMs to distributors;

c.      from distributors to ~~ADPs~~automobile dealers and ~~TEDPs;~~truck

dealers;

d.      from ~~ADPs~~automobile dealers and ~~TEDPs~~truck dealers to

~~EPPs;~~end-consumers;

e.      from OEMs to ~~EPPs~~end-consumers (*e.g.*, fleet buyers); and

from distributors to ~~EPPs.~~end consumers[13]

B.      ~~References in 1–5 above to documents and data include information~~

~~on~~Questions on these topics shall be limited to inquiry into format, volume,

~~where maintained~~physical location, time period, status of system on which the

data is maintained (*i.e.,* (current ~~and~~or legacy systems), and ~~costs~~cost estimates

and burden ~~of~~associated with production.

C.      For avoidance of doubt, no Party may ask any Deponent SSE Group

substantive questions about the Auto Parts Cases.  For example, and by way of

---

[13] The Deponent SSEs continue their objection to any deposition exceeding 7 hours.  *See* Fed. R. Civ. P. 30(d)(1).

      illustration but not limitation, the Parties may not ask questions about price fixing, overcharges, pass-through, damages, internal investigations, or external discussions relating to these cases.

    D.    The Parties shall furnish, with each deposition notice, a listing of those parts they consider "Auto Parts Products" in a manner comprehensible to an SSE representative, the time period applicable to the information about which they intend to inquire, and the vehicles about which they intend to inquire.

    ~~B.~~E.    The Parties are strongly encouraged (albeit not expressly ordered) to provide as much additional specific information as possible about their intended areas of inquiry as to each particular Deponent SSE Group, including specific questions, to the Deponent SSE Group's counsel with each deposition notice so as to maximize the efficiency of this process, reduce the burden on witnesses for the Deponent SSE Groups, and reduce the potential for disputes;

The allotted time for each deposition shall be divided equally between Plaintiffs (collectively) and Defendants (collectively), who may employ one questioner each.  If, at the end of the deposition, one side has not used all of its allotted time, the parties will confer regarding said remaining time.~~.~~

Each hour of examination time of any corporate representative whose examination is conducted through an interpreter shall count as 7/13's of an hour toward the fourteen (14) hour maximum time for the Rule 30(b)(6) deposition of the particular ~~OEM~~Deponent SSE Group.

    F.    The location of each Deponent SSEs Group's 30(b)(6) deposition is subject to the jurisdictional limits of Rule 45 as applied to the individual members of an SSE Group.

The depositions ordered herein shall commence four weeks after the ECF filing date of this Order if it is not appealed, or the date on which the order is affirmed by the District Court, if it is appealed (the "commencement date"), and shall be completed within 45 days ~~following the end of this four week period~~of the commencement date.

The Parties collectively shall serve on each ~~OEM~~Deponent SSE Group from which the Parties seek Rule 30(b)(6) testimony a ~~deposition notice listing the OEM Group entities and~~Rule 45 subpoena identifying the fields of inquiry and additional information listed in Section II.A.1 ~~5.~~5 and B.  For each ~~OEM~~Deponent SSE Group whose counsel has appeared in these MDL proceedings in connection with the Motion, service of the notices may be effected via e-mail to such counsel.  ~~So long as they conform with the topics set forth in this Order, no objections to the deposition notices shall be permitted.~~

G.      ~~An OEM~~A Deponent SSE Group must designate one or more appropriate individual(s) to serve as its corporate representative(s) to testify on its behalf in response to a Rule 30(b)(6) notice.

The corporate representative, or representatives collectively, shall be prepared to testify concerning the fields of inquiry on behalf of the ~~entire OEM Group~~member of the Deponent SSE Group, not carved out by this Order, for which the Deponent SSE Group has designated him or her a corporate representative, to the best of each representative's ability.

H.      ~~Depositions of Smaller OEM Groups, except for Subaru, will be held in abeyance pending completion of the other OEM Group Rule 30(b)(6) depositions ordered herein.~~

I.      Unless the specific question was provided to the Deponent SSE Group's counsel two weeks in advance of the deposition, motion practice against any Deponent

11

SSE unable to answer a given question or set of questions will *not* be well-taken. To the extent a witness does not know or is unable to recall certain information during a deposition, the Deponent SSE Group may supplement its response at a later time in an appropriate manner.

J.      The Parties' Motions are adjourned as to all of the SSEs pending the completion of the depositions as set forth in this Order, subsequent negotiation between the Parties and the SSEs, and any agreement between the Parties and the SSEs, or, in the absence of such agreement, a motion to this Court and subsequent Order.

## III.    INVENTORY OF DISCOVERY ORDERED[14]

A.      Within 30 days of the commencement date, the Parties shall prepare and file with the Court an inventory of discovery received or otherwise available (including information in their own possession, custody, or control) in the Auto Parts Cases, consisting of the following information.

1.      Producing Party

2.      Volume of documents

3.      For upstream transactional documents involving an SSE, the SSE, Seller, Purchaser, Auto Part Product, Time Period, Other Fields Covered, and Critical Fields Missing (if any);

---

[14] The SSEs recognize that this Section III was not part of the order contemplated by the Special Master at the March 24, 2016 hearing.  The SSEs, however, believe that the Special Master lacks information sufficient to order any substantive compliance with the motions now held in abeyance without such information, and will continue to lack such information following the depositions contemplated by this Order, absent a further showing of need by the Parties. Accordingly, the Special Master should order the Parties to make such information available to the SSEs to the extent the Parties seek compliance with their document subpoena.

4.      For downstream transactional documents involving an SSE, the SSE,

Seller, Purchaser, Vehicles Covered, Time Period, Other Fields Covered,

and Critical Fields Missing (if any);

5.      For downstream transactional information regarding end payors, the

Number of such transactions, SSE families covered, Non-SSE families

covered, Time Period, Other Fields Covered, and Critical Fields Missing

(if any); and

6.      For RFQs involving an SSE, the SSE, Requesting Entity, Respondents,

Part(s), Vehicles Covered, Time Period, Other Fields Covered, and

Critical Fields Missing (if any).

B.      The information provided must be sufficiently detailed to allow the Special

Master to determine with specificity the precise information that is not available

to the Parties without further production by the SSEs, the alternative information

available to the Parties that is relevant to the issues for which the SSE information

is sought, and the substantial need of the Parties with respect to information that

cannot be obtained except through discovery of the SSEs.

## IV.     ABEYANCE ORDER AS TO CARVED-OUT SSEs

All matters, including without limitation, the Motions to Compel, shall be held in abeyance with

respect to the Carved-Out SSEs pending the completion of the depositions ordered herein and

further order of the Special Master or the Court.

## V.      AVAILABILITY OF APPEAL OF THIS ORDER

This Order shall be subject to appeal to The Honorable Marianne O. Battani, pursuant to

the Order Appointing the Special Master.[15]  Any party that wishes to file an objection to this

Order must do so within fourteen (14) days of the ECF filing date of this Order.  Responses shall

be due ten (10) days after the date on which the objections are filed, and replies shall be due five

(5) days after the date on which the responses are filed.  Failure to meet this deadline results in

waiver of any objection to the Master's order, absent good cause shown.  Order Appointing

Master at § II.B.


DATED: April __, 2016                          _____
                                               GENE J. ESSHAKI
                                               SPECIAL MASTER

---

[15] *See* Order Appointing Master (ECF No. 792).