# Exhibit E

**From:** Abeles, Scott M. [mailto:sabeles@proskauer.com]
**Sent:** Friday, April 15, 2016 2:02 PM
**To:** gjesshaki@abbottnicholson.com
**Cc:** Steve Williams; 'Salzman, Hollis'; Marc Seltzer; 'adam.hemlock@weil.com'; 'Cherry, Steven'; 'Trager, Lara';
'Vicky@cuneolaw.com'; Jon Cuneo; 'WShotzbarger@duanemorris.com'; 'Kevin Noll'; Timothy Fraser
(Timothy.Fraser@myfloridalegal.com); Kass, Colin; 'steven.reiss@weil.com'; Munkittrick, David A.; Abeles, Scott M.;
Ronnie Spiegel
**Subject:** In re Autoparts -- The SSEs' Proposed Orders

Dear Special Master Esshaki,

On behalf of the Specified Subpoenaed Entities (SSEs), we submit the attached Proposed Orders, without waiver of our rights to appeal them. These Proposed Orders are offered in contrast to the ones proposed by the Parties, which are flawed in many important respects, including their failure (a) to comply with the Special Master's express directives; (b) to address important jurisdictional issues; and (c) to include provisions likely to reduce needless burdens on the Court, Special Master, and the SSEs.

## A.  The 30(b)(6) Order

There are nine important differences between the Parties' and the SSEs' respective Proposed 30(b)(6) Deposition Orders. We address each.

1.  <u>Adjournment of the Parties' Motions to Compel</u>. The Parties and the SSEs were before the Special Master at the March 24, 2016 hearing on the Parties' Motions to Compel Rule 45 Document Subpoenas. The Special Master concluded that the he did not have sufficient information to rule on those motions. Accordingly, he "adjourn[ed]" those motions pending the taking of certain 30(b)(6) depositions. The Parties' Proposed Order omits this disposition of their motions, though we understand that they are all the Court has referred to the Special Master relating to the SSEs. The SSEs' Proposed Order includes language reflecting the decision to adjourn, and there is no reason to exclude it. The SSEs' Proposed Order also makes clear that the Parties may not take further discovery of any SSE (carved out or not) other than what is contemplated in that order (and the DOJ order) until after "another *motion* on this matter after the 30(b)(6) depositions are concluded." March 24, 2016 Hrg. Tr. at 43-44. The Parties' Proposed Order proceeds as if the

1

contemplated 30(b)(6) depositions are simply "Step 1," after which they may notice more depositions. That contradicts the Special Master's ruling.

2. <u>SSE Carve-Outs</u>. At the hearing, the Special Master expressly decided to "carve out or hold in abeyance the small entities, the distributors, and the non-core" SSEs, and told the Parties to "[m]ake sure that's in the order, please, that they are carved out." Hrg. Tr. at 46. The Parties' Proposed Order fails to do this. Instead, the Parties limit the proposed carve-outs to certain smaller SSEs groups, ignoring the Special Master's ruling as to the non-core and distributor SSEs. The SSEs' Proposed Order corrects this omission, and makes clear that all matters are also to be held in abeyance with respect to the non-core and distributor SSEs. The SSEs' Proposed Order also implements the Special Master's ruling that the SSEs subject to deposition would "not be required to speak on behalf of non-core entities … domestic distributors and small entities." *Id.* The SSEs' Proposed Order also properly categorizes each SSE, and identifies which are properly subject to the contemplated 30(b)(6) depositions. All of these points were addressed directly at the hearing, and should be included, as the Special Master directed, in the Order.

3. <u>Limits on the Subject Matter of the Depositions</u>. The purpose of the depositions is to obtain testimony concerning the location and availability of responsive information and the burdens of obtaining it. As the Special Master noted, the depositions should be "only an inquiry into what data is available" from the SSEs "in order to better understand what information is available, reasonably accessible, and the costs and burden that would be incurred in having to generate that information." Hrg. Tr. at 16, 43. Accordingly, these depositions are not a free pass to examine the SSEs on the substance of the lawsuit. The SSEs' Proposed Order, therefore, makes the scope of the examination clear by noting that "[n]o Party may ask any Deponent SSE Group substantive questions about the Auto Parts cases," such as "questions about price fixing, overcharges, pass-through, damages, internal investigations, or external discussions concerning these cases." This provision is necessary both to limit the scope of preparation under Rule 30(b)(6) and to prevent multiple depositions on these issues in this case in violation of Rule 30(d)(1).

4. <u>Identification of Topics/Questions</u>. As the Special Master has noted, the Parties' document subpoena is the broadest and most burdensome subpoena ever issued in the history of America. But as Judge Battani stated in a decision issued on April 13, 2016 (yesterday), "[i]n a case of this size, the Court **must** impose boundaries on discovery." 12-102 Dkt. 457 at 3 (emphasis added). The SSEs' Proposed Order furthers Judge Battani's directive in several ways. As an initial manner, the SSEs' Proposed Order cleans up and clarifies the topics the Parties hurriedly put together at the hearing, while making sure they are not so open-ended as to make preparation and compliance impossible. The Special Master invited these edits. Hrg. Tr. at 23 (instructing Parties to provide topics to SSEs who "would then be permitted to make suggestions for revisions, alterations or deletions" for good faith consideration). In addition, to properly prepare for such depositions, the SSEs request a detailed listing of questions and areas of inquiry, not just a list of broad subject matters, like what appears in the Parties' Proposed Order. This should not be difficult for the Parties to provide, since presumably they are going into each deposition with a list of questions. There is no reason why that list cannot be

provided to the Deponent SSEs in advance of the deposition. The SSEs' Proposed Order simply requests that the Parties make this list of available, noting that the failure to do so will limit their ability to claim that a designee was insufficiently prepared to answer questions. Since this should not be a game of "gotcha," the Parties' striking of this provision ought to be rejected.

5.   <u>Deposition Length</u>. During the hearing, the parties discussed the length of the proposed 30(b)(6) depositions, and over the SSEs' objection, the Special Master authorized the Parties to take up to 14 hours of deposition time per SSE family without any showing that additional time beyond Rule 30(d)(1)'s presumptive 7 hour limit is "needed to fairly examine the deponent." In footnote 8 of the SSEs' Proposed Order, we renew the objection in order to preserve this issue for appeal. The Truck & Equipment SSEs also object to the Parties' Proposed Order, which could double the length of their depositions to 28 hours. That said, in light of Judge Battani's recent edict, we respectfully request that the Special Master revisit his position regarding this departure from the Federal Rules' presumptive limit.

6.   <u>Proper Reflection of the Nature of the March 24, 2016 Proceedings</u>. During the mediation process, the Special Master limited the initial SSE participants to eight SSE entities, and the substantive joint session to just four SSE groups. Doing so excluded all other SSEs, including all Truck & Equipment SSEs, nearly all domestic distributor SSEs, all small SSEs, and most non-core SSEs. The suggestion in the Parties' Proposed Order that the mediation included those entities would falsely represent the nature of the proceedings and does not belong in the Proposed Order. The SSEs' Proposed Order corrects the misleading recitation of the proceedings set forth in the Parties' Proposed Order.

7.   <u>Jurisdictional Issues</u>. The SSEs' proposal makes it clear that the Special Master is permitting the service of Rule 45 deposition subpoenas. This is the ***only*** procedural mechanism by which non-parties may be subjected to deposition. The Parties, however, seek to engage in Rule 30 depositions pursuant to mere notice, which only applies to actual parties and does not afford the protection (including place of compliance protections) associated with Rule 45. We are unaware of authority that might permit the Special Master to take up the Parties' suggestion to dispense with Rule 45 protections afforded to all non-parties.

8.   <u>Entity Descriptions</u>. The Parties' Proposed Order calls every subpoenaed entity an Original Equipment Manufacturer or "OEM," even though most of the subpoenaed entities are not OEMs. The SSEs have time and again explained this to the Parties, have set forth the related facts in their pleadings and declarations, and the Special Master acknowledged and *used* these distinctions during the mediation and hearing and in his ruling concerning the 30(b)(6) issues. It is improper to call the SSEs something they are not, especially when doing so creates a misleading impression concerning, among other things, each SSE's role in the marketplace and its likely possession of relevant information.

9.   <u>Requirement for Parties to Produce Inventory of Relevant Information in their Possession</u>. The purpose of the contemplated 30(b)(6) Order is to provide the Special Master with information needed to determine whether the Parties' Motions to Compel ought to be granted in whole or in part, or denied. The Special Master

cannot do so unless the Parties have demonstrated a "substantial need" for the information, as required by Rule 45. Because the Parties have not submitted *any* evidence concerning the information already available to them, the Special Master will be unable to conduct this evaluation. The SSEs' Proposed Order, therefore, requires the Parties to produce a detailed inventory of the information in their possession, the gaps in the record available to them, and the purported need for information from the SSEs to fill those gaps, including a discussion of what analyses can and cannot be performed in the absence of SSE information. The Parties have objected to this, claiming that all they need to show is relevance of the SSE information. Accepting the Parties' mistaken view of the law risks misleading the Special Master into error.

### B.    *The DOJ Production Order*

There are four important differences between the Parties' and the SSEs' respective Proposed DOJ Production Orders. We address each.

1.    <u>Entity Descriptions</u>. The nomenclature issue and the Parties' rejection of the SSEs' and Special Master's accurate classification and description of the dozens of subpoenaed entities remains an issue in the Parties' Proposed Order. Those classifications and descriptions are appropriately addressed in the SSEs' Proposed Order.

2.    <u>Carve Out of Ongoing Investigation Documents.</u> The Special Master carved-out from production documents relating to ongoing investigations. Under the Court's related Order, the SSEs are not permitted, never mind required, to produce such information. The Parties refused to accept the SSEs' edit carving such material out. There is no justification for the Parties' position.

3.    <u>Carve Out of All Documents Specifically Prepared for Use in Grand Jury Proceedings.</u> The Special Master carved out this category of documents from production as well, but the Parties seek an exception for transactional data falling into this category. To the extent data is ordinary course data, it would be produced, but data prepared for the Grand Jury proceedings should not be required. The SSEs' Proposed Order implements the Special Master's ruling on this point.

4.    <u>General Motors Call-Out.</u> As the Special Master may recall, counsel for General Motors offered argument on this issue before the Special Master's ruling. As an apparent penalty, the Parties insist on calling GM out for special attention in their Proposed Order, though it is similarly situated to other DOJ Production SSEs regarding whether documents should be produced.

