# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | | |
|---|---|---|
| In Re: AUTOMOTIVE PARTS ANTITRUST LITIGATION | : : : : | Master File No. 12-md-02311 |
| In Re: All Auto Parts Cases | : : : | Hon. Marianne O. Battani Special Master Gene J. Esshaki |
| THIS DOCUMENT RELATES TO: ALL AUTO PARTS CASES | : : : : | 2:12-MD-02311-MOB-MKM |

**REPLY OF HINO MOTORS MANUFACTURING U.S.A., INC.
TO THE PARTIES' RESPONSE TO OBJECTIONS TO THE SPECIAL
MASTER'S APRIL 20, 2016 ORDER REGARDING 30(b)(6) DEPOSITIONS**

## Introduction

The Special Master, in his April 20, 2016 Order Regarding the Parties' Motion to Compel Discovery from Non-Party OEMs (ECF No. 1294), included Hino Motors Manufacturing U.S.A., Inc. ("Hino") in the "Smaller OEM Group." Accordingly, any deposition of Hino was ordered to be held in abeyance pending completion of the other OEM depositions. *See* April 20, 2016 Order at I(F), II(I).

The Parties, in their response to objections to the Special Master's Order filed by certain OEMs (not including Hino), ask this Court to reverse the Special Master and remove Hino from the Smaller OEM Group. That request by the

Parties is both procedurally and substantively defective, and should be rejected by this Court.

## Argument

### I. By Failing to Object to the Special Master's Order, the Parties Waived Their Right to Seek Relief Now.

Under Fed. R. Civ. P. 53(f)(2), the Parties had 21 days within which to object to the Special Master's Order. They did not do so.

Certain OEMs did object to the Order, but Hino did not join in those objections and none of the objections has anything to do with Hino. Only in responding to those unrelated objections did the Parties request for the first time that Hino be excluded from the Smaller OEM Group. That request is unauthorized by any rule, is inappropriate, and comes too late.

Asserting incorrectly that they have not waived their right to make their request now, the Parties cite only a case which does not support their assertion, *EEOC v. Yenkin-Majestic Paint Corp.*, 112 F.3d 831, 835 (6th Cir. 1997). In that case, unlike the Parties here, the defendant did object to the magistrate judge's recommendations. While the defendant's objections were general, the Sixth Circuit merely exercised its discretion to consider a specific objection raised for the first time on appeal.

That exercise of discretion has no bearing on the instant case, where the Parties could have objected to the Special Master's Order, but knowingly elected

not to do so. In making that election, the Parties waived their right to seek to modify the Order for the first time now.

## II. The Special Master Correctly Decided That Hino Should Be Treated as Part of the Smaller OEM Group. His Decision Should Not Be Disturbed by this Court.

In July 2015, the Parties served on Hino an extraordinarily broad subpoena, seeking detailed information for the time period from 1992 through the date of the subpoena. Hino objected to the subpoena on September 23, 2015. (A copy of Hino's objection is attached as Exhibit A, and a copy of the subpoena itself is attached thereto as Exhibit 1.)

Although the subpoena purports to cover a 23-year time period, it contains no market definition of any kind. Nor does the subpoena provide Hino with any information about the capacity in which it was being subpoenaed.

In joining the Specified Subpoenaed Entities' Joint Opposition to the Parties' Motions to Compel on February 19, 2016, Hino provided the Court and the Parties with an Affidavit of Davey Jung, a Senior Vice President of Hino. A copy of that affidavit (ECF No. 1227, Ex. 33) is attached hereto as Exhibit B. The Parties have never mentioned it or commented on it.

As Mr. Jung stated in his affidavit, Hino has been an OEM in the United States vehicle market only since 2003. From 2003 through 2015, Hino assembled a total of 67,908 medium-duty trucks (Classes 4-7).

In joining the Memorandum of Smaller Subpoenaed Entities in Opposition to the Parties' Motion to Compel Discovery (ECF No. 1223), Hino correctly stated that its share of the overall U.S. vehicle market from 2003 through 2015 would be less than 0.05%.  Although that statement was accurate, the Parties now assert that it was misleading, because Hino had a larger share of the medium-duty truck market.  That point seems rather obvious, but this is the first time that the Parties have advised Hino of what they consider the relevant market to be.

The Parties attach an article from truckinginfo.com stating that, in 2013, Hino's share of the Class 6 and 7 medium-duty truck market was 11%.  There are several points to make about that article.  First, it pertains only to a single year, not to the entire 23-year period covered by the subpoena, or the 12-year period in which Hino has been an OEM in the U.S. market, and therefore overstates Hino's market share during the relevant time period.  Second, the article pertains only to two classes of medium-duty trucks, and for that reason as well overstates Hino's market share.  Finally, and perhaps most important, the article appears not to be talking about Hino Motors Manufacturing U.S.A., Inc. (the entity referred to here as "Hino" and the only Hino entity to be subpoenaed), but rather to a separate entity called Hino Motors Sales U.S.A. Inc., which has not been subpoenaed and whose market share is materially different.

In reality, Hino's share of the overall U.S. vehicle market is infinitesimal, and its share of the medium-duty truck market during the relevant time period is statistically insignificant. The Special Master was quite correct to include Hino in the Smaller OEM Group. This Court should not reverse his decision in that regard.

        Respectfully submitted,

        /s/ S. Thomas Wienner (P29233)
        Wienner & Gould, P.C.
        Attorneys for Hino Motors Manufacturing U.S.A., Inc.
        950 W. University Dr., Ste. 350
        Rochester, MI  48307
        (248) 841-9400; Fax 652-2729
        Primary E-Mail:  twienner@wiennergould.com

Dated:  May 23, 2016

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| _____ | : | |
| In Re:  AUTOMOTIVE PARTS ANTITRUST LITIGATION | : : | Master File No. 12-md-02311 |
| _____ | : : | Hon. Marianne O. Battani |
| In Re:  All Auto Parts Cases | : | Special Master Gene J. Esshaki |
| _____ | : : | |
| THIS DOCUMENT RELATES TO: | : : | 2:12-MD-02311-MOB-MKM |
| ALL AUTO PARTS CASES | : | |
| _____ | | |

**CERTIFICATE OF SERVICE**

I hereby certify that on today's date, I caused the electronic filing of the **Reply of Hino Motors Manufacturing U.S.A., Inc. to the Parties' Response to Objections to the Special Master's April 20, 2016 Order Regarding 30(b)(6) Depositions** with the Clerk of the Court using the electronic case filing system which will send notification of such filing to all filing users indicated on the electronic notice list through the Court's electronic filing system.

>/s/ S. Thomas Wienner (P29233)
>Wienner & Gould, P.C.
>Attorneys for Hino Motors Manufacturing U.S.A., Inc.
>950 W. University Dr., Ste. 350
>Rochester, MI  48307
>(248) 841-9400; Fax 652-2729
>Primary E-Mail:  twienner@wiennergould.com

Dated:  May 23, 2016