# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| IN RE: AUTOMOTIVE PARTS ANTITRUST LITIGATION | Master File No. 12-md-02311<br>Honorable Marianne O. Battani |
| IN RE: WIRE HARNESS | Case No. 2:12-cv-00103-MOB-MKM |
| IN RE: INSTRUMENT PANEL CLUSTERS | Case No. 2:12-cv-00203-MOB-MKM |
| IN RE: FUEL SENDERS | Case No. 2:12-cv-00303-MOB-MKM |
| IN RE: HEATER CONTROL PANELS | Case No. 2:12-cv-00403-MOB-MKM |
| IN RE: OCCUPANT SAFETY RESTRAINT SYSTEMS | Case No. 2:12-cv-00603-MOB-MKM |
| IN RE: ALTERNATORS | Case No. 2:13-cv-00703-MOB-MKM |
| IN RE: RADIATORS | Case No. 2:13-cv-01003-MOB-MKM |
| IN RE: STARTERS | Case No. 2:13-cv-01103-MOB-MKM |
| IN RE: SWITCHES | Case No. 2:13-cv-01303-MOB-MKM |
| IN RE: IGNITION COILS | Case No. 2:13-cv-01403-MOB-MKM |
| IN RE: MOTOR GENERATORS | Case No. 2:13-cv-01503-MOB-MKM |
| IN RE: STEERING ANGLE SENSORS | Case No. 2:13-cv-01603-MOB-MKM |
| IN RE: HID BALLASTS | Case No. 2:13-cv-01703-MOB-MKM |
| IN RE: INVERTERS | Case No. 2:13-cv-01803-MOB-MKM |
| IN RE: AIR FLOW METERS | Case No. 2:13-cv-02003-MOB-MKM |
| IN RE: FUEL INJECTION SYSTEMS | Case No. 2:13-cv-02203-MOB-MKM |
| IN RE: AUTOMATIC TRANSMISSION FLUID WARMERS | Case No. 2:13-cv-02403-MOB-MKM |
| IN RE: VALVE TIMING CONTROL DEVICES | Case No. 2:13-cv-02503-MOB-MKM |
| IN RE: ELECTRONIC THROTTLE BODIES | Case No. 2:13-cv-02603-MOB-MKM |
| THIS DOCUMENT RELATES TO:<br>ALL END-PAYOR ACTIONS | |

**END-PAYOR PLAINTIFFS' RESPONSE TO THE NOTICE OF SUPPLEMENTAL FILING FILED BY GEORGE W. COCHRAN**

-

End-Payor Plaintiffs ("EPPs") in this multidistrict litigation captioned *In re Automotive Parts Antitrust Litigation*, Master File No. 12-md-02311 (E.D. Mich.) ("*Automotive Parts Litigation*"), by their undersigned counsel, hereby respond to the Notice of Supplemental Filing (Dkt. No. 1349) ("the Notice") filed by George W. Cochran ("Cochran") on behalf of Olen York, Amy York, and Nancy York (the "York Objectors"). Cochran argues that despite not being admitted to appear in this Court in accordance with Local Rule 83.20—and despite the Court's decision to prevent him from further participating in oral argument once this fact was confirmed—his unauthorized comments during the May 11, 2016 fairness hearing in which the Court granted final approval of settlements reached between EPPs and certain Defendants ("Fairness Hearing") should not be stricken. Although the Court correctly ruled that Cochran was not admitted to the Court and was therefore barred from presenting oral argument, it nonetheless considered his arguments on the merits and rejected them in full. While the Court denied EPPs' counsel's oral motion to strike Cochran's comments from the record, thus rendering Cochran's Notice superfluous, none of Cochran's *post hoc* arguments in support of his unauthorized comments have any merit.

## BACKGROUND

At the outset of this litigation, the Court established clear rules governing which counsel may appear and participate in oral argument before the Court. The Court explained that because the Eastern District of Michigan does not allow attorneys to be admitted *pro hac vice,* attorneys seeking to argue a motion before the Court must apply for and obtain admission to practice in the Eastern District of Michigan under Local Rule 83.20. *See* Ex. A, Excerpt of Tr. of March 16, 2012 Initial Status Conference at 15 ("We do not have pro hoc vice in this district ***so you have to, as you most likely know already, become members and then you will be welcome to come here***

- 1 -

*and argue any case*.") (emphasis added). The Court emphasized that while lawyers need not be admitted under the Local Rules to simply register to receive or make e-filings in the case, they would "need to be admitted if [they] are going to argue a motion." *Id.* The Court has enforced this rule consistently throughout the four-year-course of this litigation.

