# Exhibit B

```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF MICHIGAN
                          SOUTHERN DIVISION
                             -   -   -


IN RE:   AUTOMOTIVE PARTS           Master File No. 12-02311
ANTITRUST LITIGATION
_____       Hon. Marianne O. Battani




                          FAIRNESS HEARING

           BEFORE THE HONORABLE MARIANNE O. BATTANI
                   United States District Judge
              Theodore Levin United States Courthouse
                  231 West Lafayette Boulevard
                        Detroit, Michigan
                     Wednesday, May 11, 2016


APPEARANCES:

FOR THE PLAINTIFFS:    MARC M. SELTZER
                       **SUSMAN GODFREY, L.L.P**
                       190 Avenue of the Stars, Suite 950
                       Los Angeles, CA  90067
                       (310) 789-3102


                       HOLLIS L. SALZMAN
                       **ROBINS, KAPLAN, MILLER & CIRESI,
                       L.L.P.**
                       601 Lexington Avenue, Suite 3400
                       New York, NY  10022
                       (212) 980-7405

                       STEVEN N. WILLIAMS
                       **COTCHETT, PITRE & McCARTHY, L.L.P.**
                       840 Malcolm Road
                       Burlingame, CA  94010
                       (650) 697-6000


        *To obtain a copy of this official transcript, contact:
              Robert L. Smith, Official Court Reporter
            (313) 964-3303 • rob_smith@mied.uscourts.gov*
```

```
 1              MR. SELTZER:  Your Honor --
 2              THE COURT:  Wait a minute.  Let's hear all of the
 3   objections because you will have a lot of response.
 4              MR. SELTZER:  Very good.
 5              MS. LINDERMAN:  I will go sit back in the --
 6              THE COURT:  You can sit there, that's fine.
 7              MS. LINDERMAN:  Thank you.
 8              THE COURT:  May I have your appearance, please?
 9              MR. COCHRAN:  Yes, Your Honor.  It is
10   George Cochran representing the York objectors, Amy, Olen and
11   Nancy.  I think you mentioned our objection by reference a
12   little while ago.
13              MR. SELTZER:  Excuse me.  Is Mr. Cochran admitted
14   to practice before this Court?
15              MR. COCHRAN:  Yes, it is an MDL.
16              THE COURT:  Are you admitted before our Court?
17              MR. COCHRAN:  I'm admitted, yes, under the MDL
18   rule.
19              MR. SELTZER:  No, you are not.
20              MR. COCHRAN:  I was given notice by the clerk that
21   I am.
22              MR. SELTZER:  You have to be admitted to this
23   District to practice here, all of this --
24              MR. COCHRAN:  I was told by the clerk that I'm
25   admitted, it is on record because it is an MDL.
```

1  THE COURT: No, everybody has to be admitted
2  individually here.
3  MR. COCHRAN: Your Honor, according to the MDL
4  rules that is the exception that supersedes all local rules,
5  that because it is an MDL and in the spirit of the purpose of
6  an MDL congregating various district cases for it to actually
7  work you have to allow attorneys to waive the local
8  membership requirement. I did -- I called and asked about
9  that with the Clerk's Office and also there was one other
10 office that got involved, and they instructed me what to do
11 step by step and I did that. There is an actual category in
12 the ECF filing system with this Court called MDL specially
13 admitted, and that's what I got verification of before I
14 came, which was a three-hour drive to get here. I would like
15 to take a couple minutes if I could --
16 THE COURT: I'm going to let you argue but I need
17 to resolve this issue because it is important. I have had
18 other people here because that's what we were told that paid
19 fees.
20 MR. COCHRAN: It is easily resolved.
21 THE COURT: If it is wrong they deserve their fees.
22 MR. COCHRAN: You can strike my comments I guess
23 but it is easily resolved because I can submit the papers.
24 THE COURT: Yes, but while we are here, we can't
25 afford the time to have you come back and so let's hear your

