**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| IN RE AUTOMOTIVE PARTS ANTITRUST LITIGATION | : | Master File No. 2:12-md-02311 |
| | : | Honorable Marianne O. Battani |
| | : | |
| ALL PARTS | : | |
| | : | |
| THIS RELATES TO: | : | |
| ALL CASES | : | |
| | : | |

**SERVING PARTIES AND OEM GROUPS' JOINT**
**<u>MOTION FOR ENTRY OF ORDER</u>**

Pursuant to the Court's request at the June 23rd, 2016 hearing for a proposed order memorializing the Court's rulings on the Specified Subpoenaed Entities' ("SSEs") Objections to the Special Master's Order on the Parties' Motion to Compel, the Serving Parties[1] and Certain SSEs ("OEM Groups"[2]) (collectively "Movants") hereby jointly move for an order from the Court directing which of the Proposed Orders, attached hereto as Exhibits A and B, shall be entered.

The submission of Global Orders in the Coordinated Actions is necessary for the efficient prosecution of the Coordinated Actions. Submission of such Global Orders is consistent with both the Court's repeated admonitions that the parties coordinate and agree upon template orders wherever possible, and the very purpose of a multidistrict litigation, in which related actions, such as those at issue here, are efficiently managed and coordinated in order to "avoid duplication of discovery, to prevent inconsistent pretrial rulings, and to conserve the resources of the parties, their counsel and the judiciary." Overview of Panel, The Official Website for the United States Judicial Panel on Multidistrict Litigation, http://www.jpml.usCourts. gov/panel-info/overview-panel. *See also In re Automotive Wire Harness Sys. Antitrust Litig.*, 844 F. Supp. 2d 1367, 1367 (J.P.M.L. 2012).

Accordingly, for the reasons set forth herein and in the accompanying memorandum in support of this Motion, the Movants respectfully request that the Court grant one of the attached Proposed Orders.

---

[1]The Serving Parties consist of End Payor Plaintiffs, Automobile Dealer Plaintiffs, Truck and Equipment Dealer Plaintiffs, the State of Indiana, and certain Defendants in the *Automotive Parts Antitrust Litigation*, No. 2:12-md-02311-MOB-MKM (E.D. Mich.). *See* ECF No. 1185, Attachment A.

[2] The OEM Groups, as defined in the proposed order at ¶ B, are those SSEs subject to Rule 45 "discovery-on-discovery" depositions.

Dated: September 2, 2016        Respectfully submitted,

*/s/ Steven N. Williams*
Steven N. Williams
Elizabeth Tran
Demetrius X. Lambrinos
**COTCHETT, PITRE & McCARTHY, LLP**
San Francisco Airport Office Center
840 Malcolm Road, Suite 200
Burlingame, CA 94010
Telephone: (650) 697-6000
Facsimile: (650) 697-0577
swilliams@cpmlegal.com
etran@cpmlegal.com
dlambrinos@cpmlegal.com

[*Additional signatures following Memorandum in Support*]

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

|  |  |  |
|---|---|---|
| IN RE AUTOMOTIVE PARTS ANTITRUST LITIGATION | : : : | Master File No. 2:12-md-02311 Honorable Marianne O. Battani |
| ALL PARTS | : : : | |
| THIS RELATES TO: ALL CASES | : : : | |

**MEMORANDUM IN SUPPORT OF SERVING**
**<u>PARTIES AND OEM GROUPS' MOTION FOR ENTRY OF ORDER</u>**

The Serving Parties and OEM Groups (collectively "Movants"), hereby move for an order from the Court directing that one of the two Proposed Orders attached as Exhibits A and B be entered.

To date, the Serving Parties and the OEM Groups have expended a considerable amount of time to come to an agreement as to which order will be stipulated to and entered with the Court. However, the Serving Parties and the OEM Groups disagree as to provisions related to costs and attorneys' fees.

The submission of the Order will clarify the protocol for 30(b)(6) depositions related to the subpoena served on the OEM Groups that was ordered by the Court.

