# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

|  |  |
|---|---|
| In Re:  AUTOMOTIVE PARTS ANTITRUST LITIGATION | : 12-md-02311<br>: Honorable Marianne O. Battani<br>: |
| In Re: All Auto Parts Cases | : 2:12-MD-02311-MOB-MKM<br>: |
|  | :<br>: |
| THIS DOCUMENT RELATES TO: ALL AUTO PARTS CASES | :<br>:<br>: |

**[PROPOSED] ORDER**

WHEREAS, on January 19, 2016, Plaintiffs and Defendants (collectively, the "Parties")[1]

filed a Joint Motion to Compel Discovery from Non-Party Original Equipment Manufacturers

(the "Motion"),[2] seeking to compel responses to certain requests of uniform subpoenas served on

the non-party Specified Subpoenaed Entities ("SSEs"),[3] pursuant, according to the Parties, to the

Court's orders dated March 19, 2015 (ECF No. 277, Case No. 2:12-cv-00100) and April 22,

2015 (ECF No. 949, Case No. 2:12-md-002311), and certain Plaintiffs filed a separate motion to

---

[1] The Parties consist of End Payor Plaintiffs (EPPs), Automobile Dealer Plaintiffs (ADPs), Truck and Equipment Dealer Plaintiffs (TEDPs), the State of Florida, the State of Indiana (collectively, the "Plaintiffs"), and certain Defendants in the Automotive Parts Antitrust Litigation, No. 2:12-md-02311-MOB-MKM (E.D. Mich.) (*see* ECF. No. 1185 Attachment A).

[2] The Parties' Motion to Compel Discovery from Non-Party Original Equipment Manufacturers (*see, e.g.*, ECF No. 1185).

[3] The subpoenaed entities subject to the Motion refer to themselves as SSEs, consisting of: (i) original equipment manufacturers ("OEMs"); (ii) Domestic Distributors; (iii) Truck and Equipment SSEs; (iv) non-OEMs and other affiliates ("Non-Core SSEs"); and (v) SSEs with smaller market shares in the United States ("Smaller SSEs").  *See* ECF 1227-2.

compel regarding Request Nos. 27 and 31 in the uniform subpoena served on the SSEs[4] (collectively, the "Motions");

WHEREAS, on February 19, 2016, the SSEs subject to the Motions[5] filed several oppositions to the Motions[6];

WHEREAS, on March 11, 2016, the Parties filed replies to the Motions[7];

WHEREAS, on March 24, 2016, after having reviewed the above-referenced submissions, the Special Master held a mediation regarding the disputes raised in the Motions;

WHEREAS, after conducting several hours of mediation discussions both individually and jointly with the Plaintiffs, Defendants, and some of the SSEs, the Special Master concluded that he lacked sufficient information to rule on whether and/or to what extent to order the subpoenaed discovery from the SSEs (March 24, 2016 Hrg. Tr. at 15);

---

[4] Certain Serving Parties' Motion to Compel Discovery from Non-Party Original Equipment Manufacturers (ECF Nos. 1187 and 1188).

[5] *See* Exhibit 1227-2 to The Specified Subpoenaed Entities' Joint Opposition to the Parties' Motions to Compel (*see, e.g.*, ECF No. 1227-2) (listing SSEs subject to the Motion).

[6] The Specified Subpoenaed Entities' Joint Opposition to the Parties' Motions to Compel (*see, e.g.*, ECF No. 1227); Memorandum of Smaller Subpoenaed Entities in Opposition to the Parties' Motion to Compel Discovery from Non-Party Original Equipment Manufacturers and Certain Serving Parties' Motion to Compel Discovery from Non-Party Original Equipment Manufacturers (*see, e.g.*, ECF No. 1223); Non-OEM Domestic Distributors' Opposition to the Parties' Motions to Compel Discovery From Non-Party Original Equipment Manufacturers (*see, e.g.*, ECF No. 1224); Opposition to the Parties' Motions to Compel by Specifically Subpoenaed Entities Whom the Parties Describe as "Non-Core" (*see, e.g.*, ECF No. 1230); Opposition to Motion to Compel by Non-Party Truck and Equipment Specified Subpoenaed Entities (*see, e.g.*, ECF No. 1226); *see also* Defendants' Opposition to Certain Serving Parties' Motion to Compel Discovery from Non-Party Original Equipment Manufacturers (*see, e.g.*, ECF No. 1216).

[7] End-Payor Plaintiffs' Reply in Support of the Parties' Motion to Compel Discovery from Non-Party Original Equipment Manufacturers (*see, e.g.*, ECF No. 1250); Defendants' Reply in Support of the Parties' Motion to Compel Discovery from Non-Party Original Equipment Manufacturers (*see, e.g.*, ECF No. 1246); Certain Serving Parties' Reply in Support of Motion to Compel Discovery From Non-Party Original Equipment Manufacturers (*see, e.g.*, ECF No. 1254).

