## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | | |
|---|---|---|
| IN RE: AUTOMOTIVE PARTS ANTITRUST LITIGATION | : | No. 12-md-02311 |
| | : | Hon. Marianne O. Battani |
| IN RE: WIRE HARNESS | : | Case No. 2:12-cv-00103 |
| IN RE: INSTRUMENT PANEL CLUSTERS | : | Case No. 2:12-cv-00203 |
| IN RE: FUEL SENDERS | : | Case No. 2:12-cv-00303 |
| IN RE: HEATER CONTROL PANELS | : | Case No. 2:12-cv-00403 |
| IN RE: BEARINGS | : | Case No. 2:12-cv-00503 |
| IN RE: OCCUPANT SAFETY SYSTEMS | : | Case No. 2:12-cv-00603 |
| IN RE: ALTERNATORS | : | Case No. 2:13-cv-00703 |
| IN RE: WINDSHIELD WIPERS | : | Case No. 2:13-cv-00903 |
| IN RE: RADIATORS | : | Case No. 2:13-cv-01003 |
| IN RE: STARTERS | : | Case No. 2:13-cv-01103 |
| IN RE: SWITCHES | : | Case No. 2:13-cv-01303 |
| IN RE: IGNITION COILS | : | Case No. 2:13-cv-01403 |
| IN RE: MOTOR GENERATORS | : | Case No. 2:13-cv-01503 |
| IN RE: STEERING ANGLE SENSORS | : | Case No. 2:13-cv-01603 |
| IN RE: HID BALLASTS | : | Case No. 2:13-cv-01703 |
| IN RE: INVERTERS | : | Case No. 2:13-cv-01803 |
| IN RE: ELECTRONIC POWERED STEERING ASSEMBLIES | : | Case No. 2:13-cv-01903 |
| IN RE: AIR FLOW METERS | : | Case No. 2:13-cv-02003 |
| IN RE: FAN MOTORS | : | Case No. 2:13-cv-02103 |
| IN RE: FUEL INJECTION SYSTEMS | : | Case No. 2:13-cv-02203 |
| IN RE: POWER WINDOW MOTORS | : | Case No. 2:13-cv-02303 |
| IN RE: AUTOMATIC TRANSMISSION FLUID WARMERS | : | Case No. 2:13-cv-02403 |
| IN RE: VALVE TIMING CONTROL DEVICES | : | Case No. 2:13-cv-02503 |
| IN RE: ELECTRONIC THROTTLE BODIES | : | Case No. 2:13-cv-02603 |
| IN RE: AIR CONDITIONING SYSTEMS | : | Case No. 2:13-cv-02703 |
| IN RE: WINDSHIELD WASHER SYSTEMS | : | Case No. 2:13-cv-02803 |
| IN RE: SPARK PLUGS | : | Case No. 2:15-cv-03003 |
| IN RE: CERAMIC SUBSTRATES | : | Case No. 2:16-cv-03803 |
| | : | |
| | : | |
| THIS DOCUMENT RELATES TO: | : | |
| ALL END-PAYOR ACTIONS | : | |

## END-PAYOR PLAINTIFFS' AMENDED MOTION FOR APPROVAL
## OF PLAN OF ALLOCATION OF SETTLEMENT PROCEEDS

Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, End-Payor Plaintiffs hereby respectfully move the Court to approve a plan of allocation of the proceeds of the settlements between the End-Payor Plaintiffs and defendants as to which the Court has granted final approval. It is expected that the Plan of Allocation would apply to any future settlements adjusted to take into account any additional automotive parts that are encompassed by those settlements.

Dated: September 21, 2016

By: /s/Steven N. Williams
Steven N. Williams
Demetrius X. Lambrinos
Elizabeth Tran
**COTCHETT, PITRE & McCARTHY, LLP**
San Francisco Airport Office Center
840 Malcolm Road, Suite 200
Burlingame, CA 94010
Telephone: (650) 697-6000
Facsimile: (650) 697-0577
swilliams@cpmlegal.com
dlambrinos@cpmlegal.com
etran@cpmlegal.com

By: /s/Hollis Salzman
Hollis Salzman
Bernard Persky
William V. Reiss
**ROBINS KAPLAN LLP**
601 Lexington Avenue, Suite 3400
New York, NY 10022
Telephone: (212) 980-7400
Facsimile: (212) 980-7499
hsalzman@robinskaplan.com
bpersky@robinskaplan.com
wreiss@robinskaplan.com

