UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| IN RE: AUTOMOTIVE PARTS ANTITRUST LITIGATION | : : | Master File No. 12-md-02311 Honorable Marianne O. Battani |

| | | |
|---|---|---|
| IN RE: WIRE HARNESS | : | Case No. 2:12-cv-00103-MOB-MKM |
| IN RE: INSTRUMENT PANEL CLUSTERS | : | Case No. 2:12-cv-00203-MOB-MKM |
| IN RE: FUEL SENDERS | : | Case No. 2:12-cv-00303-MOB-MKM |
| IN RE: HEATER CONTROL PANELS | : | Case No. 2:12-cv-00403-MOB-MKM |
| IN RE: OCCUPANT SAFETY RESTRAINT SYSTEMS | : | Case No. 2:12-cv-00603-MOB-MKM |
| IN RE: ALTERNATORS | : | Case No. 2:13-cv-00703-MOB-MKM |
| IN RE: RADIATORS | : | Case No. 2:13-cv-01003-MOB-MKM |
| IN RE: STARTERS | : | Case No. 2:13-cv-01103-MOB-MKM |
| IN RE: SWITCHES | : | Case No. 2:13-cv-01303-MOB-MKM |
| IN RE: IGNITION COILS | : | Case No. 2:13-cv-01403-MOB-MKM |
| IN RE: MOTOR GENERATORS | : | Case No. 2:13-cv-01503-MOB-MKM |
| IN RE: STEERING ANGLE SENSORS | : | Case No. 2:13-cv-01603-MOB-MKM |
| IN RE: HID BALLASTS | : | Case No. 2:13-cv-01703-MOB-MKM |
| IN RE: INVERTERS | : | Case No. 2:13-cv-01803-MOB-MKM |
| IN RE: AIR FLOW METERS | : | Case No. 2:13-cv-02003-MOB-MKM |
| IN RE: FUEL INJECTION SYSTEMS | : | Case No. 2:13-cv-02203-MOB-MKM |
| IN RE: AUTOMATIC TRANSMISSION FLUID WARMERS | : | Case No. 2:13-cv-02403-MOB-MKM |
| IN RE: VALVE TIMING CONTROL DEVICES | : | Case No. 2:13-cv-02503-MOB-MKM |
| IN RE: ELECTRONIC THROTTLE BODIES | : : | Case No. 2:13-cv-02603-MOB-MKM |

| | |
|---|---|
| THIS DOCUMENT RELATES TO ALL END - PAYOR ACTIONS | : : |

**MOTION BY CLASS MEMBERS/OBJECTORS OLEN YORK, AMY YORK, AND NANCY YORK: (1) TO AMEND THE COURT'S JULY 3, 2014 ELECTRONIC CASE MANAGEMENT PROTOCOL ORDER AND (2) TO ENTER ITS JUNE 20, 2016 ORDERS GRANTING FINAL APPROVAL OF EPP CLASS ACTION SETTLEMENTS AND PARTIALLY AWARDING EPP ATTORNEYS' FEES INTO MASTER FILE NO. 12-MD-02311.**

Pursuant to Rule 1 of the Federal Rules of Civil Procedure and 28 U.S. Code § 1407, Objectors/Appellants Olen York, Amy York and Nancy York ("York" or the "York Objectors") hereby respectfully move the Court for an Order:

(1) Amending the Court's July 3, 2014 electronic case management protocol order as provided hereinbelow; and

(2) Entering the Court's June 20, 2016 Orders granting final approval of EPP class action settlements and partially awarding EPP attorneys' fees into Master File No. 12-md-02311.

Dated: October 10, 2016                By:   /s/ George W. Cochran
                                                    Law Office of George W. Cochran
                                                    1385 Russell Drive
                                                    Streetsboro, Ohio 44241
                                                    Telephone:  (330) 607-2187
                                                    Facsimile:  (330) 230-6136
                                                    Email:   lawchrist@gmail.com
                                                    *Attorney for Olen York, Amy York, and Nancy York*

