**CASE Nos. 16-2025, 16-2085, AND 16-2086**

---

**IN THE UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

---

**OLEN YORK,**
Objector-Appellant

v.

**END-PAYOR PLAINTIFFS,**
Plaintiff-Appellee

v.

**NIPPON SEIKI COMPANY, LTD. ET AL.,**
Defendants-Appellees

---

**ON APPEAL FROM
THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

---

**END-PAYOR PLAINTIFFS' OPPOSITION, IN PART,
TO APPELLANT OLEN YORK'S
MOTION TO CONSOLIDATE APPEAL
NOs. 16-2025, 16-2085, AND 16-2086.**

Hollis Salzman  
William V. Reiss  
**ROBINS KAPLAN LLP**  
601 Lexington Avenue, Suite 3400  
New York, NY 10022  
Telephone: (212) 980-7400

Steven N. Williams  
**COTCHETT, PITRE &**  
**McCARTHY, LLP**  
840 Malcolm Road  
Burlingame, CA 94010  
Telephone: (650) 697-6000

Marc M. Seltzer  
**SUSMAN GODFREY L.L.P.**  
1901 Avenue of the Stars, Suite 950  
Los Angeles, CA 90067-6029  
Telephone: (310) 789-3100

*Counsel for End-Payor Plaintiff-Appellee*

# **TABLE OF CONTENTS**

SUMMARY OF THE ARGUMENT ...................................................................... 1

BACKGROUND ...................................................................................................... 2

ARGUMENT ............................................................................................................ 6

    I.     This Court Lacks Jurisdiction over the York Objectors' Purported Appeal of Seventeen of the Nineteen Auto Parts Cases ....................... 6

          A.     A Proper Notice of Appeal is a Mandatory Jurisdictional Requirement ................................................................................ 6

          B.     Coordination Does Not Obviate the York Objectors' Obligation to Perfect their Appeal in Each Separate Case they are Seeking to Appeal ....................................................................................... 6

    II.    The York Objectors Are Bound by the Federal Rules of Appellate Procedure and the District Court's Procedural Orders ........................ 9

CONCLUSION ...................................................................................................... 10

# TABLE OF AUTHORITIES

                                                      **Page(s)**

**Cases**

*Bowles v. Russell*,
    551 U.S. 205 (2007)................................................................................6

*Brown v. United States*,
    976 F. 2d 1104 (7th Cir. 1992) ...............................................................7

*Gelboim v. Bank of Am. Corp.*,
    135 S. Ct. 897 (2015).............................................................................7, 8

*In re: Auto. Wire Harness Sys. Antitrust Litig.*,
    844 F. Supp. 2d 1367 (J.P.M.L. 2012) ...............................................2, 9

*In re: Auto. Wire Harness Sys. Antitrust Litig.*,
    867 F. Supp. 2d 1349 (J.P.M.L. 2012) ...............................................2, 9

*In re Takata Airbag Products Liab. Litig.*,
    No. 14-cv-24009, 2016 LEXIS 78662 (S.D. Fla. June 15, 2016) ........7

*In re Toyota Motor Corp. Unintended Acceleration*,
    785 F. Supp. 2d 925 (C.D. Cal. 2011) ...................................................7

*Smith v. Barry*,
    502 U.S. 244 (1992)................................................................................6

*Torres v. Oakland Scavenger Co.*,
    487 U.S. 312 (1988)................................................................................6

*United States v. Robinson*,
    361 U.S. 220 (1960)................................................................................6

## SUMMARY OF THE ARGUMENT

End-Payor Plaintiffs-Appellee ("End-Payor Plaintiffs") oppose Appellant Olen York's ("York") Motion to Consolidate[1] Appeals Nos. 16-2025, 16-2085, and 16-2086 ("Motion to Consolidate") to the extent York seeks to consolidate and appeal the District Court's separate Orders granting final approval of settlements with certain defendants and granting Settlement Class Counsel a partial award of attorneys' fees, reimbursement of expenses and the establishment of a future litigation expense fund (together, the "Orders") in the seventeen cases for which York has not filed any notice of appeal. This Court does not have jurisdiction over those cases.[2] End-Payor Plaintiffs do not object to the consolidation of Appeal Nos. 16-2085 and 16-2086, to the extent York seeks to appeal the Orders as they

---

[1] End-Payor Plaintiffs note that Appeal Nos. 16-2025, 16-2085 and 16-2086 were filed on behalf of three objectors, Olen York, Amy York and Nancy York (collectively, "York Objectors"). However, only Olen York moved to consolidate the appeals.

