# EXHIBIT 2

**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | |
|---|---|
| | ) |
| | ) |
| In Re:   AUTOMOTIVE PARTS | )    12-md-02311 |
| ANTITRUST LITIGATION | )    Honorable Marianne O. Battani |
| | ) |
| | )    2:12-cv-02311-MOB-MKM |
| In re:   All Auto Parts Cases | ) |
| | ) |
| | ) |
| THIS RELATES TO: | ) |
| | ) |
| ALL AUTO PARTS CASES | ) |
| | ) |
| | ) |
| | ) |
| | ) |

**DEFENDANTS' OPPOSITION TO CERTAIN SERVING PARTIES'**
**MOTION TO COMPEL DISCOVERY FROM**
**NON-PARTY ORIGINAL EQUIPMENT MANUFACTURERS**

<u>**STATEMENT OF THE ISSUE PRESENTED**</u>

1.     Whether this Court should compel certain original equipment manufacturers (the "SSEs") to produce documents regarding confidential settlement negotiations between the SSEs and Defendants that are protected by the settlement privilege recognized in *Goodyear Tire & Rubber Co. v. Chiles Power Supply, Inc.*, 332 F.3d 976 (6th Cir. 2003).

**Answer:  No**

## TABLE OF CONTENTS

INTRODUCTION ..................................................................................................................1

BACKGROUND ...................................................................................................................2

ARGUMENT .........................................................................................................................3

I.   The Settlement Privilege Protects Documents Concerning Settlement Communications Between Defendants And The SSEs...........................................................................................3

   A.  The Documents Plaintiffs Seek Are Covered By The Settlement Privilege........................3

   B.  Plaintiffs' Attempts To Circumvent The Privilege Fail.....................................................5

       i.  *Goodyear* Holds That The Public Interest Favors The Confidentiality Of *All* Settlement Communications. ...............................................................................................5

       ii.  There Is No "Pending Case" Requirement. .................................................................6

       iii.  There Is No Requirement That Courts Must Assess The Reliability Of Individual Settlement Communications.......................................................................................7

CONCLUSION.......................................................................................................................8

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*Allen Cnty. v. Reilly Indus.*,
    197 F.R.D. 352 (N.D. Ohio 2000) ............................................................................................. 3

*Anderson v. Clarksville Montgomery Cty. Sch. Bd. & Sch. Dist.*,
    229 F.R.D. 546 (M.D. Tenn. 2005) ........................................................................................... 4

*BioLumix Inc. v. Centrus Int'l Inc.*,
    No. 08-11418, 2013 U.S. Dist. LEXIS 162002 (E.D. Mich. Nov. 14, 2013) .................................... 7, 8

*Goodyear Tire & Rubber Co. v. Chiles Power Supply, Inc.*,
    332 F.3d 976 (6th Cir. 2003) ......................................................................................... passim

*Grupo Condumex, S.A. de C.V. v. SPX Corp.*,
    331 F. Supp. 2d 623 (N.D. Ohio 2004) .................................................................................... 5

*Hucko v. City of Oak Forest*,
    185 F.R.D. 526 (N.D. Ill. 1999) ............................................................................................. 4

*Konyn v. Lake Superior & Ishpeming R.R. Co.*,
    No. 2:11-cv-51, 2015 WL 10276153 (W.D. Mich. Feb. 3, 2012) ..................................................... 7

*Snap-On Business Solutions, Inc. v. Hyundai Motor Am.*,
    No. 5:07-CV-1961, 2011 WL 6957594 (N.D. Ohio Feb. 3, 2011) ..................................................... 7

*United States v. Contra Costa Cty. Water Dist.*,
    678 F.2d 90 (9th Cir. 1982) .................................................................................................... 3

## STATEMENT OF CONTROLLING OR MOST APPROPRIATE AUTHORITIES

*Goodyear Tire & Rubber Co. v. Chiles Power Supply, Inc.*, 332 F.3d 976 (6th Cir. 2003)

*Allen Cnty. v. Reilly Indus.*, 197 F.R.D. 352, 354 (N.D. Ohio 2000)

*Snap-On Business Solutions, Inc. v. Hyundai Motor Am.*, No. 5:07-CV-1961, 2011 WL 6957594 (N.D. Ohio Feb. 3, 2011)

*BioLumix Inc. v. Centrus Int'l Inc.*, No. 08-11418, 2013 U.S. Dist. LEXIS 162002 (E.D. Mich. Nov. 14, 2013)

## INTRODUCTION

Plaintiffs seek to compel certain original equipment manufacturers (the "SSEs")[1] to produce documents regarding confidential communications that the SSEs and Defendants may have had to try to settle any claims the SSEs may have relating to the conduct at issue in this MDL proceeding. (Mot. 11-15.)[2] This Court should deny Plaintiffs' motion because it seeks documents that the Sixth Circuit has held are privileged.

In *Goodyear Tire & Rubber Co. v. Chiles Power Supply, Inc.*, 332 F.3d 976 (6th Cir. 2003), the Sixth Circuit established a privilege that protects "all communications made in furtherance of settlement" regardless of whether the communications are "informal[]" or "done under the auspices of the court." *Id.* at 980, 983. The Court held that strong public policy favors the privilege because settlement negotiations are ineffective unless they are kept confidential. Additionally, the Court concluded that communications made during settlement negotiations are categorically unreliable and thus have little probative value in subsequent litigation.

