# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| **In Re:** AUTOMOTIVE PARTS ANTITRUST LITIGATION | Master File No.: 12-md-02311<br>Honorable Marianne O. Battani<br>Special Master Gene J. Esshaki |
| **In Re:** All Auto Parts Cases | 2:12-MD-02311-MOB-MKM |
| **THIS DOCUMENT RELATES TO:**<br>**ALL AUTO PARTS CASES** | |

## NON-PARTY FCA US LLC'S MOTION TO FILE UNDER SEAL CERTAIN EXHIBITS TO ITS OPPOSITION TO THE PARTIES' RENEWED MOTIONS TO COMPEL

Non-Party FCA US LLC ("FCA US") hereby moves, under Federal Rules of Civil Procedure 5.2(d) and 26(c), E.D. Mich. Local Rule 5.3(b), and the Stipulation and Protective Order Governing the Production and Exchange of Confidential Information (the "Protective Order"), 12-md-2311, Dkt. 200, to file under seal the following exhibits to its Opposition to the Parties' Renewed Motions to Compel (the "Sealed Exhibits")[1]:

- Exhibit 1: Excerpts from the August 29, 2016 Deposition of Michael Novak

- Exhibit 2: Excerpts from the September 20, 2016 Deposition of Kelly Lynch

---

[1] Exhibit numbers refer to the exhibits to the Declaration of David A. Munkittrick

1

**BRIEF IN SUPPORT OF FCA US LLC'S MOTION
TO FILE UNDER SEAL CERTAIN EXHIBITS TO ITS OPPOSITION
TO THE PARTIES' RENEWED MOTIONS TO COMPEL**

**STATEMENT OF THE ISSUE PRESENTED**

Should FCA US LLC be granted leave to file under seal two exhibits to its opposition to the parties' renewed motions to compel, where the exhibits are excerpts of deposition testimony by two high level FCA US LLC employees that contain confidential business information produced under a protective order and where the information contains protected trade secrets under Michigan law?

FCA US LLC says:         **YES.**
This Court should answer:    **YES.**

## CONTROLLING AUTHORITY FOR THE RELIEF SOUGHT

**Court Rules:**

Fed. R. Civ. P. 5.2(d)
Fed. R. Civ. P. 26(c)
E.D. Mich. Local Rule 5.3(b)

## INTRODUCTION

FCA US is filing an opposition to the parties' renewed motions to compel. FCA US intends to support its opposition with excerpts from two depositions of high level FCA US employees that refer to and contain FCA US's confidential financial and technical information. The deposition testimony was produced under the Protective Order and was designated by FCA US as highly confidential – attorneys' eyes only. This information is entitled to protection under Michigan and federal law. FCA US therefore moves this Court for an order authorizing the filing under seal of this confidential business information.

## LAW

Local Rule 5.3(b)(2)(A) permits a party seeking to file an item under seal to file and serve a motion setting forth the authority for sealing and the reasons sealing is appropriate. The rule requires the moving party to state (i) the authority for sealing; (ii) an identification and description of each item proposed for sealing; (iii) the reason that sealing each item is necessary; and (iv) the reason means other than sealing are unavailable or unsatisfactory to preserve the interest to be protected by the seal. E.D. Mich. L.R. 5.3(b)(2)(A). The rule also requires a memorandum of legal authority supporting such sealing and the submission of a proposed order stating the reasons the seal is required. E.D. Mich. L.R. 5.3(b)(2)(B). In compliance with Local Rule 5.3(b)(2)(A), FCA US states:

> (i) Sealing is authorized by Federal Rules of Civil Procedure 5.2(d) and 26(c), Local Rule 5.3, and the Protective Order. *See* E.D. Mich. L.R. 5.3(b)(2)(A)(i). Paragraph 19 of the Protective Order provides that "this Order shall serve as a stipulated order for purposes of Civil Local Rule 5.3(b)" and requires all materials containing "Confidential Information or Highly Confidential Information" (as defined in the

1

Protective Order) to be filed under seal according to the procedures contained in the Protective Order.  See Protective Order ¶7.  The Protective Order also applies "to non-parties."  See Protective Order ¶19.

(ii) The items proposed for sealing are excerpts from the depositions of Michael Novak and Kelly Lynch, Exhibits 1 and 2 to FCA US's Opposition to the Parties' Renewed Motions to Compel.  These deposition transcripts contain testimony referring to sensitive and highly confidential financial and technical information produced by FCA US under the Protective Order.  FCA US has determined in good faith that Exhibits 1 and 2 contain confidential and proprietary information that meets the Protective Order's definitions of "Confidential" or "Highly Confidential—Outside Attorneys Only" information. *See* E.D. Mich. L.R. 5.3(b)(2)(A)(ii).

(iii) Sealing is necessary because disclosure of the highly confidential business information contained in these exhibits could cause significant harm to FCA US's competitive and financial positions.  *See* E.D. Mich. L.R. 5.3(b)(2)(A)(iii).

(iv) No means other than sealing will preserve the confidentiality of FCA US's confidential business information.  Publicly posting FCA US's confidential business material would make this information readily available to its competitors.  *See* E.D. Mich. L.R. 5.3(b)(2)(A)(iv).

FCA US's confidential business information constitutes trade secrets, which are protected under Michigan law.  *See* MCL 445.1901, *et seq.*  A trade secret is information that (a) derives economic value from not being known or readily ascertainable by other people who can obtain value from its disclosure and use, and (b) is subject to reasonable efforts to maintain its secrecy.  MCL 455.1902(d).

FCA US's confidential business information disclosed in the depositions and produced under the Protective Order qualifies for protection as trade secrets under Michigan law. These depositions discuss FCA US's financial information, operating procedures, technical documents, and financial relationships between FCA US and other entities. Therefore good cause exists to file the information under seal. Sealing is also authorized by Rule 26(c)(1) of the Federal Rules of Civil Procedure, which permits this Court to issue an order limiting disclosure of trade secrets or other confidential research, development or commercial information. *See* Fed. R. Civ. P. 26(c)(1).

A proposed order authorizing sealing has been submitted separately to the Court under ECF Rule 11(a). *See* E.D. Mich. L.R. 5.3(b)(2)(B).

## **CONCLUSION**

WHEREFORE, under Rules 5.2(d) and 26(c) of the Federal Rules of Civil Procedure, E.D. Michigan Local Rule 5.3 and the Protective Order, FCA US LLC respectfully asks the Court to grant its Motion to File Under Seal Certain Exhibits to its Opposition to the Parties' Renewed Motions to Compel.

3

Dated:  November 22, 2016                                  Respectfully submitted:

/s *Cheryl A. Bush*                              /s *Colin R. Kass*
Cheryl A. Bush (P37031)                          Colin R. Kass (admission pending)
Susan McKeever (P73533)                          Scott M. Abeles (admission pending)
BUSH SEYFERTH & PAIGE PLLC                       PROSKAUER ROSE LLP
3001 W. Big Beaver Road, Suite 600               1001Pennsylvania Ave., N.W.
Troy, MI 48084                                   Washington, D.C.  20004
(248) 822-7800                                   (202) 416.6800
bush@bsplaw.com                                  ckass@proskauer.com
                                                 sabeles@proskauer.com

                                                 David A. Munkittrick
                                                 PROSKAUER ROSE LLP
                                                 11 Times Square
                                                 New York, New York 10036
                                                 (212) 969.3000
                                                 dmunkittrick@proskauer.com

4

## CERTIFICATE OF SERVICE

The undersigned certifies that all counsel of record who have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on November 22, 2016.  Any other counsel of record will be served by first class mail.

By:  /s/ Cheryl A. Bush