# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

|  |  |
|---|---|
| **In Re: AUTOMOTIVE PARTS ANTITRUST LITIGATION** ) ) ) ) | Master File No.: 12-md-02311<br>Honorable Marianne O. Battani<br>Special Master Gene J. Esshaki |
| ) ) **In Re: All Auto Parts Cases** ) ) ) | 2:12-MD-02311-MOB-MKM |
| **THIS DOCUMENT RELATES** ) **TO:  ALL AUTO PARTS CASES** ) ) |  |

### NON-PARTY TOYOTA'S MOTION TO FILE UNDER SEAL ITS RESPONSE TO THE PARTIES' RENEWED MOTION TO COMPEL AND EXHIBITS PURSUANT TO L.R. 5.3

Non-parties Toyota Motor Sales USA, Inc. ("TMS") and Toyota Motor Engineering & Manufacturing North America, Inc. ("TEMA") (together, "Toyota"), by their attorneys, move to file under seal, pursuant to L.R. 5.3(b), their Response to the Parties' Renewed Motion to Compel and Exhibits because the subject matter of the Response and certain Exhibits referenced therein are highly confidential and proprietary to Toyota business. For the reasons stated more fully below, this Motion should be granted.

1. Toyota along with a number of other original equipment manufacturers ("OEMs"), received an incredibly broad subpoena from the Parties[1] in this litigation in July 2015, seeking essentially all information about Toyota's business and operations for the last 23 years.

2. Following extensive discovery regarding available data and documents and the burdens associated with collection and production, Toyota offered substantial productions of data

---

[1] The Parties include the end-payor plaintiffs ("EPPs"), auto dealer plaintiffs ("ADPs"), and defendants.

17059339v1

and documents from TMS and TEMA.

3.     Despite Toyota's offered productions, the Parties have now renewed their motion to compel production from Toyota. Toyota opposes the motion to compel.

4.     Toyota and the OEMs have designated certain information as highly confidential. A protective order requires information designated as confidential be filed under seal and, therefore, Toyota seeks to file under seal a Response to the Parties' Renewed Motion to Compel and Exhibits.

5.     L.R. 5.3(b)(2) states that a motion or proposed stipulated order seeking authorization must include the following: (1) the authority for sealing; (2) an identification and description of each item proposed for sealing; the reason the sealing of each item is necessary; (4) the reason the means other than sealing is unavailable or unsatisfactory to preserve the interest advanced by the movant in support of the seal; and (5) a memorandum of legal authority supporting the seal. L.R. 5.3(b)(2)(A). **(See attached Exhibit A)**

6.     The Stipulation and Protective Order Governing the Production and Exchange of Confidential Information ("Protective Order")  (Dkt 200), dated July 10, 2012, provides authority for the sealing of the proposed pleading under L.R. 5.3.  Paragraph 7 of the Protective Order, entitled "Filing of Protected Information," states that "[a]ll documents, materials, or other information containing Confidential Information or Highly Confidential Information" (as defined in the Protective Order) to be filed under seal according to the procedures contained in the Protective Order. See Protective Order Para 7.  The Protective Order also applies to non-parties. See Protective Order Para 19.  This Court maintains "supervisory power over its records and files." *Sami v Detroit Med Ctr.*, 2012 WL 3945532 at 1(E.D. Mich. Sept 10, 2012) citing *Nixon v Warner Communications, Inc.*, 435 U.S. 589, 598 (1978).  This authority includes fashioning

orders that limit access to certain court documents. *Sami, supra* citing Fed. R. Civ. P. 26(c).

7. Toyota seeks to file the following documents under seal: Toyota's Response to the Parties' Renewed Motion to Compel; Exhibit A – Transcript excerpts from the deposition of Audrey Mito (Sept. 22, 2016); Exhibit B – Transcript excerpts from the deposition of Ryan Grimm (Sept. 30, 2016); Exhibit C – Transcript excerpts from the deposition of Shayne Carter (Sept. 22, 2016); Exhibit D – Transcript excerpts from the deposition of Dave Girvan (Sept. 30, 2016).

8. The information and depositions referenced in Toyota's Response to the Parties' Renewed Motion to Compel and Exhibits were designated as Highly Confidential – Attorney's Eyes Only pursuant to the applicable Protective Order, and the affidavits referenced in the brief (filed in connection with the previous response brief) were all filed under seal.

9. There is no other means to protect the confidential nature of the Response to the Parties' Renewed Motion to Compel and Exhibits other than by sealing the Response and Exhibits. Specifically, the Response to the Parties' Renewed Motion to Compel and Exhibits discuss in detail certain of Toyota's internal systems and processes for managing documents and data, including documents and data relating to automobile parts procurement and purchasing, vehicle costs, vehicle pricing, and vehicle sales.

10. In addition, the Response to the Parties' Renewed Motion to Compel and Exhibits contain detailed descriptions of interactions between Toyota and the Parties discussing how Toyota stores and manages its documents and proprietary data, and how Toyota uses those documents and proprietary data in the areas described above.

