UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| In re: AUTOMOTIVE PARTS ANTITRUST LITIGATION, | Master File No. 12-md-02311<br>Hon. Marianne O. Battani |
| In Re: ALL CASES | |
| THIS DOCUMENT RELATES TO:<br><br>All Actions | |

## DECLARATION OF MARK WILLOUGHBY

I Mark Willoughby declare under penalty of perjury as follows.

1.  I am Division Manager, North American Purchasing at Honda North America, Inc. I joined Honda in January 1989. Unless otherwise indicated, I make this declaration of my own personal knowledge.

2.  I understand that various Honda-related entities have been served with a subpoena seeking production of documents in the In re Automotive Parts Antitrust Litigation (the "Subpoena") and a motion to compel production of data and documents in response to that subpoena (the "Motion to Compel"). Among other things, one department within my division, North American Automotive

1

Purchasing ("NAAP"), is currently responsible for selecting the suppliers of component parts for automobiles manufactured in North America.

    3.    I understand that, in an effort to resolve disputes concerning the Motion to Compel, that Honda has offered to produce (among other data and documents) certain purchasing-related data and documents, subject to the serving parties' agreements to reimburse Honda's costs and attorneys' fees associated with collecting and producing that data. I detail the time I anticipate it would take for Honda to collect these materials in the subparagraphs below.

    i)    <u>Preliminary work.</u> I anticipate that it would take 5 hours of Honda employee time to generate a list of all Honda's historical bearings and anti-vibrational rubber parts ("AVR parts") suppliers and a list of relevant part numbers needed to formulate data-collection queries.

    ii)    <u>Cost Correlation Summaries for bearings and AVR parts.</u> I estimate that it would take 305 hours of Honda employee time to search for, retrieve, and generate a copy of this information for Honda's counsel's review.

    iii)    <u>Transactional purchase data from Honda's accounting system reflecting actual payments made to Honda's bearings and AVR parts suppliers, for the period that such data is online.</u> I estimate that it would take 2 hours of Honda employee time to search for, retrieve, and generate a copy of this information for Honda's counsel's review.

    iv) <u>E-Quote reports of quotation prices and adjustments to quotation prices for Honda's bearings and AVR parts quotations for the past 10 years.</u> I estimate that it would take 2 hours of Honda employee time to search for, retrieve, and generate a copy of this information for Honda's counsel's review. This data from E-Quote feeds Honda's cost management system ("CMS") and, thus, the serving parties' request for CMS data duplicates their request for E-Quote data.

    v) <u>Data reflecting rebates (i.e., non-part-specific payments) from Honda's bearings and AVR parts suppliers for the past three years.</u> I estimate that it would take 2 hours of Honda employee time to search for, retrieve, and generate a copy of this information for Honda's counsel's review.

    vi) <u>Maker Layout Evaluation Forms for bearings and AVR parts, to the extent not already produced.</u> I estimate that it would take 32 hours of Honda employee time to generate a list of the employees who were responsible for sourcing bearings and AVR parts during the subpoena period, locate and interview those employees, and search for, retrieve, and generate a copy of this information for Honda's counsel's review. I note that Honda has already once made an extensive search for Maker Layout Evaluation Forms and I understand that the results of that search have been produced in this case.

vii) <u>Supplier strategy documents for bearings and AVR parts suppliers.</u> I estimate that it would take 16 hours of Honda employee time to search for, retrieve, and generate a copy of this information for Honda's counsel's review.

4. I also understand that the serving parties have moved to compel production of other types of documents or data. I address those categories below.

i) <u>Searches of individual buyers' files.</u> I understand that the serving parties have demanded that Honda search individual employee files for any documents or communications relevant to price procurement. As I explained at my deposition, these searches are not likely to uncover relevant documents. Honda's buyers normally negotiate with suppliers face-to-face or over the phone and, thus, I would not expect significant email or paper communications regarding price negotiations to exist. Suppliers provide price quotations through Honda's E-Quote system, so I would not expect individual buyers to have significant non-duplicative quotation information. Additionally, performing these individual searches would be extremely burdensome. First, Honda would have to generate a list of all the buyers who worked on bearings or AVR parts during the subpoena period. This information is not maintained in a readily accessible form and, instead, I or others at Honda would have to piece the historical information together from memory and discussions with other employees. Second, after identifying the potentially relevant personnel, Honda would have to locate them and interview them to

4

determine where they might have kept documents. Those sources (potentially hard drives, hard-copy document, and email files) would then need to be copied and reviewed individually.

      ii)    Individual RFQs. I understand that the serving parties have demanded that Honda produce each individual RFQ issued during the subpoena period. I believe that the defendant suppliers should already possess this information. As I explained at my deposition, Honda issues one blanket RFQ for each model. Many of the defendants supplied parts to Honda—and thus would have received Honda's RFQs. If the Court were to order Honda to produce each RFQ it issued since 1990, I anticipate that it would take 8 hours of Honda employee time to search for, retrieve, and copy these RFQs. This task could not be performed at the same time as the tasks described in Paragraph 3.

I declare the foregoing under penalty of perjury under the laws of the state of Michigan. Executed this 22nd day of November at San Francisco, California.

By: _/s/ Mark Willoughby_
MARK WILLOUGHBY