**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| IN RE: AUTOMOTIVE PARTS ANTITRUST LITIGATION | : : : : | Master File No. 12-md-02311 Honorable Marianne O. Battani |
| IN RE: ALL AUTO PARTS CASES | : : : | |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | : : : : : | |

**THE PARTIES' MOTION TO FILE THE PARTIES' JOINT REPLY TO CERTAIN NON-PARTIES' OPPOSITIONS TO THE PARTIES' RENEWED MOTION TO COMPEL DISCOVERYUNDER SEAL PURSUANT TO E.D. MICH. LR 5.3**

The Parties[1], by their undersigned counsel, submit the following for their Motion to file The Parties' Joint Reply to Certain Non-Parties' Oppositions to the Parties' Renewed Motion to Compel Discovery, together with all exhibits, Under Seal Pursuant to E.D. Mich. LR 5.3:

1.      Documents that reveal "truly confidential information" constitute a recognized exception to the general right of public access to judicial records and are properly filed under seal. *See, e.g.*, *LL NJ, Inc. v. NBC-Subsidiary (WCAU-TV), L.P.*, 2008 WL 1923261, at *27 (E.D. Mich. 2008).

2.      Here, certain non-party original equipment manufacturers and their affiliated entities ("OEMs") have each designated certain information as highly confidential.  While the Parties take no position as to whether the information is truly confidential, a protective order

---

[1] The "Parties" joining in this motion include: End-Payor Plaintiff, Truck and Equipment Dealer Plaintiffs, the State of Florida, the State of Indiana, and certain Defendants in *Automotive Parts Antitrust Litigation*, No. 2:12- md-02311-MOB-MKM (E.D. Mich.).  Not all Defendants join this motion with respect to all OEMs.  *See* ECF No. 1185 at Attachment A.

1

requires information designated as confidential to be filed under seal and, therefore, the Parties seek to file the Joint Reply and exhibits which cite and incorporate this information under seal until such time as the Court determines whether or not the information is truly confidential.

3.      E.D. Mich. LR 5.3(b)(2) states that a motion or proposed stipulated order seeking such authorization must include the following: (1) the authority for sealing; (2) an identification and description of each item proposed for sealing; (3) the reason that sealing each item is necessary; (4) the reason that a means other than sealing is unavailable or unsatisfactory to preserve the interest advanced by the movant in support of the seal; and (5) a memorandum of legal authority supporting the seal. E.D. Mich. LR 5.3(b)(2)(A).

4.      As to the first prong, the Stipulation and Protective Order Governing the Production and Exchange of Confidential Information ("protective order"), dated July 10, 2012, provides authority for the sealing of the proposed pleading under E.D. Mich. LR 5.3.  Paragraph 7 of the protective order, entitled "Filing of Protected Information," states that "[a]ll documents, materials, or other information containing Confidential Information or Highly Confidential Information that are filed with the Court shall be filed under seal…" and consistent with Local Rule 5.3. *See* 2:12-md-02311, ECF No. 200. The Court maintains "supervisory power over its own records and files."  *Sami v. Detroit Med Ctr.*, 2012 WL 3945532 at 1 (E.D. Mich. Sept. 10, 2012) citing to *Nixon v. Warner Commc'ns Inc.*, 435 U.S. 589, 598 (1978).  This authority includes fashioning orders that limit access to certain court documents.  *Sami, supra* citing to Fed.R.Civ.P. 26(c).  The OEMs claim that the testimony and information they have provided should be designated as highly confidential and/or highly confidential – outside attorneys' eyes only, and this constitutes authority to seal the brief.  If the OEMs' designations are to be taken at face value, the information overcomes the presumption that documents should be filed in public

2

because the interests of protecting the OEMs' confidential information outweighs the public's right to know.  If the information is highly confidential, as the OEMs claim, the case law above demonstrates that it falls within one of the recognized exceptions to the general right of public access to judicial records and, therefore, constitutes authority for filing under seal.

