# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

|  |  |
|---|---|
| **In Re: AUTOMOTIVE PARTS ANTITRUST LITIGATION** | Master File No. 12-md-02311<br>Honorable Marianne O. Battani |
| **In Re: All Auto Parts Cases** | 2:12-MD-02311-MOB-MKM |
| **THIS DOCUMENT RELATES TO:**<br>**ALL AUTO PARTS CASES** | **CERTAIN SERVING PARTIES' REPLY IN SUPPORT OF MOTION TO COMPEL DISCOVERY FROM NON-PARTY ORIGINAL EQUIPMENT MANUFACTURERS** |

# TABLE OF CONTENTS

TABLE OF CONTENTS ..................................................................................................... ii
TABLE OF AUTHORITIES ............................................................................................... iii
INTRODUCTION ................................................................................................................ 1
CONCLUSION ..................................................................................................................... 8

# TABLE OF AUTHORITIES

**Cases**

*BioLumix Inc. v. Centrus Int'l Inc.*, No. 08-11418, 2013 U.S. Dist. LEXIS 162002 (E.D. Mich. Nov. 14, 2013) .................................................................................................................. 5

*Covey Oil Co. v. Continental Oil Co.*, 340 F.2d 993 (10th Cir. 1965) ........................................... 4

*Goodyear Tire & Rubber Co. v. Chiles Power Supply*, 332 F.3d 976 (6th Cir. 2003) ............... 3, 7

*In re Milk Prods. Antitrust Litig.*, 84 F. Supp. 2d 1026 (D. Minn. 1997) ....................................... 5

*In re MSTG, Inc.*, 675 F.3d 1337 (Fed. Cir. 2012) .................................................................... 2, 7

*In re Subpoena Duces Tecum Issued to Commodity Futures Trading Comm'n*, 439 F.3d 740 (D.C. Cir. 2006) ......................................................................................................................... 7

*In re Subpoena Issued to Commodity Futures Trading Comm'n*, 370 F. Supp. 2d 201 (D.D.C. 2005) ......................................................................................................................................... 7

*Knepp v. United Stone Veneer, LLC*, 2007 WL 4437225 (M.D. Pa. 2007) .................................... 6

*Snap-On Bus. Sols., Inc. v. Hyundai Motor Am.*, No. 5:07-CV-1961, 2011 WL 6957594 (N.D. Ohio Feb. 3, 2011) ..................................................................................................................... 2

*State v. Little River Band of Ottawa Indians*, No. 5:05-CV-95, 2007 WL 851282 (W.D. Mich. Mar. 16, 2007) ........................................................................................................................... 2

*Transportation Alliance Bank, Inc. v. Arrow Trucking Co.*, No. 10-CV-016-GKF-FHM, 2011 WL 4964034 (N.D. Oklahoma 2011) ....................................................................................... 3

*U.S. v. Educ. Mgmt. LLC*, 2014 WL 1391079 (W.D. Pa. Feb. 7, 2014) ......................................... 6

*United States v. Nixon*, 418 U.S. 683, 94 S.Ct. 3090, 41 L.Ed.2d 1039 (1974) ............................. 2

*Westlake Vinyls, Inc. v. Goodrich Corp.*, 2007 WL 1959168 (W.D.Ky., Jun.29, 2007) ................ 2

*Winchester v. City of Hopkinsville*, 2014 WL 7005422 (W.D. Ky Dec. 10, 2014) ........................ 2

**Rules**

Fed. R. Civ. P. 26 (b)(1) .................................................................................................................. 7

Fed. R. Civ. P. 26(b)(3)(A)(ii) ....................................................................................................... 6

## **CONTROLLING OR MOST APPROPRIATE AUTHORITIES**

*State v. Little River Band of Ottawa Indians*, No. 5:05-CV-95, 2007 WL 851282 (W.D. Mich. Mar. 16, 2007)

*Westlake Vinyls, Inc. v. Goodrich Corp.*, 2007 WL 1959168 (W.D.Ky., Jun.29, 2007)

**INTRODUCTION**

As stated in Plaintiffs' Notice Regarding Request No. 31 (2:12-md-02311-MOB-MKM (Doc # 1497) Filed 11/07/16), all briefing on Plaintiffs' Motion to Compel production of documents in response to Request No. 31 was completed in March of this year. The hearing on the motion was only deferred until all parties' Joint Motion to Compel was ready for hearing, thus no additional briefing of the motion was needed or called for. Plaintiffs had filed a motion and a reply regarding Request No. 31, and the opposing entities had filed their oppositions. Certainly this was understood by a number of the OEMs and Defendants, given that neither Defendants, nor certain OEMs, made any additional filings on this motion beyond those made in February of this year.

