IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| In Re: AUTOMOTIVE PARTS ANTITRUST LITIGATION | Master File No. 12-md-02311<br>Honorable Marianne O. Battani |

IN Re:  All Cases

THIS DOCUMENT RELATES TO:
All Actions

### MOTION OF NISSAN NORTH AMERICA, INC. TO FILE DOCUMENTS UNDER SEAL, PURSUANT TO E.D. MICH. LR 5.3

Non-party Nissan North America, Inc. ("NNA"), by and through its undersigned counsel, submits the following for its Motion to File Documents Under Seal Pursuant to E.D. Mich. LR 5.3:

1.  Local Rule 5.3 of the United States District Court for the Eastern District of Michigan ("LR 5.3") provides for civil material to be filed under seal, and sets forth the procedures to be followed when seeking to file documents under seal. [LR 5.3.]

2.  Moreover, in the Stipulation and Protective Order Governing the Production and Exchange of Confidential Information in this matter ("Protective Order"), the Court has recognized that documents produced and filed with the Court, including documents produced and filed by non-parties such as NNA, may be proprietary, trade secret, and/or commercially and competitively sensitive, and are therefore entitled to be designated as either Confidential, Highly Confidential, or Highly Confidential – Outside Attorneys Only. [*See* Protective Order, D.E. #200, at p. 1, ¶¶1-3, 7, 19.]

3.  In turn, the Protective Order recognizes that such information may need to be filed with the Court, and outlines procedures for filing such documents under seal. [*Id*. at ¶ 19.] *See also, e.g., LL NJ, Inc. v. NBC-Subsidiary (WCAU-TV), L.P.*, 2008 WL 1923261, at *27 (E.D. Mich. 2008) (Documents that reveal "truly confidential information" constitute a recognized exception to the general right of public access to judicial records and are properly filed under seal.)

4.  Here, NNA has designated certain information as Highly Confidential – Outside Attorneys Only, and now seeks to file such information with the Court under seal in support of its Opposition to Letter Brief Regarding Renewed Motion to Compel.

5.  E.D. Mich. LR 5.3(b)(2) states that a motion or proposed stipulated order seeking such authorization must include the following: (1) the authority for sealing; (2) an identification and description of each item proposed for sealing; (3) the reason that sealing each item is necessary; (4) the reason that a means other than sealing is unavailable or unsatisfactory to preserve the interest advanced by the movant in support of the seal; and (5) a memorandum of legal authority supporting the seal. E.D. Mich. LR 5.3(b)(2)(A).

6.  With regard to the first prong, the Protective Order provides authority for the sealing of the proposed documents under E.D. Mich. LR 5.3. Paragraph 7 of the Protective Order, entitled "Filing of Protected Information," states that "[a]ll documents, materials, or other information containing Confidential Information or Highly Confidential Information that are filed with the Court shall be filed under seal…", consistent with Local Rule 5.3. Moreover, The Court maintains "supervisory power over its own records and files." *Sami v. Detroit Med Ctr.*, 2012 WL 3945532 at 1 (E.D. Mich. Sept. 10, 2012) citing to *Nixon v. Warner Commc'ns Inc.*, 435 U.S. 589, 598 (1978). The Protective Order expressly extends to non-parties such as NNA, which

herby requests the protection of the Protective Order with regard to its Highly Confidential-Outside Attorneys Only information, and further agrees to comply with the terms of the Protective Order. [See Protective Order at ¶19.]

7. With regard to the second prong, in support of its Opposition to the Parties' Renewed Motion to Compel Discovery, NNA seeks file the following documents under seal:

- NNA's Letter Brief to Address Unresolved Issues as to Scope of Production.
- Declaration of Brian Smith in Support of NNA's Opposition to Letter Brief Regarding Renewed Motion to Compel.

8. As to the third prong, each of the above-listed documents contains proprietary, trade secret and commercially and competitively sensitive information, and is therefore entitled to designation as Highly Confidential – Outside Attorneys Only.

9. As to the fourth prong, there is no less onerous alternative to sealing these declarations that would ensure the confidentiality of the NNA's information. NNA has a profound and paramount interest in keeping its commercially and competitively sensitive information out of the hands of its suppliers and competitors. Should the Court determine that any of the above listed document(s) are not subject to filing under seal, NNA reserves the right to either withdraw the documents from the Court's consideration, or to re-file the documents not under seal.

