# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| IN RE AUTOMOTIVE PARTS ANTITRUST LITIGATION | Master File No. 12-md-02311 Honorable Marianne O. Battani |
| In re: All Auto Parts Cases | 2:12-md-02311-MOB-MKM |
| THIS DOCUMENT RELATES TO: ALL AUTO PARTS CASES | |

## ORDER REGARDING
## SUBARU OF INDIANA AUTOMOTIVE, INC. DISCOVERY

WHEREAS the Parties[1] filed a Renewed Motion to Compel Discovery from Certain Non-Party Original Equipment Manufacturers and Their Affiliated Entities on November 7, 2016 (ECF No. 1500), including from Subaru of Indiana Automotive, Inc.; and

WHEREAS, the Special Master has issued a separate, general Order regarding the Motion to Compel that applies to all of the OEMs, and further determined that additional specific orders should issue with respect to each OEM separately; and

WHEREAS the Serving Parties and Subaru of Indiana Automotive, Inc. have reached agreement, as a result of their negotiations and mediation with the undersigned, on the categories of documents and data to be produced by Subaru of Indiana Automotive, Inc.;

---

[1] The "Parties" include End-Payor Plaintiffs ("EPPs"), Truck and Equipment Dealer Plaintiffs ("TEDPs"), the State of Florida, the State of Indiana, and certain Defendants in *In re Automotive Parts Antitrust Litigation*, Master File No. 2:12-md-02311 (E.D. Mich.). Automobile Dealership Plaintiffs ("ADPs") filed a statement of concurrence, concurring in part with the requests and brief of the Parties. *See* Case No. 2:12-md-02311-MOB-MKM, Doc. No. 1509. The Parties, together with ADPs, are collectively the "Serving Parties."

IT IS HEREBY ORDERED that Subaru of Indiana Automotive, Inc. shall produce documents and data to the Serving Parties in accordance with the terms of that mediated agreement, as set forth in **Subaru of Indiana Automotive, Inc. Exhibit A**, attached hereto. To the extent that the attached Exhibit A conflicts with the general Order on the Motion to Compel, the more specific provisions in the attached Exhibit A control.

IT IS FURTHER ORDERED, that neither this Order nor any agreement by any of the Serving Parties with respect to documents and data to be produced by the OEMs shall be deemed to waive or otherwise prejudice any arguments about the evidence and information obtained from the OEMs, including that such evidence or information is irrelevant, inadmissible, or insufficient to establish any matter relevant to any claim or defense. Each party expressly reserves its rights to assert any such arguments, without limitation, throughout the course of all cases in this MDL.

IT IS FURTHER ORDERED, that this Order is the result of a negotiated agreement between the Serving Parties and Subaru of Indiana Automotive, Inc., and does not represent a finding by this Court that the Serving Parties have demonstrated, or that Subaru of Indiana Automotive, Inc., has conceded, that any of the documents or data to be produced are relevant to any of the Serving Parties' claims or defenses in this litigation, or are proportional to the needs of the case.

IT IS FURTHER ORDERED, that by reaching any such agreements, neither have (i) the Serving Parties waived any rights regarding this subject, including the right to object to this Order or to seek additional documents or data in the future should the need arise, nor (ii) has Subaru of Indiana Automotive, Inc. waived any objections to producing the documents or data sought now or in the future by the Serving Parties, or to appeal this Order.

IT IS FURTHER ORDERED, that by limiting production of certain upstream categories of documents and/or data to only those parts at issue in the *Bearings* and *AVRP* cases, this Order does not prejudice the rights of any Party to seek (or Subaru of Indiana Automotive, Inc.'s right to oppose) production of additional upstream documents and/or data for parts at issue in other cases in *In re Automotive Parts Antitrust Litigation* in the future.

Pursuant to the Court's Order dated August 29, 2014, the Special Master's rulings as set forth herein are appealable to Judge Marianne O. Battani, consistent with the general orders regarding OEM discovery, within 14 days of this Order.

**IT IS SO ORDERED.**

DATED: December 29, 2016

/s/ Gene J. Esshaki
GENE J. ESSHAKI
SPECIAL MASTER

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on December 29, 2016.

s/ Kay Doaks
Case Manager