UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| IN RE AUTOMOTIVE PARTS ANTITRUST LITIGATION | Master File No. 12-md-02311 Honorable Marianne O. Battani |
| In re: All Auto Parts Cases | 2:12-md-02311-MOB-MKM |
| THIS DOCUMENT RELATES TO: ALL AUTO PARTS CASES | |

**ORDER REGARDING TOYOTA DISCOVERY**

WHEREAS the Parties[1] filed a Renewed Motion to Compel Discovery from Certain Non-Party Original Equipment Manufacturers and Their Affiliated Entities on November 7, 2016 (ECF No. 1500), including from Toyota Motor Sales USA, Inc. ("TMS") and Toyota Motor Engineering & Manufacturing North America, Inc. ("TEMA") (collectively, "Toyota");

WHEREAS, the Special Master has issued a separate, general Order regarding the Motion to Compel that applies to all of the OEMs, and further determined that additional specific orders should issue with respect to each OEM separately; and

---

[1] "Parties" are End-Payor Plaintiffs ("EPPs"), Truck and Equipment Dealer Plaintiffs ("TEDPs"), the State of Florida, the State of Indiana, and certain Defendants in all parts cases in *Automotive Parts Antitrust Litigation*, No. 2:12- md-02311-MOB-MKM (E.D. Mich.). Not all Defendants join this motion with respect to Toyota. *See* ECF No. 1185 at Attachment A. Automobile Dealership Plaintiffs ("ADPs") filed a statement of concurrence, concurring in part with the requests and brief of the Parties. See Case No. 2:12-md-02311-MOB-MKM, Doc. No. 1509. The Parties, together with ADPs are collectively the "Serving Parties".

WHEREAS, the Serving Parties and Toyota have reached agreement, as a result of their negotiations and mediation with the undersigned, on the categories of documents and data to be produced by Toyota.

IT IS HEREBY ORDERED that Toyota shall produce documents and data in accordance with the terms of that agreement, as set forth in **Toyota Exhibit A**, attached hereto. To the extent that the attached Exhibit A conflicts with the general Order on the Motion to Compel, the more specific provisions in the attached Exhibit A control.

IT IS FURTHER ORDERED, that neither this Order nor any agreement by any of the Serving Parties with respect to documents and data to be produced by the OEMs shall be deemed to waive or otherwise prejudice any arguments about the evidence and information obtained from the OEMs, including that such evidence or information is irrelevant, inadmissible, or insufficient to establish any matter relevant to any claim or defense. Each party expressly reserves its rights to assert any such arguments, without limitation, throughout the course of all cases in this MDL.

IT IS FURTHER ORDERED, that by reaching any such agreements, neither have (i) the Serving Parties waived any rights regarding this subject, including the right to object to this Order or to seek additional documents or data in the future should the need arise, nor (ii) has Toyota waived any objections to producing the documents or data sought now or in the future by the Serving Parties, or to appeal this Order.

IT IS FURTHER ORDERED, that by limiting production of upstream procurement and transactional data to only those parts at issue in the *Bearings* and *AVRP* cases, this Order does not prejudice the rights of any party to seek (or Toyota's right to oppose) production of upstream

documents and/or data for parts at issue in other cases in *In re Automotive Parts Antitrust Litigation* in the future.

Pursuant to the Court's Order dated August 29, 2014, the Special Master's rulings as set forth herein are appealable to Judge Marianne O. Battani within 14 days of this Order, with oppositions due ten (10) days after submission of any objections, and replies due five (5) days after any oppositions.

**IT IS SO ORDERED.**

DATED: December 29, 2016                     /s/ Gene J. Esshaki
                                             GENE J. ESSHAKI
                                             SPECIAL MASTER

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on December 29, 2016.

                                             s/ Kay Doaks
                                             Case Manager