**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | |
|---|---|
| In Re: AUTOMOTIVE PARTS ANTITRUST LITIGATION | : 12-md-02311<br>: Honorable Marianne O. Battani<br>: Special Master Gene J. Esshaki |
| In Re: All Auto Parts Cases | : 2:12-MD-02311-MOB-MKM<br>:<br>:<br>: |
| THIS DOCUMENT RELATES TO: ALL AUTO PARTS CASES | :<br>:<br>: |

**SPECIAL MASTER'S ORDER REGARDING THE PRODUCTION OF CERTAIN VEHICLE PRICING INFORMATION OF CERTAIN NON-PARTY ORIGINAL EQUIPMENT MANUFACTURERS AND THEIR AFFILIATED ENTITIES[1]**

WHEREAS, on November 7, 2016, Plaintiffs and certain Defendants (collectively, the "Parties"[2]) filed a Renewed Motion to Compel Discovery from Certain Non-Party Original Equipment Manufacturers and Their Affiliated Entities (collectively, "OEMs"), seeking to

---

[1] The OEMs subject to this Order include the following entities: FCA USA LLC; General Motors Company, General Motors Holdings LLC, General Motors LLC; American Honda Motor Company, Inc., Honda Manufacturing of Indiana LLC, Honda North America, Inc., Honda of America Mfg., Inc., Honda of South Carolina Mfg., Inc., Honda Precision Parts of Georgia, LLC, Honda R&D Americas, Inc., Honda Research Institute USA, Inc., Honda Transmission Manufacturing of America, Inc.; Nissan Design America, Inc., Nissan Diesel America, Inc., Nissan North America, Inc., Nissan Technical Center North America, Inc.; Subaru of Indiana Automotive, Inc.; Toyota Motor Engineering & Manufacturing North America, Inc., and Toyota Motor Sales, U.S.A., Inc.

[2] The "Parties" are End-Payor Plaintiffs ("EPPs"), Truck and Equipment Dealer Plaintiffs ("TEDPs"), the State of Florida, the State of Indiana, and certain Defendants in *In re Automotive Parts Antitrust Litigation*, Master File No. 2:12-md-02311 (E.D. Mich.). Automobile Dealership Plaintiffs ("ADPs") filed a statement of concurrence, concurring in part with the requests and brief of the Parties. *See* Case No. 2:12-md-02311-MOB-MKM, Doc. No. 1509. The Parties, together with ADPs, are collectively referred to as the "Serving Parties" in this Order.

compel responses to a narrowed list of requests from uniform subpoenas served on the OEMs pursuant to the Court's orders at ECF No. 277, Case No. 2:12-cv-00100 and ECF No. 949, Case No. 2:12-md-002311 (the "Renewed Motion").[3]

WHEREAS, on November 22, 2016, the OEMs filed oppositions to the Renewed Motion[4];

WHEREAS, on December 2, 2016, the Parties filed a reply to the Renewed Motion[5];

WHEREAS, on November 15, 2016 and December 8, 2016, the Serving Parties and the OEMs participated in mediation sessions with Special Master Esshaki;

WHEREAS, after conducting several days of mediation with the Serving Parties and each OEM, a hearing was held by the Special Master on December 9, 2016, during which the Special Master heard argument and comments from the Parties and the OEMs, and issued rulings on the Renewed Motion. This Order memorializes the Special Master's rulings regarding the confidential treatment of certain vehicle pricing information to be produced by the OEMs pursuant to the Special Master's Order Regarding the Parties' Renewed Motion to Compel

---

[3] The Parties' Renewed Motion to Compel Discovery from Certain Non-Party Original Equipment Manufacturers and their Affiliated Entities (ECF No. 1495).

[4] FCA US LLC's Opposition to the Parties' Renewed Motion to Compel (ECF No. 1519); General Motors' Opposition to the Parties' Renewed Motion to Compel Discovery from Certain Non-Party Original Equipment Manufacturers and their Affiliated Entities (ECF No. 1535); Non-Party Honda's Opposition to the Parties' Motion to Compel Further Subpoena Responses (ECF No. 1533); Non-Party Subaru of Indiana Automotive, Inc.'s Brief in Opposition to the Parties' Renewed Motion to Compel Discovery from Certain Non-Party Original Equipment Manufacturers and their Affiliated Entities (ECF No. 1527); Toyota's Response to the Parties' Renewed Motion to Compel (ECF No. 1528).

[5] The Parties' Joint Reply to Certain Non-Parties' Oppositions to the Parties' Renewed Motion to Compel Discovery (ECF No. 1548).

