# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| IN RE AUTOMOTIVE PARTS ANTITRUST LITIGATION | Master File No. 12-md-02311<br>Honorable Marianne O. Battani<br>2:12-md-02311-MOB-MKM |
| In re: All Auto Parts Cases | |
| THIS DOCUMENT RELATES TO:<br>ALL AUTO PARTS CASES | |

## ORDER REGARDING NISSAN NORTH AMERICA, INC.'S PRODUCTION IN RESPONSE TO THE PARTIES' RENEWED MOTION TO COMPEL DISCOVERY

WHEREAS the "Parties"[1] filed a Renewed Motion to Compel Discovery from Certain Non-Party Original Equipment Manufacturers and Their Affiliated Entities (collectively, "OEMs") on November 7, 2016 (ECF No. 1500), including from OEM Nissan North America, Inc. ("NNA"); and

WHEREAS, the Special Master has issued a separate, general Order regarding the Motion to Compel that applies to all of the OEMs, and further determined that additional specific orders should issue with respect to each OEM separately; and

---

[1] The "Parties" are End-Payor Plaintiffs ("EPPs"), Truck and Equipment Dealer Plaintiffs ("TEDPs"), the State of Florida, the State of Indiana, and certain Defendants in *In re Automotive Parts Antitrust Litigation*, Master File No. 2:12-md-02311 (E.D. Mich.). Automobile Dealership Plaintiffs ("ADPs") filed a statement of concurrence, concurring in part with the requests and brief of the Parties. *See* Case No. 2:12-md-02311-MOB-MKM, Doc. No. 1509. The Parties, together with ADPs, are collectively the "Serving Parties."

WHEREAS, with respect to certain categories of documents, the Serving Parties and NNA negotiated tentative compromises ("Compromises"), but were unable to reach agreement on all issues in dispute between them; and

WHEREAS the Special Master has determined, in the exercise of his discretion, that those Compromises should be included in a NNA specific Order that addresses all of the categories of documents and/or data at issue in the Parties' Renewed Motion to Compel that are not otherwise disposed of in the general Order regarding OEM discovery.

IT IS HEREBY ORDERED that NNA shall produce documents and data to the Serving Parties in accordance with the terms as set forth in **Nissan North America, Inc. Appendix A**, attached hereto.  To the extent that the attached **Appendix A** conflicts with the General Order on the Motion to Compel, the more specific provisions in the attached **Appendix A** control; and

IT IS FURTHER ORDERED, that neither this Order nor any agreement by any of the Serving Parties with respect to documents and data to be produced by the OEMs shall be deemed to waive or otherwise prejudice any arguments about the evidence and information obtained from the OEMs, including that such evidence or information is irrelevant, inadmissible, or insufficient to establish any matter relevant to any claim or defense.  Each party expressly reserves its rights to assert any such arguments, without limitation, throughout the course of all cases in this MDL.

IT IS FURTHER ORDERED, that by reaching any such agreements, neither have (i) the Serving Parties waived any rights regarding this subject, including the right to object to this Order or to seek additional documents or data in the future should the need arise, nor (ii) has NNA waived any objections to producing the documents or data sought now or in the future by the Serving Parties, or to appeal this Order.

IT IS FURTHER ORDERED, that by limiting production of certain upstream categories of documents and/or data to only those parts at issue in the Bearings and AVRP cases, this Order does not prejudice the rights of any party to seek (or NNA's right to oppose) production of additional upstream documents and/or data for parts at issue in other cases in *In re Automotive Parts Antitrust Litigation* in the future.

IT IS FURTHER ORDERED, that for 2009 and later VIN level downstream transactional data, NNA's production will be limited to its offer of three models and three model years for each model between 2009 and 2013 to be chosen by the Parties, at the previously ruled 70% cost sharing.

IT IS FURTHER ORDERED, that NNA is not required to produce any 2004-2008 VIN level downstream transactional data.

IT IS FURTHER ORDERED that, for the cost, pricing and sales documents described in the attached **Appendix A**, NNA will produce for all vehicles for which these documents are centrally stored, subject to the restrictions of the Special Master's ruling in the Order Regarding the Production of Certain Vehicle Pricing Information (which restriction does not apply to any categories of data or documents previously produced by NNA).

**AVAILABILITY OF APPEAL OF THIS ORDER**

This Order shall be subject to appeal to The Honorable Marianne O. Battani, pursuant to the Order Appointing A Master (ECF No. 792). Any party that wishes to file an objection to this Order must do so within fourteen (14) days of the ECF filing date of this Order. Responses shall be due ten (10) days after the date on which the objections are filed, and replies shall be due five (5) days after the date on which the responses are filed. Failure to meet this deadline results in

waiver of any objection to the Master's order, absent good cause shown.  Order Appointing A

Master, § II.B.

**IT IS SO ORDERED.**

DATED: January 4, 2017 /s/ Gene J. Esshaki
GENE J. ESSHAKI
SPECIAL MASTER

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on January 4, 2017.

s/ Kay Doaks
Case Manager

4