**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

| | |
|---|---|
| IN RE AUTOMOTIVE PARTS ANTITRUST LITIGATION | Master File No. 12-MD-02311<br>HON. MARIANNE O. BATTANI |
| In Re: ALL AUTO PARTS CASES | |
| THIS DOCUMENT RELATES TO:<br>ALL AUTO PARTS CASES | |

**NON-PARTY HONDA'S OBJECTIONS TO SPECIAL MASTER'S ORDER
REGARDING MOTION TO COMPEL AGAINST HONDA,
DATED DECEMBER 29, 2016 (DOC. NO. 1577)**

Daniel Purcell
Justina Sessions
Ian Kanig
KEKER & VAN NEST LLP
633 Battery Street
San Francisco, CA 94111-1809
Telephone:  415 391 5400
Facsimile:  415 397 7188
dpurcell@kvn.com
jsessions@kvn.com
ikanig@kvn.com

Ronald C. Wernette, Jr.
THE WERNETTE LAW FIRM, PLLC
1877 Orchard Lake Rd, Suite 102
Sylvan Lake, MI 48320
Telephone:  248 977 3142
Facsimile:  248 977 3380
ron.wernette@wernettelawfirm.com

Dated:  January 12, 2017

i

## ISSUES PRESENTED

1. Should Honda be compelled to produce extensive purchasing, pricing, and sales documents and data concerning all-terrain-vehicles ("ATVs") and side-by-sides, where the Serving Parties' Renewed Motion to Compel did not mention or seek to compel production of such materials?

2. Should Honda be compelled to produce extensive documents and data concerning ATVs and side-by-sides, where the subpoena that the Truck and Equipment Dealer Plaintiffs served did not seek discovery relating to ATVs or side-by-sides?

3. Should Honda be compelled to produce extensive documents and data concerning ATVs and side-by-sides, where such production would impose a significant burden over and above the immense burden already imposed on Honda by the Serving Parties' request for (and Honda's production of) automobile-related documents and data, and where Honda's ATV and side-by-side business is a miniscule portion (if any) of the relevant market(s) alleged by the Truck and Equipment Dealer Plaintiffs?

## **CONTROLLING OR MOST APPROPRIATE AUTHORITIES**

Federal Rule of Civil Procedure 26

Federal Rule of Civil Procedure 45

Federal Rule of Civil Procedure 53

*United States v. Blue Cross Blue Shield of Mich.*, No. 10-cv-14155, 2012 WL 4838987 (E.D. Mich. Oct. 11, 2012)

**TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ..................................................................................................1

II. BACKGROUND ....................................................................................................2

    A. Honda's ATV and Side-by-Side business is separate from the automobile business for which Honda has already produced significant documents and data. ..................................................................................................................2

    B. Neither the Subpoena nor the TEDPs' *Bearings*, *Wire Harnesses,* nor *Occupant Safety Systems* complaint mentions ATVs or side-by-sides. ....................3

    C. The Renewed Motion to Compel does not seek to compel production of documents and data relating to ATVs or side-by-sides. ..........................................3

    D. The Special Master did not offer any reasons for his ruling compelling production relating to Honda ATVs and side-by-sides. ..........................................5

III. LEGAL STANDARD.............................................................................................5

    A. Standard of Review................................................................................................5

    B. Legal Standards Governing Subpoenas to Non-Parties .........................................5

IV. ARGUMENT..........................................................................................................7

    A. The Special Master could not have ordered production because ATVs and side-by-sides are not within the scope of the Subpoena. ........................................7

    B. The Special Master did not weigh the significant burdens of production against the TEDPs' purported need for documents and data from Honda. .............8

    C. At a minimum, TEDPs should be required to reimburse Honda for all of its costs associated with ATV and side-by-side-related production. .....................10

V. CONCLUSION.....................................................................................................11

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Hendricks v. Total Quality Logistics, LLC*
  275 F.R.D. 251 (S.D. Ohio 2011) ................................................................................................5

*Med. Ctr. at Elizabeth Place, LLC v. Premier Health Partners*
  294 F.R.D. 87 (S.D. Ohio 2013) ...............................................................................................6, 8

