# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN SOUTHERN DIVISION

| | |
|---|---|
| In Re: AUTOMOTIVE PARTS ANTITRUST LITIGATION | Master File No.: 12-md-02311<br>Honorable Marianne O. Battani |
| In Re: All Auto Parts Cases | 2:12-MD-02311-MOB-MKM |
| THIS DOCUMENT RELATES TO:<br>ALL AUTO PARTS CASES | Oral Argument Requested |

## TOYOTA'S OBJECTIONS TO AND MOTION TO MODIFY THE SPECIAL MASTER'S ORDER REGARDING THE PARTIES' RENEWED MOTION TO COMPEL DISCOVERY FROM CERTAIN NON-PARTY ORIGINAL EQUIPMENT MANUFACTURERS AND THEIR AFFILIATED ENTITIES

Non-parties Toyota Motor Sales USA, Inc. ("TMS") and Toyota Motor Engineering & Manufacturing North America, Inc. ("TEMA") (together, "Toyota"), through their attorneys Debevoise & Plimpton LLP and Bowman and Brooke LLP, object to and move to modify Paragraph II.B.g of the Special Master's Order Regarding the Parties' Renewed Motion to Compel Discovery from Certain Non-Party Original Equipment Manufacturers and their Affiliated Entities (the "Order").

**Wherefore**, for the reasons set forth in the accompanying Brief, Toyota's objection should be sustained.

By: /s/ Michael Schaper
Michael Schaper
David B. Noland
DEBEVOISE & PLIMPTON LLP
919 Third Ave
New York, NY 10022
Tel: 212-909-6000
mschaper@debevoise.com

Thomas P. Branigan (P41774)
BOWMAN & BROOKE LLP
41000 Woodward Avenue, Ste. 200 East
Bloomfield Hills, MI  48304

i

        Tel: 248-205-3300
        tom.branigan@bowmanandbrooke.com

*Attorneys for Toyota Motor Sales USA, Inc. and Toyota Motor Engineering & Manufacturing North America, Inc.*

Dated: January 18, 2017

## ISSUES PRESENTED

1. Whether the Special Master prematurely compelled production of information coming from or belonging to non-defendant suppliers absent consent from those suppliers when the identities of such non-defendant suppliers had yet to be determined.

    Toyota Responds:  Yes.

## **CONTROLLING OR MOST APPROPRIATE AUTHORITIES**

Fed. R. Civ. P. 26
*Drews v. Am. Airlines, Inc.*, 68 F. Supp. 3d 734 (E.D. Mich. 2014)
*Marie v. Am. Red Cross*, 771 F.3d 344 (6th Cir. 2014)

## BRIEF IN SUPPORT

Under the Federal Rules of Civil Procedure, district courts have "broad discretion . . . to manage the discovery process and control their dockets." *Drews v. Am. Airlines, Inc.*, 68 F. Supp. 3d 734, 744 (E.D. Mich. 2014) (*citing Marie v. Am. Red Cross*, 771 F.3d 344, 366 (6th Cir. 2014)). Courts may limit the scope of discovery, *see* Fed. R. Civ. P. 26(b)(1), and may issue protective orders forbidding or modifying discovery in various ways, *see* Fed. R. Civ. P. 26(c)(1)(A)–(H). In managing the discovery process, courts must ensure that discovery is "proportional to the needs of the case" and must consider the "burden or expense" of proposed discovery. Fed. R. Civ. P. 26(b)(1). Toyota submits that the Special Master did not do that here.

The Serving Parties' broad subpoena sought substantial information related to all original equipment manufacturers' ("OEM") auto parts suppliers, not just defendant auto parts suppliers. These requests include information on non-defendant suppliers' commercially sensitive request for quotation (RFQ) submissions and pricing information. As the defendant suppliers know, Toyota's contracts with its suppliers provide that, absent consent of the suppliers or a non-appealable court order, Toyota is obligated to keep confidential any confidential or proprietary information concerning the business of its suppliers. There is no dispute that the information sought by the subpoena is confidential.

Paragraph II.B.g of the Special Master's Order Regarding the Parties' Renewed Motion to Compel Discovery from Certain Non-Party Original Equipment Manufacturers and their Affiliated Entities (the "Order") provides that non-defendant supplier information shall be produced, subject to notification to the non-defendant supplier and a ten-day period from the time of notice for the non-defendant supplier to object to production. It was premature for the Special Master to order production of information relating to non-defendant suppliers at this point in time, prior to non-defendant suppliers having been identified and without

Toyota having yet sought and obtained consents from the identified non-defendant suppliers. Toyota is in the process of gathering the data and information it will produce. Until that process is complete, Toyota will not know precisely which of the non-defendant suppliers the information comes from or belongs to. Once the final list of non-defendant suppliers is known, the Parties may determine that seeking discovery from some or all non-defendant suppliers is not in fact proportional to their needs (for instance, if the non-defendant suppliers are smaller suppliers whose information would not be material to the issues in the litigation). In that case, the need for any production regarding those suppliers would be obviated.

