# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| IN RE AUTOMOTIVE PARTS ANTITRUST LITIGATION | Master File No. 12-md-02311 <br> Honorable Marianne O. Battani <br><br> 2:12-md-02311-MOB-MKM |
| In re: All Auto Parts Cases | |
| THIS DOCUMENT RELATES TO: <br><br> ALL AUTO PARTS CASES | |

## ORDER REGARDING HONDA DISCOVERY

WHEREAS the Parties[1] filed a Renewed Motion to Compel Discovery from Certain Non-Party Original Equipment Manufacturers and Their Affiliated Entities on November 7, 2016 (ECF No. 1500; hereinafter, "Motion to Compel"), including from OEM Honda[2]; and

WHEREAS, the Special Master has issued a separate, general Order regarding the Motion to Compel that applies to all of the OEMs, and further determines that additional specific orders should issue with respect to each OEM separately; and

---

[1] "Parties" include End-Payor Plaintiffs ("EPPs"), Truck and Equipment Dealer Plaintiffs ("TEDPs"), the State of Florida, the State of Indiana, and certain Defendants in all parts cases in *Automotive Parts Antitrust Litigation*, No. 2:12- md-02311-MOB-MKM (E.D. Mich.). Not all Defendants join this motion with respect to Honda. *See* ECF No. 1185 at Attachment A. Automobile Dealership Plaintiffs ("ADPs") filed a statement of concurrence, concurring in part with the requests and brief of the Parties. See Case No. 2:12-md-02311-MOB-MKM, Doc. No. 1509. The Parties, together with ADPs are collectively the "Serving Parties".

[2] "Honda" collectively refers to the following entities: (1) American Honda Motor Company, Inc.; (2) American Honda Finance Corp.; (3) Honda Manufacturing of Indiana, LLC: (4) Honda North America, Inc.; (5) Honda of America Manufacturing, Inc.; (6) Honda of South Carolina Manufacturing, Inc.; (7) Honda Precision Parts of Georgia, LLC; (8) Honda R&D Americas, Inc.; (9) Honda Research Institute USA, Inc.; and (10) Honda Transmission Manufacturing of America, Inc.

WHEREAS, with respect to certain categories of documents, the Serving Parties and Honda negotiated tentative compromises ("Compromises"), but were unable to reach agreement on all issues in dispute between them; and

WHEREAS the Special Master has determined, in the exercise of his discretion, that those Compromises should be included in a Honda specific Order that addresses all of the categories of documents and/or data at issue in the Parties' Renewed Motion to Compel that are not otherwise disposed of in the general Order regarding OEM discovery; and

WHEREAS, the Parties and Honda each reserve their respective rights to seek review of any aspect of this order by the District Court.

IT IS HEREBY ORDERED that Honda shall produce documents and data to the Serving Parties in accordance with the terms of set forth in the chart attached hereto. *See* Exhibit A. To the extent that the attached Exhibit A conflicts with the General Order on the Motion to Compel, the more specific provisions in the attached Exhibit A control.

IT IS FURTHER ORDERED, that neither this Order nor any agreement by any of the Serving Parties with respect to documents and data to be produced by Honda shall be deemed to waive or otherwise prejudice any arguments about the evidence and information obtained from the OEMs, including that such evidence or information is irrelevant, inadmissible, or insufficient to establish any matter relevant to any claim or defense. Each party expressly reserves its rights to assert any such arguments, without limitation, throughout the course of all cases in this MDL.

IT IS FURTHER ORDERED, that by reaching any such agreements, neither (i) have the Serving Parties waived any rights regarding this subject, including the right to appeal this Order or to seek additional documents or data in the future should the need arise, nor (ii) has Honda

2432315.1

waived any objections to producing the documents or data sought now or in the future by the Serving Parties, or to appeal this Order.

IT IS FURTHER ORDERED, that by limiting production of certain upstream categories of documents and/or data to only those parts at issue in the *Bearings* and *AVRP* cases, this Order does not prejudice the rights of the Serving Parties to seek (or Honda's right to oppose) production of additional upstream documents and/or data for parts at issue in other *In re Auto Parts* cases in the future.

Pursuant to the Court's Order dated August 29, 2014, the Special Master's rulings as set forth herein are appealable to Judge Marianne O. Battani within 14 days of this Order.

**IT IS SO ORDERED.**

Date:  January 19, 2017                               s/Gene J. Esshaki
                                                      GENE J. ESSHAKI
                                                      Special Master

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on January 19, 2017.

                                                      s/ Kay Doaks
                                                      Case Manager