# EXHIBIT A

| | | |
|---|---|---|
| NEW YORK |  | ATLANTA |
| LONDON | | BALTIMORE |
| SINGAPORE | | WILMINGTON |
| PHILADELPHIA | *FIRM and AFFILIATE OFFICES* | MIAMI |
| CHICAGO | | BOCA RATON |
| WASHINGTON, DC | | PITTSBURGH |
| SAN FRANCISCO | WILLIAM SHOTZBARGER | NEWARK |
| SILICON VALLEY | DIRECT DIAL: +1 215 979 1997 | LAS VEGAS |
| SAN DIEGO | PERSONAL FAX: +1 215 754 4677 | CHERRY HILL |
| SHANGHAI | *E-MAIL:* WShotzbarger@duanemorris.com | LAKE TAHOE |
| BOSTON | | MYANMAR |
| HOUSTON | *www.duanemorris.com* | OMAN |
| LOS ANGELES | | *A GCC REPRESENTATIVE OFFICE* |
| HANOI | | *OF DUANE MORRIS* |
| HO CHI MINH CITY | | |
| | | MEXICO CITY |
| | | ALLIANCE WITH |
| | | MIRANDA & ESTAVILLO |
| | | SRI LANKA |
| | | ALLIANCE WITH |
| | | GOWERS INTERNATIONAL |

November 4, 2016

**VIA E-MAIL**

Justina Kahn Sessions, Esquire
Keker & Van Nest LLP
633 Battery Street
San Francisco, CA  94111-1809

   Re: ***In re Auto Parts Antitrust Litigation**, No. 12-md-02311 (E.D. Mich.)*
      **Third Party Subpoena Issued to Honda**

Dear Justina:

  I write on behalf of the Truck and Equipment Dealer Plaintiffs ("TEDPs") with regard to the Subpoenas issued to American Honda Motor Co., Inc., American Honda Finance Corp., Honda Manufacturing of Indiana, LLC, Honda North America, Inc., Honda of America Mfg., Inc., Honda of South Carolina Mfg., Inc., Honda Precision Parts of Georgia, LLC, Honda R&D Americas, Inc., Honda Research Institute USA, Inc., and Honda Transmission Manufacturing of America, Inc. (collectively "Honda").  TEDPs appreciate Honda's efforts to produce documents and willingness to cooperate with the Serving Parties[1] over the past few months.

  As you are aware, Judge Battani ordered that the Serving Parties "collectively may take one (1) Rule 30(b)(6) deposition lasting up to fourteen (14) hours over two (2) days" of the Honda Group regarding the following topics: "(1) Transactional purchase data for the Auto Parts Products at issue; (2) Procurement process and supplier selection and price adjustments for the Auto Parts Products at issue, and documents related thereto; (3) Vehicle manufacturing costs information; (4) Vehicle pricing process, including information relating to the process for setting

---

[1] The "Serving Parties" include TEDPs, End Payor Plaintiffs, Auto Dealer Plaintiffs, the State of Florida, the State of Indiana, and Defendants in all actions.  I write on behalf of TEDPs only.

DUANE MORRIS LLP

30 SOUTH 17TH STREET   PHILADELPHIA, PA 19103-4196   PHONE: +1 215 979 1000   FAX: +1 215 979 1020

DuaneMorris

Justina Kahn Sessions, Esquire
November 4, 2016
Page 2

and adjusting pricing, and documents related thereto; and (5) Transactional sales data for sales of vehicles…from OEMs to automobile dealers and truck and equipment dealers [and] from automobile dealers and truck and equipment dealers to end-consumers." *See In re Automotive Parts Antitrust Litigation*, Master File No. 12-md-02311, Dkt. 1453, Exs. A and B [proposed orders]. The "Honda Group," which includes American Honda Motor Co., Inc. ("AHM"), is subject to the Order. *See id.*

On May 2, 2016, a meet-and-confer call was held between the Serving Parties and Honda. During that call, TEDPs asked about Honda's plan to produce documents, data, and/or a 30(b)(6) witness concerning AHM's All Terrain Vehicles ("ATVs") and Side-by-Sides ("SXSs"). At that point you stated that you would get back to the Serving Parties on that topic, but noted that Honda's DOJ production was limited to passenger vehicles.

Next, on June 8, 2016, the Serving Parties and Honda had a subsequent meet-and-confer call. You stated that Honda's ATV and SXS business is separate from Honda's passenger vehicle business. You also noted that Honda had been unaware that its ATV and SXS businesses were at issue in TEDPs' cases, and stated that Honda does not agree that those businesses are properly a part of TEDPs' cases. In addition, you stated that the ATV and SXS businesses are "too small" relative to the other vehicles in TEDPs' cases. Accordingly, you stated that Honda objects to producing any documents concerning, or a 30(b)(6) witness to testify regarding its ATV and SXS businesses.

Finally, on October 13, 2016, you confirmed that Honda has no interest in producing a 30(b)(6) witness and/or documents regarding its ATV and SXS vehicles. I responded by noting that these vehicles are specifically alleged in certain of TEDPs' complaints.

TEDPs respond with three points. First, to clarify, ATVs and SXSs are properly a part of TEDPs' cases because ATVs and SXSs are within the definitions explicitly pleaded in TEDPs' complaints. *See* TEDPs' *Starters & Alternators* Compl., 2:15-cv-14096-MFL-RSW, ECF Doc. No. 1 (Complaint), 2:15-cv-00707-MOB-MKM ECF Doc. No. 13 (First Amended Complaint) (TEDPs "file this Complaint on behalf of themselves and all other similarly situated dealers…of …agricultural equipment (*including ATVs designed and/or marketed for agricultural use*)….") (emphasis added); TEDPs' *Radiators* Compl., 2:15-cv-14097-MOB-MKM, ECF Doc No. 1 (same); *see also* TEDPs' *Bearings, Wire Harnesses*, and *Occupant Safety Restraint Systems* Compls. (pleading claims on behalf of dealers of agricultural equipment). Honda's ATVs and SXSs are clearly marketed and designed for agricultural applications, among others.

Second, TEDPs possess information that Honda ATV and SXS vehicle components were the subject of the illegal bid-rigging and price-fixing that TEDPs have alleged in our complaints.

Third, TEDPs understand that AHM, which is subject to Judge Battani's Order and subpoenas issued thereafter, is the Honda entity manufacturing and/or selling Honda's ATVs and

DuaneMorris

Justina Kahn Sessions, Esquire
November 4, 2016
Page 3

SXSs.  Accordingly, Honda's obligations to produce documents and data on ATVs and SXSs seems rather clear, especially in light of the specific allegations for ATVs in TEDPs' complaints.

In sum, TEDPs will continue to pursue documents, data, and, if necessary, a Rule 30(b)(6) witness, from Honda for its ATV and SXS businesses.  We hope that there continues to be some room for progress through out-of-court negotiation before the Motion to Compel is decided.  Thus, we would welcome the opportunity to meet-and-confer again after you have had a chance to speak with your client about TEDPs' positions as set forth in this letter.

Thank you for your attention to this matter.

Sincerely yours,

/s/ William Shotzbarger

WS

cc:     Serving Parties (*via email*)