UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| IN RE: AUTOMOTIVE PARTS ANTITRUST LITIGATION | Master File No. 12-md-02311 <br> Honorable Marianne O. Battani |
| IN RE: ALL AUTO PARTS CASES | |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | |

**SERVING PARTIES' MOTION TO FILE THE SERVING PARTIES' OPPOSITION TO GENERAL MOTORS' OBJECTION TO SPECIAL MASTER'S ORDERS COMPELLING PRODUCTION OF CERTAIN CONFIDENTIAL COMMERCIAL, TRADE SECRET PRICING DOCUMENTS UNDER SEAL PURSUANT TO LOCAL RULE 5.3**

The Parties[1], by their undersigned counsel, submit the following for their Motion to file The Parties' Opposition To General Motors' Objection To Special Master's Orders Compelling Production Of Certain Confidential Commercial, Trade Secret Pricing Documents, together with all exhibits, under seal pursuant to E.D. Mich. LR 5.3:

    1.    Documents that reveal "truly confidential information" constitute a recognized exception to the general right of public access to judicial records and are properly filed under seal. *See, e.g., LL NJ, Inc. v. NBC-Subsidiary (WCAU-TV), L.P.*, No. 06-14312, 2008 WL 1923261, at *27 (E.D. Mich. Apr. 28, 2008).

    2.    Here, General Motors, a non-party original equipment manufacturer and its affiliated entities ("GM") has designated certain information as highly confidential. While the

---

[1] The "Parties" joining in this motion include: End-Payor Plaintiff, Truck and Equipment Dealer Plaintiffs, and certain Defendants in cases in *In re Automotive Parts Antitrust Litigation*, No. 2:12- md-02311 (E.D. Mich.).

1

Parties take no position as to whether the information is truly confidential, the operative protective order in these cases requires information designated as confidential to be filed under seal and, therefore, the Parties seek to file their Opposition and all exhibits which cite and incorporate this information under seal until such time as the Court determines whether or not the information is truly confidential.

3. E.D. Mich. LR 5.3(b)(2) states that a motion or proposed stipulated order seeking such authorization must include the following: (1) the authority for sealing; (2) an identification and description of each item proposed for sealing; (3) the reason that sealing each item is necessary; (4) the reason that a means other than sealing is unavailable or unsatisfactory to preserve the interest advanced by the movant in support of the seal; and (5) a memorandum of legal authority supporting the seal. E.D. Mich. LR 5.3(b)(2)(A).

4. The Stipulation and Protective Order Governing the Production and Exchange of Confidential Information ("Protective Order"), *In re Automotive Parts Antitrust Litig. (Wire Harness Sys.)*, No. 2:12-cv-100 (E.D. Mich. July 10, 2012), ECF No. 200, provides authority for the sealing of the proposed pleading under E.D. Mich. LR 5.3. Paragraph 7 of the Protective Order, entitled "Filing of Protected Information," states that "[a]ll documents, materials, or other information containing Confidential Information or Highly Confidential Information that are filed with the Court shall be filed under seal..." and consistent with Local Rule 5.3. *See id.* The Court maintains "supervisory power over its own records and files." *Sami v. Detroit Med Ctr.*, No. 12-12660, 2012 WL 3945532, at *1 (E.D. Mich. Sept. 10, 2012) (citing *Nixon v. Warner Commc'ns Inc.*, 435 U.S. 589, 598 (1978)). This authority includes fashioning orders that limit access to certain court documents. *Sami*, 2012 WL 3945532 at *1 (citing Fed.R.Civ.P. 26(c)). GM claims that the testimony and information they have provided should be designated as highly

confidential and/or highly confidential – outside attorneys' eyes only, and this constitutes authority to seal the brief and exhibits. If GM's designation is to be taken at face value, the information overcomes the presumption that documents should be filed in public because the interests of protecting GM's confidential information outweighs the public's right to know. Under these cases, information designated as highly confidential demonstrates that it falls within one of the recognized exceptions to the general right of public access to judicial records and, therefore, constitutes authority for filing under seal.

5. As to the second prong, in support of their opposition, the Parties seek to file the Opposition, as well as the Declaration of David Brownstein, and its accompanying exhibits, under seal. The exhibits contain excerpts from a deposition transcript that GM has designated highly confidential, and, therefore, only GM is in a position to justify the highly confidential designations. For purposes of this motion, the Parties have taken GM's claims of confidentiality at face value.

6. As to the third prong, assuming that GM's highly confidential designations are accurate, it is necessary to seal the declarations because they presumably contain highly confidential information and the Parties are required, pursuant to a protective order, to file such information under seal. Otherwise, the information will be available to the public in contravention of the protective order and GM's interest in protecting truly confidential information.

