UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| IN RE AUTOMOTIVE PARTS ANTITRUST LITIGATION | Master File No. 12-MD-02311 HON. MARIANNE O. BATTANI |
| In Re:  ALL AUTO PARTS CASES | |
| THIS DOCUMENT RELATES TO: ALL AUTO PARTS CASES | |

NON-PARTY HONDA'S REPLY MEMORANDUM IN SUPPORT OF OBJECTIONS TO
SPECIAL MASTER'S ORDER
DATED DECEMBER 29, 2016 (D.I. 1577)

Daniel Purcell
Justina Sessions
Ian Kanig
KEKER & VAN NEST LLP
633 Battery Street
San Francisco, CA 94111-1809
Telephone:  415 391 5400
Facsimile:  415 397 7188
dpurcell@kvn.com
jsessions@kvn.com
ikanig@kvn.com

Ronald C. Wernette, Jr.
THE WERNETTE LAW FIRM, PLLC
1877 Orchard Lake Rd, Suite 102
Sylvan Lake, MI 48320
Telephone:  248 977 3142
Facsimile:  248 977 3380
ron.wernette@wernettelawfirm.com

Dated:  January 30, 2017

## I.    INTRODUCTION

None of the three reasons offered by the Truck and Equipment Dealer Plaintiffs ("TEDPs") is a valid basis for compelling Honda[1] to produce purchasing, pricing, and sales documents relating to all-terrain vehicles ("ATVs") and side-by-sides.  *First,* TEDPs are wrong that ATVs and side-by-sides are "agricultural equipment" covered by the subpoena.  Their only support for this argument is a single picture from a Honda website showing a Honda side-by-side in a barn loaded with a roll of bailing wire.  But "agricultural equipment" means vehicles designed specifically for agricultural uses, not general-purpose recreational vehicles like ATVs.  Indeed, this argument proves too much—*any* vehicle (a car, truck, or even a motor scooter) could be loaded with equipment and used agriculturally.  There is no evidence in the record that ATVs and side-by-sides are made specifically for agricultural use or are used that way by a meaningful number of consumers.  Further showing that these vehicles are a literal afterthought, the motion to compel—just like the subpoena itself—made no mention of ATVs or side-by-sides.

*Second,* TEDPs argue that the subpoena was somehow substantively modified to include ATVs and side-by-sides, without notice to Honda or any other OEM, by complaints filed by TEDPs after the subpoena was served.  TEDPs provide no authority for this proposition.  The fact that TEDPs, several years into this massive MDL and for their own reasons, chose to file a complaint regarding certain vehicles in some of the coordinated cases does not retroactively modify the plain language of the subpoena, which excludes ATVs and side-by-sides.

*Third,* TEDPs brush aside Honda's objection that the discovery sought here fails the Rule 26 proportionality test, arguing that ATVs and side-by-sides are at issue in some of the

---

[1] "Honda" collectively refers to the following entities served with the subpoena: (1) American Honda Motor Company, Inc.; (2) American Honda Finance Corp.; (3) Honda Manufacturing of Indiana, LLC; (4) Honda North America, Inc.; (5) Honda of America Manufacturing, Inc.; (6) Honda of South Carolina Manufacturing, Inc.; (7) Honda Precision Parts of Georgia, LLC; (8) Honda R&D Americas, Inc.; (9) Honda Research Institute USA, Inc.; and (10) Honda Transmission Manufacturing of America, Inc.

1142952

consolidated cases.  This is a relevance argument that has nothing to say about whether TEDPs'
subpoena is proportional.  TEDPs make no effort—for instance, through a declaration from their
economic expert—to show that data regarding Honda's purchases of parts for ATVs and side-by-
sides are materially necessary to any economic analysis they will perform at trial or earlier.

For all these reasons, and as further argued below, the Court should overrule the Special
Master's order directing Honda to produce documents regarding ATVs and side-by-sides.

