# EXHIBIT B

| | |
|---|---|
| **From:** | David Rowe <drowe@dbcllp.com> |
| **Sent:** | Monday, December 19, 2016 6:35 PM |
| **To:** | gjesshaki@abbottnicholson.com |
| **Cc:** | Jackie Taylor; Emily Luthy; Millicent Lundburg; Robert E. Linkin; Daniel Purcell; Justina K. Sessions; Ian A. Kanig; Lara.Trager@weil.com; adam.hemlock@weil.com; Ronnie Spiegel; Demetrius Lambrinos; Steve Williams; Abram J Ellis; Patrick Carome; Steven Cherry; klein@butzel.com; Angela Smedley; Heather Novison; Trey Nicoud; Jeffrey J. Amato; WShotzbarger@duanemorris.com; heather.choi@bakerbotts.com; Sloane Kuney Rosenthal; Evelyn Li (evelyn@cuneolaw.com); Vicky@cuneolaw.com; Jill S. Casselman (JCasselman@RobinsKaplan.com); Cameron Bonk; Bradley Love; Elliot.Weingarten@stblaw.com |
| **Subject:** | Proposed Orders re Honda |
| **Attachments:** | Proposed Honda Order--FINAL-- 20161219.PDF; Honda Order Exh A 20161219.PDF; Honda Discovery Order Exh A 20161216.DOCX; Proposed Honda Order per Parties 20161219.DOCX |

Special Master Esshaki:

On behalf of the Parties (as defined in the attached, proposed Order), I write to submit the enclosed proposed Order regarding Honda, and to very briefly address the items that remain unresolved between the Moving Parties and Honda. The Parties are continuing to work with Honda to resolve these open items, but nevertheless offer this submission in accordance with the Special Master's instruction to submit proposed Orders, and where necessary, short letter briefs on or before December 19, 2016.

The enclosed Order is in two parts, a cover order with general, operative language, and an attached Exhibit A that includes references to specific data and/or document types. As for the cover order, Honda and the Moving Parties agree to the form with one exception: In accordance with the Special Master's instruction to expedite the appellate timeline for any objections to the Special Master's Order, the Parties are proposing a deadline of 14 days in which to file any appeals. Honda is asking for the default 21 day time to appeal.

As for the Exhibit A, the Parties and Honda agree to the form, except for four specific areas that have been highlighted. Honda's preferred language is in yellow; the Parties' preferences are in green. We also include a Word version of the cover order and the attached Exhibit A so the Special Master may edit and print a final version after deciding whether to adopt Honda's or the Moving Parties' proposed language.

Here is a brief summary of the four open areas, and the positions of each party:

1. **E-quote database**. The E-quote database is a portal based system in which Honda maintains information regarding its RFQs, bids, and price history for its parts acquisition. Honda proposes to produce only self-queried reports with unidentified but apparently limited fields. The Parties are amendable to accepting reports in lieu of a copy of the entire database, but ask the Court to Order Honda to include all fields in the reports that are produced so the Parties will have access to

all of the relevant data. The information is obviously relevant, and the burden on Honda to include all fields is no more burdensome than producing a more limited report. Moreover, the Parties are seeking only the live data, which is consistent with the Special Master's general order regarding production of live data.

2. **Cost Simulation System database.** The Cost Simulation System ("CSS") database is what Honda uses to track its anticipated vehicle costs, including adjustments as the model is being developed. Honda has already produced reports from the CSS database for all full-model changes, but refuses to produce similar reports for mid-model changes. The Parties seek mid-model reports because some part sourcing can change during a model refresh cycle, as do actual part prices. And like the E-quote database, the Parties are seeking production of reports from live data only.

