**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN SOUTHERN DIVISION**

| | |
|---|---|
| In Re: AUTOMOTIVE PARTS ANTITRUST LITIGATION | Master File No.: 12-md-02311<br>Honorable Marianne O. Battani |
| In Re: All Auto Parts Cases | 2:12-MD-02311-MOB-MKM |
| THIS DOCUMENT RELATES TO:<br>ALL AUTO PARTS CASES | Oral Argument Requested |

**TOYOTA'S REPLY IN SUPPORT OF ITS OBJECTIONS TO AND MOTION TO MODIFY THE SPECIAL MASTER'S ORDER REGARDING THE PARTIES' RENEWED MOTION TO COMPEL**

## **ISSUES PRESENTED**

1. Whether the Special Master prematurely compelled production of information coming from or belonging to non-defendant suppliers absent consent from those suppliers when the identities of such non-defendant suppliers had yet to be determined.

    Toyota Responds:  Yes.

## **CONTROLLING OR MOST APPROPRIATE AUTHORITIES**

Fed. R. Civ. P. 26
*In re Vitamins Antitrust Litigation*, 267 F. Supp.2d 738 (S.D. Ohio 2003)
*Insulate America v. Masco Corp.*, 227 F.R.D. 427 (W.D.N.C. 2005)

Contrary to the Parties' suggestion in their Response, ECF No. 1631, Toyota is not seeking to "shield legitimate discovery" or "prevent disclosure" of non-defendant supplier information. As the Parties note, Toyota has not challenged the relevance of this category of information across the board and has not asserted privilege over the information; nor has Toyota sought to use its contractual confidentiality agreements to quash discovery. Instead, Toyota's objection is that ordering discovery of non-defendant supplier information *in toto* is premature without first providing an opportunity to identify the suppliers at issue and evaluate whether the Parties legitimately need information from all suppliers.

Paragraph II.B.g of the Special Master's Order, ECF No. 1603, provides that non-defendant supplier information will be produced after notice is given to those suppliers. The Order fails to take into account whether this across-the-board production is proportional to the Parties' needs, in light of the commercially sensitive nature of this confidential non-party information and in light of the substantial burden placed on Toyota and the other OEMs to gain consent from all of their suppliers. *See* Fed. R. Civ. P. 26(b)(1). Given the scope of discovery sought by the Parties, Toyota's anticipated production may include confidential information of dozens, if not hundreds, of non-defendant suppliers.[1]

The Parties' Response acknowledges that there may not be a need for information from all non-defendant suppliers, suggesting that under the Order the Parties may further negotiate a narrower list of non-defendant suppliers. ECF No. 1631 at 3. Such negotiation is entirely consistent with the process proposed by Toyota, and the Parties' suggestion in fact mirrors Toyota's proposed process. Nonetheless, the Parties seek to maintain the provision of the Order that mandates blanket production of non-defendant supplier information (and

---

[1] To the extent the Parties suggest that the only non-defendant supplier information that they are seeking is from suppliers in the "Lead Two Part Cases" (bearings and anti-vibrational rubber), ECF No. 1631 at 3, Toyota respectfully requests that the Order entered by the Court make clear that the production will be so limited.

1

blanket notice to non-defendant suppliers) without any requirement that the Parties assess their need for the information beforehand.

The Parties suggest that the Protective Order suffices to allay any concerns about confidential non-defendant supplier information. However, courts have recognized that "[t]here is a constant danger inherent in disclosure of confidential information pursuant to a Protective Order," and the subpoenaing party "must make a strong showing of need, especially when confidential information from a non-party is sought." *Insulate America v. Masco Corp.*, 227 F.R.D. 427, 434 (W.D.N.C. 2005) (internal citation marks omitted); *see also In re Vitamins Antitrust Litigation*, 267 F. Supp.2d 738, 741-42 (S.D. Ohio 2003) (the "wise course is to nip any potential economic harm" by quashing subpoena instead of relying on protective order where information sought included trade secrets). Here, the information at issue is confidential business information of non-party auto parts suppliers, sought by parties including their competitors who stand accused of illegally conspiring to fix prices and restrain trade. Given the circumstances, the Order should require the Parties to demonstrate their need for the requested information from identified suppliers rather than requiring production from all suppliers without any showing of need. *See Insulate*, 227 F.R.D. at 433 ("Courts have concluded that disclosure to a competitor is more harmful than disclosure to a non-competitor.").

For similar reasons, Toyota seeks to permit the OEMs to produce confidential non-defendant supplier information with the names of the non-defendant suppliers disguised, which would provide further protection for this confidential information. The Parties state that this request is "impractical," but do not explain how this would impact their analyses—instead, they simply make the conclusory assertions that the identities "are likely to reveal information relevant to" their experts, and that they are "important" for the Parties to "fully utilize" the information provided, without any attempt to demonstrate the relevance or

2

importance of the identities. The Parties further raise purported logistical issues that might arise with respect to "cross-OEM" comparisons, but likewise make no attempt to specify what cross-OEM comparisons they may need to make, why the identities of non-defendant suppliers would be necessary, or why the supposed difficulties could not be addressed between the Parties and OEMs.

For these reasons, Toyota respectfully requests that the Court modify Paragraph II.B.g of the Special Master's Order such that no production of non-defendant supplier information is ordered at this time absent consent of those suppliers and that any such production may be made with the names of non-defendant suppliers disguised.

By: /s/ Michael Schaper
Michael Schaper
David B. Noland
DEBEVOISE & PLIMPTON LLP
919 Third Ave
New York, NY 10022
Tel: 212-909-6000
mschaper@debevoise.com

Thomas P. Branigan (P41774)
BOWMAN & BROOKE LLP
41000 Woodward Avenue, Ste. 200 East
Bloomfield Hills, MI 48304
Tel: 248-205-3300
tom.branigan@bowmanandbrooke.com

*Attorneys for Toyota Motor Sales USA, Inc. and Toyota Motor Engineering & Manufacturing North America, Inc.*

3

**CERTIFICATE OF SERVICE**

     I certify that on **February 6, 2017**, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to all counsel of record.

                        Respectfully Submitted,

By:   /s/ Michael Schaper
        Michael Schaper
        David B. Noland
        **DEBEVOISE & PLIMPTON LLP**
        919 Third Ave
        New York, NY 10022
        Tel: 212-909-6000
        mschaper@debevoise.com

        Thomas P. Branigan (P41774)
        **BOWMAN & BROOKE LLP**
        41000 Woodward Avenue,
        Ste. 200 East
        Bloomfield Hills, MI  48304
        Tel: 248-205-3300
        tom.branigan@bowmanandbrooke.com
        Attorneys for Toyota Motor Sales USA,
        Inc. and Toyota Motor Engineering &
        Manufacturing North America, Inc.