# EXHIBIT 5

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| In Re: AUTOMOTIVE PARTS ANTITRUST LITIGATION | Master File No. 12-md-02311<br>Honorable Marianne O. Battani |
| In Re: All Parts except Wire Harness, Fuel Senders, Alternators, Motor Generators, Inverters, Air Flow Meters, and Electronic Throttle Bodies cases | |
| THIS RELATES TO:<br>AUTOMOBILE DEALERSHIP ACTIONS<br>END PAYOR ACTIONS<br>TRUCK AND EQUIPMENT DEALER ACTIONS | |

**[PROPOSED] ORDER OF SPECIAL MASTER
GRANTING IN PART AND DENYING IN PART CERTAIN SERVING PARTIES'
MOTION TO COMPEL PRODUCTION IN RESPONSE TO REQUEST NO. 31 IN THE
SERVING PARTIES' OEM SUBPOENA**

This matter is currently before the undersigned, Special Master, upon Certain Serving Parties' Motion to Compel from Non-Party Original Equipment Manufacturers ("OEMs") (ECF Nos. 1187 and 1188 in 2:12-md-02311) dated January 19, 2016.

Defendants and OEMs filed Oppositions to this Motion (Case No. 2:12-md-02311, ECF 1216; Case No. 2:12-md-02311, ECF 1227, pages 35-37). Certain Serving Parties filed a Reply Brief in Support of their Motion (Case No. 2:12-md-02311, ECF 1254). Certain OEMs filed additional oppositions to the Motion (Case No. 2:12-md-02311, ECF Nos. 1519, 1528, 1534, 1536). Certain Serving Parties filed a supplemental statement (Case No. 2:12-md-02311, ECF 1550).

The undersigned, having considered the various arguments raised hereby rules as follows:

1. The Motion implicates the settlement privilege recognized by the Sixth Circuit in *Goodyear Tire & Rubber Co.*, 332 F.3d 976 (6th Cir. 2003). The settlement privilege protects all communications made in furtherance of settlement regardless of whether the communications are informal or done under the auspices of the Court.

2. The settlement privilege is an exception to the demand for every person's evidence and must be narrowly construed.

3. To the extent that Request 31 requests evidence of settlement negotiations between the defendants and the six Lead OEMs,[1] Request 31 will not be enforced. Those discussions, and the evidence concerning those discussions, need not be produced.

4. However, documents, if any, that were exchanged between a defendant and a Lead OEM at an initial meeting before settlement negotiations began, describing the existence of any alleged conspiracy and its scope, duration, nature, and extent, as well as descriptions of part or parts involved and of the wrongful acts of the conspirators, will be produced by the Lead OEMs. This information is not privileged.

5. Any settlement-related documents that were exchanged between a defendant and a Lead OEM, other than those (if any) described in Paragraph 4 above or Paragraph 6 below, including documents analyzing alleged damages, fall within the Sixth Circuit settlement privilege, and shall not be produced.

6. While Request No. 31 did not expressly seek the production of settlement agreements and they were not addressed in the parties' briefing, in the interest of judicial and

---

[1] The six "Lead OEMs" are the six OEMs subject to the renewed Motion to Compel. *See* The Parties' Notice of Mot. and Renewed Mot. to Compel Disc. from Certain Non-Party OEMs and their Affiliated Entities at 1, fn. 3, 12-md-02311, ECF No. 1495 (Nov. 7, 2016).

party efficiency, settlement agreements between Lead OEMs and defendants also will be produced by the Lead OEMs. This information is not privileged.

7. The documents required to be produced by this Order will be produced within 30 days of the entry of this Order, unless it is appealed. If the Order is appealed, these documents will be produced within 30 days of any ruling on the appeal that upholds this decision.

8. The productions required by paragraphs 4 and 6 of this Order are limited to documents that concern one or more part at issue in an Auto Dealer, End Payor, or Truck and Equipment Dealer Action in the MDL in which, as of the time of the production, all named Defendants have not entered into a settlement agreement with the Auto Dealers, End Payors, and Truck and Equipment Dealers (i.e. the moving parties) that has been reported to the Court (whether or not such settlement has been preliminarily or finally approved).

9. This Order may be appealed to Judge Marianne O. Battani by filing an Objection within 21 days. Oppositions must be filed within 14 days of service of the Objection. Replies must be filed within 7 days.

**IT IS SO ORDERED.**

Dated:

Special Master Gene J. Esshaki