# EXHIBIT 1

Case 2:12-md-02311-SFC-RSW   ECF No. 1681-2, PageID.31449   Filed 02/23/17   Page 2 of 3
Hearing before the Special Master - December 9, 2016

1

```
                   UNITED STATES DISTRICT COURT
                   EASTERN DISTRICT OF MICHIGAN
                         SOUTHERN DIVISION
                            —   —   —

 IN RE: AUTOMOTIVE PARTS                Case No. 12-2311
 ANTITRUST LITIGATION
                                        Hon. Marianne O. Battani
 _____    _____


 THIS RELATES TO:

 In Re:   Wire Harness                  2:12-cv-00101
 In Re:   Instrument Panel clusters     2:12-cv-00201
 In Re:   Fuel Senders                  2:12-cv-00301
 In Re:   Heater Control Panels         2:12-cv-00401
 In Re:   Alternators                   2:12-cv-00701
 In Re:   Windshield Wipers systems     2:12-cv-00901
 In Re:   Starters                      2:12-cv-01101
 In Re:   Ignition Coils                2:12-cv-01401
 In Re:   Fuel injection Systems        2:12-cv-02201
 In Re:   Power Window Motors           2:12-cv-02301
 In Re:   Air Conditioning Systems      2:12-cv-02701
 In Re:   Windshield Washer Systems     2:12-cv-02801
 In Re:   Spark Plugs                   2:12-cv-03001
 In Re:   Oxygen Sensors                2:12-cv-03101

 _____/


                          MOTION HEARINGS

             BEFORE SPECIAL MASTER GENE ESSHAKI
             Theodore Levin United States Courthouse
                   231 West Lafayette Boulevard
                         Detroit, Michigan
                      Friday, December 9, 2016




      To obtain a copy of this official transcript, contact:
             Robert L. Smith, Official Court Reporter
           (313) 964-3303 • rob_smith@mied.uscourts.gov
```

*1* compelled to follow Goodyear.

*2* As a consequence, I must hold that request *3* number 31 to the extent that it requests evidence of *4* settlement negotiations between the defendants and the *5* original equipment manufacturers will not be enforced, those *6* discussions and the evidence concerning those discussions are *7* barred.  However, in my view the discussions that occurred at *8* the initial meetings where the defendants disclosed to the *9* original equipment manufacturers the existence of a *10* conspiracy, the nature, the scope and the duration of this *11* conspiracy, the parts that may have been involved in the *12* conspiracy are not settlement negotiations, they are a *13* prelude to settlement negotiations, they are disclosing the *14* wrongful acts, and settlement negotiations occurred after *15* that disclosure.

*16* So to the extent that request 31 seeks information *17* concerning the initial meetings where the disclosures of the *18* conspiracy, the scope, the nature, the extent and the *19* duration and the number of parts were involved or discussed *20* they are not privileged.  Additionally, I think even under *21* Goodyear the final settlement agreements that may have been *22* reached between the parties are not subject to settlement *23* privilege, so to that extent I am denying in part and *24* granting in part the plaintiffs' request to enforce rule *25* number 31.