# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| **In Re: AUTOMOTIVE PARTS ANTITRUST LITIGATION** | 12-MD-02311<br>Honorable Marianne O. Battani<br>Special Master Gene J. Esshaki |
| **In Re: All Auto Parts Cases** | 2:12-MD-02311-MOB-MKM |
| **THIS DOCUMENT RELATES TO: ALL AUTO PARTS CASES** | Oral Argument Requested |

**NON-PARTY DAIMLER ENTITIES' REPLY IN SUPPORT OF THEIR OBJECTIONS TO THE SPECIAL MASTER'S JAN. 25, 2017 ORDER**

**Preliminary Statement**

In their Objections to the Master's January 25, 2017 Order regarding the production of settlement-related documents ("the Second Discovery Order"), the Daimler Domestic Entities showed their Objections should be sustained on the merits and on the basis that the Parties failed to provide notice that they were renewing their Motion to Compel as to parties other than the Six OEMs. (ECF No. 1649). The Parties' Opposition (ECF No. 1681 at 24-25) fails to rebut those arguments. What is more, allowing discovery against the Daimler Domestic Entities is inconsistent with the spirit if not the letter of the Court's ruling at the June 23, 2016 hearing.

**Argument**

**I.   THE PARTIES FAILED TO PROVIDE NOTICE TO THE DAIMLER DOMESTIC ENTITIES.**

The Daimler Domestic Entities have one view of what the Court ruled at the June 23, 2016 hearing, namely, that when the Court stated, "I am going to set aside the Master's order" and the subpoenaed entities except the Six OEMs were "carved out at this time" (ECF No. 1405, at 99:15 & 101:18-19), that they would not be subject to any further discovery until such time as the Parties provided notice they had taken into account the discovery obtained from the Six OEMs and were renewing their motion as to the "carved out" entities. The Parties take a contrary view:  that the Master had reserved ruling on their Motion to Compel (even though

2

the Master's actual order did not state it was reserving ruling on anything) and all the Court "set aside" was the order concerning Rule 30(b)(6) depositions. (ECF No. 1681 at 24.)

The Daimler Domestic Entities hesitate to tell the Court what it meant in its ruling at the June 2016 hearing. If their view stated above is correct, their objections should be sustained. But however one views the matter, the Parties did not provide adequate notice — or *any* notice — to the Daimler Domestic Entities. All the Parties would have had to do is to have added to their "Plaintiffs' Notice Regarding Certain Parties' Motion to Compel Request No. 31" "*as to All Subpoenaed Parties*." (ECF No. 1497.) Neither in the caption nor the body of the notice did they mention any entity excepts "OEMs" and at the time of the notice *no other party* except the Six OEMs had been engaged in discovery for months. Simply put, the Parties did not provide notice they were renewing their motion as to any entity other than the Six OEMs.

## II. ORDERING THE DAIMLER DOMESTIC ENTITIES TO PRODUCE DOCUMENTS IS INCONSISTENT WITH THE SPIRIT IF NOT THE LETTER OF THIS COURT'S JUNE 23, 2016 RULING.

The spirit of the Court's ruling at the June 23, 2016 hearing was clear: the Issuing Parties should identify what materials were readily available from the Six OEMs and, with that information in hand, Plaintiffs, Defendants, the subpoenaed entities, the Master and the Court would be better position to determine what

3

additional discovery, if any, would be necessary as to the "carved-out" entities. The Court's order in that regard appropriately applied case law holding that when a party seeks discovery from a non-party (here, absent class members), it must show the discovery it seeks is not otherwise available and does not impose improper burdens on the non-party.[1] Ordering the carved-out non-party Daimler Domestic Entities to produce discovery without any analysis of why seventeen non-parties should be burdened with discovery given what is already available to Plaintiffs is both unfair and inconsistent with controlling doctrine.

## Conclusion

The Daimler Domestic Entities respectfully submit that however the Court resolves the Objections of those Six OEMs who objected to the Master's Second Discovery Order, their objections to that order should be sustained.

---

[1] *See* Fed. R. Civ. P. 26(b)(2)(C) ("court must limit the frequency or extent of discovery otherwise allowed" if it determines "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive"); *Groth v. Robert Bosch Corp.*, No. 1:07-cv-962, 2008 WL 2704709, at *1 (W.D. Mich. July 9, 2008) (discovery from absent class members not warranted as a matter of course and demonstration of "particularized need" is a prerequisite); *In re Polyurethane Foam Antitrust Litig.*, 2014 WL 764617, at *2 (N.D. Ohio Feb. 26, 2014) (applying "particularized need" test for absent class members).


DATED:  March 1, 2017

Respectfully submitted,

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By /s/ Dominic Surprenant

Dominic Surprenant
Nithin Kumar
Attorneys for Non-Parties Daimler North America Corp. (MI); Daimler North America Corp. (NJ); Daimler Purchasing Coordination Corp.; Daimler Trucks North America LLC; Daimler Vans Manufacturing, LLC; Daimler Vans USA LLC; Freightliner Custom Chassis Corp.; Mercedes-Benz Advanced Design of North America Inc.; Mercedes-Benz Credit Corp.; Mercedes-Benz Financial Services USA LLC; Mercedes-Benz Research & Development North America, Inc. (CA); Mercedes-Benz Research & Development North America, Inc. (MI); Mercedes-Benz U.S. International, Inc.; Mercedes-Benz USA, LLC; Mitsubishi Fuso Truck of America, Inc.; Thomas Built Buses, Inc.; and Western Star Trucks Sales, Inc.

## **CERTIFICATE OF SERVICE**

I certify that on March 1, 2017, I caused a copy of the foregoing Non-Party Daimler Entities' Reply In Support of Their Objections to the Special Master's Jan. 25, 2017 Order to be electronically filed via the Court's ECF system, which will serve notification of such filing to all counsel of record for the Parties.

*/s/ Dominic Surprenant*

Dominic Surprenant