# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | | |
|---|---|---|
| In Re:  AUTOMOTIVE PARTS ANTITRUST LITIGATION | : : : | Master File NO. 12-md-02311 Honorable Marianne O. Battani |
| In re: All Parts | : : : : | |
| THIS DOCUMENT RELATES TO: All Actions | : : : : : : : : : : : | **DEALERSHIP PLAINTIFFS' MOTION TO SEAL AND MAINTAIN UNDER SEAL  DISCOVERY-RELATED FILINGS** <br><br> **Oral Argument Requested** |

Automobile Dealership and Truck and Equipment Dealership Plaintiffs ("Dealership Plaintiffs"), by undersigned counsel, hereby request that discovery-related filings continued to be able to be filed under seal to the extent they contain confidential or highly confidential information, that discovery-related filings already made, remain under seal, to the extent they contain confidential or highly confidential information, and that discovery-related filings not be subjected to the expanded process set forth in the most recent sealing order.  Case No. 2:12-md-02311-MOB-MKM, Doc # 1690 (Filed 02/27/17) ("Sealing Order").

Federal caselaw states that there is no presumption of a public right of access to discovery-related filings, as there is for substantive or dispositive filings, and that discovery-related filings are to be treated differently with regard to the issue of sealing.

Further, requiring discovery-related filings to follow an a expanded procedure of motion practice to seal every single one of the scores of such filings in each of the forty-sub-cases, every

single time there is a discovery-related filing, would cause severe burden, increase attorneys'
fees, increase risk of disclosure of highly sensitive information and discourage voluntary
production agreements.

      Dealership Plaintiffs rely on the following brief in support of their motion.

      In accordance with E.D.Mich. LR 7.1(a) counsel for Dealership Plaintiffs requested other
parties' concurrence in the relief requested, and explained the nature of the motion as well as its
legal basis.  Defendants advised that they do not oppose the relief sought. End-Payors have not
taken a position.

      Dealership Plaintiffs' Proposed Order is attached as Exhibit 1.


                  Respectfully submitted,

March 10, 2017              _/s/ Jonathan W. Cuneo
                  Jonathan W. Cuneo
                  Joel Davidow
                  Daniel Cohen
                  Victoria Romanenko
                  Evelyn Li
                  **Cuneo Gilbert & LaDuca, LLP**
                  4725 Wisconsin Ave, NW, Ste. 200
                  Washington, D.C. 20016
                  Telephone: (202) 789-3960
                  jonc@cuneolaw.com
                  joel@cuneolaw.com
                  danielc@cuneolaw.com
                  vicky@cuneolaw.com
                  evelyn@cuneolaw.com

                  Don Barrett
                  David McMullan
                  **BARRETT LAW GROUP, P.A.**
                  P.O. Box 927
                  404 Court Square
                  Lexington, MS 39095
                  Telephone:  (662) 834-2488
                  Facsimile:   (662)834-2628

dbarrett@barrettlawgroup.com
dmcmullan@barrettlawgroup.com
Shawn M. Raiter
**LARSON · KING, LLP**
2800 Wells Fargo Place
30 East Seventh Street
St. Paul, MN 55101
Telephone:  (651) 312-6500
Facsimile:   (651) 312-6618
sraiter@larsonking.com

*Interim Co-Lead Class Counsel for Automobile
Dealership Plaintiffs*

Gerard V. Mantese
(Michigan Bar No. P34424)
**Mantese Honigman
    and Williamson, P.C.**
1361 E. Big Beaver Road
Troy, Michigan 48083
Telephone: (248) 607-9200
gmantese@manteselaw.com

*Interim Liaison Counsel for Automobile
Dealership Plaintiffs*

Brian Herrington
**Herrington Law, PA**
PO Box 3260
Ridgeland, MS 39158
601.376.9331
brian@herringtonlawpa.com

