## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

|  |  |  |
|---|---|---|
| IN RE AUTOMOTIVE PARTS ANTITRUST LITIGATION | : :  :  : | Master File No. 12-md-02311 Honorable Marianne O. Battani |
| ALL CASES | : :  :  :  : |  |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | : :  :  :  :  : |  |

## THE PARTIES' MOTION TO FILE CERTAIN PARTIES' REPLY TO ECF NO. 1733 AND MOTION TO STRIKE UNDER SEAL PURSUANT TO LOCAL RULE 5.3

The Parties[1], by their undersigned counsel, submit this Motion to File Certain Parties'

Reply to ECF No. 1733 and Motion to Strike ("Reply") Under Seal Pursuant to Local Rule 5.3:

1. Documents that reveal "truly confidential information" constitute a recognized

exception to the general right of public access to judicial records and are properly filed under

seal. *See, e.g.*, *LL NJ, Inc. v. NBC-Subsidiary (WCAU-TV), L.P.*, 2008 WL 1923261, at *27 (E.D.

Mich. 2008).

2. Here, Honda[2] has designated certain information as highly confidential. While the

Parties take no position as to whether the information is truly confidential, a Protective Order

---

[1] The Parties that join in this statement include End Payor Plaintiffs ("EPPs") Sanden, Mitsuba, and Bridgestone Defendants in *In re Automotive Parts Antitrust Litigation*, Master File No. 2:12-md-02311-MOB-MKM (E.D. Mich.), whose signature blocks appear *infra*. All docket numbers cited herein fall under *In re Automotive Parts Antitrust Litigation*, Master File No. 2:12-md-02311 (E.D. Mich.).

[2] "Honda" includes American Honda Motor Company, Inc., Honda Manufacturing of Indiana LLC, Honda North America, Inc., Honda of America Mfg., Inc., Honda of South Carolina Mfg.,

requires information designated as confidential to be filed under seal and, therefore, the Parties seek to file their Statement, which cites and incorporate this information, under seal until such time as the Court determines whether or not the information is truly confidential.

3.      Local Rule 5.3(b)(2) states that a motion or proposed stipulated order seeking such authorization must include the following: (1) the authority for sealing; (2) an identification and description of each item proposed for sealing; (3) the reason that sealing each item is necessary; (4) the reason that a means other than sealing is unavailable or unsatisfactory to preserve the interest advanced by the movant in support of the seal; and (5) a memorandum of legal authority supporting the seal. E.D. Mich. LR 5.3(b)(2)(A).

4.      As to the first prong, the July 10, 2012 Stipulation and Protective Order Governing the Production and Exchange of Confidential Information ("Protective Order") provides authority for the sealing of the proposed pleading under Local Rule 5.3. Paragraph 7 of the Protective Order, entitled "Filing of Protected Information," states that "[a]ll documents, materials, or other information containing Confidential Information or Highly Confidential Information that are filed with the Court shall be filed under seal . . ." and consistent with Local Rule 5.3. *See* ECF No. 200. The Court maintains "supervisory power over its own records and files." *Sami v. Detroit Med Ctr.*, 2012 WL 3945532, *1 (E.D. Mich. Sept. 10, 2012), *citing Nixon v. Warner Commc'ns Inc.*, 435 U.S. 589, 598 (1978). This authority includes fashioning orders that limit access to certain court documents. *Sami, supra,citing* Fed. R. Civ. P.  26(c). Honda claims that the testimony and information it has provided should be designated as highly confidential and/or highly confidential – outside attorneys' eyes only, and this constitutes authority to seal the brief. If Honda's designations are to be taken at face value, the information

_____

Inc., Honda Precision Parts of Georgia, LLC, Honda R&D Americas, Inc., Honda Research Institute USA, Inc., and Honda Transmission Manufacturing of America, Inc.

overcomes the presumption that documents should be filed in public because the interests of protecting Honda's confidential information outweighs the public's right to know. If the information is highly confidential, as Honda claims, the case law above demonstrates that it falls within one of the recognized exceptions to the general right of public access to judicial records and, therefore, constitutes authority for filing under seal.

5.      As to the second prong, the Parties seek to file their Reply under seal. The Reply contains Honda's data and information that Honda claims is confidential and, therefore, only Honda is in a position to justify the highly confidential designation. For purposes of this Motion, the Parties have taken Honda's claims of confidentiality at face value.

