**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

|  |  |
|---|---|
| IN RE AUTOMOTIVE PARTS<br>ANTITRUST LITIGATION | :    Master File No. 12-md-02311<br>:    Honorable Marianne O. Battani<br>: |
| ALL CASES | :<br>:<br>: |
| THIS RELATES TO: | :<br>: |
| ALL ACTIONS | : |

### CERTAIN *WIRE HARNESS* DEFENDANTS' MOTION TO SEAL

Certain *Wire Harness* Defendants[1] respectfully request that the Court order portions of the Transcript of DENSO's Motion for Summary Judgment Hearing, 2:12-md-02311-MOB-MKM, ECF No. 1731 (Apr. 11, 2017), to be kept under seal. Defendants submit the attached memorandum in support of this motion. Pursuant to Local Rule 7.1(a), Defendants spoke to DPPs on May 11, 2017 to explain the nature of this motion and the relief sought. DPPs do not oppose Defendants' motion.

Respectfully submitted,

Dated: May 11, 2017

---

[1] The following Defendants join this motion: DENSO Corporation, DENSO International America, Inc., American Furukawa Inc., Furukawa Electric Co., Ltd., Mitsubishi Electric Automotive America, Inc., Mitsubishi Electric Corporation, Mitsubishi Electric US Holdings, Inc., Sumitomo Electric Industries, Ltd., Sumitomo Wiring Systems, Ltd., Sumitomo Electric Wiring Systems, Inc., Sumitomo Wiring Systems (U.S.A.) Inc., Yazaki Corporation, and Yazaki North America, Inc.

*/s/ Steven F. Cherry*
Steven F. Cherry
David P. Donovan
Brian C. Smith
**WILMER CUTLER PICKERING HALE AND DORR LLP**
1875 Pennsylvania Avenue, NW
Washington, DC 20006
Telephone: (202) 663-6000
Facsimile: (202) 663-6363
steven.cherry@wilmerhale.com
david.donovan@wilmerhale.com
brian.smith@wilmerhale.com

*Counsel for Defendants DENSO Corporation and DENSO International America, Inc.*

Steven M. Zarowny
General Counsel
DENSO International America, Inc.
24777 Denso Drive
Southfield, MI 48033
Telephone: (248) 372-8252
Fax: (248) 213-2551
steve_zarowny@denso-diam.com

*Counsel for Defendant DENSO International America, Inc.*

*/s/Larry S. Gangnes (w/consent)*
Larry S. Gangnes
Heidi B. Bradley
**LANE POWELL PC**
U.S. Bank Centre
1420 Fifth Ave., Suite 4200
P.O. Box 91302
Seattle, WA 98111-9402
Telephone: (206) 223-7000
Facsimile: (206) 223-7107
gangnesl@lanepowell.com
bradleyh@lanepowell.com

Craig D. Bachman
Kenneth R. Davis II
Darin M. Sands
Masayuki Yamaguchi
Peter D. Hawkes
**LANE POWELL PC**
MODA Tower
601 SW Second Ave., Suite 2100
Portland, OR 97204-3158
Telephone: (503) 778-2100
Facsimile: (503) 778-2200
bachmanc@lanepowell.com
davisk@lanepowell.com
sandsd@lanepowell.com
yamaguchim@lanepowell.com
hawkesp@lanepowell.com

Richard D. Bisio (P30246)
Ronald S. Nixon (P57117)
**KEMP KLEIN LAW FIRM**
201 W. Big Beaver, Suite 600
Troy, MI 48084
Telephone: (248) 528-1111
Facsimile: (248) 528-5129
richard.bisio@kkue.com
ron.nixon@kkue.com

*Attorneys for Defendants Furukawa Electric Co., Ltd. and American Furukawa, Inc.*

*/s/ Michael T. Brody (w/consent)*
Michael T. Brody
Gabriel A. Fuentes
Charles B. Sklarsky
Terrence J. Truax
Daniel T. Fenske
**JENNER & BLOCK LLP**
353 N. Clark Street
Chicago, IL 60654
mbrody@jenner.com
gfuentes@jenner.com
csklarsky@jenner.com
ttruax@jenner.com
dfenske@jenner.com

Gary K. August
Jamie J. Janisch
**ZAUSMER, KAUFMAN, AUGUST
& CALDWELL, P.C.**
31700 Middlebelt Road, Suite 150
Farmington Hills, MI 48334
gaugust@zkac.com
jjanisch@zkac.com

