```
 1                    UNITED STATES DISTRICT COURT
                      EASTERN DISTRICT OF MICHIGAN
 2                         SOUTHERN DIVISION
                             _   _   _
 3
      IN RE: AUTOMOTIVE PARTS
 4    ANTITRUST LITIGATION
      _____
 5                                        Case No. 12-02311
      IN RE: HEATER CONTROL PANELS        Case No. 12-00401
 6    _____
                                          Hon. Marianne O. Battani
 7    THIS DOCUMENT RELATES TO:

 8    Direct Purchaser Actions
      _____/
 9

10                  DENSO'S MOTION TO COMPEL

11            BEFORE SPECIAL MASTER GENE ESSHAKI
            Theodore Levin United States Courthouse
12               231 West Lafayette Boulevard
                      Detroit, Michigan
13               Tuesday, September 12, 2017

14
      APPEARANCES:
15
      For the Plaintiffs:   EUGENE A. SPECTOR
16                          SPECTOR ROSEMAN & KODROFF
                            1818 Market Street, Suite 2500
17                          Philadelphia, PA 19103
                            (215) 496-0300
18

19                          NATHAN FINK
                            FINK + ASSOCIATES LAW
20                          38500 Woodward Ave, Suite 350
                            Bloomfield Hills, MI 48304
21                          (248) 971-2500

22

23

24

25
```

```
 1   APPEARANCES:
     (Continued)
 2
     For the Defendants:   DAVID P. DONOVAN
 3                         WILMER, CUTLER, PICKERING, HALE, and
                           DORR, L.L.P.
 4                         1875 Pennsylvania Avenue, NW
                           Washington, D.C. 20006
 5                         (202) 663-6000

 6

 7

 8

 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24
         To obtain a copy of this official transcript, contact:
25            Robert L. Smith, Official Court Reporter
           (313) 964-3303 • rob_smith@mied.uscourts.gov
```

1    TABLE OF CONTENTS

2

                                                         Page
3    Motion to Compel
     Motion by Mr. Donovon............................. 4
4    Response by Mr. Spector........................... 9
     Ruling by the Special Master......................12

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

```
 1    Detroit, Michigan

 2    Tuesday, September 12, 2017

 3    at about 9:55 a.m.

 4                              —    —    —

 5            (Special Master and Counsel present.)

 6            SPECIAL MASTER ESSHAKI:  Good morning, everybody.

 7    It is Tuesday, September 12th, at 10:00 a.m.  This is the

 8    date and time set for a hearing on a motion.  We are calling

 9    Master File 12-md-02311, sub-file 2:12-cv-0401-MOB-MKM.

10            This is the matter of a motion by Denso to compel

11    discovery.

12            So, Counsel, would you please identify yourself and

13    make your motion?

14            MR. DONOVAN:  David Donovan, Wilmer Hale, counsel

15    for Denso.

16            SPECIAL MASTER ESSHAKI:  Counsel.

17            MR. SPECTOR:  Eugene Spector on behalf of the

18    direct purchaser plaintiffs.

19            MR. FINK:  Nathan Fink for the direct purchaser

20    plaintiffs.

21            SPECIAL MASTER ESSHAKI:  Okay.

22            MR. DONOVAN:  Master Esshaki, the briefs are brief

23    and I will attempt to be as succinct.

24            First, let me just talk for a moment about what

25    this motion is not about.  It is not about the scope of
```

 1  discovery.  The plaintiffs agreed three years ago what they

 2  would produce, and the opposition does not take issue with

 3  anything that we described about what they agreed to produce.

 4       It is not about mediation.  The direct purchasers

 5  say twice in their opposition that they have provided Denso

 6  with more than enough information to proceed to mediation.

 7  That's a direct quote.  This has nothing to do with

 8  mediation.  The mediation is irrelevant to these proceedings.

 9       Judge Battani at the January hearing expressly

10  addressed the issue of whether discovery would be stayed

11  pending mediation.  She heard from all parties, and she

12  expressly declined to enter any stay with respect to

13  litigation while the mediation is proceeding.

14       It's not about the discovery plan or lack thereof.

15  The direct purchasers argue they are not obligated to produce

16  any documents because no discovery plan has been entered.

17  That's the argument they make at page 1 of their opposition.

18  That's simply wrong, and there is no basis in the federal

19  rules or any court order for that position.  Whenever this

20  Court ultimately orders discovery to be finished, the direct

21  purchasers are required to engage in discovery now.

22       This is not about Denso's production.  The direct

23  purchasers have filed no motion with respect to Denso's

24  production which Denso commenced more than a year ago.  We

25  produced our transaction data 14 months ago.  We produced so

 1   far 40,000 pages of documents; there's another 7,000 or 8,000

 2   pages that will be produced in the next week or so.  And, in

 3   fact, until the opposition brief was filed by the direct

 4   purchasers, we had heard nothing from the direct purchasers

 5   with respect to our production or our discovery responses in

 6   more than two years.  So it is not about Denso's production.

