UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| | : | |
| IN RE AUTOMOTIVE PARTS | : | 2:12-md-02311 |
| ANTITRUST LITIGATION | : | Honorable Marianne O. Battani |
| | : | |
| | : | |
| ALL CASES | : | |
| | : | |
| | : | |
| | : | |
| THIS DOCUMENT RELATES TO: | : | |
| ALL ACTIONS | : | |

**ORDER MODIFYING DISCOVERY STAY**

WHEREAS, on December 23, 2013, the Court granted the Department of Justice ("DOJ")'s Motion to Intervene and for a Temporary and Limited Stay of Certain Discovery in *In re Automotive Parts Antitrust Litigation*, MDL No. 2311 ("MDL") (*see* Stipulated Order Regarding Motion To Intervene and for a Temporary and Limited Stay of Certain Discovery by the United States of America (Doc. No. 664) ("Court's Stay Order"));

WHEREAS, on June 25, 2014, the Court held that the Court's Stay Order no longer prohibited substantive/merits depositions and written discovery concerning the products at

issue in *Wire Harness Systems* (Case No. 2:12-cv-00100), *Fuel Senders* (Case No. 2:12-cv-00300), and *Heater Control Panels* (Case No. 2:12-cv-00400) (Doc. No. 750);

WHEREAS, on January 28, 2015, the Court held that the Court's Stay Order (1) no longer prohibited document discovery concerning the products at issue in all then-pending automotive parts cases before the Court in the MDL except *Air Conditioning Systems* (Case No. 2:13-cv-02700) and *Constant Velocity Joint Boot Products* (Case No. 2:14-cv-02900)[1] and (2) no longer prohibited substantive/merits depositions concerning the products at issue in *Instrument Panel Clusters* (Case No. 2:12-cv-00200), *Bearings* (Case No. 2:12-cv-00500), *Occupant Safety Systems* (Case No. 2:12-cv-00600), and *Anti-Vibration Rubber Parts* (Case No. 2:13-cv-00800) (*see* Status Conf. Tr. at 54:22-55:6 (Jan. 28, 2015));

WHEREAS, on January 28, 2015, End-Payor Plaintiffs pointed out that in each of the four initial cases in the MDL, the Court had ordered those Defendants who had pleaded guilty to produce those documents that they had produced to the DOJ relating to the products at issue in those cases and asked the Court to issue the same order for the other then-pending cases in the MDL. The Court agreed and ordered the Defendants before the Court to "follow the same protocol" for those other cases, and produce the documents within 90 days of the January 28, 2015 status conference (Status Conf. Tr. at 55:23-56:8, 57:13 (Jan. 28, 2015));

WHEREAS, on November 9, 2015, the Special Master held a hearing on End-Payor Plaintiffs' Motion to Compel Discovery from Defendants Mitsuba and Koito, which sought clarification on the Court's January 28, 2015 order regarding DOJ productions, namely whether their productions were to be limited to the products for which they had pleaded guilty. The Special Master ruled that the Mitsuba and Koito Defendants were required "to produce

---

[1] At the time, *Constant Velocity Joint Boot Products* (Case No. 2:14-cv-02900) was the most recently filed case within *In re Automotive Parts Antitrust Litigation*.

**ALL** documents previously produced to the DOJ whether or not they involve parts that are the subject of the guilty pleas of these Defendants" (*see*, *e.g.*, Order Granting in Part and Denying in Part End-Payor Plaintiffs' Motion to Compel Discovery from Defendants Mitsuba and Koito Filed on September 22, 2015 and Further Granting Request for Limited Ruling on Said Motion by Defendant Keihin North America, Inc., Case No. 2:13-cv-01203, Doc. No. 57). (Mitsuba and Koito subsequently reached a compromise with the End-Payor Plaintiffs on these issues, prior to appealing the Special Master's order to the Court.) The Special Master also ruled that Keihin was not required to produce the documents it had provided to the DOJ because it had not pleaded guilty; and

WHEREAS, on November 19, 2015, the Court held that the Court's Stay Order no longer prohibited document discovery concerning the parts at issue in any of the then-pending cases in the MDL from *Instrument Panel Clusters* (Case No. 2:12-cv-00200) to, and including, *Spark Plugs* (Case No. 2:15-cv-03000), and suggested that substantive/merits depositions could proceed concerning the parts at issue in those cases as long as the parties provide notice to the DOJ before a deposition is scheduled to take place (Doc. No. 1141).

