Case 2:12-md-02311-SFC-RSW   ECF No. 1841, PageID.34100   Filed 11/16/17   Page 1 of 20
*Motion for Final Approval • November 8, 2017*

1

```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF MICHIGAN
                         SOUTHERN DIVISION
                            —  —  —

In re: AUTOMOTIVE PARTS              Case No. 12-02311
ANTITRUST LITIGATION
_____          Hon. Marianne O. Battani

In re:  BEARINGS CASES
_____

This Document Relates to:            Case No. 12-00501
                                              15-12068
ALL DIRECT PURCHASER ACTIONS
_____/
```

<u>DIRECT PURCHASER PLAINTIFFS' MOTION FOR FINAL APPROVAL</u>
<u>OF PROPOSED SETTLEMENT WITH SCHAEFFLER DEFENDANTS</u>
<u>AND FOR AUTHORIZATION TO USE PART OF THE SETTLEMENT FUND</u>
<u>TO PAY FOR LITIGATION EXPENSES</u>

BEFORE THE HONORABLE MARIANNE O. BATTANI
United States District Judge
Theodore Levin United States Courthouse
231 West Lafayette Boulevard
Detroit, Michigan
Wednesday, November 8, 2017

*To obtain a copy of this official transcript, contact:*
*Robert L. Smith, Official Court Reporter*
*(313) 234-2616 • rob_smith@mied.uscourts.gov*

Case 2:12-md-02311-SFC-RSW   ECF No. 1841, PageID.34101   Filed 11/16/17   Page 2 of 20
*Motion for Final Approval • November 8, 2017*

2

```
 1  APPEARANCES:

 2   For the Plaintiffs:    DAVID H. FINK
                            FINK & ASSOCIATES LAW
 3                          100 West Long Lake Road, Suite 111
                            Bloomfield Hills, MI  48304
 4                          (248) 971-2500

 5                          STEVEN A. KANNER
                            FREED, KANNER, LONDON & MILLEN, L.L.C
 6                          2201 Waukegan Road, Suite 130
                            Bannockburn, IL  60015
 7                          (224) 632-4502

 8                          EUGENE A. SPECTOR
                            SPECTOR, ROSEMAN, KODROFF & WILLIS,
 9                          P.C.
                            1818 Market Street, Suite 2500
10                          Philadelphia, PA  19103
                            (215) 496-0300
11
                            GREGORY P. HANSEL
12                          PRETI, FLAHERTY, BELIVEAU & PACHIOS,
                            L.L.P.
13                          One City Center
                            Portland, ME  04112
14                          (207) 791-3000

15                          WILLIAM E. HOESE
                            KOHN, SWIFT & GRAF, P.C.
16                          One South Broad Street, Suite 2100
                            Philadelphia, PA  19107
17                          (215) 238-1700

18                          THOMAS C. BRIGHT
                            GOLD, BENNET, CERA & SIDENER, L.L.P.
19                          595 Market Street, Suite 2300
                            San Francisco, CA  94105
20                          (415) 777-2230

21   For the Defendants:    MARK A. FORD
                            WILMER, CUTLER, PICKERING, HALE &
22                          DORR, L.L.P.
                            60 State Street
23                          Boston, MA 02109
                            (617) 526-6423
24
     Also Present:          HOWARD IWREY
25                          JORDAN SEGAL
                            KRISTA HOSMER
```

Case 2:12-md-02311-SFC-RSW   ECF No. 1841, PageID.34102   Filed 11/16/17   Page 3 of 20
*Motion for Final Approval • November 8, 2017*

3

1   TABLE OF CONTENTS
2   MATTER                                                    PAGE
3   Motion for Final Approval........................... 6
4   Ruling by the Court.................................14

