# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

| | |
|---|---|
| **IN RE: AUTOMOTIVE PARTS ANTITRUST LITIGATION** | **Master File No. 12-md-02311 Honorable Marianne O. Battani** |

**In Re: BEARINGS CASES**

| | |
|---|---|
| **THIS DOCUMENT RELATES TO: DIRECT PURCHASER ACTIONS** | **12-cv-00501-MOB-MKM**[1] |

## DIRECT PURCHASER PLAINTIFFS' MOTION TO MAINTAIN SEAL

Direct Purchaser Plaintiffs ("DPPs") respectfully request that the Court order that excerpts of the Transcript of Oral Argument, DPPs' Motion for Class Certification and Defendants' Motion to Exclude Experts' Reports and Testimony dated January 18, 2018 be maintained under seal in the Court's files.

The factual and legal support for this Motion is set forth in the accompanying Brief in Support.

Pursuant to E. D. Mich. L.R. 7.1(a), via electronic mail, counsel for DPPs explained the nature of the Motion to counsel for Defendants. Defendants take no position on the Motion.

---

[1] Because the transcript at issue was filed on the docket in 12-md-02311, DPPs are filing this Motion in 12-md-02311 and 12-cv-00501.

1

Dated: February 19, 2018

Respectfully submitted,

  /s/David H. Fink
David H. Fink (P28235)
Darryl Bressack (P67820)
Nathan J. Fink (P75185)
FINK + ASSOCIATES LAW
38500 Woodward Ave, Suite 350
Bloomfield Hills, MI 48304
Telephone: (248) 971-2500

*Interim Liaison Counsel*

Steven A. Kanner
William H. London
Michael E. Moskovitz
FREED KANNER LONDON
  & MILLEN LLC
2201 Waukegan Road, Suite 130
Bannockburn, IL  60015
Telephone: (224) 632-4500

Joseph C. Kohn
William E. Hoese
Douglas A. Abrahams
KOHN, SWIFT & GRAF, P.C.
One South Broad Street, Suite 2100
Philadelphia, PA  19107
Telephone: (215) 238-1700

Gregory P. Hansel
Randall B. Weill
Michael S. Smith
PRETI, FLAHERTY, BELIVEAU
  & PACHIOS LLP
One City Center, P.O. Box 9546
Portland, ME  04112-9546
Telephone: (207) 791-3000

Eugene A. Spector
William G. Caldes
Jonathan M. Jagher
Jeffrey L. Spector
SPECTOR ROSEMAN & KODROFF, P.C.
1818 Market Street, Suite 2500
Philadelphia, PA  19103
Telephone: (215) 496-0300

*Interim Co-Lead Class Counsel*

M. John Dominguez
COHEN MILSTEIN SELLERS
  & TOLL PLLC
2925 PGA Boulevard, Suite 200
Palm Beach Gardens, FL 33410
Telephone: (561) 833-6575

Solomon B. Cera
Thomas C. Bright
Pamela A. Markert
CERA LLP
595 Market Street, Suite 2300
San Francisco, CA 94105-2835
Telephone: (415) 777-2230

*Additional Counsel*

**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

| | |
|---|---|
| **IN RE: AUTOMOTIVE PARTS ANTITRUST LITIGATION** | **Master File No. 12-md-02311 Honorable Marianne O. Battani** |

**In Re: BEARINGS CASES**

| | |
|---|---|
| **THIS DOCUMENT RELATES TO: DIRECT PURCHASER ACTIONS** | **12-cv-00501-MOB-MKM** |

**BRIEF IN SUPPORT OF DIRECT PURCHASER PLAINTIFFS' MOTION TO MAINTAIN SEAL**

i

## <u>TABLE OF CONTENTS</u>

STATEMENT OF THE ISSUE PRESENTED ................................................................................. iii

CONTROLLING OR MOST APPROPRIATE AUTHORITIES ................................................ iv

I.      INTRODUCTION ............................................................................................ 1

II.     LEGAL STANDARD AND AUTHORITY FOR SEALING.............................. 1

III.    ARGUMENT .................................................................................................... 2

        A.      DPPs' Interests In Maintaining The Confidentiality And Privacy
                Of Their Information Outweigh The Public's Interest In Its
                Disclosure, and References to DPPs' Competitively Sensitive
                Information and Work Product Should Be Maintained Under Seal. .......... 2

        B.      Means Other Than Sealing Are Unavailable. ............................................ 5

IV.     CONCLUSION ................................................................................................ 6

## <u>STATEMENT OF THE ISSUE PRESENTED</u>

Whether the Court should permit competitively sensitive information and expert work product contained in the Transcript of Oral Argument, Direct Purchaser Plaintiffs' Motion for Class Certification and Defendants' Motion to Exclude Experts' Reports and Testimony dated January 1, 2018 to be maintained under seal in the Court's files.

