# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| IN RE: AUTOMOTIVE PARTS ANTITRUST LITIGATION | No. 12-md-02311<br>Hon. Marianne O. Battani |

| | |
|---|---|
| IN RE: WIRE HARNESS SYSTEMS | Case No. 2:12-cv-00103 |
| IN RE: INSTRUMENT PANEL CLUSTERS | Case No. 2:12-cv-00203 |
| IN RE: HEATER CONTROL PANELS | Case No. 2:12-cv-00403 |
| IN RE: AUTOMOTIVE BEARINGS | Case No. 2:12-cv-00503 |
| IN RE: ANTI-VIBRATIONAL RUBBER PARTS | Case No. 2:13-cv-00803 |
| IN RE: WINDSHIELD WIPER SYSTEMS | Case No. 2:13-cv-00903 |
| IN RE: RADIATORS | Case No. 2:13-cv-01003 |
| IN RE: STARTERS | Case No. 2:13-cv-01103 |
| IN RE: AUTOMOTIVE LAMPS | Case No. 2:13-cv-01203 |
| IN RE: IGNITION COILS | Case No. 2:13-cv-01403 |
| IN RE: HID BALLASTS | Case No. 2:13-cv-01703 |
| IN RE: ELECTRIC POWERED STEERING ASSEMBLIES | Case No. 2:13-cv-01903 |
| IN RE: FAN MOTORS | Case No. 2:13-cv-02103 |
| IN RE: FUEL INJECTION SYSTEMS | Case No. 2:13-cv-02203 |
| IN RE: POWER WINDOW MOTORS | Case No. 2:13-cv-02303 |
| IN RE: AUTOMATIC TRANSMISSION FLUID WARMERS | Case No. 2:13-cv-02403 |
| IN RE: AIR CONDITIONING SYSTEMS | Case No. 2:13-cv-02703 |
| IN RE: WINDSHIELD WASHER SYSTEMS | Case No. 2:13-cv-02803 |
| IN RE: AUTOMOTIVE CONSTANT VELOCITY JOINT BOOT PRODUCTS | Case No. 2:14-cv-02903 |
| IN RE: SPARK PLUGS | Case No. 2:15-cv-03003 |
| IN RE: SHOCK ABSORBERS | Case No. 2:15-cv-03303 |
| IN RE: BODY SEALINGS | Case No. 2:16-cv-03403<br>2:16-cv-10456 |
| IN RE: INTERIOR TRIM PRODUCTS | Case No. 2:16-cv-03503 |
| IN RE: AUTOMOTIVE BRAKE HOSES | Case No. 2:16-cv-03603 |
| IN RE: EXHAUST SYSTEMS | Case No. 2:16-cv-03703 |
| IN RE: CERAMIC SUBSTRATES | Case No. 2:16-cv-03803<br>2:16-cv-11804 |
| IN RE: AUTOMOTIVE STEEL TUBES | Case No. 2:16-cv-04003 |

|  | 2:16-cv-12949 |
| --- | --- |
| IN RE: ACCESS MECHANISMS | Case No. 2:16-cv-04103 |
| IN RE: SIDE DOOR LATCHES | Case No. 2:16-cv-04303 |
|  | 2:17-cv-11637 |

THIS DOCUMENT RELATES TO:
End-Payor Actions

**END-PAYOR PLAINTIFFS' UNOPPOSED MOTION FOR AUTHORIZATION TO
DISSEMINATE MARCH 2018 NOTICE TO THE
<u>END-PAYOR PLAINTIFFS SETTLEMENT CLASSES</u>**

End-Payor Plaintiffs ("EPPs") respectfully move the Court, pursuant to Federal Rule of Civil Procedure ("Rule") 23, for an order: (i) approving the proposed March 2018 Notice Program and Notice Forms (together, "March 2018 Notice") and continuing to approve the use of the Claim Form; (ii) approving the proposed schedule for the March 2018 Notice Program and consideration of Final Approval of the Round 3 Settlements (defined below); and (iii) authorizing EPPs to disseminate the Claim Form and March 2018 Notice to potential members of the Settlement Classes ("Motion").  In support of this Motion, EPPs rely upon the accompanying memorandum of law as well as the supporting declarations and exhibits, all of which are incorporated by reference herein.

The Round 3 Settling Defendants (defined below) do not oppose the relief sought in this Motion.

Dated: February 23, 2018

Respectfully submitted,

SUSMAN GODFREY LLP
*/s/ Marc M. Seltzer*
Marc M. Seltzer
Steven G. Sklaver
1901 Avenue of the Stars, Suite 950
Los Angeles, California 90067-6029
Telephone: (310) 789-3100
mseltzer@susmangodfrey.com
ssklaver@susmangodfrey.com

Steven M. Shepard
1301 Ave. of the Americas, Fl. 32
New York, NY 10019
Telephone: (212) 729-2010
Facsimile: (212) 336‑8340
sshepard@susmangodfrey.com

Terrell W. Oxford
Chanler A. Langham
1000 Louisiana Street, Suite 5100
Houston, Texas 77002
Telephone: (713) 651-9366

Facsimile: (713) 651-6666
toxford@susmangodfrey.com
clangham@susmangodfrey.com

Floyd Short
1201 3rd Ave
Seattle, WA 98101
Telephone: (206) 516-3880
fshort@susmangodfrey.com

Adam J. Zapala
Elizabeth Castillo
COTCHETT, PITRE & McCARTHY, LLP
San Francisco Airport Office Center
840 Malcolm Road, Suite 200
Burlingame, California 94010
Telephone: (650) 697-6000
azapala@cmplegal.com
ecastillo@cpmlegal.com

Hollis Salzman
Bernard Persky
William V. Reiss
Noelle Feigenbaum
ROBINS KAPLAN LLP
399 Park Avenue, Suite 3600
New York, New York 10022
Telephone: (212) 980-7400
hsalzman@robinskaplan.com
bpersky@robinskaplan.com
wreiss@robinskaplan.com
nfeigenbaum@robinskaplan.com

E. Powell Miller
Devon P. Allard
THE MILLER LAW FIRM, P.C.
950 W. University Dr., Ste. 300
Rochester, Michigan 48307
Telephone: (248) 841-2200
Facsimile: (248) 652-2852
epm@millerlawpc.com
dpa@millerlawpc.com

