UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

In Re:  AUTOMOTIVE PARTS
       ANTITRUST LITIGATION

ALL CASES

THIS DOCUMENT RELATES TO:
    All End-Payor Actions
    All Auto Dealer Actions
    All Truck and Equipment Dealer Actions
    All State of Indiana Actions

Case No.  2:12-md-02311

Honorable Marianne O. Battani
Magistrate Mona K. Majzoub

**ORDER REGARDING ENTRY OF ORDER REGARDING GM'S VEHICLE PRICING DOCUMENTS IN ALL END-PAYOR, AUTO DEALER, TRUCK AND EQUIPMENT DEALER, AND STATE OF INDIANA ACTIONS**

WHEREAS the Order Denying General Motor's Objection to the Master's Orders Compelling Production of Certain Confidential Commercial, Trade Secret Pricing Documents and Denying Certain Defendants' Objections to Special Master's December 29, 2016 Order Regarding the Production of Certain Vehicle Pricing Information from Certain Nonparty Original Equipment Manufacturers and Their Affiliated Entities and Modifying Order Regarding Discovery from Nonparty Original Equipment Manufacturer General Motors (the "Order") was entered on November 2, 2016, at Dkt. Nos. 1837 (redacted) and 1838 (sealed), on the Master Docket (2:12-md-02311);

WHEREAS the Order was entered only in certain additional dockets, namely 2:12-cv-00502 (Bearings - Dealership Actions), Dkt. Nos. 249 (redacted) and 250 (sealed), and 2:13-cv-00802 (Anti-Vibrational Rubber Parts – Dealership Actions), Dkt. Nos. 241 (redacted) and 242 (sealed);

1

WHEREAS the Parties[1] submit that the Order should apply to all End-Payor Actions, Auto Dealer Actions, Truck and Equipment Dealer Actions, and State of Indiana Actions in this MDL, except for any such actions in which all named defendants either have been dismissed from the action by the Court or have been the subject of a preliminary order of approval of settlement entered by the Court (hereinafter, "the Subject Actions"), subject to these conditions: (1) the Parties and GM maintain their rights to challenge the Order through reconsideration or any other appropriate means upon entry of this Order; (2) each Serving Party in a Subject Action to which this Order shall apply will have access to GM's Vehicle Pricing Documents in that Subject Action, per the terms of the Order, upon entry of an order setting a class certification motion deadline applicable in that Subject Action, and not beforehand; (3) the Order does not limit protections afforded by any operative protective order, including the protection forbidding any individual expert, or member, partner, employee or agent of an expert consulting firm designated to undertake the engagement on behalf of the expert consulting firm, who is a current or former employee, including consultants, as of one year prior to the entry of any operative protective order through the period of time in which such protective order remains operative, of any party or entity which directly competes with, or is a customer of, or direct seller to, any of the Defendants in any action in this MDL, from accessing any GM Vehicle Pricing Information; and (4) any Serving Party seeking access to GM's Vehicle Pricing Information in a Subject Action shall provide GM with a copy of the applicable order setting a class certification motion deadline in that Subject Action and represent that the Serving Party is still litigating the Subject Action and, in the case of a Defendant Serving Party, has not yet been dismissed from that

---

[1] The Parties include: End Payor Plaintiffs, Automobile Dealership Plaintiffs, Truck and Equipment Dealer Plaintiffs, and the State of Indiana.

Subject Action or been subject of a preliminary order of approval of settlement entered by the Court in that Subject Action.

It is hereby ORDERED that:

The Clerk of Court shall reenter the Order docketed at numbers 1837 and 1838 on the Master Docket 2:12-md-02311 under the caption consistent with this order;

Each party in each of the Subject Actions shall receive access to GM's Vehicle Pricing Information, as defined in the Order, upon entry of an order setting a class certification motion deadline applicable in that Subject Action, but not beforehand;

The Order shall not limit protections afforded by any operative protective order, including the protection forbidding any individual expert, or member, partner, employee or agent of an expert consulting firm designated to undertake the engagement on behalf of the expert consulting firm, who is a current or former employee, including consultants, as of one year prior to the entry of any operative protective order through the period of time in which such protective order remains operative, of any party or entity which directly competes with, or is a customer of, or direct seller to, any of the Defendants in any action in this MDL, from accessing any GM Vehicle Pricing Information; and

Any Serving Party seeking access to GM's Vehicle Pricing Information in a Subject Action shall provide GM with a copy of the applicable order setting a class certification motion deadline in that Subject Action and represent that the Serving Party is still litigating the Subject Action and, in the case of a Defendant Serving Party, has not yet been dismissed from that Subject Action or been the subject of a preliminary order of approval of settlement entered by the Court in that Subject Action.

SO ORDERED:

Date:  April 25, 2018                              s/Marianne O. Battani
                                                          MARIANNE O. BATTANI
                                                          United States District Judge