# Exhibit C

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | : | |
|---|---|---|
| IN RE AUTOMOTIVE PARTS ANTITRUST LITIGATION | : : : | Master File No. 2:12-md-02311 Honorable Marianne O. Battani Special Master Gene J. Esshaki |
| | : | |
| IN RE ALL AUTO PARTS CASES | : | 2:12-MD-02311-MOB-MKM |
| | : : | |
| THIS DOCUMENT RELATES TO: ALL AUTO PARTS CASES | : : : | |

## STIPULATION AND [PROPOSED] ORDER REGARDING COST SHARING BETWEEN PLAINTIFFS AND DEFENDANTS CONCERNING OEM DISCOVERY

WHEREAS, on November 7, 2016, the End-Payor Plaintiffs ("EPPs"); Truck and Equipment Dealer Plaintiffs ("TEDPs"); the State of Florida; the State of Indiana; and Serving Defendants[1] (collectively with the Automobile Dealer Plaintiffs[2], the "Serving Parties") filed a Renewed Motion to Compel Discovery from Certain Non-Party Original Equipment Manufacturers and Their Affiliated Entities (collectively, "OEMs")[3] seeking to compel responses to a narrowed list of requests from uniform subpoenas served on the OEMs pursuant to the Court's

---

[1] As defined herein, "Defendants" shall mean all Defendants in the Auto Parts cases. "Serving Defendants" shall mean the Defendants listed in Appendix A.

[2] Automobile Dealer Plaintiffs ("ADPs") filed a statement of concurrence, concurring in part with the requests and brief of the parties. *See* Case No. 2:12-md-02311-MOB_MKM, ECF No. 1509.

[3] As defined herein, "OEMs" shall collectively refer to FCA USA LLC; General Motors Company; General Motors Holding LLC; General Motors LLC; American Honda Motor Company, Inc.; Honda Manufacturing of Indiana LLC; Honda North America, Inc.; Honda of America Mfg., Inc.; Honda of South Carolina Mfg., Inc.; Honda Precision Parts Georgia, LLC; Honda R&D Americas, Inc.; Honda Research Institute USA, Inc.; Honda Transmission Manufacturing of America, Inc.; Nissan North America, Inc.; Subaru of Indiana Automotive, Inc.; Toyota Motor Engineering & Manufacturing North America, Inc.; and Toyota Motor Sales, U.S.A., Inc.

2

orders at ECF No. 277, Case No. 2:12-cv-00100, and ECF No. 949, Case No. 2:12-md-02311 (the "Renewed Motion");

WHEREAS, after conducting several days of mediation with the Serving Parties and each OEM, and following a hearing, the Special Master issued an Order requiring, *inter alia*, that the OEMs produce to the Serving Parties certain data and documents in their possession, custody, or control. ECF No. 1584, Case No. 2:12-cv-02311 ("OEM Order");

WHEREAS, the Special Master contemporaneously issued with the OEM Order a series of Orders governing the production obligations of each of the OEMs ("OEM Specific Orders"). ECF No. 1575, Case No. 2:12-cv-02311; ECF No. 1576, Case No. 2:12-cv-02311; ECF No. 1577, Case No. 2:12-cv-02311; ECF No. 1578, Case No. 2:12-cv-02311; ECF No. 1582, Case No. 2:12-cv-02311; ECF No. 1592, Case No. 2:12-cv-02311; ECF No. 1607, Case No. 2:12-cv-02311;

WHEREAS, the OEM Order provides that the Serving Parties shall pay 70% of the OEMs' costs of compliance with the OEM Order and the OEM Specific Orders subject to certain limitations set forth in the OEM Order ("Serving Parties' OEM Costs")[4];

WHEREAS the OEM Order further provides that: (i) Costs associated with production of discovery specific to an Auto Part Product[5] shall be borne by those Serving Parties participating in (*i.e.*, not fully settled out of or otherwise dismissed from) the relevant Auto Parts Case at the time of production; and (ii) costs associated with production of "downstream" discovery not specific to an Auto Part Product shall be borne by those Plaintiffs and Defendants participating in

---

[4] The Court affirmed the Special Master's OEM Order on May 5, 2017. *See* Case No. 2:12-md-02311-MOB-MKM, ECF No. 1752.

[5] Auto Part Product" shall mean the specific automotive part to which each Lead Case (as defined in the March 22, 2106 Electronic Case Management Protocol Order, Master File No. 2:12-md-02311, ECF No. 1262), is related to any case that is consolidated or coordinated into *In re Automotive Parts Antitrust Litigation* and including, without limitation, and incorporating any cases that may be later-filed.

(*i.e.*, not fully settled out of or otherwise dismissed from) any individual Automobile Dealership or End-Payor action;

WHEREAS, the OEM Order further requires that the OEMs shall provide the Serving Parties with detailed cost estimates for each item to be produced, and the Serving Parties shall have the right to refuse to go forward with some or all of the production, if the Serving Parties so choose;

WHEREAS, EPPs, ADPs, TEDPs (collectively, "Plaintiffs") and Serving Defendants previously reached an oral agreement that they would split the Serving Parties' OEM Costs between them equally and

Whereas, Plaintiffs and Serving Defendants wish to memorialize their oral agreement as a stipulation to be "So Ordered" by the Special Master.

NOW, THEREFORE, Plaintiffs and Serving Defendants, by and through the undersigned counsel, hereby stipulate and agree to the following:

1. Plaintiffs and Defendants shall each be responsible for payment of 50% of the Serving Parties' OEM Costs.

2. Plaintiffs shall allocate payment of their 50% share of the Serving Parties' OEM Costs among each of EPPs, ADPs, and TEDPs in their discretion ("Plaintiffs' OEM Cost Allocation").  Plaintiffs' OEM Cost Allocation or any dispute relating thereto shall in no way affect Plaintiffs' obligations under this Stipulation and Proposed Order.

3. Defendants shall allocate payment of their 50% share of the Serving Parties' OEM Costs among each of the Defendants and/or any additional Defendant that will receive discovery produced pursuant to the OEM Order and OEM Specific Orders in their discretion ("Defendants' OEM Cost Allocation").  Defendants' OEM Cost Allocation or any dispute relating thereto shall in no way affect Defendants' obligations under this Stipulation and Proposed Order. No

Defendants shall be able to receive or use any documents or data from any OEM productions or OEM depositions, unless they agree to be a party to this Order.

4. Plaintiffs and Defendants shall meet and confer within three (3) business days of receiving an OEM's cost proposal to determine whether such proposal is acceptable. If Plaintiffs or Defendants object to an OEM's cost proposal, they shall provide the other party written notice of such objection along with the basis for such objection within five (5) business days of receiving an OEM's cost proposal. Plaintiffs and Defendants shall not unreasonably object to an OEM's cost proposal. Failure to provide the other party with notice of an objection with the requisite time period shall constitute a waiver of any such objection for purposes of this Stipulation and Order.

**IT IS SO ORDERED**.

Dated: _____
GENE J. ESSHAKI
Special Master

**STIPULATED TO AND APPROVED BY:**

April __, 2018          **[Signature Block to be added for Plaintiffs]**

April __, 2018          **[Signature Block to be added for Defendants]**