# UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF MICHIGAN

## SOUTHERN DIVISION

| | |
|---|---|
| **IN RE: AUTOMOTIVE PARTS ANTITRUST LITIGATION** | Master File Case No. 12-md-02311<br><br>Honorable Marianne O. Battani |
| **IN RE: ALL CASES** | |
| **THIS RELATES TO:**<br>**DEALERSHIP ACTIONS**<br>**END-PAYOR ACTIONS**<br>**TRUCK AND EQUIPMENT DEALER ACTIONS** | |

**DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION TO SET AN EXPEDITED BRIEFING AND HEARING SCHEDULE ON INDIRECT PURCHASER PLAINTIFFS' MOTION FOR AN ORDER DIRECTING DEFENDANTS TO PAY HALF OF THE PARTIES' COSTS RELATING TO OEM DISCOVERY**

i

## STATEMENT OF ISSUES

1.  Should this Court set aside the Local Rules and this Court's prior orders and require an expedited briefing schedule where the only party that will be prejudiced is the Defendants, and where Plaintiffs will not be prejudiced in obtaining OEM discovery in a timely fashion under a normal briefing schedule?

    **Answer:** NO.

On May 1, 2018,[1] the Plaintiffs[2] filed a motion requesting this Court to enter an order directing the Defendants[3] to pay half of the Serving Parties' costs relating to OEM discovery ("Plaintiffs' Motion for OEM Discovery Costs").  Defendants oppose this Motion because, under this Court's orders relating to OEM discovery, they are not obligated to pay such costs unless and until they seek such discovery.  That same day Plaintiffs also moved to set aside the Local Rules and establish an expedited briefing, hearing, and appellate schedule on that motion ("Plaintiffs' Motion to Expedite").  As Plaintiffs fail to demonstrate the irreparable harm, or any concrete prejudice to their case, as required to set aside the schedule under the Local Rules, Defendants oppose the Plaintiffs' Motion to Expedite and seek the regular briefing schedule afforded the parties under the Local Rules.

After having the liberty of weeks to draft their Motion for OEM Discovery Costs, Plaintiffs now seek to truncate the time for the Defendants to file an opposition from fourteen days under

---

[1] Plaintiffs filed their Motion for OEM Discovery Costs on May 1, 2018, through ECF.  However, several of the exhibits were redacted partially or in their entirety.  *See* Decl. of W. Reiss, at Exh. A (ECF No. 1885-1) (partially redacted); *id.* at Exh. B (1885-2) (filed under seal); *id.* at Exh. E (1885-5) (filed under seal).  The Plaintiffs failed to properly serve unredacted exhibits on all Defendants until May 2, 2018.

[2] "Plaintiffs," as used herein, refers to the indirect purchaser plaintiff parties in the parts cases that are coordinated in *In re Automotive Parts Antitrust Litigation*, No. 2:12-md-02311-MOB-MKM (E.D. Mich.) ("IPP Parts Cases"), including: End-Payor Plaintiffs ("EPPs"); Automobile Dealer Plaintiffs ("ADPs"); and, Truck and Equipment Dealer Plaintiffs ("TEDPs").

[3] "Defendants," as used herein, refers to those Defendants that Plaintiffs have indicated are purportedly subject to this motion, including: Bosal Industries-Georgia, Inc.; Tokai Kogyo Co., LTD, Green Tokai Co., LTD; Hitachi, Ltd., Hitachi Automotive Systems, Ltd., Hitachi Automotive Systems Americas, Inc.; Kayaba Industry Co., Ltd. d/b/a KYB Corporation, KYB Americas Corporation; Maruyasu Industries Co., Ltd., Curtis-Maruyasu America, Inc.; Mikuni Corporation, Mikuni American Corporation; Mitsubishi Heavy Industries, Ltd., Mitsubishi Heavy Industries America, Inc., Mitsubishi Heavy Industries Climate Control, Inc.; Panasonic Corporation, Panasonic Corporation of North America; Sanoh Industrial Co., Ltd, Sanoh America, Inc.; Showa Corporation, American Showa, Inc.; Toyoda Gosei Co., Ltd, Toyoda Gosei North America Corp., TG Missouri Corp. (together, "Toyoda Gosei").

the Local Rules to a mere seven days, and seek to reduce the time in which a party may appeal the Special Master's order from twenty-one days under this Court's prior order to only seven days.[4] Such an expedited schedule would only penalize and prejudice the Defendants.  For the reasons set forth below, this Court should deny the Plaintiffs' Motion to Expedite and allow the briefing, hearing, and appellate (if any) process to proceed pursuant to the schedule set by the Local Rules and this Court's past orders.

