UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| In Re: AUTOMOTIVE PARTS ANTITRUST LITIGATION | Master File No. 12-md-02311<br>Honorable Marianne O. Battani |
| In re: All Cases | |
| THIS DOCUMENT RELATES TO:<br><br>END-PAYOR ACTIONS<br>DEALERSHIP ACTIONS<br>TRUCK AND EQUIPMENT DEALER ACTIONS | |

**STATEMENT OF CERTAIN DEFENDANTS IN RESPONSE TO INDIRECT PURCHASER PLAINTIFFS' MOTION FOR AN ORDER DIRECTING DEFENDANTS TO PAY HALF OF THE PARTIES' COSTS RELATING TO OEM DISCOVERY**

The Defendants identified in footnote one[1] respectfully submit this Statement to address an ambiguity in recent filings in connection with Indirect Purchaser Plaintiffs' ("Plaintiffs")

---

[1] Defendants submitting this statement are: Aisan Industry Co., Ltd., Franklin Precision Industry, Inc., Aisan Corporation of America, Hyundam Industrial Co., Ltd., Aisin Seiki Co., Ltd., Aisin Automotive Casting, LLC; ALPHA Corporation, Alpha Technology Corporation; Alps Electric Co., Ltd., Alps Electric (North America), Inc., Alps Automotive Inc.; American Mitsuba Corporation, Mitsuba Corporation; Autoliv, Inc., Autoliv ASP, Inc., Autoliv B.V. & Co. KG, Autoliv Safety Technology, Inc., Autoliv Japan Ltd; Bridgestone Corporation, Bridgestone APM Company; Calsonic Kansei Corporation, CalsonicKansei North America, Inc.; Chiyoda Manufacturing Corporation, Chiyoda USA Corporation; Continental Automotive Systems, Inc., Continental Automotive Electronics, LLC, Continental Automotive Korea Ltd.; Corning International Kabushiki Kaisha, Corning Incorporated; Keihin Corporation, Keihin North America, Inc.; DENSO Corporation, DENSO International America, Inc., DENSO International Korea Corporation, DENSO Korea Automotive Corporation, DENSO Products & Services Americas, ASMO Co., Ltd., ASMO North America, LLC, ASMO Greenville of North Carolina, Inc., ASMO Manufacturing, Inc., ASMO North Carolina Inc.; Diamond Electric Mfg. Co., Ltd., Diamond Electric Mfg. Corporation, Stanley Electric Co., Ltd., Stanley Electric U.S. Co., Inc., II Stanley Co., Inc.; Faurecia Abgastechnik GmbH, Faurecia Systèmes d'Échappement, Faurecia Emissions Control Technologies, USA, LLC, Faurecia Emissions Control Systems, N.A. LLC (f/k/a Faurecia Exhaust Systems, Inc., SKF USA Inc.; Furukawa Electric

Motion for an Order Directing Defendants to Pay Half of the Parties' Cost Relating to OEM Discovery (the "Cost Motion"). *See* ECF No. 1884.

Footnote two of the Cost Motion begins by stating: "'Defendants,' as used herein, refers to entities that have been Defendants in the *IPP Parts Cases* at any point in time since the Court ordered coordination on third-party discovery on or about January 28, 2015." ECF No. 1884 at 2 n.2 (citations omitted). Footnote two then continues:

> The Defendants that are subject to this motion include: 1) Bosal Industries-Georgia, Inc.; 2) Tokai Kogyo Co., LTD, and Green Tokai Co., LTD; 3) Hitachi, Ltd., and Hitachi Automotive Systems, Ltd., and Hitachi Automotive Systems Americas, Inc.; 4) Kayaba Industry Co., Ltd. d/b/a KYB Corporation, and KYB Americas Corporation; 5) Maruyasu Industries Co., Ltd., and Curtis-Maruyasu America, Inc.; 6) Mikuni Corporation, and Mikuni American Corporation; 7) Mitsubishi Heavy Industries, Ltd., Mitsubishi Heavy Industries America, Inc.,

