**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | |
|---|---|
| IN RE: AUTOMOTIVE PARTS ANTITRUST LITIGATION | ) ) ) ) |
| | ) |
| In re: ALL CASES | ) ) ) |
| THIS RELATES TO: | ) ) ) ) |
| END-PAYOR ACTIONS DEALERSHIP ACTIONS TRUCK AND EQUIPMENT DEALER ACTIONS | ) ) ) ) ) |

Master File No. 12-md-02311
Honorable Marianne O. Battani

**Oral Argument Requested**

**BOSAL INDUSTRIES-GEORGIA, INC.'S SUPPLEMENT IN SUPPORT OF DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION FOR AN ORDER DIRECTING DEFENDANTS' TO PAY HALF OF THE PARTIES' COSTS RELATING TO OEM DISCOVERY**

## I.   INTRODUCTION

Bosal Industries-Georgia, Inc. joins in Defendants' Memorandum in Opposition to Plaintiffs' Motion for an Order Directing Defendants to Pay Half of the Parties' Costs Relating to OEM Discovery, incorporated herein by reference.  Bosal Industries-Georgia submits this supplement to that Opposition to describe the procedural history specific to Bosal Industries-Georgia's case, Exhaust Systems (3700 cases).  Bosal Industries-Georgia was never a "Serving Party" involved in coordinating, crafting or litigating the OEM discovery, as Bosal Industries-Georgia was not even a party when the OEM discovery was coordinated and served.  Further, the remaining Exhaust Systems parties are only now negotiating a discovery plan.  Moreover, allegations against Bosal Industries-Georgia involve only one OEM and only two vehicle platforms. Bosal Industries-Georgia therefore joins in the concurrently filed Defendants' Opposition on the grounds set forth therein, including that compelling Bosal Industries-Georgia to share costs in the manner that Plaintiffs seek would violate Bosal Industries-Georgia's due process rights.

## II.   BACKGROUND SPECIFIC TO BOSAL INDUSTRIES-GEORGIA

Plaintiffs' complaints against Bosal Industries-Georgia were not filed until March 24, 2016, over a year after the Court's January 28, 2015, Order directing the parties to coordinate subpoenas to OEMs.  *See* Exhaust Systems Complaints, 16-cv-11082, ECF No. 1 and 16-cv-11087, ECF No. 1.  The "Serving Parties" who coordinated to create the OEM discovery served their subpoenas in July and August of 2015, at least six months before the Exhaust Systems Complaints were filed.  *See* Plaintiffs' Motion, ECF No. 1884 at Pg ID 35250-51.  Moreover, the Court did not set the deadlines for the Exhaust Systems' Defendants to respond to the Complaints until July 18, 2016.  *See* Order re Service of Complaints and Setting Deadlines, 16-cv-11082, ECF No. 45 and 16-cv-11087, ECF No. 41.  This was months after the Serving Parties, which

1

never included Bosal Industries-Georgia, and the OEMs began litigating the OEM discovery issues. *See, e.g.*, Serving Parties' Motion to Compel filed January 19, 2016, 12-md-02311, ECF No. 1185.

Months after the Serving Parties began litigating the OEM discovery, Bosal Industries-Georgia filed a motion to dismiss, on September 16, 2016. *See* 16-cv-3702, ECF No. 22. Bosal Industries-Georgia's motion was not heard until January 25, 2017, <u>after the Special Master entered his Order regarding OEM discovery cost-sharing</u>. *See* January 4, 2017, Special Master's Order re Cost-Sharing, 12-md-02311, ECF No. 1584. Plaintiffs filed Amended Complaints in March and June of 2017, months after the Special Master's Order. *See* Amended Complaints, 16-cv-3703, ECF No. 69; 16-cv-3702, ECF No. 79. And the Court did not decide Bosal Industries-Georgia's motions to dismiss until May 19, 2017, <u>after</u> the Court affirmed the Special Master's Order re Cost-Sharing. *See* 12-md-02311, ECF No. 1752; 16-cv-3702, ECF No. 75; 16-cv-3703, ECF No. 78. This was well after the OEM discovery coordination process had largely concluded, preventing Bosal Industries-Georgia from participating in that process in any meaningful way.

Bosal Industries-Georgia was not required to file Answers to Plaintiffs' Amended Complaints until August 28, 2017. *See* Answers, 16-cv-3702, ECF Nos. 85, 86; 16-cv-3703, ECF Nos. 84, 85. Though motions to dismiss remain pending in the Direct Purchaser Action, Plaintiffs approached Bosal to begin negotiating a Rule 26 conference and discovery plan in February of 2018, which the parties continue to negotiate.

As evidenced by this procedural history, Bosal Industries-Georgia was not a part of any coordination or negotiation regarding the OEM discovery. Further, Bosal Industries-Georgia's case was not fully at issue until it answered the Amended Complaints in August of 2017, well

after the OEM discovery had been served, after motions to compel had been litigated, and after the Special Master's and Court's Orders regarding cost-sharing were entered.  As set forth in detail in Defendants' Opposition, it violates Bosal Industries-Georgia's due process rights to compel it to equally split discovery costs when it had no part in seeking the discovery at issue.

In addition to the due-process issues raised by Bosal Industries-Georgia's lack of involvement in the case when OEM discovery took place, the cost-sharing plan sought by Plaintiffs' motion does not take into account the fact that Plaintiffs allege that Bosal Industries-Georgia engaged in antirust conduct with respect to a single OEM and only two vehicle platforms.  *See* SEALED Amended Complaints, 16-cv-3702, ECF No. 80 at ¶¶ 168-69; 16-cv-3703, ECF No. 70 at ¶¶ 179-80.  To the extent Plaintiffs' motion seeks to compel Bosal Industries-Georgia to share in the cost of discovery from OEMs or vehicle platforms that are not involved in any allegations against Bosal Industries-Georgia, such cost-sharing would further violate Bosal Industries-Georgia's due process rights.

## III.    CONCLUSION

For the foregoing reasons, in addition to the reasons set forth in Defendants' Opposition, Bosal Industries-Georgia respectfully requests that the Court deny Plaintiffs' Motion for an Order Directing Defendants to Pay Half of the Parties' Costs Relating to OEM Discovery Response.

Dated:  May 15, 2018                            Respectfully submitted,

VARNUM LLP

By:   s/*Matthew T. Anderson*
        Ronald G. DeWaard (P44117)
        Gary J. Mouw (P69236)
        Matthew T. Anderson (P79846)
        Bridgewater Place, P.O. Box 352
        Grand Rapids, MI  49501-0352
        616/336-6000
        rgdewaard@varnumlaw.com

3

gjmouw@varnumlaw.com
mtanderson@varnumlaw.com
Attorneys for Bosal Industries-Georgia, Inc.

## CERTIFICATE OF SERVICE

I certify that on May 15, 2018, the foregoing **BOSAL INDUSTRIES-GEORGIA, INC.'S SUPPLEMENT IN SUPPORT OF DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION FOR AN ORDER DIRECTING DEFENDANTS' TO PAY HALF OF THE PARTIES' COSTS RELATING TO OEM DISCOVERY** was served on all parties or their counsel of record through the Court's CM/ECF system.

/s/ Matthew T. Anderson
Matthew T. Anderson (P79846)
Varnum LLP
Bridgewater Place, 333 Bridge Street NW
Grand Rapids, MI 49504
(616) 336-6000
mtanderson@varnumlaw.com

13552137.docx