**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | |
|---|---|
| IN RE: AUTOMOTIVE PARTS ANTITRUST LITIGATION | Master File No. 12-md-02311<br>Hon. Marianne O. Battani |
| IN RE: ALL CASES | |
| THIS RELATES TO:<br><br>DEALERSHIP ACTIONS<br>END-PAYOR ACTIONS | |

**MARUYASU INDUSTRIES CO., LTD. AND**
**CURTIS-MARUYASU AMERICA, INC.'S OPPOSITION**
**TO IPPS' MOTION FOR AN ORDER DIRECTING DEFENDANTS TO PAY**
**HALF OF THE PARTIES' COSTS RELATING TO OEM DISCOVERY**

## TABLE OF CONTENTS

I.      INTRODUCTION ...................................................................................................1

II.     STATEMENT OF FACTS ......................................................................................2

III.    ARGUMENT ..........................................................................................................8

    A.     Contrary to IPPs' Contention, It Would Be Inequitable to Saddle Maruyasu
        and CMA, Who Were Not Parties to the Proceeding During Coordination of
        OEM Discovery Efforts, With the Costs of Discovery They Have Not
        Requested ................................................................................................................8

        1.     Neither Maruyasu nor CMA Share Any Responsibility for Pursuing the
            OEM Discovery ...............................................................................................9

        2.     Maruyasu and CMA Cannot Be Compelled To Share Costs For Un-
            Requested Discovery Because Of a Speculative Future Benefit ..........................10

    B.     The OEM Cost Order Already Provides That Maruyasu and CMA Should Not
        Pay OEMs' Costs Unless and Until They Request the Discovery..............................13

        1.     Maruyasu Has Not Requested Any OEM to Produce and Cannot Be
            Bound By An Unauthorized Inclusion In a Motion to Compel While It
            Was Not A Party ...............................................................................................14

        2.     CMA Is Not a Serving Party ................................................................................16

    CONCLUSION.................................................................................................................17

# TABLE OF AUTHORITIES

Page(s)

## CASES

*Cutler v. Grinnell Bros.*,
38 N.W.2d 893 (Mich. 1949) ...................................................9

*Eisen v. Carlisle & Jaquelin*,
417 U.S. 156, 179 (1974) ...................................................10

*Ford Motor Credit Co. v. Weaver*,
680 F.2d 451 (6th Cir. 1982) ...................................................10

*In re Puerto Rico Elec. Power Auth.*,
687 F.2d 501 (1st Cir. 1982) ...................................................10

*Meretta v. Peach*,
491 N.W.2d 278 (Mich. Ct. App. 1992) ...................................................15

*Richards v. General Motors Corp.*,
876 F. Supp. 1492 (E.D. Mich. 1995) ...................................................9, 15

*Rosenthal Collins Grp. v. Trading Techs. Int'l, Inc.*,
No. 05 C 4088, 2007 U.S. Dist. LEXIS 18651 (N.D. Ill. Mar. 14, 2007) ...................................................10

*San Diego Unified Port Dist. v. Douglas E. Barnhart, Inc.*,
116 Cal. Rptr. 2d 65 (Cal. Ct. App. 2002) ...................................................11

## FEDERAL RULES OF CIVIL PROCEDURE

Advisory Committee Note to 2015 Amendment of Fed. R. Civ. P. 26(c)(1)(B) ...................................................10

## I.      INTRODUCTION

Neither Maruyasu Industries Co., Ltd. ("Maruyasu") nor Curtis-Maruyasu America, Inc. ("CMA") is among the parties who "[f]or over three years . . . worked together in a close and coordinated effort to obtain key discovery from OEMs."  Indirect Purchaser Plaintiffs' Motion for an Order Directing Defendants to Pay Half of the Parties' Costs Relating to OEM Discovery at 1, No. 2:12-md-02311 (May 1, 2018), ECF No. 1884 (hereinafter, "IPPs' Motion" or "Motion").  Maruyasu and CMA were not parties to any auto parts action at the time of the January 25, 2015 status conference or at the time of the OEM Cost Order.  And neither participated in any negotiations relating to civil OEM discovery at any time — either with other defendants, with any plaintiffs, or with the OEMs.  Maruyasu's and CMA's only involvement in the OEM discovery and cost issue has been as targets of IPPs' present Motion.  IPPs' claims that the OEM Cost Order, and the shared responsibilities and understandings of the parties to the OEM negotiations, support a finding that Maruyasu or CMA should be directed to pay OEM discovery costs — regardless of whether or not they seek such discovery — are misguided.  Any ruling requiring that Maruyasu or CMA must immediately share the costs of OEM discovery they did not request and which they may never use would be fundamentally unfair and contrary to the intent of the OEM Cost Order and the Federal Rules of Civil Procedure.

