# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| IN RE: AUTOMOTIVE PARTS ANTITRUST LITIGATION | Master File No. 12-md-02311<br>Hon. Marianne O. Battani |
| IN RE: ALL CASES | |
| THIS RELATES TO:<br><br>DEALERSHIP ACTIONS<br>END-PAYOR ACTIONS<br>TRUCK & EQUIPMENT DEALER ACTIONS | |

**DECLARATION OF EILEEN M. COLE
IN SUPPORT OF MARUYASU INDUSTRIES CO., LTD. AND
CURTIS-MARUYASU AMERICA, INC.'S OPPOSITION
TO IPPs' MOTION FOR AN ORDER DIRECTING DEFENDANTS
TO PAY HALF OF THE PARTIES' COSTS RELATING TO OEM DISCOVERY**

I, Eileen M. Cole, hereby declare as follows:

1. I am a partner with the law firm of White & Case LLP, counsel for Defendants Maruyasu Industries Co., Ltd. ("Maruyasu") and Curtis-Maruyasu America, Inc. ("CMA") in this matter.

2. I submit this declaration in support of Maruyasu and CMA's Opposition to IPPs' Motion For an Order Directing Defendants to Pay Half of the Parties' Costs Relating to OEM Discovery.

3. This declaration is based on my personal knowledge.

4. Steel Tubes and Fuel Injections Systems are the only MDL cases in which Maruyasu has been named a Defendant.

5. Steel Tubes is the only MDL case in which CMA has been named as a Defendant.

6. Neither Maruyasu nor CMA has ever been named in a complaint filed by the Truck and Equipment Dealer Plaintiffs ("TEDPs").

*Fuel Injection Systems (FIS)*

7. I understand that on December 19, 2014, the End-Payor Plaintiffs ("EPPs") filed their Consolidated Amended Class Action Complaint in Fuel Injection Systems, first naming Maruyasu as a Defendant in the FIS action. *See* No. 2:13-cv-02203, ECF No. 18. This was the first time Maruyasu was named as a Defendant in any action in the *In re Automotive Parts Antitrust Litigation* MDL (hereinafter, "*Auto Parts* MDL" or "MDL"). I understand that on January 16, 2015, EPPs filed a Corrected Consolidated Amended Class Action Complaint (hereinafter, "EPPs' FIS Corrected Amended Complaint") in Fuel Injection Systems. *See* No. 2:13-cv-02203, ECF No. 27.

8. I understand that on December 23, 2014, the Automobile Dealership Plaintiffs ("ADPs") filed their Consolidated Amended Class Action Complaint in Fuel Injection Systems, first naming Maruyasu as a Defendant. *See* No. 2:13-cv-02202, ECF No. 24. I understand that on January 16, 2015, ADPs filed a Corrected Consolidated Amended Class Action Complaint in Fuel Injection Systems. *See* No. 2:13-cv-02202, ECF No. 33 (hereinafter, "ADPs' FIS Corrected Amended Complaint").

9. On August 4, 2015, EPPs and Maruyasu stipulated to service of EPPs' FIS Corrected Amended Complaint. *See* No. 2:13-cv-02203, ECF No. 129. At this time, Maruyasu became a party to the MDL for the first time.

10. On October 12, 2015, EPPs voluntarily dismissed Maruyasu without prejudice from the FIS action. *See* No. 2:13-cv-02203, ECF No. 144. As of October 12, 2015, Maruyasu was no longer a party to the MDL.

11. During this brief, two-month period (August 4, 2015 to October 12, 2015) in which Maruyasu was a party to the MDL, counsel for Maruyasu did not participate in any civil OEM discovery efforts.

12. On July 1, 2016, ADPs and Maruyasu stipulated to service of ADPs' FIS Corrected Amended Complaint. At this point, Maruyasu again became a party to the MDL.

13. On September 2, 2016, ADPs voluntarily dismissed Maruyasu without prejudice from the FIS action. *See* No. 2:13-cv-02202, ECF No. 199. As of September 2, 2016, Maruyasu was no longer a party to the MDL.

14. During this brief, two-month period (July 1, 2016 to September 2, 2016) in which Maruyasu was a party to the MDL, counsel for Maruyasu did not participate in any civil OEM discovery efforts.

