# EXHIBIT B

**Subject:** AP - Cost-Sharing Call Follow Up
**Attachments:** 2018.04.26 OEM cost sharing stipulation Revised.docx; 2018.04.26 OEM cost sharing stipulation Revised.pdf; 2018.04.26 OEM cost sharing stipulation Revised redline.pdf

**From:** owner-oem_subpoenas@lists.susmangodfrey.com [mailto:owner-oem_subpoenas@lists.susmangodfrey.com] **On Behalf Of** Amato, Jeffrey J.
**Sent:** Thursday, April 26, 2018 2:19 PM
**To:** Ronnie Spiegel <ronnie@hbsslaw.com>; OEM_subpoenas@lists.susmangodfrey.com; Reiss, William V. <WReiss@RobinsKaplan.com>; Milder, Tai S. <TMilder@RobinsKaplan.com>
**Cc:** Doyle, Matt <MDoyle@winston.com>
**Subject:** RE: AP - Cost-Sharing Call Follow Up

Ronnie,

Attached are defendants' proposed edits to the cost-sharing proposal, in redline and clean versions.

Best regards,

Jeff

**Jeffrey J. Amato**
Partner
Winston & Strawn LLP
T: +1 212-294-6700
D: +1 212-294-4685
F: +1 212-294-4700
winston.com

---

**From:** owner-oem_subpoenas@lists.susmangodfrey.com [mailto:owner-oem_subpoenas@lists.susmangodfrey.com] **On Behalf Of** Ronnie Spiegel
**Sent:** Tuesday, April 24, 2018 12:33 AM
**To:** OEM_subpoenas@lists.susmangodfrey.com; Reiss, William V. <WReiss@RobinsKaplan.com>; Milder, Tai S. <TMilder@RobinsKaplan.com>
**Subject:** AP - Cost-Sharing Call Follow Up

Defendants,

To follow up on our call this morning, Plaintiffs can agree that we will not file our motion before Friday.  Please provide your proposed edits to the cost-sharing proposal no later than Thursday midday, if not sooner.  As you requested, we are working on putting a list together of the defendants that we intend to include in our motion, and we will get back to you as soon as possible.  Also, for your convenience, please find attached a current list of cost estimates for OEMs.

Best,
Ronnie

**Ronnie Spiegel** | Partner
**Hagens Berman Sobol Shapiro LLP**
1918 8th Ave. Ste. #3300 - Seattle, WA 98101
Direct: (206) 268-9343
ronnie@hbsslaw.com | www.hbsslaw.com | HBSS Blog

Named to **2016 Elite Trial Lawyer List** by *The National Law Journal*

---

This e-mail contains communication that may constitute attorney/client privileged information and/or attorney work product. If you received this message in error, please notify the sender and delete it immediately.

To unsubscribe from the OEM_SUBPOENAS list, click here

---

The contents of this message may be privileged and confidential. If this message has been received in error, please delete it without reading it. Your receipt of this message is not intended to waive any applicable privilege. Please do not disseminate this message without the permission of the author. Any tax advice contained in this email was not intended to be used, and cannot be used, by you (or any other taxpayer) to avoid penalties under applicable tax laws and regulations.

---

This e-mail contains communication that may constitute attorney/client privileged information and/or attorney work product. If you received this message in error, please notify the sender and delete it immediately.

To unsubscribe from the OEM_SUBPOENAS list, click here

**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

| | |
|---|---|
| IN RE AUTOMOTIVE PARTS ANTITRUST LITIGATION | Master File No. 2:12-md-02311<br>Honorable Marianne O. Battani<br>Special Master Gene J. Esshaki |
| IN RE ALL AUTO PARTS CASES | 2:12-MD-02311-MOB-MKM |
| THIS DOCUMENT RELATES TO:<br>ALL END PAYOR CLASS CASES<br>ALL AUTO DEALER CLASS CASES<br>ALL TRUCK AND EQUIPMENT DEALER CLASS CASES | |

**STIPULATION AND [PROPOSED] ORDER REGARDING COST SHARING BETWEEN CERTAIN PLAINTIFFS AND CERTAIN DEFENDANTS CONCERNING OEM DISCOVERY**

WHEREAS, on November 7, 2016, the End-Payor Class Plaintiffs ("EPPs"); Truck and Equipment Dealer Class Plaintiffs ("TEDPs"); the State of Florida; the State of Indiana; and certain

Defendants[1] (collectively with the Automobile Dealer Class Plaintiffs ("ADPs")[2], the "Serving Parties") filed a Renewed Motion to Compel Discovery from Certain Non-Party Original Equipment Manufacturers and Their Affiliated Entities (collectively, "OEMs")[3] seeking to compel responses to a narrowed list of requests from uniform subpoenas served on the OEMs pursuant to

