# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| In Re: AUTOMOTIVE PARTS ANTITRUST LITIGATION | Master File No. 12-md-02311 |
| In Re: All Cases | Honorable Marianne O. Battani |
| THIS DOCUMENT RELATES TO: | |
| END-PAYOR ACTIONS<br>DEALERSHIP ACTIONS | |

**SUPPLEMENTAL DECLARATION OF WILLIAM V. REISS IN SUPPORT OF PLAINTIFFS' OMNIBUS REPLY IN FURTHER SUPPORT OF MOTION FOR AN ORDER DIRECTING DEFENDANTS TO PAY HALF OF THE PARTIES' COSTS RELATING TO OEM DISCOVERY**

I, WILLIAM V. REISS, declare as follows:

1.  I am an attorney duly licensed to practice in the State of New York. I am Principal with the law firm of Robins Kaplan LLP, and am Co-Lead Counsel for the End-Payor Plaintiffs ("EPPs") in the above-entitled action. I make this Declaration pursuant to 28 U.S.C. § 1746 in support of Plaintiffs' Omnibus Reply in Further Support of Motion For an Order Directing Defendants to Pay Half of the Parties' Costs Relating To OEM Discovery ("Plaintiffs' Reply"), and in further support of Plaintiffs' Motion for an Order Directing Defendants to Pay their Equal Share of the Parties' Costs Relating to OEM Discovery ("Plaintiffs' Opening Brief"). I have personal knowledge of the facts set forth in this declaration and, if called upon, I could and would competently testify thereto.

2.  Until recently, Court-ordered OEM discovery had been a co-equal effort by Indirect Purchaser Plaintiffs[1] and Defendants[2] for over three years.

---

[1] Indirect Purchaser Plaintiffs ("IPPs") as used herein, refers to the indirect purchaser plaintiff parties in the parts cases that are coordinated in *In re Automotive Parts Antitrust Litigation*, No. 2:12- md-02311-MOB-MKM (E.D. Mich.) ("*IPP Parts Cases*"), including: End-Payor Plaintiffs ("EPPs"); Automobile Dealer Plaintiffs ("ADPs"); and, Truck and Equipment Dealer Plaintiffs ("TEDPs"). Only EPPs and ADPs ("Plaintiffs") join in this Reply.

[2] "Defendants," as used herein, refers to Defendants in the *IPP Parts Cases*. The Defendants that are subject to Plaintiffs' motion are the following non-settled Defendants in the *IPP Parts Cases* (collectively, the "Subject Defendants"): Bosal Industries-Georgia, Inc.; Green Tokai Co., LTD ("Green Tokai"); Kayaba Industry Co., Ltd. d/b/a KYB Corporation and KYB Americas Corporation (collectively, "KYB"); Maruyasu Industries Co., Ltd. and Curtis-Maruyasu America, Inc.; Mikuni Corporation and Mikuni American Corporation (collectively, "Mikuni"); Mitsubishi Heavy Industries, Ltd., Mitsubishi Heavy Industries America, Inc. and Mitsubishi Heavy Industries Climate Control, Inc.; Panasonic Corporation and Panasonic Corporation of North America (collectively, "Panasonic"); Sanoh Industrial Co., Ltd. and Sanoh America, Inc.; Showa Corporation and American Showa, Inc.; and Toyoda Gosei Co., Ltd, Toyoda Gosei North America Corp. and TG Missouri Corp. (collectively, "Toyoda Gosei"). Plaintiffs inadvertently named Tokai Kogyo as a Subject Defendant in their opening brief. Plaintiffs have dismissed Tokai Kogyo from this litigation and it is therefore not subject to the motion. Hitachi, Ltd., and Hitachi Automotive Systems, Ltd., and Hitachi Automotive Systems Americas, Inc. are no longer subject to the motion pursuant to a stipulation they entered into with TEDPs.

