EXHIBIT 2

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| IN RE AUTOMOTIVE PARTS ANTITRUST LITIGATION | 2:12-md-02311 Honorable Marianne O. Battani |
| IN RE WINDSHIELD WIPER SYSTEMS IN RE STARTERS IN RE FUEL INJECTION SYSTEMS IN RE SPARK PLUGS | Case No. 2:13-cv-00903-MOB-MKM Case No. 2:13-cv-01103-MOB-MKM Case No. 2:13-cv-02203-MOB-MKM Case No. 2:15-cv-03003-MOB-MKM |
| THIS DOCUMENT RELATES TO: END-PAYOR ACTION | |

## SETTLEMENT AGREEMENT

This Settlement Agreement ("Agreement") is made and entered into this 27 day of July 2017 ("Execution Date") by and between Robert Bosch GmbH and Robert Bosch LLC (collectively, "Bosch") and End-Payor Plaintiff Class Representatives ("End-Payor Plaintiffs"), both individually and on behalf of a class of indirect purchasers of Windshield Wiper Systems, Starters, Fuel Injection Systems, and Spark Plugs, Standard Oxygen Sensors, and Air Fuel Ratio Sensors ("Settlement Classes"), as more particularly defined in Paragraph 13 below.

WHEREAS, End-Payor Plaintiffs are prosecuting the above *In re Automotive Parts Antitrust Litigation*, Master File No. 12-md-02311 (E.D. Mich.) ("MDL Litigation") and Case Nos. 2:13-cv-00903 ("Windshield Wiper Systems Action"), 2:13-cv-01103 ("Starters Action"), 2:13-cv-02203 ("Fuel Injection Systems Action") and 2:15-cv-03003 ("Spark Plugs Action") (collectively, "Actions") on their own behalf and on behalf of the Settlement Classes;

WHEREAS, End-Payor Plaintiffs allege that they were injured as a result of Bosch's participation in unlawful conspiracies to raise, fix, maintain, and/or stabilize prices, rig bids, and allocate markets and customers for (1) Windshield Wiper Systems (as defined below) in violation of Section 1 of the Sherman Act and various state antitrust, unfair competition, unjust enrichment, and consumer protection laws as set forth in End-Payor Plaintiffs' Corrected Consolidated Amended Class Action Complaint (Case No. 2:13-cv-00903, Doc. No. 59) ("Windshield Wiper Systems Complaint"), (2) Starters (as defined below) in violation of Section 1 of the Sherman Act and various state antitrust, unfair competition, unjust enrichment, and consumer protection laws as set forth in End-Payor Plaintiffs' Second Consolidated Amended Class Action Complaint (Case No. 2:13-cv-01103, Doc. No. 135) ("Starters Complaint"), (3) Fuel Injection Systems (as defined below) in violation of Section 1 of the Sherman Act and various state antitrust, unfair competition, unjust enrichment, and consumer protection laws as set forth in End-Payor Plaintiffs' Corrected Consolidated Amended Class Action Complaint (Case No. 2:13-cv-02203, Doc. No. 27) ("Fuel Injection Systems Complaint"), and Spark Plugs, Standard Oxygen Sensors, and Air Fuel Ratio Sensors (as defined below) in violation of Section 1 of the Sherman Act and various state antitrust, unfair competition, unjust enrichment, and consumer protection laws as set forth in End-Payor Plaintiffs' Class Action Complaint (Case No. 2:15-cv-11868, Doc. No. 1) ("Spark Plugs Complaint") (collectively, "Complaints");

WHEREAS, Bosch denies End-Payor Plaintiffs' allegations and has asserted defenses to End-Payor Plaintiffs' claims in the Actions;

WHEREAS, arm's-length settlement negotiations have taken place between Settlement Class Counsel (as defined below) and counsel for Bosch and this Agreement has been reached as a result of those negotiations;

WHEREAS, End-Payor Plaintiffs, through Settlement Class Counsel, have conducted an investigation into the facts and the law regarding the Actions and have concluded that resolving the claims against Bosch, according to the terms set forth below, is in the best interests of End-Payor Plaintiffs and the Settlement Classes because of the payment of the Settlement Amount and the value of the Injunctive Relief and Cooperation (as those terms are defined below) that Bosch has agreed to provide pursuant to this Agreement;

WHEREAS, Bosch, despite its belief that it is not liable for the claims asserted and its belief that it has good defenses thereto, has nevertheless agreed to enter into this Agreement to avoid further expense, inconvenience, and the distraction of burdensome and protracted litigation, and to obtain the releases, orders, and judgment contemplated by this Agreement, and to put to rest with finality all claims that have been or could have been asserted against Bosch with respect to Windshield Wiper Systems, Starters, Fuel Injection Systems, and Spark Plugs, Standard Oxygen Sensors, and Air Fuel Ratio Sensors ("Relevant Parts") based on the allegations in the Actions, as more particularly set out below.

NOW, THEREFORE, in consideration of the covenants, agreements, and releases set forth herein and for other good and valuable consideration, it is agreed by and among the undersigned that the Actions be settled, compromised, and dismissed on the merits with prejudice as to the Releasees and except as hereinafter provided, without costs as to End-Payor Plaintiffs, the Settlement Classes, or Bosch, subject to the approval of the Court, on the following terms and conditions:

A.    Definitions.

1.    "End-Payor Plaintiff Class Representatives" means those Settlement Class Members, as defined in Paragraph 15, below, who are named plaintiffs in the Complaints.

2.    "Cooperation" shall refer to those provisions set forth below in Section F.

3.    "Cooperation Materials" means any information, testimony, Documents (as defined below) or other material provided by Bosch under the terms of this Agreement.

4.    "Defendant" means any party named as a defendant in the Actions at any time up to and including the date when the Court has entered final orders certifying the Settlement Classes described in Paragraph 13 and approving this Agreement under Federal Rule of Civil Procedure ("Rule") 23(e).

5.    "Document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Rule 34(a), including without limitation, electronically stored information. A draft or non-identical copy is a separate Document within the meaning of this term.

6.    "Indirect Purchaser States" means Arizona, Arkansas, California, District of Columbia, Florida, Hawaii, Iowa, Kansas, Maine, Massachusetts, Michigan, Minnesota, Mississippi, Missouri, Montana, Nebraska, Nevada, New Hampshire, New Mexico, New York, North Carolina, North Dakota, Oregon, Rhode Island, South Carolina, South Dakota, Tennessee, Utah, Vermont, West Virginia, and Wisconsin.

7.    For purposes of this Agreement, the "Relevant Parts" are defined to include each of the following:

(a)    "Windshield Wiper Systems" shall have the meaning set forth in Paragraph 2 of the Windshield Wiper Systems Complaint.

(b)    "Starters" shall have the meaning set forth in Paragraph 2 of the Starters Complaint;

4

(c)     "Fuel Injection Systems" shall have the meaning set forth in Paragraph 2 of the Fuel Injection Systems Complaint; and

(d)     "Spark Plugs," "Standard Oxygen Sensors," and "Air Fuel Ratio Sensors" shall have the meanings set forth in Paragraphs 2-4 of the Spark Plugs Complaint.

