# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| In Re: AUTOMOTIVE PARTS ANTITRUST LITIGATION | Master File No. 2:12-md-02311 |
| In Re: All Auto Parts Cases | Hon. Marianne O. Battani<br>Master Gene J. Esshaki |
| THIS DOCUMENT RELATES TO:<br><br>END-PAYOR ACTIONS<br>DEALERSHIP ACTIONS | |

## ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION FOR AN ORDER DIRECTING DEFENDANTS TO PAY HALF OF THE PARTIES' COSTS RELATING TO OEM DISCOVERY

WHEREAS, in the above-captioned actions brought on behalf of putative classes of end payors and auto dealers, the Court has ordered production of data and documents from certain Original Equipment Manufacturers and their Affiliated Entities[1] (collectively, "OEMs"), and

---

[1] *See* Order Regarding Discovery from Non-Party Original Equipment Manufacturer General Motors and Exhibit A, No. 2:12-md-02311-MOB-MKM (E.D. Mich. Dec. 29, 2016), ECF No. 1575; Order Regarding Motion to Compel Against Honda and Exhibit A, No. 2:12-md-02311-MOB-MKM (E.D. Mich. Dec. 29, 2016), ECF No. 1577 and No. 2:12-md-02311-MOB-MKM (E.D. Mich. Jan. 19, 2017), ECF No. 1607; Order Regarding Subaru of Indiana Automotive, Inc. Discovery and Exhibit A, No. 2:12-md-02311-MOB-MKM (E.D. Mich. Dec. 29, 2016), ECF No. 1576; Order Regarding Toyota Discovery and Exhibit A, No. 2:12-md-02311-MOB-MKM (E.D. Mich. Dec. 29, 2016), ECF No. 1578; Order Regarding FCA US LLC Discovery and Exhibit A, No. 2:12-md-02311-MOB-MKM (E.D. Mich. Jan. 9, 2017), ECF No. 1592; Order Regarding Nissan North America, Inc.'s Production in Response to the Parties' Renewed Motion to Compel Discovery and Exhibit A, No. 2:12-md-02311-MOB-MKM (E.D. Mich. Jan. 4, 2017), ECF No. 1582.

Plaintiffs[2] and certain Defendants[3] entered into an agreement with Subaru of America, Inc. regarding the categories of data and documents it will produce;

WHEREAS, on January 4, 2017, the Court granted in part and denied in part the Parties' Renewed Motion to Compel Discovery from Certain Non-Party OEMs and Their Affiliated Entities that included, *inter alia*, a cost-sharing provision under which Plaintiffs and certain Defendants were ordered to pay a collective 70% of the OEMs' costs for collection and production of ordered OEM discovery, *see* 2:12-md-02311-MOB-MKM (E.D. Mich. Jan. 4, 2017), ECF No. 1584 (the "OEM Cost Order"), § II.C at 7-8;

WHEREAS, on May 5, 2017, the Court issued an order clarifying the scope of non-attorney costs to which the cost-shifting mechanism in the OEM Cost Order applies, *see* 2:12-md-02311-MOB-MKM (E.D. Mich. May 5, 2017), ECF No. 1752;

WHEREAS, the OEM Cost Order provides that, "[n]o production shall take place before the Serving Parties have had a chance to review cost estimates and until the Serving Parties understand exactly what information is to be produced," ECF No. 1584 § II.C;

WHEREAS, Plaintiffs must proceed with production of OEM discovery without delay;

WHEREAS, on May 1, 2018, Plaintiffs filed a Motion for an Order Directing Defendants to Pay Half of the Parties' Costs Relating to OEM Discovery (the "Motion"), ECF No. 1884; and

---

[2] "Plaintiffs," as used herein, refers to the End-Payor Plaintiffs and Automobile Dealer Plaintiffs in the automotive parts class cases that are coordinated in *In re Automotive Parts Antitrust Litigation*, No. 2:12- md-02311-MOB-MKM (E.D. Mich.).

[3] "Defendants," as used herein, refers to the Defendants named in the automotive parts class cases filed by End-Payor Plaintiffs and Automobile Dealer Plaintiffs that are coordinated in *In re Automotive Parts Antitrust Litigation,* No. 2:12- md-02311-MOB-MKM (E.D. Mich.).

