# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| IN RE: AUTOMOTIVE PARTS ANTITRUST LITIGATION | No. 12-md-02311<br>Hon. Marianne O. Battani |

| | |
|---|---|
| IN RE: HEATER CONTROL PANELS | Case No. 2:12-cv-00403 |
| IN RE: OCCUPANT SAFETY SYSTEMS | Case No. 2:12-cv-00603 |
| IN RE: SWITCHES | Case No. 2:13-cv-01303 |
| IN RE: IGNITION COILS | Case No. 2:13-cv-01403 |
| IN RE: STEERING ANGLE SENSORS | Case No. 2:13-cv-01603 |
| IN RE: FUEL INJECTION SYSTEMS | Case No. 2:13-cv-02203 |
| IN RE: VALVE TIMING CONTROL DEVICES | Case No. 2:13-cv-02503 |
| IN RE: AIR CONDITIONING SYSTEMS | Case No. 2:13-cv-02703 |
| IN RE: AUTOMOTIVE CONSTANT VELOCITY JOINT BOOT PRODUCTS | Case No. 2:14-cv-02903 |
| IN RE: AUTOMOTIVE HOSES | Case No. 2:15-cv-03203 |
| IN RE: SHOCK ABSORBERS | Case No. 2:15-cv-03303 |
| IN RE: BODY SEALING PRODUCTS | Case No. 2:16-cv-03403<br>2:16-cv-10456 |
| IN RE: INTERIOR TRIM PRODUCTS | Case No. 2:16-cv-03503 |
| IN RE: AUTOMOTIVE BRAKE HOSES | Case No. 2:16-cv-03603 |
| IN RE: EXHAUST SYSTEMS | Case No. 2:16-cv-03703 |
| IN RE: CERAMIC SUBSTRATES | Case No. 2:16-cv-03803<br>2:16-cv-11804 |
| IN RE: POWER WINDOW SWITCHES | Case No. 2:16-cv-03903 |
| IN RE: AUTOMOTIVE STEEL TUBES | Case No. 2:16-cv-04003<br>2:16-cv-12949 |
| IN RE: SIDE-DOOR LATCHES | Case No. 2:16-cv-04303<br>2:17-cv-11637 |

THIS DOCUMENT RELATES TO:
End-Payor Actions

## END-PAYOR PLAINTIFFS' AMENDED UNOPPOSED MOTION FOR AUTHORIZATION TO DISSEMINATE JUNE 2019 NOTICE TO THE END-PAYOR PLAINTIFF SETTLEMENT CLASSES

End-Payor Plaintiffs ("EPPs") respectfully move the Court, pursuant to Federal Rule of Civil Procedure ("Rule") 23, for an order: (i) approving the proposed June 2019 Notice Program and Notice Forms (together, "June 2019 Notice") and continuing to approve the use of the Claim Form; (ii) approving the proposed schedule for the June 2019 Notice Program and consideration of Final Approval of the Round 4 Settlements (defined below); (iii) preliminarily approving the revised Proposed Plan of Allocation and (iv) authorizing EPPs to disseminate the Claim Form and June 2019 Notice to potential members of the Settlement Classes ("Motion"). In support of this Motion, EPPs rely upon the accompanying memorandum of law as well as the supporting declarations and exhibits, all of which are incorporated by reference herein.

The Round 4 Settling Defendants (defined below) do not oppose the relief sought in this Motion.

Dated: June 25, 2019                                   Respectfully submitted,

                                                       SUSMAN GODFREY LLP
                                                       */s/ Marc Seltzer*
                                                       Marc M. Seltzer
                                                       Steven G. Sklaver
                                                       1900 Avenue of the Stars, Suite 1400
                                                       Los Angeles, California 90067
                                                       Telephone: (310) 789-3100
                                                       mseltzer@susmangodfrey.com
                                                       ssklaver@susmangodfrey.com

                                                       Steven M. Shepard
                                                       Lucas Issacharoff
                                                       1301 Ave. of the Americas, Fl. 32
                                                       New York, NY 10019
                                                       Telephone: (212) 729-2010
                                                       Facsimile: (212) 336-8340
                                                       sshepard@susmangodfrey.com
                                                       lissacharoff@susmangodfrey.com

                                                       Terrell W. Oxford
                                                       Chanler A. Langham
                                                       1000 Louisiana Street, Suite 5100

Houston, Texas 77002
Telephone: (713) 651-9366
Facsimile: (713) 651-6666
toxford@susmangodfrey.com
clangham@susmangodfrey.com

Floyd Short
Jenna Farleigh
1201 3rd Ave
Seattle, Washington 98101
Telephone: (206) 516-3880
fshort@susmangodfrey.com
jfarleigh@susmangodfrey.com

Adam J. Zapala
Elizabeth T. Castillo
COTCHETT, PITRE & McCARTHY, LLP
San Francisco Airport Office Center
840 Malcolm Road, Suite 200
Burlingame, California 94010
Telephone: (650) 697-6000
azapala@cmplegal.com
ecastillo@cpmlegal.com

Hollis Salzman
William V. Reiss
Noelle Feigenbaum
ROBINS KAPLAN LLP
399 Park Avenue, Suite 3600
New York, New York 10022
Telephone: (212) 980-7400
hsalzman@robinskaplan.com
wreiss@robinskaplan.com
nfeigenbaum@robinskaplan.com

*Interim Co-Lead Counsel for End-Payor
Plaintiff Classes*

E. Powell Miller
Devon P. Allard
THE MILLER LAW FIRM, P.C.
950 W. University Dr., Ste. 300
Rochester, Michigan 48307
Telephone: (248) 841-2200
Facsimile: (248) 652-2852
epm@millerlawpc.com

dpa@millerlawpc.com

*Interim Liaison Counsel for End-Payor*
*Plaintiff Classes*

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

| | |
|---|---|
| IN RE: AUTOMOTIVE PARTS ANTITRUST LITIGATION | No. 12-md-02311<br>Hon. Marianne O. Battani |

