# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| IN RE: AUTOMOTIVE PARTS ANTITRUST LITIGATION | No. 12-md-02311<br>Hon. Marianne O. Battani |

| | |
|---|---|
| IN RE:  HEATER CONTROL PANELS | Case No. 2:12-cv-00403 |
| IN RE:  OCCUPANT SAFETY SYSTEMS | Case No. 2:12-cv-00603 |
| IN RE:  SWITCHES | Case No. 2:13-cv-01303 |
| IN RE:  IGNITION COILS | Case No. 2:13-cv-01403 |
| IN RE:  STEERING ANGLE SENSORS | Case No. 2:13-cv-01603 |
| IN RE:  ELECTRIC POWERED STEERING ASSEMBLIES | Case No. 2:13-cv-01903 |
| IN RE:  FUEL INJECTION SYSTEMS | Case No. 2:13-cv-02203 |
| IN RE:  VALVE TIMING CONTROL DEVICES | Case No. 2:13-cv-02503 |
| IN RE:  AIR CONDITIONING SYSTEMS | Case No. 2:13-cv-02703 |
| IN RE:  AUTOMOTIVE CONSTANT VELOCITY JOINT BOOT PRODUCTS | Case No. 2:14-cv-02903 |
| IN RE:  AUTOMOTIVE HOSES | Case No. 2:15-cv-03203 |
| IN RE:  SHOCK ABSORBERS | Case No. 2:15-cv-03303 |
| IN RE:  BODY SEALING PRODUCTS | Case No. 2:16-cv-03403<br>2:16-cv-10456 |
| IN RE:  INTERIOR TRIM PRODUCTS | Case No. 2:16-cv-03503 |
| IN RE:  AUTOMOTIVE BRAKE HOSES | Case No. 2:16-cv-03603 |
| IN RE:  EXHAUST SYSTEMS | Case No. 2:16-cv-03703 |
| IN RE:  CERAMIC SUBSTRATES | Case No. 2:16-cv-03803<br>2:16-cv-11804 |
| IN RE:  POWER WINDOW SWITCHES | Case No. 2:16-cv-03903 |
| IN RE:  AUTOMOTIVE STEEL TUBES | Case No. 2:16-cv-04003<br>2:16-cv-12949 |
| IN RE:  SIDE-DOOR LATCHES | Case No. 2:16-cv-04303<br>2:17-cv-11637 |

THIS DOCUMENT RELATES TO:
End-Payor Actions

**DECLARATION OF STACY M. DOMINGUEZ IN SUPPORT OF OBJECTION OF 113 CLASS MEMBERS TO REVISED PLAN OF ALLOCATION CONTAINED IN END-PAYOR PLAINTIFFS' MOTION FOR AUTHORIZATION TO DISSEMINATE JUNE 2019 NOTICE TO THE END-PAYOR PLAINTIFF SETTLEMENT CLASSES**

I, Stacy M. Dominguez, declare as follows.

1. I am an attorney at Crowell & Moring LLP and am counsel for 113 class members objectors ("Objectors") who object to the Revised Plan of Allocation contained in End-Payor Plaintiffs' Motion for Authorization to Disseminate June 2019 Notice to the End-Payor Plaintiff Settlement Classes ("Objection") in the class action litigation known as *In re: Automotive Parts Antitrust Litigation*, MDL No. 2311 (E.D. Mich.) ("Auto Parts Matter"). Through my representation of Objectors, I have information relating to Objectors' claims and I was involved in the evaluation of estimated recovery dollar amounts per vehicle based on industry estimates of vehicle sales and the settlement fund. All of the statements in this Declaration are, unless otherwise indicated, based upon that information and my review of Objectors' records and publicly available information in the Auto Parts Matter.

2. I make this declaration in support of the Objection of 113 Class Members to Revised Plan of Allocation Contained in End-Payor Plaintiffs' Motion for Authorization to Disseminate June 2019 Notice to the End-Payor Plaintiff Settlement Classes.

3. To maintain the confidentiality of the claims filing process, Objectors have been identified through their claimant identification numbers. A true and correct copy of Objectors' claimant identification numbers is attached hereto as **Exhibit A**. Given the number of Objectors and potentially affected vehicles, it is not practical to attach purchase and lease documentation here. Objectors have all filed claims in this proceeding and intend to comply with the requirements of the claims process.

4. Attached hereto as **Exhibit B** is Objectors' notice that counsel for the Objectors intends to appear at the Fairness Hearing currently scheduled for Dec. 10, 2019.

5.      In evaluating potential per vehicle recovery, Crowell & Moring reviewed publicly available data on U.S. vehicle sales in 2018, as well as average vehicle sales over the entire relevant time period that together estimate approximately 17 million vehicles sold annually may qualify for the settlement fund.  Although that estimate is likely high because many vehicles sold during the relevant time period will not include affected parts and will be ineligible to participate in the settlement fund, Crowell & Moring used that figure to develop a necessarily conservative estimate of affected vehicles.  Attached hereto as **Exhibit C** are sample data points used in arriving at the estimated 17 million in annual U.S. vehicle sales.

6.      Multiplying the average annual sales figure of 17 million by the 30-year time period yields a potential pool of 510 million qualifying vehicles—again with the understanding that this estimate is necessarily conservative as it likely includes ineligible vehicles. To determine potential per vehicle compensation, we estimated a settlement fund of approximately $1 billion, after accounting for both attorneys' fees and administrative costs.  The $1 billion estimated remaining fund was then divided by the total estimated number of vehicles over the relevant time period (510 million) to arrive at a conservative per vehicle recovery estimate of $1.96, or $2 per vehicle.

7.      Finally, as referenced on page 8 of the Objection in distinguishing a case cited by class counsel (*Downes v. Wisconsin Energy Corp. Retirement Account Plan*), attached hereto as **Exhibit D** is a true and correct copy of Mot. For Prelim. Approval Of Class Action Settlement, Recommended Plan Of Allocation, Class Certification And Appointment Of Class Representatives And Class Counsel, *Downes v. Wisconsin Energy Corp. Retirement Account Plan*, No. 09-C-0637-LA (E.D. Wis. Nov. 22, 2011), ECF No. 132.

I certify under penalty of perjury that the foregoing is true and correct.

Executed this 19th day of November, 2019 in Irvine, California.

By: */s/ Stacy M. Dominguez*
Stacy M. Dominguez

## **CERTIFICATE OF SERVICE**

      I hereby certify that on November 19, 2019, a copy of the foregoing was filed electronically using the Court's ECF system, which will send notification to each attorney of record by electronic means. Parties may access this filing through the Court's system.

Dated: November 19, 2019　　　　　　　　　By: */s/ John S. Gibson*
　　　　　　　　　　　　　　　　　　　　　　　John S. Gibson