EXHIBIT 11

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | : | |
|---|---|---|
| IN RE: AUTOMOTIVE PARTS ANTITRUST LITIGATION | : : : | Master File No. 12-md-02311<br>Honorable Marianne O. Battani |
| In Re: Wire Harness | : | 2:12-cv-00103 |
| In Re: Instrument Panel Clusters | : | 2:12-cv-00203 |
| In Re: Fuel Senders | : | 2:12-cv-00303 |
| In Re: Heater Control Panels | : | 2:12-cv-00403 |
| In Re: Bearings | : | 2:12-cv-00503 |
| In Re: Occupant Safety Restraint Systems | : | 2:12-cv-00603 |
| In Re: Alternators | : | 2:13-cv-00703 |
| In Re: Anti-Vibrational Rubber Parts | : | 2:13-cv-00803 |
| In Re: Windshield Wiper Systems | : | 2:13-cv-00903 |
| In Re: Radiators | : | 2:13-cv-01003 |
| In Re: Starters | : | 2:13-cv-01103 |
| In Re: Switches | : | 2:13-cv-01303 |
| In Re: Ignition Coils | : | 2:13-cv-01403 |
| In Re: Motor Generator | : | 2:13-cv-01503 |
| In Re: Steering Angle Sensors | : | 2:13-cv-01603 |
| In Re: HID Ballasts | : | 2:13-cv-01703 |
| In Re: Inverters | : | 2:13-cv-01803 |
| In Re: Electronic Powered Steering Assemblies | : | 2:13-cv-01903 |
| In Re: Air Flow Meters | : | 2:13-cv-02003 |
| In Re: Fan Motors | : | 2:13-cv-02103 |
| In Re: Fuel Injection Systems | : | 2:13-cv-02203 |
| In Re: Power Window Motors | : | 2:13-cv-02303 |
| In Re: Automatic Transmission Fluid Warmers | : | 2:13-cv-02403 |
| In Re: Valve Timing Control Devices | : | 2:13-cv-02503 |
| In Re: Electronic Throttle Bodies | : | 2:13-cv-02603 |
| In Re: Air Conditioning Systems | : | 2:13-cv-02703 |
| In Re: Windshield Washer Systems | : | 2:13-cv-02803 |
| In Re: Spark Plugs | : | 2:15-cv-03003 |
| In Re: Automotive Hoses | : | 2:15-cv-03203 |
| In Re: Ceramic Substrates | | 2:16-cv-03803 |
| In Re: Power Window Switches | | 2:16-cv-03903 |
| THIS DOCUMENT RELATES TO:<br>End-Payor Actions | : : : : | |

**ORDER APPROVING END-PAYOR PLAINTIFFS'**
**PLAN OF ALLOCATION OF THE SETTLEMENTS**

The above matter duly came on for hearing before the Court on End-Payor Plaintiffs' ("EPPs") concerning a proposed Plan of Allocation of the proceeds of the Round 2 Settlements and the Round 1 Settlements that were previously approved by the Court.

The Court has reviewed the memorandum submitted by EPPs in support of their request and has also reviewed the various declarations and submissions relating to that motion. Pursuant to the notice given to the Settlement Classes in accordance with the Court's orders, the Court held a hearing on April 19, 2017 to consider the motion.

Based on the entire record of these proceedings, and good cause appearing therefor,

**IT IS HEREBY ORDERED**:

1. The notice provided to the Settlement Classes advised the Settlement Classes of the motion and of the date, time, and place of the hearing to consider the motion for approval of the Plan of Allocation. The notice further advised that any objections to the proposed Plan of Allocation were required to be received by the Court and the Claims Administrator by March 16, 2017.

2. Pursuant to and in compliance with Rule 23 of the Federal Rules of Civil Procedure and the requirements of constitutional due process, the Court finds that due and adequate notice was directed to the Settlement Classes of the proposed Plan of Allocation and of the right of the Settlement Class members to be heard or object thereto, and a full and fair opportunity was accorded to Settlement Class members to be heard with respect to the proposed Plan of Allocation.

