# EXHIBIT 14

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| IN RE: AUTOMOTIVE PARTS ANTITRUST LITIGATION | :    Master File No. 12-md-02311 <br> :    Honorable Marianne O. Battani |
| | : |
| IN RE: ALTERNATORS <br> IN RE: RADIATORS <br> IN RE: STARTERS <br> IN RE: IGNITION COILS <br> IN RE: MOTOR GENERATORS <br> IN RE: INVERTERS <br> IN RE: AIR FLOW METERS <br> IN RE: FUEL INJECTION SYSTEMS <br> IN RE: AUTOMATIC TRANSMISSION FLUID WARMERS <br> IN RE: VALVE TIMING CONTROL DEVICES <br> IN RE: ELECTRONIC THROTTLE BODIES | :    Case No. 2:13-cv-00703-MOB-MKM <br> :    Case No. 2:13-cv-01003-MOB-MKM <br> :    Case No. 2:13-cv-01103-MOB-MKM <br> :    Case No. 2:13-cv-01403-MOB-MKM <br> :    Case No. 2:13-cv-01503-MOB-MKM <br> :    Case No. 2:13-cv-01803-MOB-MKM <br> :    Case No. 2:13-cv-02003-MOB-MKM <br> :    Case No. 2:13-cv-02203-MOB-MKM <br> :    Case No. 2:13-cv-02403-MOB-MKM <br> : <br> :    Case No. 2:13-cv-02503-MOB-MKM <br> :    Case No. 2:13-cv-02603-MOB-MKM <br> : |
| | : |
| THIS DOCUMENT RELATES TO: <br> ALL END-PAYOR ACTIONS | : <br> : |

## MOTION FOR AUTHORIZATION TO DISSEMINATE NOTICE TO THE END-PAYOR PLAINTIFFS SETTLEMENT CLASSES

End-Payor Plaintiffs respectfully move the Court, pursuant to Rule 23 of the Federal Rules of Civil Procedure, for: (i) authorization to disseminate notice to the End-Payor Plaintiff Settlement Classes[1]; and (ii) for the appointment of Kinsella Media, LLC and Garden City

---

[1] The Court has provisionally approved nine settlement classes in connection with End-Payor Plaintiffs' settlement with HIAMS, which cover the following automotive parts: *Alternators*; *Starters*; *Ignition Coils*; *Motor Generators*; *Inverters*; *Air Flow Meters*; *Fuel Injection Systems*; *Valve Timing Control Devices*; and *Electronic Throttle Bodies*. End-Payor Plaintiffs have filed a

Group, LLC as Notice Administrator and Settlement Claims Administrator, respectively. In support of this Motion, End-Payor Plaintiffs rely upon the accompanying memorandum of law as well as the supporting declarations and exhibits, all of which are incorporated by reference herein.

Hitachi Automotive Systems Ltd. ("HIAMS"), T.RAD Co., Ltd., and T.RAD North America, Inc. (together, "T.RAD") (T.RAD, together with Hitachi, "Settling Defendants") consent to this Motion and to the entry of the proposed order authorizing End-Payor Plaintiffs to disseminate notice to the End-Payor Plaintiff Settlement Classes.

Dated:  September 3, 2015

Respectfully submitted,

/s/ Hollis Salzman
Hollis Salzman
Bernard Persky
William V. Reiss
ROBINS KAPLAN LLP
601 Lexington Avenue, Suite 3400
New York, NY 10022
Telephone: (212) 980-7400
Facsimile: (212) 980-7499
HSalzman@RobinsKaplan.com
BPersky@RobinsKaplan.com
WReiss@RobinsKaplan.com

/s/ Steven N. Williams
Steven N. Williams
Adam J. Zapala
Elizabeth Tran
COTCHETT, PITRE & McCARTHY, LLP
San Francisco Airport Office Center
840 Malcolm Road, Suite 200
Burlingame, CA 94010

---

motion for preliminary approval of their settlement with T.RAD, which seeks provisional certification of settlement classes, which cover *Automatic Transmission Fluid Warmers*; and *Radiators* (collectively, "Settlement Classes").

