# EXHIBIT 3



**THE MERCURY COMPANIES**
**Home Office - Brea, California**

Policy Provisions

*The Company is named in the Declarations*



IMPORTANT NOTICE

Unless drivers residing with the Insured are NAMED in the declarations, coverage may not be afforded.  If you desire coverage for drivers other than those shown, request your agent/broker to have your policy amended to list the additional drivers.

If you are unable to resolve any problems concerning your policy with your agent/broker or the Company, you may contact the Consumer Affairs Unit of the California Department of Insurance at:

    300 South Spring Street
    Los Angeles, CA 90013, 1-800-927-HELP

### WARNING

Unless you have automobile insurance written by a Mexican insurance company, you may spend many hours or days in jail, if you have an accident in Mexico.  Insurance coverage should be secured from a company licensed under the laws of Mexico to write such insurance in order to avoid complications and some other penalties possible under the laws of Mexico, including the possible impoundment of your automobile.

## Table of Contents

PAGE

**PART I - LIABILITY** ...................................................................... 1

    Exclusions ....................................................................... 3

    Conditions ........................................................................ 4

**PART II - EXPENSES FOR MEDICAL SERVICES** ............................ 4

    Exclusions ........................................................................ 5

    Conditions ........................................................................ 5

**PART III- PHYSICAL DAMAGE** ..................................................... 6

    Exclusions ........................................................................ 8

    Conditions ........................................................................ 9

**PART IV - UNINSURED MOTORISTS/UNDERINSURED MOTORISTS** .......... 11

    Uninsured Motorists Exclusions ........................................... 11

    Underinsured Motorists Exclusions ...................................... 12

    Conditions ....................................................................... 12

**PART V - UNINSURED MOTORIST PROPERTY DAMAGE COVERAGE
UNINSURED MOTORISTS COLLISION DEDUCTIBLE WAIVER** ....... 14

    Exclusions ....................................................................... 15

    Conditions ....................................................................... 15

**GENERAL POLICY CONDITIONS** ................................................. 16

**GROUNDS FOR VALID NOTICE OF CANCELLATION AND
NONRENEWAL** ......................................................................... 18

**GROUNDS FOR PREMIUM INCREASE** .......................................... 18

SPECIMEN

Subject to the payment of all premiums when due, and in reliance upon the statements in the declarations and the statements in the application, and subject to the terms of this policy, the company makes the following agreements with the named insured:

# PART I — LIABILITY

**Coverage A — Bodily Injury Liability; Coverage B — Property Damage Liability:**
To pay on behalf of the insured all sums, *except punitive or exemplary damages,* which the insured shall become legally obligated to pay as damages because of:
A.  bodily injury **sustained by any person other than an insured;**
B.  property damage;
caused by accident, arising out of the ownership, or use, of an owned automobile by an insured or arising out of the use of a non-owned automobile by an insured. The company shall defend the insured against any suit, alleging bodily injury or property damage **for which this policy provides indemnity.**  Defense will be provided, **after such suit is tendered to the company, with counsel of the company's choice.**  However, the company may make such investigation and settlement of any claim or suit as it deems expedient.   **Defense will be provided until the company has paid the applicable limit of liability for the accident which is the basis of a lawsuit, but not beyond that time.  See Part I - Conditions 3 and 4. Further, the company may recoup the cost of any defense advanced by the company if it is later determined the insured is not entitled to indemnity under this policy.**

**Supplementary Payments**: To pay, in addition to the applicable limits of liability:
(a) Court costs of any suit for damages and interest on all damages owed by an insured as the result of a judgment until the company pays, offers or deposits, in court, the amount due under this coverage;
(b) premiums on appeal bonds required in any such suit if the company has not paid its limit of liability applicable for the suit, premiums on bonds to release attachments of an insured's property but the amount of the bond shall not exceed the company's applicable limit of liability of this policy, and the cost of bail bonds required of the insured because of accident or traffic law violation arising out of a covered accident, not to exceed $250 per bail bond, but without any obligation to apply for or furnish any such bonds;
(c) expenses incurred by the insured for such immediate medical and surgical relief to others as shall be imperative at the time of an accident involving an automobile insured hereunder and not due to war;
(d) all reasonable expenses incurred by the insured, at the company's request, and loss of earnings, not to exceed $50 per day to attend the trial of a civil suit at the company's request.

**Persons Insured:** The following are insured under Part I:
(a) With respect to the owned automobile:
    (1) the named insured and any relative,
    (2) persons listed as drivers in the policy declarations,
    (3) any other person using an owned automobile, provided it is used with the permission of the named insured, express or implied, and within the scope of such permission, and persons residing with such permissive user and related to such permissive user by blood, marriage or adoption, including wards and foster children;
    (4) residents other than described in (a)(1) or (a)(2), above.
(b) With respect to a non-owned automobile:
    (1) the named insured,
    (2) resident drivers listed in the declarations, provided such relative or relative's spouse does not own an automobile other than an automobile listed in the declarations;
    (3) the owner or lessee of the non-owned automobile, but only while the non-owned automobile is used by one of the persons in (b) (1) or (b) (2) above.
The insurance afforded under Part I applies separately to each insured against whom claim is made or suit is brought, but the inclusion herein of more than one insured shall not operate to increase the limits of the company's liability.

**Definitions:** Under Part I
**Automobile** means any self-propelled motor vehicle, *with neither more than nor less than four wheels*.  Automobile does not include a vehicle used as a residence or premises.
**Automobile Business** means the business or occupation of selling, repairing, servicing, storing, parking, delivering, testing or road testing motor vehicles;
**Bodily injury** shall include sickness or disease, including death resulting therefrom;

**Commercial Purposes** means:

(a) vehicles rented or leased to others;
included but not limited to, transportation of persons or property in the business, profession or occupation of any insured for hire, compensation or profit. This does not include car pooling and ride sharing;

(b) delivery or pickup of any tangible property or product including, but not limited to food, newspapers, periodicals, packages or film in the insured's part-time or full-time occupation or business. The definition of delivery and pickup includes going to and returning from the delivery or pickup.

**Insured** means a person or organization described under "Persons Insured";

**Leased Automobile** means an automobile leased or rented to the named insured, by a lessor licensed to lease motor vehicles, under a written contract for a period of six months or longer and in other respects qualifies as an owned automobile;

**Motor Vehicle** means any vehicle designed for use principally upon streets and highways and subject to motor vehicle registration under the laws of California;

**Named Insured** means the individual identified as such in the declarations and also includes the named insured's spouse, if a resident of the same household;

**Non Owned Automobile** means a vehicle that:

(a) **is used with the permission of the owner of the vehicle and**

(b) **is a private passenger or utility automobile or trailer and**

(c) **is not used for commercial purposes and**

(d) **is not owned by, or leased to, or registered to, or available for the regular use of, the named insured, any other persons listed as drivers in the policy declarations, an insured's employer, an insured's employee, a relative, a corporation, partnership or other legal entity in which the combined ownership interest of the named insured and relatives exceeds twenty percent, or is a temporary substitute automobile.**

**Operator** means the person sitting immediately behind the steering controls of a motor vehicle and no other person.

**Owned Automobile** means:

(a) a motor vehicle listed in the declarations,

(b) a trailer owned by the named insured,

(c) any private passenger or utility automobile, operable or inoperable, the ownership, or leasehold of which is acquired by the named insured or a relative listed in the declarations, during the policy period, provided the automobile meets these two conditions:

    *(1) it replaces a motor vehicle listed in the declarations and the insured has transferred title and possession of the replaced motor vehicle on or prior to the date of acquisition of the acquired automobile or*

    *(2) the company insurers all private passenger and utility automobiles, operable or inoperable, owned or leased by the named insured or acquiring relative on the date the named insured or relative takes delivery or the acquired automobile, and the named insured applies to the company for insurance on such acquired automobile within thirty days of such acquisition and pays the required premium when due. Coverage is limited to the lesser of thirty days from the date of acquisition or the date the policy subsequently expires or is canceled unless the company agrees in writing to a further extension of coverage.*

**Newly Acquired Automobile** means an automobile defined under (c) immediately above;

**Person** means a natural person and not a corporation, partnership, association or trust.

**Private Passenger Automobile** means an automobile designed solely for the transportation of persons and their personal luggage;

**Property Damage** means injury to or destruction of tangible property, and no other kind, including the loss of use of the property;

**Relative** means a person who resides with the named insured and is related to the named insured by blood, marriage or adoption and includes wards and foster children. Unmarried children, (including wards and foster children) of the named insured, residing elsewhere while attending school or in the armed forces, are considered to reside with the named insured, provided they are not emancipated;

**Resident** means an individual who inhabits the same dwelling as the named insured;

**Spouse** means married partner or registered domestic partner under the laws of California;

**Temporary Substitute Automobile** is a private passenger automobile or utility automobile, not owned by the named insured, used with the permission of the owner for non-commercial purposes as a substitute for a vehicle listed in the declarations, when such vehicle is withdrawn from use because of its breakdown, repair, loss or destruction.

