# Exhibit 1

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | |
|---|---|
| IN RE: AUTOMOTIVE PARTS ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>ALL END-PAYOR ACTIONS | Master File No. 12-md-02311<br><br>Hon. Sean F. Cox<br>Mag. Judge R. Steven Whalen |

### **DECLARATION OF JEFFREY N. LEIBELL**

I, Jeffrey N. Leibell, declare:

1. I am Chief Legal and Financial Officer of Financial Recovery Services, LLC d/b/a Financial Recovery Strategies ("FRS"). In that capacity, my responsibilities include handling legal matters.

2. I submit this declaration in support of FRS's Motion to Intervene. This declaration is based on my personal knowledge of FRS's and its clients' claims, as well as the relevant documents and communications.

3. Various automobile insurers ("Insurers") have retained FRS to file and manage their claims in the End-Payor Settlements of the multi-district litigation captioned above. Certain Insurers have assigned to FRS a contingent right to recover proceeds in connection with each claim it files on their behalf.

4. The Insurers, as subrogees, have many thousands of claims relating to vehicles covered by the End-Payor Settlements because Insurers made indemnity payments to End-Payor class members for eligible vehicles deemed total losses during class periods spanning 23 years. Collecting and submitting data about such a large volume of vehicles would be extremely complex, burdensome, and expensive for FRS and the Insurers.

5. On behalf of FRS and the Insurers, I met and conferred by telephone with counsel for the End-Payor Plaintiffs, Marc Seltzer and William V. Reiss, on January 24, 2019. On January 14, 2019, in anticipation of that call, Robin Niemiec, FRS's Chief Operating Officer, sent to Mr. Reiss a research memorandum that FRS prepared concerning the subrogation issue. Ex. D.

6. During that call, class counsel disagreed with FRS that the Insurers may recover from the End-Payor Settlements as subrogees, and class counsel referred FRS to legal authority they believed supported their position. FRS and class counsel also discussed potential mechanisms for bringing the legal issue regarding subrogation to the attention of the Court in the event that FRS and class counsel continued to disagree. Class counsel suggested that the Insurers should file claims, wait for them to be rejected, and then appeal that rejection to the Court. In response, I explained why it would not be practical to submit claims for many thousands of total loss vehicles before resolving the threshold legal question

2

whether such claims would be permitted. In the interest of avoiding litigation, we agreed to discuss the matter further at a later point.

7. In November 2019, after the further exchange of correspondence on the issue, FRS and class counsel, having reached an impasse on the legal validity of the Insurers' claims, agreed to a schedule for submission of the legal issue to the Court. Based on that agreement, I did not believe that formal intervention was necessary.

8. On December 13, 2019, FRS submitted its letter brief to the Honorable Marianne O. Battani requesting a declaration that the Insurers have a right to recover as subrogees from the End-Payor Settlements. And FRS submitted its reply letter brief in support of its request on January 30, 2020.

9. FRS submitted to the Settlement Administrator proofs of claim on behalf of the Insurers on the following dates:

| | |
|---|---|
| American International Group, Inc. (AIG) | 05/04/18 |
| MAPFRE USA Corp. | 10/01/18 |
| W.R. Berkley Corp. | 10/01/18 |
| Utica Mutual Insurance | 10/01/18 |
| Mercury Insurance Services | 11/27/19 |
| Liberty Mutual Holding Company | 12/05/19 |
| Selective Insurance | 03/12/20 |

3

The claims for MAPFRE, AIG and Mercury were updated on March 16, 2020, and June 16, 2020, to provide claim information for fleet vehicles, *i.e.*, new vehicles that those Insurers purchased or leased directly. CSAA Insurance Group, which has engaged FRS in connection with submitting claims for total loss vehicles, previously submitted its own proof of claim to recover for its fleet vehicles.

10. By letter dated March 9, 2020, FRS supplemented the claims of six Insurers by notifying the Settlement Administrator that, should the Court grant FRS's request to recognize the Insurers as subrogees entitled to recover from the End-Payor Settlements, FRS would further supplement the claims. In that letter, which was also sent to class counsel, FRS asked the Claims Administrator to "advise FRS immediately" if it has "any objection" the supplementation process proposed by FRS. Ex. H at 1-3. Neither the Settlement Administrator nor class counsel has ever advised FRS of any objection to the supplementation process proposed in FRS's March 9 letter.

11. By email dated June 18, 2020, FRS supplemented the proofs of claim previously submitted by two Insurers that had retained FRS after March 9, 2020. Ex. I.

12. Attached as **Exhibit A** is a true and correct copy of FRS's letter brief to the Honorable Marianne O. Battani, submitted December 13, 2019.

13. Attached as **Exhibit B** is a true and correct copy of FRS's reply letter brief to the Honorable Marianne O. Battani, submitted January 30, 2020.

14. Attached as **Exhibit C** is a true and correct copy of an email from Robin Niemiec to Adam J. Zapala, Marc M. Seltzer, and Hollis Salzman, copying me, dated November 14, 2018.

15. Attached as **Exhibit D** is a true and correct copy of an email from Robin Niemiec to William V. Reiss, copying me and attaching an FRS research memorandum, dated January 14, 2019.

16. Attached as **Exhibit E** is a true and correct copy of an email from me to Marc M. Seltzer and William V. Reiss, copying Robin Niemiec, attaching a draft letter brief from FRS to the Honorable Marianne O. Battani, dated October 24, 2019.

17. Attached as **Exhibit F** is a true and correct copy of an email from Chanler A. Langham to me, copying Adam Zapala, Hollis Salzman, and Marc Seltzer and attaching a letter from Adam J. Zapala, Hollis Salzman, and Marc M. Seltzer to me, dated November 2, 2019.

18. Attached as **Exhibit G** is a true and correct copy of an email from Chanler A. Langham to me, Adam Zapala, Hollis Salzman, Marc Seltzer, and Richard A. Wojtczak, copying Robin Niemiec, attaching a proposed stipulation, dated November 26, 2019.

5

19. Attached as **Exhibit H** is a true and correct copy of an email from me to Chanler Langham, copying Marc Seltzer, Hollis Salzman, Adam Zapala, and Robin Niemiec, attaching a copy of a letter from me to GCG, the Settlement Administrator, dated March 10, 2020.

20. Attached as **Exhibit I** is a true and correct copy of an email dated June 18, 2020 from Angela Rivera, FRS Project Manager, to the Claims Administrator's settlement-specific email inbox, copying Brian Pinkerton, the Claims Administrator's Project Manager for the End-Payor Settlements, attaching a copy of the March 9, 2020 letter to GCG, the Settlement Administrator, and a copy of a limited power of attorney executed by one of FRS's clients.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed this 18th day of June 2020, in Great Neck, New York.

_____
Jeffrey N. Leibell