## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| IN RE: AUTOMOTIVE PARTS ANTITRUST LITIGATION | Master File No. 12-md-02311 |
| | Hon. Sean F. Cox Mag. Judge R. Steven Whalen |
| THIS DOCUMENT RELATES TO: | |
| ALL END-PAYOR ACTIONS | |

## REPLY MEMORANDUM OF LAW IN SUPPORT OF
## FINANCIAL RECOVERY SERVICES, LLC'S MOTION TO INTERVENE

# **TABLE OF CONTENTS**

Page

TABLE OF AUTHORITIES ..................................................................................... ii

INTRODUCTION ..................................................................................................1

ARGUMENT .........................................................................................................1

I.    FRS and Insurers Have a Substantial Legal Interest in
      This Case...............................................................................................1

II.   FRS's Motion Is Timely ..........................................................................5

CONCLUSION .......................................................................................................7

# <u>TABLE OF AUTHORITIES</u>

Page

**CASES**

*Ball v. Kasich*, 2017 WL 3172778 (S.D. Ohio July 25, 2017) .................................3

*Bethel Res., Inc.*, *In re*, 73 B.R. 24 (Bankr. S.D. Ohio 1987)....................................2

*Fireman's Fund Ins. Co. v. Morse Signal Devices*, 198 Cal. Rptr. 756
    (Ct. App. 1984) ...............................................................................................4

*GEICO Corp. v. Autoliv, Inc.*, 345 F. Supp. 3d 799
    (E.D. Mich. 2018) ...........................................................................................4

*Health Care Serv. Corp. v. Brown & Williamson Tobacco Corp.*,
    208 F.3d 579 (7th Cir. 2000) .........................................................................4

*Jones v. Prince George's Cty.*, 348 F.3d 1014 (D.C. Cir. 2003)...............................4

*Maricco v. Meco Corp.*, 316 F. Supp. 2d 524 (E.D. Mich. 2004)....................1, 2, 3

*Nat'l Sur. Corp. v. Hartford Cas. Ins. Co.*, 493 F.3d 752
    (6th Cir. 2007) ................................................................................................3

*Reliastar Life Ins. Co. v. MKP Invs.*, 565 F. App'x 369
    (6th Cir. 2014) ................................................................................................2

*Sprint Commc'ns Co. v. APCC Servs., Inc.*, 554 U.S. 269 (2008) ...........................2

*Vt. Agency of Nat. Res. v. United States ex rel. Stevens*,
    529 U.S. 765 (2000).......................................................................................2

**CONSTITUTION AND RULES**

U.S. Const. art. III ....................................................................................................2

Fed. R. Civ. P. 24 ......................................................................................................2

Fed. R. Civ. P. 24(a)..................................................................................................7

## **INTRODUCTION**

Class Counsel argue that (1) Insurers' and FRS's interests as subrogees do not justify intervention; (2) subrogation does not apply; and (3) FRS's motion comes too late.  None of those arguments is persuasive.  First, Class Counsel do not distinguish authority showing that a subrogation interest warrants intervention; FRS, for itself and on behalf of Insurers, asserts that interest.  Second, subrogation applies because Insurers' payments for Total Loss Vehicles included compensation for the overcharges that are the basis for the Settlements; Insurers are entitled to recover that compensation from Defendants.  And, third, FRS raised the subrogation issue promptly through the procedure to which Class Counsel agreed.

## **ARGUMENT**

## I.    **FRS and Insurers Have a Substantial Legal Interest in This Case**

FRS has a sufficient "interest" to intervene because a "subrogation interest warrants . . . intervention under Rule 24(a)."  *Maricco v. Meco Corp.*, 316 F. Supp. 2d 524, 527 (E.D. Mich. 2004); ECF 2060 at 11.  Class Counsel do not dispute that "intervention is proper to protect a subrogation interest."  ECF 2066 at 13 n.3. Instead, they contend: (1) FRS's interest in the Settlements is "contingent"; and (2) FRS and Insurers are not actually subrogees.  Both arguments are wrong.

