# Exhibit 1

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

| | |
|---|---|
| IN RE: AUTOMOTIVE PARTS ANTITRUST LITIGATION<br><br><br>THIS DOCUMENT RELATES TO:<br><br>ALL END-PAYOR ACTIONS | Master File No. 12-md-02311<br><br>Hon. Sean F. Cox<br>Mag. Judge R. Steven Whalen |

**REPLY DECLARATION OF JEFFREY N. LEIBELL**

I, Jeffrey N. Leibell, declare:

1. I am Chief Legal and Financial Officer of Financial Recovery Services, LLC d/b/a Financial Recovery Strategies ("FRS"). In that capacity, my responsibilities include handling legal matters.

2. On June 18, 2020, I submitted a declaration (ECF 2060-2) in support of FRS's Motion To Intervene (ECF 2060). I submit this reply declaration in further support of that motion, particularly to address statements made by counsel for the End Payor Plaintiffs ("Class Counsel") concerning communications that I described in paragraphs 5-7 of my June 18 declaration. This reply declaration is based on my personal knowledge of FRS's and its clients' claims, as well as the relevant documents and communications.

3. In their memorandum in opposition to FRS's Motion To Intervene, Class Counsel state, without submitting any sworn testimony or documents, as follows:

> On November 14, 2018, FRS sought permission from EPPs to file "placeholder" claims for its insurance company clients. Dkt. 2060, Ex. C. EPPs flatly rejected that request and instructed FRS that it must identify the claimed vehicles before the claim submission deadline. Dkt. 2060-2 at ¶ 6.

ECF 2066, PageID.38041. As described below, none of those statements is accurate: FRS did not "s[eek] permission . . . to file 'placeholder' claims"; Class Counsel did not reject, flatly or otherwise, the filing of such claims; and Class Counsel did not "instruct[ ] FRS that it must identify . . . claimed vehicles before the claim submission deadline."

4. For their assertion that "FRS sought permission from EPPs to file 'placeholder' claims," Class Counsel rely solely on Exhibit C to my June 18 declaration. That exhibit is a true and correct copy of an email that Robin Niemiec, FRS's Chief Operating Officer, sent to Class Counsel, with a copy to me, on November 14, 2018. After introducing FRS as having been retained by certain named auto insurers, that email states that "[w]e have already filed 'placeholder' claims for each of those insurers [(the 'Insurers')] and are working with them now to collect the data necessary to supplement those claim forms." ECF 2060-5,

2

PageID.37777.  FRS merely notified Class Counsel that it had "*already* filed" claims; FRS neither needed nor sought permission to do so.

5.  Ms. Niemiec's email then explained that the purpose of the call or meeting that FRS was requesting was to try to reach an agreement for the methodology to be used to provide data in support of the Insurers' claims:

> [G]iven the volume of eligible new and leased automobiles that they insured and that were deemed a total loss from 1995 through 2018, as well as the eligible parts that they purchased for their insureds during that 23-year period, the task of collecting that data is substantial and time consuming.  In an effort to address now any data collection issues that may exist so that the process is more efficient, both for our clients and for the claims administrator, we would like to have a meeting or conference call with one or more of you, as you prefer, to discuss our approach.

ECF 2060-5, PageID.37777.  Nowhere in that email did Ms. Niemiec describe any proposed approach or state that FRS intended to supplement the Insurers' claims after the claim-filing deadline.  Indeed, the Court did not set a deadline for filing claims until August 2, 2019, several months after that email was sent.  *See* 12-cv-403, ECF 291.

6.  For their next two assertions – that "[1] EPPs flatly rejected that request and [2] instructed FRS that it must identify the claimed vehicles before the claim submission deadline" – Class Counsel rely entirely on paragraph 6 of my June 18 declaration.  Because FRS did not seek Class Counsel's permission to file claims, there was no request for Class Counsel to reject, and my June 18

3

declaration did not describe any such rejection. Nor did FRS discuss with Class Counsel in January 2019 the prospect of supplementing the Insurers' claims after any claim-filing deadline. As I described in my June 18 declaration, which description Class Counsel purport to rely on, the January 2019 call was devoted entirely to two matters: (a) the merits of FRS's subrogation argument and EPPs' disagreement with it, and (b) a method to bring that disagreement to the Court for resolution if the parties continued to disagree.

7. FRS did not raise the issue of post-deadline supplementation until March 9, 2020, when the "Court ha[d] not yet ruled on FRS's" motion for declaratory relief, and "the March 16, 2020 claim deadline [was] rapidly approaching." ECF 2060-10, PageID.37916. I concluded my March 9 letter with a request that, "[i]f [the Claims Administrator] has any objection to the foregoing, please advise FRS immediately so that we may advise the Court as soon as possible," and, when I transmitted that letter to Class Counsel, I requested that they "let me know" if they "have any questions" about my proposed approach. *Id*. at PageID.37914, 37916. Neither the Claims Administrator nor Class Counsel responded to my March 9 letter, leading me and FRS to understand that Class Counsel had no objection to my suggested approach.

8. Given the foregoing facts, I was surprised by Class Counsel's unsupported and incorrect statement that, "[a]s FRS itself admits, class counsel

4

repeatedly rejected any notion that FRS could submit 'placeholder' claims that it would later supplement. Dkt. 2060-2 at ¶¶ 5-7." ECF 2066, PageID.38053 n.4. I did not mention in my June 18 declaration Class Counsel's purported rejection of FRS's proposed supplementation of the Insurers' claims because that rejection never occurred ("flatly," "repeatedly," or otherwise).

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct. Executed this 9th day of July 2020, in Great Neck, New York.

                                                                Jeffrey N. Leibell