UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| IN RE AUTOMOTIVE PARTS ANTITRUST LITIGATION | Master File No. 12-md-02311<br>Honorable Sean F. Cox |
| THIS DOCUMENT RELATES TO:<br><br>ALL END-PAYOR ACTIONS | END-PAYOR PLAINTIFFS' MOTION FOR LEAVE TO SUPPLEMENT THE RECORD WITH THE DECLARATION OF BRIAN A. PINKERTON IN SUPPORT OF EPP'S OPPOSITION TO FINANCIAL RECOVERY STRATEGIES, LLC'S UNTIMELY MOTION TO INTERVENE |

End-Payor Plaintiffs ("EPPs"), by and through their Court-appointed counsel ("Settlement Class Counsel"), respectfully request leave to supplement the record with the Declaration of Brian A. Pinkerton in support of EPPs' Opposition to Financial Recovery Strategies, LLC's (FRS) Untimely Motion to Intervene. The declaration is attached as Exhibit A to this motion.

Brian A. Pinkerton is the Project Manager and former Assistant Director of the Court-appointed claims administrator. Mr. Pinkerton is responsible for the day to day claims administration process, and has served as the Project Manager on this matter since October 2015. In his declaration, Mr. Pinkerton describes (1) the general duties of the Court-appointed claims administrator, (2) the requirements for submitting a valid proof of claim, (3) FRS's failure to timely submit any claims information needed to substantiate claims based on subrogation, (4) the procedures required to process subrogation claims, and (5) the additional time, expense, and

resources that must be spent if FRS were allowed to submit subrogation claims more than five months after the claim submission deadline passed on June 18, 2020.

FRS's reply in support of its motion to intervene makes several statements concerning the status of this action and the timing of the claims-administration process. *See* 2:12-md-02311, ECF No. 2073. This Court should grant leave to submit the declaration of Brian A. Pinkerton because it provides vital context concerning the existing provisions of the plan of allocation, and the status of the claims-administration process. This additional context will not prejudice FRS. Instead, the declaration provides FRS and this Court an update on the status of FRS's claims submission and the procedures required to process any subrogation claims that might be allowed. Importantly, Mr. Pinkerton's declaration directly addresses statements made in FRS's reply.

First, FRS says "the few months that elapsed before intervention in June were immaterial because this litigation remains in substantially the same place it was when FRS filed in December." ECF No. 2073 at PageID.38078. Mr. Pinkerton explains that the claims submission deadline passed five months ago, on June 18, 2020, and FRS still has not submitted any claims information needed to substantiate any claims based on subrogation. FRS has submitted no vehicle information, no class member information, no VIN numbers, no purchase data, no insurance claims data, and no supporting documentation whatsoever. Exhibit A, at ¶¶ 13-19.

Second, FRS says the "only event relevant to timeliness is the distribution of the Settlements" and "intervention now would not prejudice any party or class member." ECF No. 2073 at PageID.38078. Mr. Pinkerton explains that the submission of subrogation claims now would substantially delay and prejudice the claims administration process because the existing plan of allocation does not contemplate subrogation claims, and the additional expense of administering and processing subrogation claims, which must be paid out of the settlement funds,

2

would reduce the recoveries to be paid to qualifying class member claimants. Exhibit A, at ¶ 20. Mr. Pinkerton further explains that processing subrogation claims would require the claims administrator to create and implement procedures for handling subrogation claims that do not currently exist under the Court-approved plan of allocation, including procedures for:

- matching subrogation claims to class members who submitted claims;

- reviewing documentation concerning auto insurance coverage and total loss payments, including procedures for requesting additional documentation and information that is missing or incomplete;

- comparing the new vehicle purchase price to the depreciated, actual cash value of the vehicle declared to be a total loss;

- determining a proportional or pro-rated payment for subrogation claims that appropriately considers the depreciated, actual cash value of the vehicle at the time of loss;

- determining whether an insurer previously obtained subrogation payments from a third-party tortfeasor involved in the loss, and determine how and in what proportions such payments should reduce the proportional recovery of any subrogation claim;

- allowing class members to challenge the alleged subrogation claims of insurance companies, including a process for adjudicating or resolving such challenges; and

- a secondary settlement payment calculation that excludes subrogation claims from the initial calculation in which each claimant is entitled to a minimum payment of $100 because the proportional payment required for subrogation claims would necessarily affect claims already included in the initial calculation.

Exhibit A, at ¶¶ 24-26.

Third, FRS cites to the plan of allocation and says denying intervention "would delay distribution of Settlement funds, because that distribution cannot occur until after the Court resolves any objections to the Claims Administrator's determinations." ECF No. 2073 at PageID.38079. Mr. Pinkerton explains that neither the settlements, nor the plan of allocation makes any provision for insurance companies to submit claims to share in the settlements as subrogees of class member insureds who may have received insurance payments relating to vehicles that an

insurance company deemed a total loss. Exhibit A, at ¶ 18. Mr. Pinkerton further explains that any proof of claim information submitted now would be several months late and properly treated as untimely under this Court's notice requirements and the Court-ordered claims submission deadline. *Id.* at ¶ 19. As a non-class member who seeks to assert claims that are not addressed in the plan of allocation, and who has failed to submit timely proofs of claims, FRS would have no grounds to object to the Claims Administrator's determinations.[1]

Counsel for EPP's (Mr. Langham) conferred with counsel for FRS (Mr. Huppert) on November 12, and counsel for FRS is opposed to the relief requested in this motion.

## CONCLUSION

For the forgoing reasons, EPP's respectfully request leave to submit the declaration of Brian A. Pinkerton in support of EPPs' Opposition to FRS's Untimely Motion to Intervene.

Dated:  November 12, 2020

Respectfully submitted,

SUSMAN GODFREY L.L.P.

*/s/ Chanler A. Langham*
Marc M. Seltzer
Steven G. Sklaver
1900 Avenue of the Stars, Suite 1400
Los Angeles, California 90067-6029
Telephone: (310) 789-3100
mseltzer@susmangodfrey.com
ssklaver@susmangodfrey.com

Terrell W. Oxford
Chanler A. Langham
SUSMAN GODFREY LLP
1000 Louisiana Street, 5100
Houston, Texas 77002
Telephone: (713) 651-9366
toxford@susmangodfrey.com
clangham@susmangodfrey.com

---

[1] Under this Court's Orders, the deadline to object to the Plan of Allocation passed on November 19, 2019. *See* 2:12-cv-403, ECF No. 291, at ¶ 14, PageID.10400-01.

Floyd G. Short
Jenna G. Farleigh
SUSMAN GODFREY LLP
1201 Third Avenue, Suite 3800
Seattle, Washington 98101
Telephone: (206) 516-3880
fshort@susmangodfrey.com
jfarleigh@susmangodfrey.com

Adam J. Zapala
Elizabeth Castillo
COTCHETT, PITRE & McCARTHY, LLP
San Francisco Airport Office Center
840 Malcolm Road, Suite 200
Burlingame, California 94010
Telephone: (650) 697-6000
azapala@cpmlegal.com
ecastillo@cpmlegal.com

Bernard Persky
William V. Reiss
ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
399 Park Avenue, Suite 3600
New York, New York 10022
Telephone: (212) 980-7400
bpersky@robinskaplan.com
wreiss@ robinskaplan.com

***Interim Co-Lead Class Counsel for End-Payor Plaintiffs***

5

**CERTIFICATE OF SERVICE**

I hereby certify that on November 12, 2020, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all parties of record.

>  */s/ Chanler A. Langham*
>  Chanler A. Langham
>  **SUSMAN GODFREY L.L.P.**