# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| IN RE: AUTOMOTIVE PARTS ANTITRUST LITIGATION | Master File No. 12-md-02311<br><br>Hon. Sean F. Cox<br>Mag. Judge R. Steven Whalen |
| THIS DOCUMENT RELATES TO:<br><br>ALL END-PAYOR ACTIONS | |

### FINANCIAL RECOVERY SERVICES, LLC'S RESPONSE IN OPPOSITION TO END-PAYOR PLAINTIFFS' MOTION TO <u>SUPPLEMENT THE RECORD</u>

Financial Recovery Services, LLC d/b/a/ Financial Recovery Strategies ("FRS"), by its undersigned attorneys, responds in opposition to End-Payor Plaintiffs' motion for leave to supplement the record, with the facts, arguments and authorities set forth in, and the exhibits attached to, its Brief filed herewith.

WHEREFORE, FRS respectfully requests that this Honorable Court deny, in its entirety, Class Counsel's motion to supplement the record. Alternatively, if this Court grants Class Counsel's motion, FRS respectfully requests that this Court grant FRS leave to supplement the record further with its own declaration. FRS

also requests such other or additional relief as this Court deems appropriate under the circumstances.

Dated:  November 16, 2020	Respectfully submitted,

  /s/ *Laura S. Faussié*
Jonathan T. Walton, Jr. (P32969)
Michael P. Donnelly (P45221)
Laura S. Faussié (P48933)
FRASER TREBILCOCK
 DAVIS & DUNLAP, P.C.
One Woodward Avenue, Suite 1550
Detroit, MI 48226
(313) 237-7300
jwalton@fraserlawfirm.com
mdonnelly@fraserlawfirm.com
lfaussie@fraserlawfirm.com

Aaron M. Panner
Matthew R. Huppert
KELLOGG, HANSEN, TODD,
 FIGEL & FREDERICK, P.L.L.C.
1615 M Street, N.W., Suite 400
Washington, D.C. 20036
(202) 326-7900
apanner@kellogghansen.com
mhuppert@kellogghansen.com

*Counsel for Financial Recovery Services, LLC*

ii

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| IN RE: AUTOMOTIVE PARTS ANTITRUST LITIGATION | Master File No. 12-md-02311 |
| | Hon. Sean F. Cox<br>Mag. Judge R. Steven Whalen |
| THIS DOCUMENT RELATES TO:<br><br>ALL END-PAYOR ACTIONS | |

**BRIEF IN SUPPORT OF FINANCIAL RECOVERY SERVICES, LLC'S RESPONSE IN OPPOSITION TO END-PAYOR PLAINTIFFS' MOTION <u>TO SUPPLEMENT THE RECORD</u>**

iii

iv

## ISSUE PRESENTED

Should End-Payor Plaintiffs be permitted to supplement the record relating to Financial Recovery Services, LLC's ("FRS") motion to intervene?

    FRS says "No."

## CONTROLLING OR MOST APPROPRIATE AUTHORITIES

*Duha v. Agrium, Inc.*, 448 F.3d 867 (6th Cir. 2006)

*Ace Hardware Corp. v. Owosso Ace Hardware*, 2008 WL 11399565 (E.D. Mich. July 15, 2008)

Financial Recovery Services, LLC's ("FRS") motion to intervene, ECF No. 2060,[1] has been fully briefed since July 9, 2020, and it is scheduled to be heard by this Court in three days. Despite the lateness of the hour, class counsel for End-Payor Plaintiffs ("Class Counsel") seek leave to file a 10-page declaration from an employee of the claims administrator, Brian Pinkerton (the "Pinkerton Declaration"). The Pinkerton Declaration is untimely – it could have been submitted months ago – and, far from bearing on the merits of FRS's motion to intervene, it instead presents a series of legal arguments and incorrect (and irrelevant) assertions. The Court should deny Class Counsel's motion and strike the Pinkerton Declaration from the record.

Class Counsel cite no legal basis, let alone "good cause," *Duha v. Agrium, Inc.*, 448 F.3d 867, 881-82 (6th Cir. 2006), for "supplement[ing] the record," ECF No. 2098, PageID.38203, on a motion to intervene that has been fully briefed for more than four months. This Court should deny Class Counsel's motion because the Pinkerton Declaration (1) could have been submitted months ago, (2) does not relate to the merits of FRS's motion to intervene, and (3) is not competent evidence.

