# Exhibit 2

Case 2:12-md-02311-SFC-RSW ECF No. 2100-3, PageID.38261 Filed 11/16/20 Page 2 of 4

Ace Hardware Corporation v. Owosso Ace Hardware, Not Reported in Fed. Supp. (2008)
2008 WL 11399565

2008 WL 11399565
Only the Westlaw citation is currently available.
United States District Court, E.D.
Michigan, Southern Division.

ACE HARDWARE CORPORATION, Plaintiff,
v.
OWOSSO ACE HARDWARE, et al., Defendants.

04-CV-73360-DT
|
Signed 07/15/2008

**Attorneys and Law Firms**

[James B. Flowers](#), [Ray J. Foresman](#), [Leon Letter](#), Willingham & Cote, East Lansing, MI, for Plaintiff.

[Allen M. Wolf](#), The Wolf Law Firm, Lake Orion, MI, for Defendants.

MEMORANDUM OPINION AND ORDER DENYING DEFENDANTS' MOTION FOR RECONSIDERATION AND MOTION TO AMEND WITNESS LIST AND SUPPLEMENT RECORD

[Gerald E. Rosen](#), United States District Judge

INTRODUCTION

**\*1** This matter is presently before the Court on Defendants' Motion for Reconsideration of the Court's September 28, 2007 Opinion and Order granting Plaintiffs' motions for summary judgment and denying Defendants' cross-motion for partial summary judgment. Defendants seek reconsideration based upon their filing four days prior to the Court's issuance of its summary judgment ruling of a "Motion to Amend/Correct Witness List and Second Motion to Supplement the Record."

FACTUAL AND PROCEDURAL BACKGROUND

On September 28, 2007, this Court entered an Opinion and Order granting Plaintiff's motions for summary judgment and denying Defendants' cross-motion for partial summary judgment, and, accordingly, entered a Judgment of Liability in favor of Plaintiff and against Defendants in this breach of contract action. The Court's Opinion and Order and Judgment were entered after the parties were allowed extensive extended discovery and after the Court twice granted Defendants leave to supplement the record, including leave to supplement the record after having been allowed additional discovery after the hearing on the summary judgment motions.

The Court's initial Scheduling Order gave the parties eight months to conduct discovery from September 20, 2004, when the case was put at issue by the filing of the last Defendant's answer to the Complaint, through May 31, 2005. On May 23, 2005, however, the Court granted the parties' request for a 60-day extension of all deadlines, including a 60-day extension of the deadline for completion of discovery and to file witness lists. Then, after issuing a Notice of Hearing on the parties' motions for summary judgment on March 21, 2006, Defendants' filed a motion to supplement the record with additional evidence. The Court granted this motion in June 2006. Then, after conducting the hearing on the parties' summary judgment motions in July 2006, the Court allowed further discovery and further supplementation of the record that was requested by Defendants at the hearing.

The supplementation of the record was completed by the end of December 2006 and the Court finally issued its 47-page Opinion and Order on September 28, 2007. On October 11, 2007, Defendants moved for reconsideration. The basis for their reconsideration motion was the pendency at the time of the Court's summary judgment ruling of a "Motion to Amend/Correct Witness List and Second Motion to Supplement the Record" which Defendants filed on September 24, 2007, i.e., four days before the Court issued its summary judgment Opinion and Order. In this motion Defendants asked the Court to consider an affidavit submitted by a "newly discovered" unrelated non-party witness, Jeannette Patti, who, like Defendants, allegedly had unfavorable franchise dealings with Plaintiff Ace Hardware and its New Business Manager, Robert Merritt.

Defendants ask the Court to consider Ms. Patti's September 24, 2007 Affidavit and find that this affidavit as "other acts" evidence in support of their claims of violation of the Michigan Franchise Investors Act. Specifically, Defendants claim that Ms. Patti's Affidavit demonstrates that, contrary to the Court's summary judgment ruling, there was no "substantial compliance" by Ace and/or Merritt with the disclosure requirements of the Michigan Franchise Investment Law and that Merritt had a practice of making

Case 2:12-md-02311-SFC-RSW ECF No. 2100-3, PageID.38262 Filed 11/16/20 Page 3 of 4

Ace Hardware Corporation v. Owosso Ace Hardware, Not Reported in Fed. Supp. (2008)
2008 WL 11399565

false representations as part of the Ace franchise membership process which constituted a device, scheme or artifice to defraud.

## DISCUSSION

*2 The question of whether to permit supplementation of the record is a matter within the discretion of the Court. See *Duha v. Agrium, Inc.*, 448 F.3d 867, 881 (6th Cir. 2006); *Banknote Corp. v. United States*, 365 F.3d 1345, 1358 (Fed. Cir. 2004). At a minimum, to justify a tardy supplementation of the record, the moving party is required to demonstrate "good cause." *Duha*, *supra*. Defendants here have not made, nor even attempted to make, such a showing.

Furthermore, even if the Court were to find supplementation of the record justified, the supplemental evidence is of questionable relevance as Ms. Patti had not even met Mr. Merritt until September 2005—more than *five years after* the events giving rise to this action. More importantly, however, even if the Court were to accept for filing and consider the substance of Ms. Patti's Affidavit, it would not justify reconsideration of the Court's September 28, 2007 rulings.

Defendants here seek reconsideration of the Court's summary judgment decision pursuant to E.D. Mich. Local Rule 7.1(g), Fed. R. Civ. P. 59(e) and 60(b)(2).

The requirements for the granting of motions for reconsideration are set forth in Eastern District of Michigan Local Rule 7.1(g), which provides in relevant part:

> Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties have been misled but also show that correcting the defect will result in a different disposition of the case.

