# EXHIBIT C

| | | |
|---|---|---|
| **COTCHETT PITRE & McCARTHY LLP** | **ROBINS KAPLAN LLP** | **SUSMAN GODFREY L.L.P.** |
| 840 Malcolm Road, Suite 200 | 399 Park Avenue, Suite 3600 | 1901 Avenue of the Stars, Suite 950 |
| Burlingame, CA 94010 | New York, NY 10022 | Los Angeles, CA 90067-6029 |
| Tel: (650) 697-6000 | Tel: (212) 980-7400 | Tel: (310) 789-3100 |
| Fax: (650) 697-0577 | Fax: (212) 980-7499 | Fax: (310) 789-3150 |

*Via E-Mail and FedEx Overnight Mail*
info@refundrecoverygoup.com

January 12, 2021

Matthew Huppert
Kellogg, Hansen, Todd, Figel & Frederick, P.L.L.C
1615 M Street, N.W., Suite 400
Washington, DC 20036

     Re: *In re: Automotive Parts Antitrust Litigation*, No. 2:12-md-02311-MOB- MKM (E.D. Mich.)

Mr. Huppert:

  The undersigned are Court-appointed Co-Lead Counsel for the End-Payor Classes ("Co-Lead Counsel") in the above-referenced litigation ("*Auto Parts Litigation*"). Co-Lead Counsel are charged by the Court with protecting the interests of Settlement Class Members and ensuring that Settlement Class Members receive accurate information about the Settlements and the claims process. It has come to our attention that your client, Financial Recovery Services ("FRS"), has engaged in unauthorized and misleading communications with potential Settlement Class Members in the *Auto Parts Litigation*. Specifically, we have learned that FRS sent solicitations directly to potential Settlement Class Members incorrectly informing them that "[l]ate claims are still being accepted in the Automobile/Automotive Parts Class Action Settlement." If FRS does not immediately take the actions detailed below, we will seek an injunction from the District Court overseeing the *Auto Parts Litigation*. In addition, we reserve our right to take other appropriate action.

  As you no doubt are aware, the Court approved a carefully prepared Notice that was intended to constitute an authoritative statement from the Court about the Settlements and Settlement Class Members' options under the Settlements. That Notice, as well as other pertinent information regarding the Settlement, was made available and still is available to Settlement Class Members on a Court-approved website, www.AutoPartsClass.com. The website clearly states that "[t]he deadline to file a claim has passed. All claims must have been submitted online or postmarked by **June 18, 2020**." It is incorrect that the Claims Administrator is accepting late claims. In fact, the Claims Administrator has been instructed to deny both late-filed claims and claims filed with a place-holder that in no way identified the at-issue vehicles.

January 12, 2021
Page 2

As you are no doubt also aware, Co-Lead Counsel and the Court-approved Claims Administrator also worked to develop a Plan of Allocation and claims procedure that was designed to make the claims-filing process as simple as possible consistent with Federal Rule of Civil Procedure 23 and Due Process. Pursuant to the Court's orders granting final approval of the Settlements, a straightforward, official claim form was made available to Settlement Class Members on the aforementioned website and by phone and mail upon request.

We are informed that FRS has been soliciting potential Settlement Class Members in the *Auto Parts Litigation* (the "Solicitation"). The Solicitation referenced contains several examples of incorrect, incomplete, and/or misleading information that is likely to cause confusion amongst Class Members.

First, as mentioned above, the Solicitation falsely states that "[l]ate claims are still being accepted in the Automobile/Automotive Parts Class Action Settlement." That is untrue. The claims deadline passed on June 18, 2020, and claims filed after that date or claims that failed to identify the associated vehicles before that date are being denied as a matter of course.

