UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| IN RE: AUTOMOTIVE PARTS ANTITRUST LITIGATION | : : : : | Master File No. 12-md-02311 Honorable Sean F. Cox |
| THIS DOCUMENT RELATES TO: ALL END-PAYOR ACTIONS | : : : : : : : : : | |

**DECLARATION OF EMMA K. BURTON IN SUPPORT OF CLAIMANTS' REPLY MEMORANDUM IN SUPPORT OF ACCEPTANCE OF POST-DEADLINE CLAIM SUBMISSIONS**

I, Emma K. Burton, declare as follows.

1. I am an attorney at Crowell & Moring LLP and am counsel for the 25 class member claimants ("Claimants") who move this Court to reject End Payor Plaintiffs' ("EPPs") position denying post-deadline amendments filed by class members to timely filed claim forms and to order such submissions processed by the claims administrator and accepted in the class action settlements known as *In re: Automotive Parts Antitrust Litigation*, MDL No. 2311 (E.D. Mich.). Through my representation of Claimants, I have information relating to their claims to the End-Payor Settlements, and all of the statements in this Declaration are, unless otherwise indicated, based upon my information and belief.

2. During the relevant time period for the End-Payor Settlements, Claimants together purchased and leased over 70,000 new vehicles containing component parts manufactured and price fixed by Defendants, and incurred overcharges as a result of Defendants' illegal conduct.

3. Upon learning of their eligibility to participate in the End-Payor Settlements and before the June 18, 2021, claim filing deadline, Claimants filed claim forms with the claims administrator.

4. Claimants then worked diligently and expeditiously to collect complete vehicle information—including all VINs, identification of all makes, models, and model years, and all dates of purchase or lease—for more than 70,000 vehicles purchased or leased over the nearly 30-year period relevant to the End-Payor Settlements.

5. The majority of Claimants filed amendments with the claims administrator containing complete information for all claimed vehicles within 1-2 weeks of the June 18, 2020, claim filing deadline, and no more than 10 weeks for all Claimants as outlined below:

| Claimant ID | Amended Submission Date | Weeks from June 18, 2020 |
|---|---|---|
| 10021066 | 06/25/20 | 1 |
| 10016954 | 06/30/20 | <2 |
| 10021511 | 06/30/20 | <2 |
| 10021367 | 06/30/20 | <2 |
| 10022382 | 06/30/20 | <2 |
| 10022306 | 06/30/20 | <2 |
| 1008522 | 06/30/20 | <2 |
| 10025976 | 06/30/20 | <2 |
| 10144572 | 06/30/20 | <2 |
| 10145712 | 06/30/20 | <2 |
| 10018601 | 07/01/20 | <2 |
| 10020479 | 07/01/20 | <2 |
| 10021397 | 07/01/20 | <2 |
| 10144615 | 07/01/20 | <2 |
| 10145653 | 07/01/20 | <2 |
| 10150087 | 07/01/20 | <2 |
| 10022845 | 07/13/20 | <4 |
| 10022714 | 07/14/20 | <4 |
| 10022611 | 07/14/20 | <4 |
| 10022397 | 07/14/20 | <4 |
| 10022648 | 07/17/20 | <5 |
| 10021481 | 07/17/20 | <5 |
| 10021053 | 08/07/20 | <8 |
| 10172223 | 08/28/20 | 10 |
| 10180444 | 08/28/20 | 10 |

6.  In response to the amendments submitted by Claimants, the claims administrator confirmed receipt of 24 such submissions with boilerplate confirmation emails, and sent only 1 response regarding timeliness, in which the claims administrator represented that it would "notify [Claimant] once it is clear as to the determination of untimely submissions and whether they will be allowed for consideration in the Settlements." A copy of the June 26, 2020, email from Jeremy Bailey, Epiq Project Coordinator—redacted to remove claimant identification—is attached at **Exhibit A**.

2

7. To date, Claimants have not received any such notification from the claims administrator regarding the 25 amended submissions. Claimants first became aware of EPPs' intention to reject post-deadline submissions as untimely from review of EPPs' correspondence to FRS appearing as exhibits to FRS' Motion to Compel Acceptance and Processing of Vehicle Data, filed February 17, 2021.

8. Upon learning of EPPs' intention, Claimants reached out to class counsel Chanler Langham by email on February 24, 2021, to request a meet and confer regarding the 25 post-deadline submissions. A copy of my correspondence to Mr. Langham —redacted to remove claimant identification—is attached here at **Exhibit B**.

9. EPPs responded with availability to meet and confer only after filing a Response to FRS' Motion on March 3, 2021. On March 5, 2021, I met by phone with class counsel Chanler Langham, Jenna Farleigh, and William Reiss. During that call, class counsel indicated that EPPs are inclined to treat post-deadline submissions such as Claimants' as untimely, but nonetheless invited me to provide support for the acceptance and processing of post-deadline submissions as timely. A true and correct copy of my March 5, 2021, follow-up email to Messrs. Langham, Ross, and Ms. Farleigh providing that support is attached here at **Exhibit C**.

10. Claimants and EPPs were unable to reach resolution, forcing Claimants to preserve their claims in this action by filing the instant Reply Memorandum.

I certify under penalty of perjury that the foregoing is true and correct.

Executed this 10th day of March, 2021, in Washington, DC.

By: */s/ Emma K. Burton*
Emma K. Burton