# EXHIBIT C

| | |
|---|---|
| **From:** | Burton, Emma |
| **Sent:** | Friday, March 5, 2021 5:44 PM |
| **To:** | Chanler Langham; Jenna Farleigh; William Reiss |
| **Cc:** | Sasse, Daniel; Rives, Ann |
| **Subject:** | Re: Auto Parts End-Payor |
| **Attachments:** | In re Wire Harness - Order Authorizing Distribution - filed 2018-11-07.pdf; In re Wire Harness - Declaration of David Garcia - filed 2018-10-22.pdf; In re Occupant Safety Systems - Order Authorizing Distribution - filed 2017-04-18.pdf; In re Occupant Safety Systems - Declaration of Guy Thompson - filed 2017-02-14.pdf; RE: ▮▮▮▮▮▮ (Claimant ID 10021066) - Amended Claim Submission |

Chanler, Jenna, and Bill –

Thank you for taking the time to speak with us this morning regarding post-deadline amendments submitted by class members who previous filed timely claims without complete vehicle information in the Auto Parts End-Payor matter. As we discussed, we represent 25 class members who filed claim forms prior to the June 18, 2020, claim filing deadline and claim amendments no later than 10 weeks after the deadline. You stated that EPPs are inclined to treat such amended submissions as untimely, but invited us to provide support for our position that these submissions should be treated as timely.

Post-deadline claim submissions are routinely approved and paid out by courts. In fact, so-called "late claims" – in which *no filing of any kind* was made prior to the claim filing deadline – were approved in at least two of the Auto Parts Direct Purchaser cases **in this MDL**:

- *In re Wire Harness Cases*, No. 12-0101, ECF Nos. 566-1, 570 (E.D. Mich. 2018) – granting Direct Purchaser Plaintiffs' Motion for an Order Authorizing Distribution of the Settlement Fund, including approval of late-filed claims. The Motion was supported by a declaration from Epiq Client Services Director David Garcia, stating, "Epiq recommends that the 55 late-filed Claim Forms be considered timely because they did not materially delay the ultimate processing of the Claim Forms submitted on or before [the claim filing deadline]." Some of these 55 late-filed claims were filed more than 10 months after the deadline. Declaration and Order attached for reference.

- *In re Occupant Safety Sys. Cases*, No. 12-0601, ECF Nos. 144, 145 (E.D. Mich. 2017) – granting Direct Purchaser Plaintiffs' Motion for an Order Authorizing Distribution, including approval of late claims. The Motion was supported by a declaration from Epiq Project Manager Guy Thompson, indicating that, "Epiq recommends that the 66 late-filed Claim Forms be considered timely because they did not materially delay the ultimate processing of the Claim Forms submitted on or before [the claim filing deadline]." Some of these 66 late-filed claims were filed more than 5 months after the deadline. Declaration and Order attached for reference.

Other examples from the Eastern District of Michigan include:

   o *In re Refrigerant Compressors Antitrust Litig.*, No. 09-2042, ECF Nos. 607-1, 610 Case 4:13-md-02420-YGR (E.D. Mich. 2017). From the Motion for Distribution, approved by order dated March 10, 2017, "[n]one of [the late] claims were received so late as to interfere with the claims administration process."

Other examples from the Sixth Circuit include:

1

- *In re Polyurethane Foam Antitrust Litig.,* No. 10-2196, ECF Nos. 2086, 2095, 2172, 2184 (N.D. Ohio 2016). From the Motion for Distribution, approved by orders dated May 16, 2016 and Oct. 30, 2017, "late claims did not delay the completion of the claims administration process or distribution" and "Plaintiffs believe[d] it would have been unfair to prevent otherwise valid claims from participating in the distribution . . . solely because they were submitted after the cutoff dates."

In a December 2020 decision in the *Lithium-Ion Batteries Antitrust Litigation*, the court ordered the approval of over 1,200 late claims, including claims received five months after the claims deadline. The court emphasized that "including these late claims will not delay the claims and distribution process in any substantial way" and that "principles of equity and fairness support allowing the [late claims.]" No. 4:13-md-02420-YGR, ECF No. 2681 at 27-28 (N.D. Cal. 2020).

Three additional examples from the Northern District of California are outlined below – as well as 13 additional cases as listed at bottom – all included approval *en masse* of late-but-valid claims (without any individualized analysis of prejudice to other class members, or excusable neglect by late claimants).

