# EXHIBIT 1-A

In addition to the cases identified in Claimants' Reply Memorandum in Support of Acceptance of Post-Deadline Claim Submissions, Claimants have identified the 17 recent cases below in which courts approved late claims without an individualized analysis of prejudice to the class or excusable neglect. In each of these cases, late claims were approved *en masse* where they did not delay the claims distribution process nor prejudice the class.

1. *In re Capacitors Antitrust Litig.*, No. 14-3264, ECF Nos. 2770-2, 2770-1 (N.D. Cal. 2021): class counsel and claims administrator recommends the approval of late claims "[b]ecause the claims represent valid purchases, [and] it is in the interests of justice to pay them" with "no evident prejudice to other Settlement Class members from recognizing these claims as valid"; approved by order dated Feb. 9, 2021. (App. Ex. 15 at 2:16-22; Ex. 16 at 4:13–22.)

2. *In re Ductile Iron Pipe Fittings (DIPF) Direct Purchaser Antitrust Litig.*, No. 12-0711, ECF Nos. 493-2, 494 (D.N.J. 2019): "[n]one of the claims were received so late as to interfere with the claims administration process"; approved by order dated Feb. 25, 2019. (App. Ex. 17 at 2; Ex. 18 at 2.)

3. *In re Foreign Exch. Benchmark Rates Antitrust Litig.*, No. 13-7789, ECF Nos. 1216, 1230 (S.D.N.Y. 2019): "no delay resulted from [the] acceptance" of late claims; approved by order dated Mar. 8, 2019. (App. Ex. 19 at 6; Ex. 20 at 3.)

4. *Kleen Prods., L.L.C. v. Int'l Paper Co.*, No. 10-5711, ECF Nos. 1454-3, 1457 (N.D. Ill. 2019): late claims "did not cause any delay in the processing of the administration overall"; approved by order dated Feb. 5, 2019. (App. Ex. 21 at 4; Ex. 22 at 6.)

5. *Precision Assocs., Inc. v. Panalpina World Transp. (Holding) Ltd.*, No. 08-0042, ECF Nos. 1517, 1535 (E.D.N.Y. 2019): "little prejudice and no disruption by allowing these late-submitted claims" in three separate settlement rounds; approved by order dated Apr. 5, 2019. (App. Ex. 23 at 17; Ex. 24 at 5.)

6. *Axiom Inv. Advisors, L.L.C. v. Barclays Bank PLC*, No. 15-9323, ECF Nos. 135, 138 (S.D.N.Y. 2018): "no delay in the claims distribution process was occasioned by [the] acceptance" of late claims; approved by order dated Sep. 14, 2018. (App. Ex. 25 at 4; Ex. 26 at 2.)

7. *In re Steel Antitrust Litig.*, No. 08-5214, ECF Nos. 682, 686 (N.D. Ill. 2018); class counsel instructed the administrator "to accept late [c]laims if doing so would not delay the claims administration process" and did not recommend denial of any late claims; approved by order dated Mar. 12, 2018. (App. Ex. 27 at 5 n.2; Ex. 28 at 2.)

8. *Dairy Farmers of Am., Inc. Cheese Antitrust Litig.*, No. 09-3690, ECF Nos. 786, 802 (N.D. Ill. 2016): "full forfeiture of the late claims would be an extreme consequence, especially

1

given that the common fund doctrine originates in equity"; approved by order dated Jan. 10, 2017. (App. Ex. 29 at 6-7; Ex. 30.)

9. *In re Credit Default Swaps Antitrust Litig.*, No. 13-2476, ECF Nos. 568, 570 (S.D.N.Y. 2016): late claims "ha[d] not caused significant delay in the distribution . . . or otherwise prejudiced any class member"; approved by order dated Oct. 31, 2016. (App. Ex. 31 at 5; Ex. 32.)

10. *In re Dynamic Random Access Memory (DRAM) Antitrust Litig.*, No. 02-1486, ECF Nos. 2273, 2283 (N.D. Cal. 2016): for late claims filed up to roughly one year after the deadline, "the distribution [was] not . . . delayed by the additional claims[,] . . . and considerations of overall fairness to the Settlement Class outweigh any prejudice to those class members who filed in the 'first wave' of claims by [the deadline]"; approved by order dated May 19, 2016, which directed the claims administrator to "process all claims received . . . before the date of [the o]rder." (App. Ex. 33 at 10-11; Ex. 34 at 5.)

11. *In re Polyurethane Foam Antitrust Litig.*, No. 10-2196, ECF Nos. 2086, 2095, 2172, 2184 (N.D. Ohio 2016): for multiple distributions, "late claims did not delay the completion of the claims administration process or distribution"; approved by orders dated May 16, 2016 and Oct. 30, 2017. (App. Ex. 1 at 11-15; Ex. 2; Ex. 3 at 3, Ex. 4 at 8.)

12. *In re Urethane Antitrust Litig.*, No. 04-1616, ECF Nos. 3301, 3302 (D. Kan. 2016): late claimants "are class members" for whom the "[s]ettlement [f]und was created" and class counsel "would rather err on the side of inclusion than exclusion and would recommend that they be allowed to participate in full in distributions"; approved by order dated Jul. 29, 2016. (App. Ex. 35 at 5; Ex. 36 at 2.)

13. *Mylan Pharms., Inc. v. Warner Chilcott Pub. Ltd.*, No. 12-3824, ECF Nos. 686-1, 687 (E.D. Pa. 2015): administrator "believe[d] no delay has resulted from the provisional acceptance of these Late, but Otherwise Eligible, Claims"; approved by order dated Nov. 23, 2015. (App. Ex. 37 at 7; Ex. 38 at 2.)

14. *In re Aftermarket Filters Antitrust Litig.*, No. 08-4883, ECF Nos. 1077, 1082 (N.D. Ill. 2014): "acceptance of the [late] claim did not delay the validation and distribution process"; approved by order dated Mar. 20, 2014. (App. Ex. 39 at 4; Ex. 40 at 2.)

15. *In re Fasteners Antitrust Litig.*, No. 08-1912, ECF Nos. 140-1, 142 (E.D. Pa. 2014): late claims "did not delay the ultimate processing of [timely claims]"; approved by order dated Nov. 17, 2014. (App. Ex. 41 at 2; Ex. 42 at 1.)

16. *In re TFT-LCD (Flat Panel) Antitrust Litig.*, No. 03-1827, ECF Nos. 9217, 9273 (N.D. Cal. 2014): court approved late claims submitted over 18 months after the claims deadline and ordered the claims administrator to "process all claims[,] . . . including auditing of claims as appropriate" filed as late as approximately one month after the distribution motion was filed. (App. Ex. 43 at 7:4–27; Ex. 44 at 2:23–4:10.)

17. *In re Air Cargo Shipping Servs. Antitrust Litig.*, No. 06-1775, ECF Nos. 1526-4, 1673 (E.D.N.Y. 2012): for late claims filed up to two years after the claim deadline, "[n]one of the

3

late claims interfered with or delayed the claim administration process"; approved by order dated May 1, 2012. (App. Ex. 45 at 4:9–12; Ex. 46 at 2.)