# EXHIBIT 16

Joseph R. Saveri (State Bar No. 130064)
Steven N. Williams (State Bar No. 175489)
Anupama K. Reddy (State Bar No. 324873)
Christopher K.L. Young (State Bar No. 318371)
**JOSEPH SAVERI LAW FIRM, INC.**
601 California Street, Suite 1000
San Francisco, California 94108
Telephone: (415) 500-6800
Facsimile: (415) 395-9940
Email: jsaveri@saverilawfirm.com
      swilliams@saverilawfirm.com
      areddy@saverilawfirm.com
      cyoung@saverilawfirm.com

*Lead Counsel for the Direct Purchaser Class*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE CAPACITORS ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO THE DIRECT PURCHASER CLASS ACTION | Master File No. 3:17-md-02801-JD<br>Civil Action No. 3:14-cv-03264-JD<br><br>**DECLARATION OF JOSEPH R. SAVERI IN SUPPORT OF DIRECT PURCHASER CLASS'S MOTION FOR AN ORDER AUTHORIZING DISTRIBUTION OF SETTLEMENT FUNDS FOR SECOND ROUND SETTLEMENTS WITH HITACHI CHEMICAL AND SOSHIN** |

I, Joseph R. Saveri, declare:

1. I am an attorney in good standing with the State Bar of California and admitted to practice in the Northern District of California. I am the founder of the Joseph Saveri Law Firm, Inc. ("JSLF"), Lead Class Counsel for the Direct Purchaser Class (the "Class") in this action. I have handled this action since its inception. Unless otherwise indicated, I have personal knowledge of the facts set forth herein. If called as a witness, I can and would testify competently to them. I make this Declaration pursuant to 28 U.S.C. § 1746.

2. This declaration is submitted in support of the Class's Motion for an Order Authorizing Distribution of Settlement Funds (the "Motion"). The Class requests that the Court issue an order

Master File No. 3:17-md-02801-JD
Case No. 3:14-cv-03264-JD

**DECLARATION OF JOSEPH R. SAVERI ISO DIRECT PURCHASER CLASS'S MOTION FOR AN ORDER AUTHORIZING DISTRIBUTION OF SETTLEMENT FUNDS FOR SECOND ROUND SETTLEMENTS**

1  authorizing distribution of settlement funds for the second round of the Class's settlements based on
2  the same procedures that the Court approved in its June 27, 2018 Order Authorization Distribution of
3  Settlement Funds for the first round of the Class's settlements (the "First Round Settlements"). MDL
4  ECF No. 248.

5        3.     The Class has secured settlement agreements (the "Settlements") with defendants
6  Hitachi Chemical Co., Ltd., Hitachi AIC, Inc., and Hitachi Chemical Co. America, Ltd. (collectively,
7  "Hitachi Chemical"); and Soshin Electric Co., Ltd. and Soshin Electronics of America Inc. (together,
8  "Soshin") (all Hitachi Chemical and Soshin entities collectively, the "Settling Defendants"; the
9  Settlements together, the "Round 2 Settlements" or "Second Round Settlements"). MDL ECF No.
10  172. The Settlements total $66,900,000 (the "Settlement Funds") and other valuable non-cash
11  consideration.

12        4.     After conducting a fairness hearing, the Court entered an order on June 28, 2018
13  granting final approval of the Settlements with respect to the Settling Defendants (the "Final Approval
14  Order"). MDL ECF No. 249. Pursuant to the Court's Order, the notice plan has been completed.
15  Members of the Settlement Class, as defined in the Final Approval Order, *id.*, at ¶ 4, have submitted
16  claims to share in the Settlement Funds. The claims administrator has reviewed, analyzed, audited, and
17  processed the submitted claim forms ("Claim Forms") pursuant to the Final Approval Order.

18        5.     The Court has approved the allocation plan for distributing the Settlement Funds (the
19  "Allocation Plan"). MDL ECF No. 249, at ¶ 12. In particular, that Allocation Plan provides that
20  Settlement Funds should be distributed based on each claimant's *pro rata* share of capacitors directly
21  purchased from Defendants during the relevant time period. MDL ECF No. 172, at 19-20; ECF No.
22  1989, at 23-24. In so doing, the Claims Administrator will "calculate the dollar value of each Settlement
23  Class member's claim in proportion to the total claims submitted." *Id*, at 24.

24        6.     The Claims Administrator has complied with the Allocation Plan.

25        7.     Upon issuing the Final Approval Order, the Court entered final judgments against the
26  Settling Defendants. MDL ECF Nos. 330 & 331. No appeals were filed, and the Second Round
27  Settlements are now final.

28

Master File No. 3:17-md-02801-JD
Case No. 3:14-cv-03264-JD      2

**DECLARATION OF JOSEPH R. SAVERI ISO DIRECT PURCHASER CLASS'S MOTION FOR AN ORDER
AUTHORIZING DISTRIBUTION OF SETTLEMENT FUNDS FOR SECOND ROUND SETTLEMENTS**

8. Class Counsel has secured the payment of all Settlement funds from Settling Defendants and placed the funds in appropriate escrow accounts that require an order of this Court for any distributions therefrom.

9. Based on my review of the relevant banking statements and other business records from our accounting department the Settling Defendants have deposited a combined total of $66,900,000 into escrow accounts with Citibank, N.A., in payment of the Settlements.

