# EXHIBIT 22

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KLEEN PRODUCTS LLC, *et al.*, individually and on behalf of all those similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>INTERNATIONAL PAPER CO., *et al.*,<br><br>Defendants. | Case No. 1:10-cv-05711<br><br>Hon. Harry D. Leinenweber |

**ORDER APPROVING: (1) DEADLINE FOR OBJECTIONS TO
FINAL DETERMINATION OF QUALIFIED CLAIMS, ALLOWED CLAIMS,
ALLOWED PURCHASES, AND PAYMENT AMOUNTS TO QUALIFIED
CLAIMANTS; (2) ADOPTION OF PREVIOUSLY APROVED PLAN OF
DISTRIBUTION TO PCA AND NORAMPAC SETTLEMENT FUNDS,
CONSOLIDATION OF ESCROW ACCOUNTS, FINAL PAYMENT OF
SETTLEMENT ADMINISTRATION FEES, AND PAYMENT OF INCOME TAXES;
AND (3) FORMS AND METHODS OF NOTICE TO QUALIFIED CLAIMANTS**

WHEREAS, Plaintiffs Kleen Products LLC, R.P.R. Enterprises, Inc., Mighty Pac, Inc., Ferraro Foods, Inc., Ferraro Foods of North Carolina, LLC, MTM Packaging Solutions of Texas, LLC, RHE Hatco, Inc., and TransPak, Inc. (collectively, "Plaintiffs"), by and through their counsel of record, have moved the Court to approve: (1) a proposed deadline for objections to the final determination of Qualified Claims, Allowed Claims, Allowed Purchases, and payment amounts to Qualified Claimants; (2) adoption and application of the previously approved plan of distribution (ECF No. 1382) for the Settlement with Defendants International Paper Company, Temple-Inland LLC/TIN LLC, and Weyerhaeuser Company ("Three-Defendant Settlement") to the distribution of funds from the earlier combined settlements of $22.4 million with Packaging Corporation of America ("PCA") and Cascades Canada ULC/Norampac Holdings U.S., Inc. (collectively "Norampac"),

consolidation of the two existing settlement escrow accounts, final payment of settlement administration fees, and payment of income taxes; and (3) proposed forms and methods of notice to Qualified Claimants;[1]

WHEREAS, the Court previously granted final approval of Plaintiffs' separate settlements with Defendants: (1) Packaging Corporation of America ("PCA") (ECF No. 734); (2) Cascades Canada ULC/Norampac Holdings U.S., Inc. (collectively "Norampac") (ECF No. 902); and (3) International Paper Company, Temple-Inland LLC/TIN LLC, and Weyerhaeuser Company ("Three-Defendant Settlement") (ECF No. 1411);

WHEREAS, under the terms the Three-Defendant Settlement (ECF No. 1351-1 at p. 14), the Pretrial Period (defined therein) expired on October 17, 2018, thereby nullifying the Reduction Clause (also defined therein);

WHEREAS, on December 7, 2018, a three-judge panel of the Seventh Circuit Court of Appeals upheld this Court's summary judgment ruling in favor of Defendants Georgia-Pacific LLC and WestRock CP, LLC and Plaintiffs opted to not further appeal the Seventh Circuit ruling;

WHEREAS, the Court-designated Claims Administrator A.B. Data, Ltd. made a first distribution of $166,583,868.75 to Qualified Claimants, which was effectuated by A. B. Data: (1) disseminating Notice; (2) serving as the central contact point for Class Member inquiries, communications, and claims; (3) receiving, reviewing and processing Claim Forms; (4) calculating each Qualified Claimant's share of the net Three-Defendant Settlement Funds; and (5) distributing funds pursuant to those calculations;

---

[1] Plaintiffs also moved for reimbursement of unpaid Class Counsel expenses, an award of attorneys' fees from the PCA and Norampac Settlements, payment of incentive awards to the Class Representatives, and leave to make a final distribution of the balance of the combined settlement funds (*see* ECF No. 1454) and will submit a separate proposed Order covering those matters after providing notice to the Class.

2

WHEREAS, Pursuant to the Plan of Distribution approved by the Court on October 17, 2017 (ECF No. 1411), A.B. Data, supervised by Co-Lead Counsel, also made determinations regarding each claimant's eligibility ("Allowed Claimants" and "Allowed Claims"), their Allowed Purchases, and *pro rat*a Payment Amounts to Allowed Claimants;

WHEREAS, Claim Forms sent to Class Members were pre-populated with purchase amounts based on Defendants' records produced in discovery and Claimants had the option to (1) accept the pre-populated amounts, (2) attempt to amend the claim form's pre-populated amounts supported by full documentation of the revised amounts,[2] or (3) download general claim forms that were not pre-populated, calculate their own purchase amounts and submit full supporting documentation;

WHEREAS, A.B. Data examined each submitted claim form, communicated with claimants, and ultimately determined Allowed Claimants, Allowed Claims, Allowed Purchases and Payment Amounts;

WHEREAS, A.B. Data recommends that the Court approve A.B. Data's administrative determinations in connection with the first distribution to: (a) accept late claims received from Class members by July 15, 2018, perfected claims received between July 15, 2018 and September 25, 2018, and all corrective correspondence received by September 25, 2018; and (b) reject as

---

[2] The Claim Form (ECF No. 1409-1, Exhibits 4A-C) approved by the Court (ECF No. 1411) described acceptable proof of purchase documentation for claimants who did not accept the pre-populated amounts: "Claimants that believe that these [pre-populated] amounts are not correct for any reason may strike out the amounts below and indicate the correct amounts. If the amounts below are struck, new amounts entered must be supported with proof of purchase documentation indicating the total purchases for which you are submitting a claim. Supporting documentation should include the product name, number of units, date of purchase, defendant purchased from, and net purchase amount." Co-Lead Counsel instructed A.B. Data not to accept non-compliant documentation. Affidavits and declarations were not accepted as proof of purchase documentation.

