# EXHIBIT 26

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: _9/14/2018_

AXIOM INVESTMENT ADVISORS, LLC,
by and through its Trustee, Gildor
Management LLC,

                    Plaintiff,

     v.

BARCLAYS BANK PLC and BARCLAYS
CAPITAL INC.,

                    Defendants.

Case No. 15-CV-09323 (LGS)

**CLASS DISTRIBUTION ORDER**

WHEREAS Plaintiff Axiom Investment Advisors, LLC, by and through its Trustee, Gildor Management LLC ("Plaintiff"), has moved this Court for entry of this Class Distribution Order in the above-captioned class action (the "Action"), and the Court having considered all materials and arguments submitted in support of the Motion, including the Declaration of Ellen E. Riley (the "Riley Declaration") and Memorandum of Law in Support of Plaintiff's Motion for an Order Approving the Distribution of the Net Settlement Fund submitted therewith;

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1.      This Order hereby incorporates by reference the definitions in the Stipulation and Amended Agreement of Settlement filed April 20, 2016 (ECF No. 64-1) (the "Stipulation"), and all capitalized terms, unless otherwise defined herein, shall have the same meanings as set forth in the Stipulation or the Riley Declaration.

2.      The Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all Class Members.

3.  Plaintiff's plan for distributing the Net Settlement Fund to Authorized Claimants is **APPROVED**. Accordingly,

a.  The administrative recommendations of the Court-approved Claims Administrator, Garden City Group, LLC ("GCG"), to accept the Timely Eligible Claims set forth in Exhibit A-1 to the Riley Declaration and the Late, but Otherwise Eligible Claims set forth in Exhibit A-2 to the Riley Declaration are adopted;

b.  GCG's administrative recommendations to reject the wholly ineligible or otherwise deficient claims set forth in Exhibit A-3 to the Riley Declaration are adopted;

c.  GCG will calculate award amounts for all Authorized Claimants as if the entire Net Settlement Fund, after deducting all payments approved by the Court, including those payments approved herein, and any estimated payments for future fees or any expenses incurred in connection with administering the Net Settlement Fund, as well as any further escrow fees, taxes, and the costs of preparing appropriate tax returns, were to be distributed now by calculating each Authorized Claimant's *pro rata* share of the fund in accordance with the Court-approved Plan of Distribution (an Authorized Claimant's "Distribution Amount").

d.  GCG will then conduct an "Initial Distribution" of the Net Settlement Fund as follows:

i.  Authorized Claimants whose Distribution Amounts are less than $100 will be paid their full Distribution Amounts ("Claims Paid in Full"). These Authorized Claimants will receive no additional funds in any subsequent distributions.

  ii.  After deducting the payments to the Claims Paid in Full, 90% of the remaining balance of the Net Settlement Fund will be distributed to Authorized Claimants whose Distribution Amounts are $100 or more.

  iii.  The remaining 10% of payments will be held in reserve (the "Reserve") to address any contingencies that may arise and/or to pay for any future fees or expenses incurred in connection with administering the Net Settlement Fund that are authorized by the Court, as well as any further escrow fees, taxes, and the costs of preparing appropriate tax returns. To the extent the Reserve is not depleted, the remainder will be distributed in subsequent distributions.

  e.  In order to encourage Authorized Claimants to promptly deposit their distribution checks, and to avoid or reduce future expenses relating to unpaid distribution checks, all distribution checks will bear a notation "DEPOSIT PROMPTLY; VOID AND SUBJECT TO RE-DISTRIBUTION IF NOT NEGOTIATED BY [DATE 90 DAYS AFTER ISSUE DATE]." Class Counsel and GCG are authorized to take appropriate action to locate and/or contact any Authorized Claimant who has not deposited his, her, or its check within said time, as detailed in paragraph 37(e) of the Riley Declaration.

  f.  Authorized Claimants who do not deposit their distribution checks within the time allotted will irrevocably forfeit all recovery from the Net Settlement Fund. The funds allocated to all such stale-dated checks will be available for re-distribution to other Authorized Claimants, if Class Counsel, in consultation with GCG, determines that it is cost effective to conduct a second distribution. Similarly, Authorized Claimants who do not deposit their second or subsequent distributions (should such distributions occur)

within the time allotted will irrevocably forfeit any further recovery from the Net Settlement Fund.

  g.  After GCG has made reasonable and diligent efforts to have Authorized Claimants deposit their distribution checks, GCG shall, if Class Counsel, in consultation with GCG, determines that it is cost-effective to do so, conduct a second distribution (the "Second Distribution"), pursuant to which any amount remaining in the Net Settlement Fund after the Initial Distribution (including the Reserve and any funds from void stale-dated or returned checks), after deducting GCG's fees and expenses incurred in connection with administering the Settlement for which it has not yet been paid (including estimated costs of such Second Distribution, subject to Court approval), escrow fees, taxes, and the costs of preparing appropriate tax returns, would be distributed to all Authorized Claimants from the Initial Distribution who cashed their first distribution payments and who are entitled to at least $10.00 from such redistribution based on their *pro rata* share of the remaining funds.

  h.  Additional redistributions, after deduction of costs and expenses as described above and subject to the same conditions, may occur thereafter until Class Counsel, in consultation with GCG, determines that further redistribution is not cost-effective.

  i.  At such time as Class Counsel, in consultation with GCG, determines that further redistribution of the funds remaining in the Net Settlement Fund is not cost-effective, the remainder after the payment of any fees or expenses incurred in connection with administering the Net Settlement Fund that are authorized by the Court, escrow fees, taxes, and the costs of preparing appropriate tax returns, shall be contributed to not-for-

profit 501(c)(3) organization(s) to be recommended by Class Counsel and approved by the Court.

4.      Unless otherwise ordered by the Court, no Proof of claim and release form ("Proof of Claim") received after September 11, 2018, may be accepted for payment, and no further adjustments to Proofs of Claim received on or before September 11, 2018, may be made for any reason after September 11, 2018. All persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the Proofs of Claim submitted herein, or otherwise involved in the administration or taxation of the Settlement Fund or the Net Settlement Fund, are hereby released and discharged from any and all claims arising out of such involvement, and all Class Members, whether or not they receive payment from the Net Settlement Fund, are hereby barred from making any further claims against the Net Settlement Fund, Plaintiff, Class Counsel, the Claims Administrator, the Escrow Agent, or any other agent retained by Plaintiff or Class Counsel in connection with the administration or taxation of the Settlement Fund or the Net Settlement Fund, or any other person released pursuant to the Stipulation, beyond the amounts allocated to Authorized Claimants.

5.      GCG and Velador Associates' fees and expenses incurred in connection with the administration of the Settlement, and GCG's estimated fees and expenses expected to be incurred in connection with the Initial Distribution of the Net Settlement Fund, are approved. Class Counsel is authorized to make payments of up to $320,180.72 in payments from the Settlement Fund to GCG and Velador Associates for such purposes.

6.      Unless otherwise ordered by the Court, one year after all funds have been distributed, GCG shall destroy the paper and electronic copies of the Proofs of Claim and all supporting documentation of the same.

7.     This Court retains jurisdiction to consider any further applications concerning the

administration of the Settlement, and such other further relief as this Court deems appropriate.

IT IS SO ORDERED.


Dated: September 14, 2018
          New York, New York


**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on September 11, 2018, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the email addresses denoted on the Electronic Mail Notice List.

      s/ Christopher M. Burke
Christopher M. Burke