# EXHIBIT 43

| | |
|---|---|
| Francis O. Scarpulla (41059) | Joseph M. Alioto (42680) |
| Craig C. Corbitt (83251) | Theresa D. Moore (99978) |
| Judith A. Zahid (215418) | ALIOTO LAW FIRM |
| Patrick B. Clayton (240191) | One Sansome Street, 35th Floor |
| Qianwei Fu (242669) | San Francisco, CA 94104 |
| Heather T. Rankie (268002) | Telephone: (415) 434-8900 |
| ZELLE HOFMANN VOELBEL & MASON LLP | Facsimile: (415) 434-9200 |
| 44 Montgomery Street, Suite 3400 | *jmalioto@aliotolaw.com* |
| San Francisco, CA 94104 | |
| Telephone: (415) 693-0700 | |
| Facsimile: (415) 693-0770 | |
| *fscarpulla@zelle.com* | |

*Co-Lead Class Counsel for Indirect-Purchaser Plaintiffs*

[Additional counsel listed on signature pages]

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE TFT-LCD (FLAT PANEL) ANTITRUST LITIGATION | Case No. 3:07-md-1827 SI |
| | **CLASS ACTION** |
| This Document Relates to: | **INDIRECT-PURCHASER PLAINTIFFS' AND SETTLING STATES' JOINT NOTICE OF MOTION AND MOTION TO APPOINT FUND ADMINISTRATOR AND DISTRIBUTE SETTLEMENT FUND TO** |
| Indirect-Purchaser Class Action; | |
| *State of Missouri, et al. v. AU Optronics Corporation, et al.*, Case No. 10-cv-03619-SI; | **(1) APPROVED CLASS CLAIMANTS;** **(2) THE SETTLING STATES' PROPRIETARY CLAIMANTS;** |
| *State of Florida v. AU Optronics Corporation, et al.*, Case No. 10-cv-3517 SI; and | **(3) THE NAMED PLAINTIFFS/CLASS REPRESENTATIVES FOR INCENTIVE AWARDS;** |
| *State of New York v. AU Optronics Corporation, et al.*, Case No. 11-cv-0711-SI. | **(4) COUNSEL FOR SETTLING STATES AS ATTORNEYS' FEES; AND** **(5) CLASS COUNSEL AS ATTORNEYS' FEES** |
| | Hearing Date: October 17, 2014 Time: 9:00 a.m. Courtroom: 10, 19th Floor Judge: Honorable Susan Illston |

1 **NOTICE OF MOTION AND MOTION**

2 TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

3     **PLEASE TAKE NOTICE** that on October 17, 2014, at 9:00 a.m. or as soon thereafter as
4 the matter can be heard before the Honorable Susan Illston of the United States District Court for
5 the Northern District of California, located at 455 Golden Gate Avenue, San Francisco, California,
6 94102, Class Counsel for the Indirect-Purchaser Plaintiffs and the Attorneys General of the States
7 of Arkansas, California, Florida, Michigan, Missouri, New York, West Virginia, and Wisconsin,
8 will, and hereby do, jointly move the Court for an order appointing Rust Consulting, Inc. ("Rust")
9 as the Fund Administrator, and authorizing distribution from the Settlement Fund in accordance
10 with the Court's previous orders.

11     This motion is based on this Notice, the accompanying Memorandum of Points and
12 Authorities, the Declaration of Robin M. Niemiec of Rust, and any arguments and evidence that
13 may be presented at any hearing before this Court on this motion, all transcripts of prior
14 proceedings before this Court, and on all other pleadings and papers on file in this action.

i
INDIRECT-PURCHASER PLAINTIFFS' AND SETTLING STATES' JOINT NOTICE OF MOTION AND
MOTION TO APPOINT FUND ADMINISTRATOR AND DISTRIBUTE SETTLEMENT FUND
MDL 3:07-md-1827 SI

