UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| IN RE: AUTOMOTIVE PARTS ANTITRUST LITIGATION<br><br><br>THIS DOCUMENT RELATES TO:<br><br>ALL END-PAYOR ACTIONS | Master File No. 12-md-02311<br><br>Hon. Sean F. Cox<br>Mag. Judge R. Steven Whalen |

**FINANCIAL RECOVERY SERVICES, LLC'S REPLY IN SUPPORT OF MOTION TO COMPEL ACCEPTANCE AND PROCESSING OF DATA**

FRS seeks to preserve the ability for FRS and Insurers to recover as subrogees from the End-Payor Settlements, should this Court or the Court of Appeals rule that they have subrogation rights. The parties dispute the validity of those rights. Class Counsel, through their words and conduct, led FRS to believe that it could defer submission of data regarding hundreds of thousands of vehicles until the legal dispute about their subrogation rights was resolved.

After the deadline for filing claim forms expired, Class Counsel reversed course. In January 2021, they took the position, for the first time, that the vehicle data FRS wants to submit in support of Insurers' timely filed claims will *not even be processed*, thus functionally rejecting them.

In denying FRS intervention, and contrary to Class Counsel's assertion

(at 21), the Court did not decide whether FRS and Insurers could recover as subrogees or whether, in support of timely filed claims, vehicle information submitted after the claim filing deadline would be considered timely.  *See* ECF No. 2101.  Neither Class Counsel nor the Claims Administrator have the authority to reject claims or to decline to process vehicle information from claimants.

FRS and Insurers have spent significant time and resources locating information about Total Loss Vehicles as to which FRS and the Insurers are entitled to recover in the End-Payor Settlements.  However, that data is voluminous and much of it is available only from third-party sources, including salvage companies and a commercial vendor, making it burdensome and costly to obtain.  *See* Ex. 1 ¶¶ 9-12.  FRS asks this Court to rule, before FRS incurs all of the significant cost of obtaining such data, that the Claims Administrator must actually process and evaluate that data as timely, as Class Counsel led FRS to believe they would.  FRS asks to be treated the same as all other claimants that did not submit complete vehicle information by the deadline, and the same as Class Counsel and the Claims Administrator have treated placeholder claims in several other class actions.  *Id*. ¶ 4 & App.  FRS can submit all data within 90 days, and processing that data would not delay the claims administration process.  *Id*. ¶¶ 15-22.

Class Counsel cannot seriously dispute that they owe absent class members a fiduciary duty.  Nor do they dispute the basic principles of equitable estoppel or the

circumstances in which it applies. Instead, Class Counsel claim (at 22) that estoppel "is not warranted" because they timely rejected FRS's proposal and that FRS and Insurers are not class members. Both assertions are wrong.

Class Counsel never gave FRS reasonable notice, prior to the claim-filing deadline, that they could not defer submission of vehicle information pending clarification of their subrogation rights. FRS and Insurers reasonably relied to their detriment on Class Counsel and the Claims Administrator's silence. And FRS and Insurers are class members. Several Insurers undisputedly are class members because they purchased or leased Fleet Vehicles. And FRS and all Insurers also are settlement class members because they stand in the shoes of indemnified insured class members to recover overcharges on Total Loss Vehicles. Class Counsel have made clear that they think FRS and Insurers should be treated differently from all other class members, but that position cannot be reconciled with Class Counsel's fiduciary duties. The rest of Class Counsel's arguments are misdirection, designed to distract from their own failures and from FRS's reasonable request to preserve its and Insurers' rights.

## I. Class Counsel Did Not Give FRS Notice to Protect the Insurers' Rights

Class Counsel's opposition hinges on its repeated, but incorrect, assertion (at 7, 23) that they "flatly rejected," in January 2019, FRS's proposal to defer submission of vehicle data pending a decision on the subrogation issue. They cite

3

two declarations they say support their assertion, but neither does. The first, a declaration FRS submitted in support of its motion to intervene, makes clear that FRS never discussed in January 2019 supplementing claim forms after the claim-filing deadline. ECF No. 2060-2; *see also* ECF No. 2073-1 ¶¶ 6-7, PageID.38085-86 ("FRS did not raise the issue of post-deadline supplementation until March 9, 2020."). They also point to a new declaration from Chanler Langham (ECF No. 2120-2 ¶ 5, PageID.38504), an attorney at Susman Godfrey who did not attend the January 2019 phone call during which Class Counsel supposedly "rejected" FRS's proposal. Mr. Langham has no personal knowledge of that phone call and, contrary to his sworn statement, could not "testify competently" about it. *Id.* ¶ 2, PageID.38504. His statements about the call are speculation, hearsay, or both. Class Counsel never submitted any sworn statements from the two Class Counsel who *did* speak to FRS in January 2019—"Marc Seltzer and William V. Reiss"—although they had three opportunities to do so. ECF No. 2060-2 ¶ 5, PageID.37727; *see* Ex. 1 ¶¶ 25-27; Ex. 2 ¶ 5. That omission speaks volumes about the lack of basis for Class Counsel's position.

