# EXHIBIT J

KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

SUMNER SQUARE
1615 M STREET, N.W.
SUITE 400
WASHINGTON, D.C. 20036-3215
———
(202) 326-7900

FACSIMILE:
(202) 326-7999

January 19, 2021

*Via Electronic Mail*

William Reiss
Robins Kaplan LLP
399 Park Avenue, Suite 3600
New York, NY 10022
wreiss@robinskaplan.com

Adam J. Zapala
Cotchett Pitre & McCarthy LLP
840 Malcolm Road, Suite 200
Burlingame, CA 94010
AZapala@cpmlegal.com

Marc M. Seltzer
Susman Godfrey L.L.P.
1901 Avenue of the Stars, Suite 950
Los Angeles, CA 90067
MSeltzer@SusmanGodfrey.com

      Re:    *In re Automotive Parts Antitrust Litigation*, Master File No. 12-md-02311

Dear Messrs. Reiss, Seltzer, and Zapala:

      I write in response to your letter dated January 12, 2021, which complains about communications with potential members of the End-Payor settlement classes in the above-referenced multi-district litigation. You contend (at 1) that these communications were "unauthorized and misleading," and you threaten to "seek an injunction from the District Court overseeing the *Auto Parts Litigation*" and/or "to take other appropriate actions" if Financial Recovery Strategies ("FRS") "does not immediately take the actions detailed" in your letter. As discussed below, we disagree with the statements in your letter, many of which are themselves misleading or unsupported, and we think it is improper for you, as counsel with a fiduciary duty to the settlement classes, to impede efforts to facilitate class members' participation in these apparently undersubscribed End-Payor settlements.[1] Notwithstanding our disagreement, FRS intends to take certain actions to reflect information that you have recently communicated to us for the first time. Those actions should fully resolve this matter.

---

[1] *See*, *e.g.*, ECF No. 301 at PageID.10937, 12-cv-403 (E.D. Mich. Dec. 10, 2019) (asking to amend plan of allocation and extend claim-filing deadline "to enlarge the number of claims and qualifying purchases"); *id*. at PageID.10951 (proposed modifications "respond[] to the Court's prior concern that the number of claims already filed were fewer than hoped for").

KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

William Reiss, Marc M. Seltzer & Adam J. Zapala
January 19, 2021
Page 2

### I. The Solicitation Emails Were Not Contrary to Any Statements from the Court, Class Counsel, or the Claims Administrator

The "Solicitation" referenced in your letter was sent via email by an independent contractor of FRS on October 26, 2020, and January 3, 2021; it does not appear and has never appeared on FRS's website. The Solicitation states, in relevant part, that "[l]ate claims are still being accepted in the Automobile/Automotive Parts Class Action Settlement," and that "late claims are subject to final court approval." Your letter contends (at 1-2) that these statements are "untrue" because "the Claims Administrator has been instructed"—presumably by you—"to deny both late-filed claims and claims filed with a place-holder." However, none of the statements in the Solicitation is inconsistent with the assertions in your letter or any statement made to FRS prior to the transmission of the Solicitation.

As an initial matter, neither you nor the Claims Administrator has the authority to "deny" any claims. The court alone has that authority. The court has instructed the Claims Administrator to (1) "review . . . the Claim Forms" submitted to it, (2) "use the information [claimants] provide in [their] Claim Form[s] . . . to determine whether [claimants'] Vehicle[s] contain[] one or more of the Automotive Parts," (3) "determin[e] . . . the amounts recommended to be paid to Authorized Claimants," and (4) make "recommendations as to the amounts to be paid." Plan of Allocation at 1, 3. Accordingly, your opinion about which claims should be paid is solely advisory and is not binding on the court or FRS.

