UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| IN RE AUTOMOTIVE PARTS ANTITRUST LITIGATION | Case No. 12-md-2311<br><br>Sean F. Cox<br>United States District Court Judge |

## OPINION AND ORDER

In this multidistrict litigation, the Court denied the motion to intervene filed by Financial Recovery Services, LLC ("FRS") on November 17, 2020. (ECF No. 2101.) FRS timely appealed to the Sixth Circuit. (ECF No. 2105.) The filing of an appeal "confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Taylor v. KeyCorp*, 680 F.3d 609, 616 (6th Cir. 2012) (quoting *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982)); *see also* 16A Wright & Miller, Fed. Prac. & Proc. Juris. § 3949.1 (5th ed.). FRS has filed its brief, and the case is pending. *See* Brief for Appellant, *End-Payor Plaintiffs v. Financial Recovery Services, LLC*, No. 20-2260 (Apr. 21, 2021). Therefore, the Court no longer has jurisdiction over that motion to intervene.

In the meantime, FRS filed an "Emergency Motion to Compel Acceptance and Processing of Vehicle Data" with this Court on February 17, 2021. (ECF No. 2114). It asks the Court to "order Class Counsel and the Claims Administrator to (1) permit FRS and the Insurers a reasonable opportunity to submit vehicle data in support of their timely filed claim forms" and to "(2) deem that data timely for the purpose of evaluating FRS and Insurers' eligibility to recover under the End-Payor Settlements." (ECF No. 2114, PageID.38329.) However, FRS remains a non-party to

1

this case while its earlier appeal is pending. And it cites no authority for the court to grant such a "motion to compel acceptance" from a non-party.

The Court could construe the present motion as a motion for reconsideration under Local Rule 7.1(h). In order to prevail, FRS must show the existence of a palpable defect that misled the parties and the Court and the correction of such defect would result in a different disposition of the case. *See* E.D. Mich. L.R. 7.1(h)(3). The motion also must be filed within 14 days after entry of the judgment. *See* E.D. Mich. L.R. 7.1(h)(1). FRS has failed to meet either of these requirements.

FRS' motion is hereby **DENIED**.

**IT IS SO ORDERED**.

Dated: April 28, 2021
s/Sean F. Cox
Sean F. Cox
U. S. District Judge