**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | |
|---|---|
| IN RE: AUTOMOTIVE PARTS ANTITRUST LITIGATION | Master File No. 12-md-02311 |
| | Hon. Sean F. Cox |
| THIS DOCUMENT RELATES TO: | Mag. Judge R. Steven Whalen |
| ALL END PAYOR ACTIONS | |

**FINANCIAL RECOVERY SERVICES, LLC'S**
**MOTION FOR RECONSIDERATION OF**
**THE COURT'S APRIL 28 OPINION AND ORDER**

PLEASE TAKE NOTICE that, upon the accompanying memorandum, Financial Recovery Services, LLC d/b/a Financial Recovery Strategies ("FRS"), by its undersigned attorneys, will move this Court, before the Honorable Sean F. Cox, at the United States District Court for the Eastern District of Michigan, at a time and place set by the Court, for an Order reconsidering the Court's April 28, 2021 Opinion and Order denying FRS's Emergency Motion To Compel Acceptance and Processing of Vehicle Data (ECF No. 2134) and for such other and further relief as the Court deems just and proper. Counsel for FRS sought concurrence in this motion from the parties to the End Payor Actions. Counsel for End Payor Plaintiffs stated that they oppose the motion, and counsel for End Payor Defendants stated that they take no position on the motion.

WHEREFORE, FRS requests that the Court grant the following relief:

A.      Reconsider the Court's April 28, 2021 Opinion and Order denying FRS's Emergency Motion To Compel Acceptance and Processing of Vehicle Data;

B.      Upon reconsideration, enter an order compelling Class Counsel and the Claims Administrator to (1) permit FRS and the Insurers a reasonable opportunity to submit vehicle data in support of their timely filed claim forms, and (2) deem that data timely for the purpose of evaluating FRS and Insurers' eligibility to recover under the End Payor Settlements; and

C.      Grant such further relief as the Court determines to be appropriate.

Dated:  May 7, 2021                   Respectfully submitted,

/s/ *Laura S. Faussié*
Jonathan T. Walton, Jr. (P32969)
Laura S. Faussié (P48933)
FRASER TREBILCOCK
  DAVIS & DUNLAP, P.C.
One Woodward Avenue, Suite 1550
Detroit, MI 48226
(313) 237-7300
jwalton@fraserlawfirm.com
lfaussie@fraserlawfirm.com

Aaron M. Panner
Matthew R. Huppert
Daniel S. Severson
KELLOGG, HANSEN, TODD,
  FIGEL & FREDERICK, P.L.L.C.
1615 M Street, N.W., Suite 400
Washington, D.C. 20036
(202) 326-7900
apanner@kellogghansen.com
mhuppert@kellogghansen.com
dseverson@kellogghansen.com

*Counsel for Financial Recovery*
*Services, LLC*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | |
|---|---|
| IN RE: AUTOMOTIVE PARTS ANTITRUST LITIGATION | Master File No. 12-md-02311 |
| | Hon. Sean F. Cox |
| | Mag. Judge R. Steven Whalen |
| THIS DOCUMENT RELATES TO: | |
| ALL END PAYOR ACTIONS | |

**BRIEF IN SUPPORT OF FINANCIAL RECOVERY SERVICES, LLC'S**
**MOTION FOR RECONSIDERATION OF**
**THE COURT'S APRIL 28 OPINION AND ORDER**

# **TABLE OF CONTENTS**

Page

TABLE OF AUTHORITIES ........................................................................vi

ISSUES PRESENTED............................................................................. vii

CONTROLLING OR MOST APPROPRIATE AUTHORITIES......................... viii

LEGAL STANDARD..............................................................................2

ARGUMENT ......................................................................................3

I.      Under Rule 23, Non-Parties with Class-Member Interests May, Without Intervening, Seek Appropriate Relief in a Class Proceeding .......................................................................................3

II.     FRS's Motion To Compel Is Independent from FRS's Prior Motion To Intervene and from FRS's Pending Appeal ................................6

CONCLUSION ....................................................................................9

# TABLE OF AUTHORITIES

Page

**CASES**

*Faber v. Ciox Health, LLC*, 944 F.3d 593 (6th Cir. 2019) .........................................5

*Fine Paper Antitrust Litig.*, *In re*, 695 F.2d 494 (3d Cir. 1982) ................................5

*Knowles v. Butz*, 358 F. Supp. 228 (N.D. Cal. 1973) ................................................4

*Mich. Dep't of Treasury v. Michalec*, 181 F. Supp. 2d 731
    (E.D. Mich. 2002) .........................................................................................2, 3

*Moulton v. U.S. Steel Corp.*, 581 F.3d 344 (6th Cir. 2009) .......................................5

