# EXHIBIT 1

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | |
|---|---|
| IN RE: AUTOMOTIVE PARTS ANTITRUST LITIGATION | Master File No. 12-md-02311 |
| THIS DOCUMENT RELATES TO:<br><br>ALL END-PAYOR ACTIONS | Hon. Sean F. Cox<br>Mag. Judge R. Steven Whalen |

**DECLARATION OF ROBIN M. NIEMIEC IN SUPPORT OF**
**FINANCIAL RECOVERY SERVICES, LLC'S**
**MOTION FOR RECONSIDERATION OF**
**THE COURT'S APRIL 28 OPINION AND ORDER**

I, Robin M. Niemiec, declare:

1.  I am Chief Operating Officer of Financial Recovery Services, LLC d/b/a Financial Recovery Strategies ("FRS"). I previously submitted a declaration in support of FRS's Emergency Motion To Compel Acceptance and Processing of Vehicle Data (the "Motion To Compel").[1] I submit this declaration in support of FRS's motion seeking the Court's reconsideration of the Opinion and Order in which the Court denied the Motion To Compel. This declaration is based on my personal knowledge, as well as my extensive experience with class action settlement administrations and distributions.

---

[1] No. 2:12-md-02311, ECF No. 2126-4, PageID.39146-39151.

2. Since June 18, 2020, the Court-imposed deadline for the filing of proof of claim forms, FRS, on behalf of 58 claimants for which FRS had timely submitted proof of claim forms, has submitted to Epiq Class Action & Claims Solutions ("Epiq"), the claims administrator for the End-Payor Settlements, data for 33,821 eligible vehicles.[2] Because all of those claimants purchased or leased a new eligible vehicle, not for resale, in one of the eligible jurisdictions during the relevant periods, they are all members of the End-Payor Settlement classes. None of those class members is relying on a theory of subrogation to seek recovery from the End-Payor Settlements.

3. In response to those post-June 18, 2020 data submissions in support of timely filed proofs of claim, FRS received from Epiq a variety of emails that ran the gamut from simple confirmation of receipt to the outright rejection of the data as not having been timely filed. None of the outright rejections provided a reference to any authority for the rejection of the data, and I know of no such authority, either in the Court-approved Plan of Allocation or elsewhere.

4. In addition to the timely filed proofs of claim that FRS supplemented after June 18, 2020, I attempted to supplement my own timely filed proof of claim

---

[2] A list of those claimants, which sets forth for each the number of eligible vehicles claimed and the date on which the data was submitted to Epiq, together with true and correct exemplars of Epiq's email responses, is provided in **Exhibit A** hereto.

form that sought recovery for eligible vehicles that I personally purchased. Specifically, my proof of claim form listed as of the claim filing deadline two eligible vehicles; on February 25, 2021, I sought to add two more vehicles. Epiq advised, however, that "the deadline to add additional vehicles was June 2020."[3]

---

[3] A true and correct photocopy of the email exchange is provided in **Exhibit B** hereto.

3

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed this 5th day of May 2021, in Palm Beach Gardens, Florida.

_____
Robin M. Niemiec