# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | | |
|---|---|---|
| | : | |
| IN RE AUTOMOTIVE PARTS | : | Master File No. 12-md-02311 |
| ANTITRUST LITIGATION | : | Hon. Sean F. Cox |
| | : | Mag. Judge R. Steven Whalen |

| | | |
|---|---|---|
| | : | |
| THIS DOCUMENT RELATES TO: | : | END-PAYOR PLAINTIFFS' |
| ALL END-PAYOR ACTIONS | : | MOTION TO STRIKE |
| | : | FINANCIAL RECOVERY |
| | : | SERVICES, LLC'S MOTION |
| | : | FOR RECONSIDERATION OF |
| | : | THE COURT'S APRIL 28 |
| | : | OPINION AND ORDER |
| | : | |
| | : | |
| | : | |

**END-PAYOR PLAINTIFS' MOTION TO STRIKE FINANCIAL
RECOVERY SERVICES, LLC'S IMPROPER MOTION FOR
RECONSIDERATION OF THE
<u>COURT'S APRIL 28 OPINION AND ORDER</u>**

End-Payor Plaintiffs ("EPPs"), by and through their Court-appointed counsel,

hereby respectfully move the Court to strike non-party Financial Recovery Services,

LLC's ("FRS's") Motion for Reconsideration of the Court's April 28 Opinion and

Order. ECF No. 2137. EPPs move to strike FRS's improper motion because it

violates both the Federal Rules of Civil Procedure and this Court's Local Rules.


Dated:  May 15, 2021                    Respectfully submitted,



                                        */s/ William Reiss*
                                        William V. Reiss
                                        **ROBINS KAPLAN LLP**
                                        399 Park Avenue, Suite 3600
                                        New York, NY 10022
                                        Telephone: (212) 980-7400
                                        Facsimile: (212) 980-7499
                                        WReiss@RobinsKaplan.com

                                        */s/ Adam J. Zapala*
                                        Adam J. Zapala
                                        Elizabeth T. Castillo
                                        **COTCHETT, PITRE & McCARTHY, LLP**
                                        San Francisco Airport Office Center
                                        840 Malcolm Road, Suite 200
                                        Burlingame, CA 94010
                                        Telephone: (650) 697-6000
                                        Facsimile: (650) 697-0577
                                        azpala@cpmlegal.com
                                        ecastillo@cpmlegal.com

*/s/ Jenna G. Farleigh*
Marc M. Seltzer
Steven G. Sklaver
**SUSMAN GODFREY L.L.P**.
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067-6029
Telephone: (310) 789-3100
Facsimile: (310) 789-3150
mseltzer@susmangodfrey.com
ssklaver@susmangodfrey.com

Terrell W. Oxford
Chanler A. Langham
**SUSMAN GODFREY L.L.P.**
1000 Louisiana, Suite 5100
Houston, TX 77002
Telephone: (214) 754-1900
Facsimile: (214)754-1933
toxford@susmangodfrey.com
clangham@susmangodfrey.com

Floyd G. Short
Jenna Farleigh
**SUSMAN GODFREY L.L.P.**
1201 3rd Ave., Suite 3800
Seattle, WA 98101
Telephone: (206) 373-7381
Facsimile: (206) 516-3883
fshort@susmangodfrey.com
jfarleigh@susmangodfrey.com

*Co-Lead Class Counsel for End-Payor Plaintiffs*

## <u>STATEMENT OF ISSUE PRESENTED</u>

1. Should this Court strike the procedurally improper Motion for Reconsideration filed by non-party FRS in violation of the Federal Rules of Civil Procedure and this Court's Local Rules?

   Yes.

