# EXHIBIT B

Case 2:12-md-02311-SFC-RSW ECF No. 2138-5, PageID.39394 Filed 05/15/21 Page 2 of 5

§ 9:37.Right to enter appearance through own counsel, 3 Newberg on Class Actions §...

**3 Newberg on Class Actions § 9:37 (5th ed.)**

**Newberg on Class Actions**  |  December 2020 Update
William B. Rubenstein[a0]

**Chapter 9. Absent Class Members**

**V. Intervention by Absent Class Members**[*]

# § 9:37. Right to enter appearance through own counsel

Rule 23(c)(2)(B)(iv) requires the court to include within the notice directed to class members in a Rule 23(b)(3) class action that a class member "may enter an appearance through an attorney if the member so desires."[1] Following the adoption of this language in 1966, some commentators suggested it conferred upon absent class members in a class suit an automatic right to intervene.[2] However, Professor Kaplan, the reporter for the 1966 Advisory Committee dissenting, explained that the Rule envisioned something short of intervention:

> I read this "appearance" as entitling counsel to receive the papers in the action to enable him to follow the case with a view to deciding, *e.g.*, whether he should move to intervene. If "appearance" is read as enabling the class member to be admitted automatically into the action as a party, it would stand in odd contrast to intervention in the action under rule 24, which is not automatic and requires a showing. Interpretation is, however, made less important because the appearance could in all events be limited under rule 23[(d)], just as intervention may be limited.[3]

Professor Kaplan's view has prevailed.[4]

Thus, entrance of an appearance allows a class member to have representation by her own attorney in the class action[5] without going the full length of becoming a party through intervention.[6] The district court retains substantial ability to fashion the exact scope of rights related to entering an appearance.[7] Several courts have concluded that a class member must decide whether or not she is going to opt out of the case before entering an appearance through counsel as the appearance implies participation, not exclusion.[8]

Although the provision of Rule 23 permitting the entrance of an appearance through counsel explicitly applies only to notice in Rule 23(b)(3) class actions, at least one court has been willing to permit entrances of appearances in a mandatory class action.[9] In that case, the district court cited its authority under Rule 23(d)(1)(B)(iii) to issue orders that give notice to class members of their rights to be involved in the action[10] as the basis for its authority to allow individual notices of appearance in a Rule 23(b)(2) class action.[11] Since (b)(1) and (b)(2) cases are typically mandatory, meaning class members cannot opt out, enabling them to monitor the case in this manner makes sense.

The mere entrance of an appearance on behalf of an absent class member does not entitle that attorney to fees from the rest of the class, and it will not relieve a class member who benefits from the class suit from any fee or cost obligation imposed on

Case 2:12-md-02311-SFC-RSW ECF No. 2138-5, PageID.39395 Filed 05/15/21 Page 3 of 5

§ 9:37.Right to enter appearance through own counsel, 3 Newberg on Class Actions §...

all class members. [12] However, the class member is entitled to the default assumption than she is not required to pay class fees and costs unless she benefits from the recovery fund. [13]

Westlaw. © 2020 Thomson Reuters. No Claim to Orig. U.S. Govt. Works.

