# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| IN RE: AUTOMOTIVE PARTS ANTITRUST LITIGATION | Master File No. 12-md-02311 |
| | Hon. Sean F. Cox |
| THIS DOCUMENT RELATES TO: | Mag. Judge R. Steven Whalen |
| ALL END-PAYOR ACTIONS | |

## FINANCIAL RECOVERY SERVICES, LLC'S
## OPPOSITION TO END-PAYOR PLAINTIFFS' MOTION TO STRIKE

PLEASE TAKE NOTICE that, upon the accompanying memorandum, Financial Recovery Services, LLC d/b/a Financial Recovery Strategies ("FRS"), by its undersigned attorneys, opposes End-Payor Plaintiffs' Motion To Strike FRS's Motion for Reconsideration of the Court's April 28 Opinion and Order (ECF No. 2138).

WHEREFORE, FRS requests that the Court grant the following relief:

A.      Deny End-Payor Plaintiffs' Motion To Strike; and

B.      Grant such further relief as the Court determines to be appropriate.

Dated:  May 18, 2021                    Respectfully submitted,

/s/ *Laura S. Faussié*
Jonathan T. Walton, Jr. (P32969)
Laura S. Faussié (P48933)
FRASER TREBILCOCK
  DAVIS & DUNLAP, P.C.
One Woodward Avenue, Suite 1550
Detroit, MI 48226
(313) 237-7300
jwalton@fraserlawfirm.com
lfaussie@fraserlawfirm.com

Aaron M. Panner
Matthew R. Huppert
Daniel S. Severson
KELLOGG, HANSEN, TODD,
  FIGEL & FREDERICK, P.L.L.C.
1615 M Street, N.W., Suite 400
Washington, D.C. 20036
(202) 326-7900
apanner@kellogghansen.com
mhuppert@kellogghansen.com
dseverson@kellogghansen.com

*Counsel for Financial Recovery
Services, LLC*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | |
|---|---|
| IN RE: AUTOMOTIVE PARTS ANTITRUST LITIGATION | Master File No. 12-md-02311 |
| | Hon. Sean F. Cox |
| THIS DOCUMENT RELATES TO: | Mag. Judge R. Steven Whalen |
| ALL END-PAYOR ACTIONS | |

**BRIEF IN SUPPORT OF FINANCIAL RECOVERY SERVICES, LLC'S**
**OPPOSITION TO END-PAYOR PLAINTIFFS' MOTION TO STRIKE**

iii

## **TABLE OF CONTENTS**

Page

TABLE OF AUTHORITIES ..................................................................v

ISSUE PRESENTED .............................................................. vii

CONTROLLING OR MOST APPROPRIATE AUTHORITIES........................ viii

LEGAL STANDARD..................................................................4

ARGUMENT ..................................................................5

I.    The Court Should Deny Class Counsel's Motion To Strike
      Because It Is an Unauthorized Response to FRS's Motion for
      Reconsideration ..................................................................5

II.   There Is No Basis To Strike FRS's Motion for Reconsideration...................6

      A.    FRS's Motion Is Not a Pleading Subject to a Motion To
            Strike..................................................................6

      B.    FRS's Motion Does Not Violate This Court's Local Rules .................7

      C.    Disagreement About the Court's Jurisdiction Is Not a
            Basis To Strike FRS's Motion ..................................................8

III.  Class Counsel's Motion To Strike Presents No Basis To Deny
      FRS's Motion for Reconsideration on the Merits ...........................................9

      A.    Under Rule 23, Non-Parties with Class-Member Interests
            May, Without Intervening, Seek Appropriate Relief in a
            Class Proceeding ..................................................................9

      B.    FRS's Motion To Compel Is Independent from FRS's
            Prior Motion To Intervene and from FRS's Pending
            Appeal..................................................................12

IV.   Class Counsel's Change in Position Reinforces the Need To
      Process Data To Avoid Prejudicing Auto Insurers' Claims...........................13

CONCLUSION ..................................................................15

# TABLE OF AUTHORITIES

Page

**CASES**

*Adelson v. Ocwen Fin.*, 2017 WL 2930991
(E.D. Mich. July 10, 2017) ........................................................................4, 5

*Am. Civil Liberties Union of Ky. v. McCreary Cty.*, 607 F.3d 439
(6th Cir. 2010) ...............................................................................................4

