# UNITED STATES COURT OF APPEALS
### FOR THE SIXTH CIRCUIT
100 EAST FIFTH STREET, ROOM 540
POTTER STEWART U.S. COURTHOUSE
CINCINNATI, OHIO 45202-3988

Deborah S. Hunt
Clerk

Tel. (513) 564-7000
www.ca6.uscourts.gov

Filed: November 15, 2021

Mr. Aaron Martin Panner
Kellogg, Hansen, Todd, Figel & Frederick
1615 M Street, N.W.
Suite 400
Washington, DC 20036

Re:  Case No. 21-1566, *In re: Financial Recovery Services*
Originating Case No. 2:12-md-02311

Dear Mr. Panner,

The Court issued the enclosed Order today in this case.

Sincerely,

s/Gretchen S. Abruzzo
Case Manager
Direct Dial No. 513-564-7018

cc:  Ms. Kinikia D. Essix

Enclosure

No mandate to issue

No.  21-1566

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

> **FILED**
> Nov 15, 2021
> DEBORAH S. HUNT, Clerk

In re:  AUTOMOTIVE PARTS ANTITRUST
LITIGATION

)
)
)
)
)
)
)

O R D E R

In re:  FINANCIAL RECOVERY SERVICES,
LLC,

      Petitioner.

Before:  SILER, CLAY, and McKEAGUE, Circuit Judges.

Financial Recovery Services, LLC ("FRS"), which is assisting automobile insurers seeking to recover from the end-payor settlements in this multidistrict antitrust action, petitions this court for a writ of mandamus.  In its petition, FRS asks us to compel the district court to rule that subrogees may recover from the end-payor settlements and require the claims administrator to process vehicle information supporting the insurers' claims.

"As the writ [of mandamus] is one of the most potent weapons in the judicial arsenal, three conditions must be satisfied before it may issue." *Cheney v. U.S. Dist. Ct. for Dist. of Columbia*, 542 U.S. 367, 380 (2004) (internal quotation marks and citations omitted).  "First, the party seeking issuance of the writ [must] have no other adequate means to attain the relief [it] desires—a condition designed to ensure that the writ will not be used as a substitute for the regular appeals process." *Id.* at 380–81 (first alteration in original) (internal quotation marks and citations omitted).  "Second, the petitioner must satisfy the burden of showing that [its] right to issuance of

the writ is clear and indisputable." *Id.* at 381 (internal quotation marks and citation omitted). "Third, even if the first two prerequisites have been met, the issuing court, in the exercise of its discretion, must be satisfied that the writ is appropriate under the circumstances." *Id.* (citation omitted).

FRS's appeal from the district court's order denying its motion to intervene remains pending in No. 20-2260. To the extent that FRS seeks intervention, its pending appeal is an adequate means to relief. Insofar as FRS claims it is entitled to relief as a non-party, the district court expressly considered and rejected this argument in denying FRS's subsequent motion to compel the acceptance and processing of vehicle data, which the district court construed as a motion for reconsideration. FRS did not appeal that order or the district court's later order denying its second motion for reconsideration, and thus has not shown that it lacks (or lacked) other adequate means to relief. Moreover, as the district court explained in denying intervention, FRS was not diligent in pursuing its rights below. Under these circumstances, mandamus relief is not warranted.

Accordingly, the petition for a writ of mandamus is **DENIED**.

ENTERED BY ORDER OF THE COURT

Deborah S. Hunt, Clerk