```
 1                  IN THE UNITED STATES DISTRICT COURT
                   FOR THE EASTERN DISTRICT OF MICHIGAN
 2                           SOUTHERN DIVISION

 3   IN R: AUTOMOTIVE PARTS       )
     ANTITRUST LITIGATION         )    Master File No.
 4   BEARINGS                     )    12-MD-02311
                                  )
 5   _____/

 6                       MOTION FOR ATTORNEY FEES
                   BEFORE THE HONORABLE SEAN F. COX
 7                    UNITED STATES DISTRICT JUDGE
                 HEARING CONDUCTED VIA VIDEO CONFERENCE
 8                  ALL PARTIES APPEARING REMOTELY
                      THURSDAY, NOVEMBER 18, 2021
 9

10   APPEARANCES:

11   FOR THE DIRECT PURCHASERS, THE MOVING PARTY:

12                       DAVID H. FINK, ESQ. and
                         NATHAN FINK, ESQ.
13                       Fink, Bressack PLLC
                         38500 Woodward Avenue
14                       Suite 350
                         Bloomfield Hills, Michigan 48304
15                       (248) 971-2500

16   FOR THE DEFENDANT:

17                       HOWARD B. IWREY, ESQ.
                         Dykema Gossett
18                       39577 Woodward Avenue
                         Suite 300
19                       Bloomfield Hills, Michigan 48034
                         (248) 203-0526
20

21

22   REPORTED BY:        Darlene K. May, CSR, RPR, CRR, RMR
                         231 W. Lafayette Boulevard
23                       Detroit, Michigan 48226
                         (313) 234-2605
24

25
```

2

1                          TABLE OF CONTENTS

2    PROCEEDINGS:                                              PAGE:

3      Appearances                                               3

4      Hearing                                                   3

5         Motion by Mr. David Fink                               3

6         Court's Ruling                                         5

7      Court Reporter's Certificate                              8

8

9    EXHIBITS:

10         (None offered)

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

```
 1                    Thursday, November 18, 2021
 2                    2:02 p.m.
 3                        -- --- --
 4            THE CLERK OF THE COURT:  The United States District
 5   Court is now in session.  The Honorable Sean Cox presiding.
 6            The court calls case number 12-2311, in re the
 7   Automotive Parts Antitrust Litigation.  This matter relates to
 8   case numbers 12-501 and 15-12068, Bearings.
 9             Counsel, can I have appearances for the record,
10   please?
11            MR. DAVID FINK:  David Fink appearing on behalf of the
12   direct purchaser plaintiffs, the moving party.
13            THE COURT:  Good afternoon.
14            MR. DAVID FINK:  Good afternoon, Your Honor.
15            MR. NATHAN FINK:  And Nate Fink, also appearing on
16   behalf of the direct purchaser plaintiffs.
17            THE COURT:  Good afternoon.
18            MR. NATHAN FINK:  Good afternoon.
19            MR. IWREY:  And Howard Iwrey appearing on behalf of
20   the STF defendants.  I do not expect to be speaking.
21            THE COURT:  All right, sir.  Very good.
22            Mr. Fink?
23            MR. DAVID FINK:  Thank you, Your Honor.  In many
24   respects this may be one of the simplest motions I've brought
25   to this Court and I hope after all these years I can learn to
```

