# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| IN RE AUTOMOTIVE PARTS ANTITRUST LITIGATION | Master File No. 2:12-md-02311<br>Honorable Sean F. Cox |
| ALL AUTOMOTIVE PARTS CASES | |
| THIS DOCUMENT RELATES TO:<br><br>ALL END-PAYOR ACTIONS | |

## STIPULATION AND ORDER
## REGARDING END-PAYOR PLAINTIFF SETTLEMENTS

This Stipulation is made in the above-captioned actions (the "Auto Parts Litigation"), subject to the approval of the Court, by and between the undersigned Settlement Class Counsel ("Settlement Class Counsel"), on behalf of the End Payor Plaintiffs ("EPPs"), on the one hand, and Automotive Rentals, Inc., Element Fleet Corporation, Wheels, Inc., Donlen LLC (collectively, "FMC Claimants"), and Class Action Capital, LLC ("CAC"), on the other hand (collectively, the "Stipulating Parties"), in light of the following:

1

A. The End-Payor Plaintiffs Settlement Classes consist of all persons and entities that purchased or leased a new vehicle in the United States not for resale, where the vehicle included one or more relevant automotive parts, or indirectly purchased one or more relevant automotive parts as a replacement part, which were manufactured or sold by a Defendant, any current or former subsidiary of a Defendant, as defined in the respective EPPs' settlement agreements, or any co-conspirator of a Defendant, during the relevant period.[1]

B. The Plan of Allocation provides that qualifying purchasers or lessees of qualifying new vehicles, or qualifying purchasers of qualifying replacement automotive parts, may be members of the Settlement Classes entitled to share in the net settlement funds established by the EPPs' class settlements. The Plan further provides that (1) as to individuals, only those Settlement Class Members who purchased or leased a new Vehicle or purchased a replacement Automotive Part in certain enumerated states, or purchased or leased a new Vehicle or purchased a replacement Automotive

---

[1] *See, e.g.*, End-Payor Plaintiffs' Settlement Agreement with Toyoda Gosei Defendants ¶ 12, No. 2:12-cv-00603, ECF No. 197-1 (the specific relevant automotive parts and relevant periods are set forth in each settlement agreement).

Part while residing in one of the enumerated states, will be entitled to share in the net settlement funds; and (2) as to businesses, only those Settlement Class Members who purchased or leased a new Vehicle or purchased a replacement Automotive Part in one of the enumerated states, or had their principal place of business at the time of such purchase or lease in one of the enumerated states, will be entitled to share in the net settlement funds.[2]

    C.    Fleet Management Companies ("FMCs") are companies that provide fleet management services to businesses that operate fleets of vehicles. In certain, but not all instances, FMCs purchased new vehicles and then leased those vehicles to their customers ("FMC Customers"). In other instances, FMC Customers purchased or leased new vehicles directly from an automobile dealer or other third party either on their own or with an FMC's administrative assistance, and the FMC performed fleet management services to the FMC customers relating to those vehicles.

---

[2] *See* Order Granting End-Payor Plaintiffs' Unopposed Motion for An Order Approving the Proposed Further Revised Plan of Allocation and for Authorization to Disseminate Supplemental Notice of the Settlement Classes (No. 2:12-md-02311, ECF No. 2032); *see also*, *e.g.*, Proposed Further Revised Plan of Allocation and Distribution of the Automotive Parts Settlement Funds, No. 2:12-cv-00403, ECF No. 301-2.

D.    CAC has submitted claims on behalf of FMCs, including FMC Claimants, to share in the monetary recovery from the EPP Class Settlements. FMC Claimants represent that they are four of the five largest fleet management companies in the United States, and collectively during the class periods managed vehicles representing the overwhelming majority of the corporate fleet market. Claims filed by CAC on behalf of FMCs can be categorized into two types: (i) the FMC purchased a new vehicle which it then leased to its FMC Customer; and (ii) the FMC provided fleet management services to an FMC Customer relating to new vehicles purchased or leased by the FMC Customer from an automobile dealer or other third party ("Managed-Only Claims").

E.    Certain businesses that are customers of FMC Claimants ("FMC Customer Claimants") have also submitted their own claims to share in the net settlement funds established by the EPPs' class settlements.

F.    In some instances, FMC Claimants and FMC Customer Claimants have submitted claims based on the same vehicles with the same Vehicle Identification Numbers ("VINs").

G.    A dispute has arisen as to whether FMCs that purchased vehicles and then leased those vehicles (as lessors) to FMC Customers (as lessees) are

members of the EPP Settlement Classes and entitled to recover from the EPPs' class settlements. It is undisputed that FMCs, to the extent they did not purchase the vehicles, are not members of the Settlement Classes.

