# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

_____

IN RE: AUTOMOTIVE PARTS                              No. 12-md-02311
ANTITRUST LITIGATION                                 Hon. Sean F. Cox

_____

| | |
|---|---|
| IN RE : WIRE HARNESS | CASE NO. 2:12-CV-00103 |
| IN RE : INSTRUMENT PANEL CLUSTERS | CASE NO. 2:12-CV-00203 |
| IN RE : FUEL SENDERS | CASE NO. 2:12-CV-00303 |
| IN RE : HEATER CONTROL PANELS | CASE NO. 2:12-CV-00403 |
| IN RE : BEARINGS | CASE NO. 2:12-CV-00503 |
| IN RE : OCCUPANT SAFETY SYSTEMS | CASE NO. 2:12-CV-00603 |
| IN RE : ALTERNATORS | CASE NO. 2:13-CV-00703 |
| IN RE : ANTI-VIBRATIONAL RUBBER PARTS | CASE NO. 2:13-CV-00803 |
| IN RE : WINDSHIELD WIPERS | CASE NO. 2:13-CV-00903 |
| IN RE : RADIATORS | CASE NO. 2:13-CV-01003 |
| IN RE : STARTERS | CASE NO. 2:13-CV-01103 |
| IN RE : AUTOMOTIVE LAMPS | CASE NO. 2:13-CV-01203 |
| IN RE : SWITCHES | CASE NO. 2:13-CV-01303 |
| IN RE : IGNITION COILS | CASE NO. 2:13-CV-01403 |
| IN RE : MOTOR GENERATOR | CASE NO. 2:13-CV-01503 |
| IN RE : STEERING ANGLE SENSORS | CASE NO. 2:13-CV-01603 |
| IN RE : HID BALLASTS | CASE NO. 2:13-CV-01703 |
| IN RE : INVERTERS | CASE NO. 2:13-CV-01803 |
| IN RE : ELECTRONIC POWERED STEERING ASSEMBLIES | CASE NO. 2:13-CV-01903 |
| IN RE : AIR FLOW METERS | CASE NO. 2:13-CV-02003 |
| IN RE : FAN MOTORS | CASE NO. 2:13-CV-02103 |
| IN RE : FUEL INJECTION SYSTEMS | CASE NO. 2:13-CV-02203 |
| IN RE : POWER WINDOW MOTORS | CASE NO. 2:13-CV-02303 |
| IN RE : AUTOMATIC TRANSMISSION FLUID WARMERS | CASE NO. 2:13-CV-02403 |

| | |
|---|---|
| IN RE : VALVE TIMING CONTROL DEVICES | CASE NO. 2:13-CV-02503 |
| IN RE : ELECTRONIC THROTTLE BODIES | CASE NO. 2:13-CV-02603 |
| IN RE : AIR CONDITIONING SYSTEM | CASE NO. 2:13-CV-02703 |
| IN RE : WINDSHIELD WASHER | CASE NO. 2:13-CV-02803 |
| IN RE : AUTOMOTIVE CONSTANT VELOCITY JOINT BOOT PRODUCTS | CASE NO. 2:14-CV-02903 |
| IN RE : SPARK PLUGS | CASE NO. 2:15-CV-03003 |
| IN RE : AUTOMOTIVE HOSES | CASE NO. 2:15-CV-03203 |
| IN RE : SHOCK ABSORBERS | CASE NO. 2:15-CV-03303 |
| IN RE : BODY SEALING PRODUCTS | CASE NO. 2:16-CV-03403 |
| IN RE : INTERIOR TRIM PRODUCTS | CASE NO. 2:16-CV-03503 |
| IN RE : BRAKE HOSES | CASE NO. 2:16-CV-03603 |
| IN RE : EXHAUST SYSTEMS | CASE NO. 2:16-CV-03703 |
| IN RE : CERAMIC SUBSTRATES | CASE NO. 2:16-CV-03803 |
| IN RE : POWER WINDOW SWITCHES | CASE NO. 2:16-CV-03903 |
| IN RE : AUTOMOTIVE STEEL TUBE | CASE NO. 2:16-CV-04003 |
| IN RE : ACCESS MECHANISMS ACTIONS | CASE NO. 2:16-CV-04103 |
| IN RE : DOOR LATCHES | CASE NO. 2:17-CV-04303 |

_____

THIS DOCUMENT RELATES TO:
End-Payor Actions

_____

**DECLARATION OF EMMA K. BURTON IN SUPPORT OF MOTION TO ENFORCE SETTLEMENTS AND STRIKE CONTRADICTORY AND IMPROPER STIPULATION**

I, Emma K. Burton, declare as follows.

1. I am a partner at the law firm of Crowell & Moring LLP and represent Enterprise Fleet Management, Inc. ("EFM") in its claim to the End Payor settlements in the class action litigation known as *In re: Automotive Parts Antitrust*

*Litigation*, MDL No. 2311 (E.D. Mich.) ("Auto Parts Matter"). Through my representation of EFM, I have personal knowledge of information relating to the company's claim in this matter. All of the statements in this declaration are based upon that information and, if called as a witness, I could and would testify competently thereto.

2. I submit this declaration in support of EFM's Motion to Enforce the Settlements and Strike the Contradictory and Improper Stipulation reached with Class Action Capital, Inc. ("CAC") and certain other fleet management companies ("FMCs").

3. As a member of the End Payor class, EFM is entitled to settlement funds and submitted a timely claim in advance of the June 18, 2020, claim filing deadline for 1,043,056 qualifying vehicles purchased during the relevant time period.

