UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| IN RE AUTOMOTIVE PARTS ANTITRUST LITIGATION | : : : : | Master File No. 12-md-02311 Honorable Sean F. Cox |
| THIS DOCUMENT RELATES TO: ALL END-PAYOR ACTIONS | : : : : : | |

**END-PAYOR PLAINTIFFS' OPPOSITION TO
SUR-REPLY MEMORANDUM AND REQUEST FOR SPECIAL MASTER**

End-Payor Plaintiffs, by and through their Court-appointed counsel ("Settlement Class Counsel"), respectfully oppose the request for appointment of a special master filed by Enterprise Fleet Management, Inc. ("EFM"). EFM, an automotive fleet management company, seeks a ruling that it and its customers can both seek payments from the End-Payor Plaintiffs' class settlements based on the same vehicles. EFM claims it is entitled to share in the settlements based on vehicles it purchased on behalf of its customers for the purpose of leasing those vehicles to its customers, and that EFM's customers are also entitled to share in the settlements based on the very same vehicles that EFM leased to those customers.

Enterprise Fleet Management Seeks Many Tens of Millions of Dollars in Duplicate Recoveries

To put it mildly, this is not a small matter. The settlements, which were achieved after years of hard fought litigation, total more than $1.2 billion. EFM, by the law firm of Crowell & Moring L.L.P. ("Crowell"), which has made it part of its practice to submit claims in numerous class actions, has asserted that it purchased more than 1 million vehicles. Of the 1 million vehicles

1

covered by the claim Crowell filed for EFM, Crowell also filed duplicate claims on behalf of EFM's customers based on more than 500,000 of the very same vehicles. . If both sets of claims are allowed, many tens of millions of dollars from the class settlement funds may ultimately be paid out to claimants who base their claims on the same vehicles, resulting in duplicate recoveries for those claimants and thus diluting the recoveries of end-payor class members who properly submitted valid claims based on the purchase or lease of a single vehicle. Settlement Class Counsel take their duties as fiduciaries to the classes with great seriousness and have opposed this effort by those they believe are not entitled to share in the settlements to obtain which warranted recoveries.

The End-Payor Plaintiffs classes are defined to include persons who purchased or leased qualifying new vehicles. Those persons who leased vehicles from EFM—the lessees—are the end payors entitled to share in the settlements—not EFM, the lessor. Thus, EFM is not entitled to share in the settlements because it is not an end payor class member.

<u>Enterprise Fleet Management Is the Only Claimant That Seeks Duplicate Recoveries</u>

Class Action Capital, in the stipulation approved by the Court, acknowledged and agreed that two claimants cannot make a claim based on the same vehicle. This is significant because Class Action Capital, like Crowell, submitted claims on behalf of multiple fleet management companies that purchased and leased vehicles to end payors. Those fleet management companies who include four of the largest fleet management companies in the country, with a much larger total share of the market than EFM, agreed that any settlement proceeds they receive must be passed on to their customers, namely, the end payors. No claimant, other than EFM, has asserted that two claimants at different levels of the distribution chain may seek duplicate recoveries based on the same vehicle.

Settlement Class Counsel offered to enter into the same stipulation with EFM, but it rejected that offer. Instead, Crowell attacked the stipulation and says EFM "remains steadfast in its position that it is entitled to full payment on its valid, timely claims to the end-payor settlements." Sur-reply at 1. EFM thus continues to seek duplicative recoveries that will result in it obtaining many millions of dollars of settlement funds to which Settlement Class Counsel do not believe it is entitled to receive.

<u>Appointment of a Special Master Would Be Unnecessary and Inappropriate</u>

After having briefed and argued its motion, and heard the remarks of the Court at the hearing held on September 15, 2022, Crowell suggested to Settlement Class Counsel for the first time after the hearing was over that the Court should not decide its motion, but rather refer the matter to a special master. We advised Crowell that we did not agree with that proposal. Without filing a motion seeking this appointment, Crowell has now asked the Court to appoint a special master in a post-hearing sur-reply memorandum. The asserted basis for this post-hearing, gambit is Fed. R. Civ. P. 53(a)(1)(C), which provides a special master may be appointed "only to . . . address pretrial and trial matters that cannot be effectively and timely addressed by an available district judge or magistrate judge of the district." This provision does not apply here for reasons that are obvious.

Further, appointing a special master would only needlessly delay these proceedings. If a special master were to be appointed, all of the time-consuming matters encompassed by a proposed order of appointment mandated by Rule 53(b) would have to be complied with, including conducting a hearing regarding the process for selecting a special master, specifying the special master's duties, and dealing with all of the other requirements of the Rule. And, regardless of whatever report and recommendation the special master makes, that recommendation would be

subject to a further hearing by the Court and be subject to *de novo* review. In short, the proposal makes no sense.

As far as the possibility of ADR, we wish to note that Settlement Class Counsel engaged in multiple discussions with Crowell in an effort to resolve the issue raised by the instant motion, all to no avail. Settlement Class Counsel remain willing to speak further to Crowell about this matter, but see no realistic prospect of a resolution given Crowell's and EFM's "steadfast" position that they and its customers, are both entitled to be paid class settlement funds with no obligation by EFM to pass on any proceeds it receives to the end-payor class members. While Settlement Class Counsel believe the appointment of a special master would be inappropriate under the terms of Rule 53, and that the instant motion that was the subject of the hearing is ripe for decision, we would be pleased to engage in whatever further discussions that the Court believes to be appropriate.

Dated: September 19, 2022            Respectfully submitted,

                                     SUSMAN GODFREY L.L.P.


                                     */s/ Chanler A. Langham*
                                     Marc M. Seltzer
                                     Steven G. Sklaver
                                     1900 Avenue of the Stars, Suite 1400
                                     Los Angeles, California 90067-6029
                                     Telephone: (310) 789-3100
                                     mseltzer@susmangodfrey.com
                                     ssklaver@susmangodfrey.com

                                     Chanler A. Langham
                                     SUSMAN GODFREY LLP
                                     1000 Louisiana Street, 5100
                                     Houston, Texas 77002
                                     Telephone: (713) 651-9366
                                     clangham@susmangodfrey.com

Floyd G. Short
Jenna G. Farleigh
SUSMAN GODFREY LLP
1201 Third Avenue, Suite 3800
Seattle, Washington 98101
Telephone: (206) 516-3880
fshort@susmangodfrey.com
jfarleigh@susmangodfrey.com

Adam J. Zapala
Elizabeth Castillo
COTCHETT, PITRE & McCARTHY, LLP
San Francisco Airport Office Center
840 Malcolm Road, Suite 200
Burlingame, California 94010
Telephone: (650) 697-6000
azapala@cpmlegal.com
ecastillo@cpmlegal.com

William V. Reiss
ROBINS KAPLAN LLP
399 Park Avenue, Suite 3600
New York, New York 10022
Telephone: (212) 980-7400
wreiss@ robinskaplan.com

***Attorneys for End-Payor Plaintiffs-Appellees***

## CERTIFICATE OF SERVICE

I hereby certify that on September 19, 2022, a true and correct copy of the foregoing document was filed with the Court and served on all counsel of records via the Electronic Case Filing (ECF) system

*/s/ Chanler A. Langham*
Chanler A. Langham