# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| IN RE AUTOMOTIVE PARTS ANTITRUST LITIGATION | Master File No. 2:12-md-02311 Honorable Sean F. Cox |
| ALL AUTOMOTIVE PARTS CASES | |
| THIS DOCUMENT RELATES TO: ALL END-PAYOR ACTIONS | |

## STIPULATION AND ORDER
## REGARDING END-PAYOR PLAINTIFF SETTLEMENTS

This Stipulation is made in the above-captioned actions (the "Auto Parts Litigation"), subject to the approval of the Court, by and between the undersigned Settlement Class Counsel ("Settlement Class Counsel"), on behalf of the End Payor Plaintiffs ("EPPs"), on the one hand, and Enterprise Fleet Management, Inc. ("EFM"), on the other hand (collectively, the "Stipulating Parties"), in light of the following:

A. The End-Payor Plaintiffs Settlement Classes consist of all persons and entities that purchased or leased a new vehicle in the United States not for resale, where the vehicle included one or more relevant automotive

1

parts, or indirectly purchased one or more relevant automotive parts as a replacement part, which were manufactured or sold by a Defendant, any current or former subsidiary of a Defendant, as defined in the respective EPPs' settlement agreements, or any co-conspirator of a Defendant, during the relevant period.[1]

    B.    The Plan of Allocation provides that qualifying purchasers or lessees of qualifying new vehicles, or qualifying purchasers of qualifying replacement automotive parts, may be members of the Settlement Classes entitled to share in the net settlement funds established by the EPPs' class settlements. The Plan further provides that (1) as to individuals, only those Settlement Class Members who purchased or leased a new Vehicle or purchased a replacement Automotive Part in certain enumerated states, or purchased or leased a new Vehicle or purchased a replacement Automotive Part while residing in one of the enumerated states, will be entitled to share in the net settlement funds; and (2) as to businesses, only those Settlement Class Members who purchased or leased a new Vehicle or purchased a replacement

---

[1] *See, e.g.*, End-Payor Plaintiffs' Settlement Agreement with Toyoda Gosei Defendants ¶ 12, No. 2:12-cv-00603, ECF No. 197-1 (the specific relevant automotive parts and relevant periods are set forth in each settlement agreement).

Automotive Part in one of the enumerated states, or had their principal place of business at the time of such purchase or lease in one of the enumerated states, will be entitled to share in the net settlement funds.[2]

C.   Fleet Management Companies ("FMCs") are companies that provide fleet management services to businesses that operate fleets of vehicles. In certain, but not all instances, FMCs purchased new vehicles and then leased those vehicles to their customers ("FMC Customers").

D.   EFM submitted a claim to share in the monetary recovery from the EPP Class Settlements. EFM represents that it is an FMC and that during the class periods it purchased new vehicles and subsequently leased those vehicles to customers.

E.   EPPs represent that certain FMC Customers have submitted claims to share in the net settlement funds established by the EPPs' class settlements ("FMC Customer Claimants"). Some of these FMC Customer Claimants are current or former customers of EFM.

---

[2] *See* Order Granting End-Payor Plaintiffs' Unopposed Motion for An Order Approving the Proposed Further Revised Plan of Allocation and for Authorization to Disseminate Supplemental Notice of the Settlement Classes (No. 2:12-md-02311, ECF No. 2032); *see also*, *e.g.*, Proposed Further Revised Plan of Allocation and Distribution of the Automotive Parts Settlement Funds, No. 2:12-cv-00403, ECF No. 301-2.

F. EPPs further represent that, in some instances, EFM, other FMCs, and FMC Customer Claimants have submitted claims based on the same vehicles with the same Vehicle Identification Numbers ("VINs") (hereinafter "competing VINs").

G. A dispute has arisen as to whether EFM and other FMCs that purchased new vehicles and then leased those vehicles (as lessors) to FMC Customers (as lessees) are members of the EPP Settlement Classes and entitled to recover from the EPPs' class settlements. It is undisputed that EFM and other FMCs, to the extent they did not purchase new vehicles, are not members of the Settlement Classes.

