# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | |
|---|---|
| IN RE: AUTOMOTIVE PARTS ANTITRUST LITIGATION | No. 12-md-02311<br>Hon. Sean F. Cox |
| In Re: Wire Harness Systems | Case No. 2:12-cv-00103 |
| In Re: Instrument Panel Clusters | Case No. 2:12-cv-00203 |
| In Re: Fuel Senders | Case No. 2:12-cv-00303 |
| In Re: Heater Control Panels | Case No. 2:12-cv-00403 |
| In Re: Automotive Bearings | Case No. 2:12-cv-00503 |
| In Re: Occupant Safety Systems | Case No. 2:12-cv-00603 |
| In Re: Alternators | Case No. 2:13-cv-00703 |
| In Re: Anti-Vibrational Rubber Parts | Case No. 2:13-cv-00803 |
| In Re: Windshield Wiper Systems | Case No. 2:13-cv-00903 |
| In Re: Radiators | Case No. 2:13-cv-01003 |
| In Re: Starters | Case No. 2:13-cv-01103 |
| In Re: Automotive Lamps | Case No. 2:13-cv-01203 |
| In Re: Switches | Case No. 2:13-cv-01303 |
| In Re: Ignition Coils | Case No. 2:13-cv-01403 |
| In Re: Motor Generator | Case No. 2:13-cv-01503 |
| In Re: Steering Angle Sensors | Case No. 2:13-cv-01603 |
| In Re: HID Ballasts | Case No. 2:13-cv-01703 |
| In Re: Inverters | Case No. 2:13-cv-01803 |
| In Re: Electric Powered Steering Assemblies | Case No. 2:13-cv-01903 |
| In Re: Air Flow Meters | Case No. 2:13-cv-02003 |
| In Re: Fan Motors | Case No. 2:13-cv-02103 |
| In Re: Fuel Injection Systems | Case No. 2:13-cv-02203 |
| In Re: Power Window Motors | Case No. 2:13-cv-02303 |
| In Re: Automatic Transmission Fluid Warmers | Case No. 2:13-cv-02403 |
| In Re: Valve Timing Control Devices | Case No. 2:13-cv-02503 |
| In Re: Electronic Throttle Bodies | Case No. 2:13-cv-02603 |
| In Re: Air Conditioning Systems | Case No. 2:13-cv-02703 |
| In Re: Windshield Washer Systems | Case No. 2:13-cv-02803 |
| In Re: Automotive Constant Velocity Joint Boot Products | Case No. 2:14-cv-02903 |

| | |
|---|---|
| In Re: Spark Plugs | Case No. 2:15-cv-03003 |
| In Re: Automotive Hoses | Case No. 2:15-cv-03203 |
| In Re: Shock Absorbers | Case No. 2:15-cv-03303 |
| In Re: Body Sealing Products | Case No. 2:16-cv-03403 |
| In Re: Interior Trim Products | Case No. 2:16-cv-03503 |
| In Re: Automotive Brake Hoses | Case No. 2:16-cv-03603 |
| In Re: Exhaust Systems | Case No. 2:16-cv-03703 |
| In Re: Ceramic Substrates | Case No. 2:16-cv-03803 |
| In Re: Power Window Switches | Case No. 2:16-cv-03903 |
| In Re: Automotive Steel Tubes | Case No. 2:16-cv-04003 |
| In Re: Access Mechanisms | Case No. 2:16-cv-04103 |
| In Re: Side Door Latches | Case No. 2:16-cv-04303 |
| In Re: Electronic Braking Systems | Case No. 2:21-cv-04403 |
| In Re: Hydraulic Braking Systems | Case No. 2:21-cv-04503 |

THIS DOCUMENT RELATES TO:
End-Payor Actions

### [PROPOSED] AMENDED ORDER APPROVING END-PAYOR PLAINTIFFS' MOTION FOR *PRO RATA* DISTRIBUTIONS TO AUTHORIZED CLAIMANTS

WHEREAS, the Court previously granted final approval of all settlements ("Rounds 1-5 Settlements")[1] in connection with the above-captioned litigation[2];

---

[1] Unless otherwise defined herein, all capitalized terms shall have the meaning set forth in in EPPs' Motion for Distribution of $100 Minimum Payment to Authorized Claimants and the Settlement Agreements that are the subject of the Rounds 1 through 5 Settlements. *See*, *e.g.,* No 2:12-cv-00103 (Aug. 29, 2024), ECF No. 656-1.

