IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**IN RE: AUTOMOTIVE PARTS
ANTITRUST LITIGATION**

Case No. 2:12-md-02311

F. Kay Behm
U.S. District Judge

_____/

## ORDER DENYING MOTION FOR RECONSIDERATION (ECF No. 2286)

Claimant Helen Powell wrote a letter to the court for reconsideration for her inclusion in the Auto Parts Class Action distribution.  (ECF No. 2286).  She also asks this court to require Epiq to investigate her claim.  *Id*.  The court construes Powell's letter as a motion for reconsideration of the determination of the Settlement Administrator, Epiq Class Action & Claims Solutions, Inc., that she is ineligible for payment from the settlement funds in the above captioned litigation (the "Actions").  The End-Payor Plaintiffs have filed a response.  (ECF No. 2287).  For the reasons set forth below, Powell's request is **DENIED**.

In support of their response, the End-Payor Plaintiffs offer the declaration of Peter T. Sperry.  (ECF No. 2287-1).  Mr. Sperry is employed by Epiq.  *Id*. at ¶ 1.  Sperry explains that on December 10, 2015, Ms. Powell registered on the settlement website (www.autopartsclass.com) to receive

1

more information about the settlements in the Actions. *Id*. at ¶ 3.  On December 16, 2015, Fred Powell registered on the settlement website with the same mailing address and email address as Ms. Powell.  *Id*.  On December 15, 2015, Epiq sent notices by mail to both Ms. Powell and Mr. Powell, explaining that to be eligible to receive payment, claimants must submit a formal claim at a future date.  *Id*. at ¶ 4.  On September 16, 2019, Epiq sent notices by email to both Ms. Powell and Mr. Powell, explaining the claims filing process and reminding them to submit claims.  None of the emails sent to them were returned as undeliverable.  *Id*. at ¶ 5.  The claims submission deadline was June 18, 2020, for the Rounds 1 through 4 Settlements and January 7, 2023, for the Round 5 Settlements.  *Id*. at ¶ 6. According to Mr. Sperry, neither Ms. Powell nor Mr. Powell ever submitted a claim to the settlement funds in the Actions.  *Id*. at ¶ 7.  On February 5, 2016, December 13, 2020, and July 1, 2024, Ms. Powell contacted Epiq by mail to update her mailing address.  She did not request an update on the status of her claim in any of these communications.  *Id*. at ¶ 8.  On January 29, 2025, Ms. Powell contacted Epiq by email to note her current mailing address and request an update.  Various members of the Epiq team responsible for administering the settlement funds in the Actions have separately spoken to

Ms. Powell since then and explained to her the difference between registering to receive more information and submitting a claim.  *Id*. at ¶ 9.  Because Ms. Powell has never submitted a claim in the Actions, Epiq determined that she was ineligible for payment.  *Id*. at ¶ 10.

With her motion for reconsideration, Powell submits her confirmation of registration, along with a host of correspondence, none of which appears to document the submission of a claim.  (ECF No. 2286, PageID.40433-44).  In an email dated July 11, 2025, Mr. Sperry recounted all the correspondence with Powell and confirmed that Epiq had not received a timely claim from Powell.  (ECF No. 2286, PageID.40443).  Mr. Sperry invited Powell to provide evidence that Epiq was made aware of her vehicle purchases or any claim form submission by the deadlines.  *Id*.  According to the affidavit discussed above, Powell has not done so and also does not include any such evidence with her motion.  Accordingly, the motion for reconsideration and to order Epiq to further investigate her claim is **DENIED**.

**SO ORDERED.**

Date: May 21, 2026                       s/F. Kay Behm
                                         F. Kay Behm
                                         United States District Judge

3