**Scott Michael Abeles**
Attorney

Proskauer
1001 Pennsylvania Avenue, NW
Suite 600 South
Washington, DC 20004-2533
d 202.416.5817
f  202.416.6899
sabeles@proskauer.com

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
This message and its attachments are sent from a law firm and may contain information that is confidential and
protected by privilege from disclosure.
If you are not the intended recipient, you are prohibited from printing, copying, forwarding or saving them.
Please delete the message and attachments without printing, copying, forwarding or saving them, and notify the
sender immediately.
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | |
|---|---|
| **In Re:  AUTOMOTIVE PARTS ANTITRUST LITIGATION** | :  12-md-02311 <br> :  Honorable Marianne O. Battani <br> :  Special Master Gene J. Esshaki |
| **In Re: All Auto Parts Cases** | :  2:12-MD-02311-MOB-MKM <br> : <br> : |
| **THIS DOCUMENT RELATES TO: ALL AUTO PARTS CASES** | : <br> : <br> : <br> : |

**[PROPOSED] SPECIAL MASTER'S ORDER HOLDING THE PARTIES' MOTION TO COMPEL IN ABEYANCE AND AUTHORIZING RULE 30(b)(6) DEPOSITIONS OF CERTAIN SSEs ON LIMITED TOPICS**

WHEREAS, on January 19, 2016, Plaintiffs and Defendants (collectively, the "Parties"[1]) filed a Joint Motion to Compel Discovery from Non-Party Specified Subpoenaed Entities ("SSEs"[2]) consisting of (i) original equipment manufacturers ("OEMs"); (ii) "Domestic Distributors;" (iii) Truck and Equipment SSEs; (iv) non-OEMs and other affiliates ("Non-Core SSEs"); and (v) SSEs with smaller market shares in the United States ("Smaller SSEs") pursuant, according to the Parties, to the Court's orders at ECF No. 277, Case No. 2:12-cv-00100, and ECF No. 949, Case No. 2:12-md-002311, and certain plaintiff parties filed a separate motion to

---

[1] The Parties consist of End Payor Plaintiffs (EPPs), Automobile Dealer Plaintiffs (ADPs), Truck and Equipment Dealer Plaintiffs (TEDPs), the State of Florida, the State of Indiana (collectively, the "Plaintiffs"), and Defendants in the Automotive Parts Antitrust Litigation, No. 2:12-md-02311-MOB-MKM (E.D. Mich.) (*see* ECF 1185 Attachment A).

[2] The full list of Specified Subpoenaed Entities is set forth in ECF 1227-2, as are the sub-categories of Domestic Distributor, Truck and Equipment, Non-Core, and Smaller SSEs.

compel regarding Request Nos. 27 and 31 in the Uniform OEM Subpoena (collectively, the "Motions"[3]);

WHEREAS, on February 19, 2016, the SSEs filed several oppositions to the Motions;[4]

WHEREAS, on March 11, 2016, the Parties filed replies to the Motions;[5]

WHEREAS, on March 24, 2016, the undersigned held a mediation with the Parties and the SSEs (though only certain SSEs were invited to participate in the mediation process before it concluded),[6] and a hearing regarding the disputes raised in the Motions;

WHEREAS, the undersigned, following the mediation and hearing, determined that there was insufficient information in the record to rule on whether to enforce the subpoenas and, if so, to what degree (March 24, 2016 Hrg. Tr. at 15);

WHEREAS, the undersigned ruled that the Parties' Motions should be "adjourn[ed]" as to all of the SSEs pending the taking of the depositions set forth in this Order (Hrg. Tr. at 16);

WHEREAS, the undersigned ruled that "at this point," he would "carve out or hold in abeyance the small entities, the distributors, and the non-core" SSEs (collectively, the "Carved-

---

[3] The motions to compel are docketed at ECF No. 1185, 1187 and 1188.

[4] The SSEs' Oppositions to the motions to compel are docketed at ECF Nos. 1227 (Joint Opposition); 1223 (on behalf of Smaller SSEs); 1224 (on behalf of Non-OEM Domestic Distributors); 1226 (on behalf of Truck and Equipment SSEs); and 1230 (on behalf of Non-Core SSEs). Defendants filed an opposition to the Motion to Compel filed by Certain Parties. ECF No. 1216.

[5] ECF Nos. 1246, 1250, and 1254.

[6] The SSEs who participated in the mediation were: FCA US LLC; General Motors Company; General Motors Holdings LLC; General Motors LLC; American Honda Motor Co., Inc.; Honda North America, Inc.; Honda Manufacturing of Indiana, LLC; Honda of America Mfg., Inc.; Honda of South Carolina Mfg, Inc.; Honda Precision Parts of Georgia, LLC; Honda R&D Americas, Inc.; Honda Research Institute USA, Inc.; Honda Transmission Manufacturing of America, Inc.; Hyundai Motor Manufacturing Alabama, LLC; Kia Motors Manufacturing Georgia, Inc.; Nissan North America, Inc.; Toyota Motor Sales, USA, Inc.; and Toyota Motor Engineering & Manufacturing North America, Inc.

Out SSEs") until such time, if ever, that the Court orders otherwise, and directed the Parties "[m]ake sure that's in the order …that they are carved out," (Hrg. Tr. at 43, 46);[7]

WHEREAS, the undersigned determined that certain SSEs (collectively, for purposes of this Order only, the "Deponent SSE Groups"), should provide witnesses to testify pursuant to Fed. R. Civ. P. 30(b)(6) on limited topics;

WHEREAS, the undersigned determined that depositions of the Deponent SSE Groups should be "only an inquiry into what data is available" from those SSEs "in order to better understand what information is available, reasonably accessible, and the costs and burden that would be incurred in having to generate that information" (Hrg. Tr. at 16, 43);

WHEREAS, the undersigned determined that the Deponent SSE Groups need not testify on behalf of any Carved-Out SSEs (Hrg. Tr. 46-47);

---

[7] The **Smaller SSEs** carved out from this Order and held in abeyance are BMW of North America, LLC; BMW Manufacturing Co., LLC; Hino Motors Manufacturing U.S.A., Inc.; Jaguar Land Rover North America, LLC; Mercedes-Benz U.S. International, Inc.; Mitsubishi Motors North America, Inc.; Mitsubishi Motors Credit of America, Inc.; Mitsubishi Motors R&D of America, Inc.; Porsche Cars North America, Inc.; Volkswagen Group of America, Inc. d/b/a Volkswagen of America; Volkswagen Group of America, Inc. d/b/a Audi of America; Volkswagen Group of America Chattanooga Operations, LLC; and Volvo Cars of North America, LLC. ECF No. 1227-2 at 5; Hrg. Tr. at 43.

The **Non-Core SSEs** carved out from this Order and held in abeyance are BMW Financial Services NA, LLC; BMW (US) Holding Corp.; BMW Bank of North America; BMW Insurance Agency, Inc.; BMW US Capital, LLC; Designworks/USA, Inc.; Fiat Chrysler Finance North America, Inc.; Mercedes-Benz Advanced Design of North America Inc.; Mercedes-Benz Credit Corp.; Mercedes- Benz Financial Services USA LLC; Mercedes- Benz Research & Development North America, Inc. (CA); Mercedes-Benz Research & Development North America, Inc. (MI); General Motors Financial Company, Inc.; American Honda Finance Corp.; Hyundai America Technical Center, Inc.; Hyundai AutoEver America, LLC; Hyundai Capital America; Mitsubishi Motors Credit of America, Inc.; Mitsubishi Motors R&D of America, Inc.; Nissan Motor Acceptance Corp.; Subaru Leasing Corp., Fuji Heavy Industries USA, Inc.; and Volkswagen Credit Inc. ECF 1227-2 at 4; Hrg. Tr. at 43.

**Domestic Distributors** carved out from this Order and held in abeyance are BMW of North America, LLC; Mercedes- Benz USA, LLC; Hyundai Motor America; Jaguar Land Rover North America, LLC; Kia Motors America, Inc.; Mitsubishi Motors North America, Inc.; Nissan North America Inc. with respect to select models distributed for foreign manufactures; Porsche Cars North America, Inc.; Volkswagen Group of America, Inc. d/b/a Volkswagen of America; Volkswagen Group of America, Inc. d/b/a Audi of America; and Volvo Cars of North America, LLC. ECF 1227-2 at 3; Hrg. Tr. at 43.

Some Carved-Out SSEs fall into multiple categories. All members of each sub-group are included for completeness.

WHEREAS the Parties proposed certain topics to which their inquiry should relate, subject to review and input from the Deponent SSE Groups as to the scope and clarity of those topics, and those topics as clarified are set forth in this Order (Hrg. Tr. 17-18, 23, 43);

WHEREAS, the undersigned has ordered depositions on these topics to make it "easier to assess arguments on proportionality," and "arguments on burden," but recognizes that the 30(b)(6) depositions only go to part of that inquiry;

WHEREAS the assessment of proportionality would be made easier through the production of additional information by the Parties, in the form of an inventory of the discovery received or available from non-SSEs in these cases, so as to avoid, to the extent possible, the need for any SSE to ultimately produce unreasonably duplicative or cumulative discovery, or discovery for which the Parties lack a need, or a substantial need;

**IT IS HEREBY ORDERED AS FOLLOWS:**

**I.     DEFINITIONS**

     A.     "**Auto Part Product**" shall mean the specific automotive part to which each Lead Case (as defined in the March 22, 2106 Electronic Case Management Protocol Order, Master File No. 2:12-md-02311, ECF No. 1262) is related in the Auto Parts Cases.

     B.     "**Auto Parts Cases**" shall mean all cases that are consolidated or coordinated into *In re Automotive Parts Antitrust Litigation* and including, without limitation, 2:15-cv-12893 and 2:15-cv-003200 (Automotive Hoses); 2:15-cv-13000 (Automotive Brake Hoses); 2:15-cv-14080 and 2:15-cv-03300 (Shock Absorbers); 2:16-cv-10456 and 16-cv-03400 (Body Sealings) and 2:16-cv-10461 and 16-cv-03500 (Plastic Interior Trim Parts); 2:16-cv-11082 and 2:16-cv-11087 (Exhaust Systems).

C.   "**Plaintiffs**" shall mean End Payors (EPPs), Automobile Dealer Plaintiffs (ADPs), Truck and Equipment Dealer Plaintiffs (TEDPs), the State of Florida, and the State of Indiana.

D.   "**Defendants**" shall mean Defendants in the Auto Parts Cases.

E.   The **"Deponent SSE Groups"** means the **Chrysler Group** (FCA US LLC); the **Daimler Group** (Daimler Trucks North America LLC; Daimler Vans Manufacturing, LLC; Daimler Vans USA LLC; Freightliner Custom Chassis Corp.; Mitsubishi Fuso Truck of America, Inc.; Thomas Built Buses, Inc.; and Western Star Trucks Sales, Inc.); the **General Motors Group** (General Motors Company; General Motors Holdings LLC; General Motors LLC); the **Honda Group** (American Honda Motor Co., Inc.; Honda North America, Inc.; Honda Manufacturing of Indiana, LLC; Honda of America Mfg., Inc.; Honda of South Carolina Mfg, Inc.; Honda Precision Parts of Georgia, LLC; Honda R&D Americas, Inc.; Honda Research Institute USA, Inc.; Honda Transmission Manufacturing of America, Inc.); the **Hyundai Group** (Hyundai Motor Manufacturing Alabama, LLC); the **Kia Group** (Kia Motors Manufacturing Georgia, Inc.); the **Nissan Group** (Nissan North America, Inc.); the **Subaru Group** (Subaru of America, Inc., and Subaru of Indiana Automotive, Inc.); and the **Toyota Group** (Toyota Motor Sales, USA, Inc.; and Toyota Motor Engineering & Manufacturing North America, Inc.) (the Parties have agreed to hold in abeyance subpoenas to the other listed Toyota entities).

F.   The **"Carved-Out SSEs"** are all other SSEs who were served with, and responded to, the Motions, identified by name in Footnote 7.

## II.   DEPOSITIONS ORDERED

A.   The Parties collectively may serve on each Deponent SSE Group a Rule 45 subpoena *ad testificandum* in order to take one (1) Rule 30(b)(6) deposition lasting up to fourteen (14) hours over two (2) days of each Deponent SSE Group respecting the existence, location, and burden associated with producing the following information, if known:

1.   Transactional purchase data for the Auto Parts Products at issue;

2.   RFQ information and price adjustments information for the Auto Parts Products at issue;

3.   Vehicle manufacturing costs information;

4.   Vehicle pricing process information, including information relating to the process for setting and adjusting pricing, and documents related thereto;

5.   Transactional sales data for sales of vehicles:

a.   from OEMs to automobile dealers and truck dealers;

b.   from OEMs to distributors;

c.   from distributors to automobile dealers and truck dealers;

d.   from automobile dealers and truck dealers to end-consumers;

e.   from OEMs to end-consumers (*e.g.*, fleet buyers); and

f.   from distributors to end consumers[8]

B.   Questions on these topics shall be limited to inquiry into format, volume, physical location, time period, status of system on which the data is maintained (*i.e.,*

---

[8] The Deponent SSEs continue their objection to any deposition exceeding 7 hours.  *See* Fed. R. Civ. P. 30(d)(1).

current or legacy systems), and cost estimates and burden associated with production.