On April 11, 2016, the York Objectors purportedly mailed to the Notice Administrator their joint objections to settlements reached between EPPs and certain Defendants. The objections, which were filed *pro se*, were entered on the docket on April 25, 2016. (2:12-cv-00103-MOB-MKM, Dkt. No. 454). On May 6, 2016—just five days before the Fairness Hearing—Cochran filed via CM/ECF a Notice of Appearance on behalf of the York Objectors. (12-md-02311-MOB-MKM, Dkt. No. 1334). According to his signature block, Cochran is an attorney licensed to practice in the State of Ohio. *Id.* The docket entry associated with his Notice of Appearance clearly states that Cochran was "**MDL NOT ADMITTED**." *Id.* (emphasis added). On May 9, 2016, Cochran filed via CM/ECF an additional Notice of Filing relating to the York Objectors' objections. (12-md-02311-MOB-MKM, Dkt. No. 1339). The docket entry associated with the Notice of Filing again clearly stated that Cochran was "**MDL NOT ADMITTED**." *Id.* (emphasis added). The record of the Court demonstrate that Cochran has not complied with the admission procedures set forth under Local Rule 83.20.

On May 11, 2016, the Court held a Fairness Hearing on settlements reached between EPPs and certain Defendants. Despite not being admitted to practice in the Eastern District of Michigan—and despite having received multiple ECF notifications notifying him as such—Cochran appeared and presented oral argument to the Court in support of the York Objectors' objections. *See* Ex. B., Excerpts of Tr. of May 11, 2016 Fairness Hearing at 52. EPPs promptly objected to Cochran's remarks, citing the fact that he had not been admitted under the Local

Rules. *Id.* Cochran responded by claiming that the Local Rules governing attorney admission did not apply to him because they were allegedly preempted by the Rules of the Judicial Panel in the Multidistrict Litigation ("JPML"). *Id.* at 52-53. The Court permitted Cochran to continue speaking, *id.* at 53, but later was informed by the Clerk's office that Cochran was not admitted to the Eastern District of Michigan and ruled that he did not have the right to appear and make arguments in Court. *Id.* at 67-69. EPPs then moved to strike Cochran's statements from the record. *Id.* at 69. The Court denied EPPs' oral motion to strike. *Id.* The Court ultimately rejected the York Objectors' objections and granted final approval of the settlements. *Id.* at 73-76.

Following the Fairness Hearing, on May 13, 2016, Cochran filed via CM/ECF a "Notice of Supplemental Filing" arguing that the Court should deny EPPs' motion to strike his comments during the Fairness Hearing. (Dkt. No. 1349). The Notice argues that Cochran was authorized to argue before the Court because (1) he followed the Court's instructions for registering for CM/ECF; (2) he was automatically admitted to practice before the Court under JPML Rule 2.1(c); and (3) he was allegedly fulfilling his obligation as an officer of the court to correct inaccurate statements made by EPPs. None of these arguments have any merit. Although the Court has denied EPPs' motion to strike, the Court should nonetheless reject Cochran's *post hoc* attempt to justify his unauthorized remarks. The Court correctly ruled that the Local Rules precluded Cochran from participating in the Fairness Hearing.

## ARGUMENT

I. **Registering for CM/ECF Did Not Authorize Cochran to Participate in Oral Argument.**

Cochran first argues that he was authorized to present oral arguments at the fairness hearing because he registered for CM/ECF and filed a notice of appearance on the docket. (Notice at 1.) This is plainly insufficient to authorize Cochran's remarks. The Court has

instructed that an attorney must be admitted to practice under the Local Rules before he or she may participate in oral argument. As set forth in Local Rule 83.20, admission to the Eastern District of Michigan requires an attorney to, *inter alia*, complete an application, submit a certificate of good standing, and take the oath of office.