1    Unless you have any questions I will be glad to -- or I will
2    be glad to answer any questions the Court has?
3             THE COURT:  No.
4             MR. SELTZER:  Okay.  Thank you, Your Honor.
5             THE COURT:  Thank you.  Mr. Cochran, I know you
6    want to speak but I can't let you.  I sent a notice for the
7    clerk and it says -- let me just say with MDL not admitted,
8    the rule is multi-district cases often involve many attorneys
9    from out of state.  Most of these attorneys will never appear
10   in person on the case, therefore the Court will grant these
11   attorneys limited admission.  This means they can register to
12   receive a log-in and password for e-filing upon providing the
13   Clerk's Office with a letter requesting e-file status for
14   their MDL case only.  If the attorney needs to appear before
15   the judge on this case, or needs to represent a client in
16   another case that is not MDL, he or she must go through the
17   general admission process.  So that's --
18            MR. COCHRAN:  So I'm covered?
19            THE COURT:  No, you are not covered.  You can't
20   appear in court --
21            MR. COCHRAN:  This is an MDL court.
22            THE COURT:  You can't appear in court.  You can --
23            MR. COCHRAN:  It says if it is not an MDL case,
24   right, in the other case --
25            THE COURT:  It says MDL not admitted, that's the

```
 1   heading, meaning you are not --
 2              MR. COCHRAN:  The last phrase, Your Honor, says or
 3   other case then I have to be admitted in the --
 4              MS. SWANSON:  Or if you appear in court.
 5              THE COURT:  It says here if the attorney needs to
 6   appear before the judge on this case, the MDL, or needs to
 7   represent a client in another case that is not MDL, he or she
 8   must go through the general admission process.
 9              MR. COCHRAN:  That would then contradict the
10   judicial rule for MDLs, which the rule has been held --
11              THE COURT:  Well, I can only give you the rule that
12   I have now.  I haven't researched this, it has been in effect
13   for years.
14              MR. COCHRAN:  Your Honor, as an officer of the
15   court I have to straighten out one thing.  It is absolutely
16   false that class notice says you must prove that you have an
17   eligible part to be an objector, period.  If you want to get
18   out of the class --
19              MR. SELTZER:  Your Honor, I object to this further
20   presentation by this lawyer who is not admitted to practice.
21              MR. COCHRAN:  As an officer of the court I want to
22   make sure the Court has correct information.  Secondly, it is
23   not a pro rata class notice, it says you can be adjusted
24   upward or downward depending on factors but it never stated
25   there was a pro rata settlement fund.
```

```
 1              THE COURT:  Okay.  Thank you.
 2              MR. COCHRAN:  Thank you.
 3              MR. SELTZER:  I object and I ask that his remarks
 4   be stricken, Your Honor.
 5              THE COURT:  No, it is on the record.
 6              MR. KESSLER:  Your Honor, just as a point of
 7   information, most of the cases here never went through the
 8   MDL process, including a number of the settlements here, so
 9   they are clearly non-MDL cases here.  The only one that went
10   through the MDL process I believe was the original wire
11   harness and a couple of other cases.
12              THE COURT:  You are right.  I'm sorry, I forgot
13   that, but that's true.  Actually the majority of these cases
14   are non-MDL cases, they were filed directly here.
15              MR. KESSLER:  Just for your information, Your
16   Honor.
17              THE COURT:  Thank you. All right.  In terms of the
18   settlement here, this is -- it is an interesting case.  There
19   are -- in this particular group of settlements there are I
20   think it is like 25 settlement classes that are involved in
21   this with 9 defendants and their affiliates.
22              MR. SELTZER:  I think it is 19, Your Honor.
23              THE COURT:  It might be more?
24              MR. SELTZER:  No, 19 I believe.
25              THE COURT:  Pardon me?
```