It is consistent with both the Court's repeated admonitions that the parties coordinate and agree upon templates wherever possible as well as the very purpose of a multidistrict litigation, in which related actions such as these are coordinated in order to "avoid duplication of discovery, to prevent inconsistent pretrial rulings, and to conserve the resources of the parties, their counsel and the judiciary." *Overview of Panel*, The Official Website for the United States Judicial Panel on Multidistrict Litigation, http://www.jpml.usCourts.gov/panel- info/overview-panel. *See also In re Automotive Wire Harness Sys. Antitrust Litig.*, 844 F. Supp. 2d 1367, 1367 (J.P.M.L. 2012).

## I.   ARGUMENT

At the hearing on the Specified Subpoenaed Entities' ("SSEs") objections to the Special Master's Order regarding 30(b)(6) depositions on June 23, 2016, the Court issued a ruling that the Serving Parties and the OEM Groups exchange draft orders to reflect the Court's rulings regarding service of Rule 45 deposition subpoenas on the OEM Groups, and the terms of those depositions. *See* June 23, 2016, Hrg. Tr. ("Tr.") (attached hereto as Exhibit C).

The Serving Parties and the OEM Groups exchanged drafts, and came to agreement on all provisions for a proposed order to the Court, except as to costs and attorneys' fees. The Serving Parties and the OEM Groups now submit separate proposed orders (attached hereto as Exhibits A and B, respectively) for the Court to make a determination as to the intent of the Court's ruling. The positions of the Serving Parties and OEM Groups are set forth below:

A.      **SERVING PARTIES' POSITION (PROPOSED ORDER - EXHIBIT A)**

The Serving Parties believe that the Court ordered that the costs of attending 30(b)(6) depositions would be split with the OEM Groups, but that the Court did not order that the OEM Groups be reimbursed attorneys' fees related to the 30(b)(6) depositions.

The Serving Parties have endeavored to agree with the OEM Groups on all terms of the order which would govern the taking of 30(b)(6) depositions of the OEM Groups, and have done so with one exception. The Serving Parties believe that the Court ruled that the costs of attending the 30(b)(6) depositions would be split between the parties and the OEM Groups, but that the Court has not, at this time, made any ruling concerning further shifting of costs or attorneys' fees between the Serving Parties and the OEM Groups. After touching on this topic earlier in the hearing on June 23, 2016 and hearing argument from the Serving Parties and the SSEs, the Court returned to this topic and ruled:

> THE COURT: The costs – let me address this, the costs of actually attending the depositions, that cost will at a minimum be split between the parties and the non-parties at a minimum, and I may hear later that it should be more but I'm saying at least that cost you know is going to be split.

Tr. at 103:22-104:1.

The Serving Parties understand the Court to have ruled solely on the issue of costs related to attendance at 30(b)(6) depositions of the OEM Groups, while deferring any decision as to cost-shifting related to substantive productions that may come later in the case, after an analysis of

2

appropriate factors can be considered. *See U.S. v. Blue Cross Blue Shield of Michigan*, 2012 U.S. Dist. LEXIS 146403, at *3 (E.D. Mich. Oct. 11, 2012) (providing the factors considered in a cost-shifting analysis); *Cornell v. Columbus McKinnon Corp.*, 2015 U.S. Dist. LEXIS 105450, at *4 (N.D. Cal. July 18, 2013) (noting that a cost shifting analysis should occur after the conclusion of fact discovery, and denying non-party's request for cost-shifting and attorneys' fees related to compliance with discovery requests where non-party had an interest in the outcome).[3]

The Serving Parties further understand "costs" to be distinct from "attorneys' fees," *see, e.g.,* Fed. R. Civ. Proc. 54(d), and interpret the Court as having chosen the word costs with that distinction in mind. Courts frequently distinguish between costs and attorneys' fees when evaluating the appropriateness of cost-shifting, and typically make separate findings with respect to these two types of expenses. *See, e.g., Bell Inc. v. GE Lighting LLC*, 2014 WL 1630754, at *16 (W.D. Va. Apr. 23, 2014) (shifting only copying costs and costs incurred to load documents onto a database, and finding that no attorneys' fees were due); *Maximum Human Performance v. Sigma-Tau Healthscience*, 2013 WL 4537790, at *4 (D.N.J. Aug. 27, 2013) (ordering party to reimburse one-third of vendor costs to harvest ESI, and finding nonparty shall pay its own counsel fees). The OEM Groups' assertion that the Serving Parties seek to "artificially exclude" attorneys' fees from reimbursable costs has no merit, as courts routinely evaluate attorneys' fees and costs individually. Further, this finding would also be consistent with the American Rule established by the Supreme Court pursuant to which litigants pay their own attorneys' fees absent statute or enforceable