WHEREAS, on March 24, 2016, following the mediation, the Special Master held a hearing regarding the disputes raised in the Motions, during which he heard arguments from the various SSEs, and then issued his rulings on the Motions including compelling Rule 30(b)(6) deposition testimony from certain SSEs;

WHEREAS, on April 15, 2016, the Parties and the SSEs submitted proposed draft orders to the Special Master for consideration;

WHEREAS, on April 20, 2016, the Special Master entered the Order Regarding Serving Parties' Motion to Compel Discovery from Non-Party OEMs and Ordering Rule 30(b)(6) Deposition of Certain Non-Party OEM Families, ECF No. 1294 (the "Master's Order");

WHEREAS, on May 4, 2016, the SSEs subject to the Master's Order filed several objections to the Master's Order (the "Objections")[8];

WHEREAS, on May 16, 2016, the Parties filed an opposition to the SSEs' Objections[9];

WHEREAS, on May 23, 2016, the SSEs filed their replies in further support of their Objections[10];

---

[8] The Specified Subpoenaed Entities' Joint Objection to the Special Master's April 20 Order (*see*, *e.g.*, ECF No. 1316); Domestic Distributors and Non-Core SSE's Objections to Special Master's Order (*see*, *e.g.*, ECF No. 1328); Daimler Entities' Joinder to Joint Objection and Domestic Distributors and Non-Core SSE's Objections (*see*, *e.g.*, ECF No. 1329); Daimler Truck Entities' Objections to Special Master's Order (*see*, *e.g.*, ECF No. 1318); General Motors' Separate Statement Regarding Objections to the Special Master's Order (*see*, *e.g.*, ECF No. 1327); Hyundai Motor Manufacturing Alabama, LLC's Objections to the Special Master's Order (*see*, *e.g.*, ECF No. 1320); Kia Motors Manufacturing Georgia, Inc.'s Separately Filed Objections to Special Master's Order (*see*, *e.g.*, ECF No. 1321); Honda's Separate Statement Regarding Objections to the Special Master's Order (*see*, *e.g.*, ECF No. 1314); Nissan Entities' Joinder in Objection (*see*, *e.g.*, ECF No. 1315).

[9] The Parties' Response to Objections to the Special Master's April 20, 2016 Order Regarding 30(b)(6) Depositions (*see*, *e.g.*, ECF No. 1354).

[10] The Specified Subpoenaed Entities' Reply in Support of Joint Objection to the Special Master's April 20 Order (*see*, *e.g.*, ECF No. 1372); Domestic Distributors and Non-Core SSE's Reply in Support of Objections to Special Master's Order (*see*, *e.g.*, ECF No. 1381); Daimler

WHEREAS, on June 23, 2016, the Court held a hearing regarding the disputes raised in the Objections during which the Court heard argument from the various SSEs and Parties, and then issued its rulings on the Objections;

WHEREAS, at the June 23, 2016 hearing, the Court ordered that the Parties may serve Rule 45 subpoenas and conduct 30(b)(6) depositions of the Chrysler, GM, Honda, Nissan, Subaru, and Toyota Groups, as defined herein.

**IT IS HEREBY ORDERED AS FOLLOWS:**

A.    The Master's Order is vacated.

B.    The Parties collectively may serve on each entity within the following OEM Groups from which the Parties seek Rule 30(b)(6) testimony a deposition notice and subpoena pursuant to Federal Rule of Civil Procedure 45. "OEM Groups" shall mean:

1.    Chrysler (the "Chrysler Group," consisting of:  FCA US LLC);

2.    GM (the "GM Group," consisting of:  General Motors Company; General Motors Holdings LLC; General Motors LLC);

3.    Honda (the "Honda Group," consisting of: American Honda Motor Co., Inc.; Honda Manufacturing of Indiana, LLC; Honda North America, Inc.; Honda of America Mfg., Inc.; Honda of South Carolina Mfg., Inc.; Honda

---

Truck Entities' Reply in Support of Objections to Special Master's Order (*see*, *e.g.*, ECF No. 1379); General Motors' Reply in Support of Separate Statement Regarding Objections to the Special Master's Order (*see*, *e.g.*, ECF No. 1374); Hyundai Motor Manufacturing Alabama, LLC's Reply in Support of Objections to Special Master's Order (*see*, *e.g.*, ECF No. 1376); Kia Motors Manufacturing Georgia, Inc.'s Reply in Support of Separately Filed Objections to Special Master's Order (*see*, *e.g.*, ECF No. 1378); Nissan Entities' Joinder in Replies filed by Certain SSEs (*see*, *e.g.*, ECF No. 1371); Reply of Hino Motors Manufacturing U.S.A., Inc. (*see*, *e.g.*, ECF No. 1370).