By: /s/Marc M. Seltzer
Marc M. Seltzer
Steven G. Sklaver
**SUSMAN GODFREY L.L.P.**
1901 Avenue of the Stars, Suite 950
Los Angeles, CA 90067-6029
Telephone: (310) 789-3100
Facsimile: (310) 789-3150
mseltzer@susmangodfrey.com
ssklaver@susmangodfrey.com

Terrell W. Oxford
Chanler A. Langham

2

Omar Ochoa
**SUSMAN GODFREY L.L.P.**
1000 Louisiana Street, Suite 5100
Houston, Texas 77002
Telephone: (713) 651-9366
Facsimile: (713) 651-6666
toxford@susmangodfrey.com
clangham@susmangodfrey.com
oochoa@susmangodfrey.com

*Interim Co-Lead Class Counsel for the End-Payor Plaintiff Classes*


By: */s/ Devon P. Allard*
E. Powell Miller
Devon P. Allard
**THE MILLER LAW FIRM, P.C.**
950 W. University Dr., Ste. 300
Rochester, Michigan 48307
Telephone: (248) 841-2200
Facsimile: (248) 652-2852
epm@millerlawpc.com
dpa@@millerlawpc.com

*Interim Liaison Counsel for the End-Payor Plaintiff Classes*

3

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | | |
|---|---|---|
| IN RE: AUTOMOTIVE PARTS ANTITRUST LITIGATION | : | Master File No. 12-md-02311 Honorable Marianne O. Battani |
| | : | |
| IN RE: WIRE HARNESS | : | Case No. 2:12-cv-00103-MOB-MKM |
| IN RE: INSTRUMENT PANEL CLUSTERS | : | Case No. 2:12-cv-00203-MOB-MKM |
| IN RE: FUEL SENDERS | : | Case No. 2:12-cv-00303-MOB-MKM |
| IN RE: HEATER CONTROL PANELS | : | Case No. 2:12-cv-00403-MOB-MKM |
| IN RE: OCCUPANT SAFETY RESTRAINT SYSTEMS | : | Case No. 2:12-cv-00603-MOB-MKM |
| IN RE: ALTERNATORS | : | Case No. 2:13-cv-00703-MOB-MKM |
| IN RE: RADIATORS | : | Case No. 2:13-cv-01003-MOB-MKM |
| IN RE: STARTERS | : | Case No. 2:13-cv-01103-MOB-MKM |
| IN RE: SWITCHES | : | Case No. 2:13-cv-01303-MOB-MKM |
| IN RE: IGNITION COILS | : | Case No. 2:13-cv-01403-MOB-MKM |
| IN RE: MOTOR GENERATORS | : | Case No. 2:13-cv-01503-MOB-MKM |
| IN RE: STEERING ANGLE SENSORS | : | Case No. 2:13-cv-01603-MOB-MKM |
| IN RE: HID BALLASTS | : | Case No. 2:13-cv-01703-MOB-MKM |
| IN RE: INVERTERS | : | Case No. 2:13-cv-01803-MOB-MKM |
| IN RE: AIR FLOW METERS | : | Case No. 2:13-cv-02003-MOB-MKM |
| IN RE: FUEL INJECTION SYSTEMS | : | Case No. 2:13-cv-02203-MOB-MKM |
| IN RE: AUTOMATIC TRANSMISSION FLUID WARMERS | : | Case No. 2:13-cv-02403-MOB-MKM |
| IN RE: VALVE TIMING CONTROL DEVICES | : | Case No. 2:13-cv-02503-MOB-MKM |
| IN RE: ELECTRONIC THROTTLE BODIES | : | Case No. 2:13-cv-02603-MOB-MKM |
| | : | |
| THIS DOCUMENT RELATES TO: ALL END-PAYOR ACTIONS | : | |

## END-PAYOR PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION FOR APPROVAL OF PLAN OF ALLOCATION OF SETTLEMENT PROCEEDS

### Statement of Issues

1.  Whether the Plan of Allocation proposed by the End-Payor Plaintiffs for the distribution of the proceeds of settlements is fair, reasonable and adequate under Fed. R. Civ. P. 23?