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| IN RE: AUTOMOTIVE PARTS ANTITRUST LITIGATION | : : | Master File No. 12-md-02311 Honorable Marianne O. Battani |

| | | |
|---|---|---|
| IN RE: WIRE HARNESS | : | Case No. 2:12-cv-00103-MOB-MKM |
| IN RE: INSTRUMENT PANEL CLUSTERS | : | Case No. 2:12-cv-00203-MOB-MKM |
| IN RE: FUEL SENDERS | : | Case No. 2:12-cv-00303-MOB-MKM |
| IN RE: HEATER CONTROL PANELS | : | Case No. 2:12-cv-00403-MOB-MKM |
| IN RE: OCCUPANT SAFETY RESTRAINT SYSTEMS | : | Case No. 2:12-cv-00603-MOB-MKM |
| IN RE: ALTERNATORS | : | Case No. 2:13-cv-00703-MOB-MKM |
| IN RE: RADIATORS | : | Case No. 2:13-cv-01003-MOB-MKM |
| IN RE: STARTERS | : | Case No. 2:13-cv-01103-MOB-MKM |
| IN RE: SWITCHES | : | Case No. 2:13-cv-01303-MOB-MKM |
| IN RE: IGNITION COILS | : | Case No. 2:13-cv-01403-MOB-MKM |
| IN RE: MOTOR GENERATORS | : | Case No. 2:13-cv-01503-MOB-MKM |
| IN RE: STEERING ANGLE SENSORS | : | Case No. 2:13-cv-01603-MOB-MKM |
| IN RE: HID BALLASTS | : | Case No. 2:13-cv-01703-MOB-MKM |
| IN RE: INVERTERS | : | Case No. 2:13-cv-01803-MOB-MKM |
| IN RE: AIR FLOW METERS | : | Case No. 2:13-cv-02003-MOB-MKM |
| IN RE: FUEL INJECTION SYSTEMS | : | Case No. 2:13-cv-02203-MOB-MKM |
| IN RE: AUTOMATIC TRANSMISSION FLUID WARMERS | : | Case No. 2:13-cv-02403-MOB-MKM |
| IN RE: VALVE TIMING CONTROL DEVICES | : | Case No. 2:13-cv-02503-MOB-MKM |
| IN RE: ELECTRONIC THROTTLE BODIES | : : | Case No. 2:13-cv-02603-MOB-MKM |

| | |
|---|---|
| THIS DOCUMENT RELATES TO ALL END - PAYOR ACTIONS | : : |

**MEMORANDUM IN SUPPORT OF MOTION BY CLASS MEMBERS/OBJECTORS OLEN YORK, AMY YORK, AND NANCY YORK: (1) TO AMEND THE COURT'S JULY 3, 2014 ELECTRONIC CASE MANAGEMENT PROTOCOL ORDER AND (2) TO ENTER ITS JUNE 20, 2016 ORDERS GRANTING FINAL APPROVAL OF EPP CLASS ACTION SETTLEMENTS AND PARTIALLY AWARDING EPP ATTORNEYS' FEES INTO MASTER FILE NO. 12-MD-02311.**

# Statement of Issues

1. Whether amending the Court's Electronic Case Management Protocol Order so as to minimize the cost of appealing a uniform order directed to the End-Payor class of cases will promote MDL No. 2311's administrative purpose, avoid inconsistent results, and further the interest of justice.

2. Whether, pursuant to the amended protocol, the Court's June 20, 2016 Orders granting final approval of EPP class action settlements and partially awarding EPP attorneys' fees should be entered into Master File no. 12-md-02311.

# **Table of Contents**

Statement of Issues ................................................................................................................. i

Table of Contents .................................................................................................................. ii

Table of Authorities ............................................................................................................. iii

Introduction ........................................................................................................................... 1

Argument ............................................................................................................................... 2

Conclusion ............................................................................................................................. 4

# Table of Authorities

*In re: Auto. Wire Harness Sys. Antitrust Litig.*, 844 F. Supp. 2d 1367 (J.P.M.L. 2012)………….. 1

*In re: Auto. Wire Harness Sys. Antitrust Litig.*, 867 F. Supp. 2d 1349 (J.P.M.L. 2012)………….. 1

# I. INTRODUCTION

In February 2012, the Judicial Panel on Multidistrict Litigation established MDL No. 2311 for actions alleging conspiracies to inflate, fix, raise, maintain, or artificially stabilize prices of automotive wire harness systems, centralizing these matters for "pretrial proceedings." See *In re: Auto. Wire Harness Sys. Antitrust Litig.*, 844 F. Supp. 2d 1367 (J.P.M.L. 2012). That maximizing efficiency was the MDL's primary feature is clear:

> [W]e find that these actions involve common questions of fact, and that centralization of all actions in the Eastern District of Michigan will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. It is undisputed that these actions share factual questions arising out of an alleged conspiracy to inflate, fix, raise, maintain, or artificially stabilize prices of automotive wire harness systems. Centralization will eliminate duplicative discovery; prevent inconsistent pretrial rulings, including with respect to class certification; and conserve the resources of the parties, their counsel, and the judiciary.