[2] In addition to York, objectors Thomas Sarris and Benjamin Feury (together, "Sarris Objectors") filed notices of appeal in two separate dockets: (1) the master docket, 2:12-md-02311; and (2) the End-Payor Automotive Wire Harness Systems docket, 2:12-cv-00103. For the same reasons as set forth herein, End-Payor Plaintiffs submit that the Court only has jurisdiction over those actions in which the Sarris Objectors have perfected their appeal. Apparently aware of their jurisdictional defect, the Sarris Objectors listed as an issue in their Statement of Parties and Issues, the question of whether they should be required to perfect appeals in all actions in which they seek to appeal an order of the District Court. *See* Statement of Parties and Issues, Appeal No. 16-2058, RE 29, Page No. 5. For the reasons set forth in this brief, End-Payor Plaintiffs submit the answer is yes, and that this Court has no jurisdiction over any matter except those for which the Sarris Objectors have properly perfected their appeals.

relate to the End-Payor Automotive Wire Harness Systems action (2:12-cv-00103) and the End-Payor Occupant Safety Systems action (2:12-cv-00603).

## BACKGROUND

In February 2012, the Judicial Panel on Multidistrict Litigation established MDL No. 2311 for actions alleging conspiracies to inflate, fix, raise, maintain, or artificially stabilize prices of automotive wire harness systems, and centralized these matters for "pretrial proceedings." *See In re: Auto. Wire Harness Sys. Antitrust Litig.*, 844 F. Supp. 2d 1367 (J.P.M.L. 2012). Subsequently, similar cases alleging conspiracies for certain other automotive components were later centralized as part of MDL No. 2311. *See, e.g.*, *In re: Auto. Wire Harness Sys. Antitrust Litig.*, 867 F. Supp. 2d 1349 (J.P.M.L. 2012).

To date, thirty-nine separate End-Payor Plaintiff cases are centralized before Judge Marianne O. Battani in the Eastern District of Michigan as part of the litigation captioned *In re Automotive Parts Antitrust Litigation*, MDL No. 2311 ("Auto Parts"). On June 20, 2016, the Court entered the Orders in each of 19 separate actions in which the settlements received final approval. Figure 1 presents a summary of the settling defendants, the cases in which the settlements were finally approved, and the settlement amount for each case.[3]

---

[3] *See* Case No. 2:12-cv-00103, RE 497 and 498; Case No. 2:12-cv-00203, RE 184 and 185; Case No. 2:12-cv-00303, RE 156 and 157; Case No. 2:12-cv-00403, RE 190 and 191; Case No. 2:12-cv-00603, RE 148 and 149; Case No. 2:13-cv-00703,

2

**Figure 1.**

| Settling Defendant | Automotive Part Case | Settlement Amounts |
|---|---|---:|
| Autoliv | Occupant Safety Systems | $19,000,000 |
| Fujikura | Automotive Wire Harness Systems | $7,144,000 |
| Hitachi Automotive Systems | Air Flow Meters | $5,047,920 |
| | Alternators | $6,216,420 |
| | Electronic Throttle Bodies | $6,870,780 |
| | Fuel Injection Systems | $8,693,640 |
| | Ignition Coils | $7,431,660 |
| | Inverters | $2,337,000 |
| | Motor Generators | $2,337,000 |
| | Starters | $3,832,680 |
| | Valve Timing Control Devices | $3,972,900 |
| KL Sales | Automotive Wire Harness Systems | $228,000 |
| Lear | Automotive Wire Harness Systems | $3,040,000 |
| Nippon Seiki | Instrument Panel Clusters | $4,560,000 |
| Panasonic | HID Ballasts | $5,510,596 |
| | Steering Angle Sensors | $6,293,229 |
| | Switches | $5,296,175 |
| Sumitomo | Automotive Wire Harness Systems | $35,817,220 |
| | Heater Control Panels | $2,182,780 |
| T.RAD | ATF Warmers | $741,000 |
| | Radiators | $6,669,000 |
| TRW | Occupant Safety Systems | $5,446,350 |
| Yazaki | Automotive Wire Harness Systems | $73,267,000 |
| | Fuel Senders | $58,000 |
| | Instrument Panel Clusters | $2,675,000 |