Documents concerning settlement communications between Defendants and the SSEs lie at the heart of this privilege. Nevertheless, Plaintiffs argue that the documents are not privileged because the SSEs had not sued Defendants at the time of the alleged communications, the SSEs have not shown that the communications are unreliable, and the public interest supports disregarding the privilege here. (Mot. 14-15.) These arguments are meritless. *Goodyear's* settlement privilege applies to documents concerning "*all* communications made in furtherance of settlement," regardless of whether they are "informal" pre-suit settlement discussions or

---

[1] "SSEs" stands for "Specified Subpoena Entities" and refers to the particular OEMs that have jointly negotiated with the parties that served the subpoena over its scope and who are subject to Plaintiffs' motion to compel.

[2] Citations to "Mot." are to Plaintiffs' brief in support of their motion to compel (Dkt. No. 1188) which is the subject of this Opposition. "Plaintiffs" refers only to those plaintiffs that filed the motion to compel (Automobile Dealer Plaintiffs, End-Payor Plaintiffs, Truck and Equipment Dealer Plaintiffs, the State of Florida, and the State of Indiana).

between parties in active litigation; there is no requirement that the party invoking the privilege show that each individual communication is unreliable; and *Goodyear* makes clear that the public interest requires applying the privilege to all settlement communications across-the-board. *Goodyear*, 332 F.3d at 980-83 (emphasis added).

## **BACKGROUND**

In July and August 2015, the plaintiffs and defendants in the MDL jointly issued subpoenas to the SSEs (and other OEMs), primarily seeking sales and cost information from each of them relating to their acquisition of the parts at issue in this MDL. (*See generally* Ex. 1.) Each of those subpoenas included Request 31, which seeks from the SSEs "[a]ll Documents relating to Your or other OEMs' negotiations or Communications with any of the Defendants or other Components or Assemblies suppliers in connection with Defendants' and other Components or Assemblies suppliers' conduct at issue in MDL No. 2311 and Documents Defendants or other Components or Assemblies suppliers provided to You or other OEMs, in connection with the facts described in any Plaintiffs' Complaints." (Ex. 1 at 34.)

Although the parties jointly issued the subpoenas, Defendants did "not join in Request No. 31." (*See* Ex. 2, 7/16/15 Subpoena Cover Letter to SSEs.) Both the SSEs and Defendants subsequently objected to that request on settlement privilege grounds. (*See* Ex. 3, 12/18/15 Letter from C. Kass to S. Klein, at 13; Ex. 4, 10/14/15 Letter from R. Spiegel to C. Kass, at 1 ("[d]efendants specifically object to the production of any documents in response to Request No. 31, as it seeks documents that would violate the settlement-communications privilege recognized in *Goodyear Tire & Rubber Co. v. Chiles Power Supply, Inc.*, 332 F.3d 976 (6th Cir. 2003) and *Allen Cnty. v. Reilly Indus.*, 197 F.R.D. 352, 354 (N.D. Ohio 2000)"); Ex. 5, 11/24/15 Letter from S. Klein to C. Kass, at 5 n.8 ("Defendants object to Request 31 on the ground that it seeks

documents which Defendants believe are protected by the settlement-communications privilege.").)

## <u>ARGUMENT</u>

## I. The Settlement Privilege Protects Documents Concerning Settlement Communications Between Defendants And The SSEs.

### A. The Documents Plaintiffs Seek Are Covered By The Settlement Privilege.

In *Goodyear*, the Sixth Circuit established a settlement privilege, recognizing that there is a "strong public interest" in settling disputes and "in order for settlement talks to be effective, parties must feel uninhibited in their communications." *Goodyear*, 332 F.3d at 980. The Court also reasoned that settlement communications have little probative value given the "inherent questionability of the truthfulness of any statements made therein" because those statements "may be motivated by a desire for peace rather than from any concession of weakness of position." *Id.* at 981, 983 (quoting, among others, *United States v. Contra Costa Cty. Water Dist.*, 678 F.2d 90, 92 (9th Cir. 1982)). Accordingly, the Court held that "any communication made in furtherance of settlement" are privileged, regardless of whether the communication was "informal[]" or "done under the auspices of the court." *Id.* at 980, 983.[3]

Here, *Goodyear* controls and mandates that "any communications" between the SSEs and Defendants "made in furtherance of settlement" not be produced. *Id.* at 983. Therefore, to the extent Request 31 seeks documents reflecting settlement communications, Plaintiffs' motion to compel should be denied. *See id.*

---

[3] Because the privilege belongs to both parties in the settlement negotiations, either party may unilaterally invoke the privilege to prevent disclosure of privileged information. *See, e.g., Anderson v. Clarksville Montgomery Cty. Sch. Bd. & Sch. Dist.*, 229 F.R.D. 546, 547 (M.D. Tenn. 2005) ("when parties jointly are holders of the same privilege, neither of them may unilaterally waive the privilege for the other with respect to third parties over the others' objection."). Defendants therefore have the right to object to Request No. 31, even though it is only directed at the SSEs.

3

Plaintiffs are incorrect in arguing that Defendants, in response to Plaintiffs' document requests, "have agreed" to produce settlement communications between Defendants and OEMs. (Mot. 12.) At all times, Defendants have refused to produce privileged settlement communications, and in the very email Plaintiffs attach to their motion, the relevant Defendants made clear that they would only produce *non-privileged* communications, if they existed. (Ex. 6, 7/2/14 Letter from A. Maltas to V. Romanenko, at 1; Ex. 7, 7/14/14 Email from D. Donovan to V. Romanenko; *see* Mot. 12.)