11. This information is highly confidential and competitively sensitive, as it goes to the heart of how Toyota conducts its business. The case law below demonstrates that it falls

17059339v1

within one of the recognized exceptions to the general right of public access to judicial records, and therefore, constitutes authority for filing under seal.

12. It is necessary to seal Toyota's Response to the Parties' Renewed Motion to Compel and Exhibits because they contain highly confidential information and Toyota is required, pursuant to the Protective Order, to file such information under seal. Otherwise, the information will be available to the public in contravention of the protective order and Toyota's interest in protecting truly confidential information.

13. There is no less onerous alternative to sealing Toyota's Response to the Parties' Renewed Motion to Compel and Exhibits that would ensure the confidentiality of Toyota's information. Toyota has a strong interest in utilizing the "highly confidential" or "highly confidential – outside attorneys' eyes only" information in connection with its Response to the Parties' Renewed Motion to Compel and Exhibits.

14. Toyota submits and relies upon the attached brief in support of its Motion.

15. Toyota submits a Proposed Order pursuant to L.R. 5.3(b)(2)(A)(v).

WHEREFORE, Toyota respectfully requests that the Court grant its motion and allow it to file under seal Toyota's Response to the Parties' Renewed Motion to Compel and Exhibits.

17059339v1

i

## **TABLE OF CONTENTS**

| | |
|---|---|
| **I.  INTRODUCTION AND BACKGROUND** | 3 |
| **II. LAW AND ARGUMENT** | 3 |
| **III. CONCLUSION** | 6 |

**BRIEF IN SUPPORT OF NON-PARTY TOYOTA'S MOTION TO FILE UNDER SEAL ITS RESPONSE TO THE PARTIES' RENEWED MOTION TO COMPEL AND EXHIBITS PURSUANT TO L.R. 5.3**

**STATEMENT OF ISSUES PRESENTED**

1. Should this Court allow Toyota to file its Response to the Parties' Renewed Motion to Compel and Exhibits Under Seal?

   Toyota Responds: Yes.

2

# CONTROLLING AND/OR MOST APPROPRIATE AUTHORITY

*L.R. 5.3(b)*

*In re Knoxville News-Sentinel Co., Inc.*, 723 F.2d 470 (6th Cir. 1983)

*Encana Oil & Gas (USA), Inc. v. Zaremba Fam. Farms, Inc.*, No. 1:12-CV-369, 2012 WL 1377598, (W.D. Mich. Apr. 19, 2012)

*Sami v Detroit Med Ctr.*, 2012 WL 3945532 (E.D. Mich. Sept 10, 2012)

## I.     INTRODUCTION AND BACKGROUND

Non-party Toyota, moves to file under seal, pursuant to L.R. 5.3(b), its Response to the Parties' Renewed Motion to Compel and Exhibits because they contain information which Toyota has designated as highly confidential or highly confidential – outside attorneys' eyes only. Furthermore, since a Protective Order requires Toyota to file documents designated as highly confidential under seal, Toyota brings this motion requesting an Order permitting Toyota to file under seal its Response to the Parties' Renewed Motion to Compel and Exhibits.

## II.    LAW AND ARGUMENT

Although judicial records are presumptively open to the public, this presumption may be overcome where "interests of privacy outweigh the public's right to know." *In re Knoxville News-Sentinel Co., Inc.*, 723 F.2d 470, 474 (6th Cir. 1983). Thus, sealing judicial records may be justified "by a particularized special need for confidentiality, such as when trade secrets, national security, or certain privacy rights of trial participants or third parties are implicated." *Encana Oil & Gas (USA), Inc. v. Zaremba Fam. Farms, Inc.*, No. 1:12-CV-369, 2012 WL 1377598, at *1 (W.D. Mich. Apr. 19, 2012) (citing *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1179 (6th Cir. 1983)), *quoted in Cinpres Gas Injection Ltd. v. Volkswagen Group of Am., Inc.*, No. 12-CV-13000, 2013 WL 11319319, at *1 (E.D. Mich. Feb. 14, 2013). *See, e.g.*, *U.S. v. Nallani*, 11-CR-20365, 2016 WL 4138227, at *3 (E.D. Mich. Aug. 3, 2016) (considering, in balancing the competing interests of access and privacy, whether the matter involves public parties or issues of legitimate public concern; the nature and degree of injury that will occur if the information is made public; the sensitivity of the information and the subject; the reliability of the

information; and whether there will be an opportunity to respond to the information).

The Local Rules of this Court and the case law thereunder, set forth the process for filing documents under seal. L.R. 5.3(b) provides that a court order is required to seal documents where, as here, no particular statute or rule authorizes such sealing. L.R. 5.3(b)(1). LR 5.3(b)(2) states that a motion or proposed stipulated order seeking such authorization must include the following: (1) the authority for sealing; (2) an identification and description of each item proposed for sealing; (3) the reason that sealing each item is necessary; (4) the reason that a means other than sealing is unavailable or unsatisfactory to preserve the interest advanced by the movant in support of the seal; and (5) a memorandum of legal authority supporting the seal. LR 5.3(b)(2)(A).