5.      As to the second prong, in support of their motion to compel discovery, the Parties seek to file the following exhibits s under seal:  Exhibit A - Reply Declaration of Sheldon H. Klein in Support of the Parties' Renewed Motion to Compel Discovery from Non-Party Original Equipment Manufacturers, and in Particular FCA US, LLC; Exhibit B - Supplemental Declaration of Sheldon H. Klein in Support of the Parties' Reply to Non-Party Original Equipment Manufacturer General Motors' Opposition to the Parties' Renewed Motion to Compel Discovery; Exhibit C - Declaration of Lara E. Veblen Trager in Support of the Parties' Joint Reply to Certain Non-Parties' Oppositions to the Parties' Renewed Motion to Compel Discovery, and in particular American Honda Motor Company, Inc., Honda North America, Inc., Honda of America Manufacturing, Inc., Honda Precision Parts of Georgia, LLC, Honda Manufacturing of Indiana, LLC, Honda of South Carolina Manufacturing, Inc., Honda R&D Americas, Inc., Honda Research Institute USA, Inc., and Honda Transmission Manufacturing of America, Inc. ("Honda"); Exhibit D - Declaration of Abram J. Ellis in Support of the Parties' Joint Reply to Certain Nonparties' Oppositions to the Parties' Renewed Motion to Compel Discovery from the Non-Party Original Equipment Manufacturers, and in Particular Nissan North America; Exhibit E - Declaration of Angela A. Smedley in Support of the Parties' Joint Reply to Certain Non-Parties' Oppositions to the Parties' Renewed Motion to Compel Discovery, and Particularly Subaru of Indiana Automotive, Inc.; Exhibit F - Declaration of Adam C. Hemlock in Support of the Parties' Joint Reply to Certain Non-Parties' Oppositions to the

Parties' Renewed Motion to Compel Discovery; and Exhibit G – Declaration of Steven N. Williams in support of the Parties' Joint Reply to Certain Non-Parties' Oppositions to the Parties' Renewed Motion to Compel Discovery. The declarations contain the OEMs' data and information that the OEMs claim is confidential and, therefore, only the OEMs are in a position to justify the highly confidential designations. For purposes of this motion, the Parties have taken OEMs' claims of confidentiality at face value.

6.      As to the third prong, assuming that OEMs' highly confidential designations are accurate, it is necessary to seal the declarations because they presumably contain highly confidential information and the Parties are required, pursuant to a protective order, to file such information under seal. Otherwise, the information will be available to the public in contravention of the protective order and the OEMs' interest in protecting truly confidential information.

7.      As to the fourth prong, there is no less onerous alternative to sealing these declarations that would ensure the confidentiality of the OEMs' information.  The Parties have a strong interest in utilizing the "highly confidential" or "highly confidential – outside attorneys' eyes only" information in connection with their motion to compel discovery.  The only way to do so, without a ruling from the Court that the information is not confidential, is to file the Reply, exhibits, and declarations under seal.  Should the Court determine the information is not confidential, the Parties will re-file the declarations not under seal.

8.      As to the fifth and final prong, a memorandum of legal support is attached.

9.      In support of this motion, the Parties rely upon the accompanying memorandum of law which is incorporated by reference herein.

4

WHEREFORE, the Parties respectfully move the Court, pursuant to E.D. Mich. LR 5.3, for an Order allowing the Parties to file the Joint Reply under seal, including:

- Exhibit A - Reply Declaration of Sheldon H. Klein in Support of the Parties' Renewed Motion to Compel Discovery from Non-Party Original Equipment Manufacturers, and in Particular FCA US, LLC;

- Exhibit B - Supplemental Declaration of Sheldon H. Klein in Support of the Parties' Reply to Non-Party Original Equipment Manufacturer General Motors' Opposition to the Parties' Renewed Motion to Compel Discovery;

- Exhibit C - Declaration of Lara E. Veblen Trager in Support of the Parties' Joint Reply to Certain Non-Parties' Oppositions to the Parties' Renewed Motion to Compel Discovery, and in particular American Honda Motor Company, Inc., Honda North America, Inc., Honda of America Manufacturing, Inc., Honda Precision Parts of Georgia, LLC, Honda Manufacturing of Indiana, LLC, Honda of South Carolina Manufacturing, Inc., Honda R&D Americas, Inc., Honda Research Institute USA, Inc., and Honda Transmission Manufacturing of America, Inc. ("Honda");