However, some OEMs chose to file additional oppositions last week, largely rehashing the arguments already made in their joint opposition to the Motions to Compel, filed in February 2016. Nothing in these duplicative oppositions should change the outcome here. No OEM disputes that the requested documents discuss the functioning of the conspiracy, the most relevant possible topic of discovery in this case and the very topic of this lawsuit. Nor do any OEMs identify any specific burden associated with the requested production. Thus, under Rule 26, there is no good faith argument for the continued withholding of these documents that demonstrate how the conspiracy functioned.

The only substantive arguments certain OEMs make (which are the same arguments made in their filing in February) concern privileges, which do not apply here.

OEMs once again assert the "settlement privilege." These types of privileges are "not lightly created nor expansively construed, for they are in derogation of the search for truth," *United States v. Nixon*, 418 U.S. 683, 710, 94 S.Ct. 3090, 41 L.Ed.2d 1039 (1974)." *In re MSTG,*

1

*Inc.*, 675 F.3d 1337, 1343 (Fed. Cir. 2012); *see also Westlake Vinyls, Inc. v. Goodrich Corp.*, 2007 WL 1959168, at *3 (W.D. Ky. Jun.29, 2007) ("*Goodyear* does not create a broad privilege protecting from discovery any document or communication arguably related to settlement negotiations, fruitful or otherwise."); *Winchester v. City of Hopkinsville*, 2014 WL 7005422, at *2-3 (W.D. Ky. Dec. 10, 2014) (rejecting "broadly asserted [] 'settlement privilege.'"). Indeed, "nothing in the *Goodyear* opinion suggests, however, that the Sixth Circuit would venture to extend the settlement privilege it recognized in that case to *ad hoc* negotiations between members of the public who do not yet find themselves in a lawsuit with each other." *State v. Little River Band of Ottawa Indians*, No. 5:05-CV-95, 2007 WL 851282, at *2 (W.D. Mich. Mar. 16, 2007).

It is clear that it is not appropriate to apply a settlement privilege to any and every discussion of a disagreement between two entities, especially when they have not sued one another. The settlement privilege in *Goodyear* must be applied on a case-by-case basis, and here the circumstances militate against application of such a privilege. "[A]s the Sixth Circuit stated when it first adopted the Settlement Privilege, its use must be 'judged on a case-by-case basis and weighed against the public interest.'" *Snap-On Bus. Sols., Inc. v. Hyundai Motor Am.*, No. 5:07-CV-1961, 2011 WL 6957594, at *1 (N.D. Ohio Feb. 3, 2011) (quoting *Goodyear*)). In a case concerning the one of the largest antitrust conspiracies in history, resulting in billions of dollars of injury, public interest certainly favors disclosure.

OEMs incorrectly claim that Plaintiffs' argument is that *Goodyear* turned on the fact that statements like those Plaintiffs seek to discover are unlikely to be true. *Goodyear* turned on the fact that the settlement talks were part of a filed court case and the fact that the court specifically required confidentiality of settlement negotiations, over which it presided. *See Goodyear Tire &*

*Rubber Co. v. Chiles Power Supply*, 332 F.3d 976, 977-78 (6th Cir. 2003) ("The district court presided over settlement negotiations for the counterclaims, and admonished that all talks were to remain confidential."). *See also Transportation Alliance Bank, Inc. v. Arrow Trucking Co.*, No. 10-CV-016-GKF-FHM, 2011 WL 4964034, at * 1 (N.D. Oklahoma 2011) ("The present case is distinguishable from the *Goodyear* case insofar as the *Goodyear* case involved settlement discussions presided over by the Court under an admonishment that all talks were to remain confidential."). Also, in this case, statements made by Defendants to their own suppliers, with whom they have an ongoing business relationship, are most likely to be true, so even that aspect of the *Goodyear* reasoning does not apply.