10. As to the fifth and final prong, a memorandum of legal support is attached.

11. In support of this motion, NNA relies upon the accompanying memorandum of law which is incorporated by reference herein.

WHEREFORE, NNA respectfully moves the Court, pursuant to E.D. Mich. LR 5.3, for an Order allowing NNA to file the following documents under seal:

- NNA's Letter Brief to Address Unresolved Issues as to Scope of Production.

- Declaration of Brian Smith in Support of NNA's Opposition to Letter Brief Regarding Renewed Motion to Compel.

DATED:  December 19, 2016

Respectfully Submitted,

NISSAN NORTH AMERICA, INC.

By:  */s/E. Paul Cauley, Jr.*
     *One of Its Attorneys*

**SEDGWICK LLP**
E. Paul Cauley, Jr.
paul.cauley@sedgwicklaw.com
1717 Main Street, Suite 5400
Dallas, Texas 75201
Telephone:  469-227-8200
Facsimile:   469-227-8004

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| In Re: AUTOMOTIVE PARTS ANTITRUST LITIGATION | Master File No. 12-md-02311 Honorable Marianne O. Battani |

IN Re: All Cases

THIS DOCUMENT RELATES TO:
All Actions

### NNA'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO FILE DOCUMENTS UNDER SEAL PURSUANT TO E.D.MICH. LR 5.3

### STATEMENT OF THE ISSUE PRESENTED

Should Nissan North America, Inc. ("NNA") be granted leave to file under seal NNA's Letter Brief to Address Unresolved Issues as to Scope of Production and the Declaration of Brian Smith in Support of NNA's Opposition to Letter Brief Regarding Renewed Motion to Compel, where the declaration and letter brief contain confidential, trade secret, proprietary and commercially and competitively sensitive information produced under the Protective Order, and where the information is protected from public disclosure by law?

NNA says:                **YES.**
This Court should find:   **YES.**

### CONTROLLING AUTHORITY FOR THE RELIEF SOUGHT

Fed. R. Civ. P. 5.2(d)
Fed. R. Civ. P. 26(c)
E.D. Mich. Local Rule 5.3(b)


## I. INTRODUCTION AND BACKGROUND

NNA seeks to file NNA's Letter Brief to Address Unresolved Issues as to Scope of Production and the Declaration of Brian Smith in Support of NNA's Opposition to Letter Brief Regarding Renewed Motion to Compel because they contain proprietary and commercially and competitively sensitive information that NNA has designated as Highly Confidential – Outside Attorneys' Eyes Only, pursuant to the terms of the Stipulation and Protective Order Governing the Production and Exchange of Confidential Information ("Protective Order") issued by the Court in this matter. In support thereof, NNA states as follows:

## II. LAW AND RGUMENT

Although judicial records are presumptively open to the public, this presumption may be overcome where "interests of privacy outweigh the public's right to know." *In re Knoxville News-Sentinel Co., Inc.*, 723 F.2d 470, 474 (6th Cir. 1983). Thus, sealing judicial records may be justified "by a particularized special need for confidentiality, such as when trade secrets, national security, or certain privacy rights of trial participants or third parties are implicated." *Encana Oil & Gas (USA), Inc. v. Zaremba Fam. Farms, Inc.*, No. 1:12-CV-369, 2012 WL 1377598, at *1 (W.D. Mich. Apr. 19, 2012) (citing *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1179 (6th Cir. 1983)), *quoted in Cinpres Gas Injection Ltd. v. Volkswagen Group of Am., Inc.*, No. 12-CV-13000, 2013 WL 11319319, at *1 (E.D. Mich. Feb. 14, 2013). *See, e.g., U.S. v. Nallani*, 11-CR-20365, 2016 WL 4138227, at *3 (E.D. Mich. Aug. 3, 2016) (considering, in balancing the competing interests of access and privacy, whether the matter involves public parties or issues of legitimate public concern; the nature and degree of injury that will occur if the information is made public; the sensitivity of the information and the subject; the reliability of the

information; and whether there will be an opportunity to respond to the information); *see also Gookin v. Altus Capital Partners, Inc.*, CIV.A. 05-179-JBC, 2006 WL 782456, at *2 (E.D. Ky. Mar. 23, 2006); *accord Romero v. Drummond Co.*, 480 F.3d 1234, 1246 (11th Cir. 2005).