Discovery from Certain Non-Party Original Equipment Manufacturers and their Affiliated Entities and the Orders governing the scope of production for each of the OEMs.

**IT IS HEREBY ORDERED AS FOLLOWS:**

I. **DEFINITIONS**

A. "**Auto Part Product**" shall mean the specific automotive part to which each Lead Case (as defined in the March 22, 2016 Electronic Case Management Protocol Order, Master File No. 2:12-md-02311, ECF No. 1262) is related in the Auto Parts Cases.

B. "**Auto Parts Cases**" shall mean all cases that are consolidated or coordinated into *In re Automotive Parts Antitrust Litigation* and including, without limitation, and incorporating any cases that may be later-filed.[6]

C. "**Plaintiffs**" shall mean End Payor Plaintiffs (EPPs), Automobile Dealer Plaintiffs (ADPs), Truck and Equipment Dealer Plaintiffs (TEDPs), the State of Florida, and the State of Indiana.

D. "**Defendants**" shall mean defendants participating in (i.e., not fully settled out of or otherwise dismissed from) the Auto Parts Cases at the time of production.

E. "**OEMs**" shall mean the entities identified in footnote 1 of this Order.

F. "**OEM Vehicle Pricing Data**" shall mean VIN level transactional data reflecting an OEM's pricing for a specific vehicle.  Pricing information not relating to a specific vehicle, including, but not limited to, schedules of MSRP and invoice price for vehicle models and options packages or trim levels are not OEM Vehicle Pricing Data.

---

[6] This Order includes all Auto Parts Cases as defined in Section I.B., above. .

      G.      **"OEM Vehicle Pricing Documents"** shall mean documents containing information regarding the processes employed by the OEMs to establish vehicle pricing, including back-up materials for internal determinations, internal evaluations, studies, manuals and instructions.

## II. RULINGS

      A.      Subject to the OEM-specific orders reflecting the agreements or the adjudicated disputes among the Parties and each individual OEM prior to the date of this Order pursuant to discussion in mediation and/or meet and confer and/or pursuant to the Orders governing the scope of production for each of the OEMs, which represent negotiated agreements with each OEM,[7] the OEMs shall produce the categories of OEM Vehicle Pricing Data and OEM Vehicle Pricing Documents identified in the OEM-specific orders. The OEM Vehicle Pricing Data and OEM Vehicle Pricing Documents shall be produced subject to the terms of the operative stipulated protective orders.[8] This Order shall not apply to any categories of data or documents previously produced by any OEM. The following additional safeguards shall apply to future productions of categories of OEM Vehicle Pricing Data and OEM Vehicle Pricing Documents that were not previously produced and have been ordered in connection with the Renewed Motion.

---

[7] The Special Master is issuing contemporaneously with this Order a series of Orders governing the production obligations of each of the OEMs subject this Order. In the event of any conflict between this Order and any individual Order governing the scope of production for each of the OEMs, the individual Order specific to the OEM, shall prevail.

[8] *See* Stipulations and Protective Orders Governing the Production and Exchange of Confidential Information entered in the *Anti-Vibrational Rubber Parts* case, Docket No. 2:13-cv-00803 (ECF No. 130) and *Bearings* case, Docket No. 2:12-cv-00500 (ECF No. 8) ("Protective Orders").

B. Regarding Data

1. OEM Vehicle Pricing Data shall be produced by the OEMs to the Serving Parties on portable media (e.g., thumb drives or disks) or other electronic means and shall be encrypted, password protected, and designated as "HIGHLY CONFIDENTIAL–EXPERTS' EYES ONLY."

2. OEM Vehicle Pricing Data shall be downloaded and viewed only by the Serving Parties' experts on free-standing computers that are not connected to the internet, and that are not accessible to anyone outside of the expert's office(s).

3. Any expert who receives and reviews OEM Vehicle Pricing Data shall sign a confidentiality agreement stating that he or she will abide by the additional protections set forth herein.

4. Nothing herein shall prohibit any expert from using, relying on, and/or manipulating the OEM Vehicle Pricing Data in any way.

5. Counsel for the Serving Parties shall not access or review the OEM Vehicle Pricing Data, but may review any and all experts' output, analyses, work product, reports, opinions and/or conclusions generated, derived from, and/or based upon the OEM Vehicle Pricing Data. Materials derived from and/or otherwise based on the OEM Vehicle Pricing Data shall be designated "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" and given the protections set forth for documents bearing that designation in the Protective Orders.

    C.    Regarding Documents

        1. OEM Vehicle Pricing Documents shall be produced by the OEMs to the Serving Parties on portable media (e.g., thumb drives or disks) or other electronic means and shall be encrypted, password protected, and designated as "HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY."