*State Farm Mut. Auto. Ins. Co. v. Warren Chiropractic & Rehab Clinic, P.C.*
  315 F.R.D. 220 (E.D. Mich. 2016) ..............................................................................................5

*Surles ex rel. Johnson v. Greyhound Lines, Inc.*
  474 F.3d 288 (6th Cir. 2007) ....................................................................................................6, 9

*United States v. Blue Cross Blue Shield of Mich.*
  No. 10-cv-14155, 2012 WL 4513600 (E.D. Mich. Oct. 1, 2012) ("Blue Cross I") ..............6, 11

*United States v. Blue Cross Blue Shield of Mich.*
  No. 10-cv-14155, 2012 WL 4838987 (E.D. Mich. Oct. 11, 2012) ("Blue Cross II") .............1, 6

**Federal Rules**

Fed. R. Civ. P. 26 ........................................................................................................................5, 8

Fed. R. Civ. P. 45 ..................................................................................................................5, 6, 8, 9

**Federal Regulations**

81 Fed. Reg. 40529 ..........................................................................................................................7

**I.      INTRODUCTION**

The Special Master's ruling ordering Honda to produce purchasing, pricing, and sales documents relating to all-terrain vehicles ("ATVs") and side-by-sides is erroneous and should be reversed for two reasons.[1]  *First* and most basically, the subpoenas served on Honda did not cover ATVs and side-by-sides.  Honda cannot be compelled to produce such materials in response to a subpoena that never even sought them.  *Second*, the Special Master failed to acknowledge, let alone weigh, the significant burdens to Honda that the production entails, nor did he attempt to weigh that burden against the Truck and Equipment Dealer Plaintiffs' ("TEDPs") purported need for ATV and side-by-side data from Honda.  Rules 45 and 26 of the Federal Rules of Civil Procedure require the Court to protect non-parties like Honda "'against significant expense resulting from involuntary assistance to the court.'"  Opinion and Order Granting Plaintiff's Motions to Compel, *United States v. Blue Cross Blue Shield of Mich.*, No. 10-cv-14155, 2012 WL 4838987, at *2 (E.D. Mich. Oct. 11, 2012) ("Blue Cross II").

To be clear, Honda is not seeking to avoid a reasonable document production related to the issues in this case.  In fact, Honda[2] has already spent over 400 hours of attorney and employee time investigating, compiling, and producing documents and data relating to Honda's automobile business.[3]  And, under the Special Master's other orders relating to Honda, Honda will be required to spend hundreds more hours producing additional documents and data.[4]  But the Special Master's order directing production of ATV and side-by-side data is wholly separate from this effort and creates distinct and unjustifiable burdens.  To comply, Honda would have to

---

[1] The Special Master's ruling at issue in these Objections is Docket Entry No. 1577.

[2] "Honda" collectively refers to the following entities: (1) American Honda Motor Company, Inc. ("AHM"); (2) American Honda Finance Corp.; (3) Honda Manufacturing of Indiana, LLC; (4) Honda North America, Inc. ("HNA"); (5) Honda of America Manufacturing, Inc.; (6) Honda of South Carolina Manufacturing, Inc.; (7) Honda Precision Parts of Georgia, LLC; (8) Honda R&D Americas, Inc.; (9) Honda Research Institute USA, Inc.; and (10) Honda Transmission Manufacturing of America, Inc.

[3] *See* Declaration of Justina K. Sessions, D.I. 1533-2, ¶ 6.

[4] *See id.*; *see also* Declaration of Mark Willoughby, D.I. 1533-1.

1

search for, compile, and produce a similar mountain of materials relating to an entirely separate, and much smaller, line of business. Not only does the Renewed Motion to Compel[5] not even seek to compel production of data relating to Honda's ATVs or side-by-sides, the Motion makes no effort to show that the TEDPs have any meaningful need for such data and documents from Honda. In light of its cooperation and massive production of data regarding cars and light trucks, Honda should not have to bear the significant additional burden of producing data that is at best marginally relevant (if at all) to the TEDP's alleged market(s), which they define as consisting of "heavy-duty…trucks, medium-duty…trucks, buses, commercial vehicles, construction equipment, mining equipment, agricultural equipment, railway vehicles, and other similar vehicles,"[6] without ever making any mention of ATVs and side-by-sides.