The production of non-defendant supplier information would be far more logical and efficient under the following procedure. First, Toyota will proceed with its process of responding to the Parties' discovery requests and determine for which non-defendant suppliers Toyota may have responsive information. Second, Toyota and the Parties would determine whether the Parties would continue to seek information for all of the identified non-defendant suppliers or whether some may be excluded from the production requests entirely. Third, for any non-defendant suppliers whose information the Parties sought, Toyota would request that the non-defendant suppliers consent to the production of their confidential information. Fourth, if necessary, the Special Master would resolve any objections by non-defendant suppliers who do not consent to the production.

Under that procedure, the Parties will still be in a position to obtain the information they legitimately seek without delay, but Toyota will have the opportunity to seek consent from its suppliers rather than simply notifying its suppliers that based on a blanket order of production, Toyota is obligated to produce their confidential information. Such a procedure would justifiably protect confidential non-defendant supplier information from unnecessary production, and would streamline and potentially narrow the expense and burden involved in the discovery process.

2

In addition to modifying the procedure for non-defendant suppliers, Toyota respectfully requests that the Court order that the OEMs be permitted to produce any confidential non-defendant supplier information with the names of the non-defendant suppliers disguised. This could be accomplished, for instance, by assigning a name such as "Bearings Supplier A" to a given non-defendant supplier and consistently applying that name across Toyota's production. This would serve as added protection for the confidential non-defendant supplier information while permitting the Serving Parties to track information for a unique supplier across the production as needed. If the Court determines that masking the names of all non-defendant suppliers is not warranted, Toyota requests that at a minimum the OEMs be permitted to disguise the names of the non-defendant suppliers of parts outside of the lead two parts cases (bearings and anti-vibrational rubber).

For the foregoing reasons, Toyota respectfully requests that the Court modify Paragraph II.B.g of the Special Master's Order such that no production of non-defendant supplier information is ordered at this time absent consent of those suppliers and that any such production may be made with the names of non-defendant suppliers disguised. For the Court's convenience, Toyota's proposed modification of Paragraph II.B.g is as follows:

> Regarding information to be produced by OEMs where such information comes from or belongs to dealerships or non-Defendant suppliers, the OEMs shall have the opportunity at their election to identify the non-defendant suppliers whose confidential information may be subject to production and make reasonable efforts to gain consent from those non-defendant suppliers. Should any non-defendant suppliers object, production of information shall not be made until those objections are resolved. In any event, for any production of information from dealerships or non-defendant suppliers, notice must be given from the time of notice for such dealerships or non-Defendant suppliers to object to production. Production shall not take place until any such objections are resolved. OEMs who produce confidential information from non-defendant suppliers shall have the opportunity to disguise the names of the non-defendant suppliers whose information is subject to production, provided that any OEM choosing to do

3

so shall consistently apply a naming convention that will permit the Serving Parties to track information for a unique supplier across the production.

By: /s/ Michael Schaper
Michael Schaper
David B. Noland
DEBEVOISE & PLIMPTON LLP
919 Third Ave
New York, NY 10022
Tel: 212-909-6000
mschaper@debevoise.com

Thomas P. Branigan (P41774)
BOWMAN & BROOKE LLP
41000 Woodward Avenue, Ste. 200 East
Bloomfield Hills, MI 48304
Tel: 248-205-3300
tom.branigan@bowmanandbrooke.com

*Attorneys for Toyota Motor Sales USA, Inc. and Toyota Motor Engineering & Manufacturing North America, Inc.*

4

**CERTIFICATE OF SERVICE**

I certify that on **January 18, 2017**, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to all counsel of record.

Respectfully Submitted,

By: /s/ Michael Schaper
Michael Schaper
David B. Noland
**DEBEVOISE & PLIMPTON LLP**
919 Third Ave
New York, NY 10022
Tel: 212-909-6000
mschaper@debevoise.com

Thomas P. Branigan (P41774)
**BOWMAN & BROOKE LLP**
41000 Woodward Avenue,
Ste. 200 East
Bloomfield Hills, MI  48304
Tel: 248-205-3300
tom.branigan@bowmanandbrooke.com
Attorneys for Toyota Motor Sales USA, Inc. and Toyota Motor Engineering & Manufacturing North America, Inc.