7. As to the fourth prong, there is no less onerous alternative to sealing these declarations that would ensure the confidentiality of GM's information. The Parties have a strong interest in utilizing the "highly confidential" or "highly confidential – outside attorneys' eyes only" information in connection with their Opposition to GM's Objection. The only way to

do so, without a ruling from the Court that the information is not confidential, is to file the opposition, exhibits, and declaration under seal. Should the Court determine the information is not confidential, the Parties will re-file these materials not under seal.

8. As to the fifth and final prong, a memorandum of legal support is attached.

9. In support of this motion, the Parties rely upon the accompanying memorandum of law which is incorporated by reference herein.

WHEREFORE, the Parties respectfully move the Court, pursuant to E.D. Mich. LR 5.3, for an Order allowing the Parties to file the Opposition, Declaration of David Brownstein, and accompanying exhibits under seal.

Dated: January 23, 2017   Respectfully submitted,

**FARMER BROWNSTEIN JAEGER LLP**

By: /s/ William S. Farmer

WILLIAM S. FARMER (SBN 46694)
DAVID BROWNSTEIN (SBN 141929)
**FARMER BROWNSTEIN JAEGER LLP**
235 Montgomery Street, Suite 835
San Francisco, CA 94104
Telephone (415) 962-2876
E-mail:(wfarmer@fbj-law.com)
           (dbrownstein@fbj-law.com)

*Attorneys for Defendants*
*Mitsuba Corporation and American Mitsuba Corp.*

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| IN RE: AUTOMOTIVE PARTS ANTITRUST LITIGATION | Master File No. 12-md-02311<br>Honorable Marianne O. Battani |
| IN RE: ALL AUTO PARTS CASES | |
| THIS DOCUMENT RELATES TO:<br>ALL ACTIONS | |

**SERVING PARTIES' MOTION TO FILE THE SERVING PARTIES' OPPOSITION TO GENERAL MOTORS' OBJECTION TO SPECIAL MASTER'S ORDERS COMPELLING PRODUCTION OF CERTAIN CONFIDENTIAL COMMERCIAL, TRADE SECRET PRICING DOCUMENTS UNDER SEAL PURSUANT TO LOCAL RULE 5.3**

I. **INTRODUCTION AND BACKGROUND**

The Parties seek to file The Serving Parties' Opposition To General Motors' Objection To Special Master's Orders Compelling Production Of Certain Confidential Commercial, Trade Secret Pricing Documents (the "Opposition"), together with certain accompanying exhibits, under seal because they contain information which General Motors and its affiliated entities ("GM") have designated as highly confidential or highly confidential – outside attorneys' eyes only. The Parties take no position as to whether such information is actually confidential and should be precluded from public view. However, because the governing protective order requires the Parties to file documents designated as highly confidential under seal, the Parties are

5

bringing this motion requesting an Order permitting the Parties to file the Opposition under seal. Should the Court determine at a later date that the information should not be sealed, the Parties will re-file the Opposition and exhibits without sealing.

## II.   LAW AND ARGUMENT

Although judicial records are presumptively open to the public, this presumption may be overcome where "interests of privacy outweigh the public's right to know." *In re Knoxville News-Sentinel Co., Inc.*, 723 F.2d 470, 474 (6th Cir. 1983). Thus, sealing judicial records may be justified "by a particularized special need for confidentiality, such as when trade secrets, national security, or certain privacy rights of trial participants or third parties are implicated." *Encana Oil & Gas (USA), Inc. v. Zaremba Fam. Farms, Inc.*, No. 1:12-CV-369, 2012 WL 1377598, at *1 (W.D. Mich. Apr. 19, 2012) (citing *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1179 (6th Cir. 1983)). *See also U.S. v. Nallani*, No. 11-CR-20365, 2016 WL 4138227, at *3 (E.D. Mich. Aug. 3, 2016) (considering, in balancing the competing interests of access and privacy, whether the matter involves public parties or issues of legitimate public concern; the nature and degree of injury that will occur if the information is made public; the sensitivity of the information and the subject; the reliability of the information; and whether there will be an opportunity to respond to the information); *Cinpres Gas Injection Ltd. v. Volkswagen Group of Am., Inc.*, No. 12-CV-13000, 2013 WL 11319319, at *1 (E.D. Mich. Feb. 14, 2013). *Gookin v. Altus Capital Partners, Inc.*, CIV.A. 05-179-JBC, 2006 WL 782456, at *2 (E.D. Ky. Mar. 23, 2006).

The Local Rules of the United States District Court for the Eastern District of Michigan, and the case law thereunder, set forth the process for filing documents under seal. E.D. Mich. LR 5.3(b) provides that a court order is required to seal documents where, as here, no particular

statute or rule authorizes such sealing. E.D. Mich. LR 5.3(b)(1). E.D. Mich. LR 5.3(b)(2) states that a motion or proposed stipulated order seeking such authorization must include the following: (1) the authority for sealing; (2) an identification and description of each item proposed for sealing; (3) the reason that sealing each item is necessary; (4) the reason that a means other than sealing is unavailable or unsatisfactory to preserve the interest advanced by the movant in support of the seal; and (5) a memorandum of legal authority supporting the seal. E.D. Mich. LR 5.3(b)(2)(A).