## II.     ARGUMENT

### A.     ATVs and side-by-sides are beyond the scope of both the subpoena and the renewed motion to compel seeking to enforce it.

Honda's obligation to produce documents must be governed by the text of the subpoena
itself.  TEDPs cannot legally or logically compel Honda to produce documents they never
demanded.  The historically massive subpoena here was the product of months of drafting and
negotiation among the Serving Parties, who were instructed by this Court to compile a single
subpoena with a reasonable scope, under penalty of cost-shifting.  Despite this, TEDPs concede
that they and the other counsel omitted any reference to ATVs or side-by-sides.

Instead, TEDPs have concocted the after-the-fact rationale, never advanced prior to or at
the time the subpoena was served, that ATVs and side-by-sides are "agricultural equipment"
falling within the scope of the subpoena as to some parts and cases at issue in the MDL.  This is
a makeweight argument.  The subpoena requests documents and data with respect to "Vehicles,"
which are specifically defined as an

> automobile or other motor Vehicle that is principally used for transporting from
> one to eight passengers and *is designed to operate primarily on roads,* typically
> with two or four wheels, including sedans, sport-utility Vehicles, motorcycles,
> and pickup trucks.  In addition, *to the extent that any of the Requests seek
> documents with respect to Wire Harness Systems or Bearings.* Vehicle also
> includes medium-duty (Class 4, 5, 6, & 7) trucks, heavy-duty (Class 8) trucks,
> buses, commercial Vehicles, construction equipment, mining equipment,
> *agricultural equipment*, railway Vehicles, and other similar Vehicles.

ECF 1186 (Subpoena), Ex. A at 10 (emphases added).  TEDPs first made their "agricultural
equipment" argument in a November 4, 2016 letter to Honda, (ECF 1616 ("TEDP Opp'n") Ex.

A), after Honda had already produced its Rule 30(b)(6) designee for deposition on parts-procurement issues (along with much of its car and truck procurement data).  Importantly, even TEDPs' argument concedes that the subpoena, at most, extends to ATVs or side-by-sides only with respect to "Wire Harness Systems [and] Bearings."

On November 7, 2016, when the Serving Parties finally moved to compel against Honda, they made no mention anywhere of any issue related to ATVs or side-by-sides, much less gave Honda notice that TEDPs were seeking to compel such information.  Because of the enormous scope of the subpoena, the Serving Parties went to the unusual step of summarizing all live issues in dispute in an attorney declaration served along with their motion.  *See* ECF No. 1495-3 (Ex. C to Declaration of Lara Veblen Trager).  But the lone mention of ATVs and side-by-sides in this lengthy submission came in a short footnote accusing Honda of being "unresponsive" to TEDPs' demand, without any explanation of the substance of the dispute or any request for relief.  *Id.* at 2 n.3.  The Trager Declaration attached TEDPs' November 4, 2016 letter to Honda without any explanation, discussion, or argument.  *See id.* at Ex. AA.

Needless to say, having not even moved on ATVs and side-by-sides, the Serving Parties also presented no evidence that ATVs do, or should, fall within the category of "agricultural equipment."  Plainly, an ATV is not a plow, harvester, or thresher.  Admittedly, ATVs are capable of being loaded with agricultural equipment and used for an agricultural purpose, but so is any vehicle, from passenger sedans to SUVs, light trucks, or even golf carts.[2]

Instead, TEDPs lay in wait until the December 9, 2016 hearing on the motion to compel, where for the first time they sprung on Honda and the Special Master a piece of evidence not in

---

[2]  Honda did not discuss the "agricultural equipment" argument because the Serving Parties had never raised that issue in their brief or the Trager Declaration.  In response, the Serving Parties' reply brief offered no argument to suggest that ATVs and side-by-sides were part of the issues to be decided on the motion.  Their reply declaration similarly avoided the issue, stating only that it "will not repeat the testimony from my original Declaration . . . including a description of Honda's refusal to respond to TEDPs' requests for any information regarding Honda's all-terrain vehicles and side-by-sides."  ECF No. 1549-3 (Decl. of Lara Veblen Trager in Support of Parties' Joint Reply to Certain Parties' Opp'n to Renewed Mot. to Compel Discovery) ¶ 5.