3. **Pricing documents.** Honda has agreed to produce only two specific types of documents from the pricing department's shared file server: (i) "checkpoint" PowerPoint files, and (ii) vehicle invoice breakdown spreadsheets. The Parties are willing to accept this offer, but only if Honda produces the files in their native format so that all imbedded and/or "hidden" information, including things such as speaker notes and spreadsheet formulas is included in the production. The Parties also ask that Honda produce the source documents, such as excel spreadsheets, from which the data is taken that appears in the PowerPoint files. The Parties submit that this data is not only highly relevant, but copying its contents does not represent any particular burden on Honda in light of Barron Umemoto's testimony that all of the pricing data resides on a single shared file server and can be readily accessed and copied.

4. **30b6 witness on downstream sales**. Honda has or will produce VIN level transactional data for (1) AHM purchases from the factory, and (2) AHM sales to dealers. Honda has refused, however, to present a corporate representative to testify as to the types of documents and data created and maintained by Honda relating to downstream sales, which prevents the Parties from knowing whether Honda possess additional, relevant information that should be produced. The Parties therefore ask the Court to compel Honda to comply with Judge Battani's original ruling by presenting a witness on this topic, and allowing the Parties to supplement their Motion to Compel, if necessary, based on information obtained from the deposition.

Thank you for your careful consideration of the Parties' position. We ask that you approve the form of Order as requested by the Parties, and order all other relief to which the Moving Parties may be entitled.

J. David Rowe
**DuBOIS BRYANT & CAMPBELL**
303 Colorado, Suite 2300
Austin, TX 78701
**D**:(512) 381-8020
**M**:(512) 923-5125
**F**:(512) 457-8008
bio



*Confidentiality Notice*
*This communication and any accompanying documents are confidential and privileged. They are intended for the sole use of the addressee. If you receive this transmission in error, you are advised that any disclosure, copying, distribution, or the taking of any action in reliance upon this communication or any attached document is strictly prohibited. Moreover, any such disclosure shall not compromise or waive the attorney-client or other privileges as to this communication or otherwise. If you have received this communication in error, please contact me by reply email and destroy all copies of the original message and any attached documents.*

# Exhibit A

## Honda Specific Order Regarding OEM Discovery

**Note: Unless otherwise ordered or agreed, initial upstream production is to be made for *Bearings* and *AVRP* only, with timing of additional auto part information TBD.**

| Category | Specific Items for Production |
|---|---|
| Purchase and Procurement | |
| Transactional purchase data for defendant and non-defendant suppliers | Honda has or will produce its "live" accounts payable data showing payments made to AVRP and Bearings suppliers. Honda estimates that its "live" AP data includes 2014, 2015 & 2016.<br><br>Honda will also produce AP data for prior years to the extent the prior year data is stored in a format that is reasonably accessible, such as a legacy system that is still accessible by Honda. Honda is not required to restore archived data that is saved in a format that is not reasonably accessible. |
| APR-related data and documents (data or, in the absence of data, documents reflecting communications/negotiations concerning adjustments | (1) Honda has or will produce reports from its E-quote database for AVRP and Bearings, which reports will reflect changes in part costs (among other items). [OR] (1) Honda has or will produce reports from its E-quote database for AVRP and Bearings, which reports will reflect changes in part costs (among other items) and will include all reasonably available fields. (2) Honda will also conduct limited custodian level searches of the two buyers responsible for AVRP and Bearings, looking for documents related to or discussing APR negotiations. (3) Honda has or will produce "live" data showing rebates paid to Honda by AVRP and Bearings suppliers. Honda estimates that its "live" rebate data includes 2014, 2015 & 2016. Honda is not required to produce older rebate data that is not stored in a format that is reasonably accessible. (4) Honda will produce bills of material from its Cost Management System database. |
| RFQ-related data and documents | (1) Honda has or will produce reports from its E-quote database for AVRP and Bearings, which reports will reflect supplier responses to RFQs (among other items). [OR] (1) Honda has or will produce reports from its E-quote database |