*Counsel for Automobile Dealership Plaintiffs*

*/s/ J. Manly Parks* (w/consent)_____
J. Manly Parks
Wayne A. Mack
Andrew Sperl
William Shotzbarger
**DUANE MORRIS LLP**
30 S. 17th Street
Philadelphia, PA 19103
Telephone: (215) 979-1000
Facsimile: (215) 979-1020
wamack@duanemorris.com
jmparks@duanemorris.com

*Counsel for Truck and Equipment Dealer*
*Plaintiffs*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| In Re:  AUTOMOTIVE PARTS ANTITRUST LITIGATION | : : : | Master File NO. 12-md-02311 Honorable Marianne O. Battani |
| In re: All Parts | : : : | |
| THIS DOCUMENT RELATES TO: All Actions | : : : : : : : : : : | **MEMORANDUM IN SUPPORT OF DEALERSHIP PLAINTIFFS' MOTION TO SEAL AND MAINTAIN UNDER SEAL  DISCOVERY-RELATED FILINGS** |

DM1\7646458.1

## TABLE OF CONTENTS

TABLE OF CONTENTS...................................................................................................... 2

TABLE OF AUTHORITIES .............................................................................................. 3

STATEMENT OF QUESTION PRESENTED .................................................................... 4

MOST CONTROLLING AUTHORITIES.......................................................................... 5

I.     INTRODUCTION ...................................................................................................... 1

II.    DISCOVERY-RELATED FILINGS CONTAINING CONFIDENTIAL OR HIGHLY
CONFIDENTIAL INFORMATION ARE PROPERLY SEALED ................................. 1

   A.    *Shane* Did Not Involve Discovery-Related Filings ................................. 2

   B.    Courts Have Indicated that There is No Presumptive Public Right of Access to
Discovery-Related Filings ...................................................................... 3

   C.    This Court Has Previously Sealed Discovery-Related Filings Containing
Confidential Information ........................................................................ 5

   D.    Treating Discovery-Related Filings the Same Way as Substantive Filings Would
Result in Extreme Burden and Risk for Litigants.................................... 5

III.   CONCLUSION ......................................................................................................... 8

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*Anderson v. Cryovac, Inc.*, 805 F.2d 1 (1st Cir.1986) ................................................................. 3, 4

*Baxter Int'l, Inc. v. Abbott Labs*, 297 F.3d 544 (7th Cir. 2002) ....................................................... 3

*Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304 (11th Cir. 2001) .................. 4

*Guarantee Ins. Co. v. Heffernan Ins. Brokers, Inc.*, 2014 WL 5305582 (S.D. Fla. Oct. 15, 2014) 4

*Leucadia, Inc. v. Applied Extrusion Techs., Inc.*, 998 F.2d 157 (3d Cir. 1993) ............................. 4

*Shane Grp., Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299 (6th Cir. 2016).... 1, 2, 3, 6

*Walker v. Segway Inc.*, 2013 WL 2077223 (D.N.H. May 15, 2013)............................................... 4

**STATEMENT OF QUESTION PRESENTED**

When there is no presumption of public access to discovery-related filings, when the Court has previously ordered such filings sealed and when such filings already contain confidential information which requires them to be filed under seal pursuant to a protective order entered in this litigation, should discovery-related filings be subjected to expanded, burdensome sealing procedures, requiring new motions to seal to be briefed and argued each time one of the scores of such filings occurs in one of the forty sub-cases in this multidistrict litigation, when such processes would increase the burden on the Court and the parties, increase expenditure of resources, increase fees and decrease the likelihood of reaching voluntary production agreements?