6.      As to the third prong, assuming that Honda's highly confidential designations are accurate, it is necessary to seal the Reply because they presumably contain highly confidential information, and the Parties are required to file such information under seal pursuant to the Protective Order. Otherwise, the information will be available to the public in contravention of the Protective Order and Honda's interest in protecting truly confidential information.

7.      As to the fourth prong, there is no less onerous alternative to sealing the Reply that would ensure the confidentiality of Honda's information. The Parties have a strong interest in utilizing the "highly confidential" or "highly confidential – outside attorneys' eyes only" information in connection with their Statement. The only way to do so, without a ruling from the Court that the information is not confidential, is to file the Statement and all exhibits under seal. Should the Court determine the information is not confidential, the Parties will re-file the Reply publicly.

8.      As to the fifth and final prong, a memorandum of legal support is attached.

9.      In support of this Motion, the Parties rely upon the accompanying memorandum of law which is incorporated by reference herein.

WHEREFORE, the Parties respectfully move the Court, pursuant to Local Rule 5.3, for an order allowing the Parties to file Certain Parties' Reply to ECF No. 1733 and Motion to Strike under seal.

Dated:  April 21, 2017                    Respectfully submitted,

*/s/ E. Powell Miller*
E. Powell Miller
Devon P. Allard
**THE MILLER LAW FIRM, P.C.**
The Miller Law Firm, P.C.
950 W. University Dr., Ste. 300
Rochester, Michigan 48307
epm@millerlawpc.com
dpa@millerlawpc.com

*Interim Liaison Counsel for the Proposed End-Payor Plaintiff Classes*

Steven N. Williams
Elizabeth Tran
Demetrius X. Lambrinos
**COTCHETT, PITRE & McCARTHY, LLP**
San Francisco Airport Office Center
840 Malcolm Road, Suite 200
Burlingame, CA 94010
Telephone: (650) 697-6000
Facsimile: (650) 697-0577
swilliams@cpmlegal.com
etran@cpmlegal.com
dlambrinos@cpmlegal.com

Hollis Salzman
Bernard Persky
William V. Reiss
**ROBINS KAPLAN LLP**
601 Lexington Avenue, Suite 3400
New York, NY 10022
Telephone: (212) 980-7400
Facsimile: (212) 980-7499

4

HSalzman@RobinsKaplan.com
BPersky@RobinsKaplan.com
WReiss@RobinsKaplan.com


Marc M. Seltzer
Steven G. Sklaver
**SUSMAN GODFREY L.L.P.**
1901 Avenue of the Stars, Suite 950
Los Angeles, CA 90067-6029
Telephone: (310) 789-3100
Facsimile: (310) 789-3150
mseltzer@susmangodfrey.com
ssklaver@susmangodfrey.com


Terrell W. Oxford
Chanler Langham
Omar Ochoa
**SUSMAN GODFREY L.L.P.**
1000 Louisiana Street, Suite 5100
Houston, TX 77002
Telephone: (713) 651-9366
Facsimile: (713) 654-6666
toxford@susmangodfrey.com
clangham@susmangodfrey.com
oochoa@susmangodfrey.com


Floyd G. Short
**SUSMAN GODFREY L.L.P.**
1201 Third Ave., Suite 3800
Seattle, WA 98101
Telephone: (206) 373-7381
Facsimile: (206) 516-3883
fshort@susmangodfrey.com


*Interim Co-Lead Class Counsel for the Proposed*
*End-Payor Plaintiff Classes*


WILLIAM S. FARMER (SBN 46694)
DAVID BROWNSTEIN (SBN 141929)
**FARMER BROWNSTEIN JAEGER LLP**
235 Montgomery Street, Suite 835
San Francisco, CA 94104
Telephone    (415) 962-2876
wfarmer@fbj-law.com

dbrownstein@fbj-law.com

*Attorneys for Defendants Mitsuba Corporation and American Mitsuba Corp.*

*/s/ J. David Rowe (w/consent)*
J. David Rowe
Millicent Lundburg
**DUBOIS, BRYANT & CAMPBELL, LLP**
Colorado Tower
303 Colorado, Suite 2300
Austin, Texas 78701
(512) 457-8000
(512) 457-8008 (fax)
drowe@dbcllp.com
mlundburg@dbcllp.com