*Attorneys for Defendants Mitsubishi
Electric Corporation, Mitsubishi
Electric US Holdings, Inc., and
Mitsubishi Electric Automotive
America, Inc.*

*/s/ Marguerite M. Sullivan (w/consent)*
Marguerite M. Sullivan
**LATHAM & WATKINS LLP**
555 Eleventh Street NW, Suite 1000
Washington, DC 20004
Telephone: (202) 637-2200
Fax: (202) 637-2201
Marguerite.Sullivan@lw.com

Daniel M. Wall
**LATHAM & WATKINS LLP**
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
Telephone: (415) 395-0600
Fax: (415) 395-8095
dan.wall@lw.com

William H. Horton (P31567)
**GIARMARCO, MULLINS & HORTON,
P.C.**
101 West Big Beaver Road, Tenth Floor
Troy, MI 48084-5280
Telephone: 248-457-7060
bhorton@gmhlaw.com

*Attorneys for Defendants Sumitomo Electric
Industries, Ltd.; Sumitomo Wiring Systems,
Ltd.; Sumitomo Electric Wiring Systems, Inc.;
and Sumitomo Wiring Systems (U.S.A.) Inc.*

*/s/ John M. Majoras (w/consent)*
John M. Majoras
Carmen G. McLean
Michael R. Shumaker
**JONES DAY**
51 Louisiana Ave. N.W.
Washington, D.C. 20001-2113
(202) 879-3939
(202) 626-1700 (facsimile)
jmmajoras@jonesday.com
cgmclean@jonesday.com
mrshumaker@jonesday.com

Michelle K. Fischer
Stephen J. Squeri
**JONES DAY**
North Point
901 Lakeside Avenue
Cleveland, OH 44114
(216) 586-3939
(216) 579-0212 (facsimile)
mfischer@jonesday.com
sjsqueri@jonesday.com

*Attorneys for Defendants Yazaki*
*Corporation and Yazaki North*
*America, Inc.*

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

|  |  |  |
|---|---|---|
| IN RE AUTOMOTIVE PARTS ANTITRUST LITIGATION | : : : | Master File No. 12-md-02311 Honorable Marianne O. Battani |
| ALL CASES | : : : : | |
| THIS RELATES TO: ALL ACTIONS | : : : : | |

**MEMORANDUM IN SUPPORT OF CERTAIN**
***WIRE HARNESS* DEFENDANTS' MOTION TO SEAL**

## <u>STATEMENT OF THE ISSUES PRESENTED</u>

Should the Court, consistent with its prior orders, keep under seal certain limited portions of the Transcript of DENSO's Motion for Summary Judgment Hearing, 2:12-md-02311-MOB-MKM, ECF No. 1731 (Apr. 11, 2017) (the "Transcript"), because they contain names of unindicted non-party individuals and/or highly confidential and commercially sensitive business information of Defendants and original equipment manufacturers ("OEMs")?

**ANSWER:** Yes.

## STATEMENT OF CONTROLLING OR MOST APPROPRIATE AUTHORITIES

*In re Knoxville News-Sentinel Co.*, 723 F.2d 470 (6th Cir. 1983)

*NetJets Ass'n of Shared Aircraft Pilots v. NetJets, Inc.*, No. 2:14-cv-2487, 2016 WL 5349793
    (S.D. Ohio Sept. 23, 2016)

*Shane Group, Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299 (6th Cir. 2016)

## TABLE OF CONTENTS

STATEMENT OF THE ISSUES PRESENTED ............................................................... i

STATEMENT OF CONTROLLING OR MOST APPROPRIATE AUTHORITIES .................. ii

TABLE OF AUTHORITIES ........................................................................................ iv

INTRODUCTION ..................................................................................................... 1

ARGUMENT ........................................................................................................... 2

      I.     The Court Should Maintain Under Seal Names and Identifying Information
            of Non-Party Individuals Who Were Not Indicted By the Department of
            Justice............................................................................................................. 2

      II.    The Court Should Maintain Under Seal Highly Confidential and
            Competitively Sensitive Business Information....................................................... 2

CONCLUSION......................................................................................................... 4

# **TABLE OF AUTHORITIES**

Page(s)

## **CASES**

*Amerisure Mut. Ins. Co. v. Everest Reinsurance Co.*,
    No. 14-cv-13060, 2014 WL 5481107 (E.D. Mich. Oct. 29, 2014)......................................3