 7   There has been no motion filed about Denso production much.

 8        This is also not about whether Tiffin and Fleetwood

 9   have improperly split their claims, as is mentioned in the

10   opposition and addressed in our reply.  Tiffin and Fleetwood

11   are plaintiffs both in this action, the heater control panel

12   action, as well as the air-conditioning systems action.

13   Heater control panels are an element in the AC case as well.

14   But whatever their claim is in this case and whether or not

15   they have improperly attempted to split their claims between

16   two cases doesn't make any difference.  They have to produce

17   now the documents that are relevant to this case.

18        DPPs have no response at all in their opposition

19   about the inadequacy or impropriety of their reference to

20   Rule 33(d) with respect to certain of our interrogatories

21   answers, they haven't addressed that issue at all.  So it is

22   not about whether we are right about that.  They haven't said

23   we are wrong.  And I think we cited case law, we think we're

24   pretty clearly correct.

25        Although I will say one thing about Rule 33(d).  We

1    are not trying to impose some impossible or onerous condition

2    on them.  What we told them almost two years ago -- I'm

3    sorry, two and a half years ago was that they should identify

4    the portions of the interrogatories for which answers can be

5    derived from business records, provide responses to any

6    portions for which answers cannot be derived from business

7    records, and if they are not able to answer interrogatories,

8    if they just don't know the answer, say so.

9          What we don't want to be is sandbagged in a year or

10   two years, whenever we get to summary judgment in this case,

11   when they've told us in an interrogatory answer that they are

12   going to produce documents that may or may not exist from

13   which the answers may or may not be able to be derived.  I

14   don't know want to be sandbagged in two years when they come

15   forward with a witness who says yeah, yeah, that wasn't in

16   the documents, here's the answer.

17         If they have an answer, we are entitled to what it

18   is.  If they don't know the answer, we are entitled to know

19   that.  And if they -- the only thing they can say is that

20   there are documents from which the answer might be derived

21   but they have no other knowledge, we need them to say that,

22   but they just need to take a position: do they have an answer

23   or don't they, do the documents exist or don't they?  And if

24   they are truly referring us to documents because they have no

25   other information, they need to say so rather than to have

Motion Hearing • September 12, 2017

8

1    this generic response that pursuant to Rule 33(d) they will

2    produce documents from which the answers may or may not be --

3    the documents that may or may not exist.

4           So that gets us to what this case is actually

5    about, and it's simply about their obligation to produce the

6    documents they said three years ago that they had and that

7    they would produce and that they have failed and so far

8    refused to produce.

9           Now, to update Your Honor, on Friday evening we got

10   a production from Tiffin of 159 pages of documents.  They're

11   principally invoices, mostly from the years 2009 and 2010

12   with a few stray ones from 2004.  That's their production to

13   date.

14          Now, two and a half years ago they told us -- this

15   is on June 4th, 2015 so not quite two and-a-half years ago --

16   they told us that Tiffin had a database of transactional data

17   showing all purchase data from 2004 to 2007 and a separate

18   database with data from 2007 to present, and that Fleetwood

19   had a database of all of their purchases and sales from 2000

20   to 2009 when they declared bankruptcy.

21          They haven't told us yet whether Fleetwood has

22   hardcopy documents prior to 2000 or whether Tiffin has

23   hardcopy documents prior to 2004, but after three years we

24   are entitled to the data, all of it.  We are entitled to

25   their documents, all of them.  We are entitled to the

Motion Hearing • September 12, 2017

**9**

1  documents they said they would give us, and we are entitled

2  to it now without any further excuses.

3          SPECIAL MASTER ESSHAKI:  Thank you, Counsel.

4          Sir, may I ask you to identify yourself?

5          MR. HUTCHINSON:  I'm with IT from the Court here.

6          SPECIAL MASTER ESSHAKI:  Very good, sir.  Welcome.

7          MR. HUTCHINSON:  I'm sorry.  I didn't mean to

8  interrupt.

9          SPECIAL MASTER ESSHAKI:  That's okay.  All right.

10          Mr. Spector, are you going be addressing the Court

11  next?

12          MR. SPECTOR:  I am, if I might.

13          SPECIAL MASTER ESSHAKI:  Please.

14          MR. SPECTOR:  Where do I begin?  I begin with let's

15  look at the history of what occurred here.  We were served

16  with discovery.  We were negotiating with regard to the scope

17  of that discovery.  We answered interrogatories.  We filed

18  supplemental answers to interrogatories last year when we got

19  a letter from Mr. Donovan or Mr. Cherry on behalf of Denso

20  asking for certain additional information.  We gave them that

21  information identifying people who were involved in the

22  purchase process, what the purchase process was at Tiffin and

23  at Fleetwood, et cetera.