NOW, THEREFORE, after the DOJ's most recent status report to the Court, the Court orders as follows:

1. The Court's Stay Order no longer prohibits document discovery concerning the parts at issue in any of the following automotive parts cases: *Oxygen Sensors* (Case No. 2:15-cv-03100), *Automotive Hoses* (Case No. 2:15-cv-03200), *Shock Absorbers* (Case No. 2:15-cv-03300), *Body Sealing Products* (Case No. 2:16-cv-03400), *Interior Trim Products* (Case No. 2:16-cv-03500), *Brake Hoses* (Case No. 2:16-cv-03600), *Exhaust Systems* (Case No. 2:16-cv-03700),

   *Ceramic Substrate*s (Case No. 2:16-cv-03800), *Power Window Switches* (Case No. 2:16-cv-03900), *Steel Tubes* (Case No. 2:16-cv-04000), *Access Mechanisms* (Case No. 2:17-cv-04100), and *Side Door Latches* (Case No. 2:17-cv-04200);

2. The Court's Stay Order no longer prohibits substantive/merits depositions concerning the parts at issue in any of the currently pending cases in the MDL except *Body Sealing Products* (Case No. 2:16-cv-03400), *Steel Tubes* (Case No. 2:16-cv-04000), and *Side Door Latches* (Case No. 2:17-cv-04200). Consistent with the instructions in the Court's November 19, 2015 Order, notice of a deposition should be sent to the DOJ's Antitrust Division no later than ten days before the deposition is scheduled to take place to give the DOJ an opportunity to object to the deposition;

3. The Court orders all Defendants named in *Air Conditioning Systems* (Case No. 2:13-cv-02700), *Constant Velocity Joint Boots* (Case No. 2:14-cv-02900), *Spark Plugs* (Case No. 2:15-cv-03000), *Oxygen Sensors* (Case No. 2:15-cv-03100), *Automotive Hoses* (Case No. 2:15-cv-03200), *Shock Absorbers* (Case No. 2:15-cv-03300), *Body Sealing Products* (Case No. 2:16-cv-03400), *Interior Trim Products* (Case No. 2:16-cv-03500), *Brake Hoses* (Case No. 2:16-cv-03600), *Exhaust Systems* (Case No. 2:16-cv-03700), *Ceramic Substrate*s (Case No. 2:16-cv-03800), *Power Window Switches* (Case No. 2:16-cv-03900), *Steel Tubes* (Case No. 2:16-cv-04000), *Access Mechanisms* (Case No. 2:17-cv-04100), *Radiators* (Truck and Equipment Dealer Plaintiffs ("TEDP") Action) (Case No. 2:15-cv-01007), *Starters* (TEDP Action) (Case

No. 2:15-cv-01107), and *Alternators* (TEDP Action) (Case No. 2:15-cv-00707) that have entered a guilty plea in connection with the products at issue in these cases (or for which there has been an announcement of such a plea agreement by the DOJ), to the extent they have not already done so, within ninety (90) days of the entry of this Order, to produce to each separate group of class plaintiffs in these cases (each, a "Plaintiff Group") that has asserted a pending, non-settled, and not otherwise stayed, claim against that Defendant in the MDL all documents, including any English translations, previously produced to the DOJ related to all products for which that Plaintiff Group has asserted a pending, non-settled, and not otherwise stayed claim against that Defendant. All productions made pursuant to this Order are subject to the limitations set forth in paragraph 4 below as well as the protective order applicable to the particular case, or to the protective order in *Wire Harness Systems* until such a time as a protective order specifically applicable to the particular case is entered.

4. All provisions of the Court's Stay Order otherwise remain in effect.

**IT IS SO ORDERED.**

Date:   October 25, 2017                     s/Marianne O. Battani
                                             MARIANNE O. BATTANI
                                             United States District Judge

CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on October 25, 2017.

                                             s/ Kay Doaks
                                             Case Manager