5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

```
 1   Detroit, Michigan
 2   Wednesday, November 8, 2017
 3   at about 10:04 a.m.
 4                       -  -  -
 5              (Court and Counsel present.)
 6              THE CASE MANAGER:  Please rise.
 7              The United States District Court for the Eastern
 8   District of Michigan is now in session, the Honorable
 9   Marianne O. Battani presiding.
10              You may be seated.
11              The Court calls Case No. 12-cv-00501, and
12   15-cv-12068, In re: Bearings, Direct Purchaser action.
13              THE COURT:  Good morning.
14              THE ATTORNEYS:  (Collectively) Good morning, Your
15   Honor.
16              THE COURT:  Let's start with appearances.  Okay.
17              MR. FORD:  Your Honor, Mark Ford, for the
18   defendant, Schaeffler entities.
19              THE COURT:  You look awful lonesome, but Mr. Iwrey
20   is there too, right?
21              MR. IWREY:  I'm just here to observe.
22              MR. FORD:  I'm solo today, Your Honor.
23              MR. FINK:  David Fink on behalf of the direct
24   purchasers.
25              MR. KANNER:  Good morning, Your Honor.
```

```
 1   Steve Kanner on behalf of the direct purchasers.
 2             MR. SPECTOR:  Good morning, Your Honor.
 3   Eugene Spector on behalf of direct purchasers.
 4             MR. HANSEL:  Good morning, Your Honor.  Greg Hansel
 5   for direct purchasers.
 6             MR. HOESE:  Your Honor, William Hoese, H-O-E-S-E,
 7   for the direct purchasers.
 8             THE COURT:  Okay.
 9             MR. BRIGHT:  And Thomas Bright for direct
10   purchasers.
11             THE COURT:  Thomas Bright?
12             MR. BRIGHT:  Bright, yes, ma'am.
13             THE COURT:  I have two more names, maybe the ones
14   in the back there?  Do you want to identify yourselves?
15             MR. SEGAL:  Jordan Segal on behalf of auto dealers.
16             MS. HOSMER:  Krista Hosmer on behalf of the auto
17   dealers.
18             THE COURT:  Okay.  All right.  The indirects like
19   to come and see that there are settlements with the directs,
20   is that it?  Okay.  We don't usually see you guys here so
21   it's a happy day.
22             MR. KANNER:  May I approach the bench, Your Honor?
23             THE COURT:  You may, Mr. Kanner.
24             MR. KANNER:  Good morning again, Your Honor.  These
25   are hearings we appreciate being able to present.
```

1    THE COURT: Me, too.

2    MR. KANNER: I understand, Your Honor. Again, for
3 the record, my name is Steve Kanner, Freed, Kanner, London
4 and Millen, co-lead counsel on behalf of the direct-purchaser
5 plaintiffs.

6    We are here, Your Honor, to present our motion for
7 final approval of the direct-purchaser plaintiffs' bearing
8 settlement, and it is my pleasure to address those arguments
9 relating to the settlement.

10    If Your Honor deems it appropriate to grant final
11 approval, we are going to ask the Court to authorize also a
12 use of a portion of the settlement funds to pay for
13 litigation expenses.

14    The settlement includes the following Schaeffler
15 defendants: Schaeffler Group USA, Inc., Schaeffler
16 Technologies AG & Co. KG, formerly Schaeffler Technologies
17 GmbH & Co. KG -- sorry I have to read this, I don't want to
18 confuse the names -- and FAG Kugelfischer GmbH. It took a
19 little bit of practice to get that name out as well.

20    Now, the cash value of the settlement before
21 opt-out reduction is $21 million. When the calculations for
22 the opt-out reductions is applied, the final value to the
23 class for the settlement is a little north of $16.5 million.
24 I will explain how that number is arrived at in the course of
25 my presentation today.

Case 2:12-md-02311-SFC-RSW   ECF No. 1841, PageID.34106   Filed 11/16/17   Page 7 of 20
*Motion for Final Approval • November 8, 2017*

7

1    THE COURT:  Okay.

2    MR. KANNER:  So we are asking the Court to enter
3 two orders today.  The first is the stipulated form of final
4 judgment with respect to the Schaeffler defendants, which is
5 how I will refer to them if the Court is -- if that is
6 convenient for the Court, and we will be entering with that
7 order a final dismissal with prejudice of the Schaeffler
8 defendants from the direct-purchaser litigation.  The second
9 order relates to our request for the Court to authorize up to
10 20 percent of the settlement funds for the case expenses.

11    THE COURT:  You say up to but you are reserving
12 20 percent -- you want to reserve 20 percent?

13    MR. KANNER:  We would like to reserve 20 percent,
14 precisely, Your Honor.  And to be clear, we are not seeking
15 any fees on this settlement at this time.