**Direct Purchaser Plaintiffs' Answer:** Yes.

## CONTROLLING OR MOST APPROPRIATE AUTHORITIES

E.D. Mich. L.R. 5.3(b)(2)

*Shane Grp., Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299 (6th Cir. 2016)

iv

## I.     INTRODUCTION

The sealed Transcript of Oral Argument, Direct Purchaser Plaintiffs' ("DPPs") Motion for Class Certification and Defendants' Motion to Exclude Experts' Reports and Testimony dated January 18, 2018 ("Motion Hearing Transcript") contains DPPs' competitively sensitive information, including DPPs' expert work product, which DPPs have a privacy interest in protecting from public disclosure. Because DPPs' interests in maintaining the confidentiality and privacy of their competitively sensitive information outweigh the public's limited interest in its disclosure, DPPs respectfully request that the Court order that the certain excerpts of the Motion Hearing Transcript containing DPPs' competitively sensitive information and expert work product be maintained under seal.  DPPs have carefully examined the Motion Hearing Transcript and narrowly tailored their request to maintain under seal only portions of the Motion Hearing Transcript that contain such information.

## II.    LEGAL STANDARD AND AUTHORITY FOR SEALING

The Eastern District of Michigan Local Rules provide that a party seeking to file an item under seal must serve a motion that includes the following: (1) the authority for sealing; (2) an identification and description of each item proposed for sealing; (3) the reason for which sealing each item is necessary; (4) the reason that a means other than sealing is unavailable or unsatisfactory to preserve the interest advanced by the movant in support of the seal; and (5) a supporting brief.  E.D. Mich. L.R. 5.3(b)(2).  "[T]his Court, as every other court, 'has supervisory power over its own records and files.'"  *Sami v. Detroit Med. Ctr.*, No. 12-12660, 2012 WL 3945532, at *1 (E.D. Mich. Sept. 10, 2012) (quoting *Nixon v. Warner Commc'ns Inc.*, 435 U.S. 589, 598 (1978)).  Consistent with that authority, this Court has the power to seal records under appropriate circumstances.  *Id.* (quoting *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d

1

1165, 1177 (6th Cir. 1983)).  That power, however, is limited by the public's presumptive right to inspect and copy judicial documents and files.  *In re Knoxville News-Sentinel Co., Inc.*, 723 F.2d 470, 474 (6th Cir. 1983).   Accordingly, in *Shane Group, Inc. v. Blue Cross Blue Shield of Michigan*, the Sixth Circuit recognized that "even where a party can show a compelling reason why certain documents or portions thereof should be sealed, the seal itself must be narrowly tailored to serve that reason."  825 F.3d 299, 305-06 (6th Cir. 2016).  Compelling reasons arise and the presumption of public access may be overcome where "interests of privacy outweigh the public's right to know."  *In re Knoxville News-Sentinel Co., Inc.*, 723 F.2d at 474.  Thus, judicial records may be sealed where there is a "particularized need for confidentiality, such as when trade secrets, national security, or certain privacy rights of trial participants or third parties are implicated."  *Encana Oil & Gas (USA), Inc. v. Zaremba Fam. Farms, Inc.*, No. 1:12-CV-369, 2012 WL 1377598, at *1 (W.D. Mich. Apr. 19, 2012) (citing *Brown & Williamson Tobacco Corp.*, 710 F.2d at 1179).

## III.    ARGUMENT

### A.    DPPs' Interests In Maintaining The Confidentiality And Privacy Of Their Information Outweigh The Public's Interest In Its Disclosure, and References to DPPs' Competitively Sensitive Information and Work Product Should Be Maintained Under Seal.