***Counsel for End-Payor Plaintiffs***

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| IN RE: AUTOMOTIVE PARTS ANTITRUST LITIGATION | No. 12-md-02311<br>Hon. Marianne O. Battani |

| | |
|---|---|
| IN RE: WIRE HARNESS SYSTEMS | Case No. 2:12-cv-00103 |
| IN RE: INSTRUMENT PANEL CLUSTERS | Case No. 2:12-cv-00203 |
| IN RE: HEATER CONTROL PANELS | Case No. 2:12-cv-00403 |
| IN RE: AUTOMOTIVE BEARINGS | Case No. 2:12-cv-00503 |
| IN RE: ANTI-VIBRATIONAL RUBBER PARTS | Case No. 2:13-cv-00803 |
| IN RE: WINDSHIELD WIPER SYSTEMS | Case No. 2:13-cv-00903 |
| IN RE: RADIATORS | Case No. 2:13-cv-01003 |
| IN RE: STARTERS | Case No. 2:13-cv-01103 |
| IN RE: AUTOMOTIVE LAMPS | Case No. 2:13-cv-01203 |
| IN RE: IGNITION COILS | Case No. 2:13-cv-01403 |
| IN RE: HID BALLASTS | Case No. 2:13-cv-01703 |
| IN RE: ELECTRIC POWERED STEERING ASSEMBLIES | Case No. 2:13-cv-01903 |
| IN RE: FAN MOTORS | Case No. 2:13-cv-02103 |
| IN RE: FUEL INJECTION SYSTEMS | Case No. 2:13-cv-02203 |
| IN RE: POWER WINDOW MOTORS | Case No. 2:13-cv-02303 |
| IN RE: AUTOMATIC TRANSMISSION FLUID WARMERS | Case No. 2:13-cv-02403 |
| IN RE: AIR CONDITIONING SYSTEMS | Case No. 2:13-cv-02703 |
| IN RE: WINDSHIELD WASHER SYSTEMS | Case No. 2:13-cv-02803 |
| IN RE: AUTOMOTIVE CONSTANT VELOCITY JOINT BOOT PRODUCTS | Case No. 2:14-cv-02903 |
| IN RE: SPARK PLUGS | Case No. 2:15-cv-03003 |
| IN RE: SHOCK ABSORBERS | Case No. 2:15-cv-03303 |
| IN RE: BODY SEALINGS | Case No. 2:16-cv-03403<br>2:16-cv-10456 |
| IN RE: INTERIOR TRIM PRODUCTS | Case No. 2:16-cv-03503 |
| IN RE: AUTOMOTIVE BRAKE HOSES | Case No. 2:16-cv-03603 |
| IN RE: EXHAUST SYSTEMS | Case No. 2:16-cv-03703 |
| IN RE: CERAMIC SUBSTRATES | Case No. 2:16-cv-03803<br>2:16-cv-11804 |
| IN RE: AUTOMOTIVE STEEL TUBES | Case No. 2:16-cv-04003 |

1

|                              |                         |
| ---------------------------- | ----------------------- |
|                              | 2:16-cv-12949           |
| IN RE: ACCESS MECHANISMS     | Case No. 2:16-cv-04103  |
| IN RE: SIDE DOOR LATCHES     | Case No. 2:16-cv-04303  |
|                              | 2:17-cv-11637           |

THIS DOCUMENT RELATES TO:
End-Payor Actions

### END-PAYOR PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF UNOPPOSED MOTION FOR AUTHORIZATION TO DISSEMINATE MARCH 2018 NOTICE TO THE END-PAYOR PLAINTIFFS SETTLEMENT CLASSES

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ........................................................................................ ii

STATEMENT OF ISSUES PRESENTED................................................................... iv

STATEMENT OF CONTROLLING OR MOST APPROPRIATE AUTHORITIES ................. v

I.      INTRODUCTION .......................................................................... 3

II.     THE MARCH 2018 NOTICE PROGRAM......................................... 9

III.    THE ROUND 3 SETTLEMENT CLASSES..................................... 10

IV.     THE PROPOSED MARCH 2018 NOTICE PROGRAM SATISFIES RULE 23
        AND DUE PROCESS .................................................................... 11

        A.    The Long-Form and Short-Form Notices Should Be Approved ........................ 11

        B.    The March 2018 Notice Program Satisfies Rule 23 and Due Process.................. 14

              1.    Rule 23 and Due Process Require Notice That Is Reasonably
                    Calculated to Reach Interested Parties...................................... 14

              2.    The March 2018 Notice Program Is Reasonably Calculated to
                    Reach Interested Parties...................................................... 15

        C.    The Proposed March 2018 Notice Schedule Should Be Approved..................... 17

V.      CONCLUSION............................................................................. 18

## TABLE OF AUTHORITIES

**CASES**

*Fidel v. Farley*,
    534 F.3d 508 (6th Cir. 2008) ........................................................................ 14

*In re Celera Corp. Shareholder Litig.*,
    59 A.3d 418 (Del. 2012) .............................................................................. 11

*In re Google Referrer Header Privacy Litig.*,
    No. 5:10-cv-04809, 2014 U.S. Dist. LEXIS 41695 (N.D. Cal. Mar. 26, 2014) ................ v

*In re Google Referrer Header Privacy Litig.*, No. 5:10-cv-04809, 2014 U.S. Dist. LEXIS
    41695, at *24 (N.D. Cal. Mar. 26, 2014) ........................................................ 14

*In re Heartland Payment Sys.*,
    851 F. Supp. 2d 1040 (S.D. Tex. 2012) .......................................................... 15

*In re Prudential Ins. Co. Am. Sales Practice Litig. Agent Actions*,
    148 F.3d 283 (3d Cir. 1998)......................................................................... 13

*In re Warfarin Sodium Antitrust Litig.*,
    391 F.3d 516 (3d Cir. 2004)...................................................................... v, 14

*Karkoukli's, Inc. v. Dohany*,
    409 F.3d 279 (6th Cir. 2005) .................................................................... v, 14

*Mullane v. Central Hanover Bank & Trust Co.*,
    339 U.S. 306 (1950)................................................................................ v, 14

*Penson v. Terminal Transp. Co.*,
    634 F.2d 989 (5th Cir. 1981) ....................................................................... 11

*Roberts v. Shermeta, Adams & Von Allmen, P.C.*,
    No. 13-cv-01241, 2015 U.S. Dist. LEXIS 38434 (W.D. Mich. Feb. 23, 2015) .............. 14

**RULES**

Fed. R. Civ. P. 23(b)(3)................................................................................ 11

Fed. R. Civ. P. 23(c)(2)(B) ............................................................... 11, 12, 15

Fed. R. Civ. P. 23(e)(1)......................................................................... 11, 15

**OTHER AUTHORITIES**

*Manual for Complex Litigation, Fourth* § 21.312 (Federal Judicial Center 2004)....................... 15

**TREATISES**

Joseph M. McLaughlin, 1 *McLaughlin on Class Actions* § 5:21 (8th ed. 2011) ......................... 12

William B. Rubenstein, *Newberg on Class Actions* § 4:36 (5th ed.)........................................... 12

## **STATEMENT OF ISSUES PRESENTED**

1.    Whether the Court should approve the proposed March 2018 Notice Program described in detail below;

2.    Whether the Court should approve the proposed schedule for the March 2018 Notice Program described below; and

3.    Whether the Court should authorize the dissemination of the Claim Form and March 2018 Notice to potential members of the Settlement Classes.