## I.      Background

The Plaintiffs filed their Motion for OEM Discovery Costs on May 1, 2018, and under the Local Rules the Defendants have <u>fourteen days</u> to file a response in opposition: until May 15th. *See* E.D. Mich. LR 7.1(e)(2)(B).  The Plaintiffs would then have up to <u>seven days</u> to file any reply (May 22nd), E.D. Mich. LR 7.1(e)(2)(C), although they could choose to file their reply earlier.  A hearing on the Plaintiffs' Motion for OEM Discovery Costs could occur <u>no earlier than three days</u> after the Plaintiffs' reply is filed.  E.D. Mich. LR 7.1(e)(2)(C).[5]  If the Plaintiffs take the full seven days under the Local Rules to file a reply, the hearing could take place as early as May 25th; but were the Plaintiffs to file their reply within three days as they propose in their Motion to Expedite, the hearing could take place as early as May 21st.  *See* Pls.' Motion to Expedite, at 2 (ECF No. 1886).

The Plaintiffs' proposed schedule in their Motion to Expedite would only move the hearing up a handful of days to the week of May 14th.  *See* Pls.' Motion to Expedite, at 2 (ECF No. 1886). To accomplish this, the Plaintiffs propose to cut the time allocated to the Defendants for a reply *in*

---

[4] Order Appointing a Master, at II.B (August 29, 2014) (ECF No. 792); *see also* Fed. R. Civ. P. Rule 53(f)(2).

[5] In fact, the Special Master *has already designated* June 5th as a hearing date given the status conference scheduled for June 6th.  The fact that a hearing date is already on the calendar makes the Plaintiffs' Motion and proposed schedule even more extraordinary.

half – to a mere seven days.[6]  *See* Pls.' Motion to Expedite, at 2 (ECF No. 1886).  The Plaintiffs' sole justification for this "expedited" schedule is the "impending" class certification deadline in the Occupant Safety Systems ("OSS") auto parts case—currently October 17, 2018—which is more than five months away.  *See* Pls.' Memo. In Support of Motion to Expedite, at 1–3 (ECF No. 1886).

As to the timing of the filing of any appeal of the Master's Order on this issue, this Court has ordered previously that "any party may file an objection to any order of the Master with the Court within 21 days of the ECF filing date."[7]  Order Appointing a Master, at II.B (August 29, 2014) (ECF No. 792); *see also* Fed. R. Civ. P. Rule 53(f)(2) ("A party may file objections to—or a motion to adopt or modify—the master's order . . . no later than 21 days after a copy is served").  The timing for oppositions and replies to such an appeal follow the non-dispositive motion schedule of fourteen and seven days respectively.  *See id.*; *see also* E.D. Mich. LR 7.1(e)(2)(C).  In their Motion to Expedite, the Plaintiffs seek to limit the time for appealing the Master's Order by *two-thirds*—to a mere *seven* days.[8]  *See* Pls.' Motion to Expedite, at 2 (ECF No. 1886).  Again,

---

[6] Plaintiffs also propose to reduce the time they have to file a reply from seven days to three.  *See* Pls.' Motion to Expedite, at 2 (ECF No. 1886).  Plaintiffs are certainly free to file their reply within three days as they have proposed, regardless of when the Defendants are required to file their opposition.

[7] The Court's order appointing a Special Master also states that the Master may "provide in his order that the period for filing objections is a period longer or shorter than 21 days if warranted under the circumstances."  *See* Order Appointing a Master, at II.B (August 29, 2014) (ECF No. 792).  For the reasons set forth in this opposition, a shorter period is not warranted in this case.