---

Co., Ltd., American Furukawa, Inc.; G.S. Electech, Inc., G.S. Wiring Systems, Inc., G.S.W. Manufacturing, Inc.; Hitachi Metals, Ltd., Hitachi Metals America, Ltd., Hitachi Cable America, Inc.; Inoac Corporation, Inoac Group North America, LLC, Inoac USA, Inc.; TRW Deutschland Holding GmbH, ZF TRW Automotive Holdings Corp.; JTEKT Corp., JTEKT North America Corp. (formerly Koyo Corp. of USA); Koito Manufacturing Co., Ltd., North American Lighting, Inc.; LEONI Wiring Systems, Inc., Leonische Holding, Inc., MAHLE Behr GmbH & Co. KG, MAHLE Behr USA Inc., Eberspächer Exhaust Technology GmbH & Co. KG, Eberspächer North America Inc.; Meritor, Inc.; Mitsubishi Electric Corporation, Mitsubishi Electric US Holdings, Inc., Mitsubishi Electric Automotive America, Inc.; NGK Insulators, Ltd., NGK Automotive Ceramics USA, Inc.; Nippon Seiki Co., Ltd., N.S. International Ltd., New Sabina Industries, Inc.; NTN Corporation, NTN USA Corporation; Nishikawa Rubber Company, Ltd., Nishikawa of America, Inc., Nishikawa Cooper, LLC; NGK Spark Plug Co., Ltd., NGK Spark Plugs (U.S.A.) Holding, Inc., NGK Spark Plugs (U.S.A.), Inc., NTK Technologies, Inc.; Sanden Automotive Components Corporation, Sanden Automotive Climate Systems Corporation, Sanden International (U.S.A.) Inc.; Sumitomo Riko Company Ltd., DTR Industries, Inc.; Tenneco Inc., Tenneco GmbH, Tenneco Automotive Operating Co., Inc.; Tokai Rika Co., Ltd., TRAM, Inc.; Toyo Tire & Rubber Co., Ltd., Toyo Tire North America OE Sales LLC, Toyo Automotive Parts (USA), Inc., Toyo Tire North America Manufacturing Inc.; Toyo Denso Co., Ltd., Weastec, Inc., Sumitomo Electric Industries, Ltd., Sumitomo Electric Wiring Systems, Inc., Sumitomo Wiring Systems, Ltd., Sumitomo Wiring Systems (U.S.A.) Inc., K&S Wiring Systems, Inc., Ichikoh Industries, Ltd.; T.RAD Co., Ltd., T.RAD North America, Inc.; Valeo S.A., Valeo Japan Co., Ltd; Valeo, Inc., Valeo Electrical Systems, Inc., Valeo Climate Control Corp.; Yamada Manufacturing Co., Ltd. and Yamada North America, Inc.

and Mitsubishi Heavy Industries Climate Control, Inc.; 8) Panasonic Corporation, and Panasonic Corporation of North America; 9) Sanoh Industrial Co., Ltd, and Sanoh America, Inc.; 10) Showa Corporation, and American Showa, Inc.; and 11) Toyoda Gosei Co., Ltd, Toyoda Gosei North America Corp., and TG Missouri Corp. (collectively, 'Toyoda Gosei').

*Id.* Thus, Defendants listed by name are the only Defendants subject to Plaintiffs' motion. Further, shortly after the Cost Motion was filed, Plaintiffs confirmed that the motion was directed to only the Defendants specifically listed in footnote two. *See* Declaration of Michael F. Tubach in Support of Statement of Certain Defendants in Response to Indirect Purchaser Plaintiffs' Motion for an Order Directing Defendants to Pay Half of the Parties' Costs Relating to OEM Discovery, ¶2 & Ex. A.

Unfortunately, the proposed order that Plaintiffs submitted with their Motion to Set an Expedited Briefing and Hearing Schedule on Indirect Purchase Plaintiffs' Motion for an Order Directing Defendants to Pay Half of the Parties' Cost Relating to OEM Discovery ("Expedited Briefing Motion") failed to specify that it applied to only the Defendants listed by name in footnote two of the Cost Motion. *See* ECF No. 1886-1. Instead, it used the term "Defendants," which the Cost Motion says refers to all Defendants in the IPP Parts Cases at any point in time since approximately January 28, 2015. Understandably, the Special Master's Order denying the Expedited Briefing Motion did not specify that it applies to only the Defendants listed by name in footnote two of the Cost Motion. *See* ECF No. 1898.

None of the Defendants submitting this statement are expressly listed by name in footnote two of the Cost Motion. None believe that the Cost Motion seeks any relief of any kind from any of them. We therefore take no position on the issues raised in or the relief requested by

3

the Cost Motion (but reserve all rights to oppose if Plaintiffs amend to seek relief against us and/or appeal in the event an Order adverse to our interests is entered). The Defendants submitting this Statement respectfully request, however, that when ruling on the Cost Motion, the Special Master and the Court specify that their order or orders apply to *only* the Defendants against whom the Cost Motion was filed—namely, those expressly listed by name in footnote two of the Cost Motion.

Respectfully submitted,[2]

Dated: May 15, 2018

/s/ *George A. Nicoud III*
George A. Nicoud III
Rachel S. Brass
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street, Suite 3000
San Francisco, CA 94105-0921
Tel.: (415) 393-8200
Fax: (415) 393-8306
TNicoud@gibsondunn.com
RBrass@gibsondunn.com

Attorneys for Defendants Mitsuba Corporation and American Mitsuba Corporation

---

[2]  This Statement is submitted on behalf of the Defendants listed in footnote one of this Statement, but in the interest of brevity, this Statement includes the signature block for only the Mitsuba Defendants.