The financial relief sought by IPPs from Maruyasu and CMA is premature and wholly unnecessary because the OEM Cost Order already provides that only parties who seek the discovery must pay the costs.  Under the OEM Cost Order, Plaintiffs may only seek recovery of a share of costs from later parties, like CMA and Maruyasu, if and when the discovery is requested by that defendant.  For these reasons, IPPs' Motion for cost sharing should be denied as to Maruyasu and CMA individually.

## II.      STATEMENT OF FACTS

Maruyasu and CMA are signatories to Defendants' Memorandum in Opposition to Plaintiffs' Motion for an Order Directing Defendants to Pay Half of the Parties' Costs Relating to OEM Discovery (the "Defendants' Joint Opposition").  No. 2:12-md-2311 (May 15, 2018). Maruyasu and CMA hereby submit their separate and individual bases for opposing the IPPs' Motion and provide Maruyasu and CMA's unique procedural history.

IPPs' Motion describes years of discovery efforts and negotiations regarding third-party OEMs that did not involve Maruyasu and CMA.  Indeed, Maruyasu first became aware it was identified as a "Serving Party" in the briefing leading up to the OEM Cost Order in April 2018 when it learned that IPPs intended to include it in this Motion.  *See* Cole Decl. ¶¶ 40, 54.  Neither Maruyasu nor CMA participated in any OEM discovery efforts at any time and cannot attest to any of the representations about those efforts made by IPPs in the Motion.  Specifically, Maruyasu and CMA did not: (1) attend the January 28, 2015 Status Conference; (2) co-draft any subpoenas; (3) serve any subpoenas; (4) join weekly "all-party conference calls"; (5) join any "OEM teams"; (6) communicate with any Defendant liaisons regarding OEM discovery; (7) negotiate with OEM counsel; (8) receive e-mails directed to e-mail listservs devoted to OEM discovery; (9) co-write any motions to compel or opposition briefs; (10) draft any responses to OEM objections; (11) attend any mediations or hearings relating to OEM discovery; (12) plan strategy on OEM discovery; (13) work to prepare lists of topics or draft outlines for Rule 30(b)(6) depositions of OEMs; or (14) present arguments to the Court on OEM discovery.  *See* Cole Decl. ¶¶ 41, 43-50, 52, 55-60.  Nor did Maruyasu or CMA at any time ever delegate or authorize any other Defendant to act on its behalf for purposes of discovery from OEMs, including with respect to any split of OEM discovery costs with IPPs.  *See* Cole Decl. ¶¶ 48, 53-

54, 61, 66.

Maruyasu and CMA were not parties to the MDL when OEM discovery efforts began in 2015. *See* Cole Decl. ¶ 41. At the January 28, 2015 Status Conference — which took place before Maruyasu was ever served any complaints in this MDL and before CMA was ever named in any MDL action — counsel for the Denso Defendants apparently asked the Court to impose deadlines on the then-parties' ongoing efforts to agree on a uniform subpoena for OEM discovery. *See* Status Conf. Tr. at 42, No. 2:12-md-02311 (Jan. 28, 2015), ECF No. 892. EPPs were amenable to coordination but opposed any deadline that would rush the process of obtaining discovery that was "critical" to EPPs. *Id.* at 43. The Court ordered the parties that were seeking OEM discovery to continue coordinating OEM discovery efforts. *Id.* at 45-46.

According to Counsel's review of available records, the vast majority of the OEM subpoenas were served before August 2015 when Maruyasu first agreed to accept service of a complaint in this MDL. *See* Cole Decl. ¶¶ 9, 58, 59. All of the subpoenas appear to have been served more than a year before November 2, 2016, when CMA accepted service of a complaint in this MDL. *See* Cole Decl. ¶¶ 25, 58, 59. Counsel for Maruyasu and CMA was never provided or otherwise had access to the further negotiated OEM requests (which were filed under seal) until after this motion was filed. *See* Cole Decl. ¶ 59. Counsel for CMA and Maruyasu did not negotiate or have input into the ultimate scope of OEM requests as reflected in the Court's OEM Final Orders. *See* Cole Decl. ¶ 63. IPPs' Motion similarly refers to depositions taken of certain OEMs. Mot. at 2 n.3. Counsel for Maruyasu and CMA did not participate in those depositions and does not have copies of those deposition transcripts. *See* Cole Decl. ¶ 51. Counsel for Maruyasu and CMA did not participate in this coordination because, during the relevant time period, Maruyasu and CMA were not active litigants and had not responded to any

complaints in the MDL.  *See* Cole Decl. ¶¶ 9-14, 19, 23.