15. On March 29, 2017, EPPs filed their Second Consolidated Amended Class Action Complaint in Fuel Injection Systems and re-named Maruyasu as a Defendant. *See* No. 2:13-cv-02203, ECF No. 271 (hereinafter, "EPPs' FIS Second Amended Complaint").

16. Maruyasu opposed EPPs' FIS Motion for Alternate Service on May 23, 2017. *See* No. 13-cv-02203, ECF No. 284.

17. On December 18, 2017, EPPs caused to be delivered EPPs' FIS Second Amended Complaint to Maruyasu in Japan via Federal Express. *See* No. 2:13-cv-02203, ECF No. 304.

18. On January 22, 2018, counsel for Maruyasu stipulated to service of EPPs' FIS Second Amended Complaint. As of January 22, 2018, Maruyasu again became a party to the

MDL. Maruyasu stipulated that it would respond to the Complaint after other Defendants had been served.

19.     Since January 22, 2018, when Maruyasu again became a party to the MDL, counsel for Maruyasu has not participated in any civil OEM discovery efforts.

20.     On February 2, 2018, Maruyasu filed a Motion to Dismiss EPPs' FIS Second Amended Complaint. *See* No. 2:13-cv-02203, ECF No. 307. Maruyasu's motion to dismiss EPPs' FIS complaint has been fully briefed. The Court has not yet decided this motion. Oral argument is scheduled for June 6, 2018.

21.     In January 2018, EPPs and ADPs approached Maruyasu and the other remaining FIS Defendants to request a Rule 26(f) conference and to begin negotiating a discovery plan for Fuel Injection Systems. A rule 26(f) conference was held on March 1, 2018 in Fuel Injection Systems. The negotiations for the discovery plan for Fuel Injection Systems are ongoing. No discovery plan has been entered in the FIS action and no class certification date has been set.

22.     On May 10, 2018, ADPs filed a motion for leave to amend their FIS Complaint to re-name Maruyasu as a Defendant. No. 2:13-cv-02202, ECF No. 249. The Court has not ruled on ADPs' motion for leave to amend their FIS Complaint.

### *Steel Tubes*

23.     I understand that on August 12, 2016, EPPs filed a Complaint relating to steel tubes, naming Maruyasu and CMA as Defendants. *See* No. 2:16-cv-12949, ECF No. 1. This was the first time that CMA, Maruyasu's U.S. subsidiary, was named as a defendant in an auto-parts-related action.

24.     I understand that on September 21, 2016, ADPs filed a complaint relating to steel tubes, naming Maruyasu and CMA as Defendants. *See* No. 2:16-cv-13424, ECF No. 1.

25. On November 2, 2016, counsel for EPPs, ADPs, and CMA stipulated to service of EPPs' and ADPs' Complaints relating to steel tubes. *See* No. 2:16-cv-12949, ECF No. 13; No. 2:16-cv-13424, ECF No. 10. CMA stipulated that it would respond to the complaints after other Defendants had been served. *See id.*

26. On November 15, 2016, the Court designated ADPs' steel tubes case as part of the MDL structure.

27. On November 23, 2016, CMA filed an objection to coordination and consolidation of EPPs' and ADPs' Steel Tubes actions with the MDL. *See* No. 2:16-cv-12949, ECF No. 12; No. 2:16-cv-13424, ECF No. 9.

28. The Court denied CMA's objection on March 7, 2017. *See* No. 2:16-cv-04003, ECF No. 12; No. 2:16-cv-04002, ECF No. 13.

29. Since CMA became a party to the MDL, Counsel for CMA have not been involved in any civil OEM discovery efforts.

30. Maruyasu opposed EPPs' Steel Tubes Motion for Alternate Service on April 4, 2017. *See* No 2:16-cv-04003, ECF No. 16.

31. On December 18, 2017, EPPs caused to be delivered EPPs' Steel Tubes Second Amended Complaint to Maruyasu in Japan via Federal Express. No. 2:16-cv-04003, ECF No. 27.

32. On January 22, 2018, counsel for Maruyasu stipulated to service of EPPs' Steel Tubes Second Amended Complaint. Maruyasu stipulated that it would respond to the Complaint by February 2, 2018. As of January 22, 2018, Maruyasu again became a party to the MDL.

33. Beyond opposing EPPs' Motions for Alternate Service, Maruyasu had no involvement in the MDL between the time ADPs voluntarily dismissed Maruyasu from the FIS

5

action (September 2, 2016) and accepting service of EPPs' Second Amended Complaint (January 22, 2018). During this time Maruyasu was not a party to the MDL.