---

[1] The following Defendants signed on to the Renewed Motion to Compel Discovery from the OEMs: Bridgestone Corporation and Bridgestone APM Company; Calsonic Kansei Corporation and Calsonic Kansei North America, Inc.; TRAM, Inc. and Tokai Rika Co., Ltd.; Alps Electric Co., Ltd., Alps Electric (North America), Inc., and Alps Automotive, Inc.; Diamond Electric Mfg. Co., Ltd. and Diamond Electric Mfg. Corp.; Stanley Electric Co., Ltd., Stanley Electric U.S. Co., Inc. and II Stanley Co., Inc.; JTEKT Corporation and JTEKT Automotive North America, Inc.; Mikuni Corporation and Mikuni America Corporation; Mitsuba Corporation and American Mitsuba Corporation; Mitsubishi Heavy Industries America, Inc. and Mitsubishi Heavy Industries ClimateControl, Inc.; Nachi America Inc. and Nachi-Fujikoshi Corporation; NTN Corporation and NTN USA Corporation; Robert Bosch LLC and Robert Bosch GmbH; Sumitomo Riko Company Limited and DTR Industries, Inc.; Takata Corporation and TK Holdings, Inc.; Toyo Tire & Rubber Co., Ltd., Toyo Automotive Parts (USA), Inc., Toyo Tire North America Manufacturing Inc., and Toyo Tire North America OE Sales LLC; Toyoda Gosei Co., Ltd., TG Missouri Corporation, and Toyoda Gosei North America Corporation; Fujikura Ltd. and Fujikura Automotive America LLC. However, not all Defendants that signed on to the Renewed Motion pursued Discovery against each OEM.

Of these, Bridgestone Corporation and Bridgestone APM Company; Calsonic Kansei Corporation and Calsonic Kansei North America, Inc.; TRAM, Inc. and Tokai Rika Co., Ltd.; Alps Electric Co., Ltd., Alps Electric (North America), Inc., and Alps Automotive, Inc.; Diamond Electric Mfg. Co., Ltd. and Diamond Electric Mfg. Corp.; Stanley Electric Co., Ltd., Stanley Electric U.S. Co., Inc. and II Stanley Co., Inc.; JTEKT Corporation and JTEKT Automotive North America, Inc.; Mitsuba Corporation and American Mitsuba Corporation; Mitsubishi Heavy Industries America, Inc. and Mitsubishi Heavy Industries ClimateControl, Inc.; Nachi America Inc. and Nachi Fujikoshi Corporation; NTN Corporation and NTN USA Corporation; Robert Bosch LLC and Robert Bosch GmbH; Sumitomo Riko Company Limited and DTR Industries, Inc.; Toyo Tire & Rubber Co., Ltd., Toyo Automotive Parts (USA), Inc., Toyo Tire North America Manufacturing Inc., and Toyo Tire North America OE Sales LLC; Fujikura Ltd. and Fujikura Automotive America LLC have since settled or been dismissed from the IPP cases and are no longer seeking OEM discovery in the cases that are the subject of this Stipulation and Proposed Order.

[2] ADPs filed a statement of concurrence, concurring in part with the requests and brief of the parties. *See* Case No. 2:12-md-02311-MOB_MKM, ECF No. 1509. EPPs, ADPs, and TEDPs are, collectively, "Plaintiffs."

[3] As defined herein, "OEMs" shall collectively refer to FCA USA LLC; General Motors Company; General Motors Holding LLC; General Motors LLC; American Honda Motor Company, Inc.; Honda Manufacturing of Indiana LLC; Honda North America, Inc.; Honda of America Mfg., Inc.; Honda of South Carolina Mfg., Inc.; Honda Precision Parts Georgia, LLC; Honda R&D Americas, Inc.; Honda Research Institute USA, Inc.; Honda Transmission Manufacturing of America, Inc.; Nissan North America, Inc.; Subaru of Indiana Automotive, Inc.; Toyota Motor Engineering & Manufacturing North America, Inc.; and Toyota Motor Sales, U.S.A., Inc.

2

the Court's orders at ECF No. 277, Case No. 2:12-cv-00100, and ECF No. 949, Case No. 2:12-md-02311 (the "Renewed Motion");

WHEREAS, after conducting several days of mediation with the Serving Parties and each OEM, and following a hearing, the Special Master issued an Order requiring, *inter alia*, that the OEMs produce to the Serving Parties certain data and documents in their possession, custody, or control. ECF No. 1584, Case No. 2:12-cv-02311 ("OEM Order");

WHEREAS, the Special Master contemporaneously issued with the OEM Order a series of Orders governing the production obligations of each of the OEMs ("OEM-Specific Orders"). ECF No. 1575, Case No. 2:12-cv-02311; ECF No. 1576, Case No. 2:12-cv-02311; ECF No. 1577, Case No. 2:12-cv-02311; ECF No. 1578, Case No. 2:12-cv-02311; ECF No. 1582, Case No. 2:12-cv-02311; ECF No. 1592, Case No. 2:12-cv-02311; ECF No. 1607, Case No. 2:12-cv-02311;

WHEREAS, the OEM Order provides that the Serving Parties shall pay 70% of the OEMs' costs of compliance with the OEM Order and the OEM-Specific Orders subject to certain limitations set forth in the OEM Order ("OEM Costs")[4];

WHEREAS, the OEM Order further provides that: (i) Costs associated with production of discovery specific to an Auto Part Product[5] shall be borne by those Serving Parties participating in (*i.e.*, not settled out of or otherwise dismissed from) the relevant Auto Parts Case; and (ii) costs associated with production of "downstream" discovery not specific to an Auto Part Product shall be borne by those Plaintiffs and Defendants participating in (*i.e.*, not settled out of or otherwise

---

[4] The Court affirmed the Special Master's OEM Order on May 5, 2017. *See* Case No. 2:12-md-02311-MOB-MKM, ECF No. 1752.