3.     Due to the massive number of Defendants involved in OEM discovery, the Parties[3] formed an email listserv to facilitate communication among them.  The Parties used the listserv to communicate plans for OEM discovery to all Parties, including scheduled weekly all-Party calls, which often included updates on negotiations with OEMs and the Parties' joint arguments and filings.  Plaintiffs have on record a number of the Subject Defendants' counsel as joining the listserv, some from when it began in approximately August 2015.  For example, the chart below shows the names of counsel for Subject Defendants that Plaintiffs have on record, and when they joined the listserv:

| Attorney Name (Firm) | Defendant | Joined Listserv |
| --- | --- | --- |
| Heather Choi | Toyoda Gosei | 8/13/2015 |
| Mark Miller | Toyoda Gosei | 8/13/2015 |
| Caroline Dye | Toyoda Gosei | 6/27/2017 |
| Jeffrey Amato | Panasonic/NTN | 8/13/2015 |
| Angela Smedley | Panasonic/NTN | 10/7/2015 |
| Elizabeth Cate | Panasonic/NTN | 8/13/2015 |
| Greer Griffith | Panasonic/NTN | 11/19/2015 |
| Allie Kushner | Panasonic/NTN | 11/19/2015 |
| Michael Sibarium | Mikuni | 8/13/2015 |
| Jeetander Dulani | Mikuni | 8/13/2015 |
| Adya Baker | Mikuni | 8/13/2015 |
| Bradley Love | KYB | 2/2/2016 |
| Alex Barnstead | KYB | 8/11/2016 |

4.     Due to the many Defendant parties across the *IPP Parts Cases* (approximately 74 different Defendant entities at the outset of the OEM discovery effort), Defendants also appointed "liaisons" to help facilitate communication among their group.  For the subpoenas, motions to compel, and the various negotiations with OEMs, Defendants' liaisons at all times represented to IPPs that they were in consultation with the "joint defense group," in providing collective requests, edits, and agreements to join and sign off on decisions and filings.

---

[3] "Parties," as used herein, refers collectively to Plaintiffs and Defendants in the *IPP Parts Cases*.

Defendants provided their own signature blocks for all joint filings, and confirmed their final sign off, often through their liaisons.  Plaintiffs did not ever make joint filings without final confirmation from Defendants or their liaisons that Defendants agreed on the final version of the filing.

5. As they prepared their requests for production to the OEMs, Plaintiffs and Defendants collaborated on what categories of data and discovery they should request.  At various points in litigating OEM discovery, the Parties were asked by the Special Master or the Court to collectively draft proposed orders, and negotiate proposed orders with OEMs, including the OEM Cost Order,[4] and the final orders which specify the exact categories of data and documents to be produced by the Six Lead OEMs.[5]  Where one party may have represented other Defendants in phone calls with OEMs or at mediations or hearings, liaison counsel or other defense counsel would commonly represent that they could not answer until they first checked with their co-Defendants.  When defense counsel's point people and liaisons indicated Defendants' position on a matter, they represented to Plaintiffs when they did so on behalf of other Defendants.  Plaintiffs were not privy to Defendant-only communications.

6. Plaintiffs and Defendants worked together to draft the OEM Cost Order.  The Parties understood at the time that the OEM Cost Order provided a mechanism for the Parties to collectively decline to receive production of any category of documents or data for which an OEM provided a cost estimate that was too high, based on a joint decision reached by all parties. ECF No. 1584 at § II.C.b.

---

[4] Special Master's Order Regarding the Parties' Renewed Motion to Compel Discovery from Certain Non-Party Original Equipment Manufacturers and their Affiliated Entities, No. 2:12-md-02311, ECF No. 1584 ("ECF No. 1584" or "OEM Cost Order").

[5] As defined in footnote 4 of Plaintiffs' opening brief, the Six Lead OEMs are FCA, GM, Honda, Nissan, Subaru, and Toyota.

7. Subject Defendants participated in the OEM discovery effort in a variety of ways. A number of Subject Defendants are listed on the Subpoena, signed on to the Parties' motions to compel and replies, as well as Defendants' own replies, and signed on to their own and the Parties' joint responses to objections by OEMs.

8. Attached to this declaration as **Exhibit A** is a chart indicating the extent to which each Subject Defendant is or has been involved in OEM discovery.

9. Attached to this declaration as **Exhibit B** is a true and correct copy of excerpts of the transcript of the November 3, 2016 deposition of Mark Willoughby, a Rule 30(b)(6) corporate representative for Honda, indicating that Bradley Love, as counsel for defendant Green Tokai and KYB, attended and questioned the witness.

10. Attached to this declaration as **Exhibit C** is a true and correct copy of excerpts of the transcript of the August 31, 2016 deposition of Dave Oehmke, a Rule 30(b)(6) corporate representative for Nissan, indicating that Bradley Love, as counsel for KYB, attended and questioned the witness.