8.     Unless reasonably necessary, Bosch shall not be obligated to provide Cooperation in the Windshield Wiper Systems Action, Starters Action, or any action in which End-Payor Plaintiffs have settled with all Defendants.

9.     "Opt-Out Deadline" means the deadline set by the Court for the timely submission of requests by Settlement Class Members to be excluded from any of the Settlement Classes.

10.     "Released Claims" means the Claims described in Paragraphs 24-25.

11.     "Releasees" shall refer to (i) Bosch, (ii) all of Bosch's past and present direct and indirect, parents, subsidiaries and affiliates, including their respective predecessors, successors and assigns, and (iii) each and all of the present and former principals, partners, officers, directors, supervisors, employees, associates, agents, stockholders, members, representatives, insurers, attorneys, heirs, executors, administrators, and assigns of each of the persons and each of the persons and entities listed in (i) and (ii). "Releasees" does not include any defendant in the MDL Litigation other than Bosch.

12.     "Releasors" shall refer to End-Payor Plaintiffs Class Representatives and the Settlement Class Members, as defined in Paragraph 15, below, and to their past and present officers, directors, supervisors, employees, agents, stockholders, members, attorneys, servants, representatives, parents, subsidiaries, affiliates, principals, partners, insurers and all other persons, partnerships or corporations with whom any of the former have been, or are now, affiliated, and the predecessors, successors, heirs, executors, administrators and assigns of any of the foregoing.

13. For purposes of this Agreement, the "Settlement Classes" are defined to include each of the follow classes:

(a) "Windshield Wiper Systems Settlement Class" is defined as:

All persons and entities that, from January 1, 2000 through the Execution Date, purchased or leased a new Vehicle in the United States not for resale, which included one or more Windshield Wiper System(s) as a component part, or indirectly purchased one or more Windshield Wiper System(s) as a replacement part, which were manufactured or sold by a Defendant, any current or former subsidiary of a Defendant, or any co-conspirator of a Defendant. Excluded from the Settlement Class are Defendants, their parent companies, subsidiaries and affiliates, any co-conspirators, federal governmental entities and instrumentalities of the federal government, states and their subdivisions, agencies and instrumentalities, and persons who purchased Windshield Wiper Systems directly or for resale.

(b) "Starters Settlement Class" is defined as:

All persons and entities that, from January 1, 2000 through the Execution Date, purchased or leased a new Vehicle in the United States not for resale, which included one or more Starter(s) as a component part, or indirectly purchased one or more Starter(s) as a replacement part, which were manufactured or sold by a Defendant, any current or former subsidiary of a Defendant, or any co-conspirator of a Defendant. Excluded from the Settlement Class are Defendants, their parent companies, subsidiaries and affiliates, any co-conspirators, federal governmental entities and instrumentalities of the federal government, states and their subdivisions, agencies and instrumentalities, and persons who purchased Starters directly or for resale.

(c) "Fuel Injection Systems Settlement Class" is defined as:

All persons and entities that, from January 1, 2000 through the Execution Date, purchased or leased a new Vehicle in the United States not for resale, which included one or more Fuel Injection System(s) as a component part, or indirectly purchased one or more Fuel Injection System(s) as a replacement part, which were manufactured or sold by a Defendant, any current or former subsidiary of a Defendant, or any co-conspirator of a Defendant. Excluded from the Settlement Class are Defendants, their parent companies, subsidiaries and affiliates, any co-conspirators, federal governmental entities and instrumentalities of the federal

6

government, states and their subdivisions, agencies and instrumentalities, and persons who purchased Fuel Injection Systems directly or for resale.

(d)     "Spark Plugs Settlement Class" is defined as:

All persons and entities that, from January 1, 2000 through the Execution Date, purchased or leased a new Vehicle in the United States not for resale, which included one or more Spark Plug(s), Standard Oxygen Sensor(s), or Air Fuel Ratio Sensor(s) as a component part, or indirectly purchased one or more one or more Spark Plug(s), Standard Oxygen Sensor(s), or Air Fuel Ratio Sensor(s) as a replacement part, which were manufactured or sold by a Defendant, any current or former subsidiary of a Defendant, or any co-conspirator of a Defendant. Excluded from the Settlement Class are Defendants, their parent companies, subsidiaries and affiliates, any co-conspirators, federal governmental entities and instrumentalities of the federal government, states and their subdivisions, agencies and instrumentalities, and persons who purchased one or more Spark Plugs, Standard Oxygen Sensors, or Air Fuel Ratio Sensors directly or for resale.

14.     "Settlement Class Counsel" shall refer to the law firms of:

Cotchett, Pitre, & McCarthy LLP
San Francisco Airport Office Center
840 Malcolm Road, Suite 200
Burlingame, CA 94010

Robins Kaplan LLP
399 Park Avenue, Suite 3600
New York, NY 10022

Susman Godfrey L.L.P.
1901 Avenue of the Stars, Suite 950
Los Angeles, CA 90067

15.     "Settlement Class Member" means each member of the Settlement Classes who has not timely elected to be excluded from the Settlement Classes.

16.     "Settlement Amount" shall be $33,440,000.00, and the "Settlement Funds" shall be the Settlement Amount plus any income or accrued interest earned on that amount as set forth in Paragraph 27.

(a)  For the Windshield Wiper Systems Settlement Class, $508,288 plus accrued interest on said deposits set forth in Paragraph 27.

(b)  For the Starters Settlement Class, $1,039,984 plus accrued interest on said deposits set forth in Paragraph 27.

(c)  For the Fuel Injection Systems Settlement Class, $2,892,560 plus accrued interest on said deposits set forth in Paragraph 27.

(d)  For the Spark Plugs Settlement Class, $28,999,168 plus accrued interest on said deposits set forth in Paragraph 27.

17.  "Vehicles" shall refer to four-wheeled passenger automobiles, vans, sports utility vehicles, and crossover or pick-up trucks.

B.  <u>Approval of this Agreement and Dismissal of Claims Against Bosch</u>.

18.  End-Payor Plaintiffs and Bosch shall use their best efforts to effectuate this Agreement, including cooperating in seeking the Court's approval for the establishment of procedures (including the giving of class notice under Rules 23(c) and (e)) to secure the complete, and final dismissal with prejudice of the Actions as to the Releasees only.

19.  Within thirty (30) days after the execution of this Agreement, End-Payor Plaintiffs shall submit to the Court a motion seeking preliminary approval of this Agreement ("Preliminary Approval Motion"). The Preliminary Approval Motion shall include (i) the proposed form of an order preliminarily approving this Agreement, and (ii) a proposed form of order and final judgment that shall include at least the terms set forth in Paragraph 21 below.

20.  End-Payor Plaintiffs, at a time to be decided in their sole discretion, shall submit to the Court a motion for authorization to disseminate notice of the settlement and final judgment contemplated by this Agreement to all Settlement Class Members identified by End-Payor Plaintiffs ("Notice Motion"). To mitigate the costs of notice, End-Payor Plaintiffs shall endeavor,

if practicable, to disseminate notice of this settlement with notice of any other settlements reached. The Notice Motion shall include a proposed form of, method for, and date of dissemination of notice.