WHEREAS, Plaintiffs and certain Defendants subject to Plaintiffs' motion appeared before Special Master Gene J. Esshaki on June 5, 2018, who made certain findings and rulings on the record;

**IT IS HEREBY ORDERED AS FOLLOWS:**

1. Following the receipt of cost estimates from an OEM, a Plaintiff ("Participating Plaintiff") or a Defendant ("Participating Defendant" and, together with Participating Plaintiff, "Participating Parties")[4] may authorize an OEM to proceed with production, in whole or in part. Participating Parties shall only be responsible for paying costs associated with the specific categories of OEM discovery that they authorize in writing. The Participating Parties shall make best efforts to obtain cost estimates from the OEMs for the production of documents on a category-by-category basis, and from August 29, 2018 forward, the Participating Parties shall request, when possible, that the OEMs distinguish requested categories of OEM discovery by specific auto part.

2. The fact that a party or party side (*i.e.*, Plaintiffs or Defendants) requested that a category of documents or information be included in a subpoena to an OEM or previously requested amendment to the categories of OEM discovery shall not make that party a Participating Party, unless and until it authorizes production of that discovery from an OEM.

3. In the event that Participating Parties for a given OEM or category of OEM discovery include both Plaintiffs and Defendants, each party side (i.e., Plaintiffs and Defendants) shall be equally responsible for the Participating Parties' 70% share of associated costs for producing that OEM discovery or category of OEM discovery.

4. After the Participating Parties have authorized and received production from an OEM, a Plaintiff or Defendant (a "Requesting Party") that is not a Participating Party may

---

[4] References to the singular import the plural and references to the plural import the singular.

subsequently request the OEM discovery authorized by the Participating Parties, in whole or in part.

    a. A Requesting Party shall make its request to the Participating Parties, not to the OEM. A Requesting Party shall make its request to a Participating Party from the same party side (i.e., Plaintiff or Defendant), if there is one.

    b. No party may share any OEM discovery obtained pursuant to this Order with any other party who is not a Requesting or Participating Party.

    c. If all of the Participating Parties for a given category of discovery from a particular OEM are from one party side, that party side shall bear 100% of the Participating Parties' 70% share of the OEM's costs. If a Requesting Party from the other party side subsequently requests a category of discovery, it shall be responsible for 50% of the Participating Parties' 70% share of the OEM's costs for the discovery it requests (e.g., if all Participating Parties are Plaintiffs and a Requesting Defendant requests a single category of discovery from a particular OEM, the Requesting Defendant shall be responsible for 50% of the Participating Parties' 70% share of the OEM's costs for producing that category of discovery).

    d. No set of Participating Plaintiffs or Participating Defendants for a given category of OEM discovery may receive reimbursement for greater than 50% of the Participating Parties' 70% share of OEM costs.

    e. Upon receiving payment from the Requesting Party of the cost determined under ¶¶ 4(c), 4(f), and/or 7, the Participating Parties shall produce the requested OEM discovery within ten (10) business days.

  f. For any request for OEM discovery made pursuant to ¶ 4(c), the Requesting Party shall reimburse the Participating Parties for 100% of the Participating Parties' reasonable costs incurred in producing the OEM discovery to the Requesting Party.

  g. Where a Requesting Party requests pursuant to ¶ 4(c) of this order only a portion of the discovery that an OEM has produced, and the OEM's cost estimate is not sufficiently detailed to assign a value to the requested discovery, the Requesting Party and Participating Parties shall meet and confer to agree upon a reasonable value for the requested discovery.

5. After the Participating Parties have authorized production of part-specific business data and documents ("upstream discovery") from an OEM for a particular part, no party may request in the above-captioned actions any additional category of upstream discovery from that OEM for that part, absent good cause.

6. After the Participating Parties have authorized production of business data and documents that relate to the whole vehicle ("downstream discovery") from an OEM, no party may request in the above-captioned actions any additional category of downstream discovery from that OEM, absent good cause.

7. Participating Plaintiffs and Participating Defendants shall each allocate their share of costs among their respective party sides at their discretion.

8. Nothing in this Stipulation shall affect or alter any party's rights or obligations under Fed. R. Civ. P. 26, or as modified by the parties in any expert discovery stipulation, including but not limited to the duty to produce and the right to review, subject to applicable protective orders, the facts or data considered by an expert witness in forming any and all opinions the witness will express.

## AVAILABILITY OF APPEAL OF THIS ORDER

This Order shall be subject to appeal to The Honorable Marianne O. Battani, pursuant to the Order Appointing a Master, No. 2:12-md-02311 (Aug. 29, 2014), ECF No. 792 at § II.B. Any party that wishes to file an objection to this Order must do so within ten (10) days of the ECF filing date of this Order. Failure to meet this deadline results in waiver of any objection to the Master's order, absent good cause shown. *Id.*

**IT IS SO ORDERED.**

Date:  November 1, 2018  

s/Gene J. Esshaki  
GENE J. ESSHAKI  
Special Master

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on November 1, 2018.

s/ Kay Doaks  
Case Manager

6