| | |
|---|---|
| IN RE: HEATER CONTROL PANELS | Case No. 2:12-cv-00403 |
| IN RE: OCCUPANT SAFETY SYSTEMS | Case No. 2:12-cv-00603 |
| IN RE: SWITCHES | Case No. 2:13-cv-01303 |
| IN RE: IGNITION COILS | Case No. 2:13-cv-01403 |
| IN RE: STEERING ANGLE SENSORS | Case No. 2:13-cv-01603 |
| IN RE: FUEL INJECTION SYSTEMS | Case No. 2:13-cv-02203 |
| IN RE: VALVE TIMING CONTROL DEVICES | Case No. 2:13-cv-02503 |
| IN RE: AIR CONDITIONING SYSTEMS | Case No. 2:13-cv-02703 |
| IN RE: AUTOMOTIVE CONSTANT VELOCITY JOINT BOOT PRODUCTS | Case No. 2:14-cv-02903 |
| IN RE: AUTOMOTIVE HOSES | Case No. 2:15-cv-03203 |
| IN RE: SHOCK ABSORBERS | Case No. 2:15-cv-03303 |
| IN RE: BODY SEALING PRODUCTS | Case No. 2:16-cv-03403<br>2:16-cv-10456 |
| IN RE: INTERIOR TRIM PRODUCTS | Case No. 2:16-cv-03503 |
| IN RE: AUTOMOTIVE BRAKE HOSES | Case No. 2:16-cv-03603 |
| IN RE: EXHAUST SYSTEMS | Case No. 2:16-cv-03703 |
| IN RE: CERAMIC SUBSTRATES | Case No. 2:16-cv-03803<br>2:16-cv-11804 |
| IN RE: POWER WINDOW SWITCHES | Case No. 2:16-cv-03903 |
| IN RE: AUTOMOTIVE STEEL TUBES | Case No. 2:16-cv-04003<br>2:16-cv-12949 |
| IN RE: SIDE-DOOR LATCHES | Case No. 2:16-cv-04303<br>2:17-cv-11637 |

THIS DOCUMENT RELATES TO:
End-Payor Actions

## END-PAYOR PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF UNOPPOSED MOTION FOR AUTHORIZATION TO DISSEMINATE JUNE 2019 NOTICE TO THE END-PAYOR PLAINTIFF SETTLEMENT CLASSES

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................ ii

STATEMENT OF ISSUES PRESENTED........................................................................... iv

STATEMENT OF CONTROLLING OR MOST APPROPRIATE AUTHORITIES .................. v

I.      INTRODUCTION ................................................................................. 3

II.     THE JUNE 2019 NOTICE PROGRAM............................................................. 8

III.    THE PLAN OF ALLOCATION ................................................................. 9

IV.     NOTICE AND CLAIM FORMS................................................................ 11

V.      THE ROUND 4 SETTLEMENT CLASSES............................................... 12

VI.     THE PROPOSED REVISED PLAN OF ALLOCATION SHOULD BE
        APPROVED ........................................................................................ 13

VII.    THE PROPOSED JUNE 2019 NOTICE PROGRAM SATISFIES RULE 23 AND
        DUE PROCESS .................................................................................. 13

        A.      The Long-Form and Short-Form Notices Should Be Approved ......................... 13

        B.      The June 2019 Notice Program Satisfies Rule 23 and Due Process..................... 16

                1.      Rule 23 and Due Process Require Notice that Is Reasonably
                        Calculated to Reach Interested Parties.................................................... 16

                2.      The June 2019 Notice Program Is Reasonably Calculated to Reach
                        Interested Parties.................................................................................. 17

        C.      The Proposed June 2019 Notice Schedule Should Be Approved......................... 19

VIII.   CONCLUSION.......................................................................................... 20

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re Celera Corp. Shareholder Litig.*,
 59 A.3d 418 (Del. 2012) ....................................................................14

*Downes v. Wis. Energy Corp. Ret. Account Plan*,
 2012 WL 1410023 (E.D. Wis. Apr. 20, 2012).......................................10

*Fidel v. Farley*,
 534 F.3d 508 (6th Cir. 2008) ...............................................................16

*In re Google Referrer Header Privacy Litig.*,
 2014 U.S. Dist. LEXIS 41695 (N.D. Cal. Mar. 26, 2014).................v, 16

*In re Heartland Payment Sys.*,
 851 F. Supp. 2d 1040 (S.D. Tex. 2012) ................................................16

*In re Initial Pub. Offering Sec. Litig.*,
 671 F. Supp. 2d 467 (S.D.N.Y. 2009)...................................................11

*In re Ins. Brokerage Antitrust Litig.*,
 297 F.R.D. 136 (D.N.J. 2013)...............................................................11

*Karkoukli's, Inc. v. Dohany*,
 409 F.3d 279 (6th Cir. 2005) .............................................................v, 16

*Mehling v. N.Y. Life Ins. Co.*,
 248 F.R.D. 455 (E.D. Pa. 2008)............................................................11

*Mullane v. Central Hanover Bank & Trust Co.*,
 339 U.S. 306 (1950).............................................................................v, 16

*Penson v. Terminal Transp. Co.*,
 634 F.2d 989 (5th Cir. 1981) ................................................................14

*In re Prudential Ins. Co. Am. Sales Practice Litig. Agent Actions*,
 148 F.3d 283 (3d Cir. 1998)..................................................................15

*Roberts v. Shermeta, Adams & Von Allmen, P.C.*
 2015 U.S. Dist. LEXIS 38434 (W.D. Mich. Feb. 23, 2015)................16

*Slipchenko v. Brunel Energy, Inc.*,
 2015 WL 338358 (S.D. Tex. Jan. 23, 2015) .........................................11

*In re Warfarin Sodium Antitrust Litig.*,
391 F.3d 516 (3d Cir. 2004) ............................................................................................ v

*In re Warfarin Sodium Antitrust Litigation*,
212 F.R.D. 231 (D. Del. 2002) ......................................................................................16

**Rules**

Fed. R. Civ. P. 23 ............................................................................................................16

Fed. R. Civ. P. 23(b)(3) ...................................................................................................13

Fed. R. Civ. P. 23(c)(2)(B) ...........................................................................13, 14, 17, 18

Fed. R. Civ. P. 23(e) ........................................................................................................15

Fed. R. Civ. P. 23(e)(1) ..............................................................................................13, 17

**Other Authorities**

Joseph M. McLaughlin, 1 *McLaughlin on Class Actions* § 5:21 (8th ed. 2011) ............................14

*Manual for Complex Litigation, Fourth* § 21.312 (Federal Judicial Center 2004) ............17, 18, 19

William B. Rubenstein, *Newberg on Class Actions* § 4:36 (5th ed.) ............................................14

## <u>STATEMENT OF ISSUES PRESENTED</u>

1.      Whether the Court should approve the proposed June 2019 Notice Program described in detail below;

2.      Whether the Court should approve the revised Plan of Allocation described in detail below;

3.      Whether the Court should approve the proposed schedule for the June 2019 Notice Program described below; and

4.      Whether the Court should authorize the dissemination of the Claim Form and June 2019 Notice to potential members of the Settlement Classes.

## <u>STATEMENT OF CONTROLLING OR MOST APPROPRIATE AUTHORITIES</u>

*Karkoukli's, Inc. v. Dohany,* 409 F.3d 279 (6th Cir. 2005)

*Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306 (1950)

*In re Google Referrer Header Privacy Litig.*, No. 5:10-cv-04809, 2014 U.S. Dist. LEXIS 41695 (N.D. Cal. Mar. 26, 2014)

*In re Warfarin Sodium Antitrust Litig.*, 391 F.3d 516 (3d Cir. 2004)

EPPs respectfully submit this revised Memorandum of Law in support of their Motion to Disseminate the June 2019 Notice, which will give the Settlement Classes notice of the Settlements, the Claim Form, and the Plan of Allocation.