3. There were no objections made by any Settlement Class members to the proposed Plan of Allocation.

4. Under Rule 23, "[a]pproval of a plan of allocation of a settlement fund in a class action is governed by the same standards of review applicable to approval of the settlement as a whole; the distribution plan must be fair, reasonable and adequate."

2

*In re Packaged Ice Antitrust Litig.*, No. 08-MD-01952, 2011 WL 6209188, at *15-16 (E.D. Mich. Dec. 13, 2011) (quoting

*Meijer, Inc. v. 3M*, Civ. No. 04-5871, 2006 WL 2382718, at*17 (E.D. Pa. 2006));

*In re Ikon Office Solutions Sec. Litig.*, 194 F.R.D. 166, 184 (E.D. Pa. 2000)). The purpose of a plan of allocation is to create a method that will permit the equitable distribution of settlement proceeds to all eligible members of the class.

5. Accordingly, as courts have observed, "[a] district court's 'principal obligation' in approving a plan of allocation 'is simply to ensure that the fund distribution is fair and reasonable as to all participants in the fund.'"

*Sullivan v. DB Investments, Inc.*, 667 F.3d 273, 326 (3d Cir. 2011) (quoting

*Walsh v. Great Atl. & Pac. Tea Co., Inc.,* 726 F.2d 956, 964 (3d Cir.1983)).

6. "Typically, a class recovery in antitrust or securities suits will divide the common fund on a *pro rata* basis among all who timely file eligible claims, thus leaving no unclaimed funds." *In re*

*Packaged Ice Antitrust Litig.*, at *12 (quoting 3 Newberg on Class Actions, § 8:45 (4th ed. 2011)); *see also*

*In re Cardizem CD Antitrust Litig.*, 218 F.R.D. 508, 531 (E.D. Mich. 2003) (approving a plan of allocation that adopted a *pro rata* method for calculating each class member's share of the settlement fund as fair and reasonable). As a result, courts in this district have previously held that using a *pro rata* formula for calculating each class member's share of a settlement fund is fair and reasonable.

7. Here, EPPs propose that settlement funds be allocated on a *pro rata* basis, subject to the adjusted weighting of certain purchases or leases, based on the purchases or leases of new vehicles not for resale which contain parts manufactured or sold by a Defendant and purchases of replacement parts which contain parts manufactured or sold by a Defendant. Under the

3

proposed Plan of Allocation, certain purchases or leases would be weighted more heavily based on the evaluation by EPP's Co-Lead Counsel of the vehicles that were specifically targeted by the collusive conduct of defendants. Such weightings are appropriate in class action cases. *See, e.g.,*

*In re Airline Ticket Comm'n Antitrust Litig.*, 953 F. Supp. 280, 285 (D. Minn. 1997).

8. The Court hereby finds and concludes that the Plan of Allocation provides a fair and reasonable basis upon which to allocate the proceeds of the net settlement funds among members of the respective Settlement Classes with due regard having been given to considerations of administrative convenience.

9. The Court now hereby finally approves the Plan of Allocation. EPP Co-lead Counsel are hereby authorized to carry out all steps necessary to effectuate the Plan.

10. EPPs propose that distribution of the net settlement funds to class members be deferred until a subsequent time to be proposed by EPP Co-Lead Counsel. Until the time of distribution, the net settlement funds will continue to accrue interest for the benefit of the Settlement Classes. Deferring the distribution of settlement funds is a common practice in cases where claims against other defendants remain to be litigated. *See* Manual for Complex Litigation (Fourth Ed.) § 21.651 (2014). Accordingly, the Court approves deferring any distribution of the net settlement funds to members of the Settlement Classes until a future time to be determined by the Court.

**IT IS SO ORDERED.**

Date: July 10, 2017

s/Marianne O. Battani
MARIANNE O. BATTANI
United States District Judge

4

**CERTIFICATE OF SERVICE**

       The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on July 10, 2017.

       s/ Kay Doaks
       Case Manager

5