Telephone: (650) 697-6000
Facsimile: (650) 697-0577
swilliams@cpmlegal.com
azapala@cmplegal.com
etran@cpmlegal.com

*/s/ Marc M. Seltzer*
Marc M. Seltzer
Steven G. Sklaver
SUSMAN GODFREY L.L.P.
1901 Avenue of the Stars, Suite 950
Los Angeles, CA 90067-6029
Telephone: (310) 789-3100
Facsimile: (310) 789-3150
mseltzer@susmangodfrey.com
ssklaver@susmangodfrey.com

Terrell W. Oxford
Omar Ochoa
SUSMAN GODFREY L.L.P.
901 Main Street, Suite 5100
Dallas, TX 75202
Telephone: (214) 754-1900
Facsimile: (214) 754-1933
toxford@susmangodfrey.com
oochoa@susmangodfrey.com

**Interim Co-Lead Class Counsel for End-Payor Plaintiffs**

*/s/ E. Powell Miller*
E. Powell Miller (P39487)
Devon P. Allard (P71712)
THE MILLER LAW FIRM, P.C.
950 W. University Drive, Suite 300
Rochester, MI 48307
Telephone: (248) 841-2200
Facsimile: (248) 652-2852
epm@millerlawpc.com
dpa@millerlawpc.com

**Interim Liaison Counsel for End-Payor Plaintiffs**

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| IN RE: AUTOMOTIVE PARTS ANTITRUST LITIGATION | Master File No. 12-md-02311 <br> Honorable Marianne O. Battani |
| IN RE: ALTERNATORS <br> IN RE: RADIATORS <br> IN RE: STARTERS <br> IN RE: IGNITION COILS <br> IN RE: MOTOR GENERATORS <br> IN RE: INVERTERS <br> IN RE: AIR FLOW METERS <br> IN RE: FUEL INJECTION SYSTEMS <br> IN RE: AUTOMATIC TRANSMISSION FLUID WARMERS <br> IN RE: VALVE TIMING CONTROL DEVICES <br> IN RE: ELECTRONIC THROTTLE BODIES | Case No. 2:13-cv-00703-MOB-MKM <br> Case No. 2:13-cv-01003-MOB-MKM <br> Case No. 2:13-cv-01103-MOB-MKM <br> Case No. 2:13-cv-01403-MOB-MKM <br> Case No. 2:13-cv-01503-MOB-MKM <br> Case No. 2:13-cv-01803-MOB-MKM <br> Case No. 2:13-cv-02003-MOB-MKM <br> Case No. 2:13-cv-02203-MOB-MKM <br> Case No. 2:13-cv-02403-MOB-MKM <br><br> Case No. 2:13-cv-02503-MOB-MKM <br> Case No. 2:13-cv-02603-MOB-MKM |
| THIS DOCUMENT RELATES TO: <br> ALL END-PAYOR ACTIONS | |

## MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR AUTHORIZATION TO DISSEMINATE NOTICE TO THE END-PAYOR PLAINTIFFS SETTLEMENT CLASSES

# TABLE OF CONTENTS

STATEMENT OF ISSUES PRESENTED...................................................................... v

STATEMENT OF CONTROLLING OR MOST APPROPRIATE AUTHORITIES ................. vi

I.      INTRODUCTION ................................................................................... 1

II.     NOTICE TO MEMBERS OF THE SETTLEMENT CLASSES IS
APPROPRIATE AT THIS TIME.......................................................... 2

III.   THE NOTICE PROVIDES THAT THE MEMBERS OF THE
SETTLEMENT CLASSES MAY OPT OUT OF THE SETTLEMENTS............. 4

IV.   THE NOTICE PLAN SHOULD BE APPROVED AS SATISFYING THE
REQUIREMENTS OF RULE 23 .......................................................... 5

     a.     The Notice Program.................................................................. 5

     b.     The Proposed Notice Plan Schedule ........................................... 8

     c.     The Form and Content of the Proposed Notices ......................... 9

V.     CONCLUSION ................................................................................. 10

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Fidel v. Farley*,
　　534 F.3d 508 (6th Cir. 2008) ...................................................................... 7

*In re Air Cargo Shipping Services Antitrust Litig.*,
　　1:06-md-01775 (E.D.N.Y. March 14, 2011) ................................................ 2

*In re Auto Refinishing Paint Antitrust Litigation*,
　　MDL No. 1426, 2004 U.S. Dist. LEXIS 29162 (E.D. Pa. Oct. 13, 2004) .......... 3

*In re Brand Name Prescription Drugs Antitrust Litigation*,
　　No. 94-c-897 (N.D. Ill., Feb. 18, 1998) ....................................................... 3

*In re Cathode Ray Tube (CRT) Antitrust Litig.*,
　　07-cv-05944, MDL No. 1917 (N.D. Cal. Apr. 18, 2014) ................................ 2

*In re Celera Corp. Shareholder Litig.*,
　　59 A.3d 418 (Del. 2012) ............................................................................. 5