**Trailer** means a trailer that meets all of the following requirements at the time of loss:

(a) It is not being used in the automobile business or for commercial purposes,

(b) It is being used with a motor vehicle listed in the declarations,

(c) It is designed for use with a private passenger automobile,

(d) It is NOT a home, office, store, display or passenger trailer.

**Use** of a motor vehicle means operating, maintaining or loading and unloading thereof;

**Utility Automobile** means an automobile with a load capacity of two thousands pounds or less of the pick-up body, sedan delivery or panel truck type;

**War** means war, whether or not declared, civil war, insurrection, rebellion or revolution, or any act or condition incident to any of the foregoing.

**Exclusions:** This policy does not apply under Part I:

(a) *to any motor vehicle used for commercial purposes but this exclusion does not apply to the named insured with respect to bodily injury or property damage which results from the named insured's occupancy of a non-owned automobile other than as an operator thereof;*

(b) *to bodily injury or property damage caused intentionally by or at the direction of an insured;*

(c) *to liability for any bodily injury or property damage with respect to which insurance is or can be afforded under a nuclear energy liability policy;*

(d) *to liability imposed upon or assumed by an insured under any workers' compensation law;*

(e) *to bodily injury to a fellow employee of an insured injured in the scope and course of his or her employment but this exclusion shall not apply to the named insured, or a relative, with respect to injury sustained by such fellow employee;*

(f) *to any person or to any agent or employee thereof, employed or otherwise engaged in the automobile business with respect to any accident arising out of the use of a motor vehicle in connection therewith, but this exclusion shall not apply to the named insured or a relative;*

(g) *to liability for bodily injury to an insured or liability for bodily injury to an insured whenever the ultimate benefits of that indemnification accrue directly or indirectly to an insured, including, in both instances, those persons who would have otherwise been included within this policy's definition of an insured but who are excluded from coverage while  using a motor vehicle;*

(h) *to a non-owned automobile while used in any business or occupation, except a private passenger or utility automobile, operated by the named insured,  or a trailer used therewith or with an owned automobile;*

(i) *to property damage to property owned, rented to, transported by, or in the charge of, an insured.  A motor vehicle operated by an insured shall be considered to be property in the charge of an insured.  This exclusion does not apply to property damage to a residence rented by the insured or to the private garage of the residence rented by the insured;*

(j) *to bodily injury or property damage occurring while a motor vehicle is being operated in any pre-arranged contest or competitive events or on any track or other facility that may be used for such contests or events;*

(k) *to liability assumed by an insured under contract;*

(l) *to the loading or unloading of any motor vehicle but this exclusion does not apply to the named insured, a relative, a lessee or bailee of the motor vehicle, or an employee of any such person;*

(m) *to liability for bodily injury to any employee of the insured arising out of and in the course an insured's employment;*

(n) *to bodily injury or property damage which occurs as a result of the actual, alleged or threatened discharge, disposal, release or escape of pollutants while any insured vehicle, including any trailer, is being used for the transportation of pollutants.  Pollutants means solid, liquid, gaseous or thermal irritant or contaminant, including smoke, vapor, soot, fumes, acids, alkalis pollutants chemicals and waste.  Waste includes materials to be recycled, reconditioned or reclaimed;*

(o) *to any person using the owned automobile without the express or implied permission of the named insured, or using the owned automobile outside the scope of that permission.  This exclusion does not apply to relatives or to persons listed as drivers in the policy declarations.*

## PART I — LIABILITY— CONDITIONS

**1.  Assistance and Cooperation of the Insured:** The insured shall cooperate with the company and, upon the company's request, shall attend hearings and trials and shall assist in effecting settlements, securing and giving evidence, obtaining the attendance of witnesses and in the conduct of suits.  The insured shall not, except at his own cost, voluntarily make any payment, assume obligation or incur any expense other than for such immediate medical and surgical relief to others as shall be imperative at the time of accidents. Defaulting with respect to any claim or suit brought against the insured is the voluntary assumption of such an obligation.

**2.  Notice of Claim or Suit:** If claim is made or suit is brought against the insured, the insured shall immediately forward to the company every demand, notice, summons or other process received by him or his representative.

**3.  Limits of Liability—Coverage A:** The limit of liability stated in the declarations as applicable to "each person" is the limit of the company's liability for all damages arising out of bodily injury sustained by one person in any one accident, and subject to this provision, the limit of liability stated in the declarations as applicable to "each accident" is the total limit of the company's liability for all such damages for bodily injury sustained by two or more persons in any one accident. **For the purposes of this provision, the "bodily injury sustained by any one person" as used herein, shall be deemed to include all injury and damages for care, loss of services, loss of consortium and injury to any interpersonal relationship sustained by others as a consequence of such bodily injury. (See Part II - Condition 1.)**

**4.  Limit of Liability—Coverage B:** The limit of property damage liability stated in the declarations as applicable to "each accident" is the total limit of the company's liability for all damages arising out of injury to or destruction of all property of one or more persons or organizations, including the loss of use thereof, as the result of any one accident.

**5.  Severability of Interest:** The term, the insured, is used severally and not collectively, but the inclusion herein of more than one insured shall not operate to increase the limits of the company's liability.

**6.  Action Against Company:** No action shall lie against the company unless, as a condition precedent thereto, the insured shall have fully complied with all the terms of this policy, nor until the amount of the insured's obligation to pay shall have been finally determined either by judgment against the insured after a contested trial or by written agreement of the insured, the claimant and the company.

Any person or organization or the legal representative thereof who has secured such judgment or written agreement shall therefore be entitled to recover under this policy to the extent of the insurance afforded by this policy. Nothing contained in this policy shall give any person or organization any right to join the company as a co-defendant in any action against the insured to determine the insured's liability.

Bankruptcy or insolvency of the insured or of the insured's estate shall not relieve the company of any of its obligations hereunder.

**7.  Assault and Battery:** Assault and battery shall not be deemed an accident.

## PART II — EXPENSES FOR MEDICAL SERVICES

**Coverage C:** to pay, **subject to reimbursement to the company as provided in Condition 3,** all reasonable expenses incurred within one year from the date of accident for necessary medical, surgical, X-ray and dental services, including prosthetic devices, and necessary ambulance, hospital, professional nursing and funeral services **(see limit for funeral services, Condition 1):**

**Division 1.** To or for the named insured and each relative who sustains bodily injury caused by an accident resulting in a collision while occupying an owned automobile or a non-owned automobile or who, as  a pedestrian, sustains bodily injury caused by contact with a moving motor vehicle.

**Division 2.** To or for any other person who sustains bodily injury, caused by accident, resulting in a collision, while occupying

(a) the owned automobile, if being used by the named insured, by a relative or by any other person with the permission of the named insured; or

(b) a non-owned automobile, if the bodily injury results from (1) its operation by the named insured or its operation on his behalf by his private chauffeur or domestic servant or (2) its operation by a relative listed in the declarations.

**Definitions:** The definitions under Part I apply to Part II, and under Part II:

**Occupying means in the automobile;**

**An Automobile** includes a trailer.

**Collision** when used with reference to a motor vehicle, means the motor vehicle, upset or collided with an object other than the body (or any part thereof) of an occupant, including the operator.