*First*, by assignment from an Insurer (Selective), ECF 2064-3, FRS holds a subrogation interest concerning Total Loss Vehicles.  That interest is

a "substantive right of recovery," *Maricco*, 316 F. Supp. 2d at 526, and is not, as Class Counsel claim (at 10), "contingent" on any future events.[1]  FRS's duty to remit to Selective a portion of recovered Settlement funds, *see* ECF 2064-3, PageID.38024, does not limit FRS's legal right to seek recovery of those funds. *See*, *e.g.*, *Sprint Commc'ns Co. v. APCC Servs., Inc.*, 554 U.S. 269, 286 (2008) (assignee has standing to assert right to recovery even when it "will simply remit the litigation proceeds to the [assignor]").

Class Counsel's assertion (at 9) that "FRS has no standing to seek intervention" is likewise untenable.[2]  FRS, as the assignee of a legally protected interest, is entitled to intervene to protect that interest.  *See*, *e.g.*, *In re Bethel Res., Inc.*, 73 B.R. 24, 26 (Bankr. S.D. Ohio 1987) (permitting intervention by assignee). Class Counsel's contention that FRS will not prevail on the merits of subrogation is irrelevant here.  In ruling on a motion to intervene, "the Court is not called upon . . . to decide whether [the proposed intervenor] actually possesses a valid and

---

[1] *Reliastar Life Insurance Co. v. MKP Investments*, 565 F. App'x 369 (6th Cir. 2014), is inapposite because FRS is not a creditor of any party and does not seek to intervene to "protect the assets of a party" so that it can later collect them. *Id*. at 372.  Similarly, *contra* Class Counsel (at 2), FRS does not seek to "assert subrogation claims against class members," but to recover from the Settlements.

[2] There is no separate "standing" requirement under Rule 24, and Class Counsel appear to use "standing" as shorthand for "claim[ing] an interest."  FRS has standing under Article III because, *inter alia*, "the assignee of a claim has standing to assert the injury in fact suffered by the assignor."  *Vt. Agency of Nat. Res. v. United States ex rel. Stevens*, 529 U.S. 765, 773 (2000).  Class Counsel have never previously objected to FRS's standing.

enforceable right of subrogation." *Maricco*, 316 F. Supp. 2d at 526 n.2.[3]

*Second*, and in any event, FRS has established the legal basis for its subrogation claims. *See* ECF 2060-3, 2060-4. The payments that Insurers made on account of Total Loss Vehicles were higher because of Defendants' unlawful conduct; that additional amount compensated insureds for the overcharge they paid when they purchased the vehicles. It is the indemnity payments that offset class members' antitrust losses that matter for purposes of determining whether Insurers have a subrogation interest – not, as Class Counsel argue, whether insurance policies covered the loss in question. *See*, *e.g.*, ECF 2060-3, PageID.37740-45. Insurers' policies did not separately cover antitrust losses as such; FRS has never argued otherwise. But subrogation applies here because antitrust overcharges were embedded in and never deducted from the indemnified value of the Total Loss Vehicles, and therefore Insurers' payments for those vehicles did, in fact, "compensate[] the insured[s] for those [antitrust] injuries." *Nat'l Sur. Corp. v. Hartford Cas. Ins. Co.*, 493 F.3d 752, 756 (6th Cir. 2007).

---

[3] Class Counsel are wrong to contend (at 1, 9-10) that only class members can intervene in a class action, *see*, *e.g.*, *Ball v. Kasich*, 2017 WL 3172778, at *7 (S.D. Ohio July 25, 2017) (permitting intervention of those who were not members of the putative class), but FRS and Insurers would satisfy that requirement if it existed. Insurers are class members because they purchased Eligible Vehicles. ECF 2060-2 ¶ 9 (describing Insurers' claims "for fleet vehicles"). FRS is a class member too, by virtue of Selective's assignment. ECF 2064-3 at 1 (transferring to FRS claims re: "purchases of . . . Eligible Vehicles").