*First*, there is no "good cause," *Duha*, 448 F.3d at 881-82, justifying supplementation because all of the points made in the Pinkerton Declaration are stale

---

[1] Unless otherwise specified, all references herein to docket entries are to the docket in 12-md-02311.

and could have been made in July, or much earlier.  Epiq (f/k/a Garden City Group) has been serving as the claims administrator in the End-Payor Actions since October 2015, *see*, *e.g.*, 13-cv-703, ECF No. 55, PageID.1072, and subrogated Insurers have been submitting proofs of claim to Epiq in those actions since May 2018, ECF No. 2060-2 (Leibell Decl.) ¶ 9.  Accordingly, Mr. Pinkerton's (inaccurate) description of the claims administration process and how he thinks this Court's orders should apply to claims from subrogees could have been submitted years ago.  Nor does the Pinkerton Declaration "provide[] . . . an update" about anything that has occurred since July, as Class Counsel represent (at 2).  The Pinkerton Declaration, which includes no facts concerning the status of Epiq's administration of the End-Payor Settlements, could have been submitted as-is at the time Class Counsel opposed FRS's motion to intervene in July, and nearly all of it could have been submitted when Class Counsel opposed FRS's motion for declaratory relief in January.  There is no justification for that lengthy delay, and Class Counsel offer none.  *See*, *e.g.*, *Dougall v. Copley Fairlawn City Sch. Dist. Bd. of Educ.*, 2019 WL 1243040, at *5 (N.D. Ohio Mar. 18, 2019) (denying supplementation of administrative record for "documents that were available to [movant] at the time of the administrative proceedings").

      Moreover, the three points Class Counsel quote (at 2-3) from FRS's reply brief — (1) no significant events occurred in this litigation between December 2019

and June 2020, (2) FRS's intervention would not prejudice anyone, and (3) denying FRS intervention would delay distribution of settlement funds —were all made in FRS's *opening* brief.[2]  Thus, Class Counsel already had an opportunity to respond to these points, and, insofar as they did not seize that opportunity, they waived it. *See*, *e.g.*, *Cheff v. Deutsche Bank Nat'l Trust Co.*, 2013 WL 1914316, at *5 (E.D. Mich. May 8, 2013) ("A party waives opposition to a motion if the party fails to respond to arguments raised in the motion.").[3]  Class Counsel cite no reason for the Court to grant them a do-over on the eve of the motion hearing.

*Second*, the Pinkerton Declaration is not germane to any issue before the Court.  Class Counsel submit the Pinkerton Declaration in connection with FRS's motion to intervene.  ECF No. 2098, PageID.38203.  The only four factors relevant to that motion are whether (1) FRS's subrogation rights are a substantial legal interest, (2) that interest might be impaired absent intervention, (3) present parties do not adequately represent that interest, and (4) FRS's motion was timely.  *Mich. State AFL-CIO v. Miller*, 103 F.3d 1240, 1245 (6th Cir. 1997).  However, the

---

[2] *See* ECF No. 2060, PageID.37717 (granting intervention would "avoid potential delay in the distribution of the settlement funds"); *id*., PageID.37718 ("this litigation remains in substantially the same place it was . . . in December"); *id*., PageID.37719 ("FRS's intervention at this time would not prejudice any other party's interests").

[3] Even assuming FRS had raised new arguments in its reply brief (it did not), Class Counsel offer no justification for waiting more than four months to seek leave to respond to them.

3

Pinkerton Declaration does not address any of those factors. The thrust of the Pinkerton Declaration is, instead, that Mr. Pinkerton's employer (Epiq) would have to do additional work to process subrogees' proofs of claim, but that is irrelevant to whether FRS's intervention is proper. Class Counsel do not claim otherwise. The declaration's irrelevance to the motion it purports to address is an independent reason to deny Class Counsel's motion. *See*, *e.g.*, *Ace Hardware Corp. v. Owosso Ace Hardware*, 2008 WL 11399565, at *2 (E.D. Mich. July 15, 2008) (denying motion to supplement the record with deposition testimony that was "of questionable relevance").

Furthermore, insofar as the Pinkerton Declaration is directed to the merits of FRS's motion for declaratory relief (asking the Court to rule that the Insurers, as subrogees, may recover from the End-Payor Settlements, *see* ECF Nos. 2060-3, 2060-4), it is irrelevant to that motion too. If anything, the Pinkerton Declaration *supports* FRS's request for declaratory relief because it acknowledges that Insurers' indemnity payments for vehicles deemed a total loss included antitrust losses that the End-Payor Settlements compensate. *See* ECF No. 2098-1 ¶ 26 (acknowledging subrogee insurers are entitled to "a proportional or pro-rated payment" based on the "actual cash value of the vehicle at the time of loss"). No more is required to establish FRS's and the Insurers' right as subrogees to recover from the End-Payor Settlements. Any potential complexity or additional cost associated with

4

administering such valid claims is no basis to cut off subrogees' legal rights. Time and effort is required to administer any valid claim.