L.R. 7.1(g)(3).

Therefore, in order to prevail on their motion for reconsideration, Defendants must not only demonstrate a palpable defect by which the Court has been misled, they must also show that a different disposition of the case must result from a correction of that defect. A "palpable defect" is "a defect that is obvious, clear, unmistakable, manifest or plain." *United States v. Lockette*, 328 F. Supp. 2d 682, 684 (E.D. Mich. 2004). Moreover, a motion that merely presents the same issues already ruled upon by the Court either expressly or by reasonable implication—will not be granted. L.R. 7.1(g). On the other hand, the Court need not consider issues raised for the first time in a motion for reconsideration that could and should have been raised previously. *Wardle v. Lexington-Fayette Urban County Government*, 45 Fed. Appx. 505, 511 (6th Cir. 2002). Furthermore, motions for reconsideration "cannot ... be employed as a vehicle to introduce new evidence that could have been adduced during the pendency [of the motion on which the court ruled.]" *Marketing Displays, Inc. v. TraFix Devices, Inc.*, 971 F. Supp. 262, 281 (E.D. Mich. 1997), citing *Publishers Res., Inc. v. Walker-Davis Publications, Inc.*, 762 F.2d 557, 561 (7th Cir. 1985).

The Sixth Circuit has instructed that if a party files a motion for reconsideration within ten days of entry of the challenged order or judgment, the review of such a motion should be the same as a motion to alter or amend judgment pursuant to Fed. R. Civ. P. 59(e). *See Inge v. Rock Financial Corp.*, 281 F.3d 613, 617 (6th Cir. 2002). A court may grant a Rule 59(e) motion to alter or amend a judgment based upon: (1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) to prevent manifest injustice. *GenCorp, Inc. v. American International Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999).

*3 Similarly, Fed. R. Civ. P. 60(b) provides for relief from a court order or judgment. In pertinent part, the Rule provides that

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order or proceeding for the following reasons: ... (2) newly discovered evidence which by due diligence could not have been

Case 2:12-md-02311-SFC-RSW ECF No. 2100-3, PageID.38263 Filed 11/16/20 Page 4 of 4

Ace Hardware Corporation v. Owosso Ace Hardware, Not Reported in Fed. Supp. (2008)
2008 WL 11399565

      discovered in time to move for a new trial under Rule 59(e)....

In order to prevail on a Rule 60(b)(2) motion, the moving party must show that he exercised due diligence in obtaining the information, that the evidence is material and controlling, and that the information would have produced a different result if presented before the original judgment. *Good v. Ohio Edison Co.*, 149 F.3d 413, 423 (6th Cir. 1998).

As indicated above, in requesting that the Court reconsider and grant them relief from judgment, Defendants here seek to have this Court consider an affidavit from a non-party, Jeannette Patti, which was attached to their Motion to Amend/Correct Witness List and Second Motion to Supplement the Record. However, as noted, Defendants have failed to provide sufficient reasons why they did not present this evidence earlier.

According to Ms. Patti's affidavit, she had contact with Mr. Merritt in September and October 2005. [Patti Affidavit, ¶¶ 4, 6.] She further claims she was informed of the "equity match" issue in "early 2007" and informed Ace Hardware by letter of her dissatisfaction on July 8, 2007. *Id.* ¶¶ 13, 14, 18. Defendants have not presented any evidence or justification as to why they did not present Ms. Patti's affidavit to the Court prior to September 24, 2007. The facts existed at the end of 2005 to the beginning of 2007. This evidence is not "new" and Defendants have offered no justification for their late attempt to produce this evidence when Plaintiff would have no real opportunity to investigate and refute the allegations.

Nonetheless, even if the Defendants were diligent, their attempt to supplement the record by way of an affidavit regarding the alleged activities of Robert Merritt concerning another unrelated franchise—*five years after the events giving rise to this action*—is immaterial and would not have produced a different result if presented to the Court before its ruling on the summary judgment motions.

In its September 28, 2007 Opinion and Order, the Court held that statements made by Robert Merritt to the Defendants could not, as a matter of law, serve as the basis to support Defendants' affirmative defense of fraud/misrepresentation, Defendants' counterclaim for violations of the Michigan Franchise Investment Law, and Defendants' counterclaim for fraud/misrepresentation. *See* 9/28/07 Opinion and Order pp. 27-30, 35-39; 43-45. (The Court also ruled that Defendants' claim of economic duress was not cognizable irrespective of any statements made by Robert Merritt, and that Ace substantially complied with the disclosure requirements of the MFIL irrespective of any statements made by Mr. Merritt. *Id.* at 31-32; 39-42.) Defendants have not raised any new legal arguments demonstrating that this Court's legal rulings were incorrect so as to demonstrate any palpable legal error. Since the statements of Robert Merritt cannot serve as a basis to support Defendants' arguments concerning their own dealings with Merritt or Ace, certainly statements by Mr. Merritt to unrelated third-parties regarding matters not related to this also cannot serve as a basis to support Defendants' claims. Simply stated, nothing in the Patti Affidavit would change the Court's disposition of this matter.

## CONCLUSION

**\*4** For all of the foregoing reasons,

IT IS HEREBY ORDERED that Defendants' Motion to Amend/Correct Witness List and Second Motion to Supplement Record **[Dkt. # 100]** is DENIED.

IT IS FURTHER ORDERED that Defendants' Motion for Reconsideration **[Dkt. # 107]** is DENIED.

**All Citations**

Not Reported in Fed. Supp., 2008 WL 11399565

---

**End of Document**        © 2020 Thomson Reuters. No claim to original U.S. Government Works.