Second, the Solicitation contains only a passing reference to the Court-approved website, which supplies claimants with, among other things: (1) simple instructions for submitting claims **without any charge**; (2) details about the litigation; and (3) the contact information for Co-Lead Counsel. In order for recipients of the Solicitation to find any mention of Co-Lead Counsel or the Court-appointed claims administrator, they must first visit frsco.com, click on "See Class Actions" on the home page, then hover over "Automotive Parts Indirect" and click on "Learn More" on the next page to bring up the pop-up window showing FRS's own summary of the action, and then scroll all the way down to the small text at the bottom of the pop-up. In addition, despite cherry-picking language directly from the Notice and stating only briefly at the very end of the document that Settlement Class Members "have the right to file on [their] own," nowhere does the document direct them to the Court-approved website by providing the URL. Nor does it provide any other information regarding how Settlement Class Members might have independently filed claims.

Third, several aspects of the Solicitation and the frsco.com website contain misleading statements that likely create confusion for potential Settlement Class Members who receive the Solicitation and/or visit the website. The representation that "FRS is still filing claims for new clients" despite the fact that the "deadline to file a claim has passed" misleadingly implies that FRS is **able** to file late-claims when individual claimants are unable to do so. Moreover, the Solicitation similarly states that FRS "can submit your organization's Claim(s) as soon as we receive the signed Authorization back from you." Of course, in reality, the deadline has already passed and no late claims are being accepted. The Solicitation also fails to mention the expired deadline at all.

In light of FRS's improper and misleading solicitations, Co-Lead Counsel demand that FRS complete the following actions within seven calendar days of receipt of this letter:

1. FRS must cease posting, sending, and/or distributing all versions of the Solicitation and remove ads with the Solicitation from all online platforms. FRS must also stop communicating altogether with potential Settlement Class Members who have not already filed claims regarding the *Auto Parts Litigation.*

January 12, 2021
Page 3

2. FRS must include reference to the Court-approved website, www.AutoPartsClass.com prominently on the frsco.com website, explain that the deadline to submit claims ***has already passed and that no new claims are being accepted***, and explain that FRS collects a fee for filing claims on behalf of Settlement Class Members and disclose that fee. Alternatively, FRS is free to remove mention of the Automotive Parts Indirect Purchaser Antitrust Class Action Settlements from the frsco.com website entirely.

3. FRS must provide written corrective disclosures to all potential claimants or potential Settlement Class Members who received the Solicitation in connection with the *Auto Parts Litigation* and explain that: (a) the claims deadline passed on June 18, 2020; (b) no new claims are being accepted and that FRS will not file any new claims on behalf of any claimant in the *Auto Parts Litigation*; (c) FRS is a for-profit entity that collects a fee from claimants and that claimants were able, before the claims deadline, to file a claim on their own without any charge and that they can obtain information regarding the litigation by visiting the Court-approved website or by contacting the Claims Administrator or Co-Lead Counsel; and (d) claimants have the right to revoke their agreements with FRS.  FRS must provide the undersigned Co-Lead Counsel with copies of all such corrective disclosures.

4. FRS must provide the undersigned Co-Lead Counsel with a contact list of all potential claimants who received the Solicitation at issue or who submitted a claim form on frsco.com in connection with the *Auto Parts Litigation*.

5. FRS must provide the undersigned Co-Lead Counsel with a written confirmation that FRS has completed all steps outlined in this letter.

Should FRS fail to carry out the above actions within the specified time period, we will promptly seek an order from the Court: (1) enjoining FRS's improper attempts to solicit potential Settlement Class Members; and (2) voiding all agreements stemming from FRS's improper solicitation efforts. We believe the Court will take misleading communications with potential Settlement Class Members at least as seriously as Co-Lead Counsel does. We also reserve the right to seek any other appropriate relief.

Very truly yours,

| */s/ Adam J. Zapala* | */s/ William Reiss* | */s/ Marc M. Seltzer* |
|:---:|:---:|:---:|
| Adam J. Zapala | William Reiss | Marc M. Seltzer |

*Co-Lead Counsel for End-Payor
Plaintiff Classes*