- *In re TFT-LCD (Flat Panel) Antitrust Litig.*, No. 03-1827, ECF Nos. 9217, 9273 (N.D. Cal. 2014) – The court approved late claims submitted over 18 months after the claims deadline and ordered the claims administrator to "process all claims[,] . . . including auditing of claims as appropriate" filed as late as a month after the distribution motion was filed. Class counsel noted that "distribution has not been delayed as a result of any late-filed claims. Moreover, those claimants, like all other claimants, have been injured as a result of the same alleged wrongful conduct. . . . Additionally, because all claimants are similarly situated, none of them has a better right to recover than any other claimant; in other words, because no distribution delay has been occasioned by the processing of those claims, the first-filed claim is no more entitled to recover or to recover more per unit than the last claim received and processed before the distribution motion is filed. The whole point of these actions was to compensate as many injured claimants as possible." ECF No. 9217 at 7-8.

- *In re Dynamic Random Access Memory (DRAM) Antitrust Litig.*, No. 02-1486, ECF Nos. 2273, 2283 (N.D. Cal. 2016) – For late claims filed up to a year after the deadline, class counsel recommended – and the court granted – approval: "the distribution [was] not . . . delayed by the additional claims[,] . . . and considerations of overall fairness to the Settlement Class outweigh any prejudice to those class members who filed in the 'first wave' of claims by [the deadline]." Class counsel in *DRAM* cited *In re Cendant Corp. Prides Litig.*, 233 F.3d 188, 194-197 (3d Cir. 2000) noting that "until the fund created by settlement is actually distributed, the court retains its traditional equity powers to protect unnamed but interested persons; a court may assert this power to allow late-filed claims."

- *In re Capacitors Antitrust Litig.*, No. 14-3264, ECF Nos. 2228, 2228-1 (N.D. Cal. 2018) – Class counsel recommended, and the court granted, approval of late claims "[b]ecause the claims represent valid purchases, [and] it is in the interests of justice to pay them" with "no evident prejudice to other Settlement Class members from recognizing these claims as valid."

- *Additional Cases Approving Late Claims:*
    - *In re Air Cargo Shipping Servs. Antitrust Litig.*, No. 06-1775, ECF Nos. 1526-4, 1673 (E.D.N.Y. 2012).
    - *Axiom Inv. Advisors, L.L.C. v. Barclays Bank PLC*, No. 15-9323, ECF Nos. 135, 138 (S.D.N.Y. 2018).
    - *Kleen Prods., L.L.C. v. Int'l Paper Co.*, No. 10-5711, ECF Nos. 1454-3, 1457 (N.D. Ill. 2019).
    - *In re Credit Default Swaps Antitrust Litig.*, No. 13-2476, ECF Nos. 568, 570 (S.D.N.Y. 2016).
    - *Mylan Pharms., Inc. v. Warner Chilcott Pub. Ltd.*, No. 12-3824, ECF Nos. 686-1, 687 (E.D. Pa. 2015).
    - *In re Ductile Iron Pipe Fittings (DIPF) Direct Purchaser Antitrust Litig.*, No. 12-0711, ECF Nos. 493-2, 494 (D.N.J. 2019).
    - *In re Fasteners Antitrust Litig.*, No. 08-1912, ECF Nos. 140-1, 142 (E.D. Pa. 2014).
    - *In re Aftermarket Filters Antitrust Litig.*, No. 08-4883, ECF Nos. 1077, 1082 (N.D. Ill. 2014).
    - *In re Foreign Exch. Benchmark Rates Antitrust Litig.*, No. 13-7789, ECF Nos. 1216, 1230 (S.D.N.Y. 2019).

- *Precision Assocs., Inc. v. Panalpina World Transp. (Holding) Ltd.*, No. 08-0042, ECF Nos. 1517, 1535 (E.D.N.Y. 2019).
- *Dairy Farmers of Am., Inc. Cheese Antitrust Litig.*, No. 09-3690, ECF Nos. 786, 802 (N.D. Ill. 2016).
- *In re Steel Antitrust Litig.*, No. 08-5214, ECF Nos. 682, 686 (N.D. Ill. 2018).
- *In re Urethane Antitrust Litig.*, No. 04-1616, ECF Nos. 3275, 3301 (D. Kan. 2016).

We appreciate your willingness to consider these cases. We also wanted to note that in response to the 25 post-deadline amendments submitted by our clients, the claims administrator confirmed receipt of 24 and sent only 1 response regarding timeliness, in which the claims administrator represented that it would "notify [us] once it is clear as to the determination of untimely submissions and whether they will be allowed for consideration in the Settlements." (email from Jeremy Bailey, Epiq Project Coordinator, attached) To date, we have not received any such notification from the claims administrator regarding these 25 submissions.

It is our hope that we can reach a resolution on this issue without need for filing. We would be happy to discuss further and **would appreciate your response no later than Monday, March 8**, in light of the Wednesday, March 10 reply deadline.

Thanks,
Emma