10. The Round 2 Settlements have earned interest in the amount of 164,280.26 to date.

11. On September 21, 2018, the Court entered an Order granting the Class's motion for attorneys' fees in the amounts of $16,725,000 for fees accrued as of December 31, 2017, and $6,690,000 for partial reimbursement of costs and expenses advanced on behalf of the Settlement Class during the same period. MDL ECF No. 332.

12. After deducting attorneys' fees and costs awarded by the Court, *id.*, previously reimbursed costs and fees to the Claims Administrator, and any outstanding amounts in Claims Administrator expenses that will be approved by the Court, there will be $43,384,769.68 available for distribution to the Settlement Class in the escrow accounts.

13. Settlement Class Members Cisco Systems, Inc. and Aptiv Services US, LLC fka Delphi Automotive LLP ("Cisco and Aptiv") objected to the Class's initial motion for an authorizing distribution of settlement funds. *See* MDL ECF No. 391. The Court submitted the dispute between the Class and Settlement Class Members to a Special Master pursuant to Federal Rule of Civil Procedure 53. MDL ECF No. 521. The Court subsequently adopted the Special Master's Report and Recommendation ("R&R"; MDL ECF No. 821), and Supplemental Report and Recommendation ("Supp. R&R"; MDL ECF No. 995), MDL ECF No. 1343.

14. Consistent with the Court's guidance, Class Counsel directed the Claims Administrator to give notice to Settlement Class members about their right to supplement their claims in relation to the Round 2 Settlements with claims for incorporated capacitors. No additional Class members supplemented their Round 2 Settlement claims with claims for incorporated capacitors.

Master File No. 3:17-md-02801-JD
Case No. 3:14-cv-03264-JD

3

DECLARATION OF JOSEPH R. SAVERI ISO DIRECT PURCHASER CLASS'S MOTION FOR AN ORDER
AUTHORIZING DISTRIBUTION OF SETTLEMENT FUNDS FOR SECOND ROUND SETTLEMENTS

|   |   |
|---|---|
| 1 | 15. On December 4, 2020, the Special Master issued its Special Master's Report and Recommendation Regarding the Valuation of Cisco and Aptiv's Incorporated Capacitor Claims (the "Valuation R&R") recommending that Cisco and Aptiv's incorporated capacitor claims be "valued at 65% of the proportionate rate that DPPs receive for unincorporated capacitor claims." MDL ECF No. 1440. |

16. The Class and Cisco and Aptiv each raised no objections to the Valuation R&R and stipulated that the Court should adopt the Valuation in R&R in full. MDL ECF No. 1466.

17. To facilitate the expeditious payment of the Second Round Settlement funds, which have been in abeyance for over two years pending the resolution of Cisco and Aptiv's dispute, and in anticipation of the Court adopting the Valuation R&R, Class Counsel directed the Claims Administrator to analyze, audit and review each claimant's *pro rata* share—including claims for incorporated capacitors—consistent with the Valuation R&R.

18. ==Class Counsel agrees with the Claims Administrator's recommendation that the Court should approve payment of certain late-submitted claims that are otherwise valid and eligible for payment. A total of 48 claimants submitted claims that were otherwise eligible for payment after the April 23, 2018 filing deadline set by the Court in its March 2, 2018 Preliminary Approval Order (and allowing for one week for mail delivery) MDL ECF No. 98, ¶ 16. The amount of valid commerce represented by the late claims is less than 3% of the commerce represented by timely claims. Because the claims represent valid purchases, it is in the interests of justice to pay them. *See, e.g.*, *In re Orthopedic Bone Screw Prods. Liab. Litig.,* 246 F.3d 315, 316-317 (3d Cir. 2001). The Claims Administrator recommends, and Class Counsel agree, that the Court should approve payment of late-submitted claims that are otherwise valid and eligible for payment.==

19. The Court previously approved a partial payment of the Claims Administrator's invoices related to the Round 2 Settlements in the amount of $253,729.70. MDL ECF No. 1178. The Claims Administrator has provided Class Counsel with invoices totaling $ 259,510.58 for expenses incurred in relation to administration fees and expenses ($188,038.58 in administration fees and $71,472.00 in expenses for publication notice ordered by the Court) for the Round 2 Settlements. The Claims

Master File No. 3:17-md-02801-JD
Case No. 3:14-cv-03264-JD

4

DECLARATION OF JOSEPH R. SAVERI ISO DIRECT PURCHASER CLASS'S MOTION FOR AN ORDER AUTHORIZING DISTRIBUTION OF SETTLEMENT FUNDS FOR SECOND ROUND SETTLEMENTS

Administrator has provided outstanding invoices of $5,780.88 for administration fees and estimates an additional set fee of $5,000 for future work in administering the settlement fund to completion, for a total amount of $10,780.88. Class Counsel has reviewed the invoices and recommends the outstanding amount for payment.

I declare under penalty of perjury that the foregoing is true and correct. Executed on January 7, 2021.

By:     */s/ Joseph R. Saveri*
         Joseph R. Saveri

Master File No. 3:17-md-02801-JD
Case No. 3:14-cv-03264-JD

5

**DECLARATION OF JOSEPH R. SAVERI ISO DIRECT PURCHASER CLASS'S MOTION FOR AN ORDER AUTHORIZING DISTRIBUTION OF SETTLEMENT FUNDS FOR SECOND ROUND SETTLEMENTS**