3

untimely all deficient claims received after July 17, 2018 and any other claims or corrective correspondence received after September 25, 2018;

WHEREAS, to implement these recommendations, Co-Lead Counsel ask that the Court set a deadline of 35 days after publication and mailing of notice to Qualified Claimants for objections to these administrative determinations regarding Allowed Claims, Allowed Purchases and Payment Amounts to Qualified Claimants;

WHEREAS, Co-Lead Counsel further propose that they respond to any such objection no later than 14 days after the deadline and that the Court set a hearing date 60 days after publication and mailing of notice;

WHEREAS, after the first distribution and payment of previously awarded attorneys' fees from the Three-Defendant Settlement, the remaining balance in that Fund is $82,888,560.88 and the balance in the PCA/Norampac Settlement Fund is $14,078,111.36 after deducting advancements of expenses previously approved by the Court;

WHEREAS, the funds from the Three-Defendant Settlement and the PCA/Norampac Settlement presently are maintained in separate interest-bearing escrow accounts managed by the settlement escrow agent, The Huntington National Bank;

WHEREAS, for efficiency purposes and to simplify the proposed final distribution, Plaintiffs seek leave to combine those funds into a single escrow account;

WHEREAS, Plaintiffs also seek leave to pay income taxes on the interest earned in those accounts and additional settlement administration fees from the remaining combined Settlement fund;

4

WHEREAS, in addition to work previously performed by A. B. Data (*see* ECF Nos. 1435, 1439), A.B. Data continues to expend significant time and resources in administering a complex claims process involving over 150,000 Class members;

WHEREAS, A.B. Data currently has $142,857.29 in unpaid invoices for work performed since August 1, 2018 and expects to incur additional, though substantially less, expense to complete the claims administration process;

WHEREAS, Plaintiffs seek leave to pay both current and future A.B. Data invoices from the remaining combined Settlement proceeds;

WHEREAS, following payment of all the items mentioned above and this Court's ultimate ruling on Plaintiffs' requests for payment of unreimbursed expenses, additional attorneys' fees, and Class Representative incentive awards, Plaintiffs propose to distribute the balance of the combined Settlement funds to the Class pursuant to the same plan of distribution (ECF No. 1382) previously approved by the Court (ECF No. 1411) and implemented by A.B. Data with respect to the first distribution of funds from the Three-Defendant Settlement;

WHEREAS, Co-Lead Counsel propose to provide notice to Qualified Claimants both by mail and by publication advising them of what has transpired in the case since the last notice, the deadline for objections to the initial determinations of Allowed Claims, Allowed Purchases and Payment Amounts, and the request for additional attorneys' fees, reimbursement of expenses and Class Representative incentive awards; and

WHEREAS, Plaintiffs propose that Individual Notice be sent via first class mail to all entities already identified by A.B. Data as Qualified Claimants and that summary notice be provided by publication in the national edition of *The Wall Street* Journal, with A.B. Data also publishing both forms of Notice on the website www.containerboardproductscase.com;

5

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED:**

1. The Court approves A.B. Data's administrative determinations in connection with the first distribution to: (a) accept late claims received from Class members by July 15, 2018, perfected claims received between July 15, 2018 and September 25, 2018, and all corrective correspondence received by September 25, 2018; and (b) reject as untimely all deficient claims received after July 17, 2018 and any other claims or corrective correspondence received after September 25, 2018.

2. The Court sets a deadline of 35 days after publication and mailing of notice to Qualified Claimants for objections to these administrative determinations regarding Allowed Claims, Allowed Purchases and Payment Amounts to Qualified Claimants.

3. Co-Lead Counsel shall respond to any such objection no later than 14 days after the deadline and that the Court will hold a hearing no sooner than 60 days after publication and mailing of notice.

4. Plaintiffs are granted leave to combine the funds from the Three-Defendant Settlement and the PCA/Norampac Settlement into a single interest-bearing escrow account managed by the settlement escrow agent, The Huntington National Bank.

5. Plaintiffs are granted leave to pay (a) income taxes on the interest earned in the existing separate escrow accounts, (b) currently unpaid A.B. Data invoices, and (c) additional settlement administration fees from the remaining combined Settlement funds.

6. Following payment of all items mentioned above and this Court's ultimate ruling on Plaintiffs' requests for payment of unreimbursed expenses, additional attorneys' fees, and Class

6

Representative incentive awards, Plaintiffs may distribute the balance of the combined Settlement funds to the Class pursuant to the same plan of distribution (ECF No. 1382) previously approved by the Court (ECF No. 1411) and implemented by A.B. Data with respect to the first distribution of funds from the Three-Defendant Settlement.

7.  Co-Lead Counsel will provide notice to Qualified Claimants both by mail and by publication advising them of what has transpired in the case since the last notice, the deadline for objections to the initial determinations of Allowed Claims, Allowed Purchases and Payment Amounts, and the request for additional attorneys' fees, reimbursement of expenses and Class Representative incentive awards.

8.  Individual Notice will be sent via first class mail to all entities already identified by A.B. Data as Qualified Claimants and summary notice will be provided by publication in the national edition of *The Wall Street* Journal, with A.B. Data also publishing both forms of Notice on the website www.containerboardproductscase.com.

SO ORDERED.

Dated this 5th day of February, 2019.

_____
Harry D. Leinenweber
United States District Court Judge-

7