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

These actions have been settled with each of the defendants, under settlement agreements that provide for injunctive relief and payments totaling $1.082 billion (the "Settlement Fund"). The Court approved the settlements, the plan of distribution, attorneys' fees and expenses to both Class Counsel and counsel for the Settling States, as well as incentive awards to the named plaintiffs/class representatives. All appeals have been dismissed. The Indirect-Purchaser Plaintiffs ("IPPs"), through Co-Lead Class Counsel, and the States of Arkansas, California, Florida, Michigan, Missouri, New York, West Virginia and Wisconsin ("Settling States"), through their respective Attorneys General, now jointly move this Court for an order appointing Rust Consulting, Inc. ("Rust") as the Fund Administrator and authorizing distribution of the Net Settlement Fund (*i.e.*, the Settlement Fund less all costs and expenses plus any amount reserved to pay future costs, taxes, fees, and other necessary expenses) to claimants, to Class Counsel, to the Settling States, to Settling States' counsel, and to the IPP class representatives, all in accordance with the Court's prior orders.

As explained below, Rust, the Court-appointed Claims Administrator (and proposed Fund Administrator), has processed approximately 233,000 valid claims for purchases of more than 16 million computer monitors, laptop computers, and TVs containing LCD panels. *See* Declaration of Robin M. Niemiec of Rust, Notice and Claims Administrator, In Support of IPP Mot. To Authorize Distribution of Settlement Fund ("Niemiec Decl."), filed herewith. Under the plan of distribution, subject to Court approval, claimants will receive a *pro rata* payment from the Net Settlement fund.

The Court's previous rulings on attorneys' fees, expenses, and incentive awards provide the amounts to be paid to Class Counsel, the Settling States, and the IPP class representatives. This motion seeks to appoint Rust as the Fund Administrator and to authorize it to make such payments from the Settlement Fund, and to distribute the remainder to approved claimants, less any amount needed to pay future costs, expenses, fees and other necessary obligations. After this distribution, the only remaining task will be to dispose of residual and/or unclaimed funds, if any, by way of a

1

INDIRECT-PURCHASER PLAINTIFFS' AND SETTLING STATES' JOINT NOTICE OF MOTION AND
MOTION TO APPOINT FUND ADMINISTRATOR AND DISTRIBUTE SETTLEMENT FUND
MDL 3:07-md-1827 SI

second distribution (if sufficient residual funds exist to do so) or through distributions to appropriate Court-approved charitable organizations.[1] This motion is a significant step toward concluding all proceedings in these actions. Thus, the IPPs and Settling States respectfully request that the Court grant this motion.

## II. BACKGROUND[2]

### A. The Court's Previous Rulings

On April 3, 2013, the Court granted final approval to settlements with the last three defendant groups and entered final judgment in the IPP action and the Settling States' actions.[3] In combination with the previously-approved settlements with all other defendants,[4] the settlements provide for cash payments by the defendants totaling $1.082 billion, plus injunctive relief.[5] The Court authorized a comprehensive, nationwide notice program,[6] and approved the plan of distribution.[7] The Court also ruled on the IPPs' and Settling States' motions for attorneys' fees, expenses, and IPP class representative incentive awards.[8]

---

[1] In the event any residual funds are available for distribution to charitable organizations, Class Counsel and Settling States' counsel shall file a motion with the Court identifying each such organization and stating why each is a proper recipient of a portion of the residual funds.

[2] The Court has presided over these actions alleging violations of antitrust and consumer protection laws by manufacturers of TFT-LCD panels since the indirect-purchaser class actions were transferred to this Court by the Judicial Panel on Multidistrict Litigation in 2007. The IPPs and Settling States recounted the history of these proceedings in previous filings (*see, e.g.*, IPP Mot. for Attorneys' Fees (Dkt. 6662); Settling States' Mot. for Attorneys' Fees (Dkt. 6650)), and therefore provide here only the background relevant to this motion.

[3] *See* Second Am. Order Granting Final Approval; Ordering Final Judgment; Award of Attorneys' Fees (Dkt. 7697); Order Granting Final Approval; Final Judgment of Dismissal (Dkt. 6130).