As discussed in FRS's opening brief (at 5), the January 2019 call supports FRS's position, not Class Counsel's. During that call, FRS and Class Counsel put forth different proposals about the sequencing of (1) a legal ruling on the subrogation issue, and (2) submission of vehicle information. ECF No. 2060-2 ¶ 6,

4

PageID.37727-37728.  Ultimately, though, the parties agreed in November 2019 to seek a ruling *before* FRS would need to submit vehicle information, thus adopting FRS's proposal from January 2019, not Class Counsel's.  *Id.* ¶ 7, PageID.37728; ECF No. 2114-2 ¶¶ 11, 15, PageID.38342, 38346-47.  So, however one characterizes Class Counsel's alternative suggestion in January 2019—to "file claims, [and] wait for them to be rejected," ECF No. 2060-2 ¶ 6, PageID.37727—it is clear that Class Counsel backed away from that position in November 2019.

      Class Counsel also point to an email they sent FRS counsel on June 15, 2020, just three days before the claim-filing deadline.  ECF No. 2120-3, PageID.38516.  That email also does not save Class Counsel from being estopped.  The email does not state that Class Counsel would not process supplemental vehicle data.  And to the extent that Class Counsel intended to convey that they would recommend denying FRS and Insurers' claims on the basis that they were "placeholders," it was far too late for FRS to proceed any other way.  Estoppel occurs when another's conduct leads one to a reasonably held belief on which they "justifiably rel[y] and act[ ]" to their detriment.  *Van v. Zahorik*, 597 N.W.2d 15, 22 (Mich. 1999).[1]  By June 15, 2020, more than three months after FRS had asked

---

[1] Class Counsel rely (at 22) on an unpublished case applying Kentucky state law regarding estoppel.  Kentucky has no connection to this dispute, and so its law does not apply.  Moreover, the court there concluded that "any delay on the part of [defendant] could not have affected" plaintiff's actions.  *Acuity Ins. Co. v. Higdon's Sheet Metal & Supply Co.*, 2007 WL 1034986, at *6 (W.D. Ky. Apr. 3, 2007).  Here,

Class Counsel to raise any objections to deferring vehicle data, FRS already had relied on Class Counsel's silence to its detriment. And at that late date, FRS had no practical ability to avoid it. In these circumstances, equitable estoppel applies. *See*, *e.g.*, *Thurston v. Roanoke City Sch. Bd.*, 26 F. Supp. 2d 882, 887-88 (W.D. Va. 1998) (employee estopped who submitted resignation letter, then withdrew it at the "last minute," leaving school board "a scant eight days" to avoid prejudice).

## II. Class Counsel Owe Fiduciary Duties to FRS and Insurers

In an attempt to avoid their breach of fiduciary duties,[2] Class Counsel also assert (at 14 n.2, 15, 25-26) that FRS and Insurers are not class members and (incredibly) that FRS does not argue otherwise. FRS established in its opening brief (at 3-4) that FRS and Insurers are class members because they either (1) purchased or leased qualifying vehicles, or (2) stand in the shoes of indemnified insured class members who did.[3] Class Counsel offer nothing to the

---

by contrast, had Class Counsel promptly stated an objection to FRS's March 9, 2020 proposal to defer submission of vehicle information, FRS could have acted to protect its and the Insurers' rights.

[2] Class Counsel do not seriously dispute that they owe a fiduciary duty to Insurers that bought Fleet Vehicles or to FRS and Insurers if they are subrogated. Class Counsel misread *Medical & Chiropractic Clinic, Inc. v. Oppenheim*, 981 F.3d 983, 990 (11th Cir. 2020), which held that class counsel owed no "heightened fiduciary duty" to class representatives, but "owed fiduciary duties to the class as a whole," consistent with Sixth Circuit law. *See*, *e.g.*, *In re Dry Max Pampers Litig.*, 724 F.3d 713, 718 (6th Cir. 2013).

[3] By assignment from an Insurer (Selective), FRS holds a subrogation interest concerning Total Loss Vehicles and is thus a class member. ECF 2064-3.

6

contrary, other than to repeat their disagreement that FRS and Insurers have subrogation rights.

### III. Class Counsel's Other Arguments Lack Merit

Class Counsel also offer a hodge-podge of arguments designed to distract from their acquiescence to FRS's proposal to submit supplemental vehicle data. Each of those arguments fails.