Moreover, instructing the Claims Administrator to *recommend non-payment* of certain claims is different than instructing the Claims Administrator not even to *accept for processing* claim forms or vehicle information submitted after the claim-filing deadline.[2] The court has authorized you to do the former but not the latter, and you did not even purport to do the latter until after the Solicitation was sent. FRS contacted the Claims Administrator on June 19, 2020, to ask whether late claims were being accepted in the End-Payor settlements, subject to court approval, and the Claims Administrator did not respond that late claims would be rejected. Rather, it responded that such claims "will be treated in accordance with the Court's direction." That response is consistent with the Solicitation's statement that "late claims are subject to final court approval."

---

[2] Nor does the mere existence of a claim-filing deadline (or reproduction of that deadline on the settlement website) foreclose the submission or payment of late-filed claims or data authorize you or the Claims Administrator to decline to process such claims or data. *See*, *e.g.*, *Sutton v. Hopkins County*, 2009 WL 3299597 at *2 (W.D. Ky. Oct. 13, 2009) (permitting class member to submit a late claim form); *Michel v. WM Healthcqre Solutions, Inc.*, 2014 WL 497031, at *24 (S.D. Ohio Feb. 7, 2014) (permitting 62 claimants who submitted "late, but otherwise valid, claim forms . . . to participate and recover as Class Members").

KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

William Reiss, Marc M. Seltzer & Adam J. Zapala
January 19, 2021
Page 3

      Subsequently, in December 2020, FRS submitted vehicle information to the Claims Administrator for several timely filed claim forms and received no response to that submission. FRS then submitted vehicle information for several other timely filed claim forms on January 4, 2021, and received a response from the Claims Administrator later that day saying, for the first time, that "we are no longer accepting new data for the settlements," but also that "[w]e will file the records submitted." Then, on January 12, 2021, your colleagues, Chanler Langham and Jenna Farleigh, stated in a telephone conversation with me that the Claims Administrator would not process any claim forms submitted after June 18, 2020, but would accept late vehicle information for timely filed claim forms unless they are deemed "placeholder" claim forms—a term that Mr. Langham and Ms. Farleigh were either unable or unwilling to define.[3] As this timeline makes clear, neither you nor the Claims Administrator disclosed your intent not to accept late submissions for processing until after the Solicitation emails had already been sent.

## II.     The Solicitation and FRS's Website Are Neither Misleading Nor Improper

      Your letter also complains (at 2) about other statements in the Solicitation and on FRS's website that you contend are "cherry-picked" or are "likely to create confusion for potential Settlement Class Members." These complaints are meritless. The relevant portion of FRS's website (which the Solicitation attached) refers readers to class counsel, the Claims Administrator, and the settlement website "for additional settlement information," and neither the Solicitation nor FRS's website states or implies that class members are required to retain FRS in order to file a claim. In particular, the statements that "FRS is still filing claims for new clients" and "can submit your organization's Claim(s)" are true and do not imply that claimants are unable to file claims without FRS's assistance, especially given FRS's express notice to class members that they "have the right to file on [their] own."

\* \* \*

      In light of the foregoing, you have no good-faith basis to threaten any legal action against FRS. Nevertheless, in the interest of putting this matter to rest, FRS intends to take the following actions: (1) instruct the independent contractor who sent the Solicitation not to disseminate the Solicitation further, (2) remove from its website the "Class Action Summary" for the End-Payor Actions, and (3) send a further communication to recipients of the Solicitation that reiterates that (a) the deadline for submitting claim forms has passed, and (b) payment for claim forms filed after the deadline are subject to the court's approval.

---

[3] Mr. Langham and Ms. Farleigh stated that a claim form would be considered a "placeholder" if it did not contain information sufficient to identify the vehicle(s) being claimed, but they were unable or unwilling to specify how much information would be considered sufficient. Rather than provide a generally applicable definition of "placeholder," they offered to review specific claim forms and opine whether they contained sufficient information.

KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

William Reiss, Marc M. Seltzer & Adam J. Zapala
January 19, 2021
Page 4

                              Very truly yours,

                              Matthew R. Huppert