*Phillips Petroleum Co. v. Shutts*, 472 U.S. 797 (1985) .............................................4

**RULES**

Fed. R. Civ. P.:

    Rule 23 .................................................................................................1, 3, 5, 6

    Rule 23(c) ...........................................................................................................4

    Rule 23(c)(2)(B)(iv)........................................................................................3, 5

    Rule 23(d)(1) ......................................................................................................3

    Rule 24 ................................................................................................................1

E.D. Mich. L.R. 7.1(h)(3) .........................................................................................3

**OTHER MATERIALS**

*Newberg on Class Actions* (5th ed.)........................................................................4, 6

## **ISSUE PRESENTED**

Should the Court reconsider its April 28, 2021 Opinion and Order and require Class Counsel and the Claims Administrator to accept and process as timely vehicle data that a class member submits in support of timely filed claim forms?

      FRS says "Yes."

## <u>CONTROLLING OR MOST APPROPRIATE AUTHORITIES</u>

Federal Rule of Civil Procedure 23

*Moulton v. U.S. Steel Corp.*, 581 F.3d 344 (6th Cir. 2009)

Financial Recovery Services, LLC d/b/a Financial Recovery Strategies ("FRS") moves for reconsideration of the Court's April 28, 2021 Opinion and Order denying FRS's motion to compel processing of vehicle data, ECF No. 2134 (the "April 28 Order").  The April 28 Order is based on the incorrect premise that the Court lacks authority to decide the merits of FRS's motion because (1) FRS is a non-party and/or (2) FRS's motion to compel is related to or seeks reconsideration of FRS's prior motion to intervene.  *Id*. at 1-2, PageID.39177-39178.  Because those apparent bases for the Court's decision are incorrect and outcome-determinative, the Court should reconsider its decision.  FRS also requests oral argument, which FRS respectfully submits would assist the Court in clarifying these issues.

*First*, FRS's status as a non-party does not affect its right to seek the relief requested in its motion to compel, and, therefore, this Court erred in citing FRS's status as a "non-party" as a basis to deny FRS relief.  FRS is an assignee and representative of absent class members' interests in this proceeding; the Claims Administrator's refusal to process vehicle data is prejudicing those interests.  Accordingly, FRS is entitled under Rule 23, without intervening under Rule 24, to appear in this proceeding to seek protection of its and its clients' class-member interests; FRS's status as a "non-party" is not a proper basis for denying FRS's motion or declining to consider its merits.  More broadly, the Court cannot and

should not bar the courthouse doors to absent class members in this proceeding merely because they are "non-parties."

*Second*, this Court has authority to decide FRS's motion to compel because that motion does not relate to or depend upon FRS's prior motion to intervene (ECF No. 2060) or upon FRS's pending appeal of the Court's denial of intervention (ECF No. 2101). The motion to compel deals with the procedural rights of claimants to have their vehicle data processed; that issue is independent of, and broader than, the topic of FRS's motion to intervene—namely, the legal rights of subrogated auto insurers. The Claims Administrator's unauthorized refusal to process vehicle data harms the rights of non-party claimants that, in support of timely filed claims, have submitted or will submit vehicle data after the claim-filing deadline; this includes claimants that are not insurers, do not seek recovery as subrogees, and have not sought intervention. The prejudice caused by not processing this vehicle data will remain regardless of whether FRS may intervene. Accordingly, FRS's motion to compel requires independent consideration, and FRS's pending appeal does not deprive this Court of authority to rule on that motion.

## **LEGAL STANDARD**

The Court will grant a motion for reconsideration if the moving party shows "a palpable defect which results in a different disposition of the motion." *Mich.*

*Dep't of Treasury v. Michalec*, 181 F. Supp. 2d 731, 736 (E.D. Mich. 2002); *see* E.D. Mich. L.R. 7.1(h)(3).  "A 'palpable defect' is a defect which is obvious, clear, unmistakable, manifest, or plain."  *Michalec*, 181 F. Supp. 2d at 734.

## ARGUMENT

The Court should reconsider its April 28 Order because it has two "palpable defect[s]," and correcting either defect would "result[] in a different disposition" of FRS's motion.  *Michalec*, 181 F. Supp. 2d at 733.