# TABLE OF MOST CONTROLLING AUTHORITIES

3 *Newberg on Class Actions* § 9:37

*Taylor v. KeyCorp*, 680 F.3d 609, 616 (6th Cir. 2012)

*Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982)

E.D. Mich. Local Rule 7.1(h)

# **TABLE OF CONTENTS**

**Page**

INTRODUCTION ...................................................................................1

LEGAL STANDARD..............................................................................4

ARGUMENT ..........................................................................................5

    I.    THE COURT SHOULD STRIKE FRS'S MOTION FOR
          RECONSIDERATION ....................................................................5

          A.    FRS Was Required to Be Granted Intervenor Status to
                File the Motion in Question—A Motion That FRS
                Already Lost and That Is Currently on Appeal. ........................5

                1.    Rule 23 Does Not Grant FRS Authority to File a
                        Motion to Extend the Claims-Filing Deadline. ...............6

                2.    The Court Lacks Jurisdiction to Hear the Motion
                        Because the Relief Requested in FRS's Motion
                        to Compel Was Subsumed in the Relief
                        Requested in Its Motion to Intervene. ...........................11

          B.    The Motion to Reconsider Was Filed in Violation of
                  the Local Rules.......................................................................13

          C.    Late Claims Filed by FRS on Behalf of Insurers as
                  Vehicle Purchasers or Lessees on Their Own Account
                  Are Already Being Processed Despite Being Late. .................15

CONCLUSION .....................................................................................15

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Carpenter v. City of Flint*,
   723 F.3d 700 (6th Cir. 2013) ...................................................................13

*Dep't of Treasury v. Michalec*,
   181 F. Supp. 2d 731 (E.D. Mich. 2002) ...............................................14

*Faber v. Ciox Health, LLC*,
   944 F.3d 593 (6th Cir. 2019) .....................................................................9

*Franklin Cty. v. Travelers Prop. Cas. Ins. Co. of Am.*,
   No. CIV.A 3:08-52-DCR, 2008 WL 4787401 (E.D. Ky. Oct. 30,
   2008) ...........................................................................................................5

*GEICO Corp. v. Autoliv, Inc.*,
   345 F. Supp. 3d 799 (E.D. Mich. 2018) ...............................................10

*Griggs v. Provident Consumer Discount Co.*,
   459 U.S. 56 (1982)....................................................................v, 4, 12

*Grimes v. Bessner*,
   No. 17-CV-12860, 2018 WL 3956356 (E.D. Mich. Aug. 17, 2018) .................13

*In re Fine Paper Antitrust Litig.*,
   695 F.2d 494 (3d Cir. 1982) ......................................................................9

*Johnson v. Bauman*,
   No. 2:19-CV-12423, 2020 WL 6867787 (E.D. Mich. Nov. 23,
   2020) .....................................................................................................3, 14

*Knowles v. Butz*,
   358 F. Supp. 228 (N.D. Cal. 1973).............................................................9

*Larsen v. Pine Ridge Operator, LLC*,
   No. 14-CV-12101, 2014 WL 6686777 (E.D. Mich. Nov. 26, 2014) .................5

*Moulton v. U.S. Steel Corp.*,
   581 F.3d 344 (6th Cir. 2009) .....................................................................9

*Ordos City Hawtai Autobody Co., Ltd. v. Dimond Rigging Co., LLC,*
  695 F. App'x 864 (6th Cir. 2017) ........................................................5

*Phillips Petroleum Co. v. Shutts,*
  472 U.S. 797 (1985)..........................................................................9

*Ramsey v. Arata,*
  406 F. Supp. 435 (N.D. Tex. 1975) ....................................................8

*Scottsdale Ins. Co. v. Flowers,*
  513 F.3d 546 (6th Cir. 2008) .............................................................7

*Scozzari v. City of Clare,*
  723 F. Supp. 2d 974 (E.D. Mich. 2010) ...........................................14

*Snap! Mobile, Inc. v. Croghan,*
  No. 18-CV-04686-LHK, 2019 WL 884177 (N.D. Cal. Feb. 22,
  2019) ...............................................................................................4

*Taylor v. KeyCorp,*
  680 F.3d 609 (6th Cir. 2012) ......................................................v, 12