**Footnotes**

| | |
|---|---|
| a0 | Bruce Bromley Professor of Law<br>Harvard Law School |
| * | Professor Rubenstein thanks Chris Keys, Harvard Law School Class of 2011; Camilla Hsu, Harvard Law School Class of 2011; and Supawon Lervisit, Harvard Law School Class of 2012, for their help in preparing this unit and William Dreher, Harvard Law School Class of 2013, and Christopher Liedl, Harvard Law School Class of 2014, for their help in editing it. |
| 1 | Fed. R. Civ. P. 23(c)(2)(B)(iv) ("For any class certified under Rule 23(b)(3), the court must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort. The notice must clearly and concisely state in plain, easily understood language … that a class member may enter an appearance through an attorney if the member so desires …").<br>In *Eisen v. Carlisle & Jacquelin*, the Supreme Court observed that class members are entitled to the best notice practicable in part to further their ability to appear through counsel of their choice. Eisen v. Carlisle and Jacquelin, 417 U.S. 156, 173, 94 S. Ct. 2140, 2150, 40 L. Ed. 2d 732, 9 Fair Empl. Prac. Cas. (BNA) 1302, 7 Empl. Prac. Dec. (CCH) P 9374A, Fed. Sec. L. Rep. (CCH) P 94570, 1974-1 Trade Cas. (CCH) ¶ 75082, 18 Fed. R. Serv. 2d 877, 4 Envtl. L. Rep. 20513 (1974) ("Rule 23(c)(2) provides that, in any class action maintained under subdivision (b)(3), each class member shall be advised that he has the right to exclude himself from the action on request *or to enter an appearance through counsel*, and further that the judgment, whether favorable or not, will bind all class members not requesting exclusion. To this end, the court is required to direct to class members 'the best notice practicable under the circumstances including individual notice to all members who can be identified through reasonable effort.'" (emphasis added) (quoting Federal Rule of Civil Procedure 23(c)(2))). |
| 2 | *See* Sherman L. Cohn, *The New Federal Rules of Civil Procedure*, 54 Geo. L.J. 1204, 1224 (1966) ("The significance of permitting an appearance by a Rule 23(b)(3) class member is to bestow on him as a practical matter the automatic right to be a party subject to any limitations the court may in its discretion impose. He need not even so much as file a motion to intervene as of right under rule 24(a)."). |
| 3 | Benjamin Kaplan, *Continuing Work of the Civil Committee: 1966 Amendments of the Federal Rules of Civil Procedure (I)*, 81 Harv. L. Rev. 356, 412 (1967). |
| 4 | Aks v. Southgate Trust Co., 1992 WL 401708, *14 (D. Kan. 1992) ("One who makes an 'appearance' pursuant to Rule 23(c)(2)(C) has only the right to receive copies of papers filed in the action and to be fully informed of the progress of the litigation.").<br>Ramsey v. Arata, 406 F. Supp. 435, 442, Fed. Sec. L. Rep. (CCH) P 95506 (N.D. Tex. 1975) ("This Court favors, however, the view of Professor Kaplan, the reporter for the Advisory Committee which drafted the 1966 amendments to the Federal Rules of Civil Procedure, that this rule is only intended to afford absent class members the opportunity to receive pleadings and other papers in the case so that they may decide whether to intervene.").<br>*See also* Joan Steinman, *The Party Status of Absent Plaintiff Class Members: Vulnerability to Counterclaims*, 69 Geo. L.J. 1171, 1203–05 (1981) (noting that neither the Rule nor the Advisory Committee's note "elaborates upon the specific rights and obligations of class members who elect to" have their own counsel enter an appearance but concluding that the district court's authority to enter |

Case 2:12-md-02311-SFC-RSW ECF No. 2138-5, PageID.39396 Filed 05/15/21 Page 4 of 5

§ 9:37.Right to enter appearance through own counsel, 3 Newberg on Class Actions §...

orders limiting the roles of intervenors and other attorneys likely results in the distinction having "little practical effect").

5     See Margaret H. Lemos, *Aggregate Litigation Goes Public: Representative Suits by State Attorneys General*, 126 Harv. L. Rev. 486, 507 (2012) ("The purpose of the notice requirement is to inform the class members that the case exists and to give them an opportunity to be heard in the action or to opt out of it." (citing Fed. R. Civ. P. 23(c)(2)(B)(iv))).

6     Ramsey v. Arata, 406 F. Supp. 435, 442, Fed. Sec. L. Rep. (CCH) P 95506 (N.D. Tex. 1975) (rejecting view of commentators who had "suggested that this provision [allowing entrance of an appearance through counsel] establishes the equivalent of an absolute right to intervene without regard to the normal intervention requirements of Rule 24").

7     In re AT&T Fiber Optic Cable Installation Litigation, 2002 WL 31045370, *1 (S.D. Ind. 2002) (permitting entrance of appearance but limiting notice required in many pending suits only to those that would affect the legal interests of the represented entity).

In re Potash Antitrust Litigation, 162 F.R.D. 559, 562 (D. Minn. 1995) ("[T]he rights attendant to an appearance, or to intervenor standing, are subject to the supervisory powers of this Court to enter appropriate Orders for the protection of the class, and for the fair conduct of the action.").

Aks v. Southgate Trust Co., 1992 WL 401708, *14 (D. Kan. 1992) ("[T]he court will enter Mr. Whisler's appearance on behalf of Eric Ulmer, Bernard Gould, Don Davis, Vernon Debus, and James Trimmer as class members for the limited purpose of receiving a copy of all filed papers and receiving notices of hearings.").