*Brown & Williamson Tobacco Corp. v. United States*,
201 F.2d 819 (6th Cir. 1953) ....................................................................4, 7

*Dearborn Tree Serv., Inc. v. Gray's Outdoorservices, LLC*,
2014 WL 5293098 (E.D. Mich. Oct. 15, 2014).............................................5

*Faber v. Ciox Health, LLC*, 944 F.3d 593 (6th Cir. 2019) ...................................11

*Fine Paper Antitrust Litig., In re*, 695 F.2d 494 (3d Cir. 1982)...........................10

*Fox v. Mich. State Police Dep't*, 173 F. App'x 372 (6th Cir. 2006) ...................4, 7

*Glassbrook v. Rose Acceptance, Inc.*, 2014 WL 466154
(E.D. Mich. Feb. 5, 2014)..............................................................................5

*Herrerra v. Mich. Dep't of Corr.*, 2011 WL 3862426
(E.D. Mich. July 22, 2011) ........................................................................4, 7

*Lentz v. Loxton*, 2013 WL 449907 (E.D. Mich. Feb. 6, 2013) .................................8

*Moulton v. U.S. Steel Corp.*, 581 F.3d 344 (6th Cir. 2009)....................................11

*Phillips Petroleum Co. v. Shutts*, 472 U.S. 797 (1985) ..........................................10

*Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*,
507 U.S. 380 (1993).....................................................................................13

*Reid v. City of Detroit*, 2020 WL 5878218 (E.D. Mich. Oct. 2, 2020) ............... 6-7

*Steele v. Punch Bowl Detroit, LLC*, 2017 WL 2821970
(E.D. Mich. June 29, 2017) ............................................................................5

*United States v. Ruiz*, 536 U.S. 622 (2002) ................................................................9

**RULES**

Fed. R. Civ. P.:

      Rule 7(a) ......................................................................................7

      Rule 12(f) ........................................................................3, 4, 6, 7

      Rule 23 ........................................................................3, 9, 10, 11

      Rule 23(c) ...................................................................................10

      Rule 23(d) ...................................................................................11

      Rule 24 ...........................................................................3, 9, 10

E.D. Mich. L.R.:

      Rule 7.1 cmt. ................................................................................2

      Rule 7.1(a) ...................................................................................5

      Rule 7.1(a)(2) ...............................................................................1

      Rule 7.1(h) ..................................................................1, 2, 4, 5, 6, 8

## **ISSUE PRESENTED**

Should the Court deny Class Counsel's "motion to strike," which is, in substance, an unauthorized response to the merits of FRS's motion for reconsideration, and which presents no proper basis to strike FRS's motion?

FRS says "Yes."

## CONTROLLING OR MOST APPROPRIATE AUTHORITIES

*Fox v. Mich. State Police Dep't*, 173 F. App'x 372 (6th Cir. 2006)

*Adelson v. Ocwen Fin.*, 2017 WL 2930991 (E.D. Mich. July 10, 2017)

E.D Mich. L.R. 7.1

The Court should deny Class Counsel's motion to strike because it is an unauthorized response to FRS's motion for reconsideration, which the Court's Local Rule 7.1(h) expressly prohibits.[1]  Class Counsel's flouting of this Court's rules is by itself sufficient to deny their motion.  The motion also should be denied because it presents no basis for either striking or denying FRS's motion for reconsideration:  it cites no circumstances that satisfy the exacting standard for striking a pleading, and it fails to rebut FRS's bases for seeking reconsideration of this Court's decision not to rule on FRS's prior request to have the Insurers' vehicle data—which has now been submitted in full[2]—processed in the same manner as all other claimants' data.

Indeed, Class Counsel now concede—for the first time, and in an about-face from repeated representations made to FRS and this Court—that purported untimeliness of the submission of vehicle data in support of timely filed claims (as the Insurers' claims were) is *not* a proper basis for refusing to process such data.  Accordingly, it is now undisputed that Class Counsel's refusal to process Insurers' Total Loss Vehicle data is based *exclusively* on the contention that equitable subrogation is not a valid basis to recover from the End-Payor Settlements.  The

---

[1] Class Counsel's motion violates Local Rule 7.1(a)(2) also because Class Counsel failed to confer with FRS before filing it.

[2] On May 17, 2021, FRS submitted complete data for six auto insurer clients.  *See* **Exhibit 1** (Decl. of J. Leibell).