1 talk less than I do sometimes.
2     THE COURT: We shall see.
3     MR. DAVID FINK: Your Honor, until now I think on all
4 of the fee petitions that we brought to the Court, they were
5 combined with a final approval. In this case, final approval
6 has already been granted and we are coming only to address the
7 fee. This case is not particularly distinct from the other
8 cases with the possible exception that the bearings case
9 actually has involved more work than any other case that we've
10 bought to the Court.
11     In this matter, for the relevant time period. Nearly
12 150,000 hours of professional time was devoted to this case.
13 In the end, we were able to achieve a result which with after
14 opt-outs, recovered more than 16 million dollars for the class.
15     The fee that we're asking for from the Court is quite
16 reasonable. Particularly reasonable, in light of the fact that
17 we have asked the Court in this instance to calculate the fee
18 net of any costs. If we were seeking a fee including all of
19 the costs and expenses in this case; that is, a fee on the
20 gross recovery, this amount of the fee that we're seeking would
21 be less than 15 percent of the recovery.
22     So, Your Honor, I can go through the basic elements,
23 but I think the Court has heard them before. When you apply
24 the lodestar cross-check in this instance, considering all of
25 the work previously done and including the fees that we

```
 1  previously received on the other bearings matters, we are still
 2  recovering less than 20 percent of lodestar.  That's gross from
 3  everything.  We will get less than 20 percent of the Lodestar
 4  for the class counsel.
 5            Of course, we think the fee is fair and reasonable in
 6  light of those circumstances and in light of the risk that we
 7  undertook.  And frankly, the cost we had to advance for many
 8  years, a very substantial amount.  As the Court knows the
 9  factors.  We've looked at them before; the societal benefit of
10  promoting what we're doing.  These are the types of fees that
11  are regularly confirmed by the Sixth Circuit and based on the
12  principles that the Sixth Circuit has adopted for the best way
13  to motivate parties to bring the right kinds of cases and to be
14  compensated appropriately for those cases.
15            In general, antitrust cases are complex.  This was
16  particularly complex with multiple experts.  We had the
17  complication that this case came up for class certification on
18  two different occasions and we had to go through the expert
19  process repeatedly.  Depositions in this case were taken.
20  Dozens of depositions.  Not just in the United States, but in
21  Japan.
22            I feel like I have trouble not talking, Your Honor.  I
23  think I'm probably better off asking if the Court has any
24  questions because the fact is this is very straightforward and
25  we hope that consistent with previous rulings by this Court and
```

1  by Judge Battani that the Court will grant the fee that we
2  seek.
3           THE COURT:  I will.  The Sixth Circuit has stated that
4  an award of attorney fees must be reasonable under the
5  circumstances.  I have considered the lodestar method, but the
6  Court grants the request to use the percentage-of-fund
7  approach.  I've considered the factors, six factors:  The value
8  of the benefit rendered; the sides take in warning attorneys
9  who produce such benefits in order to maintain an incentive to
10 others; whether the services were undertaken on a contingency
11 basis; the complexity of litigation.
12          Obviously, it was very complex.
13          The professional skill and standing of counsel
14 involved on both sides.  Both counsel are extremely
15 experienced, excellent lawyers.
16          And the value of the services rendered.  Again, the
17 result is excellent.  There is initial interest in antitrust
18 enforcement to indicate public policy.  The counsel have worked
19 on a contingent basis; therefore, incurring the risk of
20 nonrecovery and I'm well aware again of the extreme complexity
21 of the case.  And I have previously found the counsel to have
22 the requisite skill in executing a class action.  And, again,
23 in granting this request it's consistent with Judge Battani's
24 findings and rulings as well as mine previously in this case.
25 So I will grant the position and I have the order.

```
 1              And is it okay if I sign the proposed order?
 2              MR. DAVID FINK:  I'd have to ask Nate Fink who is on
 3   to make sure you have the --
 4              THE COURT:  Yes.  I was looking over at Nate.
 5              MR. NATHAN FINK:  Yes, Your Honor.  That's the order
 6   we submitted about a week ago.
 7              THE COURT:  Okay.
 8              MR. NATHAN FINK:  That's the order.
 9              THE COURT:  Great.
10              Mr. Iwrey, anything?
11              MR. IWREY:  No, Your Honor.  Thank you.
12              THE COURT:  All right.  I just signed the order and so
13   thank you very much.  Okay?
14              MR. DAVID FINK:  Thank you, Your Honor.
15              MR. NATHAN FINK:  Thank you, Your Honor.
16              THE COURT:  I guess I'll see you at three o'clock.
17   Right?
18              MR. DAVID FINK:  3:30, I think.
19              THE CLERK OF THE COURT:  3:30, Judge.
20              THE COURT:  3:30.  Okay, thank you.
21              MR. DAVID FINK:  Thank you.
22              MR. IWREY:  Thank you, Your Honor.
23              THE CLERK OF THE COURT:  Court's in recess.
24         (At 2:13 p.m., matter concluded.)
25                                    -  -  -
```

8

1              C E R T I F I C A T E

2

3         I, Darlene K. May, Official Court Reporter for the

4    United States District Court, Eastern District of Michigan, do

5    hereby certify that the foregoing is a true and correct

6    transcript, to the best of my ability, from the record of

7    proceedings in the above-entitled matter.  I further certify

8    that the transcript fees and format comply with those

9    prescribed by the Court and the Judicial Conference of the

10   United States.

11

12   November 20, 2021          /s/ Darlene K. May
     Date                       Darlene K. May, CSR, RPR, CRR, RMR
13                              Federal Official Court Reporter
                                Michigan License No. 6479
14

15

16

17

18

19

20

21

22

23

24

25