      H.    The Stipulating Parties propose to resolve the dispute, for purposes of settlement only, pursuant to the terms and conditions described below.

      I.    The Stipulating Parties stipulate and agree, for purposes of settlement only, that two persons or entities cannot both have a claim to share in the net settlement funds based on the purchase or lease of the same vehicle and the Claims Administrator will only recognize one claim for each unique vehicle VIN.

      J.    The Stipulating Parties further acknowledge and understand that Settlement Class Counsel and the Claims Administrator intend to apply the guidelines and procedures set forth below to all claims that have been submitted by or on behalf of any FMC or customer of an FMC in the Auto Parts Litigation.

      NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED, subject to the approval of the Court, by Settlement Class Counsel, FMC Claimants and CAC, that claims submitted by FMC Claimants to

recover for eligible vehicles in the EPP Class Settlements shall be processed and administered by the Claims Administrator pursuant to the following terms and conditions:

1. Valid and qualifying claims submitted by FMC Customer Claimants who purchased or leased a new vehicle will be recognized and neither CAC nor FMC Claimants shall be entitled to any portion of monies paid to FMC Customer Claimants in connection with such claims.

2. Where both an FMC Claimant and an FMC Customer Claimant have submitted claims based on the same vehicle with the same VIN, the Claims Administrator will resolve the competing claims in favor of the FMC Customer Claimant to the extent the FMC Customer Claimant has submitted a valid and qualifying claim. In the event the FMC Customer Claimant has not submitted a valid and qualifying claim, the Claims Administrator will recognize the claim submitted by the FMC Claimant to the extent that such claim is otherwise valid and qualifying. For avoidance of doubt, the Claims Administrator will resolve competing claims so that no more than one claim relating to a given VIN will be recognized for payment.

3. In the event an FMC Claimant and an FMC Customer Claimant have submitted claims based on the same vehicles with the same VINs, and

the Claims Administrator determines that the FMC Customer Claimant's claim is not eligible for payment (*e.g.*, the FMC Customer Claimant's principal place of business is not located in an Indirect Purchaser State and the vehicle was not purchased or leased by the FMC Customer Claimant in an Indirect Purchaser State), neither the FMC Claimant's claim nor the FMC Customer Claimant's claim shall be recognized.

4. Where only a single otherwise valid and qualifying claim has been submitted for a particular VIN, and that claim was submitted by an FMC Claimant that leased a vehicle to its FMC Customer, the claim shall be recognized by the Claims Administrator for payment to the FMC Claimant.

5. To the extent claims submitted by FMC Claimants based on vehicles leased by FMC Claimants to their customers are recognized, FMC Claimants shall be required to pass on the recoveries they obtain from the net settlement funds to the FMC Claimants' customers. If they are unable to do so with respect to any FMC Claimant's customer, the funds allocable to that FMC Claimant's customer shall be returned to the Claims Administrator for deposit in the net settlement funds within eight (8) months of receipt of the proceeds by the FMC Claimant. For avoidance of doubt, neither FMC Claimants nor CAC shall be permitted to keep any portion of the net

settlement funds distributed to an FMC Claimant in instances where the payment was not actually remitted to the applicable FMC Claimant's customer. To the extent CAC or an FMC Claimant received any portion of such payments, they will be required to return those funds to the Claims Administrator for deposit in the net settlement funds.

6. FMC Claimants and CAC may collect an aggregate fee of not greater than 20% for recoveries and deduct those amounts from the net settlement funds that are passed on from an FMC Claimant to the FMC Claimant's customer. In no event, however, shall an FMC Claimant and CAC collect an aggregate fee in excess of what an FMC Claimant or CAC previously agreed to accept from an FMC Claimant's customer or, as to CAC, an FMC Claimant.

7. The FMCs or CAC, as applicable, shall be required to submit affidavits in a form satisfactory to Settlement Class Counsel establishing that the funds paid to FMC Claimants were either passed on to their FMC Claimants' customers in full, minus any fees paid to CAC and/or the FMC Claimant as described in Paragraph 6 above, or returned to the Claims Administrator. All such affidavits shall be treated as "Highly Confidential" as

defined in the Protective Order ("Protective Order") entered in the master docket of the Auto Parts Litigation.

8. To the extent that CAC has submitted Managed-Only Claims on behalf of an FMC Claimant, CAC or the FMC Claimant will provide the Claims Administrator with the names and addresses of the FMC Claimant's customers associated with such claims. Such information shall be treated as "Highly Confidential" as defined in the Protective Order. For Managed-Only Claims, eligibility will be determined based on the principal place of business of the FMC Claimant's customer or satisfactory evidence establishing the place of the purchase transaction or lease by the FMC Claimant's customer. To the extent a Managed-Only Claim is otherwise timely and valid, the Claims Administrator will cause payment to be made to the FMC Claimant's customer.