4. On October 17, 2019, and in advance of EFM's claim filing, I corresponded with End Payor Class Counsel Marc Seltzer, Hollis Salzman, and Adam Zapala in order to confirm that fleet management companies such as EFM were included in the End Payor settlement class. On November 9, 2019, Class Counsel Chanler Langham responded as follows:

> "As discussed on our call, we will address many of the issues related to fleet management companies on a case-by-case basis. However, assuming for purposes of this response that the fleet management company at issue purchased new vehicles and retained title to those

-3-

>  new vehicles while leasing them to customers under long term leases, those fleet management companies would be included in the class."

A copy of this e-mail communication is attached hereto as **Exhibit 1**. EFM relied on this acknowledgement by Class Counsel in pursuing its claim to the End Payor settlements.

5. To date, EFM has received no correspondence or communication from the Claims Administrator denying, limiting, or otherwise indicating that its claim is not in good standing.

6. On September 15, 2021, a group of four other FMCs represented by CAC filed a Motion to Enforce Settlement Agreements, referencing Class Counsel's intent to now exclude FMCs from the class. The FMCs' motion advocated for FMC inclusion in the End Payor class and raised substantially similar arguments to those raised in the present Motion brought by EFM.

7. On September 27, 2021, and again on October 4, 2021, I contacted Class Counsel on EFM's behalf to confirm that Class Counsel's position with respect to FMC membership in the End Payor class was unchanged from its 2019 correspondence.

8. On October 6, 2021, I spoke with Class Counsel by phone and Class Counsel indicated that it was in discussion with the other FMCs to try to reach a resolution. On the same call, Class Counsel also raised concerns that the parties

could not have anticipated duplicate claims filed to the same vehicle—one by an FMC owner and the other by the FMC's customer lessee—and requested that EFM provide its proposal for resolution of the duplicate claim issue expeditiously.

9. On October 12, 2021, I was copied on an e-mail to Class Counsel written by my Crowell & Moring colleague Daniel Sasse, providing on behalf of EFM a proposed resolution as requested by Class Counsel. The following day, I e-mailed Class Counsel for an update in light of the then-pending Response deadline to the other FMCs' September 15, 2021, Motion. Class Counsel responded that discussions continued and that Class Counsel "will keep you informed of additional discussions and/or proposed written agreements." A copy of this e-mail communication is attached hereto as **Exhibit 2.**

10. Over the nearly three months that followed, I requested multiple status updates and made multiple requests of Class Counsel to be included in resolution of any perceived issues with FMC inclusion in the class. Those communications have been summarized in the following table:

| | |
|---|---|
| 10/25/21 | Counsel for EFM emailed Class Counsel to request a status update |
| 10/26/21 | Class Counsel and counsel for EFM spoke by phone; Class Counsel indicated that discussions with the other FMCs continued, but provided no details |
| 11/01/21 | Class Counsel and counsel for EFM spoke by phone; Class Counsel indicated that a joint stipulation for an order extending Response and Reply deadlines to FMC motion would be forthcoming |

| | |
|---|---|
| 11/22/21 | Counsel for EFM emailed Class Counsel to request a status update |
| 11/24/21 | Class Counsel indicated by email that it had made considerable progress in reaching an agreement with CAC but provided no details |
| 12/03/21 | Counsel for EFM emailed Class Counsel to request a status update |
| 12/09/21 | Class Counsel and counsel for EFM spoke by phone; Class Counsel refused to reveal any details of its discussions with CAC or counsel for the other FMCs, citing FRE 408 |
| 12/22/21 | Counsel for EFM emailed Class Counsel to request a status update |
| 12/22/21 | Class Counsel emailed counsel for EFM, forwarding the file copy of CAC's motion to withdraw |
| 12/22/21 | Counsel for EFM replied to Class Counsel to note that Class Counsel had provided no details of CAC's proposed stipulation as referenced in CAC's motion to withdraw |
| 12/23/21 | Class Counsel emailed counsel for EFM to suggest a call in early January and again provided no details of CAC's proposed stipulation |
| 01/03/22 | Counsel for EFM emailed Class Counsel to request a call to discuss status and terms of CAC's proposed stipulation; Class Counsel failed to respond to this request until *after* CAC Stipulation and Order was entered |
| 01/10/22 | CAC Stipulation and Order entered. As a condition of the CAC Stipulation, the four FMCs withdrew their September 15, 2021 Motion to the Enforce the Settlement. |

11. Despite EFM's repeated requests to be included in the resolution of any perceived issues with FMC inclusion in the class, Class Counsel refused to disclose any of its discussions with the other FMCs, CAC, or any terms of a proposed stipulation to resolve the other FMCs' Motion.

12. The first time EFM learned of the terms of the Stipulation negotiated by Class Counsel with the other FMCs and their third-party filer CAC was when the CAC Stipulation Order was entered on January 10, 2022. The CAC Stipulation was not docketed or otherwise made public prior to the Order being entered.

13. On January 12, 2022—two days after the CAC Stipulation Order was entered—I spoke with Class Counsel, and Class Counsel expressed its intent to apply the CAC Stipulation terms to all FMCs, including EFM. I expressed EFM's concern that it had been excluded from the discussions that resulted in the CAC Stipulation. I also expressed EFM's concern that the CAC Stipulation was inconsistent with Class Counsel's express position in 2019 that FMCs were class members.

14. From mid-January to mid-February 2022, I spoke with Class Counsel several more times in an effort to reach a resolution, and to express concerns that the CAC Stipulation treated qualifying class members inequitably.

15. On February 15, 2022, the parties agreed that they had reached an impasse and I informed Class Counsel of EFM's intent to file this Motion.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 17th day of March, 2022, in Washington, D.C.

By: */s/ Emma K. Burton*

Emma K. Burton
Crowell & Moring LLP