H. The Stipulating Parties propose to resolve the dispute, for purposes of settlement only, pursuant to the terms and conditions described below.

I. The Stipulating Parties stipulate and agree, for purposes of settlement only, that two persons or entities cannot both have a claim to share in the net settlement funds based on the purchase or lease of the same vehicle and the Claims Administrator will only recognize one claim for each unique vehicle VIN.

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED, subject to the approval of the Court, by Settlement Class Counsel and EFM that claims submitted by EFM to recover for eligible vehicles in the EPP Class Settlements shall be processed and administered by the Claims Administrator pursuant to the following terms and conditions:

1. Where both EFM and an FMC Customer Claimant have each submitted claims based on the same vehicle with the same VIN ("competing VINs"), the Claims Administrator will resolve the competing VINs in favor of the FMC Customer Claimant to the extent the FMC Customer Claimant has submitted a valid and qualifying claim. For avoidance of doubt, the Claims Administrator will resolve competing valid claims so that no more than one claim relating to a given VIN will be recognized for payment.

2. In the event EFM and an FMC Customer Claimant have submitted claims based on the same VIN, and the Claims Administrator determines that the FMC Customer Claimant's claim is not eligible for payment because the EFM Customer Claimant did not lease the claimed vehicle in one of the enumerated states, nor reside nor have its principal place of business in one of the enumerated states at the time of lease inception,

5

neither EFM's claim nor the FMC Customer Claimant's claim shall be recognized.

3. If no other claimant has submitted a valid and qualifying claim with respect to a VIN for which EFM has submitted a claim for payment ("noncompeting VINs"), the Claims Administrator will recognize the claim submitted by EFM to the extent that such claim is otherwise valid and qualifying according to the terms set forth below.

4. EPPs shall instruct the Claims Administrator to provide EFM with a list of the noncompeting VINs within fifteen (15) days of the Court approving this stipulation.

5. Within thirty (30) calendar days of receiving the list of noncompeting VINs, EFM will identify the name of its first lessee for each VIN and indicate whether that lessee is (i) a current customer with whom EFM has at least one active lease as of the date of entry of this Stipulation ("EFM Current Customers"), or (2) a former customer with whom EFM does not have any current active lease as of the date of entry of this Stipulation ("EFM Former Customers").

6. For valid claims for which EFM purchased new vehicles and subsequently leased those new vehicles to an EFM Current Customer that

EFM identified as a current customer pursuant to Paragraph 5, above, EFM shall be required to pass on the recoveries it obtains from the net settlement funds to those EFM Current Customers. If EFM is unable to do so within eight (8) months of receipt of the proceeds by EFM, the funds allocable to that EFM Current Customer shall be returned to the Claims Administrator in full for deposit in the net settlement funds. For avoidance of doubt, one hundred percent (100%) of the funds allocable to EFM Current Customers which were not passed on to such customers within eight (8) months of receipt by EFM must be returned by EFM to the Claims Administrator for deposit in the net settlement funds.

7. EFM may deduct an aggregate fee of no more than 20% from the gross settlement proceeds received from the Claims Administrator before remitting the remaining net settlement funds to EFM's Current Customers. For avoidance of doubt, this 20% fee is inclusive of any obligation that EFM may have under any prior agreements with its counsel, or otherwise, and in no instance shall more than the 20% fee be deducted from the gross settlement proceeds received for claims associated with EFM Current Customers so that such customers shall receive a full 80% of the gross settlement payout for any eligible VIN. EFM shall be required to submit an affidavit in a form

satisfactory to Settlement Class Counsel establishing that the funds paid to EFM for claims associated with EFM Current Customers were either passed on to the EFM Current Customers in full, minus an aggregate total fee of no more than 20% as described above, or returned to the Claims Administrator.

8. For otherwise valid and qualifying claims based upon EFM's purchase of new vehicles subsequently leased to an EFM Former Customer, as identified by EFM pursuant to Paragraph 5, above, EFM shall be paid by the Claims Administrator 15% of the aggregate pro rata per vehicle recovery amount associated with those VINs. Pursuant to this Stipulation, EFM takes on no new obligations to its Former Customers.