[2] *See*, *e.g.*, Amended Opinion and Order Granting Final Approval of Class Action Settlements, Case No. 2:12-cv-00103 (Aug. 9, 2016), ECF No. 512 ("Round 1 Final Approval Order"); Order Granting Final Approval to the Round 2 Settlements, Case No. 2:12-cv-00403 (July 10, 2017), ECF No. 239 ("Round 2 Final Approval Order");

1

WHEREAS, the Court previously approved the Plan of Allocation in connection with the Rounds 1 through 4 Settlements[3] and the Plan of Allocation in connection with the Round 5 Settlements[4];

WHEREAS, the Court previously approved distribution of $100 minimum payments to all Authorized Claimants[5]; and

WHEREAS, EPPs, by and through Settlement Class Counsel, moved this

---

Order Granting Final Approval to the Round 3 Settlements, Case No. 2:12-cv-00103 (Nov. 8, 2018), ECF No. 628 ("Round 3 Final Approval Order"); Order Granting Final Approval of the Round 4 Settlements, Case No. 2:12-cv-00603 (Sept. 23, 2020), ECF No. 230 ("Round 4 Final Approval Order"); Order Granting Final Approval of the Round 5 Settlements, Case No. 2:16-cv-03703 (Feb. 6, 2023), ECF No. 211 ("Round 5 Final Approval Order").

[3] *See, e.g.*, Order Granting EPPs' Unopposed Motion for an Order Approving the Proposed Further Revised Plan of Allocation and for Authorization to Disseminate Supplemental Notice to the Settlement Classes, Master File No. 2:12-md-02311 (Dec. 20, 2019), ECF No. 2032 (order granting EPPs' proposed Plan of Allocation applicable to the Rounds 1 through 4 Settlements); Proposed Further Revised Plan of Allocation and for Authorization to Disseminate Supplemental Notice to the Settlement Classes, Case No. 2:12-cv-00403 (Dec. 10, 2019), ECF No. 301-2 (EPPs' proposed Plan of Allocation applicable to the Rounds 1 through 4 Settlements).

[4] *See, e.g.*, Order Granting EPPs' Motion for an Order Approving the Proposed Plan of Allocation in Connection with the Round 5 Settlements, Case No. 2:21-cv-04503 (Feb. 6, 2023), ECF No. 16 (order granting EPPs' proposed Plan of Allocation applicable to the Rounds 5 Settlements); EPPs' Motion for an Order Approving the Proposed Plan of Allocation in Connection with the Round 5 Settlements, Case No. 2:21-cv-04503 (Nov. 18, 2022), ECF No. 10 (EPPs' proposed Plan of Allocation applicable to the Round 5 Settlements).

[5] See Order Overruling FRS's Objections and Approving End-Payor Plaintiffs' Motion for Distribution of $100 Minimum Payments to Authorized Claimants, Case No 2:12-cv-00103 (Oct. 21, 2024), ECF No. 663.

2

Court for entry of this Order Approving End-Payor Plaintiffs' Motion for *Pro Rata* Distributions to Authorized Claimants ("Motion"), and the Court, having considered all materials and arguments submitted in support of the Motion, including the Memorandum of Law and the Declaration of Michelle M. La Count, Esq. Regarding End-Payor Plaintiffs' Motion for *Pro Rata* Distribution to Authorized Claimants ("La Count Declaration") submitted therewith;

NOW, THEREFORE, IT IS HEREBY ORDERED AS FOLLOWS:

1. ~~The Court hereby adopts the Settlement Administrator's determinations regarding the acceptance and rejection of claims and~~The Court hereby approves the methodology undertaken by the Settlement Administrator in arriving at such determinations as set forth in the La Count Declaration. The La Count Declaration describes, *inter alia,* the thorough review, quality control audit, and deduplication processes conducted by the Settlement Administrator involving millions of claimed vehicles and replacement parts.