C.    For avoidance of doubt, no Party may ask any Deponent SSE Group substantive questions about the Auto Parts Cases.  For example, and by way of illustration but not limitation, the Parties may not ask questions about price fixing, overcharges, pass-through, damages, internal investigations, or external discussions relating to these cases.

D.    The Parties shall furnish, with each deposition notice, a listing of those parts they consider "Auto Parts Products" in a manner comprehensible to an SSE representative, the time period applicable to the information about which they intend to inquire, and the vehicles about which they intend to inquire.

E.    The Parties are strongly encouraged (albeit not expressly ordered) to provide as much additional specific information as possible about their intended areas of inquiry as to each particular Deponent SSE Group, including specific questions, to the Deponent SSE Group's counsel with each deposition notice so as to maximize the efficiency of this process, reduce the burden on witnesses for the Deponent SSE Groups, and reduce the potential for disputes;

F.    The allotted time for each deposition shall be divided equally between Plaintiffs (collectively) and Defendants (collectively), who may employ one questioner each.  If, at the end of the deposition, one side has not used all of its allotted time, the parties will confer regarding said remaining time.

G.    Each hour of examination time of any corporate representative whose examination is conducted through an interpreter shall count as 7/13's of an hour

toward the fourteen (14) hour maximum time for the Rule 30(b)(6) deposition of the particular Deponent SSE Group.

H.   The location of each Deponent SSEs Group's 30(b)(6) deposition is subject to the jurisdictional limits of Rule 45 as applied to the individual members of an SSE Group.

I.   The depositions ordered herein shall commence four weeks after the ECF filing date of this Order if it is not appealed, or the date on which the order is affirmed by the District Court, if it is appealed (the "commencement date"), and shall be completed within 45 days of the commencement date.

J.   The Parties collectively shall serve on each Deponent SSE Group from which the Parties seek Rule 30(b)(6) testimony a Rule 45 subpoena identifying the fields of inquiry and additional information listed in Section II.A.1–5 and B.   For each Deponent SSE Group whose counsel has appeared in these MDL proceedings in connection with the Motion, service of the notices may be effected via e-mail to such counsel.

K.   A Deponent SSE Group must designate one or more appropriate individual(s) to serve as its corporate representative(s) to testify on its behalf in response to a Rule 30(b)(6) notice.

L.   The corporate representative, or representatives collectively, shall be prepared to testify concerning the fields of inquiry on behalf of the member of the Deponent SSE Group, not carved out by this Order, for which the Deponent SSE Group has designated him or her a corporate representative, to the best of each representative's ability.

M.    Unless the specific question was provided to the Deponent SSE Group's counsel two weeks in advance of the deposition, motion practice against any Deponent SSE unable to answer a given question or set of questions will *not* be well-taken. To the extent a witness does not know or is unable to recall certain information during a deposition, the Deponent SSE Group may supplement its response at a later time in an appropriate manner.

N.    The Parties' Motions are adjourned as to all of the SSEs pending the completion of the depositions as set forth in this Order, subsequent negotiation between the Parties and the SSEs, and any agreement between the Parties and the SSEs, or, in the absence of such agreement, a motion to this Court and subsequent Order.

## III.    INVENTORY OF DISCOVERY ORDERED[9]

A.    Within 30 days of the commencement date, the Parties shall prepare and file with the Court an inventory of discovery received or otherwise available (including information in their own possession, custody, or control) in the Auto Parts Cases, consisting of the following information.

1.    Producing Party

2.    Volume of documents

3.    For upstream transactional documents involving an SSE, the SSE, Seller, Purchaser, Auto Part Product, Time Period, Other Fields Covered, and Critical Fields Missing (if any);

---

[9] The SSEs recognize that this Section III was not part of the order contemplated by the Special Master at the March 24, 2016 hearing.  The SSEs, however, believe that the Special Master lacks information sufficient to order any substantive compliance with the motions now held in abeyance without such information, and will continue to lack such information following the depositions contemplated by this Order, absent a further showing of need by the Parties.  Accordingly, the Special Master should order the Parties to make such information available to the SSEs to the extent the Parties seek compliance with their document subpoena.

4.      For downstream transactional documents involving an SSE, the SSE,
Seller, Purchaser, Vehicles Covered, Time Period, Other Fields Covered,
and Critical Fields Missing (if any);

5.      For downstream transactional information regarding end payors, the
Number of such transactions, SSE families covered, Non-SSE families
covered, Time Period, Other Fields Covered, and Critical Fields Missing
(if any); and

6.      For RFQs involving an SSE, the SSE, Requesting Entity, Respondents,
Part(s), Vehicles Covered, Time Period, Other Fields Covered, and
Critical Fields Missing (if any).

B.      The information provided must be sufficiently detailed to allow the Special
Master to determine with specificity the precise information that is not available
to the Parties without further production by the SSEs, the alternative information
available to the Parties that is relevant to the issues for which the SSE information
is sought, and the substantial need of the Parties with respect to information that
cannot be obtained except through discovery of the SSEs.

## IV.   ABEYANCE ORDER AS TO CARVED-OUT SSEs

All matters, including without limitation, the Motions to Compel, shall be held in
abeyance with respect to the Carved-Out SSEs pending the completion of the depositions
ordered herein and further order of the Special Master or the Court.

## V.   AVAILABILITY OF APPEAL OF THIS ORDER

This Order shall be subject to appeal to The Honorable Marianne O. Battani, pursuant to

the Order Appointing the Special Master.[10] Any party that wishes to file an objection to this Order must do so within fourteen (14) days of the ECF filing date of this Order. Responses shall be due ten (10) days after the date on which the objections are filed, and replies shall be due five (5) days after the date on which the responses are filed. Failure to meet this deadline results in waiver of any objection to the Master's order, absent good cause shown. Order Appointing Master at § II.B.

DATED: April __, 2016

                                             _____
                                             GENE J. ESSHAKI
                                             SPECIAL MASTER

---

[10] *See* Order Appointing Master (ECF No. 792).

11

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | |
|---|---|
| **In Re:  AUTOMOTIVE PARTS ANTITRUST LITIGATION** | : 12-md-02311<br>: Honorable Marianne O. Battani<br>:  Special Master Gene J. Esshaki |
| **In Re: All Auto Parts Cases** | : 2:12-MD-2311-MOB-MKM<br>:<br>: |
| **THIS DOCUMENT RELATES TO: ALL AUTO PARTS CASES** | :<br>:<br>: |

**[PROPOSED] SPECIAL MASTER'S ORDER ~~REGARDING~~HOLDING THE PARTIES' MOTION TO COMPEL ~~DISCOVERY FROM NON-PARTY OEMS AND ORDERING NON-PARTY OEM~~IN ABEYANCE AND AUTHORIZING RULE 30(b)(6) DEPOSITIONS OF CERTAIN SSEs ON LIMITED TOPICS**

Formatted: Font: Bold
Formatted: Font: Bold
Formatted: Font: Bold

WHEREAS, on January 19, 2016, Plaintiffs and Defendants (collectively, the "Parties"[1]) filed a Joint Motion to Compel Discovery from Non-Party ~~Original Equipment Manufacturers,[2] seeking to compel responses to certain narrowed requests of uniform subpoenas served on the non-party~~Specified Subpoenaed Entities ("SSEs")[3] consisting of (i) original equipment manufacturers ("OEMs") ~~and their affiliates pursuant to the Court's orders dated March 19, 2015 (~~; (ii) "Domestic Distributors;" (iii) Truck and Equipment SSEs; (iv) non-OEMs and other affiliates ("Non-Core SSEs"); and (v) SSEs with smaller market shares in the United States ("Smaller SSEs") pursuant, according to the Parties, to the Court's orders at ECF No. 277, Case No. 2:12-cv-~~00100)~~00100, and ~~April 22, 2015 (~~ECF No. 949, Case No. 2:12-md-~~002311),~~002311, and certain plaintiff parties filed a separate motion to compel regarding Request Nos. 27 and 31 in the Uniform OEM Subpoena[4] (collectively, the "Motions"[5]);

---

[1] The Parties consist of End Payor Plaintiffs (EPPs), Automobile Dealer Plaintiffs (ADPs), Truck and Equipment Dealer Plaintiffs (TEDPs), the State of Florida, the State of Indiana (collectively, the "Plaintiffs"), and Defendants in the Automotive Parts Antitrust Litigation, No. 2:12-md-02311-MOB-MKM (E.D. Mich.) (*see* ECF ~~No.~~ 1185 Attachment A).

~~2 The Parties' Motion to Compel Discovery from Non-Party Original Equipment Manufacturers (see, e.g., ECF No. 1185).~~

[3] The full list of Specified Subpoenaed Entities is set forth in ECF 1227-2, as are the sub-categories of Domestic Distributor, Truck and Equipment, Non-Core, and Smaller SSEs.

~~4 Certain Serving Parties' Motion to Compel Discovery from Non-Party Original Equipment~~

WHEREAS, on February 19, 2016, the ~~subpoenaed OEMs and their affiliates subject to the Motions[6]~~ SSEs filed several oppositions to the Motions[7];[8]

WHEREAS, on March 11, 2016, the Parties filed replies to the Motions[9];[10]

WHEREAS, on March 24, 2016, ~~after having reviewed the above-referenced submissions,~~ the undersigned held a mediation with the Parties and the SSEs (though only certain SSEs were invited to participate in the mediation process before it concluded),[11] and a hearing regarding the disputes raised in the Motions;

---

~~Manufacturers (ECF Nos. 1187 and 1188).~~

[5] The motions to compel are docketed at ECF No. 1185, 1187 and 1188.

~~6 See Exhibit 1227-2 to The Specified Subpoenaed Entities' Joint Opposition to the parties' Motions to Compel (see, e.g., ECF No. 1227-2) (listing coordinating "Specific Subpoenaed Entities," or "SSEs" subject to the Motion).~~

~~7 The Specified Subpoenaed Entities' Joint Opposition to the parties' Motions to Compel (see, e.g., ECF No. 1227); Memorandum of Smaller Subpoenaed Entities in Opposition to the Parties' Motion to Compel Discovery from Non-Party Original Equipment Manufacturers and Certain Serving Parties' Motion to Compel Discovery from Non-Party Original Equipment Manufacturers (see, e.g., ECF No. 1223); Non-OEM Domestic Distributors' Opposition to the Parties' Motions to Compel Discovery From Non-Party Original Equipment Manufacturers (see, e.g., ECF No. 1224); Opposition to the Parties' Motions to Compel by Specifically Subpoenaed Entities Whom the Parties Describe as "Non-Core" (see, e.g., ECF No. 1230); Opposition to Motion to Compel by Non-Party Truck and Equipment Specified Subpoenaed Entities (see, e.g., ECF No. 1226); see also Defendants' Opposition to Certain Serving Parties' Motion to Compel Discovery from Non-Party Original Equipment Manufacturers (see, e.g., ECF No. 1216).~~

[8] The SSEs' Oppositions to the motions to compel are docketed at ECF Nos. 1227 (Joint Opposition); 1223 (on behalf of Smaller SSEs); 1224 (on behalf of Non-OEM Domestic Distributors); 1226 (on behalf of Truck and Equipment SSEs); and 1230 (on behalf of Non-Core SSEs).  Defendants filed an opposition to the Motion to Compel filed by Certain Parties. ECF No. 1216.