Registering for CM/ECF is neither equivalent to, nor a substitute for, complying with Local Rule 83.20. Rather, CM/ECF is merely a mechanism that "helps ensure that a case is efficiently administered." *In re Mailhot*, No. 11-10472, 2016 Bankr. LEXIS 1849, *4 (Bankr. D. Me. Apr. 27, 2016). For this reason, this Court has permitted attorneys who are not admitted under the Local Rules to use the CM/ECF system, but has distinguished filings by unadmitted attorneys by inserting the disclaimer, "MDL NOT ADMITTED," in capital letters in each docket entry. The Court followed the same procedure here with respect to Cochran. The Court allowed Cochran to notice his appearance and file documents via CM/ECF, but included in each of his docket entries an "MDL NOT ADMITTED" disclaimer. Nothing about this practice suggested, let alone had the effect of exempting Cochran from the Court's requirement that attorneys presenting oral argument be admitted to practice under the Local Rules. Cochran's claims to the contrary are baseless.

**II.    JPML Rule 2.1(c) Similarly Did Not Authorize Cochran To Present Oral Argument.**

Cochran next argues that he was authorized to present oral argument at the Fairness Hearing because the admission requirements set forth in Local Rule 83.20 are preempted by JPML Rule 2.1(c). JPML Rule 2.1(c) permits an attorney who represents a party in an action transferred under 28 U.S.C. § 1407 to continue to represent that party in the transferee court. JPML Rule 2.1(c) did not authorize Cochran's remarks for two separate reasons.

*First,* contrary to Cochran's assertions, JPML Rule 2.1(c) does not preempt Local Rule 83.20's admission requirements. Rather, the Comment to Local Rule 83.20 states that the JPML

rules only preempt one provision of Local Rule 83.20.[1] That provision, Local Rule 83.20*(c)(1)*, governs who is *eligible* to be admitted to the Court; it does not govern the procedures eligible attorneys must go through to be admitted, including taking the required oath. Those procedures are set forth in a separate provision, Local Rule 83.20*(d)*. Accordingly, to the extent that JPML Rule 2.1(c) preempts Local Rule 83.20(c)(1), it did not authorize Cochran to present oral argument to the Court because Cochran would still have had to complete the application procedures set forth under Local Rule 83.20(d),[2] which are not preempted. Cochran admittedly never did so.

*Second*, even if JPML Rule 2.1(c) preempted Local Rule 83.20 in its entirety and automatically conferred admission on qualifying attorneys—which it does not—JPML Rule 2.1(c) would still not have authorized *Cochran's* remarks because Cochran plainly does not qualify for admission under JPML Rule 2.1(c). JPML Rule 2.1.(c) provides that "[a]ny attorney of record in *any action transferred under [28 U.S.C. § 1407]* may continue to represent his or her client in any district court of the United States to which such action is transferred." (emphasis added). The York Objectors were not parties to an action that was transferred to this Court under

---

[1] The Comment to L.R. 83.20 states, in relevant part: "The provision of LR 83.20(c)(1) is subordinate to any provision of federal law or rules to the contrary, e.g., Rule 6 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation promulgated pursuant to 28 U.S.C. § 1407(f)."

[2] Consistent with this, attorneys seeking to be admitted to transferee courts under JPML Rule 2.1(c) often request to be admitted by express motion, not as a matter of automatic course. *See, e.g., In re Checking Account Overdraft Litig.*, MDL No. 2036, 2010 U.S. Dist. LEXIS 145981, *45-46 (S.D. Fla. Nov. 10, 2010) (granting motion pursuant to JPML Rule 2.1(c) to allow attorneys not admitted in the transferee court to participate in the action on behalf of a client they represented in the transferor court).

28 U.S.C. § 1407, nor did Cochran represent them in any such action.[3] Nor, for that matter, were *any* of the cases in this litigation transferred from courts in Ohio or Kentucky, where Cochran is purportedly licensed. JPML Rule 2.1(c) is therefore inapplicable.

Moreover, the purpose of JPML Rule 2.1(c)—to prevent parties in Multidistrict Litigation from having to obtain local counsel when their case is transferred to a new court—has no application in this context. The York Objectors are not parties who obtained counsel in one district only to have their case transferred elsewhere. Quite the opposite: the York Objectors elected to file *pro se* objections in this Court and thereafter retained an *attorney* to represent them in this very same district. If the York Objectors wished to present oral argument during the fairness hearing, they had every opportunity to retain an attorney admitted to this Court or one who would comply with the Local Rules. That Cochran failed to do so does not justify applying Rule 2.1(c) in a wholly inapplicable context.