*1* in the preliminary hearing and I will briefly cite them
*2* today. Certainly the likelihood of success on the merits.
*3* This is an end payor case, I think this is the difficult --
*4* maybe the most difficult class, the end payors because, you
*5* know, they don't just get damages unless there's some state
*6* -- and how many states do we have involved here? I have lost
*7* count.
*8*      MR. SELTZER: Your Honor, it is 30 states and the
*9* District of Columbia.
*10*      THE COURT: 30 states and the District of Columbia
*11* and all of those states' laws had to be looked at. And I
*12* think also in terms of the settlement you have to consider in
*13* the likelihood of success this damage issue of the
*14* passthrough, I think that's very critical particularly with
*15* the end payors and being able to prove that, so that along
*16* with the complexity and the expense and the duration of this
*17* case makes this a fair and reasonable settlement.
*18*      The Court has listened to the opinions of class
*19* counsel on this, class reps, and today to the objectors,
*20* which I think they raise some points that the Court has, in
*21* fact, considered, and I think that that, you know, you have
*22* to look at the balance of all of these things and I think
*23* that overall I agree with plaintiffs' counsel that they think
*24* this is a fair settlement. They are experienced, I don't
*25* think we have addressed that today, but obviously they are

```
 1   experienced in this type of litigation, I think it was done
 2   at arm's length after much discovery.  I think that with
 3   that -- with all of those factors, without going into anymore
 4   detail, makes this a fair, reasonable settlement -- fair,
 5   reasonable and adequate is the other word.
 6            Okay.  The Court -- oh, I did not address the side
 7   pray issues of the objectors and I would like to address
 8   that.  There is no need for -- I mean, there may be no need
 9   at all for side pray here but certainly naming the side pray,
10   I mean, in any of the cases I have been involved with at this
11   stage is just not necessary.  Hopefully we won't have side
12   pray but there is always going to be somebody who doesn't
13   cash a check, what that amount turns out to be we don't know
14   but it is just about guaranteed that there will be some of
15   those but I don't think that in any way makes the notice
16   deficient.
17            I also find that the notice -- of course, notice
18   has to be given and was adequate in this case.  In fact, I
19   mean, they use a national company to send out these notices,
20   lots of magazines.  I keep thinking did they say Sports
21   Illustrated, I can't help but think of the -- never mind.
22   When I read that I went really.  But the Wall Street Journal
23   and others, New York Times I think was mentioned in one,
24   there certainly appears to be an extraordinary number of
25   ways.  It wasn't used -- they didn't use the local press and
```

```
 1   I think that was a good point that counsel made, but this is
 2   a national case and so I could see that it is an effort to
 3   reach the most people in the nation and I think that that's
 4   been satisfied.
 5             In terms of the ascertainability of the class, the
 6   Court finds that the class is able to be defined, and I think
 7   the notice was good in terms of giving you a telephone number
 8   and, you know, another site to go to see the different class
 9   settlements, and I think it is definite enough for any court
10   to determine whether or not a person is a member.  I think it
11   is ludicrous to think that a person would know specifically
12   that I have a car with a part made by Denso.  I mean, maybe I
13   shouldn't use Denso because they are so big, I think they are
14   in lots of cars, but, I mean, who knows who manufactured a
15   part in their car, I think that's ridiculous, but you know
16   you bought a new car.
17             The Court does want to address the issue about the
18   used car and the demo car.  I mean, demo cars the Court will
19   rule are used cars.  I mean, they are.  12,000 miles is
20   probably more than most miles people put on their lease cars.
21   Isn't that kind of the average yearly amount for a lease, I
22   think?  So I feel fairly confident in ruling that that car
23   is, in fact, a demo and a used car.
24             So my ruling is that the objections are noted for
25   the record but I think that by far they do not bar this
```

```
 1   settlement.  I think they all have -- are mitigated for all
 2   of the reasons that have been mentioned both by the Court and
 3   by counsel in its argument.
 4           Okay.  The Court, of course, in defining a class,
 5   and I'm going to briefly, we did this again in the fairness
 6   hearing.  There's certainly numerosity, there is no issue
 7   here about the numbers of people involved.  There is
 8   commonality in this antitrust action, the issue is the same
 9   for each.  There is typicality, the class representatives
10   are -- the claims are typical of the claims of the class.
11   And the adequacy of representation, the Court has already
12   addressed that, I find that the attorneys are well able to
13   represent the classes and that the individual named
14   plaintiffs are able to represent the classes.
15           All right.  Common questions clearly predominate
16   over any question.  I see here really no mini trials at all.
17   I think it is very common questions.
18           The Court does need to appoint settlement counsel
19   in this case and the firm Cotchett, Pitre & McCarthy, L.L.P.,
20   Robins Kaplan, L.L.P, Susman Godfrey, L.L.P. have represented
21   the end payors throughout this litigation and I'm going to
22   appoint them as the class counsel in this case.
23           The last issue I believe to be determined is the
24   attorney fees and costs and the reserve for future
25   litigation.  The Court has looked at the costs, they are
```

*CERTIFICATION*

   I, Robert L. Smith, Official Court Reporter of the United States District Court, Eastern District of Michigan, appointed pursuant to the provisions of Title 28, United States Code, Section 753, do hereby certify that the foregoing pages comprise a full, true and correct transcript taken in the matter of In Re: Automotive Parts Antitrust Litigation, Case No. 12-02311, on Wednesday, May 11, 2016.


   *s/Robert L. Smith*
   Robert L. Smith, RPR, CSR 5098
   Federal Official Court Reporter
   United States District Court
   Eastern District of Michigan


Date:  05/18/2016

Detroit, Michigan