---

[3] It bears noting that the OEM Groups are not disinterested parties to this litigation, with no interest in its outcome – one of the primary considerations as to whether cost-shifting is even appropriate at any stage. *See, e.g., Blue Cross Blue Shield of Michigan*, 2012 U.S. Dist. LEXIS, at *3. Here, the OEM Groups are the primary victims of the conspiracy, have been required to provide discovery to the United States Department of Justice, are putative members of the direct purchaser class and, indeed, may have a large interest in settlement of their own claims.

contract. *See Alyeska Pipeline Service Co. v. Wilderness Society*, 421 U.S. 240, 247 (1975). The American Rule has been extended to cases involving nonparties, including with respect to attorneys' fees incurred in connection with representation at depositions. *See, e.g., U.S. v. CBS, Inc.*, 103 F.R.D. 365, 374 (C.D. Cal. 1984).

Further, the purpose of these 30(b)(6) depositions is to solicit information from the OEM Groups that the Serving Parties believed ***could have and should have*** been provided by the OEM Groups during the lengthy meet and confer process. The Serving Parties should not be required to reimburse the OEM Groups for legal fees which would have been avoided had such information been provided during the meet and confer process. *See, e.g., Heartland Surgical Specialty Hosp., LLC v. Midwest Division, Inc.*, 2007 U.S. Dist. LEXIS 53217, at *50-52 (D. Kan. July 20, 2007) (declining to award attorneys' fees under Rule 45(d)(1) after noting that "a significant part of the delay and expense concerning these subpoenas was self-imposed by [the non-parties] by refusing to comply with subpoenas and requiring briefing by the parties"); *Apple v. Samsung Electronics Co., Ltd.*, 2013 U.S. Dist. LEXIS 67085, at *3 (N.D. Cal. May 9, 2013) (While conceding that a non-party should not be required to subsidize litigation, the court held that a non-party subject to a subpoena is expected to "participate in transparent and collaborative discovery."); *Western Convenience Stores, Inc. v. Suncor Energy Inc.*, 2014 WL 1257762, at *25 (D. Colo. Mar. 27, 2014) (courts have minimized cost-shifting where costs were incurred as a result of the subpoenaed entity's own avoidance and delay in complying with its discovery obligations).[4] While the information obtained during these depositions is informative as to the issues which Special Master

---

[4] *See also The Sedona Conference Commentary on* **[*451]** *Non—Party Production & Rule 45 Subpoenas*, 9 SEDONA CONF. J. 197, 198-99 (2008) ("Although [a non-party] should not be required to 'subsidize' litigation to which it is not a party, [the non-party cannot] confuse[] undue burden with its obligations, once subject to a subpoena, to participate in transparent and collaborative discovery. Third-party status does not confer a right to obfuscation or obstinacy.").

Esshaki still has before him concerning how to rule on the pending motion to compel, it is only an interim step in this process precedent to the final disposition of that motion – a step that would not have been necessary at all had the OEM Groups been cooperative with the Serving Parties from the outset.[5]

The Serving Parties are not benefitting from the legal work provided to the OEM Groups by their counsel in connection with preparing for and attending these depositions. To the contrary, these depositions have caused further delay in the OEM discovery process and have forced the Serving Parties to incur additional significant costs of their own. As acknowledged by the Court at the hearing, "this discovery on discovery is a little different" than the typical cost-shifting issues that arise in connection with third-party discovery. Tr. at 65:18. Accordingly, the cases cited by the OEM Groups are inapposite as they involve attorneys' fees incurred in connection with compliance with the subpoena itself, rather than depositions ordered by the court to assist in resolving the discovery dispute.[6]

As the Serving Parties have repeatedly acknowledged, they are not opposed to cost discussions or even cost-shifting where it may be warranted regarding production issues, and once

---

[5] After several rounds of compromises offered by the Serving Parties, the final offer of the OEM Groups was only to produce two narrow categories of information: 1) an incomplete set of limited data on non-Defendant parts purchases; and 2) a list of the OEM Groups' Manufacturers' Suggested Retail Prices (MSRPs) for an unspecified subset of vehicle models, and for both categories, only with respect to data between 2006-2016. *See* The Parties' Motion to Compel Discovery From Non-Party Original Equipment Manufacturers, ECF No. 1185, filed January 19, 2016.