Precision Parts of Georgia, LLC; Honda R&D Americas, Inc.; Honda Research Institute USA, Inc.; Honda Transmission Manufacturing of America, Inc.);

4.     Nissan (the "Nissan Group," consisting of: Nissan North America, Inc.; Nissan Design America, Inc. (part of NNA); Nissan Technical Center North America, Inc. (part of NNA); Nissan Diesel America, Inc. (part of NNA);

5.     Subaru (the "Subaru Group," consisting of: Subaru of America, Inc., Subaru of Indiana Automotive, Inc.); and

6.     Toyota (the "Toyota Group," consisting of: Toyota Motor Sales, USA, Inc.; Toyota Motor Engineering & Manufacturing North America, Inc.).

C.     The Parties shall serve, together with the above-referenced Rule 45 subpoenas, an outline that identifies the topics on which the Parties reasonably and in good faith expect to examine the witness in order to permit the OEM Groups to adequately prepare their corporate designee(s) and reduce the potential for disputes. The Parties shall not be precluded from asking additional questions that are not included in the outline, or modifying any question from how it may read in the outline. Any objection by an OEM Group that a question asked is either beyond the scope of the outline, or was not fairly revealed in sufficient detail in the outline, may be noted on the record but shall not be a basis for declining to answer.

D.     The Parties collectively may take one (1) Rule 30(b)(6) deposition of each OEM Group lasting up to fourteen (14) hours over two (2) days, or however many days

5

agreed upon between the Parties and an affected OEM Group, respecting the following fields of inquiry:

1.   Transactional purchase data for the Auto Part Products[11] at issue;

2.   Procurement process, supplier selection, and price adjustments information for the Auto Part Products at issue;

3.   Vehicle manufacturing costs information;

4.   Vehicle pricing process information, including information relating to the process for setting and adjusting pricing, and documents related thereto;

5.   Transactional sales data for sales of vehicles:

    a.   from OEMs to automobile dealers and truck and equipment dealers;

    b.   from OEMs to distributors;

    c.   from distributors to automobile dealers and truck and equipment dealers;

    d.   from automobile dealers and truck and equipment dealers to end-consumers;

    e.   from OEMs to end-consumers (*e.g.*, fleet buyers); and

    f.   from distributors to end consumers.

---

[11] The term "Auto Part Products" means the specific automotive part, including truck and equipment parts, to which each Lead Case (as defined in the March 22, 2016 Electronic Case Management Protocol Order, Master File No. 2:12-md-02311, ECF No. 1262) is related in the Auto Parts Cases. Auto Parts Cases shall mean all cases that are consolidated or coordinated into *In re Automotive Parts Antitrust Litigation* and including, without limitation, 2:15-cv-12893 and 2:15-cv-003200 (Automotive Hoses); 2:15-cv-13000 (Automotive Brake Hoses); 2:15-cv-14080, 2:16-cv-11256 and 2:15-cv-03300 (Shock Absorbers)l 2:16-cv-10456, 2:16-cv-11260 and 2:16-cv-03400 (Body Sealings) and 2:16-cv-10461, 4:16-cv-11257 and 2:16-cv-03500 (Plastic Interior Trim Parts); 2:16-cv-11082 and 2:16-cv-11087 (Exhaust Systems).

E.  Questions on these topics shall be limited to the format, volume, physical location, time period, status of system on which the data is maintained (*i.e.,* current or legacy systems), individuals responsible for generating and maintaining data systems and documents, custodians likely to be in possession of documents at issue, and cost estimates and burden associated with production.

F.  The allotted time for each deposition shall be divided equally between Plaintiffs (collectively) and Defendants (collectively). If, at the end of the deposition, one side has not used all of its allotted time, the Parties will confer regarding said remaining time.

G.  Each hour of examination time of any corporate representative whose examination is conducted through an interpreter shall count as 7/13's of an hour toward the maximum time for the Rule 30(b)(6) deposition of the particular OEM Group.

H.  Unless the Parties and an affected OEM Group agree to a different schedule: (1) the Parties must serve any Rule 45 subpoena permitted in this Order, along with the outline specified in Paragraph C, within 7 days following entry of this Order; (2) the period during which depositions of each OEM Group entity taken pursuant to the Rule 45 deposition subpoenas provided for in Section B herein shall begin thirty (30) days from service of the subpoena (the "Commencement Date"); and (3) shall be completed within 45 days following the Commencement Date.

I.  Unless the Parties and an affected OEM Group agree otherwise, the location of each OEM Group's 30(b)(6) deposition is subject to the jurisdictional limits of Rule 45 as applied to the individual members of an OEM Group.

J.     The costs incurred by the corporate designee(s) of attending the deposition shall be allocated equally between the Parties and the OEM Groups (i.e. 50% allocated to the Parties and 50% allocated to the OEM Groups), and any dispute concerning such allocation may be raised by appropriate motion. Said costs do not include attorneys' fees or other costs incurred by attorneys in connection with their preparation for and attendance at the deposition.

The Parties' Motions, ECF Nos. 1185 and 1187, and the Serving Parties' pending document subpoenas to the subpoenaed entities remain before the Special Master pending completion of the 30(b)(6) depositions under this Order.

DATED: August __, 2016

_____
The Honorable Marianne O. Battani
U.S. District Court Judge