**<u>Controlling or Most Appropriate Authorities</u>**

*In re Cardizem CD Antitrust Litig.*, 218 F.R.D. 508 (E.D. Mich. 2003)

*In re Packaged Ice Antitrust Litig.*, No. 08-MD-01952, 2011 WL 717519 (E.D. Mich. Feb. 22, 2011)

## <u>Table of Contents</u>

Statement of Issues ..................................................................................................... i

Controlling or Most Appropriate Authorities ............................................................ ii

Table of Contents ...................................................................................................... iii

Table of Authorities .................................................................................................. iv

BACKGROUND ..........................................................................................................1

ARGUMENT ................................................................................................................3

      I.     The Court Should Approve EPPs' Plan of Allocation for the Distribution of Settlement Funds. ...........................................................3

      II.    The Plan of Allocation of the settlement proceeds. ...............................5

            A.     *Settlement Class Member qualifications.*.....................................6

            B.     *Calculating the Allowed Claim Amount.* ....................................7

      III.   The Plan of Allocation is Fair, Reasonable, and Adequate. ...................8

## Table of Authorities

Cases

*In re Aetna, Inc.*,
    No. Civ. A. MDL 1219, 2001 WL 20928 (E.D. Pa. Jan.4, 2001)......................................... 4

*In re Airline Ticket Comm'n Antitrust Litig.*,
    953 F. Supp. 280 (D. Minn. 1997).................................................................................... 5

*In re Cardizem CD Antitrust Litig.*,
    218 F.R.D. 508 (E.D. Mich. 2003) ............................................................................. ii, 4, 5

*In re Ikon Office Solutions Sec. Litig.*,
    194 F.R.D. 166 (E.D. Pa. 2000)....................................................................................... 4

*In re Oracle Sec. Litig.*,
    1994 WL 502054, AT (N.D. Cal. June 18, 1994)............................................................. 4

*In re Packaged Ice Antitrust Litig.*,
    No. 08-MD-01952, 2011 WL 6209188 (E.D. Mich. Dec. 13, 2011) ........................... 4, 5

*In re Packaged Ice Antitrust Litig.*,
    No. 08-MD-01952, 2011 WL 717519 (E.D. Mich. Feb. 22, 2011).................................... ii

*In re Warfarin Sodium Antitrust Litig.*,
    391 F.3d 516 (3d Cir. 2004)............................................................................................ 4

*Meijer, Inc. v. 3M*,
    Civ. No. 04-5871, 2006 WL 2382718 ............................................................................. 4

*Sullivan v. DB Investments, Inc.*,
    667 F.3d 273 (3d Cir. 2011)............................................................................................ 4

*Walsh v. Great Atl. & Pac. Tea Co., Inc.*,
    726 F.2d 956 (3d Cir.1983)............................................................................................. 4

Rules

Fed. R. Civ. P. 23 ................................................................................................................ i, 4

Rule 23(e) of the Federal Rules of Civil Procedure................................................................. 1

Other Authorities

3 Newberg on Class Actions, § 8:45 (4th ed. 2011) .............................................................. 4

Manual for Complex Litigation § 21.651 (4th ed. 2014)........................................................ 6

## BACKGROUND

The Court previously granted final approval to the settlements reached with several defendants (the "Round 1 Settling Defendants"). Those settlements encompass a number of the automotive component parts at issue in the *Auto Parts Antitrust Litigation*. During the final approval process, the End-Payor Plaintiffs ("EPPs") indicated they would propose a plan of allocation of the proceeds of those settlements. EPPs now seek approval by the Court of a Plan of Allocation, attached as Exhibit A to this motion, for the settlement funds covering the parts (the "Automotive Parts") and Settling Defendants described below.[1] Each Automotive Part and corresponding Settling Defendant is the subject of claims by the members of separate Settlement Classes. The chart below reflects the 25 Settlement Classes subject to this motion.

| Round 1 Settling Defendants | Automotive Parts |
|---|---|
| Autoliv | Occupant Safety Systems |
| Fujikura | Automotive Wire Harness Systems |
| HIAMS | Air Flow Meters |
| | Alternators |
| | Electronic Throttle Bodies |
| | Fuel Injection Systems |
| | Ignition Coils |
| | Inverters |
| | Motor Generators |
| | Starters |