Id. at 1367. Subsequently, similar cases alleging conspiracies for certain other automotive components were centralized as part of MDL No. 2311. See, e.g., *In re: Auto. Wire Harness Sys. Antitrust Litig.*, 867 F. Supp. 2d 1349 (J.P.M.L. 2012). In response to the parties' request for procedures "to clarify and simplify" the electronic case filing system, the Court entered an Electronic Case Management Protocol Order on August 29, 2012 (DE 350). The Order organized MDL No. 2311 cases into the following administrative categories to further judicial economy:

1. <u>Master Case</u>. All cases involving automotive parts antitrust actions transferred to the Court by the Judicial Panel on Multidistrict Litigation or otherwise consolidated or coordinated with other matters before the Court under the Master Case (12-md-02311).

2. <u>Lead Cases</u>. Cases organized by specific automotive part which are designated by a special five-digit number.

3. <u>Class Cases</u>. Cases organized by each class of plaintiffs, including Direct Purchaser plaintiffs, Dealership plaintiffs and End-Payor plaintiffs.

4. <u>Individual Cases</u>. Original filed individual cases that retain their originally assigned case numbers.[1]

---

[1] The Order was amended July 3, 2014 to add a class of cases for Public Entity plaintiffs (DE 753).

## II. ARGUMENT

To further judicial economy in MDL No. 2311, the Court has consistently encouraged the use of *uniform pleadings* throughout the pretrial process of resolving the parties' dispute. Thus: (1) EPP Plaintiffs were permitted to file a *uniform* motion for preliminary approval of proposed settlements with nine defendants covering each automotive part they produced; (2) the Court preliminarily approved the settlements through a *uniform* order; (3) EPP Plaintiffs published a *uniform* notice of the proposed settlements to class members; (4) Class members were invited to submit *uniform* objections to the settlements; (5) EPP Plaintiffs filed a *uniform* motion for final approval of the settlements; (6) the Court convened a *uniform* fairness hearing; and (7) the Court finally approved the settlements through a *uniform* order.

On April 13, 2016, York submitted a *uniform* notice of objection that applies to every EPP settlement. York's primary complaint was that it is virtually impossible for class members to determine which qualified parts are installed in their eligible vehicles without professional guidance. York's objection strikes at the heart of the settlements' fundamental fairness. While the class notice states one *may* participate in a settlement based on car ownership, every settlement agreement defines a "class member" as one who purchased a qualified vehicle *containing an automotive part manufactured by one of the settling defendants*. That turns out to be an impossible task for an ordinary consumer. As stated on page two of York's objection:

> Objectors made the following efforts to identify eligible parts in their vehicles: reviewed class notice, settlement website, Autoliv settlement and Second Amended Complaint; called class settlement hotline; wrote to settlement administrator; reviewed manufacturer recalls; requested dealership assistance; ran VIN reports; and conducted internet research. Although Objectors have not pinpointed all eligible parts at time of filing this joint objection, they have good faith grounds to believe they qualify for class membership. For a variety of reasons (set forth below), Objectors' difficulty in verifying their class membership is cause alone to reject the proposed settlements.

In approving the proposed settlements, the Court's uniform Order of June 20, 2016 rejected

York's argument on page 19 with this confident assurance:

> Although the identification process will necessitate additional review, the Court will not have to resort to mini trials to determine membership. The fact that an objector cannot personally identify whether his motor vehicle contained a part does not render the criteria subjective. Class members will be required to submit some evidence to the claims administrator demonstrating qualified membership. As data is provided from defendants and the Original Equipment Manufacturers, a determination of membership in the class will be simplified.