RE 102 and 103; Case No. 2:13-cv-1003, RE 149 and 150; Case No. 2:13-cv-1103, RE 120 and 121; Case No. 2:13-cv-1303, RE 97 and 98; Case No. 2:13-cv-1403, RE 109 and 110; Case No. 2:13-cv-1503, RE 104 and 105; Case No. 2:13-cv-1603, RE 61 and 62; Case No. 2:13-cv-1703, RE 168 and 169; Case No. 2:13-cv-1803, RE 97 and 98; Case No. 2:13-cv-2003, RE 61 and 62; Case No. 2:13-cv-2203, RE 226 and 227; Case No. 2:13-cv-2403, RE 70 and 72; Case No. 2:13-cv-2503, RE 159 and 161; and Case No. 2:13-cv-2603, RE 60 and 62.

The York Objectors subsequently filed notices of appeal in three separate dockets: (1) the Master Docket, 2:12-cv-02311; (2) the End-Payor Automotive Wire Harness Systems docket, 2:12-cv-00103; and (3) the End-Payor Occupant Safety Systems docket, 2:12-cv-00603. The York Objectors' notices of appeal in these three dockets purport to appeal the final approval of settlements and award of attorneys' fees in all nineteen cases, despite their failure to file a notice of appeal in seventeen of the cases.

End-Payor Plaintiffs oppose York's Motion to Consolidate to the extent York seeks to consolidate and appeal the District Court's Orders in the seventeen cases for which the York Objectors have not filed any notice of appeal. Because the York Objectors have failed to file a notice of appeal in seventeen of the nineteen Auto Parts cases for which the District Court issued Orders finally approving settlements between End-Payor Plaintiffs and Defendants, the District Court's Orders in those seventeen cases are not properly before this Court, and this Court lacks jurisdiction to grant York's Motion to Consolidate.

The fact that the York Objectors filed a notice of appeal from the Master Docket does not relieve them of their obligation to file a notice of appeal in each separate action for which they are seeking to appeal the Orders. To the contrary, the York Objectors' filing of a notice of appeal in the Master Docket was improper because no appealable order was entered in the Master Docket; indeed the Master

4

Docket exists for administrative purposes only.[4] *See*, *e.g*., Aug. 8, 2016 Electronic Case Management Protocol Order ("Protocol Order"), RE 1448, Page ID # 25599-25618.[5] Neither the End-Payor Plaintiffs' motions for final approval and for attorneys' fees nor the District Court's Orders were filed in the Master Docket. Therefore, there is nothing to appeal in the Master Docket, and End-Payor Plaintiffs oppose York's Motion to Consolidate his appeal filed in the Master Docket with his appeals filed in the End-Payor Automotive Wire Harness Systems and the End-Payor Occupant Safety Systems dockets.

Finally, End-Payor Plaintiffs do not object to York's Motion to Consolidate his appeals in the End-Payor Automotive Wire Harness Systems and the End-Payor Occupant Safety Systems dockets to the extent these appeals relate to the Automotive Wire Harness Systems and Occupant Safety Systems actions.

---

[4] The District Court entered its first Electronic Case Management Protocol Order on August 29, 2012, and has amended the ECF procedures several times to assign numbers to newly added Auto Parts cases. Each version of the Electronic Case Management Protocol Order has made clear the administrative nature of the Master Docket, and provided detailed instructions for filing and captioning documents in each of the cases coordinated before the district court. *See* Protocol Order, RE 1448, Page ID # 25599-25616 (noting that only papers applicable to all actions involving automotive parts transferred to the District Court are permitted to be filed in the master docket and that papers applicable to individual class cases are not permitted to be filed in the Master Docket).