Plaintiffs' claim that they need to seek these materials from the SSEs is irrelevant and unsupported. (*See* Mot. 12-13.) Plaintiffs' supposed need is irrelevant because "the very nature of a privilege is that it prevents disclosure of information that may be relevant in the case, in order to serve interests that are of over-arching importance." *Hucko v. City of Oak Forest*, 185 F.R.D. 526, 530 (N.D. Ill. 1999). Further, Plaintiffs have already sought these same documents by propounding a document request relating to "negotiations and communications" with OEMs: "All Documents related to your or other Defendants' negotiations or communications with any OEMs in connection with the facts described in Dealership Plaintiffs' Complaint and Documents you or any other Defendant provided to OEMs or other customers, in connection with the facts described in Dealership Plaintiffs' Complaint." (Ex. 8, Dealership Plaintiffs' First Request for Production of Documents Directed to All Defendants, at 3 (Request No. 11).) Because the privilege covers only documents *created in furtherance of* settlement, and *not* documents merely exchanged during settlement communications, it does not protect certain other documents (*i.e.*, pre-existing business documents) that are responsive to Plaintiffs' other non-objectionable discovery requests issued to certain Defendants. *See Grupo Condumex, S.A. de C.V. v. SPX*

*Corp.*, 331 F. Supp. 2d 623, 629 (N.D. Ohio 2004).[4]  The only reason for Plaintiffs to seek documents from the SSEs pursuant to Request 31 is to attempt to interject themselves into past, ongoing, and future settlement discussions, by obtaining *other kinds* of documents about the conduct at issue that Defendants properly have refused to produce on privilege grounds. Plaintiffs' motion thus strikes at the heart of the privilege.

### B.     Plaintiffs' Attempts To Circumvent The Privilege Fail.

Plaintiffs offer three arguments that the documents regarding settlement communications that they seek are not covered by the privilege recognized in *Goodyear*.  Each fails.

### i.     *Goodyear* Holds That The Public Interest Favors The Confidentiality Of *All* Settlement Communications.

Plaintiffs misconstrue *Goodyear* and argue that the application of a settlement privilege must be "weighed against the public interest" on a "case-by-case basis" for each settlement communication.  (Mot. 13.)  That is not so.  In *Goodyear*, the Court of Appeals used the phrase "case-by-case basis" when *it* (the Court of Appeals) was determining whether it should create a *categorical* settlement privilege.  *Goodyear*, 332 F.3d at 980.  The Court did not impose on district courts the impossible task of examining the public interest on a document-by-document basis.  *Id.*  The only relevant question is whether a document reflects communications made for the purpose of furthering settlement discussions.  If so, the document is privileged.

But even if district courts were supposed to evaluate individual settlement communications on a case-by-case basis—which they are not—the public interest here still favors non-disclosure.  Any settlements that Defendants or other suppliers have reached with the

---

[4] To the extent any of these documents relate to products not at issue in the MDL or relate to products subject to a current case but as to which DOJ has a continued objection to discovery moving forward (automobile hoses, brake hoses, and shock absorbers), those documents would be among the materials DOJ has continued to object to any entity, including the SSEs, producing.

SSEs have conserved judicial resources. *See id.* (there is a "strong public interest" in settling disputes). Some Defendants may have already settled confidentially with some SSEs, but many certainly have not. If this Court were to allow discovery of settlement communications, those Defendants would be discouraged from settling with any other OEMs, burdening the courts with further litigation. And the deleterious effect on settlement would not be limited to this MDL: allowing courts to essentially revoke the settlement privilege after-the-fact would dissuade all parties in this Circuit from engaging in the kind of frank discussions necessary to settle cases. Indeed, Plaintiffs themselves have recognized the importance of confidentiality of settlements by including confidentiality provisions in their settlement agreements with Defendants to date. (*See, e.g.*, Ex. 9, Hitachi Automotive Systems, Ltd. Automobile Dealership Settlement Agreement, ¶ 45 ("[Hitachi] and Automobile Dealership Plaintiffs agreement not to disclose publicly or to any other person, except for Releasees where necessary, the terms of this Agreement until this Agreement is submitted to the Court for Preliminary Approval.").)

### ii. There Is No "Pending Case" Requirement.

Plaintiffs argue that the SSEs and Defendants cannot assert a settlement privilege over the communications because the OEMs "never even filed a case." (Mot. 14.) There is no requirement that a case be pending for the privilege to apply. As the Northern District of Ohio concluded in rejecting the argument that a pending case is necessary, such a requirement conflicts "with explicit language in *Goodyear*" stating that the settlement privilege applies "'whether settlement negotiations are done under the auspices of the court or informally between the parties.'" *Snap-On Business Solutions, Inc. v. Hyundai Motor Am.*, No. 5:07-CV-1961, 2011 WL 6957594, at *1 n. 2 (N.D. Ohio Feb. 3, 2011) (quoting *Goodyear*, 332 F.3d at 980). At least two other courts in the Sixth Circuit have similarly suggested that there is no need for an existing case for the privilege to apply to documents reflecting settlement communications. *See Konyn v.*

*Lake Superior & Ishpeming R.R. Co.*, No. 2:11-cv-51, 2015 WL 10276153, at *1 (W.D. Mich. Feb. 3, 2012) (citing *Goodyear* to hold that "[c]onversations between plaintiff or plaintiff's counsel and [a non-party] regarding negotiation of a settlement of claims plaintiff *may have* against [the non-party] are protected from disclosure"); *BioLumix Inc. v. Centrus Int'l Inc.*, No. 08-11418, 2013 U.S. Dist. LEXIS 162002 (E.D. Mich. Nov. 14, 2013) ("Communications made in furtherance of settlement are privileged….*There is no requirement that the privileged communication be between adverse parties*.") (emphases added). Requiring a pre-existing case would defeat *Goodyear*'s goal of avoiding disputes in the first place, since parties could not engage in confidential settlement discussions until after litigation had *already* commenced. *See Goodyear*, 332 F.3d at 980-81.