The Stipulation and Protective Order Governing the Production and Exchange of Confidential Information ("Protective Order") (Dkt 200), dated July 10, 2012, provides authority for the sealing of the proposed pleading under L.R. 5.3. Paragraph 7 of the Protective Order, entitled "Filing of Protected Information," states that "[a]ll documents, materials, or other information containing Confidential Information or Highly Confidential Information" (as defined in the Protective Order) are to be filed under seal according to the procedures contained in the Protective Order. See Protective Order Para 7. The Protective Order also applies to non-parties. See Protective Order Para 19. This Court maintains "supervisory power over its records and files." *Sami v Detroit Med Ctr*., 2012 WL 3945532 at 1 (E.D. Mich. Sept 10, 2012) citing *Nixon v Warner Commc'ns Inc*., 435 U.S. 589, 598 (1978). This authority includes fashioning orders that limit access to certain court documents. *Sami*, *supra* citing Fed. R. Civ. P. 26(c).

Toyota seeks to file the following documents under seal: Toyota's Response to the Parties' Renewed Motion to Compel; Exhibit A – Transcript excerpts from the deposition of

4

17059339v1

Audrey Mito (Sept. 22, 2016); Exhibit B – Transcript excerpts from the deposition of Ryan Grimm (Sept. 30, 2016); Exhibit C – Transcript excerpts from the deposition of Shayne Carter (Sept. 22, 2016); Exhibit D – Transcript excerpts from the deposition of Dave Girvan (Sept. 30, 2016).

The information and depositions referenced in Toyota's Response to the Parties' Renewed Motion to Compel and Exhibits were designated as Highly Confidential – Attorney's Eyes Only pursuant to the applicable Protective Order, and the affidavits referenced in the brief (filed in connection with the previous response brief) were all filed under seal.

There is no other means to protect the confidential nature of the Response to the Parties' Renewed Motion to Compel and Exhibits other than by sealing the Response and Exhibits. Specifically, the Response to the Parties' Renewed Motion to Compel and Exhibits discuss in detail certain of Toyota's internal systems and processes for managing documents and data, including documents and data relating to automobile parts procurement and purchasing, vehicle costs, vehicle pricing, and vehicle sales.  In addition, the Response to the Parties' Renewed Motion to Compel and Exhibits contain detailed descriptions of interactions between Toyota and the Parties discussing how Toyota stores and manages its documents and data, and how Toyota uses those documents and data in the areas described above.

This information is highly confidential and competitively sensitive, as it goes to the heart of how Toyota conducts its business. The case law above demonstrates that it falls within one of the recognized exceptions to the general right of public access to judicial records, and therefore, constitutes authority for filing under seal.

It is necessary to seal Toyota's Response to the Parties' Renewed Motion to Compel and Exhibits because they contain highly confidential information and Toyota is required, pursuant to

the Protective Order, to file such information under seal. Otherwise, the information will be available to the public in contravention of the protective order and Toyota's interest in protecting truly confidential information.

There is no less onerous alternative to sealing Toyota's Response to the Parties' Renewed Motion to Compel and Exhibits that would ensure the confidentiality of Toyota's information. Toyota has a strong interest in utilizing the "highly confidential" or "highly confidential – outside attorneys' eyes only" information in connection with its Response to the Parties' Renewed Motion to Compel and Exhibits.

### III. CONCLUSION

For the reasons stated herein, this Court should grant Toyota's Motion to File Under Seal its Response to the Parties' Renewed Motion to Compel and Exhibits pursuant to L.R. 5.3(b).

Dated: November 22, 2016          Respectfully Submitted,

By:   /s/ Michael Schaper
      Michael Schaper
      David B. Noland
      DEBEVOISE & PLIMPTON LLP
      919 Third Ave
      New York, NY 10022
      Tel: 212-909-6000
      mschaper@debevoise.com

      Thomas P. Branigan (P41774)
      BOWMAN & BROOKE LLP
      41000 Woodward Avenue,
      Ste. 200 East
      Bloomfield Hills, MI  48304
      Tel: 248-205-3300
      tom.branigan@bowmanandbrookecom

      Attorneys for Toyota Motor Sales USA, Inc. and
      Toyota Motor Engineering & Manufacturing North
      America, Inc.

**CERTIFICATE OF SERVICE**

I certify that on **November 22, 2016**, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to attorney

                      Respectfully Submitted,

By:   /s/ Michael Schaper
       Michael Schaper
       David B. Noland
       **DEBEVOISE & PLIMPTON LLP**
       919 Third Ave
       New York, NY 10022
       Tel: 212-909-6000
       mschaper@debevoise.com

       Thomas P. Branigan (P41774)
       **BOWMAN & BROOKE LLP**
       41000 Woodward Avenue,
       Ste. 200 East
       Bloomfield Hills, MI  48304
       Tel: 248-205-3300
       tom.branigan@bowmanandbrooke.com
       Attorneys for Toyota Motor Sales USA, Inc.
       and Toyota Motor Engineering &
       Manufacturing North America, Inc.