- Exhibit D - Declaration of Abram J. Ellis in Support of the Parties' Joint Reply to Certain Nonparties' Oppositions to the Parties' Renewed Motion to Compel Discovery from the Non-Party Original Equipment Manufacturers, and in Particular Nissan North America;

- Exhibit E - Declaration of Angela A. Smedley in Support of the Parties' Joint Reply to Certain Non-Parties' Oppositions to the Parties' Renewed

Motion to Compel Discovery, and Particularly Subaru of Indiana Automotive, Inc.;

- Exhibit F - Declaration of Adam C. Hemlock in Support of the Parties' Joint Reply to Certain Non-Parties' Oppositions to the Parties' Renewed Motion to Compel Discovery; and

- Exhibit G – Declaration of Steven N. Williams in support of the Parties' Joint Reply to Certain Non-Parties' Oppositions to the Parties' Renewed Motion to Compel Discovery

Dated: December 2, 2016                    Respectfully submitted,

*/s/ E. Powell Miller*
E. Powell Miller (P39487)
Devon P. Allard (P71712)
THE MILLER LAW FIRM, P.C.
950 W. University Drive, Suite 300
Rochester, MI 48307
Telephone: (248) 841-2200
Facsimile: (248) 652-2852
epm@millerlawpc.com
dpa@millerlawpc.com

***Interim Liaison Counsel for End-Payor Plaintiffs***

*[Additional signatures following Memorandum of Law]*

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

|  |  |  |
|---|---|---|
| IN RE: AUTOMOTIVE PARTS ANTITRUST LITIGATION | : : : : | Master File No. 12-md-02311 Honorable Marianne O. Battani |
| IN RE: ALL AUTO PARTS CASES | : : : : |  |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | : : : : : |  |

**THE PARTIES' MEMORANDUM OF LAW IN SUPPORT OF
MOTION TO FILE THE PARTIES' JOINT REPLY TO CERTAIN NON-PARTIES'
OPPOSITIONS TO THE PARTIES' RENEWED MOTION TO COMPEL DISCOVERY
UNDER SEAL PURSUANT TO E.D. MICH. LR 5.3**

## I.    INTRODUCTION AND BACKGROUND

The Parties seek to file The Parties' Joint Reply to Certain Non-Parties' Oppositions to the Parties' Renewed Motion to Compel Discovery (the "Joint Reply"), in support of their motion to compel discovery, under seal because they contain information which certain non-party OEMs (the "OEMs") have designated as highly confidential or highly confidential – outside attorneys' eyes only.  The Parties take no position as to whether such information is actually confidential and should be precluded from public view.  However, because a protective order requires the Parties to file documents designated as highly confidential under seal, the Parties are bringing this motion requesting an Order permitting the Parties to file the Reply under

seal.  Should the Court determine at a later date that the information should not be sealed, the Parties will re-file the Declarations without sealing.

## II.    LAW AND ARGUMENT

Although judicial records are presumptively open to the public, this presumption may be overcome where "interests of privacy outweigh the public's right to know."  *In re Knoxville News-Sentinel Co., Inc*., 723 F.2d 470, 474 (6th Cir. 1983).  Thus, sealing judicial records may be justified "by a particularized special need for confidentiality, such as when trade secrets, national security, or certain privacy rights of trial participants or third parties are implicated." *Encana Oil & Gas (USA), Inc. v. Zaremba Fam. Farms, Inc*., No. 1:12-CV-369, 2012 WL 1377598, at *1 (W.D. Mich. Apr. 19, 2012) (citing *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1179 (6th Cir. 1983)), *quoted in Cinpres Gas Injection Ltd. v. Volkswagen Group of Am., Inc.*, No. 12-CV-13000, 2013 WL 11319319, at *1 (E.D. Mich. Feb. 14, 2013).  *See, e.g.*, *U.S. v. Nallani*, 11-CR-20365, 2016 WL 4138227, at *3 (E.D. Mich. Aug. 3, 2016) (considering, in balancing the competing interests of access and privacy, whether the matter involves public parties or issues of legitimate public concern; the nature and degree of injury that will occur if the information is made public; the sensitivity of the information and the subject; the reliability of the information; and whether there will be an opportunity to respond to the information); *see also Gookin v. Altus Capital Partners, Inc*., CIV.A. 05-179-JBC, 2006 WL 782456, at *2 (E.D. Ky. Mar. 23, 2006); *accord Romero v. Drummond Co*., 480 F.3d 1234, 1246 (11th Cir. 2005).