Further, the primary authority governing a situation like the one here is not *Goodyear*, but *Little River*. Faced with a situation like the one here, the *Little River* court stated "the *Goodyear* court was clearly discussing the settlement privilege *within the context of an action already before the courts*, defendant here seeks to push the reach of the so-called settlement privilege to cover documents exchanged between Chairman Ettawageshik and two public officials of the State of Michigan well prior to any lawsuit being instituted." 2007 WL 851282, at *2 (emphasis added). The court concluded that "Defendant seems to take the position that whatever documents came within the purview of those talks were protected by the settlement privilege." *Id.* It rejected this argument and stated that the settlement privilege <u>does not apply</u> to "negotiations between members of the public who do not yet find themselves in a lawsuit with each other." *Id.*

As the *Little River* Court explained, the requirement that there be an actual lawsuit between parties asserting a settlement privilege is imperative because without it there would be no limits on what was covered by a purported "settlement privilege" and no way to tell when such a privilege was properly being applied. The court stated:

3

> As a practical matter, the use of a privilege fashioned to resolve existing cases subject to a court's supervisory authority, the parameters of which are already fixed by the pleadings, would be fraught with difficulties if the privilege was allowed to shield statements made in the course of everyday life, and outside the scope of litigation.
>
> For example, if a man said to his neighbor, "I knocked down your fence because it was on my side of the property line, but I will be happy to let you put it back up if you want to discuss some financial remuneration," could he reasonably expect this admission to be "privileged" when his neighbor sues him, merely because he offered to talk settlement at the same time? What about a parts supplier who says, "I am withholding this month's shipment of widgets to you. Let's tear up our present contract and negotiate a new one," or the man who says, "I shot your dog, but let's talk." Are these statements privileged?

*Little River*, 2007 WL 851282, at *2. Without the requirement of a filed case to which it must be linked, anything can be asserted to be a discussion in furtherance of settlement and any communications could potentially be subject to an assertion of a settlement privilege and shielded from discovery. Agreements to resolve commercial disputes are clearly discoverable and implicate no privilege issues. The same is true of settlement agreements.

OEMs also claim that the information Plaintiffs seek would have been obtained from Defendants, but only a few cases of Defendants have made their complete productions and they would of course not possess all of the documents being sought. *See Covey Oil Co. v. Continental Oil Co.*, 340 F.2d 993, 998 (10th Cir. 1965) ("[A] person may not avoid a subpoena by saying that the evidence sought from him is obtainable from another.").

Further, the OEMs, but not the Defendants, claim that OEMs are putative class members who will soon need to make opt-out decisions. Defendants have asserted that the OEMs are not represented in any of the filed cases. *See* October 8, 2014 Status Conference Transcript, at 54. In any event, this argument fails for a number of reasons. First, the cases filed by the Direct Purchaser Plaintiffs, none of whom are OEMs, and to which no OEMs are parties, are filed in the minority of cases in this MDL. There are no settlements in most of these cases from which the

4

OEMs could "opt out" because there is no applicable case on file. Second, as the SSEs admit, they still need to make "decisions" as to whether to file their cases. As they themselves say, they have not yet opted out and have filed no cases against the Defendants. There is no case on file by Honda or Toyota or any of the other OEMs who signed the opposition. Thus, they are in the same position as the parties in *Little River* who claimed they were involved in settlement negotiations before any lawsuit was filed and whose claim of privilege was therefore denied. In any event, this MDL has been going on for nearly five years, and Plaintiffs are not aware of any cases being filed by the OEMs who oppose this motion.

OEMs also seek to avoid producing this highly relevant discovery by arguing that an attorney-client privilege may be applicable to a subset of the requested documents, the so-called "internal deliberations." First, not all communications between OEM employees about the conspiracy and its effects will involve attorneys. Further, OEMs cannot simply avoid a highly relevant category of discovery, most of which will likely not even be subject to attorney-client privilege by making a passing reference to a privilege. If OEMs believe there are documents subject to the attorney-client privilege, they have to specifically prove that is the case, on a document-by-document basis, consistent with the governing law. As one court explained, "[a] blanket statement that a privilege applies simply will not suffice; [party asserting this privilege] must provide this Court with enough information to determine whether the privilege truly applies to each individual document." *In re Milk Prods. Antitrust Litig.*, 84 F. Supp. 2d 1026, 1028 (D. Minn. 1997) (citations omitted). One of the cases cited by those opposing Plaintiffs' motion to compel demonstrates that the party who claimed settlement privilege responded to the request for that information, and specifically identified privileged documents. *See BioLumix Inc. v. Centrus Int'l Inc.*, No. 08-11418, 2013 U.S. Dist. LEXIS 162002 (E.D. Mich. Nov. 14, 2013). OEMs

5

have done no such thing, making clear that their arguments about the applicability of this privilege hold no water.