The Local Rules of the United States District Court for the Eastern District of Michigan, and the case law thereunder, set forth the process for filing documents under seal. E.D. Mich. LR 5.3(b) provides that a court order is required to seal documents where, as here, no particular statute or rule authorizes such sealing. E.D. Mich. LR 5.3(b)(1). E.D. Mich. LR 5.3(b)(2) states that a motion or proposed stipulated order seeking such authorization must include the following:

> (1) the authority for sealing; (2) an identification and description of each item proposed for sealing; (3) the reason that sealing each item is necessary; (4) the reason that a means other than sealing is unavailable or unsatisfactory to preserve the interest advanced by the movant in support of the seal; and (5) a memorandum of legal authority supporting the seal.

E.D. Mich. LR 5.3(b)(2)(A); See also Fed. R. Civ. P. 5.2(d); Fed. R. Civ. P. 26(c).

NNA has identified the Protective Order as authority for this Court to enter an Order allowing NNA to file documents under seal, pursuant to E.D. Mich. LR 5.3. Paragraph 7 of the Protective Order, entitled "Filing of Protected Information," states that "[a]ll documents, materials, or other information containing Confidential Information or Highly Confidential Information that are filed with the Court shall be filed under seal…", consistent with Local Rule 5.3 [*See* Protective Order, D.E. #200 at ¶9.] Moreover, the Court maintains "supervisory power over its own records and files." *Sami v. Detroit Med Ctr.*, 2012 WL 3945532 at 1 (E.D. Mich. Sept. 10, 2012) citing to *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978). This authority includes fashioning orders that limit access to certain court documents. *Sami, supra* citing to Fed.R.Civ.P. 26(c).

Here, NNA has designated certain documents as "Highly Confidential – Outside Attorneys' Eyes Only." Documents that reveal trade secret business information, information that might harm a litigant's competitive standing, or other "truly confidential information" are all recognized exceptions to the general right of public access to judicial records and are properly filed under seal. *See, e.g.*, *LL NJ, Inc. v. NBC- Subsidiary (WCAU-TV), L.P.*, 2008 WL 1923261, at *27 (E.D. Mich. 2008); *Encana Oil & Gas (USA), Inc. v. Zaremba Family Farms, Inc.*, 2012 WL 1377598, at *2 (W.D. Mich. 2012); *Wedgewood Ltd. Partnership I v. Township of Liberty*, 2007 WL 1796089, at *3 (S.D. Ohio 2007). Further, commercially sensitive information, whose dissemination has the ability to harm a producing party's business standing has been held by other courts to be properly sealable. *Mars, Inc. v. JCM Am. Corp.*, 2007 WL 496816, at *2 (D.N.J. Feb. 13, 2007) ("Courts generally protect materials containing 'trade secret[s] or other confidential research, development, or commercial information' to prevent harm to a litigant's standing in the marketplace"); *Network Appliance Inc. v. Sun Microsystems Inc.*, No., 07-CV-06053-EDL, 2010 WL 841274, at *2-5 (N.D. Cal. Mar. 10, 2010).

In this case, each of the documents listed in NNA's Motion to File Documents Under Seal contains proprietary, trade secret and commercially and competitively sensitive information — information that NNA has a profound and paramount interest in protecting from public dissemination. Pursuant to the case law cited above, the documents that NNA seeks to file under seal in this motion all fall within one or more of the recognized exceptions to the general right of public access to judicial records, and are therefore entitled to protection under E.D. Mich. LR 5.3(b).

NNA's motion includes all of the criteria required under E.D. Mich. LR 5.3(b) and the motion at issue is not a dispositive motion, a motion for class certification, or a motion to dismiss or a complaint. This further militates against disclosure. No member of the public needs this information. Accordingly, NNA should be permitted to file the documents under seal.

### III. CONCLUSION

For the foregoing reasons, this Court should grant the motion and permit NNA to file, under seal, NNA's Letter Brief to Address Unresolved Issues as to Scope of Production and the Declaration of Brian Smith in Support of NNA's Opposition to Letter Brief Regarding Renewed Motion to Compel, pursuant to E.D. Mich. LR 5.3.

DATED:  December 19, 2016

Respectfully Submitted,

NISSAN NORTH AMERICA, INC.

By:  */s/E. Paul Cauley, Jr.*
       *One of Its Attorneys*

**SEDGWICK LLP**
E. Paul Cauley, Jr.
paul.cauley@sedgwicklaw.com
1717 Main Street, Suite 5400
Dallas, Texas 75201
Telephone:  469-227-8200
Facsimile:  469-227-8004