        2. Plaintiffs shall designate a single law firm for End-Payor Plaintiffs (EPPs), a single law firm for Auto Dealer Plaintiffs (ADPs), and a single law firm for Truck and Equipment Dealer Plaintiffs (TEDPs) to each receive and maintain all copies of OEM Vehicle Pricing Documents.

        3. Defendants shall designate a single law firm for Defendants in each of the Auto Parts Cases to receive and maintain all OEM Vehicle Pricing Documents (collectively with law firms designated by Plaintiffs pursuant to C.1.2., "Custodian Firms").[9] If the Defendant whom the law firm acting as a Custodian Firm represents settles all its claims in the Auto Parts Cases and/or is otherwise dismissed from the Auto Parts Cases in their entirety, then Defendants may designate a new law firm as the Defendants' Custodian Firm and the current Custodian Firm may transmit the portable media with the copies of OEM Vehicle Pricing Documents to the new Defendant Custodian Firm. Defendants shall make this new designation in writing to the OEMs at least seven (7) days before transmitting the portable media bearing copies of

---

[9] Defendants in the *Bearings* and *Anti-Vibrational Rubber Parts* cases shall designate Custodian Firms upon entry of this Order. Defendants in other cases shall designate Custodian Firms after entry of a class certification schedule in their respective cases.

the OEM Vehicle Pricing Documents to the new Custodian Firm.  If the OEM either consents in writing to the new Custodian Firm or does not respond to the designation, then the new Custodian Firm may receive the portable media. If, however, the OEM whose OEM Vehicle Pricing Documents are to be received by the new Custodian Firm objects to the new designation, then the Defendants and objecting OEM shall brief the matter to the Court, including the basis for the OEM's objection to the new designation and transmission of the OEM Vehicle Pricing Documents to the new Defendant Custodian Firm.

4. All OEM Vehicle Pricing Documents shall be downloaded and viewed only on free-standing computers that are not connected to the internet, and that are accessible to the Serving Parties only in-person at one of the Custodian Firms.

5. OEM Vehicle Pricing Documents may be quoted, referred to or attached to court filings, subject to the requirements of the Protective Orders.  However, if any OEM Vehicle Pricing Document materials are quoted, referred to, or attached to court filings, they may only be filed *in camera* with the Court and not on any electronic filing system.

6. If any party intends to quote, refer to, or attach OEM Vehicle Pricing Documents to any court filings, they shall inform the OEM(s) that produced those Documents at least seven (7) days prior to filing, so that the OEM(s) may raise appropriate objections and/or otherwise ensure that the OEM Vehicle Pricing Documents are filed in an appropriate manner reflecting their highly confidential nature.

D.  Regarding Copies

1. No Party or expert shall make any copy of any OEM Vehicle Pricing Data and/or OEM Vehicle Pricing Documents unless reasonably necessary for purposes of this litigation. If any OEM Vehicle Pricing Data and/or OEM Vehicle Pricing Documents are copied, the Party or expert creating such copy shall create and maintain a signed log for each copy made containing the following information: name of person making the copy; date and time of copy made; which number copy it is; and how the copy will be maintained, stored, and transferred. This requirement applies to both digital and physical copies of the materials. At the conclusion of this litigation, (1) the original and all copies of the OEM Vehicle Pricing Data and/or OEM Vehicle Pricing Documents shall be returned to the originating OEM, together with an affidavit stating that these have been returned, this Order has been adhered to, and no other access has been granted; and (2) any copies of the OEM Vehicle Pricing Data and/or OEM Vehicle Pricing Documents that have been downloaded to computers pursuant to Paragraphs B.2 and C.4 shall be destroyed, and the Custodian Firms and the parties' respective experts shall each provide the originating OEM with an affidavit stating that the copies of these materials have been destroyed, this Order has been adhered to, and no other access has been granted.

**III. AVAILABILITY OF APPEAL OF THIS ORDER**

This Order shall be subject to appeal to The Honorable Marianne O. Battani, pursuant to the Order Appointing A Master (ECF No. 792). Any party that wishes to file an objection to this

Order must do so within fourteen (14) days of the ECF filing date of this Order.  Responses shall be due ten (10) days after the date on which the objections are filed, and replies shall be due five (5) days after the date on which the responses are filed.  Failure to meet this deadline results in waiver of any objection to the Master's order, absent good cause shown.  Order Appointing A Master, § II.B.


DATED: December 29, 2016            /s/ Gene J. Esshaki
                                    GENE J. ESSHAKI
                                    SPECIAL MASTER


**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on December 29, 2016.

                                    s/ Kay Doaks
                                    Case Manager