## II.    BACKGROUND

### A.    Honda's ATV and side-by-side business is separate from the automobile business for which Honda has already produced significant documents and data.

As publicly available documents demonstrate, since 2005 Honda has manufactured ATVs and side-by-sides in a South Carolina factory that is different from the Indiana and Alabama factories where Honda manufactures automobiles.[7] From 2004 to 2015, Honda manufactured approximately 1.9 million ATVs and side-by-sides in the United States.[8] Approximately 10% of Honda's US-produced ATVs and side-by-sides are exported for sale outside the United States.[9]

---

[5] D.I. 1495.

[6] *See* First Am. Class Action Complaint, *In re Bearings Cases*, 14-cv-13356, D.I. 23 ("*Bearings* Compl."), ¶210

[7] Honda 2016 Digital Factbook at 4.1-4.4, 4.12, *available at* https://hondainamerica.com/wp-content/uploads/DFB_2016_US_0517.pdf (last visited January 11, 2017).

[8] *Id.* at 4.12.

[9] *Id.* at 6.2.

2

Honda's ATV and side-by-side production is minuscule compared to its automobile production. From 2004 to 2015, Honda sold approximately 17 million cars and light trucks in the United States.[10]

### B. Neither the Subpoena nor the TEDPs' *Bearings* or *Wire Harnesses* complaint mentions ATVs or side-by-sides.

The subpoena with which the TEDPs seek compliance demands documents and data relating to "Vehicles" manufactured by Honda. "Vehicle" is defined as "an automobile or other motor Vehicle that is principally used for transporting from one to eight passengers and is designed to operate primarily on roads, typically with two or four wheels, including sedans, sport-utility Vehicles, motorcycles, and pickup trucks. In addition, to the extent that any of the Requests seek documents with respect to Wire Harness Systems or Bearings. Vehicle also includes medium-duty (Class 4, 5, 6, & 7) trucks, heavy-duty (Class 8) trucks, buses, commercial Vehicles, construction equipment, mining equipment, agricultural equipment, railway Vehicles, and other similar Vehicles."[11]

The TEDPs' complaints in the Wire Harness Systems and Bearings cases define "Vehicle" or "Trucks and Equipment" as "heavy-duty (Class 8) trucks, medium-duty (Class 4, 5, 6 & 7) trucks, buses, commercial vehicles, construction equipment, mining equipment, agricultural equipment, railway vehicles, and other similar vehicles."[12]

### C. The Renewed Motion to Compel does not seek to compel production of documents and data relating to ATVs or Side-by-sides.

The Serving Parties (including TEDPs) filed their Renewed Motion to Compel on November 7, 2011. The Serving Parties attached to that motion a Honda-specific declaration that, they claimed, set forth "the specific types of documents and data sought from each of the Six Lead OEMs."[13] But that declaration includes no substantive discussion of Honda and

---

[10] *Id.* at 3.8.

[11] Subpoena to OEMs, D.I. 1186, Ex. A at 10.

[12] *Bearings* Compl. ¶ 2.

[13] Renewed Mot. to Compel Disc., D.I. 1495, at 2.

3

TEDPs' dispute regarding ATV and side-by-side discovery.[14] Although the Serving Parties attached a letter from TEDP's counsel to Honda as an exhibit to the Renewed Motion to Compel, this argumentative letter from a lawyer is not evidence of anything, and tellingly was never cited or discussed anywhere in the motion, memorandum of points and authorities, or in the Honda-specific declaration outlining the Serving Parties' document demands.