The Stipulation and Protective Order Governing the Production and Exchange of Confidential Information ("Protective Order"), *In re Automotive Parts Antitrust Litig. (Wire Harness Sys.)*, No. 2:12-cv-100 (E.D. Mich. July 10, 2012), ECF No. 200, provides authority for this Court to enter an Order allowing the Parties to file the Opposition under seal, pursuant to E.D. Mich. LR 5.3. Paragraph 7 of the protective order, entitled "Filing of Protected Information," states that "[a]ll documents, materials, or other information containing Confidential Information or Highly Confidential Information that are filed with the Court shall be filed under seal…" and consistent with Local Rule 5.3. *See id.* The Court maintains "supervisory power over its own records and files." *Sami v. Detroit Med Ctr.*, No. 12-12660, 2012 WL 3945532 at *1 (E.D. Mich. Sept. 10, 2012) (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)). This authority includes fashioning orders that limit access to certain court documents. *Sami*, 2012 WL 3945532 at *1 (citing Fed.R.Civ.P. 26(c)).

Here, GM has designated information that the Parties seek to utilize as "highly confidential" or "highly confidential – outside attorneys' eyes only." Documents that reveal trade secret business information, information that might harm a litigant's competitive standing, or other "truly confidential information" are all recognized exceptions to the general right of

7

public access to judicial records and are properly filed under seal. *See, e.g., LL NJ, Inc. v. NBC-Subsidiary (WCAU-TV), L.P.*, No. 06-14312, 2008 WL 1923261, at *27 (E.D. Mich. Apr. 28, 2008).; *Encana Oil & Gas (USA), Inc. v. Zaremba Family Farms, Inc.*, 2012 WL 1377598, No. 1:12-CV-369, at *2 (W.D. Mich. Apr. 19, 2012); *Wedgewood Ltd. Partnership I v. Township of Liberty*, No. 2:04-cv-1069, 2007 WL 1796089, at *3 (S.D. Ohio June 21, 2007). Further, commercially sensitive information, whose dissemination has the ability to harm a producing party's business standing has been held by other courts to be properly sealable. *Mars, Inc. v. JCM Am. Corp.*, No. 05-3165, 2007 WL 496816, at *2 (D.N.J. Feb. 13, 2007) ("Courts generally protect materials containing 'trade secret[s] or other confidential research, development, or commercial information' to prevent harm to a litigant's standing in the marketplace"); *Network Appliance Inc. v. Sun Microsystems Inc.*, No., 07-CV-06053-EDL, 2010 WL 841274, at *2-5 (N.D. Cal. Mar. 10, 2010).

The Parties take no position as to whether the information is truly confidential, but if GM's designations are to be taken at face value, the information overcomes the presumption that documents should be filed in public because the interests of protecting the testimony from the amnesty applicants outweigh the public's right to know. If the information is highly confidential, as GM claims, the case law above demonstrates that it falls within one of the recognized exceptions to the general right of public access to judicial records, and therefore constitutes authority for filing under seal.

The Parties' Opposition includes all of the criteria required under E.D. Mich. LR 5.3(b) and the motion at issue is not a dispositive motion, a motion for class certification, a motion to dismiss or a complaint. This further militates against disclosure. No member of the public needs this information. Accordingly, the Parties should be permitted to file the Opposition under seal.

## III. CONCLUSION

For the foregoing reasons, this Court should grant the Parties' motion and permit the Parties to file under seal their Opposition and accompanying exhibits and declaration, pursuant to E.D. Mich. LR 5.3.

Dated: January 23, 2017

Respectfully submitted,

**FARMER BROWNSTEIN JAEGER LLP**

By: /s/ William S. Farmer

WILLIAM S. FARMER (SBN 46694)
DAVID BROWNSTEIN (SBN 141929)
**FARMER BROWNSTEIN JAEGER LLP**
235 Montgomery Street, Suite 835
San Francisco, CA 94104
Telephone (415) 962-2876
E-mail:(wfarmer@fbj-law.com)
         (dbrownstein@fbj-law.com)

*Attorneys for Defendants*
*Mitsuba Corporation and American Mitsuba Corp.*

## CERTIFICATE OF SERVICE

      I hereby certify that on January 23, 2017, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send notification of such filing to ECF-registered counsel in this matter.

      By: /s/ William S. Farmer

WILLIAM S. FARMER (SBN 46694)
DAVID BROWNSTEIN (SBN 141929)
**FARMER BROWNSTEIN JAEGER LLP**
235 Montgomery Street, Suite 835
San Francisco, CA 94104
Telephone (415) 962-2876
E-mail:(wfarmer@fbj-law.com)
      (dbrownstein@fbj-law.com)

*Attorneys for Defendants
Mitsuba Corporation and American Mitsuba Corp.*