the record—a single photograph from www.hondanews.com of a side-by-side that "appears to be in a barn, there are bales of hay next to it." Dec. 9, 2016 Tr. of Mots. to Compel Hr'g ("Tr.") at 87:16-17. At the hearing, TEDPs conceded that their "agricultural equipment" argument was their only possible basis for shoehorning Honda's ATVs and side-by-sides into the scope of the subpoena. *Id.* at 89:9-11.

This photograph is the sole basis of TEDPs' argument (and the Special Master's ruling) that ATVs and side-by-sides qualify as "agricultural equipment." Because TEDPs never made this photograph part of the record before the Special Master, instead sandbagging Honda by using it for the first time at the hearing on the motion, the Court should refuse to consider the photograph, and reverse the Special Master's ruling on that basis alone.

In any event, TEDPs' single photograph of a Honda side-by-side in a barn does not prove that Honda ATVs and side-by-sides qualify as "agricultural equipment" for purposes of the subpoena. The subpoena fails to define that term, but plainly ATVs and side-by-sides are not equipment designed specifically or primarily for an agricultural use. Accordingly, the legal definition of "agricultural equipment" used by the federal government excludes ATVs and side-by-sides. *See* NHTSA regulation on Lighting and Marking on Agricultural Equipment, 81 Fed. Reg. 40529 (June 22, 2016). The NHTSA definition includes the types of uniquely agricultural vehicles one would expect—"any agricultural tractor, self-propelled machine, implement, or any combination thereof that is primarily designed for agricultural field operations." *Id.* Examples of "self-propelled machines" and "implements" include "beet harvesters, combines, cotton pickers, forage harvesters, cotton strippers, and forage balers." *Id.* There is a world of difference between these specially designed machines that are not realistically usable for any non-agricultural purpose and an ATV or side-by-side, which are general-purpose vehicles used primarily for recreation.

In their brief, TEDPs also quote something called the "Handbook! Of Michigan Off-Road Vehicle Laws," which states that "No one under the age of 10 may operate any 4-wheel ATV *except* on private land while performing farm-related work." TEDP Opp'n at 9 (emphasis in

original).  This proves nothing.  Even assuming the "Handbook!" accurately describes Michigan law, it shows only that the state has created a legal exemption allowing some people to use 4-wheel ATVs on farms.  That does not make ATVs "agricultural equipment."  In fact, by carving out a narrow exception to a general prohibition, the Michigan law necessarily recognizes that ATVs are generally *not* used on farms.  Some people might, and likely do, use sedans or light trucks on farms as well, but no one would classify those vehicles as ones designed for specific agricultural uses.  ATVs and side-by-sides are no different.

Finally, even if the Court is inclined otherwise to affirm the Special Master's decision, it must reverse in part, because the Special Master's order directed Honda to produce data and documents related to ATVs and side-by-sides for *all* parts at issue in *all* cases.  But as noted above, TEDPs' subpoena explicitly sought production of "agricultural equipment" data only as to wire harnesses and bearings.  Accordingly, the most TEDPs are entitled to is data and documents related to Honda's procurement and purchase of wire harnesses and bearings for its ATVs and side-by-side products.