2423711.2

| Category | Specific Items for Production |
|---|---|
|  | for AVRP and Bearings, which reports will reflect supplier responses to RFQs (among other items) and will include all reasonably available fields. (2) Honda has produced code change sheets that define the cost change codes that appear in the E-quote database. |
| Contracts (agreements with auto parts suppliers) | Honda has or will produce contracts with its AVRP and Bearings suppliers. |
| Costs and Pricing |  |
| VIN level cost data or the least aggregated level of data available for each year, make, model, and trim combination, including costs for any options or accessories | (1) Honda has or will produce (i) Cost-by-Ship Reports for as far back as they are reasonably accessible, which is expected to be at least 10 years, (ii) Quarterly Cost Quotations dating back to 1998, (iii) Cost Simulation System data for every full model changes and mid-model changes dating back to 2005, and (iv) Cost Correlation Summaries from both live and archived data stored on reasonably accessible DVDs and/or CDs. (2) Honda will also produce reports from its EB-7 Cost Correlation Database, subject to the Serving Parties' agreement regarding data fields to include in the reports. |
| Data, or documents in the absence of data, sufficient to track each part after it was installed into a vehicle, including model year, VIN, part number | NA |
| Documents from central files and from a small number of custodian's files related to pricing, including back-up materials for internal determinations, internal evaluations, studies, manuals and instructions | (1) Honda has or will produce Maker Layout Evaluation ("MLEF") forms for AVRP and Bearings, along with operation and procedure documents related to Honda's use of MLEFs. (2) Honda will conduct limited custodian level searches of the 2 buyers responsible for AVRP and Bearings by asking them to confirm they have located all MLEFs for AVRP and Bearings after a reasonably diligent search, which search is to include the out-of-use Access database. (3) Honda will produce its Candidate Lists. (4) Honda will produce its Supplier Strategy Documents for AVRP and Bearings. |
| Selection from limited number of | Honda will produce all "checkpoint" PowerPoint files (as |

2

2423711.2

| Category | Specific Items for Production |
|---|---|
| custodians or central files of internal studies and reports on vehicle cost, vehicle price, the vehicle market, analyses of invoice prices or MSRP, factors that affect cost and any relationship between cost and price | described by Mr. Umemoto at pp. 39-40 of his depo. Trans.) and "vehicle invoice breakdown" spreadshseets (as described by Mr. Umemoto at pp. 35-36 of his depo. Trans.) for all full model changes for each of the following models for each trim level: Civic, Accord, Odyssey, Pilot, and CRV. Honda will also produce the source information, speaker notes, and backup data used for the checkpoint PowerPoints, and will produce the PowerPoints in their native format. |
| Sales | |
| Data, or documents in the absence of data, sufficient to show the following information for each model (and model year) for each new vehicle sold by the OEM: start of production date, year when sales began, year when sales ended, schedule of base model prices, schedule of MSRP (MSRP for all standard models offered, including base and other standard trim packages), and amounts paid by dealers to the OEMs, including but not limited to, invoice price, dealer invoice price, or factory invoice price | Honda has or will produce VIN level transactional data for (1) AHM purchase from factory, and (2) AHM sales to dealer.<br><br>Honda must also present a 30b6 witness to discuss documents created and maintained that relate to this topic, and the burden, if any, to collect and produce them. The Moving Parties may, if they deem necessary, move the court to further compel Honda to produce documents and/or data based on information learned during this deposition. |
| Sales data reflecting sales to auto dealers and end-purchasers (including off-invoice payments, incentives, rebates, etc.). If data reflecting off-invoice payments, incentives, rebates, etc. are not available, we request a schedule of off-invoice payments, incentives, rebates, etc. by model that were offered to dealers and end-purchasers | Honda will produce all "DMS" data in the possession of Honda that it received from its dealers. Before producing the DMS data, Honda will give its dealers notice that it has been ordered to produce the DMS data. Those dealers will be given 10 days to object to the production of their data, running from the time they receive the notice of Honda's intent to produce the data. The DMS data will be produced once objections, if any, are resolved. |
| Selection of letters to dealerships announcing invoice and MSRP prices for new models | Honda will provide a short declaration in lieu of producing additional pricing bulletins in a form to be provided by the ADPs, subject to Honda's approval. |