## <u>MOST CONTROLLING AUTHORITIES</u>

*Anderson v. Cryovac, Inc.*, 805 F.2d 1 (1st Cir.1986)

*Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304 (11th Cir. 2001)

*Guarantee Ins. Co. v. Heffernan Ins. Brokers, Inc.*, 2014 WL 5305582 (S.D. Fla.Oct. 15, 2014)

*Walker v. Segway Inc.*, 2013 WL 2077223 (D.N.H. May 15, 2013)

## I.       INTRODUCTION

The statements made in *Shane Group v. Blue Cross Blue Shield* and the caselaw concerning sealing, including from a variety of federal circuit courts, make clear that discovery-related filings are not subject to a right or presumption of public access and support the sealing of such filings, if they contain confidential material. As such, the last paragraph of the parties' recent stipulation on sealing indicates that certain parties will file a motion to maintain and make discovery-related filings under seal, if they meet the requirements for sealing under the existing protective order, and exempt those filings from the expanded process set forth in that Sealing Order.  Case No. 2:12-md-02311-MOB-MKM, Doc # 1690 (Filed 02/27/17), ¶10 ("At least one of the parties to this stipulation anticipates filing a motion to exclude discovery-related filings from the requirements of this stipulation, allowing such filings to be made under seal pursuant to any applicable protective order, without further motion. In the event that such a motion is granted, this stipulation shall not apply to such discovery-related filings.").

Consistent with the prevailing caselaw, and the provision in the Sealing Order, Automobile Dealership Plaintiffs and Truck and Equipment Dealer Plaintiffs ("Dealership Plaintiffs") make this motion to make clear that discovery-related filings that contain confidential materials may be filed under seal, pursuant to protective order requirements, rather than the expanded requirements in the Sealing Order, and that discovery-related filings already made may remain under seal, to the extent they contain confidential or highly confidential information.

## II.      DISCOVERY-RELATED FILINGS CONTAINING CONFIDENTIAL OR HIGHLY CONFIDENTIAL INFORMATION ARE PROPERLY SEALED

Caselaw has indicated that discovery-related filings do not carry the same public access presumption as substantive filings, and should be treated differently from substantive filings in the sealing context, where the inquiries and analyses required for substantive filings are not

required for discovery-related filings. This makes sense, as importing the process for sealing substantive filings into the discovery filing context would create significant burden and uncertainty that would seriously impede the functioning of the discovery process.

### A.  *Shane* Did Not Involve Discovery-Related Filings

*Shane Group v. Blue Cross Blue Shield*, the case that precipitated the most Sealing Order, dealt with certain dispositive, merits filings that had been placed under seal, namely a complaint and filings related to the plaintiffs' motion for class certification.  *Shane Grp., Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299, 306 (6th Cir. 2016). These filings contained information that the Sixth Circuit described as being about "the conduct giving rise to the case"—namely the antitrust violations at issue in that case. *Shane*, 825 F.3d at 305. *Shane* used this description several times to explain that this is the type of information on which "the public's interest is focused." *Id.* at 305, 306, 308. *Shane* indicated this information, contained in the dispositive filings, needed to be disclosed to class members—the victims of the antitrust violations—so that potential objectors would have the ability to evaluate the settlement of the claims arising from that conduct.  *Id.* at 306, 308-309. Indeed, the main filing the court was concerned about was a filing on which the settlement was based. *Id.* at 306. The problem in *Shane*, as described at the very beginning of the opinion, was that "the district court sealed most of the parties' *substantive* filings from public view." *Id.* at 302 (emphasis added).

*Shane* did not discuss discovery-related filings nor did the court state that such filings, like a motion to compel or a motion related to the number of depositions each party could take, were subject to the same concerns as merits filings or dispositive motions containing information about "the conduct giving rise to the case." Unlike substantive filings concerning "the conduct giving rise to the case," discovery filings cannot tell class members what violations their claims

are ultimately based on. These discovery-related filings do not serve as the basis for settlements, as was the case with the substantive documents in *Shane*.

As the Court stated during the first discussion of *Shane* in this action, the situation in *Shane* "was very different from what we were doing," *See* September 14 Status Conf. Trans., 41:12-13 attached as Ex. 2. That is accurate on a number of counts, including that most of the documents under seal in this case are discovery filings, rather than merits filings, as in *Shane*.