Robert E. Linkin
**DUGGINS WREN MANN & ROMERO, LLP**
600 Congress Avenue, Ste. 1900
P. O. Box 1149
Austin, Texas 78767-1149
512-744-9300 tel.
512-744-9399 fax.
rlinkin@dwmrlaw.com

Bradley J. Schram (P26337)
Matthew J. Turchyn (P76482)
**HERTZ SCHRAM PC**
1760 South Telegraph Road, Suite 300
Bloomfield Hills, MI 48302
(248) 335-5000
bschram@hertzschram.com
mturchyn@hertzschram.com

*Attorneys for Defendant Sanden International (USA), Inc.*

*/s/ Steven A. Reiss (w/consent)*
Steven A. Reiss
Adam C. Hemlock
Lara E. Veblen Trager
Kajetan Rozga
**WEIL, GOTSHAL & MANGES LLP**
767 Fifth Avenue

6

New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
steven.reiss@weil.com
adam.hemlock@weil.com
lara.trager@weil.com
kajetan.rozga@weil.com

Frederick R. Juckniess
**SCHIFF HARDIN LLP**
350 South Main Street, Suite 210
Ann Arbor, MI 48104
Telephone: (734) 222-1504
Facsimile: (734) 222-1501
fjuckniess@schiffhardin.com

*Attorneys for Defendants Bridgestone Corporation*
*and Bridgestone APM Company*

7

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| IN RE: AUTOMOTIVE PARTS ANTITRUST LITIGATION | : : : | Master File No. 12-md-02311 Honorable Marianne O. Battani |
| ALL CASES | : : : | |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | : : : : | |

**THE PARTIES' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO FILE CERTAIN PARTIES' REPLY TO ECF NO. 1733 AND MOTION TO STRIKE UNDER SEAL PURSUANT TO E.D. MICH. LR 5.3**

**I.      INTRODUCTION AND BACKGROUND**

The Parties seek to file their Reply under seal because it contains information that Honda has designated as highly confidential or highly confidential – outside attorneys' eyes only. The Parties take no position as to whether such information is actually confidential and should be precluded from public view. However, because a Protective Order requires the Parties to file documents designated as highly confidential under seal, the Parties are bringing this Motion to request an order permitting the Parties to file the Reply under seal. Should the Court determine at a later date that the information should not be sealed, the Parties will re-file the Reply without sealing.

## II.     LAW AND ARGUMENT

Although judicial records are presumptively open to the public, this presumption may be overcome where "interests of privacy outweigh the public's right to know." *In re Knoxville News-Sentinel Co., Inc.*, 723 F.2d 470, 474 (6th Cir. 1983). Thus, sealing judicial records may be justified "by a particularized special need for confidentiality, such as when trade secrets, national security, or certain privacy rights of trial participants or third parties are implicated." *Encana Oil & Gas (USA), Inc. v. Zaremba Fam. Farms, Inc.*, No. 1:12-CV-369, 2012 WL 1377598, at *1 (W.D. Mich. Apr. 19, 2012) (*citing Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1179 (6th Cir. 1983)), *quoted in Cinpres Gas Injection Ltd. v. Volkswagen Group of Am., Inc.*, No. 12-CV-13000, 2013 WL 11319319, at *1 (E.D. Mich. Feb. 14, 2013). *See, e.g.*, *U.S. v. Nallani*, 11-CR-20365, 2016 WL 4138227, at *3 (E.D. Mich. Aug. 3, 2016) (considering, in balancing the competing interests of access and privacy, whether the matter involves public parties or issues of legitimate public concern; the nature and degree of injury that will occur if the information is made public; the sensitivity of the information and the subject; the reliability of the information; and whether there will be an opportunity to respond to the information); *see also Gookin v. Altus Capital Partners, Inc.*, CIV.A. 05-179-JBC, 2006 WL 782456, at *2 (E.D. Ky. Mar. 23, 2006); *accord Romero v. Drummond Co.*, 480 F.3d 1234, 1246 (11th Cir. 2005).