*Brown & Williamson Tobacco Corp. v. Fed. Trade Comm'n*,
    710 F.2d 1165 (6th Cir. 1983) .........................................................................................4

*Hill v. Xerox Corp.*, No. C12-0717-JCC,
    2014 WL 1356212 (W.D. Wash. Apr. 7, 2014)................................................................3

*In re Knoxville News-Sentinel Co.*,
    723 F.2d 470 (6th Cir. 1983) .............................................................................................2

*Med. Ctr. at Elizabeth Place, LLC v. MedAmerica Health Sys. Corp.*,
    No. 3:12-cv-26, 2012 U.S. Dist. LEXIS 86673 (S.D. Ohio June 22, 2012).......................3

*Music Grp. Macao Commercial Offshore Ltd. v. Foote*,
    No. 14-cv-03078-JSC, 2015 WL 3993147 (N.D. Cal. June 30, 2015)...............................2

*NetJets Ass'n of Shared Aircraft Pilots v. NetJets, Inc.*,
    No. 2:14-cv-2487, 2016 WL 5349793 (S.D. Ohio Sept. 23, 2016)....................................3

*Shane Group, Inc. v. Blue Cross Blue Shield of Michigan*,
    825 F.3d 299 (6th Cir. 2016) .............................................................................................1

*United States v. Hubbard*,
    650 F.2d 293 (D.C. Cir. 1980) ..........................................................................................3

## INTRODUCTION

Since the Sixth Circuit's ruling in *Shane Group, Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299 (6th Cir. 2016), and this Court's subsequent instructions to the parties to file motions seeking to keep information under seal, reflected in the Stipulated Order Regarding Sealed Filings, 2:12-md-02311-MOB-MKM, ECF No. 1690 (Feb. 27, 2017), this Court has granted several motions by parties and non-parties to this litigation to maintain two categories of information under seal: (1) names of unindicted non-party individuals; and (2) highly confidential and commercially sensitive business information,[2] including an order that addresses substantial portions of the exact information at issue in this motion, *see* Order Granting Certain *Wire Harness* Defendants' Motion to Seal, 2:12-cv-00101-MOB-MKM, ECF No. 445 (Mar. 17, 2017). Those categories of information, if disclosed, would cause embarrassment to individuals, potentially expose confidential information to competitors and customers, and cause the inner workings of non-party OEMs to be exposed without their consent, all while adding little to the public's knowledge of the case. Consistent with these earlier rulings, Defendants have reviewed and identified the portions of the Transcript that contain those categories of information, and respectfully request that the Court extend its prior rulings to these portions, identified in Exhibit 1 to this motion.

---

[2] *See, e.g.*, Sumitomo Electric Industries, Ltd.'s Unopposed Motion to Seal Exhibit 30 to the Statement of Undisputed Facts in Support of DENSO's Motion for Summary Judgment, 2:12-cv-00101-MOB-MKM, ECF No. 357 (Dec. 14, 2016); Non-Party Toyota's Motion to Maintain Under Seal Certain Portions of the Defendants' Summary Judgment Materials Pursuant to L.R. 5.3, 2:12-cv-00101-MOB-MKM, ECF No. 358 (Dec. 14, 2016); Mitsubishi Electric's Motion to Seal Exhibit 31 to the Statement of Undisputed Material Facts in Support of DENSO's Motion for Summary Judgment, 2:12-cv-00101-MOB-MKM, ECF No. 359 (Dec. 14, 2016); Order Granting Certain *Wire Harness* Defendants' Motion to Seal, 2:12-cv-00101-MOB-MKM, ECF No. 444 (Mar. 17, 2017).

**ARGUMENT**

I.   **THE COURT SHOULD MAINTAIN UNDER SEAL NAMES AND IDENTIFYING INFORMATION OF NON-PARTY INDIVIDUALS WHO WERE NOT INDICTED BY THE DEPARTMENT OF JUSTICE**

This Court should extend its prior rulings to protect the names of non-party individuals identified in the portions of the Transcript listed in Exhibit 1.  The Court has discretion to seal its records "when interests of privacy outweigh the public's right to know."  *In re Knoxville News-Sentinel Co.*, 723 F.2d 470, 474 (6th Cir. 1983).  Here, there is no reason that information sufficient to identify these individuals should be a matter of public record.  The identities of such individuals have no bearing on the merits of the Transcript and add no value to the information already available to the public.