24          The issue here is documents, what documents were we

25  obligated to produce?  We hadn't finished the meet-and-confer

1  process.  The time frame has not been established, it hasn't

2  been agreed to in terms of what we would produce.  And

3  without final -- without finalization of those issues, I

4  don't believe we were obligated to produce yet.  We haven't

5  finished the meet-and-confer process with Denso with regard

6  to its production.  The documents it has produced, quite

7  honestly, other than the transaction data, documents that

8  were ordered to be produced because they were produced to the

9  Department of Justice as part of their guilty plea obligation

10  by court order.

11       So putting that in this context, we now got this

12  letter from Mr. Donovan.  I spoke to Mr. Donovan and we told

13  him that we were agreeing to produce purchase data and we

14  were going to start to produce it.  And, quite candidly, the

15  mediation came up in this discussion because in

16  correspondence back and forth with regard to the mediation,

17  that's exactly what we said we would do, and so we have

18  started that process.

19       So we didn't understand why we would have to go

20  forward with a motion to compel since we had already agreed

21  that we would be starting to produce and we have, in fact,

22  started to produce documents that we said we would produce in

23  connection with the mediation process.

24       Let's look at why the mediation -- the

25  meet-and-confer process with regard to discovery stopped.

 1   Denso said to us we will not deal with you with regard to

 2   these claims until you prove to us that you bought a heater

 3   control panel, so we did.  And we didn't hear another word

 4   from Denso about our producing documents or other discovery

 5   issues for a year.  We get a letter a year later as a result

 6   of which we supplemented our answers to interrogatories and

 7   provided them with additional information.  That's -- we had

 8   said we would produce documents under 33(d) and we will; it

 9   is part of what we have started to produce now.

10           Basically we view this motion as unnecessary.  We

11   view this motion as something that came about as a result of

12   our having filed the 30(b)(6) notice with Denso.

13           SPECIAL MASTER ESSHAKI:  Thank you, Counsel.

14           Mr. Fink, anything you want to add?

15           MR. FINK:  Nothing to add, Your Honor.

16           SPECIAL MASTER ESSHAKI:  Young lady, can I ask you

17   to identify yourself?

18           MS. EISENSTEIN:  Yes.  Kathryn Regan Eisenstein on

19   behalf of the auto dealer plaintiffs, Mantese Honigman.

20           SPECIAL MASTER ESSHAKI:  Welcome, welcome very

21   much.

22           All right.  I have had an opportunity to read

23   everything that has been submitted to me and consider this

24   matter.  We were all in the courtroom in January when

25   Judge Battani was asked to stay and/or stagger discovery, and

 1   her response was emphatic, she said I will not.  She said I

 2   have the power to order discovery and, of course, I will.

 3   Those words were very, very clear.  I was sitting right in

 4   this chair when she said so.

 5          So in my estimation, I believe that the motion is

 6   well placed and the plaintiffs need to produce their

 7   documents and they need to do so short of some explanation of

 8   great undue hardship within 30 days.

 9          So, Mr. Donovan, if you will prepare an order to

10   that effect.  I know you drafted an order, but your order

11   does not have the magic language that this order is subject

12   to appeal to Judge Battani pursuant to the order appointing

13   Special Master dated whatever it was.

14          Counsel, I thank you for coming in, and I assume I

15   will see you all again tomorrow morning.

16          MR. DONOVAN:  Your Honor, just one other

17   outstanding matter is our requests for fees.  Under the

18   federal rules, we believe that we are clearly entitled to

19   fees.

20          SPECIAL MASTER ESSHAKI:  There are two outstanding

21   matters.  The motion for fees will be denied.

22          And is there anyone that believes this transcript

23   needs to be sealed?

24          MR. DONOVAN:  Not from --

25          MR. SPECTOR:  No.

```
 1              SPECIAL MASTER ESSHAKI:  Sealing has been waived.
 2   Thank you all.  I will see everybody in the morning.
 3              (Proceedings concluded at 10:08 a.m.)
 4
 5
 6
 7
 8
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

```
 1                          CERTIFICATION

 2

 3              I, Robert L. Smith, Official Court Reporter of

 4    the United States District Court, Eastern District of

 5    Michigan, appointed pursuant to the provisions of Title 28,

 6    United States Code, Section 753, do hereby certify that the

 7    foregoing pages comprise a full, true and correct transcript

 8    taken in the matter of In Re: Automotive Parts Antitrust

 9    Litigation, Case No. 12-02311, on Tuesday,

10    September 12, 2017.

11

12

13                            s/Robert L. Smith
                              Robert L. Smith, RPR, CSR 5098
14                            Federal Official Court Reporter
                              United States District Court
15                            Eastern District of Michigan

16

17

18    Date:   09/22/2017

19    Detroit, Michigan

20

21

22

23

24

25
```