16    THE COURT:  I was looking for that.

17    MR. KANNER:  We are not, Your Honor.  There --
18 frankly, there are greater priorities right now which is the
19 upcoming class certification and what have you.

20    If I can, Your Honor, I will go through a brief
21 recitation of the history of the case.

22    The DPP bearings case began in early 2012 on the
23 heels of the other cases that we are here for, and it was
24 consisting of a class of direct purchasers of automotive and
25 industrial machine bearings.  The Court appointed the four

1  firms that are represented at the table as co-lead counsel
2  and, of course, Mr. Fink's firm as liaison counsel, in March
3  of 2012.
4  　　　　　Your Honor consolidated this matter in August of
5  2012, and we filed -- we, meaning the direct purchasers, of
6  course, filed a consolidated, amended, class action complaint
7  shortly thereafter.
8  　　　　　The defendants filed collective and individual
9  motions to dismiss in December of 2013, that included motions
10 by the Schaeffler entities, Schaeffler AG and Schaeffler USA,
11 under 12(b)(2) and 12(b)(6).  The personal jurisdiction
12 motion by Schaeffler AG was granted.  The 12(b)(6) portion
13 was denied.  Those rulings took place in July of 2014.  The
14 collective motions filed by the other defendants were all
15 denied actually the month before, in June of 2014.
16 　　　　　We filed a second consolidated, amended complaint
17 in May of 2015 at which time we also specifically included
18 the new Schaeffler defendants, that included the DALC action.
19 We filed a new DALC action which created the new case number
20 which added Schaeffler Technologies GmbH and the
21 FAG Kugelfischer defendants, that was in May.  Motions to
22 dismiss that action were filed in December of that year.
23 　　　　　Settlement discussions with Schaeffler began four
24 months later in April of the following year, and those
25 discussions ultimately resulted in an executed settlement

1  agreement on March 21st of this year.  Ten days later Your
2  Honor denied the remaining motions to dismiss by
3  Schaeffler AG and FAG Kugelfischer.
4              On June 14th the direct-purchaser plaintiffs filed
5  our motion for preliminary approval of the current settlement
6  before you, the icebreaker settlement I should add, and
7  authorization to disseminate the notice.  That motion was
8  granted on June 26th, and that brings us to where we are
9  today.
10             We do believe, Your Honor, that the settlement for
11 this Court is fair, reasonable and adequate.  The settlement
12 was obtained through diligent and hard work by counsel on
13 both sides of the equation.  The negotiations took place for
14 almost a full year and were at arm's length by experienced
15 counsel.  We made decisions based on the inherent
16 uncertainties of law and the facts along with the related
17 risks and costs of highly complex litigation.
18             Plaintiffs' counsel determined that the dollar
19 value of this icebreaker settlement, coupled with the
20 critical element of defendants' cooperation, amply justified
21 our appearance here today.
22             With respect to the notice of settlement, following
23 preliminary approval by the Court, the settlement
24 administrator mailed 48,162 individual copies of the notice
25 of proposed settlement to all potential class members

Case 2:12-md-02311-SFC-RSW   ECF No. 1841, PageID.34109   Filed 11/16/17   Page 10 of 20
*Motion for Final Approval • November 8, 2017*

10

1   identified by defendants.  In addition, a summary notice of
2   proposed settlement with today's hearing date was published
3   in the Automotive News and the Wall Street Journal both on
4   August 21st of 2017.
5           Before I forget, we also have a copy that has been
6   and continues to be online of the notice on our website,
7   www.autopartsantitrustlitigation.com.  The declaration of
8   Ryan Kao, who is a project manager with Epiq Class Action and
9   Claims Administration Solutions, which is attached to our
10  report on dissemination of notice, reflects that as of
11  October 23rd, 2017 there were 1,763 page views and 173 unique
12  visitors to the settlement website.
13          THE COURT:  Just a minute.  Give me those numbers
14  again.  I was just going to ask you that.  1,763?
15          MR. KANNER:  Yes.
16          THE COURT:  Thank you.
17          MR. KANNER:  Additionally, counsel for Schaeffler
18  defendants have advised us that they have successfully
19  complied with the requirements of the Class Action Fairness
20  Act notifying the appropriate federal and state authorities,
21  and that took place in June of this year, June 22nd in
22  particular.
23          Let's talk about, for a moment, the consideration
24  for the settlement.  The first, as I have already mentioned
25  to the Court, is the amount.  The cash value of the