This Court has recognized that competitively sensitive information should remain under seal,[2] which is in line with the Supreme Court's longstanding recognition that courts may "refuse"

---

[2] *See* Order Granting SEI's Motion to Seal Exhibit 30 to the Statement of Undisputed Facts in Support of Denso's Motion for Summary Judgment at 1 (2:12-cv-00101, Doc. No. 367) (Dec. 28, 2016) (competitively sensitive information); Order Granting the Furukawa Defendants' [Unopposed] Motion to Maintain Information Under Seal (2:12-cv-00101, Doc. No. 376) (Jan. 4, 2017) (same); Order Granting Mitsubishi Electric's Motion to Seal Exhibit 31 to the Statement of Undisputed Facts in Support of Denso's Motion for Summary Judgment (12-cv-00101, Doc. No. 369) (Dec. 28, 2016) (same); Order Granting Non-Party Toyota's Motion to Maintain Under Seal Certain Portions of the Defendants' Summary Judgment Materials Pursuant to L.R. 5.3(b) at 1 (2:12-cv-00101, Doc. No. 368) (Dec. 28, 2016) (same).

to permit their files to serve "as sources of business information that might harm a litigant's competitive standing." *Nixon*, 435 U.S. at 598. Similarly, in *Apple, Inc. v. Samsung Electronics Co., Ltd.*, the Federal Circuit concluded that detailed product-specific financial information, including such things as costs, sales, profits, and profit margins, is appropriately sealable under the "compelling reasons" standard where that information can be used to the company's competitive disadvantage. 727 F.3d 1214, 1223-25 (Fed. Cir. 2013). Applying this reasoning, courts routinely allow documents containing cost, pricing, and sales terms to be filed under seal. *See, e.g.*, *TVIIM, LLC v. McAfee, Inc.*, No. 13-CV-04545-HSG, 2015 WL 4448022, at *3-4 (N.D. Cal. July 19, 2015) (granting motion to seal documents containing product-specific profit margins, average sales prices, number of units sold, and confidential product pricing information); *Asetek Danmark A/S v. CMI USA, Inc.*, No. 13-CV-00457-JST, 2015 WL 4511036, at *2 (N.D. Cal. July 23, 2015) (granting motion to seal filings containing sales figures, profit margins, and royalty rates); *see also Bracco Diagnostics, Inc. v. Amersham Health Inc.*, No. CIVA 3-6025FLW, 2007 WL 2085350, at *6 (D. N.J. July 18, 2007) ("Commercially sensitive information, such as information from which profit margins can be deduced, and from which a litigant's market competitiveness may be harmed is often sealed from public access.").

Courts also regularly allow documents containing information relating to negotiations and negotiation strategies to be filed under seal on the ground that they are trade secrets.[3] *See, e.g.*, *F.T.C. v. OSF Healthcare Sys.*, No. 11 C 50344, 2012 WL 1144620, at *2-10 (N.D. Ill. Apr. 5, 2012) (concluding that documents containing contract negotiations and strategies qualified as trade

---

[3] Unlike the parties in *Shane*, DPPs offer more than "only platitudes" to support their request to keep their financial and negotiating information under seal. *See id.* at 308. Indeed, DPPs have described in detail the financial and negotiating information they seek to seal and demonstrated how the information is competitively sensitive.

secrets and granting motions to seal); *Saint Alphonsus Med. Ctr.-Nampa, Inc. v. St. Luke's Health Sys., Ltd.*, No. 1:12-CV-00560-BLW, 2015 WL 632311, at *5 (D. Idaho Feb. 13, 2015) ("Each of these exhibits contains some mixture of negotiating strategy, prices, rates, projections, and other financial information . . . . If revealed to competitors, they would obtain a competitive advantage . . . . As such, each contains trade secrets. The Court therefore finds compelling reasons to seal these five exhibits.") (internal citation omitted).   In *Shane*, the Sixth Circuit recognized that "legitimate trade secrets [are] a recognized exception to the right of public access to judicial records."  825 F.3d at 308. Courts have also permitted documents containing expert work product to be filed under seal. *Asdale v. Int'l Game Tech.*, No. 3:04-CV-703-RAM, 2010 WL 2161930, at *6 (D. Nev. May 28, 2010) (concluding that defendant had shown good cause to maintain expert report under seal where the report contained defendant's "proprietary information, attorney-client communication, and work product"); *see also Jaffe v. Morgan Stanley & Co.*, No. C 06-3903 TEH, 2008 WL 346417, at *9 (N.D. Cal. Feb. 7, 2008) ("[T]his Court will not grant Objectors discovery of workforce data, or order disclosure of the privileged work product in Mr. Klein's declaration filed under seal, so that Objectors can provide an alternative valuation of damages.").

DPPs have identified the following excerpts of the Motion Hearing Transcript as containing DPPs' competitively sensitive information:

- Motion Hearing Transcript 196:17-21:  This excerpt describes the types of bearings that DPP Sherman Bearings, Inc. purchased from Defendants and the manner in which Sherman purchased those bearings.