## <u>STATEMENT OF CONTROLLING OR MOST APPROPRIATE AUTHORITIES</u>

*Karkoukli's, Inc. v. Dohany,* 409 F.3d 279 (6th Cir. 2005)

*Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306 (1950)

*In re Google Referrer Header Privacy Litig.*, No. 5:10-cv-04809, 2014 U.S. Dist. LEXIS 41695
(N.D. Cal. Mar. 26, 2014)

*In re Warfarin Sodium Antitrust Litig.*, 391 F.3d 516 (3d Cir. 2004)

EPPs respectfully submit this Memorandum of Law in support of their Motion to Disseminate the March 2018 Notice, which will give the Settlement Classes notice of the Settlements, the Claim Form, and the Plan of Allocation.

EPPs have settled with an additional 32 Defendants and their affiliates ("Round 3 Settling Defendants"), for $417,623,040, and now respectfully seek leave to provide notice of these "Round 3 Settlements" to members of the class.[1]  (In Round 1 and 2, EPPs previously settled

---

[1] The Round 3 Settling Defendants are:

1. Aisan Industry Co., Ltd.; Franklin Precision Industry, Inc.; Aisan Corporation of America; and Hyundam Industrial Co., Ltd. (collectively, "Aisan"),
2. ALPHA Corporation and Alpha Technology Corporation (collectively, "ALPHA"),
3. Alps Electric Co., Ltd.; Alps Electric (North America), Inc.; and Alps Automotive Inc. (collectively, "Alps"),
4. Robert Bosch GmbH and Robert Bosch LLC (collectively, "Bosch"),
5. Bridgestone Corporation and Bridgestone APM Company (collectively, "Bridgestone"),
6. Calsonic Kansei Corporation and Calsonic Kansei North America, Inc. (collectively, "Calsonic"),
7. Chiyoda Manufacturing Corporation and Chiyoda USA Corporation (collectively, "Chiyoda"),
8. Continental Automotive Electronics LLC, Continental Automotive Korea Ltd, and Continental Automotive Systems, Inc. (collectively, "Continental"),
9. Diamond Electric Mfg. Co., Ltd. and Diamond Electric Mfg. Corporation (collectively, "Diamond Electric"),
10. Eberspächer Exhaust Technology GmbH & Co. KG and Eberspächer North America Inc. (collectively, "Eberspächer"),
11. Faurecia Abgastechnik GmbH; Faurecia Systèmes d'Échappement; Faurecia Emissions Control Technologies, USA, LLC; and Faurecia Emissions Control Systems, N.A. LLC f/k/a Faurecia Exhaust Systems, Inc. (collectively, "Faurecia"),
12. Hitachi Automotive Systems, Ltd. ("HIAMS"),
13. Hitachi Metals, Ltd.; Hitachi Cable America Inc.; and Hitachi Metals America, Ltd.; (collectively, "Hitachi Metals"),
14. INOAC Corporation; INOAC Group North America, LLC; and INOAC USA Inc. (collectively, "INOAC"),
15. JTEKT Corporation; JTEKT Automotive North America, Inc.; and JTEKT North America Corp. (formerly d/b/a Koyo Corporation of U.S.A.) (collectively, "JTEKT"),
16. Kiekert AG and Kiekert U.S.A., Inc. (collectively, "Kiekert"),
17. Koito Manufacturing Co., Ltd. and North American Lighting, Inc. (collectively, "KOITO"),
18. MAHLE Behr GmbH & Co. KG and MAHLE Behr USA Inc. (collectively, "MAHLE Behr"),

with 23 Defendants. The Court entered orders finally approving the Round 1 Settlements on

August 9, 2016,[2] *see, e.g.*, Amended Opinion and Order Granting Final Approval, *Wire Harness*

*Systems*, 2:12-cv-00103, ECF No. 512, and finally approving the Round 2 Settlements on July

---

19. MITSUBA Corporation and American Mitsuba Corporation (collectively, "MITSUBA"),
20. Nachi-Fujikoshi Corp. and Nachi America Inc. (collectively, "Nachi"),
21. NGK Insulators, Ltd. And NGK Automotive Ceramics USA, Inc. (collectively, "NGK Insulators"),
22. NGK Spark Plug Co., Ltd. and NGK Spark Plugs (U.S.A.), Inc. (collectively, "NGK Spark Plugs"),
23. Nishikawa Rubber Company, Ltd. ("Nishikawa"),
24. NTN Corporation and NTN USA Corporation (collectively, "NTN"),
25. Sanden Automotive Components Corporation, Sanden Automotive Climate Systems Corporation, and Sanden International (U.S.A.) Inc. (collectively, "Sanden"),
26. SKF USA Inc. ("SKF"),
27. Tenneco Inc., Tenneco GmbH and Tenneco Automotive Operating Co., Inc. (collectively, "Tenneco"),
28. Toyo Tire & Rubber Co. Ltd.; Toyo Tire North America OE Sales LLC; and Toyo Automotive Parts (USA), Inc. (collectively, "Toyo"),
29. Usui Kokusai Sangyo Kaisha, Ltd and Usui International Corporation (collectively, "Usui"),
30. Valeo S.A. ("Valeo")
31. Yamada Manufacturing Co. Ltd. and Yamada North America, Inc. (collectively, "Yamada"),
32. Yamashita Rubber Co., Ltd. and YUSA Corporation (collectively, "YAMASHITA").