[8] The Plaintiffs apparently presume that the Special Master will rule in favor of their Motion for OEM Discovery Costs, as they repeatedly state: "Plaintiffs seek the following schedule for any appellate briefing, should any *Defendants* seek to appeal the Master's Order on this Motion to Judge Battani."  *See* Pls.' Motion to Expedite, at 2 (ECF No. 1886) (emphasis added).

3

Plaintiffs propose that any opposition be reduced from fourteen to seven days, and replies be reduced from seven to three days. *See id.*

A summary of the Plaintiffs' proposed schedule as compared to the existing schedule under the Local Rules and this Court's past orders is as follows:

| Event | Existing Schedule[9] | Pls.' Proposed Schedule[10] |
|---|---|---|
| Defs.' Opp'n to Pls.' Motion for OEM Discovery Costs | 14 days after the motion (May 15) | 7 days after the motion (May 8) |
| Pls.' Reply | Up to 7 days after the opposition (May 22) | 3 days after the opposition (May 11) |
| Special Master Hearing on Pls.' Motion for OEM Discovery Costs | No earlier than three days after the reply is filed (May 25) | The week following the reply (week of May 14) |
| | | |
| Motion to Modify or Object to Special Master's Order | 21 days after the filing of the Master's order | 7 days after the filing of the Master's order |
| Response | 14 days after the motion | 7 days after the motion |
| Reply | Up to 7 days after the response | 3 days after the response |

## II.    Argument

Courts typically deviate from the briefing schedule set forth in the Local Rules in favor of an "expedited" schedule only in anticipation of *imminent* or *irreparable* consequences or prejudice that would affect the parties to the case or the public at large. *See Erard v. Johnson*, 905 F. Supp. 2d 782, 788, 792 (E.D. Mich. 2012) (setting an expedited briefing schedule in mid-September in dispute over "imminent" printing of ballots before November 2012 general election); *see Get Back*

---

[9] *See, e.g.*, E.D. Mich. LR 7.1(e)(2); Order Appointing a Master, at II.B (Aug. 29, 2014) (ECF No. 792); *and* Fed. R. Civ. P. Rule 53(f)(2)).

[10] *See, e.g.*, Pls.' Motion to Expedite, at 2 (ECF No. 1886).

*Up, Inc. v. City of Detroit*, 878 F. Supp. 2d 794, 796 (E.D. Mich. 2012) (discussing expedited briefing ordered in response to motion for preliminary injunction for "immediate relief" to prevent city from closing residential substance abuse facility); *see Nartron Corp. v. Tuthill Corp.*, 2006 WL 2042609 at *1 (E.D. Mich. July 20, 2006) (stating that court established expedited briefing schedule to resolve motion in limine filed on July 5, 2006 prior to jury selection set to begin on July 20, 2006); *see Bay County Democratic Party v. Land*, 340 F. Supp. 2d 802, 805 (E.D. Mich. 2004) (noting that court ordered expedited briefing schedule on October 5, 2004 to resolve motion in dispute over Michigan's intended procedure for casting and counting provisional ballots in upcoming general election scheduled for November 2, 2004). Courts have declined to enter an expedited briefing schedule where it unduly burdens or prejudices the party opposing the motion. *See, e.g.*, *Atlantech, Inc. v. Am. Panel Corp.*, 2011 WL 2265539, at *2 (E.D. Mich. June 8, 2011) (denying a request for an expedited briefing finding it would be an "onerous burden" to place on a non-party).

Here, the Plaintiffs cite no cases that support their contention that expedited briefing is appropriate or necessary. Instead, the Plaintiffs cite two cases that are plainly inapposite. Neither *People v. Spencer*, 2007 WL 2127685 No. 07-cv-12193 (E.D. Mich. July 23, 2007) nor *U.S. Twenty One Thousand Dollars in U.S. Postal Money Orders and Seven Hundred Eight-Five Dollars in U.S. Currency*, 298 F. Supp. 2d 597, 602 (E.D. Mich. 2003) deals with motions to expedite briefing schedules.