### Service in Fuel Injection Systems ("FIS")

FIS was the twenty-second auto parts action filed in the MDL, and it was first filed by EPPs on October 2, 2013.  Maruyasu was first added as a defendant in December 2014.  *See* Cole Decl. ¶¶ 7-8.  CMA, Maruyasu's U.S. subsidiary, has never been named as a Defendant in any FIS action.  *See* Cole Decl. ¶ 5.

Although Maruyasu was first named by EPP and ADPs in the FIS action over three years ago in December 2014, prior to January of this year, Maruyasu was only a served and active party in any FIS action for a total of four, non-consecutive months.  *See* Cole Decl. ¶¶ 9-14. Maruyasu initially accepted service of EPPs' FIS complaint on August 4, 2015, but was voluntarily dismissed from that action shortly thereafter on October 12, 2015.  *See* Cole Decl. ¶¶ 9-10.  Maruyasu did not participate in OEM discovery efforts during that two month period. Cole Decl. ¶ 11.  Maruyasu accepted service of ADPs' FIS complaint on July 1, 2016, but was also voluntarily dismissed from that action on September 2, 2016.  *See* Cole Decl. ¶¶ 12-13. Maruyasu did not participate in any OEM discovery efforts during that two month period either. *See* Cole Decl. ¶ 14.

Over a year after voluntarily dismissing Maruyasu, EPPs renamed Maruyasu as a Defendant in the FIS action.  *See* Cole Decl. ¶ 15.  Maruyasu accepted service of EPPs' Second Amended Complaint on January 22, 2018.  *See* Cole Decl. ¶¶ 17-18.  On May 10, 2018, ADPs filed for leave to amend their FIS Complaint and also rename Maruyasu.  *See* Cole Decl. ¶ 22. Between the time ADPs voluntarily dismissed Maruyasu from the FIS action and Maruyasu accepted service of the EPPs' Second Amended Complaint, Maruyasu had no involvement in the MDL beyond opposing a motion for alternate service.  *See* Cole Decl. ¶¶ 16, 30, 33.  Maruyasu

has had no involvement in the OEM discovery efforts at any time before or after January 2018.

### Service in Steel Tubes

On August 12, 2016, and September 21, 2016, respectively, EPPs and ADPs filed complaints relating to steel tubes in the Eastern District of Michigan. *Ascher et al. v. Maruyasu Industries Co., Ltd., et al.*, No. 2:16-cv-12949; *Landers Auto Group No. 1, Inc. et al. v. Maruyasu Industries Co., Ltd.,* et al., No. 2:16-cv-13424. EPPs' and ADPs' steel tubes complaints named Maruyasu and its subsidiary CMA as defendants and were originally filed as related to the MDL. *See* Cole Decl. ¶¶ 23-24. August 2016 was the first time CMA was named as an auto parts defendant. *See* Cole Decl. ¶ 23. CMA agreed to accept service of EPPs' and ADPs' complaints in November 2016 and IPPs agreed that CMA would not be required to respond to the complaints until after other Defendants had been served. *See* Cole Decl. ¶ 25. On November 15, 2016, the Court designated the ADP case as part of the MDL structure, but CMA already objected to the consolidation of the cases into the MDL, raising concerns that binding discovery orders had been issued in the MDL without CMA's ability to contest those rulings. No. 16-cv-4002 (Nov. 23, 2016), ECF No. 2; No. 16-cv-4003 (Nov. 23, 2016), ECF No. 1; Cole Decl. ¶¶ 26-27. The Court denied CMA's objection to consolidation on March 7, 2017, but acknowledged CMA's due process concerns, stating that even after consolidation in the MDL, CMA and the other parties "retain their rights to discovery to the extent necessary to prepare its defenses or to challenge class certification." No. 16-cv-4002, ECF No. 13, at 3. Following resolution of CMA's objection, the Steel Tubes action was inactive until January 2018, pending EPPs' and ADPs' efforts to serve other Defendants and amend their complaints. CMA has not been involved in the OEM discovery efforts at any time. *See* Cole Decl. ¶ 29, 40.

Maruyasu accepted service of EPPs' Steel Tubes complaint on January 22, 2018. *See* Cole

Decl. ¶ 32.  Maruyasu accepted service of ADPs' Steel Tubes complaint on February 28, 2018.  *See* Cole Decl. ¶ 38.  As noted above, Maruyasu has not been involved in the OEM discovery efforts at any time.  *See* Cole Decl. ¶¶ 11, 14, 19.