34. On February 2, 2018, Maruyasu filed a Motion to Dismiss EPPs' Steel Tubes Complaint. No. 2:16-cv-04003, ECF No. 33.

35. On February 2, 2018, CMA filed a Motion to Dismiss EPPs' Steel Tubes Complaint. No. 2:16-cv-04003, ECF No. 32.

36. Maruyasu's and CMA's motions to dismiss EPPs' Steel Tubes complaints have been fully briefed. The Court has not yet decided these motions. Oral argument is scheduled for June 6, 2018.

37. On February 26, 2018, ADPs caused to be delivered ADPs' Steel Tubes Amended Complaint to Maruyasu in Japan via Federal Express.

38. On February 28, 2018, counsel for ADPs and Maruyasu stipulated to service of ADPs' Steel Tubes Complaint. Maruyasu stipulated that it would respond to the Complaint 90 days after all Defendants had been served.

39. No Rule 26(f) conference has been requested or held in Steel Tubes. No discovery plan has been entered in Steel Tubes and no class certification date has been set.

*OEM Discovery*

40. Counsel for Maruyasu and CMA investigated the history and current status of OEM discovery in April 2018 when Maruyasu and CMA learned IPPs intended to include them in this Motion to compel costs. Prior to that time counsel for Maruyasu and CMA was aware from a review of the docket that OEM discovery had been ongoing while Maruyasu and CMA were not parties to the MDL, and that several orders as to OEM discovery had been entered. At that time, counsel for Maruyasu and CMA's understanding was that discovery for actions where

class certification had been scheduled had been prioritized. As discovery plans had not yet been entered and class certification had not been set for either FIS or Steel Tubes, counsel for Maruyasu and CMA has to date not become involved in these OEM discovery efforts.

41. I understand, based upon my reading of the transcript from the January 28, 2015 Status Conference, that OEM discovery efforts began in the MDL sometime prior to January 2015. Maruyasu and CMA were not parties to the MDL at that time. I understand from the Declaration of William V. Reiss in Support of Indirect Purchaser Plaintiffs' Motion for an Order Directing Defendants to Pay Half of the Parties' Costs Relating to OEM Discovery that Plaintiffs contend that at the January 28, 2015 Status Conference, EPPs, ADPs, and TEDPs (together, "IPPs") and unspecified defendants were ordered to coordinate their efforts to seek third-party discovery. *See* Declaration of William V. Reiss in Support of Indirect Purchaser Plaintiffs' Motion for an Order Directing Defendants to Pay Half of the Parties' Costs Relating to OEM Discovery ¶ 2 (2:12-md-02311, ECF No. 1885) (hereinafter, "Reiss Declaration"). Maruyasu's and CMA's counsel did not attend the January 28, 2015 Status Conference as neither was a party at the time.

42. I understand from the Reiss Declaration that IPPs and unspecified defendants "worked in a closely coordinated effort" on OEM discovery ever since the January 28, 2015 Status Conference. Reiss Declaration ¶2. Counsel for Maruyasu and CMA was not among the counsel that worked closely in this coordinated effort.

43. Neither Maruyasu nor CMA was involved in the negotiations or discussions between IPPs, unspecified defendants, and/or OEMs regarding OEM discovery described in Paragraphs 3–9, 11, 13, 15, 17, 18, 23, 24 and 25 of the Reiss Declaration.

44. Maruyasu's and CMA's counsel did not participate in the various meet-and-confers, mediations, strategy sessions, hearings, or joint calls with IPPs or OEMSs regarding OEM discovery described in Paragraphs 3–9, 11, 13, 15, 17, 18, 23, 24 and 25 of the Reiss Declaration.

45. I understand from the Reiss Declaration that IPPs and unspecified defendants co-drafted and served OEM subpoenas. Reiss Decl. ¶ 3. Maruyasu's and CMA's counsel was not involved in co-drafting or serving any OEM subpoenas, including the original unified subpoena or any subsequent revisions thereof.

46. I understand from the Reiss Declaration that during some unspecified time period IPPs and unspecified defendants had weekly "all-party conference calls" regarding OEM discovery. Reiss Decl. ¶ 4. Maruyasu's and CMA's counsel was not involved in any weekly "all-party conference calls" regarding OEM discovery.