[5] "Auto Part Product" shall mean the specific automotive part to which each Lead Case (as defined in the March 22, 2016 Electronic Case Management Protocol Order, Master File No. 2:12-md-02311, ECF No. 1262) or any case that is consolidated or coordinated into *In re Automotive Parts Antitrust Litigation* pertains, including, without limitation, any cases that may be later filed in *In re Automotive Parts Antitrust Litigation*.

3

dismissed from) any individual Automobile Dealership or End-Payor action at the time of production;

WHEREAS, the OEM Order further requires that the OEMs shall provide the Serving Parties with detailed cost estimates for each item to be produced, and the Serving Parties shall have the right to refuse to go forward with some or all of the OEMs' productions, if the Serving Parties so choose;

WHEREAS, the DENSO Defendants shall not bear any costs or other expenses incurred by any OEMs with respect to OEM Discovery until, and only to the extent that, the DENSO Defendants agree to acquire such discovery from the other parties at a later date pursuant to the Court's Order at ECF No. 370, Case No. 2:12-cv-00101; and

WHEREAS, Plaintiffs and Defendants wish to have the terms of this stipulation be "So Ordered" by the Special Master.

NOW, THEREFORE, Plaintiffs and Defendants, by and through the undersigned counsel, hereby stipulate and agree to the following:

1. Direct Purchaser Plaintiffs, Auto Dealer Opt-Out Plaintiffs, GEICO, and the States of Florida and Indiana are not parties to this Stipulation. This Order does not apply to cases brought by these plaintiffs and shall have no precedential effect in those cases.

2. EPPs, ADPs, TEDPs, and Defendants will split the OEM Costs in equal shares between the Participating Parties[6] who wish to access the OEM discovery. Once a particular OEM has provided its detailed cost estimate, each party that then seeks discovery from that particular

---

[6] As defined herein, the term "Participating," as applied to Parties, Plaintiffs, or Defendants, shall mean only those Parties, Plaintiffs, or Defendants that remain in (*i.e.*, are not settled out of or otherwise dismissed from) the relevant Auto Parts Case at the time of production. Parties that have executed settlement agreements shall not be considered "Participating Parties" even if the Court has not yet finally approved their settlements. "Participating Parties" may include EPPs, ADPs, TEDPs, and/or Defendants in the relevant Auto Parts Case.

4

OEM pursuant to the OEM Order shall be responsible for payment of an equal share of the OEM Costs incurred in the relevant Auto Parts Case. Each Plaintiff class shall be considered a Party for cost-sharing purposes in accordance with the separate actions filed against Defendants, such that, for example, if Participating EPPs, ADPs, TEDPs, and Defendants all request a particular OEM production, each Party will pay 25% of the OEM Costs.

3. Except as otherwise provided under the Federal Rules, no Party shall be permitted to receive or use any discovery produced pursuant to the OEM Order unless they agree to be bound by this Stipulation and Order and to pay their share of OEM Costs as provided in this Stipulation and Order.

4. Nothing in this Stipulation shall affect or alter any Party's rights or obligations under Fed. R. Civ. P. 26, or as modified by the parties in any expert discovery stipulation, including but not limited to the duty to produce and the right to review, subject to applicable protective orders, the facts or data considered by an expert witness in forming any and all opinions the witness will express.

5. If any Party wishes to receive discovery produced pursuant to the OEM Order, it shall provide written notice of its participation to the OEMs and parties within fourteen (14) days of receiving an OEM's cost proposal. Parties that do not provide such notice will not have access to, or pay a share for, OEM discovery.

6. Participating Parties seeking discovery pursuant to the OEM Order in an individual Auto Parts action shall meet and confer within fourteen (14) days of receiving an OEM's cost proposal to determine whether such proposal is acceptable. If any Participating Party objects to an OEM's cost proposal, it shall provide the other Participating Parties written notice of such objection along with the basis for such objection within twenty-one (21) days of receiving an

OEM's cost proposal.

7. To the extent any Party that was not a Participating Party seeks to acquire discovery already produced pursuant to the OEM Order, the Participating Parties reserve their rights to seek the appropriate share of OEM costs from such additional parties. Parties shall have the right to access the discovery if they pay their share of the OEM costs they otherwise would have owed under the preceding paragraphs.

**IT IS SO ORDERED**.

Dated: _____
GENE J. ESSHAKI
Special Master

**STIPULATED TO AND APPROVED BY:**

April __, 2018                              **[Signature Block to be added for Plaintiffs]**

April __, 2018                              **[Signature Block to be added for Defendants]**