11. While preparing to file their motion for cost-sharing, Plaintiffs offered to exclude Green Tokai from the motion, provided that Green Tokai agree that doing so would be without prejudice to Plaintiffs should the settlement fall through. Green Tokai refused.

12. Counsel for Toyoda Gosei has been involved in the joint OEM discovery effort since its inception. *See* Ex. A. Toyoda Gosei is listed on the Subpoena and joined both rounds of the Parties' motions to compel. *See id.* Notably, Toyoda Gosei also signed Defendants' reply in support of the Parties' first motion to compel, in which Defendants laid out their specific arguments as to why OEM discovery was critical to their defenses. *Id.*

13. Attached hereto as **Exhibit D** are true and correct copies of certain emails to and from Heather Choi, the primary counsel identified to Plaintiffs for Toyoda Gosei.

14. Ms. Choi was particularly involved in the joint OEM discovery effort. *See* Ex. D. Ms. Choi joined the listserv upon its inception in August 2015, and communicated frequently with Plaintiffs' counsel over the course of the three-year joint effort. *Id.*

15. Ms. Choi was also a point person for Defendants regarding Honda negotiations. For example, in August 2015, shortly after the Subpoenas were served, Ms. Choi communicated with Plaintiffs repeatedly regarding the status of discussions with Honda on the Subpoena. *See* Ex. D at D-1–D-3 (Emails from H. Choi to R. Spiegel, of Aug. 17, 18 and 24, 2015). On August 24, 2015, Ms. Choi inquired about plans to reach out to Honda. *Id.* On October 13, 2015, Ms. Choi confirmed her attendance at the meet and confer with Honda earlier that day. *See id.* at D-4. (Oct. 13, 2015, Email from H. Choi to R. Spiegel). On October 19, 2015, Ms. Choi confirmed Toyoda Gosei's agreement on the follow up email to Honda. Ms. Choi then emailed Ronnie Spiegel regarding the October 13, 2015 meet and confer. *See id.* at D-5 (Oct. 19, 2015, Email from H. Choi to R. Spiegel).

16. In January 2016, Ms. Choi inquired as to how later-filed cases would be incorporated into the Subpoenas to the OEMs and offered to raise the issue on the all-party weekly call:

> I would like to add an agenda item to Friday's call regarding OEM subpoena issues. Kendall Millard (new to the case and representing a defendant in the shock absorbers case) and I have identified at least 3 more recent parts that are not covered by the current subpoena: shock absorbers, automotive hoses, and automotive brake hoses. I anticipate that this will continue to be an issue as additional products are added to the MDL. Do you know whether the serving parties have discussed this issue in the past? If not, we should consider how to address the addition of new parts.

*See id.* at D-6–D-8 (Jan. 27, 2016, Emails from H. Choi to R. Spiegel; Feb. 5, 2016, Email from H. Choi to R. Spiegel, reflecting Heather Choi responsibility on weekly all-party call agenda). Ms. Choi was also a point person representing Defendants on the Honda OEM team. *See id.* at D-9 (April 22, 2016, Email from R. Spiegel to listserv, noting Heather Choi as contact person for Honda).

17. On March 16, 2018, Ms. Choi asked that EPPs identify who the point people would be for OEM discovery for each of the OEMs in order to "make sure we have someone on each of the individual OEM calls and are on the correspondence." *See id.* at D-10 (March 16, 2018, Email from H. Choi to R. Spiegel).

18. On March 28, 2018, Ms. Choi, copying her partner, Mark Miller, asked that Plaintiffs provide the cost estimates for FCA. *See id.* at D-11 (March 28, 2018, Email from H. Choi to R. Spiegel and group list).

19. For upstream discovery, the Parties agreed with OEMs to prioritize those cases with class certification schedules.

20. Counsel for Plaintiffs repeatedly reached out to Defendants regarding a 50/50 split of the Parties' collective costs. Defendants did not respond. Plaintiffs viewed this as an attempt by Defendants to belatedly try to avoid payment of costs, not as proof of lack of any agreement.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed this 22nd day of May, at New York, New York.

William V. Reiss

- 6 -

**CERTIFICATE OF SERVICE**

I hereby certify that on May 22, 2018 I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

/s/ E. Powell Miller
E. Powell Miller