21. End-Payor Plaintiffs shall seek, and Bosch will not object unreasonably to, the entry of orders and final judgments in the Actions. The terms of those proposed orders and final judgments will include, at a minimum, the substance of the following provisions:

(a) certifying the Settlement Classes described in Paragraph 13 pursuant to Rule 23, solely for purposes of this settlement as the Settlement Classes for the Actions;

(b) as to the Actions, approving finally this settlement and its terms as being a fair, reasonable, and adequate settlement as to the Settlement Class Members within the meaning of Rule 23 and directing its consummation according to its terms;

(c) directing that all Releasors shall, by operation of law, be deemed to have released all Releasees from the Released Claims.

(d) as to Bosch, directing that the Actions be dismissed with prejudice and, except as provided for in this Agreement, without costs;

(e) reserving exclusive jurisdiction over the settlement and this Agreement, including the interpretation, administration and consummation of this settlement, to the United States District Court for the Eastern District of Michigan;

(f) determining under Rule 54(b) that there is no just reason for delay and directing that the judgment of dismissal in the Actions as to Bosch shall be final; and

(g) providing that (i) the Court's certification of the Settlement Classes is without prejudice to, or waiver of, the rights of any Defendant, including Bosch, to contest certification of any other class proposed in the MDL Litigation, (ii) the Court's findings in the

Order shall have no effect on the Court's ruling on any motion to certify any class in the MDL Litigation or on the Court's rulings concerning any Defendant's motion; and (iii) no party may cite or refer to the Court's approval of the Settlement Classes as persuasive or binding authority with respect to any motion to certify any such class or any Defendant's motion.

22.    This Agreement shall become final when (i) the Court has entered final orders certifying the Settlement Classes described in Paragraph 13 and approving this Agreement under Rule 23(e) and has entered final judgments dismissing the Actions with prejudice as to Bosch and without costs other than those provided for in this Agreement, and (ii) the time for appeal or to seek permission to appeal from the Court's approval of this Agreement and entry of final judgments as to Bosch described in (i) above has expired or, if appealed, approval of this Agreement and the final judgment in the Actions as to Bosch has been affirmed in its entirety by the Court of last resort to which such appeal has been taken, and such affirmance has become no longer subject to further appeal or review, and no other motion or pleading is pending in any court. It is agreed that the provisions of Rule 60 shall not be taken into account in determining the above-stated times. On the date that End-Payor Plaintiffs and Bosch have executed this Agreement, End-Payor Plaintiffs and Bosch shall be bound by its terms and this Agreement shall not be rescinded except in accordance with Paragraphs 27(h) or 48 of this Agreement.

23.    Neither this Agreement (whether or not it should become final) nor the final judgment, nor any and all negotiations, Documents, or discussions associated with them (including Cooperation Materials produced pursuant to Section F), shall be deemed or construed to be an admission by Bosch, or evidence of any violation of any statute or law or of any liability or wrongdoing whatsoever by Bosch, or of the truth of any of the claims or allegations contained in any complaint or any other pleading filed in the MDL Litigation, and evidence thereof shall not be

discoverable or used in any way, whether in the MDL Litigation, or any other arbitration, action or proceeding whatsoever, against Bosch. Nothing in this Paragraph shall prevent End-Payor Plaintiffs from using and/or introducing into evidence Cooperation Materials produced pursuant to Section F, subject to the limitations in those Paragraphs, against any other defendants in the MDL Litigation, or to develop and promulgate a plan of allocation and distribution. Neither this Agreement, nor any of its terms and provisions, nor any of the negotiations or proceedings connected with it, nor any other action taken to carry out this Agreement by Bosch, shall be referred to, offered as evidence or received in evidence in any pending or future civil, criminal, or administrative action, arbitration, or proceedings, except in a proceeding to enforce this Agreement, or to defend against the assertion of Released Claims, or as otherwise required by law.

C.      Release, Discharge, and Covenant Not to Sue.

24.     In addition to the effect of any final judgment entered in accordance with this Agreement, upon this Agreement becoming final, as set out in Paragraph 22 of this Agreement, and in consideration of payment of the Settlement Amount, as specified in Paragraph 26 of this Agreement, into the Settlement Funds, and for other valuable consideration, the Releasees shall be completely released, acquitted, and forever discharged from any and all claims, demands, actions, suits, causes of action, whether class, individual, or otherwise in nature (whether or not any Settlement Class Member has objected to the settlement or makes a claim upon or participates in the Settlement Funds, whether directly, representatively, derivatively or in any other capacity) under any federal, state, or local law of any jurisdiction in the United States that Releasors, or any of them, ever had, now has, or hereafter can, shall, or may ever have, that now exist or may exist in the future, on account of, or in any way arising out of, any and all known and unknown, foreseen and unforeseen, suspected or unsuspected, actual or contingent, liquidated or unliquidated claims, injuries, damages, and the consequences thereof in any way arising out of or relating in any way

to (i) any conduct alleged in the Complaint, and/or (ii) any act or omission of the Releasees (or any of them) concerning Relevant Parts, including but not limited to any conduct and causes of action alleged or asserted or that could have been alleged or asserted, in any class action or other complaint filed in the Actions ("Released Claims"), provided however, that nothing herein shall release: (1) any claims made by direct purchasers of Relevant Parts; (2) any claims made by automotive dealerships that are indirect purchasers of Relevant Parts; (3) any claims made by any State, State agency, or instrumentality or political subdivision of a State as to government purchases and/or penalties; (4) claims involving any negligence, personal injury, breach of contract, bailment, failure to deliver lost goods, damaged or delayed goods, product defect, securities or similar claim relating to Relevant Parts; (5) claims concerning any automotive part other than Relevant Parts; (6) claims under laws other than those of the United States relating to purchases of Relevant Parts made by any Releasor outside of the United States; and (7) claims for damages under the state or local laws of any jurisdiction other than an Indirect Purchaser State. Releasors shall not, after the date of this Agreement, seek to establish liability against any Releasee as to, in whole or in part, any of the Released Claims unless this Agreement is, for any reason, not finally approved or terminated.

25.     In addition to the provisions of Paragraph 24 of this Agreement, Releasors hereby expressly waive and release, upon this Agreement becoming final, as set out in Paragraph 22 of this Agreement, any and all provisions, rights, and benefits, as to their claims concerning Relevant Parts conferred by § 1542 of the California Civil Code, which states:

> CERTAIN CLAIMS NOT AFFECTED BY GENERAL
> RELEASE. A GENERAL RELEASE DOES NOT EXTEND TO
> CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR
> SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME
> OF EXECUTING THE RELEASE, WHICH IF KNOWN BY

HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS
OR HER SETTLEMENT WITH THE DEBTOR;

or by any equivalent law or statute of any state or territory of the United States, or principle of

common law, which is similar, comparable, or equivalent to § 1542 of the California Civil

Code. Each Releasor may hereafter discover facts other than or different from those which he,

she, or it knows or believes to be true with respect to the claims which are released pursuant to

the provisions of Paragraph 24 of this Agreement, but each Releasor hereby expressly waives

and fully, finally, and forever settles and releases, upon this Agreement becoming final, any

known or unknown, suspected or unsuspected, contingent or non-contingent claim that Bosch

and End-Payor Plaintiffs have agreed to release pursuant to Paragraph 24, whether or not

concealed or hidden, without regard to the subsequent discovery or existence of such different

or additional facts.