EPPs have settled with an additional 16 Defendants and their affiliates ("Round 4 Settling Defendants"), for $169,898,000[1] and now respectfully seek leave to provide notice of these "Round 4 Settlements" to members of the settlement classes.[2]   In Rounds 1, 2, and 3, EPPs

---

[1] Class Members have a $53,200,000 authorized claim against the Reorganized TK Holdings Trust in bankruptcy proceeding, but they can expect to receive only a small fraction of this amount for distribution to the class.  For this reason the authorized claim amount is not included in the total settlement amount listed above.  The class representatives have also reached a settlement with Takata Corp. in Japanese insolvency proceedings. The settlement provides for a payment of 25,000,000 Japanese Yen (equivalent to approximately $220,000).  This settlement as a formal matter is with the class representatives only, but the proceeds of the settlement will be paid to the same group of purchasers included in the Settlement Class agreed to pursuant to the settlement agreement with Takata Corp.'s U.S. subsidiary, Reorganized TK Holdings Trust.

[2] The Round 4 Settling Defendants are:
1. Brose SchlieBsysteme GmbH & Co. Kommanditgesellschaft and Brose North America (collectively, "Brose"),
2. Corning International Kabushiki Kaisha and Corning Incorporated (collectively, "Corning"),
3. Delphi Technologies PLC, and Delphi Powertrain Systems, LLC (together, "Delphi"),
4. Green Tokai Co., Ltd. ("Green Tokai"),
5. Keihin Corporation and Keihin North America, Inc. (collectively, "Keihin"),
6. KYB Corporation (f/k/a Kayaba Industry Co., Ltd.) and KYB Americas Corporation (collectively, "KYB"),
7. Maruyasu Industries, Co., Ltd. and Curtis-Maruyasu America, Inc. (collectively, "Maruyasu"),
8. Meritor, Inc. f/k/a ArvinMeritor, Inc. ("Meritor"),
9. Mikuni Corporation ("Mikuni"),
10. Mitsubishi Heavy Industries, Ltd. and Mitsubishi Heavy Industries Climate Control, Inc. (collectively, "Mitsubishi Heavy"),
11. Panasonic Corporation and Panasonic Corporation of North America (together, "Panasonic"),
12. Sanoh Industrial Co., Ltd. and Sanoh America, Inc. (collectively, "Sanoh"),
13. Reorganized TK Holdings Trust ("TKH"),
14. Tokai Rika, Co. Ltd. and TRAM, Inc. d/b/a Tokai Rika U.S.A. Inc. (collectively, "Tokai Rika"),
15. Toyo Denso Co., Ltd. and Weastec, Inc. (collectively, "Toyo Denso"),

previously settled with 56 Defendants.  The Court entered orders finally approving the Round 1

Settlements on August 9, 2016,[3] *see, e.g.*, Amended Opinion and Order Granting Final Approval,

*Wire Harness Systems*, 2:12-cv-00103, ECF No. 512; finally approving the Round 2 Settlements

on July 10, 2017,[4] *see, e.g.*, Order Granting Final Approval to the Round 2 Settlements, *Wire

Harness Systems*, 2:12-cv-00103, ECF No. 576; and finally approving the Round 3 Settlements on

November 8, 2018,[5] *see, e.g.*, Order Granting Final Approval to the Round 3 Settlements, *Wire

Harness Systems*, 2:23-cv-00103, ECF No. 628.

---

16.  Toyoda Gosei Co., Ltd., Toyoda Gosei North America Corp., TG Missouri Corp., TG Kentucky, LLC, TG Missouri Corp., and TG Fluid Systems USA Corp. (collectively, "Toyoda Gosei").

[3] The Round 1 Settling Defendants are: (1) Autoliv, Inc., Autoliv ASP, Inc., Autoliv B.V. & Co. KG, Autoliv Safety Technology, Inc., and Autoliv Japan Ltd.; (2) Fujikura, Ltd. and Fujikura Automotive America LLC; (3) Hitachi Automotive Systems, Ltd.; (4) Kyungshin-Lear Sales and Engineering, LLC; (5) Lear Corporation; (6) Nippon Seiki Co., Ltd., N.S. International, Ltd., and New Sabina Industries, Inc.; (7) Panasonic Corporation and Panasonic Corporation of North America; (8) T.RAD Co., Ltd. and T.RAD North America, Inc.; (9) TRW Deutschland Holding GmbH and ZF TRW Automotive Holdings Corp. (formerly known as TRW Automotive Holdings Corp.); (10) Sumitomo Electric Industries, Ltd., Sumitomo Wiring Systems, Ltd., Sumitomo Electric Wiring Systems, Inc. (incorporating K&S Wiring Systems, Inc.), Sumitomo Wiring Systems (U.S.A.) Inc.; and (11) Yazaki Corporation and Yazaki North America, Incorporated.

[4] The Round 2 Settling Defendants are: (1) Aisin Seiki Co., Ltd. and Aisin Automotive Casting, LLC; (2) DENSO Corporation, DENSO International America, Inc., DENSO International Korea Corporation, DENSO Korea Automotive Corporation, DENSO Automotive Deutschland GmbH, ASMO Co., Ltd., ASMO North America, LLC, ASMO Greenville of North Carolina, Inc., and ASMO Manufacturing, Inc.; (3) Furukawa Electric Co., Ltd. and American Furukawa, Inc.; (4) G.S. Electech, Inc., G.S. Wiring Systems Inc., and G.S.W. Manufacturing, Inc.; (5) Leoni Wiring Systems, Inc. and Leonische Holding Inc.; (6) Mitsubishi Electric Corporation, Mitsubishi Electric US Holdings, Inc., and Mitsubishi Electric Automotive America, Inc.; (7) NSK Ltd., NSK Americas, Inc., NSK Steering Systems Co., Ltd., and NSK Steering Systems America, Inc.; (8) Omron Automotive Electronics Co. Ltd.; (9) Schaeffler Group USA Inc.; (10) Sumitomo Riko Co. Ltd. and DTR Industries, Inc.; (11) Tokai Rika Co., Ltd. and TRAM, Inc. d/b/a Tokai Rika U.S.A. Inc. (settlement in *Wire Harness* only); and (12) Valeo Japan Co., Ltd., on behalf of itself and Valeo Inc., Valeo Electrical Systems, Inc., and Valeo Climate Control Corp.