*In re Google Referrer Header Privacy Litig.*,
　　No. 5:10-cv-04809, 2014 U.S. Dist. LEXIS 41695 (N.D. Cal. Mar. 26, 2014) ....... 8

*In re Heartland Payment Sys.*,
　　851 F. Supp. 2d 1040 (S.D. Tex. 2012) ....................................................... 8

*In re High Fructose Corn Syrup Antitrust Litigation*,
　　MDL No. 1087 (C.D. Ill., Jan. 15, 1997) ...................................................... 4

*In re Linerboard Antitrust Litig.*,
　　292 F. Supp. 2d 643 (E.D. Pa. 2003) ........................................................... 3

*In re Microcrystalline Cellulose Antitrust Litigation*,
　　No. 01-cv-111 (E.D. Pa., June 15, 2005) ..................................................... 3

*In re Packaged Ice Antitrust Litig.*,
　　08-MD-01952, 2011 U.S. Dist. LEXIS 17255 (E.D. Mich. Feb. 22, 2011) ....... 2, 3

*In re Plastic Additives Antitrust Litigation*,
　　No. 03-cv-2038 (E.D. Pa., Feb. 17, 2006) .................................................... 3

*In re Processed Egg Products Antitrust Litig.*,
　　08-md-02002 (E.D. Pa. July 16, 2012) ........................................................ 2

*In re Prudential Ins. Co. Am. Sales Practice Litig. Agent Actions,*
    148 F.3d 283 (3d Cir. 1998)................................................................................. 10

*In re TFT-LCD (Flat Panel) Antitrust Litig.,*
    3:07-MD-1827 (N.D. Cal. Feb. 18, 2011) ........................................................... 2

*In re Transpacific Passenger Air Transportation Antitrust Litig.,*
    No. 07-05634, MDL No. 1913 (N.D. Cal. May 26, 2015) ................................... 2

*In re Urethane Antitrust Litig.,*
    04-MD-1616 (D. Kan. Aug. 30, 2006) ............................................................... 3

*In re Warfarin Sodium Antitrust Litigation,*
    212 F.R.D. 231 (D. Del. 2002) ........................................................................... 8

*In re Warfarin Sodium Antitrust Litigation,*
    391 F.3d 516 (3d Cir. 2004)............................................................................... 9

*Karkoukli's, Inc. v. Dohany,*
    409 F.3d 279 6th Cir. 2009) ............................................................................... 7

*Mullane v. Central Hanover Bank & Trust,*
    339 U.S. 306 (1950) ........................................................................................... 7

*Newby v. Enron Corp.,*
    394 F.3d 296 (5th Cir. 2004) ............................................................................. 3

*Penson v. Terminal Transp. Co.,*
    634 F.2d 989 (5th Cir. 1981) ............................................................................. 5

*Precision Associates, Inc. v. Panalpina Word Transport (Holding) Ltd.,*
    No. 08-cv-00042 (E.D.N.Y. Aug. 27, 2013)...................................................... 2

*Roberts v. Shermeta, Adams & Von Allmen, P.C.,*
    No. 13-cv-01241, 2015 U.S. Dist. LEXIS 38434 (W.D. Mich. Feb. 23, 2015) ................. 7

**Rules**

Fed. R. Civ. P. 23 ........................................................................................... passim.

**Other Authorities**

*Manual for Complex Litigation, Fourth* § 21.312
    (Federal Judicial Center 2004)........................................................................... 9

Joseph M. McLaughlin,
    1 *McLaughlin on Class Actions* § 5:21 (8th ed. 2011) ...................................... 5

William B. Rubenstein,
   2 *Newberg on Class Actions* § 4:36 (5th ed. 2012)............................................................ 5

## STATEMENT OF ISSUES PRESENTED

1.    Whether the Court should authorize the dissemination of notice of the settlements

reached between End-Payor Plaintiffs and Settling Defendants (defined below);

2.    Whether the Court should appoint Kinsella Media, LLC as Notice Administrator and

Garden City Group as the Settlement Administrator.