*Exclusions: This policy does not apply under Part II:*

(a) *bodily injury sustained while occupying (1) an owned automobile while used for commercial purposes or (2) any vehicle while located for use as a residence or premises;*

(b) *acupuncture therapy unless legally administered, under California Law, by a physician or licensed acupuncturist. This policy's limit for such therapy shall be $500 per accident in the aggregate;*

(c) *bodily injury sustained while upon, getting on or alighting from: a motorcycle, motor bike or any self propelled motor vehicle with less than four wheels;*

(d) *bodily injury sustained by any person other than the named insured or a relative, resulting from the use of (1) a non-owned automobile in the automobile business or for commercial purposes or (2) a non-owned automobile in any other business or occupation, except operation of a private passenger automobile by the named insured or by his private chauffeur or domestic servant, or of a trailer used therewith or with an owned automobile.*

(e) *bodily injury sustained by any person who is employed in the automobile business, if the accident arises out of the operation thereof and if benefits therefore are in whole or in part either payable or required to be provided under any workers' compensation law;*

(f) *due to war;*

(g) *bodily injury sustained while a motor vehicle is being used in any pre-arranged contest or competitive event;*

(h) *bodily injury sustained while occupying or using a motor vehicle without the permission of the owner;*

(i) *bodily injury sustained by any person unless that person executes a covenant not to sue any person or organization, insured under the bodily injury liability coverage provided by the policy, for such medical services;*

(j) *expenses payable under this part, if such expenses are paid, payable or eligible for payment, under the terms and conditions of any (1) automobile or premises insurance affording benefits for medical expenses (2) individual, blanket, or group accident, disability or hospitalization insurance (3) medical or surgical reimbursement plan (4) non-profit association or corporation plan providing hospital, surgical, medical or similar benefits to participants, enrollees or members. No payment shall be made, under this part, until claim for the expenses incurred shall have been first submitted to the benefit providers listed in (1) thru (4) above, and such provider(s) have paid their limit of payment or furnished their applicable limit of service and the insured furnishes a written statement from the provider(s) as proof. No payment shall be made, under this part, for medical expenses incurred which the insured is not required to pay;*

(k) *bodily injury sustained through being struck by a motor vehicle owned by the named insured or a relative unless such motor vehicle is insured under Part II;*

(l) *bodily injury sustained by any person for expenses or benefits that are paid, payable, or required to be paid, in whole or in part, under any worker's compensation law.*

(m) *treatment with physical or massage therapy which is not actually administered under the laws of California by a physician, chiropractor, or licensed physical therapist.*

(n) *treatment with nonprescription drugs, vitamins, herbs, food supplements, food for special dietary requirements, or topical analgesics.*

---

## PART II — EXPENSES FOR MEDICAL SERVICES—CONDITIONS

---

**1. Limit of Liability:** Regardless of the number of motor vehicles insured, the total liability of the company for all medical expense incurred by or on behalf of each person who sustains bodily injury as the result of any one accident shall not exceed the limit of liability stated in the declarations as applicable to "each person". However, there shall be no duplication of payments under Coverages A and C of this policy and all payments made to or on behalf of any person under Coverage C shall be deemed to have been advanced to such person against the amount otherwise recoverable by such person, against an insured, under the limits of Coverage A.

If the limit of liability is more than **$2,000** the company's limit of liability for funeral services shall not exceed **$2,000** for any one person.

**2. Action Against Company:** No action shall lie against the company unless, as a condition precedent thereto, there shall have been full compliance with all the terms of this policy, nor until thirty days after the required proofs of claim have been filed with the company. **No suit or action on Coverage C shall be sustainable in any court of law or equity unless commenced within two years following the date of accident.**

**3. Reimbursement Agreement — Offset Provision:** *If payment is made under this coverage, to or on behalf of any person, such person agrees to reimburse the company to the extent of such payment from the proceeds of:*

(a) *any settlement or judgment that may result from the exercise of any rights of recovery of such person against any party that such person claims is responsible for bodily injury to the person for which payment under medical expense coverage has been made.*

(b) *any payment received, or to be received, by or on behalf of an injured person under the provisions of any (1) automobile or premises insurance affording benefits for medical expenses, (2) individual blanket or group accident, disability or hospitalization insurance, (3) medical, surgical, hospital or funeral service, benefits or reimbursement plan, (4) workers' compensation or disability benefits law or any similar law.*

The party, or his representative, whose act allegedly caused the injuries may be notified of this reimbursement agreement.

*If a judgment against, or settlement with, any party that the insured claimed was responsible for the bodily injury, has been concluded, then the amount otherwise payable under this coverage shall be reduced by the amount of such judgment or settlement. Insured, as used in this condition, means the person claiming benefits under Coverage C.*

**4. Medical Reports: Proof and Payment of Claim:** When requested, the insured or other person making claim shall give to the company written proof of claim under oath if required, including full particulars of the nature and extent of the injuries, treatment and other details entering into the determination of the amount payable hereunder. The insured and every other person making claim hereunder shall submit to examinations under oath by any person named by the company and subscribe the same as often as may reasonably be required. Proof of claim shall be made upon forms furnished by the company unless the company shall have failed to furnish such forms within 15 days after receiving notice of claim.

The injured person shall submit to physical examinations by physicians selected by the company when and as often as the company may reasonably require and he, or in the event of his incapacity his legal representative, or in the event of his death his legal representative or the person or persons entitled to sue therefor, shall upon each request from the company execute authorization to enable the company to obtain medical reports and copies of records.

If the insured or other person making claim incurs medical expenses which the company deems unreasonable or unnecessary, the company may refuse to pay those expenses and contest them. If the insured or other person making claim is sued by a medical services provider because the company refuses to pay contested medical expenses, the company will defend such suit with counsel of the company's choice and will pay any resulting judgment against the insured or other person making claim.

## PART III — PHYSICAL DAMAGE

**Coverage D — Comprehensive (excluding Collision):** The company, at its option, will repair, replace or pay for the owned automobile, or part thereof, for loss caused by theft or for loss caused by direct and accidental damage to the owned automobile other than damage caused by collision. The company will pay only for the amount of each loss in excess of the deductible stated in the declarations.

Coverage D will apply to a non-owned automobile when rented to a named insured, a relative, or any other person listed as a driver, in the policy declarations from a public automobile rental agency or furnished by a licensed motor vehicle repair facility which is repairing an owned automobile insured by this policy for less than thirty one consecutive days while the rental or furnished car is being driven by or in the custody of such insured.

**Coverage E — Collision:** The company, at its option, will repair, replace or pay for the owned automobile or part thereof, for loss caused by collision but only for the amount of each loss in excess of the deductible stated in the declarations. The company will provide this same coverage for a non-owned automobile provided it is operated, with the permission of the owner, by the named insured, a relative, or any other person listed as a driver in the declarations.

**Coverage F — Rental Car Benefit**

(a) If a covered comprehensive or collision loss, in excess of the applicable deductible, occurs to an owned automobile, the company will pay for expense incurred for the rental of an automobile from a public automobile rental agency. The maximum daily rate and the maximum covered days are each limited as specified in the policy declaration. Reimbursement will be for the period beginning 12:01 A.M. on the day following:

Losses Other Than Theft of the Entire Automobile

(1)  The day the owned automobile is delivered to a garage for repairs after repairs have been authorized by the named insured and the company and terminating on 12:01 A.M. on the day following completion of repairs or
(2)  The day the loss is reported to the company if the company offers settlement in lieu of repairs and terminating on 12:01 A.M. up to 5 days following the settlement offer.

Theft of the Entire Automobile

The day the theft is reported to the company and the police and terminating on 12:01 A.M. on the day following the company's settlement offer for the theft or, if the automobile is recovered before settlement, terminating on 12:01 A.M. on the day following completion of repair.

(b)  Theft of the entire automobile and any subsequent damage following the theft and before repairs are completed, shall be considered a single loss.  This benefit is not payable for any period that the automobile is in the possession of any insured and is driveable.