The Court's opinion in *GEICO Corp. v. Autoliv, Inc.*, 345 F. Supp. 3d 799 (E.D. Mich. 2018), supports this conclusion. There, GEICO (an insurer) sought to bring subrogation claims relating, *inter alia*, to total loss payments it made to class members. The Court recognized the validity of that theory, observing that, unlike GEICO's own antitrust claims, subrogation claims would allow GEICO "to 'stand in the shoes' of [its] insured." *Id*. at 831. The key question (not resolvable on the pleadings) was whether the Settlements had released GEICO's valid subrogation claims. *Id*. at 831, 833-34.[4]

In attempting to rely on *GEICO*, Class Counsel distort its holdings. *First*, *GEICO*'s ruling dismissing some of that insurer's antitrust claims does not apply here because FRS does not seek to assert an antitrust (or any) cause of action. FRS seeks to intervene to assert its subrogation interests in the Settlements. *See Jones v. Prince George's Cty.*, 348 F.3d 1014, 1018 (D.C. Cir. 2003) ("intervenors of right need only an 'interest' in the litigation – not a 'cause of action'"). *Second*,

---

[4] Both of the out-of-circuit cases Class Counsel cite on the subrogation issue (*Fireman's Fund Ins. Co. v. Morse Signal Devices*, 198 Cal. Rptr. 756 (Ct. App. 1984), and *Health Care Serv. Corp. v. Brown & Williamson Tobacco Corp.*, 208 F.3d 579 (7th Cir. 2000)) are inapposite. The indemnity payments in *Morse* excluded the costs of the overcharge that was the subject of the insured's antitrust claims, 198 Cal. Rptr. at 762, unlike Insurers' indemnity payments, which included overcharges caused by Defendants' alleged conduct. And *Brown & Williamson* acknowledged the insurers' ability "to proceed as subrogees" if they made appropriate allegations. 208 F.3d at 581. Because they, unlike FRS, had not done so, the court declined to decide whether the insurers were subrogated to their insureds' antitrust claims. *Id*.

GEICO sought intervention to protect its interest in opting out of the Settlements, *see* 12-cv-403, ECF 267, PageID.9822, 9825, and the Court denied GEICO's motion only after its intervention had become unnecessary because the Court had ruled in GEICO's favor on the opt-out issue.  ECF 1954 at 51:18-22, 54:6-7.

## II.   FRS's Motion Is Timely

FRS's motion is timely because (1) FRS acted to protect its interests once it was clear that Class Counsel would not do so, and (2) intervention will expedite, not delay, resolution of class members' claims and is not prejudicial.

*First*, there was no undue delay.  Intervention would have been unnecessary if Class Counsel had acknowledged Insurers' subrogation interests; FRS appropriately sought to persuade Class Counsel to do so.  In December 2018, shortly after those discussions began, GEICO re-pleaded its subrogation claims, 16-cv-13189, ECF 76-2, PageID.1911, 1930-31, placing the legal issue before the Court and making intervention by FRS unnecessary until after GEICO settled its subrogation claims more than a year later.  Once FRS and Class Counsel reached an impasse, FRS sought declaratory relief from the Court on a timetable, and through a process, to which Class Counsel stipulated.[5]  FRS did not need to come

---

[5] Class Counsel erroneously suggest that an impasse was reached in January 2019, seven months before notice of the Round 4 Settlements was sent out.  But the parties discussed subrogation and the claim-filing process several months after that, *see* ECF 2060-2 ¶¶ 5-7, and, even in November 2019, Class Counsel offered "to further discuss these matters," ECF 2060-8, PageID.37828.

to the Court before that dispute had crystalized.  Indeed, Class Counsel wanted FRS to wait *longer* to raise the subrogation issue with the Court; they suggested that FRS delay raising it until after the Claims Administrator rejects Insurers' claims months from now.  ECF 2060-02 (Leibell Decl.) ¶ 6.[6]

Although FRS was on notice earlier in 2020 that intervention might be required to have its dispute resolved, the few months that elapsed before intervention in June were immaterial because this litigation remains in substantially the same place it was when FRS filed in December.  *See* ECF 2060 at 17-18.  And neither final judgment on the previous rounds of Settlements nor preliminary approval of the Round 4 Settlements is a reason to find FRS's motion untimely.  The only event relevant to timeliness is the distribution of the Settlements, which, as Class Counsel acknowledge, is nowhere on the horizon.