*Third*, even assuming supplementation were justified and the declaration were germane, it would still be inappropriate to supplement the record with the Pinkerton Declaration because it is not competent evidence. It is a series of unsupported (and, in some cases, demonstrably wrong) claims that are, at best, legal opinions and, at worst, bare speculation. For example, Mr. Pinkerton purports to opine about which "class members are entitled to submit claims," ECF No. 2098-1 ¶ 10; whether "FRS . . . qualif[ies] as a class member," *id*. ¶ 17; whether an "insurance company is entitled to a share in the settlements," *see id*. ¶¶ 17-18; and whether this Court should require subrogees to satisfy "additional procedures" not imposed on any other claimant, *see id*. ¶¶ 24, 26. None of those legal issues need to be decided to rule on FRS's motion to intervene. *See supra* p. 3-4. Even if those issues were pertinent to the motion to intervene, deciding them would be solely this Court's province; Mr. Pinkerton's views about them are not admissible evidence. *See*, *e.g.*, *Salter v. Olsen*, 2020 WL 4331537, at *6 (E.D. Mich. June 8, 2020) ("[T]he law is clear that it is improper for an expert to opine on an issue of law.").

The Pinkerton Declaration also points to no evidence, such as prior experience processing proofs of claim from subrogees, that would lay a proper foundation for Mr. Pinkerton's claims about what steps Epiq would need to take to process claims

5

from subrogees here. *See* Fed. R. Evid. 602.  In any event, Mr. Pinkerton's claim that Epiq must implement a sprawling process to administer subrogee claims with exactitude ignores the fundamental principle, articulated by Judge Battani in these End-Payor Actions, that "a Plan of Allocation need not be, and cannot be, perfect," but instead "should strive to obtain a delicate balance between precision and administrative convenience."[4]  In short, the parade of horribles on display in Mr. Pinkerton's declaration has no grounding in reality and does not belong in the record.

If, however, the Court grants Class Counsel's tardy motion, FRS conditionally seeks leave to supplement the record with its own declaration to respond to the assertions made in the Pinkerton Declaration.  FRS's Chief Legal & Financial Officer, Jeffrey N. Leibell, who has two-and-a-half decades of experience relating to class-action settlements and their administration and distribution, would submit a declaration explaining why the administration of the Insurers' claims need not be as tedious and time-consuming as Mr. Pinkerton claims.  Specifically, Mr. Leibell would explain, based on his extensive experience in other class-action settlement administrations presenting similar issues, why he is confident that FRS, Class Counsel, and Epiq can work together, without the Court's intervention, to establish

---

[4] *In re Auto. Parts Antitrust Litig.*, No. 12-md-02311, 2019 WL 7877812, at *3 (E.D. Mich. Dec. 20, 2019) (Battani, J.) (noting as well that "the satisfaction of everyone is generally unobtainable").

6

a reasonable claims administration process that will maximize efficiency, avoid any delay in distribution, and, as required by Federal Rule of Civil Procedure 23(e)(2)(D), treat all eligible claimants "equitably relative to each other."

## **CONCLUSION**

The Court should deny Class Counsel's motion to supplement the record. Alternatively, if the Court grants Class Counsel's motion, it should grant FRS leave to supplement the record further with its own declaration.

Dated: November 16, 2020						Respectfully submitted,

  /s/ *Laura S. Faussié*
Jonathan T. Walton, Jr. (P32969)
Michael P. Donnelly (P45221)
Laura S. Faussié (P48933)
FRASER TREBILCOCK
 DAVIS & DUNLAP, P.C.
One Woodward Avenue, Suite 1550
Detroit, MI 48226
(313) 237-7300
jwalton@fraserlawfirm.com
mdonnelly@fraserlawfirm.com
lfaussie@fraserlawfirm.com

Aaron M. Panner
Matthew R. Huppert
KELLOGG, HANSEN, TODD,
 FIGEL & FREDERICK, P.L.L.C.
1615 M Street, N.W., Suite 400
Washington, D.C. 20036
(202) 326-7900
apanner@kellogghansen.com
mhuppert@kellogghansen.com

*Counsel for Financial Recovery Services, LLC*

## **CERTIFICATE OF SERVICE**

I hereby certify that, on November 16, 2020, I electronically filed the foregoing documents with the Clerk of the Court using the ECF system, which will send notification of such filing to counsel of record.

 /s/ *Laura S. Faussié*
Laura S. Faussié