[4] *See* Order Granting Final Approval (Dkt. 6130), entered July 11, 2012.

[5] Second Am. Order Granting Final Approval (Dkt. 7697) at pp. 4 – 6.

[6] Order Granting Preliminary Approval (Dkt. 6311).

[7] Second Am. Order Granting Final Approval (Dkt. 7697).

[8] *Id.*

2
INDIRECT-PURCHASER PLAINTIFFS' AND SETTLING STATES' JOINT NOTICE OF MOTION AND MOTION TO APPOINT FUND ADMINISTRATOR AND DISTRIBUTE SETTLEMENT FUND
MDL 3:07-md-1827 SI

### 1. Plan of Distribution To IPP Class Member Claimants and Governmental Entities within the Settling States

Under the plan of distribution, natural-person and business-entity end-user/consumers in the 24 so-called *Illinois-Brick* repealer states, as well as those located in the District of Columbia, were eligible to submit claims to the Claims Administrator through a dedicated website (www.LCDclass.com) and by mail, for purchases of computer monitors, laptop computers, and TVs bought between 1999 and 2006. All claimants with valid claims are eligible to receive a *pro rata* distribution of that portion of the Net Settlement Fund allocated to the end-user/consumer class members, with TVs counting for twice the proportional weight of computer monitors and laptop computers, to account for the generally larger and more expensive panels used in TVs.[9]

Although governmental entities in the Settling States were not eligible to file claims with the Claims Administrator, under the terms of the Settlement Agreements, the Settling States receive a portion of the Net Settlement Fund (set by formula in the settlements, and equal to approximately 4.6% of the Net Settlement Fund[10]) to compensate such entities for their purchases of LCD products.

### 2. Claim-Filing Deadline

The Court set an initial claim-filing deadline of December 6, 2012.[11] The Claims Administrator continued to accept claims for processing after that date, but explicitly stated on the settlement website that there was no guarantee such "late" claims would be paid. Class Counsel advised the Court of the status of claims processing in January 2013, and recommended the

---

[9] The plan of distribution included potential minimum- and maximum-recovery limitations, but the number of "panel equivalents" submitted did not cause these provisions to be triggered. *See* Jt. Mot. for Final Approval (Dkt. 7158) at pp. 10 – 12.

[10] The Governmental Purchaser Set-Aside Amount is computed by taking 7% of the Net Settlement Fund, then multiplying that amount by the fraction of the average gross domestic product of the Settling States during the class period, over the average gross domestic product during the same period of the IPP Statewide Damages Classes (24 states plus the District of Columbia), which fraction is 0.664953. *See, e.g.*, LG Display Settlement Agreement (Dkt. 6141-3) at ¶ 32(e).

[11] Order Setting Claim-Filing Deadline (Dkt. 6335).

acceptance of late-filed claims. *See* IPP Summary of Status of Claims Processing (Dkt. 7572). In its subsequent order granting final approval, the Court noted that "IPP counsel recommend that late-filed claims be included in distribution payments, and this Court agrees." Second Am. Order Granting Final Approval (Dkt. 7697) at p. 6, n. 4.

On May 30, 2014, in preparation for distribution to claimants, Class Counsel and Settling States' counsel directed Rust to revise the settlement website homepage to state that "[t]he deadline to file a claim was December 6, 2012, and has now passed. Counsel intend to recommend that the Court accept late claims submitted after December 6, 2012 until June 6, 2014, but not allow late claims submitted after June 6, 2014." *See* Neimiec Decl. at ¶ 6.

### 3. Attorneys' Fees, Expenses, and Incentive Awards

#### a. Attorneys' Fees

The Court awarded Class Counsel attorneys' fees totaling $309,725,250, which represents 28.6% of the Settlement Fund.[12] The Court awarded the Attorneys General attorneys' fees totaling $11,054,191.01, which represents about 1% of the Settlement Fund.[13] Thus, the total amount of all attorneys' fees is $320,779,441.01.