*First*, Class Counsel criticize FRS's claim forms, including the serious and unsupported accusation that they are "fraudulent." As shown in FRS's opening brief (at 5-7), however, Class Counsel acquiesced in FRS's proposal to submit claim forms without vehicle information or with placeholder information that never purported to be the basis for recovery. There is nothing "fraudulent" about FRS proceeding in reliance on that proposal. *See* Ex. 1 ¶¶ 25-27; Ex 2 ¶ 5. Class Counsel understood that FRS was submitting "placeholder" claim forms, which they and the Claims Administrator have processed and permitted many other times. Ex. 1 ¶ 4 & App. They do not claim FRS's submissions misled them.

*Second*, Class Counsel argue (at 21) that the requirement of "a timely ***and valid*** Claim Form," means that, in order for a claim form to be processed, it must contain information Class Counsel deem sufficient. But that interpretation is inconsistent with the deficiency notice process that Class Counsel and the Claims Administrator say will be conducted. *See* ECF No. 2120-1 ¶ 9, PageID.38482-

7

38483.  If the Claims Administrator could reject, as not "valid," any claim form that, as of the claim-filing deadline, lacked sufficient information, there would be no need to permit those with "some deficiency in the[ir] information or documentation" to "submit additional information to correct the deficiency," as Class Counsel has said they will.  ECF No. 2120-2 ¶ 17, PageID.38509.  Contrary to Class Counsel's contention, FRS and Insurers do not seek to submit data "in perpetuity."  *See* Ex. 1 ¶ 22.  Rather, they ask to have the same opportunity as other claimants to cure deficiencies in their claim forms by a date certain.  *Id.* ¶¶ 20, 22.  There is no basis for treating "placeholder" claims differently from other claims.

*Third*, Class Counsel argue that, because FRS appealed the Court's order denying intervention, this Court lacks jurisdiction to decide FRS's motion.[4]  But post-deadline submission of vehicle data was not addressed in that order and therefore is not part of FRS's current appeal.  FRS moved to intervene "solely" to seek a "determination of the discrete *legal* issue concerning the Insurers' subrogation rights."  ECF No. 2060 at 3, PageID.37707.  The Court did not address that issue or FRS's request, contingent on "resolution of the subrogation issue," to "supplement [FRS's and Insurers'] claims."  *Id.* at 18, PageID.37719.

---

[4] They also argue (at 13-14) that only parties to this action can file motions, but that is wrong.  Federal Rule of Civil Procedure 23(c)(2)(B)(iv) permits class members, without intervening, to "enter an appearance through an attorney[.]"  That provision would be meaningless unless that attorney could participate in proceedings before the Court, including by pursuing relief on the class member's behalf.

*Finally*, Class Counsel repeat their unsupported claim that processing Insurers' vehicle data would delay settlement distribution. First, none of the processes or procedures Mr. Pinkerton described is necessary. Ex. 1 ¶¶ 15, 22. Even now, the claims administration process appears to be in an early phase, as the Claims Administrator still has not sent out deficiency notices, and, therefore, has yet to process all of the additional vehicle information from claimants trying to cure deficiencies. *See id.* ¶¶ 17-19.[5] There is thus no basis in the record to conclude that adding Insurers' vehicle information to that mix would slow down the Claims Administrator's gradual process any further. The contentions by Mr. Pinkerton on this topic are unfounded.

## **CONCLUSION**

The Court should grant FRS's Motion to Compel.

Dated: March 10, 2021          Respectfully submitted,

                                         /s/ *Laura S. Faussié*
                                        Laura S. Faussié (P48933)
                                        FRASER TREBILCOCK DAVIS & DUNLAP, P.C.
                                        One Woodward Avenue, Suite 1550
                                        Detroit, MI 48226
                                        (313) 237-7300
                                        lfaussie@fraserlawfirm.com

---

[5] Class Counsel's claim (at 13) that FRS made "misleading solicitations," is also baseless. *See* Ex. 1 ¶¶ 13-14; Ex. J.

        Jonathan T. Walton, Jr. (P32969)
        Michael P. Donnelly (P45221)
        FRASER TREBILCOCK
          DAVIS & DUNLAP, P.C.
        One Woodward Avenue, Suite 1550
        Detroit, MI 48226
        (313) 237-7300
        jwalton@fraserlawfirm.com
        mdonnelly@fraserlawfirm.com

        Aaron M. Panner
        Matthew R. Huppert
        Daniel S. Severson
        KELLOGG, HANSEN, TODD,
          FIGEL & FREDERICK, P.L.L.C.
        1615 M Street, N.W., Suite 400
        Washington, D.C. 20036
        (202) 326-7900
        apanner@kellogghansen.com
        mhuppert@kellogghansen.com
        dseverson@kellogghansen.com

        *Counsel for Financial Recovery Services, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that, on March 10, 2021, I electronically filed the foregoing document with the Clerk of the Court using the ECF system, which will send notification of such filing to counsel of record.

          /s/ *Laura S. Faussié*
          Laura S. Faussié