**I.   Under Rule 23, Non-Parties with Class-Member Interests May, Without Intervening, Seek Appropriate Relief in a Class Proceeding**

Because Rule 23 entitles putative class members like FRS (or any other class member seeking recovery from the End-Payor Settlements) to seek protection of their rights in a class proceeding, without intervening, the April 28 Order erred in holding that the Court lacked "authority" to grant relief to "a non-party."  ECF No. 2134 at 2, PageID.39178.  Specifically, Rule 23 entitles class members to "enter an appearance through an attorney if the member so desires," Fed. R. Civ. P. 23(c)(2)(B)(iv), and it grants the Court authority to "issue orders that," among other things, "determine the course of proceedings" or "protect class members" by allowing them an "opportunity to . . . intervene . . . *or to otherwise come into* the action," Fed. R. Civ. P. 23(d)(1) (emphasis added).  These provisions give the Court ample "authority . . . to grant" FRS's motion, even though "FRS remains a non-party," pending appeal.  ECF No. 2134 at 1-2, PageID.39177-39178.  A

3

putative class member need not "go[ ] the full length of becoming a party through intervention" to ascertain or seek protection of its rights as a class member. 3 *Newberg on Class Actions* § 9:37 (5th ed.) ("*Newberg*"); *accord Knowles v. Butz*, 358 F. Supp. 228, 230 (N.D. Cal. 1973) ("There is, therefore, no need for these new class members to formally intervene."). Likewise, the Due Process Clause requires that "absent class plaintiffs" receive, among other things, "an opportunity to be heard and participate in the litigation." *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 811-12 (1985); *see also* 6 *Newberg* § 18:44 (discussing the "constellation of participatory protections" for absent class members).

In support of the motion to compel, FRS cited Rule 23(c) in furtherance of the argument that, because absent class members also may "participate in proceedings before the Court" and "pursu[e] relief," "without intervening," it is "wrong" that "only parties to this action can file motions." ECF No. 2126 at 8 n.4, PageID.39107. Therefore, the April 28 Order's statement that "[FRS] cites no authority for the court to grant such a 'motion to compel acceptance' from a non-party" is incorrect. ECF No. 2134 at 2, PageID.39178.

Because FRS has the rights of a class-member claimant by assignment and also represents the interests of other class-member claimants, it may, without intervening, request relief from the Court. Indeed, "purported members of the class" need not formally intervene in the class proceeding to "request . . . that the

court interpret the class order so as to include [them] and on that basis direct the payment of [their] claims." *In re Fine Paper Antitrust Litig.*, 695 F.2d 494, 499 (3d Cir. 1982). In that circumstance, a putative class member need only "present [a] motion for resolution by the court," *id.*, which is what FRS did here. Moreover, the Sixth Circuit has construed Rule 23's "appearance" provision to contemplate meaningful participation by absent class members and their counsel, including being listed on the docket, having their filings accepted by the court, and having the opportunity to be heard at proceedings that affect class members. *See Moulton v. U.S. Steel Corp.*, 581 F.3d 344, 353 (6th Cir. 2009); *see also Faber v. Ciox Health, LLC*, 944 F.3d 593, 604 (6th Cir. 2019) (an "appearance" under Rule 23(c)(2)(B)(iv) is made "to obtain favorable outcomes—not for its own sake").

The basis for the Court's April 28 Order also is incorrect because, taken to its logical extreme, it would prevent non-party class members—that is, all class members other than the named plaintiffs—from participating and protecting their rights at later stages of the claims administration process. Non-party class members that submit proofs of claim have a right to object to recommendations that a claims administrator makes to a court about which claims to compensate, and to challenge the court's decision to accept or reject those recommendations. *See* Fed. R. Civ. P. 23(c)(2)(B)(iv). Yet, the Court's holding that it has no "authority" to grant relief to "non-party" claimants suggests that such claimants

may be denied the opportunity to challenge the recommended disposition of their

claims, or the distribution of settlement funds, unless they spend the time and

money formally to intervene—a cost that will be "not worth the[] effort" for the

garden-variety class member who has relatively "little at stake."  3 *Newberg*

§ 9:30.  That result would violate Rule 23, which is designed to protect class

members.  Moreover, courts would need to adjudicate individually motions to

intervene by every class member who has enough at stake to justify the costs of

seeking intervention, adding burden and delay to every class settlement

administration.  Accordingly, the Court should reconsider its holding regarding

"non-party" claimants.

## II.   FRS's Motion To Compel Is Independent from FRS's Prior Motion To Intervene and from FRS's Pending Appeal

Insofar as the April 28 Order concludes that the Court lacks authority to

decide FRS's motion to compel because that motion is related to (or seeks

reconsideration of) FRS's prior motion to intervene, *see* ECF No. 2134 at 1-2,

PageID.39177-39178, that ruling misconstrues the nature of FRS's motion to

compel.  The motion to compel raises issues about processing class members'

claim information and thus is independent of FRS's motion to intervene, which

was filed to obtain a ruling regarding Insurers' subrogation rights.  FRS's motion

to compel neither seeks to make FRS a party nor depends upon FRS being a party.