*Toldy v. Fifth Third Mortg. Co.,*
  No. 1:09 CV 377, 2010 WL 2640021 (N.D. Ohio June 29, 2010) ....6

*Wainwright v. Kraftco Corp.,*
  54 F.R.D. 532 (N.D. Ga. 1972) .........................................................8

**Rules**

Fed. R. Civ. P. 12 ................................................................................4

Fed. R. Civ. P. 23 ........................................................................*passim*

Fed. R. Civ. P. 24 ...........................................................................7, 8

L.R. 7.1.......................................................................................*passim*

**Other Authorities**

3 *Newberg on Class Actions* § 9:37 ........................................................7

## INTRODUCTION

Financial Recovery Services, LLC ("FRS") has filed a motion for reconsideration without any right to do so since it is a non-party. It also provides no basis for reconsideration: FRS points to no intervening authority that justifies a change in this Court's decision. It provides no arguments or facts that were not or could not have been presented previously. It has failed to show that the order in question suffers from any defect, let alone a "palpable defect." The Court should strike the motion.

The entire premise of FRS's prior motions and the instant motion for reconsideration is demonstrably incorrect. FRS failed to properly seek a ruling regarding the potential validity of subrogation claims in time to submit those claims before the expiration of not one, but two, interim claims-filing deadlines. Then finally, on the last day permitted by the Court for class members to submit claims, FRS filed a motion for leave to intervene to allow it to seek a ruling on the potential validity of subrogation claims and if, but only if, it thereafter obtained a favorable ruling to belatedly submit claims to share in the class settlements based on asserted subrogation rights months after the court-established deadline for submitting claims had passed. ECF No. 2060 at 37704. FRS admitted in its motion that it had not submitted *any* subrogation claims before the deadline. *Id.* at 37719 (conceding that it had not submitted any "vehicle-specific information because gathering and

1

submitting data regarding many thousands of specific vehicles that underlie their subrogation claims would be an enormous task"). Instead, it requested extraordinary relief that has not been authorized for any putative class member: blanket permission to submit late claims at an unknown and undetermined future date. *Id.* at 37720 (asking the Court for permission to allow Insurers to "complete the documentation of their claims after the Court rules"). Class plaintiffs opposed the motion on the basis that doing so would prejudice the classes they represent. This Court denied the motion, finding as a matter of fact that allowing intervention for this purpose would prejudice the original parties to these proceedings. The Court found that "claims processing has been ongoing, and completion would be delayed if the Court were to allow potentially thousands of claims to be submitted after the deadline." ECF No. 2101 at 38270. FRS's appeal of that order is pending. Yet nearly a year after the expiration of the final claims-filing deadline, FRS has ***still*** not submitted claims by any insurance carriers based on its subrogation theory. Pinkerton Decl. ¶¶ 10, 11, 14.

Despite this failure, FRS attempted a second bite at the apple and restyled its initial intervention motion as an Emergency Motion to Compel Acceptance and Processing of Vehicle Data. ECF No. 2114. That untimely motion sought the same relief previously sought (and denied) through the motion to intervene: an order from the Court requiring the Claims Administrator to accept and process late claim submissions, including those made by FRS on behalf of insurance companies

seeking to assert claims based on purported subrogation rights and deem those submissions to be timely. *Id.* at 38314 (seeking to "(1) permit FRS and the Insurers a reasonable opportunity to submit vehicle data . . . , and (2) deem that data timely"). In effect, FRS sought a blanket extension of the claims filing deadlines for its clients.

The Court construed that motion as an untimely and unmeritorious "motion for reconsideration" of the denial of FRS's prior motion to intervene. ECF No. 2134 at 39178 (noting that FRS failed to show "the existance of a palpable defect").