8     Markham v. White, 1999 WL 1072647, *6 (N.D. Ill. 1999) ("The final matter to be included in the notice, under Rule 23(c)(2)(C), is a statement informing the absentee member that if she does not request exclusion she may enter an appearance through counsel.").

In re Potash Antitrust Litigation, 162 F.R.D. 559, 561 (D. Minn. 1995) ("[W]e agree with the Plaintiffs that the phrasing of the Rule articulates an intendment that a party may elect to appear after it has decided not to opt-out of the class.").

9     Chester v. Beard, 2012 WL 4758346, *1 (M.D. Pa. 2012) ("Though the need for individual representation in a class action where the defendants have 'acted or refused to act on grounds that apply generally to the class' is usually minimal due to the cohesive nature of Rule 23(b)(2) classes, nothing in Rule 23 prohibits class members from being represented by their own attorneys." (quoting Fed. R. Civ. P. 23(b)(2))).

10     Fed. R. Civ. P. 23(d)(1)(B)(iii) ("In conducting an action under this rule, the court may issue orders that … require—to protect class members and fairly conduct the action—giving appropriate notice to some or all class members of … the members' opportunity to signify whether they consider the representation fair and adequate, to intervene and present claims or defenses, or to otherwise come into the action.").

11     Chester v. Beard, 2012 WL 4758346, *1 (M.D. Pa. 2012).

12     In re Fine Paper Antitrust Litigation, 98 F.R.D. 48, 235, 1983-1 Trade Cas. (CCH) ¶ 65475 (E.D. Pa. 1983), judgment aff'd in part, rev'd in part, 751 F.2d 562, 1985-1 Trade Cas. (CCH) ¶ 66337, 17 Fed. R. Evid. Serv. 222 (3d Cir. 1984) (rejected by, In re Agent Orange Product Liability Litigation, 818 F.2d 226, 7 Fed. R. Serv. 3d 1003 (2d Cir. 1987)) (rejecting argument that hiring own counsel who entered an appearance exempted individuals from paying share of attorney's fees to class attorneys when own counsel did not contribute to creation of fund and further concluding that having own counsel did not oust class counsel as individuals' attorneys).

13     Wright v. Schock, 742 F.2d 541, 545, Fed. Sec. L. Rep. (CCH) P 91659, 40 Fed. R. Serv. 2d 73 (9th Cir. 1984) ("Absent class members have no obligation to pay attorneys' fees and litigation costs, except when they elect to accept the benefit of the litigation." (citing **Newberg on Class Actions**)).

Lankhorst v. Independent Savings Plan Company, 2015 WL 5724369, *10 (M.D. Fla. 2015) (holding that absent class members "cannot be held liable for their *pro rata* share of the taxable costs" in part because of the court's finding that the class notice that was sent to the putative class members did not include any warning that a class member could be held liable for a share of the defendant's costs if that member chose not to opt out and the class's claim ultimately failed (citing **Newberg on Class Actions**)).

Case 2:12-md-02311-SFC-RSW ECF No. 2138-5, PageID.39397 Filed 05/15/21 Page 5 of 5

§ 9:37.Right to enter appearance through own counsel, 3 Newberg on Class Actions §...

Smith v. MCI Telecommunications Corp., 136 F.R.D. 189, 191 (D. Kan. 1991) ("Generally, absent class members have no responsibility for litigation costs or attorney's fees except 'when they elect to accept the benefit of the litigation.'" (quoting Wright v. Schock, 742 F.2d 541, 545, Fed. Sec. L. Rep. (CCH) P 91659, 40 Fed. R. Serv. 2d 73 (9th Cir. 1984) (citing **Newberg on Class Actions**))).

Lamb v. United Sec. Life Co., 59 F.R.D. 44, 48, Fed. Sec. L. Rep. (CCH) P 93764, 16 Fed. R. Serv. 2d 1479 (S.D. Iowa 1973) ("[T]he Court has concluded that members of the class other than plaintiffs, who do not request exclusion, are not parties and would not be liable for costs even though otherwise bound by the judgment, whether favorable or unfavorable.").

*Cf.* Whiteway v. FedEx Kinkos Office & Print Services, Inc., 2007 WL 4531783, *2–3 (N.D. Cal. 2007) (taxing costs against named plaintiff in class action).

---

**End of Document** © 2021 Thomson Reuters. No claim to original U.S. Government Works.