Court has thus far declined to decide that sharply disputed subrogation issue, and Class Counsel therefore have no authority to decline to process vehicle information—at the risk of prejudicing potentially valid claims—on that basis. Class Counsel's latest retreat highlights that they are administering the End-Payor Settlements to target the Insurers, rather than to maximize recovery, and reinforces the importance of this Court's ordering the processing of the Insurers' vehicle data.

*First*, Class Counsel's motion to strike is nothing more than an unauthorized response to the merits of FRS's motion for reconsideration (ECF No. 2137).  All of Class Counsel's arguments for "striking" FRS's motion take issue with FRS's grounds for seeking reconsideration:  FRS has argued that non-party class members may seek relief in a class proceeding without intervening (Class Counsel argue to the contrary), and FRS's motion to compel is independent from its prior motion to intervene and its pending appeal (again, Class Counsel argue to the contrary).  Local Rule 7.1(h) expressly *prohibits* such a response "unless the Court orders" it.  Class Counsel's transparent attempt to circumvent that rule is a sufficient basis to deny their motion to strike.[3]

*Second*, Class Counsel present no proper basis for striking FRS's motion. Disagreement with the merits of FRS's motion is not a basis to strike it.  Moreover,

---

[3] *See also* L.R. 7.1 cmt. ("Attempts to circumvent the LR in any way may be considered an abusive practice which may result in . . . sanctions being imposed under LR 11.1.").

FRS's motion is not a "pleading" that may be stricken under Rule 12(f), and FRS's motion does not violate any local rule; it was timely filed and did not seek reconsideration of a denial of reconsideration.

*Third*, Class Counsel's motion fails as an attempt to oppose FRS's motion for reconsideration on the merits.  In seeking reconsideration of the Court's denial of its motion to compel processing of vehicle data, FRS argued that (1) the Court erred in holding that non-party class members must intervene under Rule 24 to seek relief, and (2) FRS's motion to compel processing of vehicle data was independent from FRS's prior motion to intervene and, therefore, did not constitute a request for reconsideration of the denial of that motion.  On the first issue, Class Counsel's motion to strike misstates FRS's prior arguments about intervention and the law governing class actions.  FRS has consistently argued that it need not intervene to seek ascertainment or protection of its class-member interests, and that position is well supported by Rule 23 and precedent.  On the second issue, Class Counsel's argument rests entirely on their misreading of this Court's order denying intervention.  They contend that this Court's two-sentence statement about prejudice in the context of evaluating the timeliness of FRS's motion to intervene purported to preclude all subrogated insurers from recovering from the End-Payor Settlements.  The Court made no such sweeping ruling, and FRS's pending appeal about intervention does not address the Claims Administrator's refusal to process

claimants' vehicle information.  The Court should deny Class Counsel's motion to strike.

## LEGAL STANDARD

This Court "may strike *from a pleading* an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Fed. R. Civ. P. 12(f) (emphasis added).  However, Rule 12(f) applies only to "pleadings," not to briefs or other filings.  *See*, *e.g.*, *Fox v. Mich. State Police Dep't*, 173 F. App'x 372, 375 (6th Cir. 2006); *Herrera v. Mich. Dep't of Corr.*, 2011 WL 3862426, at *2 (E.D. Mich. July 22, 2011) ("[T]he Federal Rules of Civil Procedure do not provide for a motion to strike documents or portions of documents other than pleadings," and "motions, briefs, and affidavits do not constitute 'pleadings' subject to Rule 12(f).").  Striking a pleading "is a drastic remedy" that should occur "only when the pleading to be stricken has no possible relation to the controversy." *Brown & Williamson Tobacco Corp. v. United States*, 201 F.2d 819, 822 (6th Cir. 1953).