9. With respect to Managed-Only Claims, Settlement Class Counsel shall cause CAC to be provided with a report detailing which FMC Claimant's customers were paid and how much.

10. FMC Claimants and CAC may seek to collect an aggregate fee of not greater than 15% for Managed-Only Claims and deduct those amounts from the net settlement funds that are passed on to the FMC Claimants'

customers. In no event, however, shall an FMC Claimant and CAC collect a fee in excess of what an FMC Claimant or CAC previously agreed to accept from an FMC Claimant's customer or, as to CAC, an FMC Claimant.

11. Neither FMC Claimants nor CAC (on behalf of itself or any claimant) shall be entitled to receive any payment from the net settlement funds established by EPPs' class settlements based on a vehicle for which the FMC Claimant (or as to CAC, the same claimant) received a payment of settlement funds in connection with the Automotive Dealer or Truck Dealer actions in the Auto Parts Litigation.

12. All claims submitted to share in the net settlement funds established by the EPPs' class settlements shall be subject to satisfactory proof of eligibility and may not be paid unless and until they are approved by the Court.

13. Within twenty-four (24) hours of execution of this Stipulation and Proposed Order, CAC and the FMC Claimants shall withdraw their Motion to Enforce Settlement Agreements (Dkt. No. 2149) without prejudice pending the Court's consideration of this Stipulation and Proposed Order. In the event the Court approves this Stipulation, CAC's motion shall be deemed to have been withdrawn with prejudice.

IT IS SO ORDERED.

Dated: January 10, 2022          s/Sean F. Cox
                                 Sean F. Cox
                                 U. S. District Judge


Dated: December 22, 2021         /s/ William V. Reiss
                                 William V. Reiss
                                 **ROBINS KAPLAN LLP**
                                 900 Third Ave, Suite 1900
                                 New York, NY 10022
                                 Telephone: (212) 980-7400
                                 Facsimile: (212) 980-7499
                                 WReiss@RobinsKaplan.com

                                 Marc M. Seltzer
                                 Steven G. Sklaver
                                 **SUSMAN GODFREY L.L.P.**
                                 1900 Avenue of the Stars, Suite 1400
                                 Los Angeles, CA 90067-6029
                                 Telephone: (310) 789-3100
                                 Facsimile: (310) 789-3150
                                 mseltzer@susmangodfrey.com
                                 ssklaver@susmangodfrey.com

                                 Terrell W. Oxford
                                 Chanler Langham
                                 **SUSMAN GODFREY L.L.P.**
                                 1000 Louisiana Street, Suite 5100
                                 Houston, TX 77002
                                 Telephone: (713) 651-9366
                                 Facsimile: (713) 654-6666
                                 toxford@susmangodfrey.com
                                 clangham@susmangodfrey.com

                                 Floyd G. Short

11

Jenna G. Farleigh
**SUSMAN GODFREY LLP**
1201 Third Avenue, Suite 3800
Seattle, Washington 98101
Telephone: (206) 516-3880
fshort@susmangodfrey.com
jfarleigh@susmangodfrey.com

Adam J. Zapala
Elizabeth T. Castillo
Reid W. Gaa
**COTCHETT, PITRE & McCARTHY, LLP**
San Francisco Airport Office Center
840 Malcolm Road, Suite 200
Burlingame, CA 94010
Telephone: (650) 697-6000
Facsimile: (650) 697-0577
azapala@cpmlegal.com
ecastillo@cpmlegal.com
rgaa@cpmlegal.com

*Settlement Class Counsel for the End-Payor Plaintiff Classes*

E. Powell Miller
Devon P. Allard
**THE MILLER LAW FIRM, P.C.**
The Miller Law Firm, P.C.
950 W. University Dr., Ste. 300
Rochester, Michigan 48307
epm@millerlawpc.com
dpa@millerlawpc.com

*Interim Liaison Counsel for the End-Payor Plaintiff Classes*

*/s/ L. Conrad Anderson IV*
L. Conrad Anderson IV
**BALCH & BINGHAM LLP**
1901 Sixth Avenue North, Suite 1500
Birmingham, AL 35203
Telephone: (205) 226-3415
Facsimile: (205) 488-5729
canderson@balch.com

*Counsel for Automotive Rentals, Inc., Element Fleet Corporation, Wheels, Inc., Donlen LLC, and Class Action Capital, LLC*