9. EFM represents that it has not received, nor is it entitled to receive, any payment of any settlement funds for any vehicles in connection with the Automotive Dealer or Truck Dealer actions in the Auto Parts Litigation, including all of the EFM claimed vehicles that are the subject of this Stipulation. EFM further represents that it did not assign or otherwise grant to any party any of its rights to any of its vehicles in connection with the Automotive Dealer or Truck Dealer actions in the Auto Parts Litigation. EFM further represents that neither it nor its undersigned counsel has any knowledge of any entity receiving payment of settlement funds in the

Automotive Dealer or Truck Dealer actions for any of the VINs claimed by EFM in this EPP Action.

10. As provided in the approved Plans of Allocation, all claims submitted to share in the net settlement funds established by the EPPs' class settlements shall be subject to satisfactory documentary proof or additional information regarding the purchase or lease of qualifying new vehicles and may not be paid unless and until they are approved by the Court.

11. Within twenty-four (24) hours of the Court's entry of this executed Stipulation and Proposed Order, EFM shall withdraw its Motion to Enforce End Payor Settlements and Strike Contradictory and Improper Stipulation (Dkt. No. 2192) with prejudice.

IT IS SO ORDERED.

Dated: May 2, 2023

s/Sean F. Cox  
Sean F. Cox  
U. S. District Judge

Dated: April 13, 2023

*/s/ William V. Reiss*  
William V. Reiss  
**ROBINS KAPLAN LLP**  
900 Third Ave, Suite 1900  
New York, NY 10022  
Telephone: (212) 980-7400  
Facsimile: (212) 980-7499  
WReiss@RobinsKaplan.com

9

Marc M. Seltzer
Steven G. Sklaver
**SUSMAN GODFREY L.L.P.**
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067-6029
Telephone: (310) 789-3100
Facsimile: (310) 789-3150
mseltzer@susmangodfrey.com
ssklaver@susmangodfrey.com

Terrell W. Oxford
Chanler Langham
**SUSMAN GODFREY L.L.P.**
1000 Louisiana Street, Suite 5100
Houston, TX 77002
Telephone: (713) 651-9366
Facsimile: (713) 654-6666
toxford@susmangodfrey.com
clangham@susmangodfrey.com

Floyd G. Short
Jenna G. Farleigh
**SUSMAN GODFREY LLP**
1201 Third Avenue, Suite 3800
Seattle, Washington 98101
Telephone: (206) 516-3880
fshort@susmangodfrey.com
jfarleigh@susmangodfrey.com

Adam J. Zapala
Elizabeth T. Castillo
Reid W. Gaa
**COTCHETT, PITRE & McCARTHY, LLP**
San Francisco Airport Office Center
840 Malcolm Road, Suite 200
Burlingame, CA 94010
Telephone: (650) 697-6000

Facsimile: (650) 697-0577
azapala@cpmlegal.com
ecastillo@cpmlegal.com
rgaa@cpmlegal.com

*Settlement Class Counsel for the End-Payor Plaintiff Classes*

E. Powell Miller
Devon P. Allard
**THE MILLER LAW FIRM, P.C.**
The Miller Law Firm, P.C.
950 W. University Dr., Ste. 300
Rochester, Michigan 48307
epm@millerlawpc.com
dpa@millerlawpc.com

*Interim Liaison Counsel for the End-Payor Plaintiff Classes*


/s/ Lawrence J. Lines
Lawrence J. Lines III
**CROWELL & MORING LLP**
3454 Shakespeare Dr.
Troy, MI 48084
Telephone: (949) 798-1389
Facsimile: (949) 263-8414
jlines@crowell.com

Emma K. Burton
Ann L. Rives
**CROWELL & MORING LLP**
1001 Pennsylvania Avenue, NW
Washington, DC 20004
Telephone: (202) 624-2500
Facsimile: (202) 628-5116
eburton@crowell.com

arives@crowell.com

*Counsel for Enterprise Fleet Management, Inc.*