2. The Court finds that the Settlement Administrator's application of sampling to determine the validity of Large Claim Submissions was appropriate and necessary "to get as much of the available damages remedy to class members as possible and in as simple and expedient a manner as possible." 4 William B. Rubenstein, Newberg on Class Actions, § 12:15 (5th ed.) (Westlaw 2018).

3. EPPs' plan for the *pro rata* distributions of the Net Settlement Funds[6] as set forth more fully in the La Count Declaration is **APPROVED.** Accordingly,

    a. The Court authorizes the Settlement Administrator to create a reserve of 15% of the Net Settlement Funds to be used for: (1) the payment of administrative expenses; (2) the resolution of any matters that might arise in connection with the distribution of the proceeds of the remaining Net Settlement Funds; and (3) Settlement Class Counsel's application for attorneys' fees and reimbursement of costs and expenses ("Reserve Fund").

    ~~b. The Court authorizes the Settlement Administrator to make *pro rata* payments to Authorized Claimants consistent with the methodology and plan set forth in the La Count Declaration.~~

    b. The Court authorizes the Settlement Administrator to make *pro rata* payments to Authorized Claimants consistent with the

---

[6] The Net Settlement Funds consist of the Rounds 1-5 Settlement Amounts, plus interest earned thereon through November 30, 2024, less attorneys' fees, litigation costs and expenses, class notice, and settlement administration expenses approved by the Court and paid to date, class representative service payments, and the $100 minimum payments, plus a reserve established in connection with these payments totaling $450,000. The Net Settlement Funds continue to accrue interest and may be subject to reductions ~~in connection with~~ for future costs and expenses, including, but not limited to, Settlement Class Counsel's forthcoming application for attorneys' fees and reimbursement of costs and expenses.

4

methodology and plan set forth in the La Count Declaration following the issuance of claim determination letters to Authorized Claimants that qualify for a *pro rata* distribution payment. The Settlement Administrator shall issue claim determination letters to Authorized Claimants that qualify for a *pro rata* distribution within 90 days of entry of this Order. Except as provided by the Release set forth in Paragraph 5 of this Order, such Authorized Claimants shall have the right to object to the Settlement Administrator's specific claim determinations (but not the methodology employed by the Settlement Administrator approved by this Order) by submitting written objections to the Settlement Administrator within 20 days of the Settlement Administrator emailing such claim determination letters, or if sent by regular mail, 30 days. If the Settlement Administrator and any Authorized Claimant are unable to resolve the objections, such Authorized Claimant may file with the Court a request to review any remaining unresolved objection no later than 10 days after the Settlement Administrator's final ruling on the written objections unless Settlement Class Counsel and the Authorized Claimant agree in writing to additional time. If no request for such review is timely filed with the Court, the determination of the Settlement Administrator

5

shall be deemed final. Should any Authorized Claimant file a request for review with the Court, the Settlement Administrator shall calculate the amount the Authorized Claimant will be paid if successful with its objection and the Settlement Administrator will set aside and add a sufficient amount to the Reserve Fund to permit the claim to be paid if the Authorized Claimant is successful in its objection.

 c. In order to encourage Authorized Claimants to promptly deposit their distribution checks, and to avoid or reduce future expenses relating to unpaid distribution checks, all distribution checks will bear a notation "CASH PROMPTLY, VOID AND SUBJECT TO RE-DISTRIBUTION IF NOT CASHED WITHIN 90 DAYS AFTER ISSUE DATE."

 d. Authorized Claimants who do not negotiate their funds within the time allotted will be ~~presumed~~deemed to ~~forfeit~~ have waived and forfeited any ~~recovery for~~right to share in the Settlement Funds based on their respective claims unless otherwise determined by Settlement Class Counsel. Any ~~forfeited recoveries~~such funds will become available for re-distribution to other Authorized Claimants, as part of a subsequent distribution if economically feasible or as may otherwise be awarded by the Court.