~~9 End-Payor Plaintiffs' Reply in Support of the Parties' Motion to Compel Discovery from Non-Party Original Equipment Manufacturers (see, e.g., ECF No. 1250); Defendants' Reply in Support of the Parties' Motion to Compel Discovery from Non-Party Original Equipment Manufacturers (see, e.g., ECF No. 1246); Certain Serving Parties' Reply in Support of Motion to Compel Discovery From Non-Party Original Equipment Manufacturers (see, e.g., ECF No. 1254).~~

[10] ECF Nos. 1246, 1250, and 1254.

[11] The SSEs who participated in the mediation were: FCA US LLC; General Motors Company; General Motors Holdings LLC; General Motors LLC; American Honda Motor Co., Inc.; Honda North America, Inc.; Honda Manufacturing of Indiana, LLC; Honda of America Mfg., Inc.; Honda of South Carolina Mfg, Inc.; Honda Precision Parts of Georgia, LLC; Honda R&D

2

**Formatted:** Font:

WHEREAS, the undersigned, ~~after conducting several hours of discussions both individually and jointly with the Plaintiffs, Defendants, and OEMs, reached the conclusion that there was insufficient information before him to rule on whether and/or to what extent to order the requested discovery from the OEMs and their affiliates;~~ following the mediation and hearing, determined that there was insufficient information in the record to rule on whether to enforce the subpoenas and, if so, to what degree (March 24, 2016 Hrg. Tr. at 15);

WHEREAS, ~~on March 24, 2016, following the mediation, the Special Master held a hearing regarding the disputes raised in the Motions, during which he heard argument from the various OEMs and then issued his rulings on the Motions.  This Order Regarding Serving Parties' Motion to Compel Discovery from Non-Party OEMs and Ordering Rule 30(b)(6) Deposition of Certain Non-Party OEM Families (the "Order") memorializes the Special Master's rulings on these disputes.~~ the undersigned ruled that the Parties' Motions should be "adjourn[ed]" as to all of the SSEs pending the taking of the depositions set forth in this Order (Hrg. Tr. at 16);

WHEREAS, the undersigned ruled that "at this point," he would "carve out or hold in abeyance the small entities, the distributors, and the non-core" SSEs (collectively, the "Carved-Out SSEs") until such time, if ever, that the Court orders otherwise, and directed the Parties "[m]ake sure that's in the order …that they are carved out," (Hrg. Tr. at 43, 46);[12]

Americas, Inc.; Honda Research Institute USA, Inc.; Honda Transmission Manufacturing of America, Inc.; Hyundai Motor Manufacturing Alabama, LLC; Kia Motors Manufacturing Georgia, Inc.; Nissan North America, Inc.; Toyota Motor Sales, USA, Inc.; and Toyota Motor Engineering & Manufacturing North America, Inc.

[12] The **Smaller SSEs** carved out from this Order and held in abeyance are BMW of North America, LLC; BMW Manufacturing Co., LLC; Hino Motors Manufacturing U.S.A., Inc.; Jaguar Land Rover North America, LLC; Mercedes-Benz U.S. International, Inc.; Mitsubishi Motors North America, Inc.; Mitsubishi Motors Credit of America, Inc.; Mitsubishi Motors R&D of America, Inc.; Porsche Cars North America, Inc.; Volkswagen Group of America, Inc. d/b/a Volkswagen of America; Volkswagen Group of America, Inc. d/b/a Audi of America; Volkswagen Group of America Chattanooga Operations, LLC; and Volvo Cars of North America, LLC.  ECF No. 1227-2 at 5; Hrg. Tr. at 43.

3

WHEREAS, the undersigned determined that certain SSEs (collectively, for purposes of this Order only, the "Deponent SSE Groups"), should provide witnesses to testify pursuant to Fed. R. Civ. P. 30(b)(6) on limited topics;

WHEREAS, the undersigned determined that depositions of the Deponent SSE Groups should be "only an inquiry into what data is available" from those SSEs "in order to better understand what information is available, reasonably accessible, and the costs and burden that would be incurred in having to generate that information" (Hrg. Tr. at 16, 43);

WHEREAS, the undersigned determined that the Deponent SSE Groups need not testify on behalf of any Carved-Out SSEs (Hrg. Tr. 46-47);

WHEREAS the Parties proposed certain topics to which their inquiry should relate, subject to review and input from the Deponent SSE Groups as to the scope and clarity of those topics, and those topics as clarified are set forth in this Order (Hrg. Tr. 17-18, 23, 43);

The **Non-Core SSEs** *carved out from this Order and held in abeyance are* BMW Financial Services NA, LLC; BMW (US) Holding Corp.; BMW Bank of North America; BMW Insurance Agency, Inc.; BMW US Capital, LLC; Designworks/USA, Inc.; Fiat Chrysler Finance North America, Inc.; Mercedes-Benz Advanced Design of North America Inc.; Mercedes-Benz Credit Corp.; Mercedes- Benz Financial Services USA LLC; Mercedes- Benz Research & Development North America, Inc. (CA); Mercedes-Benz Research & Development North America, Inc. (MI); General Motors Financial Company, Inc.; American Honda Finance Corp.; Hyundai America Technical Center, Inc.; Hyundai AutoEver America, LLC; Hyundai Capital America; Mitsubishi Motors Credit of America, Inc.; Mitsubishi Motors R&D of America, Inc.; Nissan Motor Acceptance Corp.; Subaru Leasing Corp., Fuji Heavy Industries USA, Inc.; and Volkswagen Credit Inc. ECF 1227-2 at 4; Hrg. Tr. at 43.

**Domestic Distributors** *carved out from this Order and held in abeyance are* BMW of North America, LLC; Mercedes- Benz USA, LLC; Hyundai Motor America; Jaguar Land Rover North America, LLC; Kia Motors America, Inc.; Mitsubishi Motors North America, Inc.; Nissan North America Inc. with respect to select models distributed for foreign manufactures; Porsche Cars North America, Inc.; Volkswagen Group of America, Inc. d/b/a Volkswagen of America; Volkswagen Group of America, Inc. d/b/a Audi of America; and Volvo Cars of North America, LLC.  ECF 1227-2 at 3; Hrg. Tr. at 43.

Some Carved-Out SSEs fall into multiple categories.  All members of each sub-group are included for completeness.

4

WHEREAS, the undersigned has ordered depositions on these topics to make it "easier to assess arguments on proportionality," and "arguments on burden," but recognizes that the 30(b)(6) depositions only go to part of that inquiry;

WHEREAS the assessment of proportionality would be made easier through the production of additional information by the Parties, in the form of an inventory of the discovery received or available from non-SSEs in these cases, so as to avoid, to the extent possible, the need for any SSE to ultimately produce unreasonably duplicative or cumulative discovery, or discovery for which the Parties lack a need, or a substantial need;

**IT IS HEREBY ORDERED AS FOLLOWS:**

I.   **DEFINITIONS**

    A.   "**Auto Part Product**" shall mean the specific automotive part to which each Lead Case (as defined in the March 22, 2106 Electronic Case Management Protocol Order, Master File No. 2:12-md-02311, ECF No. 1262) is related in the Auto Parts Cases.

    B.   "**Auto Parts Cases**" shall mean all cases that are consolidated or coordinated into *In re Automotive Parts Antitrust Litigation* and including, without limitation, 2:15-cv-12893 and 2:15-cv-003200 (Automotive Hoses); 2:15-cv-13000 (Automotive Brake Hoses); 2:15-cv-14080 and 2:15-cv-03300 (Shock Absorbers); 2:16-cv-10456 and 16-cv-03400 (Body Sealings) and 2:16-cv-10461 and 16-cv-03500 (Plastic Interior Trim Parts); 2:16-cv-11082 and 2:16-cv-11087 (Exhaust Systems).

    C.   "**Plaintiffs**" shall mean End Payors (EPPs), Automobile Dealer Plaintiffs (ADPs), Truck and Equipment Dealer Plaintiffs (TEDPs), the State of Florida, and the State of Indiana.

5

D.   "**Defendants**" shall mean Defendants in the Auto Parts Cases.

E.   ~~"OEM Group" shall mean each group of subpoenaed OEM entities and affiliates listed on pages 2–3 (of 7) of Exhibit 1227-2 to The Specified Subpoenaed Entities' Joint Opposition to the parties' Motions to Compel (see, e.g., ECF No. 1227-2) (i.e. (1) BMW (the "BMW Group" entities:  BMW of North America, LLC; BMW Manufacturing Co., LLC; BMW Financial Services NA, LLC; BMW (US) Holding Corp.; BMW Bank of North America; BMW Insurance Agency, Inc.; BMW US Capital, LLC; Designworks/USA, Inc.); (2) Chrysler (the "Chrysler Group" entities:  FCA US LLC and Fiat Chrysler Finance North America, Inc.); (3) Daimler/Mercedes-Benz (~~The "**Deponent SSE Groups**" means the **Chrysler Group** (FCA US LLC); the "Daimler Group" ~~entities: Daimler North America Corp. (MI); Daimler North America Corp. (NJ); Daimler Purchasing Coordination Corp.;~~ (Daimler Trucks North America LLC; Daimler Vans Manufacturing, LLC; Daimler Vans USA LLC; Freightliner Custom Chassis Corp.~~; Mercedes-Benz Advanced Design of North America Inc.; Mercedes-Benz Credit Corp.; Mercedes- Benz Financial Services USA LLC; Mercedes- Benz Research & Development North America, Inc. (CA); Mercedes-Benz Research & Development North America, Inc. (MI); Mercedes-Benz U.S. International, Inc.; Mercedes- Benz USA, LLC~~; Mitsubishi Fuso Truck of America, Inc.; Thomas Built Buses, Inc.; and Western Star Trucks Sales, Inc.); ~~(4)~~ GM (the "~~GM~~**General Motors** Group" ~~entities:~~ (General Motors Company~~;~~ ~~General Motors Financial Company, Inc.~~; General Motors Holdings LLC; General Motors LLC); ~~(5) Hino (the Hino entity:  Hino Manufacturing U.S.A.,~~

*Formatted: Font: Bold*

*Formatted: Font: Bold*

*Formatted: Font: Bold*

*Formatted: Font: Bold*

Inc.); (6) Honda (the "the Honda Group" entities: (American Honda Motor Co., Inc.; American Honda Finance CorpNorth America, Inc.; Honda Manufacturing of Indiana, LLC; Honda North America, Inc.; Honda of America Mfg., Inc.; Honda of South Carolina Mfg., Inc.; Honda Precision Parts of Georgia, LLC; Honda R&D Americas, Inc.; Honda Research Institute USA, Inc.; Honda Transmission Manufacturing of America, Inc.); (7) Hyundai (the "Hyundai Group" entities: , (Hyundai Motor Manufacturing Alabama, LLC; Hyundai America Technical Center, Inc.; Hyundai Motor America; Hyundai AutoEver America, LLC; Hyundai Capital America); (8) Jaguar Land Rover (the Jaguar Land Rover entity: Jaguar Land Rover North America, LLC); (9) Kia (the "Kia Group" entities: ); the **Kia Group** (Kia Motors Manufacturing Georgia, Inc.; Kia Motors America, Inc.); (10) Mitsubishi (the "Mitsubishi Group" entities: Mitsubishi Motors North America, Inc.; Mitsubishi Motors Credit of America, Inc.; Mitsubishi Motors R&D of America, Inc.); (11) Nissan (the "Nissan Group" entities: Nissan North America, Inc.; Nissan Design America, Inc.(part of NNA); Nissan Technical Center North America, Inc. (part of NNA); Nissan Diesel America, Inc. (part of NNA); Nissan Motor Acceptance Corp.); (12) Porsche (the Porsche entity: Porsche Cars North America, Inc.); (13) Subaru (the "Subaru Group" entities: Subaru of America, Inc., Subaru Leasing Corp., Fuji Heavy Industries U.S.A., Inc.,); the **Nissan Group** (Nissan North America, Inc.); the **Subaru Group** (Subaru of America, Inc., and Subaru of Indiana Automotive, Inc.); (14) Toyota (and the "Toyota Group" entities: (Toyota Motor Sales, USA, Inc.; and Toyota Motor Engineering & Manufacturing North America, Inc.) (the

7

Parties have agreed to hold in abeyance subpoenas to the other listed Toyota entities); (15) VW (the "VW Group" entities: Volkswagen Group of America, Inc. d/b/a Volkswagen of America; Volkswagen Group of America, Inc. d/b/a Audi of America; Volkswagen Group of America Chattanooga Operations, LLC; and Volkswagen Credit, Inc.); (16) Volvo (the Volvo entity:  Volvo Cars of North America).