**III.    The Alleged Value of Cochran's Statements Does Not Remedy His Lack of Admission.**

Lastly, Cochran argues that his comments during the Fairness Hearing were proper because he was fulfilling his "important obligation as an officer of the court" to correct allegedly inaccurate statements made by EPPs that would have prejudiced the class. (Notice at 3-5.) Cochran has raised similar arguments—unsuccessfully—about the alleged value of his settlement objections while applying for attorneys' fees awards in other class actions.[4] The motivation for Cochran to raise such an argument here is therefore not hard to discern.

---

[3] Indeed, the vast majority of the actions subject to the Auto Parts Litigation were filed directly in the Eastern District of Michigan.  Accordingly, JPML Rule 2.1 (c) has no application here.

[4] *See* Ex. C., Second Amended Order Granting Final Approval at 23, *In re TFT-LCD (Flat Panel) Antitrust Litigation*, MDL No. 1827 (N.D. Cal. April 3, 2013) (denying Cochran's motion for attorneys' fees in relation to his representation of objector Geri Maxwell); Ex. D., Report and Recommendation of Special Master Re Objectors' Motions at 2, 4-5, *In re TFT-LCD (Flat*

Putting aside the fundamental flaw in this argument—the Court summarily rejected Cochran's claims about the inaccuracy of EPPs' statements[5]—an attorney cannot retroactively justify the unauthorized practice of law by claiming that his or her unauthorized contributions were somehow valuable. Cochran provides no authority for such a radical proposition. Indeed, if such a policy existed, attorneys would routinely practice in courts where they were not admitted in hopes of later convincing the court that they were merely fulfilling their obligation as an officer of the court. This argument is simply a non sequitur.

Contrary to Cochran's arguments, EPP's counsel did not misstate anything about the settlements or class notice. EPP's counsel did not say that class membership is based solely on purchasing an eligible automobile. Rather, class membership is based on purchasing or leasing a new motor vehicle that contains one (or more) of the parts specifically listed in the settlement agreement and class notice or purchasing a qualified replacement part indirectly from a defendant.

The class notice did not say that class members must prove their vehicles contain a qualified part in order to object. Rather, the class notice notified all purchasers or lessees of new motor vehicles or indirect purchasers of qualified replacement parts that they may be members of the classes and that if they had any objections to the settlements, they could object to the settlements or request exclusion from the settlement classes. If a class member wished to object to a particular settlement, the class member was required to specify the part and relevant settling defendant to which the objection applied.

---

*Panel) Antitrust Litigation*, MDL No. 1827 (N.D. Cal. Dec. 5, 2012) (recommending that the Cochran's clients' claim for a fee award be denied).

[5] To the contrary, as set forth above, the Court allowed Cochran to speak and ultimately rejected Cochran's arguments and his clients' objections after considering them in full.

EPP's class counsel described the outline of the plan of allocation that class counsel will propose in the future. which will be the subject of a further notice to the classes.  It is expected EPP's will have further information about the vehicles that contain the parts in question and that additional information regarding those vehicles will be provided at that time. The fundamental flaw in Cochran's argument is that class members must now be informed which vehicles contain which parts in order to be able to opt out or object.  That argument is baseless and was squarely rejected by the Court.

## **CONCLUSION**

For the foregoing reasons, the Court should reject Cochran's attempt to justify his unauthorized comments at the Fairness Hearing and adhere to its rulings.

Date: May 25, 2016                                   Respectfully submitted,

*/s/ Hollis Salzman*
Hollis Salzman
Bernard Persky
William V. Reiss
**ROBINS KAPLAN LLP**
601 Lexington Avenue, Suite 3400
New York, NY 10022
Telephone: (212) 980-7400
Facsimile: (212) 980-7499
HSalzman@RobinsKaplan.com
BPersky@RobinsKaplan.com
WReiss@RobinsKaplan.com

Steven Williams
Demetrius X. Lambrinos
Elizabeth Tran
**COTCHETT, PITRE & McCARTHY, LLP**
San Francisco Airport Office Center
840 Malcolm Road, Suite 200
Burlingame, CA 94010
Telephone: (650) 697-6000

Facsimile: (650) 697-0577
swilliams@cpmlegal.com
dlambrinos@cpmlegal.com
etran@cpmlegal.com

Marc M. Seltzer
Steven G. Sklaver
**SUSMAN GODFREY L.L.P.**
1901 Avenue of the Stars, Suite 950
Los Angeles, CA 90067-6029
Telephone: (310) 789-3100
Facsimile: (310) 789-3150
mseltzer@susmangodfrey.com
ssklaver@susmangodfrey.com