[6] In one of the cases cited by the OEM Groups in support of attorneys' fees, the circuit court remanded to the district court for re-examination of whether nonparties were entitled to reimbursement for costs incurred in complying with a subpoena. *See U.S. v. CBS, Inc.*, 666 F.2d 364, 371 (9th Cir. 1982). The district court found that the rationale behind the rule prohibiting the award of attorneys' fees applied equally to non-parties, and denied reimbursement of counsel fees, including those incurred in connection with representation at depositions. *See CBS, Inc.*, 103 F.R.D. at 374.

the facts can be known and considered regarding what data or documents may exist and any associated burdens with production. However, the Serving Parties should not be ordered to pay any attorneys' fees, or costs of attending the depositions beyond the fifty-fifty split described by the Court at the June 23, 2016 hearing, unless and until there is duly filed motion seeking such relief and the Serving Parties and SSEs have the opportunity to be heard by the Court on this issue.

## B.    OEM GROUPS' POSITION (PROPOSED ORDER - EXHIBIT B)

The issue here is not whether costs should be shifted; that is settled. The issue is whether attorneys' fees are subject to shifting. At the June 23rd hearing, the Court ruled that "the costs of actually attending the depositions, that cost will at a minimum be split between the parties and the non-parties at a minimum." Tr. at 100, 103-104. Accordingly, the OEM Groups included such a provision in their proposed order at paragraph J: "The Parties shall pay at least half of the OEM Groups' costs of attending the deposition, including attorneys' fees." Ex. B (OEM Groups' Proposed Order).

The Serving Parties do not dispute that the Court awarded cost shifting, but they seek to artificially exclude attorneys' fees from reimbursable costs. Under the Serving Parties' proposed order, the OEM Groups would only be reimbursed for half of "the costs incurred by the corporate designee(s) of attending the deposition." That is contrary to reality, and to law.[7] The true "costs of actually attending the depositions" necessarily include legal fees. In attending a deposition, the

---

[7] The Parties cite to the "American Rule," but as this court has recognized, the rule "applies only to the situation where a prevailing **litigant** is seeking to recover its own attorney fees." *Ypsilanti v. Appalachian Ins. Co.*, 547 F. Supp. 823, 827 (E.D. Mich. 1982) (emphasis added). The rule is subject to contrary statute, *id.*, such as Rule 45's allowance for fee shifting. Fed. R. Civ. P. 45(d)(2); *First Am. Corp. v. Price Waterhouse LLP*, 184 F.R.D. 234, 240-41 (S.D.N.Y.1998) ("PW-UK is not a party litigant but a nonparty witness being compelled to respond to a subpoena. The 'American Rule' is therefore inapplicable.").

witness not only incurs the cost of his own lost time, but the non-party must also incur legal fees for counsel to attend and defend the deposition.