---

[1] The Settling Defendants are: Nippon Seiki Company Ltd., N.S. International, Ltd., and New Sabina Industries, Inc. (collectively, "Nippon Seiki"); Lear Corporation ("Lear"); Kyungshin-Lear Sales and Engineering, LLC ("KL Sales"); Autoliv, Inc., Autoliv ASP, Inc., Autoliv B.V. & Co. KG, Autoliv Safety Technology, Inc., and Autoliv Japan Ltd (collectively, "Autoliv"); TRW Deutschland Holding GmbH and ZF TRW Automotive Holdings Corp. (f/k/a TRW Automotive Holdings Corp.) (collectively, "TRW"); Yazaki Corporation and Yazaki North America, Inc. (collectively, "Yazaki"); Panasonic Corporation and Panasonic Corporation of North America (collectively, "Panasonic"); Hitachi Automotive Systems, Ltd. ("HIAMS"); T. RAD Co., Ltd. and T.RAD North America, Inc. (collectively, "T.RAD"); Fujikura Ltd. and Fujikura Automotive America LLC (collectively, "Fujikura"), and Sumitomo Electric Industries, Ltd., Sumitomo Wiring Systems, Ltd.; Sumitomo Electric Wiring Systems, Inc. (incorporating K&S Wiring Systems, Inc.); Sumitomo Wiring Systems (U.S.A.) Inc. (collectively, "Sumitomo").

1

|  | Valve Timing Control Devices |
| --- | --- |
| KL Sales | Automotive Wire Harness Systems |
| Lear | Automotive Wire Harness Systems |
| Nippon Seiki | Instrument Panel Clusters |
| Panasonic | HID Ballasts |
|  | Steering Angle Sensors |
|  | Switches |
| Sumitomo | Automotive Wire Harness Systems |
|  | Heater Control Panels |
| T.RAD | ATF Warmers |
|  | Radiators |
| TRW | Occupant Safety Systems |
| Yazaki | Automotive Wire Harness Systems |
|  | Fuel Senders |
|  | Instrument Panel Clusters |

In addition, pending before the Court are EPP motions for preliminary approval of settlements with additional defendants (the "Round 2 Settling Defendants"). Each Automotive Part and corresponding Round 2 Settling Defendant is the subject of claims by members of separate Settlement Classes. Assuming that the Round 2 Settlements are ultimately approved by the Court, the chart below reflects the 38 Settlement Classes subject to this Plan of Allocation.[2]

| Round 2 Settling Defendants | Automotive Parts |
| --- | --- |
| Aisin Seiki | Valve Timing Control Devices |
| DENSO | Air Conditioning Systems |
|  | Alternators |
|  | ATF Warmers |
|  | Automotive Wire Harness Systems |
|  | Ceramic Substrates |
|  | Fan Motors |
|  | Fuel Injection Systems |
|  | Fuel Senders |
|  | Heater Control Panels |

---

[2] EPPs have filed motions for preliminary approval of the Round 2 Settlements and these motions are unopposed. In addition, EPPs anticipate that they will shortly file motions for preliminary approval with additional settling defendants not referenced herein. EPPs intend for the Plan of Allocation to apply to any additional settlements ultimately approved by the Court.

2

| Round 2 Settling Defendants | Automotive Parts |
|---|---|
|  | HID Ballasts |
|  | Ignition Coils |
|  | Instrument Panel Clusters |
|  | Inverters |
|  | Motor Generators |
|  | Power Window Motors |
|  | Radiators |
|  | Spark Plugs, Oxygen Sensors, and Air Fuel Ratio Sensors |
|  | Starters |
|  | Valve Timing Control Devices |
|  | Windshield Washer Systems |
|  | Windshield Wiper Systems |
| Furukawa | Automotive Wire Harness Systems |
| G.S. Electech | Automotive Wire Harness Systems |
| LEONI | Automotive Wire Harness Systems |
| MELCO | Alternators |
|  | Automotive Wire Harness Systems |
|  | Electronic Powered Steering Assemblies |
|  | Fuel Injection Systems |
|  | HID Ballasts |
|  | Ignition Coils |
|  | Starters |
|  | Valve Timing Control Devices |
| NSK | Automotive Bearings |
|  | Electronic Powered Steering Assemblies |
| Omron | Power Window Switches |
| Schaeffler | Automotive Bearings |
| Sumitomo Riko | Anti-Vibrational Rubber Parts |
| Tokai Rika | Automotive Wire Harness Systems |
| Valeo | Air Conditioning Systems |