However, just one day after the fairness hearing, Ford's general counsel removed any basis for the Court's optimism: "Trying to identify the parts subject to the settlement agreement that were installed in the vehicles purchased by your clients would be unduly burdensome." (DE 1349, p. 5). Five months later, neither the settling defendants nor the Original Equipment Manufacturers have provided *any* data that would enable class members to identify qualified parts.

To add insult to injury, the Case Management Protocol Orders do not establish a *uniform* procedure for class members to appeal a final order directed to *one class* of cases involving multiple defendants. As a result, the York Objectors were forced to spend all they could afford on appeal fees in a desperate attempt to preserve their rights as to all qualified parts. Specifically, York filed notices in the Master Case (12-md-02311), the Automotive Wire Harness Systems action (2:12-cv-00103), and the Occupant Safety Systems action (2:12-cv-00603). As explained in York's separate Notice of Filing in the Master Case (subsequently deleted by the clerk):

> Because identical Orders were entered in each End-Payor action, the York Objectors filed their Notice of Appeal in the MDL's Master File No. 12-md-02311 in the interest of judicial economy. In compliance with this Court's Electronic Case Management Protocol Order of July 3, 2014, the York Objectors now attach an electronic copy of their filed Notice of Appeal in each End-Payor action as Exhibit A hereto.

Contrary to MDL No. 2311's primary purpose—evidenced by EPP's uniform motion, uniform notice, uniform objection, uniform hearing, and uniform approval—EPP plaintiffs now

demand that York file *nineteen* separate notices of appeal of this Court's final order. (See Plaintiffs-Appellees' Opposition to Motion to Consolidate Appeals, Exhibit A).[2] In turn, the Sixth Circuit has given York until October 14, 2016 to demonstrate why the notice of appeal filed in Master Case No. 12-md-02311 should not be dismissed for lack of jurisdiction (See Order to Show Cause, Exhibit B).

EPP plaintiffs' position has far more to do with eliminating Yorks' rights than with honoring this Court's protocol. They know full well that no class member could (or would) pay nearly ***$10,000*** in filing fees to appeal a uniform order covering all EPP cases affected by the settlements. Such a result runs directly counter to the whole purpose of forming MDL No. 2311 in the first place. It also invites inconsistent adjudications of the same order. Unless this administrative oversight is immediately addressed, the York Objectors will forfeit their right to appeal 17 of 19 EPP settlements without just cause or prior notice of which qualified parts are installed in their eligible vehicles.

### III. CONCLUSION

Accordingly, the York Objectors seek an Order: (1) amending the July 3, 2014 Electronic Case Management Protocol Order so as to minimize a class member's cost to appeal a uniform order directed to the End-Payor (i.e. consumer) class cases; and (2) entering the Court's June 20, 2016 Orders granting final approval of EPP class action settlements and partially awarding EPP attorneys' fees into Master File no. 12-md-02311 pursuant to the amended protocol. Alternatively, the Court should direct that the foregoing orders must be refiled in the individual cases within a reasonable time after defendants and/or the Original Equipment Manufacturers publish guidelines for enabling class members to identify which qualified parts are installed in their eligible vehicles.

---

[2] EPP plaintiffs oppose the Sarris Objectors' notice of appeal in the Master Case for the same reason. (See 6th Cir. Case No. 16-2085, DE 27 at 1).

By: *s/ George W. Cochran*
George W.Cochran (*Special MDL Admission*)
Law Office of George W. Cochran
1385 Russell Drive
Streetsboro, Ohio 44241
Telephone: (330) 607-2187
Facsimile: (330) 230-6136
Email: lawchrist@gmail.com
*Attorney for Olen York, Amy York, and Nancy York*

## CERTIFICATE OF SERVICE

I hereby certify that on October 10, 2016, I filed a copy of the foregoing with the Clerk of Courts using the Court's CM/ECF system, which will send electronic notice of such filing to counsel of record for all parties to the actions.

By: *s/ George W. Cochran*
George W.Cochran (Ohio Bar No.0031691)
Law Office of George W. Cochran
1385 Russell Drive
Streetsboro, Ohio 44241
Telephone: (330) 607-2187
Facsimile: (330) 230-6136
Email: lawchrist@gmail.com
*Attorney for Olen York, Amy York, and Nancy York*