[5] The Protocol Order was filed in the Master Docket (12-md-2311).

5

# ARGUMENT

I. **This Court Lacks Jurisdiction over the York Objectors' Purported Appeal of Seventeen of the Nineteen Auto Parts Cases**

   A. **A Proper Notice of Appeal is a Mandatory Jurisdictional Requirement**

Federal Rule of Appellate Procedure 3(a)(1) provides that an appeal "may be taken only by filing a notice of appeal with the district clerk within the time allowed by Rule 4." "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." *Bowles v. Russell*, 551 U.S. 205, 214 (2007); *see also Smith v. Barry*, 502 U.S. 244, 248 (1992) ("Rule 3's dictates are jurisdictional in nature."); *United States v. Robinson*, 361 U.S. 220, 224 (1960) (filing of a notice of appeal is "mandatory and jurisdictional"). "[C]ompliance with the provisions of [Rules 3 and 4] *is of the utmost importance*." *Torres v. Oakland Scavenger Co.*, 487 U.S. 312, 315 (1988) (quoting 28 U.S.C. App., p. 467; alteration omitted and emphasis added).

In addition to the Master Docket, the York Objectors filed notices of appeal in only the Automotive Wire Harness Systems and Occupant Safety Systems cases, and, as such, those are the only two cases over which this Court has jurisdiction.

   B. **Coordination Does Not Obviate the York Objectors' Obligation to Perfect their Appeal in Each Separate Case they are Seeking to Appeal**

Consolidation or coordination under 28 U.S.C. § 1407, "does not 'imbu[e] transferred actions with some new and distinctive . . . character.'" *Gelboim v.*

6

*Bank of Am. Corp.*, 135 S. Ct. 897, 905 (2015), (citing *Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26, 37 (1998)). "Neither the general authorization of the coordination and consolidation under the MDL statute nor the more specific use of consolidated [or coordinated] complaints . . . is intended to alter the substantive rights of the parties." *In re Toyota Motor Corp. Unintended Acceleration*, 785 F. Supp. 2d 925, 931 (C.D. Cal. 2011); *see also In re Takata Airbag Products Liab. Litig.*, No. 14-cv-24009, 2016 LEXIS 78662, at *141 (S.D. Fla. June 15, 2016).

The rights and rules of appeal apply equally to stand-alone cases and cases consolidated or coordinated for pretrial purposes. Each case coordinated for pretrial purposes under 28 U.S.C. § 1407 retains its individual nature, and the judgments entered in each case must be the subject of notices of appeal to properly invoke appellate jurisdiction. *Brown v. United States*, 976 F. 2d 1104 (7th Cir. 1992). In *Brown*, the petitioner sought to appeal a summary judgement verdict against him in a tax case that was consolidated with other matters before the district court under 28 U.S.C. § 1407. *Id.* The Seventh Circuit found that "when two or more cases have been consolidated, . . . the cases retain their separate identities so that a final decision in one is immediately appealable." *Id.* at 1107. The Court reasoned that, "[w]here cases have been consolidated for all purposes, they become a single judicial unit." *Id.* (citing *Sandwiches, Inc. v. Wendy's Int'l,*

7

*Inc.*, 822 F.2d 707, 709 (7th Cir. 1987)). Whereas "[in] cases . . . consolidated for only limited purposes, a decision disposing of all the claims in only one of the cases is a final decision subject to immediate appeal." *Id.* (citing *Ivanov-McPhee v. Washington Nat'l Ins. Co.*, 719 F.2d 927, 930 & n. 2 (7th Cir.1983)).