Plaintiffs cite a single district court case in support of their argument, but it does not support a "pending case" requirement. (Mot. 14 (citing *State v. Little River Band of Ottawa Indians*, No. 5:05-cv-95, 2007 WL 851282, at *2 (W.D. Mich. March 16, 2007).) The letter at issue in that case was not privileged because it was not kept confidential, it notified the recipient of an action already taken, and it represented an outright refusal to act that bore no indicia that it was part of settlement negotiations. *Id.* at *2-*3. To the extent *Little River Band* required an existing case, it is inconsistent with *Goodyear* and the majority of district courts that have addressed this issue.

### iii. There Is No Requirement That Courts Must Assess The Reliability Of Individual Settlement Communications.

Plaintiffs also argue that settlement communications between the OEMs and Defendants should not be privileged because there has been no showing that they are "inherently unreliable." (Mot. 15 (citing *Grupo Condumex*, 331 F. Supp. 2d at 629.) But *Goodyear* does not require the parties to show that each individual communication is unreliable to invoke the privilege (an

impossible task without revealing the substance of the communication, anyway). The Court of Appeals merely cited the inherent unreliability of settlement communications *as a class* as one of the reasons, in addition to the policy favoring confidential negotiations, for the creation of a settlement privilege. *Goodyear*, 332 F.3d at 981 ("The public policy favoring secret negotiations, combined with the *inherent* questionability of the truthfulness of any statements made therein, leads us to conclude that a settlement privilege should exist….") (emphasis added).

## **CONCLUSION**

As set forth above, Plaintiffs' motion to compel discovery from the SSEs should be denied to the extent it seeks documents relating to communications between the SSEs and Defendants to further their settlement discussions, which are protected by the settlement privilege.

Dated: February 17, 2016

**JENNER & BLOCK LLP**

*/s/ Terrence J. Truax* _____
Terrence J. Truax
Charles B. Sklarsky
Michael T. Brody
Gabriel A. Fuentes
Daniel T. Fenske
**JENNER & BLOCK LLP**
353 N. Clark Street
Chicago, IL 60654-3456
ttruax@jenner.com
csklarsky@jenner.com
mbrody@jenner.com
gfuentes@jenner.com
dfenske@jenner.com

Gary K. August
Jamie J. Janisch
**ZAUSMER, AUGUST & CALDWELL, P.C.**
31700 Middlebelt Road, Suite 150
Farmington Hills, MI 48334-2374
gaugust@zacfirm.com
jjanisch@zacfirm.com

*Counsel for Defendants Mitsubishi Electric
Corporation, Mitsubishi Electric US Holdings, Inc.,
and Mitsubishi Electric Automotive America, Inc.*

**CLEARY GOTTLIEB STEEN & HAMILTON LLP**

/s/ *Brian Byrne*  (w/consent)

Brian Byrne
Ryan M. Davis
**CLEARY GOTTLIEB STEEN & HAMILTON LLP**
2000 Pennsylvania Avenue NW
Washington, DC 20006
Tel: (202) 974-1850
Fax: (202) 974-1999
bbyrne@cgsh.com
rmdavis@cgsh.com

Howard B. Iwrey (P39635)
Brian M. Moore (P58584)
**DYKEMA GOSSETT PLLC**
39577 Woodward Ave., Suite 300
Bloomfield Hills, MI 48304
Tel: (248) 203-0700
Fax: (248) 203-0763
hiwrey@dykema.com
bmoore@dykema.com

*Counsel for Defendants Valeo Japan Co., Ltd., Valeo Inc., Valeo Electrical Systems, Inc., and Valeo Climate Control Corp.*

**PORTER WRIGHT MORRIS & ARTHUR LLP**

*/s/ Donald M. Barnes* (w/consent)
Donald M. Barnes
Molly S. Crabtree
Jay L. Levine
Christopher C. Yook
**PORTER WRIGHT MORRIS & ARTHUR LLP**
1900 K Street, NW, Ste. 1110
Washington, DC 20006
Tel.: (202) 778-3054
Fax: (202) 778-3063
dbarnes@porterwright.com
mcrabtree@porterwright.com
jlevine@porterwright.com
cyook@porterwright.com

*Attorneys for Defendants G.S. Electech, Inc.,
G.S.W. Manufacturing, Inc., and G.S. Wiring
Systems, Inc.*

**ARNOLD & PORTER LLP**

/s/ *Franklin R. Liss*  (w/consent)
Franklin R. Liss
Barbara H. Wootton
Danielle M. Garten
Matthew Tabas
**ARNOLD & PORTER LLP**
601 Massachusetts Ave., NW
Washington, DC 20001-3743
Tel: (202) 942-5969
Fax: (202) 942-5999
frank.liss@aporter.com
barbara.wootton@aporter.com
danielle.garten@aporter.com
matthew.tabas@aporter.com