The Local Rules of the United States District Court for the Eastern District of Michigan, and the case law thereunder, set forth the process for filing documents under seal.  E.D. Mich. LR 5.3(b) provides that a court order is required to seal documents where, as here, no particular

statute or rule authorizes such sealing.  E.D. Mich. LR 5.3(b)(1).   E.D. Mich. LR 5.3(b)(2) states

that a motion or proposed stipulated order seeking such authorization must include the following:

(1) the authority for sealing; (2) an identification and description of each item proposed for

sealing; (3) the reason that sealing each item is necessary; (4) the reason that a means other than

sealing is unavailable or unsatisfactory to preserve the interest advanced by the movant in

support of the seal; and (5) a memorandum of legal authority supporting the seal. E.D. Mich. LR

5.3(b)(2)(A).

The Parties have identified the Stipulation and Protective Order Governing the

Production and Exchange of Confidential Information ("protective order"), dated July 10, 2012,

as authority for this Court to enter an Order allowing the Parties to file the OEM Declarations

under seal, pursuant to E.D. Mich. LR 5.3.  Paragraph 7 of the protective order, entitled "Filing

of Protected Information," states that "[a]ll documents, materials, or other information containing

Confidential Information or Highly Confidential Information that are filed with the Court shall

be filed under seal…" and consistent with Local Rule 5.3  *See* 2:12-md-2311, ECF No. 200. The

Court maintains "supervisory power over its own records and files."  *Sami v. Detroit Med Ctr.* ,

2012 WL 3945532 at 1 (E.D. Mich. Sept. 10, 2012) citing to *Nixon v. Warner Commc'ns, Inc.*,

435 U.S. 589, 598 (1978).  This authority includes fashioning orders that limit access to certain

court documents.  *Sami, supra* citing to Fed.R.Civ.P. 26(c).

Here, the OEMs have designated information that the Parties seek to utilize as "highly

confidential" or "highly confidential – outside attorneys' eyes only."   Documents that reveal

trade secret business information, information that might harm a litigant's competitive standing,

or other "truly confidential information" are all recognized exceptions to the general right of

public access to judicial records and are properly filed under seal.  *See, e.g.*, *LL NJ, Inc. v. NBC-*

*Subsidiary (WCAU-TV), L.P.*, 2008 WL 1923261, at *27 (E.D. Mich. 2008); *Encana Oil & Gas (USA), Inc. v. Zaremba Family Farms, Inc.*, 2012 WL 1377598, at *2 (W.D. Mich. 2012); *Wedgewood Ltd. Partnership I v. Township of Liberty*, 2007 WL 1796089, at *3 (S.D. Ohio 2007).  Further, commercially sensitive information, whose dissemination has the ability to harm a producing party's business standing has been held by other courts to be properly sealable. Mars, Inc. v. JCM Am. Corp., 2007 WL 496816, at *2 (D.N.J. Feb. 13, 2007) ("Courts generally protect materials containing 'trade secret[s] or other confidential research, development, or commercial information' to prevent harm to a litigant's standing in the marketplace"); Network Appliance Inc. v. Sun Microsystems Inc., No., 07-CV-06053-EDL, 2010 WL 841274, at *2-5 (N.D. Cal. Mar. 10, 2010).