Some OEMs also claim that these documents may be protected by a work product privilege, but again, make no specific showing. In any event, for the work product doctrine to apply to a document, it has to be prepared in anticipation of litigation. Here, there is no litigation at all. These OEMs have not sued Defendants, and it is unlikely there was ever any anticipation of litigation. These are entities in an ongoing commercial relationship, who likely resolve their disputes in a business context, not a lawsuit. They do not anticipate or expect a lawsuit. This is demonstrated by the fact that it has been nearly 5 years since this litigation was initiated, past the time when many statutes of limitation would have passed and none of the opposing OEMs have sued.

Further, this privilege may be overcome by a showing of substantial need, which Plaintiffs here have certainly made. Fed. R. Civ. P. 26(b)(3)(A)(ii) (stating that such protections may be overcome if "the party shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means."). *See also, U.S. v. Educ. Mgmt. LLC*, 2014 WL 1391079, at *6 (W.D. Pa. Feb. 7, 2014) ("The work-product doctrine, for example, only protects material prepared in anticipation of litigation, and work-product that is [']factual[']" in nature is discoverable upon a [']showing of substantial need and inability to obtain the equivalent without undue hardship. [']") (citation omitted); *Knepp v. United Stone Veneer, LLC*, 2007 WL 4437225 at *1 (M.D. Pa. 2007) ("[T]he work-product privilege can be overcome upon a showing that the party seeking discovery has a [']substantial need['] for the material sought and that the party is unable without undue hardship to obtain the substantial equivalent of the materials by other means.") (citation omitted).

Denying this discovery to Plaintiffs, who are at an information disadvantage as indirect purchasers in this case and have limited avenues for discovery, would put Plaintiffs at a significant disadvantage.

OEMs also argue that one other subset of documents covered by the request, communications between OEMs and non-Defendant suppliers, are irrelevant. To the contrary, such documents are highly relevant. Such discussions would reveal how two entities who had every reason to speak frankly with one another and no reason not to do so, discussed and evaluated the conspiracy that affected their industry. This is the type of information Plaintiffs may not obtain from Defendants. Contrary to OEMs' statements, the court in *Goodyear* did not rule that settlement negotiation communications are legally irrelevant in the excerpt quoted by SSEs, but rather that "any statements made in the course of negotiation are irrelevant for the purpose of impeaching a witness." *Goodyear*, 332 F.3d at 983.

Further, General Motors alone seems to argue that the evidence Plaintiffs seek must be admissible to be discoverable. This is contrary to the Federal Rules. Fed. R. Civ. P. 26 (b)(1) ("Information within this scope of discovery need not be admissible in evidence to be discoverable."). As one court observed "Congress chose" to have "limits on the admissibility of settlement material rather than limits on their *discoverability*. In fact, the Rule on its face contemplates that settlement documents may be used for several purposes at trial, making it unlikely that Congress anticipated that discovery into such documents would be impermissible." *In re Subpoena Issued to Commodity Futures Trading Comm'n*, 370 F. Supp. 2d 201, 211 (D.D.C. 2005) *aff'd in part on other grounds sub nom. In re Subpoena Duces Tecum Issued to Commodity Futures Trading Comm'n*, 439 F.3d 740 (D.C. Cir. 2006) (emphasis in original) (internal citations omitted). As another court stated "any settlement privilege would necessarily

7


have numerous exceptions." *In re MSTG, Inc.*, 675 F.3d 1337, 1345 (Fed. Cir. 2012). Further, even if the sought information is not admissible, which, as demonstrated above, is unlikely, it will be highly beneficially in informing Plaintiffs' continuing discovery and litigation efforts. It is not being sought merely to prove liability, as General Motors claims.

Plaintiffs also incorporate all arguments made in their Reply in Support of their Motion to Compel production of documents in response to Request No. 31, (Case No. 2:12-md-02311, ECF 1254), attached here as Ex. 1.

## CONCLUSION

For all of the reasons set forth above, this motion to compel discovery from the OEMs should be granted.