Because the Serving Parties did not move with respect to ATVs or side-by-sides, Honda did not include any argument or evidence relating to those product categories in Honda's opposition. In response to Honda's opposition, the Serving Parties' reply brief offered no argument to suggest that ATVs and side-by-sides were part of the issues to be decided on the motion, and their reply declaration similarly avoided the issue, stating only that it "will not repeat the testimony from my original Declaration . . . including a description of Honda's refusal to respond to TEDPs' requests for any information regarding Honda's all-terrain vehicles and side-by-sides."[15] At the hearing before the Special Master, in response to Honda's argument that the Serving Parties had not moved on ATVs or side-by-sides, TEDPs offered evidence that they had never presented in their moving papers—a photograph from www.hondanews.com of a side-by-side that "appears to be in a barn, there are bales of hay next to it." Dec. 12, 2016 Tr. of Mots. to Compel Hr'g ("Tr.") at 87:16-17. TEDPs conceded that this late-produced photograph was meant to shoehorn Honda's ATVs and side-by-sides into the categories in their Subpoena. *Id.* at 89:9-11.

---

[14] *See* Dec. of Lara E. Veblen Trager in Support of Parties' Renewed Mot. to Compel Disc., D.I. 1495-3.

[15] Dec. of Lara E. Veblen Trager in Support of Parties' Joint Reply to Certain Parties' Opp'n to Renewed Mot. to Compel Disc., D.I. 1549-, ¶ 5.

**D.     The Special Master did not offer any reasons for his ruling compelling production relating to Honda ATVs and side-by-sides.**

The Special Master's oral ruling regarding ATV's and side-by-sides is as follows: "Again, I'm in a position where I have to exercise discretion, and I'm going to exercise discretion in favor of ordering discovery for the ATVs, agricultural and recreational."  Tr. at 92:10-13; *see also id.* at 20-21 ("And side-by-sides, yes.  Thank you.").  He offered no additional analysis or reasoning at the hearing or in the written order that followed.

**III.     LEGAL STANDARD**

**A.     Standard of Review**

Federal Rule of Civil Procedure 53(f) provides that the Court must decide *de novo* all findings of fact and conclusions of law made or recommended by a special master.  Fed. R. Civ. P. 53(f)(3), (f)(4).

**B.     Legal Standards Governing Subpoenas to Non-Parties**

Federal Rule of Civil Procedure 45 governs document subpoenas.  While subpoenaing parties may seek to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense," production requests must be "proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1); *see also State Farm Mut. Auto. Ins. Co. v. Warren Chiropractic & Rehab Clinic, P.C.*, 315 F.R.D. 220, 222 (E.D. Mich. 2016) ("A subpoena to a third party under Rule 45 is subject to the same discovery limitations as those set out in Rule 26.").  When determining whether a subpoena's request is proportional, courts must consider: (1) the importance of the issues at stake in the action; (2) the amount in controversy; (3) the parties' relative access to relevant information; (4) the parties' resources; (5) the importance of the discovery in resolving the issues; and (6) whether the burden or expense of the proposed discovery outweighs its likely benefit.  Fed. R. Civ. P. 26(b)(1).

Rule 45 provides two additional limits on the scope of a subpoena.  *First*, a subpoenaed party is not obligated to respond to a request that seeks irrelevant information or is overbroad. *See Hendricks v. Total Quality Logistics, LLC*, 275 F.R.D. 251, 253 (S.D. Ohio 2011).  The

burden of showing irrelevance or overbreadth varies depends on whether the disputed request is facially defective. "If the discovery sought appears relevant on its face, the party resisting the discovery has the burden to establish the lack of relevance but when relevancy is not apparent on the face of the request, the party seeking the discovery has the burden to show the relevancy of the request." *Id.* (citations omitted) (internal quotations omitted).