**B.      The fact that TEDPs mentioned ATVs in complaints in other parts cases is irrelevant to the Court's interpretation of "agricultural equipment" in TEDPs' subpoena for data related to wire harnesses and bearings only.**

TEDPs' next argument—that their complaints from the radiators, starters, and alternators cases "specifically mention" ATVs—is irrelevant.  The subpoena itself, not some ancillary document from the case, controls the scope of TEDPs' request and Honda's obligations to produce documents.  Where a subpoena omits to ask for a category of information, it means nothing that the operative complaint mentions that category.  TEDPs cite no authority holding, or even suggesting, that the plain meaning of a subpoena depends on allegations in the complaint, or that an omission in a subpoena can be salvaged by a stray reference in a complaint.  In fact, the subpoena does not incorporate any language or definitions, including the passing mention of ATVs, from the radiators, starters, or alternators complaints.  TEDPs may be "masters of their complaint," TEDP Opp'n at 10, but what matters is their mastery of their own subpoena.  As

noted above, the subpoena doesn't refer to ATVs or side-by-sides once, and the catchall category "agricultural equipment" cannot fairly be interpreted to include those types of vehicles.

Moreover, it makes even less sense than usual here to argue that the mention of ATVs in the radiators, starters, and alternators complaints should be imported into the subpoena. As discussed above, TEDPs' fallback "agricultural equipment" category is relevant, under the plain text of the subpoena, only to wire harnesses and bearings. The subpoena does not seek any data or documents related to radiators, starters, or alternators found in "agricultural equipment." In other words, plaintiffs are trying to improperly broaden a poorly-drafted request limited to two parts markets by referring to complaints that target entirely different parts markets. The bearings complaint, which is referenced in the subpoena, contains no mention of ATVs.

### C. The burden of producing data and documents related to ATVs and side-by-sides is disproportionate to the benefit of such material to TEDPs.

TEDPs' opposition fails to engage with the proportionality requirement of Rule 26. Most importantly, the proportionality requirement obligates TEDPs to submit evidence and the Special Master to make findings regarding, among other things, "the parties' relative access to relevant information," "the importance of the discovery in resolving the issues," and "whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

But TEDPs have never made any proportionality argument even purporting to establish or quantify their need for data and documents regarding ATVs and side-by-sides. They argue only that the material they seek is relevant. Tr. at 91:25-92:2 ("we have evidence that these vehicles were affected by the conspiracies that are at issue"). Their opposition brief is more of the same; it says merely that "TEDPs possess information that *Honda-manufactured* ATVs and SXSs were the subject of illegal price-fixing and bid-rigging." TEDP Opp'n at 12 (emphasis in original). This relevance argument says nothing about whether TEDPs' request is proportional.

TEDPs ignore the massive amount of data they already have from discovery in this case: from Honda, other OEMs, and the parts-supplier defendants, among others. The parts suppliers are the best source of data showing their sales of wire harnesses and bearings to Honda,

including for use in ATVs and side-by-sides.  Their production renders any production of

purchasing data by Honda marginally relevant, if not duplicative.  Likewise, Honda has already

produced procurement and cost data for wire harnesses and bearings for cars and trucks.  Other

OEMs have done or will do the same.  TEDPs fail to submit any evidence showing that they

need the Honda ATV/side-by-side data to perform an economic analysis of overcharges on wire

harnesses and bearings, given the data they already possess.  TEDPs argue that the ATV and

side-by-side data is important, because Honda sold approximately 1.7 million ATVs in the U.S.

between 2004 and 2015.[3]  But that same time period saw Honda sell approximately 17 million

cars and light trucks in the U.S.,[4] and domestic sales of more than 178 million automobiles by all

OEMs.  *See* https://www.statista.com/statistics/199983/us-vehicle-sales-since-1951/ (last

accessed on January 25, 2017).  TEDPs do not even argue that the absence of Honda data

regarding ATVs and side-by-sides would impede its expert economists in constructing a viable

overcharge model, much less explain why.

By contrast, Honda has explained the burden it would face if ordered to produce the data

and documents at issue here.  Honda will not repeat the extensive discussion of burden from its

opening brief.  But the Special Master erred in making his ruling by failing to consider "whether

the burden or expense of the proposed discovery outweighs its likely benefit."  Fed. R. Civ. P.