3

2423711.2

4

| Category | Specific Items for Production |
|---|---|
| Other | |
| For all categories requested above, we seek all data and documents that are within your possession, custody, or control, regardless of whether that information came from your own files or the files of a foreign entity or other entity within your corporate family, however we limit the requests to data or documents that pertain only to vehicles sold in the United States regardless of where they were manufactured | NA |

4

2423711.2

# Exhibit A

## Honda Specific Order Regarding OEM Discovery

**Note:  Unless otherwise ordered or agreed, initial upstream production is to be made for *Bearings* and *AVRP* only, with timing of additional auto part information TBD.**

| Category | Specific Items for Production |
|---|---|
| Purchase and Procurement | |
| Transactional purchase data for defendant and non-defendant suppliers | Honda has or will produce its "live" accounts payable data showing payments made to AVRP and Bearings suppliers. Honda estimates that its "live" AP data includes 2014, 2015 & 2016.<br><br>Honda will also produce AP data for prior years to the extent the prior year data is stored in a format that is reasonably accessible, such as a legacy system that is still accessible by Honda. Honda is not required to restore archived data that is saved in a format that is not reasonably accessible. |
| APR-related data and documents (data or, in the absence of data, documents reflecting communications/negotiations concerning adjustments | (1) Honda has or will produce reports from its E-quote database for AVRP and Bearings, which reports will reflect changes in part costs (among other items).  [OR] (1) Honda has or will produce reports from its E-quote database for AVRP and Bearings, which reports will reflect changes in part costs (among other items) and will include all reasonably available fields. (2) Honda will also conduct limited custodian level searches of the two buyers responsible for AVRP and Bearings, looking for documents related to or discussing APR negotiations.  (3) Honda has or will produce "live" data showing rebates paid to Honda by AVRP and Bearings suppliers.  Honda estimates that its "live" rebate data includes 2014, 2015 & 2016.  Honda is not required to produce older rebate data that is not stored in a format that is reasonably accessible.  (4) Honda will produce bills of material from its Cost Management System database. |
| RFQ-related data and documents | (1) Honda has or will produce reports from its E-quote database for AVRP and Bearings, which reports will reflect supplier responses to RFQs (among other items).  [OR] (1) Honda has or will produce reports from its E-quote database |

2423711.2

| Category | Specific Items for Production |
|---|---|
| | for AVRP and Bearings, which reports will reflect supplier responses to RFQs (among other items) and will include all reasonably available fields. (2) Honda has produced code change sheets that define the cost change codes that appear in the E-quote database. |
| Contracts (agreements with auto parts suppliers) | Honda has or will produce contracts with its AVRP and Bearings suppliers. |
| Costs and Pricing | |
| VIN level cost data or the least aggregated level of data available for each year, make, model, and trim combination, including costs for any options or accessories | (1) Honda has or will produce (i) Cost-by-Ship Reports for as far back as they are reasonably accessible, which is expected to be at least 10 years, (ii) Quarterly Cost Quotations dating back to 1998, (iii) Cost Simulation System data for every full model changes and mid-model changes dating back to 2005, and (iv) Cost Correlation Summaries from both live and archived data stored on reasonably accessible DVDs and/or CDs. (2) Honda will also produce reports from its EB-7 Cost Correlation Database, subject to the Serving Parties' agreement regarding data fields to include in the reports. |
| Data, or documents in the absence of data, sufficient to track each part after it was installed into a vehicle, including model year, VIN, part number | NA |
| Documents from central files and from a small number of custodian's files related to pricing, including back-up materials for internal determinations, internal evaluations, studies, manuals and instructions | (1) Honda has or will produce Maker Layout Evaluation ("MLEF") forms for AVRP and Bearings, along with operation and procedure documents related to Honda's use of MLEFs. (2) Honda will conduct limited custodian level searches of the 2 buyers responsible for AVRP and Bearings by asking them to confirm they have located all MLEFs for AVRP and Bearings after a reasonably diligent search, which search is to include the out-of-use Access database. (3) Honda will produce its Candidate Lists. (4) Honda will produce its Supplier Strategy Documents for AVRP and Bearings. |
| Selection from limited number of | Honda will produce all "checkpoint" PowerPoint files (as |