### B. Courts Have Indicated that There is No Presumptive Public Right of Access to Discovery-Related Filings

There is good reason for *Shane*'s lack of discussion regarding discovery-related filings. A number of courts opining on the issue have made clear that it is dispositive merits filings, not discovery-related filings, that presumptively need to be made publicly available. For instance, the Seventh Circuit's *Baxter* decision, quoted favorably by *Shane,* states that it is "the *dispositive* documents [that] enter the public record." *Baxter Int'l, Inc. v. Abbott Labs*, 297 F.3d 544, 546 (7th Cir. 2002) (emphasis in original).

Another, court, in the First Circuit, dealt with a request for documents submitted in connection with discovery motions that "were submitted under seal pursuant to a confidentiality stipulation that the parties had entered into." *Anderson v. Cryovac, Inc.*, 805 F.2d 1, 4 (1st Cir.1986). The First Circuit held that "there is no right of public access to documents considered in civil discovery motions," *id.* at 11, and that "[m]aterials submitted to a court for its consideration of a discovery motion are actually one step further removed in public concern from the trial process than the discovery materials themselves." *Anderson*, 805 F.2d at13. Relying on the Supreme Court's decision *in Seattle Times v. Rhinehart*,[1] the court explained that "*Seattle Times* has foreclosed any claim of an absolute public right of access to discovery materials."

---

[1] 467 U.S. 20, 104 S.Ct. 2199, 81 L.Ed.2d 17 (1984).

*Anderson*, 805 F.2d at 6. The court explained that "a request to compel or protect the disclosure of information in the discovery process is not a request for a disposition of substantive rights" and therefore no presumption of access attaches. *Id.* at 13.  It stated that "[t]here is no tradition of public access to discovery, and requiring a trial court to scrutinize carefully public claims of access would be incongruous with the goals of the discovery process." *Id.* The court reasoned that permitting public access to discovery could make the discovery process even "more complicated and burdensome than it already is." *Id.* at 12. *See also Leucadia, Inc. v. Applied Extrusion Techs., Inc.*, 998 F.2d 157, 164-165 (3d Cir. 1993) (also relying on *Seattle Times* and *Anderson* and holding that there is no presumptive right of public access to discovery-related motions because "a holding that discovery motions and supporting materials are subject to a presumptive right of access would make raw discovery, ordinarily inaccessible to the public, accessible merely because it had to be included in motions precipitated by inadequate discovery responses or overly aggressive discovery demands.")

Additionally, as explained by Eleventh Circuit, "[t]he better rule is that material filed with discovery motions is not subject to the common-law right of access" contrasting such filings with filings "that require judicial resolution of the merits." *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1312–13 (11th Cir. 2001). The court thus held that "the Firestone documents filed in connection with motions to compel discovery are not subject to the common-law right of access." *Id. See also Walker v. Segway Inc.*, 2013 WL 2077223 (D.N.H. May 15, 2013) ("Because discovery disputes ordinarily do not result in the determination of the parties' substantive rights, those filings are not judicial records to which the presumption of public access attaches"); *Guarantee Ins. Co. v. Heffernan Ins. Brokers, Inc.*, 2014 WL 5305582, at *2  (S.D. Fla. Oct. 15, 2014)  (citing *Romero v. Drummond Co., Inc.*, 480 F.3d

4

1234, 1245 (11th Cir.2007)) (The "public's common law right of access attaches to the documents" when "discovery materials are filed in connection with a *substantive* pretrial motion" and holding that "[h]ere, there is ample reason to seal the filed emails. First, these documents have not been attached to a substantive pretrial motion of any kind. Second, at issue here is a discovery dispute—i.e., whether the documents that Defendants claim are protected work product should in fact be produced.") (emphasis in original).

### C. This Court Has Previously Sealed Discovery-Related Filings Containing Confidential Information

This Court has also, on a number of occasions, sealed discovery-related filings that contained information designated confidential or highly confidential. *See* Order Granting Motion to Seal, Case No. 2:12-cv-00502-MOB-MKM, Doc. No. 209 (Filed 11/4/2016) (sealing excerpts of depositions attached to motion concerning hearing on discovery objection); Order Granting Motion to Seal, Case No. 2:12-cv-00500-MOB-MKM, Doc. No. 266 (Filed 1/10/2017) (sealing portion of declaration in support of motion for protective order); Order Granting Motion to Seal, Case No. 2:12-md-02311-MOB-MKM, Doc. No. 1574 (12/28/2016) (granting motion to file letter brief and declaration in response to motion to compel under seal). Dealership Plaintiffs have not found a situation where such a request was denied.