The Local Rules, and the case law thereunder, set forth the process for filing documents under seal. E.D. Mich. LR 5.3(b). Local Rule 5.3 provides that a court order is required to seal documents where, as here, no particular statute or rule authorizes such sealing. E.D. Mich. LR 5.3(b)(1). Local Rule 5.3(b)(2) states that a motion or proposed stipulated order seeking such authorization must include the following: (1) the authority for sealing; (2) an identification and description of each item proposed for sealing; (3) the reason that sealing each item is necessary;

(4) the reason that a means other than sealing is unavailable or unsatisfactory to preserve the interest advanced by the movant in support of the seal; and (5) a memorandum of legal authority supporting the seal. E.D. Mich. LR 5.3(b)(2)(A).

The Parties have identified the Protective Order as authority for this Court to enter an Order allowing the Parties to file their Reply under seal pursuant to Local Rule 5.3. Paragraph 7 of the Protective Order, entitled "Filing of Protected Information," states that "[a]ll documents, materials, or other information containing Confidential Information or Highly Confidential Information that are filed with the Court shall be filed under seal . . ." and consistent with Local Rule 5.3 *See* ECF No. 200. The Court maintains "supervisory power over its own records and files." *Sami v. Detroit Med Ctr.* , 2012 WL 3945532 at 1 (E.D. Mich. Sept. 10, 2012) *citing Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978). This authority includes fashioning orders that limit access to certain court documents. *Sami, supra*, *citing* Fed. R. Civ. P. 26(c).

Here, Honda has designated information that the Parties seek to utilize as "highly confidential" or "highly confidential – outside attorneys' eyes only."  Documents that reveal trade secret business information, information that might harm a litigant's competitive standing, or other "truly confidential information" are all recognized exceptions to the general right of public access to judicial records and are properly filed under seal. *See, e.g.*, *LL NJ, Inc. v. NBC-Subsidiary (WCAU-TV), L.P.*, 2008 WL 1923261, at *27 (E.D. Mich. 2008); *Encana Oil & Gas (USA), Inc. v. Zaremba Family Farms, Inc.*, 2012 WL 1377598, at *2 (W.D. Mich. 2012); *Wedgewood Ltd. Partnership I v. Township of Liberty*, 2007 WL 1796089, at *3 (S.D. Ohio 2007). Further, commercially sensitive information, whose dissemination has the ability to harm a producing party's business standing has been held by other courts to be properly sealable. *Mars, Inc. v. JCM Am. Corp.*, 2007 WL 496816, *2 (D.N.J. Feb. 13, 2007) ("Courts generally

protect materials containing 'trade secret[s] or other confidential research, development, or commercial information' to prevent harm to a litigant's standing in the marketplace"); *Network Appliance Inc. v. Sun Microsystems Inc.*, No., 07-CV-06053-EDL, 2010 WL 841274, *2-5 (N.D. Cal. Mar. 10, 2010).

The Parties take no position as to whether the information is truly confidential, but if the Honda's designations are to be taken at face value, the information overcomes the presumption that documents should be filed in public because the interests of protecting the testimony outweighs the public's right to know. If the information is highly confidential, as Honda claims, the case law above demonstrates that it falls within one of the recognized exceptions to the general right of public access to judicial records and, therefore, constitutes authority for filing under seal.

The Parties' Reply includes all of the criteria required under Local Rule 5.3(b) and the Motion at issue is not a dispositive motion, a motion for class certification, or a motion to dismiss or a complaint. This further militates against disclosure. No member of the public needs this information. Accordingly, the Parties should be permitted to file the Reply under seal.

## III.    CONCLUSION

For the foregoing reasons, this Court should grant the Parties' Motion and permit the Parties to file their Reply under seal pursuant to Local Rule 5.3.