On the other hand, public disclosure of this information could cause unnecessary embarrassment to these non-party individuals, none of whom were prosecuted for any wrongdoing.  These non-party individuals could suffer reputational or professional harm if this information were publicly disclosed.  In these sorts of circumstances, courts have found that an individual's interest in privacy constitutes a compelling reason for sealing.  *See, e.g.*, *Music Grp. Macao Commercial Offshore Ltd. v. Foote*, No. 14-cv-03078-JSC, 2015 WL 3993147, at *3 (N.D. Cal. June 30, 2015) ("individuals' compelling interest in their privacy[] outweigh[s] the public's interest in knowing this particular information").

II.  **THE COURT SHOULD MAINTAIN UNDER SEAL HIGHLY CONFIDENTIAL AND COMPETITIVELY SENSITIVE BUSINESS INFORMATION**

The Court should also extend its prior rulings to the portions of the Transcript identified in Exhibit 1 that contain highly confidential and competitively sensitive business information.

The Transcript contains the same types of information as those in prior motions granted by the Court.  It contains details regarding non-party OEM sourcing practices and sales strategy

2

and business decisions. Disclosing this information would harm Defendants (and OEMs) financially and competitively, as it would reveal confidential practices to competitors and customers, which could result in a competitive disadvantage or a change to relationships with customers. For these reasons, this information falls firmly within the recognized exception of "truly confidential information" to public access to judicial records. *See, e.g.*, *Med. Ctr. at Elizabeth Place, LLC v. MedAmerica Health Sys. Corp.*, No. 3:12-cv-26, 2012 U.S. Dist. LEXIS 86673, at *2-*3 (S.D. Ohio June 22, 2012) (sealing information because it "could be used by Defendants' competitors in an effort to gain strategic advantage" if disclosed); *NetJets Ass'n of Shared Aircraft Pilots v. NetJets, Inc.*, No. 2:14-cv-2487, 2016 WL 5349793, at *2 (S.D. Ohio Sept. 23, 2016) (granting sealing where information is "proprietary and would harm [a party's] business interests if released").

This is particularly true as there is no public interest in the details relating to Defendants' (and OEMs') business practices, which are of no value to the public or any potential objectors. *See, e.g.*, *Hill v. Xerox Corp.*, No. C12-0717-JCC, 2014 WL 1356212, at *2 (W.D. Wash. Apr. 7, 2014) (granting sealing because "operational details" about a party's business had "little public value beyond that inherent in the value of having any court records be publically [sic] available"). Moreover, because much of this information also concerns the confidential practices of non-party OEMs, the need for sealing is heightened. *See, e.g.*, *United States v. Hubbard*, 650 F.2d 293, 319 (D.C. Cir. 1980) (vacating an unsealing order with respect to third party information; "[w]here a third party's property and privacy rights are at issue the need for minimizing intrusion is especially great"); *Amerisure Mut. Ins. Co. v. Everest Reinsurance Co.*, No. 14-cv-13060, 2014 WL 5481107, at *2 (E.D. Mich. Oct. 29, 2014) (granting sealing in part because "protecting the 'privacy rights' of third parties may justify filing certain information

3

under seal" (quoting *Brown & Williamson Tobacco Corp. v. Fed. Trade Comm'n*, 710 F.2d 1165, 1179 (6th Cir. 1983))).

## CONCLUSION

For these reasons, Defendants respectfully request that the Court maintain under seal the portions of the Transcript identified in Exhibit 1 that reference names of unindicted non-party individuals and confidential business practices.

Respectfully submitted,

Dated: May 11, 2017

*/s/ Steven F. Cherry*
Steven F. Cherry
David P. Donovan
Brian C. Smith
**WILMER CUTLER PICKERING
HALE AND DORR LLP**
1875 Pennsylvania Avenue, NW
Washington, DC 20006
Telephone: (202) 663-6000
Facsimile: (202) 663-6363
steven.cherry@wilmerhale.com
david.donovan@wilmerhale.com
brian.smith@wilmerhale.com

*Counsel for Defendants DENSO
Corporation and DENSO
International America, Inc.*

Steven M. Zarowny
General Counsel
DENSO International America, Inc.
24777 Denso Drive
Southfield, MI 48033
Telephone: (248) 372-8252
Fax: (248) 213-2551
steve_zarowny@denso-diam.com