Case 2:12-md-02311-SFC-RSW   ECF No. 1841, PageID.34110   Filed 11/16/17   Page 11 of 20
*Motion for Final Approval • November 8, 2017*

11

 1   icebreaker settlement before opt-out reduction is
 2   $21 million.  The value of the opt-out reductions were
 3   determined by a credit for two tranches on the automotive
 4   sales and one tranche on the industrial machine bearing
 5   sales.  In other words, the first tranche presented one
 6   percent up to $250 million, the second tranche up to a half
 7   percent for the next $387 million.  On the industrial side it
 8   was a half percent.  The total value of these when you add
 9   them together is 4,438,703 in credits or reduction on the
10   automotive, and $20,648 for the industrial.  The net result
11   is a total class settlement of $16,540,647.61.
12           Now, obviously with an icebreaker settlement of
13   this sort the second component is extremely important, that
14   is of cooperation.  The nature and extent of that is
15   discussed in our moving papers, and I won't go through it in
16   full, but certainly it includes the production of critical
17   documents, assistance in the understanding of the information
18   that's produced, facilitating its meaningful use at trial,
19   full proffers by defense counsel, access to witnesses for
20   both interviews, depositions and trial testimony.  We believe
21   that that cooperation by the Schaeffler defendants will be of
22   tremendous value as we proceed to prosecute both the class
23   certification element and go to trial in this case, if
24   necessary.
25           With respect to requests for exclusion, as the

Case 2:12-md-02311-SFC-RSW   ECF No. 1841, PageID.34111   Filed 11/16/17   Page 12 of 20
*Motion for Final Approval • November 8, 2017*

12

*1*   Court knows, the largest members of these classes are

*2*   multinational corporations, they are highly sophisticated

*3*   OEMs, and they are represented by competent in-house and

*4*   outside counsel.

*5*          Here these class members represent major entities

*6*   in supply chain for automotive bearings and industrial

*7*   bearings as well, and we've listed those companies who have

*8*   requested exclusion in our exhibits as 1-C and 2, and there

*9*   is a lengthy list but nonetheless they only constituted a

*10*  smaller portion of the total value of the case.

*11*         One thing I should add, Your Honor, is that class

*12*  members vote with their feet and object out loud.  There have

*13*  been no objections in this case.

*14*         I mentioned earlier that we are going to request --

*15*  or we are requesting a settlement -- a portion of the

*16*  settlement to be set aside for use for expenses.  We have

*17*  been litigating this case for almost six years.  We have

*18*  borne the cost of the case including maintenance of the

*19*  document databases and funding the extraordinary costs of the

*20*  economists and econometricians and industry experts as we

*21*  approach class certification though the expenses continue to

*22*  grow.  We believe, Your Honor, if you authorize the use of up

*23*  to a cap of 20 percent, which turns out to be $3,308,000, of

*24*  the settlement fund would be extraordinarily significant to

*25*  the continued successful prosecution of the case.

1       In short, Your Honor, direct-purchaser counsel do
2  believe that the settlement before the Court meets the
3  requirements of 23(a) in terms of commonality, numerosity,
4  typicality and adequacy.  They are appropriate for class
5  certification of the settlement class in that common
6  questions of law and fact predominate, and that a class would
7  be superior to other methods of adjudication.
8       We also move, Your Honor -- accordingly move, Your
9  Honor, I'm sorry, to determine that the settlement with the
10 Schaeffler defendants is fair, reasonable, adequate and amply
11 supports a determination that a settlement class under 23(a)
12 and (b)(3) are appropriate.
13      We respectfully request the Court to enter the two
14 orders that I have submitted to the Court.  If you need
15 additional copies of the order, I happen to have them with me
16 today.
17      THE COURT:  Okay.
18      MR. KANNER:  I would be happy to answer any
19 questions.
20      THE COURT:  I think Kay has copies of the order --
21 or Molly, to enter, excuse me.  Molly, you have those that
22 she just brought in?  Okay.  Let me just take a look.  And
23 there's been no changes so far to the ones that you have
24 submitted?
25      MR. KANNER:  No, Your Honor.