- Motion Hearing Transcript 196:23-197:1: This excerpt describes the types of bearings that DPP McGuire Bearings Co. purchased from Defendants and the manner in which McGuire purchased those bearings.

4

- Motion Hearing Transcript 197:2: This excerpt describes the manner in which DPP DALC Gear & Bearing Supply Corp. purchased bearings from Defendants.

DPPs have identified the following excerpts of the Motion Hearing Transcript as containing DPPs' expert work product:

- Motion Hearing Transcript 21:24-25; 22:8-9; 29:10-12; 40:23; 61:13-15; 80:4-5; 80:16-17; 88:9; 210:16; 224:25-225:1; 225:10; 225:20: These excerpts discuss the percentage overcharge calculated by DPPs' expert.

The information contained in the Motion Hearing Transcript discloses the types of bearings DPPs' purchased from Defendants and the manner in which DPPs made those purchases. This is precisely the type of information routinely found to be competitively sensitive trade secrets. Additionally, the percentage overcharge disclosed in the Motion Hearing Transcript was calculated by DPPs' experts and was derived from highly confidential and sensitive pricing data produced by the parties during the discovery phase in the litigation and constitutes DPPs' expert work product. Accordingly, DPPs request that this Court conclude that the sections of the Motion Hearing Transcript identified above constitute competitively sensitive information and expert work product, that DPPs' interests in maintaining the confidentiality of these sections outweigh the public's right to access them, and order that they be maintained under seal.

**B.    Means Other Than Sealing Are Unavailable.**

There are no other satisfactory means available to preserve DPPs' interests in maintaining the privacy of their competitively sensitive information and work product. Rather than ask the Court to maintain the Motion Hearing Transcript under seal in its entirety, however, DPPs have narrowly tailored their requests to include only those excerpts of the Motion Hearing Transcript that contain competitively sensitive information or expert work product.

## IV.   CONCLUSION

For the foregoing reasons, the Court should conclude that the excerpts of the Motion Hearing Transcript identified by DPPs as containing competitively sensitive information or expert work product are protected from disclosure. Accordingly, DPPs request the Court order that these excerpts be maintained under seal.

Dated: February 19, 2018

Respectfully submitted,

  /s/David H. Fink
David H. Fink (P28235)
Darryl Bressack (P67820)
Nathan J. Fink (P75185)
FINK + ASSOCIATES LAW
38500 Woodward Ave, Suite 350
Bloomfield Hills, MI 48304
Telephone: (248) 971-2500

*Interim Liaison Counsel*

Steven A. Kanner
William H. London
Michael E. Moskovitz
FREED KANNER LONDON
   & MILLEN LLC
2201 Waukegan Road, Suite 130
Bannockburn, IL  60015
Telephone: (224) 632-4500

Joseph C. Kohn
William E. Hoese
Douglas A. Abrahams
KOHN, SWIFT & GRAF, P.C.
One South Broad Street, Suite 2100
Philadelphia, PA  19107
Telephone: (215) 238-1700

Gregory P. Hansel
Randall B. Weill
Michael S. Smith
PRETI, FLAHERTY, BELIVEAU
   & PACHIOS LLP
One City Center, P.O. Box 9546
Portland, ME  04112-9546
Telephone: (207) 791-3000

Eugene A. Spector
William G. Caldes
Jonathan M. Jagher
Jeffrey L. Spector
SPECTOR ROSEMAN & KODROFF, P.C.
1818 Market Street, Suite 2500
Philadelphia, PA  19103
Telephone: (215) 496-0300

*Interim Co-Lead Class Counsel*

6

M. John Dominguez
COHEN MILSTEIN SELLERS
 & TOLL PLLC
2925 PGA Boulevard, Suite 200
Palm Beach Gardens, FL 33410
Telephone: (561) 833-6575

Solomon B. Cera
Thomas C. Bright
Pamela A. Markert
CERA LLP
595 Market Street, Suite 2300
San Francisco, CA 94105-2835
Telephone: (415) 777-2230

*Additional Counsel*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on February 19, 2018, I electronically filed the foregoing paper with the Clerk of the court using the ECF system, which will send notification of such filing to all counsel of record registered for electronic filing.

<div style="margin-left:50%">

/s/ Nathan J. Fink
David H. Fink (P28235)
Darryl Bressack (P67820)
Nathan J. Fink (P75185)
FINK + ASSOCIATES LAW
38500 Woodward Ave; Suite 350
Bloomfield Hills, MI 48304
(248) 971-2500

</div>