[2] The Round 1 Settling Defendants are: (1) Autoliv, Inc., Autoliv ASP, Inc., Autoliv B.V. & Co. KG, Autoliv Safety Technology, Inc., and Autoliv Japan Ltd. (*Occupant Safety Restraint Systems*); (2) Fujikura, Ltd. and Fujikura Automotive America LLC (*Wire Harness Systems*); (3) HIAMS (*Alternators*; *Starters*; *Ignition Coils*; *Motor Generators*; *Inverters*; *Air Flow Meters*; *Fuel Injection Systems*; *Valve Timing Control Devices*; *Electronic Throttle Bodies*); (4) Kyungshin-Lear Sales and Engineering, LLC (*Wire Harness Systems*); (5) Lear Corporation (*Wire Harness Systems*); (6) Nippon Seiki Co., Ltd., N.S. International, Ltd., and New Sabina Industries, Inc. (*Instrument Panel Clusters*); (7) Panasonic Corporation and Panasonic Corporation of North America (*Switches*; *Steering Angle Sensors*; *HID Ballasts*); (8) T.RAD Co., Ltd. and T.RAD North America, Inc. (*Automatic Transmission Fluid Warmers*; *Radiators*); (9) TRW Deutschland Holding GmbH and ZF TRW Automotive Holdings Corp. (formerly known as TRW Automotive Holdings Corp.) (*Occupant Safety Restraint Systems*); (10) Sumitomo Electric Industries, Ltd., Sumitomo Wiring Systems, Ltd., Sumitomo Electric Wiring Systems, Inc. (incorporating K&S Wiring Systems, Inc.), Sumitomo Wiring Systems (U.S.A.) Inc., (*Wire Harness Systems*; *Heater Control Panels*); and (11) Yazaki Corporation and Yazaki North America, Incorporated (*Wire Harness Systems*; *Instrument Panel Clusters*; *Fuel Senders*).

10, 2017,[3] *see, e.g.*, Order Granting Final Approval to the Round 2 Settlements, *Wire Harness Systems*, 2:12-cv-00103, ECF No. 576.

## I.    INTRODUCTION

EPPs seek to provide notice of the Round 3 Settlements to members of the Settlement Classes.  As with the prior notice programs, EPPs have retained Kinsella Media, LLC ("Kinsella") to develop the notice program and forms of Notice for these Round 3 Settlements, and have retained Garden City Group, LLC ("GCG") as Settlement Claims Administrator.[4]

EPPs propose the following schedule of key dates for the Round 3 Settlement Notice:

**April 16, 2018:**  Begin sending notice to potential members of the Settlement Classes.

**June 14, 2018:** Deadline for Settlement Class Counsel to file Motion for Final Approval of the Round 3 Settlements and, if Settlement Class Counsel elects, their Motion for Attorneys' Fees.

---

[3] The Round 2 Settling Defendants are: (1) Aisin Seiki Co., Ltd. and Aisin Automotive Casting, LLC (collectively, "Aisin Seiki"); (2) DENSO Corporation, DENSO International America, Inc., DENSO International Korea Corporation, DENSO Korea Automotive Corporation, DENSO Automotive Deutschland GmbH, ASMO Co., Ltd., ASMO North America, LLC, ASMO Greenville of North Carolina, Inc., and ASMO Manufacturing, Inc. (collectively, "DENSO"); (3) Furukawa Electric Co., Ltd. and American Furukawa, Inc. (collectively, "Furukawa"); (4) G.S. Electech, Inc., G.S. Wiring Systems Inc., and G.S.W. Manufacturing, Inc. (collectively, "G.S. Electech"); (5) Leoni Wiring Systems, Inc. and Leonische Holding Inc. (collectively, "Leoni"); (6) Mitsubishi Electric Corporation, Mitsubishi Electric US Holdings, Inc., and Mitsubishi Electric Automotive America, Inc. (collectively, "MELCO"); (7) NSK Ltd., NSK Americas, Inc., NSK Steering Systems Co., Ltd., and NSK Steering Systems America, Inc. (collectively, "NSK"); (8) Omron Automotive Electronics Co. Ltd. ("Omron"); (9) Schaeffler Group USA Inc. ("Schaeffler"); (10) Sumitomo Riko Co. Ltd. and DTR Industries, Inc. (collectively, "Sumitomo Riko"); (11) Tokai Rika Co., Ltd. and TRAM, Inc. d/b/a Tokai Rika U.S.A. Inc. (collectively, "Tokai Rika") (settlement in *Wire Harness* only); and (12) Valeo Japan Co., Ltd., on behalf of itself and Valeo Inc., Valeo Electrical Systems, Inc., and Valeo Climate Control Corp (collectively, "Valeo Japan").

[4] The Court previously appointed Kinsella and GCG as Notice Administrator and Settlement Claims Administrator, respectively. *See* Order Granting EPPs' Motion for Authorization to Disseminate Notice, *Alternators*, 2:13-cv-00703, ECF No. 54. Accordingly, in this Motion, EPPs do not recite their qualifications.

3

**July 13, 2018:** Deadline for class members to object or opt out.

**August 1, 2018, 10:00 am:** Fairness Hearing before the Court.

To meet this proposed schedule, EPPs respectfully request that the Court enter orders preliminarily approving the remaining six Round 3 Settlements and granting this Motion by no later than March 8, 2018. Kinsella has informed Settlement Class Counsel[5] that if the settlements do not receive preliminary approval by March 8, then new dates may need to be proposed. *See* Ex. 1, Declaration of Shannon R. Wheatman, Ph.D., on Adequacy of Notice and Notice Plan ("Wheatman Decl. on March 2018 Notice").

Figure 1 lists the Round 3 Settling Defendants, the amounts of the settlements, and the actions to which the Round 3 Settlements apply.

**FIGURE 1**

| Settling Defendant | Total Settlement Amount | Part(s) | Settlement Amount per Part |
|---|---|---|---|
| **Aisan** | $4,560,000.00 | Fuel Injection Systems, 13-cv-02203 | $4,560,000.00 |
| **ALPHA** | $2,698,000.00 | Access Mechanisms, 16-cv-4103 | $2,698,000.00 |
| **Alps** | $3,230,000.00 | Heater Control Panels, 12-cv-00403 | $3,230,000.00 |
| **Bosch** | $33,440,000.00 | Windshield Wiper Systems, 13-cv-00903 | $508,288.00 |

---

[5] Settlement Class Counsel law firms are Robins Kaplan LLP, Cotchett, Pitre & McCarthy, LLP and Susman Godfrey L.L.P.