Plaintiffs argue vaguely that there is "good cause" under Local Rule 1.2 for the Court to set aside the rules that typically govern briefing and hearing schedules, but they fail to identify any exigency or other "good cause" for the relief they seek. *See* Pls.' Memo. In Support of Motion to Expedite, at 2–3 (ECF No. 1886). Plaintiffs' Motion does not affect whether or when any OEM discovery will be taken. Plaintiffs indicate in their Motion that they will seek the discovery that

Defendants are not seeking (and thus do not believe they should pay for) regardless of the result of their Motion to impose costs on Defendants.  Their Motion is just about who pays for the discovery Plaintiffs want.  Thus, their frequent invocation of the deadline for class certification motions in the OSS case is a red herring.  Putting aside the fact that deadline is *five months from now*—negating any suggestion of imminent harm that would justify an expedited schedule—their Motion for costs is irrelevant to any timing issue associated with that class certification motion deadline.  *See* Pls.' Memo. In Support of Motion to Expedite, at 1–3 (ECF No. 1886).  That does not satisfy the requirement of imminent or irreparable prejudice.  *Baker v. Adams Cty./Ohio Valley Sch. Bd.*, 310 F.3d 927, 930 (6th Cir. 2002) ("[P]otential monetary damage does not constitute irreparable harm.").

Contrary to Plaintiffs' argument, there is no "good cause" to expedite the briefing and hearing schedule on their Motion for OEM Discovery Costs.  First, allowing the briefing and hearing process to proceed as scheduled under the Local Rules will not prejudice the Plaintiffs, who have already indicated that they will proceed with obtaining OEM discovery while their Motion for OEM Discovery Costs is litigated.  Second, the Plaintiffs' proposed schedule solely prejudices the Defendants and this weighs against suspending the Local Rules.  Finally, even if the normal briefing schedule would result in further delay to obtaining OEM discovery, the Plaintiffs offer no reason why they could not previously have gone forward with the discovery or with this motion, and the Defendants should not be penalized.

*1.   There is no prejudice to the Plaintiffs if their Motion to Expedite is denied.*

Plaintiffs will suffer no irreparable harm or prejudice if the briefing and hearing schedule proceeds as set forth in the Local Rules.  For this reason alone, the Plaintiffs' Motion to Expedite should be denied.[11]

Plaintiffs suggest that Defendants would use the usual briefing and appeal process to "further delay the time for Plaintiffs to receive the OEM productions."  Pls.' Memo. In Support of Motion to Expedite, at 3 (ECF No. 1886).  This is simply untrue.  The Toyoda Gosei Defendants, the only Defendants remaining in the OSS case cited by Plaintiffs as driving any need for expedition, have already made it clear that the Plaintiffs can continue with OEM discovery, stating that Toyoda Gosei "[does] not object to any other Serving Party requesting discovery from Toyota and/or FCA . . . ."  Decl. of W. Reiss, ¶ 26 (ECF No. 1885).  Plaintiffs cannot point to a single Defendant that is opposed to Plaintiffs continuing to seek any discovery they deem necessary.

Further, Plaintiffs erroneously suggest that their proposed "expedited" schedule is critical to Plaintiffs receiving the OEM discovery in a timely fashion.  *See* Pls.' Memo. In Support of Motion to Expedite, at 3 (ECF No. 1886).  In fact, the Plaintiffs state that they intend to continue forward with OEM discovery even as the Motion for OEM Discovery Costs is being litigated: "Plaintiffs have no choice but to move forward and pay the reasonable estimate on the table . . . ."  Decl. of W. Reiss, ¶ 27 (May 1, 2018) (ECF No. 1885).  And in fact, on May 3, 2018, Plaintiffs delivered a letter to Toyota stating "Plaintiffs accept Toyota's cost estimates subject to further clarifications below.  Upon receiving the requested clarifications, we request Toyota *promptly*

---

[11] *See, e.g.*, *Cardoza v. Bloomin' Brands, Inc.*, 141 F. Supp. 3d 1137, 1142 (D. Nev. 2015) ("Given the importance of protecting a well-functioning adversarial system, courts do not deviate from the default rules for properly briefing and resolving motions without very good reason for doing so. To establish that the Court should bypass its default procedures, the movant most show that it will be irreparably prejudiced unless its motion is heard on an expedited basis.").