**Maruyasu Was Incorrectly Identified as Signatory to the Motion to Compel**

On January 19, 2016, certain Plaintiffs and Defendants filed a motion to compel OEM Discovery.  No. 12-md-2311, ECF No. 1185.  The motion to compel included an Attachment A that identified the parties that moved to compel as to each OEM.  *Id.*  It appears that over the course of briefing the motion to compel OEM discovery, those identified on Attachment A came to be referred to as the "Serving Parties."  *See, e.g.*, ECF No. 1185 (Attachment A); ECF Nos. 1453 at 1 n.1, 1579 at 1 n.2, 1582 at 1 n.1, 1584 at 2 n.2.  At the time of the motion, Maruyasu was not a party to any action, but a signature block for Maruyasu was included in the motion to compel and subsequent documents without authorization.  *See* Cole Decl. ¶ 53.  The signature for Maruyasu that was added used an incorrect address and contact numbers.  *See id.*  Maruyasu was also incorrectly identified in Attachment A as among the moving Defendants.  *See* Cole Decl. ¶¶ 53-54.  As a result, the subsequent OEM Cost Order erroneously lists Maruyasu as a party involved in the litigation.  Maruyasu was not then a party to any action in the litigation, having been voluntarily dismissed from the FIS action at that time and not yet having been served in the Steel Tubes action.  *See* Cole Decl. ¶ 53.

The basis for Maruyasu's inclusion in the motion to compel is unknown to Counsel.  *See* Cole Decl. ¶¶ 52-54.  At the time of the briefing of this dispute, Maruyasu was not a party to any litigation and had not participated in any OEM discovery efforts by any party.  *See* Cole Decl. ¶¶ 42-53.  Moreover, because it was not a party, Maruyasu could not have sought OEM discovery let alone pursue a motion to compel that discovery.  Counsel was at no time asked to

join any OEM discovery working groups or OEM listservs in which the discovery or the motion may have been discussed.  Cole Decl. ¶¶ 47, 60.  Presumably, such groups and listservs predated Maruyasu's service with any complaint.

In April 2018, counsel learned that Plaintiffs planned to bring this Motion for OEM discovery costs against Maruyasu and CMA and began investigating the status of OEM discovery.  Cole Decl. ¶¶ 40, 54, 65.  Maruyasu and CMA have not taken any steps to stall OEM discovery timelines.  Cole Decl. ¶ 65.  Upon learning of this unauthorized addition of Maruyasu to documents related to the OEM discovery disputes and unauthorized use of Maruyasu counsel's signature block (which, too, was incorrect), Maruyasu promptly filed a correction and notice of withdrawal from the motion and related papers.  *See* ECF No. 1883; Cole Decl. ¶ 53.  No party responded to or disputed Maruyasu's withdrawal from these papers or the facts stated therein.  *Id.*

### No Discovery Plans Entered or Class Certification Scheduled In FIS and Steel Tubes Actions and Motions to Dismiss Are Pending

The only two actions involving CMA and Maruyasu are far from the class certification stage.  Maruyasu and CMA have pending motions to dismiss the EPPs' Steel Tubes action and Maruyasu also has a pending motion to dismiss the EPPs' FIS action.  No. 13-cv-2203, ECF No. 307; No. 16-cv-4003, ECF Nos. 32, 33.  Maruyasu's pending motions seek dismissal on several grounds, including for lack of personal jurisdiction.  No. 13-cv-2203, ECF No. 307; No. 16-cv-4003, ECF Nos. 33.  Maruyasu's and CMA's Motions to Dismiss ADPs' Steel Tubes action are due on July 19, 2018.

To date, no Discovery Plans have been entered in the FIS or Steel Tubes actions.  *See* Cole Decl. ¶¶ 21, 39.  No class certification date has been set in the Steel Tubes or FIS actions.  *See* Cole Decl. ¶¶ 21, 39.

Maruyasu's first participation in any kind of discovery in these actions occurred in March 2018 when it participated in a Rule 26(f) conference in the FIS action.  *See* Cole Decl. ¶ 21.  To date, the FIS discovery plan remains under negotiation.  *Id*.  There has been no Rule 26(f) conference in Steel Tubes.  Cole Decl. ¶ 39.

### III.    ARGUMENT

#### A.    Contrary to IPPs' Contention, It Would Be Inequitable to Saddle Maruyasu and CMA, Who Were Not Parties to the MDL Proceeding During Coordination of OEM Discovery Efforts, With the Costs of Discovery They Have Not Requested

The gravamen of IPPs' Motion is that because the OEM discovery requests were "an equal effort all along" (Mot. at 12) where "all Parties understood that costs would be split equally" (Mot. at 16), it would be inequitable for any defendant to now assert they do not want the resulting discovery and will not share the costs.  IPPs fail to explain, however, how or why these considerations could apply to Maruyasu or CMA, which were not parties to any action at the time of the January 25 status conference or at the time of the motion to compel OEM discovery, who did not participate in any OEM negotiations, and whose first substantive participation in the litigation of any kind occurred in 2018.  Neither Maruyasu nor CMA can be said to have sought to benefit from OEM discovery at IPPs' expense.  *See* Cole Decl. ¶ 64.  To the extent that IPPs intend to argue that some future benefit will necessarily inure to Maruyasu and CMA at their expense, that benefit is speculative and already remedied by the existing OEM Cost Order.  That Order already recognizes that once an OEM provides its cost estimate, any party that proceeds to request that discovery (either now or later) will be responsible for a portion of the costs.  It does not mandate — as Plaintiffs propose — that all parties should pay for the OEM discovery costs, regardless of whether or not that party requests the discovery.