47. I understand from the Reiss Declaration that IPPs and unspecified defendants formed "OEM teams" to negotiate with OEMs. Reiss Decl. ¶ 4. Maruyasu's and CMA's counsel did not participate in any "OEM teams" or participate in any negotiations with OEMs or IPPs regarding OEM discovery.

48. I understand from the Reiss Declaration that according to Mr. Reiss unspecified defendants acted as defendant liaisons for unspecified "other Defendants" to communicate with IPPs regarding OEM discovery. Reiss Decl. ¶ 4. Maruyasu's and CMA's counsel never authorized any other defendant to act as liaison counsel on behalf of Maruyasu or CMA with respect to discussions regarding OEM discovery. Nor is Maruyasu's and CMA's counsel aware that any Defendant counsel represented to Plaintiffs' counsel that it was communicating on behalf of or acting as liaison for Maruyasu or CMA regarding OEM discovery.

49. I understand from the Reiss Declaration that IPPs and unspecified defendants negotiated with OEM counsel together, including co-writing numerous emails and letters. Reiss Decl. ¶ 5. Maruyasu's and CMA's counsel was not involved in any negotiations with OEM counsel in the civil cases and was not involved in drafting related emails and letters to OEMs.

50. I understand from the Reiss Declaration that IPPs and unspecified defendants worked together to prepare a list of topics or draft outlines for 30(b)(6) depositions of OEMs. Reiss Decl. ¶ 6. Maruyasu's and CMA's counsel was not involved in preparing topics or drafting outlines for 30(b)(6) depositions of OEMs.

51. Counsel for Maruyasu and CMA did not participate in any OEM depositions and does not have a copy of those deposition transcripts.

52. I understand from the Reiss Declaration that IPPs and unspecified defendants co-wrote two rounds of motions to compel OEMs and other briefs relating to OEM objections that followed. Reiss Decl. ¶ 7. Counsel for Maruyasu and CMA was not involved in co-writing any motions to compel or other briefs regarding OEM discovery.

53. Through Maruyasu counsel's investigation into the history of OEM discovery, counsel found that Maruyasu's counsel, Christopher M. Curran's signature and signature block were incorrectly included on Motions to Compel and related papers filed by the parties who were pursuing OEM discovery. *See* No. 2:12-md-02311, ECF Nos. 1184, 1185, 1246, 1249, 1494, 1495, 1500, 1546, 1547, 1548, 1549, 1631. As a result of voluntary dismissals in the FIS actions and a lack of service, Maruyasu was not a party to any action in this MDL at the time these papers were filed. I have spoken with Christopher Curran and other counsel for Maruyasu and none of Maruyasu's counsel, including myself, authorized these filings on Maruyasu's behalf. Counsel for Maruyasu have also reviewed email communications and have found no such

authorization. In fact, the address listed in the signature block for Maruyasu's counsel in these pleadings is incorrect. Apparently based upon this error, Maruyasu was also incorrectly identified in ECF No. 1185 Attachment A as among the defendants moving to compel OEM discovery. Upon discovering that Maruyasu had been included as a signatory without authorization, Counsel for Maruyasu filed a withdrawal from and correction to these discovery briefs. *See* No. 2:12-md-02311, ECF No. 1883. No party filed an objection or response to Maruyasu's notice of withdrawal. Counsel for Maruyasu was not contacted by anyone regarding Maruyasu's notice of withdrawal.

54. Counsel for Maruyasu first became aware in April 2018 that based upon Maruyasu's unauthorized inclusion as a moving party in Attachment A, Maruyasu had been characterized as a "Serving Party" in briefing leading up to the OEM Cost Order.

55. I understand from the Reiss Declaration that IPPs and unspecified defendants prepared for and attended mediations and hearings relating to OEM discovery. Reiss Decl. ¶ 7. Counsel for Maruyasu and CMA was not involved in preparing for any mediations or hearings relating to OEM discovery. Counsel for Maruyasu and CMA did not attend any mediations or hearings relating to OEM discovery.

56. I understand from the Reiss Declaration that IPPs and unspecified defendants presented common arguments to the Court regarding OEM discovery. Reiss Decl. ¶ 7. Counsel for Maruyasu and CMA was not involved in presenting arguments to the Court regarding OEM discovery.