D.      <u>Settlement Amount</u>.

26.      Subject to the provisions hereof, and in full, complete, and final settlement of the

Actions as provided herein, Bosch, shall pay or cause to be paid the Settlement Amount of U.S.

$33,440,000. The Settlement Amount shall be paid in U.S. dollars into escrow accounts to be

administered in accordance with the provisions of Paragraph 27 of this Agreement ("Escrow

Accounts") within thirty (30) days following the later of (i) entry of an order preliminarily

approving this Agreement or (ii) the date Bosch is provided with the account number, account

name and wiring transfer information for the Escrow Accounts.

27.      Escrow Accounts.

(a)      The Escrow Accounts will be established at Wells Fargo Bank with such

Bank serving as escrow agent ("Escrow Agent") subject to escrow instructions regarding

investment types and reinvestment of income and proceeds mutually acceptable to Settlement

Class Counsel and Bosch, such escrow to be administered by the Escrow Agent under the Court's continuing supervision and control.

(b)     The Escrow Agent shall cause the funds deposited in the Escrow Accounts to be invested in short-term instruments backed by the full faith and credit of the United States Government or fully insured in writing by the United States Government, or money market funds rated Aaa and AAA, respectively, by Moody's Investor Services and Standard and Poor's, invested substantially in such instruments, and shall reinvest any income from these instruments and the proceeds of these instruments as they mature in similar instruments at their then current market rates. Bosch shall bear no risk related to the management and investment of the Settlement Funds.

(c)     All funds held in the Escrow Accounts shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to this Agreement and/or further order(s) of the Court.

(d)     End-Payor Plaintiffs and Bosch agree to treat the Settlement Funds as being at all times qualified settlement funds within the meaning of Treas. Reg. § 1.468B-1. In addition, Settlement Class Counsel shall timely make such elections as necessary or advisable to carry out the provisions of this Paragraph 27, including the relation-back election (as defined in Treas. Reg. § 1.468B-1(j)) back to the earliest permitted date. Such elections shall be made in compliance with the procedures and requirements contained in such regulations. It shall be the responsibility of Settlement Class Counsel to timely and properly prepare and deliver the necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filing to occur. All provisions of this Agreement shall be interpreted in a manner that is consistent with the Settlement

Amount being "Qualified Settlement Funds" within the meaning of Treasury Regulation § 1.468B-1.

(e)     For the purpose of § 468B of the Internal Revenue Code of 1986, as amended, and the regulations promulgated thereunder, the administrator of the Settlement Funds shall be Settlement Class Counsel. Settlement Class Counsel shall timely and properly file all information and other tax returns necessary or advisable with respect to the Settlement Funds (including without limitation the returns described in Treas. Reg. § 1.468B-2(k), (1)). Such returns (as well as the election described in Paragraph 27(d) above) shall be consistent with Paragraph 27(d) and in all events shall reflect that all Taxes, as defined below (including any estimated Taxes, interest or penalties), on the income earned by the Settlement Funds shall be paid out of the Settlement Funds as provided in Paragraph 27(f) hereof.

(f)     All (i) taxes (including any estimated taxes, interest or penalties) arising with respect to the income earned by the Settlement Funds, including any taxes or tax detriments that may be imposed upon Bosch or any other Releasee with respect to any income earned by the Settlement Funds for any period during which the Settlement Funds does not qualify as qualified settlement funds for federal or state income tax purposes ("Taxes"); and (ii) expenses and costs incurred in connection with the operation and implementation of Paragraphs 27(d) through 27(f) (including, without limitation, expenses of tax attorneys and/or accountants and mailing and distribution costs and expenses relating to filing (or failing to file) the returns described in Paragraph 27(e) ("Tax Expenses")), shall be paid out of the Settlement Funds.

(g)     Neither Bosch nor any other Releasee nor their respective counsel shall have any liability or responsibility for the Taxes or the Tax Expenses. Further, Taxes and Tax Expenses shall be treated as, and considered to be, a cost of administration of the Settlement Funds and shall

be timely paid by the Escrow Agent out of the Settlement Funds without prior order from the Court and the Escrow Agent shall be obligated (notwithstanding anything herein to the contrary) to withhold from distribution to any claimants authorized by the Court any funds necessary to pay such amounts including the establishment of adequate reserves for any Taxes and Tax Expenses (as well as any amounts that may be required to be withheld under Treas. Reg. § 1.468B-2(l)(2)). Bosch shall not be responsible or have any liability therefor. End-Payor Plaintiffs and Bosch agree to cooperate with the Escrow Agent, each other, and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions of Paragraphs 27(d) through 27(f).

(h) If this Agreement does not receive final Court approval, including final approval of the Settlement Classes as defined in Paragraph 13, or if the Actions are not certified as class actions for settlement purposes, then all amounts paid by Bosch into the Settlement Funds (other than costs expended or incurred in accordance with Paragraphs 27 and 30), shall be returned to Bosch from the Escrow Accounts by the Escrow Agent, along with any interest accrued thereon, within thirty (30) calendar days of the court's final determination denying final approval of the Agreement and/or Settlement Classes.

28. Injunctive Relief.

Subject to the provisions hereof, and in full, complete, and final settlement of the Actions as provided herein, Bosch further agrees that it will not engage in conduct that constitutes a *per se* violation of Section 1 of the Sherman Act (whether characterized as price fixing, market allocation, bid rigging, or otherwise) with respect to the sale of Relevant Parts for a period of twenty-four (24) months from the date of the entry of final judgment.

29. Exclusions from the Settlement Classes.

Subject to Court approval, any person or entity seeking exclusion from any of the Settlement Classes must file a written request for exclusion from such Settlement Class(es) by the Opt Out Deadline, which shall be the date set by the Court by which any class member must request exclusion from the Settlement Classes. Any person or entity that files such a request shall be excluded from the Settlement Class(es) and shall have no rights with respect to any Settlement Class(es) from which the class member has requested to be excluded. Subject to Court approval, a request for exclusion that does not comply with all of the provisions set forth in the applicable class notice will be invalid, and the person(s) or entity(ies) serving such an invalid request shall be deemed Settlement Class Member(s) and shall be bound by the Settlement Agreement upon final approval. Settlement Class Counsel shall, within ten (10) business days of the Opt Out Deadline, provide Bosch with a list and copies of all opt out requests it receives in the Actions and shall file with the Court a list of all Settlement Class Members who timely and validly opted out of the settlement.

(a)     Subject to Court Approval, any member of a Settlement Class who submits a valid and timely request for exclusion from that Settlement Class will not be a Settlement Class Member and shall not be bound by the terms of this Agreement. Bosch reserves all of its legal rights and defenses, including, but not limited to, any defenses relating to whether any excluded member of a Settlement Class is an indirect purchaser of Relevant Parts or has standing to bring any claim against Bosch.

(b)     Subject to Court Approval, in the written request for exclusion, the member of a Settlement Class must state his, her, or its full name, street address, and telephone number. Further, the member of the Settlement Class must include a statement in the written request for exclusion that he, she, or it wishes to be excluded from one or more of the Settlement Classes,

identifying each such Settlement Class. Any member of a Settlement Class that submits a written request for exclusion may also identify the number of Vehicles purchased from January 1, 2000 through the Execution Date of this Agreement as requested in the notice to the Settlement Classes as provided in Paragraph 20.