[5] The Round 3 Settling Defendants are: (1) Aisan Industry Co., Ltd.; Franklin Precision Industry, Inc.; Aisan Corporation of America; and Hyundam Industrial Co., Ltd.; (2) ALPHA Corporation

## I.   **INTRODUCTION**

EPPs seek to provide notice of the Round 4 Settlements to members of the Settlement Classes. As with the prior notice programs, EPPs have retained Kinsella Media, LLC ("Kinsella") to develop the notice program and forms of Notice for these Round 4 Settlements and have retained Garden City Group, LLC ("GCG"), since acquired by Epiq, as Settlement Claims Administrator.[6]

---

and Alpha Technology Corporation; (3) Alps Electric Co., Ltd.; Alps Electric (North America), Inc.; and Alps Automotive Inc.; (4) Robert Bosch GmbH and Robert Bosch LLC; (5) Bridgestone Corporation and Bridgestone APM Company; (6) Calsonic Kansei Corporation and Calsonic Kansei North America, Inc.; (7) Chiyoda Manufacturing Corporation and Chiyoda USA Corporation; (8) Continental Automotive Electronics LLC, Continental Automotive Korea Ltd., and Continental Automotive Systems, Inc.; (9) Diamond Electric Mfg. Co., Ltd. and Diamond Electric Mfg. Corporation; (10) Eberspächer Exhaust Technology GmbH & Co. KG and Eberspächer North America Inc.; (11) Faurecia Abgastechnik GmbH; Faurecia Systèmes d'Échappement; Faurecia Emissions Control Technologies, USA, LLC; and Faurecia Emissions Control Systems, N.A. LLC f/k/a Faurecia Exhaust Systems, Inc.; (12) Hitachi Automotive Systems, Ltd.; (13) Hitachi Metals, Ltd.; Hitachi Cable America Inc.; and Hitachi Metals America, Ltd.; (14) INOAC Corporation; INOAC Group North America, LLC; and INOAC USA Inc.; (15) JTEKT Corporation; JTEKT Automotive North America, Inc.; and JTEKT North America Corp. (formerly d/b/a Koyo Corporation of U.S.A.); (16) Kiekert AG and Kiekert U.S.A., Inc.; (17) Koito Manufacturing Co., Ltd. and North American Lighting, Inc.; (18) MAHLE Behr GmbH & Co. KG and MAHLE Behr USA Inc.; (19) MITSUBA Corporation and American Mitsuba Corporation; (20) Nachi-Fujikoshi Corp. and Nachi America Inc.; (21) NGK Insulators, Ltd. And NGK Automotive Ceramics USA, Inc.; (22) NGK Spark Plug Co., Ltd. and NGK Spark Plugs (U.S.A.), Inc.; (23) Nishikawa Rubber Company, Ltd.; (24) NTN Corporation and NTN USA Corporation; (25) Sanden Automotive Components Corporation, Sanden Automotive Climate Systems Corporation, and Sanden International (U.S.A.) Inc.; (26) SKF USA Inc.; (27) Stanley Electric Co., Ltd., Stanley Electric U.S. Co., Inc., and II Stanley Co., Inc.; (28) Tenneco Inc., Tenneco GmbH and Tenneco Automotive Operating Co., Inc.; (29) Toyo Tire & Rubber Co. Ltd.; Toyo Tire North America OE Sales LLC; and Toyo Automotive Parts (USA), Inc.; (30) Usui Kokusai Sangyo Kaisha, Ltd and Usui International Corporation; (31) Valeo S.A.; (32) Yamada Manufacturing Co. Ltd. and Yamada North America, Inc.; (33) Yamashita Rubber Co., Ltd. and YUSA Corporation.

[6] The Court previously appointed Kinsella and GCG as Notice Administrator and Settlement Claims Administrator, respectively. *See, e.g.*, Order Granting EPPs' Motion for Authorization to Disseminate Notice, *Alternators*, 2:13-cv-00703, ECF No. 54. Accordingly, in this Motion, EPPs do not recite their qualifications.

Importantly, as EPPs have reached settlements with nearly all defendants, the Round 4 Notice Program will include a claim submission deadline.

EPPs propose the following schedule of key dates for the Round 4 Settlement Notice:

**August 2, 2019:**  Begin issuing notice to potential members of the Settlement Classes.

**September 10, 2019:** Deadline for Settlement Class Counsel to file Motion for Final Approval of the Round 4 Settlements and, if Settlement Class Counsel elects, their Motion for Attorneys' Fees, Incentive Awards, and Reimbursement of Costs and Expenses.

**October 15, 2019:** Deadline for class members to object or opt out.

**November 26, 2019:** Deadline for claim submission.

**November 5, 2019, 10:00 am:** Fairness Hearing before the Court.

To meet this proposed schedule, EPPs respectfully request that the Court enter orders preliminarily approving the remaining Round 4 Settlements and granting this Motion by no later than June 30, 2019.  Kinsella has informed Settlement Class Counsel[7] that if the settlements do not receive preliminary approval by June 30, then new dates for the notice plan will likely need to be proposed in order to meet publication deadlines. *See* Ex. 1, Declaration of Shannon R. Wheatman, Ph.D., on Adequacy of Notice and Notice Plan ("Wheatman Decl. on June 2019 Notice").

Figure 1 lists the Round 4 Settling Defendants, the amounts of the settlements, and the actions to which the Round 4 Settlements apply.

**FIGURE 1**

---

[7] Settlement Class Counsel law firms are Robins Kaplan LLP, Cotchett, Pitre & McCarthy, LLP, and Susman Godfrey L.L.P.

| Settling Defendant | Total Settlement Amount | Case | Settlement Amount per Case |
|---|---|---|---|
| **Brose** | $2,280,000.00 | Side-Door Latches | $2,280,000.00 |
| **Corning** | $26,600,000.00 | Ceramic Substrates | $26,600,000.00 |
| **Delphi** | $760,000 | Ignition Coils | $760,000 |
| **Green Tokai** | $950,000.00 | Body Sealing Products | $950,000.00 |
| **Keihin** | $836,000.00 | Fuel Injection Systems | $836,000.00 |
| **KYB** | $28,880,000.00 | Shock Absorbers | $28,880,000.00 |
| **Maruyasu** | $5,320,000.00 | Fuel Injection Systems | $108,699.85 |
| **Maruyasu** | $5,320,000.00 | Automotive Steel Tubes | $5,211,300.15 |
| **Meritor** | $760,000.00 | Exhaust Systems | $760,000.00 |

| Settling Defendant | Total Settlement Amount | Case | Settlement Amount per Case |
|---|---|---|---|
| **Mikuni** | $3,344,000.00 | Fuel Injection Systems | $2,675,200.00 |
| **Mikuni** | $3,344,000.00 | Valve Timing Control Devices | $668,800.00 |
| **Mitsubishi Heavy** | $6,840,000.00 | Air Conditioning Systems | $6,840,000.00 |
| **Panasonic** | $760,000.00 | Air Conditioning Systems | $760,000.00 |
| **Sanoh** | $8,360,000.00 | Automotive Steel Tubes | $8,360,000.00 |
| **TKH** | $53,200,000.00 | Occupant Safety Systems | $53,200,000.00 |
| **Tokai Rika** | $34,200,000.00 | Heater Control Panels | $1,366,578.08 |
| **Tokai Rika** | $34,200,000.00 | Switches | $3,410,260.64 |
| **Tokai Rika** | $34,200,000.00 | Steering Angle Sensors | $677,714.01 |
| **Tokai Rika** | $34,200,000.00 | Occupant Safety Systems | $28,745,447.27 |