## STATEMENT OF CONTROLLING OR MOST APPROPRIATE AUTHORITIES

*Karkoukli's, Inc. v. Dohany,* 409 F.3d 279 (6th Cir. 2009)

*Mullane v. Central Hanover Bank & Trust*, 339 U.S. 306 (1950)

*In re Packaged Ice Antitrust Litig.*, 08-MD-01952, 2011 U.S. Dist. LEXIS 17255 (E.D. Mich. Feb. 22, 2011)

*In re Google Referrer Header Privacy Litig.*, No. 5:10-cv-04809, 2014 U.S. Dist. LEXIS 41695 (N.D. Cal. Mar. 26, 2014)

*In re Warfarin Sodium Antitrust Litigation*, 391 F.3d 516 (3d Cir. 2004)

Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, End-Payor Plaintiffs

("EPPs" or "Plaintiffs") hereby move the Court to:  (i) approve dissemination of the notice of the

settlements to the Settlement Classes in the above-captioned actions in the manner proposed

herein; and (ii) appoint Kinsella Media, LLC ("Kinsella") and Garden City Group, LLC

("GCG") as Notice Administrator and Settlement Administrator, respectively.

## I.    INTRODUCTION

This motion is brought in connection with the settlements reached in the above-captioned

actions between Hitachi Automotive Systems, Ltd. ("HIAMS"), T.RAD Co., Ltd., and T.RAD

North America, Inc. (together, "T.RAD") (T.RAD, together with Hitachi, "Settling

Defendants").

EPPs settlement with HIAMS has already been preliminarily approved[2], and a settlement

class in each of the cases in which HIAMS is a defendant has been conditionally certified,

providing a partial resolution of the following nine pending cases: *Alternators*, 2:13-cv-00703,

ECF No. 38; *Starters*, 2:13-cv-01103, ECF No. 48; *Ignition Coils*, 2:13-cv-01403, ECF No. 33;

*Motor Generators*, 2:13-cv-01503, ECF No. 49; *Inverters*, 2:13-cv-01803, ECF No. 47;  *Air

Flow Meters*, 2:13-cv-02003, ECF No. 23; *Fuel Injection Systems*, 2:13-cv-02203, ECF No. 90;

*Valve Timing Control Devices*, 2:13-cv-02503, ECF No. 83; and *Electronic Throttle Bodies*,

2:13-cv-02603, ECF No. 23.

In each of the aforesaid preliminary approval orders, the Court approved EPPs' request

for Settlement Class Counsel, at the appropriate time, to propose notice to the members of the

---

[2] EPPs have recently submitted a motion for preliminary approval of their settlement with
T.RAD, *Automatic Transmission Fluid Warmers*, Case No. 2:13-cv-02403, ECF No. 15,
*Radiators*, Case No. 2:13-cv-01003, ECF No. 86.

Settlement Classes, including the form of, method for, and date of dissemination of notice. *See,
e.g.*, *Alternators*, 2:13-cv-00703, ECF No. 38, ¶ 1.

## II.   NOTICE TO MEMBERS OF THE SETTLEMENT CLASSES IS APPROPRIATE AT THIS TIME

The Settling Defendants, and their affiliates, have entered into settlements in 11 Auto

Parts cases for a total of approximately $54 million[3].  By this motion, EPPs submit for the

Court's approval a plan for notice to the Settlement Classes and a schedule for the final approval

of these settlements.

Courts routinely grant final settlement approval of interim settlements with one or more

but less than all defendants in multi-defendant antitrust class actions. *See, e.g.*, *In re Transpacific

Passenger Air Transportation Antitrust Litig.*, No. 07-05634, MDL No. 1913 (N.D. Cal. May 26,

2015);[4] *In re Cathode Ray Tube (CRT) Antitrust Litig.*, 07-cv-05944, MDL No. 1917 (N.D. Cal.

Apr. 18, 2014); *Precision Associates, Inc. v. Panalpina Word Transport (Holding) Ltd.*, No. 08-

cv-00042 (E.D.N.Y. Aug. 27, 2013); *In re Processed Egg Products Antitrust Litig.*, 08-md-

02002 (E.D. Pa. July 16, 2012); *In re CRT* (N.D. Cal. Mar. 22, 2012); *In re Korean Air Lines

Co., Ltd. Antitrust Litig.*, 2:07-cv-05107, MDL No. 1891 (C.D. Cal. July 15, 2011);  *In re Air

Cargo Shipping Services Antitrust Litig.*, 1:06-md-01775 (E.D.N.Y. March 14, 2011); *In re

Packaged Ice Antitrust Litig.*, 08-MD-01952, 2011 U.S. Dist. LEXIS 17255 (E.D. Mich. Feb. 22,

2011); *In re TFT-LCD (Flat Panel) Antitrust Litig.*, 3:07-MD-1827 (N.D. Cal. Feb. 18, 2011); *In

re Urethane Antitrust Litig.*, 04-MD-1616 (D. Kan. Aug. 30, 2006); *In re Linerboard Antitrust

Litig.*, 292 F. Supp. 2d 643 (E.D. Pa. 2003).