**Coverage G — Roadside Assistance Coverage:**

**ROADSIDE ASSISTANCE COVERAGE**

For all vehicles listed in the **declarations** with collision coverage, **we** will provide Roadside Assistance coverage up to a limit of $75 per occurrence, up to a maximum of five (5) occurrences per policy period.  A "disabled vehicle" means a vehicle disabled at a place other than a service station, garage or repair facility, as a result of:
1.  mechanical or electrical breakdown;
2.  battery failure;
3.  insufficient supply of fuel, oil, water, or other fluid;
4.  flat tire;
5.  lock-out; or
6.  entrapment in snow, mud, water, or sand, within 100 feet of a road or highway.
Under this coverage **we** will pay for the following services performed at the place of disablement: towing, locksmith services, jump-start, flat tire, fuel and fluid delivery.
Roadside Assistance Coverage does not apply to:
1.  the cost of purchasing parts, fluids, lubricants, fuel, replacement keys or the labor to make replacement keys;
2.  installation of products or materials not related to the disablement;
3.  labor not related to the disablement;
4.  towing or storage related to impoundment, abandonment, illegal parking or other violations of the law
5.  labor or repair work performed at a service station, garage or repair shop;
6.  disablement that occurs on roads not regularly maintained, sand beaches, open fields, or areas designated as not passable due to construction, weather or earth movement;
7.  auto storage charges;
8.  tire repair;
9.  mounting or removing of snow tires or chains;

**Coverage L - Loan or Lease Gap Coverage**
This coverage shall apply to an automobile listed in the declarations only when a premium is shown for this coverage for that automobile.
If an owned automobile sustains a total loss, the company will pay, in addition to any amounts otherwise payable under Part III, Physical Damage, the difference between:
(1)  the agreed or appraised value of the owned automobile at the time of the total loss; and
(2)  any greater amount the owner of the owned automobile is legally obligated to pay under a written loan or lease agreement to which the owned automobile is subject at the time of the total loss, reduced by any:
(a)  salvage value of the owned automobile after the total loss if the insured retains the salvage;
(b)  overdue payments and the financial penalties associated with those payments:
(c)  excess mileage charges or charges for wear and tear;
(d)  the transfer or roll over of a previous outstanding lease or loan balance from another vehicle to the original lease or loan for the automobile described in the declarations;

(e) collection or repossession expenses;

(f) refunds paid or payable to the insured as a result of the early termination of the lease or loan agreement or, to the extent financed, or any warranty or extended service agreement on the automobile.

However, the company shall not pay more than twenty-five (25%) of the agreed or appraised value of the owned automobile at the time of the total loss.

For purposes of Coverage L:

(1) **Owned automobile** means a private passenger, farm or utility automobile that is:

(a) specifically described in declarations and

(b) covered under both Coverage D -Comprehensive and Coverage E-Collision.

(2) **Total loss** means:

(a) the theft of the owned automobile, if the owned automobile is not recovered within thirty (30) days; or

(b) any other loss to the owned automobile that is payable under Part III-Physical Damage, if the cost to repair the damage to the owned automobile exceeds the agreed or appraised value of the owned automobile at the time of the loss reduced by its salvage value if the insured retains the salvage.

Coverage L shall be excess over any other collectible insurance.

**Supplementary Payments:** In addition to the applicable limit of liability: to reimburse the insured for transportation expenses incurred during the period commencing 48 hours after a theft, covered by this policy, of the entire automobile has been reported to the company and the police, and terminating when the company offers settlement for the theft, provided that the company shall pay no more than twenty dollars per day, up to a maximum of six hundred dollars. This supplementary payment shall not apply if the named insured has purchased Coverage F.

**Definitions:** The definitions of named insured, relative, person, spouse, use, commercial purposes, private passenger automobile, newly acquired automobile, automobile, non-owned automobile, utility automobile, motor vehicle, operator, automobile business, and war in Part I apply to Part III, and Under Part III:

**Insured** means (a) with respect to the owned automobile, the named insured and any relative listed in the declarations and (b) with respect to a non-owned automobile, the named insured and any relative listed in the declarations, provided the actual use thereof is with the permission of the owner.

**Owned Automobile** means:

(a) A motor vehicle listed in the declarations,

(b) a trailer owned by the named insured and listed in the declarations,

(c) a newly acquired automobile.

**Loss** means direct and accidental loss of or damage to the automobile, including its equipment but does not include diminution in value;

**Collision** means collision of an automobile covered by this policy with another object or by upset of such automobile;

**Trailer** means a trailer designed for use with a **private passenger automobile** or **utility automobile**, not being used for business or **commercial purposes**, and not a home, office, store, display or passenger trailer.

**Exclusions:** *This policy does not apply under Part III*

(a) *to any motor vehicle while used for commercial purposes;*

(b) *to loss due to war;*

(c) *to loss to a non-owned automobile arising out of its use in the automobile business;*

(d) *to wear and tear, freezing, mechanical or electrical breakdown or failure, unless such damage results from a theft covered by this policy, nor to faulty workmanship by the insured or a facility chosen by the insured;*

(e) *to tires, unless damaged by fire, malicious mischief or vandalism, or stolen or unless the loss be coincident with and from the same cause as other loss covered by this policy;*

(f) *to loss due to radioactive contamination;*

(g) *under coverage E, to breakage of glass if insurance with respect to such breakage is otherwise afforded;*

(h) *to wearing apparel, personal effects, radar detectors, portable cellular phones, portable navigation systems, tapes, cassettes, compact discs, portable compact disc players, or other media for audio or video reproduction or transmission. This exclusion does not apply to the first $250 of loss caused by a collision;*

(i) *to any expense resulting from the loss of use of a motor vehicle; or to any loss whatsoever to the extent that the expense or loss arises by reason of the unavailability of stock repair parts or repair service in the vicinity of the place where the loss to the motor vehicle occurs or the stolen motor vehicle is recovered;*

(j) *to loss due to theft by any designated person, for whom this policy does not provide coverage for the operation of a motor vehicle;*

(k) **to loss due to the theft by the named insured, an insured, a relative, or any person listed as a driver in the declarations;**

(l) **to loss due to theft of a motor vehicle prior to its delivery to an insured;**

(m) **to loss occurring while a motor vehicle is being operated in any pre-arranged contest or competitive events or on any track or other facility that may be used for such contests or events;**

(n) **to loss resulting from lack of lubricant, or coolant or loss resulting from seepage of water;**

(o) **to loss due to taking or confiscation by any governmental or civil authority, for any purpose, including temporary taking or temporary confiscation;**

(p) **to loss to a camper body, slide on camper, camper shell or van conversion either permanently installed or detachable.  This exclusion shall not apply if such equipment is specifically listed in the declarations;**

(q) **to loss, in an aggregate amount in excess of $1,000 to radios, antennas, tape recorders, tape players, speakers, equalizers, compact disc players and any other equipment used for the reproduction or transmission of sound, unless installed by the vehicle manufacturer. This exclusion shall not apply if such equipment is listed in the declarations;**

(r) **to telephones, non factory installed equipment, television sets, DVD monitors or players, VCRs, spinner wheels, or other optional wheels, winches, two way radios and their antennas, non-standard paint costing more than $400, to loss in excess of $100 per wheel for wheels that are not the type installed by the manufacturer.  This exclusion shall not apply if the equipment or paint is specifically listed in the declarations;**

(s) **to customization or modification of any motor vehicle.  This exclusion shall not apply if the customization or modification is specifically listed in the declarations;**

(t) **to loss resulting from the purchase of any motor vehicle, from any person or organization, other than its rightful owner;**

(u) **to loss due to diminution in value of any motor vehicle repaired under coverages D or E;**

(v) **to loss due to illegal sale, or repossession of a motor vehicle by the rightful owner;**

(w) **to loss due to theft, embezzlement or other unlawful conversion of the owned automobile after custody of said automobile has been entrusted to another party for the purpose of subleasing, leasing or selling said automobile, whether under a consignment agreement or not.  This exclusion will apply whether the theft, embezzlement or unlawful conversion of the automobile was committed by the person to whom the vehicle was entrusted or by any other person;**

(x) **to any obligation assumed by the insured, registered owner or legal owner, for any  of the following costs: (1) estimating fees, (2) teardown charges, (3) handling fees, (4) negotiating charges, (5) administrative fees, (6) higher than reasonable (for the area) storage or towing fees or (7) any other charges which are not part of the necessary cost of repairing the vehicle, (8) storage charges from a repair or towing facility, after the vehicle has been deemed a total loss and the Insured has been notified by the Company to release the vehicle to a non-charging storage facility;**

(y) **to loss caused intentionally by or at the direction of any insured.**

---

## PART III — PHYSICAL DAMAGE—CONDITIONS

---

**1. Named Insured's Duties When Loss Occurs—Coverages D, E and L:** When loss occurs the named insured shall:

(a) protect the automobile, whether or not the loss is covered by this policy, and any further loss due to the named insured's failure to protect shall not be recoverable under this policy, reasonable expense incurred in affording such protection shall be deemed incurred at  the company's request;

(b) give notice thereof **within twenty-one days** to the company and also, in event of thefts, larceny, robbery, or pilferage, to the police but shall not, except at his own cost, offer to pay any reward for recovery of the automobile.