*Second*, FRS's intervention now would not prejudice any party or class member.  Just the opposite is true.  FRS seeks to intervene to resolve the legal question whether, based on indemnity payments to insureds for Total Loss Vehicles, FRS and Insurers have subrogation rights to claim Settlement funds. Denying intervention now would delay resolution of that issue, which, in turn,

---

[6] Other factual premises of Class Counsel's timeliness arguments are also without basis.  For example, FRS never "sought permission" to file "placeholder" claims, and Class Counsel never "rejected" FRS's ability to do so.  ECF 2066 at 6. Indeed, Class Counsel never raised any objection to FRS's filing those claims.  *See* Reply Decl. of Jeffrey N. Leibell (July 9, 2020) (attached as Exhibit 1).

would delay distribution of Settlement funds, because that distribution cannot occur until after the Court resolves any objections to the Claims Administrator's determinations, including objections to any rejection of Insurers' claims for Total Loss Vehicles. *See* 12-cv-403, ECF 301-2. If the Court denies intervention now, Insurers will continue to pursue subrogation claims for Total Loss Vehicles, the Claims Administrator will disallow those claims under a cloud of uncertainty,[7] and the Court will still need to decide the subrogation issue many months from now. That delay, not FRS's intervention, would prejudice class members.[8]

## CONCLUSION

The Court should grant FRS's motion to intervene.

Dated: July 9, 2020          Respectfully submitted,

                              /s/ *Laura S. Faussié*
                              Laura S. Faussié (P48933)
                              FRASER TREBILCOCK DAVIS & DUNLAP, P.C.
                              One Woodward Avenue, Suite 1550
                              Detroit, MI 48226
                              (313) 237-7000
                              lfaussie@fraserlawfirm.com

---

[7] The Claims Administrator will very likely hew to Class Counsel's position that Insurers have no "right to file a claim to share in the [S]ettlements," ECF 2060-8, PageID.37823, and therefore FRS's motion for declaratory relief is, in substance, also an objection to that inevitable determination.

[8] Class Counsel raise no substantial opposition to the points in FRS's opening brief about the other requirements of Rule 24(a); in particular, they do not contest that FRS would be unable to protect its asserted subrogation interest absent intervention. Likewise, although Class Counsel say that they adequately represent Insurers qua class members, they concede (at 19) that, "[w]ith respect to the subrogation claims," they have "rejected" any representation of FRS's interests.

7

Jonathan T. Walton, Jr. (P32969)
Michael P. Donnelly (P45221)
FRASER TREBILCOCK
  DAVIS & DUNLAP, P.C.
One Woodward Avenue, Suite 1550
Detroit, MI 48226
(313) 237-7300
jwalton@fraserlawfirm.com
mdonnelly@fraserlawfirm.com

Aaron M. Panner
Matthew R. Huppert
Daniel S. Severson
Christine A. Bonomo
KELLOGG, HANSEN, TODD,
  FIGEL & FREDERICK, P.L.L.C.
1615 M Street, N.W., Suite 400
Washington, D.C. 20036
(202) 326-7900
apanner@kellogghansen.com
mhuppert@kellogghansen.com
dseverson@kellogghansen.com
cbonomo@kellogghansen.com

*Counsel for Financial Recovery
Services, LLC*

## **<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that, on July 9, 2020, I electronically filed the foregoing

document with the Clerk of the Court using the ECF system, which will send

notification of such filing to counsel of record.


 /s/ *Laura S. Faussié*
Laura S. Faussié