#### b. Expenses

The Court awarded Class Counsel a total of $8,928,849.73 to reimburse their common litigation expenses;[14] the Court awarded the Attorneys General $1,206.479.48 in costs.[15] Thus, the total amount of all expenses is $10,135,329.21.

#### c. Incentive Awards

In the Second Amended Order Granting Final Approval (Dkt. 7697), the Court awarded incentive payments of $15,000 each to 40 IPP class representatives and $7,500 each to eight IPP

---

[12] Second Am. Order Granting Final Approval (Dkt. 7697) at p. 30, ¶ 17.
[13] *Id*.
[14] The Court made two separate awards of expenses to counsel for the IPPs: $8,736,131.43 (Dkt. 7697, Apr. 3, 2013), and $192,718.30 (Dkt. 9185, Aug. 18, 2014).
[15] Second Am. Order Granting Final Approval (Dkt. 7697) at p. 30, ¶ 17.

non-class representatives who were deposed. However, upon review of the Court's prior orders appointing class representatives, Class Counsel have identified 39 appointed class representatives and nine non-class representative plaintiffs who were deposed. Class Counsel thus request that the Court order that these 39 class representatives receive their $15,000 awards, and that the nine deposed class members receive their $7,500 awards, for a total incentive award of $652,500.[16]

### B. The Settlement Fund

The Settlement Fund consists of the settlement payments made by the defendants totaling $1,082,055,647, and held by the Escrow Agent, Wells Fargo Bank, N.A. ("Wells Fargo"), pursuant to the settlement agreements granted final approval by the Court.[17] The funds have been invested in instruments backed by the full-faith-and-credit of the United States (*i.e.*, in T-Bills and T-Notes). Court-approved payments to the Settlement Notice and Claims Administrator, Rust (including its sister company Kinsella Media, Inc.), have been disbursed from the Settlement Fund,[18] as have all costs of escrow administration, and the payment of all taxes on the earned interest income (as provided in the settlement agreements).[19] In addition, as provided under the terms of the settlements,[20] some Class Counsel have availed themselves of so-called "quick-pay" provisions allowing them to receive their Court-awarded expenses (as opposed to fees) upon the pledge of adequate security.

The Settlement Fund principal balance as of September 18, 2014 (the date upon which its Treasury-backed securities mature) is estimated at $1,063,851,450.89, which amount, plus any

---

[16] The 39 named IPP class representatives are identified in the Court's orders dated Mar. 28, 2010 (Dkt. 1642); July 28, 2011 (Dkt. 3198); and Jan. 26, 2012 (Dkt. 4688); the additional plaintiffs are identified in the IPPs' Mot. for Attys Fees and Incentive Awards (Dkt. 6662), dated Sept. 7, 2012.

[17] *See, e.g.*, LG Display Settlement Agreement (Dkt. 6141-3) at ¶ 32 (a).

[18] *See* Niemiec Decl. at ¶ 31 ("Rust has invoiced a total of $8,878,322.26 in notice and administration services, $6,373,282.08 by Kinsella Media and $2,505,040.18 by Rust Consulting.").

[19] *See, e.g.*, LG Display Settlement Agreement (Dkt. 6141-3), at ¶ 32(i).

[20] *Id*. at ¶ 35(b).

5
INDIRECT-PURCHASER PLAINTIFFS' AND SETTLING STATES' JOINT NOTICE OF MOTION AND
MOTION TO APPOINT FUND ADMINISTRATOR AND DISTRIBUTE SETTLEMENT FUND
MDL 3:07-md-1827 SI

earned interest, will be reinvested with a maturity date of October 18, 2014, to coincide with the noticed hearing date of this motion.