Rather, it asks the Court to enforce the Claims Administrator's obligation to

*claimants*, who purport to be absent class members, not parties to the End Payor Actions.

Under the Court-approved Plan of Allocation, the Claims Administrator must "use the information [claimants] provide in [their] Claim Form[s] . . . to determine whether [the claimant's] Vehicle[s] contain[] one or more of the Automotive Parts." 12-cv-403, ECF No. 301-2, PageID.11014. The Claims Administrator owes that obligation to all claimants—it does not depend on whether the Claims Administrator believes the Court ultimately will approve a given claim, or whether the claimant has intervened. Yet, as FRS's motion to compel showed, the Claims Administrator has declined to fulfill its data-processing obligation for claimants who have supplemented timely filed claim forms with additional vehicle information. *See* ECF No. 2114 at 7-10, PageID.38318-21. FRS and its clients, as claimants, are just as entitled as all other claimants to have their vehicle information processed.[1]

Moreover, whether or not FRS intervenes, the Claims Administrator's refusal to process vehicle information will harm FRS and all similarly situated claimants. Not processing a claimant's vehicle information harms that claimant by functionally nullifying its claim; there can be no basis to pay a claim until the

---

[1] Attached hereto as **Exhibit 2** is the Declaration of Daniel W. Shoag, Ph.D., which provides additional information about FRS's imminent submission of vehicle information for the Insurers' Total Loss Vehicles.

Claims Administrator "determine[s] whether [the claimant's] Vehicle[s] contain[]
one or more of the Automotive Parts," 12-cv-403, ECF No. 301-2,
PageID.11014—that is, determines whether the claimant's vehicles are eligible to
recover from the End Payor Settlements.  The Claims Administrator's abdication
of its responsibilities has imposed this harm on FRS and its Insurer clients not only
with regard to claims that are based on subrogation, but also claims based on the
purchase of fleet vehicles—that is, claims that have nothing to do with
subrogation.  Moreover, the Claims Administrator's actions threaten to harm
several of FRS's non-insurer clients, *see* Decl. of Robin M. Niemiec ¶¶ 2-3 (May
5, 2021) (attached as **Exhibit 1**), as well as dozens of non-insurer claimants that
FRS does not represent, *see id.* ¶ 4; ECF No. 2125-1 at 1-3, PageID.38551-38553.
Neither making FRS a party nor deciding that the Insurers have subrogation rights
would address or remedy these harms.

Additionally, if the Court does not require the Claims Administrator to
process claimants' vehicle data now—when ample time to do so remains in the
claims administration process—the Claims Administrator and Class Counsel may
very well rely on such inaction to recommend at the end of the claims
administration process that this Court deny claimants compensation.  The Claims
Administrator, without any authority provided by the Plan of Allocation or
otherwise, is declining to process vehicle information from claimants it believes

should not recover, even though they timely submitted claim forms and are entitled to recover.  By refusing to process these claimants' vehicle information, the Claims Administrator is unlawfully attempting to short-circuit the claims administration process in a manner designed to preclude any evaluation of the merits of these claims.  Accordingly, deferring this issue to the end of the claims administration process risks irreparable prejudice to eligible claimants.  The Court should ensure that vehicle information is processed now to protect claimants' rights to recover.

## <u>CONCLUSION</u>

The Court should reconsider its April 28 Order and grant FRS's motion to compel.  The Court should also permit oral argument to address the issues raised by FRS's motion to compel and the present motion for reconsideration.

Dated:  May 7, 2021                    Respectfully submitted,

  /s/ *Laura S. Faussié*
Laura S. Faussié (P48933)
Jonathan T. Walton, Jr. (P32969)
FRASER TREBILCOCK
  DAVIS & DUNLAP, P.C.
One Woodward Avenue, Suite 1550
Detroit, MI 48226
(313) 237-7300
lfaussie@fraserlawfirm.com
jwalton@fraserlawfirm.com

Aaron M. Panner
Matthew R. Huppert
Daniel S. Severson
KELLOGG, HANSEN, TODD,
  FIGEL & FREDERICK, P.L.L.C.
1615 M Street, N.W., Suite 400
Washington, D.C. 20036
(202) 326-7900
apanner@kellogghansen.com
mhuppert@kellogghansen.com
dseverson@kellogghansen.com

*Counsel for Financial Recovery Services, LLC*

10

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on May 7, 2021, I electronically filed the foregoing document with the Clerk of the Court using the ECF system, which will send notification of such filing to counsel of record.


 /s/ *Laura S. Faussié*
Laura S. Faussié