FRS now seeks a third bite of the apple. It has filed a motion for reconsideration of the Court's order denying its motion to compel—what this Court previously construed as a motion for reconsideration. ECF No. 2137. But FRS's stale request for an extension of the claims-filing deadline disregards the Court's well-founded conclusion that FRS cannot satisfy the legal standard required for reconsideration. ECF No. 2134  at 39178 (noting the Court could construe the motion to compel as a motion for reconsideration under Local Rule 7.1(h) and concluding that FRS failed to meet the requirements); *see also Johnson v. Bauman*, No. 2:19-CV-12423, 2020 WL 6867787, at *1 (E.D. Mich. Nov. 23, 2020) (noting motion to reconsider that "presents the same issues already ruled upon by the court, either expressly or by reasonable implication, will not be granted").

This Court should strike non-party FRS's most recent effort to obtain the same relief it has twice been denied. FRS previously admitted that intervention was

3

required to allow it to file a motion. ECF No. 2060 at 37715. Now that the intervention request and FRS's recasted stylization of it as a motion to compel have both been denied, FRS does a 180° and claims that that all along it had the right to file a motion without being granted intervenor status. FRS is simply wrong as a matter of law as is demonstrated below. Further, because FRS has appealed the denial of its intervention request, this Court has no jurisdiction to grant it relief. FRS's motion should be denied for the separate reason that it violates this Court's Local Rules concerning motions for reconsideration. And finally, FRS's claims of prejudice are fiction: only suborgation claims—claims FRS has not yet filed—are not being processed by the Claims Administrator because not only do they not exist, the Court has already ruled that FRS has no right to submit these late claims. *See* Pinkerton Decl. ¶ 15.

## LEGAL STANDARD

The Court has discretion to strike any "redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. Pro. 12(f); *see also Snap! Mobile, Inc. v. Croghan*, No. 18-CV-04686-LHK, 2019 WL 884177, at *3 (N.D. Cal. Feb. 22, 2019). That is particularly true here where the Court has already determined that the filer lacks standing. *See Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982) (noting that the filing of an appeal "confers jurisdiction on the court of appeal and

divests the district court of its control over those aspects of the case involved in the appeal"); *see also* ECF No. 2134 (April 28, 2021 Order).

This Court also has discretion to strike a filing for untimeliness or failure to comply with Local Rules. *See Ordos City Hawtai Autobody Co., Ltd. v. Dimond Rigging Co., LLC*, 695 F. App'x 864, 870–72 (6th Cir. 2017) (affirming striking of response brief); *Larsen v. Pine Ridge Operator, LLC*, No. 14-CV-12101, 2014 WL 6686777, at *5 (E.D. Mich. Nov. 26, 2014).

## ARGUMENT

## I. THE COURT SHOULD STRIKE FRS'S MOTION FOR RECONSIDERATION

The Court should strike FRS's third try at obtaining a blanket extension of the claims-filing deadline for claims covering many thousands of vehicles because: (1) FRS already sought the same relief by its motion for intervention, and appealed the denial of that relief, and (2) FRS's motion violates Local Rule 7.1 governing motions to reconsider. Additionally, the Court should strike FRS's motion for the additional reason that, as a matter of fact, FRS's late-filed claims, which do not include any subrogation claims, are ***already*** being processed.

### A. FRS Was Required to Be Granted Intervenor Status to File the Motion in Question—A Motion That FRS Already Lost and That Is Currently on Appeal.

It is well-settled that before a non-party can insert itself into a lawsuit wherein its interests may be affected, it must first successfully intervene. *Franklin Cty. v.*

5

*Travelers Prop. Cas. Ins. Co. of Am.*, No. CIV.A 3:08-52-DCR, 2008 WL 4787401, at *2 (E.D. Ky. Oct. 30, 2008) (noting that intervention "allows non-parties to insert themselves into lawsuits where their interests may be affected"); *see also Toldy v. Fifth Third Mortg. Co.*, No. 1:09 CV 377, 2010 WL 2640021, at *2 (N.D. Ohio June 29, 2010) ("[I]ntervention . . . allows a third party with an interest in the [] transaction involved in the action to enter the suit and litigate it on the merits as a party.").