The Court also possesses inherent authority to control its docket by striking filings that violate its local rules.  *See*, *e.g.*, *Am. Civil Liberties Union of Ky. v. McCreary Cty.*, 607 F.3d 439, 451 (6th Cir. 2010).  For example, courts in this district strike motions for violating Local Rule 7.1(h)'s prohibition on filing responses to motions for reconsideration, *see*, *e.g.*, *Adelson v. Ocwen Fin.*, 2017

4

WL 2930991, at *1 (E.D. Mich. July 10, 2017); *Glassbrook v. Rose Acceptance, Inc.*, 2014 WL 466154, at *3 (E.D. Mich. Feb. 5, 2014), and for violating Local Rule 7.1(a)'s requirement to seek concurrence in a motion before filing it, *see, e.g.*, *Steele v. Punch Bowl Detroit, LLC*, 2017 WL 2821970, at *2 (E.D. Mich. June 29, 2017); *Dearborn Tree Serv., Inc. v. Gray's Outdoorservices, LLC*, 2014 WL 5293098, at *2 (E.D. Mich. Oct. 15, 2014); *see also supra* note 1.

## ARGUMENT

### I.   The Court Should Deny Class Counsel's Motion To Strike Because It Is an Unauthorized Response to FRS's Motion for Reconsideration

Local Rule 7.1(h) provides that "[n]o response to the motion [for reconsideration] . . . [is] permitted unless the Court orders otherwise."  Class Counsel's motion to strike is a (lengthy) response to FRS's motion for reconsideration, which the Court never authorized.  Accordingly, the Court should deny the motion to strike for violating Local Rule 7.1(h).  *See, e.g.*, *Adelson*, 2017 WL 2930991, at *1; *Glassbrook*, 2014 WL 466154, at *3.

Although captioned as a "motion to strike," the arguments in Class Counsel's motion take issue with the merits of FRS's motion for reconsideration. For the most part, Class Counsel's brief does not even purport to provide any basis for striking FRS's motion.  Rather, it contends that FRS's arguments in support of reconsideration are not "correct," ECF No. 2138 at 6, and that "FRS's motion should be denied," *id*. at 4.  *See also id*. at 1 (contending FRS's motion "provides

no basis for reconsideration" and "is demonstrably incorrect"); *id*. at 4 ("FRS is

simply wrong as a matter of law"); *id*. at 5-13 (elaborating on merits arguments).

Such contentions are, quite plainly, a "response" to FRS's motion for

reconsideration.

Class Counsel's two purported bases to "strike" FRS's motion—(1) that this

Court lacks jurisdiction over the motion, and (2) that the motion violates the Local

Rules—are likewise based in disagreements about the merits of FRS's motion.

Whether this Court has jurisdiction over FRS's motion and whether FRS's motion

to compel was a motion for reconsideration are two of the issues on which FRS

seeks reconsideration. *See* ECF No. 2137 at 2, 6-8, PageID.39193, 39197-39199.

Thus, Class Counsel's disagreement about those issues are a "response" under

Local Rule 7.1(h) that goes to the merits of FRS's motion. Class Counsel also

contend (at 14) that FRS's motion does not "demonstrate any [palpable] defect,"

but whether FRS satisfies the standard for reconsideration is also a merits

question—indeed, it is *the* merits question.

## II.    There Is No Basis To Strike FRS's Motion for Reconsideration

### A.    FRS's Motion Is Not a Pleading Subject to a Motion To Strike

Class Counsel's motion to strike is not properly filed under Rule 12(f)

because Rule 12(f) applies only to "pleading[s]"; "motions and briefs are not

pleadings subject to a motion to strike." *Reid v. City of Detroit*, 2020 WL

6

5878218, at *1 n.1 (E.D. Mich. Oct. 2, 2020) (Cox, J.); *see Fox*, 173 F. App'x at

375; *Herrerra*, 2011 WL 3862426, at *2; *see also* Fed. R. Civ. P. 7(a) (defining the

"[o]nly . . . pleadings [that] are allowed" and distinguishing "pleadings" from

"motions and other papers").

Moreover, Class Counsel neither cites nor attempts to satisfy the Sixth

Circuit's standard for striking a pleading: it must "ha[ve] no possible relation to

the controversy." *Brown*, 201 F.2d at 822. FRS's motion for reconsideration

"relat[es] to the controversy," because it raises important questions about how and

under what circumstances absent class members, like FRS and the Insurers, may

participate in this class proceeding to ascertain and protect their rights as class

members. Accordingly, even if FRS's motion were a "pleading" under Rule 12(f)

(which it is not), there still would be no proper basis to strike it.

### B.    FRS's Motion Does Not Violate This Court's Local Rules

Class Counsel posit (at 13-15) two ways in which FRS's motion for

reconsideration purportedly "violated the Local Rules." Neither of their arguments

is correct.