6

  e. For those Authorized Claimants represented by a third-party claims filer,[7] the Settlement Administrator shall issue a check payment or payments if the ~~representing~~ third-party claims filer has not contacted the Settlement Administrator indicating a payment preference. If a third-party claims filer has contacted the Settlement Administrator and has provided a preference for a wire payment instead of a check, the Settlement Administrator shall compile a list of individuals and/or companies represented by the third-party claims filer, their related *Pro Rata* Distribution Payment,[8] and issue a single lump sum payment to the third-party claims filer.

  f. Unless otherwise provided for by the FMC Stipulations,[9] any third-party claims filer that has not distributed and confirmed the transfer of funds concerning a *Pro Rata* Distribution Payment to an Authorized Claimant (e.g., via wire transfer to or cashed check by an

---

[7] A third-party claims filer is a person or entity that filed a claim on behalf of a claimant or Settlement Class Member.

[8] ~~The *Pro Rata* Distribution Payment reflects an Authorized Claimant's full payment award in connection with the initial *pro rata* distribution.~~

[9] FMC Stipulations refer to the stipulations reached between Settlement Class Counsel and both: (i) Automotive Rentals, Inc., Element Fleet Corporation, Wheels, Inc., Donlen LLC, and Class Action Capital [ECF No. 2182]; and (ii) Enterprise Fleet Management, Inc. [ECF No. 40184].

~~7~~

Authorized Claimant) within 180 days of the Settlement Administrator issuing payment must return the total undistributed *Pro Rata* Distribution Payment attributable to such uncompensated Authorized Claimant to the Settlement Administrator.

g. The Settlement Administrator may, at the direction of Settlement Class Counsel, require an accounting from the third-party claims filers providing detail on whether the third-party claims filer has distributed and confirmed receipt of the *Pro Rata* Distribution payment to each Authorized Claimant the third-party claim filer represents and requiring any funds not so distributed to then be returned to the Settlement Administrator.

h. Consistent with the *pro rata* distribution plan set forth in the La Count Declaration, the Settlement Administrator, at the direction of Settlement Class Counsel, shall make additional payments to Authorized Claimants from the Reserve Fund in connection with the *pro rata* distributions if circumstances warrant such payments.

4. The Settlement Administrator, at the direction of Settlement Class Counsel, shall make a second *pro rata* distribution from any residual amount of the Net Settlement Funds within fifteen months of issuing the initial checks in the first *pro rata* distribution, if economically feasible.

8

5. ~~By~~Other than the right to object to or seek Court review of a specific determination of a claim pursuant to Paragraph 3.b of this Order, all Settlement Class Members and all other persons and entities that have submitted claims to participate in any of the settlements, including, but not limited to, any third-party claims filer, hereby release and forever discharge all persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the claims submitted herein, or otherwise involved in the administration or payment of taxes or other expenses from the Rounds 1 through 5 Settlement Funds, including, but not limited to, Settlement Class Counsel and the Settlement Administrator, from any and all claims arising out of such involvement, and all Settlement Class Members and all such claimants are barred from making any further claims against the Net Settlement Funds, including any interest accrued thereon, or the released parties. Nothing herein shall limit or otherwise prevent Settlement Class Counsel from taking action against any person or entity for the benefit of the Settlement Classes.

6. This Court retains continuing jurisdiction over the Settlement Funds, all parties and claimants, and further application or matters which may arise in connection with these actions.

**IT IS SO ORDERED.**

Dated: _____, ~~2024~~2025

_____
Sean F. Cox
United States District Judge