F.   "Smaller OEM Group" herein shall mean each OEM group listed on page 6 (of 7) of Exhibit 1227-2 to The Specified Subpoenaed Entities' Joint Opposition to the parties' Motions to Compel (see, e.g., ECF No. 1227-2) (i.e. (1) BMW; (2) Hino; (3) Jaguar Land Rover; (4) Mitsubishi; (5) Porsche; (6) Subaru; (7) VW; and (8) Volvo).The **"Carved-Out SSEs"** are all other SSEs who were served with, and responded to, the Motions, identified by name in Footnote 7.

## II.   DEPOSITIONS ORDERED

A.   The Parties collectively may serve on each Deponent SSE Group a Rule 45 subpoena *ad testificandum* in order to take one (1) Rule 30(b)(6) deposition lasting up to fourteen (14) hours over two (2) days (or such longer periods as specifically set forth in Section II of this Order) of each OEM Group respecting the following fields of inquiry (and, where an OEM Group manufactures or sells vehicles at issue in the TEDP case, as well as the vehicles at issue in the ADP and EPP cases, the Parties may collectively take up to two such Rule 30(b)(6) depositions of up to fourteen (14) hours each)of each Deponent SSE Group respecting the existence, location, and burden associated with producing the following information, if known:

1.   Transactional purchase data for the Auto Parts Products at issue;

8

2. ~~Procurement process and supplier selection~~RFQ information and price adjustments information for the Auto Parts Products at issue~~, and documents related thereto~~;

3. Vehicle ~~cost data and other cost~~manufacturing costs information;

4. Vehicle pricing process information, including information relating to the process for setting and adjusting pricing, and documents related thereto;

5. Transactional sales data for sales of vehicles:

    a. from OEMs to ~~ADPs~~automobile dealers and ~~TEDPs;~~truck dealers;

    b. from OEMs to distributors;

    c. from distributors to ~~ADPs~~automobile dealers and ~~TEDPs;~~truck dealers;

    d. from ~~ADP~~automobile dealers and ~~TEDPs~~truck dealers to ~~EPPs;~~end-consumers;

    e. from OEMs to ~~EPPs~~end-consumers (*e.g.*, fleet buyers); and from distributors to ~~EPPs.~~end consumers[13]

B. ~~References in 1–5 above to documents and data include information on~~Questions on these topics shall be limited to inquiry into format, volume, ~~where maintained~~physical location, time period, status of system on which the data is maintained (*i.e.,* (current ~~and~~or legacy systems), and ~~costs~~cost estimates and burden ~~of~~associated with production.

C. For avoidance of doubt, no Party may ask any Deponent SSE Group substantive questions about the Auto Parts Cases. For example, and by way of

---

[13] The Deponent SSEs continue their objection to any deposition exceeding 7 hours. *See* Fed. R. Civ. P. 30(d)(1).

9

illustration but not limitation, the Parties may not ask questions about price fixing, overcharges, pass-through, damages, internal investigations, or external discussions relating to these cases.

D.   The Parties shall furnish, with each deposition notice, a listing of those parts they consider "Auto Parts Products" in a manner comprehensible to an SSE representative, the time period applicable to the information about which they intend to inquire, and the vehicles about which they intend to inquire.

~~B.~~E.   The Parties are strongly encouraged (albeit not expressly ordered) to provide as much additional specific information as possible about their intended areas of inquiry as to each particular Deponent SSE Group, including specific questions, to the Deponent SSE Group's counsel with each deposition notice so as to maximize the efficiency of this process, reduce the burden on witnesses for the Deponent SSE Groups, and reduce the potential for disputes;

The allotted time for each deposition shall be divided equally between Plaintiffs (collectively) and Defendants (collectively), who may employ one questioner each.  If, at the end of the deposition, one side has not used all of its allotted time, the parties will confer regarding said remaining time.

Each hour of examination time of any corporate representative whose examination is conducted through an interpreter shall count as 7/13's of an hour toward the fourteen (14) hour maximum time for the Rule 30(b)(6) deposition of the particular ~~OEM~~Deponent SSE Group.

F.   The location of each Deponent SSEs Group's 30(b)(6) deposition is subject to the jurisdictional limits of Rule 45 as applied to the individual members of an SSE Group.

**Formatted:** Standard 2, Tab stops:  0", List tab

The depositions ordered herein shall commence four weeks after the ECF filing date of this Order if it is not appealed, or the date on which the order is affirmed by the District Court, if it is appealed (the "commencement date"), and shall be completed within 45 days following the end of this four week period of the commencement date.

The Parties collectively shall serve on each OEMDeponent SSE Group from which the Parties seek Rule 30(b)(6) testimony a deposition notice listing the OEM Group entities andRule 45 subpoena identifying the fields of inquiry and additional information listed in Section II.A.1—5.5 and B. For each OEMDeponent SSE Group whose counsel has appeared in these MDL proceedings in connection with the Motion, service of the notices may be effected via e-mail to such counsel. So long as they conform with the topics set forth in this Order, no objections to the deposition notices shall be permitted.

G.   An OEMA Deponent SSE Group must designate one or more appropriate individual(s) to serve as its corporate representative(s) to testify on its behalf in response to a Rule 30(b)(6) notice.

The corporate representative, or representatives collectively, shall be prepared to testify concerning the fields of inquiry on behalf of the entire OEM Groupmember of the Deponent SSE Group, not carved out by this Order, for which the Deponent SSE Group has designated him or her a corporate representative, to the best of each representative's ability.

H.   Depositions of Smaller OEM Groups, except for Subaru, will be held in abeyance pending completion of the other OEM Group Rule 30(b)(6) depositions ordered herein.

I.   Unless the specific question was provided to the Deponent SSE Group's counsel two weeks in advance of the deposition, motion practice against any Deponent

11

---

**Formatted:** Standard 2, Tab stops:  0", List tab

**Formatted:** Standard 2

**Formatted:** Standard 2, Tab stops:  0", List tab

SSE unable to answer a given question or set of questions will *not* be well-taken. To the extent a witness does not know or is unable to recall certain information during a deposition, the Deponent SSE Group may supplement its response at a later time in an appropriate manner.

J.   The Parties' Motions are adjourned as to all of the SSEs pending the completion of the depositions as set forth in this Order, subsequent negotiation between the Parties and the SSEs, and any agreement between the Parties and the SSEs, or, in the absence of such agreement, a motion to this Court and subsequent Order.

## III.   INVENTORY OF DISCOVERY ORDERED[14]

A.   Within 30 days of the commencement date, the Parties shall prepare and file with the Court an inventory of discovery received or otherwise available (including information in their own possession, custody, or control) in the Auto Parts Cases, consisting of the following information.

1.   Producing Party

2.   Volume of documents

3.   For upstream transactional documents involving an SSE, the SSE, Seller, Purchaser, Auto Part Product, Time Period, Other Fields Covered, and Critical Fields Missing (if any);

---

[14] The SSEs recognize that this Section III was not part of the order contemplated by the Special Master at the March 24, 2016 hearing. The SSEs, however, believe that the Special Master lacks information sufficient to order any substantive compliance with the motions now held in abeyance without such information, and will continue to lack such information following the depositions contemplated by this Order, absent a further showing of need by the Parties. Accordingly, the Special Master should order the Parties to make such information available to the SSEs to the extent the Parties seek compliance with their document subpoena.

4.    For downstream transactional documents involving an SSE, the SSE, Seller, Purchaser, Vehicles Covered, Time Period, Other Fields Covered, and Critical Fields Missing (if any);

5.    For downstream transactional information regarding end payors, the Number of such transactions, SSE families covered, Non-SSE families covered, Time Period, Other Fields Covered, and Critical Fields Missing (if any); and

6.    For RFQs involving an SSE, the SSE, Requesting Entity, Respondents, Part(s), Vehicles Covered, Time Period, Other Fields Covered, and Critical Fields Missing (if any).

B.    The information provided must be sufficiently detailed to allow the Special Master to determine with specificity the precise information that is not available to the Parties without further production by the SSEs, the alternative information available to the Parties that is relevant to the issues for which the SSE information is sought, and the substantial need of the Parties with respect to information that cannot be obtained except through discovery of the SSEs.

## IV.    ABEYANCE ORDER AS TO CARVED-OUT SSEs

All matters, including without limitation, the Motions to Compel, shall be held in abeyance with respect to the Carved-Out SSEs pending the completion of the depositions ordered herein and further order of the Special Master or the Court.

## V.    AVAILABILITY OF APPEAL OF THIS ORDER

This Order shall be subject to appeal to The Honorable Marianne O. Battani, pursuant to

13

the Order Appointing the Special Master.[15]  Any party that wishes to file an objection to this

Order must do so within fourteen (14) days of the ECF filing date of this Order.  Responses shall

be due ten (10) days after the date on which the objections are filed, and replies shall be due five

(5) days after the date on which the responses are filed.  Failure to meet this deadline results in

waiver of any objection to the Master's order, absent good cause shown.  Order Appointing

Master at § II.B.

DATED: April __, 2016                                    _____
                                                        GENE J. ESSHAKI
                                                        SPECIAL MASTER

---

[15]15 *See* Order Appointing Master (ECF No. 792).

14

**From:** Ronnie Spiegel
**Sent:** Friday, April 15, 2016 2:37 PM
**To:** 'Esshaki, Gene J.'
**Cc:** Steve Williams; 'Salzman, Hollis (HSalzman@RobinsKaplan.com)'; Marc Seltzer; 'adam.hemlock@weil.com'; 'Cherry, Steven (Steven.Cherry@wilmerhale.com)'; 'Trager, Lara (Lara.Trager@weil.com)'; 'Vicky@cuneolaw.com'; Jon Cuneo; 'WShotzbarger@duanemorris.com'; 'Kevin Noll (kpn@fmcolaw.com)'; 'Timothy Fraser'; 'Kass, Colin'; 'steven.reiss@weil.com'; 'Munkittrick, David A.'; Abeles, Scott M. (sabeles@proskauer.com); Kevin Noll (kpn@fmcolaw.com); Bonk, Cameron (Cameron.Bonk@weil.com); Elizabeth Tran (etran@cpmlegal.com)
**Subject:** RE: Auto Parts Litigation - Draft [Proposed] Orders


Dear Special Master Esshaki:

Pursuant to your ruling, please find attached the Serving Parties' [Proposed] Special Master's Order Regarding Certain Parties' Motion to Compel Discovery from Non-Party OEMs and Ordering Production of Data and Documents Previously Produced by Non-Party OEMs to the DOJ.  The Parties have accepted changes proposed by the OEMs to this order where possible.