Terrell W. Oxford
Omar Ochoa
**SUSMAN GODFREY L.L.P.**
901 Main Street, Suite 5100
Dallas, Texas 75202
Telephone: (214) 754-1900
Facsimile: (214)754-1933
toxford@susmangodfrey.com
oochoa@susmangodfrey.com

Chanler A. Langham
**SUSMAN GODFREY L.L.P.**
1000 Louisiana Street, Suite 5100
Houston, Texas 77002
Telephone: (713) 651-9366
Facsimile: (713) 651-6666
clangham@susmangodfrey.com

*Settlement Class Counsel and*
*Interim Co-Lead Counsel for the Proposed*
*End-Payor Plaintiff Classes*

/s/ E. Powell Miller
E. Powell Miller (P39487)
Devon P. Allard (P71712)
**THE MILLER LAW FIRM, P.C.**
950 W. University Dr., Ste. 300
Rochester, Michigan 48307
Telephone: (248) 841-2200
Facsimile: (248) 652-2852
epm@millerlawpc.com

- 9 -

dpa@millerlawpc.com

*Attorneys for Plaintiff and Interim Liaison Counsel for the Proposed End-Payor Plaintiffs Classes*

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| IN RE: AUTOMOTIVE PARTS ANTITRUST LITIGATION | Master File No. 12-md-02311<br>Honorable Marianne O. Battani |
| IN RE: WIRE HARNESS<br>IN RE: INSTRUMENT PANEL CLUSTERS<br>IN RE: FUEL SENDERS<br>IN RE: HEATER CONTROL PANELS<br>IN RE: OCCUPANT SAFETY RESTRAINT SYSTEMS | Case No. 2:12-cv-00103-MOB-MKM<br>Case No. 2:12-cv-00203-MOB-MKM<br>Case No. 2:12-cv-00303-MOB-MKM<br>Case No. 2:12-cv-00403-MOB-MKM<br>Case No. 2:12-cv-00603-MOB-MKM |
| IN RE: ALTERNATORS<br>IN RE: RADIATORS<br>IN RE: STARTERS<br>IN RE: SWITCHES<br>IN RE: IGNITION COILS<br>IN RE: MOTOR GENERATORS<br>IN RE: STEERING ANGLE SENSORS<br>IN RE: HID BALLASTS<br>IN RE: INVERTERS<br>IN RE: AIR FLOW METERS<br>IN RE: FUEL INJECTION SYSTEMS<br>IN RE: AUTOMATIC TRANSMISSION FLUID WARMERS | Case No. 2:13-cv-00703-MOB-MKM<br>Case No. 2:13-cv-01003-MOB-MKM<br>Case No. 2:13-cv-01103-MOB-MKM<br>Case No. 2:13-cv-01303-MOB-MKM<br>Case No. 2:13-cv-01403-MOB-MKM<br>Case No. 2:13-cv-01503-MOB-MKM<br>Case No. 2:13-cv-01603-MOB-MKM<br>Case No. 2:13-cv-01703-MOB-MKM<br>Case No. 2:13-cv-01803-MOB-MKM<br>Case No. 2:13-cv-02003-MOB-MKM<br>Case No. 2:13-cv-02203-MOB-MKM<br>Case No. 2:13-cv-02403-MOB-MKM |
| IN RE: VALVE TIMING CONTROL DEVICES | Case No. 2:13-cv-02503-MOB-MKM |
| IN RE: ELECTRONIC THROTTLE BODIES | Case No. 2:13-cv-02603-MOB-MKM |
| THIS DOCUMENT RELATES TO:<br>End-Payor Actions | |

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 25, 2016 I electronically filed the foregoing documents with the Clerk of the Court using the ECF system, which will send electronic notification of such filings upon all registered counsel of record.

THE MILLER LAW FIRM, P.C.

By: /s/ *E. Powell Miller*
E. Powell Miller (P39487)
Devon P. Allard (P71712)
THE MILLER LAW FIRM, P.C.
950 W. University Drive
Suite 300
Rochester, MI 48307
Telephone: (248) 841-2200
Facsimile: (248) 652-2852
epm@millerlawpc.com
dpa@millerlawpc.com

*Interim Liaison Counsel for End-Payor Plaintiffs*