Courts around the country recognize this reality. *See, e.g.*, *In re American Nurses Assn.*, 2016 WL 1381352, at *2 (4th Cir. 2016) ("[W]e conclude that attorney's fees incurred by the non-party that are necessary to a discovery proceeding under Rule 45 are expenses that may be shifted to the discovery-seeking party."); *United States v. Columbia Broad. Sys., Inc.*, 666 F.2d 364, 371 (9th Cir. 1982) (treating non-party legal fees as reimbursable); *Pac. Gas & Elec. Co. v. Lynch*, 2002 WL 32812098, at *3 (N.D. Cal. 2002) ("legal work done to facilitate compliance may also be considered a cost of compliance reimbursable under FRCP 45(c)(2)(B)"); *Kisser v. Coalition for Religious Freedom*, 1995 WL 590169 (E.D. Pa. 1995) ("In complying with the subpoena, it is understandable that [the non-party] would seek the assistance of counsel [and] to disallow reimbursement would frustrate the policy of Rule 45 – protecting non-parties …."); *In re Am. Hous. Found.*, 2013 Bankr. LEXIS 2268, at *10-11 (U.S. Bankr. N.D. Tex. 2013) ("it is apparent that reimbursable legal fees are simply a component of the expenses incurred by the non-party in complying with the dictates of the subpoena"); *see also Williams v. City of Dallas*, 178 F.R.D. 103 (N.D. Tex. 1998) (ordering reimbursement of legal fees under Rule 45(d)(2)(B)); *In re Law Firms of McCourts & McGrigot Donald*, 2001 WL 345233, at *3 (S.D.N.Y. 2001) (same); *Western Benefit Solutions, LLC v. Gustin*, 2012 WL 4417190, at *5 (D. Idaho 2012) (same).

Particularly where, as here, the non-parties' legal fees benefit the requesting parties, they are a reimbursable cost of compliance. *See, e.g.*, *In re Auto. Refinishing Paint Antitrust Litig.*, 229 F.R.D. 482 (E.D. Pa. 2005) ("especially where the work benefits the requesting party, [legal fees] have been considered a cost of compliance reimbursable"); *Georgia-Pacific LLC v. Am. Int'l Specialty Lines Ins. Co.*, 278 F.R.D. 187 (S.D. Ohio 2010) (same); *First Am.*, 184 F.R.D., at 241

(same); *see also Kean v. VanDyken*, 2006 U.S. Dist. LEXIS 10316, at *14-15 (W.D. Mich., 2006) (citing the preceding authorities with approval).

The Serving Parties recognize that these depositions are for their benefit. The Defendants, for instance, noted at the hearing that "We are eager to have those depositions because once we have those then we can sit down with the OEMs or Special Master Esshaki can sit down and evaluate our motion to compel … because what we really care about here is getting to the documents, figuring out what we need, what we truly need, not everything under the sun, what's reasonable, what's reasonable also in light of the costs and burdens associated with the OEMs …." Tr. at 42-43. The Court agreed: the depositions are to allow the Parties "to know where you are going and what you are going to get." Tr. at 101. As such, half of the OEM Groups' legal fees for attendance at the deposition, "at a minimum," should be reimbursed.

The parties seek to revive their accusations of non-cooperation and delay that they made, and the Court rejected, in opposition to the SSEs' objections to the Special Master's Order. The accusations are still false. The SSEs made an offer of production, which would have satisfied all of the Parties' reasonable needs, *eight months ago.* Rather than accept, or respond with a reasoned counter, the Parties summarily declared impasse and filed their motions to compel. *See* SSEs' Reply (ECF 1372) at 1-2; *see also* Tr. at 49-50. As the Special Master observed, these depositions stem from the Parties' refusal to accede to or negotiate reasonable discovery offers – they are to "whittle down the *largest subpoena that has ever been issued.*" ECF 1372 at 2 (quoting March 24, 2016 Hrg. Tr. at 43).

But delay or blame has nothing to do with whether attorneys' fees are a compensable component of the deposition costs that the Court already ordered. *See* Tr. at 103. The Parties attempted the same argument at the June 23rd hearing, and the Court dismissed it:

> MR. WILLIAMS: What we are talking about now is what we contend is the information they had a duty to provide during the meet-and-confer process so we could have avoided the delay and avoided the motion to compel, and they are saying we should pay them just for that, just for the information about is there some impediment to producing it, where is it located, what form is it in?
>
> COURT: I'm not talking about that. I'm talking about what about when you attend a deposition, and there's hourly costs for attending a deposition I assume?
>
> MR. WILLIAMS: Yes.
>
> COURT: Why should you not pay for that?
>
> MR. WILLIAMS: Because the questions that we are going to go to these depositions to answer are questions that should have been answered during the meet-and-confer process before the motion was filed.
>
> COURT: ***I don't agree.***

Tr. at 66.

The Court's intuition that "the party asking for the information is the one who pays" under Rule 45 is correct. Tr. at 103.[8] The costs that are shifted should reflect the actual cost of attending a deposition, which includes attorneys' fees. The OEM Group accordingly requests that their proposed order, Exhibit B, be entered.