**ARGUMENT**

I.    **The Court Should Approve EPPs' Plan of Allocation for the Distribution of Settlement Funds.**

3

Under Rule 23, "[a]pproval of a plan of allocation of a settlement fund in a class action is governed by the same standards of review applicable to approval of the settlement as a whole; the distribution plan must be fair, reasonable and adequate." *In re Packaged Ice Antitrust Litig.*, No. 08-MD-01952, 2011 WL 6209188, at *15-16 (E.D. Mich. Dec. 13, 2011) (quoting *Meijer, Inc. v. 3M*, Civ. No. 04-5871, 2006 WL 2382718, at*17 (E.D. Pa. 2006)); *In re Ikon Office Solutions Sec. Litig.*, 194 F.R.D. 166, 184 (E.D. Pa. 2000)). The purpose of a plan of allocation is to create a method that will permit the equitable distribution of settlement proceeds to all eligible members of the class. Accordingly, as courts have observed, "[a] district court's 'principal obligation' in approving a plan of allocation 'is simply to ensure that the fund distribution is fair and reasonable as to all participants in the fund.'" *Sullivan v. DB Investments, Inc.*, 667 F.3d 273, 326 (3d Cir. 2011) (quoting *Walsh v. Great Atl. & Pac. Tea Co., Inc.,* 726 F.2d 956, 964 (3d Cir.1983)); *see also In re Warfarin Sodium Antitrust Litig.*, 391 F.3d 516, 539 (3d Cir. 2004).

"'Courts generally consider plans of allocation that reimburse class members based on the type and extent of their injuries to be reasonable.'" *In re Packaged Ice Antitrust Litig.*, 2011 WL 6209188, at *15 (quoting *In re Aetna, Inc.*, No. Civ. A. MDL 1219, 2001 WL 20928, at *12 (E.D. Pa. Jan.4, 2001)). *See also In re Oracle Sec. Litig.,* 1994 WL 502054, AT *1 (N.D. Cal. June 18, 1994) ("A plan of allocation that reimburses class members based on the extent of their injuries is generally reasonable."). "Typically, a class recovery in antitrust or securities suits will divide the common fund on a *pro rata* basis among all who timely file eligible claims, thus leaving no unclaimed funds." *In re Packaged Ice Antitrust Litig.*, at *12 (quoting 3 Newberg on Class Actions, § 8:45 (4th ed. 2011)); *see also In re Cardizem CD Antitrust Litig.*, 218 F.R.D. 508, 531 (E.D. Mich. 2003) (approving a plan of allocation that adopted a *pro rata* method for calculating each class member's share of the settlement fund as fair and reasonable). As a result,

courts in this district have previously held that using a *pro rata* formula for calculating each class member's share of a settlement fund is fair and reasonable. *See In Re Packaged Ice Antitrust Litig.*, at *15; *In re Cardizem*, 218 F.R.D. at 531.

Here, Plaintiffs propose that settlement funds be allocated based on the purchases or leases of new Vehicles (defined below) which contain the parts manufactured or sold by a Settling Defendant and covered by the settlements or purchases of replacement parts manufactured or sold by a Settling Defendant and covered by the settlements, with certain purchases or leases being weighted more heavily based on the evaluation by Plaintiffs' Co-Lead Counsel of the relative strength and weakness of certain class member claims (described below). Those weightings are based on information obtained by Plaintiffs' Co-Lead Counsel regarding vehicles that were specifically targeted by the collusive conduct of defendants. Such weightings are appropriate in class action cases. *See, e.g., In re Airline Ticket Comm'n Antitrust Litig.*, 953 F. Supp. 280, 285 (D. Minn. 1997). Thus, the allocation plan is fair, reasonable and adequate.

## II.    The Plan of Allocation of the settlement proceeds.

EPPs respectfully request that the Court approve the Plan of Allocation proposed by Plaintiffs' Co-Lead Counsel. The Plan of Allocation provides how Settlement Class Members may qualify to receive a distribution from the settlement funds and how payments to qualified Settlement Class Members will be calculated. The Plan of Allocation also provides that proceeds be distributed subsequent to the following events:

(1)    final approval of settlements by the Court and/or final judgment in each Automotive Parts case and the expiration of any period for further review or appeal of the Court's orders of approval and/or final judgments or the resolution of any such review or appeal;

(2)    receipt of Claim Forms by the Claims Administrator;

(3)    review of the Claim Forms by the Claims Administrator and the determination of the amounts recommended to be paid to claimants; and

(4)     approval by the Court of the Claims Administrator's recommendations as
to the amounts to be paid to claimants.