The Supreme Court recently weighed in on a similar issue, considering whether "the right to appeal secured by [28 U.S.C] § 1291 [is] affected when a case is consolidated for pretrial proceedings in multidistrict litigation." *Gelboim*, 135 S. Ct. at 901. In *Gelboim*, over sixty cases alleging a variety of claims against banks for allegedly benefiting from manipulations of the London InterBank Offered Rate were consolidated in an MDL. *Id.* at 903. The petitioners' complaint alleged a sole violation of antitrust laws under the Sherman Act, while complaints in other actions alleged violations of federal and state laws as well. *Id.* The district court granted the banks' motion to dismiss plaintiffs' antitrust claims, and petitioners appealed. *Id.* at 902. The Second Circuit, citing lack of appellate jurisdiction for want of a final judgment in all of the cases, dismissed petitioner's appeal. *Id.* The Supreme Court reversed, holding that "[c]ases consolidated for MDL pretrial proceedings ordinarily retain their separate identities, so an order disposing of one of the discrete cases in its entirety should qualify under § 1291 as an appealable final decision." *Id.* at 904.

8

Here, the 39 Auto Parts cases that currently comprise MDL No. 2311 have not been consolidated for pre-trial proceedings, much less for all purposes. *See In re: Auto. Wire Harness Sys. Antitrust Litig.*, 844 F. Supp. 2d 1367; *In re: Auto. Wire Harness Sys. Antitrust Litig.*, 867 F. Supp. 2d 1349. Nothing about the coordinated nature of the cases negates the separate identity of each case nor provides automatic and wholesale jurisdiction of all coordinated matters before the Sixth Circuit.

## II. The York Objectors Are Bound by the Federal Rules of Appellate Procedure and the District Court's Procedural Orders.

If the York Objectors wish to appeal the District Court's Orders in each of the nineteen individual cases to which the Orders apply, they must perfect their appeal by filing a notice of appeal in each of the nineteen cases.

The District Court issued a series of extensive case management orders setting forth the manner in which documents should be captioned and filed for each putative class in each Auto Parts case. *See*, *e.g.*, Protocol Order, RE 1448, Page ID # 25599-25618. The District Court specifically ordered that papers applicable to individual cases "must be filed separately in each applicable Individual Case *and* [] the Class Case or Miscellaneous Case in which such Individual Case is assigned." *Id.* at Page ID # 25616 (emphasis in original).

The District Court's protocol has been consistently followed since 2012. For example, End-Payor Plaintiffs filed their Motion for Final Approval of

9

Settlements with Certain Defendants in each of the nineteen individual cases to which the settlements applied. Similarly, the Court entered its "Opinion and Order Granting Final Approval of Class Action Settlement" in each of the nineteen individual cases to which the settlements applied.

## CONCLUSION

End-Payor Plaintiffs oppose York's Motion to Consolidation to the extent York seeks to consolidate and appeal the Orders in the seventeen cases for which the York Objectors have not filed any notice of appeal on the grounds that the Court lacks jurisdiction to hear those appeals.

Specifically, End-Payor Plaintiffs oppose the consolidation of Appeal No. 2025, as no orders granting final approval of the class action settlements and an award of attorneys' fees have ever been entered in the administrative Master Docket. End-Payor Plaintiffs do not oppose the consolidation of Appeal Nos. 16-2085 and 16-2086, to the extent these seek to appeal the District Court's Orders granting final approval of the class action settlements and an award of attorneys' fees in the End-Payor Automotive Wire Harness Systems (2:12-cv-00103) and the End-Payor Occupant Safety Systems (2:12-cv-00603) actions.

10

Dated: August 12, 2016

Respectfully submitted,

*/s/ Hollis Salzman*
Hollis Salzman
William V. Reiss
**ROBINS KAPLAN LLP**
601 Lexington Avenue, Suite 3400
New York, NY 10022
Telephone: (212) 980-7400
Hsalzman@RobinsKaplan.com
Wreiss@RobinsKaplan.com

Steven N. Williams
**COTCHETT, PITRE & McCARTHY, LLP**
840 Malcolm Road
Burlingame, CA 94010
Telephone: (650) 697-6000
swilliams@cpmlegal.com

Marc M. Seltzer
**SUSMAN GODFREY L.L.P.**
1901 Avenue of the Stars, Suite 950
Los Angeles, CA 90067-6029
Telephone: (310) 789-3100
mseltzer@susmangodfrey.com

*Counsel for End-Payor Plaintiff-Appellee*

11