/s/ *Howard B. Iwrey*  (w/consent)
Howard B. Iwrey (P39635)
Brian M. Moore (P58584)
**DYKEMA GOSSETT PLLC**
39577 Woodward Ave., Suite 300
Bloomfield Hills, MI 48304
Tel: (248) 203-0700
Fax: (248) 203-0763
hiwrey@dykema.com
bmoore@dykema.com

*Counsel for Defendants Koito Manufacturing Co., Ltd. and North American Lighting, Inc.*

**FARMER BROWNSTEIN JAEGER LLP**

/s/  *William S. Farmer (*w/consent)
William S. Farmer
David C. Brownstein
**FARMER BROWNSTEIN JAEGER LLP**
235 Montgomery Street, Suite 835
San Francisco, CA 94102
Tel.:  (415) 795-2050
Fax:  (415) 520-5678
wfarmer@fbj-law.com
dbrownstein@fbj-law.com

*Counsel for Defendants Mitsuba Corporation and American Mitsuba Corporation*

**COVINGTON & BURLING LLP**

*/s/ Anita F. Stork*  (w/consent)
Anita F. Stork
Gretchen Hoff Varner
Cortlin H. Lannin
**COVINGTON & BURLING LLP**
One Front Street, 35th Floor
San Francisco, CA 94111
Telephone:  (415) 591-6000
Fax:  (415) 955-6550
astork@cov.com
ghoffvarner@cov.com
clannin@cov.com

Michael J. Fanelli
Ashley E. Bass
**COVINGTON & BURLING LLP**
One CityCenter
850 Tenth Street, NW
Washington, DC 20001-4956
Telephone: (202) 662-6000
Fax: (202) 662-5383
mfanelli@cov.com
abass@cov.com

*Attorneys for Defendants Alps Electric Co., Ltd.;*
*Alps Electric (North America), Inc.; and Alps*
*Automotive, Inc.*

**BROOKS WILKINS SHARKEY & TURCO PLLC**

*/s/Maureen T. Taylor* (w/consent)
Herbert C. Donovan (P51939)
Maureen T. Taylor (P63547)
**BROOKS WILKINS SHARKEY & TURCO PLLC**
401 Old South Woodward, Suite 400
Birmingham, MI 48009
Telephone: (248) 971-1721
Fax: (248) 971-1801
taylor@bwst-law.com
donovan@bwst-law.com

*Attorneys for Defendants Alps Electric Co., Ltd.;*
*Alps Electric (North America), Inc.; and Alps*
*Automotive, Inc.*

**SQUIRE PATTON BOGGS (US) LLP**

*/s/ Barry A. Pupkin* (w/consent)
Barry A. Pupkin
Iain R. McPhie
Jeremy W. Dutra
**SQUIRE PATTON BOGGS (US) LLP**
2550 M Street, NW
Washington, DC 20037
Tel: (202) 457-6000
Fax: (202) 457-6315
Barry.Pupkin@squirepb.com
Iain.McPhie@squirepb.com
Jeremy.Dutra@squirepb.com

*Counsel for Aisan Industry Co., Ltd.,*
*Aisan Corporation of America*
*Franklin Precision Industry, Inc.,*
*and Hyundam Industrial Co., Ltd.*

**WILMERHALE LLP**

*/s/ Steven F. Cherry* (w/consent) _____
Steven F. Cherry
David P. Donovan
Brian C. Smith
**WILMERHALE LLP**
1875 Pennsylvania Avenue, NW
Washington, DC 20006
Telephone: (202) 663-6000
Facsimile: (202) 663-6363
steven.cherry@wilmerhale.com
david.donovan@wilmerhale.com
brian.smith@wilmerhale.com

*Counsel for Defendants DENSO Corporation,
DENSO International America, Inc., DENSO
International Korea Corporation, DENSO Korea
Automotive Corporation, DENSO Products &
Services Americas, ASMO Co., Ltd., ASMO North
America, LLC, ASMO Greenville of North Carolina,
Inc., ASMO Manufacturing, Inc., and ASMO North
Carolina Inc.*

Steven M. Zarowny
General Counsel
DENSO International America, Inc.
24777 Denso Drive
Southfield, MI 48033
Telephone: (248) 372-8252
Fax: (248) 213-2551
steve_zarowny@denso-diam.com

*Counsel for Defendant DENSO International
America, Inc.*

**ARNOLD & PORTER LLP**

*/s/ James L. Cooper* (w/consent)
James L. Cooper
Danielle M. Garten
Adam M. Pergament
**ARNOLD & PORTER LLP**
601 Massachusetts Avenue, NW
Washington, DC 20001
(202) 942-5000
(202) 942-5999 (facsimile)
james.cooper@aporter.com
danielle.garten@aporter.com
adam.pergament@aporter.com

Joanne Geha Swanson (P33594)
Fred K. Herrmann (P49519)
Matthew L. Powell (P69186)
**KERR, RUSSELL AND WEBER, PLC**
500 Woodward Avenue, Suite 2500
Detroit, MI 48226
(313) 961-0200
(313) 961-0388 (facsimile)
jswanson@kerr-russell.com
fherrmann@kerr-russell.com
mpowell@kerr-russell.com