The Parties take no position as to whether the information is truly confidential, but if the OEMs' designations are to be taken at face value, the information overcomes the presumption that documents should be filed in public because the interests of protecting the testimony from the amnesty applicants outweigh the public's right to know.  If the information is highly confidential, as the OEMs claim, the case law above demonstrates that it falls within one of the recognized exceptions to the general right of public access to judicial records, and therefore constitutes authority for filing under seal.

The Parties' Reply includes all of the criteria required under E.D. Mich. LR 5.3(b) and the motion at issue is not a dispositive motion, a motion for class certification, or a motion to dismiss or a complaint. This further militates against disclosure. No member of the public needs this information.  Accordingly, the Parties should be permitted to file the Reply under seal.

## III.    CONCLUSION

For the foregoing reasons, this Court should grant the Parties' motion and permit the Parties to file, under seal, their Reply, pursuant to E.D. Mich. LR 5.3.

Dated:  December 2, 2016                    Respectfully submitted,

*/s/ E. Powell Miller*
E. Powell Miller
Devon P. Allard
**THE MILLER LAW FIRM, P.C.**
The Miller Law Firm, P.C.
950 W. University Dr., Ste. 300
Rochester, Michigan 48307
epm@millerlawpc.com
dpa@millerlawpc.com

*Interim Liaison Counsel for the Proposed End-Payor Plaintiff Classes*

Steven N. Williams
Elizabeth Tran
Demetrius X. Lambrinos
**COTCHETT, PITRE & McCARTHY, LLP**
San Francisco Airport Office Center
840 Malcolm Road, Suite 200
Burlingame, CA 94010
Telephone: (650) 697-6000
Facsimile: (650) 697-0577
swilliams@cpmlegal.com
etran@cpmlegal.com
dlambrinos@cpmlegal.com

Hollis Salzman
Bernard Persky
William V. Reiss
**ROBINS KAPLAN LLP**
601 Lexington Avenue, Suite 3400
New York, NY 10022
Telephone: (212) 980-7400
Facsimile: (212) 980-7499
HSalzman@RobinsKaplan.com
BPersky@RobinsKaplan.com

11

WReiss@RobinsKaplan.com

Marc M. Seltzer
Steven G. Sklaver
**SUSMAN GODFREY L.L.P.**
1901 Avenue of the Stars, Suite 950
Los Angeles, CA 90067-6029
Telephone: (310) 789-3100
Facsimile: (310) 789-3150
mseltzer@susmangodfrey.com
ssklaver@susmangodfrey.com

Terrell W. Oxford
Chanler Langham
Omar Ochoa
**SUSMAN GODFREY L.L.P.**
1000 Louisiana Street, Suite 5100
Houston, TX 77002
Telephone: (713) 651-9366
Facsimile: (713) 654-6666
toxford@susmangodfrey.com
clangham@susmangodfrey.com
oochoa@susmangodfrey.com

*Interim Co-Lead Class Counsel for the Proposed End-Payor Plaintiff Classes*

*/s/ J. Manly Parks*
Wayne A. Mack
J. Manly Parks
Andrew R. Sperl
**DUANE MORRIS LLP**
30 S. 17th Street
Philadelphia, PA 19103
Phone: (215) 979-1000
Fax: (215) 979-1020

*Counsel for Truck and Equipment Dealer Plaintiffs*

**WEIL, GOTSHAL & MANGES LLP**

*/s/ Adam C. Hemlock* (w/consent)
Adam C. Hemlock

12

Steven A. Reiss
Lara E. Veblen Trager
Kajetan Rozga
**WEIL, GOTSHAL & MANGES LLP**
767 Fifth Avenue
New York, New York 10153-0119
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
steven.reiss@weil.com
adam.hemlock@weil.com
lara.trager@weil.com
kajetan.rozga@weil.com

*/s/ Frederick R. Juckniess* (w/consent)
Frederick R. Juckniess
**SCHIFF HARDIN LLP**
350 South Main Street, Suite 210
Ann Arbor, MI 48104
(734) 222-1504
fjuckniess@schiffhardin.com