Dated: December 2, 2016                    Respectfully submitted,

*/s/ Jonathan W. Cuneo*
Jonathan W. Cuneo
Joel Davidow
Daniel Cohen
Victoria Romanenko
**CUNEO, GILBERT & LADUCA, LLP**
507 C Street, N.E.
Washington, DC 20002
Telephone: (202) 789-3960
jonc@cuneolaw.com
joel@cuneolaw.com
danielc@cuneolaw.com
vicky@cuneolaw.com

Shawn M. Raiter
**LARSON KING, LLP**
2800 Wells Fargo Place
30 East Seventh Street
St. Paul, MN 55101
Telephone: (651) 312-6500
Facsimile: (651) 312-6618
sraiter@larsonking.com

Don Barrett
**BARRETT LAW GROUP, P.A.**
P.O. Box 927
404 Court Square
Lexington, MS 39095
Telephone: (662) 834-2488
Facsimile: (662) 834-2628
dbarrett@barrettlawgroup.com

*Interim Co-Lead Class Counsel for Dealership Plaintiffs*


**DUANE MORRIS LLP**

*/s/ J. Manly Parks* (w/consent)
Wayne A. Mack
J. Manly Parks
**DUANE MORRIS LLP**
30 S. 17th Street
Philadelphia, PA 19103
Telephone: (215) 979-1000
Facsimile: (215) 979-1020
wamack@duanemorris.com
jmparks@duanemorris.com

*Counsel for Truck and Equipment Dealer Plaintiffs*


**MANTESE HONIGMAN, P.C.**

Gerard V. Mantese
(Michigan Bar No. P34424)
**MANTESE HONIGMAN, P.C.**
1361 E. Big Beaver Road
Troy, Michigan 48083
Telephone: (248) 457-9200
gmantese@manteselaw.com

*Interim Liaison Counsel for Dealership Plaintiffs*

Steven N. Williams
Elizabeth Tran
Demetrius X. Lambrinos
**COTCHETT, PITRE & McCARTHY, LLP**
San Francisco Airport Office Center
840 Malcolm Road, Suite 200
Burlingame, CA 94010
Telephone: (650) 697-6000
Facsimile: (650) 697-0577
swilliams@cpmlegal.com
etran@cpmlegal.com
dlambrinos@cpmlegal.com

9

Hollis Salzman
Bernard Persky
William V. Reiss
**ROBINS KAPLAN LLP**
601 Lexington Avenue, Suite 3400
New York, NY 10022
Telephone: (212) 980-7400
Facsimile: (212) 980-7499
HSalzman@RobinsKaplan.com
BPersky@RobinsKaplan.com
WReiss@RobinsKaplan.com

Marc M. Seltzer
Steven G. Sklaver
**SUSMAN GODFREY L.L.P.**
1901 Avenue of the Stars, Suite 950
Los Angeles, CA 90067-6029
Telephone: (310) 789-3100
Facsimile: (310) 789-3150
mseltzer@susmangodfrey.com
ssklaver@susmangodfrey.com

Terrell W. Oxford
Chanler Langham
Omar Ochoa
**SUSMAN GODFREY L.L.P.**
1000 Louisiana Street, Suite 5100
Houston, TX 77002
Telephone: (713) 651-9366
Facsimile: (713) 654-6666
toxford@susmangodfrey.com
clangham@susmangodfrey.com
oochoa@susmangodfrey.com

*Interim Co-Lead Class Counsel for the Proposed End-Payor Plaintiff Classes*

**RYNBRANDT & ASSOCIATES, PLLC**

*/s/Kevin Abraham Rynbrandt (*w/consent)
Kevin Abraham Rynbrandt (P46699)
Business Address:
1000 Front Street, N.W.
Grand Rapids, MI 49504
(616) 915-9266
kar@rynbrandt.com

*Counsel for Plaintiffs*
*Indiana Attorney General's Office*
Indiana Government Building South
302 West Washington Street

10

        5th Floor
        Indianapolis, IN 46204
        Phone:  (317) 232 6201
        Fax:  (317) 232 7979

**CERTIFICATE OF SERVICE**

       I hereby certify that on December 2, 2016 I electronically filed the foregoing papers with the Clerk of the Court using the ECF system which will send electronic notices of same to all counsel of record.

                                           */s/ Jonathan W. Cuneo*
                                           Jonathan W. Cuneo
                                           **CUNEO GILBERT & LADUCA, LLP**
                                           507 C Street, N.E.
                                           Washington, DC 20002
                                           Telephone: (202) 789-3960
                                           Facsimile: (202) 789-1813
                                           jonc@cuneolaw.com