*Second*, a subpoenaing party "must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Fed. R. Civ. P. 45(d)(1); s*ee also Surles ex rel. Johnson v. Greyhound Lines, Inc.*, 474 F.3d 288, 305 (6th Cir. 2007) ("[D]istrict courts have discretion to limit the scope of discovery where the information sought is overly broad or would prove unduly burdensome to produce."). "Where, as here, discovery is sought from a non party, the Court should be particularly sensitive to weighing the probative value of the information sought against the burden of production on the non party." *Med. Ctr. at Elizabeth Place, LLC v. Premier Health Partners*, 294 F.R.D. 87, 92 (S.D. Ohio 2013). Where a party violates these guidelines and serves an unduly burdensome subpoena, Rule 45(c)(1) provides that "[t]he issuing court must enforce [the subpoena-issuing party's duty to avoid imposing an undue burden] and impose an appropriate sanction-which may include lost earnings and reasonable attorney's fees- on a party or attorney who fails to comply." "This section of Rule 45 was added to protect nonparties 'against significant expense resulting from involuntary assistance to the court.'" Order Granting Plaintiff's Motions to Compel, Blue Cross II, 2012 WL 4838987, at *2 (quoting Fed. R. Civ. P. 45, advisory committee notes, 1991 amendment, subdivision (c)).

To determine whether the burden on a non-party is undue, courts ask (1) if compliance with the subpoena imposes an expense on the nonparty, and (2) if so, whether that expense is "significant." *United States v. Blue Cross Blue Shield of Mich.*, No. 10-cv-14155, 2012 WL 4513600, at *7 (E.D. Mich. Oct. 1, 2012) ("Blue Cross I"). If the cost is significant, "the court must protect the nonparty by requiring the party seeking discovery to bear at least enough of the expense to render the remainder non-significant. *Id.* (internal quotations omitted). "To determine how much cost to shift from the nonparty, the court must balance the equities of the

6

particular case, including [1] whether the putative nonparty actually has an interest in the outcome of the case, [2] whether it can more readily bear its cost than the requesting party; and [3] whether the litigation is of public importance." *Id.* (internal quotations omitted).

IV. **ARGUMENT**

    A. **The Special Master could not have ordered production because ATVs and side-by-sides are not within the scope of the Subpoena.**

The Subpoena defines vehicle as "an automobile or other motor Vehicle that is principally used for transporting from one to eight passengers and is designed to operate primarily on roads, typically with two or four wheels, including sedans, sport-utility Vehicles, motorcycles, and pickup trucks. In addition, to the extent that any of the Requests seek documents with respect to Wire Harness Systems or Bearings. Vehicle also includes medium-duty (Class 4, 5, 6, & 7) trucks, heavy-duty (Class 8) trucks, buses, commercial Vehicles, construction equipment, mining equipment, agricultural equipment, railway Vehicles, and other similar Vehicles."[16] ATVs and side-by-sides are not vehicles "designed to operate primarily on roads," as TEDPs admit. TEDPs contend that ATVs and side-by-sides fall within the category of "agricultural equipment" which, under the Subpoena, would apply only to requests relating to Wire Harnesses and Bearings. The Special Master's order exceeds the scope of the Subpoena in the first instance because it orders production with respect to parts other than Wire Harnesses and Bearings (e.g., alternators).

But the Special Master's order further exceeds the scope of the Subpoena because ATVs and side-by-sides are not "agricultural equipment." The National Highway Transportation Safety Administration defines "agricultural equipment" as "any agricultural tractor, self-propelled machine ["examples include beet harvesters, combines, cotton pickers, forage harvesters, cotton strippers, and forage balers")], implement, or any combination thereof that is primarily designed for agricultural field operations." 81 Fed. Reg. 40529 (Lighting and Marking

---

[16] Subpoena to OEMs, D.I. 1186, Ex. A at 10.

on Agricultural Equipment). Honda's ATVs and side-by-sides do not fit within this government definition of "agricultural equipment," nor within the common understanding of what "agricultural equipment would be (e.g., tractors). Moreover, none of the named (representative) plaintiffs in any of the TEDP actions appear to sell ATVs or side-by-sides. According to the Rush Truck Centers website, those dealerships sell tractors, trucks, and "work ready trucks."[17] Finally, TEDPs did not contend that Honda was a "truck and equipment manufacturer" in their initial motion to compel or during any of the mediations or hearings on that motion.