26(b)(1).  Given the relatively tiny size of the ATV and side-by-side market, the absence of any

showing by TEDPs on proportionality, and the massive amount of work Honda has done and is

continuing to do in making its production, the discovery sought here fails the Rule 26 test.

---

[3]  Honda 2016 Digital Factbook at 4.12 (1.9 million ATVs and side-by-sides manufactured by Honda in the U.S. between 2004 and 2015); *id.* at 6.2 (about 10% of the ATVs and side-by-sides manufactured by Honda in the U.S. are sold in other countries), both available at https://hondainamerica.com/wp-content/uploads/DFB_2016_US_0517.pdf (last visited January 25, 2017).

[4]  *Id.* at 3.8.

7

**D.      If the Court does order production, TEDPs should pay the full cost of it.**

Under Rule 45, TEDPs "must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Fed. R. Civ. P. 45(d)(1); s*ee also Surles ex rel. Johnson v. Greyhound Lines, Inc.*, 474 F.3d 288, 305 (6th Cir. 2007). "Where, as here, discovery is sought from a non party, the Court should be particularly sensitive to weighing the probative value of the information sought against the burden of production on the non party." *Med. Ctr. at Elizabeth Place, LLC v. Premier Health Partners*, 294 F.R.D. 87, 92 (S.D. Ohio 2013). Where a party serves an unduly burdensome subpoena, Rule 45(c)(1) provides that "[t]he issuing court must … impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply."

Here, the extent of cost-shifting—both with respect to TEDPs' request at issue here and subpoena compliance more generally—is the subject of a different ruling by the Special Master that is being separately appealed to this Court. Honda has raised the issue in these objections in order to preserve its right to seek full cost-shifting for TEDPs' unreasonable and burdensome demand. For all the reasons stated in Honda's opening brief and here, and incorporating the arguments to be made on review of the Special Master's general cost-shifting order, the Court should order TEDPs to pay the full costs of any production related to ATVs and side-by-sides.

## III.   CONCLUSION

For these reasons, the Court should vacate the Special Master's order compelling Honda to produce discovery related to ATVs and side-by-sides, and deny the TEDPs' request for such information.

1142952

Dated:  January 30, 2017                    Respectfully submitted,


                                            THE WERNETTE LAW FIRM, PLLC

                                             /s/ Ronald C. Wernette, Jr.
                                            RONALD C. WERNETTE, JR.
                                            1877 Orchard Lake Road, Suite 102 Sylvan
                                            Lake, MI  48320 Telephone: 248-953-5803
                                            Facsimile: 248-977-3380

                                            Attorneys for Non-Party HONDA


                                            KEKER & VAN NEST LLP

                                            s/ Daniel Purcell
                                            DANIEL PURCELL
                                            JUSTINA SESSIONS
                                            IAN A. KANIG
                                            633 Battery Street
                                            San Francisco, CA 94111-1809 Telephone:
                                            415 391 5400
                                            Facsimile:  415 397 7188

                                            Attorneys for Non-Party HONDA

1142952

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on January 30, 2017, I caused a true and correct copy of **NON-PARTY HONDA'S REPLY MEMORANDUM IN SUPPORT OF OBJECTIONS TO SPECIAL MASTER'S ORDER DATED DECEMBER 29, 2016 (DOC. NO. 1577)** to be filed and served electronically via the CM/ECF system.  Notice of this filing was sent by e-mail to all parties by operation of the Court's electronic filing system.

Respectfully submitted,

THE WERNETTE LAW FIRM, PLLC

By:     /s/ Ronald C. Wernette, Jr.
        RONALD C. WERNETTE, JR.
        1877 Orchard Lake Road, Suite 102
        Sylvan Lake MI  48320
        Telephone: 248-977-3142
        Facsimile: 248-977-3380

Dated: January 30, 2017               Attorneys for Non-Party Honda

10

1142952