2

2423711.2

| Category | Specific Items for Production |
|---|---|
| custodians or central files of internal studies and reports on vehicle cost, vehicle price, the vehicle market, analyses of invoice prices or MSRP, factors that affect cost and any relationship between cost and price | described by Mr. Umemoto at pp. 39-40 of his depo. Trans.) and "vehicle invoice breakdown" spreadshseets (as described by Mr. Umemoto at pp. 35-36 of his depo. Trans.) for all full model changes for each of the following models for each trim level: Civic, Accord, Odyssey, Pilot, and CRV. Honda will also produce the source information, speaker notes, and backup data used for the checkpoint PowerPoints, and will produce the PowerPoints in their native format. |
| Sales | |
| Data, or documents in the absence of data, sufficient to show the following information for each model (and model year) for each new vehicle sold by the OEM: start of production date, year when sales began, year when sales ended, schedule of base model prices, schedule of MSRP (MSRP for all standard models offered, including base and other standard trim packages), and amounts paid by dealers to the OEMs, including but not limited to, invoice price, dealer invoice price, or factory invoice price | Honda has or will produce VIN level transactional data for (1) AHM purchase from factory, and (2) AHM sales to dealer.<br><br>Honda must also present a 30b6 witness to discuss documents created and maintained that relate to this topic, and the burden, if any, to collect and produce them. The Moving Parties may, if they deem necessary, move the court to further compel Honda to produce documents and/or data based on information learned during this deposition. |
| Sales data reflecting sales to auto dealers and end-purchasers (including off-invoice payments, incentives, rebates, etc.). If data reflecting off-invoice payments, incentives, rebates, etc. are not available, we request a schedule of off-invoice payments, incentives, rebates, etc. by model that were offered to dealers and end-purchasers | Honda will produce all "DMS" data in the possession of Honda that it received from its dealers. Before producing the DMS data, Honda will give its dealers notice that it has been ordered to produce the DMS data. Those dealers will be given 10 days to object to the production of their data, running from the time they receive the notice of Honda's intent to produce the data. The DMS data will be produced once objections, if any, are resolved. |
| Selection of letters to dealerships announcing invoice and MSRP prices for new models | Honda will provide a short declaration in lieu of producing additional pricing bulletins in a form to be provided by the ADPs, subject to Honda's approval. |

3

2423711.2

| Category | Specific Items for Production |
|---|---|
| Other | |
| For all categories requested above, we seek all data and documents that are within your possession, custody, or control, regardless of whether that information came from your own files or the files of a foreign entity or other entity within your corporate family, however we limit the requests to data or documents that pertain only to vehicles sold in the United States regardless of where they were manufactured | NA |

4

2423711.2

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| IN RE AUTOMOTIVE PARTS ANTITRUST LITIGATION | Master File No. 12-md-02311 <br> Honorable Marianne O. Battani <br><br> 2:12-md-02311-MOB-MKM |
| In re: All Auto Parts Cases | |
| THIS DOCUMENT RELATES TO: <br><br> ALL AUTO PARTS CASES | |

**[PROPOSED] ORDER REGARDING HONDA DISCOVERY**

WHEREAS the Parties[1] filed a Renewed Motion to Compel Discovery from Certain Non-Party Original Equipment Manufacturers and Their Affiliated Entities on November 7, 2016 (ECF No. 1500; hereinafter, "Motion to Compel"), including from OEM Honda[2]; and

WHEREAS, the Special Master has issued a separate, general Order regarding the Motion to Compel that applies to all of the OEMs, and further determines that additional specific orders should issue with respect to each OEM separately; and