Such sealing is appropriate and should be permitted, especially given that it is supported by caselaw, and would allow the parties and the Court to conduct this litigation more efficiently, and to avoid needless disputes and risks.

### D. Treating Discovery-Related Filings the Same Way as Substantive Filings Would Result in Extreme Burden and Risk for Litigants

The courts' consistent findings that discovery-related filings are not subject to a public right or presumption of access, like substantive merits filings, makes sense. Given that there is no

presumption or right of public access to discovery-related filings, the enhanced sealing procedures precipitated by *Shane* should not apply to discovery-related filings.

Objectors like those who gave rise to the ruling in *Shane* have no need to access discovery filings about, for instance, how many depositions each party should give. These non-merits motions have nothing to do with substantive rulings on "the conduct giving rise to the case," as *Shane* stated, do not determine what the class members' substantive rights are and do not impact class members' assessment of whether the settlement is fair.

Information referenced only in discovery-related filings that decided, for instance, what discovery each party must produce, has nothing to do with any substantive or merits determinations that impact the assessment of claims and determine whether the parties have claims, and for what conduct.

Further, putting in place a process like this for all discovery-related filings would greatly increase the burden both on the Court and on the parties, given that there have been scores of discovery-related filings made in this case (and likely many more in the future). Requiring a separate set of side-briefing and hearings on the issue of whether sealing is appropriate for every single one of these filings and the hundreds of attachments to them would be an enormous drain on resources and would increase attorneys' fees on both sides.

Creating this kind of burden and a risk of disclosure of sensitive business information every time a party or non-party has a discovery dispute of any kind, whether it relates to productions, depositions or information sought from an OEM, is also going to affect the parties' ability and willingness to enter into agreements to provide discovery.

Up until the middle of last year, all parties who provided discovery did so with the understanding, based on the protective orders, that, if that discovery were designated as

confidential or highly confidential, it would not be filed publicly.  If the threat of public filing of such confidential or highly confidential information were to now arise each time any party or non-party made a discovery-related filing, parties' and non-parties' willingness and ability to voluntarily provide sensitive information would be greatly diminished.

The notion that their or their customers' sensitive information, included in a filing related to a discovery dispute that may not even involve them, could be disclosed if their attorneys are accidentally not advised of its use, not told quickly enough, inadvertently miss the cut-off to seal, or based on any other clerical errors or oversights, would make it much more difficult for parties and non-parties to turn over information about their purchases, sales and how they make key business decisions. The specter of this threat arising every month for the rest of the litigation would further impair discovery agreements. This would, in turn, only increase the amount of discovery disputes and cause parties and non-parties to lose faith in the protective order they relied upon when producing their documents and data.  This could also result in parties' being prevented from obtaining the information they need to litigate the case.

Similarly, non-parties who agreed to provide hard-fought discovery on the basis of particular confidentiality agreements, such as the OEMs, may retract those offers upon finding out that their information could end up public on the docket, every time a discovery dispute is filed. It is noteworthy that a significant confidentiality agreement was an important part of the package of recent OEM production orders.

The threat of revelation of confidential information may even cause some plaintiffs to think twice about acting as private attorneys general in cases like this to defend their classes' rights to recovery.

Further, exposing all produced discovery to the risk of public disclosure and the burden of peripheral briefing each of the many times a discovery filing is made in any one of the forty sub-cases in this litigation would create an incentive for parties seeking more discovery to threaten to file discovery motions.  Parties could thereby attempt to force their opponents into a production agreement based on their fears of putting their sensitive information at risk of being publicly filed. It is not appropriate for such a threat to hang over any party who seeks to defend its legitimate objections.