Dated:  April 21, 2017                          Respectfully submitted,

                                                */s/ E. Powell Miller*
                                                E. Powell Miller
                                                Devon P. Allard
                                                **THE MILLER LAW FIRM, P.C.**
                                                The Miller Law Firm, P.C.
                                                950 W. University Dr., Ste. 300
                                                Rochester, Michigan 48307
                                                epm@millerlawpc.com
                                                dpa@millerlawpc.com

                                                *Interim Liaison Counsel for the Proposed End-*
                                                *Payor Plaintiff Classes*

                                                Steven N. Williams
                                                Elizabeth Tran
                                                Demetrius X. Lambrinos
                                                **COTCHETT, PITRE & McCARTHY, LLP**
                                                San Francisco Airport Office Center
                                                840 Malcolm Road, Suite 200
                                                Burlingame, CA 94010
                                                Telephone: (650) 697-6000
                                                Facsimile: (650) 697-0577
                                                swilliams@cpmlegal.com
                                                etran@cpmlegal.com
                                                dlambrinos@cpmlegal.com

                                                Hollis Salzman
                                                Bernard Persky
                                                William V. Reiss
                                                **ROBINS KAPLAN LLP**
                                                601 Lexington Avenue, Suite 3400
                                                New York, NY 10022
                                                Telephone: (212) 980-7400
                                                Facsimile: (212) 980-7499
                                                HSalzman@RobinsKaplan.com
                                                BPersky@RobinsKaplan.com
                                                WReiss@RobinsKaplan.com

                                                Marc M. Seltzer
                                                Steven G. Sklaver
                                                **SUSMAN GODFREY L.L.P.**
                                                1901 Avenue of the Stars, Suite 950
                                                Los Angeles, CA 90067-6029

Telephone: (310) 789-3100
Facsimile: (310) 789-3150
mseltzer@susmangodfrey.com
ssklaver@susmangodfrey.com

Terrell W. Oxford
Chanler Langham
Omar Ochoa
**SUSMAN GODFREY L.L.P.**
1000 Louisiana Street, Suite 5100
Houston, TX 77002
Telephone: (713) 651-9366
Facsimile: (713) 654-6666
toxford@susmangodfrey.com
clangham@susmangodfrey.com
oochoa@susmangodfrey.com

Floyd G. Short
**SUSMAN GODFREY L.L.P.**
1201 Third Ave., Suite 3800
Seattle, WA  98101
Telephone: (206) 373-7381
Facsimile: (206) 516-3883
fshort@susmangodfrey.com

*Interim Co-Lead Class Counsel for the Proposed End-Payor Plaintiff Classes*

WILLIAM S. FARMER (SBN 46694)
DAVID BROWNSTEIN (SBN 141929)
**FARMER BROWNSTEIN JAEGER LLP**
235 Montgomery Street, Suite 835
San Francisco, CA 94104
Telephone        (415) 962-2876
wfarmer@fbj-law.com
dbrownstein@fbj-law.com

*Attorneys for Defendants Mitsuba Corporation and American Mitsuba Corp.*

*/s/ J. David Rowe (w/consent)*
J. David Rowe
Millicent Lundburg
**DUBOIS, BRYANT & CAMPBELL, LLP**

13

Colorado Tower
303 Colorado, Suite 2300
Austin, Texas 78701
(512) 457-8000
(512) 457-8008 (fax)
drowe@dbcllp.com
mlundburg@dbcllp.com

Robert E. Linkin
**DUGGINS WREN MANN & ROMERO, LLP**
600 Congress Avenue, Ste. 1900
P. O. Box 1149
Austin, Texas 78767-1149
512-744-9300 tel.
512-744-9399 fax.
rlinkin@dwmrlaw.com

Bradley J. Schram (P26337)
Matthew J. Turchyn (P76482)
**HERTZ SCHRAM PC**
1760 South Telegraph Road, Suite 300
Bloomfield Hills, MI 48302
(248) 335-5000
bschram@hertzschram.com
mturchyn@hertzschram.com

*Attorneys for Defendant Sanden International (USA), Inc.*

*/s/ Steven A. Reiss (w/consent)*
Steven A. Reiss
Adam C. Hemlock
Lara E. Veblen Trager
Kajetan Rozga
**WEIL, GOTSHAL & MANGES LLP**
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
steven.reiss@weil.com
adam.hemlock@weil.com
lara.trager@weil.com
kajetan.rozga@weil.com

Frederick R. Juckniess
**SCHIFF HARDIN LLP**

14

350 South Main Street, Suite 210
Ann Arbor, MI 48104
Telephone: (734) 222-1504
Facsimile: (734) 222-1501
fjuckniess@schiffhardin.com

*Attorneys for Defendants Bridgestone Corporation and Bridgestone APM Company*

15

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 21, 2017, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

/s/ E. Powell Miller
E. Powell Miller

16