*Counsel for Defendant DENSO
International America, Inc.*

*/s/Larry S. Gangnes (w/consent)*
Larry S. Gangnes
Heidi B. Bradley
**LANE POWELL PC**
U.S. Bank Centre
1420 Fifth Ave., Suite 4200
P.O. Box 91302
Seattle, WA 98111-9402
Telephone: (206) 223-7000
Facsimile: (206) 223-7107
gangnesl@lanepowell.com
bradleyh@lanepowell.com

Craig D. Bachman
Kenneth R. Davis II
Darin M. Sands
Masayuki Yamaguchi
Peter D. Hawkes
**LANE POWELL PC**
MODA Tower
601 SW Second Ave., Suite 2100
Portland, OR 97204-3158
Telephone: (503) 778-2100
Facsimile: (503) 778-2200
bachmanc@lanepowell.com
davisk@lanepowell.com
sandsd@lanepowell.com
yamaguchim@lanepowell.com
hawkesp@lanepowell.com

Richard D. Bisio (P30246)
Ronald S. Nixon (P57117)
**KEMP KLEIN LAW FIRM**
201 W. Big Beaver, Suite 600
Troy, MI 48084
Telephone: (248) 528-1111
Facsimile: (248) 528-5129
richard.bisio@kkue.com
ron.nixon@kkue.com

*Attorneys for Defendants Furukawa Electric
Co., Ltd. and American Furukawa, Inc.*

5

*/s/ Michael T. Brody (w/consent)*
Michael T. Brody
Gabriel A. Fuentes
Charles B. Sklarsky
Terrence J. Truax
Daniel T. Fenske
**JENNER & BLOCK LLP**
353 N. Clark Street
Chicago, IL 60654
mbrody@jenner.com
gfuentes@jenner.com
csklarsky@jenner.com
ttruax@jenner.com
dfenske@jenner.com

Gary K. August
Jamie J. Janisch
**ZAUSMER, KAUFMAN, AUGUST
& CALDWELL, P.C.**
31700 Middlebelt Road, Suite 150
Farmington Hills, MI 48334
gaugust@zkac.com
jjanisch@zkac.com

*Attorneys for Defendants Mitsubishi
Electric Corporation, Mitsubishi
Electric US Holdings, Inc., and
Mitsubishi Electric Automotive
America, Inc.*

*/s/ Marguerite M. Sullivan (w/consent)*
Marguerite M. Sullivan
**LATHAM & WATKINS LLP**
555 Eleventh Street NW, Suite 1000
Washington, DC 20004
Telephone: (202) 637-2200
Fax: (202) 637-2201
Marguerite.Sullivan@lw.com

Daniel M. Wall
**LATHAM & WATKINS LLP**
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
Telephone: (415) 395-0600
Fax: (415) 395-8095
dan.wall@lw.com

William H. Horton (P31567)
**GIARMARCO, MULLINS & HORTON,
P.C.**
101 West Big Beaver Road, Tenth Floor
Troy, MI 48084-5280
Telephone: 248-457-7060
bhorton@gmhlaw.com

*Attorneys for Defendants Sumitomo Electric
Industries, Ltd.; Sumitomo Wiring Systems,
Ltd.; Sumitomo Electric Wiring Systems, Inc.;
and Sumitomo Wiring Systems (U.S.A.) Inc.*

*/s/ John M. Majoras (w/consent)*
John M. Majoras
Carmen G. McLean
Michael R. Shumaker
**JONES DAY**
51 Louisiana Ave. N.W.
Washington, D.C. 20001-2113
(202) 879-3939
(202) 626-1700 (facsimile)
jmmajoras@jonesday.com
cgmclean@jonesday.com
mrshumaker@jonesday.com

Michelle K. Fischer
Stephen J. Squeri
**JONES DAY**
North Point
901 Lakeside Avenue
Cleveland, OH 44114
(216) 586-3939
(216) 579-0212 (facsimile)
mfischer@jonesday.com
sjsqueri@jonesday.com

*Attorneys for Defendants Yazaki
Corporation and Yazaki North
America, Inc.*

7

**CERTIFICATE OF SERVICE**

I hereby certify that on May 11, 2017, I caused the foregoing Certain *Wire Harness*

Defendants' Motion to Seal to be electronically filed with the Clerk of the Court using the

CM/ECF system, which will send notifications of such filings to all counsel of record.

/s/ Steven F. Cherry
Steven F. Cherry
WILMER CUTLER PICKERING HALE
AND DORR LLP
1875 Pennsylvania Avenue, NW
Washington, DC 20006
Telephone: (202) 663-6000
Facsimile: (202) 663-6363
steven.cherry@wilmerhale.com