| | |
|---|---|
| 1 | THE COURT: Okay. |
| 2 | MR. KANNER: Thank you very much. |
| 3 | THE COURT: Do you wish to say anything? |
| 4 | MR. FORD: No, Your Honor. Schaeffler concurs with |
| 5 | everything plaintiffs' counsel said. We agree this is a fair |
| 6 | settlement, and we urge Your Honor to enter the orders. |
| 7 | THE COURT: Okay. The Court has reviewed this |
| 8 | matter, and I think that the -- that Mr. Kanner put an |
| 9 | excellent description of what happened so far in this case on |
| 10 | the record, so I'm not going to repeat that. |
| 11 | I do state for the record that the class that you |
| 12 | are seeking to certify is defined as all individuals and |
| 13 | entities, excluding the defendants, that purchased bearings |
| 14 | in the United States directly from one or more defendants |
| 15 | from January 2000 through March 21st, 2017, which is the |
| 16 | class period. |
| 17 | And the Court notes that notice has been submitted, |
| 18 | and I find the notice adequate, the publication in the two |
| 19 | papers, Automotive News and I think the Wall Street Journal, |
| 20 | the 48,000 plus notices, the Court finds to be adequate. And |
| 21 | in addition, the website which exists, and I appreciate you |
| 22 | indicating to the Court the number of -- I don't know, what |
| 23 | do you call it, hits, people who look at the pages? You put |
| 24 | it up there and you wonder is it really looked at, and I |
| 25 | guess it is. It is a small number compared to the numbers |

Case 2:12-md-02311-SFC-RSW   ECF No. 1841, PageID.34114   Filed 11/16/17   Page 15 of 20
*Motion for Final Approval • November 8, 2017*

15

   1  that you have notified personally, but it is there for the

   2  general public to review and particularly the members of this

   3  class.

   4         There have been no objections.  There have been, I

   5  believe, 20 some opt outs in this matter.  The terms of the

   6  settlement did provide for these exclusions, and that reduced

   7  the amount of the settlement from 21 million to 16.5 plus

   8  million.

   9         The terms of the settlement include not only this

 10  dollar amount that we are talking about but importantly the

 11  cooperation of the defendants, and that cooperation the Court

 12  notes in the other cases that have settled seems to have led

 13  to many other settlements, so I think the cooperation element

 14  is an important factor to consider here.  And I know that the

 15  defendants being represented by competent counsel, when they

 16  agree to cooperate, they will.  In addition, which the Court

 17  will cover in a little bit, there is this request for

 18  20 percent of the settlement for costs.

 19         Under Rule 23(e)(2) now the Court has to find that

 20  the settlement is fair, reasonable and adequate.  We have had

 21  the preliminary approval, and we are here today, of course,

 22  on the final approval, and there are a number of factors that

 23  the Court looks at.  First of all, the likelihood of success,

 24  which, of course, goes to the ultimate question is whether

 25  the interest of the class as a whole are better served if the

```
 1   litigation is resolved by a settlement rather than pursued.
 2   And I believe that though the direct purchasers are
 3   optimistic of their success it's not a guaranteed factor, and
 4   given the complexity of this case, which goes into the second
 5   factor, the Court notes that the -- it's very expensive, very
 6   complex, as we all know, and that this litigation could go on
 7   for years.
 8           The Court also looks at the judgment of experienced
 9   counsel, and I have indicated before in this litigation in
10   general, counsel are extremely competent and experienced in
11   handling these cases, and the Court gives great weight to
12   their opinion in whether a settlement is fair, adequate and
13   reasonable, and I find here that this is what counsel
14   believes and that they negotiated this settlement with
15   experienced counsel from the defendants.
16           The discovery in this matter has been substantial
17   so I know that there has been a lot for which -- from which
18   the parties can base their settlement.  And we know from the
19   reaction of the class members, particularly that nobody
20   objected, that this settlement appears to be fair.
21           Certainly these negotiations took place at arm's
22   length.  There is no evidence to the contrary, and the law is
23   that we -- there is a presumption that this occurs.
24           The public interest is certainly served here
25   because of the judicial resources that are reserved in such a
```

Case 2:12-md-02311-SFC-RSW  ECF No. 1841, PageID.34116  Filed 11/16/17  Page 17 of 20
*Motion for Final Approval • November 8, 2017*

**17**

*1* case, and that -- and that there will be this cooperation and
*2* the case will be over with faster with this cooperation.  And
*3* that the Court did find and does find that this is fair and
*4* that best serves the public.