4

| Settling Defendant | Total Settlement Amount | Part(s) | Settlement Amount per Part |
|---|---|---|---|
| **Bosch** | | Starters, 13-cv-01103 | $1,039,984.00 |
| **Bosch** | | Fuel Injection Systems, 13-cv-02203 | $2,892,560.00 |
| **Bosch** | | Spark Plugs, 15-cv-03003 | $28,999,168.00 |
| **Bridgestone** | $29,640,000.00 | Anti-Vibrational Rubber Parts, 13-cv-00803 | $29,640,000.00 |
| **Calsonic** | $11,121,840.00 | Radiators, 13-cv-01003 | $5,587,612.42 |
| **Calsonic** | | Automatic Transmission Fluid Warmers, 13-cv-02403 | $380,366.93 |
| **Calsonic** | | Air Conditioning Systems, 13-cv-02703 | $5,153,860.65 |
| **Chiyoda** | $1,915,200.00 | Wire Harness Systems, 12-cv-00103 | $1,915,200.00 |
| **Continental** | $3,800,000.00 | Instrument Panel Clusters, 12-cv-00203 | $3,800,000.00 |
| **Diamond Electric** | $5,396,000.00 | Ignition Coils, 13-cv-01403 | $5,396,000.00 |
| **Eberspacher** | $1,368,000.00 | Exhaust Systems, 16-cv-03703 | $1,368,000.00 |

5

| Settling Defendant | Total Settlement Amount | Part(s) | Settlement Amount per Part |
|---|---|---|---|
| **Faurecia** | $1,482,000.00 | Exhaust Systems, 16-cv-03703 | $1,482,000.00 |
| **HIAMS** | $13,300,000.00 | Shock Absorbers, 15-cv-03303 | $13,300,000.00 |
| **Hitachi Metals** | $1,140,000.00 | Automotive Brake Hoses, 16-cv-03603 | $1,140,000.00 |
| **INOAC** | $2,470,000.00 | Interior Trim Products, 16-cv-03503 | $2,470,000.00 |
| **JTEKT** | $47,500,000.00 | Automotive Bearings, 12-cv-00503 | $43,418,819.00 |
| **JTEKT** | | Electric Powered Steering Assemblies, 13-cv-01903 | $4,081,181.00 |
| **Kiekert** | $2,280,000.00 | Side Door Latches, 16-cv-04303 & 17-cv-11637 | $2,280,000.00 |
| **KOITO** | $22,990,000.00 | HID Ballasts, 13-cv-01703 | $1,335,346.90 |
| **KOITO** | | Automotive Lamps, 13-cv-01203 | $21,654,653.10 |
| **MAHLE Behr** | $1,482,000.00 | Air Conditioning Systems, 13-cv-02703 | $1,482,000.00 |
| **MITSUBA** | $72,200,000.00 | Windshield Wiper Systems, 13-cv-00903 | $32,895,142.38 |
| **MITSUBA** | | Radiators, 13-cv-01003 | $3,664,422.11 |

| Settling Defendant | Total Settlement Amount | Part(s) | Settlement Amount per Part |
|---|---|---|---|
| MITSUBA | | Starters, 13-cv-01103 | $9,457,353.43 |
| MITSUBA | | Automotive Lamps, 13-cv-01203 | $241,876.05 |
| MITSUBA | | Electric Powered Steering Assemblies, 13-cv-01903 | $169,313.23 |
| MITSUBA | | Fan Motors, 13-cv-02103 | $3,664,422.11 |
| MITSUBA | | Fuel Injection Systems, 13-cv-02203 | $1,378,693.47 |
| MITSUBA | | Power Window Motors, 13-cv-02303 | $19,180,770.52 |
| MITSUBA | | Windshield Washer Systems, 13-cv-02803 | $1,548,006.70 |
| Nachi | $3,230,000.00 | Automotive Bearings, 12-cv-00503 | $3,230,000.00 |
| NGK Insulators | $12,160,000.00 | Ceramic Substrates, 16-cv-03803 & 16-cv-11804 | $12,160,000.00 |
| NGK Spark Plugs | $12,730,000.00 | Spark Plugs, 15-cv-03003 | $12,730,000.00 |
| Nishikawa | $37,620,000.00 | Body Sealings, 16-cv-03403, 16-cv-10456 | $37,620,000.00 |

| Settling Defendant | Total Settlement Amount | Part(s) | Settlement Amount per Part |
|---|---|---|---|
| NTN | $6,574,000.00 | Automotive Bearings, 12-cv-00503 | $6,574,000.00 |
| Sanden | $7,600,000.00 | Air Conditioning Systems, 13-cv-02703 | $7,600,000.00 |
| SKF | $7,600,000.00 | Automotive Bearings, 12-cv-00503 | $7,600,000.00 |
| Tenneco | $17,480,000.00 | Exhaust Systems, 16-cv-03703 | $17,480,000.00 |
| Toyo | $36,100,000.00 | Anti-Vibrational Rubber Parts, 13-cv-00803 | $34,343,309.00 |
| Toyo | | Automotive Constant Velocity Joint Boot Products, 14-cv-02903 | $1,756,691.00 |
| Usui | $5,320,000.00 | Automotive Steel Tubes, 16-cv-04003 & 16-cv-12949 | $5,320,000.00 |
| Valeo | $760,000.00 | Access Mechanisms, 16-cv-4103 | $760,000.00 |
| Yamada | $2,356,000.00 | Electric Powered Steering Assemblies, 13-cv-01903 | $2,356,000.00 |
| Yamashita | $6,080,000.00 | Anti-Vibrational Rubber Parts, 2:13-cv-00803 | $6,080,000.00 |
| TOTAL | | | $417,623,040.00 |

8

The Court has already granted preliminary approval of 25 of the Round 3 Settlements, with the following Round 3 Settling Defendants: Aisan, Alps, Bosch, Bridgestone, Chiyoda, Diamond Electric, Eberspächer, Faurecia, HIAMS, Hitachi Metals, INOAC, JTEKT, Kiekert, KOITO, MAHLE Behr, MITSUBA, Nachi, NGK Insulators, NGK Spark Plugs, Nishikawa, NTN, SKF, Toyo, Yamada, and Yamashita.  The Court has not yet granted preliminary approval of the remaining Round 3 Settlements with the following Round 3 Settling Defendants[6]:

- ALPHA (*In re: Access Mechanisms*, 16-cv-04103),

- Calsonic (*In re: Radiators*, 13-cv-01003; *In re: Automatic Transmission Fluid Warmers,* 13-cv-02403; *In re: Air Conditioning Systems*, 13-cv-02703);

- Continental (*In re: Instrument Panel Clusters*, 12-cv-00203);

- Sanden (*In re: Air Conditioning Systems*, 13-cv-02703);

- Tenneco (*In re: Exhaust Systems*, 16-cv-03703);

- Usui (*In re: Automotive Steel Tubes*, 16-cv-04003 & 16-cv-12949); and

- Valeo (*In re: Access Mechanisms*, 16-cv-04103).

In addition, EPPs anticipate that they may shortly file motions for preliminary approval with additional settling defendants and their affiliates not referenced herein.  If the Court grants preliminary approval of those settlements prior to the commencement of the March 2018 Notice, EPPs intend to seek permission from the Court to include those settlements in the March 2018 Notice as well.