*proceed with its production*."  Ltr. From W. Reiss to M. Schaper, at 1 (May 3, 2018) (Exh. A) (emphasis added).  Thus, the Plaintiffs will not lose any time in progressing towards obtaining OEM discovery by following the briefing schedule established under the Local Rules.

Finally, Plaintiffs allege that if the normal briefing schedule is followed, they *may* be "forced to receive this highly relevant information within a month or even a few weeks before the deadline for filing the class certification motions" and that this timing would result in prejudice. Pls.' Memo. In Support of Motion to Expedite, at 3 (ECF No. 1886).  Yet Plaintiffs offer no plausible explanation as to how, at best, moving the hearing up a handful of days results in the OEM discovery not being produced for four months, or why this should be done at the expense of Defendants' right to have adequate time to respond to Plaintiffs' motion.  The fact is, Plaintiffs will still have adequate time to use any OEM discovery they obtain in their motion for class certification in the OSS case.

2.  *The Plaintiffs' proposed schedule solely prejudices the Defendants.*

Plaintiffs' proposed schedule will only prejudice the Defendants, who will have significantly less time to respond to Plaintiffs' Motion for OEM Discovery Costs.  The Plaintiffs have had weeks to consider and draft their Motion to require Defendants to pay half of the OEM discovery costs, as well as the accompanying twenty-page memorandum, ten-page declaration, and six exhibits.  Now that they have had adequate time, Plaintiffs propose that Defendants be given only half the time the Local Rules establish for a response; and only a third of the time to appeal any decision by the Special Master.  Given that a potential outcome of the Plaintiffs' Motion for OEM Discovery Costs is that Defendants will be saddled with more than one hundred thousand dollars in discovery costs, Defendants should be provided adequate time to litigate this issue.

The Plaintiffs' Motion for OEM Discovery Costs is not inconsequential.  The cost-sharing agreement the Plaintiffs seek to have enforced against the Defendants does not only apply to the

8

"current cost estimates" to obtain discovery from the three OEMs that Plaintiffs frequently cite (Toyota, FCA, and SOA). *See, e.g.*, Decl. of W. Reiss, at ¶ 14 (ECF No. 1885); *id.* at Exh. B (ECF No. 1885-2). It also applies to three other major OEMs for whom the discovery cost estimates are *not* close to final. There is no way of knowing at this time how much those costs will be, but the discussions to date signal that they could be significant. Because Plaintiffs' proposed cost-sharing agreement would create binding obligations on Defendants for months to come at untold costs, the Defendants are entitled to adequate time to respond.

Further, an expedited schedule may not result in a more streamlined briefing for this Court to consider. As it pertains to the Plaintiffs' Motion for OEM Discovery Costs, not all Defendants are similarly situated. Plaintiffs' proposed expedited briefing and hearing schedule will make it more difficult for Defendants to coordinate their opposition. This could result in up to eleven individual oppositions from each of the Defendant groups and potentially eleven replies by Plaintiffs.[12] Further, Defendants have had varying degrees of involvement in OEM discovery negotiations depending on the status of their cases. Many Defendants do not know if or to what extent this motion will impact them and should be given the time normally allotted under the Local Rules to properly understand their positions.

The Plaintiffs fail to offer any credible reason to deny Defendants the time under the rules to properly brief and respond to a Motion that could cost Defendants more than one hundred thousand dollars, not just in immediate discovery, but in future discovery. The Plaintiffs' sole

---

[12] Further complicating the timing of the Defendants' response is the need to confer with our clients. Defendants note that many of the Defendant companies are located in Japan and Japanese employees are out of the office through May 6, 2018, due to a Japanese national holiday ("Golden Week"). Japanese Defendants will have little to no time to review the opposition to Plaintiffs' Motion for OEM Discovery Costs if it is due May 8th as Plaintiffs propose. Plaintiffs were made aware of this fact on April 30, 2018, during the meet-and-confer to discuss the Plaintiffs' proposed Motion to Expedite.