**1. Neither Maruyasu nor CMA Share Any Responsibility for Pursuing the OEM Discovery**

IPPs' Motion and the supporting declaration do not identify what Defendants were involved in the OEM Discovery efforts. As IPPs are aware, neither Maruyasu nor CMA participated in any aspect of the OEM discovery efforts. IPPs are silent, however, as to how any argument founded on the conduct of the parties during the OEM negotiations could encompass either Maruyasu or CMA, who share no responsibility for the content of the subpoenas.

To the extent that IPPs' conclusory statement that some unspecified Defendants acted as liaisons for the other unspecified Defendants in some unspecified aspects of the negotiations (Mot. at 4), means to encompass Maruyasu or CMA, that statement cannot hold. It appears from the available record that the Court expressly declined IPPs' request that a Defendant liaison counsel be appointed to communicate on behalf of all Defendants for purposes of the OEM discovery. *See* Status Conf. Tr. at 41-49, 2:12-md-02311 (May 19, 2015), ECF No. 975. Moreover, any suggestion that Maruyasu or CMA participated through another Defendant is objectively unreasonable, as neither Maruyasu nor CMA were parties to litigation when the subpoenas were issued, did not participate in any negotiations regarding the subpoenas with plaintiffs or OEMs, and did not even participate in the parties' joint listserv emails. *See* Cole Decl. ¶¶ 11, 14, 18, 25, 58-59, 60. In any event, IPPs' subjective belief that there were absent defense participants (if such a belief exists) cannot bind either Maruyasu or CMA. *See Cutler v. Grinnell Bros.*, 38 N.W.2d 893, 896 (Mich. 1949) ("A person who deals with an agent is bound to inquire into the extent of his authority, ignorance of which is no excuse."). Neither Maruyasu nor CMA had any contact with IPPs regarding OEM discovery or ever authorized any Defendant to act on its behalf as to OEM discovery, which is dispositive of the issue. *See Ford Motor Credit Co. v. Weaver*, 680 F.2d 451, 458 (6th Cir. 1982) (finding no apparent authority where

"[third party] had no contact with [alleged principal] and made no payments to [alleged agent]" in regard to the alleged contract). Similarly, Maruyasu's notice to the parties that Maruyasu had been erroneously included among the Defendants involved in the motion to compel is separately sufficient to defeat any argument that Maruyasu constructively participated in any OEM discovery. *See Richards v. General Motors Corp.*, 876 F. Supp. 1492, 1507 (E.D. Mich. 1995) (finding no apparent authority where "as soon as [the alleged principal] discovered what [the alleged agent] was doing, she was fired").

### 2. Maruyasu and CMA Cannot Be Compelled To Share Costs For Un-Requested Discovery Because Of a Speculative Future Benefit

IPPs argue broadly that "Defendants" will necessarily receive some undue benefit if not required to participate in any cost sharing (Mot. at 13-15), but that argument again is inapplicable to Maruyasu or CMA. Maruyasu and CMA do not understand that any so-called upstream discovery for the FIS or Steel Tubes actions has occurred. IPPs assert that so-called downstream discovery and unspecified documents IPPs may use in the class-certification motions in the OSS action are necessarily beneficial to "all cases" and therefore a basis for cost sharing. *See* Mot. at 18.

The mere fact that Maruyasu or CMA may ultimately derive some benefit from any discovery obtained by other parties cannot be a basis to compel them to share in the costs of that discovery. While IPPs assert that cost-sharing is "common practice," (Mot. at 11), the case law and federal rules are to the contrary. *See Eisen v. Carlisle & Jaquelin*, 417 U.S. 156, 179 (1974) (parties presumptively bear the cost of their own suits); *In re Puerto Rico Elec. Power Auth.*, 687 F.2d 501, 507 (1st Cir. 1982) (discussing the "well-accepted principle that each party to litigation normally bears the ordinary burden of financing his or her own suit" embodied in the Federal Rules); Advisory Committee Note to 2015 Amendment of Fed. R. Civ. P. 26(c)(1)(B) (clarifying