57. I understand from the Reiss Declaration that IPPs and unspecified defendants planned strategy for OEM discovery. Reiss Decl. ¶ 7. Counsel for Maruyasu and CMA was not involved in planning strategy for OEM discovery.

58. I understand from the Reiss Declaration that IPPs and unspecified defendants collectively participated in numerous phone calls with OEM counsel to negotiate and draft orders and according to IPP counsel "the orders that are now in place incorporate the needs and wishes of both sides to support their claims and defenses." Reiss Decl. ¶ 7. Counsel for Maruyasu and CMA was not involved in any of these calls. Counsel for Maruyasu and CMA had no involvement in drafting or commenting on these orders and have not had the opportunity to assess whether or not these orders would meet their needs to support their claims and defenses.

59. Indeed, Exhibits apparently identifying the scope for certain OEM productions that are referenced in the Reiss Declaration were filed under seal. *See, e.g.*, 2:12-md-02311, ECF Nos. 1575-1 (General Motors), 1576-1 (SIA), 1578 (Toyota), 1593 (FCA), 1608 (Honda). Counsel for Maruyasu and CMA was not were not served or otherwise provided with copies of the sealed exhibits identifying the scope of the OEM productions. On May 3, 2018, as part of efforts to understand the instant motion, counsel for Maruyasu and CMA received, for the first time, copies of the sealed exhibits identifying the scope of the OEM productions.

60. Counsel for Maruyasu and CMA was not asked to join any OEM discovery working groups and has not participated in any of the working groups described in the Reiss Declaration. *See* Reiss Decl. ¶ 13. Prior to IPPs Motion for Costs, counsel for Maruyasu and CMA was not included in any e-mail listservs devoted to communications regarding OEM discovery. Counsel for Maruyasu and CMA are not on any of the emails attached to the Reiss Declaration.

61. Counsel for Maruyasu and CMA never authorized any other defendant to act on their behalf for purposes of OEM discovery.

62. I understand from the Reiss Declaration that according to IPP counsel the OEM Final Orders require that the Parties provide certain information to the OEMs in order for the OEMs to provide discovery and that "[t]he parties have already negotiated this list" for some OEMs. Reiss Decl. ¶11. Counsel for Maruyasu and CMA are not aware of the contents of the "list" of model years, suppliers, and/or parts described in Paragraph 11 of the Reiss Declaration. Counsel for Maruyasu and CMA have not been involved in any negotiations or discussions regarding such lists. Counsel for Maruyasu and CMA have not been provided copies of such lists.

63. I understand from the Reiss Declaration that according to IPP counsel the OEM Final Orders "incorporate the requests and negotiating points from all Parties over the years." Reiss Decl. ¶ 10. Counsel for Maruyasu and CMA did not have the opportunity to make requests and was not involved in any of the negotiations. Counsel for Maruyasu and CMA disagree that the Final Orders incorporate input from "all Parties" as they do not reflect input from Maruyasu or CMA.

64. If Maruyasu and CMA were not compelled to pay for OEM discovery that they do not request, Plaintiffs would not be required to pay for discovery that reflects the concerns and inputs of Maruyasu or CMA, as IPPs counsel contends in Reiss Declaration paragraph 11.

65. Counsel for Maruyasu and CMA have not slowed their involvement in OEM Discovery over the last few months because OEMs are providing cost estimates as IPPs counsel contends or done anything to stall OEM discovery timelines. *See* Reiss Decl. ¶ 15. Instead, counsel for Maruyasu and CMA have not been involved in OEM Discovery efforts and are working to understand the multi-year history in which they have not been involved and which was ongoing when CMA and Maruyasu were not parties to the MDL.

66. At no time did counsel for Maruyasu or CMA agree with any party that Plaintiffs and Defendants would split OEM discovery costs 50/50. Nor is counsel for Maruyasu and CMA aware of any agreement by any Defendant with any other party that Plaintiffs and Defendants would split OEM discovery costs 50/50. And counsel for Maruyasu and CMA did not authorize anyone to agree to such terms on their behalf at any time.

67. It has never been the understanding of counsel for Maruyasu or CMA that the OEM Cost Order provided that Maruyasu and CMA must pay the OEM discovery costs regardless of whether or not Maruyasu and CMA requested the discovery.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 15th day of May, 2018, in Washington, D.C.

*[signature: Eileen M. Cole]*

Eileen M. Cole