(c)     Bosch or Settlement Class Counsel may dispute an exclusion request, and the parties shall, if possible, resolve the disputed exclusion request by agreement and shall inform the Court of their position, and, if necessary, obtain a ruling thereon within thirty (30) days of the Opt-Out Deadline.

30.     Payment of Expenses.

(a)     Bosch agrees to permit up to $500,000.00 of the Settlement Funds to be used towards notice to the Settlement Classes and the costs of administration of the Settlement Funds. The notice and administration expenses up to $500,000.00 are not recoverable if this settlement does not become final or is terminated to the extent such funds have actually been expended or incurred for notice and administration costs. Other than as set forth in this Paragraphs 27 and 30, Bosch shall not be liable for any of the costs or expenses of the litigation of the Actions, including attorneys' fees, fees and expenses of expert witnesses and consultants, and costs and expenses associated with discovery, motion practice, hearings before the Court or Special Master, appeals, trials, or the negotiation of other settlements, or for class administration and costs.

(b)     To mitigate the costs of notice and administration, End-Payor Plaintiffs shall use their best efforts, if practicable, to disseminate notice with any other settlements reached with other defendants in the MDL Litigation and to apportion the costs of notice and administration on a pro rata basis across the applicable settlements.

E.      The Settlement Funds.

31.      After this Agreement becomes final within the meaning of Paragraph 22, the Settlement Funds shall be distributed in accordance with a plan to be submitted to the Court at the appropriate time by Settlement Class Counsel, subject to approval by the Court. In no event shall any Releasee have any responsibility, financial obligation, or liability whatsoever with respect to the investment, distribution, or administration of the Settlement Funds, including, but not limited to, the costs and expenses of such distribution and administration except as expressly otherwise provided in Paragraph 30 of this Agreement.

32.      End-Payor Plaintiffs and Settlement Class Counsel shall be reimbursed and indemnified solely out of the Settlement Funds for all expenses and costs, as provided by Court Order. Bosch and the other Releasees shall not be liable for any costs, fees, or expenses of any of End-Payor Plaintiffs or the Settlement Classes' respective attorneys, experts, advisors, agents, or representatives, but all such costs, fees, and expenses as approved by the Court shall be paid out of the Settlement Funds.

33.      Settlement Class Counsel's Attorneys' Fees, Reimbursement of Expenses, and Incentive Awards for Class Representatives.

(a)      Settlement Class Counsel may submit an application or applications to the Court ("Fee and Expense Application") for: (i) an award of attorneys' fees not in excess of one-third of the Settlement Funds; plus (ii) reimbursement of expenses and costs incurred in connection with prosecuting the Actions and incentive awards, plus interest on such attorneys' fees, costs, and expenses at the same rate and for the same period as earned by the Settlement Funds (until paid), as may be awarded by the Court ("Fee and Expense Award"). Settlement Class Counsel reserves the right to make additional applications for Court approval of fees and expenses incurred and reasonable incentive awards. Should Settlement Class Counsel make such additional applications,

neither Bosch nor any other Releasees shall be responsible to pay any additional fees and expenses, except to the extent these fees and expenses are paid out of the Settlement Funds already paid.

(b)     Subject to Court approval, End-Payor Plaintiffs and Settlement Class Counsel shall be reimbursed and paid solely out of the Settlement Funds for all expenses including, but not limited to, attorneys' fees and past, current, or future litigation expenses and incentive awards. Attorneys' fees and expenses awarded by the Court shall be payable from the Settlement Funds upon award, notwithstanding the existence of any timely filed objections thereto, or potential appeal therefrom, or collateral attack on the settlement or any part thereof, subject to Settlement Class Counsel's obligation to make appropriate refunds or repayments to the Settlement Funds with interest, if and when, as a result of any appeal and/or further proceedings on remand, or successful collateral attack, the fee or award of expenses is reduced or reversed, or in the event the Agreement is rescinded or terminated pursuant to Paragraph 27(h) or Paragraph 48.

(c)     The procedure for and the allowance or disallowance by the Court of the application by Settlement Class Counsel for attorneys' fees, costs, and expenses, and incentive awards for class representatives to be paid out of the Settlement Funds is not part of this Agreement, and is to be considered by the Court separately from the Court's consideration of the fairness, reasonableness and adequacy of the Settlement. Any order or proceeding relating to the Fee and Expense Application, or any appeal from any such order shall not operate to terminate or cancel this Agreement, or affect the finality of the final approval of the settlement.

(d)     Neither Bosch nor any other Releasee under this Agreement shall have any responsibility for, or interest in, or liability whatsoever with respect to any payment to Settlement Class Counsel and/or End-Payor Plaintiffs of any Fee and Expense Award in the Actions.

(e)     Neither Bosch nor any other Releasee under this Agreement shall have any responsibility for, or interest in, or liability whatsoever with respect to the allocation among Settlement Class Counsel, End-Payor Plaintiffs and/or any other person who may assert some claim thereto, of any Fee and Expense Award that the Court may make in the Actions.

F.     <u>Cooperation</u>.

34.     In return for the release and discharge provided herein, Bosch agrees to pay the Settlement Amount and be bound by the Injunctive Relief described in Paragraph 28, and further agrees to use its best efforts to provide satisfactory and timely Cooperation, as set forth specifically in Section F below, until the later of the entry of the final judgment or judgments with respect to all the remaining defendants in the End-Payor Plaintiff Actions or dismissal with prejudice of those defendants and when such judgments or dismissals become "final" as described in Paragraph 20. Cooperation will take place consistent with the timing set forth specifically below, and in a manner that is in compliance with Bosch's obligations to any Government Entities (defined as the United States Department of Justice ("DOJ"), the Japanese Fair Trade Commission ("JFTC"), the European Commission ("EU"), or any other government entity). Bosch shall not be required to produce any Documents protected by the work product doctrine or attorney client privilege, or disclosure of which is prohibited by any relevant law (including, but not limited to, foreign laws), Government Entities, or court order ("Protected Documents"). Upon reasonable request, for all Documents withheld from production, Bosch shall provide a privilege log describing such Documents in sufficient detail as to explain the nature of the privilege asserted or the basis of any other law or rule protecting such Documents.

35.     *Identity of Individuals*. Within five (5) business days of the Execution Date of this Agreement, Counsel for Bosch shall provide Settlement Class Counsel with the identity of all current and former employees, directors and officers of Bosch who: (1) were interviewed and/or

prosecuted by any Government Entity in connection with alleged price-fixing, bid rigging and market allocation of Relevant Parts; and (2) appeared before the grand jury in the DOJ's investigation into alleged antitrust violations with respect to Relevant Parts.