| Settling Defendant | Total Settlement Amount | Case | Settlement Amount per Case |
|---|---|---|---|
| **Toyo Denso** | $5,168,000.00 | Ignition Coils | $760,000.00 |
| **Toyo Denso** | $5,168,000.00 | Power Window Switches | $4,408,000.00 |
| **Toyoda Gosei** | $44,840,000.00 | Occupant Safety Systems | $5,797,725.14 |
| **Toyoda Gosei** | $44,840,000.00 | Automotive Constant Velocity Joint Boot Products | $716,505.10 |
| **Toyoda Gosei** | $44,840,000.00 | Automotive Hoses | $5,428,166.52 |
| **Toyoda Gosei** | $44,840,000.00 | Body Sealing Products | $27,148,653.36 |
| **Toyoda Gosei** | $44,840,000.00 | Interior Trim Products | $5,089,493.68 |
| **Toyoda Gosei** | $44,840,000.00 | Automotive Brake Hoses | $659,456.20 |
| **TOTAL (excluding TKH)** | | | **$169,898,000.00** |

The Court has already granted preliminary approval of 23 of the Round 4 Settlements, with the following Round 4 Settling Defendants: Brose, Corning, Green Tokai, Keihin, KYB, Maruyasu, Meritor, Mitsubishi Heavy, Panasonic, TKH, Tokai Rika, Toyo Denso, and Toyoda

Gosei.  The Court has not yet granted preliminary approval of the remaining Round 4 Settlement

with the following Round 4 Settling Defendant[8]:

- Delphi (*In re: Ignition Coils*, 13-cv-01403, Dkt. 224);

- Mikuni (*In re: Fuel Injection Systems*, 13-cv-02203, Dkt. 383; *In re: Valve Timing Control Devices*, 13-cv-02503, Dkt. 248);

- Sanoh (*In re: Automotive Steel Tubes*, 16-cv-04003 & 16-cv-12949, Dkt. 107).

If the Court grants preliminary approval of these settlements prior to the commencement

of the June 2019 Notice, EPPs intend to include those settlements in the June 2019 Notice as well.

## II.    **THE JUNE 2019 NOTICE PROGRAM**

With this Motion, EPPs submit for the Court's approval a plan for the June 2019 Notice

Program and a proposed Long-Form and Short-Form Notice.  Exhibit 1 to this motion is the

Declaration of Shannon Wheatman, Ph.D., the President of Kinsella.  Exhibit A to the Wheatman

Declaration is the plan for the June 2019 Notice Program.  Exhibit B to the Wheatman Declaration

is the proposed Long-Form Notice.  Exhibit C to the Wheatman Declaration is the proposed Short-

Form Notice.

EPPs' June 2019 Program and the Long-Form and Short-Form Notices are substantially

similar to the previous Notice Programs and the previous Notices approved by this Court in this

coordinated litigation, with two critical distinctions.  First, because EPPs have reached settlements

with nearly all Defendants, EPPs believe that a claim submission deadline is now appropriate.  And

---

[8] EPPs have filed motions for preliminary approval of the settlements with Defendants Delphi, Mikuni, and Sanoh and these motions are unopposed.  In order to include these settlements in the Notice Program, the Court must first enter an Order granting preliminary approval of this remaining Round 4 Settlements.  With respect to Delphi, EPPs have submitted a stipulation in the Ignition Coils action permitting EPPs to amend their complaint to name Delphi as a Defendant. Dkt. 220.  In order to include Delphi in the Notice Program, the Court must "So Order" this stipulation.[9] Under the Plan of Allocation, the "Allowed Claim Amount" is based on the number of Vehicles purchased or leased and number of replacement parts purchased.

second, in order to stimulate additional claims, EPPs propose modification of the Plan of Allocation to provide for a minimum distribution of $100 per claimant.

Based on the experience of Rounds 1-3, EPPs plan certain additional modifications of the previous Notice Programs in order to increase public awareness of the settlements, namely:

- Additional outreach by email and targeted television and online advertising to class members of their potential claims and the claims deadline and to stimulate additional claims;

- Additional outreach targeted at younger audiences, including by streaming video and sponsored social media posts;

- Additional outreach of attorneys to media outlets; and

- Informing potential class members of the minimum payment amount of $100.

Based on Kinsella's past experience, this additional outreach, as well as the minimum payment amount and the claim submission deadline, will help to stimulate additional claims. Wheatman Decl. ¶ 43.

## III.   THE PLAN OF ALLOCATION

The Court previously approved a Plan of Allocation in connection with each of the Round 1, 2, and 3 settlements.  *See, e.g.*, Order Approving End-Payor Plaintiffs' Plan of Allocation of the Settlements, *In re: Wire Harness Systems*, 2:12-cv-00103, ECF No. 577; Plan of Allocation, *In re: Wire Harness Systems*, ECF No. 523-1.

In order to stimulate additional claims, EPPs propose to modify the Plan of Allocation to guarantee a minimum payment of $100 to each claimant.  After the claims deadline, the claims administrator will calculate in accordance with the foregoing plan of allocation the Allowed Claim

Amount[9] of all class members who timely submit claims that the claims administrator recommends for approval by the Court. Subject to adjustment as described below, all allowed claimants will be paid a minimum of $100 from the net settlement funds regardless of the amount of their net allowed claim amounts. Allowed claimants with Allowed Claim Amounts exceeding $100 will share in the remaining net settlement funds on a *pro rata* basis based on the ratio their respective Allowed Claim Amount bears to the total net amount of all allowed claims. If the net settlement funds are insufficient to allow a minimum payment of $100 to each allowed claimant, the amount to be paid to all claimants shall be adjusted so that claimants share in the net settlement funds on a pro rata basis based on the amounts of their respective Allowed Claim Amounts.

For example, consider the following hypothetical class members with the following hypothetical Allowed Claim Amounts from a $1,100 settlement fund:

Claimant A: $30

Claimant B: $70

Claimant C: $150

Claimant D: $350

Claimant E: $500

Under the original, strictly *pro rata* allocation, the claimants would receive the above amounts.

Under the revised Plan of Allocation, the claimants would receive the following amounts:

Claimant A: $100

Claimant B: $100

Claimant C: $135

---

[9] Under the Plan of Allocation, the "Allowed Claim Amount" is based on the number of Vehicles purchased or leased and number of replacement parts purchased.