---

[3] The amount of each Settlement and the Settlement Fund in each of the 11 cases is set forth in
Exhibit A of the Declaration of  William Reiss ("Reiss Decl.") in Support of Motion for
Authorization to Disseminate Notice to the End-Payor Plaintiff Settlement Classes.

[4] All unpublished decisions cited herein are attached as Exhibit B to the Reiss Decl. in Support of
Motion for Authorization to Disseminate Notice to the End-Payor Plaintiff Settlement Classes.

It is common in antitrust class actions where some but not all defendants have settled and where final approval of those settlements has been granted to postpone the distribution of the Net Settlement Funds[5] to class members to some future date, such as after additional class settlements occur or subsequent to the final disposition of the pending litigation. *Packaged Ice*, 2011 U.S. Dist. LEXIS 17255, at *73 ("Without affecting the finality of this Final Order and Judgment, the Court retains jurisdiction for the purposes of . . . entering any Orders or conducting any hearings in connection with any final plan of distribution or claims submission process . . . ."); *Linerboard*, 292 F.Supp. 2d at 636 (distribution expected at a much later stage in the litigation pursuant to a plan of distribution after further notice to class members). Courts also routinely grant the application of class counsel to set aside a portion of these early settlements in an escrow account to reimburse counsel for litigation expenses incurred on behalf of the class to date and to be used to fund ongoing litigation expenses incurred in prosecuting claims against the remaining defendants.[6]   *See In re Transpacific*, (N.D. Cal. May 26, 2015); *Packaged Ice*, 2011 U.S. Dist. LEXIS 17255, at *60-64; *In re Plastic Additives Antitrust Litigation*, No. 03-cv-2038 (E.D. Pa., Feb. 17, 2006); *In re Microcrystalline Cellulose Antitrust Litigation*, No. 01-cv-111 (E.D. Pa., June 15, 2005);  *Newby v. Enron Corp.*, 394 F.3d 296, 303 (5th Cir. 2004); *In re Auto Refinishing Paint Antitrust Litigation*, MDL No. 1426, 2004 U.S. Dist. LEXIS 29162 (E.D. Pa. Oct. 13, 2004); *In re Brand Name Prescription Drugs Antitrust Litigation*, No. 94-c-897 (N.D. Ill., Feb. 18, 1998); and *In re High Fructose Corn Syrup Antitrust Litigation*, MDL No. 1087 (C.D. Ill., Jan. 15, 1997).

---

[5] The "Net Settlement Funds" are the Settlement Funds minus fees, costs and expenses.

[6] The Notice provides that Class Counsel will be moving for an order seeking reimbursement of litigation expenses incurred to date and the establishment of a litigation fund to cover future litigation expenses in connection with the continued litigation against the Non-Settling Defendants.

## III. THE NOTICE PROVIDES THAT THE MEMBERS OF THE SETTLEMENT CLASSES MAY OPT OUT OF THE SETTLEMENTS

The Settlement Classes that have been or, EPPs anticipate will be, preliminarily certified in the 11 Auto Parts cases referred to in the Notice include class members who purchased or leased qualifying new motor vehicles[7] or indirectly purchased replacement parts in states which permit indirect purchasers to bring antitrust damage claims ("Damages States")[8] as well as those who made such purchases in states which do not permit such damage claims. Those class members who made purchases in any of the Damages States may be eligible to file a claim for a *pro rata* portion of one or more of the Net Settlement Funds; the remaining class members would solely be eligible to obtain the equitable non-monetary benefits contained in the proposed final judgments, including cooperation and Settling Defendants' agreement not to engage in the specified conduct that is the subject of the lawsuits for a period of two years from the date of entry of the final judgment.

The proposed Notice describes the right of the members of each Settlement Class to opt out of some or all of the Settlement Classes, including those members of Settlement Classes when the EPPs are seeking only non-monetary equitable relief.[9]  Accordingly, any class member can opt out and thus not be bound by any of the Settlements or final judgments entered in connection therewith.

---

[7] Qualifying new motor vehicles are automobiles, light trucks, vans, mini-vans, and sports utility vehicles.

[8] The Damages States include the District of Columbia and the following states:  Arizona, Arkansas, California, Florida, Hawaii, Iowa, Kansas, Maine, Massachusetts, Michigan, Minnesota, Mississippi, Missouri, Montana, Nebraska, Nevada, New Hampshire, New Mexico, New York, North Carolina, North Dakota, Oregon, Rhode Island, South Carolina, South Dakota, Tennessee, Utah, Vermont, West Virginia, and Wisconsin.