(c) file proof of loss with the company within sixty days after the occurrence of loss, unless such time is extended in writing by the company, in the form of a sworn statement of the named insured setting forth the interest of the named insured and of all others in the property affected, any encumbrances thereon, the actual cash value thereof at time of loss, the amount, place, time and cause of such loss, the amount of rental or other expense for which reimbursement is provided under this policy, together with original receipts therefore, and the description and amounts of all other insurance covering such property.

Upon the company's request, the named insured shall exhibit the damaged property to the company and submit to examinations under oath by anyone designated by the company, subscribe the same and produce for the company's examination all pertinent records and sales invoices, or certified copies if originals be lost, permitting copies thereof to be made, all at such reasonable times and places as the company shall designate.

**2.  Appraisal—Coverages D, E and L:** If the named insured (or his chosen repair facility) and the company fail to agree as to the amount, cause, or extent of the loss, each shall, on the written demand of either, select a practicing and qualified motor vehicle repair appraiser.  The appraisers shall first select an umpire, and failing for fifteen (15) days to agree upon such umpire, then, on request by the named insured or the company, such umpire shall be selected by a judge of a court of record in the county and state in which such appraisal is pending.  The appraisers shall then appraise the loss at a reasonable time and place, stating separately the actual cash value at the time of loss, or as requested, the amount, cause, or extent of the loss, and failing to agree shall submit their differences to the umpire.  An award in writing of any two shall determine the amount of the loss and shall be binding on all parties concerned.

The company shall not be held liable for any loss or damages unless the company has had reasonable opportunity to inspect the damaged vehicle prior to the commencement of repairs, and in the event of disagreement, a reasonable opportunity to initiate appraisal proceedings.

The named insured and the company shall each pay their chosen appraiser and shall bear equally the other expenses of the appraisal and umpire, unless the award is equal to or greater than the last demand made by the named insured, in which case the company shall pay all reasonable costs of appraisal but the company will not be responsible for attorney fees.

The company shall not be held to have waived any of its rights by any act relating to appraisal.

**3.  Limit of Liability; Settlement Options; Coverages D and E:** The company's liability shall not exceed the lesser cost of the following options (1) repair or replace the motor vehicle or any part thereof, using original or non-original equipment manufactured parts, with deduction for depreciation or (2) pay,  the agreed or appraised value of the motor vehicle or part thereof and, at its option, take possession of the motor vehicle or part thereof but there shall be no abandonment to the company or (3) return any stolen property with payment for any resultant damage at any time before the loss is paid.

The agreed or appraised value of a motor vehicle shall include special equipment specifically listed in the declarations, up to a maximum of the amount(s) listed in the declarations.

The limit of liability for any non owned trailer is $1,000.

**4.  Automatic Reinstatement—Coverages D, E and L:** When the automobile is damaged, whether or not such damage is covered under this policy, the liability of the company shall be reduced by the amount of such damage until repairs have been completed, but shall then attach as originally written without additional premium.

**5.  Payment for Loss; Action Against Company—Coverages D, E and L:** Payment for loss may not be required nor shall action lie against the company unless, as a condition precedent thereto, the named insured shall have fully complied with all the terms of this policy nor until thirty days after proof of loss is filed and the amount of loss is determined as provided in this policy.  **No suit or action on this policy shall be sustainable in any court of law or equity unless commenced within twelve (12) months following the loss.**

**6.  Loss Payable Clause—Coverages D, E and L:** The insured agrees to reimburse the company for any payment made by the company which it would not have been obligated to make under the terms of this policy except for the existence of such loss payable clause.

**7.  No Benefit to Bailee — Coverages D, E and L:**  The insurance afforded by this policy shall not insure directly or indirectly to the benefit of any carrier or bailee for loss to the automobile.

## PART IV — UNINSURED MOTORISTS COVERAGE - UNDERINSURED MOTORISTS COVERAGE

**Coverage H — Damages for Bodily Injury Caused by Uninsured Motor Vehicles:** To pay all sums which the insured or his legal representative shall be legally entitled to recover as damages from the owner, or operator of an uninsured motor vehicle because of bodily injury, sustained by an insured, caused by accident and arising out of the ownership, maintenance or use of such uninsured motor vehicles, provided, for the purpose of this coverage, determination as to whether the insured or such representative is legally entitled to recover such damages, and if so the amount thereof, shall be made by agreement, between the insured or such representative and the company or, if they fail to agree, by arbitration.

The insurance applies separately with respect to each insured, but neither this provision nor application of the insurance to more than one insured shall operate to increase the limits of the company's liability.

**Definitions:**

**Insured**

(a) If the named insured is an entity other than an individual, the unqualified word insured means:

any person while in or upon or entering into or alighting from an insured motor vehicle and any person with respect to damages he or she is entitled to recover for care or loss of services because of bodily injury to which this policy's provisions apply.

(b) If the named insured is an individual, the unqualified word insured means:

the named insured and the spouse of the named insured and, while residents of the same household, relatives of either, while occupants of a motor vehicle or otherwise, heirs and any other person while in or upon or entering into or alighting from an insured motor vehicle, and any person with respect to damages he or she is entitled to recover for care or loss of services because of bodily injury to which this policy's provisions or endorsement apply.

**Individual:** As used in this part, the word "individual" shall not include a person doing business as a corporation, partnership, or association.

**Newly Acquired Automobile:** The definition in Part I applies.

**Automobile:** The definition in Part I applies.

**Bodily Injury:** The definition in Part I applies.

**Use:** The definition in Part I applies.

**Motor Vehicle:** The definition in Part I applies — except as may be otherwise provided in this part (See Exclusion (f) below).

**Spouse:** The definition in Part I applies.

**Terms:** Includes the provision of coverage, exclusions, restrictions, conditions, deductions and limits.

**Operator:** The definition in Part I applies.

**Insured Motor Vehicle** means:

(a) a motor vehicle listed in the declarations, or a newly acquired automobile, if the motor vehicle is used by the named insured or with his or her permission or consent, express or implied;

(b) any other automobile not owned by, or furnished for the regular use of, the named insured or any resident of the same household, or by a natural person or persons for whom coverage has been deleted, while being operated by the named insured or his or her spouse if a resident of the same household.

**Uninsured Motor Vehicle** means:

(a) a motor vehicle with respect to the ownership, maintenance or use of which there is no bodily injury liability insurance or bond applicable at the time of the accident, or there is such applicable insurance or bond but the company writing the same denies coverage thereunder or refuses to admit coverage thereunder except conditionally or with reservation;

(b) an "underinsured motor vehicle";

(c) an insured motor vehicle where the liability insurer thereof is unable to make payment with respect to the legal liability of its insured within the limits specified therein, because of insolvency within one year of the accident;

(d) a motor vehicle used without the permission of the owner thereof if there is no bodily injury liability insurance or bond applicable at the time of the accident with respect to the owner or operator thereof;

(e) a motor vehicle whose owner or operator is unknown.