### C. Claims Processing

#### 1. Total Number of Claimants

Through June 6, 2014, Rust received and processed 233,944 online claims and 15,597 paper claims, for a total of 249,541 claims. Niemiec Decl. at ¶ 7. Rust received an additional 92 claims between June 6 and September 9, 2014. *Id*. at ¶ 27. Following Rust's auditing process (described in the Niemiec Decl. at ¶¶ 25 – 28), a total of 233,473 claims were deemed eligible. *Id*. at ¶ 12.

#### 2. Total Number of LCD Products Purchased By Claimants

The total number of panel equivalents (where TVs receive twice the weight of computer monitors and laptop computers) is 16,212,038. *Id*. at ¶ 26.

#### 3. Payment Amounts To Claimants

To compute the payment amounts to each claimant under the plan of distribution, two figures are needed: (1) the amount available for distribution (after deducting Court-approved disbursements for settlement notice, claims administration, attorneys' fees, expenses, and incentive awards, and other financial obligations, both current and future; and after deducting the amount set aside for governmental entity claims of the Settling States as provided in the settlements), plus the *pro rata* share of the earned interest; and (2) the number of LCD products purchased by claimants, keeping in mind that TVs are to be weighted at twice the value of monitors and laptop computers under the *pro rata* distribution.

At this time it is expected that claimants will receive about $45 per computer monitor and laptop computer,and twice that amount per TV. Before the noticed hearing date of this motion, Class Counsel and the Settling States' counsel intend to provide the Court with a final calculation of the per-panel payment amount, which will reflect the precise balance of the Settlement Fund following maturity of its Treasury-backed securities.

1  III. **ARGUMENT**

   A. **All Valid Claims Filed By June 6, 2014 Should Be Paid According To The Plan of Distribution**

Class Counsel and Settling States' counsel respectfully recommend that the Court authorize payments to all class members whose claims were filed by June 6, 2014 and were deemed by Rust as being valid, in the interest of maximizing the participation of class members in the settlements. The Court has inherent discretion to allow or disallow "late filed" claims. *See In re Gypsum Antitrust Cases*, 565 F.2d 1123, 1128 (9th Cir. 1977) (district court has discretion with respect to the disallowance of late claims); *Welch & Forbes Inc. v. Cendant Corp. (In re Cendant Corp. Prides Litig.)*, 233 F.3d 188, 194-197 (3rd Cir. 2000) (until the fund created by settlement is actually distributed, the court retains its traditional equity powers to protect unnamed but interested persons; a court may assert this power to allow late-filed claims); *In re Elec. Carbon Prods. Antitrust Litig.*, 622 F. Supp. 2d 144, 155 (D.N.J. 2007) (permitting late claimants to share in settlement proceeds even though doing so reduced recovery of another claimant by 16.6%, or over $1.6 million). The Court should exercise this discretion here and permit all class members that submitted valid claims by June 6, 2014 to receive payment on their claims.

The distribution has not been delayed as a result of any late-filed claims. Moreover, those claimants, like all other claimants, have been injured as a result of the same alleged wrongful conduct. Some of the claimants reside in the same states as the AGs asserting *parens patriae* claims. Additionally, because all claimants are similarly situated, none of them has a better right to recover than any other claimant; in other words, because no distribution delay has been occasioned by the processing of those claims, the first-filed claim is no more entitled to recover or to recover more per unit than the last claim received and processed before the distribution motion is filed.

The whole point of these actions was to compensate as many injured claimants as possible. Class Counsel have already recommended, and the Court indicated its agreement, that claims submitted after the December 6, 2012 claims deadline be included in the distribution. (*See* Apr. 3,

7

INDIRECT-PURCHASER PLAINTIFFS' AND SETTLING STATES' JOINT NOTICE OF MOTION AND
MOTION TO APPOINT FUND ADMINISTRATOR AND DISTRIBUTE SETTLEMENT FUND
MDL 3:07-md-1827 SI

2013 Order, Dkt. No. 7697, at 6 n.4.). The initially-contemplated minimum recovery per unit was $25; even with the inclusion of late-filed claims, claimants will still recover substantially more than that minimum (*i.e.*, about $45 per panel).[21]

### B. The Settling States' Proprietary Claims Should Be Paid

As part of the settlement negotiations, the Settling States also settled their proprietary claims – *i.e.* governmental purchases of LCDs – according to a formula contained in each settlement and described in footnote 10, *supra*. This amount, plus a *pro rata* share of the accrued interest, should be ordered paid to the Settling States for governmental purchaser damages as set forth in Exhibit B to the proposed order filed herewith.