Here, by filing its motion to intervene, FRS ***acknowledged*** that intervention was a predicate to being able to seek its requested relief to allow FRS's insurance company clients to "complete the documentation of their claims" after the claims-filing deadline. ECF No. 2060 at 37720. FRS even ***stated*** that intervention was required. *Id.* at 37715.

Yet, despite its concession, FRS ***now*** claims that this Court committed manifest error in its April 28 Opinion and Order by: (1) citing FRS's status as a "non-party" as a basis to deny FRS relief, and (2) concluding that FRS's pending appeal of the Court's denial of intervention deprived the Court of jurisdiction, ECF No. 2137 at 39192-93. Neither argument is correct.

      1.    *Rule 23 Does Not Grant FRS Authority to File a Motion to Extend the Claims-Filing Deadline.*

Until filing the instant motion to reconsider, FRS never suggested, much less argued, that it could move for a blanket extension of the claims-filing deadline

without first intervening.[1] But FRS *has* argued that issue on appeal before the Sixth Circuit. Farleigh Decl. ¶ 3, Ex. A (FRS's brief stating that "FRS moved to intervene under Rule 24 to expedite resolution of the subrogation question, even though, under Rule 23, class members need not intervene"). Although plaintiffs disagree with FRS's argument or its ability to raise this new argument on appeal, that issue has been presented to the Court of Appeals.

FRS's new-found position is that Rule 23 alone entitles it "without intervening under Rule 24" to file a motion to compel acceptance of late claims. *See, e.g.*, ECF No. 2137 at 39192. But this contention has no support. Although Rule 23 allows a "class member [to] enter an appearance through an attorney if the member so desires," Fed. R. Civ. P. 23(c)(2)(B)(iv), that does not (as FRS contends) give the Court "ample authority" to grant FRS's motion. ECF No. 2137 at 39194. To the contrary, the very authority cited by FRS states that Rule 23 does not obviate the intervention requirement of Rule 24 and instead merely entitles counsel to be served with papers filed in the action. *See, e.g.*, 3 *Newberg on Class Actions* § 9:37; *see also*

---

[1] FRS says it "cited Rule 23(c) in furtherance of th[is] argument," but that is not true. ECF No. 2137 at 39195. FRS only noted (improperly and for the first time in a footnote to its reply brief on the motion to compel) that in some circumstances non-parties "can file motions." ECF No. 2126 at 3107 n.4. But FRS did not argue that Rule 23 allowed *it* to file a motion to compel without intervening. And, in any event, arguments raised for the first time in a reply brief are disregarded as having been waived. *See Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 553 (6th Cir. 2008) ("We have found issues to be waived when they are raised for the first time in . . . replies to responses.").

*Ramsey v. Arata*, 406 F. Supp. 435, 442 (N.D. Tex. 1975) (rejecting view that Rule 23(c)(2)(C) "establishes the equivalent of an absolute right to intervene without regard to the normal intervention requirements of Rule 24").

While it is true that absent class members have certain rights, such as the right to opt out, the right to object to a settlement, the right to be heard if they do timely object to a settlement, as well as the right to take an appeal from an order overruling their objections and approving a settlement, they are not deemed parties to the proceeding. For example, unlike parties they do not have the right to conduct discovery or file motions to compel without intervening. *Wainwright v. Kraftco Corp.*, 54 F.R.D. 532, 534 (N.D. Ga. 1972) ("Nothing in Rule 23 suggests that class members are deemed 'parties.' . . . Indeed, if class members were automatically deemed parties, all class actions would be converted into massive joinders. Such a result would emasculate Rule 23.").

Nor does the Court's discretionary authority to issue orders pertaining to a class action under Rule 23(d) give FRS the right to file a motion without first intervening. Fed. R. Civ. Pro. 23(d)(1). FRS takes phrases from this rule out of context. ECF No. 2137 at 39194. For example, Rule 23(d) gives the court authority to issue orders that require "***giving appropriate notice*** to some or all class members." Fed. R. Civ. Pro. 23(d)(1)(B)(iii) (emphasis added). It does not give a non-party the right to file motions to compel.