*First*, Class Counsel contend (at 13-14) that FRS's motion for

reconsideration is a second, successive motion to reconsider the Court's denial of

intervention, but that is not so. In seeking intervention, FRS sought to become a

party to this action for the sole purpose of obtaining a ruling that it had previously

requested about whether subrogated auto insurers may recover from the End-Payor Settlements. *See* ECF No. 2060 at 3, 10, PageID.37704, 37711. The Court denied intervention on the basis of timeliness and expressly declined to rule on the subrogation issue. *See* ECF No. 2101. FRS appealed that ruling and did not seek reconsideration of it. FRS's motion to compel the processing of vehicle data did not seek to renew FRS's requests to become a party or to obtain a ruling on the subrogation issue, and, therefore, it was not a request to reconsider the denial of intervention. *See* ECF No. 2137 at 6-8, PageID.39197-39199.

*Second*, Class Counsel contend (at 14-15) that FRS's motion does not satisfy Local Rule 7.1(h)'s substantive standard for granting reconsideration. Even if that were correct (which it is not), falling short of a substantive standard for relief is not a violation of any rule or a basis to strike a motion. *See Lentz v. Loxton*, 2013 WL 449907, at *6 (E.D. Mich. Feb. 6, 2013) (party's "disagreement with the legal arguments" in a motion "is not a proper basis upon which to strike" it). If disagreement about satisfying the substantive standard for reconsideration were a proper basis for moving to strike, then this Court's rule barring the filing of responses to such motions would be meaningless.

## C. Disagreement About the Court's Jurisdiction Is Not a Basis To Strike FRS's Motion

Class Counsel also repeat their contention (at 4) that the Court "has no jurisdiction to grant [FRS] relief" because FRS "lacks standing." That argument is

8

wrong for the reasons discussed below and in FRS's motion for reconsideration.

Regardless, a ruling that a court lacks jurisdiction is not a basis to strike a motion

seeking reconsideration of that ruling because this Court "always has jurisdiction

to determine its own jurisdiction." *United States v. Ruiz*, 536 U.S. 622, 628

(2002).

### III.   Class Counsel's Motion To Strike Presents No Basis To Deny FRS's Motion for Reconsideration on the Merits

#### A.   Under Rule 23, Non-Parties with Class-Member Interests May, Without Intervening, Seek Appropriate Relief in a Class Proceeding

As FRS explained in its motion for reconsideration, FRS is entitled under

Rule 23, without intervening under Rule 24, to appear in this proceeding to seek

protection of its and its clients' class-member interests.  *See* ECF No. 2137 at 3-6,

PageID.39194-39197.  Class Counsel's arguments to the contrary miss the mark.

*First*, Class Counsel are wrong to claim (at 3) that FRS "admitted that

intervention was required to allow it to file a motion."  FRS never stated that it

needed to intervene to seek relief from the Court; on the contrary, it has

consistently taken the opposite position.  *See*, *e.g.*, ECF No. 2060 at 17,

PageID.37718 ("FRS did not believe formal intervention was necessary[.]"); *id.*

at 3, PageID.37704 ("[I]ntervention is intended solely to give effect to the

procedure to which Class Counsel agreed[.]"); ECF No. 2073 at 6-7,

9

PageID.38078-38079 (FRS will file "objections to the Claims Administrator's determinations" even if "the Court denies intervention now[.]").[4]

*Second*, Class Counsel mischaracterize the authorities interpreting Rule 23(c) and that rule's relationship to Rule 24. Their argument assumes its premise that only parties may file motions, but they cite no case that has ever held that. And they offer no distinction of cases, like *In re Fine Paper Antitrust Litigation*, 695 F.2d 494, 499 (3d Cir. 1982), that affirm the right of "purported members of the class" to "present . . . motion[s]" under Rule 23 that "s[eek] relief" from the court, namely to "request . . . that the court interpret the class order so as to include [them] and on that basis direct the payment of [their] claims."[5] And, of course, Rule 23 does not "obviate" Rule 24 or "automatically" make all class members parties, ECF No. 2138 at 7-8, but that is beside the point. Rule 24 entitles people to become parties in a case, participate fully in it and assert their own claims or defenses, but the possibility of full participation in a case does not diminish the right that Rule 23 provides to absent class members to participate

---

[4] It seems quite unlikely that Class Counsel are merely confused about FRS's position; Class Counsel know best whether they are deliberately misstating FRS's position.