Please also find attached the Serving Parties' [Proposed] Special Master's Order Regarding the Parties' Motion to Compel Discovery From Non-Party OEMs and Ordering Non-Party Rule 30(b)(6) Depositions.  As Your Honor is aware, the Serving Parties provided an initial draft of their proposed order regarding 30(b)(6) depositions to the OEMs on April 1, 2016.  On April 6, 2016 the OEMs provided the Serving Parties with their proposed revisions (attached), which in essence re-wrote what had been a simple and straightforward order that reflected what Your Honor had ordered at the March 24 hearing.  The Parties accepted various changes proposed by the OEMs, to the extent that they did not alter or enlarge the obligations that Your Honor

ordered at the hearing (those changes are reflected in the attached Word redlines). The remainder of the OEMs' revisions are either wholly inconsistent with the intent and purpose of the order, or they were not discussed at the mediation or hearing and not referenced by Your Honor in Your rulings at the March 24 hearing.  These revisions include, but are not limited to:

1. The OEMs seek to remove Non-Core and Domestic Distributor entities from the scope of the order.  However, the entire purpose of these depositions is to determine where the data regarding parts purchases and automobile sales resides within each OEM *family*, and it is certain that some of these entities have such data.  This was made clear at the March 24 hearing, when Mr. Cherry, on behalf of the Serving Parties, stated to Your Honor that within a given OEM family, one entity might handle parts procurement, another entity might handle vehicle sales, and that each Deponent OEM Group "should bring people who can address that *for the corporate family*." (March 24, 2016 Hrg. Tr. at 47:8-11) (emphasis added).  Your Honor agreed that each Deponent OEM Group may need to produce separate deponents consisting of, for example, a "salesperson," a "procuring person," and "somebody in finance or accounting" in order to testify to the ordered deposition topics, and that it was Your Honor's "intention" that each Deponent OEM Group should produce for deposition witnesses who can address entities that serve those purposes, even if they must address functions performed and data held by Non-Core or Domestic Distributor OEM entities. (March 24, 2016 Hrg. Tr. at 47:1-14) (MR. CHERRY: "[W]ith respect to a corporate family, if there is an entity that does the procurement at a manufacturing level, there is an entity that does the sales at a different level, they should bring people who can address that for the corporate family. SPECIAL MASTER: Understood. MR. CHERRY: Yes. SPECIAL MASTER: That would be my intentions.").  The deposition mechanism Your Honor ordered would not make sense if these entities were excluded from each Deponent OEM Group's deposition responsibilities.

2. The OEMs seek to add an obligation that the Parties shall "prepare and file with the Court an inventory of the discovery received or otherwise available (including information in their own possession, custody, or control) in the Auto Parts Cases," including a long list of extremely burdensome requirements to describe any and all discovery available to the Parties.  (*See* OEM version of [Proposed] Order, Section III.).  This added obligation was not contemplated or ordered by the Court, a fact the OEMs explicitly recognize, but nonetheless state that Your Honor "should order" this inventory be produced. (OEM version of [Proposed] Order at 9 n.9). Further, there is no reason that either the Court or the Parties require that this information is disclosed, and it would not alter the OEMs' duties as ordered by this Court.

3. The OEMs seek to delete the provision in the Serving Parties' proposed Order stating that "where an OEM Group manufactures or sells vehicles at issue in the TEDP case, as well as vehicles at issue in the ADP and EPP cases, the Parties may collectively take up to two such Rule 30(b)(6) depositions of up to fourteen (14) hours each." (Parties' version of [Proposed] Order, Section II. A.). Your Honor expressly ordered this provision at the March 24 hearing, which applies only to the Daimler Group, and it is necessary given that it is highly likely that the data for truck part purchases and truck sales reside in different locations within an OEM family than such data for passenger vehicles, and that the procurement process for truck parts and sales of trucks will be different than for passenger vehicles.  (*See* March 24, 2016 Hrg. Tr. at 19:10-16; 43:4-5).

4. The OEMs seek to add a provision, which Your Honor explicitly rejected by email on April 1, 2016, "strongly encourage[ing]" the Parties to "to provide as much additional specific information as possible about their intended areas of inquiry as to each particular Deponent SSE Group, including

specific questions, to the Deponent SSE Group's counsel with each deposition notice…" (OEM version of [Proposed] Order, Section II. E. ).  The areas of inquiry are clearly set forth in the noticed 30(b)(6) topics, which were read into the record at the March 24, 2016 hearing and which Your Honor approved. (March 24, 2016 Hrg. Tr. at 42:22-23).

5.  The OEMs seek to add a requirement that the Plaintiffs (collectively) and Defendants (collectively) "may employ one questioner each" for the deposition of a given Deponent OEM Group.  (OEM version of [Proposed] Order, Section II. F.). The OEMs did not raise this in the mediation or hearing, and Your Honor did not order it.  It is also inconsistent with the deposition protocol ordered in this case, which permits multiple questioners in party depositions.  *See* 2:12-md-02311, ECF No. 1021, Section III. D. 7.

6.  The OEMs seek to delete from the proposed Order the statement that "So long as they conform with the topics set forth in this Order, no objections to the deposition notices shall be permitted." (Parties' version of [Proposed] Order, Section II. F.). Your Honor has already heard the OEMs' arguments and nevertheless ordered that these depositions shall take place, according to the topics approved by Your Honor, in order to move this discovery process forward expeditiously, and further objections of this type will only unduly delay this process.

7.  The OEMs seek to add a requirement that "[t]he location of each Deponent SSEs Group's 30(b)(6) deposition is subject to the jurisdictional limits of Rule 45 as applied to the individual members of an SSE Group." (OEM version of [Proposed] Order, Section II. H.).  The Serving Parties have agreed to travel to a location convenient to each OEM group to take the 30(b)(6) deposition, which obviates any concerns about convenience of the witness.

8.  The OEMs seek to add a statement that "[u]nless the specific question was provided to the Deponent SSE Group's counsel two weeks in advance of the deposition, motion practice against any Deponent SSE unable to answer a given question or set of questions will not be well-taken" (OEM version of [Proposed] Order, Section II. M.). The OEMs did not seek this requirement in the mediation or hearing, and it was not ordered by Your Honor.  It is wholly unnecessary, as there is a well-established body of law on Rule 30(b)(6) that makes clear the duties of a witness to be adequately prepared, and counsel for OEMs are well familiar with the requirements of the rule.  The Serving Parties intend to ask questions within the scope of the topics that Your Honor ordered.

9.  The Parties accepted the OEMs' revisions to the deposition topics, but only to the extent that they clarified that the discovery sought relates not only to the named Plaintiff classes, but to all automobile dealers, truck dealers, and end consumers. (Parties' version of [Proposed] Order, Section II. A. 5.). However, the OEMs seek to improperly alter the substance of other deposition topics explicitly ordered by Your Honor (March 24, 2016 Hrg. Tr. at 42:20-23), and as such these proposed changes should not be implemented. (*See* OEM version of [Proposed] Order, Section II. A. 1-4).

In sum, the OEMs have endeavored to revisit all of Your Honor's decisions from the March 24 hearing, and are unduly complicating what is a simple and straightforward order.  We, therefore, respectfully ask that Your Honor promptly enter the orders attached hereto so the process can continue expeditiously.

Kind regards,
Ronnie Spiegel

**Ronnie Spiegel** | Partner
**Hagens Berman Sobol Shapiro LLP**
1918 Eighth Ave Suite 3300 - Seattle, WA 98101
Direct: (206) 268-9343
ronnie@hbsslaw.com | www.hbsslaw.com | HBSS Blog



Named to **2015 Plaintiff's Hot List** by *The National Law Journal*

 

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | |
|---|---|
| **In Re:  AUTOMOTIVE** | : 12-md-02311 |
| **PARTS ANTITRUST** | : Honorable Marianne O. Battani |
| **LITIGATION** | :  Special Master Gene J. Esshaki |
| | |
| | : 2:12-MD-02311-MOB-MKM |
| **In Re: All Auto Parts Cases** | : |
| | : |
| | : |
| | : |
| **THIS DOCUMENT RELATES** | : |
| **TO: ALL AUTO PARTS CASES** | : |
| | : |

**[PROPOSED] SPECIAL MASTER'S ORDER REGARDING THE PARTIES' MOTION**
**TO COMPEL DISCOVERY FROM NON-PARTY OEMS AND**
**ORDERING NON-PARTY OEM RULE 30(b)(6) DEPOSITIONS**

WHEREAS, on January 19, 2016, Plaintiffs and Defendants (collectively, the "Parties")

filed a Joint Motion to Compel Discovery from Non-Party Original Equipment Manufacturers,

seeking to compel responses to certain narrowed requests of uniform subpoenas served on the

non-party original equipment manufacturers ("OEMs") and their affiliates pursuant to the

Court's orders at ECF No. 277, Case No. 2:12-cv-00100 and ECF No. 949, Case No. 2:12-md-

002311, and certain plaintiff parties filed a separate motion to compel regarding Request Nos. 27

and 31 in the Uniform OEM Subpoena (collectively, the "Motions");

WHEREAS, on February 19, 2016, the subpoenaed OEMs and their affiliates subject to

the Motions filed several oppositions to the Motions;

WHEREAS, on March 11, 2016, the Parties filed replies to the Motions;

WHEREAS, on March 24, 2016, after having reviewed the above-referenced

submissions, the undersigned held a mediation with the Parties and the OEMs, and a hearing

regarding the disputes raised in the Motions;

WHEREAS, the undersigned, after conducting several hours of discussions both individually and jointly with the Plaintiffs, Defendants, and OEMs, reached the conclusion that there was insufficient information before him to rule on whether and/or to what extent to order the requested discovery from the OEMs and their affiliates;

WHEREAS, on March 24, 2016, following the mediation, the Special Master held a hearing regarding the disputes raised in the Motions, during which he heard argument from the various OEMs and then issued his rulings on the Motions.  This Order Regarding Serving Parties' Motion to Compel Discovery from Non-Party OEMs and Ordering Rule 30(b)(6) Deposition of Certain Non-Party OEM Families (the "Order") memorializes the Special Master's rulings on these disputes.

**IT IS HEREBY ORDERED AS FOLLOWS:**

**I.    DEFINITIONS**

A.    "**Auto Part Product**" shall mean the specific automotive part to which each Lead Case (as defined in the March 22, 2106 Electronic Case Management Protocol Order, Master File No. 2:12-md-02311, ECF No. 1262) is related in the Auto Parts Cases.

B.    "**Auto Parts Cases**" shall mean all cases that are consolidated or coordinated into *In re Automotive Parts Antitrust Litigation* and including, without limitation, 2:15-cv-12893 and 2:15-cv-003200 (Automotive Hoses); 2:15-cv-13000 (Automotive Brake Hoses); 2:15-cv-14080, 2:16-cv-11256 and 2:15-cv-03300 (Shock Absorbers); 2:16-cv-10456, 2:16-cv-11260 and 16-cv-03400 (Body Sealings) and 2:16-cv-10461, 4:16-cv-11257 and 16-cv-03500 (Plastic Interior Trim Parts); 2:16-cv-11082 and 2:16-cv-11087 (Exhaust Systems).