## II.    CONCLUSION

For the foregoing reasons, the Movants respectfully submit that the Court should enter one of the attached proposed orders.

Dated: September 2, 2016                    Respectfully submitted,

*/s/ Steven N. Williams*
Steven N. Williams
Elizabeth Tran

---

[8] The Parties ask that an order on attorneys' fees be deferred for a "duly filed motion" and an opportunity to be heard. The full opportunity to be heard was at June 23rd hearing, and this motion is duly filed, seeking clarification of the Court's ruling.

Demetrius X. Lambrinos
**COTCHETT, PITRE & McCARTHY, LLP**
San Francisco Airport Office Center
840 Malcolm Road, Suite 200
Burlingame, CA 94010
Telephone: (650) 697-6000
Facsimile: (650) 697-0577
swilliams@cpmlegal.com
etran@cpmlegal.com
dlambrinos@cpmlegal.com

Hollis Salzman
Bernard Persky
William V. Reiss
**ROBINS KAPLAN LLP**
601 Lexington Avenue, Suite 3400
New York, NY 10022
Telephone: (212) 980-7400
Facsimile: (212) 980-7499
HSalzman@RobinsKaplan.com
BPersky@RobinsKaplan.com
WReiss@RobinsKaplan.com

Marc M. Seltzer
Steven G. Sklaver
**SUSMAN GODFREY L.L.P.**
1901 Avenue of the Stars, Suite 950
Los Angeles, CA 90067-6029
Telephone: (310) 789-3100
Facsimile: (310) 789-3150
mseltzer@susmangodfrey.com
ssklaver@susmangodfrey.com

Terrell W. Oxford
Chanler Langham
Omar Ochoa
**SUSMAN GODFREY L.L.P.**
1000 Louisiana Street, Suite 5100
Houston, Texas 77002
Telephone: (713) 651-9366
Facsimile: (713) 654-6666
toxford@susmangodfrey.com
clangham@susmangodfrey.com
oochoa@susmangodfrey.com

*Interim Co-Lead Class Counsel for the Proposed End-Payor Plaintiff Class*

*/s/ Jonathan W. Cuneo*
Jonathan W. Cuneo
Joel Davidow
Daniel Cohen
Victoria Romanenko
Yifei Li
**CUNEO, GILBERT & LADUCA, LLP**
507 C Street, N.E.
Washington, DC 20002
Telephone: (202) 789-3960
jonc@cuneolaw.com
joel@cuneolaw.com
danielc@cuneolaw.com
vicky@cuneolaw.com
evelyn@cuneolaw.com

Shawn M. Raiter
**LARSON KING, LLP**
2800 Wells Fargo Place
30 East Seventh Street
St. Paul, MN 55101
Telephone: (651) 312-6500
Facsimile: (651) 312-6618
sraiter@larsonking.com

Don Barrett
**BARRETT LAW GROUP, P.A.**
P.O. Box 927
404 Court Square
Lexington, MS 39095
Telephone: (662) 834-2488
Facsimile: (662) 834-2628
dbarrett@barrettlawgroup.com

*Interim Co-Lead Class Counsel for Dealership Plaintiffs*

Wayne A. Mack
J. Manly Parks
Andrew R. Sperl
**DUANE MORRIS LLP**
30 S. 17th Street
Philadelphia, PA 19103

11

Phone: (215) 979-1000
Fax: (215) 979-1020

*Counsel for Truck and Equipment Dealer Plaintiffs*

Kevin P. Noll
Associate Attorney
**FOOTE, MIELKE, CHAVEZ & O'NEIL, LLC**
10 West State Street
Suite #200
Geneva, Illinois 60134
Main: (630) 232-7450
Facsimile: (630) 232-7452
kpn@fmcolaw.com

*Counsel for the State of Indiana*

**WEIL, GOTSHAL & MANGES LLP**

*/s/ Adam C. Hemlock* (w/consent)
Adam C. Hemlock
Steven A. Reiss
Lara E. Veblen Trager
Kajetan Rozga
**WEIL, GOTSHAL & MANGES LLP**
767 Fifth Avenue
New York, New York 10153-0119
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
steven.reiss@weil.com
adam.hemlock@weil.com
lara.trager@weil.com
kajetan.rozga@weil.com