Plaintiffs propose that distribution of the net settlement funds to class members ultimately be deferred until the conclusion of the *Auto Parts Antitrust Litigation* or at a subsequent time to be proposed by Plaintiffs' Co-Lead Counsel and approved by the Court when there will likely be additional funds to distribute, because piecemeal distribution will increase the expense of claims administration and may cause confusion among class members. Until the time of distribution, the settlement funds will accrue interest for the benefit of the Settlement Classes. Deferring the distribution of settlement funds is a common practice in cases where claims against other defendants remain to be litigated. *See* Manual for Complex Litigation (Fourth Ed.) § 21.651 (2014).

A.  *Settlement Class Member qualifications.*

The Plan of Allocation provides for the distribution of its net settlement funds on a *pro rata* basis to qualified members of the Settlement Classes, defined as "Authorized Claimants" under the Plan of Allocation. To be considered an Authorized Claimant, Settlement Class Members must submit timely and valid claim forms for new four-wheeled passenger automobiles, light trucks, pickup trucks, crossovers, vans, mini-vans or sport utility vehicles (collectively, the "Vehicles") purchased or leased (not for resale) during Class Periods applicable to the Settlement Classes for such Automotive Parts. Information about which Vehicles contain the Automotive Parts manufactured or sold by the Settling Defendants and that are the subject of the settlements will be available to class members on the *Auto Parts Antitrust Litigation* website, www.autopartsclass.com ("Class Website").[3] Settlement Class Members may also make claims

---

[3] A toll-free telephone number will also be available to Settlement Class members who wish to obtain information about whether their Vehicles qualify for payment under the settlements.

based on the indirect purchase (not for resale) of any replacement Automotive Parts manufactured or sold by the respective Settling Defendants.

In addition to these purchase or lease qualifications, only those Class Members who purchased or leased a new Vehicle or purchased a replacement part while residing in the states that allow indirect purchasers to sue for damages will be entitled to share in the Net Settlement Funds.[4] Those states are: Arizona, Arkansas, California, District of Columbia, Florida, Hawaii, Illinois, Iowa, Kansas, Maine, Massachusetts, Michigan, Minnesota, Mississippi, Missouri, Montana, Nebraska, Nevada, New Hampshire, New Mexico, New York, North Carolina, North Dakota, Oregon, South Carolina, South Dakota, Tennessee, Utah, Vermont, West Virginia, and Wisconsin.

B.  *Calculating the Allowed Claim Amount.*

Authorized Claimants will share and share alike on a *pro rata* basis in the net settlement funds established for each Settlement Class of which they are members based on their "Allowed Claim Amount." Under the Plan of Allocation, the Allowed Claim Amount is based on the total number of new Vehicles containing the relevant part the Authorized Claimant purchased or leased, with the purchase or lease of certain Vehicles receiving more weight based on the evaluation by Plaintiffs' Co-Lead Counsel of the relative strengths and weaknesses of the claims of members of the Settlement Classes, plus the total number of replacement parts the Authorized Claimant purchased. With respect to the specific Vehicles containing Automotive Parts which were targeted by the collusive conduct of Defendants, the per vehicle Allowed Claim Amount for the purchase or lease of such Vehicles will be weighted at four times the Allowed Claim Amount for other Vehicles. This weighting is based on information obtained by Plaintiffs' Co-

---

[4] Or, as to businesses, where the principal place of business was located at the time of the purchase or lease.

Lead Counsel during discovery as well as through cooperation provided by the Settling Defendants regarding which vehicles were specifically targeted by the collusive conduct of defendants. Although all persons who purchased or leased new Vehicles not for resale were affected by the conspiracy and are therefore members of one or more classes, some class members were more affected than others, which is reflected in this weighting. The specific Vehicles containing parts that were the targets of Defendants' collusive conduct will be available on the Class Website.