*Counsel for Defendants Yamashita Rubber Co., Ltd.
and YUSA Corporation*

**ARNOLD & PORTER LLP**

*/s/ James L. Cooper* (w/consent)
James L. Cooper
Michael A. Rubin
Katherine Clemons
Stephanie I. Fine
**ARNOLD & PORTER LLP**
601 Massachusetts Avenue NW
Washington, DC 20001
Telephone: (202) 942-5000
Fax: (202) 942-5999
james.cooper@aporter.com
michael.rubin@aporter.com
katherine.clemons@aporter.com
stephanie.fine@aporter.com

Joanne Geha Swanson (P33594)
Fred Herrmann (P49519)
Matthew L. Powell (P69186)
**KERR, RUSSELL AND WEBER, PLC**
500 Woodward Avenue, Suite 2500
Detroit, MI 48226
Telephone: (313) 961-0200
Fax: (313) 961-0388
jswanson@kerr-russell.com
fherrmann@kerr-russell.com
mpowell@kerr-russell.com

*Attorneys for Defendants Fujikura Ltd. and*
*Fujikura Automotive America LLC*

17

**BAKER BOTTS L.L.P.**

*/s/ Randall J. Turk* (w/consent)
Randall J. Turk
John Taladay
Mark Miller
Heather Souder Choi
Sterling A. Marchand
**BAKER BOTTS L.L.P.**
1299 Pennsylvania Avenue., NW
Washington, D.C. 20004-2400
Phone: 202.639.7700
Fax: 202.639.7890

*Counsel for Defendants Toyoda Gosei Co., Ltd.,*
*Toyoda Gosei North America Corp., and TG*
*Missouri Corp.*

**JONES DAY**

*/s/ Michael R. Shumaker* (w/consent)
Michael R. Shumaker
John M. Majoras
Carmen G. McLean
**JONES DAY**
51 Louisiana Avenue, NW
Washington, DC 20001-2113
Telephone: (202) 879-3939
Facsimile: (202) 626-1700
mrshumaker@jonesday.com
jmmajoras@jonesday.com
cgmclean@jonesday.com

Michelle K. Fischer
Stephen J. Squeri
**JONES DAY**
North Point
901 Lakeside Avenue
Cleveland, OH 44114
Telephone: (216) 586-3939
Facsimile: (216) 579-0212
mfischer@jonesday.com
sjsqueri@jonesday.com

Tiffany D. Lipscomb-Jackson
**JONES DAY**
Mailing Address: P.O. Box 165017
Columbus, Ohio 43216-5017
Street Address: 325 John H. McConnell Boulevard
Suite 600
Columbus, Ohio 43215
Telephone: (614) 469-3939
Facsimile: (614) 461-4198
tdlipscombjackson@jonesday.com

*Counsel for Defendants Yazaki Corporation and
Yazaki North America, Inc.*

**ALLEN & OVERY LLP**

*/s/ John Roberti* (w/consent)
John Roberti
Matthew R. Boucher
**ALLEN & OVERY LLP**
1101 New York Avenue NW
Washington, D.C. 20005
202-683-3800
john.roberti@allenovery.com
matthew.boucher@allenovery.com

Michael S. Feldberg
**ALLEN & OVERY LLP**
1221 Avenue of the Americas
New York, NY 10020
212-610-6360
michael.feldberg@allenovery.com

William R. Jansen (P36688)
Michael G. Brady (P57331)
**WARNER NORCROSS & JUDD LLP**
2000 Town Center, Suite 2700
Southfield, MI 48075-1318
248-784-5000
wjansen@wnj.com
mbrady@wnj.com

*Counsel for Robert Bosch LLC and Robert Bosch GmbH*

**SHEARMAN & STERLING LLP**

*/s/ Heather L. Kafele* (w/ consent)
Heather L. Kafele
Jon Weingart
**SHEARMAN & STERLING LLP**
401 9th Street, NW
Washington, DC 20004
Phone:  (202) 508-8000
Fax:  (202) 508-8100
hkafele@shearman.com
jon.weingart@shearman.com

*Counsel for Defendants JTEKT Corporation,*
*JTEKT Automotive North America, Inc., and JTEKT*
*North America Corporation, formerly d/b/a Koyo*
*Corporation of U.S.A.*

**LANE POWELL PC**

*/s/ Larry S. Gangnes* (w/consent)
Larry S. Gangnes
**LANE POWELL PC**
U.S. Bank Centre
1420 Fifth Ave., Suite 4200
P.O. Box 91302
Seattle, WA 98111-9402
Tel.: (206) 223-7000
Fax: (206) 223-7107
gangnesl@lanepowell.com

Craig D. Bachman
Kenneth R. Davis II
Darin M. Sands
Masayuki Yamaguchi
Peter D. Hawkes
**LANE POWELL PC**
MODA Tower
601 SW Second Ave., Suite 2100
Portland, OR 97204-3158
Tel.: (503) 778-2100
Fax: (503) 778-2200
bachmanc@lanepowell.com
davisk@lanepowell.com
sandsd@lanepowell.com
yamaguchim@lanepowell.com
hawkesp@lanepowell.com

Richard D. Visio (P30246)
Ronald S. Nixon (P57117)
**KEMP KLEIN LAW FIRM**
201 W. Big Beaver, Suite 600
Troy, MI 48084
Tel.: (248) 528-1111
Fax: (248) 528-5129
richard.bisio@kkue.com
ron.nixon@kkue.com