*Attorneys for Defendants Bridgestone
Corporation and Bridgestone APM Company*

**WEIL, GOTSHAL & MANGES LLP**

*/s/ Steve A. Reiss* (w/consent)
Steven A. Reiss
Adam C. Hemlock
Lara E. Veblen Trager
**WEIL, GOTSHAL & MANGES LLP**
767 Fifth Avenue
New York, New York 10153-0119
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
steven.reiss@weil.com
adam.hemlock@weil.com
lara.trager@weil.com
Fred K. Herrmann
Joanne G. Swanson
Matthew L. Powell

**KERR, RUSSELL AND WEBER PLC**
500 Woodward Avenue
Suite 2500
Detroit, MI 48226

13

Tel. (313) 961-0200
Fax (313) 961-0388
fherrmann@kerr-russell.com
jswanson@kerr-russell.com
mpowell@kerr-russell.com

*Counsel for Defendants Calsonic Kansei*
*Corporation and Calsonic Kansei North*
*America, Inc.*

**BUTZEL LONG**

*/s/ Sheldon H. Klein (w/consent)*
Sheldon H. Klein (P41062)
David F. DuMouchel (P25658)
**BUTZEL LONG**
150 West Jefferson, Suite 100
Detroit, MI 48226
Tel.: (313) 225-7000
Fax: (313) 225-7080
sklein@butzel.com
dumouchd@butzel.com

W. Todd Miller
**BAKER & MILLER PLLC**
2401 Pennsylvania Ave., NW, Suite 300
Washington, DC 20037
Tel.: (202) 663-7820
Fax: (202) 663-7849
TMiller@bakerandmiller.com

*Attorneys for Defendants TRAM, Inc. and*
*Tokai Rika Co., Ltd.*

**COVINGTON & BURLING LLP**

*/s/ Anita F. Stork* (w/consent)
Anita F. Stork
Gretchen Hoff Varner
Cortlin H. Lannin
**COVINGTON & BURLING LLP**
One Front Street, 35th Floor
San Francisco, CA 94111
Telephone: (415) 591-6000
Fax: (415) 955-6550
astork@cov.com

14

ghoffvarner@cov.com
clannin@cov.com

Michael J. Fanelli
Ashley E. Bass
**COVINGTON & BURLING LLP**
One CityCenter
850 Tenth Street, NW
Washington, DC 20001-4956
Telephone: (202) 662-6000
Fax: (202) 662-5383
mfanelli@cov.com
abass@cov.com

*Attorneys for Defendants Alps Electric Co.,*
*Ltd.; Alps Electric (North America), Inc.;*
*and Alps Automotive, Inc.*

**BROOKS WILKINS SHARKEY &**
**TURCO PLLC**

*/s/Maureen T. Taylor* (w/consent)
Herbert C. Donovan (P51939)
Maureen T. Taylor (P63547)
**BROOKS WILKINS SHARKEY &**
**TURCO PLLC**
401 Old South Woodward, Suite 400
Birmingham, MI 48009
Telephone: (248) 971-1721
Fax: (248) 971-1801
taylor@bwst-law.com
donovan@bwst-law.com

*Attorneys for Defendants Alps Electric*
*Co., Ltd.; Alps Electric (North America),*
*Inc.; and Alps Automotive, Inc.*

**SIMPSON THACHER & BARTLETT**
**LLP**

/s/ *George S. Wang* (w/consent)
George S. Wang
Shannon K. McGovern
**SIMPSON THACHER & BARTLETT**
**LLP**
425 Lexington Avenue

15

New York, N.Y. 10017
Tel: (212) 455-2000
Fax: (212) 455-2502
gwang@stblaw.com
smcgovern@stblaw.com

Abram J. Ellis
**SIMPSON THACHER & BARTLETT LLP**
900 G Street, N.W.
Washington, D.C. 20001
Tel.: (202) 636-5500
Fax: (202) 636-5502
aellis@stblaw.com

*Attorneys for Defendants Diamond Electric Mfg. Co., Ltd. and Diamond Electric Mfg. Corp.*