TEDPs contend that the Subpoena encompasses ATVs and side-by-sides because one of their complaints (alternators and starters) specifically mentions "agricultural ATVs." But it is the text of the Subpoena that controls, and there is no dispute that the Subpoena makes no mention of ATVs. Nor does the Subpoena incorporate any definitions from the alternators and starters complaint. Rather, the Subpoena references the *Bearings* complaint, which does not include ATVs within the definition of "agricultural equipment." The fact that TEDPs felt the need to specify in some instances—but specifically not in the Subpoena—that "agricultural equipment" includes "agricultural ATVs" demonstrates that one would not ordinarily understand ATVs to be agricultural equipment.

### B. The Special Master did not weigh the significant burdens of production against the TEDPs' purported need for documents and data from Honda.

The Special Master did not consider any of the Rule 45 or Rule 26 factors in either his written or oral order. In particular, he failed to acknowledge or address "whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). This error is especially significant here, in the case of a broad discovery demand to a non-party such as Honda, where "the Court should be particularly sensitive to weighing the probative value of the information sought against the burden of production on the non party." *Med. Ctr. at Elizabeth Place*, 294 F.R.D. 87 at 92.

---

[17] http://www.rushtruckcenters.com/trucksales/new-truck-sales (last visited Jan 10, 2017).

The burden of collecting and producing documents and data is not proportional to Honda's small contribution (if any) to the TEDPs' alleged market(s). The TEDPs' discovery demands would require hundreds of hours of Honda employee and attorney time for compliance. The volume of Honda's ATV and side-by-side business is a small portion of the TEDPs' alleged market. Publicly available information shows that Honda manufactured approximately 1.9 million ATVs and side-by-sides in the United States during the *Bearings* class period, and that approximately 10% of those vehicles were exported for sale outside the United States. Some smaller fraction of Honda's ATVs and side-by-sides were sold by dealers in states that allow for indirect-purchaser antitrust claims (such as TEDPs').

The Court should also evaluate the burden to Honda in the broader context of these cases, where Honda has already shouldered enormous burdens in negotiating and substantially complying with the Serving Parties' demands relating to Honda's automobile business—demands that will cost Honda many hundreds of hours of employee time and hundreds of thousands of dollars of production costs and attorneys' fees. As Honda's ATVs and side-by-sides are manufactured in different facilities, priced by different methods, and sold to different dealers than Honda automobiles, Honda must essentially repeat its already significant collection and production efforts but with a different set of facilities, employees, and data sources. This is exactly the sort of undue burden and expense that non-parties should be protected against. Fed. R. Civ. P. 45(d)(1); s*ee also Surles,* 474 F.3d 288 at 305.

TEDPs have made virtually no showing that the discovery they demand from Honda is proportional, important, or even necessary to litigating this case. Their sole argument has been that "we have evidence that these vehicles were affected by the conspiracies that are at issue." Tr. at 91:25-92:2. But the simple assertion that these products are at issue does not mean the only way to litigate overcharges on even ATVs and side-by-sides is for Honda to produce data regarding those vehicles, particularly in light of the massive amount of data Honda has already produced. If mere relevance were enough to support a Rule 45 subpoena, then a serving party's duty "to avoid imposing undue burden or expense on a person subject to the subpoena" —and

9

the directive that the court "must enforce this duty"—would be illusory. *See* Fed. R. Civ. P. 45(d)(1). Neither the TEDPs nor the Special Master complied with Rule 45 because there was no effort made to take account of, or establish reasonable limits in order to alleviate, the burden to Honda of producing these entirely separate categories of documents and data relating to ATVs and side-by-sides.

During the hearing, TEDPs argued that the Special Master should not consider Honda's burden arguments because "this is the first time I have ever heard from Honda regarding the burden." Tr. at 91:12-13. To begin with, this statement to the Special Master was factually false, as the one letter regarding ATVs and side-by-sides that the Serving Parties attached to the Renewed Motion makes clear. In that letter, TEDPs themselves acknowledged that Honda told TEDPs during meet and confer that Honda's ATV and side-by-side business was "too small" to be properly within the scope of discovery.[18] Further, to the extent the TEDPs intend to suggest that Honda waived any burden argument, that is meritless. Honda did not present burden evidence in its briefing because the Subpoena did not seek production of data related to ATVs and side-by-sides, and the Renewed Motion to Compel did not seek to compel production of those data. Honda cannot be faulted for not responding to an argument that wasn't made. If anyone "waived" anything here, it was TEDPs, by failing to include a request for ATV and side-by-side data in either their subpoena or their motion, then sandbagging Honda with that issue at the discovery hearing by offering new evidence never included in their briefs.