---

[1]  "Parties" include End-Payor Plaintiffs ("EPPs"), Truck and Equipment Dealer Plaintiffs ("TEDPs"), the State of Florida, the State of Indiana, and certain Defendants in all parts cases in *Automotive Parts Antitrust Litigation*, No. 2:12- md-02311-MOB-MKM (E.D. Mich.).  Not all Defendants join this motion with respect to Honda.  *See* ECF No. 1185 at Attachment A. Automobile Dealership Plaintiffs ("ADPs") filed a statement of concurrence, concurring in part with the requests and brief of the Parties. See Case No. 2:12-md-02311-MOB-MKM, Doc. No. 1509. The Parties, together with ADPs are collectively the "Serving Parties".

[2]  "Honda" collectively refers to the following entities:  (1) American Honda Motor Company, Inc.; (2) American Honda Finance Corp.; (3) Honda Manufacturing of Indiana, LLC: (4) Honda North America, Inc.; (5) Honda of America Manufacturing, Inc.; (6) Honda of South Carolina Manufacturing, Inc.; (7) Honda Precision Parts of Georgia, LLC; (8) Honda R&D Americas, Inc.; (9) Honda Research Institute USA, Inc.; and (10) Honda Transmission Manufacturing of America, Inc.

2426359.2

WHEREAS, with respect to certain categories of documents, the Serving Parties and Honda negotiated tentative compromises ("Compromises"), but were unable to reach agreement on all issues in dispute between them; and

WHEREAS the Special Master has determined, in the exercise of his discretion, that those Compromises should be included in a Honda specific Order that addresses all of the categories of documents and/or data at issue in the Parties' Renewed Motion to Compel that are not otherwise disposed of in the general Order regarding OEM discovery; and

WHEREAS, the Parties and Honda each reserve their respective rights to seek review of any aspect of this order by the District Court.

IT IS HEREBY ORDERED that Honda shall produce documents and data to the Serving Parties in accordance with the terms of set forth in the chart attached hereto. *See* Exhibit A. To the extent that the attached Exhibit A conflicts with the General Order on the Motion to Compel, the more specific provisions in the attached Exhibit A control.

IT IS FURTHER ORDERED, that neither this Order nor any agreement by any of the Serving Parties with respect to documents and data to be produced by Honda shall be deemed to waive or otherwise prejudice any arguments about the evidence and information obtained from the OEMs, including that such evidence or information is irrelevant, inadmissible, or insufficient to establish any matter relevant to any claim or defense. Each party expressly reserves its rights to assert any such arguments, without limitation, throughout the course of all cases in this MDL.

IT IS FURTHER ORDERED, that by reaching any such agreements, neither (i) have the Serving Parties waived any rights regarding this subject, including the right to appeal this Order or to seek additional documents or data in the future should the need arise, nor (ii) has Honda

2426359.2

3

waived any objections to producing the documents or data sought now or in the future by the Serving Parties, or to appeal this Order.

IT IS FURTHER ORDERED, that by limiting production of certain upstream categories of documents and/or data to only those parts at issue in the *Bearings* and *AVRP* cases, this Order does not prejudice the rights of the Serving Parties to seek (or Honda's right to oppose) production of additional upstream documents and/or data for parts at issue in other *In re Auto Parts* cases in the future.

Pursuant to the Court's Order dated August 29, 2014, the Special Master's rulings as set forth herein are appealable to Judge Marianne O. Battani within 14 days of this Order.