Given that discovery-related filings already have to contain confidential or highly confidential information to be even partially filed under seal, it is not necessary to impose the additional burdens and risk caused by the new expanded procedure in the Sealing Order, involving seriatim motion briefing.

## III.    CONCLUSION

As demonstrated, there are numerous complications that would result from subjecting every single discovery-related filing to the separate process of briefing and arguing motions to seal already-designated confidential information, every time a discovery-related filing is made in one of the forty sub-cases. Further, such a process is not supported by federal law, which indicates there is no presumption of a public right of access to discovery-related filings. In light of this, and pursuant to the last paragraph of the Sealing Order, Dealership Plaintiffs respectfully request that discovery-related filings continue to be able to be filed under seal to the extent they contain confidential or highly confidential information, that discovery-related filings already made under seal, remain under seal, to the extent they contain confidential or highly confidential information, and that discovery-related filings not be subjected to the expanded process set forth in the Sealing Order.

Respectfully submitted,

March 10, 2017

 _/s/ Jonathan W. Cuneo
Jonathan W. Cuneo
Joel Davidow
Daniel Cohen
Victoria Romanenko
Evelyn Li
**Cuneo Gilbert & LaDuca, LLP**
4725 Wisconsin Ave, NW, Ste. 200
Washington, D.C. 20016
Telephone: (202) 789-3960
jonc@cuneolaw.com
joel@cuneolaw.com
danielc@cuneolaw.com
vicky@cuneolaw.com
evelyn@cuneolaw.com

Don Barrett
David McMullan
**BARRETT LAW GROUP, P.A.**
P.O. Box 927
404 Court Square
Lexington, MS 39095
Telephone:  (662) 834-2488
Facsimile:  (662)834-2628
dbarrett@barrettlawgroup.com
dmcmullan@barrettlawgroup.com

Shawn M. Raiter
**LARSON · KING, LLP**
2800 Wells Fargo Place
30 East Seventh Street
St. Paul, MN 55101
Telephone:  (651) 312-6500
Facsimile:  (651) 312-6618
sraiter@larsonking.com

*Interim Co-Lead Class Counsel for Automobile
Dealership Plaintiffs*

Gerard V. Mantese
(Michigan Bar No. P34424)

**Mantese Honigman**
**    and Williamson, P.C.**
1361 E. Big Beaver Road
Troy, Michigan 48083
Telephone: (248) 607-9200
gmantese@manteselaw.com

*Interim Liaison Counsel for Automobile*
*Dealership Plaintiffs*

Brian Herrington
**Herrington Law, PA**
PO Box 3260
Ridgeland, MS 39158
601.376.9331
brian@herringtonlawpa.com

*Counsel for Automobile Dealership Plaintiffs*

*/s/ J. Manly Parks* (w/consent)_____
J. Manly Parks
Wayne A. Mack
Andrew Sperl
William Shotzbarger
**DUANE MORRIS LLP**
30 S. 17th Street
Philadelphia, PA 19103
Telephone: (215) 979-1000
Facsimile: (215) 979-1020
wamack@duanemorris.com
jmparks@duanemorris.com

*Counsel for Truck and Equipment Dealer*
*Plaintiffs*

10

## CERTIFICATE OF SERVICE

I hereby certify that on March 10, 2017, I electronically filed the foregoing papers with the Clerk of the Court using the ECF system which will send electronic notices of same to all counsel of record.

> _/s/_ Jonathan W. Cuneo
> Jonathan W. Cuneo
> Joel Davidow
> Daniel Cohen
> Victoria Romanenko
> Evelyn Li
> **Cuneo Gilbert & LaDuca, LLP**
> 4725 Wisconsin Ave, NW, Ste. 200
> Washington, D.C. 20016
> Telephone: (202) 789-3960
> jonc@cuneolaw.com
> joel@cuneolaw.com
> danielc@cuneolaw.com
> vicky@cuneolaw.com
> evelyn@cuneolaw.com