*5* The notice we have already talked about, and
*6* clearly I think the notice here was adequate.  The actual
*7* content of the notice, we hadn't talked about that, but the
*8* content of the notice appeared to the Court to be
*9* appropriate; it seems to follow a certain format that we've
*10* used in other settlements in this cases where the nature of
*11* the classes of the action is discussed, the claims, the
*12* definition of the class, whether a class member may enter an
*13* appearance through an attorney, et cetera, what happens when
*14* a class member is excluded, and the binding effect of the
*15* class.  So the Court finds that the notice itself was
*16* adequate, and the distribution of the notice, as I indicated
*17* before, is adequate.

*18* The next issue for the Court to determine is
*19* whether it should allow the 20 percent of the settlement
*20* proceeds for litigation expenses, and the Court has in
*21* previous cases allowed such a reserve for settlement
*22* expenses, and here the request of 20 percent I think is
*23* reasonable, and the Court will allow that.

*24* The Court looked at the factors for effectuating
*25* the settlement as stated in the Court Rules, one, the

1   numerosity.  Well, we certainly know with 48,000 that we have
2   numerosity.
3           The next question is if the question of law or fact
4   is common to the class, and we know here that antitrust
5   price-fixing conspiracy cases by their nature deal with
6   common legal and factual questions and therefore the Court
7   finds that factor is satisfied.
8           The typicality factor where the claims of the
9   parties must be typical of the claims of the class, and the
10  Court finds here the typicality is satisfied because the
11  direct-purchasers' injuries arise from the same wrong that is
12  alleged -- that is injuring the class as a whole.
13          In terms of adequacy of representation, that's both
14  in terms of the named plaintiffs' representations and the
15  attorneys, and here the direct-purchaser plaintiffs will
16  fairly and adequately protect the interest of the class
17  because they have the same interest as other class members.
18  In addition, counsel is qualified, experienced and able to
19  conduct the litigation.
20          The Court finds that the purpose of the settlement
21  here is served by having a class action, and the Court does
22  approve this settlement for this class, and I also approve
23  the 20 percent reserve for litigation expenses.  Okay.  And I
24  will sign the two orders that are here, and they will be
25  filed.

```
 1              MR. KANNER:  Thank you very much, Your Honor.
 2              THE COURT:  Thank you.  Is there anything else?
 3              MR. KANNER:  That's all we have on the agenda
 4   today.
 5              THE COURT:  That's all you have?  Mr. Spector, you
 6   have something?
 7              MR. SPECTOR:  No, nothing.  Thank you, Your Honor.
 8              THE COURT:  Okay.  And defense has nothing to add?
 9              MR. FORD:  Nothing further, Your Honor.  Thank you.
10              THE COURT:  Okay.  Well, I thank you all, and I
11   think it's appropriate to say happy Thanksgiving to you.
12   Thank you.
13              THE LAW CLERK:  All rise.  Court is adjourned.
14              (Proceedings concluded at 10:30 a.m.)
15                           -  -  -
16
17
18
19
20
21
22
23
24
25
```

*CERTIFICATION*

I, Robert L. Smith, Official Court Reporter of the United States District Court, Eastern District of Michigan, appointed pursuant to the provisions of Title 28, United States Code, Section 753, do hereby certify that the foregoing pages comprise a full, true and correct transcript taken in the matter of In re: Bearings, direct purchaser actions, Case Nos. 12-00501 & 15-12068, on Wednesday, November 8, 2017.

*s/Robert L. Smith*
Robert L. Smith, RPR, CSR 5098
Federal Official Court Reporter
United States District Court
Eastern District of Michigan

Date:  11/16/2017
Detroit, Michigan