## II.    THE MARCH 2018 NOTICE PROGRAM

With this Motion, EPPs submit for the Court's approval a plan for the March 2018 Notice Program and a proposed Long-Form and Short-Form Notice.  Exhibit 1 to this motion is the

---

[6] EPPs have filed motions for preliminary approval of these remaining Round 3 Settlements and these motions are unopposed.  EPPs cannot begin the Notice Program until the Court enters an Order granting preliminary approval of these remaining Round 3 Settlements.

Declaration of Shannon Wheatman, Ph.D., the President of Kinsella Media, LLC ("Kinsella"). Exhibit A to Dr. Wheatman's Declaration is the plan for the March 2018 Notice Program. Exhibit B to Dr. Wheatman's Declaration is the proposed Long-Form Notice.  Exhibit C to Dr. Wheatman's Declaration is the proposed Short-Form Notice.

EPPs' March 2018 Program, and the Long-Form and Short-Form Notices, are substantially similar to the previous Notice Programs and the previous Notices approved by this Court in this consolidated litigation.

End-Payor Plaintiffs propose to continue to follow the Plan of Allocation previously approved by the Court in connection with the Round 2 Settlements.  *See, e.g.*, Order Approving End-Payor Plaintiffs Plan of Allocation of the Settlements, *In re: Wire Harness Systems*, 2:12-cv-00103, Dkt. No. 577; Plan of Allocation, *In re: Wire Harness Systems*, Dkt. No. 523-1.  EPPs previously indicated they would apply the Plan to all future settlements. *See id.*

End-Payor Plaintiffs propose to continue using, in Round 3, the same Claim Form previously approved by this Court in Round 2.  *See, e.g.*, Order Approving End-Payor Plaintiffs Motion for Authorization to Disseminate September 2016 Notice and Claim Form, *In re: Wire Harness Systems*, 2:12-cv-00103, Dkt. No. 535; Ex. B to Decl. W. Reiss (Proposed Claim Form), *In re: Wire Harness Systems,* Case No. 2:12-cv-00103, Dkt. 525-3.

## III.    THE ROUND 3 SETTLEMENT CLASSES

The Round 3 Settlement Classes include consumers and businesses that purchased or leased new vehicles containing parts at issue in the Round 3 Settlements, or who indirectly purchased replacement parts at issue, while residing or having their principal place of business in

states which permit indirect purchasers to bring antitrust damages claims ("Damages States"[7]) as well as those who reside or have their principal place of business in states which do not permit such damages claims (together, the "Settlement Class Members").

Those Settlement Class Members that made purchases in any of the Damages States may be eligible to file a claim to participate in the distribution of one or more of the net settlement funds.  The remaining Settlement Class Members will obtain the benefits of the non-monetary relief provided for in the Round 3 Settlements and proposed final judgments, including cooperation and certain Round 3 Settling Defendants' agreement not to engage in the specified conduct that is the subject of the lawsuits for a period of two years from the date of entry of the final judgment.

## IV.    THE PROPOSED MARCH 2018 NOTICE PROGRAM SATISFIES RULE 23 AND DUE PROCESS

### A.    The Long-Form and Short-Form Notices Should Be Approved

EPPs seek approval of the proposed form and content of the Long-Form and Short-Form Notices.  The Long-Form Notice is Exhibit B to the Wheatman Declaration.  The Short-Form Notice is Exhibit C to the Wheatman Declaration.  These are substantially similar to the Long-Form and Short-Form Notices previously approved by the Court in the Round 2 Settlements.

Rule 23(e)(1) requires that notice of the settlement of a class action be given "in a reasonable manner to all class members who would be bound by the proposal," and Rule 23(c)(2)(B) provides that in any class certified under Rule 23(b)(3) "the court must direct to class members the best notice that is practicable under the circumstances, including individual notice

---

[7] The Damages States are the District of Columbia and the following States: Arizona, Arkansas, California, Florida, Hawaii, Iowa, Kansas, Maine, Massachusetts, Michigan, Minnesota, Mississippi, Missouri, Montana, Nebraska, Nevada, New Hampshire, New Mexico, New York, North Carolina, North Dakota, Oregon, Rhode Island, South Carolina, South Dakota, Tennessee, Utah, Vermont, West Virginia, and Wisconsin.

to all members who can be identified through reasonable effort." EPPs' proposed March 2018 Notice meets these requirements.

The proposed Long-Form Notice instructs Settlement Class Members how to submit a Claim Form. *See* Wheatman Decl., Ex. B, Question 12 ("How Do I Submit a Claim?").

The proposed Long-Form Notice also describes the right of Settlement Class Members to opt out of some or all of the Settlement Classes, including those Settlement Class Members who are only entitled to non-monetary equitable relief.[8] *See id.* Question 17 ("How Do I Get Out of the Settlement Classes?"). Accordingly, any Settlement Class Member can opt out and thus not be bound by any of the Round 3 Settlements or final judgments entered in connection therewith.

The proposed Long-Form Notice also describes the right of Settlement Class Members to object to the settlements for which they are members. *See id.* Questions 22-26 ("Objecting to the Round 3 Settlements").

The proposed Long-Form Notice also describes the Plan of Allocation previously approved by the Court. *See id.* Question 13 ("How Much Money Can I Get?"). Under this Plan of Allocation, payment will be made on a *pro rata* basis to Settlement Class Members who submit claims that are allowed by the Court ("Authorized Claimants") based on the ratio of their Allowed Claim Amounts[9] to the total of the Allowed Claim Amounts of all Authorized Claimants with respect to each Settlement Class. *See, e.g.*, Plan of Allocation, *Wire Harness Systems*, Case No. 2:12-cv-00103, Dkt. No. 523-1. The relative weightings applicable to the purchase or lease of vehicles and parts, and a list of the vehicles containing parts that were the

---

[8] Joseph M. McLaughlin, 1 *McLaughlin on Class Actions* § 5:21 (8th ed. 2011); William B. Rubenstein, *Newberg on Class Actions* § 4:36 (5th ed.); *Penson v. Terminal Transp. Co.*, 634 F.2d 989, 993-94 (5th Cir. 1981); *In re Celera Corp. Shareholder Litig.*, 59 A.3d 418, 422 (Del. 2012).

[9] Under the Plan of Allocation, the "Allowed Claim Amount" is based on the number of Vehicles purchased or leased and number of replacement parts purchased.

specific targets of Defendants' alleged collusive conduct, will be made available on the EPPs' *In re Automotive Parts Antitrust Litigation* website, www.autopartsclass.com.