proffered reason for an expedited briefing schedule is that OSS class certification is due October 17, 2018. *See* Pls.' Memo. In Support of Motion to Expedite, at 1–3 (ECF No. 1886). But Plaintiffs have been aware of the OSS class certification deadline for nearly two years,[13] and a motion due in five months does not justify depriving Defendants of adequate time to respond now. Especially given that the Plaintiffs' proposed "expedited" schedule has little practical effect: it moves the hearing on their Motion for OEM Discovery Costs up only a matter of days and does not prevent the Plaintiffs from moving forward to obtain the OEM discovery at issue.

3.  *The Plaintiffs ignore their own responsibility for delay in obtaining OEM discovery to date.*

Finally, even if the normal briefing and hearing schedule will cause further delay in obtaining OEM discovery, the Plaintiffs admittedly bear some responsibility for any delay to date in obtaining OEM discovery. First, the Plaintiffs chose not to pursue OSS discovery from the OEMs until *November 2017*, even though the OSS case had its deadlines set for briefing on class certification motions in *May 2016*. *See* Exhibit B, attached hereto (November 27, 2017, Email From Ronnie Spiegel to Angela Smedley) (stating that the "EPPs are hoping to start moving forward on OEM discovery productions" and that they "would like to resume our weekly calls"); Order, at 1 (May 24, 2016) (Doc. No. 189 in 2:12-cv-00200). Instead, the Plaintiffs chose to focus on settlement negotiations. *See* Decl. of W. Reiss, at ¶¶ 12-13 (ECF No. 1885) ("[S]ettlement negotiations were ongoing, and none of the Parties wanted to subject themselves and the OEMs to the effort and expense of producing documents unnecessarily, if settlements could be achieved."). Moreover, *Plaintiffs* are the only parties to have ever unilaterally canceled weekly OEM calls

---

[13] In response to certain *Auto Parts* Defendants' Motion for Entry of Scheduling Orders, the Court set the filing date for OSS class certification for October 17, 2018. Order, at 1 (May 24, 2016) (Doc. No. 189 in 2:12-cv-00200).

between the Serving Parties, and they have done so on multiple occasions.  In fact, it was *EPPs* who sent emails to the parties on July 20, July 26, and August 3, 2017, with subject lines of "Canceled – No Weekly Call Tomorrow," "No call tomorrow," and "No more weekly calls until further notice," respectively.  *See* Exhibit C, attached hereto (July 20, 2017, Email on behalf of Ronnie Spiegel to OEM subpoenas listserv); Exhibit D, attached hereto (July 26, 2017, Email on behalf of Ronnie Spiegel to OEM subpoenas listserv); and Exhibit E, attached hereto (August 3, 2017, Email on behalf of Ronnie Spiegel to OEM subpoenas listserv) (stating that "For now, it seems best to cancel our weekly calls re OEM discovery" and that "[EPPs] will be back in touch if there is an appropriate time to resume").  The latter unilateral directive resulted in *months* of so-called "delay," as EPPs did not reach out to resume OEM discussions with Defendants until November 27, 2017.  *See* Exh. E.  Finally, although the Plaintiffs were fully aware that Defendants did not agree to the 50% cost split that Plaintiffs proposed for many months, they waited until April 11, 2018 to circulate a draft cost-sharing agreement that made that same proposal.  *See* Decl. of W. Reiss, at ¶ 16 (ECF No. 1885); IPPs' Memo. In Support of Motion for OEM Discovery Costs, at 16 (May 1, 2018) (ECF No. 1884) (admitting that Plaintiffs' proposal to split costs of discovery 50/50 was "not . . . cemented in a formal agreement").  Defendants should not be penalized and prejudiced for the Plaintiffs' own delay.