that the cost-sharing Rule for inaccessible data "does not imply that cost-shifting should become a common practice"). The possibility that discovery will reveal evidence beneficial to non-requesting parties is inherent in the discovery process itself and cannot alone form the basis of a motion to compel costs. *Rosenthal Collins Grp. v. Trading Techs. Int'l, Inc.*, No. 05 C 4088, 2007 U.S. Dist. LEXIS 18651, at *21-22 (N.D. Ill. Mar. 14, 2007) (denying motion to compel costs of third party discovery from defendant who was not part of the request); *San Diego Unified Port Dist. v. Douglas E. Barnhart, Inc.*, 116 Cal. Rptr. 2d 65, 68 (Cal. Ct. App. 2002) (citing federal cases and holding that in the absence of a statute authorizing it, a trial court abuses its discretion when it orders litigants before trial to pay for discovery they do not wish to pursue).

Moreover, any assertion that OEM discovery will benefit both IPPs and Maruyasu and CMA is entirely speculative. IPPs seek the benefit of the discovery now for use at class-certification in the OSS action to which neither Maruyasu nor CMA has ever been a party. But, as to Maruyasu and CMA individually, any purported benefit will arise only if: (1) the motions to dismiss in the FIS and/or Steel Tubes actions are denied as to both CMA and Maruyasu and the Court finds personal jurisdiction over Maruyasu; (2) the FIS and/or Steel Tubes actions will go into discovery; (3) the discovery obtained for purposes of the OSS action and presumably elsewhere is entirely relevant to both the FIS and Steel Tubes actions; and (4) the FIS and/or Steel Tubes actions will proceed to class certification where the discovery will affirmatively be used by Maruyasu and CMA. Currently, Maruyasu and CMA have motions to dismiss the EPP FIS and Steel Tubes actions and will shortly be briefing a motion to dismiss ADPs Steel Tubes action. No schedule for discovery or class certification has yet been set in either the FIS or Steel Tubes actions. That either action will reach class certification is uncertain, especially in light of the prior history of this MDL. Of the 74 initial defendant families, to-date only 12 remain.

Indeed, IPPs have not filed a single class-certification motion since the onset of the MDL five years ago.  Even assuming there will be a benefit to Maruyasu and CMA from the discovery, which is itself not a given, IPPs' claims as to some undue benefit afforded Maruyasu and CMA are wholly premature and cannot be a basis to compel them to pay a share of costs for discovery they had no part in requesting.

In fact, neither Maruyasu nor CMA is in a position to know at this time whether the requested OEM discovery is needed for their defenses.  IPPs' Motion states that a list of suppliers, model years, and time periods to be produced has already been provided to Toyota, and that lists for other OEMs "are currently being formed."  Mot. at 12-13.  IPPs assert the inequity of having to re-write those lists if the Motion is not granted, but the undersigned Counsel has not been provided this list and does not know if Maruyasu or CMA are included on it or whether it contains suppliers, model years, or time periods implicated in the FIS or Steel Tubes actions (or necessarily what those suppliers, model years, or time periods might be).  *See* Cole Decl. ¶ 62.  Plaintiffs are not at risk of paying for any OEM discovery that Maruyasu or CMA requested, because the negotiated subpoenas and OEM Final Orders do not reflect the concerns or inputs of CMA or Maruyasu.  *See* Cole Decl. ¶ 64.  While the only prejudice IPPs cite is the prejudice of having to bear the cost of OSS discovery at this time, the prejudice to Maruyasu and CMA should they be required to pay for the costs of OEM discovery purportedly for their "benefit" is markedly more palpable.

IPPs admit that they paused OEM discovery efforts when they believed they could settle all of their actions.  *See* Mot. at 6.  Having settled actions with several former Defendants who presumably were involved in the OEM discovery efforts, IPPs now urgently seek to force their costs on non-settling Defendants, including those who never sought OEM discovery in the first

place and who had no involvement in the OEM discovery efforts — and on account of the OSS action.  It is highly disingenuous for IPPs to claim that Defendants who never sought OEM discovery in the first place are refusing to "pay their fair share of costs" when IPPs could have obtained this discovery when a greater number of Defendants could have shared the costs.  Mot. at 2-3, 14.  IPPs present no basis as to why it would be inequitable or unfair for Maruyasu or CMA to share in the costs of discovery if and when that discovery is necessary and beneficial as already contemplated by the OEM Cost Order.

### B. The OEM Cost Order Already Provides That Maruyasu and CMA Should Not Pay OEMs' Costs Unless and Until They Request the Discovery.