36.     *Transactional Data*. Subject to meeting and conferring with End-Payor Plaintiffs as to the timing of the completion of production, Bosch will use its best efforts to produce pre-existing transactional data in the format maintained in the ordinary course of business within ninety (90) days after preliminary approval by the Court of this Agreement concerning Bosch's sales of Relevant Parts as defined in Paragraph 8 above that were sold to Original Equipment Manufacturers, or other purchasers of Relevant Parts from January 1, 1998 through Execution Date. In addition, Bosch will provide, in response to a written request from Settlement Class Counsel, a single production of electronic transactional data generated during the two years after the Execution Date concerning Relevant Parts, as it exists in Bosch's electronic databases at the time of the request, within sixty (60) days of the receipt of such request. Bosch shall preserve such transactional data until two (2) years after the Execution Date of this Agreement. Bosch will produce transaction data only from existing electronic transaction databases, except that, to the extent Bosch has not recorded or maintained electronic transaction data for any period between January 1, 1998 and two (2) years from the Execution Date of this Agreement, then Bosch will use reasonable efforts to produce existing hard copy records of sales transactions not recorded or maintained electronically in the existing electronic sales transaction database.

37.     In addition, after conducting a reasonable search, Bosch shall, to the best of its knowledge, identify those Vehicles sold in the United States from January 1, 2000 through the Execution Date of this Agreement that contain Relevant Parts sold by Bosch.

38.     _Documents_. Bosch will use its best efforts to complete the production of the following Documents, other than Protected Documents, including English translations to the extent they exist, no later than sixty (60) days after preliminary approval by the Court of the Agreement. In addition, Bosch will provide, within ninety (90) days after receiving a written request from Settlement Class Counsel non-Protected Documents, including any translations, (1) provided to or seized by Government Entities relating to their investigation into alleged competition violations with respect to Relevant Parts; (2) concerning Relevant Parts previously collected and reviewed by Bosch that are relevant to the allegations in the Complaint; (3) concerning Bosch's determination of its prices for Relevant Parts sold in the United States; (4) concerning Bosch's process for approving prices to be submitted in response to requests for quotation ("RFQ") for Relevant Parts sold in the United States; and (5) relating to issued RFQs, bids submitted in response to RFQs, RFQ award notifications, and post-award price adjustments for Relevant Parts, including any Annual Price Reduction (APR) Documents for Relevant Parts sold in the United States. Bosch will consider in good faith any reasonable request by End-Payor Plaintiffs to collect and produce other non-Protected Documents in Bosch's possession, custody, or control that are not listed above, provided the request would not impose an undue burden on Bosch. Production of any documents pursuant to this paragraph shall be governed by the protections and obligations contained in Paragraph 34.

39.     _Attorney Proffers and Witness Interviews_. Additionally, Bosch shall use its best efforts to cooperate with Settlement Class Counsel as set forth in Section F.

(a)     Bosch's counsel will make themselves available at a mutually agreed location in the United States for up to four (4) meetings of one business day to provide an attorneys' proffer of facts known to them. Bosch further agrees to make six (6) persons available for

interviews and depositions, provide six (6) declarations or affidavits from the same persons, and make those persons available to testify at trial. The interviews and deposition shall be conducted at a mutually agreed-upon location in the United States or London, and the depositions shall be limited to a total of seven (7) hours over one (1) day unless the deposition is in a language other than English, in which case the deposition shall be limited to a total of thirteen (13) hours over two (2) days.

(b)     In addition to its Cooperation obligations set forth herein, Bosch agrees to produce through affidavit(s), declaration(s). and/or at trial, in Settlement Class Counsel's discretion, representatives qualified to authenticate, establish as business records or otherwise establish any other necessary foundation for admission into evidence of any Documents or transactional data produced or to be produced by Bosch. Settlement Class Counsel agrees to use their best efforts to obtain stipulations that would avoid the need to call Bosch witnesses at trial for the purpose of obtaining such evidentiary foundations.

40.     In the event that Bosch produces Documents, including translations, or provides declarations or written responses to discovery to any party or nonparty in the actions in the MDL Litigation, concerning or relating to the Actions ("Relevant Production"), Bosch shall produce all such Documents, declarations or written discovery responses to End-Payor Plaintiffs contemporaneously with making the Relevant Production to the extent such Documents, declarations or written discovery responses have not previously been produced by Bosch to End-Payor Plaintiffs. In addition, Bosch shall provide End-Payor Plaintiffs with all cooperation it provides pursuant to any settlement agreement with any other party in this MDL Litigation, including, but not limited to, the Direct Purchaser Plaintiffs. To the extent that such cooperation includes any attorney proffer, witness interviews, or depositions of witnesses in addition to those

already provided for in Paragraph 39, Settlement Class Counsel shall be permitted to attend and/or participate in such attorney proffer, witness interviews or depositions, and shall be entitled to ask questions for a period up to three (3) hours at any interview or deposition (provided that this shall not expand the time permitted for any deposition). All such additional Cooperation shall be coordinated, to the extent reasonably practicable, between Settlement Class Counsel, settlement class counsel for Automobile Dealer Plaintiffs, and settlement class counsel for the Direct Purchaser Plaintiffs, or such other party whom such cooperation is provided pursuant to a settlement agreement. End-Payor Plaintiffs' receipt of, or participation in, cooperation provided by Bosch shall not in any way limit End-Payor Plaintiffs' entitlement to receive Cooperation as set forth in this Section F, including, but not limited to, attorney proffers, witness interviews, and depositions.

41.     This Agreement does not restrict Settlement Class Counsel from noticing, attending and/or participating in any deposition in the MDL Litigation. Settlement Class Counsel may notice, attend, cross-notice and/or participate in any depositions of Bosch's witnesses in addition to the depositions set forth in Paragraph 39, and Settlement Class Counsel together with settlement class counsel for the automobile dealership plaintiffs ("Automobile Dealership Plaintiffs") may ask questions for a combined total of three (3) hours at such deposition, provided that the time for participation of Settlement Class Counsel and settlement class counsel for the Automobile Dealership Plaintiffs shall not expand the time permitted for the deposition as may be provided by the Court, and Settlement Class Counsel will not ask the Court to enlarge the time of any deposition noticed of a Bosch current or former employee. Participation by Settlement Class Counsel in the depositions discussed in this Paragraph will not limit the number of depositions to be provided under Paragraph 39 above. End-Payor Plaintiffs and Settlement Class Counsel agree to use their

best efforts to ensure that any depositions taken under Paragraph 39 above are coordinated with any other deposition noticed in the MDL Litigation to avoid unnecessary duplication and expense. In the event End-Payor Plaintiffs have settled with all Defendants in an Action (*e.g.*, Windshield Wiper Systems), End-Payor Plaintiffs will forego participating in depositions of Bosch witnesses scheduled by other plaintiff groups in that Action provided that if: (1) this Agreement does not receive Final Approval, or (2) or any other settlement in that Action does not receive final approval, then End-Payor Plaintiffs may, at a later date, take depositions of any Bosch witnesses who were previously deposed in that Action subject to the limitations of this Paragraph. Nothing herein shall alter, limit or otherwise affect rights of End-Payor Plaintiffs to take depositions of Bosch employees subject to Paragraph 39(a) of this Agreement.

42.     If any Document protected by the attorney-client privilege, attorney work-product protection, or any other privilege is accidentally or inadvertently produced, its production shall in no way be construed to have waived any privilege or protection attached to such Document. Upon notice by Bosch of such inadvertent production, the Document shall promptly be destroyed and/or returned to Bosch and shall not be used by Settlement Class Counsel for any purpose. This Agreement, together with the Protective Order in the Action, brings any inadvertent production by Bosch within the protections of Federal Rule of Evidence 502(d), and Settlement Class Counsel will not argue that production to any person or entity made at any time suggests otherwise.