Claimant D: $315

Claimant E: $450

As noted in the Wheatman Declaration, the inclusion of a guaranteed minimum payment will stimulate additional claims activity by alleviating the concern of potential claimants that the settlement proceeds would not be worthwhile.  Moreover, courts have repeatedly approved class action settlements with plans of allocation featuring minimum settlement benefits for each class member.  *See, e.g.*, *Downes v. Wis. Energy Corp. Ret. Account Plan*, No. 09-C-0637, 2012 WL 1410023, at *3 (E.D. Wis. Apr. 20, 2012) ($250 minimum); *In re Initial Pub. Offering Sec. Litig.*, 671 F. Supp. 2d 467, 498 (S.D.N.Y. 2009) ($10 minimum); *In re Ins. Brokerage Antitrust Litig.*, 297 F.R.D. 136, 143 (D.N.J. 2013) ($10 minimum); *Mehling v. N.Y. Life Ins. Co.*, 248 F.R.D. 455, 463-64 (E.D. Pa. 2008) ($50 minimum); *Slipchenko v. Brunel Energy, Inc.*, No. CIV.A. H-11-1465, 2015 WL 338358, at *21 (S.D. Tex. Jan. 23, 2015) ($100 minimum).

## IV.    **NOTICE AND CLAIM FORMS**

End-Payor Plaintiffs propose to continue using, in Round 4, substantially the same Notice and Claim Form previously approved by this Court in Rounds 2 and 3.  *See, e.g.*, Order Approving End-Payor Plaintiffs' Motion for Authorization to Disseminate September 2016 Notice and Claim Form, *In re: Wire Harness Systems*, 2:12-cv-00103, ECF No. 535; Ex. B to Decl. W. Reiss (Proposed Claim Form), *In re: Wire Harness Systems,* Case No. 2:12-cv-00103, ECF 525-3.

The proposed Short Form Notice has the following changes:

- Addition of the Claims Deadline;

- Update of the new and total settlement amounts; and

- Inclusion of the $100 minimum payment amount.

The proposed Long Form Notice has the following changes:

11

- Addition of the Claims Deadline;

- Update of the new and total settlement amounts; and

- Explanation of the revised Plan of Allocation and the $100 minimum payment amount.

The Claim Form, meanwhile, has minor changes for ease of use and to allow claims to be filed with incomplete information, with the administrator to follow up on incomplete claims as necessary.

## V.      THE ROUND 4 SETTLEMENT CLASSES

The Round 4 Settlement Classes include consumers and businesses that purchased or leased new vehicles (not for resale) containing parts at issue in the Round 4 Settlements, or who indirectly purchased replacement parts at issue (not for resale), while residing or having their principal place of business in states which permit indirect purchasers to bring antitrust damages claims ("Damages States"[10]) as well as those who reside or have their principal place of business in states which do not permit such damages claims (together, the "Settlement Class Members").

The remaining Settlement Class Members will obtain the benefits of the non-monetary relief provided for in the Round 4 Settlements and proposed final judgments, including cooperation (except for TKH) and most Round 4 Settling Defendants' agreement (except for TKH and Toyoda Gosei) not to engage in the specified conduct that is the subject of the lawsuits for a period of two years.

---

[10] The Damages States are the District of Columbia and the following States: Arizona, Arkansas, California, Florida, Hawaii, Iowa, Kansas, Maine, Massachusetts, Michigan, Minnesota, Mississippi, Missouri, Montana, Nebraska, Nevada, New Hampshire, New Mexico, New York, North Carolina, North Dakota, Oregon, Rhode Island, South Carolina, South Dakota, Tennessee, Utah, Vermont, West Virginia, and Wisconsin.

## VI.    THE PROPOSED REVISED PLAN OF ALLOCATION SHOULD BE APPROVED

Under this Plan of Allocation, payment will be made on a *pro rata* basis to each Settlement Class Member who submits a claim that is allowed by the Court ("Authorized Claimant") based on the ratio of their Allowed Claim Amounts to the total of the Allowed Claim Amounts of all Authorized Claimants with respect to each Settlement Class.  *See, e.g.*, Plan of Allocation, *Wire Harness Systems*, Case No. 2:12-cv-00103, ECF No. 523-1.  The relative weightings applicable to the purchase or lease of vehicles and parts, and a list of the vehicles containing parts that were the specific targets of Defendants' alleged collusive conduct, will be made available on the EPPs' *In re Automotive Parts Antitrust Litigation* website, www.autopartsclass.com, consistent with EPPs' practice for earlier settlement rounds.  Prior to the allocation, however, each Authorized Claimant whose pro rata distribution would be less than $100 would be allocated a base distribution of $100, with further allocation then being recalculated for remaining Authorized Claimants.

## VII.   THE PROPOSED JUNE 2019 NOTICE PROGRAM SATISFIES RULE 23 AND DUE PROCESS

### A.    The Long-Form and Short-Form Notices Should Be Approved

EPPs seek approval of the proposed form and content of the Long-Form and Short-Form Notices.  The Long-Form Notice is Exhibit B to the Wheatman Declaration.  The Short-Form Notice is Exhibit C to the Wheatman Declaration.  These are substantially similar to the Long-Form and Short-Form Notices previously approved by the Court in the Round 3 Settlements.

Rule 23(e)(1) requires that notice of the settlement of a class action be given "in a reasonable manner to all class members who would be bound by the proposal," and Rule 23(c)(2)(B) provides that in any class certified under Rule 23(b)(3) "the court must direct to class members the best notice that is practicable under the circumstances, including individual notice to

all members who can be identified through reasonable effort."  EPPs' proposed June 2019 Notice meets these requirements.

The proposed Long-Form Notice instructs Settlement Class Members how to submit a Claim Form. *See* Wheatman Decl., Ex. B, Question 12 ("How Do I Submit a Claim?").

The proposed Long-Form Notice also describes the right of Settlement Class Members to opt out of some or all of the Settlement Classes, including those Settlement Class Members who are only entitled to non-monetary equitable relief.[11]  *See id.* Question 17 ("How Do I Get Out of the Settlement Classes?").  Accordingly, any Settlement Class Member can opt out and thus not be bound by any of the Round 4 Settlements or final judgments entered in connection therewith.

The proposed Long-Form Notice also describes the right of Settlement Class Members to object to the settlements for which they are members.  *See id.* Questions 22-26 ("Objecting to the Round 4 Settlements").

The proposed Long-Form Notice also describes the proposed revised Plan of Allocation. *See id.* Question 13 ("How Much Money Can I Get?").  *See supra*.

The information required by Rule 23(c)(2)(B) is set forth "clearly and concisely . . . in plain, easily understood language" at the following sections of the notices:

- Nature of the actions—Long-Form Notice Questions 1-7; Short-Form Notice ¶1;

- Settlement Classes' Definition—Long-Form Questions 8-9, Short-Form Notice ¶2;

- Settlement Classes' Claims, Issues & Defenses—Long-Form Notice Questions 1-8, Short-Form Notice ¶1;

- Right to Appear—Long-Form Notice Questions 22-26, Short-Form Notice ¶¶7-8;

---

[11] Joseph M. McLaughlin, 1 *McLaughlin on Class Actions* § 5:21 (8th ed. 2011); William B. Rubenstein, *Newberg on Class Actions* § 4:36 (5th ed.); *Penson v. Terminal Transp. Co.*, 634 F.2d 989, 993-94 (5th Cir. 1981); *In re Celera Corp. Shareholder Litig.*, 59 A.3d 418, 422 (Del. 2012).