[9] Joseph M. McLaughlin, 1 *McLaughlin on Class Actions* § 5:21 (8th ed. 2011); William B. Rubenstein, 2 *Newberg on Class Actions* § 4:36 (5th ed. 2012); *Penson v. Terminal Transp. Co.*, 634 F.2d 989, 993-54 (5th Cir. 1981); *In re Celera Corp. Shareholder Litig.*, 59 A.3d 418, 422 (Del. 2012).

## IV.   THE NOTICE PLAN SHOULD BE APPROVED AS SATISFYING THE REQUIREMENTS OF RULE 23

EPPs respectfully move the Court for approval of the Notice Program, the Notice Forms, and the schedule for implementing the Notice Program.  The proposed Notice Program and forms of Notice would be disseminated in a "reasonable manner to all class members who [will] be bound by the proposal" and provide for the "best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort," as required by Rules 23(e)(1) and 23(c)(2)(B) of the Federal Rules of Civil Procedure.  EPPs further move for the appointment of Kinsella as the Notice Administrator for purposes of the implementation of the notice program and GCG as the Settlement Administrator.

### a.   The Notice Program

EPPs propose a multi-faceted and comprehensive Notice Program to provide notice of the above-referenced settlements to the members of the Settlement Classes.  EPPs have retained Kinsella to develop the notice program and forms of notice for these settlements.  Kinsella is a nationally recognized leader in providing class action and other forms of legal notice, with extensive experience in the design and implementation of comprehensive notice programs in connection with class action settlements.  The expertise of Kinsella in legal notice design and implementation is set forth in the accompanying Declaration of Katherine Kinsella on Adequacy of Notice and Notice Program ("Kinsella Decl.") in Support of Motion for Authorization to Disseminate Notice to the End-Payor Plaintiffs Settlement Classes.

EPPs' proposed Notice Program, attached as Ex. C to the Kinsella Decl., contains the following elements:

- Paid Media (Publication and Internet), Earned and Social Media, a website, and a Toll-Free Telephone Support Line to provide the best notice practicable;

- Kinsella will publish the Summary Notice in selected consumer magazines,[10] a newspaper,[11] and newspaper supplements[12] to reach 80.4% of New Vehicle Owners/Lessees with an average estimated frequency of 2.9 times.  Kinsella will also publish the Summary Notice in two trade publications that reach fleet owners.[13]  The Summary Notice will, in turn, refer potential class members to the Call Center and the website where they can obtain the Long Form Notice and additional documents and information.

- Similarly, Kinsella will purchase Internet advertising with 295,265,000 gross impressions across various websites and for one month on a fleet association website, driving potential members of the Settlement Classes to the case website where they can obtain the Long Form Notice, additional documents, and information. See Notice Plan at 14-16.

- Kinsella will implement an earned media press outreach program, including a Multimedia News Release, statewide press releases on PR Newswire, and outreach to traditional print and online news outlets in the Damages States. See Notice Plan at 19-21.

- GCG will post the Long-Form Notice, proposed final judgments, along with other court documents, and the various Settlement Agreements, on the specially created website designed to provide notice of the settlements in these litigations, www.AutoPartsClass.com, which will be made easily findable through searches conducted on the Internet;

- GCG will staff a toll-free hotline (877-940-5043) to answer any questions by any potential members of the Settlement Classes about the settlements and to provide copies of court approved notices and other documents.

Fed. R. Civ. P. 23(e)(1) requires that notice of the settlement of a class action be given

"in a reasonable manner to all class members who would be bound by the proposal," and Fed.

R. Civ. P. 23(c)(2)(B) provides that in any class certified under Rule 23(b)(3) "the court must

---

[10] Field & Stream, National Geographic, People, Reader's Digest, Southern Living, and Women's Day. See Notice Plan at 8-12, for an explanation of the rationale for selecting these publications.

[11] Wall Street Journal.  See Notice Plan at 8-12, for an explanation of the rationale for selecting these publications.

[12] Parade and American Profile, which together appear in a combined 1,785 newspapers that cover all 50 states and the District of Columbia. These two newspaper supplements have a combined circulation of 28,000,000. See Notice Plan at 9-10.

[13] Auto Rental News and Automotive Fleet.  See Notice Plan at 8-12.

direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." EPPs' proposed Notice Plan meets these requirements.