**Exclusions:  The term Uninsured Motor Vehicle shall not include:**

(a) **a motor vehicle owned or operated by the named insured or any resident of the same household;**

(b) **a motor vehicle self-insured within the meaning of the Financial Responsibility Law of the state in which the motor vehicle is registered;**

(c) **a land motor vehicle or trailer while located for use as a residence or premises and not as a vehicle;**

(d) **any equipment or vehicle designed or modified for use primarily off public roads, except while actually on public roads.**

(e) **any motor vehicle while used as a public or livery conveyance.**

**Underinsured Motor Vehicle** means a motor vehicle that is insured under a motor vehicle liability policy, or automobile liability policy, self insured or for which a cash deposit or bond has been posted to satisfy a financial responsibility law but insured for an amount that is less than the uninsured motorists limits provided by this policy.

**A Motor Vehicle whose Owner or Operator is Unknown** means a motor vehicle which causes bodily injury to an insured provided:

(a) the bodily injury has arisen out of physical contact of the automobile with the insured or with an automobile which the insured is occupying;

(b) the insured or someone on his or her behalf shall have reported the accident within 24 hours to the police department of the city where the accident occurred or, if the accident occurred in unincorporated territory then either the sheriff of the county where the accident occurred or the local headquarters of the California Highway Patrol, and shall have filed with the company within 30 days thereafter a statement under oath that the insured or his legal representative has a cause or causes of action arising out of such accident for damages against a person or persons whose identity is unascertainable, and setting forth the facts in support thereof;

(c) At the company's request, the insured or his legal representative makes available for inspection the motor vehicle the insured was occupying at the time of the accident.

**Occupying** The word occupying means in or upon or entering into or alighting from.

**State** The word state includes the District of Columbia, a territory or possession of the United States and a province of Canada.

**Exclusions:** *This policy does not apply, under Part IV, either as primary or excess coverage:*

(a) **to property damage sustained by the insured;**

(b) **to bodily injury of the insured while in or upon or while entering into or alighting from a motor vehicle other than the described motor vehicle if the owner thereof has insurance similar to that provided in this part;**

(c) **to bodily injury of the insured with respect to which the insured or his or her representative shall, without the written consent of the company, make any settlement with or prosecute to judgment any action against any person who may be legally liable therefor;**

(d) **in any instance where it would inure directly or indirectly to the benefit of any workers' compensation carrier or to any person qualified as a self-insurer under any workers' compensation law, or directly to the benefit of the United States, or any state or any political subdivision thereof;**

(e) **to establish proof of financial responsibility as provided in subdivision (a), (b), and (c) of Section 16054 of the Vehicle Code;**

(f) **to bodily injury of the insured while occupying a motor vehicle owned by an insured or leased to an insured under a written contract for a period of six months or longer, unless the occupied vehicle is an insured motor vehicle. "Motor vehicle" as used in this paragraph means any self-propelled vehicle;**

(g) **to bodily injury of the insured when struck by a vehicle owned by an insured, except when the injured insured's vehicle is being operated, or caused to be operated, by a person without the injured insured's consent in connection with criminal activity that has been documented in a police report and to which the injured insured is not a party.**

(h) **to bodily injury of the insured while occupying a motor vehicle rented or leased to the insured for public or livery purposes.**

## PART IV—CONDITIONS

**1. Policy Provisions:** None of the Insuring Agreements, or General Conditions of the policy shall apply to the insurance afforded by this coverage except the General Conditions, Coverage for Newly Acquired Automobiles, Coverage for Non-Owned Automobiles, Changes, Assignment, Cancellation, Declarations and Policy Period, Territory.

**2. Proof of Claim; Medical Reports:** When requested the insured or other person making claim shall give to the company written proof of claim, under oath if required, including full particulars of the nature and extent of the injuries, treatment and other details entering into the determination of the amount payable hereunder. The insured and every other person making claim hereunder shall submit to examinations under oath by any person named by the company and subscribe the same, as often as may reasonably be required. Proof of claim shall be made upon forms furnished by the company unless the company shall have failed to furnish such forms within 15 days after receiving notice of claim.

The insured shall submit to physical examinations by physicians selected by the company when and as often as the company may reasonably require and he, or in the event of his incapacity his legal representative or in the event of his death his legal representative or other person or persons entitled to sue therefore, shall upon each request from the company execute authorization to enable the company to obtain medical reports and copies of records.

**3.  Notice of Legal Action:** If, before the company makes payment of loss hereunder, the insured or his legal representative shall institute any legal action for bodily injury against any person or organization legally responsible for the use of a motor vehicle involved in the accident, a copy of the summons and complaint or other process served in connection with such legal action shall be forwarded immediately to the company by the insured or his legal representative.

**4.  Limits of Liability:**

(a) The limit of liability stated in the declarations as applicable to "each person" is the limit of the company's liability for all damages arising out of bodily injury sustained by one person in any one accident, and subject to this provision, the limit of liability stated in the declarations as applicable to "each accident" is the total limit of the company's liability for all such damages for bodily injury sustained by two or more persons in any one accident. **For the purposes of this provision, the "bodily injury sustained by any one person" as used herein, shall be deemed to include all injury and damages for care, loss of services, loss of consortium and injury to any interpersonal relationship sustained by others as a consequence of such bodily injury.**

(b) **any loss payable under the terms of this coverage to or for any person shall be reduced:**

   (1) **by the amount paid and the present value of all amounts payable to him or her, his or her executor, administrator, heirs, or legal representative under any workers' compensation law, exclusive of non-occupational disability benefits.**

   (2) **by the amount the insured is entitled to recover from any other person insured under the underlying liability insurance policy of which the uninsured motorist endorsement or coverage is a part, including any amount tendered to the insured as advance payment on behalf of such person by the insurer providing the underlying liability insurance.**

(c) **If the insured has valid and collectible automobile medical payment insurance available to him or her, the damages which the insured shall be entitled to recover from the owner or operator of an uninsured motor vehicle shall be reduced for purposes of uninsured motorist coverage by the amounts paid or due to be paid under the automobile medical payment insurance.**

(d) **Regardless of the number of vehicles involved whether insured or not, persons covered, claims made, premiums paid or the number of premiums shown on the policy, in no event shall the limit of liability for two or more motor vehicles or two or more policies be added together, combined, or stacked to determine the limit of insurance coverage available to injured persons.**

**5.  Other Insurance:** *With respect to bodily injury to any insured occupying a motor vehicle other than an owned motor vehicle to which the Bodily Injury Liability coverage applies, the insurance hereunder shall not apply if the owner of such motor vehicle has insurance similar to that provided herein.*

*Subject to exclusion (b), if the insured has insurance available to the insured under more than one uninsured motorist coverage provision, any damages shall not be deemed to exceed the higher of the applicable limits of the respective coverages and such damages shall be prorated between the applicable coverages as the limit of each coverage bears to the total of such limits.*

**6.  Arbitration:** The determination as to whether the insured shall be legally entitled to recover damages, and if so entitled, the amount thereof, shall be made by agreement between the insured and the company or, in the event of disagreement, by arbitration. The arbitration shall be conducted by a single neutral arbitrator. If the company and the insured are unable to agree on an arbitrator then each shall select an arbitrator of his choice. The arbitrators so selected shall agree on a single neutral arbitrator. An award or a judgment confirming an award shall not be conclusive on any party in any action or proceeding between:

(a) the insured, his insurer, his legal representatives, or his heirs and

(b) the uninsured motorist to recover damages arising out of the accident upon which the award is based.

**7.  Trust Agreement:** In the event of payment to any person under this coverage:

(a) the company shall be entitled to the extent of such payment to the proceeds of any settlement or judgment that may result from the exercise of any rights of recovery of such person against any person or organization legally responsible for the bodily injury because of which such payment is made;

(b) such person shall hold in trust for the benefit of the company all rights of recovery which he shall have against such other person or organization because of the damages which are the subject of claim made under this coverage;

(c) such person shall do whatever is proper to secure and shall do nothing after loss to prejudice such rights;

(d) if requested in writing by the company, such person shall take, through any representative designated by the company, such action as may be necessary or appropriate to recover such payment as damages from such other person or organization, such action to be taken in the name of such person; in the event of a recovery, the company shall be reimbursed out of such recovery for expenses, costs and attorney's fees incurred by it in connection therewith;

(e) such person shall execute and deliver to the company such instruments and papers as may be appropriate to secure the rights and obligations of such person and the company established by this provision.