### C. The Attorneys General Should Be Paid Their Awarded Attorneys' Fees

This Court awarded the Attorneys General attorneys' fees in the amount of $11,054,191, which should be ordered paid, including a *pro rata* share of the earned interested, as set forth in Exhibit B to the proposed order filed herewith.

### D. Class Counsel Should Be Paid Their Awarded Fees

On April 3, 2013, this Court awarded Class Counsel fees totaling $309,725,250; that judgment is now final and the fees should be ordered paid to each firm. Some of the firms have expressed an interest in receiving their total fee award in periodic payments, rather than in a lump sum. Rust, the fund administrator, is willing to enter into agreements with the attorneys and third parties to provide for periodic payment of fee awards if this Court enters an Order that permits Rust to do so, and if the Order provides that the Fund Administrator shall be held harmless and indemnified by the attorneys with whom the Fund Administrator enters into such agreements.

Certain firms "factored" their fees during the pendency of this litigation and liens were filed. These liens should be paid directly to the lien holders.

---

[21] Any claimants who filed after June 6, 2014 may move the Court for authorization to pay such late claims. *See* Mot. for Order Approving Distribution of Settlement Funds to the Direct Purchaser Class Members (Dkt. 8018) at p. 7 ("Those who filed Late Claims . . . should petition the Court for an allowance of their late claim within 30 days of the order approving distribution.").

8
INDIRECT-PURCHASER PLAINTIFFS' AND SETTLING STATES' JOINT NOTICE OF MOTION AND
MOTION TO APPOINT FUND ADMINISTRATOR AND DISTRIBUTE SETTLEMENT FUND
MDL 3:07-md-1827 SI

      Moreover, because Class Counsel are obligated to pay certain costs and expenses from their fee awards, they request this Court to permit Co-Lead Class Counsel to instruct Rust to hold back an amount from the IPP fee award to pay those obligations. On August 8, 2014, Co-Lead Counsel informed all Class Counsel of the intent to withhold from each firm's fee award a *pro rata* share to pay the outstanding costs and expenses; to date, none has objected. Additionally, the Court previously ordered certain hold-backs from fees awarded to certain counsel and those amounts should be held back by Rust pending further order from the Court.

      **E.**      **Incentive Awards**

      Incentive awards as previously ordered by this Court should be paid by Rust in the form of checks to the IPP class representatives, and sent to their respective counsel for delivery.

      **F.**      **The Interest Income Should Be Allocated Proportionally**

      The Settlement Fund has earned interest income. Class Counsel and Settling States' counsel respectfully recommend that the Court allocate that interest proportionally to claimants, Class Counsel and the Attorneys General fee funds, and to the Settling States' proprietary claims. The courts in this District have long recognized the propriety of including any interest that is earned upon a fee award before it is distributed. *See In re Oracle Sec. Litig.*, 852 F. Supp. 1437, 1458 (N.D. Cal. 1994) ("As contingent fee lawyers, class counsel are in every sense part-owners of the litigation claims in suit and entitled to the interest accruing on that portion of the claims in which they hold an ownership or equity interest."); *In re Clearly Canadian Sec. Litig.*, No. C-93-1037, 1999 WL 707737 at *6 (N.D. Cal. Sept. 3, 1999) (same).