8

The remaining authority offered by FRS is likewise inapposite and does not stand for the proposition that non-parties, even those whose attorneys have entered a notice of appearance under Rule 23, may seek to compel an extension of the claims-filing deadline without first intervening. *See, e.g., Knowles v. Butz*, 358 F. Supp. 228, 230 (N.D. Cal. 1973) (noting only that absent class members would be allowed to enter an appearance through counsel and participate as class members where the originally named class representatives had now-moot claims to "eliminate[] the delay that might otherwise be required before the court could enter summary judgment on behalf of the class members"); *see also Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 811-12 (1985) (noting only that absent class members were entitled "to adequate notice, an opportunity to be heard [if objecting to a settlement], an opportunity to opt out of the case, and adequate representation by the named plaintiffs"—all things afforded in this case); *In re Fine Paper Antitrust Litig.*, 695 F.2d 494, 499 (3d Cir. 1982) (stating that, "[w]ithout intervention" alleged putative class members "had no standing" to "seek alteration of the certification order" and that all they could do was seek clarification from the Court that they were not class members).[2]

---

[2] The Sixth Circuit cases cited by FRS undermine its argument rather than support it. In *Moulton v. U.S. Steel Corp.*, 581 F.3d 344, 353 (6th Cir. 2009), the Sixth Circuit noted that Rule 23 was limited and that the court "did not err by corralling" the involvement of an attorney appearing on behalf of class members. And *Faber v.*

Even if Rule 23 did permit putative class members to file a motion to compel the type of relief FRS requests, FRS's argument would still fail. It is undisputed that the Rule 23 features marshalled by FRS only apply to "class members." Many of the insurance companies FRS represents are not class members in their capacity as insurers. This Court already held in related litigation that an insurance company lacked antitrust standing in its capacity as an insurer for "payments to insureds or third-party claimants for the full value of vehicles declared a total loss." *GEICO Corp. v. Autoliv, Inc.*, 345 F. Supp. 3d 799, 829-30 (E.D. Mich. 2018). The Court reasoned that "Total Loss Payments are not made in connection with the purchase of auto parts," and "the injury allegedly inflicted on GEICO does not occur in the auto part markets in which Defendants allegedly conspired." *Id.* at 829. This rationale equally applies here. *See* ECF No. 2060 at 37714 (explaining "the Insurers seek to stand in the shoes of class members whom the Insurers indemnified, and they thereby seek to recover money that might otherwise be claimed by the already-indemnified class members").

FRS is also incorrect in suggesting that requiring intervention prevents "non-party class members" from "participating and protecting their rights at later stages

---

*Ciox Health, LLC*, 944 F.3d 593, 604 (6th Cir. 2019), merely stands for the proposition that Rule 23's notice requirement requiring class counsel to inform class members that they may enter an appearance through an attorney must be performed before the parties are aware of the district court's judgment on the merits.

of the claims administration process." ECF No. 2137 at 13. It appears that FRS improperly combines the terms "non-party" and "class member" to suggest that **unnamed** class members who purchased or leased vehicles for their own account have no recourse in this action, which is not true. As discussed in Section I.C, unnamed class members have ample opportunity to protect their rights during the claims administration process. And late claims filed by insurance companies and other class members based on purchases or leases of vehicles made for their own account are being processed. Pinkerton Decl. ¶ 15. Insurers seeking to recover in their capacity as insurers, on the other hand, cannot, as this Court has already held, file late claims. ECF No. 2101 at 38270.