[5] Class Counsel also misquote *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797 (1985). They quote (at 9) only a description of the holding by the lower court, and they omit the Supreme Court's key holding that all "absent class plaintiffs" "must receive . . . an opportunity to be heard *and participate in* the litigation." 472 U.S. at 811-12 (emphasis added).

meaningfully in class proceedings for the more narrow purpose of ensuring that their interests are adequately protected.[6]

*Third*, Class Counsel relegate their discussion of applicable Sixth Circuit law to a footnote (at 9 n.2), in which they fail to grapple with any of the relevant portions of the cases FRS cited.  As FRS established in its motion for reconsideration, Sixth Circuit precedent contemplates meaningful participation in class proceedings by absent class members and their counsel, including being listed on the docket, having their filings accepted by the court, and having the opportunity to be heard at proceedings that affect class members.  *See* ECF No. 2137 at 5, PageID.39196 (citing *Moulton v. U.S. Steel Corp.*, 581 F.3d 344, 353 (6th Cir. 2009), and *Faber v. Ciox Health, LLC*, 944 F.3d 593, 604 (6th Cir. 2019)).  Class Counsel's contention (at 7) that Rule 23 "merely entitles counsel to be served with papers filed in the action" cannot be squared with the Sixth Circuit's observation that an "appearance" under Rule 23 is "to obtain favorable outcomes—not for its own sake."  *Faber*, 944 F.3d at 604.

---

[6] Class Counsel insist (at 8) that Rule 23(d) deals only with providing notice to class members, but that argument ignores the rule's text.  It empowers the Court to notify class members of, among other things, their "opportunity . . . to intervene and present claims or defenses, or to otherwise come into the action."  That language would be surplusage if, as Class Counsel contend, absent class members are never entitled to any such opportunity independent of intervention.

## B.   FRS's Motion To Compel Is Independent from FRS's Prior Motion To Intervene and from FRS's Pending Appeal

Class Counsel are likewise wrong to suggest (at 11-13) that the Court lacks jurisdiction to consider FRS's motion for reconsideration; that motion stands on an entirely different footing from FRS's pending appeal.  Class Counsel say (at 11) that FRS's motion to intervene also sought a reasonable opportunity for the Insurers to submit vehicle data to supplement their timely filed claim forms.  But FRS's request in its motion to intervene to have its vehicle data considered timely was conditioned upon the Court ruling on the subrogation issue, which the Court never did.  *See* ECF No. 2060 at 18, PageID.37719 ("The Insurers Should Be Permitted To Further Document Their Claims *After the Court Rules on FRS's Motion for Declaratory Relief[.]*") (emphasis added).  In denying intervention, the Court did not reach the subrogation issue.  And FRS's appeal seeks review of the denial of intervention, not any relief with respect to the processing of vehicle data.

All of Class Counsel's arguments to the contrary rely on a misreading of this Court's order denying intervention.  They claim throughout their brief (at 2, 11, 13, 15) that two sentences of the Court's order in which the Court evaluated the timeliness of FRS's intervention motion was actually a "rul[ing] that late subrogation claims cannot now be filed," *id*. at 13, which "precludes the claims administrator from processing any untimely proof of subrogation claims," *id*. at 15. The Court made no such ruling.  In concluding that "the application to intervene is

untimely," the Court evaluated several factors, including "the prejudice to the original parties" caused by the timing of the motion.  ECF No. 2101 at 7, PageID.38270; *see id*. at 3, PageID.38266 (listing factors).  In evaluating prejudice, the Court found that "intervention would delay the distribution of settlement proceeds" and that "completion [of claims processing] would be delayed if the Court were to allow potentially thousands of claims to be submitted after the deadline."  *Id*. at 7, PageID.38270.  These few words cannot bear the weight that Class Counsel attempt to place on them.  The Court did not purport to deny the Insurer's claims, which were submitted before the claim-filing deadline, and even if the Court considered those claims "late," it did not evaluate whether to accept them under the applicable "excusable neglect" standard.  *See Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993).  Nor was the Court's observation limited to claims based on subrogation—it was a general observation about all "claims . . . submitted after the deadline."  ECF No. 2101 at 7, PageID.38270.