C.      "**Plaintiffs**" shall mean End Payors (EPPs), Automobile Dealer Plaintiffs (ADPs), Truck and Equipment Dealer Plaintiffs (TEDPs), the State of Florida, and the State of Indiana.

D.      "**Defendants**" shall mean Defendants in the Auto Parts Cases.

E.      "**OEM Deponent Group**" shall mean the "**Chrysler Group"** (FCA US LLC and Fiat Chrysler Finance North America, Inc.); the "**Daimler Group**" (Daimler North America Corp. (MI); Daimler North America Corp. (NJ); Daimler Purchasing Coordination Corp.; Daimler Trucks North America LLC; Daimler Vans Manufacturing, LLC; Daimler Vans USA LLC; Freightliner Custom Chassis Corp.; Mercedes-Benz Advanced Design of North America Inc.; Mercedes-Benz Credit Corp.; Mercedes- Benz Financial Services USA LLC; Mercedes- Benz Research & Development North America, Inc. (CA); Mercedes-Benz Research & Development North America, Inc. (MI); Mercedes-Benz U.S. International, Inc.; Mercedes- Benz USA, LLC; Mitsubishi Fuso Truck of America, Inc.; Thomas Built Buses, Inc.; Western Star Trucks Sales, Inc.); the "**GM Group**"   (General Motors Company; General Motors Financial Company, Inc.; General Motors Holdings LLC; General Motors LLC); the "**Honda Group**" (American Honda Motor Co., Inc.; American Honda Finance Corp.; Honda Manufacturing of Indiana, LLC; Honda North America, Inc.; Honda of America Mfg., Inc.; Honda of South Carolina Mfg., Inc.; Honda Precision Parts of Georgia, LLC; Honda R&D Americas, Inc.; Honda Research Institute USA, Inc.; Honda Transmission Manufacturing of America, Inc.); the "**Hyundai Group**" (Hyundai Motor Manufacturing Alabama, LLC; Hyundai America Technical

3

Center, Inc.; Hyundai Motor America; Hyundai AutoEver America, LLC; Hyundai Capital America); the "**Kia Group**" (Kia Motors Manufacturing Georgia, Inc.; Kia Motors America, Inc.); the "**Nissan Group**" (Nissan North America, Inc.; Nissan Design America, Inc.(part of NNA); Nissan Technical Center North America, Inc. (part of NNA); Nissan Diesel America, Inc. (part of NNA); Nissan Motor Acceptance Corp.); the "**Subaru Group**" (Subaru of America, Inc., Subaru Leasing Corp., Fuji Heavy Industries U.S.A., Inc., Subaru of Indiana Automotive, Inc.); and, the "**Toyota Group**" (Toyota Motor Sales, USA, Inc.; Toyota Motor Engineering & Manufacturing North America, Inc. (the Parties have agreed to hold in abeyance subpoenas to the other listed Toyota entities).

F.    "**Smaller OEM Group**" herein shall mean each OEM group listed on page 6 (of 7) of Exhibit 1227-2 to The Specified Subpoenaed Entities' Joint Opposition to the Parties' Motions to Compel, ECF No. 1227-2 (*i.e.,* (1) BMW; (2) Hino; (3) Jaguar Land Rover; (4) Mitsubishi; (5) Porsche; (6) Subaru; (7) VW; and (8) Volvo).

## II.    DEPOSITIONS ORDERED

A.    The Parties collectively may take one (1) Rule 30(b)(6) deposition lasting up to fourteen (14) hours over two (2) days (or such longer periods as specifically set forth in Section II of this Order) of each OEM Deponent Group respecting the following fields of inquiry (and, where an OEM Deponent Group manufactures or sells vehicles at issue in the TEDP case, as well as the vehicles at issue in the ADP and EPP cases, the Parties may collectively take up to two such Rule 30(b)(6) depositions of up to fourteen (14) hours each):

1.      Transactional purchase data for the Auto Parts Products at issue;

2.      Procurement process and supplier selection and price adjustments for the Auto Parts Products at issue, and documents related thereto;

3.      Vehicle cost data and other cost information;

4.      Vehicle pricing process, including process for setting and adjusting pricing, and documents related thereto;

5.      Transactional sales data for sales of vehicles:

      a.      from OEMs to automobile dealers and truck and equipment dealers;

      b.      from OEMs to distributors;

      c.      from distributors to automobile dealers and truck and equipment dealers;

      d.      from automobile dealers and truck and equipment dealers to end-consumers;

      e.      from OEMs to end-consumers (*e.g.*, fleet buyers); and

      f.      from distributors to end-consumers.

B.      References in 1–5 above to documents and data include information on format, volume, where maintained, time period, current and legacy systems, and costs and burden of production.

C.      The allotted time for each deposition shall be divided equally between Plaintiffs (collectively) and Defendants (collectively). If, at the end of the deposition, one side has not used all of its allotted time, the parties will confer regarding said remaining time.

D.    Each hour of examination time of any corporate representative whose examination is conducted through an interpreter shall count as 7/13's of an hour toward the fourteen (14) hour maximum time for the Rule 30(b)(6) deposition of the particular OEM Deponent Group.

E.    The depositions ordered herein shall commence four weeks after the ECF filing date of this Order if it is not appealed, or the date on which the order is affirmed by the District Court, if it is appealed (the "commencement date"), and shall be completed within 45 days of the commencement date.

F.    The Parties collectively shall serve on each OEM Deponent Group from which the Parties seek Rule 30(b)(6) testimony a deposition notice listing the OEM Deponent Group entities and identifying the fields of inquiry listed in Section II.A.1–5 and B.  For each OEM Deponent Group whose counsel has appeared in these MDL proceedings in connection with the Motion, service of the notices may be effected via e-mail to such counsel.  So long as they conform with the topics set forth in this Order, no objections to the deposition notices shall be permitted.

G.    An OEM Deponent Group must designate one or more appropriate individual(s) to serve as its corporate representative(s) to testify on its behalf in response to a Rule 30(b)(6) notice.

H.    The corporate representative, or representatives collectively, shall be prepared to testify concerning the fields of inquiry for which the Deponent OEM Group has designated him or her a corporate representative on behalf of the entire OEM Group.

I.      Depositions of Smaller OEM Groups, except for Subaru, will be held in abeyance pending completion of the other OEM Group Rule 30(b)(6) depositions ordered herein.

## III.    AVAILABILITY OF APPEAL OF THIS ORDER

This Order shall be subject to appeal to The Honorable Marianne O. Battani, pursuant to the Order Appointing A Master (ECF No. 792).  Any party that wishes to file an objection to this Order must do so within fourteen (14) days of the ECF filing date of this Order.  Responses shall be due ten (10) days after the date on which the objections are filed, and replies shall be due five (5) days after the date on which the responses are filed.  Failure to meet this deadline results in waiver of any objection to the Master's order, absent good cause shown.  Order Appointing A Master, § II.B.

DATED: April __, 2016                    _____
                                          GENE J. ESSHAKI
                                          SPECIAL MASTER

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | |
|---|---|
| **In Re:  AUTOMOTIVE** | : 12-md-02311 |
| **PARTS ANTITRUST** | : Honorable Marianne O. Battani |
| **LITIGATION** | :  Special Master Gene J. Esshaki |
| | : 2:12-MD-02311-MOB-MKM |
| **In Re: All Auto Parts Cases** | : |
| | : |
| | : |
| | : |
| **THIS DOCUMENT RELATES** | : |
| **TO: ALL AUTO PARTS CASES** | : |
| | : |

**[PROPOSED] SPECIAL MASTER'S ORDER REGARDING THE PARTIES' MOTION**
**TO COMPEL DISCOVERY FROM NON-PARTY OEMS AND**
**ORDERING NON-PARTY OEM RULE 30(b)(6) DEPOSITIONS**

WHEREAS, on January 19, 2016, Plaintiffs and Defendants (collectively, the "Parties"[1])

filed a Joint Motion to Compel Discovery from Non-Party Original Equipment Manufacturers,[2]

seeking to compel responses to certain narrowed requests of uniform subpoenas served on the

non-party original equipment manufacturers ("OEMs") and their affiliates[3] pursuant to the

Court's orders at dated March 19, 2015 (ECF No. 277, Case No. 2:12-cv-00100) and April 22,

2015 (ECF No. 949, Case No. 2:12-md-002311), and certain plaintiff parties filed a separate

---

[1] The Parties consist of End Payor Plaintiffs (EPPs), Automobile Dealer Plaintiffs (ADPs), Truck
and Equipment Dealer Plaintiffs (TEDPs), the State of Florida, the State of Indiana (collectively,
the "Plaintiffs"), and Defendants in the Automotive Parts Antitrust Litigation, No. 2:12-md-
02311-MOB-MKM (E.D. Mich.) (see ECF. No. 1185 Attachment A).

[2] The Parties' Motion to Compel Discovery from Non-Party Original Equipment Manufacturers
(see, e.g., ECF No. 1185).

[3] The full list of OEMs and sub-categories of entities is set forth in ECF No. 1227-2.

motion to compel regarding Request Nos. 27 and 31 in the Uniform OEM Subpoena[4]

(collectively, the "Motions");[5]

WHEREAS, on February 19, 2016, the subpoenaed OEMs and their affiliates subject to

the Motions[6] filed several oppositions to the Motions[7];

WHEREAS, on March 11, 2016, the Parties filed replies to the Motions[8];

---

[4] ~~Certain Serving Parties' Motion to Compel Discovery from Non-Party Original Equipment Manufacturers (ECF Nos. 1187 and 1188)~~ The motions to compel are docketed at ECF Nos. ~~1185, 1187 and 1188.~~

[5] The motions to compel are docketed at ECF Nos. 1185, 1187 and 1188.

[6] ~~*See* Exhibit 1227-2 to The Specified Subpoenaed Entities' Joint Opposition to the parties' Motions to Compel (*see, e.g.*, ECF No. 1227-2) (listing coordinating "Specific Subpoenaed Entities," or "SSEs" subject to the Motion).~~

[7] The OEMs' oppositions to the motions to compel are docketed at ECF Nos. 1223, 1224, 1226, 1227, and 1230. ~~The Specified Subpoenaed Entities' Joint Opposition to the parties' Motions to Compel (*see, e.g.*, ECF No. 1227); Memorandum of Smaller Subpoenaed Entities in Opposition to the Parties' Motion to Compel Discovery from Non-Party Original Equipment Manufacturers and Certain Serving Parties' Motion to Compel Discovery from Non-Party Original Equipment Manufacturers (*see, e.g.*, ECF No. 1223); Non-OEM Domestic Distributors' Opposition to the Parties' Motions to Compel Discovery From Non-Party Original Equipment Manufacturers (*see, e.g.*, ECF No. 1224); Opposition to the Parties' Motions to Compel by Specifically Subpoenaed Entities Whom the Parties Describe as "Non-Core" (*see, e.g.*, ECF No. 1230); Opposition to Motion to Compel by Non-Party Truck and Equipment Specified Subpoenaed Entities (*see, e.g.*, ECF No. 1226); *see also*~~ Defendants filed an opposition to the motion to compel filed by certain plaintiff parties regarding Request Nos. 27 and 31. *See* ~~Defendants' Opposition to Certain Serving Parties' Motion to Compel Discovery from Non-Party Original Equipment Manufacturers (*see, e.g.*,~~ ECF No. 1216~~)~~.