*/s/ Frederick R. Juckniess* (w/consent)
Frederick R. Juckniess
**SCHIFF HARDIN LLP**
350 South Main Street, Suite 210
Ann Arbor, MI 48104
(734) 222-1504
fjuckniess@schiffhardin.com

*Attorneys for Defendants Bridgestone Corporation
and Bridgestone APM Company*

**WEIL, GOTSHAL & MANGES LLP**

*/s/ Steve A. Reiss* (w/consent)
Steven A. Reiss
Adam C. Hemlock
Lara E. Veblen Trager
**WEIL, GOTSHAL & MANGES LLP**

12

767 Fifth Avenue
New York, New York 10153-0119
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
steven.reiss@weil.com
adam.hemlock@weil.com
lara.trager@weil.com

Fred K. Herrmann
Joanne G. Swanson
Matthew L. Powell
**KERR, RUSSELL AND WEBER PLC**
500 Woodward Avenue
Suite 2500
Detroit, MI 48226
Tel. (313) 961-0200
Fax (313) 961-0388
fherrmann@kerr-russell.com
jswanson@kerr-russell.com
mpowell@kerr-russell.com

*Counsel for Defendants Calsonic Kansei*
*Corporation and Calsonic Kansei North America,*
*Inc.*

**BUTZEL LONG**

*/s/ Sheldon H. Klein* (w/consent)
Sheldon H. Klein (P41062)
David F. DuMouchel (P25658)
**BUTZEL LONG**
150 West Jefferson, Suite 100
Detroit, MI 48226
Tel.: (313) 225-7000
Fax: (313) 225-7080
sklein@butzel.com
dumouchd@butzel.com

**BAKER & MILLER PLLC**

*/s/ W. Todd Miller* (w/consent)
W. Todd Miller
**BAKER & MILLER PLLC**
2401 Pennsylvania Ave., NW, Suite 300
Washington, DC 20037
Tel.: (202) 663-7820
Fax: (202) 663-7849
TMiller@bakerandmiller.com

*Attorneys for Defendants TRAM, Inc. and*

13

*Tokai Rika Co., Ltd.*

**WILMER CUTLER PICKERING HALE AND DORR LLP**

*/s/ Steven F. Cherry* (w/ consent)
Steven F. Cherry
David P. Donovan
Patrick J. Carome
Brian C. Smith
**WILMER CUTLER PICKERING HALE AND DORR LLP**
1875 Pennsylvania Avenue, NW
Washington, DC 20006
Telephone: (202) 663-6000
Facsimile: (202) 663-6363
steven.cherry@wilmerhale.com
david.donovan@wilmerhale.com
patrick.carome@wilmerhale.com
brian.smith@wilmerhale.com

*Counsel for Defendants DENSO Corporation, DENSO International America, Inc., DENSO International Korea Corporation, DENSO Korea Automotive Corporation, DENSO Products & Services Americas, ASMO Co., Ltd., ASMO North America, LLC, ASMO Greenville of North Carolina, Inc., ASMO Manufacturing, Inc., and ASMO North Carolina Inc.*

Steven M. Zarowny
General Counsel
DENSO International America, Inc.
24777 Denso Drive
Southfield, MI 48033
Telephone: (248) 372-8252
Fax: (248) 213-2551
steve_zarowny@denso-diam.com

*Counsel for Defendant DENSO International America, Inc.*

**LANE POWELL PC**

*/s/ Larry S. Gangnes* (w/consent)
Larry S. Gangnes
Heidi B. Bradley

14

U.S. Bank Centre
1420 Fifth Ave., Suite 4200
P.O. Box 91302
Seattle, WA 98111-9402
Tel.: (206) 223-7000
Fax: (206) 223-7107
gangnesl@lanepowell.com
bradleyh@lanepowell.com

Craig D. Bachman
Kenneth R. Davis II
Darin M. Sands
Masayuki Yamaguchi
**LANE POWELL PC**
MODA Tower
601 SW Second Ave., Suite 2100
Portland, OR 97204-3158
Tel.: (503) 778-2100
Fax: (503) 778-2200
bachmanc@lanepowell.com
davisk@lanepowell.com
sandsd@lanepowell.com
yamaguchim@lanepowell.com