Ultimately, an Authorized Claimant will be paid a percentage of the net settlement funds, calculated based on the ratio of Authorized Claimant's Allowed Claim Amount to the total of the Allowed Claim Amounts of all Authorized Claimants who are members of the particular Settlement Class.

## III.    The Plan of Allocation is Fair, Reasonable, and Adequate.

The Plan of Allocation as proposed by the Plaintiffs' Co-Lead Counsel is fair, reasonable and adequate. The Plan of Allocation allocates the net settlement funds based on the volume of purchases or leases by members of the Settlement Classes, *i.e.,* the more Vehicles purchased or leased, or the more replacement parts purchased, the more a Settlement Class member may receive. The Plan of Allocation's approach also provides reimbursement to the eligible members of the Settlement Classes based on information obtained by Plaintiffs' Co-Lead Counsel regarding the relative extent of the injuries they sustained as a result of Defendants' collusive conduct.

Thus, purchases or leases of Vehicles for which there is evidence of collusive conduct by defendants will receive more weight. This approach provides a fair, reasonable and adequate method for allocating settlement funds among Settlement Class members.  The claim process set

forth in the Plan of Allocation, as well as the information available on the Class Website, is also designed to minimize the burden on Settlement Class Members in making a claim.

The distribution contemplated by the Plan of Allocation is fair, reasonable and adequate as to all qualified participants who will share in the net settlement funds, and is similar to plans of allocation previously approved by courts in this district and elsewhere in the United States. If the Plan of Allocation is approved by the Court, it is anticipated that Plaintiffs' Co-Lead Class Counsel would seek Court approval to apply the Plan of Allocation to any future settlements, adjusted to take into account any additional automotive parts that are encompassed by those settlements.

Plaintiffs therefore respectfully submit that it should be approved by the Court.

Date: September 21, 2016             Respectfully submitted,

                                     By:  */s/Steven N. Williams*
                                          Steven N. Williams
                                          Demetrius X. Lambrinos
                                          Elizabeth Tran
                                          **COTCHETT, PITRE & McCARTHY, LLP**
                                          San Francisco Airport Office Center
                                          840 Malcolm Road, Suite 200
                                          Burlingame, CA 94010
                                          Telephone: (650) 697-6000
                                          Facsimile: (650) 697-0577
                                          swilliams@cpmlegal.com
                                          dlambrinos@cpmlegal.com
                                          etran@cpmlegal.com


                                     By:  */s/Hollis Salzman*
                                          Hollis Salzman
                                          Bernard Persky
                                          William V. Reiss
                                          **ROBINS KAPLAN LLP**
                                          601 Lexington Avenue, Suite 3400
                                          New York, NY 10022
                                          Telephone: (212) 980-7400
                                          Facsimile: (212) 980-7499
                                          hsalzman@robinskaplan.com

bpersky@robinskaplan.com
wreiss@robinskaplan.com

By: */s/Marc M. Seltzer*
      Marc M. Seltzer
      Steven G. Sklaver
      **SUSMAN GODFREY L.L.P.**
      1901 Avenue of the Stars, Suite 950
      Los Angeles, CA 90067-6029
      Telephone: (310) 789-3100
      Facsimile: (310) 789-3150
      mseltzer@susmangodfrey.com
      ssklaver@susmangodfrey.com

      Terrell W. Oxford
      Chanler A. Langham
      Omar Ochoa
      **SUSMAN GODFREY L.L.P.**
      1000 Louisiana Street, Suite 5100
      Houston, Texas 77002
      Telephone:  (713) 651-9366
      Facsimile:  (713) 651-6666
      toxford@susmangodfrey.com
      clangham@susmangodfrey.com
      oochoa@susmangodfrey.com

      *Interim Co-Lead Class Counsel for the End-Payor Plaintiff Classes*

By: */s/ Devon P. Allard*
      E. Powell Miller
      Devon P. Allard
      **THE MILLER LAW FIRM, P.C.**
      950 W. University Dr., Ste. 300
      Rochester, Michigan 48307
      Telephone: (248) 841-2200
      Facsimile:  (248) 652-2852
      epm@millerlawpc.com
      dpa@@millerlawpc.com

      *Interim Liaison Counsel for the End-Payor Plaintiff Classes*

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on September 21, 2016, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all parties of record.

/s/ Marc M. Seltzer

Marc M. Seltzer

**SUSMAN GODFREY L.L.P.**

11