*Attorneys for Defendants Furukawa Electric Co.,*
*Ltd. and American Furukawa, Inc.*

**LANE POWELL PC**

*/s/ Kenneth R. Davis II* (w/consent)
Craig D. Bachman
Kenneth R. Davis II
Darin M. Sands
Masayuki Yamaguchi
MODA Tower
601 SW Second Avenue, Suite 2100
Portland, OR  97204-3158
Telephone:  503.778.2100
bachmanc@lanepowell.com
davisk@lanepowell.com
sandsd@lanepowell.com
yamaguchim@lanepowell.com

Larry S. Gangnes
**LANE POWELL PC**
U.S. Bank Centre
1420 Fifth Avenue, Suite 4200
PO Box 91302
Seattle, WA  98111-9402
Telephone:  206.223.7000
gangnesl@lanepowell.com

Richard D. Bisio (P30246)
Ronald S. Nixon (P57117)
**KEMP KLEIN LAW FIRM**
201 W. Big Beaver, Suite 600
Troy, MI 48084
Telephone:  248.528.1111
richard.bisio@kkue.com
ron.nixon@kkue.com

*Attorneys for Defendants Nachi-Fujikoshi Corp.*
*and Nachi America Inc.*

**HERTZ SCHRAM PC**

*/s/ Bradley J. Schram* (w/consent)
Bradley J. Schram
MI Bar # P26337
**HERTZ SCHRAM PC**
1760 S. Telegraph Road
Suite 3000
Bloomfield Hills, MI  48302
Tel.:  (248) 335-5000
Fax: (248) 335-3346
bschram@hertzschram.com

*Counsel for Toyo Tire & Rubber Co., Ltd., Toyo
North America Manufacturing Inc., Toyo Tire North
America OE Sales LLC, and  Toyo Automotive
Parts (USA), Inc.*

**BUTZEL LONG**

*/s/ Sheldon H. Klein* (w/consent)
Sheldon H. Klein (P41062)
David F. DuMouchel (P25658)
**BUTZEL LONG**
150 West Jefferson, Suite 100
Detroit, MI 48226
Tel: (313) 225-7000
Fax: (313) 225-7080
klein@butzel.com
dumouchd@butzel.com

W. Todd Miller
**BAKER & MILLER PLLC**
2401 Pennsylvania Ave., NW, Suite 300
Washington, DC 20037
Tel.: (202) 663-7820
Fax: (202) 663-7849
TMiller@bakerandmiller.com

*Attorneys for Defendants TRAM, Inc. and
Tokai Rika Co., Ltd.*

**CLEARY GOTTLIEB STEEN & HAMILTON LLP**

*/s/ Steven J. Kaiser (w/consent)*
Steven J. Kaiser
Jeremy Calsyn
Teale Toweill
Larry Malm
**CLEARY GOTTLIEB STEEN & HAMILTON LLP**
2000 Pennsylvania Avenue, NW
Washington, DC 20006
Tel.: (202) 974-1554
Fax: (202) 974-1999
skaiser@cgsh.com
jcalsyn@cgsh.com
ttoweill@cgsh.com
lmalm@cgsh.com

David A. Ettinger (P26537)
**HONIGMAN, MILLER, SCHWARTZ AND COHN LLP**
660 Woodward Avenue, Suite 2290
Detroit, MI 48226-3506
Tel.: (313) 465-7368
Fax: (313) 465-7369
*dettinger@honigman.com*

*Counsel for Defendants NSK Ltd. and NSK Americas, Inc.*

**WINSTON & STRAWN LLP**

*/s/ Jeffrey J. Amato (w/consent)*
A. Paul Victor
Jeffrey L. Kessler
Jeffrey J. Amato
Molly M. Donovan
Elizabeth A. Cate
**WINSTON & STRAWN LLP**
200 Park Avenue
New York, NY 10166-4193
Tel.: (212) 294-6700
Fax: (212) 294-4700
pvictor@winston.com
jkessler@winston.com
mmdonovan@winston.com
jamato@winston.com
ecate@winston.com

**KERR, RUSSELL AND WEBER, PLC**
Fred K. Herrmann (P49519)
500 Woodward Avenue, Suite 2500
Detroit, MI 48226
Tel. (313) 961-0200
fherrmann@kerr-russell.com

*Attorneys for Defendants NTN Corporation and
NTN USA Corporation*

**WINSTON & STRAWN LLP**

*/s/ Jeffrey L. Kessler (w/consent)* _____
Jeffrey L. Kessler
A. Paul Victor
Eva W. Cole
Jeffrey J. Amato
**WINSTON & STRAWN LLP**
200 Park Avenue
New York, NY 10166-4193
(212) 294-6700 (t)
(212) 294-4700  (f)
JKessler@winston.com
PVictor@winston.com
EWCole@winston.com
JAmato@winston.com

Brandon Duke
**WINSTON & STRAWN LLP**
1111 Louisiana Street, 25th Floor
Houston, TX 77002
(713) 651-2636 (t)
(713) 651-2700 (f)
BDuke@winston.com

*Counsel for Panasonic Corporation and Panasonic
Corporation of North America*

**COVINGTON & BURLING LLP**

*/s/ Bruce A. Baird* (w/ consent)
Bruce A. Baird
Sarah L. Wilson
Michael A. Fanelli
**COVINGTON & BURLING LLP**
One CityCenter
850 Tenth Street NW
Washington, DC 20001
Telephone:  (202) 662-6000
Fax: (202) 662-6291
bbaird@cov.com
swilson@cov.com
mfanelli@cov.com