**SIMPSON THACHER & BARTLETT LLP**

/s/ *George S. Wang* (w/consent)
George S. Wang
Shannon K. McGovern
**SIMPSON THACHER & BARTLETT LLP**
425 Lexington Avenue
New York, N.Y. 10017
Tel: (212) 455-2000
Fax: (212) 455-2502
gwang@stblaw.com
smcgovern@stblaw.com

Abram J. Ellis
**SIMPSON THACHER & BARTLETT LLP**
900 G Street, N.W.
Washington, D.C. 20001
Tel.: (202) 636-5500
Fax: (202) 636-5502
aellis@stblaw.com

*Attorneys for Defendants Stanley Electric Co., Ltd., Stanley Electric U.S. Co., Inc., and II Stanley Co., Inc.*

16

**PILLSBURY WINTHROP SHAW PITTMAN LLP**

*/s/ William M. Sullivan Jr.* (w/consent)
William M. Sullivan Jr.
Michael L. Sibarium
Jeetander T. Dulani
**PILLSBURY WINTHROP SHAW PITTMAN LLP**
1200 Seventeenth Street, N.W.
Washington, D.C. 20036-3006
Telephone: (202) 663-8000
Facsimile: (202) 663-8007
wsullivan@pillsburylaw.com
michael.sibarium@pillsburylaw.com
jeetander.dulani@pillsburylaw.com

*Counsel for Mikuni Corporation and Mikuni America Corporation*

**FARMER BROWNSTEIN JAEGER LLP**

*/s/ William S. Farmer* (w/consent)
William S. Farmer
David C. Brownstein
**FARMER BROWNSTEIN JAEGER LLP**
235 Montgomery Street, Suite 835
San Francisco, CA 94102
Tel.: (415) 795-2050
Fax: (415) 520-5678
wfarmer@fbj-law.com
dbrownstein@fbj-law.com

*Counsel for Defendants Mitsuba Corporation and American Mitsuba Corporation*

**SEABOLT LAW FIRM**

*/s/ Scott T. Seabolt (w/consent)*
Scott T. Seabolt

17

**SEABOLT LAW FIRM**
17199 N. Laurel Park Dr., Ste. 215
Livonia, Michigan 48152
248-717-1302
sseabolt@seaboltpc.com

*Counsel for Defendants Mitsubishi*
*Heavy Industries America, Inc. and*
*Mitsubishi Heavy Industries ClimateControl, Inc.*

**LANE POWELL PC**

*/s/ Kenneth R. Davis* (w/consent)
Kenneth R. Davis II
Craig D. Bachman
Darin M. Sands
Masayuki Yamaguchi
**LANE POWELL PC**
ODS Tower
601 SW Second Ave., Suite 2100
Portland, OR 97204-3158
503-778-2100
503-778-2200 (facsimile)
davisk@lanepowell.com
bachmanc@lanepowell.com
sandsd@lanepowell.com

**LANE POWELL PC**

*/s/ Larry S. Gangnes* (w/consent)
Larry S. Gangnes
Connor B. Shively
**LANE POWELL PC**
1420 Fifth Avenue, Suite 4100
Seattle, WA 98101-2338
206-223-7000
206-223-7107 (facsimile)
gangnesl@lanepowell.com
shivelyc@lanepowell.com

*Counsel for Nachi America Inc.*
*and Nachi-Fujikoshi Corporation*

**WINSTON & STRAWN LLP**

*/s/ Jeffrey L. Kessler* (w/consent) Jeffrey L. Kessler

18

Jeffrey L. Kessler
A. Paul Victor
Molly M. Donovan
Jeffrey J. Amato
**WINSTON & STRAWN LLP**
200 Park Avenue
New York, NY 10166
Telephone: (212) 294-6700
Facsimile: (212) 294-4700
jkessler@winston.com
pvictor@winston.com
mmdonovan@winston.com
jamato@winston.com

**KERR, RUSSELL AND WEBER, PLC**
Fred K. Herrmann
500 Woodward Avenue, Suite 2500
Detroit, MI 48226
Tel. (313) 961-0200
fherrmann@kerr-russell.com