        **C.**     **At a minimum, TEDPs should be required to reimburse Honda for all of its costs associated with ATV and side-by-side-related production.**

The Special Master declined to order full cost-shifting for Honda's production of ATV and side-by-side discovery. But the heavy burden associated with producing this data on top of the automobile discovery Honda is subject to, as well as the marginal-at-best contribution that Honda ATVs and side-by-sides make to the TEDPs' market(s) for heavy trucks, commercial

---

[18] Dec. of Lara E. Veblen Trager in Support of Parties' Renewed Mot. to Compel Disc., D.I. 1495-3, Ex. AA.

vehicles, construction equipment, mining equipment, and agricultural equipment counsel in favor of full cost shifting if any production is ordered.

If the cost of complying with a discovery request is significant "the court must protect the nonparty by requiring the party seeking discovery to bear at least enough of the expense to render the remainder non-significant." *Blue Cross I*, 2012 WL 4513600, at *7 (internal quotations omitted). "To determine how much cost to shift from the nonparty, the court must balance the equities of the particular case, including [1] whether the putative nonparty actually has an interest in the outcome of the case, [2] whether it can more readily bear its cost than the requesting party; and [3] whether the litigation is of public importance." *Id.* (internal quotations omitted).

The Serving Parties' main argument against cost (and fee)-shifting does not apply to the TEDPs' demand for ATV and side-by-side discovery. They have argued that OEMs such as Honda have an interest in the outcome of the case because they are absent class members in the direct-purchaser actions. Although Honda disagrees with this argument, it does not apply in any event to the TEDPs' cases. There are no direct-purchaser cases for heavy trucks and equipment, and TEDPs seek to recover on behalf of only indirect purchasers of truck and equipment parts. Thus, Honda has no interest in the outcome of the TEDPs' cases.

## V. CONCLUSION

For these reasons, Honda respectfully request that the Court vacate the Special Master's order compelling Honda to produce discovery related to ATVs and side-by-sides, and deny the TEDPs' request for such information.

Dated:  January 12, 2017

Respectfully submitted,

THE WERNETTE LAW FIRM, PLLC

 /s/ Ronald C. Wernette, Jr.
RONALD C. WERNETTE, JR.
1877 Orchard Lake Road, Suite 102 Sylvan Lake, MI  48320 Telephone: 248-953-5803
Facsimile: 248-977-3380

Attorneys for Non-Party HONDA

KEKER & VAN NEST LLP

s/ Daniel Purcell
DANIEL PURCELL
JUSTINA SESSIONS
IAN A. KANIG
633 Battery Street
San Francisco, CA 94111-1809 Telephone: 415 391 5400
Facsimile:  415 397 7188

Attorneys for Non-Party HONDA

## CERTIFICATE OF SERVICE

I hereby certify that on January 12, 2017, I caused a true and correct copy of **NON-PARTY HONDA'S OBJECTIONS TO SPECIAL MASTER'S ORDER REGARDING MOTION TO COMPEL AGAINST HONDA, DATED DECEMBER 29, 2016 (DOC. NO. 1577)** to be filed and served electronically via the CM/ECF system. Notice of this filing was sent by e-mail to all parties by operation of the Court's electronic filing system.

                    Respectfully submitted,

                    THE WERNETTE LAW FIRM, PLLC

By:   /s/ Ronald C. Wernette, Jr.
       RONALD C. WERNETTE, JR.
       1877 Orchard Lake Road, Suite 102
       Sylvan Lake MI 48320
       Telephone: 248-977-3142
       Facsimile: 248-977-3380

Dated: January 12, 2017        Attorneys for Non-Party Honda