**IT IS SO ORDERED.**

DATED: _____

GENE J. ESSHAKI
SPECIAL MASTER

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| IN RE AUTOMOTIVE PARTS ANTITRUST LITIGATION | Master File No. 12-md-02311<br>Honorable Marianne O. Battani<br><br>2:12-md-02311-MOB-MKM |
| In re: All Auto Parts Cases | |
| THIS DOCUMENT RELATES TO:<br><br>ALL AUTO PARTS CASES | |

## [PROPOSED] ORDER REGARDING HONDA DISCOVERY

WHEREAS the Parties[1] filed a Renewed Motion to Compel Discovery from Certain Non-Party Original Equipment Manufacturers and Their Affiliated Entities on November 7, 2016 (ECF No. 1500; hereinafter, "Motion to Compel"), including from OEM Honda[2]; and

WHEREAS, the Special Master has issued a separate, general Order regarding the Motion to Compel that applies to all of the OEMs, and further determines that additional specific orders should issue with respect to each OEM separately; and

---

[1] "Parties" include End-Payor Plaintiffs ("EPPs"), Truck and Equipment Dealer Plaintiffs ("TEDPs"), the State of Florida, the State of Indiana, and certain Defendants in all parts cases in *Automotive Parts Antitrust Litigation*, No. 2:12- md-02311-MOB-MKM (E.D. Mich.). Not all Defendants join this motion with respect to Honda. *See* ECF No. 1185 at Attachment A. Automobile Dealership Plaintiffs ("ADPs") filed a statement of concurrence, concurring in part with the requests and brief of the Parties. See Case No. 2:12-md-02311-MOB-MKM, Doc. No. 1509. The Parties, together with ADPs are collectively the "Serving Parties".

[2] "Honda" collectively refers to the following entities: (1) American Honda Motor Company, Inc.; (2) American Honda Finance Corp.; (3) Honda Manufacturing of Indiana, LLC: (4) Honda North America, Inc.; (5) Honda of America Manufacturing, Inc.; (6) Honda of South Carolina Manufacturing, Inc.; (7) Honda Precision Parts of Georgia, LLC; (8) Honda R&D Americas, Inc.; (9) Honda Research Institute USA, Inc.; and (10) Honda Transmission Manufacturing of America, Inc.

WHEREAS, with respect to certain categories of documents, the Serving Parties and Honda negotiated tentative compromises ("Compromises"), but were unable to reach agreement on all issues in dispute between them; and

WHEREAS the Special Master has determined, in the exercise of his discretion, that those Compromises should be included in a Honda specific Order that addresses all of the categories of documents and/or data at issue in the Parties' Renewed Motion to Compel that are not otherwise disposed of in the general Order regarding OEM discovery; and

WHEREAS, the Parties and Honda each reserve their respective rights to seek review of any aspect of this order by the District Court.

IT IS HEREBY ORDERED that Honda shall produce documents and data to the Serving Parties in accordance with the terms of set forth in the chart attached hereto.  *See* Exhibit A.  To the extent that the attached Exhibit A conflicts with the General Order on the Motion to Compel, the more specific provisions in the attached Exhibit A control.

IT IS FURTHER ORDERED, that neither this Order nor any agreement by any of the Serving Parties with respect to documents and data to be produced by Honda shall be deemed to waive or otherwise prejudice any arguments about the evidence and information obtained from the OEMs, including that such evidence or information is irrelevant, inadmissible, or insufficient to establish any matter relevant to any claim or defense.  Each party expressly reserves its rights to assert any such arguments, without limitation, throughout the course of all cases in this MDL.

IT IS FURTHER ORDERED, that by reaching any such agreements, neither (i) have the Serving Parties waived any rights regarding this subject, including the right to appeal this Order or to seek additional documents or data in the future should the need arise, nor (ii) has Honda

2426359.2

waived any objections to producing the documents or data sought now or in the future by the Serving Parties, or to appeal this Order.

IT IS FURTHER ORDERED, that by limiting production of certain upstream categories of documents and/or data to only those parts at issue in the *Bearings* and *AVRP* cases, this Order does not prejudice the rights of the Serving Parties to seek (or Honda's right to oppose) production of additional upstream documents and/or data for parts at issue in other *In re Auto Parts* cases in the future.

Pursuant to the Court's Order dated August 29, 2014, the Special Master's rulings as set forth herein are appealable to Judge Marianne O. Battani within 14 days of this Order.

**IT IS SO ORDERED.**

DATED:                                                                         _____

GENE J. ESSHAKI
SPECIAL MASTER