The information required by Rule 23(c)(2)(B) is set forth "clearly and concisely . . . in plain, easily understood language" at the following sections of the notices:

- Nature of the actions—Long-Form Notice Questions 1-7; Short-Form Notice ¶1;

- Settlement Classes' Definition—Long-Form Questions 8-9, Short-Form Notice ¶2;

- Settlement Classes' Claims, Issues & Defenses—Long-Form Notice Questions 1-8, Short-Form Notice ¶1;

- Right to Appear—Long-Form Notice Questions 22-26, Short-Form Notice ¶¶7-8;

- Right to Exclude/Time & Manner to Request Exclusion—Long-Form Notice Questions 17-19, Short-Form Notice ¶6; and

- Binding Effect—Long-Form Notice Questions 16-19, Short-Form Notice ¶6.

Additionally, the Long-Form Notice informs potential Settlement Class Members about the identity of the Round 3 Settling Defendants; the automotive parts covered in the settlements; the amount of each of the Round 3 Settlements; the potential for future settlements; where to access the complete settlement agreements, proposed final judgments, the Plan of Allocation, and other Court documents related to the settlements with the Round 3 Settling Defendants; how the lawyers may be paid in the future; when the lawyers may file their petition for attorneys' fees and reimbursement of litigation expenses; Settlement Class Members' right to object or opt out and how to do so; and the date, place and time of the Fairness Hearing, among other information. This additional information conforms with Rule 23(e)'s requirement for distribution of the settlement notice in a reasonable manner. *See In re Prudential Ins. Co. Am. Sales Practice Litig. Agent Actions,* 148 F.3d 283, 327 (3d Cir. 1998) ("The Rule 23(e) notice is designed to summarize the litigation and the settlement and to apprise class members of the right and

opportunity to inspect the complete settlement documents, papers, and pleadings filed in the litigation." (internal quotation marks omitted)).

Finally, the Long-Form Notice explains to potential Settlement Class Members that they are entitled to a distribution of the Net Settlement Funds only if: (1) the Court approves the settlements with the Round 3 Settling Defendants and after any appeals are resolved; and (2) after the Court approves the Plan of Allocation.  *See* Long-Form Notice at 1.  To receive payment, the Long-Form Notice explains to potential members of the Settlement Classes that they must submit a Claim Form, but no deadline has yet been set by the Court for the submission of the Claim Form.  *Id.* at Question 12.  The Long-Form Notice also advises potential Settlement Class Members that it is unknown how much each Settlement Class Member who submits a valid Claim Form will receive at this time because payment under the proposed Plan of Allocation will be made on a *pro rata* basis to Authorized Claimants based on the ratio their Allowed Claim Amounts bears to the total of the Allowed Claim Amounts of all Authorized Claimants with respect to each Settlement Class.  *Id.* at Question 13.

**B.    The March 2018 Notice Program Satisfies Rule 23 and Due Process**

**1.    Rule 23 and Due Process Require Notice That Is Reasonably Calculated to Reach Interested Parties**

Because the Round 3 Settling Defendants' products are incorporated into vehicles assembled and sold or leased by others, the Round 3 Settling Defendants do not have the names and addresses necessary to send notice by direct mail to each member of the Settlement Classes. In such circumstances, "[n]either Rule 23 nor due process . . . requires actual notice to each party intended to be bound by the adjudication of a class action." *Roberts v. Shermeta, Adams & Von Allmen, P.C.,* No. 13-cv-01241, 2015 U.S. Dist. LEXIS 38434, *16-17 (W.D. Mich. Feb. 23, 2015) (citing *Fidel v. Farley*, 534 F.3d 508, 514 (6th Cir. 2008)).  Due process requires only

notice that is reasonably calculated to reach interested parties. *Fidel,* 534 F.3d at 514; *Karkoukli's, Inc. v. Dohany,* 409 F.3d 279, 283 (6th Cir. 2005); *see also Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 315 (1950).

Thus, for example, in *In re Warfarin Sodium Antitrust Litigation*, 212 F.R.D. 231 (D. Del. 2002) ("*Warfarin*"), the court determined that where, like here, the names and addresses of absent class members were unavailable, publication notice was the best notice practicable under the circumstances. *Id.* at 252. The Third Circuit affirmed, rejecting challenges to the notice. *Warfarin*, 391 F.3d 516, 536-37 (3d Cir. 2004); *see also In re Google Referrer Header Privacy Litig.*, No. 5:10-cv-04809, 2014 U.S. Dist. LEXIS 41695, at *24 (N.D. Cal. Mar. 26, 2014) (approving notice plan consisting solely of publication notice because "the size and nature of the class renders it nearly impossible to determine exactly who may qualify as a class member. . . . That being the case, direct notice to class members by mail, e-mail or other electronic individualized means is impractical."); *In re Heartland Payment Sys.*, 851 F. Supp. 2d 1040, 1061 (S.D. Tex. 2012) (approving notice plan that consisted exclusively of publication notice because "[Defendants] did not have the names and addresses of those affected by the data breach and could not reasonably request this information for 130 million accounts from the issuer banks."); *Manual for Complex Litigation, Fourth* § 21.312 at p. 294 (Federal Judicial Center 2004) ("Posting notices and other information on the Internet, publishing short, attention-getting notices in newspapers and magazines, and issuing public service announcements may be viable substitutes for, or more often supplements to, individual notice if that is not reasonably practicable").

     **2.**       **The March 2018 Notice Program Is Reasonably Calculated to Reach Interested Parties**

15

As set forth in the Wheatman Declaration, the plan for the proposed March 2018 Notice Program is equally effective if not more effective than the previous Notice Programs that were approved by the Court.  *See* Wheatman Decl. ¶27.

The proposed plan will disseminate the March 2018 Notices in a "reasonable manner to all class members who [will] be bound by the proposal" and will provide for the "best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort," as required by Rules 23(e)(1) and 23(c)(2)(B) of the Federal Rules of Civil Procedure.

EPPs' plan for the proposed March 2018 Notice Program, attached as Exhibit A to the Wheatman Declaration, contains the following elements:

- Individual Notice to potential Settlement Class Members who have previously registered on the Class Website or filed a claim.[10]

- Kinsella will publish the Short-Form Notice in selected consumer magazines,[11] a newspaper,[12] two trade publications that reach fleet owners,[13] and two newspaper supplements.[14]

- Kinsella will purchase Internet "banner advertisements" with approximately 297,072,000 gross impressions across various websites and networks.[15]  *See*

---

[10] *See* March 2018 Notice Program at 5.  GCG will send an email or mailed alert to those individuals who previously registered on the website, notifying them about the Round 3 Settlements and Plan of Allocation and directing them to visit the website to read updated information about the Round 3 Settlements and Plan of Allocation.  GCG will mail a postcard alert to potential Settlement Class Members who provided only a mailing address.  In addition, GCG will mail the Long Form Notice via first-class mail to all potential Settlement Class Members who call or write to request a copy.