The Defendants are simply exercising their right under the Court's current order governing OEM discovery.  The Special Master's order envisioned that once the OEMs provided detailed cost estimates for each item to be produced, "the Serving Parties shall have the right to refuse to go forward with some or all of the production, if the Serving Parties so choose."  *See* Special Master's Order re: the Parties' Renewed Motion to Compel Discovery from Certain Non-Party OEMs and their Affiliated Entities, at II.C.b (Jan. 4, 2017) (ECF No. 1584).  Plaintiffs now seek to re-write the Special Master's order, to deny the serving Defendants the "right to refuse to go

forward with some or all of the production," once the cost estimates were provided.  And Plaintiffs

seek costs against non-serving parties unfamiliar with the prior proceedings in the Motion and not

subject to pay costs under the order unless "they seek to share in the discovery produced" by the

OEM.  *Id*. at n. 4.

III.    **Conclusion**

The Plaintiffs fail to show "good cause" to set aside the rules and fail to offer any

reasonable justification to prejudice Defendants by requiring an "expedited" briefing schedule to

adjudicate Plaintiffs' Motion for OEM Discovery Costs.  This Court should allow the briefing and

hearing schedule to proceed under the Local Rules and this Court's prior orders.


DATED:        May 4, 2018

 By:                                        */s/ Sterling A. Marchand*
                                            Sterling A. Marchand
                                            John Taladay
                                            Mark Miller
                                            Heather Souder Choi
                                            **BAKER BOTTS LLP**
                                            1299 Pennsylvania Ave., N.W.
                                            Washington, DC 20004-2400
                                            202-639-7700
                                            Fax: 202-639-7890
                                            sterling.marchand@bakerbotts.com
                                            john.taladay@bakerbotts.com
                                            mark.miller@bakerbotts.com
                                            heather.choi@bakerbotts.com

                                            *Counsel for Defendants Toyoda Gosei Co. Ltd.,*
                                            *Toyoda Gosei North America Corp. and TG Missouri*
                                            *Corp.*

                                            */s/ Jeffrey J. Amato*
                                            Jeffrey L. Kessler
                                            Eva W. Cole
                                            Jeffrey J. Amato
                                            Angela A. Smedley
                                            **WINSTON & STRAWN LLP**

200 Park Avenue
New York, NY 10166
(212) 294-6700 (Telephone)
(212) 294-4700 (Facsimile) jkessler@winston.com
ewcole@winston.com
jamato@winston.com
asmedley@winston.com

Brandon W. Duke
**WINSTON & STRAWN LLP**
1111 Louisiana Street, 25th Floor
Houston, TX 77002
(713) 651-2600 (Telephone)
(713) 651-2700 (Facsimile) bduke@winston.com

*Counsel for Defendants Panasonic Corp. and
Panasonic Corp. of North America*

*/s/ J. Clayton Everett, Jr.*
J. Clayton Everett, Jr.
Cindy Hong
**MORGAN, LEWIS & BOCKIUS LLP**
1111 Pennsylvania Ave., NW
Washington, DC 20004
Tel:  202.739.3000
Fax:  202.739.3001
Clay.everett@morganlewis.com
Cindy.hong@morganlewis.com

*Counsel for Showa Corporation and American
Showa, Inc.*

*/s/ William Monts*
William Monts
Benjamin F. Holt
**HOGAN LOVELLS US LLP**
555 Thirteenth Street NW
Washington, D.C. 20004
Telephone: (202) 637-5600
Facsimile: (202) 637-5910
benjamin.holt@hoganlovells.com
william.monts@hoganlovells.com

Scott T. Seabolt
**SEABOLT LAW FIRM**
17199 N. Laurel Park Drive
Suite 215

13

Livonia, MI  48152
(248) 717-1302
sseabolt@seaboltpc.com

*Counsel for Mitsubishi Heavy Industries, Ltd and Mitsubishi Heavy Industries Climate Control, Inc.*

*/s/ Matthew T. Anderson*
Ronald G. DeWaard (P44117)
Gary J. Mouw (P69236)
Matthew T. Anderson (P79846)
**VARNUM LLP**
Bridgewater Place, P.O. Box 352
Grand Rapids, MI  49501-0352
616/336-6000
rgdewaard@varnumlaw.com
gjmouw@varnumlaw.com
mtanderson@varnumlaw.com