IPPs' Motion appears directed at the remaining Defendants in the IPP actions, regardless of whether or not they had any involvement in OEM discovery efforts or were party to the motion to compel that resulted in the OEM Cost Order.  *See* Mot. at 1 n.2, 19 n. 10.  IPPs cannot be surprised that certain Defendants are opposing OEM discovery costs.  IPPs' attempt to compel Defendants who have been uninvolved with OEM discovery to pay OEM costs ignores not only the framework that Special Master Esshaki already set forth in the OEM Cost Order, but also basic due process.  *See* ECF No. 1584 at 4 n.4.  As reflected in the briefing itself, all the parties who participated were well aware that not all moving Defendants sought OEM discovery against every OEM, and that not all Defendants in the MDL were moving parties.  Consequently, the OEM Cost Order provided that parties (both moving/"Serving" or not) would only be responsible for costs when seeking the discovery.  *See* Attachment A to ECF No. 1185 (reflecting that several Defendants declined to pursue discovery against particular OEMs); Parties' Response to Objections to Special Master's April 20, 2016 Order Regarding Rule 30(b)(6) Depositions at 1 n.1 (May 16, 2016), ECF No. 1354 ("Not all Defendants join with

respect to all OEMS."); ECF No. 1507 (JTEKT's withdrawal from OEM discovery efforts); ECF No. 1579 at 1 n.2 (Special Master Esshaki's Order defining "Serving Parties" to include "certain Defendants"); ECF No. 1596 (Fujikura's withdrawal from OEM discovery efforts). IPPs' current effort to seek costs from *all* remaining defendants regardless of whether or not they are seeking discovery, is patently unjust.

None of the Court's or Special Master's prior orders require Maruyasu or CMA or any party to share in the OEMs' costs of production unless they are requesting the production or access to productions that have already been made. The OEM Cost Order provides that the moving or so-called "Serving Parties" may opt-out and not be obligated to share the OEMs' costs *unless* they seek the production. *See* OEM Cost Order at 7, ECF No. 1584. The order also provides a mechanism for non-Serving parties to affirmatively choose to opt-in and seek to utilize the discovery subject to negotiations with the Serving Parties:

> To the extent any non-Serving Parties seek to share in the discovery produced pursuant to this Order, or to any of the OEM-specific agreements or Orders, the Serving Parties reserve their rights to seek a share of those costs from such additional parties.

*Id.* at 4 n.4. IPPs' Motion necessarily does not address this provision, which already works to remedy any prejudice claimed by IPPs as to Maruyasu and CMA.

### 1. Maruyasu Has Not Requested Any OEM to Produce and Cannot Be Bound By An Unauthorized Inclusion In A Motion To Compel While It Was Not a Party

Maruyasu has not requested any OEM to produce discovery. Maruyasu cannot be compelled to be a moving party based on the unauthorized inclusion of its counsel's signature block on a motion to compel. It neither joined nor participated in any OEM discovery efforts. Cole Decl. ¶¶ 11, 14, 19, 40. Any attempt to characterize Maruyasu as a "Serving Party" should be rejected. The subpoenas themselves do not identify the parties on behalf of whom the

subpoenas were served.  Over the course of briefing regarding OEM discovery, a definition of "Serving Parties" apparently emerged that included End-Payor Plaintiffs, Automobile Dealer Plaintiffs, Truck and Equipment Dealer Plaintiffs, the State of Florida, the State of Indiana, and the Defendants listed in Attachment A to ECF No. 1185.  *See, e.g.*, ECF Nos. 1453 at 1 n.1, 1579 at 1 n.2, 1582 at 1 n.1, 1584 at 2 n.2.  Attachment A to ECF No. 1185 purports to be a list of parties that joined the Serving Parties' first Motion to Compel OEM Discovery.  ECF No. 1185.

The Parties' first Motion to Compel OEM Discovery, was filed on January 19, 2016, a date on which Maruyasu was not a party in the MDL.  *See* Cole Decl. ¶¶ 9-12.  By January 19, 2016, Maruyasu had been voluntarily dismissed from the EPPs' FIS action, the only case in which it had been served with a complaint at that point.  *See* Cole Decl. ¶¶ 9-10.  Given Maruyasu's status as a non-party at the time ECF No. 1185 was filed, there was no basis to include it among the parties listed on Attachment A to ECF No. 1185.  Notably, the address and contact numbers listed for Maruyasu's counsel are incorrect, a fact further demonstrating Maruyasu's lack of involvement in OEM discovery efforts and briefing.  *See* Cole Decl. ¶ 53.