43.     End-Payor Plaintiffs and Settlement Class Counsel agree they will not use the information provided by Bosch or the Releasees or their representatives under this Section for any purpose other than the prosecution of the Automotive Parts Litigation, 12-md-02311, provided they do not employ such information against Bosch, and will not use it beyond what is reasonably necessary for the prosecution of the actions in 12-md-02311 or as otherwise required by law. All

Documents and other information provided pursuant to this Agreement will be deemed "Highly Confidential," as said designation is defined in the Protective Order entered in the Action. Class Plaintiffs shall certify destruction of all Cooperation Materials and information if the Settlement Class is not certified, if the Actions are finally resolved in their entirety, or if the Agreement is terminated by Class Plaintiffs in accordance with this Agreement. All Cooperation shall be coordinated so as to avoid all unnecessary duplication and expense, shall otherwise be reasonable, and shall not impose undue burden and expense on Bosch to the extent practicable.

44.     Bosch's obligations to provide Cooperation shall not be affected by the releases set forth in this Settlement Agreement. Unless this Agreement is rescinded, disapproved, or otherwise fails to take effect, Bosch's obligations to provide Cooperation under this Agreement shall continue only until otherwise ordered by the Court, or the date that final judgment has been entered in all Actions against all Defendants. For purposes of this Paragraph, the tem "final" shall have the same meaning as set forth in Paragraph 22.

45.     In the event that this Agreement fails to receive final approval by the Court, including final approval of the Settlement Classes as defined in Paragraph 13, or in the event that it is terminated by either party under any provision herein, the parties agree that neither End-Payor Plaintiffs nor Settlement Class Counsel shall be permitted to introduce into evidence against Bosch, at any hearing or trial, or in support of any motion, opposition or other pleading in the Actions or in any other federal or state or foreign action alleging a violation of any law relating to the subject matter of the Action, any Documents provided by Bosch and/or the other Releasees, their counsel, or any individual made available by Bosch pursuant to Cooperation (as opposed to from any other source or pursuant to a court order). This limitation shall not apply to any discovery of Bosch which Settlement Class Counsel may participate in as part of the MDL Litigation.

Notwithstanding anything contained herein, End-Payor Plaintiffs and the Settlement Classes are not relinquishing any rights to pursue discovery against Bosch in the event that this Agreement fails to receive final approval by the Court, including final approval of the Settlement Classes as defined in Paragraph 22, or in the event that it is terminated by either party under any provision herein.

46.     Bosch and other Releasees need not respond to formal discovery requests from End-Payor Plaintiffs or otherwise participate in the Actions during the pendency of this Agreement, with the exception of the Cooperation provisions set forth above in Section F. Other than to enforce the terms of this Agreement, neither Bosch nor End-Payor Plaintiffs shall file motions against the other, in the Actions, during the pendency of this Agreement.

47.     If Settlement Class Counsel believes that Bosch or any current or former employee, officer or director of Bosch has failed to cooperate under the terms of this Agreement, Settlement Class Counsel may seek an Order from the Court compelling such Cooperation. Nothing in this provision shall limit in any way Bosch's ability to defend the level of Cooperation it has provided or to defend its compliance with the terms of the Cooperation provisions in this Agreement.

G.     Rescission if this Agreement is Not Approved or Final Judgment is Not Entered.

48.     If the Court refuses to approve this Agreement or any part hereof, including if the Court does not certify the Settlement Classes in accordance with the specific Settlement Class definitions set forth in this Agreement, or if such approval is modified or set aside on appeal, or if the Court does not enter the final judgments provided for in Paragraph 22 of this Agreement, or if the Court enters the final judgments and appellate review is sought, and on such review, such final judgments are not affirmed in their entirety, then Bosch and End-Payor Plaintiffs shall each, in their sole discretion, have the option to rescind this Agreement in its entirety. Written notice of the exercise of any such right to rescind shall be made according to the terms of Paragraph 60. A

modification or reversal on appeal of any amount of Settlement Class Counsel's fees and expenses awarded by the Court from the Settlement Funds shall not be deemed a modification of all or a part of the terms of this Agreement or such final judgment.

49.     In the event that this Agreement does not become final as set forth in Paragraph 22, or this Agreement otherwise is terminated pursuant to Paragraph 48, then this Agreement shall be of no force or effect and any and all parts of the Settlement Funds caused to be deposited in the Escrow Accounts (including interest earned thereon) shall be returned forthwith to Bosch less only disbursements made in accordance with Paragraphs 27 and 30 of this Agreement. Bosch expressly reserves all rights and defenses if this Agreement does not become final.

50.     Further, and in any event, End-Payor Plaintiffs and Bosch agree that this Agreement, whether or not it shall become final, and any and all negotiations, Documents, and discussions associated with it, shall not be deemed or construed to be an admission or evidence of (i) any violation of any statute or law or of any liability or wrongdoing whatsoever by Bosch, or the other Releasees, to be used against Bosch, or of (ii) the truth of any of the claims or allegations contained in the Complaint or any other pleading filed in the MDL Litigation, to be used against Bosch, and evidence thereof shall not be discoverable or used in any way, whether in the MDL Litigation or in any other action or proceeding, against Bosch. Nothing in this Paragraph shall prevent End-Payor Plaintiffs from using Cooperation Materials produced by Bosch against any other defendants in any actions in the MDL Litigation to establish (i) or (ii) above.

51.     This Agreement shall be construed and interpreted to effectuate the intent of the parties, which is to provide, through this Agreement, for a complete resolution of the relevant claims with respect to each Releasee as provided in this Agreement.

52.     The parties to this Agreement contemplate and agree that, prior to final approval of the settlement as provided for in Paragraphs 18-22 hereof, appropriate notice 1) of the settlement; and 2) of a hearing at which the Court will consider the approval of this Agreement, will be given to the Settlement Classes.

H.     Miscellaneous.

53.     Bosch shall submit to settlement Class Counsel all materials required to be sent to appropriate Federal and State officials pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1715.

54.     This Agreement does not settle or compromise any claim by End-Payor Plaintiffs or any Settlement Class Member asserted in the Complaint or, if amended, any subsequent complaint, against any Defendant or alleged co-conspirator other than Bosch. All rights against such other Defendants or alleged co-conspirators are specifically reserved by End-Payor Plaintiffs and the Settlement Classes. All rights of any Settlement Class Member against any and all former, current, or future Defendants or co-conspirators or any other person other than Bosch and the other Releasees, for sales made by Bosch and Bosch's alleged illegal conduct are specifically reserved by End-Payor Plaintiffs and Settlement Class Member. Bosch's sales to the class and its alleged illegal conduct shall, to the extent permitted or authorized by law, remain in the Actions as a basis for damage claims and shall be part of any joint and several liability claims against other current or future Defendants in the Actions or other persons or entities other than Bosch and the other Releasees. Bosch shall not be responsible for any payment to End-Payor Plaintiffs other than the amount specifically agreed to in Paragraph 26 of this Agreement.