- Right to Exclude/Time & Manner to Request Exclusion—Long-Form Notice Questions 17-19, Short-Form Notice ¶6; and

- Binding Effect—Long-Form Notice Questions 16-19, Short-Form Notice ¶6.

Additionally, the Long-Form Notice informs potential Settlement Class Members about the identity of the Round 4 Settling Defendants; the automotive parts covered in the settlements; the amount of each of the Round 4 Settlements; the potential for future settlements; where to access the complete settlement agreements, proposed final judgments, the Plan of Allocation, and other Court documents related to the settlements with the Round 4 Settling Defendants; how the lawyers may be paid in the future; when the lawyers may file their petition for attorneys' fees and reimbursement of litigation expenses; Settlement Class Members' right to object or opt out and how to do so; and the date, place and time of the Fairness Hearing, among other information. This additional information conforms with Rule 23(e)'s requirement for distribution of the settlement notice in a reasonable manner. *See In re Prudential Ins. Co. Am. Sales Practice Litig. Agent Actions,* 148 F.3d 283, 327 (3d Cir. 1998) ("The Rule 23(e) notice is designed to summarize the litigation and the settlement and to apprise class members of the right and opportunity to inspect the complete settlement documents, papers, and pleadings filed in the litigation." (internal quotation marks omitted)).

Finally, the Long-Form Notice explains to potential Settlement Class Members that they are entitled to a distribution of the net settlement funds only if: (1) the Court finally approves the settlements with the Round 4 Settling Defendants and after any appeals are resolved; and (2) after the Court approves the Plan of Allocation. *See* Long-Form Notice at 1. To receive payment, the Long-Form Notice explains to potential members of the Settlement Classes that they must submit a Claim Form no later than the deadline of November 26, 2019. *Id.* at Question 12. The Long-Form Notice also advises potential Settlement Class Members that it is unknown how much each

Settlement Class Member who submits a valid Claim Form will receive at this time because payment under the proposed Plan of Allocation will be made on a *pro rata* basis to each Authorized Claimant based on the ratio the Allowed Claim Amount bears to the total Allowed Claim Amounts of all Authorized Claimants with respect to each Settlement Class; however, subject to fund sufficiency, each Settlement Class Member will receive at least $100. *Id.* at Question 13.

## B. The June 2019 Notice Program Satisfies Rule 23 and Due Process

### 1. Rule 23 and Due Process Require Notice that Is Reasonably Calculated to Reach Interested Parties

Because the Round 4 Settling Defendants' products are incorporated into vehicles assembled and sold or leased by others, the Round 4 Settling Defendants do not have the names and addresses necessary to send notice by direct mail to each member of the Settlement Classes. In such circumstances, "[n]either Rule 23 nor due process . . . requires actual notice to each party intended to be bound by the adjudication of a class action." *Roberts v. Shermeta, Adams & Von Allmen, P.C.,* No. 13-cv-01241, 2015 U.S. Dist. LEXIS 38434, *16-17 (W.D. Mich. Feb. 23, 2015) (citing *Fidel v. Farley*, 534 F.3d 508, 514 (6th Cir. 2008)). Due process requires only notice that is reasonably calculated to reach interested parties. *Fidel,* 534 F.3d at 514; *Karkoukli's, Inc. v. Dohany,* 409 F.3d 279, 283 (6th Cir. 2005); *see also Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 315 (1950).

Thus, for example, in *In re Warfarin Sodium Antitrust Litigation*, 212 F.R.D. 231 (D. Del. 2002) ("*Warfarin*"), the court determined that where, like here, the names and addresses of absent class members were unavailable, publication notice was the best notice practicable under the circumstances. *Id.* at 252. The Third Circuit affirmed, rejecting challenges to the notice. *Warfarin*, 391 F.3d 516, 536-37 (3d Cir. 2004); *see also In re Google Referrer Header Privacy Litig.*, No. 5:10-cv-04809, 2014 U.S. Dist. LEXIS 41695, at *24 (N.D. Cal. Mar. 26, 2014) (approving notice

plan consisting solely of publication notice because "the size and nature of the class renders it nearly impossible to determine exactly who may qualify as a class member. . . . That being the case, direct notice to class members by mail, e-mail or other electronic individualized means is impractical."); *In re Heartland Payment Sys.*, 851 F. Supp. 2d 1040, 1061 (S.D. Tex. 2012) (approving notice plan that consisted exclusively of publication notice because "[Defendants] did not have the names and addresses of those affected by the data breach and could not reasonably request this information for 130 million accounts from the issuer banks."); *Manual for Complex Litigation, Fourth* § 21.312 at p. 294 (Federal Judicial Center 2004) ("Posting notices and other information on the Internet, publishing short, attention-getting notices in newspapers and magazines, and issuing public service announcements may be viable substitutes for, or more often supplements to, individual notice if that is not reasonably practicable").

### 2. The June 2019 Notice Program Is Reasonably Calculated to Reach Interested Parties

As set forth in the Wheatman Declaration, the plan for the proposed June 2019 Notice Program is equally effective if not more effective than the previous Notice Programs that were approved by the Court. *See* Wheatman Decl. ¶38.

The proposed plan will disseminate the June 2019 Notices in a "reasonable manner to all class members who [will] be bound by the proposal" and will provide for the "best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort," as required by Rules 23(e)(1) and 23(c)(2)(B) of the Federal Rules of Civil Procedure.

EPPs' plan for the proposed June 2019 Notice Program, attached as Exhibit A to the Wheatman Declaration, contains the following elements:

- Individual Notice to potential Settlement Class Members who have previously registered on the Class Website or filed a claim.[12]

- Emailing a rented list of potential Settlement Class Members.

- Mailing a postcard to a list of fleet companies.

- Kinsella will publish the Short-Form Notice in selected consumer magazines,[13] a newspaper,[14] two trade publications that reach fleet owners,[15] and two newspaper supplements.[16]

- Kinsella will purchase targeted television advertising, including on streaming platforms.[17]

- Kinsella will purchase Internet "banner advertisements" with approximately 297,072,000 gross impressions across various websites and networks.[18]  *See* June 2019 Notice Program, at 15-18.  *Id.*  The banner advertisements will direct potential members of the Settlement Classes to the class website, www.AutoPartsClass.com. *See id.* at 21 (describing banner advertisements).

- Kinsella will also use targeted Internet advertising to reach potential Class Members by displaying banner advertisements across additional websites.  This includes targeted advertisements on Facebook, Instagram, LinkedIn, and websites targeted at automotive fleet owners.  *See* June 2019 Notice Program at 15-18.  These websites will be determined at the time of placement.