The Long Form Notice will be mailed to each potential settlement class member who requests it in response to the various forms of paid and earned media notice described in detail in the Notice Plan. Kinsella Decl., Ex. C-7. Further, the Long Form Notice as well as other settlement documents will be available for view, download, and printing at the settlement website www.AutoPartsClass.com.

Because Settling Defendants' products are incorporated into motor vehicles assembled and sold or leased by others, Settling Defendants do not have the names and addresses necessary to send notice by direct mail to each member of the Settlement Classes. In such circumstances, "[n]either Rule 23 nor due process . . . requires actual notice to each party intended to be bound by the adjudication of a class action." *Roberts v. Shermeta, Adams & Von Allmen, P.C.,* No. 13-cv-01241, 2015 U.S. Dist. LEXIS 38434, *16-17 (W.D. Mich. Feb. 23, 2015) (citing *Fidel v. Farley*, 534 F.3d 508, 514 (6th Cir. 2008)). Due process requires only notice that is reasonably calculated to reach interested parties. *Fidel,* 534 F.3d at 514; *Karkoukli's, Inc. v. Dohany,* 409 F.3d 279, 283 6th Cir. 2009). *See also Mullane v. Central Hanover Bank & Trust*, 339 U.S. 306, 315 (1950).

Thus, for example, in *In re Warfarin Sodium Antitrust Litigation*, 212 F.R.D. 231 (D. Del. 2002), the court determined that where, like here, the names and addresses of absent class members were unavailable, publication notice was the best notice practicable under the circumstances. *Id.* at 252. The Third Circuit affirmed, rejecting challenges to the notice. *In re Warfarin Sodium Antitrust Litigation,* 391 F.3d 516, 536-37 (3d Cir. 2004). *See also In re*

7

*Google Referrer Header Privacy Litig.*, No. 5:10-cv-04809, 2014 U.S. Dist. LEXIS 41695, at

*24 (N.D. Cal. Mar. 26, 2014); (approving notice plan consisting solely of publication notice

because "the size and nature of the class renders it nearly impossible to determine exactly who

may qualify as a class member. . . . That being the case, direct notice to class members by mail,

e-mail or other electronic individualized means is impractical."); *In re Heartland Payment Sys.*,

851 F. Supp. 2d 1040, 1061 (S.D. Tex. 2012) (approving notice plan that consisted exclusively

of publication notice because "[Defendants] did not have the names and addresses of those

affected by the data breach and could not reasonably request this information for 130 million

accounts from the issuer banks."); *Manual for Complex Litigation, Fourth* § 21.312 at p. 294

(Federal Judicial Center 2004) ("Posting notices and other information on the Internet,

publishing short, attention-getting notices in newspapers and magazines, and issuing public

service announcements may be viable substitutes for, or more often supplements to, individual

notice if that is not reasonably practicable").

### b. The Proposed Notice Plan Schedule

As outlined in the Proposed Order submitted herewith, EPPs propose the following notice

schedule, with deadlines measured from the date of entry of the Court's Order approving the

Notice Plan:

- **Within 60 days**:  GCG launches the Toll Free Settlement Hotline, and publishes the relevant documents on the Settlement Website. (Proposed Order ¶ 7).

- **Within 60 days**:  Kinsella commences publication of the Summary Notice in newspaper supplements, newspaper, and trade and consumer publications; begins online media notice activities, including Internet banner ads and keyword search; begins earned media activities. (*id*. ¶ 8);

- **115 days**:  Filing of Kinsella and GCG affidavits/declarations reflecting that mailing, posting, and publication were made in accordance with this Order (*id*. ¶ 9);

- **155 days**:

  o Filing of motions for final approval of the Settlements (*id*. ¶ 10);

  o Filing of Plaintiffs' Motion for Reimbursement of Expenses and the
   creation of a fund for future litigation expenses (*id*.); and

  o If Class Counsel so elect, filing of motion for attorneys' fees by Class
   Counsel and incentive awards for the named class representatives (*id*.).

- **185 days**: Deadline for objections and requests for exclusion from some or all of
  the Settlement Classes (*id*. ¶¶ 11, 12); and

- **Not earlier than 215 days**: Final Fairness Hearing. (*id*. ¶ 14).

For the above reasons, EPPs respectfully request that the Court adopt the schedule

contained in the Proposed Order.