**8. Underinsured Motor Vehicle:** This condition applies only when bodily injury is caused by an underinsured motor vehicle.

(a) This coverage does not apply to any bodily injury until the limits of the bodily injury liability policies applicable to all insured motor vehicles causing the injury have been exhausted by payment of judgments or settlements, and proof of such is submitted to the company.

(b) When bodily injury is caused by one or more motor vehicles, whether insured, underinsured, or uninsured, the maximum liability of the company shall not exceed the insured's underinsured motorist coverage limits, less the amount paid to the insured by or for any person or organization that may be held legally liable for the injury.

(c) The company, when paying a claim shall, to the extent of such payment, be entitled to reimbursement or credit in the amount received by the insured from the owner or operator of the underinsured motor vehicle or the insurer of such owner or operator.

(d) If the insured brings an action against the owner or operator of an underinsured motor vehicle, he or she shall forthwith give to the company a copy of the complaint by personal service or certified mail. All pleadings and depositions shall be made available for copying or copies furnished the company, at the company's expense, within a reasonable time.

**9. Payment of Loss by the Company:** Any amount due hereunder is payable (a) to the insured, or (b) if the insured be a minor to his parent or guardian, or (c) if the insured be deceased to his surviving spouse, otherwise (d) to a person authorized by law to receive such payment or to a person legally entitled to recover the damages which the payment represents; provided, the company may at its option pay any amount due hereunder in accordance with division (d) hereof.

**10. Action Against Company:** No action shall lie against the company unless, as a condition precedent thereto, the insured or his legal representative has fully complied with all the terms of this coverage nor unless within two years from the date of the accident:

(a) suit for bodily injury has been filed against the uninsured motorist, in a court of competent jurisdiction and notice of such suit has been given the company, or

(b) agreement as to the amount due under this coverage has been concluded, or

(c) the insured or his representative has formally instituted arbitration proceedings by notifying the company in writing sent by certified mail, return receipt requested.

---

### PART V—UNINSURED MOTORISTS PROPERTY DAMAGE COVERAGE
### UNINSURED MOTORISTS COLLISION DEDUCTIBLE WAIVER

---

The company will pay the amount the named insured is legally entitled to recover from the owner or operator of an uninsured motor vehicle because of damage to an insured motor vehicle caused by collision with an uninsured motor vehicle. Payment is subject to all of the following provisions:

(a) Payment shall be made only when the collision involves actual, direct physical contact between the insured and the uninsured motor vehicle and

(b) the owner or operator of the uninsured vehicle is identified or the uninsured motor vehicle is identified by its license numbers, and

(c) the insured or someone on his or her behalf shall have reported the accident within ten business days to this company or its agent and,

(d) that it is determined by the insured and the company or, in the event of disagreement, by arbitration conducted by a single neutral arbitrator, that the insured is legally entitled to recover the amount of such payments for property damage from the owner or operator of the uninsured motor vehicle.

**Coverage I —Damage to Vehicle With Collision Coverage:** The company's liability will be limited to the amount of the collision deductible.

**Coverage J —Damage to Vehicles Without Collision Coverage:** The company's liability will be limited to $3750. The company will not pay for damage to personal property in the vehicle and will not pay for loss of use of the motor vehicle.

**Definitions:** The term **Insured Motor Vehicle** means the motor vehicle described in the policy. The term **Uninsured Motor Vehicle** means:

(a) any motor vehicle with respect to the ownership, maintenance, or use of which there is no property damage liability insurance or bond applicable at the time of the accident, or there is applicable insurance or bond by the company writing the insurance or bond denies coverage thereunder, except conditionally or with reservation;

(b) a motor vehicle used without permission of the owner thereof if there is no property damage liability insurance or bond applicable at the time of the accident with respect to the owner or operator thereof;

(c) an insured motor vehicle where the liability insurer thereof is unable to make payment with respect to the legal liability of its insured within the limits specified therein because of insolvency within one year of the accident.

**Exclusions:** The term **Uninsured Motor Vehicle** shall not include:

(a) a motor vehicle owned or operated by any insured or any resident of the named insured's household;

(b) a motor vehicle self-insured within the meaning of the financial provisions of the state in which the motor vehicle is registered;

(c) a motor vehicle which has at least the minimum property damage liability limits required pursuant to Section 16056 of the Vehicle Code even when the property damage liability limits are not sufficient to compensate for all property damage caused by the owner or operator of the vehicle;

(d) a land motor vehicle or trailer on rails or crawler treads or while located for use as a residence or premises and not as a vehicle;

(e) a farm-type tractor or equipment designed for use principally off public roads, except while actually upon public roads.

The definition of **named insured**, **motor vehicle** and **operator** in Part I apply to Part V.

## PART V — CONDITIONS

**1. Policy Provisions:** None of the Insuring Agreements or General Conditions of the policy shall apply to the insurance afforded by this coverage except the Conditions, Subrogation, Changes, Assignment, Cancellation, Declarations and Policy Period Territory.

**2. Notice of Legal Action:** If, before the company makes payment of loss hereunder, the insured or his legal representative shall institute any legal action for property damage against any person or organization legally responsible for the use of a motor vehicle involved in the accident, a copy of the summons and complaint or other process served in connection with such legal action shall be forwarded immediately to the company by the insured or his legal representative.

**3. Arbitration:** The determination as to whether the insured shall be legally entitled to recover damages, and if so entitled, the amount thereof, shall be made by agreement between the insured and the company or, in the event of disagreement, by arbitration. The arbitration shall be conducted by a single neutral arbitrator. If the company and the insured are unable to agree on an arbitrator then each shall select an arbitrator of his choice. The arbitrators so selected upon shall agree on a single neutral arbitrator.

**4. Trust Agreement:** In the event of payment to any person under this coverage:

(a) The company shall be entitled to the extent of such payment to the proceeds of any settlement or judgment that may result from the exercise of any rights of recovery of such person against any person or organization legally responsible for the property damage because of which such payment is made;

(b) such person shall hold in trust for the benefit of the company all rights of recovery which he shall have against such other person or organization because of the damages which are the subject of claim made under this coverage;

(c) such person shall do whatever is proper to secure and shall do nothing after loss to prejudice such rights;

(d) if requested in writing by the company, such person shall take, through any representative designated by the company, such action as may be necessary or appropriate to recover such payment as damages from such other person or organization, such action to be taken in the name of such person; in the event of a recovery, the company shall be reimbursed out of such recovery for expenses, costs and attorney's fees incurred by it in connection therewith;

(e) such person shall execute and deliver to the company such instruments and papers as may be appropriate to secure the rights and obligations of such person and the company established by this provision.

**5. Action Against Company:** No action shall lie against the company unless, as a condition precedent thereto, the insured or his legal representative has fully complied with all the terms of this coverage nor unless within one year from the date of the accident:

(a) suit for property damage has been filed against the uninsured motorist in a court of competent jurisdiction, or

(b) agreement as to the amount due under this coverage has been concluded, or

(c) the insured or his representative has formally instituted arbitration proceedings.

**6.** If the insured has other similar insurance available to him, any damages shall be deemed not to exceed the higher of the applicable limits of the respective coverages and such damages shall be pro-rated between such coverages in such proportion as each coverage bears to the total of such limits.

**7. Named Insured's Duties When Loss Occurs:** When loss occurs, the named insured shall:

(a) protect the automobile, whether or not the loss is covered by this policy and any further loss due to the named insured's failure to protect shall not be recoverable under this policy, reasonable expense incurred in affording such protection shall be deemed incurred at the company's request;

(b) give notice thereof within ten business days to the company;

(c) file proof of loss with the company within sixty days after the occurrence of loss, unless such time is extended in writing by the company, in the form of a sworn statement of the named insured setting forth the interest of the named insured, and of all others in the property affected, any encumbrances thereon, the actual cash value thereof at time of loss, the amount, place, time and cause of such loss, together with original receipts therefore, and the description and amounts of all other insurance covering such property.

Upon the company's request, the named insured shall exhibit the damaged property to the company and submit to examinations under oath by anyone designated by the company, subscribe the same and produce for the company's examination all pertinent records and sales invoices or certified copies if originals be lost, permitting copies thereof to be made, all at such reasonable times and places as the company shall designate.