      **G.**      **The Court Should Order A Reasonable Hold-Back For Future Settlement Administration Expenses And Other Financial Obligations**

      If this motion is granted, Rust will administer the distribution of the Net Settlement Fund. In addition to the cost of mailing checks, the Claims Administrator anticipates (based on previous experience) that there will be a significant level of inquiries made by claimants regarding the distribution (*e.g.*, questions about the amounts received in a check, issues with changes of address, etc.). Any claimant inquiries will continue to be handled through the Settlement Administrator's

1 website and/or call center. To cover the costs associated with processing the distribution and
2 providing support to claimants, Class Counsel and the Settling States respectfully suggest that the
3 Court order that $360,000 be held in reserve to cover future settlement-related expenses. *See*
4 Neimiec Decl. at ¶ 31.

### H. The Court Should Order the Escrow Agent, Wells Fargo Bank, N.A., to Transfer the Entire Settlement Fund to Rust Consulting, Inc.

In order for Rust to process the payments described herein, Wells Fargo must be ordered to transfer all funds related to the Escrow Accounts, including all accrued interest, in both the treasuries and the money market fund to the account established for the Qualified Settlement Fund ("QSF") at Huntington Bank, N.A. and administered by Rust. Wells Fargo also must transfer to Rust the "administrator" role in accordance with Section 468B of the Internal Revenue Code (26 U.S.C. § 468B) for the QSF, as outlined in Para. 7(c) of the Escrow Agreement. Wells Fargo has agreed to cooperate with Rust, Class Counsel, and Settling States' counsel in this transition.

Rust will not distribute, withdraw, or transfer any funds from any of the QSF accounts at Huntington Bank without written authorization ("Distribution Notice") from at least two of the following counsel: Francis O. Scarpulla, Zelle Hofmann Voelbel & Mason LLP; Joseph M. Alioto, The Alioto Law Firm; Lizabeth A. Brady, Office of the Attorney General of Florida. Such a provision is included in the proposed order filed herewith.

///
///
///
///
///
///
///
///

10

INDIRECT-PURCHASER PLAINTIFFS' AND SETTLING STATES' JOINT NOTICE OF MOTION AND
MOTION TO APPOINT FUND ADMINISTRATOR AND DISTRIBUTE SETTLEMENT FUND
MDL 3:07-md-1827 SI

1  IV.  **CONCLUSION**

2      For the foregoing reasons, the IPPs and Settling States respectfully request that the Court

3  authorize distribution of the Settlement Fund in accordance with the proposed order filed herewith,

4  and subject to lodging an amended proposed order prior to the noticed hearing date of this motion.

6  Dated: September 12, 2014          Respectfully submitted,

7                               ZELLE HOFMANN VOELBEL & MASON LLP

8                               By: /s/ Francis O. Scarpulla
                                     Francis O. Scarpulla

10                             Francis O. Scarpulla (41059)
Craig C. Corbitt (83251)
Judith A. Zahid (215418)
Patrick B. Clayton (240191)
Qianwei Fu (242669)
Heather T. Rankie (268002)
ZELLE HOFMANN VOELBEL & MASON LLP
44 Montgomery Street, Suite 3400
San Francisco, CA 94104
Telephone: (415) 693-0700
Facsimile: (415) 693-0770
*fscarpulla@zelle.com*

ALIOTO LAW FIRM

By: /s/ Joseph M. Alioto
      Joseph M. Alioto

Joseph M. Alioto (42680)
Theresa D. Moore (99978)
ALIOTO LAW FIRM
One Sansome Street, 35th Floor
San Francisco, CA 94104
Telephone: (415) 434-8900
Facsimile: (415) 434-9200
*jmalioto@aliotolaw.com*

*Co-Lead Class Counsel for Indirect-Purchaser Plaintiffs*

---

11

INDIRECT-PURCHASER PLAINTIFFS' AND SETTLING STATES' JOINT NOTICE OF MOTION AND
MOTION TO APPOINT FUND ADMINISTRATOR AND DISTRIBUTE SETTLEMENT FUND
MDL 3:07-md-1827 SI

MINAMI TAMAKI LLP

By: /s/ Jack W. Lee
       Jack W. Lee

Jack W. Lee (71626)
MINAMI TAMAKI LLP
360 Post Street, 8th Floor
San Francisco, CA 94108
Telephone: (415) 788-9000
Facsimile: (415) 398-3887
*jlee@minamitamaki.com*