2. *The Court Lacks Jurisdiction to Hear the Motion Because the Relief Requested in FRS's Motion to Compel Was Subsumed in the Relief Requested in Its Motion to Intervene.*

FRS next mischaracterizes its prior filings in an effort to circumvent this Court's Local Rules by contending that its "motion to compel raises issues about processing class members' claim information and is thus independent of FRS's motion to intervene, which was filed to obtain a ruling regarding Insurers' subrogation rights." ECF No. 2137 at 39197. But a comparison of FRS's requested relief in both motions reveals that FRS sought the same relief, namely to extend the claims-filing deadline beyond June 18, 2020. *Compare* ECF No. 2060 at 37720 (intervention motion requesting permission to allow Insurers to "complete the

11

documentation of their claims" after the claims-submission deadline), *with* ECF No. 2114 at 38329 (seeking order to compel giving "Insurers a reasonable opportunity to submit vehicle data" after the claims-submission deadline).

In fact, FRS claims that the relief requested in its motion to compel was "broader than" the request in its motion to intervene. ECF No. 2137 at 39193. FRS does not deny that if the Court were to grant its motion to compel, it would in effect be extending the claims-filing deadline allowing FRS to file late subrogation claims. This was an integral component of FRS's requested relief in its motion to intervene that was denied and is on appeal. Since the filing of an appeal "confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal," the Court cannot exercise jurisdiction over FRS's motion to reconsider, as this Court previously and correctly held. *Taylor v. KeyCorp*, 680 F.3d 609, 616 (6th Cir. 2012) (quoting *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982)).

In its effort to distinguish the relief sought through the motion to compel and the motion to intervene, FRS draws attention to its insurance clients with direct-purchaser claims who are putative class members. ECF No. 2137 at 39193 (noting that the "motion to compel deals with the procedural rights of ***claimants*** to have their vehicle data processed"). But ***those*** insurers who qualify as class members will have an opportunity to address the late-filing of claims in response to any

recommended rejection of their claims in the ordinary course of the claims administration process. And FRS ignores that the relief it requests also would allow insurance company clients with subrogation claims (who are plainly neither claimants nor class members) to file late claims in a manner that would entirely circumvent the Court's Order denying FRS's motion to intervene, which ruled that late subrogation claims cannot now be filed. ECF No. 2101 at 38270.

## B. The Motion to Reconsider Was Filed in Violation of the Local Rules.

FRS's motion should also be struck for the distinct reason that it constitutes a violation of the Local Rules. This Court has recognized that "[a]ll attorneys practicing in federal court have 'a clear obligation to familiarize [themselves] with a district court's rules and to follow them.'" *Grimes v. Bessner*, No. 17-CV-12860, 2018 WL 3956356, at *2 (E.D. Mich. Aug. 17, 2018) (quoting *Carpenter v. City of Flint*, 723 F.3d 700, 710 (6th Cir. 2013)). Here, FRS's motion runs afoul of several Local Rules. The Local Rules permit motions for rehearing or reconsideration under very limited circumstances.

First, the Local Rules do not provide for motions for reconsideration of the denial of a motion to reconsider. And yet, that is effectively what FRS's motion is. Accordingly, the motion is improper on this independently sufficient basis.

Second, a motion for reconsideration must be filed "within 14 days after entry of the judgment or order." E.D. Mich. Local Rule 7.1(h)(1). Here, the Court

13

construed the motion to compel as a motion to reconsider the denial of FRS's motion to intervene and found that FRS failed to meet the 14-day filing requirement.