IV.    **Class Counsel's Change in Position Reinforces the Need To Process Data To Avoid Prejudicing Auto Insurers' Claims**

Through their motion to strike, Class Counsel changed their position (again) about which claimants' vehicle data will be "accepted" or "rejected" for processing.  In opposing FRS's motion to compel in March, Class Counsel categorically stated that "placeholder claims would not be allowed" and

13

"late-submitted data for an otherwise unsupported initial claim would be rejected."

ECF No. 2120 at 24, PageID.38471; *see also id*. at 6, PageID.38453 (contending

"'placeholder claims' may and properly should be considered a nullity").  Class

Counsel similarly attested under oath that they had informed FRS in January 2021

that "so-called 'placeholder' claims"—meaning any claim that did not contain

sufficient vehicle information by the claim-filing deadline—"would not be

accepted."  ECF No. 2120-2 ¶ 19, PageID.38510; *id*. ¶¶ 21-22, PageID.38512-

38513 (discussing supplemental vehicle information for non-subrogation claimants

and stating "FRS is trying to add new vehicle claims through 'placeholders' that it

has long known would not be accepted by Class Counsel").[7]  Class Counsel thus

argued in unmistakable terms that vehicle information in support of *any* so-called

"placeholder" claims—whether or not based on a theory of subrogation—

submitted after the claim-filing deadline would not be processed.

Class Counsel now reverse course (a reversal of which they did not

previously inform FRS) and acknowledge that they are required to process data

submitted in support of "placeholder" claims, at least so long as those claims are

---

[7] Class Counsel also directed Epiq to notify FRS that the vehicle data that
FRS submitted after the June 18, 2020 deadline in support of 58 placeholder claims
that FRS had timely filed for clients that were not relying on the equitable
subrogation doctrine would not be processed.  *See* Decl. of Robin M. Niemiec in
Supp. of Financial Recovery Services, LLC's Mot. for Recon. of Court's April 28
Op. & Order ¶¶ 2-3, ECF No. 2137-2, PageID.39206; *id.* Ex. A, ECF No. 2137-3,
PageID.39210-39220.

not based on an assertion of subrogation rights.  ECF No. 2138 at 11; ECF

No. 2138-1 (Pinkerton Decl.) ¶ 15 ("claims information received after the June 18,

2020 claims-filing deadline" that does not "contain[] any assertion of subrogation

rights . . . is being processed").  Class Counsel thus concede that the purported

"placeholder" or "untimely" nature of a claim, or its supporting vehicle

information, is not a proper basis for declining to process it the same as all other

claims and vehicle information.

The Court should not mistake the critical nature of this reversal of position.

Class Counsel's concession leaves them with only one purported basis for treating

the Insurers' claims differently from all other claims:  the Insurers seek recovery

based on subrogation rights.  By justifying their conduct solely on the basis of the

subrogation question, Class Counsel have made clear that the resolution of that

issue—and not any question of timeliness—will determine whether the Insurers

have a right to recover for Total Loss Vehicles for which they have now submitted

the vehicle data requested by the claim form.  This accordingly reinforces the need

for this Court to order Class Counsel to process the vehicle data that FRS has now

submitted, pending this Court's eventual resolution of the subrogation question.

## <u>CONCLUSION</u>

The Court should deny Class Counsel's motion to strike.

Dated: May 18, 2021

Respectfully submitted,

 /s/ *Laura S. Faussié*
Laura S. Faussié (P48933)
Jonathan T. Walton, Jr. (P32969)
FRASER TREBILCOCK
  DAVIS & DUNLAP, P.C.
One Woodward Avenue, Suite 1550
Detroit, MI 48226
(313) 237-7300
lfaussie@fraserlawfirm.com
jwalton@fraserlawfirm.com

Aaron M. Panner
Matthew R. Huppert
Daniel S. Severson
KELLOGG, HANSEN, TODD,
  FIGEL & FREDERICK, P.L.L.C.
1615 M Street, N.W., Suite 400
Washington, D.C. 20036
(202) 326-7900
apanner@kellogghansen.com
mhuppert@kellogghansen.com
dseverson@kellogghansen.com

*Counsel for Financial Recovery
Services, LLC*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on May 18, 2021, I electronically filed the foregoing document with the Clerk of the Court using the ECF system, which will send notification of such filing to counsel of record.

 /s/ *Laura S. Faussié*    
Laura S. Faussié