[8] ~~End-Payor Plaintiffs' Reply in Support of the Parties' Motion to Compel Discovery from Non-Party Original Equipment Manufacturers (*see, e.g.*, ECF No. 1250); Defendants' Reply in Support of the Parties' Motion to Compel Discovery from Non-Party Original Equipment Manufacturers (*see, e.g.*, ECF No. 1246); Certain Serving Parties' Reply in Support of Motion to Compel Discovery From Non-Party Original Equipment Manufacturers (*see, e.g.*,~~ See ECF Nos~~.~~ 1246, 1250, and 1254~~)~~.

WHEREAS, on March 24, 2016, after having reviewed the above-referenced submissions, the undersigned held a mediation with the Parties and the OEMs, and a hearing regarding the disputes raised in the Motions;

WHEREAS, the undersigned, after conducting several hours of discussions both individually and jointly with the Plaintiffs, Defendants, and OEMs, reached the conclusion that there was insufficient information before him to rule on whether and/or to what extent to order the requested discovery from the OEMs and their affiliates;

WHEREAS, on March 24, 2016, following the mediation, the Special Master held a hearing regarding the disputes raised in the Motions, during which he heard argument from the various OEMs and then issued his rulings on the Motions.  This Order Regarding Serving Parties' Motion to Compel Discovery from Non-Party OEMs and Ordering Rule 30(b)(6) Deposition of Certain Non-Party OEM Families (the "Order") memorializes the Special Master's rulings on these disputes.

**IT IS HEREBY ORDERED AS FOLLOWS:**

**I.    DEFINITIONS**

A.    "**Auto Part Product**" shall mean the specific automotive part to which each Lead Case (as defined in the March 22, 2106 Electronic Case Management Protocol Order, Master File No. 2:12-md-02311, ECF No. 1262) is related in the Auto Parts Cases.

B.    "**Auto Parts Cases**" shall mean all cases that are consolidated or coordinated into *In re Automotive Parts Antitrust Litigation* and including, without limitation, 2:15-cv-12893 and 2:15-cv-003200 (Automotive Hoses); 2:15-cv-13000 (Automotive Brake Hoses); 2:15-cv-14080, 2:16-cv-11256 and 2:15-cv-03300 (Shock Absorbers); 2:16-cv-10456, 2:16-cv-11260 and 16-cv-03400 (Body

Sealings) and 2:16-cv-10461, 4:16-cv-11257 and 16-cv-03500 (Plastic Interior

Trim Parts); 2:16-cv-11082 and 2:16-cv-11087 (Exhaust Systems).

C.      "**Plaintiffs**" shall mean End Payors (EPPs), Automobile Dealer Plaintiffs (ADPs),

Truck and Equipment Dealer Plaintiffs (TEDPs), the State of Florida, and the

State of Indiana.

D.      "**Defendants**" shall mean Defendants in the Auto Parts Cases.

E.      "**OEM Deponent Group**" shall mean each group of subpoenaed OEM entities

and affiliates listed on pages 2-3 (of 7) of Exhibit 1227-2 to The Specified

Subpoenaed Entities' Joint Opposition to the parties' Motions to Compel (*see,*

*e.g.,* ECF No. 1227-2) (*i.e.* (1) **BMW** (the "BMW Group" entities:  BMW of

North America, LLC; BMW Manufacturing Co., LLC; BMW Financial Services

NA, LLC; BMW (US) Holding Corp.; BMW Bank of North America; BMW

Insurance Agency, Inc.; BMW US Capital, LLC; Designworks/USA, Inc.); (2) the

"**Chrysler Group**" (the "Chrysler Group" entities:  (FCA US LLC and Fiat

Chrysler Finance North America, Inc.); (3) **Daimler/Mercedes-Benz** (the

"**Daimler Group**" entities:  (Daimler North America Corp. (MI); Daimler North

America Corp. (NJ); Daimler Purchasing Coordination Corp.; Daimler Trucks

North America LLC; Daimler Vans Manufacturing, LLC; Daimler Vans USA

LLC; Freightliner Custom Chassis Corp.; Mercedes-Benz Advanced Design of

North America Inc.; Mercedes-Benz Credit Corp.; Mercedes- Benz Financial

Services USA LLC; Mercedes- Benz Research & Development North America,

Inc. (CA); Mercedes-Benz Research & Development North America, Inc. (MI);

Mercedes-Benz U.S. International, Inc.; Mercedes- Benz USA, LLC; Mitsubishi

Fuso Truck of America, Inc.; Thomas Built Buses, Inc.; Western Star Trucks Sales, Inc.); ~~(4) GM (t~~the "**GM Group**" ~~entities:~~ (General Motors Company; General Motors Financial Company, Inc.; General Motors Holdings LLC; General Motors LLC); ~~(5) Hino (the Hino entity:  Hino Manufacturing U.S.A., Inc.); (6) Honda~~ (the "**Honda Group**" ~~entities:~~ (American Honda Motor Co., Inc.; American Honda Finance Corp.; Honda Manufacturing of Indiana, LLC; Honda North America, Inc.; Honda of America Mfg., Inc.; Honda of South Carolina Mfg., Inc.; Honda Precision Parts of Georgia, LLC; Honda R&D Americas, Inc.; Honda Research Institute USA, Inc.; Honda Transmission Manufacturing of America, Inc.); ~~(7) Hyundai (~~the "**Hyundai Group**" ~~entities:~~ (Hyundai Motor Manufacturing Alabama, LLC; Hyundai America Technical Center, Inc.; Hyundai Motor America; Hyundai AutoEver America, LLC; Hyundai Capital America); ~~(8) Jaguar Land Rover (the Jaguar Land Rover entity:  Jaguar Land Rover North America, LLC); (9) Kia (~~the "**Kia Group**" ~~entities:~~ (Kia Motors Manufacturing Georgia, Inc.~~;~~; Kia Motors America, Inc.); ~~(10) Mitsubishi (the "Mitsubishi Group" entities: Mitsubishi Motors North America, Inc.; Mitsubishi Motors Credit of America, Inc.; Mitsubishi Motors R&D of America, Inc.); (11) Nissan (~~the "**Nissan Group**" ~~entities:~~ (Nissan North America, Inc.; Nissan Design America, Inc.(part of NNA); Nissan Technical Center North America, Inc. (part of NNA); Nissan Diesel America, Inc. (part of NNA); Nissan Motor Acceptance Corp.); ~~(12) Porsche (the Porsche entity: Porsche Cars North America, Inc.); (13) Subaru (~~the "**Subaru Group**" ~~entities:~~ (Subaru of America, Inc., Subaru Leasing Corp., Fuji Heavy Industries U.S.A.,

Inc., Subaru of Indiana Automotive, Inc.); and, (14) ~~Toyota~~ (the "**Toyota Group**" ~~entities: (~~Toyota Motor Sales, USA, Inc.; Toyota Motor Engineering & Manufacturing North America, Inc. (the Parties have agreed to hold in abeyance subpoenas to the other listed Toyota entities).~~;~~ ~~(15) VW (the "VW Group"~~ ~~entities: Volkswagen Group of America, Inc. d/b/a Volkswagen of America;~~ ~~Volkswagen Group of America, Inc. d/b/a Audi of America; Volkswagen Group~~ ~~of America Chattanooga Operations, LLC; and Volkswagen Credit, Inc.); (16)~~ ~~Volvo (the Volvo entity: Volvo Cars of North America).~~

F.    "**Smaller OEM Group**" herein shall mean each OEM group listed on page 6 (of 7) of Exhibit 1227-2 to The Specified Subpoenaed Entities' Joint Opposition to the Pparties' Motions to Compel~~, (see, e.g.,~~ ECF No. 1227-2) (*i.e.*, (1) BMW; (2) Hino; (3) Jaguar Land Rover; (4) Mitsubishi; (5) Porsche; (6) Subaru; (7) VW; and (8) Volvo).

## II.    DEPOSITIONS ORDERED

A.    The Parties collectively may take one (1) Rule 30(b)(6) deposition lasting up to fourteen (14) hours over two (2) days (or such longer periods as specifically set forth in Section II of this Order) of each OEM Deponent Group respecting the following fields of inquiry (and, where an OEM Deponent Group manufactures or sells vehicles at issue in the TEDP case, as well as the vehicles at issue in the ADP and EPP cases, the Parties may collectively take up to two such Rule 30(b)(6) depositions of up to fourteen (14) hours each):

1.    Transactional purchase data for the Auto Parts Products at issue;

2.    Procurement process and supplier selection and price adjustments for the Auto Parts Products at issue, and documents related thereto;

3.      Vehicle cost data and other cost information;

4.      Vehicle pricing process, including process for setting and adjusting

pricing, and documents related thereto;

5.      Transactional sales data for sales of vehicles:

a.      from OEMs to automobile dealers and truck and equipment

dealersADPs and TEDPs;

b.      from OEMs to distributors;

c.      from distributors to automobile dealers and truck and equipment

dealersADPs and TEDPs;

d.      from automobile dealers and truck and equipment dealers to ADPs

and TEDPs to EPPs end-consumers;

e.      from OEMs to end-consumersEPPs (*e.g.*, fleet buyers); and

f.      from distributors to end-consumersEPPs.

B.      References in 1–5 above to documents and data include information on format,

volume, where maintained, time period, current and legacy systems, and costs and

burden of production.

B.C.   The allotted time for each deposition shall be divided equally between Plaintiffs

(collectively) and Defendants (collectively).  If, at the end of the deposition, one

side has not used all of its allotted time, the parties will confer regarding said

remaining time. .

C.D.   Each hour of examination time of any corporate representative whose

examination is conducted through an interpreter shall count as 7/13's of an hour

toward the fourteen (14) hour maximum time for the Rule 30(b)(6) deposition of the particular OEM Deponent Group.

D.E.　The depositions ordered herein shall commence four weeks after the ECF filing date of this Order if it is not appealed, or the date on which the order is affirmed by the District Court, if it is appealed (the "commencement date"), and shall be completed within 45 days following the end of this four week period the commencement date.

E.F.　The Parties collectively shall serve on each OEM Deponent Group from which the Parties seek Rule 30(b)(6) testimony a deposition notice listing the OEM Deponent Group entities and identifying the fields of inquiry listed in Section II.A.1–5 and B.  For each OEM Deponent Group whose counsel has appeared in these MDL proceedings in connection with the Motion, service of the notices may be effected via e-mail to such counsel.  So long as they conform with the topics set forth in this Order, no objections to the deposition notices shall be permitted.

F.G.　An OEM Deponent Group must designate one or more appropriate individual(s) to serve as its corporate representative(s) to testify on its behalf in response to a Rule 30(b)(6) notice.

G.H.　The corporate representative, or representatives collectively, shall be prepared to testify concerning the fields of inquiry for which the Deponent OEM Group has designated him or her a corporate representative on behalf of the entire OEM Group.

II.I.    Depositions of Smaller OEM Groups, except for Subaru, will be held in abeyance

pending completion of the other OEM Group Rule 30(b)(6) depositions ordered

herein.

**III.    AVAILABILITY OF APPEAL OF THIS ORDER**

This Order shall be subject to appeal to The Honorable Marianne O. Battani, pursuant to

the Order Appointing A the Special Master (ECF No. 792).[9]  Any party that wishes to file an

objection to this Order must do so within fourteen (14) days of the ECF filing date of this Order.

Responses shall be due ten (10) days after the date on which the objections are filed, and replies

shall be due five (5) days after the date on which the responses are filed.  Failure to meet this

deadline results in waiver of any objection to the Master's order, absent good cause shown.

Order Appointing A Master, at § II.B.


DATED: April __, 2016

                                        _____
                                        GENE J. ESSHAKI
                                        SPECIAL MASTER

---

[9] *See* Order Appointing Master (ECF No. 792).