Richard D. Bisio (P30246)
Ronald S. Nixon (P57117)
**KEMP KLEIN LAW FIRM**
201 W. Big Beaver, Suite 600
Troy, MI 48084
Tel.: (248) 528-1111
Fax: (248) 528-5129
richard.bisio@kkue.com
ron.nixon@kkue.com

*Attorneys for Defendants Furukawa Electric Co., Ltd. and American Furukawa, Inc.*

15

**On Behalf of the Chrysler Entity**

*/s/ David A. Munkittrick*
David A. Munkittrick
PROSKAUER ROSE LLP
11 Times Square
New York, NY 10036
(212) 969-3000
dmunkittrick@proskauer.com

Cheryl A. Bush (P37031)
Susan M. McKeever (P73533)
BUSH SEYFERTH & PAIGE PLLC
3001 W. Big Beaver Road, Suite 600
Troy, MI 48084
(248) 822-7800
bush@bsplaw.com

Colin R. Kass
Scott M. Abeles
PROSKAUER ROSE LLP
1001 Pennsylvania Ave., N.W.
Suite 600 South
Washington, D.C. 20004
(202) 416-6800
ckass@proskauer.com
sabeles@proskauer.com

*Attorneys for FCA US LLC*

**On Behalf of the GM Entities**

Stephen R. Neuwirth
Adam B. Wolfson
Richard T. Vagas
QUINN EMANUEL URQUHART & SULLIVAN, LLP
51 Madison Avenue
New York, NY 10010
(212) 849-7000
stephenneuwirth@quinnemanuel.com

*Attorneys for General Motors Company; General
Motors Holdings LLC; and General Motors LLC*

16

**On Behalf of the Honda Entities**

Daniel Purcell
Justina Sessions
KEKER & VAN NEST LLP
633 Battery Street
San Francisco, CA 94111-1809
(415) 676-2293
dpurcell@kvn.com
jsessions@kvn.com

*Attorneys for American Honda Motor Co., Inc.;
Honda Manufacturing of Indiana, LLC; Honda
North America, Inc.; Honda of America Mfg., Inc.;
Honda of South Carolina Mfg., Inc.; Honda
Precision Parts of Georgia, LLC; Honda R&D
Americas, Inc.; Honda Research Institute USA,
Inc.; and Honda Transmission Manufacturing of
America, Inc.*

**On Behalf of the Nissan Entities**

Anthony J. Anscombe
SEDGWICK LLP
One North Wacker Drive, Suite 4200
Chicago, IL 60606
(312) 641-9050
anthony.anscombe@sedgwicklaw.com

*Attorneys for Nissan North America, Inc.; Nissan
Design America, Inc. (part of NNA); Nissan
Technical Center North America, Inc. (part of
NNA); Nissan Diesel America, Inc.(part of NNA)*

17

**On Behalf of the Subaru Entities**

Thomas E. Mixdorf
ICE MILLER LLP
One American Square
Suite 2900
Indianapolis, IN 46282-0200
(317) 236-5832
Thomas.mixdorf@icemiller.com

*Attorneys for Subaru of Indiana Automotive, Inc.*

Neal Walters
Michael R. Carroll
BALLARD SPAHR LLP
210 Lake Drive East, Suite 200
Cherry Hill, NJ 08002-1163
(856) 761-3452
carrollm@ballardspahr.com

*Attorneys for Subaru of America, Inc.*

**On Behalf of the Toyota Entities**

Thomas P. Branigan (P41774)
BOWMAN AND BROOKE LLP
41000 Woodward Avenue, Ste. 200 East
Bloomfield Hills, MI 48304
(248) 205-3300
tom.branigan@bowmanandbrooke.com

Michael Schaper
DEBEVOISE & PLIMPTON LLP
919 Third Avenue
New York, NY 10022
(212) 909-6737
mschaper@debevoise.com

*Attorneys for Toyota Motor Sales, USA, Inc. and Toyota Motor Engineering & Manufacturing North America, Inc.*