Anita F. Stork
**COVINGTON & BURLING LLP**
One Front Street
35th Floor
San Francisco, CA 94111
Telephone: (415) 591-6000
Fax: (415) 955-6550
astork@cov.com

**BROOKS WILKINS SHARKEY & TURCO PLLC**

*/s/ Maureen T. Taylor* (w/ consent)
Maureen T. Taylor
**BROOKS WILKINS SHARKEY & TURCO PLLC**
401 Old South Woodward, Suite 400
Birmingham, MI 48009
Telephone: (248) 971-1721
Fax: (248) 971-1801
taylor@bwst-law.com

*Counsel for Defendants Keihin Corporation and Keihin North America, Inc.*

**LATHAM & WATKINS LLP**

*/s/ Marguerite M. Sullivan* (w/consent)
Marguerite M. Sullivan
Allyson M. Maltas
**LATHAM & WATKINS LLP**
555 Eleventh Street NW, Suite 1000
Washington, DC 20004
Telephone: (202) 637-2200
Fax: (202) 637-2201
Marguerite.Sullivan@lw.com
Allyson.Maltas@lw.com

Daniel M. Wall
**LATHAM & WATKINS LLP**
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
Telephone: (415) 395-0600
Fax: (415) 395-8095
dan.wall@lw.com

William H. Horton (P31567)
**GIARMARCO, MULLINS & HORTON, P.C.**
101 West Big Beaver Road, Tenth Floor
Troy, MI 48084-5280
Telephone: 248-457-7060
bhorton@gmhlaw.com

*Counsel for Defendants Sumitomo Electric
Industries, Ltd.; Sumitomo Wiring Systems, Ltd.;
Sumitomo Electric Wiring Systems, Inc.; K&S
Wiring Systems, Inc.; and Sumitomo Wiring Systems
(U.S.A.) Inc.*

**LATHAM & WATKINS LLP**

*/s/ Marguerite M. Sullivan* (w/consent)
Marguerite M. Sullivan
Allyson M. Maltas
Thomas J. Humphrey
**LATHAM & WATKINS LLP**
555 Eleventh Street NW, Suite 1000
Washington, D.C. 20004-1304
Tel.: (202) 637-2200
Fax: (202) 537-2201
marguerite.sullivan@lw.com
allyson.maltas@lw.com
thomas.humphrey@lw.com

Howard B. Iwrey (P39635)
Brian M. Moore (P58584)
**DYKEMA GOSSETT PLLC**
39577 Woodward Ave., Suite 300
Bloomfield Hills, MI 48304
Tel: (248) 203-0700
Fax: (248) 203-0763
hiwrey@dykema.com
bmoore@dykema.com

*Counsel for Weastec, Inc.*

**WILLIAMS & CONNOLLY LLP**

*/s/ David M. Zinn* (w/consent)
David M. Zinn
John E. Schmidtlein
Samuel Bryant Davidoff
**WILLIAMS & CONNOLLY LLP**
725 Twelfth Street, N.W.
Washington, D.C. 20005
Tel: 202-434-5000
Fax: 202-434-5029
dzinn@wc.com
jschmidtlein@wc.com
sdavidoff@wc.com

*Counsel for Defendants Takata Corporation and TK Holdings, Inc.*

**MORGAN, LEWIS & BOCKIUS LLP**

*/s/ J. Clayton Everett, Jr.* (with consent)
J. Clayton Everett, Jr.
Zarema A. Jaramillo
**MORGAN, LEWIS & BOCKIUS LLP**
1111 Pennsylvania Avenue, NW
Washington, DC 20004
Telephone: (202) 739-3000
Facsimile: (202) 739-3001
jeverett@morganlewis.com
zarema.jaramillo@morganlewis.com

Larry J. Saylor
**MILLER, CANFIELD, PADDOCK & STONE P.L.C.**
150 W. Jefferson Avenue, Suite 2500
Detroit, MI 48226
Telephone: (313) 496-7986
Facsimile: (313) 496-8454
Saylor@MillerCanfield.com

*Counsel for Sumitomo Riko Company Limited and DTR Industries, Inc.*

**MORGAN, LEWIS & BOCKIUS LLP**

*/s/ J. Clayton Everett, Jr.* (with consent)
J. Clayton Everett, Jr.
**MORGAN LEWIS & BOCKIUS LLP**
1111 Pennsylvania Avenue, NW
Washington, DC 20004
Telephone: (202) 739-3000
Facsimile: (202) 739-3001
jeverett@morganlewis.com

*Counsel for Defendants Showa Corporation and American Showa, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on February 17, 2016, I caused a copy of DEFENDANTS'
OPPOSITION TO CERTAIN SERVING PARTIES' MOTION TO COMPEL DISCOVERY
FROM NON-PARTY ORIGINAL EQUIPMENT MANUFACTURERS COMPLAINT to be
electronically filed with the Clerk of the Court using the CM/ECF system, which will send
notifications of such filings to all counsel of record.

*/ s/ Daniel T. Fenske*
Daniel T. Fenske
JENNER & BLOCK LLP
353 N. Clark Street
Chicago, Illinois 60654
312-222-9350

*Counsel for Mitsubishi Electric*
*Corporation, Mitsubishi Electric US*
*Holdings, Inc., and Mitsubishi Electric*
*Automotive America, Inc.*