*Counsel for NTN Corporation and
NTN USA Corporation*

**ALLEN & OVERY LLP**

*/s/ John Roberti* (w/consent)
John Roberti
Matthew Boucher
**ALLEN & OVERY LLP**
1101 New York Avenue NW
Washington, D.C. 20005
202-683-3800
john.roberti@allenovery.com
matthew.boucher@allenovery.com

Michael S. Feldberg
**ALLEN & OVERY LLP**
1221 Avenue of the Americas
New York, NY 10020
212-610-6360
michael.feldberg@allenovery.com

William R. Jansen (P36688)
Michael G. Brady (P57331)
**WARNER NORCROSS & JUDD LLP**

19

2000 Town Center, Suite 2700
Southfield, MI 48075-1318
248-784-5000
wjansen@wnj.com
mbrady@wnj.com

*Counsel for Defendants Robert Bosch
LLC and Robert Bosch GmbH*

**MILLER, CANFIELD, PADDOCK &
STONE P.L.C.**

/s/ Larry J. Saylor (w/consent)
Larry J. Saylor
**MILLER, CANFIELD, PADDOCK &
STONE P.L.C.**
150 W. Jefferson Avenue, Suite 2500
Detroit, MI 48226
Telephone: (313) 496-7986
Facsimile: (313) 496-8454
Saylor@MillerCanfield.com

*Counsel for Defendants Sumitomo Riko
Company Limited and DTR Industries, Inc.*

**WILLIAMS & CONNOLLY LLP**

/s/ David M. Zinn (w/consent)
David M. Zinn
John E. Schmidtlein
Samuel Bryant Davidoff
**WILLIAMS & CONNOLLY LLP**
725 Twelfth Street, N.W.
Washington, DC 20005
202-434-5000
Fax: 202-434-5029
dzinn@wc.com
jschmidtlein@wc.com
sdavidoff@wc.com

*Counsel for Takata Corporation and
TK Holdings, Inc.*

**HERTZ SCHRAM PC**

/s/ Bradley J. Schram (w/consent)

20

**HERTZ SCHRAM PC**
1760 S. Telegraph Rd., Suite 300
Bloomfield Hills, MI 48302
Tel.: (248) 335-5000
Fax: (248) 335-3346
bschram@hertzschram.com

*Counsel for Toyo Tire & Rubber Co., Ltd.,*
*Toyo Automotive Parts (USA), Inc., Toyo*
*Tire North America Manufacturing Inc.,*
*and Toyo Tire North America OE Sales LLC*

**BAKER BOTTS LLP**

*/s/ Randall J. Turk* (w/consent)
Randall J. Turk
John Taladay
Mark Miller
Heather Souder Choi
Sterling A. Marchand
**BAKER BOTTS LLP**
1299 Pennsylvania Ave., NW
Washington, D.C. 20004-2400
Phone: 202.639.7700
Fax: 202.639.7890
randy.turk@bakerbotts.com
john.taladay@bakerbotts.com
mark.miller@bakerbotts.com
heather.choi@bakerbotts.com
sterling.marchand@bakerbotts.com

*Counsel for Toyoda Gosei Co., Ltd.,*
*TG Missouri Corporation, and Toyoda*
*Gosei North America Corporation*

**WHITE & CASE LLP**

*/s/ Christopher M. Curran* (w/consent)
Christopher M. Curran
**WHITE & CASE LLP**
1155 Avenue of the Americas
New York, New York 10036
Telephone: (212) 819-8200
Facsimile: (212) 354-8113

*Counsel for Defendant Maruyasu*

21

*Industries Co., Ltd.*

**KERR, RUSSELL AND WEBER, PLC**
<u>*/s/ Joanne Geha Swanson*</u> (w/consent)
Joanne Geha Swanson (P33594)
Fred K. Herrmann (P49519)
500 Woodward Avenue, Suite 2500
Detroit, MI 48226
Telephone: (313) 961-0200
Facsimile: (313) 961-0388
fherrmann@kerr-russell.com
jswanson@kerr-russell.com

*Counsel for Defendants Fujikura Ltd. and Fujikura Automotive America LLC*