[11] ESPN, People Magazine, Reader's Digest, and Motor Trend.  *See* March 2018 Notice Program at 13-15, for an explanation of the rationale for selecting these publications.

[12] The Wall Street Journal. *See* March 2018 Notice Program at 14, for an explanation of the rationale for selecting this publication.

[13] Automotive News and Automotive Fleet.  *See* March 2018 Notice Program at 14-15 for an explanation of the rationale for selecting these publications.

[14] Parade and Relish, which together appear in newspapers that cover all 50 states and the District of Columbia. *See* March 2018 Notice Program at 12-13.

March 2018 Notice Program, at 15-18. *Id.* The banner advertisements will direct potential members of the Settlement Classes to the class website, www.AutoPartsClass.com. *See id.* at 21 (describing banner advertisements).

- Kinsella will also use targeted Internet advertising to reach potential Class Members by displaying banner advertisements across additional websites. This includes targeted advertisements on Facebook, LinkedIn, and websites targeted at automotive fleet owners. *See* March 2018 Notice Program at 15-19. These websites will be determined at the time of placement.

- Kinsella will implement an earned media press outreach program, including a Multimedia News Release, statewide press releases on PR Newswire, and outreach to traditional print and online news outlets in the Damages States. *See id.* at 21-23.

- GCG will post the Long-Form Notice, proposed final judgments, preliminary approval orders, other court documents, and the various Settlement Agreements, on the class website, www.AutoPartsClass.com. The website will be findable through searches conducted on the Internet. *See id.* at 18-19 (describing purchase of search results, and sponsored links, on popular Internet search sites such as Google and Bing).

- GCG will staff a toll-free hotline (877-940-5043) to answer questions by any potential members of the Settlement Classes about the settlements and to provide copies of court-approved notices and other documents. *See id.* at 23.

Kinsella estimates that publication of the Summary Notice and the Internet Advertising will reach 80.5% of New Vehicle Owners/Lessees with an average estimated frequency of 2.9 times. *Id.* at 19.

### C.   The Proposed March 2018 Notice Schedule Should Be Approved

As outlined in the Proposed Order submitted herewith, EPPs propose the following notice schedule:

- **April 16, 2018**: GCG begins sending email or mailed notice to those individuals who previously registered on the website, notifying them about the Round 3 Settlements and directing them to visit the website to read updated information about the settlements. *Id.* ¶7.

---

[15] Collective, Conversant, Facebook, Oath, and Xaxis. *See* March 2018 Notice Program at 16-17.

- **April 23, 2018**: Kinsella commences publication of the Short-Form Notice in newspaper supplements, newspaper, and trade and consumer publications; begins online media notice activities, including Internet banner ads and keyword search; begins earned media activities. Proposed Order ¶6.

- **June 14, 2018**: Filing of Kinsella and GCG affidavits/declarations reflecting that mailing, posting, and publication were made. *Id.* ¶8.

- **June 14, 2018**:

    o Settlement Class Counsel file motions for final approval of the Round 3 Settlements. *Id.* ¶9.

    o If Settlement Class Counsel so elect, they may file a motion for attorneys' fees and reimbursement of expenses. *Id.*

- **July 13, 2018**: Deadline for objections and requests for exclusion from some or all of the Settlement Classes. *Id.* ¶¶10, 11.

- **August 1, 2018, at 10:00 am**: Final Fairness Hearing. *Id.* ¶13.

This proposed schedule will provide ample time for response by any interested class members, and time for the Court to consider their submissions.

## V.    CONCLUSION

For the foregoing reasons, EPPs request that the Court: (i) approve the March 2018 Notice Program, including the Long-Form and Short-Form Notices and the continued use of the previously approved Claim Form and Plan of Allocation; (ii) approve the proposed schedule for the March 2018 Notice Program and consideration of Final Approval of the Round 3 Settlements; and (iii) authorize EPPs to disseminate the March 2018 Notice to potential Settlement Class Members.

Dated: February 23, 2018                    Respectfully submitted,

                                            SUSMAN GODFREY LLP

                                            */s/ Marc M. Seltzer*
                                            Marc M. Seltzer
                                            Steven G. Sklaver

1901 Avenue of the Stars, Suite 950
Los Angeles, California 90067-6029
Telephone: (310) 789-3100
mseltzer@susmangodfrey.com
ssklaver@susmangodfrey.com

Steven M. Shepard
1301 Ave. of the Americas, Fl. 32
New York, NY 10019
Telephone: (212) 729-2010
Facsimile: (212) 336‑8340
sshepard@susmangodfrey.com

Terrell W. Oxford
Chanler A. Langham
1000 Louisiana Street, Suite 5100
Houston, Texas 77002
Telephone: (713) 651-9366
Facsimile: (713) 651-6666
toxford@susmangodfrey.com
clangham@susmangodfrey.com

Floyd Short
1201 3rd Ave
Seattle, WA 98101
Telephone: (206) 516-3880
fshort@susmangodfrey.com

Adam J. Zapala
Elizabeth Castillo
COTCHETT, PITRE & McCARTHY, LLP
San Francisco Airport Office Center
840 Malcolm Road, Suite 200
Burlingame, California 94010
Telephone: (650) 697-6000
azapala@cmplegal.com
ecastillo@cpmlegal.com

Hollis Salzman
Bernard Persky
William V. Reiss
Noelle Feigenbaum
ROBINS KAPLAN LLP
399 Park Avenue, Suite 3600
New York, New York 10022
Telephone: (212) 980-7400

19

hsalzman@robinskaplan.com
bpersky@robinskaplan.com
wreiss@robinskaplan.com
nfeigenbaum@robinskaplan.com

***Interim Lead Counsel for End-Payor
Plaintiffs***

E. Powell Miller
Devon P. Allard
THE MILLER LAW FIRM, P.C.
950 W. University Dr., Ste. 300
Rochester, Michigan 48307
Telephone: (248) 841-2200
Facsimile: (248) 652-2852
epm@millerlawpc.com
dpa@millerlawpc.com

***Interim Liaison Counsel for End-Payor
Plaintiffs***

**CERTIFICATE OF SERVICE**

I hereby certify that on February 23, 2018, I caused a true and correct copy of the foregoing document to be filed and served electronically via the ECF system.


Dated: February 23, 2018                    Respectfully submitted,

                                            */s/ Marc M. Seltzer*
                                            Marc M. Seltzer

1