*Attorneys for Bosal Industries-Georgia, Inc.*

*/s/ William M. Sullivan Jr.*
William M. Sullivan Jr. (D.C. Bar No. 467269)
Michael L. Sibarium (D.C. Bar No. 390302)
Jeetander T. Dulani (D.C. Bar No. 976852)
Adya S. Baker (D.C. Bar No. 1025477)
**PILLSBURY WINTHROP SHAW PITTMAN LLP**
1200 Seventeenth Street, N.W.
Washington, D.C. 20036-3006
Telephone: (202) 663-8000
Facsimile: (202) 663-8007
Email: wsullivan@pillsburylaw.com
michael.sibarium@pillsburylaw.com
jeetander.dulani@pillsburylaw.com
adya.baker@pillsburylaw.com

*Counsel for Mikuni Corporation and Mikuni American Corporation*

*/s/  Bradley Love*
**BARNES & THORNBURG, LLP**
Bradley Love
Kendall Millard
11 South Meridian Street
Indianapolis, IN 46204-3535
Tel: 317-231-7461

14

Bradley.Love@btlaw.com
Kendall.Millard@btlaw.com

**DYKEMA GOSSETT PLLC**
Howard B. Iwrey (P39635)
Cale A. Johnson (P78032)
39577 Woodward Avenue
Bloomfield Hills, Michigan 48304
Tel: (248) 203-0526
hiwrey@dykema.com
cjohnson@dykema.com

*Counsel for KYB Corporation (f/k/a Kayaba Industry Co. Ltd.) and KYB Americas Corporation*

/s/   Bradley Love
**BARNES & THORNBURG, LLP**
Kendall Millard
Bradley Love
11 South Meridian Street
Indianapolis, IN 46204-3535
Tel: 317-231-7461
Fax: 317-231-7433
Kendall.Millard@btlaw.com
Bradley.Love@btlaw.com

Valerie Mullican (# P74045)
171 Monroe Avenue N.W., Suite 1000
Grand Rapids, Michigan 49503
Tel: 616-742-3930
Fax: 616-742-3999
valerie.mullican@btlaw.com

*Counsel for Defendant Green Tokai Co., Ltd.*

/s/ Patrick F. Linehan
Patrick F. Linehan (DC Bar No. 472183)
Rachel B. Peck (DC Bar No. 998673)
**STEPTOE & JOHNSON LLP**
1330 Connecticut Avenue, NW
Washington, DC 20036
Telephone:  (202) 429-3000
Facsimile:   (202) 429-3902
plinehan@steptoe.com
rpeck@steptoe.com

15

*Counsel for Defendants Sanoh Industrial Co., Ltd and Sanoh America, Inc.*

*/s/ Eileen M. Cole*
Eileen M. Cole
Christopher M. Curran
Email: ccurran@whitecase.com
Eileen M. Cole
Email: ecole@whitecase.com
Samuel J. Sharp
Email: samuel.sharp@whitecase.com
**WHITE & CASE**
701 Thirteenth Street, NW
Washington, DC 20005
Telephone:  (202) 626-3600
Facsimile:    (202) 639-9355

*Counsel for Maruyasu Industries Co., Ltd. and Curtis-Maruyasu America, Inc.*

16

**CERTIFICATE OF SERVICE**

I hereby certify that on May 4, 2018, I caused the foregoing Defendants' Memorandum In Opposition To Plaintiffs' Motion To Set An Expedited Briefing And Hearing Schedule On Indirect Purchaser Plaintiffs' Motion For An Order Directing Defendants To Pay Half Of The Parties' Costs Relating To OEM Discovery to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notifications of such filings to all counsel of record.

DATED:   May 4, 2018

/s/ Sterling A. Marchand
Sterling A. Marchand
**BAKER BOTTS LLP**
1299 Pennsylvania Ave., N.W.
Washington, DC 20004-2400
202-639-7700
Fax: 202-639-7890
sterling.marchand@bakerbotts.com

*Counsel for Defendants Toyoda Gosei Co. LTD, Toyoda Gosei North America Corp. and TG Missouri Corp.*

17