That IPPs and/or other Defendants took it upon themselves without authorization to name Maruyasu in an attachment to a motion to compel certain OEM discovery cannot form a basis for them to argue that Maruyasu should now be included among the parties deemed a "Serving Party."  *See Meretta v. Peach*, 491 N.W.2d 278, 280 (Mich. Ct. App. 1992) ("Apparent authority must be traceable to the principal and cannot be established by the facts and [unilateral] conduct of the agent."); *Richards*, 876 F. Supp. at 1506-07 ("A principal is responsible for the acts of an agent . . . only where the principal itself 'by its acts or conduct has clothed the agent with the appearance of authority, and not where the agent's own conduct has created the apparent authority.'" (quoting *Tosco Corp. v. Fed. Deposit Ins. Corp.*, 723 F.2d 1242, 1248-49 (6th Cir.

1983))).

Upon learning of the unauthorized addition of Maruyasu to documents related to the OEM discovery disputes and unauthorized use of Maruyasu counsel's signature block, counsel for Maruyasu promptly corrected the error to no objection from IPPs or any Defendant.  Cole Decl. ¶ 53; *cf. Richards*, 876 F. Supp. at 1507 (finding no apparent authority where "as soon as [the alleged principal] discovered what [the alleged agent] was doing, she was fired").  It would therefore be erroneous to include Maruyasu among the Serving Parties obligated to pay costs under the OEM Cost Order.  Maruyasu reserves all rights to seek from IPPs and participating Defendants any share to which it is held attributable on account of it being wrongly included in any list of "Serving Parties" before the Special Master.

Even if, somehow, Maruyasu was considered a Serving Party, Serving Parties are still not automatically subject to the order to share the OEMs' discovery costs because, as described in detail in the Defendants' Joint Opposition, even the Special Master's OEM Cost Order preserved the Serving Parties' right to opt-out of the OEM discovery after receiving the OEMs' cost estimates.

### 2.  CMA Is Not a Serving Party

Like Maruyasu, CMA did not serve any OEM subpoenas and did not participate in the OEM discovery efforts.  *See* Cole Decl. ¶¶ 29.  As of January 19, 2016, when the Serving Parties filed their first motion to compel, CMA had not been named in any action (and its objection to consolidation in the MDL was not resolved until March 7, 2017).  *See* Cole Decl. ¶¶ 23, 28.  CMA, naturally, did not join the motion to compel and was never listed on Attachment A to ECF No. 1185, the purported list of Serving Parties.

IPPs' effort to impose costs on CMA is particularly unfair because CMA specifically

objected to consolidation in the MDL precisely because of its concern that binding discovery orders had already been issued in the MDL without CMA's ability to contest those orders. *See* No. 2:16-cv-12949, ECF No. 12; No. 2:16-cv-13424, ECF No. 9. In the briefing in support of its objection, CMA unequivocally asserted its due process rights to conduct discovery to develop its individual defenses without any limitations imposed by the actions of Defendants in earlier-filed cases in the MDL. *See* CMA's Reply in Support of CMA's Objection to Coordination at 5-6, No. 16-cv-4003 (Dec. 19, 2016), ECF No. 5. In ruling on CMA's objection to consolidation, the Court stated that even after consolidation in the MDL, CMA and the other parties "retain their rights to discovery to the extent necessary to prepare [their] defenses or to challenge class certification." No. 16-cv-4002, ECF No. 13, at 3. IPPs are now pursuing the very tactics that CMA feared when it filed its objection in December 2016: they are seeking an order compelling CMA to obtain and pay for discovery that it did not request and does not want. It is also unclear whether CMA and Maruyasu will be able to later obtain the part-specific discovery relevant to their cases. CMA again asserts its due process rights.

Any order requiring Maruyasu or CMA to share in the costs of any OEM discovery at this time is contrary to the OEM Cost Order and fundamentally unfair.

## CONCLUSION

For the foregoing reasons, IPPs' Motion as to Maruyasu and CMA should be denied.

Respectfully submitted,

**WHITE & CASE**LLP

Dated: May 15, 2018                    By: */s/ Eileen M. Cole*
                                            Eileen M. Cole

Christopher M. Curran
Email: ccurran@whitecase.com
Eileen M. Cole
Email: ecole@whitecase.com
Samuel J. Sharp
Email: samuel.sharp@whitecase.com

**WHITE & CASE**LLP
701 Thirteenth Street, NW
Washington, DC 20005
Telephone: (202) 626-3600
Facsimile:  (202) 639-9355

*Counsel for Maruyasu Industries Co., Ltd. and
Curtis-Maruyasu America, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 15, 2018, I caused the foregoing Maruyasu Industries Co., Ltd. and Curtis-Maruyasu America, Inc.'s Opposition to IPPs' Motion for an Order Directing Defendants to Pay Half of the Parties' Costs Relating to OEM Discovery to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notifications of such filings to all counsel of record.

*/s/ Eileen M. Cole*
Eileen M. Cole