55.     The United States District Court for the Eastern District of Michigan shall retain jurisdiction over the implementation, enforcement, and performance of this Agreement, and shall have exclusive jurisdiction over any suit, action, proceeding, or dispute arising out of or relating

to this Agreement or the applicability of this Agreement that cannot be resolved by negotiation and agreement by End-Payor Plaintiffs and Bosch, including challenges to the reasonableness of any party's actions. This Agreement shall be governed by and interpreted according to the substantive laws of the state of Michigan without regard to its choice of law or conflict of laws principles. Bosch will not object to complying with any of the provisions outlined in this Agreement on the basis of jurisdiction.

56.     This Agreement constitutes the entire, complete and integrated agreement among End-Payor Plaintiffs and Bosch pertaining to the settlement of the Actions against Bosch, and supersedes all prior and contemporaneous undertakings, communications, representations, understandings, negotiations and discussions, either oral or written, between End-Payor Plaintiffs and Bosch in connection herewith. This Agreement may not be modified or amended except in writing executed by End-Payor Plaintiffs and Bosch, and approved by the Court.

57.     This Agreement shall be binding upon, and inure to the benefit of, the successors and assigns of End-Payor Plaintiffs and Bosch. Without limiting the generality of the foregoing, each and every covenant and agreement made herein by End-Payor Plaintiffs or Settlement Class Counsel shall be binding upon all Settlement Class Members and Releasors. The Releasees (other than Bosch entities which are parties hereto) are third-party beneficiaries of this Agreement and are authorized to enforce its terms applicable to them.

58.     This Agreement may be executed in counterparts by End-Payor Plaintiffs and Bosch, and a facsimile signature shall be deemed an original signature for purposes of executing this Agreement.

59.     Neither End-Payor Plaintiffs nor Bosch shall be considered to be the drafter of this Agreement or any of its provisions for the purpose of any statute, case law, or rule of interpretation

or construction that would or might cause any provision to be construed against the drafter of this Agreement.

60.     Where this Agreement requires either party to provide notice or any other communication or Document to the other, such notice shall be in writing, and such notice, communication or Document shall be provided by facsimile, or electronic mail (provided that the recipient acknowledges having received that email, with an automatic "read receipt" or similar notice constituting an acknowledgement of an email receipt for purposes of this Paragraph), or letter by overnight delivery to the undersigned counsel of record for the party to whom notice is being provided.

61.     Each of the undersigned attorneys represents that he or she is fully authorized to enter into the terms and conditions of, and to execute, this Agreement subject to Court approval.

*[signature pages follow]*

Dated: July 28, 2017

Steven N. Williams
Elizabeth Tran
Demetrius X. Lambrinos
**COTCHETT, PITRE & McCARTHY, LLP**
San Francisco Airport Office Center
840 Malcolm Road, Suite 200
Burlingame, CA 94010
Telephone: (650) 697-6000
Facsimile: (650) 697-0577
swilliams@cpmlegal.com
etran@cpmlegal.com
dlambrinos@cpmlegal.com


Hollis Salzman
Bernard Persky
William V. Reiss
**ROBINS KAPLAN LLP**
399 Park Avenue, Suite 3600
New York, NY 10022
Telephone: (212) 980-7400
Facsimile: (212) 980-7499
HSalzman@RobinsKaplan.com
BPersky@RobinsKaplan.com
WReiss@RobinsKaplan.com


Marc M. Seltzer
Steven G. Sklaver
**SUSMAN GODFREY L.L.P.**
1901 Avenue of the Stars, Suite 950
Los Angeles, CA 90067-6029
Telephone: (310) 789-3100
Facsimile: (310) 789-3150
mseltzer@susmangodfrey.com
ssklaver@susmangodfrey.com


Terrell W. Oxford
Chanler Langham
Omar Ochoa
**SUSMAN GODFREY L.L.P.**
1000 Louisiana Street, Suite 5100
Houston, Texas 77002

33

Dated: July __, 2017

                                                 _____

Steven N. Williams
Elizabeth Tran
Demetrius X. Lambrinos
**COTCHETT, PITRE & McCARTHY, LLP**
San Francisco Airport Office Center
840 Malcolm Road, Suite 200
Burlingame, CA 94010
Telephone: (650) 697-6000
Facsimile: (650) 697-0577
swilliams@cpmlegal.com
etran@cpmlegal.com
dlambrinos@cpmlegal.com

_____
Hollis Salzman
Bernard Persky
William V. Reiss
**ROBINS KAPLAN LLP**
399 Park Avenue, Suite 3600
New York, NY 10022
Telephone: (212) 980-7400
Facsimile: (212) 980-7499
HSalzman@RobinsKaplan.com
BPersky@RobinsKaplan.com
WReiss@RobinsKaplan.com

_____
Marc M. Seltzer
Steven G. Sklaver
**SUSMAN GODFREY L.L.P.**
1901 Avenue of the Stars, Suite 950
Los Angeles, CA 90067-6029
Telephone: (310) 789-3100
Facsimile: (310) 789-3150
mseltzer@susmangodfrey.com
ssklaver@susmangodfrey.com

Terrell W. Oxford
Chanler Langham
Omar Ochoa
**SUSMAN GODFREY L.L.P.**
1000 Louisiana Street, Suite 5100
Houston, Texas 77002

Dated: July __, 2017

Steven N. Williams
Elizabeth Tran
Demetrius X. Lambrinos
**COTCHETT, PITRE & McCARTHY, LLP**
San Francisco Airport Office Center
840 Malcolm Road, Suite 200
Burlingame, CA 94010
Telephone: (650) 697-6000
Facsimile: (650) 697-0577
swilliams@cpmlegal.com
etran@cpmlegal.com
dlambrinos@cpmlegal.com

Hollis Salzman
Bernard Persky
William V. Reiss
**ROBINS KAPLAN LLP**
399 Park Avenue, Suite 3600
New York, NY 10022
Telephone: (212) 980-7400
Facsimile: (212) 980-7499
HSalzman@RobinsKaplan.com
BPersky@RobinsKaplan.com
WReiss@RobinsKaplan.com

Marc M. Seltzer
Steven G. Sklaver
**SUSMAN GODFREY L.L.P.**
1901 Avenue of the Stars, Suite 950
Los Angeles, CA 90067-6029
Telephone: (310) 789-3100
Facsimile: (310) 789-3150
mseltzer@susmangodfrey.com
ssklaver@susmangodfrey.com

Terrell W. Oxford
Chanler Langham
Omar Ochoa
**SUSMAN GODFREY L.L.P.**
1000 Louisiana Street, Suite 5100
Houston, Texas 77002

33

Telephone: (713) 651-9366
Facsimile: (713) 654-6666
toxford@susmangodfrey.com
clangham@susmangodfrey.com
oochoa@susmangodfrey.com

*Interim Co-Lead Class Counsel for the Proposed*
*End-Payor Plaintiff Class*

Dated: July **27**, 2017

Michael S. Feldberg
John Roberti
Matthew Boucher
**ALLEN & OVERY LLP**
1221 Avenue of the Americas
New York, NY 10020
Telephone: (212) 610-6300
Michael.Feldberg@AllenOvery.com
John.Roberti@AllenOvery.com
Matthew.Boucher@AllenOvery.com

*Attorneys for Defendants Robert Bosch GmbH and*
*Robert Bosch LLP*