---

[12] *See* June 2019 Notice Program at 5-6.  Epiq will send an email or mailed notice to those individuals who previously registered on the website, notifying them about the Round 4 Settlements and Plan of Allocation and directing them to visit the website to read updated information about the Round 4 Settlements and Plan of Allocation.  Epiq will mail the Summary (Short-Form) Notice to potential Settlement Class Members who provided only a mailing address. In addition, Epiq will mail the Long Form Notice via first-class mail to all potential Settlement Class Members who call or write to request a copy.

[13] People Magazine, Sports Illustrated, and Time.  *See* June 2019 Notice Program at 8-9, for an explanation of the rationale for selecting these publications.

[14] The Wall Street Journal. *See* June 2019 Notice Program at 15, for an explanation of the rationale for selecting this publication.

[15] Automotive News and Automotive Fleet.  *See* June 2019 Notice Program at 15-16 for an explanation of the rationale for selecting these publications.

[16] Parade and Relish, which together appear in newspapers that cover all 50 states and the District of Columbia. *See* June 2019 Notice Program at 13-14.

[17] Discovery Network, ESPN, Fox News, and History Channel.  *See* June 2019 Notice Program at 12-13 for an explanation of the rationale for selecting these channels.

[18] Collective, Conversant, Facebook, Oath, and Xaxis.  *See* June 2019 Notice Program at 16-18.

- Kinsella will implement an earned media press outreach program, including a Multimedia News Release, statewide press releases on PR Newswire, and outreach to traditional print and online news outlets in the Damages States. *See id.* at 21-22.

- Kinsella will arrange a "media day" in which attorneys for the class are made available to media outlets to discuss the settlements.  *See id.* at 9-10.

- Epiq will post the Long-Form Notice, proposed final judgments, preliminary approval orders, other court documents, and the various Settlement Agreements, on the class website, www.AutoPartsClass.com.  The website will be findable through searches conducted on the Internet. *See id.* at 18 (describing purchase of search results, and sponsored links, on popular Internet search sites such as Google and Bing).

- Epiq will staff a toll-free hotline (877-940-5043) to answer questions by any potential members of the Settlement Classes about the settlements and to provide copies of court-approved notices and other documents. *See id.* at 22-23.

Kinsella estimates that publication of the Summary Notice and the Internet Advertising will reach 70.1% of new vehicle owners/lessees with an average estimated frequency of 2.3 times.  *Id.* at 18-19.

### C.    The Proposed June 2019 Notice Schedule Should Be Approved

As outlined in the Proposed Order submitted herewith, EPPs propose the following notice schedule:

- **August 2, 2019**: Epiq begins sending email or mailed notice to those individuals who previously registered on the website, notifying them about the Round 4 Settlements and directing them to visit the website to read updated information about the settlements. *Id*. ¶7.

- **August 12, 2019**: Kinsella commences publication of the Short-Form Notice in newspaper supplements, newspaper, and trade and consumer publications; begins online media notice activities, including Internet banner ads and keyword search; begins earned media activities. Proposed Order ¶6.

- **September 10, 2019**:

  o  Settlement Class Counsel file motions for final approval of the Round 4 Settlements. *Id*. ¶9.

  o  If Settlement Class Counsel so elect, they may file a motion for attorneys' fees, incentive awards, and reimbursement of costs and expenses. *Id.*

- **September 24, 2019**: Filing of Kinsella and Epiq affidavits/declarations reflecting that mailing, posting, and publication were made. *Id.* ¶8.

- **October 15, 2019**: Deadline for objections and requests for exclusion from some or all of the Settlement Classes. *Id.* ¶¶10, 11.

- **November 5, 2019, at 10:00 am**: Final Fairness Hearing. *Id.* ¶14.

This proposed schedule will provide ample time for response by any interested class members, and time for the Court to consider their submissions.

## VIII.  <u>CONCLUSION</u>

For the foregoing reasons, EPPs request that the Court: (i) approve the June 2019 Notice Program, including the Long-Form and Short-Form Notices and the continued use of the previously approved Claim Form; (ii) preliminarily approve the revised Plan of Allocation; (iii) approve the proposed schedule for the June 2019 Notice Program and consideration of Final Approval of the Round 4 Settlements; and (iv) authorize EPPs to disseminate the June 2019 Notice to potential Settlement Class Members.

Dated: June 25, 2019

Respectfully submitted,

SUSMAN GODFREY LLP

*/s/ Marc Seltzer*
Marc M. Seltzer
Steven G. Sklaver
1900 Avenue of the Stars, Suite 1400
Los Angeles, California 90067 Telephone: (310) 789-3100
mseltzer@susmangodfrey.com
ssklaver@susmangodfrey.com

Steven M. Shepard
Lucas Issacharoff
1301 Ave. of the Americas, Fl. 32
New York, NY 10019
Telephone: (212) 729-2010
Facsimile: (212) 336-8340
sshepard@susmangodfrey.com

lissacharoff@susmangodfrey.com

Terrell W. Oxford
Chanler A. Langham
1000 Louisiana Street, Suite 5100
Houston, Texas 77002
Telephone: (713) 651-9366
Facsimile: (713) 651-6666
toxford@susmangodfrey.com
clangham@susmangodfrey.com

Floyd Short
Jenna Farleigh
1201 3rd Ave
Seattle, Washington 98101
Telephone: (206) 516-3880
fshort@susmangodfrey.com
jfarleigh@susmangodfrey.com

Adam J. Zapala
Elizabeth T. Castillo
COTCHETT, PITRE & McCARTHY, LLP
San Francisco Airport Office Center
840 Malcolm Road, Suite 200
Burlingame, California 94010
Telephone: (650) 697-6000
azapala@cmplegal.com
ecastillo@cpmlegal.com

Hollis Salzman
William V. Reiss
Noelle Feigenbaum
ROBINS KAPLAN LLP
399 Park Avenue, Suite 3600
New York, New York 10022
Telephone: (212) 980-7400
hsalzman@robinskaplan.com
wreiss@robinskaplan.com
nfeigenbaum@robinskaplan.com

*Interim Co-Lead Counsel for End-Payor
Plaintiff Classes*

E. Powell Miller
Devon P. Allard
THE MILLER LAW FIRM, P.C.

950 W. University Dr., Ste. 300
Rochester, Michigan 48307
Telephone: (248) 841-2200
Facsimile: (248) 652-2852
epm@millerlawpc.com
dpa@millerlawpc.com

*Interim Liaison Counsel for End-Payor*
*Plaintiff Classes*

**CERTIFICATE OF SERVICE**

I hereby certify that on June 25, 2019, I caused a true and correct copy of the foregoing document to be filed and served electronically via the ECF system.

Dated: June 25, 2019                          Respectfully submitted,

                                              */s/ Marc Seltzer*_____
                                              Marc M. Seltzer