  **c.**  **The Form and Content of the Proposed Notices**

  EPPs also seek approval of the proposed form and content of the Complete (Long Form)

and the Summary (Short or Publication Form) Notices.[14]  The information required by Rule

23(c)(2)(B) is set forth  "clearly and concisely . . . in plain, easily understood language" at the

following sections of the notices:

-   Nature of the actions—Long Form § 2, Short Form ¶ 1;

-   Settlement Classes' Definition— Long Form § 7, Short Form ¶ 2;

-   Settlement Classes' Claims, Issues & Defenses— Long Form § 2, Short Form ¶ 1;

-   Right to appear— Long Form §§ 23, 24, Short Form ¶ 8;

-   Right to exclude/Time & Manner to Request Exclusion— Long Form § 15, Short
    Form ¶ 7; and

-   Binding effect— Long Form §§ 14-17, Short Form ¶ 7.

  Additionally, the Long Form Notice informs potential Settlement Class Members about

the identity of the Settling Defendants; the auto parts covered in these Settlements; the amount of

---

[14] The Long-Form and Publication Notices are attached as Exhibits C-6 and C-7 to the Kinsella
Decl.

each of the Settlements; the potential for future settlements; where to access the complete

Settlement Agreements, proposed final judgments and other Court documents; how the lawyers

may be paid in the future; when the lawyers will file their petition for reimbursement of litigation

expenses; Settlement Class Members' right to object or opt out and how to do so; and the date,

place and time of the Fairness Hearing, among other information. This additional information

conforms with Rule 23(e)'s requirement for distribution of the settlement notice in a reasonable

manner. *See In re Prudential Ins. Co. Am. Sales Practice Litig. Agent Actions,* 148 F.3d 283,

327 (3d Cir. 1998) ("The Rule 23(e) notice is designed to summarize the litigation and the

settlement and to apprise class members of the right and opportunity to inspect the complete

settlement documents, papers, and pleadings filed in the litigation." (internal quotation marks

omitted)).

Finally, the Long Form Notice explains to potential members of the Settlement Classes

that a distribution of the Net Settlement Funds will occur at a future time, possibly in conjunction

with future settlements, and encourages Settlement Class Members to register with the

Settlement website to obtain information on future settlements and the filing of claims. *See* Long

Form §§ 9-10, 12.

For the reasons stated above, the proposed Notice Plan and Form of Notices fulfill the

requirements of Rule 23 and due process. Accordingly, approval of the Notice Plan and Form of

Notices is appropriate.

## V.  CONCLUSION

For the foregoing reasons, EPPs request that the Court approve the proposed Notice Plan

described herein and the Form and content of the Notices submitted herewith.

Dated:  September 3, 2015          Respectfully submitted,

          */s/ Hollis Salzman*
          Hollis Salzman
          Bernard Persky
          William V. Reiss
          ROBINS KAPLAN LLP
          601 Lexington Avenue, Suite 3400
          New York, NY 10022
          Telephone: (212) 980-7400
          Facsimile: (212) 980-7499
          HSalzman@RobinsKaplan.com
          BPersky@RobinsKaplan.com
          WReiss@RobinsKaplan.com

          */s/ Steven N. Williams*
          Steven N. Williams
          Adam J. Zapala
          Elizabeth Tran
          COTCHETT, PITRE & McCARTHY, LLP
          San Francisco Airport Office Center
          840 Malcolm Road, Suite 200
          Burlingame, CA 94010
          Telephone: (650) 697-6000
          Facsimile: (650) 697-0577
          swilliams@cpmlegal.com
          azapala@cmplegal.com
          etran@cpmlegal.com

          */s/ Marc M. Seltzer*
          Marc M. Seltzer
          Steven G. Sklaver
          SUSMAN GODFREY L.L.P.
          1901 Avenue of the Stars, Suite 950
          Los Angeles, CA 90067-6029
          Telephone: (310) 789-3100
          Facsimile: (310) 789-3150
          mseltzer@susmangodfrey.com
          ssklaver@susmangodfrey.com

          Terrell W. Oxford
          Omar Ochoa
          SUSMAN GODFREY L.L.P.
          901 Main Street, Suite 5100
          Dallas, TX 75202
          Telephone: (214) 754-1900

Facsimile: (214) 754-1933
toxford@susmangodfrey.com
oochoa@susmangodfrey.com

***Interim Co-Lead Class Counsel for End-Payor
Plaintiffs***

/s/ *E. Powell Miller*
E. Powell Miller (P39487)
Devon P. Allard (P71712)
THE MILLER LAW FIRM, P.C.
950 W. University Drive, Suite 300
Rochester, MI 48307
Telephone: (248) 841-2200
Facsimile: (248) 652-2852
epm@millerlawpc.com
dpa@millerlawpc.com

***Interim Liaison Counsel for End-Payor Plaintiffs***