**8. Limit of Liability; Settlement Options; No Abandonment:** The limit of the company's liability for loss shall not exceed the lower of (1) the actual cash value of the automobile, or if the loss is a part thereof the actual cash value of such part, at time of loss or (2) what it would then cost to repair or replace the automobile or such part thereof with other of like kind and quality, with deduction for depreciation, or (3) $3750, or (4) the amount of the collision deductible. The company may pay for the loss in money or may repair or replace the automobile or such part thereof, as aforesaid, or may take all or such part of the automobile at the agreed or appraised value but there shall be no abandonment to the company.

**9. Other Insurance:** If this policy insures a motor vehicle under Coverage J and the motor vehicle is also insured for collision coverage by another policy, issued by this company or any other insurer, this company's limit of liability shall be limited to the lower of

(1) $3750 or

(2) the collision deductible

**The following conditions apply only to the coverage designated. If no coverages are designated, the condition applies to all coverages.**

## GENERAL POLICY CONDITIONS

**1. Notice of Accident—Coverages A, B, C, D, E, F, H and L.:** Unless otherwise provided in this policy, when an accident or loss occurs written notice shall be given by the insured to the company *within twenty-one days.* Such notice shall contain particulars sufficient to identify the insured and also reasonably obtainable information respecting time, place and circumstances of the accident or loss, the names and addresses of the injured and of available witnesses.

**2. Subrogation — Coverages A, B, C, D, E, F, I, J and L:** In the event of any payment under this policy, the company shall be subrogated to all the insured's rights of recovery therefor against any person or organization and the insured shall execute and deliver instruments and papers and do whatever else is necessary to secure such rights. The insured shall do nothing after loss to prejudice such rights.

**3. Other Insurance — Coverages A, B, C, D, and E:** If this policy, and any other policy providing similar insurance, apply to the same accident or loss, the company will pay its share. The company's share will be the proportion that this policy's limit of liability bears to the total of all applicable limits. The maximum limit of liability under all the policies shall be the highest applicable limit of liability provided by any one policy. Coverages D and E shall apply on an excess basis to an owned automobile, provided the owner of the automobile or the named insured consents. With respect to a non-owned automobile, this policy shall be excess over any other insurance, bond, certificate of self-insurance or deposit of cash that applies to the same accident or loss.

**4. Coverage For Newly Acquired Automobile:** If this policy insures two or more motor vehicles and the coverages, deductibles and limits of liability are not the same for each vehicle, then the coverages, deductibles and limits of liability applicable to the newly acquired automobile will be:

(a) If the newly acquired automobile replaces a motor vehicle listed in the policy declarations, the coverages, deductibles and limits of liability will be those provided for the replaced vehicle.

(b) If the newly acquired automobile is an additional automobile, the coverages, deductible and limits of liability will be those provided for any single automobile listed in the policy declarations. The named insured may choose the applicable listed automobile.

If this policy insures only one motor vehicle, the coverages, deductibles and limits of liability applicable to the newly acquired automobile will be those provided for the automobile listed in the policy declarations except that Coverage L is not afforded for newly acquired automobiles.

**5. Coverage For Non-Owned Automobiles:** If this policy insures two or more motor vehicles and the coverages, deductibles and limits of liability are not the same for each vehicle, then the coverages, deductibles and limits applicable to the non-owned automobile will be determined as in 4(b) above except that Coverage D and L are not afforded for non-owned automobiles.

If this policy insures only one motor vehicle, the coverages, deductibles and limits of liability applicable to a non owned automobile will be those provided for the automobile listed in the policy declarations except that Coverage D and L are not afforded for non-owned automobiles.

**6. Changes:** Notice to any agent or knowledge possessed by any agent or by any other person shall not effect a waiver or a change in any part of this policy or stop the company from asserting any right under the terms of this policy; nor shall the terms of this policy be waived or changed except by endorsement issued by the company to form a part of this policy. Any change to this policy requested by the insured and agreed to by the Company shall be subject to a $5 endorsement fee. This fee is subject to change without notice. If an amendment or endorsement removing or reducing coverage under the policy results in an unearned premium credit, the Company may apply that credit to the balance owed on the policy as a whole, rather than tendering a refund of the unearned premium, unless the unearned premium is assigned as security to a premium finance company.

**7. Assignment:** Assignment of interest under this policy shall not bind the company until its consent is endorsed hereon; if, however, the named insured shall die, this policy shall cover (1) the named insured's spouse, if a resident of the same household at the time of such death, and legal representative as named insureds, and (2) under coverages A and B, subject otherwise to the provisions of Part I — Persons Insured, any person having proper temporary custody of the automobile, as an insured, and Coverage C while the automobile is used by such person, until the appointment and qualification of such legal representative, provided that notice of cancellation addressed to the named insured and mailed to the address shown in this policy shall be sufficient notice to effect cancellation of this policy.

**8. Cancellation:** This policy may be canceled by the named insured by mailing a written request for cancellation to the company or its agent. Coverage shall cease and the policy period shall end on the latest date listed below:

(1) 12:01 A.M. of the day specified by the named insured in the request for cancellation.

(2) 12:01 A.M. on the day following receipt by the Company.

This policy may be canceled by the company by mailing to the named insured, at the address shown in the policy, a written notice stating when, not less than 10 days thereafter, such cancellation shall be effective. The mailing of the notice shall be sufficient proof of notice.

Delivery of such written notice or request for cancellation by either the named insured or the company shall be the equivalent of mailing.

If this policy is cancelled by the company for underwriting reasons, the earned premium shall be computed pro rata. If cancellation is for any other reason including cancellation for non-payment of premium, the earned premium shall be computed in accordance with the short rate table of the company. Premium adjustment may be made as soon as practicable after cancellation becomes effective, but payment or tender of unearned premium is not a condition of cancellation or cessation of coverage. **All policy fees are fully earned as soon as coverage goes into effect.**

**9. Automatic Termination:** Any similar insurance provided by this policy will terminate (a) if, at any time, **the named insured** obtains other insurance on an owned automobile, on the effective date of the other insurance; or (b) **if the company** offers to renew or continue and **the named insured** or **his or her** representative does not accept, at the end of the current policy period, if paid for, or any other period that is paid for prior to the end of the current policy period. Failure to pay the required renewal or continuation premium when due shall mean that the offer to renew has not been accepted.

**10. Declarations:** By acceptance of this policy the named insured agrees that the statements in the declarations (and the copy of the application if attached hereto) are his agreements and representations, that this policy is issued in reliance upon the truth of such representations and that this policy embodies all agreements existing between himself and the company or any of its agents relating to this insurance.

**11. Policy Period, Territory:** *This insurance applies only to loss to a motor vehicle insured hereunder and accidents which occur during the policy period in the United States of America, its territories or possessions, or Canada, or while such vehicle is being transported between ports thereof.*

*This insurance also applies under Parts II and III to such accidents and loss in Mexico within 50 miles of the United States boundary. Loss in Mexico Under Part III shall be determined upon the basis of cost at the nearest United States point.*

**12. Choice of Law:** All legal disputes concerning this policy shall be governed exclusively by California law.

# GROUNDS FOR VALID NOTICE
# OF CANCELLATION AND NONRENEWAL

A notice of cancellation or nonrenewal of a policy shall be effective only if it is based on one or more of the following reasons:

(1) Non payment of premium; or
(2) Fraud or material misrepresentation affecting the policy or insured; or
(3) A substantial increase in the hazard insured against.

# GROUNDS FOR PREMIUM INCREASE

(1) Accident involvement by an insured, and whether the insured is at fault in the accident.
(2) A change in, or an addition, of, an insured vehicle.
(3) A change in, or addition of, an insured under the policy.
(4) A change in the location of garaging of an insured vehicle.
(5) A change in the use of the insured vehicle.
(6) Convictions for violating any provision of the Vehicle Code or the Penal Code relating to the operation of a motor vehicle.
(7) The payment made by an insurer due to a claim filed by an insured or a third party.

Some premium increases may result from reasons that are not specified above that are both lawful and not unfairly discriminatory.

Secretary                          President

18

SPECIMEN