*Liaison Counsel for Indirect-Purchaser Plaintiffs*

PAMELA JO BONDI
Attorney General of the State of Florida

By: */s/ Lizbeth A. Brady*
Patricia A. Conners
Associate Deputy Attorney General
Antitrust Division
Lizbeth A. Brady
Chief, Multistate Antitrust Enforcement
Nicholas J. Weilhammer
Assistant Attorney General
PL-01, The Capitol
Tallahassee, FL 32399-1050

*Counsel for Plaintiff State of Florida*

CHRIS KOSTER
Attorney General of the State of Missouri

By: */s/ Anne E. Schneider*
Anne E. Schneider
Assistant Attorneys General/Antitrust Counsel
Missouri Attorney General's Office
P.O. Box 899
Jefferson City, MO 65102

*Counsel for Plaintiff State of Missouri*

DUSTIN MCDANIEL
Attorney General of the State of Arkansas

By: */s/ Kevin Wells*
Kevin Wells
Assistant Attorney General
Arkansas Attorney General's Office
323 Center St., Suite 500
Little Rock, AR 72205

*Counsel for Plaintiff State of Arkansas*

12
INDIRECT-PURCHASER PLAINTIFFS' AND SETTLING STATES' JOINT NOTICE OF MOTION AND
MOTION TO APPOINT FUND ADMINISTRATOR AND DISTRIBUTE SETTLEMENT FUND
MDL 3:07-md-1827 SI

KAMALA D. HARRIS
Attorney General of the State of California

By: */s/ Nicole S. Gordon*
Nicole S. Gordon
Deputy Attorney General
Office of the Attorney General
455 Golden Gate Avenue, Suite 11000
San Francisco, CA 94102-3664

*Counsel for Plaintiff State of California*

BILL SCHUETTE
Attorney General of the State of Michigan

By: */s/ M. Elizabeth Lippitt*
M. Elizabeth Lippitt
Assistant Attorney General
Corporate Oversight Division
Antitrust Section
G. Mennen Williams Building, 6th Floor
525 W. Ottawa Street
Lansing, MI 48933

*Counsel for Plaintiff State of Michigan*

ERIC T. SCHNEIDERMAN
Attorney General of the State of New York

By: */s/ Jeremy R. Kasha*
Jeremy R. Kasha
Assistant Attorney General
Antitrust Bureau
Office of the Attorney General
State of New York
120 Broadway, 26th Floor
New York, NY 10271

*Counsel for Plaintiff State of New York*

PATRICK MORRISEY
Attorney General of the State of West Virginia

By: */s/ Douglas L. Davis*
Douglas L. Davis
Assistant Attorney General
P.O. Box 1789
Charleston, WV 25326

*Counsel for the State of West Virginia*

|   |   |
|---|---|
| 1 | J.B. VAN HOLLEN |
|   | Attorney General of the State of Wisconsin |
| 2 |   |
|   | By: */s/ Gwendolyn J. Cooley* |
| 3 | Gwendolyn J. Cooley |
|   | Assistant Attorney General |
| 4 | P.O. Box 7857 |
|   | 17 W. Main St. |
| 5 | Madison, WI 53707-7857 |
| 6 | *Counsel for the State of Wisconsin* |

**ATTESTATION**

Pursuant to General Order No. 45, § X(B), regarding signatures, I attest that I have obtained the concurrence in the filing of this document from all signatories.

Dated: September 12, 2014                           */s/ Francis O. Scarpulla*
                                                                     Francis O. Scarpulla

#3257736v8

14
INDIRECT-PURCHASER PLAINTIFFS' AND SETTLING STATES' JOINT NOTICE OF MOTION AND
MOTION TO APPOINT FUND ADMINISTRATOR AND DISTRIBUTE SETTLEMENT FUND
MDL 3:07-md-1827 SI