Third, the Local Rules require a reconsideration motion to be based on certain specified grounds for relief. E.D. Mich. L.R. 7.1(h)(3). Those grounds require the movant to show a "palpable defect by which the Court and the parties and other persons entitled to be heard on the motion have been misled." *Id*. "A 'palpable defect' is a defect that is obvious, clear, unmistakable, manifest, or plain." *See Scozzari v. City of Clare,* 723 F. Supp. 2d 974, 981 (E.D. Mich. 2010). Here, the Court already found that FRS failed to meet this requirement. *See* ECF No. 2134 at 39178. In the present motion, FRS further fails to demonstrate any such defect in that order. Instead, FRS "presents the same issues already ruled upon by the court, either expressly or by reasonable implication," in defiance of the Local Rules. *Johnson v. Bauman*, No. 2:19-CV-12423, 2020 WL 6867787, at *1 (E.D. Mich. Nov. 23, 2020). The Local Rules also require the movant to show "that correcting the defect will result in a different disposition of the ***case***"—not merely a different disposition of the motion. Even the case cited by FRS to support its argument that only a "different disposition of the motion" is required, does not help FRS. *Dep't of Treasury v. Michalec*, 181 F. Supp. 2d 731, 736 (E.D. Mich. 2002) (noting in a removal case that correcting the defect must "result in a different disposition of the case"). FRS cannot show that any case-dispositive defect exists.

14

The settlements at issue have all been finally approved by the Court and all that is left is completion of a claims-administration process that FRS is actively trying to obstruct through repetitive motion practice. Because FRS has violated the Local Rules in filing its motion for reconsideration, the Court should srike its latest motion.

### C.     Late Claims Filed by FRS on Behalf of Insurers as Vehicle Purchasers or Lessees on Their Own Account Are Already Being Processed Despite Being Late.

Finally, FRS's further contention that the Claims Administrator is refusing to process late claims is based on confusing two categories of claims. The Court's order holds that the claims administration process would be delayed if the Court were to allow subrogation claims to be submitted after the deadline, ECF No. 2101 at 38270, and precludes the claims administrator from processing any untimely proof of subrogation claims. But FRS has not submitted any such claims.

To date, nearly a year after the expiration of the claims-filing deadline, FRS has not submitted any vehicle information on behalf of any insurance company in support of any subrogation claim. Pinkerton Decl. ¶ 14. The only late vehicle information submitted by FRS relates to vehicles purchased or leased by FRS clients for their own account. Those claims are being processed. *Id.* ¶ 15.

### CONCLUSION

Having twice lost its request for relief, and based on the foregoing, the Court should strike FRS' motion.

Dated:   May 15, 2021                    Respectfully submitted,


*/s/ William Reiss*
William V. Reiss
**ROBINS KAPLAN LLP**
399 Park Avenue, Suite 3600
New York, NY 10022
Telephone: (212) 980-7400
Facsimile: (212) 980-7499
WReiss@RobinsKaplan.com

*/s/ Adam J. Zapala*
Adam J. Zapala
Elizabeth T. Castillo
**COTCHETT, PITRE & McCARTHY, LLP**
San Francisco Airport Office Center
840 Malcolm Road, Suite 200
Burlingame, CA 94010
Telephone: (650) 697-6000
Facsimile: (650) 697-0577
azpala@cpmlegal.com
ecastillo@cpmlegal.com

*/s/ Jenna G. Farleigh*
Marc M. Seltzer
Steven G. Sklaver
**SUSMAN GODFREY L.L.P**.
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067-6029
Telephone: (310) 789-3100
Facsimile: (310) 789-3150
mseltzer@susmangodfrey.com
ssklaver@susmangodfrey.com


Terrell W. Oxford
Chanler A. Langham
**SUSMAN GODFREY L.L.P.**
1000 Louisiana, Suite 5100

16

Houston, TX 77002
Telephone: (214) 754-1900
Facsimile: (214)754-1933
toxford@susmangodfrey.com
clangham@susmangodfrey.com

Floyd G. Short
Jenna Farleigh
**SUSMAN GODFREY L.L.P.**
1201 3rd Ave., Suite 3800
Seattle, WA 98101
Telephone: (206) 373-7381
Facsimile: (206) 516-3883
fshort@susmangodfrey.com
jfarleigh@susmangodfrey.com

*Co-Lead Class Counsel for End-Payor Plaintiffs*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 15, 2021, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all parties of record.

*/s/ Jenna G. Farleigh*
Jenna G. Farleigh
**SUSMAN GODFREY L.L.P.**